**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' QUESTIONS REGARDING THE COURT'S MAY 17, 2005 ORDER,
SUBMITTED PURSUANT TO THE COURT'S JUNE 14, 2005 ORDER**
_____

In its Order of June 14, 2005, the Court directed defendants to submit any questions regarding the Court's May 17, 2005 Order in writing: "If Defendants have a specific question with respect to one or more rulings set forth in the May 17 Order, they may submit that question in writing.  Defendants shall not, however, take this as an invitation to reargue the issues decided in that Order."  (June 14, 2005 Order, at 4).

The parties have not focused the case in light of the Court's May 17, 2005 Order. Presumably, the contours of plaintiffs' liability and damages case will be altered to reflect the rulings of the Court.  The defendants wish to take up the question of whether the parties will be given an opportunity to focus the case in light of the Court's recent rulings, and to discuss setting a schedule for addressing any issues that arise from that process with the Court.

Defendants also submit the following questions and propose that these questions be addressed at the June 30, 2005 hearing.[1]

1. The parties will not know what the "CCE Date(s)," if any, will be until after the jury returns a verdict. *See* 5/17/05 Order at 14-20. Will the same jury, in the same trial, be asked to answer the remaining damages questions as of the "CCE Date"?

2. Prior to any further focusing of their case in light of the Court's recent rulings, plaintiffs were pursuing multiple claims of trespass and multiple claims of nuisance against Dow and Rockwell, most of which implicate separate and distinct periods of time. If any of these "trespass(es)" and/or "nuisance(s)" ever became "complete and comparatively enduring," then each almost certainly would be determined to have a different "CCE Date." Defendants wish to discuss this issue and how the jury will be asked to deal with the potential for multiple "CCE Dates" at trial.

3. Defendants are not clear with respect to what an "average percentage diminution in property value" is and how this issue be addressed by the jury. *See* 5/17/05 Order at 15-16.

4. Will the jury be asked to determine whether the "exposure" and the "increased health risk" is "common" and "class-wide"? *See* 5/17/05 Order at 5. Defendants have the same question regarding the issue of whether any "objectively demonstrable risk of future harm" is common and class-wide. *See* 5/17/05 Order at 6.

5. With respect to the jury's determination of whether there is an "objectively demonstrable risk of future harm," what is the beginning of the time period encompassed by "future"? *See* 5/17/05 Order at 6.

---

[1] By posing these questions defendants do not waive any objections to the Court's May 17, 2005 Order or any other Order.

6. In light of the Court's rulings, defendants wish to discuss what role the class representatives will play at trial.

7. <u>D.C.COLO.LCivR 7.1A Certification</u>:  Defendants' counsel, Mark Nomellini, spoke with Plaintiff's counsel, Peter Nordberg, on the morning of June 29, 2005.  Mr. Nordberg indicated that, setting aside the substance of the questions, plaintiffs agreed that defendants had a right to submit the questions under the Court's June 14 Order.

Dated:  June 29, 2005                    Respectfully submitted,

<p style="margin-left:40%">
s/Christopher Lane<br>
Christopher Lane<br>
SHERMAN & HOWARD LLC<br>
633 Seventeenth Street, Suite 3000<br>
Denver, CO  80202<br>
(303) 297-2900<br>
<br>
David M. Bernick, P.C.<br>
Douglas J. Kurtenbach, P.C.<br>
KIRKLAND & ELLIS LLP<br>
200 E. Randolph Drive<br>
Chicago, IL 60601<br>
(312) 861-2000<br>
<br>
Attorneys for Defendants ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY
</p>

## CERTIFICATE OF SERVICE

  I hereby certify that on June 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

   Merrill Davidoff, Esq.
   Peter Nordberg, Esq.
   Berger & Montague, P.C.
   1622 Locust Street
   Philadelphia PA 19103-6365

   Gary B. Blum, Esq.
   Silver & DeBoskey
   The Smith Mansion
   1801 York Street
   Denver, Colorado  80206

            s/Patricia Eckman