# EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

MERILYN COOK, et al.,                              :
                                                   :
                   Plaintiffs,       :
                                                   :
      v.                                   :      Civil Action No. 90-K-181
                                                   :
ROCKWELL INTERNATIONAL                             :
CORPORATION AND THE DOW                            :
CHEMICAL COMPANY,                                  :
                                                   :
                Defendants.       :

### SUPPLEMENTAL DECLARATION OF PETER ELZI

**Peter Elzi** declares and states as follows:

1.   I have reviewed Plaintiffs' response to Defendants' objections to identification of stipulated facts dated March 1, 2005. I wish to address certain statements in that response that related to my declaration of January 14, 2005.

2.   In their response, Plaintiffs state on page two that my first declaration did not claim that soil disturbance has resulted "in the 'outright removal' of the plutonium from the class area." Although I did not use those particular words in my original declaration, the process of "cuts and fills" that I described has resulted in the outright removal of soil from specific parcels within the class area.

    As I noted in my prior declaration, the process of over lot grading that is used to prepare a site for development can require cuts and fills up to fifteen to twenty feet. In some areas (within the class area) that are actively developing parcels, including residential and commercial developments, this process has resulted in the removal of soil from individual parcels, which has then been re-distributed onto other properties. In fact, in the case of "stripping" the topsoil within

the class area, when a large area of land is prepared for development, soils have been removed from final parcels/lots within the class area and never returned to those lots or parcels.

3.   To provide one set of specific examples, Plaintiffs' response quotes my earlier declaration, referring to a commercial business park where "topsoil was stripped from the parcel, saved and re-used on other portions of the site." This statement is accurate, but I believe Plaintiffs use it in a manner that is misleading. Commercial developments contain numerous parcels or lots. The grading process that I described involves some finished parcels having soils removed and placed on other parcels or lots, leaving some parcels without the soils that were originally removed from them. In the specific case of Westmoor Business Park, the entire site was over lot graded in 2001 and prepared for development. I am familiar with this set of properties and have spoken with Mr. Don Slack, who oversaw this development, about the grading process undertaken there. As I stated in my prior declaration, many of the parcels were excavated to ten to twelve feet in depth. For some of these parcels, the stripped soil was re-distributed only to other parcels. These stripped parcels thus had their soil removed and never returned.

4.   The same would hold true for residential areas. For example, if an area such as Five Parks is being prepared for residential development and an 8-foot cut is required to "balance" the site, the soil that is required for lower areas would be re-distributed from higher areas, resulting in the "outright removal" of the soil from some of the single-family lots.


Dated: March 17, 2005

Peter Elzi

2