IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-K-181

---

MERILYN COOK, WILLIAM SCHIERKOLK, JR.,
DELORES SCHIERKOLK, RICHARD BARTLETT,
SALLY BARTLETT, LORREN BABB, and GERTRUDE
BABB, on Their Own Behalf and as Representatives of a
Class,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

**PLAINTIFFS' STATEMENT OF CLAIMS**

---

Dated: August 8, 2005

Through their undersigned counsel, and pursuant to the Court's directives during the hearing on August 2, 2005, as further memorialized in the Courtroom Minutes for that date [Ct. Rec. 1416], representative plaintiffs Merilyn Cook, William and Delores Schierkolk, Richard and Sally Bartlett, and Lorren and Gertrude Babb, acting on their own behalf and as representatives of the Property Class defined and certified by Order of the Court dated October 8, 1993 [Ct. Rec. 229], as revised and amended by the Court from time to time, respectfully submit this Statement of Claims for incorporation in the Pretrial Order in this litigation.

## PLAINTIFFS' STATEMENT OF CLAIMS

The representative plaintiffs in this civil action are Merilyn Cook, William Schierkolk, Jr., Delores Schierkolk, Richard and Sally Bartlett, and Lorren and Gertrude Babb. They sue on their own behalf and also on behalf of a class of persons who (like the representative plaintiffs themselves) held ownership interests in land as of June 7, 1989, within a defined geographic area (the "Class Area") near the Rocky Flats Nuclear Weapons Plant ("Rocky Flats"). Rocky Flats is a government-owned, contractor-operated facility occupying about 6500 acres and situated sixteen miles northwest of downtown Denver, Colorado. Before operations at Rocky Flats were halted in 1989, nuclear weapons components were manufactured there. The components were fashioned from materials including plutonium, a man-made radioactive element and potent carcinogen. Operations at the plant also involved the use, generation, storage, and disposal of large quantities of numerous other hazardous substances and wastes, both radioactive and nonradioactive.

Defendants are Dow Chemical Company ("Dow") and Rockwell International Corporation ("Rockwell"). Both Dow and Rockwell are corporations organized and existing under the laws of

the State of Delaware. Both also served under contract with the United States Department of Energy and its predecessor agencies ("DOE") as operators of the Rocky Flats Nuclear Weapons Plant ("Rocky Flats"), Dow operated the plant from its inception in the early 1950's through June 30, 1975; Rockwell, from the latter date to December 31, 1989.

The claims of plaintiffs and the class arise under the Price-Anderson Act, 42 U.S.C. § 2210 ("Price-Anderson" or the "Act"), a federal statute providing for claims against the operating contractors of nuclear weapons facilities, such as Rocky Flats, in case of certain legal injuries, including property damages, caused by releases of radioactive substances from the facilities. Under the Act, the legal rules governing plaintiffs' claims are derived from the law of the state where the incidents occurred. 42 U.S.C. § 2014(hh). Each plaintiff and class member asserts two claims deriving from Colorado law: trespass, and nuisance. Both claims are asserted against both defendants. Plaintiffs seek compensatory and exemplary damages.

Plaintiffs' trespass claims arise from the release, and dispersal throughout the Class Area, of plutonium from the Rocky Flats site, under both Rockwell and Dow's management, resulting in the contamination of the land and properties within the Class Area. Plutonium is a silvery-gray radioactive metal that becomes yellowish when exposed to air. It is solid under ordinary conditions, and chemically reactive. It has at least fifteen different isotopes, all of which are radioactive. The most common ones are Pu-238, Pu-239, and Pu-240. Pu-238 has a half-life of 87.7 years. Plutonium-239 has a half-life of 24,100 years, and Pu-240 has a half-life of 6560 years. When inhaled, plutonium can remain in the lungs depending upon its particle size and how well the particular chemical form dissolves. However, the lungs may absorb some chemical forms and pass them into

the bloodstream. Once in the bloodstream, plutonium moves throughout the body and into the bones, liver, or other bodily organs. According to the United States Environmental Protection Agency ("EPA"), internal exposure to plutonium is an extremely serious health hazard: it generally stays in the body for decades, exposing organs and tissues to radiation, and increasing the risk of cancer.

In addition to plutonium, the contaminants on which the trespass claim is founded include radioactive substances generated in the course of the natural radioactive decay of the plutonium – the most important of these being radioactive americium and uranium.

At one time, Rocky Flats housed more than 14 tons of plutonium, then making it the second-largest repository of the element in the United States. Substantial amounts have been removed in the course of the Superfund cleanup, but significant amounts remain. Precise quantitative estimates are difficult, due to such uncertainties as poor documentation of waste storage and burial, incomplete information concerning the progress and efficacy of remedial measures, and unresolved issues involving 1191 kilograms (about 2600 pounds) of "material unaccounted for" at the site ("MUF") – i.e., missing plutonium. DOE, which indemnifies defendants and controls the defense of this litigation, has failed and refused to conduct a good-faith declassification review of many thousands of MUF documents that could shed light on discrepancies in plutonium inventory at the plant, warranting the inference that the data, if disclosed, would be adverse to defendants.

In addition to routine releases through the stacks and in unmonitored emissions, documented events believed to have caused past plutonium releases from Rocky Flats include major fires in 1957 and 1969, and releases from a plutonium-contaminated waste storage area at the site known as the "903 Pad." More generally, releases have occurred largely from the environmental transport, by

natural forces and processes, of plutonium deposited in onsite soil and disposal areas. The releases and contamination began under Dow, continued under Rockwell, persist to the present, and will continue into the indefinite future, as the result of operational and waste-storage practices that Dow and Rockwell conducted intentionally, and which have led and will lead to offsite release of plutonium and the contamination of area properties in the usual course. Evidence of the releases and contamination is voluminous, and includes internal plant documents, reports and analyses by DOE and other governmental bodies, investigation of offsite contamination by DOE scientists and others, testimony from fact witnesses and experts, and an official dose reconstruction commissioned and conducted after this litigation commenced.

Plaintiffs' nuisance claims are based not only on actual contamination by plutonium of the land and properties in the Class Area, but also on threatened future releases of plutonium and other hazardous substances. The nuisance claim is predicated on defendants' intentional, reckless, and negligent operational and waste storage practices, as documented by evidence including internal plant documents, reports and analyses by DOE and other governmental bodies, investigation of offsite contamination by DOE scientists and others, and testimony from fact witnesses and experts. A criminal investigation by the United States Department of Justice also resulted in Rockwell's guilty plea to ten counts of felony environmental violations involving the improper handling and storage of mixed radioactive waste, in addition to other environmental malfeasance that did not result in criminal charges and to which Rockwell did not plead guilty.

Defendants' releases and threatened releases have interfered with the use and enjoyment of class properties in various ways, including: health risks posed by plutonium contamination caused

by past and ongoing releases into the area where class members reside; the threat of future releases of plutonium and other hazardous substances into the Class Area from the site, as the result of natural forces, cleanup activity, third-party conduct, and/or accidental events; and the fear, anxiety, and emotional distress that reasonable members of the community can (and do) suffer[1] by virtue of concerns and apprehensions over past and future releases, and the dangers to human health and well-being they pose.  The disclosure of events and conditions at Rocky Flats attributable to defendants' misconduct, and the uncertainties associated with those events and conditions, have also had the effect of stigmatizing properties in the Class Area, resulting in a diminution of their relative market value, and evidencing the substantial character of defendants' interference with the quiet enjoyment of plaintiffs' and class members' properties.

In the class trial, plaintiffs seek compensatory damages, under *Restatement (Second) of Torts* § 930, measured by the diminution in market value of their properties, by comparison to what the value of the properties would have been, but for defendants' invasions.  Those damages are sought for residential properties and vacant land within the Class Area, expressed as total class-wide damages, in 2005 dollars, and as a percentage diminution for properties in both categories.  Those damages are measured by reference to the time period during which the injurious situation became complete and comparatively enduring.  The jury will be asked to determine when that occurred. Plaintiffs contend it occurred during the period between June 6, 1989, when the Federal Bureau of

---

[1] In the class trial, under the Court's rulings, the issue of actual emotional distress suffered by each individual class member will not be presented to the jury.  The jury will be asked to decide, however, the generic question of whether the facts at issue were capable of causing such distress.

Investigation and EPA conducted a raid of the plant in furtherance of investigations into Rockwell's misconduct, and 1992, when Rockwell entered its guilty plea, and when the permanent closure of the plant was announced. Plaintiffs also seek an award of exemplary damages against both Dow and Rockwell.

                                                                    Respectfully submitted,

Dated: August 8, 2005                                     /s Jennifer MacNaughton
                                                              Merrill G. Davidoff
                                                              Peter Nordberg
                                                              Jennifer MacNaughton
                                                              Berger & Montague, P.C.
                                                              1622 Locust Street
                                                              Philadelphia, PA 19103
                                                              (215) 875-3000

                                                              Gary B. Blum
                                                              Steven W. Kelly
                                                              Silver & DeBoskey, P.C.
                                                              1801 York Street
                                                              Denver, CO 80206
                                                              (303) 399-3000

                                                              Attorneys for Plaintiffs
                                                              And the Class

# CERTIFICATE OF SERVICE

I certify that today, August 8, 2005, I electronically filed the foregoing, Plaintiffs' Statement of Claims, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

>Joseph J. Bronesky, Esq.
>**SHERMAN & HOWARD**
>633 17th Street, Suite 3000
>Denver, CO  80202
>(303) 297-2900
>(303) 298-0940 (Fax)
>jbronesk@sah.com

I also hereby certify that I have mailed the document to the following non CM/ECF participants via Federal Express:

>Douglas J. Kurtenbach, Esq.
>**KIRKLAND & ELLIS**
>200 East Randolph Drive
>Chicago, IL  60601
>(312) 861-2000
>(312) 861-2200 (Fax)

>/s  Jennifer MacNaughton
>Jennifer MacNaughton
>Attorney for Plaintiffs and the Class
>Berger & Montague, PC
>1622 Locust St.
>Philadelphia, PA  19103
>tel  (215) 875-3000
>fax (215) 875-4604
>jmacnaughton@bm.net