# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MERILYN COOK, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 90-K-181 |
| ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY, | : |
| Defendants. | : |

## STATUS REPORT RESPONDING TO THE COURT'S SEPTEMBER 11, 2003 ORDER

Pursuant to the Court's Order filed September 11, 2003, plaintiffs and defendants, respectfully submit this joint status report.

**II.   A List of Witnesses and Exhibits the Parties Intend to Present**

**A.   Plaintiffs' Witnesses and Exhibits**

A list of witnesses to be called by plaintiffs is attached as Appendix A. A list of plaintiffs' planned exhibits is attached as Appendix C.

Both lists represent plaintiffs' best efforts to provide complete and accurate information. However, both lists are tentative and will require some adjustment before trial. First, investigation and discovery are continuing. Second, plaintiffs are still in the process of locating and contacting certain of the witnesses listed and confirming that they remain available to testify. Third, plaintiffs will need to review defendants' disclosures further to determine the need for rebuttal evidence, particularly as regards defendants' affirmative defenses. Fourth, one of plaintiffs' experts, Dr. Edward Radford, has died, and plaintiffs are currently seeking a replacement. Fifth, demonstrative exhibits remain to be prepared.

**B.   Defendants' Witnesses**

At Appendix B, defendants submit the list of witnesses that they presently anticipate they may call at trial. The list of witnesses at Appendix B is not intended to be a final list of witnesses whom defendants intend to call at trial, given that discovery and investigation continues, additional rulings are expected from the Court, plaintiffs have not identified a final list of witnesses whom they will call or the exhibits on which they will rely at trial, and the parties seek to engage in additional fact and expert discovery. In particular, because the Court has held that Section 930 of the Restatement (Second) of Torts provides a proper method for measuring plaintiffs' diminution-in-value damages, and Section 930 is in turn based on there being a time at which the injurious situation supposedly "became complete and comparatively enduring," defendants will likely need to identify new witnesses to address this issue. Also, Defendants

anticipate that they may read into the record portions of depositions from those witnesses who have died since their deposition was taken. Defendants do not stipulate to the relevance of the testimony of persons on the attached list, pending further rulings of this Court, and reserve the right to object to all or part of any testimony proffered by any witness identified on the attached list on any ground recognized by the law. Defendants reserve the right to add as witnesses any state and local government employees with responsibility for zoning, economic development, and planning at the time of trial. Defendants also reserve the right to add the names of other additional witnesses.

### C.  Defendants' Exhibits

At Appendix D, defendants submit the list of exhibits they intend to present at trial. The list of documents at Appendix D is not intended to be a final list of exhibits upon which defendants intend to rely at trial, given that investigation and discovery continues, plaintiffs have not finalized their lists of the witnesses whom they will call or the exhibits on which they will rely at trial, the parties seek to engage in additional fact and expert discovery, and additional rulings are expected from the Court. Defendants do not stipulate to the relevance, use, or admissibility of the documents on the attached list and reserve the right to object to the documents on any ground recognized by law. In addition, defendants reserve the right to add documents and materials that are produced, identified, or otherwise become relevant.