Tab 18

1573.00

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

No. 90-K-181

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

## PLAINTIFFS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO EXCLUDE EXPERT TESTIMONY

**Dated: July 11, 2005**

claims, including the presentation of opinions pertinent to the now-decertified and severed medical monitoring claims. Dr. Goble will offer no testimony on medical monitoring at the trial of the class property claims. Nor do plaintiffs intend to present Dr. Goble's testimony at that trial on the subjects of beryllium, ethylene oxide, or volatile chlorinated hydrocarbons. The Court therefore need not reach defendants' motion as to those issues at this time. We confine ourselves here to addressing defendants' attacks on Dr. Goble's estimates relating to plutonium.

In that vein, it is important to note Dr. Goble performed this work within a certain context. It is a conceded and undisputed fact that plutonium has been released from Rocky Flats. Indeed, not long ago, Mr. Bernick stipulated in open court to the class-wide presence of plutonium. Dr. Goble's report focuses on quantitative aspects of that contamination and the associated health risks. One of the principal aims of Dr. Goble's work was to express in statistical terms the *uncertainty* and *variability* associated with Rocky Flats exposure and risk estimates. *Id.* at 1-2.

The two terms just mentioned merit elaboration. As Dr. Goble explains, *uncertainty* involves "the question of whether we are making overestimates or underestimates of exposures, doses, and the likelihood of disease attributable to them." *Id.* at 6. It would be misleading, that is, to suggest that scientists can identify, to the level of exactitude implied by a single numerical figure, the precise level of exposures, doses, or risks associated with past releases from Rocky Flats. Although defendants chide Dr. Goble for not himself conducting measurements of these things, the problem here is rather that *defendants* repeatedly failed to do so on a reliable and contemporaneous basis. *Id.* at 10. Nor could other persons generally conduct such measurements; operations at the plant were secret. *Id.* at 16. As a consequence, any candid assessment of exposures attributable to Rocky Flats

54