## *PLAINTIFFS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS*

**PROPOSED SUPPLEMENTAL INSTRUCTION ON "GENERIC EMOTIONAL DISTRESS"**

**FEAR, ANXIETY, AND MENTAL DISCOMFORT**

Among the forms of interference with use and enjoyment asserted by plaintiffs and the class in their nuisance claim are fear, anxiety, and mental discomfort allegedly suffered as a result of defendants' activities.  Because this is a trial of claims by the whole class, you will not be asked to decide whether specific individual plaintiffs or class members actually did or did not suffer from fear, anxiety, or mental discomfort.  However, you will be asked to decide whether defendants' conduct at Rocky Flats, or the actual or threatened harms caused by that conduct, have created a situation that is capable of causing fear, anxiety, or mental discomfort in a normal member of the community.

To prove that fear, anxiety, or mental discomfort would be experienced by a normal member of the community, plaintiffs do not need to show that actual or threatened future contamination from Rocky Flats poses an actual or verifiable health risk.  In determining whether defendants' activities are capable of causing fear, anxiety, or mental discomfort, you should take fears and other mental reactions common to the community into account, even though they may be without demonstrable scientific foundation or other support in fact.

## *PLAINTIFFS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS*

Contamination may represent an interference with use and enjoyment, even if it does not pose a currently measurable or verifiable risk to the property or its occupants, if the contamination, alone or in combination with other alleged factors of interference, would cause a normal member of the community in the same or similar circumstances to experience sufficient fear, anxiety, or other discomfort that the community member would find the contamination (and/or other factors of interference) seriously offensive, annoying, or inconvenient.

Your determination regarding fear, anxiety, and mental discomfort is relevant only to issues of liability. In this trial, there are no claims for separate damages for fear, anxiety, or mental discomfort. Later in these instructions, I will instruct you on the appropriate measure of damages.

**Authority:** *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1201-08 (D. Colo. 2003) (citing additional authorities); *Pub. Serv. Co. of Colo. v. Van Wyk*, 27 P.2d 377, 391 (Colo. 2001); *Restatement (Second) of Torts* § 821F.

### *PLAINTIFFS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS*

### PROPOSED INSTRUCTION ON "SETOFF"

**DAMAGES SETOFF [contingent on evidentiary support]**

If you find that class members have suffered damages, you must also determine whether Dow and/or Rockwell are entitled to a setoff to be applied against those damages. A defendant is entitled to such a setoff, reducing class members' damages, if the defendant conferred a benefit on the class, in the form of reduced purchase prices for class properties. Defendants have the burden of proving the existence, amount, and timing of any setoff by a preponderance of the evidence.

To find that a defendant is entitled to a damage setoff for reduced purchase prices paid by plaintiffs and class members, you must find all of the following: (a) that the defendant committed a trespass and/or nuisance; (b) that the injurious situation from that defendant's trespass and/or nuisance became complete and comparatively enduring at some time prior to June 7, 1989; (c) that the injurious situation from that defendant's trespass and/or nuisance caused a reduction in the value of class properties, compared to what their value would have been without the injurious situation; (d) the percentage amount of any such reduction in value, measured as of the time the injurious situation became complete and comparatively

*PLAINTIFFS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS*

enduring; (e) the time at which any such reduction in value began; and (f) the time, if any, at which any such reduction in value ended.

**Authority:** Plaintiffs object to any setoff instruction, believing any setoff to be contrary to *Restatement (Second) of Torts* § 930 and other relevant authorities. However, plaintiffs recognize that the Court has already ruled on the subject and do not seek to re-argue that issue here. If defendants offer evidence sufficient to support a setoff instruction, the principles governing its content, as embodied in this proposed instruction, derive from the Court's Order on Scheduling and Jury Instruction Issues, at 17-19 (May 17, 2005).

*PLAINTIFFS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS*

**PROPOSED INSTRUCTION ON SPOLIATION**

**SPOLIATION**

As you have already been informed, the United States Department of Energy indemnifies Dow and Rockwell for any damages that you may award in this case.  In other words, DOE is ultimately responsible for payment of any judgment.  You have also heard that DOE has refused to declassify certain documents in its possession – including documents relating to "material unaccounted for," or "MUF" – that plaintiffs sought to use in evidence to prove their case.  You have heard, in addition, that DOE's decision to withhold the information in these documents was not based on actual consideration by DOE of whether the specific information in the documents needed to remain classified.  This raises a presumption that the evidence, if produced, would have been unfavorable to DOE and/or its contractors, Dow and Rockwell.  Defendants are entitled to contest that presumption.  It is up to you to determine what inferences or conclusions, if any, to draw from DOE's refusal to produce this evidence.

**Authority:** *Gilbert v. Cosco, Inc.*, 989 F.2d 399, 406 (10th Cir. 1993); *Moore v. United States*, 864 F. Supp. 163, 165 n.2 (D. Colo. 1994); *Richardson v. Richardson*, 236 P.2d 121, 127 (Colo. 1951); *Workman v. AB Electrolux Corp.*, 2005 U.S. Dist. LEXIS 16306,

***PLAINTIFFS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS***

at \*14-21 (D. Kan. Aug. 8, 2005) (spoliation by insurer); *Northern Assurance Co. v. Ware*, 145 F.R.D. 281, 283-84 (D. Me. 1993) (same).