**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

**TENDERED BY DEFENDANTS
PROPOSED SUPPLEMENTAL INSTRUCTION NO. 1**

**GENERIC CAUSATION OF EMOTIONAL DISTRESS**[1]

Throughout the trial, plaintiffs have offered evidence regarding various activities by Dow and Rockwell that they claim are capable of causing each and every class member to suffer fear,

---

[1] Defendants respectfully disagree with the Court's May 17, 2005 Order's holding that "[t]he generic causation question of whether Defendants' activities and the conditions resulting from them were capable of causing Class members to suffer fear, anxiety or other mental or emotional discomfort . . . may be decided by the jury in the class trial" (5/17/05 Order at 7) for a number of reasons, including but not limited to the four reasons sets forth below. *First*, trying the issue of emotional distress to two juries - first on a generic basis and second on an individual basis - violates defendants' Seventh Amendment rights. *See In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 209 F.R.D. 323 (S.D.N.Y. 2002) ("[S]uch division must 'carve at the joint' between liability and damages.") (*quoting In re Rhone-Poulenc-Rorer Inc.*, 51 F.3d 1293, 1302 (7th Cir. 1995)). *Second*, the Court has previously ruled that "whether defendants' activities caused Class members to suffer fear or other emotional disturbance raises individual causation questions and thus is not capable of class-wide determination." (5/17/05 Order at 7.)  It follows that, in determining trespass and nuisance liability and damages, the jury may not consider evidence relating to "[t]he generic causation question of whether Defendants' activities and the conditions resulting from them were capable of causing Class members to suffer fear, anxiety or other mental or emotional discomfort." *Id*.  There is no effective method of ensuring that the jury does not consider evidence relating to generic emotional distress in determining trespass and nuisance liability and damages. A limiting instruction to the jury will not solve this problem, because such an instruction, at the least, would have to identify all of the evidence (including testimony and exhibits) relating to the issue of generic emotional distress, as well as all of the argument relating to the issue of generic emotional distress.  Any such identification is doomed to failure, *inter alia*, by the sheer mass of evidence to which it would relate, as evidenced in part by the argument of plaintiffs' counsel at recent *Daubert* motion and motion in *limine* hearings.  Moreover, it would impossible for the jury to completely disregard such evidence in deciding trespass and nuisance liability and damages. *Third*, plaintiffs have pointed to no precedent for a class-wide trial on the issue of generic emotional distress. *Fourth*, plaintiffs have cited no Colorado authority for the proposition that generic emotional distress can give rise to a nuisance.

anxiety, or other mental or emotional discomfort. Throughout the trial, the Court has identified each such piece of evidence as being related to these activities, or what we have called the "Activities List." For Dow, that Activities List identified by the Court is as follows: [LIST ALLEGED ACTIVITIES BY DOW THAT ARE CLAIMED TO GIVE RISE TO GENERIC EMOTIONAL DISTRESS]. The list of exhibits and testimony relating to such Dow activities is as follows: [LIST EXHIBITS AND TESTIMONY RELATING TO GENERIC EMOTIONAL DISTRESS CLAIMS AGAINST DOW]. For Rockwell, that Activities List identified by the Court is as follows: [LIST ALLEGED ACTIVITIES BY ROCKWELL THAT ARE CLAIMED TO GIVE RISE TO GENERIC EMOTIONAL DISTRESS]. The list of exhibits and testimony relating to such Rockwell activities is as follows: [LIST EXHIBITS AND TESTIMONY RELATING TO GENERIC EMOTIONAL DISTRESS CLAIMS AGAINST ROCKWELL].

You must determine whether such activities by each defendant are capable of causing each and every class member to suffer fear, anxiety, or other mental or emotional discomfort. To make this determination:

1. You must first determine which such activities the class members have proved by a preponderance of the evidence are negligent.

2. For any activities you determine to be negligent, you must then determine whether such activities are capable of causing all the members of the class to suffer fear, anxiety, or other mental or emotional discomfort.

3. You must also determine whether any fear, anxiety, or other mental or emotional discomfort that all class members are capable of experiencing as a result of any

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

such negligent activities is substantial and unreasonable.

If you find that such activities of either or both defendants are capable of causing the class members to suffer fear, anxiety, or other mental or emotional discomfort that is substantial and unreasonable, you must not take such a finding into account in any way when determining trespass, nuisance, or damages.  For such purposes, you must completely disregard and not consider any of the following exhibits or testimony in determining whether the class members have proved the elements of their trespass and nuisance claims, or what damages the class members may recover, if any:[2] [LIST EXHIBITS AND TESTIMONY RELATING TO GENERIC EMOTIONAL DISTRESS CLAIMS].

**Authority:** 5/17/05 Order at 7; 4/14/04 Order at 7-8.

**Plaintiffs' Objections:** First, defendants' footnoted Seventh Amendment objections are unfounded. *See In re Copley Pharm., Inc., "Albuterol" Prods. Liab. Litig.*, 161 F.R.D. 456, 459-64 (D. Wyo. 1995) (Brimmer, J.) (surveying authorities); *see also, e.g., Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 169 n.13 (2d Cir. 2001) (different factual issues may be submitted to successive juries so long as they are not presented in a way that causes confusion or uncertainty); *Manual for Complex Litigation (Fourth)* § 21.24 (issues classes).  The trier of fact can determine whether defendants' conduct was capable of causing fear, anxiety, or mental discomfort

---

[2] Judging from plaintiffs' latest witness and exhibit lists, the vast majority of the evidence to which the jury will have been exposed is irrelevant to plaintiffs' class-wide claims of trespass and nuisance, and is only claimed by plaintiffs to be relevant insofar as it relates to plaintiffs' emotional distress claims. Defendants believe that it would be impossible, as a practical matter, for the jury to disregard the evidence relating to generic emotional distress, or its finding on generic emotional distress, when making determinations of liability and damages.

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

in a normal member of the community, without determining whether it actually caused such discomfort in particular individuals. Indeed, under *Restatement (Second) of Torts* § 821F, the trier of fact is affirmatively required to make such a determination.

Second, defendants' proposed instruction would improperly import a requirement, not supported by authority, that each separate event or aspect of defendants' conduct must suffice, even standing alone, to provoke fear, anxiety, or mental discomfort in a normal member of the community. It is defendants' tortious conduct taken as a whole that must satisfy that requirement, not individual occasions of it or aspects of it – let alone each piece of evidence of it.

Third, the references to "each and every class member," "all class members," etc., misleadingly suggest that the jury must make individual determinations, for each individual class member, of the capacity of defendants' conduct to cause fear, anxiety, or mental discomfort in that class member.

Fourth, to the extent that the class trial involves only damages for prospective harm under *Restatement (Second) of Torts* § 930, defendants' instruction assumes, incorrectly, that a generic finding that a normal member of the community would suffer fear, anxiety, or mental discomfort is an insufficient basis for a class-wide finding of interference with use and enjoyment. "Rights and privileges as to the use and enjoyment of land are based on the general standards of normal persons in the community and not on the standards of the individuals who happen to be there at the time." *Restatement* § 821F cmt. d; *see also id.* illus. 3 (odors emitted by slaughterhouse may constitute interference even if claimant lacks sense of smell).

Whether individual class members actually suffered fear, anxiety, or emotional discomfort

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'**
**PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

as the result of *past* invasions (predating the time at which the injurious situation became complete and comparatively enduring) is relevant to *damages* for emotional distress under *Restatement* § 929 (an individual issue to be addressed, if necessary, in separate proceedings). But from and after the time at which the injurious situation *is* found to be complete and comparatively enduring, no separate individual *damages* for emotional distress are recoverable under section 930(3)(b). *See Restatement* § 930(3); *id.* cmt. d & illus. 1. From and after that time, the *only* recoverable compensatory damages are for diminished market value under section 930's "but for" damage measure.

Considered as bases for a finding of *interference with use and enjoyment*, prospective fear, anxiety, and mental discomfort do not present individual issues in the section 930(3)(b) context. Section 930(3)(b)'s prospective remedy encompasses all future harms arising from the existing injurious situation and associated with use and enjoyment of the land, even though they have not yet occurred, and even though they may be suffered by persons whose identity is not yet ascertained. Under section 821F, those harms include interferences that would be experienced by a normal member of the community, even if it cannot be shown that they have been or will be experienced by the plaintiff.

Fifth, defendants' proposed instruction is needlessly confusing and complex.

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

**TENDERED BY DEFENDANTS
PROPOSED SUPPLEMENTAL INSTRUCTION NO. 2**

**PRIOR MARKET DISCOUNT[3] DEFENSE - TRESPASS**

If you find, in accordance with the instructions above, that a trespass will continue indefinitely and that there is a diminution in the value of all class members' properties attributable to the prospect of the continuance of that invasion, you must also determine whether a class member purchased his or her property at a time when the value of the property already had been diminished as a result of the trespass. To do so, you must find the average percentage of diminution of property value attributable to the trespass for each year prior to the time such trespass became complete and comparatively enduring. You must do so for each property category: residential property, commercial property, and vacant land.[4]

---

[3] The Court used the phrase "Prior Market Discount Defense" in its May 17, 2005 Order. (5/17/05 Order at 18.) As previously briefed, defendants' position is that whether a class member purchased their class property at a discount is not an issue relating to mitigation of damages. Rather, plaintiffs bear the burden of proving, among other things, that the alleged diminution in value experienced by a class member occurred during the time that the class member owned his or her property. *See*, *e.g.*, *Westric Battery Co. v. Standard Elec. Co.*, 482 F.2d 1307, 1318 (10th Cir. 1973) (it is "only the damage flowing legally from the defendant's misdeeds which counts"); *Runiks v. Peterson*, 155 Colo. 44, 45, 392 P.2d 590, 591 (1964) ("a claimant must establish that the damages he seeks are traceable to and are the direct result of the wrong sought to be redressed"); *Hyman & Co. v. Velsicol Corp.*, 233 P.2d 977, 1008 (Colo. 1951) ("The rule is that damages based upon mere speculation and conjecture are not allowable; however where it has been definitely established that damages are traceable to and the direct result of a wrong, the uncertainty as to the amount thereof is a question for determination by the trier of the facts."). (*See also generally* Defs.' Mem. re Class-Wide Damages Proof and "Set-Off" filed 10/20/04.)

[4] In proposing this instruction, Defendants seek to adhere to the terms of the Court's May 17 Order. Defendants do not intend to waive their objections to the method for determining damages set forth in the Court's May 17 Order, including as set forth in the

(continued...)

### PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

**Authority:** 5/17/05 Order at 17-18.

**Plaintiffs' Objections:** First, as framed, defendants' instruction calls for jury determinations on "prior market discount" regardless of whether defendants have offered evidence sufficient to support this affirmative defense for any given time period, or at all.

Second, as framed, defendants' instruction would permit one defendant to enjoy a windfall based on a "benefit" allegedly conferred by the other. For example, it would permit an offset for Rockwell's damages based on alleged diminutions in value caused by Dow. Moreover, it would permit such an offset even if Rockwell's conduct would have sufficed, without Dow's contribution, to cause the entire diminution.

Third, as framed, it would permit defendants to claim an offset even for injurious situations that did not otherwise satisfy the conditions of *Restatement (Second) of Torts* § 930. The standards governing defendants' affirmative defense of "prior market discount" should not be less stringent than the standards applicable to plaintiffs's damage claims.

Fourth, any instruction on "prior market discount" should explicitly call for the jury to determine whether and when the discount ended. This will permit the trier of fact in subsequent individual proceedings to determine whether any "discount" applies to particular purchases at particular times.

Fifth, plaintiffs believe it is unnecessary to instruct the jury twice on this issue, as defendants propose to do (once for trespass and once for nuisance). The damage standards for trespass and

---

4   (...continued)
    damages instructions previously submitted by defendants and in defendants' other submissions on the subject of damages.

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'**
**PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

nuisance are the same under section 930.

Sixth, defendants' proposed instruction is needlessly confusing and complex.

Seventh, plaintiffs object to any "prior market discount" instruction, believing any setoff to be contrary to section 930 and other relevant authorities. However, plaintiffs recognize that the Court has already ruled on the subject and do not seek to re-argue that issue here.

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

**TENDERED BY DEFENDANTS
PROPOSED SUPPLEMENTAL INSTRUCTION NO. 3**

**PRIOR MARKET DISCOUNT[5] DEFENSE - NUISANCE**

If you find, in accordance with the instructions above, that a nuisance will continue indefinitely and that there is a diminution in the value of all class members' properties attributable to the prospect of the continuance of that invasion, you must also determine whether a class member purchased his or her property at a time when the value of the property already had been diminished as a result of the nuisance. To do so, you must find the average percentage of diminution of property value attributable to the nuisance for each year prior to the time such nuisance became complete and comparatively enduring. You must do so for each property category: residential property, commercial property, and vacant land.[6]

---

[5] The Court used the phrase "Prior Market Discount Defense" in its May 17, 2005 Order. (5/17/05 Order at 18.) As previously briefed, defendants' position is that whether a class member purchased their class property at a discount is not an issue relating to mitigation of damages. Rather, plaintiffs bear the burden of proving, among other things, that the alleged diminution in value experienced by a class member occurred during the time that the class member owned his or her property. *See*, *e.g.*, *Westric Battery Co. v. Standard Elec. Co.*, 482 F.2d 1307, 1318 (10th Cir. 1973) (it is "only the damage flowing legally from the defendant's misdeeds which counts"); *Runiks v. Peterson*, 155 Colo. 44, 45, 392 P.2d 590, 591 (1964) ("a claimant must establish that the damages he seeks are traceable to and are the direct result of the wrong sought to be redressed"); *Hyman & Co. v. Velsicol Corp.*, 233 P.2d 977, 1008 (Colo. 1951) ("The rule is that damages based upon mere speculation and conjecture are not allowable; however where it has been definitely established that damages are traceable to and the direct result of a wrong, the uncertainty as to the amount thereof is a question for determination by the trier of the facts."). (*See also generally* Defs.' Mem. re Class-Wide Damages Proof and "Set-Off" filed 10/20/04.)

[6] In proposing this instruction, Defendants seek to adhere to the terms of the Court's May 17 Order. Defendants do not intend to waive their objections to the method for determining damages set forth in the Court's May 17 Order, including as set forth in the damages instructions previously submitted by defendants and in defendants' other

(continued...)

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

**Authority:** 5/17/05 Order at 17-18.

**Plaintiffs' Objections:** See plaintiffs' objections to Defendants' Proposed Supplemental Instruction No. 2.

---

[6] (...continued)
submissions on the subject of damages.

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-K-181

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

_____

**VERDICT FORM RELATING TO DEFENDANTS' PROPOSED SUPPLEMENTAL
INSTRUCTIONS**
_____

THE JURY MUST UNANIMOUSLY AGREE ON THE ANSWERS TO ALL OF THE QUESTIONS SET OUT BELOW.

    We, the Jury, being duly impaneled and sworn to try the above-entitled case, unanimously find the following answers to the questions submitted by the Court.

**I.**    **Trespass**

**A.**    **Trespass Against Rockwell**

**[Liability Section To Be Inserted Here.]**

**B.**    **Trespass Against Dow**

**[Liability Section To Be Inserted Here.]**

**C.**    **Trespass Damages**

**[Instructions to Determine Whether Damages Are Otherwise Recoverable to Be Inserted Here.]**

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

1.   Please determine the average percentage of diminution of property value caused by the prospect of the continuance of the invasions resulting from a trespass caused by either defendant for each year prior to the time that you determine any such trespass became complete and comparatively enduring:

| Year | **Trespass Caused By Dow** (if any) | | | **Trespass Caused By Rockwell** (if any) | | |
|---|---|---|---|---|---|---|
| | Residential | Commercial | Vacant | Residential | Commercial | Vacant |
| 1950 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1951 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1952 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1953 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1954 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1955 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1956 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1957 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1958 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1959 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1960 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1961 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1962 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1963 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1964 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1965 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1966 | ____% | ____% | ____% | ____% | ____% | ____% |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

1967 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1968 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1969 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1970 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1971 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1972 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1973 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1974 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1975 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1976 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1977 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1978 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1979 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1980 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1981 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1982 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1983 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1984 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1985 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1986 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

1987 \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%      \_\_\_\_%

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

1988 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1989 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1990 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1991 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1992 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1993 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1994 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1995 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1996 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1997 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1998 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

1999 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

2000 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

2001 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

2002 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

2003 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

2004 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

2005 \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%   \_\_\_\_\_%

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

**II.     Nuisance**

**A.     Nuisance Against Rockwell**

**[Other Nuisance Instructions To Be Inserted Here.]**

    1.     Are any of Rockwell's activities that were identified to you by the Court on the "Activities List" negligent?

<u>YES</u>   <u>NO</u>

____   ____

IF YOU ANSWER "NO," THEN STOP.  IF YOU ANSWER "YES," THEN GO TO QUESTION 2.

    2.     Are such negligent activities capable of causing all of the class members to suffer fear, anxiety, or other mental or emotional discomfort?

<u>YES</u>   <u>NO</u>

____   ____

IF YOU ANSWER "NO" FOR ANY DEFENDANT, THEN STOP FOR THAT DEFENDANT.  IF YOU ANSWER "YES" FOR ANY DEFENDANT, THEN GO TO QUESTION 3 FOR THAT DEFENDANT.

    3.     Is the fear, anxiety, or other mental or emotional discomfort that could be experienced by all class members as a result of such negligent activities substantial and unreasonable?

<u>YES</u>   <u>NO</u>

____   ____

**B.     Nuisance Against Dow**

**[Other Nuisance Instructions To Be Inserted Here.]**

    1.     Are any of Dow's activities that were identified to you by the Court on the "Activities List" negligent?

<u>YES</u>   <u>NO</u>

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'**
**PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

____  ____

IF YOU ANSWER "NO," THEN STOP.  IF YOU ANSWER "YES," THEN GO TO QUESTION 2.

    2.    Are such negligent activities capable of causing all of the class members to suffer fear, anxiety, or other mental or emotional discomfort?

YES   NO

____  ____

IF YOU ANSWER "NO" FOR ANY DEFENDANT, THEN STOP FOR THAT DEFENDANT. IF YOU ANSWER "YES" FOR ANY DEFENDANT, THEN GO TO QUESTION 3 FOR THAT DEFENDANT.

    3.    Is the fear, anxiety, or other mental or emotional discomfort that could be experienced by all class members as a result of such negligent activities substantial and unreasonable?

YES   NO

____  ____

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'**
**PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

**C.    Nuisance Damages**

**[Instructions to Determine Whether Damages Are Otherwise Recoverable to Be Inserted Here.]**

1. Please determine the average percentage of diminution of property value caused by the prospect of the continuance of the invasions resulting from a nuisance caused by either defendant for each year prior to the time that you determine any such nuisance became complete and comparatively enduring:

|      | **Nuisance Caused By Dow** (if any) | | | **Nuisance Caused By Rockwell** (if any) | | |
|------|-------------|------------|--------|-------------|------------|--------|
| Year | Residential | Commercial | Vacant | Residential | Commercial | Vacant |
| 1950 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1951 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1952 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1953 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1954 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1955 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1956 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1957 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1958 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1959 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1960 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1961 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1962 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1963 | ____% | ____% | ____% | ____% | ____% | ____% |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

| Year | | | | | | |
|---|---|---|---|---|---|---|
| 1964 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1965 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1966 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1967 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1968 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1969 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1970 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1971 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1972 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1973 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1974 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1975 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1976 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1977 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1978 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1979 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1980 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1981 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1982 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1983 | ____% | ____% | ____% | ____% | ____% | ____% |
| 1984 | ____% | ____% | ____% | ____% | ____% | ____% |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

1985 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1986 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1987 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1988 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1989 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1990 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1991 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1992 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1993 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1994 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1995 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1996 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1997 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1998 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

1999 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

2000 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

2001 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

2002 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

2003 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

2004 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

2005 \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_% \_\_\_\_%

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

PLEASE SIGN THIS VERDICT FORM.
DATED THIS ___ DAY OF ____, 2005.

_____     _____
Presiding Juror                    Juror

_____     _____
Juror                              Juror

_____     _____
Juror                              Juror

_____     _____
Juror                              Juror

_____     _____
Juror                              Juror

_____     _____
Juror                              Juror

**Plaintiffs' Objections:** Plaintiffs object to defendants' entire proposed verdict form and incorporate by reference plaintiffs' objections to defendants' original proposed instructions and to defendants' proposed supplemental instructions.