## **INDEX OF DEFENDANTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS AND JURY VERDICT FORM**

Instruction No. 1    Generic Causation of Emotional Distress
Instruction No. 2    Prior Market Discount Defense - Trespass
Instruction No. 3    Prior Market Discount Defense - Nuisance
Jury Verdict Form - Supplemental Interrogatories

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL INSTRUCTION NO. 1**

**GENERIC CAUSATION OF EMOTIONAL DISTRESS**[1]

Throughout the trial, plaintiffs have offered evidence regarding various activities by Dow and Rockwell that they claim are capable of causing each and every class member to suffer fear, anxiety, or other mental or emotional discomfort. Throughout the trial, the Court has identified each such piece of evidence as being related to these

---

[1] Defendants respectfully disagree with the Court's May 17, 2005 Order's holding that "[t]he generic causation question of whether Defendants' activities and the conditions resulting from them were capable of causing Class members to suffer fear, anxiety or other mental or emotional discomfort . . . may be decided by the jury in the class trial" (5/17/05 Order at 7) for a number of reasons, including but not limited to the four reasons sets forth below. *First*, trying the issue of emotional distress to two juries - first on a generic basis and second on an individual basis - violates defendants' Seventh Amendment rights. *See In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 209 F.R.D. 323 (S.D.N.Y. 2002) ("[S]uch division must 'carve at the joint' between liability and damages.") (*quoting In re Rhone-Poulenc-Rorer Inc.*, 51 F.3d 1293, 1302 (7th Cir. 1995)). *Second*, the Court has previously ruled that "whether defendants' activities caused Class members to suffer fear or other emotional disturbance raises individual causation questions and thus is not capable of class-wide determination." (5/17/05 Order at 7.) It follows that, in determining trespass and nuisance liability and damages, the jury may not consider evidence relating to "[t]he generic causation question of whether Defendants' activities and the conditions resulting from them were capable of causing Class members to suffer fear, anxiety or other mental or emotional discomfort." *Id.* There is no effective method of ensuring that the jury does not consider evidence relating to generic emotional distress in determining trespass and nuisance liability and damages. A limiting instruction to the jury will not solve this problem, because such an instruction, at the least, would have to identify all of the evidence (including testimony and exhibits) relating to the issue of generic emotional distress, as well as all of the argument relating to the issue of generic emotional distress. Any such identification is doomed to failure, *inter alia*, by the sheer mass of evidence to which it would relate, as evidenced in part by the argument of plaintiffs' counsel at recent *Daubert* motion and motion in *limine* hearings. Moreover, it would impossible for the jury to completely disregard such evidence in deciding trespass and nuisance liability and damages. *Third*, plaintiffs have pointed to no precedent for a class-wide trial on the issue of generic emotional distress. *Fourth*, plaintiffs have cited no Colorado authority for the proposition that generic emotional distress can give rise to a nuisance.

activities, or what we have called the "Activities List." For Dow, that Activities List identified by the Court is as follows: [LIST ALLEGED ACTIVITIES BY DOW THAT ARE CLAIMED TO GIVE RISE TO GENERIC EMOTIONAL DISTRESS]. The list of exhibits and testimony relating to such Dow activities is as follows: [LIST EXHIBITS AND TESTIMONY RELATING TO GENERIC EMOTIONAL DISTRESS CLAIMS AGAINST DOW]. For Rockwell, that Activities List identified by the Court is as follows: [LIST ALLEGED ACTIVITIES BY ROCKWELL THAT ARE CLAIMED TO GIVE RISE TO GENERIC EMOTIONAL DISTRESS]. The list of exhibits and testimony relating to such Rockwell activities is as follows: [LIST EXHIBITS AND TESTIMONY RELATING TO GENERIC EMOTIONAL DISTRESS CLAIMS AGAINST ROCKWELL].

You must determine whether such activities by each defendant are capable of causing each and every class member to suffer fear, anxiety, or other mental or emotional discomfort. To make this determination:

1. You must first determine which such activities the class members have proved by a preponderance of the evidence are negligent.

2. For any activities you determine to be negligent, you must then determine whether such activities are capable of causing all the members of the class to suffer fear, anxiety, or other mental or emotional discomfort.

3. You must also determine whether any fear, anxiety, or other mental or emotional discomfort that all class members are capable of experiencing as

a result of any such negligent activities is substantial and unreasonable.

If you find that such activities of either or both defendants are capable of causing the class members to suffer fear, anxiety, or other mental or emotional discomfort that is substantial and unreasonable, you must not take such a finding into account in any way when determining trespass, nuisance, or damages.  For such purposes, you must completely disregard and not consider any of the following exhibits or testimony in determining whether the class members have proved the elements of their trespass and nuisance claims, or what damages the class members may recover, if any:[2] [LIST EXHIBITS AND TESTIMONY RELATING TO GENERIC EMOTIONAL DISTRESS CLAIMS].

**Authority:** 5/17/05 Order at 7; 4/14/04 Order at 7-8.

---

[2]  Judging from plaintiffs' latest witness and exhibit lists, the vast majority of the evidence to which the jury will have been exposed is irrelevant to plaintiffs' class-wide claims of trespass and nuisance, and is only claimed by plaintiffs to be relevant insofar as it relates to plaintiffs' emotional distress claims. Defendants believe that it would be impossible, as a practical matter, for the jury to disregard the evidence relating to generic emotional distress, or its finding on generic emotional distress, when making determinations of liability and damages.

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL INSTRUCTION NO. 2**

**PRIOR MARKET DISCOUNT[3] DEFENSE - TRESPASS**

If you find, in accordance with the instructions above, that a trespass will continue indefinitely and that there is a diminution in the value of all class members' properties attributable to the prospect of the continuance of that invasion, you must also determine whether a class member purchased his or her property at a time when the value of the property already had been diminished as a result of the trespass. To do so, you must find the average percentage of diminution of property value attributable to the trespass for each year prior to the time such trespass became complete and comparatively enduring. You must do so for each property category: residential property, commercial property,

---

[3] The Court used the phrase "Prior Market Discount Defense" in its May 17, 2005 Order. (5/17/05 Order at 18.) As previously briefed, defendants' position is that whether a class member purchased their class property at a discount is not an issue relating to mitigation of damages. Rather, plaintiffs bear the burden of proving, among other things, that the alleged diminution in value experienced by a class member occurred during the time that the class member owned his or her property. *See*, *e.g.*, *Westric Battery Co. v. Standard Elec. Co.*, 482 F.2d 1307, 1318 (10th Cir. 1973) (it is "only the damage flowing legally from the defendant's misdeeds which counts"); *Runiks v. Peterson*, 155 Colo. 44, 45, 392 P.2d 590, 591 (1964) ("a claimant must establish that the damages he seeks are traceable to and are the direct result of the wrong sought to be redressed"); *Hyman & Co. v. Velsicol Corp.*, 233 P.2d 977, 1008 (Colo. 1951) ("The rule is that damages based upon mere speculation and conjecture are not allowable; however where it has been definitely established that damages are traceable to and the direct result of a wrong, the uncertainty as to the amount thereof is a question for determination by the trier of the facts."). (*See also generally* Defs.' Mem. re Class-Wide Damages Proof and "Set-Off" filed 10/20/04.)

and vacant land.[4]

**Authority:** 5/17/05 Order at 17-18.

---

[4] In proposing this instruction, Defendants seek to adhere to the terms of the Court's May 17 Order. Defendants do not intend to waive their objections to the method for determining damages set forth in the Court's May 17 Order, including as set forth in the damages instructions previously submitted by defendants and in defendants' other submissions on the subject of damages.

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL INSTRUCTION NO. 3**

**PRIOR MARKET DISCOUNT[5] DEFENSE - NUISANCE**

If you find, in accordance with the instructions above, that a nuisance will continue indefinitely and that there is a diminution in the value of all class members' properties attributable to the prospect of the continuance of that invasion, you must also determine whether a class member purchased his or her property at a time when the value of the property already had been diminished as a result of the nuisance. To do so, you must find the average percentage of diminution of property value attributable to the nuisance for each year prior to the time such nuisance became complete and comparatively enduring. You must do so for each property category: residential property, commercial property,

---

[5] The Court used the phrase "Prior Market Discount Defense" in its May 17, 2005 Order. (5/17/05 Order at 18.) As previously briefed, defendants' position is that whether a class member purchased their class property at a discount is not an issue relating to mitigation of damages. Rather, plaintiffs bear the burden of proving, among other things, that the alleged diminution in value experienced by a class member occurred during the time that the class member owned his or her property. *See*, *e.g.*, *Westric Battery Co. v. Standard Elec. Co.*, 482 F.2d 1307, 1318 (10th Cir. 1973) (it is "only the damage flowing legally from the defendant's misdeeds which counts"); *Runiks v. Peterson*, 155 Colo. 44, 45, 392 P.2d 590, 591 (1964) ("a claimant must establish that the damages he seeks are traceable to and are the direct result of the wrong sought to be redressed"); *Hyman & Co. v. Velsicol Corp.*, 233 P.2d 977, 1008 (Colo. 1951) ("The rule is that damages based upon mere speculation and conjecture are not allowable; however where it has been definitely established that damages are traceable to and the direct result of a wrong, the uncertainty as to the amount thereof is a question for determination by the trier of the facts."). (*See also generally* Defs.' Mem. re Class-Wide Damages Proof and "Set-Off" filed 10/20/04.)

and vacant land.[6]

**Authority:** 5/17/05 Order at 17-18.

---

[6] In proposing this instruction, Defendants seek to adhere to the terms of the Court's May 17 Order. Defendants do not intend to waive their objections to the method for determining damages set forth in the Court's May 17 Order, including as set forth in the damages instructions previously submitted by defendants and in defendants' other submissions on the subject of damages.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-K-181

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

_____

## VERDICT FORM RELATING TO DEFENDANTS' PROPOSED
## SUPPLEMENTAL INSTRUCTIONS
_____

THE JURY MUST UNANIMOUSLY AGREE ON THE ANSWERS TO ALL OF THE QUESTIONS SET OUT BELOW.

      We, the Jury, being duly impaneled and sworn to try the above-entitled case, unanimously find the following answers to the questions submitted by the Court.

**I.**    **Trespass**

**A.**    **Trespass Against Rockwell**

**[Liability Section To Be Inserted Here.]**

**B.**    **Trespass Against Dow**

**[Liability Section To Be Inserted Here.]**

**C.**    **Trespass Damages**

**[Instructions to Determine Whether Damages Are Otherwise Recoverable to Be Inserted Here.]**

1. Please determine the average percentage of diminution of property value caused by the prospect of the continuance of the invasions resulting from a trespass caused by either defendant for each year prior to the time that you determine any such trespass became complete and comparatively enduring:

| Year | **Trespass Caused By Dow** (if any) | | | **Trespass Caused By Rockwell** (if any) | | |
|---|---|---|---|---|---|---|
| | Residential | Commercial | Vacant | Residential | Commercial | Vacant |
| 1950 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1951 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1952 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1953 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1954 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1955 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1956 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1957 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1958 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1959 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1960 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1961 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1962 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1963 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1964 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1965 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1966 | _____% | _____% | _____% | _____% | _____% | _____% |

1967 _____%   _____%   _____%   _____%   _____%   _____%

1968 _____%   _____%   _____%   _____%   _____%   _____%

1969 _____%   _____%   _____%   _____%   _____%   _____%

1970 _____%   _____%   _____%   _____%   _____%   _____%

1971 _____%   _____%   _____%   _____%   _____%   _____%

1972 _____%   _____%   _____%   _____%   _____%   _____%

1973 _____%   _____%   _____%   _____%   _____%   _____%

1974 _____%   _____%   _____%   _____%   _____%   _____%

1975 _____%   _____%   _____%   _____%   _____%   _____%

1976 _____%   _____%   _____%   _____%   _____%   _____%

1977 _____%   _____%   _____%   _____%   _____%   _____%

1978 _____%   _____%   _____%   _____%   _____%   _____%

1979 _____%   _____%   _____%   _____%   _____%   _____%

1980 _____%   _____%   _____%   _____%   _____%   _____%

1981 _____%   _____%   _____%   _____%   _____%   _____%

1982 _____%   _____%   _____%   _____%   _____%   _____%

1983 _____%   _____%   _____%   _____%   _____%   _____%

1984 _____%   _____%   _____%   _____%   _____%   _____%

1985 _____%   _____%   _____%   _____%   _____%   _____%

1986 _____%   _____%   _____%   _____%   _____%   _____%

1987 _____%   _____%   _____%   _____%   _____%   _____%

1988 _____%   _____%   _____%   _____%   _____%   _____%

1989 _____%   _____%   _____%   _____%   _____%   _____%

1990 _____%   _____%   _____%   _____%   _____%   _____%

1991 _____%   _____%   _____%   _____%   _____%   _____%

1992 _____%   _____%   _____%   _____%   _____%   _____%

1993 _____%   _____%   _____%   _____%   _____%   _____%

1994 _____%   _____%   _____%   _____%   _____%   _____%

1995 _____%   _____%   _____%   _____%   _____%   _____%

1996 _____%   _____%   _____%   _____%   _____%   _____%

1997 _____%   _____%   _____%   _____%   _____%   _____%

1998 _____%   _____%   _____%   _____%   _____%   _____%

1999 _____%   _____%   _____%   _____%   _____%   _____%

2000 _____%   _____%   _____%   _____%   _____%   _____%

2001 _____%   _____%   _____%   _____%   _____%   _____%

2002 _____%   _____%   _____%   _____%   _____%   _____%

2003 _____%   _____%   _____%   _____%   _____%   _____%

2004 _____%   _____%   _____%   _____%   _____%   _____%

2005 _____%   _____%   _____%   _____%   _____%   _____%

**II.     Nuisance**

**A.     <u>Nuisance Against Rockwell</u>**

**[Other Nuisance Instructions To Be Inserted Here.]**

     1.     Are any of Rockwell's activities that were identified to you by the Court on the "Activities List" negligent?

<u>YES</u>  <u>NO</u>

____  ____

IF YOU ANSWER "NO," THEN STOP.  IF YOU ANSWER "YES," THEN GO TO QUESTION 2.

     2.     Are such negligent activities capable of causing all of the class members to suffer fear, anxiety, or other mental or emotional discomfort?

<u>YES</u>  <u>NO</u>

____  ____

IF YOU ANSWER "NO" FOR ANY DEFENDANT, THEN STOP FOR THAT DEFENDANT.  IF YOU ANSWER "YES" FOR ANY DEFENDANT, THEN GO TO QUESTION 3 FOR THAT DEFENDANT.

     3.     Is the fear, anxiety, or other mental or emotional discomfort that could be experienced by all class members as a result of such negligent activities substantial and unreasonable?

<u>YES</u>  <u>NO</u>

____  ____

**B.     <u>Nuisance Against Dow</u>**

**[Other Nuisance Instructions To Be Inserted Here.]**

     1.     Are any of Dow's activities that were identified to you by the Court on the "Activities List" negligent?

<u>YES</u>  <u>NO</u>

____  ____

IF YOU ANSWER "NO," THEN STOP.  IF YOU ANSWER "YES," THEN GO TO QUESTION 2.

    2.    Are such negligent activities capable of causing all of the class members to suffer fear, anxiety, or other mental or emotional discomfort?

<u>YES</u>  <u>NO</u>

____  ____

IF YOU ANSWER "NO" FOR ANY DEFENDANT, THEN STOP FOR THAT DEFENDANT.  IF YOU ANSWER "YES" FOR ANY DEFENDANT, THEN GO TO QUESTION 3 FOR THAT DEFENDANT.

    3.    Is the fear, anxiety, or other mental or emotional discomfort that could be experienced by all class members as a result of such negligent activities substantial and unreasonable?

<u>YES</u>  <u>NO</u>

____  ____

C.   **Nuisance Damages**

**[Instructions to Determine Whether Damages Are Otherwise Recoverable to Be Inserted Here.]**

1. Please determine the average percentage of diminution of property value caused by the prospect of the continuance of the invasions resulting from a nuisance caused by either defendant for each year prior to the time that you determine any such nuisance became complete and comparatively enduring:

|  | **Nuisance Caused By Dow** (if any) | | | **Nuisance Caused By Rockwell** (if any) | | |
|---|---|---|---|---|---|---|
| Year | Residential | Commercial | Vacant | Residential | Commercial | Vacant |
| 1950 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1951 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1952 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1953 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1954 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1955 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1956 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1957 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1958 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1959 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1960 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1961 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1962 | _____% | _____% | _____% | _____% | _____% | _____% |
| 1963 | _____% | _____% | _____% | _____% | _____% | _____% |

1964 _____%     _____%     _____%     _____%     _____%     _____%

1965 _____%     _____%     _____%     _____%     _____%     _____%

1966 _____%     _____%     _____%     _____%     _____%     _____%

1967 _____%     _____%     _____%     _____%     _____%     _____%

1968 _____%     _____%     _____%     _____%     _____%     _____%

1969 _____%     _____%     _____%     _____%     _____%     _____%

1970 _____%     _____%     _____%     _____%     _____%     _____%

1971 _____%     _____%     _____%     _____%     _____%     _____%

1972 _____%     _____%     _____%     _____%     _____%     _____%

1973 _____%     _____%     _____%     _____%     _____%     _____%

1974 _____%     _____%     _____%     _____%     _____%     _____%

1975 _____%     _____%     _____%     _____%     _____%     _____%

1976 _____%     _____%     _____%     _____%     _____%     _____%

1977 _____%     _____%     _____%     _____%     _____%     _____%

1978 _____%     _____%     _____%     _____%     _____%     _____%

1979 _____%     _____%     _____%     _____%     _____%     _____%

1980 _____%     _____%     _____%     _____%     _____%     _____%

1981 _____%     _____%     _____%     _____%     _____%     _____%

1982 _____%     _____%     _____%     _____%     _____%     _____%

1983 _____%     _____%     _____%     _____%     _____%     _____%

1984 _____%     _____%     _____%     _____%     _____%     _____%

1985 _____%   _____%   _____%   _____%   _____%   _____%

1986 _____%   _____%   _____%   _____%   _____%   _____%

1987 _____%   _____%   _____%   _____%   _____%   _____%

1988 _____%   _____%   _____%   _____%   _____%   _____%

1989 _____%   _____%   _____%   _____%   _____%   _____%

1990 _____%   _____%   _____%   _____%   _____%   _____%

1991 _____%   _____%   _____%   _____%   _____%   _____%

1992 _____%   _____%   _____%   _____%   _____%   _____%

1993 _____%   _____%   _____%   _____%   _____%   _____%

1994 _____%   _____%   _____%   _____%   _____%   _____%

1995 _____%   _____%   _____%   _____%   _____%   _____%

1996 _____%   _____%   _____%   _____%   _____%   _____%

1997 _____%   _____%   _____%   _____%   _____%   _____%

1998 _____%   _____%   _____%   _____%   _____%   _____%

1999 _____%   _____%   _____%   _____%   _____%   _____%

2000 _____%   _____%   _____%   _____%   _____%   _____%

2001 _____%   _____%   _____%   _____%   _____%   _____%

2002 _____%   _____%   _____%   _____%   _____%   _____%

2003 _____%   _____%   _____%   _____%   _____%   _____%

2004 _____%   _____%   _____%   _____%   _____%   _____%

2005 _____%   _____%   _____%   _____%   _____%   _____%

PLEASE SIGN THIS VERDICT FORM.
DATED THIS \_\_\_ DAY OF \_\_\_\_, 2005.

_____      _____
Presiding Juror      Juror

_____      _____
Juror      Juror

_____      _____
Juror      Juror

_____      _____
Juror      Juror

_____      _____
Juror      Juror

_____      _____
Juror      Juror