## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

### DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS
_____

Defendants respectfully move that this Court order Plaintiffs to produce the following witnesses for deposition prior to trial: Karen Bannister, Richard Bartlett, Jr., Richard Kaufman, Wesley McKinnley, Howard Lacy, Jon Lipsky, Charles McKay, Zimmie Fae Williams, Gertrude Babb, Richard Bartlett, Sally Bartlett, Merilyn Cook, and Richard Schierkolk. In support thereof, Defendants state as follows:

**Depositions of Bannister, Bartlett, Jr., Kaufman, & McKinley**

Plaintiffs listed Bannister, Bartlett, Jr., Kaufman, and McKinley as potential trial witnesses for the first time on a witness list provided to Defendants on September 16, 2005. Pls' 9/16/05 Witness List, attached as Ex. 1. These witnesses were not on Plaintiffs' December 2003 list. Defendants should be allowed to depose these witnesses. *See* Fed. R. Civ. P. 26(b)(1) (court may order discovery for good cause).

**Depositions of Lacy, Lipsky, McKay, and Williams**

For over one year, Defendants have informed Plaintiffs of their intent to depose these witnesses and requested the opportunity to depose them. Defendants also subpoenaed all disclosed witnesses during discovery, including Lacy, Lispky, and McKay.[1] Furthermore, Plaintiffs agreed in writing that these witnesses could be deposed. Now, Plaintiffs are opposing such depositions. As a matter of fundamental fairness, Plaintiffs should be required to produce these witnesses for depositions prior to trial. In the alternative, these witnesses should be barred from testifying. Defendants efforts to depose these witnesses, and Plaintiffs' previous agreements to the depositions, are chronicled below and in the attached correspondence.

**Lacy**: Mr. Lacy is an absent class member. The Court has allowed Plaintiffs' counsel to communicate throughout the litigation (since class certification) with members of the class, but Defendants have been unable to do so. Presumably after conducting ex parte interviews with many class members, Plaintiffs' counsel have now chosen those they believe tell a good story to be witnesses at trial. Defendants subpoenaed Lacy for a deposition in late spring 2004. *See* Lacy Subpoena, attached as Ex. 2. In May 2004, Lacy indicated that he was ill. The deposition did not go forward due to Lacy's illness. Plaintiffs asked that the deposition be delayed until June or July 2004, but never provided alternative dates. *See* 5/19/04 email from E. Noteware, attached as Ex. 3. Defendants consistently raised their desire to depose Lacy when they discussed outstanding discovery with Plaintiffs. Plaintiffs agreed to work with Defendants to schedule the deposition. *See* 11/10/04 email from E. Noteware, attached as Ex. 4. Plaintiffs now oppose a deposition of Lacy.

---

[1] Williams was not identified by Plaintiffs until after the close of discovery.

**Lipsky**:  Lipsky was not on Plaintiffs' December 2003 witness list but was subsequently added as a potential witness by Plaintiffs.  *Plaintiffs* subpoenaed Lipsky for a May 24, 2004 deposition, but the FBI (his employer) refused to make him available.  On July 8, 2004, Defendants wrote to Plaintiffs and asked them to agree that, if Lipsky was going to testify, Defendants would be given the opportunity to depose him, even if that was after the close of discovery.  Plaintiffs agreed.  *See* 7/8/04 Letter from E. Ahern, 7/30/04 email from E. Ahern, & 7/30/04 email from P. Nordberg, attached as Ex. 5.  In addition, Defendants subpoenaed Lipsky, but the FBI again refused to make him available.  *See* Lipsky Subpoena, attached as Ex. 6.  In the meantime, Lipsky retired from the FBI.  Post-retirement, the FBI confirmed that, in accordance with FBI policy, Lipsky would not be allowed to testify about anything he learned while employed by FBI or through FBI investigations.  Plaintiffs have taken the position that Lipsky's retirement allows him to testify without FBI approval.  Defendants have requested that Plaintiffs make Lipsky available for deposition, but Plaintiffs have refused.

**McKay**:  Like Mr. Lacy, Mr. McKay is an absent class member.  Defendants subpoenaed McKay in April 2004, seeking testimony and documents.  McKay objected in writing to being deposed.  *See* McKay Subpoena & 5/6/04 Letter from C. McKay, attached as Ex. 7.  He also had voluminous responsive documents, resulting in various negotiations about the document production's scope and dates.  Defendants received McKay's documents in August 2004.  The parties' understanding was that after Defendants had a reasonable opportunity to review those documents, they would depose McKay.  The parties negotiated over deposition dates, and dates were set that were cancelled for various reasons.  The parties then agreed to defer the deposition until after court rulings on motions in *limine* and jury instructions.  *See* 11/10/04 email from E.

Noteware, attached as Ex. 4.  Defendants have raised their desire to depose McKay when they have discussed outstanding discovery with Plaintiffs.  Plaintiffs oppose a deposition of McKay.

**Williams**:  At the end of discovery on July 29, 2004, Plaintiffs said they expected to add an unnamed witness to their list who would support Ronald Avery's story that the 771 incinerator burned during the shut down period.  In an email exchange on July 30, 2004, Defendants agreed not to oppose the addition on the condition that Defendants would receive the opportunity to depose that witness.  Plaintiffs agreed.  *See* 7/30/04 email from E. Ahern & 7/30/04 email from P. Nordberg, attached as Ex. 8.  Sometime in approximately January 2005, Plaintiffs disclosed that this witness was Zimmie Faye Williams.  In communications with Plaintiffs, Defendants consistently included Williams as an outstanding deposition that needed to be taken, but Plaintiffs have refused to make her available for deposition.

### Supplemental Depositions of Named Class Members

The named Plaintiffs in this case were deposed more than ten years ago (in 1993-1995).  Plaintiffs have had notice for more than one year that Defendants intend to take supplemental depositions of named class members prior to trial, as Defendants raised this issue at a hearing before the Court in July 2004.  At that hearing, the Court agreed that updating discovery of the class representatives was appropriate and ordered the Defendants to first update their document requests.  The Court further stated that if supplemental depositions were necessary after the document discovery, it would order them.  *See* 7/22/04 Tr. at 77-79, attached as Ex. 9.  Over the past year, Defendants issued the new document requests to the class representatives and reiterated their intention to depose these witnesses.  *See, e.g.,* 3/31/05 email from M. Nomellini & 8/26/05 email from M. Nomellini, attached as Ex. 10.  Plaintiffs oppose supplemental depositions, yet they have listed Gertrude Babb, Richard and Sally Bartlett (and two of their

4

children who have never been deposed), Merilyn Cook, and Richard Schierkolk on their September 16, 2005 witness list.  Defendants seek to depose the named Plaintiffs on Plaintiffs' witness list.

On September 21, 2005, Mark Nomellini met and conferred on behalf of Defendants with Peter Nordberg (Plaintiffs' counsel) concerning these issues.  Plaintiffs oppose Defendants' motion with respect to depositions of Lipsky, Williams, Lacy, McKay, Babb, R. Bartlett, S. Bartlett, Cook, and Schierkolk.  With respect to depositions of Bannister, Bartlett, Jr., Kaufman, and McKinley, Plaintiffs have not yet decided whether they will oppose Defendants' motion.

For the foregoing reasons, Defendants respectfully request that the Court order Plaintiffs to produce Jon Lipsky, Zimmie Fae Williams, Howard Lacy, Charles McKay, Karen Bannister, Richard Bartlett, Jr., Richard Kaufman, and Wesley McKinnley for deposition prior to trial.  Defendants further respectfully request that the Court order Plaintiffs to produce Gertrude Babb, Richard Bartlett, Sally Bartlett, Merilyn Cook, and Richard Schierkolk for supplemental depositions prior to trial.

Dated:  September 21, 2005                           Respectfully submitted,


                                                                                    /s/Joseph J. Bronesky
                                                                                    Joseph J. Bronesky
                                                                                    SHERMAN & HOWARD L.L.C.
                                                                                    633 Seventeenth Street, Suite 3000
                                                                                    Denver, Colorado 80202
                                                                                    Phone:  303-297-2900
                                                                                    Fax:     303-298-0940

5

David M. Bernick
Douglas J. Kurtenbach
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103-6365

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206

/s/Patricia Eckman