**Exhibit 7**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Merilyn Cook, et. al.,
         Plaintiffs,

v.

Rockwell International Corporation
and the Dow Chemical Company,
         Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 90-K-181
U.S.D.C., District of Colorado

TO:   Charles C. McKay          **c/o**   Berger & Montague, P.C.
      10100 Wadsworth Blvd.              1622 Locust Street
      Broomfield, Colorado 80020         Philadelphia, Pennsylvania 19103

| | |
|---|---|
| ☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| | |
|---|---|
| ☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF DEPOSITION   Sherman & Howard L.L.C.<br>633 Seventeenth Street<br>Denver, CO 80202<br>303-299-8450 | DATE AND TIME<br>June 1, 2004, 9:00am |

| | |
|---|---|
| ☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment A** | |
| PLACE   Sherman & Howard L.L.C.<br>633 Seventeenth Street<br>Denver, CO 80202<br>303-299-8450<br>Attn: Joe Bronesky | DATE AND TIME<br>May 26, 2004, 9:00am |

| | |
|---|---|
| ☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME |

   Any organization not a party to this suit is subpoenaed for taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Brett A. Bakke, Esq., Attorney for the Defendants | 04/26/2004 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Brett A. Bakke, Esq., Kirkland & Ellis LLP, 200 E. Randolph, Chicago, IL 60601, 312-861-2055 | |

(See Rule 45, Federal Rules of Civil Procedures, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE | | PLACE |
|---|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____

Date

Signature of Server

Kirkland & Ellis LLP, 200 E. Randolph, Chicago, IL 60601

Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, of inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trail is held, or
(iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a Subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrence in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO DEPOSITION SUBPOENA

### Instructions and Definitions

1. If you have any questions or concerns about any of these requests, please call Douglas Poland, Esq. of Kirkland & Ellis LLP at 312-861-2377 or Brett Bakke, Esq. of Kirkland & Ellis LLP at 312-861-2055.

2. The term "Document" includes but is not limited to the following: writings and notes; books, articles, and other publications; diaries and calendars; letters and e-mail; drawings and photographs; newsletters, pamphlets, mailings, and flyers; records, invoices, and receipts; reports; recordings of any type (audio, visual, or otherwise); and other data compilations, including computer files.

3. "Rocky Flats" means the facility formerly known as the Rocky Flats Plant and currently known as the Rocky Flats Environmental Technology Site, which is owned by the United States Department of Energy and located in Jefferson County, Colorado.

### Request to Produce

You are required to produce the following documents on the date listed on the subpoena:

1. All Documents relating to Rocky Flats, including, but not limited to, Documents relating to:

    a.  any releases of nuclear materials or other hazardous materials related to Rocky Flats;

    b.  any exposure of persons, animals, or plants to nuclear or hazardous materials from Rocky Flats and any alleged detrimental health effects or other detrimental effects from any such exposures;

    c.  any alleged damage to property values (yours or others) caused in any way by Rocky Flats;

    d.  any lawsuits or other legal actions relating to Rocky Flats or releases therefrom;

    e.  any publicity of any sort related to Rocky Flats, including all articles, newsletters or flyers, transcripts or minutes of meetings, brochures, advertisements, public notices, reports, videos, and all other forms of media; and

    f.  the June 6, 1989 search of Rocky Flats by the U.S. Federal Bureau of Investigation and/or the subsequent criminal investigation and/or grand jury proceeding (Grand Jury 89-2).

2. All Documents relating to real property (yours or others) located in the municipalities of Westminster, Broomfield, Arvada, or Golden, Colorado, or in Jefferson County, Colorado, including, but not limited to, Documents relating to:

a.  any purchases or sales of any such properties, by you or someone else;

b.  any loans or other transactions relating to such properties;

c.  the values of such properties, including any appraisals or analyses of the values;

d.  any advertisements of such properties for sale or rent;

e.  any changes and/or interferences with the use or enjoyment of any such properties over time;

f.  the presence of any radioactive materials or hazardous materials on any such properties; and

g.  any harm to or diminishment of the value of any such properties at any time caused by Rocky Flats, the Leydon Mines, the Jefferson County Airport, or any other significant external object or event.

3.  All Documents relating to The Dow Chemical Company, Rockwell International Corporation, or the United States Department of Energy (or any of its predecessor organizations).

4.     All Documents relating to Radiological Assessments Corporation ("RAC"), Colorado Department of Public Health and Environment ("CDPHE"), ChemRisk, Health Advisory Panel ("HAP") and/or Environmental Protection Agency ("EPA"), including but not limited to correspondence, studies and/or analysis in any way related to Rocky Flats.

2

## Case No. 90K181
## PROOF OF SERVICE

| SERVED ON ⟶ | Date & Time<br>April 30, 2004<br>10:00 p.m. | Place<br>10100 Wadsworth Boulevard<br>City of Westminster, County of Jefferson<br>State of Colorado |
|---|---|---|
| Served On<br>CHARLES McKAY | | **Service Documents:** Subpoena in a Civil Case with Attachment A<br>**Witness Fee:** $50.48<br>**Manner of Service:** by handing and delivering to CHARLES McKAY personally. |

| Served by:<br>Lawrence V. Mahoney | Private Process Server |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on May 3, 2004.

_L. V. Mahoney_

Lawrence V. Mahoney
Private Process Server
Checkmate, Inc.
438 Bannock Street
Denver, CO 80204

Subscribed and sworn before me on May 3, 2004.
My commission expires: 06-26-06.

Notary Public
438 Bannock Street
Denver, CO 80204

NOTARY PUBLIC
CARMELITA BENAVIDEZ
STATE OF COLORADO



(303) 469-2534
(303) 469-1873

**CHURCH RANCH**

10050 Wadsworth Blvd.
Westminster, CO
80021

Fax: (303) 469-4293

May 6, 2004

*Faxed & Fed Exd on 5/6/04*

**VIA FACSIMILE AND OVERNIGHT MAIL**

Brett A. Bakke
Kirkland & Ellis LLP
200 East Randolph
Chicago, IL 60601

Re:  *Merilyn Cook, et al. v. Rockwell Int'l Corp. et al.*

Dear Mr. Bakke:

This is to acknowledge the Subpoena served to me on Friday, April 30, 2004 at 10:10 p.m.

A.     General Objections

As a general matter, I am not a party to this litigation.  As you know, the Church/McKay family has been a litigant in other cases involving Rocky Flats et al and your client.  The litigation resulted in years of protracted litigation in which voluminous discovery materials were produced by my family and our fellow litigants.  In addition to Rocky Flats.

The subpoena you served upon me seeks a broad range of information that has already been produced by the Church/McKay families in earlier litigation and consequently, it is already in your clients possession.  Asking me to reproduce these previously produced materials would impose an undue hardship upon me.  That hardship is not justified by any substantial need on the part of the defendants, given the fact that your clients already possess the information.  Furthermore as part of our settlement your clients requested that information be destroyed.  Therefore they have the only complete file, since we instructed our attorneys to destroy the information per agreement.

Given the voluminous amount of information that is believed to be in the Defendant's possession, the overly broad document requested in your subpoena appears to be designed to harass and intimidate me as a witness in the present matter, rather than a good faith effort to secure information from me that is needed in order to conduct his pre-trial deposition.  The general tone of your subpoena indicates that somehow or other I am on trial.  My intuition is that I will need legal representation at the deposition.  This will be my plan.

Much of the information requested by the subpoena requests documents which were filed with the Court and thus should be publicly available without subjecting me to the burden and expense of locating and producing any remaining documents otherwise available.  Your clients have the only complete set of documents that I know of.  I also object to the burden and expense of searching for documents in a closed litigation matter which if available in small parts may be located at an off-site storage facility when these documents are available from other, more appropriate, sources such as your clients files and archives..  By the way I do not have a scrapbook of news release about Rocky Flats.

In general, to the extent your subpoena requires the production of any material protected by the attorney-client privilege or work product doctrine, I object on that basis as well.

Finally, the date of production, after receipt of the subpoena by me is extremely short given the burden and scope of your requests. We need to mutually agree to a new date, the June 1, 2004 date will not work for a deposition.

**B.**     **Specific Objections**

1.     **Request No. 1: "All Documents Related To Rocky Flats"**

The first Request in your subpoena seeks "All documents relating to Rocky Flats" in my possession. The Request specifically asks me to produce all documents relating to "any lawsuits or legal actions relating to Rocky Flats" even though much of the requested maters would already be and should already be in your client's possession, given their role as defendants in the case, in which we are a private litigant.

Given my families active role as a former private litigant against these defendants. They requested that the material related to Rocky Flats be destroyed. There is no need for me to search for and locate any remaining pieces and transmit these documents yet again to your clients. In addition, given that our family was a litigant during years of protracted litigation, any remaining material may constitute attorney-client privileged communication and work product material to which you would not be entitled. Additionally, the conditions of previous settlement required we destroy documents and material. This was done, so your client has the most complete set of information unless your client is interested in the West Spray Field case. Are you interested in the West Spray Field Case i.e. OU II. The D.O.E. et al also has a very complete and recent file on this case.

2.     **Request No. 2: " All Documents Relating to Real Property . . ."**

The second Request to me is likewise extremely overbroad and even more problematic. That Request seeks "All Documents relating to real property (yours or others) located in the municipalities of Westminster, Broomfield, Arvada, or Golden, Colorado, or in Jefferson County, Colorado . . ."

As you are aware, I am primarily a real estate developer who owns through partnerships and privately a great deal of property in the areas of Colorado identified in your subpoena. Aside from the fact that production of all of my files concerning any real estate located in the relevant sections of Colorado, and review and production of my real estate files would be unduly burdensome, your request for such information from me a real estate developer is tantamount to a request for my most sensitive and confidential research and commercial information which is proprietary to me and my partners in these developments. <u>Once again I get the underlying feeling that I am on trial here.</u>

<u>Understand that I am not a litigant in this suit,</u> there is no justification for your request of such sensitive material from myself, my partners and lenders, particularly since you seek all documents relating to any real estate in the area -- whether it is owned by me or not. There is simply no justification (other than harassment and intimidation) for such a Request, which is not limited in its scope temporally or geographically.

3.     **Request No. 3: Documents Concerning Dow, Rockwell and DOE.**

Since your client ordered records to be destroyed as part of the court settlement the third Request for Documents relating to The Dow Chemical Company, Rockwell International Corporation or the United States Department of Energy" is again overly broad and unduly burdensome, given mine and my families prior role as a litigant in protracted litigation against these entities. As before, your client already possesses the most complete set of and relevant information that would be available since court. The settlement required this to be destroyed, which was a condition of your client. The OU II West Spray Field Case material can be available but her again your client has this information.



# FAX FROM

**10050 WADSWORTH BOULEVARD**
**WESTMINSTER, COLORADO  80021**
EMAIL: PROPERTY@CHURCHRANCH.COM
PHONE: 303-469-1873
FACSIMILE: 303-469-4293

DATE: May 6, 2004

TO: Brett A. Bakke

COMPANY: Kirkland and Ellis LLP

SUBJECT: Charles C. McKay Subpoena

[4] PAGES   ☒ FAX   ☐ HAND DELIVERY   ☐ CALL FOR PICK-UP   ☒ MAIL

ATTACHED MESSAGE REGARDING: _____

_See Attached letter_

FROM: _____

THIS FACSIMILE MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. IF THE READER OF THIS FACSIMILE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE FACSIMILE TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE.  THANK YOU.