# Exhibit 9

**7/22/2004 Phase I Jury Instructions**

1            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLORADO
2

Civil Action No. 01-K-181
3

MERILYN COOK, et al.,
4

     Plaintiffs,
5

vs.
6

ROCKWELL INTERNATIONAL CORPORATION, et al.,
7

     Defendants.
8    _____
9

                    REPORTER'S TRANSCRIPT
10      (Hearing on Jury Instructions and Pretrial Conference)
11   _____
12        Proceedings before the HONORABLE JOHN L. KANE, JR.,
13   Judge, United States District Court for the District of
14   Colorado, commencing at 1:10 p.m., on the 22d day of July,
15   2004, in Courtroom 11, United States Courthouse, Denver,
16   Colorado.
17
18
19
20
21
22
23
24   Proceeding Recorded by Mechanical Stenography, Transcription
     Produced via Computer by Paul Zuckerman, 1929 Stout Street,
25      P.O. Box 3563, Denver, Colorado, 80294, (303) 629-9285

1

7/22/2004 Phase I Jury Instructions

1    I'll try to show up that Friday, but I'm not sure I'll be able

2    to.

3              THE COURT:  We'll work around it.

4              Do you want some friendly personal advice?  Whenever

5    you go to Washington D.C., I recommend that you wear a wreath

6    of garlic and wolfsbane just to protect yourself.

7              MR. BERNICK:  I know exactly how that feels.

8              THE COURT:  Go ahead.

9              MR. KURTENBACH:  Yes, your Honor.

10             I think we've had great success in working out, I

11   think, virtually every discovery issue that's come up over the

12   last two months of intensive discovery; but there is one that

13   we have not been able to work out.  And that is we are down to

14   four named plaintiffs, class representatives in the case:

15   Ms. Cook, Ms. Babb, and the Schierkolks and the Bartletts.  We

16   took the depositions and obtained documents from these class

17   representatives in the early 1990's, and we have not had any

18   updated discovery from them since.

19             And so we had been hopeful at the time of our last

20   conference with your Honor that we'd be able to work this out

21   with plaintiffs' counsel, but that did not turn out to be the

22   case.

23             THE COURT:  What's the problem?

24             MR. KURTENBACH:  As I understand it, it's a burden

25   issue with respect to having these people be redeposed or make

7/22/2004 Phase I Jury Instructions

1    additional discovery.

2         Our position on that is that we are limited in a claim

3    that involves significantly in excess of a $100 million damage

4    claim to take discovery against four individuals.  And we

5    haven't been able to take that discovery, to update that

6    discovery recently.  Some of these individuals -- The

7    Bartletts, for example, sold the property that they owned as of

8    June 7 of '89, which is the class property.  We know that

9    through other discovery that we've taken of other people --

10   told us that the Bartletts sold their property; but we haven't

11   been able to obtain any of the documents from them with respect

12   to that sale or any other information with respect to that sale

13   on one of the properties that is a class representative

14   property here.  There may be others who are in a similar

15   circumstance; and even if they are not, they may have listed

16   their property, they may have taken a number of actions since

17   they were deposed in the early 1990's.

18        We don't believe this is going to involve a lot of

19   documents.  They didn't have a lot of documents the first time.

20   We don't think they'll have a lot the rest.  They have been

21   able to -- they've been diligent in terms of coming to these

22   status conferences.  I think they've been at every status

23   conference.  And we don't think that a day of deposition, or

24   perhaps even less, would be a great inconvenience that would in

25   any way outweigh our right to the discovery.

**7/22/2004 Phase I Jury Instructions**

1        MR. DAVIDOFF:  First of all, I didn't think the issue

2   was documents.  That wasn't the issue that was presented to me

3   during the recess.  The issue -- I'm sorry, your Honor.  I

4   didn't think the issue was documents.  If there is a discrete

5   document request, you know, we'll consider it; but each of

6   these people have been through two days of deposition, which is

7   more than the federal rules ordinarily --

8        THE COURT:  Yeah, but this case has been -- and

9   certainly it's not their fault.  I understand that.  This case

10  has been the lengthiest case I've been involved in; and I can

11  well appreciate that we need some updating on it.  But I think

12  the best way to do that is to provide the documentation first;

13  and then if you do need to have a supplemental deposition,

14  I'll -- I will order that.

15       MR. KURTENBACH:  Thank you, your Honor.

16       THE COURT:  Okay?  But let's try and keep it to a

17  minimum.

18       THE COURTROOM DEPUTY:  Your Honor, October 22 is fine.

19       THE COURT:  October 22 is fine.  Okay.

20       MR. DAVIDOFF:  Thank you, your Honor.

21       THE COURT:  Thank you.  We'll be in recess.

22       (Recess at 3:29 p.m.)

23                    *   *   *   *   *

24

25