# Exhibit 10

| | | |
|---|---|---|
| **Mark Nomellini/Chicago/Kirkland-Ellis** | To | \<pnordberg@bm.net\> |
| | cc | Daniel Rooney/Chicago/Kirkland-Ellis@K&E |
| 08/26/2005 02:16 PM | bcc | Douglas Kurtenbach/Chicago/Kirkland-Ellis@K&E; Ellen Ahern/Chicago/Kirkland-Ellis@K&E |
| | Subject | Cook: Depositions |

Peter,

Could you please provide us with proposed dates for the depositions of the named plaintiffs, McKay, and Williams?

We continue to be interested in taking the deposition of Lipsky if you are going to call him at trial. If you obtain permission from the Federal Bureau of Investigation to allow his testimony, please let us know immediately so that we may schedule his deposition.

Also, do plaintiffs plan to call Howard Lacy?

| | | |
|---|---|---|
| **Mark Nomellini/Chicago/Kirkland-Ellis** 03/31/2005 05:21 PM | To | &lt;pnordberg@bm.net&gt; |
| | cc | jmacnaughton@bm.net, "'John Tangren'" &lt;jtangren@kirkland.com&gt; |
| | bcc | jbronesk@sah.com; Douglas Kurtenbach/Chicago/Kirkland-Ellis@K&E; Ellen Ahern/Chicago/Kirkland-Ellis@K&E; Daniel Rooney/Chicago/Kirkland-Ellis@K&E |
| | Subject | Cook: Our March 23 Phone Call |

Peter:

I write to memorialize our phone call on March 23, 2005, involving myself, John Tangren, you, and Jenna MacNaughton-Wong.

**Document Production of Named Plaintiffs.** We indicated that there were at least two missing elements from the named plaintiffs' latest document production: a written response to defendants' requests for production from the Bartletts, and the titles of the two books concerning Rocky Flats that Merilyn Cook recently read. You agreed to look into providing these missing elements to us. We asked whether the named plaintiffs had withheld any documents responsive to defendants' requests (either on the ground of privilege or on the basis of any objection), and whether the named plaintiffs' production was complete (in light of the Bartletts' disproportionate volume of produced documents compared to the other plaintiffs). You stated that you would look into these issues.

**Depositions.** We stated defendants' intention to take depositions of each of the class representatives and Charles McKay, and stated our preference not to schedule these depositions until after the court issues its nuisance and damages rulings. You agreed that the depositions could be deferred, but suggested that the parties may want to revisit this issue if no rulings are forthcoming by this summer.

**Experts.** You stated that plaintiffs will probably update Wayne Hunsperger's report, and also substitute in new experts for experts who may be unavailable to testify at trial. We reiterated our position that the deadline has passed for the filing of supplemental expert reports. We also stated our intention to conduct further expert work in response to any further expert reports that plaintiffs file, if the Court allows such supplementation from plaintiffs' experts.

With respect to defendants' experts, you indicated that plaintiffs may seek to depose Hewlett and Holl, Till, and possibly Wise. We discussed the possibility of coordinating the scheduling of any supplemental expert depositions that plaintiffs wish to take with any supplemental expert depositions that defendants wish to take (in the event that the court rules that plaintiffs can supplement their expert reports).

**Pretrial order.** We discussed the form of the Proposed Stipulated Pretrial Order, currently due on April 22, 2005. You indicated in an e-mail that the "content" of the form of order I e-mailed you on March 23 was "seemingly identical" to the form plaintiffs were planning to work off of. Let me know if they are not identical. We also discussed the fact that, in discussing the Proposed Stipulated Pretrial Order, the Court's February 11, 2005 Order states that "[t]he parties may incorporate by reference in Sections 6 and 7 of this proposed order the witness and exhibit lists they have previously submitted to the Court, or may insert updated and revised lists in these sections." We agreed that this means: (1) that instead of following the form of Sections 6 and 7 of the document I e-mailed you on March 23 in connection

with the April 22, 2005 submission, the parties would submit as Sections 6 and 7 updated and revised versions of the witness and exhibit lists the parties exchanged in December 2003; (2) that the parties would not exchange deposition designations in connection with the April 22, 2005 submission; and (3) that the parties would not exchange copies of exhibits in connection with the April 22, 2005 submission.  We agreed to address the scheduling of deposition designations at a later time.  We also noted the need to agree on alternative language for the section of the pretrial order regarding discovery (Section 8), since both parties will conduct additional discovery after the filing of the pretrial order.  You agreed to prepare the first draft of the pretrial order, and that you will provide us with a date when you expect that this first draft will be completed.

Thanks.  Give me a call at 312-861-2410 if you have any questions.


"Peter Nordberg" <pn@nordbergonline.com>



| "Peter Nordberg" <pn@nordbergonline.com> | | |
|---|---|---|
| 03/23/2005 04:36 PM | To | "'Mark Nomellini'" <mnomellini@kirkland.com> |
| Please respond to <pnordberg@bm.net> | cc | "'John Tangren'" <jtangren@kirkland.com>, <jmacnaughton@bm.net> |
| | Subject | RE: Proposed Stipulated Pretrial Order |


We were working from physically different documents with seemingly identical content.

Will get back on a date for a draft.

-----Original Message-----
From: Mark Nomellini [mailto:mnomellini@kirkland.com]
Sent: Wednesday, March 23, 2005 5:05 PM
To: pnordberg@bm.net
Cc: John Tangren; jmacnaughton@bm.net
Subject: Proposed Stipulated Pretrial Order


Peter,

This is the form of the pretrial order that I was talking about during our phone conversation just now.

Please confirm that this is the one you were talking about as well, to be submitted on April 22.

(See attached file: Proposed Stipulated Pretrial
Order.pdf)

Also let me know when we can expect to see plaintiffs'
first draft of this, into which we can incorporate defendants' sections.

We'll send you a letter following up on the other things we discussed during our call.

```
<font size=2 face="monospace,courier">
***********************************************************
The information contained in this communication is confidential, may be
attorney-client privileged, may constitute inside information, and is
intended only for the use of the addressee.  It is the property of Kirkland
& Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this communication or any part
thereof is strictly prohibited and may be unlawful.  If you have received
this communication in error, please notify us immediately by return e-mail
or by e-mail to postmaster@kirkland.com, and destroy this communication and
all copies thereof, including all attachments.
***********************************************************
</font>
```