# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## No. 90–K–181

---

MERILYN COOK, et al.,

     **Plaintiffs,**

       **v.**

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

     **Defendants.**

---

### OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

---

On the eve of trial, defendants ask to depose thirteen of plaintiffs' witnesses, most of whose identities have been known to defendants for some time. Eleven of those witnesses have been known to defendants for six months or more,[1] and it has been over a year since the Court allowed the defendants to take a limited second round of depositions of the class representatives. While time

---

[1] Plaintiffs do not oppose defendants' request to depose the "new" witnesses on plaintiffs' list, namely Karen Bannister, Richard Bartlett, Jr., Richard Kaufman, and Wesley McKinley. As plaintiffs have previously discussed with defendants, plaintiffs also intend to take the depositions of defendants' newly disclosed witnesses. However, given the short time available before trial and given the narrow, discrete subjects of these witnesses' testimony, these depositions should be limited to no more than one hour for each side.

Defendants have similarly disclosed new witnesses, namely Kenneth Calkins, Ken Spitze, and Ken Freibug (whose name may be a misspelling of Ken Freiberg, who has previously been deposed although not named as a trial witness). *Cf.* Ex.1 (defendants' preliminary list of trial witnesses, filed December 2003). From what plaintiffs have been able to learn about Ken Spitze, he appears to be an undisclosed expert witness. Mr. Spitze is a genetics professor from the University of Miami, and a principal of Destiny Resources in Golden, Colorado. Plaintiffs oppose defendants' attempts to add new expert witnesses.

passed, defendants did not seek to schedule these depositions, despite several warnings from plaintiffs that they would oppose any depositions scheduled shortly before the trial, and despite the fact that at the defendants' request, the class representatives made room in their schedules, at considerable personal inconvenience, for depositions that were never noticed.  At best, Defendants have been extraordinarily delinquent in failing to schedule these depositions until now.  At worst, Defendants have intentionally delayed these depositions in order to thwart plaintiffs' trial preparation activities.  Either way, their motion should be denied.

A.     **The Class Representatives**

In July of 2004, the Court agreed that defendants may conduct minimal additional depositions of the class representatives to the extent that any information defendants sought was not contained in the class representatives' supplemental document productions.  *See* Transcript of Hearing, 7/22/04, at 79.   In the latter half of 2004, the class representatives made room in their schedules to ensure that they would be available for these depositions.  For example, Richard and Sally Bartlett cancelled their regular vacation to Kansas for November and December and delayed a pre-paid trip to Arizona in January.  However, defendants never noticed the depositions.

While throughout 2005 defendants have mentioned in several telephone conversations that they wanted to depose the class representatives in the future, they did not propose a date.  Plaintiffs' counsel informed defendants that plaintiffs would cooperate, but that any depositions must be taken in a timely manner, not in the weeks or months before trial.  *See* Ex. 2 (affidavit of Peter Nordberg). It was defendants' responsibility to schedule these depositions; having failed to take action, defendants may not now burden the class representatives and their counsel with this unnecessary discovery less than two weeks before trial.

**B.      Charles McKay**

After some discussion to find a mutually agreeable date, Mr. McKay's deposition was scheduled for June 2004.  As a result of defendants' extremely overly broad document request, Mr. McKay objected to the subpoena.[2]  *See* Ex. 7 to Def. Br. (subpoena and objections).  Mr. McKay and defense counsel reached an agreement by which defendants would review Mr. McKay's files at his office and select certain documents to be produced in response to the subpoena.  *See also* Ex. 3 (5/14/04 letter from defense counsel B. Bakke to Mr. McKay, agreeing to discuss the manner of document production).  Defendants did in fact spend one or two days at Mr. McKay's office sifting through his files on or around July 28, 2004, disrupting Mr. McKay's business and occupying considerable amounts of his staff's time.  In total, defendants copied over 12000 pages of documents.  However, defendants never re-issued the subpoena, nor did they propose new dates for Mr. McKay's deposition.[3]

**C.      Zimmie Faye Williams**

Plaintiffs disclosed Ms. Williams' identity, and that of her counsel, in January of 2005.  *See* Ex. 4 (Jan. 11, 2005 letter from E. Noteware to B. Bakke).  Plaintiffs again made defendants aware of Ms. Williams' identity, and that of her counsel, in a phone conversation in either January or February of this year.  Defendants' assertion that plaintiffs "have refused to make her available for

---

[2] For example, one document request sought "all documents relating to real property (yours or others) located in the municipalities of Westminster, Broomfield, Arvada, or Golden, Colorado, or in Jefferson County, Colorado . . .."  *See* Def. Br. Ex. 7 (subpoena and objections).  Mr. McKay is a major landowner and developer in the class area.  Nearly all of Mr. McKay's business files could be considered responsive to defendants' expansive subpoena.  *See id.* (McKay's objection to Request No. 2).

[3] While defendants claim that plaintiffs agreed to postpone Mr. McKay's deposition until after the motions in limine and jury instructions, the e-mail they cite (Ex. 4 to their brief) contains no such statement.  In fact, the e-mail does not mention a postponement at all.

deposition," Def. Br. at 4, is false. Just as with several other witnesses, the closest defendants came to actually requesting a deposition was to mention that they wanted to depose Ms. Williams at some point in the future. Defendants have never even proposed a date to depose Ms. Williams. Moreover, plaintiffs do not represent Ms. Williams, so plaintiffs had no power to "refuse[ ] to make her available." *Id*. It is not plaintiffs' responsibility to force defendants to schedule a deposition.

**D.   Jon Lipsky**

While Mr. Lipsky's deposition was delayed by his then-employer, the FBI, defendants fail to mention the date of Mr. Lipsky's retirement: January of 2005. *See* Ex. 5 (Jan. 5, 2005 article). For the past nine months, defendants made no effort to notice Mr. Lipsky's deposition. Again, it is not plaintiffs' responsibility to schedule defendants' depositions. Plaintiffs do not represent Mr. Lipsky, and thus have no power to "refuse[ ]" to make him available for a deposition, Def. Br. at 3.

**E.   Howard Lacy**

Howard Lacy has been in poor health since at least 2004. Plaintiffs have verbally informed defendants that it is not likely that Mr. Lacy will be called as a witness, due to his health concerns. Nonetheless, plaintiffs have included Mr. Lacy on their list in order to preserve their right to call him if his health permits. Plaintiffs have been attempting to contact Mr. Lacy for some time to determine whether his health has improved; if he is well enough to testify, plaintiffs will confer with defendants in order to schedule a trial deposition.[4]

_____

[4] Mr. Lacy would in all likelihood not be able to testify live due to his health concerns and the fact that he has moved to Tucson, Arizona.

In conclusion, plaintiffs respectfully request that the Court deny defendants' motion to compel as to all previously disclosed witnesses, and limit any depositions of previously undisclosed witnesses to a maximum of one hour per side.

Dated: September 22, 2005                    Respectfully submitted,


  /s Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary Blum
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs