# **INDEX OF DEFENDANTS' PROPOSED LIMITING AND SUPPLEMENTAL JURY INSTRUCTIONS**

Limiting Instructions
  Instruction No. 1   DOE Wrongdoing Not Being Decided and Not Basis For Liability of Defendants
  Instruction No. 2   Evidence of DOE Indemnity Not Admissible for Purpose of Determining Liability of Defendants
  Instruction No. 3   Classification
  Instruction No. 4   FBI Raid and Grand Jury Investigation Not Evidence of Liability
  Instruction No. 5   Plea Agreement
  Instruction No. 6   Other Lawsuits Not Evidence of Liability
  Instruction No. 7   Individuals' Emotional Distress Not To Be Determined
  Instruction No. 8   Media Coverage

General Instructions
  Instruction No. 1   No Final Judgment For Class Members
  Instruction No. 2   No Liability to Class as a Whole Unless Liability to Each Class Member
  Instruction No. 3   Defendants' Contractual and Regulatory Obligations

Nuisance Instructions
  Instruction No. 1   Definition of Substantial and Unreasonable - Plaintiffs' Knowledge

Damages Instructions
  Instruction No. 1   Damages Not Based on Past Harm
  Instruction No. 2   Damages Not to Exceed Loss to Class
  Instruction No. 3   Stigma

Trespass Instructions
  Instruction No. 1   Significance of Invasion

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 1**

## DOE CONDUCT NOT BEING DECIDED AND NOT BASIS FOR LIABILITY OF DEFENDANTS

The Department of Energy is not on trial. Whether you find the Department of Energy to have engaged in wrongful conduct is irrelevant to the liability of Dow or Rockwell. Each defendant's liability is to be based solely on the law and the other facts that you may find or consider.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); 3 Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 103.14 (5th ed. 2001) (Multiple Defendants); 8/22/05 Hr'g Tr. at 8; *id.* at 23-24.

## TENDERED BY DEFENDANTS
## PROPOSED LIMITING INSTRUCTION NO. 2

**DEPARTMENT OF ENERGY INDEMNITY NOT TO BE CONSIDERED FOR PURPOSE OF DETERMINING LIABILITY OF DEFENDANTS**

You will have heard about the Department of Energy's indemnification of Dow and Rockwell. The fact of there being an indemnity should not be considered by you in determining the liability of either defendant. Each defendant's liability is to be based solely on the law and the facts that you may find or consider. The indemnity is pertinent only so far as it may be relevant regarding the credibility of witnesses. Only the fact of the indemnity is before you; specifically, that the Department of Energy is financially responsible for this litigation. You are not to infer anything further from the indemnity, including that the Department of Energy has controlled or is controlling the defense of the litigation or that the defendants in any way can be held liable because of the indemnity.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); Wash. Pattern Jury Instruction 2.13 (Insurance).

## TENDERED BY DEFENDANTS
## PROPOSED LIMITING INSTRUCTION NO. 3

**CLASSIFICATION**

I instruct you that there is no evidence in this case that Dow or Rockwell or their counsel were involved in the Department of Energy's conduct regarding declassification of documents, or that Dow or Rockwell or their counsel were involved in trying to conceal evidence through the declassification process. Dow, Rockwell, and their lawyers are dealing with the same information that has been made available to the class members by the Department of Energy. Both defendants and class members have had equal access to the information that the Department of Energy has provided to the parties in this case.

**Authority:** 8/22/05 Hr'g Tr. at 23-24; CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only).

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 4**

**FBI RAID AND GRAND JURY INVESTIGATION NOT EVIDENCE OF LIABILITY**

You have learned of the fact that the FBI raided the plant on June 7, 1989, and of the grand jury proceedings that happened afterwards. These facts are not evidence that any misconduct occurred and should not be considered by you as evidence of any misconduct. You should make your determinations based solely on the evidence presented at this trial.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); 8/22/05 Hr'g Tr. at 5-8.

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 5**

**PLEA AGREEMENT**

The plea agreement between Rockwell and the United States is evidence only of Rockwell's liability to the United States for the conduct specifically set forth in the plea agreement. You should not consider the fact of this plea agreement for the purpose of determining whether Rockwell engaged in any conduct beyond the specific conduct to which Rockwell pled guilty. You should make that determination based solely on the other evidence presented at this trial.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); 8/22/05 Hr'g Tr. at 5-8.

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 6**

**OTHER LAWSUITS NOT EVIDENCE OF LIABILITY**

You should not consider the fact that either Rockwell or Dow has been involved in other lawsuits for the purpose of determining whether Rockwell or Dow engaged in any of the conduct claimed by the class members in this lawsuit. You should make your determinations based solely on the evidence presented at this trial.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); 8/22/05 Hr'g Tr. at 5-8.

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 7**

## INDIVIDUALS' EMOTIONAL DISTRESS NOT TO BE DETERMINED

There are no claims for emotional distress in this case. You are not being asked to determine in this case whether the class members have suffered any emotional distress.

**Authority:** 5/17/05 Order at 7.

## TENDERED BY DEFENDANTS
## PROPOSED LIMITING INSTRUCTION NO. 8

**EVIDENCE OF MEDIA COVERAGE NOT EVIDENCE OF LIABILITY**

You will have heard evidence of media coverage relating to Dow and Rockwell. Such evidence of media coverage does not establish the accuracy of any statements made by the media. Such evidence of media coverage is relevant to the class members' theory that all class members experienced a decrease in value of their properties because of what the media reported. Such evidence of media coverage is also relevant to defendants' claims that class members have not suffered a substantial and unreasonable interference with the use and enjoyment of their properties. Such evidence of media coverage is also relevant to defendants' claim that Class Members suffered no damages and defendants' prior market discount defense.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); Fed R. Evid. 801.

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL GENERAL INSTRUCTION NO. 1**

**NO FINAL JUDGMENT FOR CLASS MEMBERS**

Any verdict that you render in this case will not result in a final judgment for any of the class members.  Your role as jurors in this case is to decide certain factual issues.

**Authority:** 6/30/05 Hearing Transcript at 8 ("So it is not going to be a final judgment in this case.  So we have to tell the jury that, too.  They are here to decide certain factual issues.")

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL GENERAL INSTRUCTION NO. 2**

**NO LIABILITY TO CLASS AS A WHOLE UNLESS LIABILITY TO EACH CLASS MEMBER**

You must consider whether each class member has proved the elements of his or her trespass and nuisance claims by a preponderance of the evidence against each defendant. If any class member has not proved his or her trespass or nuisance claims against either defendant, then your verdict on all of the class members' claims must be for that defendant.

**Authority:** 4/14/04 Order at 5-6; 5/17/05 Order at 3-6.

## TENDERED BY DEFENDANTS
## PROPOSED SUPPLEMENTAL GENERAL INSTRUCTION NO. 3

**DEFENDANTS' CONTRACTUAL AND REGULATORY OBLIGATIONS**

Both Rockwell and Dow were contractors of the United States government and were bound to follow the provisions of their contracts governing the operation of a nuclear weapons plant. You may consider evidence of these contractual obligations for the purpose of determining whether each plaintiff has proved that Dow or Rockwell committed a trespass or a nuisance.

**Authority:** *See, e.g., DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 721-22 (10th Cir. 1988).

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL NUISANCE INSTRUCTION NO. 1**

**DEFINITION OF "SUBSTANTIAL AND UNREASONABLE" - PLAINTIFFS' KNOWLEDGE**

You may consider evidence of whether any class member knew or should have known of an existing condition when the class member acquired the property for the purpose of determining whether any interference to his or her use and enjoyment of property was substantial and unreasonable. You may also consider such evidence in determining whether all class members have proved damages. You may not consider such evidence for other purposes.[1]

**Authority:** 9/13/05 Hr'g Tr. at 5-6; Restatement (Second) of Torts § 840D ("The fact that the plaintiff has acquired or improved his land after a nuisance interfering with it has come into existence is . . . a factor to be considered in determining whether the nuisance is actionable."); W. Page Keeton, *Prosser and Keeton on Torts* § 88, at 630 (5th ed. 1984) ("Whether or not the plaintiff or the defendant should be required to bear the loss of substantial interference to plaintiff from defendant's reasonable conduct depends upon[, among other factors,] priority in time as to the respective activities of the plaintiff and the

---

[1] Defendants do not waive their objections that such evidence should be admissible for other purposes, but abide by the Court's rulings in this regard.

defendant in the area."); *Platte & Denver Ditch Co. v. Anderson*, 6 P. 515, 521 (Colo. 1885) ("Where one buys a city lot bordering upon ground set apart or dedicated to any public use, he takes it subject to all the annoyances incident to the purposes of the dedication.").

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL DAMAGES INSTRUCTION NO. 1**

**DAMAGES NOT BASED ON PAST HARM**

You are not being asked to decide whether class members are entitled to recovery for an injury to their property that occurred in the past but no longer continues into the future. In this trial, you may only award damages against a defendant if the class members prove that the defendant has committed a trespass or nuisance that will continue on into the future.

**Authority:** 5/17/05 Order at 2-3; Restatement (Second) of Torts § 930 (1979); *id.* cmt. d & illus. 2.

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL DAMAGES INSTRUCTION NO. 2**

**STIGMA**

You will have heard evidence relating to a claimed stigma tied to the class members' properties. You are not to award damages for any loss of property value from such a stigma, unless it has been established by a preponderance of the evidence that such stigma was caused by a trespass or nuisance committed by the defendants.

**Authority:** 5/17/05 Order; 3 Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 128.70 (5th ed. 2001).

# TENDERED BY DEFENDANTS
# PROPOSED SUPPLEMENTAL TRESPASS INSTRUCTION NO. 1

**SIGNIFICANCE OF INVASION**

Due to the fact that plutonium cannot be perceived by the senses, in order for a plutonium invasion to support a finding of trespass, the invasion must be of such a magnitude as to impose a significant physical impact on the property or its users.

**Authority**: See Defendants' previously proposed trespass instructions and authority. Plaintiffs have conceded in the case that plutonium contamination is not perceptible. See for example Plaintiffs' responses to Defendants' interrogatories. Nevertheless, the Court has ruled that plutonium contamination is tangible. Were it not tangible, then plaintiffs would be required to prove that any plutonium contamination imposed a serious and substantial physical impact on the property. As a result, there is a gap created by the rulings in this case in that the jury will not otherwise be instructed as to what level of plutonium contamination is necessary to support a trespass claim (for example, is one atom enough?). This instruction is being proposed in an attempt to fill that gap. Defendants are aware of the Court's previous rulings and respect them and are not attempting to reargue matters already resolved.