**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **MERILYN COOK,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No. 90-cv-181-JLK** |
| **ROCKWELL INTERNATIONAL** ) | |
| **CORPORATION and THE DOW** ) | |
| **CHEMICAL COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANTS' MOTION TO EXCLUDE NEWLY DISCLOSED WITNESSES**

Defendants respectfully move, pursuant to Fed. R. Civ. P. 37(c) and Fed. R. Civ. P. 26(b)(1), to preclude the trial testimony of witnesses disclosed for the first time on Tuesday, September 27, 2005 (*less than one week* before the start of trial).

**ARGUMENT**

**I. PLAINTIFFS SHOULD BE PRECLUDED FROM PUTTING THEIR LATEST ROUND OF NEWLY DISCLOSED WITNESSES ON THE STAND.**

Plaintiffs waited until *a mere six days* before the October 3rd trial date to inform Defendants that they intend to add yet another round of previously undisclosed, non-deposed witnesses to their trial witness list.[1] On a witness list provided to Defendants for the first time at

---

[1] As this Court is aware, Plaintiffs previously identified four other new trial witnesses for the first time on September 16, requiring Defendants to spend valuable trial preparation time moving for and conducting additional discovery of these witnesses. At the September 22 hearing, this Court ordered Plaintiffs to produce their newly-listed witnesses for deposition. Shortly after the September 22 hearing, Plaintiffs added another witness to their list (Dr. Baca). Plaintiffs have agreed to allow Defendants to depose Dr. Baca.

5:30 p.m. on September 27, 2005, Plaintiffs have listed *four new witnesses*:  David Minshall, LeRoy Moore, Niels Schoenbeck, and Joel Selbin.  Promptly upon receipt of this new witness list, Defendants wrote to Plaintiffs objecting to the addition of these witnesses.  (9/28/05 email from E. Ahern)

Under established law and as a matter of fundamental fairness, these witnesses should be barred from testifying at trial.  Under Fed. R. Civ. P. 26(a)(3), parties are required to disclose the names of witnesses they expect to testify and those they may call if the need arises at least 30 days prior to trial.  Failure to do so without substantial justification results in the exclusion of that evidence.[2]  Specifically, Fed. R. Civ. P. 37(c)(1) provides:

> A party that ***without substantial justification*** fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2) is not, ***unless such failure is harmless***, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

(Emphasis added.)  Thus, the Tenth Circuit has affirmed the exclusion of a witness's testimony for failure of a party to make required disclosures.  *Orjias v. Stevenson,* 31 F.3d 995, 1005 (10th Cir. 1994) (affirming district court's preclusion of witness's testimony pursuant to Rule 37 for party's failure to make timely Rule 26 disclosures); *James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979) (affirming denial of request to add four new names to trial witness list "[i]mmediately prior to trial").  *See also Saudi v. Valmet-Appleton, Inc.*, 219 F.R.D. 128, 134 (E.D. Wis. 2003) (witness exclusion, rather than extension of deadlines or postponement of trial, was proper remedy where plaintiff's failure to comply with expert and lay witness disclosure

---

[2]  The parties negotiated a witness disclosure schedule more generous than the 30-day requirement of Rule 26, but Plaintiffs' latest disclosure runs afoul of even that schedule.

2

obligations was neither substantially justified nor harmless to defendants); *Rauh v. Coyne,* 744 F. Supp. 1181, 1184-85 (D.D.C. 1990) (witnesses not named until after close of discovery barred from testifying); Charles A. Wright, Arthur R. Miller and Richard L. Marcus, 8 Fed. Prac. & Proc. Civ. 2d § 2054 ("Failure to list a witness or exhibit without substantial justification will lead to exclusion of that evidence pursuant to Rule 37(c)(1) unless the failure to disclose was harmless.").[3]

This is an extraordinarily complex case that has been litigated for more than 15 years. It has involved the production of more than 800,000 documents and the taking of more than 175 depositions over the course of its 15-year history. The parties provided preliminary witness lists as early as December 2003 and updated lists as recently as September 16, 2005. Plaintiffs' delay in adding and/or disclosing these brand new witnesses until ***six days before the start of trial*** is "without substantial justification." *See* Fed. R. Civ. P. 37(c)(1).

Moreover, Plaintiffs' dilatory disclosure is extremely and unfairly prejudicial to Defendants. In the Court's September 22 rulings on discovery issues related to other untimely additions to the Plaintiffs' witness list, the Court indicated that it sought to prevent ambush. (9/22/05 Tr. at 99)  That is exactly what this is. Plaintiffs' eleventh-hour disclosure leaves Defendants with inadequate time to investigate these witnesses and prepare for their testimony. Defendants should not be required to cross-examine witnesses from and about whom Defendants have not had any discovery. While Defendants would want the opportunity to depose these witnesses if they were allowed to testify, Defendants should not be required to interrupt their trial preparations to conduct discovery of these new witnesses, particularly when Defendants are

---

[3] *See further Smith v. Ford Motor Co.*, 626 F.2d 784, 794-800 (10th Cir. 1980) (reversing and remanding where district court allowed expert testimony that was not adequately disclosed and the other party suffered prejudice).

3

already engaged in time-consuming discovery efforts related to other, additional plaintiffs' witnesses who were not disclosed in a timely manner and for whom the Court has ordered discovery.  Nor should Plaintiffs be permitted to delay the start of the trial under any circumstances (such as through the repeated addition of new names to their trial witness list), as Defendants would be prejudiced by such a delay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court preclude and bar Plaintiffs from calling David Minshall, LeRoy Moore, Niels Schoenbeck, and Joel Selbin at trial.


Dated: September 28, 2005                                   Respectfully submitted,


/s/John E. Tangren_____  
One of the Attorneys for the Defendants  
David M. Bernick  
Douglas J. Kurtenbach  
Ellen Therese Ahern  
Mark J. Nomellini  
John E. Tangren  
KIRKLAND & ELLIS LLP  
200 East Randolph Drive  
Chicago, Illinois 60601-6636  
Phone:  312-861-2000  
Fax:     312-861-2200  

Joseph J. Bronesky  
SHERMAN & HOWARD L.L.C.  
633 Seventeenth Street, Suite 3000  
Denver, Colorado 80202  
Phone:  303-297-2900  
Fax:     303-298-0940  

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206


                                                  /s/ Kari Knudsen_____
                                                  Kari Knudsen (Legal Assistant)