**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

No. 90–K-181

---

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

---

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
SUPPLEMENTAL JURY INSTRUCTIONS**

---

        Plaintiffs respectfully submit the attached objections to "Defendants' Amended Submission of Supplemental Jury Instructions" (filed Sept. 23, 2005).

                                                        Respectfully submitted,

Dated: September 29, 2005                        /s Jennifer MacNaughton
                                                        Merrill G. Davidoff
                                                         Peter Nordberg
                                                         Jennifer MacNaughton
                                                         Berger & Montague, P.C.
                                                         1622 Locust Street
                                                         Philadelphia, PA 19103
                                                         (215) 875-3000

                                                         Attorneys for Plaintiffs

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 1**

**DOE CONDUCT NOT BEING DECIDED AND NOT BASIS FOR LIABILITY OF DEFENDANTS**

The Department of Energy is not on trial. Whether you find the Department of Energy to have engaged in wrongful conduct is irrelevant to the liability of Dow or Rockwell. Each defendant's liability is to be based solely on the law and the other facts that you may find or consider.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); 3 Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 103.14 (5th ed. 2001) (Multiple Defendants); 8/22/05 Hr'g Tr. at 8; *id.* at 23-24.

**Plaintiffs' Objections:** The jury will be told that there are two defendants (Dow and Rockwell). To go further and state that DOE "is not on trial" is unnecessary, because the jury can render no verdict for or against DOE, and will not be asked to make any "finding" about whether DOE "engaged in wrongful conduct." In addition, such a statement would be prejudicial because it suggests judicial anticipation of attempts by plaintiffs to press irrelevant issues, or to argue for guilt by association. In addition, the instruction is incorrect because DOE's conduct may be relevant to, or bear on the interpretation and weight of evidence concerning, liability. To conclude that DOE's conduct had no implications for liability issues would be a factual finding, rather than a proper jury instruction.

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 2**

**DEPARTMENT OF ENERGY INDEMNITY NOT TO BE CONSIDERED FOR PURPOSE OF DETERMINING LIABILITY OF DEFENDANTS**

You will have heard about the Department of Energy's indemnification of Dow and Rockwell. The fact of there being an indemnity should not be considered by you in determining the liability of either defendant. Each defendant's liability is to be based solely on the law and the facts that you may find or consider. The indemnity is pertinent only so far as it may be relevant regarding the credibility of witnesses. Only the fact of the indemnity is before you; specifically, that the Department of Energy is financially responsible for this litigation. You are not to infer anything further from the indemnity, including that the Department of Energy has controlled or is controlling the defense of the litigation or that the defendants in any way can be held liable because of the indemnity.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); Wash. Pattern Jury Instruction 2.13 (Insurance).

**Plaintiffs' Objections:** The second sentence of this instruction (beginning "The fact of there being an indemnity . . .") is overly broad, because indemnification does bear on the weight to be given to evidence pertaining to liability, and on the inferences to be drawn from that evidence, or from its unavailability. The fourth sentence (beginning "The indemnity is pertinent only so far . . .") is overly narrow, because the indemnification bears on the credibility and weight of numerous exhibits, not just testimony from witnesses, and also because the indemnity affects inferences to be

drawn from the evidence or absence thereof. The fifth sentence (beginning "Only the fact of the indemnity is before you . . .") is incorrect, because the indemnity is not a contested issue of fact to be decided by the jury, but rather a legislatively mandated indemnification (*see* 42 U.S.C. § 2210(d)) that defendants do not dispute and of which judicial notice could be taken in any event. The fifth sentence is also incorrect for an additional reason: indemnity is relevant precisely *because* it may warrant inferences on contested subjects, including liability, going beyond the fact of indemnity itself. The concluding sentence (beginning "You are not to infer anything further from the indemnity . . .") is objectionable on those same grounds.

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 3**

**CLASSIFICATION**

I instruct you that there is no evidence in this case that Dow or Rockwell or their counsel were involved in the Department of Energy's conduct regarding declassification of documents, or that Dow or Rockwell or their counsel were involved in trying to conceal evidence through the declassification process. Dow, Rockwell, and their lawyers are dealing with the same information that has been made available to the class members by the Department of Energy. Both defendants and class members have had equal access to the information that the Department of Energy has provided to the parties in this case.

**Authority:** 8/22/05 Hr'g Tr. at 23-24; CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only).

**Plaintiffs' Objections:** The first sentence of this instruction (beginning "I instruct you that there is no evidence . . .") is objectionable because it would represent a factual finding rather than a proper jury instruction. Likewise, the second sentence (beginning "Dow, Rockwell, and their lawyers are dealing with the same information . . .") is merely a factual contention by defense counsel, offered without a shred of evidentiary support (let alone uncontested evidentiary support). The same objection applies to the third sentence (beginning "Both defendants and class members have had equal access . . .").

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 4**

**FBI RAID AND GRAND JURY INVESTIGATION NOT EVIDENCE OF LIABILITY**

You have learned of the fact that the FBI raided the plant on June 7, 1989, and of the grand jury proceedings that happened afterwards. These facts are not evidence that any misconduct occurred and should not be considered by you as evidence of any misconduct. You should make your determinations based solely on the evidence presented at this trial.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); 8/22/05 Hr'g Tr. at 5-8.

**Plaintiffs' Objections:** The raid occurred not on June 7 but on June 6, 1989. In addition, the instruction is objectionable as drafted, because it implies, or could naturally be interpreted as implying, that the underlying facts developed in the criminal investigation "are not evidence" of misconduct by Rockwell. In addition, the instruction incorrectly implies, or could naturally be interpreted as implying, that Rockwell's judicial admission of felonious environmental misconduct, in its guilty plea, should not be considered in connection with the jury's liability determination.

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 5**

**PLEA AGREEMENT**

The plea agreement between Rockwell and the United States is evidence only of Rockwell's liability to the United States for the conduct specifically set forth in the plea agreement. You should not consider the fact of this plea agreement for the purpose of determining whether Rockwell engaged in any conduct beyond the specific conduct to which Rockwell pled guilty. You should make that determination based solely on the other evidence presented at this trial.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); 8/22/05 Hr'g Tr. at 5-8.

**Plaintiffs' Objections:** The first sentence of this instruction (beginning "The plea agreement . . .") is misleading because: (a) the word "liability" connotes responsibility for damages, as opposed to the criminal conduct to which Rockwell admitted; (b) the guilty plea is evidence of the underlying conduct to which Rockwell admitted, and not merely evidence of Rockwell's "liability" to the United States; and (c) the guilty plea evidences the conduct to which Rockwell admitted, regardless of how "specifically" such conduct may be set forth in the plea agreement. Taken as a whole, the instruction is prejudicially misleading because it suggests, or could naturally be interpreted as suggesting, that Rockwell's guilty plea should not be considered in connection with the jury's liability determination.

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 6**

**OTHER LAWSUITS NOT EVIDENCE OF LIABILITY**

You should not consider the fact that either Rockwell or Dow has been involved in other lawsuits for the purpose of determining whether Rockwell or Dow engaged in any of the conduct claimed by the class members in this lawsuit. You should make your determinations based solely on the evidence presented at this trial.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); 8/22/05 Hr'g Tr. at 5-8.

**Plaintiffs' Objections:** The term "lawsuit" is vague and might be interpreted by some jurors to include Rockwell's criminal prosecution; use of the phrase "civil lawsuit" would mitigate that danger. In addition, it should not be implied that the jury may not "consider" the circumstances at issue in other lawsuits. It would not be objectionable to advise the jury that defendants' mere involvement in previous civil lawsuits does not establish their liability in this lawsuit.

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 7**

**INDIVIDUALS' EMOTIONAL DISTRESS NOT TO BE DETERMINED**

There are no claims for emotional distress in this case. You are not being asked to determine in this case whether the class members have suffered any emotional distress.

**Authority:** 5/17/05 Order at 7.

**Plaintiffs' Objections:** This instruction is confusing, misleading, and inaccurate. Plaintiffs incorporate by reference their proposed instruction on the issue of emotional distress, as well as the authorities cited and arguments presented in support thereof.

**TENDERED BY DEFENDANTS**
**PROPOSED LIMITING INSTRUCTION NO. 8**

**EVIDENCE OF MEDIA COVERAGE NOT EVIDENCE OF LIABILITY**

You will have heard evidence of media coverage relating to Dow and Rockwell. Such evidence of media coverage does not establish the accuracy of any statements made by the media. Such evidence of media coverage is relevant to the class members' theory that all class members experienced a decrease in value of their properties because of what the media reported. Such evidence of media coverage is also relevant to defendants' claims that class members have not suffered a substantial and unreasonable interference with the use and enjoyment of their properties. Such evidence of media coverage is also relevant to defendants' claim that Class Members suffered no damages and defendants' prior market discount defense.

**Authority:** CJI-Civ. 1:9 (CLE ed. 2004) (Evidence Admissible for Particular Purpose Only); Fed R. Evid. 801.

**Plaintiffs' Objections:** Plaintiffs have no objection to the first two sentences of this proposed instruction. The remainder of this instruction is biased and prejudicial (e.g., plaintiffs have "theories" and defendants have "claims"). It should instead be explained neutrally that evidence of media coverage is relevant to public perceptions that may have influenced the market values of properties in the class area. No instruction referring to defendants' "prior market discount defense" should be offered, because that defense is not legally cognizable (a point plaintiffs raise here merely to preserve the record, not to argue it anew). In any event, no instruction regarding the "prior market discount defense" should be given absent evidence sufficient to support a verdict in defendants' favor thereon.

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL GENERAL INSTRUCTION NO. 1**

**NO FINAL JUDGMENT FOR CLASS MEMBERS**

Any verdict that you render in this case will not result in a final judgment for any of the class members. Your role as jurors in this case is to decide certain factual issues.

**Authority:** 6/30/05 Hearing Transcript at 8 ("So it is not going to be a final judgment in this case. So we have to tell the jury that, too. They are here to decide certain factual issues.")

**Plaintiffs' Objections:** This is not a limiting instruction relating to the Court's evidentiary rulings. In addition, this instruction, as drafted, affords no clarification to the jury and is likely, if anything, to confuse it. It would be appropriate to advise the jury that if it finds in favor of plaintiffs, damages for individual class members will be allocated and determined in subsequent proceedings.

In addition, this instruction, as drafted, is or may be incorrect to the extent that the phrase "final judgment" is intended to carry the meaning assigned in 28 U.S.C. § 1291.

**TENDERED BY DEFENDANTS**

**PROPOSED SUPPLEMENTAL GENERAL INSTRUCTION NO. 2**

**NO LIABILITY TO CLASS AS A WHOLE UNLESS LIABILITY TO EACH CLASS MEMBER**

You must consider whether each class member has proved the elements of his or her trespass and nuisance claims by a preponderance of the evidence against each defendant. If any class member has not proved his or her trespass or nuisance claims against either defendant, then your verdict on all of the class members' claims must be for that defendant.

**Authority:** 4/14/04 Order at 5-6; 5/17/05 Order at 3-6.

**Plaintiffs' Objections:** This is not a limiting instruction relating to the Court's evidentiary rulings, but rather a renewed proffer, in substance, of proposed instructions that the Court has previously rejected. Plaintiffs incorporate by reference their objections to defendants' previously proposed instructions. In particular, "each" class member is not required to offer separate proof of the class claims.

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL GENERAL INSTRUCTION NO. 3**

**DEFENDANTS' CONTRACTUAL AND REGULATORY OBLIGATIONS**

Both Rockwell and Dow were contractors of the United States government and were bound to follow the provisions of their contracts governing the operation of a nuclear weapons plant. You may consider evidence of these contractual obligations for the purpose of determining whether each plaintiff has proved that Dow or Rockwell committed a trespass or a nuisance.

**Authority:** *See, e.g., DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 721-22 (10th Cir. 1988).

**Plaintiffs' Objections:** This is not a limiting instruction relating to the Court's evidentiary rulings. Moreover, the authority cited by defendants involves not Colorado's law of nuisance or trespass, but rather the "qualified immunity" doctrine – a defense neither preserved by defendants nor available to them in this Price-Anderson action. *See* 42 U.S.C. § 2014(hh). Moreover, to the extent an argument in favor of "qualified immunity" or some similar immunity from suits in tort would rest on the contractual duties owed by defendants to the United States, *DeVargas* has been superseded by the Supreme Court's subsequent decision in *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), in which the Court established the elements of a "government contractor" defense – another defense that is unavailable to defendants in this Price-Anderson action, and which defendants have also failed to preserve even if it were legally available, and whose elements defendants have not offered record evidence of having satisfied even if were

preserved and legally available.

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL NUISANCE INSTRUCTION NO. 1**

**DEFINITION OF "SUBSTANTIAL AND UNREASONABLE" - PLAINTIFFS' KNOWLEDGE**

You may consider evidence of whether any class member knew or should have known of an existing condition when the class member acquired the property for the purpose of determining whether any interference to his or her use and enjoyment of property was substantial and unreasonable. You may also consider such evidence in determining whether all class members have proved damages. You may not consider such evidence for other purposes.[1]

**Authority:** 9/13/05 Hr'g Tr. at 5-6; Restatement (Second) of Torts § 840D ("The fact that the plaintiff has acquired or improved his land after a nuisance interfering with it has come into existence is . . . a factor to be considered in determining whether the nuisance is actionable."); W. Page Keeton, *Prosser and Keeton on Torts* § 88, at 630 (5th ed. 1984) ("Whether or not the plaintiff or the defendant should be required to bear the loss of substantial interference to plaintiff from defendant's reasonable conduct depends upon[, among other factors,] priority in time as to the respective activities of the plaintiff and the defendant in the area."); *Platte & Denver Ditch Co. v. Anderson*, 6 P. 515, 521 (Colo. 1885) ("Where one buys a city lot bordering upon ground set apart or dedicated to any public use, he takes it subject to all the annoyances incident to the purposes of the dedication.").

---

[1] Defendants do not waive their objections that such evidence should be admissible for other purposes, but abide by the Court's rulings in this regard.

*Plaintiffs' Objections to Defendants' Supplemental Jury Instructions – Page 15*

**Plaintiffs' Objections:** The authorities cited by defendants relate primarily to the defenses of "coming to the nuisance" and/or assumption of the risk, which this Court has ruled inapplicable to these claims under Colorado law. *See Allison v. Smith*, 695 P.2d 791, 794 (Colo. App. 1984). Defendants cite no authority holding that whether a plaintiff "knew or should have known" of an existing condition bears on whether the interference posed by that condition is substantial and unreasonable, or on damages. Whether an interference is significant or unreasonable is measured not by the subjective personal reactions of particular individuals, but by the standard of its effect on a normal member of the community in the same or similar circumstances. *Id.*; *see also Restatement (Second) of Torts* § 821F.

**TENDERED BY DEFENDANTS**
**PROPOSED SUPPLEMENTAL DAMAGES INSTRUCTION NO. 1**

**DAMAGES NOT BASED ON PAST HARM**

You are not being asked to decide whether class members are entitled to recovery for an injury to their property that occurred in the past but no longer continues into the future.  In this trial, you may only award damages against a defendant if the class members prove that the defendant has committed a trespass or nuisance that will continue on into the future.

**Authority:** 5/17/05 Order at 2-3; Restatement (Second) of Torts § 930 (1979); *id.* cmt. d & illus. 2.

**Plaintiffs' Objections:** This is not a limiting instruction relating to the Court's evidentiary rulings.   Section 930 has no "illustration 2."  In addition, this instruction is not an accurate statement of the law.  Among other defects, it fails to reflect section 930's division of harms into "past" and "prospective" invasions by reference to "the time when the injurious situation became complete and comparatively enduring" (as opposed to marking the division by reference to the *present* time, as defendants' proposed instruction misleadingly invites the jury to do).

## TENDERED BY DEFENDANTS
## PROPOSED SUPPLEMENTAL DAMAGES INSTRUCTION NO. 2

**STIGMA**

You will have heard evidence relating to a claimed stigma tied to the class members' properties. You are not to award damages for any loss of property value from such a stigma, unless it has been established by a preponderance of the evidence that such stigma was caused by a trespass or nuisance committed by the defendants.

**Authority:** 5/17/05 Order; 3 Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 128.70 (5th ed. 2001).

**Plaintiffs' Objections:** This is not a limiting instruction relating to the Court's evidentiary rulings. In addition, this instruction incorrectly suggests that "stigma" – a concept the instruction does not define – is a necessary element of plaintiffs' claims (albeit an insufficient one). The instructions will already advise the jury of the actual elements of plaintiffs' claims in trespass and nuisance.

# TENDERED BY DEFENDANTS
# PROPOSED SUPPLEMENTAL TRESPASS INSTRUCTION NO. 1

**SIGNIFICANCE OF INVASION**

Due to the fact that plutonium cannot be perceived by the senses, in order for a plutonium invasion to support a finding of trespass, the invasion must be of such a magnitude as to impose a significant physical impact on the property or its users.

**Authority**: See Defendants' previously proposed trespass instructions and authority. Plaintiffs have conceded in the case that plutonium contamination is not perceptible. See for example Plaintiffs' responses to Defendants' interrogatories. Nevertheless, the Court has ruled that plutonium contamination is tangible. Were it not tangible, then plaintiffs would be required to prove that any plutonium contamination imposed a serious and substantial physical impact on the property. As a result, there is a gap created by the rulings in this case in that the jury will not otherwise be instructed as to what level of plutonium contamination is necessary to support a trespass claim (for example, is one atom enough?). This instruction is being proposed in an attempt to fill that gap. Defendants are aware of the Court's previous rulings and respect them and are not attempting to reargue matters already resolved.

**Plaintiffs' Objections:** This is not a limiting instruction relating to the Court's evidentiary rulings. No authority is cited for the proposed instruction, or for defendants' proposed "significant physical impact" test, except for defendants' own previously proposed instructions. Plaintiffs incorporate by reference their objections to those previously proposed instructions.