# EXHIBIT A

**PLAINTIFFS' PROPOSED LIMITING INSTRUCTION**

**UTILITY OF CONDUCT VERSUS GRAVITY OF HARM**

If defendants' conduct was undertaken for a socially useful purpose, such as the national security, but the same purpose could have been achieved just as adequately through other conduct that posed less risk of harm to others, you must find defendants' conduct to be unreasonable. Likewise, if defendants' intentional conduct was undertaken for a socially useful purpose, defendants are still liable for any resulting harm to property, if defendants failed to take available practicable measures that would have allowed them to achieve the same purpose while avoiding part or all of the harm.

**Authority:** Restatement (Second) of Torts § 292 & comment c; id. § 828 & comment h.

**Defendants' Objections:**  Defendants' Proposed Nuisance Instructions No. 6 ("Definition of 'Substantial and Unreasonable'") and 12 ("Definition of 'Negligently'") should be given instead of this instruction.  Defendants object to this instruction on several grounds, each of which is explained below.

Defendants' Objection No. 1 to Plaintiffs' Proposed Instruction

Defendants object to the first sentence of plaintiffs' proposed instruction because it mischaracterizes the legal standard of Restatement (Second) of Torts § 292.  This section sets forth a three-factor ***balancing*** test for "determining what the law regards as the utility of the actor's conduct," ***only one of which is "the extent of the chance that such interest can be adequately advanced or protected by another and less dangerous course of conduct."***  *Id.*  It does not require the finder of fact to find "defendants' conduct to be unreasonable" based on consideration of this factor alone.  That is to say, even if the "extent of the chance that such interest can be adequately advanced or protected by another and less dangerous course of conduct" weighed in favor of plaintiffs, the balancing test for "utility of the actor's conduct" as a whole could weigh in favor of defendants.  The text of the Restatement section is set forth below:

> In determining what the law regards as the utility of the actor's conduct for the purpose of determining whether the actor is negligent, the following factors are important:
>
> (a) the social value which the law attaches to the interest which is to be advanced or protected by the conduct;
> (b) the extent of the chance that this interest will be advanced or protected by the particular course of conduct;
> (c) the extent of the chance that such interest can be adequately advanced or protected by another and less dangerous course of conduct.

Restatement § 292.

Defendants' Objection No. 2 to Plaintiffs' Proposed Instruction

Defendants object to the first sentence of plaintiffs' proposed instruction because it misstates what should be considered when determining whether defendants' conduct was unreasonable. Under Restatement principles of negligence, what the finder of fact determines to be the utility of the actor's conduct through the section 292 balancing test is then in turn balanced with two other factors: "risk of harm" and "the particular manner in which [the act] is done." *See* Restatement § 291 ("[T]he risk is unreasonable and the act is negligent if the risk is of such magnitude as to outweigh what the law regards as the utility of the act or of the particular manner in which it is done."). That is to say, even if the "extent of the chance that such interest can be adequately advanced or protected by another and less dangerous course of conduct" weighed in favor of plaintiffs, and caused the "utility of the actor's conduct" to be less than what it otherwise would be, the balancing test for reasonableness as a whole could weigh in favor of defendants. The magnitude of the risk of harm is itself subject to a four-factor balancing test. *See* Restatement § 293 (listing four factors to consider "[i]n determining the magnitude of the risk").

Defendants' Objection No. 3 to Plaintiffs' Proposed Instruction

Defendants object to the second sentence of plaintiffs' proposed instruction because it mischaracterizes the legal standard of the Restatement section upon which it purports to rely, Restatement § 828. Similarly to section 292, this section also sets forth a three-factor balancing test "[i]n determining the utility of conduct that causes an intentional invasion of another's interest in the use and enjoyment of land" and does not allow the finder of fact to restrict consideration to only one of these three factors. The jury should not be instructed to rest a finding of the utility of the defendants' conduct only "upon the impracticability of preventing or avoiding the invasion," *see*

Restatement § 828(c), without also considering "the social value that the law attaches to the primary purpose of the conduct." The test of the Restatement section is set forth below:

> In determining the utility of conduct that causes an intentional invasion of another's interest in the use and enjoyment of land, the following factors are important:
>
> (a) the social value that the law attaches to the primary purpose of the conduct;
> (b) the suitability of the conduct to the character of the locality; and
> (c) the impracticability of preventing or avoiding the invasion.

Restatement § 828.

Defendants' Objection No. 4 to Plaintiffs' Proposed Instruction

Defendants object to the second sentence of plaintiffs' proposed instruction because it misstates what plaintiffs must show before defendants may be held liable.

*First*, plaintiffs' instruction fails to state that the finder of fact should not only consider the factors relevant to the utility of defendants' conduct, but must also weigh that utility against the gravity of the harm. *See Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 392 (Colo. 2001) ("A determination that the social utility of the act causing the invasion that interferes with the use and enjoyment of the land does not outweigh the harm of the invasion is necessary for a finding of unreasonableness.") (citing Restatement § 826).

*Second*, plaintiffs' instruction fails to acknowledge that, even if the jury finds that defendants' conduct resulted in a substantial and unreasonable interference, plaintiffs must meet the remaining elements of their nuisance claims to hold defendants liable "for any resulting harm to property"–such as establishing that the harm constitutes an interference cognizable as a nuisance under Colorado law and this Court's May 17, 2005 Order. *See* 5/17/05 Order at 4-6 (holding that only interferences in the form of current or future health risk are actionable in this trial).

Defendants' Objection No. 5 to Plaintiffs' Proposed Instruction

Defendants object to plaintiffs' instruction because it fails to include the requirement under the Restatement and Colorado law that the finder of fact consider defendants' conduct "in the light of the possibilities apparent at the time." *Baughman v. Cosler*, 459 P.2d 294, 299 (Colo. 1969); *see also* Restatement § 292 cmt. c ("In determining whether an actor has acted reasonably in pursuing a particular course of conduct rather than another and less dangerous course, account is also taken of the fact that he was acting in an emergency which required him to make an immediate decision."). Many of defendants' decisions were made in response to the Cold War, during the 1950s, 1960s, 1970s, and 1980s. Whether defendants' conduct was reasonable ***at the time***, in light of knowledge and technology at the time, is thus a relevant factor that should be considered, but that is omitted from plaintiffs' proposed instruction.

Defendants' Objection No. 6 to Plaintiffs' Proposed Instruction

The Colorado pattern jury instruction defines negligence as "a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do." CJI-Civ. 9:6 (CLE ed. 2004).