# E

| | | |
|---|---|---|
| **Mark Nomellini/Chicago/Kirkland-Ellis** 09/21/2005 03:13 PM | To | pnordberg@bm.net, jmacnaughton@bm.net |
| | cc | Douglas Kurtenbach/Chicago/Kirkland-Ellis@K&E, Ellen Ahern/Chicago/Kirkland-Ellis@K&E |
| | bcc | David Bernick/Chicago/Kirkland-Ellis@K&E; Scott McMillin/Chicago/Kirkland-Ellis@K&E |
| | Subject | Cook et al. v. Rockwell et al. |

Peter,

This will memorialize our call this afternoon, and sets forth the status of negotiations regarding witnesses, exhibits, and other pre-trial topics. Let me know if you have any changes.

(1) Pretrial order. We agreed that the pretrial order was to contain parties' good-faith, then-current witness lists, exhibit lists, and deposition designations, with the pretrial order stating that they are all good-faith lists that are subject to amendment. As previously discussed, the parties will not be filing a pretrial order until sometime after the September 22 conference.

(2) Disclosure of Witnesses: Plaintiffs to provide their order of witnesses on September 30 (that is, two Fridays prior to the beginning of plantiffs' case-in-chief). Defendants to provide their order of witnesses by a date that provides an equal amount of time before the beginning of defendants' case-in-chief (that is, equal to the time between September 30 (when plaintiffs will provide their order of call) and the beginning of plaintiffs' case-in-chief). Each side to provide the other with updates to the order of witnesses by the end of the day on Friday for witnesses to be called during the following week.

(3) Disclosure of Exhibits to Be Used With Each Witness: Each side to provide the other via email with identification of the exhibits to be used, and copies of exhibits to be used, with each witness by 9 am on the day before the witness is called (we agreed to further discuss how this procedure would work for witnesses called for Mondays).

(4) Objections to Exhibits: After each side provides the other via email with identification of the exhibits to be used with each witness by 9 am on the day before the witness is called, the opposing party raises objections with the Court, and the Court then rules on those objections, for example, in the morning before the witness testifies. Defendants reserve the right to raise additional objections as documents are being used with witnesses.

(5) Revised Overall (i.e., Non-Witness-Specific) Exhibit Lists: Plaintiffs and defendants agreed to consider future dates for providing realistic, winnowed-down exhibit lists.

(6) Trial Schedule: We discussed the fact that defendants may provide a revised proposed trial schedule and that, if defendants were to do so, plaintiffs would not attempt to use such a proposal against defendants.

(7) Deposition Designations. As I mentioned in a prior e-mail, defendants are prepared to exchange deposition designations. You indicated that you would get back to me on when plaintiffs may be prepared to so.

(8) Defendants' Motion to Compel Depositions: You indicated that plaintiffs opposed defendants' request to take depositions of Howard Lacy, Jon Lipsky, Charles McKay, Zimmie Fae Williams, Gertrude Babb, Richard Bartlett, Sally Bartlett, Merilyn Cook, and Richard Schierkolk. You further indicated that you would need to check on whether plaintiffs would oppose defendants' request to depose Karen Bannister, Richard Bartlett, Jr., Richard Kaufman, and Wes McKinley.

(9) Jury Venire Order. You indicated that plaintiffs would be sending defendants a proposed jury venire order for defendants' consideration.