**F**



"Peter Nordberg"
<pn@nordbergonline.com>

09/24/2005 12:34 PM

Please respond to
<pnordberg@bm.net>

To   "'Mark Nomellini'" <mnomellini@kirkland.com>
cc
bcc
Subject   RE: Cook et al. v. Rockwell et al.


I think this is basically an accurate description of our call, but I also
think we need to talk.  When's a good time?

-----Original Message-----
From: Mark Nomellini [mailto:mnomellini@kirkland.com]
Sent: Saturday, September 24, 2005 1:13 PM
To: pnordberg@bm.net
Cc: Ellen Ahern; Daniel Rooney
Subject: RE: Cook et al. v. Rockwell et al.

Peter,

Let me know if you have any changes with respect to
(1)-(5) of my September 21 e-mail, which reflects our
conversation of the morning of September 21.  I've
copied the items below for easy access:

(1) Pretrial order. We agreed that the pretrial order
was to contain parties' good-faith, then-current
witness lists, exhibit lists, and deposition
designations, with the pretrial order stating that they
are all good-faith lists that are subject to amendment.
As previously discussed, the parties will not be filing
a pretrial order until sometime after the September 22
conference.

(2) Disclosure of Witnesses:  Plaintiffs to provide
their order of witnesses on September 30 (that is, two
Fridays prior to the beginning of plantiffs'
case-in-chief).  Defendants to provide their order of
witnesses by a date that provides an equal amount of
time before the beginning of defendants' case-in-chief
(that is, equal to the time between September 30 (when
plaintiffs will provide their order of call) and the
beginning of plaintiffs' case-in-chief).  Each side to
provide the other with updates to the order of
witnesses by the end of the day on Friday for witnesses
to be called during the following week.

(3) Disclosure of Exhibits to Be Used With Each Witness
:  Each side to provide the other via email with
identification of the exhibits to be used, and copies
of exhibits to be used, with each witness by 9 am on
the day before the witness is called (we agreed to
further discuss how this procedure would work for
witnesses called for Mondays).

(4) Objections to Exhibits:  After each side provides
the other via email with identification of the exhibits
to be used with each witness by 9 am on the day before
the witness is called, the opposing party raises
objections with the Court, and the Court then rules on

those objections, for example, in the morning before
the witness testifies.  Defendants reserve the right to
raise additional objections as documents are being used
with witnesses.

(5) Revised Overall (i.e., Non-Witness-Specific)
Exhibit Lists:  Plaintiffs and defendants agreed to
consider future dates for providing realistic,
winnowed-down exhibit lists.

| | | |
|---|---|---|
| "Peter Nordberg" <pn@nordbergonline.com> | | To |
| | "'Mark Nomellini'" <mnomellini@kirkland.com> | |
| 09/22/2005 08:23 AM | | cc |
| | | Subject |
| | RE: Cook et al. v. Rockwell et al. | |
| Please respond to <pnordberg@bm.net> | | |

Mark,

I will not have time to review this before today's
conference.  Although I
can't promise, therefore, that I agree with every
nuance or particular, I
can say I didn't detect any glaring inaccuracies on a
quick first reading.

One caveat.  We won't bring up your scheduling proposal
if defendants don't.
Obviously we're not going to tie our hands if
defendants bring something up
first.  So if defendants mention the substance of the
written proposal,
we'll feel free to address it.  If defendants mention
only the fact that the
written proposal was made, without going into the
substance, we'll feel at
liberty to address the fact that a proposal was made,
without delving into
the substance of it.  If defendants mention only that

we're in discussions,
we'll agree that we're in discussions.  If defendants
say that they're
optimistic, we'll comment on our own level of optimism
or lack thereof.  As
you might gather, I still don't have a response for you
on the scheduling
proposal.  We'll also feel at liberty to comment on our
own scheduling
ideas, if any, outside the context of defendants'
proposal.

-- Peter


-----Original Message-----
From: Mark Nomellini [mailto:mnomellini@kirkland.com]
Sent: Wednesday, September 21, 2005 4:14 PM
To: pnordberg@bm.net; jmacnaughton@bm.net
Cc: Douglas Kurtenbach; Ellen Ahern
Subject: Cook et al. v. Rockwell et al.

Peter,

This will memorialize our call this afternoon, and sets
forth the status of negotiations regarding witnesses,
exhibits, and other pre-trial topics.  Let me know if
you have any changes.

(1) Pretrial order. We agreed that the pretrial order
was to contain parties' good-faith, then-current
witness lists, exhibit lists, and deposition
designations, with the pretrial order stating that they
are all good-faith lists that are subject to amendment.
As previously discussed, the parties will not be filing
a pretrial order until sometime after the September 22
conference.

(2) Disclosure of Witnesses:  Plaintiffs to provide
their order of witnesses on September 30 (that is, two
Fridays prior to the beginning of plantiffs'
case-in-chief).  Defendants to provide their order of
witnesses by a date that provides an equal amount of
time before the beginning of defendants' case-in-chief
(that is, equal to the time between September 30 (when
plaintiffs will provide their order of call) and the
beginning of plaintiffs' case-in-chief).  Each side to
provide the other with updates to the order of
witnesses by the end of the day on Friday for witnesses
to be called during the following week.

(3) Disclosure of Exhibits to Be Used With Each Witness
:  Each side to provide the other via email with
identification of the exhibits to be used, and copies
of exhibits to be used, with each witness by 9 am on
the day before the witness is called (we agreed to
further discuss how this procedure would work for
witnesses called for Mondays).

(4) Objections to Exhibits:  After each side provides

the other via email with identification of the exhibits
to be used with each witness by 9 am on the day before
the witness is called, the opposing party raises
objections with the Court, and the Court then rules on
those objections, for example, in the morning before
the witness testifies.  Defendants reserve the right to
raise additional objections as documents are being used
with witnesses.

(5) Revised Overall (i.e., Non-Witness-Specific)
Exhibit Lists:  Plaintiffs and defendants agreed to
consider future dates for providing realistic,
winnowed-down exhibit lists.

(6) Trial Schedule:  We discussed the fact that
defendants may provide a revised proposed trial
schedule and that, if defendants were to do so,
plaintiffs would not attempt to use such a proposal
against defendants.

(7)  Deposition Designations.  As I mentioned in a
prior e-mail, defendants are prepared to exchange
deposition designations.  You indicated that you would
get back to me on when plaintiffs may be prepared to
so.

(8) Defendants' Motion to Compel Depositions:  You
indicated that plaintiffs opposed defendants' request
to take depositions of Howard Lacy, Jon Lipsky, Charles
McKay, Zimmie Fae Williams, Gertrude Babb, Richard
Bartlett, Sally Bartlett, Merilyn Cook, and Richard
Schierkolk.  You further indicated that you would need
to check on whether plaintiffs would oppose defendants'
request to depose Karen Bannister, Richard Bartlett,
Jr., Richard Kaufman, and Wes McKinley.

(9) Jury Venire Order.  You indicated that plaintiffs
would be sending defendants a proposed jury venire
order for defendants' consideration.

<font size=2 face="monospace,courier">
***********************************************************

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for

the use of the addressee.  It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International
LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly
prohibited
and may be unlawful.  If you have received this
communication in error, please notify us immediately by

return e-mail or by e-mail to postmaster@kirkland.com,
and
destroy this communication and all copies thereof,
including all attachments.
***********************************************************

```
</font>
```

```
<font size=2 face="monospace,courier">
************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee.  It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful.  If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************
</font>
```