**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

              v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' MOTION TO EXCLUDE WITNESSES FOR WHOM DISCOVERY
HAS NOT BEEN PROVIDED**
_____

Pursuant to Fed. R. Civ. P. 37(b), Defendants respectfully move to preclude the trial testimony of witnesses concerning whom Court-ordered discovery has not been provided. Specifically, Defendants move to preclude the trial testimony of Jon Lipsky, Wesley McKinley, and Zimmie Fae Williams.

**ARGUMENT**

**I.    LIPSKY, MCKINLEY, AND WILLIAMS SHOULD BE BARRED FROM TESTIFYING AT TRIAL BECAUSE PLAINTIFFS HAVE FAILED TO COMPLY WITH THE COURT'S SEPTEMBER 22, 2005 DISCOVERY ORDER.**

On September 21, 2005, Defendants moved to compel discovery of, *inter alia*, certain new witnesses on Plaintiffs' September 16, 2005 trial witness list (Richard Bartlett, Jr., Karen

Bannister, Richard Kaufman, and Wesley McKinley) and previously-disclosed witnesses for whom depositions had not been provided (Jon Lipsky, Howard Lacy, Charles McKay, and Zimmie Fae Williams).  At the pretrial conference on September 22, 2005, the Court ruled that Defendants may depose the new witnesses prior to September 28, 2005, and that Defendants may serve interrogatories on the witnesses for whom depositions had not been provided:

> MR. BERNICK:  I think I understand we have these categories.  We have the named plaintiffs, who have been deposed before.  It's easy to understand your Honor's determination with respect to them.  We have new witnesses, who have not been deposed as plaintiffs' new witnesses, and I don't know that your Honor's direction just now addresses the new witnesses not previously disclosed.
>
> THE COURT:  I said you can take their depositions.
>
> MR. BERNICK:  Take their depositions.  And the same thing would apply to our people.
>
> THE COURT:  Right.
>
> MR. BERNICK:  And with respect to the people who are old that were designated before, one of them was deposed, which is Mr. McKay, and would fall well within the guidance that your Honor offered.  We then have three people, Lipski, Lacy and Williams who were never deposed, and may I make a suggestion, which is that if we could just get a statement -- doesn't have to even be a sworn statement.
>
> THE COURT:  I said, you can send them interrogatories.
>
> MR. BERNICK:  Send them interrogatories.
>
> THE COURT:  Yes.

2

(9/22/05 Tr. at 101-03, attached as Ex. 1)  Thereafter, Plaintiffs told Defendants that they would prefer to produce witnesses for deposition rather than answer interrogatories.  (*See* 9/23/05 email from M. Davidoff, attached as Ex. 2)

Consistent with the Court's instruction that the additional depositions take place on or before September 28, 2005, Defendants immediately attempted to schedule depositions.  (*See* 9/23/05 email from D. Kurtenbach, attached as Ex. 2)  Depositions were scheduled[1] and agreements reached[2] for a handful of witnesses.  However, for others (Jon Lipsky, Wesley McKinley, and Zimmie Fae Williams), Plaintiffs have failed to provide Defendants with discovery and refuse to agree to provide such discovery at a later date.

Instead, Plaintiffs have taken the position that they do not control Lipsky, McKinley, and Williams,[3] and will not produce them for deposition.[4]  (9/23/05 email from M. Davidoff,

---

[1]  McKay's deposition has been taken, although Plaintiffs improperly limited the time for McKay's deposition to two hours.  Bannister's deposition has been scheduled.

[2]  The parties have agreed that Bartlett, Jr., Baca (a witness added by Plaintiffs shortly after the September 22 hearing), and Lacy can be deposed at dates yet to be determined and prior to their testimony at trial.  Regarding Howard Lacy, at the September 22, 2005 hearing Plaintiffs told Defendants that Lacy lives in Arizona and may be too ill to testify.  Defendants therefore proposed to Plaintiffs that they be allowed to take Mr. Lacy's deposition a day or two prior to his trial testimony if he is able to travel to Denver to testify.  (Ex. 5, 9/28/05 email from E. Ahern)  Plaintiffs have stated that they would not oppose a deposition of Lacy based on timeliness if he indeed comes to Denver to testify.  (Ex. 6, 9/28/05 email from E. Noteware)  However, Plaintiffs have not agreed to produce Lacy, and they have not stated whether they will attempt to impose a time limit on his deposition (as they have attempted to do elsewhere).  If Plaintiffs do not produce Bartlett, Baca, or Lacy for deposition as agreed, these witnesses should be barred from testifying at trial.   *See* Fed. R. Civ. P. 37(b)(2)(B).

[3]  Plaintiffs say they would "encourage" Williams to attend a deposition prior to her testimony, but refuse to ensure her attendance.  They also seek to limit any deposition of Williams to one

3

attached as Ex. 2 ("absolutely no control over Lipsky"); 9/25/05 email from P. Nordberg, attached as Ex. 3 (claiming no control over Williams); 9/24/00 email from E. Noteware (claiming no control over McKinley), attached as Ex. 4)  This position is disingenuous.  These individuals are identified on Plaintiffs' trial witness list.  All of these witnesses reside more than 100 miles from Denver, outside of the subpoena power of the Court.  *See* Fed. R. Civ. P. 45(c)(3)(a)(2) (subpoena generally may be quashed if it requires more than 100 miles of travel).[5]  Thus, if they are to testify at trial on Plaintiffs' behalf, either they have agreed to appear voluntarily or agreed to accept service of trial subpoenas from Plaintiffs.  Either way, they are not neutral parties outside Plaintiffs' control.  If Plaintiffs are able to procure the presence (and cooperation) of these witnesses to appear in Denver to testify on their behalf at trial, they are able to procure their presence for a deposition.  To take Plaintiffs at their word – that they can get these individuals to appear to testify at trial, but not for a deposition – is nothing short of sand bagging.  Because Plaintiffs have refused to produce these witnesses for deposition, they should not be allowed to offer these witnesses' testimony at trial.  *See* Fed. R. Civ. P. 37(b)(2)(B) (court

---

hour, which Defendants have told Plaintiffs is not acceptable.  (Ex. 7, 9/27/05 email from P. Nordberg; Ex. 5, 9/28/05 email from E. Ahern)

[4] Because agreements to ensure adequate discovery depositions had not been reached with Plaintiffs, Defendants served interrogatories on Plaintiffs concerning the testimony of Lipsky, McKinley, Williams, and others on September 26, 2005, consistent with the Court's ruling.  (Ex. 1, 9/22/05 Tr. at 101-02)  Plaintiffs have informed Defendants that they do not believe they are obligated to respond.  (Ex. 7, 9/27/05 email from P. Nordberg)

[5] Lipsky lives in California, McKinley lives in Walsh, Colorado (approximately 275 miles from Denver), and Williams lives in Texas.

may make just sanctions for party's failure to comply with discovery order, including an order that the matter about which discovery was not given does not come into evidence).

Defendants have conferred in good faith with Plaintiffs on these issues.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court preclude and bar Plaintiffs from calling Jon Lipsky, Wesley McKinley, and Zimmie Fae Williams at trial.

Dated: September 30, 2005                                       Respectfully submitted,


/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

5

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                      /s/ Kari Knudsen_____
                                      Kari Knudsen (legal assistant)