**Exhibit 1**

90CV181PC.txt

```
 1            IN THE UNITED STATES DISTRICT COURT
 2               FOR THE DISTRICT OF COLORADO
 3   Civil Action No. 90-CV-00181
 4   MERILYN COOK, et al.,
 5        Plaintiffs,
 6   v.
 7   ROCKWELL INTERNATIONAL CORPORATION, and
     THE DOW CHEMICAL COMPANY,
 8
          Defendants.
 9
_____
10
                      REPORTER'S TRANSCRIPT
11                     PRETRIAL CONFERENCE
_____
12
13        Proceedings before the HONORABLE JOHN L. KANE, JR.,
14   Senior Judge, United States District Court for the District of
15   Colorado, commencing at 1:30 p.m., on the 22nd day of September,
16   2005, in Courtroom A802, Alfred A. Arraj United States
17   Courthouse, 901 19th Street, Denver, Colorado.
18                           APPEARANCES
19        MERRILL GENE DAVIDOFF, PETER NORDBERG, LOUISE ROSELLE,
20   BERGER & MONTAGUE, 1622 Locust Street, Philadelphia, PA. 19103,
21   and;
22                Suzanne M. Claar, Official Reporter
                          901 19th Street
23                 Denver, Colorado 80294-3589
                          (303)825-8874
24
          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
25                TRANSCRIPT PRODUCED BY COMPUTER
```

Page 1

90CV181PC.txt

```
 3              MR. DAVIDOFF:  Okay.
 4              THE COURT:  It's hard to figure out, but I don't know
 5      what else I can do.
 6              MR. DAVIDOFF:  Then I have -- that's a daunting task
 7      because if they could have asked the question that they didn't
 8      ask, and if I have to figure out whether they asked the question
 9      that they didn't ask, September 28th is a -- not a realistic
10      deadline.
11              The other part of the clarification I was seeking, I am
12      respectfully suggesting it's not realistic.  I would suggest
13      maybe five days before the witness's testimony would be more
14      appropriate.
15              THE COURT:  I need to get it done before trial.  I
16      really do.
17              MR. DAVIDOFF:  All right.  The other clarification is
18      you said you want a sworn statement.  I may not be able to get
19      sworn statements from every witness.
20              THE COURT:  You can fax it, but they can sign it sworn
21      wherever they like, and if you can't get it because they are not
22      your clients or something of that nature, then notify
23      Mr. Bernick, and we will figure out what to do.
24              MR. DAVIDOFF:  Well, many of our witnesses do fall in
25      that category.
```

101

90CV181PC.txt

```
 1          THE COURT:  You can ask them, can't you, to go ask them
 2   to file a sworn statement.  It seems to me, it isn't going to save
 3   hurt to ask them.  If they say no, I suppose I can issue a
 4   subpoena to have their deposition taken.  We are trying to
 5   them time too.
 6          MR. DAVIDOFF:  All right.
 7          MR. BERNICK:  I think I understand we have these
 8   categories.  We have the named plaintiffs, who have been deposed
 9   before.  It's easy to understand your Honor's determination with
10   respect to them.
11          We have new witnesses, who have not been deposed as
12   plaintiffs' new witnesses, and I don't know that your Honor's
13   direction just now addresses the new witnesses not previously
14   disclosed.
15          THE COURT:  I said you can take their depositions.
16          MR. BERNICK:  Take their depositions.  And the same
17   thing would apply to our people.
18          THE COURT:  Right.
19          MR. BERNICK:  And with respect to the people who are
20   old that were designated before, one of them was deposed, which
21   is Mr. McKay, and would fall well within the guidance that your
22   Honor offered.  We then have three people, Lipski, Lacy and
23   Williams who were never deposed, and may I make a suggestion,
24   which is that if we could just get a statement -- doesn't have
25   to even be a sworn statement.
```

102

90CV181PC.txt

```
 1         THE COURT:  I said, you can send them interrogatories.
 2         MR. BERNICK:  Send them interrogatories.
 3         THE COURT:  Yes.
 4         MR. BERNICK:  Okay.  And that would be fine.
 5         THE COURT:  Okay.  All right.
 6         MR. NORDBERG:  Your Honor, can I just get clarification
 7    on one point?
 8         THE COURT:  Yes, sir.
 9         MR. NORDBERG:  This has all come up, your Honor, in the
10    context of a motion filed by defendants about twelve witnesses.
11         Do we have to go back through the entire corpus of all
12    the witnesses on our list?
13         THE COURT:  No.
14         MR. NORDBERG:  Just the twelve, correct.
15         THE COURT:  Yes.
16         MR. NORDBERG:  I just want to be clear, your Honor.
17         MR. BERNICK:  With respect to, and again by way of
18    saving timing, suggestion.  With respect to Kaufman, the AUSA,
19    and McKinley and Lipski.  Lipski again is FBI.
20         THE COURT:  Why can't you people get them on the phone
21    and talk to them?  Why don't we do that?  Is it possible?  A
22    retired FBI agent isn't going to be that difficult to talk to.
23         MR. BERNICK:  But what I am focused on -- I don't know,
24    for example, McKinley is the grand jury foreman.  What is the --
25    instead of hunting in the dark about what he is being proffered
```

Page 38

90cv181PC.txt

103

```
 1    for, why don't we find out what he is being proffered for.
 2              THE COURT:  That's what I expect you to do, to find out
 3    what he is being proffered for.  It seems to me you can get on
 4    the phone.  There are people in lawsuits who can't afford
 5    depositions, and that's what they do, so it's worth a try.
 6              MR. BERNICK:  Certainly even if they are not willing to
 7    talk, what I am raising about those people in particular, is
 8    they fall within this area where your Honor has been very clear
 9    about what it is that is going to be permitted or not.  And if
10    there is any ambiguity if it's something else that we haven't
11    foreseen, let's put it out in the open.  I don't know what a
12    grand jury foreman could testify to now other than how was the
13    grand jury foreman we met.
14              THE COURT:  That may well.  They might be deciding not
15    to call him after they heard what I have to say.  But I think if
16    you talk to one another, you can work it out.  You have seen
17    what the parameters are.  And I am just trying to cut to the
18    chase.  Okay?
19              Is there anything else we need to do today?  Anything
20    else?  Okay.  Thank you, gentlemen.  And ladies.
21              (Proceedings concluded at 2:35 p.m.)
22
23
24
```