**Exhibit 3**



"Peter Nordberg" &lt;pn@nordbergonline.com&gt;
09/25/2005 02:51 PM

Please respond to &lt;pnordberg@bm.net&gt;

To: "'Ellen Ahern'" &lt;eahern@kirkland.com&gt;, "'Douglas Kurtenbach'" &lt;dkurtenbach@kirkland.com&gt;

cc: "'Merrill Davidoff'" &lt;mdavidoff@bm.net&gt;, "'Susan Leo'" &lt;sleo@bm.net&gt;, "'David Sorensen'" &lt;dsorensen@bm.net&gt;, "'Ellen Noteware'" &lt;enoteware@bm.net&gt;, "'Jenna MacNaughton-Wong'" &lt;jmacnaughton@bm.net&gt;, "'Karen Markert'" &lt;kmarkert@bm.net&gt;, "'Anne Ebbesen'" &lt;aebbesen@bm.net&gt;, "'Louise Roselle'" &lt;louiseroselle@wsbclaw.com&gt;, "'Gary B. Blum'" &lt;blumg@s-d.com&gt;, "'Holly Shook'" &lt;shookh@s-d.com&gt;

bcc:

Subject: RE: Depositions -- McKinley

Doug and Ellen,

This will respond to your e-mails about depositions. If I have missed an e-mail, let me know, as there have been several.

We intend to provide statements for the class representatives, rather than making them available for further deposition.

We will attempt to make the two class representative family members available for short depositions this week. We are in the process of contacting them and will have to get back with you about the schedule.

We do intend to call Ms. Williams at trial. We do not control her schedule and are not in a position to commit to her availability for a deposition during trial.

We do intend to call Mr. McKinley as well. He will be subpoenaed. We are mindful of the Court's rulings on the motions in limine, and mindful as well of Fed. R. Crim. P. 6(e). We believe that Mr. McKinley likely has knowledge of relevant facts not within the scope of the restrictions imposed by the Court's rulings or Rule 6(e). The presumptive purpose of the deposition which defendants themselves have sought would be to explore the scope and content of that knowledge, exactly as has been done with every other witness previously deposed. The question of what witnesses plaintiffs have and have not spoken to, and what the content of any such communications may have been, involves potential elements of work product. I do not know whether a work product objection will be raised at deposition, nor whether it will be sustained if raised, but plaintiffs' counsel will not agree to be deposed by e-mail on the subject -- just as I'm sure defense counsel would not. No one has drawn to our attention any special provisions or procedures for securing testimony from persons holding the office of Colorado state legislator (whether or not defendants would have standing to assert rights under any such provisions). If defendants' own research reveals any such provisions, I assume that you may bring them to our attention.

I believe we are waiting to hear whether you will seek to depose Mr. Baca.

I believe Merrill Davidoff has already advised Doug by e-mail that we do not control the previously undeposed witnesses who are present or former employees of the Departments of Justice and Energy.

Please let me know promptly what questions about depositions this leaves outstanding.

Thank you.

```
-- Peter Nordberg
```

Case No. 1:90-cv-00181-JLK   Document 1478-3   filed 09/30/05   USDC Colorado   pg 3 of 3