# Exhibit 5



| | | |
|---|---|---|
| Ellen Ahern/Chicago/Kirkland-Ellis<br>09/28/2005 08:21 AM | To | <pnordberg@bm.net> |
| | cc | "'Anne Ebbesen'" <aebbesen@bm.net>, "'Gary B. Blum'" <blumg@s-d.com>, "'Douglas Kurtenbach'" <dkurtenbach@kirkland.com>, "'David Sorensen'" <dsorensen@bm.net>, "'Ellen Noteware'" <enoteware@bm.net>, "'Jenna MacNaughton-Wong'" <jmacnaughton@bm.net>, "'Karen Markert'" <kmarkert@bm.net>, louiseroselle@wsbclaw.com, "'Merrill Davidoff'" <mdavidoff@bm.net>, "'Holly Shook'" <shookh@s-d.com>, "'Susan Leo'" <sleo@bm.net> |
| | bcc | Stephanie Brennan/Chicago/Kirkland-Ellis@K&E; Amy C Haywood/Chicago/Kirkland-Ellis@K&E; Mark Nomellini/Chicago/Kirkland-Ellis@K&E; dpoland@gklaw.com |
| | Subject | RE: Cook v. Rockwell -- further on depositions |

Peter:

Our understanding is that Mr. McKinley lives in Walsh, which I am told is more than 100 miles from the courthouse. When we attempted to reach McKinley in his Denver office, his outgoing message suggests that he is in Walsh. That would be outside the subpoena power of the court. You still have not answered my questions related to McKinley -- has he agreed to accept service of a trial subpoena from plaintiffs?

Your proposal regarding Williams will not suffice. The court never imposed a one hour time limit on any depositions. Indeed, plaintiffs asked for such a limit and the Court declined to impose it. Your offer to "encourage" the deposition is also insufficient. Your position regarding Williams' cooperation is disingenuous. You have said she lives in Texas which is well beyond the subpoena power of the court. Has she or her counsel agreed to accept service of a trial subpoena from plaintiffs? If she is going to testify at trial, it appears that she has agreed to come to Denver voluntarily to testify on plaintiffs' behalf or that plaintiffs are arranging for her to come to Denver. Either way, she is your witness (not some neutral non-party) and given the Court's ruling, we expect to be able to have discovery of her anticipated testimony if she is to testify at trial.

As for Lacy, we are looking to you for suggestions. Our proposal was that if he was to testify at trial, we would like to take a short deposition of him in Denver a day or two before he testifies. You have not said whether you would agree to that proposal. What other suggestion do you have?

Regarding the interrogatories, if you examine the actual 9/22/05 transcript itself, you will see that David Bernick expressly asked about witnesses whose names arose earlier in the case but who were never deposed (and David specifically mentioned Lipsky, Lacy and Williams as examples). In response, Judge Kane replies that defendants may send interrogatories for such witnesses. *See* 9/22/05 transcript at 102-103. Our interrogatories fall within that ruling. We expect interrogatory answers from plaintiffs consistent with the Court's actual directive on the matter as set forth in the transcript.

--Ellen Ahern