IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER OR TO QUASH DISCOVERY**

For the reasons set forth in the accompanying Memorandum of Law, plaintiffs move the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a protective order quashing discovery sought by defendants of Karen Banister, a third-party witness in this case.

Respectfully submitted,

Dated: October 3, 2005

        /s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
PROTECTIVE ORDER OR TO QUASH DISCOVERY**

## I. INTRODUCTION

On September 22, the Court permitted defendants to take depositions of plaintiffs' newly disclosed witnesses. *See* Ex. 1 (9/22/05 Tr.) at 97. The Court's ruling did not authorize document production. *See generally* Ex. 1 (9/22/05 Tr.) at 79-103. At defendants' request, plaintiffs consulted with Karen Banister, a third-party witness, to find an agreeable time for her deposition, and informed defendants on September 27 that Ms. Banister would be available on October 3. *See* Ex. 2 (e-mail chain ending Sept. 29, 2005). On September 29, defendants transmitted by e-mail document requests for Ms. Banister. *See* Ex. 3 (e-mail of Sept. 29, 2005). A few days later, on October 1, 2005, defendants e-mailed plaintiffs' counsel a copy of a deposition subpoena with the document requests attached. *See* Ex. 4 (e-mail of Oct. 1, 2005).

Plaintiffs informed defendants that Ms. Banister would appear voluntarily. *See* Ex. 5 (e-mail chain ending Oct. 1, 2005). At no time does it appear that defendants actually served Ms. Banister with the subpoena or document requests.

Although proper service of the document subpoena was likely not accomplished,[1] plaintiffs file the instant Motion for Protective Order to prevent further harassment of Ms. Banister. Moreover, plaintiffs request that the Court interdict any other harassing last-minute document requests from defendants which are intended to intimidate witnesses, impede plaintiffs' trial preparation, or both.[2] Plaintiffs have also prepared objections to these document requests (attached as Ex. 6).

## II.   ARGUMENT

The Federal Rules of Civil Procedure provide that "for good cause shown, the court . . . may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). The order may provide that "discovery not be had" or that "discovery may be had only on specified terms or conditions." FED. R. CIV. P. 26(c)(1) and (2). The Court has broad discretion and flexibility to fashion an appropriate protective order. *See Cummings v. General Motors Corp.*, 365 F.3d 944, 952-53

---

[1] Rule 45 requires service of a subpoena by hand delivery. *See* Fed. R. Civ. P. 45; *see also Windsor v. Martindale*, 175 F.R.D. 665, 669-70 (D. Colo. 1997) (Rule 45 requires hand delivery; service by mail is not sufficient).

[2] The parties have already agreed upon a document-exchange protocol for trial witnesses and the Court has entered an Order memorializing the same. *See* Order on Joint Motion for Clarification Re September 22, 2005 Minute Order, filed Sept. 28, 2005.

(10th Cir. 2004). As shown below, there is good cause for this Court to grant plaintiffs' Motion for Protective Order and order that this proposed discovery not be had.

Although the Federal Rules of Civil Procedure allow for broad discovery, FED. R. CIV. P. 26(b)(1), it is not without limitation. To prevent abusive tactics of a party during discovery, the Rules expressly permit the Court to limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of an issue, and the importance of the discovery in resolving the issue. FED. R. CIV. P. 26(b)(2)(iii).

The burden of the requested discovery outweighs its dubious benefits, and would do so even if it were not served on the eve of trial. Ms. Banister is not a party to this lawsuit, and her testimony will be brief and limited. As plaintiffs have informed defendants and the Court, "Ms. Banister will testify about her experiences living in the class area on property owned by her parents, Richard and Sally Bartlett." *See* Plaintiffs' Submission of (1) Statement Regarding Rocky Flats' Mission; (2) List of Lawyers and Witnesses for Jury Questionnaire; and (3) Witness List, filed Sept. 29, 2005, attachment 3 (witness list). Defendants have already conducted extensive discovery about Mr. and Mrs. Bartlett's property. In addition, Mr. and Mrs. Bartlett have recently filed supplemental disclosures. Ms. Banister did not hold an ownership interest in the property. Any documents relating to that property that Ms. Banister has in her possession, if any, are likely duplicative of documents produced by the Bartletts.

The document request is vague and extremely broad, especially considering that Ms. Banister is not a party. The requests seek, among other things, all documents relating to Rocky

Flats, DOE and several other governmental agencies, and several corporations.  *See* Ex. 7 (subpoena and document request).  The requests also seek any documents relating to *any* real property, whether owned by Ms. Banister or not, whether in the class area or not.  *See id.*  These requests clearly do not represent a good-faith effort to obtain information about Ms. Banister's testimony, particularly as she will be deposed on October 3.  Moreover, most or all of the information defendants seek could be more easily acquired from publicly available sources, such as city or county property records or the Rocky Flats Reading Room.  Nonetheless, plaintiffs' counsel are producing the lone document given to them by Ms. Banister.

It would be incredibly burdensome to require plaintiffs' counsel and a minor third-party witness to conduct such an extensive document search on the eve of trial.  The intent of this additional discovery was to allow defendants to obtain information about plaintiffs' witnesses and their testimony.  Defendants will depose Ms. Banister on October 3, and can obtain any desired information at that time.  Nothing more will be accomplished by allowing defendants to further harass a third-party witness who has already taken time away from her business and her family for a deposition and to testify in court.

### III.  CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court enter an Order quashing defendants' document discovery on Karen Banister or a Protective Order limiting that discovery.

Respectfully submitted,

Dated: October 3, 2005

   /s    Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs