1622 LOCUST STREET  I  PHILADELPHIA, PA 19103-6305  I  phone 215/875-3000  I  fax 215/875-4604  I  www.bergermontague.com

## Berger & Montague, P.C.
ATTORNEYS AT LAW

MERRILL G. DAVIDOFF     ALSO ADMITTED IN NY
WRITER'S DIRECT DIAL    |   215/875-3084
WRITER'S DIRECT FAX     |   215/875-4671
WRITER'S DIRECT E-MAIL  |   mdavidoff@bm.net

October 3, 2005

*VIA HAND DELIVERY*

Stephanie Brennan
Kirkland & Ellis LLP
717 17th Street, Suite 1300
Denver, CO 80202

Dear Ms. Brennan:

Plaintiffs object to the subpoena served on Karen Banister by defendants in the case of Cook v. Rockwell International Corp.

As a preliminary matter, plaintiffs have informed you that we cannot accept service for Ms. Banister. However, you have twice e-mailed us the document requests, without (as far as we know) effecting service on Ms. Banister. Accordingly, your document requests are not legally binding. Nonetheless, if you were to accomplish service on Ms. Banister, our objections would be as follows:

The document requests are vague, overly broad, and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Requests one, three, and four call for all documents relating in any way to Rocky Flats or to any of several corporations and state and federal agencies. Because the subject matter of these requests is so vague and so broad, it would represent a substantial burden to review all documents in this witness' possession to see which ones, if any, might be considered responsive. Even if some such documents may be in Ms. Banister's possession, much if not all of the information you may be seeking would be much more conveniently available from public sources, or from the entities named in your subpoena, without putting Ms. Banister to the burden and expense of attempting to locate it. Finally, it is harassment to serve such requests on the eve of trial and without Court authorization.

The same is true of your second request, which calls for all documents relating to any person's property in any of several different Colorado municipalities. Even if this request were limited to properties she may own, it would represent a major burden and expense to locate and identify documents covering all the broad categories in your request, especially in the relatively short time allotted.

1

**Berger & Montague, P.C.**
ATTORNEYS AT LAW

It is also possible that some documents falling under your subpoena would involve privacy or confidentiality concerns, or would reflect information subject to various legal privileges and protections, such as attorney-client communications.

Ms. Banister ran a business on her parents' property, however, any claim she had for damages to her business is not part of this trial. To serve such wide-reaching document requests on the eve of trial is disruptive to plaintiffs' trial preparation and burdensome to Ms. Banister.

Very truly yours,

Merrill G. Davidoff

2