```
                                                                        1

  1                  IN THE UNITED STATES DISTRICT COURT

  2                      FOR THE DISTRICT OF COLORADO

  3    Civil Action No. 90-cv-00181(JLK)

  4    MERILYN COOK, et al.,

  5         Plaintiffs,

  6    vs.

  7    ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL
       COMPANY,
  8
            Defendants.
  9
  _____

 10
                              REPORTER'S TRANSCRIPT
 11                          (Pretrial Conference)

 12
  _____

 13         Proceedings before the HONORABLE JOHN L. KANE, JR.,

 14    Senior Judge, United States District Court for the District of

 15    Colorado, commencing at 10:22 a.m., on the 22nd day of

 16    September,  2005, in Courtroom A802, United States Courthouse,

 17    Denver, Colorado.

 18

 19

 20

 21

 22

 23

 24    Proceeding Recorded by Mechanical Stenography, Transcription
          Produced via Computer by Gwen Daniel, 901 19th Street,
 25        Room A259, Denver, Colorado, 80294, (303) 629-9285
```

64

1   anterooms, are those holding pins for witnesses?

2          THE COURT:  I've never heard them used in that phrase

3   before.  There is a witness room back there and then there is

4   an attorney conference room.  Why, I don't know, but they

5   didn't put a thing you plug in for computers into the lawyers'

6   room, but the -- outlet I guess they're called.  But anyway

7   those are rooms back there for the witnesses.

8          MR. KURTENBACH:  Does your Honor have any problem with

9   us using those rooms throughout the trial?

10         THE COURT:  No.

11         MR. DAVIDOFF:  I did want to raise an issue about

12  witnesses and logistics dealing with witnesses that I think is

13  important.  If the defendants are going to invoke Rule 615, the

14  exclusion rule on witnesses -- the witness exclusion rule, the

15  Federal Rule of Evidence, I think we need to know that now,

16  because there's some logistical and substantive issues.

17         THE COURT:  All right.  Talk to them about that over

18  the break as well and we'll see what we can do.

19         Now I do want to handle one thing -- we'll get to this

20  motion to compel discovery after lunch, but the other thing, I

21  was somewhat surprised to get this plaintiffs' motion regarding

22  the privacy of the jury venire.  That's our standard rule here,

23  we don't permit investigations and interviews of neighbors and

24  people like that.

25         MR. BERNICK:  There's not an issue there.  The only

 65

1    issue that that implicated, and I had a conversation with
2    Mr. Davidoff before we started this morning, and it may be that
3    this is a non-issue, is that obviously once we know who the
4    venire is we're not going to contact them and we're not going
5    to do background checks, that's not in the cards.  No one ever
6    raised that with us.  It's never something we said.  We really
7    don't want to do that.
8              THE COURT:  We just don't do it.
9              MR. BERNICK:  I understand.  But we do want to conduct
10   what we believe we are entitled to do, which is jury research,
11   survey work, whatever, in advance of knowing what the venire
12   is.  That is, we may want to make telephone calls or conduct a
13   survey with the view of finding out jury attitudes in this
14   area, which is fairly common practice now.  If it turns out
15   that one of the people that we happen to have contacted is then
16   a part of the venire --
17             THE COURT:  That's a question that's on the jury
18   questionnaires:  Do you know anybody?  Have you been contacted?
19   And so forth.
20             MR. BERNICK:  We are agreeable to the disqualification
21   of that individual, but otherwise this is not controversial.
22             MR. DAVIDOFF:  Your Honor, if it's not controversial I
23   would feel more comfortable if it were entered, because some of
24   those practices, like Google searches and ordering credit
25   reports and going to neighborhoods -- I mean this is something

66

1    that unfortunately, and I'm not saying it would happen --

2            MR. BERNICK:  This is a way of saying he won't accept

3    my representation.

4            THE COURT:  I will accept your representation, but it

5    is a standard order, and I'm ordering it right now, that none

6    of that is to go on, the DMV checks, credit ratings, anything

7    that interferes with the privacy of the jury.  If there has

8    been -- as to one of these samplings that you said, and so

9    forth, and I suspect there has been, and somebody on the jury

10   has already been contacted, then they'll be excused.  All

11   right?  Okay.  Let's come back at 1:30.

12        (Recess at 11:56 a.m.)

13                    REPORTER'S CERTIFICATE

14      I certify that the foregoing is a correct transcript from

15   the record of proceedings in the above-entitled matter.  Dated

16   at Denver, Colorado, this 23rd day of September, 2005.

17

18
_____
                                            Gwen Daniel
19

20

21

22

23

24

25