RECEIVED JUN 19 1995

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 90-K-181

MERILYN COOK, et al.,

    Plaintiffs,

-vs.-

ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUN 16 1995
JAMES R. MANSPEAKER
CLERK

---

## ORDER

---

Borchers, Magistrate Judge

    THIS MATTER comes before the Court on the motion of Defendant Rockwell International Corporation (Rockwell) for authorization to communicate with former employees who are members of the Plaintiff Class. Defendant Dow Chemical Corporation (Dow) has filed an identical motion.

    The Court has reviewed the motions and responses from Plaintiffs. A hearing on the motions was held and argument provided by counsel. The motions then were taken under advisement. Further argument is waived.

I.

    Defendants contracted with the United States Department of Energy and its predecessor, the Atomic Energy Commission, to operate the Rocky Flats Nuclear Weapons Plant located in Jefferson County, Colorado. As contractors, both Defendants hired employees to work at the plant.

    The Plaintiff Class consists of individuals, corporations, and other legal entities who have property near the Rocky Flats Plant

(Plant). Simply stated, Plaintiffs have alleged that Defendants, through negligence and otherwise, created health risks with leaks of chemicals, atomic particles and similar materials at the Plant. They have alleged various problems that have arisen or will arise in the future. Plaintiffs are seeking damages and other relief from Defendants.

During the course of the litigation in this case, Judge John Kane certified the class. The Court then established an opt-out procedure and appointed an opt-out agent. As of the date of the issuance of this order, the opt-out period was still open.

Defendants have requested permission to talk with Class Members who are former employees of either or both of the Defendants. Presumably, some of the former employees live within the geographic area surrounding the Plant. The exact number appears to be unknown. At least no number has been provided to the Court.

Defendants have argued that there is a right to talk with some of these employees, as their testimony may be necessary for the defense of the case. Counsel for the Plaintiffs argue that no *ex parte* communications are proper, as counsel now represent all members of the class until there is an opt-out. Counsel for Plaintiffs have indicated that they would agree to a procedure where Defendants' counsel could talk to a member of the Class in the presence of one of the Plaintiff's counsel. Defendants have rejected this suggestion.

II.

Defendants' motions involve an intertwining of legal issues

and concerns. Defendants argue that some of the Class members are essential for the defense and that any communication must be privileged. Upjohn v. United States, 449 U.S. 393 (1981); see also In re M&L Bus.Mach.Co. 161 B.R. 689 (D.Colo.1993).

On the other hand, Plaintiffs' counsel argue that they represent all members of the Class. Ethically and legally it would be improper for Defendants' counsel to talk *ex parte* with any member of the class who has not opted-out.

There is not a large amount of case law concerning this issue. What there is makes clear that counsel for the class represents all class plaintiffs upon certification by the court. Resnick v. Amer.Dental Ass'n, 95 F.R.D. 372, 376 (N.D.Ill.1982). In general, communication by opposing counsel with members of the class after certification is improper, unless the counsel for the class consents. Bower v. Bunker Hill Co., 689 F.Supp.1032 (E.D. Wash.1985).

The fairest analysis of this issue is found in Resnick v. Amer.Dental Ass'n, supra. In that case, a female employee of the defendant association sued charging discrimination. The class that was certified included all female employees, unless they had opted out. Some members of the class were managers and officers, including the personnel director, and defendant argued denial of contact would hamper the defense. Judge Shadur stated, in part:

> Finally the rationalization based on ADA's counsel's need to prepare for trial is wholly without merit. It proves too much. Every case should be prepared in part by the lawyer's communicating with the opposing party. That is after all what much of the mechanism of discovery is designed for. But it is of course unethical for those communications

3

> to take place directly without the involvement of the opposing party's lawyer. To the limited extent that certain of ADA's employees (for example the Director of Personnel, who is female) must legitimately be communicated with for trial preparation, ADA's counsel has the burden of identifying such employees and the reasons for excepting them from the restriction.

Resnick v. Amer.Dental Ass'n, 95 F.R.D. at 377. Judge Shadur did not see the prohibition of conduct as absolute, if there was a showing of need on a case-by-case basis. This Court agrees that this is the appropriate way to resolve this issue.

Plaintiffs have argued that this issue really does not exist, as no one has been identified as a former employee who is also a Class member. In part, the Court agrees with this assessment. The fact appears clear to this Court that neither side knows who is a Class member who also is a former employee. To date, no one has been identified as being crucial for the Defendants' defense in this case.

The Court will deny the motions as to general requests for communication with Class members. The Court will consider on a person-by-person basis requests by Defendants for exceptions to the general rule of no contact. This Court can conceive of instances where the general rule may have to give way to allow communication with a specific former employee who has information that is crucial for the defense and also subject to the Upjohn privilege.

IT IS HEREBY ORDERED that the motions of Defendants are denied, but the Court will consider on a person-by-person basis any request for communication with a Class member who is also a former employee and needed for the defense of the case.

4

DATED and ENTERED this ___ day of June, 1995.

BY THE COURT:

RICHARD M. BORCHERS
United States Magistrate Judge

90-K-181

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 90-K-181

Bruce H. DeBoskey, Esq.
Steven W. Kelly, Esq.
SILVER & DeBOSKEY
1801 York St.
Denver, CO 80206

Ronald Simon, Esq.
CONNERTON, RAY & SIMON
1920 L St., NW, 4th Fl.
Washington, DC 20006

Joseph J. Bronesky, Esq.
Christopher Lane, Esq.
SHERMAN & HOWARD
**DC Box 12**

Mark S. Lillie, Esq.
KIRKLAND & ELLIS
**DC Box 09**

Richard Kaufman, Esq.
AUSA

R. Bruce McNew, Esq.
Suite 902
913 N. Market St.
Wilmington, DE 19801

Louis W. Pribila, Esq.
The Dow Chemical Co.
2030 Willard H. Dow Center
Midland, MI 48674

Kenneth A. Jacobsen, Esq.
John D. Stoner, Esq.
Christopher T. Reyna, Esq.
CHIMICLES, JACOBSEN & TIKELLIS
361 W. Lancaster Ave.
Haverford, PA 19041

Peter R. Nadel, Esq.
GORSUCH KIRGIS
**DC Box 04**

Joseph F. Yenouskas, Esq.
Franklin D. Kramer, Esq.
Patrick Hanlon, Esq.
1800 Massachusetts Ave., NW
Washington, DC 20036

Stanley M. Chesley, Esq.
WAITE, SCHNEIDER, et al.
1513 Central Trust Tower
Cincinnati, OH 45202

Daniel Satriana, Esq.
Sean R. Gallagher, Esq.
HALL & EVANS
**DC Box 05**

Douglas J. Kurtenbach, Esq.
KIRKLAND & ELLIS
200 East Randolph Dr.
Chicago, IL 60601

Merrill Davidoff, Esq.
Daniel Berger, Esq.
Peter B. Nordberg, Esq.
BERGER & MONTAGUE
1622 Locust St.
Philadelphia, PA 19103-6365

Robert Golten, Esq.
1881 9th St., #216
Boulder, CO 80302

Phyllis Knight, Esq.
1999 Broadway, #2305
Denver, CO 80202

Frank P. Dickson, Jr., Esq.
Los Alamos Nat'l Lab
P.O. Box 1663, MS: A187
Los Alamos, NM 87545

I certify that I mailed a copy of the attached to the person(s) listed above on ___6/16/95___.

_____
Secretary/Deputy/Clerk