# Exhibit 3



**"Peter Nordberg"**
<pn@nordbergonline.com>

10/03/2005 07:49 PM

Please respond to
<pnordberg@bm.net>

To: "'Mark Nomellini'" <mnomellini@kirkland.com>

cc: "'Ellen Ahern'" <eahern@kirkland.com>, "'Daniel Rooney'" <drooney@kirkland.com>

bcc:

Subject: RE: Cook v. Rockwell

Mark,

I believe we have already e-mailed plaintiffs responsive draft pretrial order, or will do so within moments.

I believe I said more about the timing of deposition designations. Plaintiffs may be able to provide most of these in short order, with a few lagging behind. I still need to talk with our team, including but not limited to Ms. MacNaughton Wong, to get the details straight. I'll get back to you promptly.

We are reviewing defendants' proposed stipulations and have targeted Wednesday for a response.

I have read your description of our conversation on the order of call three times. I believe it to be correct. I'm climbing out on a small limb there, because the Court Minutes for 9/22 don't actually mention order. But we had been discussing giving defendants the order on that basic timetable anyway, prior to the 9/22 conference, and so I don't foresee a problem. One assumes that a reciprocal notice from defendants is implied.

On demonstratives, I believe I flagged defendants' model as a potential subject of controversy and one that we are currently studying. We're aware of no order setting a disclosure schedule for demonstratives that would differ from the one for other exhibits, but we are always open to hear proposals. I also mentioned the need to address how to handle exhibits, demonstrative and otherwise, to be used during openings.

On a separate subject, do defendants intend to invoke Fed. R. Evid. 615 (witness sequestration)?

Peter


**From:** Mark Nomellini [mailto:mnomellini@kirkland.com]
**Sent:** Monday, October 03, 2005 8:17 PM
**To:** pnordberg@bm.net
**Cc:** Ellen Ahern; Daniel Rooney
**Subject:** Cook v. Rockwell


Peter,

This will confirm our call of earlier this afternoon. Background information is in parenthesees.

Pre-trial Order. (Defendants provided plaintiffs with a draft pre-trial order on September 21.) You stated that plaintiffs will "attempt" to provide defendants with comments on that draft pre-trial order today, October 3. However, plaintiffs cannot commit to a date when they provide defendants with comments on defendants' September 21 draft pre-trial order.

Deposition Designations. (Defendants provided plaintiffs with written notice that defendants were ready to exchange deposition designations on September 19. Defendants filed their deposition designations on

September 29.)  As of the time of our call this morning, plaintiffs could not commit to a date when plaintiffs will provide pages and lines of deposition designations.  As of the time of our call, Plaintiffs could not commit to a date when they will provide counterdesignations to defendants' designations.  You stated that you may have additional information on when plaintiffs can provide deposition designations and counterdesignations after you talk to Jenna MacNaughton-Wong.

<u>Stipulations</u>.  (Defendants provided plaintiffs with proposed stipulations on September 27.)  During our call, you stated that plaintiffs will "attempt" to provide defendants with responses to defendants' proposed stipulations on Wednesday, October 5.  Plaintiffs could not commit to a date when they will provide responses to defendants' proposed stipulations.

<u>Order of Call</u>.  (Defendants' position is that, per the parties agreement, the plaintiffs were required to provide their complete order-of-call on September 30.)  You stated during our call that on Thursday, October 6 at 9 a.m., plaintiffs will provide their order of call only for witnesses called the following week, and that on each subsequent Thursday at 9 a.m., plaintiffs will provide their order of call only for witnesses to be called during the following week.  Defendants disagree with plaintiffs' position, and reiterate that plaintiffs were required to provide their entire order-of-call on September 30.

<u>Demonstratives</u>.  With the potential exception of demonstratives for openings, plaintiffs have no present intention of making any disclosures regarding demonstratives until 9 a.m. of the day before they are used with specific witnesses.  You volunteered that you were not sure whether plaintiffs have any objections to demonstratives disclosed by defendants.

```
*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee.  It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful.  If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************
```