IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
OR TO QUASH DISCOVERY**
_____

Plaintiffs' motion to quash document requests made in connection with the deposition of Plaintiffs' newly disclosed witness Karen Banister should be denied. Defendants' requests are reasonably designed to obtain relevant documents from Ms. Banister in preparation for her testimony at trial. At bottom, preventing Defendants from obtaining documents from Ms. Banister would reward Plaintiffs for naming her as a witness on the eve of trial.

**Factual Background**

*Plaintiffs' Efforts to Thwart Court-Ordered Discovery of Ms. Banister*

Plaintiffs identified four witnesses for the first time on September 16, 2005, including Karen Banister. None of these new witnesses had been deposed, and none had ever provided any other form of discovery to Defendants. At the September 22, 2005 pretrial conference, this

Court ordered that these new witnesses, including Karen Banister, be deposed. (9/22/05 Tr. at 101-03, attached as Ex. 1)  The Court set no limitations on these depositions at the hearing, such as time or document request limitations.  Indeed, Plaintiffs proposed time limits for these depositions but the Court refused to impose any such limitations. (Ex. 1, 9/22/05 Tr. at 85-86 & 95-98)

After the Court's ruling, Defendants diligently attempted to schedule depositions of Ms. Banister and the other "new" witnesses in order to determine the content and scope of their potential trial testimony and to prepare for cross examination of these witnesses.  Plaintiffs were slow in responding with possible dates for Ms. Banister's deposition, making it impossible for Defendants to complete the deposition by the September 28, 2005 date set by the Court.  Only after Defendants' repeated requests for Banister deposition dates did Plaintiffs finally inform Defendants that she was available for an October 3 deposition "from 10-1." (*See* 9/23/05 email from D. Kurtenbach, (requesting dates), 9/25/05 email from D. Poland (same), 9/27/05 email from S. Brennan (same), collectively attached as Ex. 2; 9/27/05 email from E. Noteware, attached as Ex. 3).

Plaintiffs have also arbitrarily taken the position that depositions will be limited to one hour.  Prior to Ms. Banister's deposition, Plaintiffs twice told defense counsel that the deposition should not last more than one hour, despite having offered Defendants "from 10-1" for the deposition. (*See* 10/1/05 & 10/2/05 emails from M. Davidoff, attached as Ex. 4)  Plaintiffs also pushed back the 10 a.m. start time of the deposition and refused to allow the deposition to continue until 1 p.m.  At the deposition, Plaintiffs' counsel repeatedly interjected lengthy

interruptions instructing defense counsel to end the deposition, and admonished Defendants that future depositions will not go over one hour:

> MR. DAVIDOFF:  We have now burned up a two-hour tape in what should have been a one-hour deposition.  I've objected to starting another tape.  I can't stop you from doing that, but Ms. Banister has to break in a few minutes, as she told you hours ago, and she will break in a few minutes, as she told you hours ago.  So please conclude your questioning and go back on the record, please.  While he's changing the tape, may I go on the record.  I want to admonish you and your colleagues, Ms. Brennan, that I'm going to object to any trial discovery deposition on the eve or during trial henceforth that is permitted by the court that exceeds one hour in length without good cause shown.  There has been no good cause shown for this witness.  I'm trying to avoid bringing a fight to the court, and that's why I've allowed you to go as long as you have, but I urge you again to conclude.  But please take that admonition to heart.  I admonish you and your colleagues.  I'm going to object to anything longer than an hour from now on.

(Banister Dep. at 74-75, attached as Ex. 5; *see also id.* at 51, 54, 68, 70-71 & 72)  Plaintiffs' purported reason for the one-hour limit is that the depositions are being taken so close to trial. (*Id.*)  The circumstances, however, are of Plaintiffs' own making.  Plaintiffs named Ms. Banister as a witness less than one month before trial, refused to voluntarily produce her for deposition (forcing Defendants to move for Court-ordered discovery), and then delayed in providing possible deposition dates.

### *Defendants' Document Requests to Ms. Banister*

Upon finally providing a date for Ms. Banister's deposition, Plaintiffs asked that the deposition take place at Ms. Banister's home.  (9/27/05 email from E. Noteware, attached as Ex. 3)  Defendants immediately requested information concerning Ms. Banister's location, so that

they could serve a deposition subpoena (and related document requests).  (9/27/05 email from S. Brennan; 9/28/05 email from S. Brennan, collectively attached as Ex. 6)  Plaintiffs did not respond to these email requests for further information about Ms. Banister's location until September 29. (9/29/05 email from E. Noteware, attached as Ex. 7)

On September 29, 2005, Defendants put Plaintiffs on notice that they intended to request documents from Ms. Banister, just as they had sought documents of Plaintiffs' potential trial witnesses in connection with their Summer 2004 depositions.  (9/29/05 email from S. Brennan (and attachment), attached as Ex. 8).  Defendants provided Plaintiffs with a copy of the document requests and asked Plaintiffs to provide documents 24 hours in advance of the deposition.  (*Id.*)

Defendants also requested that Plaintiffs accept service of a subpoena for Ms. Banister. Defendants repeated this request three times.  (9/29/05 email from S. Brennan; 9/30/05 email from S. Brennan; 10/1/05 email from S. Brennan, attached as Ex. 9)  After receiving no reply, Defendants attempted to serve Ms. Banister directly.  Initial service attempts were unsuccessful. When Plaintiffs finally responded to Defendants' emails (at 3:30 pm on October 1), they refused to accept service of Ms. Banister's subpoena.  (10/1/05 email from M. Davidoff (claiming they would produce Ms. Banister voluntarily), attached as Ex. 10)  Plaintiffs also declined to acknowledge any obligation to respond to document requests.  (10/01/05 email from M. Davidoff, attached as Ex. 11)  Ms. Banister was properly served with a subpoena that included

4

Defendants' document requests the morning of her October 3 deposition. Defendants did not receive any documents from Ms. Banister prior to her deposition.[1]

## Argument

Plaintiffs' latest motion is yet another attempt to hinder Defendants' efforts to obtain legitimate discovery of Plaintiffs' newly disclosed trial witnesses. Plaintiffs' motion lacks basis in fact and law.

### I. THE DOCUMENTS DEFENDANTS SEEK FROM MS. BANISTER ARE REASONABLE IN SCOPE AND NARROWLY TAILORED TO THE CLAIMS IN THIS ACTION.

Plaintiffs have the burden of proving that Defendants' discovery requests are unduly burdensome. *Simpson v. University of Colorado*, 220 F.R.D. 354 (D. Colo. 2004). "[B]oilerplate claims that the requested discovery is oppressive, burdensome or harassing" are not sufficient. *Id.* Here, Plaintiffs are unable to make the necessary showing. There is nothing unusual, improper, or abusive about Defendants' document requests made in connection with their deposition subpoena to Ms. Banister. *See* Fed. R. Civ. P. 45 (deponent may be asked to produce documents pursuant to Rule 45 subpoena). These requests are no different than the document requests Defendants made in connection with their Summer 2004 depositions. Nor is

---

[1] Plaintiffs provided Defendants with a copy of one document at the deposition and showed defense counsel a copy of an article brought by Ms. Banister to the deposition.

5

there any reason to treat these requests differently based on Plaintiffs' failure to name the witnesses during discovery.[2]

***First***, Defendants are entitled to reasonable discovery from Ms. Banister.  She is the daughter of named Plaintiffs Richard and Sally Bartlett and will be put on the stand at trial to testify on Plaintiffs' behalf about her "experiences living in the class area on property owned by her parents."  (Pls' Mem. at 3)  Under these circumstances, Defendants are entitled to know whether Ms. Banister has any documents in her possession that shed any light on those experiences or her potential trial testimony.  Such documents may be important for use in preparing for and cross-examining Ms. Banister about her "use and enjoyment" of the property.  *See Simpson*, 220 F.R.D. at 360 ("Defendant is certainly entitled to discovery of any relevant, non-privileged matters bearing on the claims and defenses asserted in the pleadings").

Plaintiffs assert that Mr. and Mrs. Bartlett have already provided discovery and speculate that any documents from Banister would "likely" be duplicative.  (Mot. at 3)  Ms. Banister is a grown woman and an independently named witness.  Plaintiffs' counsel's speculation that she would not have documents separate from her parents does nothing to assure Defendants that they have been provided with all responsive documents in Ms. Banister's possession.  Defendants are

---

[2] Had Plaintiffs named these witnesses during discovery, Defendants could have taken their depositions then, as they did for nearly all of Plaintiffs witnesses.  Defendants cannot be faulted for failing to depose witnesses they did not even know about.

6

entitled to know what documents Ms. Banister personally has in her own custody even if duplicative of items produced by her parents.[3]

Plaintiffs further assert that most of Ms. Banister's documents would be publicly available. That too does nothing to satisfy Defendants' legitimate desire to obtain discovery of whether Ms. Banister has any responsive documents in her possession that are not publicly available. Such documents, if any, are directly relevant to the basis for Ms. Banister's concerns about Rocky Flats, among other things.

*Second*, there is nothing unduly burdensome or harassing about Defendants' document requests. The requests are simple, well-stated, and clear. Defendants seek the following categories of documents:

> (1) Documents related to Rocky Flats;
>
> (2) Documents related to real property in the class area,[4] including documents concerning loans related to such property, changes with use and interference, the presence of radioactive materials, property values, and so forth;
>
> (3) Documents related to Dow, Rockwell, and DOE; and
>
> (4) Documents related to RAC, HAP, and EPA.

---

[3] Nevertheless, Defendants likely would agree to narrow the requests to documents not previously provided by the Bartletts. But Plaintiffs have made no such request of Defendants.

[4] Defendants request identifies the municipalities in the class area boundaries, because the typical deponent (such as Ms. Banister) might not be familiar with the class area boundaries.

(*See* Attachment A to Banister Subpoena, attached as Ex. 12)[5]  These requests are narrowly tailored to elicit information that is directly relevant to the trespass and nuisance claims against Defendants that are at stake in this trial.  *Cf. F.T.C. v. Mt. Olympus Financial, L.L.C.,* No. 99-4099, 2000 WL 419825 (10th Cir. Apr. 17, 2000), attached as Ex. 13 (FTC document requests not overly-broad where tailored in such a fashion to request documents that were clearly relevant to FTC investigation).

Defendants' document requests are not unduly broad or burdensome with respect to a lay witness who, as Plaintiffs concede, is unlikely to have a substantial volume of documents related to these subjects in her personal files.  (*See* Pls' Mem. at 3 (Banister not a property owner and any documents likely duplicative of Bartlett production))  Given Plaintiffs' strategic decision to wait until shortly before trial to disclose Ms. Banister as a witness, Plaintiffs cannot legitimately assert any claim of unreasonableness about the timing of Defendants' discovery requests. Plaintiffs, after all, are the ones who delayed discovery of Ms. Banister as a witness until the "eve of trial."  (*See* Pls' Mem. at 3)  The timing of Defendants' discovery requests is thus entirely the product of Plaintiffs' late disclosures.

***Third***, Plaintiffs' assertion that an exchange of trial exhibits can suffice for any subpoena response wholly misses the mark.  (*See* Pls' Mem. at 2 n.2)  Through the exchange of Banister's

---

[5]  Defendants also clarified, with respect to Ms. Banister, that request (2) includes information related to the horse business Ms. Banister operated on the Bartlett's property.  (*Id.*)  That also is directly relevant given Plaintiffs' assertions in this case that some horse businesses were affected financially due to Rocky Flats and/or the FBI raid.

8

exhibits (24 hours prior to her testimony), Defendants will receive, at best, a handful of cherry-picked exhibits from Banister's personal collection.  Defendants are entitled to discovery of both Banister documents that are favorable to Plaintiffs (such as those Plaintiffs may identify as exhibits) and those that may not support Plaintiffs' claim (and which would be unlikely to be included in Plaintiffs' trial exhibit exchange).  Plaintiffs should not be permitted to ambush Defendants less than one day before Ms. Banister's testimony with selected Banister documents that Defendants have not had the opportunity to discover and possibly have never seen.  (*See* 9/22/05 Tr. at 99-100 (discovery orders designed to prevent ambush))  Defendants, like Plaintiffs, should have the opportunity to examine any responsive documents in Ms. Banister's possession, custody, or control to determine if any are appropriate for use at trial.  The same is true for any other new witness whom Plaintiffs may call at trial.

In sum, the burden of production does not outweigh the benefit of providing Defendants with a fair opportunity to respond to Ms. Banister's trial testimony.  Plaintiffs' motion should be denied.

## Conclusion

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion to quash the Banister subpoena be denied.

Dated:  October 4, 2005                           Respectfully submitted,


/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

10

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Kari Knudsen_____
              Kari Knudsen (legal assistant)