**Exhibit 12**

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Merilyn Cook, et. al.,
       Plaintiffs,

**SUBPOENA IN A CIVIL CASE**

V.

Rockwell International Corporation
and the Dow Chemical Company,
       Defendants.

CASE NUMBER: 90-K-181
U.S.D.C., District of Colorado

TO:    Karen Banister
          8181 E. 136 Ave.
          Brighton, CO

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a **Video Deposition** in the above case.

| PLACE OF DEPOSITION 8181 W. 136 Ave<br>Brighton, CO | DATE AND TIME<br>October 3, 2005 10:00 a.m. |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment A**

| PLACE   Kirkland & Ellis LLP<br>717 Seventeenth Street, Suite 1300<br>Denver, CO 80202 | DATE AND TIME<br>October 2, 2005 10:00 a.m. |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit is subpoenaed for taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*/s/ Stephanie Brennan*<br>Stephanie Brennan, Esq., Attorney for the Defendants | DATE<br>9-30-05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephanie Brennan, Esq., Kirkland & Ellis LLP, 200 E. Randolph, Chicago, IL 60601, 312-861-2187

(See Rule 45, Federal Rules of Civil Procedures, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
Date

_____
Signature of Server

_____
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, of inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trail is held, or
  (iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
  (iv) subjects a person to undue burden.

(B) If a Subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrence in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO DEPOSITION SUBPOENA

### Instructions and Definitions

1.    If you have any questions or concerns about any of these requests, please call Mark Nomellini of Kirkland & Ellis LLP at (303) 296-3986.

2.    The term "Document" includes but is not limited to the following: writings and notes; book, articles, and other publications; diaries and calendars; letters and e-mail; drawings and photographs; newsletters, pamphlets, mailings and flyers; records, invoices, and receipts; reports; recordings of any type (audio, visual, or otherwise); and other data compilations, including computer files.

3.    "Rocky Flats" means the facility formerly known as the Rocky Flats Plant and currently known as the Rocky Flats Environmental Technology Site, which is owned by the Untied States Department of Energy and located in Jefferson County, Colorado.

### Request to Produce

You are required to produce the following documents on the date listed on the subpoena:

1.    All Documents relating to Rocky Flats, including, but not limited to, Documents relating to:

    a.    any releases of nuclear materials or other hazardous materials related to Rocky Flats;

    b.    any exposure of persons, animals, or plants to nuclear or hazardous materials from Rocky Flats and any alleged detrimental health effects or other detrimental effects from any such exposures;

    c.    any alleged damage to property values (yours or others) caused in any way by Rocky Flats;

    d.    any lawsuits or other legal actions relating to Rocky Flats or releases therefrom;

    e.    any publicity of any sort related to Rocky Flats, including all articles, newsletters or flyers, transcripts or minutes of meetings, brochures, advertisements, public notices, reports, videos, and all other forms of media; and

    f.    the June 6, 1989 search of Rocky Flats by the U.S. Federal Bureau of Investigation and/or the subsequent criminal investigation and/or grand jury proceeding (Grand Jury 89-2).

2. All Documents relating to real property (yours or others) located in the municipalities of Westminster, Broomfield, Arvada, or Golden, Colorado, or in Jefferson County, Colorado, including, but not limited to, Documents relating to:

    a. any purchases or sales of any such properties, by you or someone else;

    b. any loans or other transactions relating to such properties;

    c. the values of such properties, including any appraisals or analyses of the values;

    d. any advertisements of such properties for sale or rent;

    e. any changes and/or interferences with the use or enjoyment of any such properties over time;

    f. the presence of any radioactive materials or hazardous materials on any such properties; and

    g. any harm to or diminishment of the value of any such properties at any time caused by Rocky Flats, the Leydon Mines, the Jefferson County Airport, or any other significant external object or event.

3. All Documents relating to The Dow Chemical Company, Rockwell International Corporation, or the Untied States Department of Energy (or any of its predecessor organizations).

4. All Documents relating to Radiological Assessments Corporation ("RAC"), Colorado Department of Public Health and Environment ("CDPHE"), ChemRisk, Health Advisory Panel ("HAP") and/or Environmental Protection Agency ("EPA"), including but not limited to correspondence, studies and/or analysis in any way related to Rocky Flats.

5. All Documents requested in 2 above relating to your horse business, including any tax returns reflecting income or losses from the horse business.