**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

___

### DEFENDANTS' EMERGENCY MOTION FOR A PROTECTIVE ORDER AND TO QUASH DISCOVERY
___

    Defendants move for a protective order and to quash the attached discovery and subpoenas. (Exs. 1-3). These subpoenas and related discovery requests were served by plaintiffs on the Department of Energy, the FBI, and the United States Attorney's Office in the days leading up to trial without any notice to defendants. Defendants have met and conferred in good faith with plaintiffs on the issues in this motion, but the parties were unable to reach a resolution.

### INTRODUCTION

    As set forth in Defendants' Emergency Motion to Compel Compliance With Pretrial Requirements (filed October 3, 2005), plaintiffs have failed to put this case on track for trial. It is now apparent that one reason for that failure is that, in recent days, plaintiffs have been conducting fact discovery that plaintiffs could have completed years ago. Making matters worse,

plaintiffs' recent discovery campaign has not been conducted out in the open. Rather, plaintiffs have failed to provide notice of their recent discovery efforts to defendants, undermining defendants' ability to object and to protect their rights. Moreover, as discussed in Part III below, plaintiffs' recent discovery efforts lay bare plaintiffs' goal of conducting a trial by ambush. Notwithstanding the Court's clear *in limine* rulings, in the days before trial plaintiffs continue to conduct discovery on the details of the FBI raid, exposing their intent to present the fruit of that last-minute discovery to the jury. At the same time, plaintiffs have consistently sought to impede defendants' efforts to conduct discovery ***on the same topics***, placing defendants in an untenable position with respect to defendants' ability to cross-examine plaintiffs' witnesses and to prepare defendants' own witnesses for trial.

## I. PLAINTIFFS' RECENT DISCOVERY EFFORTS WERE CONCEALED BY PLAINTIFFS' DELAY IN CONNECTION WITH THE PRE-TRIAL ORDER PROCESS.

On September 20, 2005, ***without any notice to defendants***, plaintiffs issued subpoenas to the Department of Energy, the FBI, and the United States Attorney's office. (Exs. 1-3). The subpoenas were served on September 21, 2005, and requested, among other things: (a) ***all*** "photographs taken of the Rocky Flats Plant 1985 and 1990, inclusive, that have been labeled or determined to be 'Unclassified' by the Department of Energy"; and (b) "infra-red VHS tapes depicting overflights of the Rocky Flats Plant." (Exs. 1-3).

On September 21, 2005, the same day that plaintiffs served these *ex parte* subpoenas on the DOE, the FBI, and the U.S. Attorney's Office, defendants provided a draft pre-trial order to plaintiffs, which included each party's discussion of outstanding discovery. (Ex. 4). Neither that

draft nor any prior draft of the pre-trial order contained any mention of plaintiffs' intention to serve such discovery.

Despite defendants' repeated requests, plaintiffs did not provide defendants with plaintiffs' comments on the September 21 draft pre-trial order (and thus did not update the description of outstanding discovery set forth in that order) until two weeks later, on October 3, 2005. (Ex. 5) In fact, during the period between when defendants provided their draft pre-trial order on September 21 and when plaintiffs finally provided comments on that draft on October 3, plaintiffs were conducting undisclosed discovery. Plaintiffs failed to disclose the existence of that discovery at the September 22, 2005 pretrial conference, while at the same time plaintiffs opposed *defendants'* efforts to take discovery of plaintiffs' newly-added witnesses.

On October 3, 2005, plaintiffs finally offered comments on defendants' draft pre-trial order. Buried in a newly-added sentence in Section 8 of that October 3 draft of the pre-trial order was the following language:

> Plaintiffs have completed discovery, with three exceptions. . . . Third, plaintiffs have served very limited requests on the Department of Justice seeking physical evidence to be used at trial.

(Ex. 5 at p. 32). Because defendants had never before been informed of any such "very limited" requests for "physical evidence," defendants immediately sent plaintiffs a letter stating:

> In the process of reviewing the draft pretrial order Plaintiffs sent to us yesterday at 7:15 p.m., Defendants noticed that Plaintiffs have made the following insertion in the eighth section of that document (concerning discovery) . . . Plaintiffs did not copy Defendants on any such request, and, other than this single statement buried in your most recent pretrial order draft, Defendants have not

3

>been informed of any such request.  Please provide us with a copy of the request immediately.  (Ex. 6)

Following defendants' specific request, on October 4, 2005 - two weeks after plaintiffs had issued the subpoenas - plaintiffs finally provided defendants with copies of two subpoenas that plaintiffs had served on the FBI and the U.S. Attorney's Office. (Ex. 7).  But there was more.  Plaintiffs also disclosed that, two weeks earlier (on September 20), plaintiffs had served yet another subpoena on the Department of Energy.  (Ex. 8)  That subpoena had not previously been disclosed at all, not even in the draft pre-trial order that plaintiffs provided on October 3. (Ex. 5)

That plaintiffs have violated the federal rules cannot be contested.  *See Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003) ("***We therefore agree that Rule 45(b)(1) requires notice to be given <u>prior to service</u> of a subpoena***.") (emphasis added).  The Tenth Circuit's ruling in *Butler* is squarely on point and is controlling.  In *Butler*, the Court held:

>In this case, the district court found that Butler failed to serve Biocore with prior notice of three subpoenas - mailing notice for two subpoenas ten days after service and mailing notice for one subpoena seven days after service.  In so doing, Butler violated Fed.R.Civ.P. 45(b)(1).

348 F.3d at 1173.  Failure to provide notice to the opposing party of a subpoena request violates the very purpose of the Rule 45(b) requirements.  *See* Fed. R. Civ. P. 45(b)(1), advisory committee notes ("The purpose of such notice is to afford other parties an opportunity to object to the production or inspection.").  Thus, in such cases, courts have not hesitated to quash subpoenas.  *See, e.g., BASF Corp. v. Old World Trading Co.*, No. 86 C 5602, 1992 WL 24076, at *1 (N.D. Ill. Feb. 4, 1992) ("According to Old World, BASF has served a number of trial

4

subpoenas requesting production of documents before the start of trial without first providing notice to Old World as required by Fed.R.Civ.P. 45. . . . The court finds that subpoenas served by BASF without prior notice to Old World requesting the production of documents prior to trial were served in violation of Fed.R.Civ.P. 45. The court, therefore, quashes all trial subpoenas issued without prior notice and requesting production before trial, and orders BASF to provide Old World immediately with copies of all documents received to date in response to such subpoenas."). Indeed, the *BASF Corporation* court expressly held that trial subpoenas may not be used as "a means to engage in further discovery." *Id.* Plaintiffs' violations of Rule 45(b)(1)'s notice requirements constitute an independently sufficient reason why the subpoenas should be quashed here.

It short, it was not until plaintiffs belatedly provided defendants with a draft of the pre-trial order, and not until defendants made specific requests for copies of discovery served by plaintiffs, that plaintiffs disclosed the three subpoenas at issue - two weeks after they had been issued. Under the Federal Rules, plaintiffs should have disclosed those subpoenas much earlier. But plaintiffs failed to do so - until plaintiffs could not longer resist disclosure in the face of a specific request made by defendants.

## II. PLAINTIFFS' FACT DISCOVERY COULD HAVE BEEN CONDUCTED YEARS AGO, AND NOW COMES TOO LATE.

The discovery issued by plaintiffs on September 20 - less than three weeks before trial - comes too late. There is no reason why any of the document or physical evidence requests set forth in plaintiffs' subpoenas (*e.g.*, a request to the Department of Energy for "all photographs of

5

the Rocky Flats Plant taken between 1985 and 1990") could not have been served years ago.  Yet plaintiffs inexplicably waited until days before trial to conduct such discovery.  Making matters worse, while plaintiffs were busy conducting eleventh hour discovery, plaintiffs have failed to move forward with the pre-trial process.  (*See* Defendants' Motion to Compel Compliance With Pretrial Requirements, filed October 3, 2005.)  Plaintiffs' delay constitutes another independently sufficient reason for the Court to quash each of plaintiffs' subpoenas.

### III.   PLAINTIFFS' ACTIONS WILL IMPACT THIS TRIAL.

The Court has previously ruled that the *fact* of the FBI investigation - as opposed to the content of the investigation or its conclusions - is admissible.  (Ex. 9; Ex. 10).   Plaintiffs appear to have little regard for this ruling.  It has become apparent that plaintiffs seek to conduct further discovery - and to introduce evidence at trial - concerning the substance of, and details and conclusions of, the FBI's investigation.  (Exs. 2-3).  The prejudicial impact on defendants' ability to defend themselves will be profound.

Plaintiffs have persisted in their plan to call FBI Agent Jon Lipsky.  Yet plaintiffs have consistently impeded defendants' efforts to take Mr. Lipsky's deposition, claiming on the one hand that he is not within their control while at the same time maintaining that he will appear at trial to testify on plaintiffs' behalf.  Plaintiffs' refusal to produce Mr. Lipsky for a deposition, or even to provide meaningful interrogatory answers concerning the subject of Mr. Lipsky's

testimony, is the subject of Defendants' Motion to Exclude filed on September 30.[1]  The only way for defendants to respond to the evidence that plaintiffs now apparently seek to introduce concerning the FBI investigation is for defendants to conduct such discovery, including the deposition of Mr. Lipsky.  Otherwise, Mr. Lipsky will appear at trial to testify about matters which have never been the subject of any discovery (or, worse yet, will testify about evidence gathered from subpoenas that plaintiffs served in the days before trial without notice to defendants).  The issue is *not* whether testimony by Mr. Lipsky as a percipient witness would otherwise satisfy the rules of evidence.  Instead, the issue is whether Mr. Lipsky should be allowed to testify at all in light of plaintiffs' efforts to impede and hide the ball related to discovery regarding his testimony, thereby preventing defendants from conducting a meaningful cross-examination.

---

[1] As history, Lipsky was not on plaintiffs' December 2003 witness list but was subsequently added as a potential witness by plaintiffs.  Plaintiffs subpoenaed Lipsky for a May 24, 2004 deposition, but the FBI (his employer) refused to make him available.  On July 8, 2004, defendants wrote to plaintiffs and asked them to agree that, if Lipsky was going to testify, defendants would be given the opportunity to depose him, even if that was after the close of discovery.  Plaintiffs agreed.  (*See* 7/8/04 Letter from E. Ahern, 7/30/04 email from E. Ahern, & 8/2/04 email from P. Nordberg, attached as Ex. 5 to Defendants' September 21, 2005 Motion to Compel Discovery From Plaintiffs.)  In addition, defendants subpoenaed Lipsky, but the FBI again refused to make him available. (*See* Lipsky Subpoena, attached as Ex. 6 to Defendants' September 21, 2005 Motion to Compel Discovery From Plaintiffs.)  In the meantime, Lipsky retired from the FBI.  Post-retirement, the FBI confirmed that, in accordance with FBI policy, Lipsky would not be allowed to testify about anything he learned while employed by FBI or through FBI investigations.  Plaintiffs have taken the position that Lipsky's retirement allows him to testify without FBI approval.  Defendants have requested that Plaintiffs make Lipsky available for deposition, but plaintiffs have refused.  Plaintiffs also have not provided adequate interrogatory responses concerning Lipsky's testimony.  (*See further* Defendants' Motion to Exclude Witnesses for Whom Discovery has not been Provided, filed September 30.)

The problem stretches far beyond Agent Lipsky. Plaintiffs now seek to call select witnesses to testify about the FBI raid, the grand jury investigation, and the guilty plea, while simultaneously blocking defendants' efforts to depose those witnesses. *See, e.g.,* Defendants' Motion to Exclude Witnesses from Whom Discovery has not been Provided (discussing plaintiffs' efforts to hinder defendants' discovery of Wesley McKinley, the grand jury foreman for the criminal investigation of Rockwell).

Of course, Dow and Rockwell's defense is not conscribed by plaintiffs' choice of witnesses. Defendants will need to cross-examine other never-deposed government witnesses who questioned the validity of the facts as ascertained by the select witnesses being called by the plaintiffs.

At the end of the day, plaintiffs seek to put in evidence of the FBI Raid, the grand jury investigation, and the guilty plea (including evidence gathered through subpoenas served without notice in the days immediately before trial), without defendants having been allowed to conduct relevant discovery. In short, plaintiffs are seeking to engage in trial by ambush. And all of this stands in clear violation of the Court's rulings regarding discovery.

## CONCLUSION

Plaintiffs' continuing discovery efforts, combined with plaintiffs' failure to complete their existing pre-trial work, is precisely what threatens the parties' ability to proceed with trial on a timely basis (as explained in Defendants' Motion to Compel Compliance With Pretrial Requirements, filed October 3).

WHEREFORE, defendants respectfully request that the Court enter an Order (1) quashing the subpoenas served by plaintiffs, without notice to the defendants and in violation of the Federal Rules of Procedures and Tenth Circuit precedent, on the DOE, the U.S. Attorney's Office, and the FBI (Ex. 1-3); and (2) requiring plaintiffs to produce Jon Lipsky for a deposition.

Dated:  October 5, 2005                                  Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                          /s/ Kari Knudsen_____
                                                          Kari Knudsen (legal assistant)