**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' OBJECTION TO GIVING A PUNITIVE DAMAGES INSTRUCTION**

---

Pursuant to the discussion at the October 7, 2005 conference, defendants file this objection to the Court giving a punitive damages instruction. Defendants believe that no punitive damages instruction should be given and that, in any event, no punitive damages instruction should be given now, in order to preserve the Court's ability to revise the instruction as the case moves forward.

**I.   ANY ASSESSMENT OF PUNITIVE DAMAGES IS GOVERNED BY SEVERAL FILTERS, INCLUDING STATE AND FEDERAL LAW AND THE SEVENTH AMENDMENT.**

There are five filters that must be applied to determine whether punitive damages can play any role in this classwide trial.

First, any assessment of punitive damages must comply with *Colorado law*. Under C.R.S.A. § 13-21-102, the jury's award of punitive damages is limited to "the amount of the actual damages awarded to the injured party." *Id.*

Because punitive damages are capped at the amount of compensatory damages under Colorado law, the second filter that applies to any award of punitive damages is the formula for awarding *compensatory damages* that has been established by this Court. The Court has ruled that plaintiffs may recover "the average percentage diminution in property value" that was "*caused by the prospect* of the alleged trespass and/or nuisance (if proved by Plaintiffs) *continuing into the future*, measured at the time when the injurious situation became complete and comparatively enduring." 5/17/05 Order at 15-16 (emphasis added). "Whether Class members may seek to recover damages for *past or present invasions*" will not be determined in this class trial, *id.* at 15, but instead will be reserved for thousands of subsequent individual trials.

The third filter through which any assessment of punitive damages must pass is the rule that no plaintiff may be awarded a *double recovery*. *See Lexton-Ancira Real Estate Fund, 1972 v. Heller*, 826 P.2d 819 (Colo. 1992) ("[A] plaintiff may not receive a double recovery for the same wrong.").[1]

---

[1] *See also Farmers Group, Inc. v. Williams*, 805 P.2d 419, 427 n. 6 (Colo.1991); *Rusch v. Lincoln-Devore Testing Lab., Inc.*, 698 P.2d 832, 834 (Colo.App.1984); 22 Am.Jur.2d Damages § 35 (1988); *see also Superturf, Inc. v. Monsanto Co.*, 660 F.2d 1275, 1283-84 (8th Cir.1981) (recovering compensatory damages on two claims is duplicative); *Clappier v. Flynn*, 605 F.2d 519, 529 (10th Cir.1979) (plaintiff not entitled to separate compensatory damage awards under separate legal theories); *Westric Battery Co. v. Standard Elec. Co.*, 482 F.2d 1307, 1317 (10th Cir.1973) (double or duplicative recoveries are invalid).

The fourth filter through which any assessment of punitive damages must pass is that of the *Seventh Amendment*, which provides that "no fact tried by a jury, shall be otherwise reexamined in any court of the United States." U.S. CONST. amend. VII. The Seventh Amendment "entitles parties to have fact issues decided by one jury, and prohibits a second jury from reexamining those facts and issues." *Castano v American Tobacco Co.*, 84 F.3d 734, 750 (5th Cir. 1996). The rule is "fully applicable in class actions for damages." *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 320 (5th Cir. 1998).

Fifth, any determination of punitive damages must be consistent with the Price Anderson Act. Under the Price Anderson Amendments Act of 1988, "[n]o court may award punitive damages in any action with respect to a nuclear incident . . . ." 42 U.S.C. § 2210(s). Under this Court's interpretation of that provision, [2] the Act bars punitive damages only for "nuclear

---

[2] Defendants preserve the position – which the Court has never addressed - that the Price Anderson Act bars plaintiffs from pursuing punitive damages entirely. *See In re Hanford Nuclear Reservation Litig*., 780 F. Supp. 1551, 1572 n.38 (E.D. Wash. 1991) (Section 2014(hh) of the Act, which provides that state law does not apply in a Price Anderson Act case if that state law is inconsistent with (among other things) the prohibition on punitive damages in Section 2210(h), *expressly* applies to nuclear incidents occurring "*before, on, or after* the date of the enactment of this Act," and thus is not covered by the "catch all" provision that restricts the applicability of *other* provisions of the act to dates "on or after August 20, 1988); *see also* Pub.L. 100-104, § 20(a), Historical and Statutory Notes to 42 U.S.C.A. § 2014 (West Supp.1990) ("(a) *Except as provided in subsection (b)*, the amendments made by this Act [enacting section 2282a of this title, amending this section and sections 2210 and 2273 of this title, and enacting provisions set out as notes under sections 2011 and 2210 of this title] shall become effective on the date of the enactment of this Act [Aug. 20, 1988] and shall be applicable with respect to nuclear incidents occurring on or after such date. (b)(1) The amendments made by section 11 [*enacting subsec. (hh)* and (jj) of this section and section 2210(m)(3) of this title and amending section 2210(m)(2) and (o) of this title] shall apply to nuclear incidents occurring *before, on, or after* the date of the enactment of this Act [Aug. 20, 1988].") (emphasis added).

incidents occurring on or after" August 20, 1988. *See Cook v. Rockwell Intern. Corp.*, 755 F. Supp. 1479-81 (D. Colo. 1991). A "nuclear incident" is defined as "any occurrence . . . causing . . . bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of [nuclear materials.]" 42 U.S.C. § 2014(q).

Under the Amendments Act, to determine whether punitive damages can be awarded, the jury must first determine when the "nuclear incident" (in the case, the "occurrence. . . causing . . . loss of or damage to property, or loss of use of property") happened. If the nuclear incident occurred after August 20, 1988, the jury may not award punitive damages. If a portion of the "nuclear incident" (or "nuclear incidents") occurred before August 20, 1988, and a portion of the "nuclear incident" (or "nuclear incidents") occurred after August 20, 1988, then the maximum amount of punitive damages that may be awarded is limited to the amount of damages attributable to the "nuclear incidents" occurring prior to August 20, 1988.[3] Thus, given the

---

[3] *See Hensley v. Tri-QSI Denver Corp.*, 98 P.3d 965 (Colo. App. Aug. 12, 2004) (if punitive damages are not allowed for a particular claim, then compensatory damages awarded pursuant to that claim do not increase the amount of punitive damages that may be awarded; *e.g.*, if $2,500 is awarded for a claim for which punitives are allowed, and $7,500 is awarded for a claim for which punitive damages are not allowed, then the maximum amount of punitive damages that may be awarded is $2,500); *see also Cook v. Rockwell Intern. Corp., Nuclear Reg*, 755 F. Supp. 1468, 1480 (D. Colo. 1991) ("plaintiffs have alleged distinct 'nuclear incidents' occurring before August 20, 1988"). This Court has previously rejected what it characterized as defendants' position "that section 2210(s) bars all of plaintiffs' claims for punitive damages because they seek recovery for an extended, ongoing 'nuclear incident' which began before, but occurred, at least in part, after August 20, 1988." *Cook v. Rockwell Intern. Corp.*, 755 F.Supp. 1468, 1481 (D. Colo. 1991).

Court's rulings in this case, a nuclear incident could have "occurred" before August 20, 1988 only if class members experienced an "occurrence . . . causing . . . loss of or damage to property, or loss of use of property" before August 20, 1988.  42 U.S.C. § 2014(q).

## II.     THE PROBLEMS WITH DETERMINING COMPENSATORY AND PUNITIVE DAMAGES IN THIS CLASS TRIAL.

When analyzed collectively, the five filters discussed above reveal several obstacles to trying punitive damages in this class trial.

First, if the jury returns a verdict for the plaintiffs, then it will be impossible to determine whether a portion of the compensatory and punitive damages awarded by the jury "for the prospect of the alleged trespass and/or nuisance . . . continuing into the future" overlaps with (and therefore precludes a subsequent trial relating to) compensatory and punitive damages "for past and present invasions."  Take, for example, the alleged presence of plutonium on class members' properties.  If the jury awards each class member $100 in compensatory damages and $100 in punitive damages "for the prospect of the alleged plutonium invasions . . . continuing into the future," then how is a subsequent jury to determine (for an individual class member in a subsequent individual trial) the compensatory and punitive damages for "past or present invasions" of the same plutonium particles?  In fact, it will be impossible to avoid a double recovery, because it will be impossible to segregate compensatory and punitive damages arising from "plutonium invasions continuing into the future" from compensatory and punitive damages arising from "past or present invasions."  And any such determination of damages by a second

jury will violate the Seventh Amendment.  *See Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 320 (5th Cir. 1998).

Second, this problem is equally present if the jury renders a verdict in favor of defendants.  To take the same example, if the jury determines that there is no damage "caused by the prospect of the alleged [plutonium contamination] continuing into the future," then to what extent are individual class members precluded in a subsequent trial from recovering for "past and present invasions" of the same particles?  Although defendants' position is that such a determination would be completely preclusive, the Court's current trial plan contemplates that some unknowable amount of damages attributable to "past and present invasions" of the same particles would be determined by a second jury.  (5/17/05 Order at 15-16)

Third, as discussed above, plaintiffs are barred from recovering punitive damages for "nuclear incidents" occurring after August 20, 1988.  As discussed above, in this case, a nuclear incident can have taken place before August 20, 1988 only if class members experience an "occurrence . . . causing . . . loss of or damage to property, or loss of use of property" before August 20, 1988.  42 U.S.C. § 2014(q).  As a threshold matter, it should be clear from the face of plaintiffs' theory of recovery that there can be no claim for punitive damages — plaintiffs cannot claim that an "occurrence . . .  causing . . . loss of or damage to property, or loss of use of property" happened before ***August 20, 1988***, given their assertion that the "injurious situation" became "complete and comparatively enduring" some time ***after June 7, 1989***.

In any event, under the current trial plan, there is no means for the jury to determine what portion (if any) of the "occurrence . . . causing . . . loss of or damage to property" occurred

6

before August 20, 1988, and what portion (if any) of the "occurrence . . . causing . . . loss of or damage to property" occurred after August 20, 1988.  Thus, there is no way to determine what portion of the compensatory damages award is driving the jury's punitive damages award.  This indeterminacy in turn makes it impossible:  (1) to determine what portion of any punitive damages award is barred by the Price Anderson Amendments Act; as well as (2) to determine whether and to what extent punitive damages may be awarded in subsequent trials of the claims of individual class members for damages attributable to "past or present invasions."  5/17/05 Order at 15.

## III. THE COURT SHOULD NOT GIVE INSTRUCTIONS TO THE JURY AT THIS JUNCTURE.

In view of the problems with the trial plan as currently structured, the Court should not provide instructions to the jury at this time.  At the very least, the Court should wait until the trial progresses.  Waiting at least will preserve the ability of the parties and the Court to revise the instructions as the case progresses, and as more information becomes available about how instructions may be tailored in an effort to address the fundamental trial-plan problems set forth in this filing.

Dated:  October 10, 2005                                    Respectfully submitted,


                                                            /s/ John E. Tangren                      
                                                            One of the Attorneys for the Defendants
                                                            David M. Bernick
                                                            Douglas J. Kurtenbach

7

Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

       I hereby certify that on October 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                    /s/ Kari T. Knudsen_____
                                                    Kari T. Knudsen (legal assistant)