# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

## DEFENDANTS' SUBMISSION OF LIMITING INSTRUCTIONS PURSUANT TO THE 10/7/05 HEARING AND A RELATED STATEMENT BY DEFENDANTS

---

      At the end of the jury selection last Thursday, the Court reflected on the particular dilemma sometimes faced by trial counsel: how to vigorously advocate a client's interest while acting as a court officer. In this never-simple case, it should be unsurprising that such a dilemma arose during the hearings the next day. Defendants have reflected on the proceedings leading up to the Court's statement on Friday that it would give a limiting instruction regarding the absence of any evidence that defendants or their counsel were involved in any effort improperly to affect the evidence in this case. While defendants still believe that such an instruction is necessary (and a proposed instruction is attached at Exhibit 1), along with a proposed instruction regarding the Church litigation (also attached at Exhibit 1), they want to revise the position they expressed on Friday.

      Defendants continue to believe that this trial had gone fundamentally off track even prior to last Friday's hearing, a fact that not only increases the likelihood of an

appeal but (as a consequence) diminishes rather than enhances any prospect of settlement by the DOE.[1]  Specifically and without limitation:

- Admission of the DOE indemnity, together with alleged evidence of DOE misconduct, inevitably invites the jury to find against the defendants in order to assess damages against the DOE.

- The standard articulated by the Court for trespass appears to allow a finding of liability (not necessarily causation and damages) if there is *any* amount of radiation that escaped from the plant, even one particle.

- Allowing the foreman of the rogue grand jury to testify certainly will trigger memories of the news coverage relating to what happened in the grand jury proceedings and the ensuing allegations of prosecutorial conduct.

Adding to these problems, the decision Friday to allow plaintiffs to tell the jury that the DOE acted to manipulate and conceal scientific data in order to forestall liability under its indemnity turns this trial into a conspiracy trial – in a case where the architect and sole beneficiary of the alleged conspiracy (the DOE) is *not even a defendant* and *there is no evidence* of any such conspiracy involving *the defendants*.

Moreover, even in cases where a defendant has destroyed evidence in connection with litigation, the consequence would be a spoliation instruction.  Here, evidence has not been destroyed, much less by defendants.

Further, in cases involving still-existing evidence withheld on grounds of privilege, the court would determine whether the privilege should hold before taking any step down the road to adverse inferences.  Here, the evidence is being withheld as classified material.  But there has been no finding that the material in question is not in fact properly classified.

---

[1] This is only the defendants' assessment.  They are not speaking for the DOE.

Yet further, instead of being determined by the Court, all of these matters will be placed before the jury, so that the jury (presumably) will decide whether the documents were properly classified and, if not, whether they were misclassified for improper purposes. All of this is so the jury can determine whether any misclassification conduct should result in an adverse inference against the *defendants*, even though (1) the defendants were *not involved* and had *nothing to gain* from any decision regarding classification, and (2) the classified information itself has been reviewed not only by plaintiffs counsel but by the very investigators (Chemrisk and RAC) whom plaintiffs assert were unaware of the information and therefore reached inaccurate conclusions in their reports.

Finally, to further prod the jury toward a finding of misconduct by defendants, the plaintiffs also seek to bring the Court's own views to bear through the presentation of the contempt finding. While the Court has characterized the DOE's failure to appeal the finding and its payment of the fine as admissions, they cannot be such because the DOE is not a party. And, of course, as a practical matter, the Court's finding will not simply serve as *evidence* of DOE misconduct. Coming from the Court, it will be regarded as *dispositive*.

All of this will turn this trial from one focused on whether science shows that there has ever been any *real* risk to offsite residents, or any *future* risk to the class, or any *proven* economic damage, into a trial full of scientific and political intrigue – the trial of a Government gone awry. This is precisely what these pretrial proceedings have been designed to *avoid*.

And now the dilemma. Last Friday, the Court drew the line only at the suggestion that the defendants or their counsel were in any way involved in the DOE's alleged misconduct in connection with the litigation. The Court agreed to issue an appropriate instruction. But the Court did so against the backdrop of our statement that, absent such an instruction, counsels' ability ethically to participate in the trial on behalf of their clients was questionable. This we still believe to be true, but we are mindful of the Court's strong desire to proceed with the trial, a desire that all of us share. While defendants are still very troubled about our posture in this case absent the instruction the Court agreed to give, on reflection we believe that the Court should decide upon an instruction without any prospect that a decision one way or the other will jeopardize the commencement of the trial. We are therefore prepared to proceed with the trial even if the proposed instruction is not given.

Dated: October 10, 2005                    Respectfully submitted,


                                           /s/ John E. Tangren
                                           One of the Attorneys for the
                                           Defendants David M. Bernick
                                           Douglas J. Kurtenbach
                                           Ellen Therese Ahern
                                           Mark J. Nomellini
                                           John E. Tangren
                                           KIRKLAND & ELLIS LLP
                                           200 East Randolph Drive
                                           Chicago, Illinois 60601-6636
                                           Phone:  312-861-2000
                                           Fax:    312-861-2200

4

5

                              Joseph J. Bronesky  
                              SHERMAN & HOWARD L.L.C.  
                              633 Seventeenth Street, Suite 3000  
                              Denver, Colorado 80202  
                              Phone:  303-297-2900  
                              Fax:      303-298-0940

                              Attorneys for ROCKWELL  
                              INTERNATIONAL  
                              CORPORATION and THE DOW  
                              CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Kari T. Knudsen_____
Kari T. Knudsen (legal assistant)