IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' MOTION CONCERNING PLAINTIFFS' VIOLATIONS OF THE COURT'S *IN LIMINE* RULINGS DURING OPENING STATEMENTS**

---

During opening statements, plaintiffs' counsel engaged in serious attorney misconduct by repeatedly violating this Court's *in limine* rulings on a wide range of issues. Following extensive motion practice, the Court issued detailed rulings establishing the scope and limitations on evidence to be presented at this trial; nevertheless, plaintiffs' counsel repeatedly and egregiously disregarded these limitations in opening statement. Defendants respectfully request that the Court grant the following relief: (1) polling each member of the jury to determine the impact of plaintiffs' counsel's improper statements; (2) giving appropriate curative instructions; and (3) admonishing plaintiffs' counsel for their conduct in the presence of the jury. In defendants' view, if these steps are not taken, the only alternative would be to declare a mistrial.

I.  **PLAINTIFFS' COUNSEL'S REPEATED VIOLATIONS OF THE COURT'S *IN LIMINE* RULINGS DURING OPENING STATEMENTS.**

Plaintiffs' counsel repeatedly violated this Court's *in limine* rulings during opening statements. Those violations, which are summarized in Exhibit A attached hereto, include the following:

- ***Cleanup Costs:*** The Court granted defendants' motion to exclude evidence of cleanup costs. (9/22/05 Tr. at 10.) Nonetheless, plaintiffs' counsel showed the jury a headline from the March 1, 1990 Rocky Mountain News stating: "Cleanup could cost $150 billion" and published to the jury other portions of news articles identifying cleanup costs. (Ex. A)

- ***The Church lawsuit:*** The Court has ruled that only "the fact" of the *Church* litigation is admissible. (8/22/05 Tr. at 9.) Nonetheless, plaintiffs' counsel went far beyond "the fact" of the *Church* litigation in opening statements. For example, plaintiffs' counsel improperly recounted several details of the settlement of this case and stated that the settlement of the *Church* litigation showed that "defendants in this case have already acknowledged, if you will, and paid money to some of the neighbors for the contamination problems it caused." (10/11/05 Tr. at 549-50.)

- ***The FBI Raid:*** The Court has ruled that "the fact" of the FBI raid is admissible, but that the content and other details of the FBI raid are inadmissible. As set forth in Exhibit A, plaintiffs' opening statement repeatedly ran afoul of that ruling. For example, plaintiffs' counsel referred to the allegation in FBI agent Jon Lipsky's affidavit concerning discharges to Woman Creek - a matter which was not the subject of Rockwell's guilty plea. (Additionally, plaintiffs' counsel's discussion of statements by the FBI and by the U.S. Attorney's office about the substance of the investigation clearly opens the door to defendants to introduce evidence from government witnesses who questioned the validity of the facts as ascertained by plaintiffs' witnesses.)

- ***Classification / Declassification:*** The Court has agreed that the jury will be told that the DOE is solely responsible for classification decisions, and that there is no claim or evidence that either defense counsel or the defendants have engaged in any effort improperly to withhold evidence in this case. (10/7/05 Transcript, at 416-17.) Plaintiffs' opening statement repeatedly violated this ruling. Plaintiffs' counsel stated, for example: "Why are most of the MUF documents and information still secret? The defendants and the DOE used the national security power to keep them secret." (Ex. A). Plaintiffs' counsel also repeatedly referred to Dow, Rockwell, and the DOE as "they," obscuring the fact that Dow and Rockwell had no involvement in the DOE's declassification decisions. (*See, e.g.*,

2

Tr. at 480) ("*They* covered up how much Plutonium may have been released.") (emphasis added).

- *<u>Worker Safety</u>:* The Court has ruled that this case is not about worker safety at the plant. (10/11/05 Transcript at 517.) Plaintiffs' counsel's opening statement violated this ruling as well: "[P]recautions were not adequate. They were not adequate to protect either the workers or the neighbors." (10/11/05 Tr. at 502.)

- *<u>Statute of Limitations</u>:* The Court has ruled that the statute of limitations defense will not be part of this class-wide trial. (*See, e.g.,* 10/6/05 Tr. At 185.) Notwithstanding this ruling, plaintiffs' counsel stated: "Why was this lawsuit not filed until 1990? Because during the 1980s and 1970s there was still development and growth going on in the contaminated area. The Government and the defendants kept reassuring people that everything was okay." (10/11/05 Tr. at 550.)

## II.   THE RELIEF SOUGHT.

Defendants request that the Court order the following relief: (1) the jury should be polled on each of these to determine the impact of the improper statements of plaintiffs' counsel; (2) appropriate curative instructions should be given; and (3) plaintiffs' counsel should be admonished in the presence of the jury. Defendants have attached proposed curative instructions for the Court's consideration as Exhibit B. If such alternative relief is not granted, then a mistrial is the only way to remedy the substantial prejudice that defendants have already suffered. The repeated violations of the Court's *in limine* rulings by plaintiffs' counsel are sufficient grounds for a mistrial. See *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1115 n.13 (9th Cir. 2005).

Dated:  October 5, 2005                                       Respectfully submitted,


/s/ John E. Tangren
One of the Attorneys for the
Defendants David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren

3

KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL
CORPORATION and THE DOW
CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

     I hereby certify that on October 12, 2005, this pleading was electronically filed with the Clerk of the Court using the CM/ECF system. Notification of such filing was hand delivered to the persons below and additional notification of such filing is in the process of being e-mailed to the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                  */s/ Ellen Ahern*
                                                  Ellen Ahern