# Exhibit B

**TENDERED BY DEFENDANTS**
**PROPOSED CURATIVE INSTRUCTION NO. 1**

**INTRODUCTION**

During opening statement, plaintiffs' counsel violated several pretrial orders of this Court regarding what evidence will and will not be admitted in this trial. That was improper conduct. I will now instruct you with respect to those violations, and how you should deal with statements that were made in violation of this Court's orders.

**TENDERED BY DEFENDANTS**
**PROPOSED CURATIVE INSTRUCTION NO. 2**

**CLEAN UP COSTS**

There will be no evidence in this trial of cleanup costs for Rocky Flats. References made by plaintiffs' counsel to that issue were a direct violation of my orders. You should disregard any statement made by counsel regarding that issue, or anything you may have seen yesterday on that issue.

**TENDERED BY DEFENDANTS**
**PROPOSED CURATIVE INSTRUCTION NO. 3**

**OTHER LAWSUITS**

       Plaintiffs' counsel also violated this Court's pre-trial orders by making certain references to other lawsuits. While the fact -- the fact -- of certain other lawsuits may be brought before you, I have determined that all you need to know for purposes of this case is the fact of those other lawsuits. Plaintiffs' counsel mentioned additional information concerning other lawsuits. You are instructed to completely disregard anything about other lawsuits aside from the fact of the lawsuit. By completely disregard, I mean you should not consider it in any way.

**TENDERED BY DEFENDANTS**
**PROPOSED CURATIVE INSTRUCTION NO. 4**

**FBI RAID**

Plaintiffs' counsel in their opening statements also violated my pre-trial orders concerning the FBI raid. All you are to consider concerning the FBI raid is the fact of the raid. In violation of my orders, plaintiffs' counsel made remarks that went beyond the fact of the FBI raid. Anything beyond the fact of that raid is to be completely disregarded by you.

4

**TENDERED BY DEFENDANTS**
**PROPOSED CURATIVE INSTRUCTION NO. 5**

**CLASSIFICATION**

Yesterday, plaintiffs' counsel in opening statements also made comments regarding the process called classification that parts of our government use in an effort to protect national security. Whether information was properly declassified is not an issue in this trial. You should completely disregard any statements made by plaintiffs' counsel concerning whether information was properly classified. In addition, the DOE is solely responsible for declassification issues. Neither defendant participated in that process. Plaintiffs' counsel yesterday specifically chose to use the word "they" in making comments about classification, or withholding any such materials in this lawsuit, that violated my pre-trial orders. To the extent that the word "they" could have been interpreted to include the defendants, that was improper, and you are to completely disregard any such statement by plaintiffs' counsel.

5

**TENDERED BY DEFENDANTS**
**PROPOSED CURATIVE INSTRUCTION NO. 6**

**WORKER SAFETY**

Plaintiffs' counsel also made comments during opening statements concerning worker safety. Those remarks were inappropriate and should not have been made. You are to disregard them. This is not a trial about workers.

6

**TENDERED BY DEFENDANTS**
**PROPOSED CURATIVE INSTRUCTION NO. 7**

**MEDIA COVERAGE**

From time to time you may be shown media coverage, either in the form of broadcasts or print media, that is, newspapers, magazines, etc. A statement appearing in media coverage is not to be taken as true. Any media coverage you are shown is being used solely for purposes of the issue of notice, that is, when such information -- regardless of whether it was true or not -- was available to the public.

7