**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE USED BY
PLAINTIFFS ON OCTOBER 14, 2005**
_____

Defendants hereby file their Objections to Exhibits that plaintiffs have indicated will be used during the direct examinations of Sally Bartlett, Richard Bartlett, and Timothy Holeman. Defendants' objections are divided into three categories: (1) objections made with respect to previous motions in limine which the Court has already denied; (2) objections made with respect to previous motions in limine which the Court has already granted; and (3) additional objections with respect to which the Court has not already ruled.

### I. OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY DENIED.

Set forth in Section I below are objections to plaintiffs' exhibits based on arguments set forth in defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

#### A. Defendants' Motion *in Limine* to Exclude Evidence of the 1989 FBI Raid on Rocky Flats and Related Evidence

Defendants object to the following exhibits on the ground that evidence related to the FBI raid is inadmissible under Federal Rules of Evidence 402 and 403 (*see* Defs.' Mot. *in Limine* No. 1, filed 6/16/05):  P-244, P-529, P-706, P-1191, PV3103, PV3104, PV3105, PV3107, PV3110, PV3111, PV3113, PV3114, PV3116, PV3120, PV3121, PV3128, PV3166.

#### B. Defendants' Motion *in Limine* to Exclude Evidence of the Grand Jury Investigation of Rocky Flats and Related Evidence

Defendants object to the following exhibits on the ground that evidence related to the grand jury investigation of Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 2, filed 6/16/05):  P-706.

#### C. Defendants' Motion *in Limine* to Exclude Rockwell's Guilty Plea (and Plea-Related Conduct)

Defendants object to the following exhibits on the ground that evidence related to Rockwell's guilty plea and the conduct underlying that plea is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 3, filed 6/16/05):  P-244, PV3113.

### D. Defendants' Motion *in Limine* to Exclude Evidence of Substances Other Than Plutonium to the Extent Plaintiffs Cannot Demonstrate Support for a Class-Wide Nuisance

Defendants object to the following exhibits on the ground that evidence related to substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 6, filed 6/16/05):  P-529, PV3114, PV3120.

### E. Defendants' Motion *in Limine* to Exclude Evidence Related to Employee Safety and Health

Defendants object to the following exhibits on the ground that evidence related to employee health and safety at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 7, filed 6/16/05):  P-339, P-701, P-706, P-1173, P-1181, P-1191, PV3089, PV3090, PV3094, PV3095, PV3128.

### F. Defendants' Motion *in Limine* to Exclude Evidence Related to Releases and Incidents That Occurred Wholly Within Buildings

Defendants object to the following exhibits on the ground that evidence related to releases, incidents, and conditions that occurred solely within buildings at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 8, filed 6/16/05):  P-529.

### G. Defendants' Motion *in Limine* to Exclude Evidence of Past "Risks" That Never Occurred and Now Cannot Happen

Defendants object to the following exhibits on the ground that evidence related to past "risks" at Rocky Flats that never occurred and now cannot occur is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 10, filed 6/16/05):  P-704, P-1183, P-1184, P-1187, P-1188.

**H. Defendants' Motion *in Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs' Cannot Link to Their Trespass and Nuisance Claims**

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05): P-529, PV3114, PV3120.

**I. Defendants' Motion *in Limine* to Exclude Evidence That Does Not Apply Class-Wide**

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 12, filed 6/16/05): P-529, PV3114, PV3120.

**J. Defendants' Motion *in Limine* to Exclude Evidence of Other Lawsuits Against the Defendants**

Defendants object to the following exhibits on the ground that evidence of other lawsuits against the defendants is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 14, filed 6/16/05): P-1186, PV3113, PV3116, PV3128.

**II. OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY GRANTED.**

Set forth below are objections to plaintiffs' exhibits based on arguments set forth in defendants' motions *in limine* that this Court granted.

### A. Defendants' Motion *in Limine* to Exclude Evidence of the 1989 FBI Raid on Rocky Flats and Related Evidence

The Court granted defendants's motion in limine to exclude evidence of the 1989 FBI raid in part, holding that just the fact of the FBI raid is admissible, but that other evidence related to the raid, such as the allegations leading up to the raid, are not.  (*See* 9/22/05 Hr'g Tr. at 34 (holding that "[j]ust the fact that there was an F.B.I. . . . there was an F.B.I. investigation" is admissible); 8/22/05 Hr'g Tr. at 6–8.)  Defendants object to the following exhibits on the ground that they are inadmissible under this ruling:  PV3113, PV3114, PV3116, PV3121.

### B. Defendants' Motion *in Limine* to Exclude Evidence of The Costs of Remediation

Defendants object to the following exhibits on the ground that they refer to the costs of remediation of Rocky Flats and are therefore inadmissible under this Court's ruling granting Defendants' Motion *in Limine* No. 16 (*see* 9/22/05 Hr'g Tr. at 10):  P-339, P-704, P-707 (in part), P-1183, P-1185, P-1187, P-1188, P-1189, PV3095.  Defendant request that these exhibits be excluded or redacted.

## III. ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

Defendants object to P-244 on hearsay grounds.  The exhibit is hearsay not subject to any hearsay exception.

Defendants object to P-493 on hearsay grounds.  This brief is hearsay not subject to any hearsay exception.

Defendants object to P-529 on the grounds that Mr. Holeman lacks the foundation to introduce this exhibit into evidence, and that Mr. Holeman will be unable to authenticate the handwriting that appears in part E of this exhibit.

Defendants object to P-701 under Rule 403, because the prejudice from evidence of safety problems at other DOE facilities substantially outweighs any conceivable probative value.

Defendants object to P-706 on the grounds that the unfair prejudice substantially outweighs any conceivable probative value.  This article is extremely and unfairly prejudicial, as it addresses Rockwell's finances, Rockwell's status as a big company, and Rockwell problems at other facilities (not related to Rocky Flats).

Defendants object to P-707 on hearsay grounds.

Defendants object to P-988 on hearsay grounds.

Defendants object to P-989 on hearsay grounds.

Defendants object to P-1179 on the grounds that the unfair prejudice substantially outweighs any conceivable probative value.  P-1179 discusses problems at other AEC sites, which are irrelevant and unfairly prejudicial to Defendants.

Defendants object to P-1181 on the grounds that the unfair prejudice resulting from the inflammatory comments it contains substantially outweighs any conceivable probative value.

Defendants object to P-1183 on the grounds that it contains improper expert opinions and constitutes speculation.

6

Defendants object to P-1184 on the grounds that it is irrelevant. In addition, the unfair prejudice from P-1184 substantially outweighs any conceivable probative value, because the article discusses problems at other DOE facilities.

Defendants object to P-1185 on the grounds that it contains improper expert opinion.

Defendants object to P-1186 on the grounds that it is irrelevant and unfairly prejudicial. Settlement of other litigation is not relevant to this litigation and is unfairly prejudicial.

Defendants object to P-1187 on the grounds that it contains improper expert opinion and is speculative.

Defendants object to P-1188 on the grounds that it contains improper expert opinion and is speculative.

Defendants object to P-1189 on the grounds that it is irrelevant and unfairly prejudicial. Problems at other DOE facilities are not relevant and are unfairly prejudicial.

Defendants object to P-1190 on the grounds that it contains improper expert opinion.

Defendants object to P-1191 on the grounds that the unfair prejudice substantially outweighs any conceivable probative value. This article is extremely, unfairly prejudicial, as it addresses Rockwell's finances, Rockwell's status as a big company, and Rockwell problems at other facilities (not related to Rocky Flats).

Defendants object to P-1193 on the grounds that it is irrelevant, hearsay, and improper character evidence.

Defendants object to P-1194 on the grounds that it is hearsay not subject to any exception.

Defendants object to PV3086 as incomplete.

Defendants object to PV3089 as incomplete.

Defendants object to PV3090 as incomplete.

Defendants object to PV3097 on the grounds that it is incomplete and contains improper expert opinion.

Defendants object to PV3104 on the grounds that it is incomplete.

Defendants object to PV3107 on the grounds that it is incomplete.

Defendants object to PV3113 on the grounds that it contains improper expert opinion.

Defendants object to PV3114 as incomplete and because it is hearsay.

Defendants object to PV3116 on the grounds that it is hearsay not subject to any exception. In addition, this exhibit should be excluded under Rule 403, because it treats the raid allegations as facts and contains a number of references to Stone that lack any relevance and are unfairly prejudicial.

Defendants object to PV3120 because it is hearsay.

Defendants object to PV3121 on the grounds that it contains hearsay. In addition, this exhibit should be excluded under Rule 403, because it treats the raid allegations as facts.

Defendants object to PV3121 on the grounds that it should be excluded under Rule 403, because it treats the raid allegations as facts.

Defendants object to PV3128 on the grounds that it contains hearsay not within any exception to the hearsay rule. In addition, it should be excluded under Rule 403 because it

8

contains inflammatory statements, focuses on worker safety issues, and makes irrelevant references to Stone.

    Defendants object to PV3166 as incomplete and because it is hearsay.

Dated:  October 14, 2005                                Respectfully submitted,

                                                   /s/ John E. Tangren_____
                                                   One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Kari Knudsen_____
              Kari Knudsen (legal assistant)