# Exhibit A

Westlaw.

967 F.2d 357                                                                                                               Page 1
967 F.2d 357, 60 Fair Empl.Prac.Cas. (BNA) 1336, 58 Empl. Prac. Dec. P 41,464, 35 Fed. R. Evid. Serv. 551
**(Cite as: 967 F.2d 357)**

H

United States Court of Appeals,
Tenth Circuit.
Bennie FIGURES, Jr., Plaintiff-Appellant/Cross-
Appellee,
v.
BOARD OF PUBLIC UTILITIES OF the CITY OF
KANSAS CITY, KANSAS, the City of
Kansas City, Kansas, C.R. Singleton, Jim Widener;
Clarence DeGraeve and Joseph
Dick, Defendants-Appellees,
and
Tom Lynch and Clifford Nesselrode, Defendants-
Appellees/Cross-Appellants.
**Nos. 90-3210, 90-3226 and 90-3225.**

May 7, 1992.

Employee brought Title VII action against employer and individual members of employer's governing board, alleging race discrimination in connection with employer's failure to promote employee, and that failure to promote employee constituted violation of consent decree entered into by United States and employer. The United States District Court for the District of Kansas, Earl E. O'Connor, J., granted summary judgment in favor of all defendants on consent decree claim, granted motions for directed verdict in favor of board members in their individual capacities, and entered verdict in favor of remaining defendants at close of trial. Employee appealed. The Court of Appeals, Alley, District Judge, sitting by designation, held that: (1) draft of proposed letter from agency to employer's general manager was inadmissible **hearsay**; (2) evidence concerning racial remarks allegedly made by employer's board members was more prejudicial than probative; (3) evidence concerning previous race discrimination suit brought by another employee was more prejudicial than probative; and (4) employee could not maintain independent action to enforce consent decree.

Affirmed.

West Headnotes

**[1] Federal Courts** 823
170Bk823 Most Cited Cases
Decision to exclude evidence is within sound discretion of trial court and will not be reversed absent clear abuse of that discretion.

**[2] Evidence** 357
157k357 Most Cited Cases
Draft of proposed letter from Area Director of Office of Federal Contract Compliance Programs to employer, concluding that employee was discriminated against because of his race, was inadmissible in employee's suit alleging intentional race discrimination; draft letter was **hearsay**, and was not admissible under exception for public **records**, as it did not represent findings of agency or **government** office. Fed.Rules Evid.Rule 803(8)(C), 28 U.S.C.A.

**[3] Evidence** 146
157k146 Most Cited Cases
Testimony concerning racial comments allegedly made by members of employer's governing board was inadmissible in employee's suit alleging intentional race discrimination; in absence of any link between comments and personnel actions, prejudicial impact of proffered testimony substantially outweighed its probative value. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

**[4] Evidence** 146
157k146 Most Cited Cases
Evidence concerning judgment awarded to black employee in previous race discrimination suit against employer was not admissible in another employee's race discrimination action; in light of fact that first employee's allegedly race-based dismissal occurred more than one year prior to incidents giving rise to second employee's lawsuit, evidence concerning earlier lawsuit was more prejudicial than probative. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

**[5] Federal Courts** 798
170Bk798 Most Cited Cases
Upon appeal of grant of motion for directed verdict, Court of Appeals must view evidence and all reasonable inferences to be drawn from it in light most favorable to party opposing motion.

**[6] Civil Rights** 1528
78k1528 Most Cited Cases
(Formerly 78k371)
Members of employer's governing board, in their individual capacities, were entitled to directed verdict in employee's race discrimination action where board members had not personally participated, either

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case No. 1:90-cv-00181-JLK   Document 1512-1   filed 10/16/05   USDC Colorado   pg 3 of 6

967 F.2d 357 Page 2
967 F.2d 357, 60 Fair Empl.Prac.Cas. (BNA) 1336, 58 Empl. Prac. Dec. P 41,464, 35 Fed. R. Evid. Serv. 551
**(Cite as: 967 F.2d 357)**

directly or indirectly, in allegedly race-based decision not to promote employee.

**[7] Federal Civil Procedure ⚷2397.6**
170Ak2397.6 Most Cited Cases
Employee could not maintain independent action to enforce terms of consent decree between United States and employer; to permit individual suit to enforce consent decree would have interfered with court's continuing jurisdiction over that matter.

**[8] Federal Courts ⚷830**
170Bk830 Most Cited Cases
Court of Appeals' review of trial court's denial of award of attorney fees is limited to determining whether court abused its discretion.

**[9] Civil Rights ⚷1484**
78k1484 Most Cited Cases
 (Formerly 78k299)
Individual members of employer's governing board were not entitled to award of attorney fees against employee who brought race discrimination action against employer and board members; employee's initiation and continuation of action was not frivolous, unreasonable, or without foundation in light of excluded evidence concerning racial remarks made by board members. 42 U.S.C.A. § 1988.

*358 John H. Fields of Carson & Fields, Kansas City, Kan. (Blaise R. Plummer with him on the brief) for plaintiff-appellant/cross-appellee.

Henry E. Couchman, Jr., Asst. City Atty., Kansas City, Kan., for defendants-appellees Bd. of Public Utilities of Kansas City, Kan., the City of Kansas City, Kan., C.R. Singleton, Jim Widener, Clarence DeGraeve, and Joe Dick.

Lee M. Smithyman of Smithyman & Zakoura, Overland Park, Kan., for defendant-appellee/cross-appellant Clifford Nesselrode.

Kevin E. Koch of Turner, Vader & Koch, Kansas City, Kan., for defendant-appellee/cross-appellant Tom Lynch.

Before MOORE, EBEL, Circuit Judges, and ALLEY, District Judge [FN*].

 FN* Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation.

ALLEY, District Judge.

Plaintiff, Bennie Figures, Jr., appeals from the entry of adverse judgment on his claims of intentional race discrimination. Figures asserted claims for relief pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and paragraphs 2 and 5 of the Consent Decree filed February 28, 1977 in *United States v. City of Kansas City, Kansas,* Case No. 76-20-C2 (D.Kan.1977). In addition to his employer, the Board of Public Utilities of the City of Kansas City, Kansas ("BPU"), Figures named two BPU administrators and four members of the BPU governing board as defendants. Prior to trial, the district court granted summary judgment in favor of defendants on Figures' Consent Decree claim. At the close of Figures' case in chief, the trial court granted motions for directed verdict in favor of the four board members. Thereafter, a jury returned a verdict in favor of the remaining defendants at the close of trial and the district court held in favor of defendants on Figures' Title VII claim.

On appeal, Figures asserts that the district court erred in excluding certain evidence and in granting the motions for directed verdict. Figures also contends that the district court erred by dismissing his Consent Decree claim. Defendants Tom Lynch and Clifford Nesselrode cross-appeal, contending that the district court abused its discretion in refusing to award them attorney's fees pursuant to 42 U.S.C. § 1988 and Rule 11 of the Federal Rules of Civil Procedure. Finding no error, we affirm the judgment of the district court.

*359 I.
BACKGROUND
BPU is an administrative agency that manages, operates, maintains and controls the daily operation of the water and electric-light plants of the City of Kansas City. Figures, a black male, was first employed by BPU in April 1969. At the time of trial, Figures worked as a troubleshooter in the Line Department of Electric Operations.

On January 14, 1986, BPU posted a notice inviting interested employees to apply for the position of "First Superintendent/Electric Oper[ations]." Eight employees, including Figures, submitted resumes in response to this notice. On February 4, 1986, a second notice was posted for this same position, although the position title was changed to "Superintendent of Electric Operations." All eight employees who had previously applied for the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

967 F.2d 357                                                                                                                      Page 3
967 F.2d 357, 60 Fair Empl.Prac.Cas. (BNA) 1336, 58 Empl. Prac. Dec. P 41,464, 35 Fed. R. Evid. Serv. 551
**(Cite as: 967 F.2d 357)**

position were again considered.

While Figures was considered for promotion to superintendent, he was not selected as one of the two finalists for the position. After a series of tests and performance based interviews, two Caucasian males were designated as finalists. Jim Widener, manager of Electric Operations, informed C.R. Singleton, director of Electric Operations, that he could choose either of these two candidates. On April 17, 1986, Singleton selected Gary Shrader as his new superintendent.

Figures filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 29, 1986, alleging that BPU's failure to promote him was due to intentional race discrimination, in violation of Title VII of the Civil Rights Act of 1964. In this charge, Figures alleged that BPU utilized discriminatory testing in filling the superintendent vacancy. On May 6, 1986, Figures lodged a complaint that BPU's actions constituted a violation of the terms of the 1977 Consent Decree between the United States and BPU. [FN1] Specifically, Figures contended that BPU failed to establish a promotional pool of qualified black employees as required by paragraph 5 of the Consent Decree.

> FN1. The Consent Decree was entered into on behalf of the United States, as plaintiff, and BPU, the City of Kansas City, Kansas, BPU board members, and three local unions, as defendants.

After completing the administrative procedures required by Title VII, Figures filed the instant suit on March 2, 1988. The initial complaint sought damages and injunctive relief for violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII, and paragraphs 2 and 5 of the Consent Decree. Figures later amended his complaint to assert a claim pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. In addition to BPU, Figures named as defendants four members of the BPU governing board: Tom Lynch, Clifford Nesselrode, Clarence DeGraeve and Joseph Dick. Also named as defendants were Jim Widener and C.R. Singleton, the two managers who were responsible for selecting the new superintendent.

Prior to trial, the district court dismissed Figures' Consent Decree claim. The court reasoned that any claim for relief pursuant to the Consent Decree must be brought "either pursuant to the internal mechanism established by the decree itself or by independent actions under Title 7 or 1981, but not as a separate claim." Tr. at 6. At the close of plaintiff's evidence, the trial court granted motions for directed verdict in favor of the four individual board members. The court concluded that Figures had failed to establish any nexus between the failure to promote him and any of the four board members sued in their individual capacity.

Figures' claims pursuant to sections 1981 and 1983 were tried to a jury, which returned a verdict in favor of the remaining defendants on April 4, 1990. The trial court issued a memorandum opinion on June 8, 1990, holding that "the decisions made with regard to plaintiff were not motivated in whole or in part by his race and, therefore, were not in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended." Doc. 113 at 12. This appeal followed.

*360 II.
EXCLUSION OF EVIDENCE

[1] On this appeal, Figures raises two issues with respect to the exclusion of evidence. The decision to exclude evidence is within the sound discretion of the trial court "and will not be reversed absent a *clear* abuse of discretion." Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir.1990) (emphasis in original) (*quoting* Agristor Leasing v. Meuli, 865 F.2d 1150, 1152 (10th Cir.1988)).

[2] The first issue raised by Figures concerns the trial court's refusal to admit Plaintiff's Exhibit 9. This exhibit is a draft of a proposed letter from Betty Robinson, Area Director of the Office of Federal Contract Compliance Programs ("OFCCP") to Gene Miller, BPU General Manager, dated June 13, 1986. The letter discusses problem areas that were identified during an on-site review. Problem area number 8 addresses Figures' complaint with respect to BPU's failure to promote him to superintendent. The draft letter concludes that "Mr. Figures was discriminated against because of his race (Black)." Addendum C to Appellant's Brief at 7.

Prior to trial defendants objected to this exhibit on the ground that it constituted **hearsay**, not within an exception. Figures argued that the letter was admissible pursuant to Fed.R.Evid. **803(8)(C)**, which provides
> "The following are not excluded by the **hearsay rule**, even though the declarant is available as a witness:
>
> * * * * * *

967 F.2d 357                                                                                                                    Page 4
967 F.2d 357, 60 Fair Empl.Prac.Cas. (BNA) 1336, 58 Empl. Prac. Dec. P 41,464, 35 Fed. R. Evid. Serv. 551
**(Cite as: 967 F.2d 357)**

**Records, reports**, statements or data compilations, in any form, of public offices or agencies, setting forth ... **factual** findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

The trial court sustained defendants' objection, concluding that Plaintiff's Exhibit 9 did not represent findings of the agency within the meaning of Fed.R.Evid. 803(8)(C). The court reasoned that the letter was only a draft and had never been adopted or transmitted by the OFCCP. [FN2]

> FN2. In his brief to this Court, Figures argues that the trial court excluded the **document** on the ground of untrustworthiness. Brief of Appellant at 33 n. 9. Our review of the **record**, however, indicates that the trial court correctly determined that the **document** did not meet the threshold requirement of **Rule 803(8)(C)**, in that it did not constitute findings of a **government** agency.

A trial court's conclusion that proffered evidence does not meet the standards of **Rule 803(8)(C)** will not be set aside absent an abuse of discretion. Kloepfer v. Honda Motor Co., Ltd., 898 F.2d 1452, 1458 (10th Cir.1990). No such abuse occurred here; the trial court correctly excluded the draft letter as **hearsay**. It is clear from the affidavit accompanying Plaintiff's Exhibit 9 that the letter does not represent findings of an agency or **government** office. The affidavit specifically declares that "the conclusions contained in this draft were never endorsed by the United States Department of Labor, nor was it officially signed or sent or otherwise transmitted to the Board of Public Utilities." Addendum C to Appellant's Brief at 2. We hold that the district court did not err in excluding this exhibit. See City of New York v. Pullman, Inc. 662 F.2d 910, 914-15 (2d Cir.1981), cert. denied, 454 U.S. 1164, 102 S.Ct. 1038, 71 L.Ed.2d 320 (1982).

[3] Figures' second issue concerns the trial court's exclusion of anecdotal evidence of discrimination. Specifically, the trial court barred testimony concerning racial comments allegedly made by defendants Nesselrode and Lynch. In addition, Figures complains that the trial court limited testimony by Jerry Sanders regarding his termination from BPU, which was allegedly motivated by racial animus. In both instances, the court ruled that the prejudicial impact of the proffered evidence substantially outweighed its probative value. See Fed.R.Evid. 403.

Our review indicates that the trial court did not abuse its discretion in excluding this evidence. The trial court found that *361 evidence of racial comments made by Nesselrode and Lynch was not probative of any issue in the case unless Figures could link those comments to personnel actions of hiring, firing and promoting. [FN3] Otherwise, the court reasoned, the remarks were "highly prejudicial, more prejudicial than probative on any of the issues in this case." Tr. at 50. Figures was unable to establish such a link.

> FN3. The court explained, "I am not going to let you just get in statements coming out of the blue that weren't directed to any particular individual, particularly this individual, or that didn't have to do with hiring, firing or promotions. So, you know, if there are any statements such as, well, we are not going to hire any blacks, we are not going to promote any blacks or we are not going to promote this black or something like that, that is entirely proper." Tr. at 52.

[4] Likewise, the limits placed by the court on Sanders' testimony represented a reasoned balancing of the probative value of his testimony against its prejudicial impact. The court did not preclude Sanders from testifying that he twice appeared before the BPU board to express his concerns regarding racial bias in the Line Department. The exclusion of evidence concerning the judgment awarded to Sanders against BPU was not in error, given that Sanders' dismissal occurred nearly a full year before the incidents giving rise to Figures' lawsuit.

III.
DIRECTED VERDICT

[5] Figures also claims that the trial court erred in granting the motions for directed verdict propounded by the individual board members. Upon appeal, we must view the evidence and all reasonable inferences to be drawn from it in the light most favorable to Figures, as the party opposing the motions for directed verdict. Jordan v. Shattuck Nat'l Bank, 868 F.2d 383, 384 (10th Cir.1989). A directed verdict is proper if "all the inferences to be drawn from the evidence are so in favor of the moving party that reasonable persons could not differ in their conclusions." FDIC v. Palermo, 815 F.2d 1329, 1335 (10th Cir.1987). "The essential inquiry, then, is 'whether the evidence is sufficient to create an issue for the jury.' " Jordan, 868 F.2d at 384 (quoting J.I. Case Credit Corp. v. Crites, 851 F.2d 309, 311 (10th

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case No. 1:90-cv-00181-JLK   Document 1512-1   filed 10/16/05   USDC Colorado   pg 6 of 6

967 F.2d 357                                                                                         Page 5
967 F.2d 357, 60 Fair Empl.Prac.Cas. (BNA) 1336, 58 Empl. Prac. Dec. P 41,464, 35 Fed. R. Evid. Serv. 551
**(Cite as: 967 F.2d 357)**

Cir.1988)).

[6] Viewed in the light most favorable to Figures, there simply was no issue for the jury with respect to the individual board members. There was no evidence that these defendants personally participated in the promotion decision, either directly or indirectly. See Williams v. Smith, 781 F.2d 319, 323 (2d Cir.1986); McClelland v. Facteau, 610 F.2d 693, 696 (10th Cir.1979). After reviewing the record, we concur with the district court that "plaintiff failed to produce any evidence that these four defendants either personally participated in, or were even aware of the specific discriminatory conduct complained of in this case: namely, the testing and selection process for the promotion to Superintendent of Electric Operations." Doc. 113 at 22. We hold that the trial court did not err in directing a verdict in favor of these defendants.

## IV.
## CONSENT DECREE

[7] Figures also claims as error the trial court's dismissal of his claim that alleged a violation of the Consent Decree. The district court held that Figures could not now maintain an independent action to enforce the Consent Decree, because one could only bring this claim in the original case invoking the court's continuing jurisdiction over that matter. This ruling was not in error. The reasoning expressed in McNeil v. Guthrie, 945 F.2d 1163, 1165-67 (10th Cir.1991), applies with equal force to this case. To permit an individual suit to enforce the Consent Decree would interfere with the court's continuing jurisdiction over that matter. Id. at 1165.

## V.
## ATTORNEY'S FEES

[8] In their cross-appeal, Nesselrode and Lynch contend that the trial court *362 erred in declining to award them attorney's fees pursuant to 42 U.S.C. § 1988 or as sanctions pursuant to Fed.R.Civ.P. 11. Our review of the trial court's denial of fees is limited to determining whether the court abused its discretion. Crabtree by and through Crabtree v. Muchmore, 904 F.2d 1475, 1478 (10th Cir.1990); Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir.1988). We find no abuse of discretion and therefore affirm.

[9] The case law has enunciated stringent standards that must be met before a court may award attorney's fees to a prevailing defendant pursuant to 42 U.S.C. § 1988.

"In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.... Decisive facts may not emerge until discovery or trial.... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."

Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S.Ct. 694, 700-01, 54 L.Ed.2d 648 (1978). In light of this standard, it cannot be said that the trial court abused its discretion in denying the request for fees by Nesselrode and Lynch. The trial court's ruling that evidence of racial remarks made by Nesselrode and Lynch would be excluded occurred during the trial of this matter. It cannot be said that a plaintiff must anticipate adverse evidentiary rulings and dismiss a defendant prior to trial or risk being held liable for attorney's fees pursuant to § 1988. Even though these defendants were ultimately dismissed from this proceeding, it cannot be said that Figures's initiation or continuation of this action was frivolous, unreasonable or without foundation. Likewise, the denial of Rule 11 sanctions was also appropriate. See Adamson, 855 F.2d at 673.

## VI.
## CONCLUSION

In sum, we find no merit in Figure's arguments for reversal of the underlying judgment, nor do we find merit in the arguments of Nesselrode and Lynch for attorney's fees. The judgment of the district court is AFFIRMED.

967 F.2d 357, 60 Fair Empl.Prac.Cas. (BNA) 1336, 58 Empl. Prac. Dec. P 41,464, 35 Fed. R. Evid. Serv. 551

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.