RECD JUL 15 1994

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 90-K-181

_____

MERILYN COOK et al.,
     Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and DOW CHEMICAL COMPANY,
     Defendants.

_____

### DEFENDANTS' JOINT MOTION AND MEMORANDUM IN SUPPORT OF
### MOTION FOR A PROTECTIVE ORDER REGARDING
### DEPOSITION OF DANIEL COMSTOCK

_____

Pursuant to Magistrate Judge Borchers' Order of July 11, 1994, defendants The Dow Chemical Company ("Dow") and Rockwell International Corporation ("Rockwell") jointly move pursuant to F.R. Civ. P. 26(c) for a protective order concerning the deposition of Daniel Comstock, which is scheduled to take place on July 19, 1994. By this motion, defendants seek to prevent disclosure of documents and information which Mr. Comstock may possess by virtue of activities carried out by or for the defendants in this case, or for the Department of Energy as defendants' representative, in anticipation of litigation or for trial. Such documents and information are protected by the work-product privilege. Fed. R. Civ. P. 26(b)(3).

### BACKGROUND

Although the Department of Energy is not a party to this litigation, it is the defendants' indemnitor both by statute and

PLAINTIFF'S
EXHIBIT

2 \

ALL-STATE® INTERNATIONAL

by contract.[1]  Early in the case, the defendants and DOE
entered into discussions regarding litigation support activities
to be provided by DOE to the defendants using DOE personnel and
resources.  As a result of these discussions, Dow's lead counsel,
writing on behalf of both defendants, sent a letter to James
Stout, Chief Counsel of DOE's Albuquerque Operations Office,
providing directions to DOE concerning the litigation support
activities requested by defense counsel and the conditions under
which they would be carried out.  That letter, dated January 18,
1991, is attached hereto as Exhibit A.[2]

     In the letter, defense counsel stated that they had "begun
to formulate [their] theories for the defense of these cases,"
and that "in light of those theories, [they] had decided that
certain tasks should be performed in furtherance of our defense."
Exh. A at 1.  After describing those tasks, counsel made clear
that they "regard[ed] all of the foregoing activities (including
the results of these activities) as work product" because "they
reflect the thoughts, mental impressions and strategies of
counsel for Rockwell and Dow; they are performed for litigation
purposes under the direction of counsel for Rockwell and Dow; and
they are undertaken by the DOE (both directly and through its

---

1/  See also Defendant Rockwell's Memorandum in Support of Its
Motions for Partial Summary Judgment on Plaintiffs' Claims for
Exemplary Damages (filed April 30, 1990) at 3-6 (discussing
statutory and contractual indemnity).

2/  A copy of the entire letter has been provided to the Court
for in camera review.  By agreement with plaintiffs' counsel,
portions of the letter which would reveal defense counsel's
mental impressions and litigation strategies have been redacted
from the copy provided to the plaintiffs.

agents) as an 'indemnitor,' 'consultant,' and 'representative' under Rule 26 of the Federal Rules of Civil Procedure." Id. at 1, 3. Finally, counsel set forth a list of measures designed to ensure that defendants' privileges would be protected by DOE and any persons acting pursuant to the letter.[3]/

On January 22, 1991, DOE counsel directed persons at Los Alamos National Laboratories ("LANL"), a DOE contractor and consultant, to "serve as an extension or 'agent' of [DOE] in the development of an overall strategy" for dealing with the letter from defense counsel.[4]/ Pursuant to that direction, LANL personnel have provided litigation support services to the defendants in this case. Mr. Comstock, a LANL employee, is one of those persons.

Plaintiffs have subpoenaed Mr. Comstock for deposition, scheduled to take place on July 19, and have also directed him to produce certain documents at that time. A copy of the subpoena is attached as Exhibit D hereto. Among other things, the subpoena calls for Mr. Comstock to provide materials (and

---

[3]/ On April 16, 1991, defendants' counsel sent DOE an updated letter revising the tasks to be performed as stated in the January 18 letter. Among other things, the April 1991 letter directed the creation of a special work-product database which would include, inter alia, documents obtained by counsel for Rockwell and Dow from third parties and identified by counsel as "significant to the ongoing litigation." A copy of the April 16, 1991 letter, provided for in camera review, is Exhibit B hereto. Plaintiffs have been provided with a redacted copy.

[4]/ The memorandum from DOE counsel to LANL, which attached the letter from defendants' counsel, was stamped "Privileged & Confidential Attorney Work Product." A copy of the memorandum is Exhibit C hereto.

presumably testimony) with respect to his activities taken on behalf of parties to this litigation. See Exhibit D at p. 8.

Such a request improperly invades the work-product protections that defendants are entitled to assert and upon which they have relied. Accordingly, defendants file this motion to protect these activities from disclosure at Mr. Comstock's deposition.[5]

**ARGUMENT**

## I.   MR. COMSTOCK'S LITIGATION SUPPORT ACTIVITIES ON BEHALF OF DEFENDANTS ARE PROTECTED FROM DISCLOSURE.

Fed. R. Civ. P. 26(b)(3) provides a qualified immunity against discovery by a party of materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent)." The rule also provides for absolute protection against "disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3).

Mr. Comstock's activities on behalf of the defendants in this case qualify for the absolute protection provided to opinion work product under Rule 26(b)(3). See Upjohn Co. v. United States, 449 U.S. 383, 401 (1981) (attorney opinion work product must be afforded absolute immunity). First, Mr. Comstock's

---

[5] Defendants believe that Mr. Comstock would testify that he has provided litigation support services for the contractors in other Rocky Flats-related litigation, including as an employee of Rockwell. These activities would similarly be protected from disclosure.

activities have been carried out "by or for" DOE as the
"representative" of the defendants (including as a "consultant"
and as "indemnitor"), and were conducted to assist Rockwell and
Dow in preparation "for trial."[6]   Second, disclosure of Mr.
Comstock's activities would reveal the "mental impressions,
conclusions, opinions, or legal theories of an attorney or other
representative of a party concerning the litigation."   Fed.R.
Civ.P. 26(b)(3).   This is so because the directions given by
defense counsel, or materials prepared by Mr. Comstock pursuant
to those directions, would reveal the theories of defense counsel
in this case, as well as Mr. Comstock's own mental impressions as
a "representative" of Dow and Rockwell.   E.g., United States v.
Noble, 422 U.S. 225, 238-39 (1974); United Coal Cos. v. Powell
Constr. Co., 839 F.2d 958, 966 (3d Cir. 1988) (protections apply
to materials prepared by non-lawyers and lawyers alike).   Disclo-
sure of documents assembled by Mr. Comstock pursuant to the
directions of defense counsel, or of documents assembled by
defense counsel, would similarly reveal defense counsel's
theories as to what documents are important in the case, as well
as Mr. Comstock's interpretation of those instructions.   E.g.,

_____

6/   These conditions alone establish the qualified work-product
protection under the Rule.   See, e.g., Ryall v. Appleton Elec.
Co., 153 F.R.D. 660, 662 (D. Colo. 1994) (citing Fed. R.
26(b)(3)).   To overcome that protection, plaintiffs would have to
make a showing that they are "unable without undue hardship to
obtain the substantial equivalent of the materials by other
means."   Fed. R. Civ. P. 26(b)(3).   Such a showing would be
impossible to make here given plaintiffs' own subpoenas served on
DOE and their apparently substantial resources for research and
document review.   Fed. R. 26(b)(3).   Such a showing would also be
pointless, since Mr. Comstock's activities qualify for absolute
protection as opinion work product.

Sporck v. Peil, 759 F.2d 312, 315 (3d Cir. 1985); Snowden v. Connought Labs., Inc., 137 F.R.D. 325, 332 (D. Kan. 1991) (selection of documents protected from disclosure).[7]/

Likewise, deposition testimony by Mr. Comstock regarding his efforts on behalf of defendants or the materials assembled on their behalf is protected from disclosure because it too would invade the mental impressions and thought processes of counsel and their representatives.  E.g., Shelton v. American Motors Corp., 805 F.2d 1323, 1329 (8th Cir. 1986) (deposition testimony regarding attorney selection of documents not permitted); Russel v. General Elec. Co., 149 F.R.D. 578, 581 (N.D. Ill. 1993) (in deposition of defendant's consultant, "any questions which tend to reveal defense counsel's mental impressions of the case are improper.").[8]/

In matters similar to this case, courts have held that investigators who have performed work on behalf of a party may

---

7/  These concerns apply with special force to litigation support database materials created at the defendants' direction by Mr. Comstock and others, and including documents deemed significant by defendants' attorneys.  See Santiago v. Miles, 121 F.R.D. 636, 637-38 (W.D.N.Y. 1988) (database creation is work product); In re IBM Peripheral EDP Devices Antitrust Litigation, 5 Computer L. Serv. (Callaghan) 878, 879 (N.D. Cal. 1975) (same).

8/  To the extent that Mr. Comstock has performed litigation support functions for Rockwell and Dow in other cases regarding Rocky Flats, such litigation support activities are also protected from disclosure by Rule 26(b)(3).  Work-product retains its protection in subsequent litigation, especially when the later litigation seeks to capitalize on the former as plaintiffs are attempting to do in this case.  E.g., In re Murphy, 560 F.2d 326, 334-35 (8th Cir. 1977); Republic Gear Co. v. Borg-Warner Corp., 381 F.2d 551, 557 (2d Cir. 1967); United States v. Leggett & Platt, Inc., 542 F.2d 655, 659-60 (6th Cir. 1976); see FTC v. Grolier, Inc., 462 U.S. 19, 27 (1983) (FOIA; draws work product analogy).

not be deposed with respect to the work they have performed for the party.  Thus, for instance, in Laxalt v. C.K. McClatchy, 116 F.R.D. 438, 442-43 (D. Nev. 1987), the court refused to permit broad-based deposition questions of a party's investigators because such questions "could easily lead to the disclosure of mental impressions or strategy," and the court likewise prohibited questions that would "forc[e] the deponents to reveal their 'knowledge' of documents" gathered during the course of their work for the party.  Similarly, in Lott v. Seaboard Systems Railroad, 109 F.R.D. 554, 558 (S.D. Ga. 1985), the court prohibited questions of a party's investigator that "may infringe upon the mental impressions or legal theories of defendant's counsel" or which would "delve into" the investigator's own mental impressions.[9]

In sum, any documents or deposition testimony which may tend to reveal the mental impressions or case strategy of Dow's and Rockwell's attorneys or their representatives cannot be obtained through Mr. Comstock.  Such information would include (a) what specific activities were carried out by Mr. Comstock or LANL; (b) what materials that Mr. Comstock or LANL reviewed on defendants' behalf; (c) what materials were created or assembled by Mr. Comstock or LANL on behalf of the defendants (or for DOE or LANL as representatives of defendants), including the structure or contents of a litigation database assembled for defendants at

_____

9/  See also In re Conticommodity Services Inc. Securities Litigation, 123 F.R.D. 574, 577 (N.D. Ill. 1988); Burr v. United Farm Bureau Mutual Ins. Co., 560 N.E.2d 1250, 1257 (Ind, Ct. App. 1990).

their direction; and (d) communications between defendants and Mr. Comstock or LANL regarding items (a) through (c) above.

Defendants stress, however, that they do not seek by this motion to prevent Mr. Comstock from testifying about the existence of potentially relevant documents that exist in the possession, custody, or control of DOE. Defendants told plaintiffs they would not object to such questions -- which are what would ordinarily be expected from a custodial deposition -- but plaintiffs' counsel refused to consent to any limitation on the examination of Mr. Comstock, thus necessitating this motion.

## CONCLUSION

For the foregoing reasons, defendants' motion should be granted. A proposed order is attached.

Dated:   July 13, 1994.

Respectfully submitted,

SHEA & GARDNER

Patrick M. Hanlon
1800 Massachusetts Ave., N.W.
Washington, D.C.   20036
(202) 828-2000

SHERMAN & HOWARD

Joseph J. Bronesky
633 17th Street, Suite 3000
Denver, Colorado   80202
(303) 297-2900

ATTORNEYS FOR ROCKWELL
    INTERNATIONAL CORPORATION

KIRKLAND & ELLIS

David M. Bernick
Mark S. Lillie
Raymond L. Gifford
1999 Broadway, Suite 4000
Denver, Colorado   80202
Telephone:   (303) 291-3000

ATTORNEYS FOR DOW
    CHEMICAL COMPANY

- 8 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of July, 1994, service of the foregoing **DEFENDANTS' JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER REGARDING DEPOSITION OF DANIEL COMSTOCK** was effected (except where otherwise indicated) by placing true and correct copies thereof in the United States Mail, first class postage prepaid, addressed as follows:

Ronald Simon
CONNERTON, RAY AND SIMON
1920 L Street, N.W., 4th Floor
Washington, D.C. 20036-5004

Daniel Berger
Jon Auerbach
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365
(By Telecopy)

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS
  & CHESLEY CO., L.P.A.
1513 Central Trust Tower
Cincinnati, Ohio 45202

Bruce H. DeBoskey
SILVER & DeBOSKEY
1801 York Street
Denver, CO 80206

Frank P. Dickson, Jr.
LOS ALAMOS NATIONAL LABORATORY
Laboratory counsel/general law
Los Alamos, NM 87545
(By Telecopy)

Joseph J. Bronesky
SHERMAN & HOWARD
633 17th Street, Suite 3000
Denver, CO 80202
(By Telecopy)

Patrick M. Hanlon
SHEA & GARDNER
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036

Richard C. Kaufman
OFFICE OF THE U.S. ATTORNEY
1961 Stout DR 3608
Denver, CO 80202

Daniel Satriana
HALL & EVANS
1200 17th Street, Suite 1700
Denver, CO 80202

Lou Pribila
THE DOW CHEMICAL COMPANY
2030 Willard H. Dow Center
Midland, Michigan 48674

Carl Leutner

COMSTOCK.BRF

- 9 -

Exhibit A

RECYCLED

ALL-STATE LEGAL   800-222-0510   L08411

# KIRKLAND & ELLIS

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

200 East Randolph Drive
Chicago, Illinois 60601

To Call Writer Direct:
312 861-2248

312 861-2000

Facsimile:
312 861-2200

## January 18, 1991

James A. Stout, Chief Counsel
U.S. Dept. of Energy
Albuquerque Operations Office
P.O. Box 5400
Albuquerque, New Mexico 87115

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

Re:  Rocky Flats Litigation

Dear Jim:

Dow and Rockwell are proceeding with the defense of the class action litigation at Rocky Flats, pursuant to prior direction from the Department of Energy.  As counsel to Dow, we have begun to formulate our theories for the defense of these cases.  In light of those theories, we have decided that certain tasks should be performed in furtherance of our defense.  The purpose of this letter is to describe those tasks which we wish to have performed using DOE personnel and resources.  Counsel for Rockwell have reviewed, and concur in, what follows.

The tasks are as follows:

# KIRKLAND & ELLIS

James A. Stout
January 18, 1991
Page 2

## KIRKLAND & ELLIS

James A. Stout
January 18, 1991
Page 3


We regard all of the foregoing activities (including the results of these activities) as work product.  They reflect the thoughts, mental impressions and strategies of counsel for Rockwell and Dow; they are performed for litigation purposes under the direction of counsel for Rockwell and Dow; and they are undertaken by the DOE (both directly and through its agents) as an "indemnitor", "consultant", and "representative" under Rule 26 of the Federal Rules of Civil Procedure.  Other privileges also apply, including the joint defense privilege.  These and other immunities also protect the substance and fact of our previous meetings concerning database activities.  The privileges extend to the selection of historical documents not generated pursuant to Rule 26, albeit some of the documents themselves may be subject to discovery if and only to the extent that they are requested and produced in a fashion that does not reflect our work product.

It is imperative that you take whatever steps are necessary to preserve the privileges which attach to these activities and the information and materials which they generate. In particular:

1.  No work should be performed without our knowledge and approval.

2.  No information or documents generated pursuant to the foregoing requests (or in connection with our prior meetings) should be communicated to any person outside of the Department of Energy without our approval.

3.  All documents generated as part of the foregoing activities (and our prior meetings) should be appropriately marked to reflect their status as attorney work product.

# KIRKLAND & ELLIS

James A. Stout
January 18, 1991
Page 4

4. We should be promptly notified of any inadvertent disclosure of work product, and appropriate steps should be taken immediately to obtain its return.

5. All persons involved in executing the foregoing requests should be provided with suitable instruction regarding the nature and significance of the work product privilege.

We expect that additional requests will be made of you in the future. All such requests will be made pursuant to the same authority and parameters set forth in this letter.

Please let me know if you have any questions regarding the foregoing.

Yours truly,

David M. Bernick

DMB/jll
cc: Sydney Rooks
John Aldock

Exhibit B

ALL-STATE LEGAL  800-222-0510   FORM   RECYCLED

# KIRKLAND & ELLIS

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

To Call Writer Direct:
**312 861-2248**

Facsimile:
812 861-2200

## April 16, 1991

<u>VIA FAX AND FEDERAL EXPRESS</u>

Mr. James A. Stout, Chief Counsel
U.S. Department of Energy
Albuquerque Operations Office
P.O. Box 5400
Albuquerque, New Mexico 87115

<u>PRIVILEGED & CONFIDENTIAL</u>
ATTORNEY WORK PRODUCT

Re:  <u>Rocky Flats Litigation</u>

Dear Jim:

This letter updates and revises my letter of January
18, 1991 regarding the Rocky Flats litigation.  The present
status of the tasks listed in the January 18 letter are as
follows:

Denver          Los Angeles          New York          Washington D.C.

# KIRKLAND & ELLIS

James A. Stout
April 16, 1991
Page 2

James A. Stout
April 16, 1991
Page 3

As reflected in the above list, this database will reflect the thoughts, mental impressions and strategies of counsel for Rockwell and Dow. As a consequence, the database will fall within the parameters of the January 18 letter and will be privileged. All the steps set forth in that letter should be followed in order to protect the privileges.

Also, as we have discussed, it is essential to our investigations of the facts in this case that we are able to search all documents at one time.

Finally, documents are being requested of EG&G and various government offices by Shea & Gardner on behalf of Rockwell and Kirkland & Ellis on behalf of Dow. Shea & Gardner and Kirkland & Ellis will review these documents and determine which, if any, are significant to the ongoing litigation. Such documents, too, will be entered into the database.

Please let me know if you have any questions regarding the foregoing.

Yours truly,

David M. Bernick

DMB/jll
Enclosure
cc: Sydney Rooks
    John Aldock

Exhibit C

United States Government

# memorandum

Department of Energy

Albuquerque Operations Office

**DATE:** JAN 2 2 1991

**REPLY TO
ATTN OF:** OCC

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

**SUBJECT:** Rocky Flats Litigation Direction Letter

**TO:** Mike Payne, Program Manager, P-222, LANL

This is to request that you serve as an extension or "agent" of my office in the development of an overall strategy for dealing with the document search and data handling requirements flowing from the attached January 18, 1991 letter and attachment from David Bernick.

In connection with your review, you are not authorized to share the contents of this letter with others without my permission.

Please discuss with me the need to utilize others on your staff to assist you in this effort. We should also discuss your preliminary conclusions before the January 30, 1991 meeting in Denver.

James F. Stout
Chief Counsel

Attachments

Exhibit D

LAW OFFICES

## BERGER & MONTAGUE, P.C.

1622 LOCUST STREET

PHILADELPHIA, PA 19103-6365

TELEPHONE (215) 875-3000

FAX (215) 875-4604

DAVID BERGER*¶
HAROLD BERGER
H. LADDIE MONTAGUE, JR.§
STANLEY R. WOLFE
MERRILL G. DAVIDOFF*
SHERRIE R. SAVETT
DANIEL BERGER
JAY ROBERT STIEFEL
GARY E. CANTOR
HOWARD I. LANGER
STEPHEN A. WHINSTON
MARTIN I. TWERSKY
TODD S. COLLINS‡
CAROLE A. BRODERICK
JANICE SIEGEL§‖¶
RUSSELL D. HENKIN**
PETER R. KAHANA
RUTHANNE GORDON
ALAN M. SANDALS§
STEPHEN D. RAMOS
KAREN SCHAFFEL ORMAN
JEANNE A. MARKEY‡
LAWRENCE DEUTSCH‡
JONATHAN D. BERGER
KENNETH L. FOX*†§

PATRICIA D. GUGIN†
SHERYL SATZBERG LEVY
STEVEN H. DOTO§
LAWRENCE J. LEDERER‡
JEROME M. MARCUS
PETER NORDBERG
JOHN R. TAYLOR
THOMAS F. HUGHES‡
CATHERINE A. SULLIVAN
ANDREW LAPAT‡
BART COHEN
MICHAEL T. FANTINI§
JEFFREY M. KRULIK§‖
DAVID F. SORENSEN
MICHAEL L. BLOCK‡
ANDREW S. BRENNER‡
STUART J GUBER
SUSAN JAFFE SARNER*‡
ARTHUR STOCK
JONATHAN AUERBACH‡
IVONIA K. SLADE
PATRICK E. BRADLEY
BRET P. FLAHERTY
GENNA C. DRISCOLL
CHARLES P. GOODWIN

OF COUNSEL:
DAVIS, GORDON & DONER, P.A.
WEST PALM BEACH, FL
THE MORGAN LAW FIRM
SAN JOSE, CA

RECEIVED

JUL 13 1994

KIRKLAND & ELLIS

*ALSO ADMITTED IN NY
**ALSO ADMITTED IN FL
‖ALSO ADMITTED IN DE
‡‡ALSO ADMITTED IN NJ
†ALSO ADMITTED IN GA
††ALSO ADMITTED IN CA
§ALSO ADMITTED IN DC
‖‖ALSO ADMITTED IN MI

WRITER'S DIRECT DIAL NUMBER:

875-5703

WRITER'S DIRECT FAX NUMBER:

875-4674

July 12, 1994

**VIA OVERNIGHT DELIVERY**

Frank Dickson, Esq.
Staff Attorney
Los Alamos National Laboratory
Room 504, 1900 Diamond Drive
Los Alamos, NM  87545

> Re:  **Cook, et al., v. Rockwell Int'l Corp., et al.,**
> **No. 90-K-181**

Dear Mr. Dickson:

Enclosed please find an original and one copy of Plaintiffs' Document Subpoena Addressed to The Regents of the University of California which you agreed to accept by means of overnight delivery.

If you have any questions, please call me.

Sincerely,

Jonathan Auerbach

JA/rjs

Enclosure(s)

cc:      Counsel for Plaintiffs (with encl.)
         Counsel for Defendants (with encl.)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

DISTRICT OF ___Colorado___

Merilyn Cook, et al.,
          Plaintiffs

v.

Rockwell In'l Corp., and
The Dow Chemical Co.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 90-K-181

TO: Regents of the University of .
California
Los Alamos National Laboratory, Room 504
Los Alamos, NM 87545

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE Offices of Freedman, Boyd, Daniels, Peifer, Hollander, Guttman & Goldberg 20 First Street, Suite 700 Albuquerque, NM 87102 | DATE AND TIME July 19, 1994 9:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Jonathan Auerbach, Esq., Attny for Plaintiffs | DATE 7-12-94 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan Auerbach, Berger & Montague, P.C., 1622 Locust Street,
Philadelphia, PA 19103 - (215) 875-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

Case No. 90-K-181

MERILYN COOK, <u>et al.</u>,

**Plaintiffs,**

v.

ROCKWELL INTERNATIONAL CORPORATION,
a Delaware Corporation, and

THE DOW CHEMICAL COMPANY,
a Delaware Corporation,

**Defendants.**

---

### ATTACHMENT "A" DOCUMENT SUBPOENA
<u>ADDRESSED TO THE REGENTS OF THE UNIVERSITY OF CALIFORNIA</u>

#### <u>DEFINITIONS</u>

A.    "Document" means any document within the meaning of the Federal Rules of Civil Procedure, including but not limited to any written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets,

circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter and intra office communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgements, data processing cards, computer generated or stored matter, computer disks, magnetic tapes, photographs, photographic negatives, phonograph records, tape recordings, video recordings, wire recordings, other mechanical records, transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible thing of a similar nature.

B. "DOE" refers to the United States Department of Energy as well as its predecessors, including, without limitation, the United States Atomic Energy Commission ("AEC") and the Energy Research and Development Administration ("ERDA") and its employees, contractors, or agents, including any person or entity over whom DOE exercised, in whole or in part, administrative or managerial control, or whom DOE directly or indirectly compensated or funded, including but not limited to Los Alamos National Laboratory and its personnel, agents, contractors, and other persons or entities affiliated or associated with it.

C. "Identify" means when used in reference to:

a. a <u>document</u>, to state separately (i) its description (<u>e.g.</u>, letter, report, memorandum, etc.), (ii) its

date, (iii) the identity of each person participating in the communication or conversation, and (iv) the identity of all notes, memoranda, or other documents memorializing, referring to, or relating to the subject matter of the statement;

      b.    an <u>oral</u> statement, communication, conference, or conversation, to state separately (i) its date and the place where it occurred, (ii) its substance, (iii) the identity if each person participating in the communication or conversation, and (iv) the identity of all notes, memoranda, or other documents memorializing, referring to, or relating to the subject matter of the statement;

      c.    a <u>natural person or persons</u>, to state separately (i) the full name of each such person, (ii) his or her present, or last known, business address and his or her present, or last know, residential address, and (iii) the employer of the person at the time to which the document request is directed and the person's title or position at that time;

      d.    an <u>organization or entity</u> or other than a natural person (<u>e.g.</u>, a company, corporation, firm, association, or partnership), to state separately (i) the full name and type of organization or entity; (ii) the date and state of organization or incorporation, (iii) the address of each of its principal places of business, and (iv) the nature of the business conducted.

      D.    "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations, and every other

type of organization or entity.

E.   "Relating to" means concerning, referring to, describing, evidencing, constituting or summarizing.

L.   "Rocky Flats" refers to the Rocky Flats Nuclear Weapons Facility.

O.   "You," "your," and "yourself" refer to DOE and its agents, representatives, officers, directors and employees, whether located at the national, regional or area offices, or at other locations.   Included also are any predecessor, person, contractor affiliated therewith, or over whom DOE exercised, in whole or in part, administrative or managerial control, or whom DOE directly compensated or funded.

P.   The singular shall be deemed to include the plural and vice versa.   The masculine shall be deemed to include the feminine and vice versa.   The word "and" shall be deemed to include the disjunctive "or" and vice versa.   The word "including" shall be deemed to include the phrase "including, but not limited to."

## INSTRUCTIONS

1.   These Requests to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in or subject to, directly or indirectly, the control of the party to whom these document Requests are addressed.   To the extent the original document is not available under the criteria of the preceding sentence, these

Requests call for the production of the most legible copy that is in or subject to, directly or indirectly, the control of the party to whom these document Requests are addressed, including microfiche or microfilm if that is the most legible copy. In addition, each of the Requests shall be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not to the original or other copies thereof).

2.    The party to whom these document Requests are addressed shall produce, when existing, all documents on a suitable computer storage media and in computer-usable form, including all computerized documents containing optically scanned documents. If the party does not produce said computerized documents, the party shall specifically identify any said computerized documents.

3.    In responding to these Requests, you are requested to furnish such documents as are reasonably available to you. This means that you are to furnish documents in the possession of any of your directors, officers, employees, agents, representatives, attorneys, investigators, experts, witnesses, or consultants, as well as all persons or entities that are otherwise subject to your care, custody, control or influence.

4.   To the extent reasonably feasible, documents produced should be grouped separately according to the Request subparagraph to which they relate.   Within these groupings, documents should be produced in the same order or arrangement and in the same file folders in which they were maintained in your files.

5.   If you refuse to produce any document (or portion thereof) described in these Requests, state the basis for your refusal, including every fact or other detail upon which you intend to rely to establish the validity of your refusal to the satisfaction of the Court or magistrate.

6.   If a document or some portion is withheld on the basis of any privilege, you are to identify the withheld document or portion thereof by date, title, author, addressee, and type of privilege claimed.   Also certify that the document has not been shown to anyone outside of DOE or explain why the showing of it to such person does not constitute a waiver of the privilege and that DOE will not rely on any legal opinion related to such document in this proceeding.   If the privilege claimed is "attorney-client," identify (i) the nature of the confidential information that would be revealed if the document were produced to the greatest extent possible, consistent with maintenance of the asserted privilege; (ii) the name of DOE's attorney to whom DOE provided such confidential information; and (iii) whether the confidential information was provided to the attorney for the purpose of obtaining legal

advice.  If the privilege claimed is "work product," identify the litigation in connection with which it was done, the attorney that did or supervised the work, and the nature of the work product to the greatest extent possible, consistent with maintenance of the asserted privilege.  If only a portion of a document is privileged, you are to redact only the privileged portion and produce the remainder of the document.

7.   Each responsive document shall be produced unless proper objection is made.

8.   No part of a document request shall be left unanswered merely because an objection is interposed to another part of the request.

9.   This subpoena shall be deemed continuing so as to require supplemental production if DOE obtains or located additional documents after the time the documents are first produced.

10.   To the extent documents have already been produced by the party or person to whom this document request has been directed, they need not be produced again.

### TIME PERIOD

All information requested is for the period January 1, 1952 through the date of service of these Requests ("Relevant Period").

## DOCUMENTS SUBPOENAED

1.    Produce all documents (except as otherwise indicated) which relate to, reflect or constitute:

a.    Such documents as are sufficient to reflect Daniel Comstock's employment relationship and duties with respect to Los Alamos National Laboratories and/or DOE; and

b.    Daniel Comstock's employment relationship and duties with respect to activities or efforts to identify or locate documents related to Rocky Flats and/or this litigation on behalf of or in connection with DOE or any other party or entity, since January 1, 1990, including but not limited to documents related to funding of such activities or efforts and documents related to directions, instructions, proposals, outlines, or contracts related to the conduct of such activities or efforts.

2.    Produce all documents, including but not limited to internal memoranda, notes, correspondence, minutes of meetings, computer searches, databases, indices, lists and other document location aids, which relate to, reflect or constitute Daniel Comstock's and/or DOE's activities or efforts to identify or locate documents related to Rocky Flats and/or this litigation.

DATED: July 12, 1994

Merrill G. Davidoff
Daniel Berger
Jonathan Auerbach
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA   19103-6365
(215) 875-3000

Bruce H. DeBoskey
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1290 Broadway, Suite 700
Denver, Colorado  80203-5607
(303) 894-8700

Ronald Simon
David Elbaor
Richard J. Fiesta
CONNERTON, RAY AND SIMON
1920 L Street, N.W., 4th Floor
Washington, D.C.  20036-5004
(202) 466-6790

Stanley M. Chesley
Louise Roselle
Paul DeMarco
WAITE, SCHNEIDER, BAYLESS & CHESLEY
Suite 1513
Central Trust Tower
Cincinnati, OH  45202
(513) 621-0268

## CERTIFICATE OF SERVICE

I, Jonathan Auerbach, Esquire, do hereby certify that copies of Plaintiffs' Document Subpoena Addressed to the Regents of the University of California were served this twelfth day of July, 1994, via United Parcel Service, next day delivery on counsel for defendants and counsel for Mr. Comstock and counsel for DOE as listed below:

Patrick Hanlon, Esq.
SHEA & GARDNER
1800 Massachusetts Ave., N.W.
Washington, DC  20036

Mark S. Lillie, Esq.
KIRKLAND & ELLIS
1999 Broadway
Denver, CO 80202

Joseph J. Bronesky, Esq.
SHERMAN & HOWARD
633 Seventeenth Street
Suite 3000
Denver, CO  80202

David M. Bernick, Esq.
Kevin T. Van Wart, Esq.
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL  60601

Richard C. Kaufman, Esq.
UNITED STATES ATTORNEY
DISTRICT OF COLORADO
1961 Stout Street
DR 3608
Denver, CO  80202

Frank Dickson, Esq.
Staff Attorney
Los Alamos National Lab
Room 504
1900 Diamond Drive
Los Alamos, NM  87545

Louis W. Pribila, Esq.
THE DOW CHEMICAL COMPANY
2030 Williard H. Dow Center
Midland, MI  48674

Jonathan Auerbach

49107.05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

Case No. 90-K-181

MERILYN COOK, et al.,

Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION,
a Delaware Corporation, and

THE DOW CHEMICAL COMPANY,
a Delaware Corporation,

Defendants.

---

NOTICE OF RESCHEDULED DEPOSITION

TO:     All Counsel of Record

PLEASE TAKE NOTICE that, pursuant to Order of the Court, the deposition of the following person has been rescheduled for the date and location indicated below:

| Deponent | Date/Time | Location |
|---|---|---|
| Daniel Comstock<br>Los Alamos National Lab<br>Computing, Information,<br>& Technology<br>Los Alamos, NM 87545 | July 19 1994<br>9:00 AM | Freedman, Boyd, Daniels,<br>Peifer, Hollander,<br>Guttman & Goldberg<br>20 First Street, Ste. 700<br>Albuquerque, NM 87102 |

Daniel Comstock will be required to produce at the deposition the documents identified in Exhibit A. The deposition will continue from day to day until completed.

DATED: July 12, 1994

Merrill G. Davidoff
Daniel Berger
Jonathan Auerbach
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA  19103-6365
(215) 875-3000

Bruce H. DeBoskey
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1290 Broadway, Suite 700
Denver, Colorado  80203-5607
(303) 894-8700

Ronald Simon
David Elbaor
Richard J. Fiesta
CONNERTON, RAY AND SIMON
1920 L Street, N.W., 4th Floor
Washington, D.C.  20036-5004
(202) 466-6790

Stanley M. Chesley
Louise Roselle
Paul DeMarco
WAITE, SCHNEIDER, BAYLESS & CHESLEY
Suite 1513
Central Trust Tower
Cincinnati, OH  45202
(513) 621-0268

2

## CERTIFICATE OF SERVICE

I, Jonathan Auerbach, Esquire, do hereby certify that copies of Plaintiffs' Notice of Rescheduled Deposition were served this twelfth day of July, 1994, via United Parcel Service, next day delivery on counsel for defendants and counsel for Mr. Comstock and counsel for DOE as listed below:

Patrick Hanlon, Esq.
SHEA & GARDNER
1800 Massachusetts Ave., N.W.
Washington, DC  20036

Mark S. Lillie, Esq.
KIRKLAND & ELLIS
1999 Broadway
Denver, CO 80202

Joseph J. Bronesky, Esq.
SHERMAN & HOWARD
633 Seventeenth Street
Suite 3000
Denver, CO  80202

David M. Bernick, Esq.
Kevin T. Van Wart, Esq.
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL  60601

Richard C. Kaufman, Esq.
UNITED STATES ATTORNEY
DISTRICT OF COLORADO
1961 Stout Street
DR 3608
Denver, CO  80202

Frank Dickson, Esq.
Staff Attorney
Los Alamos National Lab
Room 504
1900 Diamond Drive
Los Alamos, NM  87545

Louis W. Pribila, Esq.
THE DOW CHEMICAL COMPANY
2030 Williard H. Dow Center
Midland, MI  48674

Jonathan Auerbach

49107.05