**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE USED BY
PLAINTIFFS ON OCTOBER 17, 2005**
_____

Defendants hereby file their Objections to Exhibits that plaintiffs have indicated will be used during the direct examinations of Tim Holeman, John Ray and Charles Ozaki. Defendants' objections are divided into three categories: (1) objections made with respect to previous motions *in limine* which the Court has already denied; (2) objections made with respect to previous motions in limine which the Court has already granted; and (3) additional objections with respect to which the Court has not already ruled.

### I. OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY DENIED.

Set forth below are objections to plaintiffs' exhibits based on arguments set forth in defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

#### A. Defendants' Motion *in Limine* to Exclude Evidence of the 1989 FBI Raid on Rocky Flats and Related Evidence

Defendants object to the following exhibits on the ground that evidence related to the FBI raid is inadmissible under Federal Rules of Evidence 402 and 403 (*see* Defs.' Mot. *in Limine* No. 1, filed 6/16/05):  P-209, P-1215, PV-3116, PV-3127, PV-3128.

#### B. Defendants' Motion *in Limine* to Exclude Evidence of the Grand Jury Investigation of Rocky Flats and Related Evidence

Defendants object to the following exhibits on the ground that evidence related to the grand jury investigation of Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 2, filed 6/16/05):  P-206, PV-3116.

#### C. Defendants' Motion *in Limine* to Exclude Evidence of Substances Other Than Plutonium to the Extent Plaintiffs Cannot Demonstrate Support for a Class-Wide Nuisance

Defendants object to the following exhibits on the ground that evidence related to substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 6, filed 6/16/05):  P-99, P-162, P-206, P-209, P-334, P-507, P-511, P-524, P-783, P-1215, PV-3116, PV-3127, PV-3128.

### D. Defendants' Motion *in Limine* to Exclude Evidence Related to Releases and Incidents That Occurred Wholly Within Buildings

Defendants object to the following exhibits on the ground that evidence related to releases, incidents, and conditions that occurred solely within buildings at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 8, filed 6/16/05):  P-334, P-1215, P-1218.

### E. Defendants' Motion *in Limine* to Exclude Evidence of Past "Risks" That Never Occurred and Now Cannot Happen

Defendants object to the following exhibits on the ground that evidence related to past "risks" at Rocky Flats that never occurred and now cannot occur is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 10, filed 6/16/05):  P-189, P-206, P-208, P-209, P-211, P-314, P-334, P-511, P-783, P-1214, P-1215, P-1217, P-1218, P-1219, PV-3116, PV-3127, PV-3128.

### F. Defendants' Motion *in Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs' Cannot Link to Their Trespass and Nuisance Claims

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05):  P-98, P-99, P-189, P-314, P-334, P-497, P-507, P-524, P-783, P-1215, P-1217, P-1218, P-1219, PV-3116, PV-3127, PV-3128.

### G. Defendants' Motion *in Limine* to Exclude Evidence That Does Not Apply Class-Wide

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 12, filed 6/16/05):  P-98, P-99, P-161, P-162, P-189, P-206, P-208, P-209, P-211, P-314, P-334, P-360, P-507, P-511, P-524, P-783, P-1214, P-1215, P-1217, P-1218, P-1219, PV-3116, PV-3127, PV-3128.

### H. Defendants' Motion *in Limine* to Exclude Evidence of Other Lawsuits Against the Defendants

Defendants object to the following exhibits on the ground that evidence of other lawsuits against the defendants is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 14, filed 6/16/05):  PV-3116, PV-3128.

## II. OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY DENIED.

Set forth below are objections to plaintiffs' exhibits based on arguments set forth in defendants' motions *in limine* that this Court granted.

### A. Defendants' Motion *in Limine* to Exclude Evidence of the 1989 FBI Raid on Rocky Flats and Related Evidence

The Court granted defendants' motion in limine to exclude evidence of the 1989 FBI raid in part, holding that just the fact of the FBI raid is admissible, but that other evidence related to the raid, such as the allegations leading up to the raid, are not.  (*See* 9/22/05 Hr'g Tr. at 34 (holding that "[j]ust the fact that there was an F.B.I. . . . there was an F.B.I. investigation" is

4

admissible); 8/22/05 Hr'g Tr. at 6–8.)  Defendants object to the following exhibits on the ground that they are inadmissible under this ruling:  P-211, P-1215, PV-3116, PV-3127, PV-3128.

### B.    Defendants' Motion *in Limine* to Exclude Evidence of The Costs of Remediation

Defendants object to the following exhibits on the ground that they refer to the costs of remediation of Rocky Flats and are therefore inadmissible under this Court's ruling granting Defendants' Motion *in Limine* No. 16 (*see* 9/22/05 Hr'g Tr. at 10):  P-211, P-1214.  Defendants request that these exhibits be excluded or redacted.

### III.   ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

Defendants object to P-98 on grounds of authenticity, hearsay, relevance and beyond the personal knowledge of the witness with whom they intend to use it.  In addition, P-98 should be excluded under Rule 403 as inflammatory and unduly prejudicial.

Defendants object to the handwriting on P-99 as hearsay that needs to be redacted.

Defendants object to P-162 on grounds of hearsay, authenticity, hearsay within hearsay and relevance in that it only addresses issues relating to the City of Broomfield.

Defendants object to P-189 on hearsay grounds.  The exhibit is hearsay not subject to any hearsay exception.  Defendants also object to P-189 on the grounds that Mr. Ray lacks the foundation to introduce this exhibit into evidence and it is irrelevant to the issues being tried in this matter.  Defendants object to P-189 under Rule 403, because the prejudice from evidence of events that had no off-site impact (e.g. the Mounds, Trenches, and 771 Outfall) substantially outweighs any conceivable probative value.

5

Defendants object to P-206 on grounds of hearsay.

Defendants object to P-208 on grounds of hearsay and relevance in that it only addresses issues relating to the City of Broomfield.

Defendants object to P-209 on grounds of hearsay and relevance in that it only addresses issues relating to the City of Broomfield.

Defendants object to P-211 on grounds of hearsay and relevance in that the survey was not of class members and that it only addresses issues relating to the City of Broomfield.

Defendants object to P-314 on hearsay grounds. The exhibit is hearsay not subject to any hearsay exception. Defendants also object to P-314 on the grounds that Mr. Ray lacks the foundation to introduce this exhibit into evidence and it is irrelevant to the issues being tried in this matter. Defendants object to P-314 under Rule 403, because the prejudice from evidence of events that had no off-site impact (e.g. 771 Outfall) substantially outweighs any conceivable probative value.

Defendants object to P-334 on grounds of hearsay, hearsay within hearsay, authenticity, it contains multiple documents, some of the documents are incomplete, and beyond the personal knowledge of the witness with whom they intend to use it. In addition, P-334 should be excluded under Rule 403 as inflammatory and unduly prejudicial.

Defendants object that the letters in P-360 and the handwritten notes are hearsay not subject to any exception. The letters also should be excluded as irrelevant. They are the views of an advocacy group and do not reflect market information or market reaction to Rocky Flats.

6

In addition, the letters should be excluded under Rule 403 as inflammatory and unduly prejudicial.

Defendants object to P-497 on grounds of hearsay and relevance.  In addition, the handwritten comments on P-497 are also hearsay.

Defendants object to P-511 on grounds of hearsay and relevance.

Defendants object to P-783 on hearsay grounds.

Defendants object to P-1214 on relevance grounds because it only relates to issues affecting the City of Broomfield.  It is also incomplete.

Defendants object to P-1215 on grounds of authenticity, hearsay, hearsay within hearsay and relevance.  In addition, P-1215 should be excluded under Rule 403 as inflammatory and unduly prejudicial.

Defendants object to P-1216 on the grounds that Mr. Ray lacks the foundation to introduce this exhibit into evidence.

Defendants object to P-1217 on the grounds that Mr. Ray lacks the foundation to introduce this exhibit.  The photos were taken in 1954, prior to Mr. Ray's employment by Dow in 1957.  Defendants also object to P-1217 on the grounds that photos of the mound are irrelevant to the issues being tried in this matter.  Defendants object to P-1217 on the grounds that the unfair prejudice substantially outweighs any conceivable probative value.

Defendants object to P-1218 on the grounds that Mr. Ray lacks the foundation to introduce this exhibit.  Defendants also object to P-1218 on the grounds that photos of barrels within a building are irrelevant to the issues being tried in this matter.  Defendants object to

P-1218 on the grounds that the unfair prejudice substantially outweighs any conceivable probative value.

Defendants object to P-1219 on the grounds that Mr. Ray lacks the foundation to introduce this exhibit.  Defendants also object to P-1219 on the grounds that photos of 1969 fire are irrelevant to the issues being tried in this matter.  Defendants object to P-1219 on the grounds that the unfair prejudice substantially outweighs any conceivable probative value.

Defendants object to PV-3116 on grounds of hearsay, authenticity, hearsay within hearsay, and beyond the personal knowledge of the witness with whom they intend to use it.  In addition, PV-3116 should be excluded under Rule 403 as inflammatory and unduly prejudicial.

Defendants object to PV-3127 on grounds of hearsay, authenticity, hearsay within hearsay, and beyond the personal knowledge of the witness with whom they intend to use it.  In addition, PV-3127 should be excluded under Rule 403 as inflammatory and unduly prejudicial.

Defendants object to PV-3128 on grounds of hearsay, authenticity, hearsay within hearsay, and beyond the personal knowledge of the witness with whom they intend to use it.  In addition, PV-3128 should be excluded under Rule 403 as inflammatory and unduly prejudicial.

Defendants object to PG-4009 on the grounds that it is an inaccurate demonstrative.  The spray fields, landfill and trenches, among other things, are depicted in the wrong locations.  Defendants also object to PG-4009 on the grounds that Mr. Ray lacks the foundation to introduce this exhibit into evidence and on hearsay grounds.

Defendants object to PG-4098 on the grounds that Mr. Ray lacks the foundation to introduce this exhibit into evidence. Defendants also object to this exhibit on the grounds of hearsay.

Dated:  October 17, 2005                          Respectfully submitted,


                                                         /s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                            /s/ Kari Knudsen_____
                                            Kari Knudsen (legal assistant)