**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE USED BY
PLAINTIFFS ON OCTOBER 18, 2005**
_____

        Defendants hereby file their Objections to Exhibits that plaintiffs have indicated will be used during the direct examinations of John Ray, Charles Ozaki, and William Schierkolk. Defendants' objections are divided into two categories: (1) objections made with respect to previous motions *in limine* which the Court has already denied; and (2) additional objections with respect to which the Court has not already ruled.

**I.    OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY DENIED.**

        Set forth below are objections to plaintiffs' exhibits based on arguments set forth in defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

### A. Defendants' Motion *in Limine* to Exclude Evidence Related to Employee Safety and Health

Defendants object to the following exhibits on the ground that evidence related to employee health and safety at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 7, filed 6/16/05):  P-1238.

### B. Defendants' Motion *in Limine* to Exclude Evidence of Past "Risks" That Never Occurred and Now Cannot Happen

Defendants object to the following exhibits on the ground that evidence related to past "risks" at Rocky Flats that never occurred and now cannot occur is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 10, filed 6/16/05):  P-1238.

### C. Defendants' Motion *in Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs' Cannot Link to Their Trespass and Nuisance Claims

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05):  P-248, P-1238.

### D. Defendants' Motion *in Limine* to Exclude Evidence That Does Not Apply Class-Wide

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 12, filed 6/16/05):  P-248, P-1238.

    **E.**    **Defendants' Motion *in Limine* to Exclude Evidence Related to Other Lawsuits**

Defendants object to the following exhibits on the ground that evidence related to other lawsuits is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 14, filed 6/16/05):  P-248.

## II.    ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

Defendants object to P-248 on the grounds of authenticity, hearsay as to the handwritten comments on the first page, and beyond the personal knowledge of the witness with whom they intend to use it.  Defendants further object to the discussion of other litigation and settlement of other litigation on the last two pages of the exhibit.  Finally, defendants object that the attachments to the documents are drafts.

Defendants object to P-1238 on hearsay grounds.  The exhibit is hearsay not subject to any hearsay exception.  Defendants also object to P-1238 on the grounds that Mr. Ray lacks the foundation to introduce this exhibit into evidence and it is irrelevant to the issues being tried in this matter.  Defendants object to P-1238 under Rule 403 because the prejudice from evidence of events that had no off-site impact (e.g. the Mounds, Trenches, and 771 Outfall) substantially outweighs any conceivable probative value.

We have also received eleven exhibits that plaintiffs propose to use with William Schierkolk.  Assuming that plaintiffs can authenticate and lay a proper foundation for these exhibits, defendants do not object to their admissibility.

Dated:  October 18, 2005                                    Respectfully submitted,


                                /s/ John E. Tangren_____  
                                One of the Attorneys for the Defendants  
David M. Bernick  
Douglas J. Kurtenbach  
Ellen Therese Ahern  
Mark J. Nomellini  
John E. Tangren  
KIRKLAND & ELLIS LLP  
200 East Randolph Drive  
Chicago, Illinois 60601-6636  
Phone:  312-861-2000  
Fax:     312-861-2200  

Joseph J. Bronesky  
SHERMAN & HOWARD L.L.C.  
633 Seventeenth Street, Suite 3000  
Denver, Colorado 80202  
Phone:  303-297-2900  
Fax:     303-298-0940  

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

4

## **CERTIFICATE OF SERVICE**

   I hereby certify that on October 18, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                /s/ Kari Knudsen_____
                Kari Knudsen (legal assistant)