IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
No. 90–K-18

---

**MERILYN COOK, et al.,**
        Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**
        Defendants.

---

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE THE "MARY WALKER" BRIEFING**

---

Plaintiffs seek to introduce P-493, an internal Department of Energy ("DOE") document entitled "Briefing for Mary L. Walker for Meetings with Admiral Foley, General Counsel Farrell and with the Under Secretary." P-493 contains factual findings concerning Rocky Flats' "illegal" environmental compliance record following investigation of the site. It was introduced to Congress and the public during an April 1987 hearing (*see* P-700).

The Court initially ruled P-493 admissible under Fed. R. Evid. 803(8). Plaintiffs agree that, if the document is found to be hearsay, the Fed. R. Evid. 803(8) exception applies. *See Perrin v. Anderson*, 784 F.2d 1040, 1047 (10th Cir. 1986) (government report must satisfy three criteria: it must be prepared "pursuant to authority granted by law;" it must contain "factual findings" though it may also include conclusions and opinions; and it must not be otherwise "untrustworthy"); *see also Vining on Behalf of Vining v. Enterprise Financial Group, Inc.* 148 F.3d 1206, 1217 (10th Cir. 1998). P-493 is also admissible under Fed. R. Evid. 803(6). *See Haskel v. U.S. Dep't of Agriculture*, 930 F.2d 816 (10th Cir. 1991) (report prepared in regular course of agency activities admissible).

*Figures v. Bd. of Pub. Utilities of Kansas City,* 967 F.2d 357, 360 (10th Cir. 1992) and *Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993) are inapplicable. *Figures* involved a draft private letter containing "a conclusion never endorsed by [an agency]." *Toole* concerned an agency's "proposed" findings that had been submitted for public comment, not the agency's final conclusions. The contents of the Mary Walker Briefing, though stamped "draft," were final and have not changed. The substance of the document remained as depicted in P-493 when it was introduced in the public record in April 1987.

Plaintiffs respectfully submit that, although hearsay exceptions apply, P-493 does not constitute hearsay under Fed. R. Evid. 801(d)(2)(D) because it is "a statement by a party's agent . . . concerning a matter within the scope of the agency." Defendants have already admitted that DOE is its "representative" or agent. *See Defendants' Joint Motion In Support of Motion for a Protective Order Regarding Deposition of Daniel Comstock* at 1 (attached as Ex. 1); *see also Hilao v. Estate of Marcos*, 103 F.3d 767, 775 (9th Cir. 1996).

                          Respectfully submitted,

Dated: October 17, 2005         s/ Jenna MacNaughton-Wong
                                      Merrill G. Davidoff
                                      Peter Nordberg
                                      Jenna MacNaughton-Wong
                                      Berger & Montague, P.C.
                                      1622 Locust Street
                                      Philadelphia, PA 19103
                                      (215) 875-3000

                                      Attorneys for Plaintiffs
                                      And the Class