**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBIT P-125**

---

       Defendants hereby file their Objections to Plaintiffs' Exhibit P-125 that plaintiffs have indicated will be used during the direct examination of John Ray.[1]

**I.  EXHIBIT P-125 IS IRRELEVANT AND UNFAIRLY PREJUDICIAL.**

       P-125 is irrelevant, and any modicum of relevance is outweighed by the prejudice that the use of this document, particularly in conjunction with the other union documents plaintiffs

---

[1] Defendants are objecting separately to certain of plaintiffs' exhibits that they anticipate using during the examination of Merilyn Cook.

To preserve their rights, defendants also re-assert their objections to plaintiffs' exhibit P-125 on the grounds that it relates to substances other than plutonium (*see* Defs.' Mot. *in Limine* No. 6, filed 6/16/05), that it relates to incidents contained wholly within buildings (*see* Defs.' Mot. *in Limine* No. 8, filed 6/16/05), and that it relates to plutonium practices and incidents that plaintiffs cannot link to their trespass and nuisance claims (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05).

already have or intend to proffer through Mr. Ray, will engender.  This is not a union case.  While plaintiffs' counsel of record represented the union, and filed a companion suit to this one on behalf of the union, and union leadership, this is not that case.  But the jury will not be able to help viewing the case as a union-company battle, given the continuous stream of documents plaintiffs have offered through Mr. Ray.

Moreover, P-125 gets into exactly the politics that this Court has sought to avoid.  Certain Rocky Flats union members, leading up to contract negotiations, were unilaterally raising various undated, unsubstantiated (as far as this exhibit demonstrates) "charges" about certain on-site, within-building conditions at the plant with members of Congress and the Joint Committee on Atomic Energy.  PX 125 is a cover letter from Representative Hollifield of California, who apparently was willing to lend an ear to these one-sided union complaints, passing them along to Dr. Seaborg, the Chairman of the AEC.  Rep. Hollifield attaches to his cover letter a "memorandum prepared by a Committee staff member on conversations with the union."  That memorandum appears to essentially repeat what the staffer was told by the union, again in one-sided conversations.  Even the staffer concludes:  "We should have the Dow people in to get their side of the story."

That is the problem.  To allow this union-company dispute to come before the jury will require Dow to "get [in] their side of the story."  To do that raises the prospect of additional witnesses being called regarding these irrelevant allegations—protracting even longer these already protracted proceedings.

## II.     EXHIBIT P-125 IS HEARSAY WITHIN HEARSAY NOT OVERCOME BY THE ANCIENT DOCUMENT EXCEPTION.

P-125 is a hearsay document, but it also contains a second layer of hearsay within it to the extent that it reports the "fairly general statements [that] were made by the Union people." For such "hearsay within hearsay" or "double hearsay," each "layer" of hearsay must fit into one of the exceptions to the hearsay rule. *See Burns v. Bd. of County Comm'rs of Jackson County*, 330 F.3d 1275, 1284 n.5 (10th Cir. 2003) ("Hearsay within hearsay is admissible only 'if each part of the combined statements conforms with an exception to the hearsay rule.'") (quoting Fed. R. Evid. 805).  To admit the hearsay statements of the union representatives within the exhibit, it is not sufficient that the exhibit itself falls under the "ancient document" exception of Rule 803(16).  As the Seventh Circuit explained in *United States v. Hajda*, 135 F.3d 439 (7th Cir. 1997):

> These documents are more than 20 years old and they were properly authenticated, so they are exceptions to the hearsay rule admissible under Rule 803(16) of the Federal Rules of Evidence.  However, this admissibility exception applies only to the document itself.   If the document contains more than one level of hearsay, an appropriate exception must be found for each level.

*Id.* at 444; *see also Columbia First Bank, FSB v. United States*, 58 Fed. Cl. 333, 338 (2003) ("Courts that have dealt with the issue of hearsay statements within ancient documents that are brought in by Fed.R.Evid. 803(16) have concluded that the hearsay within hearsay problem persists.").  Because plaintiffs have failed to demonstrate the application of any hearsay exception to the double hearsay statements reported in P-125, this exhibit should be excluded.

Dated:  October 19, 2005								Respectfully submitted,


												/s/ John E. Tangren_____
												One of the Attorneys for the Defendants
												David M. Bernick
												Douglas J. Kurtenbach
												Ellen Therese Ahern
												Mark J. Nomellini
												John E. Tangren
												KIRKLAND & ELLIS LLP
												200 East Randolph Drive
												Chicago, Illinois 60601-6636
												Phone:  312-861-2000
												Fax:     312-861-2200

												Joseph J. Bronesky
												SHERMAN & HOWARD L.L.C.
												633 Seventeenth Street, Suite 3000
												Denver, Colorado 80202
												Phone:  303-297-2900
												Fax:     303-298-0940

												Attorneys for ROCKWELL
												INTERNATIONAL CORPORATION and
												THE DOW CHEMICAL COMPANY

4

5

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                   /s/ Kari Knudsen_____
                                                   Kari Knudsen (legal assistant)

5