## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### No. 90-cv-181-JLK
_____

**MERILYN COOK, et al.,**

      **Plaintiffs,**

    v.

**ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY,**

      **Defendants.**
_____

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO "DEFENDANTS' MOTION CONCERNING PLAINTIFFS' VIOLATIONS OF THE COURT'S *IN LIMINE* RULINGS DURING OPENING STATEMENTS"
_____

Defendants contend that during opening statement, plaintiffs violated various rulings by the Court on the parties' motions in limine. Some of the alleged violations have already been cured. Other alleged violations are debatable, and still others plainly were not violations at all. None had a sufficiently prejudicial effect to warrant the draconian relief sought by defendants.

### I.  The Violations Alleged

**Cleanup Costs:** Defendants cite no instance in which plaintiffs' counsel's mentioned the costs of cleanup in their remarks. Defendants' only stated complaint is that plaintiffs displayed articles from the media that contained references to cleanup costs. Plaintiffs did not draw the jury's attention to those references, and the articles themselves were offered only for the purpose of addressing the contemporaneous media coverage fueling perceptions in the property market. Subsequently, the Court and the parties have adopted the practice of redacting dollar figures from media coverage making reference to cleanup costs, and plaintiffs have faithfully redacted any such

references drawn to their attention. Any prejudice to defendants resulting from the jurors' brief glimpse of a headline during opening statements could be overcome by a routine curative instruction at the appropriate time.

**The *Church* Lawsuit:** The Court has already issued a sufficient curative instruction regarding plaintiffs' reference to the *Church* litigation. *See* 10/12/05 Tr. at 1.

**The FBI Raid:** Defendants seriously mischaracterize the Court's rulings on the FBI raid and related aspects of the criminal investigation. To plaintiffs' understanding, the Court has barred evidence about the controversy surrounding the so-called "runaway" grand jury, or about the appropriateness of the government's decision to accept the plea bargain. The Court has not barred evidence concerning the raid's occurrence, or evidence about Rockwell's conduct generated during the various phases of the criminal investigation. *See* 8/22/05 Tr. at 5-8.

**Classification / Declassification:** The transcript of the 10/7/05 conference is ambiguous concerning the form and scope of any instruction the Court may issue concerning defendants' contention that they have engaged in no improper effort to withhold evidence in this case. Plaintiffs have already objected to previously proposed instructions by defendants on this subject, in part because granting such an instruction would be premature, and could usurp the jury's function, unless and until the evidentiary record is developed and is shown to be consistent with such an instruction. In any event, the Court has not issued a ruling *in limine* on this issue, and plaintiffs note that plaintiffs' counsel made no reference to any alleged suppression of evidence by defense counsel.

**Worker Safety:** Plaintiffs' counsel made no remarks suggesting that this case is "about" worker safety. Counsel made a glancing reference to workers in stating that defendants' precautions did not adequately protect "either the workers or the neighbors." Plaintiffs do not believe these remarks to have violated the intent of the Court's rulings. If plaintiffs are mistaken in that belief,

the reference was nevertheless brief and fleeting, and resulted in no prejudice to defendants that could not be adequately cured by a suitable limiting instruction at the appropriate time.

**Statute of Limitations:** The Court has ruled that defendants may not invoke the statute of limitations, not that plaintiffs are barred from explaining why this lawsuit was brought when it was.

## II.  The Relief Sought

The Court has already ruled, correctly, that admonition of plaintiffs' counsel in the jury's presence would be inconsistent with preserving the fact and appearance of judicial neutrality.  None of the alleged "violations" of which defendants complain was sufficiently prejudicial to warrant the polling of the jurors, and the Court should exercise its sound discretion to decline such relief.  Finally, plaintiffs have not remotely engaged in the sort of intentional and bad-faith misconduct that would warrant the drastic sanction of a mistrial.  Indeed, to plaintiffs' understanding, most of the "violations" alleged by defendants were not, in fact, violations at all.

For any misstatements or inappropriate remarks made during opening by counsel for either plaintiffs or defendants, it will be a sufficient remedy to remind the jurors, at the appropriate time, that the remarks of counsel are not evidence, and that the jury must decide the factual issues in this litigation under the guidance of the Court's instructions.

                                      Respectfully submitted,

Dated: October 19, 2005            s/ Peter Nordberg
                                        Merrill G. Davidoff
                                        Peter Nordberg
                                        Berger & Montague, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        (215) 875-3000

                                        Attorneys for Plaintiffs
                                        And the Class