IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-K-181

MERILYN COOK, et al.,

Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

Defendants.

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' SUPPLEMENTAL INTERROGATORIES

The representative plaintiffs, by their attorneys, hereby answer and object to Defendants' Supplemental Interrogatories (served Sept. 26, 2005) as follows.

### GENERAL OBJECTIONS

1.   In connection with Defendants' Motion to Compel Discovery from Plaintiffs (filed Sept. 21, 2005), the Court authorized defendants to depose newly endorsed witnesses, and authorized defendants to serve interrogatories only as to witnesses previously deposed. *See* Courtroom Minutes at 3-4 (Sept. 22, 2005). Defendants have since deposed Charles McKay, and Howard Lacy has been withdrawn from plaintiffs' witness list in view of his ill health. Defendants' interrogatories concerning Messrs. McKay and Lacy are therefore moot. The remaining witnesses have not been previously deposed. Moreover, so far as plaintiffs are aware, defendants have made

**Response:** See General Objections. Plaintiffs do not intend to call Mr. Lacy at trial in light of his ill health.

5. Describe in detail the documents you intend to use in the course of Lacy's testimony at trial.

**Response:** See General Objections. Plaintiffs do not intend to call Mr. Lacy at trial in light of his ill health.

### V.

### Mr. Wes McKinley

1. Describe in detail the testimony you contend Wesley McKinley will give at trial. If you cannot describe the testimony he will give because you have not communicated with him, describe in detail the questions you will ask McKinley at trial.

**Response:** See General Objections. Subject to and without waiver of those objections, it is believed that Mr. McKinley will testify on subjects including but not limited to proposed state legislative measures relating to Rocky Flats and lobbying efforts by DOE and/or affiliated entitities. Plaintiffs do not intend to offer Mr. McKinley's testimony on subjects prohibited under the Court's rulings on the parties' pretrial motions in limine, or on subjects barred under Fed. R. Crim. P. 6(e).

2. Describe in detail any personal knowledge Wesley McKinley has of operations at Rocky Flats.

**Response:** See General Objections. See response to Interrogatory No. 1.

3. Describe in detail any information McKinley has about the criminal investigation of Rockwell, about which he will testify.

**Response:** See General Objections. See response to Interrogatory No. 1.

4.      Provide a one page statement of the subject matters McKinley will cover at trial.

**Response:** See General Objections. See response to Interrogatory No. 1.

5.      Describe in detail the documents you intend to use in the course of McKinley's testimony at trial.

**Response:** See General Objections.


Dated: September 30, 2005                         s/ Peter Nordberg
                                                  Merrill G. Davidoff
                                                  Peter Nordberg
                                                  Berger & Montague, P.C.
                                                  1622 Locust Street
                                                  Philadelphia, PA 19103
                                                  (215) 875-3000

                                                  Attorneys for Plaintiffs
                                                  And the Class