# Exhibit B

OCT-14-2005  03:43          DENVER                                               P.02



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

1961 Stout Street
Denver, Colorado 80294
(303) 629-7171
October 13, 2005

Jon Lipsky
PO Box 478
Lake Forest CA 92609-0478

Re: *Cook, et al v. Rockwell International Corp., et al.*,
90-K-181 (D. Colo.)

Dear Mr. Lipsky:

This letter is being written in connection with apparent plans to obtain deposition and trial testimony from you in the above referenced matter. The Federal Bureau of Investigation (FBI) has received a copy of a pleading which is titled "Disclosures of Subject Matter of Anticipated Testimony" and designates you as a witness in this case. The FBI also understands that a deposition of you is planned for October 16, 2005, in Denver.

Please be advised that regulations set forth at 28 C.F.R. §§ 16.21 *et seq.* apply to former employees of the Department of Justice such as yourself. These regulations are, therefore, applicable to any deposition or trial testimony by you. Copies of those regulations are attached.

In accordance with those regulations, please note that you are not authorized to testify to matters that would fall within the areas described in 28 C.F.R. § 16.26(b)(1)-(6). This provision prohibits, *inter alia*, any disclosures that would violate the grand jury secrecy rule, F.R.Cr.P., Rule 6(e), or would reveal classified information.

The FBI has not received any summary of the information sought from you that would allow a determination as to whether privileged, classified or otherwise non-releasable information contained in FBI records could potentially be disclosed. If you are unsure whether your testimony could implicate § 16.26(b)(1)-(6) you should confer with an FBI representative prior to providing any such testimony.

Finally, please note that because the information apparently being sought from you comes from FBI criminal investigative files that relate to this civil matter, the Federal



Privacy Act, 5 U. S. C. § 552a, poses additional restrictions. Under that statute, disclosure of information from FBI files is prohibited in absence of consent from the individuals to whom the information relates or a court order.

    If you have any questions, please contact me at (303) 575-7184.

                          Sincerely,

                          RICHARD C. POWERS
                          Special Agent in Charge

                          By:
                          ROBERT J. GOFFI
                          Chief Division Counsel

cc:      Peter B. Nordberg
         Berger & Montague, P.C.
         1622 Locust Street
         Philadelphia PA  19103

         Ellen Ahern
         Kirkland & Ellis - Illinois
         200 East Randolph Drive, STE 5400
         Chicago IL 60601

**§ 16.12**                                    **28 CFR Ch. I (7–1–04 Edition)**

(iv) *The significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities.* The public's understanding of the subject in question, as compared to the level of public understanding existing prior to the disclosure, must be enhanced by the disclosure to a significant extent. Components shall not make value judgments about whether information that would contribute significantly to public understanding of the operations or activities of the government is "important" enough to be made public.

(3) To determine whether the second fee waiver requirement is met, components will consider the following factors:

(i) *The existence and magnitude of a commercial interest: Whether the requester has a commercial interest that would be furthered by the requested disclosure.* Components shall consider any commercial interest of the requester (with reference to the definition of "commercial use" in paragraph (b)(1) of this section), or of any person on whose behalf the requester may be acting, that would be furthered by the requested disclosure. Requesters shall be given an opportunity in the administrative process to provide explanatory information regarding this consideration.

(ii) *The primary interest in disclosure: Whether any identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."* A fee waiver or reduction is justified where the public interest standard is satisfied and that public interest is greater in magnitude than that of any identified commercial interest in disclosure. Components ordinarily shall presume that where a news media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure to that requester. Disclosure to data brokers or others who merely compile and market government information for direct economic return shall not be presumed to primarily serve the public interest.

(4) Where only some of the records to be released satisfy the requirements for a waiver of fees, a waiver shall be granted for those records.

(5) Requests for the waiver or reduction of fees should address the factors listed in paragraphs (k)(2) and (3) of this section, insofar as they apply to each request. Components will exercise their discretion to consider the cost-effectiveness of their investment of administrative resources in this decision-making process, however, in deciding to grant waivers or reductions of fees.

[Order No. 2156–98, 63 FR 29656, June 1, 1998; 63 FR 34505, June 24, 1998; 63 FR 36365, July 2, 1998; 63 FR 51001, Sept. 25, 1998]

**§ 16.13  Other rights and services.**

Nothing in this subpart shall be construed to entitle any person, as of right, to any service or to the disclosure of any record to which such person is not entitled under the FOIA.

### Subpart B—Production or Disclosure in Federal and State Proceedings

SOURCE: Order No. 919–80, 45 FR 33210, Dec. 18, 1980, unless otherwise noted.

**§ 16.21  Purpose and scope.**

(a) This subpart sets forth procedures to be followed with respect to the production or disclosure of any material contained in the files of the Department, any information relating to material contained in the files of the Department, or any information acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status:

(1) In all federal and state proceedings in which the United States is a party; and

(2) In all federal and state proceedings in which the United States is not a party, including any proceedings in which the Department is representing a government employee solely in that employee's individual capacity, when a subpoena, order, or other demand (hereinafter collectively referred to as a "demand") of a court or

**Department of Justice**                                    **§ 16.**

other authority is issued for such material or information.

(b) For purposes of this subpart, the term *employee of the Department* includes all officers and employees of the United States appointed by, or subject to the supervision, jurisdiction, or control of the Attorney General of the United States, including U.S. Attorneys, U.S. Marshals, U.S. Trustees and members of the staffs of those officials.

(c) Nothing in this subpart is intended to impede the appropriate disclosure, in the absence of a demand, of information by Department law enforcement agencies to federal, state, local and foreign law enforcement, prosecutive, or regulatory agencies.

(d) This subpart is intended only to provide guidance for the internal operations of the Department of Justice, and is not intended to, and does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States.

**§ 16.22  General prohibition of production or disclosure in Federal and State proceedings in which the United States is not a party.**

(a) In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

(b) Whenever a demand is made upon an employee or former employee as described in paragraph (a) of this section, the employee shall immediately notify the U.S. Attorney for the district where the issuing authority is located. The responsible United States Attorney shall follow procedures set forth in § 16.24 of this part.

(c) If oral testimony is sought by a demand in any case or matter in which

the United States is not a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by his attorney, setting forth a summary of the testimony sought and its relevance to the proceeding, must be furnished to the responsible U.S. Attorney. Any authorization for testimony by a present or former employee of the Department shall be limited to the scope of the demand as summarized in such statement.

(d) When information other than testimony is sought by a demand, the responsible U.S. Attorney shall require a summary of the information sought and its relevance to the proceeding.

**§ 16.23  General disclosure authority in Federal and State proceedings in which the United States is a party.**

(a) Every attorney in the Department of Justice in charge of any case or matter in which the United States is a party is authorized, after consultation with the "originating component" as defined in § 16.24(a) of this part, to reveal and furnish to any person, including an actual or prospective witness, a grand jury, counsel, or a court, either during or preparatory to a proceeding, such testimony, and relevant, unclassified material, documents, or information secured by any attorney, or investigator of the Department of Justice as such attorney shall deem necessary or desirable to the discharge of the attorney's official duties: *Provided,* Such an attorney shall consider, with respect to any disclosure, the factors set forth in § 16.26(a) of this part. *And further provided,* An attorney shall not reveal or furnish any material, documents, testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists, without the express prior approval by the Assistant Attorney General in charge of the division responsible for the case or proceeding, the Director of the Executive Office for United States Trustees (hereinafter referred to as "the EOUST"), or such persons' designees.

(b) An attorney may seek higher level review at any stage of a proceeding, including prior to the issuance

Case No. 1:90-cv-00181-JLK  Document 1528-2  filed 10/20/05  USDC Colorado  pg 5 of 6

**§ 16.24**

**28 CFR Ch. I (7-1-04 Edition)**

of a court order, when the attorney determines that a factor specified in § 16.26(b) exists or foresees that higher level approval will be required before disclosure of the information or testimony in question. Upon referral of a matter under this subsection, the responsible Assistant Attorney General, the Director of EOUST, or their designees shall follow procedures set forth in § 16.24 of this part.

(c) If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

**§ 16.24 Procedure in the event of a demand where disclosure is not otherwise authorized.**

(a) Whenever a matter is referred under § 16.22 of this part to a U.S. Attorney or, under § 16.23 of this part, to an Assistant Attorney General, the Director of the EOUST, or their designees (hereinafter collectively referred to as the "responsible official"), the responsible official shall immediately advise the official in charge of the bureau, division, office, or agency of the Department that was responsible for the collection, assembly, or other preparation of the material demanded or that, at the time the person whose testimony was demanded acquired the information in question, employed such person (hereinafter collectively referred to as the "originating component"), or that official's designee. In any instance in which the responsible official is also the official in charge of the originating component, the responsible official may perform all functions and make all determinations that this regulation rests in the originating component.

(b) The responsible official, subject to the terms of paragraph (c) of this section, may authorize the appearance and testimony of a present or former Department employee, or the production of material from Department files if:

(1) There is no objection after inquiry of the originating component;

(2) The demanded disclosure, in the judgment of the responsible official, is appropriate under the factors specified in § 16.26(a) of this part; and

(3) None of the factors specified in § 16.26(b) of this part exists with respect to the demanded disclosure.

(c) It is Department policy that the responsible official shall, following any necessary consultation with the originating component, authorize testimony by a present or former employee of the Department or the production of material from Department files without further authorization from Department officials whenever possible: *Provided*, That, when information is collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of the Department or by the EOUST, the Assistant Attorney General in charge of such a division or the Director of the EOUST may require that the originating component obtain the division's or the EOUST's approval before authorizing a responsible official to disclose such information. Prior to authorizing such testimony or production, however, the responsible official shall, through negotiation and, if necessary, appropriate motions, seek to limit the demand to information, the disclosure of which would not be inconsistent with the considerations specified in § 16.26 of this part.

(d)(1) In a case in which the United States is not a party, if the responsible U.S. attorney and the originating component disagree with respect to the appropriateness of demanded testimony or of a particular disclosure, or if they agree that such testimony or such a disclosure should not be made, they shall determine if the demand involves information that was collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of this Department or the EOUST. If so, the U.S. attorney shall notify the Director of the EOUST or the Assistant Attorney General in charge of the division responsible for such litigation or investigation, who may:

(i) Authorize personally or through a Deputy Assistant Attorney General,

**Department of Justice**

**§ 16.2**

persons' designees, are authorized, after consultation with the originating component, to exercise the authorities specified in paragraph (d)(1)(i) through (iii) of this section: *Provided*, That if a demand involves information that was collected, assembled, or prepared originally in connection with litigation o an investigation supervised by another unit of the Department, the responsible official shall notify the other division or the EOUST concerning the demand and the anticipated response. If two litigating units of the Department are unable to resolve a disagreement concerning disclosure, the Assistant Attorneys General in charge or the Directors of the EOUST and the appropriate Assistant Attorney General, may refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25(b) of this part.

(ii) Authorize, personally or by a designee, the responsible official, through negotiations and, if necessary, appropriate motions, to seek to limit the demand to matters, the disclosure of which, through testimony or documents, considerations specified in § 16.26 of this part, and otherwise to take all appropriate steps to limit the scope or obtain the withdrawal of a demand; or

(iii) If, after all appropriate steps have been taken to limit the scope or obtain the withdrawal of a demand, the Director of the EOUST or the Assistant or Deputy Assistant Attorney General does not authorize the demanded testimony or other disclosure, refer the matter, personally or through a Deputy Assistant Attorney General, for final resolution to the Deputy or Associate Attorney General, as indicated in § 16.25 of this part.

(2) If the demand for testimony or other disclosure in such a case does not involve information that was collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of this Department, the originating component shall decide whether disclosure is appropriate, except that, when especially significant issues are raised, the responsible official may refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25 of this part. If the originating component determines that disclosure would not be appropriate and the responsible official does not refer the matter for higher level review, the responsible official shall take all appropriate steps to limit the scope or obtain the withdrawal of a demand.

(e) In a case in which the United States is a party, the Assistant Attorney or the Director of the EOUST responsible for the case or matter, or such persons' designees, are authorized, after consultation with the originating component, to exercise the authorities specified in paragraph (d)(1)(i) through (iii) of this section: *Provided*, That if a demand involves information that was collected, assembled, or prepared originally in connection with litigation or an investigation supervised by another unit of the Department, the responsible official shall notify the other division or the EOUST concerning the demand and the anticipated response. If two litigating units of the Department are unable to resolve a disagreement concerning disclosure, the Assistant Attorneys General in charge or the Director of the EOUST and the appropriate Assistant Attorney General, may refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25(b) of this part.

(2) In any case or matter in which the responsible official and the originating component agree that it would not be appropriate to authorize testimony or otherwise to disclose the information demanded, even if a court, were no to require, no Department attorney responding to the demand should make any representation that implies that the Department would, in fact, comply with the demand if directed to do so by a court. After taking all appropriate steps in such cases to limit the scope or obtain the withdrawal of a demand, the responsible official shall refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25 of this part.

(f) In any case or matter in which the Attorney General is personally involved in the claim of privilege, the responsible official, may consult with the Attorney General and proceed in accord with the Attorney General's instructions without subsequent review by the Deputy or Associate Attorney General.

**§ 16.25 Final action by the Deputy or Associate Attorney General.**

(a) Unless otherwise indicated, all matters to be referred under § 16.24 by an Assistant Attorney General, the Director of the EOUST, or such person's designees to the Deputy or Associate Attorney General shall be referred (1)

## Department of Justice

**§ 16.27 Procedure in the event a department decision concerning a demand is not made prior to the time a response to the demand is required.**

If response to a demand is required before the instructions from the appropriate Department official are received, the responsible official or other Department attorney designated for the purpose shall appear and furnish the court or other authority with a copy of the regulations contained in this subpart, and inform the court or other authority that the demand has been or is being, as the case may be, referred for the prompt consideration of the appropriate Department official and shall respectfully request the court or authority to stay the demand pending receipt of the requested instructions.

**§ 16.28 Procedure in the event of an adverse ruling.**

If the court or other authority declines to stay the effect of the demand in response to a request made in accordance with § 16.27 of this chapter pending receipt of instructions, or if the court or other authority rules that the demand must be complied with irrespective of instructions rendered in accordance with §§ 16.24 and 16.25 of this part not to produce the material or disclose the information sought, the employee or former employee upon whom the demand has been made shall, if so directed by the responsible Department official, respectfully decline to comply with the demand. See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

**§ 16.29 Delegation by Assistant Attorneys General.**

With respect to any function that this subpart permits the designee of an Assistant Attorney General to perform, the Assistant Attorneys General are authorized to delegate their authority, in any case or matter or any category of cases or matters, to subordinate division officials or U.S. attorneys, as appropriate.

## APPENDIX TO SUBPART B OF PART — REDELEGATION OF AUTHORITY THE DEPUTY ASSISTANT ATTORNEY GENERAL FOR LITIGATION, TRUST DIVISION, TO AUTHORIZE DUCTION OR DISCLOSURE OF MATERIAL OR INFORMATION

1. By virtue of the authority vested by 28 CFR 16.23(b)(1) the authority delegated to me by that section to authorize the production of material and disclosure of matters described in 28 CFR 16.21(a) is redelegated to the Deputy Assistant Attorney General for Litigation, Antitrust Division.

2. This directive shall become effective the date of its publication in the Federal Register.

[Order No. 960-81, 46 FR 52256, Oct. 27, 1981]

## Subpart C—Production of Identification Records in Response to Written Requests by Subjects Thereof

SOURCE: Order No. 556-73, 38 FR at 32, 1973, unless otherwise noted.

**§ 16.30 Purpose and scope.**

This subpart contains the regulations of the Federal Bureau of Investigation (FBI) concerning procedures to be followed when the subject of an identification record requests production of that record to review it or to obtain change, correction, or updating of that record.

[Order No. 229-69, 64 FR 52226, Sept. 28, 1969]

**§ 16.31 Definition of identification record.**

An FBI identification record, referred to as a "rap sheet," is a listing of certain information taken from fingerprint submissions retained by FBI in connection with arrests and, in some instances, includes information taken from fingerprints submitted in connection with federal employment, naturalization, or military service. The identification record includes the name of the agency or institution that submitted the fingerprints to the FBI, the date of arrest or the date the fingerprints were received by the individual was received by agency submitting the fingerprints,

---

## § 16.26

### 28 CFR Ch. I (7-1-04 Edition)

to the Deputy Attorney General, if the matter is referred personally by or through the designee of an Assistant Attorney General who is the designee or general supervision of the Deputy Attorney General, or (2) to the Associate Attorney General, in all other cases.

(b) All other matters to be referred under § 16.24 to the Deputy or Associate Attorney General shall be referred (1) to the Deputy Attorney General, if the originating component is within the supervision of the Deputy Attorney General or is an independent agency that, for administrative purposes, is within the Department of Justice, or (2) to the Associate Attorney General, if the originating component is within the supervision of the Associate Attorney General.

(c) Upon referral, the Deputy or Associate Attorney General shall make the final decision and give notice thereof to the responsible official and such other persons as circumstances may warrant.

**§ 16.26 Considerations in determining whether production or disclosure should be made pursuant to a demand.**

(a) In deciding whether to make disclosure pursuant to a demand, Department officials and attorneys should consider:

(1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and

(2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.

(b) Among the demands in response to which disclosure will not be made by any Department officials are those demands with respect to which any of the following factors exist:

(1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P. Rule 6(e).

(2) Disclosure would violate a specific regulation;

(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,

(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,

(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,

(6) Disclosure would improperly reveal trade secrets without the owner's consent.

(c) In all cases not involving considerations specified in paragraphs (b)(1) through (b)(6) of this section, the Deputy or Associate Attorney General will authorize disclosure unless, in that person's judgment, after considering paragraph (a) of this section, disclosure is unwarranted. The Deputy or Associate Attorney General will not approve disclosure if the circumstances specified in paragraphs (b)(1) through (b)(6) of this section exist. The Deputy or Associate Attorney General will not approve disclosure if any of the conditions in paragraphs (b)(4) through (b)(6) of this section exist, unless the Deputy or Associate Attorney General determines that the administration of justice requires disclosure. In this regard, if disclosure is necessary to pursue a civil or criminal prosecution or affirmative relief, such as an injunction, consideration shall be given to:

(1) The seriousness of the violation or crime involved,

(2) The past history or criminal record of the violator or accused,

(3) The importance of the relief sought,

(4) The importance of the legal issues presented,

(5) Other matters brought to the attention of the Deputy or Associate Attorney General.

(d) Assistant Attorneys General, U.S. Attorneys, the Director of the EOUST, U.S. Trustees, and their designees, are authorized to issue instructions to attorneys and to adopt supervisory practices, consistent with this subpart, in order to help foster consistent application of the foregoing standards and the requirements of this subpart.