**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO BAR TESTIMONY BY WES McKINLEY**
_____

Plaintiffs respectfully submit this memorandum in opposition to "Defendants' Motion to Bar Testimony by Wes McKinley" (filed Oct. 20, 2005). We attach Mr. McKinley's deposition transcript as Exhibit A.

### I. SCOPE OF ANTICIPATED TRIAL TESTIMONY

Defendants misleadingly suggest that plaintiffs intend to offer testimony from Mr. McKinley at trial about the deliberations of Special Grand Jury 89-2. It is true that prior to the Court's rulings on the parties' motions in limine, plaintiffs expected to offer Mr. McKinley's testimony on matters relating to the controversy surrounding the Special Grand Jury, to the extent that such evidence might be permissible under Fed. R. Crim. P. 6(e). It is also true that an antique reference to that intention was inadvertently retained in a draft pre-trial order recently circulated between the parties

for discussion purposes. It is misleading, however, for defendants to invoke that clerical mishap to suggest that plaintiffs have failed to make their current position plain.

Following the Court's rulings on the motions in limine, defendants served interrogatories relating to several of plaintiffs' witnesses, including Mr. McKinley. In responding to defendants' first interrogatory on Mr. McKinley, plaintiffs expressly stated:

> Mr. McKinley will testify on subjects including but not limited to proposed state legislative measures relating to Rocky Flats and lobbying efforts by DOE and/or affiliated entities. Plaintiffs do not intend to offer Mr. McKinley's testimony on subjects prohibited under the Court's rulings on the parties' pretrial motions in limine, or on subjects barred under Fed. R. Crim. P. 6(e).

*See* Plaintiffs' Responses and Objections to Defendants' Supplemental Interrogatories, at 8 (Sept. 30, 2005) (Ex. E to defendants' motion). Plaintiffs' reiterated that position at the deposition itself:

> So just to be very clear, speaking as counsel for plaintiffs, plaintiffs do not intend to offer any testimony from Mr. McKinley on the deliberations of the special grand jury or matters falling within the [sic] Federal Rule of Criminal Procedure 6(e), or under the judge's rulings on the motions in limini [sic], so long as those rulings remain unaltered.

*See* McKinley Dep. at 10 (Ex. A).

Defendants also miss the mark in claiming that plaintiffs' "obvious" intentions are to call Mr. McKinley to testify that the clean-up efforts at Rocky Flats are flawed for reasons he is not at liberty to disclose under Rule 6(e). *See* Defendants' Motion at 1-2. Plaintiffs intend no such thing. It is not plaintiffs who have sought to posit some linkage between Mr. McKinley's proposed legislation and information he learned as a special grand juror. To the contrary, it was *defendants* who spent approximately half of Mr. McKinley's five-hour deposition improperly attempting to elicit information on proceedings before Special Grand Jury 89-2. To protect Mr. McKinley from possible sanctions for violating grand jury secrecy rules, counsel was repeatedly forced to object,

under Rule 6(e), to scores of questions in which defendants sought information about the grand jury proceedings. For reasons left unexplained, defendants refused to accept a standing objection to such questions. *See* McKinley Dep. at 17-19 (Ex. A).

## II.  DEFENDANTS' "HEARSAY" ARGUMENT

Defendants complain that some of Mr. McKinley's reasons for proposing his legislation are founded upon hearsay. This, however, is not a reason to exclude Mr. McKinley's testimony altogether. It is a reason, at most, to object to any questions seeking to elicit hearsay evidence on the state of the cleanup. If a witness's mere acquaintance with some hearsay knowledge about Rocky Flats were a sufficient reason to bar the witness's testimony completely, then no witness could testify in this litigation.

## III.  DEFENDANTS' "POLITICAL" ARGUMENT

Contrary to defendants' apparent expectation, plaintiffs do not intend to offer Mr. McKinley's testimony as a vehicle for discussing the political merits or demerits of his legislation. The testimony is relevant to show continuing efforts to limit and control the content of public disclosures involving the site by DOE (defendant's indemnitor) and its agents, and also insofar as it involves publicity involving the site.

## IV.  DEFENDANTS' RULE 6(e) ARGUMENTS

To respond to defendants' points concerning Rule 6(e) seriatim:

First, it is baseless and improper to suggest that "*plaintiffs' . . . disclosure* of events that occurred before the grand jury is selective." *See* Defendants' Motion at 7 (emphasis added). Plaintiffs have no actual knowledge of events that occurred before the Special Grand Jury, and plaintiffs have not participated in any "disclosure" of those events in any way. On this subject,

*Plaintiffs' Opposition to Defendants' Motion to Bar Testimony by Wes McKinley  – Page 3*

plaintiffs know only of representations made in the press and similar public sources. Plaintiffs feel confident, in any event, that the Court will not permit testimony from Mr. McKinley that would run afoul of Rule 6(e) -- selectively or otherwise. Nor, in light of the Court's rulings on the motions in limine, is it plaintiffs' intention to elicit any such testimony before the jury.

Second, defendants' hearsay point tends, if anything, to show why problems involving Rule 6(e) need not arise. If it cannot be established, foundationally, that Mr. McKinley has personal knowledge forming the potential basis for an answer to some question, the question will be objectionable.

Third, as plaintiffs have already explained to defendants repeatedly, plaintiffs do not intend to offer testimony from Mr. McKinley "about his grand jury experiences." *See* Defendants' Motion at 8.

Fourth, Rule 6(e) no more bars effective cross-examination than does any rule of privilege. Mr. McKinley has sources of personal knowledge separate and apart from his role on the Special Grand Jury, and Rule 6(e) is simply irrelevant to testimony based on such other sources of personal knowledge.

Fifth, to reiterate, it is defendants, not plaintiffs, who have attempted to probe Mr. McKinley's knowledge of material covered under Rule 6(e). Plaintiffs have no intention of eliciting such testimony before the jury, and so any adverse inference could arise only if defendants sought to open up the topic. There is no reason to suppose, in any event, that the jury would draw an adverse inference even if defendants did seek to elicit testimony covered by Rule 6(e). The Court could simply explain to the jury, if necessary, why Rule 6(e) prevents Mr. McKinley from testifying about the grand jury proceedings, whether on plaintiffs' behalf or on defendants'.

Sixth, plaintiffs agree that the parties to this litigation are not responsible for grand jury secrecy rules, and would not object to an instruction advising the jury to that effect, if the necessity arose. To repeat, plaintiffs do not see why it should.

## V. DEFENDANTS' "ALTERNATIVE" RELIEF

Defendants' statement that plaintiffs "halted" Mr. McKinley's deposition is misleading. As defendants were advised, Mr. McKinley had commitments that required him to leave by approximately 6:30 p.m., and so the deposition was adjourned by the parties' mutual agreement after five hours of questioning. Defendants preserved their position that they were entitled to resume the deposition at some future date, and plaintiffs took no position. *See* McKinley Dep. at 153-54.

That said, plaintiffs now do have a position and oppose further deposition of Mr. McKinley. It speaks volumes that defendants consider themselves unqualifiedly entitled to seven hours of questioning, regardless of the need therefor, merely because the rules require judicial intervention for a deposition of any greater length. The Court, of course, is also empowered to impose limitations on the duration of depositions under Fed. R. Civ. P. 30(d). This is an appropriate occasion for such a limitation. Defendants spent perhaps three hours asking Mr. McKinley questions about matters that were plainly off-limits under Fed. R. Crim. P. 6(e) and the Court's rulings on the motions in limine. They did this with no justification and despite clear protests from plaintiffs and Mr. McKinley. The seven-hour limit in Rule 30 does not afford license to waste the parties' or witness's time with futile, irrelevant, or vexatious questioning.

Mr. McKinley should not be ordered to produce material or answer questions about matters within the scope of Rule 6(e) without being afforded full protection from sanction or reprisal.

                                    Respectfully submitted,

Dated: October 22, 2005                    s/ Peter Nordberg
                                    Merrill G. Davidoff
                                    Peter Nordberg
                                    Berger & Montague, P.C.
                                    1622 Locust Street
                                    Philadelphia, PA 19103
                                    (215) 875-3000

                                    Gary B. Blum
                                    Steven W. Kelly
                                    Silver & DeBoskey, P.C.
                                    1801 York Street
                                    Denver, CO 80206
                                    (303) 399-3000

                                    Attorneys for Plaintiffs
                                    And the Class