IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' MOTION CONCERNING DEFENDANTS' EXHIBIT D-66**

For the reasons set forth in the accompanying Memorandum of Law, plaintiffs respectfully move the Court to strike Defendants' Exhibit D-66, issue a curative instruction, and either enforce or vacate the Court's prior ruling on the motions in limine dealing with the grand jury investigation.

        Respectfully submitted,

Dated: October 22, 2005          /s    Jennifer MacNaughton
        Merrill G. Davidoff
        Peter Nordberg
        Jennifer MacNaughton
        BERGER & MONTAGUE, P.C.
        1622 Locust Street
        Philadelphia, PA 19103
        (215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
PROTECTIVE ORDER OR TO QUASH DISCOVERY**

## I.   INTRODUCTION

At defendants' insistence, this Court has excluded evidence about the "runaway grand jury" – i.e. that the grand jury wished to indict eight individuals and refused to sign the plea agreement between the prosecution and Rockwell.

In making this ruling, the Court made clear that it wished to avoid a "circus" at trial and would similarly not allow defendants to argue that the plea agreement "disproved" the allegations made at the time of the FBI search. The Court stated that the fact of the guilty plea would be admitted, but that neither the self-serving language in the plea agreement nor the fact of the plea itself could be portrayed as exculpating Rockwell from other conduct not included in the plea. *See* Aug. 22, 2005 Tr. at 6-7 ("I intend to bar Defendants from arguing or presenting evidence that the U.S. Attorney and the Department of Justice ultimately exonerated Rockwell from most of the

conduct that had been alleged which will eliminate the need for Plaintiffs to argue and introduce evidence relating to the runaway Grand Jury, the congressional investigation into the Department of Justice's prosecution of Rockwell and similar evidence that might show that the Department of Justice acted improperly in failing to prosecute Rockwell more vigorously." *Id*. at 7.)

Exhibit D-66, a redacted documents published to the jury over plaintiffs' vehement objection, is but one example of defendants' repeated violations of the Court's ruling. Plaintiffs respectfully request that this exhibit be stricken and that defendants be prohibited from showing it to the jury. Further, plaintiffs respectfully request that the Court issue a curative instruction, and either enforce the ruling on the motion in limine, or vacate that ruling and allow plaintiffs to introduce evidence about the "runaway grand jury" in order to refute defendants' claim that Rockwell was exonerated by the outcome of the investigation.

## II.   ARGUMENT

The unredacted form of D-66 is a press story about the guilty plea which is headlined, "Flats Case Bedeviled Prosecutors," and subheadlined, "U.S. attorneys say they relied on evidence that could not substantiate charges at nuclear plant." The headline itself already treads uncomfortably close to the line the Court drew between publicity about the grand jury investigation, and impermissible argument that the allegations of the search warrant were somehow disproved by the guilty plea. *See* Aug. 22, 2005 Tr. at 7 ("The jury will be directed to make its judgment regarding such practices based on the evidence of this alleged conduct presented at trial rather than the plea bargaining and the resolution of the criminal prosecution."). However, what defendants did was worse: they redacted out the only three paragraphs that ran counter to the "substance" of the story,

which portions had provided some perspective on the story by highlighting the grand jury's disagreement with the prosecutors. Defendants then showed the (redacted) article to the jury and repeatedly, in their questions to Mr. Holeman[1] and in their mini-closing argument on Friday, October 21,[2] stated the canard that the FBI's charges were not borne out. Meanwhile plaintiffs' evidence to the contrary – including testimony about the grand jury investigation from two witnesses, Wes McKinley, the grand jury foreman, and Jon Lipsky, an FBI agent– has been largely excluded.

Under the Court's ruling on the defendants' motion in limine, no portion of this article needed to be redacted. The Court explicitly held that publicity surrounding the grand jury investigation and guilty plea may be admitted as relevant to market knowledge. *See* Aug. 22, 2005 Tr. at 8 ("[T]his publicity is relevant and admissible because it goes to the market's knowledge of Rockwell's alleged misconduct and alleged risks caused by it. But it may not be used as a back door to introduce evidence regarding the controversy about the Grand Jury and the Federal Government's prosecution of Rockwell."). Defendants may not hide behind this ruling in order to selectively re-write the applicable press coverage to their liking.

It is axiomatic that a privilege, a discovery limitation, or a motion to exclude evidence cannot be used as both a shield and a sword. *See, e.g. Frontier Refining, Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 (10th Cir. 1998) (misuse of work-product privilege); *United States v. Medshares Management Group, Inc.*, 400 F.3d 428, 440-41 (6th Cir. 2005) (where litigant successfully opposed

---

[1] *See* Oct. 18, 2005 Tr. at 1324-25.

[2] *See* Oct. 21, 2005 Tr. at 2111.

3

discovery of other home health agencies, government's motion to exclude such evidence granted; litigant cannot manipulate discovery rules and use discovery limitation as both sword and shield). Defendants have done exactly that, using their own motion in limine as a (misplaced) excuse to redact portions of an article that they found unfavorable, while making full use of the other portions that are equally circumscribed by the Court's ruling on the motion in limine. The result is an exhibit that is misleading if used for its proper purpose (that is, to show the extent of the press coverage), and inadmissible when used for its poorly disguised improper purpose, namely as a prop for defendants' argument that the guilty plea exonerated Rockwell from the remainder of the allegations in the FBI's affidavit.

Copies of the redacted D-66 and the unredacted version are attached as Exhibits A and B, respectively. Defendants' exhibit D-66 should be stricken from the record, and defendants should be instructed that they must abide by the Court's ruling on their own motion in limine that defendants may not argue that the plea agreement or statements of prosecutors are themselves proof that the allegations in the search warrant were untrue. Both sides should be limited to introducing evidence of the plea itself, and defendants' repeated assertions that the plea was limited to "on-site" issues or "disproved" the FBI's allegations must not be permitted. Alternatively, plaintiffs must be permitted to tell the jury about the grand jury's years-long fight against the prosecutors, their determination to indict both Rockwell and DOE individuals, and their refusal to go along with the prosecutors' "taking a dive." Plaintiffs have considerable proof that could be offered in support of these assertions, and defendants' allegations that the investigation collapsed are patently false. As discussed with the Court over the past week, plaintiffs are unaware of any other "runaway" grand

jury in history that ever wanted to deal more harshly with the suspects than the prosecutors. If the jury is to be prevented from learning this important fact, defendants' spurious arguments to the contrary must be forbidden, and a curative instruction issued.

### III. CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court strike defendants' exhibit D-66 from the record; issue a curative instruction; and either enforce the Court's previous ruling on the motion in limine to limit the grand jury and guilty plea evidence, or else vacate that ruling and allow plaintiffs to present evidence about the grand jury's struggle to hold Rockwell accountable for all of its crimes.

Respectfully submitted,

Dated: October 22, 2005

/s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs