# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

### No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

### PLAINTIFFS' MOTION CONCERNING EXHIBITS P-1239 THROUGH P-1249
### (THE SANCHINI DIARIES)

For the reasons set forth in the accompanying Memorandum of Law, plaintiffs respectfully move the Court to admit Plaintiffs' Exhibits P-1239 through P-1249, also known as the Sanchini diaries.

Respectfully submitted,

Dated: October 24, 2005

    /s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    Plaintiffs,

       v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
ADMIT EXHIBITS P-1239 THROUGH P-1249 (THE SANCHINI DIARIES)**

## I.  INTRODUCTION

Exhibits P-1239 through P-1249, the notebooks of Dominic Sanchini, the former Rocky Flats plant manager, contain a wealth of incriminating statements about environmental and safety practices at the plant. Plaintiffs submit this Memorandum in anticipation that defendants may object to the admissibility of the diaries.

## II.  ARGUMENT

**A.  The Sanchini Diaries Are Authentic.**

Exhibits P-1239 through P-1249 were produced to plaintiffs during discovery in this case. Courts uniformly find sufficient circumstantial evidence of authenticity where documents are produced by a party in discovery. *See Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088 (10th Cir. 2005); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1424 (10th Cir. 1991). The additional

fact that, before the diaries were produced, the Department of Energy performed a classification review of the documents (as evidenced by the "classification review" stamp on the front page of each diary) and had material redacted for classification purposes is further evidence that this is a genuine Rockwell document written by the plant manager. Also, FBI Agent Jon Lipsky can authenticate the documents.

**B.    The Sanchini Diaries Themselves Are Admissible under Several Evidentiary Rules.**

The diaries are admissible as statements of a party-opponent; business records; and statements against interest.

### 1.    Rule 801(d)(2): Statement by Party-opponent or by the Agent of a Party-Opponent

The diaries were written by Dominic Sanchini, the Rockwell International Rocky Flats plant manager, on a regular (often daily) basis during his employment at Rocky Flats, which recorded his ideas, impressions, and observations about plant operations. As such, Mr. Sanchini's statements are binding on Rockwell. *See Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1171 (10th Cir. 2003) (company vice-president's statement that he was resigning in part due to company's treatment of employee held admissible against the company). Under Federal Rule of Evidence 801, the documents are not hearsay.

### 2.    Rule 803(6): Record of Regularly Conducted Business Activity

Mr. Sanchini's diaries contain regular notes from July 1, 1986 through June 9, 1989. The notes were made in the course of regularly conducted business activities: from the face of the document, it appears he either took the notes during normal plant meetings or shortly thereafter. The

matters discussed in the diaries are normal activities of a plant manager. Evidently it was his regular practice to make these notes, and all indications are that he made the notes at or near the time of the materials recorded, as they are primarily in short phrases rather than complete sentences, and sometimes contain Mr. Sanchini's off-hand remarks or thoughts. Mr. Sanchini, the plant manager, is clearly a person with knowledge to record statements made to him or events he witnessed that are discussed in his diaries. Accordingly, the diaries meet the requirements of Rule 803(6). *Cf. In re Blech Securities Litig.*, No. 94 Civ. 7696, 2003 WL 1610775, at *6 (S.D.N.Y. Mar. 26, 2003) (employee's diaries, which included notations of contemporaneous events, admissible under Rule 803(6)).[1]

### 3.    Rule 804(b)(3):  Statement Against Interest

The diaries meet the first requirement of Rule 804, that the declarant be unavailable, as Mr. Sanchini is deceased. The second requirement is that the statements be against Mr. Sanchini's interests at the time they were made. Plaintiffs seek to use several portions of the diaries that discuss environmental and safety problems at Rocky Flats. As the plant manager, Mr. Sanchini would be

---

[1] To the extent the diaries record any statements related to Mr. Sanchini by other people, those statements are similarly admissible. The majority are statements of Rocky Flats employees, who had knowledge about the information they reported to Mr. Sanchini and kept him informed as part of their regular business activities. The information discussed in the diaries falls within the scope of the speakers' employment. Such statements are admissible as business records. *See Cook v. Hoppin*, 783 F.2d 684, 689-90 (7th Cir. 1986) (information reported to record-keeper is admissible under Fed. R. Evid. 803(6)). Alternatively, they are admissible under Rule 801(D)(2)(d) as statements "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Statements made by Rockwell employees to Mr. Sanchini about their work clearly fit this rule. *See Quark, Inc. v. Harley*, 141 F.3d 1185 (10th Cir. March 4, 1998) (table) (attorney notes containing statements of employees admissible as statements of agents of a party-opponent).

held responsible for environmental or legal problems at the plant; thus his statements recording those problems would be against his own interest.

### III.  CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court admit Exhibits P-1239 through P-1249.

Respectfully submitted,

Dated: October 24, 2005

/s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs