**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

___

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBIT P-1090**
___

Defendants hereby file their Objections to Plaintiffs' Exhibit P-1090 that plaintiffs have indicated will be used during the direct examination of Ronald Avery. A copy of this exhibit is attached hereto as Exhibit A.

1.    Plaintiffs offer P-1090 for the apparent purpose of demonstrating why Building 771 at the plant was shut down in October 1998. But Mr. Avery has no foundation on which to admit this document into evidence during his testimony. At his deposition, Mr. Avery testified that he had no knowledge of the issues that led to the shutdown of Building 771:

> Q.    I'm trying to explore what you had personal knowledge of with regard to any safety issues that you may have believed came to cause the shutdown we've been discussing in Building 771.
>
> A.    ***It would be total speculation.***  I think, you know, several safety concerns were filed. Radiation monitors were doing a lot of surveys, you know, and they found

> a lot of places that were contaminated, you know. So there was concern that the building wasn't as safe as it should be.
>
> Q.   But did you have personal knowledge of any of these particular safety issues?
>
> A.   *No.*

(Avery Dep. at 53–54 (emphasis added).)

2.   P-1090 is incomplete on its face. The first page of the exhibit bears the header "<u>ATTACHMENT B</u>," but the second page bears the header "<u>ATTACHMENT D</u>." There is no indication of what document P-1090 was originally attached to, or where Attachments A, C, or any Attachments following D are.

3.   The last three pages of P-1090 is hearsay, and the declarant (the Department of Energy) is not a party in this case. Plaintiffs have not laid a foundation for the application of any exception to the hearsay rule.

4.   To preserve their rights, defendants re-assert their objections to plaintiffs' exhibit P-1090 on the grounds that it relates to employee safety (*see* Defs.' Mot. *in Limine* No. 7, filed 6/16/05), that it relates to incidents contained wholly within buildings (*see* Defs.' Mot. *in Limine* No. 8, filed 6/16/05), and that it relates to plutonium practices and incidents that plaintiffs cannot link to their trespass and nuisance claims (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05).

5.   For the foregoing reasons, P-1090 is inadmissible and should be excluded.


Dated:  October 24, 2005                                  Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                        /s/ Kari Knudsen_____
                                        Kari Knudsen (legal assistant)