**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

___

**DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE USED BY
PLAINTIFFS IN CONNECTION WITH JON LIPSKY**
___

Defendants hereby file their objections to exhibits that plaintiffs have indicated will be used during the direct examination of Jon Lipsky. Defendants' objections are divided into two categories: (1) objections made with respect to previous motions *in limine* which the Court has denied and (2) additional objections with respect to which the Court has not already ruled.

**I.  OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS DENIED**

Set forth below are objections to plaintiffs' exhibits based on arguments set forth in defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

### A. Defendants' Motion *in Limine* to Exclude Evidence Related to Classification

Defendants object to the following exhibits on the ground that evidence related to classification is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 5, filed 6/16/05):  P-1239, P-1240, P-1241, P-1242, P-1243, P-1244, P-1245, P-1246, P-1247, P-1248, P-1249.

### B. Defendants' Motion *in Limine* to Exclude Evidence Related to Substances Other Than Plutonium

Defendants object to the following exhibits on the ground that evidence related to substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 6, filed 6/16/05):  P-1239, P-1240, P-1241, P-1242, P-1243, P-1244, P-1245, P-1246, P-1247, P-1248, P-1249, P-1255, P-1256, P-1258, P-1259, P-1260, P-1261, P-1262, P-1263, P-1265, P-1269, P-1270, P-1271, P-1273, P-1274, P-1275, P-1276, P-1277, P-1278, P-1295.

### C. Defendants' Motion *in Limine* to Exclude Evidence Related to Employee Safety and Health

Defendants object to the following exhibits on the ground that evidence related to employee health and safety at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs. Mot. *in Limine* No. 7, filed 6/16/05):  P-1239, P-1240, P-1241, P-1242, P-1243, P-1244, P-1245, P-1246, P-1247, P-1248, P-1249, PV-3046, PV-3048, PV-3050.

### D. Defendants' Motion *in Limine* to Exclude Evidence Related to Issues Wholly Within Buildings

Defendants object to the following exhibits on the ground that evidence related to issues occurring wholly within Rocky Flats Buildings and not tied to any off-site release is inadmissible under Rules 402 and 403 (*see* Defs. Mot. *in Limine* No. 8, filed 6/16/05):  P-1239, P-1240, P-

1241, P-1242, P-1243, P-1244, P-1245, P-1246, P-1247, P-1248, P-1249, PV-3046, PV-3048, PV-3050.

### E. Defendants' Motion *in Limine* to Exclude Evidence About Inventory Difference or MUF.

Defendants object to the following exhibits on the ground that evidence related to Inventory Difference or MUF is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 9, filed 6/16/05):  P-1239, P-1240, P-1241, P-1242, P-1243, P-1244, P-1245, P-1246, P-1247, P-1248, P-1249.

### F. Defendants' Motion *in Limine* to Exclude Evidence About Past "Risks" That Never Occurred and Now Cannot Occur

Defendants object to the following exhibits on the ground that evidence related to past "risks" at Rocky Flats that never occurred and now cannot occur is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 10, filed 6/16/05): P-1239, P-1240, P-1241, P-1242, P-1243, P-1244, P-1245, P-1246, P-1247, P-1248, P-1249, P-1255, P-1256, P-1258, P-1259, P-1260, P-1261, P-1262, P-1263, P-1265, P-1269, P-1270, P-1271, P-1273, P-1274, P-1275, PV-3046, PV-3048, PV-3050, P-1295.

### G. Defendants' Motion in Limine to Exclude Evidence About Plutonium Practices and Incidents

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05):  P-1239, P-1240, P-1241, P-1242, P-1243, P-1244, P-1245, P-1246, P-1247, P-1248, P-1249,  P-1275, P-1276, P-1277, P-1278, PV-3046, PV-3048, PV-3050.

### H. Defendants' Motion in Limine to Exclude Evidence That Does not Apply Class-Wide

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. in Limine No. 12, filed 6/16/05):  P-1239, P-1240, P-1241, P-1242, P-1243, P-1244, P-1245, P-1246, P-1247, P-1248, P-1249, P-1255, P-1256, P-1258, P-1259, P-1260, P-1261, P-1262, P-1263, P-1265, P-1269, P-1270, P-1271, P-1273, P-1274, P-1275, P-1275, P-1276, P-1277, P-1278, PV-3046, PV-3048, PV-3050, P-1295.

### I. Defendants' Motion in Limine to Exclude Evidence Related to Other Lawsuits

Defendants object to the following exhibits on the ground that evidence related to other lawsuits is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. in Limine No. 14, filed 6/16/05):  P-1239, P-1240, P-1241, P-1242, P-1243, P-1244, P-1245, P-1246, P-1247, P-1248, P-1249, PV-3116, PV-3128.

### J. Defendants Preserve Their Objections to Admitted Exhibits PV-3110, PV-3114, PV-3116 and PV-3128

Defendants raise the same objections to admitted Exhibits PV-3110, PV-3114, PV-3116 and PV-3128 that they raised earlier:  PV-3110, PV-3114, PV-3116 and PV-3128 are inadmissible based on Defendants' arguments in their Motion in Limine No. 1 relating to the FBI Raid; PV-3114 lacks foundation; PV-3116 and PV-3128 constitute hearsay, are unduly prejudicial and should be excluded under Rule 403.

4

## II. ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT RULED

### A. Defendants Object to the Admission of Dominic Sanchini's Journals

#### 1. Introduction

Defendant object to the admission of Dominic Sanchini's journal entries, identified as exhibit numbers: P 1239, P 1240, P 1241, P 1242, P 1243, P 1244, P 1245, P 1246, P 1247, P 1248, and P 1249 on the following grounds: undue prejudice under Rule 403 which outweighs any probative value; hearsay within hearsay, authenticity, foundation and relevance.

As an initial matter, in court on Friday, plaintiffs told defendants that they would provide them with the specific pages of Sanchini journal entries that they intended to use during Mr. Lipsky's testimony. Plaintiffs did not provide that list until mid-day on Sunday. Even then, instead of consisting of the 15 or so pages plaintiffs had represented that they planned on using from the journal, plaintiffs identified 401 pages of journal material that they anticipate using with Mr. Lipsky during what they have represented to be four-hour testimony.

Defendants object to the proposed use of these journal pages because the 400 pages constitute a cumulative and undue consumption of time compared to any limited probative value they might have.

#### 2. Admission of the Journals Would be Unfairly Prejudicial, Misleading and a Waste of Time

Mr. Sanchini's journals have little probative value, while their potential to mislead the jury, create unfair prejudice and waste time is great. It is often difficult to read the handwriting contained in the journal. Unless the portions that the plaintiffs plan to introduce are clearly

5

legible, any testimony by Mr. Lipksy as to what the entries say will be entirely speculation.

The more pervasive problem, however, is that the journal entries lack any context. Mr. Sanchini is deceased and his journal entries were written in a fragmented; thus, note-taking style, a reader is unable to say with any certainty what particular entries are referencing. Mr. Sanchini often used initials to identify individuals and rarely, if ever, used titles or positions. He sometimes used acronyms or abbreviations that are far from obvious. For many entries, it is impossible tell whether the notations made by Mr. Sanchini are his own thoughts or impressions or are merely recording the hearsay statements of others. (Most appear to be notes recording the statements of others that pose a double hearsay problem. *See* Section II(A)(3), *infra*.)

To illustrate this contextual problem, defendants direct the Court to Exhibit P-1243 page 59. This entry appears to describe a meeting between Ray Romatowski, Denny Krenz, AEW and John (whose last name we do not know). Mr. Sanchini's notes state: "This is serious many people concerned with seriousness of problem at RFP - up to Salgado. Make sure we address all issues raised by TSA - not just those associated with Selby or a selected problem." From the text, one cannot tell what "problem" Sanchini is referring to or which people are concerned about the problem. Not having attended the meeting or ever worked at the plant, Mr. Lipsky could only speculate about what that "problem" was and who the concerned people were. Such improper and impermissible speculation will be required by Mr. Lipksy with regard to each of the 401 pages of journal entries that the plaintiffs have informed Defendants that they intend to use.

There is no probative value in seeking to admit the ambiguous notes of Mr. Sanchini particularly to admit them through Mr. Lipsky's testimony. Mr. Lipksy's wholly speculative spin on the journals will only mislead the jury and unfairly prejudice the defendants. The time-consuming back-and-forth that will be necessary as the parties attempt to interpret the 401 pages of journals will consume undue amounts of trial time compared to any minimal probative value the journals may have.

### 3. Many of the Entries Constitute Hearsay Within Hearsay Not Falling Within Any Exception.

The vast majority of Mr. Sanchini's journals appears to be statements conveyed to Mr. Sanchini by others. As defendants discussed in their objections to Plaintiffs' exhibit P-125, when a document contains hearsay with in hearsay, each level must conform with an exception. *See* Fed. R. Evid. 805; *Burns v. Bd. of County Comm'rs of Jackson County*, 330 F.3d 1275, 1284 n.5 (10th Cir. 2003) ("Hearsay within hearsay is admissible only 'if each part of the combined statements conforms with an exception to the hearsay rule.'"(quoting Fed. R. Evid. 805); *United States v. Hajda*, 135 F.3d 439 (7th Cir. 1997) ("If the document contains more than one level of hearsay, an appropriate exception must be found for each level."); Defendant's Objections to Plaintiffs' Exhibit P-125, October 19, 2005. While the journals themselves may come in as an admission by a party opponent, there is no basis for admitting the hearsay statements of those to whom Mr. Sanchini spoke that are contained within the journals.

7

For example, many entries begin with the phrase "talk to" followed by names or initials. *See* Exhibit No. P-1244 pg 22.[1]  These entries appear to be Mr. Sanchini's notes on conversations he had with individuals and express not his own observations, but what the individuals *said* to him.  Other entries appear to be Mr. Sanchini's recounting of what people *said* at meetings.  *See* Exhibit No. P-1240 pg 115.[2]   Those entries constitute hearsay statements of any individual Mr. Sanchini had conversations within the course of his duties at Rocky Flats and chose to record and do not fall with any exception to the hearsay rule.

### 4. Mr. Lipsky Does Not Have The Requisite Personal Knowledge to Lay a Proper Foundation For the Journals.

Federal Rule of Evidence 701 "retains the traditional objective of putting the trier of fact in possession of an accurate reproduction of the event" and codifies "the familiar requirement of first-hand knowledge or observation."  Fed. R. Evid. 701 Advisory Committee Notes.

Mr. Lipsky has no first-hand knowledge about the journals and can provide no accurate context for Mr. Sanchini's personal notes.  Mr. Lipsky was not present when Mr. Sanchini wrote in his journal, was not in attendance at any of the meetings that Mr. Sanchini wrote about, and had no relationship with Mr. Sanchini that would give him any insight into what Mr. Sanchini

---

[1] The examples given are not exhaustive of the portions of the journals to which defendants object but mere examples of the numerous instances where impermissible double hearsay is contained in the journals.

[2] Again, this example of impermissible double hearsay contained in the journals and is not intended to be exhaustive.

8

meant when he made particular notations. Mr. Lipsky lacks any personal knowledge about the journals; his testimony about them will consist only of utter speculation into Mr. Sanchini's state of mind.

### 5. Blank Pages Are Irrelevant, Prejudicial, Misleading and a Waste of Time

Plaintiffs have informed Defendants that they intend to use several blank pages. Defendants fail to see how blank pages will convey anything to the jury. If plaintiffs seek to use these blank pages in an effort to show that certain portions of the journal were withheld, perhaps for classification reasons, that suggestion is (1) undermined by the pages themselves and (2) wholly irrelevant to this case.

First, the pages say "unclassified" on them. There is no evidence that any journal contents were withheld for classification purposes.

Second, Department of Energy ("DOE") classification decisions are not on trial here. Whether a classification decision was proper is not a question for the jury, but a question for trained declassification specialists whose decision-making process is governed by federal law. The fact that any pages or information may have been withheld by a classification officer who acts under the authority of the Atomic Energy Act in protecting certain information that implicates national security is completely irrelevant to any aspect of this case. In addition to being irrelevant, it is misleading and a waste of time to present evidence to the jury on an issue about which they cannot pass judgment.

In sum, these blank pages offer nothing relevant to this case and their presentation is prejudicial, misleading and a waste of time.

### 6. Mr. Lipsky Cannot Authenticate the Journals

Mr. Lipsky has no ability to authenticate the journals as required by Federal Rule of Evidence 901. The rule contemplates "[t]estimony of [a] witness with knowledge" and as discussed above, Mr. Lipsky has no personal knowledge about the journals. *See* Fed. R. of Evid. 901(b)(1).

### 7. All Information Related to Clean-Up Costs Must be Redacted

Pursuant to the Court's ruling on Defendants' Motion *in Limine* No. 16, all information related to clean-up or remedial costs must be redacted.

In addition, defendants have attached to this motion a chart identifying other specific objections to the 401 individual journal pages plaintiffs proposed to use with Mr. Lipsky. *See* Exhibit A.

### B. Defendants Object to Exhibit P-1255

Defendants Object to Exhibit P-1255 on the ground that it is incomplete.

### C. Defendants Object to Exhibit P-1256

Defendants object to Exhibit P-1256 on the ground that it is a letter written by DOE which constitutes hearsay not falling with any exception.

### D. Defendants Object to Exhibits P-1258, P1259, P-1260, P-1261, P-1262, P-1263

Defendants object to Exhibits P-1258, P1259, P-1260, P-1261, P-1262, P-1263 on the ground that they are incomplete.

### E. Defendants Object to Exhibit P-1265

Defendants object to Exhibit P-1265 on the ground that it is a letter written by DOE which constitutes hearsay not falling with any exception.

### F. Defendants Object to Exhibit P-1269 and P-1270

Defendants object to Exhibits P-1269 and P-1270 on foundation and authenticity grounds.

### G. Defendants Object to Exhibit P-1271

Defendants object to the photos attached to the report of Exhibit P-1271 on the ground that the photos are not part of the original report. Defendants also raise authenticity and foundation objections to the photos.

### H. Defendants Object to Exhibits P-1273 and P-1274

Defendants object to Exhibits P-1273 and P-1274 on the grounds that they are incomplete.

### I. Defendants Object to Exhbit P-1275

Defendants object to Exhibit P-1275 on the grounds that the cover letter from DOJ to plaintiffs' counsel is not relevant and constitutes hearsay not falling within any exception. Defendants also object in so far as the letter runs afoul of the Court's ruling on defendants'

motion in limine related to the FBI raid (No. 1) and the grand jury investigation (No. 2). *See* Defs.' Mots. in Limine Nos. 1, 2, filed 6/16/05)

### J. Defendants Objection to Exhibit P-1276, P-1277, P-1278

Defendants object to Exhibits P-1276, P-1277, P-1278 on several grounds: undue prejudice and their ability to mislead the jury outweighs their probative value under Rule 403; Mr. Lipsky will not be able to authenticate the tapes; and Mr. Lipsky will not be able to lay a proper foundation for them. In particular, Mr. Lipsky was not present when P-1277 was taped on December 10, 1988. *See* Defs. Mot. to Exclude Testimony of John Lipsky.

### K. Defendants object to PG-583, PG-584, PG-585, PG-586, PG-587, PG-588, PG-589, PG-590

These exhibits are nothing more than excerpts from the application and affidavit in support of the search warrant. Defendants object to PG-583, PG-584, PG-585, PG-586, PG-587, PG-588, PG-589, PG 590 on the grounds that their admission would violate the Court's ruling with regard to defendants' Motion in Limine No. 1 that the search warrant affidavit is inadmissible. *See* Trial Tr. 10/14/05 PM at 1094-95.

### L. Defendants Object to PV-3046, PV-3048, PV-3050

Defendants object to PV-3046, PV-3048 and PV-3050 on the grounds that they are irrelevant, unfair prejudice outweighs probative value under Rule 403, Mr. Lipsky cannot authenticate them; and he cannot lay a proper foundation for them.

The videos are Rockwell- produced and appear to have only been broadcast internally at Rocky Flats.  Because they do not appear to have been broadcast to the general public, they are irrelevant.  Moreover, unfair prejudice outweighs any probative value and Mr. Lipsky cannot authenticate them or lay a foundation for them.

### M.    Defendants Object to PV-3105

Defendants object to PV-3105 in so far as it runs afoul of the Court's rulings on defendants' Motions in Limine Nos. 1, 2 and 3 relating to the FBI raid, the grand jury investigation and the plea agreement.  *See* Defs. Mot. in Limine Nos. 1, 2, 3 filed 6/16/05.

### N.    Defendants Object to PV-3131

Defendants object to PV-3131 in so far as it runs afoul of the Court's rulings on our Motions in Limine Nos. 1, 2 and 3 relating to the FBI raid, the grand jury investigation and the plea agreement.  *See* Defs. Mot. in Limine Nos. 1, 2, 3 filed 6/16/05.  Defendants also object because the news report constitutes hearsay not within any exception.

### O.    Defendants Object to P-1195

Defendants object to P-1195 on the ground that it is inadmissible under the Court's ruling on Defendant's Motion in Limine No. 3 to Exclude Evidence Related to the Guilty Plea.

### P.    Defendants Object to P-1295

Defendants object to P-1195 on the ground that it is a letter from DOE which constitutes hearsay not within any exception.

Dated:  October 24, 2005                    Respectfully submitted,


/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on _____ __, 200_, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                /s/ Kari Knudsen_____
                                                Kari Knudsen (legal assistant)