**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' MOTION TO ADMIT SEARCH WARRANT AFFIDAVIT**
_____

Plaintiffs respectfully move for admission into evidence of the affidavit by Jon Lipsky in support of the search warrant – not for its truth, but for the limited purpose of permitting the jury to determine what allegations it does and does not contain.

With Mr. Lipsky's cross-examination now well-underway, defendants have repeatedly focused on the issue of whether various allegations in Mr. Lipsky's affidavit were supported by subsequent investigation. In general, however, defendants' questioning has been highly vague about just what allegations are in issue, and the jury currently has little or no ability to ascertain this for itself. *See, e.g.*, Tr. 10/25/05 at 2541 ("the allegation regarding the 770 – the illegal use of the 771 incinerator, discharges into Woman Creek from the sewage treatment plant, discharges into Walnut Creek from the plant, I think what were called exotic contaminants, and then use of the 776 incinerator that was alleged to be illegal"); *id.* at 2542 ("these claims"); *id.* at 2546 ("the

information"); *id.* at 2547 ("these allegations"); *id.* at 2548 ("the charges that were so prominently carried by the press"); *id.* ("the 771 incinerator allegations that were made in the warrant"); *id.* ("the claim or allegation with respect to the clandestine use of the 771 incinerator"); *id.* ("the claim"); *id.* at 2549 (same); *id.* ("clandestine discharges from the sewage treatment plant for Woman Creek"); *id.* at 2551 ("the basis for making that statement, that is that the 776 building incincerator constituted a claim"); *id.* at 2554 ("some of these different claims"); *id.* at 2566 ("Isn't it true that ultimately this claim, that is with respect to the -76 building, this claim was not pursued"); *id.* at 2567 ("Who on your team said 'not so' to the claim? Who?"); *id.* (whether "the incinerator had not been operated as was being alleged"); *id.* at 2568 ("they disagreed that this claim was a good claim"); *id.* at 2569 ("the people that didn't think this claim was worth pursuing; that is, that there wasn't merit, sufficient merit to pursue this claim").

Such vague characterizations of the affidavit's content offer the jury no practicable way to evaluate precisely what averments from the affidavit are being tested. In particular, such questions invite a blurring of the distinction between specific underlying factual allegations in the affidavit, on the one hand, and discretionary prosecutorial judgments about the viability of ultimate criminal charges, on the other. That distinction is important, because many of the underlying factual averments in the affidavit are directly relevant to civil liability in this case and have not been disproven or even challenged, even if the prosecutors ultimately declined, on one ground or another, to "pursue" criminal charges resting on their foundation.

There is no legitimate reason, at this point, to leave the jury in a state of confusion about the precise content of "the claims" raised in Mr. Lipsky's affidavit. Most of its substantive content has already been rehearsed in testimony from Mr. Lipsky himself. Much of the affidavit has actually

*Plaintiffs' Motion to Admit Search Warrant Affidavit into Evidence – Page 2*

been *read* to the jury. Having aggressively pursued the theme that the affidavit was but a preliminary step in the criminal proceedings, with Rockwell's ultimate criminal culpability to be determined at some later stage, defendants cannot now be heard to say that introduction of the affidavit will confuse the jury by instilling some belief that an affidavit executed in support of a search warrant is tantamount to a criminal conviction. Defendants' entire line of cross-examination is fundamentally built on the premise (which plaintiffs share) that the jury is competent to draw the distinction between allegations in a search warrant affidavit and proof of criminal guilt.

In sum, if defendants' theme is to be whether "the claims" in the affidavit were ultimately vindicated or discredited, the jury is entitled to know what the "claims" made in the affidavit actually were. The best evidence on that point is the affidavit itself. It should be admitted into evidence. The jury should be instructed that the affidavit is not in evidence for its truth, but for the limited purpose of establishing what detailed allegations it does and does not contain. This will permit the jury to evaluate whether those allegations were buttressed, contradicted, or left unaffected by facts emerging, or decisions made, in the subsequent course of the criminal proceedings.

Respectfully submitted,

*Plaintiffs' Motion to Admit Search Warrant Affidavit into Evidence – Page 3*

Dated: October 26, 2005                    s/ Peter Nordberg
                                                            Merrill G. Davidoff
                                                            Peter Nordberg
                                                            Berger & Montague, P.C.
                                                            1622 Locust Street
                                                            Philadelphia, PA 19103
                                                            (215) 875-3000

                                                            Gary B. Blum
                                                            Steven W. Kelly
                                                            Silver & DeBoskey, P.C.
                                                            1801 York Street
                                                            Denver, CO 80206
                                                           (303) 399-3000

                                                            Attorneys for Plaintiffs
                                                            And the Class