IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION FOR RECONSIDERATION REGARDING
ADMISSION OF SANCHINI JOURNALS**
_____

**Introduction**

        Defendants renew their objections to the admissibility of the complete unredacted version of Dominic Sanchini's journals.  Only the journal pages actually shown to the witness and about which testimony was received should be admitted, and even then these pages should be redacted to comply with the Court's past rulings barring evidence of worker safety issues, and other matters ruled to be inadmissible through the motion in limine process.  Alternatively, if the Court upholds that the full journals can be admitted, at the very least, the Court should require plaintiffs to redact all portions of the journals that would violate or contravene the Court's prior evidentiary rulings and rulings on in limine motions.

**Argument**

I.  **THE COURT SHOULD RECONSIDER ITS RULING ON THE ADMISSIBILITY OF THE JOURNALS IN THEIR ENTIRETY.**

   A. **The Contents of the Journals Run Afoul of the Court's Motion In Limine and Other Rulings.**

Many journal pages deal with issues that this Court has specifically decided that this case is not about: worker safety, *see* Trial Tr. 10/11/05 pg 517–18; Defs.' Mot. in Limine, No. 7, filed 6/16/05, other lawsuits, *see* Trial Tr. 10/11/05 at p. 551–554; Defs.' Mot. in Limine, No. 14, filed 6/16/05, and costs of remediation, *see* September 6, 2005 ruling, Defs.' Mot. in Limine, No. 16, filed 6/16/05. Unless plaintiffs redact all reference to the above subjects on which the Court has ruled, the journals should not go to the jury in their entirety. Admission of the journals in their entirety would set a dangerous precedent—all plaintiffs need do to evade this Court's rulings will be to submit exhibits so voluminous that the Court will be faced with the option of (1) going through each page of material to ensure that it conforms with its rulings or (2) allowing the jury access to numerous pages of information clearly contrary to the parameters set by this Court. The circumstances are particularly egregious here where plaintiffs showed only a few journal pages to the witness but literally hundreds of journal pages containing inflammatory or improper material in violation of Court orders are contained in the full version of the journal.

Over defendants' objections, plaintiffs were allowed to present several pages of the journal entries to the jury. And again over defendants' objections, Mr. Lipsky was allowed to read journal entries about which he had no personal knowledge as plaintiffs' counsel asked him to speculate about their contents. Several pages posed clear references to worker safety and the

related litigation, *see e.g.* Attachment A, Sanchini Journal Entry, P-1240, pg. 85. At another point plaintiffs' counsel appeared to have intentionally misled the jury about the presence of a nuclear reactor at Rocky Flats, *see* Trial Tr. 10/25/05 p. 2501 ("THE COURT: I don't think you should have done that, I really don't. We know there's no nuclear reactor there, all of us know that."). After discussion with the Court, plaintiffs' counsel specifically agreed: "I will cut out any reference to a nuclear reactor and worker safety." *Id*. at 1503. The Court responded, "Let's do that." *Id*. If the journals are admitted in their entirety, numerous such pages containing worker safety issues and other inflammatory and misleading matters will reach the jury in contravention of that promise by plaintiffs' counsel and this Court's directive. Other pages will contravene this Court's rulings on defendants' motions in limine on evidence relating to the costs of remediation, other lawsuits, as well as other potential issues.

While defendants believe that plaintiffs' repeated attempts to get such impermissible evidence in front of this jury in contravention of this Court's rulings may warrant a mistrial— and we renew that request made on October 25, 2005—the Court has decided the circumstances have not yet reached that point. In any event, at the very least, defendants ask that plaintiffs not be rewarded for their consistent refusal to abide by this Court's rulings. The admission of the journals in their entirety would once again allow plaintiffs to backhandly get evidence before the jury that this Court has specifically ruled out of bounds on Rule 403 and relevance grounds. The journals should not be admitted in their entirety—only the pages already presented to the jury should be admitted and even those pages should be appropriately redacted.

B.  **In the Alternative, If the Journals Are Admitted in Their Entirety, Defendants Request That Plaintiffs Properly Redact Them to Coincide With the Court's Rulings.**

As discussed at above, the journal entries contain evidence related to worker safety, other lawsuits, costs of remediation, and other issues that implicate the Court's rulings on defendants' motions in limine. Defendants object to all references and information contained in the journals that are contrary to the Court's orders. If the journals are admitted in their entirety, plaintiffs, as proponents of the evidence, should be required to redact the entries so as to comply with the Court's rulings.

As illustrative examples of the redaction that is necessary, defendants discuss certain problems from pages used during Mr. Lipsky's testimony to demonstrate the need for redaction. These examples, of course, are not exhaustive.

- *See* Attachment A, P-1240, p.85: "Dr. ___ says has 18 confirmed cases in his office where did 18 work . . . Marty Two defenses (1) doesn't have it (2) we warned him." This clearly references a worker safety issue and litigation strategy to deal with it and is inadmissible under the Court's rulings on worker safety, Defs.' Mot. in Limine, No. 7, filed 6/16/05, and other lawsuits, Defs.' Mot. in Limine, No. 14, filed 6/15/05. It is also highly inflammatory without any probative value.

- *See* Attachment A, P-1241, p. 53: "DOE will shut down N reactor for 6 mos to do major upgrade." There is no nuclear reactor at Rocky Flats. This example suggests falsely and improperly the existence of a nuclear reactor at Rocky Flats and demonstrates how the jury may easily be misled by the journals' lack of context.

- *See* Attachment A, P-1244, p. 50: "Are Building Managers overworked . . . Trust & credibility in upper management is lacking." This appears to deal with worker morale which is irrelevant to this case and similar entries that deal with worker management relations and union issues will be highly prejudicial in comparison to their probative value on the matters at issue in this lawsuit.

4

### C. Defendants Renew Their Other Earlier Objections to the Journal Admissions in their entirety and Make Additional Objections.

#### 1. The Probative Value of the Journals Does Not Substantially Outweigh the Risks of Unfair Prejudice and Misleading the Jury.

For purposes of preserving the record, defendants also renew their prior objections to the admissibility of the Sanchini journals. The probative value of allowing the jury to review the journals in their entirety is small compared to their ability to create unfair prejudice and mislead the jury. The jury will have access to the journals which themselves provide no context as to what the entries mean; thus there is little, if any, probative value in the journals on their face. Yet, there will be significant prejudice to the defense if the jury is allowed to review the entries and speculate as to what they mean and to read page after page about issues—namely worker safety, other lawsuits and the costs of remediation—that this Court has already ruled should be excluded under Rule 403. Mr. Sanchini's fragmented notes have a strong potential to mislead the jury as entries are taken out of context and statements are attributed to Mr. Sanchini and Rockwell that do not represent Mr. Sanchini's or Rockwell's statements. *See e.g.* Attachment A, P-1243, p. 111 ("Mike- ALARA is a trap & stupid & excuse for doing things right . . ."—such statements were clearly Mike's and not Mr. Sanchini's or Rockwell's.)

#### 2. The Majority of Entries Pose a Hearsay within Hearsay Problem.

While Mr. Sanchini's statements may, themselves, be admissions, the material recounted within the journals are double and triple hearsay that requires another level of analysis. The vast majority of Mr. Sanchini's journals appears to be statements conveyed to Mr. Sanchini by others.

While the journals themselves may come in as an admission by a party opponent, as the Court has ruled, in so far as any journal entry consists of Mr. Sanchini recording the statements made to him by another, each of these out-of-court statements which are being offered for the truth of the matter asserted must fall within an exception to the hearsay rule.  *See* Fed. R. Evid. 805; *Burns v. Bd. of County Comm'rs of Jackson County*, 330 F.3d 1275, 1284 n.5 (10th Cir. 2003) ("Hearsay within hearsay is admissible only 'if each part of the combined statements conforms with an exception to the hearsay rule.'"(quoting Fed. R. Evid. 805); *United States v. Hajda*, 135 F.3d 439 (7th Cir. 1997) ("If the document contains more than one level of hearsay, an appropriate exception must be found for each level."); *see also* Defendant's Objections to Plaintiffs' Exhibit P-125, October 19, 2005.

To use the earlier illustration, *see e.g.* Attachment A, P-1243, p. 111, the entry clearly reflects what Mike and Wayne *said* at a meeting with Mr. Sanchini.  Not only do defendants not know who Mike and Wayne are, their statements are being admitted without the benefit of cross-examination—exactly the kind of evidence that the hearsay rule was designed to prevent.  Unless defendants are able to cross examine all those individuals whose statements Mr. Sanchini has recorded, their statements are hearsay and not within any exception.

### 3. Plaintiffs have laid no foundation for the journals.

Defendants renew their foundation objection.  As evidenced by his testimony, Mr. Lipsky had no first-hand knowledge of the matters discussed in the journals.  Mr. Lipsky was not present when Mr. Sanchini wrote in his journal, was not in attendance at any of the meetings that Mr. Sanchini wrote about, and had no relationship with Mr. Sanchini that would give him any insight

6

into what Mr. Sanchini meant when he made particular notations.  Nor, as the Court learned during his testimony, was Mr. Lipsky even the FBI agent who found the journal's in Mr. Sanchini's office.  *See* Trial Tr. 10/25/05 at 2484 ("I was informed that Mr. Sanchini asked us not to search in a certain area, but the agent did anyway, and those steno pads were discovered.")  Moreover, Mr. Lipsky testified in his deposition that no plant documents seized during the course of the FBI investigation were redacted or expunged based on classification issues.  *See* Lipsky Dep. Tr. at 157.  Thus, the implication that plaintiffs sought to draw related to the classification markings on the journals is entirely improper and misleading.

## **Conclusion**

For the reasons stated above, this Court should reconsider its ruling on the admissibility of Mr. Sanchini's complete and unredacted journals.  The Court should admit only the pages actually shown to the witness in the course of his testimony and even then the pages at issue should be redacted in accordance with the Court's rulings.  Alternatively, if the Court admits the entirety of Mr. Sanchini's journals, plaintiffs should be required to redact all materials in the journals that would violate the Court's rulings on motions in limine.

Dated:  October 26, 2005	Respectfully submitted,


					/s/ Stephanie Brennan_____
					One of the Attorneys for the Defendants
					David M. Bernick
					Douglas J. Kurtenbach
					Ellen Therese Ahern
					Mark J. Nomellini
					Stephanie Brennan
					KIRKLAND & ELLIS LLP
					200 East Randolph Drive
					Chicago, Illinois 60601-6636
					Phone:  312-861-2000
					Fax:     312-861-2200

					Joseph J. Bronesky
					SHERMAN & HOWARD L.L.C.
					633 Seventeenth Street, Suite 3000
					Denver, Colorado 80202
					Phone:  303-297-2900
					Fax:     303-298-0940

					Attorneys for ROCKWELL
					INTERNATIONAL CORPORATION and
					THE DOW CHEMICAL COMPANY

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Kari Knudsen_____
              Kari Knudsen (legal assistant)