**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' MOTION TO LIMIT THE TESTIMONY BY ROBERT BUDNITZ
CONCERNING ISSUES IN THE NORTH AND BUDNITZ REPORT**

---

Dr. Budnitz submitted two separate reports on (1) the 903 pad and (2) the 1957 and 1969 fires (issues relating only to Dow). Dr. Budnitz is also listed as a co-author along with Dr. North of a report entitled "Management of Wastes, Residues, and Risks by Rockwell International at the Rocky Flats Plant" ("North Rockwell Report," excerpts attached as Ex. 1). During his deposition, however, Dr. Budnitz testified that he authored only the information on pages 62-64 concerning criticality and one sentence on page 69 of the North Rockwell Report concerning housekeeping at Rocky Flats during the early 1990s.[1] (Budnitz Dep at 65-69 & 79 (attached as

---

[1] The housekeeping comment is irrelevant, because it reflects conditions after Rockwell was gone that cannot be attributed to Rockwell.

Ex. 2))  Dr. Budnitz confirmed that he was not offering any opinions concerning Rockwell, except those relating to criticality and "environmental monitoring on- and off-site, post 1975."[2] (*Id*. at 79 )  Furthermore, Plaintiffs represented in writing that "Dr. Budnitz will testify to only those portions of the [North]-Budnitz reports that he *authored*, namely the sections on criticality."  (Pls.' Consol. Mem. in Opp., at 94 n. 83 (emphasis added), attached as Ex. 3) Defendants seek through this motion to ensure that Dr. Budnitz's testimony is so limited.

## I.      PLAINTIFFS REPRESENTED IN WRITING THAT BUDNITZ WOULD NOT OFFER NORTH'S OPINIONS.

Defendants made extensive challenges to the testimony of Warner North on the issues in the North Rockwell Report.  Those challenges were aimed at, *inter alia*, the fit (or relevance) of the opinions and the fact that the opinions were not based on reliable facts or a reliable methodology (criticisms that would apply regardless of who is offering them).  (Defs.' Mot. to Exclude Conduct Expert Testimony, at 5-12, 14-16, 28-32)  Defendants further argued that Dr. Budnitz should be "precluded from testifying to anything in [the North Rockwell] report, except at most that which he authored (pages 62-64 and one sentence on page 69)."  (*Id.* at 2 n.1)

In response, Plaintiffs did not dispute *any* of Defendants' challenges to North's testimony.  (Pls' Consol. Mem. in Opp., at 1 n.1 ("Plaintiffs have not responded to defendants' motions to exclude . . . Dr. Warner North because plaintiffs do not intend to call [him] to testify at trial.  Defendants motion[ ] regarding th[is] expert [is] therefore moot."))  Nor did Plaintiffs dispute Defendants' assertion that Dr. Budnitz's testimony should be limited to the sections of

---

[2] Environmental monitoring during Rockwell is not a subject of the North Rockwell report.

the North Rockwell Report that he authored.  Rather, Plaintiffs specifically agreed that Dr. Budnitz "will testify to only those portions of the [North]-Budnitz report that he authored, namely the sections on criticality."  (*Id*. at 94 n. 83)

Dr. Budnitz's testimony should be so limited.  *Cf. United States v. Nichols*, 169 F.3d 1255, 1268 (10th Cir. 1999) (affirming holding that witness not allowed to testify after party orally represented that the witness would not be called).

## II.   BUDNITZ IS NOT QUALIFIED TO OFFER NORTH'S OPINIONS AND DID NOT DO THE NECESSARY WORK TO OFFER THOSE OPINIONS AT TRIAL.

In addition, Budnitz admits he is neither qualified nor competent to offer North's opinions at trial (except for those relating to criticality).  Budnitz's lack of expertise and his failure to perform any work underlying the opinions constitute independent reasons why such testimony should not be allowed.

*First*, Dr. Budnitz cannot offer the North Rockwell opinions because he is not qualified to do so.  *See* Fed. R. Evid. 702; *see also Lifewise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (expert must possess "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation") (internal quotation omitted).  Dr. Budnitz's experience was "principally in experimental physics."  (Ex. 2, Budnitz Dep. at 299-300).  Dr. Budnitz concedes that he is ***not*** an expert on RCRA regulation, which is at the heart of the Rockwell plea count conduct discussed by Dr. North.  (*Id.* at 69-70 ("That is not -- RCRA -- that's not an area of my expert[ise].""))

*Second*, even if Dr. Budnitz were qualified to offer opinions about the Rockwell era beyond criticality, he has not done the work necessary to offer reliable opinions about Rockwell's tenure at the plant.  *See* Fed. R. Evid. 702; *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (expert opinion must be based on reliable methodology).  As Dr. Budnitz explained in his deposition, his assignment was limited to the Dow era:

> [I]n fact, that I wasn't to concern myself about various issues that arose that involved the Rockwell era, as well, except insofar as they involved the Dow era; that is, my assignment was to be limited to the Dow period just as a matter of, as he described it, the plaintiffs using their resources most effectively . . . . [T]he assignment was to understand and analyze management practices by the Dow Chemical Corporation involving the management of radioactive waste at Rocky Flats during the period when they were the contractor.  That was the assignment.  And secondly, to analyze management practices related to the two large fires in 1957 and 1969.

(Ex. 2, Budnitz Dep. at 17 & 20)  Dr. Budnitz's assistance to Dr. North basically consisted of authoring a small section of the North Rockwell Report on criticality and reading Dr. North's draft report.  (*Id*. at 69-70; *see also id.* at 21 (Budnitz made contributions to "small defined sections," including criticality (pages 62-64) and one sentence on page 69) & 68 ("I believe that except for those, that's the only thing in here that I wrote"))  Dr. Budnitz did not write (or otherwise contribute substantively) to *any* portions of the North Rockwell Report relating to the Rockwell plea agreement issues (*i.e.*, pondcrete management, saltcrete management, management of the chromic acid spill, and spray irrigation practices).  (*See id.* at 64, 68-70)

*Third*, Dr. Budnitz disavows – in his own words – any "intellectual responsibility" for the opinions in the North Rockwell Report (except for the small sections to which he contributed):

4

> The only other contribution I made here was I read and made some
> comments to him in the context of a technical review in order to
> say to him -- I can remember the details -- some areas seemed to
> me to require more clarification or a missing citation or the like,
> but it was reviewed. I did not write anything else, nor am I
> intellectually responsible for the rest of this body about Pondcrete,
> spray irrigation. That is not -- RCRA -- that's not an area of my
> expert[ise].

(*Id.* at 69-70)

*Finally*, Budnitz should not be permitted to now serve as a "mouthpiece" for North, who will not be present (or subject to cross examination) at trial. As the Court of Appeals for the Seventh Circuit explained in *Dura Automotive Systems of Indiana, Inc. v. CTS Corp.,* 285 F.3d 609, 614 (7th Cir. 2002):

> A scientist, however well credentialed he may be, is not permitted
> to be the mouthpiece of a scientist in a different specialty. That
> would not be responsible science.

Similarly here, Budnitz cannot substitute for North on issues for which Budnitz claims no expertise and has done no work.

### III.   PORTIONS OF THE NORTH REPORT RELATING TO WORKER SAFETY ARE NOT ADMISSIBLE UNDER THIS COURT'S RULINGS REGARDLESS OF WHO TESTIFIES.

Plaintiffs have listed the North Rockwell Report as an exhibit they intend to use with Dr. Budnitz. While Defendants do not know how Plaintiffs intend to use the report, it is plainly hearsay and not admissible. In addition, the report contains material that this Court has determined is not admissible in this case and that is extremely unfair and prejudicial to Defendants. Defendants wish to bring two such issues in particular to the Court's attention.

5

*First*, the North Rockwell Report contains a section addressing worker exposure to beryllium. (Ex. 1, North Rockwell Rep. at 43 ("[B]eryllium machining was generating beryllium dust and exposing workers.")) This section addresses beryllium disease among workers, the National Jewish Hospital testing program for workers, and OSHA workplace standards. (*Id.* at 44-45) This is nothing more than a worker health and safety issue. (*See, e.g.,* Ex. 4, North Dep. at 62 ("Q. Do you know whether anyone offsite adjacent to the Rocky Flats Plant has been exposed to beryllium coming from the Rocky Flats Site? A. That was really not within my scope."))

*Second*, the North Rockwell Report criticizes radiological safety at Rocky Flats, citing a shutdown that occurred when three workers walked into a protected area and were exposed to small amounts of radiation. (Ex. 1, North Rockwell Rep. at 45-46) It goes on to discuss Rockwell's "occupational safety and health performance." (*Id.* at 47)

This is not a worker safety case, as this Court has recognized. (*See* Tr. at 517 & 2503) There have already been repeated improper and prejudicial references to worker safety issues, which in part led to Defendants' motion for a mistrial (during testimony regarding the Sanchini journals) on October 25, 2005. Thus, even if Plaintiffs were permitted to violate their representation about Dr. Budnitz's testimony and Dr. Budnitz were qualified to offer North Rockwell Report testimony, the testimony on these issues should nonetheless be excluded.

Dated:  October 26, 2005                                  Respectfully submitted,


                                                /s/ Stephanie A. Brennan_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie A. Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                  /s/ Kari Knudsen_____
                                                  Kari Knudsen (legal assistant)