# Exhibit 3

1573.00

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-K-181

---

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

## PLAINTIFFS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO EXCLUDE EXPERT TESTIMONY

---

Dated: July 11, 2005

## I.   INTRODUCTION

Many of plaintiffs' expert witnesses are leaders in their field, nationally and internationally recognized. They brought their experience and expertise to bear in studying the claims and issues in this litigation, and prepared detailed written reports documenting their work and conclusions. The jury will find them extremely helpful in understanding the evidence and determining the facts.[1]

Ignoring the Rules Advisory Committee's caution that the Rule 702 and the *Daubert* procedures were "not intended to provide an excuse for an automatic challenge to the testimony of every expert," Fed. R. Evid. 702, adv. cmte. note (2000), defendants have filed motions to exclude nearly every one of plaintiffs' experts. Although defendants' motions purportedly address the *admissibility* of the testimony of plaintiffs' experts, defendants' motions repeatedly attack the *sufficiency* of the testimony. Defendants object to the entire testimony of each expert, yet their arguments are often cursory and superficial, touching on only tiny portions of the expert's actual testimony.[2] Not only are defendants' arguments substantively false, as will be demonstrated below, but also the majority of those arguments do nothing more than create a possible question of credibility or weight to be given each expert's testimony, a question best resolved by the jury.

---

[1] Plaintiffs have not responded to defendants' motions to exclude Dr. Lawrence Mayer and Dr. Warner North because plaintiffs do not intend to call these experts to testify at trial. Defendants' motions regarding these experts are therefore moot.

[2] Notably, for most of these experts, defendants' appendices to their briefs include only selected *portions* of their expert reports. It is impossible for the Court to adequately weigh the entirety of an expert's testimony based on sound bites. Accordingly, plaintiffs' Appendix to this Brief includes the complete versions of the relevant expert reports.

1

## V.   CONDUCT EXPERTS

### A.   Defendants' Bad Acts That Exemplify Their Shoddy Management of Rocky Flats "Fit" with Plaintiffs' Claims.

Drs. Cochran and Budnitz[83] will testify, based on their investigations, about numerous examples of mishandling of radioactive and toxic materials, routine disregard for elementary safety standards, spills and leakage of radioactive and hazardous waste, and mishaps including a catastrophic fire in 1969 that gutted the plant's main plutonium fabrication building. In an attempt to keep this persuasive evidence from the jury, defendants repeat the same misreading of the law of this case as they propounded in their motions *in limine*. That is, defendants first argue that the various incidents either did not affect the entire class, did not result in an off-site release of some harmful substance, did not result in a health risk, or no longer present a continuing threat to the class, and argue that as a result these incidents do not fall within the elements of plaintiffs' nuisance and trespass claims. Def. Conduct Br. at 4-17.[84] This argument glosses over the fact that plaintiffs' claims are based on a *pattern* of conduct, not on isolated incidents. Defendants essentially attempt to segment plaintiffs' case into smaller claims based on discrete accidents or releases. However,

---

[83] Plaintiffs will not call Dr. Warner North as an expert witness at trial, so defendants' objections to his testimony are moot. Dr. Budnitz will testify to only those portions of the Warner-Budnitz reports that he authored, namely the sections on criticality.

[84] Plaintiffs disagree with defendants' assertions that many of these incidents did not result in off-site harm. However, a *Daubert* motion is not the place to decide disputed factual questions. *See Daubert*, 509 U.S. at 595 ("The focus ... must be solely on the principles and methodology, not on the conclusions that they generate."); *Bitler*, 391 F.3d at 1238 ("Here, the expert testimony 'fits' because it involves a reliable method that would aid the jury in resolving a factual dispute; whether the jury finds that the testimony 'fits' their best assessment of the truth of the matter is an altogether different issue.").