IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER OR TO QUASH DISCOVERY**

For the reasons set forth in the accompanying Memorandum, plaintiffs respectfully request that the Court enter a protective order barring further discovery of plaintiffs' witness Charles McKay, or an order quashing defendants' proposed discovery.

                                        Respectfully submitted,

Dated: October 26, 2005                       /s   Jennifer MacNaughton
                                                             Merrill G. Davidoff
                                                             Peter Nordberg
                                                             Jennifer MacNaughton
                                                             BERGER & MONTAGUE, P.C.
                                                             1622 Locust Street
                                                             Philadelphia, PA 19103
                                                             (215) 875-3000
                                                             fax (215) 875-4640
                                                             jmacnaughton@bm.net

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

   **Plaintiffs,**

            v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

   **Defendants.**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
PROTECTIVE ORDER OR TO QUASH DISCOVERY**

### I.    INTRODUCTION

Although defendants have conducted a lengthy, extensive investigation of Mr. McKay, his knowledge, his testimony, and his documents – an investigation that spans several decades' worth of information – defendants now seek to depose plaintiffs' witness Charles McKay yet again in this litigation, *see* Oct. 17, 2005 e-mail from Mark Nomellin to Peter Nordberg (Ex. A), and seek further document discovery from him, *see* Oct. 19, 2005 letter from John Tangren to Peter Nordberg (Ex. B).  The odds that defendants will learn something new about Mr. McKay that they were not able to learn in the course of two other lawsuits, two days of interviews pertaining to this lawsuit, a wide-ranging search of Mr. McKay's files, and an over two-hour deposition, are slight.  The true value of this discovery is as a tool to disrupt plaintiffs' trial activities and the further harass Mr. McKay.  In light of this history, plaintiffs respectfully move for a protective order or to quash this discovery.

## II.   ARGUMENT

The Federal Rules of Civil Procedure provide that "for good cause shown, the court . . . may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). The order may provide that "discovery not be had" or that "discovery may be had only on specified terms or conditions." FED. R. CIV. P. 26(c)(1) and (2). The Court has broad discretion and flexibility to fashion an appropriate protective order. *See Cummings v. General Motors Corp.*, 365 F.3d 944, 952-53 (10th Cir. 2004). As shown below, there is good cause for this Court to grant plaintiffs' Motion for Protective Order and order that this proposed discovery not be had.

Although the Federal Rules of Civil Procedure allow for broad discovery, FED. R. CIV. P. 26(b)(1), it is not without limitation. To prevent abusive tactics of a party during discovery, the Rules expressly permit the Court to limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of an issue, and the importance of the discovery in resolving the issue. FED. R. CIV. P. 26(b)(2)(iii).

The only conceivable benefit of this additional discovery to defendants is to disrupt plaintiffs' trial preparations and harass Mr. McKay. Defendants have mountains of information about Mr. McKay. Prior discovery includes:

- On or around July 28, 2004, defense counsel spent one or two days at Mr. McKay's office digging through his files. In total, defendants copied over 12,000 pages of documents.

- During that document production exercise, defense attorneys spent several hours

2

       interviewing Mr. McKay.  *See* McKay Tr. at 77-78 (Ex. C).

- On September 28, 2005, Defendants deposed Mr. McKay for over two hours.

- On August 29 and 30, 2001, Mr. McKay was deposed in connection with his suit against the government, *McKay v. United States*, Ct. of Cl. No. 94-580.  To the best of plaintiffs' knowledge, Mr. McKay produced these transcripts to defendants in July 2004.

- Mr. McKay became a party to the Church lawsuit when he inherited his uncle Marcus Church's land.  Defendants presumably have access to all of the pleadings in that case.

- Defendants have obtained interviews of Mr. McKay that were conducted for the Rocky Flats Cold War Museum oral history project.  *See* McKay Tr. at 49 (Ex. C).

- Mr. McKay contributed a great deal of information, including an extensive personal and family history and information about the Church lawsuit, to a book about Rocky Flats, "Making a Real Killing," by University of Colorado journalism professor Len Ackland.

- As a well-known developer, major landowner, and prominent local figure, there is a considerable amount of information about Mr. McKay, his family, and his real estate holdings available in the public domain.

The sole reason why Mr. McKay's deposition occurred as late as September of this year is because defendants delayed and slept on their rights to discovery.  Mr. McKay's deposition was originally scheduled for June 2004.  The deposition was postponed due to the fact that defendants' extraordinarily overly broad document subpoena encompassed a massive quantity of responsive documents in Mr. McKay's possession, which Mr. McKay could not produce in time for the deposition.  Defendants never re-issued the subpoena, nor did they propose new dates for Mr. McKay's deposition, until the very eve of trial.

It would be incredibly burdensome to require plaintiffs' counsel and a witness to submit to

this additional discovery in the middle of trial. Nothing more will be accomplished by allowing defendants to further burden a witness who has already taken substantial time away from his business and family for a deposition and to testify in court, and about whom defendants have amassed a horde of information.

### III.  CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court enter a protective order or an order quashing further discovery on Charles McKay.

Respectfully submitted,

Dated: October 26, 2005

/s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
jmacnaughton@bm.net

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs