**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

_____

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ROBERT BUDNITZ'S
PROPOSED TESTIMONY ABOUT "POTENTIALLY CATASTROPHIC"
RELEASES THAT NEVER OCCURRED**
_____

      Plaintiff's proposal to offer testimony from Dr. Robert Budnitz regarding "potentially catastrophic" consequences from the 1969 fire – none of which actually occurred – including the hypothetical collapse of buildings and subsequent release of massive amounts of radiation to the metropolitan Denver area. (*See* Ex. A, Robert J. Budnitz, The Major Rocky Flats Fires of 1957 and 1969 and Other Incidents: Insights About Management Practices ("Budnitz Fires Report") at 39-43.)  Dr. Budnitz should not be permitted to testify about what he contends ***could*** have happened during the 1969 fire.  An expert witness is not permitted to engage in "conjecture or speculation."  *Dodge v. Cotter Corp.*, 328 F. 3d 1212, 1222 (10th Cir. 2003) (citation omitted).  Yet Dr. Budnitz's entire proposed testimony regarding the 1969 fire is based upon an event that he admits ***never transpired*** and is thus, by definition, speculation.  *(See* Ex. A, Budnitz Fires Report, at 43 ("The fact that such a large accident did not actually occur . . .".))  Indeed, Dr. Budnitz's report is replete with terms such as "potential," "could," "might," "assume,"

"suppose," "had," and "if." (*Id.* at 39-43). All told, Dr. Budnitz uses such hypothetical language *seventeen times* in a mere five pages. (*Id.*)

Furthermore, Dr. Budnitz's proposed testimony conjectures that enormous doses of radiation would have been released – and attempts to quantify the hypothetical release. (*See, e.g.*, *Id.* at 42 (hypothesizing that air concentrations would have reached 25,000 $pCi/m^3$ east of Indiana street and 2,500 $pCi/m^3$ past Interstate 25 and into Westminster)). Even if this sort of hypothetical expert opinion were proper (which it is not), Dr. Budnitz is not qualified to give it. Dr. Budnitz has no expertise in dose reconstruction and is thus unqualified to speculate about what might or might not have happened during a fire that never occurred. (Ex. B, Budnitz Dep. at 350-51.)

Finally, Dr. Budnitz's testimony should be excluded under Fed. R. Evid. 403. Speculation about what might have occurred during the 1969 fire is not relevant and has no probative value as to whether any offsite releases actually occurred. Moreover, any marginal probative value such testimony might have is dramatically outweighed by the unfair prejudice it would cause Defendants.

Dated:  October 27, 2005                               Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

3

                    Joseph J. Bronesky
                    SHERMAN & HOWARD L.L.C.
                    633 Seventeenth Street, Suite 3000
                    Denver, Colorado 80202
                    Phone:  303-297-2900
                    Fax:     303-298-0940

                    Attorneys for ROCKWELL
                    INTERNATIONAL CORPORATION and
                    THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Kari Knudsen
Kari Knudsen (legal assistant)