B

285

VOLUME II       **ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

- - -

| | |
|---|---|
| MERILYN COOK, et al, | : CIVIL ACTION |
| Plaintiff(s) | No. 90-K-181 |
| | : |
| vs. | CONTINUED ORAL |
| | : DEPOSITION OF: |
| ROCKWELL INTERNATIONAL | |
| CORPORATION, a | : ROBERT J. BUDNITZ, Ph.D. |
| Delaware Corporation | |
| and | : |
| THE DOW CHEMICAL COMPANY, | |
| a Delaware Corporation, | : |
| Defendant(s) | |

- - -

Friday, April 25, 1997

- - -

R E P O R T E D   B Y:

   IRENE BERNSTEIN, Registered Diplomate Reporter and Notary Public of the Commonwealth of Pennsylvania, on the above date, commencing at 8:06 a.m., at the law offices of BERGER & MONTAGUE, 6th Floor Conference Room, 1624 Locust Street, Philadelphia, Pennsylvania.

- - -

DelCASALE, CASEY, MARTIN & MANCHELLO
Registered Professional Reporters
Ten Penn Center, Suite 636
1801 Market Street
Philadelphia, Pennsylvania 19103
(215) 568-2211

350

ROBERT J. BUDNITZ, Ph.D.

1  calculation of the amounts of plutonium that were
2  released from the 903 area, have you?
3          MR. SORENSEN: Objection; form,
4      foundation, vague.
5          THE WITNESS: That is vague, but it's
6      not as vague as the one you asked before
7      about "any" and "amounts". And you used
8      the word "on", which made me very wary,
9      because I wasn't quite sure what to do with
10     it.
11          I have not done an ab initio
12     calculation of the amounts of material
13     released from the 903-Pad, radiological
14     material from the 903-Pad, in the period of
15     concern that my report addresses.
16 BY MR. TULLY:
17 Q.    Okay. And you have not done any dose
18 reconstruction calculations for the purposes of
19 this case?
20         MR. SORENSEN: Objection; vague,
21     foundation.
22         THE WITNESS: Yeah, it's pretty vague.
23     But, in fact, I'm not a dose reconstruction
24     expert. That's not something that is

DelCasale, Casey, Martin & Manchello
(215) 568-2211

351

ROBERT J. BUDNITZ, Ph.D.

1   within my -- I'm not a physicist or a
2   biological events or a dose expert.
3   BY MR. TULLY:
4   Q.    And that's not something that you've done
5   for the purposes of this case, a dose
6   reconstruction?
7   A.    I have not done that, correct.
8   Q.    Okay. And you have not done any risk
9   assessment for any exposures to any members of
10  the class in this case?
11          MR. SORENSEN: Objection; vague, form,
12      foundation.
13          THE WITNESS: The question is
14      contradictory on its face. Risk assessment
15      for exposures are four words that you can't
16      put together into a coherent technical
17      notion. Because those words, taken
18      together, don't produce a question I can
19      answer.
20  BY MR. TULLY:
21  Q.    All right. Let me try to put it in simpler
22  terms then, Dr. Budnitz.
23  A.    Clearer terms, is what I mean.
24  Q.    Well--

607

ROBERT J. BUDNITZ, Ph.D.

1   I'm not saying that you had to -- I just want to
2   understand what you did or didn't do as part of
3   your work in this case.
4           Dr. Budnitz, you did not calculate a
5   source term for any releases of plutonium from
6   either the fifty-seven or the sixty-nine fire,
7   correct.
8           MR. SORENSEN:  Objection; vague.
9           THE WITNESS:  I didn't do such an ab
10      initio calculation myself.
11  BY MR. TULLY:
12  Q.      Okay.  And likewise you did not yourself,
13  ab initio, do an emission or release estimate of
14  any materials, plutonium, from the fifty-seven or
15  sixty-nine fires; right?
16  A.      Yeah.  That's, I thought, the same thing as
17  the first thing.  But go ahead.
18  Q.      Some people draw a distinction.
19          And likewise you did not do a dose
20  reconstruction, based on the fifty-seven or
21  sixty-nine fires, correct?
22  A.      Yeah.  I'm not a dose reconstruction expert
23  at all.  That's not my area at all.
24  Q.      Okay.  Let's go through some parts of your