**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXHIBIT PX-63**
_____

       Plaintiffs' list of trial exhibits to be used in connection with their direct examination of Dr. Budnitz includes an intermingled compilation of text, handwriting, and historical documents entitled "The Past 30 Years At Rocky Flats Plant". (PX-63, attached as Ex. A.) This compilation is largely the work of a former health physicist, Edward Putzier, who was asked by Rockwell in 1982 to prepare a history before he retired in order to "preserve some of the experiences of [the past] 30 years" in the hope that Rockwell could "benefit[] from some of them." (*Id.* at v.) Putzier, however, never saw the compilation plaintiffs now seek to introduce. Putzier dictated the text, but retired before it had been transcribed and before the text had been put together with other documents. (3/15/1995 Putzier Dep. at 145.) Putzier was not responsible for handwriting that appears throughout the document. (*Id.* at 170, 180.) Because the document consists largely of Putzier's "recollections and perceptions," Putzier noted at the beginning of his dictated text that he is sure that "for some of it, the accuracy could be challenged." (Ex. A at v.)

This proposed compilation of text and other documents should not be admitted into evidence for several reasons.

*First*, the document is hearsay not subject to any exception. It is not a "record of regularly conducted activity" under Rule 803(6) because it was not "made contemporaneously with the events." *Echo Acceptance Corp. v. Household Retail Serv., Inc.*, 267 F. 3d 1068, 1090 (10th Cir. 2001). Putzier describes events that took place up to thirty years before he dictated the text of the document. Furthermore, the vast majority of the document deals with Dow's conduct, and Plaintiffs seek to use it against Dow. The document cannot be used as an admission by Dow under Rule 801(d)(2), because it was not made "during the existence" of Putzier's employment with Dow. Fed. R. Evid. 801(d)(2)(d). Putzier dictated the report for Rockwell in 1982, seven years after his employment with Dow had ended.

*Second*, the proposed exhibit is replete with references to subsequent remedial measures. For example, Putzier discusses adding two stages of final filtration after the 1969 fire, adding stainless steel cylinders, and replacing Chemical Warfare Service filters. (3/15/1995 Putzier Dep. at 23, 38, 48.) Such corrective actions designed to prevent future accidents are inadmissible under Federal Rule of Evidence Rule 407.

*Third*, the proposed exhibit is inadmissible because Putzier's dictated text is interspersed with other documents and handwriting for which plaintiffs have offered no foundational testimony. Neither Putzier nor anyone else ever reviewed the written copy of the report. (3/15/1995 Putzier Dep. at 146.) Moreover, numerous documents inserted into the report are illegible. In the case of one of these documents, an unidentified person went over the document with handwriting in an unsuccessful attempt to make it readable. (3/15/1995 Putzier Dep. at 170,

2

180.)  No one has ever verified that this handwriting accurately replicates the content of the original.

*Finally*, Plaintiffs cannot properly introduce the report into evidence through Dr. Budnitz.  Under Federal Rule of Evidence 703, Dr. Budnitz may rely on "facts or data" not otherwise admissible into evidence as the basis of his opinion, under Federal Rule of Evidence 703, but typically these facts or data "shall not be disclosed to the jury."  The only exception is where the Court determines that their probative value in assisting the jury to evaluate the expert's opinion *substantially outweighs* their prejudicial effect."  Fed. R. Evid. 703 (emphasis added).  Here, any marginal value the report might have in assisting the jury to understand Dr. Budnitz's conclusions is outweighed by the danger that the jury will use the otherwise inadmissible hearsay report for substantive reasons.  *See* McCormick on Evidence §324.3 (2003 Pocket Part) ("[T]he proponent now has a much more substantial burden in showing how receiving the inadmissible evidence will aid the jury in evaluating the expert's opinion, as opposed to being misused by the jury for substantive purposes.")

Plaintiff's Exhibit PX-63 should not be admitted into evidence or disclosed to the jury.

Dated:  October 27, 2005                                        Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.

633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

5

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                /s/ Kari Knudsen
                Kari Knudsen (legal assistant)

5