**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE USED BY
PLAINTIFFS ON OCTOBER 27, 2005**
_____

Defendants hereby file their Objections to Exhibits that plaintiffs have indicated will be used during the direct examination of Robert Budnitz. Defendants' objections are divided into two categories: (1) objections made with respect to previous motions *in limine* which the Court has already denied; and (2) additional objections with respect to which the Court has not already ruled.

**I.      OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE*
         WHICH THE COURT HAS ALREADY DENIED.**

Set forth below are objections to plaintiffs' exhibits based on arguments set forth in defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

A.  **Defendants' Motion *in Limine* to Exclude Evidence of the 1989 FBI Raid on Rocky Flats and Related Evidence**

Defendants object to the following exhibits on the ground that evidence related to the FBI raid is inadmissible under Federal Rules of Evidence 402 and 403 (*see* Defs.' Mot. *in Limine* No. 1, filed 6/16/05):  P-1318.

B.  **Defendants' Motion *in Limine* to Exclude Evidence of the Grand Jury Investigation of Rocky Flats and Related Evidence**

Defendants object to the following exhibits on the ground that evidence related to the grand jury investigation of Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 2, filed 6/16/05):  P-1318.

C.  **Defendants' Motion *in Limine* to Exclude Evidence of Substances Other Than Plutonium to the Extent Plaintiffs Cannot Demonstrate Support for a Class-Wide Nuisance**

Defendants object to the following exhibits on the ground that evidence related to substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 6, filed 6/16/05):  P-63, P-64, P-126, P-264, P-318, P-319, P-342, P-935, P-1118, P-1314, P-1315, P-1318.

D.  **Defendants' Motion *in Limine* to Exclude Evidence Related to Employee Safety and Health**

Defendants object to the following exhibits on the ground that evidence related to employee health and safety at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 7, filed 6/16/05):  P-63, P-168, P-1297, P-1298, P-1319.

**E.     Defendants' Motion *in Limine* to Exclude Evidence Related to Releases and Incidents That Occurred Wholly Within Buildings**

Defendants object to the following exhibits on the ground that evidence related to releases, incidents, and conditions that occurred solely within buildings at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 8, filed 6/16/05):  P-63, P-168, P-939, P-1297, P-1318.

**F.     Defendants' Motion *in Limine* to Exclude Evidence of Past "Risks" That Never Occurred and Now Cannot Happen**

Defendants object to the following exhibits on the ground that evidence related to past "risks" at Rocky Flats that never occurred and now cannot occur is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 10, filed 6/16/05):  P-63, P-64, P-168, P-316, P-317, P-320, P-932, P-934, P-1022, P-1024, P-1025, P-1026, P-1027, P-1028, P-1118, P-1298, P-1307, P-1317, P-1318, P-1319.

**G.     Defendants' Motion *in Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs Cannot Link to Their Trespass and Nuisance Claims**

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05):  P-63, P-64, P-126, P-146, P-168, P-193, P-318, P-319, P-320, P-342, P-932, P-934, P-935, P-939, P-1022, P-1024, P-1025, P-1026, P-1027, P-1028, P-1081A, P-1118, P-1146, P-1297, P-1307, P-1318, P-1319.

### H. Defendants' Motion *in Limine* to Exclude Evidence That Does Not Apply Class-Wide

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 12, filed 6/16/05):  P-63, P-64, P-126, P-146, P-168, P-193, P-318, P-319, P-320, P-342, P-932, P-934, P-935, P-939, P-1024, P-1025, P-1026, P-1027, P-1028, P-1081A, P-1118, P-1146, P-1297, P-1314, P-1315, P-1317, P-1318, P-1319.

## II. ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

Defendants object generally to historical documents plaintiffs seek to offer into evidence because Dr. Budnitz cannot lay a proper foundation for their admission.  Furthermore, documents relied upon by an expert are typically inadmissible under Federal Rule of Evidence 703.  The only exception is when the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.  Fed. R. Evid. 703.  Such evidence should not be admitted for substantive purposes.  *See* McCormick on Evidence §324.3 (2003 Pocket Part) ("[T]he proponent now has a much more substantial burden in showing how receiving the inadmissible evidence will aid the jury in evaluating the expert's opinion, as opposed to being misused by the jury for substantive purposes.")  Defendants object to admission of documents purportedly relied upon by Dr. Budnitz in connection with his testimony because the plaintiffs can not meet the balancing test of Rule 703 and they seek to offer documents for substantive purposes.

Defendants object to P-23 because it is hearsay and hearsay within hearsay and does not fall within any exception. Defendants object to P-23 on grounds of authenticity (handwriting on third page) and foundation.

Defendants object to P-63 and incorporate by reference "Defendants' Motion in Limine to Preclude Introduction of P-63 in Connection with the Testimony of Dr. Robert Budnitz."

Defendants object to P-64 because it is hearsay within hearsay and does not fall within any exception (no authentication for ancient document, compilation not prepared "at the time," not a government report). Defendants object to P-64 on grounds of foundation.

Defendants object to P-97 because it is hearsay and does not fall within an exception (not an admission of either defendant). Defendants object to P-97 on the grounds that it is irrelevant (deals with other sites).

Defendants object to P-126 because it is hearsay and does not fall within any exception.

Defendants object to P-146 on the grounds that it is not a document that was disclosed in Dr. Budnitz's expert reports. Defendants object to P-146 because it is hearsay and hearsay within hearsay and does not fall within any exception (not an admission). Defendants object to P-146 on foundation grounds.

Defendants object to P-149 on authenticity grounds. The first page of the exhibit should be redacted because it is not part of the document and is confusing.

Defendants object to P-168 on the grounds that it is hearsay and hearsay within hearsay and does not fall within any exception (not an admission). Defendants object to P-168 on the grounds that it is irrelevant (worker safety) and on foundation grounds.

Defendants object to P-193 on the grounds that it is hearsay within hearsay and does not fall within any exception (based upon inadmissible hearsay documents).  Defendants object to P-193 on foundation grounds.

Defendants object to P-223 on foundation grounds.

Defendants object to P-316 on the grounds that it is hearsay and hearsay within hearsay and does not fall within any exception (not an admission).  Defendants object to P-316 on foundation grounds.

Defendants object to P-317 on the grounds that it is hearsay and hearsay within hearsay and does not fall within any exception (not an admission).  Defendants object to P-317 on foundation grounds.

Defendants object to P-318 on the grounds that it is hearsay and does not fall within any exception (not a government report).

Defendants object to P-319 on the grounds that it is hearsay (offered for truth) and hearsay within hearsay and does not fall within any exception.  Defendants object to P-319 on foundation grounds.

Defendants object to P-320 on foundation grounds.

Defendants object to P-342 because it is hearsay and does not fall within any exception. Defendants object to P-342 on grounds of authenticity (draft, compilation) and foundation.

Defendants object to P-412 on foundation grounds.

Defendants object to P-483 on foundation grounds.

Defendants object to P-533 on the grounds that it is hearsay and does not fall within any exception. Defendants object to P-533 on the grounds of authenticity and foundation.

Defendants object to P-932 on foundation grounds.

Defendants object to P-934 because it is hearsay and does not fall within any exception. Defendants object to P-934 on foundation grounds.

Defendants object to P-935 on the grounds that it is hearsay and hearsay within hearsay (first line of page one) and does not fall within any exception. Defendants object to P-935 on foundation grounds.

Defendants object to P-936 on foundation grounds.

Defendants object to P-939 because it is hearsay (offered for truth) and does not fall within any exception (offered for the truth).

Defendants object to P-1022 on the grounds that it is hearsay and does not fall within any exception (the government and Factory Mutual are not a party; not an official government report).

Defendants object to P-1024 on the grounds that it is hearsay and hearsay within hearsay and does not fall within any exception. Defendants object to P-1024 on foundation grounds.

Defendants object to P-1025 on the grounds that it is hearsay and hearsay within hearsay and does not fall within any exception. Defendants object to P-1025 on foundation grounds.

Defendants object to P-1026 on the grounds that it is hearsay and hearsay within hearsay and does not fall within any exception. Defendants object to P-1026 on foundation grounds.

7

Defendants object to P-1027 on the grounds that it is hearsay and hearsay within hearsay and does not fall within any exception.  Defendants object to P-1027 on foundation grounds.

Defendants object to P-1028 on the grounds that it is hearsay and hearsay within hearsay and does not fall within any exception.  Defendants object to P-1028 on foundation grounds.

Defendants object to P-1029 on the grounds that it is hearsay and hearsay within hearsay and does not fall within any exception.  Defendants object to P-1029 on foundation grounds.

Defendants object to P-1081A on the grounds that it is incomplete.

Defendants object to P-1118 because it is hearsay and hearsay within hearsay and does not fall within any exception.  Defendants object to P-1118 on grounds of authenticity (draft) and foundation.

Defendants object to P-1146 on the grounds that it is hearsay (offered for truth) and does not fall within any exception.

Defendants object to P-1150 because it is hearsay and does not fall within any exception. This is an expert report that was prepared by Robert Budnitz.  It is well settled that expert reports are hearsay and are not admissible.  *See Ake v. General Motors Corp.,* 942 F.Supp. 869, 877-78 (W.D.N.Y.1996) (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer v. K-Mart Corp.,* 1998 WL 883318, at *5 (E.D.La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 2002 WL 826956, at *7 (S.D.N.Y May 1, 2002) (same).  In addition, Defendants made extensive *Daubert* challenges to the testimony of Robert Budnitz on the issues in the Budnitz 903 Report.  For the reasons previously expressed in Defendants'

*Daubert* motion, the opinions expressed in the Budnitz 903 report are inadmissible, and therefore the report itself is inadmissible.

Defendants object to P-1151 because it is hearsay and does not fall within any exception. This is an expert report that was prepared by Robert Budnitz. It is well settled that expert reports are hearsay and are not admissible. *See Ake,* 942 F.Supp. 869, 877-78 (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer,* 1998 WL 883318, at *5 (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners,*. 2002 WL 826956, at *7 (same). In addition, Defendants made extensive *Daubert* challenges to the testimony of Robert Budnitz on the issues in the Budnitz Fires Report. For the reasons previously expressed in Defendants' *Daubert* motion, the opinions expressed in the Budnitz Fires Report are inadmissible, and therefore the report itself is inadmissible.

Defendants object to P-1203 because it is hearsay (not a Curriculum Vitae) and does not fall within any exception.

Defendants object to P-1290 because it is hearsay and does not fall within any exception. Defendants object to P-1290 on grounds of authenticity (handwriting) and foundation.

Defendants object to P-1290A because it is hearsay and hearsay within hearsay and does not fall within any exception. Defendants object to P-1290A on foundation grounds.

Defendants object to P-1297 because it is hearsay within hearsay and does not fall within any exception. Defendants object to P-1297 on the grounds that it is irrelevant (worker exposure), unfairly prejudicial, and on foundation grounds.

9

Defendants object to P-1298 because it is hearsay and hearsay within hearsay and does not fall within any exception (not a government report).

Defendants object to P-1306 because it is hearsay and hearsay within hearsay and does not fall within any exception.  Defendants object to P-1306 on foundation grounds.

Defendants object to P-1309 because it is hearsay and hearsay within hearsay and does not fall within any exception.  Defendants object to P-1309 on foundation grounds.

Defendants object to P-1314 on the grounds that it is irrelevant.

Defendants object to P-1315 because it is hearsay within hearsay and does not fall within any exception.  Defendants object to P-1315 on the grounds that it is irrelevant and on foundation grounds.

Defendants object to P-1316 because it is hearsay and does not fall within any exception. Defendants object to P-1316 on the grounds that it is irrelevant.

Defendants object to P-1317 because it is hearsay and hearsay within hearsay and does not fall within any exception (not a government report).

Defendants object to P-1318 because it is hearsay and hearsay within hearsay and does not fall within any exception.  This is an expert report that was prepared by Warner North and, to a lesser extent, by Robert Budnitz.  It is well settled that expert reports are hearsay and are not admissible.  *See Ake,* 942 F.Supp. 869, 877-78 (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer,* 1998 WL 883318, at *5 (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners,*. 2002 WL 826956, at *7 (same).  In addition, Defendants made extensive *Daubert* challenges to the

10

testimony of Warner North and Robert Budnitz on the issues in the North Rockwell Report. Those challenges were aimed at, *inter alia*, the fit (or relevance) of the opinions and the fact that the opinions were not based on reliable facts or a reliable methodology. (Defs.' Mot. to Exclude Conduct Expert Testimony, at 5-12, 14-16, 28-30) For the reasons previously expressed in Defendants' *Daubert* motion, the opinions expressed in the North Rockwell Report are inadmissible, and therefore the report itself is inadmissible. Moreover, much of the report merely summarizes or regurgitates observations and conclusions from other documents. Thus, the report contains numerous instances of hearsay within hearsay and should be excluded for that reason as well. Notably, the report refers to and quotes from documents that have been specifically excluded by the Court such as the Rockwell Sentencing Memorandum. (P-1318 at 18) At a minimum, the portions of the North Rockwell Report that were not authored by Robert Budnitz – that is all sections other than pages 62-64 and one sentence on page 69 – should be excluded as hearsay and because Dr. Budnitz lacks the foundation or expertise to offer those opinions. *See* Mot. To Bar Testimony By Robert Budnitz Concerning Issues In The North And Budnitz Report; *see also Imazio Nursery, Inc. v. Dania Greenhouses*, 1997 WL 195434, at *3 (N.D. Cal. Apr. 16, 1997) (expert report was inadmissible hearsay when expert who wrote report was unavailable to be cross-examined at trial).

Defendants object to P-1319 because it is hearsay and hearsay within hearsay and does not fall within any exception (not a government report). Defendants object to P-1319 on foundation grounds (Dr. Budnitz can not establish authenticity). Defendants also object on grounds that the document relates to subsequent remedial measures.

Defendants object to P-1321 because it is hearsay and does not fall within any exception (not a government report).  Defendants object to P-1321 on foundation grounds.

Defendants object to P-1322 on foundation grounds.


Dated:  October 27, 2005                           Respectfully submitted,


/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Courtney Biggins_____
              Courtney Biggins (legal assistant)