IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-CV-181

MERILYN COOK, WILLIAM JR. and DELORES SCHIERKOLK,
RICHARD and SALLY BARTLETT, and LORREN and GERTRUDE BABB,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

### RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF TESTIMONY AND EXHIBITS FROM ADMIRAL JAMES D. WATKINS

In response to defendants' objections to their proposed use at trial of deposition testimony and exhibits from Admiral James D. Watkins, former Secretary of Energy, plaintiffs state as follows.

As a general proposition, rather than making a good faith effort to assert legitimate objections, defendants continue their efforts at trial by obstruction and object to virtually all of Admiral Watkins' testimony and exhibits designated by plaintiffs using a shotgun approach. Nor are defendants above taking Admiral Watkins' testimony out of context if it suits their purposes. *See* Defendants' General Objection at 1-2.[1] Defendants' objections will be addressed seriatim, by topic of questioning.

---

[1] While Admiral Watkins did indeed testify that he "didn't focus on the Rocky Flats plant" and "did not have an assessment [of the plant]" at the time of his Senate confirmation hearing (Watkins Dep. at 25-26 & 39), it became the "catalyst" for change and was the subject of heavy briefing beginning a mere two and a half months after the Admiral was sworn in as the Secretary of Energy. *See id.* at 51-52 & 63.

1

**Pages:** 13:3 to 15:2

**Topic:** **Selection of Admiral Watkins as Secretary of Energy**

Objections: Hearsay, irrelevant, prejudicial, confusing/misleading, foundation, speculation.

Response: The witness' hearsay statements form the basis of his knowledge, belief or actions, and/or are necessary to explain or substantiate that knowledge or belief. Under Federal Rule of Evidence ["FRE"] 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

While plaintiffs do not believe that general references to other DOE facilities collectively are prejudicial to defendants, should the Court rule otherwise, they will redact such references from their designated testimony.

Assuming that the previous objection is overruled, plaintiffs have no objection to the addition of the testimony at page 15:3 to 15:20.

**Pages:** 15:21 to 20:5

**Topic:** **The "Mess" to be Cleaned Up**

Objections: Hearsay, speculation, prejudicial, confusing/misleading, foundation, nonresponsive, irrelevant

Response: The witness' hearsay statements form the basis of his knowledge, belief or actions, and/or are necessary to explain or substantiate that knowledge or belief. Under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action

2

      more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

While plaintiffs do not believe that general references to other DOE facilities collectively are prejudicial to defendants, should the Court rule otherwise, they will redact such references from their designated testimony.

Assuming that the previous objection is overruled, plaintiffs have no objection to the addition of the testimony at page 15:13 to 15:22.

  **Pages:**  **22:21 to 23:23**

  **Topic:**  **"Mess" Includes Rocky Flats**

  Objections:  Foundation, speculation, irrelevant, prejudicial, confusing/misleading

  Response:  Admiral Watkins, who became the Secretary of Energy on March 1, 1989, testified that he began learning of problems at Rocky Flats from the day he took over, thereby establishing the foundation for his testimony. Under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

  **Page:**  **24:11 to 24:19**

  **Topic:**  **FBI Raid**

  Objections:  Nonresponsive, irrelevant, prejudicial, confusing/misleading

  Response:  Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And the probative value of Admiral Watkins having been

3

>consulted by the U.S. Attorney prior to the raid having been effectuated, substantially outweighs the danger of unfair prejudice due to "politics of [the] raid." *See* FRE 403.

Plaintiffs agree that the second sentence of Admiral Watkins testimony at 24:11-14 ("I gave a deposition to that effect when we got into some kind of an awards fee contest with Rockwell International.") may be stricken.

Assuming that the previous objection is overruled, plaintiffs have no objection to the addition of the testimony at pages 25:13 to 26:2.

>**Page:**         **28:14 to 28:24**
>
>**Topic:**        **Rockwell Contracts**
>
>Objections:   Prejudicial
>
>Response:     The probative value of Admiral Watkins' testimony substantially outweighs the danger of unfair prejudice to defendants. *See* FRE 403.

While plaintiffs do not believe that general references to other DOE facilities collectively are prejudicial to defendants, should the Court rule otherwise, they will redact such references from their designated testimony.

>**Pages:**        **31:10-19; 32:24 to 37:10; 40:6 to 44:19**
>
>**Topic:**        **Exhibit 1 – Admiral Watkins Testimony Before the Senate Committee on Energy and Natural Resources**
>
>Objections:   Hearsay, irrelevant, prejudicial
>
>Response:     Exhibit 1 constitutes former testimony by Admiral Watkins, admissible pursuant to FRE 804, given that defendants had an opportunity to cross examine the Admiral regarding such testimony at his deposition. Under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action

4

        more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice. *See* FRE 403.

While plaintiffs do not believe that general references to other DOE facilities collectively are prejudicial to defendants, should the Court rule otherwise, they will redact such references from their designated testimony. Plaintiffs agree that specific references to Three Mile Island and the Savannah River plant should be redacted.

Assuming that the foregoing objection is overruled, plaintiffs object to the inclusion of the objection at 44:21-23.

| | |
|---|---|
| **Pages:** | **37:11 to 37:18; 38:19 to 39:8; 39:18 to 40:5** |
| **Topic:** | **Protection of Health, Safety and the Environment** |
| Objections: | Hearsay, improper lay witness opinion testimony, irrelevant, prejudicial, confusing/misleading, foundation |
| Response: | Within the designated testimony, there are no out of court statements offered to prove the truth of the matter asserted. Pursuant to FRE 701, Admiral Watkins' opinion testimony is helpful to a clear understanding of his testimony, to the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702. Furthermore, under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. Finally, Admiral Watkins also laid a proper foundation (documents and his experience) for his asssessment that the environment had been sacrified to production at nuclear weapons plants. |

Assuming that the previous objection is overruled, plaintiffs have no objection to the addition of the testimony at page 39:9-17.

| | |
|---|---|
| **Pages:** | **45:22 to 49:22** |
| **Topic:** | **DOE as a Decentralized Organization** |
| Objections: | Hearsay, prejudicial, irrelevant, confusing/misleading, foundation |
| Response: | The reference to Admiral Watkins' former testimony that the DOE was decentralized constitutes former testimony admissible pursuant to FRE 804, given that defendants had an opportunity to cross examine the Admiral regarding such testimony at his deposition.  Under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403. |

Plaintiffs agree that Admiral Watkins' testimony at 49:15-22 may be stricken.

While plaintiffs do not believe that general references to other DOE facilities collectively are prejudicial to defendants, should the Court rule otherwise, they will redact such references from their designated testimony.  Plaintiffs agree that specific references to Three Mile Island and the Savannah River plant should be redacted.

| | |
|---|---|
| **Pages:** | **50:13 to 51:24; 52:7-24; 55:18-24** |
| **Topic:** | **Ensuring Line Officer Responsibility for Operations at Rocky Flats** |
| Objections: | Irrelevant, prejudicial, confusing/misleading |
| Response: | As an initial observation, defendants have objected to Admiral Watkins' testimony mid-sentence.  *See* 50:13 & 51:24.  Notwithstanding such incoherencies, under FRE 401, the evidence has a |

6

> tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury due to so-called "raid politics." *See* FRE 403.

Plaintiffs object to the inclusion of the objection stated at 53:15-17 given defendants' failure to articulate any objection to the prior testimony that was allegedly mischaracterized.

While plaintiffs do not believe that the general reference to other DOE facilities collectively in 55:18-24 is prejudicial to defendants, should the Court rule otherwise, they will redact such reference from their designated testimony.

**Page:** 58:9-12

**Topic:** **Tiger Team Report**

Plaintiffs have no objection to the inclusion of this testimony, which references other DOE facilities, provided that the Court overrules defendants' objections to the inclusion of general references to other DOE facilities collectively in Admiral Watkins' testimony. *See, e.g.*, Responses to 15:21 to 20:5 and 55:18-24, *supra*. Should defendants' equivalent objections be sustained, however, plaintiffs object to the inclusion of this language.

**Pages:** 79:18 to 80:3; 80:21 to 81:22; 88:5-20

**Topic:** **Exhibit 5 – Letter from Admiral Watkins to U.S. Environmental Protection Agency (Five Year Plan)**

Objections: Hearsay, irrelevant, prejudicial, confusing/misleading

7

|  |  |
|---|---|
| Response: | Exhibit 5 is a letter written (and identified) by Admiral Watkins to the U.S. Environmental Protection Agency, which describes an "integrated 5 year plan to characterize and prioritize all environmental restoration, compliance and waste management activities for DOE facilities." Such letter is and is admissible under FRE 803(8), particularly since defendants had an opportunity to cross examine the Admiral regarding such letter at his deposition. Furthermore, under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice. *See* FRE 403. |

While plaintiffs do not believe that general references to other DOE facilities collectively are prejudicial to defendants, should the Court rule otherwise, they will redact such references from Exhibit 5.

|  |  |
|---|---|
| **Page:** | **80:4-10; 80:16-20** |
| **Topic:** | **Exhibit 6 – Environmental and Waste Cleanup 5-Year Plan** |
| Objections: | Irrelevant, prejudicial, confusing/misleading, foundation, authenticity |
| Response: | Admiral Watkins established the foundation for Exhibit 6 in his description of his five-year plan at 82:22 to 84:16. Furthemore, under FRE 401, Exhibit 6 has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. Furthermore, no additional, specific testimony regarding Exhibit 6 has been designated by plaintiffs. |

8

Assuming that the foregoing objection is overruled, plaintiffs have no objection to to the addition of the testimony at page 82:11-21.

| | |
|---|---|
| **Pages:** | **88:21 to 90:13** |
| **Topic:** | **DOE's Credibility Impaired** |
| Objections: | Foundation, improper lay witness opinon testimony, irrelevant, prejudicial, confusing/misleading |
| Response: | In his position as Secretary of Energy, Admiral Watkins had the factual predicate to opine regarding the DOE's impaired credibility with the public and various states. Furthermore, pursuant to FRE 701, Admiral Watkins' opinion testimony is helpful to a clear understanding of his testimony, to the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702. Under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. |

While plaintiffs do not believe that general references to other DOE facilities collectively are prejudicial to defendants, should the Court rule otherwise, they will redact such references from their designated testimony.

| | |
|---|---|
| **Pages:** | **90:14 to 91:12; 92:4 to 95:6; 97:3-23; 99:19 101:14; 106:18 to 109:22** |
| **Topic:** | **Exhibit 7 – DOE Press Release** |
| Objections: | Hearsay, irrelevant, prejudicial |
| Response: | Exhibit 7 is a DOE press release identified by Admiral Watkins as having been issued coincident with his press conference regarding the five-year plan, which is admissible under FRE 803(8). Under FRE 401, the evidence also has a tendency to make |

9

       the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice. *See* FRE 403. Finally, Admiral Watkins not only laid a proper foundation for his response regarding the setting of priorities, but defendants failed to preserve, and therefore waived, their responsiveness objection. *See* 100:8 to 101:14.

Plaintiffs agree that the testimony at 90:17-21 may be stricken.

While plaintiffs do not believe that general references to other DOE facilities collectively are prejudicial to defendants, should the Court rule otherwise, they will redact such references from their designated testimony.

 Assuming that the foregoing objection is overruled, plaintiffs object to the inclusion of the objection at 95:8-9.

| | |
|---|---|
| **Pages:** | **97:24 to 99:18** |
| **Topic:** | **Adequate Production of Defense Nuclear Material Inconsistent with Healthy and Safe Environment** |
| Objections: | Prejudicial; confusing/misleading, irrelevant, improper opinion testimony |
| Response: | Pursuant to FRE 701, Admiral Watkins' opinion testimony is helpful to a clear understanding of his testimony, to the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702. Furthermore, under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. |

While plaintiffs do not believe that general references to other DOE facilities collectively are prejudicial to defendants, should the Court rule otherwise, they will redact such references from their designated testimony.

**Page:** 102:3-18

**Topic:** **Fees Based on Weighted Percentage**

Plaintiffs have no objection to the inclusion of this testimony, but additionally designate the testimony at 102:19 to 103:8 and 103:17 to 104:7.

**Page:** 105:15 to 106:5

**Topic:** **Tiger Team**

Plaintiffs have no objection to the inclusion of this testimony to the extent that it resolves defendants' objection to the designated testimony at 106:6-17.

**Pages:** 117:5 to 118:12; 122:4-15

**Topic:** **Exhibit 8 – Letter from Admiral Watkins to Rockwell International Regarding Fee Determination**

Defendants have failed to state a basis for any objections that they may have to this designated testimony or exhibit.

**Pages:** 118:13 to 122:3

**Topic:** **Award Fee Determination for Rocky Flats**

Objections: Foundation, irrelevant, prejudicial; confusing/misleading

Response: Admiral Watkins adequately established the foundation for his testimony regarding the award fee determination for Rocky Flats by enumerating his reasoning behind such award. Furthermore, under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable

11

than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

**Page:** 124:1-11

**Topic:** **Exhibit 9**

Plaintiffs agree that this testimony may be stricken.

**Pages:** 128:20 to 132:14; 199:10-1f4

**Topic:** **Exhibit 10 – Letter from Admiral Watkins to Rockwell International Regarding Problems at Rocky Flats**

Objections: Hearsay

Response: Exhibit 10 is a letter written (and identified) by Admiral Watkins to Rockwell International Corporation, which describes "several serious concerns about Rockwell's management and operation of the Department's Rocky Flats Plant in Colorado." The letter is admissible under FRE 803(8), particularly given that defendants had an opportunity to cross examine the Admiral regarding such letter at his deposition.

**Pages:** 149:16 to 150:13

**Topic:** **Tiger Team**

Plaintiffs have no objection to the inclusion of this testimony, but additionally designate the testimony at 146:19 to 149:15.

**Pages:** 161:3-17

**Topic:** **FBI Raid**

Plaintiffs have no objection to the inclusion of this testimony, but additionally designate the testimony at 161:8 to 162:9.

**Pages:** 164:11-23

**Topic:** **Watkins' Qualifications**

Plaintiffs have no objection to the inclusion of this testimony, but additionally designate the testimony at 164:24 to 165:10 and 166:6-7.

**Pages:** **167:19 to 169:21**

**Topic:** **Tiger Team Report**

Plaintiffs have no objection to the inclusion of this testimony, but additionally designate the testimony at 166:15-16 ("Now let's go into the Tiger team report.") and 169:22 to 170:10.

**Pages:**    **174:23 to 177:14**

**Topic:** **Dose Limitations**

Plaintiffs agree that this testimony may be stricken.

**Pages:** **181:4 to 182:23; 183:16 to 184:15; 184:20 to 185:6**

**Topic:** **Tiger Team Report**

Objection: Plaintiffs object to the testimony designated by defendants as hearsay.

**Pages:** **190:18-24; 191:18 to 193:12**

**Topic:** **Colorado Standards**

Plaintiffs have no objection to the inclusion of this testimony, but additionally designate the testimony at 191:1-17.

**Pages:** **199:3 to 202:23**

**Topic:** **Safety Concerns Impacting the Environment Offsite**

Objection: Irrelevant, prejudicial

Response: Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the

13

|||
|---|---|
| | determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. |
| **Pages:** | **200:23 to 202:10** |
| **Topic:** | **Disconnecting Safety Alarms** |
| Objection: | Foundation |
| Response: | Admiral Watkins' testimony regarding the details of the Tiger Team's findings, which has been extensively designated by defendants, established the foundation for his testimony regarding criticality and other alarms. |
| **Pages:** | **202:17-22; 203:16 to 204:16** |
| **Topic:** | **Other Safety Practicies** |

Assuming that the previous objection is overruled, plaintiffs have no objection to the addition of the designated testimony. However, plaintiffs additionally designate the testimony at 204:17-22.

|||
|---|---|
| **Pages:** | **231:15 to 233:17; 234:17 to 237:23** |
| **Topic:** | **Exhibit 13 – Letter from the Advisory Committee on Nuclear Facility Safety to Admiral Watkins** |
| Objections: | Hearsay, irrelevant, prejudicial |
| Response: | Exhibit 13 is a letter written to (and identified by) Admiral Watkins by the Advisory Committee on Nuclear Facility Safety, which is admissible under FRE 803(8), particularly since defendants had an opportunity to cross examine the Admiral regarding such letter at his deposition. Furthermore, under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its |

>probative value substantially outweighs the danger of unfair prejudice.  *See* FRE 403.

In conclusion, plaintiffs state that, to the extent that defendants failed preserve their objections during the deposition of Admiral Watkins, such objections have been waived.  Furthermore, plaintiffs reserve the right to object to other testimony or exhibits, if any, proffered by defendants in connection with Admiral Watkins' testimony.

October 27, 2005                                                Respectfully submitted


    /s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania  19103
(215) 785-3000

Gary B. Blum
Steven W. Kelly
Silver & DeBosky, P.C.
1801 York Street
Denver, Colorado  80206
(303) 399-3000

*Attorneys for Plaintiffs*
*and the Class*