IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER OR TO QUASH DISCOVERY**
_____

On October 7, 2005, this Court ordered that, consistent with the Federal Rules of Civil Procedure, the parties were to be allowed ***7 hours*** to conduct depositions. (Ex. A, 10/7/05 H'rg Tr. at 330.)  Nonetheless, plaintiffs cut off Charles McKay's deposition after only ***2 hours***. Making matters worse, plaintiffs' Motion for a Protective Order filed on October 27, 2005 now seeks to prevent defendants from continuing the deposition.  Plaintiffs' Motion for a Protective Order should be denied.  Moreover, defendants respectfully request that plaintiffs be ordered to produce Mr. McKay for the remainder of the 7-hour deposition required under the Federal Rules. In the alternative, defendants request that Mr. McKay be barred from testifying.

## I. UNDER THE FEDERAL RULES AND THIS COURT'S ORDERS, EACH SIDE IS ENTITLED TO 7-HOUR DEPOSITIONS.

The Federal Rules of Civil Procedure provide for seven hours of deposition. *See* Federal Rule of Civil Procedure 30(d)(2).  During the September 30, 2005 hearing, this Court reaffirmed that this 7-hour time limit applies in this case:

> THE COURT: ***The standard rule is eight hours, and that rule will be applied***. If there is need for more, then good cause must be shown for it, and I will rule on that, on the basis of a motion. ***But that's the standard rule here. That's the standard in the rules of civil procedure***.
> MR. DAVIDOFF: I think it's seven hours.
> THE COURT: Seven, all right. You're right, seven.
> MR. DAVIDOFF: So we'll make them available for a deposition. It might have to be on a weekend or -- and they, I think, will probably not object to taking a deposition on a weekend, because we're going to be in trial during the week.
> THE COURT: All right. Okay.

(Ex. A, 10/7/05 H'rg Tr. at 330 (emphasis added).)

## II. PLAINTIFFS TERMINATED MR. MCKAY'S DEPOSITION AFTER TWO HOURS.

Notwithstanding the 7-hour deposition rule, plaintiffs terminated Mr. McKay's deposition after two hours.  Plaintiffs' counsel claimed that the reason Mr. McKay could not be deposed for a longer period was that Mr. McKay had business matters to attend to.  (Ex. B, McKay Dep. 84–87.)  Plaintiffs' counsel further stated in an e-mail that "[y]ou should not need more than 2 hours to conduct Mr. McKay's deposition."  (Ex. C.)

The claim that a witness has business matters to attend to is not a valid reason for limiting that witnesses' testimony to two hours, in contravention of the normal seven-hour rule set forth in the Federal Rules.  Defendants have been seeking the deposition of Mr. McKay for months.

2

Even if Mr. McKay's business matters occupy a great deal of his time, plaintiffs should at least be able to produce Mr. McKay for a deposition over a weekend.

Plaintiffs' efforts to limit Mr. McKay's deposition to two hours are also inconsistent with plaintiffs' own conduct in discovery. Plaintiffs deposed certain of defendants' witnesses (many of whom are just as busy as Mr. McKay) for *two days*.

If Mr. McKay's business obligations prevent him from appearing for a 7-hour deposition, then he should not be allowed to testify at trial. (Ex. D, 10/6/05 H'rg Tr. at 6.)

### III. PLAINTIFFS' CLAIMS THAT DEFENDANTS SEPARATELY INTERVIEWED MR. MCKAY ARE COMPLETELY FALSE.

Plaintiffs next claim that a deposition is unnecessary because "defendants have mountains of information about Mr. McKay." (Pls.' Mot. at 2.) In particular, plaintiffs claim that, during the summer of 2004, "defense counsel spent one or two days at Mr. McKay's office digging through his files," and that "defense attorneys spent several hours interviewing Mr. McKay." (Pls.' Mot. at 3.) Plaintiffs' claim is false. During the summer of 2004, one attorney (now deceased), one legal assistant, and one project assistant traveled to Mr. McKay's ranch to review documents that Mr. McKay had produced. (Ex. E, Rooney Decl. ¶¶ 2–3.) As set forth in the attached declaration from legal assistant Daniel Rooney, there was no interview of Mr. McKay. (*Id.* ¶¶ 4–5.) Moreover, the lone defense attorney present during the production of Mr. McKay's documents did not have an opportunity to review the thousands of documents that Mr. McKay produced, and thus could not possibly have asked Mr. McKay questions about those thousands of documents during that document production. (*Id.* ¶ 4.)

3

### IV. PLAINTIFFS' CLAIM THAT INFORMATION ABOUT MR. MCKAY IS PUBLICLY AVAILABLE IS BESIDE THE POINT.

Plaintiffs also claim that information about Mr. McKay—including information about the *Church* lawsuit in which Mr. McKay's family participated—is "available in the public domain." (Pls.' Mot. at 3.) Even if this were true, it would be beside the point. There is no exception to the 7-hour deposition rule in circumstances where information about the witness is "available in the public domain." (*Id.* at 3.) If Mr. McKay is to testify at trial, he should first be deposed under oath, including about any matters that plaintiffs claim to be "available in the public domain."

### V. CONCLUSION

For the foregoing reasons, defendants respectfully request that plaintiffs' motion for a protective order be denied. Defendants further request that plaintiffs be required to produce Mr. McKay for the remainder of his seven-hour deposition. In the alternative, defendants request that Mr. McKay be barred from testifying.

Dated: October 27, 2005                          Respectfully submitted,


                                                           /s/ John E. Tangren_____
                                                           One of the Attorneys for the Defendants
                                                           David M. Bernick
                                                           Douglas J. Kurtenbach
                                                           Ellen Therese Ahern
                                                           Mark J. Nomellini
                                                           John E. Tangren
                                                           KIRKLAND & ELLIS LLP
                                                           200 East Randolph Drive

Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                 /s/ Courtney Biggins_____
                                                 Courtney Biggins