# EXHIBIT B

**9/28/2005 McKay, Charles C.**

1    rights as to the time limit.  Thank you very much.
2               THE DEPONENT:  Okay.  Thank you.
3               THE VIDEOGRAPHER:  Shall we conclude now?
4               MR. DAVIDOFF:  You can conclude the videotape,
5    but I'm just going to say one thing off the record.
6               THE VIDEOGRAPHER:  Let me get off record if you
7    want to be off record.
8               MS. DAVIDOFF:  Well, we can just be on the
9    steno record.
10              THE VIDEOGRAPHER:  Well, give me just a second,
11   please.
12              This concludes the video portion of today's
13   deposition.  Total number of tapes used was two.  We're
14   going off record.  The time is 11:19.
15              (Discussion off the record.)
16              MR. DAVIDOFF:  Just so the record is clear, I
17   would have had further cross-examination of Mr. McKay,
18   which I curtailed in light of the fact that he had
19   admonished me repeatedly prior to the deposition that he
20   needed to leave at 11:00, and it's already past 11:00.
21   That's all I wanted to say.
22              MR. NOMELLINI:  Okay.  And as I've previously
23   stated, we don't agree with plaintiffs' position that
24   we're limited to a two-hour deposition.
25              MR. DAVIDOFF:  Well, my position, just so it's

9/28/2005 McKay, Charles C.

```
 1    clear, I didn't even know until yesterday that he had
 2    been interviewed for hours and hours by the battery of
 3    Kirkland & Ellis lawyers.  Had I known that, I might
 4    have taken the position that no deposition whatsoever
 5    was even necessary since you've had access to him.  And
 6    this deposition is obviously just an effort to further
 7    either entrap or nail down his testimony prior to the
 8    trial.
 9            So you didn't even need the discovery having
10    had full access to his documents, and now I learn full
11    access to the witness for hours of interviews.  And to
12    push for longer than a two-hour deposition in those
13    circumstances, I think is unwarranted.  If necessary,
14    given the imminence of trial and the disruption of our
15    trial preparation, we'll have to take that up with the
16    Court.
17            MR. NOMELLINI:  Well, we absolutely disagree
18    with that characterization of events about him being
19    interviewed by a battery of Kirkland & Ellis attorneys.
20    The documents had not even been sent to Kirkland & Ellis
21    at the time this supposed interview by a battery of
22    Kirkland & Ellis attorneys occurred.
23            I would also note that we asked that this
24    deposition begin at 8:00, and plaintiffs' counsel
25    indicated in writing that they would check as to whether
```

**9/28/2005 McKay, Charles C.**

1   Mr. McKay was available at 8:00, and we never heard
2   back.
3           MR. DAVIDOFF:  Well, no, I did.  I'll tell you
4   what happened.  He had a partner in the hospital.
5   Mr. Bradbury was in the hospital.  He may have gotten
6   out yesterday.  He has a crew working, and he had to get
7   his crew started this morning before he got here.
8   That's what I learned from him off the record.  That's
9   why he was unable to be here at 8:00 a.m.
10          MR. NOMELLINI:  Right.  Well, we asked that
11  plaintiffs' counsel check on that and that they get back
12  to us on that.  This is the first time I've heard what
13  the results of this inquiry were.
14          MR. DAVIDOFF:  No, they did get back to you.
15  They said he couldn't be there before 9:00.  Somebody
16  from my team e-mailed you and said he couldn't be here
17  before 9:00.  I didn't think you wanted the whole novel
18  and history before 9:00, but we did get back to you.
19          MR. NOMELLINI:  Nobody -- the e-mail
20  correspondence will show that nobody got back and said
21  that Mr. McKay was not available at 8:00.  It was simply
22  announced that the deposition would begin at 9:00.  So
23  we were here at 8:00 this morning.
24          MR. DAVIDOFF:  Well, you were admonished in an
25  e-mail not to be here at 8:00; that you were going to be

**9/28/2005 McKay, Charles C.**

1    wasting your time.  And just so it's clear to the
2    reporters, if there is charge for attendance between
3    8:00 a.m. and 9:00 a.m., that should be on Kirkland &
4    Ellis' law firm.
5                Thank you.  Are we done?  Can we conclude the
6    record here?
7                MR. NOMELLINI:  Well, we disagree with that.
8    And we also think that we should have been informed as
9    to the results of plaintiffs' inquiry as to Mr. McKay's
10   availability, which we did not get until after the
11   deposition had concluded, and Mr. McKay indicated
12   that -- actually, plaintiffs' counsel had indicated that
13   Mr. McKay had business after the deposition.
14               MR. DAVIDOFF:  Is there anything else you want
15   to say, or can we conclude the record so I can leave the
16   deposition?
17               MR. NOMELLINI:  I'm done saying what I needed
18   to say in response to your remarks.
19               MR. DAVIDOFF:  I'm leaving the deposition.
20               (The videotaped deposition adjourned at
21               11:25 a.m.)
22
23
24
25