IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-CV-181

MERILYN COOK, WILLIAM JR. and DELORES SCHIERKOLK,
RICHARD and SALLY BARTLETT, and LORREN and GERTRUDE BABB,

   Plaintiffs,

            v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

   Defendants.

RESPONSE TO DEFENDANTS' OBJECTIONS TO
PLAINTIFFS' DESIGNATIONS OF TESTIMONY OF LORREN BABB

**A.   RESPONSES TO DEFENDANTS' OBJECTIONS**

Defendants repeatedly raise frivolous objections to plaintiffs' designations of Lorren Babb's deposition testimony.  Fortunately, the large number of objections can be dismissed by means of a small number of responses.  Plaintiffs have grouped their responses by category below.

**1.   Objection:**   Hearsay and Foundation

**Applicable Pages of Objections:**  10, 15, 17, 18, 20, 27-28, 44, 45, 64, 72, 74, 78-79, 81, 100-01, 102-03, 103-04, 104, 106:4-106:5, 106:10-106:25, 150

**Response:**   The alleged hearsay statements form the basis of the witness' knowledge, belief, or actions, and/or are needed to explain or substantiate that knowledge, belief, or action.  As such, they are not hearsay.

**2.**   **Objection:**   Hearsay

   **Applicable Pages of Objections:**  44, 49, 63, 69-70, 74, 81

   **Response:**   The designated testimony does not contain a statement by a third party, but rather is the witness' own statement of fact.

**3.**   **Objection:**   Hearsay and/or Opinion

   **Applicable Pages of Objections:**  18-19, 72, 100-101, 101-02, 102-03, 103-04, 104, 106:4-106:5, 106:10-106:25

   **Response:**   A lay witness may opine about the value of his own property.

**4.**   **Objection:**   Opinion Testimony

   **Applicable Pages of Objections:**  18-19, 62, 72, 97, 101-02, 106:4-106:5, 150

   **Response:**   The testimony is permissible lay opinion under Fed. R. Evid. 701 because it is helpful to a clear understanding of the witness' testimony and/or the determination of a fact in issue.

**5.**   **Objection:**   Not relevant to class claims

   **Applicable Pages of Objections:**  49

   **Response:**   The court has repeatedly rejected the argument that every scrap of evidence must pertain to the entire class to be admissible.  *See, e.g.* Aug. 22, 2005 Tr. at 4-5.

6. **Objection:** Relevance

   **Applicable Pages of Objections:** 50, 54

   **Response:** The cited statements are relevant to Mr. Babb's property claim and/or as background information to understand other facts or testimony.

7. **Objection:** miscellaneous

   **Applicable Pages of Objections:** 63, 69-70, 106:4-106:5, 150

   **Response:** The allegedly objectionable portion of this testimony is actually defense counsel's own question, not the testimony of the witness. Counsel's statements are not evidence, but Mr. Babb's (unobjectionable) responses are.

8. **Objection:** Relevance, prejudice, Court's ruling on Mrs. Babb's testimony on 10/21

   **Applicable Pages of Objections:** 49, 110-11

   **Response:** The experiences of the class representatives are relevant to the claims and defenses in this litigation. Mr. Babb's statements are far from the type of inflammatory or unduly emotional testimony that would qualify as prejudicial.

   Regarding Mr. Babb's emotional distress, plaintiffs are entitled to present evidence that Mr. Babb's financial injury caused by the nuisance and trespass from Rocky Flats affected his mental health. Such narrative is important so that the jury understands the severity of the problem. The jury needs to know that this case involves real human beings, and that the loss of some tens of thousands of dollars was a serious matter to them. Moreover, the designated testimony from Mr. Babb's deposition is not prejudicial. The statements are short and plain, not overly emotional. The testimony comprises only one answer by Mr. Babb.

Defendants have argued that property values in the class area eventually went up, so the class' damages were somehow erased.  Mr. Babb's testimony shows the fundamental flaw in this argument:  the class members by and large were individual homeowners who could not afford to hold on to a losing investment and blindly hope that their properties would someday be worth their true value.

Additionally, plaintiffs can find no ruling stated in the transcript of October 21, or any other day, that would affect Mr. Babb's testimony.

Plaintiffs withdraw the following designations:  page 57, page 58.

**B.      OBJECTIONS TO COUNTER-DESIGNATIONS**

The following counter-designations have no correlating basis in plaintiffs' deposition designations and are irrelevant, and should therefore be stricken:  pages 12-13, 90-91,98:19-99:12, 135, 136, 137-39, 152-156.

The following counter-designations are improper because they deal solely with the Babbs' horse business: pages 8, 13, 22, 99:17-100:1, 125, 146.

Defendants' counter-designations on pages 75, 76, 77, and 78 are improper because they are clearly meant to show constructive knowledge and thereby to support an inference about coming to the nuisance or statute of limitations, which the Court has ruled inadmissible.  *See* Sept. 13, 2005 Tr. at 5-6.  The designated testimony does not deal with market knowledge, as the questions are not addressed to what the market knew, but rather only to what Mr. Babb knew.

The following counter-designations are inadmissible hearsay:  69, 153:15-153:25, 154-55, 155-56.

Lastly, the following additional designations must be included in response to defendants' counter-designations, in order to make the transcript complete and comprehensible: pages

    46:3 - 46:8

    67:14 - 67:17

    67:24 - 68:13

Dated: October 27, 2005          Respectfully submitted

                 /s Jennifer MacNaughton
                 Merrill G. Davidoff
                 Peter Nordberg
                 Jennifer MacNaughton
                 Berger & Montague, P.C.
                 1622 Locust Street
                 Philadelphia, Pennsylvania 19103
                 (215) 785-3000

                 Gary B. Blum
                 Steven W. Kelly
                 Silver & DeBosky, P.C.
                 1801 York Street
                 Denver, Colorado 80206
                 (303) 399-3000

                 *Attorneys for Plaintiffs*
                 *and the Class*