**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

___

**DEFENDANTS' OBJECTIONS AND RENEWED MOTION
TO STRIKE PORTIONS OF LIPSKY TESTIMONY**
___

      Defendants hereby object to any testimony from Jon Lipsky on subjects where he invoked Title 28 of the Code of Federal Regulations or Criminal Rule of Procedure 6(e) and, where based on the rule and the regulations, he refused to answer questions on cross-examination related to a topic. Defendants are prejudiced in their ability to cross-examine Mr. Lipsky on these subjects due to their inability to obtain discovery or elicit complete trial testimony relating to these topics. Defendants further object that Mr. Lipsky's testimony on such subjects should be barred because they constitute hearsay, and Mr. Lipsky lacks foundation (or has refused to provide the foundation) necessary to be able to offer any basis for such testimony. Accordingly, defendants move to strike the testimony in the record relating to these subjects as discussed more fully below and seek to bar Mr. Lipsky from offering further testimony on these topics:

| CATEGORIES OF EVIDENCE ABOUT WHICH LIPSKY REFUSED TO TESTIFY | TRANSCRIPT PAGES |
|---|---|
| Information from informants | 2531-32 |
| Sources of information | 2532 |
| Whether the investigation into the 771 incinerator allegation was continuing as of November 1989 | 2915 |
| When authority to pursue investigation into the Building 771 incinerator allegation was terminated prematurely | 2915 |
| Discussions among investigative team as the basis for assertions that public statements may have misrepresented team members' views | 2943-44, 2950-51 |
| Views of the investigation team concerning the sufficiency of the criminal investigation and its conclusions as to public health risk as the basis for assertions that public statements may have misrepresented team members' views | 2942-44 |
| Views of the investigation team concerning whether the plea included the most serious environmental crimes found as the basis for assertions that public statements may have misrepresented team members' views | 2949-51 |
| Whether the investigative team failed to reach any conclusion about the merits of allegations concerning the Building 771 incinerator before the investigation came to a close | 2913 |

In support thereof, defendants state as follows:

1.      Throughout his cross-examination, Mr. Lipsky testified that various public comments offered by U.S. Attorney and lead prosecutor Michael Norton about the sufficiency of the criminal investigation into Rockwell's conduct and the conclusions of the investigation as to any public health risks "misrepresent[ed] the views of the people who are a part of the investigation team as [he] understood them at the time."  (10/27/05 Lipsky trial testimony at

2942:20-21). But Lipsky refused to provide the basis for his assertion that Norton misrepresented team members' positions, invoking Title 28 of the Federal Code and Criminal Procedure Rule 6(e) regarding grand jury secrecy:

> Q.	Did you have discussions with Mr. Norton regarding your views of the investigation prior to the time that he made this public statement?
>
> A.	A truthful response to that question is more than a one-word answer.
>
> Q.	Did he have discussions in your presence with Mr. Fimberg concerning Mr. Fimberg's views before he made this statement?
>
> A.	I'm not authorized to discuss anything pertaining to Title 28 Code Federal Regulations regarding 6(e) matters.

(*Id.* at 2943:12-20; *see also id.* at 2944:6-8, 15-17).

2.	Mr. Lipsky also testified that Mr. Norton's public statements to the effect that "the Plea Agreement . . . include[d] the most serious environmental crimes [the investigative team] found" misrepresented the views of other decision makers on the criminal investigative team. (*See* 10/27/05 Lipsky trial testimony at 2949-50). But again, when asked to provide the foundation or substantiation for those statements, Mr. Lipsky invoked Title 28 of the Code of Federal Regulation and Rule 6(e) and refused to answer. (*Id.* at 2950:5-13; *see also id.* at 2950:23-25, 2951:1-4).

3.	Similarly, Mr. Lipsky claimed his authority to pursue various allegations related to the criminal investigation of the Rocky Flats plant was revoked. However, when questioned regarding whether the investigative team had reached conclusions about the merits of allegations such as the secret use of the Building 771 incinerator during the October 1988 through February

3

1989 period when Building 771 operations were shut down before his investigative authority was revoked, Mr. Lipsky declined to answer:

> Q. Did the investigation [into use of the Building 771 incinerator during the shut down] reach a conclusion before your authority was revoked?
>
> A. My answer would be that I'm not authorized to discuss certain matters regarding Title 28 Code of Federal Regulations.

(10/27/05 Lipsky trial testimony at 2913:5-8).

   4. In fact, Mr. Lipsky refused to identify whether any investigation of Building 771 incinerator issue continued at all after November of 1989, invoking Rule 6(e) related to grand jury secrecy:

> Q. Now so this announcement is made in November of 1989, and my question to you is, was the investigation itself terminated at that time or did it continue on?
>
> A. In light of the article you just showed [me]?
>
> Q. Yes.
>
> A. The response to that question is, I'm not authorized to answer any questions regarding Title 28 Code of Federal Regulations pertaining to Rule 6(e).

(*Id.* at 2915:9-16).

   5. Defendants ask that the Court foreclose Jon Lipsky from offering testimony on subjects about which he refused to answer questions on cross-examination, including the above examples. In light of Mr. Lipsky's refusal to answer -- or the fact that he may not be at liberty to disclose certain information -- defendants are not in a position to test the credibility and accuracy of such assertions through cross examination. *Alford v. United States*, 282 U.S. 687, 691-92

4

(1931) (permissible purposes of cross examination include the ability to offer independent testimony that would allow the jury to interpret the witness's testimony "in the light reflected upon it by knowledge of his environment; and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased"); *see also United States v. Jorgenson,* 451 F.2d 516, 519 (10th Cir. 1972) ("Clearly, the right of cross examination is fundamental in our judicial system.  Indeed, we have long held a full cross-examination of the witness upon subjects of his examination in chief is the absolute right, not the mere privilege, of the party against whom such witness is called, and denial is prejudicial error.") (internal citations and quotations omitted).  Limitations which prevent cross-examination into subjects which are properly the subject of cross-examination constitute reversible error.  *Jorgenson,* 451 F.2d at 519.  Defendants are fundamentally prejudiced in their ability to explore through cross-examination the truth, accuracy, credibility, or completeness of any assertions by Mr. Lipsky that comments such as Mr. Norton's public statements misrepresented the views of other team members or whether conclusions had been reached by the investigative team at the time that any portion of the investigation may have been brought to a close.   Here, due to Mr. Lipsky's refusal or inability to provide complete testimony on the subjects outlined in this motion, the jury is not in a position to assess or weigh the credibility of the witness in these matters.  Accordingly, Mr. Lipsky's testimony on such subjects should be stricken and Mr. Lipsky should be barred from offering further testimony on these areas of inquiry.

6. In addition, in light of Mr. Lipsky's refusal (or inability) to respond to the questions outlined above, Mr. Lipsky cannot provide any substantiation, basis, or foundation for

5

his assertions that, for example, the investigative team had not reached consensus on the merits of certain allegations before the investigation into those matters ceased, or that members of the investigative team disagreed with Mr. Norton's public statements.  "[T]he proponent of any evidence . . . must establish a proper foundation for the evidence before a court may admit it." *United States v. Garcia*, 291 F.3d 127, 140 (2nd Cir. 2002) (foundational requirement goes to admissibility of evidence not merely its weight).  Mr. Lipsky is not entitled to testify about the thoughts and beliefs of others without establishing that he has personal knowledge of these beliefs.  *Id.* at 141 ("[T]here is no theoretical prohibition against allowing lay witnesses to give their opinions as to the mental states of others ***provided that the proponent of the testimony first establishes a proper foundation.***") (emphasis added) (citation and quotations omitted).  Courts consistently exclude evidence where a proponent fails to lay a proper foundation for it.  *See, e.g., Garcia-Martinez v. City and Cnty of Denver*, 392 F.3d 1187, 1195 (10th Cir. 2004) (excluding documents where no foundation for a sponsoring witness to testify regarding the documents); *Medite of New Mexico, Inc. v. NLRB*, 72 F.3d 780, 787 (10th Cir. 1995) (excluding videotape where there was an inadequate foundation of accuracy).  Here, Mr. Lipsky cannot, or at the very least has declined to, provide the necessary foundation to testify to the views of the others on the investigation team and whether any such views were at odds with Mr. Norton's public statements.  Hence, his testimony on this subject lacks foundation and should not be admitted.

   7.  Moreover, statements made by others on the investigative team outside the presence of the jury would be hearsay, and not subject to any exception to the hearsay rule, if offered for the truth of the matters asserted -- in other words, if offered to establish that persons

such as Mr. Fimberg or Mr. Smith actually held views contrary to those expressed by Mr. Norton in his public statements.  *See* Fed. R. Evid. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.");  *Sanjuan v. IBP, Inc.,* 160 F.3d 1291, 1297 (10th Cir. 1998) (admission of hearsay evidence not within any exception was substantially prejudicial to warrant a new trial).

## CONCLUSION

For the foregoing reasons, the Court should strike all trial testimony from Mr. Lipsky relating to subjects where he invoked Title 28 of the Code of Federal Regulations or Criminal Procedure Rule 6(e) and, based on the rule and the regulations, he refused to answer questions on cross-examination related to these topics; and should bar Mr. Lipsky from offering further testimony on the topics.  Defendants are prejudiced in their ability to cross-examine Mr. Lipsky on these subjects due to their inability to obtain discovery or demonstrate complete trial testimony relating to these topics.  Mr. Lipsky's testimony on such subjects should also be barred because it constitutes hearsay not within any exception, and because Mr. Lipsky lacks foundation (or has refused to provide the foundation) necessary to be able to offer any basis for such testimony.

Dated:  November 1, 2005                                      Respectfully submitted,


                                                              /s/ John E. Tangren_____
                                                              One of the Attorneys for the Defendants
                                                              David M. Bernick

Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                 /s/ Kari Knudsen_____
                                                 Kari Knudsen (legal assistant)