**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

___

**DEFENDANTS' MOTION TO SET A FIRM ORDER OF WITNESSES AND
SCHEDULE AND TO PRECLUDE CUMULATIVE TESTIMONY**
___

As the Court is now well aware, Plaintiffs have been routinely – and unnecessarily – exceeding their own time estimates for direct examinations by two- and three-fold, with the result that the trial is now so far behind schedule that any prospect of completing the trial before the December holidays is rapidly evaporating. Plaintiffs' most recent list (for the weeks of October 31 and November 7) sets forth no fewer than ***twenty-four*** additional witnesses[1] that Plaintiffs have given notice that they still intend to call either live or by deposition[2] allegedly

---

[1] The latest witness list does not encompass all persons listed on Plaintiffs' pre-trial witness list, and Defendants are unsure to what extent Plaintiffs intend to call additional witnesses beyond those identified on Plaintiffs' latest list.

[2] Some of Plaintiffs' deposition designations may take a substantial amount of time. For example, Plaintiffs originally provided lengthy proposed designations of the ***fourteen-hour***

                                                                               (Continued…)

within a nine-day period.  According to Plaintiffs' current estimates (which have hardly proved reliable in the past), these witnesses constitute ***40-50 hours*** of direct examination time.  However, if past trends are any indication, these examinations (left unchecked) will take far longer.  And timing is not the only problem.  Plaintiffs' inability to stick with their own schedule has caused them to re-order their witnesses on almost a daily basis, typically with very short notice to Defendants.  Plaintiffs' order of call, which the Court had ordered to be provided each Thursday for the following two weeks of testimony, has proven to be entirely unreliable due to these near-daily requests to take witnesses out of turn or to interrupt witness examinations due to scheduling conflicts of other witnesses.  Furthermore, Plaintiffs' latest witness list does not represent a good faith effort to streamline the remainder of the case-in-chief, as it includes several witnesses whose testimony would be cumulative of other witnesses.  Defendants therefore request the following relief from the Court:  (1) a firm order of witnesses for the remainder of Plaintiffs' case and a set time schedule for those witnesses; (2) enforcement of the time limits set forth on the schedule; and (3) preclusion of unnecessary, cumulative testimony.

---

deposition of Al Hazle, creating an unduly burdensome amount of work for Defendants to prepare objections and counter-designations.  Plaintiffs then decided to change their designations, yesterday providing a new and different version of designations for Defendants to review and consider in preparing new objections and counter-designations.

2

### I. PLAINTIFFS HAVE NOT KEPT THIS TRIAL ON TRACK, WHICH IS EXTREMELY AND UNFAIRLY PREJUDICIAL TO DEFENDANTS.

There is no question that this case has become dramatically delayed. Plaintiffs have consistently taken substantially more time for their direct examinations than estimated.[3] At bottom, Plaintiffs have failed to keep their case-in-chief on track to finish in the four weeks that Plaintiffs estimated and the Court scheduled prior to trial. Now, after 12 days of Plaintiffs' case-in-chief, only 11 witnesses – including two experts – have been called (and one of those witnesses, Jon Lipsky, is not yet finished). Twenty-three or more witnesses – including eight experts – have yet to be called.[4]

Plaintiffs' failure to conduct focused, efficient direct examinations and plan a reasonable case-in-chief is extremely and unfairly prejudicial to Defendants. There are only thirteen trial days remaining before Thanksgiving, and, at most, fourteen trial days between Thanksgiving and Christmas (if trial is held through Friday, December 23). At their current pace and assuming they call each of the witnesses they have listed on their order of call, Plaintiffs will consume most, if not all, of that time – making it impossible to finish the case in the 12-week time frame that was represented to the jury for the completion of the *entire* trial.

Furthermore, if Plaintiffs continue with their current schedule, Defendants likely would be forced to begin presenting their own case nearly three months after the start of trial, after the

---

[3] Defendants anticipate providing a chart identifying estimated and actual examination times by witness in the morning.

[4] Plus, Plaintiffs have indicated that they may seek to introduce testimony from as many as *37 additional witnesses* by deposition designation.

holiday breaks, and considerably after the point in time when the jury was told that the trial would have ended. Under these circumstances, the jury is likely to blame Defendants for keeping them past the time they committed to serve regardless of any instructions to the contrary.

Strictly-enforced time limits have become necessary at this point, and Plaintiffs have agreed to accept them. (*See* Plaintiffs' 11/01/05 Statement re Mode of Cross and Redirect and Time Limits at 1) Plaintiffs have had the opportunity to provide estimates of direct examination times for the witnesses on their current order of call, and Defendants have responded with cross examination time estimates for those witnesses. Those times should be adopted by the Court and adhered to in order to keep the trial moving forward. *See* Fed. R. Evid. 611(a) (instructing courts to "exercise reasonable control . . . so as to . . . avoid needless consumption of time"); *United States v. Jorgenson*, 451 F.2d 516, 520 (10th Cir. 1971) (affirming trial court limitations under Rule 611 on repetitious cross-examination by multiple parties, thereby "alleviating the protracted length of the trial").

## II. PLAINTIFFS' CONTINUOUS CHANGES TO THEIR ORDER OF WITNESSES HAS BEEN EXTREMELY AND PREJUDICIALLY DISRUPTIVE TO DEFENDANTS' TRIAL PREPARATIONS.

Although providing two-week schedules pursuant to Court Order, the schedules Plaintiffs have provided have proved almost meaningless. Plaintiffs have requested schedule changes to their order of call on an almost daily basis. Last week, for instance, Plaintiffs requested that the testimony of Jon Lipsky be suspended so that they could call Dr. Radke in order to accommodate Dr. Radke's schedule. Defendants agreed to accommodate the request. Plaintiffs then requested that Mr. Lipsky's testimony be suspended yet again so that they could call Dr. Budnitz in order

to accommodate Dr. Budnitz's scheduling preferences.[5]  Defendants expressed concern about the length of any delay (and that Mr. Lipsky's re-direct not turn into new testimony), but again agreed to accommodate the request.  (*See* Tr. at 2953-54 ("MR. BERNICK:  As people say I'm okay with, we're okay with the idea of Mr. Lipsky coming back if it's okay with him, at some time relatively promptly, presumably after Budnitz is done.  MR. DAVIDOFF:  Right after Budnitz.  MR. BERNICK:  That's okay."))

Instead of returning to Mr. Lipsky's direct examination as promised, Plaintiffs now insist on calling Dr. Goble over Defendants' objection, which request has apparently been granted.[6]  This reshuffling creates serious problems for Defendants.  ***First***, the jury presumably has now forgotten all matters covered on Mr. Lipsky's cross, which will facilitate Plaintiffs' treating him as if he were a fresh witness with new direct testimony well beyond the scope of the cross examination (to which Defendants will vigorously object).  ***Second***, Defendants have relied on Plaintiffs' order of call in assigning responsibility for preparation of cross examination.  The order, according to Plaintiffs' list and the parties' agreement concerning Mr. Lipsky, was Dr. Budnitz, Mr. Lipsky (re-direct), Mr. Avery, Dr. Smallwood, and ***then*** Dr. Goble.  Plaintiffs have now dropped Mr. Lipsky's re-direct and two additional witnesses out from between Drs. Budnitz

---

[5]  Plaintiffs raised new matters with Dr. Budnitz on re-direct, and Defendants' ability to respond by re-crossing Dr. Budnitz was compromised by the Court's refusal to allow any cross examination on these new subjects.

[6]  While this matter was not handled on the record, Defendants objected to the request to have Dr. Goble's testimony proceed tomorrow, and the objection was apparently denied (which Defendants learned through the courtroom deputy).

and Goble with less than a day's notice, forcing Mr. Kurtenbach to handle two lengthy expert witness examinations in a row and prepare for Dr. Goble overnight.[7]

In the light of Plaintiffs' constant witness flipping and its substantial harm to Defendants' trial preparations, Defendants have no choice but to request that the case be tried in the traditional way, with the full order for the remainder of Plaintiffs' case set forth and enforced, and specific times for the examination each witness provided and adhered to. Defendants request that the order of witnesses adopted by the Court be the order provided on Plaintiffs' list for the weeks of October 31, 2005 and November 7, 2005, and that the estimated times provided by the parties for these witnesses likewise be adopted and enforced.

## III. CUMULATIVE TESTIMONY FROM PLAINTIFFS' WITNESSES SHOULD BE BARRED.

Rather than heeding this Court's instructions to get the case moving, Plaintiffs' latest witness list contemplates the testimony of various witnesses whose testimony is cumulative of that of other witnesses. Such testimony should be excluded under Rule 403 as a waste of time and as unduly cumulative. It is well-established that trial courts have the authority, within limits, to refuse to allow cumulative or repetitive testimony. *E.g., Geders v. United States*, 425 U.S. 80, 86 (1976). Under the Federal Rules of Evidence, although relevant, evidence may be excluded if its probative value is substantially outweighed by "considerations of undue delay, waste of time,

---

[7] This is not the first time Plaintiffs have engaged in such reshuffling. Plaintiffs previously dropped Mrs. Babb from her place in the schedule, only to add her back in at the last minute, forcing Mr. Kurtenbach to prepare for her cross-examination that day during the trial proceedings. (*See* Tr. at 1980-81)

6

or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Testimony by several of the witnesses on Plaintiffs' list falls squarely within the scope of Rule 403, as such testimony would cause additional undue delay, waste the time of the jury, and be cumulative of other testimony.

*First*, Plaintiffs have designated two experts, Dr. Slovic and Dr. Flynn, to testify about the public opinion survey they co-authored.  Plaintiffs estimate 2 ½ hours of direct testimony for *each* of these witnesses.  Plaintiffs purport to have both Dr. Slovic and Dr. Flynn testify about the exact same thing:

> Dr. Flynn is an expert in public opinion survey design and administration.  He is expected to testify as to ***contingent valuation methodology and/or opinion survey; judgment; decision-making and risk assessment*** . . . .
>
> Dr. Slovic is a psychologist and risk assessment specialist.  He is expected to testify as to ***contingent valuation methodology and/or opinion survey; judgment; decision-making and risk assessment***.

(Draft Pretrial Order (Plaintiffs' witness descriptions) at 29 (emphasis added))  Only one of these witnesses should be allowed to testify.  *See Riley v. Dow Chemical Co.,* 123 F.R.D. 639, 640 (N.D. Cal. 1989) (courts' inherent power to limit number of experts at trial has long been recognized and court has authority under Rule 16 to take action for avoidance of unnecessary proof and of cumulative evidence).

*Second*, Plaintiffs have listed Karen Banister, the daughter of Richard and Sally Bartlett, to testify about her experiences living on the Bartletts' property on Alkire Street. (Draft Pretrial Order (Plaintiffs' witness descriptions) at 22 ("Ms. Bannister will testify about her experiences living in the class area on property owned by her parents, Richard and Sally Bartlett.")  Both

7

Richard and Sally Bartlett, who are named plaintiffs in this case, have already testified about their experiences living there.  Ms. Banister's testimony will be cumulative of the testimony of her parents.  Furthermore, Ms. Banister's testimony would have limited probative value in this case because she has not owned any property in the class area and is not a class member.  Ms. Banister's testimony thus should be precluded as cumulative of the Bartletts' testimony.  *See Gray v. Hoffman-La Roche, Inc.,* 82 Fed. Appx. 639, 650 (10th Cir. 2003) (trial court acted within its discretion in excluding testimony of plaintiff's daughter as a waste of time).

*Third*, Plaintiffs have listed Peter Lund and Joseph Bowman, both of whom were investors in the Alkire Investment Group.  The Alkire Investment Group consisted of a small group of investors that owned one parcel of land in the class area.  The Group made various transactions related to that land.  Both Mr. Lund and Mr. Bowman were investors with Alkire Group over the exact same time period, and neither would offer testimony different in any significant way from the testimony of the other.  (*See* Draft Pretrial Order (Plaintiffs' Witness Descriptions) at 22-23 (both are expected to testify about their  "experiences as a property owner in the class area as a partner in the Alkire Investment Group"))[8]  Plaintiffs should be limited to calling only one of these witnesses.

*Finally*, Plaintiffs have listed Karen Whalen and Gretchen Robb, two absent class members whose testimony is likely to be cumulative of each other's.  Plaintiffs state that Ms.

---

[8] In addition, Mr. Bowman's testimony would have minimal probative value, because he was a passive investor and had a poor memory concerning the Group's activities.  (*See* Bowman Dep. at 31, 43-44, 48, 71, 81-82, 99-103)

8

Whalen and Ms. Robb will each testify about "experiences as a property owner in the class area." (Draft Pretrial Order (Plaintiffs' witness descriptions) at 25). Those experiences are similar to the point that calling both would be cumulative. Both Ms. Whalen and Ms. Robb owned houses in residential developments in the class area starting in the mid-1980s (Ms. Whalen purchased her home in 1984, Ms. Robb purchased hers in 1986), purport to have had fear or anxiety related to Rocky Flats and/or the FBI raid, decided to move away after the FBI raid, and sold their respective homes for slight profits in 1990. (*See* Whalen Dep. at 7-8, 50, 53, 89-90; Robb Dep. at 11-12, 66-67, 78-80)  To avoid wasting time and offering cumulative testimony, Plaintiffs should be required to elect to call either Ms. Whalen or Ms. Robb, but not both.

For these reasons, Defendants respectfully request that this Court enter an Order (1) setting forth the order of witnesses for the remainder of Plaintiffs' case; (2) setting enforceable time limits for the testimony of each witness; and (3) barring cumulative testimony.

Dated:  November 1, 2005                    Respectfully submitted,


/s/ Stephanie A. Brennan_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie A. Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Kari Knudsen_____
              Kari Knudsen (legal assistant)