## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

## DEFENDANTS' MOTION TO BAR DR. ROBERT GOBLE FROM OFFERING UNDISCLOSED OPINIONS AND FROM RELYING UPON DOCUMENTS NOT CITED IN HIS EXPERT REPORT

---

Defendants move to bar Dr. Robert Goble from offering undisclosed expert opinions and from relying upon documents not cited in his expert report.

***First***, Dr. Goble's graphics (disclosed for the first time on November 1) reveal that plaintiffs seek to offer through Dr. Goble opinions that appear ***nowhere in Dr. Goble's expert report***, filed in November of 1996.  For example, one of Dr. Goble's graphics is entitled:  "What is new since 1996?" — when Goble's report was filed.  (*See* Ex. A, Graphic G669.)  Plaintiffs had an opportunity to file supplemental expert reports in June of 2004, but made the strategic decision not to do so.  Under the Federal Rules, plaintiffs are not allowed to present evidence of expert opinions that were disclosed for the first time ***on the day before the witness is to testify***, and about which defendants have had not opportunity to conduct discovery.  *See* Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule [] 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at

a hearing, or on a motion any witness or information not so disclosed."); *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004); *Southern States Rack & Fixtures, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) ("Of importance here, Rule 26(e)(1) requires a party to ***supplement its experts' reports and deposition testimony when the party learns of new information***.  If the party fails to do so, the court may exclude any new opinion offered by the expert.") (emphasis added).

   ***Second***, the vast majority of the documents that plaintiffs intend to use with Dr. Goble (including a number of RAC reports) were not documents that Dr. Goble cited or relied upon when he prepared his expert report in 1996.  Again, plaintiffs had the opportunity to supplement Dr. Goble's report in December 2003 to incorporate these documents, but elected not to do so. Defendants have had no opportunity to conduct discovery regarding Dr. Goble's reliance upon these undisclosed documents.  The issue is ***not*** whether these documents are ***otherwise admissible***, but instead whether ***an expert may testify*** about documents that were not disclosed in connection with his expert report.  *See In re Omeprazole Patent Litig.*, 2002 WL 287785, at *7 (S.D.N.Y. Feb 27, 2002) ("Cheminor may also rely on European application EP 124,495 (part of item 2) and items numbered 20, 21, 22, 25, 26, and 27 at trial.  Several of the documents were also disclosed in Cheminor's Factual and Legal Basis Letter sent to Astra. ***However***, since these documents were not discussed in Dr. Porter's Expert Report, he may not express previously undisclosed opinions or reliance on these documents.") (emphasis added); *see also* Federal Rule of Civil Procedure 26(a)(2)(B) ("The [expert] report shall contain . . . the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions.")

I.      **DR. GOBLE SHOULD NOT BE PERMITTED TO OFFER OPINIONS NOT CONTAINED IN HIS EXPERT REPORT.**

On November 1, 2005, plaintiffs disclosed for the first time a series of graphics that plaintiffs apparently intend to use with Dr. Goble.  These graphics include a variety of new opinions not disclosed by Dr. Goble in his November 1996 report, including the following:

- Graphic G669 (Exhibit A hereto) is entitled "What is new since 1996?"  Under that heading Dr. Goble lists the following points:

  - "An extensive clean up effort" (Ex. A.)

  - "Completion of the RAC reports on releases, exposures, doses, and risks" (Ex. A)

- Graphic G670 (Exhibit B hereto) is entitled:  "How have my findings been affected?"  Under that heading, Dr. Goble notes that his opinion regarding the impact of the 1957 fire has changed because of new RAC reports.  (Ex. B.)

Dr. Goble should not be allowed to offer these new opinions at trial.  Under Federal Rule of Civil Procedure 26(a)(2)(B), any expert who is expected to testify at trial is required to provide a report containing "a complete statement of *all* opinions to be expressed and reasons therefore" (emphasis added). Rule 26(e)(1) provides that a party must supplement its disclosures if it "learns that in some material respect the information disclosed is incomplete or incorrect." If a party fails to disclose the information required by Rules 26(a) and (e) it is not permitted to use the undisclosed evidence at trial. *See* Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule [] 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."); *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004); *Southern States Rack & Fixtures, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) ("Of importance here, Rule 26(e)(1) requires a party to *supplement its experts' reports and deposition testimony when the party learns of new information*.  If the party fails to do so, the court may exclude any new opinion offered by the expert.") (emphasis added).

3

Here, the Court ordered the plaintiffs to submit all supplemental expert reports by June 30, 2004 (Ex. C, 6/17/2004 Order), but plaintiffs chose not to file a supplemental report for Dr. Goble.  Dr. Goble's revisions to his testimony are based upon RAC reports published in 1999. Dr. Goble therefore had *five years* between the time of publication of these reports and the deadline for supplementing his expert report, yet failed to file any supplementation.  Plaintiffs had ample opportunity to inform Defendants that Dr. Goble would be revising his testimony, but failed to do so.

Plaintiffs' failure to file a supplemental report is prejudicial to Defendants.  Defendants were not informed of Dr. Goble's revised opinions until one day before he was scheduled to testify.  Defendants had no opportunity to conduct any discovery with respect to these revised opinions, and thus will be hampered in their ability to conduct meaningful cross-examination of Dr. Goble.  Consequently, Dr. Goble should not be permitted to testify to new opinions not disclosed in his expert report filed November 1996.

## II.  DR. GOBLE SHOULD NOT BE PERMITTED TO TESTIFY TO DOCUMENTS NOT CITED OR RELIED UPON IN HIS EXPERT REPORT

Plaintiffs intend to introduce a vast number of documents through Dr. Goble that Dr. Goble neither cited nor relied upon in writing his November 1996 report.  These documents include *nineteen* RAC reports that Dr. Goble did not rely upon in his report.  (The nineteen RAC reports not relied upon by Dr. Goble, but about which he apparently intends to testify, are DX-511, DX-513, DX-514, DX-515, DX-516, DX-517 DX-519, DX-520, DX-521, DX-522, DX-523, DX-524, DX-525, DX-526, DX-527, DX-529 DX-530, DX-533, and DX-534.)   Indeed, Dr. Goble could not have done so, given that most of the documents were published in 1999, three years after Dr. Goble filed his report.

Again, plaintiffs had ample opportunity to supplement Dr. Goble's report in December 2003 to incorporate these documents, but elected not to do so.  Defendants have had no opportunity to conduct discovery in regard to Dr. Goble's reliance upon these undisclosed documents.  The issue is ***not*** whether these documents are ***otherwise admissible***, but instead whether ***an expert may testify*** about documents that were not disclosed in connection with his expert report.  *See In re Omeprazole Patent Litig.*, 2002 WL 287785, at *7 (S.D.N.Y. Feb 27, 2002) (barring expert witness from offering "previously undisclosed opinions or reliance" on documents not discussed in expert report.); *see also* Federal Rule of Civil Procedure 26(a)(2)(B ("The [expert] report shall contain . . . the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions.")

Because Dr. Goble did not supplement his expert report to include the RAC reports, he should not be permitted to testify about their contents at trial.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that Dr. Goble be barred from testifying about any opinions or documents not previously disclosed in his November 1996 expert report.


Dated:  November 2, 2005                              Respectfully submitted,


                                                      /s/ John E. Tangren_____
                                                      One of the Attorneys for the Defendants
                                                      David M. Bernick
                                                      Douglas J. Kurtenbach
                                                      Ellen Therese Ahern
                                                      Mark J. Nomellini
                                                      John E. Tangren
                                                      KIRKLAND & ELLIS LLP
                                                      200 East Randolph Drive
                                                      Chicago, Illinois 60601-6636

Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on November 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                        /s/ Kari Knudsen_____
                        Kari Knudsen (legal assistant)