**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE USED BY
PLAINTIFFS ON NOVEMBER 3, 2005**
_____

Defendants hereby file their Objections to Exhibits that Plaintiffs have indicated will be used during the direct examination of K. Shawn Smallwood. Defendants' objections are divided into two categories: (1) objections made with respect to previous motions *in limine* which the Court has already denied; and (2) additional objections with respect to which the Court has not already ruled.

**I.  OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* THAT THE COURT HAS ALREADY DENIED**

Set forth below are objections to plaintiffs' exhibits based upon arguments set forth in defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

### A. Defendants' Motion *In Limine* To Exclude Evidence of Substances Other Than Plutonium to the Extent Plaintiffs Cannot Demonstrate Support for a Class-Wide Nuisance

Defendants object to the following exhibits on the ground that evidence related to substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in limine* No. 6, filed 6/16/06): P-64, P-1118, P-1127, P-1127A, P-1279, P-1282, P-1284, P-1292, P-1350.

### B. Defendants' Motion *In Limine* to Exclude Evidence Related to Employee Safety and Health

Defendants object to the following exhibits on the ground that evidence related to employee health and safety at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in limine* No. 7, filed 6/16/05): P-1127, P-1279, P-1284.

### C. Defendants' Motion *In Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs Cannot Link to Their Trespass and Nuisance Claims

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs. Mot. *in Limine*, filed 6/16/05): P-25, P-35, P-64, P-129, P-330, P-1118, P-1127, P-1127A, P-1198, P-1199, P-1200, P-1279, P-1281, P-1282, P-1283, P-1284, P-1285, P-1292, P-1293, P-1294, P-1296, P-1344, P-1345, P-1346, P-1347, P-1348, P-1349, P-1350.

### D. Defendants' Motion *In Limine* to Exclude Evidence That Does Not Apply Class-Wide

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 12, filed 6/16/05): P-25, P-35, P-64, P-129, P-330, P-1118, P-1127, P-1127A, P-1198, P-

1199, P-1200, P-1279, P-1281, P-1282, P-1283, P-1284, P-1285, P-1292, P-1293, P-1294, P-1296, P-1344, P-1345, P-1346, P-1347, P-1348, P-1349, P-1350.

## II.  ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

Defendants object generally to historical documents Plaintiffs seek to offer into evidence because Dr. Smallwood cannot lay a proper foundation for their admission. These documents are irrelevant to Dr. Smallwood's proposed testimony regarding bioturbation. Plaintiffs retained Dr. Smallwood to "evaluate the role of soil bioturbation, or soil turnover due to biological activity, as a mechanism for exposing soil contaminants to winds at Rocky Flats." (Ex. A, Smallwood Report at 1.) The historical documents Plaintiffs seek to introduce through Dr. Smallwood do not discuss bioturbation; instead, they deal with waste disposal generally. But, Dr. Smallwood is not an expert on the burial or other disposal of radioactive waste. (Ex. B, Smallwood Dep. at 76.) Dr. Smallwood lists his "Disciplines" as "wildlife, ecosystem and landscape ecology; conservation biology; sampling methods and systems analysis; agricultural ecology;" and "animal damage management." (*See* P-1206 at 1.) The documents at issue are not admissible under Federal Rule of Evidence 703 as documents upon which an expert in Dr. Smallwood's field typically relies. In addition, these documents are replete with other irrelevant evidence, such as evidence of chemicals other than plutonium, waste disposal practices at other facilities, and worker safety issues.

Furthermore, documents relied upon by an expert typically may not be disclosed to the jury under Federal Rule of Evidence 703. The only exception is when the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect. Fed. R. Evid. 703. Such evidence should not be admitted for substantive purposes. *See* McCormick on Evidence § 324.3 (2003 Pocket Part) ("[T]he proponent now has a

much more substantial burden in showing how receiving the inadmissible evidence will aid the jury in evaluating the expert's opinion, as opposed to being misused by the jury for substantive purposes.")  Defendants object to admission of documents purportedly relied upon by Dr. Smallwood because Plaintiffs cannot meet the balancing test of Rule 703 and they seek to offer documents for substantive purposes.

Defendants object to P-1198, P-1292, P-1294, P-1344, P-1345, P-1346, P-1347, P-1348, P-1349, and P-1350 because they are reliance materials not disclosed in Dr. Smallwood's 1996 expert report.  This objection incorporates by reference Defendants' Motion to Limit the Testimony of Shawn Smallwood, filed November 2, 2005.

Defendants object to P-25 because: (1) it is irrelevant and discusses practices at other facilities; (2)  Dr. Smallwood cannot provide the necessary foundation; (3) it is hearsay not subject to any exception and contains hearsay within hearsay; and (4) it is not a document typically relied on by experts in the field.

Defendants object to P-35 because: (1) Dr. Smallwood cannot provide the necessary foundation; (2) it is hearsay not subject to any exception; and (3) it is not a document typically relied on by experts in the field.

Defendants object to P-64 because: (1) Dr. Smallwood cannot provide the necessary foundation; (2) it is hearsay not subject to any exception; and (3) it is not a document typically relied on by experts in the field.

Defendants object to P-129 because: (1) Dr. Smallwood cannot provide the necessary foundation; (2) it is hearsay not subject to any exception and contains hearsay within hearsay; and (3) it is not a document typically relied on by experts in the field.

Defendants object to P-330: (1) on authenticity grounds; (2) because Dr. Smallwood cannot provide the necessary foundation; (3) because it is hearsay not subject to any exception and contains hearsay within hearsay; and (4) it is not a document typically relied on by experts in the field.

Defendants object to P-1118 because: (1) it is irrelevant and discusses substances other than plutonium; (2) on authenticity grounds because the document is a draft; (3) Dr. Smallwood cannot provide the necessary foundation; (4) it is unduly prejudicial; and (5) it is not a document typically relied on by experts in the field.

Defendants object to P-1127 because it is hearsay not subject to any exception. This document is an expert report prepared by K. Shawn Smallwood. It is well-settled law that expert reports are hearsay and are not admissible. *See Ake v. General Motors Corp.*, 942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer v. K-Mart Corp.*, 1989 WL 883318, at *5 (E.D.La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 WL 826956, at * 7 (S.D.N.Y. May 1, 2002) (same).

Defendants object to the commentary to each plate in P-1127A because: (1) it is hearsay not subject to any exception – it was prepared by Dr. Smallwood for his expert report and expert reports are not admissible into evidence (*See* Obj. to Ex. P-1127, *supra*); (2) it contains hearsay within hearsay; (3) it is irrelevant (photos reflect events transpiring after 1989); and (4) it is unduly prejudicial.

5

Defendants object to P-1198 because: (1) it is irrelevant; (2) Dr. Smallwood cannot provide the necessary foundation; (3) it is hearsay not subject to any exception; and (4) it is unduly prejudicial.

Defendants object to P-1199 because: (1) it is irrelevant – it is a Kaiser-Hill document, not a document produced by Dow or Rockwell; (2) it is hearsay not subject to any exception; (3) it is unduly prejudicial; and (4) it is not a document typically relied on by experts in the field.

Defendants object to P-1200 because: (1) it is irrelevant; (2) it is hearsay not subject to any exception; (3) it is unduly prejudicial; and (4) it is not a document typically relied on by experts in the field.

Defendants object to P-1279: (1) to the extent it mentions substances other than plutonium that are irrelevant; and (2) because Dr. Smallwood cannot provide the necessary foundation.

Defendants object to P-1281: (1) on authenticity grounds (handwriting cannot be authenticated); (2) because Dr. Smallwood cannot provide the necessary foundation; and (3) because it is hearsay not subject to any exception.

Defendants object to P-1282 because: (1) it is irrelevant (discusses "chemicals," not plutonium); (2) on authenticity grounds; (3) Dr. Smallwood cannot provide the necessary foundation; (4) it is hearsay not within any exception and contains hearsay within hearsay; (5) it is not complete; (6) it is not a document typically relied on by experts in the field; and (7) it is unduly prejudicial.

Defendants object to P-1283 because: (1) it is irrelevant (contains no mention of plutonium); (2) it is hearsay not subject to any exception and contains hearsay within hearsay;

6

(3) Dr. Smallwood cannot provide the necessary foundation; (4) it is confusing and unduly prejudicial; and (5) it is not a document typically relied on by experts in the field.

Defendants object to P-1284 because: (1) it is irrelevant (discusses substances other than plutonium and occupational exposures); (2) Dr. Smallwood cannot provide the necessary foundation; and (3) it is hearsay not subject to any exception and contains hearsay within hearsay.

Defendants object to P-1285 because: (1) it is irrelevant (discusses substances other than plutonium); (2) Dr. Smallwood cannot provide the necessary foundation; (3) it is hearsay not subject to any exception; (4) it is unduly prejudicial; and (5) it is not a document typically relied on by experts in the field.

Defendants object to P-1292 because: (1) Dr. Smallwood cannot provide the necessary foundation; (2) on authenticity grounds (handwriting cannot be authenticated); (3) it is irrelevant (discusses substances other than plutonium); and (4) it is hearsay not subject to any exception.

Defendants object to P-1293 because: (1) it is irrelevant (discusses substances other than plutonium); (2) Dr. Smallwood cannot provide the necessary foundation; and (3) it is unduly prejudicial.

Defendants object to P-1294 because: (1) it constitutes hearsay not within any exception; and (2) it is unduly prejudicial.

Defendants object to P-1296 because it is confusing and unduly prejudicial.

Defendants object to P-1344 because: (1) it is irrelevant (discusses plants other than Rocky Flats); (2) it is hearsay not within any exception; (3) it is unduly prejudicial; and (4) its probative value in assisting the jury to evaluate Dr. Smallwood's opinion does not substantially outweigh the prejudice it will cause Defendants.

Defendants object to P-1345 because: (1) it is irrelevant (discusses Hanford, not Rocky Flats); (2) it is hearsay not within any exception; (3) it is unduly prejudicial; and (4) its probative value in assisting the jury to evaluate Dr. Smallwood's opinion does not substantially outweigh the prejudice it will cause Defendants.

Defendants object to P-1346 because: (1) it is irrelevant (discusses plants other than Rocky Flats); (2) it is hearsay not within any exception; (3) it is unduly prejudicial; and (4) its probative value in assisting the jury to evaluate Dr. Smallwood's opinion does not substantially outweigh the prejudice it will cause Defendants.

Defendants object to P-1347 because: (1) it is irrelevant (article discusses population densities of pocket gophers, not bioturbation or movement of contaminants off-site); (2) it is hearsay not within any exception; and (3) its probative value in assisting the jury to evaluate Dr. Smallwood's opinion does not substantially outweigh the prejudice it will cause Defendants.

Defendants object to P-1348 because: (1) it is irrelevant (the article is not about the movement of contaminants off site); (2) it is hearsay not within any exception; and (3) its probative value in assisting the jury to evaluate Dr. Smallwood's opinion does not substantially outweigh the prejudice it will cause Defendants.

Defendants object to P-1349 because: (1) it is irrelevant (examination of how ants live underground, not bioturbation or the movement of contaminants off-site); (2) it is hearsay not within any exception; and (3) its probative value in assisting the jury to evaluate Dr. Smallwood's opinion does not substantially outweigh the prejudice it will cause Defendants.

Defendants object to P-1350: (1) on authentication grounds (Dr. Smallwood cannot authenticate handwriting on it); (2) because Dr. Smallwood cannot provide the necessary foundation; and (3) because it is unduly prejudicial.

Dated:  November 2, 2005

Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

   I hereby certify that on November 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                /s/ Adrienne Reynolds_____
                Adrienne Reynolds (legal assistant)