IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

## OPPOSITION TO DEFENDANTS' MOTION FOR ADMISSION OF EXHIBITS

**I.  GENERAL STATEMENT REGARDING GOVERNMENT REPORTS**

Plaintiffs believe that all government reports – written by the Department of Energy, the Colorado Department of Health, a congressional panel, or any other government entity – should be admissible under Federal Rule of Evidence 803(8).  However, there must be parity in the application of this rule.  The Court has entertained defendants' objections to some government reports that plaintiffs sought to offer into evidence – reports that are no more inadmissible than similar reports offered by defendants.  *See, e.g.* Nov. 3 Tr. at 3967 (regarding P-1280, a report by the Department of Energy entitled, Baseline Biological Characterization of the Terrestrial and Aquatic Habitats at The Rocky Flats Plant). Plaintiffs respectfully request that the Court simply admit all government reports, offered by either party, that meet the technical requirements of Rule 803(8).

In the alternative, if the Court declines to issue a blanket ruling that applies to all government

documents, then in fairness plaintiffs would object to the following exhibits on the basis of hearsay, impermissible expert opinion, and lack of foundation: DX0104, DX0331, 361, 368, 369, 372, 375, 376, 417, 418, 443, 444,

II.     **OBJECTIONS TO SPECIFIC EXHIBITS**

   1.   **Objection to News Article that Defendants Clearly Intend to Use for Inadmissible Hearsay Purposes**

DX0390

   2.   **Objection to Document - Hearsay and Lack of Foundation**

DX0215

   3.   **Objections to Graphics - Lack of Foundation; Hearsay; Improper Rule 1006 Summaries**

The following graphics lack foundation, contain hearsay, and constitute improper Rule 1006 summaries: DX1167, DX1170, DX1173, DX1174, DX1175.

In addition to the objections listed above, the following graphics have an additional foundation problem in that they lack any source to which the information contained in the exhibit may be attributed: 442, 1133, 1137, 1138, 1152, 1159, 1161, 1176.

   4.   **Impermissible Opinion Evidence / Expert Evidence**

The following Dow or Rockwell documents contain improper opinion evidence or expert opinion: DX0285, DX0327, DX0328, DX0350, DX0373, DX0374, DX0404.

The following documents are papers or treatises not authored by a defendant or government entity that contain improper expert opinion evidence: DX0330, DX0398, DX0507.

The following reports also contain improper opinion evidence or expert opinion. From the

face of the documents, it is not clear whether they were authored by Dow or Rockwell, a government entity, or an outside entity: DX0350, DX0371, DX0399.

### III. RAC AND CHEMRISK REPORTS (DX 0500-DX0506, DX0508-0535, DX0537-DX0540)

The RAC and ChemRisk reports should not be admitted into evidence en masse. The reports are unsponsored expert opinion; contain hearsay; and will tend to confuse the jury by their sheer volume and complexity.

The 24 volumes of RAC studies constitute a massive amount of expert evidence. By contrast, on the same subjects covered by RAC defendants have offered the considerably more wieldy expert report Dr. John Till, the principal author of the RAC study. Dr. Till was designated as an expert well after the Court's 1996 deadline for disclosure of expert testimony. Defendants previously had the opportunity to submit the RAC study as an expert opinion in this case, but declined to do so. There is sufficient grounds to strike Dr. Till and his expert report on that basis alone. But further, defendants should not be permitted to sneak in through the back door a voluminous, de facto expert report that was never offered as such, never tested under *Daubert*, and never offered through a sponsoring witness.

The same problems exist for the seven-volume ChemRisk report. Defendants could have designated the authors of the ChemRisk study as experts long ago, and yet chose not to do so. Like the RAC study, the ChemRisk study has not been subjected to *Daubert* scrutiny and arrives unescorted by any sponsoring expert witness.

As expert research, the RAC and ChemRisk studies inherently create hearsay and jury

3

confusion problems.  The authors of the studies certainly did not have first-hand knowledge of all the matters reported therein, which cover forty years of Rocky Flats' operations and a wide range of operations at the plant.  As even a cursory glance at the reports will show, the authors relied upon documents and interviews.  The statements contained in those documents and interviews are hearsay. The reports are also inadmissible under Fed. R. Evid. 403 because, as a total of 31 volumes of dense, technical, scientific reports, they will tend to confuse and mislead the jury.

                Respectfully submitted,

Dated: November 4, 2005                /s   Jennifer MacNaughton
                Merrill G. Davidoff
                Peter Nordberg
                Jennifer MacNaughton
                BERGER & MONTAGUE, P.C.
                1622 Locust Street
                Philadelphia, PA 19103
                (215) 875-3000
                fax (215) 875-4604
                jmacnaughton@bm.net

                Gary B. Blum
                Steven W. Kelly
                SILVER & DEBOSKEY, P.C.
                1801 York Street
                Denver, CO 80206
                (303) 399-3000

                *Attorneys for Plaintiffs*