**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

### DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PROVIDE A REALISTIC WITNESS LIST

---

Because plaintiffs have routinely exceeded their time estimates for direct examinations by two- and three-fold, this case has already become seriously delayed. Unfortunately, plaintiffs' most recent witness list — provided on November 4 (Ex. 1) — would result in *further, even-more-dramatic delays*. Under plaintiffs' November 4 witness list, *plaintiffs' case-in-chief* will last through *December 21* (as set forth in the chart set forth *infra*) — that is, approximately ten weeks into what jurors were originally told would be an eight-to-twelve week trial.[1] Allowing defendants an equal amount of time to present their case would result in this

---

[1] *Unfortunately, judging from their most recent witness list, plaintiffs appear to be less half way through their case-in-chief.* Plaintiffs have called 15 witnesses (including one set of deposition designations), but have at least 23 witnesses remaining (including six sets of deposition designations). Moreover, plaintiffs have spent approximately

(Continued…)

trial not ending until *late February*. This schedule will likely result in the loss of several members of the jury, when jurors are told that the case will not only last past the holidays, but eight weeks longer than the originally-represented eight-to-twelve weeks. That loss of jurors, in turn, will fundamentally alter the basis on which the jury was originally selected, violating defendants' right to due process and to a fair jury trial.

Plaintiffs' current schedule is fundamentally at odds with plaintiffs' past representations concerning the length of plaintiffs' case-in-chief. In plaintiffs' draft pre-trial order dated August 15, 2005, counsel for plaintiffs indicated that plaintiffs' case was anticipated to last "four weeks." (Ex. 2). Plaintiffs repeated that estimate in a more recent draft pre-trial order dated October 11, 2005 (after the start of trial). (Ex. 3). Even after many delays had already been encountered in this trial, plaintiffs' counsel Merrill Davidoff indicated to defendants' counsel in Court that plaintiffs anticipated concluding their case by November 17. Defendants and their counsel have relied on plaintiffs' representations concerning the trial schedule in planning their schedules and defendants' case. But it now appears that plaintiffs' case will finish not *four* but *ten* weeks from the beginning of trial.

Plaintiffs should be ordered to provide immediately a realistic witness list which results in plaintiffs' case ending by the end of this week (November 10) — that is, four and one half weeks into the case. Otherwise, unless defendants are restricted to a less-than-comparable

---

50 hours on direct and redirect examination, but (according to their latest schedule) have approximately 66.5 hours of direct and redirect remaining.

amount of time for defendants' case, there is little hope of retaining a jury that is not fundamentally and unfairly different from the jury selected by the parties.

I.   **PLAINTIFFS' LATEST SCHEDULE WOULD RESULT IN PLAINTIFFS' CASE-IN-CHIEF CONTINUING THROUGH DECEMBER 21, AND THE TRIAL CONTINUING THROUGH THE END OF FEBRUARY.**

As shown by the chart[2] on the following page, plaintiffs' November 4 witness list would result in plaintiffs' case-in-chief not being completed until December 21.  (This chart is conservative, in that it assumes that plaintiffs will complete their direct examinations within the time that they have represented.  In fact, plaintiffs' direct examinations have consistently exceeded the represented amount of time.  For example, Mr. Lipsky was projected to last 3 hours on direct, and ended up lasting 9 hours.)

---

[2] The chart on the subsequent page assumes that the amount of time spent on cross will equally the amount of time spent on direct, and that the amount of time spent on re-direct will equal one-third the amount of time spent on direct.

3

| Witness | Direct | Cross | Redirect | Total | Potential dates |
|---|---|---|---|---|---|
| Slovic | 3 h | 3 h | 1 h | 7 h | Monday, November 7, Tuesday, November 8 |
| Cassidy[3] | 2 h | 2 h | 30 m | 4 h 30 m | Tuesday, November 8 |
| Biggs | 2 h 30 m | 2 h 30 m | 45 m | 5 h 45 m | Wednesday, November 9 |
| Flynn | 3 h | 3 h | 1 h | 7 h | Thursday, November 10 & Monday, November 14 |
| Clapp | 3 h | 3 h | 1 h | 7 h | Monday November 14 & Tuesday, November 15 |
| Robb | 1 h | 1 h | 15 m | 2 h 15 m | Tuesday, November 15 |
| Hoffman | 3 h | 3 h | 1 h | 7 h | Tuesday, November 15 & Wednesday, November 16 |
| Kaufman | 2 h 30 m | 2 h 30 m | 45 m | 5 h 45 m | Thursday, November 17 |
| Cochran | 4 h | 4 h | 1 h 15 m | 9 h 15 m | Monday, November 21 & Tuesday, November 22 |
| Wing | 3 h | 3 h | 1 h | 7 h | Monday, December 5 & Tuesday, December 6 |
| Whalen | 1 h | 1 h | 15 m | 2 h 15 m | Tuesday, December 6 & Wednesday, December 7 |
| McKay | 2 h 30 m | 2 h 30 m | 45 m | 5 h 45 m | Wednesday, December 7 & Thursday, December 8 |
| Schoenbeck | 2 h 30 m | 2 h 30 m | 45 m | 5 h 45 m | Thursday, December 8 & Friday, December 9 |
| Poet[4] | ? | ? |  |  | [assume not called] |
| Lund | 1 h 30 m | 1 h 30 m | 30 m | 3 h 30 m | Monday, December 5 |
| Bowman [5] | 1 h | 1 h | 15 m | 2 h 15 m | [assume not called] |
| Till | 3 h | 3 h | 1 h | 7 h | Monday, December 12 & Tuesday, December 13 |
| Hunsperger | 6 h | 6 h | 2 h | 14 h | Tuesday, December 13, Wednesday, December 14, & Thursday, December 15 |
| Selvin | 2h30m | 2h30m | 1h15 m | 5hr 45m | Thursday, December 15 & Friday, December 16 |
| Hazle (deposition) | 1 h | 1 h |  | 1 h 15 m | Tuesday, December 20 |
| Henderson (deposition) | 1 h | 1 h |  | 1 h 15 m | Tuesday, December 20 |
| Jieree (deposition) | 1 h | 1 h |  | 1 h 15 m | Tuesday, December 20 |
| Morgan (deposition) | 1 h | 1 h |  | 1 h 15 m | Wednesday, December 21 |
| Siebert (deposition) | 1 h | 1 h |  | 1 h 15 m | Wednesday, December 21 |
| Silverman (deposition) | 1 h | 1 h |  | 1 h 15 m | Wednesday, December 21 |

---

[3] Plaintiffs have indicated they now wish to take Cassidy out of order and to interrupt Biggs.

[4] Plaintiffs have indicated that Poet may not testify due to health issues.

[5] Plaintiffs have indicated that Bowman may not be called if Lund appears first.

4

Thus, plaintiffs' most recent witness list would result in plaintiffs' case-in-chief not being completed until December 21 — ten weeks into trial. Unfortunately, plaintiffs' latest witness list indicates that they are less than half way through their case. Plaintiffs have called 15 witnesses, but have at least 23 witnesses remaining. Moreover, plaintiffs have spent approximately 50 hours on direct and redirect examination, but (according to their latest schedule) have approximately 66.5 hours of direct and redirect remaining. Under plaintiffs' latest schedule, if defendants were then allowed an equal amount of time to present their case-in-chief, the case would not be completed until late February. Under these circumstances, the jury is likely to blame defendants for keeping them past the time they committed to serve, regardless of any instructions to the contrary.

## II.   PLAINTIFFS' SCHEDULE COULD RESULT IN A LOSS OF JURORS THAT WOULD BE PREJUDICIAL TO DEFENDANTS.

As discussed above, defendants and their counsel have relied on plaintiffs' prior projections concerning the length of the case in planning their schedules and defendants' case-in-chief. Even more importantly, however, *the jury* has been told that the trial will last only 8 to 12 weeks. If the jury is now told that the trial will last until the end of February, the likely result will be the loss of several jurors. This whittling away of jurors will lead to a cross-section of jurors that is different from the cross-section that was originally selected. That is, the new cross-section of jurors will be those who are capable of serving for twenty weeks, which would be different from the originally-selected cross-section of jurors capable of serving from eight to

5

twelve weeks.  That fundamental change in the jury would violate defendants' right to due process and to a fair jury trial.

## III. PLAINTIFFS SHOULD BE ORDERED TO PROVIDE A REALISTIC WITNESS LIST.

As set forth above, plaintiffs have repeatedly represented that their case-in-chief would be completed within 4 weeks.  Accordingly, and so that this case can be timely completed with the originally-selected jury, plaintiffs should be ordered to provide a realistic witness list that results in plaintiffs' case-in-chief being completed by November 10.  Only if the Court orders such relief would it be reasonable to hope that the case might be completed with a jury that is not fundamentally different from the jury originally selected by the parties.

## CONCLUSION

For the foregoing reasons, plaintiff should be ordered to provide a realistic witness list (which results in plaintiffs' case-in-chief being completed by November 10) no later than 5 p.m. on November 7.


Dated:  November 6, 2005                         Respectfully submitted,


                                                 /s/ Stephanie A. Brennan_____
                                                 One of the Attorneys for the Defendants
                                                 David M. Bernick
                                                 Douglas J. Kurtenbach
                                                 Ellen Therese Ahern
                                                 Mark J. Nomellini
                                                 Stephanie A. Brennan
                                                 KIRKLAND & ELLIS LLP
                                                 200 East Randolph Drive

6

Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                /s/ Kari Knudsen_____
                                                Kari Knudsen (legal assistant)