IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION TO EXCLUDE EXHIBITS SOUGHT TO BE USED BY PLAINTIFFS ON NOVEMBER 7, 2005**
_____

        Defendants hereby file their Objections to Exhibits that Plaintiffs have indicated will be used during the direct examination of Drs. W. Gale Biggs and S. Paul Slovic. Defendants' objections are divided into two categories: (1) objections made with respect to previous motions *in limine* which the Court has already denied; and (2) additional objections with respect to which the Court has not already ruled.

**I.    OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* THAT THE COURT HAS ALREADY DENIED**

        Set forth below are objections to plaintiffs' exhibits based upon arguments set forth in defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

### A. Defendants' Motion *In Limine* To Exclude Evidence of the 1989 FBI Raid on Rocky Flats and Related Evidence

Defendants object to the following exhibit on the ground that evidence related to the 1989 FBI Raid is inadmissible under Rules 402 and 403 (*see* Defs. Mot. *in limine* No. 1, filed 6/16/06): P-1123.

### B. Defendants' Motion *In Limine* To Exclude Evidence of Substances Other Than Plutonium to the Extent Plaintiffs Cannot Demonstrate Support for a Class-Wide Nuisance

Defendants object to the following exhibits on the ground that evidence related to substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in limine* No. 6, filed 6/16/06): P-1330, P-1331, P-1332, P-1334, P-1343.

### C. Defendants' Motion *In Limine* to Exclude Evidence Related to Employee Safety and Health

Defendants object to the following exhibit on the ground that evidence related to employee health and safety at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in limine* No. 7, filed 6/16/05): P-1334.

### D. Defendants' Motion *In Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs Cannot Link to Their Trespass and Nuisance Claims

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs. Mot. *in Limine*, filed 6/16/05): P-1326, P-1327, P-1328, P-1329, P-1330, P-1331, P-1332, P-1334, P-1335, P-1337, P-1343.

### E. Defendants' Motion *In Limine* to Exclude Evidence That Does Not Apply Class-Wide

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine*

No. 12, filed 6/16/05): P-1326, P-1327, P-1328, P-1329, P-1330, P-1331, P-1332, P-1334, P-1335, P-1337, P-1343.

## II.   ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

### A.   Objections to Exhibits Sought to be Used by Dr. W. Gale Biggs

Defendants object to P-1328, P-1333, P-1334, P-1335, P-1336, P-1337, and P-1343 because these documents were not produced in response to the Defendants' document subpoenas issued April 22, 2004 and July 16, 2004 (Ex. A, Subpoenas issued to W. Gale Biggs).  On April 22, 2004 and July 16, 2004 Defendants issued document subpoenas to Dr. Biggs.  Defendants deposed Dr. Biggs on July 29, 2004.  (Ex. B, Biggs Dep.)  Dr. Biggs produced documents in response to this subpoena at this deposition.  (*See* Ex. B, Biggs Dep at 46, 55.)  Subsequent to this deposition, no additional requests for documents were served on Dr. Biggs.  Yet, ***during trial***, on ***November 2, 2005***, Plaintiffs produced an additional number of documents that were not produced in the original Biggs production.  Plaintiffs should not be permitted to use these documents during their examination of Dr. Biggs.

All of these documents could have been produced in response to Defendants' April 22, 2004 subpoena.  These documents were not created after the filing of the April 22 subpoena – most of the documents date from the 1980s and 1990s.  Plaintiffs have provided no excuse for their failure to produce these documents in response to Defendants' prior subpoenas served in advance of Dr. Biggs' deposition testimony.  Introduction of documents that could have been produced during discovery, but were not, results in "precisely the sort of 'trial by ambush' that the Federal Rules were designed to prevent."  *Erskine v. Consolidated Rail Corp.*, 814 F.2d 266, 272 (3rd Cir. 1987) (holding introduction of such documents was prejudicial error warranting new trial).

Defendants object to P-1326 to the extent Plaintiffs do not seek to use it as a demonstrative:  (1) because it is hearsay not within any exception; (2) on foundation grounds; and (3) because it is confusing and incomplete.

Defendants object to P-1327 to the extent Plaintiffs do not seek to use it as a demonstrative: (1) because it is hearsay not within any exception; (2) on foundation grounds; and (3) because it is confusing.

Defendants object to P-1328 because: (1) it is hearsay not within any exception; and (2) it is incomplete.

Defendants object to P-1329 because it contains hearsay within hearsay – e.g., "citizens are concerned . . . ." and no exception to hearsay within hearsay applies.

Defendants object to P-1330 because: (1) it is hearsay and contains hearsay within hearsay; (2) it is irrelevant in that it discusses chemicals other than plutonium; and (3) it is unduly prejudicial.

Defendants object to P-1331 because: (1) it is hearsay.  This document does not fall under the "public records and reports" exception of Rule 803(8) because it does not constitute "factual findings" but instead it is a document containing "recommendations."  Additionally, the document contains appendices that are hearsay within hearsay.  (2) It is irrelevant, in that it discusses chemicals other than plutonium; and (3) it is unduly prejudicial.

Defendants object to P-1332.  This exhibit is a compilation of documents.  Defendants object to Bates number 7062 because it is hearsay.  Defendants object to Bates number 7063: (1) because it is hearsay and contains hearsay within hearsay; and (2) on authentication grounds – the document is a draft and contains handwriting presumably in addition to and other than Dr. Biggs'.  Defendants object to Bates number 7064 because: (1) it is hearsay; (2) it is irrelevant;

and (3) on authentication grounds. Defendants object to Bates number 7065-7087 because: (1) it is hearsay; and (2) because it is "an incomplete draft for internal review only."

Defendants object to P-1333. This exhibit is a compilation of documents without consecutive Bates numbers. Defendants object to Bates number 7563 because it is hearsay not within any exception. Defendants object to Bates number 7788 because it is hearsay not within any exception. Defendants object to Bates number 7783-7787 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it includes handwriting that has not been authenticated; and (3) it is incomplete.

Defendants object to P-1335: (1) on foundation grounds; and (2) because it is confusing.

Defendants object to P-1336 on foundation grounds.

Defendants object to P-1337: (1) because it is hearsay; (2) on authentication grounds; and (3) because it is irrelevant.

Defendants object to P-1343: (1) because it is hearsay not within any exception; (2) because it is irrelevant in that it discusses chemicals other than plutonium ; (3) because Dr. Biggs cannot provide the necessary foundation; and (4) on authentication grounds in that it has no Bates number and is undated.

### B.     Objections to Exhibits Sought to be Used by Dr. S. Paul Slovic

Defendants object to P-1045 because it is hearsay not within any exception.

Defendants object to P-1123, P-1354, and P-1355 because they are hearsay not within any exception. These documents are expert reports prepared by Drs. S. Paul Slovic and James Flynn. It is well-settled law that expert reports are hearsay and are not admissible. *See Ake v. General Motors Corp.*, 942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer v. K-Mart Corp.*, 1989 WL 883318, at

*5 (E.D.La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 WL 826956, at * 7 (S.D.N.Y. May 1, 2002) (same).

Dated:  November 6, 2005    Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                        /s/ Adrienne Reynolds_____
                                        Adrienne Reynolds (legal assistant)