**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

___

**DEFENDANTS' MOTION IN LIMINE TO LIMIT THE TESTIMONY OF DR. W. GALE BIGGS**
___

        Plaintiffs intend to call Dr. W. Gale Biggs to testify regarding "his experiences on several committees charged with the review of Rocky Flats' environmental management" and "the work of those committees and their findings and recommendations." (Ex. A, Plaintiffs' Witness List filed September 29, 2005.) Based upon the exhibits Plaintiffs have offered (and Dr. Biggs' deposition testimony), Defendants expect that Dr. Biggs will seek to testify about matters that go well beyond his first-hand experiences on these committees, such as "the ability of high-volume samplers to capture the plutonium coming off of the Rocky Flats Plant." (Ex. B, Biggs Dep. at 52.) Indeed, it is apparent from the very first exhibit Plaintiffs intend to proffer with Dr. Biggs that Dr. Biggs will not be testifying to facts within his personal knowledge but will seek to draw opinions and conclusions based upon scientific knowledge. P-1326 is a hand-drawn diagram, apparently intended to be a demonstrative exhibit, representing Dr. Biggs' inspection of the Building 707 exhaust system. Dr. Biggs is entitled to testify that this drawing represents what he saw, but he is not permitted to testify as to any expert conclusions based upon what he saw,

including, for example, any opinions regarding deficiencies in the measuring devices due to their placements in an exhaust system. Similarly, Plaintiffs' next proffered exhibit is also intended to be a springboard for expert testimony. P-1327 is a diagram entitled "Sampling range of high volume sampler." As Dr. Biggs explained at his deposition, this diagram shows what size particles, in Dr. Biggs' opinion, are captured by the high volume sampler. (Ex. B, Biggs Dep. at 137-38.) Interpretation of this diagram requires opinion testimony outside the bounds of Rule 701.

Under Federal Rule of Evidence 701, a lay witness not testifying as an expert is not permitted to testify to opinions based upon "scientific, technical, or other specialized knowledge within the scope of Rule 702." The purpose of this requirement is to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 702 advisory committee notes. And Dr. Biggs may not testify to opinions based upon technical knowledge under Rule 702 because he was neither listed as an expert witness, never submitted an expert report. (*See* Ex. B, 9/29/2005 Def. Pretrial Submissions; Ex. D at 20-21 (list of Plaintiffs' expert witnesses).) Therefore, Dr. Biggs may testify to *facts* he personally observed, but he may not testify as to any *opinions or conclusions* requiring technical training. (*See* Ex. D, 9/22/2005 Tr. at 10 (allowing Dr. Biggs to testify because his testimony "is largely, if not entirely, factual in nature" but also noting that if Dr. Biggs were to "offer any opinion testimony" that the Court would decide "whether [his] lay opinion testimony [is] admissible under Rule 701").)

Dr. Biggs testified at his deposition, and is expected to testify at trial, to many matters that go beyond the scope of testimony to which lay witnesses are permitted to testify. For instance, Dr. Biggs may testify that:

2

- "My conclusion was that the particle sizes of plutonium coming off the Rocky Flats Plant did not fall within the sampling range of the high-volume sampler." (Ex. B, Biggs Dep. at 60.)

- "[A]ctual concentrations in the air would be greater than what was monitored by the monitors." (*Id.* at 124.)

- " I'm also concerned about the way the efficiency of the [] HEPA filters [] were calculated." (*Id.* at 130.)

- "[The high volume samplers were] doing a poor job of sampling plutonium, air-borne plutonium, coming off the Plant." (*Id*. at 52.)

Drawing conclusions about the ability of the Rocky Flats Plant air filters to monitor plutonium coming off Rocky Flats is the epitome of testimony that requires "scientific, technical, or other specialized knowledge." A lay witness would not have the training required to formulate conclusions about the "efficiency" of "HEPA filters." Consequently, Plaintiffs should not be permitted to proffer this testimony through Dr. Biggs. Otherwise, they would be admitting scientific testimony through "an expert in lay witness clothing."

Nor is Dr. Biggs qualified to discuss the health consequences of air monitoring, or to testify about such technical matters as a lay witness. Dr. Biggs is neither a health physicist nor a radiobiologist. (Ex. B, Biggs Dep. at 142-43.) Yet, Dr. Biggs is expected to testify regarding the possible health effects of the alleged inadequate air monitoring. (*See*, *e.g.*, P-1334 (Health Advisory Panel's Report to the Public).) Dr. Biggs does not have the expertise to interpret or discuss any health consequences of potentially undetected plutonium. Consequently, Dr. Biggs should not be permitted to testify regarding any possible health effects of any of Defendants' activities.

Therefore, for all of the foregoing reasons Defendants respectfully request that this Court bar Dr. Biggs from testifying to any matters that require "scientific, technical, or other specialized knowledge."

Dated:  November 6, 2005	Respectfully submitted,


/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

5

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Kari Knudsen_____
              Kari Knudsen (legal assistant)