# Exhibit D

9/22/2005 Cook v. Rockwell Hearing Transcript

1

```
1                IN THE UNITED STATES DISTRICT COURT
2                   FOR THE DISTRICT OF COLORADO
3     Civil Action No. 90-cv-00181(JLK)
4     MERILYN COOK, et al.,
5         Plaintiffs,
6     vs.
7     ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL
      COMPANY,
8
          Defendants.
9

                            _____

10
                              REPORTER'S TRANSCRIPT
11                             (Pretrial Conference)
12
                            _____

13            Proceedings before the HONORABLE JOHN L. KANE, JR.,
14    Senior Judge, United States District Court for the District of
15    Colorado, commencing at 10:22 a.m., on the 22nd day of
16    September, 2005, in Courtroom A802, United States Courthouse,
17    Denver, Colorado.
18
19
20
21
22
23
24    Proceeding Recorded by Mechanical Stenography, Transcription
           Produced via Computer by Gwen Daniel, 901 19th Street,
25        Room A259, Denver, Colorado, 80294, (303) 629-9285
```

2

9/22/2005  Cook v. Rockwell Hearing Transcript

1    testimony.  In their motion in limine No. 13 defendants move to
2    exclude testimony by plaintiffs' lay witnesses Len Ackland,
3    W. Gale Biggs and Stuart Poet.  Defendants argue with respect
4    to each of these witnesses that their anticipated testimony
5    consists of lay opinions that do not meet the requirements of
6    Federal Rule of Evidence 701 and that their testimony would
7    also be irrelevant, prejudicial and not helpful to the jury.
8             This motion is denied.  The anticipated testimony of
9    these witnesses as described by plaintiffs is largely, if not
10   entirely, factual in nature and, thus, is not subject to the
11   requirements for lay or expert opinion testimony.
12            If, however, these witnesses offer any opinion
13   testimony and an objection is made, I will decide at that time
14   whether their lay opinions are admissible under Rule 701.
15            3.  The abatement issues.
16            Plaintiffs' motion to exclude expert testimony
17   regarding the feasibility of removing plutonium from soils in
18   the class area is granted.
19            Whether it is theoretically or practically feasible to
20   abate the plutonium in class area soils is not an issue to be
21   decided in this case.  The relevant question with respect to
22   abatement of plutonium contamination in the class area is
23   instead whether abatement has actually occurred or is about to
24   occur.  That it is difficult or even impossible to remove
25   plutonium from class area soils, as suggested by defendants'