IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION FOR A LIMITING INSTRUCTION REGARDING THE TESTIMONY OF DR. S. PAUL SLOVIC**
_____

        Defendants request a limiting instruction concerning the testimony of Dr. S. Paul Slovic (attached as Exhibit A hereto), and in support thereof state as follows.

        On November 6, 2005, plaintiffs provided — for the first time — graphics that plaintiffs propose to use during the direct examination of Dr. Slovic. Those graphics show that plaintiffs intend to have Dr. Slovic testify about public fears that — in the words of this Court —"may be without scientific foundation or other support in fact." (Ex. B, Jury Instruction No. 3.28.) Examples of such graphics include: (i) a graphic including the claim that whereas "experts" perceive nuclear power to be ranked number 20 among various risks, "laypersons" perceive nuclear power to be ranked number 1 (Ex. C, P.15); and (ii) a graphic including the claim that "a high percentage (65-70%) of people believe that if a person is exposed to a chemical that can cause cancer, that person will probably get cancer some day," and that " a similarly high

percentage believe that exposure to radiation will probably lead to cancer some day,'" (Ex. D, P.76).

As set forth in the chart below, there are three "claims" in this action: (1) a claim for trespass; (2) a claim for nuisance; (3) a "partial claim" that defendants' actions were "capable of causing fear." Under this Court's rulings, evidence of normal but unscientific fears is relevant only to (3) — plaintiffs' "partial claim" that defendants' actions were "capable of causing fear." As summarized in the chart below, the jury should be instructed accordingly — namely, that evidence of normal but unscientific fears is not relevant to plaintiffs' trespass and nuisance claims, but only to plaintiffs' claim that defendants' actions were capable of causing fear. Moreover, because damages are only available for plaintiffs' trespass and nuisance claims (but damages are not available for plaintiffs' claim that defendants' actions were capable of causing fear), the jury should also be instructed that evidence of normal but unscientific fears is not relevant to plaintiffs' damages claims.

| Claim | Relevant Instruction | Slovic Testimony of Normal But Unscientific Fears Potentially Relevant? | Damages Available In This Trial? | Slovic Testimony of Normal But Unscienfic Fear Relevant to Resulting Damages? |
|---|---|---|---|---|
| Trespass | Instruction No. 3.2 | No. | Yes. | No. |
| Nuisance | Instruction No. 3.7 | No. | Yes. | No. |
| "Capable of Causing Fear, Anxiety Or Mental Discomfort" | Instruction No. 3.28 | Yes. | No. | Not applicable, because damages not available for this claim. |

2

**I.     UNDER THIS COURT'S RULINGS, EVIDENCE OF NORMAL BUT UNSCIENTIFIC FEARS IS ONLY RELEVANT TO PLAINTIFFS' "PARTIAL CLAIM" THAT DEFENDANTS' CONDUCT WAS "CAPABLE OF CAUSING FEAR."**

This Court has ruled that the issue of whether defendants' conduct is "capable of causing fear, anxiety or mental discomfort in individual class members" (Ex. B, Instruction No. 3.28) will be tried in this class action. However, the Court has also ruled that, even if the jury is to determine that defendants' conduct was "capable of causing fear," such a finding would not be sufficient for a determination of trespass or nuisance liability or damages. (Ex. E, 5/17/05 Order, at 7 ("As stated in my April 14, 2004 Order, however, whether Defendants' activities caused Class members to suffer fear or other emotional disturbance raises individual causation questions and thus *is not capable of class-wide determination*. The generic causation question of whether Defendants' activities and the conditions resulting from them were capable of causing class members to suffer fear, anxiety, or other mental or emotional discomfort is, however, common to the class and may be decided by the jury in the class trial.") (emphasis added).)

This Court's jury instructions state that evidence of "normal" but unscientific fears is relevant to this "partial" claim that defendants' conduct "created a situation that is *capable of causing* fear, anxiety or mental discomfort in individual class members." (Ex. B, Instruction No. 3.28 (emphasis added).) Specifically, the Court's Instruction No. 3.28 states: "In answering *this question* [that is, whether defendants' conduct was 'capable of causing fear,' *etc.*], you should know that Plaintiffs do not need to show that any actual or threatened future contamination from Rocky Flats poses an actual or verifiable health risk. An individual Class member's fear, anxiety or mental discomfort can also be based on concerns that may be without scientific foundation or other support in fact." (*Id.* (emphasis added).)

3

**II. EVIDENCE OF NORMAL BUT UNSCIENTIFIC FEARS IS NOT RELEVANT TO PLAINTIFFS' CLAIMS THAT DEFENDANT' CONDUCT CAUSED A NUISANCE OR TRESPASS, AND THE JURY SHOULD BE INSTRUCTED ACCORDINGLY**

On the other hand, evidence of "normal" but unscientific fears is *not* relevant to plaintiffs' trespass or nuisance claims. To prevail on their trespass claim, plaintiffs must demonstrate (among other things) intentional conduct that resulted in continuing contamination of plutonium on the class properties. (Ex. F, Instruction No. 3.2 (Trespass).) To prevail on their nuisance claim, plaintiffs must demonstrate (among other things) intentional or negligent conduct that resulted "some increment of increased health risk" to "all class members." (Ex. G, Instruction No. 3.7 (Nuisance).)

Thus, while the Court has ruled that evidence of normal but unscientific fears is relevant to plaintiffs' partial claim that defendants' activities were "capable of causing fear," such evidence is not relevant to either plaintiffs' trespass or nuisance claim. *See* Chart on page 2. Indeed, the Court's "capable of causing fear" instruction specifically states that jurors are:

> *not* to consider whether individual Plaintiffs or Class members suffered this form of interference ['fear, anxiety or mental discomfort'] in deciding whether Plaintiffs had proved their class-wide *nuisance* claim.

(Ex. B, Instruction No. 3.28 (emphasis added).) Accordingly, the jury should be instructed that it should consider Dr. Slovic's testimony regarding normal but unscientific fears *only* in determining whether defendants' conduct was "capable of causing fear." (*Id.*) The jury should also be instructed that it should *not* consider Dr. Slovic's testimony in determining whether defendants have committed a trespass or nuisance.

4

### III. EVIDENCE OF NORMAL BUT UNSCIENTIFIC FEARS ALSO IS NOT RELEVANT TO PLAINTIFFS' CLAIMS THAT DEFENDANTS' CONDUCT CAUSED NUISANCE OR TRESPASS <u>DAMAGES</u>, AND THE JURY SHOULD BE INSTRUCTED ACCORDINGLY

With respect to damages, the Court has instructed the jury that "[t]he diminution in property value that Plaintiffs may recover here is measured by the difference between the actual value of the Class Properties and the value these Properties would have had if Dow or Rockwell or both of them ***had not committed the trespass and/or nuisance*** proved by Plaintiffs." (Instruction No. 3.22 (emphasis added).)  Thus, the jury may award damages only for trespass or nuisance.  The jury may not award damages for the other "partial claim" of "interference" alleged by plaintiffs — namely that defendants' conduct was "capable of causing fear" — because this form of interference does not flow all the way through to liability, and thus cannot form a basis for damages.  (Ex. E, 5/17/05 Order at 7.)

As shown in the chart on page 2, because the jury may not consider normal but unscientific fears in determining whether defendants' conduct constitutes a trespass or nuisance, it follows that the jury may not consider such fears in determining trespass or nuisance damages in this case.  *See*, *e.g.*, *Vanderbeek v. Vernon Corp.*, 50 P.3d 866, 868 (Colo. 2002) ("damages must be proximately caused by the tortious act"); *Westric Battery Co. v. Standard Elec. Co.*, 482 F.2d 1307, 1318 (10th Cir. 1973) (it is "only the damage flowing legally from the defendant's misdeeds which counts"); *Boughton v. Cotter Corp.*, 65 F.3d 823, 831-33 & 832 n. 13 (10th Cir. 1995) (predicting that Colorado Supreme Court would rule that unfounded fears would not be recoverable as damages for trespass or nuisance under Colorado law).

Accordingly, the jury should be instructed that it should not consider any testimony by Dr. Slovic concerning "normal" but unscientific fears in determining trespass or nuisance damages.

## CONCLUSION

For the foregoing reasons, the jury should be instructed that it may consider evidence of normal but unscientific fears only for the purpose of answering the question (set forth in Instruction No. 3.28) of whether defendants' conduct was "capable of causing fear, anxiety or mental discomfort in individual Class members." (Ex. B, Instruction No. 3.28.) The jury should also be instructed that it may *not* consider evidence of normal but unscientific fears in determining whether either of the defendants have committed a trespass or nuisance, or in determining damages. A proposed instruction is attached as Exhibit A hereto.

Dated: November 6, 2005

Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone: 312-861-2000
Fax:    312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202

Phone: 303-297-2900  
Fax:   303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

8

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

    /s/ Kari Knudsen_____
    Kari Knudsen (legal assistant)