**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' REPLY TO PLAINTIFFS' NOVEMBER 4 OBJECTIONS
TO DEFENDANTS' EXHIBITS**
_____

Defendants hereby respond to plaintiffs' objections to exhibits filed on November 4, 2005. Plaintiffs' objections are frivolous and raise arguments already rejected by this Court.

**I.      RESPONSE TO OBJECTIONS REGARDING GOVERNMENT REPORTS**

As an initial matter, defendants object to plaintiffs' introductory request to admit ***all*** government reports, offered by either party, that meet the technical requirements of Rule 803(b). Defendants continue to believe that documents should be admitted on a ***case-by-case*** basis pursuant to the Federal Rules of Evidence.

### A.     DX104, DX331, DX361, DX368, DX369, DX372, DX375, DX376, DX417, DX418, DX443, DX444.

Plaintiffs' hearsay objections should be overruled, including on the ground that each of these documents is over twenty years old and within the ancient document exception to the hearsay rule.

Plaintiffs' objection that these exhibits contain improper opinion evidence or expert opinion should also be overruled.  This is an objection that this Court has rejected when made by Defendants.  (*See* Trial Tr. at 1110-1111).  Moreover, these exhibits were neither offered for nor contain any improper opinion (expert or otherwise).

Plaintiffs' lack of foundation objections to these exhibits should also be overruled.  Defendants used these exhibits for ***cross-examination*** to rebut the testimony of Dr. Budnitz.  There is no requirement that a witness be familiar with all the documents that he is shown on cross-examination in order for them to admitted as exhibits.  Indeed, some documents are shown to an expert witness to demonstrate that he is ***not*** familiar with documents with which he should be familiar.

With respect to plaintiffs' objections to specific documents, DX104 and DX331 are ancient documents that were offered to impeach Dr. Budnitz's current testimony regarding tritium.  The documents do not contain expert opinion.

DX361 is an ancient document offered to impeach Dr. Budnitz's current testimony related to the 903 pad.  The document does not contain expert opinion.

DX368 and DX369 are ancient documents that were offered to rebut Dr. Budnitz's testimony regarding Rocky Flats use of Benelex. The documents do not contain expert opinion.

DX372, DX375, DX376, DX443, and DX444 are ancient documents that are periodic appraisals of Dow's performance as a contractor. They do not contain expert opinion.

DX417 and DX418 are ancient documents that were offered to impeach Dr. Budnitz's current testimony regarding plaintiffs' exhibit PX193. The documents do not contain expert opinion.

### B. DX-390

Plaintiffs object on the ground that the news article is hearsay. However, plaintiffs themselves have submitted news report after news report, which have come in not for the truth of the matter asserted, but to demonstrate what the public knew about Rocky Flats. Defendants submit this article for the same reason and not for the truth of the matter asserted.

### C. DX-215

Plaintiffs object on the ground that the exhibit is hearsay and there is a lack of foundation. The September 10, 1973 letter falls within the ancient document exception to the hearsay rule. There is no foundation issue, in part because this document was used for cross-examination purposes.

### D. Objections to Graphics: DX1167, DX1170, DX1173, DX1174, DX1175, DX442, DX1133, DX1137, DX1138, DX1152, DX1159, DX1161, DX1176

Plaintiffs argue that DX1167, DX1170, DX1173, DX1174 and DX1175 are inadmissible for lack of foundation, as hearsay and as improper Rule 1006 summaries. In addition, plaintiffs

3

object to DX442, DX1133, DX1137, DX1138, DX1152, DX1159, DX1161, DX1176 because they lack any source for which the information may be attributed.

The source of DX1167 is the "Report on the Dow Rocky Flats Fire: Implications of Plutonium Releases to the Public Health and Safety," January 13, 1970. This has already been admitted as plaintiffs' exhibit P-533. Thus, plaintiffs' hearsay and foundation objections are improper. This summary comports with Rule 1006, and plaintiffs make no showing to the contrary.

DX1170 is a demonstrative based upon Dow's Annual Environmental Monitoring Requests for 1970–1971 and CDH Monthly Monitoring Reports. The underlying source documents are ancient documents that pose no hearsay problem. There is no foundation issue, in part because this graphic was used for cross-examination purposes. This comports with Rule 1006.

DX1173, DX1174 and DX1161 are demonstratives of the Report on Investigation of Fire Building 776-777 Rocky Flats Plant Golden, Colorado, May 11, 1969 that is already in evidence. Thus, there is no hearsay or foundational problem. These comport with Rule 1006, and plaintiffs make no showing to the contrary.

DX1175 is a graphic of a photograph taken on June 23, 1969. The source document qualifies as an ancient document. There is no foundation issue, in part because this graphic was used for cross-examination purposes. This comports with Rule 1006.

Plaintiffs' objections to DX442 and DX1133 are disingenuous. Those exhibits are charts that were crafted in court from Budnitz's testimony. There are no out-of-court statements at

4

issue; there is no improper expert opinion testimony as it is plaintiffs' own expert's testimony contained in the chart; and there is no foundation problem because everyone present in Court saw the creation of those charts.

DX1137 and DX1138 are maps created from publicly available data. There are no out of court statements at issue. Plaintiffs make no showing as to why these graphics are improper under Rule 1006. These summaries comport with that rule.

DX1152 was based on voluminous air monitoring records that recorded almost daily air samples during the time period depicted and RAC Task 4 Report: Evaluation of Historical Environmental Data. Each of these records falls within the ancient documents exception. This comports with Rule 1006.

DX1159 is a graphic of a photograph taken shortly after the 1969 fire. The source document qualifies as an ancient document. There is no foundation issue, in part because this graphic was used for cross-examination purposes. This comports with Rule 1006.

DX1176 was based on drawings and pictures that fall within the ancient document exception. Moreover, Dr. Budnitz laid foundation for it during the trial. He agreed that the wall depicted in the drawing existed and did not dispute the correctness of the graphic's depiction. (*See* Trial Tr. 11/1/05 at 3409:16–20).

### E. Objections Based on Impermissible Expert Evidence DX 285, DX 327, DX 328, DX 330, DX 350, DX 371, DX 373, DX 374, DX 398, DX 399, DX 404, and DX 507

Plaintiffs claim without further explanation that DX 285, DX 327, DX 328, DX 330, DX 350, DX 371, DX 373, DX 374, DX 398, DX 399, DX 404, and DX 507 contain improper

opinion evidence or expert opinion. That is an objection this Court has rejected when made by Defendants. (*See* Trial Tr. at 1110-1111) Moreover, these exhibits were neither offered for nor contain any improper opinion (expert or otherwise).

DX 285 is an exhibit Plaintiffs themselves listed for use with Dr. Budnitz. It has already been admitted as PX 1317.

DX 327 is an ancient document that was authored by Dr. Budnitz. It was offered to impeach Dr. Budnitz's current testimony and to show what measuring techniques were used at the time, not as opinion evidence of any kind.

DX 328 is an ancient document that was authored by Dr. Budnitz. It was offered to impeach Dr. Budnitz's current testimony and to show what the relevant governing organizations and standards were at the time, not as opinion evidence of any kind.

DX 330 is an ancient document and learned treatise that sets forth dose limit standards in the 1970s. It is offered to impeach Dr. Budnitz's testimony and to establish what the relevant standards were that contractors were following at the time, not as improper opinion.

DX 350 is an ancient document that reflects an audit inspection of Rocky Flats. It was offered to impeach Dr. Budnitz's testimony that Dow took no actions with respect to the 903 pad, as well as to demonstrate the state of mind of the contractor at the time.

DX 371, 373, & 374 are ancient documents that reflect audit inspections of Rocky Flats. They were offered to impeach Dr. Budnitz's testimony related to fire safety at Rocky Flats and to show the state of mind of the contractor at the time, not as improper opinion evidence.

DX 398 is a RAC publication by Dr. Till and others. This Court has already admitted RAC's reports (see section below).

DX 399 is an ancient document that is a health protection appraisal report of Rocky Flats. It was offered to show that the AEC inspected the 903 pad storage area during a visit to Rocky Flats, not as improper opinion evidence.

DX 404 is an ancient document offered to show Dow's efforts to clean up the 903 pad. It contains no improper opinion evidence.

DX 507 is a government document (Colorado Department of Public Health and the Environment) concerning ratios of cancer incidence in ten areas around Rocky Flats compared to other areas. It is an admissible government study containing factual findings, not improper opinion.

## II.     RESPONSE TO OBJECTIONS TO RAC AND CHEMRISK REPORTS

Plaintiffs object to defendants' exhibits DX500-506, DX508-535, DX0537-DX0540, which constitute the RAC and Chemrisk reports. The Court has already admitted the RAC and Chemrisk reports into evidence. At this point, it is only necessary for the Court to specify for the record which <u>exhibit</u> <u>numbers</u> have been admitted. (*See* Ex. A, Courtroom Minutes, 10/15/05 at 2). Thus, plaintiffs' objections are improper.

Dated:  November 6, 2005

Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

        Peter B. Nordberg, Esq.
        c/o Karen M. Markert
        Apartments at Denver Place, Apt. 2812
        1880 Arapahoe Street
        Denver, CO 80202
        pnordberg@bm.net
        kmarkert@bm.net

        Gary B. Blum, Esq.
        SILVER & DEBOSKEY
        The Smith Mansion
        1801 York Street
        Denver, Colorado 80206
        blumg@s-d.com

                                    /s/ Kari Knudsen_____
                                    Kari Knudsen (legal assistant)