IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION TO EXCLUDE EXHIBITS SOUGHT TO BE USED BY PLAINTIFFS ON NOVEMBER 7, 2005**
_____

Defendants hereby file their Objections to Exhibits that Plaintiffs have indicated will be used during the direct examination of Dr. James Flynn. Defendants' objections are divided into three categories: (1) objections made with respect to previous motions *in limine* which the Court has already denied; (2) objections made with respect to previous motions *in limine* which the Court has already granted; and (3) additional objections with respect to which the Court has not already ruled.

**I.    OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* THAT THE COURT HAS ALREADY DENIED**

Set forth below are objections to Plaintiffs' exhibits based upon arguments set forth in Defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

**A.     Defendants' Motion *In Limine* to Exclude Evidence of the 1989 FBI Raid on Rocky Flats and Related Evidence**

Defendants object to the following exhibits on the ground that evidence of the FBI Raid on Rocky Flats and related evidence is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 1, filed 6/16/05): P-661, P-1123, P-1370, P-1371, P-1372, P-1375.

**B.     Defendants' Motion *In Limine* to Exclude Evidence of the Grand Jury Investigation of Rocky Flats and Related Evidence**

Defendants object to the following exhibits on the ground that evidence of the grand jury investigation of Rocky Flats and related evidence is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 2, filed 6/16/05): P-661, P-1367.

**C.     Defendants' Motion *In Limine* to Exclude Evidence Related to Employee Safety and Health**

Defendants object to the following exhibits on the ground that evidence of employee safety and health is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 7, filed 6/16/05): P-1365, P-1368, P-1371.

**D.     Defendants' Motion *In Limine* to Exclude Evidence Related to Releases and Incidents That Occurred Wholly Within Buildings**

Defendants object to the following exhibits on the ground that evidence related to releases and incidents that occurred wholly within buildings is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 8, filed 6/16/05): P-1370, P-1371.

**E.     Defendants' Motion *In Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs' Cannot Link to Their Trespass and Nuisance Claims**

Defendants object to the following exhibits on the ground that evidence about plutonium practices and incidents that Plaintiffs cannot link to their trespass and nuisance claims is

inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 11, filed 6/16/05): P-1365, P-1368, P-1369, P-1370.

## II.    OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS IN LIMINE THAT THE COURT HAS ALREADY GRANTED

Set forth below are objections to Plaintiffs' exhibits based upon arguments set forth in Defendants' previously-granted motions *in limine*.

### A.    Defendants' Motion *In Limine* to Exclude Evidence of Other Lawsuits Against the Defendants

Defendants object to the following exhibits on the ground that evidence of other lawsuits against the Defendants is inadmissible under Federal Rules of Evidence 402 and 403 (*see* Defs.' Mot. *in Limine* No. 14, filed 6/16/05): P-1360, P-1361, P-1365.

## III.    ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

Defendants object to P-661 because (1) it is hearsay not within any exception and contains hearsay within hearsay.

Defendants object to P-1044 because it is hearsay not within any exception.

Defendants object to P-1123 and P-1355.  These documents are expert reports prepared by Drs. S. Paul Slovic and James Flynn.  It is well-settled law that expert reports are hearsay and are not admissible.  *See Ake v. General Motors Corp.*, 942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer v. K-Mart Corp.*, 1989 WL 883318, at *5 (E. D. La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 WL 826956, at * 7 (S.D.N.Y. May 1, 2002) (same).

Defendants object to P-1357 because it is hearsay not within any exception.

Defendants object to P-1358 because it is hearsay not within any exception.

Defendants object to P-1359 because it is hearsay not within any exception.

Defendants object to P-1360-71 because they constitute hearsay not "otherwise admissible" into evidence. These exhibits are media articles not being offered to show notice, but rather to prove the truth of the matter asserted – that Rocky Flats has "stigmatized" the Arvada/Westminster areas and thus reduced the areas' property values. Moreover, these articles should be excluded because they are cumulative.

Defendants object to P-1360 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; and (2) it is irrelevant; and (3) it is unduly prejudicial.

Defendants object to P-1361 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is irrelevant and would require redaction if admitted; and (3) it is unduly prejudicial.

Defendants object to P-1362 because: (1) it is hearsay not within any exception; and (2) it is unduly prejudicial.

Defendants object to P-1363 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is irrelevant and would require redaction if admitted; (3) it is incomplete; and (4) it is unduly prejudicial.

Defendants object to P-1364 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is irrelevant in that it discusses reorganization of the Department of Energy; (3) it is incomplete; and (4) it is unduly prejudicial.

Defendants object to P-1365 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is irrelevant and would require redaction if admitted; and (3) it is unduly prejudicial.

Defendants object to P-1366 because: (1) it is hearsay not within any exception; and (2) it is unduly prejudicial.

Defendants object to P-1367 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is irrelevant in that it discusses the grand jury investigation and would require redaction if admitted; and (3) it is unduly prejudicial.

Defendants object to P-1368 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is irrelevant; and (3) it is unduly prejudicial.

Defendants object to P-1369 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; and (2) it is incomplete.

Defendants object to P-1370 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; and (2) it is unduly prejudicial.

Defendants object to P-1371 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is irrelevant, in that it discusses incidents at other nuclear facilities and would require redaction if admitted; and (3) it is unduly prejudicial.

Defendants object to P-1372 because: (1) it is hearsay not within any exception; and (2) it is unduly prejudicial.

Defendants object to P-1375 because: (1) it is hearsay not within any exception and contains hearsay within hearsay.

Dated: November 7, 2005                                    Respectfully submitted,


                                                           /s/ John E. Tangren_____
                                                           One of the Attorneys for the Defendants
                                                           David M. Bernick
                                                           Douglas J. Kurtenbach
                                                           Ellen Therese Ahern
                                                           Mark J. Nomellini
                                                           John E. Tangren

KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

    /s/ Courtney Biggins_____
    Courtney Biggins (legal assistant)