MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

MERILYN COOK, et al., )
)
    Plaintiffs, )
)
v. ) Civil Action No. 90-K-181
)
ROCKWELL INTERNATIONAL CORP., )
  et al., )
)
    Defendants. )

## DECLARATION OF MELL J. ROY

I, Mell J. Roy, declare as follows:

1. I am currently the Chief Counsel, United States Department of Energy (DOE), Rocky Flats Project Office (RFPO). I am federal attorney licensed to practice law in the State of Colorado. I hold a Juris Doctor, a B.S. in Chemistry and a B.A. in Speech Communications from the University of Denver. I have served as the Rocky Flats Chief Counsel since 1996.

2. I am responsible for providing counsel and guidance to the Manager of RFPO and I serve as legal representative for RFPO's Manager. I provide authoritative legal advice to other RFPO managers, staff and other DOE officials as appropriate. My duties include exercising leadership and guidance in the conduct of legal defense or negotiations concerning legal activities, issues, and problems affecting DOE's interests.

3. This declaration is based on my personal knowledge, experience, and observation as well as on information made available to me in my official capacity, including information provided by other employees of DOE. I understand from my experience advising DOE on legal matters in the *Cook* litigation, that plaintiffs are a class of property owners who, in suing the former operators of the Rocky Flats manufacturing plant, claim a loss in property values due to alleged trespass and nuisance.

4. DOE sought advice from Richard Kaufman, a former Assistant U.S. Attorney, (and also, in some circumstances, other U.S. Department of Justice (DOJ) attorneys as well) regarding the agency's response to plaintiffs' requests for documents and its compliance with the Court's orders in the *Cook* litigation. The communications at issue involved legal advice sought by DOE officials and attorneys from Kaufman or other DOJ attorneys for the purpose of formulating the agency's compliance with its third-party discovery obligations in the lawsuit. DOE's oral and written communications with Kaufman were made in confidence. DOE expected the communications to be confidential and privileged with Kaufman, its legal counsel and representative for matters regarding compliance with the Court's orders and response to plaintiffs' requests in the Cook litigation.

5. DOE intends to preserve the restrictions established by law to protect the release of attorney-client communications. DOE does not waived the privilege and, thus, seeks to have the disclosures made to Kaufman remain confidential.

I declare under the penalties of perjury that the foregoing is true and correct to the best of my personal knowledge and information made available to me in the performance of my official duties.

Dated: 6 November 2005

Mell J. Roy
Chief Counsel
U.S. Department of Energy
Rocky Flats Project Office