**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**EXHIBIT 9**

Case No. 1:90-cv-00181-JLK   Document 1603-10   filed 11/07/05   USDC Colorado   pg 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MERILYN COOK, et al., | ) |
|     Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 90-cv-00181-JLK |
| ROCKWELL INTERNATIONAL CORP., et al., | ) ) ) ) |
|     Defendants. | ) ) |

**PROPOSED PROTECTIVE ORDER**

Upon consideration of the Statement of Interest and Motion for Protective Order filed by the United States as well as the memorandum and declarations in support therefor, and for good cause having been shown, it is

HEREBY ORDERED that the United States has established good cause for imposing measures to safeguard information that is classified and that is protected by the attorney-client privilege; and it is

FURTHER ORDERED that a classification officer shall be present in the court room during the testimony of witnesses from the Department of Energy who will be testifying about the agency's classification policies and procedures; and it is

FURTHER ORDERED that the parties shall not ask witnesses who are officials of the Department of Energy questions relating to specifics concerning the manufacturing processes at Rocky Flats, the use and amounts of special nuclear materials in weapons, design of pits or other nuclear weapons components, and the stockpile of U.S. nuclear weapons; and it is

FURTHER ORDERED that the parties shall not ask witnesses who are officials of the

Department of Energy questions relating to details regarding DOE's determination of why certain information is or is not classified.; and it is

FURTHER ORDERED that the parties shall not ask witnesses, who formerly were employed as attorneys by the Department of Justice and who, in that capacity, represented the interests of the United States and/or the Department of Energy, questions about the specific nature and content of discussions between the attorneys and Department of Energy or other government officials relating to DOE's discovery compliance efforts; and it is

FURTHER ORDERED that an attorney from the Department of Justice may be present during the testimony of the formerly employed attorneys for the sole purpose of making necessary objections based on attorney-client privilege.

SO ORDERED.

Date: _____

                                                            _____
JOHN L. KANE, JR.
Senior District Judge