# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

## DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE USED BY PLAINTIFFS ON NOVEMBER 8, 2005
_____

Defendants hereby file their Objections to Exhibits that plaintiffs have indicated will be used during the direct examination of Samuel Cassidy.

**I.  OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY DENIED.**

None.

**II.  ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED**

Defendants object to PX 1377, a promotional, laudatory web biography of Sam Cassidy, on grounds that it is hearsay and improper evidence of good character.  This is exactly the type of evidence the Court has previously excluded as improper hearsay.  (Tr. at 892 (excluding

written description about Richard Bartlett as hearsay))  Mr. Cassidy can testify about his former employment and experience.

Defendants object to PX 240 & PX 1376, enterprise zone proposal submissions, for two main reasons.  *First*, these documents are hearsay documents that are not subject to any exception (*e.g*., they are not government reports).  They also contain hearsay within hearsay.  For instance, PX 240 contains hearsay attachments including the following:  (1) a presentation made by BBC Research and Consulting (Exhibit C); (2) a list of approved annexations or final plans at Jefferson Center (Exhibit D); and (3) newspaper articles offered for the truth of the matter (Exhibit E).[1]  PX 1376 consists almost entirely of letters from individuals in support of the Jefferson County Enterprise Zone and other letters from individuals who are not trial witnesses stating those witnesses' personal views about development around Rocky Flats  (*e.g.,* Terry Ten Eyck, Frank Kelley, Justin Haynes & Co.).  These are blatant hearsay and should be excluded.  Cassidy can testify about his efforts to have the area designated as an enterprise zone without these documents coming into evidence.

*Second*, these exhibits should be excluded under Rule 403 because the unfair prejudice from these exhibits substantially outweighs their probative value.  These documents are

---

[1] For instance, PX 240 contains an article that discusses the work of Iggy Litaor, a soil scientist, who claimed that plutonium spread from Rocky Flats was "greater than originally reported." This article would clearly be offered to tell the jury about Litaor's study results, not to show market knowledge.  This article also should be excluded because it contains improper expert opinion and violates the best evidence rule (because the best evidence would be the study results themselves).

2

propaganda designed to secure an economic benefit and have minimal probative value. Moreover, they both contain prejudicial, hearsay assertions that Defendants cannot cross examine Mr. Cassidy about, which is extremely, unfairly prejudicial.  For instance, on page 63 of PX 240, the exhibit states that two major companies with large projects who were originally interested in building facilities near State Highway 93 chose to locate elsewhere because of contamination, including an R&D firm and a local manufacturer of alumina.  (PX 240 at 63) Cassidy testified in his deposition, however, that the only specific project he recalled being turned down near Rocky Flats was one involving Nike.  (Dep. at 50)  Thus, Defendants would not have the opportunity to probe the prejudicial assertions made in this document (e.g., who these companies were, what exactly they said about the decision not to invest, whether other factors were also significant, whether they ultimately moved, etc.).  PX 1376 similarly contains inflammatory, hearsay statements in letters from Terry Ten Eyck and Frank Kelly and an appraisal by Justin H. Haynes & Co.  For instance, the letter from Mr. Ten Eyck contains the following "testimony" from Ten Eyck:

> Charles, I have been active in land sales around the Rocky Flats Plant (RFP) since my first day in the real estate business in 1976. My first listing was the 1,100 acres in the northwest corner of the intersection of Highways 93 and 72.  I successfully sold two parcels of that land totaling 223 acres.  That 223 acres is two miles west of Highway 93 (i.e., not very close to the RFP).
>
> I have observed that in 21 years, no land contiguous to RFP has sold in an arms-length sale to other than governmental/utility company or intrafamily transfers (Except for land at the northeast and northwest corners of the RFP and 2 two acre tracts at the RFP West Entrence Road).

3

> It is also my observation that false negative perceptions have almost become a reality and unless some proactive governmental "sponsorship" of business location in that area is started that the future may be quite similar to the past 21 years.

Obviously, Mr. Cassidy cannot be effectively cross examined about these assertions by Ten Eyck (or the others not made by him).  The trial should not be decided based on testimony from absent witnesses who are not subject to cross examination.

In addition, PX 240 contains a reference to and copy of an article about contamination and pollution from Rocky Flats Industrial Park and whether that "pollution is moving offsite." This article will be extremely confusing to the jury (which is likely to believe it is about Rocky Flats pollution) and should be excluded under Rule 403 for that reason.

Dated: November 8, 2005                               Respectfully submitted,

                /s/ Stephanie A. Brennan_____
                One of the Attorneys for the Defendants
                David M. Bernick
                Douglas J. Kurtenbach
                Ellen Therese Ahern
                Mark J. Nomellini
                Stephanie A. Brennan
                KIRKLAND & ELLIS LLP
                200 East Randolph Drive
                Chicago, Illinois 60601-6636
                Phone:  312-861-2000
                Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Kari Knudsen_____
              Kari Knudsen (legal assistant)