IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

### MOTION TO ADMIT DOCUMENTS AND PRESENT THEM DIRECTLY TO THE JURY

Plaintiffs respectfully move the Court to admit certain documents listed in Appendix A and to permit counsel to read the relevant portions of the document into the record in lieu of presenting the document via a live witness. Such a procedure would greatly streamline the presentation of these documents.

Allowing counsel to read the relevant portions of certain exhibits to the jury is an accepted procedure. *Worden v. Tri-State Ins. Co.,* 347 F.2d 336, 342 (10th Cir. 1965) ("Thus, the trial judge merely testified before the jury as to what an exhibit in the case said, and this same extract from the exhibit in the case could just as well have been read to the jury by any attorney desiring to bring this facet of the evidence to the attention of the jury."). *See also* Sydney C. Schweitzer, *Cyclopedia of Trial Practice* § 205, at 545 (1970) ("There are various methods by which a document or paper may be placed in evidence after proper identification. Counsel may read the document aloud to the jury,

or he may request that the jury be allowed to examine [it].").

Reading a document to the jury, rather than calling an otherwise unnecessary witness to present the document, will highlight the importance of the exhibit and expedite the trial process. *See Demonstration of Pre-trial Procedure in an Antitrust Case Involving Patent Issues*, Honorable Alexander Holtzoff 13 F.R.D. 207, 222, 223 (Sept. 16, 1952 ) ("However, if the case is tried by a jury, I think in reading documents to the jury I shall ask counsel to eliminate any formal or irrelevant matters and read only those portions of any document on which counsel actually relies. I think in this manner we can make much more rapid progress than we otherwise might.").

Nothing in the Federal Rules of Evidence suggests that a witness is needed to admit a document into evidence. In fact, the Rules specifically give the Court discretion to decide the admissibility of evidence, including the discretion to hold hearings away from the jury to determine admissibility. *See* Fed. R. Evid. 104(a). It is well within the Court's discretion to direct how counsel will present evidence to the jury. *See United States v. Zimmerman*, 943 F.2d 1204, 1211 (10th Cir. 1991) (noting evidentiary rulings are at discretion of trial court and only reviewed for an abuse of that discretion); *State Office Systems, Inc. v. Olivetti Corp. of America,* 762 F.2d 843, 846 (10th Cir. 1985) ("It is within the discretion of the trial court; to determine whether there is enough evidence to support the exhibit to justify letting it go to the jury.")

This case involves nearly 50 years' worth of documents. Presenting every document through live witnesses would be unduly cumbersome. In many cases, the most knowledgeable witnesses may have long forgotten the circumstances behind the documents, if the witnesses are even still alive and in good health. Fortunately, many of these documents do not require any additional clarification by

a live witness. Counsel can quickly and easily point out the relevant sections of the document. Such a procedure would quickly dispose of a number of relevant documents at once.[1]

The documents on the attached Appendix A are all comprehensible to the average juror and their contents speak for themselves. These documents are all authentic records. Most of them were produced by defendants, DOE, or other government entities, and most are deemed authentic by the ancient document rule, Fed. R. Evid. 901(b)(8). A small number of the documents are newspaper articles that are self-authenticating under Federal Rule of Evidence 902(6). They are all admissible as either statements of a party-opponent under Federal Rule of Evidence 801(d)(2), business records under Rule 803(6), government records under Rule 803(8), or for their non-hearsay purpose.

For all of the foregoing reasons, plaintiffs respectfully request that the Court permit plaintiffs to present the documents listed in Appendix A to the jury, without a witness.

Respectfully submitted,

Dated: November 8, 2005

　　　/s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
jmacnaughton@bm.net

---

[1] Judge Nielsen used a similar procedure in the *Hanford* litigation.

Gary B. Blum  
Steven W. Kelly  
SILVER & DEBOSKEY, P.C.  
1801 York Street  
Denver, CO 80206  
(303) 399-3000  

*Attorneys for Plaintiffs*

4