IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-CV-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' MOTION TO ADMIT EXHIBIT P-1279**

Plaintiffs have offered into evidence Exhibit P-1279, the "Historical Release Report for the Rocky Flats Plant," dated June 1992.[1] This is an official report by the United States Department of Energy concerning releases of plutonium and other hazardous substances at Rocky Flats, and therefore admissible pursuant to, *inter alia*, Fed. R. Evid. 803(8).

The "Executive Summary" explains the purpose of the document - and demonstrates why Rule 803(8) applies:

> This document presents the Historical Release Report (HRR) for the U.S. Department of Energy's Rocky Flats Plant (RFP). The HRR is a requirement of the Interagency Agreement (IAG) between the U.S. Environmental Protection Agency, the Colorado Department of Health, and the U.S. Department of Energy.
>
> The purpose of the HRR is to provide information on existing and potentially new Individual Hazardous Substance Sites (IHSSs) at RFP. The scope of the HRR is

---

[1] This exhibit is already on file with the Court.

> derived from the IAG, which stipulates that the HRR will provide "...a complete listing of all spills, releases and/or incidents involving hazardous substances occurring since the inception of the Rocky Flats Plant...."

*See* P-1279 at ES-1 (excerpt attached as Exh. 1).

Rule 803(8) provides for a hearsay exception for:

> **Public records and reports**. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report[.]

Exhibit P-1279 – a report of a public agency, DOE, setting forth its activities and findings pursuant to its duty under an agreement with two other public agencies (EPA and CDH) – plainly qualifies under 803(8). Defendants have not contended otherwise.

The document is highly probative of the past and current risk posed by Rocky Flats – and of the conduct of defendants Dow and Rockwell. The exhibit recounts in great detail the history of burials, spills, leaks, accidents and releases of plutonium and other hazardous substances at Rocky Flats. Dr. Shawn Smallwood testified that he reviewed and relied upon Exh. P-1279. *See* Tr. at, e.g., 3943-3966.

As Dr. Smallwood has testified, hazardous substances buried and spilled in the soil at Rocky Flats, including plutonium, have been and will continue to be brought to the surface by the actions of burrowing animals and insects, where they are susceptible to being blown off-site.

Given its highly probative nature, the issues appears to be not *whether* P-1279 is admissible, but whether it was appropriate to admit it in the context of testimony by Plaintiffs' expert witness, Dr. Smallwood, who testified that he relied on the document in forming his

expert opinion in this case.

We do not believe there is any impediment to admission of P-1279 in the context of the testimony of Dr. Smallwood.  No rule of evidence prohibits it.  Indeed, documents may be admitted without being accompanied by *any* testimony.  *See* Plaintiffs' separate Motion to Admit Documents and Present them Directly to the Jury, filed Nov. 8, 2005.

Allowing counsel to read the relevant portions of certain exhibits to the jury is an accepted procedure.  *Worden v. Tri-State Ins. Co.,* 347 F.2d 336, 342 (10th Cir. 1965) ("Thus, the trial judge merely testified before the jury as to what an exhibit in the case said, and this same extract from the exhibit in the case could just as well have been read to the jury by any attorney desiring to bring this facet of the evidence to the attention of the jury.").  *See also* Sydney C. Schweitzer, *Cyclopedia of Trial Practice* § 205, at 545 (1970) ("There are various methods by which a document or paper may be placed in evidence after proper identification. Counsel may read the document aloud to the jury, or he may request that the jury be allowed to examine [it].").

Nothing in the Federal Rules of Evidence suggests that a witness is needed to admit a document into evidence.  In fact, the Rules specifically give the Court discretion to decide the admissibility of evidence, including the discretion to hold hearings away from the jury to determine admissibility.  *See* Fed. R. Evid. 104(a).  It is well within the Court's discretion to direct how counsel will present evidence to the jury.  *See United States v. Zimmerman*, 943 F.2d 1204, 1211 (10th Cir. 1991) (noting evidentiary rulings are at discretion of trial court and only reviewed for an abuse of that discretion); *State Office Systems, Inc. v. Olivetti Corp. of America,* 762 F.2d 843, 846 (10th Cir.  1985) ("It is within the discretion of the trial court; to determine

whether there is enough evidence to support the exhibit to justify letting it go to the jury.")

Exhibit P-1279 is among the documents identified in the Appendix to Plaintiffs' Motion to Admit Documents and Present Them Directly to the Jury. We write separately concerning P-1279 because it was already the subject of discussion during the testimony of Dr. Smallwood; and because of the importance of the document.

In conclusion, Plaintiffs respectfully move for the admission of Exhibit P-1279 into evidence.

Respectfully submitted,

Dated: November 8, 2005

/s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
jmacnaughton@bm.net

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*