IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION TO EXCLUDE EXHIBITS SOUGHT TO BE USED BY PLAINTIFFS ON NOVEMBER 9, 2005**
_____

Defendants hereby file their Objections to Exhibits that Plaintiffs have indicated will be used during the direct examination of Dr. Richard Clapp and Gretchen Robb. Defendants' objections are divided into two categories: (1) objections made with respect to previous motions *in limine* which the Court has already denied; and (2) additional objections with respect to which the Court has not already ruled.

**I.   OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* THAT THE COURT HAS ALREADY DENIED**

Set forth below are objections to Plaintiffs' exhibits based upon arguments set forth in Defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

A. **Defendants' Motion *In Limine* To Exclude Evidence of Substances Other Than Plutonium to the Extent Plaintiffs Cannot Demonstrate Support for a Class-Wide Nuisance**

Defendants object to the following exhibit on the ground that evidence related to substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 6, filed 6/16/06): P-1373, P-1380.

B. **Defendants' Motion *In Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs Cannot Link to Their Trespass and Nuisance Claims**

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs. Mot. *in Limine* No. 11, filed 6/16/05): P-1373, P-1374, P-1380.

C. **Defendants' Motion *In Limine* to Exclude Evidence That Does Not Apply Class-Wide**

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 12, filed 6/16/05): P-1373, P-1374, P-1380.

II. **ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED**

A. **Objections To Exhibits Sought To Be Used By Dr. Richard Clapp**

Defendants object to P-1119 because it is hearsay not within any exception. This document is an expert report prepared by Dr. Richard Clapp. As this Court has recognized, it is well-settled law that expert reports are hearsay and are not admissible. (*See* 11/7/2005 Trial Tr. at 4347 ("my view [is] that expert reports are not admissible, *per se*").) *See also Ake v. General Motors Corp.*, 942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer v. K-Mart Corp.*, 1989 WL 883318, at *5

(E.D.La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 WL 826956, at * 7 (S.D.N.Y. May 1, 2002) (same).

Defendants object to P-1204 because it is hearsay not within any exception.

Defendants object to P-1356 because it is hearsay not within any exception and contains hearsay within hearsay. This document is an affidavit of Dr. Richard Clapp. Like expert reports, affidavits are out-of-court statements offered to prove of the matter asserted therein and are inadmissible into evidence. *See Cornelius v. Hondo Inc*, 843 F.Supp. 1243, 1246 (N.D. Ill. 1994) (holding affidavit offered to prove truth of matters asserted therein was hearsay). Thus, P-1356 is similarly inadmissible on all that grounds that P-1119 is inadmissible.

Defendants object to P-1373, P-1374, and P-1380 because these documents are expert reliance materials that typically may not be disclosed to the jury under Federal Rule of Evidence 703. The only exception is when the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect. Fed. R. Evid. 703. Such evidence should not be admitted for substantive purposes. *See* McCormick on Evidence § 324.3 (2003 Pocket Part) ("[T]he proponent now has a much more substantial burden in showing how receiving the inadmissible evidence will aid the jury in evaluating the expert's opinion, as opposed to being misused by the jury for substantive purposes.") Defendants object to the admission of documents purportedly relied upon by Dr. Clapp because Plaintiffs cannot meet the balancing test of Rule 703 and they seek to offer documents for substantive purposes.

Defendants object to P-1373 because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is irrelevant in that it discusses chemicals other than plutonium and if admitted would require redaction; (3) it is unreliable because it was created for

3

litigation (*See* P-1373 cover page (noting that its research was funded by the *Church* litigants); and (4) it is unduly prejudicial.

Defendants object to P-1374: (1) because it is hearsay not within any exception; (2) on authentication grounds because the document is undated; and (3) because it is unduly prejudicial.

Defendants object to P-1380 because it is a new article not previously disclosed as a reliance material in Dr. Clapp's expert report. Under Federal Rule of Civil Procedure 26(a)(2)(B), any expert who is expected to testify at trial is required to provide a report containing "a complete statement of *all* opinions to be expressed and reasons therefore" (emphasis added). Rule 26(e)(1) provides that a party must supplement its disclosures if it "learns that in some material respect the information disclosed is incomplete or incorrect."  If a party fails to disclose the information required by Rules 26(a) and (e) it is not permitted to use the undisclosed evidence at trial. *See* Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule [] 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."); *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004); *Southern States Rack & Fixtures, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) ("Of importance here, Rule 26(e)(1) requires a party to ***supplement its experts' reports and deposition testimony when the party learns of new information***.  If the party fails to do so, the court may exclude any new opinion offered by the expert.") (emphasis added).

This Court has rejected previous attempts by Plaintiffs' expert witnesses to modify their testimony based upon new opinions and documents not previously disclosed in expert reports or supplements.  As this Court recognized when it limited the testimony of Drs. Goble and Smallwood, it is a "fundamental jurisprudence" that:

4

> an expert witness is limited to testifying to matters contained in the report, unless a supplement was timely filed, and then he's limited, or she, to testified to the matters contained in the report and the supplement, or supplements, but cannot go into new matters or to further investigation following that.

(11/03/2005 Trial Tr. at 3847-48.)  Therefore, because P-1380 is an article published in 2004, for which Plaintiffs never made a supplemental disclosure under Rule 26(e)(1), Dr. Clapp should not be permitted to testify about it, nor should it be offered into evidence.

Additionally, P-1380 should be excluded because: (1) it is hearsay not within any exception and contains hearsay within hearsay; and (2) it is irrelevant.  P-1380 is an article entitled "Environment and Health: Vital Intersection or Contested Territory" by Richard W. Clapp & David Ozonoff.  This article does not discuss any health effects of plutonium caused by exposures to it.  Instead, the article discusses "how epidemiologists draw scientific inferences about causation and contrast this with post-*Daubert* tort practices."  (P-1380 at 190-91.)  The article is an attempt to show how scientists can assemble evidence "from a variety of sources" in order to have their theories admitted under *Daubert*.  (P-1380 at 213.)  However, it is the Court, not the jury, that makes the decision whether to admit evidence under *Daubert*.  Moreover, generic information about how epidemiologists gather evidence to prove their cases has nothing to do with whether Defendants committed a class-wide trespass or nuisance. Consequently, this article is completely irrelevant to any of the facts at issue in this jury trial, is irrelevant, and must be excluded.

**B.     Objection To Exhibit Sought To Be Used By Gretchen Robb**

Defendants object to G-796 because Ms. Robb cannot provide the required foundation.

Dated:  November 8, 2005                             Respectfully submitted,


                                                                 /s/ John E. Tangren_____
                                                                 One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Kari Knudsen_____
Kari Knudsen (legal assistant)