**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' RESPONSE TO
"UNITED STATES' STATEMENT OF INTEREST
AND MOTION FOR PROTECTIVE ORDER"**
_____

Plaintiffs respectfully submit this memorandum in opposition to the "United States' Statement of Interest and Motion for Protective Order" (filed Nov. 7, 2005) [Ct. Rec. 1603].

### A. Scope of Relief Sought (and Not Sought)

First, plaintiffs wish to raise a preliminary issue about the scope of DOE's motion and this response. DOE devotes most of its brief to arguing that considerations of national security legitimately prevented it from declassifying certain information previously sought by plaintiffs in discovery. None of that argument is relevant, however, to any relief that DOE's motion actually requests. In particular, DOE does not seek reconsideration of the Court's contempt decision, nor does DOE ask the Court to revisit any of its previous substantive legal rulings, or to issue any new ones. Plaintiffs will not respond here to DOE's thirteenth-hour efforts to defend the agency's prior

conduct. This response addresses only the relief specifically requested in DOE's motion – i.e., DOE's request to participate in the trial, as though a party, for the purpose of raising objections to testimony from certain witnesses.

### B. Applicable Legal Authorities

As DOE acknowledges, it is not a party to this proceedings. Nor has it sought to become a party by way of intervention. As a basis for nevertheless seeking to involve itself in this trial as a nonparty, DOE cites 28 U.S.C. § 517, which provides:

> The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

Section 517, however, does not itself invest the United States Department of Energy with any legally cognizable substantive rights, nor with any general or unconditional prerogative to appear in private civil actions. It is a housekeeping statute, and merely provides that where the United States does have a cognizable interest in pending litigation, the Attorney General may send any officer of the Department of Justice to assert it, in conformity with the governing substantive law and procedural rules. *See United States v. Solomon*, 563 F.2d 1121, 1124 (4th Cir. 1977). As Nevada's Supreme Court has observed:

> It is obvious that the Congress of the United States, by such authorization of the attorney general, did not intend to invest him with unlimited authority to attend to the interests of the United States in pending suits in any manner, or at any time, or at any stage of the proceedings, in such courts as he might see fit, but contemplated and intended, of course, that *such authority should be exercised in obedience to, and in conformity with, the laws and rules of procedure applicable to, and governing, the particular courts in which such suits were pending*.

*Stephens v. First Nat'l Bank*, 64 Nev. 292, 297, 182 P.2d 146, 148 (1947) (emphasis added).

Nor does DOE cite any other authority that would bestow on its counsel (or its classification officers) any entitlement to participate in this trial as nonparties in the fashion that DOE proposes. In particular, the Tenth Circuit's decision in *Ridenour v. Kaiser Hill*, 397 F.3d 925 (10th Cir.), *cert. denied*, 126 Sup. Ct. 341 (2005), is not such an authority. It holds only that in a *qui tam* suit prosecuted on the government's own behalf, the government may exercise its express statutory prerogative to move for dismissal (*see* 31 U.S.C. § 3730(c)(2)(A)) so long as the government's reasons bear some rational relation to a legitimate governmental purpose. *Id.* at 934-36.

### C.  The Practicalities

In addition to DOE's failure to cite any apposite authority in support of its proposed relief, the relief is affirmatively unnecessary. As DOE already knows from its recent classification review of plaintiffs' trial exhibits, plaintiffs are not in possession of any classified evidence and will offer none at trial. Certainly plaintiffs intend to elicit no testimony, from Mr. Hoffman or any other witness, that would disclose the design attributes of nuclear weaponry (or any other sensitive military secret). Mr. Hoffman, for his part, has served as a classification officer (employed successively by Dow, Rockwell, EG&G, and DOE) over a period spanning decades. So far as plaintiffs are aware, his vigilance has never flagged in deflecting inquiries that might inadvertently reveal sensitive information. Similarly, Mr. Kaufman is a practicing attorney, who presumably knows how to assert attorney-client privilege, when a proper basis exists to assert it.

Plaintiffs have no objection to the solution that the Court has proposed. We live in a free society with open courtrooms. Nobody has sought to bar DOJ attorneys or DOE classification officers from the proceedings. If a witness legitimately requires the assistance of counsel while on the stand, for the limited purpose of determining whether to assert some privilege, provision can

*Plaintiffs' Response to DOE's Motion for "Protective Order" – Page 3*

be made for the witness to secure it upon announcing his need therefor.  (It would have been helpful, no doubt, had DOJ afforded the same opportunity to Mr. Lipsky.)  That solution, subject to the Court's standing order otherwise limiting consultation with counsel during witnesses' cross-examination, is amply sufficient to protect DOE's interest in preserving legitimately confidential information.

Plaintiffs do object, however, to the additional relief sought in DOE's proposed order, primarily because the proposed order is wildly overbroad in the scope of the questioning it would bar.  Not all communications between Mr. Kaufman and DOE, for example, will necessarily have been privileged.  That depends fundamentally on the purpose of the communications and the identities of the participants.  It also depends on the absence of waiver.  DOE's unsupported and self-serving assertion that all such communications were privileged, and that the privilege was never waived for any communication at any time, is not enough.

The proposed order's overbreadth is just as manifest, if not more so, on the subject of classified material.  Plaintiffs obviously have no intention of asking Mr. Hoffman any questions about how to manufacture nuclear weapons, or about the nation's nuclear stockpile.  *See* DOE's Proposed Order at 1.  Any pretended concern by DOE on this point is baseless, disingenuous, and contrived.  However, a prohibition of all questioning relating to "amounts" of nuclear material at the site, for example, would  plainly be overbroad, if construed to bar all questions relating to "material unaccounted for" or "MUF" – an interpretation for which DOE (or defendants, once the baton is passed to them) might later be expected to contend.

Nor will any and all questions about "the details regarding DOE's determination of why certain information is or is not classified" necessarily implicate classified information or national

*Plaintiffs' Response to DOE's Motion for "Protective Order" – Page 4*

security issues. *See* DOE's Proposed Order at 2. What such questioning *may* involve is potential embarrassment to DOE, should it emerge (as plaintiffs believe it well may) that in refusing to declassify information about MUF, DOE commonly gave no actual consideration to whether the specific information's disclosure would compromise national security. But potential DOE embarrassment is not a legitimate basis for exercise of the classification power.

Finally, plaintiffs object to DOE's proposal that DOE personnel give witnesses a "nonverbal sign" to signal that the witness should refuse to answer the question. *See* DOE's Memorandum at 18 n.7. Any procedure adopted to protect against disclosure of classified information should permit the maintenance of a full and clear record – including the identities of the persons or entities asserting classification on each relevant occasion.

### D.  Conclusion

That DOE has submitted so voluminous a filing, in pursuit of such ostensibly modest relief, is an indication that DOE may also have other, unstated objectives in view. We have confined this response to the relief expressly requested in DOE's motion. Witnesses should perhaps be permitted to consult with counsel, if and when they state the need for such consultation as the occasion legitimately arises. In all other respects, DOE's motion should be denied. DOE is not a party, and DOE should not be permitted to participate as though a party, unless and until it moves to intervene – a motion plaintiffs will address at the appropriate time, should it be filed.

| | |
|---|---|
| Dated: November 9, 2005 | s/ Peter Nordberg<br>Merrill G. Davidoff<br>Peter Nordberg<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-3000<br><br>Attorneys for Plaintiffs<br>And the Class |