**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

---

**DEFENDANTS' MOTION IN LIMINE TO LIMIT THE TESTIMONY OF GRETCHEN ROBB**

---

      Defendants hereby move to exclude three aspects of Gretchen Robb's testimony: (1) testimony about the impact of Rocky Flats on her marriage; (2) testimony about alleged emotional distress caused by proximity to Rocky Flats; and (3) testimony about unidentified media stories.

**I.    TESTIMONY ABOUT THE IMPACT OF ROCKY FLATS ON MS. ROBB'S MARRIAGE IS NOT PROBATIVE OF WHETHER DEFENDANTS COMMITTED A TRESPASS OR NUISANCE AND IS NOT CLASS-WIDE.**

      Based upon her deposition, Defendants expect that Ms. Robb may testify about the impact of Rocky Flats on her marriage (Ms. Robb became separated from her husband in 1990). (Ex. A, Robb Dep. at 25.)  Testimony about the impact of Rocky Flats on marriages is not class-wide, nor is it probative of nuisance or trespass.  Not all class members are married, and not all married class members claim marital problems attributable to Rocky Flats.  Such testimony presents numerous, insurmountable individual causation questions because marital problems can have any number of causes, and testimony about them would create an irrelevant sideshow.

## II.   TESTIMONY ABOUT MS. ROBB'S INDIVIDUAL EMOTIONAL DISTRESS IS INADMISSIBLE.

Based on her deposition, Defendants also expect that Ms. Robb may offer testimony about her personal emotional distress.  Evidence of Ms. Robb's emotional distress generally is not admissible.  This Court has instructed the jury that it "should not consider whether individual Plaintiffs or Class members are or might be fearful anxious, or otherwise disturbed by any real or perceived risks relating to Rocky Flats and the conditions they left behind."  (Ex. B, Instruction No. 3.7 at 39-40.)  Thus, the jury cannot consider any testimony by Ms. Robb that she is personally fearful because she lived near Rocky Flats.  Further, evidence of Ms. Robb's marital problems is not probative of whether Defendants' activities were capable of causing class-wide emotional distress because it presents individual causation questions.  (*See* 5/17/2005 Order at 7.)  Such testimony is not relevant during the present class-wide trial and Ms. Robb should not be permitted to testify about it.  The Court has not permitted such testimony in the past.  (*See* 10/31/2005 Trial Tr. at 3098-99 (granting motion to exclude evidence of Lorren Babb's emotional distress).)

## III.   TESTIMONY ABOUT UNIDENTIFIED MEDIA STORIES IS INADMISSIBLE HEARSAY.

Ms. Robb should not be permitted to testify to hearsay comments made by unidentified media sources.  Such evidence cannot come in even for ***purposes of notice*** when the source is unidentified, because it makes effective cross-examination impossible.

In her deposition, Ms. Robb referred to an unidentified "big documentary" that was "pretty grim," but she did not remember the name of the documentary, when it occurred, or even what show or channel it was on.  (Ex. A, Robb Dep. at 25.)  Defendants would be unable to conduct meaningful cross-examination of Ms. Robb on this point if Ms. Robb were unable to identify the name or source of the media.  Defendants could not show that the actual content of

the media story was different from what Ms. Robb remembers or that its factual content did not support any reasonable fear of Rocky Flats by Ms. Robb or her husband.  Any testimony by Ms. Robb about statements made by unidentified media would therefore be classic hearsay: unreliable out-of-court statements offered for their truth but which Defendants cannot rebut through cross-examination.  Therefore, Ms. Robb's proposed testimony about unidentified media stories is inadmissible.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court bar Gretchen Robb from testifying about: (1) the impact of Rocky Flats on her marriage; (2) any individual emotional distress she experienced as a result of living near Rocky Flats; and (3) hearsay statements made by unidentified media.

Dated:  November 9, 2005

Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900

Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 9, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


/s/ Kari Knudsen_____
Kari Knudsen (legal assistant)