Exhibit B

October 7, 2005

**Revised -10/05**

## INSTRUCTION NO. 3.7

Nuisance Claim

<u>First Element: Interference with Use and Enjoyment of Property</u>

The purpose of a nuisance claim is to protect a landowner's right to use and enjoy his property. Although there are countless ways that a person or company can interfere with this right, for purposes of deciding the first element of the Plaintiff Class' nuisance claim, you may only consider the two possible forms of interference with Class members' use and enjoyment of their property that I stated in Instruction No. 3.6 and will describe further here.

The first possible form of class-wide interference is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure. To find that Plaintiffs proved this form of interference, you do not need to find that all Class members were exposed to plutonium at the same time or by the same methods or to the same degree or that they all incurred the same level of health risk as a result of exposure to plutonium. It is enough to find for purposes of this form of interference with use and enjoyment of property that all Class members were exposed to plutonium in some way as a result of one

38

or both Defendants' activities and that all incurred some increment of increased health risk as a result.

The second possible form of interference you must consider in deciding this first element of the Plaintiff Class' nuisance claim is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by creating objective conditions that pose a demonstrable risk of future harm to the Class Area. For example, if plutonium or other hazardous substances present on or in the vicinity of Rocky Flats is at risk of being released to the Class Area -- through natural forces, cleanup activity, the conduct of others and/or accidents -- and could cause harm to properties in the Class Area by increasing the health risk to residents or impairing the future use of their land in some way, then this would be an objective condition that poses a demonstrable risk of future harm to the Class Area.

In order for you to find interference based on the threat or risk of future harm, you also need not find that the future harm *will* occur and affect the whole of the Class Area. You need only find that conditions exist that present the *potential* for such class-wide harm to occur.

In deciding whether either or both forms of possible class-wide interference exists, you should not consider whether individual Plaintiffs or Class members are or might be fearful, anxious or otherwise disturbed by any real or perceived risks relating to Rocky

October 7, 2005

Flats and the Defendants' activities there or the conditions they left behind. Individual reactions to these matters are not relevant to the question of whether a class-wide interference exists.

You also should not consider in deciding this element of the nuisance claim whether Defendants' activities caused any decrease in the value of Class members' properties. The law does not consider a decrease in property value to be an interference with the use and enjoyment of property.

If you find that Plaintiffs have proved either Dow or Rockwell or both of them interfered with Class members' use and enjoyment of property in one or both of the ways I described in Instruction No. 3.6 and in this instruction, then you must find that Plaintiffs have proved the first element of their nuisance claim with respect to the Defendant or Defendants who caused or contributed to the proven interference. If, however, you find that neither Defendant interfered with Class members' use and enjoyment of property in at least one of these ways, then you must find Plaintiffs have not proved this element of their nuisance claim against either Defendant.