**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

___

## DEFENDANTS' MOTION TO EXCLUDE ROBB FROM TESTIFYING
___

At 4:00 pm today, Plaintiffs informed Defendants that they intend to show an ***extraordinarily inflammatory*** video "documentary" entitled Dark Circle through Ms. Robb. Indeed, it is now transparent that the proffer of this ***extremely prejudicial*** video is the sole purpose for Ms. Robb's appearance at trial. Under these circumstances, Ms. Robb's testimony and the Dark Circle video should be excluded in their entirety.

*First*, the Dark Circle movie is arguably the most inflammatory piece of evidence that Plaintiffs have sought to offer in this trial to date.[1] It contains the following horrifying images, among others:

- Pictures of a young girl who developed cancer, had her leg amputated, and died, and commentary from her father that it was caused by plutonium

- Images from the bombing of Hiroshima, including badly burned and injured people

- An interview with a Rocky Flats worker who had brain cancer and commentary that he died six months after the taping

- Deformed animals, pigs with tumors, and little chicks born dead, and assertions from a farmer that these issues were caused by Rocky Flats plutonium

- References to Three Mile Island, Chernobyl, Hiroshima, and Nagasaki

- Various nuclear bomb explosions and nuclear reactor meltdowns with sound effects

- A woman attempting to shepherd a child to safety during a bomb alarm and a nuclear safety drill in a school

- A woman whose kids are playing in the dirt talking about how she was lied to by the realtor when she bought her house near Rocky Flats

- Security gates and people in white suits

- Mothers for Peace leafleting around the Diablo Canyon facility

- A weapons system convention

- Corporate logos and slogans of the impliedly evil companies involved in nuclear production, with a special feature of Rockwell (alleged to be at the "heart" of bomb production)

---

[1] The Court does not have to take Defendants word that the video is inflammatory. Defendants will provide the Court with a copy of the entire movie, and will be prepared before the morning session to show a short, illustrative excerpt from the tape.

2

The video is purely political, anti-nuclear propaganda. Indeed, a promotional comment on the internet states as follows:

> The Bush Regime's support of the nuclear power industry and its enthusiasm for battlefield nuclear weapons make this classic film a must-see . . . Dark Circle follows the trail of plutonium from the Rocky Flats Nuclear Weapons facility in Colorado, to the Diablo Canyon Nuclear Power Plant in California, to Hiroshima and Nagasaki in Japan. Plutonium, the most toxic substance in the world, links these locations and the people whose lives are irrevocably changed by it.

(Ex. 1)  This piece is designed for dramatic effect, as the contents and musical effects illustrate. (Perhaps that is why Ebert called it "completely riveting." (*Id.*))  Moreover, it is not factual as it misleadingly appears to be; instead, it contains blatant misrepresentations and wild assertions, such as that Rocky Flats "builds bombs" and that the Plant was "built in secret" in the early 1950s.  For these reasons, it should be excluded under Rule 403.

*Second*, Dark Circle contains various items that have already been ruled irrelevant and inadmissible in this trial.  The worker with brain cancer is a perfect example.  This Court has ruled repeatedly that this case is not about worker safety (despite numerous violations of this ruling by Plaintiffs).  (*E.g.,* Tr. at 517)  In addition, a large portion of this video is not even about Rocky Flats.  For instance, an entire segment focuses on safety hazards at and potential releases from the Diablo Canyon facility.  Another portion focuses on government experiments with reactor meltdowns in the desert.  This Court has ruled that problems and issues at other facilities are not admissible in this trial.  (Tr. at 1111)

*Third*, the Dark Circle piece is hearsay that is offered for the truth of the matter asserted, including multiple layers of hearsay.  For instance, the narrator begins with various conclusions that she says she has read in articles.  Defendants do not have these articles or the ability to cross examine the narrator about them.  Dark Circle also contains numerous interviews with people who make extremely inflammatory accusations about Rocky Flats, but are not witnesses and not subject to cross examination at trial.  Absent witnesses should not be permitted.

*Fourth*, the videotape contains various improper expert opinion that does not meet standards for admissibility.  For instance, there are assertions about higher cancer risks in neighborhoods around Rocky Flats.  One of the pieces of "support" for this is a neighbor (Vivian Waterman) who did her "own survey" and found twenty-three cases of cancer among her neighbors.  Notwithstanding that Ms. Waterman is not a qualified expert in this case, this type of evidence is completely unscientific, as are the many other seemingly scientific assertions made in the video.  None of these assertions is substantiated by anyone who has been qualified as an expert in this trial and none meets *Daubert* reliability standards.  Plaintiffs should not be able to use this videotape in lieu of real scientific evidence.

*Fifth*, the video should be excluded as untimely.  Plaintiffs provided the hour and twenty minute long videotape around 4:30 pm, long after the 9:00 am deadline.  Even worse, although Defendants immediately requested that Plaintiffs provide the segments they actually intend to show, Defendants received that only minutes ago (around 9:00 pm).  Plaintiffs should not be permitted to slip in a piece of evidence this prejudicial to Defendants at such a late hour.  Defendants were prejudiced by the late addition, as they have not had the opportunity to do basic

4

research about the video and its contents.  Nor is there any excuse for Plaintiffs' delay.  Ms. Robb testified at her deposition in *May 2004* that she and her husband saw a documentary on television about cancer rates in the area.  (Ex. 2, Robb Dep. at 25)  She was unable at that time to provide Defendants with basic details that would allow them to track it down, such as the name of the video, the channel it ran on, or when it was shown.  (*Id.* at 26)  Counsel for Plaintiffs was present at the deposition and should have provided the videotape earlier if Plaintiffs could track it down.  Instead, Plaintiffs weighted *over eighteen months* to produce the video, hours before the witness was to testify.

*Sixth*, Ms. Robb's inability to remember the details about the videotape precluded Defendants from any meaningful cross examination of Ms. Robb concerning it at her deposition.  Under these circumstances, it would be unfair for Ms. Robb to suddenly remember and testify about the videotape (including showing it) on direct examination at trial.

*Finally*, the Dark Circle "documentary" is the entire reason for Ms. Robb's testimony.  Ms. Robb offers nothing else beyond what the four class representatives and Mr. Cassidy have testified about.  And Plaintiffs have additional witnesses (including Mr. Babb, Karen Whalen, and Charles McKay) through whom they will put on their property owner case.  Ms. Robb should not be allowed to stand in as a vehicle for a movie that is a deliberate attempt to scare the jury and gain the jury's sympathy.  Under these circumstances, Ms. Robb should be completely foreclosed from testifying at trial, and the Dark Circle videotape should be kept out.

Dated:  November 9, 2005                          Respectfully submitted,


                                                  /s/ Stephanie A. Brennan_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie A. Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200


Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Kari Knudsen_____
Kari Knudsen (legal assistant)