# Exhibit F

1573.00

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

No. 90-K-181

---

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

## PLAINTIFFS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO EXCLUDE EXPERT TESTIMONY

---

Dated: July 11, 2005

Dr. Cochran does not calculate MUF himself. The DOE refused to produce sufficient documentation regarding quantities of nuclear material to allow him to make such a calculation. Instead, Dr. Cochran was forced to rely on defendants' and DOE's own estimates of the quantity of MUF. *See* Cochran MUF Rep. at 1-2 (Ex. 7). Moreover, Dr. Cochran's conclusions are that the massive amount of MUF indicates defendants' management practices were deficient, and that existing estimates of off-site releases could have underestimated actual releases. *Id.* at 15-17. In light of Dr. Cochran's use of defendants' and DOE's own figures for MUF, and the fact that his conclusions do not rely on any precise amount of MUF, but rather on the bare fact that the quantity was extremely large, it is unclear how additional training in mass balance accounting would change his conclusions.

A lack of specialization, in any event, affects the weight of an expert's testimony, not its admissibility. *See Wheeler*, 935 F.2d at 1100; *Lovato*, 2002 WL 1424599, at *4. Moreover, Dr. Cochran relied on and sought assistance from Dr. Budnitz and Dr. North in any area, such as fire safety, in which Dr. Cochran felt that additional specialized expertise would be helpful. *See* Cochran Dep. at 165-67 (Ex. 8).

Defendants criticize Dr. Cochran because he "has never managed a nuclear facility." Def. Conduct Br. at 27. Dr. Cochran, it is true, has never managed Rocky Flats or one of the other nuclear weapons plants owned by DOE and operated by contractors such as Dow and Rockwell. However, there is no legal requirement that an expert must have worked inside the industry about which he seeks to testify; indeed, it would be undesirable to require all experts who critically assess a given industry to be industry insiders. *See Stagl*, 117 F.3d at 80-82 ("[T]to require the degree of specificity the court imposed came close to letting that industry indirectly set its own standards. . . . [W]here,

118