IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    Plaintiffs,

       v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    Defendants.

### PLAINTIFFS' RESPONSE TO MOTION TO EXCLUDE GRETCHEN ROBB FROM TESTIFYING

    Gretchen Robb owned a house in the Class Area in June of 1989. In 1990, shortly after the F.B.I. raid, Ms. Robb sold her home and sustained a considerable financial loss. Ms. Robb is expected to testify today concerning the way in which Defendants' negligent operation of Rocky Flats interfered with her use and enjoyment of her home in the Westbrook subdivision.

    Defendants took Ms. Robb's deposition in this case more than a year ago. Ms. Robb produced documents in response to Defendants' wide-ranging document subpoena. Ms. Robb has been listed on every recent iteration of Plaintiffs' witness list. There is absolutely no reason to exclude her testimony.

    During her deposition, Ms. Robb testified that she learned there were health hazards associated with living near Rocky Flats after she bought her home. Specifically, Ms. Robb testified that she learned that people living near Rocky Flats experienced an increased rate of cancer when

she saw a "big documentary on the percentage of people that have died of cancer in that area compared to other areas" on television. *See Ex. 2 to Def.'s Mot. To Exclude Ms. Robb,* (Robb Dep. Tr. at 25). Eventually, Ms. Robb decided to abandon her "dream home" due to the health risks associated with the contamination from Rocky Flats.

Yesterday morning, Defendants filed a motion seeking to prevent Ms. Robb from testifying about the "unnamed" documentary. Yesterday morning, Defendants argued that they could not cross-examine Ms. Robb because they did not know the name of the particular documentary that she saw. In the 18 months since Ms. Robb's deposition, **Defendants never asked Plaintiffs to identify the documentary** that Ms. Robb mentioned at her deposition. Instead, the morning before she was to testify, with no prior notice to Plaintiffs, Defendants asked this Court to bar Ms. Robb from testifying about that documentary.

Although the morning defense motion lacked any merit, Plaintiffs produced a copy of "Dark Circle," the documentary that triggered Ms. Robb's awareness of increased health risks associated with Rocky Flats, to Defendants. Plaintiffs intend to display selected excerpts from "Dark Circle" during Ms. Robb's testimony. The documentary is plainly admissible and is not hearsay, as it is being offered to show the effect it had upon Ms. Robb; the excerpts are not being offered to demonstrate the truth of the assertions contained in the program.

Now that they know the name of the documentary, Defendants argue that Ms. Robb cannot testify **at all**. Defendants complain that they are still unable to effectively cross-exam this non-expert witness, a woman who simply lived in the Class area and was harmed by the Defendants' egregious conduct. Defendants latest motion (filed at midnight last night) argues that Ms. Robb

should not have her day in court simply because she viewed a documentary that the Defendants find "prejudicial." Defendants' latest motion has no merit.

Not only should Ms. Robb be allowed to testify about the entirety of her experience concerning Rocky Flats, which is directly relevant to this case and will be helpful to the jury, Plaintiffs should be permitted to play selected portions of "Dark Circle" (approximately 13 minutes of the 121 minute program). The selected excerpts demonstrate the type of information that Class members saw during the late 1980s and early 1990s. Plaintiffs took care to select portions of the documentary that preserve the flavor of the program while excluding any potentially unduly prejudicial or inflammatory aspects of it. A transcript of the segments that Plaintiffs intend to display to the jury is attached to this motion as Exhibit 1. The defense motion describes in detail portions of the documentary that Plaintiffs have no intention of showing.

Regardless of the court's ruling concerning the admissibility of the documentary, Ms. Robb should be permitted to testify in court concerning her experience living near Rocky Flats.

Respectfully submitted,

Dated: November 10, 2005

/s  Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Ellen T. Noteware
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
jmacnaughton@bm.net

3

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs

4