IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' MOTION IN LIMINE REGARDING THE EXAMINATION OF RODNEY HOFFMAN AND RICHARD KAUFMAN**

---

**I.    DEFENDANTS REQUEST AN INSTRUCTION TO COUNSEL AS TO THE EXAMINATION OF RODNEY HOFFMAN AND RICHARD KAUFMAN**

Since the commencement of this trial, plaintiffs' counsel have repeatedly sought to put before the jury excluded and improper matters, despite this Court's clear rulings. For example, as early as their opening statement, plaintiffs' counsel informed the jury that "[precautions] were not adequate to protect either the workers or the neighbors," even though the Court had already ruled that this was not a workers' safety case. (*See* Ex. A, Trial Tr. at 502, 517-518 (admonishing plaintiffs' counsel for reference to worker safety).) Undeterred, plaintiffs then improperly flashed before the jury a newspaper headline announcing that "Cleanup could cost $150 billion." (Ex. A, Trial Tr. at 627.) Yet, as plaintiffs were well aware, this evidence should

never have reached the jury because the Court had earlier granted defendants' motion to exclude such matters. Similarly, despite this Court's clear ruling that only the fact of the *Church* litigation is admissible, plaintiffs' counsel improperly claimed that the settlement in the *Church* litigation was somehow evidence that "defendants in this case have already acknowledged, if you will, and paid money to some of the neighbors for the contamination problems it caused." (Ex. A, Trial Tr. at 549-50.)

Now, the jury is about to hear from two third party witnesses -- Rodney Hoffman and Richard Kaufman -- on matters relating to DOE's discovery conduct and the classification/declassification of documents relating to Materials Unaccounted For ("MUF"). Plaintiffs have already made it clear that they intend to challenge DOE's exercise of its classification authority and will likely suggest to the jury that defendants and their counsel were involved in a conspiracy with the DOE to improperly classify MUF information.

Yet, this Court has never held defendants or their counsel in contempt or sanctioned them for their conduct during discovery. Nor is there any evidence that defendants or their counsel classified or declassified documents requested by plaintiffs in this case. Indeed, the Court recently stated, "I will enforce very strongly, that no implication can be made or inference permitted to be drawn in rhetorical terms that counsel for the defense participated in any attempt to withhold evidence in this case contrary to law." (Ex. A, Trial Tr. at 412:19-23.)

Even as to the DOE, the Court held in August 1996 that there was no evidence the DOE had acted in bad faith in declassifying documents requested in this case. *See* 8/8/96 Order ("While I sympathize with plaintiffs' position that the secrecy surrounding the declassification

2

process leaves the process open to abuse, they have not produced any evidence of bad faith concerning the manner in which DOE has conducted the declassification process to warrant an investigation into that process at this time.")

Under these circumstances, defendants ask the Court to instruct plaintiffs' counsel that they may not put questions to Mr. Hoffman or Mr. Kaufman relating to the following matters without first obtaining, out of the presence of the jury, a ruling from the Court:

1. Whether DOE properly classified documents, both generally and specifically in this case;
2. Defendants' claimed involvement in the discovery process in this case;
3. Defense counsel's role in the discovery process in this case; and
4. Paragraph 10 of PX-652 and relating to the *Church* litigation.

In addition, defendants ask that plaintiffs' counsel also be required to obtain a ruling out of the presence of the jury if they seek to question either Mr. Hoffman or Mr. Kaufman on any of the matters on which these non-party witnesses have <u>not</u> been authorized to testify by their respective federal agencies. (Ex. B, 9/9/05 Letter from M. Roy at 1-2)

None of the above-listed topics are germane to this case. Indeed, this Court has already ruled on a number of the above-listed items. (*See* Ex. A, Trial Tr. at 591 (ruling that reference in paragraph 10 of PX-652 could not be published to the jury).) Any attempt to address these topics now in front of the jury will be highly prejudicial to defendants because in the ensuing colloquy plaintiffs will merely repeat in the jury's presence their unfounded charges of conspiracy. Furthermore, there is no need for these highly prejudicial matters to be discussed in the presence of the jury where these matters should not be decided by the jury, but rather, must be determined

3

in advance by the Court. *See* Fed. R. Evid. 104 ("Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court.") (emphasis added).

Finally, to ensure strict compliance with the Court's instruction, and in light of plaintiffs' counsel's past conduct, if counsel violates these rules, the Court should (1) first admonish counsel in the presence of the jury for engaging in attorney misconduct, and (2) if the conduct occurs again, order a mistrial.

## II. CONCLUSION

Defendants request that the Court instruct plaintiffs' counsel that they may not examine Mr. Hoffman or Mr. Kaufman on the topics identified above unless and until they seek and obtain, outside of the presence of the jury, a favorable ruling from the Court.

Dated:  November 10, 2005

Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.

633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:    303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that on November 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                  /s/ Kari Knudsen
                                                  Kari Knudsen (legal assistant)