

**Department of Energy**

ROCKY FLATS PROJECT OFFICE
12101 AIRPORT WAY, UNIT A
BROOMFIELD, COLORADO 80021-2583

November 9, 2005

**BY HAND DELIVERY**

Rodney B. Hoffman
3852 Lee Circle
Wheat Ridge, Colorado 80033

Re:   <u>Cook v. Rockwell</u>
       90-cv-00181-JLK

Dear Mr. Hoffman:

Your testimony in the above-captioned civil action is commanded by a subpoena that demands you to testify concerning matters involving and actions taken by you while performing your official duties at the U.S. Department of Energy (DOE) Rocky Flats Field Office. In accordance with 10 C.F.R. Part 202, the Plaintiffs have provided an outline of your testimony in the Disclosure of Subject Matter of Anticipated Testimony. Copies are attached hereto.

Subject to the conditions set out in this letter, you are authorized to testify as to non-privileged matters within your personal knowledge. However, your authority to testify is restricted to matters within the limited scope identified in the Plaintiffs' Disclosure of Matters of Anticipated Testimony.

You are not authorized to testify to the following:

(1)   matters requiring opinion testimony, either of a factual or legal nature, including, inter alia, interpretation of contracts, the Department's published rules and orders, and statutes;

(2)   recommendations concerning proposed agency action presented to agency decision makers for their consideration by agency personnel or by personnel under contract to the agency;

(3)   thought processes of agency decision makers in formulating policies and decisions;

(4)   information collected in connection with any ongoing investigation of potential violations of statutes or agency regulations;

(5)     arguably proprietary information which was submitted to the agency in confidence;

(6)     information or investigations relating to or regarding applications for access to classified matter or significant quantities of special nuclear material;

(7)     materials prepared by agency attorneys in connection with the representation of the agency in litigation or matters that are arguably covered by the attorney-client or attorney work product privileges;

(8)     matters or materials protected by the Privacy Act; or,

(9)     classified or otherwise restricted matters concerning safeguards and security measures at DOE facilities.

This authorization does not waive any privilege which DOE may assert prior to or during the testimony.

A government attorney will be available during your testimony to represent the interests of the Department.

If you have any questions concerning this matter, please do not hesitate to telephone me at (303) 966-2026.

Sincerely,

Mell Roy
Chief Counsel

cc:     Peter Nordberg, Berger & Montague, P.C.
        Jane Park, Kirkland & Ellis, L.L.P.
        Carlotta Wells, Department of Justice
        Stephen Taylor, US Attorneys Office
        Marc Johnston, DOE Office of General Counsel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 90-K-181**

**MERILYN COOK, WILLIAM JR. and DELORES SCHIERKOLK, RICHARD and SALLY BARTLETT, and LORREN and GERTRUDE BABB,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY,**

    **Defendants.**

## DISCLOSURE OF SUBJECT MATTER OF ANTICIPATED TESTIMONY

Through their counsel (Assistant United States Attorney Stephen Taylor, Esq.), the

United States Department of Energy ("DOE") and the United States Department of Justice

("DOJ) have requested that plaintiffs in this civil action provide a summary of the topics on

which certain witnesses who are present or former employees of DOE or DOJ, and who have

been designated by plaintiffs to appear at the forthcoming trial in this matter, will testify.  The

witnesses as to whom this request has been made by DOE and/or DOJ, and the subject matter of

their anticipated testimony, are identified and described in attachment A.

Peter Nordberg
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs
And the Class

## ATTACHMENT "A"

**Expected Testimonial areas of present and former government employees in**
*Merilyn Cook et al v. Rockwell Int'l Corp. and the Dow Chemical Corporation,*
**Civil Action No. 90-K-181 (D. Colo.).**

1.  <u>Rodney Hoffmann.</u> Plaintiffs anticipate that Mr. Hoffman, a current or former Department of Energy classification official, will testify concerning:

    (a)  the Department of Energy's ("DOE") failure to comply with plaintiffs' discovery requests seeking information concerning Material Unaccounted For ("MUF");

    (b)  the United States District Court's decision holding the DOE in contempt of court [insert citation] for failure to produce materials responsive to plaintiffs' discovery requests seeking information concerning MUF;

    ( c)  DOE's heavily redaction of MUF documents AFTER DOE was held in contempt and DOE's related failure to individually determine whether material being redacted would be in any way detrimental to national security interests.

2.  <u>Richard Kaufman.</u> Plaintiffs anticipate that Mr. Kaufman will testify, a current or former Department of Justice official, will testify concerning:

    (a)  DOE's failure to comply with plaintiffs' discovery requests seeking information concerning MUF;

    (b)  the United States District Court's decision holding the DOE in contempt of court [insert citation] for failure to produce materials responsive to plaintiffs' discovery requests seeking information concern

    ( c)  any involvement of personnel from the defense law firm of Kirkland & Ellis in the decision to withhold discoverable information concerning MUF in response to plaintiffs' discovery requests.

3.  <u>Jon Lipsky.</u> Plaintiffs anticipate that former Federal Bureau of Investigation Special Agent Jon Lipsky will testify concerning:

    (a)  his knowledge of the criminal investigation of Rockwell International relating to Rockwell's operation of the Rocky Flats nuclear facility;

    (b)  his knowledge of environmental crimes committed at the Rocky Flats nuclear facility;

( c )   the information contained in his Congressional testimony before United States' House of Representatives Subcommittee on Investigations and Oversight before the House Committee on Science, Space and Technology in October 1992 (exclusive of testimony concerning alleged deficiencies in the conduct of the criminal investigation itself);

(d)   the information attributed to him contained in Carol Balkany's book, "The Ambushed Grand Jury" (exclusive of testimony concerning alleged deficiencies in the conduct of the criminal investigation itself); and

(e)   topics covered in the deposition of former Environmental Protection Agency agent William Smith on June 24, 2004 attended by Assistant United States Attorney Stephen Taylor.