IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-K-181**

**MERILYN COOK, et al.,**

    Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

    Defendants.

## ORDER LIMITING MOTIONS
## PRACTICE DURING TRIAL

Kane, J.

    This toxic tort class action is now in its sixth week of jury trial. During the course of trial, I have been met with near-daily motions practice. The practice is accelerating. Since noon yesterday, I have received eight motions on the docket. Seven were filed by Defendants, one by Plaintiffs. I received five of the motions today alone, and as I write, it is only the lunch hour. Five of the seven Motions filed since noon yesterday are motions in limine to strike, exclude or otherwise limit witness testimony. Two of the Motions, both of which I received today – one before going on the bench at 8:30 a.m. and one alluded to but not received until lunchtime – relate to witnesses and testimony scheduled for *today*.

    Besides the logistical nightmare these filings are causing court staff, who need to receive, docket, and print these motions and their often-voluminous exhibits for me, these

filings impact me – because I am the one expected to digest them simultaneously with their filing – and, most importantly, they impact the jury. As of 1 p.m., the jury has heard 1 ½ hours of testimony today because the rest of the time was taken up reading and analyzing Defendants' Motion to Strike and Exclude Testimony from Dr. Richard Clapp and Related Exhibits (Doc. 1620) and two separate Motions related to the proposed testimony later today of Rodney Hoffman and related exhibits. (Doc. 1616 and 1620). The Motion related to Dr. Clapp, I note, included a statement that Dr. Clapp's epidemiological opinions were excludable under binding Tenth Circuit authority in *Renaud v. Martin Marietta*, 972 F.2d 304 (10th Cri. 1992). When faced with a representation like that, I have no choice but to take the time to read the case and verify what my obligations as trial judge are. As will be set forth in some detail in my forthcoming opinion formalizing my *Daubert* and related rulings in limine, on review, the representation that *Renaud* constituted "binding" Tenth Circuit authority on the statistical confidence level required for admissibility of epidemiological opinions proved to have been completely misleading and wrong.

      The parties should be aware that electronic filings – while they are received on the court's system around the clock – must be docketed by an actual person before they can be accessed by my staff or myself. Filings received after 4:00 p.m. are not docketed downstairs by the Clerk's Office until the following morning. Once docketed, filings must be retrieved, reviewed, and printed out – if necessary – by my staff. While I am lucky to have a docket clerk who comes in as early at 6:30 in the morning and staff that comes in

before 8:00 a.m., that is the earliest I can even physically retrieve filings from the afternoon/evening before. Motions filed while I am on the bench are not received until we break.

Filings late in the day before a witness testifies, or filed the same day a witness is scheduled to testify, cannot be addressed in a timely fashion by opposing counsel and therefore cannot be fully or adequately addressed by the court. We now have a binding, best-estimate schedule of witnesses, so the parties have notice of who is going to be testifying and when. Based on the foregoing, I issue the following orders to govern any continued motions practice in this case during the course of trial:

1. Any motions or responsive briefs directed to or affecting witness testimony must be filed no later than *four* working days before the witness is called. The opposing party will file a response or a statement that no response will be filed no later than 8:30 a.m. on the morning before the day the witness is scheduled to begin his or her testimony. No motion filed after these deadlines will be considered, and the evidentiary issue raised in such motions will be deemed waived, unless the movant demonstrates "good cause"[1] for filing the motion beyond the four-day deadline.

---

[1] "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D.Colo. 2000)(quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.1997), *aff'd*, 129 F.3d 116 (4th Cir.1997)).

2. Any motion that raises matters previously ruled on – or matters that could have been raised by the June 2005 deadlines for filing *Daubert* motions and motions in limine – must identify and cite that original ruling, and state a specific, substantive justification for raising the matter at this point. Unless I am persuaded that an intervening change in the controlling law, new facts or manifest error exists as would warrant reconsideration of previous rulings, the motion will be denied.

Dated November 10, 2005                                **s/John L. Kane**
                                                       SENIOR U.S. DISTRICT JUDGE