**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DESIGNATIONS
OF DEPOSITION TESTIMONY OF KARL Z. MORGAN AND TO
USE OF DEPOSITION EXHIBITS AT TRIAL**
_____

Plaintiffs have tendered to defendants their designations of portions of the deposition testimony of Karl Z. Morgan.  Defendants tender the following objections to plaintiffs' designation of deposition testimony to be read to the jury and to exhibits used at deposition, and request that the Court exclude the testimony and exhibits identified below.

**General Objections To Designated Testimony**

Defendants have tendered to the Court a copy of the transcript of the Morgan deposition on which they have indicated their objections to specific testimony that plaintiffs have designated to be read to the jury. A copy of this transcript is attached as Tab C.  In addition to those specific objections, defendants object generally to Morgan's testimony being read to the jury on the following grounds:

    1.    The bulk of the testimony is hearsay and does not fall within any exception.

2. Substantial portions of the testimony constitute improper expert testimony. Dr. Morgan was not disclosed as an expert witness and did not tender an expert report. Nevertheless, the deposition testimony seeks to render opinions on scientific, technical, or other specialized matters.

3. The remainder of the testimony is not relevant because it relates to actions taken at government facilities other than Rocky Flats by people who are neither Dow nor Rockwell employees.

4. After excluding the testimony for the reasons stated above, there is no admissible testimony that remains and can be read to the jury.

**Objections To Deposition Exhibits**

Included among the testimony that plaintiffs have designated is testimony relating to two exhibits marked during the deposition, Morgan Deposition Exhibits 2 and 3. (Copies are attached as Tab A and Tab B.) Although plaintiffs have not supplied defendants with copies of these two documents marked as trial exhibits, defendants anticipate that plaintiffs nevertheless will attempt to introduce these documents into evidence through the reading of the Morgan deposition. Accordingly, for the reasons set forth below, defendants object to the use or admission into evidence at trial of the following documents:

**Morgan Deposition Exhibit No. 2** – Hearsay; Hearsay within hearsay; Irrelevant; Confusing, misleading, unfairly prejudicial.

**Morgan Deposition Exhibit No. 3** – Witness lacks personal knowledge of document; Hearsay; Hearsay within Hearsay; Authenticity. Defendants move to exclude the deposition testimony relating to Exhibit No. 3, including testimony given from page 36, line 11 through page 45, line 17, in the first day of deposition testimony (August 26, 1996).

Dated:  November 10, 2005

Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


              /s/ Courtney Biggins_____
              Courtney Biggins (legal assistant)