**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

**DEFENDANTS' MOTION TO STRIKE RICHARD KAUFMAN AS A WITNESS**

---

After several weeks of hearing evidence at trial and, more specifically, after hearing the plaintiffs' "best shot" on their claim of concealment by classification, the Court yesterday held that this case ***isn't*** about "what the defense does, how much they have paid, what the Department of Energy does, how many people they have working on this or not working on it, when they make their decision, ***none of that matters.***" (Ex. A, Trial Tr. at 4886) (emphasis added)  The Court emphasized that "what I said was, and I continue to think that's correct, that your witness must show that you attempted to get this evidence and you didn't.  Whether or not they had bad faith motivations or otherwise, whether it's political, philosophical or religious doesn't matter. ***What matters is the test that I set out, and I am very confident in that test.***"  (*Id.* at 5054) (emphasis added)

In light of the Court's holding, defendants now move to strike as a witness Richard Kaufman, former Assistant United States Attorney, Department of Justice ("DOJ"). As an Assistant U.S. Attorney, Mr. Kaufman represented DOE in responding to plaintiffs' third party subpoenas. Accordingly, he has knowledge of DOE's discovery conduct, as well as of the events culminating in the Contempt Order. As the Court explained "[m]y problem with Mr. Kaufman is the same with Mr. Hoffman. If you want him to testify, the Department of Energy was held in contempt, I am really -- I really don't understand what that has to do with the evidence in the case." (*Id.* at 5064) In sum, "there is a problem with Kaufman . . . ." (*Id.*)

Specifically, in their Disclosure of Subject Matter of Anticipated Testimony plaintiffs stated that they "anticipate Mr. Kaufman will testify . . . concerning:

(a) DOE's failure to comply with plaintiffs' discovery requests seeking information concerning MUF;

(b) The United States District Court's decision holding the DOE in contempt of court [insert citation] [*sic*] for failure to produce materials responsive to plaintiffs' discovery requests seeking information concern [*sic*];

(c) Any involvement of personnel from the defense law firm of Kirkland & Ellis in the decision to withhold discoverable information concerning MUF in response to plaintiffs' discovery requests.

(Ex. B, Disclosure of Subject Matters of Anticipated Testimony) Mr. Kaufman cannot properly testify about any of these topics before the jury.

*First*, with respect to topics (a) and (b), there is no question that plaintiffs have called Mr. Kaufman as a witness in order to repeat before the jury the same accusations of DOE discovery abuse and classification abuse that they had planned to discuss with Mr. Hoffman. As the Court

held yesterday, this case is *not* about what the DOE has done, including whether there was any alleged "foot dragging" by the DOE. (Ex. A, Trial Tr. at 5005) Thus, DOE's alleged discovery misconduct, including conduct relating to the Contempt Order, are not admissible. Only "[t]he evidence that some information that might be admissible for plaintiffs was -- remains classified, is admissible and that's it. That's it. I am not going to permit any further testimony." (*Id.* at 5006)

*Second*, this Court has held that "anything in front of this jury that suggests there is any kind of bad practice, illicit practice by any counsel in this case is strictly prohibited, and if it comes up in this context, I will declare a mistrial." (*Id.* at 4872) Accordingly, Mr. Kaufman cannot testify with respect to topic (c) -- "any involvement of personnel from the defense law firm of Kirkland & Ellis in the decision to withhold discoverable information concerning MUF in response to plaintiffs' discovery requests."

## CONCLUSION

This case is not a public referendum on whether DOE's classifications are in the national security interests of the United States. (*Id.* at 5006 ("I am not going to get into the wisdom of what's in the security interests of the United States. That's simply not a matter for me to decide.")) Under these circumstances, if plaintiffs do not withdraw Mr. Kaufman as a witness, he should be stricken because the testimony that plaintiffs seek to elicit from him is inadmissible.

Dated:  November 11, 2005  Respectfully submitted,


/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

               /s/ Kari Knudsen_____
               Kari Knudsen (legal assistant)