# Exhibit A

11/10/2005  Cook v. Rockwell 11/10/05 AM

1   now told you is we don't know these people were involved in
2   classification, but we want to be able to demonstrate to the
3   jury that the lawyers in this case, my firm, worked with the
4   Department of Energy to prepare this case.  That's what they
5   want to say, and then what are they going to do?  They are
6   going to ask the jury to draw the inference they are still
7   stonewalling to date.  That's just a lie.  It's slanderous.
8           THE COURT:  You are not going to go into that.  Those
9   are matters to take up before the Congress of the United
10  States, not in this trial, everything you said.  I want -- in
11  fairness, I want an offer of proof of what -- the testimony
12  from Mr. Hoffman before he is called to the stand and I am
13  going to review it.  I think, and my rulings have been based on
14  this and this alone, that a party litigant is entitled to
15  gather evidence and produce it.  And if they can't because of
16  operation of law or a bureaucratic decision, they have been
17  frustrated in the effort to bring forth all of the evidence
18  they want, I think they are entitled to show why the case is
19  weak in those spots and make that explanation.
20          It's what you are able to do and not able to do.  It
21  isn't what the defense does, how much they have paid, what the
22  Department of Energy does, how many people they have working on
23  this or not working on it, when they make their decision, none
24  of that matters.
25          If you have specific evidence that you have tried to

11/10/2005  Cook v. Rockwell 11/10/05 PM

1     the context of this.
2            THE COURT: I think -- Mr. Sorensen, I thank you for
3     your comments, and I do value them, and I am not being flippant
4     when I tell you this, but it seems to me that what you have
5     just outlined is a proper remedy for coming back in the
6     pretrial stage with another motion for contempt and that didn't
7     happen. And I didn't have that. What we have now is
8     another -- is a jury, and the jury has to look at evidence.
9     And what I said was, and I continue to think that's correct,
10     that your witness must show that you attempted to get this
11     evidence and you didn't. Whether or not they had bad faith
12     motivations or otherwise, whether it's political, philosophical
13     or religious doesn't matter. What matters is the test that I
14     set out, and I am very confident in that test.
15            And that's -- the offer of proof was made on that
16     basis and that basis alone, but I think -- that's the kind of
17     thing when you have somebody dragging their feet, that that's
18     when you pursue a pretrial remedy of contempt. And you did
19     once, and you got it.
20            MR. BERNICK: If I could --
21            MR. DAVIDOFF: One other thing. I want to just answer
22     that one question, and I apologize, Mr. Bernick.
23            There wasn't any point in coming back to Your Honor
24     because Your Honor, this is a judicially unreviewable power.
25     It's a judicially unreviewable power. We researched it. We

11/10/2005  Cook v. Rockwell 11/10/05 PM

1   You will have that opportunity, Ms. Roselle.

2           MR. DAVIDOFF:  Mr. Sorensen reminds me of one thing.
3   Mr. Kaufman is the next witness, and I think as to Mr. Kaufman
4   it would probably be a good idea if we had some court testimony
5   before he was -- before we had the jury present just to have
6   that --

7           THE COURT:  Well, I think we do because -- let's start
8   at 8:30 on Monday morning.  My problem with Mr. Kaufman is the
9   same with Mr. Hoffman.  If you want him to testify, the
10  Department of Energy was held in contempt, I am really -- I
11  really don't understand what that has to do with the evidence
12  in the case.  And that's -- so it may well be.  I haven't yet
13  received, to my knowledge, a motion to strike him from the
14  defense.

15          Now, I will tell you this, that I issued an order that
16  I prepared over the noon hour, and you will have it on your
17  e-mail when you get back to wherever you get your e-mails
18  regarding the filing of motions during trial.  And I was
19  probably a bit more sparky about it than I am now.

20          MR. BERNICK:  We are going to need to get from the
21  other side who they are really going to call when.

22          THE COURT:  Well, there is a problem with Kaufman, and
23  if Kaufman isn't called, then you have to have your next
24  witness ready.

25          MR. BERNICK:  We are assuming that will be

11/10/2005  Cook v. Rockwell 11/10/05 PM

1   the repository of confidential or national security
2   information. What outrageous hubris. Who does he think he is?
3           Who does the plaintiffs' counsel think that they are
4   to make -- pass judgments on what is in the national security
5   interests of the United States? He thinks he is so good about
6   them, he knows so much? They got classified information in
7   their heads. Let them go out and tell the jury. Let them feel
8   the burden of the law instead of arguing to the jury that
9   somehow our clients field the burden of the law. It is not up
10  to Mr. Davidoff, it's not up to this jury, not up to anybody
11  here to pass on the national security laws, and that is nakedly
12  what is taking place.
13          THE COURT: Thank you. I am ready it rule now. I
14  don't need 104 or further examination. The offer of proof has
15  failed to show that the plaintiffs were denied any information
16  needed in this case. I am not concerned with philosophical
17  issues, political issues or foot dragging by the Department of
18  Energy which was handled as it should have been handled in
19  terms of the contempt power of the Court, but it has nothing to
20  do with the factual determinations to be made by the jury here.
21          How difficult that is is a matter for pretrial case
22  management. The evidence of the amount of most MUF data is
23  declassified and it is admissible for two reasons, one, it
24  represents plutonium that could have spread to the plaintiff
25  class members' land; and two, it has an effect on class owners

1   during a period of time with regard to the enjoyment of their
2   property and not knowing the extent of such pollution as there
3   was.
4          The evidence that some information that might be
5   admissible for plaintiffs was -- remains classified, is
6   admissible and that's it.  That's it.  I am not going to permit
7   any further testimony.  I am rejecting the offer of proof
8   that -- because there has been a failure to show plaintiffs
9   were denied any information dealing with this case.  You have
10  demonstrated quite clearly how difficult it was, and I am not
11  going to get into the wisdom of what's in the security
12  interests of the United States.  That's simply not a matter for
13  me to decide.
14         MR. DAVIDOFF:  Counsel for the defendants have
15  reargued many rulings, and I have tried to avoid that, but
16  there is one aspect of this, Your Honor, that I believe has to
17  at least -- I respectfully ask you to hear me out.  If Your
18  Honor wants to call the jury in so we don't detain them any
19  further, I am happy to do that after the jury is dismissed
20  after Ms. Robb's testimony, but I do want to be heard out on
21  some of the specific types of documents that we submitted with
22  our motion.  I think it is extremely prejudicial, Your Honor,
23  for those to be ruled out of bounds in this case.
24         And I think, you know --
25         THE COURT:  I will hear you later.  Let's get the jury

**11/10/2005  Cook v. Rockwell 11/10/05 AM**

1  that, that's a different matter, and I expect it to be
2  presented in an offer of proof in advance of being submitted,
3  but anything in front of this jury that suggests there is any
4  kind of bad practice, illicit practice by any counsel in this
5  case is strictly prohibited, and if it comes up in this
6  context, I will declare a mistrial.
7            Now, I ask you to review the in limine orders that I
8  made on this.
9            MR. BERNICK:  Just very briefly, I appreciate Your
10 Honor's diligence.  It's obviously very, very difficult.  The
11 purpose of our suggestion to the Court really, I suppose is
12 related to the protected order, it's a little bit different.
13 What it says is not that it can never happen, but before it
14 does happen, there be some kind of statement before the Court
15 outside the presence of the jury.  We are very concerned that
16 the questioning itself will be used in front of the jury to
17 make all kinds of -- to put the witness in a position where it
18 looks like he is continuing to conceal something improperly.
19           As Your Honor has indicated, the real nub of the thing
20 is not so much the ultimate question of whether secrets about
21 weapons design are going to be revealed.  I don't think any one
22 of us are smart enough or knowledgeable enough to know what
23 that even really means.
24           THE COURT:  You know, just a minute.  I need to
25 interrupt you just a moment, because I realize this is a