# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-K-181

MERILYN COOK, WILLIAM JR. and DELORES SCHIERKOLK,
RICHARD and SALLY BARTLETT, and LORREN and GERTRUDE BABB,

    Plaintiffs,

    v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

## DISCLOSURE OF SUBJECT MATTER OF ANTICIPATED TESTIMONY

Through their counsel (Assistant United States Attorney Stephen Taylor, Esq.), the United States Department of Energy ("DOE") and the United States Department of Justice ("DOJ) have requested that plaintiffs in this civil action provide a summary of the topics on which certain witnesses who are present or former employees of DOE or DOJ, and who have been designated by plaintiffs to appear at the forthcoming trial in this matter, will testify. The witnesses as to whom this request has been made by DOE and/or DOJ, and the subject matter of their anticipated testimony, are identified and described in attachment A.

                                              Peter Nordberg
                                              Berger & Montague, P.C.
                                              1622 Locust Street
                                              Philadelphia, PA 19103
                                              (215) 875-3000

                                              Attorneys for Plaintiffs
                                              And the Class

## ATTACHMENT "A"

**Expected Testimonial areas of present and former government employees in**
*Merilyn Cook et al v. Rockwell Int'l Corp. and the Dow Chemical Corporation,*
**Civil Action No. 90-K-181 (D. Colo.).**

    1.    <u>Rodney Hoffmann.</u> Plaintiffs anticipate that Mr. Hoffman, a current or former Department of Energy classification official, will testify concerning:

        (a)    the Department of Energy's ("DOE") failure to comply with plaintiffs' discovery requests seeking information concerning Material Unaccounted For ("MUF");

        (b)    the United States District Court's decision holding the DOE in contempt of court [insert citation] for failure to produce materials responsive to plaintiffs' discovery requests seeking information concerning MUF;

        ( c)    DOE's heavily redaction of MUF documents AFTER DOE was held in contempt and DOE's related failure to individually determine whether material being redacted would be in any way detrimental to national security interests.

    2.    <u>Richard Kaufman.</u> Plaintiffs anticipate that Mr. Kaufman will testify, a current or former Department of Justice official, will testify concerning:

        (a)    DOE's failure to comply with plaintiffs' discovery requests seeking information concerning MUF;

        (b)    the United States District Court's decision holding the DOE in contempt of court [insert citation] for failure to produce materials responsive to plaintiffs' discovery requests seeking information concern

        ( c)    any involvement of personnel from the defense law firm of Kirkland & Ellis in the decision to withhold discoverable information concerning MUF in response to plaintiffs' discovery requests.

    3.    <u>Jon Lipsky</u>. Plaintiffs anticipate that former Federal Bureau of Investigation Special Agent Jon Lipsky will testify concerning:

        (a)    his knowledge of the criminal investigation of Rockwell International relating to Rockwell's operation of the Rocky Flats nuclear facility;

        (b)    his knowledge of environmental crimes committed at the Rocky Flats nuclear facility;

(c) the information contained in his Congressional testimony before United States' House of Representatives Subcommittee on Investigations and Oversight before the House Committee on Science, Space and Technology in October 1992 (exclusive of testimony concerning alleged deficiencies in the conduct of the criminal investigation itself);

(d) the information attributed to him contained in Carol Balkany's book, "The Ambushed Grand Jury" (exclusive of testimony concerning alleged deficiencies in the conduct of the criminal investigation itself); and

(e) topics covered in the deposition of former Environmental Protection Agency agent William Smith on June 24, 2004 attended by Assistant United States Attorney Stephen Taylor.