IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ADMIT
EXHIBITS P-10, P-371, P-548, P-651, P-652, P-653, P-654, & P-655**
_____

Defendants hereby object to Exhibits P-371, P-548, P-651, P-652, P-653, P-654, and P-655 that Plaintiffs have proffered for use with Rodney Hoffman.  These exhibits are irrelevant and inadmissible under the Court's rulings of November 10, 2005.  Each of these exhibits is also inadmissible for other, independent failings under the Federal Rules of Evidence.

## **GENERAL OBJECTIONS**

The standards of admissibility and relevance that apply to these documents have been articulated repeatedly by this Court.  These standards hold that:

> It isn't what the defense does, how much they have paid, what the Department of Energy does, how many people they have working on this or not working on it, when they make their decision, none of that matters.  If you have specific evidence that you have tried to bring forth and you have been frustrated in your effort by the classification process, that is admissible, that and that alone.

>                 \*     \*     \*

> The evidence that some information that might be admissible for plaintiffs was—remains classified, is admissible and that's it.  That's it.  I am not going to permit any further testimony.

\*   \*   \*

> [Y]our witness must show that you attempted to get this evidence and you didn't. Whether or not they had bad faith motivations or otherwise, whether it's political, philosophical or religious doesn't matter.

(Tr. at 4886–87, 5005, 5054.)

Based on both Plaintiffs' motion and the detailed presentation of plaintiffs' counsel, Plaintiffs offer these exhibits precisely for the purposes forbidden by this Court's rulings. Specifically, Plaintiffs seek to use these exhibits to "show a pattern, stretching back decades, of misuse of classification powers by the DOE and its predecessor agencies." (Pls.' Mot. to Admit at 2.) Indeed, in open court, Plaintiffs confirmed their intention to show that there "are other improper purposes that are displayed by these documents." (Trial Tr. at 5048.)[1]

This Court has already rejected the exhibits for any purpose inquiring into the motives behind classification. "What you have are comments that people are talking about it's bad for PR, it's bad for pending litigation, bad for this, bad for that, but you still have a classification decision that's made, and the Congress says it's none of my business." (Trial Tr. at 5050–51.) These exhibits should therefore be excluded.[2]

---

[1] To the extent Plaintiffs seek to use these exhibits as evidence of a "pattern" of improper classification decision-making, the documents are also precluded by Rule 404(b), which excludes evidence of other alleged "wrongs" to prove "the character of a person in order to show action in conformity therewith."

[2] Defendants object to PX10 to the extent plaintiffs seek to offer this document for the prohibited purposes described above.

**SPECIFIC OBJECTIONS**

**P-371:**  Defendants further object to P-371 on four additional grounds.

First, P-371 is hearsay that does not qualify for any exception.  The face of the document suggests that its author was an ERDA representative, not a representative of either Defendant.  Neither does it meet the requirements of a government report.

Second, P-371 contains a reference to the *Church* litigation.  This Court has already ruled that evidence relating to the *Church* litigation cannot be admitted.  (*See* Trial Tr. at 550, 591.)  The prejudice to Defendants that would result from the admission of this document cannot be cured by Plaintiffs' claims that they are offering it for a different purpose, particularly as that purpose is irrelevant and impermissible.  *See* General Objections.

Third, Plaintiffs have laid no foundation for the admission of P-371.

Fourth, P-371 is incomplete on its face.  The page numbers indicate that there is a 20-page gap (4448049-4448069) between the second and third pages of this exhibit.

**P-548 & P-652:**  Defendants object to P-548 & P-652 (which are substantially similar copies of the same document)[3] on five other grounds.

First, the Court has specifically ruled that paragraph 10 of this document is inadmissible because it refers to the *Church* litigation.  (*See* Trial Tr. at 591 ("The Court:  You can't go into No. 10.").)  It is immaterial that the paragraph does not mention *Church* by name, particularly

---

[3] Contrary to plaintiffs' claim, that the redactions to these two documents are somewhat different is not evidence of bad faith or improper conduct.  (Pls.' Mot. to Admit at 6.)  Notably, neither of the two documents has had redacted from it the language in paragraphs 8 and 10 on which Plaintiffs rely.

where Plaintiffs' counsel represented that this paragraph speaks to the *Church* litigation.  (Trial Tr. at 391.)

Second, in the long history of this case, Plaintiffs have never been able to authenticate this document.  There is no author, date or even identifying agency or corporate marking.  Plaintiffs have not established why the document was written, what it was used for, or whether it was even considered in any decision-making process.  This authentication problem is compounded because plaintiffs can easily exploit the lack of author and date by suggesting different authors and different dates as their case theories require.

Third, plaintiffs have laid no foundation for this document.  (*See, e.g.,* 7/21/95 Hr'g Tr. (Hoffman) at 242 ("I want to know if you can identify this document, sir. You recently declassified it at our request?  Yes, that was the first time that I had seen the document but I have seen it, yes.")  Plaintiffs cannot get around the foundation requirement by choosing to read the document to the jury.

Fourth, the document constitutes inadmissible hearsay.  Again, plaintiffs have never been able to tell the Court who wrote the document; thus it cannot come in as an admission.  Further, it cannot be considered a business record because there has been no showing that it is kept in the course of a regularly conducted business activity.

Fifth, the document is unfairly prejudicial compared to its probative value, if any.  Any statements made to the jury about the document's origin or use will be complete speculation.  Furthermore, defendants could be prejudiced if jurors are left to speculate about what significance the document had in the decision-making process and its relevance to this case.

**P-651:**  Defendants object to P-651 because it is a hearsay letter written by Plaintiffs' counsel that does not qualify for any exception.  Plaintiffs also have laid no foundation for the admission of this document.

**P-653:**  Defendants object to P-653 because the document is hearsay that does not qualify for any exception.  The face of the document suggests that its author was a DOE representative, not a representative of either Defendant.  Neither does it meet the requirements of a government report.  Plaintiffs also have laid no foundation for the admission of this document.

**P-654 & P-655:**  Defendants object to P-654 and P-655 on the additional ground that these documents are hearsay within hearsay that do not qualify for any exception.  The exhibits both consist entirely of notes taken by Mr. Hoffman of out-of-court statements made by non-parties at various conferences and that are being offered for the truth of the matters asserted.  Plaintiffs fail to establish that the statements qualify for any hearsay exception.

Dated:  November 11, 2005                         Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900

Fax:	303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that on November 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


                                      /s/ Courtney Biggins_____
                                      Courtney Biggins (legal assistant)