**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

___

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ADMIT DOCUMENTS
AND PRESENT THEM DIRECTLY TO THE JURY**
___

        Defendants do not object, in principle, to the presentation of documents directly to the jury, but Defendants disagree with Plaintiffs' assertion that "[t]hese documents are all authentic records." Plaintiffs cannot circumvent the requirements of the Rules of Evidence by reading documents directly to the jury. They must still provide foundation to authenticate each document, and for any hearsay document, they must carry their burden to establish the applicability of a hearsay exception. In their motion, Plaintiffs ***make no attempt whatsoever*** to lay the foundation for the admissibility of any of the documents they seek to admit. As discussed below, first generally and then on a document-by-document basis, Defendants object to the admission of many of these exhibits in light of Plaintiffs' failure to authenticate them and lay a foundation for their admissibility.

## I. PLAINTIFFS BEAR THE BURDEN OF PROVING THE ADMISSIBILITY OF THEIR PROFFERED EVIDENCE.

It is the burden of the proffering party to establish the applicability of an exception to the hearsay rule.  *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) (holding that the offering party must prove that preliminary admissibility requirements are met by a preponderance of the evidence); *United States v. Samaniego*, 187 F.3d 1222, 1224 (10th Cir. 1999) ("The obligation of establishing the applicability of a hearsay exception for these records falls upon the government as the proponent of the evidence.")  This general rule holds true for each of the hearsay exceptions under which plaintiffs seek to admit these documents, including the exception for party admissions of Rule 801(d), *Bourjaily*, 483 U.S. at 175–176; *Curtis v. Oklahoma City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200, 1218 n.21 (10th Cir. 1998); the business records exception of Rule 803(6), *Samaniego*, 187 F.3d at 1224; and the government records and reports exception under Rule 803(8), *Bridgeway Corp. v. Citibank*, 201 F.3d 134 (2d Cir. 2000). Specifically, with respect to the business records exception, the Tenth Circuit has held that the Rule "requires that the custodian or other qualified witness testify that (1) the records were made contemporaneously with the events and 'kept in the course of a regularly conducted business activity,' and (2) 'it was the regular practice of that business activity to make the [record].'" *Samaniego*, 187 F.3d at 1224 (quoting Fed. R. Evid. 803(6).)

Similarly, Plaintiffs bear the burden of meeting authentication requirements with respect to each of the documents they proffer.  *See* Fed. R. Evid. 901 (requiring "evidence sufficient to support a finding that the matter in question is what its proponent claims").  The need to authenticate a document before it is admitted into evidence is separate and independent from the need to justify its admission under a hearsay exception, and "[t]he fact that a document may be self-authenticating," such as a newspaper article under Rule 902(6), "does not render it

admissible if it is hearsay in the absence of a recognized exception to the rule against hearsay."

*United States v. Bellucci*, 995 F.2d 157, 160 (9th Cir. 1993).

Plaintiffs should be put to this burden of justifying the admission of their proffered exhibits, and their exhibits should be excluded unless and until such burden is met.

## II. DEFENDANTS' DOCUMENT-SPECIFIC OBJECTIONS WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY DENIED.

### A. Defendants' Motion *in Limine* to Exclude Evidence of the 1989 FBI Raid on Rocky Flats and Related Evidence

Defendants object to the following exhibits on the ground that evidence related to the FBI raid is inadmissible under Federal Rules of Evidence 402 and 403 (*see* Defs.' Mot. *in Limine* No. 1, filed 6/16/05):  P-604, P-736.

### B. Defendants' Motion *in Limine* to Exclude Evidence of the Grand Jury Investigation of Rocky Flats and Related Evidence

Defendants object to the following exhibits on the ground that evidence related to the grand jury investigation of Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 2, filed 6/16/05):  P-604, P-736.

### C. Defendants' Motion *in Limine* to Exclude Evidence of Rockwell's Guilty Plea and Plea-Related Conduct

Defendants object to the following exhibits on the ground that evidence related to Rockwell's guilty plea and plea-related conduct is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 3, filed 6/16/05):  P-604, P-736.

### D. Defendants' Motion *in Limine* to Exclude Evidence of Substances Other Than Plutonium to the Extent Plaintiffs Cannot Demonstrate Support for a Class-Wide Nuisance

Defendants object to the following exhibits on the ground that evidence related to substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 6, filed 6/16/05):  P-338, P-604, P-736, P-410, P-411.

### E. Defendants' Motion *in Limine* to Exclude Evidence Related to Employee Safety and Health

Defendants object to the following exhibits on the ground that evidence related to employee safety and health is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 7, filed 6/16/05):  P-338.

### F. Defendants' Motion *in Limine* to Exclude Evidence Related to Releases and Incidents That Occurred Wholly Within Buildings

Defendants object to the following exhibits on the ground that evidence related to releases, incidents, and conditions that occurred solely within buildings at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 8, filed 6/16/05):  P-338, P-604, P-736, P-19, P-321.

### G. Defendants' Motion *in Limine* to Exclude Evidence of Past "Risks" That Never Occurred and Now Cannot Happen

Defendants object to the following exhibits on the ground that evidence related to past "risks" at Rocky Flats that never occurred and now cannot occur is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 10, filed 6/16/05):  P-338, P-604, P-736, P-199.

### H. Defendants' Motion *in Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs Cannot Link to Their Trespass and Nuisance Claims

Defendants object to the following exhibits on the ground that evidence about plutonium practices and incidents that plaintiffs cannot link to their trespass and nuisance claims is

inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05): P-338, P-19, P-321.

### I.  Defendants' Motion *in Limine* to Exclude Evidence That Does Not Apply Class-Wide

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 12, filed 6/16/05): P-338, P-736, P-19, P-199, P-321, P-410, P-411.

### III.  DEFENDANTS' OTHER DOCUMENT-SPECIFIC OBJECTIONS.

Defendants also assert the following objections on a document-specific basis:

Defendants object to P-19 because it is hearsay and does not fall within any exception (not a government report). Defendants object to P-19 on authenticity grounds (underlining and handwriting on every page) and on grounds that it is not relevant.

Defendants object to P-27 because it is hearsay and hearsay within hearsay and does not fall within any exception. Defendants object to P-27 on grounds of authenticity (handwriting on pages 5-6).

Defendants object to P-95 on grounds of authenticity (handwriting on pages 3).

Defendants object to P-165 because it is hearsay and hearsay within hearsay and does not fall within any exception (not a government report).

Defendants object to P-214 because it is hearsay and hearsay within hearsay and does not fall within any exception (not an admission because it is not on Dow letterhead and not clear who C. M. Love is from letter). Defendants object to P-214 on grounds of authenticity (draft) and foundation (Mr. Love testified at deposition he did not author the document). Defendants also object to P-214 on the grounds that it is incomplete.

5

Defendants object to P-281 because it is hearsay within hearsay and does not fall within any exception.

Defendants object to P-321 because it is hearsay and does not fall within any exception (not a government report).  Defendants object to P-321 because it is not relevant.

Defendants object o P-338 because it contains hearsay within hearsay.

Defendants object to P-408 on cumulativeness grounds because it is part of the 1957 Fire Report which has already been admitted into evidence.

Defendants object to P-410 on grounds of authenticity (draft) and foundation.

Defendants object to P-411 on the grounds it is not relevant.

Defendants object to P-431 because it is incomplete.

Defendants object to P-455 because it is irrelevant, it is hearsay, and it is incomplete.

Defendants object to P-479 on the grounds that page 3 contains a reference to the Church litigation, and should be redacted.

Defendants object to P-652 for the reasons stated in Defendants' response to Plaintiffs' motion to admit that exhibit for use with Rodney Hoffman, filed November 11, 2005.

Defendants object to P-1269 for the reasons stated in Defendants' objections to Exhibits sought to be used by Plaintiffs in connection with Jon Lipsky, filed October 24, 2005.


Dated:  November 11, 2005                    Respectfully submitted,


                                             /s/ Stephanie A. Brennan_____
                                             One of the Attorneys for the Defendants
                                             David M. Bernick
                                             Douglas J. Kurtenbach
                                             Ellen Therese Ahern

Mark J. Nomellini
Stephanie A. Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


                                              /s/ Kari Knudsen_____
                                              Kari Knudsen (legal assistant)