**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION
TESTIMONY OF ALBERT J. HAZLE AND TO USE OF DEPOSITION EXHIBITS AT
TRIAL**

---

Plaintiffs have tendered to Defendants their designations of portions of the deposition

testimony of Albert J. Hazle.  Defendants tender the following objections to plaintiffs'

designation of testimony to be read to the jury and to exhibits used at deposition, and request that

the Court exclude the testimony and exhibits identified below.   Defendants have tendered to the

Court a copy of the transcript of the Hazle deposition on which they have indicated their

objections to specific testimony that plaintiffs have designated to be read to the jury.

Defendants' counter-designations are also included.  Copies of these transcripts are attached as

Exhibits 1-3.

I.      **OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY DENIED.**

Set forth below are objections to plaintiffs' exhibits based on arguments set forth in

defendants' previously-denied motions *in limine*.  Defendants re-assert these objections here in

order to preserve their rights.

A.      **Defendants' Motion *in Limine* to Exclude Evidence of Substances Other Than Plutonium to the Extent Plaintiffs Cannot Demonstrate Support for a Class-Wide Nuisance**

Defendants object to the following exhibits on the ground that evidence related to

substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in*

*Limine* No. 6, filed 6/16/05):  P-182, P-183.

B.      **Defendants' Motion *in Limine* to Exclude Evidence Related to Employee Safety and Health**

Defendants object to the following exhibits on the ground that evidence related to

employee health and safety at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.'

Mot. *in Limine* No. 7, filed 6/16/05):  P-182, P-183.

C.      **Defendants' Motion *in Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs Cannot Link to Their Trespass and Nuisance Claims**

Defendants object to the following exhibits on the ground that evidence related to

plutonium-related practices and incidents that did not and never could have a class-wide impact

is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05):  P-

158, P-182, P-183, P-202, P-203.

     **D.**     **Defendants' Motion *in Limine* to Exclude Evidence That Does Not Apply Class-Wide**

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 12, filed 6/16/05):  P-158, P-182, P-183, P-202, P-203.

**II.**     **ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED**

Included among the testimony the plaintiffs have designated is testimony relating to several exhibits marked during the deposition of Hazle.  Plaintiffs have not supplied the Defendants with copies of these exhibits or any exhibits that they intend to offer as trial exhibits. Since the Plaintiffs were required to tender any exhibits they intend to use during the reading of Hazle's deposition, pursuant to this Court's orders, Defendants object to testimony concerning these exhibits and request that the Court exclude the testimony and exhibits.  The Plaintiffs should not be permitted to disclose the contents of exhibits they have not offered into evidence or tendered to Defendants.   Nevertheless, defendants anticipate that Plaintiffs will attempt to introduce these exhibits into evidence during the reading of the Hazle deposition.  Accordingly, for the reasons set forth below, defendants object to the use or admission into evidence at trial of the following documents:

Defendants object to P-158 because it is hearsay and hearsay within hearsay and does not fall within an exception (Plaintiffs have not met the requirements of ancient document exception).  Defendants object to P-158 on foundation grounds.

Defendants object to P-159 because it is hearsay and hearsay within hearsay and does not fall within an exception (not a treatise).

Defendants object to P-160 because it is hearsay and hearsay within hearsay and does not fall within any exception.  Defendants object to P-160 on foundation grounds.

Defendants object to P-163 because it is hearsay and hearsay within hearsay and does not fall within an exception.

Defendants object to P-178 because it is hearsay and hearsay within hearsay and does not fall within an exception (not a government report).

Defendants object to P-182 because it is hearsay and hearsay within hearsay and does not fall within an exception (not a government report).  Defendants object to P-182 because it is confusing and misleading.

Defendants object to P-183 because it is hearsay and hearsay within hearsay and does not fall within an exception (not a public record or report because does not consist of factual findings but recommendations).

Defendants object to P-194 because it is hearsay and hearsay within hearsay and does not fall within an exception.  Defendants object to P-194 on grounds of authenticity (missing attachments) and foundation.  Defendants object to P-194 because it is unfairly prejudicial and is confusing and misleading.

Defendants object to P-202 because it is hearsay and hearsay within hearsay and does not fall within an exception.  If offered for notice only, defendants have no objection.

Defendants object to P-203 because it is hearsay and hearsay within hearsay and does not fall within an exception.  If offered for notice only, defendants have no objection.

Defendants object to P-204 because it is hearsay and hearsay within hearsay and does not fall within an exception.  If offered for notice only, defendants have no objection.  Defendants object to P-194 because it is unfairly prejudicial and is confusing and misleading.

Defendants object to P-205 because it is hearsay and hearsay within hearsay and does not fall within an exception.  If offered for notice only, defendants have no objection.

Defendants reserve the right to object to other exhibits, if any, proferred in connection with Hazle's testimony.


Dated:  November 11, 2005                                 Respectfully submitted,


                                                          /s/ Stephanie A. Brennan_____
                                                          One of the Attorneys for the Defendants
                                                          David M. Bernick
                                                          Douglas J. Kurtenbach
                                                          Ellen Therese Ahern
                                                          Mark J. Nomellini
                                                          Stephanie A. Brennan
                                                          KIRKLAND & ELLIS LLP
                                                          200 East Randolph Drive
                                                          Chicago, Illinois 60601-6636
                                                          Phone:  312-861-2000
                                                          Fax:     312-861-2200

                                                          Joseph J. Bronesky
                                                          SHERMAN & HOWARD L.L.C.
                                                          633 Seventeenth Street, Suite 3000
                                                          Denver, Colorado 80202
                                                          Phone:  303-297-2900

6

Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Courtney Biggins_____
Courtney Biggins (legal assistant)