IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    Plaintiffs,

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    Defendants.

## OPPOSITION TO DEFENDANTS' EXHIBITS

Plaintiffs hereby object to certain exhibits offered by defendants in their November 10 Motion and in court on November 11.

**I.  OBJECTIONS TO EXHIBITS FROM DEFENDANTS' NOVEMBER 10 MOTION TO ADMIT**

DX 553, a letter from John F. Ahearne to Hon. James D. Watkins, is inadmissible because it contains hearsay within hearsay under Fed. R. Evid. 802 and expert opinion under Rule 702.

DX 497 is a web site printout from Consulting in the Public Interest. The exhibit is irrelevant and is more prejudicial than probative under Fed. R. Evid. 403. The probative value of the exhibit is minimal, because as Dr. Smallwood testified, he is not an employee of CIPI and has not done any paid consulting work for CIPI. *See* Nov. 3 Tr. at 4031, 4034, 4036. This exhibit would serve no substantial purpose except to bias some members of the jury against Dr. Smallwood based on the company he keeps.

Plaintiffs object to defendants' graphics DX 1078 and 1078a because they are improper expert evidence (Fed. R. Evid. 702), they are confusing (Fed. R. Evid. 403), and they are so devoid of useful information as to be irrelevant, that is, they do not make the existence of a material fact more or less probable (Fed. R. Evid. 401).

DX 1222 and 1223 are objectionable because they are a thinly veiled attempt to re-argue defendants' "coming to the nuisance" or statute of limitations defenses. DX 1222 and 1225 depict a map of the class area in 1969, showing the location of residential properties that existed at that time. DX 1223 and 1226 show development from 1969 through 1989. This Court has ruled that evidence used to show "coming to the nuisance," assumption of the risk, or statute of limitations is inadmissible. *See* 9/13/05 Hrg. Tr. at 5-6. The graphics were used with Dr. Smallwood, who is not a property value expert, so any claim that the graphics are relevant to an alleged damages set-off is implausible.

DX 1229 and 1244, graphics which purport to depict differences in development in different sections of the class area, are objectionable because they lack foundation, contain hearsay, and constitute improper Rule 1006 summaries and improper Rule 702 expert opinion.

DX 1274 is objectionable under Rule 403 because it is hopelessly confusing and thus any conceivable probative value is outweighed by the risk of jury confusion. It also lacks foundation and is an improper Rule 1006 summary and contains improper Rule 702 expert opinion.

## II.   OBJECTIONS TO DEFENDANTS' EXHIBITS OFFERED INTO EVIDENCE AT TRIAL ON NOVEMBER 11

Plaintiffs object to DX 623, a printout of the Jefferson County Assessor's Office web page

showing the 2004 sale price of Ms. Robb's property. This exhibit violates the Court's Order on the Motion *in Limine* excluding evidence of absolute property values. *See* 9/13/05 Hrg Tr. at 5.

Plaintiffs also object to DX-37, 38, 379, 609, and 610, which are scientific articles about epidemiology or plutonium releases from Rocky Flats. These articles are improper, unsponsored expert opinion under Rule 702. They are also hearsay under Rule 802, and due to their highly technical nature carry a high risk of jury confusion under Rule 403. The Court has excluded learned treatises offered by plaintiffs, even though those articles were authored by the expert who was on the witness stand and available to cross-examine, *see* Nov. 3 Tr. at 3922-23; the same rule should apply to articles offered by defendants, especially when those authors are not witnesses in this trial.

Respectfully submitted,

Dated: November 11, 2005

/s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
jmacnaughton@bm.net

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*

3