IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-cv-181-JLK
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO STRIKE RICHARD KAUFMAN AS WITNESS**
_____

Plaintiffs respectfully submit this memorandum in opposition to Defendants' Motion to Strike Richard Kaufman as a Witness (filed Nov. 11, 2005) [Ct. Rec. 1628].

### I. SUMMARY

The Court has held on multiple occasions, dating back to the Court's original rulings on the motions in limine, that evidence of DOE's classification practices and discovery conduct in this litigation would be admissible. Plaintiffs do not believe that the Court's ruling last week on Mr. Hoffman's testimony was intended to vacate the Court's prior decisions on those subjects. Defendants' contrary interpretation, if adopted by the Court, would operate to plaintiffs' severe prejudice, given plaintiffs' reliance on the Court's previous rulings during plaintiffs' opening statement, as well as in the overall planning and presentation of plaintiffs' case.

Despite defendants' attempts to equate Mr. Kaufman's testimony with Mr. Hoffman's, the two witnesses possess very different personal knowledge on very different subjects. Mr. Kaufman's knowledge does not extend, for example, to classified practices at the site during past decades, but it does embrace subjects that are squarely admissible under the Court's prior rulings. In particular, Mr. Kaufman can testify to indisputable facts about DOE's actual discovery conduct in this very litigation. Unless that conduct is presented to the jury, the jurors will be unable to evaluate why the parties have been unable to bring pertinent evidence to the jury's attention.

Plaintiffs do not intend to offer any testimony from Mr. Kaufman that would fall outside the guidelines previously announced by the Court. In particular, plaintiffs will elicit no testimony from Mr. Kaufman, in the jury's presence, about any link between DOE's conduct and defense counsel. Plaintiffs recommend that before Mr. Kaufman's testimony begins, plaintiffs be permitted to present a brief offer of proof outside the presence of the jury. That will help to avoid any inadvertent intrusions into areas that the Court may consider sensitive, irrelevant, or prejudicial.

## II.  ARGUMENT

Defendants' submission is written as though the Court had never addressed the issue of DOE's exercise of its classification powers, or issued any rulings concerning DOE's decisions to release or withhold the evidence in its custody, until the Court ruled last week on plaintiffs' offer of proof for Mr. Hoffman. On multiple previous occasions, however, the Court has in fact addressed the admissibility of evidence involving DOE's discovery compliance, the contempt ruling, and the unavailability of certain evidence as the result of DOE's exercise of its classification powers. On each occasion, the Court held that evidence on those points would be admissible.

The first such ruling was issued in response to defendants' motion in limine on the subject. *See* Defendants' Motion in Limine No. 5 to Exclude Evidence of Document Classification Issues and Discovery Conduct (filed June 16, 2005) [Ct. Rec. 1358]. The Court denied that motion at a status conference held on August 22, 2005. *See* Courtroom Minutes 2 (Aug. 22, 2005) [Ct. Rec. 1428]. At the status conference, the Court said:

> Four, defendants' motion in limine No. 5 to exclude evidence of document classification issues and discovery conduct by the Department of Energy will be denied. Plaintiffs are entitled to show why they are unable to present all of the evidence they sought. I have not yet determined, however, whether a spoliation instruction is warranted, but my present impression is that it will not be.

*See* Reporter's Transcript at 8 (Aug. 22, 2005) (Ex. A)

Defendants raised the issue again on October 7, 2005. After lengthy colloquy, the Court again ruled that evidence of DOE's discovery conduct in this case would be admissible:

> The finding of contempt and the lack of any appeal, plus the payment by the Department of Energy, constitutes an admission. And it is admissible to show that they were, indeed – the Department was indeed held in contempt for frustrating discovery in this case.
>
> The jury will be instructed in this case that they may consider the withholding of evidence by the Department of Energy as it relates to either party in the case.
>
> The failed efforts to obtain information from the Department of Energy as a result of classification or overclassification is admissible.
>
> . . . .
>
> The Department of Energy has withheld evidence in this case. It has classified evidence. It has made it difficult, if not impossible, for the parties to present their case to a jury, and that is a fact, and it can be brought into evidence in this case.

Case No. 1:90-cv-00181-JLK   Document 1637   filed 11/13/05   USDC Colorado   pg 3 of 6

*See* Reporter's Transcript at 410-12 (Oct. 7, 2005) (Ex. B).  The Court went on to note, in response to a request from defense counsel for "clarification," that the Court was unsure whether it would permit evidence focusing on DOE's *purpose or motive* in withholding the evidence:

> *MR. BERNICK:* May I ask for clarification on that?  Because it's very important.
>
> Is it Your Honor's determination that counsel will be permitted not only to identify – to state that the Department of Energy classified or underclassified or overclassified, but it did so for purposes of controlling or manipulating the evidence in this case?
>
> *THE COURT:*  I don't know about that.  I don't know.  I did see a document that may or may not be that.  I don't know.

*Id.* at 412 (Ex. B).

In light of these rulings, and in reasonable reliance on them, plaintiffs discussed DOE's classification decisions and discovery conduct at some length during opening statements.  The Court sustained defendants' objections in this area on a few narrow points, but overruled others.  *See* Reporter's Transcript 586-601 (Oct. 11, 2005) (Ex. C).

Defendants ignore these prior rulings, choosing to focus instead on the Court's decision last week rejecting plaintiffs' offer of proof for Mr. Hoffman.  Defendants argue that Mr. Kaufman's contemplated testimony will be substantially identical to Mr. Hoffman's.  "[T]here is no question," defendants say, "that plaintiffs have called Mr. Kaufman as a witness in order to repeat before the jury the same accusations of DOE discovery abuse and classification abuse that they had planned to discuss with Mr. Hoffman."  *See* Defendants' Motion at 2.

With all respect, defendants' representations on this score are simply untrue. The witnesses' names may rhyme, but Mr. Kaufman is not the same witness as Mr. Hoffman.  He has personal knowledge of different events, involving different persons, from different time periods.  Plaintiffs

*Plaintiffs' Opposition to Defendants' Motion to Strike Mr. Kaufman as Witness – Page 4*

will not offer Mr. Kaufman, for example, to testify about DOE's classification practices in years gone by, or about how those practices may have affected other litigation, or about various historical DOE documents that may have reflected a motive or purpose by DOE to suppress embarrassing information that that might lead to findings of legal liability.

Mr. Kaufman does have personal knowledge, however, of highly material facts, beyond serious dispute, concerning DOE's *actual discovery conduct in this litigation*. Those facts fall squarely within the categories that the Court has previously ruled admissible. They include the facts that DOE was subpoenaed for documents, that DOE voluntarily entered into a stipulated order to govern the terms and conditions of its discovery compliance (including compliance with plaintiffs' requests for classified documents involving MUF and other subjects), and that DOE then failed to adhere to that stipulated order and was held in contempt.

Unless this basic set of facts is somehow placed before the jurors, they will be unable to understand how plaintiffs did indeed pursue what legal recourse they had to secure declassification of the relevant documents, or that DOE frustrated plaintiffs in the attempt. Plaintiffs do not intend to offer any evidence or argument, before the jury, that would link defense counsel with DOE's conduct.

In a separate submission, filed under seal from what may be an excess of caution, plaintiffs are tendering the entire transcript of Mr. Kaufman's deposition (taken by defendants). To ensure that Mr. Kaufman's testimony does not venture into areas that the Court may consider sensitive, prejudicial, or irrelevant, plaintiffs suggest that his testimony on Monday morning be preceded by a short offer of proof, conducted outside the jury's presence. Plaintiffs do not contemplate that this offer of proof would become a vehicle for renewed argument on points that have already been

presented to the Court at length. It would supply a method, however, by which to test whether Mr. Kaufman's testimony falls within the scope permitted under the Court's rulings.

### III.  CONCLUSION

For the reasons given above, plaintiffs respectfully request that defendants' motion to strike Mr. Kaufman as a witness be denied.

Respectfully submitted,

Dated: November 13, 2005    s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs
And the Class