# Exhibit A

```
                                                                    1


     1                 IN THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF COLORADO
     2
         Civil Action No. 90-CV-181
     3
         MERILYN COOK, et al.,
     4
              Plaintiffs,
     5
         vs.
     6
         ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL
     7   COMPANY,

     8        Defendants.
    _____
     9

    10                       REPORTER'S TRANSCRIPT
                           Trial Preparation Conference
    11
    _____
    12

    13          Proceedings before the HONORABLE JOHN L. KANE, JR.,

    14   Judge, United States District Court for the District of

    15   Colorado, commencing at 9:00 a.m., on the 22nd day of August,

    16   2005, in Courtroom A802, United States Courthouse, Denver,

    17   Colorado.

    18

    19

    20

    21

    22

    23

    24   Proceeding Recorded by Mechanical Stenography, Transcription
         Produced via Computer by Janet M. Coppock, 901 19th Street,
    25      Room A-257, Denver, Colorado, 80294, (303) 893-2835
```

8

```
 1   can adjust your trial preparations accordingly.  I also
 2   recognize that this line may raise questions regarding the
 3   admissibility of evidence regarding the publicity generated by
 4   these events.  Consistent with the preliminary ruling stated
 5   above, this publicity is relevant and admissible because it
 6   goes to the market's knowledge of Rockwell's alleged misconduct
 7   and alleged risks caused by it.  But it may not be used as a
 8   back door to introduce evidence regarding the controversy about
 9   the Grand Jury and the Federal Government's prosecution of
10   Rockwell.
11            Whether a particular exhibit is admissible under this
12   standard will likely be on an exhibit-by-exhibit basis.  I
13   discourage the -- I encourage, excuse me, I encourage the
14   parties to examine their intended exhibits to identify and
15   eliminate any that are problematic under this standard.
16            Three, defendants' motion in limine No. 4 to exclude
17   evidence of the Department of Energy's indemnification of
18   Defendants will be denied.
19            Four, defendants' motion in limine No. 5 to exclude
20   evidence of document classification issues and discovery
21   conduct by the Department of Energy will be denied.  Plaintiffs
22   are entitled to show why they are unable to present all of the
23   evidence they sought.  I have not yet determined, however,
24   whether a spoliation instruction is warranted, but my present
25   impression is that it will not be.
```