# Exhibit B

268

```
 1                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLORADO
 2
     Civil Action No. 90-cv-00181(JLK)
 3
     MERILYN COOK, et al.,
 4
         Plaintiffs,
 5
     vs.
 6
     ROCKWELL INTERNATIONAL CORPORATION and
 7   THE DOW CHEMICAL COMPANY,

 8       Defendants.
     _____
 9

10                         REPORTER'S TRANSCRIPT
                              TRIAL TO JURY
11                              VOLUME 3

12   _____

13           Proceedings before the HONORABLE JOHN L. KANE, JR.,

14   Senior Judge, United States District Court for the District of

15   Colorado, continuing at 9:16 a.m., on the 7th day of October,

16   2005, in Courtroom A802, United States Courthouse, Denver,

17   Colorado.

18

19

20

21

22

23

24   Proceeding Recorded by Mechanical Stenography, Transcription
       Produced via Computer by Therese Lindblom, 901 19th Street,
25         Room A259, Denver, Colorado, 80294, (303) 628-7877
```

410

```
 1   ChemRisk, and were reviewed by RAC and ChemRisk.  They looked
 2   at them, and they decided -- they decided that MUF was not the
 3   answer here, that there was much more reliable data.  So the
 4   idea that somehow we're proffering evidence through RAC and
 5   ChemRisk that is tainted by the unavailability of this
 6   information is a joke.  It was totally available to these
 7   people.
 8          So they must be saying that the manipulation actually
 9   goes to the underlying data itself?  It doesn't go to the
10   underlying data itself.
11          I'll sit down.
12          MR. DAVIDOFF:  I have much more to say, but I will
13   refrain from saying it, Your Honor.
14          THE COURT:  I'm sure that you do, and I'm glad that
15   you're not, because I'm ready to tell you what my rulings are,
16   and to the extent that I'm making any sort of underlying
17   comment, that's probably a mistake on my part, but I'm going
18   to.
19          This is a problem which has presented to us as a
20   consequence of the lack of full consideration given to the
21   Price-Anderson Act, and that's why all of us are here and why
22   all of us are in this confusing mess that we are.
23          The fact of the matter is that the Department of
24   Energy did have the opportunity to take over the defense of
25   this case.  The fact of the matter is that the Department of
```

411

```
 1   Energy could have supervised or ordered the party -- the
 2   defendants in this case into settlement, and the Department of
 3   Energy could have settled this case and hasn't.  That is a
 4   matter that this jury is entitled to know why they are here.
 5            The finding of contempt and the lack of any appeal,
 6   plus the payment by the Department of Energy, constitutes an
 7   admission.  And it is admissible to show that they were,
 8   indeed -- the Department was indeed held in contempt for
 9   frustrating discovery in this case.
10            The jury will be instructed in this case that they may
11   consider the withholding of evidence by the Department of
12   Energy as it relates to either party in the case.
13            The failed efforts to obtain information from the
14   Department of Energy as a result of classification or
15   overclassification is admissible.
16            Now, this is the important ruling for you in terms of
17   opening statements.  And I want this to be very, very clear.
18            And that is, I have said repeatedly on this issue, and
19   I will continue to do it, and I will enforce it very strongly,
20   that no implication can be made or inference permitted to be
21   drawn in rhetorical terms that counsel for the defense have
22   participated in any attempt to withhold evidence in this case
23   contrary to law.
24            If plaintiffs have direct proof of any such
25   participation, it must be presented in the form of an offer of
```

412

 1   proof before it's ever mentioned to or disclosed to a jury.
 2   Kirkland & Ellis is not on trial in this case, and I won't
 3   permit it to be.
 4            The Department of Energy has withheld evidence in this
 5   case.  It has classified evidence.  It has made it difficult,
 6   if not impossible, for the parties to present their case to a
 7   jury, and that is a fact, and it can be brought into evidence
 8   in this case.
 9            MR. BERNICK:  May I ask for clarification on that?
10   Because it's very important.
11            Is it Your Honor's determination that counsel will be
12   permitted not only to identify -- to state that the Department
13   of Energy classified or underclassified or overclassified, but
14   it did so for purposes of controlling or manipulating the
15   evidence in this case?
16            THE COURT:  I don't know about that.  I don't know.  I
17   did see a document that may or may not be that.  I don't know.
18            What they can say is that the Department of Energy did
19   withhold this information by refusing to declassify it and that
20   they have not been able to bring forth that sort of evidence,
21   and you can say the same thing to the extent that that's the
22   case.
23            MR. BERNICK:  Well --
24            THE COURT:  Now, whether -- what their purpose and
25   motivation, you know, that takes about three nano seconds for

1    any bureaucrat to come up with an excuse.

2            MR. BERNICK:  It --

3            THE COURT:  I'm not concerned about that.  There was

4    one on that letter, about terrorist organizations.  They don't

5    want to know how much MUF is there because terrorist

6    organizations might benefit from it.  I don't know about that.

7    All I know is that these people have claims and that your

8    clients have defenses, and we're trying to get a jury to

9    understand them, and that they are being hampered by the

10   refusal of the Department of Energy, for whatever reasons, to

11   provide that information to them, and they -- this jury is

12   entitled to know that.

13           MR. BERNICK:  I understand that.

14           THE COURT:  Okay.

15           MR. BERNICK:  But what I don't understand is whether

16   counsel is going to be able to show that 1977 document or make

17   the argument that, in fact, the motive of the Department of

18   Energy was to control the evidence presented in this case.

19           THE COURT:  You can make that argument, and you can

20   tear it apart if you want.

21           MR. BERNICK:  I have to say, Your Honor, I know it's

22   late, but if that argument is made, I don't know how we can

23   continue to participate in the case because --

24           THE COURT:  I do, because you haven't been a -- you

25   haven't participated, and there is no evidence at all that you

 1   have participated in any efforts to keep it from happening.
 2          MR. BERNICK:  I'm sorry.  I take this very, very
 3   seriously.  The inference will inevitably be drawn, because
 4   we're talking about evidence in this case, that we have been
 5   complicit in this effort.
 6          THE COURT:  There is no inference that will be drawn,
 7   and I won't permit it to be drawn, and I'll instruct the jury
 8   that none can be drawn.
 9          MR. BERNICK:  But I don't -- Your Honor, I don't know
10   how -- I'm just dealing with the real world of what gets said
11   to this jury and what they -- the impressions that get created.
12          THE COURT:  The real world about it, Mr. Bernick, is
13   that there is evidence of plutonium that has polluted this
14   area.  There is no question about that.
15          MR. BERNICK:  I'm not arguing that.
16          THE COURT:  And there is a need for these parties to
17   be able to come into court and to litigate it, and they're not,
18   because they're hamstrung by government policies and
19   regulations.  And they're entitled to point that out.
20          MR. BERNICK:  I have no quarrel -- I have a quarrel
21   with that, but I understand that.
22          THE COURT:  Okay.
23          MR. BERNICK:  This is different.  If the Department of
24   Energy or the classification officers, in fact, made these
25   determinations and they did so for reasons that are entirely

1  unrelated to this litigation, that effect would still be there.
2  It would be there, and people would not have the ability, at
3  least as it's being argued, to use that information in
4  connection with this trial.
5           That's not what they're doing.  They're -- what
6  they're doing is saying, it was done for a motive and a
7  purpose, which is to protect the Department of Energy from
8  liability and to protect my clients from liability.  That is a
9  totally different proposition and implicates my clients, and
10 that document implicates my clients, and it implicates counsel
11 for my clients.
12          Your Honor, I don't believe it's -- that Your Honor
13 can direct me to participate in a process that I believe
14 fundamentally calls into question my ability to represent my
15 clients because I am made a witness in this case.
16          THE COURT:  You're not made a witness in this case,
17 and nobody is going to permit any sort of inference to be made
18 about you or your law firm.
19          MR. BERNICK:  Well --
20          THE COURT:  If the DOE has withheld information for
21 whatever reason they have, the jury's entitled to know that
22 they withheld that information.
23          MR. BERNICK:  But, Your Honor, the rubber hits the
24 road with the document and the purpose of the withholding.
25 Because if the purpose of the withholding is litigation, that's

416

```
 1    the bright line test, and that matter implicates the conduct of
 2    the defense in this case.  And, Your Honor, I'm sorry to be --
 3    I know I'm going way overboard --
 4            THE COURT:  You are.
 5            MR. BERNICK:  And over the line.
 6            THE COURT:  You are.
 7            MR. BERNICK:  But I don't have a choice.  I have an
 8    obligation to protect my clients, and I have an obligation to
 9    protect myself against a problem of whether there is now a
10    conflict of interest.  And I put that --
11            THE COURT:  I don't see any conflict of interest,
12    Mr. Bernick, and I don't see that your clients are involved in
13    any kind of conspiracy to withhold this information.  What I --
14    what I can see is that everyone is tied up, as I began my
15    remarks, by saying that we have a Price-Anderson Act that never
16    addressed this problem to begin with and gave the option to the
17    Department of Energy as to whether they would become involved
18    in a lawsuit, and they opt not to, and they're not going to
19    stand outside of this case and control the evidence in this
20    case any more than the Congress of the United States
21    specifically requires me to.
22            MR. BERNICK:  If Your Honor would instruct the jury at
23    the outset that there is no claim and no evidence that either
24    my firm or my clients have engaged in any kind of effort to
25    withhold the production of any evidence in this case, that the
```

417

1  Department itself was solely responsible for classification

2  decisions, I think I can participate.

3          THE COURT:  I have no problem with telling them that

4  the Department of Energy is solely responsible for

5  classification decisions.

6          MR. BERNICK:  Well, I would respectfully, Your

7  Honor -- it's the first part that is just as important as the

8  second part.

9          THE COURT:  Well --

10         MR. BERNICK:  There is no claim, and there is no

11 evidence that --

12         THE COURT:  There is no claim or evidence, I'd be

13 happy to do that.  You can draft the instruction.  I'll be

14 happy to do that.

15         MR. BERNICK:  Thank you very much.

16         THE COURT:  Are we ready to take a recess?

17         MR. BERNICK:  Yes, Your Honor.

18         THE COURT:  See you at 8:30 Tuesday morning.

19         (Recess at 12:53 p.m.)

20                    REPORTER'S CERTIFICATE

21

22      I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.
23

24      Dated at Denver, Colorado, this 7th day of October, 2005.

25

418

1
2
3
4                                    _____
                                     Therese Lindblom,CSR,RMR,CRR
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25