IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    Plaintiffs,

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    Defendants.

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ADMIT DOCUMENTS
AND PRESENT THEM DIRECTLY TO THE JURY**

The documents submitted by Plaintiffs to be admitted without a witness are admissible and relevant. Once again, defendants have thrown out dozens of frivolous objections in the desperate hope that a few will stick. Plaintiffs decline to respond to the objections that rely on arguments this Court has already rejected, or that can be resolved based on this Court's prior rulings. Plaintiffs believe the Court can more easily decide these objections simply by looking at the content of the documents. Accordingly, plaintiffs respond only to defendants' general statements of law and to their objections to specific documents.

**I.  A WITNESS IS NOT REQUIRED TO DEMONSTRATE AUTHENTICITY, RELEVANCE, OR THE APPLICABILITY OF THE HEARSAY RULES AND EXCEPTIONS.**

Plaintiffs wish to correct some of defendants' misinterpretations of the law governing the admissibility of documents. The Federal Rules of Evidence embody a liberal standard of

admissibility. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988); *United States v. Guerrero*, 667 F.2d 862, 867 (10th Cir. 1981). The Rules Advisory Committe recognized that admissibility may be determined on the face of a document: "An item, offered and objected to, may itself be considered in ruling on admissibility, though not yet admitted into evidence." Fed. R. Evid. 104(a), 1972 Advisory Committee Note. The three general objections that defendants have raised – relevance, authenticity, and hearsay – can all be overcome by looking at the content of the documents.[1] To require such a mindless formality as calling the custodian of records to authenticate and lay the foundation for every document, even when that it is readily apparent that the documents are authentic and admissible, would contradict the policy of flexibility embodied by the Federal Rules of Evidence. *Cf.* Fed. R. Evid. 102.

Regarding authenticity, contrary to defendants' implied argument, there is no requirement that a custodian of records testify in every instance. Courts in this and other Circuits routinely admit documents based on circumstantial evidence of authenticity such as the fact that a document bears a company's letterhead or was produced by a party in discovery. *See Chavez*, 396 F.3d at 1101-02; *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1424 (10th Cir. 1991). Additionally, plaintiffs cite two other rules for authenticating documents: the ancient document rule (Fed. R. Evid. 901(b)(8)) and the self-authentication rule for newspaper articles (Fed. R. Evid. 902(6)). All of the evidence needed to prove that a document falls within either of these rules is apparent on the face

---

[1] There appears to be no legitimate dispute that the question of relevance can be decided based on the documents alone. Courts must naturally decide the relevancy of evidence based on the content of the evidence. *E.g. Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1101 (10th Cir. 2005)

of the document.

Admissibility under the hearsay rules also does not require a live witness in every instance. The foundation necessary to show the applicability of the hearsay rules or exception can be provided by the documents themselves and by the circumstances of their creation or production. For example, the Tenth Circuit has held that the applicability of the Rule 803(6) business record exception may be grounded on "'judicial notice of the nature of the business and the nature of the records as observed by the court . . ..'" *Federal Deposit Ins. Corp. v. Staudinger*, 797 F.2d 908, 910-11 (10th Cir. 1986) (quoting ¶ 803(6)[02] *Weinstein's Evidence* at 803-178). As another example, it is frequently obvious from the face of the document that it is an authentic company memorandum created by a defendant, in which case any statements made by that defendant in the document are admissible as statements of a party-opponent under Rule 801(d)(2). *Cf. Chavez*, 396 F.3d at 1101-02; *New Orleans Saints v. Griesedieck*, 612 F. Supp. 59, 62 (E.D. La.1985), *aff'd* 90 F.2d 1249 (5th Cir. 1986) (cited in *Denison*, 941 F.2d at 1424). Additionally, the admissibility of evidence as non-hearsay can be established by circumstantial evidence, which need not include the testimony of the author or custodian of the document. *See United States v. Cestnik*, 36 F.3d 904, 908-09 & n.4 (10th Cir. 1994) (admitting money transfer forms containing false names; the names were not offered for their truth, and there was sufficient circumstantial evidence to find that the names were defendants' aliases).

Here, the documents are statements of a party-opponent under Fed. R. Evid. 801(d)(2), business records under Rule 803(6), or government records under Rule 803(8). Additionally, plaintiffs seek to use some documents for their non-hearsay purpose. As discussed in further detail

below, all of these documents are admissible and require no subscribing witness to lay the foundation for their admissibility.

## II. DEFENDANTS' OBJECTIONS TO SPECIFIC DOCUMENTS HAVE NO MERIT.

Regarding handwriting on Exhibits **P-19** and **P-95**, defendants produced the documents with the handwritten notations, which indicates that the handwriting is part of the documents as they existed in defendants' or DOE's files, and was more likely than not written by a Dow or Rockwell employee. In any event, plaintiffs can easily redact the handwriting if the Court deems it necessary. The notes on **P-27** were indeed not part of the original document; plaintiffs have attached a clean copy of P-27 to this brief as Exhibit A.

**P-19** is a newsletter published by the Atomic Energy Commission. As such, it is a government record under Rule 803(8), in addition to being an ancient document admissible under 803(16). The document discusses the pyrophoric nature of plutonium and makes recommendations for fire safety. This information is relevant to show that defendants had a heightened duty of care when dealing with such a dangerous material.

**P-27** is an internal Dow document dated 1963 that reports on radioactivity releases from the Building 71 stack. It is admissible under Fed. R. Evid. 801(d)(2) as a statement of a party-opponent, Rule 803(6) as a business record, and 803(16) as an ancient document.

**P-165** is a telex from H.C. Donnelly of the AEC's Rocky Flats area office to Maj. Gen Giller of the AEC, which discusses the leakage at the 903 drum storage area. It is a government report under Rule 803(8) because it sets forth "matters observed pursuant to duty imposed by law as to which matters there was a duty to report." Fed. R. Evid. 803(8). The information therein came

either from an AEC investigation, which would fall under Rule 803(8)(C), or it was reported by Dow, in which case the information is an admission of a party-opponent under Rule 801(d)(2). P-165 is also an ancient document under Rule 803(16).

Regarding **P-214**, defendants claim in one sentence that it is "not clear who C.M. Love is," and in the next sentence acknowledge that Mr. Love was deposed in this case. *See* Def. Br. at 5. While Mr. Love attempted to distance himself from this incriminating document, he did admit that he signed it and sent it to Herb Bowman. *See* Love Dep. at 198-202, attached as Ex. B. Mr. Bowman testified in his deposition that he received the letter. *See* Bowman Dep. at 154 (attached as Ex. C). Regardless of whether Mr. Love wrote the document or Mr. Carroll, who Mr. Love implicated in his testimony as the author (*see* Love Dep. at 198, Ex. B), there is no question that the document was written by a Dow employee and was produced by defendants or DOE in this litigation, and is therefore authentic and admissible as a statement of a party-opponent under Rule 801(d)(2). Moreover, the document evidently resided in defendants' or DOE's files for over 35 years and is thus an ancient document for both hearsay purposes (Fed. R. Evid. 803(16) and for authentication purposes (Fed. R. Evid. 901(b)(8)). The fact that a document is labeled "draft" does not render it inauthentic. To the best of plaintiffs' knowledge, this is the only version of this document produced during this litigation, and is thus the best evidence available regarding the letter. As for defendants' objection that the letter is "incomplete," plaintiffs have submitted the document exactly as it was produced, and no pages appear to be missing. If defendants are referring to the Denver Post article referred to in the letter, plaintiffs have marked the article as a separate exhibit, P-431.

**P-281** is a memorandum on Dow letterhead. It is a non-hearsay statement of a party-

5

opponent under Rule 801(d)(2) and falls within the hearsay exception for statements contained in ancient documents, Rule 803(16). The remaining hearsay statements contained within the document that were made by Rocky Flats employees are admissible as statements of a party's agent or as business records. *See* Fed. R. Evid. 801(D)(2)(d) (defining as non-hearsay statements "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship); Fed. R. Evid. 803(6), Advisory Committee Note ("Sources of information presented no substantial problem with ordinary business records. All participants, including the observer or participant furnishing the information to be recorded, were acting routinely, under a duty of accuracy, with employer reliance on the result, or in short 'in the regular course of business.'"). The statements of AEC employees are admissible under Rule 803(8), which covers "statements . . . setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . .." The entire document is also admissible for the non-hearsay purpose of showing that defendants had knowledge of the fact that Rocky Flats was not a suitable location for waste disposal.

**P-321** is a document on AEC letterhead, stamped "US DOE Archives," signed by Edward B. Giller, Major General, USAF, and forwarded to a number of AEC commissioners. Defendants' objection that P-321 is "not a government report," Def. Br. at 6, is absurd. Moreover, several earlier versions of the attached memoranda about fires at Rocky Flats were produced in this case, which shows that the source of the information was either AEC or Dow. *See, e.g.* P-182, P-539, and P-163 (attached hereto as Exhibits D, E, and F). It is also an ancient document admissible under Fed. R. Evid. 803(16). The document is relevant to show the high risk of fires at Rocky Flats, which gave

6

rise to a heightened duty of care on the part of defendants.

**P-338**, the Lamm-Wirth Task Force report, is an ancient document under Fed. R. Evid. 803(16) and is the result of a government investigation and is thus admissible under Rule 803(8)(B) or (C). The vast majority of the exhibit consists of the Task Force's findings of fact and recommendations. These clearly fall within the Rule 803(8)(C) exception for "factual findings resulting from an investigation made pursuant to authority granted by law." Any hearsay statements within the document are admissible for the non-hearsay purpose of showing the basis of these findings.

**P-410** is a document bearing the heading, "Rocky Flats Environmental Master File" and written by S.E. Hammond, a Rocky Flats manager, entitled "Determination of Contamination from Rocky Flats in the Environs – Interim Report." The fact that the document is marked "draft" does not render it inauthentic; to the best of plaintiffs' knowledge, this is the only version produced by defendants or DOE in this case. Further, the document is an ancient document under Rule 901(b)(8).

**P-411** is relevant because it shows that Dow was on notice since at least 1958 that it needed to take care not to pollute Great Western Reservoir because it was the primary drinking water source for the city of Broomfield (which was then called, Broomfield Heights).

Although defendants object to P-431 because it is incomplete, presumably because part of the document is cut off, defendants' own document reviewers have stamped the document "best copy available." As such, the document is a complete copy of the document as it exists in defendants' or DOE's files.

**P-455**, a document entitled "Proposed AEC Policy re Assisting Owners of Land Adjacent

to Rocky Flats Plant," is relevant to show that at one time Gen. H.C. Donnelly, an AEC manager, recognized that land containing above-background levels of plutonium was "contaminated," and that neighboring landowners whose property had been contaminated had legitimate concerns that should have been addressed by AEC. The document is admissible as a statement against interest by the AEC under Fed. R. Evid. 804(b)(3), a government record under Rule 803(8), and an ancient document under Rule 803(16). Regarding the completeness objection, all pages of the main document appear to be present; the fact that the attachments were omitted does not lessen the admissibility of the memorandum. Defendants are free to submit the attachments under the completeness rule, Fed. R. Evid. 106.

The reference to the Church litigation on page 3 of **P-479** is admissible. This Court has held that the fact of the Church litigation is admissible. *See* Aug. 22, 2005 Hrg. Tr. at 9. This document simply states that unnamed "land contamination litigation" is pending. It does not discuss the details of the suit.

Regarding **P-652**, plaintiffs incorporate their response to defendants' separately filed objections to the exhibits for use with Rodney Hoffman.

Although defendants object to **P-1269**, that document was not included in plaintiffs' filing.

### III. CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court permit plaintiffs to present the documents listed in Appendix A to the jury, without a witness.

Respectfully submitted,

Dated: November 13, 2005

/s  Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
jmacnaughton@bm.net

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*