IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    Plaintiffs,

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    Defendants.

**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO ADMIT EXHIBITS
P-10, P-371, P-548, P-651, P-652, P-653, P-654, & P-655**

**I.    THE DOCUMENTS PLAINTIFFS SEEK TO USE ARE RELEVANT.**

Defendants have misinterpreted the Court's recent rulings on the admissibility of evidence regarding DOE's motives behind its classification decisions. Defendants have latched onto a ruling that was specific to an offer of proof on one witness, Mr. Hoffman, and have attempted to expand that ruling to cover all of plaintiffs' evidence regarding DOE's classification conduct. However, this Court has already issued a general ruling on this issue: it has ruled that evidence that DOE classified documents in order to shield itself and its contractors from embarrassment or liability is relevant and admissible. The Court denied defendants' Motion in Limine on this very subject. *See* Def. Motion in Limine No. 5 (attached as Ex. A) (moving to exclude discovery conduct that "would include, but not be limited to, document classification issues, the declassification review process undertaken by the DOE and any suggestion that DOE somehow spoliated documents or wrongfully

withheld materials from this case."); Transcript of Status Conference, Aug. 22, 2005 at 8 (attached as Ex. B) (denying defendants' Motion).   Further, during the opening statements, while the Court sustained an objection relating to paragraph number ten of exhibit P-652, a paragraph that relates to the *Church* litigation, the Court also held that the remainder of the document could be shown to the jury.  *See* Oct. 11 Tr. at 589-92 (Ex. C)  ("You can't go into No. 10.  Your objection is overruled as to the other, but not to the questions related to the litigation or as it relates to Church."  *Id*. at 591).  *Cf*. P-652 at 9-10 (attached to plaintiffs' Motion to Admit as Ex. J) (discussing, in paragraph 8, DOE's motive to protect itself and its contractors from accusations by anti-nuclear activists, and in paragraph 10, its motive to protect its posture in the *Church* litigation).   These and other prior rulings[1] are simply not consistent with a general policy that excludes all evidence that DOE abused its classification powers.

The Court has consistently held that the fact that information that may have been useful to plaintiffs is unavailable due to classification, is a relevant fact that can be argued to the jury.  *See* Aug. 22 Hrg. Tr. at 8 (Ex. B); Oct. 7 Tr. at 411-12 (Ex. D); Nov. 10 Tr. at 5006 (Ex. E).  In addition, the Court has specifically allowed the jury to draw an inference that the classified information would have been helpful to plaintiffs.  *See* Jury Instruction 1.9 ("While you may not speculate as to what the unavailable or redacted information might be, you may, but are not required, to infer that such unavailable or redacted information would have been favorable or unfavorable to one side or the other in this case.").  Plaintiffs' evidence that DOE classified documents in order to shield itself and

---

[1] *See also* Plaintiffs' Memorandum In Opposition To Defendants' Motion To Strike Richard Kaufman as a Witness, which discusses the Court's rulings on this issue in more detail.

its contractors from potential embarrassment supports the inference that the classified evidence would have been helpful to plaintiffs.

In addition, some documents are relevant for other purposes as well. P-10 is relevant to show that the amount of material unaccounted for was due to Dow's negligence. *See* P-10 at p. 4 ("The plutonium losses experienced during the entire history of the Rocky Flats Plant have been significant. These losses have never been explained or properly justified and this study was conducted to determine their source and causes."). The document also reflects the amount of MUF due to the 1957 fire: nearly 6 kilograms. *See* P-10 at p. 8. Another document, P-654, can enlighten the jury regarding DOE's general classification policies. Specifically, the "'if in doubt, classify'" policy (*id.* at 2) makes it more likely that relevant information was swept up in DOE's overly broad classification decisions.

## II.   DEFENDANTS' OBJECTIONS TO THESE DOCUMENTS ARE NOT VALID.

**P-371** is a telex from an ERDA official to Mr. Hoffman, who was then an employee of Rockwell. The telex asks questions about Rocky Flats' reporting of material unaccounted for, a problem on which ERDA supervised the conduct of its contractor. As such, it is a record of "the activities of the office or agency" and admissible under Fed. R. Evid. 803(8), and a record of a regularly conducted activity (MUF supervision) under Fed. R. Evid. 803(6). As a 1977 document, it is also admissible as an ancient document under Fed. R. Evid. 803(16)

Defendants' object that this document mentions the Church litigation; however, the document merely refers to Marcus Church, although the broader (unspoken) context of the statement was most likely the Church litigation. In any event, the fact of the Church litigation is admissible;

it is the settlement and the judge's rulings in that case that are not admissible. *See* Aug. 22, 2005 Hrg. Tr. at 9 (Ex. B); Oct. 11 Tr. at 551-53 (attached as Ex. C).[2]

**P-548** and **P-652** are two copies of a document specifically requested in the letter from plaintiffs' counsel that has been marked P-651. P-548 bears a bar code number .CRF00293065T, which is the first document listed in P-651. The letter indicates that the document was kept at the Rocky Flats plant, and the legend at the bottom indicates that the document was indeed produced in response to plaintiffs' request. Further, the document was located in a locked, classified vault at Rocky Flats and was marked "classified." Unless defendants and DOE are in the habit of classifying inauthentic documents, this document carries sufficient indications of authenticity. Also, the document is identified on a DOE "Accountability Log of Confidential Documents" (an excerpt of which is attached to P-651, Ex. I of plaintiffs' Motion to Admit). *See* Document 53 on that Log. The fact that the author has not been identified does not change or detract from these undisputed facts. Moreover, the document is an ancient document under Rule 901(b)(8): the front of the document indicates it resulted from an investigation in the latter half of 1977, and the reference to the Church litigation, which was still pending at the time this document was written, indicates that the document was written no later than July, 1985.[3]

The probative value of the document is readily apparent; plaintiffs need not resort to

---

[2] Although Defendants also claim that pages are missing from this document, the actual problem was that an extra page was included at the end as a copying error. Plaintiffs substituted a corrected version of this document on November 10 (docket no. 1625). On the corrected version the bates numbers in the bottom legend are sequential: 4448048 and 4448049.

[3] The Church lawsuit was settled in July 1985. *See* P-1092, Findings of Fact and Conclusions of Law, *McKay v. United States*, No. 75-M-1162 (filed July 3, 1985) (attached as Ex. F).

"speculation" as defendants prognosticate (Def. Br. at 4).  The document resulted from a joint DOE - Rockwell investigation into the implications of declassifying MUF data.  *See* P-548 at 1 ("This report was prepared in response to numerous conversations and correspondence between the Division of Classification, Department of Energy, HQS and ALO with Rocky Flats over periods of time dating back to August, 1976.")  Paragraph 8 of this exhibit shows to what degree the fortunes of DOE, Dow and Rockwell were intertwined concerning classification:

> Anti-nuclear environmentalists and pacifist groups consider Rocky Flats as the "Nuclear Crossroads of the Nation." The declassification and possible release of MUF in this unfriendly environment whether due to misunderstanding, lack of knowledge or misinterpretation could seriously damage the posture of the Department of Energy, Rockwell International and former contractor, the Dow Chemical Company.

P-548 at 9.

Defendants' hearsay objection fares no better.  As mentioned above, the document is at least twenty years old and is therefore admissible under Fed. R. Evid. 803(16). Additionally, because the document resulted from a joint investigation, this document could be both a government record under Rule 803(8) and a record of a regularly conducted activity under Rule 803(6).  In addition, plaintiffs will use this document for non-hearsay purposes – that is, to prove DOE's intent behind its classification decisions, and to demonstrate the inconsistent and often arbitrary manner in which classification was carried out.  Plaintiffs do not need to prove the truth of the statements in paragraph 8 – namely, that anti-nuclear activists consider Rocky Flats to be "the nuclear crossroads of the nation" or that release of MUF information would actually damage Dow, Rockwell, or DOE.  P-548 at 9.  Rather, these statements are useful to show DOE's state of mind regarding the classification of MUF information.  *Cf Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1204 n.1 (10th Cir.

2000) (where plaintiff alleged he was fired in retaliation for reporting manager's discriminatory conduct, evidence that manager was reprimanded for not promoting plaintiff was admissible as non-hearsay evidence of retaliatory motive).

Another non-hearsay use for P-548 and P-652 is to show that classification decisions are often exercised arbitrarily, a fact that raises the risk that information relevant to this case was withheld from plaintiffs. These exhibits are two copies of the same document, and yet the reviewers redacted different sections of the document.

Paragraph 10 of the document, which references the Church litigation (though not by name), is direct proof of motive. Plaintiffs respect the Court's rulings that the substance of the rulings in that case is not admissible; however plaintiffs respectfully believe that this paragraph falls within the Court's instruction that the fact of the litigation is admissible. *See* Exs. B & C. The jury already knows that the Church lawsuit took place; this paragraph gives them no new information about the inner workings of the lawsuit or its outcome, but instead deals with Rockwell and DOE's conduct.

**P-651** is part of the history of plaintiffs' dispute with DOE regarding the classification of MUF documents. It was created and kept in the ordinary course of business of plaintiffs' counsel (counsel's ordinary business including, of course, the pursuit of documents through discovery). The document is admissible as a non-hearsay verbal act, a request for documents that led to the production of P-652.

**P-653** is a document written by R.G. Romatowski, a DOE manager. The document describes the observations and activities of the Albuquerque DOE office in responding to Rocky Flats' chronic MUF problems. The document is therefore admissible as a government record under Fed. R. Evid.

803(8). Also, because it was written in 1983, it is an ancient document under Rule 803(16).

**P-654** and **P-655**, which are minutes of meetings of DOE classification officers in 1977, are admissible as records of a regularly conducted activity (Fed. R. Evid. 803(6)), government records (Rule 803(8)), or as ancient documents (Rule 803(16)). While the documents contain information transmitted from other people, that information is not necessarily hearsay. The business record exception recognizes the reliability of statements transmitted by people who have a duty to report the information accurately, people like the classification officers who were present at the meetings described in P-654 and P-655. See Fed. R. Evid. 803(6), Advisory Committee Note ("All participants, including the observer or participant furnishing the information to be recorded, were acting routinely, under a duty of accuracy, with employer reliance on the result, of in short 'in the regular course of business.'"). Because the classification officers present at these meetings were acting in the regular course of their business, their statements transcribed in the minutes carry special weight. In keeping with the policy that "[t]he federal rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all," *United States v. Carranco*, 551 F.2d 1197, 1200 (10th Cir. 1977), any concerns about those statements can best be addressed by a cautionary instruction to the jury.

**III.     CONCLUSION**

For the reasons discussed above, plaintiffs respectfully request that the Court admit exhibits P-10, P-371, P-548, P-651, P-652, P-653, P-654, and P-655.

Respectfully submitted,

Dated: November 13, 2005                       /s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
David F. Sorensen
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
jmacnaughton@bm.net

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs
And the Class*