**Exhibit B**

1

```
 1             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLORADO
 2
     Civil Action No. 90-CV-181
 3
     MERILYN COOK, et al.,
 4
         Plaintiffs,
 5
     vs.
 6
     ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL
 7   COMPANY,

 8       Defendants.
```

---

```
 9

10                    REPORTER'S TRANSCRIPT
                    Trial Preparation Conference
11
```

---

```
12

13        Proceedings before the HONORABLE JOHN L. KANE, JR.,

14   Judge, United States District Court for the District of

15   Colorado, commencing at 9:00 a.m., on the 22nd day of August,

16   2005, in Courtroom A802, United States Courthouse, Denver,

17   Colorado.

18

19

20

21

22

23

24   Proceeding Recorded by Mechanical Stenography, Transcription
     Produced via Computer by Janet M. Coppock, 901 19th Street,
25       Room A-257, Denver, Colorado, 80294, (303) 893-2835
```

23   and inadmissible evidence relating to the FBI raid and its

24   aftermath may be refined somewhat as I hone my final decision,

25   but I want to give you the broad outline at this point so you

8

1   can adjust your trial preparations accordingly.  I also

2   recognize that this line may raise questions regarding the

3   admissibility of evidence regarding the publicity generated by

4   these events.  Consistent with the preliminary ruling stated

5   above, this publicity is relevant and admissible because it

6   goes to the market's knowledge of Rockwell's alleged misconduct

7   and alleged risks caused by it.  But it may not be used as a

8   back door to introduce evidence regarding the controversy about

9   the Grand Jury and the Federal Government's prosecution of

10  Rockwell.

11  Whether a particular exhibit is admissible under this

12  standard will likely be on an exhibit-by-exhibit basis.  I

13  discourage the -- I encourage, excuse me, I encourage the

14  parties to examine their intended exhibits to identify and

15  eliminate any that are problematic under this standard.

16  Three, defendants' motion in limine No. 4 to exclude

17  evidence of the Department of Energy's indemnification of

18  Defendants will be denied.

19  Four, defendants' motion in limine No. 5 to exclude

20  evidence of document classification issues and discovery

21  conduct by the Department of Energy will be denied.  Plaintiffs

22  are entitled to show why they are unable to present all of

the

23   evidence they sought.  I have not yet determined, however,

24   whether a spoliation instruction is warranted, but my present

25   impression is that it will not be.

9

1           Defendants' motions in limine Nos. 14 and 15 to

2   exclude evidence of other lawsuits will be denied.  The only

3   evidence plaintiff seeks to present that falls in these

4   categories concerns the criminal investigation of Rockwell

5   described earlier and the church litigation.  Plaintiffs may

6   present evidence regarding the fact of each.

7           Defendants' motion in limine No. 15 to exclude

8   evidence relating to Rockwell's guilty plea at Santa Susana

and

9   related conduct is denied as moot because Plaintiffs have

said

10  that they will not present any such evidence.

11          Now, No. 6 --

12          MR. DAVIDOFF:  Judge, excuse me.  Could you just

13  repeat the number of the motion that was denied as moot?

14          THE COURT:  Number 15.

15          MR. DAVIDOFF:  Thank you, sir.

16          THE COURT:  With regard to the motion to exclude

17  evidence regarding the costs of mediation and the rest of the

18  Daubert motions, I am getting to those as soon as I can.  I

19  think I should tell you that I am blessed with a marvelous

law

20  clerk and she has been working 24-seven trying to prepare me

on

21  these matters.  And last week she had to take a half day off

to

22  have a root canal and she found that to be a more pleasant

23   experience than her present assignments.  So let's get back now

24   to these other items on the jury instruction issues.

25           The August 17 order directed the parties to be

10

1    prepared to discuss the status and schedule for submitting

2    proposed jury instructions.  I have previously requested on two

3    subjects, generic emotional distress, that is whether

4    defendants' conduct at Rocky Flats and conditions resulted from

5    it are capable of causing class members to suffer fear, anxiety

6    or other emotional discomfort and defendants' prior market

7    discount defense.  The August 17 order also asks the parties to

8    consider whether there were any new instructions they wish to

9    submit for consideration.  I emphasize "new" because I don't

10   want to revisit those instructions already submitted.

11           Some discussion may be helpful to me so I know whether

12   either party is planning to submit new or revised instructions

13   on a particular topic.  I also would suggest that the parties

14   think about any limiting instructions they would like to submit

15   for consideration in light of these rulings on the motions in

16   limine and Daubert motions that I have just indicated to you I

17   am going to make.

18           Scheduling-wise, I cannot get to the jury instructions

19   until after Labor Day, so there is no need on this end to

20   require that any new instructions be submitted before then.