# Exhibit C

515

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181 (JLK)

**MARILYN COOK, et al,**

Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY,**

Defendants.

---

## REPORTER'S TRANSCRIPT
## (Jury Trial -- Volume IV-B)

---

      Proceedings before the HONORABLE JOHN L. KANE, JR., Judge, United States District Court, for the District of Colorado, commencing at 1:25 a.m. on the 11th day of October, 2005, Alfred A. Arraj United States Courthouse, Denver, Colorado.

1    to do things.  But careful assessment of the history of
2    Rocky Flats indicates that the bulk of Dow's mistakes have
3    been management errors, mostly of judgment and philosophy.
4    After all, there are no great technical barriers to
5    running such a plant properly.  And then the editorial
6    goes on to say, let's hope that Rockwell does better.  In
7    a few minutes Mr. Davidoff is going to tell you what
8    happened at Rocky Flats under Rockwell.  Thank you for
9    your time and attention.
10            MR. BERNICK:  May I have a side bar briefly.  Your
11   Honor?
12            (A bench conference is had, and the following is
13   had outside the hearing of the jury.)
14            MR. BERNICK:  I am very disturbed about this.  It
15   could not have been clearer the Court's order was the only
16   thing that would come in about Church is the fact of there
17   being this litigation.  I will listen to that file later,
18   but a settlement chunk came out and was introduced to the
19   jury as an admission.  We all know it is not an admission,
20   not an admission by Dow and Rockwell.  This is the second
21   time there is a violation of the Court's order.
22            THE COURT:  That was my ruling.  Let's not get into
23   that at all.  I will advise the jury, and I don't want to
24   be in a habit to have them disregard your statements.
25            MR. DAVIDOFF:  Can I raise one thing about the

1   Church litigation? The amount paid in settlement is
2   within Your Honor's point, but the requirement that the
3   evidence be returned and kept secret is an issue that we
4   think is relevant, and I don't think it is within Your
5   Honor's ruling.
6            THE COURT: I do. It is a separate ruling
7   entirely. On the other hand, if you have a witness that
8   is testifying and says I don't have this material
9   available because it was returned and not given over, that
10  is another matter.
11           MR. DAVIDOFF: I have a document that shows that
12  material was kept classified in order to keep it out of
13  their hands.
14           THE COURT: Then you have to have a witness at the
15  time that says they needed that information. But just the
16  mere fact it was part of a settlement is not in and of
17  itself admissible.
18           MR. DAVIDOFF: Just so I can be clear. The
19  documents I have are not -- they relate to MUF, reasons
20  for keeping information classified. And I have at least
21  two documents that show that they kept documents
22  classified to keep them out of the hands of the plaintiffs
23  in the Church litigation, and that relates directly to the
24  issue of -- that we, I think, have permission to argue to
25  the jury that the classification decisions that they have

1   a right to draw an adverse inference about why the
2   classification decisions were made.
3       THE COURT:  This is not in this case, not out of
4   the Church ruling.  I can't do anything about the rulings
5   made by another judge in that case, that is why I am not
6   going to try that.  That is why I asked you to stay away
7   from that case.  And I want to continue to stay away.
8       MR. DAVIDOFF:  The only reason I raise it, Your
9   Honor, in relation to the objection, is the only thing I
10  intended to say about the Church case is because the MUF
11  documents mentioned the Church case.  In order for the
12  document to be understood, the Church case has to be
13  explained as a piece of litigation.
14      THE COURT:  Do you have somebody on the stand
15  trying to explain the materials unaccounted for and either
16  do it because he doesn't have the documents, and if you
17  can show those were available at any time, you can do
18  that.  You can't say an open statement to say something
19  about the Church litigation where another judge could or
20  could not have made a ruling on it.
21      I don't know.  I don't know what the settlement of
22  it was, and it relates to the settlement itself.  I didn't
23  approve the settlement, another judge did.  So stay away
24  from that.
25      MR. DAVIDOFF:  I won't touch the settlement.

589

```
 1            (A bench conference is had, and the following is
 2   had outside the hearing of the jury.)
 3            MR. DAVIDOFF:  This is the same document that we
 4   discussed on Friday that was admitted at the contempt
 5   hearing in 1995, Your Honor.  It was a study of the
 6   classification from MUF.  And the two paragraphs that I
 7   intend to call attention to are paragraph 8 and paragraph
 8   10.
 9            As to the reasons, one of the reasons --
10            MR. BERNICK:  Excuse me.  I think it is being heard
11   by the jury.
12            MR. DAVIDOFF:  -- as to one of the reasons why the
13   documents remained classified.  This was admitted at the
14   contempt hearing.  We discussed it on Friday.  And I
15   believe it was quite clear that on Friday Your Honor
16   overruled Mr. Bernick's objection.
17            MR. BERNICK:  This relates to the Church
18   litigation.
19            MR. DAVIDOFF:  It relates to the reasons documents
20   were kept secret.
21            MR. BERNICK:  If I can be heard, Your Honor, very
22   briefly?
23            THE COURT:  Go ahead.
24            MR. BERNICK:  This is a document that apparently
25   was generated at some point in 1976-77 time frame while
```

1   the Church litigation was pending. It discusses the
2   potential for declassifying MUF materials, and whoever
3   wrote the document, we still don't know who did, it
4   says -- and this is what Mr. Davidoff wants to get into --
5   that there is this litigation pending, i.e. the Church
6   litigation. We ought to think twice about what the
7   implications might be for the Church litigation.
8        He will argue, of course, this has to do with the
9   withholding or redaction of documents in connection with
10  this case. That nexus has never been established. In
11  fact, the testimony that was taken from the classification
12  officers in this case specifically contradicted there was
13  any consultation with lawyers, and no litigation had any
14  impact on this case.
15       Now, it was one thing for Mr. Davidoff to make that
16  argument last Friday, it is another thing for Mr. Davidoff
17  to make this tender right here in light of two things:
18  First, Ms. Roselle took it upon herself to disclose not
19  only the Church litigation, but that it was settled, and
20  it was settled as an admission.
21       Second, when this issue -- this very issue was
22  raised, that is whether we began the Church litigation at
23  side bar before lunch, and Your Honor said no, now
24  Mr. Davidoff, without seeking permission of the Court, is
25  coming back in the face of that and making me stand up and

1  make an objection, making Your Honor rule on this all over
2  again, and it is totally improper.
3         This is the whole purpose of orders and rulings in
4  limine. Your Honor, if this comes in, it is very simple.
5  He'll argue information, of course, was concealed in order
6  to avoid this being disclosed in Church. Church was
7  settled in part not to have to make the disclosure.
8         After Church was settled, a demand was made for all
9  of the materials to be returned, and they have never been
10 released since. And it is on ongoing fraud by the
11 Government. We are all big boys here, if he wants to do
12 that, this trial is useless.
13         MR. DAVIDOFF: May I respond? I don't intend to
14 say anything about settlement or Church litigation.
15         THE COURT: You did.
16         MR. DAVIDOFF: I am sorry. We have documents that
17 go beyond the settlement of the Church litigation that
18 show the same thing. I have documents from the '80s. I
19 have documents from the '90s.
20         THE COURT: You can't go into No. 10. Your
21 objection is overruled as to the other, but not to the
22 questions related to the litigation or as it relates to
23 Church.
24         MR. BERNICK: All you are trying to do is get him
25 angry.

592

```
 1              THE COURT:  It relates to the Church litigation.  I
 2   won't let you do it.  But above that you can --
 3              MR. BERNICK:  So for the record, that is 8?
 4              MR. DAVIDOFF:  Your Honor, I have another one that
 5   the only thing it says it is from 1983, and all it says is
 6   this information is going to be released in Church.  Then
 7   it is basically weighted out.  That is basically all it
 8   says.  That one, too, basically shows classification being
 9   used for an improper purpose.
10              THE COURT:  I don't want to get involved in that.
11              MR. DAVIDOFF:  I will submit a brief.  I won't use
12   it in opening statement.
13              THE COURT:  Let's not use it in opening statement.
14   Here is the difficulty I have:  I don't have the authority
15   to overrule another judge.  And another judge made all of
16   this, and settlement came in with certain conditions and
17   parties agreed to that at that time.
18              I am not going there.  I will not contravene his
19   rulings or interfere with his judgment.  I want the Church
20   case out of this case entirely.
21              MR. DAVIDOFF:  I think I can, later in the case,
22   not in opening statement.  I will submit a brief.
23              THE COURT:  Do that.
24              MR. DAVIDOFF:  I am not doing it for the purpose of
25   the Church case.
```