**Exhibit D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181(JLK)

MERILYN COOK, et al.,

    Plaintiffs,

vs.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

**REPORTER'S TRANSCRIPT**
TRIAL TO JURY
VOLUME 3

---

Proceedings before the HONORABLE JOHN L. KANE, JR., Senior Judge, United States District Court for the District of Colorado, continuing at 9:16 a.m., on the 7th day of October, 2005, in Courtroom A802, United States Courthouse, Denver, Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Therese Lindblom, 901 19th Street, Room A259, Denver, Colorado, 80294, (303) 628-7877

1   Energy could have supervised or ordered the party -- the
2   defendants in this case into settlement, and the Department of
3   Energy could have settled this case and hasn't.  That is a
4   matter that this jury is entitled to know why they are here.
5             The finding of contempt and the lack of any appeal,
6   plus the payment by the Department of Energy, constitutes an
7   admission.  And it is admissible to show that they were,
8   indeed -- the Department was indeed held in contempt for
9   frustrating discovery in this case.
10            The jury will be instructed in this case that they may
11  consider the withholding of evidence by the Department of
12  Energy as it relates to either party in the case.
13            The failed efforts to obtain information from the
14  Department of Energy as a result of classification or
15  overclassification is admissible.
16            Now, this is the important ruling for you in terms of
17  opening statements.  And I want this to be very, very clear.
18            And that is, I have said repeatedly on this issue, and
19  I will continue to do it, and I will enforce it very strongly,
20  that no implication can be made or inference permitted to be
21  drawn in rhetorical terms that counsel for the defense have
22  participated in any attempt to withhold evidence in this case
23  contrary to law.
24            If plaintiffs have direct proof of any such
25  participation, it must be presented in the form of an offer of

1  proof before it's ever mentioned to or disclosed to a jury.
2  Kirkland & Ellis is not on trial in this case, and I won't
3  permit it to be.
4  　　　　　The Department of Energy has withheld evidence in this
5  case. It has classified evidence. It has made it difficult,
6  if not impossible, for the parties to present their case to a
7  jury, and that is a fact, and it can be brought into evidence
8  in this case.
9  　　　　　MR. BERNICK: May I ask for clarification on that?
10 Because it's very important.
11 　　　　　Is it Your Honor's determination that counsel will be
12 permitted not only to identify -- to state that the Department
13 of Energy classified or underclassified or overclassified, but
14 it did so for purposes of controlling or manipulating the
15 evidence in this case?
16 　　　　　THE COURT: I don't know about that. I don't know. I
17 did see a document that may or may not be that. I don't know.
18 　　　　　What they can say is that the Department of Energy did
19 withhold this information by refusing to declassify it and that
20 they have not been able to bring forth that sort of evidence,
21 and you can say the same thing to the extent that that's the
22 case.
23 　　　　　MR. BERNICK: Well --
24 　　　　　THE COURT: Now, whether -- what their purpose and
25 motivation, you know, that takes about three nano seconds for