IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    Plaintiffs,

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    Defendants.

### PLAINTIFFS' RESPONSE TO MOTION TO LIMIT WHALEN'S TESTIMONY

Both Karen Whalen's fears for her own and her family's health, plus the fact that Ms. Whalen was forced to sell her home as a mortgage assumption on which the later buyer defaulted, are relevant and admissible.

Karen Whalen sold her home in the class area in 1990 because she was afraid for her and her family's health. The emotional distress caused by the problems at Rocky Flats interfered with her use and enjoyment of her property. Before this trial began, the Court set out the proposition that generic emotional distress (that is, the capability for Rocky Flats to cause a normal member of the community to suffer emotional distress) was a class-wide issue. *See* May 17, 2005 Order at 7 (Ex. A); Apr. 14, 2004 Order at 7-10 (Ex. B). It is difficult to fathom how the jury can decide what the reaction of a normal member of the community would be, if they are not permitted to hear from normal members of the community such as Ms. Whalen.

The later rulings cited by defendants involve narrow areas of specific witnesses' testimony that simply do not apply to Ms. Whalen's story. The Court excluded Mr. Babb's emotional distress because it would open the door to a discussion of his horse business, whereas Ms. Whalen did not run a business on her property or keep any horses there. *See* Oct. 20 Tr. at 1940-41 (attached as Ex. C). The Court excluded Ms. Robb's emotional distress as it related to trouble in her marriage, *see* Nov. 10 Tr. at 4959-60 (Ex. D), which is a much more complicated matter than Ms. Whalen's worries about her health and her family's health. By contrast, the Court has allowed other property owners, including Trudy Babb, to discuss their own emotional distress. *See* Oct. 20 Tr. at 1939-40 (Ex. C). Moreover, defendants asked emotional distress questions of Mr. Ozaki, a witness called for his knowledge as a City of Broomfield employee, who also happened to live in the class area. *See* Oct. 20 Tr. at 1831-32 (Ex. C). Apparently, defendants acknowledge that individual property owners' emotional distress (or lack thereof) is relevant and admissible in the class trial.

Second, the foreclosure and resulting damage to Ms. Whalen's credit are relevant to support plaintiffs' claim that property in the class area was undervalued due to Rocky Flats, and as objective proof of how desperate Ms. Whalen was to sell her home and get out of the class area. Ms. Whalen listed her home as a mortgage assumption because she feared that otherwise, the house would not sell. A mortgage assumption is a risky financing arrangement, and for Ms. Whalen unfortunately the risk became reality: the buyer defaulted on the mortgage, leaving Ms. Whalen with a black mark on her credit. The fact that Ms. Whalen had to take a chance on such an unsafe deal is further evidence that prices were depressed at the time and there were many more sellers than buyers in the class area. For the jury to understand the real and serious risk Ms. Whalen undertook in order to sell

her home, they need to hear the ultimate outcome.

                                                            Respectfully submitted,

Dated: November 13 2005                /s/ Jennifer MacNaughton
                                                         Merrill G. Davidoff
                                                         Peter Nordberg
                                                         Ellen T. Noteware
                                                         Jennifer MacNaughton
                                                         BERGER & MONTAGUE, P.C.
                                                         1622 Locust Street
                                                         Philadelphia, PA 19103
                                                         (215) 875-3000
                                                         Fax (215) 875-4604
                                                         jmacnaughton@bm.net

                                                         Gary B. Blum
                                                         Steven W. Kelly
                                                         SILVER & DEBOSKEY, P.C.
                                                         1801 York Street
                                                         Denver, CO 80206
                                                         (303) 399-3000

                                                         Attorneys for Plaintiffs