```
                                                      FILED
                                              UNITED STATES DISTRICT COURT
          IN THE UNITED STATES DISTRICT COURT       DENVER, COLORADO
             FOR THE DISTRICT OF COLORADO
                    Judge John L. Kane                APR 1 4 2004

                                              GREGORY C. LANGHAM
   Civil Action No. 90-K-181                                CLERK

   MERILYN COOK, et al.,

           Plaintiffs,

   v.

   ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL
   COMPANY,

           Defendants.
```

## ORDER

Kane, J.

On September 11, 2003, I ordered the parties to file a joint status report setting out the issues to be tried and other matters relevant to establishing the pretrial and trial schedule for resolution of the Property Class claims in this action.[1] After seeking and being granted two extensions of time, the parties filed their report on December 10, 2003. As has been the case throughout much of this action, the parties could not agree on many of the basic components of the upcoming class trial. Plaintiffs' account of the claims and issues to be tried is concise but fails to acknowledge or offer solutions for managing the long-admitted individual issues embedded in their claims. Defendants, meanwhile, took

---

[1] For trial purposes, the property claims are bifurcated from Plaintiffs' individual medical monitoring claims. *See Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1179 (D. Colo. 2003).

4/14/04

matter of law, see *Cook VIII*, 181 F.R.D. at 486, based on the showing Plaintiffs make in support of the jury instruction they intend to submit predicated on strict liability for nuisance. The evidence relevant to this question is common to the class. Plaintiffs' assertion that each Defendant was negligent in its operation of Rocky Flats will also be decided based on evidence common to all class members and hence will be tried and decided on a class-wide basis.

The question of whether each Defendant caused an interference with Plaintiffs' and class members' right to use and enjoy their property potentially presents both common and individual components for decision. Plaintiffs state they intend to offer evidence of multiple forms of such interference, including actual and threatened releases of hazardous materials from the plant to the class area and surrounding environment. The evidence relevant to actual or threatened releases of hazardous materials is common to the class and thus may be tried on a class-wide basis.[4] In order to be actionable at nuisance, however, Plaintiffs must also show that such actual or potential contamination, alone or in combination with other factors, caused some harm that interfered with class members' use and enjoyment of property. *See In re Hoery*, 64 P.3d 214, 218 (Colo. 2003) (indirect or physical condition that causes harm can constitute a nuisance). Such proof might include, for example, evidence that actual or threatened hazardous substance releases (or other

---

[4] As stated in connection with Plaintiffs' trespass claim, if the evidence at the class trial does not establish that all class properties are contaminated or threatened by contamination as a result of Defendants' activities, then I will adjust the class certification as appropriate before judgment is issued.

7

04/15/2004 THU 15:06 FAX 303 331 6747 Silver & DeBoskey                    @009/031

conditions resulting from each Defendant's activities):[5] (1) posed a general health risk (a common question); (2) were capable of causing class members to suffer fear, anxiety or discomfort (a common question) and did cause such an interference with class members' use and enjoyment of their property (an individual question);[6] (3) caused governmental authorities to limit the use of class properties (a common question); or (4) resulted in other restrictions in the use and enjoyment of class properties (a common or individual question depending on the nature of claimed restriction) *See Cook IX,* 273 F. Supp. 2d at 1203-04.

The related issue of whether any claimed interference with the use and enjoyment of class properties is substantial and unreasonable is also capable of class determination. As described in *Cook IX,* under Colorado law the finder of fact making this determination must weigh both the gravity of the harm against the utility of the conduct causing the harm and consider whether the interference is significant enough that a normal person in the

---

[5] It is unclear at this point whether Plaintiffs intend to prove nuisance by reference to forms of interference that do not relate to actual or potential contamination of their properties as a result of Defendants' activities. If Plaintiffs intend to do so, these additional forms of claimed interference must be examined to identify any issues or components that would require individualized rather than class determination.

[6] I reject Defendants' contention that a class-wide trial on general or generic causation would inevitably violate the Rules Enabling Act and violate their Seventh Amendment rights. Generic causation addresses whether the defendant was responsible for a tort that had the capacity to cause the harm alleged, while individual or specific causation addresses whether the tortious act did cause the harm and to whom. *See, e.g., In re Hanford Nuclear Reservation Litig.,* 292 F.3d 1124, 1133 (9th Cir. 2002); *Sterling v. Velsicol Chem. Corp.,* 855 F.2d 1188, 1200 (6th Cir. 1988). Courts have approved trial plans in mass tort actions that include class-wide trial on generic causation and leave the individual causation question to separate determination. *See, e.g., Hanford,* 292 F.3 at 1133; *Velsicol,* 855 F.2d at 1200.

community would find it offensive, annoying or inconvenient. 273 F. Supp. 2d at 1202. The first of these questions will be decided based on common evidence as to the nature of Defendants' activities, the utility of those activities and the interference with the use and enjoyment of class properties caused by or capable of being caused by those activities.[7] The second will be decided based on common evidence regarding the reaction of a normal community member to the claimed interference.[8]

Defendants contend that causation and the reasonableness of any claimed interference cannot be decided on a class-wide basis because the activity giving rise to the alleged nuisance may be different for different class members. Defendants' theory is apparently that because class members purchased and sold their properties at different times, some class members may have been affected by some of Defendants' allegedly negligent or abnormally dangerous activities, but not others. This argument has no merit

---

[7] It is appropriate to decide in a class-wide trial whether an individualized form of interference, such as a class member's anxiety, fear or discomfort resulting from Defendants' activities, is unreasonable and substantial because the evidence to be presented on this question would be essentially the same in individual proceedings to determine whether Defendants' activities caused this form of interference. A failure of proof at the class trial on whether a claimed interference was substantial and unreasonable would also obviate the need for any individual proceedings regarding nuisance liability premised on a claimed interference that failed this test.

[8] As described in *Cook IX*, that class members' properties have decreased in value is evidence that a proven interference is substantial so long as the market and the affected community have substantially the same general characteristics and information base. 273 F. Supp. 2d at 1209. Evidence relevant to this question is common to the class even if Defendants are correct that the degree of any devaluation varies, as Defendants contend, on a property to property basis.

9

to the extent Plaintiffs' nuisance claim is based on actual contamination of class members' property, because the inquiry in that instance is whether each Defendant caused contamination of class members' properties, not the timing of the acts causing the contamination. To the extent Plaintiffs base their nuisance claim on each Defendants' course of conduct during its period of operating the Rocky Flats facility, Defendants' contention also has no merit. Even if Plaintiffs seek to prove their claim by reference to specific activities of each Defendant that arguably affected some class members but not others, such differences can be dealt with by carefully drafted jury instructions and special interrogatories in a class-wide trial, rather than individual trials that would repeat the same evidence as to these activities over and over again.

As noted earlier, depending on the form of interference with the use and enjoyment of property claimed by Plaintiffs, there may be specific causation issues relating to the nuisance claim that will require individualized determinations at some point in this action. Plaintiffs should address this concern in their proposed trial plan.

Defendants' arguments against a class trial on damages for nuisance are addressed below.

Defendants also raise questions about the inclusion in the class trial of the nuisance claim of class members owning only mortgagee and other security interests in class property. *See* Status Report at 33-35. Plaintiffs shall address the status and management of this sub-class and its nuisance claim in their proposed trial plan.

10