4958

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-CV-00181(JLK)

MERILYN COOK, et al.,

  Plaintiffs,

vs.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

  Defendants.

---

**REPORTER'S TRANSCRIPT**
Trial to Jury
VOLUME 36

---

Proceedings before the HONORABLE JOHN L. KANE, JR., Judge, United States District Court for the District of Colorado, commencing at 1:15 p.m., on the 10th day of ~~October~~ November, 2005, in Courtroom A802, United States Courthouse, Denver, Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Janet M. Coppock, 901 19th Street, Room A-257, Denver, Colorado, 80294, (303) 893-2835

1        **APPEARANCES**

2        MERRILL GENE DAVIDOFF, DAVID F. SORENSEN, ELLEN T.

3   NOTEWARE and PETER NORDBERG, Attorneys at Law, Berger &

4   Montague, P.C., 1622 Locust Street, Philadelphia, Pennsylvania,

5   19103-6365; and LOUISE M. ROSELLE of Waite, Schneider, et al,

6   1513 Fourth and Vine Tower, One West Fourth Street, Cincinnati,

7   Ohio, 45202; GARY BLUM, Attorney at Law, Silver & DeBoskey,

8   1801 York Street, Denver, Colorado 80206, appearing for the

9   Plaintiffs.

10       DAVID M. BERNICK, DOUGLAS KURTENBACH, MARK J.

11  NOMELLINI, STEPHANIE A. BRENNAN and ELLEN T. AHERN, Attorneys

12  at Law, Kirkland & Ellis, L.L.P., 200 East Randolph Drive,

13  Chicago, Illinois, 60601, appearing for the Defendants.

14                        *   *   *   *   *

15                           **PROCEEDINGS**

16       *THE COURT:*  Let's go first to the motion on the film,

17  the documentary. I looked at it, and under Rule 403, I am

18  granting the motion. It's just utter propaganda, and it

19  clearly -- the prejudicial effect outweighs any probative value

20  it would have, including whether somebody saw that. It would

21  be -- here I go again saying things that probably shouldn't,

22  but I just wonder why you don't offer Dr. Strangelove. It's

23  about as relevant.

24       Okay. The motion to exclude the rest of Ms. Robb's

25  testimony is granted in part. She can testify, but not to the

1  impact of Rocky Flats on her marriage, the testimony about
2  alleged emotional distress caused by proximity to Rocky Flats,
3  or testimony about unidentified media stories. The
4  unidentified media stories is cumulative. I let in the media
5  coverage of this as it relates for the specific purpose of
6  showing what is available and known in the market, but I am not
7  going to permit it with regard to what effects it may have had
8  on somebody who was in the class at the time.
9          I also point out that this witness is not a class
10 representative, and her individual circumstances are such --
11 with regard to marriage and the break-up of her marriage on the
12 fears that she might have had are matters which can be clearly
13 brought up if, indeed, the plaintiffs are successful in the
14 jury verdict and she makes a private claim, but I don't see
15 them as being generic.
16         MR. DAVIDOFF: I understand Your Honor's rulings.
17 There is only one small aspect of them I would like to put on
18 the record; that is, I believe there is in this trial a
19 question the jury is going to have to answer as to whether the
20 events at Rocky Flats and the revelations -- and the
21 contamination was capable of causing emotional anguish or
22 distress to the members of the class. And I do think that
23 portion is relevant to that claim.
24         And if I could just note for the record, Your Honor,
25 the defendants very ably have argued repetitively throughout