**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CIVIL ACTION NO. 90-K-181**

**MERILYN COOK,** *et al.***,**

        **Plaintiffs,**

    **v.**

**ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,**

        **Defendants.**

**RESPONSE TO DEFENDANTS' OBJECTIONS
TO PLAINTIFFS' DESIGNATIONS OF TESTIMONY
AND EXHIBITS FROM KARL Z. MORGAN, Ph.D.**

In response to defendants' objections to their proposed use at trial of deposition testimony and exhibits from Karl Z. Morgan, Ph.D.,[1] plaintiffs state as follows.

On November 11, 2005, the Court issued its Order Limiting Motion Practice During Trial (Doc. 1626), subsequent to which defendants filed their purported Objections to Plaintiffs' Designations of Deposition Testimony of Karl Z. Morgan and to Use of Deposition Exhibits at Trial (Doc. 1627) ["Objections"]. Such "objections" are, however, nothing more than a thinly veiled motion to strike the testimony of Dr. Morgan, filed in violation of the Court's order. *See* Objections at 2 ("there is no admissible testimony that . . . can be read to the jury") & Exhibit C ("Defendants Do Not Counter

---

[1]    Dr. Morgan, the "Father of Health Physics," passed away on June 8, 1991 at the age of 91.

Designate if Motion to Strike"). Plaintiffs, nonetheless, address defendants' objections seriatim, by topic of questioning.[2]

**Page:** **8:11-17 (August 26, 1996)**

**Topic:** **Manhattan Project**

Objections: Non-responsive, form, foundation

Response: While plaintiffs believe that Dr. Morgan's answer was not only responsive, but stated a historical fact of which the Court could take judicial notice, they are willing to strike the testimony "The – the word Manhattan Project – . . . – was somewhat of a cover-up for security reasons, but" (8:12 & 14-15) should the Court rule otherwise. Plaintiffs additionally designate Dr. Morgan's testimony at pages 8:23 to 9:7, to supplement the foundational testimony at 9:11 to 10:3.

---

**Pages:** **14:25 to 15:13; 15:12 to 16:3 (August 26, 1996)**

**Topic:** **Non-Public Nature of Chalk River Conference**

Objections: Irrelevant, prejudice, form, foundation

Response: Under Federal Rule of Evidence ["FRE"] 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. Moreover, Dr. Morgan testified regarding his attendance at the Chalk River Conference (13:21 to 14:18), thereby establishing the foundation for his testimony regarding others who attended (or did not attend) the conference.

---

[2] Plaintiffs would also note that there appear to be some minor, non-substantive dicrepancies between the transcript of revised deposition designations submitted to defendants on November 7, 2005 and Exhibit C attached to defendants' Objections. *See, e.g.,* 14:21-22, 15:4-5 & 35:21 to 36:6 (counsel's objections – which the Court has previously ruled are not evidence – eliminated from transcript of revised designations, but appear in Exhibit C). Plaintiffs respectfully suggest that all such objections be stricken from the final designations.

2

| | |
|---|---|
| **Pages:** | **17:20 to 18:4; 18:6-15 (August 26, 1996)** |
| **Topic:** | **Purpose of Chalk River Conference** |
| Objections: | Form, foundation |
| Response: | As previously noted, Dr. Morgan testified regarding his attendance at and participation in the Chalk River Conference, thereby establishing the foundation for his testimony regarding the purpose of the conference. |

| | |
|---|---|
| **Pages:** | **18:25 to 19:13; 20:11 to 21:1 (August 26, 1996)** |
| **Topic:** | **Exhibit 2 – Minutes of Chalk River Conference dated May, 1950** |
| Objections: | Form, foundation, hearsay, hearsay within hearsay, irrelevant, confusing, misleading, unfairly prejudicial |
| Response: | Exhibit 2 is the minutes of the Chalk River Conference, which are admissible under FRE 803(16) (ancient document) and 803(8) (public report or record), particularly since defendants extensively cross-examined Dr. Morgan about such minutes.  *See* 53:4 to 68:20 (August 27, 1996).  Moreover, Dr. Morgan established the foundation for his testimony regarding Exhibit 2 at 19:5-6, 19:9-13, 20:11-13 and 20:24 to 21:1 (August 26, 1996).  In response to defendants' foundation objection, plaintiffs additionally designate the testimony at 21:8-11 and 22:15-19 (August 26, 1996).  Furthermore, under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403.  Finally, defendants waived their objections to Exhibit 2 by designating testimony relating to that exhibit.  *See* Response to 57:17 to 58:6; 59:10 to |

        60:11; 65:3 to 66:8; 66:21 to 68:20 (August 27, 1996), *infra*.

---

**Pages:** **25:14 to 26:14; 29:24 to 30:2; 30:21 to 31:6 (August 26, 1996)**

**Topic:** **Establishment of Plutonium Exposure Levels at Chalk River Conference**

Objections: Form, foundation, improper expert opinion testimony

Response: As an initial matter, Dr. Morgan established the foundation for this testimony when he testified regarding his credentials. *See* 7:21 to 8:10, 9:11 to 14:4 (August 26, 1996). Furthermore, as a former employee of the Atomic Energy Commission, Dr. Morgan testified as an adverse witness for the purposes of providing a historical account of the so-called "early years." As such, he was offering factual (non-expert) testimony only. To the extent that such testimony could be construed to contain Dr. Morgan's opinons, pursuant to FRE 701, such testimony is helpful to a clear understanding of his testimony, to the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702.

---

**Pages:** **31:14-19; 31:20-23 (August 26, 1996)**

**Topic:** **Nature of Discussions Regarding Establishment of Plutonium Exposure Levels at Chalk River Conference**

Objections: Form, foundation, irrelevant, prejudicial

Response: Again, Dr. Morgan established the foundation for this testimony when he testified regarding his credentials. *See* 7:21 to 8:10, 9:11 to 14:4 (August 26, 1996). Under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially

4

|  |  |
|---|---|
|  | outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403. |

**Pages:** **32:20 to 33:7; 34:22 to 35:2; 35:3-16; 35:18-20 (August 26, 1996)**

**Topic:** **Los Alamos Reaction to Chalk River Conference Plutonium Standard**

Objections: Irrelevant, improper lay opinion, foundation, hearsay, prejudice

Response: The witness' hearsay statements form the basis of his knowledge, belief or actions, and/or are necessary to explain or substantiate that knowledge or belief.  And Dr. Morgan was offering factual (non-expert) testimony only.  To the extent that such testimony could be construed to contain Dr. Morgan's opinons, pursuant to FRE 701, such testimony is helpful to a clear understanding of his testimony, to the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702.  Furthermore, under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403.  Finally, plaintiffs concede that there is no answer to the question posed at 35:18-20 and, therefore, withdraw such designation.

**Pages:** **36:11 to 45:17 (August 26, 1996)**

**Topic:** **Exhibit 3 – Letter from Langham to Warren dated January 20, 1950**

Objections: Foundation, hearsay, hearsay within hearsay, assumes facts not in evidence, authenticity, relevance, speculation, impermissible expert testimony

5

Response: As an initial matter, not all of Dr. Morgan's testimony is based upon Exhibit 3. *See, e.g.,* 41:18 to 42:18 (August 26, 1996). Dr. Morgan, moreover, established the requisite foundation when he testified that he received a copy and was familiar with the contents of the letter marked as Exhibit 3. *See* 42:20 to 43:1 (August 26 1996). Such letter is admissible under FRE 803(16) (ancient document) and 803(8) (public report or record), particularly since defendants had an opportunity to cross-examined Dr. Morgan regarding the same. Furthermore, under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. Finally, Dr. Morgan was offering factual (non-expert) testimony only. To the extent that such testimony could be construed to contain Dr. Morgan's opinons, pursuant to FRE 701, such testimony is helpful to a clear understanding of his testimony, to the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702.

---

**Pages:** **45:21 to 46:10; 46:19 to 47:21 (August 26, 1996)**

**Topic:** **Oak Ridge National Laboratory**

Objections: Foundation, irrelevant, other facilities

Response: Dr. Morgan established the foundation for this testimony when he described in detail his tenure and responsibilities at the Oak Ridge National Laboratory. *See* 10:12 to 11:24 (August 26, 1996). Furthermore, under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. Finally, plaintiffs do not believe that Dr. Morgan's reference to the Oak Ridge National Laboratory, in the context of his testimony regarding levels of exposure he adhered to,

6

                    prejudices defendants. However, should the Court rule otherwise, they will will redact such reference from their designated testimony.

**Pages:** **40:6 to 44:15 (August 27, 1996)**

**Topic:** **Harwell and Harriman Conferences**

Objections: Plaintiffs have no objection to the designated testimony, but further designate the intervening testimony at 42:7-10, 42:14 ("But I don't") and 42:25 to 43:3 (August 27, 1996) for completeness.

**Pages:** **46:20-23; 47:3-10 (August 27, 1996)**

**Topic:** **Selection of Internal Dose Committee Members**

Objections: Plaintiffs have no objection to the designated testimony, but further designate the omitted testimony at 47:1-2 (August 27, 1996) for completeness.

**Pages:** **49:3 to 51:19 (August 27, 1996)**

**Topic:** **NCRP/ICRP Publications**

Objections: Plaintiffs have no objection to the designated testimony, but further designate the omitted testimony at 50:19-24 (August 27, 1996) for completeness.

**Pages:** **57:17 to 58:6; 59:10 to 60:11; 65:3 to 66:8; 66:21 to 68:20 (August 27, 1996)**

**Topic:** **Exhibit 2 – Minutes of Chalk River Conference**

Objections: Plaintiffs have no objection to the designated testimony, but state that by designating such testimony defendants have waived their objection to plaintiffs' designation of Dr. Morgan's testimony regarding the same exhibit. *See* Response to 18:25 to 19:13; 20:11 to 21:1 (August 26, 1996), *supra*.

---

**Pages:** 77:18 to 78:19 (August 27, 1996)

**Topic:** Doctor's Permission for Meetings

Objections: Relevance

In conclusion, plaintiffs state that, to the extent that defendants failed preserve their objections during the deposition of Dr. Morgan, such objections have been waived. Furthermore, plaintiffs reserve the right to object to other testimony or exhibits, if any, proffered by defendants in connection with Dr. Morgan's testimony.

                                  Respectfully submitted,

November 13, 2005                    */s/ Jean M. Geoppinger*
                                  _____
                                  Louise M. Roselle
                                  Jean M. Geoppinger
                                  WAITE, SCHNEIDER, BAYLESS
                                  & CHESLEY CO., L.P.A.
                                  1513 Fourth & Vine Tower
                                  One West Fourth Street
                                  Cincinnati, Ohio  45202
                                  (513) 621-0267

                                  Merrill G. Davidoff
                                  Peter Nordberg
                                  Jenna MacNaughton-Wong
                                  BERGER & MONTAGUE, P.C.
                                  1622 Locust Street
                                  Philadelphia, PA 19103
                                  (215) 875-3000

                                  Gary B. Blum
                                  Steven W. Kelly
                                  SILVER & DEBOSKY, P.C.
                                  1801 York Street
                                  Denver, Colorado  80206
                                  (303) 399-3000

                                  *Attorneys for Plaintiffs*
                                  *and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 12, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

> David M. Bernick
> KIRKLAND & ELLIS, LLP
> 200 East Randolph Drive
> Chicago, Illinois  60601
>
> and
>
> Joseph J. Bronesky
> SHERMAN & HOWARD, LLC
> 633 Seventeenth Street, Suite 3000
> Denver, Colorado  80202
>
> *Attorneys for Defendants*

*/s/ Jean M. Geoppinger*

Jean M. Geoppinger