IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

___

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY BY CHARLES MCKAY REGARDING OTHER LAWSUITS (INCLUDING GOVERNMENT TAKINGS) AND REGARDING MR. MCKAY'S INTERACTIONS WITH ROCKY FLATS SECURITY**
___

Based on his deposition and various interviews that Charles McKay has given, defendants expect that plaintiffs will seek to elicit testimony from Charles McKay regarding: (1) other lawsuits in which Mr. McKay or his family have been involved (including takings by the United States government); and (2) regarding certain interactions that Mr. McKay has had with Rocky Flats security. Such testimony should be excluded for the reasons set forth below.

**I.**    **OTHER LAWSUITS AND TAKINGS.**

On August 22, 2005, the Court ruled on defendants' motion *in limine* to exclude evidence of other lawsuits. Based upon representations made by plaintiffs in their motion *in limine* response brief, the Court stated: "The ***only evidence*** plaintiff seeks to present that falls in these categories concerns the ***criminal investigation of Rockwell described earlier and the Church***

*litigation*.  Plaintiffs may present evidence *regarding the fact of each*."  (Ex. A, at 9) (emphasis added).)  Thus, when it comes to other lawsuits, plaintiffs are limited to presenting evidence of "the fact of . . . the criminal investigation of Rockwell" and "the Church litigation."  (*Id.*)

### A. 1951-55 Taking of McKay/Church Properties by the AEC/DOE

In 1951, the United States government initiated a takings action to secure land for the Rocky Flats plant.  One of the landowners whose land was sought in the takings action was Marcus Church, the uncle of Charles McKay.  Judge Knous presided over the action, which resulted in the United States government compensating Mr. Church for approximately 1,200 acres of land in 1955.  Evidence of the 1951-55 takings action should be excluded for at least three reasons.

First, evidence of the 1951-55 takings action should be barred pursuant to this Court's *in limine* rulings, under which only evidence of "the fact" of "the Church litigation" (separate litigation initiated in 1975) is admissible.

Second, evidence of the 1951-1955 takings action should be excluded because such evidence is not classwide.

Third, evidence of the 1951-1955 takings action should be excluded because it involved conduct by the United States government — not by Dow or Rockwell.

### B. 1972-74 Taking of McKay/Church Properties by the AEC/DOE

In or around 1972, the United States initiated a second taking of McKay/Church properties.  The second taking involved approximately 1,400 acres of property owned by Mr.

2

McKay's uncle Marcus Church, for a buffer zone around Rocky Flats. The 1972-74 taking should be excluded for the same reasons as the 1951-55 taking.

### C.     West Sprayfield Lawsuit

Mr. McKay owns property west of the plant (the "Mountain Plains Industrial Center"), as well as mining interests within the buffer zone of the plant. This property is not part of the class area. (Ex. B, McKay Deposition Ex. 2, Showing Mountain Plains Industrial Center West of Plant). In 1994, Mr. McKay filed a lawsuit against the United States, alleging that the operation of the west sprayfields in the Rocky Flats buffer zone had contaminated his properties west of the plant. (Ex. C, McKay Dep. at 40-41).

Such testimony should be excluded for three reasons:   (1) the Court has excluded testimony regarding such other lawsuits; (2) such evidence does not relate to the class area; and (3) such evidence is not class-wide.

### D.     Westminster Condemnation Proceeding

In 1995, Mr. McKay gave a deposition in a lawsuit involving a condemnation proceeding by the city of Westminster, in connection with a pipeline being built by Westminster near or through Mr. McKay's property. Testimony regarding this lawsuit should similarly be excluded for at least two reasons:   (1) the Court has excluded testimony regarding such other lawsuits; and (2) such evidence is not class-wide.

### E.     1975 Church Lawsuit

This Court has previously ruled that, other than testimony regarding "the fact" of the Church litigation, testimony regarding the *Church* lawsuit is inadmissible. Accordingly, Mr.

McKay should be barred from testifying about anything other than "the fact" of the 1975 *Church* lawsuit.

## II. MR. MCKAY'S INTERACTIONS WITH ROCKY FLATS SECURITY GUARDS.

Defendants expect that plaintiffs may elicit testimony from Mr. McKay regarding his interactions with Rocky Flats security guards. For example, in interviews that he has given, Mr. McKay has stated that Rocky Flats security guards have spied on him, or that they have changed the lock on the gate to the plant, thereby preventing him from accessing properties in the buffer zone in which he owns an interest. Such testimony should be excluded, because it is not class-wide (not all class members have interacted with Rocky Flats security), and because it does not relate to the claims in this case (nuisance and trespass).

## CONCLUSION

For the foregoing reasons, the Court should exclude evidence of (1) the 1951-55 taking; (2) the 1972-74 taking; (3) the West Sprayfields lawsuit; (4) the Westminister Condemnation Proceeding; (5) the 1975 *Church* lawsuit, other than the fact of the *Church* lawsuit; and (6) evidence relating to Mr. McKay's interactions with Rocky Flats security guards.

Dated: November 13, 2005                    Respectfully submitted,

/s/ Stephanie A. Brennan_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie A. Brennan

4

5

        KIRKLAND & ELLIS LLP
        200 East Randolph Drive
        Chicago, Illinois 60601-6636
        Phone:  312-861-2000
        Fax:      312-861-2200

        Joseph J. Bronesky
        SHERMAN & HOWARD L.L.C.
        633 Seventeenth Street, Suite 3000
        Denver, Colorado 80202
        Phone:  303-297-2900
        Fax:      303-298-0940

        Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

        I hereby certify that on October 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                /s/ Kari Knudsen_____
                                                Kari Knudsen (legal assistant)