IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' COMBINED OBJECTIONS TO EXHIBITS FOR
RICHARD KAUFMAN AND REPLY IN SUPPORT OF THEIR
MOTION TO STRIKE RICHARD KAUFMAN AS A WITNESS**
_____

Defendants hereby submit this combined submission, both as Objections to Exhibits that Plaintiffs have indicated will be used during the direct examinations of Richard Kaufman and as a reply in support of their Motion to Strike Mr. Kaufman as a Witness. In light of Plaintiffs' request for an offer of proof respecting Mr. Kaufman's testimony, it is important to address what plaintiffs' offer of proof might be, judging from the exhibits that they have indicated they will use with Mr. Kaufman, and how that offer of proof should be evaluated under the Court's November 10 rulings. Part I contains this general discussion, while Part II asserts additional objections to the admissibility of the exhibits.

**I.   THE DISCLOSED EXHIBITS ESTABLISH THE INADMISSIBILITY OF KAUFMAN'S TESTIMONY.**

On November 10, this Court set forth this test for the admissibility of this evidence:

> It's what you are able to do and not able to do. It isn't what the defense does, how much they have paid, what the Department of Energy does, how many people they have working on this or not working on it, when they make their

> decision, none of that matters.  If you have specific evidence that you have tried to bring forth and you have been frustrated in your effort by the classification process, that is admissible, that and that alone.

(11/10/05 Trial Tr. at 4886–87.)  This test is consistent with the Court's prior rulings:  "I think, *and my rulings have been based on this and this alone*, that a party litigant is entitled to gather evidence and produce it."  (*See id.* at 4886 (emphasis added).)

Plaintiffs represent that they "do not intend to offer any testimony from Mr. Kaufman that would fall outside the guidelines previously announced by the Court."  (Pls.' Opp'n at 2.)  They claim that they will elicit testimony to establish a "basic set of facts":  "[1] that DOE was subpoenaed for documents, [2] that DOE voluntarily entered into a stipulated order . . . and [3] that DOE then failed to adhere to that stipulated order and was held in contempt."  (*Id.* at 5.)  As a threshold matter, there is no need for Mr. Kaufman's testimony to establish this "basic set of facts," which can be addressed either through a stipulation or instruction without running the risk of a possible mistrial.

More fundamentally, Plaintiffs' stated intentions conflict with the set of exhibits they have disclosed for use with Mr. Kaufman.  These exhibits range into areas that this Court's rulings have excluded from consideration.  They contain numerous instances of inflammatory and prejudicial allegations of discovery misconduct by the DOE, defendants, and defendants' counsel, many of which are stated in Plaintiffs' counsel's own words.  (*See, e.g.*, P-651, P-1392 (letters from Plaintiffs' counsel); P-1417, P-1419 (hearing transcripts).)

**Allegations of Classification Abuse:**  This Court has held that the *fact* "that some information that might be admissible for plaintiffs was—remains classified, is admissible and that's it.  *That's it.*  I am not going to permit any further testimony."  (*See* 11/10/05 Trial Tr. at 5006 (emphasis added).)  Yet Plaintiffs have disclosed as exhibits correspondence written by Plaintiffs' counsel containing self-serving accusations of classification abuse by the DOE.  In

one letter, Plaintiffs' counsel insinuate "that DOE, in the past, may have misused its classification power . . . to shield the government and/or its contractors from legal liability or political embarrassment." (P-651 at 2.) This letter then quotes at length paragraph 10 of the document now designated as P-652, which paragraph this Court has already excluded from evidence. (*See* Trial Tr. at 591 ("The Court: You can't go into No. 10.").)

In another letter, Plaintiffs' counsel opines that the DOE had not engaged in "a good-faith declassification review," but rather made classification decisions "on grounds of litigation strategy, not national security." (P-1392 at 1.) Several other exhibits also levy accusations of bad faith on the part of the DOE. (*See*, *e.g.*, P-1415 at 7 ("[I]t appears that DOE has not acted in good faith."); P-1419 ("These are the actions of an agency which is continuing in a pattern of coverup that has started really before this case started in the Fifties and Sixties and continues to the present time.").) These hearsay statements are improper evidence under the Court's rulings, and should not be admitted through the back door as exhibits.

**Alleged Discovery Misconduct of Defendants:** This Court has consistently found that "I have absolutely no information, nor has anyone suggested to me that you or your firm *or your clients* have been involved in trying to conceal evidence through the use of excessive classification or dragging feet on classification issues." (8/22/05 Hr'g Tr. at 23.) Indeed, this Court confirmed on November 10 that evidence impugning Defendants' conduct in discovery was not admissible. (*See* 11/10/05 Trial Tr. at 4886 ("It isn't what the defense does . . . .").) In their opposition to Defendants' motion to strike, Plaintiffs seemingly acknowledge these limits.

Yet Plaintiffs' exhibits contain numerous accusations against defendants. For example:

- "Now, their inequitable conduct in claiming a shell game with discovery, and I am very comfortable in calling it a shell game, I think that is an understatement for what's been done here." (P-1417 at 16.)

3

- "[I]t was conduct intended to mislead and conduct that did mislead, the Plaintiffs and the Court, that hid the existence of key documents and locales for documents for three years. Now, Rockwell was no innocent in this." (P-1417 at 84.)

- "The DOE is the puppeteer and Dow and Rockwell and their lawyers are the puppets." (P-1419 at 16.)

Plaintiffs also intend to use briefs in which *defendants* assert certain objections to discovery (*see* P-648, P-1416), and a court order ruling on those objections (*see* P-649). These documents are irrelevant even to Plaintiffs' stated purpose as they do not speak to the ***DOE's*** discovery conduct.

**Alleged Misconduct by Defense Counsel:** Plaintiffs represent in their opposition that they "will elicit no testimony from Mr. Kaufman, in the jury's presence, about any link between DOE's conduct and defense counsel." (Pls.' Opp'n at 2.) But Plaintiffs' *exhibits* make direct allegations of misconduct on the part of Defendants' lead counsel: "I am interested in what may have been done here to orchestrate a discovery fraud on the Plaintiffs and on the Court, and ***the architect of that is Mr. Bernick***." (P-1417 at 53–54 (emphasis added).) Plaintiffs have also included in their set of exhibits correspondence between Mr. Bernick and DOE representatives. (See Exs. A & B to P-648.) The only purpose this correspondence could serve would be to support plaintiffs' theory, already excluded by this Court, that such communications were somehow improper:

> *MR. DAVIDOFF:* One of the ones that I did intend to cover was the fact that the DOE cooperated with the defendants for a number of years and never cooperated with us.
>
> THE COURT: ***That's not admissible.*** They have either cooperated with you or they didn't. It shatters reason to think that they wouldn't cooperate with the side that's defending their action in this case.

(11/10/05 Trial Tr. at 4888 (emphasis added).)

4

## II.  DEFENDANTS' ADDITIONAL OBJECTIONS TO THE EXHIBITS TO BE USED WITH KAUFMAN.

Plaintiffs' proposed exhibits are inadmissible for additional reasons.  Many of the documents are inadmissible hearsay, including hearsay letters written by Plaintiffs' counsel themselves (P-650, P-651, Exhibit A to P-1209, P-1392), motions (P-1398, P-1411, and P-1415), and briefs (P-1391, and P-1416).  Specifically:

**P-648:**  P-648 is inadmissible because (1) it discusses defense counsel involvement with the DOE; (2) it is irrelevant; and (3) Mr. Kaufman cannot provide the required foundation.

**P-650:**  P-650 is inadmissible because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) the media contained within P-650 is irrelevant because it is not being offered for notice; and (3) it is unduly prejudicial.

**P-651:**  P-651 is inadmissible because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) the document references and quotes at length from an unauthenticated document seemingly discussing the *Church* litigation, a portion of which this Court has already ruled inadmissible (*see* 10/11/2005 Trial Tr. at 591); (3) it discusses alleged reasons/motives for classifying documents; and (4) it is unduly prejudicial.

**P-1209:**  Exhibit A to P-1209 is inadmissible because: (1) it is hearsay not within any exception and contains hearsay within hearsay; and (2) it is unduly prejudicial.

**P-1391:**  P-1391 is inadmissible because: (1) it is hearsay not within any exception; (2) it is irrelevant; and (3) it is unduly prejudicial.

**P-1392:**  P-1392 is inadmissible because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is inadmissible because it contains allegations of improper motives for declassifying documents; and (3) it is unduly prejudicial.

**P-1398:**  P-1398 is inadmissible because it is hearsay not within any exception.

5

**P-1411:**  P-1411 is inadmissible because it is hearsay not within any exception.

**P-1413:**  P-1413 is inadmissible because it is hearsay not within any exception.

**P-1414:**  P-1414 is inadmissible because it is irrelevant.

**P-1415:**  P-1415 is inadmissible because: (1) it is hearsay not within any exception and contains hearsay within hearsay; and (2) it is unduly prejudicial.

**P-1416:**  P-1416 is inadmissible to the extent Plaintiffs seek to use it to detail Defendants' involvement with the DOE.

**P-1417:**  P-1417 is inadmissible because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is irrelevant; (3) it is inadmissible because it alleges improper cooperation between defense counsel and the DOE; and (4) it is unduly prejudicial.

**P-1419:**  P-1419 is inadmissible because: (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) it is inadmissible because it contains allegations of the motivations behind declassifying documents; (3) it is inadmissible because it contains allegations of defense counsel's involvement with the DOE; and (4) it is unduly prejudicial.

**P-1420:**  P-1420 is inadmissible because: (1) it is hearsay not within any exception; (2) it is inadmissible because it contains allegations of improper motives behind declassifying documents; (3) it is inadmissible because it contains allegations of defense counsel involvement with the DOE; and (4) it is unduly prejudicial.

Dated:  November 13, 2005                             Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern

Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                /s/ Courtney Biggins_____
                Courtney Biggins (legal assistant)