**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE USED BY
PLAINTIFFS WITH THOMAS COCHRAN AND TO TESTIMONY ON SUBJECTS
BEYOND THOSE COVERED IN COCHRAN'S REPORTS**
_____

Defendants hereby object to certain exhibits that plaintiffs have indicated will be used during the direct examination of Thomas Cochran and further object to any testimony of Dr. Cochran that goes beyond the areas covered in his report or his areas of expertise. Defendants' objections are divided into three categories: (1) objections to documents or areas of testimony that are not covered in his reports or that fall outside his areas of expertise; (2) objections made with respect to previous motions *in limine* which the Court has already denied; and (3) additional objections with respect to which the Court has not already ruled.

**I.    OBJECTIONS TO DOCUMENTS NOT COVERED IN REPORTS OR THAT ARE NOT WITHIN COCHRAN'S AREA OF EXPERTISE.**

Defendants object to numerous documents that plaintiffs intend to use with Dr. Cochran because they reflect topics that are not covered in his expert reports or are outside his areas of expertise. First, plaintiffs intend to use a number of exhibits with Cochran that relate to classification issues. Under this Court's orders, the only issue with respect to classification is whether plaintiffs have the documents they sought or not.

> It's what you are able to do and not able to do. It isn't what the defense does, how much they have paid, what the Department of Energy does, how many people they have working on this or not working on it, when they make their decision, none of that matters. If you have specific evidence that you have tried to bring forth and you have been frustrated in your effort by the classification process, that is admissible, that and that alone.

(11/10/05 Trial Tr. at 4886–87.) Almost none of plaintiffs' proffered documents address this issue. Rather, the proffered exhibits deal with the scope of classification and whether documents were properly classified or declassified. These documents are off limits and inadmissible. In addition, as explained in Defendants' Motion to Bar Certain Testimony from Thomas Cochran, he is not an expert on classification and should not be allowed to testify on classification issues. The proffered documents that fall into this category include: P-355, P-537, P-535, P-585, P-653, P-1122, P-1407.

Second, plaintiffs intend to use documents with Cochran which fall outside his area of expertise or fall outside of his report. For instance, several of the documents were not cited in his report and were not documents he relied upon in reaching his opinions. It is improper for plaintiffs now to attempt to admit these documents through Cochran. These proffered documents

2

include: P-535 and P-1428.  Moreover, other documents, although they may be referenced in his report, cover topics on which he lacks expertise (as set forth in more detail in Defendants' Motion to Bar Certain Testimony from Thomas Cochran), and should not be admitted for that reason.  Those proffered documents are:  P-1145, P-1195, P-1403, P-1404, P1408, P-1424, P-1428, and P-1429.

Third, despite protestations that they will not re-tread ground already covered with Budnitz and other witnesses, plaintiffs have listed no less than eleven previously admitted documents (10 of which were used with Budnitz, and one of which was used with Holeman and Lipksy) that they apparently intend to cover with Cochran.  Seven of these documents focus on the 1957 and 1969 fires, which were covered extensively with Dr. Budnitz.  Defendants request that plaintiffs be barred from using these exhibits to re-cover ground that was already covered with Dr. Budnitz and other witnesses.  The exhibits covered by this objection include:  P-63, P-64, P-557, P-1024, P-1025, P-1026, P-1027, P-1029, P-1290, P-1309, and P-1317.

## II. OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY DENIED.

Set forth below are objections to plaintiffs' exhibits based on arguments set forth in defendants' previously-denied motions *in limine*.  Defendants re-assert these objections here in order to preserve their rights.

    **A.**    **Defendants' Motion *in Limine* to Exclude Evidence of the Grand Jury Investigation of Rocky Flats and Related Evidence**

Defendants object to the following exhibits on the ground that evidence related to the grand jury investigation of Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 2, filed 6/16/05):  P-1195.

    **B.**    **Defendants' Motion *in Limine* to Exclude Evidence of Substances Other Than Plutonium to the Extent Plaintiffs Cannot Demonstrate Support for a Class-Wide Nuisance**

Defendants object to the following exhibits on the ground that evidence related to substances other than plutonium is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 6, filed 6/16/05):  P-163, P-1195, P-1424, P-1428, P-1429.

    **C.**    **Defendants' Motion *in Limine* to Exclude Evidence Related to Employee Safety and Health**

Defendants object to the following exhibits on the ground that evidence related to employee health and safety at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 7, filed 6/16/05):  P-1403, P-1339, P-1428, P-1429.

    **D.**    **Defendants' Motion *in Limine* to Exclude Evidence Related to Releases and Incidents That Occurred Wholly Within Buildings**

Defendants object to the following exhibits on the ground that evidence related to releases, incidents, and conditions that occurred solely within buildings at Rocky Flats is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 8, filed 6/16/05):  P-163, P-1339, P-1428, P-1429.

E.  **Defendants' Motion *in Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs Cannot Link to Their Trespass and Nuisance Claims**

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05): P-163, P-1404, P-1195, P-1339, P-1402.

F.  **Defendants' Motion *in Limine* to Exclude Evidence That Does Not Apply Class-Wide**

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 12, filed 6/16/05): P-163, P-1402, P-1404, P-1195, P-1424.

### III. ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

Defendants object generally to historical documents plaintiffs seek to offer into evidence because Dr. Cochran cannot lay a proper foundation for their admission. Furthermore, documents relied upon by an expert are typically inadmissible under Federal Rule of Evidence 703. The only exception is when the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect. Fed. R. Evid. 703. Such evidence should not be admitted for substantive purposes. *See* McCormick on Evidence §324.3 (2003 Pocket Part) ("[T]he proponent now has a much more substantial burden in showing how receiving the inadmissible evidence will aid the jury in evaluating the expert's opinion, as opposed to being misused by the jury for substantive purposes.") Defendants object

5

to admission of documents purportedly relied upon by Dr. Cochran in connection with his testimony because the plaintiffs cannot meet the balancing test of Rule 703 and they seek to offer documents for substantive purposes.

Defendants object to P-163 because it is hearsay and does not fall within any exception (not a government report). Defendants object to P-163 on grounds of relevancy and foundation.

Defendants object to P-535 on grounds of authenticity and foundation.

Defendants object to P-542 on grounds of foundation.

Defendants object to P-559 on grounds of foundation.

Defendants object to P-560 on grounds of authenticity, hearsay and foundation.

Defendants object to P-561 on grounds of authenticity and hearsay because it is comprised of multiple documents.

Defendants object to P-585 on grounds of foundation.

Defendants object to P-653 on grounds of authenticity, hearsay and foundation.

Defendants object to P-1122 and P-1409 because they are hearsay and do not fall within any exception. These are two expert reports that were prepared by Thomas Cochran, and it is well settled that expert reports are inadmissible hearsay. *See Ake v. General Motors Corp.,* 942 F.Supp. 869, 877-78 (W.D.N.Y.1996) (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer v. K-Mart Corp.,* 1998 WL 883318, at *5 (E.D. La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 2002 Wl 826956, at *7 (S.D.N.Y May 1, 2002) (same). This Court has concurred. (*See* Tr. at 4347 ("my view [is] that expert reports are

6

not admissible, *per se*"); Tr. at 4797 ("I have already made that ruling before, reports themselves are not admissible."))  In addition, Defendants made extensive *Daubert* challenges to the testimony of Thomas Cochran.  For the reasons previously expressed in Defendants' *Daubert* motion, the opinions expressed in Cochran reports are inadmissible, and therefore the reports themselves are inadmissible.  Moreover, much of the reports merely summarizes or regurgitates observations and conclusions from other documents.  Thus, the reports contain numerous instances of hearsay within hearsay and should be excluded for that reason as well.

Defendants object to P-1143 on grounds of foundation.

Defendants object to P-1144 on grounds of authenticity, hearsay and foundation.

Defendants object to P-1195, the Rockwell plea agreement, on grounds of hearsay and undue prejudice.  This Court has already ruled that:  "The Plea Agreement is not admissible."  (Tr. 2511)

Defendants object to P-1205, Thomas Cochran's CV, on hearsay grounds.

Defendants object to P-1339, a DOE book describing "environmental, safety, and health problems throughout the nuclear weapons complex" on grounds of hearsay and hearsay within hearsay, relevance, and unfair prejudice.  This exhibit is not specific to Rocky Flats and discusses problems at other DOE facilities.  It also contains numerous references to worker safety issues.

Defendants object to P-1393 on grounds of authenticity, hearsay and foundation.

Defendants object to P-1394 on grounds of authenticity, hearsay and foundation.

Defendants object to P-1401 because it is hearsay and does not fall within any exception (not a government report).  Defendants object to P-1401 on grounds of relevancy and foundation.

Defendants object to P-1402 on grounds of relevancy.

Defendants object to P-1403 on grounds of relevancy (relates to radiation safety in medical or hospital care programs using radioactive materials), authenticity (draft) and foundation.

Defendants object to P-1404 because it is hearsay that does not fall within any exception and on foundation grounds.

Defendants object to P-1407 on grounds of authenticity and foundation.

Defendants object to P-1408 on grounds of authenticity and that it is a compilation of documents.

Defendants object to P-1422 on grounds of foundation.

Defendants object to P-1423 on grounds of authenticity, hearsay and foundation.

Defendants object to P-1424 on grounds of relevance, hearsay and foundation.

Defendants object to P-1425 on grounds of authenticity, hearsay and foundation.

Defendants object to P-1426 and P-1427, portions of Cochran's Nuclear Weapons Databook, on the grounds that they are incomplete, are hearsay that does not fall within any exception, and are irrelevant to the issues in this case.  In addition, defendants believe it is likely that plaintiffs will attempt to use these documents to show what nuclear weapons information was in the public domain in order to contend that DOE's classification decisions were improper.

Such a use of these documents would be improper and in contravention of this Court's prior orders. Defendants object to their admissibility on this ground as well.

Defendants object to P-1428 and P-1429 on the grounds that they focus on worker safety and health issues and are therefore irrelevant and unduly prejudicial. P-1428 is memorandum concerning whether DOE should contact its former employees to inform them of potential exposures to beryllium. It discusses worker exposure to beryllium at Rocky Flats and other DOE facilities (*e.g.,* Argonne National Laboratory). P-1429 is document by the DOE that contains extensive discussions of worker exposure to beryllium and OSHA beryllium exposure standards, including a debate over whether the OSHA standard for worker exposure is appropriate. This Court has recognized that this is not a worker safety case. (*E.g.,* Tr. at 517 & 2503) In addition, Plaintiffs have not offered any evidence of any offsite exposure to beryllium from Rocky Flats.

Defendants object to the Cochran videotape in which Dr. Cochran states his views about the Rocky Flats plant and alleged deficiencies in Dow's and Rockwell's fire safety and environmental practices. As explained in more detail in Defendants' Motion to Bar Certain Testimony from Dr. Thomas Cochran, this video should not be admitted into evidence because: (1) it is hearsay narrative; (2) it is cumulative; and (3) Dr. Cochran has no expertise to opine on the subjects detailed in it. In addition, the videotape improperly mentions cleanup costs (16:10-15) and this reference must be redacted if the video is to be shown to the jury. The video also contains numerous other photographs, video clips and animation for which there is no foundation and which contain hearsay within hearsay.

9

Defendants object to PG-027B, PG-027C, PG-801 and PG-802 on grounds of foundation because plaintiffs have provided no source for any of the information displayed on these graphics.

Defendants do not object to P-10, P-373, P-374, and P-1132.

Dated:  November 14, 2005                                         Respectfully submitted,


                    /s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

               /s/ Courtney Biggins_____
               Courtney Biggins (legal assistant)