**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CIVIL ACTION NO. 90-K-181**

**MERILYN COOK,** *et al.***,**

      **Plaintiffs,**

    **v.**

**ROCKWELL INTERNATIONAL CORPORATION**
**and THE DOW CHEMICAL COMPANY,**

      **Defendants.**

**RESPONSE TO DEFENDANTS' OBJECTIONS TO**
**PLAINTIFFS' DESIGNATIONS OF TESTIMONY**
**AND EXHIBITS FROM ALBERT J. HAZEL**

In response to defendants' objections to their proposed use at trial of deposition testimony and exhibits from Albert Hazel, plaintiffs state as follows.

As an initial matter, the Court has denied defendants' motions *in limine* to exclude evidence of: substances other than plutonium to the extent that plaintiffs cannot demonstrate support for a class-wide nuisance; evidence related to employee safety and health; evidence about plutonium-related practices and incidents that plaintiffs cannot link to their trespass and nuisance claims; and evidence that does not apply class-wide. *See* Transcript of August 22, 2005 Pre-Trial Conference at 4-5; Minute Order dated August 22, 2005. On that basis alone, defendants' objections to Hazel deposition exhibits 158, 182, 183, 202 and 203[1] should be denied.

---

[1] Each of the deposition exhibits associated with the testimony designated by plaintiffs will be assigned a plaintiffs' exhibit number.

Defendants' objections to form should also be overruled as waived and/or harmless. *See* 41:9 to 42:16, 69:12 to 70:12, 85:9-13, 85:22 to 86:16, 86:14-16, 126:9-22, 142:15-24, 267:24 to 268:13 and 293:10-16.

Hereafter, plaintiffs address defendants' substantive objections seriatim, by topic of questioning.

| | |
|---|---|
| **Pages:** | **58:2-7; 60:3-14** |
| **Topic:** | **Exhibit 158** |
| Objection: | Foundation; hearsay; no personal knowledge |
| Response: | Exhibit 158 is a letter from Dow Chemical, which is admissible under FRE 803(16) (ancient document) and 803(8) (public report or record), particularly since defendants had an opportunity to cross-examined Mr. Hazel about such letter. |

| | |
|---|---|
| **Pages:** | **74:11 to 77:9** |
| **Topic:** | **"Exhibit 159"** |
| Objection: | Hearsay, hearsay within hearsay, withdrawn question, counsel colloquy, lack of personal knowledge, foundation, speculative, non-responsive |
| Response: | As an initial matter, the questioning of Mr. Hazel relates to Exhibit 158 (P-6), not Exhibit 159. As previously discussed, Exhibit 158 is admissible under FRE 803(16) and 803(8). Furthermore, in part, counsel for defendants stipulated "to what the document says." *See* 75:11-12. Mr. Hazel also testified extensively regarding his knowledge of the 1969 fire, thereby establishing the foundation for his testimony. *See* 67:2 to 68:10. |

2

**Page:** 80:8-16

**Topic:** **Attendance at Meeting**

Objection: Foundation, lack of personal knowledge

Response: Having testified regarding his attendance at the meeting (79:7 to 80:7), Mr. Hazel has established the foundation for his testimony regarding who attended (or did not attend) the meeting.

**Pages:** 82:23 to 83:21; 85:9-13; 85:22 to 86:16; 87:5-24

**Topic:** **Exhibit 160**

Objection: Hearsay, lack of personal knowledge, hearsay within hearsay, foundation

Response: Exhibit 160 is an article from the *Denver Post* dated January 31, 1973, which is admissible under FRE 803(16) (ancient document), particularly since defendants had an opportunity to cross-examined Mr. Hazel about such article. Furthermore, it is admissible under the Residual Hearsay Exception contained in FRE 807. *See Hicks v. Charles Pfizer & Co.*, No. 1:04-CV-201, 2005 WL 2415965 (E.D. Tex. Sept. 29, 2005) (copy attached). Finally, when Mr. Hazel testified regarding the Colorado Department of Health's testing results for the thirteen sections around the Rocky Flats plant, he laid the foundation for this testimony. *See* 77:10 to 78:14.

**Page:** 97:22-24

**Topic:** **Disagreement Regarding Standard**

Objection: Incomplete (question, no answer)

Response: Plaintiffs concede that an answer to the question posed at 97:22-24 has not been designated. Plaintiffs hereby designate 98:1-22.

3

**Page:** 101:8-9

**Topic:** Exhibit 163

Objection: Hearsay, hearsay within hearsay

Response: Plaintiffs have not offered Exhibit 163 for admission.

---

**Pages:** 101:18 to 102:3

**Topic:** AEC Opposing Proposed Standard

Objection: Irrelevant; prejudicial

Response: Under Federal Rule of Evidence ["FRE"] 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

---

**Pages:** 125:16 to 126:18

**Topic:** Inclusion of Concerns Regarding Upwind Sources of Contamination

Objection: Hearsay

Response: Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. FRE 801(c). This testimony is not offered to prove the truth of Dr. Jones concerns, but rather to document the nature of changes that occurred. As such, it is not hearsay.

---

**Page:** 126:9-22

**Topic:** Colorado as Land Use Regulator

4

| | |
|---|---|
| Objection: | Foundation, form, legal conclusion |
| Response: | Having testified regarding his extensive experience and involvement in the Colorado Department of Health, Mr. Hazel adequately laid the foundation for this testimony.  Moreover, whether Colorado has the authority to regulate land use is a matter of fact well within Mr. Hazel sphere of knowledge, and not a matter requiring legal interpretation. |

| | |
|---|---|
| **Pages:** | **130:10-14; 131:16 to 132:4; 132:19 to 133:17; 133:10-17** |
| **Topic:** | **Exhibit 158** |
| Objection: | Lack of personal knowledge, foundation, hearsay, speculative, |
| Response: | As an initial matter, the testimony designated at 130:10-14 (for which no answer is designated) simply orients the jury to context for successive testimony – that is, Exhibit 158, which is admissible under FRE 803(16) and 803(8).  *See* Response to 58:2-7; 60:3-14, *supra*.  Furthermore, to the extent that any of the testimony constitute hearsay statements, such statements form the basis of Mr. Hazel's knowledge, belief or actions, and/or are necessary to explain or substantiate that knowledge or belief.   With respect to foundation, Mr. Hazel's testimony relates to the 1969 fire, about which he has extensively testified, not the 1957 fire mentioned in 142:21-24 (citied by defendants in support of their objection). |

| | |
|---|---|
| **Pages:** | **138:22 to 139:14** |
| **Topic:** | **Release Associated with 1957 Fire** |
| Objection: | Hearsay, speculative, lack of personal knowledge |
| Response: | The witness' hearsay statements form the basis of his knowledge, belief or actions, and/or are necessary to explain or substantiate that knowledge or belief. |

5

| | |
|---|---|
| **Pages:** | **139:15 to 140:14** |
| **Topic:** | **Release Associated with 1957 Fire** |
| Objection: | Hearsay, speculative, lack of personal knowledge |
| Response: | Plaintiffs have no objection to the designation of such testimony in the event that the previous objection is overruled.  If, however, that objection is sustained, plaintiffs object to this testimony on the basis of hearsay, speculation and lack of personal knowledge. |

| | |
|---|---|
| **Page:** | **142:15-24** |
| **Topic:** | **Knowledge Regarding 1957 Fire** |
| Objection: | Form, foundation, speculative |
| Response: | Mr. Hazel clearly testifies that he did not specifically know about the 1957 fire. Consequently, there is no speculation involved. |

| | |
|---|---|
| **Page:** | **192:5-9** |
| **Topic:** | **Exhibit 178** |
| Objection: | Hearsay, hearsay within hearsay |
| Response: | Exhibit 178 is offered for context purposes only. See 200:23 to 201:19 (testimony regarding responsibilities on Wirth-Lamm Task Force). |

| | |
|---|---|
| **Pages:** | **209:9-24; 211:19 to 212:14; 214:5 to 215:9; 215:10 to 217:4; 217:14-22; 220:18 to 224:6; 374:5 to 375:15** |
| **Topic:** | **Exhibit 182** |
| Objection: | Hearsay, hearsay within hearsay, confusing, misleading; lack of personal knowledge, prejudicial |

| | |
|---|---|
| Response: | Exhibit 182 is the Preliminary Report by the Lamm-Wirth Task Force on Rocky Flats, which is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examined Mr. Hazel about such report.  Furthermore, under FRE 403, its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  As for Mr. Hazel's purported lack of personal knowledge, plaintiffs additionally designate the testimony at 210:2 to 211:18, in which he details his and the Colorado Department of Health's involvement in the preparation of Exhibit 182. |

**Page:** **219:4-8**

**Topic:** **Exhibit 183**

Objection: Hearsay, hearsay within hearsay

Response: Exhibit 183 is the Final Report by the Lamm-Wirth Task Force on Rocky Flats, which is also admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examined Mr. Hazel about such report.

**Pages:** **285:10 to 287:19; 287:20 to 288:21; 291:4-15; 292:13 to 293:16**

**Topic:** **Exhibit 194**

Objection: Irrelevant, prejudicial, authenticity, foundation

Response: Exhibit 194 is a letter written (and identified) by Mr. Hazel to the Jefferson County Planning Department.  Such letter is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross examine the Mr. Hazel regarding such letter at his deposition.  Furthermore, under FRE 401, the evidence also has a tendency to make the existence of facts of

7

>consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice. *See* FRE 403.

**Pages:** **312:7 to 313:9; 314:18 to 316:19; 318:22 to 319:10**

**Topic:** **Exhibit 202**

Objection: Hearsay, hearsay within hearsay, improper refreshing of recollection; lack of personal knowledge

Response: Exhibit 202 is an article from the *Westminster Colorado Journal Sentinel* dated January 25, 1973, which is admissible under FRE 803(16) (ancient document), particularly since defendants had an opportunity to cross-examined Mr. Hazel about such article. Furthermore, it is admissible under the Residual Hearsay Exception contained in FRE 807. *See Hicks v. Charles Pfizer & Co.*, No. 1:04-CV-201, 2005 WL 2415965 (E.D. Tex. Sept. 29, 2005) (copy attached). As for his purported lack of personal knowledge, plaintiffs would refer the Court to Mr. Hazel's testimony at 316:16 ("That's definitely true.") and 319:10 ("that sounds like something I would say"). Plaintiffs additionally designate the testimony at 319:20 to 320:2

**Pages:** **320:3 to 321:19**

**Topic:** **Exhibit 203**

Objection: Prejudicial, hearsay

Response: Exhibit 203 is an article from the *Rocky Mountain News* dated February 28, 1973, which is admissible under FRE 803(16) (ancient document), particularly since defendants had an opportunity to cross-examined Mr. Hazel about such article. Furthermore, it is admissible under the Residual Hearsay Exception contained in FRE 807. *See*

8

quick

*Hicks v. Charles Pfizer & Co.*, No. 1:04-CV-201, 2005 WL 2415965 (E.D. Tex. Sept. 29, 2005) (copy attached).  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403.

---

**Pages:**     **321:20 to 323:14**

**Topic:**     **Exhibit 204**

Objection:     Hearsay, hearsay within hearsay, irrelevant, prejudicial

Response:     Exhibit 204 is an article from the *Rocky Mountain News* dated May 5, 1977, which is admissible under FRE 803(16) (ancient document), particularly since defendants had an opportunity to cross-examined Mr. Hazel about such article.  Furthermore, it is admissible under the Residual Hearsay Exception contained in FRE 807.  *See Hicks v. Charles Pfizer & Co.*, No. 1:04-CV-201, 2005 WL 2415965 (E.D. Tex. Sept. 29, 2005) (copy attached).  Furthermore, under Federal Rule of Evidence ["FRE"] 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403.

---

**Pages:**     **323:15 to 325:20**

**Topic:**     **Exhibit 205**

Objection:     Hearsay within hearsay

Response:     Exhibit 205 is an article from the *Denver Post* dated April 11, 1975, which is admissible under FRE 803(16) (ancient document), particularly since defendants had an opportunity to cross-examined Mr. Hazel about such article.  Furthermore, it is admissible under the Residual Hearsay Exception contained in FRE 807.  *See Hicks v. Charles Pfizer*

9

        *& Co.*, No. 1:04-CV-201, 2005 WL 2415965 (E.D. Tex. Sept. 29, 2005) (copy attached).

| | |
|---|---|
| **Pages:** | **511:9 to 512:3** |
| Objection: | Foundation; lack of personal knowledge. *See* 509:24 to 511:8 ("I don't remember the document," and the document "sure doesn't" refresh his recollection"). |

| | |
|---|---|
| **Pages:** | **522:2 to 524:12; 525:8-14; 527:11 to 529:11** |
| Objection: | Plaintiffs have no objection to the designated testimony, but additionally designate 520:5 to 521:24, 524:13 to 525:7, 525:15 to 527:10 and 529:12-24 for completeness. |

| | |
|---|---|
| **Pages:** | **534:13 to 535:9, 537:4-16; 540:7-14; 541:3 to 542:22** |
| Objection: | Plaintiffs have no objection to the designated testimony, but additionally designate 535:10 to 537:3, 540:15-18 and 542:23 to 543:2 for completeness. |

| | |
|---|---|
| **Pages:** | **562:23 to 564:9; 565:24 to 567:6; 569:17 to 570:7** |
| Objection: | Plaintiffs have no objection to the designated testimony, but additionally designate 564:10 to 565:23 and 567:9 to 568:12 for completeness. |

| | |
|---|---|
| **Pages:** | **583:21 to 584:19; 585:19 to 586:23; 587:7 to 588:15** |
| Objection: | Plaintiff have no objection to the designated testimony, except for 588:10-15, for which no answer has been designated. Plaintiffs additionally designate 584:20 to 585:18 and 586:24 to 587:6 for completeness. |

**Pages:** 602:9 to 603:3

**Topic:** **Soil Sample Levels on Land Outside Rocky Flats**

Objection: Refers to Church litigation

Response: Defendants' motion *in limine* 14, regarding evidence of other lawsuits against defendants, was denied. *See* Transcript of August 22, 2005 Pre-Trial Conference at 4-5; Minute Order dated August 22, 2005.

**Pages:** 608:5-17; 608:19

Objection: Plaintiff have no objection to the designated testimony, except for 608:5-8, for which no question has been designated. Plaintiffs additionally designate 607:4-8, 607:11 to 608:4 for completeness.

**Pages:** 609:7 to 611:16

Objection: Plaintiff have no objection to the designated testimony, but additionally designate 611:17 to 612:9 for completeness.

**Pages:** 618:15 to 619:4

Objection: Plaintiff have no objection to the designated testimony, except that the remainder of 619:3 ("or with the assistance of") must be designated for completeness.

**Pages:** 619:19 to 620:15

Objection: Plaintiff have no objection to the designated testimony, but additionally designate 620:16 to 621:21 for completeness.

11

**Pages:**         **658:6-24; 660:4-16; 662:19 to 663:7; 671:15 to 672:8; 673:19 to 674:11**

Objection:     Exhibit 18 – Hearsay, foundation, lack of personal knowledge

---

**Pages:**         **695:19 to 696:24; 697:5-6; 696:8-12**

Objection:     Exhibit 21 – Hearsay, foundation, lack of personal knowledge

---

**Pages:**         **701:8 to 702:5**

Objection:     Plaintiff have no objection to the designated testimony, but additionally designate 700:13 to 701:7 for completeness.

---

**Pages:**         **706:3 to 709:7**

Objection:     Plaintiff have no objection to the designated testimony, but additionally designate 703:24 to 706:2 for completeness.

---

**Pages:**         **706:3 to 709:7**

Objection:     Plaintiff have no objection to the designated testimony, but additionally designate 713:15 to 714:12 for completeness.

---

**Pages:**         **721:9 to 722:22**

Objection:     Plaintiff have no objection to the designated testimony, but additionally designate 723:6 to 726:8 for completeness.

---

**Pages:** 726:9 to 729:2

Objection: Plaintiff have no objection to the designated testimony, but additionally designate 729:5-6:15 to 714:12 for completeness.

In conclusion, plaintiffs state that, to the extent that defendants failed to preserve their objections during the deposition of Mr. Hazel, such objections have been waived. Furthermore, plaintiffs reserve the right to object to other testimony or exhibits, if any, proffered by defendants in connection with Mr. Hazel's testimony.

                          Respectfully submitted,

November 14, 2005             */s/ Jean M. Geoppinger*
                                        _____
                                        Louise M. Roselle
                                        Jean M. Geoppinger
                                        WAITE, SCHNEIDER, BAYLESS
                                        & CHESLEY CO., L.P.A.
                                        1513 Fourth & Vine Tower
                                        One West Fourth Street
                                        Cincinnati, Ohio  45202
                                        (513) 621-0267

                                        Merrill G. Davidoff
                                        Peter Nordberg
                                        Jenna MacNaughton-Wong
                                        BERGER & MONTAGUE, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        (215) 875-3000

                                        Gary B. Blum
                                        Steven W. Kelly
                                        SILVER & DEBOSKY, P.C.
                                        1801 York Street
                                        Denver, Colorado  80206
                                        (303) 399-3000

                                        ***Attorneys for Plaintiffs***
                                        ***and the Class***

CERTIFICATE OF SERVICE

       I hereby certify that, on November 14, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

    David M. Bernick
    KIRKLAND & ELLIS, LLP
    200 East Randolph Drive
    Chicago, Illinois  60601

        and

    Joseph J. Bronesky
    SHERMAN & HOWARD, LLC
    633 Seventeenth Street, Suite 3000
    Denver, Colorado  80202

    *Attorneys for Defendants*

                                  */s/ Jean M. Geoppinger*

                                  Jean M. Geoppinger