IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' MOTION REGARDING OBJECTIONS TO MARK SILVERMAN
DEPOSITION DESIGNATIONS AND EXHIBITS[1]**

---

        Defendants hereby move to bar Plaintiffs' proposed Mark Silverman deposition designations and object to the exhibits Plaintiffs propose offering related to this testimony. Mark Silverman was a DOE employee who managed the DOE's Rocky Flats field office from 1993-1996 (while EG&G was the plant contractor, years after Defendants had stopped operating the facility). Plaintiffs have designated Silverman deposition testimony that is irrelevant, violates the Court's rulings (especially those involving classification), contains rampant hearsay, and is cumulative. If the objectionable portions of the testimony are eliminated or barred, little or

---

[1] Defendants will submit a hard copy of the designations, objections, and counterdesignations in the morning.

2

nothing would remain of Plaintiffs' designations.  Thus, if Plaintiffs' designations are barred, Defendants will not offer counter-designations from Mr. Silverman.

**ARGUMENT**

I.  **TESTIMONY CONCERNING DOE CLASSIFICATION AND DISCOVERY, INCLUDING THAT SILVERMAN WAS BEING SET UP TO BE THE "FALL GUY" FOR DOE (AND RELATED DOCUMENTS) SHOULD BE EXCLUDED.**

Plaintiffs have designated deposition portions that relate to *Cook* discovery and classification decisions.  For example, Plaintiffs have designated deposition testimony about a note in Silverman's journal that states as follows:

> . . . Bob Nordhaus said he received my memo re MUF (I recommended we provide all requested info, unredacted, to Plaintiffs' Attorneys)  -he was very cool, sounded upset - asked if the memo was intended to be "privileged attorney/client info"  I said "yes" . . .

(Deposition Exhibit No. 2011)  Plaintiffs also have designated testimony that Silverman had a desire to institute broad declassification.  (*E.g.,* Dep. at 95:5-10)  The Court has already ruled that these issues are not for the jury to decide.  (11/10/05 Tr. at 5005 ("I am not concerned with the philosophical issues, political issues or foot-dragging by the Department of Energy [regarding declassification]"); *id.* at 5006 (This trial will not "get into the wisdom of what's in the security interests of the United States"); 11/14/05 Tr. at 5081-82  (COURT:  ". . . you cannot go into the classification process itself as to whether it was done in good faith or not because that's beyond the purview of this Court."))  Moreover, Silverman is not a classification officer and did not have authority to make classification decisions.  (Dep. at 95:11-18 ("I believe it is necessary to preface I am not a classifier or declassifier.  I am not in that decision making position . . .")  His personal views on the subject (formed and expressed years after Dow and Rockwell left the plant) are irrelevant, unfairly prejudicial, and improper expert opinion by a

3

non-expert. They should be excluded, as should other references to DOE discovery and classification. This applies to Deposition Exhibit Nos. 2011, 2012, 2022, 2169 & Silverman Dep. at 90:18-91:8, 95:5-10, 328:9-16, 330:1-7, 332:6-24, 333:10-15, 339:6-25, 340:1-341:11, 341:25-342:14, 342:19-343:14, 344:1-16, 347:6-8, 347:14-24, 377:5-16, 379:3-22, 611:18-612:8, 634:4-636:23, 638:5-639:7, 639:8-16, 640:1-641:16.

In addition, Plaintiffs have designated a substantial amount of testimony concerning a handwritten note describing an alleged meeting in which Silverman was purportedly told he was being set up by DOE Washington to be the fall guy on discovery issues in the *Cook* case (around the time of the DOE contempt hearing). The handwritten note (Deposition Exhibit 2010) states as follows:

> 7:00 am Breakfast meeting w/Mike Driver and Bob Hanfling @ Westin Hotel @ Tabor Center. Hanfling told me that he had seen correspondence/notes between Nordhaus & Grumbly in which they were "setting me up to be the fall guy" in the Cook case. Driver recommended I hold a news conference and state I believe all classified documents should be provided to the Plaintiffs' Attorneys unredacted. Hanfling argued against a news conference but urged me to ensure I get called as a witness in which case I could state my opinion under oath.

This meeting (and whether DOE was somehow setting Silverman up to take the blame for discovery problems) is a sideshow that is irrelevant to Defendants' conduct and to this case. The exhibit and related testimony also is unfairly prejudicial to Defendants, who cannot be held

4

responsible for DOE classification, DOE document production, and so forth.[2] In addition, this testimony rests on hearsay (including hearsay within hearsay) not subject to any exception, as it relates what Hanfling and Driver told Silverman and, in particular, upon what Hanfling told Silverman about what he had heard or read from others' communications. Plaintiffs, however, designate a substantial amount of testimony concerning this conversation. This exhibit and all related testimony should be excluded. This applies to Deposition Exhibit No. 2010 & Silverman Dep. at 320:21-231:21, 322:8-13, 325:24-325:8, 325:24-326:15, 327:8-16, 583:15-584:18, 585:4-15, 586:15-25, 589:20-590:5, 590:11-16, 592:23-595:1, 603:23-605:16.

## II.   TESTIMONY CONCERNING SILVERMAN'S PERSONAL VIEWS ABOUT DOE BEHAVIOR AND CLASSIFICATION DECISIONS DURING 1993-1996 SHOULD BE EXCLUDED.

Silverman's view that DOE should have been more open with the public during 1993-1996 is not relevant to the matters before the jury in this case. The Court has already determined that the wisdom of classification decisions or "openness" policy is not properly before this Court, nor is it at issue in this trial. (11/10/05 Tr. at 5005-06; 11/14/05 Tr. at 5081-82) Yet, Plaintiffs have designated substantial testimony on this subject. (*See* Dep. at 90:18-91:8; 91:21-93:3 (discussing times he believes he was frustrated in his attempts to be more open with the public); *id.* at 104:20-23; 105:1-3 (discussing general belief that his predecessors were less than candid in "some of their statements" without providing any specific misstatements)) This testimony also is

---

[2] Plaintiffs also designated DOE's instruction to the witness at the deposition not to answer, which is wholly irrelevant and purely designed to create the illusion of conspiracy. (*See* Dep. at
(Continued…)

5

unfairly prejudicial, as Defendants are not responsible for DOE's level of openness with the public (or lack thereof).  What is more, Silverman is not an expert in this case, and should not be allowed to offer opinion testimony concerning the propriety of DOE's actions.  This applies to Deposition Exhibit No. 1995 & Dep. at 90:18-91:8; 91:21-93:3; 93:21-25; 104:20-23; 105:1-3; 211:16-213:19; 220:13-221:1, 221:10-12.

### III.   TESTIMONY CONCERNING DOW AND ROCKWELL CONDUCT SHOULD BE EXCLUDED BECAUSE SILVERMAN HAS NO PERSONAL KNOWLEDGE OF THAT CONDUCT.

A ruling in favor of Defendants on the classification issues above would eliminate most of Mr. Silverman's designated testimony.  But the remainder of Plaintiffs' proposed designations are objectionable as well.  Silverman has extremely limited knowledge of the Dow and Rockwell eras at the plant.  He could not even name basic Rocky Flats production buildings' functions at his deposition.  He therefore lacks foundation to talk about issues concerning Dow and Rockwell plant operations.  (*See* Dep. at 98:14-99:7; *see also id.* at 244:7-24 (admits no basis to answer questions about handling and disposal of hazardous materials and compliance with environmental laws at Rocky Flats in the 1970s and 1980s))  Even Silverman's limited knowledge of Dow and Rockwell conduct is based on hearsay.  (*See* Dep. at 111:19-113:3 (describing all the people he talked to in order to find out about past operations))  Nonetheless, Plaintiffs have designated substantial testimony to this effect.

---

325:24-326:15)  The Court has already ruled that allowing such testimony is improper.  (11/14/05 Trial Transcript at 5081)

6

For instance, Plaintiffs have designated speeches Silverman made (and related testimony) concerning his views on Rocky Flats. They include a historical review of "The Old Rocky Flats," containing a description of the fires and so forth -- event well before the period of time when Silverman had any personal knowledge of Rocky Flats. (Deposition Exhibit No. 1995) Silverman's speeches about the history of Rocky Flats (and related testimony) are hearsay, are not proper lay witness testimony, and are unfairly prejudicial to Defendants.[3] This applies to Deposition Exhibits Nos. 1995,1996, 1997 & Silverman Dep. at 205:20-206:4; 206:12-207:10; 208:1-3; 211:16-213:19, 220:13-221:1, 221:10-12.[4]

## IV.   TESTIMONY CONCERNING CONDITIONS AS THEY EXISTED YEARS AFTER DOW AND ROCKWELL LEFT AND THAT CANNOT BE ATTRIBUTED TO ROCKWELL OR DOW (AND RELATED DOCUMENTS) SHOULD BE EXCLUDED.

Silverman's descriptions of conditions at Rocky Flats during his tenure and his goals for it are irrelevant. But Plaintiffs have offered testimony and documents related to conditions at Rocky Flats under EG&G and/or Kaiser Hill management, as well as Silverman's goals during his employment with DOE during 1993-1996. For instance, Deposition Exhibit No. 2001 notes "over 3700 packages of plutonium in contact with plastic." (*See also* Dep. at 267:17-25) But this describes a condition as it existed in the mid-1990s (indeed, the material was actually packaged in 1991 by the new contractor, EG&G – not Dow or Rockwell), and Silverman did not

---

[3] These speeches also contain the type of testimony described above – such as Silverman's views on DOE openness – and should be excluded for those reason as well.

[4] Silverman is simply asked to read select portions of his speech in the deposition. He is not asked substantive questions about it.

know who packaged this material or under what circumstances.  (Dep. at 439:4-440:25; *see also id.* at 148:14-21 & 149:1-10 & 14-23 (describing purported failures in record keeping even though he "do[es not] know who created the records"))  Many of the exhibits and related testimony were designed to make plant conditions look dire in order to secure funding for cleanup.  (*See* Dep. at 511:15-512:1)  This and other similar testimony is irrelevant and unduly prejudicial, as there is no link to actionable conduct by Defendants.  This applies to Deposition Exhibits Nos. 1995, 1996, 2000, 2001, 2002, 2007, 2016, 2018, 2020, 2022, 2024 & Silverman Dep. at 227:16-228:10, 228:18-229:24; 230:8-25; 268:10-25; 269:1-7; 279:10-25; 280:1-19; 281:1-9; 312:13-16, 357:24-358:4, 359:3-8, 359:17-362:18, 365:13-366:14, 366:18-25, 370:7-16, 370:24-371:4, 371:15-372:15, 372:18-373:6, 373:10-17, 377:5-16, 379:3-22; 380:13-383:9, 383:17-387:15.[5]

---

[5]  Plaintiffs have designated various exhibits (*e.g.*, Exhibit No. 1995) and testimony related to cleanup costs at Rocky Flats (*e.g.,* Dep. at 229:13-16), including testimony that "the money could be better spent on the homeless, fighting crime, etc." (Dep. at 231-1-17).  Evidence of cleanup costs is not admissible.  Plaintiffs also have designated testimony about risks to workers involved in the cleanup (Dep. at 230:19-22).  These too are not admissible under the Court's prior rulings.

V. **THE EXHIBITS PLAINTIFFS SEEK TO DESIGNATE OR OFFER IN CONJUNCTION WITH MR. SILVERMAN'S TESTIMONY ARE OBJECTIONABLE.**

While Defendants have discussed and listed the exhibits above which Plaintiffs presumably will offer that fall within these categories, Defendants provide the following specific objections to these exhibits:[6]

| Deposition Exhibit | Description | Related Testimony | Objections |
| --- | --- | --- | --- |
| 1995 | Draft of 1994 Speech entitled "Adapting to the Changing Mission at Rocky Flats" | 205:20-206:4, 206:12-207:10, 208:1-3, 211:16-213:19, 220:13-221:1, 221:10-12, 227:16-228:10, 228:18-229:24, 230:8-231:17 | Hearsay; Irrelevant; Unfairly Prejudicial; Contains Improper Expert Opinion; References to Cleanup Costs Need Redaction; Cumulative of Exhibit Nos. 1996 & 1997 |
| 1996 (an outline of 1995) | Outline of same speech | 232:16-24, 233:7-234:6 | Hearsay; Irrelevant; Unfairly Prejudicial; Contains Improper Expert Opinion; References to Cleanup Costs Need Redaction; Unauthenticated handwriting (Dep. at 234:10); Cumulative of Exhibit Nos. 1995 & 1997 |
| 1997 (slides related to Exhibit No. 1995) | Slides of same speech as set forth in Exhibit No. 1995 | 232:16-24, 233:7-234:6 | Hearsay; Irrelevant; Unfairly Prejudicial; Contains Improper Expert Opinion; References to Cleanup Costs Need Redaction; Cumulative of Exhibit Nos. 1995 & 1996 |
| 2000 | Slides from leadership workshop, including his handwritten statements ("I do what I do because . . . ." worksheet, etc.) | 249:15-250:11, 250:17-251:4 | Hearsay; Irrelevant; Unfairly Prejudicial; Cleanup Costs Need Redaction |
| 2001 | Slides from speech, | 249:15-250:11, | Hearsay; Irrelevant; Unfairly Prejudicial; |

---

[6] Defendants assume Plaintiffs are not seeking to admit Deposition Exhibit No. 1991, which is referenced in passing in one question, since no testimony about the exhibit has been offered.

| | | | |
|---|---|---|---|
| | "Rocky Flats: Looking Toward the Future" | 250:17-251:4, 257:17-25, 258:14-259:8, 261:10-13, 261:17-21; 267:17-25 | Cleanup Costs Need Redaction; Problems at Other Facilities Need Redaction; Best Evidence Rule (summarizes unnamed vulnerability studies); describes worker exposures |
| 2002 | 1994 DOE Plutonium Working Group Report | 268:10-25, 269:1-4 | Irrelevant; Unfairly Prejudicial; discusses problems at other DOE facilities |
| 2007 | Slides from speech, "It's the plutonium" | 279:10-25, 280:1-19, 281:1-9 | Hearsay; Irrelevant; Unfairly Prejudicial |
| 2010 | 2/21/96 handwritten note from Silverman's journal | 320:21-231:21, 322:8-13, 325:24-325:8, 325:24-326:15, 327:8-16, 583:15-584:18, 585:4-15, 586:15-25, 589:20-590:5, 590:11-16, 592:23-595:1, 603:23-605:16 | Hearsay; Irrelevant; Unfairly Prejudicial |
| 2011 | 2/15/96 handwritten note from Silverman's journal | 328:9-16, 330:1-7, 332:6-24, 333:10-15 | Hearsay; Irrelevant; Unfairly Prejudicial |
| 2012 | 2/2/96 Pleading by DOE in this case, Notice of New Discovery Developments | 339:6-25, 340:1-341:11, 341:25-342:14, 342:19-343:14, 344:1-16, 347:6-8, 347:14-24 | Hearsay; Irrelevant; Unfairly Prejudicial; Waste of Time |
| 2016 | 11/16/95 Conference Agenda, SAIC Visit with attached Kaiser Hill Slides and list of 1995 vulnerabilities | 357:24-358:4, 359:3-8, 359:17-362:18 | Hearsay (and hearsay within hearsay); Irrelevant; Unfairly Prejudicial; Authentication/Foundation (does not remember seeing the whole document (358:18-21) |
| 2018 | Email from Rose Jones (DOE employee) ("The RF System -- and the Way Out!") | 365:13-366:14, 366:18-25 | Hearsay; Irrelevant; Unfairly Prejudicial (promotional, biased piece) |
| 2020 | Email attaching remarks of Gale Norton on August 2, 1995 | 370:7-16, 370:24-371:4, 371:15-372:15, 372:18-373:6, 373:10-17 | Hearsay; Irrelevant; Unfairly Prejudicial; Authentication/Foundation (not present for speech (Dep. 370:17-23)); Cleanup costs must be redacted |
| 2022 | Article in The Energy Daily, "Silverman Brings | 377:5-16, 379:3-22; 380:13-383:9 | Hearsay; Irrelevant; Unfairly Prejudicial |

10

|      |                                                    |                            |                                                     |
| ---- | -------------------------------------------------- | -------------------------- | --------------------------------------------------- |
|      | New Attitude to Rocky Flats"                       |                            |                                                     |
| 2024 | Denver Post Article                                | 383:17-387:15              | Hearsay; Irrelevant; Unfairly Prejudicial[7]        |
| 2169 | Draft Memorandum from Silverman                    | 634:4-636:23, 639:8-16     | Hearsay; Irrelevant; Unfairly Prejudicial           |
| 2170 | Front cover and back page of Silverman notebook    | 643:19-25                  | Irrelevant (contains no text)                       |

---

[7] Defendants also seek to preserve the objections made in Defendants' MIL No. 10 (regarding past risks that never occurred) and Defendants' MIL No. 9 (regarding MUF).

11

## CONCLUSION

For all the reasons stated above, Plaintiffs' proposed Mark Silverman deposition designations and any related documents offered by Plaintiffs in conjunction with his testimony should be barred.

Dated:  November 14, 2005                          Respectfully submitted,


/s/ Stephanie A. Brennan___
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie A. Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

               /s/ Kari Knudsen_____
               Kari Knudsen (legal assistant)