## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

---

| | |
|---|---|
| **MERILYN COOK,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | )      **Civil Action No. 90-K-181** |
| **ROCKWELL INTERNATIONAL** | ) |
| **CORPORATION and THE DOW** | ) |
| **CHEMICAL COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

---

## DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF TESTIMONY AND EXHIBITS FROM DEPOSITION OF KARL Z. MORGAN, PH.D.

Last week, defendants filed their objections plaintiffs' designations of deposition testimony of Karl Z. Morgan and to the use of certain exhibits from Dr. Morgan's deposition. On the same day, the Court issued an order guiding the filing of motions to limit testimony of witnesses who would testify at trial. (*See* 11/10/05 Order.) Plaintiffs argue in their response to defendants' objections that the Court's Order precludes defendants from objecting to the deposition testimony designated by plaintiffs and the related deposition exhibits. But, until plaintiffs tendered to defendants their deposition designations for Dr. Morgan, defendants had no opportunity to object to the designated testimony. Defendants tendered their counter-designations and objections within the time that the Court instructed. Defendants' objections are thus both timely and proper.

Below, defendants reply to each of the responses that plaintiffs have given to defendants' objections. Defendants' replies are in bold.

Pages:          8:11-17 (August 26, 1996)

Topic:          Manhattan Project

Objections:     Non-responsive, form, foundation

Response:       While plaintiffs believe that Dr. Morgan's answer was not only responsive, but stated a historical fact of which the Court could take judicial notice, they are willing to strike the testimony "The – word Manhattan Project – … – was somewhat of a cover-up for security reasons, but" (8:12 & 14-15) should the Court rule otherwise.  Plaintiffs additionally designate Dr. Morgan's testimony at pages 8:23 to 9:7, to supplement the foundational testimony at 9:11 to 10:3.

**REPLY:**        **If plaintiffs withdraw their designation of lines 8:12-8:15 identified above, defendants will withdraw their objection to the designated testimony.**

---

Pages:          14:25 to 15:13; 15:12 to 16:3 (August 26, 1996)

Topic:          Non-Public Nature of Chalk River Conference

Objections:     Irrelevant, prejudice, form, foundation

Response:       Under Federal Rule of Evidence ["FRE"] 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403.  Moreover, Dr. Morgan testified regarding his attendance at the Chalk River Conference (13:21 to 14:18), thereby establishing the foundation for his testimony regarding others who attended (or did not attend) the conference.

**REPLY:**        **Plaintiffs fail to respond to defendants' objection to the form of the question.**

**Plaintiffs fail to identify any facts relating to their claims or the issues to be decided by the jury that the proffered testimony makes more or less probable.  The proffered testimony has nothing to do with the defendants, the issues in this trial, or even to Rocky Flats.  No representative of defendants or of Rocky Flats attended.  The Chalk River Conference occurred in 1949, before Rocky Flats came into existence, and, as Dr. Morgan testified, was one of three conferences that addressed the same issues relating to permissible concentrations of radioactive materials, which were superseded even before Rocky Flats became operational.  (*See* Morgan Dep. at 40:6–44:15, 49:3–51:19 (8/27/96).)**

**Plaintiffs fail to identify any probative value to the testimony or how that**

**probative value outweighs the danger of unfair prejudice to defendants. Plaintiffs' sole identified purpose of reading the proffered testimony is to establish "foundation" for who attended (or did not attend) the conference. The allegedly non-public nature of the conference and the attendance at the conference by scientists from the U.S., U.K., and Canada, however, is not probative of any issues to be decided by the jury.**

---

Pages:        17:20 to 18:4; 18:6-15 (August 26, 1996)

Topic:        Purpose of Chalk River Conference

Objections:   Form, foundation

Response:     As previously noted, Dr. Morgan testified regarding his attendance at and participation in the Chalk River Conference, thereby establishing the foundation for his testimony regarding the purpose of the conference.

***REPLY*:**   **Plaintiffs fail to respond to defendants' objection to the form of the question.  The designated testimony was elicited through leading questions asked of a witness who was not hostile to the plaintiffs and who, in fact, had met with plaintiffs' counsel several times before the deposition in his mountain home without his lawyer present.  (Morgan Dep. at 60:16–61:20, 77:18–78:19 (8/27/96).)  In reply, defendants additionally designate the testimony at 60:16 – 61:20 (8/27/96).**

---

Pages:        18:25 to 19:13; 20:11 to 21:1 (August 26, 1996)

Topic:        Exhibit 2 – Minutes of Chalk River Conference dated May, 1950

Objections:   Form, foundation, hearsay, hearsay within hearsay, irrelevant, confusing, misleading, unfairly prejudicial

Response:     Exhibit 2 is the minutes of the Chalk River Conference, which are admissible under FRE 803(16) (ancient document) and 803(8) (public report or record), particularly since defendants extensively cross-examined Dr. Morgan about such minutes.  *See* 53:4 to 68:20 (August 27, 1996).  Moreover, Dr. Morgan established the foundation for his testimony regarding Exhibit 2 at 19:5-6, 19:9-13, 20:11-13 and 20:24 to 21:1 (August 26, 1996).  In response to defendants' foundation objection, plaintiffs additionally designate the testimony at 21:8-11 and 22:15-19 (August 26, 1996).  Furthermore, under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403.  Finally, defendants waived

their objections to Exhibit 2 by designating testimony relating to that exhibit. *See* Response to 57:17 to 58:6; 59:10 to 60:11; 65:3 to 66:8; 66:21 to 68:20 (August 27, 1996), *infra*.

**REPLY:**     **Plaintiffs fail to respond to defendants' objection to the form of the question.**

**Plaintiffs fail to establish an exception to the hearsay rule and to the hearsay-within-hearsay rules. Plaintiffs cannot establish, through the proffered deposition testimony, that the document is an ancient document under FRE 803(16) or a public report or record under FRE 803(8). No testimony was elicited that Exhibit 2 is a record or report "of public offices or agencies." Rather, Dr. Morgan testified that Exhibit 2 was notes taken by either a Canadian or British scientist who attended the conference. (Morgan Dep. at 19:9-13 (8/26/96); Morgan Dep. at 65:3-6 (8/27/96).) In addition, no testimony was elicited that the document sets forth (A) the activities of the office or agency or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report. Plaintiffs also failed to elicit testimony to establish that Exhibit 2 is an "ancient document." To qualify as an ancient document, plaintiffs must establish that the document is authentic. Plaintiffs fail to identify the testimony establishing that the document is authentic. The document upon which Dr. Morgan testified was incomplete and missing pages. (Morgan Dep. at 19:17-20:7 (objection of counsel) (8/26/96).) In addition, plaintiffs failed to establish that the document was both (A) in such condition as to create no suspicion concerning its authenticity and (b) was in a place where, if authentic, it would likely be. (FRE 901(8).)**

**Plaintiffs fail to identify any facts relating to their claims or the issues to be decided by the jury that the proffered testimony makes more or less probable. The proffered testimony has nothing to do with the defendants, the issues in this trial, or even to Rocky Flats. No representative of defendants or of Rocky Flats attended. The Chalk River Conference occurred in 1949, before Rocky Flats came into existence, and, as Dr. Morgan testified, was one of three conferences that addressed the same issues relating to permissible concentrations of radioactive materials, which were superseded even before Rocky Flats became operational. (*See* Morgan Dep. at 40:6–44:15, 49:3–51:19 (8/27/96).)**

**Plaintiffs further fail to identify any probative value to the testimony or Exhibit 2, nor do they identify how that probative value outweighs the danger of unfair prejudice to defendants or to confusing or misleading the jury.**

**Plaintiffs' contention that Defendants waived their objection to Exhibit 2 by designated testimony relating to that document is without merit. Defendants are counterdesignating this testimony only in the event that**

**Exhibit 2 is offered into evidence.  Defendants will not counterdesignate this testimony if Exhibit 2 is excluded.**

---

Pages:          25:14 to 26:14; 29:24 to 30:2; 30:21 to 31:6 (August 26, 1996)

Topic:          Establishment of Plutonium Exposure Levels at Chalk River Conference

Objections:     Form, foundation, improper expert opinion testimony

Response:       As an initial matter, Dr. Morgan established the foundation for this testimony when he testified regarding his credentials.  *See* 7:21 to 8:10, 9:11 to 14:4 (August 26, 1996).  Furthermore, as a former employee of the Atomic Energy Commission, Dr. Morgan testified as an adverse witness for the purposes of providing a historical account of the so-called "early years."  As such, he was offering factual (non-expert) testimony only.  To the extent that such testimony could be construed to contain Dr. Morgan's opinions, pursuant to FRE 701, such testimony is helpful to a clear understanding of his testimony, to the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702.

**REPLY:**      **Plaintiffs fail to respond to defendants' objection to the form of the question.**

**Plaintiffs fail to identify any facts relating to their claims or the issues to be decided by the jury that the proffered testimony makes more or less probable, or any probative value to the testimony, or how any probative value outweighs the danger of unfair prejudice to defendants.  (*See* Defs.' Reply to Pls.' Response to Defs.' Objections to 18:25 to 19:13; 20:11 to 21:1 (August 26, 1996), *supra*.)**

**Plaintiffs' contention that Dr. Morgan "testified as an adverse witness" is disingenuous.  Dr. Morgan met with plaintiffs' counsel several times before his testimony.  ((Morgan Dep. at 60:16–61:20, 77:18–78:19 (8/27/96).)  Defendants do not here dispute whether his credentials would have been sufficient if he had been designated as an expert.  Rather, defendants' point is, Dr. Morgan was not designated as an expert, but this testimony is one of opinion related to scientific and technical matters under Rules 701 and 702.  The alleged "helpfulness" of Dr. Morgan's proposed testimony is not an exception to the prohibition against a non-designated expert giving expert testimony.**

---

Pages:          31:14-19; 31:20-23 (August 26, 1996)

Topic:           Nature of Discussions Regarding Establishment of Plutonium Exposure Levels at Chalk River Conference

Response:     Again, Dr. Morgan established the foundation for this testimony when he testified regarding his credentials. *See* 7:21 to 8:10, 9:11 to 14:4 (August 26, 1996). Under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

**REPLY:**       **Plaintiffs fail to respond to defendants' objection to the form of the question.**

                 **Plaintiffs fail to identify any facts relating to their claims or the issues to be decided by the jury that the proffered testimony makes more or less probable, or any probative value to the testimony, or how any probative value outweighs the danger of unfair prejudice to defendants. (*See* Defs.' Reply to Pls.' Response to Defs.' Objections to 18:25 to 19:13; 20:11 to 21:1 (August 26, 1996), supra.)**

---

Pages:           32:30 to 33:7; 34:22 to 35:2; 35:3-16; 35:18-20 (August 26, 1996)

Topic:           Los Alamos Reaction to Chalk River Conference Plutonium Standard

Objections:    Irrelevant, improper lay opinion, foundation, hearsay, prejudice

Response:     The witness' hearsay statements form the basis of his knowledge, belief or actions, and/or are necessary to explain or substantiate that knowledge or belief. And Dr. Morgan was offering factual (non-expert) testimony only. To the extent that such testimony could be construed to contain Dr. Morgan's opinions, pursuant to FRE 701, such testimony is helpful to a clear understanding of his testimony, to the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702. Furthermore, under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And it is probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. Finally, plaintiffs concede that there is no answer to the question posed at 35:18-20 and, therefore, withdraw such designation.

**REPLY:**       **Plaintiffs concede that these statements are hearsay and fail to identify any exception to the hearsay rule that would permit Dr. Morgan to testify to them.**

---

Plaintiffs fail to identify any facts relating to their claims or the issues to be decided by the jury that the proffered testimony makes more or less probable, or any probative value to the testimony, or how any probative value outweighs the danger of unfair prejudice to defendants. (*See* Defs.' Reply to Pls.' Response to Defs.' Objections to 18:25 to 19:13; 20:11 to 21:1 (August 26, 1996), supra.)

Plaintiffs fail to respond to Defendants' point that testimony about plutonium standards is expert testimony that falls outside the permissible bounds of lay witness testimony under Federal Rule of Evidence 701. (*See* Def. Reply to Pl. Response to Def. Objections to 25:14 to 26:14; 29:24 to 30:2; 30:21 to 31:6 (August 26, 1996), supra.)

---

Pages:        36:11 to 45:17 (August 26, 1996)

Topic:        Exhibit 3 - Letter from Langham to Warren dated January 20, 1950

Objections:   Foundation, hearsay, hearsay within hearsay, assumes facts not in evidence, authenticity, relevance, speculation, impermissible expert testimony.

Response:     As an initial mater, not all of Dr. Morgan's testimony is based upon Exhibit 3. *See, e.g.,* 41:18 to 42:18 (August 26, 1996). Dr. Morgan, moreover, established the requisite foundation when he testified that he received a copy and was familiar with the contents of the letter marked as Exhibit 3. *See* 42:20 to 43:1 (August 26, 1996). Such letter is admissible under FRE 803(16) (ancient document) and 803(8) (public report or record), particularly since defendants had an opportunity to cross-examine Dr. Morgan regarding the same. Furthermore, under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. Finally, Dr. Morgan was offering factual (non-expert) testimony only. To the extent that such testimony could be construed to contain Dr. Morgan's opinions, pursuant to FRE 701, such testimony is helpful to a clear understanding of his testimony, to the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702.

**REPLY:**       **Plaintiffs fail to respond to Defendants' objections that the document assumes facts in evidence, cannot be authenticated, and constitutes speculation.**

**Plaintiffs fail to establish an exception to the hearsay rule and to the hearsay-within-hearsay rules. Plaintiffs cannot establish, through the proffered deposition testimony, that the document is an ancient document**

under FRE 803(16) or a public report or record under FRE 803(8). No testimony was elicited that Exhibit 3 is a record or report "of public offices or agencies." Rather, Dr. Morgan testified that Exhibit 3 is a letter expressing Wright Langham's views on plutonium levels. (Morgan Dep. at 38:15-19 (8/26/96).) In addition, no testimony was elicited that the document sets forth (A) the activities of the office or agency or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report. Plaintiffs also failed to elicit testimony to establish that Exhibit 3 is an "ancient document." To qualify as an ancient document, plaintiffs must establish that the document is authentic. Plaintiffs fail to identify the testimony establishing that the document is authentic. The document upon which Dr. Morgan testified was incomplete and missing pages. (Morgan Dep. at 19:17-20:7 (objection of counsel) (8/26/96).) In addition, plaintiffs failed to establish that the document was both (A) in such condition as to create no suspicion concerning its authenticity and (b) was in a place where, if authentic, it would likely be. (FRE 901(8).)

Plaintiffs fail to identify any facts relating to their claims or the issues to be decided by the jury that the proffered testimony makes more or less probable, or any probative value to the testimony, or how any probative value outweighs the danger of unfair prejudice to defendants. (*See* Defs.' Reply to Pls.' Response to Defs.' Objections to 18:25 to 19:13; 20:11 to 21:1 (August 26, 1996), *supra*.)

Plaintiffs fail to respond to Defendants' point that testimony about plutonium standards is expert testimony that falls outside the permissible bounds of lay witness testimony under Federal Rule of Evidence 701. (*See* Defs.' Reply to Pls.' Response to Def. Objections to 25:14 to 26:14; 29:24 to 30:2; 30:21 to 31:6 (August 26, 1996), *supra*.)

---

| | |
|---|---|
| Pages: | 45:21 to 46:10; 46:19 to 47:21 (August 26, 1996) |
| Topic: | Oak Ridge National Laboratory |
| Objections: | Foundation, irrelevant, other facilities |
| Response: | Dr. Morgan established the foundation for this testimony when he described in detail his tenure and responsibilities at the Oak Ridge National Laboratory. *See* 10:12 to 11:24 (August 26, 1996). Furthermore, under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. Finally, plaintiffs do not believe that Dr. Morgan's reference to the Oak Ridge National Laboratory, in the context of is testimony regarding levels of exposure he adhered to, prejudices defendants. However, should the Court |

rule otherwise, they will redact such reference from their designated testimony.

**REPLY:** **Plaintiffs fail to identify any facts relating to their claims or the issues to be decided by the jury that the proffered testimony makes more or less probable, or any probative value to the testimony, or how any probative value outweighs the danger of unfair prejudice to defendants. (*See* Defs.' Reply to Pls.' Response to Defs.' Objections to 18:25 to 19:13; 20:11 to 21:1 (August 26, 1996), supra.)**

**Plaintiffs' proposed redaction would not cure the undue prejudice the document would cause defendants because the testimony relates only to Oak Ridge.**

---

Pages:          40:6 to 44:15 (August 27, 1996)

Topic:          Harwell and Harriman Conferences

Objections:     Plaintiffs have no objection to the designated testimony, but further designate the intervening testimony at 42:7-10; 42:14 ("But I don't") and 42:25 to 43:3 (August 27, 1996) for completeness.

**REPLY:** **Defendants have no objection to plaintiffs' additional designations.**

---

Pages:          46:20-23; 47:3-10 (August 27, 1996)

Topic:          Selection of Internal Dose Committee Members

Objections:     Plaintiffs have no objection to the designated testimony, but further designate the omitted testimony at 47:1-2 (August 27, 1996) for completeness.

**REPLY:** **Defendants have no objection to plaintiffs' additional designations.**

---

Pages:          49:3 to 51:19 (August 27, 1996)

Topic:          NCRP/ICRP Publications

Objections:     Plaintiffs have no objection to the designated testimony, but further designate the omitted testimony at 50:19-24 (August 27, 1996) for completeness.

**REPLY:** **Defendants have no objection plaintiffs' additional designations.**

---

Pages:          57:17 to 58:6; 59:10 to 60:11; 65:3 to 66:8; 66:21 to 68:20 (August 27, 1996)

Topic:          Exhibit 2 - Minutes of Chalk River Conference

Objections:     Plaintiffs have no objection to the designated testimony, but state that by
                designating such testimony defendants have waived their objection to plaintiffs'
                designation of Dr. Morgan's testimony regarding the same exhibit.  *See*
                Response to 18:25 to 19:13; 20:11 to 21:1 (August 26, 1996), *supra.*

**REPLY:**      **Plaintiffs' contention that Defendants waived their objection to Exhibit 2 by
                designated testimony relating to that document is without merit.
                Defendants are counterdesignating this testimony only in the event that
                Exhibit 2 is offered into evidence.  Defendants will not counterdesignate this
                testimony if Exhibit 2 is excluded.**

---

Pages:          77:18 to 78:19 (August 27, 1996)

Topic:          Doctor's Permission for Meetings

Objections:     Relevance.

**REPLY:**      **This testimony is relevant because it establishes that Dr. Morgan was not a
                "hostile witness" as plaintiffs claim.  Dr Morgan met with plaintiffs' counsel
                without needing any permission from his doctor, but was unable to attend
                the deposition without such permission.  (*See* Morgan Dep. at 60:16–61:20,
                77:18–78:19 (8/27/96).)Therefore, this testimony is needed to establish that
                plaintiffs cannot credibly claim that Dr. Morgan is hostile to them.**

---

Dated:  November 14, 2005                     Respectfully submitted,


                                              /s/ John E. Tangren_____
                                              One of the Attorneys for the Defendants
                                              David M. Bernick
                                              Douglas J. Kurtenbach
                                              Ellen Therese Ahern
                                              Mark J. Nomellini
                                              John E. Tangren
                                              KIRKLAND & ELLIS LLP
                                              200 East Randolph Drive
                                              Chicago, Illinois 60601-6636
                                              Phone:  312-861-2000
                                              Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Courtney Biggins_____
Courtney Biggins (legal assistant)

12