IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION TO EXCLUDE EXHIBITS SOUGHT TO BE ADMITTED BY PLAINTIFFS IN CONJUNCTION WITH CANDICE JIERREE DEPOSITION DESIGNATIONS**
_____

Defendants hereby file their Objections to Exhibits that plaintiffs may seek to admit in connection with proposed Candice Jierree deposition designations.[1] Defendants' objections are divided into two categories: (1) objections made with respect to previous motions *in limine* which the Court has already denied; and (2) additional objections with respect to which the Court has not already ruled.

**I.     OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* THAT THE COURT HAS ALREADY DENIED**

Set forth below are objections to Plaintiffs' exhibits based upon arguments set forth in Defendants' previously-denied motions *in limine*. Defendants re-assert these objections here in order to preserve their rights.

---

[1] Defendants will submit a hard copy of the designations, objections, and counterdesignations as Exhibit A.

A. **Defendants' Motion *In Limine* to Exclude Evidence of the 1989 FBI Raid on Rocky Flats and Related Evidence**

Defendants object to the following exhibits on the ground that evidence of the FBI Raid on Rocky Flats and related evidence is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 1, filed 6/16/05): Jierree Deposition Exhibit Nos. 1605, 1653.

B. **Defendants' Motion *In Limine* to Exclude Evidence of the Grand Jury Investigation of Rocky Flats and Related Evidence**

Defendants object to the following exhibits on the ground that evidence of the grand jury investigation of Rocky Flats and related evidence is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 2, filed 6/16/05): Jierree Deposition Exhibit Nos. 1605, 1653.

C. **Defendants' Motion *In Limine* to Exclude Evidence of Rockwell's 1992 Guilty Plea and Related Evidence**

Defendants object to the following exhibits on the ground that evidence of Rockwell's 1992 Guilty Plea and related evidence is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 3, filed 6/16/05): Jierree Deposition Exhibit Nos. 1605, 1624, 1633, 1653.

D. **Defendants' Motion *In Limine* to Exclude Evidence of Substances Other Than Plutonium to the extent Plaintiffs Cannot Demonstrate Support for a Class-wide Nuisance**

Defendants object to the following exhibits on the ground that evidence related to substances other than plutonium is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 6, filed 6/16/05):  Jierree Deposition Exhibit Nos. 1605, 1621, 1624, 1633, 1653.

### E. Defendants' Motion *In Limine* to Exclude Evidence Related to Employee Safety and Health

Defendants object to the following exhibits on the ground that evidence of employee safety and health is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 7, filed 6/16/05): Jierree Deposition Exhibit Nos. 1624, 1653

### F. Defendants' Motion *In Limine* to Exclude Evidence Related to Releases and Incidents That Occurred Wholly Within Buildings

Defendants object to the following exhibits on the ground that evidence related to releases and incidents that occurred wholly within buildings is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 8, filed 6/16/05): Jierree Deposition Exhibit Nos. 1605, 1653.

### G. Defendants' Motion *In Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs' Cannot Link to Their Trespass and Nuisance Claims

Defendants object to the following exhibits on the ground that evidence about plutonium practices and incidents that Plaintiffs cannot link to their trespass and nuisance claims is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 11, filed 6/16/05): Jierree Deposition Exhibit Nos. 1605, 1621, 1653.

### H. Defendants' Motion *In Limine* to Exclude Evidence That Does Not Apply Class-Wide

Defendants object to the following exhibits on the ground that evidence that does not apply on a class-wide basis is inadmissible under Federal Rules of Evidence 402 and 403 (*See* Defs.' Mot. *in Limine* No. 12, filed 6/16/05): Jierree Deposition Exhibit Nos. 1605, 1621, 1624, 1633, 1653.

## II.   ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

Defendants object to Jierree Deposition Exhibit No. 1605 (Exhibit B hereto) because (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) the exhibit is objectionable on foundation grounds and the witness lacks the foundation necessary to testify about the subjects covered within the document; (3) it is irrelevant; (4) it is unduly prejudicial; and (5) plaintiffs have not established that the document is authentic and the witness testified both that she was unfamiliar with the document and that the document contained numerous errors on its face. (Dep. at 30).  In addition, the document constitutes part of the Congressional Record related to the congressional investigation into the propriety of the Rocky Flats plant criminal investigation and prosecution and is objectionable, unduly prejudicial and misleading for that reason as well.

Defendants object to Jierree Deposition Exhibit No. 1621 (Exhibit C hereto) because (1) it is hearsay not within any exception and contains hearsay within hearsay; (2) the exhibit is objectionable on foundation grounds and the witness lacks the foundation necessary to testify about the subjects discussed within the document in so far as the evaluation at issue in the exhibit was performed before Ms. Jierree came to work at the plant (Dep. at 103); (3) it is irrelevant; (4) it is unduly prejudicial, confusing and misleading; (5) the document is incomplete (it appears to be only portions of a report or evaluation); and (6) plaintiffs have not established that the document is authentic, complete or not a draft version; indeed, the witness has testified that she does not know who prepared the document, that she did not prepare the document or the materials contained within it, and that the evaluation at issue in the exhibit was performed before she came to work at the plant. (Dep. at 102-03)  In addition, the exhibit contains information and materials about plants and facilities other than Rocky Flats that are wholly irrelevant to this case.

Defendants object to Jierree Deposition Exhibit No. 1624 (Exhibit D hereto) because (1) the document contains extensive handwritten notes that are hearsay (and contain multiple hearsay) not within any exception (the notes, particularly on the final page of the exhibit, are from several different persons, many of whom are unidentified, but do not appear to be Rockwell employees); (2) the vast majority of the handwritten notes on the document are illegible; and (3) it is unduly prejudicial, confusing and misleading.  In addition, the exhibit actually contains multiple documents (including a full page of handwritten notes that do not appear to be related to other portions of the exhibit) and thus it is unduly prejudicial, confusing and misleading for this reason as well.

Defendants object to Jierree Deposition Exhibit No. 1633 (Exhibit E hereto) because (1) it is hearsay not within any exception; (2) the exhibit is irrelevant; and (3) it is unduly prejudicial, confusing and misleading.

Defendants object to Jierree Deposition Exhibit No. 1653 (Exhibit F hereto) because it is hearsay not within any exception; (2) the exhibit is irrelevant; and (3) it is unduly prejudicial, confusing and misleading.[2]

---

[2] Defendants assume plaintiffs are not seeking to admit Jierree Deposition Exhibit No. 1626, which is referenced in passing in testimony near some of plaintiffs' proposed designations, since no direct testimony about the exhibit has been offered.  Nevertheless, if plaintiffs were to offer Jierree Deposition Exhibit No. 1626, the exhibit is objectionable because (1) it is hearsay not within any exception;  (2) it is irrelevant; and (3) it is unduly prejudicial, confusing and misleading.  In addition, the exhibit contains multiple documents (seemingly unrelated to other portions of the exhibit) and thus it is unduly prejudicial, confusing and misleading for this reason as well.  Jierree Deposition Exhibit No. 1626 is also objectionable based on several of defendants' prior Motions *in Limine,* including MIL Nos. 3, 6, 7, 8, 11, and 12.  Defendants seek to preserve all such objections to this exhibit if it is offered.

Dated:  November 15, 2005                                    Respectfully submitted,


                                                    /s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 15, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Courtney Biggins_____
              Courtney Biggins (legal assistant)