**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' MOTION TO EXCLUDE EXHIBITS SOUGHT TO BE USED BY
PLAINTIFFS WITH DR. STEVEN WING AND RELATED TESTIMONY**

---

Defendants hereby object to the exhibits that Plaintiffs have proffered for use with Dr.

Steven Wing and request that this Court exclude these exhibits and any related testimony.

Defendants' objections are divided into three categories:  (1) objections made with respect to the

subject area of classification; (2) additional objections upon which the Court has not already

ruled; and (3) objections made with respect to previous motions *in limine* which the Court has

already denied.

**I.      EXHIBITS AND TESTIMONY RELATING TO ALLEGATIONS OF
CLASSIFICATION ABUSE SHOULD BE EXCLUDED.**

Under this Court's recent rulings, issues regarding the classification process have been

excluded from consideration in this case, as plaintiffs acknowledge.  (11/10/05 Tr. at 5005 ("I am

not concerned with the philosophical issues, political issues or foot-dragging by the Department

of Energy [regarding declassification]"); *id.* at 5050–51 ("What you have are comments that

people are talking about it's bad for PR, it's bad for pending litigation, bad for this, bad for that,

but you still have a classification decision that's made, and the Congress says it's none of my

business."); 11/14/05 Tr. at 5081-82 ("[Y]ou cannot go into the classification process itself as to

whether it was done in good faith or not because that's beyond the purview of this Court.");

11/15/05 Tr. (Mr. Davidoff) ("recogniz[ing] that Your Honor has already overruled [plaintiffs'

attempts] to show documents that clearly imply or infer that the classification decisions were

motivated by things other than national security").)  Yet almost half of the exhibits that Plaintiffs

have disclosed relate to the DOE's classification decisions:  P-659, P-660, P-1432, P-1433, P-

1434, P-1435, P-1436, P-1437.

These exhibits are offered for the clear and impermissible purpose of suggesting that the

DOE made, or at least entertained making, classification decisions for improper reasons.  For

example, Plaintiffs offer P-660 to support the suggestion that the DOE was concerned about

"increase in insurance claims, increased difficulty in labor relations and adverse public

sentiment" in formulating classification policy.  (*See also* P-659 (same); P-1437 (same).)

Plaintiffs have already offered P-660 as part of their offer-of-proof regarding Rodney Hoffman's

testimony, which this Court rejected.  Other exhibits mention "shattering effect on the morale of

the employees" (P-1433, P-1434) and "embarrassment to the Atomic Energy Commission and/or

its contractors" as possible classification considerations.  Dr. Wing does not offer any evidence

that any single document was actually classified as a result of these discussions; these documents

are offered merely to question the motives of the DOE.  This violates the Court's rulings, and the

exhibits and related testimony must be excluded.

## II.   ADDITIONAL OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED

Defendants object generally to all historical documents plaintiffs seek to offer into

evidence because Dr. Wing cannot lay a proper foundation for their admission.  Furthermore,

documents relied upon by an expert are typically inadmissible under Federal Rule of Evidence 703.  The only exception is when the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.  Fed. R. Evid. 703.  Such evidence should not be admitted for substantive purposes.  *See* McCormick on Evidence §324.3 (2003 Pocket Part) ("[T]he proponent now has a much more substantial burden in showing how receiving the inadmissible evidence will aid the jury in evaluating the expert's opinion, as opposed to being misused by the jury for substantive purposes.")  Defendants object to admission of documents purportedly relied upon by Dr. Wing in connection with his testimony because the plaintiffs can not meet the balancing test of Rule 703 and they seek to offer documents for substantive purposes.

Defendants object to P-659 because:  (1) it is hearsay and hearsay within hearsay without any exception; (2) it is irrelevant; (3) the prejudice from evidence of radiation studies on people and other alleged misconduct by the AEC (defendants' indemnitor) substantially outweighs any conceivable probative value; and (4) Dr. Wing cannot provide the required foundation; and (5) it is illegible.

Defendants object to P-660 because:  (1) it is hearsay and hearsay within hearsay without any exception; (2) it is irrelevant; (3) the prejudice from evidence of radiation studies on people and other alleged misconduct by the AEC (defendants' indemnitor) substantially outweighs any conceivable probative value; and (4) Dr. Wing cannot provide the required foundation.

Defendants object to P-1104 through P-1111 (minutes from meetings of the Advisory Committee for Biology and Medicine) because:  (1) they are hearsay and contain hearsay within hearsay which does not fall within any exception; (2) they are irrelevant; (3) the prejudice from

3

alleged misconduct by the AEC (defendants' indemnitor) substantially outweighs any conceivable probative value; and (4) Dr. Wing cannot provide the required foundation.

Defendants object to P-1110 because it is not disclosed in Dr. Wing's report as a document upon which he relied.

Defendants object to P-1128 because it is hearsay not within any exception.  This document is an expert report prepared by Dr. Wing.  As this Court has recognized, it is well-settled law that expert reports are hearsay and are not admissible.  (*See* 11/7/2005 Trial Tr. at 4347 ("my view [is] that expert reports are not admissible, per se").)  *See also Ake v. General Motors Corp.*, 942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer v. K-Mart Corp.*, 1989 WL 883318, at \*5 (E.D.La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 WL 826956, at \* 7 (S.D.N.Y. May 1, 2002) (same).  Defendants also object to the statements in the report under Rules 401 and 403, because they are irrelevant and because the prejudice from alleged misconduct by the AEC (defendants' indemnitor) substantially outweighs any conceivable probative value.

Defendants object to P-1207 because it is hearsay that does not fall into any exception.

Defendants object to P-1432 because:  (1) it is hearsay and hearsay within hearsay without any exception; (2) it is irrelevant; (3) the prejudice from evidence of alleged misconduct by the AEC (defendants' indemnitor) substantially outweighs any conceivable probative value; and (4) Dr. Wing cannot provide the required foundation.

Defendants object to P-1433 because:  (1) it is hearsay and hearsay within hearsay without any exception; (2) it is irrelevant; (3) the prejudice from evidence of radiation studies on

4

people and other alleged misconduct by the AEC (defendants' indemnitor) substantially

outweighs any conceivable probative value; (4) Dr. Wing cannot provide the required

foundation; and (5) the document is not authentic (it is not an original document, but a

transcription from the Internet).

Defendants object to P-1434 because:  (1) it is hearsay and hearsay within hearsay

without any exception; (2) it is irrelevant; (3) the prejudice from evidence of radiation studies on

people and other alleged misconduct by the AEC (defendants' indemnitor) substantially

outweighs any conceivable probative value; and (4) Dr. Wing cannot provide the required

foundation.

Defendants object to P-1435 because:  (1) it is hearsay and hearsay within hearsay

without any exception; (2) it is irrelevant; (3) the prejudice from evidence of alleged misconduct

by the AEC (defendants' indemnitor) substantially outweighs any conceivable probative value;

(4) Dr. Wing cannot provide the required foundation; and (5) the document is not authentic (it is

not an original document, but a transcription from the Internet).

Defendants object to P-1436 because(1) it is hearsay and hearsay within hearsay without

any exception; (2) it is irrelevant; (3) the prejudice from evidence of alleged misconduct by the

AEC (defendants' indemnitor) substantially outweighs any conceivable probative value; and (4)

Dr. Wing cannot provide the required foundation.

Defendants object to P-1437 because:  (1) it is hearsay and hearsay within hearsay

without any exception; (2) it is irrelevant; (3) the prejudice from evidence of radiation studies on

people and other alleged misconduct by the AEC (defendants' indemnitor) substantially

outweighs any conceivable probative value; (4) Dr. Wing cannot provide the required

foundation; and (5) the document is not authentic (it is not an original document, but a

transcription from the Internet).

### III.     OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* WHICH THE COURT HAS ALREADY DENIED.

Set forth below are objections to plaintiffs' exhibits based on arguments set forth in

defendants' previously-denied motions *in limine*.  Defendants re-assert these objections here in

order to preserve their rights.

#### A.     Defendants' Motion *in Limine* to Exclude Evidence of Document Classification and Discovery Conduct by the Department of Energy

Defendants object to the following exhibits on the ground that evidence related to

document classification is inadmissible under Federal Rules of Evidence 402 and 403 (*see* Defs.'

Mot. *in Limine* No. 5, filed 6/16/05):  P-659, P-660, P-1432, P-1433, P-1434, P-1435, P-1436, P-

1437.

Dated:  November 15, 2005                                  Respectfully submitted,


                                                           /s/ John E. Tangren_____
                                                           One of the Attorneys for the Defendants
                                                           David M. Bernick
                                                           Douglas J. Kurtenbach
                                                           Ellen Therese Ahern
                                                           Mark J. Nomellini
                                                           John E. Tangren
                                                           KIRKLAND & ELLIS LLP
                                                           200 East Randolph Drive
                                                           Chicago, Illinois 60601-6636
                                                           Phone:  312-861-2000
                                                           Fax:     312-861-2200

                                                           Joseph J. Bronesky
                                                           SHERMAN & HOWARD L.L.C.
                                                           633 Seventeenth Street, Suite 3000
                                                           Denver, Colorado 80202

7

Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

7

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Courtney Biggins_____
Courtney Biggins (legal assistant)