**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION FOR ADMISSION OF EXHIBITS AND RESPONSES TO
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBITS**
_____

Defendants hereby move for the admission of certain exhibits that were used by defendants during the cross-examination of plaintiffs' witnesses: Gretchen Robb, Richard Clapp and Richard Kaufman and defendants also respond to plaintiffs' objections regarding the exhibits used during the cross-examinations of K. Shawn Smallwood, W. Gale Biggs, John Radke, Paul Slovic, Gretchen Robb and Richard Clapp.

**I.      EXHIBITS TO BE ADMITTED RELATED TO ROBB, CLAPP AND KAUFMAN**

The exhibits that defendants seek to admit that were used during the cross-examinations of Gretchen Robb, Richard Clapp and Richard Kaufman, which are attached hereto as Exhibit A (with the exception of certain demonstrative boards used in Court, of which pictures are attached), bear the following exhibit numbers:

| Exhibit Number | Description | Witness |
|---|---|---|
| DX 0037 | Plutonium Release from the 903 Pad at Rocky Flats | Clapp |
| DX 0038 | Plutonium Release from 1957 Fire at Rocky Flats | Clapp |
| DX 0379 | Past Radionuclide Releases from Routine Operations at Rocky Flats Plant | Clapp |
| DX 0606 | American Journal of Public Health 11/00/1981 | Clapp |
| DX 0609 | Assessment of the Scientific Information for the Radiation Exposure Screening and Education Program | Clapp |
| DX 0610 | Radiation Dose Reconstructions for Epidemiological Uses | Clapp |
| DX 0622 | Residential Multiple Listing Service Sold Properties 03/00/1990 | Robb |
| DX 0625 | 10/07/1998 Denver Post Article: "Flats Cancer Rate Analyzed" | Robb |
| DX 0626 | 10/06/1998 Rocky Mountain News Article: "Cancer Rate Near Flats Average, Study Says" | Robb |
| DX 1307A | Graphic entitled Clapp's Odds Rations | Clapp |
| DX 1309 | Graphic entitled Class and Clapp Ten Zip Code Study Area | Clapp |
| DX 1319 | Large Whiteboard re Exposure, Latency, and Diagnosed Disease | Clapp |
| DX 1333 | Gretchen Robb Property with Westbrook Division | Robb |
| DX 1336 | Property Photograph | Robb |
| DX 1339 | Graphic entitled Krey and Hardy Contours Selected Zip Codes | Clapp |
| DX 1362 | Graphic entitled Plaintiffs' Discovery | Kaufman |
| DX 1374 | Graphic entitled US Attorney's Office | Kaufman |
| DX 1375 | Graphic entitled US Attorney's Office Represents Federal Agencies | Kaufman |
| DX 1376 | Graphic entitled Initial Phase Existing Collections | Kaufman |

| DX 1377 | Graphic entitled Plaintiffs' Numerous Requests to DOE | Kaufman |
| DX 1379 | Graphic entitled Repositories of DOE documents | Kaufman |
| DX 1380 | Graphic entitled Pre-contempt Phase Production | Kaufman |
| DX 1385 | Graphic entitled MUF Review Post Contempt | Kaufman |
| PX 0646 | 04/11/1994 Subpoena Served to Records Custodian of the US Department of Energy | Kaufman |

In their November 11, 2005 response, plaintiffs have objected to specific exhibits used during the cross-examination of Gretchen Robb and Richard Clapp. Those exhibits are DX37, DX38, DX379, DX609, and DX610.[1] Because their response was filed on November 11 and the cross-examinations for Robb and Clapp concluded on November 10, defendants assume that plaintiffs raise no objections to the rest of the exhibits used during the cross-examinations of Robb and Clapp.

As for defendants responses to plaintiffs' objections:

Plaintiffs object to DX37, 38 and 379 on the grounds that they are improper expert testimony, hearsay and overly confusing (Rule 403). These are Rocky Flats studies conducted as part of the Health Advisory Panel work by Chemrisk that were printed in the Health Physics Journal that plaintiffs' expert Dr. Budnitz testified was a premier journal. *See* Trial Tr. 10/31/05 at 3261. These documents are summaries of other voluminous documents (Chemrisk reports) that the Court has admitted. *See* Minute Order 10/25/05 ("Exhibits Received:  Chemrisk report

---

[1] Plaintiffs also objected to DX623 in their response motion. However, defendants do not list that exhibit one to be admitted because the Court has already ruled on its admissibility.

3

and RAC report.")  Moreover, these summaries of the Chemrisk reports are an attempt to comply with the Court's instruction to reduce the amount of paper given to the jury.   For all the reasons previously argued regarding the larger Chemrisk volumes, these summaries should be admitted.

DX609 and 610 were used to impeach Dr. Clapp's methodology and contain no improper expert opinion.  Such impeachment of an expert's methodology is entirely proper.  As for the hearsay objection, these exhibits qualify as learned treatises under Fed. R. Evid. 803(18).  Moreover, they are not coming in for the truth of the matter asserted, but to impeach Dr. Clapp's methodology.  Finally, plaintiffs' 403 objection is without merit; the exhibits are no more technical or confusing than Dr. Clapp's testimony itself.

II.     **EXHIBITS PENDING ADMISSION**

On November 10, 2005, defendants moved to have the following exhibits admitted which were used during the cross-examinations of K. Shawn Smallwood, W. Gale Biggs, John Radke and Paul Slovic:

| Exhibit Number | Description | Witness |
| --- | --- | --- |
| DX 0476 | Health and Safety Laboratory: Plutonium in Soil Around the Rocky Flats Plant | Smallwood |
| DX 0477 | Spatial and Temporal Analysis of Rocky Flats Soil Plutonium Data | Smallwood |
| DX 0496 | CDPHE Letter from DiSalvo, Gunderson, and Rehder to Members of the Community attaching Memorandum Describing Final Approved Modifications to Rocky Flats Cleanup Agreement Attachments | Smallwood |

| DX 0497 | Website Printout entitled Consulting in the Public Interest: Assistance to Attorneys | Smallwood |
|---|---|---|
| DX 0550 | Letter to Janet Johnson from Robert Quillin re Enhancements to Surveillance Program | Biggs |
| DX 0562 | Letter to Gale Biggs from Voilleque | Biggs |
| DX 0563 | Letter to Admiral Watkins from John Ahearne | Biggs |
| DX 1078/ DX 1078a | Graphic of Large Whiteboard/Magnets | Radke |
| DX 1218 | Offsite Air Sampler Locations 1989 | Smallwood |
| DX 1222 | Graphic entitled Residential Development-1969 | Smallwood |
| DX 1223 | Graphic entitled Residential Development-1969 to 1989 | Smallwood |
| DX 1224 | Graphic entitled Residential Development (Close Up)- 1969 to 1989 | Smallwood |
| DX 1225 | Graphic entitled Residential Development (Close Up)-1969 | Smallwood |
| DX 1226 | Graphic entitled All Development (Close Up)-1969 to 1989 | Smallwood |
| DX 1227/ 1227A | Graphic entitled Fate of Soil Excavated by Gophers | Smallwood |
| DX 1228 | Graphic entitled Development Comparison | Smallwood |
| DX 1244 | Graphic entitled Differences in Development Smallwood, K. Shawn | Smallwood |
| DX 1245 | Graphic entitled Poet and Martell Contours | Smallwood |
| DX 1252 | Graphic entitled Krey and Hardy Contour | Smallwood |
| DX 1259 | Graphic entitled Contour Comparison | Smallwood |
| DX 1261 | Graphic entitled Contour Comparison | Smallwood |
| DX 1262 | Graphic entitled Contour Comparison (Jones and Zhang 1970 - 1975) | Smallwood |
| DX 1263 | Graphic entitled Contour Comparison (Jones and Zhang 1975 - 1980) | Smallwood |
| DX 1264 | Graphic entitled Contour Comparison (Jones | Smallwood |

|         | and Zhang 1980 - 1986)                                          |           |
|---------|-----------------------------------------------------------------|-----------|
| DX 1265 | Graphic entitled Contour Comparison (Jones and Zhang 1986 - 1989) | Smallwood |
| DX 1274 | Graphic of Large Whiteboard Magnets                             | Slovic    |
| DX 1277 | Onsite Air Sampler Locations (1971)                             | Biggs     |

In their response filed on November 11, 2005, plaintiffs objected to DX563, 497, 1078 1078A, 1222, 1223, 1225, 1226, 1228, 1244 and 1274.[2] Defendants assume that plaintiffs have no objections to the rest of the exhibits.

Plaintiffs object to DX563 on the ground that it contains hearsay within hearsay and expert opinion. Defendants used the exhibit not to prove the truth of the matter asserted within the letter but to impeach Dr. Biggs testimony by showing that the Ahearne Committee addressed many of his concerns. *See* Trial Tr. 11/9/05 at 4736–4740. Thus, there is no hearsay problem. In addition, the letter does not contain expert opinion. Regardless, however, defendants were not using the document for its substantive contents, it was used to impeach Dr. Biggs' testimony by showing that his concerns were addressed.

Plaintiffs object to DX497 as being unduly prejudicial. This is a printout from the website of Consulting in the Public Interest ("CiPI") and was used to show the witness's bias and connection to the plaintiffs' counsels' firm, Berger & Montague. Dr. Smallwood lists CIPI as an

---

[2] In their response plaintiffs object to DX553 but refer to the document that is DX563. Defendants consider their objection an objection to DX563. In their response, plaintiffs object to
(Continued…)

affiliation on his resume and is listed as a "core CiPI Associate" on the website. He also testified as to his affiliation with CiPI. For plaintiffs to suggest that Dr. Smallwood has little or no connection to the organization is disingenuous; the exhibit is probative evidence of witness bias.

Plaintiffs object to defendants' graphics DX1078 and DX1078a on the grounds that they are improper expert evidence, confusing under Rule 403 and irrelevant. These are magnetic boards used during the examination of Dr. Radke. These exhibits contain no expert testimony. They are probative to the points to which Dr. Radke testified and there is little risk of confusion since the jury was there to witness the placement of the magnets on the board. These exhibits are clearly relevant to statements made by Dr. Radke on cross-examination.

Plaintiffs object to 1222, 1223, 1225 and 1226 on the ground that "they are a thinly veiled attempt to re-argue defendants' 'coming to the nuisance' or statute of limitations defenses." Defendants did not use these exhibits to in any way argue a coming to the nuisance theory. Dr. Smallwood was testifying as to the effect gophers had on the dispersal of plutonium; defendants used the exhibits to demonstrate that residential developments would have hindered the gophers' ability to disperse plutonium. *See* Trial Tr. 11/3/05 at 4077–4085.

Plaintiffs object to DX1228 and 1244 on the grounds that they lack foundation, contain hearsay, constitute improper Rule 1006 summaries and improper expert opinion. There is no

---

DX1229 but refer to the graphic that is DX1228. Defendants consider their objection an objection to DX1228.

7

foundation problem because the witness accepted them as depictions of the class area and responded to questions based on the depictions.  The graphics are maps; no out of court statement is at issue.  Plaintiffs have not stated any reason why these maps are improper summaries.  These summaries comport with Rule 1006.  There is no expert opinion contained in the exhibits.

     Plaintiffs object to DX1274 on the grounds that it is confusing under Rule 403, lacks foundation, is an improper Rule 1006 summary and contains improper expert opinion.  This is a magnetic board used during the examination of Dr. Slovic.  There is no risk of confusion since the jury witnessed the magnets being placed on the board during the course of Dr. Slovic's testimony.  Any foundation that was needed was provided by Dr. Slovic during his cross-examination.  Plaintiffs have not stated any reason why these maps are improper summaries.  These summaries comport with Rule 1006.  No expert opinion is included in the exhibit, except to the degree that Dr. Slovic's testimony assisted with magnet placement.

Dated:  November 14, 2005                    Respectfully submitted,

                                          /s/ John E. Tangren_____
                                          One of the Attorneys for the Defendants
                                          David M. Bernick
                                          Douglas J. Kurtenbach
                                          Ellen Therese Ahern
                                          Mark J. Nomellini
                                          John E. Tangren
                                          KIRKLAND & ELLIS LLP
                                          200 East Randolph Drive
                                          Chicago, Illinois 60601-6636

Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                  /s/ Kari Knudsen_____
                                                  Kari Knudsen (legal assistant)