IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION IN LIMINE TO LIMIT THE TESTIMONY OF WAYNE HUNSPERGER**
_____

        Defendants hereby move to bar Wayne Hunsperger from offering any opinions at trial on: (1) public opinion surveys; and (2) multiple regression analysis.

**I.    MR. HUNSPERGER SHOULD NOT BE PERMITTED TO TESTIFY ABOUT PUBLIC OPINION SURVEYS UNDER FEDERAL RULE OF EVIDENCE 403'S BALANCING TEST.**

        Mr. Hunsperger has nothing to add concerning public opinion surveys because he is not qualified to render an opinion on them.

        **Not Qualified in Survey Research:** Mr. Hunsperger admits that he has no expertise in survey research: "I'm not an expert in survey research let alone social science, and [Drs. Flynn and Slovic] are." (Ex. A, Hunsperger Dep. at 318.)

        **Not Qualified in Interpreting Survey Results:** Nor does Mr. Hunsperger have any expertise in interpreting survey results – and, hence, does not have the requisite knowledge to drive the alleged $210,000,000 diminution in value. Although Mr. Hunsperger is capable of

drawing "some conclusions" from the survey results, he would "leave the interpretation of the raw data to a survey research expert." (Ex. A, Hunsperger Dep. at 327-28.)

**Flynn and Slovic Have Already Testified in This Area:** The individuals charged with conducting the survey and interpreting this "raw data" – Drs. Slovic and Flynn – have already testified. If Mr. Hunsperger were to testify to these matters, he would therefore be covering the same ground as Drs. Slovic and Flynn. There is no reason for him to testify about the public opinion survey and to further prolong an already lengthy trial. Under Federal Rule of Evidence 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by . . . considerations of undue delay [or] waste of time . . . ." Mr. Hunsperger has nothing to add to the testimony about public opinion surveys already presented by Drs. Slovic and Flynn. Consequently, any testimony by Mr. Hunsperger about the results of the public opinion survey would cause "undue delay," would "waste time," and should be excluded.

Plaintiffs have already spent considerable time presenting the results of Dr. Slovic and Flynn's public opinion survey that purportedly establishes diminution in property values in the class area. Drs. Slovic and Flynn each spent a substantial amount of time discussing the public opinion surveys during their direct examinations. In addition, this Court has ruled that Plaintiffs and Defendants will be permitted to designate from Dr. Flynn's deposition transcript. (*See* 11/9/2005 Trial Tr. at 4649.) Although Defendants recognize that this Court has struck Dr. Flynn's direct testimony, it cannot change the fact that the jury has heard this testimony and will find it difficult to disregard it. In essence, Plaintiffs will be given *three* opportunities to present the results of the public opinion survey *before* Mr. Hunsperger takes the stand – Dr. Slovic's direct, Dr. Flynn's stricken direct, and Dr. Flynn's deposition. There is no reason to waste time by giving Plaintiffs yet another opportunity to cover the exact same ground with Mr. Hunsperger.

## II. MR. HUNSPERGER SHOULD NOT BE PERMITTED TO TESTIFY TO THE RESULTS OF DR. RADKE'S MULTIPLE REGRESSION UNDER FEDERAL RULE OF EVIDENCE 403'S BALANCING TEST.

Mr. Hunsperger would have nothing to add to the testimony on multiple regression analysis because he is not qualified to discuss regression analysis and would therefore only be able to parrot Dr. Radke's testimony. Mr. Hunsperger is not a statistician (Ex. A, Hunsperger Dep. at 441) and does not consider himself an expert in multiple regression analysis. (Ex. A, Hunsperger Dep. at 435.) Nor does Mr. Hunsperger have the background knowledge needed to testify about the elements of a regression analysis. (*See* Ex. A, Hunsperger Dep. at 441 (acknowledging that he does not know the significance of a standard error of a coefficient, how the standard error of a coefficient is used in interpreting the results of a regression, how to test if a coefficient is statistically significant, or what a T statistic is).) Dr. Radke spent nearly one full day on the witness stand testifying about the multiple regression analysis he performed. Because Mr. Hunsperger would have nothing to add to Dr. Radke's testimony, there is no need for him to discuss regression analysis.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court bar Mr. Hunsperger from testifying about: (1) the public opinion survey conducted by Drs. Flynn and Slovic; and (2) the multiple regression analysis performed by Dr. Radke.[1]

---

[1] Defendants acknowledge that on August 22, 2005, this Court denied Defendants' *Daubert* motion to strike the testimony of Mr. Hunsperger. (*See* 8/22/2005 Tr.) However, defendants have not previously argued, nor have they had the opportunity to argue, that Mr. Hunsperger's testimony with respect to the public opinion surveys and multiple regression should be excluded under Rule 403 because it is a waste of time. The fact that Mr. Hunsperger is not qualified to discuss these areas is another important factor to be considered in conducting the Rule 403 balancing test.

Dated:  November 15, 2005           Respectfully submitted,

/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 15, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


              /s/ Courtney Biggins_____
              Courtney Biggins (legal assistant)