UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CIVIL ACTION NO. 90-K-181

MERILYN COOK, *et al.*,

        Plaintiffs,

    v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

### RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF TESTIMONY AND EXHIBITS FROM MARK N. SILVERMAN

In response to defendants' objections to their proposed use at trial of deposition testimony and exhibits from Mark N. Silverman, plaintiffs state as follows.

As an initial matter, by seeking to "bar Plaintiffs' proposed Mark Silverman deposition designations," defendants are once again in violation of the Court's November 11, 2005 Order Limiting Motion Practice During Trial (Doc. 1626). *See* Defendants' Motion Regarding Objections to Mark Silverman Deposition Designations and Exhibits (Doc. 1653) ["Objections"] at 1.

It is, furthermore, interesting to note that other than his introductory testimony regarding his position as (and retirement from) Manager of the Department of Energy's Rocky Flats field office (4:15 to 5:12), defendants have objected to literally ***all*** of Mr. Silverman's testimony designated by plaintiffs.

In their zeal to exclude Mr. Silverman's testimony, defendants argue that plaintiffs' designation of certain portions of his testimony concerning material unaccounted for ["MUF"] violate this Court's rulings regarding evidence of classification abuse. That is simply incorrect. The testimony designated by plaintiffs says nothing about whether the Department of Energy ["DOE"] has abused its classification power to protect itself or defendants from liability, or whether DOE otherwise acted in good faith. Rather, Mr. Silverman, in his role as the highest-ranking DOE official at Rocky Flats at the time that DOE was producing heavily redacted MUF documents, testified as to his view that much classified MUF information could have been produced to the plaintiffs in unredacted form. Such testimony goes directly to the issues of: (1) whether admissible information remains classified; and (2) discovery abuses by the DOE, which the Court has ruled is admissible. 11/10/2005 Tr. at 5006:5-6 5081:20-21 ("evidence that some information that might be admissible for plaintiffs was – remains classified, is admissible . . . ."); 11/14/2005 Tr. at 5081-82 ("the thing that you're entitled to do in this case is to show that there were discovery abuses by the Department of Energy"). Defendants' overbroad objections should, therefore, be overruled.

Defendants' objections to form should also be overruled as waived and/or harmless. *See e.g.,* 90:18-21, 104:20-23, 147:3-5.

Hereafter, plaintiffs address defendants' substantive objections seriatim, by topic of questioning.

    **Pages:**     **90:18-21; 90:24-25; 91:1-8; 91:21 to 93:3; 93:21-25**

    **Topic:**     **Openness with Public**

| | |
|---|---|
| Objection: | Irrelevant, unfairly prejudicial, no answer designated, improper opinion, foundation |
| Response: | Under Federal Rule of Evidence ["FRE"] 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. |
| | With respect to 93:21-25, plaintiffs additionally designate Mr. Silverman's response at 95:4. |
| | With respect to 95:8-10, pursuant to FRE 701, Mr. Silverman's opinion testimony is rationally based on his perceptions, helpful to a clear understanding of his testimony or the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702. |
| | Assuming that the foregoing objections are overruled, plaintiffs have no objection to the testimony designated by defendants (93:4-16 and 95:11-18, 95:23 to 96:5). |

**Pages:** **104:20-23; 105:1-3**

**Topic:** **Predecessors**

Objection: Irrelevant, unfairly prejudicial

Response: Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

Mr. Silverman, who testified extensively regarding his position, activities and responsibilities as the

3

|  |  |
|---|---|
|  | highest-ranking DOE official at Rocky Flats, established the foundation for his testimony. |

| | |
|---|---|
| **Page:** | 109:17 to 110:12 |
| **Topic:** | **Conversations with Siebert** |
| Objection: | Hearsay. |

| | |
|---|---|
| **Page:** | **147:3-5** |
| **Topic:** | **Danger of Plutonium** |
| Objection: | Foundation |
| Response: | As an initial matter, defendants waived their objection at deposition to this question.  Mr. Silverman, who testified extensively regarding his position, activities and responsibilities as the highest-ranking DOE official at Rocky Flats, established the foundation for his testimony. |

| | |
|---|---|
| **Pages:** | **148:14-21; 149:2-10; 149:14-23** |
| **Topic:** | **Records Regarding Stored Wastes** |
| Objection: | Irrelevant, unfairly prejudicial, hearsay, foundation |
| Response: | Mr. Silverman, who testified extensively regarding his position, activities and responsibilities as the highest-ranking DOE official at Rocky Flats, established the foundation for his testimony. |
| | Furthermore, hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  FRE 801(c).  Mr. Silverman's testimony regarding the existence and nature of records regarding stored wastes is clearly not hearsay. |
| | Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the |

4

> determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

---

**Pages:** **205:20 to 206:4; 206:12 to 207:10; 208:1-3; 211:16 to 213:19; 220:13 to 221:1; 221:10-12; 227:16 to 228:10; 228:18 to 229:24; 230:8 to 231:17**

**Topic:** **Exhibit 1995**

Objection: Hearsay, irrelevant, improper expert opinion, unfairly prejudicial, repetitive for undue emphasis, cumulative, clean-up costs, risk to workers

Response: Mr. Silverman, who testified extensively regarding his position, activities and responsibilities as the highest-ranking DOE official at Rocky Flats, established the foundation for his testimony.

Exhibit 1995 is a speech prepared and given by Mr. Silverman in his capacity as Manager of the DOE's Rocky Flats field office, which is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such speech.

Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

Furthermore, pursuant to FRE 701, Mr. Silverman's opinion testimony is rationally based on his perceptions, helpful to a clear understanding of his testimony or the determination of a fact in issue, and is not based on scientific, technical or other specialized knowledge within the scope of FRE 702.

5

> With respect to Mr. Silverman's very general references to the costs of clean-up (229:13-15) and risks to workers (230:19-22), plaintiffs do not believe that such references are prejudicial to defendants. However, should the Court rule otherwise, they will redact such references from their designated testimony.
>
> Finally, with respect to the testimony at 220:23 to 221:1 and 221:10-12, which defendants object to as "repetitive for undue emphasis," plaintiffs are willing to review the videotape of Mr. Silverman's deposition and play only the more audible of Mr. Silverman's two readings of the relevant information.

**Pages:** **232:16-24; 233:7 to 234:6**

**Topic:** **Exhibits 1996 & 1997**

Objection:  Hearsay, irrelevant, unfairly prejudicial, improper expert opinion, cumulative of Exhibit 1995

Response:  Exhibits 1996 and 1997 are the outline and slides for the speech prepared and given by Mr. Silverman. *See* Response to 205:20 to 206:4; 206:12 to 207:10; 208:1-3; 211:16 to 213:19; 220:13 to 221:1; 221:10-12; 227:16 to 228:10; 228:18 to 229:24; 230:8 to 231:17, *supra*. For all of the same reasons set forth therein, defendants' objections should be overruled.

**Page:** **247:2-17**

Objection:  Plaintiff have no substantive objection to the designated testimony, but are unclear as to what specific objections must be overruled in order for defendants to wish to have the testimony offered.

**Page:** **249:15 to 250:11; 250:17 to 251:4**

**Topic:** **Exhibit 2000**

| | |
|---|---|
| Objection: | Hearsay, irrelevant, unfairly prejudicial |
| Response: | Exhibit 2000 is a worksheet from DOE's Change Summit, held in Denver on or about September 4, 1995, which is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such worksheet. |
| | Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403. |
| | Assuming that the foregoing objections are overruled, plaintiffs have no objection to the testimony designated at 251:5-11, but additionally designate 251:12-15 for completeness. |

| | |
|---|---|
| **Pages:** | **257:17-25; 258:14 to 259:8; 261:10-13; 261:17-21; 267:17-25** |
| **Topic:** | **Exhibit 2001** |
| Objection: | Hearsay, irrelevant, unfairly prejudicial, best evidence, states facts not in evidence, vague as to time, foundation, describes worker exposures |
| Response: | Mr. Silverman, who testified extensively regarding his position, activities and responsibilities as the highest-ranking DOE official at Rocky Flats, established the foundation for his testimony. |
| | Exhibit 2001 is a another set of briefing slides prepared by Mr. Silverman, which is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such slides. |
| | Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable |

7

than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

With respect to Mr. Silverman's passing reference to worker exposures (267:20) plaintiffs do not believe that such reference is prejudicial to defendants. However, should the Court rule otherwise, they will redact such reference from their designated testimony.

In sum, "[defendants] doth protest too much, methinks." *See* Wm. Shakespeare, *Hamlet*, Act III, sc. ii, l. 239 (with apologies to the Bard).

**Page:** **268:10 to 269:7**

**Topic:** **Exhibit 2002**

Objection: Irrelevant, unfairly prejudicial, problems at other DOE facilities

Response: Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

With respect to defendants' objection to references to problems at other DOE facilities in Exhibit 2002, none of the designated testimony addresses such problems. While plaintiffs do not believe that general references to other DOE facilities are prejudicial to defendants, should the Court rule otherwise, they will redact such references from Exhibit 2002.

**Page:** **279:10 to 280:19; 281:1-7**

**Topic:** **Exhibit 2007**

8

Objection: Hearsay, irrelevant, unfairly prejudicial

Response: Exhibit 2007 is yet another presentation prepared and/or used by Mr. Silverman, which is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such presentation.

Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

**Page:** **312:13-16**

**Topic:** **Where is All of the Waste?**

Objection: Irrelevant, unfairly prejudicial

Response: Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

**Page:** **154:12 to 157:23; 309:8 to 310:2**

Objection: Assuming defendants' objections to the testimony at 312:13-16 and 360:11 to 362:18 are overruled, plaintiffs have no objection to the testimony designated at 154:12 to 157:23 and 309:8 to 310:2, but additionally designate 157:24 to 161:20 for completeness.

**Page:** **320:21 to 321:23; 589:20 to 590:5; 590:11-13; 590:16**

9

| | |
|---|---|
| **Topic:** | **Identification of Individuals** |
| Objection: | Hearsay, irrelevant, unfairly prejudicial, cumulative |
| Response: | Once again, hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  FRE 801(c).  Mr. Silverman's identification of Mike Driver and Bob Hanfling, and his description of his relationships with those gentleman, are clearly not hearsay. |
| | Furthermore, how Mr. Silverman's friendship with Messrs. Driver and Hanfling could be "unfairly prejudicial" to defendants is entirely unclear. Nonetheless, for good measure, under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403. |
| | His opinion regarding Mr. Hanfling's character is admissible under FRE 608(a). |

| | |
|---|---|
| **Page:** | **322:8-13; 325:24 to 325:8; 325:24 to 326:10; 326:13-15; 327:8-16; 583:15 to 584:18; 585:4-15; 586:15-25; 592:23 to 595:1; 603:23 to 604:4; 604:7-19; 604:22 to 605:16** |
| **Topic:** | **Exhibit 2010** |
| Objection: | Hearsay, irrelevant, unfairly prejudicial; cumulative |
| Response: | Exhibit 2010, which is a handwritten entry from Mr. Silverman's journal describing an event made immediately after Mr. Silverman perceived it, is admissible under FRE 803(1) (present sense impression), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such journal entry. |

10

>Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403.

---

**Page:** **328:9-16; 330:1-7; 332:6-24; 333:10-15**

**Topic:** **Exhibit 2011**

Objection: Hearsay, irrelevant, unfairly prejudicial

Response: Exhibit 2011, which is also a handwritten entry from Mr. Silverman's journal describing an event made immediately after Mr. Silverman perceived it, is admissible under FRE 803(1) (present sense impression), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such journal entry.

>Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403.

---

**Page:** **339:6 to 341:11; 341:25 to 342:14; 342:19 to 343:14; 344:1-16; 347:6-8**

**Topic:** **Exhibit 2012**

Objection: Hearsay, irrelevant, unfairly prejudicial; "waste of time"

Response: Exhibit 2012 is a legal pleading, filed by the DOE, which is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such pleading.

11

>Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.
>
>And with all due respect, plaintiffs are not aware that what defendants self-servingly deem "a waste of time" constitutes a valid legal objection.

---

**Page:** 347:6-8; 347:14-24

**Topic:** **Removal of Kaufman from Case**

Objection: Irrelevant, unfairly prejudicial, foundation, incomplete (failure to designate answer), hearsay

Response: As an initial matter, plaintiffs concede that an answer to the question posed at 347:6-8 has not been designated. Plaintiffs hereby designate 347:11-13.

>The witness' hearsay statements form the basis of his knowledge, belief or actions, and/or are necessary to explain or substantiate that knowledge or belief.
>
>Furthermore, under FRE 401, the evidence also has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.
>
>Finally, Mr. Silverman, who testified extensively regarding his position, activities and responsibilities as the highest-ranking DOE official at Rocky Flats, established the foundation for his testimony.

---

**Page:** 357:24 to 358:4; 359:3-8; 359:17 to 360:6; 360:6 to 362:18

**Topic:**     **Exhibit 2016**

Objection:   Hearsay, irrelevant, unfairly prejudicial, authentication, foundation

Response:   Exhibit 2016 is an excerpt from a Rocky Flats Environmental Technology Site document prepared by a consultant to and for the DOE, which is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such document.  Furthermore, Mr. Silverman's testimony is directed to whether he personally agrees or disagrees with the vulnerabilities identified in the document, and not to whether the statements in the document are true.  Consequently, it is not hearsay.  FRE 801(c).

Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403.

Finally, Mr. Silverman, who testified extensively regarding his position, activities and responsibilities as the highest-ranking DOE official at Rocky Flats, established the foundation for his testimony.

---

**Page:**      **365:13 to 366:14; 366:18-25**

**Topic:**     **Exhibit 2018**

Objection:   Hearsay, irrelevant, unfairly prejudicial

Response:   Exhibit 2018 is an e-mail message that Mr. Silverman received in the course of his employment as Manager of the DOE's Rocky Flats field office, which is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such e-mail.

> Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

**Page:** 370:7-16; 370:24 to 371:4; 371:15 to 372:15; 372:18 to 373:6; 373:10-17

**Topic:** **Exhibit 2020**

Objection: Hearsay, irrelevant, unfairly prejudicial, authentication, foundation, clean-up costs

Response: Exhibit 2020 is document prepared for the Speakers Task Force on Nuclear Facilities, which is admissible under FRE 803(8) (public report or record), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such document. Furthermore, Mr. Silverman's testimony is directed to whether he personally agrees or disagrees with the issues raised in the document, and not to whether the statements in the document are true. Consequently, it is not hearsay. FRE 801(c).

Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

Finally, by testifying that he knew of the document (370:23), Mr. Silverman established the foundation for this testimony.

**Page:** 377:5-16; 379:3-22; 380:13 to 383:9

**Topic:** **Exhibit 2022**

14

| | |
|---|---|
| Objection: | Hearsay, irrelevant, unfairly prejudicial |
| Response: | Exhibit 2022 is an article from *The Energy Daily*, which is admissible under FRE 807.  *See Hicks v. Charles Pfizer & Co.*, No. 1:04-CV-201, 2005 WL 2415965 (E.D. Tex. Sept. 29, 2005) (copy attached). |
| | Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence.  And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.  *See* FRE 403. |

| | |
|---|---|
| **Page:** | **383:17 to 387:15** |
| **Topic:** | **Exhibit 2024** |
| Objection: | Hearsay, irrelevant, unfairly prejudicial |
| Response: | Exhibit 2024 is also an article from the *Denver Post*, which is admissible under FRE 807.  *See Hicks v. Charles Pfizer & Co.*, No. 1:04-CV-201, 2005 WL 2415965 (E.D. Tex. Sept. 29, 2005) (copy attached). |

| | |
|---|---|
| **Page:** | **388:1-6** |
| **Topic:** | **Identification of Bill Rask** |
| Objection: | Improper opinion testimony, hearsay, irrelevant, unfairly prejudicial |
| Response: | Once again, hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  FRE 801(c).  Mr. Silverman's identification of Bill Rask is clearly not hearsay.  Nor does his identification testimony incorporate any opinion testimony.  Finally, it is entirely unclear how his identification can be "unfairly prejudicial." |

>But again, for good measure, under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

**Page:**       390:1-10

**Topic:**      "Old Timers"

Objection:    Incomplete (no question designated), improper, irrelevant, unduly prejudicial

Response:    As an initial matter, plaintiffs concede that a question was not designated to which the testimony at 390:1-6 responds. Plaintiffs hereby designate 388:9 to 389:25.

With respect to their "improper" objection, defendants fail to state why they believe the testimony is improper.

Finally, under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

**Page:**       394:15-24

**Topic:**      **Representation of Dow and Rockwell**

Objection:    Irrelevant

Response:    Plaintiffs state that the testimony was designated solely for the purpose of putting Mr. Silverman's testimony in context – that is, responsive to questions being posed on behalf of Dow and Rockwell. To the extent that the Court believes that

16

        this testimony is inappropriate, plaintiffs will strike the same.

**Page:** **486:5-23; 487:7-13; 487:19 to 488:14; 491:2-15**

Response: Plaintiffs do not object to the inclusion of this testimony so long as the additional testimony that they designated at 157:24 to 161:20 is included.

**Page:** **611:18 to 612:8**

**Topic:** **Others with Same Opinion**

Objection: Foundation, irrelevant, unfairly prejudicial

Response: Mr. Silverman, who testified extensively regarding his position, activities and responsibilities as the highest-ranking DOE official at Rocky Flats, established the foundation for his testimony.

Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

**Page:** **634:4 to 636:23; 638:5 to 639:7**

**Topic:** **Exhibit 2169**

Objection: Foundation, hearsay, irrelevant, unfairly prejudicial

Response: Mr. Silverman, who testified extensively regarding his position, activities and responsibilities as the highest-ranking DOE official at Rocky Flats, established the foundation for his testimony.

Exhibit 2169 is a draft memorandum that Mr. Silverman prepared in the course of his employment as Manager of the DOE's Rocky Flats field office, which is admissible under FRE 803(8) (public

17

> report or record), particularly since defendants had an opportunity to cross-examine Mr. Silverman about such memorandum.
>
> Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

---

**Page:** **639:8-16; 640:1 to 641:16**

**Topic:** **Unmarked Exhibit**

Objection: Foundation, authenticity, irrelevant, hearsay, unfairly prejudicial

Response: Plaintiffs strike the designation of this testimony.

---

**Page:** **643:19-25**

**Topic:** **Silverman Journal**

Objection: Irrelevant, unduly prejudicial

Response: Plaintiffs state that the testimony was designated solely for the purpose of putting Mr. Silverman's testimony regarding his journal in context.

Under FRE 401, the evidence has a tendency to make the existence of facts of consequence to the determination of the action more or less probable than it would be without the evidence. And its probative value substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* FRE 403.

In conclusion, plaintiffs state that, to the extent that defendants failed to preserve their objections during the deposition of Mr. Silverman, such objections have been

waived.  Furthermore, plaintiffs reserve the right to object to other testimony or exhibits, if any, proffered by defendants in connection with Mr. Silverman's testimony.

                                        Respectfully submitted,

November 16, 2005                      */s/ Jean M. Geoppinger*

                                        _____
Louise M. Roselle
Jean M. Geoppinger
WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
(513) 621-0267

Merrill G. Davidoff
Peter Nordberg
Jenna MacNaughton-Wong
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKY, P.C.
1801 York Street
Denver, Colorado  80206
(303) 399-3000

***Attorneys for Plaintiffs***
***and the Class***

### CERTIFICATE OF SERVICE

     I hereby certify that, on November 16, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

          David M. Bernick
          KIRKLAND & ELLIS, LLP
          200 East Randolph Drive
          Chicago, Illinois  60601

    and

Joseph J. Bronesky
SHERMAN & HOWARD, LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202

***Attorneys for Defendants***

                            */s/ Jean M. Geoppinger*
                            _____
                            Jean M. Geoppinger