IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
ADMISSION OF EXHIBITS AND REPLY IN SUPPORT OF THEIR
NOVEMBER 11 OBJECTIONS TO DEFENDANTS' EXHIBITS**

**I.    OBJECTIONS TO EXHIBITS**

Of the exhibits submitted by defendants in their November 16 Motion, plaintiffs object to the following: DX 606, 625, 626, 1319, 1376, 1377, 1380, 1385, 550, and 562.

**DX 606** is a learned treatise that is not admissible as an exhibit. It contains unverified expert opinion covered by Rule 702. Although the exhibit was used on cross-examination, no witness has subscribed to the truth of its contents, and Rule 803(18) which covers the use of learned treatises for impeachment explicitly states that such documents may not themselves be admitted as evidence.

**DX 625** and **626** are newspaper articles regarding cancer rates near Rocky Flats. Plaintiffs object to these exhibits as hearsay. Defendants' halfhearted effort to appear as though

they were using these exhibits for their non-hearsay purpose, namely to show market knowledge, was unsuccessful and unconvincing. Ms. Robb was not asked whether she had seen DX 625 at the time she lived in the class are, and in fact testified that she was not familiar with DX 626. *See* Nov. 10 Tr. at 5031. Moreover, the articles came out after she had moved out of the class area, so Ms. Robb could not testify about the articles' effect on her knowledge. *See* Nov. 10 Tr. at 5021 (testifying that she sold her home in March, 1990). Nonetheless, defendants persisted in asking her about the substance of the articles, highlighting the hearsay message of the documents rather than any effect on market knowledge (to which Ms. Robb was unqualified to testify). *See* Nov. 10 Tr. at 5033 (re: DX 625, "Q. Now, you testified that you would not be afraid of Rocky Flats today if you were shown scientific evidence that no substantial risk exists; is that true?"); *id.* at 5031 (re: DX 626, "Q. You were aware of this study that showed that cancer rates near Rocky Flats were no different from cancer rates elsewhere in the Denver metro area, correct?"). As Ms. Robb eloquently expressed, "I am not sure that has anything to do with what I felt when I sold my house." *Id.* at 5034.

**DX 1319** is basically defense counsel's own statements about the latency of disease. Dr. Clapp did not subscribe to defense counsel's opinion that only those individuals exposed to plutonium over 20 years ago could possibly contract lung cancer. *See, e.g.* Nov. 9 Tr. at 4859-60. These opinions are inadmissible hearsay, are not based on any live witness' personal knowledge, and are unsupported expert opinion under Rule 702.

**DX 1376**, **1377**, **1380**, and **1385** are graphics used with Mr. Kaufman's testimony. They purport to show events in the discovery phase of this case. The message apparent on the face of

2

these graphics is that DOE has produced a large number of documents, therefore (by implication) plaintiffs' complaints about DOE's non-compliance are baseless. This message is both irrelevant and misleading: DOE produced thousands or millions of pages of documents with 75% or more of the content redacted, making plaintiffs' discovery efforts fruitless.

Plaintiffs also object to **DX 550** and **562**, two additional exhibits used with Dr. Biggs. These documents are both hearsay and contain unsupported expert opinion under Rule 702.

## II. REPLY IN SUPPORT OF PLAINTIFFS' EARLIER (NOV. 11) OBJECTIONS TO EXHIBITS

At the outset, plaintiffs would like to dispel a faulty premise that underlies nearly all of defendants' responses to plaintiffs' objections. The rules for admissibility of evidence are not suspended simply because an exhibit was used on cross. While contrary information can be used to impeach a witness, it simply does not follow that any and all documents used for impeachment purposes are admissible as exhibits.

While plaintiffs believe their original objections are sufficient and speak for themselves, plaintiffs add the following remarks:

Regarding **DX 37**, **38**, **379**, **609,** and **610**, there are two requirements for the use of learned treatises under Fed. R. Evid. 803(18) that defendants attempt to gloss over: that the treatise be acknowledged by the expert as reliable, and that the treatise itself is not admissible as an exhibit. Dr. Clapp was not even asked to opine on the reliability of these exhibits. *See* Nov. 10 Tr. at 4919-20 (DX 37, 38, 379); *id.* at 4935-37 (DX 609 & 610). Even if he had, the fact remains that under Rule 803(18), "the statements may be read into evidence but may not be

received as an exhibit." *Id*.

Defendants' response on **DX 563** reveals that defendants offer this exhibit for precisely the purpose they foreswear: to prove the truth of the matter asserted therein, namely "that the Ahearne Committee addressed many of [Dr. Biggs'] concerns." Def. Br. at 6. The fact that a document is used for impeachment should not be a backdoor for the admission of otherwise inadmissible hearsay.

Regarding **DX 1222**, **1223**, **1225**, and **1226**, defendants claim that these maps of residential development were used only to show that fewer gophers can live where there is development. If this were true, defendants would not need a time-series of maps starting in the 1960's to show the limits on gopher habitat. Defendants cannot explain away the true purpose of the maps, to reinforce the (impermissible) argument that the class members came to the nuisance.

                                                          Respectfully submitted,

Dated: November 17, 2005                    /s Jennifer MacNaughton
                                                         Merrill G. Davidoff
                                                         Peter Nordberg
                                                         Ellen T. Noteware
                                                         Jennifer MacNaughton
                                                         BERGER & MONTAGUE, P.C.
                                                         1622 Locust Street
                                                         Philadelphia, PA 19103
                                                         (215) 875-3000
                                                         Fax (215) 875-4604
                                                         jmacnaughton@bm.net

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Attorneys for Plaintiffs