# Exhibit A

## TENDERED BY DEFENDANTS
## PROPOSED INSTRUCTION REGARDING DEPOSITION DESIGNATIONS

### CONSIDERATION OF DEPOSITION TESTIMONY INSTEAD OF CROSS-EXAMINATION

In light of his illness, Dr. James Flynn is unavailable to testify any further in this trial. The live testimony offered by Dr. Flynn on his direct examination therefore must be stricken, because the Defendants did not have the opportunity to cross-examine Dr. Flynn on that testimony. You are not to consider Dr. Flynn's live testimony for any purpose.

Dr. Flynn's report is still in evidence. Also, the parties have each designated testimony from Dr. Flynn's earlier deposition. This will be read into evidence. I instruct you, however, that the Defendants did not have the same opportunity to cross-examine Dr. Flynn at his deposition that they would have had at trial, because one of the purposes of a deposition is to help a party prepare for the witness's cross-examination. In judging the evidence you have received from Dr. Flynn and determining how much weight to give to it, you should consider that Defendants did not have a full opportunity to cross-examine Dr. Flynn.

**Authority:** CJI-Civ. 1:10 (CLE ed. 2004) (Stricken Evidence); *See* Trial Tr. at 4652 ("MR. BERNICK: We would want an instruction, we ask for an instruction that in that deposition there was not the same opportunity for cross-examination. THE COURT: I will give such an instruction if you draft it."); *Derewecki v. Pennsylvania R.R. Co.*, 353 F.2d 436, 443 (3d Cir. 1965) ("The appellant also contends that the court below erred in failing to give cautionary instructions on admitting the depositions into evidence. Obviously if a request for such cautionary instructions had been made by the Railroad, it would have been error on the part of the court to have failed to give them.").