IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOVEMBER 16 MOTION
FOR ADMISSION OF EXHIBITS**

    **DX 454, 542, 654, 655,** and **685** are all scientific papers (or, in the case of DX 685, a public relations document issued by a scientific organization), and thus are inadmissible as hearsay and as unsponsored expert opinion under Fed. R. Evid. 702. While Rule 803(18) allows learned treatises to be used to impeach an expert witness, the Rule also states that "the statements may be read into evidence but may not be received as an exhibit." The policy behind this rule is "to prevent jurors from overvaluing the written word and from roaming at large through the treatise thereby forming conclusions not subjected to expert explanation and assistance." Michael H. Graham, Fed. Prac. & Proc. § 7059, p. 549 (2000). That policy is particularly applicable here where the subjects of dose reconstruction and source term modeling are far outside the normal experience of the jurors, and where defendants have financed a plethora of research on Rocky Flats. Cross-examination of an expert cannot be used as a back door to give

the jury otherwise inadmissible documents.

**DX 1349**, a graphic entitled "Plutonium Flow," is highly misleading, is contradicted by Dr. Cochran's testimony, and is otherwise unsupported by any evidence. The graphic purports to show the sources and destination of plutonium inventory, as part of the discussion of Material Unaccounted For ("MUF"). However, the graphic omits several other destinations where missing plutonium may accumulate. As defendants' own graphic DX 1350 shows (a graphic defendants have not offered into evidence), plutonium can accumulate as residue and as hold-up in ducts or other equipment. DX 1349 creates the false impression that the only destinations for plutonium are shipments, ending inventory, or waste. Most importantly, DX 1349 expressly suggests that all MUF can be accounted for as a combination of shipments, waste and ending inventory. This assertion is incorrect. Again, as Dr. Cochan testified, some MUF is likely in building pipes and process lines, some is likely buried still on-site, and some was released off-site. If defendants offer testimony supporting DX 1349, its admissibility can be considered at that time. It is not admissible through Dr. Cochran, who did not endorse it and whose testimony shows the exhibit to be misleading, incomplete, and incorrect.

**DX 1397**, a graphic entitled "Plaintiffs' Question," is similarly misleading. The graphic implies that plaintiffs' sole purpose in presenting MUF evidence is to show that the missing plutonium was released to the class area. This assertion is incorrect: plaintiffs have shown that MUF is relevant not only because some MUF escaped into the class area, but also to show that plutonium is still present at the site; the high degree of uncertainty in any estimates of releases from Rocky Flats; and the extent of defendants' gross negligence and mismanagement of such a highly dangerous material as plutonium.

**DX 1416** is a picture of a grid that contains no actual information, other than the headings Dow, Rockwell, Onsite, Offsite, and a timeline.  It is irrelevant and confusing, and thus inadmissible under Rule 403.  If defendants' intention was to offer the grid with defense counsel's writing, that exhibit was not provided to plaintiffs, and thus plaintiffs cannot comment on its admissibility at this time.

Plaintiffs do not object to the following exhibits:  **DX 648, DX 1386-1389**.

Respectfully submitted,

Dated: November 18, 2005

 /s  Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
Fax (215) 875-4604
jmacnaughton@bm.net

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*