**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and**
**THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO "DEFENDANTS'**
**MOTION IN LIMINE TO LIMIT THE TESTIMONY OF WAYNE HUNSPERGER"**
_____

Plaintiffs respectfully submit this memorandum in opposition to "Defendants' Motion in Limine to Limit the Testimony of Wayne Hunsperger" (filed Nov. 15, 2005) [Ct. Rec. 1667].

### I.  THE MOTION IS BARRED BY THE MOTIONS PRACTICE ORDER

Defendants' motion does not satisfy the conditions set forth in the Order Limiting Motions Practice During Trial (Nov. 10, 2005) (the "Motions Practice Order") [Ct. Rec. 1626]:

> Any motion that raises matters previously ruled on – or matters that could have been raised by the June 2005 deadlines for filing *Daubert* motions and motions in limine – must identify and cite that original ruling, and state a specific, substantive justification for raising the matter at this point.  Unless I am persuaded that an intervening change in the controlling law, new facts or manifest error exists as would warrant reconsideration of previous rulings, the motion will be denied.

*Id.* at 4.

Defendants' arguments plainly *could* have been raised by the Court's June 2005 deadline for *Daubert* motions and motions in limine. Indeed, defendants *did* argue in those motions that Mr. Hunsperger was unqualified to interpret Dr. Radke's regression analysis or the Flynn & Slovic survey *were* raised. *See* Defendants' Amended Brief in Support of Their Motion to Exclude Expert Witness Testimony Relating to Damages, at 41-42 (arguing that Mr. Hunsperger is "not qualified" to interpret the results of Dr. Radke's multiple regression analysis) (filed June 21, 2005) [Ct. Rec. 1379]; *id*. at 43 (arguing that Mr. Hunsperger is "not qualified" to interpret the results of the survey conducted by Drs. Flynn & Slovic).

Defendants offer only the following footnoted explanation for filing the instant motion at this time:

> Defendants acknowledge that on August 22, 2005, this Court denied Defendants' *Daubert* motion to strike the testimony of Mr. Hunsperger. (*See* 8/22/2005 Tr.) However, defendants have not previously argued, nor have they had the opportunity to argue, that Mr. Hunsperger's testimony with respect to the public opinion surveys and multiple regression should be excluded under Rule 403 because it is a waste of time. The fact that Mr. Hunsperger is not qualified to discuss these areas is another important factor to be considered in conducting the Rule 403 balancing test.

*See* Motion at 3 n.1.

Defendants' contention that they have not had "the opportunity to argue" that Mr. Hunsperger's testimony is cumulative under Rule 403 is patently incorrect. Plaintiffs served reports from Mr. Hunsperger and from Drs. Flynn, Slovic, and Radke in 1996. All four experts were designated long before the filing of defendants' June 2005 *Daubert* motions and motions in limine. Not only did defendants have the "opportunity" to invoke Rule 403 in those motions; they did so

on approximately 100 occasions.[1]

Nor can defendants justify their renewal of this previously rejected argument by the simple expedient of relabeling it.  It is Fed. R. Evid. 702, not Rule 403, that governs the question of an expert's qualifications.  Defendants cite no authority to the contrary.

## II.  THE MOTION IS WITHOUT SUBSTANTIVE MERIT

Defendants argue, just as they previously argued in their *Daubert* motions, that because Mr. Hunsperger is not himself an expert in performing multiple regressions or public opinion surveys, he is somehow unqualified, in his capacity as an appraiser, to interpret their results.  This argument is as specious now as when defendants first raised it.  Plaintiffs incorporate by reference Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Motions to Exclude Expert Testimony (filed July 11, 2005) [Ct. Rec. 1399].  As plaintiffs explained in that submission, Mr. Hunsperger, as an appraiser, is amply qualified to interpret and apply the results of statistical analyses and surveys.  *See id.* at 11-12.

Defendants also say Mr. Hunsperger's testimony would be duplicative of Dr. Slovic's and Dr. Flynn's.  This argument is spurious for two reasons.  First, Dr. Slovic did not present the survey results during his direct testimony, and Dr. Flynn's testimony has been stricken.  *See* Courtroom Minutes (11/9/05), at 2 [Ct. Rec. 1621].

---

[1] *See, e.g.*, Defendants' Amended Motion to Exclude Expert Witness Testimony Relating to Risk, at 2, 25 (filed June 21, 2005) (Dr. Goble's testimony should be excluded on grounds including Rule 403) [Ct. Rec. 1380];  Defendants' Motion in Limine No. 1 (filed June 16, 2005) (eleven citations of Rule 403) [Ct. Rec. 1354]; No. 2 (eight citations) [Ct. Rec. 1355]; No. 3 (sixteen) [Ct. Rec. 1356]; No. 4 (ten) [Ct. Rec. 1357]; No. 5 (five) [Ct. Rec. 1358]; No. 6 (six) [Ct. Rec. 1359]; No. 7 (two) [Ct. Rec. 1360]; No. 8 (two) [Ct. Rec. 1361]; No. 9 (two) [Ct. Rec. 1362]; No. 10 (two) [Ct. Rec. 1363]; No. 11 (two) [Ct. Rec. 1364]; No. 12 (two) [Ct. Rec. 1365]; No. 13 (two) [Ct. Rec. 1366]; No. 14 (nine) [Ct. Rec. 1367]; No. 15 (eleven) [Ct. Rec. 1368]; No. 16 (eight) [Ct. Rec. 1369].

Second, and more fundamentally, Mr. Hunsperger is the *appraisal* expert whom plaintiffs offer to *interpret and apply* the results of the survey and the regression (as well as other information) for purposes of estimating diminution in value. Defendants themselves have repeatedly argued that Drs. Flynn, Slovic, and Radke lack the necessary expertise to offer an opinion on any diminution in the value of real property (as defendants would surely continue to argue in support of any motion under Fed. R. Civ. P. 50 and/or on appeal). If defendants' own arguments point are correct, then by definition, Mr. Hunsperger's use of the survey and regression results for the purpose of estimating diminution in value *cannot* be cumulative.

Plaintiffs do not intend to elicit from Mr. Hunsperger an extensive or duplicative rehashing of extant evidence on the regression or the survey. However, Mr. Hunsperger should not be barred from summarizing those results in the course of explaining how they bear on his own analysis.

### III. CONCLUSION

For the reasons given above, plaintiffs respectfully request that defendants' motion in limine to limit the testimony of Mr. Hunsperger be denied.

Dated: November 20, 2005      s/ Peter Nordberg
                              Merrill G. Davidoff
                              Peter Nordberg
                              Berger & Montague, P.C.
                              1622 Locust Street
                              Philadelphia, PA 19103
                              (215) 875-3000

                              Attorneys for Plaintiffs
                              And the Class