**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* REGARDING
CROSS-EXAMINATION OF BOWMAN AND LUND**

---

Defendants respectfully submit this response to Plaintiffs' motion in limine seeking to exclude evidence of later sale prices of the Alkire Investment Company land during the cross-examination of Joseph Bowman and L.B. Lund.

## FACTUAL BACKGROUND

Mr. Bowman and Mr. Lund were both partners in the Alkire Investment Company, a partnership formed in 1967 to purchase an approximately 300-acre tract of largely vacant land in the class area for approximately $800 per acre. (Pls.' Mot. at 2; Ex. A, Bowman Dep. at 16; Ex. B, Lund Dep. at 13, 18–19.) The Alkire Investment Company sold off three smaller pieces (one with a farmhouse and two vacant land parcels) totaling approximately 75 acres between 1979 and 1985 (Ex. B, Lund Dep. at 114, 117–18, 125). The sales were for $6,000 per acre in 1982 and $6,300 per acre in 1985, about seven to eight times more than the Alkire Investment Company's original price (*id.* at 119, 125–26). The Alkire Investment Company then sold the remaining 225 acres to another of the Alkire partners, F. O'Neil Griffin in 1996 (*id.* at 155–57).

Mr. Griffin paid his partners $8,200 per acre in the 1996 transaction, or ten times what the property's value was in 1967.  (*Id.* at 155.)  Mr. Griffin has since invested about $1.8 million in efforts at platting, arranging for water and sewer utilities, and otherwise preparing the Alkire property for residential development (Ex. C, Griffin Dep. at 68) and has contracted to sell 205 acres of the property to Remington Homes, a local developer, for $17 million ($83,000 per acre) (Ex. D, Agreement for Purchase and Sale of Vacant Land).

## PROCEDURAL BACKGROUND

Plaintiffs' present motion seeks to exclude evidence of the later appreciation in the Alkire property value.  Plaintiffs rely on the following ruling from this Court:

> The plaintiffs' motion *in limine* and Daubert Motion to Exclude Evidence of property values in the class area after 1992 is granted with respect to evidence regarding absolute property values in the class area, and denied with respect to evidence regarding property values in a class area relative to property values in other area.
>
> Because some evidence of relative property values may include information regarding absolute property values and their rate of appreciation in the class area, plaintiffs may propose a limiting instruction addressing their concern that the jury will be misled by such evidence.

(9/13/05 Hr'g Tr. at 5.)

The motion *in limine* which prompted this ruling, in its original form, barely mentioned any distinction between absolute and relative property values.  Rather, Plaintiffs' primary argument was that evidence of property values in the class area after 1992, "whether in absolute terms ***or relative to property values in other areas***," is wholly irrelevant in light of Plaintiffs' allegation that the injurious situation created by Defendants' alleged misconduct became complete and comparatively enduring no later than 1992.  (Pls.' Omnibus Mot. *in Limine*, filed 6/3/05, at 1 (emphasis added).)

Defendants responded that post-1992 (or 1995) evidence of property values is relevant to at least two issues:  (1) whether the alleged injurious situation created by Defendants has indeed become complete and comparatively enduring (*see* Defs.' Resp. to Pls.' Omnibus Mot. *in Limine*, filed 7/8/05, at 4–5), and (2) whether there has been any resulting diminution in value to the class (*see id.* at 6–8).  Defendants also noted that Plaintiffs' own damages experts had each considered evidence of property values extending to 1995.  (Defs.' Resp. at 8–9.)  In their reply, Plaintiffs conceded that evidence of relative property values after 1992 "can also be relevant to show whether and when defendants' invasions were substantial (and therefore to show *whether* and when the injurious situation became comparatively enduring)."  (Pls.' Reply in Supp. of Their Omnibus Mot. *in Limine* at 1.)  Plaintiffs' ***new concern*** was that "evidence that the absolute value of class properties has appreciated in nominal terms . . . would not only fail to address the correct damage measure in this litigation, but would also invite the jury to apply an incorrect 'before and after' measure."  (*Id.*)

Defendants understand this Court's ruling on Plaintiffs' motion in limine, therefore, not to be a ruling regarding the relevance of evidence of property values, but instead a ruling on the proper context in which evidence of property values should be presented.  In other words, "information regarding absolute property values" in the class area is admissible, so long as it is presented in connection with a meaningful point for comparison, such as absolute property values for property not in the class area.  Understood in that sense, there is no reason why this Court's ruling should be limited to post-1992 evidence.  Indeed, this Court has stressed the importance of using relative values to show diminution in value as well as subsequent appreciation:

> Evidence that class properties have a lower value ***than comparable properties not in proximity to Rocky Flats***, coupled with evidence of Defendants' alleged

contamination of these properties and mismanagement of Rocky Flats, is sufficient to allow the jury to infer that diminution in the value of class properties is the result of Defendants' activities . . . ."

*Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1210 (D. Colo. 2003) (emphasis added).

## ARGUMENT

### I. PLAINTIFFS HAVE "OPENED THE DOOR" TO THE PROFFERED EVIDENCE.

Despite their stated concern about the purportedly misleading nature of "absolute" property values, nearly the whole of Plaintiffs' damages case has been presented by evidence of absolute values. At least six of Plaintiffs' witnesses have presented their allegations of diminution in value using absolute terms:

**Bartletts:** Plaintiffs pointed out to the jury what the Bartletts paid for the property, invested in it, and sold it for in 1999. Richard Bartlett testified over objection that his property had diminished in value in absolute terms by $50,000 when he sold the property in 1999. (10/14/05 Trial Tr. at 1019.)

**Ozaki:** Charles Ozaki testified that his home appreciated by $45,000 from 1984 to 1997. (10/20/05 Trial Tr. at 1874–75.) Mr. Ozaki did not compare this rate of appreciation to another measure of property value. (*Id.* at 1875–76.) Mr. Ozaki also testified that some portions of the Interlocken Office Park were not yet fully developed today, but did not offer any comparison with the rate of development in other office parks further from Rocky Flats. (*Id.* at 1877–80.)

**Schierkolk:** William Schierkolk's only testimony on the value of his property was that "I know that what happened at the plant is reflected in the value of my property. That's questionable about whether or not I can sell it if I want to." (*Id.* at 1923.) He presented no evidence of the value of his property relative to other properties to support this opinion.

**Babb:**  Gertrude Babb testified that she sold her class property for $137,000 in 1989 or 1990 after having bought the property four to five years earlier for $128,000 and investing $70,000 in improvements.  (*Id.* at 1959–61.)  She did not compare her experience to any other property.

**Cook:**  Merilyn Cook testified that the value of her properties on Newman Street and at 96th and Indiana was impacted by Rocky Flats.  (10/21/05 Trial Tr. at 2044, 2047.)  Plaintiffs offered no evidence of relative property values to support that opinion, other than Ms. Cook's lay opinion which this Court excluded.  (*Id.* at 2047.)

**Robb:**  Gretchen Robb testified that she lost $4,000 on the sale of her house in 1990, without presenting this evidence relative to the value of other properties.  (11/10/05 Trial Tr. at 5021, 5025.)

None of this testimony constitutes "[e]vidence that class properties have a lower value than comparable properties not in proximity to Rocky Flats."  273 F. Supp. 2d at 1210.  Furthermore, much of this testimony comes after 1992.  Mr. Ozaki's sale took place in 1997, the Bartletts' in 1999, while Mr. Schierkolk believes that there is an impact lasting up to today.  By offering this testimony, Plaintiffs have opened the door to Defendants to rebut this evidence with evidence that property values in the class area did not, in fact, perform poorly on a class-wide basis.  This is especially true given that the Alkire property is in such close proximity to the properties of the named plaintiffs (*see* Exhibit F, Map of Alkire Investment Company Property), each of whom testified, in absolute terms, that they suffered a loss due to Rocky Flats.  Defendants should be permitted to rebut this evidence (presented through no fewer than six witnesses) by showing that one of the named Plaintiffs' nearest neighbors (also a class member) has enjoyed a significant increase in property values.

## II.    DEFENDANTS ARE ALSO ENTITLED TO PRESENT EVIDENCE OF LATER APPRECIATION IN PROPERTY VALUES IN RELATIVE TERMS.

Plaintiffs' request for an order "barring defendants from asking Joseph Bowman or L.B. Lund about the recent sale of the Alkire Investment Company land" (Pls.' Mot. at 1) contradicts this Court's prior orders.  As this Court held in denying Plaintiffs' motion *in limine* in part, evidence of recent property values is relevant to this case.  (9/13/05 Hr'g Tr. at 5.)  In addition to presenting absolute values (as Plaintiffs have done throughout the trial), Defendants are entitled to present evidence regarding the recent value of the Alkire Investment Company property relative to values of other properties.

For example, recent sales of the Alkire Investment Company property indicate that the property has appreciated in value from $8,200 per acre in 1996 to $83,000 per acre in 2003, an increase of more than 1000%.  Even taking into consideration the fact that the property has undergone some preparation for development during that time, this rate of appreciation is extremely high on a relative basis.  Average property values for similarly-situated properties in the Denver area over the same time period have appreciated by 415%,[1] leaving **more than 500%** of the appreciation of the Alkire land unexplained by general market forces.

This evidence of relative appreciation is plainly admissible, especially when considered in the light of Defendants' evidence that the Rocky Flats site has been cleaned up and that numerous studies have shown no health risk to off-site residents from the plant.  If Plaintiffs may use "[e]vidence that class properties have a lower value than comparable properties not in

---

[1]  Daniel Conway at THK Associates found that the estimated land cost per residential lot for the Denver metropolitan area was $10,670 in 1996.  He further found that the average value of a finished residential lot (one that is fully prepared for home construction) in 2005 is $55,000, 415% higher than the 1996 value for an unfinished lot.

proximity to Rocky Flats, coupled with evidence of Defendants' alleged contamination of these properties and mismanagement of Rocky Flats" to show that "diminution in the value of class properties is the result of Defendants' activities," then Defendants are also entitled to using evidence that class properties have a ***higher*** value than comparable properties not in proximity to Rocky Flats, coupled with evidence of the cleanup of the plant, that the appreciation in the value of class properties is the result of Defendants' activities ***no longer*** having an impact.

In short, Defendants should be allowed to present absolute values for the Alkire Investment Company land, as Plaintiffs have done with other witnesses.  Defendants also should be allowed to present values for the land in relative terms.

Dated:  November 20, 2005                                Respectfully submitted,


                                                        /s/ Stephanie A. Brennan_____
                                                        One of the Attorneys for the Defendants
                                                        David M. Bernick
                                                        Douglas J. Kurtenbach
                                                        Ellen Therese Ahern
                                                        Mark J. Nomellini
                                                        Stephanie A. Brennan
                                                        KIRKLAND & ELLIS LLP
                                                        200 East Randolph Drive
                                                        Chicago, Illinois 60601-6636
                                                        Phone:  312-861-2000
                                                        Fax:      312-861-2200

                                                        Joseph J. Bronesky
                                                        SHERMAN & HOWARD L.L.C.
                                                        633 Seventeenth Street, Suite 3000
                                                        Denver, Colorado 80202
                                                        Phone:  303-297-2900
                                                        Fax:      303-298-0940

                                                        Attorneys for ROCKWELL
                                                        INTERNATIONAL CORPORATION and
                                                        THE DOW CHEMICAL COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on November 20, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                    /s/ Courtney Biggins_____
                    Courtney Biggins (legal assistant)