**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**SUPPLEMENTAL OBJECTIONS TO PLAINTIFFS' REQUEST TO ADMIT EXHIBITS RELATING TO THE EXAMINATION OF RICHARD KAUFMAN**
_____

On November 14, 2005, Plaintiffs' counsel offered the following exhibits into evidence after the examination of Richard Kaufman: P1386, P1387, P1388, P646, P647, P635, P1410, P636, P1420, P1390, P1213, P1419, P1392, P1209 and portions of P1417 and P1418. (*See* Ex. A, 11/14/05 Trial Tr. at 5216–17.) Defendants incorporate by reference their previously filed objections to these proffered exhibits (attached hereto as Exhibit B) and further object as follows.

As an initial matter, plaintiffs' counsel incorrectly stated to the Court that "all documents on the list were shown to the jury." (Ex. A, Trial Tr. 11/14/05 at 5223.) As the record reflects, P1419 (or any portion thereof) was never shown to the jury during the examination of Mr.

Kaufman. (*See id.* at 5139.)¹ Accordingly, the exhibit should not be admitted on the grounds offered by plaintiffs. With regard to P1417, plaintiffs' counsel only published a few short lines on pages 50 and 51 to the jury. (*See id.* at 5205–06.) In addition to defendants' other objections, defendants object to the admission of the portions not used with the jury.

More fundamentally, the Court should deny plaintiffs' request to admit P1417, P1419, and P1420 because these exhibits are nothing more than transcripts of hearings that are replete with plaintiffs' counsel's arguments before the Court. *See*, *e.g.*, Ex. C, P1417 at 17 (Mr. Davidoff: "[Defendants] have misled the Court as to the scope and nature of their efforts with respect to document discovery of DOE documents. I think enough is enough, and the delay is intolerable."); Ex. D, P1419 at 15–16 (Mr. DeBoskey: "These are the actions of an agency which is continuing in a pattern of coverup that has started really before this case started in the Fifties and Sixties and continues to the present time."); Ex. E, P1420 at 18 (Mr. Davidoff: "They as much as told us in this meeting that anything that's older than 10 or 15 years old probably could be wholesale declassified because they don't really impinge on any national security

---

¹ Plaintiffs' counsel used only page 28 of P1420 with the witness in an attempt to establish that DOE was to provide a plan for declassifying documents. (Ex. A, Trial Tr. at 5122–25.) The Court informed plaintiffs' counsel that he may not mention the issue of plaintiffs' request that DOE assume the defense of the present litigation the case nor the Court's request for briefing on the topic of impoundment of documents. (*Id*. at 5123 ("I wasn't sure whether I could mention the briefing on the impoundment of documents. I didn't want to mention that. You mentioned not to mention the issue of DOE taking over the case, but I want to make clear I can mention the other issue. . . The Court: I don't see what it does. I think it's probably best not to.").)

interest."). These statements are inflammatory and highly prejudicial and also constitute hearsay. They are, therefore, inadmissible.[2]

P1392, a letter from plaintiffs' counsel, also should not be admitted because it is inadmissible hearsay full of inflammatory accusations and highly prejudicial one-sided argument by counsel.

Finally, with respect to plaintiffs' motion to admit P1209, the Court has already ruled that this exhibit may only be admitted *without* the attached letter. (Ex. A, 11/14/05 Trial Tr. at 5141–5142 ("I have no problem introducing the exhibit with the letter deleted. The Court: Okay. It's admitted, then, without the letter.").)

Dated: November 20, 2005                                Respectfully submitted,


                                                        /s/ John E. Tangren_____
                                                        One of the Attorneys for the Defendants
                                                        David M. Bernick
                                                        Douglas J. Kurtenbach
                                                        Ellen Therese Ahern
                                                        Mark J. Nomellini
                                                        John E. Tangren
                                                        KIRKLAND & ELLIS LLP
                                                        200 East Randolph Drive
                                                        Chicago, Illinois 60601-6636
                                                        Phone: 312-861-2000
                                                        Fax:    312-861-2200

---

[2] Plaintiffs informed the Court that they intended to submit "portions of P1418." (Ex. A, Trial Tr. at 5217.) As of the date of this filing, however, plaintiffs have not identified those portions. Accordingly, defendants restate their objection to the full document. (*Id*. at 5209–5212) Similarly, plaintiffs' counsel stated that "[w]e understand defendants' objections to portions of P1420. We may submit an amended version of that." *Id*. at 5216. As of the date of this filing, plaintiffs have not identified those portions.

Case No. 1:90-cv-00181-JLK   Document 1693   filed 11/20/05   USDC Colorado   pg 3 of 5

                Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 20, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                /s/ Courtney Biggins_____
                                                Courtney Biggins