**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

Defendants.

---

**DEFENDANTS' MOTION TO STRIKE THE EXPERT REPORTS OF DRS. BUDNITZ, GOBLE, SLOVIC, AND FLYNN**

---

Defendants hereby move to strike all expert reports admitted into evidence, including P-1150 (Budnitz 903 pad report), P-1151 (Budnitz fires report), P-1124 (Goble report), P-1123 (Flynn and Slovic FBI raid media study), P-1354 (Slovic report on factors influencing risk assessment), and P-1355 (Flynn and Slovic survey report).

Plaintiffs have sought to offer into evidence all of the expert reports prepared by their testifying experts. Early in the trial, these requests were granted. Over Defendants' objections, the Court permitted the introduction into evidence the expert reports of Drs. Budnitz (2 reports), Goble, Slovic, and Flynn and Slovic (2 reports). (10/27/2005 Trial Tr. at 3077-78, 11/2/2005 Trial Tr. at 3659, 11/7/2005 Trial Tr. at 4223.) Since that time, however, the Court has ruled that expert reports are not generally admissible into evidence. (*See* 11/7/2005 Trial Tr. at 4347 ("my view [is] that expert reports are not admissible, *per se*;") 11/3/2005 Trial Tr. at 3908 (expert report not admissible "simply because it's an expert report").)

This Court's recent rulings excluding expert reports comport with well-established law. *See Ake v. General Motors Corp.*, 942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer v. K-Mart Corp.*, 1989 WL 883318, at *5 (E.D.La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 WL 826956, at *7 (S.D.N.Y. May 1, 2002) (same); *United States v. Kiewit Const. Co.*, 2005 WL 1277953 at *10 (D. Alaska Jan. 3, 2005) ("It is inappropriate to allow the witness to bolster his substantive testimony with what is functionally the equivalent of additional written direct testimony.")

Under this Court's rulings, "the only time that I see an expert report coming up is when there's something in the report itself that is shown to be wrong or contradicted and it's ***necessary*** to establish." (11/16/2005 Trial Tr. at 5653 (emphasis added).) An expert report can thus be offered into evidence if the report is the ***only*** means by which the proponent of the expert testimony can respond to charges of inaccuracy, inconsistency, or bias. *See Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 729 (6th Cir. 1994) ("Plaintiff's lengthy impeachment of [expert] by use of his report entitled to defendant to introduce other statements in the report to rebut the charge of inconsistency and bias").

Here, Drs. Budnitz, Flynn, Slovic, and Goble – whose reports were admitted before the Court ruled that expert reports generally are not admissible – all had ample opportunity to present their views to the jury during their direct examinations.[1] Nor are their expert reports needed to respond to challenges of inaccuracy or bias because Defendants did not use their

[1] Although this Court struck Dr. Flynn's direct testimony, Dr. Flynn's views will be admitted through deposition designations.

expert reports to make such challenges during their cross-examination of these witnesses. For example, with respect to Dr. Goble, Defendants did not ask a single question of Dr. Goble about Dr. Goble's report during their cross-examination of him. (*See* 11/2/2005 Trial Tr. at 3691-3704.) In addition, these reports were admitted by Plaintiffs as part of their direct examinations of these witnesses and before cross-examination. Consequently, their expert reports are not "necessary" to respond to charges of inaccuracy or bias, and there is no need to permit them to "bolster" their testimony by admitting their expert reports – which are pure hearsay – into evidence.

Furthermore, Defendants will be prejudiced if these expert reports are admitted. Early in the case, this Court permitted the introduction of expert reports, but since its rulings on November 3rd and November 7th, the Court has no longer admitted any expert reports. If this trend continues, none of the Defendants' expert reports will be admitted into evidence when Defendants present their case. ***The end result would be that six of Plaintiffs' expert reports would be admitted, but none of Defendants' expert reports would be.*** Such a result would be unfair to Defendants and can be easily remedied by striking all of the expert reports admitted by Plaintiffs in this case.

Therefore, for all the foregoing reasons, Defendants respectfully request that this Court strike the expert reports of Drs. Budnitz, Goble, Slovic, and Flynn: P-1150, P-1151, P-1124, P-1123, P-1354, and P-1355.

Dated: November 17, 2005

Respectfully submitted,

/s/ John E. Tangren_______________
One of the Attorneys for the Defendants

David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone: 312-861-2000
Fax: 312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone: 303-297-2900
Fax: 303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Courtney Biggins__________
Courtney Biggins (legal assistant)