# Exhibit A

4958

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-CV-00181(JLK)

MERILYN COOK, et al.,

    Plaintiffs,

vs.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

**REPORTER'S TRANSCRIPT**
Trial to Jury
VOLUME 36

---

    Proceedings before the HONORABLE JOHN L. KANE, JR.,
Judge, United States District Court for the District of
Colorado, commencing at 1:15 p.m., on the 10th day of November,
2005, in Courtroom A802, United States Courthouse, Denver,
Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription
Produced via Computer by Janet M. Coppock, 901 19th Street,
Room A-257, Denver, Colorado, 80294, (303) 893-2835

1    the repository of confidential or national security

2    information.   What outrageous hubris.   Who does he think he is?

3            Who does the plaintiffs' counsel think that they are

4    to make -- pass judgments on what is in the national security

5    interests of the United States?   He thinks he is so good about

6    them, he knows so much?   They got classified information in

7    their heads.   Let them go out and tell the jury.   Let them feel

8    the burden of the law instead of arguing to the jury that

9    somehow our clients field the burden of the law.   It is not up

10   to Mr. Davidoff, it's not up to this jury, not up to anybody

11   here to pass on the national security laws, and that is nakedly

12   what is taking place.

13           THE COURT:   Thank you.   I am ready it rule now.   I

14   don't need 104 or further examination.   The offer of proof has

15   failed to show that the plaintiffs were denied any information

16   needed in this case.   I am not concerned with philosophical

17   issues, political issues or foot dragging by the Department of

18   Energy which was handled as it should have been handled in

19   terms of the contempt power of the Court, but it has nothing to

20   do with the factual determinations to be made by the jury here.

21           How difficult that is is a matter for pretrial case

22   management.   The evidence of the amount of most MUF data is

23   declassified and it is admissible for two reasons, one, it

24   represents plutonium that could have spread to the plaintiff

25   class members' land; and two, it has an effect on class owners

1   during a period of time with regard to the enjoyment of their

2   property and not knowing the extent of such pollution as there

3   was.

4   　　　The evidence that some information that might be

5   admissible for plaintiffs was -- remains classified, is

6   admissible and that's it.  That's it.  I am not going to permit

7   any further testimony.  I am rejecting the offer of proof

8   that -- because there has been a failure to show plaintiffs

9   were denied any information dealing with this case.  You have

10  demonstrated quite clearly how difficult it was, and I am not

11  going to get into the wisdom of what's in the security

12  interests of the United States.  That's simply not a matter for

13  me to decide.

14  　　　MR. DAVIDOFF:  Counsel for the defendants have

15  reargued many rulings, and I have tried to avoid that, but

16  there is one aspect of this, Your Honor, that I believe has to

17  at least -- I respectfully ask you to hear me out.  If Your

18  Honor wants to call the jury in so we don't detain them any

19  further, I am happy to do that after the jury is dismissed

20  after Ms. Robb's testimony, but I do want to be heard out on

21  some of the specific types of documents that we submitted with

22  our motion.  I think it is extremely prejudicial, Your Honor,

23  for those to be ruled out of bounds in this case.

24  　　　And I think, you know --

25  　　　THE COURT:  I will hear you later.  Let's get the jury