# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### No. 90–K-181

MERILYN COOK, et al.,

      Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

      Defendants.

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE REGARDING CROSS-EXAMINATION OF BOWMAN AND LUND

Defendants' evidence of the price of a recent contract for the Alkire land is not admissible either on a plain reading of the Court's ruling on plaintiffs' motion in limine, nor under an interpretation that incorporates the pleadings that led to the ruling.

The plain language the court used to decide plaintiffs' motion in limine regarding post-1992 property values states that absolute property values in the class area are inadmissible, but relative property values are admissible. *See* Sept. 13, 2005 Hearing Tr. at 5. The evidence defendants seek to introduce with Messrs. Bowman and Lund is an *absolute* property value. The evidence is not presented as part of an analysis of *relative* property values. Therefore, under the plain reading of the Court's ruling, this evidence is inadmissible.

The Court has applied its ruling in a manner consistent with this common-sense interpretation. For example, the Court excluded defendants' evidence of a recent sale price of

Gretchen Robb's home, and struck an exhibit that purported to show the increase in value of Ms. Robb's home to the present day.  *See* Nov. 10 Tr. at 5040-41; DX 1333a (attached as Ex. A).

While defendants' brief attempts to re-cast the offer for the Alkire property as a relative property value, *see* Def. Br. at 6-7, that transformation rests on nothing more substantial than defense counsel's own arguments.  Messrs. Bowman and Lund are not experts, they did not perform Mr. Conway's analysis of rates of appreciation, and thus they cannot form the necessary testimonial link between the inadmissible absolute value evidence and the admissible relative value evidence.[1]

Further, Defendants' brief misconstrues both the Court's ruling and the bases for plaintiffs' motion.  Plaintiffs' motion argued that the later property values have no probative worth for two reasons.  First, the governing damages measure is the amount of depression in property values as of the CCE time.  *See* Pl. Omnibus Mot. in Lim. at 1 (Ex. B).  The potential CCE time for which plaintiffs contend, and which defendants may legitimately seek to rebut, falls within plaintiffs' proposed range of 1990-1992.  Defendants have offered no competing theory of when the harm was complete and comparatively enduring, and have instead held fast to the argument that there never was any harm.  *See id.* at 2 (Ex. B); Pl. Reply Br. at 2 (Ex. C).  Defendants cannot construct an alternate theory of a CCE date by merely touting the current sale price of an isolated class property.  Evidence of later property values is too remote to be probative of property diminution as of 1990-92, *id.* at 2-3, and "could well tempt the jury to apply a legally incorrect 'before and after' measure of damages," *id.* at 3.  Second, later property values are of very low probative worth (and carry a high

---

[1] In addition, Mr. Conway's opinions have been excluded, except possibly on rebuttal. *See* 9/13/05 Hearing Tr. at 7-8.

risk of prejudice) because all real property appreciates in value.  *See* Pl. Mot. in Lim. at 3 (Ex. B). Additionally, this evidence is prejudicial because it "would suggest to the jury that class members' damages have been erased in whole or in part by subsequently rising prices, or that plaintiffs can afford to deal with the harm they suffered because they are wealthy," *id*.

The current sale price for the Alkire land illustrates many of these problems.  The evidence contributes nothing to the jury's task of determining the amount by which property values were depressed; instead, it encourages the jury to look to later absolute property values as a guide for determining damages.  The evidence is not probative of a CCE time, nor of the value of the property as of the only CCE time for which plaintiffs contend.  The fact that the price of the Alkire land later increased does not disprove the fact that the harm was complete and comparatively enduring in the early 1990's: the CCE time is set where it appears that the *harm* (as opposed to the *damages*) will continue indefinitely, and "'[i]ndefinitely,' as used in [Section 930] does not mean that the situation may be expected to last forever, but merely that there is no reason to expect its termination at any definite time in the future."  Rest.2d Torts § 930, comment b.  Moreover, Mr. Griffin's recent good fortune is just as likely to be the result of the recent Denver area housing boom (which has certainly not been limited to the class area) rather than the supposed absence of any effect due to Rocky Flats.[2]

None of the evidence offered thus far has "opened the door" to the recent Alkire sales price. All previous testimony about absolute sales prices has involved other properties and other witnesses.

---

[2]   Additionally, this particular property value evidence is neither relevant nor probative because, as defendants implicitly acknowledge, they are attempting to compare 1996 apples (raw land) to 2003 oranges (land that has been platted, connected to utilities, and otherwise prepared for development).

3

Most of the testimony cited by defendants relates to property values at or around the CCE time for which plaintiffs contend, unlike Mr. Griffin's contract which is over a decade later.  Specifically, Mrs. Babb, Ms. Cook, and Mrs. Robb's property sales all took place before 1992.  Plaintiffs did not even call Mr. Ozaki to testify about his property; it was defendants who raised that line of questioning, so it is disingenuous for defendants to claim that plaintiffs opened any doors with his testimony.  Also, these witnesses' testimony was relevant to convey their personal narratives of their attempts to sell their property, a part of the story that is especially pertinent in the case of class representatives.  Asking Mr. Bowman or Mr. Lund about an offer that *Mr. Griffin* received for the land, well after Messrs. Bowman and Lund had sold their interests, would not yield any relevant evidence under the Court's existing rulings.

Defendants have previously violated the Court's ruling on the Motion in Limine, and by arguing that plaintiffs have "opened the door" to such evidence, defendants have admitted that they intend to violate that ruling again.  Therefore, plaintiffs respectfully request the Court issue an Order in advance to prevent questioning about later sale prices for the Alkire land.

Respectfully submitted,

Dated: November 21, 2005

 /s  Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
Fax (215) 875-4604
jmacnaughton@bm.net

4

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*