IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

## PLAINTIFFS' OMNIBUS MOTION IN LIMINE

Dated:  June 3, 2005

## I. INTRODUCTION

Plaintiffs respectfully move the Court to preclude defendants from presenting certain evidence at trial; specifically:

- A. Evidence of property values in the class area subsequent to the relevant time period (1989 to 1992);

- B. Opinion testimony by real estate agents who have not been qualified as expert witnesses;

- C. The testimony of defendants' witness Roy Thigpen;

- D. Evidence going to the defenses of statute of limitations or coming to the nuisance, *i.e.* that plaintiffs or the class knew or should have know about problems at Rocky Flats before they bought their property, or before the FBI raid;

- E. Evidence of defendants' alleged compliance with state or federal environmental standards; and

- F. Evidence offered to show that defendants' conduct was justified or excused by virtue of the demands of national security during the Cold War.

## II. ARGUMENT

**A.   Evidence of Property Values in the Class Area After 1992 Is Inadmissible.**

Evidence that property values in the class area have increased after 1992, whether in absolute terms or relative to property values in other areas, is irrelevant and carries a high risk of prejudice. The relevant damage measure in this case is the amount by which property values were depressed, in comparison to what those values would have been in the absence of tortious misconduct,

1

measured at the time when the harm from Rocky Flats became complete and comparatively enduring (the "CCE date"). *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1209-10 (D. Colo. 2003). Plaintiffs allege that the CCE date fell between the FBI raid of June 7, 1989, and the end of 1992, after Rockwell pled guilty to environmental crimes at Rocky Flats.[1] Defendants have offered no competing theory of a CCE date; in fact, throughout the 15 years of litigation they have consistently maintained that Rocky Flats has caused no injury to property, health risk to class members, or harm to property values at any time. Accordingly, evidence of property values in more recent periods is not relevant to any claim or defense in the litigation.

In particular, evidence of property values in recent years would not be relevant to show property values or damages as of a decade or more earlier. When courts are asked to determine the value of property, such as in condemnation cases, courts will use comparable property values only when those property values are reasonably close in time to the taking. *United States v. 819.98 Acres of Land*, 78 F.3d 1468, 1471 (10th Cir. 1996) ("[T]he best evidence of market value of real property in condemnation is, of course, found in sales of comparable land within a reasonable time before the taking.") (quoting *United States v. 179.26 Acres of Land*, 644 F.2d 367, 371 (10th Cir.1981)); *see also Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1166 (10th Cir. 2000) (market value of natural gas would be measured by comparable sales, and "comparable sales are

---

[1] In their reports, plaintiffs' experts have analyzed data on comparative values through 1995. Those data are either within the relevant time period or in close temporal proximity to it, and are relevant to show that the observed value effects were not a random statistical artifact applying to just one or two particular years.

those that are comparable in time, quality, quantity, and availability of marketing outlets.'") (quoting 3 Eugene Kuntz, Treatise on the Law of Oil and Gas § 40.4, at 335 (1989)).

Post-1992 property-value evidence would also be prejudicial, because it could well tempt the jury to apply a legally incorrect "before and after" measure of damages. Real property eventually appreciates in price after the passage of a sufficiently long time due to inflation and a fifty-year history of rising property prices nationwide. That does not negate the damages suffered by the class when measured by reference to the time period that the law prescribes. Evidence that property values have risen in absolute terms since the early 1990's would likely distract the jury from the governing "but for" damage measure, and would suggest to the jury that class members' damages have been erased in whole or in part by subsequently rising prices, or that plaintiffs can afford to deal with the harm they suffered because they are wealthy. These improper influences are the epitome of unfair prejudice. *See* Fed. R. Evid. 403, Advisory Committee Note (defining "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

**B.      Defendants' Real Estate Agent Witnesses May Not Offer Opinion Testimony on Section 930 Damages.**

Defendants' real estate agent witnesses should not be permitted to offer opinion testimony on whether and how the problems at Rocky Flats affected the market for class properties. Such an opinion would necessarily be based on the realtor's specialized knowledge. Federal Rule of Evidence 701(c) bars lay opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The intent of this subsection is "to eliminate the risk that

3