IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR OMNIBUS MOTION IN LIMINE

Dated: July 22, 2005

## I. INTRODUCTION

Plaintiffs believe that, for the most part, their initial briefing on their Motion in Limine adequately sets forth the facts and legal rules necessary to decide this Motion. Accordingly, plaintiffs decline to respond point-by-point to defendants' arguments. Some additional clarification on certain issues is set forth below.

## II. ARGUMENT

### A. Evidence of Subsequent Appreciation in Property Values Should Be Excluded.

Defendants' response to plaintiffs' motion concerning recent property values focuses largely on *relative* values – i.e., on evidence comparing property values under a but-for measure, with and without the injurious situation. Defendants largely ignore the issue of *absolute* value and offer no sound reason why they should be permitted to present evidence on *that* subject. To allow evidence that the absolute value of class properties has appreciated in nominal terms, a decade or more after the fundamental events in controversy, would not only fail to address the correct damage measure in this litigation, but would also invite the jury to apply an incorrect "before and after" measure.

As for relative values, plaintiffs agree that measures of *relative* value, even for periods other than the time-frame during which the injurious situation became comparatively complete and enduring ("CCE"), can also be relevant to show whether and when defendants' invasions were substantial (and therefore to show whether and when the injurious situation became comparatively enduring). This does not imply, however, that relative values from any and all time periods are relevant per se, or that they are automatically relevant on the issue of *damages*.

Defendants advert to the possibility, for example, at page 6 of their motion in limine response brief (*see also* Def. Daubert Response at 6), that the jury may find the CCE-reference point to be

1998. Hypothetical lawsuits can be imagined in which the plaintiffs might advance such a contention. This, however, is not one of them. In this litigation, it is not plaintiffs who have failed to take some position on when the CCE reference point falls (1989-92). It is defendants who refuse to define any position on the reference point, except that it would fall somewhere in the half-century between the opening of the plant and the present. Defendants are obviously free to rebut plaintiffs' evidence under the damage theories that plaintiffs and the class do indeed advance. They are not free, however, to offer evidence merely to rebut hypothetical theories that plaintiffs do not.

Defendants also suggest that post-CCE appreciation would be relevant to establish some right to a set-off, on the theory that it would show plaintiffs to have recovered some of their lost value. Section 930, however, fixes damages not by the date of judgment, but by reference to the time at which the harm became comparatively complete and enduring, and under a relative but-for measure, not a before-and-after one.

As for use of recent relative values to prove issues other than damages (e.g., an alleged diminution over time in the seriousness of defendants' actual or threatened invasions) defendants' argument on this point might have greater force, if defendants' evidence showed some temporal variation in relative values. However, it does not. Defendants' experts have analyzed data for every year from the 1970's through the new millennium and beyond, and have concluded that there was no difference in relative values at any time. It follows that their evidence does not tend to establish any temporal variation in relative values, or any variation in the magnitude or severity of past or threatened future invasions.