**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CIVIL ACTION NO. 90-K-181**


**MERILYN COOK,** *et al.*,

            **Plaintiffs,**

      **v.**

**ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,**

            **Defendants.**


**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE PLAINTIFFS' DESIGNATIONS
FROM THE DEPOSITION OF A. BRYAN SIEBERT**


In response to defendants' Motion to Exclude Plaintiffs' Designations from the

Deposition of A. Bryan Siebert (Doc. 1695) ["Motion"], plaintiffs respectfully state as

follows.

**I.      DEFENDANTS' MOTION IS BARRED BY THE COURT'S
        ORDER LIMITING MOTION PRACTICE**

By seeking to "exclude the entirety of plaintiffs' proposed designations from Mr.

Siebert's deposition," without any attempt whatsoever to demonstrate good cause for the

untimely filing of such motion, defendants are once again in violation of the Court's

November 11, 2005 Order Limiting Motion Practice During Trial (Doc. 1626).  *See*

Motion at 3.

**II.     DEFENDANTS' MOTION IS WITHOUT SUBSTANTIVE MERIT**

As the former Director of the Office of Declassification for the U.S. Department

of Energy ["DOE"] at the time of its classification review of documents requested by

plaintiffs in this litigation, A. Bryan Siebert was the highest ranking DOE official

responsible for management of DOE's restricted data and national security information

under the Atomic Energy Act and applicable Executive Orders.  Siebert Dep. at 7-8.  In

that capacity, Mr. Siebert is uniquely situated to provide the jury with a simple, factual

explanation of why so much information is classified under the Atomic Energy Act

["AEA"].

Contrary to defendants' characterization of plaintiffs' designations as a nefarious

attempt to "suggest that the DOE improperly classified MUF-related information in this

case" (Motion at 2), in his designated testimony Mr. Siebert simply reads from (and

agrees with) Exhibit 18,[1] which explains why so much information is classified:

> Restricted Data is defined in the AEA in a very
> conservative manner.  All data meeting the general
> definition is considered to be "Born Classified."  Unlike
> National Security Information, no decision is needed to
> render information falling within the AEA definition
> classified.  The very nature of this approach leads to an
> environment fostering overclassification.

*Id.* at 417-18; Exhibit 18 at 21.  The testimony says nothing about whether the DOE

abused its classification power, or whether DOE otherwise acted in good faith.

Accordingly, it does not run afoul of the Court's rulings and should be ruled admissible.

*See* 11/10/2005 Tr. at 5006:5-6 ("evidence that some information that might be

admissible for plaintiffs was – remains classified, is admissible . . . ."); 11/14/2005 Tr. at

5081-82 11/14/2005 Tr. at 5081-82 ("the thing that you're entitled to do in this case is to

show that there were discovery abuses by the Department of Energy").

---

[1]     Exhibit 18, which plaintiffs seek to admit into evidence through Mr. Siebert's testimony, is a public record admissible under Federal Rule of Evidence 803(8), particularly in that defendants had an opportunity to cross examine Mr. Siebert regarding the same.  Should the Court rule that the entire document is not admissible, however, plaintiffs would agree to redact or limit the document such that the introductory portion and page 21 only are submitted to the jury.

Respectfully submitted,

November 21, 2005                                  */s/ Jean M. Geoppinger*

_____

Louise M. Roselle
Jean M. Geoppinger
WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
(513) 621-0267

Merrill G. Davidoff
Peter Nordberg
Jenna MacNaughton-Wong
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKY, P.C.
1801 York Street
Denver, Colorado  80206
(303) 399-3000

***Attorneys for Plaintiffs
and the Class***

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on November 21, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

David M. Bernick
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois  60601

and

3

Joseph J. Bronesky
SHERMAN & HOWARD, LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202

**Attorneys for Defendants**

*/s/ Jean M. Geoppinger*

_____

Jean M. Geoppinger