**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO "DEFENDANTS' MOTION IN LIMINE TO LIMIT THE TESTIMONY OF WAYNE HUNSPERGER"**
_____

      In their response to Defendants' Motion *in Limine* to Limit the Testimony of Wayne Hunsperger, Plaintiffs raise two arguments: (1) that Defendant's motion violates this court's 11/10/2005 Order Limiting Motions Practice; and (2) that Defendants' motion is "without substantive merit." (*See* Pls.' Mem. in Opp'n to Defendants' Motion *in Limine* to Limit the testimony of Wayne Hunsperger ("Pls. Brief") at 1, 4.) However, Defendants were not able to previously argue that testimony by Mr. Hunsperger regarding multiple regression analysis and public opinion surveys would be repetitive and would needlessly prolong this trial because Defendants could not know until now how much Drs. Radke, Slovic, and Flynn would discuss those analyses at trial. In light of this testimony and Mr. Hunsperger's lack of qualifications on these topics, Mr. Hunsperger should not be permitted to testify about multiple regression analysis or public opinion surveys at trial.

## I. DEFENDANTS' MOTION IS CONSISTENT WITH THIS COURT'S NOVEMBER 10,2005 ORDER LIMITING MOTIONS PRACTICE

On November 10th, this Court ordered that "any motion that raises matters previously ruled on – or matters that could have been raised by the June 2005 deadlines for filing *Daubert* motions and motions in limine – must identify and cite that original ruling, and state a specific, substantive justification for raising the matter at this point." (11/10/2005 Order at 4.) However, Defendants are not seeking to reargue that Mr. Hunsperger's testimony should be stricken because it fails to comply with *Daubert* requirements, as they did during their 2005 *Daubert* motions. Rather, Defendants' contention is that Mr. Hunsperger's testimony ***is not necessary*** because Drs. Radke, Flynn, and Slovic have already testified to everything Mr. Hunsperger would have to say about multiple regression and public opinion surveys. The fact that Mr. Hunsperger is not qualified to discuss these matters simply highlights the fact that he would not be able to meaningfully add to their testimony.

Plaintiffs' contention that Defendants could have raised this argument previously is unavailing. The *Daubert* motions and motions *in limine* were filed in the summer of 2005 before trial. Defendants could not have argued that Mr. Hunsperger's testimony would be duplicative of Dr. Radke's, Flynn's, and Slovic's when Defendants did not know the order of witnesses or even if they would be called at trial. In addition, Defendants could not have known in advance the actual content of any testimony these witnesses would provide at trial.

Further, while it is true that Defendants raised many Rule 403 challenges during their motions *in limine*, none of these motions sought, nor could they have sought, to exclude testimony on the grounds that the proffered testimony of Mr. Hunsperger would be duplicative of testimony that has already been provided. Rather, these motions focused on the notion that various testimony that Plaintiffs sought to introduce would be unduly prejudicial to Defendants.

2

Again, Defendants could not have known, in advance of trial, which particular testimony would be duplicative of other testimony and thus a waste of time.

Therefore, because Defendants neither previously raised, nor could have raised, the argument that Mr. Hunsperger's testimony regarding multiple regression and public opinion surveys would be duplicative because Drs. Radke, Flynn, and Slovic already extensively covered these points at trial, Defendants' Motion *in Limine* to Limit the Testimony of Wayne Hunsperger complies with this Court's Order Regarding Motions Practice.

## II. DEFENDANTS' MOTION SHOULD BE GRANTED BECAUSE UNQUALIFIED TESTIMONY BY MR. HUNSPERGER REGARDING PUBLIC OPINION SURVEYS AND MULTIPLE REGRESSION WOULD ACCOMPLISH NOTHING BUT DUPLICATION

Plaintiffs have stated that they "do not intend to elicit from Mr. Hunsperger an extensive or duplicative rehashing of extant evidence on the regression or the survey." (Pls.' Brief at 4.) However, any testimony by Mr. Hunsperger regarding the regression or the survey would necessarily be duplicative. Although Plaintiffs contend that Mr. Hunsperger is an "appraisal expert whom Plaintiffs offer to interpret and apply the results of the survey and the regression" (Pls.' Brief at 4 (emphasis deleted)), Plaintiffs fail to respond to the fact that Mr. Hunsperger himself has stated that he is not qualified to render an opinion on these matters. (*See* Hunsperger Dep. 327-28 (acknowledging that he would "leave the interpretation of the raw data to a survey research expert); *id.* at 435 (Hunsperger does not consider himself an expert in multiple regression analysis).) Because Mr. Hunsperger is not qualified on these matters, he would have nothing to add to previous testimony.

Plaintiffs also fail to respond to Defendants' point that, because the direct of Dr. Flynn was stricken, Plaintiffs will now have three opportunities to present testimony regarding public

3

opinion surveys before Mr. Hunsperger testifies.  Allowing Mr. Hunsperger to cover the same ground a *fourth time* would be even more unnecessary.

Further, while Plaintiffs correctly point out that Defendants have argued, and will continue to argue, that Drs. Radke, Slovic, and Flynn are not qualified to offer opinions regarding the diminution of property value (*see* Pls.' Brief at 4), that does not change the fact that these witnesses *have* offered these opinions at trial.  (*See* 10/26/2005 Trial Tr. at 2728 (Radke claiming $154 million loss in property value); 11/17/2005 Trial Tr. at 4314 (Slovic testimony that survey looked to see whether those that had heard about FBI raid "were more likely to insist upon discounts before they would buy the property"); 11/18/2005 Trial Tr. at 4227 (Flynn testimony detailing survey results of $9,200 average discount for those within 2-4 miles of Rocky Flats and $15,747 average discount for those within 4-6 miles).)  Therefore, while Defendants' position is that these witnesses should never have testified in the first instance, these witnesses have testified, and testimony by Mr. Hunsperger about these same matters would cover the exact same ground as these witnesses.  Consequently, any testimony by Mr. Hunsperger about these topics would be needlessly repetitive, would unnecessarily prolong this trial, and should be excluded.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court bar Wayne Hunsperger from testifying about: (1) multiple regression analysis; and (2) public opinion surveys.

Dated:  November 21, 2005                                   Respectfully submitted,


/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick

4

Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                            /s/ Courtney Biggins_____
                                            Courtney Biggins (legal assistant)