**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE USED BY PLAINTIFFS ON NOVEMBER 22, 2005**
_____

Defendants hereby file their Objections to Exhibits that plaintiffs have indicated will be used during the direct examination of Wayne Hunsperger.

**P-240 & P-1376:** In blatant disregard of this Court's prior rulings, Plaintiffs again offer P-240 and P-1376. On November 7, 2005, Plaintiffs previously disclosed these exhibits for use during the direct examination of Samuel Cassidy. Defendants objected (*see* Defs.' Objs. to Exs. Sought to Be Used by Plaintiffs on Nov. 8, 2005, filed 11/7/05, at 2 (incorporated by reference herein)), and this Court sustained defendants' objections to both exhibits (11/8/05 Trial Tr. at 4444). Defendants respectfully request the court to affirm its prior rulings with respect to each of these exhibits.

Defendants also object to P-240 and P-1376 because Mr. Hunsperger did not cite or rely upon them in his expert report. *See* Fed. R. Civ. P. 26(a)(2)(B); discussion of P-1454, P-1458, P-1459, and P-1460, *infra*.

**P-1441 & P-1442:**  Defendants object to P-1441 and 1442 because both documents contain hearsay and hearsay within hearsay and they do not fall within any exception. These two exhibits comprise the expert report that was prepared by Wayne Hunsperger. It is well settled that expert reports are hearsay and are not admissible. *See Ake v. General Motors Corp.,* 942 F.Supp. 869, 877-78 (W.D.N.Y.1996) (excluding as hearsay report of expert who was scheduled to testify at trial); *Springer v. K-Mart Corp.,* 1998 WL 883318, at *5 (E.D.La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 2002 WL 826956, at *7 (S.D.N.Y May 1, 2002) (same). This court has also ruled on several occasions during this trial that expert reports are inadmissible. (11/15/05 Trial Tr. at 5331 (Cochran expert reports not admissible); 11/16/05 Tr. at 5653 ("But I will say this, that the Exhibit 1128, which is the expert's report, is not to be admitted.").)

**P-1442, P-1452, & P-1453:**  Plaintiffs seek to offer into evidence the reports from four different surveys:  (1) the City of Broomfield Issues Survey, conducted by Talmey-Drake (P-1442 tab A and P-1453); (2) the Rocky Flats Health and Housing Survey, conducted by Plaintiffs' experts Drs. James Flynn and Paul Slovic (P-1442 tab B); (3) the EG&G Community Relations Survey, conducted by the University of Denver (P-1442 tab C); and (4) the 1989 Arvada Citizens Attitudes Survey, conducted by the City of Arvada (P-1452).

2

Defendants object to P-1442, P-1452, and P-1453 because they are hearsay and hearsay within hearsay and do not fall within any exception, and because this Court has already excluded one of these surveys. Plaintiffs previously sought to offer the Talmey-Drake survey as P-211 during the testimony of Charles Ozaki, to which Defendants objected. (*See* Defs.' Obj. to Exs. Sought to Be Used by Plaintiffs on October 18, 2005, filed 10/18/05.) On October 18 and again on October 20, 2005 the court sustained defendants' objections and excluded P-211. (10/18/05 Trial Tr. at 1308-1309; 10/20/05 Trial Tr. at 1767-1768.) Since Tab A to P-1442 and P-1453 is a duplicate of P-211, Defendants respectfully request this Court to affirm its prior ruling and deny the admissibility of P-1453. Defendants also request that this Court exclude Tab C to P-1442 and P-1452 on the same grounds. As with the Talmey-Drake survey, Defendants do not have the opportunity to cross-examine the authors of or participants in these other two surveys. (*See* 10/18/05 Trial Tr. at 1308-1309.)

With respect to tab B of P-1442 (the Flynn and Slovic survey report), Defendants recognize that this Court has admitted a duplicate copy of this exhibit (P-1355) into evidence. Defendants have moved, however, to strike this report (among others) on the grounds that expert reports are inadmissible hearsay. (*See* Defs.' Mot. to Strike the Expert Reports of Drs. Budnitz, Goble, Slovic, and Flynn, filed 11/20/05.) For the reasons stated in that motion, tab B of P-1442 should likewise be excluded.

Documents otherwise inadmissible are not rendered admissible merely because an expert relied upon them. The only exception is when the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

3

Fed. R. Evid. 703. Such evidence should not be admitted for substantive purposes. *See* McCormick on Evidence § 324.3 (2003 Pocket Part) ("[T]he proponent now has a much more substantial burden in showing how receiving the inadmissible evidence will aid the jury in evaluating the expert's opinion, as opposed to being misused by the jury for substantive purposes.") Defendants object to the admission of P-1442, P-1452, and P-1453 purportedly relied upon by Mr. Hunsperger in connection with his testimony because the plaintiffs cannot meet the balancing test of Rule 703 and they seek to offer documents for substantive purposes.

Defendants also object to P-1442, P-1452, and P-1453 because Mr. Hunsperger cannot lay a proper foundation for their admission.

**P-1454, P-1458, P-1459, & P-1460:** Defendants object to P-1454, P-1458, P-1459, and P-1460 because Mr. Hunsperger did not cite or rely upon in his expert report. Each of these exhibits is dated after the November 1996 date of Mr. Hunsperger's expert report. For example, P-1454 is a 2005 advisory opinion from the Appraisal Standards Board. P-1458 is a 2003 article entitled "Methods and Techniques for Contaminated Property Valuation" not authored by Hunsperger. P-1459 and P-1460 are portions of a book entitled "Risk, Media and Stigma: Understanding Public Challenges to Modern Science and Technology," edited by Drs. Flynn and Slovic, as well as Howard Kunreuther. Defendants own research has determined that the date of the book's publication is May 15, 2001, well after Mr. Hunsperger authored his expert report. Plaintiffs had the opportunity to supplement Mr. Hunsperger's expert report to incorporate these documents pursuant to the Court-ordered date of July 2004 for supplemental reports, but elected

4

not to do so.  Mr. Hunsperger may not now, the day before he is allegedly to testify, add new documents to bolster his expert opinion or add credibility to his methodology.

The issue is not whether these documents are otherwise admissible, but instead whether an expert may testify about documents that were not disclosed in his expert report.  *See In re Operazole Patent Litig.*, 2002 WL 287785, at *7 (S.D.N.Y. Feb. 27, 2002) (barring expert witness from offering "previously undisclosed opinions or reliance" on documents not discussed in his expert report.); *see also* Federal Rule of Civil Procedure 26(a)(2)(B) ("The [expert] report shall contain . . . the data or other information considered by the witness in forming the opinions; any exhibits to be used a summary of or support for the opinions.").  Because Mr. Hunsperger did not supplement his expert report to include these documents, the plaintiffs may not introduce them as part of his testimony.

**P-1454:**  Defendants object to P-1454 because it is irrelevant.  This 2005 advisory opinion was revised in 2002 (see P-1454 at 147), and was not in effect at the time Mr. Hunsperger performed his work in 1996.  The standards set forth in that opinion do not govern or apply to Hunsperger's analysis and should not be considered.  *See Square 345 Assocs. Ltd. P'ship v. District of Columbia*, 721 A.2d 963, 973 n.2 (D.C. 1998) (indicating that "a recent material change in the [appraisal] standards" warrants exclusion of the most current version).  Defendants also object to P-1454 because it is hearsay and does not fall within any exception, and on foundation grounds.

**P-1458:**  Defendants object to P-1458 because it is hearsay and hearsay within hearsay and does not fall within any exception.  Defendants object to P-1458 on foundation grounds.

5

**P-1459:** Defendants object to P-1459 because it is hearsay and hearsay within hearsay and does not fall within any exception. This document is a subsequently published book chapter by Hunsperger recapitulating his report, which falls under this Court's ruling excluding such documents. (*See* 11/21/05 Trial Tr. at 6012 ("[S]ubsequently published articles about one of the experts' experience extracted from their reports and so forth is not admissible.").)

**P-1460:** Defendants object to P-1460 because it is hearsay and hearsay within hearsay and does not fall within any exception. This document is a subsequently published book chapter by Drs. Flynn and Slovic recapitulating their media study, which falls under this Court's ruling excluding such documents. (*See* 11/21/05 Trial Tr. at 6012.) Defendants object to P-1460 on foundation grounds.

**Graphic presentation:** Defendants do not object to the graphic presentation in its entirety, provided it is admitted for demonstrative purposes only. But Defendants object to particular pages of the presentation on four different grounds.

*First*, PG818, 950, 952, 947, and 954–55 (pages 5, 33, 43, 65, 68, and 100) present evidence of Mr. Hunsperger's adjustment to his damages estimates based on the Consumer Price Index. This evidence is inadmissible for the reasons stated in Defendants' Motion to Exclude Evidence of Plaintiffs' Consumer Price Index Adjustment for Property Damages, filed on October 25, 2005.

*Second*, PG883, 886, 808, 842–44, 858–66, and 958 (pages 17, 20, 69, and 71–83) discuss the results of the Broomfield, Arvada, and EG&G surveys. For the reasons stated above,

*see* discussion of P-1442, P-1452, & P-1453, *supra*, these surveys are hearsay and should be excluded.

*Third*, PG884–885, 887–892, and 837 (pages 18–19 and 21–27) discuss the information that Hunsperger gathered from his interviews and document review. This information is hearsay that does not fall within any exception. In particular, Plaintiffs seek to admit through Mr. Hunsperger the hearsay statements of Charles McKay, whom Plaintiffs characterized as a "major witness" (10/7/05 Trial Tr. at 292) but then declined to call after Defendants took his deposition. Plaintiffs cannot meet the balancing test of Rule 703, and they impermissibly seek to offer this evidence for substantive purposes.

*Fourth*, PG784–93, 825, 856, 937–39, 943, and 954 (pages 66–68 and 85–98) discuss the results of the regression analysis that Dr. Radke conduted and the public opinion survey that Drs. Flynn and Slovic conducted. For the reasons stated in Defendants' Motion *in Limine* to Limit the Testimony of Wayne Hunsperger, filed on October 25, 2005, this evidence is cumulative of the testimony of Drs. Radke, Flynn, and Slovic, and should be excluded under Rule 403.

Dated:  November 22, 2005                    Respectfully submitted,


                                                /s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP

7

200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Courtney Biggins_____
              Courtney Biggins (legal assistant)