# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## No. 90-cv-181-JLK
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO "DEFENDANTS' MOTION TO STRIKE THE EXPERT REPORTS OF DRS. BUDNITZ, GOBLE, SLOVIC, AND FLYNN"
_____

Plaintiffs respectfully submit this memorandum in opposition to "Defendants' Motion to Strike the Expert Reports of Drs. Budnitz, Goble, Slovic, and Flynn" (filed Nov. 20, 2005) [Ct. Rec. 1694]. The motion should be denied for at least four independent reasons.

First, the motion asks the Court to revisit prior rulings on expert evidence, while pointing to no intervening change in controlling law, new facts, or manifest error. Moreover, far from being filed four days *before* the witnesses *took* the stand, the instant motion was submitted *after* the witnesses had *left* the stand. On both counts, the motion warrants denial under the Court's Order Limiting Motions Practice During Trial, at 3-4 (Nov. 10, 2005) [Ct. Rec. 1626].

Second, plaintiffs have proceeded in reliance on the Court's rulings. The four expert witnesses at issue have now been discharged, and plaintiffs are no longer in a position to elicit

testimony from them (or, at this late stage in the trial, from other witnesses) to remedy whatever evidentiary lacunae would be created if their reports were stricken. This would operate to plaintiffs' severe prejudice. *See Benson v. United States*, 146 U.S. 325, 333 (1892) (trial court had discretion to overrule motion to strike where "witness had left the stand and the trial had proceeded at some length" and where "perhaps, witnesses by whom the same fact could have been established were discharged").

Third, the Court's rulings admitting the reports were within the realm of the Court's sound discretion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997) (evidentiary rulings reviewed for abuse of discretion); *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005) (same). Leaving aside the special circumstances involving Dr. Flynn, this case does not involve the admission of any report from an expert who failed to take the stand and make himself available for cross-examination. *Cf. United States v. Visinaiz*, No. 04-4277, 2005 U.S. App. LEXIS 24604, at *31-32 (10th Cir. Nov. 16, 2005) (trial court had *discretion* to exclude report where expert did *not* testify).

As for the reports by Drs. Flynn and Slovic on the media study and the phone survey, the Court has already acted, after Dr. Flynn became ill, to fashion a remedy that includes admission of the reports:

> I am striking his direct testimony but retaining the admission and rulings on all exhibits that came through, so those will be part of the record, and I am going to permit both sides to designate, and the opposite side to make whatever objections or additions they want as to offering Dr. Flynn's deposition and any part thereof.

*See* Tr. 11/09/05, at 4649.

Indeed, the Court did so after defense counsel explicitly argued that retaining the Court's previous ruling admitting at least the report on the phone survey would form part of an appropriate solution:

> It seems to me that Dr. Slovic was responsive to some extent about the telephone survey, and to the extent that I chose to get into that, his testimony concerning the telephone survey stands. I further think that the report that relates to the telephone survey, to the extent that it fleshes out the basis for that survey through Dr. Flynn, I wouldn't have, in the sense of a compromise, have a problem with having that report stay as a matter of record and that expert can comment on that report. We lose something in that process. I think we could have made -- the details of the questionnaire look silly on cross-examination of Dr. Flynn, and even if our expert could do the same thing, I am entitled to cross-examine a live witness, not a report, but you know, I think in the interest of moving forward, I wouldn't have a problem if the expert report on the telephone survey were to be in.

*See id.* at 4646-47 (remarks of defense counsel). Defense counsel actually invoked the admission of the phone survey and media study reports as a *basis* for his arguments that striking Dr. Flynn's testimony would not be unduly prejudicial to plaintiffs. *See id.* at 4647 ("Moreover, the very fact of the expert reports being before the jury are actually an additional reason why the live testimony concerning those reports absolutely should be stricken.").

Having secured an integrated remedy along the very lines for which defendants affirmatively argued (striking Dr. Flynn's direct testimony, leaving the reports in evidence, offering cross-examination from Dr. Flynn's deposition, and issuing a cautionary instruction), defendants should not now be heard to advocate rescission of that remedy in part. The direct testimony from Dr. Flynn's deposition is no substitute for his reports. As defendants themselves have been at pains to point out, Dr. Flynn's deposition was a discovery deposition, taken by defendants. It was not taken in contemplation that it would serve as the vehicle for presenting his testimony in its entirety at trial.

Meanwhile, defendants had every opportunity to cross-examine Dr. Slovic about the phone survey, and did so, at length. Their cross-examination of Dr. Slovic on this subject runs to 24 transcript pages – about half of Dr. Slovic's entire cross. *See* Tr. 11/7/05, at 4306-30 (Ex. A).

The fourth and final ground warranting denial of defendants' motion is that defendants have shown no prejudice. For each report at issue, defendants have had full opportunity to cross-examine at least one sponsoring expert at trial. Whether or not defendants chose to exercise that prerogative, it was manifestly available to them, at a time when they knew the Court had ruled the reports into evidence. Indeed, defendants do not even attempt to argue that they are prejudiced by virtue of any inability to test the testimony of these witnesses or the content of their reports. Defendants' only "prejudice" argument is that it would be "unfair" to defendants if their own expert reports were not now admitted. To that argument there are at least two responses: (a) the argument is premature, inasmuch as defendants have not yet sought to admit any of their expert reports into evidence; and (b) any hypothetical "unfairness" to defendants is heavily outweighed by the serious prejudice that plaintiffs would incur, if plaintiffs' evidence were stricken after the fact with no realistic opportunity for plaintiffs to cure any resulting evidentiary deficiencies.

For the foregoing reasons, plaintiffs respectfully ask that defendants' motion be denied.

Dated: November 22, 2005    s/ Peter Nordberg
                            Merrill G. Davidoff
                            Peter Nordberg
                            Berger & Montague, P.C.
                            1622 Locust Street
                            Philadelphia, PA 19103
                            (215) 875-3000

                            Attorneys for Plaintiffs
                            And the Class

*Plaintiffs' Opposition to Defendants' Motion to Strike Expert Reports – Page 4*