IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ADMISSION OF EXHIBITS

---

Defendants hereby reply to plaintiffs' opposition to defendants' exhibits DX606, 625, 626, 1319, 1376, 1377, 1380, 1385, *see* #1678, Plaintiffs' 11/17/05 Opposition Motion and DX454, 542, 654, 655 685, 1349, 1379, 1416, *see* #1683, Plaintiffs' 11/18/05 Opposition Motion.

**I.**   **DX606, 625, 626, 1319, 1376, 1377, 1380, 1385**

Plaintiffs object to DX606 on the grounds that it contains unverified expert opinion and "no witness has subscribed to the truth of its contents." Dr. Clapp and several coauthors published the article in the American Journal of Public Health. Thus, there is no improper expert opinion since Dr. Clapp was an author of the article and was afforded an opportunity to clarify and rebut the conclusions in the article on redirect examination. (*See* 11/10/05 Trial Tr. at 5007–08.)

Plaintiffs object to DX625 and 626 on the ground that they constitute hearsay. However, plaintiffs themselves have submitted news report after news report, which have come in not for

the truth of the matter asserted, but to demonstrate what the market knew about Rocky Flats. Defendants submit these articles for the same purpose.

Plaintiffs object to DX1319 on the grounds that the statements contained therein are hearsay, not based on the witness's testimony and are unsupported by expert opinion. The chart in question deals with in-court statements by the expert witness in the presence of the jury; there is no hearsay problem and no unsupported expert opinion.

Plaintiffs object to DX1376, 1377, 1380 and 1385 (graphics regarding document production to plaintiffs) because they suggest that "plaintiffs' complaints about DOE's noncompliance are baseless," and are irrelevant and misleading because "DOE produced thousands or millions of pages of documents with 75% or more of the content redacted." However, if Plaintiffs are entitled to put forth evidence showing that DOE did not comply with plaintiffs' document requests, Defendants are entitled to put forth evidence that Plaintiffs received documents. During Mr. Kaufman's examination, Plaintiffs brought before the jury that 75% of each document had been redacted. *See* 11/14/05 Trial Tr. at 5137–5138. The graphic is relevant, probative and not misleading. Plaintiffs' objections go to weight, not admissibility.

## II.    DX454, 542, 654, 655 685, 1349, 1379, 1416

Plaintiffs object to DX454, 542, 654, 655 and 685 on the grounds that they contain hearsay and are unsponsored expert opinion.

Plaintiffs' objection to DX454 has already been overruled by this Court. This exhibit was already admitted over Plaintiffs' oral objection at trial. (*See* 11/16/05 Trial Tr. at 5555.)

DX542 is a portion of the RAC study that has already been admitted into evidence. (*See* 10/15/05 Courtroom Minutes . This exhibit is one that Defendants offer to abide by the Court's instruction to reduce the volume of the larger RAC and Chemrisk reports. For all the reasons previously argued regarding the RAC reports, this exhibit should be admitted. Moreover, Dr.

2

Cochran admitted that he had previously reviewed DX 542 and its conclusions regarding material unaccounted for. *See* 11/16/05 Trial Tr. at 5535–5536.

DX654 is N.J. Roberts' report entitled "A Discussion of Inventory Difference, Its Origin and Its Effects," which Dr. Cochran cited in his expert report. *See* "Plutonium and Inventory Differences at the Rocky Flats Plant and Their Relationship to Environmental Releases at Ref. 21. An "expert may in any event be required to disclose the underlying facts or data on cross-examination." Fed. R. Evid. 705. "Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. In this case, Dr. Cochran relied on this material, and cited it several times in his report. The report is highly probative of material unaccounted for ("MUF") issues at Rocky Flats and will greatly assist the jury in evaluating Dr. Cochran's expert opinion. The report has very little prejudicial effect, as plaintiffs' own expert cited it in his expert report. Moreover, the Court has already admitted DX1349, a demonstrative based on the Roberts report, when the fact that Dr. Cochran relied upon the report was brought to the Court's attention. (*See* Trial Tr. at 5417 ("That's the Robert's report, that's the source. The Roberts report is listed in this witness's expert report . . . MR: DAVIDOFF: Your Honor, I have no objection to it being shown to the jury. I'm making my rare objections for the record. THE COURT: It's admitted.").

DX655 is a portion of the RAC study that has already been admitted into evidence. *See* Courtroom Minutes 10/15/05. This is exhibit is one that Defendants offer to abide by the Court's instruction to reduce the volume of the larger RAC and Chemrisk reports. For all the reasons previously argued regarding the RAC reports, this exhibit should be admitted. Moreover, Dr.

Cochran cites DX655 in his expert report. (*See* "Plutonium and Inventory Differences at the Rocky Flats Plant and Their Relationship to Environmental Releases at Ref. 27.)

DX685 is a position statement of the Health Physics Society and contains no expert opinion. DX685 is not being offered for the truth of the matter asserted. Dr. Cochran was qualified as a health physicist and testified that he was a member of the Health Physics Society. The document was not admitted for the truth of its contents, but to show that Dr. Cochran does not subscribe to official positions of the health physics society.

In their written objections, plaintiffs objected to DX1349 on the grounds that it is misleading and unsupported by the witness's testimony or any other evidence. However, Plaintiffs' written objection has been waived. When Defendants offered this exhibit during cross-examination, Plaintiffs did not object and the exhibit was admitted. (*See* 11/15/05 Trial Tr at 5394–94 ("MR: DAVIDOFF: 1349, no objection to it. (Exhibit 1349 admitted.).)

Plaintiffs object to DX1397 on the grounds that it is misleading. During the course of Dr. Cochran's testimony, the jury heard ample evidence regarding the various places the MUF could be located (to the degree any is actually unaccounted for). Plaintiffs' assertion that this graphic is misleading goes to the weight of the evidence, not to its admissibility.

Plaintiffs object to DX1416 on the grounds that is irrelevant and misleading. Defendants withdraw the exhibit DX1416 and offer DX1416z in its place.

Dated:  November 30, 2005                     Respectfully submitted,


/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern

4

Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that on _____ \_\_, 200\_, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                         /s/ Kari Knudsen_____
                                         Kari Knudsen (legal assistant)