**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

___

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER BARRING THE DEPOSITION OF WILLIAM WESTON DURING TRIAL AS UNTIMELY**
___

Defendants hereby move for a protective order barring plaintiffs' proposed deposition of William Weston as untimely. Mr. Weston has been on defendants' trial witness list since its earliest iteration in defendants' 2003 pretrial filing. He has always been among the main Rockwell fact witnesses to be called by defendants in this case. Despite having ample opportunity to depose Mr. Weston, plaintiffs consistently and purposefully neglected to take his deposition. It was a conscious, calculated decision by plaintiffs not to subpoena Mr. Weston or to pursue his deposition. In addition, Mr. Weston has been deposed in Rocky Flats-related cases on numerous occasions (for multiple days) and testified in the trial of the *Stone* case. Defendants provided plaintiffs with all eight volumes of deposition and trial transcripts in early 2004. As a result, plaintiffs elected not to depose Mr. Weston in this case. Plaintiffs' effort to take Mr.

Weston's deposition now is untimely and improper. They should not be rewarded for their past dilatory efforts, nor should they be allowed to disregard their past strategy decisions to the detriment of defendants' trial preparation.

## ARGUMENT

### I. ALLOWING THE DEPOSITION OF WILLIAM WESTON TO PROCEED DURING TRIAL WOULD BE UNTIMELY AND IMPROPER.

While the Court has generally allowed depositions to proceed during trial, the request to depose William Weston now is unique. From the earliest stages of this case and continually throughout the case, Mr. Weston has always been one of the principal Rockwell fact witnesses. Mr. Weston is a former Rockwell employee who was second in command for Rockwell under Dominic Sanchini, and he is now the highest ranking former Rockwell employee still alive. Mr. Weston was the key Rockwell witness in the *Stone* trial and was identified to the Court as a defense trial witness in the December 2003 status report. (Ex. A) Mr. Weston cannot be characterized as a "newly disclosed" witness, nor can his repeated appearance on defendants' witness lists come as any surprise to plaintiffs.

Plaintiffs made a conscious decision not to pursue Mr. Weston's deposition prior to trial, despite ample opportunity to do so. Mr. Weston's prominence as an important former Rockwell Rocky Flats employee was no secret. Mr. Weston, a Ph.D. physicist, came to the plant in 1975 and was employed by Rockwell during its entire tenure at the plant. Mr. Weston held many important positions of responsibility at that plant, including Director of Plutonium Operations as well as acting plant manager for Rockwell in late 1989. He served as a corporate

representative deponent in other Rockwell litigation relating to the plant and was a major defense trial witness for Rockwell in *Stone*. In the first 14 years of the case, approximately 120 witnesses were deposed. Plaintiffs made no effort to obtain discovery of Mr. Weston during those 14 years. Plaintiffs' actions reflect a decision not to seek discovery of this witness.

Plaintiffs asked to depose Mr. Weston in April of 2004 in connection with other witnesses disclosed in the December 2003 status report. Defendants were amenable to scheduling Mr. Weston's deposition, but asked whether another deposition was needed given his extensive past testimonial record. Following discussions among counsel, defendant wrote to plaintiffs stating:

> Mr. Weston has given a considerable amount of deposition and trial testimony relating to Rocky Flats and Rockwell's operation of the Rocky Flats facility. Several weeks ago, [plaintiffs' counsel] and [defense counsel] discussed the possibility that, if defendants were to provide that testimony to plaintiffs, plaintiffs might not need to depose Mr. Weston. Of course, defendants understand that by agreeing to review Mr. Weston's testimony and withholding judgment on whether they need to depose Mr. Weston pending their review of testimony, plaintiffs would not waive their right to depose Mr. Weston. In accordance with the offer that [defendants] made, plaintiffs might not need to depose Mr. Weston.

(D. Poland 4/28/04 letter to E. Noteware at 3) (Ex. B)  Plaintiffs agreed to undertake the review of these transcripts as a possible substitute for further deposition. In keeping with their offer, defendants provided plaintiffs with "seven volumes of deposition testimony from *Rockwell v. United States* and *United States v. Rockwell ("Stone")*, as well as Mr. Weston's trial testimony in the *Stone* case" in late April 2004.  (*Id.*)

In May 2004, plaintiffs wrote to defendants specifically stating that they had "chosen not to issue a subpoena for former Rockwell employee Bill Weston at that time." (E. Noteware 5/3/04 letter to D. Poland and B. Bakke) (Ex. C)  Plaintiffs noted that should they decide to depose subpoena Mr. Weston in the future, they would let defense counsel know.  (*Id.*)

This was the last defendants heard on the topic of any deposition of Mr. Weston. There were no impediments to deposing Mr. Weston *at any point* prior to trial.  At the close of discovery in July 2004, the parties discussed certain depositions (such as that of Jon Lipsky, Charles McKay and a few others) that remained outstanding, and made arrangements to complete those specifically-identified depositions by agreement after the close of discovery.  At that time, plaintiffs expressed no interest in taking Mr. Weston's deposition or preserving their opportunity to take Mr. Weston's deposition in the future.  Plaintiffs made no mention of a desire to depose Mr. Weston in any of the pretrial proceedings or at any other time leading up to trial.

It is only since the commencement of trial -- and in light of defendants' persistent and successful efforts to depose *plaintiffs*' newly disclosed witnesses --  that plaintiffs have belatedly determined that maybe they would like to take Bill Weston's deposition after all.  Such a deposition during trial would be untimely and improper given plaintiffs' ample opportunity to depose this witness during the 15-plus-year history of the caser.  Moreover, plaintiffs will not be prejudiced because they have had access to extensive deposition and trial testimony from Mr. Weston.

## II. DEFENDANTS WOULD BE UNDULY PREJUDICED BY PLAINTIFFS' UNTIMELY DEPOSITION OF WILLIAM WESTON.

We are now approximately nine weeks into the trial of this case. Defendants are deeply immersed in efforts to conclude plaintiffs' case-in-chief, to cross examine plaintiffs' remaining trial witnesses, related motion practice, and to prepare defendants' own witnesses for trial testimony. Despite all of this, defendants are also in the process of scheduling and defending the depositions of at least seven defense witnesses (John Till, Helen Grogan, Ken Calkins, John Frazier, Shirley Fry, Mike Norton, Paul Voilleque) who were not previously deposed. While in select cases, arguments could be made that some of these depositions are not timely, defendants have not raised objections to these depositions. Defendants object only to the untimely deposition during trial of William Weston because: (1) plaintiffs had an extensive opportunity to depose this witness in a timely manner throughout the 15 years this case was pending; (2) they have had access to a voluminous amount of past sworn testimony from Mr. Weston; and (3) plaintiffs' consciously chose not to pursue this deposition prior trial. It would be unjust, harassing, unfairly burdensome and unduly prejudicial to defendants and Mr. Weston to interrupt trial preparations and related activities for plaintiffs to belatedly take this deposition now.

Defendants raised this issue with plaintiffs in an attempt to resolve the matter before the Thanksgiving holiday. (*See* defendants' 11/23/05 letter to plaintiffs) (Ex. D)

## CONCLUSION

For all the reasons stated above, defendants' request for a protective order should be granted and plaintiffs' proposed deposition of William Weston during trial should be barred as untimely, improper and unduly prejudicial.

Dated: December 1, 2005                              Respectfully submitted,


/s/ Stephanie A. Brennan
One of the Attorneys for Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie A. Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone: 312-861-2000
Fax:    312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone: 303-297-2900
Fax:    303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                /s/ Kari Knudsen_____
                                                Kari Knudsen (legal assistant)