IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR NOVEMBER 17 AND 18
OBJECTIONS TO DEFENDANTS' EXHIBITS**

Plaintiffs submit the following reply to defendants' November 30 opposition brief [docket no. 1719], and in support of plaintiffs' November 17 and 18 motions to exclude [docket nos. 1678 & 1683].

Although **DX 606** was co-authored by Dr. Clapp, it is not admissible under Fed. R. Evid. 803(18) or any other hearsay exception. He did not rely on the article for his work for this case. In fact, Dr. Clapp testified that he did not write the portion of the article cited upon by defense counsel, *see* Nov. 9 Tr. at 4854. His co-authors are not witnesses in this case available for cross-examination.

**DX 625** and **626**, two newspaper articles, were clearly offered for their hearsay purpose, not "to demonstrate what the market knew about Rocky Flats," Def. Br. at 2. As plaintiffs stated in their initial motion, Ms. Robb had moved out of the class area long before the articles were

published and testified that she never saw either of them; therefore this witness could not possibly contribute any evidence to the issue of market knowledge. Nonetheless, defendants insisted upon asking her questions about the substance of the articles. Defendants essentially used Ms. Robb as a prop to tell the jury about the hearsay message of the articles.

**DX 1319** is not supported by the evidence. As plaintiffs stated earlier, Dr. Clapp disagreed with this exhibit's characterization the progression of disease related to plutonium exposure. *See* Nov. 9 Tr. at 4859-60. Defendants do not point out where in the transcript Dr. Clapp's testimony supports this exhibit.

**DX 1376**, **1377**, **1380**, and **1385** are misleading, and defendants' argument reiterates the false logic behind these documents. Defendants themselves describe the message of these exhibits as, "Plaintiffs received documents." Def. Br. at 2. This message would be relevant if plaintiffs had argued that DOE produced no documents. However, that is not the case; in actuality, plaintiffs have argued that DOE unreasonably stalled and obstructed discovery, and then produced documents that were heavily redacted as to render them useless. These exhibits are at best irrelevant, at worst a misleading attempt to argue that DOE in fact complied with plaintiffs' document requests.

**DX 454**, **542, 654, 655,** and **685**, which all contain expert opinion and hearsay, should be excluded for the reasons discussed in plaintiffs' November 18 brief. **DX 454**, the ATSDR report on Rocky Flats, is not only an unsupported expert report, it is in large part derivative of other experts' work, including the RAC dose reconstruction. *See* Nov. 16 Tr. at 5558; DX 454 at 1, 3 (discussing data relied upon by ATSDR). Defendants cite no hearsay exception and provide no testimonial expert to support the admissibility of this document.

Dr. Cochran did not rely on **DX 542**, and the fact that he had reviewed it does not add anything to its admissibility.  The bare fact that another expert came to a slightly different conclusion than Dr. Cochran – an expert working for a company, RAC, that has received substantial funding from DOE and from defense counsel in this litigation – does not help the jury to evaluate Dr. Cochran's opinions.  Moreover, Dr. Voillequé's conclusion (that MUF data are not useful in determining plutonium releases) has already been brought out through cross-examination; admitting the document into evidence does not add to that line of argument, but instead invites the jury to try to interpret the remainder of Dr. Voillequé's article.

Regarding **DX 654**, the "Roberts report," although Dr. Cochran relied upon that report, admitting the report itself will not assist the jury.  Fed. R. Evid. 703 states, "[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."  It appears from the record that the only sections of the report used on cross-examination were the table depicted in DX 1394, which has already been admitted, *see* Nov. 15 Tr. at 5416-18, and Table 3 of Dr. Cochran's report, which was based on information in the Roberts report, *id*. at 5484-90.  The admission of the remainder of the report, unaided by expert testimony, will not assist the jury in evaluating Dr. Cochran's opinions.

Similarly, **DX 655** was used simply to prove that the paper's author, Dr. Voillequé (who worked for RAC, a consulting firm that simultaneously performed work under the DOE/ Colorado Department of Health contract and for defense counsel for this litigation), reached a different conclusion about the usefulness of MUF data than Dr. Cochran.  That point was made

adequately in cross-examination. *See* Nov. 16 Tr. at 5532-37. Dr. Cochran relied upon the document for a different purpose, namely as providing one possible estimate of the MUF from the 1957 fire. *See* P-1122 (Cochran MUF report) at 12 (attached as Ex. A). Admitting the entire exhibit does not assist the jury in judging the reasonableness of Dr. Cochran's reliance on it, a fact that defense counsel did not address during trial.

While defendants argue that **DX 685**, a statement by the Health Physics Society, "is not being offered for the truth of the matter asserted," Def. Br. at 4, the record reveals a different story. Defendants' sole use of the document was to simply read it to the jury. *See* Nov. 15 Tr. at 5478-82 (discussion of DX 685). Defense counsel did not confront Dr. Cochran with the statements in the exhibit during his testimony; the only questions asked about the substance of this exhibit were "Do you see that, Dr. Cochran?" and "Are you aware of any update that's been made to that position statement since 1993?" *See* Nov. 15 Tr. at 5482. This exhibit, which discusses the health risks of plutonium, contains expert opinion in the form of an article in a trade publication; defendants' argument that the document "contains no expert opinion," Def. Br. at 4, is belied by a plain reading of the document.

Plaintiffs' objections to **DX 1349** and **1397** need no further explanation.

Plaintiffs have previously objected to **DX 1416z**, which defendants substitute for **DX 1416**, in their November 21 filing [docket no. 1707].

                                                    Respectfully submitted,

Dated: December 3, 2005                        /s  Jennifer MacNaughton
                                                    Merrill G. Davidoff
                                                    Peter Nordberg
                                                    Jennifer MacNaughton
                                                    BERGER & MONTAGUE, P.C.
                                                    1622 Locust Street
                                                    Philadelphia, PA 19103
                                                    (215) 875-3000
                                                    Fax (215) 875-4604
                                                    jmacnaughton@bm.net

                                                    Gary B. Blum
                                                    Steven W. Kelly
                                                    SILVER & DEBOSKEY, P.C.
                                                    1801 York Street
                                                    Denver, CO 80206
                                                    (303) 399-3000

                                                    *Attorneys for Plaintiffs*