IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ADMITTING PLAINTIFFS' EXPERT REPORTS OR, IN THE ALTERNATIVE, FOR CLARIFICATION OF THE COURT'S ORDER**
_____

Defendants ask the Court to reconsider its November 30, 2005 Order admitting into evidence the expert reports of Drs. Budnitz, Goble, Slovic and Flynn. If such motion is denied, Defendants seek clarification of the Court's order relating to expert reports.

**I.    MOTION FOR RECONSIDERATION**

The Court recently ruled that the expert reports of Drs. Budnitz, Goble, Slovic and Flynn are admissible "for a variety of reasons, including . . . Dr. Slovic's reliance on Dr. Flynn's report, and the reliance of Dr. Goble on Dr. Budnitz's report. In sum, the admission of these reports will assist the jury in avoiding confusion." (11/30/05 Order.)

Federal Rule of Evidence 703 states: "Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. However, such facts or data

to which the rule refers are facts or data upon which an expert *bases* his expert opinion.  *See* Fed. R. Evid. 703 (referring only to the "facts or data [ ] upon which an expert bases an opinion or inference").  There is no evidence in the record that any of Plaintiffs' experts based any of their expert opinions on reports authored by other Plaintiffs' experts.  It cannot be said that Dr. Slovic relied on Dr. Flynn's report, because Dr. Slovic *co-authored* the report; such "reliance" would render Rule 703 a nullity with regard to expert reports.  And even if the Court has made a finding that Dr. Goble relied on Dr. Budnitz's report (with which Defendants disagree), it would not follow that the reports of Drs. Goble, Slovic and Flynn would also be admissible.  In addition, the Court referred to a "variety of reasons" that the reports are admissible.  Defendants are unclear as to what those reasons are.  *See* Part II, *infra*.

As Defendants have argued previously, expert reports generally create no special exception to the hearsay rule.  *See Potts v. Sam's Wholesale Club*, 1997 WL 126089 (10th Cir. March 20, 1997) (exclusion of expert report as hearsay was not abuse of discretion); *Ake v. General Motors Corp.*, 942 F.Supp. 869, 877–78 (W.D.N.Y. 1996) (excluding as hearsay report of expert who was scheduled to testify at trial);  *United States v. Kiewit Const. Co.*, 2005 WL 1277953 at *10 (D. Alaska Jan 3, 2005) ("It's inappropriate to allow the witness to bolster his substantive testimony with what is functionally the equivalent of additional written direct testimony."); *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 WL 826956, at *7 (S.D.N.Y. May 1, 2002) (same);  *Springer v. K-Mark Corp.*, 1989 WL 883318, at *5 (E.D. La. Dec 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay).  The Court has said as much:  "[M]y view [is] that expert reports are not admissible, *per se*."  (11/7/05 Trial Tr. at 4347; *see* 11/3/05 Trial Tr. at 3908 (expert report not admissible "simply because it's an expert report").)

Plaintiffs have made no showing as to how these reports will assist the jury any more than any other expert report that has been excluded. Moreover, if the current trend of generally excluding expert reports continues, six of Plaintiffs' expert reports will have been admitted compared to zero of Defendants' expert reports.

## II. DEFENDANTS SEEK CLARIFICATION OF THE COURT'S RULINGS ON EXPERT REPORTS

In the event that the Court denies Defendants' motion for reconsideration, Defendants ask the Court for clarification of its rulings on expert reports.

Defendants are preparing their case-in-chief and seek guidance as to why certain expert reports are admissible while others are not so that Defendants may anticipate which of their experts' reports would be admissible and under what circumstances. Defendants seek clarification as to what other reasons make up the "variety of reasons" for which the expert reports admissible. Defendants also seek clarification as to what type of reliance by one expert on another's report is necessary to make an expert report admissible.

Defendants respectfully ask the Court for clarification so that they can prepare their case accordingly.

Dated:  December 4, 2005                    Respectfully submitted,


/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000

Fax: 312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone: 303-297-2900
Fax: 303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                /s/ Kari Knudsen_____
                Kari Knudsen (legal assistant)