**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

___

**DEFENDANTS' MOTION IN LIMINE TO LIMIT THE TESTIMONY OF WAYNE HUNSPERGER REGARDING GOVERNMENT RESTRICTIONS**
___

Defendants hereby move to bar Wayne Hunsperger from offering any opinions at trial on government restrictions.

In its May 17, 2005 Order, this Court held that Plaintiffs may not predicate a claim for nuisance on the "imposition of government restrictions on the use or development of Class properties." (Ex. A, 5/17/05 Order at 7.) Nevertheless, Plaintiffs apparently intend to introduce evidence, through Mr. Hunsperger, of various government restrictions on properties in the class area.[1] This evidence is both irrelevant and prejudicial and should be excluded.

---

[1] Defendants were unable to file this motion with their first round of motions *in limine* because Defendants were unaware that Plaintiffs still intended to introduce evidence of government restrictions in light of this Court's May 17, 2005 Order. Defendants only received the exhibits that Plaintiffs intend to use with Mr. Hunsperger several days ago.

Plaintiffs seek to admit evidence that "Rocky Flats resulted in land use and other local government restrictions on development." (PG893.) Specifically, Plaintiffs' exhibits address the following actual or proposed government restrictions:

- "Westminster officials prohibit residential development west of Simms" (PG888);

- "Jefferson County Board of Commissioners resolution to maintain buffer zone around Rocky Flats" (PG890, 891);

- "Jefferson County Board of Health resolution insisting that future development in DOE buffer zone be limited" (PG890, 891); and

- "[Jefferson County a]dopts radiation map where there are additional developmental restrictions" (PG892).

This evidence impermissibly invites the jury to predicate nuisance liability on a basis of the imposition of government restrictions, which this Court has already ruled out. (*See* Ex. A, 5/17/05 Order at 7–8.) None of these restrictions are class-wide. Indeed, those that are limited to the government-owned buffer zone ***do not impact a single class property***. *See Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 382 (D. Colo. 1993) (defining the class "exclusive of governmental entities").

Defendants therefore respectfully request that evidence regarding government restrictions be excluded.

Dated:  December 4, 2005                    Respectfully submitted,

/s/ John E. Tangren_____  
One of the Attorneys for the Defendants  
David M. Bernick  
Douglas J. Kurtenbach  
Ellen Therese Ahern  
Mark J. Nomellini  
John E. Tangren  
KIRKLAND & ELLIS LLP  
200 East Randolph Drive  
Chicago, Illinois 60601-6636

2

3

        Phone:  312-861-2000
        Fax:     312-861-2200

        Joseph J. Bronesky
        SHERMAN & HOWARD L.L.C.
        633 Seventeenth Street, Suite 3000
        Denver, Colorado 80202
        Phone:  303-297-2900
        Fax:     303-298-0940

        Attorneys for ROCKWELL
        INTERNATIONAL CORPORATION and
        THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that on December 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


                                                /s/ Kari Knudsen_____
                                                Kari Knudsen (legal assistant)