# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 90-K-181

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,

    Defendants.

## ORDER ON SCHEDULING AND JURY INSTRUCTION ISSUES

Kane, J.

The parties' Joint Motion for Adjusted Deadlines, filed May 11, 2005, is GRANTED. Objections to trial exhibits shall be filed no later than **August 15, 2005**, the same day the parties' proposed stipulated Pretrial Order shall be submitted. All *Daubert* motions and motions in limine shall be filed no later than **June 3, 2005**, with responses due **June 23** and replies on **July 8**. I will hear argument on the *Daubert* motions, and the motions in limine if necessary, at the hearing currently set for **July 27-28, 2005**. If the parties believe more than two days will be necessary for this hearing given that *Daubert* motions will also be heard then, they should notify me as soon as possible. Both July 26 and July 29 are currently open on my calendar.

3.   Fear, anxiety or other emotional disturbance

Fear, anxiety or other emotional discomfort or distress suffered by Class members as a result of Defendants' activities at Rocky Flats can constitute an interference with their use and enjoyment of Class property.[2] *See, e.g., Cook IX*, 273 F. Supp. 2d at 1203-04. As stated in my April 14, 2004 Order, however, whether Defendants' activities caused Class members to suffer fear or other emotional disturbance raises individual causation questions and thus is not capable of class-wide determination. *See id.* at 7-8. The generic causation question of whether Defendants' activities and the conditions resulting from them were capable of causing Class members to suffer fear, anxiety or other mental or emotional discomfort is, however, common to the Class and may be decided by the jury in the class trial.

4.   Other forms of interference asserted by Plaintiffs

The imposition of government restrictions on the use or development of Class properties could constitute an interference with Class members' use and enjoyment of properties. *See, e.g., Exxon Corp. v. Yarema*, 516 A.2d 990, 1005 (Md. App. 1986). The only potential government restriction of this type asserted by Plaintiffs, however, is the Colorado state regulation requiring that special construction techniques be used if plutonium concentration in a property's soils exceeds a certain threshold. *See* 6 Colo.

---

[2]   Whether this or any other asserted interference is substantial and unreasonable as required for nuisance liability to attach is a separate question as stated earlier.

7

Code. Reg. 1007-1, RH 4.60.1. Plaintiffs acknowledge they do not have evidence that plutonium contamination throughout the Class Area meets or exceeds this standard, but speculate that it might or that the government could place other restrictions on Class properties in the future as a result of the contamination or other conditions attributable to Defendants' activities at Rocky Flats. This speculation is not sufficient to allow the jury to consider government restrictions in determining whether Plaintiffs have proved a class-wide interference with the use and enjoyment of Class properties.

Plaintiffs also assert that a decrease in the market value of Class properties as a result of Defendants' activities at Rocky Flats is a class-wide interference with Class members' use and enjoyment of their properties because it interferes with each property's use as an asset and investment. I held in *Cook IX*, however, that a decrease in the value of Class properties as a result of Defendants' activities, in and of itself, is not an interference with Class members' use and enjoyment of properties. *See* 273 F. Supp. 2d at 1209. Plaintiffs acknowledge this ruling, but argue that proof of plutonium contamination in the Class Area allows the jury to consider diminution in property values in deciding whether Defendants' activities interfered with Class members' use and enjoyment of their properties. Most of the case law cited by Plaintiffs, however, goes to a separate question, which is whether and when diminution in property value is recoverable as an item of damages once liability has been found. It is already established in this case that Plaintiffs may recover diminution in property value as damages upon proof that Defendants are

8