IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

### RESPONSE TO DEFENDANTS' OBJECTIONS TO HUNSPERGER EXHIBITS

In response to defendants' objections to the exhibits sought to be used with Wayne Hunsperger, filed November 22, 2005 [docket #1712], plaintiffs respectfully submit this response.

**P-240** and **P-1376**, which are reports relating to the Jefferson County Enterprise Zone, are admissible as supplemental information illustrating Mr. Hunsperger's opinions. Although the exhibits were excluded when used with Mr. Cassidy, a lay witness, Mr. Hunsperger is an expert appraiser who can explain the content and significance of the documents. Mr. Hunsperger explicitly referred to and relied on the fact of the Enterprise Zone designation. *See* Hunsperger dep. at 19, 64 (attached as Ex. A).

**P-1441 & P-1442** are Mr. Hunsperger's report and the addenda to that report containing the three public opinion surveys on which Mr. Hunsperger relied. It is well within the Court's discretion to admit expert reports into evidence. *See Wilson v. Muckala*, 303 F.3d 1207, 1218 (10th Cir. 2002)

("Trial courts have broad discretion to determine the admissibility of expert testimony . . .."); *United States v. Jenkins*, 313 F.3d 549, 559 (10th Cir. 2002) (evidentiary rulings reviewed for abuse of discretion).[1] Mr. Hunsperger's report is useful to the jury because it explains, in plain language, his methodology and the basis for his opinions and lists his damages numbers for the class. Moreover, Mr. Hunsperger will be subject to cross-examination on the contents of his report, which ameliorates any hearsay concerns about his statements in his report. As for the report's citation of evidence that formed the basis of Mr. Hunsperger's opinions, that evidence is admissible under Fed. R. Evid. 703 to aid the jury in understanding Mr. Hunsperger's opinions.

**P-1442, P-1452, P-1453, PG-883**, **PG-886**, **PG-808**, **PG-842 - 844**, **PG-858 - 866**, and **PG-958**, are the public opinion surveys upon which Mr. Hunsperger relied in writing his report, and graphics discussing those surveys. P-1442 tab A, the Decision Research survey by Drs. Flynn and Slovic, has already been admitted into evidence. The other exhibits are all admissible under Fed. R. Evid. 703. That rule provides that "[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs

---

[1] Contrary to defendants' argument, there is no per-se ban on admitting expert reports into evidence. *See, e.g. Privitera v. Dillard Dept., Stores, Inc.*, 8 Fed. Appx. 920, 922 n.1 (10th Cir. 2001) (expert report admitted into evidence at jury trial); *Zachar v. Lee*, 363 F.3d 70 (1st Cir. 2004) (affirming admissibility of expert report). Similarly, this and other Courts have admitted articles, studies, and reports prepared by experts not retained for the litigation. *E.g. Staley v. Bridgestone/Firestone, Inc.*, 106 F.3d 1504, 1513 (10th Cir. 1997) (affirming admission of portion of OSHA report investigating accident at issue in the case); *Farmers & Merchants Nat. Bank v. Bryan*, 902 F.2d 1520, 1524 (10th Cir. 1990) (affirming admissibility of reports on defendant insurance company by Office of the Comptroller of the Currency, together with testimony of plaintiffs' expert).

their prejudicial effect." Fed. R. Evid. 703. The exhibits listed above are helpful to the jury to understand the basis for Mr. Hunsperger's opinions. Notably, regarding the City of Broomfield Issues Survey (P-1442 tab B and P-1453), Mr. Hunsperger is familiar with the Talmey-Drake organization that conducted the survey and will testify that this was a highly respected organization conducting such surveys in the Denver Metropolitan Area and their surveys were customarily relied upon by experts, such as Mr. Hunsperger, in property valuation. Moreover, the City of Broomfield relied upon the survey in making municipal decisions, for example, to discontinue use of the Great Western Reservoir.

Defendants have not articulated any type of prejudice arising from those surveys. Defendants do not claim that the methodology of the City of Broomfield survey is flawed, and defendants' multiple Daubert motions against Drs. Flynn and Slovic's survey (and to Mr. Hunsperger's reliance on that survey) have been rejected. The surveys are easy for the jury to understand and do not contain scandalous or otherwise inherently prejudicial material. As the probative value of the surveys outweighs their (non-existent) prejudice, they are admissible under Fed. R. Evid. 703.

Plaintiffs had earlier sought to use the City of Broomfield Issues Survey (P-1453 and Tab B to P-1442, also previously marked as P-211) with Charles Ozaki, a lay witness. The Court excluded the document for use with that witness. However, Dr. Hunsperger is an expert who relied on the survey as part of his work. The admissibility of the survey for the purpose of supporting Mr. Hunsperger's opinions is judged by the balancing test of Rule 703, under which, as discussed above, the exhibit is admissible.

Defendants object to exhibits **P-1454, P-1458, P-1459, & P-1460** (which are discussed

individually below) on the ground that they were not disclosed in Mr. Hunsperger's expert report. The basis of defendants' objection appears to be the Rule 26 disclosure requirement, the intent of which is to avoid unfair surprise and allow for effective cross-examination of expert witnesses. *See generally* Fed. R. Evid. 26, Advisory Committee Note (1993). However, Mr. Hunsperger did not rely on any of these exhibits in forming his opinion, nor will he modify his opinions from those expressed in his report based on these materials. Rather, these exhibits are offered as examples to help illustrate Mr. Hunsperger's previously disclosed opinions. Defendants' ability to cross-examine Mr. Hunsperger cannot be impaired where the exhibits at issue are consistent with his opinions.

**P-1454** is the current version of Advisory Opinion 9 by the Appraisal Standards Board. Mr. Hunsperger relied on the earlier version of this standard in defining his methodology for his report. Defendants will attack Mr. Hunsperger's methodology; this exhibit is relevant to show that his methodology is accepted by the organization that defines the standards for his industry. It is admissible for this non-hearsay purpose or, alternatively, as a record of a regularly conducted activity of the Appraisal Standards Board under Fed. R. Evid. 803(6), or as a learned treatise under Rule 803(18). In addition, professional standards are a proper subject for judicial notice under Fed. R. Evid. 201. *See, e.g. City of Cleveland v. Cleveland Elec. Illuminating Co.*, 440 F. Supp. 193, 206 (N.D. Ohio 1976) (taking judicial notice of ethical rules governing attorneys); *In re Calpine Corporation Securities Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (taking judicial notice of guidance from SEC).

Similarly, **P-1458**, an article about appraisal methods for contaminated property, is admissible for its non-hearsay purpose, that is, to show that Mr. Hunsperger's methodology is

4

generally accepted in the field.  It is also admissible as a learned treatise under Fed. R. Evid. 803(18).

**P-1459** and **P-1460** are the published versions of Mr. Hunsperger's report and Drs. Flynn and Slovic's report on news media coverage of Rocky Flats, respectively.  P-1460 has already been admitted in its unpublished form as P-1123, *see* Nov. 7 Tr. at 4223, and the Court recently denied defendants' renewed motion to exclude that report, *see* Nov. 30 Order.  Mr. Hunsperger's report is similarly admissible, *see supra* (discussion of P-1441 and P-1442).  P-1459 and P-1460 are helpful to show the jury that these experts' work has been peer-reviewed and published.

**PG-818**, **PG-950**, **PG-952**, **PG-947**, **PG-954**, and **PG-955**, which are graphics displaying Mr. Hunsperger's damages calculations converted to present-day dollars using the Consumer Price Index, are admissible consistent with this Court's ruling on the consumer price index conversion. *See* Nov. 30, 2005 Order.

**PG-884 – 885**, **PG-887 – 892**, and **PG-837** are all graphics that relate or summarize information in Mr. Hunsperger's report, and they will aid in the jury's understanding of his testimony.  The graphics contain no hearsay statements attributed to any witness; they simply relate information.  There can be no "prejudicial effect" as envisioned by Rule 703 because these documents simply illustrate facts on which Mr. Hunsperger relied.

**PG-784 – 793**, **PG-825**, **PG-856**, **PG-937 – 939**, **PG-943**, and **PG-954** depict data from the reports of Dr. Radke and Drs. Flynn and Slovic.  The Court has previously overruled defendants' motion in limine to prevent Mr. Hunsperger from discussing these experts' work. *See* Nov. 30, 2005 Order.  These exhibits are similarly admissible.

                                                                    Respectfully submitted,


Dated: December 4, 2005                      /s  Jennifer MacNaughton

                                                                    Merrill G. Davidoff
                                                                    Peter Nordberg
                                                                    Jennifer MacNaughton
                                                                    BERGER & MONTAGUE, P.C.
                                                                    1622 Locust Street
                                                                    Philadelphia, PA 19103
                                                                    (215) 875-3000
                                                                    Fax (215) 875-4604
                                                                    jmacnaughton@bm.net

                                                                    Gary B. Blum
                                                                    Steven W. Kelly
                                                                   SILVER & DEBOSKEY, P.C.
                                                                   1801 York Street
                                                                   Denver, CO 80206
                                                                   (303) 399-3000

                                                                   *Attorneys for Plaintiffs*