**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

       **v.**

**ROCKWELL INTERNATIONAL CORPORATION and**
**THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' MOTION TO EXCLUDE CERTAIN TESTIMONY**
**FROM MICHAEL NORTON**
_____

      Michael Norton is scheduled to testify early next week. Although his deposition has not yet been taken (it is currently scheduled for this Thursday, December 8), plaintiffs wish to alert the Court now to a potential issue, in sufficient time for the Court to consider it before Mr. Norton takes the stand.

      The issue involves potential attempts by defendants to offer testimony from Mr. Norton that the government determined not to prosecute Rockwell for certain offenses. Defendants have repeatedly sought to argue, to this Court and to the jury, that the government's decision not to prosecute certain crimes is evidence that Rockwell did not commit the underlying offenses or related misconduct. *See, e.g.* Tr. (11/22/05) at 6299 ("Rockwell criminally polluted the surrounding communities. But then it turned out that the head prosecutor didn't think so, and those claims were not prosecuted.").

Not only is such an inference logically illegitimate; it is also impermissible under this Court's rulings. *See, e.g.,* Jury Instruction 2.5 ("You should not consider the plea agreement or its content, however, or the fact that Rockwell did not plead guilty to additional crimes and that the government did not seek to prosecute Rockwell for any other crimes, in determining whether Rockwell committed any particular conduct at Rocky Flats in addition to the misconduct to which it pled guilty."); Tr. (8/22/05) at 6-8 ("I intend to bar Defendants from arguing or presenting evidence that the U.S. Attorney and the Department of Justice ultimately exonerated Rockwell from most of the conduct that had been alleged which will eliminate the need for Plaintiffs to argue and introduce evidence relating to the runaway Grand Jury, the congressional investigation into the Department of Justice's prosecution of Rockwell and similar evidence that might show that the Department of Justice acted improperly in failing to prosecute Rockwell more vigorously.").

Leaving aside the territory that this Court has already ruled to be off-limits, plaintiffs are skeptical that Mr. Norton can claim personal knowledge on any issue relevant to this litigation. Plaintiffs cannot be certain, however, until Mr. Norton's deposition is taken. Plaintiffs will therefore supplement this motion once the deposition is concluded.

Dated: December 5, 2005          s/ Peter Nordberg
                                 Merrill G. Davidoff
                                 Peter Nordberg
                                 Berger & Montague, P.C.
                                 1622 Locust Street
                                 Philadelphia, PA 19103
                                 (215) 875-3000

                                 Attorneys for Plaintiffs
                                 And the Class