IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

## DEFENDANTS' OBJECTIONS TO SUPPLEMENTAL EXHIBITS SOUGHT TO BE USED BY WAYNE HUNSPERGER

At 11:30 P.M. on December 4, ***the night before Wayne Hunsperger was scheduled to begin testifying***, Plaintiffs disclosed supplemental exhibits intended to be used by Mr. Hunsperger. These exhibits are G815, G961, P-1461, P-1462, P-1463, P-1464, P-1465, P-1466, and P-1467. Defendants object to the use of any of these exhibits by Mr. Hunsperger because Plaintiffs were late in disclosing them to Defendants. Per this Court's Order, exhibits must be disclosed the morning before a witness is scheduled to testify. (Ex. A, 9/28/2005 Order.) Yet Plaintiffs failed to disclose any of these supplemental exhibits until the night before Mr. Hunsperger was scheduled to testify. Moreover, Plaintiffs lack any excuse for their tardiness – the previous Hunsperger exhibits had been disclosed two weeks previously, on November 21. Under these circumstances, Plaintiffs should not be permitted to introduce exhibits that could easily have been disclosed in a timely fashion.

Additionally, Defendants object to the exhibits on the following grounds:

**G815 and G961:** Defendants do not object to G815 and G961 to the extent Plaintiffs seek to use them as demonstratives.

**P-1461:** Defendants object to P-1461 because it is hearsay not within any exception.

**P-1462, P-1465, P-1466, and P-1467:** Defendants object to these exhibits because Mr. Hunsperger did not cite or rely upon them in his expert report. Experts may not testify about documents that were not disclosed in their expert reports. *See In re Operazole Patent Litig.*, 2002 WL 287785, at * 7 (S.D.N.Y. Feb. 27, 2002) (barring expert witness from offering "previously undisclosed opinions or reliance" on documents that were not discussed in his expert report.); *see also* Federal Rule of Civil Procedure 26(a)(2)(B) ("The [expert] report shall contain . . . the data or other information considered by the witness in forming the opinions; any exhibits to be used a summary of or support for the opinions.") Because Mr. Hunsperger did not supplement his expert report to include these documents, the plaintiffs may not introduce them as part of his testimony.

**P-1462, P-1463, P-1464, P-1465, P-1466, and P-1467:** Defendants object to these exhibits because they are hearsay not within any exception. Documents otherwise inadmissible are not rendered admissible merely because an expert relied upon them. The only exception is when the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect. Fed. R. Evid. 703. Such evidence should not be admitted for substantive purposes. *See* McCormick on Evidence § 324.3 (2003 Pocket Part) ("[T]he proponent now has a much more substantial burden in showing how receiving the inadmissible evidence will aid the jury in evaluating the expert's opinion, as opposed to being misused by the jury for substantive purposes.") Defendants object to the admission of P-1462, P-1463, P-1464, P-1465, P-1466, and P-1467 purportedly relied upon by

Mr. Hunsperger in connection with his testimony because Plaintiffs cannot meet the balancing test of Rule 703 and they seek to offer documents for substantive purposes.

**P-1463 & P-1464:** Defendants object to P-1463 and P-1464 because Mr. Hunsperger cannot provide the required foundation.

**P-1465, P-1466, P-1467:** Defendants object to these exhibits because Plaintiffs apparently intend to use them in connection with Mr. Hunsperger's Consumer Price Index adjustment of Plaintiffs' alleged damages into 2005 dollars. For the reasons stated in Defendants' Motion to Exclude Evidence of Plaintiffs' Consumer price Index Adjustment for Property Damages, filed October 25, 2005, evidence of Consumer Price Index adjusted damages is inadmissible. Defendants recognize that on December 1, 2005, the Court rejected this position (12/01/2005 Order at 1) but include it here to preserve the record.

Dated: December 5, 2005

Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone: 312-861-2000
Fax:    312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone: 303-297-2900
Fax:    303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

 I hereby certify that on December 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

            /s/ Kari Knudsen
            Kari Knudsen (legal assistant)