IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONIES OF FRY, GROGAN AND VOILLEQUE**

---

Defendants hereby respond to Plaintiffs' motion to exclude the testimonies of Fry, Grogan and Voilleque.

## I.   INTRODUCTION

The Court already ruled that Dr. Fry may testify as a rebuttal witness. Dr. Wing was permitted to testify about the credibility of DOE science, including prominently DOE-funded epidemiology. Dr. Fry, who spent the better part of her career doing that DOE-funded epidemiology, should be permitted to rebut such testimony, as the court has ruled.

As for Dr. Grogan and Mr. Voilleque, Dr. Gale Biggs was allowed to testify about his work on the Governor's Scientific Panel and other committees and "about the historical events

surrounding his work." (11/7/05 Trial Tr. at 4207). Defendants offer these three witnesses for the same purpose.

In addition, unlike Drs. Wing or Biggs, Defendants' witnesses are being called to *rebut* factual assertions that Plaintiffs' placed in issue during Plaintiffs' case in chief.

There is no prejudice to Plaintiffs if these witnesses are called. Dr. Grogan has already been deposed; Dr. Fry is scheduled to deposed on Wednesday, December 7, 2005, and Dr. Voilleque is scheduled to be deposed before he is scheduled to testify.

## II.   DR. FRY

*First*, as Plaintiffs point out in their Motion to Exclude, the Court has already ruled that Dr. Fry can testify:

> Well, they're not being offered as expert witnesses, they're offered as rebuttal witnesses, and it's a question of when they may be called, and if they are to be called in the defense case and not limited to solely as a rebuttal witness, then you can take their depositions. If all they're going to do is stand up and say, we know Wing and he's a nut, I -- no disrespect intended -- but I'm just trying to express myself. If that's what they're going to do, then that's fine. They can call rebuttal witnesses to do that. . . . They really are being disadvantaged by the lateness of Dr. Wing's being permitted to testify. So if that's what they're going to do, they can do it."

(10/7/05 at 349-54). As discussed above, Dr. Fry is being called to rebut the testimony of Plaintiffs' witnesses, and Plaintiffs have offered no reason for the Court to revisit its prior order.

*Second*, Plaintiffs spend three pages laying out a long chronology of the events leading up to Defendants' decision to call Dr. Fry, but gloss over the critical facts. Plaintiffs did not list

2

Dr. Wing in their December 2003 witness list, nor did they supplement that list to include his name at any time thereafter -- until all *Daubert* briefing and argument was concluded. Relying on that, defendants did not list "rebuttal" witnesses to Dr. Wing. Plaintiffs try to make much of an e-mail sent in July 2004 stating the possibility of calling Drs. Clapp, Gochfeld and Wing. However, the e-mail did *not* say that Dr. Wing would be called but rather stated that they were checking with Dr. Clapp and another witness aside from Dr. Wing. "It is *unlikely* that we would not have to rely on testimony from all three." *See* Exhibit A to Plaintiffs' Response to "Defendants' Statement Identifying a Matter for Discussion at the August 22 Conference" (Aug. 20, 2005). As the Court knows, plaintiffs have always listed Dr. Clapp, including in their December 2003 list. Upon learning for the first time that Plaintiffs sought to call Dr. Wing *following* the 2005 *Daubert* hearings, Defendants moved to exclude Dr. Wing's testimony. Immediately after the Court's ruling that Dr. Wing would be permitted to testify, Defendants identified Dr. Fry as a rebuttal witness. (*See* Defendants' Statement Concerning Its Trial Witness List, 10/5/05 ). There will be no prejudice to Plaintiffs if Dr. Fry is permitted to testify; Plaintiffs are taking her deposition tomorrow, Wednesday, December 7, 2005. Moreover, Plaintiffs are in no position to make a claim of prejudice with regard to the timeliness of notification about a decision to call a witness. Plaintiffs did not even contact Dr. Joel Selbin to be a potential witness for their *direct* case until October. (*See* Selbin Dep. at 149 (Selbin testified on 11/9/05 that Plaintiffs' contacted him only "weeks ago.").)

**Third,** Dr. Fry will not be offering expert opinions -- as this Court has interpreted that process in connection, for example, with Dr. Biggs' testimony. Dr. Wing suggested in his

testimony that the DOE epidemiological studies were not credible, were inadequate and that the DOE's purported "conflict of interest" affected that science. (*See e.g.*, 11/16/05 Trial Tr. at 5680–5681; 5756–5757; 5783–5784). Dr. Fry spent the bulk of her career working in the field of epidemiology at DOE; she can factually testify as to the work with which she is familiar, including whether such a "culture" historically existed at DOE.

### III.   DR. GROGAN AND MR. VOILLEQUE

*First*, Dr. Grogan and Mr. Voilleque intend to testify factually as to the work that was performed by RAC as commissioned by the Health Advisory Panel. These witnesses are no different than Dr. Biggs who was permitted to testify as a fact witness about his work on the Governor's Panel and other committees. Dr. Biggs was allowed to testify about the "historical events surrounding his work including the fact that the [G]overnor's panel found Rocky Flats environmental monitoring systems inadequate in many ways." (11/7/05 Trial Tr. at 4207). Dr. Grogan and Mr. Voilleque will offer similar testimony about their work for RAC in performing the historical dose reconstruction and risk assessment for the HAP.

*Second*, Dr. Grogan already has been deposed for a full seven hours about her work on RAC's historical dose reconstruction; Dr. Voilleque is currently in Belarus and unavailable for deposition until December 14, 2005. While it is possible that Defendants will call Mr. Voilleque at some point in time on Friday, December 16, 2005, it is more likely that his testimony will not come until after the Christmas break. If Mr. Voilleque's direct testimony does occur on the 16th, plaintiffs will have his deposition testimony before that time, as daily transcripts can be

prepared—as was the case with Drs. Till and Grogan—and one will certainly be prepared in time for Plaintiffs' review before Mr. Voilleque's testimony.

For the forgoing reasons, Defendants respectfully ask the Court to deny Plaintiffs' motion to strike the testimonies of Drs. Grogan and Fry and Mr. Voilleque.

Dated:  December 6, 2005                               Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that on December 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                            /s/ Kari Knudsen
                                                            Kari Knudsen (legal assistant)