**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

No. 90-cv-181-JLK
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' MEMORANDUM IN RESPONSE
TO MOTION FOR RECONSIDERATION OR CLARIFICATION**
_____

Plaintiffs respectfully submit this memorandum in response to "Defendants' Motion for Reconsideration of the Court's Order Admitting Plaintiffs' Expert Reports or, in the Alternative, for Clarification of the Court's Order" (Dec. 4, 2005) [Ct. Rec. 1729].

**Defendants' Request for Reconsideration.**  There are three major grounds that can justify a motion for reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *George Carlson & Assocs. v. United States Bankruptcy Court (In re Zamora)*, 251 B.R. 591, 595 (D. Colo. 2000).  Motions for reconsideration are not a license for the losing party's counsel to get a second (or third) bite at the apple.  *Id.*

The Court has already ruled, on two previous occasions, that the expert reports at issue are admitted.  Defendants have alleged no change in the law or new facts that would warrant revisiting

those earlier rulings.  Nor have defendants shown clear error or manifest injustice.  Plaintiffs note (because defendants fail to mention it) that Mr. Hunsperger has relied on the reports of Drs. Flynn and Slovic.  Plaintiffs otherwise rest on the points raised in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Strike the Expert Reports of Drs. Budnitz, Goble, Slovic, and Flynn (Nov. 22, 2005) [Ct. Rec. 1713], which plaintiffs incorporate by reference.

**Defendants' Request for Clarification.**  Plaintiffs take no position on defendants' request for clarification, except to note what the Court already knows.  There has been a deluge of motion practice during this trial, and the Court currently has a number of pressing matters already pending before it.  The Court is not obliged to issue opinions in support of every evidentiary decision it may make during trial, nor to issue advisory opinions for the purpose of assisting parties in the preparation of their case.

Dated: December 6, 2005      s/ Peter Nordberg
                             Merrill G. Davidoff
                             Peter Nordberg
                             Berger & Montague, P.C.
                             1622 Locust Street
                             Philadelphia, PA 19103
                             (215) 875-3000

                             Attorneys for Plaintiffs
                             And the Class