**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

No. 90–K-181

---

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

---

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' HUNSPERGER CROSS-EXAMINATION DOCUMENTS**

---

Various of defendants' cross-examination exhibits for Mr. Hunsperger may be objectionable depending on the purpose for which they are used, foundational issues, etc. In addition, certain of the exhibits are objectionable on grounds previously raised by plaintiffs and rejected in the Court's pretrial rulings (e.g., documents relating to "prior market discount"). In addition, plaintiffs have the following specific objections.

**DX 759, 760, and 761** are learned articles that are inadmissible as hearsay and as unsponsored expert opinion under Fed. R. Evid. 702. Although the Federal Rules of Evidence permit learned treatises to be used for impeachment where the conditions of Rule 803(18) are satisfied, the rule also states that "the statements may be read into evidence but may not be received as an exhibit."

**DX 1228 through DX 1532** should not be admitted except for demonstrative purposes.

**DX 1522** appears to have a typographical error (table, first column, first line should read 1988, not 1998).  In addition, DX 1522 should be excluded under Fed. R. Evid. 403 as incorporating assumptions concerning the damage measure that are likely to confuse and mislead the jury because the relevant assumptions are either unstated (e.g., that the harm became complete and comparatively enduring in 1990) or incorrect (e.g., that the measure of damages depends on when plaintiffs sold their properties).

**DX 1526** should be excluded under Rule 403 on the same grounds and also because it is calculated to confuse and mislead the jury on the nature of the CPI adjustment.  The "loss" to class members under section 930 is computed by the applicable measure of damages at the time the harm became complete and comparatively enduring, not by varying annual amounts as the chart suggests.  Moreover, the function of the CPI adjustment is not to "predict increase in loss" under section 930 over time (a legally spurious concept), but rather to express plaintiffs' consummated damages in current dollars.

**DX 764** is a hearsay document that defendants apparently intend to offer to prove the truth of its contents, and it also relates to subjects beyond the scope of Mr. Hunsperger's report and his direct examination.  If it is ruled admissible in part for some specific purpose, there should be an appropriate limiting instruction.

**DX 1527** can have no material purpose except to confuse and mislead the jury by implying that the applicable damage measure is "before and after" or "purchase price versus sales price."  It should be excluded as irrelevant and also as more prejudicial than probative under Rule 403.  In any event, it should be not be admitted for other than demonstrative purposes.

**DX 1533** should be excluded under Rule 403 insofar as it purports to portray Dr. Radke's

regression results for a year (1996) for which Dr. Radke did not compute regression results. In any event, it should not be admitted for other than demonstrative purposes.

**DX 1534** should not be admitted for other than demonstrative purposes.

Dated: December 7, 2005                        /s Peter Nordberg
                                                                Merrill G. Davidoff
                                                                Peter Nordberg
                                                                Jennifer MacNaughton
                                                                BERGER & MONTAGUE, P.C.
                                                                1622 Locust Street
                                                                Philadelphia, PA 19103
                                                                (215) 875-3000
                                                                Fax (215) 875-4604
                                                                jmacnaughton@bm.net

                                                              Gary B. Blum
                                                              Steven W. Kelly
                                                              SILVER & DEBOSKEY, P.C.
                                                              1801 York Street
                                                              Denver, CO 80206
                                                              (303) 399-3000

                                                              *Attorneys for Plaintiffs*
                                                              *And the Class*