IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' STATEMENT CONCERNING HUNSPERGER EXHIBITS**

---

        Pursuant to this Court's request on December 6, 2005, Defendants hereby tender this Statement on the status of exhibits Plaintiffs have used in connection with Wayne Hunsperger. Defendants' Statement is divided into four categories: (1) exhibits that this Court has excluded; (2) exhibits that this court has received; (3) exhibits not used; and (4) Graphics. A chart of these exhibits is attached as Exhibit A.

**I.    EXHIBITS EXCLUDED**

        This Court has already excluded the following exhibits: P-1441, P-1442, P-1459, P-1460, P-1464. (*See* 12/5/2005 Trial Tr. at 6397 (P-1459 and P-1460); 12/6/2005 Trial Tr. at 6552-57 (P-1464), 6636-37 (P-1441 and P-1442).)

## II. EXHIBITS RECEIVED

The following exhibits have been received into evidence by the Court: P-240 (but without the attachments, which may not be further used or referenced by Plaintiffs), P-1451, P-1452, P-1453, and P-1461, P-1463, and P-1548.[1] (*See* 12/5/2005 Trial Tr. at 6333 (P-1451), 6394-95 (P-1452 and P-1453), 6332 (P-1461); 12/6/2005 Trial Tr. at 6503, (P-240), 6521 (P-1463).)

## III. EXHIBITS NOT USED

The following exhibits were not used by Plaintiffs during their direct examination of Mr. Hunsperger: P-1376, P-1454, P-1458, P-1462, P-1465, P-1465A, P-1466, P-1466A, P-1467, P-1538, P-1539, P-1548, and P-1555.[2] Notwithstanding the fact these exhibits were not used, as of the night of December 6, Plaintiffs were unsure whether they would nevertheless seek to have these exhibits offered into evidence. Because these exhibits were never used by Plaintiffs, they may not now offer them into evidence. In addition, for the reasons stated in Defendants' previous objections to Hunsperger exhibits, these exhibits are inadmissible in any event. For the convenience of the Court, Defendants hereby restate their objections to these exhibits:

<u>P-1376</u>: Defendants object to P-1376 because: (1) this Court previously sustained Defendants' objections to this exhibit when Plaintiffs sought to use it during the direct

---

[1] By filing this Statement, Defendants do not waive any objections they have to these exhibits. For the reasons stated in Defendants' Motion to Exclude Exhibits Sought to be Used on November 22, 2005 and Defendants Objections to Supplemental Exhibits Sought to be Used by Wayne Hunsperger, Defendants respectfully disagree with this Court's rulings admitting these exhibits into evidence and hereby preserve their objections to these exhibits.

[2] Although Plaintiffs were required to inform Defendants which exhibits were never offered, Defendants were unable to obtain from Plaintiffs such a list (*See* Kari Knudsen letter). Therefore, this list of exhibits may include exhibits that Plaintiffs never offered.

2

examination of Samuel Cassidy. (11/8/05 Trial Tr. at 4444); and (2) Mr. Hunsperger did not cite or rely upon it in his expert report. *See* Fed. R. Civ. P. 26(a)(2)(B).

**P-1454:** Defendants object to P-1454 for several reasons. First, it is irrelevant, in that Advisory Opinion 9 was revised in 2002 (*see* P-1454 at 147) and was not in effect at the time Mr. Hunsperger performed his work in 1996. The standards set forth in that opinion do not govern or apply to Mr. Hunsperger's analysis and should not be considered. *See Square 345 Assocs. Ltd. Pship v. District of Columbia*, 721 A.2d 963, 973 n.2 (D.C. 1998) (indicating that "a recent material change in the [appraisal] standards" warrants exclusion of the most current version). Second, it is hearsay not within any exception; Third, Mr. Hunsperger cannot provide the required foundation. Fourth, Mr. Hunsperger did not cite or rely upon it in his expert report.

**P-1458:** Defendants object to P-1458: (1) because it is hearsay not within any exception and contains hearsay within hearsay; (2) on foundation grounds; and (3) because Mr. Hunsperger did not cite or rely upon it in his report.

**P-1462:** Defendants object to P-1462 because: (1) it is hearsay not within any exception; and (2) Mr. Hunsperger did not cite or rely upon it in his report.

**P-1465, P-1465A, P-1466, P-1466A, and P-1467**: Defendants object to these exhibits because: (1) they are hearsay not within any exception; (2) Mr. Hunsperger did not cite or rely upon them in his report; and (3) because Plaintiffs apparently intend to use them in connection with Mr. Hunsperger's Consumer Price Index adjustment of Plaintiffs' alleged damages into 2005 dollars. For the reasons stated in Defendants' Motion to Exclude Evidence of Plaintiffs' Consumer price Index Adjustment for Property Damages, filed October 25, 2005, evidence of Consumer Price Index adjusted damages is inadmissible. Defendants recognize that on

3

December 1, 2005, the Court rejected this position (12/01/2005 Order at 1) but include it here to preserve the record.

**P-1538, P-1539, and P-1555**:  Defendants do not object to these exhibits.

## IV.  GRAPHICS

Defendants do not object to G814-G961, the graphics Plaintiffs used in connection with Mr. Hunsperger to the extent that Plaintiffs used them only as demonstratives.  However, none of these graphics may be used for any substantive purpose.

Dated:  December 7, 2005              Respectfully submitted,


/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                        /s/ Kari Knudsen
                                                        Kari Knudsen (legal assistant)