# Exhibit A

**TENDERED BY DEFENDANTS**
**PROPOSED INSTRUCTION REGARDING STIGMA EVIDENCE**

**CONSIDERATION OF EVIDENCE OF "STIGMA"**

    Plaintiffs seek an award of actual damages in this action caused by the asserted presence of plutonium contamination on the Class Properties (trespass) and/or interference with the use and enjoyment of the Class Properties through an increased risk of health problems or risk of future harm (nuisance). The measurement of any such damages, as I have instructed you, is the difference between the actual value of the Class Properties and the value these Properties would have had if Dow or Rockwell or both of them had not committed any trespass and/or nuisance proved by Plaintiffs (see Instruction 3.22).

    You have heard evidence regarding stigma and whether the value of Class Properties has been affected by stigma. Stigma evidence is not liability evidence. Stigma evidence is relevant only to the extent that it tends to prove the difference in the actual value of Class Properties and the value of Class Properties as it would have been absent any trespass and/or nuisance proved by Plaintiffs.

    **Authority:** Instruction 3.21 ("Actual damages are a monetary award to compensate a plaintiff for the loss *caused by the defendants' wrongful conduct.*") (emphasis added); Instruction 3.22; Instruction 3.24 ("[Y]ou should not consider or award any diminution in value caused solely by the proximity of the Class Area to Rocky Flats."); *see also Staley v. Segal*, 841 P.2d 379, 382 (Colo. Ct. App. 1992) (diminution in value attributable to proximity to neighboring hog facility insufficient to establish nuisance liability); *Adams v. Star Enter.*, 51 F.3d 417, 422 (4th Cir. 1995) (dismissing nuisance claim based on allegation that "the value of [plaintiffs'] properties has been substantially reduced as a result of the 'stigma' attached to the

community because of the oil spill"); *Berry v. Armstrong Rubber Co.*, 989 F.2d 822, 829 (5th Cir. 1993) (barring recovery "for reduced market value caused by a 'stigma' absent some physical damage to plaintiffs' land caused by the defendant"); *Wilson v. Amoco Corp.*, 33 F. Supp. 2d 981, 986 (D. Wyo. 1998) ("Plaintiffs in the instant matter may not recover damages based solely on stigma absent proof of some physical injury or harm to the specific Plaintiff's property (i.e., separate establishment of a claim for trespass, nuisance, or negligence)."); *Mercer v. Rockwell Int'l Corp.*, 24 F. Supp. 2d 735, 744 (W.D. Ky. 1998) ("Stigma damages are recoverable only in instances where there has been physical damage to the property in the first instance."); *Adkins v. Thomas Solvent Co.*, 487 N.W.2d 715, 717 (Mich. 1992) (dismissing claim for property depreciation where plaintiffs' "properties were not and would never be subject to ground water contamination).

# TENDERED BY DEFENDANTS
# PROPOSED INSTRUCTION REGARDING CLASS MEMBERS

**CLASS MEMBERS**

The Class consists of about 12,000 members. Before the trial, Defendants have not been permitted to talk to any of the class members who owned residences in the Class Area, because these class members are represented by counsel for Plaintiffs. Plaintiffs, on the other hand, have been allowed to talk to each of the class members to determinine which class members to call as witnesses. You have heard testimony from the class members that Plaintiffs have decided to call as witnesses. When judging this testimony, you may consider the fact that Plaintiffs had the opportunity to talk to many class members before selecting which class members to call as witnesses, and that Defendants have not had this same opportunity.

**Authority:** 9/12/94 Mem. Op. and Order at 8–10 (limiting discovery of absent class members to the "largest commercial landowners in the area").