## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

---

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO EXCLUDE THE TESTIMONY OF DR. SELBIN
AND DEFENDANTS OBJECTIONS TO EXHIBITS SOUGHT TO BE USED DURING
THE TESTIMONY OF DR. SELBIN**

---

Because these issues are related, Defendants consolidate their Reply to Plaintiffs'

Response to Defendants' Motion to Exclude the Testimony of Dr. Selbin and their Objections to

Plaintiffs' exhibits to be used with Dr. Selbin.

**I.    REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO
EXCLUDE THE TESTIMONY OF DR. SELBIN**

    **A.    Personal Knowledge**

Plaintiffs argue that under Defendants' view of the personal knowledge requirement, Dr.

Selbin should have conducted a "full-blown investigation into the motives, reasoning, and

activities of several government agencies." (*See* Plaintiffs' Response at 1).  Far from requiring a

"full-blown" investigation into the actions of government agencies, Defendants' view of the

"personal knowledge" requirement merely requires that a witness have more than hearsay

statements to back up the main topic of his testimony.   Plaintiffs' description of Dr. Selbin's

testimony demonstrates that Dr. Selbin plans on basing his opinions about DOE's conduct not on personal knowledge, but on the hearsay statements of other individuals. (*See* Plaintiffs' Response at 1 ("Multiple individuals, including Jeremy Karpatkin of DOE and possibly Steve Gunderson of CDPHE, ***explicitly told*** him the cleanup was limited by funding constraints") (emphasis added); *id.* ("Based on his ***conversations*** with representatives from the relevant government agencies…") (emphasis added); *see also* Selbin Dep. Tr. at 122–23 (testifying that the basis for his belief that the cleanup level was based on funding only, not on public safety, was an article published by Leroy Moore).) Dr. Selbin's testimony should be excluded in its entirety. In the event the Court allows Dr. Selbin to testify, he should not be permitted to introduce hearsay statements.

### B.     Hearsay

Plaintiffs make several arguments to admit Dr. Selbin's hearsay testimony, none of which have merit.

***First***, Plaintiffs suggest that these statements are admissible because they demonstrate the basis for Dr. Selbin's beliefs, and are not offered for the truth of the matter asserted. However, these statements, if admitted, will clearly be used to show the truth of the matter asserted—that DOE was guided by funding and not by a concern for public safety in determining the Radionuclide Soil Action Levels ("RSALS") at Rocky Flats. The fact that they ***also*** formed the basis for Dr. Selbin's own personal conclusions does not mean that they are only being offered for a non-hearsay purpose.

***Second***, Plaintiffs argue that these statements should be considered statements against interest because Karpatkin and Gunderson are DOE and CDPHE officials. Even if these individuals had authority to speak for their respective agencies, which there is no evidence that they do, Plaintiffs overlook a large part of the statement against interest exception to the hearsay

2

rule—the declarant must be unavailable.  Plaintiffs have made no showing that Karpatkin, Gunderson or any other agency or panel member is unavailable to testify and thus be subject to proper cross-examination about his or her statements.

*Third*, Plaintiffs ask the Court to determine that DOE is a party in interest and consider Mr. Karpatkin's statement an admission by a party opponent under Federal Rule of Evidence 801(d)(2).  As Defendants have repeatedly pointed out, the DOE was never named in this lawsuit and is not a party; therefore, statements of DOE employees are not admissions.  In addition, Plaintiffs have not shown that Mr. Karpatkin made these alleged comments within the scope of his employment at DOE.  In fact, Dr. Selbin testified that he and Mr. Karpatkin saw each other "at parties of mutual friends."  (*See* Selbin Dep. at 122–23).  It hardly appears that Mr. Karpatkin was acting in official capacity as a DOE employee when he made those statements.

## C.   Dr. Selbin's Testimony is Irrelevant, Confusing and Misleading

As argued previously, Dr. Selbin's testimony is irrelevant and prejudicial.  In arguing that such testimony will not be prejudicial to Defendants, Plaintiffs concede that his testimony will be irrelevant: "Dr. Selbin will testify about the actions of DOE, other agencies, and the RSALOP participants, not Dow or Rockwell's actions."  (*See* Plaintiffs' Response at 5).  Dr. Selbin has no knowledge of Defendants' conduct; he did not become involved with Rocky Flats until 1998, long after both Defendants ceased operation of the plant.   Furthermore, Plaintiffs argue that "this latest betrayal" by DOE to which Dr. Selbin will testify "is a likely source of uneasiness in the real estate market's perception of the class properties."  (*See* Plaintiffs' Response at 5).  DOE, CDPHE and EPA did not make their final RSAL determination until May 2003, long after the period to which plaintiffs' have limited themselves.[1]  Similarly, Plaintiffs' assertion that Dr.

---

[1] Evidence offered to show that the market's perception towards Rocky Flats was negative in later years will open the door to Defendants' rebuttal evidence on that issue.

Selbin's testimony is relevant to "future risk" is unfounded.  Dr. Selbin may be able to testify to the fact that Rocky Flats was cleaned up to 50pCi/g, but he has no expertise to testify to the risk that that particular RSAL poses to the class.  Nor does he have the expertise to testify, as Plaintiffs' assert, to the ways in which plutonium on the site may be "stirred up by natural forces . . . and transported downwind to the class properties." (*Id.*).  As such, Dr. Selbin's testimony is irrelevant to any issue in this case.

Furthermore, contrary to Plaintiffs' assertion, Dr. Selbin's testimony will only confuse and mislead the jury.  He is preparing to testify on the correctness of DOE's decision to adopt one RSAL over another.  However, as Defendants made clear in their initial motion, Dr. Selbin is not being offered as an expert and has not been qualified as an expert.  Thus, far from having any probative value, any testimony by Dr. Selbin regarding the appropriate clean-up level and risk to individuals living around the site will only tend to confuse and mislead the jury because Dr. Selbin does not have the requisite expertise to accurately testify to such matters.

## II.    MOTION TO EXCLUDE PLAINTIFFS' EXHIBITS

### A.    Dr. Selbin Is Not an Expert

As an initial matter, Defendants reiterate that Dr. Selbin is not an expert.  (*See* Selbin Dep. at 10 ("I am not an expert witness is my understanding."); *id.* at 8–10 (Selbin is not an expert in "epidemiology," "radiation health effects," "soil sampling," "radiobiology," "environmental transport monitoring" or "risk assessment.") *id.* at 7 (Plaintiffs counsel: "Dr. Selbin is not being offered as an expert witness."); *id.* at 8 ("Again, let's put a continuing objection on …[Defendant's] questions as to whether or not he holds himself out to be an expert.").)  Because Dr. Selbin is not an expert witness, he may not testify about opinions regarding any "scientific, technical, or other specialized knowledge within the scope of Rule

4

702." Fed. R. Evid. 701.  Yet, many of the exhibits tendered by Plaintiffs in connection with Dr. Selbin's testimony concern exactly the type of "scientific, technical, or other specialized knowledge" about which the Federal Rules prohibit a lay witnesses from testifying.  *See* advisory committee notes to Fed. R. Evid. 701 ("Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proferrring an expert witness in lay witness clothing.")  Consequently, Defendants object to the use of any of these documents that will permit Dr. Selbin to render an expert opinion or introduce matters requiring an expert opinion.

Moreover, because Dr. Selbin is not an expert, he is limited to testimony requiring personal knowledge. *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").  Dr. Selbin lacks this personal knowledge to testify regarding many of the matters contained in the exhibits which Plaintiffs have submitted to Defendants for their direct examination of Dr. Selbin. *See* Section II(B), *infra*.

**B.     Specific Exhibits**

Defendants object to P-1470 only to the extent that Dr. Selbin is not qualified to testify as to the surface and ground water standards set forth in the report because he has no personal or expert knowledge to testify to those aspects of the report.  Defendants raise no objection to the portions dealing with soil standards.

P-1473 is a New York Times article discussing plutonium contamination at the Hanford, Washington site.  Defendants object because it is hearsay not within any exception.  It has nothing to do with Rocky Flats-related market perception and goes only to the truth of the matter asserted.  Defendants also object because it is irrelevant in that it discusses plutonium in the soil

at Hanford, not Rocky Flats, and because Dr. Selbin lacks the requisite personal knowledge to testify about any issues at the Hanford plant.   Further, it is unduly prejudicial.

P-1474 is an article in "Nature" magazine discussing the transport of plutonium in the soil. Defendants object because it is hearsay not within any exception.  It has nothing to do with Rocky Flats-related market perception and goes only to the truth of the matter asserted. Defendants also object because it contains unqualified expert opinion and Dr. Selbin is not an expert in any scientific matters discussed therein.  Defendants further object because it is irrelevant in that it discusses plutonium in the soil at the Nevada Test Site, rather than Rocky Flats, and because Dr. Selbin lacks the requisite personal knowledge to testify about any issues at the Nevada Site.  Finally,  Dr. Selbin's speculation on the substance of the article would be confusing, misleading and unduly prejudicial.

P-1475 is an article in "Nature" magazine discussing the transport of plutonium in the soil. Defendants object because it is hearsay not within any exception.  It has nothing to do with Rocky Flats-related market perception and goes only to the truth of the matter asserted. Defendants also object because it contains unqualified expert opinion and Dr. Selbin is not an expert in any scientific matters discussed therein.  Finally, Dr. Selbin's speculation on the substance of the article is confusing, misleading and unduly prejudicial.

P-1476 is an Associated Press article entitled "Plutonium Migration Found in Nevada." Defendants object to P-1476 because it is hearsay not within any exception.  It has nothing to do with Rocky Flats-related market perception and goes only to the truth of the matter asserted. Furthermore, Dr. Selbin's lay testimony speculation on the substance of the article is confusing, misleading and unduly prejudicial.

6

P-1478 is a "Health Effects Report" by Joe Goldfield. Defendants object because it is not a government document and falls within no exception to the hearsay rule. Defendants also object because it contains unqualified expert opinion and Dr. Selbin is not an expert in any scientific matters discussed therein. Nor is there any evidence that Dr. Selbin has any personal knowledge of the substance contained within the document.

P-1480 is an *anonymous* document dealing with "air resuspension." Defendants object because it is hearsay not within any exception. It has nothing to do with Rocky Flats-related market perception and goes only to the truth of the matter asserted. Defendants also object because it contains unqualified expert opinion and Dr. Selbin is not an expert in any scientific matters discussed therein. Dr. Selbin's speculation on the substance of the article is confusing, misleading and unduly prejudicial. Finally, Plaintiffs have not identified the author of the document; as such Defendants object to it's authenticity.

P-1481 is an earlier draft of P-1471. Defendants object in that its probative value outweighs its cumulative and misleading effect on the jury.

Defendants object to P-1537. Plaintiffs have failed to identify any author of the document. Defendants object on the grounds that it is hearsay not within any exception; it contains expert opinion to which Dr. Selbin is not qualified to testify; the document is not authentic; and Dr. Selbin has no personal knowledge about or foundation with which to testify about the document.

For the forgoing reasons and based on Defendant's prior motion, the testimony of Dr. Selbin should be excluded. To the extent to which the Court denies Defendant's motion, the above objections to Plaintiffs' exhibits should be sustained.

Dated:  December 7, 2005

Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


/s/ Kari Knudsen_____
Kari Knudsen (legal assistant)

**Daily Objections to Exhibits for December 7, 2005**

| Ex. No. | Witness | Description | Basis for Objections |
|---|---|---|---|
| P 1468 | Selbin | Radionuclide Soil Action Level Oversight Panel | No objection |
| P 1469 | Selbin | Proposed Modifications and Additions to Attachments to the Rocky Flats Cleanup Agreement (11/12/02) | No objection |
| P 1470 | Selbin | Rocky Flats Environmental Technology SiteAction Levels and Standards Framework for Surface Water, Ground Water and Soils-Final RFCA Attachment 5 (5/28/03) | No personal knowledge of surface and groundwater standards |
| P 1471 | Selbin | Radionuclide Soil Action Level Regulatory Analysis, Revision 2 (1/24/01) | No objection |
| P 1472 | Selbin | RFCA Stakeholder Focus Group, May 9, 2001, Participant List | No objection |
| P 1473 | Selbin | New York Times article, "Admitting Error at a Weapons Plant" (3/23/98) | Hearsay, irrelevant, 403/prejudicial |
| P 1474 | Selbin | "Migration of plutonium in ground water at the Nevada Test Site," in Nature (1/7/99) | Hearsay, contains expert opinion, irrelevant, 403/prejudicial |
| P 1475 | Selbin | "Colloidal Culprits in contamination," in Nature (1/7/99) | Hearsay, contains expert opinion, 403/prejudicial |
| P 1476 | Selbin | Associated Press, "Plutonium Migration Found in Nevada" (1/7/99) | Hearsay, 403/prejudicial, irrelevant |
| P 1477 | Selbin | Radionuclide Soil Action Technical Summary Conclusions | No objection |
| P 1478 | Selbin | 11/1/98 Cover letter from Joe Goldfield attaching Revision V of Health Effects of Plutonium | Hearsay, contains expert opinion, foundation |
| P 1479 | Selbin | Radionuclide Soil Action Level Oversight Panel Project Update (2/1/00) | No objection |
| P 1480 | Selbin | Air Resuspension | Authenticity, hearsay, contains expert opinion, 403/prejudicial |
| P 1481 | Selbin | RFCA Stakeholder Focus Group Attachment I: Radionuclide Soil Action Level Regulatory Analysis (11/1/00) | P 1481 is an earlier draft of P 1471; 403/cumulative and misleading |
| P 1487 | Selbin | RAC Final Report Task 5: Independent Calculation (2/1/00) | No objection |
| P 1536 | Selbin | Letters from Radionuclide Soil Action Level Oversight Panel announcing completion of the technical review of the radionuclide soil action levels for the Rocky Flats Environmental Technology Site (2/10/00) | No objection |
| P 1537 | Selbin | Review of Radionuclides in Soils Cleanup Action Level Modeling: Final Draft Project Description (11/19/97) | Hearsay, contains expert opinion, authenticity, foundation |

I:\RockFlat\Trial 2005\Haywood\Selbin Objections.doc