IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-k-181

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO LIMIT THE SCOPE OF TESTIMONY OF DR. JOHN R. FRAZIER

---

Plaintiffs do not dispute that they have been on notice for over ten years that Defendants intend to call Dr. John Frazier to testify about subjects covered in the report of his long-time partner, Dr. Auxier. Instead, Plaintiffs seek to limit severely the scope of Dr. Frazier's testimony based on their claim that Dr. Frazier did not actually put pen to paper and ***write*** the text of most of the 1996 Auxier & Associates report. This contention is misplaced for several reasons.

First, Plaintiffs have never contended that Dr. Frazier's opinions were not fully disclosed or that they would be prejudiced in any way by the substitution. To the contrary, Plaintiffs have received comprehensive disclosures and deposed Dr. Frazier two days ago for nearly seven hours. Under the circumstances, there is no basis to limit Dr. Frazier's testimony. *See Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 10-11 (1st Cir. 2004) (allowing

substitution of expert where opposing party knew of replacement more than three months before trial date, knew content of opinion, and was "not hindered in its ability to formulate a response or adequately cross-examine the new expert").

Second, Dr. Auxier himself did not actually *write* the 1996 report.  That report purports to be "Prepared by: Auxier & Associates, Inc." (Ex. A, 1996 Auxier & Assoc. Report., Cover Page), and was a collaborative effort between health physicists practicing together in the Auxier & Associates firm – including Dr. Auxier, Dr. Frazier, and Dr. Howard Pritchard.  It was Dr. Pritchard – who is now deceased – that "was the coordinator of this document" and wrote many of the sections. (Ex. B, Frazier Dep. at 105.)  Like Dr. Frazier, Dr. Auxier only wrote "some of the sections himself."  (*Id*.)  There is no basis for Plaintifffs' argument that Dr. Auxier – who is now 80 years old[1] – is in a unique position to present the opinions in the 1996 report.

Third, contrary to what plaintiffs suggest, Dr. Frazier's role in preparing the 1996 report was hardly limited to "very narrow, specific portions" of the 1996 report.  Dr. Frazier testified that he wrote Chapter IV of the report, which dealt with standards for radionuclides in air and water.  (Ex. B, Frazier Dep. at 104.)  He also testified that he wrote parts of or otherwise substantively contributed to Chapters I, III, V, VI, and VII (*id*. at 107, 108, 110, 111) and

---

[1]   Defendants' decision – disclosed to Plaintiffs many years ago – to call Dr. Frazier rather than Dr. Auxier was not a "strategy" decision to call a "spokesman" who would be more effective. While Dr. Auxier is fortunate to be enjoying good health (for his age) at the moment, the fact remains that he is 80 years old, is partially retired, lives in Tennessee, and no longer works on very many projects. (*See* Ex. B, Frazier Dep. at 15.)  Because of the long duration of this case, Defendants do not believe Dr. Auxier remains able to present effective expert testimony.  Furthermore, Dr. Frazier is not merely a "spokesman"; he is a highly qualified health physicist, who had substantial involvement in preparing the 1996 report, two affidavits, and a supplemental report that affirmed the opinions in the 1996 report.

2

substantively reviewed all of Chapters II, VIII, X, and XI (*id.* at 109, 111, 112; *see also* Ex. A, 1996 Report, Table of Contents).  Dr. Frazier testified at his deposition that he would be able to testify about all of those portions of the 1996 report that he contributed to or reviewed (*id.* at 114), and explicitly affirmed the findings of the 1996 report in his 2004 supplemental report. (*See* Defs.' Resp. to Pls.' Mot. To Limit Scope of Testimony of Dr. Frazier, Ex. F at 1.)

Fourth, Dr. Frazier was instrumental in preparing the sections of the 1996 report – and subsequent affidavits and reports – dealing with the specific topics that Defendants expect to have him cover at trial.  For instance:

- Dr. Frazier wrote the section of the 1996 report dealing with applicable air and water standards (Chapter IV).  (Ex. B, Frazier Dep. at 104.)

- Dr. Frazier contributed to the section of the 1996 report dealing with Rocky Flats environmental monitoring program (Chapter V) in terms of presenting the information and making sure that it was consistent with information he had about the Rocky Flats program.  (*Id.* at 107.)  In addition, his 2004 supplemental report includes an updated discussion of the air sampling program at Rocky Flats.  (Defs.' Resp. to Pls.' Mot. To Limit Scope of Testimony of Dr. Frazier, Ex. F at 2.)

- Dr. Frazier substantively reviewed, commented on, worked with Dr. Pritchard to prepare, and may have written portions of the sections of the 1996 report dealing with environmental monitoring data and comparing those data to standards (Chapters VI and VII).  (Ex. B at 110-111.)

3

- Dr. Frazier contributed to and believes he may have written portions of the sections of the 1996 report dealing with human exposures to background radiation and fall-out (Chapter I).  (*Id.* at 108.)

Finally, Dr. Frazier has done extensive work since the 1996 report, captured in subsequent reports.  Dr. Frazier and Dr. Auxier jointly submitted an affidavit on February 3, 1999 that dealt extensively with standards and air monitoring issues.  On August 6, 2004, in accordance with this Court's deadlines for supplemental expert reports, Dr. Frazier submitted a supplemental expert report that not only affirmed the 1996 report, but also contained updated discussions of radiological standards, plutonium in off-site soil, air sampling at Rocky Flats, and the feasibility of removing plutonium from soil at Rocky Flats. (Defs.' Resp. to Pls.' Mot. To Limit Scope of Testimony of Dr. Frazier, Ex. F.)  (Defendants subsequently in 2004 offered Dr. Frazier for deposition, again in accordance with Court deadlines.)  Dr. Frazier has also reviewed the recent trial testimony of several of Plaintiffs' experts – in particular, Drs. Biggs and Budnitz – and was deposed at his nearly seven-hour deposition on December 5, 2005 regarding his reactions to these experts, as well as on the full range of topics covered in the 1996 report and his supplemental report and affidavit.

In short, it is fully appropriate for Dr. Frazier to testify regarding the topics and opinions in the 1996 Auxier & Associates report that he reviewed and participated in formulating.  Plaintiffs have been on notice for over a decade that Dr. Frazier would cover these topics; they have received two affidavits and a supplemental report from Dr. Frazier; and they have had an opportunity to depose Dr. Frazier on his opinions.

Their motion should be denied.

4

Dated:  December 7, 2005     Respectfully submitted,


     /s/ John E. Tangren
     One of the Attorneys for the Defendants
     David M. Bernick
     Douglas J. Kurtenbach
     Ellen Therese Ahern
     Mark J. Nomellini
     John E. Tangren
     KIRKLAND & ELLIS LLP
     200 East Randolph
     Chicago, Illinois  60601-6636
     Phone: 312-861-2000
     Fax:    312-861-2200

     Joseph J. Bronesky
     SHERMAN & HOWARD LLC
     633 Seventeenth Street, Suite 3000
     Denver, CO  80202
     Phone: 303-297-2900
     Fax:    303-298-0940

     Attorneys for Defendants ROCKWELL
     INTERNATIONAL CORPORATION and
     THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

I, hereby certify that on December 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/EFE system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO  80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, CO  80206
blumg@s-d.com

/s/ Courtney Biggins
Courtney Biggins (legal assistant)