IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' OBJECTIONS TO EXHIBITS SOUGHT TO BE ADMITTED BY PLAINTIFFS ON DECEMBER 8, 2005**

---

        Defendants hereby file their Objections to exhibits listed in Plaintiffs' motion to admit documents (filed December 8, 2005).

**I.**     **OBJECTIONS WITH RESPECT TO WHICH THE COURT HAS NOT ALREADY RULED**

        **P-637 and P-638**.  Plaintiffs wish to put statements made by defense counsel in argument over various legal issues to the jury.  Defendants strenuously object.  These exhibits should be excluded under Rules 402 and 403.

        *First*, these statements are not relevant evidence in this case.  As counsel for Plaintiffs has repeatedly argued during the trial (*e.g.,* Tr. 4147), arguments of counsel are not evidence.

Nor are Mr. Bernick's statements admissions.[1]  *See, e.g., Z.J. Gifts D-4, L.L.C. v. City of Littleton,* 311 F.3d 1220, 1233 (10th Cir. 2002) ("courts are reluctant to treat [counsel's] opinions and legal conclusions as judicial admissions"), *aff'd in part and rev'd in part (on other grounds),* 541 U.S. 774 (2004); *Guidry v. Sheet Metal Workers Intern. Ass'n, Local No. 9,* 10 F.3d 700 (10th Cir. 1993) (counsel's statement on prior appeal not admission because, among other reasons, it was "not sufficiently deliberate to rise to the level of a judicial admission"); *Taylor v. Allis-Chalmers Manufacturing Company*, 320 F.Supp. 1381, 1384-85 (E.D. Pa. 1969), *aff'd*, 436 F.2d 416 (3d Cir. 1970) (statements made by defense counsel in pretrial memorandum not permitted into evidence as admissions); *Childs v. Franco*, 563 F.Supp. 290 (E.D. Pa. 1983) ("statements by counsel of his or her conception of the legal theory of the case" not admissions); *see also* AMJUR EVIDENCE § 771 ("where there is ambiguity or doubt it is presumed an attorney did not intend to make a judicial admission during argument" & "statements of counsel's conception of the legal theories of the case are not binding judicial admissions").  Here, counsel's statements were an effort to determine the scope of the trial and/or the extent of this Court's July 2003 ruling regarding trespass.  Mr. Bernick was explaining, for instance, that he did not understand the Court's July 2003 ruling to go so far as to rule "that a trespass claim can be made out by the mere movement of plutonium particles invisible to all human beings."

---

[1]  Nor in any event did Mr. Bernick state that "Plutonium from the Rocky Flats plant has been deposited on the Class Properties and continues to be present there."  (Presumably that is why Plaintiffs wish to admit these exhibits, given their total lack of evidence on that point.)

Had the ruling gone that far (which the Court later explained it did not), counsel was proposing that this case might be cast in an entirely different posture. (P-638 at 33.)

*Second*, counsel's statements were made in a context the jury is not familiar with and would not understand. They were arguments made to help the Court decide various legal issues, such as what would be tried on a class-wide basis and whether the case is even triable. As such, they have no place before the jury.

*Third*, these exhibits consist of legal arguments on issues the jury is not called upon to decide. For instance, one of them relates to the statute of limitations argument that the Court has held is not part of this trial. (P-637 at 19) It also discusses the defense of coming to the nuisance, which the Court also has held is not part of this trial. (*Id.* at 20) The other, P-637, relates to what the instructions should be and contains discussions of the Federal Tort Claims Act, the *Hoery* and *Van Wyk* cases, and so forth. These exhibits would serve only to confuse the jury and to encourage them to consider issues not before them.

*Fourth*, these exhibits contain statements that are not only irrelevant, but are also unfairly prejudicial to Defendants. For instance, they discuss the following topics:

- a potential juror who was concerned about sitting on the jury in another case against Dow Chemical (P-637 at 16);
- defendants' assertions of preparedness to go to trial (*Id.* at 16);
- defense counsel's concerns about the lack of definition of and structural problems in the case (*Id.* at 16-18);
- discussions about what should be tried (*Id.*); and
- what issues should be before the jury (P-638 at 31-32).

3

*Finally*, these transcript excerpts contain comments from the Court about the evidence. (P-637 at 18 ("THE COURT:  Well, I think it plumed more as smoke than I do things that move through the ground."); *see also id.* at 20)  Some of the statements made by the Court in colloquy and inquiry will be confusing to the jury and extremely prejudicial.  For instance, the Court states "So, what we have is this continuing nuisance which has a prospective effect . . ."  (*Id.* at 20)  The Court was not stating that Plaintiffs win on their nuisance claim, but a jury could easily read the comment in that way.  Moreover, statements by the Court are not proper evidence.  *See, e.g., United States v. Deters,* 184 F.3d 1253, 1256 (10th Cir. 1999) ("[a] trial judge must be a disinterested and objective participant in the proceedings and must not create an appearance of partiality by supporting one of the parties"); *Johnson v. Colt Industries Operating Corp.,* 797 F.2d 1530, 1534 (10th Cir. 1986) ("we believe that the admission of a judicial opinion as substantive evidence presents obvious dangers."); *see also* CJS TRIAL § 133 (in general, it is improper for the judge presiding at a trial to indicate, by any comment or remark made in the presence and hearing of the jury, his or her opinion as to the weight or sufficiency of any evidence in the case, or as to what has or has not been established, or to state that particular facts have been proved, where they are in dispute, or that there is no evidence in support of a contention, where evidence has in fact been introduced).  Putting the Court's comments in these exhibits before the jury would be wholly inappropriate.

In sum, arguments made by defense counsel are not proper evidence.  These exhibits should be excluded.

4

**P1062**:  Defendants do not object to this RAC report, as the RAC reports offered by Defendants have also been admitted.

**P1465, P1465a, P1466, P1466a**:  Defendants object to these exhibits, which are statistical digests from the Federal Reserve Board and summaries of yearly averages of annual treasury bills.  These exhibits are confusing and will be incomprehensible to the jury.  They are also wholly irrelevant to any issue the jury is to decide.  Moreover, they improperly suggest to the jury that it is permissible for them to start making calculations based on interest rates if they ultimately award any damages.  The jury does not decide prejudgment interest and should not be given charts of interest rates.

**P1557**:  Defendants do not object to this exhibit so long as Defendants are given the opportunity to offer various other portions of the same report (including portions of the appendices).  The entire document is voluminous.  Therefore, Defendants will confer with Plaintiffs concerning which portions will be offered into evidence.

Dated:  December 8, 2005

Respectfully submitted,

/s/ Stephanie A. Brennan
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie A. Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000

Fax: 312-861-2200


Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone: 303-297-2900
Fax: 303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Kari Knudsen_____
Kari Knudsen (legal assistant)