IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO ADMIT DOCUMENTS**

**P-637 and P-638 (Statements by Defense Counsel)**

As a preliminary matter, plaintiffs merely seek to have defense counsel's statements made part of the record; plaintiffs do not propose giving the transcripts to the jury. Many of defendants' objections are premised on the assumption that the jury will receive copies of these exhibits. Plaintiffs do not wish to offer counsel's and the Court's discussions of extraneous matters found in these transcripts. Plaintiffs suggest that the relevant statements, the admissions that plutonium contaminated the class area, be read into the record, that this evidence be included in an instruction from the Court, or that the Court adopt other methods to present this information to the jury.

The fact remains, though, that defense counsel's clear statements on the record are valid judicial admissions or at the very least evidentiary admissions, and in the interests of honesty and fair play these statements should be admitted as evidence. Since at least 1999, defendants have

candidly and unambiguously admitted that, "[t]here is no question but the fact that at least with respect to most, if not all, of the people who were described as being class members, there is plutonium present on their property and it came from no place other than Rocky Flats." P-638 at p. 31. Yet when asked to stipulate to this basic, well-known fact, defendants refused. *See* Defendants' Objections to Identification of Stipulated Facts, filed Jan. 14, 2005 [Ct. Rec. 1315]; Plaintiffs' Response, filed Mar. 1, 2005 [Ct. Rec. 1329]; Defendants' Reply, filed Mar. 17, 2005 [Ct. Rec. 1330]. Defendants misled plaintiffs and the Court for years regarding the issues that would be tried in this case; this tactic is a prime example of the "trial by ambush" so abhorrent to modern legal practice.

The Court has full discretion to adopt defense counsel's repeated and unambiguous statements as judicial admissions that Rocky Flats did in fact leak plutonium into the class area. "Though statements in briefs or during oral argument are not necessarily binding admissions, we may consider them as such at our discretion." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 769 (10th Cir. 1997) (citing *Guidry v. Sheet Metal Workers Int'l Ass'n*, 10 F.3d 700, 716 (10th Cir.1993), modified on other grounds sub nom. *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 39 F.3d 1078 (10th Cir.1994), cert. denied, 514 U.S. 1063 (1995)). Statements of counsel are just as binding as statements by a party. *See Frank v. Bloom*, 634 F.2d 1245, 1251 (10th Cir. 1980) ("The factual matter contained in the pleadings is admissible as an admission by a party made by his agent acting within the scope of his employment."). Even statements in different litigation may be judicial admissions. *E.g. LWT, Inc. v. Childers*, 19 F.3d 539, 543 (10th Cir. 1994) (district court erred by

refusing to treat party's statements in pleadings in other litigation as judicial admissions).[1]

As discussed earlier, plaintiffs and the Court tried to memorialize defendants' plain statements as stipulations of fact, but defendants refused. The next best remedy available is to make those statements part of the record, and allow the jury to weigh those statements together with all of the other evidence in this case. This remedy is available even where a party's statements constitute evidentiary admissions rather than binding judicial admissions. *See O'Hearon v. Castleview Hosp.*, 156 F.3d 1244 (Table) (10th Cir. 1998) ("although assertions made in a superseded pleading are not binding judicial admissions, such assertions may be treated as ordinary evidentiary admissions. ... Consequently, they may be admitted against a party ..."). Reading an opponent's statement into the record is one recognized way to present a judicial admission or an evidentiary admission to the jury. *See Delano v. Kitch*, 663 F.2d 990, 1002 (10th Cir. 1981).

---

[1] The case law cited by defendants is not to the contrary. Two of those cases declined to find a judicial admission because the attorney's statement concerned a matter of *law*, not fact. *See Z.J. Gifts D-4, L.L.C. v. City of Littleton,* 311 F.3d 1220, 1233 (10th Cir. 2002) (legal conclusion regarding zoning law); *Guidry*, 39 F.3d at 716 ("Because the matter Mr. Guidry claims was admitted is a proposition of law, the doctrine of judicial admission is not applicable."). Plaintiffs here seek to use a factual admission by defense counsel: the fact that plutonium from Rocky Flats has contaminated the class area.

One case cited by defendants actually found that counsel's statement during closing arguments *was* a judicial admission. *Childs v. Franco*, 563 F. Supp. 290, 292 (E.D. Pa. 1983). A fourth case, *Taylor v. Allis-Chalmers Mfg. Co.*, 320 F. Supp. 1381, 1384-85 (E.D. Pa. 1969), involved statements in a pretrial memorandum, which was treated as a prelude to discussions and agreement and thus as a less formal document than a pleading. Here, defense counsel's statements were made in open court. In *Taylor*, the court implicitly acknowledged that counsel's statements in a pleading or at trial would be binding. *Id.* at 1385. The court recognized that an attorney's statement may constitute a judicial admission: "Certainly, an attorney's authority extends to making admissions in formal pleadings." *Id.* at 1385.

**P-1465, P-1465a, P-1466, P-1466a**
**(Statistical Digests and Charts: "Summary of Yearly Averages of Annual Treasury Bill")**

The one-year treasury bill interest rates are a well known benchmark for interest rates in the market.  Plaintiffs may wish to refer to these interest rate data during argument, during defendants' case, or during closing.  The interest rates are relevant as incontrovertible market data for a number of purposes: (a) mortgage interests rates are generally higher than one-year treasury bill rates; (b) treasury bill interest rates are a useful barometer of market interest rates which cash deposits can yield at a particular point in time; and (c) market interest rates are a measure of how much cash realized from property sales would have yielded in the years in question..

Respectfully submitted,

Dated: December 9, 2005

  /s   Jennifer MacNaughton
Merrill G. Davidoff
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS & CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*