IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-cv-181-JLK
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

      v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' PROPOSED INSTRUCTIONS REGARDING
STIGMA AND CLASS MEMBERS**
_____

Plaintiffs respectfully submit this memorandum in opposition to "Defendants' Proposed Instructions Regarding Stigma Evidence and Class Members" (Dec. 7, 2005) [Ct. Rec. 1755].

**The Proposed Stigma Instruction.**  The proposed instruction is unnecessary and would tend, if anything, to confuse the trier of fact.  The Court's existing instructions already set forth the elements for an actionable trespass and nuisance.  Defendants do not and cannot contend that any evidence or arguments presented to the jury to date have promoted confusion between those elements and the concept of market stigma.  It would be prejudicial to imply to the jury that plaintiffs were seeking to confound stigma with liability.  It would also be confusing and overwhelming to the jury to issue instructions relating to every phrase or term of art in this litigation.

In addition, the proposed instruction is misleading insofar as certain evidence may relate to both liability and stigma. For example, the Rockwell guilty plea is a judicial admission of certain misconduct and also had a stigmatizing effect when reported in the media. The Court's existing limiting instruction on media coverage (No. 2.7) is sufficient to achieve the result defendants seek.

**The Proposed Instruction on Access to Class Members.** The proposed instruction, for which defendants cite no legal authority, is misleading and improper. It is misleading because nothing has prevented defendants from seeking the Court's leave to take discovery from class members upon a bona fide showing of need. *See* Order of June 16, 1995 (Ex. A). It is improper because it singles out plaintiffs for a suggestion that the evidentiary deck has been stacked. The normal course is that parties to litigation may not be contacted ex parte, and plaintiffs have themselves been subject to limitations on what witnesses they could contact (e.g., defendant employees). To imply that ordinary and legitimate restrictions on ex parte contacts represent a basis for adverse evidentiary inferences would be legally unfounded and gratuitously prejudicial.

Dated: December 11, 2005

s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs
And the Class