**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

       **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' PROPOSED INSTRUCTION REGARDING
THE TYPE OF COMPENSATORY DAMAGES THAT CAN BE AWARDED**
_____

Plaintiffs respectfully submit this memorandum in opposition to "Defendants' Proposed Instruction Regarding the Type of Compensatory Damages That Can Be Awarded" (Dec. 8, 2005) [Ct. Rec. 1768].

First, the proposed instruction is unnecessary. The Court's existing instructions on damages already recite the nature of the damages sought by plaintiffs and identify the appropriate damage measure. *See, e.g.*, Instruction 3.22.

Second, the proposed instruction is inaccurate and misleading. In particular, defendants' proposed instruction mistakenly implies that the only "injury" claimed by plaintiffs is pecuniary – i.e., that plaintiffs have suffered no alleged harm except diminution in property value. That suggestion is contrary to the evidence as well as the Court's pretrial rulings. Indeed, the Court has

specifically held that mere diminution in value, standing alone, would not support a claim. *See, e.g.*, Order of May 17, 2005, at 9. For that very reason, plaintiffs have presented extensive evidence of risks associated with past and potential future releases of hazardous substances from Rocky Flats.

The *harm*s for which plaintiffs claim include health risks from past and potential future releases of plutonium and other hazardous substances from the site. Diminution in value, by contrast, is the *measure of compensatory damages* for those harms, from and after the time when the injurious situation became complete and comparatively enduring, under *Restatement (Second) of Torts* § 930. The Court's existing instructions preserve a clear and understandable distinction between the legal injuries alleged by plaintiffs and the applicable measure of damages for those injuries. Defendants' proposed instruction is designed to blur that distinction and/or to editorialize on the sufficiency of plaintiffs' evidence on legal injury. It should be rejected on both grounds.

Dated: December 11, 2005         s/ Peter Nordberg
                                 Merrill G. Davidoff
                                 Peter Nordberg
                                 Berger & Montague, P.C.
                                 1622 Locust Street
                                 Philadelphia, PA 19103
                                 (215) 875-3000

                                 Attorneys for Plaintiffs
                                 And the Class