IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

---

## AMENDED DEFENDANTS' PROPOSED INSTRUCTIONS REGARDING STIGMA EVIDENCE AND CLASS MEMBERS

---

Defendants hereby submit their proposed instructions regarding evidence of "stigma" and class member testimony (attached as Exhibit A).

**"Stigma"**: The concept of "stigma" has taken a prominent role in Plaintiffs' case. In their opening arguments, Plaintiffs' counsel alleged that "Rocky Flats created a stigma" (10/11/05 Trial Tr. at 490), and promised that "[w]e will talk all about stigma, and what it means, and what it has to do with this case" (*id.* at 708). The jury has since heard extensive testimony on stigma from plaintiffs' expert Dr. Paul Slovic, who discussed the meaning and causes of stigma. (11/7/05 Trial Tr. at 4244–4246.) According to Dr. Slovic, "nuclear technologies are one of the types of technologies that are stigmatized." (*Id.* at 4246.) Plaintiffs also intend to offer additional testimony regarding stigma through the testimony of Wayne Hunsperger. (*See* Ex. A, PG835 & PG836.) Mr. Hunsperger defines "stigma" as a set of risks that are distinguished from "real or scientifically quantifiable risks," but are rather risks that are "perceived." (*Id.*)

As they currently stand, the jury instructions do not once mention "stigma." Defendants believe, therefore, that an instruction advising the jury on the proper use of evidence relating to stigma is appropriate at this juncture. The jury has only been instructed that the measure of damages, if any, is the "difference between the actual value of the Class Properties and the value these Properties would have had if Dow or Rockwell or both of them had not committed the trespass and/or nuisance proved by Plaintiffs." (*See* Instruction 3.22.) But they have not been instructed regarding the proper role of evidence relating to "stigma" in this determination. Therefore, Defendants propose the attached instruction.

**Class Member Testimony:** Defendants have been barred, with only one exception, from conducting their own discovery with respect to absent class members in this case. (*See* Ex. B, 9/12/94 Mem. Op. and Order at 8–10 (limiting discovery of absent class members to the "largest commercial landowners in the area").) The only discovery available to Defendants relates to those absent class members who Plaintiffs have designated as witnesses. Counsel for Plaintiffs, on the other hand, enjoy unfettered access to communicate with every absent class member. Plaintiffs have elicited testimony in this trial from four of these absent class members—Charles Ozaki, Gretchen Robb, Karen Whalen, and Joseph Bowman—concerning their experiences living and owning property in the class area. Plaintiffs have had the opportunity to cherry-pick these witnesses and their personal stories from a pool of thousands of residential absent class members—a pool to which Defendants have had no access of their own.

This Court has already instructed the jury that some information is classified and has been made unavailable to both parties. (*See* Instruction No. 1.9.) Defendants seek an instruction that information regarding class members has also been made unavailable to Defendants, even though such information is available to Plaintiffs.

2

Dated:  December 11, 2005

Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Courtney Biggins
Courtney Biggins (legal assistant)

4