# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 90-K-181

MERILYN COOK, et al.,

    Plaintiffs,

-vs.-

ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY,

    Defendants.

*FILED*
*UNITED STATES DISTRICT COURT*
*DENVER, COLORADO*
*SEP 12 1994*
*JAMES R. MANSPEAKER*
*CLERK*

---

## MEMORANDUM OPINION AND ORDER

---

THIS MATTER came before the Court on August 16, 1994 for hearing on various discovery motions. Argument was presented by counsel, and all motions were then taken under advisement. Further argument will be waived. Any additional motions not covered in this Memorandum Opinion will be handled by separate order.

### DEFENDANTS' OBJECTIONS TO PROPOSED STIPULATED ORDER BETWEEN PLAINTIFF AND UNITED STATES DEPARTMENT OF ENERGY.

This litigation has been arduous. The assigned District Judge's review of the history of the discovery process is detailed in *Cook v. Rockwell Int'l Corp*, 147 F.R.D. 237 (D.Colo.1993). The discovery process has remained a war since issuance of that opinion, and it may never change.

The United States Department of Energy (DOE) is the owner of the Rocky Flats nuclear weapons plant (Rocky Flats). Defendant Dow Chemical Company (Dow) operated Rocky Flats until the mid-1970's. Defendant Rockwell International Corporation (Rockwell) then operated the plant until it was replaced in the 1980's by EG&G. This litigation is a class action dealing with alleged releases of

nuclear radiation and other problems that have lead allegedly to increased health problems for people living within the immediate Rocky Flats' area and for damages related to the negligence of Defendants.

DOE was served with a subpoena duces tecum by Plaintiffs pursuant to *Fed.R.Civ.P.*45. That subpoena requested production of documents related to Rocky Flats. DOE did not immediately produce the documents, and a motion for issuance of a contempt citation was filed. That motion has been deferred at the request of Plaintiffs and DOE.

DOE and Plaintiffs have presented to this Court a proposed stipulated order that would allow counsel for Plaintiffs access to a large number of documents and would allow for dismissal of the motion for issuance of a contempt citation. The Court has been advised that DOE may have upwards of twenty-one million documents concerning Rocky Flats. Not all of this number will be released under the proposed stipulated order, but a huge number will be available for review by counsel for Plaintiffs.

Defendants have now filed a joint objection to parts of the proposed stipulated order between DOE and Plaintiffs. Basically, Defendants object for the following reasons: (1) that the proposed order goes beyond what is permissible discovery in this case; (2) the order may waive privileges that may be asserted by Defendants; and (3) the proposed order does not provide a discovery cutoff. For these reasons, Defendants argue that this Court should not approve the order as tendered by DOE and Plaintiffs.

2

Defendants' arguments concerning the proposed order are interesting. As the Court understands previous positions of both Defendants, the documents held by DOE are the property of DOE. Defendants were hired to run Rocky Flats. Each did so and then left the plant. Documents were treated similarly with other United States Government property and were left at the plant site or with DOE at other locations. It is true that the contracts between DOE and Defendants provide for indemnification for litigation such as this.

An undisputed point is that DOE was the client of Defendants during the years that each Defendant ran the plant. The documents to be released for inspection are DOE property, not the property of Defendants. DOE has chosen to resolve the outstanding subpoena duces tecum, rather than further litigating various issues surrounding it. That decision was for DOE to make, not Defendants.

The objections of Defendants are not well taken. First, the breadth of scope of the documents is to be resolved at a later time. DOE was served with a subpoena duces tecum for production of documents. DOE is willing now to make available a large number of the documents. This case is no different from any civil case where a subpoena duces tecum is served upon a non-party. The admissibility of documents provided will be resolved at a later date. Defendants have no standing to object to the breadth of the agreement. Appropriate objections as to relevance and admissibility may be made prior to trial.

Second, Defendants have objected that release of the documents

3

may permit improper waiver of a valid privilege. This argument makes little sense to the Court. There is no question that DOE may not waive any valid claim of privilege that could be raised by Defendants. Yet, the position advanced in this case has been that Defendants were mere operators of the plant and that the documents left belonged to DOE. Defendants now argue as follows:

> In this unique situation where defendants' records were turned over to successor operators upon leaving the plan, there is a probability that at least some of the documents subject to a claim of privilege by Rockwell or Dow may be contained in some DOE collections.

Joint Motion at p.4. This appears inconsistent to this Court.

To have validity, the argument of Defendants would have to be that they retained ownership of some of the documents that had to be left. Those documents would have to contain privileged material where one of the Defendants was the client or otherwise in a position to raise a privilege. This arguments makes little sense as it appears clear the DOE owns the documents at issue. DOE may waive privileges that it has. It is unclear to this Court that a non-owner of a document and non-possessor of a privilege can block release of those documents. In addition, it is inconceivable that Defendants did not keep a complete list of documents left that would allow them to raise any privilege. Defendants seem to be saying that they have no idea what DOE intends to make available for inspection. If privileged documents were left, Defendants should be able to detail what should not be released. No such detail is provided in the motion.

Third, Defendants object because there is no time cut-off for

4

production of documents. This argument holds no water. A subpoena duces tecum may be served upon a non-party for production of documents in the discovery phase of a case or for trial. A party has no obligation to conduct discovery. If documents are listed in a pretrial order, they may be produced at trial by subpoena duces tecum. Admissibility and relevance would be determined at the time of trial.

According to the information provided to the Court, Defendants have had access to all documents in DOE possession pursuant to contractual rights. Indeed, Defendants are arguing in a separate motion that questions should not be posed to Daniel Comstock and others who have been examining DOE documents for the past three years. Defendants already have access to the documents. How can there be any prejudice to Defendants if Plaintiffs receive access to documents owned by DOE, when Defendants have had a prior opportunity to review them. This argument is unsupported by fact or logic.

The stipulated order between DOE and Plaintiffs is appropriate. The objections raised by Defendants are not well taken. The objections are unsupported legally and factually. The stipulated order will be signed by the Court.

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING DEPOSITION OF DANIEL COMSTOCK.

This Court previously allowed the deposition of Daniel Comstock (Comstock) to proceed. The Court allowed objections to be raised, and many objections remain. Defendants have filed motions for a protective order to limit further questioning of Mr.

Comstock.[1]

The Court finds that the issue dealing with Mr. Comstack can be simplified substantially.[2]  The information presented to this Court leads to following. When this litigation commenced, Dow contacted DOE pursuant to the contract that existed at the time DOW ran Rocky Flats. DOE has a duty to indemnify Dow for litigation costs, which means that the United States Government is picking up the tab for all defendants and non-parties who are involved in some way with Rocky Flats. DOE was asked to do some investigative work for Dow, and subsequently DOE referred Dow to the Los Alamos National Laboratories (LANL), run by the Regents of the University of California (Regents). Mr. Comstock is an employee of LANL and was directed to start searching for documents for Dow and Rockwell.

Defendants have now claimed that Mr. Comstock's work is protected from disclosure under *Fed.R.Civ.P.* 26(b)(3). It is claimed to be work product. *Upjohn Co. v. United States*, 449 U.S. 383 (1981); *see also Ryall v. Appleton Elec.Co.*, 153 F.R.D. 660 (D.Colo.1994). This Court has previously ordered release to Plaintiffs of all documents found by Mr. Comstock in his search, but allowing for privilege to

---

[1] The Court was advised that other individuals may be deposed who would be in a similar position to that of Mr. Comstock. The Court will try to resolve the underlying general issue that is relevant to all of these witnesses.

[2] The Las Alamos Laboratories and Regents of the University of California raised the issue of jurisdiction. The argument was that the subpoena duces tecum was served in New Mexico, and any disputes as to the document production and deposition should be resolved by the U.S. District Court in that District. No one argued this point at the hearing, and this Court will deem that it has been abandoned.

6

be claimed as to documents existing outside of those produced from DOE archives and similar sources.

It is not with great enthusiasm that the Court has come to the conclusion that work-product protection does exist for work done by Mr. Comstock and others who were directed by Defendants to search for documents in DOE files and repositories. Since DOE is an indemnitor and LANL was directed by DOE to work on behalf of Defendants, the clear conclusion is that Mr. Comstock was part of the defense team. His status makes his work subject to the work-product doctrine.

The Court notes that this claim of privilege was made at the absolute last minute. Plaintiffs allege, with some basis, that this claim was made after other attempts to block assess to Mr. Comstock had failed. Defendants are required to assert any similar claim promptly when a deposition has been scheduled or other discovery request has been made.

The Court does agree with Defendants that the stipulation between DOE and Plaintiffs will allow like access to all DOE files. It is ironic that Defendants would raise the stipulation as a defense to the deposition, while arguing that it should not be approved in a separate motion.

This Court has come to the conclusion that the work-product doctrine applies, despite significant and legitimate arguments that it should not or that it should be set aside. The number of documents at issue in this case is mind boggling. Plaintiffs argue that the doctrine should not apply, as it precludes simplification

7

of the discovery process. Absent the DOE stipulation, this issue would have to be reviewed differently.

Defendants should note also the requirements set forth in *Ryall v. Appleton Elect.Co.*, *supra*. There is no question that Plaintiffs have made valid and legitimate requests for documents. Defendants have fought to preclude access to these documents, and indeed, continue to fight to preclude access to the DOE documents. If Defendants plan to use a document at trial, it will have to be disclosed to Plaintiffs. That disclosure will need to come before the end of the discovery period. As in *Ryall*, no disclosure will preclude use later at trial.

The Court thus finds that Mr. Comstock was working at the behest of Defendants. The work-product doctrine applies. A further deposition of Mr. Comstock is precluded at this point. If similar claims are being made concerning other LANL employees, then appropriate motions for protective order should be filed within fifteen days.

### PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs have filed a motion for protective order to preclude depositions of absent class members. These depositions are primarily to obtain documents from commercial landowners within the immediate area to Rocky Flats. Defendants oppose any limitations on these depositions.

Class certification has been ordered. Plaintiffs argue that no discovery should be allowed as to absent class members, as that defeats the entire class action process. Defendants argue that they

8

are entitled to information concerning property values and damages, as the issue is before the Court and will have to be dealt with. It is clear that the law generally limits discovery to absent class members after certification has occurred. *Gardner v. Awards Marketing Corp.*, 55 F.R.D. 460 (D.Utah 1972). Necessity must be shown, and a court has the power to limit discovery.

In this case, a number of factors are at play. First, there is little question that class certification has occurred. Second, one of the issues argued in favor of class certification was that damages would exist in the area in question, but that individual landowners would be unable to commence litigation on their own. Mr. Hunsperger's affidavit that was presented in support of the motion for class certification has already raised the issue of property damages within the area surrounding Rocky Flats. Plaintiffs' argument that their economic theory has yet to be presented is not well taken, in light of the previous information submitted from Mr. Hunsperger.

Third, there is a finite amount of time left to complete discovery. Defendants know that an issue of damages is present, and they have a right to prepare to defend against the issue. Fourth, the Court is satisfied that the parties to be deposed are the largest commercial landowners in the area in question. Fifth, the issue of class damages is different in this case than it would be in a securities fraud or similar case. Not every property owner may be affected in the same way. A blanket opinion as to damages by an expert may not correctly reflect what has occurred on a specific

9

piece of property. Sixth, none of the class representatives is a large commercial property owner.

Having detailed all of these considerations, the Court believes that limited discovery as to these absent class members is appropriate. The Court specifically finds that Exhibit A is far too broad and onerous to be authorized. Further, much of the information being sought can be secured through public sources, such as purchase or sales prices, assessor valuations, and improvements that were made (available through local building departments).

The Court will allow the following as to Exhibit A:

1. Limited to information concerning initial purchase price.
2. Limited to the nature of improvements made and the valuations by the owner as to those improvements.
3. Not authorized.
4. Authorized as to all requested documents.
5. Not authorized. Available from public sources.
6. Not authorized
7. Limited to listing agreements, and sales brochures and information.
8. Not authorized
9. Authorized as to all requested documents.
10. Not authorized at this time.
11. Not authorized, except as may have been produced in response to #9.
12. Not authorized.
13. Not authorized.
14. Not authorized.

The information authorized will allow Defendants to prepare for the damages portion of the case.

IT IS HEREBY ORDERED that Defendants' Joint Motion objecting to the stipulation between DOE and Plaintiffs is denied; and

IT IS FURTHER ORDERED that Defendants' motion for protective order as to Daniel Comstock is granted; and

10

IT IS FURTHER ORDERED that Plaintiffs' motion for protective order as to discovery from absent class members is granted, except to the extent set forth in this Memorandum Opinion; and

IT IS FURTHER ORDERED that all other discovery motions shall be resolved in a separate order.

DATED and ENTERED this 12th day of September, 1994.

BY THE COURT:

RICHARD M. BORCHERS
United States Magistrate Judge

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 90-K-181

Bruce H. DeBoskey, Esq.
Steven W. Kelly, Esq.
SILVER & DeBOSKEY
1290 Broadway, #700
Denver, CO 80203-5607

Ronald Simon, Esq.
CONNERTON, RAY & SIMON
1920 L St., NW, 4th Fl.
Washington, DC 20006

Joseph J. Bronesky, Esq.
Christopher Lane, Esq.
SHERMAN & HOWARD
DC Box 12

Mark S. Lillie, Esq.
KIRKLAND & ELLIS
DC Box 09

Richard Kaufman, Esq.
AUSA

R. Bruce McNew, Esq.
Suite 902
913 N. Market St.
Wilmington, DE 19801

Louis W. Pribila, Esq.
The Dow Chemical Co.
2030 Willard H. Dow Center
Midland, MI 48674

Kenneth A. Jacobsen, Esq.
John D. Stoner, Esq.
Christopher T. Reyna, Esq.
CHIMICLES, JACOBSEN & TIKELLIS
361 W. Lancaster Ave.
Haverford, PA 19041

Joseph F. Yenouskas, Esq.
Franklin D. Kramer, Esq.
Patrick Hanlon, Esq.
1800 Massachusetts Ave., NW
Washington, DC 20036

Stanley M. Chesley, Esq.
WAITE, SCHNEIDER, et al.
1513 Central Trust Tower
Cincinnati, OH 45202

Daniel Satriana, Esq.
Sean R. Gallagher, Esq.
HALL & EVANS
DC Box 05

David Bernick, Esq.
Kevin T. Van Wart, Esq.
KIRKLAND & ELLIS
200 East Randolph Dr.
Chicago, IL 60601

Merrill Davidoff, Esq.
Daniel Berger, Esq.
Peter B. Nordberg, Esq.
BERGER & MONTAGUE
1622 Locust St.
Philadelphia, PA 19103-6365

Robert Golten, Esq.
1881 9th St., #216
Boulder, CO 80302

I certify that I mailed a copy of the attached to the
person listed above on _____Sept. 13, 1994_____.

_A Boudreaux_
                                    Secretary/Deputy Clerk