IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

MERILYN COOK, et al.,

    Plaintiffs,

       v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

### MOTION TO EXCLUDE DEFENDANTS' UNTIMELY EXPERT EVIDENCE REGARDING DOSE CALCULATIONS

At the deposition of Dr. John Till on December 1, *nine years* after the Court's deadline for the disclosure of expert testimony and *one year* after the deadline for supplemental reports, plaintiffs learned for the first time that defendants have retained new experts who, in the past few months, calculated radiation doses for the individual class members. *See* Till dep. at 184-88 (Ex. 1). This belated expansion of defendants' experts' work is in direct violation of Rule 26 and the Court's scheduling orders and should be excluded.

**I.   COMPLIANCE WITH MOTIONS PRACTICE ORDER**

Pursuant to the Order Limiting Motions Practice During Trial (Nov. 10, 2005) (the "Motions Practice Order") [Ct. Rec. 1626], plaintiffs make the following representations.

**A.   Timeliness of Motion**

Under the defendants' most recent witness schedule, dated December 8, 2005 (attached as

Ex. 2), none of the witnesses at issue will testify within the next four trial days. Plaintiffs are not sure which expert will testify to this data; plaintiffs' inquiry on this subject to defendants has not been answered. *See* Dec. 4, 2005 email from Peter Nordberg (Ex. 3).

**B.     Prior Motions and Rulings**

Defendants' new dose calculation work has not been the subject of a previous motion in limine because plaintiffs were not informed of the dose calculations until December 1. Defendants have not listed Mr. Rood as a testifying witness, and defendants' most recent complete witness list does not include Dr. Spitze. *See* Defendants' Witness List, filed Nov. 23, 2005 [Ct. Rec. 1714]. Plaintiffs' previous motion regarding Dr. Grogan, filed December 4 [Ct. Rec. 1728], was based on defendants' belated disclosure of Dr. Grogan as an expert witness; the motion did not address the new dose calculations.

**II.     ARGUMENT**

Defendants' new dose calculations violate every deadline set by this Court concerning expert disclosures: the *identity* of expert witnesses was to be disclosed in 1995, the parties were to exchange expert reports in 1996, and the last deadline for supplemental expert reports was August, 2004. Defendants' new dose calculations far exceed the scope of any of their experts' previous reports. Defendants have also engaged several new experts, including Ken Spitze, Helen Grogan, and Art Rood, to perform this work; these experts were not even hired before the 1995 deadline for disclosures of expert witnesses. *See* Till Dep. at 185 (Ex. 1); Grogan Dep. at 36-41 (Ex. 4); Dec. 3,

2005 letter from Scott A. McMillin to Peter Nordberg (Ex.5).[1]

After this revelation at Dr. Till's deposition, defendants hastily sent a letter to plaintiffs transmitting the dose evidence and claiming that they had notified plaintiffs about this evidence in a September 29, 2005 letter. *See* letter from Scott A. McMillin to Peter Nordberg dated Dec. 3, 2005 (Ex. 5). This statement is not true: the September 2005 letter contains *no mention* of any new dose calculations. *See* letter from Scott McMillin to Peter Nordberg dated Sept. 29, 2005 (Ex. 8).[2] In any event, September 2005 is still well after the deadlines for expert disclosures.

Admission of this entirely new expert testimony would be prejudicial to plaintiffs and would violate Fed. R. Civ. P. 37(c)(1). Rule 26(a) requires that expert witnesses must be disclosed on the schedule decided by the Court or else 90 days before trial, Fed. R. Civ. P. 26(a)(2)(C), and must submit a written and signed expert report, Fed. R. Civ. P. 26(a)(2)(B). The dose calculations were disclosed only after the fact of their existence leaked out at a deposition. It is now nine years after

---

[1] The identity of Dr. Spitze was first disclosed on September 17, 2005. *See* Sept. 17, 2005 email from Mark Nomellini (Ex. 6). Defendants claimed Dr. Spitze "will only be called to testify to the foundation for the physical models we plan to use in the courtroom as well as electronic versions of the models." Sept. 24, 2005 email from Scott McMillin (Ex. 7). Dr. Spitze no longer appears on defendants' most recent witness list, *see* Defendants' Witness List, filed Nov. 23, 2005 [Ct. Rec. 1714]. Dr. Grogan was named as a witness on November 23, *see* Defendants' Witness List of November 23, 2005 [Ct. Rec. 1714]. Mr. Rood's identity was only revealed by Dr. Till at his deposition on December 1, and his involvement in the dose calculations was revealed by Dr. Grogan on December 2, and confirmed by defendants in their letter the next day. *See* Till Dep. at 190 (Ex. 1); Grogan Dep. at 40 (Ex. 4); Dec. 3 letter (Ex. 5).

[2] The pertinent segment of the letter lists as one subject for a demonstrative exhibit: "Depictions of RAC's calculations, including quantities released, air concentrations, doses, risks and amounts deposited from all modeled events, including the 1957 fire, the 1969 fire, the 903 pad and routine operations." *Id*. at 2. The letter does not mention new dose calculations that were underway at the time this letter was sent.

3

the deadline for disclosures of the identities of defendants' experts, and one year after the deadline for supplemental reports. Moreover, the dose calculations were not even submitted as part of a signed expert report under Fed. R. Civ. P. 26(a)(2)(B); the results of the calculations were simply delivered on a computer disk and later as two boxes' worth of spreadsheet printouts. *See* Dec. 3 letter (Ex. 5); Dec.9, 2005 letter (Ex. 9).

This surprise expert evidence is extremely prejudicial to plaintiffs. It is impossible for plaintiffs to conduct adequate discovery to assess the validity of the dose calculations halfway into this trial. To adequately evaluate and rebut this evidence, plaintiffs would have to retain an expert to examine the data and conduct further discovery, and possibly retain a rebuttal expert to issue his or her own report. *Cf. Canales v. Principi*, 220 F.R.D. 627, 629 (D. Colo. 2004) (finding disclosure of expert witness two weeks before trial to be unduly prejudicial). It is also noteworthy that defendants gave the actual dose data to plaintiffs only *after* the depositions of Dr. Till and Dr. Grogan, two of the experts involved in the dose calculations. Moreover, defendants did not give any timely notification of this new expert project, but rather, the information was exposed at a deposition. If this trial is to be concluded in an orderly fashion and in a reasonable amount of time, defendants' endless proliferation of expert witnesses and expert evidence must end.

Defendants' new dose calculations are not a permissible supplement under Rule 26 because no other expert had performed this type of dose calculation work before. To be a proper supplement, the report must normally correct an inaccuracy or incorporate new information. *See* Fed.R. Civ.P. 26(e) (requiring supplementation if information is "incomplete or incorrect"); *Beller v. United States*, 221 F.R.D. 689, 694-95 (D.N.M. 2003) (striking untimely supplemental expert report that offered

new opinions not previously disclosed); *Schweitzer v. Dekalb Swine Breeders, Inc.*, 954 F. Supp. 1495, 1509-10 (D. Kan. 1997) (striking portions of supplemental expert affidavit that exceeded the scope of previous report). Dr. Till and Dr. Grogan admitted in their depositions that the dose calculations had all been made within the past several months. *See* Till Dep. at 184-85 (Ex. 1); Grogan Dep. at 40 (Ex. 4). None of defendants' previous expert reports contains a calculation of doses for 12,000 absent class members. *See, e.g.* Till Dep. at 188 ("Q. Other than these calculations that you believe were done within about the last month, have you ever calculated yourself or has RAC ever calculated any doses for real people? . . . A No. Not that I recall"). While Dr. Grogan tried to portray the dose calculations as based on the RAC formulae, *see* Grogan Dep. at 37-38 (Ex. 4), the fact remains that this type of calculations had never been done before, *see id.* at 38, and moreover the RAC study is not an expert report in this case. In any event, this new expert evidence was disclosed over a year after the deadline for supplemental expert reports, in violation of this Court's Order and defendant's duty to supplement their expert disclosures under Rule 26(e).

Nor do the 12,000 dose calculations for absent class members rebut any evidence in plaintiffs' case. Plaintiffs have not performed individual dose calculations for 12,000 absent class members. Moreover, Federal Rule of Civil Procedure 26(a)(2)(C) requires that all rebuttal experts be disclosed 30 days after the initial expert disclosure. *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-07 (9th Cir. 2001) (excluding rebuttal expert whose report was filed after 30-day time limit of Rule 26). That deadline lapsed in 1996. Although defendants have not responded to plaintiffs' inquiry as to which expert will present this dose evidence, none of the experts who are known to have worked on the dose calculations (Dr. Till, Dr. Grogan, Mr. Rood,

or Dr. Spitze) were disclosed by the 1996 deadline.

Defendants' audacious attempt to introduce new expert evidence nine years after the deadline for expert disclosures, and well into the actual trial of this case, has no good-faith justification in law or fact.  Accordingly, the evidence should be barred under Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.").  None of plaintiffs' expert's testimony came as a surprise to defendants; plaintiffs' experts on health effects (Dr. Clapp and Dr. Goble) submitted their reports 1996 and have not changed or supplemented their opinions.  Plaintiffs presented no other "new" evidence regarding health risks that could possibly justify defendants' new dose calculations.  There is no justification for defendants' belated expert evidence.

### III.   CONCLUSION

For the reasons stated above, plaintiffs respectfully request that the Court enter an order barring defendants from presenting their new dose calculation evidence at trial.

Respectfully submitted,

Dated: December 11, 2005

   /s   Jennifer MacNaughton
Merrill G. Davidoff
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

6

Louise Roselle
WAITE SCHNEIDER BAYLESS &
CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*