IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

---

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO EXHIBITS USED DURING THE CROSS-EXAMINATION OF RONALD AVERY

---

  Defendants hereby reply to plaintiffs' opposition to defendants' exhibits DX 273, 291, 295, 281, 485 and 1045.

  **DX 273, 291 and 295.** Plaintiffs object to these exhibits as hearsay, and possibly hearsay within hearsay. Plaintiffs further object that these documents have not been sufficiently identified or authenticated. DX 273 is the oxygen log for the 771 incinerator, DX 291 is the dirty caustic log for the 771 incinerator and DX 295 is the ash removal log for the 771 incinerator. These logs are all Rockwell records associated with the running of the 771 incinerator kept contemporaneously with its operation as part of a regular business practice. As such, they are within the business records exception to the hearsay rule, *see* Fed. R. Evid. 803(6), and are self-

authenticating.  *See* Fed. R. Evid. 902(11).  Mr. Avery acknowledges that Rockwell kept such records. (*See* Tr. at 3836:14-3837:11.)  (*See also* Tr. at 3893:23-3894:10.)

**DX 281.**  Plaintiffs complain that this memorandum is hearsay and that the attached chart is hearsay within hearsay that may depend on expert opinion.  DX 281 is an EG&G Rocky Flats memorandum regarding plutonium effluent air stack data which simply attaches in chart form the plutonium effluent air stack data for the Building 771 main stack from 1988 through the present.  DX 281 is an EG&G business record which includes a chart compiled using the business records from Rocky Flats.  As such, it is admissible under the exception provided by Federal Rule of Evidence 803(6).  Moreover, the attached chart is merely a summary of the air monitoring data and should be admissible as such in accordance with Federal Rule of Evidence 1006.  The data does not depend on expert opinions.  Defendants sought to use this exhibit with a lay witness, and plaintiffs have made no showing that his document is so technical that it requires an expert opinion.

**DX 485.**  Plaintiffs assert that this graphic is hearsay and lacks foundation.  DX 485 is merely a graphic representation of the plutonium effluent air stack data provided in DX 281, which falls within the business records exception to hearsay as explained above.  *See* Fed. R. Evid. 803(6).  As for the foundation for this graphic, DX 281 is self-authenticating.  *See* Fed. R. Evid. 902(11).  Like the chart attached to DX 281, this is merely a summary of the stack effluent data and is admissible under Federal Rule of Evidence 1006.

**DX 1045.**  Plaintiffs' only complaint is that this graphic is somehow misleading.  However, the transcript excerpts provided by plaintiffs' themselves belies this assertion.

Defendants' counsel carefully walked through this graphic with Mr. Avery and confirmed the representation with respect to the different job functions. (*See* Tr. at 3833-3336.) Mr. Avery did testify that many of these jobs were done by the same person, but at the end of the day Mr. Avery agreed that 15 or 16 people would be involved in these operations. (*See* Tr. 3835:23-3826:3.) The graphic accurately represents the different persons needed to operate the incinerator. Mr. Avery does not dispute this. In fact, Mr. Avery had the opportunity to explain the numbers of persons needed for each function. As such, and contrary to plaintiffs' assertions, there is absolutely nothing misleading about this graphic.

Dated:  December 11, 2005                                    Respectfully submitted,


                                                             /s/ Stephanie A. Brennan
                                                             One of the Attorneys for the Defendants
                                                             David M. Bernick
                                                             Douglas J. Kurtenbach
                                                             Ellen Therese Ahern
                                                             Mark J. Nomellini
                                                             Stephanie A. Brennan
                                                             KIRKLAND & ELLIS LLP
                                                             200 East Randolph Drive
                                                             Chicago, Illinois 60601-6636
                                                             Phone:  312-861-2000
                                                             Fax:    312-861-2200

                                                             Joseph J. Bronesky
                                                             SHERMAN & HOWARD L.L.C.
                                                             633 Seventeenth Street, Suite 3000
                                                             Denver, Colorado 80202
                                                             Phone:  303-297-2900
                                                             Fax:    303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

## CERTIFICATE OF SERVICE

   I hereby certify that on December 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                /s/ Kari Knudsen
                Kari Knudsen (legal assistant)