**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' MOTION FOR RECONSIDERATION OF 12/10/05 ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DR. JOHN TILL OR IN THE ALTERNATIVE FOR LIMITED EXTENSION OF TIME**
_____

On Friday December 9, 2005, Plaintiffs filed a Motion to Compel Discovery from Dr. John Till. Defendants immediately contacted Plaintiffs and informed them that Dr. Till has been attempting to collect the information requested by plaintiffs in anticipation of production on Monday December 12. Defendants requested that Plaintiffs withdraw their motion to avoid any burden on the Court and the need for further briefing, particularly because the parties appeared willing to resolve this matter cooperatively. (Ex. A, 12/9/05 Email from D. Poland) Indeed, on December 8, 2005, Plaintiffs stated that Requests 1-2 were the ones on which they were focused. In response to Defendants' request that Plaintiffs withdraw their motion to compel, Plaintiffs' counsel stated that he would "speak with others and get back to you." (Ex. B, 12/9/05 Email from D. Sorensen)

When the Court stated later that morning that it was prepared to rule on Plaintiffs' Motion to Compel, Defendants immediately informed the Court that the parties are "trying to

work that out.  We've been on the phone this morning.  We're trying to get the materials and get him on a plane."  Plaintiffs' counsel did not disagree.  In response, the Court stated "***I won't rule on it.***"  (Ex. C, 12/9/05 Trial Tr. at 7314) (emphasis added)  Relying on the statements by both Plaintiffs' counsel and the Court, Defendants did not file a response to Plaintiffs' motion.

The next day, however, on December 10, before Plaintiffs' counsel responded to Defendants' offer and without first receiving any briefing by Defendants, the Court granted Plaintiffs' motion.  (*See* 12/10/05 Order)  Prior to the Court's ruling, Plaintiffs represented that they were focused on "document requests relating to monies paid to RAC and Dr. Till" and were "willing to work with Defendants and Dr. Till to reduce any potential burden,"  (Pls.' Mot. to Compel Discovery from Dr. John Till ("Plaintiffs' Motion") at 2; Attachment A to Exhibit 1 of Pls.' Mot. (requests one and two))  After the ruling, Plaintiffs cited to the Court Order to cease negotiations regarding their requests to Dr. Till, stating "the Court's ruling kind of moots our discussion re Till."  (Ex. D, 12/11/05 Email from D. Sorensen)

Defendants request that the Court reconsider its 12/10/05 Order granting Plaintiffs' motion for several reasons.  ***First***, Dr. Till has been working diligently to compile responsive information to Requests 1 and 2, as requested by Plaintiffs, and to provide such information by Monday December 12.  Indeed, Defendants will endeavor to provide Plaintiffs with documentation containing the information that they seek in Requests 1, 2, and 6 by 9 a.m., or, at the very latest, by the end of the day on Monday, December 12.

***Second***, it will cause extreme burden to require Dr. Till to produce documents responsive to Requests 3-7 by Monday at 9 a.m., particularly when Plaintiffs have already identified that they primarily seek documents responsive to Requests 1-2 and will timely receive those materials.  Plaintiffs' third request seeks documents "sufficient to completely identify and

2

specify Dr. Till's interest in RAC." (Attachment A to Ex. 1 of Pls. Mot. at 3)  As a threshold matter, Plaintiffs have the information they need because Dr. Till testified at his deposition that he is "the sole owner of RAC." (Ex. E, Till Dep. at 7)  Furthermore, Dr. Till cannot produce these materials by 9 a.m. on Monday because responsive information is in the possession of a document custodian unavailable over the weekend.  Accordingly, Defendants request that Dr. Till be given a limited extension of time until the *end of the day on Monday December 12* to comply with the Court's Order.

*Third*, as Dr. Till testified, he no longer possesses the items listed in requests four, five, and seven, if he ever had them. (*See* Ex. E, Till Dep. at 59 ("I think our materials have been turned over to CDPHE.  The study was completed and everything was turned over to CDPHE.  Everything that we had, I believe, was put in the reading room of the community college in Westminster").)  To the extent that Dr. Till possessed the requested materials, they would have been turned over to the CDPHE and now are publicly available documents that may be reviewed by Plaintiffs at any time at the Front Range Community College in Westminster and at the CDPHE's offices.

For the foregoing reasons, Defendants respectfully request that this Court reconsider and reverse its 12/10/05 Order Granting Plaintiffs' Motion to Compel Discovery From Dr. John Till or, in the alternative, that the Court grant Dr. Till an appropriate extension of time to comply.

Dated:  December 11, 2005                            Respectfully submitted,


/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern

3

Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that on December 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


                                            /s/ Kari Knudsen_____
                                            Kari Knudsen (legal assistant)