IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

**PLAINTIFFS' OBJECTIONS TO EXHIBITS TO BE USED WITH DR. JOHN FRAZIER**

**A.  Learned Treatises Not Cited In Dr. Frazier or Dr. Auxier's Reports**

The following documents were not cited by either Dr. Auxier or Dr. Frazier:

DX 561, "Environmental Regulatory Guide for Radiological Effluent Monitoring and Environmental Surveillance" by the Department of Energy

DX 565, "Sampling and Monitoring Releases of Airborne Radioactive Substances from the Stacks and Ducts of Nuclear Facilities" by the American National Standards Institute

DX 4006, "Separation and Radiochemical Determination of Uranium and the Transuranium Elements Using Barium Sulfate," by C.W. Sill, in *Health Physics*

DX 4008, "Sampling Aerosols by Filtration" by Morton Lippman, in *Air Sampling Instruments*

These documents are inadmissible because they exceed the scope of Dr. Frazier's report(s).[1]

---

[1] For the Court's convenience, Dr. Auxier's 1996 report is attached as Ex. 1; his 1997 report as Ex. 2; Dr. Auxier's 1997 affidavit as Ex. 3; Drs. Auxier and Frazier's 1999 joint

They are also inadmissible as hearsay and as expert opinion that does not meet the requirements of Fed. R. Evid. 702.

### B.  Learned Treatises Cited but Still Inadmissible

Defendants have marked as exhibits two learned treatises upon which Dr. Auxier or Dr. Frazier relied in their reports, namely:

>DX 329, "Proceedings of the Rocky Flats Symposium on Safety in Plutonium Handling Facilities"
>
>DX 4005, "Air Surveillance Network Siting Study, Rocky Flats Plant" by Advanced Sciences, Inc.[2]

The documents are inadmissible hearsay and unsponsored expert opinion that violates the requirements of Fed. R. Evid. 702.  In addition, the documents are not admissible under Fed. R. Evid. 703 to explain the basis of Dr. Frazier's opinions.  That rule provides that "[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."  The probative value of admitting these reports in their entirety is practically none.  Neither report is referenced in the text of Drs. Frazier or Auxier's report; instead, the reports appear at the end of the reports in long lists of documents consulted.  If the reports were critical to the jury's evaluation of these experts' opinions, they would have been featured more prominently in the text.

---

affidavit as Ex. 4; and Dr. Frazier's 2004 supplemental report as Ex. 5

[2] Regarding DX 4005, a different draft was cited in Dr. Auxier's 1996 report, while this December 1991 version was cited by Dr. Frazier.

In particular, DX 1659 (discussed below), a graphic that incorporates a quotation from DX 4005 regarding air sampler height, cannot be used to "assist[ ] the jury to evaluate the expert's opinion," Fed. R. Evid. 703, because Drs. Auxier and Frazier offered no opinions regarding sampler height.  *See* Auxier 1996 report at V-1 through V-11 (discussing air sampling equipment) (Ex. 1).

As an additional matter, only one article from the symposium proceedings marked as DX 329, an article by Lindeken, Hodgkins, and Hoeger, was listed as a reference in Dr. Auxier's 1996 report.  Defendants provided plaintiffs with only the cover page of the entire book.  Plaintiffs object to any attempt to use other articles not cited by Drs. Auxier or Frazier.

**C.**     **Graphics**

DX 1634, "Examples of Documents Reviewed"

Neither Dr. Auxier nor Dr. Frazier cited any ATSDR Reports.

DX 1635, "Development of Radiation Standards"

The information found in the first two blocks from the left, "Basic Information Development" and "Summary and Interpretation," are not found in Drs. Auxier and Frazier's reports.  Rather, the reports describe radiation standards as originating with the NCRP and ICRP, as described in the next two blocks of this graphic.  *See* Auxier 1996 report at IV-1 through IV-7 (discussing radiation standards) (Ex.1); Frazier report at 1 (same) (Ex. 3).

DX 1636, "International Commission on Radiological Protection"
DX 1637, "National Council on Radiation Protection and Measurements"

Plaintiffs object to these two graphics as lacking any basis in the evidence.  The graphics

3

both use the term "safe," whereas the underlying documents do not.

DX 1641, "Quality Control"

Dr. Auxier's and Dr. Frazier's reports contained no discussion of quality control procedures at Rocky Flats.

DX 1648, "Air Sampler and Housing Used by Health and Safety Laboratory (HASL) in 1970s and 1980s"

This diagram of an air sampler does not appear in Drs. Auxier or Frazier's reports.  See Auxier 1996 report at V-2 through V-9 (discussing air sampling equipment) (Ex. 1).  Moreover, the graphic contains no source cited from whence this picture was derived.

DX 1653, "Safety Factors"

Neither Dr. Auxier's reports nor Dr. Frazier's reports assert that environmental standards were probative of safety.  The assertion in this graphic – that any and all releases below standards are safe – has no basis in Drs. Auxier or Frazier's work, other than an unsupported assertion on page 18 of their 1999 affidavit that federal standards had been determined to be protective of human health (Ex. 4).

DX 1657, "Filter Loading"

The document quoted in this graphic, a report entitled "Air Sampling Instruments" by the American Conference of Governmental Industrial Hygienists, was not cited in Dr. Auxier or Dr. Frazier's reports.

DX 1658, "Sampler Height"

The document quoted in this graphic, a report entitled "Environmental Regulatory Guide

4

for Radiological Effluent Monitoring and Environmental Surveillance" by the Department of Energy (also submitted as DX 561), was not cited in Dr. Auxier or Dr. Frazier's reports.

<u>DX 1659, "Sampler Height"</u>

The quotation in this document from "Air Surveillance Network Siting Study, Rocky Flats Plant" by EG&G (also submitted as DX 4005), relates to air sample height; however, Drs. Auxier and Frazier did not discuss air sampler height in their reports.

<u>DX 1660, "Particle Size"</u>

The document quoted in this graphic, a report entitled "Sampling and Monitoring Releases of Airborne Radioactive Substances from the Stacks and Ducts of Nuclear Facilities" by the American National Standards Institute (also submitted as DX 565), was not cited in Dr. Auxier or Dr. Frazier's reports.

<u>DX 1661, "Particle Size"</u>

This quotation from a RAC report (DX 530) does not appear in Drs. Auxier or Frazier's reports.  Dr. Auxier's report contradicts this graphic:  while the quotation labels as a "misconception" the idea that very small particles are not captured by air filters, Dr. Auxier stated in his report that "[t]he fraction of particles that are removed from the air passing through an air filter is defined as the filter efficiency. The filter efficiency depends on the type of filter, the size of the airborne particles, and the air flow rate (velocity) through the filter." Auxier 1996 report at V-11 (Ex. 1).

<u>DX 1662, "Concentrations at Different Heights"</u>

Dr. Auxier's and Dr. Frazier's reports contain no discussion of sampler heights, nor do

5

the reports incorporate this data from the RAC Task 4 report.  *See* Auxier 1996 report at X-5 through X-8 (discussing RAC Task 4 reports) (Ex. 1); *id.* at V-1 through V-11 (discussing air sampling equipment).

**D.     No Objection**

Plaintiffs do not object to the following RAC reports:  DX 530, 533, and 534.  Plaintiffs reserve the right to object depending on how the documents are used with the witness.

Plaintiffs do not object to the use of the following exhibits for demonstrative purposes only:  DX 1633, 1636, 1637, 1638, 1639, 1640, 1642, 1643, 1644, 1645, 1646, 1647, 1649, 1650, 1651, 1652, 1654, 1655, 1656, 1663, 1664, 3426, 4004, and 4007.

Respectfully submitted,

Dated: December 12, 2005

　/s   Jennifer MacNaughton
Merrill G. Davidoff
David Sorensen
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS & CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum  
Steven W. Kelly  
SILVER & DEBOSKEY, P.C.  
1801 York Street  
Denver, CO 80206  
(303) 399-3000  

*Attorneys for Plaintiffs*