IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM
WILLIAM WESTON AND TO LIMIT HIS TESTIMONY**

At the deposition of Dr. William Weston, who defendants have listed as a fact witness, plaintiffs learned that Dr. Weston has been working for defense counsel as a consulting expert, however defense counsel refused to produce notes taken by Dr. Weston during trial, citing the attorney-client and work product privileges. Defense counsel apparently retained Dr. Weston as a consulting expert and as a client for the purpose of shielding him from discovery. Plaintiffs respectfully move the Court to order defendants to produce Dr. Weston's notes. In addition, plaintiffs wish to call to the Court's attention the fact that defendants may intend to elicit opinion testimony from Dr. Weston. Such opinion testimony would be improper and inadmissible.

**I.    COMPLIANCE WITH MOTIONS PRACTICE ORDER**

Pursuant to the Order Limiting Motions Practice During Trial (Nov. 10, 2005) (the "Motions Practice Order") [Ct. Rec. 1626], plaintiffs make the following representations.

### A.  Timeliness of Motion

Dr. Weston is scheduled to testify within the next four days, on December 13, but as explained below there are extenuating circumstances.

### B.  Prior Motions and Rulings

Plaintiffs did not raise the issues in this Motion previously because the deposition of Dr. Weston concluded yesterday, December 10. Plaintiffs were not aware of Dr. Weston's anticipated opinion testimony until this deposition, and plaintiffs requested the documents at issue from Dr. Weston at his deposition.

## II.  ARGUMENT

### A.  Dr. Weston's Notes are Not Privileged and Must Be Produced.

Dr. Weston has attended the trial and has taken notes on the proceedings. At his deposition, defense counsel refused to produce the notes. Weston dep. at 6-7 (attached as Ex. 1). Counsel claim two relationships with Dr. Weston: that he is their client, and that he is a consulting expert. Dr. Weston is a former Rockwell employee; he had no contact with defense counsel until September of 2005, when counsel contacted him about his testimony in this case. *See* Weston Dep. at 12-13 (attached as Ex. 1). Shortly after that initial contact, counsel provided him with a retainer letter that reads as follows:

> You have agreed to act as a consulting expert for the defense of Rockwell International Corporation and The Dow Chemical Company (the Defendants) in the above captioned litigation. You will be compensated at the rate of $200 per hour for your work....Under no circumstances are you to disclose any information with respect to your work without prior, express written consent of the Defendants and/or counsel for the Defendants in this litigation. All steps should be taken to keep your work confidential. Your work will be solely to prepare the defense of the above litigation.

Retainer Letter (attached as Ex. 2). Defendants improperly retained Dr. Weston, a fact witness, as a "consulting expert" and a "client" in order to prevent plaintiffs from obtaining discovery of his trial preparation activities.[1] The notes are not covered by the attorney-client privilege or work-product privilege, and alternatively are discoverable under Fed. R. Civ. P. 26(b)(3).

Under Colorado law, the attorney-client privilege extends only to communications that contain information transmitted by the client in the scope of seeking legal advice. *People v. Madera*, 112 P.3d 688, 690 (Colo. 2005). Defendants and Dr. Weston bear the burden of proving the applicability of the privilege. *Black v. Southwestern Water Conservation Dist.*, 74 P.3d 462, 467 (Colo. Ct. App. 2003). Dr. Weston's notes relate to the testimony presented by other witnesses at trial; they have nothing to do with legal advice. It appears the sole purpose for this supposed attorney-client relationship was to prevent plaintiffs from discovering the topics of communications between Dr. Weston and Kirkland & Ellis. *See* Weston dep. at 15-16 (Ex. 1):

> Q: I guess I'm trying to understand why it is you've entered into an attorney-client relationship with Kirkland & Ellis. Why? I mean, you're not seeking legal advice about some matter, are you?
>
> A: No, I'm not.
>
> Q: Okay. So then why have you entered into such a relationship?
>
> A: I -- my understanding is that what we discuss in those -- in those discussions about my testimony and areas I may testify about are privileged.

*See also id.* at 16-17

---

[1] This tactic is reminiscent of tactics used in tobacco litigation when the essential facts about tobacco and health were still being disputed by the industry

3

> Q: [. . .] Am I correct that you entered into an attorney-client relationship with Kirkland & Ellis in this matter so that conversations you had with Kirkland & Ellis about your testimony could be shielded from discovery; is that correct? [ . . ]
>
> A: I think that's at least a part of it.

Although it is arguable that he may have sought legal advice regarding his testimony at his deposition or at trial, the creation of notes during the course of trial related to his work as a consultant for defense counsel, not to his own testimony. *See* Weston dep. at 9 (Ex. 1) ("Q: And were you in court at the direction of Kirkland & Ellis? A: I was -- I was asked by -- through Kirkland & Ellis by Rockwell counsel, the company that I did work for, to represent Rockwell. I agreed to do so by attending as much of the trial as I could."). There is no reason why Dr. Weston would need legal advice regarding his notes.

The work product privilege also does not apply because Dr. Weston is a testifying witness. *Cf. Gall ex rel. Gall v. Jamison*, 44 P.3d 233, 237 (Colo. 2002) (work product materials sent to testifying expert were discoverable: "the work product privilege is waived when otherwise protected materials are used to influence and shape testimony.") However, as Dr. Weston is a testifying witness this information, including his notes, is discoverable. Defendants may not offer Dr. Weston as a fact witness and simultaneously assert that the subject matter of his testimony is privileged.

Even if the notes were legitimately work product, they should be produced under the Fed. R. Civ. P. 26(b)(3) exception to the work product privilege. That Rule provides:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the

materials by other means.

Dr. Weston is scheduled to testify as a fact witness. The notes may relate to the subjects of his testimony. Plaintiffs have no other means to discover the subject of his notes, and their attempts to discover the full scope of his testimony were thwarted by illegitimate attorney-client privilege objections during the deposition. *See, e.g.* Weston dep. at 124-25:

> Q: All right. Can you give me a list of the areas -- the subject areas that you believe you are going to testify about?
>
> [ . . ]
>
> A: I -- I've not been told what it -- the areas that they will ask me to testify in. I have been prepared in a number of areas from the standpoint of being shown information, but I have not -- I don't know how they are going to narrow that down to what they're going to cover.
>
> Q  You say you've been prepared in a number of areas. What are these areas?
>
> MS. AHERN: Object. Attorney-client privilege, and I'll instruct the witness not to answer.

*See also id.* at 45-46, 103, 104-05 (Ex. 1). In sum, defendants' misuse of the attorney-client and work product privileges has interfered with plaintiffs' discovery efforts. Defendants should not profit from this type of gamesmanship.

**B.     As a Fact Witness, Dr. Weston May Not Offer Opinion Testimony.**

Plaintiffs wish to alert the Court to the possibility that defendants may seek to elicit opinion testimony from him. Any such testimony would be inadmissible.

Defendants interfered with plaintiffs' legitimate effort to learn the subjects of Dr. Weston's testimony; nonetheless, plaintiffs suspect that defendants may have retained Dr. Weston as a

consultant in order to prepare him to give opinion testimony. Defendants disclosed the subject of Dr. Weston's testimony as follows: "Mr. Weston is a former Rockwell employee. He will testify about Rocky Flats plant operations, management, inventory issues, environmental regulatory issues and other matters concerning Rockwell's tenure at the plant." *See* Defendants' List of Witnesses and Attorneys for Attachment to the Jury Questionnaire, Exhibit A, filed Sept. 29, 2005 [Ct. Rec. 1475]. However, when plaintiffs asked Dr. Weston at his deposition what the subjects of Dr. Weston's testimony would be, to which defendants raised an attorney-client privilege objection. *See supra*. Plaintiffs strongly disagree with this assertion of privilege, as the Federal Rules of Civil Procedure require discovery from testifying witnesses. From what plaintiffs do know about Dr. Weston's anticipated testimony, plaintiffs believe several of the subjects listed may lead to opinion testimony.

Dr. Weston has not been designated as an expert and has not issued an expert report. Any opinion testimony by Dr. Weston must comply with Federal Rule of Evidence 701, which provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The subject matters of Dr. Weston's testimony, to the extent disclosed to plaintiffs, tend to involve technical and specialized knowledge. Additionally, Dr. Weston had no memory about several of those areas. Both of these facts heighten the risk that Dr. Weston will give opinion testimony, rather than first-hand factual testimony, at trial.

One example of the known subjects of Dr. Weston's testimony that may veer into opinion

testimony is regulatory compliance. Any opinion by Dr. Weston that Rockwell was in compliance with regulatory standards would require expert knowledge of the regulations and their applicability. In addition, on a number of regulatory subjects, Dr. Weston's memory was poor. *E.g.* Weston dep. at 286-87 ("Q: Do you believe today that Rockwell was in violation of RCRA in its storage of pondcrete and saltcrete? A: I have no reason to disagree with that plea. I know we were storing it on the pad. I'm not exactly sure why those dates were singled out and what the specific violations are."); *id*. at 176 (regarding the plea agreement and sentencing memorandum: "And as far as the details, then, in – in some of the statements I was reviewing, numbers, number of days in violation, et cetera, I just don't have any familiarity with that and so I really -- it's not a matter of whether I disagree or agree with them. I just don't know them.") If Dr. Weston's memory suddenly returns while he is on the witness stand, it is doubtful that he will truly be testifying from personal knowledge.

Similarly, "inventory issues," or material unaccounted for, is an area of testimony that may lead to opinion testimony, such as Dr. Weston's opinion expressed at his deposition that the missing plutonium had been released to the environment. *See* Weston dep. at 78 ("Q: Did they discuss with you during these briefings how much, if any, of the MUF may have been accounted for by releases to the environment? [ . . . ] A: The evidence I saw, their opinions, and certainly mine is that losses to the environment were so negligible as to be no part of -- of inventory difference.") An opinion based on hearsay is not admissible; an expert opinion based on hearsay is not admissible when uttered by a fact witness.

7

### III. CONCLUSION

For the reasons stated above, plaintiffs respectfully request that the Court enter an Order compelling production of Dr. Weston's notes, and that the Court act to bar any expert opinion testimony by Dr. Weston at trial.

Respectfully submitted,

Dated: December 12, 2005

  /s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS & CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*