FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENT TO THEIR MOTION TO EXCLUDE THE TESTIMONY OF SHIRLEY FRY

      Much of the argument contained in plaintiffs' "Supplement" to their motion to exclude the testimony of Dr. Shirley Fry is moot. Defendants will not elicit from Dr. Fry testimony addressing the merits of Dr. Clapp's study. Nor will defendants ask Dr. Fry general questions about radiation epidemiology. Rather, defendants will limit their questioning of Dr. Fry to two areas of which she unquestionably has personal knowledge: (1) the allegations that Dr. Steven Wing made about attempts to influence or limit epidemiological studies of workers at DOE nuclear facilities, including his own mortality study of Oak Ridge workers; and (2) the structure of the DOE radiation epidemiology program and the studies conducted under that program.

      Plaintiffs' attempt to characterize all of Dr. Fry's testimony as "fall[ing] squarely within the realm of expert testimony" (Pls.' Supp. at 4) overreaches. Dr. Fry was employed as a radiation epidemiologist at Oak Ridge Associated Universities for nearly 20 years, beginning in 1978. (Ex. A, Fry Dep. at 51.) Before that, she had worked on the epidemiologic study of radium dial painters for three years, beginning in 1975, at Argonne National Laboratory. (*Id.* at

50.) She was the lead author on a text setting forth the history of epidemiologic studies of nuclear workers in the U.S. (*Id.* at 187-89.) She was involved with and was a contributing author on studies of workers at Rocky Flats, Hanford, Oak Ridge, and other nuclear facilities. (*Id.* at 8, 50-51, 96, 126.) She worked with epidemiologists at ORAU and other laboratories around the United States and authored or co-authored 52 publications relating to epidemiology, nearly all of them epidemiologic studies of nuclear workers. (Defs.' Supp. Br. at 2.) Defendants do not "painstakingly chronicle" Dr. Fry's vast experience (to use plaintiffs' words) in an attempt to qualify her as an expert witness. (*See* Pls.' Supp. Br. at 5.) Rather, the relevance of Dr. Fry's personal experience to opinions expressed by Dr. Wing should be readily apparent: It demonstrates that Dr. Fry has personal, first-hand knowledge of the program of epidemiologic studies of nuclear workers in the United States that dates back to 1975 and that she can testify based on that knowledge. Thus, in Dr. Fry's case, it is simply untrue, as plaintiffs assert, that "commenting on studies is clearly the province of an expert witness." (*Id.*)

Further establishing her foundation to testify as a fact witness under Federal Rule of Evidence 701, among the other epidemiologists with whom Dr. Fry worked is Steven Wing. Dr. Wing was a graduate student in epidemiology at the University of North Carolina, which worked with ORAU on it epidemiologic studies program, at the time that Dr. Fry was the Director of the Oak Ridge Center for Epidemiologic Research. (Ex. A, Fry Dep. 142-50.) Dr. Fry has personal knowledge of Dr. Wing's Oak Ridge mortality study (indeed, she was listed as a co-author on the manuscript at one time) and was present at the meeting at which Dr. Wing alleges he was pressured to alter the results of his study. (*Id.* at 146-50.) She will testify to the facts surrounding Dr. Wing's paper, her request that her name be removed from that paper, and, in rebuttal to Dr. Wing's testimony about the alleged "culture" of epidemiologic research into the

health of nuclear workers in the U.S., Dr. Fry will testify to her own personal experiences and observations. (*Id.* at 17-18.)

Because Dr. Fry's testimony unequivocally arises from her personal knowledge of these topics, she is not being tendered as an expert witness under Federal Rule of Evidence 702 but rather is tendered as a fact witness under Rule 701. Plaintiffs' motion to exclude the testimony of Dr. Fry should be denied.

Dated: December 12, 2005

Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                        /s/ Kari Knudsen
                                        Kari Knudsen (legal assistant)