**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' MOTION IN *LIMINE* TO EXCLUDE TARGET LETTER AND
ANY EVIDENCE RELATED TO THAT LETTER OR ANY
INDIVIDUAL INDICTMENT AGAINST DR. WESTON**
_____

## INTRODUCTION

Plaintiffs apparently intend to introduce evidence that William Weston received a "target letter" as part of the FBI criminal investigation into Rocky Flats and should have been individually indicted. Defendants therefore seek an Order pursuant to Federal Rules of Evidence 402, 403 and 404 to exclude as not relevant and unfairly prejudicial the "target letter" sent to Dr. Weston and any testimony related to that letter or to any interest of the grand jury in pursuit of an individual indictment against Dr. Weston. Dr. Weston's potential criminal culpability does not provide any evidentiary support for Plaintiffs' trespass and nuisance claims. Thus, Plaintiffs, their counsel, and their witnesses should be precluded from directly or indirectly referring to the target letter or any potential indictment against Dr. Weston.

## SUMMARY OF RELEVANT FACTS

After the FBI raid, prosecutors sent target letters to several individuals, including Dr. Weston, indicating that they were subjects of the grand jury investigation.  At the end of the day, Rockwell pleaded guilty to ten counts of environmental violations and no criminal indictments against either Rockwell or any individuals were handed down. The grand jury was then dissolved.  Apparently, grand jury members were dissatisfied with the prosecutors' resolution of the charges.  On their own (against both judicial and prosecutorial direction), the grand jurors prepared a report.  The grand jury's report (and its proceedings) remain under seal today. Nonetheless, the media apparently obtained a copy of the grand jury report which allegedly indicated that the grand jury wanted to indict Dr. Weston personally.[1]

Plaintiffs seemingly intend to offer at trial the "target letter" sent to Dr. Weston and other evidence related to the grand jury investigation including the grand jury's desire to indict Dr. Weston. (*See, e.g.,* Weston Dep. Tr. at 106-07, 110-11, 238, 269-70 (attached hereto as Exhibit A.)  The grand jury investigation has an extremely complex and controversial history which this Court has ruled should not come before the jury.  (*See* 8/22/05 Hearing Tr. at 5-8.)  It is clear that Dr. Weston's individual criminal culpability, if any, for activities occurring at the Rocky Flats Plant -- for which he has been neither indicted nor prosecuted, much less found guilty -- is irrelevant to this case. All evidence of and reference to the "target letter" or any investigations related to Dr. Weston's personal culpability and any potential indictment related thereto should be excluded.

---

[1] This Court has already ruled that any evidence related to "the runaway grand jury" is inadmissible.  (*See*, *e.g.*, 8/22/05 Hearing Tr. at 5-7.)

2

**ARGUMENT**

**I.     The Target Letter And Other Evidence Of The Grand Jury Investigation Related To Dr. Weston Is Irrelevant In This Civil Case.**

The fact that an investigation occurred or that Dr. Weston was the potential target of the investigation proves nothing. For this reason, courts routinely exclude evidence of grand jury investigation, including prosecution or non-prosecution.[2]  Indeed, this Court has agreed that the ***"fact that the United States Attorney Grand Jury did or did not return an indictment is something that is just not relevant here.  That's what I'm trying to keep out."***  (Tr. at 1301 (emphasis added).)  With respect to Dr. Lipsky's testimony, the Court further explained that ***"Dr. Lipsky's opinion of whether there were other people who should have been indicted is not admissible . . . ."*** (Tr. at 2132 (emphasis added).)   For the same reasons, the opinions of prosecutors or grand jury's opinions regarding whether Dr. Weston should have been indicted (in the form of a target letter or otherwise) should be likewise inadmissible.

The mere fact of an investigation and potential prosecution cannot be evidence of wrongdoing.  *See, e.g., Stump v. Gates*, 211 F.3d 527, 538 (10th Cir. 2000) (holding that the district court committed reversible error in allowing grand jury investigation evidence in a subsequent civil case because, among other reasons, the grand jury materials had little if any probative value).  That point is even more compelling where, as here, the investigation ***did not***

---

[2]  *E.g., Kelly's Auto Parts, No. 1., Inc. v. State Farm & Casualty Co.*, 809 F.2d 1247, 1253 (6th Cir. 1987) (evidence of failure to bring criminal charges improperly admitted in civil suit); *Gailbraith v. Hartford Fire Ins. Co.*, 464 F.2d 225, 227 (3rd Cir. 1972) (granting defendant new trial on ground that plaintiff improperly admitted evidence that grand jury refused to bring an indictment against him for arson – "The general rule is that the record in a criminal proceeding is inadmissible in evidence in a civil suit") (citations and quotations omitted).

3

ultimately support Plaintiffs' claims.  In fact, in this case, indictments were not issued.  But even if Dr. Weston *had* been indicted and convicted (which he was not), that fact would still be inadmissible.  *E.g.,* 31 A.L.R. 261 (2004) ("The rule supported by the great weight of authority is to the effect that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered.").

Moreover, the investigation related to Dr. Weston's individual conduct is unrelated to Plaintiffs' nuisance and trespass claims.  Here, the fact that Dr. Weston was investigated by a grand jury and the subject of a potential individual indictment does not make any of Plaintiffs' off-site plutonium contamination claims more or less probable.

## II.    The Target Letter And Other Evidence Of The Grand Jury Investigation Related To Dr. Weston Should Be Excluded Under Rule 404(b)

The only conceivable use Plaintiffs would have for referencing the grand jury investigation of Dr. Weston or the target letter sent by the prosecutors would be an impermissible one – to suggest that Dr. Weston had a propensity to commit bad acts, based on nothing more than the fact that he was investigated.  Federal Rule of Evidence 404(b) establishes that "[e]vidence of other crimes, wrongs, or acts, is not admissible to prove the character of a person in order to show action in conformity therewith."[3]  Evidence of the grand jury investigation of

---

[3] *See also Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1194 (10th Cir. 1997) (admission of other bad act evidence has limited value);  *Reazin v. Blue Cross & Blue Shield of Kansas, Inc*., 663 F.Supp. 1360, 1433-34 (D. Kan. 1987) (excluding evidence of prior finding by the FTC that plaintiff had violated antitrust laws where "[t]he proffered evidence. . . would have added nothing, unless it be defendant['s] right to have the jury decide the case on something other than the precise questions at issue.").

Dr. Weston and the target letter sent to him, which is nothing more than "propensity" evidence, is not admissible. What is more, the use of such evidence will serve only to personally harass Dr. Weston. The Court has a duty to protect the witnesses testifying before it and should not permit a witness to be so harassed in front of the jury.

### III.  Any Conceivable Probative Value Is Overwhelmingly Outweighed By The Danger Of Unfair Prejudice And Waste Of Time.

This evidence should also be excluded under Rule 403 as unduly prejudicial and a waste of time. In *Stump*, the Tenth Circuit held that evidence of grand jury investigation was unduly prejudicial in a later civil lawsuit and should have been excluded under Rule 403. 11 F.3d 527 537-38. The Court explained:

> Submission of the evidence of the grand jury's conclusions created a high risk that the trial jury in this matter would be influenced by the fact that another group of private citizens had previously concluded, after a formal grand jury investigation, that [the Officer] had intentionally destroyed evidence and that he was an accessory after the fact to a homicide.

*Id.* The Tenth Circuit considered the admission so prejudicial that it constituted reversible error. *Id.*[4] Similarly here, the target letter and evidence of the grand jury investigation of Dr. Weston is extremely and unfairly prejudicial to the Defendants. Such evidence would encourage the jury to assume, improperly, that Dr. Weston must have done something wrong and therefore or is not credible. Plaintiffs no doubt hope that if the jury learns that Dr. Weston was investigated by the

---

[4] *See also  U.S. v. Biswell¸* 700 F.2d 1310, 1316 (10th Cir. 1983) (admission of evidence of other investigations of the defendant was abuse of discretion – "overall effect of such evidence was to create a prejudicial portrayal of the defendant as a person of a criminal character . . . ."); *F.D.I.C. v. Refco Group, Ltd.*, 184 F.R.D. 623, 626-27 (D. Colo. 1999) (granting motion in limine to exclude law enforcement "Report of Apparent Crime" under Rule 403 given the report's "speculative nature and the lack of any actual criminal charges").

grand jury and that their report indicated that they wanted to indict him, they will discount his testimony and assume that he and Rockwell were bad actors.

The likelihood of confusion and waste of time that would result from admission of evidence about the grand jury investigation of Dr. Weston also warrants its exclusion under Rule 403. Waste of time is inevitable if this evidence is admitted because Defendants would be forced to explain to the jury the circumstances and events leading up to and surrounding the grand jury investigation and plea agreement. This Court has repeatedly said that it does not want to go there, recognizing that any probative value of evidence regarding whether prosecutors and the Department of Justice properly discharged their duties in investigating Rockwell "is substantially outweighed by its potential to confuse the issues and needlessly extend the length and complexity of the trial." (*See, e.g.,* 8/22/05 Hearing Tr. at 6-7.) Any conceivable probative value of the grand jury investigation of Dr. Weston and any possible indictment against him is likewise substantially outweighed by the likelihood of confusion and waste of time.

## CONCLUSION

For the foregoing reasons, Defendants' Motion In *Limine* To Exclude the Target Letter and Any Evidence Related to That Letter or Any Individual Indictment Against Weston should be granted.

Dated: December 12, 2005

Respectfully submitted,

/s/ Stephanie A. Brennan_______________

One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone: 312-861-2000
Fax: 312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone: 303-297-2900
Fax: 303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                /s/ Courtney Biggins_____
                                                Courtney Biggins (legal assistant)