**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

               Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

               Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' COUNTER-DESIGNATIONS OF THE
TESTIMONY OF GENERAL HAROLD C. DONNELLY**

---

      In response to defendants' designations of the deposition testimony of General Donnelly, plaintiffs have counter-designated additional testimony from General Donnelly and have indicated that they plan to introduce five documents into evidence (P-1590, P-1591, P-1592, P-0169, and P-0172).   Defendants tender the following objections to plaintiffs' designation of testimony to be read to the jury and to exhibits used at deposition, and request that the Court exclude the testimony and exhibits identified below.  Defendants also tender a copy of the transcript of the Donnelly deposition on which they have indicated their objections to specific testimony that plaintiffs have designated to be read to the jury.  A copy of this transcript, including defendants' designations, plaintiffs' counter designations, and defendants' objections to plaintiffs' counter-designations is attached to the conventionally filed copy of this response as Exhibit 1.  Plaintiffs did not object to any of defendants' designations.

      Defendants object to the exhibits Plaintiffs seek to use in connection with General Donnelly on the following grounds:

I.      **OBJECTIONS MADE WITH RESPECT TO PREVIOUS MOTIONS *IN LIMINE* THAT THE COURT HAS ALREADY DENIED**

Set forth below are objections to plaintiffs' exhibits based on arguments set forth in defendants' previously-denied motions *in limine*.  Defendants re-assert these objections here in order to preserve their rights.

A.      **Defendants' Motion *in Limine* to Exclude Evidence Related to Employee Safety and Health**

Defendants object to the following exhibits on the ground that evidence related to employee safety and health is inadmissible under Rules 402 and 403 (*see* Defs. Mot. *in Limine* No. 7, filed 6/16/06): P-169 and P-172.

B.      **Defendants' Motion *in Limine* to Exclude Evidence Related to Releases and Incidents that Occurred Wholly Within Buildings**

Defendants object to the following exhibits on the ground that evidence related to releases and incidents that occurred wholly within buildings is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 9, filed 6/16/05): P-1590 and P-172

C.      **Defendants' Motion *in Limine* to Exclude Evidence of Past "Risks" That Never Occurred and Now Cannot Happen**

Defendants object to the following exhibits on the ground that evidence related to past risks that never occurred and now cannot happen is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 10, filed 6/16/06): P-169 and P-172.

D.      **Defendants' Motion *in Limine* to Exclude Evidence About Plutonium Practices and Incidents That Plaintiffs' Cannot Link to Their Trespass and Nuisance Claims**

Defendants object to the following exhibits on the ground that evidence related to plutonium-related practices and incidents that did not and never could have a class-wide impact is inadmissible under Rules 402 and 403 (*see* Defs.' Mot. *in Limine* No. 11, filed 6/16/05): P-1590, P-1591, and P-172.

2

## II.    ADDITIONAL OBJECTIONS TO WHICH THE COURT HAS NOT YET RULED

**P-1590:**  Defendants object to P-1590 because: (1) it is hearsay and plaintiffs have failed to show it meets the requirements for authentication of ancient documents provided in Rule 901(8); and (2) General Donnelly's deposition testimony does not provide the required foundation — he stated that he did not remember the issue discussed in the document.  (Donnelly Dep. at 48.)

**P-1591:**  Defendants object to P-1591 because: (1) it is hearsay and plaintiffs have failed to show it meets the requirements for authentication of ancient documents provided in Rule 901(8); and (2) General Donnelly's deposition testimony does not provide the required foundation — he testified that it is a document "from Abbott to Tesche.  I don't know anything about it."  (Donnelly Dep. at 67.)  In addition, the document deals with a topic (estimates of year by build up of plutonium in soil) that is beyond the scope of testimony designated by defendants.

**P-1592:**  Defendants object to P-1592 because: (1) it is hearsay and plaintiffs have failed to show it meets the requirements for authentication of ancient documents provided in Rule 901(8); and (2) the document states that that "radiation exposures to individuals and population groups" should be "limited to the lowest levels technically and economically practical," a principle the jury could equate with "ALARA" or "as low as reasonably achievable."  However, ALARA is not a radiation dose standard.  *See in re TMI*, 67 F.3d 1103, 1114 (3d Cir. 1995) ("The regulation could not be more clear.  The guidelines that satisfy ALARA 'are not to be construed as radiation protection standards.'")  Therefore, the discussion contained within this document is not probative of whether Defendants met applicable regulation standards. Defendants further object that, the document deals with a topic (ALARA) that is beyond the scope of testimony designated by defendants.

**P-169:**  Defendants object to P-169 because: (1) it is hearsay and plaintiffs have failed to show it meets the requirements for authentication of ancient documents provided in Rule 901(8); and (2) it is irrelevant in that it contains a discussion of worker safety, financial management, equal employment opportunity, and other matters irrelevant to this case

**P-172:**  Defendants object to P-172 because: (1) it is hearsay and plaintiffs have failed to show it meets the requirements for authentication of ancient documents provided in Rule 901(8); and (2) it is irrelevant in that it contains a discussion of worker safety.  Defendants further object that the document deals with topics (accumulation of plutonium in ducts) that are beyond the scope of defendants' designations.

Dated: December 12, 2005

Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


/s/ Kari Knudsen
Kari Knudsen (legal assistant)