**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' OBJECTIONS TO VIDEO EXHIBIT SOUGHT TO BE USED BY PLAINTIFFS WITH DR. WESTON ON DECEMBER 13, 2005**
_____

Defendants hereby file their objections to the ABC Nightline Special videoclip that Plaintiffs previously offered, that Defendants previously objected to in writing, and that this Court previously ruled was not admissible. (*See* 11/22/05 Courtroom Minutes & Tr. 6147 (rejecting V-189).) Plaintiffs have now "edited" the videoclip, re-numbered it, and informed Defendants that they will seek to use it with Dr. Weston. The "edited" version contains many of the same problems as the original, however, and the Court should continue to exclude this videotape.

V190 is a five minute excerpt from a December 20, 1994 episode of ABC's Nightline. A transcript of this video clip (with the edited portion highlighted) will be provided to the Court. (*See* Tab A) This video contains the same flaws it contained when the Court excluded it: it is

irrelevant, speculative, lacking in foundation, is hearsay offered for the truth of the matter, contains rampant hearsay within hearsay, and is unduly prejudicial.

Much of the information and material covered in this video involve a 1994 plant tour of and events at the Rocky Flats plant occurring long after Rockwell and Dow had both left the plant site. For example, the video depicts drum sampling procedures that were conducted by EG&G in 1994 -- prejudicially describing this EG&G drum sampling procedure as "an endless game of Russian roulette." (*Id.* at 1) The video also contains comments from Anson Burlingame, purportedly a long-term plant employee, describing the risks, circa 1994, of various tanks on the plant site. (*Id*. at 2) This tour depicting EG&G management, conduct and activities and similar events and conditions in 1994 are irrelevant to Dow or Rockwell's liability. Furthermore, the vast majority of the video relates to conditions within plant buildings and has nothing whatsoever to do with offsite plutonium contamination or risk. Other portions address alleged worker safety issues related to the cleanup and risks to plant visitors in the 1990s -- issues that relate in no way to this lawsuit and again, post-date both Down and Rockwell's time at the plant.

Examples of foundational problems include the video's reliance on commentary from Mark Silverman (from whom the Court has already excluded testimony as irrelevant, among other reasons). Silverman was a DOE employee who managed the DOE's Rocky Flats field office from 1993-1996 (while EG&G was the plant contractor, years after Defendants had stopped operating the facility). Silverman has extremely limited knowledge of the Dow and Rockwell eras at the plant. He could not even name basic Rocky Flats production buildings'

2

functions at his deposition.  The Court found that he "is not an expert on any plutonium issues." (Order re Silverman Designations, at 3)  He therefore lacks foundation to talk about issues concerning Dow and Rockwell plant operations.  (*See* Silverman Dep. at 98:14-99:7; *see also id.* at 244:7-24 (admits no basis to answer questions about handling and disposal of hazardous materials and compliance with environmental laws at Rocky Flats in the 1970s and 1980s))  Even Silverman's limited knowledge of Dow and Rockwell conduct is based on hearsay.  (*See* Silverman Dep. at 111:19-113:3 (describing people he talked to in order to find out about past operations))  *See also* comments of EG&G's Anson Burlingame regarding plutonium processing and movement during the execution of the plant's cold war mission (12/20/94 Nightline transcript at 1-2), activities that took place years, if not decades before Burlingame ever came to the plant.  Similarly, plant workers' comments about the plant contractor's motivation or production goals (*see, e.g., id.* at 1) are lacking in any foundation whatsoever.

The video also includes unfounded, prejudicial and speculative comments about possible risks from the circa 1994 plant conditions under EG&G such as Silverman's speculative comments that "the cleanup  . . .[is] going to be more hazardous and more dangerous for the workers, for the workers first of all, than when we were in actual operations."  (*Id.* at 2)  That comment clearly violates the Court's evidentiary rulings barring information related solely to worker safety.

This videoclip is clearly hearsay offered for the truth of the matter:  to show that the situation in 1994 was bad at Rocky Flats, that there were plutonium waste storage problems at that time, that 14.2 tons of plutonium were on site in 1994, that building 771 was "perhaps the

most dangerous building in America," and that the cleanup posed risk to workers, among other things. And all of the comments from EG&G employees and others are an additional layer of hearsay not subject to any exception.

Finally, this videotape should be excluded as unduly prejudicial. This piece is far from being a neutral or fair report, using lines designed for dramatic impact (e.g., "the Department of Energy has confessed"; "a rare television tour"; "Rocky Flats is awash with leftovers"; "Officials there allowed Nightline cameras inside the plant, and agreed to let us see and hear just how bad it is"; "perhaps the most dangerous building in America" and so forth). Indeed, this Nightline episode is designed for dramatic prejudicial effect, as the voiceovers and musical effects illustrate.

Dated: December 12, 2005                           Respectfully submitted,


                                                   /s/ Stephanie A. Brennan_____
                                                   One of the Attorneys for the Defendants
                                                   David M. Bernick
                                                   Douglas J. Kurtenbach
                                                   Ellen Therese Ahern
                                                   Mark J. Nomellini
                                                   Stephanie A. Brennan
                                                   KIRKLAND & ELLIS LLP
                                                   200 East Randolph Drive
                                                   Chicago, Illinois 60601-6636
                                                   Phone: 312-861-2000
                                                   Fax:    312-861-2200

5

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                              /s/ Kari Knudsen_____
                                                              Kari Knudsen (legal assistant)