**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
No. 90-cv-181-JLK**

---

**MERILYN COOK, et al.,**
**Plaintiffs,**

**v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**
**Defendants.**

---

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE "BARREL INCIDENT"
DOCUMENT RELIED ON BY RAC AND DR. TILL
BUT WITHHELD BY DEFENDANTS**

---

In its Second Order on Pending Motions, dated Dec. 10, 2005, this Court granted Plaintiffs' Motion to Compel Discovery from Dr. John Till, owner of RAC, and one of defendants' experts who is expected to testify this week.

One of the documents that plaintiffs sought by the Motion is about the 903 pad incident and was written by one of defendants' counsel, Joseph Bronesky. The document is entitled, "The factual development of the 'Barrel Incident.'" Plaintiffs expressly requested production of the document from Dr. Till because he and RAC cited and relied upon it in connection with their work relating to Rocky Flats. *See* Notice of Deposition, attached as Ex. 1.

Defendants filed no objections to Plaintiffs' document request, and this Court granted the Motion to Compel. Second Order on Pending Motions, Dec. 10, 2005 [Ct. Rec. 1820].

Attached as Ex. 2 is an except from a RAC report, titled "Development of the Rocky Flats

Plant 903 Area Plutonium Source Term," dated August 1999. Dr. Till, defendants' expert witness, is identified as the "Principal Investigator" in this document. This RAC report repeatedly cites and discusses the Bronesky-written document:

- "Reports indicated that many barrels were corroding in 1958 (<u>Bronesky</u> 1977)" (RAC report at page II-7);

- "Ken Freiburg, a Health Physics Department technician, stated that the closely spaced, stored barrels were corroding from the inside out, and that they were bulging and popping in the sunlight (<u>Bronesky</u> 1977)" (page II-7 to II-8);

- "A June 1962 photo shows such a distorted drum. Freiburg noted the odor of carbon tetrachloride in the area (<u>Bronesky</u> 1977)" (page II-8);

- "Ferrerese recalled that winds occasionally caused the contaminated soil to become airborne. When this occurred, he halted sampling work in the area. He and another monitor discovered contaminated dirt from the 903 Area at the Rocky Flats site perimeter (<u>Bronesky</u> 1977)" (page II-8).

Documents shown to and considered by testimonial experts must be produced, and any claimed privileged is waived.[1] *See, e.g., JB v. Asarco,* 225 F.R.D. 258, 261 (N.D. Okl. 2004) ("Any type of work product or other privilege is lost when the material is disclosed to and considered by a testifying expert.").

---

[1] The Bronesky document was the subject of briefing in 1995, long before Dr. Till was designated an expert witness for defendants. The Court denied plaintiffs' motion to compel production of the document at that time.

Having elected to call Dr. Till to testify, Defendants may not withhold documents relied upon by Dr. Till and RAC in their review of the 903 pad.

Plaintiffs respectfully request that the Court order Defendants to produce the document (Dr. Till reportedly is no longer in possession of it).

Dated: Dec. 13, 2005        /s Jennifer MacNaughton
Merrill G. Davidoff
David F. Sorensen
Jennifer MacNaughton
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215)875-4604
*jmacnaughton@bm.net*

Gary B. Blum
Steven W. Kelly
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs
And the Class*