IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
No. 90–K–181

MERILYN COOK, et al.,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

        Defendants.

## NOTICE OF DEPOSITION OF JOHN E. TILL

TO:    ALL COUNSEL ON ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs, by their counsel, will take the deposition by oral examination of the below-listed deponent before a notary public or other person authorized to administer oaths, at the date, time, and place indicated, and continuing from day to day thereafter until completed. The deposition will be recorded by both stenographic and videographic means, for all purposes in this action, including trial.

You are invited to appear and participate in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the United States District Court for the District of Colorado.

    Deponent:    John E. Till

    Date:    December 1, 2005

    Time:    11:00 A.M.

Place:	Sherman & Howard, LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202-3624
Phone: (303) 297-2900
Fax: (303) 298-0940

The deponent is requested to produce the documents requested in Attachment A hereto in advance of the deposition.

DATE:	Nov. 22, 2005

David F. Sorensen
BERGER & MONTAGUE, P.C.
1622 Locust St.
Philadelphia PA 19103
215-875-5705
215-875-5707 (fax)

Attorneys for Plaintiffs and the Class

2

## ATTACHMENT "A"

The deponent is required to produce the following documents to the extent not already produced in this action:

1. Documents created or received by the deponent, either at home or at work, sufficient to identify (1) the total amount paid to Dr. Till by RAC, CDH, DOE and/or K&E in connection with this case and in connection with any work relating to Rocky Flats; (2) the total amount paid to Dr. Till by RAC, DOE and/or K&E in connection with dose reconstruction studies or work relating to sites other than Rocky Flats.

2. Documents created or received by the deponent, either at home or at work, sufficient to identify (1) the total amount paid to RAC by CDH, DOE and/or K&E in connection with this case and in connection with any work relating to Rocky Flats; (2) the total amount paid to RAC by DOE and/or K&E in connection with dose reconstruction studies or work relating to sites other than Rocky Flats.

3. Documents sufficient to completely identify and specify Dr. Till's financial interest in RAC; including articles of incorporation; stock certificates; etc.

4. All documents created or received by the deponent relating to "material unaccounted for" or MUF at Rocky Flats, i.e., plutonium unaccounted for.

5. All previously classified documents released to RAC after September 1, 1996; and all notes taken by RAC of classified documents released to RAC after September 1, 1996.

6. A copy of Dr. Till's 1976 article, "The Toxicity of Uranium and Plutonium to the Developing Embryos of Fish," ORNL-5610, listed among the deponent's publications.

7. A copy of "The factual development of the 'Barrel Incident'" by Joseph J. Bronesky (December 1977), identified as a source document in, among other RAC reports, "The Rocky Flats Plant 903 Area Characterization, Task 2: Verification and Analysis of Source Terms" (RAC Final Report) (December 1996).

3

## DEFINITIONS AND INSTRUCTIONS WITH RESPECT TO ATTACHMENT "A"

A. This set of document Requests is hereby served on the witness (hereinafter referred to as "you" or "the deponent").

B. You must produce all of the described documents called for by these Requests. "Document" means all material within the scope of the applicable Rules of Civil Procedure, including but not limited to:

1. All correspondence, memoranda, contracts, agreements;

2. Copies of such documents upon which appear any initialing, notation or handwriting of any kind not appearing on the original;

3. Such documents, whether they are prepared by you or your agents, employees, consultants, representatives or attorneys, for their own use, or for transmittal in any manner, or were received by any means by you and prepared by another; and

4. Such documents, wherever located, whether in the files of any agent, employee, consultant, contractor, representative, or attorney of yours, or in any file in the possession, custody or control of you.

C. In producing the requested documents, you must include all documents or writings of which you have knowledge

1. whether created by you, sent by you, sent to you, received by you, in your possession

2. whether created by, sent by, sent to, received by, or in the possession of any other person, firm, corporation or other entity

3. whether a previous version, edition, revision or draft; a subsequent version, edition, revision or draft; a superseded version, edition, revision or draft; or an obsolete version, edition, revision or draft

4. that constitute the sought document or writing, or which refer to, relate to, pertain to, or reflect the sought document or writing.

4

The foregoing is hereby incorporated into each applicable Request in this set as though set forth fully at length as a subpart thereof.

    D.    Whenever you choose to withhold from production any document called for by these Requests, you must provide a log containing the following information:

1. The title of the document or writing;

2. The number of pages of the document or writing;

3. The identity of all author(s) or drafters of the document or writing;

4. The identity of each person to whom an original or a copy of the document or writing was sent;

5. The subject matter of the document or writing;

6. The subject matter and a description of the material withheld, to the fullest extent possible short of waiving the claim to privilege; and

7. The reason for withholding the document or writing.

8. The identity of each person, firm, corporation or other entity in possession of an original or copy of the document or writing;

9. The identity of each person, firm, corporation or other entity in last known possession of an original or copy of the document or writing;

10. The date the document or writing was created;

11. The version, revision or edition of the document or writing;

12. Whether the document or writing is a draft copy or final version;

13. The identity of all other versions, editions, revisions or drafts of the document or writing (even if superseded or obsolete), together with the creation dates and effective dates of all other versions, editions, revisions or drafts.

The foregoing is hereby incorporated into each applicable Request in this set as though set forth fully at length as a subpart thereof.

    E.    You have the duty to reasonably supplement your responses into the future.

    F.    The singular form of a word shall refer to the plural as well and words used in the masculine gender shall also include the feminine.

    G. "And" and "or" shall be construed either conjunctively or disjunctively as required by the context of the Request to bring within the scope of the Request any document or writing or information that might be deemed outside its scope by another construction.

    H. "K&E" means Kirkland & Ellis; "DOE" means the United States Department of Energy; "CDH" means the Colorado Department of Health; "RAC" means the Risk Assessment Corporation..

## CERTIFICATE OF SERVICE

I certify that today, November 22, 2005, I hand-delivered the foregoing, Notice of Deposition to:

David Bernick, Esq.
Douglas Kurtenbach, Esq
**KIRKLAND & ELLIS**
717 17th Street, 13th Floor
Denver, CO  80202

Louise Roselle, Esq.
Attorney for Plaintiffs and the Class
Waite Schneider Bayless & Chesley, LPA
1513 4th & Vine Tower
Cincinnati, OH 45202