**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE TESTIMONY FROM MICHAEL NORTON**
_____

Plaintiffs respectfully submit this reply in further support of "Plaintiffs' Motion to Exclude Certain Testimony from Michael Norton" (Dec. 5, 2005) [Ct. Rec. 1733] and in response to "Defendants' Opposition to Plaintiffs' Motion to Exclude Certain Testimony from Michael Norton" (Dec. 6, 2005) [Ct. Rec. 1748].

Mr. Norton's deposition had not yet been taken at the time plaintiffs filed their motion. Yesterday, he was deposed. Today, plaintiffs received the rough transcript. It is attached as Exhibit A.

At his deposition, Mr. Norton could not state the proposed subject matter of his testimony. He has had no conversations on that subject with any attorney, except perhaps for conversations with counsel from the United States Department of Justice ("DOJ") as to which attorney-client privilege has been asserted. *See* Norton Dep. at 9-10.

From defendants' submission in opposition to this motion, however, and from the exhibits defendants have listed for use with Mr. Norton, it can be surmised that defendants intend to offer his testimony largely, or even primarily, because defendants believe plaintiffs placed Mr. Norton's credibility in issue by calling Mr. Lipsky. *See* Def. Mem. at 1 ("The issue is simple. Plaintiffs chose to put on Jon Lipsky. In doing so they put Michael Norton's credibility directly at issue.").

To this argument there are two responses. First, all of the transcript citations offered by defendants in support of their contention are from their own cross-examination of Mr. Lipsky, not from plaintiffs' direct examination. (Mr. Lipsky's cross-examination begins at page 2522 of the trial transcript.) Any doors opened by the cited testimony were opened by defendants themselves, not by plaintiffs.

Second, and more fundamentally, defendants' argument puts the cart before the horse. The question is not whether "Mr. Norton deserves an opportunity to respond" to the testimony that defendants elicited from Mr. Lipsky. *See* Def. Mem. at 1. The threshold question is whether Mr. Norton can offer testimony on any relevant issue in this case. Mr. Norton's credibility would be a relevant issue only to the extent there were some material and competent testimony that Mr. Norton himself might permissibly give on the underlying facts in controversy. Defendants have not shown that there is.

In particular, Mr. Norton repeatedly testified at deposition that he did not participate in the criminal investigation and has never personally reviewed the underlying evidence developed in the criminal proceedings. *See, e.g.*, Norton Dep. at 16 ("I didn't participate in the investigation to any significant degree at any stage of the investigation."); *id.* at 20 (same); *id.* at 23 (Mr. Norton did not personally review any of the underlying documents or evidence on which the allegations in the

search warrant were founded, "nor do I believe I ever did during the course of the investigation look at underlying data, evidence"); *id.* at 68-69 (Mr. Norton did not personally review underlying evidence cited in government's sentencing memoranda); *id.* at 86 (Mr. Norton was not personally present for grand jury testimony); *id.* at 89 ("I have to just add here, just to make sure, and possibly to short-circuit these questions. I, myself, was not involved as an investigator in this case. Likewise, I, myself, was not involved in terms of evaluating the evidence from the investigation in this case."). Whatever Mr. Norton may know about the underlying evidence, he knows from hearsay accounts provided by other attorneys on the prosecution team. *E.g.*, *id.* at 89-90.

Because Mr. Norton lacks personal knowledge of the evidence, he cannot competently opine on its implications. *See* Fed. R. Evid. 701. Nor may he permissibly testify on opinions held by other counsel on the prosecution team. Not only would such testimony be irrelevant. Not only would it be hearsay. Not only would it draw a "deliberative process" objection from the Department of Justice. *See, e.g.,* Norton Dep. at 43-44; *id.* at 74-75; *id.* at 197-98 (selective assertion). Such testimony would also run directly afoul of the Court's previous rulings. *See* Tr. 10/25/05, at 2521-22 ("I don't want to get into this question of that a U.S. Attorney or the Attorney General of the United States or any of those other people make up their mind about this case. That's the jury's decision to make.").

So too would testimony from Mr. Norton offered to prove that Rockwell was somehow exculpated or exonerated by virtue of the government's decision not to pursue certain charges. *See, e.g.*, Jury Instruction 2.5 ("You should not consider the plea agreement or its content, however, or the fact that Rockwell did not plead guilty to additional crimes and that the government did not seek to prosecute Rockwell for any other crimes, in determining whether Rockwell committed any

particular conduct at Rocky Flats in addition to the misconduct to which it pled guilty."); Tr. (8/22/05) at 6-8 ("I intend to bar Defendants from arguing or presenting evidence that the U.S. Attorney and the Department of Justice ultimately exonerated Rockwell from most of the conduct that had been alleged which will eliminate the need for Plaintiffs to argue and introduce evidence relating to the runaway Grand Jury, the congressional investigation into the Department of Justice's prosecution of Rockwell and similar evidence that might show that the Department of Justice acted improperly in failing to prosecute Rockwell more vigorously.").

In short, despite ample opportunity, defendants have not identified any topic on which Mr. Norton can offer admissible testimony. His testimony should therefore be excluded.


Dated: December 13, 2005                s/ Peter Nordberg
                                        Merrill G. Davidoff
                                        Peter Nordberg
                                        Berger & Montague, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        (215) 875-3000

                                        Attorneys for Plaintiffs
                                        And the Class