# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

___

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE "BARREL INCIDENT" DOCUMENT
___

    Plaintiffs' Motion to Compel, filed this morning on December 13, 2005, and directed to Defendants, belatedly raises arguments that this Court previously denied when it earlier ***upheld the privileged status of the document in question***. Accordingly, Defendants respectfully request that this Court affirm its earlier findings and deny Plaintiffs' present motion.

    Plaintiffs request production of a draft document with the title "The factual development of the 'Barrel Incident'" that was authored by Defendants' counsel Joseph Bronesky. The document was authored by Rockwell counsel to further the defense of his client during the course of the *Church* litigation. The memorandum reflects counsel's mental impressions, particularly with respect to his understanding and selection of various facts, the selection of witnesses, and his interpretation of various comments. Accordingly, this document was listed on two privilege logs that were provided to Plaintiffs in 1995 (*see* Ex. A, 2/9/95 letter from S. Gallagher to J. Auerbach and Attached Log, Document No. 36; Ex B, 4/18/95 letter from R. Kaufman to J. Auerbach and Attached Log). In 1995, Rockwell first learned that this document

was provided to Robert Meyer, a former contractor with RAC, by an unknown source. Upon learning that a third party was in possession of the document, Defendants immediately requested that the document be returned. (*See* Ex. C, 4/11/95 letter from J. Bronesky to R. Meyer.) Under these circumstances, this Court *denied* Plaintiffs' subsequent request for the production of the document (as Plaintiffs acknowledge in a footnote (*see* Pls.' Mot. at 2 n.1)) and found that "Rockwell *has not waived the work product privilege* regarding the barrel incident document." (Ex. D, 11/9/95 Order on Objections to Various Orders of Magistrate Judge at 6–7) (emphasis added) Thus, Plaintiffs' attempt to undermine the Court's prior Orders should be denied.

The fact that Dr. Till is a testifying expert for Defendants does not justify the reversal of this Court's previous holding. As an initial matter, Plaintiffs' assertion that Defendants "filed no objections to Plaintiffs' document request, and this Court granted the Motion to Compel" is meritless. The request in question was served as a document request to *Dr. John Till* -- not Defendants -- and as an attachment to a deposition notice to Dr. Till. Indeed, in their Requests, plaintiffs state that "*[t]he deponent* is required to produce the following documents" and further goes on to state that "[t]his set of document Requests is hereby served *on the witness* (hereinafter referred to as 'you' or 'the deponent.'") (Ex. E, Pls.' Notice of Deposition of John Till) (emphasis added) Similarly, Plaintiffs' first Motion to Compel, which was the subject of the Court's 12/10/05 Order was stylized as a "Motion to Compel Discovery From Dr. John Till." Notably, Dr. Till informed Defendants, Plaintiffs, and the Court that he does not possess this privileged document. (Pls.' Mot. at 3; *see also* Ex. F, Till Dep. at 80–81).[1]

---

[1] In fact, Dr. Till does not know why the document was cited in RAC reports or have any other knowledge about the document. (Ex. F, Till Dep. at 80–81)

2

More fundamentally, there has been no additional disclosure, inadvertent or otherwise, by Defendants of this document since 1995 to suggest waiver of the work-product immunity.

This motion also should be denied because Plaintiffs' delay in filing it is unjustified. Though Plaintiffs cite a 1999 RAC report in their motion, Plaintiffs have been aware since at least 1995 that RAC had mistakenly reviewed this privileged document. (*See* Ex. G, 4/6/1995 letter from R. Dowell to K. Meyer ("I believe I saw this document listed in Dr. Robert Myers' [sic] bibliography for the 903 Pad report.").) Plaintiffs have also known that Dr. Till would be a testifying expert for defendants since 2003. (*See* Ex. H, 12/10/03 Witness List Attached to Status Report.) Plaintiffs provide no justification for the lateness of their motion.

Defendants have submitted for *in camera* inspection a memorandum authored by Mr. Bronesky, dated in 1978, and with the same title as the 1977 draft requested by plaintiffs. As stated in Court, Defendants have provided the Court with this version because after an extensive records search, they have been unable to locate the earlier version of Mr. Bronesky's memorandum. For the Court's ease of reference, Defendants have also submitted for *in camera* inspection bracketed portions of the Bronesky memorandum referred to in RAC's reports.

Dated:  December 13, 2005                                     Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

3

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

5

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

           /s/ Courtney Biggins_____
           Courtney Biggins (legal assistant)