# Exhibit D

FILED
UNITED STATES DISTRICT COURT
DENVER, COLO

NOV 0 9 1995

JAMES R. MANSPEAKER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-K-181

MERILYN COOK, et al.,

　　　　Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION, a Delaware Corporation, and
THE DOW CHEMICAL COMPANY, a Delaware Corporation.

　　　　Defendants.

---

ORDER ON OBJECTIONS TO VARIOUS ORDERS OF MAGISTRATE JUDGE

---

KANE, J.

　　This case presents on objections filed by the parties to various orders of Magistrate Judge Borchers. The Federal Rules of Civil Procedure provide where a party objects to the order of a magistrate judge relating to a nondispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). See Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir. 1995).

　　I review the orders chronologically.

　　1.　**June 10, 1995 Order granting Dow's Motion to Compel Interrogatory Responses.**

　　Plaintiffs objected to the June 20, 1995 order of Magistrate Judge Borchers directing them to respond to Dow's contention interrogatories served on July 29, 1994 and eight witness interrogatories served on February 1, 1995. Dow's opposition to Plaintiffs' objection states the parties have agreed to postpone

indefinitely the objections concerning six contention interrogatories. Accordingly I address only Plaintiffs' objection regarding the eight witness interrogatories.

The witness interrogatories require Plaintiffs to identify the trial witnesses and any person with knowledge relating to Dow's misconduct at Rocky Flats. Plaintiffs argue the number of persons with knowledge of Dow's misconduct is large, Dow is capable of reviewing the documentary record to identify such information, already knows the information sought, and the time for parties to identify their trial witnesses will arrive upon completion of discovery.

Magistrate Judge Borchers relied on the reasoning in my Order Regarding Motion for Reconsideration compelling Plaintiffs to respond to Defendant Rockwell's motion to produce documents. Cook v. Rockwell, No. 90-K-181 (D. Colo. April 12, 1995). There I noted the fact that the moving party is already in possession of documents it seeks to obtain by inspection is not necessarily a sufficient reason for denying discovery. Id. at 3; see Weiner v. Bache Halsey Stuart, Inc., 76 F.R.D. 624, 625 (S.D. Fla. 1977); 8 Charles A. Wright et al., Federal Practice & Procedure, § 2014 (2d ed. 1994) ("[t]he purpose of the discovery rules is not only to elicit unknown facts, but also to narrow and define the issues, and for this purpose it is often necessary to use discovery about known facts.") Further, witness interrogatories are fundamental discovery and should be answered when propounded. See, e.g., B. Braun Medical Inc. v. Abbott Lab., 155 F.R.D. 525, 527 (E.D. Pa.

2

1994).

Plaintiffs make no claim that the decision of Magistrate Judge Borchers was clearly erroneous or contrary to law. Nor do I find such to be the case. Accordingly, I overrule the objections concerning the witness interrogatories and affirm Magistrate Judge Borchers' order in this regard.

2. **July 20, 1995 Order granting Rockwell's Motion for Protective Order.**

Plaintiffs requested production of documents prepared by Rockwell during the course of the United States' criminal investigation. Rockwell objected to the production of the documents and filed a motion for a protective order on the basis of privilege and the work-product doctrine. Magistrate Judge Borchers granted this motion after extensive briefing and oral argument. Plaintiffs object to his order.

The main issue addressed in the order concerns the following facts. During the pendency of a criminal investigation against Rockwell, a *qui tam* civil action, United States ex rel Stone v. Rockwell International Corp., No. 89-C-1154, was filed alleging Rockwell's violation of environmental laws and regulations and Rockwell had concealed those violations from the United States. The United States Department of Justice ("DOJ") had a right to intervene but had not done so as of 1991.

In the course of criminal case negotiations, Rockwell and DOJ began discussing settlement of all pending matters. Rockwell agreed to enter a plea of guilty in a criminal matter and pay a fine. On November 11, 1991, in an effort to have DOJ refrain from

3

intervening in the Stone case, counsel for Rockwell sent DOJ a letter. The letter enclosed, inter alia, twenty-six[1] memoranda which had been prepared by investigators or counsel for Rockwell and stated:

> We also indicated that we would provide you with documents and witness statements which provide the factual basis for the subject areas covered by the criminal courts. We are enclosing the documents and statements as further described below to assist you in your determination. We do not thereby waive any work product or other privilege.

Plaintiffs argued that voluntary disclosure to DOJ of the twenty-six documents lead to a waiver of privilege applying to over one thousand related memoranda and that therefore all memoranda dealing with the same subject matter must be produced. The memoranda were prepared as part of the criminal defense of Rockwell which wanted to know what was going on in the grand jury investigation. Investigators, under the direction of Rockwell's defense counsel, were directed to interview individuals testifying before the grand jury and elsewhere.

Magistrate Judge Borchers found the memoranda fell within the work product doctrine as they were prepared as part of the criminal defense effort. He disagreed with Plaintiffs' assertion that, in

---

[1] In the briefing on the motion for a protective order, the parties referred to twenty-six memoranda. Plaintiffs attached Rockwell's submission to the DOJ as a three volume appendix to their memorandum in opposition to Rockwell's motion for protective order. The submission includes twenty-six memoranda. However, the order of Magistrate Judge Pringle in the related Stone case and the parties briefs concerning Plaintiffs' objection to Magistrate Judge Borchers' ruling refer to twenty-seven memoranda. My discussion refers to twenty-six as I am unable to determine how the reference to twenty-seven arises.

4

producing the limited number of documents, there had been complete subject matter waiver as to the one thousand memoranda. He found Plaintiffs had not shown how they would be prejudiced as they had received those documents sent to the DOJ and Rockwell had adequately described the remaining memoranda.

Plaintiffs object to Magistrate Judge Borchers' determination that there had been no subject matter waiver on several grounds. In response to Plaintiffs' objections, Rockwell filed a notice of supplemental authority attaching a copy of the September 21, 1995 memorandum and order of Magistrate Judge Pringle in Stone. The order considers many of the same arguments that Plaintiffs raise in this case and reflects the same conclusion as that reached by Magistrate Judge Borchers.[2]

Magistrate Judge Pringle noted a lack of uniformity in the circumstances in which courts have applied the subject matter waiver doctrine and followed a line of cases holding the doctrine should not be applied unless there is a showing that the holder of the privilege intentionally disclosed portions of privileged material in order to gain a tactical advantage and that preserving the privilege as to the undisclosed portion would be manifestly unfair to the opposing party. See, e.g., Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1417-18 (11th Cir.), modified on reh'g on other grounds, 30 F.3d 1347 (11th Cir. 1994), cert.

---

[2] Rockwell attached the decision of Magistrate Judge Pringle in Stone in response to Plaintiff's objections to Magistrate Judge Schlatter's decision in this case. The plaintiff in Stone has appealed Magistrate Judge Pringle's decision.

5

<u>denied</u>, 115 S. Ct. 900 (1995). Magistrate Judge Pringle assumed the tactical advantage prong but found the plaintiff in <u>Stone</u> failed to show unfairness or prejudice to him. Having considered the objections of Plaintiffs to Magistrate Judge Borchers' order and reviewed the order of Magistrate Judge Pringle, I conclude Magistrate Judge Borchers' order was neither clearly erroneous nor contrary to law in all but one respect.

As Rockwell conceded in oral argument before Magistrate Judge Borchers, the issues relating to the interview handwritten notes underlying the typewritten memoranda are the same as those concerning the memoranda themselves. Since Rockwell has released to Plaintiffs the twenty-six memoranda given to the DOJ and waived any privilege regarding those documents, it should also release the existing underlying handwritten notes relating to those memoranda.[3]

An issue argued by the parties but not expressly referred to in Magistrate Judge Borchers' order concerns the "barrel incident" document authored by one of Rockwell's attorneys, Joseph Bronesky, regarding continuing releases of Plutonium from Rocky Flats. This document was disclosed to the Radiological Assessments Corp.

---

[3] When it filed its notice of supplemental authority, Rockwell requested that should I not be inclined to deny the objections on the basis of the briefs submitted to Magistrate Judge Borchers, the insufficiency of Plaintiffs' objection, and the attached opinion of Magistrate Judge Pringle, Rockwell would request leave to file a memorandum in support of its position within two weeks of an order granting such leave. I see no need, however, to permit Rockwell to file such memorandum with regard to the existing handwritten notes underlying the twenty-six memoranda in light of counsel's concession that the issues concerning these notes are the same as those concerning the memoranda which they underlie.

6

("RAC"), the phase two contractor for the ongoing dose reconstruction project. RAC relied on the document and incorporated it into its own analysis of releases of plutonium from Rocky Flats.

Plaintiffs argue Rockwell has waived its work-product privilege regarding the barrel-incident document because it's disclosure substantially increased the opportunities for potential adversaries to obtain the information. See Grumman Aerospace Corp. v. Titanium Metals Corp. of America, 91 F.R.D. 84, 89 (E.D.N.Y. 1981); 8 Charles A. Wright et al., supra, § 2024.

Dr. Meyer, a consultant to RAC, who had the barrel incident document for nearly a year before relinquishing possession on the request of Rockwell's counsel, does not recall how he came to be in possession of it. At oral argument before Magistrate Judge Borchers, Rockwell's counsel stated Rockwell does not know how RAC obtained the document and had demanded its return as soon as it discovered RAC had it.

On the evidence before me, Rockwell has not waived the work product privilege regarding the barrel incident document. Accordingly, Magistrate Judge Borchers' order is not clearly erroneous or contrary to law insofar as it fails to except the barrel incident document from the ambit of the protective order.

I modify Magistrate Judge Borchers' July 20, 1995 order only insofar as it granted the protective order with regard to the handwritten notes underlying the twenty-six memoranda released to the DOJ.

7

3.  **August 21, 1995 Order regarding Defendants' Motion for an Order under Rule 35 to Require Four Individual Plaintiffs to Undergo a Mental examination.**

Defendants moved for the mental examination of four of twelve individual Plaintiffs. They argued good cause had been shown for an order under Federal Rule of Civil Procedure 35 for a psychiatric interview and four standard psychological tests because the four Plaintiffs have filed a claim of outrageous conduct, alleging they have suffered and continue to suffer severe emotional distress.

Magistrate Judge Borchers found Defendants had shown good cause as to two of the Plaintiffs but denied Defendants' requests as to the other two Plaintiffs on the ground they had not previously sought professional help for their distress. Plaintiffs object to the decision insofar as it requires two of the Plaintiffs to take the four standardized tests. Defendants object to that portion of the decision denying their request for examination as to two Plaintiffs.

Whether to grant a motion for a mental examination rests within the sound discretion of the motions court. Cody v. Marriott Corp., 103 F.R.D. 421, 423 (D. Mass. 1984). As noted by Magistrate Judge Borchers, each request for an examination under Rule 35 must rise or fall on the individual facts.

Defendants assert Magistrate Judge Borchers' distinction between the two Plaintiffs who had sought professional help for specific medical conditions and those who made general allegations of outrageous conduct and emotional distress but had not sought medical or mental health advice was clearly erroneous. I disagree.

8

The Rule requires the mental or physical condition of the party must be in controversy and the movant must show good cause for the examination sought. Factors considered by courts in determining whether such requirements are satisfied include whether the party makes an allegation of a specific mental or psychiatric injury or disorder and intends to offer expert testimony to support a claim of emotional distress. See Turner v. Imperial Stores, 161 F.R.D. 89, 95 (D. Cal. 1995); Cody, 103 F.R.D. at 423. Accordingly, Magistrate Judge Borchers was not clearly erroneous when he considered these factors in determining whether each of the Plaintiffs concerned should be subject to a Rule 35 examination.

Plaintiffs assert the ruling was erroneous insofar as it permits defendants' experts to administer four standard psychological tests to two of the Plaintiffs concerned. They allege Defendants did not show good cause for such tests. First, Plaintiffs argue the magistrate judge failed to take into account a statement of Defendants' expert psychiatrist, Dr. Elissa Benedek, in another case that such testing was helpful but not required in that case. However, Plaintiffs' argument is unpersuasive in light of the different claims in that case and the unrebutted declarations of Dr. Benedek and Dr. Clark (Defendants' expert psychologist) that psychological testing should be conducted here.

Plaintiffs attach to their objection a declaration of Dr. Rachel Klein, a psychologist, concerning the use of the tests. I do not consider the declaration as I am reviewing an order of a magistrate judge on a non-dispositive motion under Rule 72(a). As

9

such, I am not permitted to receive further evidence but am bound by the clearly erroneous rule in reviewing questions of fact. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Blair v. Sealift, Inc., 848 F. Supp. 670, 675 (E.D. La. 1994).

For the reasons stated, I find no clear error in Magistrate Judge Borchers' determination on the evidence before him that the standardized tests were appropriate to help evaluate the mental status of Plaintiffs. Accordingly, I overrule the objections of both Plaintiffs and Defendants to the August 21, 1995 order regarding Defendants' motion for an order under Rule 35 and affirm that order.

4. **October 6, 1995 Order regarding Motion to Intervene brought by Norman P. Cypher and George H. Setlock.**

On October 26, 1995, Plaintiffs objected to the October 6, 1995 order of Magistrate Judge Borchers granting Cypher and Setlock's motion to intervene in this litigation. Plaintiffs moved for reconsideration of the order and asked that adjudication of these objections be stayed pending disposition of Plaintiff's motion for reconsideration. On October 30, 1995, Magistrate Judge Borchers denied the motion for reconsideration.

I order Plaintiffs to detail their objections to the October 6, 1995 order regarding the motion to intervene within ten days, 11/27 allow Defendants to respond within ten days 12/11 to Plaintiffs' objections, and allow Plaintiffs five days to reply. 12/8

10

5. <u>October 6, 1995 Order regarding Subpoena to G. Bryan Morgan.</u>

On October 26, 1995, Plaintiffs objected to the October 6, 1995 order of Magistrate Judge Borchers sustaining Rockwell's objections to Plaintiffs' subpoena served on G. Bryan Morgan. Plaintiffs requested the adjudication of these objections be stayed as the subpoena relates to issues subject to the pending objections to Magistrate Judge Borchers' order of July 20, 1995.

The subpoena requested a series of documents relating to Rockwell's decision to provide documents to the DOJ in 1991. Magistrate Judge Borchers concluded his July 20, 1995 order determined that Rockwell had a legitimate claim of privilege concerning interview notes made by counsel and investigators, that order was currently on appeal to me and the subpoena was an attempt by Plaintiffs to obtain documents which had been ruled privileged.

To the extent the subpoena requested the handwritten notes underlying the twenty-six memoranda submitted to the DOJ by Rockwell, this opinion renders the subpoena and its objections moot in that I find the magistrate judge erred in his July 20, 1995 order granting Rockwell's request for a protective order regarding those notes.

Insofar as the subpoena requests any other documents, I order

11

Plaintiffs to detail their objections to the October 6, 1995 order within ten days, allow Defendants to respond within ten days to Plaintiffs' objections, and allow Plaintiffs five days to reply.

Dated this 9'ᵗʰ day of November, 1995 at Denver, Colorado.

JOHN L. KANE, JR.
U.S. SENIOR DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JAMES R. MANSPEAKER, CLERK
U. S. Courthouse
1929 Stout Street, Rm. C-145
Denver, CO  80294
(303) 844-3433

Date:    **November 9, 1995**

Case No. **90-K-181 - Cook v. Rockwell**

The undersigned hereby certifies that on the above date a true and correct copy of the preceding **ORDER ON OBJECTIONS TO VARIOUS ORDERS OF MAGISTRATE JUDGE** signed by Judge John L. Kane, Jr., on **November 9, 1995,** was mailed to the following:

Bruce H. DeBoskey, Esq.
Steven W. Kelly, Esq.
Silver & DeBoskey
1801 York Street
Denver, CO  80206

Ronald Simon, Esq.
Connerton, Ray & Simon
1920 L St., NW, 4th Floor
Washington, DC  20006

Joseph J. Bronesky, Esq.
Christopher Lane, Esq.
Sherman & Howard
**DC Box # 12**

Mark S. Lillie, Esq.
Kirkland & Ellis
**DC Box # 9**

Richard Kaufman, Esq.
AUSA

R. Bruce McNew, Esq.
3711 Kennett Pike, #210
Greenville, DE  19807

Mark Tucker, Esq.
The Dow Chemical Co.
2030 Willard H. Dow Center
Midland, MI  48674

Joseph F. Yenouskas, Esq.
Franklin D. Kramer, Esq.
Patrick Hanlon, Esq.
Suite 800
1800 Massachusetts Ave., NW
Washington, DC  20036

Stanley M. Chesley, Esq.
Waite, Schneider, et al.
1513 Central Trust Tower
Cincinnati, OH  45202

Daniel Satriana, Esq.
Sean R. Gallagher, Esq.
Hall & Evans
**DC Box # 5**

Douglas J. Kurtenbach, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Merrill Davidoff, Esq.
Daniel Berger, Esq.
Peter B. Nordberg, Esq.
Berger & Montague
1622 Locust Street
Philadelphia, PA  19103-6365

Robert Golten, Esq.
1881 - 9th Street, #216
Boulder, CO  80302

Kenneth A. Jacobsen, Esq.
John D. Stoner, Esq.
Christopher T. Reyna, Esq.
Chimicles, Jacobsen & Tikellis
361 W. Lancaster Avenue
Haverford, PA  19041

Peter R. Nadel, Esq.
Gorsuch Kirgis
**DC Box # 4**

Magistrate Borchers

November 9, 1995

Phyllis Knight, Esq.
1999 Broadway, #2305
Denver, CO  80202

Patrick Burke, Esq.
1660 Wynkoop Street, #1160
Denver, CO  80202

Frank P. Dickson, Jr., Esq.
Los Alamos National Lab
P.O. Box 1633, MS: A187
Los Alamos, NM  87545


JAMES R. MANSPEAKER, CLERK

_____
Deputy Clerk