## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### No. 90–K-181

---

**MERILYN COOK, et al.,**

    **Plaintiffs,**

       **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

---

### PLAINTIFFS' OBJECTIONS TO EXHIBITS TO BE USED WITH
### MICHAEL NORTON

---

**A.**    **Exhibits that Violate the Court's Previous Rulings on Grand Jury and Criminal Case Evidence**

The Court has repeatedly stated that certain subjects relating to the criminal investigation of

Rocky Flats are off-limits in this trial.  In particular, the Court has held that defendants may not seek

to argue that the guilty plea exonerated Rockwell for the allegations that were not pled, see Aug. 22,

2005 Hearing Tr. at 6-8,[1] and that the parties may not elicit testimony regarding the prosecutors' or

---

[1]

I intend to bar Defendants from arguing or presenting evidence that the U.S. Attorney and the Department of Justice ultimately exonerated Rockwell from most of the conduct that had been alleged which will eliminate the need for Plaintiffs to argue and introduce evidence relating to the runaway Grand Jury, the congressional investigation into the Department of Justice's prosecution of Rockwell and similar evidence that might show that the Department of Justice acted improperly in failing to prosecute Rockwell more vigorously.

investigators' state of mind regarding the investigation, Oct. 12 Tr. at 634-35.[2]  These issues are

discussed in further detail in Plaintiffs' Motion to Exclude Certain Testimony from Michael Norton,

filed Dec. 5, 2005 [Ct. Rec. 1733].  Throughout this trial, defendants have constantly stepped over

the line on these rulings.  The bulk of defendants' exhibits for Mr. Norton continue this pattern.

The exhibits listed below all violate the Court's previous rulings barring evidence of the

prosecutors' or Grand Jury's state of mind regarding the investigation.  Additional objections are

also stated with each exhibit below.

DX 47, "Rockwell Plea Counts"
DX 1041, "Main FBI Raid Allegations"

These graphics depict the ten counts of the Rockwell plea agreement and several allegations

found in the FBI affidavit.  Plaintiffs object to DX 1041 to the extent defendants use the document

to argue that the FBI allegations were "proven false" because Rockwell did not plead guilty to all

of the allegations.  The Court has previously sustained an objection to similar testimony.  *See* Oct.

17 Tr. at 1295-96; *see also id.* at 1301 ("The fact that the United States Attorney and its Grand Jury

did or did not return an indictment is something that's just not relevant here.")  In addition, plaintiffs

object to the characterization in DX 1041 of those selected allegations as the "main" allegations.

DX 1268, "Key Participants in Rocky Flats Criminal Investigation"

This exhibit does not attribute the quoted statements, but these are quotations from Agent

Lipsky's trial testimony.  All of these quotations were brought out by defense counsel on cross-

---

[2] *See id.* at 634 ("Opinion testimony is simply not permissible, and no -- other than as
expert testimony, and no adverse inferences can be drawn from such things as Mr. Norton's view
or any other public official.")

examination.  *See* Tr. at 2556:7-8; 2568:15-25; 2928:10-2929:16; 2942:23-2943:2; 2946:15-25; 2949:11-25; *see also* Defendants' Opposition to Plaintiffs' Motion to Exclude Certain Testimony from Michael Norton, filed Dec. 6, 2005 [Ct. Rec. 1748] at 2 (citing most of the same testimony). As explained in further detain in Plaintiffs' Reply Memorandum in Support of Motion to Exclude Testimony from Michael Norton, filed Dec. 13, 2005 [Ct. Rec. 1834], defendants' claimed justification for Mr. Norton's testimony – that he must rebut these statements by Agent Lipsky – has no credibility when defendants themselves are responsible for those statements' appearance in the record.

DX 1861 through 1881, Slides depicting Mr. Norton's Congressional testimony

These slides all contain hearsay statements by Mr. Norton.  A witness' prior consistent statements may not be used to bolster his in-court testimony.  *See* Fed. R. Evid. 801(d)(1).  If Mr. Norton's Congressional testimony is admissible, then plaintiffs should be permitted to introduce the Wolpe report, which is Congress' findings regarding the conduct of the criminal investigation.

**B.     Other Objections**

DX 66, Article, "Flats case bedeviled prosecutors"

Plaintiffs object to this exhibit as hearsay.  Mr. Norton is testifying as a prosecuting attorney, not a real estate market participant.  Defendants plainly intend to use it for the truth of the matters asserted therein, not to show market knowledge.

**C.     No Objection**

Plaintiffs do not object to the following exhibits:  DX 4047, DX 4048, DX 4049, P-706, P-1272, P-1367, and PV-3104.

3

Plaintiffs do not object to the following exhibits if used for demonstrative purposes only; however plaintiffs reserve the right to raise further objections depending on the purpose for which these exhibits are used with Mr. Norton's testimony:  DX 48, DX 1040, DX 1859, and DX 1860.

Respectfully submitted,

Dated: December 14, 2005

    /s   Jennifer MacNaughton     
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS & CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*

4