IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    Plaintiffs,

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    Defendants.

### PLAINTIFFS' OBJECTIONS TO EXHIBITS TO BE USED WITH DR. JOHN TILL

**A.    Videotape**

In response to the narrated videotape, plaintiffs raise the following objections.

    **1.    Material Outside the Scope of Dr. Till's Report**

The videotape contains extensive footage about when the class members moved to the class area, construction activity, and images of the class area, none of which appear in Dr. Till's report or even the RAC reports. These matters exceed the scope of Dr. Till's report and are prejudicial.

The videotape includes maps of when individuals moved to the class area, together with a discussion of the major contamination events. The maps were taken from data compiled by defendants' other experts. Dr. Till has no basis to discuss this information. Defendants ostensibly use this discussion to allow Dr. Till to opine that people who moved into the class area later received lower exposures than people who were present in 1957 or 1969. However, Dr. Till's report does not

discuss when specific class members moved into the area. Moreover, the fact that some class members received a higher dose than others is utterly irrelevant. The standard for nuisance is to prove that *some* health risk exists, not that all class members have the *same* risk. *See* Jury Instruction 3.7 (" To find that Plaintiffs proved this form of interference [health risk], you do not need to find that all Class members were exposed to plutonium at the same time or by the same methods or to the same degree or that they all incurred the same level of health risk as a result of exposure to plutonium.")

On the reverse side, this evidence carries a high risk of prejudice because it suggests that the class members "came to the nuisance," an argument that is impermissible under Colorado law and the Court's prior rulings. *See* Sept. 13, 2005 Hearing Tr. at 5-6. This evidence is also confusing: the clear implication of these maps is that the *only* time people off-site were exposed to plutonium was during the 1957 fire and 903 pad incidents. Dr. Till's report does not make any such claim. In reality, the contamination spread by those incidents remains in the class area and on the plant site and will be subject to further disturbances and resuspension for thousands of years.

Similarly, the discussion of growth and construction in the class area has no relation to Dr. Till's area of expertise. Defendants' other experts discuss the effects of construction and paving on the amount of plutonium available for resuspension; this discussion is not part of Dr. Till's report. Also, Dr. Till's report does not discuss growth and development in the class area, other than a passing remark on page 2 in describing Rocky Flats and its surroundings. *See* Till Report at 2 (Ex. 1). The degree of growth or development in the area has no relevance to Dr. Till's dose reconstruction study. The real purpose of this part of the video is to leave the jury with the

impression that the class area is growing and therefore nothing is wrong.

### 2. 1957 Fire Dose Description

The description of the dose from the 1957 fire is misleading because it implies that only people who were outdoors during the fire were exposed to plutonium. The videotape describes how RAC calculated the dose for the laborer (the maximally exposed individual), emphasizing the fact that this hypothetical person would have been outside during the hours of 10:00 pm and 7:00 am. The videotape makes *no mention* of RAC's dose calculations for individuals who were *indoors* at the time of the fire. The viewer is left with the distinct impression that only a person who was outdoors, at night, for several hours, could have been exposed to plutonium from the 1957 fire.

### 3. Class Member Dose Evidence

Plaintiffs wish to alert the Court that the portion of the video that discusses a "receptor grid" for the 1957 fire release may be a prelude to defendants' discussion of their new dose calculation evidence. This tardy expert project is the subject of a pending Motion to Exclude, filed Dec. 11 [Ct. Rec. 1784].

**B.     Expert Evidence Outside the Scope of Dr. Till's Report**

Learned treatises are inadmissible as hearsay and as expert opinion that does not meet the requirements of Fed. R. Evid. 702. These reports, which would be considered expert reports if their authors were present in the courtroom, have not been subjected to *Daubert* scrutiny. Dr. Till did not perform the research and thus plaintiffs cannot or cross-examine him about the methodologies and conclusions of these studies. Additionally, these studies carry an unacceptable risk of juror confusion, given their highly technical nature and the fact that these studies are not expert reports

and thus the studies' authors will not be able to guide the jury through the studies.

### 1. Papers Not Authored by Dr. Till

DX 454, ATSDR Public Health Assessment for Rocky Flats
Associated graphics: DX 1786, 1787, 1788, 1789, 1790, 1791, 1792, 1834, 1835, 1836, 1837, 1839

The ATSDR study is almost completely derivative of other studies, including the RAC dose reconstruction study. *See* DX 454 at ii ("ATSDR uses existing scientific information, which can include the results of medical, toxicological and epidemiological studies ..."); *id.* at 1 ("When preparing this PHA [Public Health Assessment], ATSDR gathered and reviewed a large volume of reports, studies and sampling data generated by numerous parties . . . A study that weighed heavily in this evaluation was the dose reconstruction study recently completed by the CDPHE contractor.") As such, it is hearsay within hearsay. Dr. Till did not rely on this document for either the RAC study or for his expert report. Moreover, Dr. Till will be testifying for two days; he does not need an additional (hearsay) report to bolster or parrot the RAC study's results.

DX 507, Colorado Central Cancer Registry, "Ratios of Cancer Incidence in Ten Areas Around Rocky Flats, Colorado"
Associated graphics: DX 1310, 1841, 1842

The Colorado Cancer Registry study was not cited in Dr. Till's report. Dr. Till cannot stand in for other experts and present their results. The study is hearsay and expert opinion not admissible under Fed. R. Evid. 702.

DX 4055, Draft RCRA Facility Investigation, Appx. A - Comprehensive Risk Assessment

While plaintiffs agree that this exhibit is admissible, plaintiffs object to its use with Dr. Till's testimony. Dr. Till did not cite or rely on this document; it post-dates both the RAC study and his

4

expert report.

DX 536, "Summary of Findings - Historical Public Exposure Studies on Rocky Flats"
P-1334, "Health Advisory Panel's Report to the Public"
DX 1833a, "HAP Conclusions on Need for Epidemiologic Studies"

Dr. Till had no involvement in the HAP report to the public and therefore cannot stand in for the HAP panel members in court. In his deposition, he testified that neither he nor his company, RAC, were involved with creating DX 536. Till dep. at 94-96 (Ex. 2). Similarly, P-1334, the "Report to the Public," appears on its face to have been compiled by the Health Advisory Panel, not RAC. As for DX 1833a, Dr. Till cannot speak for the HAP panel, and thus cannot present evidence regarding the panel's opinions about epidemiological studies. P-1334 is not cited in Dr. Till's report, and DX 536 appears only to have been cited for the historical background on the RAC study. *See* Till Report at 1, 30 (Ex. 1). Given that DX 536 summarizes some of the RAC studies' findings, the probative value is not enough to warrant admitting the exhibit under Fed. R. Evid. 703.

P-1469, Proposed Modifications and Additions to Attachments to the Rocky Flats Cleanup Agreement.

This document was not cited in Dr. Till's expert report.

### 2. Papers Written by Scientists Other than Dr. Till who Worked for RAC

DX 37      Plutonium Releases from the 903 Pad at Rocky Flats
DX 38      Plutonium Releases from the 1957 Fire at Rocky Flats
DX 379     Past Radionuclide Releases from Routine Operations at Rocky Flats
DX 735     Risks of Fatal Cancer from Inhalation of $^{239,240}$Plutonium by Humans

These studies are all hearsay and expert opinion that has not been properly admitted under Fed. R. Evid. 702 or *Daubert*. Dr. Till cannot simply adopt the expert opinions of scientists in order to evade the hearsay rules and Rule 702. These papers should be treated the same as any other

5

learned treatise: they are not admissible.

### 3. Papers Co-Written by Dr. Till

DX 398  A Model for a Comprehensive Assessment of Exposure and Lifetime Cancer Incidence Risk from Plutonium Released from the Rocky Flats Plant, 1953-1989
DX 543  Risks to the Public from Historical Releases of Radionuclides and Chemicals at the Rocky Flats Environmental Technology Site

Although these articles were co-authored by Dr. Till, they are still out-of-court statements that have not been submitted as expert reports in this case and have not been subjected to *Daubert* scrutiny. The Court has previously barred plaintiffs from presenting their expert's published works. *See* Nov. 3 Tr. at 3922-23 (Dr. Smallwood may testify about his published article but the article is not admissible into evidence). The same rule should apply here.

**C.     Miscellaneous Objections**

DX 1809, "Plaintiffs' Experts on RAC (before trial)"

This graphic is pure hearsay. It displays an out-of-court statement by one of plaintiffs' consultants, Dr. Jan Beyea, who has not been called as an expert witness to testify at trial. Moreover, the statement was not made under oath; the source for the statement is the Rocky Flats Health Advisory Panel reporter's transcript of a meeting.

DX 1773, Lifetime Cancer Risk by Decade
DX 1779, RAC Calculated Doses by Decade

These exhibits exceed the scope of Dr. Till's report and of the RAC study. The RAC report which is the source for this graphic did not treat the class area any different from the rest of the off-site population (or indeed, even mention the class). Rather, as the inset map graphic on these

exhibits shows, Dr. Till calculated a hypothetical dose for several locations, and *one* of those (Standley Lake East) falls within the class area.  These graphics carry the misleading message that the Standley Lake East dose applies to the entire class area.

DX 1800, "Current Acceptable Annual Doses"

The sources for this document do not appear in Dr. Till's report.  Nor does Dr. Till's report include these figure or any such comparison of "acceptable annual doses" from various sources.

DX 1810, "Cochran on ChemRisk"
DX 1811, "Cochran on RAC's Calculations"

These exhibits are unduly argumentative, in that they contrast Dr. Cochran's testimony to what defendants term "Reality."

DX 1843, "1 in 1 Million"

The comparisons depicted in this graphic do not appear in Dr. Till's report or the RAC study.

DX 1844, "Burrowing Animals Considered"

The second and third bullet points discuss reports or findings that are not cited in Dr. Till's report and in which Dr. Till had no involvement.  Specifically, the source documents are the Proposed Modifications and Additions to the RFCA (marked as P-1469) and the RCRA Facility Investigation (a portion of which is marked as DX 4055).  The discussion of soil action levels in Dr. Till's report is found on pages 30 to 31 (Ex. 1).

DX 1845, "RSALs"

The data and assertions in this graphic exceed the scope of Dr. Till's report.  The discussion of soil action levels in Dr. Till's report is found on pages 30 to 31 (Ex. 1).

### D. Objections Already Decided by Earlier Rulings

Plaintiffs incorporate their previous objections to the RAC reports to preserve their record, even though those exhibits have already been admitted. *See, e.g.* Opposition to Defendants' Motion for Admission of Exhibits, filed Nov. 4, 2005 [Ct. Rec. 1588]. The exhibit number are: DX 511, DX 513, DX 514, DX 515, DX 516, DX 518, DX 521, DX 523, DX 524, DX 525, DX 527, DX 528, DX 529, DX 530, DX 532, DX 533, and DX 534.

Plaintiffs also object to defendants' use of expert opinion that exceeds the bounds of Dr. Till's report under the guise of "rebuttal" evidence. The Court has previously ruled that defendants' experts may exceed the scope of their reports if such testimony is designed to rebut plaintiffs' witnesses. *See* Dec. 9 Tr. at 7187-88. Plaintiffs raise a standing objection to defendants' use of their experts to comment on plaintiffs' witnesses' testimony. Defendants had ample opportunity to cross-examine these witnesses. Dr. Till's critiques of their testimony amount to new expert opinion.

The relevant exhibits are:

> DX 1810, "Cochran on ChemRisk"
> DX 1811, "Cochran on RAC's Calculations"
> DX 1812, "Cochran - Routine Release Comparison"
> DX 1815 & 1816, "Cochran on ChemRisk's Routine Release Estimate"
> DX 1820, 1820,[1] & 1821, "Cochran - Length of Dose"
> DX 1822, "Cochran - Basis for RSAL"
> DX 1824, "Cochran - Relation of MUF to Offsite Releases"
> DX 1832, "RAC Conclusions on Need for Epidemiologic Studies"
> DX 1849, "Joel Selbin on RAC"
> DX 1850, "Joel Selbin on Pu Movement"
> DX 1851, "Joel Selbin on Soil Depth"
> DX 1852a, "Joel Selbin on DOE/CDPHE/EPA Approach"

---

[1] Defendants submitted two different versions of DX 1820.

8

DX 1853, "Joel Selbin on Risk"
DX 1854, "Joel Selbin Testimony"

**E.     No Objection**

Plaintiffs do not object to the following graphics, if used for demonstrative purposes only:

DX 1678, 1682a, 1686a, 1688, 1689, 1690a, 1691, 1692, 1693, 1694, 1696, 1697, 1699, 1700a, 1703, 1738, 1747, 1759, 1760, 1769, 1780, 1781, 1782, 1783, 1784, 1785, 1794, 1795a, 1796a, 1797, 1798, 1799, 1801, 1802, 1803a, 1804, 1805, 1814, 1817, 1818, 1819, 1831a, 1846, 1847, 1848, 1855, 1856, and 1857.

Plaintiffs also have no objection to the non-narrated videotape regarding probability curves.

Respectfully submitted,

Dated: December 14, 2005

/s   Jennifer MacNaughton
Merrill G. Davidoff
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS &
CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

9

Gary B. Blum  
SILVER & DEBOSKEY, P.C.  
1801 York Street  
Denver, CO 80206  
(303) 399-3000  

*Attorneys for Plaintiffs*