## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

### DEFENDANTS' REPLY IN SUPPORT OF PROPOSED INSTRUCTION REGARDING THE TYPE OF COMPENSATORY DAMAGES THAT CAN BE AWARDED
---

       In Plaintiffs' Memorandum in Opposition to Defendants' Proposed Instruction Regarding the Type of Compensatory Damages That Can Be Awarded, plaintiffs make two arguments, both of which only underscore why defendants' proposed instruction is necessary here.

       As an initial matter, plaintiffs concede, as they have in the past, that diminution in value damages are the only compensatory damages that they can recover in this case. *See* Pls.' Proposed Plan for Determination of Compensatory Damages filed 7/13/04, at 20-22 (confirming the Court's assumption that plaintiffs' damages evidence is "based solely on diminution in property value"). The issue, then, is whether the jury should be told about something that both sides agree to be true.

       Plaintiffs argue that "the proposed instruction is unnecessary," because "[t]he Court's existing instructions on damages already recite the nature of the damages sought by plaintiffs and identify the appropriate damage measure." (Pls.' Brief at 1). In support of this argument, plaintiffs cite Instruction No. 3.22. But Instruction No. 3.22 merely states that plaintiffs can

recover diminution in property value damages. Instruction No. 3.22 does not state that plaintiffs can *only* recover diminution in property value damages. This is a critical distinction, because plaintiffs' witnesses have repeatedly referred to non-diminution-in-property-value damages. ***Without a jury instruction stating that plaintiffs can <u>only</u> be awarded diminution- in-value damages, the jury will believe that such non-diminution-in-value damages can be awarded to the plaintiffs***.

Second, plaintiffs argue that "defendants' proposed instruction mistakenly implies that the only 'injury' claimed by plaintiffs is pecuniary – *i.e.*, that plaintiffs have suffered no alleged harm except diminution in property value." (Pls.' Brief at 1). But plaintiffs' argument confuses "injury" with "damages."[1] What defendants' proposed instruction says is that the only ***damages*** plaintiffs can recover is diminution in property value. Defendants' proposed instruction does not limit the ***injuries*** for which plaintiffs may recover those damages. Indeed, the Court's instructions spell out the alleged injuries which are at issue (*i.e.*, plutonium contamination (trespass), past health risk or risk of future harm (nuisance)). Defendants' proposed instruction

---

[1] "Damages" are a separate concept from "injury." Restatement § 902 ("The word 'damages' is used in this Restatement in the same sense in which it is used in the Restatement of Contracts. It has reference to an award made to a person by a competent judicial tribunal in a proceeding at law or in equity because of a legal wrong done to him by another. Damages flow from an injury. As stated in § 7, injury denotes the invasion of any legally protected interest."); *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 691 (Mich. 2005) ("plaintiffs attempt to blur the distinction between 'injury' and 'damages'"); *Goodyear v. Discala*, 849 A.2d 791, 799 (Conn. 2004) ("The concept of 'damages,' however, is distinct from the legal injury from which damages arise."); *Oklahoma City v. Hopcus*, 50 P.2d 216, 218 (Okla. 1935) ("[t]here is a clear distinction between injury and damages . . . '[t]he word 'injury' denotes the illegal act; the term 'damages' means the sum recoverable as amends for the wrong. The one is the legal wrong to be redressed, the other the scale or measure of recovery.'"); *City of North Vernon v. Voegle*, 2 N.E. 821, 824 (Ind. 1885) ("['Injury' and 'damages'] are ... words of widely different meaning .... [T]hey describe essentially different things."; *see also American Stevedores v. Porello*, 330 U.S. 446, 450, n. 6 (1947) (term "damages" connotes "a compensation in money for a loss or damage" [internal quotation marks omitted]).

does not in any way imply that the universe of *injuries* for which plaintiffs may recover is anything less than what is currently set forth in the Court's instructions.[2]  Rather, defendants' proposed instruction simply states that the recoverable *damages* are limited to "diminution in property value" – something that plaintiffs do not dispute.  *See* Pls.' Proposed Plan for Determination of Compensatory Damages filed 7/13/04, at 20-22.

This issue should not be controversial.  Both sides agree that plaintiffs can only be awarded diminution in value damages.  Plaintiffs' argument that the jury should not be told about this undisputed matter should be rejected.


Dated:  December 14, 2005                        Respectfully submitted,


                                                 /s/ John E. Tangren
                                                 One of the Attorneys for the Defendants
                                                 David M. Bernick
                                                 Douglas J. Kurtenbach
                                                 Ellen Therese Ahern
                                                 Mark J. Nomellini
                                                 John E. Tangren
                                                 KIRKLAND & ELLIS LLP
                                                 200 East Randolph Drive
                                                 Chicago, Illinois 60601-6636
                                                 Phone:  312-861-2000
                                                 Fax:     312-861-2200

                                                 Joseph J. Bronesky
                                                 SHERMAN & HOWARD L.L.C.
                                                 633 Seventeenth Street, Suite 3000
                                                 Denver, Colorado 80202
                                                 Phone:  303-297-2900
                                                 Fax:     303-298-0940

---

[2] Of course, defendants have previously expressed their disagreement with elements of those instructions, and do not waive those arguments here.

3

                                        Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

5

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

            /s/ Courtney Biggins_____
            Courtney Biggins (legal assistant)