# Exhibit B

5176

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

vs.

ROCKWELL INTERNATIONAL CORPORATION, and THE DOW CHEMICAL COMPANY,

    Defendants.

---

REPORTER'S TRANSCRIPT
Volume 38

---

Proceedings before the HONORABLE JOHN L. KANE, JR., Senior Judge, United States District Court for the District of Colorado, commencing at 1:22 p.m., on the 14th day of November, 2005, in Courtroom A802, United States Courthouse, Denver, Colorado.

Proceeding Reported by Mechanical Stenography, Transcription Produced via Computer by Kara Spitler, RMR, CRR, 901 19th Street, Denver, CO, 80294, (303) 623-3080

Richard Kaufman - Recross 5225

1  to the video-tape is overruled.  I -- it's -- I think it is
2  discretionary and I'm exercising my discretion.  Frankly, it's
3  what I wish would happen in these complex cases more often than
4  not, is to have this kind of video with the person available
5  for cross-examination about the content and it puts things into
6  a -- I think into focus.  And it would be utterly delusional to
7  think that this case isn't already confusing to the jury, and I
8  hope it straightens it out and also gives defendants an
9  opportunity for full cross-examination on it.
10            I think that the availability for cross-examination
11 under Tenth Circuit law is one of the reasons for permitting
12 it, and the other is that the -- I looked at the video over the
13 noon hour, and it relates to essentially general principles and
14 not specific matters to that extent.  And so I think that that,
15 again, is something which the Tenth Circuit has observed is
16 good.
17            But overall, the main reason for doing it is I think
18 that our primary job here is to have the jury have an
19 understanding of what's going on.  And this certainly increases
20 that.
21            So you can call Dr. Cochran, and he can testify, and
22 you can show the film.
23            Now, as to the exhibits for Dr. Cochran, I'm not
24 prepared to rule on those at this point.  I didn't get them in
25 time to make rulings.

1  went on at Rocky Flats in the '70s and the '80s, they were --
2  each of these devices they were trying to make would be on the
3  order of just under 4 kilograms.  And some of the older
4  designs, more like six or more.  And you can use a lot more if
5  you want, not a whole lot more, but I mean, if you want to
6  build a bigger bang, you can put more plutonium in it.
7  Q   Dr. Cochran, just to -- for those of us that are used to
8  pounds and not kilograms, to make the conversion from kilograms
9  to pounds, you just multiply by 2.2 roughly; is that correct?
10 A   Yes.
11 Q   So 4-kilograms would be about 8.8 pounds or less for a
12 nuclear weapon of plutonium; is that right?
13 A   Yes.  Yes.
14 Q   Now, in addition to the two reports that you prepared in
15 this case, did you also testify at the contempt trial before
16 Judge Kane in July of 1995 on the subject of MUF?
17 A   Yes, I did.
18 Q   And did you also, with other experts, work on a videotape?
19 A   Yes.  I worked with Dr. Budnitz on developing a videotape
20 for this case that was sort of part of my overview and part of
21 his presentation.
22 Q   And you narrate that videotape; is that correct, sir?
23 A   That is correct.
24 Q   Now --
25 A   Let me say I did that tape in '96.  And subsequent to doing

7076

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181(JLK)

MERILYN COOK, et al.,

    Plaintiffs,

vs.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

**REPORTER'S TRANSCRIPT**
TRIAL TO JURY
Volume 56

---

Proceedings before the HONORABLE JOHN L. KANE, JR., Senior Judge, United States District Court for the District of Colorado, continuing at 1:32 p.m., on the 8th day of December, 2005, in Courtroom A802, United States Courthouse, Denver, Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Therese Lindblom, 901 19th Street, Room A259, Denver, Colorado, 80294, (303) 628-7877

Joel Selbin - Direct

7116

BY MR. DAVIDOFF:

Q. Do you have any final comments concerning the four years that you spent trying to get a reasonable soil action level for the Rocky Flats cleanup, other than those that have been ruled out?

A. Well, my concern has been, originally was, not only for future generations, who had nothing to do with getting benefits from Rocky Flats, but who would be under risk, their health risks for a very, very long time. I have five grandchildren --

MR. BERNICK: At this point, Your Honor, I think this is inappropriate.

THE COURT: The objection is sustained.

THE WITNESS: Okay.

THE COURT: All right.

THE WITNESS: But additionally, I would say that I have been concerned about this generation, because I am in this generation, my children are in this generation, my grandchildren are in this generation, I would be -- I am -- I am concerned for this and all generations that we are not going to get a proper cleanup, in my -- again, in my view, or for that matter, in the view of the Risk Assessment Corporation, that came up with a lower number and a regiment that would be far more protective of the people now and in the future.

MR. DAVIDOFF: Your Honor, that concludes our direct.

THE COURT: Thank you.

7183

```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181(JLK)

MERILYN COOK, et al.,

     Plaintiffs,

vs.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

     Defendants.
```

**REPORTER'S TRANSCRIPT**
TRIAL TO JURY
Volume 57

Proceedings before the HONORABLE JOHN L. KANE, JR., Senior Judge, United States District Court for the District of Colorado, continuing at 8:33 a.m., on the 9th day of December, 2005, in Courtroom A802, United States Courthouse, Denver, Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Therese Lindblom, 901 19th Street, Room A259, Denver, Colorado, 80294, (303) 628-7877

1  witness. They've now had for several days this short paper we
2  don't intend to offer, we just want to say to him, there has
3  been trial testimony, intend to show the jury the trial
4  testimony, it's a sentence from Dr. Biggs, and then say, what's
5  your response to that, to the witness?
6      And that's the nature of the testimony that we propose
7  to have him give. It's captured on a single slide. We can use
8  the slide or not, but that's the nature of the testimony.
9      MS. ROSELLE: Your Honor, Dr. Biggs was deposed over a
10 year and a half ago. They then could have supplemented their
11 expert reports if they wanted to. This expert has not
12 supplemented his reports since 1999. Every time our expert
13 tried to go 1 inch beyond the expert reports, and they
14 objected, Your Honor ruled the expert is bound by his testimony
15 report.
16     THE COURT: I know that, but that is on direct
17 examination, and this is rebuttal testimony.
18     MS. ROSELLE: No --
19     THE COURT: But defense do rebuttal on their direct,
20 and you have a chance to come back to rebut, but that's the way
21 it's done.
22     MS. ROSELLE: No -- I'm not going to argue with Your
23 Honor. But I just want to understand, you're saying that their
24 experts in their case in chief can go beyond their --
25     THE COURT: I didn't say that. I said, if they are