IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

Defendants.

---

## ORDER ON MOTION TO EXCLUDE
## TESTIMONY OF DR. SHIRLEY FRY

---

Kane, J.

This matter is before me on Plaintiffs' motion to exclude the testimony of

Dr. Shirley Fry, as set forth in their Motion to Exclude the Testimonies of Fry, Grogan

and Voilleque (Docket #1728), filed December 4, 2005.  Having carefully considered the

motion with respect to Dr. Fry, the parties' subsequent briefing on this subject, the

relevant record and all applicable legal authorities, and being fully advised in the

premises, I rule as follows:

Defendants offer Dr. Fry in rebuttal to the testimony of Plaintiffs' expert

Dr. Steven Wing.  In compliance with Federal Rule of Civil Procedure 26 and the

deadlines for expert disclosure I ordered in this case, Plaintiffs designated Dr. Wing as an

expert in this matter in May, 1995, and provided his expert report to Defendants in

November, 1996.  Pursuant to Rule 26(a)(2)(C), Defendants were required to identify and

provide an expert report for any expert evidence they intended to present to contradict or

rebut Dr. Wing's expert testimony within 30 days of Plaintiffs' disclosure of Dr. Wing's

expert report.  Fed. R. Civ. P. 26(a)(2)(C); *see, e.g.*, *Eckelkamp v. Beste*, 315 F.3d 863,

872 (8th Cir. 2002); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)

(Posner, J.); *Complaint of Kreta Shipping, S.A.*, 181 F.R.D. 273, 276 (S.D.N.Y. 1998).

Defendants did not disclose an expert to rebut Dr. Wing's expert testimony in December,

1996, as required, and did not request any extension of time to do so.  Instead, on

October 7, 2005, at the start of trial and immediately after I denied Defendants' *Daubert*

motion to exclude Dr. Wing's testimony, Defendants for the first time declared their

intent to call Dr. Fry as a rebuttal witness to Dr. Wing.  Defendants had not identified

Dr. Fry as a potential witness, expert or otherwise, on any of their previous witness lists.[1]

Rule 37(c)(1) provides that a party who without substantial justification fails to

disclose information required by Rule 26(a) may not present this information as evidence

at trial. This sanction is mandatory unless the non-disclosing party shows substantial

justification or that the failure to disclose was harmless.  *See, e.g.*, Fed. R. Civ.

---

[1]    On November 11, 2005, after the conclusion of the expert testimony of Dr. Richard Clapp, another of Plaintiffs' long-disclosed expert witnesses, Defendants announced their intention also to elicit testimony from Dr. Fry in rebuttal to Dr. Clapp's trial testimony. *See* Defendants' Statement Concerning Its [sic] Trial Witness List (Docket #1630), filed November 11, 2005.  Defendants' maintained that position until three days ago, when they announced they would limit Dr. Fry's testimony to rebuttal of Dr. Wing. *See* Defs.' Resp. (Docket #1823) at 1.

P. 37(c)(1) Adv. Comm. Note 1993); *see Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 952-53 (10th Cir. 2002).[2]  This rule applies to rebuttal expert testimony that was not disclosed in compliance with Rule 26(a).  *See, e.g., Finley*, 75 F.3d at 1230 (affirming exclusion of rebuttal evidence presented by expert witness because the evidence was not disclosed as required by Rule 26(a)); *Congressional Air, Ltd. v. Beech Aircraft Corp.*, 176 F.R.D. 513, 515-16 (D. Md. 1997) (same).  Accordingly, unless Defendants had substantial justification for failing to disclose Dr. Fry's testimony in December, 1996, she may not testify as a expert in rebuttal to Dr. Wing's properly disclosed expert testimony.[3]

The only justification offered by Defendants for their failure to disclose Dr. Fry is that Plaintiffs' inadvertent omission of Dr. Wing from their December, 2003 preliminary witness list led them to believe Dr. Wing would not testify at trial.  Any confusion on this score was temporary, however, as Plaintiffs notified Defendants in July, 2004, more than

---

[2]     The Tenth Circuit has stated that the following factors should be considered in determining whether the failure to disclose was substantially justified or harmless: (1) the prejudice or surprise to Plaintiffs, as the party against whom the testimony is offered; (2) the ability of Plaintiffs to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) Defendants' bad faith or willfulness. *Jacobsen*, 287 F.3d at 953-54.  Although neither party addressed these factors in their briefing, I considered them in reaching my conclusions here.

[3]     Rule 37(c)(1) permits the use of undisclosed information at trial if the failure to disclose was harmless.  Defendants have not argued that their failure to disclose Dr. Fry as a rebuttal witness was harmless, and I find no basis in the record for such a conclusion.  Dr. Fry was not disclosed as a witness until the eve of trial and never filed an expert report of any kind.  That Plaintiffs were able to take her deposition, during trial and barely a week before her scheduled testimony, does not cure the prejudice that resulted from this untimely and incomplete disclosure.

3

a year before trial, that Dr. Wing was still a potential expert witness in this case.  More importantly, Plaintiffs' final decision on whether to call Dr. Wing at trial has nothing to do with the timing of Defendants' obligation under the Federal Rules to provide disclosure of any expert testimony in rebuttal to Dr. Wing's testimony.  That obligation was triggered in November, 1996 when Plaintiffs disclosed Dr. Wing's intended expert testimony, and required Defendants to disclose any expert evidence to contradict or rebut Dr. Wing's expert testimony 30 days later, in December, 1996.[4]

Defendants argue I ruled that Dr. Fry could testify in rebuttal to Dr. Wing based on statements I made on October 7, 2005, immediately after Defendants for the first time stated their intent to call Dr. Fry as a rebuttal witness.  Plaintiffs had had no discovery at that time regarding Dr. Fry and the scope of her intended testimony.  Although Dr. Fry has not submitted an expert report, she was deposed by Plaintiffs on December 7.  I now make my final ruling based on this more complete record.

Under this record, I hold that Dr. Fry may not present expert testimony in this case, in rebuttal to Dr. Wing or otherwise, because Defendants failed to comply with the expert disclosure requirements set out above and that failure was not substantially justified or harmless.

That brings me to Defendants' final argument, which is that Dr. Fry's intended rebuttal testimony is not expert testimony at all and thus is not subject to these disclosure

---

[4]     Rule 26(a) authorizes courts to set a different time and sequence for expert disclosures, but none was set for expert rebuttal reports here.

requirements, or, for that matter, the reliability requirements for expert testimony set forth

in Fed. R. Evid. 702.  Defendants assert this is so because Dr. Fry has personal

knowledge of Dr. Wing and "of the field of epidemiology at DOE" as a result of her years

of experience as a DOE epidemiologist.  *See* Defs.' Resp. (Docket #1745) at 4; Defs.'

Resp. to Pls.' Supp. (Docket #1823) at 2.  As a consequence, Defendants argue, Dr. Fry

"can factually testify as to the work with which she is familiar" at DOE as a lay witness

under Fed. R. Evid. 701.  *See* Defs' Resp. (#1745) at 4.

Defendants assert they will question Dr. Fry regarding two specific areas of which

she has personal knowledge: (1) "attempts to influence or limit epidemiological studies of

workers at DOE nuclear facilities, including [Dr. Wing's] own mortality study of Oak

Ridge workers; and (2) the structure of the DOE radiation epidemiology program and the

studies conducted under that program."  Defs' Resp. to Pls' Supp. (Docket #1823) at 1.

Defendants have stated that Dr. Fry's testimony on these subjects is intended to rebut

Dr. Wing's testimony suggesting "that the DOE epidemiological studies were not

credible, were inadequate and that the DOE's purported 'conflict of interest' affected that

science."  Defs' Resp. (Docket #1745) at 4.

An expert witness is "a witness qualified as an expert by knowledge, skill,

experience, training or education" whose "scientific, technical or other specialized

knowledge will assist the trier of fact to understand the evidence or to determine a fact in

issue."  Fed. R. Evid. 702.  By definition, therefore, an expert witness has personal

knowledge of their field and of the matters on which they are to testify, or they would not

be qualified to testify as an expert.  As a result, that Dr. Fry has personal knowledge of the subjects on which she is to testify is not determinative of whether she is testifying as a lay fact witness or as an expert witness.[5]

The Federal Rules of Evidence require that a witness' testimony be scrutinized under the rules regulating expert testimony to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.  Fed. R. Evid. 701 Adv. Comm. Notes (2000 Am.).  This requirement is to ensure "that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." *Id.*

"The distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field."  Fed. R. Evid. 702 Adv. Comm. Notes (2000 Am.).  The Tenth Circuit has stated this test as follows:

> When the subject matter of proffered testimony constitutes "scientific, technical, or other specialized knowledge," the witness must be qualified as an expert under Rule 702.  Rule 701 applies only if the witness is not testifying as an expert.  Indeed, the rule expressly prohibits the admission of testimony as lay witness opinion if it is based on specialized knowledge.  In other words, a person may testify as a lay witness only if his opinions or

---

[5]     Fed. R. Evid. 701, moreover, specifically prohibits lay opinion testimony, even when based on personal knowledge, if the opinion or inference is based on scientific, technical or other specialized knowledge.

> inferences do not require any specialized knowledge and could be reached
> by any ordinary person.

*Lifewise Master Funding v. Telebank* , 374 F.3d 917, 929 (10th Cir. 2004) (internal

quotations and citations omitted).

There can be no question that Dr. Fry's intended testimony would be based on her

knowledge and alleged expertise in epidemiology[6] and thus on scientific, technical and

specialized knowledge, rather than knowledge or a process of reasoning familiar to the

layman in everyday life.  The subjects on which Defendants intend to question her

require this specialized knowledge, and any opinions she might express on the identified

subjects would be based on it.  This conclusion is confirmed by my review of the

examples of Dr. Fry's intended testimony set forth by Defendants in their December 9

response.[7]  *See* Defs.' Resp. (Docket #1777) at 3-4.

Accordingly, I find Defendants are offering Dr. Fry as an expert witness, without

having disclosed her and her testimony as required by Fed. R. Civ. P. 26(a).  This failure

---

[6]     I say "alleged expertise" not as a comment on Dr. Fry's qualifications to
testify as an expert, but rather to point out that her qualifications and the reliability of her
testimony were never tested under Fed. R. Evid. 702 because she was not timely, or
otherwise, disclosed as an expert witness.

[7]  One of the examples Defendants give, that Dr. Fry will testify regarding the
reasons for Mancuso's dismissal from the Oak Ridge Associated Universities in 1974,
might constitute non-expert evidence but it is nonetheless not admissible because it is not
based on her personal knowledge.  *See* Fry Dep. at 103 (Dr. Fry reports she has no
personal knowledge of anything done at ORAU before 1978).

to disclose was not substantially justified and is not harmless.  Plaintiffs' motion to

exclude Dr. Fry's testimony is, therefore, granted.

IT IS SO ORDERED.

Dated this 15th day of December, 2005.

_____s/John L. Kane_____
John L. Kane, Senior District Judge
United States District Court