IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–K-181

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

### MOTION TO COMPEL DEFENDANTS TO DISCLOSE THEIR ENTIRE WITNESS LIST

Plaintiffs respectfully request the Court require defendants to provide, by the close of business Monday, December 19, their entire remaining witness list in the order of call. Defendants' recent witness list, dated December 12 (attached as Ex. 1), includes scarcely one week's worth of witnesses. Although the Court did not hold defendants to a set number of witnesses to disclose on December 12, due to defendants' stated difficulties in determining which witnesses would be available (*see* Dec. 9 Tr. at 7432), by Monday defendants will have had over a week to contact their witnesses and make arrangements. By then, it is reasonable to expect that defendants will be in a position to make a more thorough witness list disclosure.

On November 2, the Court required plaintiffs to provide their entire witness list, in the order of call. Nov. 2 Tr. at 3615-16. The Court gave plaintiffs two days to comply with this Order. *Id.* at 3615. Plaintiffs timely filed their witness list. Defendants, however, claiming that plaintiffs' list

was "unrealistic" and that they would need to adjust their list based on any potential changes in plaintiffs' witness order, declared that their list was "tentative." *See* Defendants' Tentative Witness List as of November 7, 2005 (Docket #1600-1). When asked again, a week after the close of plaintiffs' evidence, for a complete witness list, defendants claimed it would be difficult to determine which witnesses would be available immediately after the holiday break. Dec. 9 Tr. at 7430-31. Now that defendants have scheduled their post-holiday witnesses, there should be no impediment to their disclosing the remainder. Plaintiffs successfully scheduled their witnesses as long as four (calendar) weeks in advance; it is reasonable to expect defendants to do the same.

Plaintiffs need to use their time during the holiday break efficiently to prepare cross-examinations of defendants' remaining witnesses. The Court has previously required both parties to disclose their entire witness list in the order of call. Defendants have had two weeks since the close of plaintiffs' case to comply with this Order. Plaintiffs respectfully request that the Court require defendants to disclose their entire witness list in the order of call by the close of business Monday, December 19.

Respectfully submitted,

Dated: December 15, 2005

/s   Jennifer MacNaughton
Merrill G. Davidoff
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

2

Louise Roselle
WAITE SCHNEIDER BAYLESS &
CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*