**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

       **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS**
_____

Plaintiffs respectfully request certain adjustments, as outlined below, to Jury Instruction No. 3.7. In addition, plaintiffs ask that the Court's eventual verdict form address the possibility that the jury might find the elements of plaintiffs' claims to be satisfied for some class members but not all.

## I.  INSTRUCTION NO. 3.7

Instruction No. 3.7 concerns interference with use and enjoyment. Plaintiffs believe there are two concerns warranting adjustments to this instruction.

### A.  Forms of Interference

Plaintiffs' first concern involves the two forms of interference outlined in the instruction. As currently drafted, the instruction could be interpreted to require that all class properties or class members be subject to the *same form* of interference. That is, it could be read to require that

plaintiffs prove either (or both) of two things: (1) that all class properties or class members were subject to health risks because of plutonium exposures; or (2) that all class properties or class members were subject to risks from future events and releases.  However, class-wide interference could also be established by a showing that all class properties or class members were subject to *some* actionable form of interference, even though some of them experienced interference in the first form, others in the second, and still others, perhaps, in both.

To correct this ambiguity, it woud be sufficient to add two sentences, after the instruction's third paragraph, to read: "You need not find that all Class Members were subject to the same form of interference with use and enjoyment.  It is enough if all Class Members were subject to *some* form of interference, even if different Class Members were subject to different forms."

### B.  Nonresident Class Members

One form of interference outlined in Instruction No. 3.7 is couched in terms of health risks resulting from *class members'* exposure to hazardous substances.  Some class members, however, may have owned land within the class boundaries on June 7, 1989, without personally occupying or residing on that land.  Such owners may maintain an action to recover damages under section 930 for future harms, even though they did not occupy the class properties they owned, because they "have property rights and privileges in respect to the use and enjoyment of the land affected."  *See* Restatement of Torts § 821E & comment f.

To account for such nonresident class members, a new paragraph could be added, following the second paragraph of this instruction, to read: "There may be some nonresident Class Members – that is, Class Members who owned property within the Class Area but without living there.  Those Class Members too have suffered interference with use and enjoyment, if you find that occupancy

of their properties *would* have resulted in exposure to plutonium in some way, causing some increment of increased health risk, as a result of one or both Defendants' activities."

## II.  THE VERDICT FORM

Plaintiffs are concerned that on multiple occasions, defendants have argued to the jury that if there is *any* class member who is not entitled to recovery, *none* can recover.  To date, these arguments have not been supported by evidence that any particular class properties are uncontaminated, or that any particular class members have not been exposed to plutonium.  To date, defendants have merely argued, in the abstract, that by virtue of the general existence of bulldozers, contaminated soil might have been scooped off some unspecified class properties, never to return.

Defendants declined the Court's invitation, during pretrial preparations, to propose subclasses for any areas that defendants contended were uncontaminated by plutonium.  If defendants now have some proposal for such a subclass, they should tender it.  If not, they should not be permitted to secure a favorable verdict against the entire class merely by raising the speculative possibility that one or more unspecified parcels within the class could now conceivably be plutonium-free.

Defendants, to be sure, are entitled to challenge the sufficiency of plaintiffs' contamination evidence, in whole or in part.  If plaintiffs fail to satisfy the jury that *any land at all* within the class is contaminated, defendants are entitled to a class-wide verdict on the trespass claim.  Likewise, if there is some particular *parcel or area* for which plaintiffs fail to carry their burden, defendants are entitled to a verdict on *that parcel or area*.

What defendants are not entitled to do, however, is to defeat *all* class members' claims based on the theory that *some* class members' claims are (or may be) unmeritorious.  *See, e.g., In re*

*NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 523 (S.D.N.Y. 1996) ("Even if it could be shown that some individual class members were not injured, class certification, nevertheless, is appropriate where the antitrust violation has caused widespread injury to the class."); *see also In re Cardizem CD Antitrust Litig.*, 200 F.R..D. 297, 320-21 (E.D. Mich. 2001); *In re Auction Houses Antitrust Litig.*, 193 F.R.D. 162, 166-68 (S.D.N.Y. 2000).

      Too much has been invested in this class trial for speculative doubt about the claims of an unidentified few to preclude a verdict on claims by other class members.  Short of subclasses, this issue could be handled by special interrogatories to the jury at the appropriate time.  If defendants intend to raise arguments, based on the evidence, that some identifiable portion of the class was not exposed to plutonium, or that some subset of the class properties are uncontaminated, the jury can be asked to resolve that issue.  Because defendants have not yet identified any such unexposed subset of class members or uncontaminated properties, plaintiffs cannot propose specific language for such interrogatories at this time.  The Court may wish to consider the issue, however, as the trial progresses, and as it finalizes its verdict form.

Dated: December22, 2005

      s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs
And the Class