**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
NO. 90-CV-181-JLK**

**MERILYN COOK,** *et al.***,**

       **Plaintiffs,**

  **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

       **Defendants.**

---

**PLAINTIFFS' MOTION TO PRECLUDE THE READING OF
DESIGNATIONS FROM THE TESTIMONY OF CHARLES McKAY**

---

On December 21, 2005, defendants' filed their Letter to Merrill Davidoff regarding Witness List (Doc. 1881),[1] in which they indicated their intention to read the deposition of Charles McKay "during any available time." Plaintiffs hereby move to preclude the reading of designations of testimony from Mr. McKay's depositions.

Pursuant to Federal Rule of Civil Procedure 32(a), a deposition may be used against any party who was present or represent at the taking of the deposition under certain limited circumstances. Relevant to this matter:

> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
>     (A) that the witness is dead; or
>
>     (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the

---

[1] Although filed on December 21, 2005, defendants' letter is dated December 22, 2005.

> witness was procured by the party offering the deposition; or
>
> (C)    that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or
>
> (D)    that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>
> (E)    upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

Fed. R. Civ. P. 32(a)(3).

As defendants are well aware, none of the circumstances warranting the use of his deposition at trial apply to Mr. McKay, who is alive and well, resides at 10100 Wadsworth Boulevard, Broomfield, Colorado 80021 (clearly within 100 miles of the Court), is in the United States, is not of such an age that he is unable to testify, and is neither ill, infirm or imprisoned.  *See generally* Dep. of Charles McKay (taken September 28 and November 15, 2005).[2]  Nor have defendants attempted to subpoena Mr. McKay, or applied or given notice (much less demonstrated) that exceptional circumstances exist as to justify the use of the deposition.

Furthermore, this Court has previously ruled that witnesses within the subpoena power of the Court may testify in person.  *See* Motion to Use James Willging's Prior Deposition Testimony (Doc. 1546); Declaration of James Willging (Doc. 1569); Minute Entry for Proceedings on October 27, 2005 (Doc. 1564) ("it is entirely up to Mr. Willging whether he testifies in court"); Order (Doc. 1565) (same).

---

[2]    Given their extensive length, plaintiffs have not attached the transcripts of Mr. McKay's deposition as exhibits.  Plaintiffs will, however, file or provide paper copies if the Court so desires.

For all of the foregoing reasons, and applying the ubiquitous "sauce for the goose" rule, defendants should be precluded from offering testimony by Charles McKay by deposition.

Respectfully submitted,

December 23, 2005                  */s/ Jean M. Geoppinger*
                                    _____
                                    Louise M. Roselle
                                    Jean M. Geoppinger
                                    WAITE, SCHNEIDER, BAYLESS
                                    & CHESLEY CO., L.P.A.
                                    1513 Fourth & Vine Tower
                                    One West Fourth Street
                                    Cincinnati, Ohio  45202
                                    (513) 621-0267

                                    Merrill G. Davidoff
                                    Peter Nordberg
                                    Jenna MacNaughton-Wong
                                    BERGER & MONTAGUE, P.C.
                                    1622 Locust Street
                                    Philadelphia, PA 19103
                                    (215) 875-3000

                                    Gary B. Blum
                                    Steven W. Kelly
                                    SILVER & DEBOSKY, P.C.
                                    1801 York Street
                                    Denver, Colorado  80206
                                    (303) 399-3000

                                    ***Attorneys for Plaintiffs***
                                    ***and the Class***

CERTIFICATE OF SERVICE

I hereby certify that, on December 23, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

David M. Bernick
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois 60601

    and

Joseph J. Bronesky
SHERMAN & HOWARD, LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202

*Attorneys for Defendants*

          */s/ Jean M. Geoppinger*
          _____
          Jean M. Geoppinger