Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

---

### DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION TO ADMIT DOCUMENTS AND PRESENT THEM DIRECTLY TO THE JURY

    On December 6, 2005, Plaintiffs notified the Court and Defendants that they intend to read yet more documents to the jury. Plaintiffs should not be permitted to present these documents to the jury because doing so would pointlessly prolong this already lengthy trial.

    Plaintiffs previously read documents to the jury on November 21st and 22nd. On those dates, Plaintiffs consumed approximately four hours reading a small binder's worth of documents. Now, Plaintiffs apparently intend to spend further time reading these documents to the jury. Such a time-consuming endeavor would needlessly disrupt Defendants' case. Nor have Plaintiffs shown any need to read these documents, as they are cumulative of, and add nothing to, matters already presented at length by Plaintiffs.

    Moreover, none of the documents Plaintiffs now propose to read are "admissions." ***None*** of the documents were created by Dow or Rockwell. Nor are they "ancient documents;" of the documents bearing dates, all (but one) are dated after 1989 and thus were not in existence

"twenty years or more." Fed. R. Evid. 803(16). These documents constitute inadmissible hearsay.

In addition to these general objections, Defendants object to specific documents on the following grounds:

Defendants do not object to the following exhibits: P-642, P-1130, P-1131, P-1483, P-1484, P-1485, P-1486, P-1487, and P-1488.

**P-393**: Defendants object to P-393 on grounds of hearsay, relevance, and foundation. This document is a Kaiser-Hill document apparently prepared in 2003. The document discusses air emissions from 1994 through 2002. Plaintiffs have proffered no witnesses who could say what this document is, why it was prepared, what it is about, or be cross-examined about it.

**P-1396 and P-1397**: Defendants object to these exhibits because Plaintiffs apparently intend to use these Executive Orders to suggest that DOE improperly classified MUF-related documents in this case. For instance, Section 1.6 on Limitations on Classification (P-1396) details why information should not be classified. Allowing Plaintiffs to read this section would be improper because it puts before the jury the issue of whether DOE properly classified MUF documents consistent with this Executive Order (without providing any evidence that matters that remained classified fell outside the directives of these Executive Orders which address only classification of national security information – not restricted data). This Court has repeatedly held that Plaintiffs "cannot go into the classification process itself as to whether it was done in good faith or not because that's beyond the purview of this Court. . . . Whatever other motivations they [DOE] have, I can't go into. That is – *I don't sit as a court of review as to the – as to how classifications are made.*" (11/14/2005 Trial Tr. at 5082; *see also* 11/10/2005 Trial Tr. at 5054) (emphasis added) Neither does this jury. Further, like P-1482, Plaintiffs have

2

provided no foundation for these Executive Orders or how (or even if) they are applicable. These exhibits, therefore, raise inadmissible matters, are misleading, and are unduly prejudicial.

**P-1482:** Defendants object to P-1482 on grounds of relevance, hearsay, foundation and because it is likely to mislead the jury and is therefore unduly prejudicial. P-1482 is a Westlaw printout of an executive order relating to the applicability of pollution control statutes to federal facilities. Plaintiffs have proffered no witness to lay a foundation for this executive order or how, if at all, it applies to this case. Simply reading this executive order without any context or foundation that it applies to this case will mislead the jury, and it should therefore be excluded under Fed. R. Evid. 403.

**P-1489:** Defendants object to P-1489 on the grounds that plaintiffs have provided no foundation for the admission of these photos and there has been no evidence establishing the contents of the boxes pictured in the photos. To the extent the photos purports to depict boxes of redacted documents relating to MUF and produced by DOE, Defendants further object that they are inadmissible because they improperly raise before the jury the question of whether DOE abused its classification powers and redacted the MUF-related documents in good faith. This Court very clearly held that "If you [plaintiffs] have *specific evidence* that you tried to bring forth and you have been frustrated in your effort by the classification process, that is admissible, that and that alone. All the rest of this business is what's causing the serious risk, the serious risk of either a mistrial or such fundamental loss of fairness in the case that the case is thrown out." (11/10/2005 Trial Tr. at 4886-4887) (emphasis added) An unauthenticated photo of the outside of various boxes of documents fails this test because it is not probative of the *specific content* of the redacted information Plaintiffs were unable to have declassified. These photos of the number and height of the boxes are objectionable as irrelevant, misleading, and unduly prejudicial

because they will likely be used to suggest that all of these documents were wrongfully kept classified and redacted by DOE. Finally, the exhibit is also misleading and highly prejudicial because it suggests that every page of every document in the boxes has been redacted, which is impossible to confirm based on photos of the outside of these boxes.

**P-1490 and P-1491**: Defendants object to P-1490 and P-1491 on grounds of authenticity, hearsay, relevance, and foundation. These documents are conspicuously marked as drafts that were prepared in June 2005. There is no evidence that these documents have ever been finalized. Furthermore, they were prepared by URS, a subcontractor to Kaiser Hill, and are therefore hearsay that does not fall in any exception.

**P-1494**: Defendants object to P-1494 because it is irrelevant and highly prejudicial. There is no legal basis to permit Plaintiffs to bring ***ten boxes of unauthenticated documents*** before the jury. Doing so is not evidence – it is a theatrical act. Moreover, the display of ten boxes of unauthenticated documents produced by a non-party (DOE) is highly prejudicial to Defendants, because it (i) goes into whether DOE conducted the classification process in good faith and (ii) suggests that ***Defendants*** somehow played a role in classification decisions (which they did not). As this Court has held, plaintiffs may not go into either topic. (11/14/2005 Trial Tr. at 5082; 11/10/2005 Trial Tr. at 4886-4887) (*See also* Objections to PX 1396, 1397, 1489) Furthermore, these boxes by themselves do not reveal anything about the specific content of information Plaintiffs were unable to get. Indeed, in order for these boxes to have any probative value whatsoever, Plaintiffs would need to show to the jury the specific contents of all of the documents within the boxes and describe the specific information that was redacted but that they needed – which Plaintiffs are not proposing to do. Thus, Plaintiffs' sole reason for carting these boxes into court is an improper one – to cause needless and unfair prejudice to Defendants.

**P-1495:** Defendants object to P-1495 because these photographs of the 1957 fire are irrelevant and unduly prejudicial. Additional, Plaintiffs have provided no foundation for their admission.

**P-1547 and P1554:** Defendants object to P-1554 and P-1557 on grounds of hearsay, foundation and authenticity. These appear to be photographs of the Rocky Flats plant, but Plaintiffs have provided no context for them, such as when they were taken, and provide no basis to determine that they are accurate photographs of the plant.

Finally, in order to preserve the record, Defendants object to the following documents for reasons stated in previous Motions *in Limine* that the Court has already denied.

**MUF:** Defendants object to the following exhibits on the ground that evidence of MUF is inadmissible under Rules 402 and 403 (*see* Defendants' Motion *in Limine* No. 9 to Exclude Evidence of "Inventory Difference," filed 6/16/2005): P-1396, P-1397, P-1489, P-1494.

**Classification:** Defendants object to the following exhibits on the ground that evidence relating to classification is inadmissible under Rules 402 and 403 (*see* Defendants' Motion *in Limine* No. 5 to Exclude Evidence of Document Classification Issues and Discovery Conduct by the Department of Energy, filed 6/16/2005): P-1396, P-1397, P-1489, P-1494.

Dated: December 7, 2005

Respectfully submitted,

/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren

KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone: 312-861-2000
Fax:   312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone: 303-297-2900
Fax:   303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

/s/ Kari Knudsen
Kari Knudsen (legal assistant)