Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

    Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

    Defendants.

---

**ORDER ON DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF TESTIMONY AND EXHIBITS FROM MARK N. SILVERMAN**

---

Kane, J.

This matter is before me on Defendants' Motion Regarding Objections to Mark Silverman Deposition Designations and Exhibits, filed November 14, 2005. In addition to Defendants' motion and Plaintiffs' response, I have reviewed the deposition of Mr. Silverman in its entirety, including the specific lines designated by the parties. Based on this review, I sustain Defendants' objections to the designated deposition testimony and exhibits.

Most of the designated testimony is irrelevant. For example, Mr. Silverman testified in his role as the highest-ranking DOE official at Rocky Flats during the time the DOE was producing MUF documents in this case and the related contempt proceedings against DOE. His personal opinion on a matter of policy to the effect that he thought

much of the MUF material could have been produced to the Plaintiffs in unredacted form is irrelevant based on Mr. Silverman's testimony that he was not a classification officer or expert, that his opinion was strictly a matter of management policy and that he deferred to the classification authorities on classification matters.

With regard to Mr. Silverman's testimony on classification matters, Plaintiffs quote me to the effect that "evidence that some information that might be admissible for plaintiffs was - remains classified, is admissible . . .." This is not persuasive. The key element of my ruling is that Plaintiffs must show with specificity what evidence was sought and remained classified. Normally, a party is hard-pressed to demonstrate that which has been withheld, but here plaintiffs' counsel with Q clearances could demonstrate with specificity what items of information were being withheld on grounds of national security. No such showing has ever been made with respect to Mr. Silverman's testimony.

Mr. Silverman's deposition testimony about efforts to make him the "fall guy" in connection with the discovery contempt proceedings amounts to nothing more than the irrelevant chatter of bureaucrats and the advice of his friends. As it happens, Mr. Silverman testified that neither the suggested efforts of Washington DOE officials nor the advice of his friends had the slightest impact on what he did or said: He dismissed the supposed threat and ignored the advice.

The rest of Mr. Silverman's deposition testimony is either excessively cumulative or relates to inadmissible matters such as cleanup costs and worker exposure issues. By

his own admission, Mr. Silverman in not an expert on any plutonium issues. In fact, his only opinion about the danger existing to members of the Plaintiff Class was that short of a cataclysmic event such as an earthquake or large explosion, the Class members were not endangered or damaged. This opinion is not admissible nor are any others he expressed.

Notwithstanding my rulings on the substance of Mr. Silverman's testimony, I reject entirely Defendants' argument that evidence concerning conditions at Rocky Flats after Dow and Rockwell left the site is per se irrelevant. Evidence regarding conditions Dow and Rockwell left behind can be admissible to show, among other things, that the presence of plutonium and any other hazardous substances at the Rocky Flats site pose a continuing risk to the Class Area, and relates to my rulings on what constitutes a nuisance and the damages connected thereto.

IT IS SO ORDERED.

Dated this 21st day of November, 2005.

> BY THE COURT:
>
> **s/John L. Kane**
> John L. Kane, Senior District Judge
> United States District Court