# Exhibit H

LAW OFFICES

# BERGER & MONTAGUE, P.C.

1622 LOCUST STREET

PHILADELPHIA, PA 19103-6365

TELEPHONE (215) 875-3000

FAX (215) 875-4604

OF COUNSEL:
DAVIS, GORDON & DONER, P.A.
WEST PALM BEACH, FL
THE MORGAN LAW FIRM
SAN JOSE, CA

WRITER'S DIRECT DIAL NUMBER:
(215) 875-3007

WRITER'S DIRECT FAX NUMBER:
(215) 875-5707

DAVID BERGER
HAROLD BERGER
H. LADDIE MONTAGUE, JR.
STANLEY R. WOLFE
MERRILL G. DAVIDOFF
SHERRIE R. SAVETT
DANIEL BERGER
JAY ROBERT STIEFEL
GARY E. CANTOR
HOWARD I. LANGER
STEPHEN A. WHINSTON
MARTIN I. TWERSKY
TODD S. COLLINS
CAROLE A. BRODERICK
JANICE SIEGEL
RUSSELL D. HENKIN
PETER R. KAHANA
RUTHANNE GORDON
ALAN M. SANDALS
STEPHEN D. RAMOS
KAREN SCHAFFEL ORMAN
JEANNE A. MARKEY
LAWRENCE DEUTSCH
JONATHAN D. BERGER
KENNETH L. FOX
PATRICIA D. GUGIN
PETER NORDBERG

JOHN R. TAYLOR
JEROME M. MARCUS
SHERYL SATZBERG LEVY
LAWRENCE J. LEDERER
THOMAS F. HUGHES
CATHERINE A. SULLIVAN
ANDREW LAPAT
BART COHEN
MICHAEL T. FANTINI
JEFFREY M. KRULIK
DAVID F. SORENSEN
SUSAN JAFFE SARNER
MICHAEL L. BLOCK
STUART J. GUBER
ARTHUR STOCK
JONATHAN AUERBACH
IVONIA K. SLADE
PATRICK E. BRADLEY
BRET P. FLAHERTY
GENNA C. DRISCOLL
CHARLES P. GOODWIN
JOEL N. SWEET
NINA AMSTER
AUDREY A. KRAUS
LEAH R. STOLKER
YI-FUN HSUEH
BERNADETTE M. RAPPOLD

May 10, 1996

**VIA TELECOPIER AND OVERNIGHT DELIVERY**

Henry L. Solano, Esq.
Linda A. Surbaugh, Esq.
OFFICE OF U.S. ATTORNEY
1961 Stout Street
Denver, CO 80202

Dana C. Lindsay, Esq.
Chief Counsel
ROCKY FLATS FIELD OFFICE
P.O. Box 928
Golden, CO 80402-0928

Re: **Cook v. Rockwell Int'l Corp., No. 90-K-181 (D. Colo.)**

Dear Counsel:

    We are writing in connection with one component of DOE's ongoing "declassification review" of "MUF" documents in this litigation. Specifically, DOE has been devoting what appear to be enormous resources to a "review" of certain periodic reports and computer runs, which are eventually produced with most if not all of the data completely redacted.

    We believe, based on recent discovery as well as on other grounds, that DOE's wholesale redactions from these reports are not in fact the product of a good-faith declassification review. If our reasons for that belief are not already plain, they will be detailed next week in our response to DOE's motion for protective order. For present purposes, it suffices to state our view that DOE has responded to the Court's contempt order by creating a redaction assembly line, with the goal of "processing" as many pages as possible, as fast as possible, so that DOE can foster the appearance of taking extraordinary measures to purge itself of contempt. Voluminous periodic reports, presenting numerical data in a repetitive tabular format, are convenient for such purposes, because they can be "processed" in volume, so long as the decision is made to delete data in bulk quantities. That decision has been reached, we believe, on grounds of litigation strategy, not national security.

    Meanwhile, with trial just over eight months away, plaintiffs need other DOE documents as well, and it has not escaped our notice that DOE has invoked the pendency of its "review" of these MUF reports as a rationale for noncompliance with other requests. We question whether this is the only reason that other requests have languished, but languish they certainly have. To cite but one example, we refer you to plaintiffs' letter requests of June 23, 1985, and August 28, 1995.

    In short, we regard it as inappropriate, given the limited time remaining for pre-trial preparation, for DOE to continue devoting the lion's share of its compliance effort to what



PLAINTIFFS'
EXHIBIT
P-1392
90-CV-181

DEPOSITION
EXHIBIT
28
KAUFMAN 10/18/05

BERGER & MONTAGUE, P.C.

nry L. Solano, Esq.
Linda A. Surbaugh, Esq.
Dana C. Lindsay, Esq.
May 10, 1996
Page 2

seems, increasingly, a pointless charade. DOE's current "review" of the MUF reports is neither moving DOE toward compliance nor producing sufficient useful information to justify its consumption of scarce compliance resources. Accordingly, pending further rulings from the Court, we are prepared to proceed on the assumption, without the need for DOE to go through the motions, that if DOE proceeded with its "review" of certain categories of MUF reports (enumerated below), DOE would, by sometime this summer, produce the balance of the reports at issue, in a redacted form substantially the same as DOE is currently doing.

We emphasize five points. First, our willingness to proceed on this basis applies <u>only</u> to DOE's "review" of MUF reports in the specific categories identified below, and <u>only</u> to our December 1994 MUF request. Review should continue as to <u>all</u> documents, including reports in the categories enumerated below, that are responsive to <u>any other pending or future request</u> — including, but not limited to, plaintiffs' letter requests of June 23, 1995, and August 28, 1995. Review should also continue of <u>all other documents</u> responsive to our December 1994 MUF request. Second, we reserve the right to request that DOE reinstate review of MUF reports in one or more of the relevant categories. Third, we do <u>not</u> agree that production pursuant to DOE's current "review" of these reports has been (or would be) timely, or that DOE's wholesale redactions have been (or would be) proper or permissible under the Stipulated Order, the Court's contempt order, and/or other applicable law. We are agreeing only that barring further order of the Court, DOE would go on conducting its "review" of the enumerated reports exactly as it has been, redacting basically the same information, at the same pace. We will therefore continue to pursue appropriate contempt sanctions and other relief. Fourth, we continue to oppose DOE's motion for protective order. Fifth, we are agreeing only that DOE may as well desist from the "review" it is actually conducting, and this letter is not intended and should not be construed to toll or relieve DOE of DOE's duty to perform the good faith declassification analysis we believe it should conduct.

Based on the foregoing, we suggest and request that DOE suspend its current bulk "review" of certain categories of reports in response to our December 1994 MUF request. Using the designations in DOE's Attachment to Second Affidavit of A. Bryan Siebert, dated March 7, 1996, the relevant categories are:

- (2) Inventory Difference Control Charts
- (3) Nuclear Material Management Safeguards System Worksheets
- (4) Nuclear Material Safeguards System Balance Sheets
- (5) Physical Inventory
- (6) Monthly Materials Balance
- (7) Inventory Verification
- (8) Composition of Ending Inventory Worksheets
- (9) Nuclear Material Management Table Files
- (10) Chart of Accounts
- (11) Trial Balance
- (12) Balance Sheets
- (13) Inventory Dumps
- (14) Four Part General Ledger
- (15) Recap

BERGER & MONTAGUE, P.C.

Henry L. Solano, Esq.
Linda A. Surbaugh, Esq.
Dana C. Lindsay, Esq.
May 10, 1996
Page 3

    This should free up substantial resources for DOE to enhance its responsiveness to plaintiffs' other outstanding requests.

    We have tried to be clear, but if there are any questions, please contact us, so that any misunderstandings may be averted.

Sincerely,

Peter Nordberg

cc: Carlotta P. Wells, Esq.
    Patrick M. Hanlon, Esq.
    Mark S. Lillie, Esq.
       (via telecopier and overnight delivery)