IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
No. 90-cv-00181-JLK

**MERILYN COOK**, *et al.*,

        **Plaintiffs,**

   v.

**ROCKWELL INTERNATIONAL CORPORATION**
and **THE DOW CHEMICAL COMPANY,**

        **Defendants.**

**PLAINTIFFS' MOTION TO EXCLUDE THE
EXPERT TESTIMONY OF M. LAURENTIUS MARAIS**

Plaintiffs respectfully move to exclude the testimony of M. Laurentius Marais, Ph.D. Dr. Marais is an undesignated expert who has never submitted a report under Federal Rule of Civil Procedure 26(a)(2)(B), and for whom defendants did not comply with the Court's pretrial deadlines for expert discovery. Admission of expert testimony from this witness would be prejudicial to plaintiffs and would violate FRCP 37(c)(1).

**I.   COMPLIANCE WITH MOTIONS PRACTICE ORDER**

Pursuant to the Court's Order Limiting Motions Practice During Trial (Doc. 1626), plaintiffs make the following representations.

   A.   Timeliness of Motion

In an unusual turn of events, Dr. Marais has not been designated by defendants to testify at trial. *See* Letter to M. Davidoff regarding Witness List (Doc. 1881). However, as more fully discussed below, defendants intend to have William Wecker, Ph.D. testify regarding Dr. Marais' expert opinions. Dr. Wecker will not testify within the next four

trial days. *See id.  See also* Letter regarding Letter to M. Davidoff Regarding Witness List (Doc. 1886).

### B. Prior Motions and Rulings

Plaintiffs did not raise any issues concerning Dr. Marais prior to the Court's pretrial deadlines for *Daubert* motions because defendants did not identify Dr. Marais as a potential witness until November 2005.  *See* Defendants' Tentative Witness List as of November 7, 2005 (Doc. 1600).  The Court has not previously ruled on Dr. Marais' testimony.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

As previously noted, Dr. Marais first appeared on defendants' tentative witness list on November 7, 2005.  *See* Defendants' Tentative Witness List as of November 7, 2005 (Doc. 1600).  By November 23, 2005, however, Dr. Marais had disappeared therefrom.  *See* Witness List by Defendants (Doc. 1714).

Thereafter, on December 16, 2005, defendants notified plaintiffs for the first time of their intention to have Dr. Wecker testify regarding a declaration submitted by Dr. Marais "setting forth several expert opinions."  *See* E-mail from Mark Nomellini to Peter Nordberg dated December 16, 2005 (Exhibit A).  According to defendants, "Dr. Wecker is adopting the opinions set forth in the Marais Declaration."  *Id.*  In light of such "adoption," defendants offered to "make Dr. Wecker available for a . . . deposition on Saturday, January 7, 2006, so that [plaintiffs] may examine him on the matters set forth in the Marais Declaration."[1]  *Id.*

No Rule 26(a)(2)(B) disclosures have ever been served by Dr. Marais.

---

[1] Defendants later unilaterally revoked the offer deposition on January 7, 2005, and substituted January 4, 2005.  *See* Letter from Scott A. McMillin to Merrill G. Davidoff & Peter Nordberg dated December 28, 2005 (Exhibit B).

2

**III.     ARGUMENT**

Under the Federal Rules of Civil Procedure, the identify of expert witnesses who will be used at trial must be disclosed to other parties. Fed. R. Civ. P. 26(a)(2)(A). Such disclosure, moreover, must be accompanied by a written report, prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). *See also* 12/08/2005 Tr. at 7051 (being "called in as expert . . . requires an expert opinion"). Neither was done here.

Rather, on February 4, 1999, defendants filed Dr. Marais' undated declaration as part of a supplemental appendix to their reply brief in support of their motion to strike plaintiffs' experts. *See* Docs. 1089-90; E-mail from Jane Park to Peter Nordberg dated December 29, 2005 (Exhibit C). Such declaration, furthermore, does not comply with the mandatory requirements of Rule 26(a)(2)(B). Specifically, it does not:

> contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Moreover, the necessary disclosures were neither made at the time and in the sequence directed by the Court, nor "at least 90 days before the trial date," as required by Rule 26(a)(2)(C). On this basis alone, the Court must bar Dr. Marais' "testimony" at trial.

The Court must also bar defendants' attempt to do an end-run around the requirements of Rule 26 by having Dr. Wecker belatedly "adopt" Dr. Marais' opinions and acting as his mouthpiece. *See Sunstar, Inc. v. Alberto-Culver Co., Inc.*, Nos. 01-C-

3

0736 & 01-C-5825, 2004 WL 1899927, at *25 (N.D. Ill. 2004) (expert may only adopt opinions of another expert if such adoption is made clear in adopting expert's report) (copy attached); *Dura Auto. Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 614-15 (7th Cir. 2002) ("[a] scientist, however well credentialed he may be, is not permitted to be the mouthpiece of [another] scientist").

Finally, by his own admission, Dr. Marais is a mathematician and statistician.  *See* Declaration of M. Laurentius Marais at ¶¶ 2 &4 (Exhibit D).  He neither claims, nor has, any expertise quantities of plutonium released to the environment, the proper format for inquiries in opinion surveys, or the interpretation of the results of such surveys.  Indeed, all of his opinions "are based on [his] background, knowledge, and experience in applied mathematics and statistics and on [his] review and statistical analyses of [various] materials."  *Id.* at ¶ 4.  But he has no absolutely no compunction about offering expert opinions on those subjects.  *See id.* at ¶¶ 5-9 (plutonium released to the environment), 31 (proper format of survey inquiries) & 33 (interpretation of Decision Research/Flynn survey responses).

## IV.     CONCLUSION

Simply stated, defendants continue to ignore the Court's pretrial deadlines and the disclosure requirements of Rule 26.  For all of the foregoing reasons, the Court must exclude the expert testimony of Dr. Marais, which defendants are surreptitiously attempting to present via the testimony of Dr. Wecker.

4

        Respectfully submitted,

December 29, 2005        *s/ Jean M. Geoppinger*

        _____
        Louise M. Roselle
        Jean M. Geoppinger
        WAITE, SCHNEIDER, BAYLESS
        & CHESLEY CO., L.P.A.
        1513 Fourth & Vine Tower
        One West Fourth Street
        Cincinnati, Ohio  45202
        (513) 621-0267

        Merrill G. Davidoff
        Peter Nordberg
        Jenna MacNaughton-Wong
        BERGER & MONTAGUE, P.C.
        1622 Locust Street
        Philadelphia, PA 19103
        (215) 875-3000

        Gary B. Blum
        Steven W. Kelly
        SILVER & DEBOSKY, P.C.
        1801 York Street
        Denver, Colorado  80206
        (303) 399-3000

        ***Attorneys for Plaintiffs***
        ***and the Class***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 29, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

    David M. Bernick, Esq.
    KIRKLAND & ELLIS, LLP
    200 East Randolph Drive
    Chicago, Illinois  60601

    and

Joseph J. Bronesky, Esq.
SHERMAN & HOWARD, LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202

*Attorneys for Defendants*

          *s/ Jean M. Geoppinger*
          _____
          Jean M. Geoppinger