**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-00181-JLK**

---

**MERILYN COOK, et al.,**

      **Plaintiffs,**

          **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

      **Defendants.**

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
RENEWED MOTION TO  STRIKE THE TESTIMONY OF
DRS. BIGGS AND SELBIN**

---

This is the fourth time that defendants have moved to exclude the testimony of Dr. Gale

Biggs, a fact witness who testified during plaintiffs' case seven weeks ago.  Defendants also

previously moved to exclude the testimony of Dr. Joel Selbin, another fact witness.  The Court has

previously considered and rejected defendants' arguments concerning these two witnesses.  This

renewed motion to strike does not have any merit and should be denied, consistent with the Court's

previous rulings.

The crux of the present motion is that the testimony of Drs. Biggs and Selbin should now be

stricken because the Court ruled that Dr. Shirley Fry, an expert epidemiologist who had not been

previously disclosed to plaintiffs and had not filed an expert report in the case, would not be

permitted to testify.  The Court's ruling concerning Dr. Fry has absolutely no bearing upon the testimony of Drs. Biggs and Selbin.

Dr. Biggs and Dr. Selbin are local citizens who served as community representatives on various governmental and community groups overseeing and investigating Rocky Flats.  Their testimony concerned their personal experiences and observations of Rocky Flats.  Dr. Fry has no connection with Rocky Flats and would have been called solely to discuss her opinions concerning epidemiological research conducted by the Department of Energy.  The Court correctly ruled that defendants' noncompliance with Rule 26 of the Federal Rules of Civil Procedure barred her testimony.  The Court's ruling on Dr. Fry should have no impact upon the Court's decision to allow Dr. Biggs and Selbin to testify about certain factual matters relevant to the case.

Plaintiffs named Dr. Biggs, a meteorologist who served on several government and community panels investigating Rocky Flats, as a fact witness several years ago.  Defendants took Dr. Biggs's deposition in 2004.  In June 2005, defendants moved to exclude opinion testimony from Dr. Biggs and other scientifically trained lay witnesses on plaintiffs' witness list [Ct. Rec. 1366].  The Court considered and denied this defense motion on September 22, 2005 [Ct. Rec. 1452].

Before Dr. Biggs testified, on November 6, 2005, defendants filed another written motion to exclude his testimony [Ct. Rec. 1594].  The Court granted defendants' new motion in part and denied it in part.  On November 8, 2005, the Court ruled that Dr. Biggs could testify concerning "historical facts associated with his work on Rocky Flats issues."  *See* Tr. 11/8/05, at 4207.  The Court also ruled that Dr. Biggs would be permitted to discuss lay opinions "concerning the work of [a] panel" but would not be permitted to offer opinions concerning any "specialized knowledge,

research or other data that experts use." *Id.* at 4208.  Consistent with the Court's rulings, Dr. Biggs testified on November 8-9 concerning the work of various committees and panels on which he served as a  community representative.  Dr. Biggs did not provide any expert testimony.

At the conclusion of Dr. Biggs's testimony on November 9, defense counsel made an oral motion to strike Dr. Biggs's testimony.  *See* Tr. 11/9/05, at 4673.  With the testimony still fresh in its mind, the Court considered the motion and denied it at that time.  *Id.* at 4674.

On December 7, 2005, defendants filed a written motion to exclude Dr. Selbin's testimony. Dr. Selbin is a scientist who served as a community representative on a committee overseeing soil clean-up standards at Rocky Flats.  On December 8, the Court ruled that Dr. Selbin would be permitted to testify about certain subject areas concerning his work and the work of his community organization.  *See* Tr. 12/8/05, at 6696.  The Court ruled that Dr. Selbin was not permitted to discuss certain matters on direct examination including that "the cleanup was limited by funding constraints" or his opinion that a "less protective soil action level standard was adopted."  *Id.* at 6696-97.  Dr. Selbin testified on December 8, 2005, consistent with the Court's rulings.

Defense counsel elicited rebuttal testimony concerning the testimony of Dr. Biggs and Dr. Selbin from defense witnesses Drs. Frazier and Till.  *See* Tr. 7652, 8257, 8260.  On December 12, defense counsel relied on the fact that Drs. Biggs and Selbin were permitted to testify in order to bolster the defense argument that Dr. Weston, a scientifically trained fact witness, should be permitted to testify during the defendants' case-in-chief. *See* Tr. 12/12/05, at 6701.  The Court allowed Dr. Weston to testify.

The fact that the Court has excluded Dr. Fry's testimony based on defendant's failure to comply with Federal Rules of Civil Procedure has nothing at all to do with the testimony of Drs. Biggs and Selbin.  The Court has been remarkably even-handed in its rulings in this case.  The fact that the Court excluded testimony from Rodney Hoffman that plaintiffs attempted to put into evidence likewise has no bearing upon the Court's decision concerning Drs. Biggs and Selbin.  This is not a game of tit-for-tat.  The present motion should be denied.

Respectfully submitted,

Dated: December 30, 2005                               /s Peter Nordberg
                                                       Merrill G. Davidoff
                                                       Peter Nordberg
                                                       Ellen T. Noteware
                                                       Jennifer MacNaughton
                                                       BERGER & MONTAGUE, P.C.
                                                       1622 Locust Street
                                                       Philadelphia, PA 19103
                                                       (215) 875-3000

                                                       Gary B. Blum
                                                       Steven W. Kelly
                                                       SILVER & DEBOSKEY, P.C.
                                                       1801 York Street
                                                       Denver, CO 80206
                                                       (303) 399-3000

                                                       Attorneys for Plaintiffs

*Plaintiffs' Opposition to Defendants' Motion to Strike Testimony of Drs. Biggs & Selbin – Page 4*