**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
No. 90-cv-00181-JLK**

**MERILYN COOK,** *et al.***,**

        **Plaintiffs,**

    v.

**ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,**

        **Defendants.**

**PLAINTIFFS' SUPPLEMENTAL MOTION TO EXCLUDE
THE EXPERT TESTIMONY OF M. LAURENTIUS MARAIS**

At virtually the eleventh hour, defendants have filed yet another witness list for the period from January 1, 2005 [sic] through January 13, 2006, on which M. Laurentius Marais, Ph.D. is once again listed as a witness.[1] *See* Defendants' Witness List for January 1, 2005 [sic] through January 13, 2006 (Doc. 1913) ["Defendants' 12/31/2005 Witness List"]. In so filing this latest list, defendants continue to play games and flout the Court's order of December 16, 2005:

> With regard to the motion to compel defense to disclose
> their entire witness list, it is granted in part, and this is what

---

[1] Dr. Marais was first listed as a potential witness by defendants in the parties' Joint submission Pursuant to the Court's Order of November 16, 2000 (Doc. 1172), well after the deadline for disclosing expert witnesses. Defendants later listed him, along with 68 other potential witnesses, in the parties' Status Report Responding to the Court's September 11, 2003 Order (Doc. 1218). It was not until November 7, 2005 that defendants first listed him as a tentative expert witness. *See* Defendants' Tentative Witness List as of November 7, 2005 (Doc. 1600). By November 23, 2005, however, Dr. Marais had disappeared there from. *See* Witness List by Defendants (Doc. 1714). In the wake of plaintiffs' filing of their Motion to Exclude the Expert Testimony of M. Laurentius Marais (Doc. 1904) ["Motion to Exclude Marais"], and this Court's order that defendants must file their response to such motion by January 4, 2006, he has conveniently reappeared.

> we'll do:  By close of business today the witnesses for
> January 12 and 13 will be disclosed.  The witnesses for
> January 17 through January 27 will be disclosed by January
> 6.  Plaintiffs' rebuttal list will be disclosed by January 13.
> If the defendants are not completed by January 13 with
> their case, then any remaining rebuttal witnesses, if any,
> may be listed at the time – the day of the defendants rest.

Tr. (12/16/2005) at 8358.[2]

All of defendants' game playing aside, their listing and "reserv[ing] the right to call Dr. Marais – instead of having "Dr. Wecker [adopt] the opinions set forth in the Marais Declaration" – do not change the facts that:

- Dr. Marais was never disclosed as an expert witness as required by Federal Rule of Civil Procedure 26(a)(2)(A);

- Dr. Marais has never submitted a report under Federal Rule of Civil Procedure 26(a)(2)(B);

- defendants did not make the necessary disclosures at the time and in the sequence directed by the Court, or "at least 90 days before the trial date," as required by Rule 26(a)(2)(C); and

- Dr. Marais has never been made available for deposition.

---

[2] Defendants' machinations with respect to their expert witness, Frank Blaha, are particularly illustrative of their game playing.  Defendants listed Mr. Blaha on their tentative witness list on November 7, 2005.  *See* Defendants' Tentative Witness List as of November 7, 2005 (Doc. 1600).  He, likewise, appeared on their lists of November 23 and 29, 2005.  *See* Witness List by Defendants (Doc. 1714); Letter to Davidoff regarding Witness List (Doc. 1718).  On December 21, 2005, however, when defendants filed what purported to be their "revised witness list that presents all of our witnesses for the remainder of our case," Mr. Blaha was nowhere to be found.  Plaintiffs' counsel, therefore, ceased preparing for his testimony.  Then, this morning (Saturday, December 31, 2005, on a holiday weekend, only one business day before the trial in this matter is set to resume), defendants filed their latest witness list, which not only includes Mr. Blaha, but indicates that "if the motion with respect to Mr. Voilleque is granted, Defendants will likely begin with Mr. Blaha on Wednesday, January 4, 2006" (notwithstanding the fact that John Osborn precedes Mr. Blaha on their order of call).  *See* Defendants' 12/31/2005 Witness List.

*See* Defendants' 12/31/2005 Witness List; Motion to Exclude Marais at 2-4 & Exhibit A. *See also Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) (Posner, J.); *Complaint of Kreta Shipping, S.A.*, 181 F.R.D. 273, 276 (S.D.N.Y. 1998).

Rule 37(c)(1) provides that a party who without substantial justification fails to disclose information required by Rule 26(a) may not present this information as evidence at trial. *See* Order on Motion to Exclude Testimony of Dr. Shirley Fry (Doc. 1876) at 2. Furthermore, this sanction is mandatory unless the non-disclosing party shows substantial justification or that the failure to disclose was harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1) Adv. Comm. Note (1973)). Defendants have done neither here.

Moreover, there is no question, at this extremely late date, that: (1) plaintiffs would be prejudiced by the admission of Dr. Marais' testimony; (2) plaintiffs have virtually no ability to cure the prejudice; (3) introducing Dr. Marais' testimony would disrupt the trial; and (4) defendants' attempts to perform an end-run around the Federal Rules of Civil Procedure and this Court's rulings smack of bad faith or, at the very least, willfulness. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002).

Because the admission of expert testimony from this witness would be prejudicial to plaintiffs and would violate FRCP 37(c)(1), the Court must exclude the testimony of Dr. Marais, who is clearly an undisclosed expert witness.

                                Respectfully submitted,

December 31, 2005                      *s/ Jean M. Geoppinger*
_____
Louise M. Roselle
Jean M. Geoppinger
WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
(513) 621-0267

Merrill G. Davidoff
Peter Nordberg
Jenna MacNaughton-Wong
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKY, P.C.
1801 York Street
Denver, Colorado  80206
(303) 399-3000

*Attorneys for Plaintiffs
and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 31, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

    David M. Bernick, Esq.
    KIRKLAND & ELLIS, LLP
    200 East Randolph Drive
    Chicago, Illinois  60601

    and

4

Joseph J. Bronesky, Esq.
SHERMAN & HOWARD, LLC
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202

*Attorneys for Defendants*

                                      *s/ Jean M. Geoppinger*
                                      _____

                                      Jean M. Geoppinger