IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

      Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

      Defendants.

---

### ORDER ON MOTION TO EXCLUDE
### TESTIMONY OF VOILLEQUÉ AND GROGAN

---

Kane, J.

      This matter is before me on Plaintiffs' motion to exclude the testimony of Mr. Paul

G. Voillequé and Dr. Helen A. Grogan, as set forth in their Motion to Exclude Expert

Testimony from Dr. Shirley Fry, Dr. Helen A. Grogan, & Mr. Paul G. Voillequé (Docket

#1728), filed December 4, 2005.  On December 22, 2005, Defendants reported they had

decided not to call Dr. Grogan, rendering the motion to exclude her testimony moot.

Having carefully considered the motion with respect to Mr. Voillequé, the parties'

subsequent briefing on this subject, the relevant record and all applicable legal

authorities, and being fully advised in the premises, I rule as follows:

      Mr. Voillequé is a health physicist who worked with the Risk Assessment

Corporation ("RAC") on Phase II of the Rocky Flats environmental dose reconstruction

project.  Defendants first notified Plaintiffs and the court that they intended to call

Mr. Voillequé as a witness on November 11, 2005, more than a month after trial

commenced.  Defendants stated at this time that Mr. Voillequé would be presented as a

rebuttal witness to the lay testimony of Dr. Gale Biggs, a citizen activist who had testified

several days earlier regarding his participation in Governor Romer's advisory panel and

other citizen groups involved in Rocky Flats.[1]

On November 29, Defendants provided their first order of call witness list, in

which they identified Mr. Voillequé as one of their first ten witnesses.  Plaintiffs

promptly filed the subject motion, in response to which I ordered Defendants to submit an

offer of proof regarding Mr. Voillequé's intended testimony.

In their December 16 proffer, Defendants stated Mr. Voillequé would testify

regarding the subject matter of numerous RAC reports, as well as in response to the

testimony of Dr. Biggs.  Defs.' Proffer (Docket #1878).  Defendants also stated for the

first time that Mr. Voillequé would testify in rebuttal to another of Plaintiffs' witnesses,

Dr. Thomas Cochran.  Dr. Cochran testified as an expert witness regarding MUF and

other matters, all of which were disclosed in his November 1996 expert report.

---

[1]       That Dr. Biggs would testify in this action was no surprise to Defendants.
Plaintiffs had identified Dr. Biggs as a lay witness since at least December, 2003.  *See*
Status Report Responding to the Court's September 1, 2003 Order (Docket #1218),
App. A (filed Dec. 10, 2003).  In June, 2005, Defendants moved to exclude his testimony.
That motion was denied on September 22, 2005, before trial began and more than six
weeks before Dr. Biggs testified.

Mr.  Voillequé was deposed for the first time on December 16, the same day that Defendants submitted their proffer of his intended testimony.  After the deposition, Defendants notified Plaintiffs and the court that Mr. Voillequé in fact would testify on only two of the proffered subjects, MUF and the 1957 fire.  Letter from S. McMillan to M. Davidoff (Docket #1881) at 1 (filed Dec. 21, 2005).  Both of these subjects were addressed by Dr. Cochran in his testimony but not by Dr. Biggs.  Thus, it is apparent Mr. Voillequé is being offered in response to Dr. Cochran's expert testimony.

Pursuant to Rule 26(a)(2)(C), Defendants were required to identify and provide an expert report for any expert evidence they intended to present to contradict or rebut Dr. Cochran's expert testimony within 30 days of Plaintiffs' disclosure of Dr. Cochran's expert report.  Fed. R. Civ. P. 26(a)(2)(C); *see, e.g.*, *Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) (Posner, J.).  Defendants did not disclose an expert to rebut Dr. Cochran's expert testimony in December, 1996, as required by this rule, or at any other time before their December 16, 2005 proffer of Mr. Voillequé's testimony.  Defendants offer no justification for their failure to disclose Mr. Voillequé or his intended testimony, and it is self-evident that their untimely disclosure of Mr. Voillequé, in the middle of trial, has prejudiced Plaintiffs, cannot be cured by the mid-trial deposition of Mr. Voillequé or other means and that allowing the introduction Mr. Voillequé's testimony at this late date would disrupt the on-going trial.  As a result, Defendants' failure to disclose Mr. Voillequé's intended rebuttal to Dr. Cochran's expert testimony was neither

substantially justified nor harmless.  Defendants are, therefore, barred from presenting

expert testimony from Mr. Voillequé in response to Dr. Cochran's expert testimony.  *See*

Fed. R. Civ. P. 37(c)(1); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953-54 (10th Cir.

2002).

Mr. Voillequé's intended testimony also cannot be characterized as lay or fact

testimony not subject to these expert disclosure requirements.  Mr. Voillequé is a health

physicist who was hired by RAC to perform work regarding Rocky Flats specifically

because of his scientific expertise in relevant fields.  He has no direct personal knowledge

of MUF or the 1957 fire at Rocky Flats or any involvement with the plant during its

period of operation.  His knowledge of the subjects on which he is to testify, MUF and

the 1957 fire, is based entirely on the paid scientific work he performed for RAC, work

which he testified required utilization of his specialized knowledge and expertise in the

behavior of radionuclides within facilities, releases of radioactivity from nuclear

facilities, and/or the behavior and transport of radioactivity in the environment.  *See*

Voillequé Dep. at 59, 67-71, 122-23.  Mr. Voillequé's intended testimony on the 1957

fire and MUF, which Defendants report would address the source term for the fire (the

amount of plutonium released to the atmosphere during this event) and the potential

application of a mass balancing accounting approach to estimate off-site releases of

plutonium, *see* Defs.' Proffer at 1, 2, is also clearly expert in nature, and as such was

addressed by Plaintiffs' expert witnesses.[2] Mr. Voillequé's intended testimony cannot,

therefore, be characterized as lay testimony.

For the reasons stated above, I GRANT Plaintiffs' motion to exclude the testimony

of Paul G. Voillequé, and DENY as moot their motion to exclude the testimony of

Dr. Helen A. Grogan.

IT IS SO ORDERED.

Dated this 2nd day of January, 2006.

<u>s/John L. Kane</u>
John L. Kane, Senior District Judge
United States District Court

---

[2]      In fact, in their motion to exclude Dr. Cochran's expert testimony on MUF, Defendants relied on Mr. Voillequé's RAC work in arguing that Dr. Cochran's MUF-related opinions were not based on scientific standards.  Defs.' Mot. to Exclude Expert Witness Test. Relating to Defs' Conduct (Docket #1374) at 26 (filed June 16, 2005).