**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO PRECLUDE THE
READING OF DESIGNATIONS FROM THE TESTIMONY OF CHARLES MCKAY**
_____

        Defendants hereby respond to Plaintiffs' Motion to Preclude the Reading of Designations From the Testimony of Charles McKay, and in support thereof state:

        The rule cited by plaintiffs (FRCP 32(a)(3)) states in pertinent part:

> (3) The deposition of a witness, ***whether or not a party***, may be used by any party for any purpose if the court finds:
>
> (A) that the witness is dead; or
>
> (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or
>
> (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or

>   (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>
>   (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

FRCP32(a)(3) (emphasis added).  As noted above, FRCP 32(a)(3) applies "whether or not" the witness is a party.

But there is no need for defendants to invoke FRCP 32(a)(3).  That is because Mr. McKay's deposition testimony is covered by FRCP 32(a)(2), which provides in pertinent part:

>   (2) ***The deposition of a party*** or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party ***may be used by an adverse party for any purpose.***

Federal Rule of Civil Procedure 32(a)(2) (emphasis added).

Unlike in the case of FRCP 32(a)(3) (the rule cited by plaintiffs), there is no requirement under FRCP 32(a)(2) (the rule quoted above) that the witness be "at a greater distance than 100 miles" or otherwise "unable to attend."  *See* FRCP 32(a)(3).  As Wright & Miller state:

>   It has been consistently held that the Rule permits a party to introduce, as part of his substantive proof, the deposition of his adversary, and ***it is quite immaterial that the adversary is available to testify at the trial or has testified there***. Thus applied, the Rule is a restatement of the long recognized rule of evidence that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him.

2

*See* Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d § 2145, Deposition of an Adverse Party (emphasis added) (collecting cases).[1]

Thus, plaintiffs' argument that Mr. McKay "is alive and well, resides at 10100 Wadsworth Boulevard, Broomfield, Colorado 80021 (clearly within 100 miles of the Court), is in the United States, is not of such an age that he is unable to testify, and is neither ill, infirm or imprisoned" (Pls.' Br. at 2) is beside the point. *See* Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d § 2145, and cases cited therein.

The undisputed evidence demonstrates that Mr. McKay is a class member.[2] Mr. McKay owned a considerable amount of property within the class as of June 7, 1989, including his house at 10100 Wadsworth.[3] (Ex. A, McKay 11/15/05 Dep. at 101-102, 205; Ex. B, McKay Dep. Ex. 5

---

[1] Rule 32(a)(2) "should be liberally construed." 8A Wright et al., Fed. Prac. & Proc. Civ.2d § 2145.

[2] Plaintiffs do not argue that a "class member" is not a "party" here, and with good reason. *See, e.g., Joseph v. Wiles*, 223 F.3d 1155, 1168 (10th Cir. 2000) ("Mr. Joseph has effectively been a party to an action against these defendants since a class action covering him was requested but never denied."); *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998) (Posner, J.) ("the suit had been certified as a class action, which would make the unnamed class members parties to the suit unless and until they opted out"); *Strauss v. Rent-A-Center*, 2005 WL 2647893, at *3 (M.D. Fla. 2005) ("[B]oth Defendant and Plaintiff were parties in *Wilfong*. Although Plaintiff was not a named party in *Wilfong*, she was a class member who never exercised her right to opt-out of the lawsuit. As a class member, Plaintiff stood as a party to *Wilfong*."); *McCubbrey v. Boise Cascade Home & Land*, 71 F.R.D. 62, 72 (N.D. Cal.1976) ("[A]bsent class members are parties to an action, properly before the court, and are subject to its judicial orders").

[3] Though being a class member is enough for present purposes, Mr. McKay is not just any class member. Plaintiffs' counsel referred to Mr. McKay as a "major witness" (Ex. C, 10/7/05 Trial Tr. at 291), and repeatedly listed him on plaintiffs' schedule for their case-in-chief, before dropping him from the list days before he was to be called.

(graphically depicting McKay properties))  Indeed, plaintiffs included Mr. McKay (no less than four times) as one of the class members on plaintiffs' class notice list.  (Ex. D, listing McKay property at 10100 Wadsworth, among others)

Apart from the fact that it is consistent with the plain language of  Rule 32(a)(2), use of Mr. McKay's deposition is consistent with the purpose of the rule.  This is because:  (1) plaintiffs claim that Mr. McKay and other class members should recover damages from the defendants; and (2) Rule 32(a)(2) "is a restatement of the long recognized rule of evidence that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him."  *See* Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d § 2145, Deposition of an Adverse Party (emphasis added)

Finally, plaintiffs raise the "sauce for the goose" rule, citing the deposition of Mr. Willging.  (Pls.' Br. at 3)  However, Mr. Willging was retired at the time of his deposition, and therefore plainly is not covered by Rule 32(a)(2).  Rule 32(a)(2) applies only to "the deposition of a party or of anyone ***who at the time of taking the deposition*** was an officer, director, or managing agent . . . may be used by an adverse party for any purpose."  FRCP 32(a)(2); *see also* Moore's Federal Practice 3d Vol. 7 Section 32.21[2][c] ("A condition to use of a deposition of an officer, director, or managing agent, or person designated to testify, at a trial or other hearing, is that the deponent served in that capacity at the time of the deposition.").  At the time of his deposition Mr. Willging was retired from Dow.  (Ex. E, Willging Deposition at 5) ("Q.  And are you currently retired?  A.  Yes.")

4

In short, plaintiffs' argument regarding Rule 32(a)(3) erects and knocks down a straw man, because Rule 32(a)(2) is independently sufficient to allow the reading of Mr. McKay's deposition here. Accordingly, plaintiffs' Motion to preclude the reading of designations from Mr. McKay's deposition should be denied.[4]

Dated:  January 3, 2006

Respectfully submitted,

s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

---

[4] Defendants filed and served designations from Mr. McKay's deposition on December 30, 2005.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

               s/ Courtney Biggins_____
               Courtney Biggins (legal assistant)

6