# Exhibit J

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO LIMIT THE SCOPE OF TESTIMONY OF DR. JOHN R. FRAZIER

---

Plaintiffs have been on notice *for over ten years* that Defendants intend to call Dr. John Frazier to testify about the same subjects as his long-time partner Dr. Auxier, including "Radiation, Dose, Dosimetry, Metabolism, Compliance with Standards, Risk, Health Effects, Health Physics, [and] Environmental Monitoring." (Ex. A, Defendant's Identification of Anticipated Expert Subject Matters and Witnesses, filed May 5, 1995, at 3.) Yet Plaintiffs now complain, for the first time, that Dr. Frazier may testify at trial to the same matters presented in the 1996 Auxier & Associates expert report – an organization for which Dr. Frazier worked for over ten years. Plaintiffs' Motion to Limit the Scope of Testimony of Dr. John R. Frazier should be denied for several reasons.

First, in 1999, Defendants informed Plaintiffs that Dr. Frazier and Dr. Auxier's expected trial testimony was the same. (*See* Ex. B, Defendants' Pleading in Response to the Court's January 5, 1999 Order (listing Drs. Auxier's and Frazer's names and expected testimony together).) Defendants listed Drs. Auxier and Frazier together because, due to Dr. Auxier's

advancing age and health problems that Dr. Auxier and his wife were experiencing at the time,

Defendants were not sure that Dr. Auxier would be able to testify. (*See* Ex. C, 2/8/1999 Hr'g Tr.

at 18.) It is now six years later, Dr. Auxier is eighty years-old, and Defendants do not feel Dr.

Auxier remains capable of testifying effectively as an expert in this case.

Since 1999 Defendants have regularly notified Plaintiffs that Dr. Frazier would be

testifying about the same matters as Dr. Auxier. (*See* Ex. D, Joint Submission Pursuant to the

Court's Order of Nov. 16, 2000 at 43 ("Defendants have health concerns with Dr. Auxier, as

explained previously. Dr Frazier – Dr. Auxier's long time partner – would adopt Dr. Auxier's

existing report"); Ex. E, Defendants' September 29, 2005 Witness List at 3 ("Dr. Frazier will

testify about radiation, dose, dosimetry, metabolism, compliance with standards, risk, health

effects, health physics, and environmental monitoring.").)

Dr. Frazier also filed a supplemental report in 2004; Dr. Auxier did not. (Ex. F,

Supplemental Expert Report Regarding Environmental Releases at the Rocky Flats Plant.) In

this report, Dr. Frazier explicitly affirmed the findings of the November 25, 1996 Expert Report

filed by Auxier & Associates, which Dr. Frazier co-authored. (*Id.*, at 1.) Any lingering doubt

Plaintiffs may have had about the scope of Dr. Frazier's expected testimony should have been

dispelled by the filing of this report. Defendants then offered Dr. Frazier for deposition after this

report was filed. (Ex. G, 8/11/2004 Email from Daniel Rooney to Peter Nordberg.) For

whatever reason, Plaintiffs failed to depose him.

Courts routinely permit parties to substitute experts – even when, as is not the case here,

the new expert has not been previously disclosed. *See, e.g., Belmont Corp. v. Shell Oil Co.*, 1998

WL 242686, at * 2 (N.D.Cal. May 12, 1998) (permitting plaintiff to substitute expert where

previous expert did not complete work he said he would do). Here, Defendants have previously

2

disclosed Dr. Frazier as a testifying witness, and have disclosed the content of his expected testimony.  Moreover, well in advance of trial, Defendants advised the Plaintiffs that Dr. Frazier would be testifying at trial. On December 5, 2005, Plaintiffs deposed Dr. Frazier for nearly 7 hours.  Given the extensive notice Plaintiffs had of Dr. Frazier's expected testimony, Plaintiffs cannot credibly claim that they would be prejudiced by Dr. Frazier's testimony.  On the other hand, Defendants would be severely prejudiced if, due to the many years it has taken for this case to reach trial, they were effectively foreclosed from presenting an important part of their case even though they notified Plaintiffs of the witness substitution repeatedly for over ten years.

Defendants respectfully request that Plaintiffs' Motion to Limit the Scope of Testimony of Dr. John R. Frazier be denied.

Dated:  December 5, 2005

Respectfully submitted,


/s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


/s/ Kari Knudsen_____
Kari Knudsen (legal assistant)