**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

       **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO PRECLUDE THE READING OF
DESIGNATIONS FROM THE TESTIMONY OF CHARLES McKAY**
_____

Plaintiffs respectfully submit this memorandum in further support of "Plaintiffs' Motion to Preclude the Reading of Designations from the Testimony of Charles McKay" (Dec. 23, 2005) [Ct. Rec. 1899].

Defendants apparently concede that Fed. R. Civ. P. 32(a)(3) does not authorize the reading of Mr. McKay's deposition transcript in lieu of live testimony. As defendants admit, Mr. McKay is alive, resides within 100 miles of the courthouse, is amenable to service of process, and is otherwise available to testify. Defendants' argument rests entirely on their contention that absent class members, like Mr. McKay, are "parties" within the meaning of Rule 32(a)(2). That contention is unavailing for three independent reasons.

First, even if Mr. McKay were indeed a "party" within the meaning of Rule 32(a)(2), this Court would enjoy discretion to require his live testimony. *See Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773-74 (10th Cir. 1999) (party not prejudiced by requirement of live testimony, notwithstanding Rule 32(a)(2), where witness is available).

Second, requiring defendants to call Mr. McKay for his live testimony is particularly appropriate under the circumstances presented here. Defendants were permitted to take Mr. McKay's deposition not on the theory that he was an absent class member or a "party," but rather because he was one of several witnesses appearing on plaintiffs' witness list who had not been deposed previously. When defense counsel secured the Court's leave to depose those witnesses, defense counsel specifically requested, and obtained, a judicial ruling that the depositions could not be used for preservation purposes:

> MR. BERNICK: Here is what I was going to propose with respect to these people, two issues: One is getting the discovery, and the other is whether it should be admissible.
>
> With respect to getting the discovery, if they can obtain his – if they can make him available for deposition, we'll take the deposition. It shouldn't be our burden to make – to make him show up. It's their burden.
>
> THE COURT: I agree with that.
>
> MR. BERNICK: And then secondly --
>
> THE COURT: If they want to call him, they have to make him available for deposition. If he says no to them, they don't have a witness.
>
> MR. BERNICK: Right.
>
> Secondly, we don't want to be in a situation where he's made available for deposition, and then he's not available for trial, we don't want to perpetuate his testimony. So if the deposition is taken, and then he doesn't show up at trial, we want to have it clear that that deposition is not going to be usable at trial.
> . . . .

*Plaintiffs' Reply in Support of Motion to Preclude Reading of Mr. McKay's Deposition – Page 2*

> THE COURT: . . . . I agree with Mr. Bernick, they must be present or the deposition can't be used as – to preserve testimony to present at trial.

*See* Tr. (10/7/05) at 327-30.  Having sought and secured a ruling that the depositions could not be used "to preserve testimony to present at trial," defendants should not now be permitted to use Mr. McKay's deposition testimony for precisely such purposes.  Plaintiffs justifiably relied on the Court's ruling, in light of which the parties conducted Mr. McKay's deposition as a *discovery* deposition only, with defendants asking questions for nearly the full seven hours and plaintiffs' counsel asking only a handful.  Plaintiffs would be prejudiced if the Court now granted defendants' *de facto* request for after-the-fact reconsideration.  Defendants, by contrast, have raised no contention that they would suffer any prejudice if Mr. McKay were required to testify in person. That course would also be far more efficient than requiring plaintiffs to respond to defendants' deposition designations by recalling Mr. McKay on rebuttal.

Third, defendants are simply mistaken in asserting that absent class members are treated as "parties" for all purposes.  To be sure, as the cases cited by defendants illustrate, absent class members *are* indeed treated as "parties" in *some* well-defined contexts.  For example, as explained in *Joseph v. Wiles*, 223 F.3d 1155, 1166-68 (10th Cir. 2000), they may be treated as "parties" for purposes of tolling the statute of limitations under the Supreme Court's decisions in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983).  Likewise, they may be considered "parties" for some jurisdictional purposes.  *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998) (Posner, J.) (court's jurisdiction cannot be defeated by disqualification of named class representatives where court has also acquired jurisdiction over absent class members' claims through class certification).  Class members certainly are "parties" in the sense of being bound by the orders of the certifying court.  *See McCubbrey v. Boise Cascade Home*

*Plaintiffs' Reply in Support of Motion to Preclude Reading of Mr. McKay's Deposition – Page 3*

*& Land*, 71 F.R.D. 62, 72 (N.D. Cal. 1976). And of course they are "parties" for purposes of *res judicata* – a rudimentary proposition for which defendants bafflingly cite an unpublished decision from the Middle District of Florida. *See Strauss v. Rent-a-Center*, 2005 U.S. Dist. LEXIS 24138 (M.D. Fla. Oct. 17, 2005).

But to say that absent class members are "parties" for *all* purposes is to commit the fallacy of uncritical overgeneralization that Judge Posner has rightly condemned:

> Rules of law are rarely as clean and strict as statements of them make them seem. So varied and unpredictable are the circumstances in which they are applied that more often than not the summary statement of a rule – the terse formula that judges employ as a necessary shorthand to prevent judicial opinions from turning into treatises – is better regarded as a generalization than as the premise of a syllogism.

*AM Int'l, Inc. v. Graphic Management Associates, Inc.*, 44 F.3d 572, 575 (7th Cir. 1995). In keeping with Judge Posner's wisdom, the decision whether to treat absent class members as "parties" under some given procedural rule should be sensitive to the purposes of that rule, and also to the policies sought to be effected through class proceedings.

As defendants neglect to mention, consideration of just those policies has led most courts and commentators to conclude that class members should *not* be treated as ordinary parties for discovery purposes. *See generally* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.41, at 302-03. Numerous courts have noted that absent class members are not normally subject to full-blown party discovery, though Rule 23(d) may give the courts leeway to permit certain limited discovery measures, such as questionnaires. *See, e.g., Schwartz v. Celestial Seasonings, Inc.*, 185 F.R.D. 313, 319 (D. Colo. 1999) (Kane, J.) ("class members are not considered parties for purposes of traditional discovery measures"). Thus even modest written discovery of absent class members is commonly permitted only on a showing of need. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.41,

at 302-03. "Deposing absent class members requires greater justification than written discovery." *Id.*

By itself, in other words, Mr. McKay's status as an absent class member would not have represented sufficient grounds for defendants to compel his deposition (nor did defendants ever seek to compel it on that basis). His status as an absent class member should be equally insufficient to justify an end-run around the requirements of Rule 32(a)(3). Defendants do not seek, after all, to offer Mr. McKay's deposition testimony for the sole purpose of rebutting his personal claims, which were never even presented to the jury during plaintiffs' case-in-chief. Defendants want to use the elements of Mr. McKay's deposition testimony that they consider to be favorable as though they somehow constituted party admissions by which all class members should be bound. That is a more lavish exemption from the hearsay rule than Rule 32(a)(2) was designed to permit.

## CONCLUSION

At defendants' own urging, this Court has previously ruled that Mr. McKay's deposition could not be used to preserve testimony for trial. Adherence to that ruling will not prejudice defendants. Nor will adherence to Rule 32(a)(3). Mr. McKay is alive, within the Court's subpoena range, and otherwise available. If he is to testify, defendants should simply call him to the stand.

Dated: January 4, 2006                s/ Peter Nordberg
                                      Merrill G. Davidoff
                                      Peter Nordberg
                                      Berger & Montague, P.C.
                                      1622 Locust Street
                                      Philadelphia, PA 19103
                                      (215) 875-3000

                                      Attorneys for Plaintiffs
                                      And the Class

*Plaintiffs' Reply in Support of Motion to Preclude Reading of Mr. McKay's Deposition – Page 5*

# CERTIFICATE OF SERVICE

      I hereby certify that on January 4, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

    David M. Bernick, Esq.
    Kirkland & Ellis LLP
    200 East Randolph Drive
    Chicago, IL 60601

        and

    Joseph J. Bronesky, Esq.
    Sherman & Howard, LLC
    633 Seventeenth Street, Suite 3000
    Denver, CO 80202

    Attorneys for Defendants

                                                s/ Peter Nordberg
                                                Peter Nordberg