IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–cv-00181-JLK

**MERILYN COOK, et al.,**

    **Plaintiffs,**

       v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

### PLAINTIFFS' OBJECTIONS TO EXHIBITS TO BE USED WITH JOHN OSBORN

Mr. Osborn is a Denver residential housing developer who has been identified by defendants as a fact witness. Mr. Osborn has not submitted any expert report in this matter. Mr. Osborn should be limited to speaking about his personal experiences with the properties he owns in the Class Area. Mr. Osborn should not be permitted to opine, as an expert witness, about the state of the housing market in the Class Area generally over the past 30 years. Defendants have named several expert witnesses who can offer opinion testimony on these matters.

**DX 1486 and 1594**

These exhibits list statements purportedly by developers and others regarding the effects of Rocky Flats. These statements are hearsay that does not fall within any exception. Although Mr. Hunsperger, an expert witness, properly considered the hearsay statements of area builders and other market participants in formulating his opinions concerning property losses, Mr. Osborn is not an

expert witness and may not opine on the views or fortunes of other developers. The Court should bar the exhibits and instruct defendants to prohibit Mr. Osborn from testifying about statements made by other developers or market participants.

Plaintiffs also object to the false and prejudicial allegation in DX-1594 that these interviews were "Not Reported" by Mr. Hunsperger. Clearly these interviews were disclosed to defendants, either in appendices or in Mr. Hunsperger's notes, otherwise defendants would not know about them. Moreover, defendants cross-examined Mr. Hunsperger extensively on the interview responses of developers, realtors, and lenders. *See* Tr. at 6749-57. Mr. Hunsperger took these results into account in his report. *See* Hunsperger Report at 118 (attached as Ex. 1) ("All those [lenders] interviewed make loans in the area, but did indicate that they would not make a loan in the circumstance of a demonstrated health hazard." "Realtors opinions of value and marketability within the class area are extremely diverse." "Like realtors, builders seem to be split on their attitudes toward Rocky Flats. Some will not build in the area but some will.") It is prejudicial and unfair to allow a lay witness to act as defendants' mouthpiece to falsely accuse Mr. Hunsperger of covering up information, when this accusation was already raised – and refuted – by Mr. Hunsperger himself on cross-examination. Further, Defendants should not be allowed to create and use argumentative graphics which distort the research in Mr. Hunsperger's report when they successfully objected to--and excluded--the report itself. Alternatively, if these documents are used in any fashion, the Court should admit the report so that plaintiffs may at least show that Mr. Hunsperger did not distort his research in the manner defendants claim.

**DX 1992 through 1998**

As submitted to Plaintiffs, DX 1992 is a chart that lists a series of general questions about the effects that Rocky Flats. The right hand column is blank. If defendants limit its use to questions about Mr. Osborn's own experiences, and do not "write in" misleading answers, plaintiffs will not object to this exhibit. Plaintiffs would object to expert opinion testimony by Mr. Osborn regarding the market generally.

DX 1993 through 1998 are graphics restating the testimony of Mr. Hunsperger and Mr. Cassidy regarding the effects of Rocky Flats on the real estate market. Plaintiffs would object to any testimony by Mr. Osborn that extends beyond his personal experiences in the market. Mr. Osborn is not an expert witness and therefore may not opine on the general state of the real estate market. *See* Sept. 22, 2005 Hearing Tr. at 8 ("Defendants' lay real estate agent witnesses will not be permitted to offer opinions on whether or how Rocky Flats and defendants' activities there affected any transactions in which these witnesses did not participate personally or whether or how Rocky Flats affected the market for class properties as a whole.") Plaintiffs also object to defendants' use of a lay witness to comment on the testimony of other witnesses, especially experts. Plaintiffs further object to the photograph of Mr. Hunsperger (exhibits DX-1995 through 1998), which purposely portrays him in an unfavorable light.[1]

DX-1995 is particularly objectionable because it takes Mr. Hunsperger's statement out of

---

[1] In addition, plaintiffs are not certain of the origin of this picture, but are concerned that it may have been taken during trial. Plaintiffs would object to the use of photographs taken in the courtroom, especially those taken without the subject's permission. Defendants represented to the Court that they intended to use the camera to take pictures of their erasable board. Tr. at 857.

context and is clearly contradicted by the facts. The sound bite leaves the impression that *all* of the builders Mr. Hunsperger interviewed said that Rocky Flats was not a problem. This assertion is contradicted by Mr. Hunsperger's report and his trial testimony. *See* Hunsperger Report at 110-13 (Ex.1); Tr. at 6752. For example,

- "According to John Winstead, Vice President of Land Acquisitions for Falcon Homes, his company looked into building in the Arvada/Boulder area but postponed it for now. They were particularly interested in the Westwood golf course area but thought that development was slow probably due to the proximity to Rocky Flats." *Id*. at 110.

- "A representative of Village Homes reported that slow sales at their Somerset and Westwood project could be due in part to Rocky Flats." *Id*. at 110.

- Mr. Rainey, Vice President of Operations [of Richmond Homes], acknowledged that purchasers are required to sign a statement acknowledging that they are aware of Rocky Flats." *Id*. at 110.

- "Dwight Bainbridge of Castle Builders informed us that there is no chance his company will purchase land around Rocky Flats until the plant and surrounding area is determined to be free of all pollution." *Id*. at 1010-11.

**No Objection**

Plaintiffs do not object to the following exhibits: DX 1986 - 1992, DX 1999 - 2004, and DX 4098.

                                        Respectfully submitted,

Dated: January 5, 2006                     /s   Jennifer MacNaughton
                                        Merrill G. Davidoff
                                        Jennifer MacNaughton
                                        BERGER & MONTAGUE, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        (215) 875-3000
                                        fax (215) 875-4604
                                        *jmacnaughton@bm.net*

                                        Louise Roselle
                                        WAITE SCHNEIDER BAYLESS & CHESLEY
                                        Central Trust Tower, Suite 1513
                                        Cincinnati, OH 45202
                                        (513) 621-0267

                                        Gary B. Blum
                                        Steven W. Kelly
                                        SILVER & DEBOSKEY, P.C.
                                        1801 York Street
                                        Denver, CO 80206
                                        (303) 399-3000

                                        *Attorneys for Plaintiffs*