**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

No. 90–cv-00181-JLK

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR RECONSIDERATION OF ORDER TO EXCLUDE
THE TESTIMONY OF PAUL G. VOILLEQUÉ**

On January 4, 2006, Defendants filed an "Amended Proffer" and Motion for Reconsideration (Ct. Rec. 1926) regarding this Court's Order On Motion to Exclude Testimony of Voilleque and Grogan (Ct. Rec. 1919) (the "Order").

Defendants' latest filing says nothing new, and provides no reason for the Court to reverse its Order, which was issued after *multiple* rounds of briefing. Indeed, Defendants themselves merely reinforce that the Order is correct.

Defendants say they wish for Mr. Voilleque – a paid expert for RAC – to testify about alleged "facts" regarding the 1957 fire and MUF. But Defendants acknowledge that Mr. Voilleque – who never worked at Rocky Flats – would testify to such purported "facts" as "the possible range of temperatures involved" in the 1957 plutonium fire based on *experimental* data because no

historical data on the actual temperatures involved in the 1957 fire were taken or exist. Defendants explain further that Mr. Voilleque would testify about his analysis to "determin[e] . . . airborne release fractions and uncertainty distributions." Defts' Motion for Reconsideration at 6. This is expert testimony, and Defendants have no excuse (and have offered none) for failing to comply with Rule 26 and the Court's prior deadlines regarding expert reports. *See* Order at 4 (Mr. Voilleque's "knowledge of the subjects on which he is to testify, MUF and the 1957 fire, is based entirely on the paid scientific work he performed for RAC, work which he testified required utilization of his specialized knowledge and expertise in the behavior of radionuclides within facilities, releases of radioactivity from nuclear facilities, and/or the behavior and transport of radioactivity in the environment.") (citing Mr. Voilleque's deposition, taken by Plaintiffs on Dec. 16, 2005, during trial).[1]

Regarding MUF, Defendants want Mr. Voilleque to testify about his expert analysis of whether MUF can be used to reconstruct plutonium releases and whether the amount of plutonium reported missing after the 1957 fire – 6 kilograms – was released or can be accounted for in some other way. Defts' Motion for Reconsideration at 5.

In sum, Defendants have known for years that the 1957 fire and MUF would be among the subjects addressed in this trial. They had ample opportunity to develop their own expert evidence on these issues, including from Mr. Voilleque (who issued his RAC report on the 1957 fire and MUF

---

[1] At his deposition, Mr. Voilleque was unable to identify the subjects of his potential testimony because, as he testified, Defendants' counsel, even by that late date, had not explained to him what his testimony would be about. Thus, Plaintiffs were deprived of the chance to focus the deposition on Mr. Voilleque's potential testimony.

in 1999), but failed to do so.   Defendants have no one to fault but themselves.

Plaintiffs respectfully request that Defendants' Motion for Reconsideration be denied.

Respectfully submitted,

Dated: January 5, 2006

  /s   Jennifer MacNaughton
Merrill G. Davidoff
David F. Sorensen
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS & CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*

3