**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CIVIL ACTION NO. 90-cv-00181-JLK**

**MERILYN COOK,** *et al.***,**

       **Plaintiffs,**

       v.

**ROCKWELL INTERNATIONAL CORPORATION**
**and THE DOW CHEMICAL COMPANY,**

       **Defendants.**

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION**
**TO EXCLUDE THE EXPERT TESTIMONY OF DR. LAURENTIUS MARAIS**

All of the rhetoric in their Response to Plaintiffs' Motion to Exclude the Expert Testimony of Dr. Laurentius Marais (Doc. 1925) ["Response to Motion to Exclude Marais"] aside, defendants continue to seek to have William Wecker, Ph.D. testify regarding M. Laurentius Marais, Ph.D.'s expert opinions. *See id.* at 5-7. However, defendants cite (and indeed there is) no law that allows him to do so. *See* Plaintiffs' Motion to Exclude Testimony of M. Laurentius Marais, Ph.D. (Doc. 1904) ["Motion to Exclude Laurentius"] at 3-4 (citing *Sunstar, Inc. v. Alberto-Culver Co., Inc.*, Nos. 01-C-0736 & 01-C-5825, 2004 WL 1899927, at *25 (N.D. Ill. 2004); *Dura Auto. Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 614-15 (7th Cir. 2002)).

Nor do defendants' belated submission of Dr. Marais' hourly rate, their tardy disclosure of other cases in which he has testified as an expert, or their munificent offer ("out of an abundance of caution") to submit "Dr. Wecker (not Dr. Marais) . . . to a deposition on the opinions in the Marais Declaration  . . . ." cure Dr. Marais' failure to comply with the mandatory

requirements of Federal Rule of Civil Procedure 26(a)(2)(B).  *See* Response to Motion to Exclude Marais at 4-6.

For all of the foregoing reasons, and those set forth in forth in plaintiffs' Motion to Exclude Marais, the Court must exclude the expert testimony of Dr. Marais, whether presented directly or through Dr. Wecker's adoption of his declaration.  If, however, the Court should conclude that his opinions may be presented at trial, plaintiffs respectfully request that the Court order Dr. Marais himself appear to testify, but only after submitting to the required deposition.  *See* Tr. (October 6, 2005) at 5-6 ("If no deposition, no testimony. . . . If the witness doesn't agree to have a deposition taken, then they will not be permitted to testify.").

                              Respectfully submitted,

January 5, 2006                    *s/ Jean M. Geoppinger*

                              Louise M. Roselle
                              Jean M. Geoppinger
                              WAITE, SCHNEIDER, BAYLESS
                              & CHESLEY CO., L.P.A.
                              1513 Fourth & Vine Tower
                              One West Fourth Street
                              Cincinnati, Ohio  45202
                              (513) 621-0267

                              Merrill G. Davidoff
                              Peter Nordberg
                              David F. Sorenson
                              BERGER & MONTAGUE, P.C.
                              1622 Locust Street
                              Philadelphia, PA 19103
                              (215) 875-3000

                              Gary B. Blum
                              Steven W. Kelly
                              SILVER & DEBOSKY, P.C.
                              1801 York Street
                              Denver, Colorado  80206
                              (303) 399-3000

*Attorneys for Plaintiffs
and the Class*

3