IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

___

**DEFENDANTS' STATEMENT CONCERNING PHOTOGRAPHS, MAPS, GRAPHS, CHARTS, MODELS, AND OTHER EXHIBITS THAT SUMMARIZE DATA**
___

Plaintiffs have incorrectly argued that certain of Defendants' photographs, as well as maps, charts, models, and other exhibits that summarize data may be used for demonstrative purposes only. (*E.g.,* Tr. at 9033) As an initial matter, it is black letter law that photographs are admissible into evidence in and of themselves so long as they are properly authenticated. *See Millers' Nat. Ins. Co., Chicago, Ill. v. Wichita Flour Mills Co.*, 257 F.2d 93, 100 (10th Cir. 1958) ("A picture, still or moving, is admissible when it is shown that it is a correct likeness of the objects which it purports to represent"); *see also, e.g., U.S. v. Mundt,* 508 F.2d 904, 908 (10th Cir. 1974) (admitting photographs); 75 Am. Jur. Proof of Facts 3d 317 (2005); Am. Jur. 2d, Evidence § 958; CJS Evidence § 987. Defendants' aerial photographs and their models, which consist merely of aerial photographs combined with topographical and GIS information (also real

evidence)[1] are therefore admissible as evidence in and of themselves, and not merely as demonstratives.[2]

In addition, with respect to Defendants' maps, charts, graphs, and models, Plaintiffs' position that such materials are not evidence that can go back to the jury room is directly contrary to the Federal Rules of Evidence and controlling Tenth Circuit law.[3]  Federal Rule of Evidence 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place.  The court may order that they be produced in court.

The Court of Appeals for the Tenth Circuit has consistently held that summaries are admissible evidence under this rule so long as they meet certain requirements.  *E.g., Harris Market*

---

[1]  The Court of Appeals for the Tenth Circuit has recognized that "GIS is a computer system capable of capturing, storing, analyzing, and displaying geographically referenced information; that is, data identified according to location.  GIS can produce information in a variety of formats.  One of the most common products of GIS is maps."  *Forest Guardians v. FEMA*, 410 F.3d 1214, 1216 n.1 (10th Cir. 2005) (internal quotations and citations omitted).

[2]  Plaintiffs were informed prior to trial that "as disclosed in court, [Defendants intended to use] models based upon the high resolution aerial photographs previously provided to [Plaintiffs] that have been overlaid onto the regional topography.  In addition, the GIS layers for buildings and roads as well as the class boundary have been overlaid onto the photographs."  (9/29/05 letter from S. Mcmillin)  The only objection ever articulated by Plaintiffs to the models was that Defendants had labeled some but not all of the buildings on the industrial area model.  This objection, however, only goes to the weight and not the admissibility of the models.

[3]  Throughout the three months of this trial, the Court has properly admitted such evidence either without objection or over Plaintiffs' objections.  (*E.g.,* Tr. at 9033)

*Research v. Marshall Mktg. and Comm., Inc.*, 948 F.2d 1518, 1525 (10th Cir. 1991) (trial judge acted within his discretion by admitting summaries that were based on admissible information); *see also State Office Sys., Inc. v. Olivetti Corp. of Am.*, 762 F.2d 843, 845 (10th Cir. 1985) ("Rule 1006 clearly permits the use of a summary of voluminous business records if all of the records from which it is drawn are otherwise admissible").[4]

To be admissible into evidence, "[s]ummaries must be accurate and nonprejudicial." *Daniel v. Ben E. Keith Co.*, 97 F.3d 1329, 1335 (10th Cir. 1996). Moreover, they must be compilations of voluminous data or records (*i.e.,* true summary) rather than "interpretations of past data" or "projections of future events." *State Office Sys.*, 762 F.2d at 845. Defendants' exhibits, which meet these requirements, should be available to assist the jury during their deliberations. That includes Defendants' summary charts, graphs, and data compilations, as well as Defendants' maps and models.

---

[4] Other circuits have similarly held that summaries are admissible evidence. *See United States v. Petty*, 132 F.3d 373, 379 (7th Cir. 1997) (charts "fit squarely within" Rule 1006 and are admissible); *United States v. Strissel*, 920 F.2d 1162, 1163-64 (4th Cir. 1990) (summary charts admissible under Rule 1006 even if all documents on which they are based have not been admitted because "it would be a grueling waste of time to examine all of the underlying evidence in court") (referencing Advisory Committee Notes to Rule 1006); *United States v. Howard*, 774 F.2d 838, 844 (7th Cir. 1985) (trial court did not abuse discretion in admitting summary charts that accurately reflected the evidence that was produced at trial); *United States v. Scales*, 594 F.2d 558, 564 n.3 (6th Cir. 1979) ("[O]nce the summary is considered properly admitted, the issue of its going to the jury is not separately raised. It appears generally that when such summaries kept from the jury, it is either because they were not properly offered into evidence or because the summary was considered unfair or unreliable . . .").

The alternative to admission of summary exhibits is for a party to offer the underlying data itself, which in this case is nothing short of voluminous. To do so would waste a substantial amount of time in an already lengthy trial, create an unnecessary burden for the Court in terms of ruling on objections, and overwhelm and confuse the jury. As one example, Defendants offered graphs that were used with Dr. John Frazier that set out the average annual air concentrations for contractor ambient air monitoring. If Defendants had to submit the underlying data, the Court would be faced with having to admit more than 30,000 individual cards that had the daily air concentration readings on them.[5] (*See* Tr. at 7488 ("there were huge amounts of environmental monitoring data, especially air monitoring data for Rocky Flats from the beginning of the operations there. There were more than 30,000 air sampling cards . . . . There might be one card per -- sampler per day or week, or depending on the sampling period, but those cards were -- had the raw data from these environmental measurements of air concentrations from 1952 through 1970, a huge number of data points there.")) In addition to the sampling cards, Defendants would have to seek admission of the monthly environmental monitoring reports from both CDH and Dow/Rockwell from 1970 to the present, literally hundreds of documents. As another example, Defendants have offered aerial photographs showing development over time. Those exhibits cover approximately 15,000 properties and span changes to those individual properties over a 50-year period. The underlying data consists of a massive database of information that cannot readily be printed (and, even if printed, would not be comprehensible to the jury).

---

[5] Such cards currently occupy two file cabinets in Defendants' trial space.

4

Leading legal encyclopedias and treatises confirm that Defendants' maps and models are distinguishable from purely demonstrative exhibits and thus may come into evidence.[6] Corpus Juris Secundum states that "[w]here the things they represent are relevant, models, when properly identified and authenticated, are admissible *as a species of real evidence* of the things which they represent."  CJS Evidence § 793 (2005) (emphasis added).  McCormick says that such items are not technically real evidence, but are nonetheless "admissible simply on the basis of testimony that they are substantially accurate representations of what the witness is endeavoring to describe."  McCormick On Evid.*,* § 213 (5th ed. 2003).

Defendants anticipate that Plaintiffs may argue that previously admitted exhibits of this type may not go to the jury, even though they failed to make a contemporaneous objection and/or the exhibits were admitted without qualification.  Throughout this lengthy trial, the Court has admitted many of Defendants' summary charts, graphs, and exhibits without qualification.  (*E.g.,* DX 1682a; DX 1123; DX 1085)  Defendants have reasonably relied on the fact that such exhibits would be provided to the jury during their deliberations, consistent with Instruction 2.3, which provides:

> A number of charts, summaries and other graphic material will be shown to you in order to help explain the facts and documents in evidence in the case.  However, *such charts, summaries and materials are not in and of themselves evidence or proof of any*

---

[6] By contrast, purely demonstrative materials should not be placed before the jury during its deliberations.  *E.g., State v. Lord*, 822 P.2d 177, 194 n.5 (Wash. 1992) (while demonstratives used solely for illustrative purposes should not go to the jury room, evidence admitted under Rule 1006 "is substantive evidence that does go to the jury room").

>       *facts <u>unless they are admitted into evidence</u>*.  If such materials are
>       not admitted into evidence, and do not correctly reflect facts of
>       figures shown by the evidence in the case, you should disregard
>       them.

(Emphasis added.)  It would be improper, fundamentally unfair, and unduly prejudicial for the Court to now reverse its course and decline to allow these exhibits to go back with the jury.  Plaintiffs should not now be permitted to object on the grounds that an exhibit should be admitted for demonstrative purposes only if they previously failed to do so.  *See McEwen v. City of Norman, Okl.*, 926 F.2d 1539, 1544-45 (10th Cir. 1991) (recognizing that a party has the burden to make a contemporaneous objection at trial to the admission of evidence).  If an objection or qualification had been made at the time, Defendants could have established any necessary foundation to have the materials admitted under Rule 1006 or similar standards as actual evidence.

In addition, if Defendants are forced to re-create the record now, at the close of their case, on an exhibit by exhibit basis, they would face an unfair and unjustifiable burden (in many cases, a near impossible one).  Defendants reasonably relied on this Court's instruction to the jury that charts, summaries, graphs, maps and other such materials would be available to the jury in their deliberations if they were admitted without qualification.  (*See* Instruction 2.3)  Re-creation of the record to cure any such untimely objection now might involve the need to call back countless witnesses to establish foundational points that could easily have been established if objections had been made at the time.  Where the ruling admitting the Exhibit was without qualification at

the time (and thus no notice was provided to Defendants that the exhibits were not actually being received as real evidence), it would be entirely improper and unjust to recast that ruling now.

In short, admitting Defendants' summary exhibits is not only consistent with controlling authorities – it also comports with fundamental fairness, judicial efficiency, and wise case management regarding the volume of exhibits.  It also makes good sense in finally bringing this trial to a close.

Dated:  January 6, 2006                           Respectfully submitted,


                                                                                           s/ Stephanie A. Brennan_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie A. Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                              s/ Kari Knudsen_____
                                              Kari Knudsen (legal assistant)