# Exhibit A

*PLAINTIFFS' PROPOSED VERDICT FORM* (*1/9/06*)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-K-181

MERILYN COOK, *et al.*,

Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

Defendants.

---

**VERDICT FORM**

---

NINE OR MORE MEMBERS OF THE JURY MUST AGREE ON THE ANSWER TO EACH QUESTION SET OUT BELOW.  IT IS NOT NECESSARY THAT THE SAME JURORS AGREE ON THE ANSWERS TO EVERY QUESTION.  IT IS ENOUGH IF NINE OR MORE JURORS AGREE ON AN ANSWER TO EACH INDIVIDUAL QUESTION.

We, the Jury, being duly impaneled and sworn to try the above-entitled case, find the following answers to the questions submitted by the Court.

## I.  TRESPASS CLAIM

See especially the following instructions:

No. 1.8 (Burden of Proof - Generally)
No. 3.2 (Elements of the Claim of Trespass)
No. 3.3 (First Element: Presence of Plutonium)
No. 3.4 (Third Element: Continuing Trespass)
No. 3.5 (Matters That Are Not Relevant to Deciding the Trespass Claim)
No. 3.18 (Causation)

***PLAINTIFFS' PROPOSED VERDICT FORM (*1/9/06*)***

### A.  Trespass Claim Against Dow Chemical Company

With regard to plaintiffs' trespass claim against Dow Chemical Company, we find as follows:

1.  Our verdict on plaintiffs' trespass claim against Dow Chemical Company is for:

 \_\_\_\_\_  PLAINTIFFS

 \_\_\_\_\_  DOW CHEMICAL COMPANY

### B.  Trespass Claim Against Rockwell International Corporation

With regard to plaintiffs' trespass claim against Rockwell International Corporation, we find as follows:

2.  Our verdict on plaintiffs' trespass claim against Rockwell International Corporation is for:

 \_\_\_\_\_  PLAINTIFFS

 \_\_\_\_\_  ROCKWELL INTERNATIONAL CORPORATION

### II.  NUISANCE CLAIM

See especially the following instructions:

No. 1.8 (Burden of Proof - Generally)
No. 3.6 (Elements of the Nuisance Claim)
No. 3.7 (First Element: Interference with Use and Enjoyment of Property)
No. 3.8 (Second Element: "Substantial" and "Unreasonable" Interference - Introduction)
No. 3.9 (Second Element: "Substantial" Interference - Defined)
No. 3.10 (Second Element: "Unreasonable" Interference - Balancing Test)
No. 3.11 (Second Element: Unreasonable Interference: Factors Regarding Gravity of the Harm)
No. 3.12 (Second Element: Unreasonable Interference: Factors Regarding Utility of the Conduct)
No. 3.13 (Third Element: "Intentional" or "Negligent" Conduct)
No. 3.14 (Third Element: Definition of "Intentional" Conduct)
No. 3.15 (Third Element: Definition of "Negligent" Conduct)
No. 3.16 (Third Element: Accident Not Presumptive Negligence)
No. 3.17 (Fourth Element: Continuing Nuisance)
No. 3.18 (Causation)

*PLAINTIFFS' PROPOSED VERDICT FORM (1/9/06)*

### A. Nuisance Claim Against Dow Chemical Company

With regard to plaintiffs' nuisance claim against Dow Chemical Company, we find as follows:

3.  Our verdict on plaintiffs' nuisance claim against Dow Chemical Company is for:

\_\_\_\_\_ PLAINTIFFS

\_\_\_\_\_ DOW CHEMICAL COMPANY

### B. Nuisance Claim Against Rockwell International Corporation

With regard to plaintiffs' nuisance claim against Rockwell International Corporation, we find as follows:

4.  Our verdict on plaintiffs' nuisance claim against Rockwell International Corporation is for:

\_\_\_\_\_ PLAINTIFFS

\_\_\_\_\_ ROCKWELL INTERNATIONAL CORPORATION

### III. COMPENSATORY DAMAGES

IF YOUR VERDICT IS FOR PLAINTIFFS ON ONE OR MORE OF THE FOUR CLAIMS ABOVE (TRESPASS AGAINST DOW, TRESPASS AGAINST ROCKWELL, NUISANCE AGAINST DOW, AND/OR NUISANCE AGAINST ROCKWELL), THEN YOU MUST PROCEED TO COMPLETE THIS AND THE OTHER REMAINING SECTIONS OF THIS VERDICT FORM.  IF YOUR VERDICT IS IN FAVOR OF BOTH DEFENDANTS ON ALL CLAIMS, THEN YOU SHOULD SKIP TO SECTION VI OF THIS VERDICT FORM.

See especially the following instructions:

No. 1.8 (Burden of Proof - Generally)
No. 3.20 (Damages - Introduction)
No. 3.21 (Damages - Actual or Nominal)
No. 3.22 (Measure of Actual Damages)
No. 3.23 (Aggregate Damages and Percentage Diminution)
No. 3.24 (Matters Not Relevant to Determining Actual Damages)
No. 3.25 (Multiple Recovery Prohibited)

With regard to plaintiffs' damages, we find as follows:

*PLAINTIFFS' PROPOSED VERDICT FORM* (*1/9/06*)

ANSWER QUESTION NO. 5 ONLY IF YOU RENDER A VERDICT FOR PLAINTIFFS ON THEIR TRESPASS CLAIM AGAINST DOW, IN SECTION I(A).

    5.    Did Dow's trespass result in actual damages to Class Members?

        \_\_\_\_\_ YES

        \_\_\_\_\_ NO, AND SO WE AWARD NOMINAL DAMAGES OF $1 PER CLASS MEMBER ON THIS CLAIM

ANSWER QUESTION NO. 6 ONLY IF YOU RENDER A VERDICT FOR PLAINTIFFS ON THEIR TRESPASS CLAIM AGAINST ROCKWELL, IN SECTION I(B).

    6.    Did Rockwell's trespass result in actual damages to Class Members?

        \_\_\_\_\_ YES

        \_\_\_\_\_ NO, AND SO WE AWARD NOMINAL DAMAGES OF OF $1 PER CLASS MEMBER ON THIS CLAIM

ANSWER QUESTION NO. 7 ONLY IF YOU RENDER A VERDICT FOR PLAINTIFFS ON THEIR NUISANCE CLAIM AGAINST DOW, IN SECTION II(A).

    7.    Did Dow's nuisance result in actual damages to Class Members?

        \_\_\_\_\_ YES

        \_\_\_\_\_ NO, AND SO WE AWARD NOMINAL DAMAGES OF $1 PER CLASS MEMBER ON THIS CLAIM

ANSWER QUESTION NO. 8 ONLY IF YOU RENDER A VERDICT FOR PLAINTIFFS ON THEIR NUISANCE CLAIM AGAINST ROCKWELL, IN SECTION II(B).

    8.    Did Rockwell's nuisance result in actual damages to Class Members?

        \_\_\_\_\_ YES

        \_\_\_\_\_ NO, AND SO WE AWARD NOMINAL DAMAGES OF $1 PER CLASS MEMBER ON THIS CLAIM

*PLAINTIFFS' PROPOSED VERDICT FORM (1/9/06)*

IF YOU ANSWER "YES" TO AT LEAST ONE QUESTION FROM QUESTION NOS. 5, 6, 7, AND 8, THEN YOU MUST PROCEED TO ANSWER QUESTION NO. 9.  IF YOU ANSWER "NO" TO ALL FOUR OF THOSE PREVIOUS QUESTIONS, THEN YOU SHOULD SKIP TO SECTION V OF THIS VERDICT FORM.

9. What damages have been suffered by the Class, measured by reference to the time, if any, when the injurious situation became complete and comparatively enduring?  For each of the three types of property listed below, express your answer in two forms:

(a) in the first column, the average percentage by which Class Properties were diminished or depressed in value, relative to what their value would have been, without the trespass or nuisance; and

(b) in the second column, the corresponding total dollar amount by which Class Properties, as a whole, were diminished or depressed in value, relative to what their value would have been, without the trespass or nuisance.

For purposes of this answer, you should not consider defendants' affirmative defense or any "prior market discount" at which Class Members may have purchased their properties.

|  | Percentage Undervaluation | Aggregate Damages (Entire Class) |
|---|---|---|
| RESIDENTIAL | _____% | $_____ |
| VACANT LAND | _____% | $_____ |
| COMMERCIAL | _____% | $_____ |
|  | TOTAL: | $_____ |

### IV.  AFFIRMATIVE DEFENSE

See especially the following instructions:

No. 1.8 (Burden of Proof - Generally)
No. 3.25 (Affirmative Defense: Setoff)

With regard to defendants' affirmative defense, we find as follows:

5

*PLAINTIFFS' PROPOSED VERDICT FORM* (*1/9/06*)

ANSWER QUESTION NO. 10 ONLY IF YOU RENDER A VERDICT FOR PLAINTIFFS ON EITHER THEIR TRESPASS CLAIM AGAINST DOW OR THEIR NUISANCE CLAIM AGAINST DOW, OR BOTH, IN SECTIONS I(A) AND/OR II(A).  IF YOU RENDER A VERDICT IN DOW'S FAVOR ON BOTH THOSE CLAIMS, YOU SHOULD SKIP TO QUESTION NO. 11.

10.   Were there one or more time periods prior to June 6, 1989, during which Dow Chemical Company conferred a benefit on Class Members because Dow's trespass and/or nuisance diminished or depressed the price at which some Class Members purchased their properties during such period(s)?  (If so, state when each such period began and ended, and the average percentage by which Class Property values were diminished or depressed by Dow's trespass and/or nuisance during each such period.)

_____

_____

_____

ANSWER QUESTION NO. 11 ONLY IF YOU RENDER A VERDICT FOR PLAINTIFFS ON EITHER THEIR TRESPASS CLAIM AGAINST ROCKWELL OR THEIR NUISANCE CLAIM AGAINST ROCKWELL, OR BOTH, IN SECTIONS I(B) AND/OR II(B).  IF YOU RENDER A VERDICT IN ROCKWELL'S FAVOR ON BOTH THOSE CLAIMS, YOU SHOULD SKIP TO QUESTION NO. 12.

11.   Were there one or more time periods prior to June 6, 1989, during which Rockwell International Corporation conferred a benefit on Class Members because Rockwell's trespass and/or nuisance diminished or depressed the price at which some Class Members purchased their properties during such period(s)?  (If so, state when each such period began and ended, and the average percentage by which Class Property values were diminished or depressed by Rockwell's trespass and/or nuisance during each such period.)

_____

_____

_____

*PLAINTIFFS' PROPOSED VERDICT FORM (1/9/06)*

## V.  PUNITIVE DAMAGES

See especially Instruction No. 3.27.

With regard to punitive damages, we find as follows:

ANSWER QUESTION NO. 12 ONLY IF YOU RENDER A VERDICT FOR PLAINTIFFS ON EITHER THEIR TRESPASS CLAIM AGAINST DOW OR THEIR NUISANCE CLAIM AGAINST DOW, OR BOTH, IN SECTIONS I(A) AND/OR II(A).  IF YOU RENDER A VERDICT IN DOW'S FAVOR ON BOTH THOSE CLAIMS, YOU SHOULD SKIP TO QUESTION NO. 14.

12. Should punitive damages be awarded against Dow Chemical Company?

\_\_\_\_\_  YES

\_\_\_\_\_  NO

13. If the answer to Question No. 12 is "Yes," what amount of punitive damages should be awarded against Dow Chemical Company?  (May not exceed compensatory damages from section III.)

$_____

ANSWER QUESTION NO. 14 ONLY IF YOU RENDER A VERDICT FOR PLAINTIFFS ON EITHER THEIR TRESPASS CLAIM AGAINST ROCKWELL OR THEIR NUISANCE CLAIM AGAINST ROCKWELL, OR BOTH, IN SECTIONS I(B) AND/OR II(B).  IF YOU RENDER A VERDICT IN ROCKWELL'S FAVOR ON BOTH THOSE CLAIMS, YOU SHOULD SKIP TO QUESTION NO. 16.

14. Should punitive damages be awarded against Rockwell International Corporation?

\_\_\_\_\_  YES

\_\_\_\_\_  NO

15. If the answer to Question No. 14 is "Yes," what amount of punitive damages should be awarded against Rockwell International Corporation?  (May not exceed compensatory damages from section III.)

$_____

7

*PLAINTIFFS' PROPOSED VERDICT FORM (1/9/06)*

## VI.  ADDITIONAL QUESTIONS

See especially the following instructions:

No. 1.8 (Burden of Proof - Generally)
No. 3.28 (Additional Questions)

16. Did it appear on or before January 30, 1990, which is the date this case was filed, that the alleged trespass and/or nuisance by Dow or Rockwell or both of them would continue indefinitely?  In answering this question, "continue indefinitely" means there was no reason to expect that the trespass and/or nuisance would end at any definite time in the future.

　　　_____ YES

　　　_____ NO

17. If the answers to Question No. 16 is "No," then when did it become apparent that the proven trespass or nuisance would continue indefinitely?

　　　_____.

18. Did intentional or negligent conduct by Dow or Rockwell or both of them at Rocky Flats, and/or actual or threatened harms caused by such conduct, create a situation that is capable of causing fear, anxiety, or mental discomfort in individual Class Members?

|  | DOW | ROCKWELL |
|---|---|---|
| YES | _____ | _____ |
| NO | _____ | _____ |

8

*PLAINTIFFS' PROPOSED VERDICT FORM (1/9/06)*

PLEASE SIGN THIS VERDICT FORM.

DATED THIS _____ DAY OF _____, 2006.

_____   _____
Presiding Juror                                                          Juror

_____   _____
Juror                                                                             Juror

_____   _____
Juror                                                                             Juror

_____   _____
Juror                                                                             Juror

_____   _____
Juror                                                                             Juror

_____
Juror