IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
90-CV-00181-JLK

**MERILYN COOK, et al.,**
**Plaintiffs,**

**v.**

**ROCKWELL INTERNATIONAL CORPORATION and**
**THE DOW CHEMICAL COMPANY,**
**Defendants.**

PLAINTIFFS' MOTION FOR ADDITIONAL
TIME TO CROSS-EXAMINE DEFENSE EXPERT
JOHN DORCHESTER

Plaintiffs respectfully request that the Court grant plaintiffs' counsel, Ms. Roselle, leave to spend up to an additional hour to conduct the cross-examination of defense expert witness, John Dorchester. If the Court grants plaintiffs' motion, Ms. Roselle would be permitted to spend up to three hours (rather than two) cross-examining Mr. Dorchester.

Defendants have estimated that their direct examination of Mr. Dorchester – the defendants' only expert trained in real estate appraisal techniques – would last 2 hours. Under the Court's ruling of November 2, 2005, Plaintiffs are only entitled to spend two hours to conduct their entire cross examination of Mr. Dorchester, a key defense property witness. [*See* Ct. Rec. at 3615-16]. Defendants, by contrast, were given 6 full hours to conduct the cross-examination of Mr. Hunsperger, Plaintiffs' property expert and Mr. Dorchester's counterpart.

Plaintiffs seek additional time with Mr. Dorchester for a variety of reasons. Mr. Dorchester is the only defense witness, in the long line of defense witnesses, who has criticized the property valuation techniques applied by plaintiffs' real estate appraiser Wayne Hunsperger, who possesses real estate appraisal training. Plaintiffs require sufficient time to explore the criticisms made by Mr. Dorchester.

As the Court observed today, it takes little time for defendants to submit conclusory criticism of Mr. Hunsperger's methodology to the jury through the testimony of Mr. Dorchester. It will likely take plaintiffs longer during their cross-examination of this skilled (yet likely hostile) witness to explain the deficiencies and gaps in his testimony and methodology. By way of example, during his testimony yesterday, Mr. Dorchester displayed a variety of dramatic maps to the jury. Plaintiffs will need more time than the defendants required to display the maps in order to discuss fully and accurately the subdivisions that those maps portray.

As the Court is aware, the Court's rule providing limitations on cross-examination was created in early November due to lengthy direct and cross-examinations that occurred early in the case, when dozens of potential witnesses remained. Prior to the Court's ruling establishing time limits, defendants were permitted to conduct lengthy, wide-ranging cross-examinations of the first 11 witnesses called by plaintiffs, including two of plaintiffs' expert witnesses (Budnitz and Radke). Plaintiffs estimate that defendants' cross-examination of Dr. Budnitz took more time than the direct examination of that witness. Defendants used the 6 hours allotted to the cross-examination of Mr. Hunsperger. However, plaintiffs were constrained to use only four hours to cross-examine defense expert John Till, another major defense witness; plaintiffs were unable to finish their planned cross

examination of Dr. Till. Having only two hours to cross-examine one of defendants' most critical property witnesses may greatly prejudice plaintiffs' case.

There is no federal rule that constrains cross-examinations to the length of direct examination. This matter is entirely within the Court's discretion. Defendants will suffer no prejudice if plaintiffs are allowed to cross-examine a defense witness for an additional hour. The jury will not be inconvenienced as there are only two remaining witnesses to examine during defendants' case -in-chief.

We respectfully request the Court's indulgence in allowing an additional hour for the cross-examination of Mr. Dorchester, one of the last witnesses in defendants' case in chief.

Respectfully submitted

Dated: Jan. 9, 2006

/s Jennifer MacNaughton
Merrill G. Davidoff
David F. Sorensen
Ellen T. Noteware
Jennifer MacNaughton
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215)875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS & CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
Steven W. Kelly
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs
And the Class*