# Exhibit A

[Defendants have not previously submitted a jury instruction incorporating the revised language proposed below.  The first change incorporates an objection that defendants made to Plaintiffs' proposed Statement of the Case, filed Sept. 3, 2004. Defendants propose the second change in light of the current state of the evidentiary record.]

## INSTRUCTION NO. 1.1

### Statement of the Case

In order to help you understand this case, I will give you a brief summary of the claims and defenses.

The person or "party" who brings a lawsuit is called the plaintiff.  The named plaintiffs in this case are Merilyn Cook, William and Delores Schierkolk, Richard and Sally Bartlett, and Lorren and Gertrude Babb.  In actuality, there are thousands of plaintiffs in this case.  ~~Because it would not be practical to conduct thousands of trials, these individuals~~ **The named plaintiffs** filed this case as a class action.  In a class action, a few plaintiffs act as the representatives in court for all of the other class members.  I will sometimes refer to this group as the "Plaintiff Class" or simply the "Class."

The members of the Plaintiff Class are persons who owned property in a specific, defined area, known as the "Class Area," near the Rocky Flats Nuclear Weapons Plant on June 7, 1989.  That means, only persons who owned property within the Class Area on June 7, 1989, are considered plaintiffs, and only those persons can recover damages if the plaintiffs prevail in this action.

The Rocky Flats Nuclear Weapons Plant ("Rocky Flats") is a government-owned facility located on about 6500 acres sixteen miles northwest of downtown Denver. Before operations at Rocky Flats were halted in 1989, nuclear weapons components were manufactured there. The components were fashioned from materials including plutonium, a man-made radioactive element. ~~Other hazardous substances, both radioactive and non-radioactive, were also used or disposed of at Rocky Flats when the plant was in operation.~~

The defendants in this case are Dow Chemical Company and Rockwell International Corporation. Dow and Rockwell operated the Rocky Flats Nuclear Weapons plant at different times as contractors for the United States Department of Energy. That means, they worked under a contract for the federal government to manage and run the plant. Dow operated the plant between 1952 and 1975, and Rockwell operated the plant from 1975 until 1989.

The plaintiffs make two claims against Dow and Rockwell on behalf of themselves and the rest of the Class. The first claim is for trespass. Trespass is an invasion of a person's property without his permission. Plaintiffs claim Dow and Rockwell caused a trespass because the Class Area is contaminated with plutonium released from Rocky Flats as a result of various accidents, mishaps, and bad environmental practices that occurred during each defendant's period of operation.

Plaintiffs' second claim is for nuisance. A nuisance is something that substantially and unreasonably interferes with another person's use and enjoyment of their land. Plaintiffs claim Dow and Rockwell substantially and unreasonably interfered

with Class members' use and enjoyment of their properties because plutonium contamination in the Class Area has led to increased health risk and because there is a risk of additional future releases of plutonium ~~and other hazardous substances~~ into the Class Area from the plant site.

Plaintiffs claim that Dow and Rockwell's trespass and nuisance have depressed the value of properties in the Class Area. The Plaintiffs seek damages to compensate the Plaintiff Class for this lost property value. Plaintiffs also seek punitive damages from both Dow and Rockwell.

Defendants deny plaintiffs' claims and contend that they each operated Rocky Flats in a safe and responsible manner. Defendants admit that plutonium from Rocky Flats is present in the Class Area, but dispute that it is located throughout this area or that they are liable for trespass. They also deny that plutonium is present in the Class Area at levels that pose any significant health risk or that there is a threat of future releases of plutonium ~~or other hazardous substances~~ from the Rocky Flats site to the Class Area. Defendants further deny that any interference with Class members' use and enjoyment of property is substantial and unreasonable enough to constitute a nuisance or that they are otherwise liable for nuisance. Finally, Defendants deny that the alleged trespass or nuisance depressed property values in the Class Area or that plaintiffs and the other Class members suffered any loss of property value as a result of Defendants' operations at Rocky Flats.

3

**Argument and Authority:**

Striking "Because it would not be practical to conduct thousands of trials, these individuals": This is an inappropriate comment upon the merits of the decision to certify the plaintiff class in this case.  Class certification is an issue for the court, not the jury.  Fed. R. Civ. P. 23(c)(1).  The statement of the case need not state to the jury that "it would not be practical to conduct thousands of trials."

Striking references to "other hazardous substances": Substances other than plutonium cannot give rise to a trespass claim in this trial.  *See* Instruction No. 3.2 Plaintiffs have likewise failed to produce evidence of a class-wide nuisance.  *See* DX 36, OU3 ROD at 2 ("No hazardous substances, pollutants or contaminant will remain within the boundaries of OU3 above level that allow for unlimited use and unrestricted exposure."); Holeman testimony, 10/18/05 Trial Tr. 1392-1398; see also DX 69, EPA Superfund ROD; DX 43, Agreement in Principle; DX 454, ATSDR 5/13/05 report, at 76 ("[L]evels of offsite surface soil contamination are no apparent public health hazard for past, current and future exposures."); *id.* at 1-2, 45, 55, 57.  Because plaintiffs have failed to present sufficient evidence of hazardous substances other than plutonium, all references to them should be stricken.

**INSTRUCTION NO. 1.2**

<u>Equality of Parties</u>

All persons are equal before the law regardless of race, national origin,

citizenship, or even whether the party is a corporation.  I tell you that all parties are equal

before the law to remind you that you must base any decision in this case on the law and

facts, not outside factors such as race, national origin, citizenship, or corporate status.

**INSTRUCTION NO. 1.3**

<u>Status of a Corporation</u>

All persons are equal before the law.  A corporation is considered by the law to be a person.  Corporations are entitled to the same fair and conscientious consideration by you as any physical person.

Corporations can act only through their officers and employees.  Any act or omission of an officer or employee while acting within the scope of his or her employment or authority is the act or omission of the corporation.

[Defendants have not previously submitted an instruction incorporating the revised language because the revision below is a minor change to the preliminary instruction.]

### INSTRUCTION NO. 1.4

<u>Evidence – General</u>

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you.  That is how you will reach your verdict. In doing so, you must follow the law whether you agree with it or not.

At no time during the trial will I suggest what I think your verdict should be nor do I want you to guess or speculate about my views of what verdict you should render. You will decide what the facts are from the evidence that the parties will present to you during the trial.  That evidence will consist of the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness; documents and other things received into evidence as exhibits; and any facts on which the lawyers agree or which I may instruct you to accept as true.

The following things are ~~not~~ not evidence and you must not consider them as evidence in deciding the facts of this case:

1.  Statements and arguments by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ

7

from the way the lawyers have stated them, your memory of the facts controls.

2.      Questions and objections by the lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, I may allow some testimony or exhibits only for a limited purpose, and you must consider such only for that limited purpose.

4.      Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses.  You are to decide the case solely on the evidence received in this courtroom during the trial.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.  Inferences are deductions or conclusions your reason and common sense lead you to draw from the facts established by the evidence.

**Argument and Authority:**  The emphasis on the word "not" is unnecessary.

8

## INSTRUCTION NO. 1.5

### Evidence – Direct and Circumstantial

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which one can find that another fact exists or is true.

You should consider both kinds of evidence in deciding this case.  It is for you to decide how much weight to give to any evidence, direct or circumstantial.

There are rules of evidence that control what can be received into evidence.  When one lawyer asks a question or offers an exhibit into evidence and another lawyer on the other side thinks that it is not permitted by the rules of evidence, the other lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignored the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore such evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9

**INSTRUCTION NO. 1.6**

<u>Filing of a Lawsuit or Pleading</u>

The fact that a plaintiff files a lawsuit is not evidence that the other party did anything wrong.  The fact that a plaintiff complains that he has been damaged is not evidence that he has been damaged or that the other party violated the law.  You cannot say, "Well, there must be something wrong here or the case would not be in court."

**INSTRUCTION NO. 1.7**

Credibility of Witnesses

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe.  You may believe everything a witness says, only part of it, or none of it.

In considering the testimony of any witness, you may consider:

1.      The witness's opportunity and ability to see or hear or know the things to which the witness testified;

2.      The quality of the witness's memory;

3.      The witness's manner while taking the oath and while testifying;

4.      Whether the witness had an interest in the outcome of the case or any motive, bias or prejudice;

5.      Whether the witness's testimony is contradicted by anything the witness aid or did at another time, by the testimony of other witnesses, or by other evidence;

6.      How reasonable the witness's testimony was in light of all the evidence; and

7.      Any other facts that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.

If you believe a witness has willfully lied regarding any material fact, you have the right to disregard all or any part of that witness's testimony.

11

## INSTRUCTION NO. 1.8

<u>Burden of Proof - Generally</u>

This is a civil case.  Therefore, the Plaintiffs have the burden of proving their claims by what is called a preponderance of the evidence.  That means that no matter who produces the evidence, when you consider the Plaintiffs' claim in light of all the facts, you believe their claim is more likely true than not true.  To put it differently, if you were to put all of the evidence in favor of the Plaintiffs and all of the evidence in favor of Dow or Rockwell on opposite sides of the scales, Plaintiffs would have to make the scale tip to their side in order for your verdict to be against Dow or Rockwell.  If Plaintiffs fail to meet this burden, your verdict must be for Dow and Rockwell.

In defense to Plaintiffs' claims, Dow and Rockwell have each asserted an affirmative defense, which will be described to you more fully later.  An affirmative defense is more than a denial of the claim.  You should treat Dow and Rockwell's affirmative defenses in the same way you treat the Plaintiffs' claims.  That is, Dow and Rockwell, as the parties asserting the affirmative defense, have the burden of proving that defense by the same standard, that is, of proving that the affirmative defense is more likely true than not true.

[Defendants have not previously submitted a jury instruction regarding speculation and uncertainty. Defendants propose this instruction to guide the jury in considering the significant amount of uncertainty regarding causation and other elements of plaintiffs' claims, as well as the scientific evidence also subject to uncertainty (*see, e.g.*, Cochran testimony, 11/16/05 Trial Tr. at 5548–50 (discussing range of uncertainty in radiological studies); Raabe testimony, 12/9/05 Trial Tr. at 7374–75 (same); Till testimony, 12/16/05 Trial Tr. at 8439–46 (same), and in considering the arguments of plaintiffs' counsel regarding "uncertainty" (*see* Pls.' mini-summation, 11/22/05 Trial Tr. at 6274 ("The only conclusive proof of anything that we have learned . . . is that the uncertainties are very great."); Pls.' mini-summation, 12/9/05 Trial Tr. at 7389 ("We're trying to prove that there was sufficient uncertainty . . . .")).]

## DEFENDANTS' <u>PROPOSED</u> INSTRUCTION NO. 1.8A

### <u>Speculation and Uncertainty</u>

**Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.**

**You have heard evidence of uncertainty as to particular facts. The existence of uncertainty as to a particular fact may not be considered as proof that the fact is true.**

**Argument and Authority:** Plaintiffs cannot prove their claims based on assertions of uncertainty (*see* Pls.' mini-summation, 11/22/05 Trial Tr. at 6274 ("The only conclusive proof of anything that we have learned . . . is that the uncertainties are

very great."); plaintiffs must produce evidence of a reasonable certainty to support their claims.  CJI-Civ. 3:4 (CLE ed. 2004) (No Speculation) ("Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.").  *See also Kirschner v. Broadhead*, 671 F.2d 1034, 1039 (7th Cir. 1982) ("[A] doctor's testimony can only be considered evidence when he states that the conclusion he gives is based on reasonable medical certainty that a fact is true or untrue.  A doctor's testimony that a certain thing is possible is no evidence at all.  His opinion as to what is possible is no more valid than the jury's own speculation as to what is or is not possible."); *Caiazzo v. Volkswagenwerk A.G.*, 647 F.2d 241, 255 (2d Cir. 1981) ("Once a case presents a fair jury question, as all agree this case does, selection of a burden of proof rule requires a choice as to which party should be assigned the risk of loss in the event that the uncertainties in the evidence make it difficult to say that the fact in dispute is more likely so than not so.").

[Defendants previously submitted the instruction below without the deleted language as part of a stipulated instruction regarding the burden of proof filed on Sept. 3, 2004 (Defs.' Proposed General Instruction No. 1.8 – Burden of Proof).]

## INSTRUCTION NO. 1.9

### Burden of Proof ~~and Classified Information~~ - **Parties Not Required to Produce All Evidence**

### [SEE DEFENDANTS' PROPOSED INSTRUCTION 1.9A]

In evaluating whether Plaintiffs and Defendants have met their respective burdens on their claims and defenses, you need to know that the law does not require parties to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters to be determined by you from the evidence. Nor does the law require the parties to produce as exhibits all papers or other things mentioned in the evidence in the case.

This is a law that is uniformly applied in all cases as a matter of practical necessity and common sense. It is simply not possible for the law to require proof to the degree of absolute certainty.

~~In this case, the problem of proof is further complicated because of government imposed secrecy concerning activities at the Rocky Flats installation. The U.S. Department of Energy has classified documents concerning these activities and the resulting classification means that some information is deemed secret and is not available to the public.~~

The ~~Department of Energy has made some information concerning Rocky Flats~~ ~~available by a process known as "declassification," meaning that some documents and~~ ~~some parts of documents are no longer considered secret.~~

~~You will also see some documents that have been made available by the~~ ~~Department of Energy that contain obliterated or marked out words.  This process is~~ ~~called "redaction" and it means that the information removed is not available to us in this~~ ~~trial.~~

~~For the reasons I've just given, not only are the parties in this case not required to~~ ~~produce as exhibits all papers or other things mentioned in the evidence, they cannot~~ ~~produce some of these documents and things because the DOE has classified that~~ ~~information as secret.  While you may not speculate as to what the unavailable or~~ ~~redacted information might be, you may, but are not required, to infer that such~~ ~~unavailable or redacted information would have been favorable, or unfavorable, to one~~ ~~side or the other in this case.~~

[Some language in this instruction has been taken from what is currently

Instruction No. 1.9.  The remaining language and its underlying legal principles were

previously incorporated in Defs.' Limiting Instruction No. 3 (Classification) filed Sept.

23, 2005, Defs.' Limiting Instruction No. 1 (No Evidence That Dow or Rockwell or Their

Counsel Were Involved in the Withholding of Documents) filed Oct. 10, 2005, and Defs.'

Proposed Instruction re Classification filed Dec. 28, 2005.]

## DEFENDANTS' <u>PROPOSED</u> INSTRUCTION NO. 1.9A

### <u>Classification</u>

**The Department of Energy has made some information concerning Rocky**

**Flat available by a process known as "declassification," meaning that some**

**documents and some parts of documents are no longer considered secret.**

**You will also see some documents that have been made available by the**

**Department of Energy that contain obliterated or marked out words.  This process**

**is called "redaction" and it means that the information removed is not available to**

**use in this trial.**

**For the reasons I've just given, not only are the parties in this case not**

**required to produce as exhibits all papers or other things mentioned in the evidence,**

**they cannot produce some of these documents and things because the DOE has**

**classified some information.  You have heard evidence both about the kinds of**

**information that have been classified in the past and information that remains**

**classified today.  Regarding classified information and the classification process, I**

**instruct you as follows:**

(1)     You are not to decide whether any classification decision was proper or improper or the motives for any such decision.

(2)     There is no evidence that these defendants or their representatives have impaired or influenced access by these plaintiffs to classified material.

(3)     There is no evidence that these plaintiffs were treated differently or improperly in their access to classified information.

(4)     The fact that information relating to Rocky Flats remains classified shall not be considered by you as being favorable or unfavorable to any party in this case.

**Argument and Authority:**  As Defendants discussed in their motion for mistrial, *see* Defs.' Mem. in Supp. of Defs.' Mot. for Mistrial or, in the Alternative, Defs.' Proposed Instructions, filed 12/28/05, this instruction is necessary to dispel the unfair, prejudicial effect of plaintiffs' insinuations of improper classification by the DOE. 8/22/05 Hr'g Tr. at 23–24; 11/10/05 Trial Tr. at 5050–51 ("[Y]ou still have a classification decision that's made, and the Congress says it's none of my business."); *id.* at 5054 ("Whether or not they had bad faith motivations or otherwise, whether it's political, philosophical or religious doesn't matter.  What matters is the test that I set out, and I am very confident in that test."); 11/14/05 Trial Tr. at 5082 (whether classification "was done in good faith or not [is] beyond the purview of this Court"); *id.* ("Whatever other motivations they have, I can't go into.  I don't sit as court of review as to the—as to how classifications are made."); *id.* ("Now, whether they—whether they refused to give

you information, the Department of Energy did, they refused to declassify MUF information on the grounds of national security, is not something I'm going to go into."); *id.* at 5149 (barring questioning on DOE's discussions about whether producing MUF documents would hurt DOE and its contractors); *id.* at 5230 ("The improper classification of documents is not coming in.  That's just it.").

[The language of this instruction and its underlying legal principles were previously incorporated in Defs.' Proposed Instruction re Class Members filed Dec. 7, 2005.]

### DEFENDANTS' <u>PROPOSED</u> INSTRUCTION NO. 1.9B

### <u>Burden of Proof and Class Members Other Than The Class Representatives</u>

**The Class consists of about 12,000 members. Before the trial, Defendants were not permitted to talk to any of the Class members who owned residences in the Class Area, because these Class members are represented by counsel for Plaintiffs. Plaintiffs, on the other hand, have been allowed to talk to each of the Class members to determine which Class members to call as witnesses. You have heard testimony from the Class members that Plaintiffs have decided to call as witnesses. When judging this testimony, you may consider the fact that Plaintiffs had the opportunity to talk to many Class members before selecting which Class members to call as witnesses, and that Defendants have not had this same opportunity.**

**Argument and Authority:** As discussed in defendants' previous motion for this instruction, *see* Defs.' Proposed Instructions re Stigma Evidence and Class Members filed 12/7/05, this instruction is necessary so that the jury understands the disadvantage to defendants of having no access to residential absent class members. 9/12/94 Mem. Op. and Order at 8–10 (limiting discovery of absent class members to the "largest commercial landowners in the area").

**INSTRUCTION NO. 1.10**

<u>Multiple Defendants</u>

Although there are two defendants in this action, it does not follow from the fact alone that if one defendant is liable to the Plaintiffs, both defendants are liable.  Each defendant is entitled to a fair consideration of the evidence.  Neither defendant is to be prejudiced should you find against the other.  All instructions I give you govern the case as to each defendant.

[The underlying legal principles of this instruction were previously incorporated in Defs.' Proposed Limiting Instruction No. 1 (DOE Conduct Not Being Decided and Not Basis for Liability of Defendants) filed Sept. 23, 2005.]

## DEFENDANTS' <u>PROPOSED</u> INSTRUCTION NO. 1.10A

### <u>Department of Energy</u>

**The Department of Energy is not a party to this case. It did, however, own the Rocky Flats plant at all relevant times and contracted with Dow and Rockwell. You may consider the DOE's involvement in the events giving rise to this case as historical facts which may or may not be relevant to defendants' conduct. You may not assess the liability of the DOE or seek to hold defendants liable for any wrongful conduct of the DOE.**

**Argument and Authority:** As a non-party, the DOE cannot be held liable by this jury. 12/14/05 Trial Tr. at 8005 ("Liability, criminal or civil, of the Department of Energy is not at issue in this case."); 1/4/06 Trial Tr. at 8690 ("MR. DAVIDOFF: The DOE is a real party, and they're the indemnitor, so they're a real party in interest. THE COURT: They're not a real party in interest."); *see also* 3 Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 103.14 (5th ed. 2001) (Multiple Defendants); 8/22/05 Hr'g Tr. at 8, 23–24. This instruction is particularly appropriate given plaintiffs' counsel's invective against the DOE in this trial. *See* Pls.' opening, 10/11/05 Trial Tr. at 488 ("Why would DOE want to cover up? Because they were part of the negligent and

wrongful conduct."), 489 ("[W]e believe the evidence will show DOE was part of the problem.").

[The underlying legal principles of this instruction were previously incorporated in Defs.' Proposed Limiting Instruction No. 2 (Department of Energy Indemnity Not to Be Considered for Purpose of Determining Liability of Defendants) filed Sept. 23, 2005.]

## DEFENDANTS' <u>PROPOSED</u> INSTRUCTION NO. 1.10B

### <u>Indemnification</u>

**You have heard evidence regarding whether the Department of Energy will indemnify Defendants in this case.  This evidence is not relevant to determining whether Defendants are liable to Plaintiffs in this case.  You should not assume that the DOE will indemnify Defendants in the event of a judgment against Defendants in this case, nor should you speculate whether such indemnification will occur.**

**Argument and Authority:**  The jurors have already sworn that they will not consider indemnification in determining liability for Dow and Rockwell, *see* 10/6/05 Trial Tr. at 249–250, but this should be codified into the instructions as well.