## INSTRUCTION NO. 1.11

<u>Juror Conduct</u>

I will now say a few words about your conduct as jurors.

First, do not talk with one another about this case or about anyone who has anything to do with hit until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case and that I have ordered you not to tell them anything else about the case until I have discharged you.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone tries to talk to you, please report it to me immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with the case.

Fifth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own.

Sixth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Seventh, each of you will have one or more notebooks containing the names of the witnesses and copies of exhibits. You are free to take notes in order to enhance your

memory or assist you in recollecting during your deliberations.  I caution you, however, not to become a slave to your notes.  It is most important that you observe the witnesses and listen to their testimony.  Your note taking should merely assist you.

**Section 2.0**

**Instructions for Use During Trial**

**INSTRUCTION NO. 2.1**

Consideration of Deposition Testimony

A deposition is testimony taken under oath before the trial and preserved in writing or on videotape.  Deposition testimony can be read into evidence or shown by videotape.  You are to give the same consideration to deposition testimony as to live testimony presented here in the courtroom.  That is, you are to judge the credibility of the witness and determine the weight to be given to the testimony to the best of your ability under the circumstances, as if the witness had been before you on the witness stand when he made the statement under oath.

[Defendants have not previously submitted a jury instruction incorporating the additional language proposed below or its underlying legal principle. The additional language addresses plaintiffs' witnesses Dr. Biggs and Dr. Selbin.]

### INSTRUCTION NO. 2.2

Opinion Evidence and Expert Witnesses

You will hear opinion evidence from people described as experts. People who by knowledge, skill, experience, training or education, have become expert in some field may state their opinions on matters in the field and may also state the reasons for their opinions.

Expert opinion testimony should be judged just like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinions, and all of the other factors that you consider when determining the credibility of the other witnesses.

Experts generally rely upon some assumptions in developing their opinions. These assumptions are likewise subject to your evaluation and should be considered along with the rest of the evidence.

In resolving the conflict in the testimony of expert witnesses, you should weigh the opinion of one expert against that of another. In doing this, you should consider the qualifications and believability of each witness, the reasons for each opinion and the matter upon which it is based.

**Some witnesses were called to testify about historical events but also had specialized training in certain areas. You are not to consider their testimony as**

**carrying any weight as expert testimony.  You may only consider it as evidence that the events they testified to did or did not occur.**

**Argument and Authority:**  The additional language guides the jury in their consideration of those witnesses, such as Dr. Biggs and Dr. Selbin, who have specialized knowledge but were not called as experts.  *See* 11/9/05 Trial Tr. at 4640 ("[Dr. Biggs] is not being permitted to go outside of what the committee did, and he is not permitted to give an opinion that calls upon special training and knowledge, but only upon what he did in or the committee did that he was a participant in."); 12/8/05 Trial Tr. at 7062–63 ("Here is the problem, if we get into the matter of expert testimony—and I'm sure after having listened to you [Dr. Selbin] that you could easily be qualified as an expert in chemistry, but the fact is that you were not.  And that's not the purpose for your being here.").

[Defendants have not previously submitted an instruction incorporating the revised language because the revision below is a minor change to the preliminary instruction.]

## INSTRUCTION NO. 2.2A

<u>Consideration of Deposition Testimony of Dr. James Flynn</u>

In light of his illness, Dr. James Flynn ~~is~~ **was** unavailable to testify any further in this trial. The live testimony offered by Dr. Flynn on his direct examination therefore ~~must be~~ **was** stricken, because the Defendants did not have the opportunity to cross-examine Dr. Flynn on that testimony. You are not to consider Dr. Flynn's live testimony for any purpose.

Dr. Flynn's report is still in evidence. Also, the parties have each designated testimony from Dr. Flynn's earlier deposition. This will be read into evidence. I instruct you, however, that the Defendants did not have the same opportunity to cross-examine Dr. Flynn at his deposition that they would have had at trial, because one of the purposes of a deposition is to help a party prepare for the witness's cross-examination. In judging the evidence you have received from Dr. Flynn and determining how much weight to give to it, you should consider that Defendants did not have a full opportunity to cross-examine Dr. Flynn.

[Defendants have not previously submitted a jury instruction incorporating the revised and additional language below.  Defendants propose this revised language in light of the recent colloquy with this Court concerning demonstrative exhibits and Rule 1006. *See* 1/6/06 Trial Tr. at 9101–03, 9225–29; Bench Notes Regarding Demonstrative and Summary Evidence.]

## INSTRUCTION NO. 2.3

### Charts, Summaries and Graphic Materials

A number of charts, summaries and other graphic materials ~~will be~~ **were** shown to you **as "demonstratives"** in order to help explain the facts and documents in evidence in the case.  However, such charts, summaries and materials are not in and of themselves ~~evidence or~~ proof of any facts ~~unless they are admitted into evidence~~.  If such materials ~~are not admitted into evidence, and~~ do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

**Other charts and summaries were admitted into evidence without limitation. You should consider these to be evidence without the limitation I just described.**

**All "demonstrative" charts, summaries, and graphics will be labeled as such.**

**Argument and Authority:**  Defendants propose that this instruction be updated to reflect the recent colloquy with the Court on demonstrative exhibits.  1/6/06 Trial Tr. at 9101–03, 9225–29; Bench Notes Regarding Demonstrative and Summary Evidence.

## INSTRUCTION NO. 2.4

### Evidence Regarding FBI Raid and Grand Jury Investigation

It is undisputed that the FBI and a federal grand jury investigated allegations of criminal misconduct by Rockwell at Rocky Flats. The fact that the FBI and grand jury conducted these investigations or investigated certain allegations does not prove that Rockwell committed any particular acts or wrongs at Rocky Flats. You may, however, consider evidence that was collected in the course of these investigations or was presented to the grand jury in determining whether, based on all of the evidence presented in this action, Rockwell acted, or failed to act, in a particular manner as relevant to the trespass and/or nuisance claims against it. In other words, it is up to you to decide what the evidence presented to you proves.

[Defendants have not previously submitted a jury instruction incorporating the revised language below.  Defendants propose this revised language in light of plaintiffs' "opening the door" to the jury's consideration of Rockwell's plea.]

## INSTRUCTION NO. 2.5

### Evidence Regarding Rockwell's Plea Agreement

You will hear evidence about the plea agreement between Rockwell and the United States in which Rockwell pled guilty to certain environmental crimes at Rocky Flats.  The plea agreement is evidence that Rockwell admitted guilt for the conduct specifically set forth in the plea agreement.  This means Rockwell admitted it committed the acts to which it pled guilty, and that no further evidence is required to establish that these acts occurred.

~~You should not consider the plea agreement or its content, however, or the fact that Rockwell did not plead guilty to additional crimes and that the government did not seek to prosecute Rockwell for any other crimes, in determining whether Rockwell committed any particular conduct at Rocky Flats in addition to the misconduct to which it pled guilty.~~  You should make your determination regarding Rockwell's other alleged conduct based solely on the other evidence presented at this trial.

**Argument and Authority:**  Plaintiffs have opened the door upon, and the jury is now permitted to consider, the fact that additional misconduct was not pursued by the prosecution.  Norton testimony, 12/14/05 Trial Tr. at 7954–56 ("A principle of the plea agreement was that it would include the most serious environmental crimes we found.");

7958 (testifying that he pursued and charged every serious criminal charge that he thought could be proven); 7988 ("There were no serious environmental charges that were not pursued to my knowledge.").

**INSTRUCTION NO. 2.6**

Evidence Regarding Other Civil Lawsuits

You should not consider the fact that either Rockwell or Dow has been involved in other civil lawsuits for the purpose of determining whether Rockwell or Dow engaged in any of the conduct alleged by the class members in this lawsuit. You should make your determinations based solely on the evidence presented at this trial.

36

[The underlying legal principle of the revised language of this instruction was incorporated in Defs.' Proposed Limiting Instruction No. 8 (Evidence of Media Coverage Not Evidence of Liability) and Supplemental Damages Instruction No. 2 (Stigma) filed Sept. 23, 2005, and in Defs.' Proposed Instruction Regarding Stigma filed Dec. 7, 2005.]

## INSTRUCTION NO. 2.7

### Evidence of Media Coverage

You will hear evidence of media coverage relating to Dow and Rockwell and their operations at Rocky Flats. Such evidence of media coverage does not establish the accuracy of any statements made by the media. Evidence of media coverage is relevant, ~~however, to public perceptions that may have influenced the market values of properties in the Class Area~~ **only to the extent you find that it was accurate and the real estate market values reflected the facts that were accurately reported**.

**Argument and Authority:**  In light of the voluminous amount of media coverage with which the plaintiffs have inundated the jury, this instruction is necessary to guide the jury in their consideration of this evidence. Because the relevant measure of damages is "but for" Defendants' wrongful conduct (*see* Instruction 3.22), media coverage is relevant only to the extent that it accurately reports this wrongful conduct and where such coverage is reflected in market values.

# Section 3

## Substantive Instructions

[The underlying legal principle of the revised language of this instruction was incorporated in Defs.' Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless Liability to Each Class Member) filed Sept. 23, 2005.]

## INSTRUCTION NO. 3.1

### Introduction to Plaintiffs' Claims

Plaintiffs assert two claims in this action on behalf of themselves and the Class members.  The first is for trespass and the second is for nuisance.  Both claims are asserted against both Dow and Rockwell.  It is your responsibility to consider and decide each of these claims separately against Dow and Rockwell.

**Both claims are asserted by the Class as a whole and for no other claimant. Thus, you are not to consider the claims of any individual who is not a member of the Class, nor claims that are not being presented as class claims (that is, individual claims that are not class claims).  Nor are you to find liability based upon any claims that you find have not been proven for the Class as a whole.  If you find that any claim has not been proven for the Class as a whole, you must find against the Class on that claim.**

I will now instruct you about ~~these~~the class claims and what you must consider in deciding each one.  When the instructions I am about to give you apply to more than one claim, I will tell you that.  At the end of my instructions on Plaintiffs' two claims, I will talk to you about determination of damages, which applies to both claims.

39

**Argument and Authority:**  This is a class trial and no individual claims are being tried.  *See*, *e.g.*, 5/17/04 Order at 3.  If plaintiffs do not prove a claim for the class as a whole, then no class member may recover on that claim.  *See*, *e.g.*, 28 U.S.C. § 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right" of any litigant); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

[The underlying legal principle of the revised language of this instruction was incorporated in Defs.' Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless Liability to Each Class Member) filed Sept. 23, 2005.]

## INSTRUCTION NO. 3.2

Trespass Claim

<u>Elements of the Claim of Trespass</u>

The tort of trespass protects a landowner's right to exclusive possession and control of his property, which includes the right to keep the property free from contamination deposited there by others without the landowner's consent.

In this case, Plaintiffs and Defendants have stipulated that Plaintiffs and other Class members owned property in the Class Area as of June 7, 1989.  I will sometimes refer to these properties collectively as the "Class Properties."  Plaintiffs and Defendants have also stipulated that Plaintiffs and the other Class members do not consent to plutonium being on their properties.

Given these stipulations, in order for the Plaintiffs and the other Class members to recover from either Dow or Rockwell or both of them on their claim of trespass, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.      Plutonium from Rocky Flats is present on the Class Properties (see Instruction No. 3.3).

2.      Dow or Rockwell or both of them intentionally undertook an activity or

activities that in the usual course of events caused plutonium from Rocky

Flats to be present on **all of** the Class Properties (see Instruction No. 3.18).

3.      It appears this ~~plutonium~~ **trespass** will continue ~~to be present~~ on **all of** the

Class Properties indefinitely (see Instruction No. 3.4).

You must consider whether the Plaintiffs have proved each of these elements

against each Defendant **and for the Class as a whole**.  **You must determine that all of**

**these elements are present based upon all of the evidence that you've heard at trial.**

If you find that an element has not been proved **for the Class as a whole** as to a

particular Defendant, then your verdict on the trespass claim must be for that Defendant.

On the other hand, if you find Plaintiffs have proved all three elements **for the Class as a**

**whole** as to a particular Defendant, then your verdict must be for Plaintiffs and against

that Defendant.


**Argument and Authority:**  This is a class trial and no individual claims are

being tried.  *See, e.g.,* 5/17/04 Order.  If plaintiffs do not prove a claim for the class as a

whole, then no class member may recover on that claim.  *See, e.g.,* 28 U.S.C. § 2072

(class action device cannot be used to "abridge, enlarge or modify any substantive right"

of any litigant); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Products*

*Inc. v. Windsor*, 521 U.S. 591, 613 (1997).


42

[The revised language and underlying legal principle of this instruction was incorporated in Defs.' Proposed Supplemental Trespass Instruction No. 1 (Significance of Invasion) filed Sept. 23, 2005.]

## INSTRUCTION NO. 3.3

Trespass Claim

First Element:  Presence of Plutonium

The first element of the trespass claim requires that Plaintiffs prove that plutonium is present on **all of** the Class Properties **in amounts that are enough to impose a significant physical impact on the property or its users**.  To prove this element, Plaintiffs are not required to show that plutonium is present on the Class Properties at any **specified** level or concentration, **or** that they suffered any bodily harm because of the plutonium ~~or that the presence of plutonium on the Class Properties damages these properties in some other way~~.

**Argument and Authority:**  Under Colorado Supreme Court precedent, plaintiffs must demonstrate either (1) that the trespass was tangible; or (2) that the trespass caused serious and substantial physical damage.  *See Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 389 (Colo. 2001) ("[A]n intangible intrusion may give rise to a claim for trespass, but only if an aggrieved party is able to prove physical damage to the property owner caused by such intangible intrusions . . . .  Moreover, a property owner forced to prove damages will be further limited to seeking redress in cases of serious or substantial invasions."); 11/03/05 Trial Tr. 4039-40 (Smallwood) ("[T]he different particle -- particles would it be

43

correct -- you know, you're an ecologist, would it be correct that these particles are completely -- you can't see them, you can't touch them by any ordinary means, they're completely intangible, correct?  A.  Well, I think that our normal sensory perception cannot perceive them.  Q.  Right.  A.  Right.  Q.  You would agree with that, by any stretch of the common sense word 'intangible,' they're intangible, right? A.  Yes."); 12/15/05 Trial Tr. 8341 (Till) ("Q.  Well, is it fair to say, that to the people living off-site of Rocky Flats they couldn't see, feel, taste, hear or smell when they would be exposed to radiation?  A.  That's correct, you cannot see, feel, or smell radiation, that's correct.").

[Defendants have not previously submitted an instruction incorporating the revised language below or its underlying legal principles, but do so now in light of plaintiffs' failure to produce evidence supporting a finding of continuing trespass.]

## INSTRUCTION NO. 3.4

Trespass Claim

Third Element:  Continuing Trespass

In deciding the third element of Plaintiffs' trespass claim, which is whether it appears that ~~plutonium~~ **the trespass** will continue ~~to be present~~ on Class Properties indefinitely**, you must determine whether Plaintiffs have proved each of the following by a preponderance of the evidence:**

> **1.** **Dow and Rockwell continue to intentionally undertake an activity or activities at the Rocky Flats plant.**

> **2.** **Such activities will continue to cause plutonium from Rocky Flats to be present on all of the Class Properties indefinitely.**

**In deciding whether the second requirement has been met**, it is not necessary for you to find that the plutonium will be there forever.  Instead, in deciding this element, you should consider whether ~~there is any reason to expect that the~~**any** plutonium present on **all** Class Properties **either has been or** will be removed ~~at any definite time~~ in the future.  If you find there is no reason to expect it will be removed **from any Class Property** ~~by a definite time~~**within the reasonably foreseeable future**, then you must find it appears that plutonium will continue to be present on **all of** the Class Properties indefinitely.

**Argument and Authority:**  In order for the damages measure of Section 930 of the Restatement to apply, the trespass must be "continuing."  Restatement (Second) of Torts § 930.  In order for the trespass to be "continuing" within the meaning of Section 930, the following conditions must be met:  (1) the defendant's operational activities which give rise to the trespass must be continuing; (2) the defendant's intent to cause a class-wide trespass must be continuing; and (3) the plutonium contamination resulting from the trespass must be continuing.  *See* Restatement (Second) of Torts Section 930 ("(1) If one causes continuing or recurrent tortious invasions on the land of another ***by the maintenance of a structure or acts or operations not on the land of the other*** . . .") (emphasis added); Restatement (Second) of Torts Section 930, cmt. d ("Manifestly, this element of depreciation is distinct from the loss in value brought by the actual effects of past invasions (see Comment on § 929) such as damage by floods to the soil's fertility."); Restatement (Second) of Torts Section 929, cmt. a (Section 929 (and not Section 930) applies where "future losses are ***not contingent upon the continuance in the future of the defendant's wrongdoing***, and hence the result follows regardless of whether the owner can recover in advance for the prospective harm of future operations of the cement plant. This is a distinct question that is dealt with in § 930") (emphasis added).

[Defendants have not previously submitted an instruction incorporating the revised language below or its underlying legal principle, but do so now in light of plaintiffs' failure to produce evidence supporting a finding of continuing trespass.]

## INSTRUCTION NO. 3.5

Trespass Claim

Matters That Are Not Relevant to Deciding the Trespass Claim

~~A trespass may exist even though the conduct that originally caused the invasion of the plaintiff's land has ceased.  Accordingly, in considering whether Plaintiffs have proved the elements of their trespass claim as stated in Instruction No. 3.2, it is irrelevant that Dow and/or Rockwell ceased any such activities before Plaintiffs brought this suit or that the Rocky Flats plant itself is now shut down.~~

That Plaintiffs or Class members knew or could have known that plutonium was present on their properties when they purchased them is ~~also~~ irrelevant to determining whether Dow or Rockwell are liable for trespass as stated in Instruction No. 3.2.

You should not consider these irrelevant matters in determining **liability for** the trespass claim.

**Argument and Authority:**  It is incorrect to instruct the jury that defendants' operations need not be ongoing in order for plaintiffs to prove their trespass claims here. Rather, in order for the damages measure of Section 930 of the Restatement to apply, the trespass must be "continuing."  Restatement (Second) of Torts § 930.  In order for the trespass to be "continuing" within the meaning of Section 930, the defendant's operations

47

must be ongoing, and those ongoing operations must cause "continuing or recurrent invasions on the land of another." *See* Restatement (Second) of Torts § 930 ("(1) If one causes continuing or recurrent tortious invasions on the land of another ***by the maintenance of a structure or acts or operations not on the land of the other* . . .**") (emphasis added); Restatement (Second) of Torts § 930, cmt. d ("Manifestly, this element of depreciation is distinct from the loss in value brought by the actual effects of past invasions (see Comment on § 929) such as damage by floods to the soil's fertility."); Restatement (Second) of Torts § 929, cmt. a (Section 929 (and not Section 930) applies where "future losses are ***not contingent upon the continuance in the future of the defendant's wrongdoing***, and hence the result follows regardless of whether the owner can recover in advance for the prospective harm of future operations of the cement plant. This is a distinct question that is dealt with in § 930") (emphasis added).

[The underlying legal principle regarding class-wide proof was incorporated in Defs.' Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless Liability to Each Class Member) filed Sept. 23, 2005.  Defendants have not previously submitted an instruction incorporating the revised language regarding substantially increased health risk, but proposed the revised language in response to the preliminary instruction's reference to "some" risk and in light of plaintiffs' failure to produce sufficient evidence to prove a substantially increased health risk.  Defendants have not previously submitted an instruction incorporating the revised language regarding future risk because defendants assumed the position that future risk was not an appropriate basis for a nuisance claim and in light of plaintiffs' failure to produce sufficient evidence to allow a finding of future risk.]

## INSTRUCTION NO. 3.6

Nuisance Claim

Elements of the Nuisance Claim

Plaintiffs claim that Defendants, through their operation of the Rocky Flats plant, caused a nuisance.  In order for the Plaintiff Class to recover from either Dow or Rockwell or both of them on their claim of nuisance, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence **for the Class as a whole**:

1.    Dow or Rockwell or both of them interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these two ways:

A.    By causing Class members to be exposed to plutonium and placing them at ~~some~~**a substantially** increased risk of health problems as a result of this exposure (see Instruction Nos. 3.7, 3.18); and/or

B.    By causing objective conditions that ~~pose a demonstrable~~**make it more likely than not that the Class area will be placed at a substantially increased health** risk ~~of~~**in the** future ~~harm to the Class Area~~ **by the continuing operation of the Rocky Flats plant** (see Instruction Nos. 3.7, 3.18);

2.    This interference with Class members' use and enjoyment of their properties was both "unreasonable" and "substantial" (see Instruction Nos. 3.8 - 3.12);

3.    The activity or activities causing the unreasonable and substantial interference were either "intentional" or "negligent" (see Instruction Nos. 3.13 - 3.16); and

4.    It appears unreasonable and substantial interference with the use and enjoyment of property caused by Dow and/or Rockwell's intentional or negligent conduct will continue indefinitely (see Instruction No. 3.17).

You must consider whether the Plaintiffs have proved these elements against each Defendant. **You must determine that all of these elements are present based upon all of the evidence that you've heard at trial.** If you find that any one of these elements has not been proved **for the Class as a whole** as to a particular Defendant, then your verdict on the nuisance claim must be for that Defendant. On the other hand, if you find Plaintiffs have proved each of these elements **for the Class as a whole** as to a particular Defendant, then your verdict on the nuisance claim must be for Plaintiffs and against that Defendant.

50

**Argument and Authority:**

Class-wide Proof:  This is a trial of the class claim and no individual claims are being tried.  *See, e.g.,* 5/17/04 Order, at 3.  If plaintiffs do not prove a claim for the class as a whole, then no class member may recover on that claim.  *See, e.g.,* 28 U.S.C. § 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right" of any litigant); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

Substantially Increased Health Risk:  To prevail on their nuisance claims, plaintiffs must prove that defendants' conduct caused a ***substantial and unreasonable*** interference with all of the class members' use and enjoyment of their properties.  *See Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 395 (Colo. 2001).  Thus, to establish an interference with class members' use and enjoyment based on health risk, plaintiffs must prove that any health risk created by defendants' conduct was substantial. To demonstrate a risk of future harm, plaintiffs must also demonstrate harm in the form of a substantially increased health risk; they have no proof of any risk of future harm other than risk to health.  *See* Pls.' mini-summation, 1/6/06 Trial Tr. at 9264–65 (discussing future risk to the class area only in the form of a health risk).

More Likely Than Not:  Defendants have repeatedly argued that plaintiffs may not recover based on a future risk.  The Court has rejected defendants' position on this issue.  However, if plaintiffs are allowed to recover based on a future risk, than the standard under Colorado law must be whether the risk is "more likely than not" to materialize – not whether there is a "potential" for the risk to occur.  *Boryla v. Pash*, 937

51

P.2d 813, 816-17 (Colo. Ct. App. 1996), ("[the plaintiff] cannot recover damages for an increased risk of cancer recurrence because she failed to prove to a reasonable medical probability that the future harm was more likely than not to occur"), *rev'd on other grounds*, 960 P.2d 123 (Colo. 1998); *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 801 (Cal. 1993) ("[A] plaintiff should be allowed to recover without having to show knowledge that it is more likely than not that the feared cancer will occur"); *see also Boryla*, 937 P.2d at 128-29 (policy rationales announced in *Potter* are "relevant in a toxic tort case").