[Defendants have not previously submitted an instruction incorporating the revised language regarding substantially increased health risk, but propose the revised language in response to the preliminary instruction's reference to "some" risk and in light of plaintiffs' failure to produce sufficient evidence to prove a substantially increased health risk.  Defendants have not previously submitted an instruction incorporating the revised language regarding future risk because defendants assumed the position that future risk was not an appropriate basis for a nuisance claim and in light of plaintiffs' failure to produce sufficient evidence to allow a finding of future risk.]

**INSTRUCTION NO. 3.7**

Nuisance Claim

<u>First Element:  Interference with Use and Enjoyment of Property</u>

The purpose of a nuisance claim is to protect a landowner's right to use and enjoy his property.  Although there are countless ways that a person or company can interfere with this right, for purposes of deciding the first element of the Plaintiff Class' nuisance claim, you may only consider the two possible forms of interference with Class members' use and enjoyment of their property that I stated in Instruction No. 3.6 and will describe further here.

The first possible form of class-wide interference is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by causing Class members to be exposed to plutonium and placing them at ~~some~~ **a substantially** increased risk of health problems as a result of this exposure.  To find that Plaintiffs proved this form of interference, you do not need to find

that all Class members were exposed to plutonium at the same time or by the same methods or to the same degree or that they all incurred the same level of health risk as a result of exposure to plutonium.  It is enough to find for purposes of this form of interference with use and enjoyment of property that all Class members were exposed to plutonium in some way as a result of one or both Defendants' activities and that all ~~incurred some increment of~~**Class members were placed at a substantially** increased health risk as a result.

The second possible form of interference you must consider in deciding this first element of the Plaintiff Class' nuisance claim is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by creating objective conditions that ~~pose a demonstrable risk of future harm to the Class Area.  For example~~**make it more likely than not that the Class Area will be exposed to plutonium in the future and will be placed at a substantially increased health risk by the continuing operation of the Rocky Flats plant as a result.  More specifically**, if **you find that** plutonium ~~or other hazardous substances~~ present on or in the vicinity of Rocky Flats ~~is at risk of being~~**will more likely than not be** released to the Class Area ~~through natural forces, cleanup activity, the conduct of others and/or accidents   and could cause harm to properties in the Class Area by increasing the health risk to residents or impairing the future use of their land in some way, then this would be an objective condition that poses a demonstrable risk of future harm to the Class Area~~**as a result of one or both of Defendants' activities at the Rocky Flats plant, then you**

**must determine whether such future releases would place the Class Area at a**

**substantially increased health risk**.

In order for you to find interference based on the threat or risk of future harm, you

also need not find that the future harm *will* occur and affect the whole of the Class Area.

You need only find that conditions exist that ~~present the~~ *~~potential~~ ~~for~~***make it more likely**

**than not that** such class-wide harm ~~to~~**will** occur.

In deciding whether either or both forms of possible class-wide interference

exists, you should not consider whether individual Plaintiffs or Class members are or

might be fearful, anxious or otherwise disturbed by any real or perceived risks relating to

Rocky Flats and the Defendants' activities there or the conditions they left behind.

Individual reactions to these matters are not relevant to the question of whether a class-

wide interference exists.

You also should not consider in deciding this element of the nuisance claim

whether Defendants' activities caused any decrease in the value of Class members'

properties.  The law does not consider a decrease in property value to be an interference

with the use and enjoyment of property.

If you find that Plaintiffs have proved either Dow or Rockwell or both of them

interfered with Class members' use and enjoyment of property in one or both of the ways

I described in Instruction No. 3.6 and in this instruction, then you must find that Plaintiffs

have proved the first element of their nuisance claim with respect to the Defendant or

Defendants who caused or contributed to the proven interference.  If, however, you find

that neither Defendant interfered with Class members' use and enjoyment of property in

at least one of these ways, then you must find Plaintiffs have not proved this element of their nuisance claim against either Defendant.

### Argument and Authority:

Substantially Increased Health Risk:  To prevail on their nuisance claims, plaintiffs must prove that defendants' conduct caused a ***substantial and unreasonable*** interference with all of the class members' use and enjoyment of their properties.  *See Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 395 (Colo. 2001).  Thus, to establish an interference with class members' use and enjoyment based on health risk, plaintiffs must prove that any health risk created by defendants' conduct was substantial. To demonstrate a risk of future harm, plaintiffs must also demonstrate harm in the form of a substantially increased health risk; they have no proof of any risk of future harm other than risk to health.  *See* Pls.' mini-summation, 1/6/06 Trial Tr. at 9264–65 (discussing future risk to the class area only in the form of a health risk); *see also* 5/17/05 Order at 6 (discussing future harm in the form of "explosion or additional releases of plutonium or other hazardous substances ***with accompanying health risk***" and "existing contamination on-site and off-site that may be released or remobilized in some fashion that would result in human exposure ***and increased health risk***") (emphasis added).

More Likely Than Not:  Defendants have repeatedly argued that plaintiffs may not recover based on a future risk.  The Court has rejected defendants' position on this issue.  However, if plaintiffs are allowed to recover based on a future risk, than the standard under Colorado law must be whether the risk is "more likely than not" to

materialize – not whether there is a "potential" for the risk to occur. *Boryla v. Pash*, 937 P.2d 813, 816-17 (Colo. Ct. App. 1996), ("[the plaintiff] cannot recover damages for an increased risk of cancer recurrence because she failed to prove to a reasonable medical probability that the future harm was more likely than not to occur"), *rev'd on other grounds*, 960 P.2d 123 (Colo. 1998); *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 801 (Cal. 1993) ("[A] plaintiff should be allowed to recover without having to show knowledge that it is more likely than not that the feared cancer will occur"); *see also Boryla*, 937 P.2d at 128-29 (policy rationales announced in *Potter* are "relevant in a toxic tort case").

[The underlying legal principle regarding class-wide proof was incorporated in Defs.' Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless Liability to Each Class Member) filed Sept. 23, 2005.]

## INSTRUCTION NO. 3.8

Nuisance Claim

Second Element: "Substantial" and "Unreasonable" Interference - Introduction

Practically all human activities interfere to some extent with other people or involve some risk of interference.  One such possible interference is with another person's right to use and enjoy his property.  The law of nuisance does not attempt to hold an actor liable for all interferences with this right, but rather only for those interferences that are both "substantial" and "unreasonable."  That is why this is an element of Plaintiffs' nuisance claim.  The definitions of these terms are set out in Instruction Nos. 3.9 and 3.10.

In deciding whether Plaintiffs have proven that the interference they claim is substantial and unreasonable, you may only consider any interference with **Class** members' use and enjoyment of property you find based on Instruction Nos. 3.6 and 3.7.  Thus, if you find Plaintiffs proved that Dow and/or Rockwell interfered with Class members' use and enjoyment of property in only one of the ways stated in these instructions, you may only consider this proven form of interference in deciding whether Plaintiffs have proved a substantial and unreasonable interference.  If, however, you find Plaintiffs proved that Dow and/or Rockwell interfered with **all** Class members' use and enjoyment of property in both of the ways stated in these instructions, you should

58

consider these two forms of interference together to decide whether the total interference caused by each Defendant was substantial and unreasonable.

**Argument and Authority**:  This is a trial of the class claim and no individual claims are being tried.  *See, e.g.,* 5/17/04 Order, at 3.  If plaintiffs do not prove a claim for the class as a whole, then no class member may recover on that claim.  *See, e.g.,* 28 U.S.C. § 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right" of any litigant); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

[The revised language regarding the definition of "substantial" was incorporated in Defs.' Proposed Nuisance Instruction No. 8 (Definition of "Substantial and Unreasonable" – Both Normal Person and Particular Plaintiff) filed Aug. 6, 2004. Defendants have not previously submitted an instruction incorporating the remainder of the revised language regarding substantially increased health risk, but propose the revised language to clarify the preliminary instructions and in light of plaintiffs' failure to produce sufficient evidence to prove a substantial class-wide nuisance.]

### INSTRUCTION NO. 3.9

Nuisance Claim

Second Element:  "Substantial" Interference - Defined

An interference with a person's right to use and enjoy their land is "substantial" if the interference is significant enough that a normal person in the community would find it **definitely** offensive, **seriously** annoying, or ~~inconvenient~~**intolerable**.  In this case, that means you must determine whether a reasonable landowner of normal sensibilities would find the proven interference caused by Dow or Rockwell to be offensive, annoying or inconvenient.  "Normal sensibilities" for these purposes means a person who is neither unusually sensitive nor unusually insensitive to the interference you are considering.

**In deciding whether any interference proven by Plaintiffs is substantial under this test, you must consider only harm that is common to the Class as a whole, and not any more severe harm that may have been suffered by some Class members but not by others.**

In deciding whether any interference proven by Plaintiffs is substantial under this test, evidence that the value of Class members' properties has diminished because of this interference is evidence that the interference is substantial. This is so because normal members of the community are part of the market that determines the value of properties, and if they consider an interference with the use and enjoyment of these properties to be offensive, annoying or inconvenient, they may place a lower value on the property than they would if the interference did not exist. Evidence that Class Properties have a lower value because of any proven interference is not necessary, however, for you to find that the interference is substantial under the test I just described to you.

**Argument and Authority:**

Definitely Offensive, Seriously Annoying, Or Intolerable: In order to give rise to liability, an interference must be far more than "offensive, annoying, or inconvenient." Instead, as this Court recognized in *Cook IX*, the interference must be "definitely offensive, seriously annoying, or intolerable." *Cook v. Rockwell Int'l Corp.*, 273 F.Supp.2d 1175, 1203-04 (D. Colo. 2003). As the Court explained: "Section 821F of the Restatement and its supporting commentary, relied upon by the Colorado Supreme Court in Van Wyk, states that a significant invasion of another's interest in the use and enjoyment of property exists '[i]f normal persons living in the community would regard the invasion in question as definitely offensive, seriously annoying or intolerable." *Cook v. Rockwell Int'l Corp.*, 273 F.Supp.2d 1175, 1203-04 (D. Colo. 2003).

61

<u>May Not Consider Any More Severe Harm Than That Suffered by Some Class</u>

<u>Members But Not By Others</u>:  The only claim in this trial is a class claim.  That class

claim must be based on evidence that is ***common*** to the class.  *See* May 17, 2005 Order,

at 4. (citing *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 344-45

(4th Cir. 1998)).  Accordingly, in determining whether any alleged interference is

substantial, the jury may only consider the "least common denominator" of harm suffered

by class members; the jury may not consider any more severe harm than that suffered by

some class members but not by others.  *See, e.g.*, 28 U.S.C. § 2072 (class action device

cannot be used to "abridge, enlarge or modify any substantive right" of any litigant);

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Prods. Inc. v. Windsor*,

521 U.S. 591, 613 (1997).  This requirement is already set forth in the Court's instruction

for what constitutes an "unreasonable" interference (*see* Instruction No. 3.11), and should

likewise be set forth in the instruction for what constitutes a "substantial" interference.

[Defendants have not previously submitted an instruction incorporating the revised language because the revision below merely proposes removing language from the preliminary instruction.]

### INSTRUCTION NO. 3.10

Nuisance Claim

Second Element: "Unreasonable" Interference - Balancing Test

In an action for damages, such as this case, an interference with a person's right to use and enjoy their land is "unreasonable" if the gravity of the harm outweighs the utility of the conduct that caused it. Accordingly, to determine whether a proven interference is unreasonable in this case, you must consider and balance the gravity of the harm to Class members against the utility of the Dow and Rockwell's conduct at Rocky Flats and determine whether the gravity of this harm outweighs the utility of this conduct.

I will tell you more about this balancing test in my next instructions, but I want to caution you now that it does not mean that Dow and Rockwell can interfere with Class members' use and enjoyment of their properties as long as their activities at Rocky Flats served an important purpose or these activities are deemed more valuable or profitable than Class members' use of their land. Instead, you must consider a number of factors as part of the balancing test to decide whether any interference Defendants caused was unreasonable. I will describe those factors for you in a moment. (See Instruction Nos. 3.11 and 3.12.)

In considering these factors and deciding whether any interference by Dow or Rockwell was unreasonable, you must also use an objective perspective. In other words,

the question is now how Plaintiffs, Class members or the Defendants would consider the gravity of the harm or the utility of Defendants' conduct, or the judgment they would make about whether any proven interference is unreasonable.  Instead, the question is whether reasonable persons generally, looking at the whole situation impartially and objectively, would consider the interference to be unreasonable.

**Argument and Authority:**

The second paragraph of this instruction is unnecessary argument.  The jury should be informed of the balancing test that applies under Colorado law for determining whether an interference is "unreasonable."   There is no reason to inform the jury what the balancing test is not.

[Defendants have not previously submitted an instruction incorporating the revised language because the revision below is a minor change to the preliminary instruction.]

**INSTRUCTION NO. 3.11**

Nuisance Claim

<u>Second Element:  Unreasonable Interference:  Factors Regarding Gravity of the Harm</u>

The gravity of the harm refers to the gravity of the proven interference with Class members' use and enjoyment of their property.  The factors you should consider in assessing the gravity of this harm are:

1.      <u>The extent of the harm involved</u>.

The extent of the harm depends on both the degree of the harm and its duration.  You can consider both harm that has actually been incurred and the risk of future harm.  In assessing the extent of the harm, you must also consider only harm that is common to the Class as a whole, and not any more severe harm that may have been suffered by some Class members but not by others.

2.      <u>The character of the harm involved</u>.

This factor refers to the kind of harm**, if any,** suffered by the Class members.

3.      <u>The social value of the type of use or enjoyment of property that has been harmed</u>.

This factor considers the social value of the use to which the Class

members' lands are being put.  The social value of a particular type of use depends on the extent to which the use or uses advances or protects the general public good.

4.      The suitability of the particular use or enjoyment harmed to the character of the locality.

This factor considers whether the particular use or enjoyment the Class members make of their land in the Class Area is suitable to this area.

5.      The burden on the Class members of avoiding the harm.

This factor is considered when it is possible for the landowner to take some action to avoid the harm.


**Argument and Authority:**  The change to the second paragraph of this instruction (to add the words "if any") is designed to account for the possibility that class members have suffered no harm.

[Defendants have not previously submitted an instruction incorporating the revised language because defendants' position was that the jury need not be instructed regarding the underlying legal principles below.  Defendants maintain that position but also propose changes as set forth below.]

## INSTRUCTION NO. 3.12

### Nuisance Claim

Second Element:  Unreasonable Interference:  Factors Regarding Utility of the Conduct

There are also certain factors you must consider in assessing the utility of the conduct that caused the harm, that is, the proven interference, **if any**.  Some of these factors focus directly on the conduct causing the harm, while other factors focus on any actions Dow or Rockwell have taken to avoid or compensate others for any interference they caused.

The factors focusing on the conduct causing the harm include:

1.  The social value of the primary purpose of this conduct.

It is undisputed that the primary purpose of the conduct that allegedly interfered with Class members' right to use and enjoy their properties was to manufacture nuclear weapons components.  The social value of this purpose depends on the extent to which it advanced or protected the general public good.  The parties agree that the manufacture of nuclear weapons at Rocky Flats, as a general matter, advanced the public good by protecting national security.

2.      <u>The suitability of the conduct to the character of the locality.</u>

This factor considers whether the **primary purpose of** Defendants' conduct ~~is~~ **- the manufacture of nuclear weapons components - was** suitable to the area in which it occurred.

In evaluating the utility of the conduct causing the harm, you must also consider whether ~~and to what extent the actor causing the harm took steps to address the consequences of its conduct. Thus, you must~~ **Dow or Rockwell knew that their conduct would cause interference with all Class members' use and enjoyment of their land. If you find that Dow or Rockwell or both knew that their conduct would cause an interference with all Class members' use and enjoyment of their land, then you should** consider the following factors focusing on any actions Dow or Rockwell **could** have taken to avoid or compensate others for any interference they caused~~:~~**. If you determine that Dow or Rockwell did not know that their conduct would cause interference with all Class members' use and enjoyment of their land, then you should not consider these third and fourth factors.**

3.      <u>The impracticality of preventing or avoiding the interference.</u>

If **you determine that Dow or Rockwell knew that their conduct would cause interference with all Class members' use and enjoyment of their land, then you must determine whether** it was practicable for Dow or Rockwell to avoid causing any interference with Class members' use and enjoyment of property~~, and they did not take the necessary measures to do so, then the law considers their conduct to have no utility, regardless of its~~

68

~~social value~~. Any interference caused by Dow and~~/or~~ Rockwell was practically avoidable if **Dow and Rockwell** by ~~some means the company~~**means consistent with their obligations to the Department of Energy** could have substantially reduced the harm **to Class members** without incurring prohibitive expense or hardship in ~~its~~**their** operation of Rocky Flats. ~~If you find it was practicable for Dow or Rockwell to avoid any harm they caused under this test, then you must find the gravity of the harm outweighed the utility of Dow or Rockwell's conduct, and that any interference proved by Plaintiffs was unreasonable~~**But if it would have been necessary to cease the operation of the Rocky Flats Plant in order to avoid all harm to the Class members, the invasion was not practicably avoidable**.

4.   The financial burden to compensate others for any ~~interference~~**serious harm** caused by Dow and/or Rockwell's activities.

~~A nuisance action for damages seeks to place the financial burden for any interference with the use and enjoyment of property on the actor that caused this harm. The financial burden of this cost is therefore a significant factor in determining whether the conduct of causing the harm without paying or it is unreasonable. You may find that Dow or Rockwell's conduct lacks sufficient utility to outweigh any interference it caused if you find it would be unreasonable for Class members to bear this cost without compensation.~~**If you find that Dow and/or Rockwell's**

**activities are continuing to cause a substantially increased risk of health risk to all Class members, then you should consider whether it is reasonable for Dow and/or Rockwell to bear the financial burden of any such harm.**

**Argument and Authority**:

Addition of words "if any":  The change to the second paragraph of this instruction (to add the words "if any") is designed to account for the possibility that class members have suffered no harm.

Primary purpose:  Restatement Section 828 looks to the "primary purpose" of defendants' conduct in assessing the utility of that conduct. Accordingly, in determining the "suitability of the conduct to the character of the locality in which it occurred," it is also necessary to focus upon the "primary purpose" of the conduct.

Changes to "the practicality of avoiding or preventing the interference":  As Restatement Section 828 makes clear, this factor applies only if the defendant's conduct was intentional.  Restatement Section 828, cmt. h ("h. Impracticability of preventing or avoiding the invasion. *When a person knows that his conduct will interfere with another's use or enjoyment of land* and it would be practicable for him to prevent or avoid part or all of the interference and still achieve his purpose, his conduct lacks utility if he fails to take the necessary measures to avoid it.") (emphasis added).  The instruction has been modified accordingly.

"But if it would have been necessary to cease the operation of the Rocky Flats

Plant in order to avoid all harm to the class members": This change is based on comment

h to Restatement Section 828: "But if he would have to abandon his activity or incur

expense or hardship of such magnitude that it would be considerably less profitable to

continue, in order to reduce the harm materially, the invasion is not practicably

avoidable." Restatement § 828, cmt. h.

Changes to "the financial burden to compensate others": First, under the plain

language of Restatement Section 826, the jury should be instructed on "the financial

burden to compensate others" only if it first determines that the "harm" is "serious": "An

intentional invasion of another's interest in the use and enjoyment of land is unreasonable

if (a) the gravity of the harm outweighs the utility of the actor's conduct, or (b) the *harm*

*caused by the conduct is serious <u>and</u>* the financial burden of compensating for this and

similar harm to others would not make the continuation of the conduct not feasible."

Restatement (Second) of Torts § 826. Second, as set forth in the Restatement, this factor

("the financial burden to compensate others") applies only if the "invasion" is

"intentional." *Id.* Third, the test is not whether it is reasonable for the plaintiff to bear

the financial burden of the harm, but whether it is reasonable for the defendant to bear the

financial burden of the harm. Restatement (Second) of Torts § 826 cmt. f ("The extent of

the burden of compensating may also affect the determination of what persons can

recover.").

[Defendants have not previously submitted an instruction incorporating the revised language because the revision below merely proposes removing language from the preliminary instruction.]

## INSTRUCTION NO. 3.13

Nuisance Claim

Third Element:  "Intentional" or "Negligent" Conduct

As stated in Instruction No. 3.6, the third element Plaintiffs must prove to prevail on their nuisance claim is that the activity or activities causing the unreasonable and substantial interference were either "intentional" (see Instruction No. 3.14) or "negligent" (see Instruction No. 3.15).  Thus, Plaintiffs must do more than show that the existence of Rocky Flats interfered with Class members' use and enjoyment of their properties.  They must show that either Defendant or both of them engaged in intentional or negligent conduct at Rocky Flats that caused such an interference.

~~You do not need to find that all of the conduct that caused any substantial and unreasonable interference was intentional or that all of it was negligent in order to find that Plaintiffs proved this element of their nuisance claim.  Proof that Defendants specifically intended to cause a substantial and unreasonable interference resulted from a combination of intentional conduct and negligent conduct with all of the class members' use and enjoyment of their properties, or proof that Defendants' conduct was negligent, is sufficient~~necessary to prove this element.

**Argument and Authority**:

Under Colorado Supreme Court precedent, plaintiffs must prove either that defendants' conduct which allegedly gave rise to the substantial and unreasonable interference was intentional, or that defendants' conduct was negligent. *See Pub. Serv. Co. of Colorado v. Van Wyk*, 27 P.3d 377, 382 (Colo. 2001). Plaintiffs may not "mix and match" among different claims.

[The underlying legal principle regarding class-wide proof was incorporated in Defs.' Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless Liability to Each Class Member) filed Sept. 23, 2005.  Defendants have not previously submitted an instruction incorporating the rest of the revised language, but do so now in light of plaintiffs' failure to provide sufficient evidence of intentional conduct underlying a nuisance.]

## INSTRUCTION NO. 3.14

Nuisance Claim

Third Element:  Definition of "Intentional" Conduct

The conduct that results in an interference with another's use and enjoyment of property is considered "intentional" if it meets any of the following three tests:

(1)     The defendant knew that its conduct would interfere with ~~others~~**all of the Class members**' use and enjoyment of their property; or

(2)     The defendant knew it was substantially certain that its conduct would interfere with ~~others~~**all of the Class members**' use and enjoyment of their property; or

(3)     The defendant learned that its conduct was interfering with or was substantially certain to interfere with ~~others~~**all of the Class members**' use and enjoyment of their property and yet continued this conduct **without regard to the invasion interfering with the use and enjoyment of all of the Class members' property**.

**Argument and Authority:**

Class-wide Proof:  This is a trial of the class claim and no individual claims are being tried.  *See, e.g.,* 5/17/04 Order, at 3.  If plaintiffs do not prove a claim for the class as a whole, then no class member may recover on that claim.  *See, e.g.,* U.S.C. § 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right" of any litigant); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

"Without regard to the invasion":  This language comes directly from the Colorado Supreme Court's decision in *Van Wyk*, which defines what constitutes an "intentional" trespass.  *See Pub. Serv. Co. of Colorado v. Van Wyk*, 27 P.3d 377, 395 (Colo. 2001) ("[I]f a defendant, with notice that an invasion interfering with the use and enjoyment of the plaintiff's property has occurred, or is substantially certain to occur, continues his conduct ***without regard to the invasion interfering with the use and enjoyment of the plaintiff's property***, that defendant's conduct will be the proper basis for an intentional nuisance cause of action.") (emphasis added).

[The underlying legal principle regarding class-wide proof was incorporated in Defs.' Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless Liability to Each Class Member) filed Sept. 23, 2005.  Defendants have not previously submitted an instruction incorporating the rest of the revised language because defendants' original position was that the standard of care incorporated into the instruction is not correct.]

## INSTRUCTION NO. 3.15

Nuisance Claim

### Third Element:  Definition of "Negligent" Conduct

The generation, use, storage, and disposal of plutonium and other hazardous radioactive and non-radioactive substances as part of the operation of a nuclear weapons plant are inherently dangerous activities.  As a result, **if Dow and Rockwell could foresee that their activities would substantially and unreasonably interfere with all Class members' use and enjoyment of their properties, then** Dow and Rockwell were required to exercise the highest ~~possible~~**practicable** degree of skill, care, diligence, and foresight **(consistent with their obligations to the Department of Energy)** in conducting these activities, according to the best technical, mechanical, and scientific knowledge and methods that were practical and available at the time.  If either Dow or Rockwell or both of them did not fulfill this duty when they performed any activities that ~~caused or contributed to~~**they could foresee would cause** a substantial and unreasonable interference **with all Class members' use and enjoyment of their properties** (as defined in these instructions), then their conduct was negligent.

**Argument and Authority:**

Foreseeability:  Foreseeability is a requirement for claims based on the

"heightened standard of care" for "inherently dangerous activities."  *Walcott v. Total*

*Petroleum, Inc.*, 964 P.2d 609, 612 (Colo. App. 1998) ("We therefore conclude that,

whether analyzed under the rubric of duty or proximate cause, the risk that a purchaser

would intentionally throw gasoline on a victim and set the victim on fire was not

reasonably foreseeable. . . . The same result obtains even assuming, without deciding,

that Total was subject to the heightened standard of care the supreme court prescribed in

*Huddleston v. Union Rural Electric Ass'n*, 841 P.2d 282 (Colo.1992), for inherently

dangerous activities.")

Consistent with Their Obligations to the Department of Energy:  The

uncontroverted evidence presented at trial has established that defendants Dow or

Rockwell were required to act in a manner consistent with their obligations to the

Department of Energy.  The jury instructions should not suggest that Dow or Rockwell

may be held liable for nuisance even if they were acting in accordance with those

obligations.

Highest Practicable Degree of Skill, Care, Diligence, and Foresight:  The law

does not permit defendants to be held to the highest "possible" degree of skill, care,

diligence, and foresight.  *Any* degree of care is "possible," and it is incorrect to hold

defendants to such a standard over the course of each moment of the four decades that

they operated the Rocky Flats Plant.  Moreover, the application of a standard involving

the highest "possible" degree of skill, care, diligence, and foresight implies that

defendants may have been required to act in a manner inconsistent with their obligations to the Department of Energy.

  <u>Class-wide Proof</u>:  This is a trial of the class claim and no individual claims are being tried.  *See, e.g.*, 5/17/04 Order, at 3.  If plaintiffs do not prove a claim for the class as a whole, then no class member may recover on that claim.  *See, e.g.*, 28 U.S.C. § 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right" of any litigant); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

**INSTRUCTION NO. 3.16**

Nuisance Claim

<u>Third Element:  Accident Not Presumptive Negligence</u>

The occurrence of an accident does not raise any presumption of negligence on the part of a defendant.  Negligence may be established, however, by the facts and circumstances surrounding an accident.

[Defendants have not previously submitted an instruction incorporating the revised language below or its underlying legal principles, but do so now in light of plaintiffs' failure to produce evidence supporting a finding of continuing nuisance.]

**INSTRUCTION NO. 3.17**

Nuisance Claim

Fourth Element:  Continuing Nuisance

~~As stated in Instruction No. 3.6,~~**In deciding** the fourth element **of** Plaintiffs ~~must prove to prevail on their~~**'** nuisance claim**, which** is ~~that it appears that the unreasonable and substantial interference with the use and enjoyment of property caused by Dow and/or Rockwell's intentional or negligent conduct~~ *will continue indefinitely.*  **whether the nuisance** *will continue indefinitely***, you must determine whether Plaintiffs have proved each of the following by a preponderance of the evidence:**

> 1.      **Dow and Rockwell continue to intentionally or negligently undertake an activity or activities at the Rocky Flats plant.**

> 2.      **These activities continue to substantially and unreasonably interfere with all Class members' use and enjoyment of their properties, either by continuing to cause Class members to be exposed to plutonium and placing them at a substantially increased risk of health problems as a result, or by continuing to create objective conditions that make it more likely than not that the Class Area will be exposed to plutonium in the future and will be placed at a substantially increased health risk as a result.**

In deciding this element, it is not necessary for you to find that the **substantial and unreasonable** interference meeting these requirements will last forever. Instead, you should consider whether there is any reason to expect that the **substantial and unreasonable** interference **with all Class members' use and enjoyment of their properties either has ended or** will end ~~at any definite time in the future~~. If you find **that the substantial and unreasonable interference has not ended and that** there is no reason to expect the **substantial and unreasonable** interference to end ~~by a definite time~~**within the reasonably foreseeable future**, then you must find it appears the **substantial and unreasonable** interference will continue indefinitely.

**Argument and Authority:**  In order for the damages measure of Section 930 of the Restatement to apply, the trespass must be "continuing." Restatement (Second) of Torts § 930. In order for the trespass to be "continuing" within the meaning of Section 930, the following conditions must be met:  (1) the defendant's operational activities which give rise to the trespass must be continuing; (2) the defendant's intent to cause a class-wide trespass must be continuing; and (3) the plutonium contamination resulting from the trespass must be continuing. *See* Restatement (Second) of Torts Section 930 ("(1) If one causes continuing or recurrent tortious invasions on the land of another *by the maintenance of a structure or acts or operations not on the land of the other* . . .") (emphasis added); Restatement (Second) of Torts Section 930, cmt. d ("Manifestly, this element of depreciation is distinct from the loss in value brought by the actual effects of past invasions (see Comment on § 929) such as damage by floods to the soil's fertility.");

81

Restatement (Second) of Torts Section 929, cmt. a (Section 929 (and not Section 930) applies where "future losses are **not contingent upon the continuance in the future of the defendant's wrongdoing**, and hence the result follows regardless of whether the owner can recover in advance for the prospective harm of future operations of the cement plant. This is a distinct question that is dealt with in § 930") (emphasis added).

**INSTRUCTION NO. 3.18**

Both Claims

<u>Causation</u>

The word "cause" as used in these instructions means an act or failure to act that in natural and probable sequence produced the claimed effect. It is a cause without which the claimed effect would not have happened.

**INSTRUCTION NO. 3.19**

Both Claims

<u>Separate Findings for Each Defendant</u>

You must make a separate determination on both the trespass and nuisance claims against each Defendant.  If you find that the evidence establishes a trespass or nuisance by one Defendant but not the other, you must render separate verdicts on each claim.

## INSTRUCTION NO. 3.20

Both Claims

<u>Damages - Introduction</u>

I am now going to instruct you on the measure of damages to be awarded if you find in favor of the plaintiff class on their claims of trespass or nuisance against Dow or Rockwell.

You must determine the amount of damages in accordance with these instructions. The fact I will instruct you on the measure of damages does not mean I am instructing you as to which party is entitled to your verdict or that I am instructing you to award or not award damages.  The questions of whether or not damages are to be awarded, and the amount of such damages, are for your consideration alone.

If you decide to award damages, you should fix the amount using calm discretion and sound reason, not sympathy, prejudice, or speculation.

Difficulty or uncertainty in determining the precise amount of damages does not prevent you from deciding an amount.  You should use your best judgment based on the evidence.

[Defendants have not previously submitted a jury instruction incorporating the additional language below or its underlying legal principles.  Defendants submit this proposed addition in light of the evidence and the arguments of plaintiffs' counsel in this trial.  *See, e.g.*, Pls.' mini-summation, 10/21/05 Trial Tr. at 2101 ("The property damage evidence that you will hear in the coming weeks is going to be an average . . . .  It's greater closer in; it's less on the edge.").]

### INSTRUCTION NO. 3.21

Both Claims

Damages - Actual or Nominal

If you find in favor of Plaintiffs on either of their claims against Dow and/or Rockwell, then you must award them actual or nominal damages.

Actual damages are a monetary award to compensate a plaintiff for the loss caused by the Defendant's wrongful conduct.  The goal of an award of actual damages is to make the injured person whole or, in other words, to put them in the position they would have been in if they had not been harmed by the Defendant.

To award Plaintiffs actual damages, you must find that Plaintiffs proved by a preponderance of the evidence that:  (1) the Plaintiff Class **as a whole** incurred actual damages as a result of the trespass and/or nuisance caused by Dow or Rockwell or both of them (as defined in Instruction Nos. 3.2 and 3.6), and (2) the amount of these actual damages.  I will tell you in the next instructions (Nos. 3.22 - 3.24) how to decide these questions.

86

If you find in favor of Plaintiffs on a particular claim, but do not find any actual damages with respect to that claim, you shall nonetheless award Plaintiffs nominal damages in the sum of one dollar on that claim.

**Argument and Authority:**  Plaintiffs cannot rely on a finding by the jury that class-area properties, *on average*, suffered a diminution in value.  They must show that *each and every one* of the class properties suffered a diminution in value.  *See Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 319-21 (5th Cir. 1998) (reversing damages award based on extrapolation rather than individual evidence).  Allowing class members who have suffered no diminution in property value to nevertheless recover on the basis of an average violates the fundamental principle of damages under Colorado law:  "The trial court must take as its principal guidance the goal of reimbursement of the plaintiff for losses actually suffered."  *Bd. of County Comm'rs v. Slovek*, 723 P.2d 1309, 1316 (Colo. 1986); *see also Zwick v. Simpson*, 572 P.2d 133, 134 (Colo. 1977) ("[T]he goal of the law of compensatory damages is reimbursement of the plaintiff for the actual loss suffered.").

[Defendants previously submitted this Instruction in Defs.' Proposed Instruction re the Type of Compensatory Damages That Can Be Awarded, filed 12/8/05.]

## DEFENDANTS' <u>PROPOSED</u> INSTRUCTION NO. 3.21A

### Both Claims

### <u>Type of Damages That Can Be Awarded</u>

**The only damages that can be awarded in this case are for diminution in property value. You may not consider compensatory damages for any other alleged injury.**

**Argument and Authority:** This instruction should be provided for the reasons given in Defs.' Proposed Instruction re the Type of Compensatory Damages That Can Be Awarded, filed 12/8/05. *See* 5/17/05 Order at 18 ("Here, plaintiffs contend Defendants' trespass and nuisance harmed class members' pecuniary interests by diminishing the value of their properties."); Pls' Statement of Claims, filed 8/10/05, at 4.

[Defendants have not previously submitted a jury instruction incorporating the revised language below or its underlying legal principles. Defendants submit these proposed changes in light of the evidence and the arguments of plaintiffs' counsel in this trial. *See* Pls.' mini-summation, 10/21/05 Trial Tr. at 2101 ("The property damage evidence that you will hear in the coming weeks is going to be an average . . . . It's greater closer in; it's less on the edge."); 12/7/05 Trial Tr. at 6875 ("What Mr. Davidoff is saying somehow is that we can't contest, A, that there has been a loss to the class or a loss on value of class property; and, B, we can't contest the things have changed. We believe that they have changed."); Pls.' mini-summation, 1/6/05 Trial Tr. at 9259 ("What they were saying was it could be 20 years, 30 years, 50 years, 70 years into the future before this plant was cleaned up. . . . But the fact is as of 1989, nobody had any reason to expect or know or believe that this plant would be cleaned up at any definite point in the future.").]

## INSTRUCTION NO. 3.22

### Both Claims

### Measure of Actual Damages

Plaintiffs seek an award of actual damages based on the decrease in the value of properties in **all of** the Class Area caused by the trespass and/or nuisance committed by Dow or Rockwell or both of them. This type of actual damages is sometimes called diminution in property value.

The diminution of property value that Plaintiffs may recover here is measured by the difference between the actual value of the Class Properties and the value these

89

Properties would have had if Dow or Rockwell or both of them had not committed the trespass and/or nuisance proved by Plaintiffs.  In other words, you must compare the actual value of **all of** the Class Properties to what their value would have been "but for" the trespass and/or nuisance, and ~~the~~ **that** difference is the diminution in property value that Plaintiffs can recover as actual damages in this case.

In a case like this, the law requires that you measure the amount of any such diminution in **all** Class property values at a particular point in time.  That point is the time or time period when the injurious situation became "complete" and "comparatively enduring."  The injurious situation is "complete" when the effects of the trespass or nuisance are known to their full extent.  It is "comparatively enduring" when there is no reason to expect that these effects will end ~~at a definite time in the future~~ **in the reasonably foreseeable future**.  **Evidence that any diminution in Class property values has decreased or diminished after the time when plaintiffs allege the injurious situation is complete and comparatively enduring is evidence that the injurious situation was not, in fact, complete and comparatively enduring.**  When the injurious situation became "complete" and "comparatively enduring" in this case is a question you will decide as I will describe in just a moment.

Plaintiffs contend that the diminution in the value of Class properties should be measured as of the period between June 6, 1989, when the FBI and U.S. Environmental Protection Agency searched Rocky Flats as part of their investigation into alleged wrong-doing by Rockwell, and March 26, 1992, when Rockwell pled guilty to certain environmental crimes at Rocky Flats.  ~~Defendants~~ **Plaintiffs** allege this is the right time

period to measure their actual damages because this is when the injurious effects of Defendants' alleged trespass and nuisance became "~~clear~~ **complete**" and "comparatively enduring."

Accordingly, to decide whether Plaintiffs are entitled to the actual damages they seek in this case, you must determine whether Plaintiffs have proved by a preponderance of the evidence that:

1. **The injurious situation became "complete" and "comparatively enduring" (as defined in this instruction); and**

~~1~~2. The injurious situation became "complete" and "comparatively enduring" (as defined in this instruction) **only** between June 6, 1989, and March 26, 1992; and

~~2~~3. As of this time, the actual value of **all of** the Class Properties was less than the value these properties would have had but for the trespass and/or nuisance committed by Dow or Rockwell or both of them; and

~~3~~4. The amount of the difference between the actual value of Class Properties and what their value would have been but for the trespass and/or nuisance (see Instruction No. 3.23).

**Argument and Authority:**

"All of the class properties": Plaintiffs cannot rely on a finding by the jury that class-area properties, *on average*, suffered a diminution in value. They must show that *each and every one* of the class properties suffered a diminution in value. *See Cimino v.*

91

*Raymark Indus., Inc.*, 151 F.3d 297, 319-21 (5th Cir. 1998) (reversing damages award based on extrapolation rather than individual evidence).  Allowing class members who have suffered no diminution in property value to nevertheless recover on the basis of an average violates the fundamental principle of damages under Colorado law:  "The trial court must take as its principal guidance the goal of reimbursement of the plaintiff for losses actually suffered."  *Bd. of County Comm'rs v. Slovek*, 723 P.2d 1309, 1316 (Colo. 1986); *see also Zwick v. Simpson*, 572 P.2d 133, 134 (Colo. 1977) ("[T]he goal of the law of compensatory damages is reimbursement of the plaintiff for the actual loss suffered.").

"In the reasonably foreseeable future":  Plaintiffs have argued that an injurious situation is complete and comparatively enduring if one cannot identify the precise point in time at which it will cease.  *See, e.g.*, 1/6/05 Trial Tr. at 9259.  This misconstrues Restatement § 930, which defines "complete and comparatively enduring" when "there is no reason to expect its termination at *any* definite time in the future."  Restatement § 930 cmt. b (emphasis added).  If it appears that an injurious situation will cease at some time, even if that point in time cannot be predicted definitively, Restatement § 930 cannot be applied because its underlying assumption that the injurious situation will continue indefinitely is false.

"Evidence that any diminution in Class property values has decreased . . .":  Plaintiffs would have the jury disregard any evidence that class-area property values have increased relative to values outside the class area after 1992.  *See, e.g.*, 12/7/05 Trial Tr. at 6875.  But this Court has held that relative appreciation in class-area property values is relevant to the continuing nature of the alleged injurious situation.  *See* 9/13/05 Hr'g Tr.

92

at 5 (denying plaintiffs' motion in limine seeking to exclude property values after 1992). Ignoring such appreciation would enable plaintiffs to perpetuate a fiction of enduring harm notwithstanding the cleanup at the plant and the simultaneous relative appreciation in class-area property values.

**"The injurious situation became 'complete' and 'comparatively enduring'":** Before determining whether the injurious situation became "complete" and "comparatively enduring" between June 6, 1989 and March 26, 1992, the jury should first determine whether the injurious situation became "complete" and "comparatively enduring" *at all*. Under the current instruction, it may not be clear to the jury that they need to make this first-step determination.