[Defendants have not previously submitted a jury instruction incorporating the revised language below.  Defendants propose this revised language in light of plaintiffs' "opening the door" to the jury's consideration of Rockwell's plea.]

## INSTRUCTION NO. 2.5

### Evidence Regarding Rockwell's Plea Agreement

You will hear evidence about the plea agreement between Rockwell and the United States in which Rockwell pled guilty to certain environmental crimes at Rocky Flats.  The plea agreement is evidence that Rockwell admitted guilt for the conduct specifically set forth in the plea agreement.  This means Rockwell admitted it committed the acts to which it pled guilty, and that no further evidence is required to establish that these acts occurred.

You should make your determination regarding Rockwell's other alleged conduct based solely on the other evidence presented at this trial.

**Argument and Authority:**  Plaintiffs have opened the door upon, and the jury is now permitted to consider, the fact that additional misconduct was not pursued by the prosecution.  Norton testimony, 12/14/05 Trial Tr. at 7954–56 ("A principle of the plea agreement was that it would include the most serious environmental crimes we found."); 7958 (testifying that he pursued and charged every serious criminal charge that he thought could be proven); 7988 ("There were no serious environmental charges that were not pursued to my knowledge.").

**INSTRUCTION NO. 2.6**

Evidence Regarding Other Civil Lawsuits

You should not consider the fact that either Rockwell or Dow has been involved in other civil lawsuits for the purpose of determining whether Rockwell or Dow engaged in any of the conduct alleged by the class members in this lawsuit. You should make your determinations based solely on the evidence presented at this trial.

[The underlying legal principle of the revised language of this instruction was incorporated in Defs.' Proposed Limiting Instruction No. 8 (Evidence of Media Coverage Not Evidence of Liability) and Supplemental Damages Instruction No. 2 (Stigma) filed Sept. 23, 2005, and in Defs.' Proposed Instruction Regarding Stigma filed Dec. 7, 2005.]

## INSTRUCTION NO. 2.7

### Evidence of Media Coverage

You will hear evidence of media coverage relating to Dow and Rockwell and their operations at Rocky Flats.  Such evidence of media coverage does not establish the accuracy of any statements made by the media.  Evidence of media coverage is relevant, only to the extent you find that it was accurate and the real estate market values reflected the facts that were accurately reported.


**Argument and Authority:**  In light of the voluminous amount of media coverage with which the plaintiffs have inundated the jury, this instruction is necessary to guide the jury in their consideration of this evidence.  Because the relevant measure of damages is "but for" Defendants' wrongful conduct (*see* Instruction 3.22), media coverage is relevant only to the extent that it accurately reports this wrongful conduct and where such coverage is reflected in market values.

## Section 3

## Substantive Instructions

[The underlying legal principle of the revised language of this instruction was incorporated in Defs.' Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless Liability to Each Class Member) filed Sept. 23, 2005.]

## INSTRUCTION NO. 3.1

### Introduction to Plaintiffs' Claims

Plaintiffs assert two claims in this action on behalf of themselves and the Class members. The first is for trespass and the second is for nuisance. Both claims are asserted against both Dow and Rockwell. It is your responsibility to consider and decide each of these claims separately against Dow and Rockwell.

Both claims are asserted by the Class as a whole and for no other claimant. Thus, you are not to consider the claims of any individual who is not a member of the Class, nor claims that are not being presented as class claims (that is, individual claims that are not class claims). Nor are you to find liability based upon any claims that you find have not been proven for the Class as a whole. If you find that any claim has not been proven for the Class as a whole, you must find against the Class on that claim.

I will now instruct you about the class claims and what you must consider in deciding each one. When the instructions I am about to give you apply to more than one claim, I will tell you that. At the end of my instructions on Plaintiffs' two claims, I will talk to you about determination of damages, which applies to both claims.

**Argument and Authority:** This is a class trial and no individual claims are being tried. *See, e.g.*, 5/17/04 Order at 3. If plaintiffs do not prove a claim for the class as a whole, then no class member may recover on that claim. *See, e.g.*, 28 U.S.C. § 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right" of any litigant); *Ortiz v.*

*Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

[The underlying legal principle of the revised language of this instruction was incorporated in Defs.' Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless Liability to Each Class Member) filed Sept. 23, 2005.]

## INSTRUCTION NO. 3.2

Trespass Claim

Elements of the Claim of Trespass

The tort of trespass protects a landowner's right to exclusive possession and control of his property, which includes the right to keep the property free from contamination deposited there by others without the landowner's consent.

In this case, Plaintiffs and Defendants have stipulated that Plaintiffs and other Class members owned property in the Class Area as of June 7, 1989.  I will sometimes refer to these properties collectively as the "Class Properties."  Plaintiffs and Defendants have also stipulated that Plaintiffs and the other Class members do not consent to plutonium being on their properties.

Given these stipulations, in order for the Plaintiffs and the other Class members to recover from either Dow or Rockwell or both of them on their claim of trespass, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.   Plutonium from Rocky Flats is present on the Class Properties (see Instruction No. 3.3).

2.   Dow or Rockwell or both of them intentionally undertook an activity or activities that in the usual course of events caused plutonium from Rocky Flats to be present on all of the Class Properties (see Instruction No. 3.18).

3.   It appears this trespass will continue on all of the Class Properties indefinitely (see Instruction No. 3.4).

You must consider whether the Plaintiffs have proved each of these elements against each Defendant and for the Class as a whole. You must determine that all of these elements are present based upon all of the evidence that you've heard at trial. If you find that an element has not been proved for the Class as a whole as to a particular Defendant, then your verdict on the trespass claim must be for that Defendant. On the other hand, if you find Plaintiffs have proved all three elements for the Class as a whole as to a particular Defendant, then your verdict must be for Plaintiffs and against that Defendant.

**Argument and Authority:** This is a class trial and no individual claims are being tried. *See, e.g.,* 5/17/04 Order. If plaintiffs do not prove a claim for the class as a whole, then no class member may recover on that claim. *See, e.g.,* 28 U.S.C. § 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right" of any litigant); *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 845 (1999); *Amchem Products Inc. v. Windsor,* 521 U.S. 591, 613 (1997).

[The revised language and underlying legal principle of this instruction was incorporated in Defs.' Proposed Supplemental Trespass Instruction No. 1 (Significance of Invasion) filed Sept. 23, 2005.]

## INSTRUCTION NO. 3.3

### Trespass Claim

#### First Element:  Presence of Plutonium

The first element of the trespass claim requires that Plaintiffs prove that plutonium is present on all of the Class Properties in amounts that are enough to impose a significant physical impact on the property or its users.  To prove this element, Plaintiffs are not required to show that plutonium is present on the Class Properties at any specified level or concentration, or that they suffered any bodily harm because of the plutonium.

**Argument and Authority:**  Under Colorado Supreme Court precedent, plaintiffs must demonstrate either (1) that the trespass was tangible; or (2) that the trespass caused serious and substantial physical damage. *See Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 389 (Colo. 2001) ("[A]n intangible intrusion may give rise to a claim for trespass, but only if an aggrieved party is able to prove physical damage to the property owner caused by such intangible intrusions . . . . Moreover, a property owner forced to prove damages will be further limited to seeking redress in cases of serious or substantial invasions."); 11/03/05 Trial Tr. 4039-40 (Smallwood) ("[T]he different particle -- particles would it be correct -- you know, you're an ecologist, would it be correct that these particles are completely -- you can't see them, you can't touch them by any ordinary means, they're completely intangible, correct?  A.  Well, I think that our normal sensory perception cannot perceive them.  Q.  Right.  A.  Right.  Q.  You would agree with that, by any stretch of the common sense word 'intangible,' they're intangible, right?  A.  Yes."); 12/15/05

38

Trial Tr. 8341 (Till) ("Q.  Well, is it fair to say, that to the people living off-site of Rocky Flats they couldn't see, feel, taste, hear or smell when they would be exposed to radiation?  A.  That's correct, you cannot see, feel, or smell radiation, that's correct.").

[Defendants have not previously submitted an instruction incorporating the revised language below or its underlying legal principles, but do so now in light of plaintiffs' failure to produce evidence supporting a finding of continuing trespass.]

## INSTRUCTION NO. 3.4

Trespass Claim

Third Element:  Continuing Trespass

In deciding the third element of Plaintiffs' trespass claim, which is whether it appears that the trespass will continue on Class Properties indefinitely, you must determine whether Plaintiffs have proved each of the following by a preponderance of the evidence:

1.      Dow and Rockwell continue to intentionally undertake an activity or activities at the Rocky Flats plant.

2.      Such activities will continue to cause plutonium from Rocky Flats to be present on all of the Class Properties indefinitely.

In deciding whether the second requirement has been met, it is not necessary for you to find that the plutonium will be there forever.  Instead, in deciding this element, you should consider whether any plutonium present on all Class Properties either has been or will be removed in the future.  If you find there is no reason to expect it will be removed from any Class Property within the reasonably foreseeable future, then you must find it appears that plutonium will continue to be present on all of the Class Properties indefinitely.

**Argument and Authority:**  In order for the damages measure of Section 930 of the Restatement to apply, the trespass must be "continuing."  Restatement (Second) of Torts § 930. In order for the trespass to be "continuing" within the meaning of Section 930, the following conditions must be met:  (1) the defendant's operational activities which give rise to the trespass

must be continuing; (2) the defendant's intent to cause a class-wide trespass must be continuing; and (3) the plutonium contamination resulting from the trespass must be continuing.  *See* Restatement (Second) of Torts Section 930 ("(1) If one causes continuing or recurrent tortious invasions on the land of another ***by the maintenance of a structure or acts or operations not on the land of the other*** . . .") (emphasis added); Restatement (Second) of Torts Section 930, cmt. d ("Manifestly, this element of depreciation is distinct from the loss in value brought by the actual effects of past invasions (see Comment on § 929) such as damage by floods to the soil's fertility."); Restatement (Second) of Torts Section 929, cmt. a (Section 929 (and not Section 930) applies where "future losses are ***not contingent upon the continuance in the future of the defendant's wrongdoing***, and hence the result follows regardless of whether the owner can recover in advance for the prospective harm of future operations of the cement plant. This is a distinct question that is dealt with in § 930") (emphasis added).

41

[Defendants have not previously submitted an instruction incorporating the revised language below or its underlying legal principle, but do so now in light of plaintiffs' failure to produce evidence supporting a finding of continuing trespass.]

## INSTRUCTION NO. 3.5

Trespass Claim

<u>Matters That Are Not Relevant to Deciding the Trespass Claim</u>

That Plaintiffs or Class members knew or could have known that plutonium was present on their properties when they purchased them is irrelevant to determining whether Dow or Rockwell are liable for trespass as stated in Instruction No. 3.2.

You should not consider these irrelevant matters in determining liability for the trespass claim.

**Argument and Authority:**  It is incorrect to instruct the jury that defendants' operations need not be ongoing in order for plaintiffs to prove their trespass claims here.  Rather, in order for the damages measure of Section 930 of the Restatement to apply, the trespass must be "continuing."  Restatement (Second) of Torts § 930.  In order for the trespass to be "continuing" within the meaning of Section 930, the defendant's operations must be ongoing, and those ongoing operations must cause "continuing or recurrent invasions on the land of another." *See* Restatement (Second) of Torts § 930 ("(1) If one causes continuing or recurrent tortious invasions on the land of another *by the maintenance of a structure or acts or operations not on the land of the other* . . .") (emphasis added); Restatement (Second) of Torts § 930, cmt. d ("Manifestly, this element of depreciation is distinct from the loss in value brought by the actual effects of past invasions (see Comment on § 929) such as damage by floods to the soil's fertility."); Restatement (Second) of Torts § 929, cmt. a (Section 929 (and not Section 930)

applies where "future losses are ***not contingent upon the continuance in the future of the defendant's wrongdoing***, and hence the result follows regardless of whether the owner can recover in advance for the prospective harm of future operations of the cement plant. This is a distinct question that is dealt with in § 930") (emphasis added).

[The underlying legal principle regarding class-wide proof was incorporated in Defs.' Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless Liability to Each Class Member) filed Sept. 23, 2005. Defendants have not previously submitted an instruction incorporating the revised language regarding substantially increased health risk, but proposed the revised language in response to the preliminary instruction's reference to "some" risk and in light of plaintiffs' failure to produce sufficient evidence to prove a substantially increased health risk. Defendants have not previously submitted an instruction incorporating the revised language regarding future risk because defendants assumed the position that future risk was not an appropriate basis for a nuisance claim and in light of plaintiffs' failure to produce sufficient evidence to allow a finding of future risk.]

## INSTRUCTION NO. 3.6

Nuisance Claim

Elements of the Nuisance Claim

Plaintiffs claim that Defendants, through their operation of the Rocky Flats plant, caused a nuisance. In order for the Plaintiff Class to recover from either Dow or Rockwell or both of them on their claim of nuisance, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence for the Class as a whole:

1.      Dow or Rockwell or both of them interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these two ways:

   A.      By causing Class members to be exposed to plutonium and placing them at substantially increased risk of health problems as a result of this exposure (see Instruction Nos. 3.7, 3.18); and/or

   B.      By causing objective conditions that make it more likely than not that the Class area will be placed at a substantially increased health risk in the future-by the continuing operation of the Rocky Flats plant (see Instruction Nos. 3.7, 3.18);

2.  This interference with Class members' use and enjoyment of their properties was both "unreasonable" and "substantial" (see Instruction Nos. 3.8 - 3.12);

3.  The activity or activities causing the unreasonable and substantial interference were either "intentional" or "negligent" (see Instruction Nos. 3.13 - 3.16); and

4.  It appears unreasonable and substantial interference with the use and enjoyment of property caused by Dow and/or Rockwell's intentional or negligent conduct will continue indefinitely (see Instruction No. 3.17).

You must consider whether the Plaintiffs have proved these elements against each Defendant. You must determine that all of these elements are present based upon all of the evidence that you've heard at trial. If you find that any one of these elements has not been proved for the Class as a whole as to a particular Defendant, then your verdict on the nuisance claim must be for that Defendant. On the other hand, if you find Plaintiffs have proved each of these elements for the Class as a whole as to a particular Defendant, then your verdict on the nuisance claim must be for Plaintiffs and against that Defendant.

**Argument and Authority:**

Class-wide Proof: This is a trial of the class claim and no individual claims are being tried. *See, e.g.,* 5/17/04 Order, at 3. If plaintiffs do not prove a claim for the class as a whole, then no class member may recover on that claim. *See, e.g.,* 28 U.S.C. § 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right" of any litigant); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

<u>Substantially Increased Health Risk</u>:  To prevail on their nuisance claims, plaintiffs must prove that defendants' conduct caused a ***substantial and unreasonable*** interference with all of the class members' use and enjoyment of their properties.  *See Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 395 (Colo. 2001).  Thus, to establish an interference with class members' use and enjoyment based on health risk, plaintiffs must prove that any health risk created by defendants' conduct was substantial.  To demonstrate a risk of future harm, plaintiffs must also demonstrate harm in the form of a substantially increased health risk; they have no proof of any risk of future harm other than risk to health.  *See* Pls.' mini-summation, 1/6/06 Trial Tr. at 9264–65 (discussing future risk to the class area only in the form of a health risk).

<u>More Likely Than Not</u>:  Defendants have repeatedly argued that plaintiffs may not recover based on a future risk.  The Court has rejected defendants' position on this issue.  However, if plaintiffs are allowed to recover based on a future risk, than the standard under Colorado law must be whether the risk is "more likely than not" to materialize – not whether there is a "potential" for the risk to occur.  *Boryla v. Pash*, 937 P.2d 813, 816-17 (Colo. Ct. App. 1996), ("[the plaintiff] cannot recover damages for an increased risk of cancer recurrence because she failed to prove to a reasonable medical probability that the future harm was more likely than not to occur"), *rev'd on other grounds*, 960 P.2d 123 (Colo. 1998); *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 801 (Cal. 1993) ("[A] plaintiff should be allowed to recover without having to show knowledge that it is more likely than not that the feared cancer will occur"); *see also Boryla*, 937 P.2d at 128-29 (policy rationales announced in *Potter* are "relevant in a toxic tort case").

[Defendants have not previously submitted an instruction incorporating the revised language regarding substantially increased health risk, but propose the revised language in response to the preliminary instruction's reference to "some" risk and in light of plaintiffs' failure to produce sufficient evidence to prove a substantially increased health risk. Defendants have not previously submitted an instruction incorporating the revised language regarding future risk because defendants assumed the position that future risk was not an appropriate basis for a nuisance claim and in light of plaintiffs' failure to produce sufficient evidence to allow a finding of future risk.]

## INSTRUCTION NO. 3.7

### Nuisance Claim

### First Element:  Interference with Use and Enjoyment of Property

The purpose of a nuisance claim is to protect a landowner's right to use and enjoy his property.  Although there are countless ways that a person or company can interfere with this right, for purposes of deciding the first element of the Plaintiff Class' nuisance claim, you may only consider the two possible forms of interference with Class members' use and enjoyment of their property that I stated in Instruction No. 3.6 and will describe further here.

The first possible form of class-wide interference is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by causing Class members to be exposed to plutonium and placing them at a substantially increased risk of health problems as a result of this exposure.  To find that Plaintiffs proved this form of interference, you do not need to find that all Class members were exposed to plutonium at the same time or by the same methods or to the same degree or that they all incurred the same level of health risk as a result of exposure to plutonium.  It is enough to find for purposes of this form of interference with use and enjoyment of property that all Class members were exposed to

47

plutonium in some way as a result of one or both Defendants' activities and that all Class members were placed at a substantially increased health risk as a result.

The second possible form of interference you must consider in deciding this first element of the Plaintiff Class' nuisance claim is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by creating objective conditions that make it more likely than not that the Class Area will be exposed to plutonium in the future and will be placed at a substantially increased health risk by the continuing operation of the Rocky Flats plant as a result. More specifically, if you find that plutonium present on or in the vicinity of Rocky Flats will more likely than not be released to the Class Area as a result of one or both of Defendants' activities at the Rocky Flats plant, then you must determine whether such future releases would place the Class Area at a substantially increased health risk.

In order for you to find interference based on the threat or risk of future harm, you also need not find that the future harm *will* occur and affect the whole of the Class Area. You need only find that conditions exist that make it more likely than not that such class-wide harm to~~will~~ occur.

In deciding whether either or both forms of possible class-wide interference exists, you should not consider whether individual Plaintiffs or Class members are or might be fearful, anxious or otherwise disturbed by any real or perceived risks relating to Rocky Flats and the Defendants' activities there or the conditions they left behind. Individual reactions to these matters are not relevant to the question of whether a class-wide interference exists.

You also should not consider in deciding this element of the nuisance claim whether Defendants' activities caused any decrease in the value of Class members' properties. The law

does not consider a decrease in property value to be an interference with the use and enjoyment of property.

If you find that Plaintiffs have proved either Dow or Rockwell or both of them interfered with Class members' use and enjoyment of property in one or both of the ways I described in Instruction No. 3.6 and in this instruction, then you must find that Plaintiffs have proved the first element of their nuisance claim with respect to the Defendant or Defendants who caused or contributed to the proven interference. If, however, you find that neither Defendant interfered with Class members' use and enjoyment of property in at least one of these ways, then you must find Plaintiffs have not proved this element of their nuisance claim against either Defendant.

### Argument and Authority:

Substantially Increased Health Risk:  To prevail on their nuisance claims, plaintiffs must prove that defendants' conduct caused a ***substantial and unreasonable*** interference with all of the class members' use and enjoyment of their properties. *See Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 395 (Colo. 2001). Thus, to establish an interference with class members' use and enjoyment based on health risk, plaintiffs must prove that any health risk created by defendants' conduct was substantial. To demonstrate a risk of future harm, plaintiffs must also demonstrate harm in the form of a substantially increased health risk; they have no proof of any risk of future harm other than risk to health. *See* Pls.' mini-summation, 1/6/06 Trial Tr. at 9264–65 (discussing future risk to the class area only in the form of a health risk); *see also* 5/17/05 Order at 6 (discussing future harm in the form of "explosion or additional releases of plutonium or other hazardous substances ***with accompanying health risk***" and "existing contamination on-

site and off-site that may be released or remobilized in some fashion that would result in human exposure *and increased health risk*") (emphasis added).

More Likely Than Not:  Defendants have repeatedly argued that plaintiffs may not recover based on a future risk.  The Court has rejected defendants' position on this issue. However, if plaintiffs are allowed to recover based on a future risk, than the standard under Colorado law must be whether the risk is "more likely than not" to materialize – not whether there is a "potential" for the risk to occur.  *Boryla v. Pash*, 937 P.2d 813, 816-17 (Colo. Ct. App. 1996), ("[the plaintiff] cannot recover damages for an increased risk of cancer recurrence because she failed to prove to a reasonable medical probability that the future harm was more likely than not to occur"), *rev'd on other grounds*, 960 P.2d 123 (Colo. 1998); *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 801 (Cal. 1993) ("[A] plaintiff should be allowed to recover without having to show knowledge that it is more likely than not that the feared cancer will occur"); *see also Boryla*, 937 P.2d at 128-29 (policy rationales announced in *Potter* are "relevant in a toxic tort case").

[The underlying legal principle regarding class-wide proof was incorporated in Defs.'
Proposed Supplemental General Instruction No. 2 (No Liability to Class as a Whole Unless
Liability to Each Class Member) filed Sept. 23, 2005.]

## INSTRUCTION NO. 3.8

Nuisance Claim

Second Element:  "Substantial" and "Unreasonable" Interference - Introduction

Practically all human activities interfere to some extent with other people or involve
some risk of interference.  One such possible interference is with another person's right to use
and enjoy his property.  The law of nuisance does not attempt to hold an actor liable for all
interferences with this right, but rather only for those interferences that are both "substantial" and
"unreasonable."  That is why this is an element of Plaintiffs' nuisance claim.  The definitions of
these terms are set out in Instruction Nos. 3.9 and 3.10.

In deciding whether Plaintiffs have proven that the interference they claim is substantial
and unreasonable, you may only consider any interference with Class members' use and
enjoyment of property you find based on Instruction Nos. 3.6 and 3.7.  Thus, if you find
Plaintiffs proved that Dow and/or Rockwell interfered with Class members' use and enjoyment
of property in only one of the ways stated in these instructions, you may only consider this
proven form of interference in deciding whether Plaintiffs have proved a substantial and
unreasonable interference.  If, however, you find Plaintiffs proved that Dow and/or Rockwell
interfered with all Class members' use and enjoyment of property in both of the ways stated in
these instructions, you should consider these two forms of interference together to decide
whether the total interference caused by each Defendant was substantial and unreasonable.

**Argument and Authority:**  This is a trial of the class claim and no individual claims are being tried.  *See, e.g.,* 5/17/04 Order, at 3.  If plaintiffs do not prove a claim for the class as a whole, then no class member may recover on that claim.  *See*, *e.g.*, 28 U.S.C. § 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right" of any litigant); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

[The revised language regarding the definition of "substantial" was incorporated in Defs.' Proposed Nuisance Instruction No. 8 (Definition of "Substantial and Unreasonable" – Both Normal Person and Particular Plaintiff) filed Aug. 6, 2004. Defendants have not previously submitted an instruction incorporating the remainder of the revised language regarding substantially increased health risk, but propose the revised language to clarify the preliminary instructions and in light of plaintiffs' failure to produce sufficient evidence to prove a substantial class-wide nuisance.]

## INSTRUCTION NO. 3.9

### Nuisance Claim

### Second Element:  "Substantial" Interference - Defined

An interference with a person's right to use and enjoy their land is "substantial" if the interference is significant enough that a normal person in the community would find it definitely offensive, seriously annoying, or intolerable.  In this case, that means you must determine whether a reasonable landowner of normal sensibilities would find the proven interference caused by Dow or Rockwell to be offensive, annoying or inconvenient.  "Normal sensibilities" for these purposes means a person who is neither unusually sensitive nor unusually insensitive to the interference you are considering.

In deciding whether any interference proven by Plaintiffs is substantial under this test, you must consider only harm that is common to the Class as a whole, and not any more severe harm that may have been suffered by some Class members but not by others.

In deciding whether any interference proven by Plaintiffs is substantial under this test, evidence that the value of Class members' properties has diminished because of this interference is evidence that the interference is substantial.  This is so because normal members of the community are part of the market that determines the value of properties, and if they consider an

interference with the use and enjoyment of these properties to be offensive, annoying or inconvenient, they may place a lower value on the property than they would if the interference did not exist.  Evidence that Class Properties have a lower value because of any proven interference is not necessary, however, for you to find that the interference is substantial under the test I just described to you.

### Argument and Authority:

Definitely Offensive, Seriously Annoying, Or Intolerable:  In order to give rise to liability, an interference must be far more than "offensive, annoying, or inconvenient."  Instead, as this Court recognized in *Cook IX*, the interference must be "definitely offensive, seriously annoying, or intolerable."  *Cook v. Rockwell Int'l Corp.*, 273 F.Supp.2d 1175, 1203-04 (D. Colo. 2003).  As the Court explained:  "Section 821F of the Restatement and its supporting commentary, relied upon by the Colorado Supreme Court in Van Wyk, states that a significant invasion of another's interest in the use and enjoyment of property exists '[i]f normal persons living in the community would regard the invasion in question as definitely offensive, seriously annoying or intolerable."  *Cook v. Rockwell Int'l Corp.*, 273 F.Supp.2d 1175, 1203-04 (D. Colo. 2003).

May Not Consider Any More Severe Harm Than That Suffered by Some Class Members But Not By Others:  The only claim in this trial is a class claim.  That class claim must be based on evidence that is ***common*** to the class.  *See* May 17, 2005 Order, at 4. (citing *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 344-45 (4th Cir. 1998)).  Accordingly, in determining whether any alleged interference is substantial, the jury may only consider the "least common denominator" of harm suffered by class members; the jury may not consider any more

severe harm than that suffered by some class members but not by others. *See, e.g.*, 28 U.S.C.

§ 2072 (class action device cannot be used to "abridge, enlarge or modify any substantive right"

of any litigant); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999); *Amchem Prods. Inc. v.*

*Windsor*, 521 U.S. 591, 613 (1997). This requirement is already set forth in the Court's

instruction for what constitutes an "unreasonable" interference (*see* Instruction No. 3.11), and

should likewise be set forth in the instruction for what constitutes a "substantial" interference.

[Defendants have not previously submitted an instruction incorporating the revised language because the revision below merely proposes removing language from the preliminary instruction.]

## INSTRUCTION NO. 3.10

### Nuisance Claim

### Second Element: "Unreasonable" Interference - Balancing Test

In an action for damages, such as this case, an interference with a person's right to use and enjoy their land is "unreasonable" if the gravity of the harm outweighs the utility of the conduct that caused it. Accordingly, to determine whether a proven interference is unreasonable in this case, you must consider and balance the gravity of the harm to Class members against the utility of the Dow and Rockwell's conduct at Rocky Flats and determine whether the gravity of this harm outweighs the utility of this conduct.

In considering these factors and deciding whether any interference by Dow or Rockwell was unreasonable, you must also use an objective perspective. In other words, the question is now how Plaintiffs, Class members or the Defendants would consider the gravity of the harm or the utility of Defendants' conduct, or the judgment they would make about whether any proven interference is unreasonable. Instead, the question is whether reasonable persons generally, looking at the whole situation impartially and objectively, would consider the interference to be unreasonable.

### **Argument and Authority**:

The second paragraph of this instruction is unnecessary argument. The jury should be informed of the balancing test that applies under Colorado law for determining whether an

56

interference is "unreasonable."   There is no reason to inform the jury what the balancing test is

not.

[Defendants have not previously submitted an instruction incorporating the revised language because the revision below is a minor change to the preliminary instruction.]

## INSTRUCTION NO. 3.11

Nuisance Claim

Second Element:  Unreasonable Interference:  Factors Regarding Gravity of the Harm

The gravity of the harm refers to the gravity of the proven interference with Class members' use and enjoyment of their property.  The factors you should consider in assessing the gravity of this harm are:

1.   The extent of the harm involved.

The extent of the harm depends on both the degree of the harm and its duration. You can consider both harm that has actually been incurred and the risk of future harm.  In assessing the extent of the harm, you must also consider only harm that is common to the Class as a whole, and not any more severe harm that may have been suffered by some Class members but not by others.

2.   The character of the harm involved.

This factor refers to the kind of harm, if any, suffered by the Class members.

3.   The social value of the type of use or enjoyment of property that has been harmed.

This factor considers the social value of the use to which the Class members' lands are being put.  The social value of a particular type of use depends on the extent to which the use or uses advances or protects the general public good.

4.    The suitability of the particular use or enjoyment harmed to the character of the
      locality.

      This factor considers whether the particular use or enjoyment the Class members

      make of their land in the Class Area is suitable to this area.

5.    The burden on the Class members of avoiding the harm.

      This factor is considered when it is possible for the landowner to take some action

      to avoid the harm.

**Argument and Authority:**  The change to the second paragraph of this instruction (to

add the words "if any") is designed to account for the possibility that class members have

suffered no harm.

[Defendants have not previously submitted an instruction incorporating the revised language because defendants' position was that the jury need not be instructed regarding the underlying legal principles below.  Defendants maintain that position but also propose changes as set forth below.]

## INSTRUCTION NO. 3.12

Nuisance Claim

Second Element:  Unreasonable Interference:  Factors Regarding Utility of the Conduct

There are also certain factors you must consider in assessing the utility of the conduct that caused the harm, that is, the proven interference, if any.  Some of these factors focus directly on the conduct causing the harm, while other factors focus on any actions Dow or Rockwell have taken to avoid or compensate others for any interference they caused.

The factors focusing on the conduct causing the harm include:

1.     The social value of the primary purpose of this conduct.

   It is undisputed that the primary purpose of the conduct that allegedly interfered with Class members' right to use and enjoy their properties was to manufacture nuclear weapons components.  The social value of this purpose depends on the extent to which it advanced or protected the general public good.  The parties agree that the manufacture of nuclear weapons at Rocky Flats, as a general matter, advanced the public good by protecting national security.

2.     The suitability of the conduct to the character of the locality.

   This factor considers whether the primary purpose of Defendants' conduct is- the manufacture of nuclear weapons components - was suitable to the area in which it occurred.

60

In evaluating the utility of the conduct causing the harm, you must also consider whether Dow or Rockwell knew that their conduct would cause interference with all Class members' use and enjoyment their land.  If you find that Dow or Rockwell or both knew that their conduct would cause an interference with all Class members' use and enjoyment of their land, then you should consider the following factors focusing on any actions Dow or Rockwell could have taken to avoid or compensate others for any interference they caused÷.  If you determine that Dow or Rockwell did not know that their conduct would cause interference with all Class members' use and enjoyment of their land, then you should not consider these third and fourth factors.

3. <u>The impracticality of preventing or avoiding the interference</u>.

If you determine that Dow or Rockwell knew that their conduct would cause interference with all Class members' use and enjoyment of their land, then you must determine whether it was practicable for Dow or Rockwell to avoid causing any interference with Class members' use and enjoyment of property.  Any interference caused by Dow and Rockwell was practicably avoidable if Dow and Rockwell by means consistent with their obligations to the Department of Energy could have substantially reduced the harm to Class members without incurring prohibitive expense or hardship in itstheir operation of Rocky Flats.  But if it would have been necessary to cease the operation of the Rocky Flats Plant in order to avoid all harm to the Class members, the invasion was not practicably avoidable.

4. <u>The financial burden to compensate others for any serious harm caused by Dow and/or Rockwell's activities</u>.

If you find that Dow and/or Rockwell's activities are continuing to cause a

substantially increased risk of health risk to all Class members, then you should

consider whether it is reasonable for Dow and/or Rockwell to bear the financial

burden of any such harm.

**Argument and Authority:**

Addition of words "if any": The change to the second paragraph of this instruction (to

add the words "if any") is designed to account for the possibility that class members have

suffered no harm.

Primary purpose: Restatement Section 828 looks to the "primary purpose" of defendants'

conduct in assessing the utility of that conduct. Accordingly, in determining the "suitability of

the conduct to the character of the locality in which it occurred," it is also necessary to focus

upon the "primary purpose" of the conduct.

Changes to "the practicality of avoiding or preventing the interference": As Restatement

Section 828 makes clear, this factor applies only if the defendant's conduct was intentional.

Restatement Section 828, cmt. h ("h. Impracticability of preventing or avoiding the invasion.

***When a person knows that his conduct will interfere with another's use or enjoyment of land***

and it would be practicable for him to prevent or avoid part or all of the interference and still

achieve his purpose, his conduct lacks utility if he fails to take the necessary measures to avoid

it.") (emphasis added). The instruction has been modified accordingly.

"But if it would have been necessary to cease the operation of the Rocky Flats Plant in

order to avoid all harm to the class members": This change is based on comment h to

Restatement Section 828: "But if he would have to abandon his activity or incur expense or

hardship of such magnitude that it would be considerably less profitable to continue, in order to

reduce the harm materially, the invasion is not practicably avoidable." Restatement § 828, cmt. h.

Changes to "the financial burden to compensate others": First, under the plain language of Restatement Section 826, the jury should be instructed on "the financial burden to compensate others" only if it first determines that the "harm" is "serious": "An intentional invasion of another's interest in the use and enjoyment of land is unreasonable if (a) the gravity of the harm outweighs the utility of the actor's conduct, or (b) the ***harm caused by the conduct is serious <u>and</u>*** the financial burden of compensating for this and similar harm to others would not make the continuation of the conduct not feasible." Restatement (Second) of Torts § 826. Second, as set forth in the Restatement, this factor ("the financial burden to compensate others") applies only if the "invasion" is "intentional." *Id.* Third, the test is not whether it is reasonable for the plaintiff to bear the financial burden of the harm, but whether it is reasonable for the defendant to bear the financial burden of the harm. Restatement (Second) of Torts § 826 cmt. f ("The extent of the burden of compensating may also affect the determination of what persons can recover.").