# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

## DEFENDANTS' MOTION FOR CLARIFICATION AND OTHER RELIEF[1]
_____

In the light of the Court's January 10, 2006 ruling that certain of Plaintiffs' proposed rebuttal witnesses may testify, Defendants seek the following clarification and other relief.

***First***, Defendants respectfully request clarification from the Court concerning the scope of the rebuttal testimony being permitted. Concerning Mr. Bell's testimony, the Court ruled that Mr. Bell could testify about "professional standards in the field of appraisal" but could not use those standards to support Mr. Hunsperger's findings or offer any opinion about any impact from Rocky Flats on property values.[2] (1/10/06 Order) It is not clear, however, what the scope is of

---

[1] In light the Court's ruling this morning that Dr. Schonbeck cannot be called, Defendants do not seek any relief with respect to Dr. Schonbeck.

[2] Plaintiffs represented in their response brief that Mr. Bell would testify only to "professional standards in the field of appraisal" ***without*** applying those standards to Mr. Hunsperger's work or offering any opinion concerning whether there is an effect from Rocky Flats on property values. (Resp. at 6)

the "professional standards in the field of appraisal" about which Mr. Bell will be permitted to testify. Nor is it clear how the Court will limit Mr. Bell's testimony to that which is factual and not expert testimony; thus, Defendants seek clarification from the Court on that issue.

*Second*, although Defendants believe that the Court should not permit expert testimony from Mr. Bell, Defendants respectfully request that the Court order Plaintiffs to provide Defendants with Rule 26 expert disclosures and expert reports for Mr. Bell in advance of his deposition. As set forth in detail in Defendants' Motion to Strike Rebuttal Witnesses, the testimony Plaintiffs seek to elicit from Mr. Bell is expert testimony that relies on his knowledge and expertise as an appraiser. Thus, Plaintiffs should be required to provide an expert report that sets forth, among other things, the matters about which he will seek to testify, materials reviewed, compensation, and so forth.

*Third*, Plaintiffs should be required to produce in advance of a witness' deposition all documents the witness will make reference to or has reviewed, as well as any relevant documents in the witness' possession. Plaintiffs should also be required to produce any exhibits and demonstratives to be used with the witness prior to the deposition. Defendants respectfully request an Order requiring the Plaintiffs to produce such documents in advance of the deposition.

*Fourth*, Plaintiffs should be required to provide a firm order of rebuttal witnesses, including time, by 5 p.m. today. Defendants' case will end mid-day tomorrow, and Defendants are entitled to know the order of call. Moreover, Plaintiffs previously represented to the Court that "our rebuttal witnesses will be short witnesses. I don't think any of them will be more than

an hour." (Tr. 8600)[3]  Defendants seek confirmation that Plaintiffs will be limited to one hour of direct testimony for each rebuttal witness.

*Finally*, in response to Plaintiffs' rebuttal case (which will apparently include the testimony of brand-new witnesses who have not yet been deposed), Defendants intend to call certain witnesses in sur-rebuttal.  Defendants expect to call Mr. Dorchester in response to the testimony of Mr. Bell.[4]  Defendants reserve the right to modify their sur-rebuttal list depending on the actual rebuttal testimony.

Dated:  January 11, 2006               Respectfully submitted,

                                       s/ Stephanie A. Brennan
                                       One of the Attorneys for the Defendants
                                       David M. Bernick
                                       Douglas J. Kurtenbach
                                       Ellen Therese Ahern
                                       Mark J. Nomellini
                                       Stephanie A. Brennan
                                       KIRKLAND & ELLIS LLP
                                       200 East Randolph Drive
                                       Chicago, Illinois 60601-6636
                                       Phone:  312-861-2000
                                       Fax:    312-861-2200

                                       Joseph J. Bronesky
                                       SHERMAN & HOWARD L.L.C.
                                       633 Seventeenth Street, Suite 3000
                                       Denver, Colorado 80202

---

[3] Plaintiffs further represented that "the whole rebuttal case will go in, maximum, in a couple of days."  (Tr. 8600).

[4] The Court has not yet ruled whether Mr. Hunsperger can testify.

Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                             s/ Kari Knudsen_____
                                                             Kari Knudsen (legal assistant)