IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

## DEFENDANTS' PROPOSED JURY VERDICT FORMS

---

Defendants hereby submit their proposed jury verdict forms for Dow and Rockwell, which are attached as Exhibit A and Exhibit B hereto.[1]

### I.    DEFENDANTS PROPOSE SEPARATE VERDICT FORMS FOR EACH DEFENDANT.

One of the most important respects in which defendants' proposed jury verdict forms differ from plaintiffs' is that defendants propose separate jury verdict forms for each defendant. Defendants believe that they are being faithful to the current jury instructions in doing so. *See* 1/4/06 Order (***"Defendants' proposed verdict form shall be consistent with the current jury***

---

[1] This jury verdict forms are submitted in view of the current jury instructions. Defendants preserve their objections to those instructions, including as set forth in defendants' jury instruction submission filed January 10, 2006, and in defendants' jury instruction objections filed throughout 2004 and 2005.

*instructions.*") (emphasis in original)[2]. Defendants propose separate forms in light of Instruction 4.5, which states: "There is one Jury Verdict Form for each Defendant." This instruction is in no way limited to issues of liability. Rather, that instruction applies to both liability and damages. Two identical forms are attached, one for each defendant.

The Court's jury instructions also clearly contemplate that the jury would be asked to answer separate damages questions for the two claims: trespass and nuisance. Jury Instruction No. 3.26 (Multiple Recovery Prohibited) states: "You are specifically instructed to consider the Plaintiffs' nuisance and trespass claims against each Defendant independently. That is, you are to consider each of those claims as though it were the only claim in the case. If you find for Plaintiffs on either of the these claims against either Dow or Rockwell, you are to write ***an award of damages on that claim*** without regard to your finding for or against Dow or Rockwell on any other claim."

Plaintiffs assert that "the conduct of both defendants has contributed to an indivisible harm for which defendants are jointly and severally liable." However, joint and several liability is a collection doctrine that has no application to this case. Dow and Rockwell are two separate defendants with separate and independent conduct. Each defendant operated the plant at different times – Dow operated the plant from 1952 to 1975, and Rockwell from 1975 to 1989– and is alleged to have committed different conduct. Because Dow cannot be held liable for Rockwell's conduct, nor Rockwell for Dow's, each defendant should be treated as if the other were never there. *See Westric Battery Co. v. Standard Elec Co.*, 482 F.2d 1307, 1318 (10th Cir.

---

[2] Should the current jury instructions change, defendants reserve the right to alter, if necessary, this proposed jury verdict form.

2

1973) (stating that it is "only the damage flowing legally from the defendant's misdeeds which counts). *Schmidt & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 415 (7th Cir. 1992) (Posner, J.) ("For years we have been saying, without much visible effect, that people who want damages have to prove them, using methodologies that need not be sophisticated but must not insult the intelligence . . . . The expert should have tried to separate the damages that resulted from the lawful entry of a powerful competitor - Nordisco - from the damages that resulted from the particular forms of misconduct allegedly committed by that competitor.")

II.   **DEFENDANTS' VERDICT FORM ADDRESSES SIGNIFICANT QUESTIONS THAT ARE OMITTED FROM PLAINTIFFS' PROPOSED FORM.**

Plaintiffs' proposed form remarkably does not require the jury to make a finding as to whether a defendant's trespass or nuisance had become complete and comparatively enduring between June 6, 1989 and March 26, 1992, as required under Instruction No. 3.22. Defendants' forms include a question on this key issue. Defendants are entitled to such a separate determination. If, for example, the jury holds Dow (which was present at the plant through 1975) liable for trespass based on plutonium contamination but hold Rockwell (which was present at the plant beginning in 1975) liable for nuisance based on some substance other than plutonium, there is no reason to assume those respective "injurious situations" would become complete and comparatively enduring at the same time.

Defendants also propose questions regarding the total amount of damages to allow this Court to apply the rule prohibiting multiple recovery. See Instruction No. 3.26 ("I will apply the

rule prohibiting multiple recovery . . . ."). Under plaintiffs' proposed form, it would be unclear were the jury to award damages for both counts what the total amount of damages would be.[3]

Dated:  January 11, 2006                                      Respectfully submitted,


                                                              s/ John E. Tangren
                                                              One of the Attorneys for the Defendants
                                                              David M. Bernick
                                                              Douglas J. Kurtenbach
                                                              Ellen Therese Ahern
                                                              Mark J. Nomellini
                                                              John E. Tangren
                                                              KIRKLAND & ELLIS LLP
                                                              200 East Randolph Drive
                                                              Chicago, Illinois 60601-6636
                                                              Phone:  312-861-2000
                                                              Fax:    312-861-2200

                                                              Joseph J. Bronesky
                                                              SHERMAN & HOWARD L.L.C.
                                                              633 Seventeenth Street, Suite 3000
                                                              Denver, Colorado 80202
                                                              Phone:  303-297-2900
                                                              Fax:    303-298-0940

                                                              Attorneys for ROCKWELL
                                                              INTERNATIONAL CORPORATION and
                                                              THE DOW CHEMICAL COMPANY

---

[3] Defendants request clarification from the Court as to how it will apply the "Multiple Recovery Prohibited" rule in this case if the jury awards damages on both claims or against both defendants.

5

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

               s/ Kari Knudsen_____
               Kari Knudsen (legal assistant)