# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

**DEFENDANTS' PROPOSED VERDICT FORM
FOR THE DOW CHEMICAL COMPANY**

---

       We, the Jury, being duly impaneled and sworn to try the above-entitled case, find the following answers to the questions submitted by the Court.


### I. TRESPASS CLAIM

    1.    Did Plaintiffs prove by a preponderance of the evidence that Dow caused a trespass upon all of the Class Properties?

YES    NO

_____    _____

GO TO SECTION II.

## II.   NUISANCE CLAIM

2.   Did Plaintiffs prove by a preponderance of the evidence that Dow's intentional conduct caused a nuisance as to all of the Class members?

<u>YES</u>   <u>NO</u>

____   ____

GO TO QUESTION 3.

3.   Did Plaintiffs prove by a preponderance of the evidence that Dow's negligent conduct caused a nuisance as to all of the Class members?

<u>YES</u>   <u>NO</u>

____   ____

GO TO SECTION III.

## III.   COMPENSATORY DAMAGES

IF YOUR ANSWER TO QUESTION 1 WAS "YES," THEN GO TO SECTION III.A. IF YOUR ANSWER TO QUESTION 1 WAS "NO" AND YOUR ANSWER TO QUESTION 2 OR QUESTION 3 WAS "YES," THEN SKIP TO SECTION III.B.  IF YOUR ANSWERS TO QUESTION 1, QUESTION 2, OR QUESTION 3 WERE ALL "NO," THEN STOP HERE WITHOUT COMPLETING ANY QUESTIONS IN SECTION III.

A.  **Compensatory Damages for Trespass**

4. Did Plaintiffs prove by a preponderance of the evidence that the injurious situation resulting from the trespass caused by Dow became "complete" and "comparatively enduring" between June 6, 1989 and March 26, 1992?

<u>YES</u>   <u>NO</u>

____   ____

IF YOUR ANSWER TO QUESTION 4 WAS "YES," THEN GO TO QUESTION 5. IF YOUR ANSWER TO QUESTION 4 WAS "NO," THEN SKIP TO SECTION III.B.

5. What was the time or time period when the injurious situation resulting from the trespass caused by Dow became complete and comparatively enduring?

_____

GO TO QUESTION 6.

6. Have Plaintiffs proved by a preponderance of the evidence that, as of the time identified in your answer to question 5 above, Dow's trespass caused the actual value of all of the Class Properties to be less than what the value of these properties would have been but for Dow's trespass?

<u>YES</u>   <u>NO</u>

____   ____

IF YOUR ANSWER TO QUESTION 6 WAS "YES," THEN GO TO QUESTION 7. IF YOUR ANSWER TO QUESTION 6 WAS "NO," THEN SKIP TO SECTION III.B.

3

7. What is the amount of the difference between the actual value of Class Properties and what the value of the Class Properties would have been but for Dow's trespass? Show your answer below in terms of a percent diminution and a dollar amount of diminution.

| Dow Trespass Damages | | |
|---|---|---|
| | Percent Diminution | Dollar Amt. Of Diminution |
| Vacant Land | % | |
| Commercial | % | |
| Residential | % | |
| Class-wide | % | |

GO TO QUESTION 8.

8. Has Dow proved by a preponderance of the evidence that all or some of the diminution in value proved by Plaintiffs also existed in time periods before June 6, 1989?

YES   NO

_____  _____

IF YOUR ANSWER TO QUESTION 8 WAS "YES," THEN GO TO QUESTION 9. IF YOUR ANSWER TO QUESTION 8 WAS "NO," THEN SKIP TO SECTION III.B.

9. For what time period(s) prior to June 6, 1989 has Dow proved that there was a pre-existing diminution in value?

_____

GO TO QUESTION 10.

10. As of the time period that you wrote in response to question 9, what was the percentage amount of the pre-existing diminution in value? If it varied, please indicate below the percentage amounts for different periods.

_____

GO TO SECTION III.B.

4

B.     **Compensatory Damages for Nuisance**

IF YOUR ANSWER TO QUESTION 2 OR QUESTION 3 WAS "YES," THEN GO TO QUESTION 11. IF YOUR ANSWER TO QUESTION 2 AND QUESTION 3 WERE BOTH "NO," THEN GO TO SECTION III.C.

11. Did Plaintiffs prove by a preponderance of the evidence that the injurious situation resulting from the nuisance caused by Dow became "complete" and "comparatively enduring" between June 6, 1989 and March 26, 1992?

<u>YES</u>   <u>NO</u>

____   ____

IF YOUR ANSWER TO QUESTION 11 WAS "YES," THEN GO TO QUESTION 12.
IF YOUR ANSWER TO QUESTION 11 WAS "NO," THEN GO TO SECTION III.C.

12. What was the time or time period when the injurious situation resulting from the nuisance caused by Dow became complete and comparatively enduring?

_____

GO TO QUESTION 13.

13. Have Plaintiffs proved by a preponderance of the evidence that, as of the time identified in your answer to question 12 above, Dow's nuisance caused the actual value of all of the Class Properties to be less than what the value of these properties would have been but for Dow's nuisance?

<u>YES</u>   <u>NO</u>

____   ____

IF YOUR ANSWER TO QUESTION 13 WAS "YES," THEN GO TO QUESTION 14.
IF YOUR ANSWER TO QUESTION 13 WAS "NO," THEN GO TO SECTION III.C.

5

14. What is the amount of the difference between the actual value of Class Properties and what the value of the Class Properties would have been but for Dow's nuisance? Show your answer below in terms of a percent diminution and a dollar amount of diminution.

| Dow Nuisance Damages | | |
|---|---|---|
| | Percent Diminution | Dollar Amt. Of Diminution |
| Vacant Land | % | |
| Commercial | % | |
| Residential | % | |
| Class-wide | % | |

GO TO QUESTION 15.

15. Has Dow proved by a preponderance of the evidence that all or some of the diminution in value proved by Plaintiffs also existed in time periods before June 7, 1989?

YES    NO

____  ____

IF YOUR ANSWER TO QUESTION 15 WAS "YES," THEN GO TO QUESTION 16.
IF YOUR ANSWER TO QUESTION 15 WAS "NO," THEN GO TO SECTION III.C.

16. For what time period(s) prior to June 7, 1989 has Dow proved that there was a pre-existing diminution in value?

_____

GO TO QUESTION 17.

17. As of the time period that you wrote in response to question 16, what was the percentage amount of the pre-existing diminution in value? If it varied, please indicate below the percentage amounts for different periods.

_____

GO TO SECTION III.C.

6

C.  **Punitive Damages**[1]

IF YOUR ANSWER TO QUESTION 6 WAS "YES" <u>OR</u> YOUR ANSWERS TO QUESTION 2 AND QUESTION 13 WERE BOTH "YES," THEN GO TO QUESTION 18.  IF YOUR ANSWER TO QUESTION 6 WAS "NO" <u>AND</u> YOUR ANSWER TO EITHER QUESTION 2 OR QUESTION 13 WAS "NO," THEN GO TO SECTION III.D.

18.  Did Plaintiffs prove beyond a reasonable doubt that Dow's conduct in committing a trespass or nuisance was "willful and wanton," as defined in jury instruction 3.27?  (In deciding this question, you may consider only Dow's conduct up through August 20, 1988.)

<u>YES</u>   <u>NO</u>

____   ____

IF YOUR ANSWER TO QUESTION 18 WAS "YES," THEN GO TO QUESTION 19.
IF YOUR ANSWER TO QUESTION 18 WAS "NO," THEN GO TO QUESTION 20.

19.  What is the amount, if any, of punitive damages that should be assessed against Dow as a direct result of any conduct by Dow that you have determined to be both willful and wanton and a trespass or nuisance?  That amount cannot exceed the greater of (a) the class-wide dollar amount of actual damages you awarded in response to question 7 and (b) the class-wide dollar amount of actual damages you awarded in response to question 14.

_____

GO TO SECTION III.D.

D.  **Total Damages**

IF YOUR ANSWER TO QUESTION 6 AND QUESTION 13 WERE BOTH "YES," THEN GO TO QUESTION 20.  IF YOUR ANSWER TO EITHER QUESTION 6 OR

---

[1] Punitive damages cannot be assessed for merely negligent conduct. *See Van Leeuwan v. Nuzzi*, 810 F. Supp. 1120, 1124 (D. Colo. 1993) ("Van Leeuwan's viable claims are based on negligence, not intentional, malicious conduct.  Her request for punitive damages is stricken.") (Kane, J.).

7

QUESTION 13, BUT NOT BOTH, WAS "YES," THEN GO TO QUESTION 21.  IF YOU DID NOT ANSWER "YES" TO EITHER QUESTION 6 OR QUESTION 13, THEN GO TO SECTION IV.

20. What is the total dollar amount of the difference between the actual value of Class Properties and what the value of the Class Properties would have been but for Dow's trespass, if any, and Dow's nuisance, if any?

_____

GO TO QUESTION 21.

21. What is the total dollar amount of the difference between the actual value of Class Properties and what the value of the Class Properties would have been but for Dow's trespass, if any, Dow's nuisance, if any, Rockwell's trespass, if any, and Rockwell's nuisance, if any, on this verdict form and on Rockwell's verdict form?

_____

## IV.  ADDITIONAL QUESTIONS

22. Did it appear on or before January 30, 1990, which is the date this case was filed, that the alleged trespass by Dow would continue indefinitely?

<u>YES</u>   <u>NO</u>

____  ____

IF YOUR ANSWER TO QUESTION 22 WAS "YES," THEN GO TO QUESTION 24.
IF YOUR ANSWER TO QUESTION 22 WAS "NO," THEN GO TO QUESTION 23.

23. When, if ever, did it become apparent that the alleged trespass by Dow would continue indefinitely?

_____

GO TO QUESTION 24.

24. Did it appear on or before January 30, 1990, which is the date this case was filed, that the alleged nuisance by Dow would continue indefinitely?

<u>YES</u>   <u>NO</u>

____   ____

IF YOUR ANSWER TO QUESTION 24 WAS "YES," THEN GO TO QUESTION 26.
IF YOUR ANSWER TO QUESTION 24 WAS "NO," THEN GO TO QUESTION 25.

25. When, if ever, did it become apparent that the alleged nuisance by Dow would continue indefinitely?

_____

GO TO QUESTION 26.

26. Have plaintiffs proved by a preponderance of the evidence that the intentional or negligent conduct of Dow, and/or actual or threatened harms caused by such conduct, created a situation that is capable of causing fear, anxiety, or mental discomfort in all Class members?

<u>YES</u>  <u>NO</u>

____  ____

PLEASE SIGN THIS VERDICT FORM.
DATED THIS ___ DAY OF ____, 2006.

_____          _____
Presiding Juror                          Juror

_____          _____
Juror                                    Juror

_____          _____
Juror                                    Juror

_____          _____
Juror                                    Juror

_____
Juror