**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' SUPPLEMENTAL PROFFER FOR
REBUTTAL WITNESS WAYNE HUNSPERGER**
_____

Pursuant to the Court's directives, plaintiffs respectfully submit this proffer stating the subjects on which plaintiffs seek to offer Mr. Hunsperger's testimony in rebuttal. In connection with this proffer, plaintiffs wish to advise the Court, as we advised defendants yesterday evening, that it now appears Mr. Bell will be unavailable to testify in plaintiffs' rebuttal case. As matters now stand, in other words, Mr. Hunsperger (if his testimony is permitted) would be the only approved rebuttal witness now available to testify on plaintiffs behalf.

Mr. Hunsperger's rebuttal testimony will address the following points:

**Appraisal Standards.** In response to extensive testimony from Mr. Dorchester on the subject, Mr. Hunsperger will testify on appraisal standards and related literature as they bear on the analyses reflected in his report. Plaintiffs expect this to include rebuttal to Mr. Dorchester's testimony in the following areas, as time permits:

- The certifications in Mr. Hunsperger's report (*see* Tr. 9499-9500);

- Issues involving whether the USPAP standards applicable to Mr. Hunsperger's work are (and/or were) those for "appraisal" and/or "consulting," and whether those are (and/or were) mutually exclusive categories (*e.g.*, *id.* at 9501-02, 9505);

- Whether the USPAP standards for either 1996 or 2005 provide a "very clear" resolution of the issue (*e.g.*, *id.* at 9502);

- Mr. Hunsperger's interpretation and his efforts to resolve the issue at the time of his report (*e.g.*, *id.*);

- The relationships between appraisal, opinions of value, and benchmarks (*e.g.*, *id.* at 9503-04);

- How the USPAP standards bear on the issues posed by the jury instructions on the applicable damage measure (*e.g.*, *id.* at 9508-16);

- Whether and how Mr. Hunsperger's analyses permit assessment of diminution in value at one or more "points in time" in a manner consistent with USPAP standards (*e.g.*, *id.* at 9511-16);

- Defendants' and Mr. Dorchester's characterization of Dr. Flynn's opinions on whether use of analogous case studies is a valid appraisal technique (*id.* at 9519);

- The propriety, under the standards, of Mr. Hunsperger's use of the Flynn & Slovic telephone survey in forming his opinions, notwithstanding the opinions of defendants' experts thereon (*e.g.*, *id.* at 9520, 9523-24, 9525-26);

- The propriety, under the standards, of Mr. Hunsperger's reliance on Dr. Radke's regression, notwithstanding the opinions of defendants' experts thereon (*e.g.*, *id.* at 9524, 9527, 9531-33);

- The propriety, under the standards, of Mr. Hunsperger's analyses based on case studies, sales data, and vacant land, notwithstanding the opinions of defendants' experts thereon (*e.g.*, *id.* at 9525, 9526, 9529-30);

- Whether Mr. Hunsperger's analysis is consistent the cost approach, sales comparison approach, or income approach, and whether those approaches represent the sole permissible or methodologically legitimate approaches for estimating diminution effects from environmental disamenities (*e.g.*, *id.* at 9528-29);

- The role of "judgment" in Mr. Hunsperger's analysis and in appraisal work (*e.g.*, *id.* at 9533-36).

- The relevance of Opinion A0-9 and appraisal literature to evolving standards for evaluating environmentally affected real estate and the application of USPAP standards (*e.g.*, *id.* at 9598-9608, 9616-22, 9624-25); and

- Whether Mr. Dorchester's own opinions have been offered in compliance with applicable professional standards (*e.g.*, *id.* at 9449, 9592-93).

**Statistical Testimony.**  Mr. Hunsperger's testimony will also be offered in response to Dr. Wise's choice of control area for his analysis (*e.g.*, Tr. at 9182-85); Dr. Wecker's critiques of Mr. Hunsperger's vacant land and other analyses as statistically deficient or lacking in statistical significance (*e.g.*, *id.* at 9762-64); and Dr. Wecker's contention, based on the underlying responses to the Flynn & Slovic survey, that Mr. Hunsperger mischaracterized or misapplied the results of that survey (*e.g.*, *id.* at 9766-71).

**Graphics.**  If time permits, certain graphics mischaracterizing Mr. Hunsperger's testimony were admitted over objection.  Mr. Hunsperger will rebut those exhibits.

Plaintiffs respectfully request one hour and fifteen minutes to cover so much of the above as plaintiffs are able in that time.


Dated: January 12, 2006                         s/ Peter Nordberg
                                                Merrill G. Davidoff
                                                Peter Nordberg
                                                Berger & Montague, P.C.
                                                1622 Locust Street
                                                Philadelphia, PA 19103
                                                (215) 875-3000

                                                Attorneys for Plaintiffs
                                                And the Class

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

>David M. Bernick, Esq.
>Kirkland & Ellis LLP
>200 East Randolph Drive
>Chicago, IL 60601
>
>and
>
>Joseph J. Bronesky, Esq.
>Sherman & Howard, LLC
>633 Seventeenth Street, Suite 3000
>Denver, CO 80202
>
>Attorneys for Defendants

s/ Peter Nordberg
Peter Nordberg