IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–CV-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

        v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

### PLAINTIFFS' MOTION TO ADMIT DOCUMENTS

Plaintiffs respectfully move the Court to admit the documents listed below into evidence: P-1663, P-1341A through 1341G, PG-569, PG-502, P-1067, P-1069, and P-1071.

**P-1663** (attached as Ex. 1) is a memorandum written by defendants' attorney Joseph Bronesky entitled "Factual Summary of the Barrel Storage Incident." It was used as an exhibit with Dr. Till but has not yet been admitted. Tr. at 8337. Defendants did not produce this memorandum until after the close of plaintiffs' case-in-chief, after the Court granted plaintiffs' motion to compel production of this document. It contains facts about the 903 area not previously known and is the best summary of the facts about the pad because it was prepared in 1978 when witnesses and participants were still alive and memories were fresher. This document is admissible as statements by a representative or an authorized agent of a party-opponent under Fed. R. Evid. 801(d)(2)(A) or (D), and as an ancient document under Fed. R. Evid. 803(16).

**P-1341A through 1341G** (attached collectively as Ex. 2) are photographs of pondcrete and saltcrete boxes. Most or all of them were used in plaintiffs' opening statement. They are authentic photographs that were produced by DOE. *See* Ex. 3 hereto (transmittal letter).

**PG-569 and PG-502** (attached as Exs. 4 & 5) are graphics that were used extensively with the testimony of Dr. Budnitz. Tr. at 3029, 3065. Plaintiffs seek to have these documents admitted as summaries under Rule 1006. These documents are timelines of the 903 storage area. PG-569 summarizes documents relating to Dow's knowledge and the number of barrels stored on the 903 area, and PG-502 summarizes other documents describing Dow's activities in removing the drums and reproduces a graph of air monitoring readings during this time. This data summarizes lengthy sections of Dr. Budnitz's report, which was admitted into evidence. *See* P-1150 at 11-12 (PG-569); *id*. at 15-17, Fig. 1 (PG-502). The data in Dr. Budnitz's report was, in turn, a summary of information found in documents written by Dow or the AEC that are admissible as statements by a party-opponent or as ancient documents. The graphics should therefore be admissible under Fed. R. Evid. 1006.

**P-1067, P-1069, and P-1071** (attached as Exs. 6, 7, & 8) are RAC and ChemRisk reports. As the Court has made a blanket ruling admitting all of the RAC reports, *see* Tr. at 1424-25, these reports would fall under that ruling.

                                                     Respectfully submitted,

Dated: January 13, 2006                /s   Jennifer MacNaughton
                                                  Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS &
CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*