IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–CV-00181-JLK

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' RESPONSE TO DEFENDANTS' "UNOPPOSED"
MOTION REGARDING WISE EXHIBITS, AND
PLAINTIFFS' MOTION TO STRIKE ONE EXHIBIT**

On January 12, 2006, Defendants filed an "Unopposed Motion Regarding Wise Exhibits" (Ct. Rec. 1971-1) ("Wise Motion").

Defendants filed the Wise Motion to make sure the record reflected the Court's rulings regarding certain defense exhibits relating to the testimony of Defendants' witness, Dr. Kenneth Wise.

Plaintiffs wish to make sure the record is clear. Plaintiffs previously objected to a number of the exhibits at issue, both in written objections filed before Dr. Wise's testimony began, and during his testimony. Those objections are not withdrawn. However, except as specifically noted below, we do not oppose Defendants' motion to ensure the record accurately reflects the Court's admission of these exhibits over Plaintiffs' objections. As Plaintiffs understand Defendants'

Motion, the exhibits listed in Exh. A to the Wise Motion were, and are, admitted as demonstratives, unless a specific notation appears next to the exhibit on Exh. A.

There are two documents that Plaintiffs wish to draw to the Court's attention, however: DX 2085, and DX 2087.

Exh. DX 2085 was admitted as a demonstrative. It is unclear, however, whether Defendants now seek to offer it as a summary. If so, Plaintiffs *oppose* it because it does not accurately reflect or summarize the information contained in Dr. Wise's report. The numbers in DX 2085 do not match up with the numbers contained in Dr. Wise's report.

As to DX 2087, Plaintiffs move to *strike* that exhibit entirely. Exhibit DX 2087 (copy attached hererto) contains a bar graph illustrating the numbers of properties bought and sold by class members over the time period 1950-2003. The exhibit contains the following text:

> Even if Hunsperger/Radke were right, class members who purchased <u>after 1973</u> (97%) would <u>not</u> have been affected.
>
> Even if Hunsperger/ Radke were right, at most class members who purchased <u>before 1974</u> (3%) would have been affected.

This text (though unclear) appears to suggest that Plaintiffs' witnesses, Dr. Radke and Mr. Hunsperger, allege that properties were devalued in or around 1974, and that only "class members who purchased before 1974 (3%)" would be affected, and those who purchased later "would not have been affected." The text may also suggest that Plaintiffs' witnesses agree that only class members who purchased before 1974 were harmed ("affected"). These suggestions have no basis in the record, are false and confusing, and should not be part of the record. Accordingly, Plaintiffs move that DX 2087 be stricken.

                                                               Respectfully submitted,

Dated: January 13, 2006                      /s   Jennifer MacNaughton
                                                             Merrill G. Davidoff
Peter Nordberg
David Sorensen
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS &
CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*