IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

    Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION
FOR JUDGMENT AS A MATTER OF LAW**

---

Kane, J.

This matter is before me on Defendants' Motion for Judgment of Law (Docket #1771), filed December 8, 2005, at the close of Plaintiffs' case. Having carefully considered the motion and Plaintiffs' response, the relevant record and all applicable legal authorities, and being fully advised in the premises, I deny the motion for the following reasons:

Defendants' motion misstates the legal standards governing this case. It is replete with long-standing arguments that I specifically or implicitly rejected in *Cook IX*[1] and subsequent decisions defining the issues to be tried in this case, in my decisions on the parties' *Daubert* motions and other motions in limine and/or in the jury instructions I

---

[1] *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175 (D. Colo. 2003).

prepared and provided to the jury at the start of trial. Although Defendants acknowledge these rulings in some instances, in many others they do not, but rather insouciantly assert as law previously rejected standards and rules.

In many instances Defendants base their arguments on legal standards that they previously proposed as jury instructions in this case, but that were rejected in favor of the law and legal standards announced in the jury instructions of record in this case.[2] Consistent with my practice, these instructions were prepared before trial, based on very

---

[2]   Examples include, but are not limited to the following standards that Defendants proposed as jury instructions but that I rejected after careful consideration in favor of the jury instructions of record:  that the Colorado Supreme Court's *Van Wyk* decision sets regulatory standards and concerns as the standard for determining reasonableness in a nuisance claim (*see* Inst. Nos. 3.10-3.12); that the "utility" of Defendants' conduct for purposes of the nuisance claim depends solely on the social or national value of that conduct (*see* Inst. No. 3.10, 3.12); that Plaintiffs must prove diminution in value to prove substantial interference as part of their nuisance claim (*see* Inst. No. 3.9); that class members' acquisition of land after the alleged nuisance came into existence is a factor or a determinative factor in deciding whether any interference is substantial or unreasonable (*see* Inst. Nos. 3.9-3.12); that the concept of intervening cause is available to Defendants in this action (*see* Inst. No. 3.18); that Plaintiffs must prove a diminution in value before and after the FBI raid to recover damages (*see* Inst. No. 3.24; concept also rejected in *Cook IX*, 273 F. Supp. 2d at 1209-10); that Plaintiffs have the burden of proving any prior market discount caused by Defendants' allegedly tortious conduct (*see* Inst. No. 3.25; concept also rejected in the May 17, 2005 Order); that Plaintiffs' damages are confined to a back-calculated statute of limitations period (*see* Inst. No. 3.22; concept also rejected in *Cook X*, 358 F. Supp. 2d 1003, 1010-13 (D. Colo. 2004)); and that punitive damages are not available in this action and/or are limited to property damage occurring before August 20, 1988 (*see* Inst. No. 3.27; concept also rejected in *Cook I*, 755 F. Supp. 1468, 1481 (D. Colo. 1991), and *Cook IX*, 273 F. Supp. 2d at 1211-12). This list does not include, among others, the affirmative defenses and other contentions Defendants acknowledged in their motion had been previously rejected by the court, but that they nonetheless addressed at length in their motion and in the jury instructions they proposed before trial.

extensive submissions, briefing and argument from the parties.  I read the instructions to the jury and provided each juror with a written copy of the instructions at the beginning of the case, again as is my practice.  As both parties are aware and have recognized throughout the trial, these instructions state the law governing the jury's determination of this action.[3]

Any challenge to the sufficiency of the evidence presented by Plaintiffs must consider the evidence in terms of Plaintiffs' burden of proof on the elements of their claims as set forth in the jury instructions.  For the most part, Defendants did not do so in their motion, that is, they referred to the jury instructions occasionally when they thought it to their benefit, but otherwise ignored them in favor of rejected legal standards and principles.  As a result, most of the legal standards on which Defendants base their motion contradict or are fundamentally inconsistent with the law governing the jury's deliberations as set forth in the jury instructions.

---

[3]  Contrary to the implication in Defendants' recent request for revisions to these instructions, these instructions were only "preliminary" in the sense that they were prepared before jury selection and trial.  If events during trial make it necessary to modify these instructions, I do so, inform the jury of these modifications and provide them with updated copies of the instructions.  Unless and until this occurs, the jury instructions given at the start of trial govern this action.

Defendants' motion is also flawed in its repeated declaration of alleged standards of proof having no basis in law or that are based on an incomplete statement of applicable law. Whether Plaintiffs' evidence meets these putative standards is of no consequence.[4]

Finally, Defendants' arguments invite me to weigh the evidence without reference to the proper standard of review, which is whether there is a sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the elements of their claims. *See* Fed. R. Civ. P. 50 (a). It is axiomatic that in deciding this question I must consider all evidence presented by Plaintiffs and all reasonable inferences that can be drawn from it, and that I must view this evidence in the light most favorable to Plaintiffs.

Under the proper legal standards as set forth in the jury instructions and in Rule 50(a), and taking the evidence in its most favorable light, I find Plaintiffs presented sufficient evidence for a reasonable jury to find in their favor on both of their claims against both Defendants.

Because Defendants' Rule 50(a) motion was so prolix, Plaintiffs requested and I granted them additional time to respond. Nevertheless I have considered the evidence presented only during Plaintiffs' case in chief and have not considered any matters raised in Defendants' case.

Defendants' motion is denied.

---

[4] Defendants' motion contains other errors as well, such as its citation to and reliance on the deposition testimony of Charles McKay, which was not in the record when Defendants filed their motion, and is not in the record now.

Dated this 13th day of January, 2006.

    **s/John L. Kane**
John L. Kane, Senior District Judge
United States District Court