# Exhibit A

***PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* (1/12/06)**

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that their proposed revisions to Instruction No. 3.2 have not been submitted previously.  The proposed changes are to language adopted by the Court subsequent to the pretrial jury instruction process. The primary authority on which plaintiffs rely for the proposed revisions, *Restatement (Second) of Torts* § 930, has been raised with the Court on various previous occasions.

**Reasons for Proposed Changes:** Under section 930, it is not necessary that the trespassory invasion continue to the time of trial.  It is sufficient, e.g., if it appeared, as of the time suit was filed, that there was no reason to believe the injurious situation would terminate at any definite time in the future.  *Id.* comment b.

## INSTRUCTION NO. 3.2

Trespass Claim

Elements of the Claim of Trespass

The tort of trespass protects a landowner's right to exclusive possession and control of his property, which includes the right to keep the property free from contamination deposited there by others without the landowner's consent.

In this case, Plaintiffs and Defendants have stipulated that Plaintiffs and other Class members owned property in the Class Area as of June 7, 1989.  I will sometimes refer to these properties collectively as the "Class Properties."  Plaintiffs and Defendants have also stipulated that Plaintiffs and the other Class members do not consent to plutonium being on their properties.

Given these stipulations, in order for the Plaintiffs and the other Class members to recover from either Dow or Rockwell or both of them on their claim of trespass, you must

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.  ~~Plutonium~~ **The presence of plutonium** from Rocky Flats ~~is present~~ on the Class Properties (see Instruction No. 3.3).

2.  Dow or Rockwell or both of them intentionally undertook an activity or activities that in the usual course of events caused plutonium from Rocky Flats to be present on the Class Properties (see Instruction No. 3.18).

3.  It ~~appears~~ **appeared** this plutonium ~~will~~ **would** continue to be present on the Class Properties indefinitely (see Instruction No. 3.4).

You must consider whether the Plaintiffs have proved each of these elements against each Defendant.  If you find that an element has not been proved as to a particular Defendant, then your verdict on the trespass claim must be for that Defendant.  On the other hand, if you find Plaintiffs have proved all three elements as to a particular Defendant, then your verdict must be for Plaintiffs and against that Defendant.

2

***PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* (1/12/06)**

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that their proposed revisions to Instruction No. 3.3 have not been submitted previously.  The proposed changes are to language adopted by the Court subsequent to the pretrial jury instruction process. The primary authority on which plaintiffs rely for the proposed revisions, *Restatement (Second) of Torts* § 930, has been raised with the Court on various previous occasions.

**Reasons for Proposed Changes:** Under section 930, it is not necessary that the trespassory invasion continue to the time of trial.  It is sufficient, e.g., if it appeared, as of the time suit was filed, that there was no reason to believe the injurious situation would terminate at any definite time in the future.  *Id.* comment b.

## INSTRUCTION NO. 3.3

Trespass Claim

First Element: Presence of Plutonium

The first element of the trespass claim requires that Plaintiffs prove ~~that plutonium is present~~ **the presence of plutonium** on the Class Properties.  To prove this element, Plaintiffs are **not** required to show ~~that plutonium is present~~ **the presence of plutonium** on the Class Properties at any particular level or concentration, that they suffered any bodily harm because of the plutonium or that the presence of plutonium on the Class Properties damaged these properties in some other way.

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

---

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that their proposed revisions to Instruction No. 3.4 have not been submitted previously.  The proposed changes are to language adopted by the Court subsequent to the pretrial jury instruction process.  The primary authority on which plaintiffs rely for the proposed revisions, *Restatement (Second) of Torts* § 930, has been raised with the Court on various previous occasions.

**Reasons for Proposed Changes:** Under section 930, it is not necessary that the trespassory invasion continue to the time of trial.  It is sufficient, e.g., if it appeared, as of the time suit was filed, that there was no reason to believe the injurious situation would terminate at any definite time in the future.  *Id.* comment b.

---

## INSTRUCTION NO. 3.4

Trespass Claim

Third Element: Continuing Trespass

In deciding the third element of Plaintiffs' trespass claim, which is whether it ~~appears~~ **appeared** that plutonium ~~will~~ **would** continue to be present on Class Properties indefinitely, it is not necessary for you to find that the plutonium will be there forever.  Instead, in deciding this element, you should consider whether there ~~is~~ **was** any reason to expect that the plutonium present on Class Properties ~~will~~ **would** be removed at any definite time in the future.  If you find there ~~is~~ **was** no reason to expect it ~~will~~ **would** be removed by a definite time, then you must find it ~~appears~~ **appeared** that plutonium ~~will~~ **would** continue to be present on the Class Properties indefinitely.

4

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

---

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that their proposed revisions to Instruction No. 3.5 have not been submitted previously.  The proposed changes are to language adopted by the Court subsequent to the pretrial jury instruction process.

**Reasons for Proposed Changes:** Defendants have presented no evidence tending to show that plutonium was removed from any defined location in the class area, whether as the result of development or otherwise.  Yet defendants have invited the jury to conclude that plutonium has been bulldozed away, at locations they leave unspecified. *See, e.g.*, Tr. (11/22/05) at 6307-08 (vol. 48).  A revision to the concluding sentence is also proposed, because as currently drafted, the sentence could be misconstrued to mean the opposite of what is intended.  It could be misconstrued, that is, to mean, "You should not consider these to be irrelevant matters . . . . "

---

## INSTRUCTION NO. 3.5

Trespass Claim

### Matters That Are Not Relevant to Deciding the Trespass Claim

A trespass may exist even though the conduct that originally caused the invasion of the plaintiff's land has ceased.  Accordingly, in considering whether Plaintiffs have proved the elements of their trespass claim as stated in Instruction No. 3.2, it is irrelevant that Dow and/or Rockwell ceased any such activities before Plaintiffs brought this suit or that the Rocky Flats plant itself is now shut down.

That Plaintiffs or Class members knew or could have known that plutonium was present on their properties when they purchased them is also irrelevant to determining whether Dow or Rockwell are liable for trespass as stated in Instruction No. 3.2.

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

**You have been presented with no evidence that plutonium has been removed, by defendants or any other person, from any particular location on which it may have been deposited in the Class area.**

~~You should not consider these~~ **These** irrelevant matters **should not be considered** in determining the trespass claim.

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that their proposed revisions to Instruction No. 3.6 have not been submitted previously.  The proposed changes are to language adopted by the Court subsequent to the pretrial jury instruction process.  The primary authority on which plaintiffs rely for the proposed revisions, *Restatement (Second) of Torts* § 930, has been raised with the Court on various previous occasions.

**Reasons for Proposed Changes:** Under section 930, it is not necessary that the invasion continue to the time of trial.  It is sufficient, e.g., if it appeared, as of the time suit was filed, that there was no reason to believe the injurious situation would terminate at any definite time in the future.  *Id.* comment b.

## INSTRUCTION NO. 3.6

### Nuisance Claim

### Elements of the Nuisance Claim

Plaintiffs claim that Defendants, through their operation of the Rocky Flats plant, caused a nuisance.  In order for the Plaintiff Class to recover from either Dow or Rockwell or both of them on their claim of nuisance, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.    Dow or Rockwell or both of them interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these two ways:

    A.    By causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure (see Instruction Nos. 3.7, 3.18); and/or

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

    B.    By causing objective conditions ~~that pose~~ **posing** a demonstrable risk of future harm to the Class Area (see Instruction Nos. 3.7, 3.18);

2.    This interference with Class members' use and enjoyment of their properties was both "unreasonable" and "substantial" (see Instruction Nos. 3.8 - 3.12);

3.    The activity or activities causing the unreasonable and substantial interference were either "intentional" or "negligent" (see Instruction Nos. 3.13 - 3.16); and

4.    It ~~appears~~ **appeared** the unreasonable and substantial interference with the use and enjoyment of property caused by Dow and/or Rockwell's intentional or negligent conduct ~~will~~ **would** continue indefinitely (see Instruction No. 3.17).

You must consider whether the Plaintiffs have proved these elements against each Defendant.  If you find that any one of these elements has not been proved as to a particular Defendant, then your verdict on the nuisance claim must be for that Defendant. On the other hand, if you find Plaintiffs have proved each of these elements as to a particular Defendant, then your verdict on the nuisance claim must be for Plaintiffs and against that Defendant.

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

---

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that certain of these proposed revisions to Instruction No. 3.7 were requested in Plaintiffs' Proposed Revisions to Jury Instructions (Dec. 22, 2005) ("Plaintiffs' December 22 Filing") [Ct. Rec. 1885], on which the Court has not yet ruled.  Specifically, that submission requested: (a) the addition of the two sentences proposed below after the existing instruction's second paragraph, based on *Restatement (Second) of Torts* § 821E; and (b) the addition of two sentences similar to those proposed below for insertion after the existing instruction's fourth paragraph. The remaining proposed revisions to Instruction No. 3.6 have not been submitted previously and are to language adopted by the Court subsequent to the pretrial jury instruction process.  The primary authority on which plaintiffs rely for those remaining proposed revisions, *Restatement (Second) of Torts* § 930, has been raised with the Court on various previous occasions.

**Reasons for Proposed Changes:** *See* Plaintiffs' December 22 Filing.  In addition, under section 930, it is not necessary that the invasion continue to the time of trial.  It is sufficient, e.g., if it appeared, as of the time suit was filed, that there was no reason to believe the injurious situation would terminate at any definite time in the future.  *Id.* comment b.

---

## INSTRUCTION NO. 3.7

Nuisance Claim

<u>First Element:  Interference with Use and Enjoyment of Property</u>

The purpose of a nuisance claim is to protect a landowner's right to use and enjoy his property.  Although there are countless ways that a person or company can interfere with this right, for purposes of deciding the first element of the Plaintiff Class' nuisance claim, you may only consider the two possible forms of interference with Class members' use and enjoyment of their property that I stated in Instruction No. 3.6 and will describe further here.

9

***PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* (1/12/06)**

The first possible form of class-wide interference is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure. To find that Plaintiffs proved this form of interference, you do not need to find that all Class members were exposed to plutonium at the same time or by the same methods or to the same degree or that they all incurred the same level of health risk as a result of exposure to plutonium. It is enough to find for purposes of this form of interference with use and enjoyment of property that ~~all~~ **the** Class members were exposed to plutonium in some way as a result of one or both Defendants' activities and ~~that all~~ incurred some increment of increased health risk as a result.

**There may be some nonresident Class members – that is, Class members who owned property within the Class Area but without living there. Those Class members too have suffered interference with use and enjoyment, if you find that occupancy of their properties *would* have resulted in exposure to plutonium in some way, causing some increment of increased health risk, as a result of one or both Defendants' activities.**

The second possible form of interference you must consider in deciding this first element of the Plaintiff Class' nuisance claim is whether one or both of Defendants'

10

***PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* (1/12/06)**

activities at Rocky Flats interfered with Class members' use and enjoyment of their

properties by creating objective conditions ~~that pose~~ **posing** a demonstrable risk of future

harm to the Class Area.  For example, if plutonium or other hazardous substances present

on or in the vicinity of Rocky Flats is at risk of being released to the Class Area --

through natural forces, cleanup activity, the conduct of others and/or accidents -- and

could cause harm to properties in the Class Area by increasing the health risk to residents

or impairing the future use of their land in some way, then this would be an objective

condition that poses a demonstrable risk of future harm to the Class Area.

In order for you to find interference based on the threat or risk of future harm, you

also need not find that the future harm *will* occur and affect the whole of the Class Area.

You need only find that conditions exist that present the *potential* for such class-wide

harm to occur.

**You need not find that all Class members were subject to the same form of**

**interference with use and enjoyment.  It is enough if the Class members were subject**

**to *some* form of interference, even if some Class members were subject only to the**

**first form of interference, others only to the second, and still others to both.**

In deciding whether either or both forms of possible class-wide interference exists,

you should not consider whether individual Plaintiffs or Class members are or might be

fearful, anxious or otherwise disturbed by any real or perceived risks relating to Rocky

11

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

Flats and the Defendants' activities there or the conditions they left behind.  Individual

reactions to these matters are not relevant to the question of whether a class-wide

interference exists.

You also should not consider in deciding this element of the nuisance claim

whether Defendants' activities caused any decrease in the value of Class members'

properties.  The law does not consider a decrease in property value to be an interference

with the use and enjoyment of property.

If you find that Plaintiffs have proved either Dow or Rockwell or both of them

interfered with Class members' use and enjoyment of property in one or both of the ways

I described in Instruction No. 3.6 and in this instruction, then you must find that Plaintiffs

have proved the first element of their nuisance claim with respect to the Defendant or

Defendants who caused or contributed to the proven interference.  If, however, you find

that neither Defendant interfered with Class members' use and enjoyment of property in

at least one of these ways, then you must find Plaintiffs have not proved this element of

their nuisance claim against either Defendant.

***PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* (1/12/06)**

---

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that their proposed revisions to Instruction No. 3.17 have not been submitted previously.  The proposed changes are to language adopted by the Court subsequent to the pretrial jury instruction process.  The primary authority on which plaintiffs rely for the proposed revisions, *Restatement (Second) of Torts* § 930, has been raised with the Court on various previous occasions.

**Reasons for Proposed Changes:** Under section 930, it is not necessary that the invasion continue to the time of trial.  It is sufficient, e.g., if it appeared, as of the time suit was filed, that there was no reason to believe the injurious situation would terminate at any definite time in the future.  *Id.* comment b.

---

## INSTRUCTION NO. 3.17

Nuisance Claim

<u>Fourth Element:  Continuing Nuisance</u>

As stated in Instruction No. 3.6, the fourth element Plaintiffs must prove to prevail on their nuisance claim is that it ~~appears~~ **<u>appeared</u>** that the unreasonable and substantial interference with the use and enjoyment of property caused by Dow and/or Rockwell's intentional or negligent conduct ~~will~~ **<u>would</u>** continue indefinitely.  In deciding this element, it is not necessary for you to find that the interference meeting these requirements will last forever.  Instead, you should consider whether there ~~is~~ **<u>was</u>** any reason to expect that the interference ~~will~~ **<u>would</u>** end at any definite time in the future.  If you find there ~~is~~ **<u>was</u>** no reason to expect the interference to end by a definite time, then you must find it ~~appears~~ **<u>appeared</u>** the interference ~~will~~ **<u>would</u>** continue indefinitely.

13

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

---

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that their proposed revisions to Instruction No. 3.22 have not been submitted previously.  The proposed changes are to language adopted by the Court subsequent to the pretrial jury instruction process. The primary authority on which plaintiffs rely for the proposed revisions, *Restatement (Second) of Torts* § 930, has been raised with the Court on various previous occasions.

**Reasons for Proposed Changes:** Plaintiffs do indeed contend that the injurious situation became complete and comparatively enduring in the period between the FBI raid and Rockwell's guilty plea.  However, plaintiffs have presented evidence of damages under section 930's damage measure for the years 1988 through 1995, and are entitled to recover if the jury should find the injurious situation became complete and comparatively enduring at any time during that 1988-95 period.  Corresponding revisions are proposed for Instruction No. 3.25.  Plaintiffs intend to file a motion for judgment as a matter of law on defendants' affirmative defense, and its disposition could also affect this instruction and Instruction No. 3.25.

---

**INSTRUCTION NO. 3.22**

Both Claims

Measure of Actual Damages

Plaintiffs seek an award of actual damages based on the decrease in the value of properties in the Class Area caused by the trespass and/or nuisance committed by Dow or Rockwell or both of them.  This type of actual damages is sometimes called diminution in property value.

The diminution in property value that Plaintiffs may recover here is measured by the difference between the actual value of the Class Properties and the value these Properties would have had if Dow or Rockwell or both of them had not committed the

14

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

trespass and/or nuisance proved by Plaintiffs.  In other words, you must compare the actual value of the Class Properties to what their value would have been "but for" the trespass and/or nuisance, and the difference is the diminution in property value that Plaintiffs can recover as actual damages in this case.

In a case like this, the law requires that you measure the amount of any such diminution in Class property values at a particular point in time.  That point is the time or time period when the injurious situation became "complete" and "comparatively enduring."  The injurious situation is "complete" when the effects of the trespass or nuisance are known to their full extent.  It is "comparatively enduring" when there is no reason to expect that these effects will end at a definite time in the future.  When the injurious situation became "complete" and "comparatively enduring" in this case is a question you will decide as I will describe in just a moment.

Plaintiffs contend that the diminution in the value of Class properties should be measured as of the period between June 6, 1989, when the FBI and U.S. Environmental Protection Agency searched Rocky Flats as part of their investigation into alleged wrong-doing by Rockwell, and March 26, 1992, when Rockwell pled guilty to certain environmental crimes at Rocky Flats.  Plaintiffs allege this is the right time period to measure their actual damages because this is when the injurious effects of Defendants' alleged trespass and nuisance became "complete" and "comparatively enduring."

15

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

**However, Plaintiffs may recover if the injurious situation became "complete" and "comparatively enduring" at any time from 1988 through 1995.**

Accordingly, to decide whether Plaintiffs are entitled to the actual damages they seek in this case, you must determine whether Plaintiffs have proved by a preponderance of the evidence that:

1. The injurious situation became "complete" and "comparatively enduring" (as defined in this instruction) between ~~June 6, 1989, and March 26, 1992;~~ **January 1, 1988, and December 30, 1995;** and

2. As of this time, the actual value of the Class Properties was less than the value these Properties would have had but for the trespass and/or nuisance committed by Dow or Rockwell or both of them; and

3. The amount of the difference between the actual value of Class Properties and what their value would have been but for the trespass and/or nuisance (see Instruction No. 3.23).

16

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that their proposed revisions to Instruction No. 3.25 have not been submitted previously.  The proposed changes are to language adopted by the Court subsequent to the pretrial jury instruction process.  The primary authority on which plaintiffs rely for the proposed revisions, *Restatement (Second) of Torts* § 930, has been raised with the Court on various previous occasions.

**Reasons for Proposed Changes:** The changes proposed for this instruction correspond to the changes proposed in Instruction No. 3.22.  Plaintiffs do indeed contend that the injurious situation became complete and comparatively enduring in the period between the FBI raid and Rockwell's guilty plea.  However, plaintiffs have presented evidence of damages under section 930's damage measure for the years 1988 through 1995, and are entitled to recover if the jury should find the injurious situation became complete and comparatively enduring at any time during that 1988-95 period.  Plaintiffs intend to file a motion for judgment as a matter of law on defendants' affirmative defense, and its disposition could also affect this instruction and Instruction No. 3.22**.**

## INSTRUCTION NO.  3.25

Both Claims

Affirmative Defense:  Setoff

If you find that the Plaintiff Class has proved actual damages, then you must consider whether Dow and Rockwell have proved their affirmative defense of setoff.

This defense is based on the rule that if the defendant's wrongful conduct has caused harm to the plaintiff, but also has conferred a direct benefit on the plaintiff, then the value of the benefit conferred mitigates, that is reduces, the actual damages that may be recovered for the defendant's wrongful conduct.

17

***PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* (1/12/06)**

In this case, Dow and Rockwell argue that any trespass or nuisance you find harmed the Plaintiff Class by diminishing the value of their properties also conferred a benefit on the Class because all or some Class members purchased their properties at a diminished price as a result of the same trespass or nuisance.

In order to prevail on this affirmative defense of setoff, Dow and Rockwell must prove by a preponderance of the evidence:

1.     That the trespass and/or nuisance that damaged the Plaintiff Class by diminishing the value of property in the Class Area also caused a diminution in the value of Class Properties in one or more specific time periods before ~~June 6, 1989,~~ **the time, if any, falling within the period 1988-95 when you find the injurious situation became "complete and comparatively" enduring;**

and

2.     The amount of any such pre-existing diminution in the value of Class properties, expressed as the percentage decrease in value, for each specific time period or periods for which Defendants proved a ~~pre-June 7, 1989~~ **pre-existing** diminution in Class property values caused by their trespass and/or nuisance.

18

***PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* (1/12/06)**

If you find that Dow and/or Rockwell did not prove both of the elements for setoff by a preponderance of the evidence, then you must find Dow and/or Rockwell failed to prove this affirmative defense.

On the other hand, if you find that Dow and/or Rockwell proved both elements of this defense by a preponderance of the evidence, then you must find they proved this affirmative defense as to the time period or periods you report on the Jury Verdict Form. If you make this finding, then your findings regarding the pre-existing percentage diminution in value for the specific time period or periods will be used in a later proceeding to calculate the amount by which the Plaintiffs' actual damages will be reduced on account of this defense of setoff.

If you find Dow and/or Rockwell has proved this affirmative defense, then you must use calm discretion and sound reason, not sympathy, prejudice, or speculation, in fixing the amount of any pre-existing diminution in Class property values. Difficulty or uncertainty in determining the precise amount of any setoff does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

19

**PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS (1/12/06)**

---

**Plaintiffs' Certification:** Pursuant to the Court's Order on Jury Instruction Submissions (Jan. 4, 2006) [Ct. Rec. 1929], plaintiffs state that their proposed revisions to Instruction No. 4.5 have not been submitted previously.  The proposed changes are to language adopted by the Court subsequent to the pretrial jury instruction process.

**Reasons for Proposed Changes:** The changes proposed for this instruction correspond to the proposal, in Plaintiffs' Proposed Verdict Form (Jan. 9, 2006) [Ct. Rec. 1947], that a single verdict form be employed.

---

### INSTRUCTION NO. 4.5

Jury Verdict Form

You will each have copies of a document called a Jury Verdict Form. ~~There is one Jury Verdict Form for each Defendant.~~  You are instructed to answer the questions in ~~each~~ **the** Jury Verdict Form as directed in that form.

In order to answer any question on the Jury Verdict ~~Forms,~~ **Form,** ~~ten~~ **nine** jurors must agree upon the answer.  It is not necessary that the jurors who agree on the answer be the same jurors who agreed on the answer to any other question, so long as ~~ten~~ **nine** jurors agree to each answer.

Upon arriving at an agreement, your Presiding Juror will insert each answer on the ~~appropriate~~ Jury Verdict Form.  After all of the questions have been answered as directed by the Jury Verdict Form, your Presiding Juror will date ~~each~~ **the** Jury Verdict Form, sign it, and then ask all of the other jurors to sign it.

*PLAINTIFFS' PROPOSED REVISIONS TO JURY INSTRUCTIONS* **(1/12/06)**

After you have filled out both Jury Verdict Forms in this manner, your Presiding

Juror should advise the court security officer stationed outside the jury room that you

have reached a verdict.