IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–CV-00181-JLK

**MERILYN COOK, et al.,**

　　Plaintiffs,

　　　　v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

　　Defendants.

**PLAINTIFFS' MOTION TO STRIKE THE TESTIMONY OF
DR. JOHN TILL REGARDING THE "BULLDOZER THEORY"**

　　Plaintiffs move to strike the portions of Dr. Till's testimony where he opines regarding the defendants' "bulldozer theory," *i.e.* that plutonium that was present on class properties was completely removed, from one or more unidentified properties, by construction activity. Plaintiffs file this Motion as a companion submission to their Motion for Judgment as a Matter of Law.

　　For years defendants chose not to dispute the issue of whether the class area had been contaminated with plutonium from Rocky Flats. The bulldozer theory first appeared in 2005 in response to the Court's enumeration of stipulated facts, which included the existence of a trespass. The "evidence" for this theory consisted of declaration by defendants' expert Dr. Ward Whicker, and another declaration by a Mr. Peter Elzi who has made no other appearance on the record in this case before or since. *See* Defendants' Objections to Identification of Stipulated Facts, filed Jan. 14. 2005, appendices [Docket #1315]. The Court appropriately struck Dr. Whicker's newly announced expert

opinion as an improper supplement under Fed. R. Civ. P. 26(e). *See* 9/13/2005 Hearing Tr. at 9; see also Plaintiffs' Motion to Exclude Testimony of Certain Defense Expert Witnesses, filed June 16, 2005, at 22-25.

At trial, defendants made an end-run around the Court's ruling by having their risk and dose assessment expert, Dr. John Till, reiterate the bulldozer theory to which Dr. Whicker's signature had previously been affixed. Tr. at 8206, 8449, 8285. This theory appears nowhere in Dr. Till's expert report.[1] Moreover, as discussed in more detail in plaintiffs' Motion for Judgment as a Matter of Law, Dr Till's testimony on the bulldozer theory was pure speculation; he provided no factual or expert basis for his opinion, nor any reliable methodological basis for it. It appears Dr. Till's "opinion" was spoon-fed to him by defense counsel: the bulldozer theory appeared in the record primarily as the result of a videotape prepared by defense counsel, not by Dr. Till. *See* Tr. at 8203-04, 8206, 8390-91. In stark contrast, plaintiffs' expert Dr. Cochran took an active role in creating the video presented with his testimony, and plaintiffs provided that videotape to defendants a decade before this trial began.

The same principles that made it improper for defendants to suddenly expand Dr. Whicker's expert testimony into an entirely new realm, apply doubly to their use of the same script with Dr. Till. This new expert opinion of Dr. Till's has materialized over a year after this Court's July 30, 2004 deadline for supplementation of expert reports. *See* 6/17/2004 Order [docket #1238]. Even apart from the timeliness issue, this new testimony is not a proper "supplement" under Rule 26

---

[1] Under Federal Rule of Civil Procedure 37(c)(1), any expert opinion not properly disclosed under Rule 26 should be excluded at trial.

because it does not correct an inaccuracy or incorporate newly discovered information. *See* Fed.R. Civ.P. 26(e) (requiring supplementation if information is "incomplete or incorrect"); *Keener v. U.S.*, 181 F.R.D. 639, 640 (D. Mont. 1998) (supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."). A proper expert supplement may not raise new subjects not previously covered by the initial report. *See Beller v. United States*, 221 F.R.D. 689, 694-95 (D.N.M. 2003); *Schweitzer v. Dekalb Swine Breeders, Inc.*, 954 F. Supp. 1495, 1509-10 (D. Kan. 1997).

An expert witness should testify about his own research and conclusions, as described in his expert report. An expert should not be used to parrot whatever speculative arguments a party may imagine. In essence, defendants have sought to convert their baseless "bulldozer theory" from the realm of attorney argument, where it surely originated, to the realm of evidence simply by having an expert make the argument in place of counsel. Plaintiffs respectfully request that Dr. Till's opinions on the bulldozer theory be stricken.

Respectfully submitted,

Dated: January 14, 2006                     /s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

3

Louise Roselle
WAITE SCHNEIDER BAYLESS & CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

David M. Bernick, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

and

Joseph J. Bronesky, Esq.
Sherman & Howard, LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202

Attorneys for Defendants

   /s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

*Attorney for Plaintiffs*