## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

               Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

               Defendants.

_____

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE TESTIMONY OF DR. JOHN TILL

_____

       For at least the fourth time in a month, plaintiffs have asked this Court to exclude Dr. John Till's testimony relating to the video (DV-1) that was admitted during his direct examination.  Plaintiffs' first attempt to exclude the video and testimony about matters in the video came on December 14, 2005, the day before Dr. Till testified, in plaintiffs' objections to exhibits that defendants intended to use at trial with Dr. Till.  (*See* Pls.' Objections, Doc. No. 1837, 12/14/05.)  The Court overruled those objections in Court on December 15.  (12/15/05 Trial Tr. at 8155.)  Plaintiffs continued their objections to the video at the time that it was played to the jury.  (*Id.* at 8204.)  The Court adhered to its earlier ruling overruling the objection.  (*Id.*)  Later the same day, plaintiffs' counsel, once again, lodged their objections to the Till video and the Court, once again, overruled the objection.  (12/15/05 Trial Tr. at 8350-51.)  Now, one month after Dr. Till has testified, plaintiffs resurrect their thrice-overruled objections to the

admissibility of DV-1 by dressing up their previously made objection with a catchy name (the motion to strike the "bulldozer theory"). Despite the rhetoric, plaintiffs' motion is nothing more than a motion to reconsider a ruling that the Court has made three times before. Plaintiffs raise no new arguments, cite no intervening case law, and identify no newly developed facts. Their arguments are just as meritless as they were the first three times around, and their motion should be denied.

**First**, plaintiffs' motion fails to conform to the Court's order regarding motions for reconsideration filed during the course of trial. It cites no intervening law and no newly developed facts. The arguments made in the present motion mimic the same arguments made in plaintiffs' written objections submitted on December 14; namely, that the matters discussed in the video admitted into evidence during Dr. Till's testimony are beyond the scope of his expert report and that there is no foundation for Dr. Till to testify to those matters. (*Compare* Pls.' Mot. to Strike *with* Pls.' Objections at 1-4.)

**Second**, to the extent that the present motion seeks not only to strike the video but also to strike Dr. Till's testimony relating to the disturbance of plutonium in surface soil by development, plaintiffs failed to object during Dr. Till's testimony and have waived their present objections. In his direct testimony, Dr. Till was asked by defense counsel about the presence of Rocky Flats plutonium in undisturbed soil and the effect of development. Dr. Till testified as follows, **without any objection from plaintiffs' counsel**:

> Q. Are you aware of any study that actually demonstrates that as of 1975, 1980, 1985, let's just pick 1989, are you aware of any study that actually demonstrates as of 1989 that there is contamination in the soil off-site of Rocky Flats and within that class contour throughout the contour?

> A. No, there is no study of that kind.
>
> Q. In fact, if we take a look at the post-1970 period of time, and you take a look at the class area, has that class area remained undisturbed or has the class area been developed?
>
> A. There's tremendous development in the class area.  I mean, there's no question about that.  It has been disturbed.

(12/15/05 Trial Tr. at 8285.)

After failing to raise an objection, the next day plaintiffs' counsel pursued this issue further on cross-examination, eliciting the very testimony that plaintiffs now seek to have stricken from the record:

> Q. Okay.  So now in that video that you showed the jury yesterday, there was a section that, you know, showed a house being built and there was this big mound of dirt.  If the soil's disturbed by a bulldozer, as was described in the video, it's not that the plutonium is no longer in the environment, it's just that you've moved it around, right?
>
> A. Well, in the first place, remember the plutonium is going to be near the surface of the soil.  So if a bulldozer comes in, pushes the stuff off – or it's hauled off somewhere, it's not there, it's gone somewhere else.

(12/16/05 Trial Tr. at 8449.)

*Third*, plaintiffs' arguments that Dr. Till lacks the personal knowledge or foundation for his testimony about the disturbance of plutonium in soil is without merit.  On cross-examination, plaintiffs' counsel asked Dr. Till if he has "personal knowledge of the information in that video about residential development," to which Dr. Till replied that he had "seen this area several times" and that he has "personal knowledge of what's out there, yes."  (12/16/05 Trial Tr. at 8392.)  He further testified that the video "seems like it reflects pretty clearly what's going on in the area to me." (*Id.* at 8393)  Dr. Till's testimony, furthermore, was based on his knowledge of

soil sampling studies that RAC had used to validate its release estimates in the Rocky Flats dose reconstruction project for the CDH, including his observations from those studies that plutonium resides in the upper surface of undisturbed soil.  (12/15/05 Trial Tr. at 8284-85; 12/16/05 Trial Tr. at 8449, 8452, 8523-29.)  In addition, one of the very first tasks that RAC was asked to perform when it began working under its contract with CDH was to review the materials that ChemRisk had reviewed and the reports that ChemRisk had written.  One of those reports was ChemRisk's Task 7 report, which described historical land use, including the rapid encroachment of real-estate development toward the Rocky Flats plant in the 1970s and 1980s.  (DX-505 at 39 & figs. 4-2, 4-3, 4-4, 4-5, 4-6, 4-9.)  Clearly, the Courts' three previous rulings overruling plaintiffs' objections to the video used during Dr. Till's testimony recognized the foundation for Dr. Till's testimony and his personal knowledge of the matters to which he was permitted to testify.  The plaintiffs' latest round of objections to that testimony – really a motion to reconsider – should be denied.

Dated:  January 17, 2006                              Respectfully submitted,


                                                     s/ John E. Tangren_____
                                                     One of the Attorneys for the Defendants
                                                     David M. Bernick
                                                     Douglas J. Kurtenbach
                                                     Ellen Therese Ahern
                                                     Mark J. Nomellini
                                                     Stephanie A. Brennan
                                                     KIRKLAND & ELLIS LLP
                                                     200 East Randolph Drive
                                                     Chicago, Illinois 60601-6636
                                                     Phone:  312-861-2000
                                                     Fax:     312-861-2200

                                                     Joseph J. Bronesky

SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on January 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                         s/ Kari Knudsen_____
                                         Kari Knudsen (legal assistant)