**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
No. 90-cv-181-JLK**

_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR JUDGMENT AS A MATTER OF LAW**
_____

Plaintiffs respectfully submit this reply in support of Plaintiffs' Motion for Judgment as a Matter of Law (Jan. 14, 2006) [Ct. Rec. 1979].

If defendants were correct that plaintiffs' expert analysis showing a diminution in value in 1988-95 could be combined with Dr. Wise's expert testimony to support a jury inference of diminution for all years from 1974 forward, it would follow that the jury instructions require modification. In that event, plaintiffs would be entitled to the same inference, in which case the evidence of record would support a plaintiffs' verdict if the injurious situation became "complete and comparatively enduring" at any time from 1974 onward – not just from 1988 through 1995, as Instruction No. 3.22 (revised) currently has it.

But plaintiffs believe defendants' argument is incorrect, because the inference on which defendants' argument depends would need to be founded on specialized knowledge within the ambit

of Fed. R. Civ. P. 702 – that is, on the testimony of some expert who actually drew the inference in question on methodologically legitimate grounds. There exists no such testimony. No appraiser, statistician, or other expert has testified that the empirical foundations and methodological approaches reflected in Dr. Wise's regressions and the analyses of plaintiffs' experts are even factually and logically consistent with one another – let alone that the conclusions of both analyses should be accepted and defendants' proposed inference drawn. Nor, incidentally, has any expert opined that any differential in value existing prior to 1988 was attributable to Rocky Flats.

As regards the bulldozers: First, defendants appear to misunderstand the point concerning the location and timing of any decontamination. It is not that all proof must be location-specific. Class-wide proof of contamination is permissible under this Court's rulings. So too would be class-wide evidence of decontamination. But defendants have no class-wide evidence and no location-specific evidence either. They therefore have no evidence to support an inference that decontamination occurred at any particular place.

Second, plaintiffs do not understand defendants' theory that representations by defense counsel – agents for defendants acting within the scope of their actual and apparent authority – are not binding on the principal, so long as the statements were motivated by a desire to probe the Court's position. *See* Def. Mem. at 20-21. When counsel represent that an issue is so free from dispute that there is no need for a jury to decide it, the Court and the parties are entitled to credit that representation in fashioning case-management plans under Fed. R. Civ. P. 16 and 23(d). Plaintiffs have certainly been held to their own counsel's representations – e.g., that the trespass claims would be limited to plutonium. Defendants were free, during pretrial planning, to state forthrightly not only that the existence of contamination was in dispute, but that it was in particular dispute in certain

*Plaintiffs' Reply in Support of Motion for Judgment as a Matter of Law – Page 2*

defined areas, for which subclasses might then have been created. Not only did they fail to do so; they have failed to produce *evidence* of actual decontamination in any defined area. In the circumstances, the jury should not be invited to speculate on the subject.

Respectfully submitted,

Dated: January 17, 2006

s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs
And the Class

*Plaintiffs' Reply in Support of Motion for Judgment as a Matter of Law – Page 3*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 17, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

  David M. Bernick, Esq.
  Kirkland & Ellis LLP
  200 East Randolph Drive
  Chicago, IL 60601

    and

  Joseph J. Bronesky, Esq.
  Sherman & Howard, LLC
  633 Seventeenth Street, Suite 3000
  Denver, CO 80202

  Attorneys for Defendants

              s/ Peter Nordberg
              Peter Nordberg