**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS' JANUARY 17, 2006 MOTION TO
CLARIFY THE RECORD REGARDING CERTAIN EXHIBITS, AND MOTION TO
ADMIT EXHIBITS**
_____

        Defendants hereby respond to plaintiffs January 17, 2006 Motion to Clarify the Record Regarding Certain Exhibits, and Motion to Admit Exhibits, and in support thereof state:

        As an initial matter, defendants note that many of the exhibits referenced in plaintiffs' motion are the subject of ongoing negotiations between plaintiffs and defendants.

**Exhibit G-034:** This exhibit is inaccurate. The legend is stated in radioactivity units that were not even in existence at the time of the Krey and Hardy study, and for which plaintiffs have provided no basis. As of Friday afternoon, plaintiffs were to provide a different legend for this document.

**Exhibit G-1003:**  This is an exhibit that is the subject of ongoing negotiations between counsel for plaintiffs and counsel for defendants.

**Exhibit V-046:**  Defendants have repeatedly (and, in part, successfully) objected to this exhibit. *See* Defendants' Objections to Video Exhibits Sought to be Used by Plaintiffs With Dr. Weston on December 13, 2005; Defendants' Objections to Video Exhibits Sought to be Used by Plaintiffs on November 22, 2005. The Court admitted only the redacted video portion of the clip, but ***not any of the commentary*** (which includes extremely prejudicial and inflammatory references to "the most dangerous building in America").

> Q.  That Nightline program was 1994.  Was that what the plant looked like on the day that Rockwell left in 1989?
> MR. BERNICK:  Before the witness answers that question, we would ask for an instruction from the Court that the video was introduced for purposes of establishing for this witness what the plant looked like and that all the statements that were made by the journalists and also by the subsequent contractor and also by Mr. Silverman, whose testimony previously was stricken, all of that is not to be considered by the jury for the truth of the matter asserted.
> THE COURT:  That's a fair request.  The comments by the television people and the other employees are not evidence against Rockwell and Dow.  Go ahead.
> MS. ROSELLE:  Your Honor, for the record, V190 is admitted, correct?
> THE COURT:  It's admitted over objection.
> MR. BERNICK:  ***But with respect to the commentary*** or with respect to --
> THE COURT:  ***No, just with respect to the video portion***.

(Trial Tr. at 7831) (emphasis added).  To the extent that plaintiffs are now seeking ***reconsideration*** of the Court's ruling with respect to any ***commentary*** in the video, that motion

2

should be denied.  At best, only the video (not the commentary) portions of the redacted video clip used with Dr. Weston have been admitted, and plaintiffs' motion for reconsideration does not provide any basis for overturning that ruling.

**Exhibit P-731:**  This newspaper article contains inadmissible charts and text concerning Rockwell's profits both at Rocky Flats and elsewhere.  No effort has been made to redact this or other inadmissible material from this newspaper article.

**Exhibit P-738:**   To the extent that the newspaper article is admitted for the limited purposes allowed by Instruction 2.7, defendants have no objection.

**Exhibit P778:**  Defendants object to this exhibit on the ground that it pertains to a DOE admission of a technical violation that occurred *after Rockwell had left* the plant.

**Exhibit P796:**  Defendants object to this exhibit on the ground that it regards leaks that occurred *after Rockwell had left* the plant.

Again, defendants note that several of these exhibits are subject to ongoing negotiations between plaintiffs and defendants.

Dated:  January 17, 2006                               Respectfully submitted,


                                                                     /s/ Stephanie A. Brennan____
                                                                     One of the Attorneys for the Defendants
                                                                     David M. Bernick
                                                                     Douglas J. Kurtenbach
                                                                     Ellen Therese Ahern
                                                                     Mark J. Nomellini
                                                                     Stephanie A. Brennan

4

        KIRKLAND & ELLIS LLP
        200 East Randolph Drive
        Chicago, Illinois 60601-6636
        Phone:  312-861-2000
        Fax:     312-861-2200

        Joseph J. Bronesky
        SHERMAN & HOWARD L.L.C.
        633 Seventeenth Street, Suite 3000
        Denver, Colorado 80202
        Phone:  303-297-2900
        Fax:     303-298-0940

        Attorneys for ROCKWELL
        INTERNATIONAL CORPORATION and
        THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                            /s/ Courtney Biggins_____
                                            Courtney Biggins (legal assistant)