# EXHIBIT 1

1453

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2004 AUG -6 PM 4: 13

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-K-181

MERILYN COOK, et al.,

   Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

   Defendants.

---

## DEFENDANTS' SUBMISSION OF REVISED TRESPASS JURY INSTRUCTIONS AND JURY VERDICT FORMS

---

Pursuant to this Court's Order of July 26, Defendants submit their Revised Trespass Jury Instructions and Jury Verdict Forms, and in support thereof state:

1.  Attached hereto as Exhibit A are Defendants' Revised Trespass Jury Instructions and Jury Verdict Forms. Defendants have revised the instructions submitted on July 13, 2004 in the following ways: (a) defendants have indicated by the use of daggers and brackets the instructions and jury verdict questions which the Court indicated at the July 22, 2004 hearing that it had already rejected; and (b) defendants have indicated by the use of asterisks the instructions and jury verdict questions which relate to the issues on which the Court ordered additional briefing in its Order of July 26, 2004. Pursuant to the Court's instructions, defendants are also submitting these instructions on a 3.5" computer disk in a form compatible with Wordperfect 9.

2. Also, due to the press of time and not due to the fault of either party, plaintiffs on July 13, 2004 submitted objections to an outdated version of defendants' proposed trespass instructions. Per the agreement of the parties, the attached Exhibit A matches plaintiffs' objections to the final version of defendants' instructions, as submitted on July 13, 2004. They are the same objections.

3. The parties have attempted to meet and confer to resolve their differences with respect to the proposed trespass instructions and jury verdict forms.

4. The parties agree that the remaining named plaintiffs — Merilyn Cook, William and Delores Schierkolk, Richard and Sally Bartlett, and Loren and Gertrude Babb — owned their properties as of June 7, 1989.

5. Plaintiffs have indicated that they have "no substantial quarrel" with the first paragraph of Defendants' Proposed Trespass Instruction No. 4 (Cause - Intervening Cause).

6. Following several meet and confer discussions, the parties have been unable to reach agreement as to whether plutonium is the only substance that plaintiffs seek to prove entered upon the plaintiffs' properties in support of their trespass claims.

7. Plaintiffs originally submitted a jury instruction on "negligent trespass." (Plaintiffs' Proposed Trespass Instruction No. 6, submitted on July 13, 2004). Plaintiffs have more recently stated that "plaintiffs have since performed further research, and at least one Colorado appellate court suggests that Colorado does not recognize separate torts for intentional and negligent trespass." (Plaintiffs' Brief on the Statute of Limitations, State Regulatory Standards, Spoliation, and Negligent Trespass at 19-20) (*citing Burt v. Beautiful Savior Lutheran Church*, 809 P.2d 1064 (Colo. Ct. App. 1990)). Defendants cited *Burt* in Defendants' Objections

2

to Plaintiffs' Proposed Trespass Instruction No. 6, submitted on July 13, 2004, and plaintiffs now apparently concede this point.

Dated: August 6, 2004

Respectfully submitted,

*[signature]*
Joseph J. Bronesky
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202
(303) 297-2900

David M. Bernick, P.C.
Douglas J. Kurtenbach
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, IL 60601
(312) 861-2000

Attorneys for Defendants ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## INDEX OF DEFENDANTS' REVISED PROPOSED TRESPASS JURY INSTRUCTIONS AND JURY VERDICT FORM

Phase I   Trespass Instructions
    Instruction No. 1   Elements of Liability - Trespass
    † Instruction No. 2   Definition of "Reasonable Measures" and "Reasonable Cost"
    † Instruction No. 3   Proof of Serious and Substantial Physical Damage
    † Instruction No. 4   Proof of Serious and Substantial Physical Damage - Defendant's Non-Compliance with State Standards
    Instruction No. 5   Cause - Intervening Cause
    Instruction No. 6   Definition of "Intentionally"
    † Instruction No. 7   Each Plaintiff's Burden of Proving Rockwell's Non-Compliance with Federal Standards
    † Instruction No. 8   Each Plaintiff's Burden of Proving Dow's Non-Compliance with Federal Standards
    * Instruction No. 9   Each Plaintiff's Burden of Proving Defendants' Non-Compliance with State Standards
    * Instruction No. 10   Statute of Limitations Defense - Trespass
    † Instruction No. 11   Affirmative Defense - Rockwell's Compliance with Federal Standards
    † Instruction No. 12   Affirmative Defense - Dow's Compliance with Federal Standards
    * Instruction No. 13   Affirmative Defense - Defendants' Compliance with State Standards
    † Instruction No. 14   Affirmative Defense - Prescriptive Easement

    Tab 15   Verdict Form–Named Plaintiffs

† Defendants have indicated, by the use of daggers, those instructions, jury interrogatories, and parts of instructions and interrogatories that this Court indicated at the July 22, 2004 hearing that it had rejected, along with the relevant authority. Defendants resubmit such language and authority for the purpose of preserving their arguments.

* Defendants have indicated, by the use of asterisks, those instructions, jury interrogatories, and parts of instructions and interrogatories that relate to issues discussed in the parties' pending briefing ordered by this Court on July 26, 2004.

1

## TENDERED BY DEFENDANTS
## PROPOSED TRESPASS INSTRUCTION NO. 5

**CAUSE – INTERVENING CAUSE**

The word "cause" as used in these trespass instructions means an act or failure to act that in natural and probable sequence produced the claimed effect. It is a cause without which the claimed effect would not have happened. Each plaintiff must prove by a preponderance of the evidence that any act or failure to act by the defendant was a substantial factor in causing the claimed effect. The plaintiff must establish causation beyond mere possibility or speculation.

A defendant's conduct is not the cause of the claimed effect if, in order to bring about such an effect, it was necessary that the defendant's conduct combine or join with an intervening cause that also contributed to cause the claimed effect. An intervening cause is a cause that would not have been reasonably foreseen by a reasonably careful person under the same or similar circumstances.

**Authority:** CJI-Civ. 4th 9:20 (May 2004); *Kaiser Found. Health Plan of Colo. v. Sharp,* 741 P.2d 714, 719 (Colo. 1987) ("[T]he plaintiff must establish causation beyond mere possibility or speculation."); *Smith v. State Compensation Ins. Fund,* 749 P.2d 462, 464 (Colo. Ct. App. 1987) ("The test for causation is the but for test — whether, but for the alleged negligence, the harm would not have occurred. The requirement of but for causation

20

is satisfied if the negligent conduct in a natural and continued sequence, unbroken by any efficient, intervening cause, produce[s] the result complained of, and without which that result would not have occurred. Here, decedent's death was occasioned by an independent, intervening cause — the motorcycle accident — which could not have reasonably been foreseen to occur as a result of the wrongful delay in approving his vocational rehabilitation plan."); *Ayala v. United States*, 846 F. Supp. 1431, 1441 (D. Colo. 1993), *aff'd*, 49 F.3d 607 (10th Cir. 1995) ("An act is the proximate cause of an injury if the act was a substantial factor in bringing about the injury.").

10/19/2005  Cook v. Rockwell 10/19/05 AM

1  THE COURT: Yes.
2  BY MR. KURTENBACH:
3  Q. So in April, May of 1970, the company went up and dug the
4  material out of the mound, right?
5  A. As far as I know, yes.
6  Q. Did you see that with your own eyes?
7  A. No, I did not.
8  Q. And when they did that, they had the folks from the CDH
9  there taking air samples at the time, didn't they?
10 A. I don't know.
11 Q. CDH is the Colorado Department of Health?
12 A. Right.
13 Q. You understand that?
14 A. Yes.
15 Q. And did it come to your attention that at any time during
16 the removal of the mound in April and May of 1970 there were
17 any elevated radioactivity levels in the air when they were
18 doing that work?
19 A. To the best of my knowledge, no, but I wasn't privilegedto
20 all of the information that came out of there at the time.
21 Q. But this was something where the union safety committee--
22 you were concerned about this issue, I take it, since you
23 raised it with the company?
24 A. Yes.
25 Q. And Mr. Kelly was also concerned about it, right?