**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
No. 90-cv-181-JLK**

_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PROPOSED INSTRUCTION
ON CORPORATE RETENTION OF EXPERT WITNESSES**
_____

    Plaintiffs respectfully submit this response to Defendants' Proposed Instruction on Corporate Retention of Expert Witnesses (Jan. 17, 2005) [Ct. Rec. 2009].

    Plaintiffs would have no objection to a simple, even-handed instruction that minimized duplication of other instructions (e.g., Instruction No. 1.3) and accurately reflected evidentiary law and common litigation practice regarding the retention of experts. For example, plaintiffs would have no objection to an instruction along the lines reflected in the following redline of defendants' proposal:

> Some of the expert witnesses from whom you have heard were retained ~~by~~ on behalf of Dow and Rockwell, both of which are corporations, and others were retained on behalf of the class.~~.~~ ~~Some of these experts were retained by corporations in this case, and some were retained by corporations in other cases.~~ In judging the

testimony of these expert witnesses, you should remember that all persons are equal before the law regardless of race, national origin, citizenship, or whether the party is a corporation <u>or an individual</u>.  ~~Corporations that are~~ <u>All parties</u> involved in litigation<u>, whether they are individuals or corporations,</u> are entitled to retain and to pay experts.  ~~You should not consider the fact that an expert has been retained by a corporation as evidence that the expert is biased or not credible.~~

Plaintiffs' primary objection is to the last sentence of defendants' proposed instruction, insofar as it falsely implies that an expert's litigation history and client base are irrelevant to the expert's credibility.  Defendants cite no authority for that proposition, nor could they.  The Court itself has rejected it, in the very trial colloquy that defendants cite.  *See* Tr. (1/12/06) at 10037 ("Those are matters for argument."); *id*. at 10038 ("That is relevant to bias.").  There is no "expert exception" to the principle that a witness's credibility and bias may be probed in cross-examination, argued in closing, or weighed by the jury.  Indeed, it is for precisely such purposes that Rule 26(a)(2)(B) requires disclosure of an expert's fees and a listing of the cases in which the expert has testified in the past.  Certainly an expert's previous litigation career is far more germane to his or her credibility than (say) whether Mr. Avery has slept in a truck.

Plaintiffs do not believe an instruction like the one defendants propose to be necessary in light of the Court's existing instructions on expert witnesses and corporations.  If such an instruction is deemed necessary, plaintiffs propose the modified version of defendants' instruction offered above.

                                        Respectfully submitted,

Dated: January 18, 2006             s/ Peter Nordberg
                                        Merrill G. Davidoff
                                        Peter Nordberg
                                        Berger & Montague, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        (215) 875-3000

                                        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

    David M. Bernick, Esq.
    Kirkland & Ellis LLP
    200 East Randolph Drive
    Chicago, IL 60601

        and

    Joseph J. Bronesky, Esq.
    Sherman & Howard, LLC
    633 Seventeenth Street, Suite 3000
    Denver, CO 80202

    Attorneys for Defendants

                                          s/ Peter Nordberg
                                          Peter Nordberg