**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' STATEMENT IN OPPOSITION TO DEFENDANTS'
ORAL MOTION TO RECONSIDER REVISIONS TO INSTRUCTION NO. 3.5**
_____

In response to defendants' oral motion to reconsider the Court's revisions to Instruction No. 3.5, plaintiffs wish to make the following brief points:

First, defendants' lengthy recital of evidence and cross-examination about development did not cite one single piece of testimony or evidence indicative that plutonium had been removed from any location. Whether development affects the behavior of burrowing animals is a very different issue.

Second, although defense counsel suggested it is somehow known to everyone that some of the plutonium has been removed through development, this is not in fact known, nor can defense counsel point to evidence of its removal, in any place, at any time, by any person, or even at unidentified places at unidentified times. They have proffered no competent lay or expert testimony that plutonium has been removed from any property.

Third, that defense counsel did not receive an e-mail *announcing* the Court's decision on Instruction 3.5 does not imply that defendants lacked a full opportunity to be heard before the Court *made* the decision in response to plaintiffs' motion for judgment as a matter of law, construed as a motion in limine.

Fourth, it remains improper for counsel to seek a judgment in defendants' favor against *all* class members on the theory that the claims of *some* might hypothetically be unmeritorious.

Fifth, motions for reconsideration must come to an end sometime.  Counsel for defendants was on notice of the relevant instructions this morning, and could have raised the issue at any time.  Instead, defense counsel waited until plaintiffs' closing, delivered in reliance on the revised instruction, had been completed.  At some point, the Court is entitled to rest on its decisions.  When the final instructions have been published to the jury, that point has been reached.

Dated: January 18, 2006               s/ Peter Nordberg
                                      Merrill G. Davidoff
                                      Peter Nordberg
                                      Berger & Montague, P.C.
                                      1622 Locust Street
                                      Philadelphia, PA 19103
                                      (215) 875-3000

                                      Attorneys for Plaintiffs
                                      And the Class

## CERTIFICATE OF SERVICE

      I hereby certify that on January 18, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

      David M. Bernick, Esq.
      Kirkland & Ellis LLP
      200 East Randolph Drive
      Chicago, IL 60601

          and

      Joseph J. Bronesky, Esq.
      Sherman & Howard, LLC
      633 Seventeenth Street, Suite 3000
      Denver, CO 80202

      Attorneys for Defendants

                                s/ Peter Nordberg
                                Peter Nordberg