IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' MOTION TO STRIKE PORTION OF JURY INSTRUCTION NO 3.5**
_____

Defendants hereby move to strike the following portion of Jury Instruction No. 3.5: "That Plaintiffs or Class members knew or could have known that plutonium was present on their properties when they purchased them is also irrelevant in determining whether Dow or Rockwell are liable for trespass as stated in Instruction No 3.2."  A revised version of Instruction No. 3.5. is attached as Exhibit A.

This instruction should be stricken because Plaintiffs placed the issue of Class Members' knowledge squarely in issue during their closing argument.  Plaintiffs repeatedly asserted that Defendants lied to the public.  For instance, Plaintiffs' counsel represented that:

- "Another important fact is the constant lying that was done by Dow, Rockwell, and the AEC.  And one example of this is the Dow press release from November 30th, 1971, where they wrote, Edward Martell's statements on the concentration of plutonium in the Denver metropolitan area are not based on any known scientific evidence."  (Ex. B, 1/18/2006 Trial Tr. at 10269.)

- "[T]here was intentional willful and wanton misconduct here.  There was the press release of 1971 where they trashed Dr. Martell when their own internal documents showed that Dr. Martell was right or at least he was partially right, and he said there was no contamination." (*Id.* at 10345.)

- Dow wrote a memo stating "How would the public react if they knew we didn't routinely analyze our on-site air samples and off-site air samples for plutonium?" (*Id.* at 10343.)

- "We have the placement of deadly plutonium on neighbors' property and the placement of deadly plutonium on their property where it could be redistributed to neighbors' properties for 37 years, and then we have a series of lies about it." (*Id.* at 10325.)

- "The releases of plutonium both on and off site, lying and criminal conduct by Rockwell, how could all that not affect the neighbors?" (*Id.* at 10261.)

Through these assertions that Dow and Rockwell lied to the public, and to Class Members, Plaintiffs have opened the door to the relevance of the Class Members' knowledge. Class Members' knowledge is now relevant, and a key part of, Plaintiffs' claims. (*See, e.g., id.* at 10270-71 ("[T]he problems at Rocky Flats began to be disclosed in the 1980s . . . . Throughout this period, as bad news kept increasing, the neighbors felt the effect, but it was the FBI raid that was the climax").)

Therefore, in light of representations made by Plaintiffs' counsel in closing, Defendants respectfully request that the portion of Instruction No 3.2. stating that class members' knowledge is not relevant should be stricken.

Dated:  January 19, 2006                      Respectfully submitted,


                                              s/ John E. Tangren_____
                                              One of the Attorneys for the Defendants
                                              David M. Bernick
                                              Douglas J. Kurtenbach
                                              Ellen Therese Ahern
                                              Mark J. Nomellini
                                              John E. Tangren
                                              KIRKLAND & ELLIS LLP
                                              200 East Randolph Drive
                                              Chicago, Illinois 60601-6636
                                              Phone:  312-861-2000
                                              Fax:     312-861-2200

3

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert

Apartments at Denver Place, Apt. 2812

1880 Arapahoe Street

Denver, CO 80202

pnordberg@bm.net

kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206

blumg@s-d.com


                                   s/ Kari Knudsen_____
                                   Kari Knudsen (legal assistant)