**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' MOTION FOR CLARIFICATION AND DEFENDANTS' STATEMENT REGARDING THE COURT'S RULING RELATING TO JURY INSTRUCTION NO. 3.5**

---

        On January 17, 2005, this Court announced its ruling on Plaintiffs' Motion for Judgment as a Matter of Law, and clarified the scope of that ruling. The Court's ruling was clear:

> MR. BERNICK: ***There has been extensive testimony about the fact of there being development and the impact of development on the soil.***
>
> THE COURT: ***You can argue that, but you can't use Dr. Till*** to say, I don't know anything --
>
> MR. BERNICK: That's fine. I understand.

(1/17/2006 Trial Tr. at 10189-90 (emphasis added).) Defendants' counsel received an e-mail on this subject from Judge Kane's secretary Sara Shears at 7:25 p.m. on January 18, 2006, indicating that, "***consistent with his prior rulings***, Defendants will not be permitted

to argue, in any context, that development activities in the Class Area have resulted or will or could result in the removal of plutonium from all or part of the class area."

Defendants request clarification on whether (1) as Judge Kane ruled orally on January 17, 2006, "defendants can argue that" there "has been extensive testimony about the fact of there being development and the impact of development on the soil," but "can't use Dr. Till" for this purpose; or (2) defendants are completely foreclosed from arguing that the fact of development can lead to an inference that plaintiffs have failed to bear the burden proving that any plutonium contamination is "continuing."

Defendants respectfully urge that the Court clarify the record and adopt ruling (1), for the following reasons:

First, plaintiffs bear the burden not only of proving by a preponderance of the evidence that contamination occurred, but also of proving by a preponderance of the evidence that plutonium contamination has continued.  Thus, plaintiffs are essentially seeking judgment as a matter of law on an element of plaintiffs' own case—namely, that any plutonium that was deposited on Class Properties remains on Class Properties.  To take this issue away from the jury would be to conclude that *no reasonable juror* could decide that *plaintiffs have not proven* continuing contamination by a preponderance of the evidence.  In fact, plaintiffs have offered no evidence of continuing contamination, much less proven it to the extent that no reasonable juror could conclude otherwise.

Second, to the extent that the Court rules that defendants are foreclosed from arguing that development can lead to an inference that contamination is continuing, the

2

*timing* of such a ruling—on the eve of closing arguments—would be grossly prejudicial to defendants. Plaintiffs have known about defendants' argument about the impact of development on plutonium contamination at least since January 2005, when the parties briefed the issue of whether defendants had "stipulated" to the presence of plutonium on class properties. Defendants' counsel discussed this argument during closing statements.[1] Defendants have vigorously pursued the development-impact theory during the direct examination of Dr. Till (12/16/2005 Trial Tr. at 8528-29),[2] as during the cross-examination of Dr. Smallwood (11/3/2005 Trial Tr. at 4079-4083). Accordingly, defendants have been preparing their case, and their closing argument, with the development-impact theory as an important element. For the Court to now grant a "motion in limine" on this issue *at the close of the evidence* on this issue would be extremely prejudicial to defendants.

Third, any ruling that does not allow defendants to argue that the jury can draw an *inference* from developmental activities that plutonium has been removed from

---

[1] (10/12/2005 Trial Tr. at 841 ("This also shows you why, if you develop property, and you skim off the original soil to make way for development, you are not talking about plutonium anymore. So to suggest to you that lurking in the depths is this seeping, fulminating plutonium, is completely contrary to science and completely contrary to what has happened out there.").)

[2] (12/16/2005 Trial Tr. at 8528-29 ("Q: Now, once that bulldozer comes in and churns the dirt up and the plutonium goes down where it is, or it may be off-site, are you going to have -- is there any way that you can see based upon your work that we're still going to have the same nice little layer of plutonium on the surface of the soil? A: No.").)

properties within the class area would be inconsistent with the Court's other rulings on "inference" issues. The Court's jury instruction on Evidence, Instruction No. 1.4, states:

> You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. ***You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.*** Inferences are deductions or conclusions your reason and common sense lead you to draw from the facts established by the evidence in the case. (Instruction No. 1.4) (emphasis added)[3]

A juror can reasonably *infer* from the fact that an undisturbed parcel has been developed that plutonium does not continue to be present on such parcels, as well as that plutonium samples taken (especially on the surface) of such undisturbed soil are no longer a valid indication of plutonium's presence once development has occurred.

This is especially true where, as here, the only plutonium samples that have ever shown any higher-than-background levels of plutonium were taken on undisturbed soil.[4] This means that there is no *evidence* (only plaintiffs' lawyers' arguments) that any developed soil has *ever* contained Rocky Flats plutonium. That is, there is no *evidence in the record* of any plutonium sample that has ever shown Rocky Flats plutonium on developed residential property. Indeed,

---

[3] Counsel for the plaintiffs repeatedly made reference to this instruction, urging jurors to use "inference" and "common sense." (*See generally* 1/18/2006 Trial Tr. (referring to "common sense" 48 times).)

[4] "Q. Are those studies that are studies of asphalt and developed land or are those studies of samples taken from undeveloped land?

A. Well, the samples are all taken from undisturbed soil, undeveloped, ***undisturbed in any way***." (12/15/2005 Till Trial Tr. at 8284 (emphasis added).)

testing on two parcels that are *partially developed*—the Cook property and the Bartlett property—showed no plutonium above background levels. (10/21/2005 Trial Tr. at 2025-2026; P-1230; P-962; 10/14/2005 Trial Tr. at 954-59, 1055-58, 1061.) Surely this evidence is sufficient for the jury to "infer" that development had an impact, especially given that plaintiffs bear the burden of proving continuing contamination.

Fourth, defendants were not provided with timely *notice* of the Court's revised Instruction 3.5. The Court sent an email with revised Instruction No. 3.5 to plaintiffs' counsel on the evening of January 17. Counsel for defendants did not receive the email at that time because the email addresses of defendants' counsel were incorrect (reading "kirkland.net" rather than "kirkland.com"). Counsel for defendants did not learn that this Court had revised the instruction until plaintiffs' counsel showed it to the jury during their closing argument.

Fifth, defendants' efforts to obtain *clarification* regarding this issue have thus far been unsuccessful. The Court clearly ruled on January 16 that the impact of development was not excluded insofar as it pertained to evidence that came in through a source other than Dr. Till. (1/17/2006 Trial Tr. at 10189-90) ("MR. BERNICK: There has been extensive testimony about the fact of there being development and the impact of development on the soil. THE COURT: You can argue that, but you can't use Dr. Till to say, I don't know anything -- MR. BERNICK: That's fine. I understand.") Defendants then received an e-mail that "*consistent with [the Court's] prior rulings*, Defendants will not be permitted to argue, in any context, that development activities in the Class Area

5

have resulted or will or could result in the removal of plutonium from all or part of the class area."

Both the timing of the latest series of rulings and the lack of clarity with respect to those rulings fundamentally compromises defendants' ability to close. Thus, defendants again request clarification on this issue.

Dated: January 19, 2006                                    Respectfully submitted,


                                                              s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
Stephanie A. Brennan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

        I hereby certify that on January 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                            /s/ Kari Knudsen_____
                                            Kari Knudsen (legal assistant)