**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

       **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
OVERNIGHT MOTIONS RE JURY INSTRUCTIONS**
_____

      In connection with defendants' various overnight motions to modify or clarify the Court's previous rulings on jury instructions [Ct. Rec. 2019 & 2020], plaintiffs wish to state:

      As regards what defendants call the "development issue," the Court has already denied a motion for reconsideration, and its ruling is already clear. Defendants have raised no new arguments on the point. That defendants continue to challenge the Court's rulings with such vigor is simply an indication that defendants are committed to raising arguments for which they have no competent evidence, and that defendants will never take no for an answer. Defendants' *de facto* motion for reconsideration of the denial of the motion for reconsideration should be denied, on the grounds previously given.

      As regards plaintiffs' supposed opening of doors about what class members knew, the Court has never ruled, nor have the instructions ever provided, that the state of public knowledge about

the site was irrelevant to all issues in this litigation.  What Instruction No. 3.5 correctly forbids, under governing Colorado authority that plaintiffs cited to the Court during the pretrial jury instruction process, is any argument that plaintiffs came to the nuisance, assumed the risk, or are contributorily negligent, or that their claims should be barred by the statute of limitations, or in favor of any other theory suggesting that plaintiffs' state of knowledge concerning Rocky Flats negates liability on the trespass claim.  Plaintiffs made no argument on any of these points during their closing.  Even if they had, defendants' remedy would have been an objection by defense counsel that these issues are not material under governing Colorado law).  Their remedy would not be a rewriting of the instruction to ignore Colorado law.

Respectfully submitted,

Dated: January 19, 2006

s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs
And the Class

## CERTIFICATE OF SERVICE

  I hereby certify that on January 19, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

  David M. Bernick, Esq.
  Kirkland & Ellis LLP
  200 East Randolph Drive
  Chicago, IL 60601

    and

  Joseph J. Bronesky, Esq.
  Sherman & Howard, LLC
  633 Seventeenth Street, Suite 3000
  Denver, CO 80202

  Attorneys for Defendants

                s/ Peter Nordberg
                Peter Nordberg