**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**

_____

**MERILYN COOK, et al.,**

     **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

     **Defendants.**
_____

**PLAINTIFFS' OBJECTIONS TO JURY INSTRUCTIONS**
_____

Plaintiffs respectfully submit these objections for the sole purpose of preserving the record.

Plaintiffs are cognizant of the Court's previous directives that the parties' record is already preserved

by virtue of the unusual and extensive pretrial jury instruction proceedings in this litigation.

Accordingly, plaintiffs incorporate by reference all proposed instructions previously submitted by

plaintiffs, and hereby object, on the grounds previously stated and restated in whole or in part herein,

to the Court's failure to give any such instructions not given.  Plaintiffs also incorporate by reference

all objections to defendants' proposed instructions, and all proposed revisions to the Court's

instructions, hitherto filed by plaintiffs, and object to the Court's final instructions to the extent

inconsistent with such previous submissions by plaintiffs.

By way of amplification and not by way of limitation, to the final instructions as adopted by the Court following defendants' most recent motion relating thereto on January 19, 2006, plaintiffs hereby object on the following grounds:

Instruction No. 1.9 (revised 1/16/06): On the grounds given in previous submissions, plaintiffs object to the Court's revision of this instruction as previously adopted by the Court, and specifically object on the ground that the jury is entitled to draw an adverse inference from the refusal of defendants' indemnitor to declassify relevant information.  In addition, plaintiffs object to the Court's rejection of the spoliation instruction that plaintiffs previously proposed.  In addition, plaintiffs object that if no spoliation instruction is given, nor any instruction given advising the jury that it may draw inferences adverse to defendants by virtue of their indemnitor's refusal to declassify relevant information, then no instruction on the subject should be given at all, because it is generally inappropriate to instruct the jury concerning the absence of privileged information, and also because the instruction prejudicially suggests that the relevant information must and does remain classified on legitimate grounds.

Instruction No. 3.2: On the grounds already given in previous submissions, plaintiffs object to this and every other instruction (including but not limited to Instruction Nos. 3.4, 3.6, & 3.17) to the extent it or they provide(s) that under *Restatement (Second) of Torts* § 930, plaintiffs may recover for future invasions (including health risks and threats of future release) only if the injurious situation persists (and appears likely to continue indefinitely) as of the trial.  The requirement that the injurious situation appear likely to continue indefinitely applies as of the time the jury determines the injurious situation is complete and comparatively enduring.

Instruction No. 3.6: On the grounds already given in previous submissions, plaintiffs object to this and every other instruction (including but not limited to Instruction Nos. 3.7, 3.8, & 3.9) to the extent it or they call(s) for judgment against the class in its entirety if any class member's claims are unmeritorious.  Plaintiffs also object to this and every subsequent instruction (including but not limited to Instruction Nos. 3.7, 3.8, & 3.28) to the extent it or they limit(s) the forms of interference with use and enjoyment that the jury may consider to the two listed forms, as opposed to all cognizable forms of interference, including but not limited to market stigma, diminution in value, emotional distress, fear, anxiety, and mental discomfort.

Instruction No. 3.22: On the grounds already given in previous submissions, plaintiffs object to this instruction insofar as the Court has admitted evidence from which the trier of fact might determine the diminution in values of class properties prior to 1998 and at any time from 1974 forward.  Plaintiffs specifically object on the ground that if and to the extent the trier of fact finds such diminution, plaintiffs are or could be entitled to recover even if the injurious situation became complete and comparatively enduring before 1988.

Instruction No. 3.25: On the grounds already given in previous submissions, plaintiffs object to this instruction to the extent it recognizes defendants' "prior market discount" or "setoff" defense. The defense does not exist under applicable law.  If it does exist, each defendant is entitled only to such setoff as was caused by its own tortious misconduct.  Plaintiffs also object to this instruction on the same grounds as stated in connection with Instruction No. 3.22.

Instruction 3.28: On the grounds already given in previous submissions, plaintiffs object to this instruction on the same grounds as listed above in connection with Instruction No. 3.22.

Plaintiffs object to the omission of plaintiffs' previously requested instruction that defendants are strictly liable under the doctrine of ultrahazardous or abnormally dangerous activity.  Plaintiffs further object to the Verdict Form insofar as it reflects the above instructions in their objectionable aspects, and to both the instructions and the verdict form to the extent they provide for an allocation of fault, on the ground that defendants have not preserved their right to seek such allocation, and also on the ground that state law provisions calling therefor are preempted by the Price-Anderson Act, 42 U.S.C. § 2210.

Respectfully submitted,

Dated: January 20, 2006                          s/ Peter Nordberg

Merrill G. Davidoff
Peter Nordberg
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs
And the Class

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

David M. Bernick, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

and

Joseph J. Bronesky, Esq.
Sherman & Howard, LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202

Attorneys for Defendants

s/ Peter Nordberg
Peter Nordberg