**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

___

**DEFENDANTS' RENEWED OBJECTIONS TO
JURY INSTRUCTIONS AND VERDICT FORM**
___

        Defendants respectfully submit the following renewed objections to the Court's jury instructions as they were read to the jury today and to the jury verdict form (attached as Exhibit A).

        As a general matter (and also as described in objections to specific instructions and Defendants' Previous Objections), defendants object to these instructions to the extent that they comment on the evidence. For example, Instruction No. 3.22 states: "Plaintiffs have also presented evidence, however, of the injurious effects of the alleged trespass and nuisance in the larger period of 1988 through 1995." Instruction No. 3.9 states: "Evidence that the value of Class members' properties has diminished because any interference proven by Plaintiffs is evidence that the interference is substantial under the test stated in this instruction." *See also,*

*e.g.,* Instruction Nos. 3.3, 3.12(3).  Such comments on the evidence are extremely prejudicial to defendants and, in these circumstances, are incorrect as a matter of law.

Defendants also object to these instructions as a general matter (and also as described in objections to specific instructions and Defendants' Previous Objections) to the extent that they describe what plaintiffs are not required to prove in a one-way sense that favors the plaintiffs. *See, e.g.,* Instruction No. 3.3 ("To prove this element, Plaintiffs are not required to show that plutonium is present on the Class Properties at any particular level or concentration, that they suffered bodily harm because of the plutonium or that the presence of plutonium on the class Properties damaged these properties in some other way."); Instruction No. 3.5 ("Accordingly, in considering whether Plaintiffs have proved the elements of their trespass claim as stated in Instruction No. 3.2, it is irrelevant that Dow and/or Rockwell ceased any such activities before Plaintiffs brought this suit or that the Rocky Flats plant itself is now shut down."); *see also, e.g.*, Instruction No. 3.4, Instruction No. 3.12(3); Instruction No. 3.12(4); Instruction No. 3.15; Instruction No. 3.17; Instruction No. 3.24.

Defendants also object to these instructions as a general matter (and also as described in objections to specific instructions) to the extent that they contain one-sided argument that favors plaintiffs.  *See, e.g.,* Instruction No. 3.10 ("I will tell you more about this balancing test in my next instructions, but I want to caution you now that it does not mean that Dow and Rockwell can interfere with Class members' use and enjoyment of their properties as long as their activities at Rocky Flats served an important purpose or these activities are deemed more valuable or profitable than Class members' use of their land.")

Defendants also object to Instruction 3.28 because question (1) sets forth a misleading definition of what is complete and comparatively enduring. Pursuant to the colloquy following the reading of the jury instructions, defendants will separately file a request for an advisory instruction, but state this objection now for purposes of preserving it (and in the specific objections to Instruction No. 3.28 below).

Defendants also filed objections previously in Defendants' Objections to Jury Instructions and Verdict Form, filed January 18, 2006; and Defendants' Objections to Additional and Revised Jury Instructions, filed January 19, 2006, but renew their objections now that the instructions have been read to the jury. The Court apparently has rejected each of defendants' objections.

Defendants object generally to the Court's instructions and jury verdict form to the extent that those instructions depart from defendants' proposed instructions (which are hereinafter referred to as "Defendants' Proposed Instructions," and which are incorporated by reference as if fully set forth herein), including the following:

- Defendants' Proposed Trespass Jury Instructions and Jury Verdict Forms, filed July 13, 2004;

- Defendants' Revised Proposed Trespass Jury Instructions and Jury Verdict Forms, filed August 6, 2004;

- Defendants' Proposed Nuisance Jury Instructions and Jury Verdict Forms, filed August 6, 2004;

- Defendants' Proposed Phase III Jury Instructions and Verdict Form, filed September 3, 2004;

- Defendants' Proposed Supplemental Jury Instructions and Jury Verdict Form, filed September 16, 2005;

3

- Defendants' Proposed Limiting and Supplemental Jury Instructions, filed September 23, 2005.

- Defendants' Submission of a Limiting Statement Pursuant to the 10/7/05 Hearing and a Related Statement by Defendants, filed October 10, 2005

- Defendants' Motion for a Limiting Instruction Regarding the Testimony of Dr. S. Paul Slovic, filed November 6, 2005.

- Defendants' Proposed Instruction Regarding Stigma Evidence and Class Members, filed December 7, 2005.

- Defendants' Proposed Instruction Regarding the Type of Compensatory Damages That Can Be Awarded, filed December 8, 2005.

- Defendants' Memorandum in Support of Defendants' Motion for Mistrial or, In the Alternative, Defendants' Proposed Instructions, filed December 28, 2005.

- Defendants' Proposed Changes to Preliminary Jury Instructions, filed January 10, 2006.

- Defendants' Proposed Jury Verdict Forms, filed January 11, 2006.

Defendants also incorporate by reference as if fully set forth herein their objections to plaintiffs' proposed jury instructions and jury verdict form (hereinafter referred to as "Defendants' Previous Objections"), including the following:

- Defendants' Objections to Plaintiffs' Trespass Jury Instructions and Jury Verdict Forms, filed July 13, 2004.

- Defendants' Response to Plaintiffs' Proposed Plan for Determination of Compensatory Damages, filed July 21, 2004.

- Defendants' Objections to Plaintiffs' Nuisance Jury Instructions, filed August 6, 2004.

- Defendants' Responses to Plaintiffs' Objections to Defendants' Proposed Nuisance Jury Instructions, filed August 13, 2004.

- Defendants' Response to Plaintiffs' Brief on the Statute of Limitations, State Regulatory Standards, Ultrahazardous Liability, Spoliation, and Negligent Trespass, filed August 18, 2004.

- Defendants' Submission of Phase III Jury Instructions and Jury Verdict Forms, filed September 3, 2004.

- Defendants' Submission of Objections to Plaintiffs' Nuisance Jury Verdict Form and Res Ipsa Loquitur Instruction, filed September 7, 2004.

- Defendants' Objections to Plaintiffs' Additional and Revised Nuisance Jury Instructions, filed November 8, 2004.

- Defendants' Response to Plaintiffs' Statement Regarding Alleged Forms of Interference With Use and Enjoyment, filed November 30, 2004.

- Defendants' Submission of Their Responses to Plaintiffs' Objections to Defendants' Proposed Prior Market Discount Instructions, filed October 3, 2005.

- Defendants' Objections to Plaintiffs' Proposed Supplemental Jury Instructions, filed September 16, 2005.

- Defendants' Submission of Their Objections to Plaintiffs' Proposed Limiting Instruction, filed September 29, 2005.

- Defendants' Reply in Support of Their Proposed Instruction on Corporate Retention of Expert Witnesses, filed January 18, 2006

- Defendants' Objections to Jury Instructions and Verdict Form, filed January 18, 2006.

- Defendants' Motion to Strike Portion of Jury Instruction No 3.5, filed January 19, 2006.

- Defendants' Motion for Clarification and Defendants' Statement Regarding the Court's Ruling Relating to Jury Instruction No. 3.5, filed January 19, 2006.

- Defendants' Objections to Additional and Revised Jury Instructions, filed January 19, 2006.

Dated:  January 20, 2006                                   Respectfully submitted,


                                                           s/ John E. Tangren_____
                                                           One of the Attorneys for the Defendants
                                                           David M. Bernick
                                                           Douglas J. Kurtenbach
                                                           Ellen Therese Ahern

6

       Mark J. Nomellini
       John E. Tangren
       KIRKLAND & ELLIS LLP
       200 East Randolph Drive
       Chicago, Illinois 60601-6636
       Phone:  312-861-2000
       Fax:     312-861-2200

       Joseph J. Bronesky
       SHERMAN & HOWARD L.L.C.
       633 Seventeenth Street, Suite 3000
       Denver, Colorado 80202
       Phone:  303-297-2900
       Fax:     303-298-0940

       Attorneys for ROCKWELL
       INTERNATIONAL CORPORATION and
       THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

       I hereby certify that on January 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                  s/ Courtney Biggins_____
                                                  Courtney Biggins (legal assistant)