IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' PROPOSED CHANGE TO INSTRUCTION NO. 3.28**

---

        Defendants respectfully request, pursuant to the colloquy that came after the reading of the jury instructions today (*see* 1/20/06 Tr.), that this Court change Instruction 3.28 as provided below and advise the jury accordingly.

        Instruction 3.28, as previously read to the jury today, requests the jury to answer the following question:

> 1.    Did it appear on or before January 30, 1990, which is the date this case was filed, that the alleged trespass and/or nuisance by Dow or Rockwell or both of them would continue indefinitely? In answering this question, "continue indefinitely" means there was no reason to expect that the trespass and/or nuisance would end at any definite time in the future.

The purpose of this question is to determine what portion of the class sold their properties before any injurious situation that the jury may find became "complete and comparatively enduring"

under Restatement (Second) of Torts § 930, given that those class members "would not have the power to maintain an action for future invasions" and could not recover prospective damages. (Pls.' Proposed Plan for Determination of Compensatory Damages, filed July 13, 2004, at 7 n.1; *see also* 1/20/06 Trial Tr. ("MR. BERNICK:  My understanding of the purpose of the additional question is to ferret out that sub class.  THE COURT:  Which it is.").)

The phrasing of this question is problematic, however, because it is inconsistent with the definition of "complete and comparatively enduring" in Restatement § 930 and in other jury instructions in this case in two ways.  ***First***, the question asks the jury "***did it appear***" that the alleged trespass and/or nuisance would continue indefinitely, without regard to whether "it appears" ***today*** that the alleged trespass and/or nuisance will continue indefinitely as required by Instruction Nos. 3.4 (Third Element:  Continuing Trespass) and 3.17 (Fourth Element:  Continuing Nuisance).  *See also* Restatement § 930 illus. 2 (for Restatement § 930 to apply, releases from a coal plant must have "since been carried on at the same level").  ***Second***, it omits Section 930's requirement that the injurious situation be "complete" as well as "comparatively enduring."  Defendants therefore request that this Court change question 1 in Instruction 3.28 to read as follows:

> 1. Did the alleged trespass and/or nuisance by Dow or Rockwell or both of them become complete and comparatively enduring on or before January 30, 1990, which is the date this case was filed?  In answering this question, "complete" means that the effects of the trespass or nuisance are known to their

full extent, and "comparatively enduring" means there is no reason to expect that these effects will end at a definite time in the future.[1]

This revision would reconcile Instruction 3.28 with the definition of "complete and comparatively enduring" in Instruction 3.22 and the definition of "continuing" in other instructions.

Dated:  January 20, 2006                          Respectfully submitted,

                                                  s/ John E. Tangren_____
                                                  One of the Attorneys for the Defendants
                                                  David M. Bernick
                                                  Douglas J. Kurtenbach
                                                  Ellen Therese Ahern
                                                  Mark J. Nomellini
                                                  John E. Tangren
                                                  KIRKLAND & ELLIS LLP
                                                  200 East Randolph Drive
                                                  Chicago, Illinois 60601-6636
                                                  Phone:  312-861-2000
                                                  Fax:    312-861-2200

                                                  Joseph J. Bronesky
                                                  SHERMAN & HOWARD L.L.C.

---

[1] Defendants understand that this Court has rejected defendants' objections to Instruction 3.22 and Instruction 3.28, including replacing "at a definite time in the future" with "in the reasonably foreseeable future."  (*See* Defs.' Proposed Changes to Preliminary Jury Instructions, filed 1/10/06, at Instruction 3.22.)  Defendants nevertheless request for purposes of preserving those objections that the jury be instructed in connection with Instruction 3.28 that "comparatively enduring" means that there is no reason to expect that the effects of the injurious situation will end "in the reasonably foreseeable future."  Defendants propose, in the alternative, that Instruction 3.28 be revised as stated above.  By making this request, Defendants do not waive any other of their objections to Instructions 3.22, 3.28, or to any of the other jury instructions.

3

633 Seventeenth Street, Suite 3000  
Denver, Colorado 80202  
Phone:  303-297-2900  
Fax:     303-298-0940  

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                              s/ Courtney Biggins_____
                                                              Courtney Biggins (legal assistant)