IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90–CV-00181-JLK

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

### PLAINTIFFS' MOTION TO CLARIFY THE RECORD REGARDING CERTAIN EXHIBITS

On Friday afternoon, counsel for plaintiffs and defendants, and their respective paralegals, met to discuss and review the admitted exhibits. During those discussions, a few matters arose regarding a few of plaintiffs' exhibits. Plaintiffs file this motion to clarify the record regarding these exhibits.

**Exhibits Already Included Among the Admitted Exhibit Notebooks**

**Exhibits PG-026A, PG-100,** and **P-731** are already included among the admitted exhibit notebooks available to the jury. That was their status at the end of the day Friday, without objection by defendants.

Plaintiffs later learned, however, that a paralegal for defendants had raised a question about the status of Exhibits PG -026A and PG-100, two demonstrative exhibits.[1] Plaintiffs

---

[1] Copies are attached, but these copies do not bear the "Demonstrative Exhibit" stamp that has been affixed to them. We do not have copies of the exhibits with the "Demonstrative" stamp on them.

believe that their prior admission into the record is clear,[2] but out of an abundance of caution, plaintiffs request that the Court so state on the record.

Exhibit P-731 is a newspaper article that was redacted on Friday afternoon in accordance with defendants' requests.[3] It too is already included in the exhibit books (a copy is attached). Plaintiffs ask that its admission be made clear.[4]

### Exhibit Not Yet Included - Sanchini diary excerpts used with Jon Lipsky

Plaintiffs request the inclusion of Exh. P-1830, which consists of a few pages of the Sanchini diaries used during the testimony of Mr. Lipsky. The Court previously admitted the diaries, Tr. 2378; then ordered that pages be redacted (Ct. Rec. 1572); then narrowed the admission to 21 pages (already used with Mr. Lipsky) (Tr. 10207), and directed plaintiffs to submit additional (redacted) pages if they wished.

---

[2]These demonstrative exhibits were used during plaintiffs' case, and therefore are covered by the Parties' Stipulated Agreement Regarding Admission of Exhibits (Ct. Rec. 1969-1), dated Jan. 12, 2006, at 8 ("The parties agree that all demonstratives used up to and through the end of testimony on December 8, 2005 will be admitted."). *See, e.g.,* Tr. 1517 (PG-026A) (Oct. 18, 2005); Tr. 3996-97 (PG-100) (Nov. 3, 2005). During a meeting of counsel for the parties on Jan. 17, 2006, defendants again agreed that these two exhibits were admitted as demonstratives. These exhibits were mentioned again on Jan. 17, 2006, in Court. These were among the three exhibits that plaintiffs discussed as being referred to under two different numbers during trial. The Court directed that they be referred to under one number, and plaintiffs filed a motion to that effect (Ct. Rec. 2026). There was no suggestion made that these exhibits were not already admitted.

[3]It was part of plaintiffs' Motion to Admit filed January 17, 2006 (Ct. Rec. 2000).

[4]During weekend discussions, defendants stated they wished that another portion of this exhibit be redacted. Plaintiffs do not oppose that request, but a substituted Exh. P-731 would need to be placed in the exhibit books. Plaintiffs will bring such a substitute P-731 to Court.

Plaintiffs request that only the few pages used with Mr. Lipsky previously now be admitted as Exhibit P-1830.  Plaintiffs have redacted these pages as defendants have requested, with one exception.  That pertains to a page already read to the jury (Tr. 2505).  Plaintiffs do not believe it appropriate to redact portions already admitted into the record.

Plaintiffs are unable to attach a copy of P-1830 to this filing, because of changed technical circumstances, but will bring copies to Court.  The exact pages were previously attached to Defendants' filing of Oct. 26, 2005 (Ct. Rec. 1548).

Plaintiffs have discussed these exhibit issues with defendants, and believe that defendants have no objection regarding confirmation of the status of PG-026A and PG-100.  They have requested that P-751 undergo an additional redaction, and plaintiffs agree.

As to the Sanchini excerpts, plaintiffs are uncertain of defendants' position at this time.  Defendants have requested, for example, that if P-1830 is now admitted, plaintiffs should withdraw their prior submission of the entire Sanchini diary.   Plaintiffs would so agree.

                            Respectfully submitted,

Dated: January 23, 2006                /s    Jennifer MacNaughton
                            Merrill G. Davidoff
                            Peter Nordberg
                            David F. Sorensen
                            Jennifer MacNaughton
                            BERGER & MONTAGUE, P.C.
                            1622 Locust Street
                            Philadelphia, PA 19103

(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

Louise Roselle
WAITE SCHNEIDER BAYLESS &
CHESLEY
Central Trust Tower, Suite 1513
Cincinnati, OH 45202
(513) 621-0267

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

David M. Bernick, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

and

Joseph J. Bronesky, Esq.
Sherman & Howard, LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202

Attorneys for Defendants

  /s   Jennifer MacNaughton
Merrill G. Davidoff
Peter Nordberg
Jennifer MacNaughton
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
fax (215) 875-4604
*jmacnaughton@bm.net*

*Attorney for Plaintiffs*