**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
PROPOSED CHANGE TO JURY INSTRUCTION NO. 3.28**

---

Plaintiffs' opposition cites a concern over sending "confusing signals to the jury." (Pls.' Opp. at 1.) But Instruction No. 3.28, as currently worded, already sends confusing signals because of its inconsistencies with other jury instructions. Defendants' proposed change would only ameliorate these signals.[1] Indeed, defendants' proposed change is ***only designed to ensure consistency*** between the two instructions: Instruction No. 3.22 and Instruction No. 3.28.

---

[1] Defendants' proposed change is not, as plaintiffs argue, "tardy." (*Id.* at 2.) Defendants have objected to the existing Instruction No. 3.28 on several occasions. (*See* Defs.' Proposed Changes to Preliminary Jury Instructions, filed 1/10/06; Defs.' Objections to Jury Instructions and Verdict Form, filed 1/18/06; Defs.' Renewed Objections to Jury Instructions and Verdict Form, filed 1/20/06, at 3 (specifically preserving defendants' proposed revision).) Defendants still disagree with both Instruction 3.22 and 3.28, but propose the current revision

Plaintiffs do not dispute that Instruction 3.28 currently establishes a different, and inconsistent, definition of "complete and comparatively enduring" than 3.22.  Plaintiffs' observation that "a damages subclass would be of interest only if the jury has already found . . . that the harm become 'complete and comparatively enduring' at some point in the period from 1988-95" does not solve this problem.  The jury may find, for example, that under the "complete and comparatively enduring" standard of Instruction 3.22, the injurious situation became complete and comparatively enduring in 1995, but improperly find an earlier date under the lesser "continuing indefinitely" standard of Instruction 3.28.

     Defendants also would not oppose the corresponding change to paragraph H of the jury verdict form that plaintiffs suggest  (*Id.*)  Revising Question 3 of Paragraphs A–B and Question 4 of Paragraphs C–D in the same fashion would be improper, however.  These questions go only to the question of whether any trespass or nuisance is continuing, not whether that trespass or nuisance is complete and comparatively enduring.  It would be possible for a jury to find a continuing trespass or nuisance, but at the same time find that such trespass or nuisance is not complete and comparatively enduring.  Indeed, the use of the same phrase ("continue indefinitely") in these questions (and corresponding Instruction Nos. 3.2, 3.4, 3.6, and 3.17) highlights the need to change Instruction No. 3.28 to distinguish it.

Dated:  January 23, 2006                                    Respectfully submitted,

                                                                   s/ John E. Tangren_____

One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                              s/ Courtney Biggins_____
                                              Courtney Biggins (legal assistant)