IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-cv-181-JLK
_____

MERILYN COOK, et al.,

    Plaintiffs,

       v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.
_____

**PLAINTIFFS' SURREPLY IN RESPONSE TO DEFENDANTS'
PROPOSED CHANGES TO INSTRUCTION NO. 3.28**
_____

Plaintiffs respectfully submit this surreply to Defendants' Reply in Support of Their Proposed Change to Instruction No. 3.28 (January 23, 2006) [Ct. Rec. 2042].

Plaintiffs adhere to their previously stated position, the grounds for which need not be repeated here at length, that no change in the instructions or verdict form should be made at this stage.

But defendants' reply occasions a new concern in plaintiffs – i.e., that defendants may seek to employ the jury's responses to the questions in Instruction No. 3.28 (as modified under defendants' proposal, or perhaps even as the instruction stands) to argue that the jury has rendered an inconsistent verdict. This concern arises because defendants apparently regard the questions recited in Instruction No. 3.28 (or proposed to be recited) as the jury's opportunity to state *whether*

the injurious situation became "complete and comparatively enduring" at some time between 1988 through 1995.

The verdict form already supplies an occasion for such a determination, in the jury's responses to the questions regarding compensatory damages. If the jury awards such damages, and if it is presumed, as it should be, that the jury has followed Instruction No. 3.22 in doing so, then by definition, the jury will have determined that the injurious situation became "complete and comparatively enduring" in the interval from 1988 through 1995. If the jury is later asked again in paragraph H to determine when the injurious situation became "complete and comparatively enduring" (as defendants propose) *and* given the opportunity to supply a date inconsistent (or arguably inconsistent) with its earlier finding, as defendants now appear to be proposing, then defendants' reply suggests that defendants will seek to disclaim liability under the jury's verdict.

It inherently promotes confusion if the jury is asked the same question more than once, or asked questions that unnecessarily afford openings for inconsistent answers. Although the existing instructions (as defendants apparently interpret them) may pose some such risk, defendants' proposal would only exacerbate it. Therefore, it would not, in plaintiffs' view, be a change for the better.

If any change *is* to be made (and plaintiffs repeat their view that none should be), then whatever changes are adopted should be consistently applied, and should minimize the risk that the labors of the Court, the jury, and the parties will be for naught. That would imply two sets of changes beyond what defendants have proposed. First, it would imply that if the jury is asked an open-ended question, in light of defendants' proposed revisions to Instruction No. 3.28, about *when* the injurious situation became complete and comparatively enduring, then that open-ended question in paragraph H should be asked only if the jury has found liability and damages, and should be a

question, consistent with such findings, about the time *within the period from 1988 through 1995* at which the injurious situation became "complete and comparatively enduring." That would ameliorate any risk that the jury's answer would create an arguable inconsistency in its responses.

Second, if that much is changed, defendants have offered no sound reason to refrain from changing Question 3 of paragraphs A and B and Question 4 of paragraphs C and D in parallel and consistent fashion. Defendants say those questions involve the issue of a continuing nuisance or trespass, but that issue goes to the statute of limitations, and would be measured by reference to the applicable limitations period as of the time suit was filed, not by reference to the present. If the questions at issue in paragraphs A-D are rather intended to elicit a jury determination about the complete and comparatively enduring character of the nuisance and/or trespass, then the questions should be asked in language consistent with that employed, or proposed to be employed, elsewhere in the instructions and verdict form.

Plaintiffs continue to believe that the jury may be confused if told during its deliberations, in midstream, that the Court and the parties have rethought the questions it should be answering. Such a result would be required, perhaps, if the existing instructions incorporated a clearly incorrect legal standard. But plaintiffs do not believe that defendants have made such a showing.

           Respectfully submitted,


Dated: January 23, 2006      s/ Peter Nordberg
                Merrill G. Davidoff
                Peter Nordberg
                Berger & Montague, P.C.
                1622 Locust Street
                Philadelphia, PA 19103
                (215) 875-3000

                Attorneys for Plaintiffs
                And the Class

## CERTIFICATE OF SERVICE

  I hereby certify that on January 23, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

  David M. Bernick, Esq.
  Kirkland & Ellis LLP
  200 East Randolph Drive
  Chicago, IL 60601

    and

  Joseph J. Bronesky, Esq.
  Sherman & Howard, LLC
  633 Seventeenth Street, Suite 3000
  Denver, CO 80202

  Attorneys for Defendants

                s/ Peter Nordberg
                Peter Nordberg