**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**DEFENDANTS' SURREPLY IN SUPPORT OF THEIR PROPOSED CHANGES TO
INSTRUCTION NO. 3.28**

---

Defendants respectfully submit this surreply in support of their proposed changes to

Instruction No. 3.28, and additionally propose changes to the jury verdict form as discussed

below.

Defendants do not "regard the questions recited in Instruction 3.28 . . . as the jury's

opportunity to state ***whether*** the injurious situation became "complete and comparatively

enduring at some time between 1988 through 1995."  (Pls.' Surreply at 1–2 (emphasis added).)

Questions 1, 6, and 11 of Paragraphs E and F are already designed to fulfill this function.

Defendants' understanding of Questions 1–4 in Paragraph H, as stated in defendants' original

request for a proposed change, is to determine, for purposes of creating subclasses as required by

the Court's May 17, 2005 Order, the ***date*** on which the injurious situation became "complete and

comparatively enduring."  The problem is that, as currently worded, Questions 1–4 do not ask

the jury to determine when the injurious situation became "complete and comparatively

enduring."  Rather, these questions, and Instruction 3.28, ask whether it *appeared* that the

trespass or nuisance would *continue indefinitely*, which is inconsistent with the Court's

"complete and comparatively enduring" standard (as set forth in Instruction 3.22) for the reasons

stated in defendants' original request.

Plaintiffs cite a concern that if defendants proposed change is adopted, this will create a

risk of inconsistent answers on the jury verdict form.  But the jury verdict form already carries

this risk, because the jury has the option of answering Questions 2 and 4 of Paragraph H, as

currently written, with a date that comes after 1995, even if they indicate on earlier questions that

the trespass or nuisance became complete and comparatively enduring between 1988 and 1995.

Conversely, another risk is that the jury will answer "no" to the questions of whether the trespass

or nuisance became complete and comparatively enduring between 1988 and 1995, but answer

with a date before 1995 to Questions 2 and 4.  Changing Questions 2 and 4 to be consistent with

the earlier questions regarding the "complete and comparatively enduring" standard will most

likely *diminish* these risks, because the jury will then understand that Questions 2 and 4

incorporate the same standard as the earlier "complete and comparatively enduring" questions.

If, after making defendants' proposed changes, the jury's answers to Questions 2 and 4 of

Paragraph H are inconsistent with other answers on the jury verdict form, then at least this Court

and the parties may be assured that this inconsistency resulted from an inconsistency in the jury's

findings, rather than an inconsistency in the jury instructions and jury verdict form (an

inconsistency which Plaintiffs do not deny currently exists).

Defendants do not oppose plaintiffs' further proposed change that Questions 2 and 4 of

Paragraph H be limited to answers "within the period from 1988 to 1995."  (Pls.' Surreply at 3.)

Defendants believe that the best way to accomplish this is by inserting the following language at

the top of paragraph H:

> IF YOU DID NOT ANSWER "YES" TO QUESTION 1, 6, <u>OR</u> 11 IN ¶ E <u>OR</u>
> QUESTION 1, 6, OR 11 IN ¶ F, PLEASE SKIP TO QUESTION NO. 5 IN THIS
> PARAGRAPH.
>
> IF YOU ANSWERED "YES" TO QUESTION 1 <u>OR</u> 11 IN ¶ E <u>OR</u> QUESTION
> 1 <u>OR</u> 11 IN ¶ F, GO TO QUESTION NO. 1 IN THIS PARAGRAPH.

and by replacing the sentence "PLEASE GO TO QUESTION NO. 3" after Question 2 of

Paragraph H with the following language:

> IF YOU ANSWERED "YES" TO QUESTION 6 <u>OR</u> 11 IN ¶ E <u>OR</u> QUESTION
> 6 <u>OR</u> 11 IN ¶ F, GO TO QUESTION NO. 3.  IF YOU DID NOT ANSWER
> "YES" TO QUESTION 6 <u>OR</u> 11 IN ¶ E <u>OR</u> QUESTION 6 <u>OR</u> 11 IN ¶ F, SKIP
> TO QUESTION NO. 5.

Defendants additionally propose that Questions 2 and 4 of Paragraph H of the jury verdict form

be modified to read:  "At what point in time between January 30, 1990 and December 31, 1995

do you find that the trespass or nuisance by [Dow/Rockwell] became complete and

comparatively enduring?"  Similarly, defendants request that Questions 1 and 3 of Paragraph H

of the jury verdict form change to read as follows:  "Do you find that any trespass or nuisance by

[Dow/Rockwell] became complete and comparatively enduring on or before January 30, 1990,

which is the date this case was filed?"

Defendants maintain their opposition to plaintiffs' proposed changes to Paragraphs A–D

to incorporate the "complete and comparatively enduring" standard; such changes are

unnecessary given that the jury is asked later whether the trespass or nuisance became complete

and comparatively enduring.

Dated:  January 23, 2006                                      Respectfully submitted,

s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

s/ Courtney Biggins_____
Courtney Biggins (legal assistant)