IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' MOTION REGARDING THE JURY'S NOTE WITH RESPECT TO JURY VERDICT QUESTION 2, AND REQUEST THAT, IF THE COURT IS TO PROVIDE A NEW DEFINITION OF "INTENTIONALLY" BASED ON THE COLORADO SUPREME COURT'S DECISION IN *HOERY*, IT PROVIDE A DEFINITION THAT COMES VERBATIM FROM *HOERY***
_____

       Defendants hereby file this emergency motion regarding the jury's note with respect to jury verdict question 2, and in support thereof state:

       1.      Late in the afternoon of January 23, 2006, defendants received a note indicating that the jury had asked the following question: "Please define the word 'intentionally' in Question 2. Is it the same definition given in J/I 3.13 on the nuisance claim?"

       2.      Defendants were told that they could either wait for, and respond to, the Court's proposed answer, or come to the Court's chambers to discuss their position. Defendants' counsel came to the Court's chambers later in the afternoon of January 24, 2006, and were presented with: (1) the Court's proposed answer to the jury (Exhibit A), and (2) a bench memo regarding Colorado's intent standard in trespass cases, which quoted the Colorado Supreme Court's decision in *Hoery*. (Bench Memo attached as Exhibit B) The Court's bench memo stated:

"*Hoery*: 'A landowner who set in motion a force which, in the usual course of events, will damage property of another is guilty of a trespass on such property." (Ex. B)  The Court's bench memo also cited CJI 4th:  Civ. 18:1 note 4, and *Burt v. Beautiful Savior Lutheran Church*, 809 P.2d 1064, 1067 (Colo. Ct. App. 1991).  (Ex. B)

3. When counsel for the defendants raised the concern that the Court's proposed answer to the jury's question was inconsistent with Colorado law, including *Burt*, the Court responded that the "usual course of events" standard set forth in the Court's proposed answer to the jury was **based upon the Colorado Supreme Court's decision in <u>Hoery</u>**:

> THE COURT:  But it's "in the usual course of events" is the language which is approved by the Supreme Court [in Hoery].  That's the Restatement language. (1/24/06 Hearing at 10684)

4. Defendants maintain their position that the Court should not supply a new definition of "intentionally" that is different from the current language of the instructions.  But if the Court is to supply a new definition based on *Hoery*, **it should supply one based upon the <u>verbatim</u> language of *Hoery* itself**, and not should not substitute an interpretation of *Hoery* for that verbatim language.  When one scratches beneath the "usual course of events" language from *Hoery* that plaintiffs have repeatedly cited, the verbatim language used by the *Hoery* Court is as follows (the portion quoted in the Court's bench memo (Exhibit B) is in italics;[1] the key language quoted by the *Hoery* Court - and not included in plaintiffs' filings on this issue - is in bold):

---

[1] Defendants certainly do not fault the Court for its citation to *Hoery*, which included the language:  "*Hoery*: 'A landowner who set in motion a force which, in the usual course of events, will damage property of another is guilty of a trespass on such property.'"  Plaintiffs' filings on this issue, however, have neglected to point out that this "usual course of events" language is followed by a citation to, and quotation from, Restatement (Second) of Torts § 158(a) cmt. I, which provides:  "It is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter."

> *A landowner who sets in motion a force which, in the usual course of events, will damage property of another is guilty of a trespass on such property. Miller v. Carnation Co.*, 33 Colo.App. 62, 68, 516 P.2d 661, 664 (1973)(*citing Fairview Farms, Inc. v. Reynolds Metals Co.*, 176 F. Supp. 178 (D. Or. 1959)); *see also* Restatement (Second) of Torts § 158(a)[2] cmt. i ("**It is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter**.").

*Hoery v. United States*, 64 P.3d 214, 217-18 (Colo. 2003) (the relevant pages from the *Hoery* decision are attached hereto as Exhibit C). If the Court is to further instruct the jury on the issue of intent, the ***exact wording*** from the italicized and bolded language in *Hoery* is what should be used – not an ***interpretation*** of *Hoery,* and certainly not an interpretation of *Hoery* that selectively omits the critical bolded sentence in the block-quote above.

5. The issue is stark: If the Court decides to answer the jury's question by going beyond the current instructions, should the Court use an interpretation of *Hoery*, or should the Court instruct the jury based upon the verbatim language used and quoted in the *Hoery* opinion? The Colorado Supreme Court in *Hoery* was given the opportunity to address the "intent" issue with respect to trespass, and spoke clearly on that issue. The *Hoery* Court also chose to quote a precise sentence from the Restatement as authority for its standard. *See Hoery*, 64 P.3d at 217 (*quoting* Restatement (Second) of Torts § 158(a) cmt. i ("It is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter.")). Defendants respectfully submit that the Court would be committing clear error by substituting its

---

[2] The *Hoery* decision cites Restatement (Second) of Torts Section 158 twice. *See also Hoery*, 64 P.3d at 217 ("For instance, an 'actor, without himself entering the land, may invade another's interest in its exclusive possession by ... placing a thing either on or beneath the surface of the land.' Restatement (Second) of Torts §§ 158(a) cmt. i, 159(1) (1965)."). Restatement (Second) of Torts § 158 is also cited in ***both*** of the other authorities cited in the Court's bench memo: CJI 4th: Civ. 18:1 note 4, and *Burt v. Beautiful Savior Lutheran Church*, 809 P.2d 1064, 1067 (Colo. Ct. App. 1991).

3

own interpretation of *Hoery* for the actual language used and quoted by the Colorado Supreme Court.

6. Defendants further maintain that, during the January 24, 2006 hearing, defendants quoted *Burt* for the right proposition, and, in further looking at the issue, the *Burt* and *Hoery* decisions both support defendants' position with respect to the intent issue. ***But even if the Court disagrees with defendants' interpretation of <u>Burt</u>***, there can be no quarrel with the proposition that the ***actual language used in the Colorado Supreme Court's decision in <u>Hoery</u>*** should be the basis of any further definition given to the jury, if the Court determines that one is required.

7. Thus, if the jury is to be given a new definition of "intentionally," then it should be instructed based upon the actual language of *Hoery* itself. Defendants therefore propose that, if the Court is to provide a new definition, the Court answer the jury's question as follows:

> "You have asked the following question:
>
> Please define the word 'intentionally' in Question 2. Is it the same definition given in J/I 3.13 on the nuisance claim?
>
> The answer is 'No. It is not the same.'
>
> Under Colorado law, a defendant who sets in motion a force which, in the usual course of events, will damage property of another is guilty of a trespass on such property. It is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter."[3]

8. Defendants respectfully request that, prior to the Court providing any answer to the jury's question, the Court indicate how it intends to address the "substantial certainty"

---

[3] This is an exact quotation from the Colorado Supreme Court's decision in *Hoery*, except that the word "defendant" is substituted in place of the word "landowner." Defendants preserve their previously-expressed objections to the Court's proposed answer.

quotation from *Hoery* (which is not currently included in the Court's proposed answer): "It is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter."

Dated:  January 24, 2006                                     Respectfully submitted,


/s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

              /s/ Kari Knudsen_____
              Kari Knudsen (legal assistant)