# Exhibit C

In re Robert N. HOERY,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 02SA241.

Supreme Court of Colorado,
En Banc.

Feb. 24, 2003.

Homeowner brought action under the Federal Tort Claims Act against the United States, alleging that negligent release of toxic chemicals from Air Force Base into ground, which contaminated homeowner's nearby property, constituted continuing trespass and nuisance under Colorado law. The United States District Court for the District of Colorado dismissed for lack of subject matter jurisdiction. Homeowner appealed. The United States Court of Appeals for the Tenth Circuit, certified questions to the Colorado Supreme Court. The Supreme Court, Bender, J., held that the continuing migration and ongoing presence of toxic pollution on a plaintiff's property constitutes a continuing trespass and/or nuisance, for limitations purposes, for as long as those conditions continue to exist and cause injury and until the defendant stops the migration and removes the toxic chemicals, even though the condition causing that pollution has ceased.

Certified questions answered.

Kourlis, J., filed a dissenting opinion in which Coats, J., joined.

1. **Limitation of Actions** ⚖2(4)

Federal law governs when a cause of action against the United States under the Federal Tort Claims Act (FTCA) accrues, for limitations purposes. 28 U.S.C.A. § 2401(b).

2. **Limitation of Actions** ⚖55(1), 95(3)

For permanent torts, the claim against the United States under the Federal Tort Claims Act (FTCA) accrues, for limitations purposes, the later of when the injury first occurs or when the plaintiff learned or should have learned of his injury and its cause. 28 U.S.C.A. § 2401(b).

3. **Limitation of Actions** ⚖55(6)

For continuing torts, the claim against the United States under the Federal Tort Claims Act (FTCA) continues to accrue, for limitations purposes, for as long as the tortious conduct continues; however, plaintiff's recovery is limited to the statute of limitations period dating back from when plaintiff's complaint was filed. 28 U.S.C.A. § 2401(b).

4. **Trespass** ⚖1

The elements for the tort of trespass are a physical intrusion upon the property of another without the proper permission from the person legally entitled to possession of that property.

5. **Trespass** ⚖12

The intrusion, as element of trespass, can occur when an actor intentionally enters land possessed by someone else, or when an actor causes something else to enter the land.

6. **Trespass** ⚖12

An actor, without himself entering the land, may invade another's interest in its exclusive possession, as element of trespass, by placing a thing either on or beneath the surface of the land. Restatement (Second) of Torts §§ 158(a) Comment, 159(1).

7. **Trespass** ⚖3

A landowner who sets in motion a force which, in the usual course of events, will damage property of another is liable for a trespass on such property.

8. **Nuisance** ⚖1

A private nuisance is a tort against land, and thus, the plaintiff's action must always be founded upon his interest in the land.

9. **Nuisance** ⚖62

A public or common nuisance covers the invasion of public rights, that is, rights common to all members of the public.

the plaintiff learned or should have learned of his injury and its cause. *See, e.g., Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir.1998); *Arvayo v. United States*, 766 F.2d 1416, 1419 (10th Cir.1985). For continuing torts, however, federal law provides that the claim continues to accrue as long as the tortious conduct continues. In this event, plaintiff's recovery is limited to the statute of limitations period dating back from when plaintiff's complaint was filed. *United States v. Hess*, 194 F.3d 1164, 1177 & n. 12 (10th Cir.1999).

Because a two-year statute of limitations applies to FTCA claims, *see* 28 U.S.C. § 2401(b), the District Court held that Hoery's 1998 claims were untimely because Hoery knew or should have known his property might be contaminated by TCE from Lowry as of 1995. Hoery did not appeal that ruling.

In addition to the ruling construing federal statutes, the District Court further held that its ruling was consistent with Colorado law. Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Because the acts alleged here occurred in Colorado, our precedent controls as to whether the allegations constitute a continuing trespass and nuisance.

The Court reasoned that the only "wrongful act" alleged by Hoery was the actual release of toxic chemicals by the United States, and that no continuing tort had been alleged because this act had ended in September 1994 when the United States stopped operating Lowry. Citing two of Colorado's "irrigation ditch cases," *see Middelkamp v. Bessemer Irrigating Ditch Co.*, 46 Colo. 102, 103 P. 280 (1909) and *Hickman v. North Sterling Irrigation Dist.*, 748 P.2d 1349 (Colo.App.1987), the District Court concluded that the nuisance and trespass was limited to the actual release of TCE by the United States and not the continued migration or ongoing presence of pollution on Hoery's property. Hoery appealed this ruling.

On appeal, Hoery argued that the migration and presence of toxic chemicals on his property were in themselves wrongful acts for which the United States was responsible and constituted continuing torts under our decision in *Wright v. Ulrich*, 40 Colo. 437, 91 P. 43 (1907). In the alternative, the United States asserted that Mr. Hoery's claims were permanent torts under our irrigation ditch cases and time-barred under the FTCA's statute of limitations. The Tenth Circuit, after reviewing these Colorado cases, determined that none of them indicated how we would rule on whether Hoery alleged continuing trespass and nuisance claims, and suspended the proceedings pending our response to the certified questions presented here.

### III. ANALYSIS

As background to our discussion of the certified questions, we briefly describe the underlying torts of trespass and nuisance and the distinctions between "continuing" and "permanent" torts under Colorado law.

#### A. Trespass and Nuisance

[4–7] The elements for the tort of trespass are a physical intrusion upon the property of another without the proper permission from the person legally entitled to possession of that property. *Public Serv. Co. of Colorado v. Van Wyk*, 27 P.3d 377, 389 (Colo.2001); *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 933 (Colo.1997). The intrusion can occur when an actor intentionally enters land possessed by someone else, or when an actor causes something else to enter the land. For instance, an "actor, without himself entering the land, may invade another's interest in its exclusive possession by ... placing a thing either on or beneath the surface of the land." Restatement (Second) of Torts §§ 158(a) cmt. i, 159(1) (1965). A landowner who sets in motion a force which, in the usual course of events, will damage property of another is guilty of a trespass on such property. *Miller v. Carnation Co.*, 33 Colo.App. 62, 68, 516 P.2d 661, 664 (1973)(citing *Fairview Farms, Inc. v. Reynolds Metals Co.*, 176 F.Supp. 178 (D.Or.

**218** Colo.  64 PACIFIC REPORTER, 3d SERIES

1959)); *see also* Restatement (Second) of Torts § 158(a) cmt. i ("It is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter.").

[8–12] Another type of property invasion is a nuisance.[5] A claim for nuisance is predicated upon a substantial invasion of an individual's interest in the use and enjoyment of his property. *Public Serv. Co. of Colorado*, 27 P.3d at 391. Liability for nuisance may rest upon any one of three types of conduct: an intentional invasion of a person's interest; a negligent invasion of a person's interest; or, conduct so dangerous to life or property and so abnormal or out-of-place in its surroundings as to fall within the principles of strict liability. *Id.; Lowder v. Tina Marie Homes Inc.*, 43 Colo.App. 225, 227, 601 P.2d 657, 658 (1979). Like a trespass, conduct constituting a nuisance can include indirect or physical conditions created by defendant that cause harm. Restatement (Second) of Torts § 834 cmt. b.

### B. Continuing and Permanent Torts

[13] Having delineated the elements of the underlying torts of trespass and nuisance, we must determine what makes them "continuing" or "permanent." The typical trespass or nuisance is complete when it is committed; the cause of action accrues, and the statute of limitations beings to run at that time. But in cases, for example, when the defendant erects a structure or places something on or underneath the plaintiff's land, the defendant's invasion continues if he fails to stop the invasion and to remove the harmful condition. In such a case, there is a continuing tort so long as the offending object remains and continues to cause the plaintiff harm. *See* W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 13 (5th ed.1984).

[14] In the context of trespass, an actor's failure to remove a thing tortiously placed on another's land is considered a "continuing trespass" for the entire time during which the thing is wrongfully on the land. Restatement (Second) of Torts § 161 cmt. b. Until the thing tortiously placed on the land, or underneath the land, is removed, then liability for trespass remains. *See* 75 Amer. Jur.2d Trespass § 26 (2002).

[15] The same is true for nuisance. If the defendant causes the creation of a physical condition that is of itself harmful, even after the activity that created it has ceased, a person who carried on the activity that created the condition is subject to continuing liability for the physical condition. Restatement (Second) of Torts § 834 cmt. e.

[16] For continuing intrusions—either by way of trespass or nuisance—each repetition or continuance amounts to another wrong, giving rise to a new cause of action. *See* Fowler V. Harper et al., *The Law of Torts* § 1.7 (3d ed.1996). The practical significance of the continuing tort concept is that for statute of limitation purposes, the claim does not begin to accrue until the tortious conduct has ceased. *Id.*

We recognized claims for continuing torts in *Wright*, 40 Colo. 437, 91 P. 43. In *Wright*, the plaintiff's house was adjacent to the defendant's slaughterhouse. We held that the harmful noises and stenches emanating from the slaughterhouse to the plaintiff's property constituted a continuing nuisance. We reasoned that the defendant was liable until the "nuisance was abated and the cause of damage removed." 40 Colo. at 440, 91 P. at 44 (citing *Consol. Home Supply Ditch Co. v. Hamlin*, 6 Colo.App. 341, 40 P. 582 (1894)).[6]

---

5. A private nuisance is distinguishable from a public nuisance. A private nuisance is a tort against land and the plaintiff's actions must always be founded upon his interest in the land. A public or common nuisance covers the invasion of public rights, that is, rights common to all members of the public. *See* Restatement (Second) of Torts §§ 821B, 821D. Here, we refer only to a private nuisance.

6. In *Consol. Home Supply Ditch Co.*, the court of appeals found that seepage from defendant's irrigation ditch onto plaintiff's farm lands constituted a continuing trespass or nuisance. 6 Colo.App. at 347, 40 P. at 584. Upon rehearing, the court of appeals reconsidered and found that seepage from ditches was unabatable and would continue indefinitely, and thus constituted a permanent tort. *Id.* at 356, 40 P. at 587. Although our opinion in *Wright* relied upon the earlier decision in *Consol. Home Supply Ditch Co.*, we reaffirmed