**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' "EMERGENCY MOTION"**
_____

Plaintiffs respectfully submit this response in opposition to defendants' "Emergency Motion Regarding the Jury's Note [etc.]" (filed Jan. 24, 2006) [Ct. Rec. 2050].

First, the only apparent "emergency" is that the Court has determined to respond to the jury's question in a manner consistent with Colorado law and the existing instructions, with which defendants are infamously discontent, but to which the Court and the parties have devoted unprecedented labors over many months. Defendants litigated this same issue during those proceedings, and the Court squarely rejected the same position they press again here. That defendants see the jury's question as an opportunity to resurrect the issue is no "emergency." It is only another refusal to accept the Court's rulings.

Second, defendants' "emergency" motion is without the slightest legal merit. For decades, the courts of Colorado have consistently employed the "usual course of events" language with which

defendants have their underlying quarrel. *See Hoery v. United States*, 64 P.3d 214, 217 (Colo. 2003); *Burt v. Beautiful Savior Lutheran Church*, 809 P.2d 1064, 1067 (Colo. Ct. App. 1990); *Cobai v. Young*, 679 P.2d 121, 123 (Colo. Ct. App. 1984); *Docheff v. Broomfield*, 623 P.2d 69, 71 (Colo. Ct. App. 1980); *Miller v. Carnation Co.*, 33 Colo. App. 62, 68, 516 P.2d 661 (1973). The formulation adopted by the Court is fully harmonious with that long line of decisions, and also with CJI-Civ 18:1 note 3 ("liability for trespass requires a showing that the Defendant 'intended' to perform conduct that either constituted or caused an intrusion on the property of another").

*Hoery's* citation of comment i to *Restatement (Second) of Torts* § 158 imports no "substantial certainty" requirement. Indeed, the "substantial certainty" proposition on which defendants rely was not even stated by the *Hoery* court itself. The *Hoery* court merely included the statement as a parenthetical quotation from one of the persuasive authorities on which the *Hoery* court relied, in the "*see also*" portion of a string-cite. This is no mere quibble, inasmuch as *Hoery* appears to be the *only* Colorado appellate decision ever rendered in which both the word "trespass" and the phrase "substantial certainty" appear. To agree with defendants that the *Hoery* decision articulates a "substantial certainty" criterion for intent, therefore, it would be necessary to believe that the *Hoery* court (1) intended to promulgate a new rule of Colorado law (2) not via any clear and forthright announcement of the rule's adoption, but rather (3) by quoting from secondary authority in a string-cite. It would be necessary to believe, in addition, that the *Hoery* court did this (4) without any discussion of the reasons militating in favor of the rule's adoption, (5) in response to certified questions from the Tenth Circuit that did not implicate the issue, (6) in a case whose fact pattern did not particularly present the issue either. Even if one did believe all of that, one would thereby be driven to the conclusion that the "substantial certainty" statement quoted in *Hoery* is (7) dictum.

*Plaintiffs' Response to Defendants' "Emergency" Motion  – Page 2*

The more reasonable interpretation is to take the citation of comment i in *Hoery* for what it is – a passing, fragmentary quotation from one of multiple cited authorities, offered in an introductory section of the opinion devoted to laying the broad legal groundwork for the substantive discussion of the certified questions to follow, and not intended to carry the weight that defendants would have it bear.

There is more. Even if it represented the *Hoery* decision's plain holding, the quoted language from comment i ("It is enough . . .") would imply only that "substantial certainty" of a resulting trespass is a *sufficient* condition for a finding of intent. Defendants' plain goal, however, is to suggest to the jury that it is a necessary one. The authors of the *Restatement* were entitled to express themselves in language intended for an audience of legal scholars and professionals who would be (or should be) highly sensitive to such distinctions. The Colorado Supreme Court is no doubt entitled to do the same. However, to include such language in response to a question from lay jurors who have already professed a need for clarification, without supplying the underlying context that would cause the Court's response to swell to treatise-like proportions, would more likely confuse the jury than provide it with sound and useful guidance.

It remains to discuss defendants' alarmist contention that the Court will be committing "clear error," *see* Def. Mem. ¶ 5, at 3-4, unless it responds to the jury's questions with verbatim quotations (*of* quotations) from Colorado judicial decisions – and responds, moreover, with whatever particular verbatim quotations (*of* quotations) defendants insist upon, so long as defendants do their insisting with sufficient adamance. Defendants cite precisely no authority for this absurd proposition. They support it only with shrillness of tone and typographical pyrotechnics, escalating at one point to **boldfaced** *italicized* <u>underscoring</u> – a kind of lawyerly word-processing trifecta.

*Plaintiffs' Response to Defendants' "Emergency" Motion – Page 3*

Were defendants' contention true, it would require that the Court now halt the jury's deliberations to retool the entire set of jury instructions. It would also require a rewriting of the standard Colorado Jury Instructions. And it would require that defendants disown virtually every substantive jury instruction they proposed in the pretrial process, few if any of which consisted entirely or even primarily of "verbatim quotations" from Colorado appellate decisions.

But of course defendants' contention is not true. It may sometimes be sensible to adapt language from appellate decisions for use in jury instructions, to ensure that the instructions will not stray from settled legal standards. But appellate opinions are written primarily for an audience of judges and lawyers. Instructions are written for an audience of jurors, and the two genres simply aren't the same. Defendants argue vehemently that the Court should adopt whatever language of choice defendants choose to pluck from the Colorado opinions (or the authorities they cite), rather than the Court's mere "interpretation" of Colorado law. But by constitutional design, interpreting the law is precisely what gives gainful employment to article III judges, and it is the Court's proper and legitimate function. The "interpretation" reflected in the Court's response to the jury's question is in perfect harmony with black-letter Colorado law. The defendants' strained re-interpretation is not.

For the reasons given above, plaintiffs respectfully request that defendants' "emergency" motion be denied. The Court has already agreed to defendants' request to include in its response a sentence about causation, concerning which the jury never inquired. As this jury conscientiously approaches the difficult task of wending its way through a complex verdict form after an arduous four-month trial, it should be permitted to deliberated unmolested, afforded only such further "assistance" as it may actually request and require. .

*Plaintiffs' Response to Defendants' "Emergency" Motion  – Page 4*

                                                                             Respectfully submitted,

Dated: January 25, 2006                       s/ Peter Nordberg
                                                                             Merrill G. Davidoff
                                                                              Peter Nordberg
                                                                              Berger & Montague, P.C.
                                                                             1622 Locust Street
                                                                             Philadelphia, PA 19103
                                                                             (215) 875-3000

                                                                             Attorneys for Plaintiffs
                                                                             And the Class

## CERTIFICATE OF SERVICE

  I hereby certify that on January 25, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

  David M. Bernick, Esq.
  Kirkland & Ellis LLP
  200 East Randolph Drive
  Chicago, IL 60601

    and

  Joseph J. Bronesky, Esq.
  Sherman & Howard, LLC
  633 Seventeenth Street, Suite 3000
  Denver, CO 80202

  Attorneys for Defendants

                s/ Peter Nordberg
                Peter Nordberg