**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

No. 90-cv-181-JLK
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' PROPOSED SUPPLEMENTAL JURY INSTRUCTION**
_____

    The jury now comprises ten members. The parties stipulated before trial, as permitted under Fed. R. Civ. P. 48, to accept a less than unanimous verdict, provided there were no more than two dissenting jurors from a surviving panel of ten or more, and no more than one dissenting juror from a surviving panel of nine or fewer. Plaintiffs accepted those terms in open court on September 22, 2005. *See* Tr. (9/22/05) at 16-19. Defendants later accepted them via written submission. *See* Defendants' Statement Regarding the Jury Verdict (Sept. 29, 2005) [Ct. Rec. 1473]. Neither party attached any condition to their agreement, other than the terms recited above.

    When certain instructions were re-read to the remaining ten jurors early this afternoon, the instructions were not modified to reflect the Court's decision to excuse the eleventh juror. The jurors were therefore inadvertently instructed that a majority of nine or more is necessary to reach a decision. That instruction is now incorrect. Only a majority of eight or more is now necessary

under the parties' pretrial stipulation. The jury should be reassembled promptly and given the following corrective instruction:

> Earlier today, I re-read certain instructions to all of you. The portions of the instructions that were re-read should have been corrected in one respect. Now that a second juror has been excused, and now that there are ten of you remaining rather than eleven, a majority of nine is no longer necessary for you to reach a decision on the questions on the verdict form. Only a majority of eight is now required. You should continue your deliberations with that in mind.

Plaintiffs would not object to different wording that conveyed the same substance. Plaintiffs would object to any attempt by defendants to seize the occasion to intepolate new instructions on any different point.

Plaintiffs are aware that defendants now seek to renege on their previous stipulation. However, in stipulating as they did, defendants waived the right to rescind the stipulation after trial commenced. Plaintiffs' counsel duly objected when defense counsel previously attempted to disclaim the stipulation. *See* Tr. (10/30/05) at 3350-53. A party may not recant on such a stipulation after trial is underway because it has grown unhappy with the way its case turns out to be going, let alone because of its sense about how deliberations may be proceeding. *See*, *e.g.*, *Meyers v. Wal-Mart Stores, East, Inc.*, 77 F. Supp. 2d 826, 832 n.2 (E.D. Mich. 1999).

                                        Respectfully submitted,

Dated: January 25, 2006            s/ Peter Nordberg
                                        Merrill G. Davidoff
                                        Peter Nordberg
                                        Berger & Montague, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        (215) 875-3000

                                        Attorneys for Plaintiffs
                                        And the Class

## CERTIFICATE OF SERVICE

     I hereby certify that on January 25, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

    David M. Bernick, Esq.
    Kirkland & Ellis LLP
    200 East Randolph Drive
    Chicago, IL 60601

        and

    Joseph J. Bronesky, Esq.
    Sherman & Howard, LLC
    633 Seventeenth Street, Suite 3000
    Denver, CO 80202

    Attorneys for Defendants

                                            s/ Peter Nordberg
                                            Peter Nordberg