IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

     Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL
COMPANY,**

     Defendants.

---

## ORDER REGARDING INSTRUCTION NO. 3.28

---

Kane, J.

This matter is before me on Defendants' Proposed Change to Instruction No. 3.28
(Docket #2031), filed January 20, 2006, after Instruction No. 3.28 and the other final jury
instructions were read to the jury.[1] Defendants' concern is that Instruction No. 3.28
provides an incomplete and/or inconsistent definition of the terms "complete" and
"comparatively enduring" as set forth in Restatement (Second) of Torts § 930 and thus
may confuse the jury.  This concern is premised on an improper reading of
Restatement § 930 and the jury instructions and jury verdict form as a whole.

Restatement § 930 provides that a property owner injured by a continuing tortious
invasion, such as the trespass and nuisance alleged here, may in some circumstances elect
to recover damages for prospective invasions, that is, elect to recover damages for the

---

[1]     The jury is still deliberating as of the date of this order.

diminution in the property's value caused by the continuing invasion.  *See* Restatement § 930(1), 930(3)(b); *id.* cmt. b (damages for prospective invasions "usually fixed at the depreciation in the salable value of the land").  A property owner injured by a continuing tortious invasion is empowered to elect to recover such damages upon demonstrating that it "appears that the wrong will probably continue indefinitely."  *Id.* § 930(1); *see id.* cmt. b.  In other words, in order to seek and ultimately to recover diminution in property value as damages for a continuing invasion, the plaintiff must prove that the invasion is enduring in nature.  *See id.*, cmt. b ("As foundation for the election, the pleading and proof must establish the enduring character of the wrong."); *id.* cmt. d (depreciation in property value reflects "how much less a reasonable purchaser would give for the land because of the prospect that the land would be subjected to invasions permanently or for an indefinite time in the future."); *id.*, cmt. a ("If the threat of continued invasions appears merely transient," assessing damages only for past invasions is adequate.).

Plaintiffs seek to recover for the diminution in Class property values caused by Defendants' alleged continuing trespass and nuisance.  To recover such damages, as described above, Plaintiffs must establish that "it appears the invasions will continue indefinitely."  Consistent with Restatement § 930(1), I have instructed the jury in Instruction Nos. 3.2 and 3.6 that this is part of Plaintiffs' burden of proof on both their

trespass and nuisance claims.  *See* Instruction No. 3.2 (third element of trespass claim);

Instruction No. 3.6 (fourth element of nuisance claim).[2]

In Restatement § 930(3)(b), the Restatement authors separately considered another

component of a claim for diminution in property value caused by a continuing tortious

invasion, which is the time at which the diminution in value is to be measured.  In their

commentary on this provision, the authors noted that depreciation in property value "will

often be greater or less, according to the time fixed for contemplating the results of an

imaginary purchase."  Restatement § 930 cmt. d.  "To be fair to the injured person," the

authors concluded that the amount of prospective damages should not be measured before

"the effects of the injurious conditions have been revealed in their full extent."  *Id.*  As a

result, Restatement § 930(3)(b) provides that the amount of these damages is *measured* at

the time that the effects of the invasion are determined to be both "comparatively

enduring" *and* "complete."  *Id.* § 930(3)(b); *id.* cmt. d.  It is at this point in time, the

Restatement authors declared, that "the amount of depreciation because of the prospect of

future invasion can be determined with the greatest accuracy."  *Id.* cmt. d.

I instructed the jury in Instruction No. 3.22 regarding the measure of damages

sought by Plaintiffs under Restatement § 930, *i.e.*, diminution in property value, and the

time at which these damages are to be measured, *i.e.*, the time at which the jury

---

[2]      Instruction Nos. 3.4 and 3.17 provide additional direction to the jury on the
standard for deciding this element, based on comment b to Restatement § 930(1).

determines the injurious situation became "complete" and "comparatively enduring."[3]  As

both Instruction No. 3.20 and the Jury Verdict Form make clear, the jury will only reach

the damage measurement issues presented in Instruction No. 3.22 if they have already

found one or both of the Defendants liable for trespass and/or nuisance pursuant to

Instruction Nos. 3.2 and/or 3.6.  *See* Instruction No. 3.20; Jury Verdict Form ¶¶ E, F.

This brings me to the instruction of concern to Defendants, No. 3.28, titled

"Additional Questions."  This instruction follows all instructions relating to liability and

damages, and informs the jury that the questions it presents are separate from these

issues.  *See* Instruction No. 3.28.

The first question stated in No. 3.28 asks the jury whether "it appeared on or

before January 30, 1990, which is the date this case was filed, that the alleged trespass or

nuisance committed by Dow or Rockwell or both of them would continue indefinitely?"

If the answer to this question is "No" for either Defendants, then the jury is asked to

decide when it first appeared that the alleged trespass or nuisance would continue

indefinitely.  *See* Instruction No. 3.28; *see also* Jury Verdict Form ¶ H.  The Jury Verdict

Form directs the jury to answer these questions separately for each Defendant and to

---

[3]      Consistent with comment d of Restatement § 930, Instruction No. 3.22
instructs the jury that "the injurious situation is 'complete' when the effects of the
trespass or nuisance are known to their full extent."  Instruction No. 3.22; *see*
Restatement § 930 cmt. d.  It instructs that the injurious situation "is 'comparatively
enduring' when there is no reason to expect that these effects will end at a definite time in
the future."  Instruction No. 3.22; *see* Restatement § 930 cmts. b, d.

answer "Not Applicable" if the jury did not find a particular Defendant liable for trespass or nuisance.  *See* Jury Verdict Form ¶ H.

The purpose of these additional questions is not to determine liability or to measure damages, but rather to determine the sub-class of Class members who are entitled to recover damages for prospective invasions under Restatement § 930 if the jury finds either or both Defendants liable and awards compensatory damages.  This issue arose in 2004 during the parties' briefing on the issues to be tried in the class trial, and was addressed eight months ago in the Order on Scheduling and Jury Instruction Issues entered on May 17, 2005 [hereinafter "May 2005 Order"].  *See* May 2005 Order at 14-16.

The relevant background here begins with the fact that the Class as a whole is defined as persons owning property within the Class Area as of June 7, 1989.  It is undisputed that a number of these Class members sold their Class properties before this action was filed on January 30, 1990, or during the pendency of this action.  Under Restatement § 930(1), as discussed above, a property owner injured by a continuing invasion acquires the right to seek diminution in property value for the continuing invasion "when it appears that the wrong will probably continue indefinitely." Restatement § 930 cmt. b; *id.* § 930(1).  Class members who sold their Class property before this action was filed do not have the right to recover for prospective damages under Restatement § 930 because they did not own the allegedly impaired property when the election to seek recovery of diminution in value was made on their behalf through the filing of this class action.  *See* May 2005 Order at 16.  Any Class members who sold their

5

properties before it first appeared that the invasion(s) would continue indefinitely similarly do not have the right to elect to recover for prospective invasions under Restatement § 930(1). *See* May 2005 Order at 15.

Accordingly, in the May 2005 Order, I divided the Class into two sub-classes for purposes of determining compensatory damages at the class trial, one that is entitled to recover damages under Restatement § 930(1) for the continuation of the alleged trespass or nuisance into the future and a second sub-class that is not entitled to recover for prospective invasions. For the reasons just stated, the first damages sub-class is defined as all Class members who owned property within the Class Area on the later of (i) January 30, 1990, the date this action was filed, or (ii) the date on which it became apparent that the trespass or nuisance would continue indefinitely, and the second damages sub-class consists of all Class members not included in the first. Instruction No. 3.28 implements this decision by directing the jury to make the findings that will define the members of the first damages sub-class.[4]

Defendants' tardy request to modify Instruction No. 3.28 to incorporate the concept that the injurious situation is "complete" confuses Restatement § 930(1)'s requirements for determining when the right to recover for diminution of property value

---

[4]      In the May 2005 Order, I ruled that the then upcoming class trial would determine liability for the entire Class, but would only determine damages for prospective invasions pursuant to Restatement § 930, that is, only damages for Class members in the first damages sub-class. May 2005 Order at 15. Consideration of the availability and means for determining any compensatory damages for the second damages sub-class if liability was found was deferred until after the class trial. *Id.* at 15-16.

comes into existence with § 930(3)(b)'s requirements for determining the proper time for measuring these damages if liability is found.[5]  The only requirement for determining the right to recover diminution in property value is whether the continuing tortious invasion will apparently continue indefinitely.  Restatement § 930(1).  The concept of "complete" harm only applies when the right to recover prospective damages has been established and the jury turns its attention to measuring any damages that may be awarded.  *See* Restatement § 930(3)(b).  It is possible for the right to recover prospective damages to accrue before the most accurate time for measuring these damages occurs, which is when the injurious and "comparatively enduring" situation also becomes "complete."  *See* Restatement § 930(3)(a); *id.* cmt. d.  If it were otherwise, Restatement § 930(1) and its commentary would provide that the right to elect to recover for prospective invasions requires proof that the invasions and their injurious effects are both comparatively enduring and complete.  It does not do so.  Accordingly, the questions posed in Instruction No. 3.28, given their purpose in defining the sub-class that has the right to

---

[5]     This request is tardy not only with respect to the decisions made in the May 2005 Order but also in the context of the jury instruction process.  Instruction No. 3.28 was included in the instructions provided to the parties and read to the jury at the start of trial in October, 2005.  As the end of trial neared earlier this month, I directed Defendants to file any proposed revisions to these instructions by January 9.  Defendants responded by filing extensive proposed revisions, including revisions to Instruction No. 3.28. Defendants did not, however, raise the issues addressed in this order until some ten days later, after Instruction No. 3.28 and the rest of the jury instructions were finalized and presented to the jury for use during their deliberations.

recover prospective damages under Restatement § 930(1), are correct in omitting the concept of "complete" harm.

Defendants also assert Instruction No. 3.28 is confusing and inconsistent with other jury instructions because it directs the jury to determine whether it appeared the Defendants' alleged invasions would continue indefinitely as of January 30, 1990, or some other time in the past, rather than as of today, as provided in Instruction Nos. 3.2 (elements of trespass claim) and 3.6 (elements of nuisance claim).  This complaint also confuses the Restatement's requirements and the purpose served by these different instructions.  As just described, Instruction No. 3.28 is directed at determining the sub-class of Class members who had the right, exercised through this class action, to seek recovery of compensatory damages for prospective invasions.  This right exists whenever "it appears the invasions will continue indefinitely."  Restatement § 930(1).  If this condition existed when this suit was filed, then all Class members who owned property then effectively elected to seek recovery for prospective damages through this suit.  If the condition did not come into existence until some later point in time during this action, then only Class members owning property at this later point in time had to the right to seek recovery of prospective damages.[6]

In order to succeed in their claim and actually recover prospective damages for the relevant sub-class, Plaintiffs must demonstrate that the condition of an indefinitely

---

[6]      The Restatement provides that the right to elect to recover prospective damages may be made at any time during an action.  Restatement § 930 cmt. b.

8

continuing invasion also exists at the present time.  This conclusion is compelled by the rationale stated in the Restatement and elsewhere for allowing recovery of prospective damages for indefinitely continuing tortious invasions.  *See* Restatement § 930 cmt. b; *see also Cook v. Rockwell Int'l Corp. ("Cook X")*, 358 F. Supp. 2d 1003, 1010-13 (D. Colo. 2004) (summarizing cases).  That rationale is that the traditional remedy for continuing invasions, a succession of actions for past damages repeated indefinitely for as long as the invasion continues, is inadequate when there is no reason to expect that the continuing invasion is temporary or transient.  *See* Restatement § 930 cmt. b; *Cook X*, 358 F. Supp. 2d at 1010-12.  To redress this inequity, the Restatement and various courts have allowed the recovery of diminution in property value, which is the usual standard of compensation for "permanent" invasions, upon proof that it appears that the invasion will continue indefinitely.  *See* Restatement § 930(1) & cmt. b; *Cook X*, 358 F. Supp. 2d at 1010-12.  As the Restatement recognizes, a factual finding at trial that the invasion will not continue indefinitely defeats a claim for prospective damages.  *See* Restatement § 930 cmt. b (if defendant persuades finder of fact that invasion has been or will soon be remedied, plaintiff may not recover damages for prospective invasion).  Thus, it is entirely consistent to require Plaintiffs to prove, as an element of their claims for prospective damages, that it appears at the present time that the alleged trespass and nuisance will continue indefinitely, *see* Instruction Nos. 3.2 and 3.6, while also recognizing that this condition, and the right to seek prospective damages for it, may have

existed before this action finally came to trial.  There is no inconsistency, therefore, between Instruction Nos. 3.2 and 3.6 and Instruction No. 3.28 on these points.

Finally, Defendants express concern in their final briefing on this subject that Instruction No. 3.28 and accompanying Questions H.2 and H.4 in the Jury Verdict Form create the risk of inconsistent answers on the jury verdict form.  These concerns are based on the notion that Instruction No. 3.28 should direct the jury to determine when the injurious situation became both comparatively enduring and complete, which is incorrect for the reasons stated above.

For the foregoing reasons, I deny Defendants' request to modify Instruction No. 3.28.

Dated this 27th day of January, 2006.

   **s/John L. Kane**
John L. Kane, Senior District Judge
United States District Court