## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

## DEFENDANTS' RESPONSE TO THE COURT'S PROPOSED RESPONSE TO THE JURY'S JANUARY 31, 2006 QUESTION REGARDING DEFENDANTS' AFFIRMATIVE DEFENSE

_____

The problem with the Court's proposed language is that the jury may be asking whether defendants' affirmative case as a whole can be considered on the liability and damages claims on which plaintiffs have the burden of proof.  The jury may not understand that our evidence is in denial of plaintiffs' claims.  Given this the jury may construe the Court's answer as directing them to consider our case in chief solely as relevant to offset, which would be a dramatic error.

The Court is assuming that the jury is asking a much narrower question than they actually are.  In defendants' view, the jury's question is focused upon burden of proof issues, including those raised in the second paragraph of Instruction No. 1.8.  In defendants' view, the Court should ask the jury to please clarify what their question means with specific reference to Instruction Numbers and/or Jury Verdict Form Question Numbers prior to responding, so that we can be certain of what it is the jury is asking rather than making assumptions.

Presently we do no know what the jury is asking about.  The jury could be asking about defendants' evidence in denial of plaintiffs' claims and/or defense evidence regarding setoff, and/or both.  One concrete example of this lack of clarity is the defense evidence that prices for the class and the controls moved in parallel going back to the 1970s.  The jury should consider that evidence on the issue of both no diminution in value and the issue of setoff.  This exemplifies why clarity should be sought from the jury before this question is answered.

Without waiving any of the foregoing, and with respect to the Court's proposed response, it is important that the two paragraphs of this response be preceded by the paragraph that follows:

> Defendants' case was comprised of evidence, including affirmative evidence, that plaintiffs have not proven their claims.  You must consider this and other evidence regarding plaintiffs' trespass, nuisance, and damages claims, as to which plaintiffs bear the burden of proof.

In addition, defendants believe the order to the two substantive sentences in the first paragraph of the Court's proposal should be reversed.  That is, the "If you find . . ." sentence should come first, and the "As stated in . . ." sentence should come last.  In addition, the word "not" should not be underlined.  The Court's instructions should not emphasize what should not be considered in this way.

Dated:  January 31, 2006                          Respectfully submitted,


                                                  s/ John E. Tangren
                                                  One of the Attorneys for the Defendants
                                                  David M. Bernick
                                                  Douglas J. Kurtenbach
                                                  Ellen Therese Ahern
                                                  Mark J. Nomellini
                                                  John E. Tangren
                                                  KIRKLAND & ELLIS LLP

200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on January 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206

blumg@s-d.com


                                    s/ Kari Knudsen_____
                                    Kari Knudsen (legal assistant)