**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**

---

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

---

**PLAINTIFFS' STATEMENT RE COURT'S SECOND DRAFT RESPONSE
TO JURY'S QUESTION RE SETOFF**

---

Plaintiffs understand that, in response to the Court's request for clarification of an earlier question the Jury had submitted, the Jury subsequently stated:

> Does the Defendants Affirmative Defense J/I 1.8 Apply to Trespass/Dim in Value & Nuisance?  Do they have the burden of proof to prove they did not trespass, nuisance or effect potential Diminution in property value.  Or does it only apply to set-off - JI 3.25.

Plaintiffs have reviewed the Court's draft response to this question.  Plaintiffs do not object to the Court's draft response, with one proviso.  Plaintiffs request that the Court *add* the *first* paragraph from its *earlier* draft response.  That is, Plaintiffs request that the Court *add* the following paragraph:

> As stated in the Jury Verdict Form, you should <u>not</u> consider the Defendants' affirmative defense of setoff, or any "prior market discount" at which Class Members may have purchased their properties, in deciding whether there is a difference

>between the actual value of the Class Properties and what their value[1] would have been but for any trespass or nuisance you have found.  *See* Jury Verdict Form ¶ E, Question Nos. 3, 8, 13 and ¶ F, Question Nos. 3, 8, 13;  *see also* Instruction Nos 3.22-24.  If you find there is a difference between the Class Properties' actual value and what it would have been but for any trespass or nuisance you have found, then you must complete the appropriate questions in the jury verdict form about the amount of these actual damages.  *See* Jury Verdict Form ¶ E, Question Nos. 1-3 or Nos. 6-8 or Nos. 11-14, and ¶ F, Question Nos. 1-3 or Nos. 6-8 or Nos. 11-14.

*See* Court's *Draft* response dated Jan. 31, 2006,

This paragraph, drafted earlier by the Court, is a logical and important addition to the Court's current draft response.  The current draft concludes by advising the Jury that "you need only consider and decide Defendants' affirmative defense of setoff if you find for Plaintiffs on one or more of their claims and award Plaintiffs actual damages."  Court's *Draft* response dated Feb. 1, 2006.

The Court's earlier-drafted language, which we quote above, should be added as a new third paragraph.  The Court's earlier language is accurate, and provides needed balance and explanation to the response, and is a logical extension of the (current) concluding sentence.

---

[1]The word "value" was omitted from the Court's earlier draft, apparently inadvertently.

          Respectfully submitted,

Dated: Feb 1, 2006      s/ Peter Nordberg
              Merrill G. Davidoff
              Peter Nordberg
              David F. Sorensen
              Berger & Montague, P.C.
              1622 Locust Street
              Philadelphia, PA 19103
              (215) 875-3000

              Attorneys for Plaintiffs
              And the Class

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 1, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

      David M. Bernick, Esq.
      Kirkland & Ellis LLP
      200 East Randolph Drive
      Chicago, IL 60601

          and

      Joseph J. Bronesky, Esq.
      Sherman & Howard, LLC
      633 Seventeenth Street, Suite 3000
      Denver, CO 80202

      Attorneys for Defendants

                                      s/ Peter Nordberg
                                      Peter Nordberg