# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

## DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED RESPONSE TO THE JURY'S FEBRUARY 3, 2006 QUESTION REGARDING JURY INSTRUCTION NO. 3.22

_____

Defendants object to plaintiffs' proposal on the following grounds.

First, diminution in value is a classwide claim. There must be liability, including fact of damages, to the entire class, in order for the class to recover.

Second, the instructions specifically call out that diminution in value is to be determined on a classwide basis. In fact, after stating that Plaintiffs' "two claims . . . are made and must be proved for the Class as a whole," Instruction 3.1 goes on to speak of the "determination of damages, which applies to both claims." Under plaintiffs' analysis, class members who have zero damage could recover, in clear violation of law. *See, e.g., Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 319-21 (5th Cir. 1998) (reversing damages award where certain plaintiffs had no damages); *see also* Rules Enabling Act (individual cannot recover as member of class where could not recover in individual trial).

Third, there are no damages to "sum up" - there are only classwide damages. The jury only gets to the question of aggregate damages if first it finds the fact of damage for the class as

a whole.  The issue of "individual Class members' share of any damages you award" being

"determined in later proceedings" is relevant at best to the ***amount*** of damages (*see, e.g.*,

question 8 in Section E of the Jury Verdict Form), and does not arise unless the jury first finds

the ***fact*** of damages for the class of whole (*see, e.g.*, question 7 in Section E of the Jury Verdict

form).

Plaintiffs' proposal turns a class action into a determination as to whether there is any

damage to any part of the class.  That is contrary to the instructions and to the law.

Fundamentally, the jury's question focuses on JI 3.22.  Every paragraph of plaintiffs'

proposed response focuses on JI 3.23 -- an instruction that was mentioned nowhere in the jury's

question.  The issue of "individual Class members' share of any damages you award" being

"determined in later proceedings" is not addressed in JI 3.22.


Dated:  February 3, 2006                                    Respectfully submitted,



                                                           s/ John E. Tangren
                                                           One of the Attorneys for the Defendants
                                                           David M. Bernick
                                                           Douglas J. Kurtenbach
                                                           Ellen Therese Ahern
                                                           Mark J. Nomellini
                                                           John E. Tangren
                                                           KIRKLAND & ELLIS LLP
                                                           200 East Randolph Drive
                                                           Chicago, Illinois 60601-6636
                                                           Phone:  312-861-2000
                                                           Fax:     312-861-2200

                                                           Joseph J. Bronesky
                                                           SHERMAN & HOWARD L.L.C.
                                                           633 Seventeenth Street, Suite 3000
                                                           Denver, Colorado 80202

Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206

blumg@s-d.com


s/ Kari Knudsen_____
Kari Knudsen (legal assistant)