**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PROPOSED ANSWER TO
JURY'S QUESTION RE: DIMINUTION MEASURE**
_____

        Plaintiffs respectfully submit this response to "Defendants' Proposed Response to the Jury's February 3, 2006 Question Regarding Jury Instruction No. 3.22" (Feb. 3, 2006) [Ct. Rec. 2086].

        Defendants' response is legally incorrect and misreads Instruction No. 3.1.  Moreover, it is calculated to confuse and mislead the jury, rather than clarifying the Court's existing instructions.

        Instruction No. 3.1 begins by stating that plaintiffs assert "*two claims*": nuisance and trespass.  It goes on to state that those "claims" must be proved "for the Class as a whole as stated in the instructions for *each claim* that I am about to give you."   Its concluding sentence reads, "At the end of my instructions on Plaintiffs' *two claims*, I will talk to you about determination of damages, which applies to *both claims*."  After the Court's instructions on the elements of the two claims, the Court returns as promised to the subject of damages, in Instruction 3.21.  That instruction

begins, "If you find in favor of Plaintiffs on *either of their claims* against Dow and/or Rockwell, then you must award them actual or nominal damages."

To plaintiffs, it appears plain from the language and structure of the instructions as cited above that the references to "claims" in Instruction No. 3.1 are to the substantive elements of liability for trespass and nuisance – not to the assessment of damages, which Instruction 3.1 announces will be addressed *after* the instructions on the "two claims." Even if plaintiffs were mistaken in this interpretation, the instructions on "each claim" are replete with admonitions that the jury need not find that class members suffered identical types or degrees of harm. *See, e.g.*, Instruction No. 3.5 ("you do not need to find that all Class members were exposed to plutonium at the same time or by the same methods or to the same degree or that they all incurred the same level of health risk"). That is because a reference to proof of the "claims" for the class "as a whole" does not imply that the harms (or the damages) associated with the "claims" cannot vary between class members.

Indeed, if defendants were correct in interpretating the reference to "claims" in Instruction No. 3.1 as including the issue of damages, then Instruction Nos. 3.22 and 3.23 and the associated guidance provided in the Verdict Form would count among the "instructions for *each claim*" in which it is explained, according to Instruction No. 3.1, what it means to prove plaintiffs' "claims" for the "Class as a whole." That would include the statement repeatedly made in the Verdict Form (*see* ¶¶ E & F, Questions 3, 8, 13, & 16) that the jury's findings on percentage diminution should represent an "*average.*" It would also include the admonitions in Instruction No. 3.23 that the jury's determination of aggregate damages should represent "the total amount of damages suffered by the

entire Class," and that "Individual Class members' share of any damages you award will be determined in later procedings."

Plaintiffs respectfully submit that defendants' proposed instruction does not offer a helpful or correct response to the jury's question. Plaintiffs' proposed response offers both.

Respectfully submitted,

Dated: February 3, 2006

s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs
And the Class

# CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

>David M. Bernick, Esq.
>Kirkland & Ellis LLP
>200 East Randolph Drive
>Chicago, IL 60601
>
>    and
>
>Joseph J. Bronesky, Esq.
>Sherman & Howard, LLC
>633 Seventeenth Street, Suite 3000
>Denver, CO 80202
>
>Attorneys for Defendants

>                                         s/ Peter Nordberg
>                                         Peter Nordberg