**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

       **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' REPLY IN SUPPORT OF PROPOSED ANSWER TO
JURY'S QUESTION RE: DIMINUTION MEASURE**
_____

Plaintiffs respectfully submit this reply in support of "Plaintiffs' Proposed Response to Jury's Question re Diminution Measure" (Feb. 3, 2006) [Ct. Rec. 2087].

The question the jury has actually *asked* is: "In considering JI 3.22 are we to consider only the *amount of diminution* common to the class as a whole?" That question cannot fairly be read as a question about the *fact of damage*. The simple and natural way to inquire about that point would have been to ask whether "actual damages" (or "damages," or "diminution") must be class-wide,[1]

---

[1] Incidentally, they need not be. For example, the jury might find that commercial properties had not suffered actual damages, whereas residential and vacant properties had. Defendants cite no authority for the proposition that no class damages may be awarded unless every class property has suffered actual damage, nor could they. Nor would defendants suffer any prejudice if required to pay an aggregate judgment measured by the aggregate damages actually suffered by class members. *See Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1212 (D. Colo. 2003). It is the class that would suffer prejudice, in the form of undercompensation, under defendants' proposed regime.

not whether their *amount* must be. Moreover, the natural context in which to ask such a question would have been with reference to the instruction that specifically *covers* actual versus nominal damages – i.e., Instruction No. 3.21. The jury's actual question references Instruction No 3.22 and intra-class variations in the *measure* by which actual damages are assessed under that instruction.

The jury, in short, has asked a very different question from the one that defendants would plainly prefer. It is a reasonable question, lucidly expressed, about variability among class members in the quantum of actual damages. The Court should decline defendants' invitation to turn it into a different question altogether.

In answering the question actually asked, the Court is not confined to referencing the instructions actually mentioned in the jury's question. The Court may and should refer the jury to other instructions that are responsive to the jurors' inquiry. Instruction No 3.23 is one such instruction. As we have already explained, Instruction 3.1, which addresses entirely different topics, is not.

                                          Respectfully submitted,

Dated: February 5, 2006                    s/ Peter Nordberg
                                          Merrill G. Davidoff
                                          Peter Nordberg
                                          Berger & Montague, P.C.
                                          1622 Locust Street
                                          Philadelphia, PA 19103
                                          (215) 875-3000

                                          Attorneys for Plaintiffs
                                          And the Class

## CERTIFICATE OF SERVICE

      I hereby certify that on February 5, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

    David M. Bernick, Esq.
    Kirkland & Ellis LLP
    200 East Randolph Drive
    Chicago, IL 60601

        and

    Joseph J. Bronesky, Esq.
    Sherman & Howard, LLC
    633 Seventeenth Street, Suite 3000
    Denver, CO 80202

    Attorneys for Defendants

                                                    s/ Peter Nordberg
                                                    Peter Nordberg