**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' SURREPLY RE PLAINTIFFS' PROPOSED ANSWER TO JURY'S QUESTION RE 3.22**
_____

Plaintiffs' latest brief (filed Sunday night, February 5) proposes a new interpretation of the jury's question - namely, that in referring to "amount," the jury intended (without saying so) to include only "amounts greater than zero." As an initial matter, if there is any doubt as to the meaning of the jury's question, defendants propose that, instead of speculating or adding words, the jury be asked what it meant by its question, and further be asked to point to which portion of JI 3.22 it is referring to. The court has used this approach (asking the jury for clarification) with success in the past. For example, on January 31, 2006, the jury asked the question: "Does the defendants' affirmative defense apply for the trespass, nuisance, and diminution of value of the class properties? Or only applies to the setoff element?" After the Court asked for clarification of the jury's question, the jury then asked a question that was much more precise, explaining that it was asking about specific burden of proof issues raised by Instruction 1.8. If the Court had followed plaintiffs' urging and answered the jury's January 31, 2006 question without asking for clarification, that answer would have been misleading to the jury.

Nevertheless, defendants think that the jury's question is clear. The jury asked about JI 3.22. JI 3.22 is referenced in Section E, Question 7 of the jury verdict form, a question relating to whether damages exist or not (a question that includes circumstances where the damages "amount" is equal to zero). JI 3.22 is not referenced in Section E, Question 8 of the jury verdict form, a question which assumes that the jury has already found a damages "amount" greater than zero.

Plaintiffs' latest brief states that the jury's question "cannot fairly be read as a question about the fact of damage." That is plainly false. The jury asked:

> In considering JI 3.22 are we to consider only the amount of diminution common to the entire class as a whole?

Under any reasonable interpretation of the word "amount," ***zero is an amount***.[1] The jury's question obviously includes, but is not limited to, circumstances where the amount of diminution for some class members is zero. For the jury to have been asking the question that plaintiffs would like the jury to be asking, it would have to have said.

> In considering JI 3.22 are we to consider only the amount*s* of diminution ***greater than zero that are*** common to the entire class as a whole. (bolded, italicized words not included in the jury's question)

But the jury plainly did not ask that question, and the Court should reject plaintiffs' invitation to interpolate words into what the jury asked.[2]

---

[1] *See In re Emery*, 317 F.3d 1064, 1071 (9th Cir. 2003) ("World Savings, therefore, can only recover the amounts 'owe[d]' by the Emerys at the time of the alleged conversion. We have concluded that that amount is zero."); *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)("Illinois practice, like that of the federal courts, does not limit the plaintiff's possible recovery to the amount of damages stated in its complaint, even if that amount is zero.") (Posner, J.); *Parisi by Cooney v. Chater*, 69 F.3d 614, 620 (1st Cir. 1995) ("As explained, that amount is zero.")

[2] Plaintiffs' approach presumptuously assumes that the jury has already determined that the amount of damage for the class as a whole is greater than zero. But there is no basis for such an assumption, particularly where the jury did not limit its question to amounts greater than zero. The fact that the plaintiffs fervently want the jury to be asking a question about JI 3.23 simply does not make it so. Importantly, plaintiffs do not dispute that

(Continued…)

2

In three briefs, plaintiffs have cited **no authority** for the proposition that a jury may award class-wide damages where the amount of damages is not greater than zero for the class as a whole. Defendants have twice cited authority for the opposite proposition, *see, e.g., Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 319-21 (5th Cir. 1998) (reversing damages award where certain plaintiffs had no damages).[3] But plaintiffs have never responded to that authority.[4]

Finally, plaintiffs cite no reason (other than simply re-asserting their point) that 3.23 is responsive to the jury's question. The jury did not ask about 3.23, and 3.23 deals with another topic (determining the amount of damages for the class once the jury has already determined that the amount of damages is greater than zero on a class-wide basis). By contrast, 3.1 plainly deals not only liability but with damages. *See* JI 3.1 ("two claims . . . are made and must be proved for the Class as a whole," and the "determination of damages . . . **applies to both claims**") (emphasis added).

Finally, defendants note that it is not unnatural for the jury to be asking their latest question, particularly if they are currently dealing with the nuisance portion of the instructions and the jury verdict form. For example, in the context of nuisance, the jury has been instructed

---

defendants' response would be proper if the jury's question is **not** changed (in the manner that plaintiffs propose) to exclude amounts greater than zero. Plaintiffs state that "the jury might find that commercial properties had not suffered actual damages, whereas residential and vacant properties had." Even assuming that plaintiffs' hypothetical was what the jury is getting it (it is not), **plaintiffs do not take issue** with the fundamental proposition that the jury must find that the amount of damage is greater than zero must be greater than zero on a class-wide basis within each damages sub-class.

[3] *See also, e.g., Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 345 (4th Cir. 1998) (plaintiffs not permitted "to strike [defendant] with selective allegations, which may or may not have been available to individual named plaintiffs")

[4] Plaintiffs cite *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1212 (D. Colo. 2003), for the proposition that defendants would not "suffer any prejudice if required to pay an aggregate judgment measured by the aggregate damages actually suffered by class members." But *Cook* does no say that. And among the "prejudices" that defendants would suffer is that any such judgment would be in violation of law.

3

that "[i]n deciding whether any interference proven by Plaintiffs is substantial under this test, you must consider only the magnitude or level of interference that is common to the Class as a whole, and not any more severe level of interference that may have been suffered by some class members but not by others."  (JI 3.9)  It is natural for the jury to inquire whether this test also applies to damages.

Likewise, the jury could be focused on the complete and comparatively enduring determination.  The bulk of JI 3.22 -- the only instruction the jury has referenced -- is devoted to complete and comparatively enduring issues.

In summary, defendants believe that the Court's question is clear.  But if the Court determines that the jury's question is not clear, then it should ask for clarification, as the Court successfully did with regard to the jury's question about JI 1.8.


Dated:  February 6, 2006                    Respectfully submitted,


                                        s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000

Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206

blumg@s-d.com


              s/ Kari Knudsen_____
              Kari Knudsen (legal assistant)