IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

    Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

    Defendants.

## ORDER

Kane, J.

I have attached to this order the answer I provided to the jury in response to their February 3 question asking whether "In considering JI 3.22 are we to consider only the amount of diminution common to the entire class as a whole?" This answer was provided to the jury this morning.

In preparing this answer, I considered the jury instructions, the jury verdict form and each of the parties' seven submissions from Friday afternoon, February 3, through Monday morning, February 6, regarding the jury's question and their proposed answers to it. In sum, I find the plain language of the jury's question, regarding the "amount of diminution" they should consider, and the corresponding jury instructions and special interrogatories warrant the answer I have given.

In addition, I am not persuaded that even if the jury had asked about the fact of actual damages, as Defendants assert, that Defendants are correct that the jury should be instructed that it must find some diminution in value for all Class members in order to award any actual damages to the Class upon finding class-wide liability for trespass and/or nuisance. I have considered Defendants' authority for this proposition, particularly *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 319-21 (5th Cir. 1998), and find it distinguishable on a number of grounds.

Accordingly, I ordered that the attached answer be given to the jury in response to their question of February 3, 2006.

Dated this 6th day of February, 2006.

    s/John L. Kane
John L. Kane, Senior District Judge
United States District Court