IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

    Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

    Defendants.

## ORDER ON JURY'S REQUEST FOR CALCULATOR

Kane, J.

On February 6, 2006, the jury made the following request in a note: "We need calculator to figure multiple regression figures." The jury's request was immediately conveyed to both parties by telephone. Plaintiffs had no objection to granting the jury's request, while Defendants filed a written objection arguing that the calculator should not be provided because "the jury has no competence to conduct multiple regression analysis and even if it did such multiple regression calculations would go beyond the evidence in the record." Defs.' Statement Re: Jury's Request for a Calculator at 1 (Feb. 6, 2006).

    I have determined to grant the jury's request and provide them with a simple calculator. The Tenth Circuit has approved a jury's use of an adding machine during its deliberations, stating it is "only a machine which accomplished the same result that the jury would have with pens and pencils which it can be safely assumed they had in their

possession. This was not a device with which they could perform a test or experiment nor to create something in the nature of evidence." *Imperial Meat Co. v. United States*, 316 F.2d 435, 439 (10th Cir. 1963).

I do not read the jury's note as indicating that jurors intend to use the calculator to perform their own multiple regression analysis (assuming this would even be possible using a simple calculator). The jury was presented with several multiple regression analyses that produced different figures for the percentage diminution in value at different points in time. Use of a calculator to determine actual damages using these multiple regression figures, or to organize or analyze other evidence pertaining to damages, will assist the jury in its deliberations in the same manner as paper and pencil. *See id.*; *New Mexico v. Lihosit*, 38 P.3d 194 (N.M. Ct. App. 2002). Defendants' concern that any actual damages awarded will not be supported by the evidence is a separate matter that may be raised in accordance with the Federal Rules when and if the jury reaches a verdict awarding actual damages.

Accordingly, I have ordered that the jury be provided with a calculator. The calculator provided is a standard electric adding machine borrowed from the Clerk's Office. The machine, a Victor 1230-2, performs the basic arithmetic functions of addition, subtraction, multiplication and division.

Dated this 6th day of February, 2006.

                                                           **s/John L. Kane**
                                                        John L. Kane, Senior District Judge
                                                        United States District Court