IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

_____

**DEFENDANTS' STATEMENT REGARDING THE COURT'S PROPOSED RESPONSE TO THE JURY'S QUESTION OF FEBRUARY 8, 2006 REGARDING JURY INSTRUCTION 3.25**
_____

At approximately 11:30 CST on February 8, 2006, defendants were informed that the Court had received the following question from the jury:

> In regards to J/I 3.25, the second paragraph starts, "based on the rule" - does this mean the defendants do or do not have to prove "conferred a direct benefit."?

Defendants have no objection to the Court's proposed response, other than that: (1) defendants would add the sentence "The answer is 'do not,'" at the beginning, and (2) defendants would add the phrase "is introductory only and" to the first sentence in the Court's proposed response, so that the response would read as follows:

> The answer is "do not." The second paragraph of Jury Instruction No. 3.25 is introductory only and states the general rule that allows the affirmative defense of setoff to be asserted in any case. How that general rule applies in this particular case is set out in the rest of Instruction No. 3.25.
>
> The specific matters that Defendants must prove for the affirmative defense to apply in this case are set out in the fourth paragraph of No. 3.25, which begins "In order to prevail on this affirmative defense," and continues with numbered paragraphs 1 and 2. The rest of Instruction No. 3.25 and corresponding sections

of the Verdict Form (paragraphs E and F, Question Nos. 4-5, 9-10, 15-16) provide you with additional direction on how to decide whether the affirmative defense of setoff has been proved and how to report your decision on this affirmative defense.

These proposed changes are consistent with the remainder of the Court's proposed instruction, and add clarity.[1]

Dated:  February 8, 2006

Respectfully submitted,

s/ John E. Tangren_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

---

[1] Defendants preserve their prior objections to this instruction, and arguments in support thereof, but do not reargue them here.  (Defs.' Proposed Changes to Jury Instructions, filed 1/10/06, at 89; *see also* Defs.' Objections to Jury Instructions and Verdict Form, filed 1/18/06, at 148–49; Defs.' Objections to Pls.' Suppl. Jury Instruction and Jury Verdict Form, filed 9/16/05, at 18–19; Defs.' Mem. re Class-Wide Damages Proof and "Set-Off" filed 10/20/04.)

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206

blumg@s-d.com


                s/ Courtney Biggins_____
                Courtney Biggins (legal assistant)

3