**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' SUPPLEMENTAL STATEMENT REGARDING THE COURT'S
PROPOSED RESPONSE TO THE JURY'S QUESTION OF FEBRUARY 8, 2006
REGARDING JURY INSTRUCTION 3.25**
_____

       Defendants file this surreply in support of their response to the Court's proposed response to the jury's question regarding instruction 3.25, and in response to plaintiffs' most recent filing on the issue.

       First, the second paragraph of J/I No. 3.25 does not contain additional elements of any affirmative defense that defendants must prove, as the Court's own proposed response makes clear.  That paragraph is only prefatory, or introductory, as the Court's proposed response makes clear.  Plaintiffs' proposal treats that second paragraph as if it contains elements of the affirmative defense, in contravention of the Court's proposed response, J/I No. 3.25 itself, and the law.

       Second, Restatement (Second) of Torts Section 920 is not applicable to this defense.  Section 920 applies only to situations in which the defendant conferred a benefit on the plaintiff in the form of an **_enhancement to the value_** of property **_that is already owned_** by plaintiff.  For

example, in illustration 3 to Section 920, A digs a channel through B's land *that B already owns*, increasing its value *by draining it*; this increase may mitigate the damages to B.  Restatement Section 920, Illustration 3 ("A tortiously digs a channel through B's land, thereby making it impossible to grow crops upon the land through which the channel runs. *It may be shown in mitigation that the digging of the channel drains the remainder of B's land, making it more valuable*.") (emphasis added)  There is no case, to defendants' knowledge, that applies Section 920 or its underlying principle to a case in which, there is *no enhancement* to the property, but rather, because of the damage A has caused to B's property, the price at which C *can acquire* B's property has diminished.  Any such effect on C is not within Section 920's purview.  In the latter scenario, C is no better or worse off.  Thus, plaintiffs are wrong *regardless of whether "direct benefit" or "special benefit"* is used.

Dated:  February 8, 2006                                          Respectfully submitted,


                                                                  s/ John E. Tangren
                                                                  One of the Attorneys for the Defendants
                                                                  David M. Bernick
                                                                  Douglas J. Kurtenbach
                                                                  Ellen Therese Ahern
                                                                  Mark J. Nomellini
                                                                  John E. Tangren
                                                                  KIRKLAND & ELLIS LLP
                                                                  200 East Randolph Drive
                                                                  Chicago, Illinois 60601-6636
                                                                  Phone:  312-861-2000
                                                                  Fax:     312-861-2200

                                                                  Joseph J. Bronesky
                                                                  SHERMAN & HOWARD L.L.C.
                                                                  633 Seventeenth Street, Suite 3000
                                                                  Denver, Colorado 80202

Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

3

4

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206

blumg@s-d.com


                s/ Kari Knudsen_____
                Kari Knudsen (legal assistant)