We Will 1/31/06

leave WeD's

@ 12:00 — Juror
needs to attend Family
Funeral —

Is the Radke
Study Admitted? we
can't Find it.

Also

PG-0784
PG - 0785
PG- 0787
PG- 0788

JUROR'S NAME REDACTED.

1/31/06

1/31/06

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO
### UNITED STATES COURTHOUSE
### 901 19th STREET
### DENVER, COLORADO  80294
### (303) 844-6118

**JOHN L. KANE**
SENIOR JUDGE

## January 31, 2006

To:     The Jury in *Cook et al. V. Rockwell et al.* – 90-cv-181-JLK

Re:     Jury question regarding the Radke Study and certain other exhibits.

---

You have asked the following question:

"Is the Radke Study Admitted?  We can't find it."

**The Radke Study is not admitted.**

"<u>also</u>:

PG-0784
PG-0785
PG-0787
PG-0788"

**These exhibits are admitted and have been provided to you.**

Does the Defendant's Affirmative Defense apply for the trespass, Nuisance & Diminution of value of Class Properties? Or Only Applies to the Setoff element.   1/31/06

JUROR'S NAME REDACTED.

# UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO
### UNITED STATES COURTHOUSE
### 901 19ᵗʰ STREET
### DENVER, COLORADO 80294
### (303) 844-6118

**JOHN L. KANE**
SENIOR JUDGE

January 31, 2006

To:   The Jury in *Cook et al. V. Rockwell et al.*, No. 90-cv-181-JLK

Re:   Clarification of jury question regarding Defendants' Affirmative Defense

---

You have asked the following question:

"Does the Defendants' Affirmative Defense apply for the trespass, nuisance and Diminution of Value of Class Properties? Or only applies to the setoff element."

**Before answering your question, I want to make sure I understand it. When you refer to "Defendants' Affirmative Defense," what are you referring to? If appropriate, please provide me with the number of the jury instruction that corresponds to your question. If your question is connected with a particular question on the Jury Verdict Form, please do <u>not</u> give me that information so that the confidentiality of your deliberations can be preserved.**

1/31/06

Does the Defendents
Affirmitavo Defense J/I 1.8 Apply
to Trespass/Dim in Value & Nuisance?
Do they have the burden of
Proof to prove they did not
trespass, Nuisance or effect a Diminution
in potential property Value. Or does
it only Apply to set-off. JI 3.25

JUROR'S NAME REDACTED.

# UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO
### UNITED STATES COURTHOUSE
### 901 19th STREET
### DENVER, COLORADO 80294
### (303) 844-6118

**JOHN L. KANE**
SENIOR JUDGE

February 1, 2006

To:     The Jury in *Cook et al. V. Rockwell et al.* – 90-cv-181-JLK

Re:     Jury question regarding Defendants' Affirmative Defense

---

On January 31, you asked the following question:

"Does the Defendants' Affirmative Defense apply for the trespass, nuisance and Diminution of Value of Class Properties? Or only applies to the setoff element."

In response to my request for clarification on this question, you stated on the same day:

"Does the Defendants Affirmative Defense J/I 1.8 Apply to Trespass/Dim in Value & Nuisance? Do they have the burden of proof to prove they did not trespass, nuisance or effect potential Diminution in property value. Or does it only apply to set-off - JI 3.25."

Based on your question and clarification, my answer to your question is:

**Defendants do not have the burden of proving that they did not commit a trespass or nuisance. Nor do Defendants have the burden of proving that there was not a diminution in the value of Class Properties as a result of any trespass or nuisance you may find they committed. Instead, as stated in Instruction Nos. 1.8, 3.2, 3.6 and 3.21, Plaintiffs have the burden of proving their claims for trespass and nuisance and actual damages by a preponderance of evidence. What proof "by a preponderance of the evidence" means is set out in Instruction No. 1.8.**

**Defendants only have the burden of proving by a preponderance of the evidence their affirmative defense of setoff, as stated in Instruction No. 3.25. As provided in Instruction No. 3.25 and the Jury Verdict Form, however, you need only consider and decide Defendants' affirmative defense of setoff if you find for**

Plaintiffs on one or more of their claims and award Plaintiffs actual damages. Further, as stated in the Jury Verdict Form, in deciding whether Plaintiffs have proved actual damages, you should not consider the Defendants' affirmative defense of setoff, or any "prior market discount" at which Class Members may have purchased their properties.  See Jury Verdict Form ¶ E, Question Nos. 3, 8, 13 and ¶ F, Question Nos. 3, 8, 13.  Your decision on whether Plaintiffs have proved actual damages should be made based on the directions I gave you in Instruction Nos. 3.21-24.

Please provide the
maps that go with
P240 · Jefferson County
Enterprise Zone.

2/1/06

JUROR'S NAME REDACTED.

**UNITED STATES DISTRICT COURT**
DISTRICT OF COLORADO
UNITED STATES COURTHOUSE
901 19ᵀᴴ STREET
DENVER, COLORADO 80294
(303) 844-6118

**JOHN L. KANE**
SENIOR JUDGE

February 2, 2006

To:     The Jury in *Cook et al. V. Rockwell et al.* – 90-cv-181-JLK

Re:     Jury question regarding P240.

---

On February 1, you asked the following:

"Please provide the maps that go with P240 - Jefferson County Enterprise Zone."

My answer to your request is:

**P240 consists of excerpts from the September, 1996, Jefferson County Enterprise Zone Development Plan Update. The maps that go with this Jefferson County document were not included in the portions of the document that were admitted as P240. As a result, I cannot provide you with these maps.**

# JEFFERSON COUNTY ENTERPRISE ZONE

Enterprise Zone Development Plan Update

By The

## County of Jefferson

And The Cities Of

ARVADA
BROOMFIELD
GOLDEN
LAKEWOOD
WHEAT RIDGE
WESTMINSTER

Prepared For:

The State of Colorado
Department of Local Affairs

September, 1996

*Please Make 10 Copies ASAP* 2/3/06

*JUROR'S NAME REDACTED.*

PLAINTIFFS'
EXHIBIT
P-240
90-CV-181

**UNITED STATES DISTRICT COURT**
DISTRICT OF COLORADO
UNITED STATES COURTHOUSE
901 19ᵗʰ STREET
DENVER, COLORADO 80294
(303) 844-6118

**JOHN L. KANE**
SENIOR JUDGE

February 3, 2006

To:     The Jury in *Cook et al. V. Rockwell et al.* – 90-cv-181-JLK

Re:     Jury request for copies of P240.

On February 3, you attached a note to Plaintiffs' Exhibit P-240 that asked:

"Please make 10 copies ASAP."

**In answer to your request, I have attached 10 copies of Plaintiffs' Exhibit P-240.**

2/3/06

IN CONSIDERING JI 3.22 ARE WE TO CONSIDER ONLY THE AMOUNT OF Diminution COMMON TO THE ENTIRE CLASS AS A WHOLE?

JUROR'S NAME REDACTED.

# UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO
UNITED STATES COURTHOUSE
901 19ᵗʰ STREET
DENVER, COLORADO  80294
(303) 844-6118

**JOHN L. KANE**
SENIOR JUDGE

February 6, 2006

To:    The Jury in *Cook et al. V. Rockwell et al.* – 90-cv-181-JLK

Re:    Jury question regarding JI 3.22

---

On February 3, you asked the following question:

"In considering JI 3.22 are we to consider only the amount of diminution common to the entire class as a whole?"

My answer to your question is:

**No.  As stated in Instruction No. 3.23 (which is referenced in Instruction No. 3.22) and the Jury Verdict Form, you should consider the sum total of all diminution in value experienced by Class members under Instruction No. 3.22 in determining the amount of any actual damages, even if some Class members may have experienced more diminution than others.  This is referred to as "aggregate" Class damages in Instruction No. 3.23, and is described in the Jury Verdict Form as "the total dollar amount by which Class Properties, as a whole, were diminished or depressed in value, relative to what their value would have been" without any trespass or nuisance you may have found.  *See* Verdict Form, Paragraphs E & F, Questions 3, 8, & 13.**

Instruction No. 3.23 and the Verdict Form also require that you consider and report your findings on the amount of any actual damages in the form of the percentage by which Class Properties in each property category were diminished or depressed in value as a result of any trespass or nuisance you may have found.  The Verdict Form also refers to this figure as "Percentage Undervaluation."  *See* Verdict Form, Paragraphs E & F, Questions 3, 8 & 13.  As stated in the Verdict Form, this figure should be an average, and should correspond to the amount of any aggregate Class damages you find.  The percentage diminution in value suffered by some Class Properties may be greater than the average, while that suffered by others may be less than the average.

As explained in Instruction No. 3.23, individual Class members' share of any actual damages you award will be determined in later proceedings.

We need calculator 2/6/06
to figure multiple
regression figures.

JUROR'S NAME REDACTED.

We have a question 2/7/06
in regards to a specific
J/I that would indicate to
You our exact location in
the Jury Verdict form. What
Should we Do.

**JUROR'S NAME REDACTED.**

# UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO
UNITED STATES COURTHOUSE
901 19ᵗʰ STREET
DENVER, COLORADO  80294
(303) 844-6118

JOHN L. KANE
SENIOR JUDGE

February 8, 2006

To:     The Jury in *Cook et al. V. Rockwell et al.* – 90-cv-181-JLK

Re:     Jury question about identifying a specific jury instruction.

---

On February 7, you asked the following question:

"We have a question in regards to a specific J/I that would indicate to you our exact location in the Jury Verdict form.  What should we do."

My answer to your question is:

**If your question relates to a jury instruction, as opposed to a question on the Verdict Form, you may tell me the number of that instruction.**

**If your question relates to a specific question in the Verdict Form, please write out enough of the Verdict Form question for me to identify it, substituting the word "Defendant" or "Defendants" wherever "Dow" or "Rockwell" appears.  Do not provide the paragraph and number for the question.  Many of the questions in the Verdict Form are repeated in the different sections of the Verdict Form, so if you tell me the question without stating where it is located in the Verdict Form, I should be able to answer your question about it while preserving the confidentiality of your deliberations.**

In regards to J/I 3.25   2/8/06
the second paragraph starts
"based on the rule" - does
this mean the defendants
do or do not have to
prove a "conferred a direct
benefit".

**JUROR'S NAME REDACTED.**

# UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO
UNITED STATES COURTHOUSE
901 19th STREET
DENVER, COLORADO 80294
(303) 844-6118

JOHN L. KANE
SENIOR JUDGE

February 8, 2006

To:    The Jury in *Cook et al. V. Rockwell et al.* – 90-cv-181-JLK

Re:    Jury question about Jury Instruction No. 3.25

---

On February 8, you asked the following question:

"In regards to J/I 3.25, the second paragraph starts "based on the rule" - does this mean the defendants do or do not have to prove "conferred a direct benefit.""

My answer to your question is:

**In order to prevail on their affirmative defense of setoff, Defendants do have to prove that any trespass or nuisance they committed conferred a direct benefit on Plaintiffs. However, to prove this, Defendants need only prove the matters set out in the fourth paragraph of Instruction No. 3.25, which begins "In order to prevail on this affirmative defense," and continues with numbered paragraphs 1 and 2.**

**In other words, the language you asked about in the second paragraph of Instruction No. 3.25 is only introductory, and the matters that you must consider and decide if you reach the Defendants' affirmative defense of setoff start at the fourth paragraph of Instruction No. 3.25 and continue through the rest of this instruction and the corresponding questions in the Verdict Form (paragraphs E and F, Question Nos. 4-5, 9-10, 15-16).**

2/9/06

IN   Dr. BIGGS   OPENING STATEMENT,

HE WAS TALKING ABOUT HIS EXPERIENCE AND

THEY WENT AND EXPLAINED HIS RESUME AND

WORK PLACES.... I BELIEVE   THEY HAVE

MENTIONED „CLEANING IN YUGOSLAVIA IN THE

CITY OF ......." (ON   11-08-2005)

CAN YOU PLEASE TELL ME OF WHICH CITY

HE WAS TALKING ABOUT?

**JUROR'S NAME REDACTED.**

# UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO
UNITED STATES COURTHOUSE
901 19ᵗʰ STREET
DENVER, COLORADO 80294
(303) 844-6118

JOHN L. KANE
SENIOR JUDGE

February 9, 2006

To:     The Jury in *Cook et al. V. Rockwell et al.* – 90-cv-181-JLK

Re:     Jury question about Dr. Biggs' work in Yugoslavia

---

On February 9, you asked the following question:

"In Dr. Biggs opening statement, he was talking about his experience and they went and explained his resume and workplaces ....  I believe they have mentioned 'cleaning in Yugoslavia in the city of ...........' (on 11-08-2005).  Can you please tell me of which city he was talking about?"

My answer to your question is:

**I am not able to answer your question at this time.  As stated in the last paragraph of Instruction No. 4.4, it is inappropriate for me to read or to single out any testimony for you while you are deliberating.  I would be happy to answer your question, however, after you complete your deliberations.**

We are leaving 2/9/06
today @ 3:00—
Can you please have
our checks Ready—
let us know if we
need to pick them up—

**JUROR'S NAME REDACTED.**

2/10/06

Can we please
have 12 RedBull
20 water.

Where Did the
Aug 20, 1988 Date
come from? relating
to J/L 3.27?

**JUROR'S NAME REDACTED.**

# UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
UNITED STATES COURTHOUSE
901 19ᵗʰ STREET
DENVER, COLORADO 80294
(303) 844-6118

JOHN L. KANE
SENIOR JUDGE

February 10, 2006

To:     The Jury in *Cook et al. V. Rockwell et al.* – 90-cv-181-JLK

Re:     Jury question about Instruction No. 3.27

---

On February 10, you asked the following question:

"Where did the Aug. 20, 1988 date come from? relating to J/I 3.27?"

My answer to your question is:

**The August 20, 1988 date stated in Instruction No. 3.27 comes from a federal statute by which we are all bound.**

We have reached 2/13/06
a Verdict.

—

**JUROR'S NAME REDACTED.**

' '   ' 1/13/06

We are all 2/13/06

here —

**JUROR'S NAME REDACTED.**