IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

      Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

      Defendants.

---

## JURY VERDICT FORM

---

We the jury in the above entitled case, being first duly empaneled and sworn and having heard the evidence at trial and being instructed in the applicable law, present our Answers to the Questions submitted by the Court, to which we have agreed as provided in Instruction No. 4.5.

### ¶ A.   Trespass Claim Against Defendant Dow Chemical Company

With regard to Plaintiffs' claim against Defendant Dow Chemical Company ("Dow") for trespass (*Instruction Nos. 3.2 through 3.5*), we find as follows:

1.    Do you find that plutonium from Rocky Flats is present on the Class Properties (*see Instruction No. 3.3*)?

      **ANSWER:** __X__ Yes     _____ No.

IF YOUR ANSWER TO QUESTION NO. 1 IS "YES," THEN GO TO
QUESTION NO. 2.  IF YOUR ANSWER TO QUESTION NO. 1 IS "NO," THEN
SKIP TO ¶ B.

2.      Do you find that Dow intentionally undertook an activity or activities that in

the usual course of events caused plutonium from Rocky Flats to be present on the Class

Properties *(see Instruction No. 3.18)*?

            **ANSWER:**   __X__ Yes         _____ No.

IF YOUR ANSWER TO QUESTION NO. 2 IS "YES," THEN GO TO
QUESTION NO. 3.  IF YOUR ANSWER TO QUESTION NO. 2 IS "NO," THEN
SKIP TO ¶ B.

3.      Do you find it appears that this plutonium will continue to be present on the

Class Properties indefinitely *(see Instruction No. 3.4)*?

            **ANSWER:**   __X__ Yes         _____ No

IF YOU ANSWERED "YES" TO QUESTION NOS. 1- 3 IN THIS
PARAGRAPH, THEN YOU HAVE FOUND FOR PLAINTIFFS AND
AGAINST DOW ON THIS TRESPASS CLAIM.

PLEASE GO TO ¶ B.

**¶ B.   Trespass Claim Against Rockwell International Corporation**

With regard to Plaintiffs' claim against Defendant Rockwell International

Corporation ("Rockwell") for trespass *(Instruction Nos. 3.2 through 3.5)*, we find as

follows:

1.      Do you find that plutonium from Rocky Flats is present on the Class

Properties *(see Instruction No. 3.3)*?

ANSWER:   _X_ Yes         _____ No.

IF YOUR ANSWER TO QUESTION NO. 1 IS "YES," THEN GO TO
QUESTION NO. 2.  IF YOUR ANSWER TO QUESTION NO. 1 IS "NO," THEN
SKIP TO ¶ C.

2.      Do you find that Rockwell intentionally undertook an activity or activities

that in the usual course of events caused plutonium from Rocky Flats to be present on the

Class Properties *(see Instruction No. 3.18)*?

ANSWER:   _X_ Yes         _____ No.

IF YOUR ANSWER TO QUESTION NO. 2 IS "YES," THEN GO TO
QUESTION NO. 3.  IF YOUR ANSWER TO QUESTION NO. 2 IS "NO," THEN
SKIP TO ¶ C.

3.      Do you find it appears that this plutonium will continue to be present on the

Class Properties indefinitely *(see Instruction No. 3.4)*?

ANSWER:   _X_ Yes         _____ No

IF YOU ANSWERED "YES" TO QUESTION NOS. 1- 3 IN THIS
PARAGRAPH, THEN YOU HAVE FOUND FOR PLAINTIFFS AND
AGAINST ROCKWELL ON THIS TRESPASS CLAIM.

PLEASE GO TO ¶ C.

3

## ¶ C.  Nuisance Claim Against Dow Chemical Company

With regard to Plaintiffs' claim against Dow for nuisance (*Instruction Nos. 3.6 through 3.17)*, we find as follows:

1.      Do you find Dow interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these ways: (A) by causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure *(see Instruction Nos. 3.7, 3.18)*; and/or (B) by causing objective conditions that pose a demonstrable risk of future harm to the Class Area *(see Instruction Nos. 3.7, 3.18)*?

ANSWER:   __X__ Yes          _____ No

IF YOUR ANSWER TO QUESTION NO. 1 IS "YES," THEN GO TO
QUESTION NO. 2.  IF YOUR ANSWER TO QUESTION NO. 1 IS "NO," THEN
SKIP TO ¶ D.

2.      Do you find this interference with Class members' use and enjoyment of their properties was both "unreasonable" and "substantial" *(see Instruction Nos. 3.8 - 3.12)*?

ANSWER:   __X__ Yes          _____ No.

IF YOUR ANSWER TO QUESTION NO. 2 IS "YES," THEN GO TO
QUESTION NO. 3.  IF YOUR ANSWER TO QUESTION NO. 2 IS "NO," THEN
SKIP TO ¶ D.

3.      Do you find the activity or activities causing the unreasonable and

substantial interference by Dow were either "intentional" or "negligent" *(see Instruction*

*Nos. 3.13 - 3.16)*?

**ANSWER:**   __X__ Yes        _____ No

IF YOUR ANSWER TO QUESTION NO. 3 IS "YES," THEN GO TO
QUESTION NO. 4.  IF YOUR ANSWER TO QUESTION NO. 3 IS "NO," THEN
SKIP TO ¶ D.

4.      Do you find it appears the unreasonable and substantial interference with

the use and enjoyment of property caused by Dow's intentional or negligent conduct will

continue indefinitely *(see Instruction No. 3.17)*?

**ANSWER:**   __X__ Yes        _____ No

IF YOU ANSWERED "YES" TO QUESTION NOS. 1- 4 IN THIS
PARAGRAPH, THEN YOU HAVE FOUND FOR PLAINTIFFS AND
AGAINST DOW ON THIS NUISANCE CLAIM.

PLEASE GO TO ¶ D.

**¶ D.   Nuisance Claim Against Rockwell International Corporation**

With regard to Plaintiffs' claim against Rockwell for nuisance *(Instruction*

*Nos. 3.6 through 3.17)*, we find as follows:

1.      Do you find Rockwell interfered with Class members' use and enjoyment of

their properties in the Class Area in one or both of these ways: (A) by causing Class

members to be exposed to plutonium and placing them at some increased risk of health

problems as a result of this exposure *(see Instruction Nos. 3.7, 3.18)*; and/or (B) by

5

causing objective conditions that pose a demonstrable risk of future harm to the Class

Area *(see Instruction Nos. 3.7, 3.18)*?

ANSWER:   ___X___ Yes          _____ No

IF YOUR ANSWER TO QUESTION NO. 1 IS "YES," THEN GO TO
QUESTION NO. 2.  IF YOUR ANSWER TO QUESTION NO. 1 IS "NO," THEN
SKIP TO ¶ E.

2.      Do you find this interference with Class members' use and enjoyment of

their properties was both "unreasonable" and "substantial" *(see Instruction Nos. 3.8 -*

*3.12)*?

ANSWER:   ___X___ Yes          _____ No.

IF YOUR ANSWER TO QUESTION NO. 2 IS "YES," THEN GO TO
QUESTION NO. 3.  IF YOUR ANSWER TO QUESTION NO. 2 IS "NO," THEN
SKIP TO ¶ E.

3.      Do you find the activity or activities causing the unreasonable and

substantial interference by Rockwell were either "intentional" or "negligent" *(see*

*Instruction Nos. 3.13 - 3.16)*?

ANSWER:   ___X___ Yes          _____ No

IF YOUR ANSWER TO QUESTION NO. 3 IS "YES," THEN GO TO
QUESTION NO. 4.  IF YOUR ANSWER TO QUESTION NO. 1 IS "NO," THEN
SKIP TO ¶ E.

4.      Do you find it appears the unreasonable and substantial interference with the use and enjoyment of property caused by Rockwell's intentional or negligent conduct will continue indefinitely *(see Instruction No. 3.17)*?

**ANSWER:**   __X__ Yes          _____ No

IF YOU ANSWERED "YES" TO QUESTION NOS. 1- 4 IN THIS PARAGRAPH, THEN YOU HAVE FOUND FOR PLAINTIFFS AND AGAINST ROCKWELL ON THIS NUISANCE CLAIM.

PLEASE GO TO ¶ E.

### ¶ E    Actual Damages for Trespass

IF YOU DID <u>NOT</u> ANSWER "YES," TO ALL OF THE QUESTIONS IN ¶ A (TRESPASS BY DOW) <u>OR</u> ¶ B (TRESPASS BY ROCKWELL), PLEASE SKIP TO ¶ F (ACTUAL DAMAGES FOR NUISANCE).

IF YOU ANSWERED "YES," TO ALL OF THE QUESTIONS IN ¶ A (TRESPASS BY DOW), BUT DID NOT ANSWER "YES," TO ALL OF THE QUESTIONS IN ¶ B (TRESPASS BY ROCKWELL), GO TO QUESTION NO. 1 IN THIS PARAGRAPH.

IF YOU ANSWERED "YES," TO ALL OF THE QUESTIONS IN ¶ B (TRESPASS BY ROCKWELL), BUT DID NOT ANSWER "YES," TO ALL OF THE QUESTIONS IN ¶ A (TRESPASS BY DOW), SKIP TO QUESTION NO. 6 IN THIS PARAGRAPH.

IF YOU ANSWERED "YES," TO ALL OF THE QUESTIONS IN ¶ A (TRESPASS BY DOW) <u>AND</u> IN ¶ B (TRESPASS BY ROCKWELL), SKIP TO QUESTION NO. 11 IN THIS PARAGRAPH.

With regard to actual damages resulting from trespass, (*Instruction Nos. 3.20 through 3.25)*, we find as follows:

<u>Trespass Verdict Against Dow Only</u>

1.      Do you find the injurious situation resulting from the trespass by Dow became "complete" and "comparatively enduring" some time between January 1, 1988 and December 31, 1995 *(see Instruction No. 3.22)*?

**ANSWER:** _____ Yes         _____ No

IF YOUR ANSWER TO QUESTION NO. 1 IS "YES," THEN GO TO QUESTION NO. 2.  IF YOUR ANSWER TO QUESTION NO. 1 IS "NO," THEN SKIP TO ¶ F (actual damages for nuisance).

2.     As of the time you find the injurious situation became "complete" and

"comparatively enduring," do you find the actual value of the Class Properties was less

than the value these Properties would have had but for the trespass committed by Dow

*(see Instruction No. 3.22)*?

**ANSWER:**   _____ Yes     _____ No, and so we award nominal
damages of $1 per class member on this
claim.

IF YOUR ANSWER TO QUESTION NO. 2 IS "YES," THEN GO TO
QUESTION NO. 3.  IF YOUR ANSWER TO QUESTION NO. 2 IS "NO," THEN
SKIP TO ¶ F (actual damages for nuisance).

3.     As of the time you find the injurious situation became "complete" and

"comparatively enduring," what is the amount of the difference between the actual value

of Class Properties and what their value would have been but for the trespass by Dow?

For each of the three types of property below, please state your answer as follows *(see*

*Instruction No. 3.23)*:

(a) in the first column, state the average percentage by which Class

Properties were diminished or depressed in value, relative to what their

value would have been, without the trespass; and

(b) in the second column, the corresponding total dollar amount by which

Class Properties, as a whole, were diminished or depressed in value, relative

to what their value would have been, without the trespass.

For purposes of this answer, you should not consider Dow's affirmative defense of setoff or any "prior market discount" at which Class Members may have purchased their properties.

|  | Percentage Undervaluation | Aggregate Damages (Entire Class) |
|---|---|---|
| RESIDENTIAL | _____% | $_____ |
| VACANT LAND | _____% | $_____ |
| COMMERCIAL | _____% | $_____ |
|  | TOTAL: | $_____ |

PLEASE GO TO QUESTION NO. 4.

With regard to Dow's affirmative defense of setoff *(see Instruction No. 3.25)*, we find as follows:

4.     Do you find that Dow proved that its trespass caused a diminution in the value of Class Properties in one or more specific time periods before June 7, 1989?

**ANSWER:** _____ Yes        _____ No

IF YOUR ANSWER TO QUESTION NO. 4 IS "YES," THEN GO TO QUESTION NO. 5.  IF YOUR ANSWER TO QUESTION NO. 4 IS "NO," THEN SKIP TO ¶ F (actual damages for nuisance).

5.     For each time period in which you found there was a pre-existing diminution in Class Property values, state when the period began, when it ended and the average percentage by which Class Property values were diminished by Dow's trespass during this period.  (Add more lines if necessary.)

10

| Beginning of Period | End of Period | Percentage Diminution in Value |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

PLEASE GO TO ¶ F (actual damages for nuisance).

<u>Trespass Verdict Against Rockwell Only</u>

6.      Do you find the injurious situation resulting from the trespass by Rockwell became "complete" and "comparatively enduring" some time between January 1, 1988 and December 31, 1995 *(see Instruction No. 3.22)*?

**ANSWER:** _____ Yes         _____ No

IF YOUR ANSWER TO QUESTION NO. 6 IS "YES," THEN GO TO QUESTION NO. 7.  IF YOUR ANSWER TO QUESTION NO. 6 IS "NO," THEN SKIP TO ¶ F (actual damages for nuisance).

7.      As of the time you find the injurious situation became "complete" and "comparatively enduring," do you find the actual value of the Class Properties was less than the value these Properties would have had but for the trespass committed by Rockwell *(see Instruction No. 3.22)*?

**ANSWER:** _____ Yes         _____ No, and so we award nominal damages of $1 per class member on this claim.

IF YOUR ANSWER TO QUESTION NO. 7 IS "YES," THEN GO TO QUESTION NO. 8.  IF YOUR ANSWER TO QUESTION NO. 7 IS "NO," THEN SKIP TO ¶ F (actual damages for nuisance).

11

8.      As of the time you find the injurious situation became "complete" and "comparatively enduring," what is the amount of the difference between the actual value of Class Properties and what their value would have been but for the trespass by Rockwell?  For each of the three types of property below, please state your answer as follows *(see Instruction No. 3.23)*:

> (a) in the first column, state the average percentage by which Class Properties were diminished or depressed in value, relative to what their value would have been, without the trespass; and
>
> (b) in the second column, the corresponding total dollar amount by which Class Properties, as a whole, were diminished or depressed in value, relative to what their value would have been, without the trespass.

For purposes of this answer, you should not consider Rockwell's affirmative defense of setoff or any "prior market discount" at which Class Members may have purchased their properties.

|  | Percentage Undervaluation | Aggregate Damages (Entire Class) |
|---|---|---|
| RESIDENTIAL | _____ % | $ _____ |
| VACANT LAND | _____ % | $ _____ |
| COMMERCIAL | _____ % | $ _____ |
|  | TOTAL: | $ _____ |

PLEASE GO TO QUESTION NO. 9.

With regard to Rockwell's affirmative defense of setoff *(see Instruction No. 3.25)*, we find as follows:

9.     Do you find that Rockwell proved that its trespass caused a diminution in the value of Class Properties in one or more specific time periods before June 7, 1989?

**ANSWER:**     _____ Yes          _____ No

IF YOUR ANSWER TO QUESTION NO. 9 IS "YES," THEN GO TO QUESTION NO. 10.  IF YOUR ANSWER TO QUESTION NO. 4 IS "NO," THEN SKIP TO ¶ F (actual damages for nuisance).

10.     For each time period in which you found there was a pre-existing diminution in Class Property values, state when the period began, when it ended and the average percentage by which Class Property values were diminished by Rockwell's trespass during this period.  (Add more lines if necessary.)

| Beginning of Period | End of Period | Percentage Diminution in Value |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

PLEASE GO TO ¶ F (actual damages for nuisance).

<u>Trespass Verdicts Against Both Dow and Rockwell</u>

11.    Do you find the injurious situation resulting from the trespass by Dow and

Rockwell became "complete" and "comparatively enduring" some time between

January 1, 1988 and December 31, 1995 *(see Instruction No. 3.22)*?

        **ANSWER:**  ___X___ Yes  _____ No

IF YOUR ANSWER TO QUESTION NO. 11 IS "YES," THEN GO TO
QUESTION NO. 12.  IF YOUR ANSWER TO QUESTION NO. 11 IS "NO,"
THEN SKIP TO ¶ F (actual damages for nuisance).

12.    As of the time you find the injurious situation became "complete" and

"comparatively enduring," do you find the actual value of the Class Properties was less

than the value these Properties would have had but for the trespass committed by Dow

and Rockwell *(see Instruction No. 3.22)*?

        **ANSWER:**  ___X___ Yes  _____ No, and so we award nominal
                                                 damages of $1 per class member on this
                                                 claim.

IF YOUR ANSWER TO QUESTION NO. 12 IS "YES," THEN GO TO
QUESTION NO. 13.  IF YOUR ANSWER TO QUESTION NO. 12 IS "NO,"
THEN SKIP TO ¶ F (actual damages for nuisance).

13.    As of the time you find the injurious situation became "complete" and

"comparatively enduring," what is the amount of the difference between the actual value

of Class Properties and what their value would have been but for the trespass by Dow and

Rockwell?  For each of the three types of property below, please state your answer as

follows *(see Instruction No. 3.23)*:

14

(a) in the first column, state the average percentage by which Class

Properties were diminished or depressed in value, relative to what their

value would have been, without the trespass; and

(b) in the second column, the corresponding total dollar amount by which

Class Properties, as a whole, were diminished or depressed in value, relative

to what their value would have been, without the trespass.

For purposes of this answer, you should not consider Defendants' affirmative

defense of setoff or any "prior market discount" at which Class Members may have

purchased their properties.  *All numbers adjusted to 2005 CPI*

|  | Percentage Undervaluation | Aggregate Damages (Entire Class) |
|---|---|---|
| RESIDENTIAL | 7 % | $ 144,199,088.00 |
| VACANT LAND | 30 % | $ 27,000,000.00 |
| COMMERCIAL | 53.03 % | $ 5,651,252.00 |
|  | TOTAL: | $ 176,850,340.00 |

PLEASE GO TO QUESTION NO. 14.

14.   Taking as 100 percent the combined trespass that caused the damages you

have found, what percentage, if any, was caused by the trespass by Dow and the trespass

by Rockwell *(see Instruction No. 3.19A)*:

15

**ANSWER:**   Percentage, if any, charged to Dow:        _90_ %

Percentage, if any, charged to Rockwell        _10_ %

MUST TOTAL:        100%

PLEASE GO TO QUESTION NO. 15

With regard to Dow and Rockwell's affirmative defense of setoff *(see Instruction No. 3.25)*, we find as follows:

15.    Do you find that Dow and Rockwell proved that their trespass caused a diminution in the value of Class Properties in one or more specific time periods before June 7, 1989?

**ANSWER:**    _____ Yes        _X_ No

IF YOUR ANSWER TO QUESTION NO. 15 IS "YES," THEN GO TO QUESTION NO. 16.  IF YOUR ANSWER TO QUESTION NO. 15 IS "NO," THEN SKIP TO ¶ F (actual damages for nuisance).

16.    For each time period in which you found there was a pre-existing diminution in Class Property values, state when the period began, when it ended and the average percentage by which Class Property values were diminished by Dow and Rockwell's trespass during this period.  (Add more lines if necessary.)

| Beginning of Period | End of Period | Percentage Diminution in Value |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

PLEASE GO TO ¶ F (actual damages for nuisance).

16

**¶ F    Actual Damages for Nuisance**

IF YOU DID <u>NOT</u> ANSWER "YES," TO ALL OF THE QUESTIONS IN ¶ C (NUISANCE BY DOW) <u>OR</u> ¶ D (NUISANCE BY ROCKWELL), PLEASE SKIP TO ¶ G (PUNITIVE DAMAGES).

IF YOU ANSWERED "YES," TO ALL OF THE QUESTIONS IN ¶ C (NUISANCE BY DOW), BUT DID NOT ANSWER "YES," TO ALL OF THE QUESTIONS IN ¶ D (NUISANCE BY ROCKWELL), GO TO QUESTION NO. 1 IN THIS PARAGRAPH.

IF YOU ANSWERED "YES," TO ALL OF THE QUESTIONS IN ¶ D (NUISANCE BY ROCKWELL), BUT DID NOT ANSWER "YES," TO ALL OF THE QUESTIONS IN ¶ C (NUISANCE BY DOW), SKIP TO QUESTION NO. 6 IN THIS PARAGRAPH.

IF YOU ANSWERED "YES," TO ALL OF THE QUESTIONS IN ¶ C (NUISANCE BY DOW) <u>AND</u> IN ¶ D (NUISANCE BY ROCKWELL), SKIP TO QUESTION NO. 11 IN THIS PARAGRAPH.

With regard to actual damages resulting from nuisance, (*Instruction Nos. 3.20*

*through 3.25)*, we find as follows:

<u>Nuisance Verdict Against Dow Only</u>

1.    Do you find the injurious situation resulting from the nuisance by Dow

became "complete" and "comparatively enduring" some time between January 1, 1988

and December 31, 1995 *(see Instruction No. 3.22)*?

**ANSWER:** _____ Yes        _____ No

IF YOUR ANSWER TO QUESTION NO. 1 IS "YES," THEN GO TO QUESTION NO. 2.  IF YOUR ANSWER TO QUESTION NO. 1 IS "NO," THEN SKIP TO ¶ G (punitive damages).

2.      As of the time you find the injurious situation became "complete" and "comparatively enduring," do you find the actual value of the Class Properties was less than the value these Properties would have had but for the nuisance committed by Dow *(see Instruction No. 3.22)*?

> **ANSWER:**    _____ Yes        _____ No, and so we award nominal damages of $1 per class member on this claim.

IF YOUR ANSWER TO QUESTION NO. 2 IS "YES," THEN GO TO
QUESTION NO. 3.  IF YOUR ANSWER TO QUESTION NO. 2 IS "NO," THEN
SKIP TO ¶ G (punitive damages).

3.      As of the time you find the injurious situation became "complete" and "comparatively enduring," what is the amount of the difference between the actual value of Class Properties and what their value would have been but for the nuisance by Dow? For each of the three types of property below, please state your answer as follows *(see Instruction No. 3.23)*:

> (a) in the first column, state the average percentage by which Class Properties were diminished or depressed in value, relative to what their value would have been, without the trespass; and
>
> (b) in the second column, the corresponding total dollar amount by which Class Properties, as a whole, were diminished or depressed in value, relative to what their value would have been, without the trespass.

18

For purposes of this answer, you should not consider Dow's affirmative defense of setoff or any "prior market discount" at which Class Members may have purchased their properties.

|  | Percentage Undervaluation | Aggregate Damages (Entire Class) |
|---|---|---|
| RESIDENTIAL | _____% | $ _____ |
| VACANT LAND | _____% | $ _____ |
| COMMERCIAL | _____% | $ _____ |
|  | TOTAL: | $ _____ |

PLEASE GO TO QUESTION NO. 4.

With regard to Dow's affirmative defense of setoff *(see Instruction No. 3.25)*, we find as follows:

4.     Do you find that Dow proved that its nuisance caused a diminution in the value of Class Properties in one or more specific time periods before June 7, 1989?

**ANSWER:**   _____ Yes         _____ No

IF YOUR ANSWER TO QUESTION NO. 4 IS "YES," THEN GO TO QUESTION NO. 5.  IF YOUR ANSWER TO QUESTION NO. 4 IS "NO," THEN SKIP TO ¶ G (punitive damages).

5.     For each time period in which you found there was a pre-existing diminution in Class Property values, state when the period began, when it ended and the

average percentage by which Class Property values were diminished by Dow's nuisance during this period. (Add more lines if necessary.)

| Beginning of Period | End of Period | Percentage Diminution in Value |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

PLEASE GO TO ¶ G (punitive damages).

<u>Nuisance Verdict Against Rockwell Only</u>

6.      Do you find the injurious situation resulting from the nuisance by Rockwell became "complete" and "comparatively enduring" some time between January 1, 1988 and December 31, 1995 *(see Instruction No. 3.22)*?

            **ANSWER:** _____ Yes            _____ No

IF YOUR ANSWER TO QUESTION NO. 6 IS "YES," THEN GO TO
QUESTION NO. 7.  IF YOUR ANSWER TO QUESTION NO. 6 IS "NO," THEN
SKIP TO ¶ G (punitive damages).

7.      As of the time you find the injurious situation became "complete" and "comparatively enduring," do you find the actual value of the Class Properties was less than the value these Properties would have had but for the nuisance committed by Rockwell *(see Instruction No. 3.22)*?

            **ANSWER:** _____ Yes            _____ No, and so we award nominal
                                                              damages of $1 per class member on this
                                                              claim.

IF YOUR ANSWER TO QUESTION NO. 7 IS "YES," THEN GO TO QUESTION NO. 8.  IF YOUR ANSWER TO QUESTION NO. 7 IS "NO," THEN SKIP TO ¶ G (punitive damages).

8.     As of the time you find the injurious situation became "complete" and "comparatively enduring," what is the amount of the difference between the actual value of Class Properties and what their value would have been but for the nuisance by Rockwell?  For each of the three types of property below, please state your answer as follows *(see Instruction No. 3.23)*:

> (a) in the first column, state the average percentage by which Class Properties were diminished or depressed in value, relative to what their value would have been, without the trespass; and

> (b) in the second column, the corresponding total dollar amount by which Class Properties, as a whole, were diminished or depressed in value, relative to what their value would have been, without the trespass.

For purposes of this answer, you should not consider defendants' affirmative defense of setoff or any "prior market discount" at which Class Members may have purchased their properties.

|  | Percentage Undervaluation | Aggregate Damages (Entire Class) |
|---|---|---|
| RESIDENTIAL | _____ % | $ _____ |
| VACANT LAND | _____ % | $ _____ |
| COMMERCIAL | _____ % | $ _____ |
|  |  | TOTAL: $ _____ |

PLEASE GO TO QUESTION NO. 9.

With regard to Rockwell's affirmative defense of setoff *(see Instruction No. 3.25)*,

we find as follows:

9.    Do you find that Rockwell proved that its nuisance caused a diminution in

the value of Class Properties in one or more specific time periods before

June 7, 1989?

**ANSWER:** _____ Yes        _____ No

IF YOUR ANSWER TO QUESTION NO. 9 IS "YES," THEN GO TO
QUESTION NO. 10.  IF YOUR ANSWER TO QUESTION NO. 4 IS "NO,"
THEN SKIP TO ¶ G (punitive damages).

10.   For each time period in which you found there was a pre-existing

diminution in Class Property values, state when the period began, when it ended and the

average percentage by which Class Property values were diminished by Rockwell's

nuisance during this period.  (Add more lines if necessary.)

| Beginning of Period | End of Period | Percentage Diminution in Value |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

PLEASE GO TO ¶ G (punitive damages).

<u>Nuisance Verdicts Against Both Dow and Rockwell</u>

11.     Do you find the injurious situation resulting from the nuisance by Dow and Rockwell became "complete" and "comparatively enduring" some time between January 1, 1988 and December 31, 1995 *(see Instruction No. 3.22)*?

**ANSWER:**   __X__ Yes          _____ No

IF YOUR ANSWER TO QUESTION NO. 11 IS "YES," THEN GO TO QUESTION NO. 12.  IF YOUR ANSWER TO QUESTION NO. 11 IS "NO," THEN SKIP TO ¶ G (punitive damages).

12.     As of the time you find the injurious situation became "complete" and "comparatively enduring," do you find the actual value of the Class Properties was less than the value these Properties would have had but for the nuisance committed by Dow and Rockwell *(see Instruction No. 3.22)*?

**ANSWER:**   __X__ Yes          _____ No, and so we award nominal damages of $1 per class member on this claim.

IF YOUR ANSWER TO QUESTION NO. 12 IS "YES," THEN GO TO QUESTION NO. 13.  IF YOUR ANSWER TO QUESTION NO. 12 IS "NO," THEN SKIP TO ¶ G (punitive damages).

13.     As of the time you find the injurious situation became "complete" and "comparatively enduring," what is the amount of the difference between the actual value of Class Properties and what their value would have been but for the nuisance by Dow and Rockwell?  For each of the three types of property below, please state your answer as follows *(see Instruction No. 3.23)*:

23

(a) in the first column, state the average percentage by which Class Properties were diminished or depressed in value, relative to what their value would have been, without the nuisance; and

(b) in the second column, the corresponding total dollar amount by which Class Properties, as a whole, were diminished or depressed in value, relative to what their value would have been, without the nuisance.

For purposes of this answer, you should not consider Defendants' affirmative defense of setoff or any "prior market discount" at which Class Members may have purchased their properties.  *Adjusted to 2005 CPI*

| | Percentage Undervaluation | Aggregate Damages (Entire Class) |
|---|---|---|
| RESIDENTIAL | 7 % | $ 144,199,088.00 |
| VACANT LAND | 30 % | $ 27,000,000.00 |
| COMMERCIAL | 53.03 % | $ 5,651,252.00 |

TOTAL: $ 176,850,340.00

PLEASE GO TO QUESTION NO. 13.

14.   Taking as 100 percent the combined nuisance that caused the damages you have found, what percentage, if any, was caused by the nuisance by Dow and the nuisance by Rockwell *(see Instruction No. 3.19A)*:

24

**ANSWER:**   Percentage, if any, charged to Dow:   ___30___ %

Percentage, if any, charged to Rockwell   ___70___ %

MUST TOTAL:      100%

PLEASE GO TO QUESTION NO. 15

With regard to Dow and Rockwell's affirmative defense of setoff *(see Instruction No. 3.25)*, we find as follows:

15.    Do you find that Dow and Rockwell proved that their nuisance caused a diminution in the value of Class Properties in one or more specific time periods before June 7, 1989?

**ANSWER:**   _____ Yes      __X__ No

IF YOUR ANSWER TO QUESTION NO. 15 IS "YES," THEN GO TO QUESTION NO. 16.  IF YOUR ANSWER TO QUESTION NO. 15 IS "NO," THEN SKIP TO ¶ G (punitive damages).

16.    For each time period in which you found there was a pre-existing diminution in Class Property values, state when the period began, when it ended and the average percentage by which Class Property values were diminished by Dow and Rockwell's nuisance during this period.  (Add more lines if necessary.)

| Beginning of Period | End of Period | Percentage Diminution in Value |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

PLEASE GO TO ¶ G (punitive damages ¶).

25

## ¶ G   Punitive Damages

Punitive Damages Against Dow

ANSWER THIS SECTION ONLY IF YOU AWARDED ACTUAL DAMAGES
AGAINST DOW IN ¶ E (ACTUAL DAMAGES FOR TRESPASS) AND/OR ¶ F
(ACTUAL DAMAGES FOR NUISANCE).  IF YOU DID NOT AWARD
ACTUAL DAMAGES AGAINST DOW, SKIP TO NEXT SECTION IN THIS
PARAGRAPH, "PUNITIVE DAMAGES AGAINST ROCKWELL."

With regard to punitive damages against Dow, we find as follows:

1.     Do you find beyond a reasonable doubt that Dow's conduct in committing

the trespass and/or nuisance was "willful and wanton" as defined in Instruction No. 3.27?

In deciding this question, you may only consider Dow's conduct up to August 20, 1988,

including conduct that resulted in harm on or after this date.

**ANSWER:**   _X_ Yes        _____ No

IF YOUR ANSWER TO QUESTION NO. 1 IS "YES," THEN GO TO
QUESTION NO. 2.  IF YOUR ANSWER TO QUESTION NO. 1 IS "NO," THEN
SKIP TO NEXT SECTION IN THIS PARAGRAPH, "PUNITIVE DAMAGES
AGAINST ROCKWELL."

2.     What amount of punitive damages do you find should be awarded against

Dow?  This amount may not exceed the total amount of actual damages you found against

Dow in ¶ E and ¶ F.

**ANSWER:**  $ 110,800,000 . 00

PLEASE GO TO NEXT SECTION IN THIS PARAGRAPH, "PUNITIVE
DAMAGES AGAINST ROCKWELL."

<u>Punitive Damages Against Rockwell</u>

ANSWER THIS SECTION ONLY IF YOU AWARDED ACTUAL DAMAGES AGAINST ROCKWELL IN ¶ E (ACTUAL DAMAGES FOR TRESPASS) AND/OR ¶ F (ACTUAL DAMAGES FOR NUISANCE). IF YOU DID NOT AWARD ACTUAL DAMAGES AGAINST ROCKWELL, SKIP TO ¶ H (ADDITIONAL QUESTIONS).

With regard to punitive damages against Rockwell, we find as follows:

3.      Do you find beyond a reasonable doubt that Rockwell's conduct in committing the trespass and/or nuisance was "willful and wanton" as defined in Instruction No. 3.27?  In deciding this question, you may only consider Rockwell's conduct up to August 20, 1988, including conduct that resulted in harm on or after this date.

        **ANSWER:**   __X__ Yes          _____ No

IF YOUR ANSWER TO QUESTION NO. 3 IS "YES," THEN GO TO QUESTION NO. 4.  IF YOUR ANSWER TO QUESTION NO. 3 IS "NO," THEN SKIP TO ¶ H.

4.      What amount of punitive damages do you find should be awarded against Rockwell?  This amount may not exceed the total amount of actual damages you found against Rockwell in ¶ E and ¶ F.

        **ANSWER:** $ 89,400,000 . 00

PLEASE GO TO ¶ H.

**¶ H   Additional Questions**

1.    Do you find it appeared on or before January 30, 1990, which is the date this case was filed, that any trespass or nuisance by Dow would continue indefinitely *(see Instruction No. 3.28)*?

      __X__ YES as to any trespass or nuisance by Dow

      _____ NO as to any trespass or nuisance by Dow

      _____ NOT APPLICABLE because we did not find any trespass or

               nuisance by Dow

IF YOUR ANSWER TO QUESTION NO. 1 IS "NO," GO TO QUESTION NO. 2.  IF YOUR ANSWER IS "YES" OR "NOT APPLICABLE," SKIP TO QUESTION NO. 3.

2.    When do you find it became apparent that the trespass or nuisance by Dow would continue indefinitely?  If you found against Dow on both claims, please state the date for each claim separately.

             _____

PLEASE GO TO QUESTION NO. 3.

28

Revised - January 20, 2006

3.    Do you find it appeared on or before January 30, 1990, which is the date

this case was filed, that any trespass or nuisance by Rockwell would continue indefinitely

*(see Instruction No. 3.28)*?

        ⨯    YES as to any trespass or nuisance by Rockwell

    _____    NO as to any trespass or nuisance by Rockwell

    _____    NOT APPLICABLE because we did not find any trespass or
              nuisance by Rockwell

IF YOUR ANSWER TO QUESTION NO. 3 IS "NO," GO TO QUESTION
NO. 4.  IF YOUR ANSWER IS "YES" OR "NOT APPLICABLE," SKIP TO
QUESTION NO. 5.

4.    When do you find it became apparent that the trespass or nuisance by

Rockwell would continue indefinitely?  If you found against Rockwell on both claims,

please state the date for each claim separately.

_____

PLEASE GO TO QUESTION NO. 5.

5.    Do you find that any intentional or negligent conduct by Dow or Rockwell

or both of them at Rocky Flats, and/or actual or threatened harms caused by such conduct,

created a situation that is capable of causing fear, anxiety, or mental discomfort in

individual Class Members *(see Instruction No. 3.28)*?

|     | DOW | ROCKWELL |
|-----|-----|----------|
| YES | ⨯ | ⨯ |
| NO  | _____ | _____ |

29

PLEASE SIGN AND DATE THIS VERDICT FORM.

Dated this _13_ day of _February_, 2006.

JUROR
NAMES
REDACTED