January 18, 2006

As revised January 26, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

     Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

     Defendants.

_____

# JURY INSTRUCTIONS

_____

January 18, 2006

# INDEX
(revised January 18, 2006)

**Section 1**      **General Instructions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INSTRUCTION NO. 1.1      Statement of the Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INSTRUCTION NO. 1.2      Equality of Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

INSTRUCTION NO. 1.3      Status of a Corporation  . . . . . . . . . . . . . . . . . . . . . . . . . 7

INSTRUCTION NO. 1.4      Evidence – General (revised)  . . . . . . . . . . . . . . . . . . . . . 8

INSTRUCTION NO. 1.5      Evidence – Direct and Circumstantial . . . . . . . . . . . . . . 11

INSTRUCTION NO. 1.6      Filing of a Lawsuit or Pleading . . . . . . . . . . . . . . . . . . . 12

INSTRUCTION NO. 1.7      Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . 13

INSTRUCTION NO. 1.8      Burden of Proof - Generally . . . . . . . . . . . . . . . . . . . . . . 15

INSTRUCTION NO. 1.9      Burden of Proof and Classified Information (revised) . . . 16

INSTRUCTION NO. 1.10      Multiple Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

INSTRUCTION NO. 1.11      Juror Conduct  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Section 2.0**      **Instructions for Use During Trial**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

INSTRUCTION NO. 2.1      Consideration of Deposition Testimony  . . . . . . . . . . . . 22

INSTRUCTION NO. 2.2      Opinion Evidence and Expert Witnesses (revised)  . . . . . 23

INSTRUCTION NO. 2.2AA      Retention of Expert Witnesses (new) . . . . . . . . . . . . . . . 24

INSTRUCTION NO. 2.2A      Consideration of Deposition Testimony of
                         Dr. James Flynn (revised) . . . . . . . . . . . . . . . . . . . . . . . . 25

INSTRUCTION NO. 2.2B      Dr. Till's Testimony Regarding Removal
                         of Plutonium (new) . . . . . . . . . . . . . . . . . . . . . . . . . . . .
26

i

January 18, 2006

INSTRUCTION NO. 2.3   Charts, Summaries and Graphic Materials (revised) . . . . 27

INSTRUCTION NO. 2.4   Evidence Regarding FBI Raid and
Grand Jury Investigation . . . . . . . . . . . . . . . . . . . . . . . 28

INSTRUCTION NO. 2.5   Evidence Regarding Rockwell's
Plea Agreement (revised) . . . . . . . . . . . . . . . . . . . . . . 29

INSTRUCTION NO. 2.6   Evidence Regarding Other Civil Lawsuits . . . . . . . . . . 30

INSTRUCTION NO. 2.7   Evidence of Media Coverage (revised) . . . . . . . . . . . . . 31

**Section 3      Substantive Instructions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

INSTRUCTION NO. 3.1   Introduction to Plaintiffs' Claims (revised) . . . . . . . . . . 33

**Trespass Claim**

INSTRUCTION NO. 3.2   Elements of the Claim of Trespass      . . . . . . . . . . . . . 34

INSTRUCTION NO. 3.3   First Element: Presence of Plutonium . . . . . . . . . . . . . . 36

INSTRUCTION NO. 3.4   Third Element:  Continuing Trespass . . . . . . . . . . . . . . 37

INSTRUCTION NO. 3.5   Matters That Are Not Relevant to Deciding the Trespass
Claim (revised) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

**Nuisance Claim**

INSTRUCTION NO. 3.6   Elements of the Nuisance Claim . . . . . . . . . . . . . . . . . . 39

INSTRUCTION NO. 3.7   First Element:  Interference with Use and Enjoyment of
Property (revised) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

INSTRUCTION NO. 3.8   Second Element: "Substantial" and "Unreasonable"
Interference - Introduction . . . . . . . . . . . . . . . . . . . . . . . 45

INSTRUCTION NO. 3.9   Second Element: "Substantial" Interference  - Defined
(revised) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

INSTRUCTION NO. 3.10  Second Element: "Unreasonable" Interference -

ii

January 18, 2006

Balancing Test . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

INSTRUCTION NO. 3.11    Second Element:  Unreasonable Interference: Factors
Regarding Gravity of the Harm  . . . . . . . . . . . . . . . . . . . 51

INSTRUCTION NO. 3.12    Second Element:  Unreasonable Interference: Factors
Regarding Utility of the Conduct (revised) . . . . . . . . . . . 53

INSTRUCTION NO. 3.13    Third Element: "Intentional" or "Negligent" Conduct . . . 56

INSTRUCTION NO. 3.14    Third Element:  Definition of "Intentional" Conduct . . . . 57

INSTRUCTION NO. 3.15    Third Element:  Definition of "Negligent" Conduct  . . . . 58

INSTRUCTION NO. 3.16    Third Element: Accident Not Presumptive Negligence  . . 59

INSTRUCTION NO. 3.17    Fourth Element:  Continuing Nuisance (revised) . . . . . . . 60

**Both Claims**

INSTRUCTION NO. 3.18    Causation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

INSTRUCTION NO. 3.19    Separate Findings for Each Defendant . . . . . . . . . . . . . . 62

INSTRUCTION NO. 3.19A   Apportioning Fault Between Defendants (new)  . . . . . . . 63

**Damages - Both Claims**

INSTRUCTION NO. 3.20    Damages - Introduction . . . . . . . . . . . . . . . . . . . . . . . . . 64

INSTRUCTION NO. 3.21    Damages - Actual or Nominal  . . . . . . . . . . . . . . . . . . . . 65

INSTRUCTION NO. 3.22    Measure of Actual Damages (revised)  . . . . . . . . . . . . . . 66

INSTRUCTION NO. 3.23    Aggregate Damages and Percentage Diminution  . . . . . . 69

INSTRUCTION NO. 3.24    Matters Not Relevant to Determining Actual Damages  . 70

INSTRUCTION NO.  3.25    Affirmative Defense:  Setoff . . . . . . . . . . . . . . . . . . . . . . 71

INSTRUCTION NO. 3.26    Multiple Recovery Prohibited . . . . . . . . . . . . . . . . . . . . . 73

January 18, 2006

INSTRUCTION NO. 3.27      Punitive Damages  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

**Additional Questions**

INSTRUCTION NO. 3.28      Additional Questions  . . . . . . . . . . . . . . . . . . . . . . . . . . 77

Page revised January 26, 2006

**Section 4          Final Instructions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

INSTRUCTION NO. 4.1      Jury Deliberations - General Instructions  . . . . . . . . . . . . 80

INSTRUCTION NO. 4.2      Jury - Deliberations (revised)  . . . . . . . . . . . . . . . . . . . . . 81

INSTRUCTION NO. 4.3      Jury - The Deliberations Process  . . . . . . . . . . . . . . . . . . 82

INSTRUCTION NO. 4.4      Communications with the Judge  . . . . . . . . . . . . . . . . . . . 86

INSTRUCTION NO. 4.5      Jury Verdict Form (revised) . . . . . . . . . . . . . . . . . . . . . . 88

INSTRUCTION NO. 4.6      Number of Jurors Necessary to Reach Agreement (new)  89

**Section 5          Jury Verdict Form** (new) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  90

iv

January 18, 2006

# Section 1

# General Instructions

January 18, 2006

## INSTRUCTION NO. 1.1

<u>Statement of the Case</u>

In order to help you understand this case, I will give you a brief summary of the claims and defenses.

The person or "party" who brings a lawsuit is called the plaintiff.  The named plaintiffs in this case are Merilyn Cook, William and Delores Schierkolk, Richard and Sally Bartlett, and Lorren and Gertrude Babb.  In actuality, there are thousands of plaintiffs in this case.  Because it would not be practical to conduct thousands of trials, these individuals filed this case as a class action.  In a class action, a few plaintiffs act as the representatives in court for all of the other class members.  I will sometimes refer to this group as the "Plaintiff Class" or simply the "Class."

The members of the Plaintiff Class are persons who owned property in a specific, defined area, known as the "Class Area," near the Rocky Flats Nuclear Weapons Plant on June 7, 1989.  That means, only persons who owned property within the Class Area on June 7, 1989, are considered plaintiffs, and only those persons can recover damages if the plaintiffs prevail in this action.

The Rocky Flats Nuclear Weapons Plant ("Rocky Flats") is a government-owned facility located on about 6500 acres sixteen miles northwest of downtown Denver.  Before operations at Rocky Flats were halted in 1989, nuclear weapons components were

2

January 18, 2006

manufactured there.  The components were fashioned from materials including

plutonium, a man-made radioactive element.  Other hazardous substances, both

radioactive and non-radioactive, were also used or disposed of at Rocky Flats when the

plant was in operation.

The defendants in this case are Dow Chemical Company and Rockwell

International Corporation.  Dow and Rockwell operated the Rocky Flats Nuclear

Weapons plant at different times as contractors for the United States Department of

Energy.  That means, they worked under a contract for the federal government to manage

and run the plant.  Dow operated the plant between 1952 and 1975, and Rockwell

operated the plant from 1975 until 1989.

The Plaintiffs make two claims against Dow and Rockwell on behalf of themselves

and the rest of the Class.  The first claim is for trespass.  Trespass is an invasion of a

person's property without his permission.  Plaintiffs claim Dow and Rockwell caused a

trespass because the Class Area is contaminated with plutonium released from Rocky

Flats as a result of various accidents, mishaps, and bad environmental practices that

occurred during each defendant's period of operation.

Plaintiffs' second claim is for nuisance.  A nuisance is something that substantially

and unreasonably interferes with another person's use and enjoyment of their land.

Plaintiffs claim Dow and Rockwell substantially and unreasonably interfered with Class

members' use and enjoyment of their properties because plutonium contamination in the

3

January 18, 2006

Class Area has led to increased health risk and because there is a risk of additional future releases of plutonium and other hazardous substances into the Class Area from the plant site.

Plaintiffs claim that Dow and Rockwell's trespass and nuisance have depressed the value of properties in the Class Area. The Plaintiffs seek damages to compensate the Plaintiff Class for this lost property value. Plaintiffs also seek punitive damages from both Dow and Rockwell.

Defendants deny Plaintiffs' claims and contend that they each operated Rocky Flats in a safe and responsible manner. Defendants admit that plutonium from Rocky Flats is present in the Class Area, but dispute that it is located throughout this area or that they are liable for trespass. They also deny that plutonium is present in the Class Area at levels that pose any significant health risk or that there is a threat of future releases of plutonium or other hazardous substances from the Rocky Flats site to the Class Area. Defendants further deny that any interference with Class members' use and enjoyment of property is substantial and unreasonable enough to constitute a nuisance or that they are otherwise liable for nuisance. Finally, Defendants deny that the alleged trespass or nuisance depressed property values in the Class Area or that plaintiffs and the other Class members suffered any loss of property value as a result of Defendants' operations at Rocky Flats.

January 18, 2006

## INSTRUCTION NO. 1.2

<u>Equality of Parties</u>

All persons are equal before the law regardless of race, national origin, citizenship, or even whether the party is a corporation.  I tell you that all parties are equal before the law to remind you that you must base any decision in this case on the law and facts, not outside factors such as race, national origin, citizenship, or corporate status.

January 18, 2006

## INSTRUCTION NO. 1.3

<u>Status of a Corporation</u>

All persons are equal before the law.  A corporation is considered by the law to be a person.  Corporations are entitled to the same fair and conscientious consideration by you as any physical person.

Corporations can act only through their officers and employees. Any act or omission of an officer or employee while acting within the scope of his or her employment or authority is the act or omission of the corporation.

6

January 18, 2006

## INSTRUCTION NO. 1.4
## (revised)

<u>Evidence – General</u>

It is your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You have heard the evidence, and now it is time for you to decide what the facts are, and then apply those facts to the law I give you. That is how you will reach your verdict. In doing so, you must follow the law whether you agree with it or not.

At no time during the trial did I suggest what I think your verdict should be nor do I want you to guess or speculate about my views of what verdict you should render. You will decide what the facts are from the evidence that the parties have presented during the trial. That evidence consists of the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness; documents and other things received into evidence as exhibits; and any facts on which the lawyers agreed or which I may instruct you to accept as true.

The following things are **not** evidence and you must not consider them as evidence in deciding the facts of this case:

    1.     Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not

7

January 18, 2006

evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.  Questions and objections by the lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, I have allowed some testimony or exhibits only for a limited purpose, and you must consider such only for that limited purpose.  For example, I have instructed you that newspaper articles and other media reports were admitted for the limited purpose of showing that the information contained in these articles was available to the public, but not for the purpose of proving the facts stated in these articles and reports were true.  I will remind you of this and other limiting instructions in a few minutes.

4.  Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses.  You are to decide the case solely on the evidence received in this courtroom during the trial.

January 18, 2006

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.  Inferences are deductions or conclusions your reason and common sense lead you to draw from the facts established by the evidence in the case.

January 18, 2006

## INSTRUCTION NO. 1.5

<u>Evidence – Direct and Circumstantial</u>

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which one can find that another fact exists or is true.

You should consider both kinds of evidence in deciding this case.  It is for you to decide how much weight to give to any evidence, direct or circumstantial.

There are rules of evidence that control what can be received into evidence.  When one lawyer asks a question or offers an exhibit into evidence and another lawyer on the other side thinks that it is not permitted by the rules of evidence, the other lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore such evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

10

January 18, 2006

## INSTRUCTION NO. 1.6

<u>Filing of a Lawsuit or Pleading</u>

The fact that a plaintiff files a lawsuit is not evidence that the other party did anything wrong.  The fact that a plaintiff complains that he has been damaged is not evidence that he has been damaged or that the other party violated the law.  You cannot say, "Well, there must be something wrong here or the case would not be in court."

11

January 18, 2006

## INSTRUCTION NO. 1.7

<u>Credibility of Witnesses</u>

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe.  You may believe everything a witness says, only part of it, or none of it.

In considering the testimony of any witness, you may consider:

1.  The witness's opportunity and ability to see or hear or know the things to which the witness testified;

2.  The quality of the witness's memory;

3.  The witness's manner while taking the oath and while testifying;

4.  Whether the witness had an interest in the outcome of the case or any motive, bias or prejudice;

5.  Whether the witness's testimony is contradicted by anything the witness said or did at another time, by the testimony of other witnesses, or by other evidence;

6.  How reasonable the witness's testimony was in light of all the evidence; and,

7.  Any other facts that bear on believability.

12

January 18, 2006

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.

If you believe a witness has willfully lied regarding any material fact, you have the right to disregard all or any part of that witness's testimony.

January 18, 2006

## INSTRUCTION NO. 1.8

### Burden of Proof - Generally

This is a civil case.  Therefore, the Plaintiffs have the burden of proving their claims by what is called a preponderance of the evidence.  That means that no matter who produces the evidence, when you consider the Plaintiffs' claim in light of all the facts, you believe their claim is more likely true than not true.  To put it differently, if you were to put all of the evidence in favor of the Plaintiffs and all of the evidence in favor of Dow or Rockwell on opposite sides of the scales, Plaintiffs would have to make the scale tip to their side in order for your verdict to be against Dow or Rockwell.  If Plaintiffs fail to meet this burden, your verdict must be for Dow and Rockwell.

In defense to Plaintiffs' claims, Dow and Rockwell have each asserted an affirmative defense, which will be described to you more fully later.  An affirmative defense is more than a denial of the claim.  You should treat Dow and Rockwell's affirmative defenses in the same way you treat the Plaintiffs' claims.  That is, Dow and Rockwell, as the parties asserting the affirmative defense, have the burden of proving that defense by the same standard, that is, of proving that the affirmative defense is more likely true than not true.

14

January 18, 2006

## INSTRUCTION NO. 1.9

### **Burden of Proof and Classified Information**

In evaluating whether Plaintiffs and Defendants have met their respective burdens on their claims and defenses, you need to know that the law does not require parties to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters to be determined by you from the evidence.  Nor does the law require the parties to produce as exhibits all papers or other things mentioned in the evidence in the case.

This is a law that is uniformly applied in all civil cases as a matter of practical necessity and common sense.  It is simply not possible for the law to require proof to the degree of absolute certainty.

In this case, the problem of proof is further complicated because of government imposed secrecy concerning activities at the Rocky Flats installation.  The U.S. Department of Energy has classified documents concerning these activities and the resulting classification means that some information is deemed secret and is not available to the public.  The authority of the Department of Energy to classify information as secret is firmly established by laws enacted by the Congress of the United States.  Neither this court nor the jury in this case has the authority to decide whether such classification was proper irrespective of any reasons or allegations made challenging that process.

15

January 18, 2006

The Department of Energy has made some information concerning Rocky Flats available by a process known as "declassification," meaning that some documents and some parts of documents are no longer considered secret.  The propriety of these declassification decisions is likewise not a matter to be decided in this action.

You will also see some documents that have been made available by the Department of Energy that contain obliterated or marked out words.  This process is called "redaction," which means that the information removed is not available to us in this trial.

For the reasons I've just given, not only are the parties in this case not required to produce as exhibits all papers or other things mentioned in the evidence, they cannot produce some of these documents and things because the Department of Energy has classified that information as secret.

You may not speculate or guess about what the unavailable or redacted information might be.  Such unavailable or redacted information might have been favorable, or unfavorable, to one side or the other in this case, but you must confine your evaluation to the evidence presented to you and base your decision solely on the evidence received during trial.

16

January 18, 2006

**INSTRUCTION NO. 1.10**

<u>Multiple Defendants</u>

Although there are two defendants in this action, it does not follow from that fact alone that if one defendant is liable to the Plaintiffs, both defendants are liable.  Each defendant is entitled to a fair consideration of the evidence.  Neither defendant is to be prejudiced should you find against the other.   All instructions I give you govern the case as to each defendant.

January 18, 2006

## INSTRUCTION NO. 1.11

### Juror Conduct

I will now say a few words about your conduct as jurors.

First, do not talk with one another about this case or about anyone who has anything to do with it until the end of the case when you go the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case and that I have ordered you not to tell them anything else about the case until I have discharged you.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone tries to talk to you, please report it to me immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with the case.

Fifth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own.

Sixth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

18

January 18, 2006

Seventh, each of you will have one or more notebooks containing the names of the witnesses and copies of exhibits. You are free to take notes in order to enhance your memory or assist you in recollecting during your deliberations.  I caution you, however, not to become a slave to your notes. It is most important that you observe the witnesses and listen to their testimony. Your note taking should merely assist you.

January 18, 2006

**Section 2.0**

**Instructions for Use During Trial**

January 18, 2006

## INSTRUCTION NO. 2.1

Consideration of Deposition Testimony

A deposition is testimony taken under oath before the trial and preserved in writing or on videotape.  Deposition testimony can be read into evidence or shown by videotape. You are to give the same consideration to deposition testimony as to live testimony presented here in the courtroom.  That is, you are to judge the credibility of the witness and determine the weight to be given to the testimony to the best of your ability under the circumstances, as if the witness had been before you on the witness stand when he made the statement under oath.

January 18, 2006

## INSTRUCTION NO. 2.2

Opinion Evidence and Expert Witnesses

You have heard opinion evidence from people I held were qualified to testify as experts.  People who I found are expert in some field by knowledge, skill, experience, training or education may state their opinions on matters in that field and may also state the reasons for their opinions.  Witnesses who I did not identify as expert witnesses are not to be considered experts in any field, even if they have specialized training or advanced degrees.

Expert opinion testimony should be judged just like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinions, and all of the other factors that you consider when determining the credibility of the other witnesses.

Experts generally rely upon some assumptions in developing their opinions.  These assumptions are likewise subject to your evaluation and should be considered along with the rest of the evidence.

In resolving the conflict in the testimony of expert witnesses, you should weigh the opinion of one expert against that of another. In doing this, you should consider the qualifications and believability of each witness, the reasons for each opinion and the matter upon which it is based.

22

January 18, 2006

## INSTRUCTION NO. 2.2AA

<u>Retention of Expert Witnesses</u>

Some of the expert witnesses from whom you have heard were retained on behalf of Dow and Rockwell, both of whom are corporations, and others were retained on behalf of the Class.  In judging the testimony of these expert witnesses, you should remember that all persons are equal before the law regardless of race, national origin, citizenship, or whether the party is a corporation or an individual.  All parties involved in this litigation, whether they are individuals or corporations, are entitled to retain and to pay experts.

23

January 18, 2006

## INSTRUCTION NO. 2.2A

<u>Consideration of Deposition Testimony by Dr. James Flynn</u>

In light of his illness, Dr. James Flynn was unavailable to testify any further in this trial. The live testimony offered by Dr. Flynn on his direct examination therefore was stricken, because the Defendants did not have the opportunity to cross-examine Dr. Flynn on that testimony. You are not to consider Dr. Flynn's live testimony for any purpose.

Dr. Flynn's report is still in evidence. Also, the parties have each designated testimony from Dr. Flynn's earlier deposition to be read into evidence. I instruct you, however, that the Defendants did not have the same opportunity to cross-examine Dr. Flynn at his deposition that they would have had at trial, because one of the purposes of a deposition is to help a party prepare for the witness's cross-examination. In judging the evidence you have received from Dr. Flynn and determining how much weight to give it, you should consider that Defendants did not have a full opportunity to cross-examine Dr. Flynn.

January 18, 2006

## INSTRUCTION NO. 2.2B

<u>Dr. Till's Testimony Regarding Removal of Plutonium</u>

I have stricken from the evidence the testimony of Dr. Till in which he stated or suggested that plutonium present in the Class Area has been removed by bulldozing and other construction and development activities.  You are not to consider Dr. Till's testimony on this subject for any purpose.

January 18, 2006

## INSTRUCTION NO. 2.3

<u>Charts, Summaries, Graphic Materials and Demonstrative Exhibits</u>

Counsel have shown you a number of charts, summaries and other graphic materials in order to help explain the facts and documents in evidence in the case.  Such charts, summaries and graphic materials are **not** in and of themselves evidence or proof of any facts **unless** they are admitted into evidence.

You have heard me say throughout trial that many of these charts, summaries and graphic materials are admitted "for demonstrative purposes only."  This means that these "demonstrative exhibits" are not necessarily based on the evidence presented at trial, and that they may relate solely to arguments or statements or interpretations of evidence by counsel.  "Demonstrative exhibits" are **not** evidence and were presented only to assist you in understanding the argument, statement or interpretation being made.  All exhibits admitted for this limited purpose will be marked "demonstrative."  You should consider "demonstrative exhibits" only as visual aids to understanding counsel's arguments, statements or interpretations of the evidence.  You may disregard "demonstrative exhibits" if you do not find them helpful, and must disregard them if the facts, figures or other information they contain do not correctly reflect facts shown by the evidence in the case.

January 18, 2006

## INSTRUCTION NO. 2.4

### Evidence Regarding FBI Raid and Grand Jury Investigation

It is undisputed that the FBI and a federal grand jury investigated allegations of criminal misconduct by Rockwell at Rocky Flats. The fact that the FBI and grand jury conducted these investigations or investigated certain allegations does not prove that Rockwell committed any particular acts or wrongs at Rocky Flats. You may, however, consider evidence that was collected in the course of these investigations or was presented to the grand jury in determining whether, based on all of the evidence presented in this action, Rockwell acted, or failed to act, in a particular manner as relevant to the trespass and/or nuisance claims against it. In other words, it is up to you to decide what the evidence presented to you proves.

27

January 18, 2006

## INSTRUCTION NO. 2.5

### Evidence Regarding Rockwell's Plea Agreement

You have heard evidence about the plea agreement between Rockwell and the United States in which Rockwell pled guilty to certain environmental crimes at Rocky Flats.  The plea agreement is evidence that Rockwell admitted guilt for the conduct specifically set forth in the plea agreement.  This means Rockwell admitted it committed the acts to which it pled guilty, and that no further evidence is required to establish that these acts occurred.

You should not consider the plea agreement or its content, however, or the fact that Rockwell did not plead guilty to additional crimes and that the government did not seek to prosecute Rockwell for any other crimes, in determining whether Rockwell committed any particular conduct at Rocky Flats in addition to the misconduct to which it pled guilty.  You should make your determination regarding Rockwell's other alleged conduct based solely on the other evidence presented at this trial.

28

January 18, 2006

## INSTRUCTION NO. 2.6

<u>Evidence Regarding Other Civil Lawsuits</u>

You should not consider the fact that either Rockwell or Dow has been involved in other civil lawsuits for the purpose of determining whether Rockwell or Dow engaged in any of the conduct alleged by the class members in this lawsuit.  You should make your determinations based solely on the evidence presented at this trial.

January 18, 2006

## INSTRUCTION NO. 2.7

Evidence of Media Coverage

You have heard evidence of media coverage relating to Dow and Rockwell and their operations at Rocky Flats.  Such evidence of media coverage does not establish the accuracy of any statements made by the media.  Evidence of media coverage is relevant, however, to public perceptions that may have influenced the market values of properties in the Class Area.

30

January 18, 2006

**Section 3**

**Substantive Instructions**

January 18, 2006

## INSTRUCTION NO. 3.1

<u>Introduction to Plaintiffs' Claims</u>

Plaintiffs assert two claims in this action on behalf of themselves and the Class members.  This means Plaintiffs' claims are made and must be proved for the Class as a whole as stated in the instructions for each claim that I am about to give you.  Individual claims by individual Plaintiffs are not to be decided in this trial.

Plaintiffs' first claim is for trespass and the second is for nuisance.  Both claims are asserted against both Dow and Rockwell.  It is your responsibility to consider and decide each of these claims separately against Dow and Rockwell.

I will now instruct you about these claims and what you must consider in deciding each one.  When the instructions I am about to give you apply to more than one claim, I will tell you that.  At the end of my instructions on Plaintiffs' two claims, I will talk to you about determination of damages, which applies to both claims.

January 18, 2006

## INSTRUCTION NO. 3.2

Trespass Claim

<u>Elements of the Claim of Trespass</u>

The tort of trespass protects a landowner's right to exclusive possession and control of his property, which includes the right to keep the property free from contamination deposited there by others without the landowner's consent.

In this case, Plaintiffs and Defendants have stipulated that Plaintiffs and other Class members owned property in the Class Area as of June 7, 1989.  I will sometimes refer to these properties collectively as the "Class Properties."  Plaintiffs and Defendants have also stipulated that Plaintiffs and the other Class members do not consent to plutonium being on their properties.

Given these stipulations, in order for the Plaintiffs and the other Class members to recover from either Dow or Rockwell or both of them on their claim of trespass, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.     Plutonium from Rocky Flats is present on the Class Properties (see Instruction No. 3.3).

2.     Dow or Rockwell or both of them intentionally undertook an activity or activities that in the usual course of events caused plutonium from Rocky Flats to be present on the Class Properties (see Instruction No. 3.18).

33

January 18, 2006

3.      It appears this plutonium will continue to be present on the Class Properties indefinitely (see Instruction No. 3.4).

You must consider whether the Plaintiffs have proved each of these elements against each Defendant.  If you find that an element has not been proved as to a particular Defendant, then your verdict on the trespass claim must be for that Defendant.  On the other hand, if you find Plaintiffs have proved all three elements as to a particular Defendant, then your verdict must be for Plaintiffs and against that Defendant.

January 18, 2006

## INSTRUCTION NO. 3.3

Trespass Claim

<u>First Element: Presence of Plutonium</u>

The first element of the trespass claim requires that Plaintiffs prove that plutonium is present on the Class Properties.  To prove this element, Plaintiffs are <u>not</u> required to show that plutonium is present on the Class Properties at any particular level or concentration, that they suffered any bodily harm because of the plutonium or that the presence of plutonium on the Class Properties damaged these properties in some other way.

35

January 18, 2006

## INSTRUCTION NO. 3.4

Trespass Claim

<u>Third Element:  Continuing Trespass</u>

In deciding the third element of Plaintiffs' trespass claim, which is whether it appears that plutonium will continue to be present on Class Properties indefinitely, it is not necessary for you to find that the plutonium will be there forever.  Instead, in deciding this element, you should consider whether there is any reason to expect that the plutonium present on Class Properties will be removed at any definite time in the future. If you find there is no reason to expect it will be removed by a definite time, then you must find it appears that plutonium will continue to be present on the Class Properties indefinitely.

36

January 18, 2006

## INSTRUCTION NO. 3.5

Trespass Claim

Matters That Are Not Relevant to Deciding the Trespass Claim

A trespass may exist even though the conduct that originally caused the invasion of the plaintiff's land has ceased.  Accordingly, in considering whether Plaintiffs have proved the elements of their trespass claim as stated in Instruction No. 3.2, it is irrelevant that Dow and/or Rockwell ceased any such activities before Plaintiffs brought this suit or that the Rocky Flats plant itself is now shut down.

That Plaintiffs or Class members knew or could have known that plutonium was present on their properties when they purchased them is also irrelevant to determining whether Dow or Rockwell are liable for trespass as stated in Instruction No. 3.2.

You have also heard argument that plutonium has been removed from properties in the Class Area as a result of bulldozing, soil excavation and other disturbance during real estate construction and development activities in the Class Area.  You are to disregard all such argument because I recently ruled that it cannot be presented or considered in deciding the trespass claims.  For purposes of deciding the trespass claims, therefore, the notion that plutonium has been removed from the Class Area through development and construction activities is irrelevant.

None of the irrelevant matters described in this instruction should be considered in determining the trespass claim.

January 18, 2006

## INSTRUCTION NO. 3.6

Nuisance Claim

<u>Elements of the Nuisance Claim</u>

Plaintiffs claim that Defendants, through their operation of the Rocky Flats plant, caused a nuisance.  In order for the Plaintiff Class to recover from either Dow or Rockwell or both of them on their claim of nuisance, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.      Dow or Rockwell or both of them interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these two ways:

      A.      By causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure (see Instruction Nos. 3.7, 3.18); and/or

      B.      By causing objective conditions that pose a demonstrable risk of future harm to the Class Area (see Instruction Nos. 3.7, 3.18);

2.      This interference with Class members' use and enjoyment of their properties was both "unreasonable" and "substantial" (see Instruction Nos. 3.8 - 3.12);

38

January 18, 2006

3.      The activity or activities causing the unreasonable and substantial

interference were either "intentional" or "negligent" (see Instruction

Nos. 3.13 - 3.16); and

4.      It appears the unreasonable and substantial interference with the use and

enjoyment of property caused by Dow and/or Rockwell's intentional or

negligent conduct will continue indefinitely (see Instruction No. 3.17).

You must consider whether the Plaintiffs have proved these elements against each

Defendant.  If you find that any one of these elements has not been proved as to a

particular Defendant, then your verdict on the nuisance claim must be for that Defendant.

On the other hand, if you find Plaintiffs have proved each of these elements as to a

particular Defendant, then your verdict on the nuisance claim must be for Plaintiffs and

against that Defendant.

January 18, 2006

## INSTRUCTION NO. 3.7

Nuisance Claim

First Element:  Interference with Use and Enjoyment of Property

The purpose of a nuisance claim is to protect a landowner's right to use and enjoy his property.  Although there are countless ways that a person or company can interfere with this right, for purposes of deciding the first element of the Plaintiff Class' nuisance claim, you may only consider the two possible forms of interference with Class members' use and enjoyment of their property that I stated in Instruction No. 3.6 and will describe further here.

The first possible form of class-wide interference is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure.  To find that Plaintiffs proved this form of interference, you do not need to find that all Class members were exposed to plutonium at the same time or by the same methods or to the same degree or that they all incurred the same level of health risk as a result of exposure to plutonium.  It is enough to find for purposes of this form of interference with use and enjoyment of property that the Class members were exposed to plutonium in some way as a result of one or both Defendants' activities and incurred some increment of increased health risk as a result.

40

January 18, 2006

There may be some nonresident Class members - that is, Class members who owned property within the Class Area but without living there.  If you find that occupancy of their properties *would* have resulted in exposure to plutonium in some way, causing some increment of increased health risk, as a result of one or both Defendants' activities, then you should find that these Class members too suffered an interference with the use and enjoyment of their properties.

The second possible form of interference you must consider in deciding this first element of the Plaintiff Class' nuisance claim is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by creating objective conditions that pose a demonstrable risk of future harm to the Class Area.  For example, if plutonium or other hazardous substances present on or in the vicinity of Rocky Flats is at risk of being released to the Class Area -- through natural forces, cleanup activity, the conduct of others and/or accidents -- and could cause harm to properties in the Class Area by increasing the health risk to residents or impairing the future use of their land in some way, then this would be an objective condition that poses a demonstrable risk of future harm to the Class Area.

In order for you to find interference based on the threat or risk of future harm, you also need not find that the future harm *will* occur and affect the whole of the Class Area. You need only find that conditions exist that present the *potential* for such class-wide harm to occur.

41

January 18, 2006

You need not find that all Class members were subject to the same form of interference with use and enjoyment of their properties.  It is enough if you find the Class members were all subject to at least one form of interference described in this instruction, even if some Class members were subject only to the first form of interference, others only to the second, and still others to both.

In deciding whether either or both forms of possible class-wide interference exists, you should not consider whether individual Plaintiffs or Class members are or might be fearful, anxious or otherwise disturbed by any real or perceived risks relating to Rocky Flats and the Defendants' activities there or the conditions they left behind.  Individual reactions to these matters are not relevant to the question of whether a class-wide interference exists.

You also should not consider in deciding this element of the nuisance claim whether Defendants' activities caused any decrease in the value of Class members' properties.  The law does not consider a decrease in property value to be an interference with the use and enjoyment of property.

If you find that Plaintiffs have proved either Dow or Rockwell or both of them interfered with Class members' use and enjoyment of property in one or both of the ways I described in Instruction No. 3.6 and in this instruction, then you must find that Plaintiffs have proved the first element of their nuisance claim with respect to the Defendant or Defendants who caused or contributed to the proven interference.  If, however, you find

42

January 18, 2006

that neither Defendant interfered with Class members' use and enjoyment of property in

at least one of these ways, then you must find Plaintiffs have not proved this element of

their nuisance claim against either Defendant.

January 18, 2006

## INSTRUCTION NO. 3.8

Nuisance Claim

Second Element: "Substantial" and "Unreasonable" Interference - Introduction

Practically all human activities interfere to some extent with other people or involve some risk of interference.  One such possible interference is with another person's right to use and enjoy his property.  The law of nuisance does not attempt to hold an actor liable for all interferences with this right, but rather only for those interferences that are both "substantial" and "unreasonable."  That is why this is an element of Plaintiffs' nuisance claim.  The definitions of these terms are set out in Instruction Nos. 3.9 and 3.10.

In deciding whether Plaintiffs have proven that the interference they claim is substantial and unreasonable, you may only consider any interference with Class members' use and enjoyment of property you find based on Instruction Nos. 3.6 and 3.7. Thus, if you find Plaintiffs proved that Dow and/or Rockwell interfered with Class members' use and enjoyment of property in only one of the ways stated in these instructions, you may only consider this proven form of interference in deciding whether Plaintiffs have proved a substantial and unreasonable interference.  If, however, you find Plaintiffs proved that Dow and/or Rockwell interfered with Class members' use and enjoyment of property in both of the ways stated in these instructions, you should

44

January 18, 2006

consider these two forms of interference together to decide whether the total interference

caused by each Defendant was substantial and unreasonable.

January 18, 2006

## INSTRUCTION NO. 3.9

Nuisance Claim

<u>Second Element: "Substantial" Interference - Defined</u>

An interference with a person's right to use and enjoy their land is "substantial" if the interference is significant enough that a normal person in the community would find it offensive, annoying or inconvenient.  In this case, that means you must determine whether a reasonable landowner of normal sensibilities would find the proven interference caused by Dow or Rockwell to be offensive, annoying or inconvenient. "Normal sensibilities" for these purposes means a person who is neither unusually sensitive nor unusually insensitive to the interference you are considering.

In deciding whether any interference proven by Plaintiffs is substantial under this test, you must consider only the magnitude or level of interference that is common to the Class as a whole, and not any more severe level of interference that may have been suffered by some Class members but not by others.

Evidence that the value of Class members' properties has diminished because of any interference proven by Plaintiffs is evidence that the interference is substantial under the test stated in this instruction.  This is so because normal members of the community are part of the market that determines the value of properties, and if they consider an interference with the use and enjoyment of these properties to be offensive, annoying or inconvenient, they may place a lower value on the property than they would if the

46

January 18, 2006

interference did not exist.  Evidence that Class Properties have a lower value because of

any proven interference is not necessary, however, for you to find that the interference is

substantial under the test I just described to you.

January 18, 2006

## INSTRUCTION NO. 3.10

Nuisance Claim

<u>Second Element: "Unreasonable" Interference - Balancing Test</u>

In an action for damages, such as this case, an interference with a person's right to use and enjoy their land is "unreasonable" if the gravity of the harm outweighs the utility of the conduct that caused it.  Accordingly, to determine whether a proven interference is unreasonable in this case, you must consider and balance the gravity of the harm to Class members against the utility of the Dow and Rockwell's conduct at Rocky Flats and determine whether the gravity of this harm outweighs the utility of this conduct.

I will tell you more about this balancing test in my next instructions, but I want to caution you now that it does not mean that Dow and Rockwell can interfere with Class members' use and enjoyment of their properties as long as their activities at Rocky Flats served an important purpose or these activities are deemed more valuable or profitable than Class members' use of their land.  Instead, you must consider a number of factors as part of the balancing test to decide whether any interference Defendants caused was unreasonable.  I will describe those factors for you in a moment.  (See Instruction Nos. 3.11 and 3.12.)

In considering these factors and deciding whether any interference by Dow or Rockwell was unreasonable, you must also use an objective perspective.  In other words, the question is not how Plaintiffs, Class members or the Defendants would consider the

48

January 18, 2006

gravity of the harm or the utility of Defendants' conduct, or the judgment they would

make about whether any proven interference is unreasonable.  Instead, the question is

whether reasonable persons generally, looking at the whole situation impartially and

objectively, would consider the interference to be unreasonable.

January 18, 2006

## INSTRUCTION NO. 3.11

Nuisance Claim

<u>Second Element:  Unreasonable Interference: Factors Regarding Gravity of the Harm</u>

The gravity of the harm refers to the gravity of the proven interference with Class members' use and enjoyment of their property.  The factors you should consider in assessing the gravity of this harm are:

1.   <u>The extent of the harm involved</u>.

The extent of the harm depends on both the degree of the harm and its duration.  You can consider both harm that has actually been incurred and the risk of future harm.  In assessing the extent of the harm, you must also consider only harm that is common to the class as a whole, and not any more severe harm that may have been suffered by some Class members but not by others.

2.   <u>The character of the harm involved</u>.

This factor refers to the kind of harm suffered by the Class members.

3.   <u>The social value of the type of use or enjoyment of property that has been has been harmed</u>.

This factor considers the social value of the use to which the Class members' lands are being put.  The social value of a particular type of use

50

January 18, 2006

depends on the extent to which the use or uses advances or protects the general public good.

4.      The suitability of the particular use or enjoyment harmed to the character of the locality.

This factor considers whether the particular use or enjoyment the Class members make of their land in the Class Area is suitable to this area.

5.      The burden on the Class members of avoiding the harm.

This factor is considered when it is possible for the landowner to take some action to avoid the harm.

January 18, 2006

## INSTRUCTION NO. 3.12

Nuisance Claim

<u>Second Element:  Unreasonable Interference: Factors Regarding Utility of the Conduct</u>

There are also certain factors you must consider in assessing the utility of the conduct that caused the harm, that is, any proven interference.  Some of these factors focus directly on the conduct causing the harm, while other factors focus on any actions Dow or Rockwell have taken to avoid or compensate others for any interference they caused.

The factors focusing on the conduct causing the harm include:

1.  <u>The social value of the primary purpose of this conduct</u>.

It is undisputed that the primary purpose of the conduct that allegedly interfered with Class members' right to use and enjoy their properties was to manufacture nuclear weapons components.  The social value of this purpose depends on the extent to which it advanced or protected the general public good.  The parties agree that the manufacture of nuclear weapons at Rocky Flats, as a general matter, advanced the public good by protecting national security.

52

January 18, 2006

2.   <u>The suitability of the conduct to the character of the locality</u>.

This factor considers whether the Defendants' conduct is suitable to the area in which it occurred.

In evaluating the utility of the conduct causing the harm, you must also consider whether and to what extent the actor causing the harm took steps to address the consequences of its conduct.  Thus, you must consider the following factors focusing on any actions Dow or Rockwell have taken to avoid or compensate others for any interference they caused:

3.   <u>The impracticability of preventing or avoiding the interference</u>.

If it was practicable for Dow or Rockwell to avoid causing any interference with Class members' use and enjoyment of property, and they did not take the necessary measures to do so, then the law considers their conduct to have no utility, regardless of its social value.  Any interference caused by Dow and/or Rockwell was practicably avoidable if by some means the company could have substantially reduced the harm without incurring prohibitive expense or hardship in its operation of Rocky Flats.  If you find it was practicable for Dow or Rockwell to avoid any harm they caused under this test, then you must find the gravity of the harm outweighed the utility of Dow or Rockwell's conduct, and that any interference proved by Plaintiffs was unreasonable.

53

January 18, 2006

4.      <u>The financial burden to compensate others for any interference caused by</u>

<u>Dow and/or Rockwell's activities</u>.

A nuisance action for damages seeks to place the financial burden for any

interference with the use and enjoyment of property on the actor that caused

this harm.  The financial burden of this cost is therefore a significant factor

in determining whether the conduct of causing the harm without paying for

it is unreasonable.  You may find that Dow or Rockwell's conduct lacks

sufficient utility to outweigh any interference it caused if you find it would

be unreasonable for Class members to bear this cost without compensation.

January 18, 2006

## INSTRUCTION NO. 3.13

Nuisance Claim

### Third Element: "Intentional" or "Negligent" Conduct

As stated in Instruction No. 3.6, the third element Plaintiffs must prove to prevail on their nuisance claim is that the activity or activities causing the unreasonable and substantial interference were either "intentional" (see Instruction No. 3.14) or "negligent" (see Instruction No. 3.15).  Thus, Plaintiff must do more than show that the existence of Rocky Flats interfered with Class members' use and enjoyment of their properties.  They must show that either Defendant or both of them engaged in intentional or negligent conduct at Rocky Flats that caused such an interference.

You do not need to find that all of the conduct that caused any substantial and unreasonable interference was intentional or that all of it was negligent in order to find that Plaintiffs proved this element of their nuisance claim.  Proof that a substantial and unreasonable interference resulted from a combination of intentional conduct and negligent conduct is sufficient to prove this element.

January 18, 2006

## INSTRUCTION NO. 3.14

Nuisance Claim

<u>Third Element:  Definition of "Intentional" Conduct</u>

The conduct that results in an interference with another's use and enjoyment of property is considered "intentional" if it meets any of the following three tests:

(1)  The defendant knew that its conduct would interfere with others' use and enjoyment of their property; or

(2) The defendant knew it was substantially certain that its conduct would interfere with others' use and enjoyment of their property; or

(3) The defendant learned that its conduct was interfering with or was substantially certain to interfere with others' use and enjoyment of their property and yet continued this conduct.

January 18, 2006

## INSTRUCTION NO. 3.15

Nuisance Claim

<u>Third Element:  Definition of "Negligent" Conduct</u>

The generation, use, storage and disposal of plutonium and other hazardous radioactive and non-radioactive substances as part of the operation of a nuclear weapons plant are inherently dangerous activities.  As a result, Dow and Rockwell were required to exercise the highest possible degree of skill, care, diligence, and foresight in conducting these activities, according to the best technical, mechanical and scientific knowledge and methods that were practical and available at the time.  If either Dow or Rockwell or both of them did not fulfill this duty when they performed any activities that caused or contributed to a substantial and unreasonable interference (as defined in these instructions), then their conduct was negligent.

January 18, 2006

## INSTRUCTION NO. 3.16

Nuisance Claim

<u>Third Element: Accident Not Presumptive Negligence</u>

The occurrence of an accident does not raise any presumption of negligence on the part of a defendant.  Negligence may be established, however, by the facts and circumstances surrounding an accident.

58

January 18, 2006

## INSTRUCTION NO. 3.17

Nuisance Claim

<u>Fourth Element:  Continuing Nuisance</u>

As stated in Instruction No. 3.6, the fourth element Plaintiffs must prove to prevail on their nuisance claim is that it appears that the unreasonable and substantial interference with the use and enjoyment of property caused by Dow and/or Rockwell's intentional or negligent conduct will continue indefinitely.  In deciding this element, it is not necessary for you to find that the interference meeting these requirements will last forever.  Instead, you should consider whether there is any reason to expect that this interference will end at any definite time in the future.  If you find there is no reason to expect this interference to end by a definite time, then you must find it appears the interference will continue indefinitely.

January 18, 2006

## INSTRUCTION NO. 3.18

Both Claims

<u>Causation</u>

The word "cause" as used in these instructions means an act or failure to act that in natural and probable sequence produced the claimed effect.  It is a cause without which the claimed effect would not have happened.

January 18, 2006

## INSTRUCTION NO. 3.19

Both Claims

<u>Separate Findings for Each Defendant</u>

You must make a separate determination on both the trespass and nuisance claims against each defendant.  If you find that the evidence establishes a trespass or nuisance by one defendant but not the other, you must render separate verdicts on each claim.

61

January 18, 2006

## INSTRUCTION NO. 3.19A

<u>Apportioning Fault Between Defendants</u>

If you find both Dow and Rockwell committed a trespass and/or nuisance in this action, and that Plaintiffs have proved actual damages resulted from both Defendants' trespass and/or nuisance under the instructions I will give you in a moment (see Instruction Nos. 3.20-3.22), then you must also determine to what extent Dow's trespass or nuisance and Rockwell's trespass or nuisance contributed to the Class' actual damages. In making this determination, you must express Dow's contribution to the Class' damages (if any) and Rockwell's contribution to the Class' damages (if any) as a percentage of 100.

If you find only one of the Defendants liable for trespass and/or nuisance, then you will only decide the actual damages caused by that Defendant's trespass and/or nuisance.

The questions on the jury verdict form will guide you through these circumstances.

62

January 18, 2006

## INSTRUCTION NO. 3.20

Both Claims

<u>Damages - Introduction</u>

I am now going to instruct you on the measure of damages to be awarded if you find in favor of Plaintiffs on either of their claims against Dow and/or Rockwell.

You must determine the amount of damages in accordance with these instructions. The fact I will instruct you on the measure of damages does not mean I am instructing you as to which party is entitled to your verdict or that I am instructing you to award or not award damages. The questions of whether or not damages are to be awarded, and the amount of such damages, are for your consideration alone.

If you decide to award damages, you should fix the amount using calm discretion and sound reason, not sympathy, prejudice, or speculation.

Difficulty or uncertainty in determining the precise amount of damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

January 18, 2006

## INSTRUCTION NO. 3.21

Both Claims

<u>Damages - Actual or Nominal</u>

If you find in favor of Plaintiffs on either of their claims against Dow and/or Rockwell, then you must award them actual or nominal damages.

Actual damages are a monetary award to compensate a plaintiff for the loss caused by the defendant's wrongful conduct.  The goal of an award of actual damages is to make the injured person whole or, in other words, to put them in the position they would have been in if they had not been harmed by the defendant.

To award Plaintiffs actual damages, you must find that Plaintiffs proved by a preponderance of the evidence that: (1) the Plaintiff Class incurred actual damages as a result of the trespass and/or nuisance caused by Dow or Rockwell or both of them (as defined in Instruction Nos. 3.2 and 3.6), and (2) the amount of these actual damages.  I will tell you in the next instructions (Nos. 3.22 - 3.24) how to decide these questions.

If you find in favor of Plaintiffs on a particular claim, but do not find any actual damages with respect to that claim, you shall nonetheless award Plaintiffs nominal damages in the sum of one dollar on that claim.

64

January 18, 2006

## INSTRUCTION NO. 3.22

Both Claims

Measure of Actual Damages

Plaintiffs seek an award of actual damages based on the decrease in the value of properties in the Class Area caused by the trespass and/or nuisance committed by Dow or Rockwell or both of them.  This type of actual damages is sometimes called diminution in property value.

The diminution in property value that Plaintiffs may recover here is measured by the difference between the actual value of the Class Properties and the value these Properties would have had if Dow or Rockwell or both of them had not committed the trespass and/or nuisance proved by Plaintiffs.  In other words, you must compare the actual value of the Class Properties to what their value would have been "but for" the trespass and/or nuisance, and the difference is the diminution in property value that Plaintiffs can recover as actual damages in this case.

In a case like this, the law requires that you measure the amount of any such diminution in Class property values at a particular point in time.  That point is the time or time period when the injurious situation became "complete" and "comparatively enduring."  The injurious situation is "complete" when the effects of the trespass or nuisance are known to their full extent.  It is "comparatively enduring" when there is no reason to expect that these effects will end at a definite time in the future.  When the

65

January 18, 2006

injurious situation became "complete" and "comparatively enduring" in this case is a question you will decide as I will describe in just a moment.

Plaintiffs contend that the diminution in the value of Class properties should be measured as of the period between June 6, 1989, when the FBI and U.S. Environmental Protection Agency searched Rocky Flats as part of their investigation into alleged wrong-doing by Rockwell, and March 26, 1992, when Rockwell pled guilty to certain environmental crimes at Rocky Flats.  Plaintiffs allege this is the right time period to measure their actual damages because this is when the injurious effects of Defendants' alleged trespass and nuisance became "complete" and "comparatively enduring."

Plaintiffs have also presented evidence, however, of the injurious effects of the alleged trespass and nuisance in the larger period of 1988 through 1995.  If you find these effects became "complete" and "comparatively enduring" at any time during this period, therefore, you may award actual damages to Plaintiffs measured as of the time you find the effects became "complete" and "comparatively enduring."  If you do not find the injurious effects of the alleged trespass and/or nuisance became "complete" and "comparatively enduring" some time during the 1988-1995 period, then you should not award actual damages to Plaintiffs.

Accordingly, to decide whether Plaintiffs are entitled to the actual damages they seek in this case, you must determine whether Plaintiffs have proved by a preponderance of the evidence that:

66

January 18, 2006

1.   The injurious situation became "complete" and "comparatively enduring" (as defined in this instruction) sometime between January 1, 1988 and December 31, 1995; and

2.   As of the time you find the injurious situation became "complete" and "comparatively enduring," the actual value of the Class Properties was less than the value these Properties would have had but for the trespass and/or nuisance committed by Dow or Rockwell or both of them; and

3.   As of the time you find the injurious situation became "complete" and "comparatively enduring," the amount of the difference between the actual value of Class Properties and what their value would have been but for the trespass and/or nuisance (see Instruction No. 3.23).

January 18, 2006

## INSTRUCTION NO. 3.23

Both Claims

<u>Aggregate Damages and Percentage Diminution</u>

If you find Plaintiffs have proved actual damages as described in Instruction No. 3.22, you will be asked to report your findings regarding the amount of their actual damages in several ways.  First, you will be asked to decide both the total amount of damages suffered by the entire Class as a whole (called "aggregate" Class damages), and the percentage diminution in property values in the Class Area as a whole.

Additionally, you will be asked to decide the amount of actual damages and percentage diminution in Class property values for three different types of property in the Class:  vacant land, commercial property and residential property.

You will not be asked to determine the amount of actual damages suffered by any individual Class member.  Individual Class members' share of any damages you award will be determined in later proceedings.  Therefore, you must only concern yourselves with the total, class-wide measures of actual damages I just described.

January 18, 2006

## INSTRUCTION NO. 3.24

Both Claims

<u>Matters Not Relevant to Determining Actual Damages</u>

In determining any actual damages to be awarded in this case, you should not consider or award any diminution in value caused solely by the proximity of the Class Area to Rocky Flats. Instead, you must follow my directions in Instruction No. 3.22 to award damages for diminution in value you find was caused by any trespass or nuisance you find Dow or Rockwell or both of them committed.

In determining whether Plaintiffs have proved actual damages, you also should remember that Plaintiffs are not required to prove that any diminution in value caused by Dow or Rockwell's activities at Rocky Flats came into existence before or after the FBI raid or some other specific event. Instead, as stated in Instruction No. 3.22, the measure of damages to be proved by Plaintiffs is the value the Class Properties would have had "but for" any trespass or nuisance by Dow and/or Rockwell.

69

January 18, 2006

## INSTRUCTION NO.  3.25

Both Claims

<u>Affirmative Defense:  Setoff</u>

If you find that the Plaintiff Class has proved actual damages, then you must consider whether Dow and Rockwell have proved their affirmative defense of setoff.

This defense is based on the rule that if the defendant's wrongful conduct has caused harm to the plaintiff, but also has conferred a direct benefit on the plaintiff, then the value of the benefit conferred mitigates, that is reduces, the actual damages that may be recovered for the defendant's wrongful conduct.

In this case, Dow and Rockwell argue that any trespass or nuisance you find harmed the Plaintiff Class by diminishing the value of their properties also conferred a benefit on the Class because all or some Class members purchased their properties at a diminished price as a result of the same trespass or nuisance.

In order to prevail on this affirmative defense of setoff, Dow and Rockwell must prove by a preponderance of the evidence:

    1.     That the trespass and/or nuisance that damaged the Plaintiff Class by diminishing the value of property in the Class Area also caused a diminution in the value of Class Properties in one or more specific time periods before June 7, 1989; and

70

January 18, 2006

2.      The amount of any such pre-existing diminution in the value of Class

properties, expressed as the percentage decrease in value, for each specific

time period or periods for which Defendants proved a pre-June 7, 1989

diminution in Class property values caused by their trespass and/or

nuisance.

If you find that Dow and/or Rockwell did not prove both of the elements for setoff

by a preponderance of the evidence, then you must find Dow and/or Rockwell failed to

prove this affirmative defense.

On the other hand, if you find that Dow and/or Rockwell proved both elements of

this defense by a preponderance of the evidence, then you must find they proved this

affirmative defense as to the time period or periods you report on the Jury Verdict Form.

If you make this finding, then your findings regarding the pre-existing percentage

diminution in value for the specific time period or periods will be used in a later

proceeding to calculate the amount by which the Plaintiffs' actual damages will be

reduced on account of this defense of setoff.

If you find Dow and/or Rockwell has proved this affirmative defense, then you

must use calm discretion and sound reason, not sympathy, prejudice, or speculation, in

fixing the amount of any pre-existing diminution in Class property values.  Difficulty or

uncertainty in determining the precise amount of any setoff does not prevent you from

deciding an amount.  You should use your best judgment based on the evidence.

71

January 18, 2006

## INSTRUCTION NO. 3.26

Both Claims

Multiple Recovery Prohibited

A plaintiff in a civil action may recover only once for the same injury, even though the plaintiff seeks an award for that injury under several claims for relief or against multiple defendants.  For example, a plaintiff who lost $100 as a result of the conduct of multiple defendants may recover only $100, even if the plaintiff sought $100 in damages from each defendant on one claim, and $100 in damages from each defendant on a different claim.

In this case, Plaintiffs are seeking to recover from Dow and Rockwell on the their claims of trespass and nuisance on behalf of the Class.  Under the rule prohibiting multiple recovery, the Plaintiffs may recover actual damages only once, even if you return verdicts in their favor on more than one claim for relief, or against more than one Defendant.

I am instructing you on the rule prohibiting multiple recovery so that you will be aware of the law on the issue.  It is I, rather than you, however, who will apply the rule. You are specifically instructed to consider the Plaintiffs' nuisance and trespass claims against each Defendant independently.  That is, you are to consider each of those claims as though it were the only claim in the case.  If you find for Plaintiffs on either of these claims against either Dow or Rockwell, you are to write an award of damages on that

72

January 18, 2006

claim without regard to your finding for or against Dow or Rockwell on any other claim. I will apply the rule prohibiting multiple recovery when I issue my judgment on your verdict, whatever that may be.

Perhaps it bears repeating that nothing in this or any other instruction is meant to suggest what your finding on any or all claims should be.  My instructions on damages are only to be applied in the event you find for Plaintiffs on one or more of their claims.

January 18, 2006

## INSTRUCTION NO. 3.27

Both Claims

<u>Punitive Damages</u>

If you find for Plaintiffs and award them actual damages on their claims of trespass and/or nuisance against either Dow or Rockwell or both of them, then you must consider whether you should award punitive damages against the same Defendant or Defendants that you found liable for trespass and/or nuisance.

For Plaintiffs to recover punitive damages, they must prove beyond a "reasonable doubt" that the conduct of the Defendant that committed the trespass and/or nuisance was "wilful and wanton."  In deciding this question with respect to any conduct relating to plutonium or other radioactive materials, you can only consider the Defendant's conduct up to August 20, 1988, including conduct occurring before this date that resulted in harm on or after that date.

"Willful and wanton" conduct means an act or omission purposefully committed by the Defendant in question, who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the Plaintiff Class.

74

January 18, 2006

"Reasonable doubt" means an uncertainty of mind in which your judgment is not at rest and you can explain this uncertainty based on a fair and thoughtful consideration of all of the evidence, or lack of evidence, in the case.

The purpose of punitive damages is not to compensate the Plaintiffs, but rather to punish the Defendant, and to deter that Defendant and others from committing such acts in the future.

If you find beyond a reasonable doubt that one or both of the Defendants acted in a willful and wanton manner, then you may award a reasonable sum as punitive damages against the Defendant or Defendants you found acted in this manner.  The sum you award may not be more than the amount you awarded as actual damages against the Defendant or Defendants.

January 18, 2006

## INSTRUCTION NO. 3.28

<u>Additional Questions</u>

In addition to deciding the issues of trespass, nuisance and damages in this action, I will ask you at the end of the trial to answer several additional questions that will help me and the parties in future proceedings in this case.  The first two questions are related.  They are:

1.  Did it appear on or before January 30, 1990, which is the date this case was filed, that the alleged trespass and/or nuisance by Dow or Rockwell or both of them would continue indefinitely?  In answering this question, "continue indefinitely" means there was no reason to expect that the trespass and/or nuisance would end at any definite time in the future.

2.  If your answer to Question No. 1 is "no," then when did it become apparent that the proven trespass and/or nuisance would continue indefinitely?

The third additional question concerns a form of interference with the use and enjoyment of property.  Plaintiffs assert that one of the ways Dow and Rockwell interfered with Class members' use and enjoyment of their land was by causing individual Class members to suffer fear, anxiety or mental discomfort because of concerns about risks created by Defendants' activities at Rocky Flats.  Because this is a trial of claims by the whole Class, I earlier instructed you <u>not</u> to consider whether individual Plaintiffs or Class members suffered this form of interference in deciding

76

January 18, 2006

whether Plaintiffs had proved their class-wide nuisance claim (see Instruction No. 3.7).

Nonetheless, to assist me and the parties in deciding how to proceed later in this case,

you will be asked to answer the following question:

Have Plaintiffs proved by a preponderance of the evidence that the intentional or

negligent conduct of Dow or Rockwell or both of them at Rocky Flats, and/or

actual or threatened harms caused by such conduct, created a situation that is

capable of causing fear, anxiety or mental discomfort in individual Class

members?

In answering this question, you should know that Plaintiffs do not need to show

that any actual or threatened future contamination from Rocky Flats poses an actual or

verifiable health risk.  An individual Class members' fear, anxiety or mental discomfort

can also be based on concerns that may be without scientific foundation or other support

in fact.

January 18, 2006

## Section 4

## Final Instructions

January 18, 2006

## INSTRUCTION NO. 4.1

<u>Jury Deliberations - General Instructions</u>

Each of you has a copy of the instructions to consult as you find it necessary.  You may keep your copy throughout the trial and in your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts, you must apply and follow the law as I give it to you whether you agree with it or not.  You must base your verdict upon the evidence.  You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means you must decide the case solely on the evidence before you and according to the law as I give it to you.  You have taken an oath promising to do just so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything I may say or do any suggestions as to what verdict you should return.  Your verdict is a matter entirely for you to decide.

Revised January 26, 2006

## INSTRUCTION NO. 4.2

<u>Jury - Deliberations</u>

When you go to the jury room to begin your deliberations, you must elect one member of the jury as your Presiding Juror.  He or she will preside over your deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreements if you can do so.  In order to answer any question on the Verdict Form, eight jurors must agree upon the answer.  It is not necessary that the jurors who agree on the answer be the same jurors who agreed on the answer to any other question, so long as eight jurors agree to each answer.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it with your fellow jurors, and listened to the views of your fellow jurors.  I offer some suggestions on how you might do this in the next jury instruction, entitled "Jury - The Deliberations Process."

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach agreement to answer the questions on the Verdict Form, but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight of the evidence simply to reach an answer.

80

January 18, 2006

## INSTRUCTION NO. 4.3

### Jury - The Deliberations Process

Once you have elected your Presiding Juror as directed by the previous instruction, you are free to proceed as you agree is appropriate.  Therefore, I am not directing you how to proceed, but I offer the following suggestions that other juries have found helpful so that you can proceed in an orderly fashion, allowing full participation by each juror, and arrive at a verdict that is satisfactory to each of you.

First, it is the responsibility of the Presiding Juror to encourage good communication and participation by all jurors and to maintain fairness and order.  Your Presiding Juror should be willing and able to facilitate productive discussions even when disagreements and controversy arise.

Second, the Presiding Juror should let each of you speak and be heard before expressing his or her own views.

Third, the Presiding Juror should never attempt to promote nor permit anyone else to promote his or her personal opinions by coercion or intimidation or bullying of others.

Fourth, the Presiding Juror should make certain that the deliberations are not rushed to reach a conclusion.

If the Presiding Juror you select does not meet these standards, he or she should voluntarily step down or be replaced by a majority vote.

81

January 18, 2006

After you select a Presiding Juror you should consider electing a secretary who will tally the votes, help keep track of who has or hasn't spoken on the various issues, make certain that all of you are present whenever deliberations are under way and otherwise assist the Presiding Juror.   Some juries are tempted at this point to hold a preliminary vote on the case before them to "see where we stand."  It is most advisable, however, that no vote be taken before a full discussion is had on the issue to be voted on, otherwise you might lock yourself into a certain view before considering alternative and possibly more reasonable interpretations of the evidence.  Experience has also shown that such early votes frequently lead to disruptive, unnecessarily lengthy, inefficient debate and ineffective decision-making.

Instead, I suggest the Presiding Juror begin your deliberations by directing the discussion to establishing informal ground rules for how you will proceed.  These rules should assure that you will focus upon, analyze and evaluate the evidence fairly and efficiently and that the viewpoints of each of you is heard and considered before any decisions are made.  No one should be ignored.  You may agree to discuss the case in the order of the questions presented in the special verdict form or in chronological order or according to the testimony of each witness.  Whatever order you select, however, it is advisable to be consistent and not jump from one topic to another.

To move the process of deliberation along in the event you reach a controversial issue, it is wise to pass it temporarily and move on to the less controversial ones and then

82

January 18, 2006

come back to it.  You should then continue through each issue in the order you have agreed upon unless a majority of you agrees to change the order.

It is very helpful, but certainly not required of you, that all votes be taken by secret ballot.  This will help you focus on the issues and not be overly influenced by personalities.  Each of you should also consider any disagreement you have with another juror or jurors as an opportunity for improving the quality of your decision and therefore should treat each other with respect.  Any differences in your views should be discussed calmly and, if a break is needed for that purpose, it should be taken.

Each of you should listen attentively and openly to one another before making any judgment.  This is sometimes called "active listening" and it means that you should not listen with only one ear while thinking about a response.  Only after you have heard and understood what the other person is saying should you think about a response.  Obviously, this means that, unlike TV talk shows, you should try very hard not to interrupt.  If one of your number is going on and on, it is the Presiding Juror who should suggest that the point has been made and it is time to hear from someone else.

You each have a right to your individual opinion, but you should be open to persuasion.  When you focus your attention and best listening skills, others will feel respected and, even while they may disagree, they will respect you.  It helps if you are open to the possibility that you might be wrong or at least that you might change your mind about some issues after listening to other views.

January 18, 2006

Misunderstanding can undermine your efforts.  Seek clarification if you do not understand or if you think others are not talking about the same thing.  From time to time the Presiding Juror should set out the items on which you agree and those on which you have not yet reached agreement.

In spite of all your efforts, it is indeed possible that serious disagreements may arise.  In that event, recognize and accept that "getting stuck" is often part of the decision making process. It is easy to fall into the trap of believing that there is something wrong with someone who is not ready to move toward what may be an emerging decision.  Such a belief is not helpful.  It can lead to focusing on personalities rather than the issues.  It is best to be patient with one another.  At such times slower is usually faster.  There is a tendency to set deadlines and seek to force decisions.  Providing a break or more time and space, however, often helps to shorten the overall process.

You may wish from time to time to express your mutual respect and repeat your resolve to work through any differences.  With such a commitment and mutual respect, you will most likely render a verdict that leaves each of you satisfied that you have indeed rendered justice.

January 18, 2006

## INSTRUCTION NO. 4.4

<u>Communications with the Judge</u>

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the court security officer, signed by one of you.  Do not disclose the content of your note to the court security officer.  No member of the jury should hereafter attempt to communicate with me except by signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  You are not to tell anyone - including me - how the jury stands, numerically or otherwise, until you have reach a verdict or I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort.  Before giving an answer or direction I must first notify counsel and bring them back to the court.  I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer.  If it is improper for me to answer the question, I will tell you that.  Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

January 18, 2006

In some instances jurors request that certain testimony be read to them.  This cannot be done as it is inappropriate for the court to single out testimony.  In those circumstances you must rely upon your own recollection.

Revised January 26, 2006

## INSTRUCTION NO. 4.5

<u>Jury Verdict Form</u>

You will each have copies of a document called a Jury Verdict Form.  You are instructed to answer the questions in each Jury Verdict Form as directed in that form.

In order to answer any question on the Jury Verdict Forms, eight jurors must agree upon the answer.  It is not necessary that the jurors who agree on the answer be the same jurors who agreed on the answer to any other question, so long as eight jurors agree to each answer.

Upon arriving at an agreement, your Presiding Juror will insert each answer on the Jury Verdict Form.  After all of the questions have been answered as directed by the Jury Verdict Form, your Presiding Juror will date Jury Verdict Form, sign it, and then ask all of the other jurors to sign it.

After you have filled out the Jury Verdict Form in this manner, your Presiding Juror should advise the court security officer stationed outside the jury room that you have reached a verdict.

New - January 26, 2006

## INSTRUCTION NO. 4.6

<u>Number of Jurors Necessary to Reach Agreement</u>

Yesterday, I re-read certain instructions to all of you.  As you are aware from a note I sent you that same day in response to a question from you, the instructions I re-read to you are now incorrect in one respect.  That respect is that now that a second juror has been excused, and there are ten of you remaining rather than eleven, it is no longer necessary for nine of you to agree to reach a decision on questions on the verdict form.  Only eight of you must now agree.

Along with this new instruction No. 4.6, I am providing you with revised copies of Instruction Nos. 4.2 and 4.5 that have been corrected to show that the agreement of eight jurors is necessary to answer the questions on the Jury Verdict Form.  You should continue your deliberations with this change in mind.

January 18, 2006

**Section 5**

**Jury Verdict Form**