**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

_____

**DEFENDANTS' MOTION TO PRESERVE JURY NOTES**
_____

Defendants request that the Court preserve all of the notes created or used by the jurors during their deliberations.  Following the verdict, the Court asked the jury a vitally important question—namely, how the jury had calculated punitive damages.[1]  (*See* 2/14/06 Tr. at 10814.) This question was met by an initial period of silence, indicating that nobody on the jury knew the answer.  After that period of silence, the foreman of the jury indicated that the jury "would have to go back and look at notes" in order to answer the question and stood up to do so.  (*Id.*)  After interruption by statements from another juror, however, this Court did not ask a follow-up question and did not ask the jury to retrieve their notes to answer the question.  (*Id.*)  Defendants respectfully submit that the Court's refusal to allow the jurors to use their notes to answer this important question was error.  Defendants respectfully request that the Court preserve the

---

[1] The Court initially declined to ask the question, but then did so.  (*See* 2/14/06 Tr. at 10805.)

notes—not for the truth of what is stated in the notes—but rather as evidence that the jury was prepared to explain the basis of its verdict, but not allowed to do so.

The jury's overall award of $200.2 million in punitive damages against the defendants exceeds and is therefore inconsistent with its award of $176,850,340 in compensatory damages.[2] *See* Colo. Rev. Stat. § 13-21-102 ("The amount of such reasonable exemplary damages shall not exceed an amount which is equal to the actual damages awarded to the injured party."); Jury Instruction 3.27 ("The sum [of punitive damages] you award may not be more than the amount you awarded as actual damages against the Defendant or Defendants."). "Ordinarily, a trial judge should point out apparent inconsistencies in the special verdicts to the jury and ask the jury to resolve the conflict." *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 853 (10th Cir. 2000); *see also* Fed. R. Civ. P. 49(b) ("When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial".)

---

[2] The compensatory damages of approximately $176,850,340 awarded by the jury under both the trespass and nuisance claims can only be awarded once. In providing twice for a $176 million award, the jury followed Instruction 3.26, which instructed them "to write an award of damages [with respect to each claim] without regard to your finding for or against Dow or Rockwell on any other claim," leaving it to the Court to "apply the rule prohibiting multiple recovery" when judgment is issued. This is plain from the jury's determination that the percent diminution in value in commercial properties is 53.03%. Were the trespass and nuisance damages to be added together, this would be tantamount to a jury finding that commercial properties have lost more than 100% of their value, which is impossible. Plaintiffs have conceded as much in the media: "[W]e can't get double damages . . . . So, the actual compensatory number is really $176 million." (Exhibit A, Uproar on Flats Ruling, Rocky Mountain News, Feb. 16, 2006 (quoting plaintiffs' counsel Louise Roselle)). Also, if the $176 million figure were doubled, it would far exceed even the maximum amount of $248 million in compensatory damages that plaintiffs sought. (See 1/18/06 Trial Tr. at 10350 ("[T]he total we believe the evidence supports is $248 million.").)

Here, the Court did recognize this inconsistency when the jury had not yet been dismissed and did initiate the process of asking the jury to resolve this inconsistency. The fact that this inconsistency could not be resolved by reference to the jury verdict form, and the fact that nobody on the jury could resolve this inconsistency without reference to their notes, indicate that the jury's determinations regarding compensatory and punitive damages were inconsistent and were not made in accordance with the law. At the very least, the jury should have been allowed to refer back to the notes that the foreman indicated would be needed to explain how the jury determined punitive damages and possibly resolve the inconsistency. This opportunity has been lost, and no entry of judgment is possible on the jury's internally contradictory verdict. *See Heno*, 208 F.3d at 853 ("This [asking the jury to resolve the conflict] was not done and the alternative is to send the case back for a new trial.").

Defendants do not suggest that the jury's notes by themselves can serve as a substitute for the explanation from the jury itself that Rule 49(b) requires. The preservation of the notes is necessary, however, to establish that the jury was prepared to explain to the Court the basis for its verdict. For this reason, defendants ask that the Court retain and preserve the jury's notes.

Dated:  February 16, 2006                                   Respectfully submitted,


                                                                                     s/ John E. Tangren_____
                                                                                      One of the Attorneys for the Defendants
                                                                                      David M. Bernick
                                                                                       Douglas J. Kurtenbach
                                                                                       Ellen Therese Ahern
                                                                                       Mark J. Nomellini
                                                                                       John E. Tangren
                                                                                       KIRKLAND & ELLIS LLP
                                                                                       200 East Randolph Drive
                                                                                       Chicago, Illinois 60601-6636

Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

5

**CERTIFICATE OF SERVICE**

     I hereby certify that on February 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                    s/ Kari Knudsen_____
                                                    Kari Knudsen (legal assistant)