**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

       **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO
DEFENDANTS' MOTION TO PRESERVE JURY NOTES**
_____

Plaintiffs respectfully submit this memorandum in response to Defendants' Motion to Preserve Jury Notes (Feb. 16, 2006) [Ct. Rec. 2124].

The only actual relief requested in defendants' motion is nondestruction of personal notes taken by jurors during their deliberations. Plaintiffs do not seek destruction of the jurors' notes. Plaintiffs believe it is possible that the notes may be the personal property of the jurors, but plaintiffs have been unable to locate any legal authority on that issue. Nor do plaintiffs know what standard procedures the Court may employ in connection with notes taken by jurors. There appears to be no local rule addressing the question, and plaintiffs can locate no discussion in the Memorandum on Trial and Pretrial Procedures (Dec. 30, 2003) issued by the assigned District Judge in this matter. But certainly, if the jurors have requested or consented to the Court's retention of the notes, plaintiffs have no objection to their entrustment to the Court's safekeeping.

Under Fed. R. Evid. 606(b), however, the notes cannot be used for the purposes defendants contemplate. Rule 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to *any matter or statement occurring during the course of the jury's deliberations* or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. *Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.*

Fed. R. Evid. 606(b) (emphases added). The language of Rule 606(b) is absolute because of the bedrock policy it embodies: protection of the jurors' privacy and the confidentiality of their deliberations. *See generally Tanner v. United States*, 483 U.S. 107, 116-28 (1987).

There is no inconsistency in the verdict. Plaintiffs note that defendants' citations to Fed. R. Civ. P. 49(b) and authorities decided thereunder would be apposite only if the jury had issued a general verdict. It is Rule 49(a) that applies to special verdicts. Plaintiffs will respond to defendants other substantive arguments at the appropriate time, if and when defendants defendants file any motions seeking relief to which those arguments would be germane. The Court need not and should not address those other arguments in this context.

                                                              Respectfully submitted,

Dated: February 24, 2006                s/ Peter Nordberg
                                                      Merrill G. Davidoff
                                                        Peter Nordberg
                                                        Berger & Montague, P.C.
                                                        1622 Locust Street
                                                        Philadelphia, PA 19103
                                                        (215) 875-3000

                                                        Attorneys for Plaintiffs
                                                        And the Class

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and transmitted the document via e-mail to:

      David M. Bernick, Esq.
      Kirkland & Ellis LLP
      200 East Randolph Drive
      Chicago, IL 60601

          and

      Joseph J. Bronesky, Esq.
      Sherman & Howard, LLC
      633 Seventeenth Street, Suite 3000
      Denver, CO 80202

      Attorneys for Defendants

                                        s/ Peter Nordberg
                                        Peter Nordberg