# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

___

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO PRESERVE JURY NOTES

___

Plaintiffs have indicated that they do not oppose defendants' motion to preserve the jury notes. (*See* Pls.' Mem. at 1 ("Plaintiffs do not seek destruction of the jurors' notes."); *id.* ("[P]laintiffs have no objection to their entrustment to the Court's safekeeping.").) But plaintiffs' response makes three observations that merit a reply.

***First***, plaintiffs now assert, with no explanation, that the jury's verdict is consistent and unambiguous.[1] (Pls.' Mem. at 2.) But this Court has already recognized that defendants'

---

[1] Plaintiffs' counsel's own statements to the media belie the claim:

- "The final award is likely to be less because of limits in state and federal law . . . said Louise Roselle, an attorney for some of the plaintiffs."  Ex. A, Megan McCloskey, *Colo. Landowners Win $554M in Nuclear Suit*, N.Y. Times, Feb. 15, 2006.

- "Roselle said that once Senior U.S. District Judge John Kane takes case law and damage caps into account, the verdict probably will be reduced to $352 million."  Ex. B, Alicia Caldwell, Flats Plaintiffs Due $554 Million, *Denver Post*, Feb. 15, 2006.

(Continued…)

questions about damages were legitimate, because the Court agreed (over plaintiffs' repeated objections) to ask the jury how the damages were calculated. (2/14/06 Trial Tr. at 10813 ("How was the calculation [of punitive damages] made[?]").) The jury was prepared to answer the Court's legitimate question, but "ha[d] to go back and look at notes." (*Id.*) But the jury has never been afforded that opportunity.

***Second***, plaintiffs' statement that "the notes cannot be used for the purposes defendants contemplate" under Federal Rule of Evidence 606(b) misses the point. As discussed in the original motion, defendants are not arguing here that "the jury's notes by themselves can serve as a substitute for [an] explanation from the jury itself." (Defs.' Mot. at 3.) The point is the missed opportunity to allow the jury to make use of the notes when the Court (over defendants' objection) did not permit the jurors to access them to answer the Court's question. (2/14/06 Trial Tr. at 10814.) Defendants seek preservation of the record so that the notes may be used to establish that, if the Court ***had*** given jurors that opportunity, the jury was prepared to use the notes to attempt to explain the basis of its verdict. If the notes are not preserved, then defendants will be denied their right to meaningful review on this issue.

In any event, Rule 606(b) does not apply to a jury's clarification of its verdict in response to the court's inquiries, *see Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1192 (10th Cir. 1997) ("questioning aimed at clarifying the verdict" not prohibited by Rule 606(b)); *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1548 n.15 (10th Cir. 1993) (approving of "question[ing] the jury to correct the form of the verdict"), and Rule 606(b) would thus have not

---

- "Additionally, Roselle explained, although the jury also awarded $200 million in punitive damages, punitive damages cannot exceed the compensatory damages under Colorado law." Ex. C, Karen Abbott, Uproar on Flats Ruling, Rocky Mountain News, Feb. 16, 2006.

prevented the jury from referring to the notes for the purpose of providing such clarification of an otherwise inconsistent verdict.

*Third*, plaintiffs point out that "Rule 49(a) applies to special verdicts." In fact, the authority cited in defendants' motion, *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847 (10th Cir. 2000), is a Rule 49(a) case. Plaintiffs do not dispute that under Rule 49(a) as well as under Rule 49(b), an inconsistency in the jury's verdict, left unresolved, invalidates that verdict and warrants a new trial. *See Heno*, 208 F.3d at 853 ("Ordinarily, a trial judge should point out apparent inconsistencies in the special verdicts to the jury and ask the jury to resolve the conflict. This was not done and the alternative is to send the case back for a new trial.") (internal citation omitted).

Dated:  March 6, 2006                                        Respectfully submitted,

                                                             s/ John E. Tangren                    
                                                             One of the Attorneys for the Defendants
                                                             David M. Bernick
                                                             Douglas J. Kurtenbach
                                                             Ellen Therese Ahern
                                                             Mark J. Nomellini
                                                             John E. Tangren
                                                             KIRKLAND & ELLIS LLP
                                                             200 East Randolph Drive
                                                             Chicago, Illinois 60601-6636
                                                             Phone:  312-861-2000
                                                             Fax:    312-861-2200

                                                             Joseph J. Bronesky
                                                             SHERMAN & HOWARD L.L.C.
                                                             633 Seventeenth Street, Suite 3000
                                                             Denver, Colorado 80202
                                                             Phone:  303-297-2900
                                                             Fax:    303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

5

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2006, I caused the foregoing to be served upon the parties listed below via e-mail and overnight mail:

Peter B. Nordberg, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206

blumg@s-d.com


      s/ Kari Knudsen_____
      Kari Knudsen (legal assistant)