**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181-JLK**
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' REQUEST FOR GUIDANCE REGARDING TRIAL EXHIBITS**
_____

Plaintiffs respectfully request the Court's assistance on an issue that has arisen in connection with the trial exhibits.

The originals of the exhibits received in evidence during the trial of this matter have been returned to the parties. Plaintiffs' counsel currently have custody of the exhibits offered by plaintiffs; defense counsel, of the exhibits offered by defendants.

Some exhibits (or copies of exhibits) apparently contain markings that may have been made by jurors during their deliberations. On March 6, 2006, defendants sent to plaintiffs the letter attached as Exhibit A, making demand that the exhibits be preserved in their current form, with any and all markings intact. On March 7, 2006, plaintiffs responded with the letter attached as Exhibit B, indicating that plaintiffs would file a submission requesting the Court's guidance on the issue.

Plaintiffs are uncertain how to proceed. Plaintiffs do not believe that any markings made on the exhibits would be competent or material evidence for any purpose. Plaintiffs have not performed a comprehensive review of the exhibits in plaintiffs' possession to determine what markings there may be, or to evaluate the feasibility of redaction. Plaintiffs do not wish to take any unilateral action that might be regarded as compromising the confidentiality of the jurors' deliberations. Nor, however, do plaintiffs wish to take any unilateral steps that might be seen as spoliative.

Plaintiffs therefore respectfully seek whatever guidance the Court may find it appropriate to afford. Potential courses of action include: (1) the parties' exchange of the exhibits as they are, with any markings intact; (2) redaction of any markings prior to any exchange or further dissemination of the exhibits; and/or (3) the return of the exhibits to the Court, pending such disposition under the Court's auspices as the Court may find suitable.

Plaintiffs will retain plaintiffs' exhibits intact pending guidance from the Court on how to proceed.

Respectfully submitted,

Dated: March 7, 2006

s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
David F. Sorensen
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Attorneys for Plaintiffs
And the Class

# CERTIFICATE OF SERVICE

  I hereby certify that on March 7, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and transmitted the document via e-mail to:

  David M. Bernick, Esq.
  Kirkland & Ellis LLP
  200 East Randolph Drive
  Chicago, IL 60601

    and

  Joseph J. Bronesky, Esq.
  Sherman & Howard, LLC
  633 Seventeenth Street, Suite 3000
  Denver, CO 80202

  Attorneys for Defendants

                s/ Peter Nordberg
                Peter Nordberg