IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

    Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

    Defendants.

---

## ORDER

---

Kane, J.

This matter is before me on Plaintiffs' Request for Guidance Regarding Trial Exhibits, filed March 7, 2006. This request originates in Defendants' March 6, 2006, letter to Plaintiffs asserting that the trial exhibits they have in custody contain notes made by jurors during their deliberations.[1] In this letter, Defendants demanded that Plaintiffs preserve the trial exhibits they have in custody without redacting any juror notes, and that

---

[1] Each side prepared three-ring binders containing the exhibits they had offered that were admitted during trial. These trial exhibit binders and over-sized admitted exhibits were available to the jury during their deliberations. *See* Stipulation Regarding Exhibits (Doc. 2045) (Jan. 23, 2006); Plaintiffs' Rev. Trial Exh. List (Doc. 2053) (Jan. 26, 2006); Defs.' Rev. Admitted Exh. List (Doc. 2054) (Jan. 26, 2006). Following entry of the jury's verdict on February 14, 2006, Plaintiffs and Defendants took custody of their respective trial exhibits as had been previously stipulated. *See* Stipulation Regarding Custody of Exhibits and Depositions (Doc. 2082) (Feb. 2, 2006).

the parties exchange copies of the trial exhibits complete with any juror notes or markings they may contain.  *See id.*, Exh. A.

For the reasons stated in the recent order denying Defendants' Motion to Speak with Juror, I have difficulty envisioning a scenario in which any notes or markings made by jurors on trial exhibits during their deliberations could be competent or admissible evidence regarding the jury's deliberations or its verdict.  *See* Order on Pending Motions (Doc. 2161) (March 13, 2006); *see also* Fed. R. Evid. 606(b).  Even if this were not the case, the assertion that any notes or markings on the trial exhibits were made by jurors also raises authentication issues at this point in time.

For these reasons, I see no reason to require that the trial exhibits be returned to the court for safekeeping, or to issue an order requiring the parties to handle these exhibits in any manner other than what is stated in the stipulation and order regarding the custody of exhibits and depositions.  *See* Doc. 2082.  The parties shall, therefore, maintain the trial exhibits in the form in which they received them after the jury's verdict on February 14 until the time specified in their stipulation.  *See id.*  Absent a showing of good cause, I will not require the parties to exchange copies of any alleged juror notes or markings on the trial exhibits in their custody.  Either party, at its own expense, may inspect and copy the trial exhibits in the possession of the other upon prior arrangement and scheduling.

Any juror notes or markings on trial exhibits are not part of the record in this case, and will not be admitted or received into that record without a demonstration that they are

relevant to a material issue and, as a matter of law, may be considered for the purpose of deciding this issue. No party may include a trial exhibit that has potential juror notes or markings on it in any filing in this court without first filing a motion making this demonstration and producing sufficient evidence that the alleged juror notes or markings are authentic, and receiving permission from me to use the trial exhibit in this action with any juror notes or markings included. The parties may, of course, include "clean" copies of the admitted trial exhibits, that is copies of the admitted trial exhibits that do not include any notes or markings added after the exhibit was admitted at trial, in any filing without complying with these requirements.

Any party that seeks to use juror notes or markings on exhibits in this action shall also, concurrent with its request that these notes or markings be received into the record, provide the opposing party with a copy of all trial exhibits on which it has identified juror notes or markings, along with sufficient information for the opposing party to identify the alleged juror notes or markings on these exhibits. This requirement is intended to allow the opposing party to be on an equal footing in responding to the motion seeking to enter these notes or markings into the record.

IT IS SO ORDERED this 16th day of March, 2006.

s/ John L. Kane
John L. Kane, Senior District Judge
United States District Court
