**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' STATEMENT REGARDING STRICKEN FILING**
_____

On February 1, 2006, this Court struck Defendants' Notice of Filing of Court's Jury Instructions (filed Jan. 31, 2006). Defendants do not seek to challenge the striking of this pleading at this time. It has come to defendants' attention, however, that the court clerk has deleted this electronically-filed pleading from the electronic filing system. Because defendants did not file paper copies of this pleading (pursuant to district procedures), the clerk no longer has a copy of it to include in the trial record.[1] Fed. R. App. P. 10 provides that the record on appeal should include "the original papers and exhibits filed in the district court" with no exception for

---

[1] Defendants obviously understand that the Court did not intend to expunge the pleading from the record completely, which would make it unreviewable. Defendants believe that, prior to the advent of the electronic filing system, the striking of pleadings did not result in their being expunged from the record, because a paper copy of the document was retained notwithstanding the striking.

stricken documents.  In *Phillips v. Girdich*, 408 F.3d 124 (2d Cir. 2005), when "the clerk's office removed [stricken pleadings] from the docket and case file," the Second Circuit stated:

> Because the amended pleadings were 'original papers . . . filed in the district court,' however, they are properly part of the record.  Fed. R.App. P. 10(a)(1).  Fortunately, the clerk's office retained copies of the two amended complaints.  Had it not, effective appellate review of Phillips' claims would have been frustrated . . . .

*Id.* at 127 n.2.

Defendants thus attach a copy of the stricken pleading as Exhibit 1 so that it may be part of the record.  If this Court would prefer resolving this issue in some other fashion, defendants respectfully request the Court's guidance on how to proceed.

Dated:  March 27, 2006                                     Respectfully submitted,


                                                             s/ John E. Tangren                    
                                                             One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Ellen Therese Ahern
Mark J. Nomellini
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

2

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
BERGER & MONTAGUE P.C.
1622 Locust Street
Philadelphia, PA  19103
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                                  s/ Kari Knudsen_____
                                                  Kari Knudsen (legal assistant)