# Exhibit 1 - Part 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

          Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

          Defendants.

_____

**NOTICE OF FILING OF COURT'S JURY INSTRUCTIONS**
_____

      For purposes of completeness of the docket maintained by the clerk, Defendants hereby

give notice that they are filing copies of the jury instructions that this Court has provided to the

parties and/or to the jury in this case as Exhibits A–G to this Notice.

      1.      On October 7, 2005, this Court provided to the parties introductory instructions as

well as substantive instructions on trespass and nuisance (Instruction Nos. 1.1–3.20).  (*See*

10/7/05 Tr. at 271, 320–21.)  This set was supplemented on October 10 when this Court provided

instructions on damages and other matters (Instruction Nos. 3.21–4.5) to the parties.  Instruction

Nos. 1.1–1.11 and 3.1–3.28 were read to the jury on the morning of October 11 just before

plaintiffs began their opening statement.  A copy of this first set of instructions is attached as

Exhibit A.

2.      On December 5, 2005, this Court provided to the parties and read to the jury new Instruction 2.2A regarding the deposition testimony of Dr. James Flynn.  (12/5/05 Tr. at 6325–26.)  A copy of this instruction is attached as Exhibit B.

3.      On January 16, 2006, this Court provided to the parties revised versions of Instruction Nos. 1.4, 1.9, 2.2, 2.2A, 2.3, 2.5, 2.7, 3.1, 3.5, 3.7, 3.9, 3.12, 3.17, 3.22.  These revised instructions are attached as Exhibit C.

4.      On the evening of January 17, 2006, the Court sent an email with new Instruction No. 2.2B, revised Instruction No. 3.5, and new Instruction No. 3.19A to plaintiffs' counsel. Defense counsel did not receive this email at that time because the email was sent to incorrect addresses.  Counsel for defendants did not learn that this Court had added Instruction No. 2.2B and revised Instruction No. 3.5 until plaintiffs' counsel showed these instructions to the jury during their closing argument.  (*See* 12/18/06 Trial Tr. at 10313–14, 10319, 10355–56.)  This Court acknowledged the error, (*see* 12/18/06 Trial Tr. at 10356 ("I am sorry. I can tell you that when people who work for me are handling the e-mail it's done correctly.  When I do it, there is a larger amount of error.")), and Defendants received the remaining additional and revised instructions on the evening of January 18.  (*See* Defs.' Objections to Additional and Revised Jury Instructions, filed 1/19/06, ¶ 2.)  Copies of these instructions are attached as Exhibit D.

5.      On the morning of January 18, 2006, the Court sent an email with new Instruction No. 2.2AA and the jury verdict form to plaintiffs' counsel; defense counsel did not receive this email at that time either because this email was also sent to incorrect addresses.  Defense counsel first learned that this Court had issued a jury verdict form when they received a copy of the jury

verdict form in hard copy form in the courtroom minutes before plaintiffs' closing argument began.  (*See* 12/18/06 Trial Tr. at 10230.)  This Court resent the email attaching the jury verdict form and new Instruction No. 2.2AA to the correct email address for defense counsel in the afternoon of January 18.  (*See* Defs.' Objections to Additional and Revised Jury Instructions, filed 1/19/06, ¶ 1.)  Copies of this new instruction and the jury verdict form are attached as Exhibit E.

7.      On January 26, 2006, the Court provided to the parties and the jury revised Instruction Nos. 4.2 & 4.5 and added Instruction No. 4.6 regarding the number of jurors necessary to reach agreement.  Copies of these instructions are attached as Exhibit F.

8.      A copy of the entire set of instructions, as they currently stand in this matter as of this notice, is attached as Exhibit G.

Dated:  January 31, 2006                     Respectfully submitted,


                                             s/ John E. Tangren
                                             One of the Attorneys for the Defendants
                                             David M. Bernick
                                             Douglas J. Kurtenbach
                                             Ellen Therese Ahern
                                             Mark J. Nomellini
                                             John E. Tangren
                                             KIRKLAND & ELLIS LLP
                                             200 East Randolph Drive
                                             Chicago, Illinois 60601-6636
                                             Phone:  312-861-2000
                                             Fax:      312-861-2200

                                             Joseph J. Bronesky
                                             SHERMAN & HOWARD L.L.C.
                                             633 Seventeenth Street, Suite 3000

Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
c/o Karen M. Markert
Apartments at Denver Place, Apt. 2812
1880 Arapahoe Street
Denver, CO 80202
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

s/ Kari Knudsen_____
Kari Knudsen (legal assistant)

# Exhibit A

October 7, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

     Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL
COMPANY,**

     Defendants.

---

## JURY INSTRUCTIONS

---

**NOTE: The substantive instructions on damages (including prior market discount
defense) and generic causation and final instructions are not included in this set of
instructions. Except for the instructions on these topics, all instructions proposed by
the parties, including the recent supplemental instructions, were considered in
preparing these instructions. An order will be issued memorializing the rulings on
all of the parties' proposed instructions.**

October 7, 2005

# Section 1

## General Instructions

October 7, 2005

**Revised - 10/05**

### INSTRUCTION NO. 1.1

#### Statement of the Case

In order to help you understand this case, I will give you a brief summary of the claims and defenses.

The person or "party" who brings a lawsuit is called the plaintiff. The named plaintiffs in this case are Merilyn Cook, William and Delores Schierkolk, Richard and Sally Bartlett, and Lorren and Gertrude Babb. In actuality, there are thousands of plaintiffs in this case. Because it would not be practical to conduct thousands of trials, these individuals filed this case as a class action. In a class action, a few plaintiffs act as the representatives in court for all of the other class members. I will sometimes refer to this group as the "Plaintiff Class" or simply the "Class."

The members of the Plaintiff Class are persons who owned property in a specific, defined area, known as the "Class Area," near the Rocky Flats Nuclear Weapons Plant on June 7, 1989. That means, only persons who owned property within the Class Area on June 7, 1989, are considered plaintiffs, and only those persons can recover damages if the plaintiffs prevail in this action.

The Rocky Flats Nuclear Weapons Plant ("Rocky Flats") is a government-owned facility located on about 6500 acres sixteen miles northwest of downtown Denver.

2

October 7, 2005

Before operations at Rocky Flats were halted in 1989, nuclear weapons components were manufactured there. The components were fashioned from materials including plutonium, a man-made radioactive element. Other hazardous substances, both radioactive and non-radioactive, were also used or disposed of at Rocky Flats when the plant was in operation.

The defendants in this case are Dow Chemical Company and Rockwell International Corporation. Dow and Rockwell operated the Rocky Flats Nuclear Weapons plant at different times as contractors for the United States Department of Energy. That means, they worked under a contract for the federal government to manage and run the plant. Dow operated the plant between 1952 and 1975, and Rockwell operated the plant from 1975 until 1989.

The plaintiffs make two claims against Dow and Rockwell on behalf of themselves and the rest of the Class. The first claim is for trespass. Trespass is an invasion of a person's property without his permission. Plaintiffs claim Dow and Rockwell caused a trespass because the Class Area is contaminated with plutonium released from Rocky Flats as a result of various accidents, mishaps, and bad environmental practices that occurred during each defendant's period of operation.

Plaintiffs' second claim is for nuisance. A nuisance is something that substantially and unreasonably interferes with another person's use and enjoyment of their land.

3

October 7, 2005

Plaintiffs claim Dow and Rockwell substantially and unreasonably interfered with Class members' use and enjoyment of their properties because plutonium contamination in the Class Area has led to increased health risk and because there is a risk of additional future releases of plutonium and other hazardous substances into the Class Area from the plant site.

Plaintiffs claim that Dow and Rockwell's trespass and nuisance have depressed the value of properties in the Class Area. The Plaintiffs seek damages to compensate the Plaintiff Class for this lost property value. Plaintiffs also seek punitive damages from both Dow and Rockwell.

Defendants deny plaintiffs' claims and contend that they each operated Rocky Flats in a safe and responsible manner. Defendants admit that plutonium from Rocky Flats is present in the Class Area, but dispute that it is located throughout this area or that they are liable for trespass. They also deny that plutonium is present in the Class Area at levels that pose any significant health risk or that there is a threat of future releases of plutonium or other hazardous substances from the Rocky Flats site to the Class Area. Defendants further deny that any interference with Class members' use and enjoyment of property is substantial and unreasonable enough to constitute a nuisance or that they are otherwise liable for nuisance. Finally, Defendants deny that the alleged trespass or nuisance depressed property values in the Class Area or that plaintiffs and the other Class

4

October 7, 2005

members suffered any loss of property value as a result of Defendants' operations at

Rocky Flats.

October 7, 2005

**As stipulated**

## INSTRUCTION NO. 1.2

### Equality of Parties

All persons are equal before the law regardless of race, national origin, citizenship, or even whether the party is a corporation.  I tell you that all parties are equal before the law to remind you that you must base any decision in this case on the law and facts, not outside factors such as race, national origin, citizenship, or corporate status.

6

October 7, 2005

**As stipulated**

## INSTRUCTION NO. 1.3

### Status of a Corporation

All persons are equal before the law. A corporation is considered by the law to be
a person. Corporations are entitled to the same fair and conscientious consideration by
you as any physical person.

Corporations can act only through their officers and employees. Any act or
omission of an officer or employee while acting within the scope of his or her
employment or authority is the act or omission of the corporation.

7

October 7, 2005

**As stipulated**

### INSTRUCTION NO. 1.4

Evidence – General

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you. That is how you will reach your verdict. In doing so, you must follow the law whether you agree with it or not.

At no time during the trial will I suggest what I think your verdict should be nor do I want you to guess or speculate about my views of what verdict you should render. You will decide what the facts are from the evidence that the parties will present to you during the trial. That evidence will consist of the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness; documents and other things received into evidence as exhibits; and any facts on which the lawyers agree or which I may instruct you to accept as true.

The following things are **not** evidence and you must not consider them as evidence in deciding the facts of this case:

1.  Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not

8

October 7, 2005

evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2. Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, I may allow some testimony or exhibits only for a limited purpose, and you must consider such only for that limited purpose.

4. Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses. You are to decide the case solely on the evidence received in this courtroom during the trial.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience. Inferences are deductions or

9

October 7, 2005

conclusions your reason and common sense lead you to draw from the facts established

by the evidence in the case.

10

October 7, 2005

**As stipulated**

### INSTRUCTION NO. 1.5

Evidence – Direct and Circumstantial

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which one can find that another fact exists or is true.

You should consider both kinds of evidence in deciding this case.  It is for you to decide how much weight to give to any evidence, direct or circumstantial.

There are rules of evidence that control what can be received into evidence.  When one lawyer asks a question or offers an exhibit into evidence and another lawyer on the other side thinks that it is not permitted by the rules of evidence, the other lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore such evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

11

October 7, 2005

**Revised**

## INSTRUCTION NO. 1.6

### Filing of a Lawsuit or Pleading

The fact that a plaintiff files a lawsuit is not evidence that the other party did anything wrong. The fact that a plaintiff complains that he has been damaged is not evidence that he has been damaged or that the other party violated the law. You cannot say, "Well, there must be something wrong here or the case would not be in court."

12

October 7, 2005

**As stipulated**

### INSTRUCTION NO. 1.7

Credibility of Witnesses

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe.  You may believe everything a witness says, only part of it, or none of it.

In considering the testimony of any witness, you may consider:

1. The witness's opportunity and ability to see or hear or know the things to which the witness testified;

2. The quality of the witness's memory;

3. The witness's manner while taking the oath and while testifying;

4. Whether the witness had an interest in the outcome of the case or any motive, bias or prejudice;

5. Whether the witness's testimony is contradicted by anything the witness said or did at another time, by the testimony of other witnesses, or by other evidence;

6. How reasonable the witness's testimony was in light of all the evidence; and,

7. Any other facts that bear on believability.

13

October 7, 2005

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.

If you believe a witness has willfully lied regarding any material fact, you have the right to disregard all or any part of that witness's testimony.

14

October 7, 2005

**As stipulated**

### INSTRUCTION NO. 1.8

Burden of Proof - Generally

This is a civil case.  Therefore, the Plaintiffs have the burden of proving their claims by what is called a preponderance of the evidence.  That means that no matter who produces the evidence, when you consider the Plaintiffs' claim in light of all the facts, you believe their claim is more likely true than not true.  To put it differently, if you were to put all of the evidence in favor of the Plaintiffs and all of the evidence in favor of Dow or Rockwell on opposite sides of the scales, Plaintiffs would have to make the scale tip to their side in order for your verdict to be against Dow or Rockwell.  If Plaintiffs fail to meet this burden, your verdict must be for Dow and Rockwell.

In defense to Plaintiffs' claims, Dow and Rockwell have each asserted an affirmative defense, which will be described to you more fully later.  An affirmative defense is more than a denial of the claim.  You should treat Dow and Rockwell's affirmative defenses in the same way you treat the Plaintiffs' claims.  That is, Dow and Rockwell, as the parties asserting the affirmative defense, have the burden of proving that defense by the same standard, that is, of proving that the affirmative defense is more likely true than not true.

15

October 7, 2005

**New - 10/05**

## INSTRUCTION NO. 1.9

### Burden of Proof and Classified Information

In evaluating whether Plaintiffs and Defendants have met their respective burdens on their claims and defenses, you need to know that the law does not require parties to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters to be determined by you from the evidence.  Nor does the law require the parties to produce as exhibits all papers or other things mentioned in the evidence in the case.

This is a law that is uniformly applied in all cases as a matter of practical necessity and common sense.  It is simply not possible for the law to require proof to the degree of absolute certainty.

In this case, the problem of proof is further complicated because of government imposed secrecy concerning activities at the Rocky Flats installation.  The U.S. Department of Energy has classified documents concerning these activities and the resulting classification means that some information is deemed secret and is not available to the public.

16

October 7, 2005

The Department of Energy has made some information concerning Rocky Flats available by a process known as "declassification," meaning that some documents and some parts of documents are no longer considered secret.

You will also see some documents that have been made available by the Department of Energy that contain obliterated or marked out words. This process is called "redaction" and it means that the information removed is not available to us in this trial.

For the reasons I've just given, not only are the parties in this case not required to produce as exhibits all papers or other things mentioned in the evidence, they cannot produce some of these documents and things because the DOE has classified that information as secret. While you may not speculate as to what the unavailable or redacted information might be, you may, but are not required, to infer that such unavailable or redacted information would have been favorable, or unfavorable, to one side or the other in this case.

17

October 7, 2005

**As stipulated**

### INSTRUCTION NO. 1.10

Multiple Defendants

Although there are two defendants in this action, it does not follow from that fact alone that if one defendant is liable to the Plaintiffs, both defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. All instructions I give you govern the case as to each defendant.

18

October 7, 2005

**As stipulated**

## INSTRUCTION NO. 1.11

### Juror Conduct

I will now say a few words about your conduct as jurors.

First, do not talk with one another about this case or about anyone who has anything to do with it until the end of the case when you go the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case and that I have ordered you not to tell them anything else about the case until I have discharged you.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone tries to talk to you, please report it to me immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with the case.

Fifth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own.

19

October 7, 2005

Sixth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Seventh, each of you will have one or more notebooks containing the names of the witnesses and copies of exhibits. You are free to take notes in order to enhance your memory or assist you in recollecting during your deliberations.  I caution you, however, not to become a slave to your notes. It is most important that you observe the witnesses and listen to their testimony. Your note taking should merely assist you.

October 7, 2005

## Section 2.0

## Instructions for Use During Trial

21

October 7, 2005

**As stipulated**

### INSTRUCTION NO. 2.1

Consideration of Deposition Testimony

A deposition is testimony taken under oath before the trial and preserved in writing or on videotape.  Deposition testimony can be read into evidence or shown by videotape. You are to give the same consideration to deposition testimony as to live testimony presented here in the courtroom.  That is, you are to judge the credibility of the witness and determine the weight to be given to the testimony to the best of your ability under the circumstances, as if the witness had been before you on the witness stand when he made the statement under oath.

22

October 7, 2005

**As stipulated**

### INSTRUCTION NO. 2.2

Opinion Evidence and Expert Witnesses

You will hear opinion evidence from people described as experts. People who by knowledge, skill, experience, training or education, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert opinion testimony should be judged just like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinions, and all of the other factors that you consider when determining the credibility of the other witnesses.

Experts generally rely upon some assumptions in developing their opinions. These assumptions are likewise subject to your evaluation and should be considered along with the rest of the evidence.

In resolving the conflict in the testimony of expert witnesses, you should weigh the opinion of one expert against that of another. In doing this, you should consider the qualifications and believability of each witness, the reasons for each opinion and the matter upon which it is based.

23

October 7, 2005

**Revised - 10/05**

## INSTRUCTION NO. 2.3

Charts, Summaries and Graphic Materials

A number of charts, summaries and other graphic materials will be shown to you in order to help explain the facts and documents in evidence in the case. However, such charts, summaries and materials are not in and of themselves evidence or proof of any facts unless they are admitted into evidence. If such materials are not admitted into evidence, and do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

24

October 7, 2005

**New- 10/05**

## INSTRUCTION NO. 2.4

Evidence Regarding FBI Raid and Grand Jury Investigation

It is undisputed that the FBI and a federal grand jury investigated allegations of criminal misconduct by Rockwell at Rocky Flats. The fact that the FBI and grand jury conducted these investigations or investigated certain allegations does not prove that Rockwell committed any particular acts or wrongs at Rocky Flats. You may, however, consider evidence that was collected in the course of these investigations or was presented to the grand jury in determining whether, based on all of the evidence presented in this action, Rockwell acted, or failed to act, in a particular manner as relevant to the trespass and/or nuisance claims against it. In other words, it is up to you to decide what the evidence presented to you proves.

25

October 7, 2005

**Revised- 10/05**

## INSTRUCTION NO. 2.5

Evidence Regarding Rockwell's Plea Agreement

You will hear evidence about the plea agreement between Rockwell and the United States in which Rockwell pled guilty to certain environmental crimes at Rocky Flats. The plea agreement is evidence that Rockwell admitted guilt for the conduct specifically set forth in the plea agreement. This means Rockwell admitted it committed the acts to which it pled guilty, and that no further evidence is required to establish that these acts occurred.

You should not consider the plea agreement or its content, however, or the fact that Rockwell did not plead guilty to additional crimes and that the government did not seek to prosecute Rockwell for any other crimes, in determining whether Rockwell committed any particular conduct at Rocky Flats in addition to the misconduct to which it pled guilty. You should make your determination regarding Rockwell's other alleged conduct based solely on the other evidence presented at this trial.

26

October 7, 2005

**Revised- 10/05**

## INSTRUCTION NO. 2.6

Evidence Regarding Other Civil Lawsuits

You should not consider the fact that either Rockwell or Dow has been involved in other civil lawsuits for the purpose of determining whether Rockwell or Dow engaged in any of the conduct alleged by the class members in this lawsuit. You should make your determinations based solely on the evidence presented at this trial.

27

October 7, 2005

**Revised- 10/05**

## INSTRUCTION NO. 2.7

<u>Evidence of Media Coverage</u>

You will hear evidence of media coverage relating to Dow and Rockwell and their operations at Rocky Flats. Such evidence of media coverage does not establish the accuracy of any statements made by the media. Evidence of media coverage is relevant, however, to public perceptions that may have influenced the market values of properties' in the Class Area.

28

October 7, 2005

# Section 3

## Substantive Instructions

October 7, 2005

**11/04**

## INSTRUCTION NO. 3.1

### Introduction to Plaintiffs' Claims

Plaintiffs assert two claims in this action on behalf of themselves and the Class members. The first is for trespass and the second is for nuisance. Both claims are asserted against both Dow and Rockwell. It is your responsibility to consider and decide each of these claims separately against Dow and Rockwell.

I will now instruct you about these claims and what you must consider in deciding each one. When the instructions I am about to give you apply to more than one claim, I will tell you that. At the end of my instructions on Plaintiffs' two claims, I will talk to you about determination of damages, which applies to both claims.

30

October 7, 2005

**Revised -10/05**
**(formerly No. 3.11)**

### INSTRUCTION NO. 3.2

Trespass Claim

Elements of the Claim of Trespass

The tort of trespass protects a landowner's right to exclusive possession and control of his property, which includes the right to keep the property free from contamination deposited there by others without the landowner's consent.

In this case, Plaintiffs and Defendants have stipulated that Plaintiffs and other Class members owned property in the Class Area as of June 7, 1989. I will sometimes refer to these properties collectively as the "Class Properties." Plaintiffs and Defendants have also stipulated that Plaintiffs and the other Class members do not consent to plutonium being on their properties.

Given these stipulations, in order for the Plaintiffs and the other Class members to recover from either Dow or Rockwell or both of them on their claim of trespass, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.      Plutonium from Rocky Flats is present on the Class Properties (see Instruction No. 3.3).

31

October 7, 2005

2.      Dow or Rockwell or both of them intentionally undertook an activity or

activities that in the usual course of events caused plutonium from Rocky

Flats to be present on the Class Properties (see Instruction No. 3.18).

3.      It appears this plutonium will continue to be present on the Class Properties

indefinitely (see Instruction No. 3.4).

You must consider whether the Plaintiffs have proved each of these elements

against each Defendant.  If you find that an element has not been proved as to a particular

Defendant, then your verdict on the trespass claim must be for that Defendant.  On the

other hand, if you find Plaintiffs have proved all three elements as to a particular

Defendant, then your verdict must be for Plaintiffs and against that Defendant.

32

October 7, 2005

**11/04**
**(formerly No. 3.12)**

### INSTRUCTION NO. 3.3

Trespass Claim

First Element: Presence of Plutonium

The first element of the trespass claim requires that Plaintiffs prove that plutonium is present on the Class Properties. To prove this element, Plaintiffs are <u>not</u> required to show that plutonium is present on the Class Properties at any particular level or concentration, that they suffered any bodily harm because of the plutonium or that the presence of plutonium on the Class Properties damaged these properties in some other way.

33

October 7, 2005

**New -10/05**

## INSTRUCTION NO. 3.4

Trespass Claim

<u>Third Element:  Continuing Trespass</u>

In deciding the third element of Plaintiffs' trespass claim, which is whether it appears that plutonium will continue to be present on Class Properties indefinitely, it is not necessary for you to find that the plutonium will be there forever.  Instead, in deciding this element, you should consider whether there is any reason to expect that the plutonium present on Class Properties will be removed at any definite time in the future.  If you find there is no reason to expect it will be removed by a definite time, then you must find it appears that plutonium will continue to be present on the Class Properties indefinitely.

34

October 7, 2005

**Revised -10/05**
**(formerly No. 3.13)**

## INSTRUCTION NO. 3.5

Trespass Claim

Matters That Are Not Relevant to Deciding the Trespass Claim

A trespass may exist even though the conduct that originally caused the invasion of the plaintiff's land has ceased. Accordingly, in considering whether Plaintiffs have proved the elements of their trespass claim as stated in Instruction No. 3.2, it is irrelevant that Dow and/or Rockwell ceased any such activities before Plaintiffs brought this suit or that the Rocky Flats plant itself is now shut down.

That Plaintiffs or Class members knew or could have known that plutonium was present on their properties when they purchased them is also irrelevant to determining whether Dow or Rockwell are liable for trespass as stated in Instruction No. 3.2.

You should not consider these irrelevant matters in determining the trespass claim.

35

October 7, 2005

**Revised -10/05**

### INSTRUCTION NO. 3.6

Nuisance Claim

Elements of the Nuisance Claim

Plaintiffs claim that Defendants, through their operation of the Rocky Flats plant, caused a nuisance. In order for the Plaintiff Class to recover from either Dow or Rockwell or both of them on their claim of nuisance, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.  Dow or Rockwell or both of them interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these two ways:

    A.  By causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure (see Instruction Nos. 3.7, 3.18); and/or

    B.  By causing objective conditions that pose a demonstrable risk of future harm to the Class Area (see Instruction Nos. 3.7, 3.18);

2.  This interference with Class members' use and enjoyment of their properties was both "unreasonable" and "substantial" (see Instruction Nos. 3.8 - 3.12);

36

October 7, 2005

3.      The activity or activities causing the unreasonable and substantial

interference were either "intentional" or "negligent" (see Instruction

Nos. 3.13 - 3.16); and

4.      It appears the unreasonable and substantial interference with the use and

enjoyment of property caused by Dow and/or Rockwell's intentional or

negligent conduct will continue indefinitely (see Instruction No. 3.17).

You must consider whether the Plaintiffs have proved these elements against each

Defendant. If you find that any one of these elements has not been proved as to a

particular Defendant, then your verdict on the nuisance claim must be for that Defendant.

On the other hand, if you find Plaintiffs have proved each of these elements as to a

particular Defendant, then your verdict on the nuisance claim must be for Plaintiffs and

against that Defendant.

37

October 7, 2005

**Revised -10/05**

## INSTRUCTION NO. 3.7

Nuisance Claim

First Element:  Interference with Use and Enjoyment of Property

The purpose of a nuisance claim is to protect a landowner's right to use and enjoy his property.  Although there are countless ways that a person or company can interfere with this right, for purposes of deciding the first element of the Plaintiff Class' nuisance claim, you may only consider the two possible forms of interference with Class members' use and enjoyment of their property that I stated in Instruction No. 3.6 and will describe further here.

The first possible form of class-wide interference is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure.  To find that Plaintiffs proved this form of interference, you do not need to find that all Class members were exposed to plutonium at the same time or by the same methods or to the same degree or that they all incurred the same level of health risk as a result of exposure to plutonium. It is enough to find for purposes of this form of interference with use and enjoyment of property that all Class members were exposed to plutonium in some way as a result of one

38