# Exhibit 1 - Part 4

# Exhibit G

January 18, 2006

As revised January 26, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-cv-181-JLK**

**MERILYN COOK, et al.,**

 Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL
COMPANY,**

 Defendants.

---

# JURY INSTRUCTIONS

---

January 18, 2006

# Section 1

# General Instructions

.

January 18, 2006

## INSTRUCTION NO. 1.1

### Statement of the Case

In order to help you understand this case, I will give you a brief summary of the claims and defenses.

The person or "party" who brings a lawsuit is called the plaintiff. The named plaintiffs in this case are Merilyn Cook, William and Delores Schierkolk, Richard and Sally Bartlett, and Lorren and Gertrude Babb. In actuality, there are thousands of plaintiffs in this case. Because it would not be practical to conduct thousands of trials, these individuals filed this case as a class action. In a class action, a few plaintiffs act as the representatives in court for all of the other class members. I will sometimes refer to this group as the "Plaintiff Class" or simply the "Class."

The members of the Plaintiff Class are persons who owned property in a specific, defined area, known as the "Class Area," near the Rocky Flats Nuclear Weapons Plant on June 7, 1989. That means, only persons who owned property within the Class Area on June 7, 1989, are considered plaintiffs, and only those persons can recover damages if the plaintiffs prevail in this action.

The Rocky Flats Nuclear Weapons Plant ("Rocky Flats") is a government-owned facility located on about 6500 acres sixteen miles northwest of downtown Denver. Before operations at Rocky Flats were halted in 1989, nuclear weapons components were

2

January 18, 2006

manufactured there. The components were fashioned from materials including plutonium, a man-made radioactive element. Other hazardous substances, both radioactive and non-radioactive, were also used or disposed of at Rocky Flats when the plant was in operation.

The defendants in this case are Dow Chemical Company and Rockwell International Corporation. Dow and Rockwell operated the Rocky Flats Nuclear Weapons plant at different times as contractors for the United States Department of Energy. That means, they worked under a contract for the federal government to manage and run the plant. Dow operated the plant between 1952 and 1975, and Rockwell operated the plant from 1975 until 1989.

The Plaintiffs make two claims against Dow and Rockwell on behalf of themselves and the rest of the Class. The first claim is for trespass. Trespass is an invasion of a person's property without his permission. Plaintiffs claim Dow and Rockwell caused a trespass because the Class Area is contaminated with plutonium released from Rocky Flats as a result of various accidents, mishaps, and bad environmental practices that occurred during each defendant's period of operation.

Plaintiffs' second claim is for nuisance. A nuisance is something that substantially and unreasonably interferes with another person's use and enjoyment of their land. Plaintiffs claim Dow and Rockwell substantially and unreasonably interfered with Class

January 18, 2006

members' use and enjoyment of their properties because plutonium contamination in the

Class Area has led to increased health risk and because there is a risk of additional future

releases of plutonium and other hazardous substances into the Class Area from the plant

site.

Plaintiffs claim that Dow and Rockwell's trespass and nuisance have depressed the

value of properties in the Class Area. The Plaintiffs seek damages to compensate the

Plaintiff Class for this lost property value. Plaintiffs also seek punitive damages from

both Dow and Rockwell.

Defendants deny Plaintiffs' claims and contend that they each operated Rocky

Flats in a safe and responsible manner. Defendants admit that plutonium from Rocky

Flats is present in the Class Area, but dispute that it is located throughout this area or that

they are liable for trespass. They also deny that plutonium is present in the Class Area at

levels that pose any significant health risk or that there is a threat of future releases of

plutonium or other hazardous substances from the Rocky Flats site to the Class Area.

Defendants further deny that any interference with Class members' use and enjoyment of

property is substantial and unreasonable enough to constitute a nuisance or that they are

otherwise liable for nuisance. Finally, Defendants deny that the alleged trespass or

nuisance depressed property values in the Class Area or that plaintiffs and the other Class

4

January 18, 2006

members suffered any loss of property value as a result of Defendants' operations at

Rocky Flats.

January 18, 2006

## INSTRUCTION NO. 1.2

### Equality of Parties

All persons are equal before the law regardless of race, national origin, citizenship, or even whether the party is a corporation. I tell you that all parties are equal before the law to remind you that you must base any decision in this case on the law and facts, not outside factors such as race, national origin, citizenship, or corporate status.

6

January 18, 2006

## INSTRUCTION NO. 1.3

### Status of a Corporation

All persons are equal before the law.  A corporation is considered by the law to be a person.  Corporations are entitled to the same fair and conscientious consideration by you as any physical person.

Corporations can act only through their officers and employees. Any act or omission of an officer or employee while acting within the scope of his or her employment or authority is the act or omission of the corporation.

7

January 18, 2006

## INSTRUCTION NO. 1.4
### (revised)

Evidence – General

It is your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You have heard the evidence, and now it is time for you to decide what the facts are, and then apply those facts to the law I give you.  That is how you will reach your verdict.  In doing so, you must follow the law whether you agree with it or not.

At no time during the trial did I suggest what I think your verdict should be nor do I want you to guess or speculate about my views of what verdict you should render.  You will decide what the facts are from the evidence that the parties have presented during the trial.  That evidence consists of the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness; documents and other things received into evidence as exhibits; and any facts on which the lawyers agreed or which I may instruct you to accept as true.

The following things are **not** evidence and you must not consider them as evidence in deciding the facts of this case:

1.     Statements and arguments by lawyers are not evidence. The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not

8

January 18, 2006

evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.     Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, I have allowed some testimony or exhibits only for a limited purpose, and you must consider such only for that limited purpose. For example, I have instructed you that newspaper articles and other media reports were admitted for the limited purpose of showing that the information contained in these articles was available to the public, but not for the purpose of proving the facts stated in these articles and reports were true. I will remind you of this and other limiting instructions in a few minutes.

4.     Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties

January 18, 2006

or by one of the witnesses. You are to decide the case solely on the
evidence received in this courtroom during the trial.

You are to consider only the evidence in the case. But in your consideration of the
evidence, you are not limited solely to what you see and hear as the witnesses testify.
You are permitted to draw, from facts that you find have been proved, such reasonable
inferences as seem justified in the light of your experience. Inferences are deductions or
conclusions your reason and common sense lead you to draw from the facts established
by the evidence in the case.

January 18, 2006

## INSTRUCTION NO. 1.5

Evidence – Direct and Circumstantial

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is
testimony by a witness about what that witness personally saw or heard or did.
Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from
which one can find that another fact exists or is true.

You should consider both kinds of evidence in deciding this case.  It is for you to
decide how much weight to give to any evidence, direct or circumstantial.

There are rules of evidence that control what can be received into evidence.  When
one lawyer asks a question or offers an exhibit into evidence and another lawyer on the
other side thinks that it is not permitted by the rules of evidence, the other lawyer may
object.  If I overrule the objection, the question may be answered or the exhibit received.
If I sustain the objection, the question cannot be answered and the exhibit cannot be
received.  Whenever I sustain an objection to a question, you must ignore the question
and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you
disregard or ignore such evidence.  That means that when you are deciding the case, you
must not consider the evidence that I told you to disregard.

11

January 18, 2006

## INSTRUCTION NO. 1.6

### Filing of a Lawsuit or Pleading

The fact that a plaintiff files a lawsuit is not evidence that the other party did anything wrong.  The fact that a plaintiff complains that he has been damaged is not evidence that he has been damaged or that the other party violated the law.  You cannot say, "Well, there must be something wrong here or the case would not be in court."

12

January 18, 2006

## INSTRUCTION NO. 1.7

### Credibility of Witnesses

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe.  You may believe everything a witness says, only part of it, or none of it.

In considering the testimony of any witness, you may consider:

1.      The witness's opportunity and ability to see or hear or know the things to which the witness testified;

2.      The quality of the witness's memory;

3.      The witness's manner while taking the oath and while testifying;

4.      Whether the witness had an interest in the outcome of the case or any motive, bias or prejudice;

5.      Whether the witness's testimony is contradicted by anything the witness said or did at another time, by the testimony of other witnesses, or by other evidence;

6.      How reasonable the witness's testimony was in light of all the evidence; and,

7.      Any other facts that bear on believability.

13

January 18, 2006

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.

If you believe a witness has willfully lied regarding any material fact, you have the right to disregard all or any part of that witness's testimony.

January 18, 2006

## INSTRUCTION NO. 1.8

### Burden of Proof - Generally

This is a civil case.  Therefore, the Plaintiffs have the burden of proving their

claims by what is called a preponderance of the evidence.  That means that no matter who

produces the evidence, when you consider the Plaintiffs' claim in light of all the facts,

you believe their claim is more likely true than not true.  To put it differently, if you were

to put all of the evidence in favor of the Plaintiffs and all of the evidence in favor of Dow

or Rockwell on opposite sides of the scales, Plaintiffs would have to make the scale tip to

their side in order for your verdict to be against Dow or Rockwell.  If Plaintiffs fail to

meet this burden, your verdict must be for Dow and Rockwell.

In defense to Plaintiffs' claims, Dow and Rockwell have each asserted an

affirmative defense, which will be described to you more fully later.  An affirmative

defense is more than a denial of the claim.  You should treat Dow and Rockwell's

affirmative defenses in the same way you treat the Plaintiffs' claims.  That is, Dow and

Rockwell, as the parties asserting the affirmative defense, have the burden of proving that

defense by the same standard, that is, of proving that the affirmative defense is more

likely true than not true.

15

January 18, 2006

### INSTRUCTION NO. 1.9

### Burden of Proof and Classified Information

In evaluating whether Plaintiffs and Defendants have met their respective burdens

on their claims and defenses, you need to know that the law does not require parties to

call as witnesses all persons who may have been present at any time or place involved in

the case, or who may appear to have some knowledge of the matters to be determined by

you from the evidence. Nor does the law require the parties to produce as exhibits all

papers or other things mentioned in the evidence in the case.

This is a law that is uniformly applied in all civil cases as a matter of practical

necessity and common sense. It is simply not possible for the law to require proof to the

degree of absolute certainty.

In this case, the problem of proof is further complicated because of government

imposed secrecy concerning activities at the Rocky Flats installation. The U.S.

Department of Energy has classified documents concerning these activities and the

resulting classification means that some information is deemed secret and is not available

to the public. The authority of the Department of Energy to classify information as secret

is firmly established by laws enacted by the Congress of the United States. Neither this

court nor the jury in this case has the authority to decide whether such classification was

proper irrespective of any reasons or allegations made challenging that process.

16

January 18, 2006

The Department of Energy has made some information concerning Rocky Flats available by a process known as "declassification," meaning that some documents and some parts of documents are no longer considered secret. The propriety of these declassification decisions is likewise not a matter to be decided in this action.

You will also see some documents that have been made available by the Department of Energy that contain obliterated or marked out words. This process is called "redaction," which means that the information removed is not available to us in this trial.

For the reasons I've just given, not only are the parties in this case not required to produce as exhibits all papers or other things mentioned in the evidence, they cannot produce some of these documents and things because the Department of Energy has classified that information as secret.

You may not speculate or guess about what the unavailable or redacted information might be. Such unavailable or redacted information might have been favorable, or unfavorable, to one side or the other in this case, but you must confine your evaluation to the evidence presented to you and base your decision solely on the evidence received during trial.

17

January 18, 2006

## INSTRUCTION NO. 1.10

### Multiple Defendants

Although there are two defendants in this action, it does not follow from that fact alone that if one defendant is liable to the Plaintiffs, both defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. All instructions I give you govern the case as to each defendant.

18

January 18, 2006

## INSTRUCTION NO. 1.11

### Juror Conduct

I will now say a few words about your conduct as jurors.

First, do not talk with one another about this case or about anyone who has anything to do with it until the end of the case when you go the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case and that I have ordered you not to tell them anything else about the case until I have discharged you.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone tries to talk to you, please report it to me immediately.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with the case.

Fifth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own.

19

January 18, 2006

Sixth, do not make up your mind about what the verdict should be until after you

have gone to the jury room to decide the case and you and your fellow jurors have

discussed the evidence. Keep an open mind until then.

Seventh, each of you will have one or more notebooks containing the names of the

witnesses and copies of exhibits. You are free to take notes in order to enhance your

memory or assist you in recollecting during your deliberations. I caution you, however,

not to become a slave to your notes. It is most important that you observe the witnesses

and listen to their testimony. Your note taking should merely assist you.

20

January 18, 2006

## Section 2.0

## Instructions for Use During Trial

January 18, 2006

## INSTRUCTION NO. 2.1

### Consideration of Deposition Testimony

A deposition is testimony taken under oath before the trial and preserved in writing or on videotape. Deposition testimony can be read into evidence or shown by videotape. You are to give the same consideration to deposition testimony as to live testimony presented here in the courtroom. That is, you are to judge the credibility of the witness and determine the weight to be given to the testimony to the best of your ability under the circumstances, as if the witness had been before you on the witness stand when he made the statement under oath.

22

January 18, 2006

## INSTRUCTION NO. 2.2

### Opinion Evidence and Expert Witnesses

You have heard opinion evidence from people I held were qualified to testify as experts. People who I found are expert in some field by knowledge, skill, experience, training or education may state their opinions on matters in that field and may also state the reasons for their opinions. Witnesses who I did not identify as expert witnesses are not to be considered experts in any field, even if they have specialized training or advanced degrees.

Expert opinion testimony should be judged just like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinions, and all of the other factors that you consider when determining the credibility of the other witnesses.

Experts generally rely upon some assumptions in developing their opinions. These assumptions are likewise subject to your evaluation and should be considered along with the rest of the evidence.

In resolving the conflict in the testimony of expert witnesses, you should weigh the opinion of one expert against that of another. In doing this, you should consider the qualifications and believability of each witness, the reasons for each opinion and the matter upon which it is based.

January 18, 2006

## INSTRUCTION NO. 2.2AA

### Retention of Expert Witnesses

Some of the expert witnesses from whom you have heard were retained on behalf of Dow and Rockwell, both of whom are corporations, and others were retained on behalf of the Class. In judging the testimony of these expert witnesses, you should remember that all persons are equal before the law regardless of race, national origin, citizenship, or whether the party is a corporation or an individual. All parties involved in this litigation, whether they are individuals or corporations, are entitled to retain and to pay experts.

24

January 18, 2006

## INSTRUCTION NO. 2.2A

### Consideration of Deposition Testimony by Dr. James Flynn

In light of his illness, Dr. James Flynn was unavailable to testify any further in this trial. The live testimony offered by Dr. Flynn on his direct examination therefore was stricken, because the Defendants did not have the opportunity to cross-examine Dr. Flynn on that testimony. You are not to consider Dr. Flynn's live testimony for any purpose.

Dr. Flynn's report is still in evidence. Also, the parties have each designated testimony from Dr. Flynn's earlier deposition to be read into evidence. I instruct you, however, that the Defendants did not have the same opportunity to cross-examine Dr. Flynn at his deposition that they would have had at trial, because one of the purposes of a deposition is to help a party prepare for the witness's cross-examination. In judging the evidence you have received from Dr. Flynn and determining how much weight to give it, you should consider that Defendants did not have a full opportunity to cross-examine Dr. Flynn.

25

January 18, 2006

## INSTRUCTION NO. 2.2B

### Dr. Till's Testimony Regarding Removal of Plutonium

I have stricken from the evidence the testimony of Dr. Till in which he stated or suggested that plutonium present in the Class Area has been removed by bulldozing and other construction and development activities. You are not to consider Dr. Till's testimony on this subject for any purpose.

26

January 18, 2006

## INSTRUCTION NO. 2.3

### Charts, Summaries, Graphic Materials and Demonstrative Exhibits

Counsel have shown you a number of charts, summaries and other graphic materials in order to help explain the facts and documents in evidence in the case. Such charts, summaries and graphic materials are **not** in and of themselves evidence or proof of any facts **unless** they are admitted into evidence.

You have heard me say throughout trial that many of these charts, summaries and graphic materials are admitted "for demonstrative purposes only." This means that these "demonstrative exhibits" are not necessarily based on the evidence presented at trial, and that they may relate solely to arguments or statements or interpretations of evidence by counsel. "Demonstrative exhibits" are **not** evidence and were presented only to assist you in understanding the argument, statement or interpretation being made. All exhibits admitted for this limited purpose will be marked "demonstrative." You should consider "demonstrative exhibits" only as visual aids to understanding counsel's arguments, statements or interpretations of the evidence. You may disregard "demonstrative exhibits" if you do not find them helpful, and must disregard them if the facts, figures or other information they contain do not correctly reflect facts shown by the evidence in the case.

27

January 18, 2006

## INSTRUCTION NO. 2.4

### Evidence Regarding FBI Raid and Grand Jury Investigation

It is undisputed that the FBI and a federal grand jury investigated allegations of criminal misconduct by Rockwell at Rocky Flats.  The fact that the FBI and grand jury conducted these investigations or investigated certain allegations does not prove that Rockwell committed any particular acts or wrongs at Rocky Flats.  You may, however, consider evidence that was collected in the course of these investigations or was presented to the grand jury in determining whether, based on all of the evidence presented in this action, Rockwell acted, or failed to act, in a particular manner as relevant to the trespass and/or nuisance claims against it.  In other words, it is up to you to decide what the evidence presented to you proves.

January 18, 2006

## INSTRUCTION NO. 2.5

### Evidence Regarding Rockwell's Plea Agreement

You have heard evidence about the plea agreement between Rockwell and the United States in which Rockwell pled guilty to certain environmental crimes at Rocky Flats. The plea agreement is evidence that Rockwell admitted guilt for the conduct specifically set forth in the plea agreement. This means Rockwell admitted it committed the acts to which it pled guilty, and that no further evidence is required to establish that these acts occurred.

You should not consider the plea agreement or its content, however, or the fact that Rockwell did not plead guilty to additional crimes and that the government did not seek to prosecute Rockwell for any other crimes, in determining whether Rockwell committed any particular conduct at Rocky Flats in addition to the misconduct to which it pled guilty. You should make your determination regarding Rockwell's other alleged conduct based solely on the other evidence presented at this trial.

January 18, 2006

## INSTRUCTION NO. 2.6

### Evidence Regarding Other Civil Lawsuits

You should not consider the fact that either Rockwell or Dow has been involved in other civil lawsuits for the purpose of determining whether Rockwell or Dow engaged in any of the conduct alleged by the class members in this lawsuit.  You should make your determinations based solely on the evidence presented at this trial.

30

January 18, 2006

## INSTRUCTION NO. 2.7

### Evidence of Media Coverage

You have heard evidence of media coverage relating to Dow and Rockwell and their operations at Rocky Flats.  Such evidence of media coverage does not establish the accuracy of any statements made by the media.  Evidence of media coverage is relevant, however, to public perceptions that may have influenced the market values of properties in the Class Area.

31

January 18, 2006

## Section 3

## Substantive Instructions

January 18, 2006

## INSTRUCTION NO. 3.1

### Introduction to Plaintiffs' Claims

Plaintiffs assert two claims in this action on behalf of themselves and the Class
members. This means Plaintiffs' claims are made and must be proved for the Class as a
whole as stated in the instructions for each claim that I am about to give you. Individual
claims by individual Plaintiffs are not to be decided in this trial.

Plaintiffs' first claim is for trespass and the second is for nuisance. Both claims
are asserted against both Dow and Rockwell. It is your responsibility to consider and
decide each of these claims separately against Dow and Rockwell.

I will now instruct you about these claims and what you must consider in deciding
each one. When the instructions I am about to give you apply to more than one claim, I
will tell you that. At the end of my instructions on Plaintiffs' two claims, I will talk to
you about determination of damages, which applies to both claims.

33

January 18, 2006

## INSTRUCTION NO. 3.2

### Trespass Claim

#### Elements of the Claim of Trespass

The tort of trespass protects a landowner's right to exclusive possession and control of his property, which includes the right to keep the property free from contamination deposited there by others without the landowner's consent.

In this case, Plaintiffs and Defendants have stipulated that Plaintiffs and other Class members owned property in the Class Area as of June 7, 1989. I will sometimes refer to these properties collectively as the "Class Properties." Plaintiffs and Defendants have also stipulated that Plaintiffs and the other Class members do not consent to plutonium being on their properties.

Given these stipulations, in order for the Plaintiffs and the other Class members to recover from either Dow or Rockwell or both of them on their claim of trespass, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.      Plutonium from Rocky Flats is present on the Class Properties (see
        Instruction No. 3.3).

34

January 18, 2006

2.    Dow or Rockwell or both of them intentionally undertook an activity or activities that in the usual course of events caused plutonium from Rocky Flats to be present on the Class Properties (see Instruction No. 3.18).

3.    It appears this plutonium will continue to be present on the Class Properties indefinitely (see Instruction No. 3.4).

You must consider whether the Plaintiffs have proved each of these elements against each Defendant.  If you find that an element has not been proved as to a particular Defendant, then your verdict on the trespass claim must be for that Defendant.  On the other hand, if you find Plaintiffs have proved all three elements as to a particular Defendant, then your verdict must be for Plaintiffs and against that Defendant.

January 18, 2006

## INSTRUCTION NO. 3.3

Trespass Claim

First Element: Presence of Plutonium

The first element of the trespass claim requires that Plaintiffs prove that plutonium is present on the Class Properties. To prove this element, Plaintiffs are <u>not</u> required to show that plutonium is present on the Class Properties at any particular level or concentration, that they suffered any bodily harm because of the plutonium or that the presence of plutonium on the Class Properties damaged these properties in some other way.

36

January 18, 2006

## INSTRUCTION NO. 3.4

Trespass Claim

### Third Element: Continuing Trespass

In deciding the third element of Plaintiffs' trespass claim, which is whether it appears that plutonium will continue to be present on Class Properties indefinitely, it is not necessary for you to find that the plutonium will be there forever. Instead, in deciding this element, you should consider whether there is any reason to expect that the plutonium present on Class Properties will be removed at any definite time in the future. If you find there is no reason to expect it will be removed by a definite time, then you must find it appears that plutonium will continue to be present on the Class Properties indefinitely.

37

January 18, 2006

## INSTRUCTION NO. 3.5

Trespass Claim

Matters That Are Not Relevant to Deciding the Trespass Claim

A trespass may exist even though the conduct that originally caused the invasion of the plaintiff's land has ceased. Accordingly, in considering whether Plaintiffs have proved the elements of their trespass claim as stated in Instruction No. 3.2, it is irrelevant that Dow and/or Rockwell ceased any such activities before Plaintiffs brought this suit or that the Rocky Flats plant itself is now shut down.

That Plaintiffs or Class members knew or could have known that plutonium was present on their properties when they purchased them is also irrelevant to determining whether Dow or Rockwell are liable for trespass as stated in Instruction No. 3.2.

You have also heard argument that plutonium has been removed from properties in the Class Area as a result of bulldozing, soil excavation and other disturbance during real estate construction and development activities in the Class Area. You are to disregard all such argument because I recently ruled that it cannot be presented or considered in deciding the trespass claims. For purposes of deciding the trespass claims, therefore, the notion that plutonium has been removed from the Class Area through development and construction activities is irrelevant.

None of the irrelevant matters described in this instruction should be considered in determining the trespass claim.

38

January 18, 2006

## INSTRUCTION NO. 3.6

### Nuisance Claim

### Elements of the Nuisance Claim

Plaintiffs claim that Defendants, through their operation of the Rocky Flats plant,

caused a nuisance.  In order for the Plaintiff Class to recover from either Dow or

Rockwell or both of them on their claim of nuisance, you must find Plaintiffs have proved

each of the following elements by a preponderance of the evidence:

1.    Dow or Rockwell or both of them interfered with Class members' use and

       enjoyment of their properties in the Class Area in one or both of these two

       ways:

       A.    By causing Class members to be exposed to plutonium and placing

              them at some increased risk of health problems as a result of this

              exposure (see Instruction Nos. 3.7, 3.18); and/or

       B.    By causing objective conditions that pose a demonstrable risk of

              future harm to the Class Area (see Instruction Nos. 3.7, 3.18);

2.    This interference with Class members' use and enjoyment of their

       properties was both "unreasonable" and "substantial" (see Instruction

       Nos. 3.8 - 3.12);

39

January 18, 2006

3.    The activity or activities causing the unreasonable and substantial interference were either "intentional" or "negligent" (see Instruction Nos. 3.13 - 3.16); and

4.    It appears the unreasonable and substantial interference with the use and enjoyment of property caused by Dow and/or Rockwell's intentional or negligent conduct will continue indefinitely (see Instruction No. 3.17).

You must consider whether the Plaintiffs have proved these elements against each Defendant.  If you find that any one of these elements has not been proved as to a particular Defendant, then your verdict on the nuisance claim must be for that Defendant.  On the other hand, if you find Plaintiffs have proved each of these elements as to a particular Defendant, then your verdict on the nuisance claim must be for Plaintiffs and against that Defendant.

40

January 18, 2006

## INSTRUCTION NO. 3.7

Nuisance Claim

First Element:  Interference with Use and Enjoyment of Property

The purpose of a nuisance claim is to protect a landowner's right to use and enjoy

his property.  Although there are countless ways that a person or company can interfere

with this right, for purposes of deciding the first element of the Plaintiff Class' nuisance

claim, you may only consider the two possible forms of interference with Class members'

use and enjoyment of their property that I stated in Instruction No. 3.6 and will describe

further here.

The first possible form of class-wide interference is whether one or both of

Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment

of their properties by causing Class members to be exposed to plutonium and placing

them at some increased risk of health problems as a result of this exposure.  To find that

Plaintiffs proved this form of interference, you do not need to find that all Class members

were exposed to plutonium at the same time or by the same methods or to the same degree

or that they all incurred the same level of health risk as a result of exposure to plutonium.

It is enough to find for purposes of this form of interference with use and enjoyment of

property that the Class members were exposed to plutonium in some way as a result of

one or both Defendants' activities and incurred some increment of increased health risk as

a result.

41

January 18, 2006

There may be some nonresident Class members - that is, Class members who owned property within the Class Area but without living there. If you find that occupancy of their properties *would* have resulted in exposure to plutonium in some way, causing some increment of increased health risk, as a result of one or both Defendants' activities, then you should find that these Class members too suffered an interference with the use and enjoyment of their properties.

The second possible form of interference you must consider in deciding this first element of the Plaintiff Class' nuisance claim is whether one or both of Defendants' activities at Rocky Flats interfered with Class members' use and enjoyment of their properties by creating objective conditions that pose a demonstrable risk of future harm to the Class Area. For example, if plutonium or other hazardous substances present on or in the vicinity of Rocky Flats is at risk of being released to the Class Area -- through natural forces, cleanup activity, the conduct of others and/or accidents -- and could cause harm to properties in the Class Area by increasing the health risk to residents or impairing the future use of their land in some way, then this would be an objective condition that poses a demonstrable risk of future harm to the Class Area.

In order for you to find interference based on the threat or risk of future harm, you also need not find that the future harm *will* occur and affect the whole of the Class Area. You need only find that conditions exist that present the *potential* for such class-wide harm to occur.

42

January 18, 2006

You need not find that all Class members were subject to the same form of interference with use and enjoyment of their properties.  It is enough if you find the Class members were all subject to at least one form of interference described in this instruction, even if some Class members were subject only to the first form of interference, others only to the second, and still others to both.

In deciding whether either or both forms of possible class-wide interference exists, you should not consider whether individual Plaintiffs or Class members are or might be fearful, anxious or otherwise disturbed by any real or perceived risks relating to Rocky Flats and the Defendants' activities there or the conditions they left behind.  Individual reactions to these matters are not relevant to the question of whether a class-wide interference exists.

You also should not consider in deciding this element of the nuisance claim whether Defendants' activities caused any decrease in the value of Class members' properties.  The law does not consider a decrease in property value to be an interference with the use and enjoyment of property.

If you find that Plaintiffs have proved either Dow or Rockwell or both of them interfered with Class members' use and enjoyment of property in one or both of the ways I described in Instruction No. 3.6 and in this instruction, then you must find that Plaintiffs have proved the first element of their nuisance claim with respect to the Defendant or Defendants who caused or contributed to the proven interference.  If, however, you find

43

January 18, 2006

that neither Defendant interfered with Class members' use and enjoyment of property in at least one of these ways, then you must find Plaintiffs have not proved this element of their nuisance claim against either Defendant.