Exhibit B

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

| | |
|---|---|
| MERILYN COOK; WILLIAM SHIERKOLK, JR.; DELORES SHIERKOLK; RICHARD BARTLETT; SALLY BARTLETT; LORREN BABB; GERTRUDE BABB; BANK WESTERN, a Federal Savings Bank; FIELD CORPORATION; MICHAEL DEAN RICE; THOMAS L. DEIMER; RHONDA J. DEIMER; STEPHEN M. SANDOVAL; PEGGY J. SANDOVAL, for themselves and on behalf of all persons similarly situated,<br><br>    Petitioners,<br><br>v.<br><br>ROCKWELL INTERNATIONAL CORPORATION, a Delaware corporation; THE DOW CHEMICAL COMPANY, a Delaware corporation,<br><br>    Respondents. | No. 98-533 |
| ROCKWELL INTERNATIONAL CORPORATION, a Delaware corporation; THE DOW CHEMICAL COMPANY, a Delaware corporation,<br><br>    Petitioners,<br><br>v. | No. 98-534 |

MERILYN COOK; WILLIAM
SHIERKOLK, JR.; DELORES
SHIERKOLK; RICHARD A.
BARTLETT; SALLY BARTLETT;
LORREN BABB; GERTRUDE BABB;
BANK WESTERN, a Federal Savings
Bank; FIELD CORPORATION;
MICHAEL DEAN RICE; THOMAS
L. DEIMER; RHONDA J. DEIMER;
STEPHEN M. SANDOVAL; PEGGY
J. SANDOVAL, for themselves and
on behalf of all persons similarly
situated,

        Respondents.

ORDER
Filed October 8, 1998

Before **BRORBY** and **MURPHY**, Circuit Judges.

Plaintiffs and defendants have filed petitions for permissive interlocutory appeal, under 28 U.S.C. § 1292(b) and Fed. R. App. P. 5, of rulings made by the district court on July 28, 1998, and certified for appeal on August 27, 1998.

The avoidance of "wasted trial court time is the sole purpose of § 1292(b)." Utah ex rel. Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994) (citation omitted). The court of appeals may, in its discretion, permit an appeal to be taken from an order which the district court certifies as

"involv[ing] a controlling question of law as to which there is substantial ground for difference of opinion" and states that an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The statutory criteria that guide the district court do not directly apply to the court of appeals, but they serve to inform the court in deciding whether to accept a properly certified appeal. See Heddendorf v. Goldfine (In re Heddendorf), 263 F.2d 887, 889 (1st Cir. 1959).

Upon review of the petitions for leave to appeal filed by plaintiffs, in case No. 98-533, and by defendants, in case No. 98-534, we determine that interlocutory appeal is not warranted. Therefore, the petitions are denied.

> Entered for the Court
> PATRICK FISHER, Clerk
>
> By *[signature]*
> Deputy Clerk