**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

No. 90-CV-00181-JLK

**MERILYN COOK, et al. ,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

**PLAINTIFFS' MOTION TO AMEND THE CAPTION OR THE COMPLAINT,
OR IN THE ALTERNATIVE, TO SUBSTITUTE ROCKWELL'S SUCCESSOR
COMPANIES AS PARTIES IN INTEREST**

Plaintiffs hereby move pursuant to Federal Rule of Civil Procedure 15 to amend the caption or the complaint in order to substitute Rockwell Automation, Inc., The Boeing Company, ArvinMeritor, Inc., Conexant Systems, Inc., and/or Rockwell Collins, Inc., for defendant Rockwell International Corporation. In the alternative, plaintiffs move pursuant to Rule 25 to substitute these companies as parties-in-interest. In support of this Motion, plaintiffs aver as follows:

    1.    <u>Rockwell Automation.</u>  In 1996, Rockwell International merged with Boeing in order to sell its defense and aerospace businesses. In connection with the merger, the surviving company, known as the "new" Rockwell International, agreed to assume all liability for the Rocky Flats Plant.

*See* Proxy, filed Nov. 1, 1996, p. 39 (attached as Ex. 1).[1]  In 2002, Rockwell International – after spinning off a number of other divisions – renamed itself Rockwell Automation.  *See* Rockwell Automation Form 10Q, filed May 7, 2002, p. 19 (attached as Ex. 2).  Rockwell Automation has publicly stated that it is the successor to Rockwell International.  *See* Rockwell Automation, 2005 Annual Report, at p. 11 (attached as Ex. 3) ("The Company was incorporated in Delaware in 1996 and is the successor to the former Rockwell International Corporation ...").  The company's latest 10K report specifically mentions the Rocky Flats litigation and states that the company expects the DOE to fully indemnify it for any liability.  *See* 2005 Annual Report, at p. 11 (Ex. 3).

2.      <u>Boeing</u>.  The Boeing Corporation merged with the former Rockwell International in order to acquire its defense and aerospace division – the same division that managed Rocky Flats.  The transaction was structured as follows:  Rockwell contributed its business and assets relating to every division except defense and aerospace to a newly-formed subsidiary of Rockwell, called "New Rockwell," which was later renamed "Rockwell International."  "Old Rockwell," which then

---

[1] The exact language reads as follows:

> The Distribution Agreement further provides that the liabilities of the Company to be assumed by New Rockwell and one of the Operating Subsidiaries (the "Assumed Liabilities") include the following:
>
> * * *
>
> (vii) all liabilities of the Company or any of its subsidiaries (including certain environmental liabilities) arising out of or relating to (A) the Rocky Flats Plant, Golden, Colorado . . .

Proxy (Ex. 1) at p. 39.

*Plaintiffs' Motion to Amend the Caption or to Substitute Rockwell Successors– Page 2*

consisted of only the defense and aerospace businesses, merged with Boeing. The defense and aerospace businesses became known as Boeing North American, Inc., a subsidiary of Boeing. *See* Rockwell International Corp. proxy statement, filed Nov. 1, 1996, p. 2 ( Ex. 1). Boeing later merged its defense business into Integrated Defense Systems, which Boeing's web site describes as a "business unit" of The Boeing Company. *See* <http://www.boeing.com/biz_unit.html> (copy attached as Ex. 4). Thus it appears the former defense business of Rockwell was re-merged back into Boeing.

3.  <u>ArvinMeritor, Conexant, and Rockwell Collins.</u>  After the Boeing merger, Rockwell gradually spun off its remaining divisions. Meritor, now ArvinMeritor (automotive business) spun off in 1997, Conexant (semiconductor business) in 1998, and Rockwell Collins in 2001. See <http://www.rockwellautomation.com/about_us/history.html> (copy attached as Ex. 5). After this breakup, the remainder of Rockwell International was renamed Rockwell Automation. Thus, the former Rockwell International has been broken up into no less than five companies: ArvinMeritor, Conexant, Rockwell Collins, Rockwell Automation, and Boeing.

4.  Amending the caption pursuant to Rule 15, or alternatively, amending the complaint, will not prejudice any defendant. At this stage of the case, plaintiffs' Motion is a mere formality. Rockwell International has been continually represented and has defended this litigation through the present day. Courts have readily granted motions to amend the caption or the complaint pursuant to Rule 15 in similar circumstances, where a party already before the court was the proper party by virtue of a merger or name change. *See Barrett v. Qual-Med, Inc.*, 153 F.R.D. 653 (D. Colo. 1994) (granting plaintiff's motion to amend the caption under Rule 15); *Mitchell v. CFC Financial LLC*,

230 F.R.D. 548, 550-51 (E.D. Wis. 2005) (allowing plaintiff to amend complaint where defendant had undergone merger shortly before plaintiff filed, but plaintiff failed to discover fact of merger until later); *MK Sys., Inc. v. Schmidt*, No. 04 Civ.8106, 2005 WL 590665 (S.D.N.Y. Mar. 10, 2005) (granting plaintiff's motion to amend the caption to reflect plaintiff's corporate name change); *In re Tremont Corp.*, 143 B.R. 989, 991 (W.D.N.Y. 1992) (granting plaintiff's motion to amend caption to reflect defendant's name change).

5.   Plaintiff's alternative relief, substituting successor companies as parties in interest under Rule 25, is equally reasonable. Courts have readily allowed substitutions of successor corporations even after a judgment has been entered. *See Doyle v. Trinity Savings & Loan Assoc.*, 940 F.2d 592, 593 n.2 (10th Cir. 1991) (granting motion to substitute as party in interest a company that was the successor to an original defendant by merger and name change); *Panther Pumps & Equipment v. Hydrocraft, Inc.*, 566 F.2d 8, 25 (7th Cir. 1977), cert. denied, 435 U.S. 1013 (1978) (granting motion to substitute corporate successor in interest after judgment had been entered); *Liberty Mutual Fire Ins. v. Human Resources Companies, Inc.*, 94 P.3d 1257, 1259 (Colo. Ct. App. 2004) (same).

6.   On May 2, 2006, Peter Nordberg, counsel for plaintiffs, telephoned Douglas Kurtenbach, counsel for defendants, in an attempt to meet and confer as required by District of Colorado Local Civil Rule 7.1A. Mr. Nordberg informed Mr. Kurtenbach that plaintiffs intended to file the instant Motion and asked Mr. Kurtenbach whether his clients would agree to narrow the list of potential successors under consideration or whether he could secure a legally binding agreement that one of those entities is, in fact, the proper successor to Rockwell International. Mr.

Nordberg forwarded to Mr. Kurtenbach via e-mail a list of the proposed Rockwell successors (namely, Rockwell Automation, Boeing, ArvinMeritor, Conexant, and Rockwell Collins, the entities named in this Motion), and a copy of the Rockwell Automation annual report attached as Exhibit 3 to this Motion.  Defendants have not reported their position to plaintiffs by the time this Motion was filed.

For the foregoing reasons, plaintiffs respectfully request that the Court enter an Order amending the caption or (alternatively) allowing plaintiffs to file an amended complaint to name Rockwell Automation, Boeing, ArvinMeritor, Conexant, and Rockwell Collins; or in the alternative, an Order substituting these companies as parties in interest.

                              Respectfully Submitted,

Dated: May 5, 2006                   s/   Jennifer MacNaughton
                                     Merrill G. Davidoff
                                     Peter Nordberg
                                     Jennifer MacNaughton
                                     Berger & Montague, P.C.
                                     1622 Locust Street
                                     Philadelphia, PA 19103
                                     (215) 875-3000
                                     fax (215) 875-4604
                                     jmacnaughton@bm.net

                                     *Attorneys for Plaintiffs*
                                     *And the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

>David M. Bernick, Esq.
>Kirkland & Ellis LLP
>200 East Randolph Drive
>Chicago, IL 60601
>
>and
>
>Joseph J. Bronesky, Esq.
>Sherman & Howard, LLC
>633 Seventeenth Street, Suite 3000
>Denver, CO 80202
>
>Attorneys for Defendants

I also certify that on this date, I initiated the procedures that have caused or will cause the foregoing to be served on the following parties, in accordance with Federal Rule of Civil Procedure 4(h):

>Rockwell Automation, Inc.
>777 E. Wisconsin Ave., Suite 1400
>Milwaukee, WI  53202
>
>The Boeing Company
>100 N. Riverside Plaza
>Chicago, IL  60606-1596
>
>Rockwell Collins, Inc.
>400 Collins Road, NE
>Cedar Rapids, IA  52498
>
>ArvinMeritor, Inc.
>2135 W. Maple Rd.
>Troy, MI  48084-7186

      Conexant Systems, Inc.
      400 MacArthur Blvd.
      Newport Beach, CA  92660

                                    s/   Jennifer MacNaughton
                                   Jennifer MacNaughton