

# 2005 Annual Report and Form 10-K





LISTEN. THINK. SOLVE.℠




ALLEN-BRADLEY • ROCKWELL SOFTWARE • DODGE • RELIANCE ELECTRIC    **Rockwell Automation**

**Item 3.** *Legal Proceedings*

*Rocky Flats Plant.* On January 30, 1990, a civil action was brought in the United States District Court for the District of Colorado against us and another former operator of the Rocky Flats Plant (the Plant), Golden, Colorado, that we operated from 1975 through December 31, 1989 for the Department of Energy (DOE). The action alleges the improper production, handling and disposal of radioactive and other hazardous substances, constituting, among other things, violations of various environmental, health and safety laws and regulations, and misrepresentation and concealment of the facts relating thereto. The plaintiffs, who purportedly represent two classes, sought compensatory damages of $250 million for diminution in value of real estate and other economic loss; the creation of a fund of $150 million to finance medical monitoring and surveillance services; exemplary damages of $300 million; CERCLA response costs in an undetermined amount; attorneys' fees; an injunction; and other proper relief. On February 13, 1991, the court granted certain of the motions of the defendants to dismiss the case. The plaintiffs subsequently filed a new complaint, and on November 26, 1991, the court granted in part a renewed motion to dismiss. The remaining portion of the case is pending before the court. On October 8, 1993, the court certified separate medical monitoring and property value classes. Trial began on October 11, 2005. Effective August 1, 1996, the DOE assumed control of the defense of the contractor defendants, including us, in the action. Beginning on that date, the costs of our defense, which had previously been reimbursed to us by the DOE, have been and are being paid directly by the DOE. We believe that we are entitled under applicable law and our contract with the DOE to be indemnified for all costs and any liability associated with this action.

On November 13, 1990, we were served with another civil action brought against us in the same court by James Stone, claiming to act in the name of the United States, alleging violations of the U.S. False Claims Act in connection with our operation of the Plant (and seeking treble damages and forfeitures) as well as a personal cause of action for alleged wrongful termination of employment. On August 8, 1991, the court dismissed the personal cause of action. On December 6, 1995, the DOE notified us that it would no longer reimburse costs incurred by us in defense of the action. On November 19, 1996, the court granted the Department of Justice leave to intervene in the case on the government's behalf. On April 1, 1999 a jury awarded the plaintiffs approximately $1.4 million in damages. On May 18, 1999, the court entered judgment against us for approximately $4.2 million, trebling the jury's award as required by the False Claims Act, and imposing a civil penalty of $15,000. If the judgment is affirmed on appeal, Mr. Stone will also be entitled to an award of attorneys' fees but the court refused to award fees until appeals from the judgment have been exhausted. On September 24, 2001, a panel of the 10th Circuit Court of Appeals affirmed the judgment. On November 2, 2001, we filed a petition for rehearing with the Court of Appeals seeking reconsideration of that portion of the decision holding that the relator, Mr. Stone, is entitled to an award of attorneys' fees. On March 4, 2002, the Court of Appeals remanded the case to the trial court for the limited purpose of making findings of fact and conclusions of law pertaining to Mr. Stone's relator status and, the trial court having made findings of fact on the issue, on March 15, 2004, a panel of the Court of Appeals again ruled that Mr. Stone is entitled to an award of attorneys' fees. We believe that ruling is in error and have petitioned the 10th Circuit Court of Appeals for en banc review. We believe that we are entitled under applicable law and our contract with the DOE to be indemnified for all costs and any liability associated with this action, and intend to file a claim with the DOE seeking reimbursement. We believe that an outcome adverse to us will not have a material effect on our business or financial condition.

On January 8, 1991, we filed suit in the United States Claims Court against the DOE, seeking recovery of $6.5 million of award fees that we allege are owed to us under the terms of our contract with the DOE for management and operation of the Plant during the period October 1, 1988 through September 30, 1989. On July 17, 1996, the government filed an amended answer and counterclaim against us alleging violations of the U.S. False Claims Act previously asserted in the civil action described in the preceding paragraph. On May 4, 2005, we filed another claim with the DOE, seeking recovery of $11.3 million in unreimbursed costs incurred in defense of the Stone suit described in the preceding paragraph. On September 30, 2005, the DOE denied that claim, a denial we intend to appeal, and simultaneously filed a motion in the Court of Claims suit seeking leave to amend its answer and counterclaim to seek repayment of $4 million in previously reimbursed Stone