IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-K-181**

**MERILYN COOK, et al.,**

    Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

    Defendants.

_____

**ORDER**
_____

Kane, J.

    This matter is before me on Defendants' Renewed Motion for Mistrial (Docs. 2174 (sealed version) and 2175 (redacted version), filed May 9, 2006. As an initial matter, the Motion is subject to denial without prejudice for failure to comply with D.C.COLO.LCiv.R 7.1A, this District's Local Rule mandating good faith efforts to confer and resolve matters inherent in a proposed motion before the motion is filed. The Rule is more than an incantation to blind formalism; it is a mandatory prerequisite that requires counsel, as officers of the court, to attempt to resolve or tailor any number of legal, factual or procedural issues a proposed motion raises, and may include agreements regarding efficiencies in briefing or the protection of client or juror confidentiality.

However, because any refiling of Defendants' Motion would be futile in this instance, I proceed to the merits and DENY the Motion.

As an acknowledged "renewal" of an attempt to obtain a mistrial that has already been vetted and rejected, *see* Order dated March 13, 2006 (Doc. 2161) (amended April 18, 2006 *nunc pro tunc* to March 13, 2006 (*see* Attach. 1 to Doc. 2168) slip op. at 9, n. 6, Defendants' filing raises no new issues with respect to the departure of Juror X from the jury as grounds for a pre- or post-verdict mistrial.[1] The two juror affidavits submitted with the Motion fail under the most liberal reading of FRE 606(b) to state grounds for admissibility as evidence of any *legally cognizable* problem with the jury deliberations process and most certainly fail to establish grounds for declaring a post-verdict mistrial, effective retroactively to three weeks before the verdict, based on subjectively perceived events that occurred during the first thirty-six hours of a deliberations process that was ratified by Defendants and challenged again only after they received an adverse verdict.

The danger posed by Defendants' initial request to inquire into jurors' mental processes is underscored now that Defendants have succeeded in obtaining statements from two of the ten jurors purporting to describe some of them. Now, "pro"-Plaintiff jurors may emerge to counter the assertions of the "pro"-Defendant jurors. The press will likely seek to contact those who do not step forward. One need only look as far as the headlines out of Chicago and the debacle surrounding current inquiries into the jurors'

---

[1] To the extent the Motion challenges evidentiary and related pretrial and trial rulings, these matters are more properly the subject of motions under Rules 59 and/or 60 and are premature at this point.

deliberations in the criminal case involving the former Illinois governor in Chicago to understand the dangers posed by Defendants' efforts to utilize these juror statements and why Congress and the Supreme Court have barred this practice.[2]

The admonition of the Supreme Court in *Tanner* bears iteration:

> [I]f parties were allowed to use the testimony of jurors to attack verdicts, '[j]urors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict.  If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation – to the destruction of all frankness and freedom of discussion and conference.'

*Tanner v. United States*, 483 U.S. 107, 120 (1987)(quoting *McDonald v. Pless*, 238 U.S. 264, 267-68 (1915)).

Finally, I draw attention to additional cases decided under *Tanner* that contradict the polemical assertion by Defendants that any internal juror rancor in this case "mandated" either a judicial inquiry on January 25 when it arose or a mistrial now.  The Seventh Circuit has expressly rejected the assertion that district courts must hold a hearing to address claims of improper behavior by jurors, specifically including a claim

---

[2]  *See U.S. v. Warner and Ryan*, No. 02 CR 506 (E.D. Ill.).  In that case, U.S. Attorney Patrick Fitzgerald, citing, among others things, my March 13, 2006 Order denying Defendants' request to interview jurors here, successfully objected to similar motions of defense counsel in an articulate defense of finality, fundamental fairness and the protection of the judicial process itself.  *See* Govt.'s Resp. in Opposition to Ryan's Mot. for Leave to Talk to Jurors Ezell and McFadden (Doc. 786) filed 4/25/2006.  The "'fishing expedition,'" Mr. Fitzpatrick argued "would surely not end with [jurors]  Ezell and McFadden."  Govt.'s Br. at 3.  "In the face of further accusations by Ezell or McFadden, other jurors would face the choice of standing silent while their integrity or motives were impugned, or make denials and engage in public mudslinging."  *Id.*  This is precisely what will happen here if an end is not swiftly and forcefully put to it.  I note Ryan's Motion was denied by Minute Entry dated April 26, 2006 (Doc. 787).

of "extreme and excessive pressure on individuals to change votes." *See United States v. Ford*, 840 F.2d 460, 465 (7th Cir. 1988), *superseded on other grounds by United Sates v. Guerrero*, 894 F.2d 261 (7th Cir. 1990). Also note determinations that Rule 606(b) precludes reliance on juror worksheets to support claim that jurors based verdict on incorrect facts, *see United States v. Sblendorio*, 830 F.2d 1382, 1389-90 (7th Cir. 1987), and that Rule 606(b) is "designed to protect the entirety of the jury's deliberative process, including arguments, statements, discussions, mental and emotional reactions, and votes." *Wiedemann v. Galiano*, 722 F.2d 335, 337 (7th Cir. 1977)(citing Advisory Committee Notes).

Each of the authorities by which counsel and I are bound have prohibited the consideration of juror statements regarding the internal deliberations process requested by Defendants. The Congress did so when it codified the long standing common law rules against it and enacted Rule 606(b), *see* S. Rep. No. 9301277, p. 13 (1974), U.S.Code Cong. & Admin.News 1974, p. 7051; the United States Supreme Court reiterated and applied the Rule and the common law underlying it in *Tanner v. United States*, 483 U.S. 107 (1987); and the Tenth Circuit Court of Appeals has applied the Rule in numerous rulings since. *See United States v. Voight*, 877 F.2d 1464 (10th Cir. 1989)(discussing cases). Further indifference to this clearly established law by counsel for either side on the issue will be deemed sanctionable.

Because Defendants' "Renewed Motion" and the affidavits attached to it offer no grounds for mistrial not already considered and rejected in my March 13, 2006 Order,

there is no need for any written response by Plaintiffs to it.  Defendants' Renewed Motion for Mistrial is DENIED.

Dated this 10th day of May, 2006.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE