**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.
_____

**CERTIFICATE OF COMPLIANCE WITH MEET AND CONFER
REQUIREMENT OF THE COURT'S MAY 8 AND 24, 2006 ORDERS**
_____

      Defendants hereby submit this certificate demonstrating compliance with the Court's May 8 and 24, 2005 orders requiring the parties to meet and confer.

      1.      On June 1, 2006, at 12:00 p.m. Central time, defense counsel (including David Bernick, Douglas Kurtenbach, Ellen Ahern and Mark Nomellini) participated in a telephonic meet and confer conference with plaintiffs' counsel (including Merrill Davidoff, Peter Nordberg, David Sorenson, and Jenna McNaughton Wong).  The telephone conference lasted approximately one hour, during which time the parties discussed and attempted to reach agreement on issues raised by plaintiffs' May 5, 2006 Rockwell Successor Motion and May 4, 2006 Motion for Entry of Judgment.

      2.      The parties conferred with regard to the plaintiffs' May 5 Rockwell Successor Motion.  Defendants informed plaintiffs that matters related to Rockwell International

Corporation's corporate identity raised by the motion were largely governed by a series of corporate transactional documents involving, in total, five separate corporate entities.  Defense counsel explained the difficulties they had experienced in opening the lines of communication with and within these entities.  Defense counsel had contacted those representatives of the various entities at issue, however, and so informed plaintiffs' counsel.  Defendants reported that several of these entities had no historical connection whatsoever to the litigation and that it took significant time for the organizations to identify the people within each organization who would have responsibility for dealing with the matter.  Defendants explained that the entities were still reviewing the issues raised by the motion and relevant documents in order to come to an understanding of the situation and formulate positions on the matter.  Defendants also informed plaintiffs that they had identified documents related to the transactions.  Defendants agreed to promptly furnish plaintiffs with copies of documents that relate to the issues raised by the motion (and defendants have done so).  The parties further agreed that after plaintiffs had had sufficient time to review the documents, some time during the week of June 5, they would reconvene to discuss the various transactional documents and, at that time, the parties would continue their discussion of the issues raised by the motion.  The parties also discussed plaintiffs' motivation in bringing this motion which plaintiffs articulated as being to identify the entity against which any judgment could be executed.

   3.  Defendants also conferred with plaintiffs regarding plaintiffs' May 4 Motion for Entry of Judgment.  Defendants informed plaintiffs that defendants intend to move for judgment under Rule 50(b) and for a new trial under Rule 59.  Defendants further informed plaintiffs that, even assuming arguendo that those motions are denied, and without the benefit of seeing the

2

Court's forthcoming opinions (which the Court has indicated may assist the parties on this issue) defendants oppose plaintiffs' request to have judgment entered under Rule 54(b).  Defendants further identified for plaintiffs specific areas of disagreement with the relief sought by plaintiffs, including that one reason why judgment under Rule 54(b) could not be entered was that no one claim has been sufficiently adjudicated to satisfy Rule 54(b)'s requirements.  Defendants also informed plaintiffs of defendants' position that nothing in plaintiffs' motion papers, including plaintiffs' proposed allocation plan, overcame these problems.  Defendants also explained that they did not believe that plaintiffs were entitled to prejudgment interest.  The parties did not reach agreement on this motion.

Dated:  June 2, 2006                                            Respectfully submitted,


                                                                s/ John E. Tangren
                                                                One of the Attorneys for the Defendants
                                                                David M. Bernick
                                                                Douglas J. Kurtenbach
                                                                Ellen Therese Ahern
                                                                Mark J. Nomellini
                                                                John E. Tangren
                                                                KIRKLAND & ELLIS LLP
                                                                200 East Randolph Drive
                                                                Chicago, Illinois 60601-6636
                                                                Phone:  312-861-2000
                                                                Fax:     312-861-2200

                                                                Joseph J. Bronesky
                                                                SHERMAN & HOWARD L.L.C.
                                                                633 Seventeenth Street, Suite 3000
                                                                Denver, Colorado 80202
                                                                Phone:  303-297-2900

Fax:	303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

        I hereby certify that on June 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
BERGER & MONTAGUE P.C.
1622 Locust Street
Philadelphia, PA  19103
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                                        s/ Kari Knudsen_____
                                        Kari Knudsen (legal assistant)