IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-cv-181

---

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        **v.**

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**

---

**PLAINTIFFS' STATEMENT REGARDING
"DEFENDANTS' RENEWED AND NEW MOTION FOR MISTRIAL"
AND REQUEST FOR BRIEFING SCHEDULE**

---

On February 14, 2006, the jury issued its verdict in this case. Immediately thereafter, at sidebar, defense counsel reported a premonition. "I am sure," he said, "that at some point we are going to be talking with [Juror X]." Defendants' counsel called that outcome "inevitable." *See* Tr. (Feb. 14, 2006) at 10810.

Defense counsel did not have to wait long for his prophecy to come to pass. The precise date of initial contact between defendants and Juror X remains undisclosed, but reportedly it occurred sometime in April of this year, at least three weeks prior to the filing of defendants' *last* "renewed" motion for mistrial.[1] Juror X's affidavit evidently could not be finalized in time for *that* occasion.

---

[1] *Compare* Juror X Affidavit ¶ 20, at 7 (sometime in "April 2006") *with* Defendants' Renewed Motion for Mistrial and Related Juror Affidavits, at 3 & n.5 ("the week of April 10") (filed May 9, 2006) [Ct. Rec. 2175].

But now, after an undisclosed number of meetings between defense counsel and Juror X in May and June, defendants have put the finishing touches on their papers and presented the affidavit for its public debut.

Quite a job has been done. All that defendants' handiwork proves in the end, however, is the wisdom of the strong policy against permitting jurors to offer testimony for the purpose of undermining verdicts – a policy manifest, as this Court has observed, in "principles dating back to the 18th century and long held inviolate in our system of laws."[2] By now, defendants' repeated attempts to circumvent that policy extend beyond mere mischief and sharp practice. They represent a cynical assault on the trial process, an intolerable affront to the integrity of the jurors' deliberations, and a shameless and contumacious attack on this very Court, its judicial officers, and its personnel, who must now fear precipitating mistrial motions if they go so far as to refer to a federal judge as a "very nice man." *See* Defendants' Renewed and New Motion for Mistrial Based on Undisclosed *Ex Parte* Communications, at 15 (filed July 20, 2006) [Ct. Rec. 2195].

Defendants are completely correct about one thing. Plaintiffs do indeed oppose defendants' latest submission. Plaintiffs respectfully request that the Court set a schedule for briefing on this motion, either in conjunction with other post-trial briefing or on a timetable specific to the motion. That schedule should allow sufficient time for plaintiffs: (a) to research and respond to so much of defendants' legal argument as may be new; (b) to evaluate the appropriateness of a request for sanctions, and (c) to evaluate the need for, and conduct, any necessary discovery. Plaintiffs will *not* seek discovery of Juror X, or any other juror, without first obtaining the Court's leave.

---

[2] *See* Order on Pending Motions Filed Under Seal [and] Motion to Preserve Jury Notes, at 7 (Mar. 13, 2006) [Ct. Rec. 2161].

*Plaintiffs' Statement Regarding Defendants' New Renewed Motion for Mistrial – Page 2*

Dated: July 21, 2006                                Respectfully submitted,


                                                                    s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise Roselle
Waite, Schneider, Bayless
 & Chesley Co., L.P.A.
1513 Central Trust Tower
Cincinnati, OH 45202
(513) 621-0267

Attorneys for Plaintiffs
And the Class

*Plaintiffs' Statement Regarding Defendants' New Renewed Motion for Mistrial – Page 3*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 21, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

  David M. Bernick, Esq.
  Kirkland & Ellis LLP
  200 East Randolph Drive
  Chicago, IL 60601

    and

  Joseph J. Bronesky, Esq.
  Sherman & Howard, LLC
  633 Seventeenth Street, Suite 3000
  Denver, CO 80202

  Attorneys for Defendants

                s/ Peter Nordberg
                Peter Nordberg