**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**
_____

        Defendants hereby renew their motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b).[1] In support thereof, defendants state as follows:

        1.      On December 8, 2005, at the close of plaintiffs' evidence, defendants moved for judgment as a matter of law. The Court denied defendants' motion. (1/13/06 Order.) On January 17, 2006 at the close of all evidence, defendants again moved for judgment as a matter of law. The Court denied defendants' second motion. (1/20/06 Order.)

        2.      On February 14, 2006, the jury returned a verdict in the class-wide trial in this case. However, plaintiffs' failed to present evidence sufficient to prove every element of

---

[1] Defendants note that they are filing this motion early. Under Rule 50(b), defendants are not required to file a Rule 50(b) motion for judgment as a matter of law until 10 days after "judgment" is entered. No judgment has been entered in this case. Accordingly, defendants file this early motion without waiver of their rights under the Federal Rules of Civil Procedure. (*See* 2/17/06 Hr'g Tr. at 10823 ("[A]s I am sure you are aware, I do not have discretion for extending the deadlines stated in the federal rules for most post-trial motions, such as Rule 50(b) motions, motions for a new trial and motions to alter or amend the judgment. Under the rules, however, all of these deadlines are tied to the entry of judgment").)

their claims.  Well-established law should have prevented the jury from deciding plaintiffs' claims.  Defendants therefore respectfully renew their motion for judgment as a matter of law.  Defendants are entitled to judgment as a matter of law for several reasons.

3. *First*, plaintiffs' failed to prove all the required elements of their trespass claims.  Plaintiffs failed to show that Rocky Flats plutonium was present on each and every class property.  Plaintiffs presented no evidence whatsoever of any release of plutonium from Rocky Flats during Rockwell's operation of the plant.  Plaintiffs also failed to show that the alleged trespass was continuing or appeared to be continuing indefinitely during class members' property ownership and that defendants intentionally caused any trespass.

4. Furthermore, judgment as a matter of law should be granted to defendants on plaintiffs' trespass claims because a trespass is only actionable under Colorado law if it is tangible or caused serious and substantial physical damage to property.  Plaintiffs also failed to demonstrate that defendants caused releases that violated applicable federal standards.

5. *Second*, plaintiffs' failed to prove all the required elements of their nuisance claims.  Plaintiffs failed to prove a class-wide interference with use and enjoyment of property.  Plaintiffs offered no evidence of any release of plutonium during Rockwell's operation of the Rocky Flats plant at all.  Plaintiffs also failed to show that the harm associated with any alleged health risk outweighed the utility associated with the operation of Rocky Flats, that any alleged health risk was "substantial," that defendants caused a reduction in the value of plaintiffs' class properties, and that defendants intentionally or negligently caused any health risk.  Plaintiffs' nuisance claims also fail because plaintiffs did not prove any recoverable damages, a required element of nuisance.

6. Judgment as a matter of law on plaintiffs' nuisance claims should be granted to defendants for additional reasons. Plaintiffs failed to show an "unreasonable" interference because plaintiffs they failed to show a violation of either state or federal standards. As a matter of law, exceedingly small exposures such as those at issue here cannot give rise to a nuisance.

7. *Third*, neither of plaintiffs' claims can rest on plaintiffs' allegations that defendants' conduct caused them to suffer fear, anxiety or mental discomfort. The jury could not properly consider whether the intentional or negligent conduct of Dow or Rockwell (or both) at Rocky Flats is capable of causing fear, anxiety or mental discomfort in determining whether a trespass or nuisance occurred. In any event, plaintiffs did not demonstrate that any of either defendant's conduct was capable of causing emotional distress nor that any alleged fears were grounded in science.

8. *Fourth*, defendants are entitled to judgment as a matter of law on plaintiffs' claims based on two independent affirmative defenses – statute of limitations and prescriptive easement. Both bar plaintiffs claims.

9. *Fifth*, defendants should be awarded judgment as a matter of law on plaintiffs' claim for damages, because plaintiffs did not prove any recoverable damages at trial. For instance, plaintiffs failed to tie their alleged damages to any actionable conduct by defendants (*i.e.*, the alleged trespass and nuisance), failed to prove damages to all class members, and failed to prove damages within the framework of the Restatement (2d) of Torts § 930.

10. *Sixth*, defendants should prevail as a matter of law on plaintiffs' claims for punitive damages. Plaintiffs did not show that either defendant engaged in any willful and wanton conduct, and plaintiffs' punitive damages claims are defeated by defendants' compliance

with standards. Plaintiffs' punitive damages claims also fail because plaintiffs did not link such damages to defendants' actionable conduct.

11. Plaintiffs' punitive damages claims also fail under the United States Constitution, Colorado statute § 13-21-102, and the Price-Anderson Act.

12. Defendants' reasons for moving for judgment as a matter of law are more fully set forth in the accompanying Defendants' Memorandum in Support of Their Renewed Motion for Judgment as a Matter of Law, which is hereby referenced and made a part of this motion.

WHEREFORE, for the foregoing reasons and the reasons set forth in more detail in defendants' accompanying memorandum in support of their motion, defendants respectfully request that this Court grant them judgment as a matter of law.

Dated: January 22, 2007                           Respectfully submitted,


                                                  s/ John E. Tangren_____
                                                  One of the Attorneys for the Defendants
                                                  David M. Bernick
                                                  John E. Tangren
                                                  KIRKLAND & ELLIS LLP
                                                  200 East Randolph Drive
                                                  Chicago, Illinois 60601-6636
                                                  Phone:  312-861-2000
                                                  Fax:    312-861-2200

                                                  Joseph J. Bronesky
                                                  SHERMAN & HOWARD L.L.C.
                                                  633 Seventeenth Street, Suite 3000
                                                  Denver, Colorado 80202
                                                  Phone:  303-297-2900
                                                  Fax:    303-298-0940

                              Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
BERGER & MONTAGUE P.C.
1622 Locust Street
Philadelphia, PA  19103
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


                                                        s/ Courtney Biggins_____
                                                        Courtney Biggins (legal assistant)