## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

## DEFENDANTS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
_____

        Defendants hereby move for certification of discrete orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  In support thereof, defendants state as follows:

        1.      On February 14, 2006, the jury returned a verdict in the class-wide trial in this case.

        2.      Prior to and during the class-wide trial, the Court issued certain key orders addressing critical legal issues in the case, including the following:  its July 24, 2003 Order; December 17, 2004 Order; May 17, 2005 Order; and December 7, 2006 Order.

        3.      Among other issues, the Court held in these orders that:

        a.  the Price-Anderson Act, 42 U.S.C. § 2014, does not preempt state standards of care that are inconsistent with federal nuclear safety regulations (July 24, 2003 Order);

b.   a trespass claim can be based on the presence of plutonium contaminants, even if they cannot be felt, touched, or perceived by the senses (July 24, 2003 Order; December 7, 2006 Order);

c.   a nuisance claim can be based on a health risk so long as there is "some" increased risk (December 7, 2006 Order; *see also* July 24, 2003 Order);

d.   the statute of limitations does not apply when a claim is based on the ongoing presence of plutonium (December 17, 2004 Order); and

e.   issues of liability and damages could be, and would be, tried as a class (May 17, 2005 Order).

4.    The four orders listed above should be certified for interlocutory appeal under 28 U.S.C. § 1292(b).  Each order involves a controlling question of law as to which there is substantial ground for difference of opinion.  Moreover, an immediate appeal from each order may materially advance the ultimate termination of the litigation.

5.    Interlocutory appeal of these orders is desirable for additional reasons. Appeal of discrete orders would avoid the risk that the parties and the Court will do an extraordinary amount of additional work, only to have the Tenth Circuit send this case back to square one.  It makes sense to allow the parties to appeal prior to proceeding to the allocation of damages.

6.    Defendants' reasons for moving for certification of interlocutory appeal are more fully set forth in the accompanying Memorandum in Support of Defendants' Motion for Certification of Interlocutory Appeal, which is hereby referenced and made a part of this motion.

WHEREFORE, for the foregoing reasons and the reasons set forth in more detail in defendants' accompanying memorandum in support of their motion, defendants respectfully request that this Court grant this motion and issue an order amending the following Orders to certify them for interlocutory appeal under 28 U.S.C. § 1292: (1) the Order dated July 24, 2003; (2) the Order dated December 17, 2004; (3) the Order dated May 17, 2005; and (4) the Memorandum Opinion Regarding Jury Instructions dated December 7, 2006.

Dated:  January 22, 2007                                    Respectfully submitted,


s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 22, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
BERGER & MONTAGUE P.C.
1622 Locust Street
Philadelphia, PA  19103
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


s/ Courtney Biggins_____
Courtney Biggins (legal assistant)