# EXHIBIT 13

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2006 WL 278279 (D.Colo.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
In re Qwest Communications Intern., Inc. Securities LitigationD.Colo.,2006.Only the Westlaw citation is currently available.
United States District Court,D. Colorado.
In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION
**Nos. Civ.01-CV01451REBCBS,
Civ.A01CV01472REBCBS,
Civ.A01CV01527REBCBS,
Civ.A01CV01616REBCBS,
Civ.A01CV01799REBCBS,
Civ.A01CV01930REBCBS,
Civ.A02CV00333REBCBS,
Civ.A02CV00374REBCBS,
Civ.A02CV00507REBCBS,
Civ.A04CV00238REBCBS.**

Feb. 2, 2006.

John Michael Martin, Dyer & Shuman, Llp, Denver, CO, for Stanton Discount Pharmacy, On behalf of itself and all others similarly situated, Robert Cline, on behalf of himself and all others similarly situated.
Michael J. Dowd, Milberg, Weiss, Bershad, Hynes & Lerach, Llp, San Diego, CA, for Stanton Discount Pharmacy, On behalf of itself and all others similarly situated, Robert Cline, On behalf of himself and all others similarly situated, David Tanner, Individually and on behalf of all others similarly situated, Tyler Del Valle Grady, On behalf of himself and all others similarly situated, Herbert S. Cohen Trust, Individually and on behalf of all others similarly situated, Adele Brody, Brian Barry, General Partner of; on behalf of himself and all others similarly situated - Barry Family Limited Partnership.
Jeffrey Allen Berens, Dyer & Shuman, Llp, Denver, CO, for Douglass Urquhart, On behalf of himself and all others similarly situated.

Kip Brian Shuman, Dyer & Shuman, Llp, Denver, CO, for Tyler Del Valle Grady, On behalf of himself and all others similarly situated.
James S. Bailey, Jr., Bailey & Peterson, Pc, Denver, CO, Randall M. Livingston, for Brian Barry, General Partner of; on behalf of himself and all others similarly situated - Barry Family Limited Partnership.
Christopher James W. Forrest, Clyde A. Faatz, Jr., Hamilton & Faatz, P.C., Denver, CO, Geoffrey C. Jarvis, Michael James Barry, Sharan Nirmul, Grant & Eisenhofer, P.A., Wilmington, DE, for Stichting Pensioenfonds Abp.
Alfred P. Levitt, David Robert Boyd, Jonathan D. Schiller, Boies, Schiller & Flexner, Llp-DC, Washington, DC, Kenneth F. Rossman, IV, Boies, Schiller & Flexner, Llp, Oakland, CA, Marcy Marie Heronimus, Terence C. Gill, United States District Court, Sherman & Howard, L.L.C., Denver CO, for Qwest Communications International, Inc., A Delaware Corporation.
James D. Kilroy, Neil Peck, Snell & Wilmer, Llp, Denver, CO, Scott M. Himes, Stillman & Friedman, Pc, New York, NY, for Joseph P. Nacchio.
Bruce F. Black, Holme, Roberts & Owen, Llp, United States District Court, Denver, CO, for Philip F. Anschutz, Craig D. Slater.
Barbara C. Moses, Morvillo, Abramowitz, Grand, Iason & Silberberg, Pc, New York, NY, for Afshin Mohebbi.
Jennifer Lynn Coon, Mark T. Drooks, Terry W. Bird , Thomas Vincent Reichert, Vincent J. Marella, Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, Los Angeles, CA, for Robin R. Szeliga.
Paul Howard SchwartzCooley Godward, Llp, Broomfield, CO, for Drake S. Tempest.
Joshua David Franklin, for Arthur Andersen Llp, A Limited Liability Partnership.
Timothy Granger Atkeson, Arnold & Porter Llp, Denver, CO, for Arthur Andersen Llp, A Limited Liability Partnership, Mark Iwan.
Holly Stein Sollod, for Jack B. Grubman, Citigroup Global Capital Market Holdings, Inc., formerly known as Salomon Smith Barney Holdings Inc.,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                         Page 2
Not Reported in F.Supp.2d, 2006 WL 278279 (D.Colo.)
**(Cite as: Not Reported in F.Supp.2d)**

Citigroup, Inc., A Delaware Corporation, Citigroup Global Markets, Inc. formerly known as Salomon Smith Barney, Inc., A New York Corporation.

Lee Frederick Johnston, Holland & Hart, Llp, United States District Court, Nicholas M. Billings, Apartment Investment and Management Co., Denver, CO, Marguerite S. Dougherty, Roberta A. Kaplan, Paul, Weiss, Rifkind, Wharton & Garrison, Llp, New York, NY, for Jack B. Grubman, Citigroup Global Capital Market Holdings, Inc., formerly known as Salomon Smith Barney Holdings Inc., Citigroup, Inc., A Delaware Corporation.

Richard L. Jacobson, Arnold & Porter, Washington, DC, for Gregory Casey.

ORDER CONCERNING QWEST'S RENEWED MOTION TO RECONSIDER & TO CERTIFY INTERLOCUTORY APPEAL

BLACKBURN, J.

**\*1** This matter before me is Defendant Qwest Communications International Inc.'s Renewed Motion to Reconsider Part II of This Court's August 15, 2005 Order Concerning Rule 72 Objections and To Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [# 911], filed January 9, 2006. No response has been filed.[FN1] I grant the motion in part and deny it in part.

> FN1. I am mindful of the representation by counsel for the movant that plaintiffs "... agree that the motion can be decided on the pleadings previously submitted by the parties." Renewed Motion at 2, n. 2.

In an order [# 671] filed May 31, 2005, Judge Shaffer ordered Qwest to produce 220,000 documents that Qwest had provided to the SEC under a written confidentiality agreement (the SEC documents), in the course of the SEC's investigation of Qwest. Qwest has refused to produce the SEC documents, asserting claims of attorney-client privilege and work-product privilege. Judge Shaffer concluded that Qwest had waived its attorney-client and work-product privileges when Qwest disclosed the SEC documents to the SEC. I upheld Judge Shaffer's order in my August 15, 2005, order [# 778]. Qwest now asks that I reconsider and modify that order, and permit Qwest to redact opinion work product from the 220,000 SEC documents which I have ordered Qwest to produce.

There are three major grounds that justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Shields v. Shetler,* 120 F.R.D. 123, 126 (D.Colo.1988). However, "a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple' " and make legal arguments that could have been raised before. *Id.*

Qwest cites the substantial protections of opinion work product that I outlined in my August 15, 2005, order concerning other documents, and argues that those protections apply equally to the SEC documents. I agree that the protections for opinion work-product apply equally to the 220,000 SEC documents that I have ordered Qwest to produce. Nothing in the record demonstrates that Qwest has waived the protections of the opinion work product doctrine as to these documents. Therefore, I grant Qwest's motion to reconsider, and will order that Qwest redact opinion work product from these documents before they are produced to the plaintiffs. Such an order will correct clear error and will prevent manifest injustice.

Qwest also seeks an order certifying an interlocutory appeal to the United States Court of Appeals for the Tenth Circuit under 28 U.S.C. § 1292(b). Qwest seeks to prosecute an interlocutory appeal of the court's ruling that production of privileged documents to the government, made under a written confidentiality agreement, constitutes a waiver of attorney-client and fact work product privileges as to third parties. This waiver analysis is the basis for the court's order that Qwest produce the 220,000 SEC documents. Qwest notes that the Tenth Circuit has not considered this issue, and that there is a split among the other circuit courts on this question.

**\*2** Under § 1292(b), I may certify an appeal of an otherwise non-appealable order if I am
of the opinion that such order involves a controlling question of law as to which there is substantial

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2006 WL 278279 (D.Colo.)
**(Cite as: Not Reported in F.Supp.2d)**

ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation....

28 U.S.C. § 1292(b). Appeal certification under § 1292(b) "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *State of Utah By and Through Utah State Dept. of Health v. Kennecott Corp.,* 14 F.3d 1489, 1495 (10th Cir.1994) (citation and internal quotation omitted).

Although there may be substantial ground for difference of opinion concerning the court's waiver analysis as applied to the SEC documents, I conclude that this issue does not constitute a controlling question of law, and that an immediate appeal of my ruling will not materially advance the ultimate termination of this litigation. Resolution of this discovery issue will not make or break any of the plaintiffs' claims or any of the defendants' defenses. Unless resolution of this issue will have some substantial effect on the viability of a claim or defense, I cannot conclude that this issue is a controlling issue in this case. Further, nothing in the record supports the conclusion that an immediate appeal of this issue would materially advance the termination of this case. For example, if Qwest's position were upheld by the Tenth Circuit, there is no indication that the plaintiffs' would abandon any of their claims or reach a settlement more quickly. Similarly, if the analysis adopted by Judge Shaffer and myself were upheld by the Tenth Circuit, there is no indication that Qwest would concede any of the plaintiffs' claims, or would reach a settlement more quickly. For the purpose of § 1292(b), the discovery question at issue here is not a controlling question of law and its immediate resolution will not materially advance the ultimate termination of this litigation.

THEREFORE, IT IS ORDERED as follows:

1. That Defendant Qwest Communications International Inc.'s Renewed Motion to Reconsider Part II of This Court's August 15, 2005 Order Concerning Rule 72 Objections and To Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [# 911], filed January 9, 2006, is GRANTED in part to the extent that Qwest requests reconsideration and modification of my August 15, 2005, order [# 778] upholding the Magistrate Judge's order directing Qwest to produce the SEC documents;

2. That counsel for Qwest, acting as officers of the court, SHALL REVIEW the SEC documents, and SHALL REDACT from those documents all matter that constitutes "opinion" work product, under the terms specified in my August 15, 2005, order [# 778], concerning the redaction of opinion work product from the BSF Report;

**\*3** 3. That after such redaction and on or before March 15, 2006, or any extended deadline as determined by the Magistrate Judge, Qwest SHALL PRODUCE to the plaintiffs all portions of the SEC documents that do not constitute opinion work product; and

4. That Defendant Qwest Communications International Inc.'s Renewed Motion to Reconsider Part II of This Court's August 15, 2005 Order Concerning Rule 72 Objections and To Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [# 911], filed January 9, 2006, otherwise is DENIED.

D.Colo.,2006.
In re Qwest Communications Intern., Inc. Securities Litigation
Not Reported in F.Supp.2d, 2006 WL 278279 (D.Colo.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1643407 (Trial Motion, Memorandum and Affidavit) Reply of Qwest Communication International Inc. to Objections to Final Approval of Settlement (Apr. 28, 2006) Original Image of this Document (PDF)
• 2006 WL 1407396 (Trial Motion, Memorandum and Affidavit) Unopposed Motion for Intervention by Objectors Graham, Floyd, Hull and Auswr (Apr. 11, 2006) Original Image of this Document (PDF)
• 2006 WL 1197246 (Trial Motion, Memorandum

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 4
Not Reported in F.Supp.2d, 2006 WL 278279 (D.Colo.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Objections to the Proposed Partial Settlement of the Above Entitled Putative Class Action Which Also Includes the Proposed Certification of a Settlement Class with Time Periods Provided for any Proposed Class Member to ""opt-out" of the Proposed Cla ss (Mar. 27, 2006) Original Image of this Document (PDF)
• 2006 WL 1197244 (Trial Motion, Memorandum and Affidavit) Motion for Intervention by Objectors Graham, Floyd, Hull and Auswr (Mar. 23, 2006) Original Image of this Document (PDF)
• 2006 WL 1197245 (Trial Motion, Memorandum and Affidavit) Objections to Proposed Settlement of Class Action (Mar. 23, 2006) Original Image of this Document (PDF)
• 2006 WL 1197243 (Trial Motion, Memorandum and Affidavit) Brief of Defendants Nacchio and Woodruff in Opposition to Final Approval of Parti al Class Action Settlement (Mar. 22, 2006) Original Image of this Document (PDF)
• 2006 WL 387736 (Trial Motion, Memorandum and Affidavit) Defendant Qwest Communications International Inc.'s Renewed Motion to Reconsider Part II of this Court's August 15, 2005 Order Concerning Rule 72 Objections and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. s 1292(b) (Jan. 9, 2006) Original Image of this Document (PDF)
• 2005 WL 3157009 (Trial Pleading) Afshin Mohebbi's Answer to Plaintiff Stichting Pensioenfonds Abp's First Amended Complaint (Nov. 9, 2005) Original Image of this Document (PDF)
• 2005 WL 3157008 (Trial Pleading) Defendant Joseph P. Nacchio's Answer to the First Amended Complaint (Nov. 1, 2005) Original Image of this Document (PDF)
• 2005 WL 3240607 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Reply in Support of their Objection to Magistrate Judge Shaffer's September 28, 2005 Order (Oct. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 3624976 (Trial Motion, Memorandum and Affidavit) Qwest Communications International Inc.'s Brief in Opposition to Lead Plaintiffs' Objection to Magistrate Judge Shaffer's September 28, 2005 Order (Oct. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 2836429 (Trial Pleading) Defendant Drake S. Tempest's Answer to Plaintiff Stichting Pensioenfonds, Abp's First Amended Complaint (Oct. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 2836043 (Trial Pleading) Defendant Drake S. Tempest's Answer to Plaintiff Stichting Pensioenfonds, Abp's First Amended Complaint (Oct. 3, 2005) Original Image of this Document (PDF)
• 2005 WL 2836409 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion for Reconsideration (Sep. 26, 2005) Original Image of this Document (PDF)
• 2005 WL 2836418 (Trial Motion, Memorandum and Affidavit) Plaintiff's Brief in Support of its Motion for Reconsideration (Sep. 26, 2005) Original Image of this Document (PDF)
• 2005 WL 2836405 (Trial Motion, Memorandum and Affidavit) Defendant Drake Tempest's Response to Lead Plaintiffs' Objection to the August 22, 2005 Order of Magistrate Judge Shaffer Denying Plaintiffs' Motion to Compel Further Responses to Plaintiffs' First Set of Interrogatories (Sep. 22, 2005) Original Image of this Document (PDF)
• 2005 WL 2836394 (Trial Motion, Memorandum and Affidavit) Defendant Drake Tempest's Response to Lead Plaintiffs' Objection to the August 22, 2005 Order of Magistrate Judge Shaffer Denying Plaintiffs' Motion to Compel Further Responses to Plaintiffs' First Set of Interrogatories (Sep. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 2836403 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Opposition to Defendant Qwest Communications International Inc.'s Motion to Reconsider Part Ii of this Court's August 15, 2005 Order Concerniing Rule 72 Objections and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. | 1292(b) (Sep. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 2836377 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Opposition to Defendant Quest Communications International, Inc.'s Motion to Stay Production of Privileged Documents Produced to Government Pending Review by Court of Appeals (Sep. 14, 2005) Original Image of this Document (PDF)
• 2005 WL 2836369 (Trial Motion, Memorandum

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 5
Not Reported in F.Supp.2d, 2006 WL 278279 (D.Colo.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Defendant Qwest Communications International Inc.'s Motion to Reconsider Part Ii of this Court's August 15, 2005 Order Concerning Rule 72 Objections and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. | 1292(b) (Aug. 29, 2005) Original Image of this Document (PDF)
• 2005 WL 2836361 (Trial Motion, Memorandum and Affidavit) Lead Plaintifs' Opposition to Proposed Intervenor Plaintiff United States Attorney's Office for the District of Colorado's Motion to Intervene for the Limited Purpose of Seeking A Stay of Discovery (Aug. 16, 2005) Original Image of this Document (PDF)
• 2005 WL 2836355 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Reply in Support of Motion for Class Certification (Aug. 15, 2005) Original Image of this Document (PDF)
• 2005 WL 2836433 (Trial Motion, Memorandum and Affidavit) Qwest Communications International Inc.'s Reply Memorandum in Support of its Motion to Reconsider Part Ii of this Court's August 15, 2005 Order Concerning Rule 72 Objections and to Certify Interlocutory Appeal Pursuant to 28 U.S.C. | 1292(b) (Aug. 15, 2005) Original Image of this Document (PDF)
• 2005 WL 2836346 (Trial Motion, Memorandum and Affidavit) Defendant Qwest Communications International In.'s Motion for A Protective Order Pending Resolution of Motion of Proposed Intervenor Plaintiff, United States Attorney's Office, District of Colorado, to Intervene for the Limited Purpose of Seeking A S tay of Discovery (Aug. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 2836336 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Reply in Support of their Second Motion for an Order Compelling the Production of Documents from Defendants Qwest Communications International, Inc., Philip F. Anschutz, Craig D. Slater and Drake S. Tempest Concerning an Advice of Co unsel Defense Or, in the Alternative, Precluding Defendants Philip F. Anschutz, Craig D. Slater and Drake S.Tempest from Asserting an Advice of Counsel Defense (Jul. 25, 2005) Original Image of this Document (PDF)
• 2005 WL 2836322 (Trial Motion, Memorandum and Affidavit) Defendant Qwest Communications International Inc.'s Reply in Support of Motion to Stay Magistrate Judge Shaffer's may 31, 2005 Order Granting Lead Plaintiffs' Motion to Compel Production of Documents Pending A Ruling on Qwest's Objections Thereto (Jul. 13, 2005) Original Image of this Document (PDF)
• 2005 WL 2836331 (Trial Motion, Memorandum and Affidavit) Reply in Support of Qwest Communication International Inc.'s Objection to Order of Magistrate Judge Shaffer Concerning Motion to Compel Production of Documents (Jul. 13, 2005) Original Image of this Document (PDF)
• 2004 WL 3567651 (Trial Motion, Memorandum and Affidavit) Defendant Joseph P. Nacchio's Motion to Dismiss the First Amended Complaint (Sep. 10, 2004) Original Image of this Document with Appendix (PDF)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.