**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

**DEFENDANTS' MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, FOR A REMITTITUR OF DAMAGES**

---

Defendants hereby move for a new trial pursuant to Federal Rule of Civil Procedure 59(a). In the alternative, defendants move for a remittitur of damages pursuant to Rule 59(e).[1] In support thereof, defendants state as follows:

    1.    On February 14, 2006, the jury returned a verdict in the class-wide trial in this case. However, that verdict provides no basis for entering judgment against defendants. Instead, a new trial is warranted.

---

[1] Defendants note that they are filing this motion early. Under Rule 59(a) and (e), defendants are not required to file a motion for new trial or for remittitur until 10 days after "judgment" is entered. No judgment has been entered in this case. Accordingly, defendants file this early motion without waiver of their rights under the Federal Rules of Civil Procedure. (*See* 2/17/06 Hr'g Tr. at 10823 ("[A]s I am sure you are aware, I do not have discretion for extending the deadlines stated in the federal rules for most post-trial motions, such as Rule 50(b) motions, motions for a new trial and motions to alter or amend the judgment. Under the rules, however, all of these deadlines are tied to the entry of judgment").)

2. Inconsistencies in the jury's verdict require a new trial. Moreover, the compensatory award is unsupported by the evidence.

3. The jury's punitive damage award improperly exceeds any compensatory damage award. Based on that inconsistency, the verdict should be vacated. The punitive damage award is also contrary to law and to the evidence. Plaintiffs have not shown beyond a reasonable doubt that punitive damages are warranted. Punitive damages are not warranted here because plaintiffs did not prove defendants' lack of compliance with applicable standards or that defendants acted with wrongful intent. Furthermore, the punitive damage award must be vacated pursuant to Colo. Rev. Stat. § 13-21-102, the United States Constitution, and the Price Anderson Act.

4. The remaining issues addressed in this Motion concern matters as to which defendants' arguments have already been rejected by the Court:

- Erroneous jury instructions require a new trial. The general jury instructions were legally incorrect, as were jury instructions regarding general tort principles, trespass, nuisance, damages, and emotional distress. These errors independently warrant a new trial.

- The Court's admission of irrelevant and highly prejudicial evidence requires a new trial. Erroneously-admitted evidence includes evidence related to government conspiracy accusations, government declassification, government indemnity, worker safety, the 1989 FBI Raid, the Grand Jury Investigation, Rockwell's Guilty Plea, false media stories, past risks that never happened and cannot now happen, and non-class-wide issues. Many specific pieces of evidence, including the Mary Walker Memo, Sanchini Diaries, and Putzier 30-year history, were erroneously admitted as well. Plaintiffs' expert witness testimony, testimony and exhibits lacking foundation, and hearsay evidence also were improperly admitted. What is more, plaintiffs repeatedly disobeyed the Court's motions *in limine*, placing additional improper evidence before the jury. These improper admissions of evidence were individually and collectively prejudicial to defendants and require a new trial. The Court's exclusion of properly admissible defense evidence also requires a new trial.

- The Court's failure to grant defendants' motions for mistrial warrants a new trial. Among other things, defendants' motions for mistrial should have been granted based upon (1) the circumstances surrounding juror X's departure from the jury; (2) plaintiffs' consistent suggestions that DOE abused its classification power; (3) plaintiffs' expert's testimony about alleged DOE human experiments; and (4) plaintiffs' repeated and improper violations of the Court's order on worker safety.

- Defendants are entitled to a new trial because plaintiffs' claims should not have been tried as a class.

    5.   Defendants' reasons for moving for a new trial, or in the alternative, a remittitur, are more fully set forth in the accompanying Memorandum in Support of Defendants' Motion for a New Trial or, In the Alternative, for a Remittitur of Damages, which is hereby referenced and made a part of this motion.

Therefore, for the foregoing reasons and the reasons set forth in more detail in defendants' accompanying memorandum in support of their motion, defendants respectfully request that this Court grant a new trial or, in the alternative, a remittitur.

Dated:  January 22, 2007                                           Respectfully submitted,


                                                                                   s/ John E. Tangren
                                                                                   One of the Attorneys for the Defendants
                                                                                   David M. Bernick
                                                                                   John E. Tangren
                                                                                   KIRKLAND & ELLIS LLP
                                                                                   200 East Randolph Drive
                                                                                   Chicago, Illinois 60601-6636
                                                                                   Phone:  312-861-2000
                                                                                   Fax:      312-861-2200

                                                                                   Joseph J. Bronesky
                                                                                   SHERMAN & HOWARD L.L.C.
                                                                                   633 Seventeenth Street, Suite 3000
                                                                                   Denver, Colorado 80202
                                                                                   Phone:  303-297-2900
                                                                                   Fax:      303-298-0940

                                                                                   Attorneys for ROCKWELL
                                                                                   INTERNATIONAL CORPORATION and
                                                                                   THE DOW CHEMICAL COMPANY

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 22, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
BERGER & MONTAGUE P.C.
1622 Locust Street
Philadelphia, PA  19103
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                s/ Courtney Biggins_____
                Courtney Biggins (legal assistant)