# EXHIBIT 13

**Westlaw.**

Not Reported in F.Supp.                                                                                                          Page 1
Not Reported in F.Supp., 1998 WL 158737 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

▷
Briefs and Other Related Documents
Gassie v. SMH Swiss Corp. for Microelectric and Watchmaking Industries, Ltd.E.D.La.,1998.Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
Robin GASSIE, Michael Buccerio, Jr. et al
v.
SMH SWISS CORP. FOR MICROELECTRIC AND WATCHMAKING INDUSTRIES, LTD. and SMH (U.S.) Inc.
**No. Civ.A. 97-3557.**

March 26, 1998.

**MEMORANDUM AND ORDER**
SEAR, J.

**Background**

*First Lawsuit*

**\*1** On June 28, 1996, Carmel Loizon and Patrick Loizon filed Civil Action No. 96-CH-6849 against Defendants SMH ("SMH"), SMH Swiss Corporation for Microelectric and Watchmaking Industries, Ltd. ("SMH, Ltd.") and CPS Department Stores individually and on behalf of similarly situated persons in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. The *Loizon* case was premised on the same alleged facts as those presented in this litigation.

On July 16, 1996, the *Loizon* case was removed pursuant to 28 U.S.C. § 1332 on diversity grounds. Following removal SMH and SMH, Ltd. filed a Motion to Dismiss pursuant to Rule 12(b)(6) and 9(b). The United States District Court for the Northern District of Illinois granted the motion and dismissed all claims against the SMH Defendants on April 4, 1997.

*Second Lawsuit*

On May 9, 1997, Plaintiffs Robin Gassie, Jaquelyn Conkling, and Bruce Garrittano filed a class action in Louisiana state court against Defendants, SMH (U.S.) and SMH, Ltd., claiming that radioactive tritium leached through "Swatch" watches manufactured by Defendants. On June 5, 1997, Defendant SMH (U.S.), the wholly owned and controlled subsidiary of SMH, Ltd., removed to this Court pursuant to 28 U.S.C. § 1332. On June 18, 1997, Plaintiffs filed a notice of voluntary dismissal. On September 9, 1997, the case was dismissed without prejudice pursuant to Rule 41(a)(1) and Rule 23(e).

*Third Lawsuit*

On September 22, 1997 Plaintiffs Robin Gassie and Michael Bucciero, Jr. and other Plaintiffs filed an almost identical complaint captioned *Robin Gassie, Michael Bucciero, Jr. et al v. SMH Swiss Corporation for Microelectric and Watchmaking Industries, LTD., and SMH (U.S.) Inc.,* case No. 97-16652(G) against Defendants in the Civil District Court for the Parish of Orleans. The difference between the two Louisiana filed cases is that the previous New York and Florida representative Plaintiffs have been substituted by a new representative Plaintiff from New Jersey. Because Defendants' principal place of business is New Jersey, diversity jurisdiction does not exist.

In their current petition, Plaintiffs allege the following six counts:

**Count I** Fraud;

**Count II** Negligent Misrepresentation;

**Count III** Products Liability/Negligence;

**Count IV** Breach of Warranty;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1998 WL 158737 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

**Count V** Punitive Damages; and

**Count VI** Battery.

The gravamen of the harm alleged in each count is that Plaintiffs were injured when tritium, a radioactive isotope used in Swatch Watches to provide luminescence, escaped and was absorbed into the bodies of Plaintiffs. Specifically, Plaintiffs claim that an excess of tritium escaped from the Swatch Watches and caused "cell disruption".[FN1] According to Plaintiffs, absorption of tritium into the body occurred "in levels in excess of limits believed safe by industrial hygienists and the ICRP" [FN2] thereby rendering the watches unsafe and "unfit " for use as timepieces.[FN3]

> FN1. See Plaintiffs' Complaint, p. 2.
>
> FN2. Plaintiffs do not define the "ICRP," but according to Defendants' Motion to Dismiss (p. 11) "ICRP" stands for the International Commission on Radiation Protection.
>
> FN3. See Plaintiffs' Complaint, p. 13.

*2 Defendants filed a Notice of Removal on November 13, 1997 alleging federal question jurisdiction pursuant to the Price-Anderson Act (" Price-Anderson").[FN4] Defendants cited 42 U.S.C. § 2210(n)(2) of Price-Anderson, which specifically grants original jurisdiction over "any public liability action arising out of a nuclear incident," and specifically allows for removal of any such action filed in state court.[FN5] In response, Plaintiffs filed a Motion to Remand on December 22, 1997 which Defendants opposed on January 13, 1998. On December 23, 1997, however, Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(6); Rule 9(b) or, in the Alternative, For a More Definite Statement Pursuant to Rule 12(e) ("Motion to Dismiss"). Because a ruling on Defendants' Motion to Dismiss was not appropriate until jurisdiction was adjudicated, Defendants' Motion to Dismiss was stayed.

> FN4. 42 U.S.C. § 2210 et seq.
>
> FN5. 42 U.S.C. § 2210(n)(2).

By an Order entered on February 18, 1998, Plaintiffs' Motion to Remand was DENIED because I found that this Court has subject matter jurisdiction over this action pursuant to the Price-Anderson Act, 42 U.S.C. § 2210(n)(2). On March 2, 1998, Plaintiffs filed a Motion for Reconsideration, entitled Motion for New Trial. Defendants opposed the Motion for Reconsideration on March 10, 1998. On March 18, 1998 Plaintiffs' Motion for Reconsideration was DENIED. Because jurisdiction has been established, it is now appropriate to evaluate Defendants' December 23, 1997 Motion to Dismiss which Plaintiffs opposed on March 9, 1998.

**Applicable Standards for Motion to Dismiss Pursuant to Rule 12(b)(6)**

Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." [FN6] Resolution of Defendants' Motion to Dismiss requires the Court to accept as true the factual allegations of Plaintiffs' complaint and any reasonable inferences to be drawn from them.[FN7] A pleading "need not specify in exact detail every possible theory of recovery-it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " [FN8] In fact, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [FN9] Furthermore, a motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." [FN10]

> FN6. Fed.R.Civ.P. 12(b)(6).
>
> FN7. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 Cir .1994).
>
> FN8. *Thrift v. Hubbard,* 44 F.3d 348, 356

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1998 WL 158737 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

> (5th Cir.1995) quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
>
> FN9. *Conley,* 355 U.S. at 45-46.
>
> FN10. See 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1969).

Conclusory allegations or legal conclusions masquerading as factual conclusions, however, will not suffice to prevent a motion to dismiss from being granted.[FN11] "To prevail on a motion to dismiss an ordinary claim under Fed.R.Civ.P. 12(b)(6), a defendant must show that 'the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " [FN12] Thus, dismissal is proper only if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." [FN13]

> FN11. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).
>
> FN12. *Conley,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Fernandez-Montes,* 987 F.2d at 285; and *Leffall v. Dallas Indep't Sch. Dist.,* 28 F.3d 521, 524 (5th Cir.1994).
>
> FN13. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988).

### Discussion

**\*3** Defendants argue that Plaintiffs' Complaint should be dismissed in its entirety because Plaintiffs have failed to allege any legally cognizable injury or legal compensable damages. Although Plaintiffs do aver in their Complaint that they have suffered injury, no description of the alleged injury is offered beyond the allegation that tritium "leached" into Swatch Watch wearers' bodies and caused "cell disruption." [FN14]

> FN14. See Plaintiffs' Complaint, p. 2.

In *Verb v. Motorola,* the plaintiffs filed a putative class action on behalf of cellular phone users alleging, among other things, that according to "scientific research," including a 1990 EPA report, high frequency electromagnetic radio waves have "biological effects" and cause "breakdowns of cells." [FN15] The court concluded that the *Verb* plaintiffs failed to allege a present personal injury and that their claims constituted "conjecture and speculation." [FN16] Therefore, the *Verb* plaintiff's complaint was dismissed for failure to state a cause of action because there was a lack of compensable injury.

> FN15. *Verb v. Motorola,* 284 Ill.App.3d 460, 220 Ill.Dec. 275, 672 N.E.2d 1287, 1289 (Ill.1996).
>
> FN16. *Id.* at 1295.

Similarly, Plaintiffs in this case have failed to allege a present personal injury. The only allegation corresponding to an injury is the one of "cell disruption" which I find to be too vague and speculative to qualify as a present physical injury. There are no allegations that any Plaintiffs have developed or have been diagnosed with any type of disease, illness or malady as a result of wearing a Swatch Watch. Furthermore, Plaintiffs failed to claim that they even purchased and wore a Swatch Watch at a particular time. Therefore, I find that Plaintiffs have not alleged a compensable injury. Furthermore, even in making all reasonable inferences in favor of Plaintiffs, I find that each count of Plaintiffs' Complaint requires either a more definite statement or a dismissal of the claim.

### Counts I and II Do Not Satisfy Rule 9(b)'s Requirement to Plead Fraud with Particularity.

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." [FN17] The purpose of Rule 9(b) is to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1998 WL 158737 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

apprise the defendant of the claim against him and the acts relied upon to show the fraud charged.[FN18] The elements of fraud include: 1) a misstatement or omission; 2) of material fact; 3) made with the intent to defraud; 4) on which the plaintiff relied; and 5) which proximately caused the plaintiff's injury.[FN19] The "circumstances constituting fraud" in Rule 9(b) are such matters as the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby.[FN20]

> FN17. Fed.R.Civ.P. 9(b).
>
> FN18. C. Wright & A. Miller, Federal Practice and Procedure § 1297 (1990).
>
> FN19. *Cyrak v. Lemon,* 919 F.2d 320 (5th Cir.1990).
>
> FN20. C. Wright & A. Miller, Federal Practice and Procedure § 1297 at 590 (1990); *see also Tel-Phonic Services, Inc. v. TBS International, Inc.,* 975 F.2d 1134, 1139 (5th Cir.1992).

Pleading fraud with particularity in the Fifth Circuit requires "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." [FN21] Here, Plaintiffs have not sufficiently stated "the circumstances constituting fraud" with the particularity required by Rule 9(b). Plaintiffs make conclusory allegations that Defendants, in general, committed fraud and negligent misrepresentation [FN22] by making material misrepresentations and omissions "at the same time the defendant was promoting the alleged advantages and suitability of Swatch watches." [FN23] Plaintiffs fail to identify the content of any alleged fraudulent statements or even any specific facts about how these statements were communicated beyond "orally and written".

> FN21. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir.1994); *see also Melder v. Morris,* 27 F.3d 1097, 1100 n. 5 (5th Cir.1994); *Shushany v. Allwaste,* 992 F.2d 517, 520 (5th Cir.1993).
>
> FN22. Plaintiffs' claims of fraud (Count I) and negligent misrepresentation (Count II) will be addressed together because in the Complaint they are almost identical. The following additional sentence is included in Count II: "During the course of marketing Swatch watches, the defendant made numerous material misrepresentations to their customers, both orally and in writing, concerning the suitability of Swatch watches for personal timepieces ." In addition, Rule 9(b) applies to both fraud and negligent misrepresentation. *See Williams v. WMX Technologies,* Inc., 112 F.3d 175, 177 (5th Cir.1997) (dismissing both fraud and negligent misrepresentation claims pursuant to Rule 9(b)); *Pilarczyk v. Morrison Knudsen Corp.,* 965 F.Supp. 311, 323 (N.D.N.Y.1997) ("The particularity requirements of Rule 9(b) apply to claims of negligent misrepresentation as well.").
>
> FN23. Plaintiffs' Complaint, p. 6.

**\*4** In addition, Plaintiffs do not adequately identify who made the alleged misrepresentations. In *In re Urcarco Securities Litigation,* the court held that "[s]uch general allegations, which lump all defendants together failing to segregate the alleged wrongdoing of one from those of another do not meet the requirements of Rule 9(b)." [FN24] Likewise, the Second Circuit has held that "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.' " [FN25]

> FN24. *In re Urcarco Securities Litigation,* 148 F.R.D. 561, 569 (N.D.Tex.1993), *aff'd,* 27 F.3d 1097 (5th Cir.1994); *see also Unimobil 84, Inc. v. Spurney,* 797 F.2d 214, 217 (5th Cir.1986); *Tuchman v. DSC Communications Corp.,* 818 F.Supp. 971 (N.D.Tex.1993).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                                                       Page 5
Not Reported in F.Supp., 1998 WL 158737 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

> FN25. *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d. Cir.1993) *citing Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir.1986).

Therefore, Plaintiffs failure to identify with some degree of particularity who made the alleged misrepresentations and what the statements expressed violates Rule 9(b)'s requirement to plead fraud with particularity. Instead of dismissing Counts I and II at this time, however, I find that Plaintiffs should have an opportunity to amend their Complaint and submit a more definite statement pursuant to Fed.R.Civ.P. 12(e).

### Absent an Allegation That Defendants Violated the Applicable Federal Standard of Care, Counts III, IV, and VI Fail to State a Claim upon Which Relief Can Be Granted.

Plaintiffs' allege state law claims sounding in products liability/negligence (Count III), breach of warranty (Count IV) and battery (Count VI). These kind of claims require an allegation that Defendants violated a standard of care. The appropriate standard of care to be applied in this case is dictated by federal law including federal safety regulations governing exposure to radiation because I have determined that this action is governed by the Price-Anderson Act and its corresponding regulations.[FN26]

> FN26. *See Corcoran v. New York Power Authority,* 935 F.Supp. 376, 386 (S.D.N.Y.1996); *O'Conner v. Commonwealth Edison Co.,* 13 F.3d 1090 (7th Cir.1994).

Although it is true that § 2014(hh) of the Price-Anderson Act provides that the "substantive rules for decision shall be derived from state law", [FN27] the statute also provides an exception when " such law is inconsistent with the provisions of this section." [FN28] To apply a state standard of care to Plaintiffs' claims would be inconsistent with the federal regulations provided by the Price-Anderson Act and could " 'disturb the carefully crafted balance between private involvement and [nuclear] safety that Congress has achieved' ".[FN29] According to the Third Circuit in the *Three Mile Island Litigation Cases* ("TMI"), "[T] he duty the defendants owe the plaintiffs in tort is dictated by federal law ." [FN30] Similarly, in *TMI III,* the Third Circuit held that federal law preempted state tort law on the applicable standard of care for nuclear safety.[FN31]

> FN27. 42 U.S.C. § 2014(hh).
>
> FN28. *Id.*
>
> FN29. *See Corcoran,* 935 F.Supp. at 386 (S.D.N.Y.1996); *O'Conner,* 13 F.3d at 1105 (7th Cir.1994).
>
> FN30. *TMI II,* 940 F.2d 832, 858 (3d Cir.1991) (*citing Silkwood v. Kerr-McGee Corp.,* 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984); *Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Development Comm'n,* 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983)).
>
> FN31. *TMI III,* 67 F.3d 1103, 1106 (3d. Cir.1995).

The federal standard of care for this Price-Anderson suit is set forth in 10 Code of Federal Regulations, sections 30 and 32, the federal regulations under which Defendants aver the Swatch Watch products were licensed, manufactured and sold.[FN32] In those regulations, the Nuclear Regulatory Commission ("NRC") specifically authorizes, upon proper licensing from the NRC, the use of tritium in wristwatches and other timepieces or self-luminous products.[FN33] These regulations delineate the precise amount of tritium which may be used in watches,[FN34] the maximum allowable levels of radiation that may be emitted from watches containing tritium,[FN35] and other various safety, testing and labeling standards for such products. [FN36]

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                        Page 6
Not Reported in F.Supp., 1998 WL 158737 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

> FN32. Plaintiff have not alleged any facts otherwise.
>
> FN33. 10 C.F.R. §§ 30 & 32.
>
> FN34. 10 C.F.R. § 30.15(a)(1).
>
> FN35. 10 C.F.R. §§ 30.15(a)(1), 32.22-32.25.
>
> FN36. See 10 C.F.R. §§ 32.14, 32.15. 32.22. 32.33.

**\*5** Therefore, to properly state a cause of action in this case, Plaintiffs must allege a violation of the applicable federal standards governing exposure.[FN37] Plaintiffs have neither alleged that Swatch Watches emit tritium in excess of the levels permitted by the federal regulations, nor that Defendants violated the applicable NRC regulations regarding labels or warnings in support of their claim of failure to warn or improper/defective warnings. Because Plaintiffs have not alleged that Defendants violated the applicable federal standard of care, their negligence-based claim (Count III) as well as their breach of warranty claim (Count IV) must be dismissed.

> FN37. *See, e.g., Corcoran,* 935 F.Supp. at 386-387; *TMI III,* 67 at 1117-18).

The *Corcoran* court reached this same conclusion for intentional torts, holding that "[I]n order to make the claim consistent with the federal interest in regulating nuclear safety ... plaintiffs' intentional tort claim must additionally plead a violation of the regulations governing occupational dose limits."[FN38] Thus, Plaintiffs' battery claim (Count VI) fails because Plaintiffs do not allege that Defendants violated the applicable federal standard of care. Accordingly, I find that Plaintiffs' Counts III, IV and VI must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

> FN38. *Corcoran,* 935 F.Supp. at 388.

**Plaintiff's Claim for Punitive Damages (Count V) Must Be Dismissed Because Louisiana Civil Code Article 2315.3 Does Not Apply .**

In Count V, Plaintiffs' cause of action for punitive damages, they allege that "Defendants showed reckless and wanton disregard for public safety with respect to storage, handling and transportation of the toxic and hazardous substance tritium in their manufacture of Swatch watches from 1984-1993 and caused injuries to plaintiffs thereby entitling plaintiffs to exemplary or punitive damages herein."[FN39] Although it is not explicated in Plaintiff's Complaint, it is apparent that Plaintiffs are seeking to state a claim pursuant to Louisiana Civil Code Article 2315.3.[FN40]

> FN39. Plaintiffs' Complaint, p. 11.
>
> FN40. According to their Opposition to Defendant's Motion to Dismiss, Plaintiffs acknowledge that their claim for punitive damages was made pursuant to Art. 2315.3.

Article 2315.3 provides that "[i]n addition to general and special damages, exemplary damages may be awarded if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances."[FN41] In order to state a claim under Article 2315.3, the plaintiff must allege the following:

> FN41. LSA-C.C. Art. 2315.3 (repealed).

(1) "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent;"

(2) "that the danger created by the defendant's wanton or reckless conduct threatened or endangered the public safety;

(3) "that the defendant's wanton or reckless conduct occurred in the storage, handling or transportation of hazardous or toxic substances;" and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 7
Not Reported in F.Supp., 1998 WL 158737 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

(4) that "his or her injury was caused by the defendant's wanton or reckless conduct consisting of all of these elements." [FN42]

> FN42. *Billiot v. B.P. Oil Co.,* 645 So.2d 604, 613 (La.1994).

***6** It must be noted, however, that Louisiana Civil Code Article 2315 . 3 was repealed by Act No. 2 of the 1996 First Extra Session, effective April 16, 1996. Section 2 of Acts 1996, 1st Ex.Sess., No. 2, effective April 16, 1996 (§ 1 of which repealed Article 2315.3) provides: "Section 2. The provisions of this Act shall only be applicable to causes of action which arise on or after the effective date hereof." In other words, the provisions of Article 2315.3 continue to apply, but only to those causes of action that arise on or after April 16, 1996.

Article 2315.3 is intended to evaluate the legality of conduct.[FN43] If it were applied to evaluate conduct that occurred before its effective date, it would be retroactive.[FN44] In *Young v. American Hoechst Corp.,* Louisiana's First Circuit Court of Appeal, citing Louisiana Civil Code Article 6, held that Article 2315.3 may not be applied retrospectively. [FN45] Likewise, federal courts have interpreted Article 2315.3 to apply prospectively only.[FN46] "[T]his Court holds that Article 2315.3 does not apply to conduct that occurred before its effective date, *regardless of when the damages arose or were discovered.*" [FN47] The alleged "reckless and wanton" conduct which Plaintiffs allege harmed them occurred between 1984-1993.[FN48] Because this alleged conduct occurred before April 16, 1996, the effective date of Article 2315.3, this provision does not apply to this case. Therefore, Claim V must be DISMISSED. [FN49] **Accordingly,**

> FN43. *Arledge v. Holnam, Inc.,* 957 F.Supp. 822, 827 (M.D.La.1996).
>
> FN44. *Id.*
>
> FN45. *Young v. American Hoechst Corp.,* 527 So.2d 1102 (La.App. 1st Cir.1988).

> FN46. *See Arledge,* 957 F.Supp. at 827-29; *Williams v. A.C. & S., Inc.,* 700 F.Supp. 309 (M.D.La.1988).
>
> FN47. *Arledge,* 957 F.Supp. at 829 (emphasis added).
>
> FN48. See Plaintiffs' Complaint pp. 3 & 11.
>
> FN49. Furthermore, § 2315.3 does not apply to the kind of conduct alleged in this lawsuit. *See Williams v. A.C. & S. Inc.,* 700 F.Supp. 309 (M.D.La.1988) (holding that § 2315.3 did not apply to plaintiffs' products liability lawsuit against manufacture of asbestos because " [defendant's fault, if any, arises from the manufacture, design and labeling of products-conduct ... outside the scope of article 2315.3"]. *Id.* at 310. Here, Plaintiffs have alleged personal injuries arising from the manufacture, design and labeling of Swatch Watches, not the storage, handling or transportation of the tritium.

IT IS ORDERED that the Defendants' Motion to Dismiss Counts III, IV, V and VI is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall have until **April 6, 1998** to amend Counts I and II of their Complaint to comply with Rule 9(b). If Plaintiffs do not timely and properly file an amended complaint in conformity with the principles outlined in this ruling, Plaintiffs' claims against Defendants will be dismissed pursuant to Rule 12(b)(6) and Rule 9(b) with prejudice.

E.D.La.,1998.
Gassie v. SMH Swiss Corp. for Microelectric and Watchmaking Industries, Ltd.
Not Reported in F.Supp., 1998 WL 158737 (E.D.La.)

Briefs and Other Related Documents (Back to top)

• 2:97CV03557 (Docket) (Nov. 13, 1997)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.