# EXHIBIT 16



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

Case No. 90-K-181

MERILYN COOK, et al.,

                Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION,
a Delaware Corporation, and

THE DOW CHEMICAL COMPANY,
a Delaware Corporation,

                Defendants.



---

**THE REPRESENTATIVE PLAINTIFFS' JOINT RESPONSES TO
"DOW'S SECOND SET OF INTERROGATORIES DIRECTED TO
EACH CLASS REPRESENTATIVE PLAINTIFF"**

---

### INTRODUCTORY STATEMENT

Pursuant to Fed. R. Civ. P. 33(b) and this Court's Order dated June 20, 1995, representative plaintiffs Merilyn Cook, William Schierkolk, Jr., Delores Schierkolk, Richard Bartlett, Sally Bartlett, Lorren Babb, Gertrude Babb, Bank Western, A Federal Savings Bank, Field Corporation, Michael Dean Rice, Thomas L. Deimer, Rhonda J. Deimer, Stephen M. Sandoval, and Peggy J. Sandoval hereby respond to interrogatories 1-3, 5-7, 8-12, 14-28, 31, and 33 from "Dow's Second Set of Interrogatories Directed to Each Class Representative Plaintiff" (served July 29, 1994). Dow has agreed that the representative plaintiffs will not be required to respond to interrogatories 4, 13, 29, 30, 32, and 34 at this time. In addition, pursuant to Fed. R. Civ. P. 33(b)(1) and 72,

(b) The amount of radiation or other hazardous substance that was released by each negligent act or omission;

(c) The amount of radiation or other hazardous substance that travelled off-site due to each negligent act or omission; and

(d) Every person known to you that was exposed to significant amounts of radiation or other hazardous substance due to each negligent act or omission.

**Response:** The representative plaintiffs have only limited personal knowledge responsive to this interrogatory. Rocky Flats is a secure facility, and the representative plaintiffs were not percipient witnesses to the day-to-day operations of the site. Moreover, in general, the radionuclides and other hazardous substances released from Rocky Flats to which responding plaintiffs and members of the classes (and their properties) were exposed were not perceptible to the senses at the time and location of the exposures. Responding plaintiffs were not warned of such releases at the time of their occurrence, and in general no attempt was made, by defendants or anyone else, to measure the concentrations of these hazardous substances in plaintiffs' immediate vicinity, or that of their land, at the time of the releases. It is the understanding of responding plaintiffs that past releases from Rocky Flats, and the consequent exposures of plaintiffs and class members to plutonium and other hazardous substances, must be estimated through a process known as dose reconstruction, which involves complex analysis of technical data and other information by persons with the requisite scientific, medical, or other appropriate expertise. The class representatives are laypersons who do not possess the specialized knowledge or training that would qualify them to offer expert opinions on these subjects. They intend to rely for this purpose on reports and testimony from certain of the testimonial experts they designated on May 5, 1995, pursuant to this Court's directive. Those experts are in the course of gathering and analyzing the pertinent data and information, and their reports are not yet available. With fact discovery still in progress, investigation is continuing.

The representative plaintiffs nevertheless respond to the best of their current ability, as follows:

(a) <u>Negligent Acts and Omissions</u>. Based on documents obtained in discovery, plaintiffs are able to identify a number of specific negligent acts and omissions at this time. See Exhibit E hereto. Plaintiffs do not vouch for the accuracy of every statement in the documents cited in Exhibit E. Plaintiffs did not create these documents and did not

*REPRESENTATIVE PLAINTIFFS' RESPONSES TO DOW'S CONTENTION INTERROGATORIES -- PAGE 12*