# EXHIBIT 19



Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 1998 WL 883318 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Springer v. K-Mart Corp.E.D.La.,1998.Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
Cathy Dean SPRINGER, Etc.
v.
K-MART CORPORATION
**No. CIV.A. 97-3283.**

Dec. 16, 1998.

ORDER & REASONS
BERRIGAN, District J.
*1 This is a wrongful death action by Cathy Dean Springer ("Springer"), on behalf of her two minor children, against K-Mart Corporation ("K-Mart"). Springer alleges that K-Mart is liable to the children for the death of their father, Gregory Paul Dean ("Dean"), who allegedly died from an overdose of pain killers. According to Springer, K-Mart arbitrarily and capriciously refused to pay for back surgery that would have alleviated Dean's pain from an accident he experienced while working at K-Mart. K-Mart denies responsibility for Dean's death, alleging instead that Dean committed suicide.

Before the Court are both parties' objections to proposed trial exhibits and motions in limine. The trial in this matter has been continued to April 5, 1999. A pre-trial conference will be held on March 16, 1999. At oral argument on the instant motions and objections, held on December 2, 1999, the parties agreed to continue efforts to refine the scope of trial exhibits before the pre-trial conference. Having reviewed the record, the memoranda of counsel, and the law, the Court rules as follows.

*Plaintiff's Objections to Defendant's Trial Exhibits*

1) Ex. 2: Discovery requests, responses, or any documents referred to during discovery

The plaintiff contends that the defendant's description of this exhibit is too broad. The Court agrees. A fundamental purpose of Rule 16 pretrial procedures is to expedite litigation. *Wallin v. Fuller,* 476 F.2d 1204, 1208 (5th Cir.1973). It would not advance this purpose to allow such a broad and over inclusive "exhibit." Accordingly, plaintiff's request that the Court strike this exhibit as currently identified is sustained. The defendant, of course, may identify more specifically the documents produced during discovery that it intends to introduce into evidence, at or before the pretrial conference.

2) Ex. 8: Death certificates, records, reports, test results, or evidence of the Coroner's office or the Slidell City Police

The federal rules of evidence apply in this diversity lawsuit, even though state law governs the substantive claims. *Grenada Steel Indus., Inc. v. Alabama Ox. Co.,* 695 F.2d 883, 885 (5th Cir.1983). Unlike Louisiana's code of evidence, which explicitly excludes "investigative reports by police and other law enforcement personnel" from the public records hearsay exception, La. C.E. 803(8)(b)(i), the federal rules permit these reports, insofar as they contain factual findings, under circumstances present in this case. Fed. R. Ev. 803(8). The Court is not aware of any indicia that the reports lack trustworthiness sufficient to remove them from the exception set forth in Fed. R. Ev. 803(8)(C). Accordingly, the records themselves are not inadmissible merely because they are police or coroner's reports.

Information in the reports remains subject to objections based on relevance, unfair prejudice, double hearsay, and other applicable grounds. For example, Detective Chip Brockhaus' description of witness' statements taken at the scene appears to be excludable hearsay. Similarly, police and coroner officers' opinions that the cause or manner of death

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 2
Not Reported in F.Supp.2d, 1998 WL 883318 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

was "suicide," "an apparent suicide," or "accident" are not admissible unless the officer rendering the opinion was qualified to render the opinion. Accordingly, plaintiff's objection to this exhibit is overruled in part and sustained in part. It is sustained insofar as inadmissible portions of the reports must be removed prior to admission at trial.

3) Ex. 10: Any and all documents contained within the workers' compensation claim of Dean which was compiled by K-Mart Corporation or anyone acting on its behalf

**\*2** Again, plaintiff contends that the defendant's description of this exhibit is too broad. As described, the exhibit contains more than one thousand documents, for which plaintiff has been provided Bates-numbered copies. At oral argument, plaintiff represented that it does not intend to raise authenticity objections to any of these documents, but that it may object on grounds of relevancy. Plaintiff argues that it is unduly burdensome to examine every document for its relevancy, and that defendant should be required to identify the documents it intends to use in advance of the trial.

Defendant intends to depose the workers' compensation claims adjuster responsible for Mr. Dean's claims, on February 4, 1999. Following the deposition, K-Mart will attempt to identify specific documents from the file. However, the defendant maintains that its choice of documents may vary as plaintiff's case evolves. In light of defendant's present inability to narrow the scope of this exhibit, combined with its willingness to attempt to do so after further discovery, plaintiff's objection to this exhibit is overruled, with the understanding that plaintiff may reurge the objection at a later date.

4) Ex. 15: The suicide note/audio tape of Gregory Dean

The defendant reports that the note and tape are missing. However, Detective Brockhaus transcribed their contents in his report of October 3, 1994. If the exhibits cannot be located, then the note and tape may have to be read into the record at trial.

This would raise issues of authentification not presently before the Court. After discussing it between themselves, the parties shall make appropriate motions to the Court if necessary to determine how to proceed without the actual note or tape in hand.

Having reviewed the contents of the note and tape, as reported by Detective Brockhaus, however, the Court is inclined to overrule plaintiff's objection to their admission. They do not appear to be excludable hearsay, as several exceptions may apply. *See,e.g.* Fed R. Ev. 801(d)(2), 803(3), 804(4) . Furthermore, their questionable probative value offsets any alleged prejudicial effect on the jury. The jury is capable of assessing the weight to be afforded to the note and tape. However, because the note and tape are no longer known to exist, plaintiff's objection to their admission is presently dismissed as moot.

5) Ex. 19: Right to Supplement and Amend Exhibit List

This objection is overruled, because the trial of this matter, and related deadlines, were continued. Parties may make timely amendments to the pretrial order that was submitted on October 19, 1998. However, reserving the right to amend or supplement the exhibit list has no bearing on defendant's right to make untimely amendments.

*Plaintiff's Motions in Limine*

1) Expert testimony and report of Theodore R. Brustowicz, M.D.

Dr. Brustowicz is the coroner for St. Tammany Parish, a position he held at the time of Gregory Dean's death. Although Dr. Brustowicz did not attend the autopsy of Mr. Dean, as coroner he signed the death certificate. Dr. Brustowicz is board certified by the American Board of Forensic Medicine, and his primary area of practice is obstetrics and gynecology.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 1998 WL 883318 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

**\*3** Dr. Brustowicz' "expert report" is a compilation of police and coroner's reports, and other documents he generated in his capacity as coroner. An undated report prepared by one of the coroner's investigators, Mike Ruble, describes the manner of death as "accident." The death certificate that Dr. Brustowicz signed also indicates that the manner of death was an accident, not suicide. Police reports in the same set of documents, however, describe the manner of death as suicide.

After this lawsuit commenced, Dr. Brustowicz purportedly informed the defendant, in unsworn testimony, that in his opinion Dean committed suicide. Plaintiff seeks to exclude this opinion. Plaintiff also evidently seeks to exclude documents in his "report" that refer to suicide, but not those that attribute Dean's death to "accident."

Plaintiff urges the Court to exclude Dr. Brustowicz' testimony as part of the "gate-keeping" function described in *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Under *Daubert,* before the district court permits expert scientific testimony, it must determine whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. *Wheat v. Pfizer, Inc.* 31 F.3d 340 (5th Cir.1994), *citing Daubert,* 113 S.Ct. at 2796.

The Court declines to apply *Daubert* without having before it the actual testimony of Dr. Brustowicz. The defendant asserts in its memorandum that Dr. Brustowicz stated his opinion during a deposition. However, during oral argument, defendant explained that Dr. Brustowicz gave no sworn testimony because plaintiff did not attend the scheduled deposition. Based on what presently is before the Court, however, Dr. Brustowicz' opinion is admissible. He has served as coroner since 1988, and he is board certified in forensic medicine. His experience and background qualify him to render an opinion on the manner of Dean's death. *Cf. Carter v. Fenner,* 136 F.3d 1000, 1012 (5th Cir.1998) (coroner was qualified to offer opinion on behavior of people under influence of alcohol, where coroner was expert in forensic pathology, had degree in medicine, and had extensive experience in dealing with persons under influence of alcohol). Furthermore, the fact that Dr. Brustowicz did not attend the autopsy does not disqualify him from rendering an opinion on the manner of death. As coroner, surely he has experience inferring the manner of death from information contained in police and coroner's investigative reports. It is irrelevant that some of the statements in the reports may be inadmissible, so long as the reports are of a type reasonably relied on by experts in forming opinions or inferences on the subject. *See, e.g. United States v. Williams,* 447 F.2d 1285, 1290-91 (5th Cir.1971).

The plaintiff also argues that Dr. Brustowicz should not be able to testify that the death was a suicide, because this opinion contradicts the death certificate he signed. Plaintiff cites no authority for the proposition that an expert may not offer an opinion that is contrary to an earlier report. At oral argument, counsel for plaintiff suggested that the coroner's report and/or death certificate preclude relitigation of the manner of Dean's death. However, this argument is without merit, because K-Mart-the party against whom Res Judicata is being asserted-was not a party to the coroner's investigation. *See* La.Rev.Stat. § 1341. If Dr. Brustowicz testifies that the death was a suicide, in contravention of his office's determination that it was an accident, then the plaintiff may reveal this through cross-examination. The consistency (or lack thereof) of Dr. Brustowicz' present opinion with reports he signed at the time of Dean's death goes to the weight of his testimony, not its admissibility. Accordingly, the motion in limine is denied, subject to the Court's ruling on Plaintiff's Objection to Ex. 8, *supra.*

2) Strike Slidell Police Officers as witnesses

**\*4** In the original pretrial order, the defendant listed "investigating police officers" as witnesses. On October 19, 1998, defendant amended the witness list with the names of police officers that were at the scene of Dean's death. The officers may testify regarding factual observations they made at the scene. Assuming a proper foundation has been laid,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d								Page 4
Not Reported in F.Supp.2d, 1998 WL 883318 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

they may use the investigative reports to refresh their memory. However, the officers are not qualified to render an opinion as to the cause of Dean's death, i.e. whether it was an accident or suicide.

*Defendant's Objections to Plaintiff's Trial Exhibits*

1) Ex. 1: Medical Records of Louis Provenza, M.D.

Dr. Provenza was Dean's treating physician prior to Dean's death. Defendant objects to admission of Dr. Provenza's medical records on hearsay grounds. However, the records are admissible hearsay if kept in the regular course of business, even if statements within the reports are not admissible. *Rock v. Huffco Gas & Oil, Inc.,* 922 F.2d 272, 278-79 (5th Cir.1991); Fed. R. Ev. 803(6). More important, if Dr. Provenza's records were provided to K-Mart, as alleged by the plaintiff, they are admissible for the nonhearsay purpose of establishing that K-Mart had notice of Dean's medical condition. *United States v. Central Gulf Lines, Inc.,* 747 F.2d 315, 319 (5th Cir.1985). Accordingly, defendant's objection to this exhibit is overruled.

2) Exs. 3 & 5: Correspondence from Paul Demarest

Paul Demarest represented Mr. Dean throughout workers' compensation proceedings against K-Mart. Mr. Demarest sent several letters to K-Mart and its counsel seeking approval of Dean's surgery. The defendant contends that the letters are inadmissible hearsay. However, they are relevant for the nonhearsay purpose of proving that K-Mart had notice of Dean's requested surgery and the alleged necessity of its approval. *United States v. Central Gulf Lines, Inc., supra.* Accordingly, defendant's objection to this exhibit is overruled.

3) Ex. 4: Prior Judgments of Office of Workers' Compensation Administration

The plaintiff seeks to offer into evidence judgments from the Office of Workers' Compensation Administration (OWCA) relating to Mr. Dean's claims and those of his children. The decisions may be admissible under Fed. R. Ev. 803(8). However, their probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, and danger of misleading the jury. Fed. R. Ev. 403. The Court has already held that certain findings of the ALL preclude further litigation of those issues. Rec. Doc. 55 (Oct. 13, 1998). The probative value of those decisions is greatly reduced because the most relevant findings will not be relitigated in this action. Most of the remaining issues determined by the ALL are distinct from those at issue in this case, which potentially will confuse the jury. Non-distinct issues should not be admitted, to prevent the jury from misconstruing the OWCA decisions as dispositive of issues in this case and giving undue weight to those proceedings. Accordingly, defendant's objection to these exhibits is sustained. [FN1]

> FN1. Whether portions of the OWCA decisions may be used for impeachment purposes will be determined on a case by case basis at trial.

4) Ex. 10: Expert Report of Max Chotto

**\*5** Max Chotto is listed in the pretrial order to testify live at the trial. If he does testify at the trial, then his expert report is redundant and may be inadmissible hearsay. Counsel for plaintiff did not oppose this objection in the memorandum of opposition or at oral argument. Accordingly, defendant's objection to this exhibit is sustained.

5) Exs. 12 & 13: Transcripts of Workers' Compensation Hearings

The transcripts may contain admissible testimony, such as that of Mr. Dean. Fed. R. Ev. 804(b)(1). However, the Court cannot determine whether the transcripts are admissible without knowing which portions plaintiff intends to introduce. At oral argument, counsel for plaintiff agreed to identify portions it will use by the next pretrial conference. Accordingly, defendant's objection to this exhibit is

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 5
Not Reported in F.Supp.2d, 1998 WL 883318 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

overruled, with the understanding that defendant may reurge the objection after plaintiff has identified the portions it seeks to introduce.

*Defendant's Motion in Limine*

1) Expert testimony of G. Paul Demarest

Plaintiff lists G. Paul Demarest as an "Expert and Fact" witness. Mr. Demarest, an attorney, represented Dean in connection with his workers' compensation claim before the OWCA. Defendant contends that Mr. Demarest's testimony will not assist the jury to determine whether K-Mart acted in a reckless manner in its handling of Dean's workers' compensation claim, *Peters v. Five Star marine Service,* 898 F.2d 448 (5th Cir.1990), and, alternatively, that because Demarest was an advocate for Dean, his testimony will not be neutral and will unfairly prejudice the jury against K-Mart. Def.'s Mem., Rec. Doc. 63 (Nov. 3, 1998), at 3-4. Plaintiff replies that Mr. Demarest's testimony will help jurors understand "the requirements placed upon an employer by the workers' compensation Act." Pl's Mem. Opp'n, Rec. Doc. 65 (Nov. 6, 1998), at 2.

It is the province of the Court, not an expert witness, to instruct jurors on legal principles. Therefore, Mr. Demarest may not offer "expert" testimony on the Louisiana Workers' Compensation Act, or on the meaning of any of the OWCA decisions. However, a central issue in this case is whether K-Mart was arbitrary and capricious in its handling of Dean's workers' compensation claims. Mr. Demarest participated in, and was a first-hand observer of, the events that took place between Dean and K-Mart prior to Dean's death. Therefore, he may testify regarding facts, of which he has first-hand knowledge, that are relevant to plaintiff's present claim. Accordingly, defendant's motion in limine is granted in part, denied in part.

For the reasons stated above, IT IS ORDERED that:

1) Plaintiff's Objection to Defendant's Ex. 2 is SUSTAINED;

2) Plaintiff's Objection to Defendant's Ex. 8 is SUSTAINED in part, OVERRULED in part;

3) Plaintiff's Objection to Defendant's Ex. 10 is OVERRULED;

4) Plaintiff's Objection to Defendant's Ex. 15 is DISMISSED as moot;

5) Plaintiff's Objection to Defendant's Ex. 19 is OVERRULED;

**\*6** 6) Plaintiff's Motion to Limit the Expert Testimony of Theodore R. Brustowicz and Strike his Expert Report is DENIED;

7) Plaintiff's Motion to Strike Slidell Police Officers as Witnesses is DENIED;

8) Defendant's Objection to Plaintiff's Ex. 1 is OVERRULED;

9) Defendant's Objections to Plaintiff's Exs. 3 & 5 are OVERRULED;

10) Defendant's Objection to Plaintiff's Ex. 4 is SUSTAINED;

11) Defendant's Objection to Plaintiff's Ex. 10 is SUSTAINED;

12) Defendant's Objections to Plaintiff's Exs. 12 & 13 is OVERRULED;

13) Defendant's Motion to Exclude Testimony of Paul Demarest is GRANTED in part. DENIED in part.

E.D.La.,1998.
Springer v. K-Mart Corp.
Not Reported in F.Supp.2d, 1998 WL 883318 (E.D.La.)

Briefs and Other Related Documents (Back to top)

• 2:97cv03283 (Docket) (Oct. 21, 1997)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.