# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

_____

## DEFENDANTS' MOTION FOR HEARING AND FOR STATUS CONFERENCE
_____

      Defendants hereby move, pursuant to District of Colorado Local Rule 7.1, for a hearing on plaintiffs' Motion for Entry of Judgment and on defendants' Motion for Certification of Interlocutory Appeal. Defendants further request a status conference before the entry of judgment, if the Court is inclined to enter judgment at all. In support thereof, defendants state as follows:

      1.    On February 14, 2006, following a lengthy trial, the jury returned a verdict on plaintiffs' trespass and nuisance claims relating to prospective invasions under Section 930 of the Second Restatement of Torts.

      2.    Immediately after trial, this Court expressed an inclination to allow the Tenth Circuit to hear an appeal, and invited the parties to comment on how best to proceed. Specifically, on February 17, 2006, this Court asked counsel to comment on whether judgment could be entered under Rule 54(b), or whether the Court should certify an interlocutory appeal under 28 U.S.C. § 1292. (2/17/06 Tr. at 10822)

3. During that conference, this Court stated that it would "give you an opportunity to argue" on this fundamental issue, and would "have another status conference and determine the best way to proceed." (*Id*. at 10829)

4. Plaintiffs have since moved for entry of judgment under Federal Rule of Civil Procedure 54(b). (5/4/06 Pls.' Motion for Entry of Judgment). Defendants oppose plaintiffs' premature Motion for Entry of Judgment, and have moved for certification of certain discrete orders for interlocutory appeal pursuant to 28 U.S.C. § 1292. (1/22/07 Defs.' Response to Motion for Entry of Judgment; 1/22/07 Defs.' Motion for Certification of Interlocutory Appeal)

5. District of Colorado Local Rule 7.1 provides that "[a] motion may be decided on the papers unless oral argument, at the court's discretion, is ordered."

6. There is more than ample reason to hold a hearing on plaintiffs' Motion for Entry of Judgment and defendants' Motion for Certification of Interlocutory Appeal. The entry of judgment is a weighty decision in any case, and that is especially true here, given that plaintiffs' proposed judgment is deeply problematic for procedural and substantive reasons. The outcome of the two motions will have a significant impact on this case going forward – everyone agrees that the parties are at an important fork in the road. All parties agree that the Tenth Circuit should review this case at the earliest opportunity, but fundamentally disagree about the proper procedural avenue for an appeal at this juncture. Before this Court selects either path, or perhaps charts some other course, defendants respectfully request a full opportunity to present these issues for the Court's benefit. The gravity of the issues warrants a full opportunity for the parties to explain their respective positions, present pertinent materials, and respond to any questions raised by the Court.

7.      As explained in defendants' response to the Motion for Entry of Judgment, Rule 54(b) would not permit the entry of final judgment in this case.  But if this Court is inclined to enter a judgment, defendants respectfully request prior notice and an opportunity to be heard so as to ensure the orderly disposition of all of the pleadings, procedural and other matters that must occur in the immediate aftermath of the entry of any such judgment.  During the February 17, 2006 conference, this Court indicated that it would provide such notice prior to any entry of judgment.  (*Id.* at 10829)  Defendants respectfully request a status conference before the entry of judgment in this case, if any.

WHEREFORE, for the foregoing reasons, defendants respectfully request that this Court hold a hearing on plaintiffs' Motion for Entry of Judgment and defendants' Motion for Certification of Interlocutory Appeal.  Defendants further respectfully request that this Court hold a status conference before the entry of judgment, if the Court is inclined to enter judgment at all.

Dated:  January 23, 2007                            Respectfully submitted,


s/ John E. Tangren
One of the Attorneys for the Defendants
David M. Bernick
John E. Tangren
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:     312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:     303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
BERGER & MONTAGUE P.C.
1622 Locust Street
Philadelphia, PA  19103
pnordberg@bm.net
kmarkert@bm.net


Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com


                              s/ Courtney Biggins
                              Courtney Biggins (legal assistant)