**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**No. 90-cv-181**

---

**MERILYN COOK, et al.,**

    Plaintiffs,

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    Defendants.

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR CERTIFICATION
OF INTERLOCUTORY APPEAL**

---

Plaintiffs respectfully submit this memorandum in opposition to Defendants' Motion for Certification of Interlocutory Appeal (Jan. 12, 2007) [Ct. Rec. 2222].

In the wake of a four-month trial, in which the class claims were successfully brought to verdict following fifteen years of pretrial preparations, defendants' only proposal for moving this litigation toward final disposition is certification of just *three* pretrial orders, and *one* post-trial order, for interlocutory appeal. None of those orders would represent a practicable vehicle, by itself or in combination with the other three, for meaningful appellate review of the trial or the verdict, or for *any* review that would be fully informed by the now mature record in this case.

After considering each of the four orders for which defendants seek certification, plaintiffs will offer a few concluding remarks.

**The Memorandum Opinion and Order of July 24, 2003.**  Plaintiffs are skeptical that appeal of this order may be had under 28 U.S.C. § 1292(b).  The Court's Memorandum Opinion and Order of July 24, 2003, certainly contains rulings that were important in defining the law of this case and shaping its subsequent course.  However, the Court's opinion did not itself adjudicate any pending motion or afford any relief.  It did not grant or deny summary judgment, admit or exclude testimony, approve or disapprove a jury instruction, or otherwise take any formal procedural step in the litigation (except to announce that a status conference would be scheduled to set a trial date).  Rather, the Court's opinion set forth a general legal analysis of various issues surrounding preemption, trespass, and nuisance, and thereby "clarifie[d] the scope of trial in the Property Class phase of this action."  *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 1175, 1178 (D. Colo. 2003).

The Tenth Circuit might be able to pronounce on the extent of its abstract agreement or disagreement with the legal analysis in the Court's opinion.  But whatever its conclusions on that score, no dispositive outcome could follow.  The *most* that could eventuate would be a remand for further proceedings in light of the Tenth Circuit's own views.  Even if the Tenth Circuit concluded, for example, that applicable federal statutes and regulations do preempt inconsistent state duties of care, and even if it moreover concluded that it is plaintiffs' burden to show a violation of federal standards, it would not follow, as defendants suggest, that the claims could be dismissed.  Whatever *this* trial record may show about violations of federal standards, plaintiffs would be entitled to a new trial, if necessary, to satisfy whatever standard the Tenth Circuit might announce.

It is not completely clear, however, that the Tenth Circuit could do even that much.  Because this Court's opinion merely stated certain legal principles, to be given effect only in later rulings on such subjects as the jury instructions, it is unclear in what sense the order itself could be "reversed,"

*Plaintiffs' Opposition to Defendants' Motion for Interlocutory Appeal – Page 2*

or what consequences could follow from such a "reversal." The real question, perhaps, is whether the jury instructions ultimately given on these issues contained any prejudicial error – but *that* question would call for review of the instructions themselves, in the context of a larger procedural and factual record.

**The Memorandum Opinion and Order of December 17, 2004.** Much of what has already been said applies as well to the Court's opinion of December 17, 2004. That opinion analyzed significant legal issues posed by the parties' proposed jury instructions, and thus helped to forge important progress in the case, but on its face, it did not reduce its legal analysis to ultimate operative effect. The Tenth Circuit might be able to decide, for example, whether the availability of a statute of limitations defense depends on abatability under Colorado law, but it could not decide in the first instance what instruction on that point, if any, would be supportable on the facts of this case. The most it could seemingly do would be to remand for further proceedings in light of its abstractly considered legal views.

**The Order of May 17, 2005, on Scheduling and Jury Instruction Issues**. There may be some occasion on which a federal appellate court has granted post-trial interlocutory review of a pretrial order setting a trial plan. But if so, defendants do not cite it, and plaintiffs have not unearthed it. In any event, it verges on the surreal to contemplate "interlocutory" appellate review of a trial plan without appellate consideration of the actual trial already conducted under that plan. Interestingly, defendants have not sought interlocutory review of the Court's class certification decision itself.[1]

---

[1] Plaintiffs express no view on what effect the adoption of Fed. R. Civ. P. 23(f) may have had on the appealability of class certification decisions under section 1292(b).

*Plaintiffs' Opposition to Defendants' Motion for Interlocutory Appeal – Page 3*

**The Memorandum Opinion Regarding Jury Instructions of December 7, 2006.** This order does memorialize formal relief granted and denied by the Court. If the Court felt that appellate review could not be obtained through entry of judgment, and if the Court instead sought to secure appellate guidance by certifying some collection of its orders under section 1292(b), this order would no doubt belong in the collection. Plaintiffs will confess to some uncertainty, however, about the terms on which "interlocutory" review of this opinion would be conducted. Plaintiffs' research discloses no answers to that question, because plaintiffs' research discloses no precedent for "interlocutory" certification of a court's jury instruction decisions on a post-trial basis. The normal practice, of course, is to review any challenged jury instructions on appeal from final judgment and in light of the full trial record.

**Concluding Observations.** Defendants' program for "interlocutory" review of a few cherry-picked orders, divorced from appellate consideration of the actual trial conducted in this case, suffers from all the demerits plaintiffs have elsewhere described.[2] As plaintiffs noted last May in moving for entry of judgment:

> Even if selective certified [interlocutory] appeals resulted in reversal on some legal issues, the ultimate appellate disposition of others would remain just as much in suspense, pending a second round of appeals, as before the first appeals were taken. In the event of affirmance, meanwhile, the Court and the parties would be precisely no further along, in their progress toward satisfying the conditions for entry of judgment, than they already are. The only net effect would be that the case had been consigned to the very sort of piecemeal appellate review and judicial inefficiencies that the final judgment rule and section 1292(b) are in place to prevent.[3]

---

[2] *See* Pls.' Mem. of Law in Support of Pls.' Mot. for Entry of Judgment, at 9-14 (May 4, 2006) [Ct. Rec. 2170].

[3] *Id.* at 12.

*Plaintiffs' Opposition to Defendants' Motion for Interlocutory Appeal – Page 4*

The Tenth Circuit's review of the class trial should be based on the entire record, should occur on one single occasion, and should be pursued in a manner more likely to move this litigation toward prompt resolution than to prolong it.  Entry of final judgment is permissible and appropriate in this case.  It is the appropriate path for obtaining appellate review.

Plaintiffs respectfully request that defendants' motion for certification of interlocutory appeals be denied, and that judgment be entered on the verdict.

Dated: March 19, 2007                                            Respectfully submitted,

s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
David F. Sorensen
Ellen T. Noteware
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise Roselle
Jean M. Geoppinger
Waite, Schneider, Bayless
  & Chesley Co., L.P.A.
1513 Central Trust Tower
Cincinnati, OH 45202
(513) 621-0267

Attorneys for Plaintiffs
And the Class

## CERTIFICATE OF SERVICE

      I hereby certify that on March 19, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

      David M. Bernick, Esq.
      Kirkland & Ellis LLP
      200 East Randolph Drive
      Chicago, IL 60601

          and

      Joseph J. Bronesky, Esq.
      Sherman & Howard, LLC
      633 Seventeenth Street, Suite 3000
      Denver, CO 80202

      Attorneys for Defendants

                                          s/ Peter Nordberg
                                          Peter Nordberg