# Exhibit 3

IN THE UNITED STATES DISTRICT COURT

CASE NO. _____

(Companion Case to No. 75-X-29)

| | | |
|---|---|---|
| MARCUS F. CHURCH and MARCUS F. CHURCH, TRUSTEE, ) ) ) | | |
| Plaintiff, ) ) | **75  1162** | |
| vs. ) ) | COMPLAINT | |
| UNITED STATES OF AMERICA; DOW CHEMICAL COMPANY; and NORTH AMERICAN ROCKWELL CORPORATION, ) ) ) ) | | |
| Defendants. ) | | |

## PARTIES AND JURISDICTION

1. Marcus F. Church is a resident of the County of Jefferson, State of Colorado. Marcus F. Church is a trustee under a revocable living trust for his sister, Ruth C. McKay.

2. Plaintiff, in both capacities, is the owner of lands and water rights in Jefferson County, Colorado.

3. Dow Chemical Company (Dow) is a corporation organized under the laws of the State of Delaware, with principal offices in Michigan, qualified to do business in Colorado, and until July 1, 1975, operated the Rocky Flats Plant (Plant) of the Atomic Energy Commission in Jefferson County, Colorado.

4. North American Rockwell Corporation (Rockwell) is a Delaware corporation, with principal offices in a state other than Colorado, qualified to do business in Colorado, and since July 1, 1975, has been and is operating the Plant in Jefferson County, Colorado.

5. The Atomic Energy Commission (AEC), the Energy Research and Development Administration (ERDA), and the Nuclear Regulatory Commission (NRC) (the "agencies") are Federal statutory agencies of the United States of America responsible for the operation of the Plant in Jefferson County, Colorado, and are agents of the United States of America as defined in the Federal Tort Claims Act.

6. This civil action, wherein the matter in controversy exceeds $10,000, arises under the laws of the United States of America and is between citizens of different states, and includes a tort claim against the United States of America. This Court has jurisdiction because of Federal questions under 28 U.S.C. 1331, diversity under 28 U.S.C. 1332(a)(1), and the Federal Tort Claims Act under 28 U.S.C. 1346(b) and 2671, et seq.

7. More than six months have elapsed since plaintiff filed his claim against the United States of America, AEC, ERDA, NRC, and Dow, a copy of which is in the Court files in companion Case No. 75-X-29, and has been served on all of said named defendants except Rockwell, and is hereby incorporated herein and hereof made a part as Exhibit 1.

### FIRST CLAIM FOR RELIEF

8. From 1953 to the present time, plaintiff or plaintiff's family have owned the following described 1,440 acres of land situate in Jefferson County, Colorado:

The following lands are now owned by Marcus F. Church and Marcus F. Church, Trustee:

```
Section  9:  W1/2W1/2;
Section 16:  Permanent reservoir and ditch, rights-of-
             way, and easements;
Section 21:  E1/2E1/2; NW1/4NE1/4;
Section 22:  N1/2N1/2;
Section 23:  All except Tracts 3, 4, 5, 6, and 7 and
             Lots A and B, Rocky Flats Industrial
             District No. 1, and Tract A, Rocky Flats
             Industrial Park Filing No. 2;
Section 24:  NE1/4;
```

All in Township 2 South, Range 70 West of the 6th P.M., Jefferson County, Colorado.

The following lands are owned by Marcus F. Church individually:

```
Section 21:  N1/2NW1/4; SW1/4NW1/4, except 3 acres
             described in Book 1175 at Page 350 of
             the records of the Clerk and Recorder,
             Jefferson County, Colorado; and that
             part of the N1/2SW1/4 described in Book
             1175 at Pages 349 and 351 of the records
             of the Clerk and Recorder, Jefferson
             County, Colorado;
```

All in Township 2 South, Range 70 West of the 6th P.M., Jefferson County, Colorado.

The following water rights are owned by Marcus F. Church and Marcus F. Church, Trustee (Marcus F. Church - 1/4; Marcus F. Church, Trustee - 3/4):

## LAST CHANCE DITCH
### DIRECT FLOW DECREES

| Water Div. | Priority Numbers 1974 SEO* Basin Rank | Name of Water Right | Amount (AF) | Adjudication Date | Appropriation Date | Decreed Use |
|---|---|---|---|---|---|---|
| 6 | 244 | Last Chance | 3.23 | 6/02/1882 | 5/01/1870 | Irrigation |

### SMART RESERVOIR (ROCKY FLATS LAKE)

| Water Div. | Priority Numbers 1974 SEO* Basin Rank | Amount (AF) | Cumul. Amount (AF) | Adjudication Date | Appropriation Date | Status |
|---|---|---|---|---|---|---|
| 5 | 676 | 236.6 | 236.6 | 12/19/1900 | 9/01/1882 | Final |
| 9 | 1072 | 94.7 | 331.3 | 12/19/1900 | 9/01/1892 | Final |
| 16 | 1827 | 119.7 | 451.0 | 6/21/1926 | 10/21/1909 | Final |
| 45 | 3215 | 233.87 | 684.87 | 7/17/1961 | 4/13/1956 | Final |
| 45 | 3215 | 190.00 | | 7/17/1961 | 4/13/1956 | Conditional |
| 52 | 3292 | 131.12 | | 3/04/1964 | 6/15/1962 | Refill |
| 52 | 3292 | 743.83 | Refill | 3/04/1964 | 6/15/1962 | Refill - Final |

*State Engineer's Office.

NOTE: Priorities 5, 9, and 16 are decreed for irrigation only; the others are for irrigation, domestic, manufacturing, recreation, fish culture, and beneficial use. There is pending a change in use application to change direct flow to storage and storage for irrigation to storage for all purposes.

9. Plaintiff's land and water rights, as described herein, and the Plant are adjacent to one another.

10. Operations at the Plant include, but are not limited to, the processing of ultrahazardous fissionable materials, primarily plutonium, as components of atomic and hydrogen weapons.

11. From the commencement of operations at the Plant until July 1, 1975, Dow, the United States of America, and the agencies controlled the operations and management of the Plant.

12. From July 1, 1975, to the present time, Rockwell, the United

- 3 -

States of America, and the agencies controlled the operations and management of the Plant.

13. From the commencement of operations at the Plant and continuing to the present time, the negligent or wrongful acts or omissions of employees of the agencies and of defendants, while acting in the scope of their office or employment, has caused the contamination of plaintiff's real property and water rights.

14. Such contamination is a continuing process by air, soil, and water.

15. Defendants' negligent operation of the Plant is the direct and proximate cause of such contamination and has resulted in damage to plaintiff's land and water rights in the amount of $4,996,250.

### SECOND CLAIM FOR RELIEF
### (STRICT LIABILITY)

16. Plaintiff hereby adopts Paragraphs 1 through 15 of the Complaint in this and all following claims for relief.

17. All defendants are strictly liable to plaintiff for the acts, omissions, and damages described in this Complaint because of the ultrahazardous nature of their operations and the materials they work with, the unreasonable risk of harm to those outside the Plant, and the otherwise unpolluted nature of plaintiff's lands and properties in the area of the Plant.

### THIRD CLAIM FOR RELIEF
### (TRESPASS AGAINST DOW AND ROCKWELL ONLY)

18. Without the consent of plaintiff and against his will, defendants Dow and Rockwell have continuously trespassed and do continuously trespass above, upon, and under the surface of his lands by causing or permitting their radioactive and other toxic materials to enter his lands, air, and water, and by failing to remove those substances.

### FOURTH CLAIM FOR RELIEF
### (NUISANCE AGAINST DOW AND ROCKWELL ONLY)

19. Radioactive and other toxic materials which escaped as a result of the negligent acts and omissions of defendants Dow and

- 4 -

Rockwell contaminated the soil, waters, and air at the Plant and plaintiff's property, which is otherwise unpolluted. Such distribution and redistribution of radioactive material to air, soil, and water is a continuing process which has made plaintiff's land and water unfit for use or occupation and constitutes a continuing nuisance. Defendants have notice of this nuisance but have failed to abate it. This nuisance unreasonably interferes with plaintiff's use and enjoyment of his property.

### FIFTH CLAIM FOR RELIEF
(EXEMPLARY DAMAGES AGAINST DOW AND ROCKWELL ONLY)

20. The degree of care required of defendants Dow and Rockwell in the supervision and operation of the Plant is commensurate with the ultrahazardous nature of plutonium, which is one of the most dangerous and damaging substances ever created in bulk by man, and of other radioactive and toxic materials handled at the Plant.

21. Dow's and Rockwell's operations were conducted with a wanton and reckless disregard of plaintiff's rights, with an utter disregard of the consequences, and with entire want of care for plaintiff's properties and operations in the vicinity of the Plant.

22. Dow and Rockwell knew, or should have known, of the danger to plaintiff's property, that injury would necessarily result by their negligence, and yet they performed acts heedlessly without regard to plaintiff's rights and feelings, and by failure to take prompt and effective remedial action when such negligence and danger was discovered, or to notify the plaintiff of the hazard thereby created to life and property, were guilty of conduct totally inconsistent with the standards of care required of them.

23. These failures were or should have been known by the United States of America and its agents.

24. Exemplary damages commensurate with the damage done plaintiff and sufficient to deter future acts resulting in plaintiff's damage should be awarded plaintiff against Dow and Rockwell in the sum of $15,000,000.

WHEREFORE, plaintiff requests judgment on the first two claims for relief in the sum of $4,996,250 against the United States of America, Dow and Rockwell; and on the third, fourth, and fifth claims for relief for $4,996,250, plus $15,000,000 in exemplary damages against Dow and Rockwell; plus costs, interest, attorneys' fees, and such other relief as may be just on all claims.

Respectfully submitted,

FAIRFIELD AND WOODS

By /s/ Charles J. Beise
Charles J. Beise
Attorneys for Plaintiff
1536 First National Bank Building
Denver, Colorado 80202
Telephone: 534-6135

Address of Plaintiff:

10100 Wadsworth Boulevard
Broomfield, Colorado 80020

- 6 -