# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-cv-181-JLK
_____

**MERILYN COOK,**
**LORREN and GERTRUDE BABB,**
**RICHARD and SALLY BARTLETT, and**
**WILLIAM and DELORES SCHIERKOLK,**

   **Plaintiffs,**

      v.

**ROCKWELL INTERNATIONAL CORPORATION and**
**THE DOW CHEMICAL COMPANY,**

   **Defendants.**
_____

[PLAINTIFFS' REVISED PROPOSED]
FINAL JUDGMENT
_____

A jury trial was held in this matter beginning October 6, 2005, and ending February 14, 2006, when the jury returned its verdict. Among the matters tried were claims by the Representative Plaintiffs (as defined below) and the Damages Subclass[1] (as defined below) arising from prospective invasions of their interests in land, pursuant to the Price-Anderson Act, 42 U.S.C. § 2210, Colorado law, and *Restatement* (*Second*) *of Torts* § 930. The Representative Plaintiffs and the Damages Subclass have moved for entry of judgment on the verdict on those claims pursuant to 28 U.S.C. § 1291 and Fed. R. Civ. P. 54(b). As more fully explained in the Court's separate opinion granting

---

[1] Plaintiffs' note: Here and at other locations in this document, the language has been adjusted in response to defendants' objection that judgment may be entered only for the claims of the Damages Subclass.

that motion, the Court has determined that the relevant claims for relief have been finally adjudicated and that there is no just reason for delay in entry of judgment on those claims. Accordingly, the Court hereby renders final judgment for the Representative Plaintiffs and the Damages Subclass, as more fully set forth below.

## PARTIES

1.  The Representative Plaintiffs are plaintiffs Merilyn Cook, Lorren and Gertrude Babb, Richard and Sally Bartlett, and William and Delores Schierkolk, suing on their own behalf and for a Property Class previously certified by this Court in *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378 (D. Colo. 1993).

2.  The Property Class includes all persons and entities not having opted out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates, parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached to this Final Judgment as Appendix A. The Damages Subclass includes all members of the Property Class who still owned their properties as of January 30, 1990.

3.  The term "Plaintiffs" is used in this Final Judgment to refer to the Representative Plaintiffs and the Damages Subclass, collectively.

4.  The defendants are Dow Chemical Company ("Dow") and Rockwell International Corporation. The Boeing Company, a Delaware corporation headquartered in Chicago, Illinois, is successor-in-interest to Rockwell International Corporation and has represented to the Court that it is answerable for any judgment rendered against Rockwell International Corporation in this

matter. Accordingly, execution may proceed against The Boeing Company under this Final Judgment as though against Rockwell International Corporation and to the same extent. As used in this Final Judgment, the term "Rockwell" includes both Rockwell International Corporation and The Boeing Company, and the term "Defendants" includes both Dow and Rockwell.[2]

## CLAIMS

5. The claims for relief as to which final judgment is hereby entered include all claims by Plaintiffs in this action arising from prospective invasions of their interests in land pursuant to the Price-Anderson Act, 42 U.S.C. § 2210, Colorado law, and *Restatement* (*Second*) *of Torts* § 930, and only such claims.[3]

## AMOUNT OF JUDGMENT

### Compensatory Damages

6. The Court orders that Plaintiffs recover compensatory damages from Dow in the amount of $631,934,950.47, inclusive of prejudgment interest.[4]

---

[2] Plaintiffs' note: Paragraph 4 has been adjusted in light of defendants' objection that judgment should be entered against Rockwell, not its corporate successors, and in light of The Boeing Company's agreement that plaintiffs may collect from Boeing under any judgment against Rockwell International Corporation.

[3] Plaintiffs' note: The language of paragraph 5 has been adjusted to conform the description of the claims to the description given in the opening paragraph.

[4] Plaintiffs' note: Paragraphs 6-8 have been adjusted in response to defendants' objection that judgment must be for a stated sum certain. The figure in paragraph 6 represents $159,165,306.00 (90% of the total compensatory damages awarded by the jury), plus 9% interest on that amount, compounded annually, from 1/30/90 through 1/30/07. For every day between 1/30/07 and entry of judgment, another $155,819.57 should be added (assuming judgment is entered before 1/30/08). Alternatively, at 8% interest, compounded annually over the same period, the total figure for Dow's compensatory damages through 1/30/07 would be $545,291,209.16, plus an additional $119,515.88 for

(continued...)

7. The Court orders that Plaintiffs recover compensatory damages from Rockwell in the amount of $491,504,961.47, inclusive of prejudgment interest.[5]

8. The total compensatory damages collected by Plaintiffs from all Defendants pursuant to this Final Judgment shall not exceed the sum of $702,149,944.97, inclusive of prejudgment interest.[6]

## Exemplary Damages

9. In addition to the sums recoverable by Plaintiffs under Paragraphs 6-8 of this Final Judgment, the Court orders that Plaintiffs recover exemplary damages from Dow in the amount of $110,800,000.00.

10. In addition to the sums recoverable by Plaintifs under Paragraphs 6-9 of this Final Judgment, the Court orders that Plaintiffs recover exemplary damages from Rockwell in the amount of $89,400,000.00.

---

[4](...continued)
every day thereafter.

[5] Plaintiffs' note: The figure in paragraph 7 represents $123,795,238.00 (70% of the total compensatory damages awarded by the jury), plus 9% interest, compounded annually, from 1/30/90 through 1/30/07. For every additional day after 1/30/07 and preceding entry of judgment, another $121,193.00 should be added. Alternatively, at 8% interest, compounded annually over the same period, the total figure for Rockwell's compensatory damages through 1/30/07 would be $424,115,384.91, plus an additional $104,576.39 for every day thereafter.

[6] Plaintiffs' note: The figure in paragraph 8 represents $176,850,340.00 (the total collectible compensatory damages awarded by the jury), plus 9% interest, compounded annually, from 1/30/90 through 1/30/07. For every additional day after 1/30/07 and preceding entry of judgment, another $173,132.86 should be added. Alternatively, at 8% interest, compounded annually over the same period, the total figure for collectible compensatory damages through 1/30/07 would be $605,879,121.29, plus an additional $149,394.85 for every day thereafter.

### Costs, Fees, and Expenses

11.     The Court orders that Plaintiffs recover their costs of suit herein.  Plaintiffs shall file a bill of costs pursuant to Local Rule 54.1.  Proceedings on attorneys' fees and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) shall be deferred until such time as the Court may later direct.[7]

### Post-Judgment Interest

12.     Post-judgment interest is payable on all the above amounts at the rate prescribed in C.R.S. § 13-21-101(3), from the date this Final Judgment is entered until the date this Final Judgment is paid.

### STAY OF EXECUTION

13.     Execution on this Final Judgment against Dow is STAYED until: (a) such time as Dow files a timely notice of appeal, in which event Dow may secure an additional stay of execution pursuant to Fed. R. Civ. P. 62(d) and effective upon the Court's approval of Dow's supersedeas bond or such alternative security as the Court may approve; or (b) expiration of the time allowed for filing any appeal from this Final Judgment, if Dow files no timely notice of appeal.[8]

14.     Execution on this Final Judgment against Rockwell is STAYED until: (a) such time as Rockwell files a timely notice of appeal, in which event Rockwell may secure an additional stay

---

[7] Plaintiffs' note: The second sentence of paragraph 11 has been added.  Under Fed. R. Civ. P. 54(d)(2)(B), a motion for attorneys' fees would fall due 14 days after entry of judgment, unless the Court otherwise directs.

[8] Plaintiffs' note: The language in paragraphs 13-14 (formerly paragraphs 18-19) has been revised to allow for the possibility that appropriate guarantees from the United States Department of Energy would eliminate the need for defendants to secure a bond from the private market at potentially substantial taxpayer expense.

of execution pursuant to Fed. R. Civ. P. 62(d) and effective upon the Court's approval of Rockwell's supersedeas bond or such alternative security as the Court may approve; or (b) expiration of the time allowed for filing any appeal from this Final Judgment, if Rockwell files no timely notice of appeal.

## DEPOSIT OF FUNDS

15. Subject to further order of the Court, any funds recovered under this Final Judgment shall be deposited in United States government treasury bills or notes, and/or in such other investments as may be approved by the Court from time to time, pending implementation of the Plan of Distribution attached to this Final Judgment as Appendix B. Merrill G. Davidoff of Berger & Montague, P.C., is hereby appointed as escrow agent.

Dated this _____ day of _____, 2007.

_____
John L. Kane, Senior District Judge
United States District Court