# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-cv-181-JLK
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**[PLAINTIFFS' PROPOSED]
FINAL JUDGMENT**
_____

A jury trial was held in this matter beginning October 6, 2005, and ending February 14, 2006, when the jury returned its verdict. Among the matters tried were claims by the Representative Plaintiffs (as defined below) and the Property Class (as defined below) arising from prospective invasions of their interests in land, pursuant to the Price-Anderson Act, 42 U.S.C. § 2210, Colorado law, and *Restatement* (*Second*) *of Torts* § 930. The Representative Plaintiffs and the Property Class have moved for entry of judgment on the verdict on those claims pursuant to 28 U.S.C. § 1291 and Fed. R. Civ. P. 54(b). As more fully explained in the Court's separate opinion granting that motion, the Court has determined that the relevant claims for relief have been finally adjudicated and that there is no just reason for delay in entry of judgment on those claims. Accordingly, the Court hereby renders final judgment for the Representative Plaintiffs and the Property Class, as more fully set forth below.

## PARTIES

1. The Representative Plaintiffs are plaintiffs Merilyn Cook, Lorren and Gertrude Babb, Richard and Sally Bartlett, and William and Delores Schierkolk, suing on their own behalf and for a Property Class previously certified by this Court in *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378 (D. Colo. 1993).

2. The Property Class includes all persons and entities not having opted out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates, parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached to this Final Judgment as Appendix A.

3. The term "Plaintiffs" is used in this Final Judgment to refer to the Representative Plaintiffs and the Property Class, collectively.

4. Defendants are: defendant Dow Chemical Company ("Dow"); and defendant Rockwell International Corporation, and its successors Rockwell Automation, Inc., The Boeing Company, ArvinMeritor, Inc., Conexant Systems, Inc., and Rockwell Collins, Inc. (collectively "Rockwell").

## CLAIMS

5. The claims for relief as to which final judgment is hereby entered include all claims by Plaintiffs in this action for prospective invasions of their interests in land under *Restatement (Second) of Torts* § 930, and only such claims.

## AMOUNT OF JUDGMENT

### Compensatory Damages

6. The Court orders that Plaintiffs recover compensatory damages from Dow in an amount not to exceed the sum of $159,165,306.00.

7. The Court orders that Plaintiffs recover compensatory damages from Rockwell in an amount not to exceed the sum of $123,795,238.00.

8. The total compensatory damages to be recovered by Plaintiffs from all Defendants pursuant to this Final Judgment shall not exceed the sum of $176,850,340.00.

### Pre-Judgment Interest on Compensatory Damages

9. In addition to the sums recoverable by Plaintiffs under Paragraphs 6-8 of this Final Judgment, the Court awards pre-judgment interest on Plaintiffs' compensatory damages pursuant to C.R.S. § 13-21-101(1), at the annual rate of nine per cent (9%) per annum, compounded annually, to be paid from January 30, 1990, until the date of the entry of this Final Judgment.

10. Pre-judgment interest recoverable from Dow on Plaintiffs' compensatory damages shall not exceed interest at the rate of nine per cent (9%) per annum on the sum of $159,165,306.00, compounded annually, from January 30, 1990, until the date of the entry of this Final Judgment.

11. Pre-judgment interest recoverable from Rockwell on Plaintiffs' compensatory damages shall not exceed interest at the rate of nine per cent (9%) per annum on the sum of $123,795,238.00, compounded annually, from January 30, 1990, until the date of the entry of this Final Judgment.

12. The total pre-judgment interest on compensatory damages to be recovered by Plaintiffs from all Defendants pursuant to this Final Judgment shall not exceed interest at the rate

of nine per cent (9%) per annum on the sum of $176,850,340.00, compounded annually, from January 30, 1990, until the date of the entry of this Final Judgment.

### Exemplary Damages

13. In addition to the sums recoverable by Plaintiffs under Paragraphs 6-12 of this Final Judgment, the Court orders that Plaintiffs recover exemplary damages from Dow in the amount of $110,800,000.00.

14. In addition to the sums recoverable by Plaintifs under Paragraphs 6-13 of this Final Judgment, the Court orders that Plaintiffs recover exemplary damages from Rockwell in the amount of $89,400,000.00.

### Pre-Judgment Interest on Exemplary Damages

15. In addition to the sums recoverable by Plaintiffs under Paragraphs 6-14 of this Final Judgment, the Court awards pre-judgment interest on Plaintiffs' exemplary damages pursuant to C.R.S. § 13-21-101(1), at the annual rate of nine per cent (9%) per annum, compounded annually, to be paid from February 14, 2006, until the date of the entry of this Final Judgment.

### Costs

16. The Court orders that Plaintiffs recover their costs of suit herein. Plaintiffs shall file a bill of costs pursuant to Local Rule 54.1

### Post-Judgment Interest

17. Post-judgment interest is payable on all the above amounts at the rate prescribed in C.R.S. § 13-21-101(3), from the date this Final Judgment is entered until the date this Final Judgment is paid.

## STAY OF EXECUTION

18. Execution on this Final Judgment against Dow is STAYED until: (a) such time as Dow files a timely notice of appeal, in which event Dow may secure an additional stay of execution pursuant to Fed. R. Civ. P. 62(d), effective upon the Court's approval of Dow's supersedeas bond; or (b) expiration of the time allowed for filing any appeal from this Final Judgment, if Dow files no timely notice of appeal.

19. Execution on this Final Judgment against Rockwell is STAYED until: (a) such time as Rockwell files a timely notice of appeal, in which event Rockwell may secure an additional stay of execution pursuant to Fed. R. Civ. P. 62(d), effective upon the Court's approval of Rockwell's supersedeas bond; or (b) expiration of the time allowed for filing any appeal from this Final Judgment, if Rockwell files no timely notice of appeal.

## DEPOSIT OF FUNDS

20. Subject to further order of the Court, any funds recovered under this Final Judgment shall be deposited in United States government treasury bills or notes, and/or in such other investments as may be approved by the Court from time to time, pending implementation of the Plan of Distribution attached to this Final Judgment as Appendix B. Merrill G. Davidoff of Berger & Montague, P.C., is hereby appointed as escrow agent.

Dated this _____ day of _____, 2006.

_____
John L. Kane, Senior District Judge
United States District Court

Broomfield
120th
Great Western Reservoir
Westminster
Standley Lake
Indiana
Arvada
0 0.25 0.5 1 Miles

