# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.
_____

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
_____

Defendants hereby file this notice to advise the Court of relevant supplemental authority issued following the filing of Defendants' Renewed Motion for Judgment as a Matter of Law, Defendants' Motion for a New Trial, or in the Alternative, for Remittitur of Damages, and Defendants' Motion for Certification of Interlocutory Appeal. On August 14, 2007, a unanimous panel of the United States Court of Appeals for the Ninth Circuit issued its opinion in *In re Hanford Nuclear Reservation Litigation*, --- F.3d ----, 2007 WL 2302365 (9th Cir. Aug. 14, 2007) ("*Hanford*") (attached as Ex. 1). In *Hanford*, the Ninth Circuit, joining the four other circuits that have addressed the issue, held that under the Price Anderson Act ("PAA"), "the clear weight of authority supports the principle that federal law preempts states from imposing a more stringent standard of care than federal regulatory standards," and that "nuclear operators are not liable unless they breach *federally-imposed dose limits*." *Id.* at *9 (emphasis supplied). As plaintiffs have failed to establish that defendants have violated the applicable federal

standards in either their trespass or their nuisance claims, this Court should grant judgment as a matter of law to defendants on those claims.

This Court previously rejected defendants' position on this issue, and further refused to instruct the jury that it must find that defendants caused releases that violated applicable federal standards. *See, e.g.*, *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1199 (D. Colo. 2003) ("*Cook IV*"). Now all five federal circuits that have addressed this issue have arrived at the very same conclusion that defendants have consistently contended is legally required. *See Hanford*, 2007 WL 2302365, at *9; *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1308 (11th Cir. 1998); *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1553 (6th Cir. 1997); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994); *In re TMI Litigation Cases Consol. II*, 940 F.2d 832, 859 (3d Cir. 1991) (citing *Pacific Gas & Electric*, 461 U.S. at 204); *see also* Defs.' Mem. in Support of Renewed Motion for Judgment as a Matter of Law, at 35 n.27 (collecting district court cases in accord). Additionally, a district court in Ohio has recently arrived at the same conclusion, dismissing two separate plaintiffs' claims asserted under the PAA as preempted by applicable federal standards. *See Boggs v. Divested Atomic Corp.*, *et al.*, No. 2:90-cv-00840, slip op. at 29-44 (S.D. Ohio Aug. 23, 2007) (attached as Ex. 2); *Stepp v. Monsanto Research Corp., et al.*, No. 3:91-cv-00468, slip op. at 26-63 (S.D. Ohio Aug. 17, 2007) (attached as Ex. 3).

At no point either during or after trial have plaintiffs ever introduced any evidence that defendants, at any time, ever violated any applicable federal standard of care. *See Hanford*, 2007 WL 2302365, at *9 ("Every federal circuit that has considered the appropriate standard of care under the PAA has concluded that nuclear operators are not liable unless they breach federally-imposed dose limits."). Indeed, the record demonstrates that the Rocky Flats plant's releases never exceeded applicable federal standards. *See, e.g.*, Frazier testimony, 12/12/05 Tr. 7529-31

(air monitoring results were "always less than standards"; the plant was always in compliance with DOE or AEC's standards for plutonium in air); *id.* at 7491-94, 7500-05, & 7534-39; DX1638; DX1651A; DX1663; DX1664; Defs.' 10/4/04 Mem. Regarding Federal Standards And Colorado Nuisance Law, Ex. A (Aff. of John A. Auxier); Defs.' 2/4/99 Reply Br. in Support of Their Mot. to Strike Pls.' Experts, Aff. of John A. Auxier and John R. Frazier. Accordingly, the Ninth Circuit's *Hanford* decision is relevant supplemental authority, bearing on defendants' above-referenced pending motions, and therefore should be considered by this Court.

Dated: September 24, 2007                Respectfully submitted,

/s/Joseph J. Bronesky
Joseph J. Bronesky
SHERMAN & HOWARD, L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Tel: 303-297-2900
Fax: 303-298-0940

David M. Bernick
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Tel: 312-861-2000
Fax: 312-861-2200

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 24th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

    Merrell G. Davidoff
    Peter B. Nordberg, Esq.
    BERGER & MONTAGUE
    1622 Locust Street
    Philadelphia, PA   19103-6365
    mdavidoff@bm.net
    pnordberg@bm.net

    Gary B. Blum, Esq.
    SILVER & DEBOSKEY
    The Smith Mansion
    1801 York Street
    Denver, Colorado 80206
    blumg@s-d.com

                                       /s/Patricia Eckman
                                       Patricia Eckman