# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-cv-181-JLK
_____

**MERILYN COOK,**
**LORREN and GERTRUDE BABB,**
**RICHARD and SALLY BARTLETT, and**
**WILLIAM and DELORES SCHIERKOLK,**

    Plaintiffs,

        v.

**ROCKWELL INTERNATIONAL CORPORATION and**
**THE DOW CHEMICAL COMPANY,**

    Defendants.
_____

~~[PLAINTIFFS' REVISED PROPOSED]~~
**PLAN OF ALLOCATION**
_____

Before the Court is plaintiffs' proposed plan of allocation. The Court being fully advised in the premises, and for good cause shown, the Court hereby ORDERS as follows:

### A. Definition of Terms

1. For purposes of this Order:

    a. The term "Class" means the Property Class certified by the Court.

    b. The term "Class Area" means the geographic area bounding the Property Class as certified by the Court.

    c. The "Prospective Damages Subclass" includes all Class members who: (i) owned a property within the Class Area on June 7, 1989; and (ii) still owned the property as of

January 30, 1990.

<span style="margin-left:2em">d.</span>    The "Non-Prospective Damages Subclass" includes all Class members who: (i) owned a property within the Class Area on June 7, 1989; but (ii) no longer owned the property as of January 30, 1990.

<span style="margin-left:2em">ae.</span>    The term "Judgment Fund" means the sum of all compensatory and exemplary damages awarded in the trial of the classClass claims in this matter and allowed after defendants' appeal (or after the expiration of time allowed for filing such appeal, if no appeal is filed within that time), inclusive of such attorneys' fees, expenses, costs, and pre- and post-judgment interest as have been or may be awarded to plaintiffs and the classProspective Damages Subclass, and inclusive of any interest earned through such investments as the Court may direct following defendants' payment of the judgment.

<span style="margin-left:2em">bf.</span>    The term "Claims Administrator" means the officer appointed by the Court pursuant to this Order to recommend an allocation of damages to individual class members and to perform such incidental and additional duties as are set forth in this Order or as the Court may subsequently direct.

<span style="margin-left:2em">cg.</span>    The term "Net Class Award" means the Judgment Fund, less: (i) service awards to the representative plaintiffs; (ii) fees, expenses, and costs awarded from the Judgment Fund to counsel for plaintiffs and the classClass; (iii) compensation and expenses paid or reimbursed to the Claims Administrator; and (iv) any additional administrative expenses that may be charged against the Judgment Fund at the Court's direction.

<span style="margin-left:2em">dh.</span>    The term "Net Class Commercial Property Award" means the portion of the Net Class Award allocable to the commercial property category under the formula set forth in

paragraph 9 of this Order.

~~c~~i.     The term "Net Class Residential Property Award" means the portion of the Net Class Award allocable to the residential property category under the formula set forth in paragraph 9 of this Order.

~~f~~j.     The term "Net Class Vacant Property Award" means the portion of the Net Class Award allocable to the vacant property category under the formula set forth in paragraph 9 of this Order.

## B.  Appointment of Claims Administrator

2.     The Claims Administrator shall be appointed following remand from defendants' appeal, or upon expiration of defendants' time to file an appeal, whichever occurs first.

## C.  Duties of the Claims Administrator

3.     The Claims Administrator shall be responsible for developing a recommended allocation ("Proposed Allocation") of the Net Class Award ~~to individual class members~~. The Proposed Allocation shall be developed under the guidelines set forth in this Order, under supervision from the Court, and subject to ultimate approval by the Court.

4.     The Claims Administrator shall have such additional duties in connection with the allocation of damages and administration of claims as are set forth in this Order or in subsequent directives from this Court.

5.     The Claims Administrator shall report to the Court from time to time to advise the Court of its progress in discharging its responsibilities under this Order, on such occasions and at such intervals as the Claims Administrator may deem appropriate or as the Court may direct.

6. The Claims Administrator is authorized make reasonable expenditures to secure the resources and assistance reasonably necessary to the performance of its duties. Such expenses, and the compensation of the Claims Administrator at its usual and customary hourly rates, will be paid and reimbursed from the Judgment Fund periodically, as incurred.

7. The Claims Administrator shall not commence the performance of its duties under this Order until such time as the case is remanded to this Court from defendants' appeal (or until after the expiration of the time allowed for filing such appeal, if no appeal is filed within that time).

### D. Procedures and Principles for the Proposed Allocation

8. For each Class property ~~in the class~~, the Claims Administrator shall consult appropriate records and data, from Jefferson County, Colorado, and such other sources as the Claims Administrator may reasonably determine to be suitable and reliable, for the purposes of: (a) ~~determining~~ determining ownership of the property as of June 7, 1989, and January 30, 1990; (b) associating the property, and its owner(s) as of June 7, 1989, with the Prospective Damages Subclass or the Non-Prospective Damages Subclass; and (~~b~~c) assigning the property to one of the three property categories from the jury's verdict form (i.e., commercial, residential, and vacant).

9. For each of the three property categories, the Claims Administrator shall compute the category's share of the Net Class Award. The total sum allocable to each category shall bear the same ratio to the Net Class Award as the jury's award of compensatory damages for that category bears to the total of all compensatory damages awarded by the jury for all three categories combined. Thus the total sum allocable to commercial properties (the Net Class Commercial Property Award) will be 3.196% ($5,651,252 ÷ $176,850,340) of the Net Class Award; the total sum allocable to residential properties (the Net Class Residential Property Award) will be 81.537% ($144,199,088

÷ $176,850,340) of the Net Class Award; and the total sum allocable to properties in the vacant land category (the Net Class Vacant Land Award) will be 15.267% ($27,000,000 ÷ $176,850,340) of the Net Class Award.

10. Based on Jefferson County tax assessment records and such other sources as the Claims Administrator may reasonably determine to be suitable and reliable, the Claims Administrator shall determine, for each <ins>Class</ins> property <del>in the Damages Subclass</del>, the property's assessed value, expressed as a fraction of the total assessed value of all <ins>Class</ins> properties <del>in the Damages Subclass</del> within the same category (the property's "Fractional Allocable Share").

11. Subject to such equitable adjustments as the Claims Administrator may recommend and the Court may adopt, the Proposed Allocation shall compute an award for each property in the <ins>Prospective</ins> Damages Subclass, based on the property's Fractional Allocable Share of the Net Class Award apportioned to that category. For example, for a residential property, the Proposed Allocation will present an award based on the property's Fractional Allocable Share multiplied by the Net Class Residential Property Award. <ins>The Claims Administrator shall memorialize a similar calculation for each property associated with the Non-Prospective Damages Subclass (see paragraph 14, *infra*).</ins>

### E. Procedures for Payment of Claims

12. Prior to disbursement of any funds to <del>class</del> members <ins>of the Prospective Damages Subclass</ins>, the Court will establish appropriate procedures for approval of the Proposed Allocation, for notifying <del>class</del><ins>Prospective Damages Subclass</ins> members of their awards under the Proposed Allocation, and for proceedings through which <del>class</del><ins>Prospective Damages Subclass</ins> members have an opportunity to seek adjustment of their awards under the Proposed Allocation.

### F.  Disposition of Unclaimed Funds

13.  Subject to further order of the Court, any funds allocable to the Prospective Damages Subclass that remain unclaimed, after due allowance of a period for late claims, shall be distributed to members of the Prospective Damages Subclass on a pro rata basis.

### G.  *Cy Pres* Award

14.  That portion of the Net Class Award allocable to properties in the Non-Prospective Damages Subclass, as computed pursuant to paragraph 11, *supra*, shall be assigned to a *cy pres* fund, for such subsequent distribution as the Court may later direct.  In aid of such distribution, the Court will direct plaintiffs, at or near the time that approval is sought for the Proposed Allocation, to identify options and recommendations for disbursing the *cy pres* fund in a manner consistent with *cy pres* principles, as set forth at pages 55-57 of this Court's Memorandum Opinion and Order on Pending Motions dated May 20, 2008 (Doc. 2261).

Dated this _____ day of _____, ~~2006~~2008.

_____
John L. Kane, Senior District Judge
United States District Court