## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

    *Plaintiffs*,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    *Defendants*.

___

### DEFENDANTS' MOTION FOR STAY PENDING APPEAL
___

On June 2, 2008, this Court entered a "Final Judgment" against defendants in the amount of $725,904,087 in compensatory damages and $200,200,000 in exemplary damages and stayed that judgment pending the filing of a notice of appeal.  As might be expected, defendants have been instructed by the federal government, which has both contractual and statutory indemnification obligations to them, to appeal that judgment.  Defendants intend to file a notice of appeal by June 19, 2008, to avoid any controversy over whether the time to appeal ran from the Court's order of May 20, 2008, denying the post-trial motions, or the Final Judgment entered on June 2, 2008.

Defendants now respectfully move to extend the stay set forth in the Final Judgment pending the resolution of that appeal by the Tenth Circuit or (if events so unfold) the U.S. Supreme Court.  Under the Federal Rules of Civil Procedure, litigants are entitled to a stay of execution of a money judgment pending appeal upon posting a supersedeas bond.  *See* Fed. R. Civ. P. 62(d); *see generally Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres*,

87 S. Ct. 1, 3 (1966) (Harlan, J., in chambers); *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003); *Northern Ind. Pub. Serv. Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980). However, "[t]he court *must not* require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on *an appeal directed by a department of the federal government*." Fed. R. Civ. P. 62(e) (emphasis added).

That straightforward point controls this matter. "[A] department of the federal government," *id.*—the U.S. Department of Energy—has specifically directed defendants to appeal. *See* 6/5/08 Letter from D. Franklin (attached hereto as Ex. A); 1/18/08 Memo. from J.E. Surash to D. Franklin Regarding Contracting Officer Appointment and Warrant Verifying D. Franklin's Authority as Contracting Officer for the United States Government (attached hereto as Ex. B)  In his June 5, 2008, letter, Mr. Franklin states that "[a]s the Contracting Officer for the Contracts and on behalf of the DOE, I hereby direct Dow and Rockwell to appeal to the U.S. Court of Appeals of the Tenth Circuit." Ex. A at 3. Accordingly, defendants' appeal has been "directed by a department of the federal government," Fed. R. Civ. P. 62(e), so defendants are entitled to a stay pending appeal without posting a supersedeas bond. *See, e.g.*, *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986); *Nat'l Treasury Employees Union v. FLRA*, 712 F.2d 669, 671 n.4 (D.C. Cir. 1983) (R.B. Ginsburg, J.); *In re Mgndichian*, No. CV02-09580MMMSHX, 2003 WL 23358199, at *1 (C.D. Cal. 2003); *New York State Dep't of Envt'l Conservation v. United States Dep't of Energy*, No. Civ.A. 89-CV-194NPM, 1999 WL 1034505, at *1-2 (N.D. N.Y. 1999); 11 Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 2906 (2d ed. 1995); *cf. Hoban v. WMATA*, 841 F.2d 1157, 1159 (D.C. Cir. 1988) (*per curiam*).

And wholly apart from Rule 62(e), no bond would be necessary or appropriate here. Even in ordinary civil litigation, a court has "'inherent discretionary authority'" under Rule 62(d) with respect to whether to require a supersedeas bond as a condition for a stay pending appeal, and in what amount. *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559-60 (10th Cir. 1996) (quoting *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)); *see also Arban*, 345 F.3d at 409; *Northern Ind. Pub. Serv. Co.*, 799 F.2d at 281; *Fed. Prescription Serv.,* 636 F.2d at 759. Because the whole point of a supersedeas bond "is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency," *Olcott*, 76 F.3d at 1559 (internal quotation omitted), and the United States has recognized its indemnification obligations here, *see* Ex. A, it would be unnecessary and wasteful to require defendants to post a bond as a condition for a stay pending appeal.

Defendants have met and conferred with plaintiffs regarding this motion, and the parties are still attempting to find common ground on this issue. Accordingly, to allow that process to continue, the parties on June 4, 2008, filed a Stipulation and Proposed Order for an Interim Stay Pending Defendants' Exhaustion of Efforts to Obtain a Stay Pending Appeal Without Posting a Bond that would extend the existing stay for an interim period to allow the parties and this Court to work out these issues before the current stay expires.

## CONCLUSION

For the foregoing reasons, this Court should stay the judgment pending appeal without requiring defendants to post a bond.

Dated:  June 6, 2008

Respectfully submitted,

s/ James A. Golden_____
One of the Attorneys for the Defendants
David M. Bernick
Douglas J. Kurtenbach
Stephanie A. Brennan
James A. Golden
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Phone:  312-861-2000
Fax:      312-861-2200

Joseph J. Bronesky
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Phone:  303-297-2900
Fax:      303-298-0940

Attorneys for ROCKWELL
INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY

4

5

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses for the following:

Peter B. Nordberg, Esq.
1622 Locust Street
Philadelphia, PA  19103
pnordberg@bm.net
kmarkert@bm.net

Gary B. Blum, Esq.
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, Colorado 80206
blumg@s-d.com

                s/ Kari Knudsen_____
                Kari Knudsen (legal assistant)