IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-cv-181
_____

**MERILYN COOK, et al.,**

    **Plaintiffs,**

        v.

**ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,**

    **Defendants.**
_____

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR STAY PENDING APPEAL**
_____

Plaintiffs respectfully submit this response to Defendants' Motion for Stay Pending Appeal (filed June 6, 2008) (the "Motion for Stay") [Doc. 2268].

Defendants' legal entitlement to a stay is not so clear and absolute as defendants suggest.[1]

---

[1] Defendants rest primarily on their contention that the anticipated appeal is one "directed by a department of the federal government" within the meaning of Fed. R. Civ. P. 62(e). Plaintiffs' research, however, has revealed no case in which this language from Rule 62(e) has been held to embrace an appeal taken by a private party at the behest of a federal agency in the latter's capacity as the private party's indemnitor. The primary reason to require no bond in appeals by the federal government is that "collections of *judgments against the United States* are usually less cumbersome and time-consuming than collections of judgments against other entities." *Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987) (emphasis added) (citation omitted). Here, the judgment is against private corporations. Moreover, even if defendants' anticipated appeal were deemed to be one "directed" by the federal government within the meaning of Rule 62(e), it would not follow that defendants are entitled to a stay of execution as a matter of right. Where applicable, Rule 62(e) provides only that *if* a court grants a stay, the court may not *condition* the stay on a bond, obligation, or other security from the appellant. *E.g.*, *In re Westwood Plaza Apts., Ltd.*, 150 B.R. 163, 164-68 (Bankr. E.D. Tex. 1993); *C.H.*

(continued...)

Nevertheless, after reviewing the Motion for Stay and exhibits thereto, plaintiffs have determined that plaintiffs will not oppose the motion.

As plaintiffs have noted repeatedly over the past months, plaintiffs have no desire to impose the substantial cost of a private supersedeas bond on defendants, the government, or the taxpayers, if that expense can be avoided through alternative assurances by the United States Department of Energy ("DOE"). Through their counsel, defendants have now held out the letter from Contracting Officer Derrick J.C. Franklin date-stamped June 5, 2008 (attached as Ex. A to the Motion for Stay)[2] as one in which "the United States has recognized its indemnification obligations" in this case. *See* Motion for Stay, at 3. Defendants have done so, moreover, in a motion whose filing was not merely authorized, but affirmatively and specifically directed, by DOE. *See id.*, Ex. A, at 3. That same filing, submitted at DOE's express instruction in the ongoing exercise of DOE's authority to control the defense of this litigation,[3] states that any additional assurance in the form of a private supersedeas bond is "unnecessary" to "'secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency.'" *See* Motion for Stay, at 3 (quoting *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996)).

In view of those assurances, plaintiffs and the class will not be left without recourse, should the judgment become uncollectible from defendants in whole or in part during the pendency of defendants' appeal. In addition, the deadline for motions to alter or amend the judgment under Fed.

---

[1](...continued)
*Sanders Co. v. BHAP Hous. Dev. Fund Co.*, 750 F. Supp. 67, 70-76 (E.D.N.Y. 1990).

[2] This letter was not provided to plaintiffs until defendants' Motion for Stay was filed.

[3] *See* Motion for Stay, Ex. A, at 2-3; *see also* Memorandum Opinion and Order on Pending Motions, at 9-10 & n.7 (May 20, 2008) [Doc. 2261]; 42 U.S.C. § 2210(h).

*Plaintiffs' Response to Defendants' Motion for Stay Pending Appeal – Page 2*

R. Civ. P. 59(e) has now passed without any renewed attempt by defendants to alter the final judgment's provisions relating to The Boeing Company.

Accordingly, and without waiver of plaintiffs' right to seek relief in this Court or on appeal as future developments may warrant, plaintiffs do not oppose defendants' motion for a stay of execution on the judgment during the pendency of defendants' appeals.

Dated: June 17, 2008              Respectfully submitted,

s/ Peter Nordberg
Merrill G. Davidoff
Peter Nordberg
David F. Sorensen
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Stanley M. Chesley
Louise Roselle
Jean M. Geoppinger
Waite, Schneider, Bayless
  & Chesley Co., L.P.A.
1513 Central Trust Tower
Cincinnati, OH 45202
(513) 621-0267

Attorneys for Plaintiffs
And the Class

...

# **CERTIFICATE OF SERVICE**

  I hereby certify that on June 17, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service of such pleading upon:

| | |
|---|---|
| David M. Bernick, Esq. | Carlotta P. Wells, Esq. |
| Kirkland & Ellis LLP | U.S. Dep't of Justice – Civil Division |
| Citigroup Center | 20 Massachusetts Ave., N.W., #7150 |
| New York, NY 10022 | Washington, DC 20530 |
| | |
| Joseph J. Bronesky, Esq. | Stephen D. Taylor, Esq. |
| Sherman & Howard, LLC | U.S. Attorney's Office – Denver |
| 633 Seventeenth Street, Suite 3000 | 1225 17th Street East |
| Denver, CO 80202 | Seventeenth Street Plaza, #700 |
| | Denver, CO 80202 |
| | |
| Attorneys for Defendants | Attorneys for the United States Department of Energy |

                s/ Peter Nordberg
                Peter Nordberg