IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 90-cv-00181-JLK

MERILYN COOK,
LORREN and GERTRUDE BABB,
RICHARD and SALLY BARTLETT, and
WILLIAM and DELORES SCHIERKOLK,

      Plaintiffs,

           v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

      Defendants.

---

**ORDER EXTENDING STAY PENDING APPEAL**

---

This matter is before me on Defendants' Motion for Stay Pending Appeal (Doc. #2268), filed June 6, 2008, in which they seek to extend the stay set forth in the Final Judgment (Doc. #2264) pending resolution of their planned appeal of this judgment. Defendants also request that the stay be extended without posting a bond, either as a matter of right under Rule 62(e) or pursuant to the Court's inherent discretion under Rule 62(d).

The purpose of requiring a supersedeas bond under Rule 62(d) "is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996) (internal quotation omitted). In support of their motion, Defendants have submitted a letter from Department of Energy Contracting Officer Derrick J.C. Franklin, dated June 5, 2008, in which he reports that the Department of Energy, pursuant to its contracts with the Defendants, specifically directed

Defendants to file subject Motion and "that the United States Government will, and is required by [its contracts with Defendants] and the Price-Anderson Act to, indemnify Dow and Rockwell for any judgment or settlement arising out of or in connection with" this action. Defs.' Mot. for Stay (Doc. 2268), Ex. A at 2.

Based upon this assurance from the Department of Energy and the lack of objection from Plaintiffs, I GRANT Defendants' Motion for Stay Pending Appeal without requiring Defendants to post a bond. I therefore ORDER as follows:

1. Pursuant to Rule 62(d), the stay of execution of judgment set forth in the Final Judgment (Doc. #2264) is extended until:

    (a) resolution of any appeal from the Final Judgment; or

    (b) expiration of the time allowed for filing any appeal from the Final Judgment.

2. In light of this Order imposing a stay under Rule 62(d), the Interim Stay (Doc. #2269) entered pursuant to the parties' stipulation is dissolved as moot.

3. Defendants' Unopposed Motion for Entry of Proposed Order Staying Execution of Judgment Pending Appeal (Doc. #2274) is denied as moot.

Dated this 18th day of June, 2008.

                                             s/ John L. Kane
                                             John L. Kane, Senior District Judge
                                             United States District Court