```
              IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF COLORADO


MERILYN COOK, et al.,              )
                                   )
               Plaintiff,          )
                                   )
          vs.                      )    90-CV-181
                                   )
ROCKWELL INTERNATIONAL, et al.,    )
                                   )
               Defendants.         )
```
_____

FURTHER SCHEDULING CONFERENCE
TRANSCRIPT OF PROCEEDINGS
_____

Proceedings held before the HONORABLE JOHN L. KANE, U.S. District Judge for the District of Colorado, beginning at 9:10 a.m. on the 25th day of February, 1993, Courtroom C-504, United States Courthouse, Denver, Colorado.

APPEARANCES

| | |
|---|---|
| For the Plaintiff: | Bruce H. Deboskey, Esq.<br>Silver & Deboskey, P.C.<br>1290 Broadway, #700<br>Denver, Colorado  80203 |
| | Peter Nordberg, Esq.<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA  19103 |
| | Ronald Simon, Esq.<br>Connerton, Ray & Simon<br>1920 L Street, N.W., 4th Floor<br>Washington, DC  20036 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

```
APPEARANCES:   (Continued)

For the Defendants:          Joseph J. Bronesky, Esq.
                             Sherman & Howard
                             633 - 17th Street, #3000
                             Denver, Colorado  80202

                             Mark S. Lillie, Esq.
                             Kirkland & Ellis
                             1999 Broadway, #4000
                             Denver, Colorado  80202

                             Daniel Satriana, Esq.
                             Sean Gallagher, Esq.
                             Hall & Evans
                             1200 - 17th Street, #1700
                             Denver, Colorado 80202
```

3

P R O C E E D I N G S

(At 9:10 a.m. on February 25, 1993, in the United States District Court at Denver, Colorado, before the HONORABLE JOHN L. KANE, U.S. District Judge, with counsel for the parties present, the following proceedings were had:)

THE COURT: As has become apparent, this case was transferred to me, and I think that there is a need to explain why for counsel here, because there seems to be a vast schism between the civil lawyers and the criminal lawyers, criminal defense attorneys and prosecutors. But, our court is in a position now, with just massive filings of complex criminal cases, and it was Judge Babcock's feeling, as well as the other judges, that cases that require more attention, civil cases that weren't getting them, should be transferred. And, I am not handling criminal cases at my own election, so I have become available to try and get into this cerebonian bog of civil litigation, the consequence of which is that this case was transferred here, along with some others, and I have to bring myself up to date on it.

There was a motion filed here for a scheduling conference, and I overlooked in the motion that there was a request for a hearing on two other matters at the same time. Those two pending motions, as I understand them, are the plaintiff's appeal from Magistrate Judge Abram's December 30, 1992 order, and Rockwell and Dow's motions to dismiss under

1   Rule 11 and 37.  There is also pending the motion on class
2   certification.
3            I want to get to these--at least to these two
4   motions, the appeal from Magistrate Abram's order, and the
5   motion to dismiss, as quickly as possible.  And, I want to
6   hear from you about the class certification motion, but it
7   seems to me that we ought to get a setting sometime in the
8   future, but a definite setting for that motion as well.  Go
9   ahead, Mr. Deboskey.
10       MR. DEBOSKEY:  Good morning, Your Honor.
11       THE COURT:  Good morning.
12       MR. DEBOSKEY:  Bruce Deboskey, Ron Simon and Peter
13  Nordberg--
14       THE COURT:  Good morning, Gentlemen.
15       MR. DEBOSKEY:  Here on behalf of the class plaintiffs.
16       THE COURT:  Thank you.
17       MR. DEBOSKEY:  We have had some discussions among
18  counsel, and with the help of the court clerk, we have a
19  tentative date for a hearing with respect to the pending
20  motions regarding the appeal from Magistrate Judge Abram's
21  orders and the Rule 11, Rule 37 motions.  And, we would, if
22  it's okay with the Court, I think that March 15th, which is
23  soon and available on your calendar, is good for all of us,
24  with one caveat.  There is another case pending in the State
25  of Washington in which many of these same lawyers are

                                                                    5

 1   involved.  There is presently scheduled, a hearing for that
 2   date, which everybody anticipates will be vacated.  So, it
 3   should not pose a conflict, but we wanted to advise the Court
 4   that it may not--there's always the chance it wouldn't be
 5   vacated, in which case, the March 15th date would not be
 6   good, and we have a backup date.
 7        THE COURT:  All right.
 8        MR. DEBOSKEY:  And, the backup date would be--
 9        THE COURT:  As long as it's not March 17th, I'll
10   entertain it.
11        MR. DEBOSKEY:  Not a chance, Your Honor.
12        THE COURT:  Okay.
13        MR. DEBOSKEY:  We know better.  And, that would be
14   April--any time between April 7th and April 9th, it would have
15   to be a 7:30 in the morning hearing, according to the Court's
16   calendar, because apparently, there's a trial that starts at
17   9:00.  But, that would be in the unlikely event that the
18   March 15th date doesn't go forward, which I think we all
19   expect it will.
20        THE COURT:  Okay.  What's the April backup date then?
21        THE CLERK:  Give me the--
22        THE COURT:  Well, let's do it--set it at the 7th, in
23   case there's time needed, we can run it over into the 8th if
24   I'm in the midst of a trial.  So, we'll set it as a backup
25   time for 7 and 8 at 7:30.

6

1       MR. DEBOSKEY:  That's fine.

2       THE COURT:  Okay.

3       MR. DEBOSKEY:  There are three pending motions.  I think

4  the Court is in error with respect to one of the statements

5  you made.

6       THE COURT:  Go ahead.

7       MR. DEBOSKEY:  And, that is that we have not yet filed

8  our motion for class certification.  We are seeking, and

9  actually, since June of 1991, have been asking the court for

10 a schedule to set up the handling of the class certification.

11      THE COURT:  But, that's what we need to do today, is set

12 that up.

13      MR. DEBOSKEY:  Exactly right.

14      THE COURT:  Right.

15      MR. DEBOSKEY:  Okay.  I thought I heard you say that you

16 had understood that that motion has already been filed.

17      THE COURT:  No.  No.

18      MR. DEBOSKEY:  I'm sorry.

19      THE COURT:  I didn't know whether it had been filed or

20 not.  I mean, I knew that it was an issue that we had to

21 address today.

22      MR. DEBOSKEY:  Right.  And, we're prepared to file the

23 motion for class certification within 30 days.

24      THE COURT:  All right.

25      MR. DEBOSKEY:  And, we would propose a 30 day response

7

1  time by the defendants, and 30 days for reply by the
2  plaintiff, class plaintiffs, after that.
3      THE COURT:  What's your pleasure, Gentlemen, is that all
4  right?
5      MR. BRONESKY:  Your Honor, Joseph Bronesky appearing on
6  behalf of Rockwell International.  There's one problem with
7  the class certification issue, and that is that the issue of
8  class certification is tied to the issue of the expert
9  reports, which is tied up with the appeal from Chief Judge
10 Magistrate Abram's orders.  I think everybody agrees that
11 this case is heavily expert driven, and that issue would go
12 also to class certification.
13          It would be our position that, and I don't want to
14 get into an argument of the appeals, but it would be our
15 position that the expert reports should be filed per the
16 magistrate's order to give the defendants an idea as to what
17 this issue of class certification is all about.  That will
18 allow us to respond that much more quickly and ably.  Without
19 those reports, it would be a lot more difficult and
20 problematic.  But, the underlying issue is we've got to
21 decide whether or not the magistrate was right or not, or
22 more importantly, whether he abused his discretion in
23 ordering those expert reports to have been filed last
24 January.  So, we would--
25     THE COURT:  Or, whether he was clearly erroneous.

8

1      MR. BRONESKY:  Clearly erroneous, yes.

2      THE COURT:  Yes.  Okay, let's do this.  File the motion.

3 We'll set up this date, March 20th, you file the motion.

4 That's--well, March 25th, 30 days.  And, then, I'll make my

5 ruling on the discovery motion very promptly from the hearing

6 on the 15th, and, so, we'll give 30 days from March 25th to

7 April 25th to file your responses to the motion for class

8 certification.  And, 30 days for you from that date.

9           If we need to change those dates because of the

10 rulings that I make previous to that, then we'll change it.

11 And, if we need to change those dates because the March 15

12 day is preempted by the matter in Washington, we'll change

13 them then, and we won't need to have a conference to do that.

14 I'll just have my secretary call you and let you do it.

15 Okay?

16      MR. DEBOSKEY:  That's fine.

17      THE COURT:  All right.  Yes, sir?

18      MR. LILLIE:  Good morning, Your Honor.  Mark Lillie on

19 behalf of Dow.

20      THE COURT:  Good morning.

21      MR. LILLIE:  I have one small problem with this

22 proceeding on the class certification issue.

23      THE COURT:  Uh-huh.

24      MR. LILLIE:  I agree with all the things Mr. Bronesky

25 said.  And, in addition to believing that future scheduling

9

1   is dependent upon how you rule on the two motions we've
2   already talked about, it seems to me that the issue of class
3   certification also has to await discovery of the plaintiffs
4   themselves.  That has not yet happened.  And, that discovery
5   of the plaintiffs, the scope of that discovery and when it
6   may happen, it seems to me is also dependent upon what Your
7   Honor does with the Rule 11 and the Rule 37 motion, as well
8   as Magistrate--the appeals from Magistrate Abrams.
9        THE COURT:  Let's do this.  If your concerns
10  materialize, and I make my ruling on the March 15 motions,
11  then you file a motion for reconsideration of the scheduling
12  orders we have on the class certification.
13       MR. LILLIE:  That would be fine, Judge.
14       THE COURT:  And, just spell it out at that point what
15  you think you need.
16       MR. LILLIE:  That would be fine, Judge.
17       THE COURT:  But, I just want to make sure we get this on
18  track and that there's somebody over here with a black dress
19  on that's watching how this case moves.
20           Is there anything else we can do this morning then?
21  Go ahead.
22       MR. DEBOSKEY:  Your Honor, if I may have a moment?
23       THE COURT:  Sure.
24       MR. DEBOSKEY:  The concern that I'm discussing with co-
25  counsel is that obviously, the filing of the motion for class

1  certification is a major effort, it takes a lot of work, and
2  we are prepared to do that within 30 days.  The concern that
3  I have is that if we have a hearing on the 15th and you rule
4  even promptly thereafter, and then they file a motion to
5  delay the class certification, we will have essentially done
6  the work in order to meet a deadline which may evaporate.
7       THE COURT:  All right.
8       MR. DEBOSKEY:  And, so, the concern that--
9       THE COURT:  Let's just kick those over an additional 30
10 days.  Make it April 25 for filing your motion.
11      MR. DEBOSKEY:  Perfect.
12      THE COURT:  All right?  And, then, continue all of that.
13 So, it would be April, May and June 25th.
14      MR. DEBOSKEY:  On the hearing on the 15th, assuming we
15 have it on that day, I want to be clear about which motions
16 we are actually going to be arguing.
17      THE COURT:  We're going to be hearing, on March 15th,
18 the--your appeal from Magistrate Judge Abram's order.
19      MR. DEBOSKEY:  Right.
20      THE COURT:  And, also, their motion to dismiss under
21 Rule 11 and 37.
22      MR. DEBOSKEY:  Right.  So, then, the motion for case
23 management and scheduling order, to the extent it isn't
24 addressed by the class certification motion, because that
25 obviously covers discovery and other experts and depositions,

11

 1   will be postponed pending a ruling on the Rule 11 and the
 2   appeals.
 3         THE COURT:  That's right.
 4         MR. DEBOSKEY:  Okay.
 5         THE COURT:  Now, Mary, how long do you have these set
 6   for on the 15th?
 7         THE CLERK:  We have all day.
 8         THE COURT:  Okay.
 9         THE CLERK:  They said two hours.
10         THE COURT:  All right.  The way I'm going to proceed on
11   that is I will treat these motions separately, so that the
12   plaintiffs will first argue on the appeal from Magistrate
13   Abram.  Then, the defense counsel, then plaintiffs can have
14   rebuttal.  Then we will go to the Rockwell motion to dismiss,
15   and argue those separately.  I don't want them combined in
16   this hearing because I think we've got one side moving and
17   then the other side moving, and it would just end up
18   confused, more confused than I am now.
19         MR. DEBOSKEY:  Would the Court's preference then be a
20   half an hour for the plaintiff, a half an hour for the
21   defendants, a half an hour for the defendants and a half an
22   hour for the plaintiffs?
23         THE COURT:  It took three and a half minutes for Lincoln
24   to deliver the Gettysburg address.  Why would you need that
25   much time?

```
 1       MR. DEBOSKEY:  I--actually, we don't even believe that
 2  that much time is needed.
 3       THE COURT:  All right.
 4       MR. DEBOSKEY:  We think that two hours is excessive.
 5       THE COURT:  I'm not going to take--the best thing I
 6  could do, I'm not going to impose time limits on you, but if
 7  you see that I've started doing something else up here,
 8  you'll know that you've argued too long.
 9       MR. DEBOSKEY:  We'll look for the clue.
10       THE COURT:  All right.
11       MR. DEBOSKEY:  Thank you.
12       THE COURT:  Anything else we can do today?
13       MR. DEBOSKEY:  Could we have a second, Your Honor?
14       THE COURT:  Yes.
15       THE CLERK:  Judge?
16       THE COURT:  Yes?
17       THE CLERK:  Do you want to set the class certification
18  motion for hearing while they're all here?
19       THE COURT:  Might as well
20       THE CLERK:  Because we're talking about July.
21       THE COURT:  We're talking about a July hearing for that.
22  Okay.
23       THE CLERK:  July or August.
24       THE COURT:  Or August.
25       MR. BRONESKY:  Your Honor, may I suggest bring it on the
```

```
 1  15th, when we get the big--the gorillas here?
 2       THE COURT:  Okay.  All right, we'll wait until the 15th,
 3  and set it at that time.  It will probably be in September
 4  then, won't it?
 5       THE CLERK:  Well, that's why I'm saying this.
 6       THE COURT:  Yeah.
 7       MR. DEBOSKEY:  I don't think you were just calling me a
 8  gorilla, but I don't--I'm not a gorilla, the gorilla is right
 9  here.  I missed what you were saying.  We were conferring.
10  What is it that we're attempting to set?
11       THE COURT:  Trying to get a date for the hearing set
12  today, a date for the hearing on the motion for class
13  certification.
14       MR. DEBOSKEY:  Excellent idea.
15       THE COURT:  But, he thinks that we ought to wait until
16  some other folks are around on the 15th before we do it.
17  And, Mrs. Clark's response is that's okay, but it's--there
18  will be dates filled in in the meantime.  So--
19       MR. DEBOSKEY:  Can we take some tentative dates and
20  contact the gorillas, I guess they're now being called, and
21  we can then get back to the Court within 24 hours as to those
22  dates?
23       THE CLERK:  That's up to the judge.
24       THE COURT:  Yeah, sure, we can do that.
25       THE CLERK:  Okay.
```

14

1   THE COURT: We'll call them simians instead, a civilized
2   procedure.
3   THE CLERK: Well, right now, I have the whole week of
4   July the 12th. July the 27th, 28th and 30th. And, that went
5   into August the 6th.
6   THE COURT: Okay, you know what the dates are.
7   MR. DEBOSKEY: We'll be back to you by tomorrow morning
8   this time with our preference. Why don't we work together--
9   THE COURT: I would like you to work together and then
10  just call Mrs. Clark.
11  MR. DEBOSKEY: That's easy.
12  THE CLERK: Okay.
13  THE COURT: Okay. Well, thank you all for coming in,
14  and I hope to be up to snuff by the 15th.
15  MR. DEBOSKEY: Thank you, Judge.
16  MR. BRONESKY: Thank you, Judge.
17  (9:23 a.m. - Whereupon, the proceedings were concluded.)
18
19
20
21
22
23
24
25

15

1              TRANSCRIBER'S CERTIFICATE

2         I hereby certify that the foregoing has been

3    transcribed by me to the best of my ability, and constitutes

4    a true and accurate transcript of the mechanically recorded

5    proceedings in the above matter.

6         Dated at Aurora, Colorado, this 25th day of

7    September, 2008.

8

9

10

11

12

13                          /s/ Mary Chevalier

14                          Mary Chevalier

15                          Federal Reporting Service, Inc.

16                          17454 East Asbury Place

17                          Aurora, Colorado  80013

18                          (303) 751-2777

19

20

21

22

23

24

25