```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF COLORADO


MERILYN COOK, et al.,              )
                                   )
                Plaintiff,         )
                                   )
          vs.                      )    90-CV-181
                                   )
ROCKWELL INTERNATIONAL, et al.,    )
                                   )
                Defendants.        )
```
_____

                      PREHEARING CONFERENCE
                     TRANSCRIPT OF PROCEEDINGS
_____

Proceedings held before the HONORABLE JOHN L. KANE, U.S. District Judge for the District of Colorado, beginning at 4:04 p.m. on the 12th day of July, 1995, Courtroom C-504, C-504, United States Courthouse, Denver, Colorado.

                           APPEARANCES

For the Plaintiff:           Bruce H. Deboskey, Esq.
                             Silver & Deboskey, P.C.
                             1290 Broadway, #700
                             Denver, Colorado  80203

                             Peter Nordberg, Esq.
                             Merrill Davidoff, Esq.
                             Berger & Montague, P.C.
                             1622 Locust Street
                             Philadelphia, PA  19103


           Proceedings recorded by electronic sound recording;
              transcript produced by transcription service.

```
APPEARANCES:  (Continued)

For the Defendants:          Michael K. Isenman, Esq.
                             Shea & Gardner
                             1800 Massachusetts Ave., N.W.
                             #1800
                             Washington, D.C.  20036

                             Mark S. Lillie, Esq.
                             Kirkland & Ellis
                             1999 Broadway, #4000
                             Denver, Colorado  80202

                             Richard Kaufman, Esq.
                             Carlotta Wells, Esq.
                             Assistant U.S. Attorneys
                             U.S. Department of Justice
```

3

```
 1                    P R O C E E D I N G S
 2        (At 4:04 p.m. on July 12, 1995, in the United States
 3   District Court at Denver, Colorado, before the HONORABLE JOHN
 4   L. KANE, U.S. District Judge, with counsel for the parties
 5   present, the following proceedings were had:)
 6        THE COURT:  Thank you.  Be seated, please.
 7             Okay, this is 90 K 181, Cook versus Rockwell, and
 8   this is a prehearing conference on the plaintiff's motion to
 9   hold the Department of Energy in contempt.
10             I have just handed to me before I came on the bench
11   the Department of Energy's proposed findings of fact and
12   conclusions of law, and a three ring binder full of exhibits.
13   I haven't looked at, I just got them.  I assume that
14   plaintiff's counsel have just received this as well?
15        MR. DAVIDOFF:  Yes, Your Honor, we received a list of
16   the exhibits.  We did not receive the physical exhibits
17   themselves.  On July 10$^{th}$, we sent to DOE counsel, Mr.
18   Kaufman, a letter identifying--he has them all--identifying
19   the documents that we intended to offer at the hearing.  We
20   did not send that letter to the Court because we wanted to
21   see whether there would be any objection, and whether they
22   had any documents to add.  But, this is the first that I have
23   seen this, and we intended to put these exhibits that we're
24   going to offer in a three ring binder--
25        THE COURT:  Okay.
```

4

```
 1        MR. DAVIDOFF:  --so the Court can renumber them.  There
 2   are two sets of numbers, so we have to renumber at least
 3   some--
 4        THE COURT:  Okay.
 5        MR. DAVIDOFF:  I did not, frankly intend to prepare
 6   proposed findings of fact and conclusions of law.  I wasn't
 7   clear that Your Honor wanted those today.
 8        THE COURT:  It's immaterial.  If you want to, fine.
 9   Maybe what you want to do is--when is this hearing going to
10   be now?
11        MR. KAUFMAN:  A week from tomorrow, Your Honor.
12        THE COURT:  Tomorrow?
13        MR. KAUFMAN:  A week from tomorrow.
14        THE COURT:  A week from tomorrow.  Thank you.
15             Okay, then, you might want to look at it and then
16   see if you want to prepare anything.  It's up to you.
17        MR. DAVIDOFF:  Okay.
18        THE COURT:  How many witnesses are you going to have?
19        MR. KAUFMAN:  We have seven listed, Your Honor.  One is
20   a "may testify" and we should have--we neglected to put by
21   Mr. Roger Anderson, who is the last witness, he is a "may
22   testify" so we'll have five, five for sure.
23        THE COURT:  How much time are you going to take on your
24   five witnesses?
25        MR. KAUFMAN:  Well, we listed times beside the
```

5

1  witnesses.  It's going to take a while.  Frankly, the hearing
2  may not be completed next Thursday.
3      THE COURT:  We have more time?  Do you have more time
4  than that, do you know?  Is it one day that you have it set,
5  or is there--
6      MR. KAUFMAN:  It's a half day, Your Honor.
7      THE COURT:  Call up and ask for how much time we have.
8      MR. KAUFMAN:  Judge, I handed the clerk the witness list
9  and the exhibit list also before the hearing began.
10     THE COURT:  I don't have them.  Just a minute.
11     (Pause.)
12     THE COURT:  We're operating with--Mr. Case is ill, and
13 Rob has graciously agreed to step in, so we have a little
14 coordination difficulty.
15     (Pause.)
16     THE COURT:  Let's start at 9:00 instead of at 1:30.
17     MR. DAVIDOFF:  Your Honor, may I be heard on that?
18     THE COURT:  Sure.
19     MR. DAVIDOFF:  Unfortunately, I have a problem starting
20 at 9:00 because I have to fly in that morning as a result of
21 some prior commitments, not having anticipated--
22     THE COURT:  Okay.
23     MR. DAVIDOFF:  We did not intend to offer testimony by
24 live witness, although we may have to offer some testimony to
25 rebut these witnesses.  We did intend to offer the documents

6

1  and to have argument on the documents, and this entire
2  procedure for over a year has been taken on a documentary
3  record, and some affidavits and declaration as well, but
4  largely on a documentary record.
5         Now, I did not anticipate that we would switch
6  gears and call this many witnesses for this long of a time.
7  I would be certainly, if the Court is available on the 21st,
8  I would certainly consent to have the hearing go over on the
9  21st.
10      THE COURT:  Starting here on July the 20th; is that
11 correct?
12      MR. KAUFMAN:  That's correct, Your Honor.
13      THE COURT:  Okay.  Well, okay.  Rob, get back on the
14 phone again and see what we're doing on the--
15      MR. DAVIDOFF:  Before you set that on the 21st, Your
16 Honor, I would--
17      THE COURT:  We're just going to keep him on the phone,
18 and don't hang up.  Okay?
19      MR. DAVIDOFF:  I just want to mention one thing.  I have
20 to be out on the last plane that Friday because the next day
21 is the only day I can see my son, who is away at a camp for
22 the summer, and that's the one visiting day that I have to
23 see that son.  So--
24      THE COURT:  Okay.
25      MR. DAVIDOFF:  --with Your Honor's leave, I'd like to at

```
 1   least be sure that we conclude by 3:30 on the 21st so that--
 2           THE COURT:  Sure.  Let's wait and see what we're doing
 3   here.
 4           (Pause.)
 5           THE COURT:  Okay.  I don't know if you heard that or
 6   not, but we'll start at 1:30 on the 20th, and go until about
 7   5:00, and then we'll from 9:00 until 3:30 on the 21st.  Do
 8   you think we can finish in that length of time?
 9           MR. KAUFMAN:  I think so, Your Honor.
10           THE COURT:  All right.  Rob, they gave you some witness
11   lists and things.  Let me see those.  Thank you.
12           (Pause.)
13           THE COURT:  Okay.  Now, you may have a rebuttal witness
14   or two; is that the idea?
15           MR. DAVIDOFF:  Yes, Your Honor.  Actually, I'm not even
16   familiar with who all these people are.  I probably would be
17   useful to have counsel at least identify who they all are.
18           THE COURT:  Okay.  All right.
19           MR. DAVIDOFF:  And, I would anticipate that we would
20   perhaps several rebuttal witnesses.  We have a little time to
21   figure out who those people--
22           THE COURT:  Okay.
23           MR. KAUFMAN:  Your Honor, we would request that the
24   Court set a time as to when the plaintiffs would let us know
25   who the witnesses are so we have time to prepare their cross.
```

8

```
 1        THE COURT:  Well, I'll do that, but they have to find
 2   out who you have and what they're going to testify to before
 3   they know.
 4        MR. KAUFMAN:  I think they'll find if they talk with the
 5   attorneys who have actually been doing the discovery, they'll
 6   know.  I'll be glad to explain all--
 7        THE COURT:  All right.  No, we'll do that, and then--
 8        MR. KAUFMAN:  I think they have people who know who all
 9   these people are already.
10        THE COURT:  I want, before the day is over, for you to
11   meet with them and find out who these witnesses and who--who
12   they are and what they're going to testify to, and let him
13   know.  And, then, plaintiff's counsel will have until Tuesday
14   to give you a list of the witnesses that they will call, and
15   a similar description of what their testimony is.
16        MR. DAVIDOFF:  I just wanted to observe--that's fine,
17   Your Honor, I'll--
18        THE COURT:  Tuesday at 4:00.
19        MR. DAVIDOFF:  All right, that's fine.  I would observe,
20   though, we're not going to put witnesses on in our case in
21   chief.  We think--
22        THE COURT:  I understand that.  But, you know, they want
23   to know who your rebuttal witnesses are, if you're going to
24   call them.
25        MR. DAVIDOFF:  Well, of course, if they're--I'm not
```

9

1   anticipating, hopefully, that there will be any surprises
2   here.
3        THE COURT:  Well, there won't be any surprises, because
4   if they don't tell you what they're going to testify to, then
5   they're not going to testify.
6        MR. DAVIDOFF:  Okay, that's fine.
7        THE COURT:  And, you have some exhibits you're going to
8   provide, and you have the list; is that correct?
9        MR. DAVIDOFF:  Yes, Your Honor.  I'll put it in list
10  form.  We sent a letter two days ago, and all the exhibits
11  are either attached to our two motions, or reply briefs on
12  our two motions, or were separately submitted with Mr.
13  Sorenson's letter of July 10th.  But, I would put those in--
14       THE COURT:  It would help to use this kind of an exhibit
15  list, and identify them, because I can use this during the
16  hearing.
17       MR. DAVIDOFF:  Absolutely.
18       THE COURT:  Okay.
19       MR. DAVIDOFF:  Does Your Honor prefer to have them in
20  one big book, or in several smaller books?  What's your
21  preference on that?
22       THE COURT:  This one is about as big as I like to see
23  it, the one that I'm holding right now.
24       MR. DAVIDOFF:  Okay, which is fine.
25       THE COURT:  Okay.  Now, what else can we do for this

1  hearing?  Mr. Kaufman?
2       MR. KAUFMAN:  Just as a matter of--Your Honor, I'd like
3  to introduce with me at counsel table is Ms. Carlotta P.
4  Wells, who will be entering her appearance.  She's a trial
5  attorney with the Civil Division, DOJ Washington.
6       THE COURT:  Okay.
7       MR. KAUFMAN:  She will be appearing, and also at the
8  table is Mr. Peter Nadel, Corsich Kirgis, and he represent--
9  counsel at the Los Alamos National Laboratory.
10      THE COURT:  I already know Mr. Nadel.  Thank you.
11      MR. KAUFMAN:  Okay, thank you.
12      THE COURT:  Okay.  Mr. Deboskey, what are you doing?
13      MR. DEBOSKEY:  I need to ask Mr. Davidoff--
14      THE COURT:  Oh, okay.  You were moving, and I thought
15  you were going to--
16      MR. DEBOSKEY:  We had two issues that we need to--
17      THE COURT:  Okay.
18      (Pause.)
19      MR. DAVIDOFF:  We requested four specific documents be
20  reviewed for declassification prior to this hearing.  I'd
21  like to get, at some point, an answer to that question from
22  DOE.  And, we also requested it filed with Your Honor, a
23  request for the entry of an order to show cause.  They're
24  treating this as a trial de novo, calling new witnesses,
25  interjecting new matters.  I have--they opposed, I believe,

11

1   the entry of an order to show cause.  And, we at least ought
2   to have a stipulation by counsel for DOE that they won't
3   raise the technical objection at any point later on that
4   there wasn't the specific entry of an order to show cause
5   before the hearing.
6        THE COURT:  What are we listed for here?
7        MR. DAVIDOFF:  I'd like to find out if there still is an
8   objection to the entry--
9        THE COURT:  Go ahead and ask.
10       MR. DAVIDOFF:  Is there an objection to the entry--
11       MR. KAUFMAN:  We objected to it, and the letter was--
12  plaintiff's attached I think to their pleadings to the Court,
13  because we believed they were attempting to shift the burden
14  of proof.  We believe this is just simply an evidentiary
15  hearing, and they have to come forward, produce their
16  evidence, and we produce our counter-evidence, as in any
17  trial.  And, that's why we objected.  We are not going to
18  appeal any kind of order from the Court based on the fact
19  that there was or was not a show cause order issued.  We
20  were, Your Honor, strictly looking at it from the point of
21  view of shifting the burden of proof.
22       THE COURT:  Well, this is referred to me from the
23  magistrate because he doesn't have the authority to determine
24  contempt issues.  And, I don't know what went on before the
25  magistrate, so I don't know.  What went on before the

```
 1  magistrate?
 2        MR. DAVIDOFF:  I think I can give Your Honor a brief
 3  procedural history.
 4        THE COURT:  Okay.
 5        MR. DAVIDOFF:  We initially filed a motion to compel
 6  last year.  The magistrate determined that he could not order
 7  them to--not compel--that it would have to be in the nature
 8  of a contempt, because DOE had not filed objection to any of
 9  the four subpoenas that we served on them, and they hadn't
10  produced anything.  We moved for contempt.  We think we would
11  have gotten that contempt entered probably by Your Honor, not
12  by the magistrate.  Your Honor referred that to the
13  magistrate.
14           Then, we entered the stipulation.  It was entered
15  on July 7$^{th}$, I believe, of last year, but it was not entered
16  by the Court until September 13$^{th}$ of last year.  That
17  stipulation has an automatic contempt sanction embodied
18  within it if they fail to comply with its terms.  We believe
19  there's been substantial amount non-compliance.  In fact, we
20  believe there has been a complete reversion to the pattern
21  that existed in the year and a half of fighting, and led up
22  to the entry of the stipulation.
23           So, Your Honor, we then filed a renewed--two urgent
24  motions for contempt.  I believe Your Honor referred those to
25  the magistrate for--
```

1        THE COURT:  I did.

2        MR. DAVIDOFF:  --a recommendation.  The magistrate

3   reviewed them.  His recommendation is embodied in his order--

4   I'm trying to get the date of that order now--of May 30,

5   certifying the issues, Your Honor, pursuant to 28 USC 636.

6   The magistrate found that they were--magistrate judge found

7   that there was indeed reason to believe that DOE had not

8   complied with the terms of the stipulation, that grounds for

9   contempt existed, and referred to Your Honor for a hearing.

10            Now, these witnesses, some of them took

11   declarations, not all of them, but one or two of them took

12   declarations, Mr. Hoffman, but certainly none of them

13   appeared and testified below, and this is the first notice we

14   had that they were going to try this issue de novo.  That's

15   fine with us.  We'll put in our documents.

16            I would like to know if there's an objection to the

17   authenticity or admissibility of any of our documents,

18   because that would be the only reason that I might need to

19   call a witness in our case in chief.

20        THE COURT:  Well, check and show the documents to Mr.

21   Kaufman after we recess.

22        MR. KAUFMAN:  We want to see the documents, Your Honor.

23        THE COURT:  And, then, if there is any objection that's

24   hearsay, or something, you can bring the witnesses in.

25        MR. KAUFMAN:  If I may make one correction?  I don't

14

```
 1  believe the magistrate found them in contempt.  He said there
 2  may be reason to believe--
 3       THE COURT:  Okay.  Well--
 4       MR. KAUFMAN:  I just wanted to clarify that.
 5       THE COURT:  That's as much as I get out of him anyway.
 6       MR. DAVIDOFF:  What he said was that they hadn't
 7  complied with the stipulation.  So, we--
 8       THE COURT:  All right.  Well, I'll check it and see.
 9       THE COURT:  Anything else then?
10       MR. DAVIDOFF:  No.  I propose that we sit down and meet
11  with--
12       THE COURT:  That's the best thing.
13       MR. DAVIDOFF:  --Mr. Kaufman right now.
14       THE COURT:  Let's try and exchange that and see if we
15  can proceed efficiently next week.
16       MR. DAVIDOFF:  When would Your Honor want them to give
17  us the answer on declassifying those four documents?
18       THE COURT:  Well, I don't know when it's reasonable for
19  them, but I'd say if you can do it, get them Tuesday.
20       MR. KAUFMAN:  They will be ready prior to the hearing,
21  Your Honor.
22       THE COURT:  Okay.  Any time before that.  Let's make it,
23  the hearing is on Thursday, let's make it Tuesday by 4:00.
24       MR. KAUFMAN:  Okay.
25       THE COURT:  All right, thank you, I guess.
```

15

1     MR. KAUFMAN:  Thank you, Your Honor.

2     THE COURT:  We'll be in recess.

3     (4:23 p.m. - Whereupon, the proceedings were concluded.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

16

 1                    TRANSCRIBER'S CERTIFICATE

 2          I hereby certify that the foregoing has been

 3   transcribed by me to the best of my ability, and constitutes

 4   a true and accurate transcript of the mechanically recorded

 5   proceedings in the above matter.

 6          Dated at Aurora, Colorado, this 25th day of

 7   September, 2008.

 8

 9

10

11

12

13                         /s/ Mary Chevalier

14                         Mary Chevalier

15                         Federal Reporting Service, Inc.

16                         17454 East Asbury Place

17                         Aurora, Colorado  80013

18                         (303) 751-2777

19

20

21

22

23

24

25