**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

            Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

            Defendants.

**JOINT STATUS REPORT**

The parties respectfully submit this Joint Status Report pursuant to the Court's Order

dated June 27, 2012 (Doc. No. 2323).[1]

## I.  PLAINTIFFS' POSITION

In light of the Tenth Circuit's decision, *Cook v. Rockwell Int'l Corp., Inc.,* 618 F.3d 1127

(10th Cir. 2010), *cert den*., 2012 U.S. LEXIS 4704 (Jun. 25, 2012), Plaintiffs propose that the

parties brief the following issues:

(1) the reinstatement of the jury's verdict and the Court's entry of judgment on Plaintiffs'

nuisance claim under Colorado law and diversity jurisdiction;

(2) the recertification of the class; and

---

[1] By Order dated July 3, 2012, Doc. No. 2325, the Court granted Plaintiffs' unopposed Motion
for Extension of Time to file the status report (Doc. No. 2324).

(3) whether defendants can identify any controlling federal regulations or statutes that would support their conflict preemption argument.

### A.     Nuisance Liability Under Colorado Law

From the beginning of the case, Plaintiffs asserted diversity jurisdiction under 28 U.S.C. § 1332, in addition to jurisdiction under Price-Anderson.  *See* Second Am. Compl. ¶ 52 (Dkt. 52); *see also Cook I*, 755 F. Supp. 1468, 1471, 1482-83 (D. Colo. 1991) (deciding statute of limitations issues relevant under diversity jurisdiction).

The Court of Appeals confirmed that: "The jury was properly instructed on the elements of a nuisance claim as well as the definitions of 'substantial' and 'unreasonable.'"  618 F.3d at 1145.[2]

The jury was instructed that:

In order for the Plaintiff Class to recover from either Dow or Rockwell or both of them on their claim of nuisance, you must find Plaintiffs have proved each of the following elements by a preponderance of the evidence:

1.     Dow or Rockwell or both of them interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these two ways:
   A.     By causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure (see Instruction Nos. 3.7, 3.18); and/or
   B.     By causing objective conditions that pose a demonstrable risk of future harm to the Class Area (see Instruction Nos. 3.7, 3.18);

2.     This interference with Class members' use and enjoyment of their properties was both "unreasonable" and "substantial" (see Instruction Nos. 3.8 – 3.12)[.]

---

[2] The Court of Appeals also advised that "[we] predict that the Colorado Supreme Court would not permit recovery premised on a finding that an interference, in the form of anxiety or fear of health risks, is 'substantial' and unreasonable' unless that anxiety is supported by some scientific evidence." *Id*. at 1146.  That statement, however, has no bearing on the jury's verdict on Plaintiffs' nuisance claim for property damages under Colorado law, because the jury was "properly instructed" on nuisance under Colorado law.

*See* Instruction No. 3.6 (Doc. No. 2121-2).  The jury was instructed that the "only" forms

of interference it could consider were those identified in Instruction 3.6.  See Instruction

3.7.

At no time was the jury instructed it could find either form of interference, or find

that either form was "unreasonable" and "substantial," on the basis of "anxiety or fear of

health risks."  To the contrary, the Court instructed the jury:

> Plaintiffs assert that one of the ways Dow and Rockwell interfered with
> Class members' use and enjoyment of their land was by causing individual
> Class members to suffer fear, anxiety or mental discomfort because of
> concerns about risks created by Defendants' activities at Rocky Flats.
> Because this is a trial of claims by the whole Class, I earlier instructed you
> not to consider whether individual Plaintiffs or Class members suffered
> this form of interference in deciding whether Plaintiffs had proved their
> class-wide nuisance claims (see Instruction No. 3.7).  Nevertheless, to
> assist me and the parties in deciding how to proceed later in this case, you
> will be asked to answer the following question:
>
> > Have Plaintiffs proved by a preponderance of the evidence
> > that the intentional or negligent conduct of Dow or
> > Rockwell or both of them at Rocky Flats, and/or actual or
> > threatened harms cause by such conduct, created a situation
> > that is capable of causing fear, anxiety or mental discomfort
> > in individual Class members?

*See* Instruction No. 3.28 (emphasis in original).

In other words, the jury was expressly instructed that "an interference, in the form of

anxiety or fear of health risks" (618 F.3d at 1146) was "not" a form of interference recoverable

by the Class, but, rather, was pertinent only to potential *later* proceedings.  Hence, the Court of

Appeals' "predict[ion]" regarding Colorado law regarding "an interference [] in form the form of

anxiety or fear of health risks" (618 F.3d at 1146) has no bearing on the jury's class nuisance

verdict for property damage under Colorado law.  Accordingly, Plaintiffs can, and will, move for

reinstatement of the nuisance verdict, compensatory damages (though not punitive damages),

and prejudgment interest under Colorado law under this Court's diversity jurisdiction.  That

motion may be decided based on the existing record at the trial and appellate levels.

>    **B.    Class Certification of Plaintiffs' Nuisance Claims**
>    **Under Diversity Jurisdiction**

The Court of Appeals decertified the Class *solely* on the basis of its opinion that Plaintiffs

had not met "threshold requirements" under the PAA.  618 F.3d at 1149.   Because the nuisance

verdict can and should be reinstated, this Court may also recertify the Class based on the existing

record, including the scientific and economic evidence of classwide application that, this Court

held, satisfied *Daubert* and which was presented at trial   Notably, Defendants did not challenge

any of this Court's *Daubert* rulings on appeal.

>    **C.    Conflict Preemption**

The Court of Appeals generously offered Defendants another chance to identify federal

regulations or statutes that could support their conflict preemption argument. 618 F.3d at 1144

("On remand, the district court shall permit Defendants to identify the particular federal

regulations or statutes they believe preempt state law.").   Once Defendants identify such federal

regulation or statutes, Plaintiffs can respond.   This briefing can proceed simultaneously with

briefing on the reinstatement of the nuisance verdict and re-certification of the class.

Significantly, the Tenth Circuit stated that (1) Defendants had, thus far and after more

than two decades of litigation, failed to support their conflict preemption argument (618 F.3d at

1147); and (2) the *only* preemption argument Defendants proffered was conflict preemption.  618

F.3d at 1143 n.16 ("At oral argument, counsel was given an opportunity to clarify the nature of

Defendants' argument and expressly stated their argument is premised on conflict preemption

only.").  Defendants, thus, have waived any field preemption argument.  *See, e.g., Navigato v. SJ*

*Restaurants, LLC*, 463 F. Appx 770, 777 (10th Cir. 2012) (holding issue waived when not raised in appellate briefing).

Plaintiffs respectfully request that an in-person conference be scheduled to discuss these proposed motions and to set a briefing schedule.

## II.  DEFENDANTS' POSITION

The Tenth Circuit stated unambiguously that plaintiffs did not meet the standards necessary to recover under the Price-Anderson Act and imposed a series of requirements for plaintiffs to meet should they desire to pursue their claims.

Specifically, the Tenth Circuit required plaintiffs to prove either (1) "'damage to property'" or (2) "'loss of use of property.'"  *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1139 (10th Cir. 2010) (quoting 42 U.S.C. § 2014(q)).  The court held that, to establish "damage to property," plaintiffs must prove "an existing physical injury to property," not just contamination of property with radioactive particles.  *Id.* at 1140-41.  To establish "loss of use of property," plaintiffs must prove that "the property has been affected by the radioactive material to such an extent that an otherwise appropriate use of the property is lost," *i.e.*, that "the particular level of risk created by Defendants' conduct had the effect of actually depriving them of a specific use" of their property.  *Id.* at 1142.

Given these holdings, and given the evidence adduced at trial, plaintiffs cannot meet the Price-Anderson Act standards required under the Tenth Circuit's opinion.  Thus, the Court should, after receiving briefs from the parties, enter summary judgment in defendants' favor and dismiss the case.

Plaintiffs take a different view.  Contending that the Tenth Circuit preserved their claims, plaintiffs propose that the Court reinstate the jury verdict, at least as to the nuisance count, by re-

characterizing their Price-Anderson Act claim as a freestanding Colorado-law nuisance claim and re-certifying a modified class that excludes non-Colorado residents.[3]   Plaintiffs propose simultaneous motions and briefing on three issues:   reinstatement, class re-certification, and preemption.

Defendants believe that the Court may not simply reinstate the nuisance verdict and that their proposal that the Court do so has no merit.  However, if the Court decides to allow plaintiffs to pursue this issue at the outset of the remand proceedings, it should limit the briefing to two foundational legal issues that underlie plaintiffs' "reinstatement" theory:

1.  Did the Tenth Circuit leave undisturbed the existing jury verdict in this case to the extent that it can be deemed to have been based on Colorado nuisance law?; and

2.  May a plaintiff who brings a Price-Anderson Act claim simultaneously pursue a freestanding state-law claim (*i.e.*, a claim not subject to the Act's federal requirements) based on the same facts?

Given that these issues are straightforward, the Court should require each side to address them in a short, focused brief (20 pages or less).

Defendants believe that resolution of these two threshold issues should precede any briefing on class or preemption.  This approach avoids the costs of full-blown briefing that plaintiffs propose on class re-certification and preemption and the very real risk that such briefing would unnecessarily complicate and delay the resolution of these threshold issues and result in substantial wasted effort.  If the Court determines that plaintiffs have no freestanding nuisance claim under Colorado law that can be "reinstated" in light of the Tenth Circuit's decision, there is no need for this Court to resolve whether such a "reinstated" claim could be pursued on a classwide basis or whether it is preempted by federal law.  Put differently, it is not fair to require either side to brief issues that may be mooted if the Court decides against

---

[3] While plaintiffs described their proposal in their discussions with defendants, defendants have not yet seen that proposal in final written form.

plaintiffs' reinstatement theory as a matter of law.   And once the Court has resolved plaintiffs'

reinstatement theory (assuming that is the issue it decides to consider first) it can then consider

setting a briefing schedule for defendants' summary judgment motions.

Finally, defendants endorse plaintiffs' proposal for an in-person Status Conference at

which proposals for the future trajectory of this case, including proposals for summary judgment

proceedings consistent with the Tenth Circuit's decision, can be fully aired.

Dated: August 7, 2012                                 Respectfully submitted,


                                                    */s/ Merrill G. Davidoff*
                                                    Merrill G. Davidoff
                                                    David F. Sorensen
                                                    BERGER &MONTAGUE, P.C.
                                                    1622 Locust Street
                                                    Philadelphia, PA 19103
                                                    (215) 875-3000

                                                    Gary B. Blum
                                                    Steven W. Kelly
                                                    SILVER & DEBOSKEY, P.C.
                                                    1801 York Street
                                                    Denver, CO 80206
                                                    (303) 399-3000

                                                    Louise Roselle
                                                    WAITE, SCHNEIDER, BAYLESS
                                                    & CHESLEY CO., L.P.A.
                                                    1513 Central Trust Tower
                                                    Cincinnati, OH 45202
                                                    (513) 621-0267

                                                    *Attorneys for Plaintiffs and the Clas*s

<u>/s/ Kevin T. Van Wart</u>
Kevin T. Van Wart
Douglas J. Kurtenbach
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

*Attorneys for Defendants*

8

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 7th day of August, 2012, he caused the foregoing

submission to be served via the Court's ECF system on all participating counsel.

 */s/ Merrill G. Davidoff*
Merrill G. Davidoff
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000