## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

## MOTION FOR ENTRY OF BRIEFING SCHEDULE
## CONSISTENT WITH TENTH CIRCUIT MANDATE

---

The parties are at an impasse over the post-remand briefing schedule. Plaintiffs ask this Court to order briefing on their proposal to "reinstate" part of the judgment that the Tenth Circuit reversed and directed this Court to vacate. In contrast, defendants ask this Court to do precisely what the Tenth Circuit ordered this Court to do on remand: "task[] [plaintiffs] with producing additional evidence that could support a jury's finding that a nuclear incident occurred, in the form of 'loss of or damage to property, or loss of use of property'" within the meaning of the federal Price-Anderson Act. *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1142 (10th Cir. 2010) (quoting 42 U.S.C. § 2014(q)).

This is not a situation, however, where this Court has discretion to choose between competing briefing proposals, or even to order the briefing requested by both parties. Rather, plaintiffs' request must be rejected because briefing on "reinstating" the reversed judgment is inconsistent with the Tenth Circuit's mandate.   Under the venerable "mandate rule," a district court "must comply strictly with the mandate rendered by the reviewing court."   *Huffman v. Saul Holdings Ltd. P'ship,* 262 F.3d 1128, 1132-33 (10th Cir. 2001) (internal quotation omitted).

Here, the Tenth Circuit reversed the judgment and directed this Court on remand to vacate it.   *See Cook*,  618 F.3d  at 1153 ("[T]his court **REVERSES** and **REMANDS** the case to the district court.  We **DIRECT** the district court to vacate the judgment and conduct further proceedings not inconsistent with this opinion.").  Plaintiffs' request for briefing to "reinstate" the judgment is plainly inconsistent with that mandate.  As the Tenth Circuit has explained, "[t]o 'reverse' a judgment means to 'overthrow, vacate, set aside, make void, annul, repeal, or revoke it.'"   *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1096 (10th Cir. 1991) (quoting *Black's Law Dictionary* 1319 (6th ed. 1990)).  A reversed judgment is "null and void in its entirety"; it is "without any validity, force or effect, and ought never to have existed."   *Id.* (internal quotation omitted).  "Reversal of a judgment and remand for a new trial places the parties in the same position, insofar as relief is concerned, as if the case had never been tried."   *Id.*  Thus, a district court can no more "reinstate" a portion of a reversed judgment than it can simply "pull[] [a new

judgment] out of a magically appearing hat." *Id.* (citing Dr. Seuss, *The 500 Hats of Bartholomew Cubbins* (1938)).

Plaintiffs' efforts to square their "reinstatement" theory with the mandate are unavailing. Those efforts focus on a sentence in the Tenth Circuit's opinion that the jury "was properly instructed on the elements of a nuisance claim as well as the definitions of 'substantial' and 'unreasonable.'" *Cook*, 618 F.3d at 1145. That sentence, however, in no way suggests that the Tenth Circuit left the door open for this Court to "reinstate" any portion of the reversed judgment. In particular, the sentence does not say that either the nuisance instruction or the nuisance verdict as a whole was free from error; to the contrary, the Tenth Circuit specifically held that this Court had "erred" by concluding that a scientifically unverifiable risk could pose a "substantial" and "unreasonable" interference with the use or enjoyment of property. *See id.* at 1146. Indeed, the sentence cited by plaintiffs comes ***after*** the Tenth Circuit concluded that the judgment as a whole must be reversed and vacated, and appears in the context of a discussion of "questions of law raised in this appeal that are certain to arise again ***in the event of a re-trial*** in order to guide the district court on remand." *Id.* at 1142 & n.15 (emphasis added). And the Tenth Circuit only confirmed the point by declining to "address whether the district court abused its discretion with respect to evidentiary issues that may not arise during a ***new trial***," *id.* at 1152 (emphasis added). This is fully consistent with the mandate's requirement that the parties litigate the dispute anew—but it is plainly inconsistent with

plaintiffs' conclusion that they can reinstate the previous judgment. Because plaintiffs' request for briefing on reinstatement is squarely inconsistent with the Tenth Circuit's mandate, the Court must deny that request.

Rather than allowing plaintiffs to pursue a theory that is squarely inconsistent with the Tenth Circuit's mandate, this Court should order plaintiffs to do what the Tenth Circuit specifically directed: "produc[e] additional evidence that could support a jury's finding that a nuclear incident occurred, in the form of 'loss of or damage to property, or loss of use of property'" within the meaning of the federal Price-Anderson Act. *Id.* at 1142 (quoting 42 U.S.C. § 2014(q)).

Consistent with the Tenth Circuit's mandate, defendants hereby move for entry of the following briefing schedule:

| | |
|---|---|
| November 16, 2012 | Due date for plaintiffs to file a brief ("PAA Submission") that (1) identifies the evidence plaintiffs contend could support a jury's finding that "a nuclear incident occurred, in the form of 'loss of or damage to property, or loss of use of property' under 42 U.S.C. § 2014(q)," *Cook*, 618 F.3d at 1142, and—should plaintiffs wish to pursue class certification—(2) explains how "Plaintiffs can establish the elements of their claims, including the PAA threshold requirements, on a class-wide basis," *id.* at 1149. |
| January 18, 2013 | Due date for defendants' response to plaintiffs' PAA Submission and defendants' opening brief on preemption, *see id.* at 1144. |
| March 1, 2013 | Due date for plaintiffs' reply in support of their PAA Submission and plaintiffs' response to defendants' opening brief on preemption. |

March 22, 2013          Due date for defendants' reply in support of their opening brief on preemption.

Pursuant to Local Rule 7.1A, the undersigned hereby certifies that, over a period of several weeks, he exchanged multiple e-mails and conferred by telephone with plaintiffs' counsel, David Sorensen, to try to resolve the impasse over the briefing schedule and compliance with the Tenth Circuit mandate, and the parties were unable to do so. In a final telephonic meet and confer with plaintiffs' counsel David Sorensen, Merrill Davidoff and Paul De Marco, plaintiffs' counsel stated that they will not agree to brief the PAA issue (*i.e.*, they will not set forth the evidence they contend could support a jury's finding that a nuclear incident occurred, in the form of loss of or damage to property, or loss of use of property under 42 U.S.C. § 2014(q), nor will they explain how they could establish the elements of their claims, including the PAA threshold requirements, on a class-wide basis). Instead, Mr. Davidoff stated that, although they will not style it as a motion, the brief they intend to file will advance their theory that this Court may "reinstate" the nuisance portion of the judgment vacated by the Tenth Circuit and re-certify the class the Tenth Circuit de-certified. The undersigned informed plaintiffs' counsel that briefing their "reinstatement" theory would violate the Tenth Circuit's mandate and, given the parties' impasse, defendants intended to file this motion.

## CONCLUSION

For the foregoing reasons, this Court should enter the briefing schedule proposed by defendants and reject the briefing schedule proposed by plaintiffs. Under no

circumstances should this Court direct the parties to devote months to briefing a "reinstatement" theory that seeks to circumvent and undermine the Tenth Circuit's mandate.

Respectfully submitted,

/s/ *Kevin T. Van Wart*
Kevin T. Van Wart, P.C.
Bradley H. Weidenhammer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Phone: (312) 861-2000
Facsimile: (312) 861-2200
Email:   kvanwart@kirkland.com

Lead Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Merrill G. Davidoff, Esq.
David F. Sorensen, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
*Attorneys for Plaintiffs and the Class*

Gary B. Blum, Esq.
Steven W. Kelly, Esq.
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
*Attorneys for Plaintiffs and the Class*

Louise Roselle, Esq.
Waite, Schneider, Bayless &
   Chesley Co., L.P.A.
1513 Central Trust Tower
Cincinnati, OH 45202
*Attorneys for Plaintiffs and the Class*

/s/ *Kevin T. Van Wart*
Kevin T. Van Wart, P.C.
Bradley H. Weidenhammer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Phone:  (312) 861-2000
Facsimile:  (312) 861-2200
Email:  kvanwart@kirkland.com

Lead Counsel for Defendants

LITIGATION/3617872.1