IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **90-K-181**

**MERILYN COOK, et al.,**

    Plaintiffs,

v.

**ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,**

    Defendants.
_____

**MEMORANDUM TO COUNSEL RE BRIEFING SCHEDULE ON REMAND**
_____

Kane, J.

In their September 24, 2012 Motion for Entry of Briefing Schedule (Doc. 2330), counsel declare themselves at an "impasse" over the post-remand briefing schedule and ask for further guidance. Plaintiffs espouse an "all issues" plan requiring comprehensive briefing on issues such as the reinstatement of the jury's verdict on Plaintiffs' nuisance claim, the recertification of the class, and preemption issues. *See* 8/7/12 Status Report (Doc. 2326). Defendants wish to limit briefing to the "only" claim they maintain is available to Plaintiffs after the Tenth Circuit's decision, a claim for damages resulting from a "nuclear incident" under the Price Anderson Act.

Given that Defendants' premise regarding the "only" possible remaining claim is disputed, Defendants' position essentially precludes, by a form of procedural fiat, Plaintiffs' ability to argue to the contrary. I will not preclude Plaintiffs from raising or

arguing the reinstatement issue on remand and said so at the August 28 Status Conference.  Apparently my comments were either too subtle or too restrained to gain Defendants' ear.  Briefing will not be limited to the Price Anderson Act and related preemption issues, but what remains to be decided is how best to structure briefing so that potentially unnecessary arguments do not clutter the flow.  It seems to me there are two options:  **Option A** would be to go with Plaintiffs' proposed schedule in Doc. 2331 and include language clarifying the topics parties may and/or should address.  Plaintiffs' opening brief would address all three of the issues identified in their submission, and Defendants' Response would raise the preemption issue.  **Option B** would be to hybridize Plaintiffs' and Defendants' proposals by staggering the issues so that Plaintiffs' arguments regarding reinstatement of the jury's verdict and Defendants' preemption arguments would be addressed and resolved before the briefing on the viability of a Price Anderson Act theory of relief.  I will afford counsel an additional opportunity to weigh in on these options before issuing an order on briefing.  I will not, however, entertain additional contested alternative proposals.  The parties shall respond jointly to this Memorandum on or before October 15, 2012.

Dated this 3d day of October, 2012, at Denver, Colorado.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE