**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

---

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

---

**JOINT RESPONSE TO THE COURT'S MEMORANDUM
DATED OCTOBER 3, 2012**

---

The parties respectfully submit this Joint Response pursuant to the Court's Memorandum to Counsel re Briefing Schedule on Remand dated October 3, 2012 (Doc. No. 2332).

Plaintiffs' Response

Plaintiffs are agreeable to either Option A or B as set forth in the Court's Memorandum.

Defendants' Response

Defendants cannot endorse either of the two options in the Court's Memorandum. Both options appear to be Plaintiffs' briefing proposal stated two different ways. Both lead with the briefing and adjudication of Plaintiffs' request that this Court reinstate the

nuisance judgment that the Tenth Circuit ordered this Court to vacate, as well as Plaintiffs' motion to certify a new class specifically to benefit from this reinstated nuisance verdict. Even the proposed preemption briefing would necessarily be tailored to Plaintiffs' reinstatement theory because Plaintiffs have not disclosed any additional evidence that could support their claims under the Price-Anderson Act. As explained in Defendants' Motion for Entry of Briefing Schedule Consistent with Tenth Circuit Mandate (ECF 2330 ("Motion")), this briefing schedule is not consistent with the Tenth Circuit's mandate.

The Tenth Circuit's mandate was clear. It reversed the judgment in this case and directed this Court on remand to vacate it. *See Cook v. Rockwell Int'l Corp.*, 18 F.3d 1127, 1153 (10th Cir. 2010). That means there is nothing left to reinstate. *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1096 (10th Cir. 1991) ("Reversal of a judgment and remand for a new trial places the parties in the same position, insofar as relief is concerned, as if the case had never been tried."). Requiring the parties to brief Plaintiffs' request to "reinstate" the judgment the Tenth Circuit directed this Court to vacate and re-certify a class the Tenth Circuit de-certified is plainly inconsistent with the Tenth Circuit mandate. *Id.* ("Once we reversed the original judgment incorporating the first jury's verdict and our mandate issued, the first verdict became null and void in its entirety."). Accordingly, for these reasons and for those stated in Defendants' Motion, Defendants cannot endorse either Option A or Option B in the October 3 Memorandum.

The Court has stated that it "will not . . . entertain additional contested alternatives" for the post-remand briefing schedule. (ECF 2332 at 2). Defendants do not

suggest one here. But Defendants' Motion, which contains a proposed schedule that is consistent with the Tenth Circuit's mandate, is currently pending. (ECF 2330). Defendants filed that Motion, not because the Court's comments at the August 28, 2012 status hearing were "too subtle or too restrained to gain Defendants' ear," (ECF 2332 at 2), but because Plaintiffs' proposal would have this Court violate its duty to "comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132-33 (10th Cir. 2001) (internal quotation marks omitted). Nor did Defendants intend to suggest that the Court proceed by way of "procedural fiat," (ECF 2332 at 1): Defendants filed the Motion to alert the Court to its clear duty to follow the Tenth Circuit's mandate and to afford Plaintiffs an opportunity to respond to this issue. The Motion seeks adjudication of whether Plaintiffs' request does, in fact, comply with the Tenth Circuit's mandate; it can and should be decided without any of the prolonged briefing that Plaintiffs propose on subjects unrelated to this threshold issue.

After more than twenty years of litigation, and with the benefit of clear appellate guidance, Defendants are anxious for this case to get back on track. Defendants ask that the Court comply with the mandate of the Tenth Circuit.

Dated: October 15, 2012                                    Respectfully submitted,

                                                           */s/ Merrill G. Davidoff*
                                                           Merrill G. Davidoff
                                                           David F. Sorensen
                                                           BERGER &MONTAGUE, P.C.
                                                           1622 Locust Street
                                                           Philadelphia, PA 19103
                                                           (215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise Roselle
WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.
1513 Central Trust Tower
Cincinnati, OH 45202
(513) 621-0267

*Attorneys for Plaintiffs and the Class*


*/s/ Kevin T. Van Wart*
Kevin T. Van Wart
Bradley H. Weidenhammer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of October, 2012, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
BERGER &MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000