# EXHIBIT 7

| State | Citation |
|-------|----------|
| **Alabama** | **ALA. CODE § 6-5-120 (2012)** ("A 'nuisance' is anything that works hurt, inconvenience or damage to another. The fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man.") (enacted prior to 1988). |
| | *Huff v. Smith*, **679 So. 2d 259, 261 (Ala. Civ. App. 1996)** ("The law of nuisance applies when there is an **interference with the use and enjoyment** of one's property.") (citation omitted).[1] |
| | *Parker v. Ashford*, **661 So. 2d 213, 218 (Ala. 1995)** ("We recognize that Parker seeks to operate a lawful business on his property. However, the rights of the plaintiffs residing in the immediate vicinity cannot be unreasonably **interfered** with by the intrusion of a business or activity that by its nature would cause an unreasonable and continuous or recurring annoyance to the plaintiffs, would prevent the enjoyment of their property, and would disturb the quietude and pleasure otherwise to be found in their homes. Applying the foregoing principles to the facts of this case, we conclude that the Porters and the Moores have demonstrated that it is not reasonably possible for the proposed racetrack to be constructed and operated in a manner that would not create a nuisance."). |
| | *Morgan County Concrete Co. v. Tanner*, **374 So. 2d 1344, 1346-47 (Ala. 1979)**: |
| |     Thus, it was for the trial court, hearing the evidence *ore tenus*, to determine from all the facts and circumstances whether the operation of the plant substantially and unreasonably **interfered with appellees' use and enjoyment** of their property. The trial court found that "when consideration is given to the noises created by the business in excess of the noises created by the business for which the area was zoned, the drainage problem which accumulates sediments daily, the dust which is inevitably created under the best operations together with the occasional breakdown of dust control industrial equipment, which appears unavoidable at times, the operation of the plant is a nuisance in relation to the plaintiffs." We find from the record that the trial court's finding is supported by credible evidence and is not palpably wrong or manifestly unjust. Accordingly, it is due to be upheld. |
| **Alaska** | **ALASKA STAT. § 09.45.255 (2012)** ("'nuisance' means a substantial and unreasonable **interference with the use or enjoyment** of real property, including water.") (enacted in 1994). |
| | Prior to 1994, and as of 1988, **ALASKA STAT. § 09.45.230** stated: "An action |

---

[1] Emphasis added throughout chart unless otherwise noted.

| State | Citation |
|---|---|
| | may be brought by a person whose property is injuriously affected or whose personal enjoyment is lessened by a private nuisance, and, by the judgment in the action, the nuisance may be enjoined or abated as well as damages recovered." <br><br> ***Maddox v. Hardy*, 187 P.3d 486, 498 (Alaska 2008)** ("A nuisance is a 'substantial and unreasonable **interference with the use or enjoyment** of real property.' Lorenz correctly argues that Maddox's briefing never suggests why her nuisance claims should fail on Rule 12(b)(6) grounds. A kennel of barking dogs can constitute a nuisance. Maddox's alleged marijuana business might constitute a private nuisance.") (citing ALASKA STAT.§ 09.45.255) (footnotes omitted). |
| Arizona | ***Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1284 (Ariz. Ct. App. 2007)** (to prevail on a claim of nuisance, "[t]he **interference** must be 'substantial, intentional and unreasonable under the circumstances.' It must constitute 'more than slight inconvenience or petty annoyance. The law does not concern itself with trifles, and therefore there must be a real and appreciable invasion of the plaintiff's interests….'") (citing *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.,* 712 P.2d 914, 920 (1985) and Restatement § 821F cmt. c). <br><br> ***Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 712 P.2d 914, 917 (1985)** ("A private nuisance is strictly limited to an **interference with a person's interest in the enjoyment** of real property. The Restatement defines a private nuisance as 'a nontrespassory invasion of another's interest in the private use and enjoyment of land.'") (citing Restatement (Second) of Torts § 821D). |
| Arkansas | ***Aviation Cadet Museum, Inc. v. Hammer*, 283 S.W.3d 198, 203 (Ark. 2008)** ("Nuisance is defined as conduct by one landowner that unreasonably **interferes with the use and enjoyment** of the lands of another and includes conduct on property that disturbs the peaceful, quiet, and undisturbed use and enjoyment of nearby property.") (citing *Goforth v. Smith,* 991 S.W.2d 579 (Ark. 1999)). <br><br> ***Se. Ark. Landfill, Inc. v. State*, 858 S.W.2d 665, 667 (Ark. 1993)** (explaining that "[n]uisance is defined as conduct by one landowner which unreasonably **interferes with the use and enjoyment** of the lands of another and includes conduct on property which disturbs the peaceful, quiet, and undisturbed use and enjoyment of nearby property" and holding that the trial court did not err in holding that an operation causing an odor constituted a nuisance) (citing *Milligan v. Gen. Oil Co.,* 738 S.W.2d 404 (Ark. 1987); *City of Newport v. Emery Et. Al.,* 559 S.W.2d 707 (Ark. 1977)). <br><br> ***Ark. Release Guidance Found. v. Needler*, 477 S.W.2d 821, 822 (Ark. 1972)** ("A nuisance is an **interference with the use and enjoyment** of land and |

| State | Citation |
|-------|----------|
| | includes conduct on property disturbing the peaceful, quiet and undisturbed use and enjoyment of nearby property."). |
| California | ***S.D. Gas & Elec. Co. v. Superior Court*, 920 P.2d 669, 696-97 (Cal. 1996)** ("liability for nuisance does not require proof of damage to the plaintiff's property; **proof of interference with the plaintiff's use and enjoyment** of that property is sufficient . . . The interference with the protected interest must not only be substantial, but it must also be unreasonable, *i.e.*, it must be of such a nature, duration or amount as to constitute unreasonable interference with the use and enjoyment of the land.") (citations and quotations omitted). <br><br> ***Wolford v. Thomas*, 235 Cal. Rptr. 422, 428 (Cal. Ct. App. 1987)** ("As stated previously, a private nuisance is the unreasonable, unwarrantable or unlawful use by an individual of his own property so as to **interfere** with the rights of others.") (citation omitted). |
| Colorado | ***Saint John's Church in the Wilderness v. Scott*, 194 P.3d 475, 479 (Colo. Ct. App. 2008):** <br>     To prove a private nuisance claim, a plaintiff must establish that (1) the defendant's conduct unreasonably **interfered** with the use and enjoyment of the plaintiff's property, (2) the **interference** was so substantial that it would have been offensive or caused inconvenience or annoyance to a reasonable person in the community, and (3) the interference was either negligent or intentional. *Public Service Co. v. Van Wyk*, 27 P.3d 377, 391 (Colo. 2001). <br><br> ***Lowder v. Tina Marie Homes, Inc.*, 601 P.2d 657, 658 (Colo. Ct. App. 1979):** <br>     In a private nuisance action, the plaintiff must establish that the defendant unreasonably **interfered** with the use and enjoyment of his property. *Miller v. Carnation Co.*, 33 Colo. App. 62, 516 P.2d 661 (1973). Additionally, the **interference** which occurs must be substantial in nature in that it would be offensive or cause inconvenience or annoyance to a reasonable person in the community. *Northwest Water Corp. v. Pennetta*, 29 Colo. App. 1, 479 P.2d 398 (1970). |
| Connecticut | ***Pestey v. Cushman*, 788 A.2d 496, 507 (Conn. 2002)** ("On the basis of our reexamination of our case law and upon our review of private nuisance law as described by the leading authorities, we adopt the basic principles of § 822 of the Restatement (Second) of Torts and conclude that in order to recover damages in a common-law private nuisance cause of action, a plaintiff must show that the defendant's conduct was the proximate cause of an unreasonable **interference with the plaintiff's use and enjoyment** of his or her property."), cited with approval by *Ugrin v. Town of Cheshire*, --- A.3d ---, 2012 WL 5233459, at *5-6 (Conn. 2012). <br><br> ***Herbert v. Smyth*, 230 A.2d 235, 237-38 (Conn. 1967):** <br>     The barking has disturbed the plaintiffs' sleep and been detrimental to |

| State | Citation |
|---|---|
| | their health.  This barking, as well as obnoxious odors which emanated from the defendants' property, **interfered** with the normal and reasonable uses of the properties of the plaintiffs.  Since 1962, the defendants have accommodated a large number of dogs on their premises, totaling as many as forty-six at one time.  The court, with the consent of the parties, inspected the premises involved; the viewing supplements the other evidence in the case. From all the conflicting evidence, the court has found subordinate facts which support the conclusion that the defendants' operation of a commercial dog kennel constitutes a common-law nuisance as to the plaintiffs in this case.  Since the court's conclusion with respect to the count claiming common-law nuisance is justified, it is unnecessary to pass on the defendants' argument that a commercial dog kennel is permitted by the zoning regulations and that the court erred in concluding that the defendants' use was in violation of those regulations.  (citation omitted). |
| **Delaware** | *Leitstein v. Hirt*, **2006 Del. Ch. LEXIS 184, 2006 WL 2986999, at \*2 (Del. Ch. Oct. 12, 2006)** ("A nuisance is 'anything from which results harm, inconvenience or damage, or which materially **interferes** with the enjoyment of rights and property.'") (quoting *Cunningham v. Wilmington Ice Mfg. Co.*, 121 A. 654, 654 (Del. Super. 1923)). <br><br>*Cunningham v. Wilmington Ice Mfg. Co.*, **121 A 654, 654 (Del. Super. Ct. 1923)** ("A nuisance is generally defined to be anything from which results harm, inconvenience or damage, or which materially **interferes** with the enjoyment of rights or property."). |
| **District of Columbia** | *Tucci v. Dist. of Columbia*, **956 A.2d 684, 696-97 (D.C. 2008)** ("[A] 'private nuisance' is a substantial and unreasonable **interference with private use and enjoyment** of one's land … for example, by interfering with the physical condition of the land, disturbing the comfort of its occupants, or threatening future injury or disturbance.  [T]he tort was developed, as needed, to protect use and enjoyment of land against nontrespassory interference.") (citations and footnote omitted). <br><br>*B & W Mgmt., Inc. v. Tasea Inv. Co.*, **451 A.2d 879, 882 (D.C. 1982)** ("In contrast, a 'private nuisance' is a substantial and unreasonable **interference with private use and enjoyment** of one's land, RESTATEMENT, supra § 821D; W. PROSSER, supra at 591 – for example, by interfering with the physical condition of the land, disturbing the comfort of its occupants, or threatening future injury or disturbance.  W. PROSSER, supra at 591-93.") (footnote omitted). |
| **Florida** | *Rae v. Flynn*, **690 So. 2d 1341, 1342 (Fla. Dist. Ct. App. 1997)** ("A residential property owner has a duty not to unreasonably **interfere** with other persons' use and enjoyment of their property."). |

| State | Citation |
|-------|----------|
|  | *State ex rel. Pettengill v. Copelan*, **466 So. 2d 1133, 1135 (Fla. Dist. Ct. App. 1985)** ("As to the nuisance claim, such an action is dependent upon an **interference** with the plaintiff's health, comfort, safety, or proprietary rights.") (citations omitted).<br><br>*Overby v. Piet*, **163 So. 2d 532, 533 (Fla. Dist. Ct. App. 1964)** ("The first requirement of the rule is that the proposed cemetery, to be a nuisance, must be located in a 'purely residential section' since the nuisance is the substantial **interference** with the comfort, repose and enjoyment of the home."). |
| **Georgia** | GA. CODE ANN. § 41-1-1 (2012) ("A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary, reasonable man.") (previously enacted in 1933 as Code 1933, § 72-101).<br><br>*Sumitomo Corp. of Am. v. Deal*, **569 S.E.2d 608, 613-14 (Ga. Ct. App. 2002):**<br>OCGA § 41-1-1 provides: '*A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance.*' (Emphasis supplied.) The italicized language contradicts SMG's argument and makes clear that an act, though lawful in itself, becomes a nuisance when conducted in an illegal manner to the hurt, inconvenience, or damage of another. A condition may be illegal when it is objectionable only on grounds of causing 'hurt or inconvenience, i.e., when it is a nuisance. In the present case, though SMG's construction of the detention pond was arguably done in a lawful manner, that fact did not prevent the pond from becoming a nuisance when the increased water flow caused hurt and inconvenience to the Deals and their neighbors. Finally, we repeat the principle noted above that [p]rivate property cannot be physically harmed or its value impaired in this way, however socially desirable the conduct, without payment being made for the harm done, if the **interference** that is the consequence of the activity is substantial and considered to be unreasonable.<br>(internal quotations, footnote, and citations omitted) (italics in original).<br><br>*Roberts v. S. Wood Piedmont Co.*, **328 S.E.2d 391, 393 (Ga. Ct. App. 1985)** ("The evidence presented by the appellant in the case was sufficient to authorize an inference that the operations at the appellee's plant had increased or otherwise changed beginning in 1980 so as to create, for the first time, an unreasonable **interference with the appellant's use and enjoyment** of her property for residential purposes. As the evidence is always to be construed most strongly against the movant on motion for directed verdict, we consequently hold that the trial court erred in directing a verdict against the |

| State | Citation |
|---|---|
| | appellant on the nuisance claim.") (citation omitted). |
| **Hawaii** | ***Mitchell v. United States*, 2011 U.S. Dist. LEXIS 103409, at \*18-19 (D. Haw. Sept. 9, 2011)** ("A 'nuisance' is an activity or condition that actively **interferes** with an individual's right to use and enjoy land.") (citations omitted). <br><br> ***State v. Mita*, 245 P.3d 458, 466 (Haw. 2010):** <br> The term "nuisance" is defined as "[a] condition, activity, or situation (such as a loud noise or foul odor) that **interferes with the use or enjoyment of property**[,]" Black's Law Dictionary at 1171, or "an offensive, annoying, unpleasant, or obnoxious thing or practice: a cause or source of annoyance that although often a single act is usu[ally] a continuing or repeated invasion or disturbance of another's right[,]" Webster's at 1548, or "a person, thing, or circumstance causing inconvenience or annoyance[,]" The New Oxford American Dictionary 1175 (2001). <br><br> ***Puna Speaks v. Hodel*, 1983 U.S. Dist. LEXIS 10379, at \*44 (D. Haw. Dec. 28, 1983)** ("Plaintiffs have failed to prove that any act, or failure to act, of defendants Fuke, Kono or RCUH, resulted in an **interference** with a public or private interest. Therefore, defendants Fuke, Kono and RCUH had not committed the tort of nuisance against plaintiffs, jointly or severally."). |
| **Idaho** | **IDAHO CODE ANN. § 52-101 (2012)** ("Anything which is injurious to health or morals, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to **interfere** with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance.") (enacted prior to 1988). <br><br> ***Moon v. N. Idaho Farmers Ass'n*, 96 P.3d 637, 642 (Idaho 2004):** <br> Idaho case law has defined "trespass" to apply to the wrongful interference with the right of exclusive possession of real property, while the tort of private 'nuisance' applies to the wrongful **interference with the use and enjoyment** of real property. A useful differentiation between trespass and nuisance is found in a case that the district court found to be squarely on point, in which the Iowa Supreme Court noted: "Trespass comprehends an actual physical invasion by tangible matter. An invasion which constitutes a nuisance is usually by intangible substances, such as noises or odors." Thus, in the plaintiffs' situation, an action could be said to lie in nuisance and in trespass, respectively, given the invasion of the thick, oppressive smoke generated by the farmers' burning and the particulates emitted from the smoke onto the plaintiffs' land. <br> (citations omitted). |

| State | Citation |
|---|---|
| | ***Larsen v. Vill. of Lava Hot Springs***, 396 P.2d 471, 475 (Idaho 1964) (citing IDAHO CODE ANN. § 52-101 for the definition of nuisance: "Anything which is injurious to health or morals, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to **interfere** with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, stream, canal, or basin, or any public park, square, street or highway, is a nuisance."). |
| **Illinois** | ***Dobbs v. Wiggins***, 929 N.E.2d 30, 41 (Ill. App. Ct. 2010): <br><br> The circuit court was charged with the task of balancing these conflicting interests to determine whether the intentional invasion of barking noise was an unreasonable invasion and, therefore, an actionable private nuisance. The circuit court heard enough evidence to conclude that 69 or more dogs kenneled on Wiggins's property caused an unreasonable noise invasion that **interfered with the plaintiffs' use and enjoyment** of their nearby land . . . Accordingly, we must affirm the circuit court's finding that the barking from the dogs kenneled on Wiggins's property constituted a private nuisance. <br><br> ***Colwell Sys., Inc. v. Henson***, 452 N.E.2d 889, 892 (Ill. 1983): <br><br> Although the defendant has not preserved any objections to the formal sufficiency of the complaint, we must first determine what interest of the plaintiff the defendant allegedly invaded. A trespass is an invasion "of the exclusive possession and physical condition of land" (Restatement (Second) of Torts, ch. 7, at 275 (1965)), and a private nuisance is "a nontrespassory invasion of another's interest in the private use and enjoyment of land" (Restatement (Second) of Torts § 821D (1979)). Although trespass and private nuisance are distinct fields of tort liability, they may overlap, and in an appropriate case an action may be maintained for both: <br><br> "An invasion of the possession of land normally involves some degree of **interference** with its use and enjoyment and this is true particularly when some harm is inflicted upon the land itself. The cause of action for trespass has traditionally included liability for incidental harms of this nature. If the **interference** with the use and enjoyment of the land is a significant one, sufficient in itself to amount to a private nuisance, the fact that it arises out of or is accompanied by a trespass will not prevent recovery for the nuisance, and the action may be maintained upon either basis as the plaintiff elects or both. Thus the flooding of the plaintiff's land, which is a trespass, is also a nuisance if it is repeated or of long duration; * * *." (Restatement (Second) of Torts § 821D, comment *e*, at 102 (1979).) |
| **Indiana** | IND. CODE ANN. § 32-30-6-6 (2012) (enacted in 2002) defines nuisance: <br> Whatever is: |

| State | Citation |
|---|---|
| | (1) injurious to health;<br>(2) indecent;<br>(3) offensive to the senses; or<br>(4) an obstruction to the free use of property;<br>so as essentially to **interfere** with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action.<br>(previously enacted as §§ 32-19-1-1 and 34-1-52-1, which was cited by *Gilmer v. Board of Comm'rs*, 439 N.E.2d 1355, 1356 (Ind. 1982)).<br><br>***Holland v. Steele*, 961 N.E.2d 516, 524 (Ind. Ct. App. 2012):**<br>In Indiana, nuisances are defined by statute. Indiana Code Section 32-30-6-6 defines an actionable nuisance as: 'Whatever is (1) injurious to health; (2) indecent; (3) offensive to the senses; or (4) an obstruction to the free use of property; so as essentially to **interfere** with the comfortable enjoyment of life or property[.]' A public nuisance is that which affects an entire neighborhood or community while a private nuisance affects only one individual or a determinate number of people. The essence of a private nuisance is the use of property to the detriment of the use and enjoyment of another's property.<br>(citing *Wernke v. Halas*, 600 N.E.2d 117, 120 (Ind. Ct. App. 1992)).<br><br>***Muehlman v. Keilman*, 272 N.E.2d 591, 594 (Ind. 1971):**<br>Appellants make specific allegations which they claim cause the lower[] court's decision to be contrary to law. They first claim there was no injury to appellees' property. However, no actual damage to property need be shown. The nuisance statute in question, IC 1971, 34-1-52-1, (Ind. Ann. Stat. § 2-505 [1967 Repl.]), is as follows:<br>"Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to **interfere** with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."<br>Nowhere within this statute is there any mention of actual damage to property. |
| **Iowa** | **IOWA CODE § 657.1 (2012)** (enacted prior to 1988, amended in 1995, 2005, and 2010):<br>Whatever is injurious to health, indecent, or unreasonably offensive to the senses, or an obstruction to the free use of property, so as essentially to **interfere** unreasonably with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought to enjoin and abate the nuisance and to recover damages sustained on account of the nuisance. A petition filed under this subsection shall include the legal description of the real property upon which the nuisance is located unless the nuisance is not situated on or confined to a parcel of real property or is portable or capable of being removed from the real property. |

| State | Citation |
|---|---|
| | *Gacke v. Pork Xtra, L.L.C.*, **684 N.W.2d 168, 180 (Iowa 2004)** ("Clearly, the plaintiffs had priority of location and, as we discuss next, there was substantial evidence of **interference with the plaintiffs' use and enjoyment** of their property as a result of the defendant's hog operation.  Therefore, we cannot say the evidence was insufficient to support the court's ruling that the defendant's facilities were a nuisance."). <br><br> *Page County Appliance Ctr., Inc. v. Honeywell, Inc.*, **347 N.W.2d 171, 175 (Iowa 1984):** <br>     Narrowing our focus, we note the Appliance Center is alleging a "private nuisance," that is, an actionable **interference** with a person's interest in the private use and enjoyment of his or her property. *Larsen v. McDonald,* 212 N.W.2d 505, 508 (Iowa 1973). It also is apparent that if Central Travel's computer emissions constitute a nuisance it is a "nuisance per accidens, or in fact"—a lawful activity conducted in such a manner as to be a nuisance. *Pauly v. Montgomery,* 209 Iowa 699, 702, 228 N.W. 648, 650 (1930). <br>     Principles governing our consideration of nuisance claims are well established. One's use of property should not unreasonably **interfere** with or disturb a neighbor's comfortable and reasonable use and enjoyment of his or her estate. |
| **Kansas** | *Byers v. Snyder*, **237 P.3d 1258, 1268 (Kan. Ct. App. 2010)** ("Intentional private nuisance is a tort relating to the intentional and unlawful **interference** with a person's use or enjoyment of his or her land.") (citation omitted). <br><br> *St. David's Episcopal Church v. Westboro Baptist Church, Inc.*, **921 P.2d 821, 827-28 (Kan. Ct. App. 1996):** <br>     The merits of St. David's petition are based upon a claim of private nuisance.  In *Williams v. Amoco Production Co.,* 241 Kan. 102, 117, 734 P.2d 1113 (1987), our Supreme Court, citing Prosser and Keaton on Torts, announced four requirements for recovery on a private nuisance claim: (1) The defendant acted with the intent of interfering with the use and enjoyment of the land by those entitled to that use; (2) there was some **interference with the use and enjoyment** of the land of the kind intended, although the amount and extent of that interference may not have been anticipated or intended; (3) the interference that resulted and the physical harm, if any, from that interference proved to be substantial; and (4) the interference was of such a nature, duration, or amount as to constitute unreasonable interference with the use and enjoyment of the land. <br><br> *Sandifer Motors, Inc. v. Roeland Park*, **628 P.2d 239, 243 (Kan. Ct. App. 1981)** ("To constitute a nuisance, the **interference** with plaintiff's use of its property must be both substantial and unreasonable.") (citations omitted). |

| State | Citation |
|---|---|
| Kentucky | KY. REV. STAT. ANN. § 411.550 (2012) (enacted in 1991): |

411.550. Determination of private nuisance.

(1) In determining whether a defendant's use of property constitutes a private nuisance, the judge or jury, whichever is the trier of fact, shall consider all relevant facts and circumstances including the following:

  (a) The lawful nature of the defendant's use of the property;

  (b) The manner in which the defendant has used the property;

  (c) The importance of the defendant's use of the property to the community;

  (d) The influence of the defendant's use of property to the growth and prosperity of the community;

  (e) The kind, volume, and duration of the annoyance or interference with the use and enjoyment of claimant's property caused by the defendant's use of property;

  (f) The respective situations of the defendant and claimant; and

  (g) The character of the area in which the defendant's property is located, including, but not limited to, all applicable statutes, laws, or regulations.

(2) A defendant's use of property shall be considered as a substantial annoyance or **interference with the use and enjoyment** of a claimant's property if it would substantially annoy or interfere with the use and enjoyment of property by a person of ordinary health and normal sensitivities.

*Smith v. Carbide & Chems. Corp.*, **226 S.W.3d 52, 56-57 (Ky. 2007):**

When the intrusion is through imperceptible particles not visible to the naked eye, there may still be an actual injury. In *Commonwealth ex. rel. Dep't of Natural Res. v. Stephens*, 539 S.W.2d 303, 305 (Ky. 1976), a takings case, the Court recognized damages for interfering with a property's use where no physical injury existed to the property (the owner was prohibited from certain uses of his property). And in *George* and *Anderson*, nuisance cases, the court allowed damages for **interfering** with the use and enjoyment of property without a physical intrusion. *George*, 431 S.W.2d at 711; *Ky. & W. Va. Power Co. v. Anderson*, 288 Ky. 501, 156 S.W.2d 857 (1941). Property owners are not required to prove contamination that is an actual or verifiable health risk, nor are they required to wait until government action is taken. An intrusion (or encroachment) which is an unreasonable interference with the property owner's possessory use of his/her property is sufficient evidence of an actual injury (or damage to the property) to award actual damages.

*Emrich v. Marcucilli*, **244 S.W. 865, 866 (Ky. Ct. App. 1922)** ("That a hospital, which is a lawful business, may, on account of the extraneous facts, become a nuisance to one within sufficient proximity thereto, is everywhere

| State | Citation |
|---|---|
| | recognized. The authorities cited, and many others which could be, establish the fixed doctrine, without dissent from any court, that no business, howsoever lawful, may be operated so near to the property of another as to materially **interfere** with the latter's enjoyment of his own; but the interference must be substantial as contradistinguished from a mere fanciful one.") (citations omitted). *Great N. Ref. Co. v. Lutes*, 227 S.W. 795, 796 (Ky. Ct. App. 1921) ("As said in Joyce on Nuisances, § 157, where the air is corrupted by noisome smells so as to substantially **interfere** with the ordinary comforts of human existence, or to materially diminish the value of another's property, such smells constitute a nuisance. The question is not one of negligence or no negligence, but of nuisance or no nuisance."). |
| Louisiana | LA. CIV. CODE ANN. art. 667 (2012) (enacted in 1996): Limitations on use of property Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. Nonetheless, the proprietor is answerable for damages without regard to his knowledge or his exercise of reasonable care, if the damage is caused by an ultrahazardous activity. An ultrahazardous activity as used in this Article is strictly limited to pile driving or blasting with explosives. *Atkins v. Six C Props., L.L.C.*, 55 So. 3d 120, 126 (La. App. 2010): The prohibitions contained in Articles 667 and 668 are not limited to physical invasion of neighboring property. The damage may well be intrinsic in nature, a combination of facts and conditions which, taken together, do not involve a physical invasion but which, under the circumstances, are nevertheless by their nature the very refinement of injury and damage. The law of nuisance in Louisiana, in accord with the general rule throughout the United States, is based on common sense and reason. So long as a person does not violate any statute he has a right to use his property as he sees fit limited only by the prohibition against abuse of the privilege by undue **interference** with the rights of his neighbor. (citations omitted). |

| State | Citation |
|-------|----------|
|  | ***Robichaux v. Huppenbauer***, 245 So. 2d 385, 389 (La. 1971) ("Thus noxious smells, rats, flies and noise may constitute an actionable nuisance although produced and carried on by a lawful business, where they result in material injury to neighboring property or **interfere** with its comfortable use and enjoyment by persons of ordinary sensibilities.") (citation omitted). |
| **Maine** | ***Johnston v. Maine Energy Recovery Co., Ltd. P'ship***, 997 A.2d 741, 745 (Me. 2010):<br><br>A private nuisance "consists in a use of one's own property in such a manner as to cause injury to the property, or other right, or interest of another." We further explained the elements required to prove a private nuisance in *Charlton*, 2001 ME 104, ¶ 36, 774 A.2d at 377. These elements are: (1) "[t]he defendant acted with the intent of interfering with the use and enjoyment of the land by those entitled to that use," with intent meaning only that "the defendant has created or continued the condition causing the interference with full knowledge that the harm to the plaintiff's interests are occurring or are substantially certain to follow"; (2) there was **some interference** of the kind intended; (3) the interference was substantial such that it caused a reduction in the value of the land; and (4) the interference "was of such a nature, duration or amount as to constitute unreasonable interference with the use and enjoyment of the land."<br><br>(citing *Charlton v. Town of Oxford*, 774 A.2d 366, 377 (Me. 2001) and *Norcross v. Thoms*, 51 Me. 503, 504 (1863)).<br><br>***Charlton v. Town of Oxford***, 774 A.2d 366, 377 (Me. 2001):<br><br>We note that the following elements are necessary to satisfy a common law cause of action for private nuisance:<br>(1) The defendant acted with the intent of interfering with the use and enjoyment of the land by those entitled to that use;<br>(2) There was some **interference with the use and enjoyment** of the land of the kind intended, although the amount and extent of that interference may not have been anticipated or intended;<br>(3) The interference that resulted and the physical harm, if any, from that interference proved to be substantial …. The substantial interference requirement is to satisfy the need for a showing that the land is reduced in value because of the defendant's conduct;<br>(4) The interference that came about under such circumstances was of such a nature, duration or amount as to constitute unreasonable interference with the use and enjoyment of the land….<br><br>(citing W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 87 at 622-23 (5th ed.1984)) (footnote omitted).<br><br>***Fuller v. Cent. Maine Power***, 1988 Me. Super. LEXIS 77, at *10-11 (Me. Super. Ct. Mar. 15, 1988):<br><br>Defendant's positions, at least with respect to private nuisance, is in |

| State | Citation |
|-------|----------|
|       | accord with Maine law and with the general principles underlying the law of nuisance. In *Barnes v. Hathorn*, the Court defined private nuisance as "anything done to the hurt or annoyance of lands, tenements or hereditaments of another." 54 Me. 124, 126-127, A. (1866) *quoting* 3 Black Com. 215. The Restatement (Second) of Torts § 821 D, at 100, defines a private nuisance as a "nontrespassing invasion of another's interest in the private use and enjoyment of land." Although plaintiff relies upon a phrase from *Norcross v. Thoms*, 51 Me. 503 (1863), to support his contention that nuisance can be an injury to any interest, the facts in *Norwood*, as in all the cases cited by the parties, concerned acts **which interfered with plaintiff's enjoyment or use of the land**. Since plaintiff is not alleging injury to a property right, plaintiff's complaint fails to state a nuisance claim based on the theory of private nuisance. <br><br> ***Foss v. Maine Tpk. Auth.*, 309 A.2d 339, 343 (Me. 1973):** <br> Applying these rules to the instant case, the issues of nuisance and trespass become clear. <br> To the extent that the salting operation of the Turnpike Authority was not authorized, or was carried out in an unreasonable or excessive fashion, then the Authority is wholly stripped of the protection of the immunity doctrine, and the salt runoff is to be treated as any other invasion of property or **interference** with the use and enjoyment of such property. |
| **Maryland** | ***Wietzke v. Chesapeake Conference Ass'n*, 26 A.3d 931, 942-43 (Md. 2011):** <br> As the doctrine of nuisance evolved, however, it also became one of the primary tools for protecting private landholders against "substantial **interferences**" with their possession of the land.  Importantly, the claim is "phrased as a harm or nuisance to the land" itself, not as a harm to the individual landholder.  *Id.*  Nuisance, then, is somewhat of a hybrid cause of action, involving property tenets, as well as tort principles. <br> *See also id.* at 944 ("We ordained that consideration of the circumstances of a given nuisance claim necessarily involved a review of the locality, the nature of the trade, the character of the machinery, and the manner of using the property producing the annoyance and injury complained of.") (internal quotation omitted). <br><br> ***Gallagher v. H.V. Pierhomes, LLC*, 957 A.2d 628 (Md. Ct. Spec. App. 2008):** <br> Under Maryland law, to sustain a private nuisance claim "there must be a substantial **interference** with the plaintiff's reasonable use and enjoyment of its property." *Exxon Corp. v. Yarema*, 69 Md. App. 124, 151, 516 A.2d 990 (1986), cert. denied, 309 Md. 47, 522 A.2d 392 (1987). In *Yarema*, we held that the defendants' "contamination of ground water imposed crippling restrictions not only on the contaminated land but on all the property adjacent to the land." *Id.* at |

13

| State | Citation |
|---|---|
| | 153 at 153. A private nuisance requires the interference to be "substantial and unreasonable and such as would be offensive or inconvenient to the normal person." *Washington Suburban Sanitary Comm'n v. CAE-LINK Corp.*, 330 Md. 115, 125, 622 A.2d 745 (1993). *See also Echard v. Kraft*, 159 Md. App. 110, 116-20, 858 A.2d 1018 (2004).<br><br>*Exxon Corp. v. Yarema*, **516 A.2d 990, 1001-03 (Md. Ct. Spec. App. 1986),** *cert denied*, **522 A.2d 392 (Md. 1987):**<br>    Nuisance is not contingent upon whether the defendant physically impinged on plaintiff's property, but whether the defendant substantially and unreasonably **interfered with plaintiff's use and enjoyment** of its property. This accords with Prosser's LAW OF TORTS:<br>        A disturbance of the comfort or convenience of the occupant, as by … loud noises is a nuisance…. So long as the **interference** is substantial and unreasonable, and such as would be offensive or inconvenient to the normal person, virtually any disturbance of enjoyment of property may amount to a nuisance.<br>    § 72, at 406–07 (2d ed. 1955) (emphasis added), *quoted with approval in Gorman v. Sabo,* 210 Md. 155, 159, 122 A.2d 475 (1956).<br>    Accordingly, the gravamen of the case *sub judice* is not whether a nontrespassory, intangible invasion of real property physically impinges on the plaintiffs' land, but whether the contamination of water caused by Exxon's leaking storage tanks **interfered with the plaintiffs' use and enjoyment** of their properties. |
| **Massachusetts** | *Rattigan v. Wile*, **841 N.E.2d 680, 686-87 (Mass. 2006)** ("For this [nuisance] action to succeed, the plaintiffs must have shown that the defendant caused 'a substantial and unreasonable **interference with the use and enjoyment** of the property' of the plaintiff. The injury or annoyance must have substantially interfered 'with the ordinary comfort … of human existence,' or have been substantially detrimental to the 'reasonable use [ ] or value of the property.'") (citations and footnote omitted).<br><br>*Ferriter v. Herlihy*, **191 N.E. 352, 354 (Mass. 1934)** ("A nuisance may be created by continuing negligence in which case the negligence is the gist of any action brought for relief by one who thereby suffers injury. But, without negligence, a nuisance may exist because one man's manner of persistent use of his property results in an unreasonable **interference** with the rights of his neighbor.") (citations omitted). |
| **Michigan** | *Capitol Props. Group, LLC v. 1247 Ctr. St., LLC*, **770 N.W.2d 105, 112 (Mich. Ct. App. 2009):**<br>    The elements of a private nuisance are satisfied if (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the |

| State | Citation |
|---|---|
| | actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct.  To prove a nuisance, significant harm to the plaintiff resulting from the defendant's unreasonable **interference with the use or enjoyment** of property must be proven. (citations omitted). <br><br> *Awad v. McColgan*, **98 N.W.2d 571, 573 (1959)**, *overruled on other grounds by Mobil Oil Corp. v. Thorn*, 258 N.W.2d 30 (1977) ("We thus approach the theory of nuisance *ab initio*.  Nuisance is the great grab bag, the dust bin, of the law.  It comprehends **interference with an owner's reasonable use and enjoyment** of his property by means of smoke, noise, or vibration; the obstruction of private easements and rights of support; interference with public rights, such as free passage along streams and highways, the enjoyment of public parks and places of recreation, and, in addition, activities and structures prohibited as statutory nuisances.") (footnote omitted). <br><br> *Nw. Home Owners Ass'n v. Detroit*, **299 N.W. 740, 750 (Mich. 1941):** <br>     We quote the following pertinent description of definition from 46 C.J. 677: 'The question in all cases is whether the annoyance produced is such as materially to **interfere** with the ordinary comfort of human existence.  **It is not of course necessary that the annoyance and discomfort should be so great as actually to drive the person complaining thereof from his dwelling** but if the alleged injury be a plain interference with ordinary comforts and enjoyment, there is a nuisance, no matter how slight the damage, provided the inconvenience be actual and not fanciful.' <br>     The trial court found, and we have determined, that the operation of the garbage incinerator, as now conducted by defendant, is a nuisance and to be 'a plain interference with the comfort and enjoyment' of the plaintiffs in their property; that such inconvenience is actual and not fanciful, and that it should be abated. |
| **Minnesota** | Minn. Stat. § 561.01 (2012) (enacted prior to 1988) ("Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to **interfere** with the comfortable enjoyment of life or property, is a nuisance.  An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered.") (cited by *Blackburn v. Doubleday Broad. Co.*, 353 N.W.2d 550, 552 n.2 (Minn. 1984) and *Johnson v. Paynesville Farmers Union Coop. Oil Co.*, 817 N.W.2d 693, 706 (Minn. 2012)). <br><br> *Citizens for a Safe Grant v. Lone Oak Sportsmen's Club, Inc.*, **624 N.W.2d** |

| State | Citation |
|---|---|
| | **796, 803 (Minn. Ct. App. 2001)** ("For an **interference** with the enjoyment of life or property to constitute a nuisance, it must be material and substantial.") (citations omitted). |
| | *Fagerlie v. City of Willmar*, **435 N.W.2d 641, 643 (Minn. Ct. App. 1989)** ("To maintain a nuisance action, a plaintiff must show the defendant intentionally **interfered** with the use and enjoyment of the land.") (citations omitted). |
| | *Schmidt v. Vill. of Mapleview*, **196 N.W.2d 626, 628 (Minn. 1972)** ("It is elementary that the term 'nuisance' denotes an infringement or **interference** with the free use of property or the comfortable enjoyment of life, and thus it necessarily follows that an unlawful denial of reasonable access to property may constitute a nuisance. Minn.St. 561.01.") (footnote omitted). |
| **Mississippi** | *Biglane v. Under The Hill Corp.*, **949 So. 2d 9, 14-15 (Miss. 2007):**<br>¶ 24.  The general rule is that [a] business, although in itself lawful, which impregnates the atmosphere with disagreeable and offensive odors and stenches, may become a nuisance to those occupying property in the vicinity, where such obnoxious smells result in a material injury to such owners.  This same rule extends to a situation where a lawful business injects loud music into the surrounding neighborhoods.  For [a] reasonable use of one's property cannot be construed to include those uses which produce obnoxious [noises], which in turn result in a material injury to owners of property in the vicinity, causing them to suffer substantial annoyance, inconvenience, and discomfort.<br>¶ 25.  Accordingly, even a lawful business – which the Under the Hill Saloon certainly is – may become … a nuisance by **interfering** with its neighbors' enjoyment of their property.  We recognize that [e]ach [private nuisance] case must be decided upon its own peculiar facts, taking into consideration the location and the surrounding circumstances.  Ultimately, [i]t is not necessary that other property owners should be driven from their dwellings, because [i]t is enough that the enjoyment of life and property is rendered materially uncomfortable and annoying.<br>(citations, footnote, and quotations omitted).<br><br>*Shaw v. Owen*, **90 So. 2d 179, 181-82 (Miss. 1956):**<br>This is a suit for damages for a nuisance resulting in unreasonable **interference** with appellants' home and the damages claimed are for annoyances, inconvenience, discomfort, and sickness. It should not be confused with such cases as *Great Atlantic & Pacific Tea Co. v. Mulholland, supra*, where the damages were to rental property. In cases where the principal element of damage is depreciation in the rental or usable value of property the complaining party may prove special or incidental damages such as annoyance, inconvenience, discomfort, or |

16

| State | Citation |
|---|---|
| | sickness, which are recoverable in addition to the principal element of damages. In this case the latter mentioned items are the only damages sought and may be said to be the principal, rather than the incidental, elements of damage.<br><br>For the reasons stated, the cause should be and is affirmed as to denial of the injunction and reversed and remanded for a hearing and determination of appellants' claim for damages.<br>(citations omitted).<br><br>***Hodges v. Drew*, 159 So. 298, 300 (Miss. 1935)** ("It is now generally held by the courts that lawful possession of land, although unaccompanied by title, is sufficient to support an action for damages for **interference** with the lawful enjoyment of the premises by the person in possession. A lessee is entitled to recover damages sustained by him during his tenancy from the maintenance of a nuisance which affects his enjoyment and use of the premises. A person in possession of the land may recover damages for injuries caused by a nuisance to the health or person of himself or other occupants who are members of his family.") (citation omitted). |
| **Missouri** | ***Christ v. Metro. St. Louis Sewer Dist.*, 287 S.W.3d 709, 711-12 (Mo. Ct. App. 2009):**<br>Thus the issue in the present case is whether plaintiffs' property was damaged by a nuisance operated by MSD. Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his [or her] property. The focus is on the unreasonable **interference with the use of and enjoyment** of another's property, and the condition of nuisance does not depend on the degree of care used. Injury, damage, and causation are essential elements required for recovery on the basis of nuisance.<br>(citations and quotations omitted).<br><br>***Frank v. Envtl. Sanitation Mgmt., Inc.*, 687 S.W.2d 876, 880 (Mo. 1985)** ("Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his property. The focus is defendant's unreasonable **interference with the use and enjoyment** of plaintiff's land. Nuisance is an effect rather than a cause of tort liability and conduct antecedent to the interference may be irrelevant. Nuisance is a condition and does not depend on the degree of care used; it depends on the degree of danger existing with the best of care. The law of nuisance recognizes two conflicting rights: property owners have a right to control their land and use it to benefit their best interests; the public and neighboring land owners have a right to prevent unreasonable use that substantially impairs the peaceful use and enjoyment of other land. The unreasonable use element of nuisance balances the rights of adjoining property owners.") (citations and footnotes omitted). |

| State | Citation |
|---|---|
| **Montana** | **MONT. CODE ANN. § 27-30-101(1) (2012)** ("Anything that is injurious to health, indecent or offensive to the senses, or an obstruction to the free use of property, so as to **interfere** with the comfortable enjoyment of life or property, or that unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, river, bay, stream, canal, or basin or any public park, square, street, or highway is a nuisance.") (enacted prior to 1981 as "Anything [which] that is injurious to health, indecent or offensive to the senses, or an obstruction to the free use of property, so as to **interfere** with the comfortable enjoyment of life or property, or [which] that unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, river, bay, stream, canal, or basin or any public park, square, street, or highway is a nuisance.") (cited by *Belue v. State*, 649 P.2d 752, 754 (Mont. 1982)). <br><br> ***Burley v. Burlington N. & Santa Fe Ry. Co.*, 273 P.3d 825, 828 (Mont. 2012)** ("A nuisance action includes 'all wrongs which have **interfered** with the rights of a citizen in the enjoyment of property.'") (quoting *Haugen v. Kottas*, 37 P.3d 672 (Mont. 2001) and citing MONT. CODE ANN. § 27–30–101). <br><br> ***Kasala v. Kalispell Pee Wee Baseball League*, 439 P.2d 65, 68-69 (Mont. 1968)** (In a nuisance case, the court explained that "[i]t is established law that even an intentional interference with the use and enjoyment of land is not actionable unless the **interference** be both substantial and unreasonable."). <br><br> ***McCollum v. Kolokotrones*, 311 P.2d 780, 782 (Mont. 1957)** ("Our statute defines a nuisance as 'Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to **interfere** with the comfortable enjoyment of life or property, * * *' R.C.M. 1947, section 57-101."). |
| **Nebraska** | ***Skyline Woods Homeowners Ass'n, Inc. v. Broekemeier*, 758 N.W.2d 376, 394 (Neb. 2008):** <br> As to Homeowners' contention that Liberty's actions constitute a nuisance, we confine ourselves to their argument in their brief: The Defendants' failure to operate the course or properly maintain the property interferes with the ability of the homeowners in Skyline Woods and other subdivisions near the golf course to enjoy their property. A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. In an equity action, the invasion of or **interference with another's private use and enjoyment** of land need only be substantial. Our court recognizes the principles set forth in Restatement (Second) of Torts regarding nuisance. Specifically, our court recognizes that § 822 provides a description of conduct that provides a basis for nuisance liability. Such section states: |

| State | Citation |
|-------|----------|
| | One is subject to liability for a private nuisance if, but only if, his conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of land, and the invasion is either<br>(a) intentional and unreasonable, or<br>(b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities.<br>(footnotes and internal quotations omitted).<br><br>*Karpisek v. Cather & Sons Const., Inc.*, 117 N.W.2d 322, 326 (Neb. 1962) ("The plaintiffs' evidence clearly shows the comfort and enjoyment of their own premises have been substantially **interfered** with. Where one's business operation as conducted materially and injuriously affects the comfort and enjoyment and property rights of those in the vicinity it becomes a nuisance and may be enjoined.") (citation omitted). |
| Nevada | *McCarran Int'l Airport v. Sisolak*, 137 P.3d 1110, 1133 (Nev. 2006) ("Where aircraft operations **interfere** with a property's existing use, a claim for nuisance or inverse condemnation may exist based upon the extent of the damage created by the overflights.").<br><br>*Culley v. County of Elko*, 711 P.2d 864, 866 (Nev. 1985):<br>An actionable nuisance is an intentional **interference with the use and enjoyment** of land that is both substantial and unreasonable. *Jezowski v. City of Reno*, 71 Nev. 233, 286 P.2d 257 (1955). |
| New Hampshire | *Morrissey v. Town of Lyme*, 37 A.3d 414, 418 (N.H. 2011):<br>The petitioners first argue that the trial court erred in dismissing their private nuisance claim against the Town. A private nuisance exists when an activity substantially and unreasonably **interferes with the use and enjoyment** of another's property. To constitute a nuisance, the defendant's activity must cause harm that exceeds the customary interferences a land user suffers in an organized society, and be an appreciable and tangible interference with a property interest. Thus, to survive a motion to dismiss, the petitioners needed to allege sufficient facts to demonstrate that the Town substantially and unreasonably interfered with the use and enjoyment of their property.<br>(internal quotations omitted).<br><br>*Cook v. Sullivan*, 829 A.2d 1059, 1066 (N.H. 2003):<br>"A private nuisance exists when an activity substantially and unreasonably **interferes with the use and enjoyment** of another's property." *Dunlop v. Daigle,* 122 N.H. 295, 298, 444 A.2d 519 (1982). To constitute a nuisance, the defendants' activities must cause harm that exceeds the customary interferences with land that a land user suffers in an organized society, and be an appreciable and tangible interference with a property interest. *Id.* "In determining whether an act interfering |

| State | Citation |
|---|---|
| | with the use and enjoyment is so unreasonable and substantial as to amount to a nuisance and warrant an injunction, a court must balance the gravity of the harm to the plaintiff against the utility of the defendant's conduct, both to himself and to the community." *Treisman v. Kamen*, 126 N.H. 372, 375, 493 A.2d 466 (1985) (quotation omitted). It is the plaintiffs' burden to prove the existence of a nuisance by a preponderance of the evidence. *Dunlop*, 122 N.H. at 295, 444 A.2d 519.<br><br>***Robie v. Lillis*, 299 A.2d 155, 158 (N.H. 1972)** ("Plaintiffs have alleged that the boathouse constitutes both a public and a private nuisance. Prior decisions of this court make it clear that a private nuisance may be defined as an activity which results in an unreasonable **interference with the use and enjoyment** of another's property."). |
| New Jersey | ***Smith v. Jersey Cent. Power & Light Co.*, 24 A.3d 300, 309 (N.J. Super. Ct. App. Div. 2011):**<br>"The essence of a private nuisance is an unreasonable **interference with the use and enjoyment** of land." *Sans v. Ramsey Golf & Country Club, Inc.*, 29 N.J. 438, 448, 149 A.2d 599 (1959). In determining whether a plaintiff has established an unreasonable interference with the use and enjoyment of land, our courts are guided by the principles set forth in the *Restatement (Second) of Torts. See State, Dep't of Envtl. Prot. v. Ventron Corp.*, 94 N.J. 473, 491–92, 468 A.2d 150 (1983).<br><br>***Rose v. Chaikin*, 453 A.2d 1378, 1381 (N.J. Ch. Div. 1982)** ("The essence of a private nuisance is an unreasonable **interference with the use and enjoyment** of land.").<br><br>***Sans v. Ramsey Golf & Country Club, Inc.*, 149 A.2d 599, 605 (N.J. 1959)** ("The essence of a private nuisance is an unreasonable **interference with the use and enjoyment** of land."). |
| New Mexico | ***City of Sunland Park v. Harris News, Inc.*, 124 P.3d 566, 577 (N.M. Ct. App. 2005):**<br>In contrast, a private nuisance is distinguished by the interest invaded; it is an unreasonable **interference with the private use and enjoyment** of land. *See Scott v. Jordan*, 99 N.M. 567, 570, 661 P.2d 59, 62 (Ct. App. 1983) (adopting the definition of a private nuisance contained in Restatement (Second) of Torts § 821D (1979)); 58 Am. Jur. 2d *Nuisances* § 31 (2002). Accordingly, only those whose private use and enjoyment in land has been injured may assert a claim of private nuisance. *See* 58 Am. Jur. 2d Nuisances § 45; *see also* Restatement (Second) of Torts § 821E (1979). Although a private nuisance "affects the enjoyment of some private right not common to the public," *see* 58 Am. Jur. 2d Nuisances § 44, a nuisance may be both public and private, or "mixed," where "a considerable number of people suffer in the |

| State | Citation |
|-------|----------|
| | interference with their use and enjoyment of land."  58 Am. Jur. 2d Nuisances § 33.<br><br>*Abbinett v. Fox*, **703 P.2d 177, 181 (N.M. Ct. App. 1985)** ("Although a landowner is entitled to use his own property, consistent with the law, in a manner calculated to maximize his own enjoyment, a concomitant of this right is that the use and enjoyment of his estate may not unreasonably **interfere** with or disturb the rights of adjoining landholders, or create a private nuisance.") (citation omitted). |
| **New York** | *Gedney Commons Homeowners Ass'n, Inc. v. Davis*, **85 A.D.3d 854, 855 (N.Y. App. Div. 2011)** ("elements of a private nuisance cause of action are an **interference** that is (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, and (5) caused by another's conduct in acting or failure to act") (citations omitted).<br><br>*Chelsea 18 Partners, LP v. Sheck Yee Mak*, **90 A.D.3d 38, 41, (N.Y. App. Div. 2011)** ("In a common-law cause of action for nuisance, the plaintiff must sufficiently plead, and subsequently establish, the following elements: (1) an **interference** substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to **use and enjoy** land, (5) caused by another's conduct in acting or failure to act.") (internal quotation and citations omitted).<br><br>*Copart Indus., Inc. v. Consol. Edison Co. of New York, Inc.*, **362 N.E.2d 968, 971 (N.Y. 1977)** ("A private nuisance threatens one person or a relatively few, an essential feature being an **interference with the use or enjoyment** of land.") (citations omitted). |
| **North Carolina** | *Elliott v. Muehlbach*,**620 S.E.2d 266, 269 (N.C. App. 2005):**<br>   In *Watts v. Pama Mfg. Co.,* 256 N.C. 611, 618, 124 S.E.2d 809, 814 (1962), the Supreme Court held that in order to establish a *prima facie* case of nuisance *per accidens,* a plaintiff must prove: (1) that the defendant's use of its property, under the circumstances, unreasonably invaded or **interfered** with the plaintiff's use and enjoyment of the plaintiff's property; and (2) because of the unreasonable invasion or interference, the plaintiff suffered substantial injury. *See also Whiteside Estates, Inc. v. Highlands Cove, L.L.C.,* 146 N.C. App. 449, 456, 553 S.E.2d 431, 437 (2001) ("Once plaintiff establishes that the invasion or intrusion is unreasonable, plaintiff must prove the invasion caused substantial injury to its property interest."), *disc. review denied,* 356 N.C. 315, 571 S.E.2d 220 (2002).<br><br>*Whiteside Estates, Inc., v. Highlands Cove, L.L.C.*, **553 S.E.2d 431, 436 (N.C. Ct. App. 2001)** ("To recover in nuisance, plaintiffs must show an unreasonable **interference with the use and enjoyment** of their property.") |

| State | Citation |
|-------|----------|
| | (quoting *Jordan v. Foust Oil Co., Inc.*, 116 N.C. App. 155, 167, 447 S.E.2d 491, 498 (1994)). <br><br> *Watts v. Pama Mfg. Co.*, 124 S.E.2d 809, 814 (N.C. 1962): <br> 'The precise limits of one's right to do as he pleases with his own property are difficult to define. The use must be a reasonable one, and the right implies and is subject to a like right in every other person. One cannot use his property so as to cause a physical invasion of another person's property, or unreasonably to deprive him of the lawful use and enjoyment of the same, or so as to create a nuisance to adjoining property owners * * * and any unreasonable * * * use which produces material injury or great annoyance to others, or unreasonably **interferes with their lawful use and enjoyment** of their property, is a nuisance which * * * will render him liable for the consequent damage.' <br> (citations omitted). <br><br> *Holton v. Nw. Oil Co.*, 161 S.E. 391, 393 (N.C. 1931) ("The term nuisance means literally annoyance; anything which works hurt, inconvenience, or damage, or which essentially **interferes** with the enjoyment of life or property.") (citations and quotation omitted). |
| **North Dakota** | **N.D. CENT. CODE ANN. § 42-01-01 (2012)** (enacted prior to 1988): <br> A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission: <br>    1. Annoys, injures, or endangers the comfort, repose, health, or safety of others; <br>    2. Offends decency; <br>    3. Unlawfully **interferes** with, obstructs or tends to obstruct, or renders dangerous for passage, any lake, navigable river, bay, stream, canal, basin, public park, square, street, or highway; or <br>    4. In any way renders other persons insecure in life or in the use of property. <br><br> *Hale v. Ward County*, 818 N.W.2d 697, 703 (N.D. 2012) ("The duty which gives rise to a nuisance claim is the absolute duty not to act in a way which unreasonably **interferes with other persons' use and enjoyment** of their property. It is in assessing this duty, which is explicit in the provisions of section 42–01–01, NDCC, ... that the common law of nuisance remains relevant.") (internal quotation and citations omitted). <br><br> *Jerry Harmon Motors v. Farmers Union Grain Terminal Ass'n*, 337 N.W.2d 427, 428-29 (N.D. 1983): <br> Our laws concerning nuisances are found in NDCC Ch. 42-01. NDCC § 42-01-02 provides that: <br>    "A private nuisance is one which affects a single individual or a determinate number of persons in the enjoyment of some private right not common to the public." |

| State | Citation |
|---|---|
| | NDCC § 42-01-01 defines a nuisance as follows:<br>"Nuisance-Definition.-A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission:<br>1. Annoys, injures, or endangers the comfort, repose, health, or safety of others;<br>2. Offends decency;<br>3. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake, navigable river, bay, stream, canal, basin, public park, square, street, or highway; or<br>4. In any way renders other persons insecure in life or in the use of property." |
| Ohio | *Abraham v. BP Exploration & Oil, Inc.*, 778 N.E.2d 48, 53 (Ohio Ct. App. 2002) ("A private nuisance is an act that wrongfully **interferes with another's interest, use, or enjoyment** of land.  It can also be anything that obstructs the reasonable and comfortable use of property.") (citations omitted).<br><br>*Taylor v. Cincinnati*, 55 N.E.2d 724, 725 (Ohio 1944):<br>2. Absolute nuisance, for which strict liability or liability without fault is imposed by law, may be defined as a distinct civil wrong arising or resulting from the invasion of a legally protected interest, and consisting of an unreasonable **interference with the use and enjoyment** of the property of another; the doing of anything or the permitting of anything under one's control or direction to be done without just cause or excuse, the necessary consequence of which interferes with or annoys another in the enjoyment of his legal rights; the unlawfully doing of anything or the permitting of anything under one's control or direction to be done, which results in injury to another; or the collecting and keeping on one's premises anything inherently dangerous or likely to do mischief, if it escapes, which, escaping, injuries another in the enjoyment of his legal rights.<br>3. As distinguished from absolute nuisance, a qualified nuisance or nuisance dependent upon negligence consists of anything lawfully but so negligently or carelessly done or permitted as to create a potential and unreasonable risk of harm, which, in due course, results in injury to another. |
| Oklahoma | OKLA. STAT. tit. 50, § 1 (2012) (enacted prior to 1988):<br>A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:<br>First.  Annoys, injures or endangers the comfort, repose, health, or safety of others; or<br>Second.  Offends decency; or<br>Third.  Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or |

| State | Citation |
|-------|----------|
| | Fourth.  In any way renders other persons insecure in life, or in the use of property, provided, this section shall not apply to preexisting agricultural activities.<br><br>***Nichols v. Mid-Continent Pipe Line Co.*, 933 P.2d 272, 276 (Okla. 1996):**<br> The statutory definition of *nuisance* – in 50 O.S.1991 §§ 1 *et seq.* – encompasses the common law's *private and public* nuisance concepts. It abrogates neither action.  *Common-law nuisance* – a field of tort-like liability which allows recovery of damages for wrongful **interference with the use or enjoyment** of rights or interests in land – *affords the means of recovery for damage incidental to the land possessor's person or chattel.*<br> (footnotes omitted) (italicized emphasis in original).<br><br>***Summers v. Acme Flour Mills Co.*, 263 P.2d 515, 516-17 (Okla. 1953):**<br> The instructions, when considered as a whole, fairly stated the law applicable to the issues involved," where "Instruction No. 6 instructed the jury that the mere fact that the plaintiff may have suffered inconvenience or annoyance and loss or damage to the operation of his business by reason of dust, lint, water or oil permeating the air in and upon the plaintiff's place of business is not sufficient to entitle the plaintiff to recover anything from the defendant in this action; that the gist of plaintiff's cause of action is based upon his allegations that the defendant, in its milling operations, caused the atmosphere in and upon plaintiff's place of business to become so contaminated with dust, lint, water or oil, so as to unreasonably **interfere** with the peaceable and free use and enjoyment of the place of business of the plaintiff, thereby creating and maintaining a nuisance, and unless the jury found by a preponderance of the evidence that the defendant did create and maintain such a nuisance, causing the injury and damage, if any, sustained by the plaintiff, then it would be its duty to return a verdict for the defendant.<br><br>***Mead v. Vincent*, 187 P.2d 994, 996 (Okla. 1947)** (" The allegations of her petition are sufficient to show that the invading roots **interfered** with her in the use and enjoyment of her premises in such manner as to constitute a nuisance as that term is defined by 50 O.S. 1941 § 1, subd. 4.") (citation omitted).<br><br>***Kenyon v. Edmundson*, 193 P. 739, 741 (Okla. 1920)** ("It is well settled that where the air is corrupted by noisome smells, by noxious odors, and stenches so as to substantially **interfere** with the ordinary comforts of human existence, such condition constitutes a nuisance."). |
| **Oregon** | ***Drayton v. City of Lincoln City*, 260 P.3d 642, 645 (Or. Ct. App. 2011)** ("A private nuisance is an unreasonable non-trespassory **interference with** |

| State | Citation |
|---|---|
|  | another's private use and enjoyment of land."). |
|  | *Jewett v. Deerhorn Enters., Inc.*, 575 P.2d 164, 166 (Or. 1978) ("A nuisance, claimed to be an **interference with the use and enjoyment** of land, is not actionable unless that interference is both substantial and unreasonable. Whether a particular use of property constitutes an actionable nuisance cannot be determined by fixed general rules but depends on the individual facts of a particular case.") (citations omitted). |
| Pennsylvania | *Diess v. Pa. Dept. of Transp.*, 935 A.2d 895, 905-06 (Pa. Commw. Ct. 2007): <br><br> In evaluating a private nuisance claim, the key question is whether one person has **impaired another person's private right of use or enjoyment** of their land. The Restatement indicates that "any one of the types of conduct that serve in general as the bases for all tort liability may invade a person's private right of use or enjoyment of their land." A defendant may be liable for the invasion of such use and enjoyment when the interference is intentional and unreasonable or the result of negligent, reckless or abnormally dangerous conduct. <br> (citation omitted). <br><br> *Golen v. Union Corp.*, 718 A.2d 298, 301 (Pa. Super. Ct. 1998) ("Pennsylvania caselaw involving private nuisance is consistent with this view. All of the cases relate to an **interference** of the enjoyment of the property while on the premises.") (citing cases). <br><br> *Lehman v. Windler Rifle & Pistol Club.* 44 Pa. D. & C.3d 243, 245 (Pa.Com.Pl. 1986) ("The case law in Pennsylvania is quite clear that shooting and holding shooting matches are not a nuisance per se. Therefore, this court cannot judicially declare defendant's activity to be a nuisance as a matter of law. [W]hether such activity is in fact a nuisance would depend upon whether there has been an unreasonable **interference** with the rights of others [ ], and the extent of such interference with the rights of others would depend upon proof of the fact of and the extent of the injury . . . .") (citations and quotations omitted). <br><br> *Krocker v. Westmoreland Planing Mill Co.*, 117 A. 669, 670 (Pa. 1922) ("Noise which constitutes an annoyance to a person of ordinary sensibility to sound, so as to materially **interfere** with the ordinary comfort of life and to impair the reasonable enjoyment of his habitation to him, is a nuisance."). <br><br> *Stokes v. Pa. R. Co.*, 63 A. 1028, 1030 (Pa. 1906) ("That the acts testified to, if committed, would constitute a nuisance, requires no discussion. Anything which causes hurt of damage to the lands or tenements of another, or **interferes** with the reasonable employment of the same, is a nuisance."). |
| Rhode Island | *Hennessey v. Pyne*, 694 A.2d 691, 695 (R.I. 1997): |

| State | Citation |
|---|---|
|  | However, under Rhode Island law it is well settled that a cause of action for a private nuisance [that is, a conflict between neighboring contemporaneous land uses] arises from the unreasonable use of one's property that materially **interferes** with a neighbor's physical comfort or * * * use of * * * real estate. (internal quotations and citations omitted). <br><br> ***Weida v. Ferry*, 493 A.2d 824, 826 (R.I. 1985)** ("A private nuisance arises from the unreasonable use of one's property that materially **interferes** with a neighbor's physical comfort or the neighbor's use of his real estate."). |
| **South Carolina** | ***Shaw v. Coleman*, 645 S.E.2d 252, 258 (S.C. Ct. App. 2007):** "The traditional concept of a nuisance requires a landowner to demonstrate that the defendant unreasonably interfered with his ownership or possession of the land." *Silvester v. Spring Valley Country Club,* 344 S.C. 280, 286, 543 S.E.2d 563, 566 (Ct.App.2001). "[N]uisance is a substantial and unreasonable **interference with the plaintiff's use and enjoyment** of his property.**"** *Id.; see Blanks v. Rawson,* 296 S.C. 110, 113, 370 S.E.2d 890, 892 (Ct.App.1988) ("A nuisance has been defined as 'anything which works hurt, inconvenience, or damages; anything which essentially interferes with the enjoyment of life or property.'" (quoting *Strong v. Winn–Dixie Stores, Inc.,* 240 S.C. 244, 253, 125 S.E.2d 628, 632 (1962))). "If a lawful business is operated in an unlawful or unreasonable manner so as to produce material injury or great annoyance to others or unreasonably interferes with the lawful use and enjoyment of the property of others, it will constitute a nuisance." *LeFurgy,* 313 S.C. at 558, 443 S.E.2d at 579. "Since the degree of annoyance or inconvenience necessary to constitute an actionable nuisance cannot be generally quantified, each case must depend largely on its own facts." *Id.* at 559, 443 S.E.2d at 579. "The question is not whether the plaintiffs have been annoyed or disturbed by the operation of the business in question, but whether there has been an injury to their legal rights." *Id.* <br><br> ***Peden v. Furman Univ.*, 151 S.E. 907, 912 (S.C. 1930)** ("'Nuisance' is * * * [a]nything that unlawfully worketh hurt, inconvenience or damage.  * * * That class of wrongs that arises from the unreasonable, unwarrantable, or unlawful use by a person of his own property, either real or personal.  * * *  A private nuisance is anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another.  It produces damage to but one or two persons, and cannot be said to be public.  * * *  If a thing is calculated to **interfere** with the comfortable enjoyment of a man's house, it is a nuisance. * * *  Every citizen holds his property subject to the implied obligation that he will use it in such a way as not to prevent others from enjoying the use of their property.") (citations and internal quotations omitted) |
| **South Dakota** | **S.D. CODIFIED LAWS § 21-10-1 (2012)** (enacted prior to 1988): |

| State | Citation |
|-------|----------|
|  | A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either: <br> (1) Annoys, injures, or endangers the comfort, repose, health, or safety of others; <br> (2) Offends decency; <br> (3) Unlawfully interferes with, obstructs, or tends to obstruct, or renders dangerous for passage, any lake or navigable river, bay, stream, canal, or basin, or any public park, square, street, or highway; <br> (4) In any way renders other persons insecure in life, or in the use of property. <br><br> *Kuper v. Lincoln-Union Elec. Co.*, 557 N.W.2d 748, 761 (S.D. 1996) ("Generally, a nuisance is a 'condition which substantially invades and unreasonably **interferes** with another's use, possession, or enjoyment' of property.") (quoting *Greer v. City of Lennox*, 107 N.W.2d 337, 339 (S.D. 1961)). <br><br> *Aberdeen v. Wellman*, 352 N.W.2d 204, 205 (S.D. 1984) (citing S.D. CODIFIED LAWS § 21-10-1 and explaining that "nuisance must be a condition which substantially invades and unreasonably **interferes with another's use, possession, or enjoyment** of his land.") (citation omitted). <br><br> *Greer v. City of Lennox*, 107 N.W.2d 337, 339 (S.D. 1961): <br> In the sense used here a nuisance is a condition which substantially invades and unreasonably **interferes** with another's use, possession, or enjoyment of his land. It may be intentionally or unintentionally created. 'As a general rule, negligence is not involved in nuisance actions or proceedings, and is not essential to the cause of action. If a particular use of property causes a nuisance, this fact is itself sufficient to entitle a person injured thereby to relief. If a nuisance exists, the facts that due care was exercised and due precautions were taken against the annoyance or injury complained of are immaterial; and the fact that defendant has used the ordinary means to avoid the nuisance complained of which are used in general by others engaged in the same business is no defense. In fact, a nuisance may be created or maintained with the best or highest degree of care * * *.' <br> To create liability for a private nuisance it must cause substantial harm. In other words it must substantially and unreasonably invade or **interfere** with another's use and enjoyment of his property. (citations omitted). |
| **Tennessee** | *Sadler v. State*, 56 S.W.3d 508, 511 (Tenn. Ct. App. 2001) ("A nuisance has been defined as anything which annoys or disturbs the free use of one's property, or which renders its ordinary use or physical occupation uncomfortable. A private nuisance is created where a landowner uses his property in such a manner as to unreasonably **interfere with plaintiff's use** |

| State | Citation |
|-------|----------|
|  | **or enjoyment** of his own property. In contrast, a public nuisance is the interference with the public's use and enjoyment of a public place or with other common rights of the public. The key element of any nuisance is the reasonableness of the defendant's conduct under the circumstances.") (citations and quotations omitted).<br><br>*Metro. Gov't of Nashville & Davidson County v. Counts*, **541 S.W.2d 133, 138 (Tenn. 1976)** ("A true nuisance is categorized as either private or public in nature. If private, liability is based on a landowner's use of his property in such a manner as to unreasonably **interfere with plaintiff's use or enjoyment** of his own property. If public, nuisance liability is based on interference with the public's use and enjoyment of a public place or with other common rights of the public."). |
| **Texas** | *Barnes v. Mathis*, **353 S.W.3d 760, 763 (Tex. 2011)** ("A nuisance is a condition that substantially **interferes** with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities.") (footnote omitted).<br><br>*Holubec v. Brandenberger*, **111 S.W.3d 32, 37 (Tex. 2003)** (A 'nuisance' is a condition that substantially **interferes** with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it.") (citations omitted).<br><br>*Meat Producers, Inc. v. McFarland*, **476 S.W.2d 406, 410 (Tex. Civ. App. 1972)** ("This evidence raises the issue of private nuisance, that is, a condition which substantially **interferes with the use and enjoyment** of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it.") (citations omitted). |
| **Utah** | UTAH CODE ANN. § 78B-6-1101(1) (2012) ("A nuisance is anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to **interfere** with the comfortable enjoyment of life or property.") (from 1951 or earlier until its amendment in 1996, UTAH CODE ANN. § 78B-6-1101 stated: "Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to **interfere** with the comfortable enjoyment of life or property, is a nuisance and the subject of an action…").<br><br>*Whaley v. Park City Mun. Corp.*, **190 P.3d 1, 8 (Utah Ct. App. 2008)** ("'[t]he essence of a private nuisance is an **interference with [an individual's]** use and enjoyment of land.'") (quoting W. Page Keeton et al., *Prosser on Torts* § 87, at 619 (5th ed. 1984)).<br><br>*Walker Drug Co., Inc. v. La Sal Oil Co.*, **972 P.2d 1238, 1243-44 (Utah 1998)** ("Similarly, a claim of private nuisance requires proof of a substantial and unreasonable **interference** with the private use and enjoyment of |

| State | Citation |
|-------|----------|
|  | another's land. While nuisance is not contingent upon whether [a] defendant physically impinged on plaintiff's property, it is undisputed that the nontrespassory interference must be significant.") (citations, quotations and footnote omitted).<br><br>***Branch v. W. Petroleum, Inc.*, 657 P.2d 267, 273-74 (Utah 1982):**<br>Nuisance law also protects property interests from nontrespassory invasions.  Unlike most other torts, it is not centrally concerned with the nature of the conduct causing the damage, but with the nature and relative importance of the interests **interfered with** or invaded.  The doctrine of nuisance "has reference to the interests invaded, to the damage or harm inflicted, and not to any particular kind of action or omission which has lead to the invasion."  W. Prosser, *supra*, § 87 at 73-75.<br><br>***Wade v. Fuller*, 365 P.2d 802, 803 (Utah 1961)** (affirming a nuisance verdict where "[t]he lower court, sitting without a jury, found that the operation of defendants' business had unreasonably **interfered** with plaintiffs' comfortable enjoyment of their lives and property."). |
| **Vermont** | ***Trickett v. Ochs*, 838 A.2d 66, 77 (Vt. 2003)** ("Even when engaged in a lawful business use, the owner of the business must act in a reasonable manner so as not to unreasonably **interfere** with the rights of adjoining property owners.") (citation omitted).<br><br>***Coty v. Ramsey Associates, Inc.*, 546 A.2d 196, 201 (Vt. 1988)** ("In order to be considered a nuisance, an individual's **interference** with the use and enjoyment of another's property must be both unreasonable and substantial.") (citations omitted). |
| **Virginia** | ***City of Va. Beach v. Murphy*, 389 S.E.2d 462, 463 (Va. 1990)** ("We have described a private nuisance as an activity which unreasonably **interferes with the use and enjoyment** of another's property.") (internal quotation and citations omitted).<br><br>***City of Newport News v. Hertzler*, 221 S.E.2d 146, 150 (Va. 1976)** ("We have held that the 'term 'nuisance' embraces everything that endangers life or health, or obstructs the reasonable and comfortable use of property'. Stated another way, a private nuisance is an activity which unreasonably **interferes with the use and enjoyment** of another's property."). |
| **Washington** | WASH. REV. CODE ANN. § 7.48.010 (2012) ("an obstruction to the free use of property, so as to essentially **interfere** with the comfortable enjoyment of the life and property, is a nuisance") (enacted prior to 1988).<br><br>WASH. REV. CODE ANN. § 7.48.120 (2012) ("Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, … |

| State | Citation |
|---|---|
| | or in any way renders other persons insecure in life, or in the use of property.") (last amended in 1881).<br><br>***Tiegs v. Watts***, **954 P.2d 877, 883-84 (Wash. 1998)** ("An actionable nuisance must either injure the property or unreasonably **interfere with enjoyment** of the property.").<br><br>***Highline Sch. Dist. v. Port of Seattle***, **548 P.2d 1085, 1093 n.7 (Wash. 1976)** ("Traditional nuisance principles, whether based upon common law or statute, present several obstacles to plaintiffs alleging damages attributable to aircraft noise. The noise must result in a '**substantial interference**' with the use and enjoyment of the land.") (citations omitted).<br><br>***Jones v. Rumford***, **392 P.2d 808, 810 (Wash. 1964)**:<br>Our basic point of inquiry relates to the general theory of the law of nuisance. This appears primarily to be based upon generally accepted ideas of right, equity, and justice. The thought is inherent that not even a fee simple owner has a totality of rights in and with respect to his real property. In so far as the law of nuisance is concerned, rights as to the usage of land are relative. The general legal principle to be inferred from court action in nuisance cases is that one landowner will not be permitted to use his land so unreasonably as to **interfere** unreasonably with another landowner's use and enjoyment of his land. |
| **West Virginia** | ***Burch v. Nedpower Mount Storm, LLC***, **647 S.E.2d 879, 887 (W.Va. 2007)** (holding "'[a] private nuisance is a substantial and unreasonable **interference with the private use and enjoyment** of another's land,'" and finding neighboring wind power generating facility could constitute a nuisance due to noise and unsightliness) (quoting *Hendricks v. Stalnaker*, 380 S.E.2d 198 (W.V. 1989)).<br><br>***Martin v. Williams***, **93 S.E.2d 835, 844 (W. Va. 1956)** ("A nuisance is anything which annoys or disturbs the free use of one's property, or which renders its ordinary use or physical occupation uncomfortable. A nuisance is anything which **interferes** with the rights of a citizen, either in person, property, the enjoyment of his property, or his comfort. A condition is a nuisance when it clearly appears that enjoyment of property is materially lessened, and physical comfort of persons in their homes is materially interfered with thereby.") (citations omitted), *cited with approval by Mahoney v. Walter*, 205 S.E.2d 692, 697 (W. Va. 1974). |
| **Wisconsin** | ***Schultz v. Trascher***, **640 N.W.2d 130, 137 (Wis. Ct. App. 2001)**:<br>In Wisconsin, a private nuisance is a continuing activity or condition which **interferes with the use and enjoyment** of neighboring property so unreasonably that liability results. Liability generally attaches only if the defendant's conduct is unreasonable under the circumstances.<br>… |

| State | Citation |
|---|---|
|  | "'Interest in use and enjoyment' also comprehends the pleasure, comfort and enjoyment that a person normally derives from the occupancy of land. Freedom from discomfort and annoyance while using land is often as important to a person as freedom from physical interruption with his use or freedom from detrimental change in the physical condition of the land itself." [quoting *Prah v. Maretti*, 108 Wis.2d 223, 231-32, 321 N.W.2d 182 (1982)]. |
|  | ***Prah v. Maretti*, 321 N.W.2d 182, 187 (Wis. 1982)** ("We consider first whether the complaint states a claim for relief based on common law private nuisance. This state has long recognized that an owner of land does not have an absolute or unlimited right to use the land in a way which injures the rights of others. The rights of neighboring landowners are relative; the uses by one must not unreasonably impair the uses or enjoyment of the other. When one landowner's use of his or her property unreasonably **interferes with another's enjoyment** of his or her property, that use is said to be a private nuisance.") (footnote and citations omitted). |
| **Wyoming** | ***Wilson v. Amoco Corp.*, 33 F. Supp. 2d 969, 977-78 (D. Wyo. 1998):** A nuisance is a wrong that "arises from an unreasonable, unwarranted, or unlawful use by a person of his own property," and which works an obstruction or injury to the right of another. *Bowers Welding & Hotshot, Inc. v. Bromley*, 699 P.2d 299, 306 (Wyo. 1985). "Liability for nuisance may be imposed on any of three bases: (1) intentional invasion of a plaintiff's interests; (2) negligent invasion of a plaintiff's interests; or (3) conduct which is abnormal and out-of place in its surroundings and so falls fairly within the principle of strict liability." *Timmons v. Reed*, 569 P.2d 112, 123 (Wyo. 1977). Nuisance is often succinctly described as an **interference** with the use and enjoyment of the plaintiff's land. *See generally* 58 Am. Jur. 2d, at § 43. An unwarranted **interference** with a plaintiff's property may occur absent a physical invasion of the property. *See In re Tutu Wells Contamination Litigation*, 909 F. Supp. 991, 996 (D.V.I. 1995) (citing cases); *see also* Restatement (Second) of Torts, § 821D ("A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land."); 58 Am. Jur. 2d, at § 89 ("Although a nuisance may involve a physical impact much of the time, that is not an essential element of the tort."). If there is no physical impact, however, there obviously must be some sensory impact or other interference with the use and enjoyment of the plaintiff's property. While the various types of conduct that could foreseeably be said to interfere with use and enjoyment and thus raise a nuisance are numerous, the cause of action has its limits. The most notable limitation in Wyoming, and the one Defendants point to here, is that the interference complained of cannot be merely an alleged diminution in value of property. *See Edgcomb*, 922 P.2d at 860 ("Diminution in value of the property alone is not, as a |

| State | Citation |
|-------|----------|
|       | matter of law, interference with the use of property."). Thus, to the extent a Plaintiff's only claimed interference is diminution in property value, that Plaintiff's nuisance claim must fail. (footnote omitted). *Sheridan Drive-In Theatre, Inc. v. State*, **384 P.2d 597, 600 (Wyo. 1963)** (discussing nuisance as activity that "unreasonably or substantially **interfere[s] with the ordinary use and enjoyment** of property"). |