# Exhibit 1

No.

---

IN THE

# Supreme Court of the United States

————

MERILYN COOK, *et al.*,
*Petitioners,*

v.

ROCKWELL INTERNATIONAL CORPORATION
AND THE DOW CHEMICAL COMPANY,
*Respondents.*

————

**On Petition for a Writ of Certiorari
to the United States Court of Appeals
for the Tenth Circuit**

————

## PETITION FOR A WRIT OF CERTIORARI

————

MERRILL G. DAVIDOFF
DAVID F. SORENSEN
JENNIFER E. MACNAUGHTON
CAITLIN G. COSLETT
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000

GARY B. BLUM
STEVEN W. KELLY
SILVER & DEBOSKEY, P.C.
The Smith Mansion
1801 York Street
Denver, CO  80206
(303) 399-3000

MARCY G. GLENN
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO  80202
(303) 295-8000

JEFFREY A. LAMKEN
*Counsel of Record*
ROBERT K. KRY
MARTIN V. TOTARO
KELLY M. FALLS
MOLOLAMKEN LLP
The Watergate, Suite 660
600 New Hampshire Ave., NW
Washington, D.C.  20037
(202) 556-2000
jlamken@mololamken.com

LOUISE M. ROSELLE
PAUL M. DE MARCO
JEAN M. GEOPPINGER
WAITE, SCHNEIDER, BAYLESS
 & CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
Cincinnati, OH  45202
(513) 621-0267

*Counsel for Petitioners Merilyn Cook, et al.*

———

WILSON-EPES PRINTING CO., INC.  –  (202) 789-0096  –  WASHINGTON, D.C. 20002

## QUESTIONS PRESENTED

The Price-Anderson Act, Pub. L. No. 85-256, 71 Stat. 576 (1957), establishes a compensation regime for any "nuclear incident," a term that includes radioactive discharges causing "bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property." 42 U.S.C. §2014(q). Congress provided that, in suits covered by the Act, "the substantive rules for decision * * * shall be derived from the law of the State in which the nuclear incident involved occurs," unless state law is inconsistent with certain provisions of the Act. *Id.* §2014(hh).

The questions presented are:

1. Whether state substantive law controls the standard of compensable harm in suits under the Price-Anderson Act, or whether the Act instead imposes a federal standard.

2. Whether, even assuming a federal standard applies, a property owner whose land has been contaminated by radioactive plutonium, resulting in lost property value, must show some "physical injury" to the property beyond the contamination itself in order to recover for "damage to property."

(i)

ii

## PARTIES TO THE PROCEEDINGS BELOW

Petitioners Merilyn Cook, Lorren and Gertrude Babb, Richard and Sally Bartlett, and William and Delores Schierkolk were plaintiffs in the district court and appellees and cross-appellants in the court of appeals.

Respondents Rockwell International Corporation and The Dow Chemical Company were defendants in the district court and appellants and cross-appellees in the court of appeals.

Michael Dean Rice, Thomas and Rhonda Deimer, Stephen and Peggy Sandoval, and Bank Western were plaintiffs in the district court and are listed as parties in the caption in the court of appeals, but are not parties to the district court judgment under review.

The Boeing Company is identified in the district court judgment as a party bound by the judgment, as successor-in-interest to Rockwell International Corporation.

TABLE OF CONTENTS

Page

Questions Presented ..................................................... i

Parties to the Proceedings Below ............................ ii

Opinions Below............................................................. 1

Statement of Jurisdiction ........................................... 1

Statutory Provisions Involved ................................... 2

Introduction.................................................................. 2

Statement...................................................................... 3

  I.  Statutory Framework......................................... 3

     A.  The Price-Anderson Act............................. 3

     B.  The 1966 Amendments ................................ 4

     C.  The 1988 Amendments ................................ 5

  II.  Proceedings Below ........................................... 7

     A.  Background ..................................................... 7

     B.  Proceedings Before the District
         Court ............................................................... 8

     C.  The Tenth Circuit's Decision ...................... 11

Reasons for Granting the Petition ............................ 15

  I.  The Circuits Are Divided Over Whether
     State or Federal Law Determines the
     Standard for Compensable Harm in a
     Price-Anderson Suit........................................... 16

     A.  The Courts Are Squarely Divided ............. 17

     B.  The Tenth Circuit Erred in Holding
         That Price-Anderson Imposes a
         Federal Standard of Compensable
         Harm .............................................................. 20

(iii)

iv

TABLE OF CONTENTS—Continued

Page

II. The Circuits Are Divided Over Whether
Contamination That Diminishes Property
Value Constitutes "Damage to Property" ......   25

   A.  The Courts Are Squarely Divided .............   25

   B.  The Tenth Circuit Erred in Requiring
"Physical Injury" Beyond Contamina-
tion Resulting in Lost Property Value ......   27

III. The Questions Presented Are Matters of
National Importance ........................................   31

   A.  The Tenth Circuit's Decision Under-
mines the Federal-State Balance
Congress Intended ........................................   31

   B.  The Tenth Circuit's Decision Abrogates
Important Property Rights ........................   32

Conclusion....................................................................   33

Appendix A – Court of Appeals Opinion
(Sept. 3, 2010) ...........................................   1a

Appendix B – District Court Order on Post-
Trial Motions (May 20, 2008) ...............   44a

Appendix C – District Court Final Judgment
(June 2, 2008)..........................................   113a

Appendix D – Court of Appeals Order
Denying Rehearing (Dec. 9, 2010)......................   125a

Appendix E – Excerpts of Final Jury
Instructions (Feb. 16, 2006) ..................   130a

Appendix F – Statutory Provisions...........................   151a

11

$12,000 per residential property. *Id.* at 49a; C.A. App. 1620; Tr. 6422. It also awarded $200.2 million in punitive damages. App., *infra*, 54a. Rockwell and Dow moved for judgment as a matter of law or a new trial, but the district court denied those motions. *Id.* at 45a-81a. On June 2, 2008, the court entered a final judgment (including 18 years of prejudgment interest) of $926 million. *Id.* at 106a-107a, 113a-117a.

## C. The Tenth Circuit's Decision

The Tenth Circuit reversed in relevant part. App., *infra*, 1a-43a.

1. On appeal, Rockwell and Dow claimed for the first time that Price-Anderson's definition of "nuclear incident" imposes a federal standard of compensable harm. See App., *infra*, 13a-21a. That definition's reference to "loss of or damage to property, or loss of use of property," they contended, imposes a federal threshold of harm, regardless of what state law requires. See *id.* at 13a, 15a. Rockwell and Dow urged that the district court had erred by not instructing the jury on that newfound federal element. *Id.* at 13a.

Because Rockwell and Dow had not requested such an instruction below, the court of appeals acknowledged that they may have "forfeited this argument." App., *infra*, 13a; cf. Fed. R. Civ. P. 51(d). But the court held that petitioners had "forfeited any forfeiture argument" by not adequately challenging Rockwell and Dow's preservation of the issue. App., *infra*, 13a-14a. The court conceded that petitioners had urged that Rockwell and Dow "fail[ed] to 'identify with clarity * * * the locations in the record where [their] points were raised.'" *Ibid.*; see also C.A. Supp. Br. 8 n.5; C.A. Supp. Reply 7-8. But it deemed that reference too "generic" to amount to a "forfeiture challenge." App., *infra*, 14a.

12

Turning to the merits, the court of appeals held that federal law imposes a threshold standard of compensable harm. "[T]he occurrence of a nuclear incident, and thus a sufficient injury under § 2014(q)," the court held, "constitutes a threshold element of any [Price-Anderson] claim." App., *infra*, 16a. Relying on the fact that the Act defines "nuclear incident" to include "loss of or damage to property, or loss of use of property," 42 U.S.C. § 2014(q), the court concluded that, "[i]n creating a federal cause of action under the [Act], * * * Congress made clear its intention to limit recovery to the discrete group of injuries enumerated in § 2014(q)," App., *infra*, 16a. Accordingly, it held, "a plaintiff must establish an injury sufficient to constitute a nuclear incident as a threshold, substantive element of any [Price-Anderson] claim." *Ibid.*

The court of appeals rejected the argument that the relevant provisions established only the pleading requirements for federal jurisdiction and did not alter the substantive requirements for recovery under state law. See App., *infra*, 16a. Those provisions define "public liability action" as "any suit *asserting*" liability from a nuclear incident, 42 U.S.C. § 2014(hh) (emphasis added), and the court acknowledged that the complaint *asserted* such liability here, App., *infra*, 3a. But the court did not believe Congress meant to "render the statute's nuclear incident requirement superfluous outside of the pleading stage." *Id.* at 16a. "Were a plaintiff only required to plead the presence of a nuclear incident, but never establish one," it opined, "a 'public liability action' would be completely indistinguishable from whichever state tort claim a particular [Price-Anderson] action incorporates." *Ibid.*

The court tried to reconcile its holding with the Act's express provision that "the substantive rules for decision in [a public liability] action shall be derived from the law

13

of the State in which the nuclear incident involved occurs." 42 U.S.C. §2014(hh). "Congress," the court acknowledged, "made clear its intention to * * * utiliz[e] state law to frame the 'substantive rules for decision.'" App., *infra*, 16a. But the court held that Congress "simultaneously" sought "to limit recovery to the discrete group of injuries enumerated" in Section 2014(q)'s "nuclear incident" definition. *Ibid.* Moreover, Section 2014(hh) by its terms does not apply if state law is "inconsistent with the provisions of [Section 2210]." 42 U.S.C. §2014(hh). Permitting recovery for injuries that do not satisfy some federal threshold of harm, the court claimed, would be "inconsistent" with the "nuclear incident" definition. App., *infra*, 16a n.10. The court thus held that "a plaintiff must establish an injury sufficient to constitute a nuclear incident as a threshold, substantive element of any [Price-Anderson] claim." *Id.* at 16a.

2. The court of appeals next turned to whether the jury had been adequately instructed on its new, federally defined "loss of or damage to property, or loss of use of property" element. 42 U.S.C. §2014(q). The court did not dispute that Rockwell and Dow had contaminated petitioners' property with plutonium, a hazardous radioactive carcinogen. See pp. 4, 9, *supra*. Nor did it dispute that property values were lower as a result. See p. 9, *supra*. Nonetheless, the court held that the jury had to find more.

The court explained that, in its earlier decision in *June* v. *Union Carbide Corp.*, 577 F.3d 1234 (10th Cir. 2009), it had held that subcellular damage from radiation exposure, absent any medical symptoms, does not qualify as "bodily injury" (a term that also appears in the "nuclear incident" definition). App., *infra*, 17a. "Just as an existing physical injury to one's body is necessary to establish

14

'bodily injury,'" the court reasoned, "so too is an existing physical injury to property necessary to establish 'damage to property.'" *Ibid.*

While the court did not elaborate on the sort of "physical injury" its new standard required, it did hold that plutonium contamination resulting in lost property value was not enough. Under the court's threshold requirement, "[d]iminution of value * * * cannot establish the fact of injury or damage." App., *infra*, 18a n.12. "Otherwise," the court reasoned, "reduced value stemming from factors unrelated to any actual property injury, such as unfounded public fear regarding the effects of minor radiation exposure, could establish 'damage to property' and 'loss of use of property.'" *Ibid.* Price-Anderson, the court held, "requires a showing of actual physical injury to the properties themselves rather than a mere decline in the properties' value." *Id.* at 19a n.12.

The court noted that petitioners "did present evidence relevant to a *loss of use*" of their property by showing "an increased risk of health problems." App., *infra*, 19a-20a (emphasis added). "[W]hen the presence of radioactive materials creates a sufficiently high risk to health," it conceded, "a loss of use may in fact occur." *Id.* at 20a. The court gave as examples "an increased risk to health so high that no reasonable person would freely choose to live on or work at the property" or contamination so severe that "the soil can no longer produce crops that are safe for consumption." *Ibid.* Because the jury was not instructed on the new threshold Price-Anderson element, however, the court set aside the verdict and remanded. *Id.* at 21a.[2]

---

[2] The court also addressed several other issues. It held that, whether or not Price-Anderson's jurisdictional provision applied, the district

15

3.   The court of appeals denied rehearing en banc, with Judge Lucero dissenting.  App., *infra*, 125a-129a. Judge Lucero urged that the panel had erred by requiring petitioners to "prove a 'nuclear incident' as an element of a [Price-Anderson] claim."  *Id.* at 128a.   The panel, he noted, "confuse[d] the [Act's] jurisdictional requirements with its substantive elements": While the Act "requires a showing of a 'nuclear incident' for jurisdictional purposes," "*state* law determines liability."  *Id.* at 128a-129a (emphasis added).  He urged the court to rehear the case "to undo the panel's damaging alchemy." *Id.* at 129a.

## REASONS FOR GRANTING THE PETITION

The Tenth Circuit's decision in this case interpreted the Price-Anderson Act to impose a federal standard of compensable harm notwithstanding the Act's express declaration that "the substantive rules for decision * * * shall be derived from the law of the State in which the nuclear incident involved occurs."  42 U.S.C. § 2014(hh). It then construed that federal standard to require "physical injury" to property beyond the fact that the property is contaminated with radioactive plutonium and

---

court had federal-question jurisdiction.  App., *infra*, 6a-11a.  It held that the district court's Rule 54(b) ruling was proper.  *Id.* at 11a-13a. On remand, the court of appeals added, Rockwell and Dow should be given another opportunity to show that state standards conflict with specific federal statutes or regulations.  *Id.* at 21a-26a.  Moreover, although "[t]he jury was properly instructed on the elements of a nuisance claim as well as the definitions of 'substantial' and 'unreasonable,'" the court stated that a scientifically unfounded risk cannot rise to the level of an unreasonable and substantial interference.  *Id.* at 26a-29a.  The court held that petitioners had to show "actual physical damage" on their trespass claim.  *Id.* at 31a-35a.  It vacated the class certification order.  *Id.* at 35a-36a.  And it addressed the punitive damages instruction.  *Id.* at 36a-42a.

31

*DeBartolo Corp.* v. *Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988).

## III. THE QUESTIONS PRESENTED ARE MATTERS OF NATIONAL IMPORTANCE

The Tenth Circuit's holdings are also important—both to state sovereigns and to injured landowners.

### A. The Tenth Circuit's Decision Undermines the Federal-State Balance Congress Intended

As this Court has cautioned, "unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance." *United States* v. *Bass*, 404 U.S. 336, 349 (1971). That principle reflects the profound federalism values at stake when a federal statute is construed to undermine traditional state authority. The Tenth Circuit's holding that Price-Anderson imposes a federal standard of compensable harm—displacing States' authority to determine remedies for injured property owners—strikes at the heart of those federalism concerns.

Congress has repeatedly reaffirmed its purpose to preserve state law under the Act. In 1957, it made clear that the rights of injured persons would be "established by State law" and avowed "no interference with * * * State law" unless damages exceeded the liability cap. S. Rep. No. 85-296, at 9 (1957). In 1966, it observed that "one of the cardinal attributes of the Price-Anderson Act has been its minimal interference with State law" and confirmed it would "interfer[e] with State law to the minimum extent necessary." S. Rep. No. 89-1605, at 6, 9 (1966). The Atomic Energy Commission's general counsel explained: "It would appear eminently reasonable to avoid disturbing ordinary tort law remedies with respect to damage claims where the circumstances are not substantially different from those encountered in many ac-

32

tivities of life which cause damage to persons and property * * * ." *Proposed Amendments to Price-Anderson Act Relating to Waiver of Defenses: Hearings Before the Joint Comm. on Atomic Energy*, 89th Cong. 35 (1966). In 1988, Congress embedded that principle in the statutory text: "[T]he substantive rules for decision in [a public liability] action shall be derived from the law of the State in which the nuclear incident involved occurs, unless such law is inconsistent with the provisions of [Section 2210]." 42 U.S.C. § 2014(hh). Congress thus "assumed that state-law remedies, in whatever form they might take, were available to those injured by nuclear incidents." *Silkwood* v. *Kerr-McGee Corp.*, 464 U.S. 238, 256 (1984).

The Tenth Circuit's ruling that *federal* law determines the threshold standard for compensable harm does not merely flout that design. It also invades a core attribute of traditional state authority, denying States the ability to make important policy decisions about the sorts of injuries that should be redressed. It does so, moreover, not on the basis of any express congressional command, but on the implausible theory that Congress—merely by listing "damage to property" among the types of injuries covered by the Act—federalized the substantive rules for determining what *sorts* of property damage are compensable. That gratuitous intrusion on traditional state authority warrants this Court's review.

## B. The Tenth Circuit's Decision Abrogates Important Property Rights

The questions presented are also inordinately important to property owners. Nuclear incidents can affect large numbers of individuals—this case alone involves thousands. App., *infra*, 75a. The decision below threat-