# Exhibit 4

Nos. 08-1224, 08-1226, 08-1239
_____

# United States Court of Appeals for the Tenth Circuit
_____

MERILYN COOK; LORREN BABB; GERTRUDE BABB; RICHARD BARTLETT; SALLY BARTLETT; WILLIAM SCHIERKOLK, JR.; AND DELORES SCHIERKOLK, For Themselves and on Behalf of the Prospective Damages Subclass Of the Property Class Certified by the District Court,

*Plaintiffs-Appellees-Cross-Appellants,*

v.

ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,

*Defendants-Appellants-Cross-Appellees.*
_____

On Appeal from the United States District Court
For the District of Colorado (Kane, J.)
Case No. 1:90-cv-00181-JLK
_____

**PRINCIPAL AND RESPONSE BRIEF OF PLAINTIFFS-APPELLEES-CROSS-APPELLANTS**
_____

| | |
|---|---|
| Gary B. Blum | Merrill G. Davidoff |
| Steven W. Kelly | Peter Nordberg |
| SILVER & DEBOSKEY, P.C. | David F. Sorensen |
| 1801 York Street | BERGER & MONTAGUE, P.C. |
| Denver, CO 80206 | 1622 Locust Street |
| (303) 399-3000 | Philadelphia, PA 19103 |
| | (215) 875-3000 |

*Counsel for Plaintiffs-Appellees-Cross-Appellants*

[*Names of additional counsel appear on the signature page.*]

**ORAL ARGUMENT REQUESTED**

July 7, 2009

# TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF RELATED APPEALS . . . . . . . . . . . . . . . . . . . . . . . . . . . xxi

CITATION CONVENTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

    I.    DOE GUIDELINES DID NOT PREEMPT COLORADO'S
        DUTY OF CARE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

        A.  *Silkwood* Held That State Tort Law Controls Under Price-
            Anderson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

        B.  The 1988 Amendments Did Not Overturn *Silkwood's*
            Holding That The Rules of Decision on Duty of Care Are
            Supplied by State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

        C.  The Seven Documents Cited by Defendants Below Do Not
            Support Preemption . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

            1.    Letter Dated January 3, 1951 . . . . . . . . . . . . . . . . . . . 44

            2.    Handbook Issued June 29, 1951 . . . . . . . . . . . . . . . . . 45

# TABLE OF CONTENTS (cont'd)

Page:

    3. AEC Manual Chapter Issued August 29, 1957 . . . . . . 46

    4. AEC Manual Chapter Issued August 12, 1963 . . . . . . 46

    5-6. DOE Orders Dated May 5, 1980, and August 13, 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

    7. DOE Memorandum Dated August 5, 1985 . . . . . . . . . 48

II. THE NUISANCE VERDICT SHOULD BE UPHELD . . . . . . . . . . 53

    A. Defendants' Novel Price-Anderson Argument Is Unavailing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

    B. Colorado Nuisance Law Did Not Require Plaintiffs to Prove a Scientifically Certain Health Risk . . . . . . . . . . . . . . 55

        1. Colorado Nuisance Law Does Not Specify Any Preferred Level of Scientific Certainty Regarding a Health Risk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

        2. Colorado Nuisance Law Looks to Community Standards, Not Scientists' Opinions, to Determine What Types of Nuisances Should Not Be Tolerated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

        3. Colorado Regulations Governing Construction Techniques and Unauthorized Access to High-Radiation Areas in Industry Do Not Exonerate Defendants for Contaminating Plaintiffs' Property . . . 61

        4. The Jury Interrogatory on "Generic Causation" of Emotional Distress Accurately Stated Colorado Law That Fear, Anxiety or Discomfort May Constitute an Interference with Use and Enjoyment . . . . . . . . . . . . . 65

## TABLE OF CONTENTS (cont'd)

Page:

- C. A Risk of Future Injury Is an Actionable Form of Interference With The Use and Enjoyment of Property .... 66

III. THE TRESPASS VERDICT SHOULD BE UPHELD .......... 69

- A. Under Colorado Law, the Plutonium Contamination in This Case Is a Physical Trespass ........................... 69

- B. Even If Colorado Treated Plutonium Contamination as an Intangible Trespass, the Jury Found the Requisite Damage to Sustain an Intangible Trespass Claim ................. 77

IV. THE DISTRICT COURT'S CLASS CERTIFICATION DECISIONS AND ITS MANAGEMENT OF CLASS PROCEEDINGS WERE THOROUGH, CONSCIENTIOUS, AND SOUND ........................................... 80

- A. Review Is for Abuse of Discretion ..................... 80

- B. The District Court's Class Certification Rulings Were Well Within the Court's Discretion ........................ 81

    1. *Cook IV* ..................................... 81

    2. Subsequent Proceedings ....................... 84

V. THE COMPENSATORY DAMAGE AWARDS WERE PROPER ............................................. 90

VI. THE EXEMPLARY DAMAGE AWARDS WERE PROPER .... 95

- A. Section 2210(s) Is Not Retroactive ..................... 96

- B. Price-Anderson Does Not Bar the Exemplary Damages ... 98

# TABLE OF CONTENTS (cont'd)

**Page:**

VII. THE DOE-RELATED EVIDENCE WAS NOT IMPROPERLY PREJUDICIAL .................................................. 101

    A. Indemnity ...................................................... 101

        1. Review Is for Plain Error ........................... 101

        2. The Seven Indemnity References Did Not Violate Rule 411 ............................................ 103

    B. Other DOE-Related Arguments ............................. 106

        1. Review Is for Plain Error ........................... 106

        2. "A Trial Against the Federal Government" ........ 108

VIII. PLAINTIFFS ARE ENTITLED TO PREJUDGMENT INTEREST 113

    A. Section 5-12-102 Applies to Property Damages ......... 114

    B. The Award of CPI-Adjusted Damages Has No Bearing on Plaintiffs' Entitlement to Prejudgment Interest .......... 122

        1. Colorado Law Mandates an Award of Prejudgment Interest on All Compensatory Damages, Including Inflation-Adjusted Damages ....................... 123

        2. Even If There Were Duplication, Denial of Prejudgment Interest Would Not Be Appropriate Relief ................................................. 131

IX. PREJUDGMENT INTEREST OF NINE PERCENT SHOULD BE AWARDED ................................................. 132

# TABLE OF CONTENTS (cont'd)

**Page:**

X. THE DISTRICT COURT SHOULD CONSIDER AUGMENTING THE EXEMPLARY DAMAGES AGAINST ROCKWELL BASED ON ROCKWELL'S SANTA SUSANA GUILTY PLEA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 133

XI. OPERATIONS AT ROCKY FLATS WERE AN ABNORMALLY DANGEROUS ACTIVITY . . . . . . . . . . . . . . . . . 134

XII. ROCKWELL WAS COLLATERALLY ESTOPPED BY ITS ROCKY FLATS GUILTY PLEA . . . . . . . . . . . . . . . . . . . . . . . . . . 135

XIII. DAMAGES FOR PROSPECTIVE INVASIONS DID NOT REQUIRE CONTINUATION OF THE INJURIOUS SITUATION TO THE TIME OF TRIAL . . . . . . . . . . . . . . . . . . . 136

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 137

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 138

CERTIFICATE OF TYPE-VOLUME COMPLIANCE

CERTIFICATE OF DIGITAL-SUBMISSION COMPLIANCE

RULE 28.2(A) & (B) ADDENDUM (attached CD-ROM)

CERTIFICATE OF SERVICE

cognizable, where recognized under state law, even though the plaintiff may *never* suffer one. *See Cook I*, 755 F. Supp. at 1476-78, A266-71.

Plaintiffs' nuisance and trespass claims, by contrast, involve the accomplished physical invasion of plaintiffs' properties by carcinogenic, radioactive particles. Those invasions present claims for damage to property under any plausible construction of section 2014(q). Under section 930, such invasions are admittedly *termed* "prospective" or "future" when assessed from the standpoint of a particular temporal benchmark: the time at which it appeared that the invasions would "continue indefinitely." *Restatement* § 930(1). But the jury fixed that time as having occurred on or before January 30, 1990 – not at some point *in futuro*. A1633-34 (verdict form responses, ¶ H, interrogatories 1, 3). That the contamination or releases were *continuing* at the time of suit cannot alter that fact – any more than the definition of "nuclear incident" in section 2014(q) would bar damages for future pain and suffering on behalf of a "bodily injury" plaintiff already afflicted with sickness or disease.

> **B.    Colorado Nuisance Law Did Not Require Plaintiffs to Prove a Scientifically Certain Health Risk.**

The district court properly instructed the jury on Colorado nuisance law, which permitted recovery for "interfer[ence] with Class members' use and enjoyment of their properties in the Class Area . . . [b]y causing Class members to be exposed to

-55-

plutonium and placing them at some increased risk of health problems as a result of this exposure." Jury Instruction 3.6, A1680-81.

Defendants claim the district court erred by allowing the jury to consider a so-called "scientifically unfounded" risk as a potential interference with use and enjoyment. DOB 49-58. As it pertains to the class-wide nuisance verdict, the argument appears to claim that plaintiffs' proof of a health risk was required to meet some (unspecified) hurdle of scientific certainty even before a jury might weigh whether the interference was substantial and unreasonable. As it affects the separate jury interrogatory asking whether the conditions at Rocky Flats were "capable of causing fear, anxiety, or mental discomfort,"[28] the argument claims that plaintiffs' discomfort over the plutonium contamination in the Class Area would not be actionable absent scientific proof of a health risk.

As a preliminary matter, defendants' complaints about "unfounded fears" are irrelevant: the evidence showed, and the jury found, that plutonium from Rocky Flats created an actual health risk and/or a demonstrable risk of future harm to the class. A1609-11 (verdict form responses, ¶¶ C, D, interrogatory 1); Tr. 3659-60, 3662 (Goble); Tr. 4797, 4800-06, 4826, 4832-34; PG-799 (Clapp). Defendants presented

---

[28] A1634 (verdict form, ¶ H, interrogatory 5). This interrogatory did not form part of the jury's assessment of interference with use and enjoyment for the Prospective Damages Subclass. It was posed to address class-wide issues of "generic" emotional distress, for potential use in later proceedings – as the jury was expressly advised. *See* A1718-19 (instruction 3.28).

no evidence that there was no health risk due to Rocky Flats; in fact, their own expert *admitted* that such a risk exists. Tr. 8371 (Till); DX-398 at 208. Moreover, the district court specifically instructed the jury not to consider individual plaintiffs' health fears as part of the class-wide nuisance verdict. A1684 (instruction 3.7) ("you should not consider whether individual Plaintiffs or Class members are or might be fearful, anxious or otherwise disturbed by any real or perceived risks relating to Rocky Flats").

In any event, defendants' attempt to incorporate a vaguely defined "scientific certainty" test into the elements of nuisance liability has no basis in Colorado law and therefore does not give rise to a need for "an '*Erie* guess.'" DOB 49. The district court properly adhered to Colorado's "community standards" test in asking the jury to determine whether the plutonium contamination from Rocky Flats constituted a substantial and unreasonable interference with use and enjoyment.

### 1. Colorado Nuisance Law Does Not Specify Any Preferred Level of Scientific Certainty Regarding a Health Risk.

No Colorado court has required a plaintiff claiming a nuisance due to environmental contamination to prove any health risk at all, let alone offer proof to any given degree of "scientific certainty." In fact, the leading case dealing with environmental nuisances, *Hoery v. United States*, 64 P.3d 214 (Colo. 2003), is notable for its silence on the issue of health risk. In *Hoery*, the Colorado Supreme Court decided that the groundwater contamination at issue was an actionable interference

-57-

with use and enjoyment, despite the fact that the plaintiff did not use the groundwater for drinking, but rather to irrigate his lawn and vegetable garden. *Id*. at 216. As the district court noted, "[t]he omission of the concept of health risk from the court's discussion supports my conclusion that Colorado law does not require that contamination pose an actual or verifiable health risk in order for it to be found a private nuisance." *Cook IX*, 273 F. Supp. 2d at 1203, A551.

Defendants' sole authority for their "scientific certainty" requirement is dictum in *Boughton v. Cotter Corp.*, 65 F.3d 823, 832-33 & n.13 (10th Cir. 1995), a decision that did not even address the elements of nuisance liability. The real issue to which defendants' dictum relates was whether the plaintiffs' fear of cancer justified separate damages to compensate for annoyance and discomfort; not whether the potential health risk that was the object of these so-called unfounded fears could be considered a nuisance. *Boughton,* 65 F.3d at 831-33 & n.13; *Cook IX*, 273 F. Supp. 2d at 1206, A557-58. *Liability* for annoyance or discomfort that constitutes a nuisance, and entitlement to a separate award of *damages* for annoyance and discomfort, are two wholly distinct concepts in Colorado law. *Board of County Commrs. v. Slovek*, 723 P.2d 1309, 1318 (Colo. 1986); *Webster v. Boone*, 992 P.2d 1183, 1185 (Colo. App. 2000).

Nor do the authorities cited in *Boughton* point to any hidden stream of case law prescribing a "scientific certainty" requirement. In *Boughton*, this Court cited *Adkins*

*v. Thomas Solvent Co.*, 487 N.W.2d 715, 720 (Mich. 1992). The issue in *Adkins* was not whether a potential health risk was sufficient to constitute a nuisance, but whether mere diminution of property value alone could be considered a nuisance. *Adkins*, 725-26; *Cook IX*, 273 F. Supp. 2d at 1204-05, A553-54. The other case defendants cite, *Nicholson v. Connecticut Half-Way House, Inc.*, 218 A.2d 383, 386 (Conn. 1966), is also distinguishable because the plaintiff offered no proof regarding the extent or likelihood of an alleged future nuisance, namely, criminal conduct by residents of a planned halfway house. *Nicholson* provides no guidance on what level of proof would have sufficed. Moreover, in *Nicholson* the court applied a higher threshold of proof because the plaintiff sought injunctive relief, not damages. *Id*. at 511.

**2.   Colorado Nuisance Law Looks to Community Standards, Not Scientists' Opinions, to Determine What Types of Nuisances Should Not Be Tolerated.**

Defendants' proposed "scientific certainty" test usurps the function of the jury under Colorado law in determining what types of interferences a normal member of the community would find substantial and unreasonable. "A claim for nuisance is predicated upon a substantial invasion of an individual's interest in the use and enjoyment of his property." *Hoery*, 64 P.3d at 218 (citing *Public Serv. Co. of Colorado v. Van Wyk*, 27 P.3d 377, 391 (Colo. 2001)). "Generally, to be unreasonable, an interference must be significant enough that a normal person in the