# Exhibit 5

**Nos. 08-1224, 08-1226, 08-1239**
_____

# United States Court of Appeals for the Tenth Circuit

_____

MERILYN COOK; LORREN BABB; GERTRUDE BABB; RICHARD BARTLETT; SALLY BARTLETT; WILLIAM SCHIERKOLK, JR.; AND DELORES SCHIERKOLK, For Themselves and on Behalf of the Prospective Damages Subclass Of the Property Class Certified by the District Court,

*Plaintiffs-Appellees-Cross-Appellants,*

v.

ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,

*Defendants-Appellants-Cross-Appellees.*
_____

On Appeal from the United States District Court
For the District of Colorado (Kane, J.)
Case No. 1:90-cv-00181-JLK
_____

**SUPPLEMENTAL BRIEF OF
PLAINTIFFS-APPELLEES-CROSS-APPELLANTS**
_____

| | |
|---|---|
| Gary B. Blum | Merrill G. Davidoff |
| Steven W. Kelly | David F. Sorensen |
| SILVER & DEBOSKEY, P.C. | BERGER & MONTAGUE, P.C. |
| 1801 York Street | 1622 Locust Street |
| Denver, CO 80206 | Philadelphia, PA 19103 |
| Telephone: (303) 399-3000 | Telephone: (215) 875-3000 |

*Counsel for Plaintiffs-Appellees-Cross-Appellants*
[*Names of additional counsel appear on the signature page.*]

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii

INTRODUCTION ............................................................................................................ 1

THE COURT'S QUESTIONS ........................................................................................ 1

    1.    Does [42 U.S.C.] § 2210(n)(2) impose a jurisdictional requirement that Plaintiffs establish their claims arise out of or result from a "nuclear incident"? ..................................................................................... 1

    2.    Assuming § 2210(n) imposes a jurisdictional requirement, may this Court resolve the jurisdictional issue on the basis of the record before it? ............................................................................................................... 1-2

    3.    Assuming § 2210(n)(2) imposes a jurisdictional requirement and the Court may resolve the issue on the basis of the record before it, what evidence did Plaintiffs present to support a determination that the district court had jurisdiction due to a "loss of or damage to property, or loss of use of property"? .................................................................. 2

ARGUMENT .................................................................................................................... 2

I.    SECTION 2210(n)(2) CONFERS SUBJECT MATTER JURISDICTION OVER SUITS ASSERTING PUBLIC LIABILITY ................................................................. 2

    A.    Under Its Plain Language, Section 2210(n)(2) Is Jurisdictional .......... 2

    B.    Jurisdiction Turns on the Assertions in Plaintiffs' Complaint ............. 6

II.    THIS COURT MAY RESOLVE THE JURISDICTIONAL ISSUE .................................. 8

III.    SECTION 2210(n)(2) DOES NOT REQUIRE PROOF OF FACTS TO ESTABLISH JURISDICTION, BUT PLAINTIFFS PROVED AND THE JURY FOUND THOSE FACTS .................................................................................. 10

    A.    Plutonium Contamination. ................................................................10

    B.    Evidence That Class Properties Suffered Substantial Diminution in Value. ..........................................................................13

    C.    Additional Testimonial Evidence .......................................................16

    D.    The Jury's Findings and Defendants' Admissions .............................17

    E.    If the Court Were Concerned About Plaintiffs' Proof, It Should Remand for District Court Findings ....................................................19

CONCLUSION .............................................................................................................20

the twenty-year history of this case, defendants have never questioned this proposition, nor have defendants ever suggested that it was necessary to revisit the district court's jurisdiction based on the proof presented at trial.[5]

## II.   This Court May Resolve the Jurisdictional Issue.

Because the inquiry into jurisdictional facts is limited to what a suit "assert[s]," this Court may confirm federal jurisdiction by reviewing plaintiffs' complaint.  A289-320.  Based on defendants' trespass and nuisance under Colorado law, plaintiffs asserted both loss of use of and damage to property:

- "Plaintiffs . . . have suffered injury to the value of their real property, other economic harm and losses, and loss of enjoyment of real property by virtue of Defendants' actual and threatened releases of radioactive and non-radioactive hazardous substances from Rocky Flats, the actual or threatened contamination of their property, the proximity of their property to Rocky Flats, and the actual and potential health hazards posed by Rocky Flats."  A292, ¶ 12.

- The Landowner and Business Class is defined as including persons "whose real or personal property or business or commercial interests were damaged . . . because of the releases or threatened releases of radioactive and nonradioactive hazardous substance from Rocky Flats[.]"  A306-07, ¶ 85.

---

[5] On appeal, for the first time, defendants argued that proof of loss of use of or damage to property is a substantive (not jurisdictional) element of a PAA public liability claim, which plaintiffs allegedly failed to meet.  DOB 39-48, 63.  This argument − wrong as a matter of law and fact − was *waived* because defendants never made it below.  POB 54-55.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510-11 (2006).  Defendants did not contend at trial that the jury must be instructed that plaintiffs must prove a "nuclear incident" occurred, and defendants proposed no such jury instruction or question.

8

- Plaintiffs sought redress for, among other injuries, "property damage" and "loss of enjoyment of real property," "aris[ing] in whole or in part [from] the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or by-product material which has been released or is threatened to be released into the environment from Rocky Flats." A310, ¶ 96.

- "Defendants unreasonably interfered with the use and enjoyment of the property of the Representative Plaintiffs and members of the Classes by collecting and processing plutonium and other radioactive and non-radioactive hazardous substances at Rocky Flats and releasing those substances therefrom." A312, ¶ 112.

- Defendants' conduct at Rocky Flats "has resulted in an entry and intrusion onto the Representative Plaintiffs' property and the property of the members of the Classes without privilege, permission, invitation, or justification[,]" and "has interfered with the Representative Plaintiffs' and the members of the Classes' use and enjoyment of their property and has caused and continues to cause damages[,]" including "property damage" and "loss of enjoyment of real property." A313, ¶¶ 117-119.

These allegations render this a "suit asserting public liability" and fully satisfy section 2210(n)(2)'s jurisdictional requirements. As recently as 2008, defendants' PAA indemnitor, the Department of Energy (DOE), agreed, stating: "[T]he Cook lawsuit is a public liability action arising under the Price-Anderson Act because it is an action in which plaintiffs seek to impose liability arising out of or resulting from a 'nuclear incident,' as defined by the Price-Anderson Act." SA1476, 1483. Defendants endorsed DOE's letter by filing it to support their motion for an unsecured stay of execution, which turned on the DOE's obligations to indemnify defendants for damages awarded in this "public liability action."

9

SA1476. And the district court expressly relied on DOE's representations in granting the motion. Doc. No. 2275 at 2. *See also* DOB 2 (defendants' statement on appeal of jurisdiction under Section 2210(n)(2)).

Plaintiffs also asserted diversity jurisdiction. A291, ¶ 4. If plaintiffs' trespass and nuisance claims do not arise out of a nuclear incident, they must be independent state law tort claims, over which the district court and this Court have jurisdiction under 28 U.S.C. § 1332. *See TMI II,* 940 F.2d at 863 ("[A] finding that a particular claim does not fall within the definition of 'public liability' does not preclude the plaintiff from pursuing that claim in state court under a different name.") (Scirica, J., concurring).

### III. Section 2210(n)(2) Does Not Require Proof of Facts to Establish Jurisdiction, But Plaintiffs Proved and the Jury Found Those Facts.

As discussed, to determine jurisdiction under section 2210(n)(2), the allegations of the complaint, not the proof at trial, are controlling.

Although section 2210(n)(2) compels no review of the evidence, as opposed to plaintiffs' assertions, a review of the entire record, including the complaint, the evidence, and the jury's verdict form answers, confirms that the complaint's original assertions of property damage and loss of use were made in good faith and well-grounded in fact.

#### A.   Plutonium Contamination.

Before trial, defendants repeatedly admitted that they contaminated the Class

10