**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR (1) CLARIFICATION OR AMENDMENT OF THE COURT'S ORDER (ECF NO.
2351) UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e) AND (2) FOR ENTRY
OF JUDGMENT AND CERTIFICATION UNDER FEDERAL RULE OF CIVIL
PROCEDURE 54(b)**

I.       **INTRODUCTION AND BACKGROUND**

On October 16, 2012, this Court issued an Order re Briefing Schedule on Remand that requested briefing from the parties on two issues: 1) Does the existing jury verdict in this case support entry of this Court's judgment on Plaintiffs' nuisance claim under Colorado law and diversity jurisdiction; and 2) May a plaintiff who brings a Price-Anderson Act ("PAA") claim simultaneously pursue a freestanding state-law claim based on the same facts (ECF No. 2334). Plaintiffs submitted their Opening Brief ("Pls' Op. Br.") on January 9, 2013 (ECF No. 2344), Defendants submitted their Response Brief on March 11, 2013 (ECF No. 2345), and Plaintiffs filed their Reply Brief ("Pls' Reply") on May 9, 2013 (ECF No. 2350). The Court issued its Order Regarding Briefing at ECF 2344, 2345, and 2350 on January 28, 2014 (the "Order") (ECF No. 2351).

In the Order, the Court ruled that Plaintiffs' state nuisance claim was preempted and that Plaintiffs could not simultaneously pursue a state-law claim and that, thus, Plaintiffs "may not litigate this case outside the PAA." Order at 13. At the close of its Order, the Court wrote that "[b]ecause of the extraordinary length of this litigation, I suggest that both parties give serious consideration to requesting a F.Civ.P. Rule 54 (b) certification of this Order." Order at 13 n.4.

Plaintiffs now respectfully move (1) under Fed. R. Civ. P. 59(e) for clarification or amendment of the Order in two respects[1]; and (2) for certification of the Court's Order under Federal Rule of Civil Procedure 54(b).[2]

---

[1] Plaintiffs are not asking the Court to revisit or reconsider its substantive ruling (although Plaintiffs respectfully disagree with it and reserve all appellate rights).

[2] In the alternative, Plaintiffs request that the Court certify the order for appeal pursuant to 28 U.S.C. § 1292(b).

Pursuant to Rule 59(e), Plaintiffs ask the Court to modify: (1) the sentence on page 12 of the Order stating that "Plaintiffs argue in their Opening Brief that the PAA violates their right of due process to the extent it does not allow them to recover based on a *scientifically unfounded* risk of harm."; and (2) the sentence on page 13 stating "I find no merit in Plaintiffs' due process arguments against preemption and note that Plaintiffs *do not renew* this line of argument in their Reply." (emphases added).  Respectfully, as explained more fully below, these two sentences contain errors that should be corrected before this case proceeds to the Court of Appeals.

Once corrected, the Order should be certified under Rule 54, because it finally disposes of Plaintiffs' state law nuisance claim.[3]

## II.     ARGUMENT

### A. The Order Should Be Modified in Two Respects Pursuant to Rule 59(e)

"Relief pursuant to Rule 59(e) is appropriate upon a showing that either: '(1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary to correct clear error or prevent manifest injustice.'"  *Etter v. Bibby*, Civil Action No. 10-cv-00557, 2012 WL 1461334, at *1 (D. Colo. Apr. 27, 2012) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also Rosales v. Milyard*, Civ. Action No. 10-cv-03101, 2012 WL 366576, at *1 (D. Colo. Feb. 2, 2012) (relief under Rule 59(e) "also is appropriate when 'the court has misapprehended the facts, a party's position, or the controlling law.'") (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

---

[3] Plaintiffs note that the parties intend to file a stipulation tomorrow which would facilitate an appeal.

Plaintiffs believe that the Court misapprehended (or inadvertently misstated) Plaintiffs' position in certain respects and seek to amend: (1) the sentence on page 12 of the Order stating that "Plaintiffs argue in their Opening Brief that the PAA violates their right of due process to the extent it does not allow them to recover based on a *scientifically unfounded* risk of harm."; and (2) the sentence on page 13 stating "I find no merit in Plaintiffs' due process arguments against preemption and note that Plaintiffs *do not renew* this line of argument in their Reply." (emphases added).

First, Plaintiffs did not argue that it would violate due process to not allow them to recover under a nuisance claim based on a "scientifically unfounded" risk of harm. Rather, Plaintiffs argued that it would violate due process to deprive Plaintiffs of any replacement remedy for a Colorado nuisance claim based on an unreasonable and substantial interference with the use and enjoyment of property arising from *inter alia* proven plutonium contamination and the proven health risks of plutonium. Plaintiffs and the Court agree that "the jurors properly found a nuisance … because there *was* evidence scientifically verifying an increased health risk". Order at 2 n.1 (emphasis in original). As the Court observed, a health risk from plutonium contamination can be (and here was) scientifically *founded*, without also being quantified.[4]

Second, Plaintiffs did renew their constitutional argument on reply. *See* Pls' Reply at 25 ("acceptance of [defendants'] argument would render at least parts of the PAA unconstitutional. *See* Pls' Op. Br. at 29-32."). In pages 29 to 32 of Plaintiffs' Opening Brief (the pages cited in the Reply), Plaintiffs argued that "A Finding that the PAA Preempts State Nuisance Law Would

---

[4] Plaintiffs note that voluminous evidence relating to plutonium was heavily redacted by the U.S. Department of Energy, defendants' indemnitor, under the aegis of the DOE's classification powers.

3

Violate Due Process". *See* Pls' Op. Br. at 29 (quoting subheading of that section of the brief). Plaintiffs thus did renew their constitutional due process argument on Reply. Plaintiffs' discussion of the constitutional issue in the Reply was short because defendants' opposition on this point was short (less than two pages). *See* Defendants' Response Brief Pursuant to Order of October 16, 2012, dated March 11, 2013 ("Defs' Br.") at 21-23 (ECF No. 2345).

As this Court noted, however, the Tenth Circuit held that, under the PAA, proof of "interference" with use and enjoyment of property is insufficient, and that a plaintiff under the PAA must prove a "loss" of use and enjoyment based on "calculation of the increased risk". Order at 2, n. 1 (citing *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1142 (10th Cir. 2010)). Here again, the risk of health problems from plutonium can be scientifically "founded" – as it was in this case – without that risk also being quantified. *See* Order at 2 n.1.

Accordingly, Plaintiffs respectfully request that the Court amend its Order to reflect that Plaintiffs argued that interpreting the PAA to extinguish Plaintiffs' scientifically founded, Colorado nuisance claim would violate due process. *See* Pls' Op. Br. at 29-32; Pls' Reply at 25.

Second, Plaintiffs request that the Court amend its Order to reflect that Plaintiffs did renew their due process arguments on Reply. Plaintiffs' Reply, at page 25, states:

> Thus, if the PAA preempts a state law nuisance claim, property owners who prove an "*interference* with use" that is "substantial" and "unreasonable" but not a "*loss* of use" *have* been deprived of *any* right to compensation. That outcome – complete abrogation of common law rights – is exactly what Defendants advocate, and why acceptance of their argument could well render at least parts of the PAA unconstitutional. *See* Pls' Op. Br. at 29-32.

Pls' Reply at 25 (emphases in original). This argument directly addressed why abrogating common law rights would violate due process and, as a result, render portions of the PAA

unconstitutional. Plaintiffs' Reply expressly cited to pages 29-32 of the Opening Brief, which more fully set forth Plaintiffs' constitutional arguments. In the Reply, Plaintiffs also distinguished *Powers v. Harris*, 379 F.3d 1208 (10th Cir. 2004), a case cited by Defendants on the due process point. *See* Pls' Reply at 25-26.

Accordingly, Plaintiffs request that the Court amend the Order to reflect that Plaintiffs did renew this line of argument in their Reply.

### B. The Requirements of Rule 54(b) Are Met

The requirements for certification under Rule 54(b) are satisfied. First, the Court's Order completely and finally resolved Plaintiffs' distinct state law nuisance "claim for relief" and is, thus, final. Second, there is no just reason for delay. Delaying appeal of the Court's preemption decision will serve no purpose, as the Court's decision regarding preemption will not need to be revisited in later appeals because whether the PAA completely preempts Plaintiffs' state law nuisance claims is a question that will have to be answered only once. Moreover, Plaintiffs' state law nuisance claims are entirely distinct and separable from their PAA claims, as evidenced by the fact that this Court recognized that while Plaintiffs did not prove a PAA violation at trial, they *did prove nuisance under Colorado state law*. *See* Pls' Op. Br. at 14-17; Pls' Reply at 11-21; Order at 2 n.1. In addition, equitable considerations strongly support Rule 54(b) certification because delaying appeal of this issue will continue to prolong this decades-long litigation and result in substantial hardship to Plaintiffs.

#### 1) Legal Standard

Federal Rule of Civil Procedure Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple

> parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) permits the Court to direct entry of final judgment as to fewer than all claims or parties in an action upon an express determination that the judgment on the claims is final and that there is no just reason to delay entry of judgment. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1264, 1265 (10th Cir. 2005). The purpose of Rule 54(b) is to "avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *See Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A Wright et al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)).

When certifying an order under Rule 54(b), the Court must make two separate and express determinations: (1) that the judgment is, in fact, final, and (2) that no just reason for delay in entry of judgment exists. *Stockman's*, 425 F.3d at 1265. District courts should "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay' so that [the Court of Appeals] can review a 54(b) order more intelligently and avoid jurisdictional remands.'" *Id.* (quoting *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n.5 (10th Cir. 2002)). "Factors the district court should consider are 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already

6

determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

### 2) The Court's Order Completely and Finally Resolved a Distinct "Claim for Relief"

Rule 54(b)'s first requirement that the order certified be "final" is met. A decision is final and subject to appeal where, as here, it "leaves nothing for the court to do but execute the judgment.'" *Copeland v. Toyota Motor Sales U.S.A., Inc.*, 136 F.3d 1249, 1252 (10th Cir. 1998) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). To be considered "final" under Rule 54(b), the Order must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005) (citing *Curtiss-Wright Corp.*, 446 U.S. at 7). The controlling question is whether the claim is "'distinct and separable from the claims left unresolved.'" *Id.* (quoting *Old Republic*, 283 F.3d at 1225).

The Tenth Circuit has explained that

> a claim comprises "all factually or legally connected elements of a case," … but there is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not …. This distinction is based largely on practical concerns, particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal.

*Jordan*, 425 F.3d at 827 (internal citations omitted).[5] In evaluating whether the same ground will need to be covered in subsequent appeals, factors to consider include the factual and legal

---

[5] *Accord, e.g.*, *Curtiss-Wright*, 446 U.S. at 8 ("whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"); *Stockman's Water Co.*, 425 F.3d at 1265 (same).

7

overlap between the resolved and unresolved claims, and whether they involve separate relief. *E.g.*, *Jordan*, 425 F.3d at 827.

The requirement that the Order be final is easily satisfied here. First, the Tenth Circuit has made crystal clear that Plaintiffs' now-resolved state law nuisance claims are legally distinct from Plaintiffs' unresolved PAA claims. *See* Pls' Op. Brief at 14-17. The Tenth Circuit's decision to vacate the verdict and remand for further proceedings was premised largely on the fact that these two claims are, indeed, distinct, and that, as a result of their differences, the jury was not properly instructed on an essential element of Plaintiffs' *PAA* claims. *Cook v. Rockwell Intern. Corp.*, 618 F.3d 1127, 1142 (10th Cir. 2010). Specifically, the Court of Appeals explained that a plaintiff asserting a nuisance claim under Colorado law "must establish an interference with the use and enjoyment of his property that is both 'substantial' and 'unreasonable.'" *Id.* at 1145 & n.20. The Court also explained that to prevail under a PAA claim, a plaintiff must satisfy the PAA's "loss of use" requirement to prove a "nuclear incident," in addition to Colorado's nuisance requirements. *Id.*; *see also id.* at 1145 n.20 (clarifying that "the state-law 'interference with use' standard presents a lower threshold than the PAA's 'loss of use' standard."). In other words, the Tenth Circuit took care to specifically explain the ways in which Plaintiffs' PAA and state law claims were separable and distinct and must be evaluated under different standards.

Second, the Tenth Circuit would only once have to decide the narrow question addressed by the Court's Order, namely whether the PAA preempts Plaintiffs' state nuisance claims. This is a pure question of law that materially impacts the nature of future proceedings in this litigation

8

because, as Plaintiffs argued, their nuisance verdict can and should be reinstated if not preempted by the PAA.  *See generally* Pls' Op. Br. and Pls' Reply.

Plaintiffs' PAA and state-law nuisance claims are thus "multiple claims, which may be appealed separately," rather than "multiple legal grounds in a single claim, which may not."  *See Jordan*, 425 F.3d at 827.  The Court's decision that Plaintiffs' state law nuisance claims are preempted by the PAA completely resolved one discrete set of "claims for relief" under Rule 54(b), such that there is nothing left for the Court to do regarding Plaintiffs' state nuisance claims other than to execute the judgment.  Accordingly, the Order satisfies Rule 54(b)'s "finality" requirement.

### 3)   There Is No Just Reason to Delay Entry of Judgment on Plaintiffs' State Law Claims

There is no just reason to delay appeal of the Court's Order.[6]  The first complaint in this case was filed more than twenty-four years ago.  The class trial was a four-month endeavor and "was the product of an extraordinarily long and contentious pretrial process that consumed substantial private and judicial resources and required a number of hotly disputed legal, factual and evidentiary issues to be decided."  Memorandum Opinion and Order on Pending Motions, *Cook v. Rockwell Int'l Corp.*, No. 90-cv-00181-JLK, at 70 (ECF No. 2261).  Post-trial proceedings, an appeal to the Tenth Circuit, and subsequent remand proceedings have also consumed tremendous time and resources and delayed resolution of this decades-old case.

---

[6] "No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay."  *Onyx Props. LLC v. Bd. of Cty. Com'rs of Elbert Cty.*, 916 F. Supp. 2d 1191, 1210 (D. Colo. 2012) (quoting *United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976)).

If the Tenth Circuit determines that the PAA does not preempt Plaintiffs' state law nuisance claims, Plaintiffs will again request that the existing jury nuisance verdict be reinstated, as opposed to proceeding with additional proceedings on the unresolved PAA claims. It would be a tremendous waste of resources for Plaintiffs to participate in what is essentially a second trial on their PAA claims when it is possible that the Tenth Circuit (or the Supreme Court) will disagree with the Court's preemption decision and permit Plaintiffs to pursue their state law claims, including possible reinstatement of the existing nuisance verdict. In addition to wasting resources, holding extensive additional proceedings without immediate appeal of the Order would cause great hardship and unfairness to Plaintiffs, who have been waiting decades for their claims to resolve. At this juncture, there is simply no just reason to delay appeal of the Court's Order.

### C. In the Alternative to Rule 54(b) Certification, the Court Should Certify the Order for Appeal Pursuant to 28 U.S.C. § 1292(b)

28 U.S.C. § 1292(b) is an exception to the general rule that appeals may be taken only from final judgments under 28 U.S.C. § 1291.[7] Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would

---

[7] The policies supporting the final judgment rule include: (1) avoiding interference with trial proceedings; (2) avoiding cost and burden to litigants caused by piecemeal appeals; and (3) promoting efficient judicial administration. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). Of course, an appeal here would not implicate the first concern because, of course, there has already been a trial. In addition, an appeal here would minimize litigation expenses because a finding that the Plaintiffs' nuisance claims were not preempted by the PAA could result in reinstatement of the existing jury verdict with minimal additional litigation. *See generally* Pls' Op. Br. and Pls' Reply.

>have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Accordingly, several conditions must be satisfied before a district court may certify a non-final order for appeal under section 1292(b). First, the order must involve a controlling question of law. Second, there must be "substantial ground for difference of opinion" on that controlling question of law. Third, the court must certify that immediate appeal from the order may "advance the ultimate termination of the litigation." All of the requirements are satisfied here.

### 1) The Order Involves a Controlling Question of Law

The Order involves a controlling question of law: whether the PAA preempts Plaintiffs' state nuisance claims. A question of law is one that turns on the meaning of a statutory or constitutional provision, regulation, or common law doctrine. *See Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 676 (7th Cir. 2000).

The legal question is likewise controlling because it has the potential to substantially accelerate the disposition of the litigation. *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 224-25 (D. Colo. 1991); *see also Sokagon Gaming Enter. Corp. v. Tushie-Montgomery Assoc., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) (holding that a matter is controlling if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so"); *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) (matter is controlling "if reversal of the district court's order would terminate the action"); *Arizona v. Ideal Basis Indus. (In re Cement Antitrust Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1982) (a question is "controlling" if "resolution of the issue on appeal could materially affect the outcome of the

11

litigation in district court."). As discussed above, resolving whether Plaintiffs' state law nuisance claims are preempted by the PAA would materially affect the outcome of the litigation in this Court. If the Tenth Circuit holds that Plaintiffs' state law nuisance claims are not preempted by the PAA, Plaintiffs will again seek reinstatement of the verdict on Plaintiffs' nuisance claim under Colorado law, thus avoiding lengthy and unnecessary litigation related to Plaintiffs' PAA claims.

### 2) There Is a Substantial Ground for Difference of Opinion

In addition, there is a "substantial ground for difference of opinion" on whether the PAA preempts state law claims. A "substantial ground for difference of opinion" exists if the question presented for certification is "difficult, novel, and involve[s] 'a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'" *Baldozier v. Am. Fam. Mut. Ins. Co.*, No. Civ. A04-CV-02174, 2005 WL 1798613, at *2 (D. Colo. Jul. 27, 2005) (quoting *Grand Jury Proceedings*, 767 F. Supp. at 2265); *see also United States v. Ankwright Inc.*, 697 F. Supp. 1231, 1233 (D.N.H. 1988) (the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority") (citation omitted).

In its Order, the Court held that complete preemption applied to claims under the PAA, but Plaintiffs respectfully contend that there is substantial ground for difference of opinion on this issue. First, the Tenth Circuit has identified just three specific areas where the Supreme Court has recognized complete preemption, but did **not** include the PAA. *Devon Energy Prod. Co. v. Mosaic Potash Cardisbad, Inc.*, 693 F.3d 1195, 1203 n.4, 1204-05 (10th Cir. 2012). The *Devon* decision was issued several years after all of the authorities referenced in the Court's

Order, and nearly two years after the Tenth Circuit's decision in *Cook*. In addition, the Tenth Circuit noted that Defendants advanced only a conflict preemption argument on appeal. *Cook*, 618 F.3d at 1143 n.16, 1144 n.19.[8]

Moreover, Plaintiffs respectfully contend that there is also substantial ground for difference of opinion regarding whether interpreting the PAA to extinguish Plaintiffs' proven Colorado nuisance claim, while providing no replacement remedy for an "interference" with the use and enjoyment of property found to be both "substantial" and "unreasonable," would violate due process and be unconstitutional. Plaintiffs believe that such a result would nullify the nuisance law of all 50 states. As Judge Berzon has noted: "the Supreme Court as a whole and individual Justices of the Court have repeatedly recognized that '[q]uite serious constitutional questions might be raised if a legislature attempted to abolish certain categories of common-law rights in some general way.'" *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1150 (9th Cir. 2009) (Berzon, J., concurring in part and dissenting in part). These questions give rise to potentially substantial grounds for difference of opinion.

### 3) Interlocutory Appeal Would Materially Advance the Ultimate Termination of the Litigation

An interlocutory appeal will advance the ultimate termination of this litigation. Section 1292(b) certification is intended to avoid protracted and expensive litigation. *Burchett v. Bardahl Oil Co.*, 470 F.2d 793, 796 (10th Cir. 1972) (interlocutory appeal proper under 1292(b)

---

[8] Defendants have never raised a complete preemption argument. *See Cook IX*, 273 F. Supp. 2d at 1192 n.12 (noting that this action "does not involve complete preemption of state tort law"); *Cook,* 618 F.3d at 1142-44 (discussing preemption but nowhere mentioning that Defendants had argued for complete preemption).

13

where it "might avoid protracted and expensive litigation."); *see also Chan v. City of New York*, 803 F. Supp. 710, 733-34 (S.D.N.Y. 1992), *aff'd*, 1 F.3d 96 (2d Cir. 1993).

As explained above, if the Tenth Circuit or Supreme Court were to decide that the PAA does not preempt Plaintiffs' state law nuisance claim, Plaintiffs would seek reinstatement of their existing nuisance verdict and forgo pursuing their claims under the PAA.  By contrast, proceeding with additional evidentiary presentations in lieu of permitting appeal on the preemption question would be expensive and inefficient.  Certifying the Order for appeal pursuant to 1292(b), however, would allow the parties to potentially move closer toward resolving this decades-old matter.

### III.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court (1) modify its Order in the two ways described above; and (2) certify its (modified) Order pursuant to Federal Rule of Civil Procedure 54(b) or, in the alternative, pursuant to 28 U.S.C. § 1292(b).

Dated:  February 25, 2014

                                                  Respectfully submitted,

                                                  */s/ Merrill G. Davidoff*
                                                  Merrill G. Davidoff
                                                  David F. Sorensen
                                                  BERGER &MONTAGUE, P.C.
                                                  1622 Locust Street
                                                  Philadelphia, PA 19103
                                                  (215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DeBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise M. Roselle
Paul M. DeMarco
Markovits, Stock & De Marco, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
(513) 651-3700

Attorneys for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 25th day of February, 2014, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

                                                           */s/ Merrill G. Davidoff*
                                                         Merrill G. Davidoff
                                                         BERGER & MONTAGUE, P.C.
                                                         1622 Locust Street
                                                         Philadelphia, PA 19103
                                                         (215) 875-3000