**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**STIPULATED ORDER FOR DISMISSAL**
**WITH PREJUDICE AND ENTRY OF JUDGMENT**

---

To advance the resolution of this long-running litigation, Plaintiffs and Defendants, through their counsel, agree and stipulate as follows:

### Recitals

A.      The Tenth Circuit reversed the judgment in this case and remanded to the district court for "further proceedings not inconsistent with this opinion." *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1133, 1153 (10th Cir. 2010), *cert. denied*, No. 10-1377, 2012 WL 2368857 (U.S. June 25, 2012) (the "Tenth Circuit Decision").

B.      On remand, the parties disagreed about the nature and scope of further proceedings.  Plaintiffs proposed that the district court reinstate the jury verdict, recertify the class, and enter judgment on their nuisance claim under Colorado law.  Defendants opposed that proposal on the ground, among others, that the PAA preempts state-law claims arising from a nuclear incident and, as a result, a plaintiff who brings a PAA claim may not pursue a state-law claim based on the same facts.

C.      On January 28, 2014, following briefing by the parties, the district court issued an Order (ECF No. 2351) (the "January 28 Order") ruling, among other things, that a plaintiff who brings a PAA claim may not simultaneously pursue a state-law claim based on the same facts and, as a result, "Plaintiffs may not litigate this case outside the PAA." (*Id*. at 13).  In light of that ruling, the district court declined to address Plaintiffs' proposal to reinstate the jury verdict, re-certify the class, and enter judgment on Plaintiffs' nuisance claim under Colorado law.

D.      In that same Order, the district court suggested that, "[b]ecause of the extraordinary length of this litigation" the parties "give serious consideration" to an appeal from the Order.  (*Id*. at 13, n. 4).

E.      Plaintiffs disagree with the January 28 Order and have indicated they expect to appeal it.

F.      Defendants oppose any appeal from the Court's January 28 Order unless such appeal would potentially lead to final resolution of this action.

G.      To enable Plaintiffs to pursue their appeal from the Court's January 28 Order and address Defendants' concern that such an appeal is inappropriate unless it could potentially lead to final resolution of this action, the parties stipulate as follows:

### Stipulation

1.      In light of the Tenth Circuit Decision, Plaintiffs will not pursue any claims under the PAA unless the Tenth Circuit Decision is overturned or modified.

2.      Accordingly, the district court's ruling on remand that "Plaintiffs may not litigate this case outside the PAA," (January 28, 2014 Order at 13), means that Plaintiffs have no further claims to litigate in the district court unless that ruling is overturned on appeal or unless the Tenth Circuit Decision is overturned or modified.

3.      So that Plaintiffs may immediately appeal from the January 28 Order, the parties stipulate to the dismissal of this action with prejudice and the entry of judgment in favor of Defendants.  Each side is to bear its own costs.

4.      The parties agree that the judgment entered pursuant to this Stipulated Order constitutes  a final appealable order.

5.      The parties agree that nothing in this Stipulation waives Plaintiffs' right to appeal the January 28, 2014 Order.

6.      The parties agree that nothing in this Stipulation affects or waives Plaintiffs' right

to seek relief under Fed. R. Civ. P. 59 to modify or clarify the January 28 Order.

DATE: February 26, 2014

/s/ Merrill G. Davidoff                              /s/ Kevin T. Van Wart
Merrill G. Davidoff                                  Kevin T. Van Wart, P.C.
David F. Sorensen                                    Bradley H. Weidenhammer
BERGER &MONTAGUE, P.C.                               KIRKLAND & ELLIS LLP
1622 Locust Street                                   300 North LaSalle
Philadelphia, PA 19103                               Chicago, IL  60654
(215) 875-3000                                       Phone: (312) 861-2000
                                                     Facsimile: (312) 861-2200
Gary B. Blum                                         Email:   kvanwart@kirkland.com
Steven W. Kelly
SILVER & DEBOSKEY, P.C.                              Lead Counsel for Defendants
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise Roselle
MARKOVITS, STOCK & DeMARCO
119 East Court Street Suite 530
Cincinnati, OH 45202
Phone: 513-651-3700

Attorneys for Plaintiffs

3

So Ordered:

_____
John L. Kane, U.S. Senior District Judge

Date:  _____