**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

---

ORDER APPROVING STIPULATED DISMISSAL WITH PREJUDICE AND ENTRY OF FINAL JUDGMENT

---

Kane, J.

To advance the resolution of this long-running litigation, Plaintiffs and Defendants, through their counsel, agree and stipulate as follows:

### Recitals

A.    The Tenth Circuit reversed the judgment in this case and remanded to me for "further proceedings not inconsistent with this opinion." *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1133, 1153 (10th Cir. 2010), *cert. denied*, No. 10-1377, 2012 WL 2368857 (U.S. June 25, 2012) (the "Tenth Circuit Decision").

B.    On remand, the parties disagreed about the nature and scope of further proceedings. Plaintiffs proposed that I reinstate the jury verdict, recertify the class, and enter judgment on their nuisance claim under Colorado law. Defendants opposed that proposal on the ground, among others, that the PAA preempts state-law claims arising from a nuclear incident and, as a result, a plaintiff who brings a PAA claim may not pursue a state-law claim based on the same facts.

C.      On January 28, 2014, following briefing by the parties, I issued an Order (ECF No. 2351) (the "January 28 Order") ruling, among other things, that a plaintiff who brings a PAA claim may not simultaneously pursue a state-law claim based on the same facts and, as a result, "Plaintiffs may not litigate this case outside the PAA." (*Id*. at 13). In light of that ruling, I declined to address Plaintiffs' proposal to reinstate the jury verdict, re-certify the class, and enter judgment on Plaintiffs' nuisance claim under Colorado law.

D.      In that same Order, I suggested that, "[b]ecause of the extraordinary length of this litigation" the parties "give serious consideration" to an appeal from the Order. (*Id*. at 13, n. 4).

E.      Plaintiffs disagree with the January 28 Order and have indicated they expect to appeal it.

F.      Defendants oppose any appeal from the January 28 Order unless such appeal would potentially lead to final resolution of this action.

G.      To enable Plaintiffs to pursue their appeal from the January 28 Order and to address Defendants' concern that such an appeal is inappropriate unless it could potentially lead to final resolution of this action, the parties stipulate as follows:

## Stipulation

1.      In light of the Tenth Circuit Decision, Plaintiffs will not pursue any claims under the PAA unless the Tenth Circuit Decision is overturned or modified.

2.      Accordingly, my ruling on remand that "Plaintiffs may not litigate this case outside the PAA," (January 28, 2014 Order at 13), means that Plaintiffs have no further claims to litigate in the district court unless that ruling is overturned on appeal or unless the Tenth Circuit Decision is overturned or modified.

3.      So that Plaintiffs may immediately appeal from the January 28 Order, the parties stipulate to the dismissal of this action with prejudice and the entry of judgment in favor of

Defendants. Each side is to bear its own costs.

4.      The parties agree that the judgment entered pursuant to their Stipulated Order constitutes a final appealable order.

5.      The parties agree that nothing in this Stipulation waives Plaintiffs' right to appeal the January 28, 2014 Order.

6.      The parties agree that nothing in this Stipulation affects or waives Plaintiffs' right to seek relief under Fed. R. Civ. P. 59 to modify or clarify the January 28 Order.

Accordingly, this action is DISMISSED WITH PREJUDICE, each side to bear its own costs, and final judgment in favor of Defendants is entered.

DATED:     February 27, 2014          BY THE COURT:

*s/John L. Kane*
John L. Kane, U.S. Senior District Judge