# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

## [PROPOSED] FINAL JUDGMENT

A jury trial was held in this matter beginning October 6, 2005, and ending February 14, 2006, when the jury returned its verdict. Among the matters tried were claims by the Representative Plaintiffs (as defined below) and the Prospective Damages Subclass (as defined below) arising from prospective invasions of their interests in land, pursuant to ~~the Price-Anderson Act, 42 U.S.C. § 2210,~~ Colorado nuisance law, and *Restatement* (*Second*) *of Torts* § 930. The Representative Plaintiffs and the Prospective Damages Subclass have moved for entry of judgment on the verdict on those claims pursuant to 28 U.S.C. § 1291 and Fed. R. Civ. P. 54(b). ~~As more fully explained in the Court's Memorandum Opinion and Order on Pending Motions dated May 20, 2008 (Doc. 2261)~~In light of the Tenth Circuit's mandate and ruling in *Cook v. Rockwell Int'l Corp.*, --- F.3d ----, 2015 WL 3853593, at *15 (10th Cir. Jun. 23, 2015), the Court has determined that the relevant claims for relief have been finally adjudicated and that

there is no just reason for delay in entry of judgment on those claims. Accordingly, the Court hereby renders final judgment for the Representative Plaintiffs and the Prospective Damages Subclass, as more fully set forth below.

## PARTIES

1. The Representative Plaintiffs are plaintiffs Merilyn Cook, Lorren and Gertrude Babb, Richard and Sally Bartlett, and William and Delores Schierkolk, suing on their own behalf and for a Property Class previously certified by this Court in *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378 (D. Colo. 1993).[1]

2. The Property Class includes all persons and entities not having opted out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates, parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached to this Final Judgment as Appendix A. The Prospective Damages Subclass includes all members of the Property Class who still owned their properties as of January 30, 1990.

3. The term "Plaintiffs" is used in this Final Judgment to refer to the Representative Plaintiffs and the Prospective Damages Subclass, collectively.

4. The defendants are Dow Chemical Company ("Dow") and Rockwell International Corporation. The Boeing Company, a Delaware corporation headquartered in Chicago, Illinois, is successor-in-interest to Rockwell International Corporation and has represented to the Court

---

[1] Representative Plaintiffs Delores Schierkolk and Lorren and Gertrude Babb are now deceased, so their estates would recover any damages they are owed under this Final Judgement.

*Final Judgment – Page 2*

that it is answerable for any judgment rendered against Rockwell International Corporation in this matter. Accordingly, execution may proceed against The Boeing Company under this Final Judgment as though against Rockwell International Corporation and to the same extent.  As used in this Final Judgment, the term "Rockwell" includes both Rockwell International Corporation and The Boeing Company, and the term "Defendants" includes both Dow and Rockwell.

## CLAIMS

5. The claims for relief as to which final judgment is hereby entered include all claims by Plaintiffs in this action arising from prospective invasions of their interests in land pursuant to ~~the Price-Anderson Act, 42 U.S.C. § 2210,~~ Colorado <u>nuisance</u> law, and *Restatement* (*Second*) *of Torts* § 930, and only such claims.

## AMOUNT OF JUDGMENT

### Compensatory Damages

6. The Court orders that Plaintiffs recover compensatory damages from Dow in the amount of $<u>1,139,000,139.09</u>~~653,313,678.05~~, <u>which includes a jury award of $159,165,306.00 and $979,834,833.09 in</u> ~~inclusive of~~ prejudgment interest.

7. The Court orders that Plaintiffs recover compensatory damages from Rockwell in the amount of $<u>885,888,997.54</u>~~508,132,861.39~~, <u>which includes a jury award of $123,795,238.00 and $762,093,759.54 in</u>~~inclusive of~~ prejudgment interest.

8. The total compensatory damages collected by Plaintiffs from all Defendants pursuant to this Final Judgment shall not exceed the sum of $<u>1,265,555,709.86</u>~~725,904,087.00~~, ~~inclusive of~~<u>which includes a jury award of $176,850,340.00 and $1,088,705,369.86 in</u> prejudgment interest.

*Final Judgment – Page 3*

**~~Exemplary Damages~~**

~~9.     In addition to the sums recoverable by Plaintiffs under Paragraphs 6-8 of this Final Judgment, the Court orders that Plaintiffs recover exemplary damages from Dow in the amount of $110,800,000.00.~~

~~10.    In addition to the sums recoverable by Plaintiffs under Paragraphs 6-9 of this Final Judgment, the Court orders that Plaintiffs recover exemplary damages from Rockwell in the amount of $89,400,000.00.~~

**Costs, Fees, and Expenses**

9~~11~~.    The Court orders that Plaintiffs recover their costs of suit herein.  Further proceedings on costs, attorneys' fees, and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) shall be stayed until such time as the Court may later direct, except that P~~p~~laintiffs may submit a bill of costs at any time after this Final Judgment is entered.

**Post-Judgment Interest**

1<u>0</u>~~2~~.    Post-judgment interest is payable on all the above amounts at the rate prescribed in 28 U.S.C. § 1961, from the date this Final Judgment is entered until the date this Final Judgment is paid.

**~~STAY OF EXECUTION~~**

~~13.    Execution on this Final Judgment against Dow is STAYED until: (a) such time as Dow files a timely notice of appeal, in which case Dow may secure an additional stay of execution pursuant to Fed. R. Civ. P. 62(d) and effective upon the Court's approval of Dow's supersedeas bond or such alternative security as the Court may approve; or (b) expiration of the~~

~~time allowed for filing any appeal from this Final Judgment, if Dow files no timely notice of appeal.~~

~~14.    Execution on this Final Judgment against Rockwell is STAYED until: (a) such time as Rockwell files a timely notice of appeal, in which case Rockwell may secure an additional stay of execution pursuant to Fed. R. Civ. P. 62(d) and effective upon the Court's approval of Rockwell's supersedeas bond or such alternative security as the Court may approve; or (b) expiration of the time allowed for filing any appeal from this Final Judgment, if Rockwell files no timely notice of appeal.~~

### DEPOSIT OF FUNDS

1<u>1</u>~~5~~.    Subject to further order of the Court, any funds recovered under this Final Judgment shall be deposited in United States government treasury bills or notes, and/or in such other investments as may be approved by the Court from time to time, pending implementation of the Plan of Allocation as approved by the Court and attached to this Final Judgment as Appendix B.[2]  Merrill G. Davidoff of Berger & Montague, P.C., is hereby appointed as escrow agent.<u>  The escrow agent will select a bank or banks to hold the funds, subject to Court approval.</u>

~~Dated this 2nd day of June, 2008.~~

<u>Dated this 31st day of August, 2015.</u>

                                                    John L. Kane, Senior District Judge
                                                    United States District Court

---

[2] <u>This Plan of Allocation is the same Plan of Allocation previously entered at Doc. No. 2264-2.</u>

*Final Judgment – Page 5*