# EXHIBIT 6

**No. 14-1112**

# United States Court of Appeals for the Tenth Circuit

MERILYN COOK; WILLIAM SCHIERKOLK, JR.; DELORES SCHIERKOLK; RICHARD BARTLETT; LORREN BABB; GERTRUDE BABB; AND SALLY BARTLETT,

*Plaintiffs-Appellants,*

MICHAEL DEAN RICE, BANK WESTERN, THOMAS L. DEIMER, RHONDA J. DEIMER, STEPHEN SANDOVAL, AND PEGGY J. SANDOVAL,

*Plaintiffs,*

v.

ROCKWELL INTERNATIONAL CORPORATION AND THE DOW CHEMICAL COMPANY,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Colorado (Kane, J.)
Case No. 1:90-cv-00181-JLK

**MOTION TO STAY MANDATE
PENDING PETITION FOR CERTIORARI**

| | |
|---|---|
| Kevin T. Van Wart, P.C. | Christopher Landau, P.C. |
| Bradley H. Weidenhammer | Rebecca Taibleson |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP |
| 300 North LaSalle | 655 Fifteenth Street, N.W. |
| Chicago, IL  60654 | Washington, DC  20005 |
| (312) 862-2000 | (202) 879-5000 |

*Counsel for Defendants-Appellees*

July 24, 2015

Pursuant to Federal Rule of Appellate Procedure 41, 10th Circuit Rule 41, and 28 U.S.C. § 2101(f), defendants-appellees Rockwell International Corporation and The Dow Chemical Company respectfully move to stay the mandate pending the filing of a timely petition for certiorari in the United States Supreme Court. As discussed below, this case presents substantial questions of law warranting Supreme Court review, and there is good cause for a stay.

Among the substantial questions of law presented by this case is whether a plaintiff who asserts, but fails to prove, a federal claim for nuclear-related injury under the Price-Anderson Act (PAA), 42 U.S.C. § 2210 *et seq.*, can nonetheless pursue, and recover on, a freestanding state-law claim based on the same facts. The panel here answered that question in the affirmative, holding that plaintiffs were free to pursue, and recover on, a freestanding Colorado-law nuisance claim even though they concededly asserted, but failed to prove, a federal PAA claim based on the same facts. That holding effectively nullifies the PAA's limitations on recovery for asserted nuclear incidents and directly conflicts with decisions by both the Fifth and Ninth Circuits holding that plaintiffs who *assert*, but fail to *prove*, a PAA claim cannot recover on a freestanding state-law claim based on the same facts. *See Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 193-200 (5th Cir. 2011); *Dumontier v. Schlumberger Tech. Corp.*, 543 F.3d 567, 569-71 (9th Cir. 2008); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1009-

10 (9th Cir. 2008); *Golden v. CH2M Hill Hanford Grp., Inc.*, 528 F.3d 681, 682-84 (9th Cir. 2008). In each of those cases, plaintiffs brought ostensible state-law claims arising from alleged exposure to radioactive materials. In each of those cases, the courts concluded that such allegations brought the claims within the scope of the PAA, and thereby rendered the PAA the plaintiffs' *only* means of recovery. And in each of those cases, the courts concluded that the plaintiffs' failure to satisfy the PAA's threshold federal injury requirement mandated the dismissal of their claims with prejudice. In other words, plaintiffs' failure to satisfy the PAA does not leave them free to pursue, and recover on, state-law claims based on the same facts, but rather precludes *any* recovery for such claims; plaintiffs who assert a PAA claim "can sue under the [PAA] or not at all." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1553 (6th Cir. 1997); *see also El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 484-85 & nn.6, 7 (1999); *Corcoran v. New York Power Auth.*, 202 F.3d 530, 537 (2d Cir. 1999); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1099 (7th Cir. 1994); *In re TMI Litig. Cases Consol. II*, 940 F.2d 832, 854-55 (3d Cir. 1991). And the panel decision not only creates a circuit conflict, but "render[s] the 1988 PAA amendments essentially a dead letter," raising "significant concerns for Congress' financial protection scheme and the private nuclear industry's viability and competitiveness." Br. of *Amicus Curiae*

American Nuclear Insurers, at 11, 13; *see also* Br. of *Amicus Curiae* Nuclear Energy Institute, at 8-12.

This clear and acknowledged circuit conflict on an important question of federal law presents "a substantial possibility that a petition for writ of certiorari would be granted." 10th Cir. R. 41.1(B); *see generally* S. Ct. R. 10(a) (noting that a conflict between federal courts of appeals on an important question of federal law is a principal reason motivating a grant of certiorari). And that conflict is squarely presented by this case. The record here shows that defendants have consistently argued that the PAA "is the *exclusive* means for seeking redress for a nuclear-related injury; a plaintiff seeking such redress 'can sue under the [PAA] ... or not at all.'" Defs.' *Cook I* Br. 39 (emphasis in original; quoting *Nieman*, 108 F.3d at 1553); *see also id.* at 26 ("'A claim growing out of any nuclear incident is compensable under the terms of the [PAA] or *it is not compensable at all*.'") (quoting *TMI II*, 940 F.2d at 854; emphasis in original; citations omitted). Plaintiffs, for their part, never challenged defendants on this score, never suggested that the jury had returned a freestanding state-law verdict in their favor independent of the PAA, and never sought affirmance on any such ground. There is thus no procedural obstacle to preclude the Supreme Court from reaching the merits of the important preemption issue presented here.

Given the "substantial possibility that a petition for writ of certiorari would be granted" in this case, 10th Cir. R. 41.1(B), there exists good cause to stay the mandate pending the filing of a petition for certiorari. Defendants intend to file such a petition, which, if successful, would end this case outright. It would not serve the interests of judicial economy to remand this case to the district court for further proceedings before the Supreme Court has decided whether further appellate review is warranted.

## CONCLUSION

For the foregoing reasons, this Court should grant this motion.

July 24, 2015                                            Respectfully submitted,

*/s/ Christopher Landau*

| | |
|---|---|
| Kevin Van Wart, P.C. | Christopher Landau, P.C. |
| Bradley H. Weidenhammer | Rebecca Taibleson |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP |
| 300 North LaSalle | 655 Fifteenth Street, N.W. |
| Chicago, IL  60654 | Washington, DC  20005 |
| (312) 862-2000 | (202) 879-5000 |
| | *clandau@kirkland.com* |

*Counsel for Defendants-Appellees*

## CERTIFICATE OF DIGITAL-SUBMISSION COMPLIANCE

The undersigned hereby certifies that all required privacy redactions, if any, have been made and every document submitted herewith, as submitted in digital form via the Court's ECF system, is an exact copy of the written document filed with the Clerk, if any; and the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program (Microsoft Forefront Endpoint Protection Version 4.2, updated as of July 24, 2015) and, according to the program, are free of viruses.

> */s/ Christopher Landau*_____
> Christopher Landau, P.C.
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, NW
> Washington, DC  20005
> (202) 879-5000
> *clandau@kirkland.com*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of July 2015, he caused the foregoing Motion to Stay Mandate Pending Petition for Certiorari to be served upon the following attorneys via ECF notification:

Merrill G. Davidoff, Esq.
David F. Sorensen, Esq.
Caitlin G. Coslett, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000
*mdavidoff@bm.net*
*dsorensen@bm.net*
*ccoslett@bm.net*

Gary B. Blum, Esq.
Steven W. Kelly, Esq.
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO  80206
(303) 399-3000
*blumg@s-d.com*
*skelly@s-d.com*

Louise M. Roselle, Esq.
Paul M. DeMarco, Esq.
MARKOVITS, STOCK &
   DE MARCO, LLC.
119 E. Court Street
Suite 530
Cincinnati, OH  45202
(513) 651-3700
*lroselle@msdlegal.com*
*pdemarco@msdlegal.com*

*/s/ Christopher Landau*_____
Christopher Landau, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC  20005
(202) 879-5000
*clandau@kirkland.com*