# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**PLAINTIFFS' CORRECTED MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs respectfully request that the Court enter judgment on the error-free verdict in accordance with the Tenth Circuit's recent Opinion, Orders, and Mandate. Plaintiffs are filing this Corrected Motion to correct an inadvertent error in the amounts of the judgment to be entered against each Defendant. This Corrected Motion corrects the Motion previously filed at Doc. No. 2367 on August 4, 2015.

Plaintiffs' [Corrected Proposed] Final Judgment is attached as Exhibit 1 to this Corrected Motion.[1] Plaintiffs request that the Court enter a Plan of Allocation in the same form previously

---

[1] Exhibit 1 is a corrected, revised version of the Final Judgment the Court previously entered at Doc. No. 2264, which has been revised to reflect that judgment is being entered on state law nuisance claims only. The sections providing for a stay of execution and exemplary damages have also been removed. Exhibit 2 is a redline showing the changes made to the text of the Final Judgment previously entered at Doc. No. 2264.

entered at Doc. No. 2264-2 (which is included as Appendix B to Exhibit 1, Plaintiffs' [Corrected Proposed] Final Judgment).

On June 23, 2015, the Tenth Circuit issued an Order stating:

> In the end, Dow and Rockwell appear to have persuaded even the plaintiffs that this case does not involve a nuclear incident within the meaning of the Price-Anderson Act — at least in light of the statutory construction the defendants urged and this court adopted in the first appeal. But that does not mean the defendants are insulated from any liability — or that the jury's verdict is a pointless piece of paper. In two separate appeals spanning many years the defendants have identified no lawful impediment to the entry of a state law nuisance judgment on the existing verdict. They have shown no preemption by federal law, no error in the state law nuisance instructions, no mandate language specifically precluding this course. No other error of any kind is even now alleged.

*See Cook v. Rockwell Int'l Corp.*, --- F.3d ----, 2015 WL 3853593, at *15 (10th Cir. June 23, 2015) ("*Cook Appeal II*").[2]  Significantly, the Tenth Circuit directed this Court to act promptly on remand:

> When the district court receives this case it should proceed to judgment on the existing nuisance verdict promptly, consistent with resolving the outstanding class action question, wary of arguments that have already been rejected or forfeited. This long lingering litigation deserves to find resolution soon. The judgment of the district court is vacated and the case is remanded for proceedings consistent with this opinion.

*Id.*  Also on June 23, 2015, the Tenth Circuit entered a judgment stating: "The judgment of that court is vacated.  The case is remanded to the United States District Court for the District of Colorado for further proceedings in accordance with the opinion of this court."  *See* Judgment, *Cook v. Rockwell Int'l*, App. Case: 14-1112, Doc. No. 01019448656 (10th Cir. Jun. 23, 2015), attached to Doc. No. 2367 as Exhibit 4.

---

[2] A copy of the *Cook Appeal II* slip opinion filed by the Tenth Circuit, *Cook v. Rockwell Int'l*, App. Case: 14-1112, Doc. No. 01019448649 (10th Cir. Jun. 23, 2015), is attached to Doc. No. 2367 as Exhibit 3.  Plaintiffs have not refiled Exhibits 3-10, which were previously filed at Doc. No. 2367, because these Exhibits have not changed.

Subsequently, Defendants filed a Petition for Panel Rehearing and/or Rehearing *En Banc*, which the Tenth Circuit denied on July 20, 2015. *See* Order, *Cook v. Rockwell Int'l*, App. Case: 14-1112, Doc. No. 01019462356 (10th Cir. Jul. 20, 2015), attached to Doc. No. 2367 as Exhibit 5.

On July 24, 2015, Defendants filed a Motion to Stay Mandate Pending Petition for Certiorari,[3] which the Tenth Circuit denied the same day, stating:

> This matter is before the Court on Appellees' Motion to Stay the Mandate Pending Petition for Certiorari. Upon careful consideration, the Court has determined that the motion does not establish that there is a substantial possibility that a petition for writ of certiorari would be granted. Therefore, the motion is denied.

Order, *Cook v. Rockwell Int'l*, App. Case: 14-1112, Doc. No. 01019465510 (10th Cir. Jul. 24, 2015), attached to Doc. No. 2367 as Exhibit 7. Accordingly, the Tenth Circuit then issued the mandate on July 28, 2015. *Cook v. Rockwell Int'l*, App. Case: 14-1112, Doc. No. 01019466554 (10th Cir. Jul. 28, 2015), attached to Doc. No. 2367 as Exhibit 8.

In light of the Tenth Circuit's Opinion, Orders and Mandate, Plaintiffs respectfully request that the Court enter a state law nuisance judgment on the existing nuisance verdict.[4] The only remaining question the Tenth Circuit identified, the "outstanding class action question" (*Cook Appeal II*, 2015 WL 3853593, at *15), is easily resolved: the Tenth Circuit in *Cook Appeal I* directed the Court to "revisit" its class certification ruling solely because "the district court's class certification analysis failed to consider whether Plaintiffs could establish various

---

[3] *Cook v. Rockwell Int'l*, App. Case: 14-1112, Doc. No. 01019465155 (10th Cir. Jul. 24, 2015), attached to Doc. No. 2367 as Exhibit 6.

[4] *See Cook Appeal II*, 2015 WL 3853593, at *15 ("In two separate appeals spanning many years the defendants have identified no lawful impediment to the entry of a state law nuisance judgment on the existing verdict.").

elements of their *PAA claims*." *Cook v. Rockwell Int'l*, 618 F.3d 1127, 1149 (10th Cir. 2010) ("*Cook Appeal I*") (emphasis added). What this Court "failed to consider," however, is simply irrelevant now that the Tenth Circuit has mandated that this Court enter a *state law* nuisance judgment on Plaintiffs' error-free *classwide nuisance* verdict. Plaintiffs respectfully submit that the Court may proceed to confirm that the originally certified class is proper and intact for purposes of entering a state law nuisance judgment based on the nuisance verdict. In short, class certification remains appropriate for the reasons set forth in the Court's prior orders, including among others *Cook IV*, 151 F.R.D. 378 (D. Colo. 1993), *Cook VIII*, 181 F.R.D. 473, 475-82 (D. Colo. 1998) (denying Defendants' motion to decertify the class),[5] and *Cook IX*, 273 F. Supp. 2d 1175, 1209-13 (D. Colo. 2003) (ruling that claims under *Restatement (Second) of Torts* § 930, for diminution in value attributable to "prospective" invasions of land, could and would be resolved in a class trial). Of course, the successfully completed class trial and classwide nuisance verdict further establishes that class certification remains appropriate as the class case was successfully tried on a classwide basis.[6] Plaintiffs previously submitted, attached to Doc. No. 2367 as Exhibit 9, a form of order setting forth proposed findings that class certification is appropriate under Federal Rule of Civil Procedure 23.[7]

---

[5] The Court later certified the denial of Defendants' motion to decertify the class for interlocutory appeal under 28 U.S.C. § 1292(b), and the Tenth Circuit concluded that interlocutory review was "not warranted." *Cook v. Rockwell Int'l Corp.*, No. 98-533 (10th Cir. Oct. 8, 1998) (Brorby & Murphy, JJ.),

[6] *See generally In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1258 (10th Cir. 2014) (upholding the denial of a post-trial motion to decertify the class because "*we know from the actual trial that individualized issues did not predominate*.") (emphasis added); *id.* at 1259 ("Here, the district court had the benefit of seeing what ultimately took place at trial.").

[7] Plaintiffs do not believe that further briefing on class certification is necessary in light of, *e.g.*, (1) the successfully completed class trial, which included classwide expert testimony that was admitted after *Daubert* challenges, challenges which were not renewed on appeal, (2) the classwide nuisance verdict which *Cook Appeal I* and *Cook Appeal II* discussed, (3) this Court's prior orders on class certification, and (4) the fact that *Cook Appeal I* only

There are no other issues left to address. *See Cook Appeal II*, 2015 2015 WL 3853593, at *22 n.7 (noting that nothing in *Cook Appeal I* precluded Defendants from raising any issues "on remand [from *Cook Appeal I*] if they really thought them sufficient to bar entry of judgment on the existing nuisance verdict."); *id.* at *15 ("When the district court receives this case it should proceed to judgment on the existing nuisance verdict promptly, consistent with resolving the outstanding class action question, *wary of arguments that have already been rejected or forfeited.*") (emphasis added).

The Court should enter a state law nuisance judgment on the error-free nuisance verdict, inclusive of prejudgment interest running through the present promptly, without further delay. Again, Plaintiffs' [Corrected Proposed] Final Judgment is attached as Exhibit 1. The proposed form of judgment submitted herewith calculates compensatory damages, inclusive of prejudgment interest at 8%, compounded annually, based on an November 2, 2015 entry date, in accordance with the Court's prior ruling that "Colo. Rev. Stat. § 5-12-102, applies here and mandates that the judgment include prejudgment interest at the statutory rate of 8% per annum, compounded annually." *See Cook XIV*, 564 F.Supp.2d 1189, 1224 (D. Colo. 2008). Plaintiffs' calculations are set forth below:

---

questioned whether class certification was appropriate in light of the *Cook Appeal I*'s own newly announced interpretation of what a *PAA claim* requires.

**Compensatory Damages as of 11/2/15**
**(With Prejudgment Interest @ 8% Compounded Annually)**

|  | Jury Award | With interest to 1/30/15 *(25 years)* | Interest per day since 1/30/15 | Total daily interest from 1/30/15 - 11/2/15 *(276 days)* | Total |
|---|---|---|---|---|---|
| Dow | $53,055,102.00[8] | $363,346,550.08 | $76,620.48 | $21,147,252.48 | $384,493,802.56 |
| Rockwell | $123,795,238.00 | $847,808,616.85 | $178,781.13 | $49,343,591.88 | $897,152,208.73 |

If judgment is entered on some date prior or subsequent to November 2, 2015, then the figures in paragraphs 6 through 8 of the proposed final judgment will need to be adjusted accordingly, in light of the daily accrual of interest.

For example, if judgment were entered one day later, on November 3, 2015, then one day's interest in the amount of $76,620.48 would need to be added to the compensatory damages against Dow in paragraph 6 of the proposed final judgment, and $178,781.13 to the compensatory damages against Rockwell in paragraph 7.

The Final Judgment should award Plaintiffs compensatory damages of $384,493,802.56 (including statutory prejudgment interest) from Dow and $897,152,208.73 (including statutory prejudgment interest) from Rockwell.

The combined total compensatory damages from Dow and Rockwell equals $1,281,646,011.29 (including statutory prejudgment interest). Plaintiffs' calculations of the maximum combined total compensatory damages are set forth below:

---

[8] Previously, the Court entered judgment against Dow for 90% of the trespass verdict. In light of the Tenth Circuit's reversal of the trespass verdict and judgment in *Cook Appeal I*, the jury award against Dow has been reduced to 30% of the nuisance verdict. *See Cook XIV*, 564 F.Supp.2d at 1199 ("In particular, the jury's apportionment to Dow of 90% fault for the trespass and 30% for the nuisance and to Rockwell of 10% fault for the trespass and 70% fault for the nuisance is reasonable and consistent under the evidence presented.").

**Compensatory Damages as of 11/2/15**
**(With Prejudgment Interest @ 8% Compounded Annually)**

|  | **Jury Award** | **With interest to 1/30/15** *(25 years)* | **Interest per day since 1/30/15** | **Total daily interest from 1/30/15 - 11/2/15** *(276 days)* | **Total** |
|---|---|---|---|---|---|
| Maximum Combined Damages | $176,850,340.00 | $1,211,155,166.93 | $255,401.61 | $70,490,844.36 | $1,281,646,011.29 |

In addition, Plaintiffs request that the Court enter a Plan of Allocation in the form previously entered at Doc. No. 2264-2.

Finally, Plaintiffs have attached as Exhibit 10 to Doc. No. 2367 a Proposed Order re Preservation of Judgment Funds.  Plaintiffs do not believe that the Supreme Court is likely to grant Defendants' planned Petition for Certiorari.  *See* Exhibit 7 to Doc. No. 2367, Order, *Cook v. Rockwell Int'l*, App. Case: 14-1112, Doc. No. 01019465510 (Jul. 24, 2015) ("Upon careful consideration, the Court has determined that the motion does not establish that there is a substantial possibility that a petition for writ of certiorari would be granted.").  But, Plaintiffs are nevertheless willing to postpone distributing the funds to assuage any concerns about whether the judgment can be promptly entered.

Dated:  August 26, 2015

                                              Respectfully submitted,

                                              */s/ Merrill G. Davidoff*
                                              Merrill G. Davidoff
                                              David F. Sorensen
                                              Caitlin G. Coslett
                                              BERGER &MONTAGUE, P.C.
                                              1622 Locust Street
                                              Philadelphia, PA 19103
                                              (215) 875-3000

8

Gary B. Blum
Steven W. Kelly
SILVER & DeBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise M. Roselle
Paul M. De Marco
Markovits, Stock & De Marco, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
(513) 651-3700

Attorneys for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of August, 2015, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

                                          */s/ Merrill G. Davidoff*
                                          Merrill G. Davidoff
                                          BERGER & MONTAGUE, P.C.
                                          1622 Locust Street
                                          Philadelphia, PA 19103
                                          (215) 875-3000