## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

## DEFENDANTS' OPPOSITION TO
## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

---

Plaintiffs' Motion for Entry of Judgment, Dkt. 2367 and 2371 (corrected), puts the cart before the horse. By treating judgment as a *fait accompli*, it seeks to foreclose the orderly review and disposition of issues that will determine the fate of the verdict and how and in what form this case proceeds. These include issues that the Tenth Circuit ordered this Court to address on remand and issues that were timely raised on appeal, but which the Tenth Circuit did not reach because it set aside the verdict. Although plaintiffs do not address these issues, judgment cannot be entered until they have been addressed on their merits.

### A.       Roadmap To Defendants' Opposition Submission.

Defendants' Opposition Submission has four parts, each devoted to one set of the

issues the Court must decide.   The first set of issues, addressed in Part One (Class

Certification), go to whether this case can proceed as a class action.   In *Cook v. Rockwell*

*Int'l Corp.*, 618 F.3d 1127 (10th Cir. 2010) (*Cook Appeal I*), the Tenth Circuit reversed

this Court's 1993 certification ruling (leaving only the claims of seven individual

plaintiffs) and instructed the Court to "revisit the class certification question" and

determine whether plaintiffs can establish the elements of their claims—including those

supplied by state law—on a class-wide basis:

> As the district court's class certification analysis failed to consider whether
> Plaintiffs could establish various elements of their PAA claims, ***supplied***
> ***both by federal and state law***, this court must reverse the district court's
> class certification ruling.   Upon remand, the district court shall revisit the
> class certification question to determine whether Plaintiffs can establish the
> elements of their claims, including the PAA threshold requirements, on a
> class-wide basis.   Because we now reverse the district court's class
> certification ruling, we need not reach the question of whether the district
> court's subdivision of the class for damages purposes was proper.

*Id*. at 1149 (emphasis added).   Although plaintiffs bear the burden of proof under Federal

Rule of Civil Procedure 23, they chose not to file a motion demonstrating that the claim

on which they seek judgment (nuisance) satisfies the requirements of class certification.

Treating certification as a rubber-stamping exercise, they devote a single paragraph to the

subject and argue that all the Court need do to satisfy the Tenth Circuit's mandate is

declare that the "originally certified class" that the Tenth Circuit threw out is "proper and

intact."   Mot. for J. at 4 (Dkt. 2367, 2371).   Part One responds to this argument and

shows that plaintiffs' nuisance claim cannot proceed as a class action because plaintiffs

have not met—and cannot meet—the requirements of Rule 23.[1]

The second set of issues, addressed in Part Two (Preemption), concerns the federal

nuclear safety standards that, as the Tenth Circuit explained, governed defendants'

conduct and established their duty of care.  When it vacated the judgment, the Tenth

Circuit directed the Court to consider whether these standards "carry the force of law"

and conflict with state tort standards of care:

> On remand, the district court shall permit Defendants to identify the
> particular federal regulations or statutes they believe preempt state law.
> Specifically, the district court shall consider whether the federal standards
> Defendants identify carry the force of law or controlled Defendants'
> conduct with respect to the off-site contamination that occurred here.
> Defendants must also indicate the particular standards of care applicable to
> a state law trespass or nuisance claim they believe are in conflict with any
> such regulations.  Finally, the district court must determine whether any
> such federal standards actually conflict with the relevant state tort standards
> of care.

*Cook Appeal I*, 618 F.3d at 1144-45.  Part Two identifies the applicable standards and

demonstrates that they had the force of law and conflict with and preempt Colorado tort

law, which, as construed by this Court, permitted the jury to find that the Rocky Flats

plant was a nuisance even if there were no plutonium releases that exceeded these

standards and, under an alternative theory, even if there was only a possibility of future

---

[1]   Plaintiffs had the opportunity to file a motion under Rule 23 that demonstrates the
      requirements of class certification are met, but did not.  Defendants reserve their right
      to reply to any arguments plaintiffs raise in their response brief as grounds for
      certification that they failed to raise in their motion for judgment.

releases.  By not requiring the jury to find that releases exceeded the applicable standards, the nuisance instruction permitted the jury to find liability based merely on the existence and location of Rocky Flats.  The nuisance verdict cannot stand, and judgment cannot be entered on it, because the jury was not required to find that plutonium releases exceeded federal standards.  Defendants will file a separate motion asking the Court to rule that the standards identified by defendants established their duty of care with respect to the plutonium releases at issue here, and that those standards conflict with, and therefore preempt, Colorado nuisance law, which permits recovery for releases that do not exceed the federally authorized levels.  To reduce the amount of paper this Court need review, Part Two of this submission is also defendants' brief in support of their motion.

The third set of issues, addressed in Part Three (Trial Errors), concerns plaintiffs' trial misconduct and the rulings that allowed plaintiffs to inject into the trial irrelevant and prejudicial evidence and inflammatory argument relating to indemnification and alleged government misconduct.  These issues were an important part of defendants' appeal, but the Tenth Circuit did not reach them because it set aside the verdict:

> The court declines to reach Defendants' evidentiary challenges to Plaintiffs' trial references to the government's indemnity obligations or the Department of Energy's failure to fully comply with discovery.  Because the case must be remanded on other grounds, the court need not address whether the district court abused its discretion with respect to evidentiary issues that may not arise during a new trial.

*Cook Appeal I*, 618 F.3d at 1152.  The Court should not enter judgment on a nuisance verdict that remains the product of a fundamentally unfair trial.  Although the discussion

and argument in Part Three largely reflect points that defendants already made as part of *Cook Appeal I*, a new and fatal wrinkle arises from plaintiffs' purported abandonment of their Price-Anderson claim.  To persuade this Court to allow them to present evidence and argument relating to indemnification and the Government's alleged misconduct, plaintiffs argued that an important factor was that their claims were all brought pursuant to the Price-Anderson Act, and that the prohibitions of Federal Rule of Evidence 411 did not apply insofar as "this situation" does not involve a "contract of insurance, but rather a statutory indemnity under the Price-Anderson Act."   7/8/2005 Pls.' Mot. in Limine Consol. Resp. at 17 (Dkt. 1395).   Plaintiffs' latest position—that they have no claim under the Price-Anderson Act—eliminates a central premise behind the admission of this evidence.   This makes the evidentiary rulings permitting such evidence even more indefensible.

The fourth set of issues, addressed in Part Four (Judgment Amount), concerns the amount of any award and the treatment of prejudgment interest.  Although defendants objected to this Court's original award of prejudgment interest and challenged that award on appeal, the Tenth Circuit did not reach the issue because it vacated the judgment, set aside the jury verdict, and believed the issue might not arise on remand:

> Likewise, the court will not address Defendants' challenge to the district court's post-trial award of prejudgment interest.  This issue may not arise on remand, and if it does, any error can easily be rectified in a future appeal without necessitating a new trial.

*Cook Appeal I*, 618 F.3d at 1149.  That issue has not gone away:  plaintiffs now seek more than $1 billion in interest, which is more than *six times* the amount they seek in compensatory damages.  While resolution of this issue will affect the amount of any judgment, it also has important settlement implications.  Part Four addresses this issue as well as other issues affecting the proper computation of damages and interest.  While plaintiffs have already acknowledged a serious mistake in their original calculation (hence the filing of their corrected motion), Part Four addresses other mistakes.

### B.      The Price-Anderson Act

One other point merits attention.  Defendants will soon seek Supreme Court review of the Tenth Circuit's ruling in *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088 (10th Cir. 2015) (*Cook Appeal II*), concerning the Price-Anderson Act and that court's conclusion that a plaintiff who asserts but fails to prove a Price-Anderson claim may nonetheless pursue, and recover on, a separate nuisance claim based on the same facts.  In the meantime, there should be no mistaking defendants' position and the reality of this lawsuit: it is, and was tried solely as, a public liability action under the Price-Anderson Act, and while the rules of decision were derived from state law, the action that proceeded to trial was a public liability action.  As this Court held in its seminal ruling framing the issues for trial, "None dispute this is a 'public liability action' arising under the Price-Anderson Act."  *Cook v. Rockwell Int'l Corp.,* 273 F. Supp. 2d 1175, 1179 (D. Colo. 2003) (*Cook IX*).

That is the same position plaintiffs took both before trial, 6/4/1997 Resp. to Defs.'
Mot. for Summ. J. at 56 (Dkt. 961) ("As defendants correctly note, this is a 'public
liability action' under the Price-Anderson Act."), and after trial, 5/4/2006 Mot. for J. at
27 (Dkt. 2170) ("The trespass and nuisance claims presented to the jury were brought
pursuant to, and are governed by, the Price-Anderson Act").  *See also id.* at 30 (arguing
that post-judgment interest should not be based on the federal statute that governs
diversity cases, but on Colorado state law because "[j]urisdiction in this case . . . is
predicated on the Price-Anderson Act," and the 1988 amendments to that Act "call for
the rules of decision in public liability actions to be derived from the law of the state
where the nuclear incidents occur.").[2]

Plaintiffs told the first Tenth Circuit panel the same thing: "This is a class action
under the Price-Anderson Act, 42 U.S.C. § 2210, brought by plaintiffs against two former
operators of the Rocky Flats Nuclear Weapons Plant in Colorado."  7/17/2008 Pls.' *Cook
Appeal I* Docketing Statement at 4.  The Tenth Circuit agreed, and correctly found that
not only is this case "a public liability action under the PAA," *Cook Appeal I*, 618 F.3d at

---

[2]   And because pretrial proceedings were all based on the conceded premise that
plaintiffs' claims arose under the Price-Anderson Act, the jury was instructed that
punitive damages were not recoverable for conduct occurring after August 20, 1988.
Instruction 3.27.  That date was not picked out of thin air.  It is the date of the 1988
Amendments to Price-Anderson Act, which added a new provision prohibiting
punitive damages, 42 U.S.C. § 2210(s).  *Cook*, 273 F. Supp. 2d at 1211-12 (explaining
rational for temporal limitation).

7

1133, but that plaintiffs had "only presented their PAA trespass and nuisance claims to the jury." *Id*. at 1137 n.8.

The longstanding acknowledgement by plaintiffs and this Court that this lawsuit is a public liability action was compelled by the plain language of the Price-Anderson Act, which defines "public liability action" as "any suit asserting public liability," 42 U.S.C. § 2014(hh), and "public liability" as "any legal liability arising out of or resulting from a nuclear incident[.]"  42 U.S.C. § 2014(w).  Plaintiffs not only "asserted" public liability, but they still base their purported state law nuisance claim on alleged harm from the release of plutonium, which is specifically regulated under the Atomic Energy Act as "special nuclear material."  42 U.S.C. § 2014(aa).  "Special nuclear material" appears in the Atomic Energy Act 277 times, and its importance is such that it is even included in the Price-Anderson Act's definition of "nuclear incident."  42 U.S.C. § 2014(q).

Importantly, while plaintiffs have reversed course and now contend that their nuisance claim falls outside of the Price-Anderson Act, that is a change in label only.  By any construction, their purported standalone nuisance claim is no different from their Price-Anderson Act nuisance claim and is based on the same allegations that make this a public liability action under the Act.  They still contend that the release of plutonium from Rocky Flats caused cancer in the surrounding area, that the risk of more cancers continues, and that plutonium contaminated and has otherwise harmed their property.  That claim is still premised on an alleged "nuclear incident":  their whole theory of

8

recovery is still that in the area surrounding Rocky Flats there has been, and will continue to be, "bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property" caused by the "radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material." *Id.*

As noted above, defendants intend to seek Supreme Court review of the *Cook Appeal II* decision and specifically preserve their right to do so. In addition, defendants do not waive, and specifically preserve, their ability to challenge the issues decided against them in that decision.

So long as plaintiffs base their nuisance claim on allegations of harm (including cancers and property contamination) from the "radioactive" or "other hazardous" properties of special nuclear material, that claim is a public liability action under the Price-Anderson Act and is subject to the requirements of the Act. Because this claim is still premised on public liability, the Price-Anderson Act still applies to plaintiffs' claims, and defendants have a right to invoke it. Judgment cannot be entered on the fiction that the jury verdict is for a "standalone" state law claim that exists separate and apart from the allegations and evidence that make this a public liability action.

## CONCLUSION

For the reasons stated above and in the attached supporting submissions, the Court should deny plaintiffs' motion for entry of judgment and schedule a hearing to address how to proceed with respect to the claims of the remaining seven individual plaintiffs.

9

Date: September 10, 2015

/s/ *Kevin T. Van Wart*
Kevin T. Van Wart, P.C.
Bradley H. Weidenhammer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Phone: (312) 862-2000
Facsimile: (312) 862-2200
Email:  kvanwart@kirkland.com

Joseph Bronesky
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Phone: (303) 297-2900

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of September, 2015, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

/s/ *Kevin T. Van Wart*
Kevin T. Van Wart, P.C.