# Exhibit X

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 90-K-181

MERILYN COOK, et al.,

    Plaintiffs,

-vs.-

ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY,

    Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

THIS MATTER came before the Court on August 16, 1994 for hearing on various discovery motions. Argument was presented by counsel, and all motions were then taken under advisement. Further argument will be waived. Any additional motions not covered in this Memorandum Opinion will be handled by separate order.

### DEFENDANTS' OBJECTIONS TO PROPOSED STIPULATED ORDER BETWEEN PLAINTIFF AND UNITED STATES DEPARTMENT OF ENERGY.

This litigation has been arduous. The assigned District Judge's review of the history of the discovery process is detailed in *Cook v. Rockwell Int'l Corp*, 147 F.R.D. 237 (D.Colo.1993). The discovery process has remained a war since issuance of that opinion, and it may never change.

The United States Department of Energy (DOE) is the owner of the Rocky Flats nuclear weapons plant (Rocky Flats). Defendant Dow Chemical Company (Dow) operated Rocky Flats until the mid-1970's. Defendant Rockwell International Corporation (Rockwell) then operated the plant until it was replaced in the 1980's by EG&G. This litigation is a class action dealing with alleged releases of

of the discovery process. Absent the DOE stipulation, this issue would have to be reviewed differently.

Defendants should note also the requirements set forth in *Ryall v. Appleton Elect.Co.*, *supra*. There is no question that Plaintiffs have made valid and legitimate requests for documents. Defendants have fought to preclude access to these documents, and indeed, continue to fight to preclude access to the DOE documents. If Defendants plan to use a document at trial, it will have to be disclosed to Plaintiffs. That disclosure will need to come before the end of the discovery period. As in *Ryall*, no disclosure will preclude use later at trial.

The Court thus finds that Mr. Comstock was working at the behest of Defendants. The work-product doctrine applies. A further deposition of Mr. Comstock is precluded at this point. If similar claims are being made concerning other LANL employees, then appropriate motions for protective order should be filed within fifteen days.

### PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs have filed a motion for protective order to preclude depositions of absent class members. These depositions are primarily to obtain documents from commercial landowners within the immediate area to Rocky Flats. Defendants oppose any limitations on these depositions.

Class certification has been ordered. Plaintiffs argue that no discovery should be allowed as to absent class members, as that defeats the entire class action process. Defendants argue that they

8

are entitled to information concerning property values and damages, as the issue is before the Court and will have to be dealt with. It is clear that the law generally limits discovery to absent class members after certification has occurred. *Gardner v. Awards Marketing Corp.*, 55 F.R.D. 460 (D.Utah 1972). Necessity must be shown, and a court has the power to limit discovery.

In this case, a number of factors are at play. First, there is little question that class certification has occurred. Second, one of the issues argued in favor of class certification was that damages would exist in the area in question, but that individual landowners would be unable to commence litigation on their own. Mr. Hunsperger's affidavit that was presented in support of the motion for class certification has already raised the issue of property damages within the area surrounding Rocky Flats. Plaintiffs' argument that their economic theory has yet to be presented is not well taken, in light of the previous information submitted from Mr. Hunsperger.

Third, there is a finite amount of time left to complete discovery. Defendants know that an issue of damages is present, and they have a right to prepare to defend against the issue. Fourth, the Court is satisfied that the parties to be deposed are the largest commercial landowners in the area in question. Fifth, the issue of class damages is different in this case than it would be in a securities fraud or similar case. Not every property owner may be affected in the same way. A blanket opinion as to damages by an expert may not correctly reflect what has occurred on a specific

9

piece of property. Sixth, none of the class representatives is a large commercial property owner.

Having detailed all of these considerations, the Court believes that limited discovery as to these absent class members is appropriate. The Court specifically finds that Exhibit A is far too broad and onerous to be authorized. Further, much of the information being sought can be secured through public sources, such as purchase or sales prices, assessor valuations, and improvements that were made (available through local building departments).

The Court will allow the following as to Exhibit A:

1. Limited to information concerning initial purchase price.
2. Limited to the nature of improvements made and the valuations by the owner as to those improvements.
3. Not authorized.
4. Authorized as to all requested documents.
5. Not authorized. Available from public sources.
6. Not authorized
7. Limited to listing agreements, and sales brochures and information.
8. Not authorized
9. Authorized as to all requested documents.
10. Not authorized at this time.
11. Not authorized, except as may have been produced in response to #9.
12. Not authorized.
13. Not authorized.
14. Not authorized.

The information authorized will allow Defendants to prepare for the damages portion of the case.

IT IS HEREBY ORDERED that Defendants' Joint Motion objecting to the stipulation between DOE and Plaintiffs is denied; and

IT IS FURTHER ORDERED that Defendants' motion for protective order as to Daniel Comstock is granted; and

10