# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

No. 90-K-181

---

MERILYN COOK, et al.,

    Plaintiffs,

       v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

PLAINTIFFS' CONSOLIDATED MEMORANDUM
IN OPPOSITION TO DEFENDANTS' SIXTEEN MOTIONS IN LIMINE

---

Dated: July 8, 2005

The Hanford trial involved only causation and damages for personal injury.

Apart from Judge Nielsen's order, defendants cite no authority to support their contention that the provisions on insurance in Fed. R. Evid. 411 even apply to this situation, which does not involve a contract of insurance, but rather a statutory indemnity under the Price-Anderson Act.

Even assuming that Rule 411 does apply to these Price-Anderson claims, defendants are mistaken in suggesting that it embodies any blanket rule that would bar evidence of insurance (or indemnity) under any and all circumstances. The actual prohibition contained in Rule 411 is far narrower, and more precisely circumscribed, than defendants imply.

Rule 411 reads as follows (the emphasis is plaintiffs'):

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. *This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.*

According to the Advisory Committee Notes from the time of the rule's adoption in 1975, "The second [italicized] sentence points out the limits of the rule, using well established illustrations." Under the rule's plain language, and under the decisional law from which it evolved, evidence of insurance (or indemnity) is barred only if offered to show that defendants' conduct was wrongful. Such evidence is not prohibited, under the precedents or the rule, if relevant and material for some other purpose. As the authors of one leading treatise have observed: "Evidence of defendant's insurance against liability is relevant and therefore admissible if its existence tends to prove some material issue and it does not require use of the forbidden hypothesis that 'an insured person tends to be more careless (or more careful) than one who is uninsured.'" *See* Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S EVIDENCE MANUAL § 7.08 (2003).

*Plaintiffs' Consolidated Memorandum in Opposition to Defendants' Motions in Limine – Page 17*