**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

---

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

---

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
ENTRY OF JUDGMENT AND REPONSE TO DEFENDANTS'**

**"PART THREE" – ALLEGED "TRIAL ERRORS"**

---

<u>**TABLE OF CONTENTS**</u>

I.     INTRODUCTION ............................................................................................. 1

II.    The Tenth Circuit Held in *Cook Appeal II* That Defendants Failed to Allege Any Errors That Would Bar Entry of Judgment, and Defendants' Evidentiary Objections Here Are Therefore Waived..................................................................................... 4

III.   This Court's Rulings on Defendants' Evidentiary Challenges Remain Law of the Case. .. 6

IV.   This Court's Prior Rulings on the DOE-Related Evidence Were and Are Correct. ........... 8

     A.    Scope of Review ...................................................................................... 9

     B.    The Seven Indemnity References Did Not Violate Rule 411. ............................... 9

     C.    Plaintiffs Did Not Conduct "A Trial Against the Federal Government", But Instead, Offered Evidence and Argument for Permissible Purposes.................... 11

V.    If Any Error Had Occurred, it Would Have Been Cured by the Court's Many Cautionary Instructions and/or Would Have Been Harmless. ........................................... 16

VI.   Conclusion ....................................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abuan v. Level 3 Communications, Inc.*,
   353 F.3d 1158 (10th Cir. 2003) ............................................................16

*Anthony v. Baker*,
   955 F.2d 1395 (10th Cir. 1992) ...........................................................2, 6

*In re C.W. Min. Co.*,
   740 F.3d 548 (10th Cir. 2014) ..............................................................8

*Charter v. Chleborad*,
   551 F.2d 246 (8th Cir. 1977) ...............................................................10

*Clark v. State Farm Mut. Auto. Ins. Co.*,
   590 F.3d 1134 (10th Cir. 2009) ............................................................2

*ClearOne Commc'ns, Inc. v. Bowers*,
   643 F.3d 735 (10th Cir. 2011) ..............................................................16

*Commerz Union Austalt v. Collectors' Guild, Ltd.*,
   930 F.2d 1021 (2d Cir. 1991) ...............................................................15

*Conde v. Starlight I*,
   103 F.3d 210 (1st Cir. 1997) ................................................................10

*Cook v. Rockwell Int'l Co., Inc. (Cook VI)*,
   907 F. Supp. 1460 (D. Colo. 1995) .......................................................13

*Cook v. Rockwell Int'l Co., Inc. (Cook VII)*,
   935 F. Supp. 1452 (D. Colo. 1996) .......................................................13, 14

*Cook v. Rockwell Int'l Co., Inc.*,
   2006 U.S. Dist. LEXIS 89515 (D. Colo. Dec. 7, 2006) ........................1, 15

*Cook v. Rockwell Int'l Co., Inc. (Cook XIII)*,
   580 F. Supp. 2d 1071 (D. Colo. 2006) ...................................................1, 8, 19

*Cook v. Rockwell Int'l Co., Inc. (Cook XIV)*,
   564 F. Supp. 2d 1189 (D. Colo. 2008) ...................................................1

*Cook v. Rockwell Int'l Co., Inc. (Cook Appeal I)*,
   618 F.3d 1127 (10th Cir. 2010) ............................................................1, 5, 8

*Cook v. Rockwell Int'l Co., Inc.* (*Cook Appeal II*),
   790 F.3d 1088 (10th Cir. 2015) ................................................................ passim

*Corbett v. Borandi*,
   375 F.2d 265 (3d Cir. 1967)................................................................................11

*Department of the Navy v. Egan*,
   484 U.S. 518 (1988)...........................................................................................15

*Digital Satellite Connections, LLC v. Dish Network Corp.*,
   2015 WL 5579553 (D. Colo. Sept. 22, 2015).......................................................7

*Dodge v. Cotter Corp.*,
   328 F.3d 1212 (10th Cir. 2003) ........................................................................14

*Ellsberg v. Mitchell*,
   709 F.2d 51 (D.C. Cir. 1983).............................................................................15

*Farnsworth Cannon, Inc. v. Grimes*,
   635 F.2d 268 (4th Cir. 1980) ............................................................................15

*In re Hanford Nuclear Reservation Litig.*,
   534 F.3d 986 (9th Cir. 2008) ............................................................................11

*Martinez v. Roscoe*,
   100 F.3d 121 (10th Cir. 1996) ............................................................................5

*Maynard v. CIA*,
   986 F.2d 547 (1st Cir. 1993)..............................................................................15

*McDonough Power Equip., Inc. v. Greenwood*,
   464 U.S. 548 (1984)......................................................................................17, 19

*Michaels v. Chappell*,
   2014 WL 7047544 (Dec. 12, 2014 S.D. Cal.).....................................................16

*Murrell v. Shalala*,
   43 F.3d 1388 (10th Cir. 1994) .........................................................................6, 8

*Navigato v. SJ Rests., LLC*,
   463 Fed. Appx. 770 (10th Cir. 2012)...................................................................5

*Old Chief v. United States*,
   519 U.S. 172 (1997)...........................................................................................16

*Petrella v. Brownback*,
   787 F.3d 1242 (10th Cir. 2015) .......................................................................6, 8

*Phillips v. Calhoun*,
    956 F.2d 949 (10th Cir. 1992) ........................................................................................6, 8

*Plaut v. Estate of Rogers*,
    959 F. Supp. 1302 (D. Colo. 1997) ...................................................................................17

*Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*,
    779 F.3d 1141 (10th Cir. 2015) ......................................................................................6, 8

*Stump v. Gates*,
    211 F.3d 527 (10th Cir. 2000) ..........................................................................................15

*United States v. Alvarez*,
    142 F.3d 1243 (10th Cir. 1998) ..........................................................................................7

*United States v. Sedillo*,
    509 F. App'x 676 (10th Cir. 2013) .....................................................................................6

*United States v. Webb*,
    98 F.3d 585 (10th Cir. 1996) ..............................................................................................5

*Utahns for Better Transp. v. U.S. Dept. of Transp.*,
    305 F.3d 1152 (10th Cir. 2002) ..........................................................................................8

*Ute Indian Tribe of the Uintah & Ouray Reservation v. State of Utah*,
    114 F.3d 1513 (10th Cir. 1997) ..........................................................................................6

*Werbungs und Commerz Union Austalt v. Collectors' Guild, Ltd.*,
    930 F.2d 1021 (2d Cir. 1991) ...........................................................................................15

*Weston v. Harmatz*,
    335 F.3d 1247 (10th Cir. 2003) ......................................................................................2, 6

*Wilson v. Merrell Dow Pharms., Inc.*,
    893 F.2d 1149 (10th Cir. 1990) ..................................................................................12, 13

*Youren v. Tintic Sch. Dist.*,
    343 F.3d 1296 (10th Cir. 2003) ........................................................................................15

*Zokari v. Gates*,
    561 F.3d 1076 (10th Cir. 2009) ........................................................................................11

## Statutes & Other Authorities

Fed. R. Civ. P. 61 ...................................................................................................................17

Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence Manual* § 7.08
    (2003) .................................................................................................................................10

Plaintiffs respond here to "Part Three: Defendants' Opposition to Plaintiffs' Motion for Entry of Judgment: Unaddressed Trial Errors" (Doc. No. 2377) ("Defs' Alleged Trial Errors Br.").

## I.    __INTRODUCTION__

Defendants admit that the issues they raise as alleged "trial errors" are "not new" and, to the extent raised at all, were largely raised by Defendants during the first appeal to the Tenth Circuit ("*Cook Appeal I*").[1] Plaintiffs agree that Defendants are trying to turn back the clock. Plaintiffs disagree that Defendants can or should be permitted to do so. This Court already addressed and rejected Defendants' arguments in *Cook XIII*, 580 F. Supp. 2d 1071 (D. Colo. 2006) and elsewhere, and Defendants waived and forfeited these arguments by *not* raising them during the second appeal to the Tenth Circuit ("*Cook Appeal II*"). Under doctrines of both law of the case and waiver and forfeiture, Defendants' arguments should be rejected at the outset.

This Court previously addressed each of the alleged "trial errors" Defendants complain of here in *Cook XIII*, 580 F. Supp. 2d at 1154-56 (addressing, *inter alia*, Defendants' motions *in limine*), and in its Memorandum Opinion re: Jury Instructions, Doc. No. 2205, *available at Cook v. Rockwell Int'l Co., Inc.*, 2006 U.S. Dist. LEXIS 89515, at *141-46 (D. Colo. Dec. 7, 2006).[2]

---

[1] Defs' Alleged Trial Errors Br., at 2 ("These are not new issues, and, with one exception, the discussion and argument that follow reflect points that defendants made as part of *Cook Appeal I*.").

[2] *See also Cook XIV*, 564 F. Supp. 2d 1189, 1197 (D. Colo. 2008) ("Defendants devote nearly three-fourths of their voluminous Rule 59 motion to rearguing my decisions to proceed with a class trial, to admit certain lay and expert evidence, to reject certain of Defendants' proposed jury instructions and overrule their objections to other instructions, and to deny Defendants' multiple motions for mistrial. Each of the challenged decisions was reached after reasoned consideration of extensive written and/or oral argument from both parties. After careful review of Defendants' most recent arguments regarding these matters, I find no basis for reconsidering these decisions.").

Defendants offer no good reason for this Court to revisit, much less reverse, its prior rulings, which are law of the case.[3]

In *Cook Appeal II*, Plaintiffs expressly sought the entry of judgment on their state law nuisance claims. *See* Plaintiffs-Appellants' Principal Brief, Doc. No. 01019262216, at 60 (10th Cir. June 10, 2014) (Exh. 5), at 7-8, 25, 28, 33, 36, 49. Defendants nowhere argued that alleged "trial errors" prevented entry of judgment, and therefore the entire argument has been waived and forfeited.[4] *See* Brief of Defendant-Appellees, Doc. No. 01019278418 (10th Cir. July 14, 2014) (Exh. 6). Finding "no lawful impediment to the entry of a state law nuisance judgment on the existing verdict," the Tenth Circuit directed:

> When the district court receives this case it should proceed to judgment on the existing nuisance verdict promptly, consistent with resolving the outstanding class action question, wary of arguments that have already been rejected or forfeited.

*Cook Appeal II*, 790 F.3d at 1105. As the Tenth Circuit held, Plaintiffs have an "existing nuisance verdict," and Defendants waived their evidentiary challenges by failing to argue them during the second appeal. *Id*. at 1104 n.7.

---

[3] *See generally Clark v. State Farm Mut. Auto. Ins. Co*., 590 F.3d 1134, 1140 (10th Cir. 2009) ("Because they were not challenged on appeal in *Clark III*, both the case management order and the district court's denial of the motion to intervene have now become the law of the case and are binding on the parties."); *Weston v. Harmatz*, 335 F.3d 1247, 1255 (10th Cir. 2003) ("Under the law of the case doctrine, '[a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'") (quoting *Concrete Works of Colo., Inc. v. City and County of Denver*, 321 F.3d 950, 992 (10th Cir. 2003)); *Anthony v. Baker*, 955 F.2d 1395, 1397 (10th Cir. 1992).

[4] *See Cook Appeal II*, 790 F.3d at 1104 ("In two separate appeals spanning many years the defendants have identified no lawful impediment to the entry of a state law nuisance judgment on the existing verdict. They have shown no preemption by federal law, no error in the state law nuisance instructions, no mandate language specifically precluding this course. *No other error of any kind is even now alleged*.") (emphasis added).

Indeed, in moving for entry of judgment, Plaintiffs pointed out Defendants' waiver. *See* Pls' Corrected Motion for Entry of Judgment (Doc. No. 2371-1), at 5. Defendants do not even attempt to rebut this dispositive point.

Even if the Court elects to review Defendants' old arguments yet again, it should reject them as before. As Defendants acknowledge, their claimed trial "errors" – that the jury heard about DOE's undertaking to indemnify Defendants and about DOE's withholding of evidence from the jury and the public – have already been exhaustively briefed before this Court, and the Court has already ruled on these issues. No change in the facts or controlling law has affected the substance of this Court's prior decisions.

The only "new" circumstance to which Defendants allude is Plaintiffs' decision not to pursue their PAA claims.[5] Although it is far from clear, Defendants may be implying that they are no longer being indemnified by the Department of Energy and so somehow the analysis of the alleged "trial errors" is different.[6] The fundamental problems with this suggestion, however, are that the DOE *was* indemnifying them at the time of trial, and, moreover, Defendants nowhere state, much less prove, that DOE is no longer indemnifying them or will not once judgment is entered on Plaintiffs' state law claims.

Even if Defendants were not indemnified, it would not matter. Defendants waived any such argument by not raising it during *Cook Appeal II*. At the time of trial, DOE owned the plant and the evidence, DOE's indemnification was in place, and DOE studies were proffered as evidence by Defendants, and hence inferences as to DOE's motivations were justified. Thus, this Court's prior rulings are law of the case on these arguments.

---

[5] Plaintiffs' decision was and is contingent on the decision in *Cook Appeal I*, 618 F.3d 1127 (10th Cir. 2010) not being reversed or modified regarding its holding that proof of a "nuclear incident" is a prerequisite to a PAA claim, and its holding as to what proof of a "nuclear incident" requires.

[6] *See* Defs' Alleged Trial Errors Br., at 3-7.

Accordingly, Plaintiffs respectfully request that the Court apply the Tenth Circuit's mandate from *Cook Appeal II* to proceed to judgment on the existing nuisance verdict, and in addition, reaffirm the substance of its earlier rulings admitting the challenged material. Defendants offer nothing in the way of new facts or law that would undermine those rulings, which remain law of the case.

**II.     The Tenth Circuit Held in *Cook Appeal II* That Defendants Failed to Allege Any Errors That Would Bar Entry of Judgment, and Defendants' Evidentiary Objections Here Are Therefore Waived**

The Tenth Circuit directed this Court to "proceed to judgment on the existing nuisance verdict promptly ... wary of arguments that have already been rejected or forfeited." *Cook Appeal II*, 790 F.3d at 1105. One of those forfeited arguments is Defendants' claim that their objections to the DOE evidence should bar entry of judgment. The Tenth Circuit pointed out that Defendants had the opportunity to raise their objections during the second appeal, but failed to do so: "Neither, of course, did the first panel's decision to defer certain issues preclude the defendants from raising them on remand if they really thought them sufficient to bar entry of judgment on the existing nuisance verdict." *Id*. at 1104 n.7. Thus, Defendants have waived and forfeited these arguments, and the Tenth Circuit's mandate directs this Court to enter judgment.

Although Defendants' brief in *Cook Appeal II* shows that Defendants clearly understood that Plaintiffs sought entry of the nuisance judgment, nowhere in that brief did Defendants preserve the issue of their earlier challenge to this Court's evidentiary rulings regarding the DOE – a deficiency that the presiding judge pointed out during oral argument of *Cook Appeal II*:

[Mr. Landau]: We had other objections, too, on evidentiary grounds –

JUDGE GORSUCH: Yeah, but where are they now? Do we have them before this Court?

MR. LANDAU: Well, Your Honor –

JUDGE GORSUCH: There's nothing in your brief on this.

MR. LANDAU: Of course, you do in the sense that what's before this Court is whether or not the last Court actually affirmed the judgment. What would happen?

I mean, we're saying that proves that, of course, they didn't affirm the judgment.

JUDGE GORSUCH: What's before us now, though, is why shouldn't we reinstate the verdict.

MR. LANDAU: Well, because nobody –

JUDGE GORSUCH: And you have not made any of these arguments about evidentiary rulings or sufficiency of the evidence on nuisance claims.

*Cook Appeal II*, unofficial transcript of oral argument, at 47-48 (attached as Exh. 7).[7]

Any issue not expressly preserved on appeal is waived. *Navigato v. SJ Rests., LLC*, 463 Fed. Appx. 770, 777 (10th Cir. 2012) (issue waived when not raised in appellate briefing).[8]

The Tenth Circuit's finding that Defendants had waived their "trial errors" challenge is consistent with controlling authority. No mention of the DOE evidence appears in Defendants' brief in *Cook Appeal II*, as Judge Gorsuch recognized. Defendants' brief refers vaguely to the *Cook Appeal I* panel's abstention on unspecified "evidentiary challenges", Brief of Defendant-Appellees, Doc. No. 01019278418 (10th Cir. July 14, 2014), at 49 (Exh. 6), but – as the *Cook*

---

[7] By "unofficial transcript," Plaintiffs refer to the transcript that was prepared at Plaintiffs' request from the official recording by a certified court reporter. Defendants moved to release the recording of the argument before the Tenth Circuit, and Plaintiffs agreed provided that all parties would be provided a copy. *See* Unopposed Motion to Obtain Copy of Oral Argument Recording, *Cook v. Rockwell Int'l Corp*., No. 14-1112 (10th Cir. Filed Nov. 26, 2014).  If the Court wishes, Plaintiffs can submit the audio recording as well.

[8] *See* note 3 and cases cited therein. *See also Martinez v. Roscoe*, 100 F.3d 121, 123 (10th Cir. 1996) ("The issue of whether the Regulatory Agreement can support a permanent injunction was resolved by the district court in 1993; that decision was not challenged by appeal.  Accordingly, defendants are barred by the doctrine of law of the case from raising the issue in this appeal."); *United States v. Webb*, 98 F.3d 585, 589 (10th Cir. 1996) ("This issue was not appealed by defendant in *Webb I*; therefore, the district court's initial ruling on the enhancement became final.  Thus, the district court did not err in declining to address defendant's objections at the time of resentencing.").

*Appeal II* majority recognized – Defendants failed to brief any substantive arguments on the issue. "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*, 779 F.3d 1141, 1156 (10th Cir. 2015) (quoting *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994), further citation omitted).[9]

### III.   This Court's Rulings on Defendants' Evidentiary Challenges Remain Law of the Case

Defendants have provided no basis for this Court to revisit, much less reverse, its prior rulings on Defendants' objections to the DOE-related evidence – and thus, no reason to ignore the law of the case doctrine. "The law of the case doctrine is 'a restriction self-imposed by the courts in the interest of judicial efficiency. It is a rule based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided.'" *Anthony v. Baker*, 955 F.2d 1395, 1397 (10th Cir. 1992) (citation omitted). Accordingly, "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." *Ute Indian Tribe of the Uintah & Ouray Reservation v. State of Utah*, 114 F.3d 1513, 1520 (10th Cir. 1997). This principle operates with additional force here because not only has this Court already ruled on Defendants' arguments, but Defendants could have raised them again before the Tenth Circuit during *Cook Appeal II*, yet failed to do so. *See Weston*, 335 F.3d at 1255 ("A legal decision made

---

[9] Likewise, while Defendants (just as perfunctorily) raised the point at oral argument, by that point it was too late to preserve the argument, and the argument was not developed enough to be preserved. *United States v. Sedillo*, 509 F. App'x 676, 679 n.1 (10th Cir. 2013); *Petrella v. Brownback*, 787 F.3d 1242, 1260 (10th Cir. 2015) ("When issues are not adequately briefed, they are deemed waived."); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (issue waived where discussion "perfunctory"); *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992) ("[E]ven issues designated for review are lost if they are not actually argued in the party's brief.").

at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation ...").

The Tenth Circuit has instructed that the law of the case should be disregarded only in three "exceptionally narrow circumstances": "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998).[10]

There has been no material change in law that is relevant to this Court's prior evidentiary issues. The only "new" argument that Defendants mention is that Plaintiffs no longer assert a PAA claim. Defendants appear to imply – without ever saying so, and without any evidence – that DOE is no longer indemnifying them, and suggest that this "new" fact (which is nowhere plainly stated much less proved) should affect the Court's analysis.[11] As a preliminary matter, this argument is still waived, because Defendants understood full well that in *Cook Appeal II*, Plaintiffs were proceeding purely under state law. If Defendants believed that this meant they had some "new" argument to make about alleged trial errors, they could have and should have

---

[10] Relatedly, even assuming there had not been an intervening appeal in which Defendants waived their "trial errors" arguments, Defendants have failed to meet the standards for seeking reconsideration of this Court's prior rulings. "The bases for granting reconsideration are extremely limited:  Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Digital Satellite Connections, LLC v. Dish Network Corp.*, 2015 WL 5579553, at *1 (D. Colo. Sept. 22, 2015) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).This standard mirrors the test for departing from the law of the case, and so even if Defendants' brief here were to be recast as a motion for reconsideration, Plaintiffs' discussion above would apply with equal force.

[11] Defs' Alleged Trial Errors Br., at 3.

raised that before the Tenth Circuit. They failed to do so and therefore the point has been waived.[12]

Furthermore, even if it turned out that DOE will no longer indemnify Defendants, that would have no effect on the validity of the existing nuisance verdict. In *Cook XIII*, the Court ruled that DOE's role as Defendants' indemnitor was "relevant to showing the DOE's interest and stake in the outcome in this litigation, which in turn is relevant to the credibility of these witnesses and the trustworthiness of other evidence originating with or within the control of the DOE," *Cook XIII*, 580 F. Supp. 2d at 1155. At the time of trial, all parties, including the DOE, believed DOE would indemnify Defendants. It is DOE's self-interest before and during the trial that was relevant to the jury's assessment of the evidence.

## IV.    **This Court's Prior Rulings on the DOE-Related Evidence Were and Are Correct**

As Defendants acknowledge, Defs' Alleged Trial Errors Br., at 2, at least some of their arguments here were made in their opening brief in *Cook Appeal I.* Below, solely for the sake of completeness and for the Court's convenience, Plaintiffs reprise their own prior arguments in response. None of Defendants' arguments, nor Plaintiffs' for that matter, is new to this Court. Every legal and factual argument has been presented in the parties' briefing on Defendants' motions *in limine* and/or their motion for a new trial. Plaintiffs respectfully submit that, for the reasons set forth below and in the Court's prior opinions, the Court's decisions on these arguments were correct the first time and should remain law of the case.

---

[12] *See, e.g.*, *Seifert*, 779 F.3d at 1156; *In re C.W. Min. Co.*, 740 F.3d at 564; *Petrella*, 787 F.3d at 1260; *Utahns for Better Transp*, 305 F.3d at 1169; *Murrell*, 43 F.3d at 1389 n. 2; *Phillips*, 956 F.2d at 954.

### A.    Scope of Review

As discussed above, Defendants fail to establish the necessary elements for overturning the law of the case or for a motion for reconsideration, and therefore the Court would be within its discretion in summarily rejecting Defendants' attempt to resurrect their evidentiary arguments.

In addition, while Defendants challenge the Court's admission of evidence or statements that DOE concealed or misrepresented conditions at Rocky Flats over the years, their brief fails to identify any contemporaneous objections to those statements at trial. Instead, their brief cites only their motion *in limine*. *See* Defs' Alleged Trial Errors Br., at 11 (other DOE conduct). However, that motion *in limine* was narrower than the allegedly objectionable material that Defendants cite here: it addressed only DOE's classification of documents and its discovery conduct in this case. Defs' Motion in Limine No. 5, filed June 16, 2005 (Doc. No. 1358). This entire line of objection was therefore waived and forfeited, even before Defendants waived and forfeited it yet again in *Cook Appeal II*.

### B.    The Seven Indemnity References Did Not Violate Rule 411

From a four-month trial, Defendants have culled seven indemnity references to which they now object. Defs' Alleged Trial Errors Br., at 5-6.

Four are from Plaintiffs' opening statement. The first was a passing reference during an introduction of the *dramatis personnae*. Tr. 475-77.[13] Defendants fault Plaintiffs' counsel for analogizing indemnity to insurance on that occasion, but the jurors had already heard defense counsel dwell on the same analogy, at far greater length, during *voir dire*. Tr. 240-46.

---

[13] Copies of all cited transcript pages in this brief and others Plaintiffs are filing are collected as Exh. 1.

The second and third references invited a legitimate inference about DOE's motivations to paint a positive public picture of the site, and to withhold negative information. Tr. 492-93. So too did the fourth. Tr. 652.

The fifth indemnity reference (the *only* cited reference to occur during presentation of evidence) was a passing mention during examination of an attorney who represented DOE in discovery matters in this case, to clarify his characterization of DOE as a nonparty. Tr. 5102.[14]

The sixth reference, from a mini-summation, was another reminder of DOE's incentives to support benign public portrayals of the site. Tr. 6283. The seventh, from final summation, advanced a credibility point involving a serial DOE dose-reconstruction contractor. Tr. 10570-71.

None of these references violated Rule 411. Evidence of insurance is barred under Rule 411 only when offered for the particular purpose that the rule specifically forbids: to invite an inference, from the existence of insurance, that the insured party acted negligently. By its express terms, Rule 411 does *not* bar such evidence when offered for other, valid purposes, such as proving bias or prejudice. "Evidence of defendant's insurance against liability *is* relevant and therefore admissible if its existence tends to prove some material issue and it does not require use of the forbidden hypothesis that 'an insured person tends to be more careless (or more careful) than one who is uninsured.'" Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence Manual* § 7.08 (2003) (emphasis added); *see also Conde v. Starlight I*, 103 F.3d 210, 213-14 (1st Cir. 1997) (employment as insurer's "adjuster" admissible to show witness's bias); *Charter v. Chleborad*, 551 F.2d 246, 248-49 (8th Cir. 1977) (error to bar evidence of witness's employment

---

[14] The jury was repeatedly admonished that counsels' arguments were not evidence. *See, e.g.,* Jury Instruction 1.4 (Doc. No. 2121-1, at 8); Tr. at 1670:19-21, 7466:10-24, 8298:1-2, 9019:2-5.

by defendant's insurer); *Corbett v. Borandi*, 375 F.2d 265 (3d Cir. 1967) (expert's employment by insurer could be considered for credibility purposes).

Because the indemnity *was* relevant to core credibility issues in this case, Rule 411 did not require its exclusion. For the same reason, *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986 (9th Cir. 2008), is inapposite: the *Hanford* plaintiffs *stipulated* to the *only* evidence for which DOE's credibility might otherwise have been in controversy. *Id.* at 1014.

Nor did the Court abuse its discretion, *see Zokari v. Gates*, 561 F.3d 1076, 1090 (10th Cir. 2009), by rejecting Defendants' proposed instruction on indemnity. Not only had the Court already polled the jurors individually and confirmed that indemnity would not color their views on liability (Tr. 247-49); but Defendants' proposed instruction was prejudicial and argumentative. Its primary focus was on courting improper speculation that DOE would renege on its indemnity obligations. *See* Defs' Alleged Trial Errors Br., at 6-7 (quoting proposed instruction). There was no evidentiary basis for such speculation, nor could there have been. *See* Defs' Mot. for Stay Pending Appeal, filed June 6, 2008, at 3 (Doc. No. 2268) ("the United States has recognized its indemnification obligations here"); *id.* Ex. A, at 2 (Doc. No. 2268-1) (letter from DOE contracting officer dated June 5, 2008 to same effect). Defendants remained free to argue to the jury that indemnity was immaterial – as Defendants indeed did. Tr. 722-23, 837-38, 4173.

C.     **Plaintiffs Did Not Conduct "A Trial Against the Federal Government", But Instead, Offered Evidence and Argument for Permissible Purposes**

Defendants complain that Plaintiffs portrayed DOE as having mounted a cover-up, "in two main ways: (1) by abusing its document classification powers, and (2) by violating its discovery obligations in this case." Defs' Alleged Trial Errors Br., at 9.

Those may indeed be the "two main" points that Defendants now want to take as their themes. As a global description of the allegedly prejudicial evidence and jury arguments cited in Defendants' brief, however, Defendants' summary is misleading. The jury heard substantial evidence falling in neither of the "two main" categories on which Defendants' arguments now focus. Indeed, many of the putatively illustrative record citations in Defendants' brief turn out *not* to have involved DOE's discovery conduct, or allegations of classification abuse, at all.

Such citations make an early debut in Defendants' argument, starting with the series of seven quoted remarks, from Plaintiffs' opening statement, with which Defendants set the stage. Defs' Alleged Trial Errors Br., at 8-9. With one arguable exception (an unelaborated reference to DOE's "national security, top-secret rights"), none of the seven quoted remarks makes reference to DOE classification practices or discovery conduct. Some refer to DOE's failure, over the years, to afford contemporaneous public disclosure of events at the site. Tr. 479 (nondisclosure of plutonium releases); 487-88 (environmental conditions leading up to FBI raid). Two involve misleading press releases. Tr. 509, 538-39.

Still other illustrative quotations, offered later in Defendants' argument, involved use of the classification bureaucracy's apparatus and procedures, at times previous to the trial, to conceal information *concededly* presenting no national security concerns implicating the government's classification powers. Tr. 587-88 (description of internal AEC memo); Ex. P-660, (the referenced memo).

There was no impropriety in the admission of such evidence, or in Plaintiffs' reliance on it during opening statement. It was germane to the sundry DOE-related witnesses, documents, and data in this case. As the Court correctly observed, Tr. of 8/22/05 at 8, the parties were entitled to explain to the jury why some evidence was unavailable. *See Wilson v. Merrell Dow*

*Pharms., Inc.*, 893 F.2d 1149, 1152 (10th Cir. 1990) (plaintiffs and defendants alike may normally argue inferences to be drawn by jury from parties' failure to offer particular evidence, with strength of such inferences depending on peculiar facts of each case).

It was also directly relevant to Defendants' contention that the market had already devalued class properties for Rocky Flats-related reasons before the class members ever purchased them. *See* Jury Instruction 3.25 (Doc. No. 2121-1 at 70) (entitled "Affirmative Defense: Setoff"); Jury Verdict Form, Jury Interrogatory No. 15 (Doc. No. 2117, at 25) ("Do you find that Dow and Rockwell proved that their nuisance caused a diminution in the value of Class Properties in one or more specific time periods before June 7, 1989?").

Defendants also say that two of Plaintiffs' experts were called to testify about "abusive classification." Nowhere in the cited testimony did either witness raise any allegation of classification abuse. Tr. 3002-20 (Budnitz); Tr. 5340-59 (Cochran).

The truth that emerges, from review of the actual record, is that classification issues were not central to this trial as Defendants misleadingly suggest. When the issue did arise, this Court adopted carefully calibrated measures to regulate the presentation of evidence. It generally allowed evidence showing why certain information was unavailable, and concerning efforts to obtain it. It disallowed questions on whether DOE classification decisions were justified or sound. Tr. 1446-47, 3019, 5100-01, 5358-60. For example, the Court rejected entirely any testimony by Rodney Hoffman, a classification officer, to explore DOE's internal decision-making process on classification issues. Tr. 4961-5007.

The Court followed a similarly careful course with evidence about the discovery events culminating in the DOE contempt proceedings. Those events are partially chronicled in *Cook VI*, 907 F. Supp. 1460, 1462-68 (D. Colo. 1995), and *Cook VII*, 935 F. Supp. 1452, 1454-73 (D.

Colo. 1996). They included DOE's wholesale failure, for many months, even to *initiate* the declassification reviews that DOE had *agreed* to perform in a *stipulated* discovery order (*see* Doc. No. 399, Stipulated Order as approved by Magistrate Judge Borchers on 9/13/94). That failure was signally important for classified documents relating to plutonium at Rocky Flats that neither Defendant could find or account for (referred to as "material unaccounted for" or "MUF"), whose DOE-estimated dimensions grew by leaps and bounds in the contempt ruling's wake – from a pre-contempt estimate of 11,000 pages, to 670,000 pages, to an ultimate 1.35 million. Tr. 5127-44. Although many of the MUF documents were later produced following a 13th-hour declassification review, that rushed review left them so heavily redacted as to be largely empty of useful content. *See Cook VII*, 935 F. Supp. at 1466-67.

This MUF-discovery evidence was helpful in explaining why Plaintiffs and their experts *could* analyze publicly available summary information on MUF, but could *not* present (or, in Dr. Cochran's case, even consult) the underlying data from the unavailable documents. The Court monitored the testimony closely, *see* Tr. 5086 ("We'll take it one pitch at a time"), and carefully steered questioning away from any unduly prejudicial territory. Tr. 5106-07, 5123-24, 5136, 5141-42, 5146-50. The Court was in an excellent position to draw these lines. Not only was it intimately familiar with the extensive evidentiary record; it was also thoroughly knowledgeable about the underlying discovery history.

Defendants' scattershot citations to case law do not support any different conclusion. Some of Defendants' cases are entirely inapposite.[4] Others arose in very different legal, factual,

---

[4] *E.g.*, *Dodge v. Cotter Corp.*, 328 F.3d 1212 (10th Cir. 2003) (addressing restrictions on parties' right to be heard concerning admissibility of expert evidence).

and procedural contexts.[5] Defendants' national security cases, in particular, have no bearing. The Court did not pass on anyone's security-clearance revocation,[6] rule on any disputed FOIA exemption for classified information,[7] or adjudicate the validity of any asserted state-secrets privilege.[8] It did not review any classification decisions, direct disclosure of any classified information, sanction Defendants for anyone's discovery misconduct, vary the normal burdens of production or persuasion, or instruct the jury that it could draw adverse inferences based on the classification status of any information.

It did the opposite. Refusing Plaintiffs' proposed spoliation instruction, it instructed the jury *not* to second-guess DOE's classification decisions, and *not* to speculate on the content of classified material. Mem. Op. Re: Jury Instructions , Dec. 7, 2006, at 82-84 (Doc. No. 2205), available at 2006 U.S. Dist. LEXIS 89515, at *143-144; (Instruction 1.9) (Doc. No. 2121-1 at 15). The jurors are presumed to have followed those instructions. *See Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1306 (10th Cir. 2003).

The instructions and verdict form also made it plain just who the Defendants were. After a four-month trial, the jury had no need for Defendants' proposed supplemental instruction on that subject.

---

[5] In *Werbungs und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 930 F.2d 1021 (2d Cir. 1991), the Second Circuit remanded for a new trial, on damages only, in light of an *instruction* inviting the jury to consider defendants' discovery violations when fashioning a damage award. In *Stump v. Gates*, 211 F.3d 527 (10th Cir. 2000), plaintiffs offered an extremely prejudicial grand jury report for the supposed purpose of showing what placed them on notice of their claims – a purpose for which the report had *no* actual probative value, because plaintiffs filed their claims before gaining access to it.

[6] *Cf. Department of the Navy v. Egan*, 484 U.S. 518 (1988).

[7] *Cf. Maynard v. CIA*, 986 F.2d 547 (1st Cir. 1993).

[8] *Cf. Ellsberg v. Mitchell*, 709 F.2d 51 (D.C. Cir. 1983); *Farnsworth Cannon, Inc. v. Grimes*, 635 F.2d 268 (4th Cir. 1980).

**V.     If Any Error Had Occurred, it Would Have Been Cured by the Court's Many Cautionary Instructions and/or Would Have Been Harmless**

Plaintiffs wish to emphasize two additional points in particular that justify this Court upholding its decade-old rulings.

First, even if any error had occurred, the Court's cautionary instructions would have cured it. "'[A] jury is presumed to follow its instructions'", *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 768 (10th Cir. 2011) (citation omitted), including cautionary instructions, *Old Chief v. United States*, 519 U.S. 172, 196 (1997) ("The jury is presumed to have followed this cautionary instruction."); *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1175 (10th Cir. 2003) ("[W]e presume the jury followed the instruction cautioning that counsels' arguments are not evidence."), and including instructions given during *voir dire*, *Michaels v. Chappell*, 2014 WL 7047544, at *31 (Dec. 12, 2014 S.D. Cal.) (applying a presumption that the jury followed instructions which were provided, among other places, at *voir dire*).

Before the jury was even sworn, the Court made clear the context in which it was acceptable for the jury to consider the fact of indemnification. In *voir dire*, the Court instructed both parties' counsel to explain DOE indemnification and asked the jurors, "would it make a difference to you if the Department of Energy gets stuck with the bill, if you should make an award? Would that influence you in any way?" Tr. 239. Additionally, defense counsel polled each juror: "The question is, will the financial relationship which you've now heard about influence your deliberations – your thinking about the evidence and the law in deciding the liability between the plaintiff class and the defendants, Dow and Rockwell? Will it influence your views or not?" Tr. 248. Each juror answered "no." Tr. 248-49.

As for classification, Jury Instruction 1.9 set the stage for the jury's consideration of that evidence, noting that "[t]he authority of the Department of Energy to classify information as

16

secret is firmly established by laws enacted by the Congress of the United States"; and "Neither this court nor the jury in this case has the authority to decide whether such classification was proper irrespective of any reasons or allegations made challenging that process"; and "The propriety of these declassification decisions is likewise not a matter to be decided in this action." Jury Instruction 1.9 (Doc. No. 2121-1 at 15). And it continued: "You may not speculate or guess about what the unavailable or redacted information might be. Such unavailable or redacted information might have been favorable, or unfavorable, to one side or the other in this case, but you must confine your evaluation to the evidence presented to you and base your decision solely on the evidence received during trial." *Id.* To accept Defendants' claim of prejudice requires improperly assuming that the jury ignored these instructions.

A second point also bears emphasis: even if any error had occurred, it would have been harmless. Fed. R. Civ. P. 61 provides: "Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." "The harmless error rules adopted by [the Supreme] Court and Congress embody the principle that courts should exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984). To obtain a new trial, a showing of prejudice is "essential." *Plaut v. Estate of Rogers*, 959 F. Supp. 1302, 1305 (D. Colo. 1997) (citing *Ryder v. City of Topeka*, 814 F.2d 1412, 1424 (10th Cir. 1987)).

Defendants have made no such showing, either now or when they previously briefed these issues before the Court. Plaintiffs' exposition of the challenged material, *supra*,

17

demonstrates that this material is in reality but a handful of testimonial snippets and statements by counsel. These items occupied an infinitesimally small fraction of the voluminous record generated by this highly technical, four-month-long jury trial.

Additionally, far from conducting a "trial against the Federal Government", Defs' Alleged Trial Errors Br., at 2, Plaintiffs – and indeed, Defendants as well – simply acknowledged the obvious. Given the sheer volume of documents bearing AEC or DOE insignia, the number of DOE-affiliated witnesses, the DOE-funded studies, and DOE's long-standing presence at the plant, it would have been impossible to try this case for four months without the jury learning of the DOE's supervisory role at Rocky Flats.

Moreover, when it suited their purposes, Defendants attempted to make DOE the scapegoat for their own wrongdoing. During the trial, defense counsel elicited statements from witnesses and presented arguments blaming DOE for Rocky Flats' inability to manage its nuclear waste. *See, e.g.* Tr. at 1658-59 (Ray cross: AEC rules restricted shipments of liquid wastes such as 903 drums); Tr. at 6293-95 (defense counsel's mini-summation blaming DOE for not paying for safer waste storage or remediation and not accepting waste shipments); Tr. at 8080-81 (defense counsel questions regarding whether Dow requested funding for asphalt pad for 903 area and whether DOE approved that request); Tr. at 8082 (Rockwell requested funding for indoor storage facility for pondcrete but request was not approved for two or three years). In addition, Defendants claimed in their Motion for Judgment as a Matter of Law that the DOE's instructions as to how to run the plant, and its reluctance to pay for a concrete slab to cover the 903 area, were "intervening causes" of the trespass and nuisance that harmed Plaintiffs. Defs' Motion for Judgment as a Matter of Law (Doc. No. 1771), Dec. 8, 2005, at 22-23. They cannot

now be heard to complain that Plaintiffs' invocation of the DOE's role at Rocky Flats was prejudicial.

Besides, any alleged risk of prejudice was just as likely to run *against* Plaintiffs. On indemnification, as the Court recognized, "it is equally plausible to assume a jury, taxpayers all, would have the opposite reaction to DOE's indemnification. My experience teaches me that jurors do neither." *Cook XIII*, 580 F. Supp. 2d. at 1155 n.88. Indeed, allowing the jury to hear of the DOE's indemnity likely placed Defendants in a better position than if this information had been barred from the courtroom because, as major multi-national corporations, Defendants would themselves be considered "deep pockets". *Cf.* Defs' Alleged Trial Errors Br., at 2. Likewise, on DOE's classification and discovery conduct, and on the notion that Plaintiffs "tried their case against" DOE, the jury could have been hesitant to question Defendants or the DOE in light of the plant's national defense role. Defendants have failed to meet the high burden of showing that the challenged evidentiary rulings here, even if they had been erroneous (which they were not), were so overwhelmingly prejudicial as to "affect the essential fairness of the trial". *McDonough,* 464 U.S. at 548.

VI.    <u>**Conclusion**</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court enter judgment in Plaintiffs' favor, notwithstanding Defendants' alleged "trial errors" arguments, which have already been rejected and waived and should be rejected again.

Dated:  October 23, 2015                                    Respectfully submitted,

<u>*/s/ Merrill G. Davidoff*</u>
Merrill G. Davidoff
David F. Sorensen
Jennifer MacNaughton
Caitlin G. Coslett
BERGER &MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DeBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise M. Roselle
Paul M. DeMarco
MARKOVITS, STOCK &
DE MARCO, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
(513) 651-3700

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 23rd day of October 2015, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000