## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

---

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

---

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
## ENTRY OF JUDGMENT AND REPONSE TO DEFENDANTS'

## "PART FOUR" – JUDGMENT AMOUNT

---

## **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT ................................................................................................................. 3

    A.   Defendants' "judicial estoppel" argument is raised here for the first time, is therefore waived, and lacks merit regardless. ................................................................................. 3

    B.   All of Defendants' other arguments opposing prejudgment interest through June 2, 2008 were rejected by this Court in *Cook XIV*, and those rulings remain the law of the case. ... 5

    C.   Defendants' arguments opposing prejudgment interest through June 2, 2008 are waived because Defendants failed to raise them on appeal. .......................................................... 8

       1.   Two of the arguments proffered by Defendants here are waived because Defendants failed to raise them in *Cook Appeal I*. .......................................................................... 8

       2.   All of the arguments proffered by Defendants here are waived because Defendants failed to raise them in *Cook Appeal II*. ...................................................................... 10

    D.   This Court's rulings on prejudgment interest in *Cook XIV* were correct, and Defendants offer no grounds for revisiting or reversing these prior rulings. ..................................... 10

       1.   Defendants' argument that prejudgment interest should not begin to run until December 31, 1995 is contrary to Colorado law. ...................................................... 10

       2.   Colorado law mandates an award of prejudgment interest on all compensatory damages, including inflation-adjusted damages. ........................................................ 12

       3.   Defendants' contention that prejudgment interest is not available in property damage cases has been rejected by both the Colorado Supreme Court and the Tenth Circuit Court of Appeals. ...................................................................................................... 16

    E.   Prejudgment interest should continue to run until entry of the Court's judgment on remand. .................................................................................................................... 19

       1.   Procedural posture ....................................................................................... 19

       2.   Argument ..................................................................................................... 20

III.   CONCLUSION ........................................................................................................... 22

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Am. Tel. & Tel. Co. v. United Comp. Sys., Inc.*,
   98 F.3d 1206 (9th Cir. 1996) ........................................................................21, 22

*Anthony v. Baker*,
   955 F.2d 1395 (10th Cir. 1992) .............................................................................8

*Arizona v. California*,
   460 U.S. 605 (1983).................................................................................................7

*Ballow v. PHICO Ins. Co.*,
   878 P.2d 672 (Colo. 1994)....................................................................................17

*Chandler v. Bombardier Capital, Inc.*,
   44 F.3d 80 (2d Cir. 1994).......................................................................12, 15, 16

*Clark v. State Farm Mut. Auto. Ins. Co.*,
   590 F.3d 1134 (10th Cir. 2009) ..........................................................................7, 9

*Clinchfield Coal Co. v. Fed. Mine Safety & Health Review Comm'n*,
   895 F.2d 773 (D.C. Cir. 1990) ...........................................................................12, 16

*Coale v. Dow Chem.Co.*,
   701 P.2d 885 (Colo. Ct. App. 1985) ......................................................................12

*Concrete Works of Colorado, Inc. v. City & Cnty. of Denver*,
   321 F.3d 950 (10th Cir. 2003) ...........................................................................7, 9

*Cook v. Rockwell Int'l Corp.*,
   564 F. Supp. 2d 1189 (D. Colo. 2008)........................................................... *passim*

*Cook v. Rockwell Int'l Corp.*,
   618 F.3d 1127 (10th Cir. 2010) ................................................................... *passim*

*Cook v. Rockwell Int'l Corp.*,
   790 F.3d 1088 (10th Cir. 2015) ................................................................... *passim*

*Crosby v. Kroeger*,
   330 P.2d 958 (Colo. 1958)......................................................................................1

*Dow Chem. Corp. v. Weevil-Cide Co.*,
   897 F.2d 481 (10th Cir. 1990) .........................................................................4, 18

*Echo Acceptance Corp. v. Household Retail Servs., Inc.*,
   267 F.3d 1068 (10th Cir. 2001) .......................................................................13, 14

*Evans v. Connecticut*,
    967 F.Supp. 673 (D. Conn. 1997), *aff'd*, 24 Fed. Appx. 35 (2d Cir. 2001)......................12, 16

*Fail v. Comm. Hosp.*,
    946 P.2d 573 (Colo. App. 1997), *aff'd*, 969 P.2d 667 (Colo. 1998)........................................21

*Farmers Reservoir & Irrigation Co. v. City of Golden*,
    113 P.3d 119 (Colo. 2005)......................................................................................................17

*FDIC v. Clark*,
    768 F. Supp. 1402 (D. Colo. 1989)........................................................................................17

*Fed. Ins. Co. v. Ferrellgas, Inc.*,
    961 P.2d 511 (Colo. Ct. App. 1997) ......................................................................................12

*Ferrellgas, Inc. v. Yeiser*,
    247 P.3d 1022 (Colo. 2011).....................................................................................................17

*Frontier Exploration, Inc. v. Am. Nat'l Fire Ins. Co.*,
    849 P.2d 887 (Colo. App. 1992) .............................................................................................17

*Goodyear Tire & Rubber Co. v. Holmes*,
    193 P.3d 821 (Colo. 2008) ............................................................................................ *passim*

*Grand Cnty. Custom Homebuilding, LLC v. Bell*,
    148 P.3d 398 (Colo. App. 2006)...............................................................................................1

*Hardeman v. City of Albuquerque*,
    377 F.3d 1106 (10th Cir. 2004) ...............................................................................................9

*Hull by Hull v. United States*,
    971 F.2d 1499 (10th Cir. 1992) .............................................................................................21

*Kaiser Aluminum & Chem. Corp. v. Bonjorno*,
    494 U.S. 827 (1990)................................................................................................................21

*Mesa Sand & Gravel Co. v. Landfill, Inc.*,
    776 P.2d 362 (Colo. 1989)...........................................................................................1, 2, 14

*Michaelson v. Michaelson*,
    884 P.2d 695 (Colo. 1994).....................................................................................................14

*Morris v. Goodwin*,
    185 P.3d 777 (Colo. 2008).....................................................................................................14

*N. Natural Gas Co. v. Grounds*,
    666 F.2d 1279 (10th Cir. 1981) .............................................................................................21

*N. Natural Gas v. Hegler*,
    818 F.2d 730 (10th Cir.1987) .............................................................................20

*Nat'l Sur. Corp. v. Citizen State Bank*,
    734 P.2d 663 (Colo. App. 1986) ..........................................................................17

*Navigato v. SJ Rests., LLC*,
    463 Fed. Appx. 770 (10th Cir. 2012) .....................................................................9

*Nicholas v. People*,
    973 P.2d 1213 (Colo. 1999) .................................................................................19

*Pers. Dep't Inc. v. Prof'l Staff Leasing Corp.*,
    297 Fed. Appx. 773 (10th Cir. 2008) ...........................................................13, 14

*Petrella v. Brownback*,
    787 F.3d 1242 (10th Cir. 2015) ..........................................................................4, 9

*Phillips v. Calhoun*,
    956 F.2d 949 (10th Cir. 1992) .............................................................................3, 4

*Planned Parenthood v. Owens*,
    287 F.3d 910 (10th Cir. 2002) .............................................................................19

*Scheidt v. Klein*,
    956 F.2d 963 (10th Cir. 1992) ...............................................................................9

*Seaward Constr. Co., Inc. v. Bradley*,
    817 P.2d 971 (Colo. 1991) ...................................................................................13

*Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*,
    779 F.3d 1141 (10th Cir. 2015) ........................................................................3, 4, 9

*Sheets v. Salt Lake Cnty.*,
    45 F.3d 1383 (10th Cir. 1995) ..........................................................................3, 4, 9

*Smith v. Mehaffy*,
    30 P.3d 727 (Colo. App. 2000) ............................................................................17

*Stansbury v. Comm'r*,
    102 F.3d 1088 (10th Cir. 1996) ...........................................................................17

*Stevens v. Humana of Del., Inc.*,
    832 P.2d 1076 (Colo. App. 1992) ..............................................................2, 12, 14

*Sunward Corp. v. Dun & Bradstreet, Inc.*,
    811 F.2d 511 (10th Cir. 1987) ...............................................................................7

*Todd v. Bear Valley Vill. Apartments*,
   980 P.2d 973 (Colo. 1999) ................................................................1, 13

*United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.*,
   210 F.3d 1207 (10th Cir. 2000) ..........................................................1, 17

*United States v. Alvarez*,
   142 F.3d 1243 (10th Cir. 1998) ..............................................................8

*United States v. City of Warren*,
   138 F.3d 1083 (6th Cir. 1998) ........................................................12, 16

*United States v. McCaskey*,
   9 F.3d 368 (5th Cir. 1993) ......................................................................4

*United States v. Rodriguez-Aguirre*,
   414 F.3d 1177 (10th Cir. 2005) ..............................................................7

*Utahns for Better Transp. v. U.S. Dep't of Transp.*,
   305 F.3d 1152 (10th Cir. 2002) ..............................................................4

*Ute Indian Tribe of the Uintah & Ouray Reservation v. State of Utah*,
   114 F.3d 1513 (10th Cir. 1997) ...........................................................3, 7

*Voight v. Colo. Mountain Club*,
   819 P.2d 1088 (Colo. App. 1991) ....................................2, 13, 14, 15

*Westfield Dev. Co. v. Rifle Inv. Assocs.*,
   786 P.2d 1112 (Colo. 1990) ................................................................1, 17

*Weston v. Harmatz*,
   335 F.3d 1247 (10th Cir. 2003) ...........................................................7, 9

*Wheeler v. John Deere Co.*,
   935 F.2d 1090 (10th Cir. 1991) ..............................................................20

**Statutes**

Colo. Rev. Stat. § 13-21-101 ...............................................................15, 18

Colo. Rev. Stat. § 5-12-102 ................................................................. *passim*

Colo. Rev. Stat. § 5-12-104 .........................................................................18

Colo. Rev. Stat. § 8-43-410(2)....................................................................18

Colo. Rev. Stat. § 14-14-106 ......................................................................18

Colo. Rev. Stat. § 38-1-116 .........................................................................18

Colo. Rev. Stat. § 38-22-101(5) .................................................................................................18

42 U.S.C. § 2210 .........................................................................................................................19, 20

**Other Authorities**

Restatement (Second) of Torts § 930(3)(b) ...................................................................................12

Plaintiffs respond here to "Part Four: Defendants' Opposition to Plaintiffs' Motion for Entry of Judgment: Objection to Judgment Amount" (Doc. No. 2376) ("Defs' Judgment Amount Br.").

## I.     INTRODUCTION

This Court should grant Plaintiffs' Motion for Entry of Judgment and award Plaintiffs the 8% prejudgment interest rate to which they are entitled for the period from January 30, 1990 through the date on which a new judgment is entered.

Most of Defendants' arguments regarding prejudgment interest were previously rejected by this Court in *Cook XIV*, 564 F. Supp. 2d 1189 (D. Colo. 2008) and/or have been waived, and Defendants' argument that Plaintiffs are not entitled to prejudgment interest for the additional period from 2008 through 2015 is meritless.

Under Colorado law, prejudgment interest is a creature of statute, and its award is compulsory for cases in which Colo. Rev. Stat. § 5-12-102 applies.  The Colorado Supreme Court has called the award of prejudgment interest "'a ministerial act that is mandatory and does not require the exercise of judgment or discretion.'"  *Todd v. Bear Valley Vill. Apartments*, 980 P.2d 973, 981 (Colo. 1999) (*quoting Crosby v. Kroeger*, 330 P.2d 958, 963 (Colo. 1958)).

The purposes of prejudgment interest under Colorado law are well settled.  They are to fully compensate the plaintiff, award the plaintiff the loss of earnings due to its delayed payment, encourage prompt payment of claims, and discourage dilatory behavior by defendants.[1]

---

[1] *See, e.g., United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1233 (10th Cir. 2000) (§ 5-12-102 should be broadly construed "'to effectuate the legislative purpose of compensating parties for the loss of money or property to which they are entitled.'") (*quoting Westfield Dev. Co. v. Rifle Inv. Assocs.*, 786 P.2d 1112, 1122 (Colo. 1990)); *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362, 364 (Colo. 1989) (the purposes of prejudgment interest include "discourag[ing] a person responsible for payment of a claim to stall and delay payment until judgment or settlement"); *Grand Cnty. Custom Homebuilding, LLC v. Bell*, 148

Defendants have already succeeded in delaying judgment for more than twenty-five years, depriving Plaintiffs of relief, wasting judicial resources, and racking up legal fees at the taxpayers' expense[2] – precisely the kind of stalling and delay the Colorado compulsory award statute was designed to redress.

Defendants fail to acknowledge that all but two of their arguments opposing prejudgment interest here were directly addressed and rejected by this Court in *Cook XIV*.[3]  The first "new" claim raised – that somehow "Plaintiffs Disavowed Prejudgment Interest During Trial"[4] – has never been raised before and is therefore waived.  The second "new" argument – that Plaintiffs should not recover prejudgment interest starting after June 2, 2008 when the first, later vacated, judgment was entered[5] – is without merit, as detailed below.  All of Defendants' remaining arguments were rejected in *Cook XIV*, left untouched in *Cook Appeal I*,[6] and were waived by

---

P.3d 398, 400 (Colo. App. 2006) ("[t]he purpose of § 5-12-102(1) is to discourage responsible parties from delaying payment until judgment or settlement, and 'represents a legislative determination that persons suffer a loss when they are deprived of property to which they are legally entitled'") (*quoting Mesa*, 776 P.2d at 364; *Stevens v. Humana of Del., Inc.*, 832 P.2d 1076, 1081 (Colo. App. 1992) ("pre-judgment interest serves not only the purpose of compensating a party for the loss of use of money, but is also used to encourage the settlement of cases both pre- and post-trial"); *Voight v. Colo. Mountain Club*, 819 P.2d 1088, 1092-93 (Colo. App. 1991) ("Pre-judgment interest is considered an additional item of compensatory damages and is, thus, not interest in the strictest sense.  Also, the potential of pre-judgment interest being added to a judgment encourages settlements.") (citations omitted).

[2] Plaintiffs believe that the Department of Energy has paid all of Defendants' considerable fees and expenses.

[3] Plaintiffs incorporate the arguments asserted in their Reply in Support of Motion for Entry of Judgment, dated March 19, 2007, Doc. No. 2240, made in response to the arguments that were previously presented by Defendants (copy attached as Exh. 10).

[4] Defs' Judgment Amount Br., at Section III.B.

[5] Defs' Judgment Amount Br., Section IV.

[6] *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1152 (10th Cir. 2010) ("*Cook Appeal I*") ("[T]he court will not address Defendants' challenge to the district court's post-trial award of prejudgment interest. This issue may not arise on remand, and if it does, any error can easily be rectified in a future appeal without necessitating a new trial.").

Defendants' failure to raise them in *Cook Appeal II*.  The Court in *Cook Appeal II* directed this Court to be "wary of arguments that have already been rejected or forfeited."[7]  Defendants' attempts to relitigate their already-rejected arguments opposing prejudgment interest through 2008 are barred by the law of the case doctrine and the related waiver doctrine.[8]

Plaintiffs respectfully request that the Court reject Defendants' attempts to relitigate the already-decided and/or waived prejudgment interest arguments, which are the law of the case. Plaintiffs further request that the Court award Plaintiffs prejudgment interest for the additional delay incurred after *Cook XIV*.

## II.   ARGUMENT

### A.   Defendants' "judicial estoppel" argument is raised here for the first time, is therefore waived, and lacks merit regardless.

Defendants argue that Plaintiffs allegedly "Disavowed Prejudgment Interest During Trial To Gain Strategic Advantage," and that as a result, Plaintiffs are somehow "judicially estopped from recovering prejudgment interest through 2005."[9]  This brand new argument is both waived and wrong.

Defendants had numerous prior opportunities to make this argument to this Court or to the Tenth Circuit in *Cook Appeal I*, but did not.  It was not raised in any of Defendants' post-trial

---

[7] *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088, 1105 (10th Cir. 2015) ("*Cook Appeal II*").

[8] *See Ute Indian Tribe of the Uintah & Ouray Reservation v. State of Utah*, 114 F.3d 1513, 1520 (10th Cir. 1997) ("[O]nce a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case.").  *See also Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*, 779 F.3d 1141, 1156 (10th Cir. 2015) (where defendant-appellee had advanced argument in district court but failed to raise on appeal, argument waived); *Sheets v. Salt Lake Cnty.*, 45 F.3d 1383, 1390 (10th Cir. 1995) (argument not proffered on appeal is waived); *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992) (same); *see also supra* n.8.

[9] Defs' Judgment Amount Br., at 18-22.

briefs opposing the award of prejudgment interest,[10] nor in their briefs appealing the Court's

award of prejudgment interest in *Cook Appeal I*,[11] nor in their briefs on appeal in *Cook Appeal*

*II*.  Because Defendants' "judicial estoppel" argument was not raised previously, the argument

has been waived.[12]  Raising a brand new objection nearly ten years after trial is yet another

example of Defendants needlessly delaying this litigation, at the expense of Plaintiffs, the

taxpayers, and this Court.  If anything, it is Defendants who are "judicially estopped" from

raising this argument for the first time now.[13]  Moreover, Defendants' attempt to raise this

waived argument at this very late date flouts the Tenth Circuit's direction that this Court

"proceed to judgment on the existing nuisance verdict *promptly*" "wary of arguments that have

already been rejected or forfeited."[14]

　　　　Furthermore, Defendants' suggestion that Plaintiffs "previously disavowed" prejudgment

interest at trial is wrong and contrary to the record.  The trial statements cited by Defendants

occurred during an objection by Plaintiffs' counsel – outside the presence of the jury – to an

---

[10] *See* Defendants' Response to Plaintiffs' Motion for Entry of Judgment, Doc. No. 2226.

[11] *See* Opening Brief of Defendants-Appellants-Cross-Appellees, Case No. 08-1224, Doc. No. 01017648899 (Mar. 9, 2009) ("Defendants' Opening Brief in *Cook Appeal I*") (Exh. 4).

[12] *See, e.g.*, *Dow Chem. Corp. v. Weevil-Cide Co.*, 897 F.2d 481, 486 n.4 (10th Cir. 1990) ("non-jurisdictional issues waived earlier in the proceedings may not be asserted upon remand. . . . A question not timely raised at a first trial may not be raised at a second trial of the same action. The fortuity that other grounds for reversal and remand exist should not revive an otherwise extinct issue.") (citations omitted); *Seifert*, 779 F.3d at 1156 (where defendant-appellee had advanced argument in district court but failed to raise on appeal, argument waived); *Sheets*, 45 F.3d at 1390 (argument not proffered on appeal is waived); *Phillips*, 956 F.2d at 954 (same); *Petrella v. Brownback*, 787 F.3d 1242, 1260 (10th Cir. 2015); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002).

[13] *See* Defs' Judgment Amount Br., at 21 ("[S]uccinctly, judicial estoppel 'prohibit[s] parties from deliberately changing positions according to the exigencies of the moment.'" (*quoting United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993)).

[14] *Cook Appeal II*, 790 F.3d at 1105 (all emphases added unless stated otherwise).

exhibit offered by Defendants on the CPI adjustment.[15]   The statement regarding prejudgment interest was simply a reflection of the fact that Plaintiffs were not asking the *jury* to award prejudgment interest.[16]   This statement was not an election by Plaintiffs regarding their right to seek statutory prejudgment interest *from the Court*.   Accordingly, even if Defendants had not waived their arguments regarding "estoppel" (which they have), their entire discussion is meritless.

> **B.**   **All of Defendants' other arguments opposing prejudgment interest through June 2, 2008 were rejected by this Court in *Cook XIV*, and those rulings remain the law of the case.**

In *Cook XIV*, this Court held, *inter alia*, that:

> The jury found that it appeared on or before January 30, 1990 that any trespass or nuisance by Rockwell and Dow would continue indefinitely. Jury Verdict Form at 28-29. This finding, coupled with the jury's determination that both Dow and Rockwell were liable for continuing trespass and nuisance, establishes that Plaintiffs' trespass and nuisance claims accrued, and the wrongs occurred, no later than January 30, 1990. Accordingly, pursuant to § 5-12-102(1), Plaintiffs are entitled to recovery prejudgment interest on the compensatory damages awarded by the jury, at a rate of 8% per annum compounded annually, from January 30, 1990 through the date of payment or the date judgment is entered, whichever occurs first. Colo. Rev. Stat. § 5-12-102(1)(b).

*Cook XIV*, 564 F. Supp. 2d at 1227.   Defendants offered several specific arguments opposing prejudgment interest in *Cook XIV* that they repeat here.   The Court in *Cook XIV* considered and rejected each of them.   Specifically:

---

[15] *See* Defs' Ex. B, Trial Tr. (12/7/2005), at 6871-84 (Doc. No. 1873):

> MR. DAVIDOFF:  Your Honor, we have an objection to the exhibit on CPI that we would like to -- we think we can take up at side bar.

[16] *See id.*; *see also* Defs' Judgment Amount Br., at 19.  Plaintiffs specifically noted, in briefing the admissibility of the CPI evidence, that "[t]he jury's consideration of inflation in fashioning a damage award *is a distinct issue from prejudgment interest*, which would be awarded *by the Court and not the jury* under Colorado law."  *See* Doc. No. 1673, Plaintiffs' Memorandum in Opposition to Defendants' Motion to Exclude Evidence of Plaintiffs' Consumer Price Index Adjustment for Property Damages, at 3 n.1.

- <u>Defs' Judgment Amount Br. Section I: "The Prejudgment Interest Statute Plaintiffs Cite Is Facially Inapplicable."</u> Defendants made this same argument in their 2007 post-trial briefing prior to *Cook XIV*, and the Court expressly rejected it in *Cook XIV*. *See* Defendants' Response to Plaintiffs' Motion for Entry of Judgment, dated January 22, 2007, Doc. No. 2226, at 37 (arguing that "[t]he prejudgment interest provision of Colorado's Consumer Credit Code does not remotely entitle plaintiffs to prejudgment interest in this case."); *Cook XIV*, 564 F. Supp. 2d at 1224 ("I find the second potentially applicable statute, Colo.Rev.Stat. § 5-12-102, applies here and mandates that the judgment include prejudgment interest at the statutory rate of 8% per annum, compounded annually.").

- <u>Defs' Judgment Amount Br., Section II: "The Starting Point For Prejudgment Interest Is The Date Of Injury, Which Here Was December 31, 1995."</u> Again, Defendants proffered these same arguments in 2007, and the Court rejected them in *Cook XIV*. *See* Defendants' Response to Plaintiffs' Motion for Entry of Judgment, Doc. No. 2226, at 49 (claiming that "Plaintiffs Cannot Recover Prejudgment Interest From 1990"); *Cook XIV*, 564 F. Supp. 2d at 1227 ("Accordingly, pursuant to § 5-12-102(1), Plaintiffs are entitled to recover prejudgment interest on the compensatory damages awarded by the jury, at a rate of 8% per annum compounded annually, from January 30, 1990 through the date of payment or the date judgment is entered, whichever occurs first.").

- <u>Defs' Judgment Amount Br., Section III.A: "Plaintiffs Sought And Received A CPI Adjustment To Their Jury Award, Which Accounts The Time-Value Of Their Damages Through 2005 And Precludes Prejudgment Interest."</u> This section again repeats Defendants' arguments from their 2007 brief. *See* Defendants' Response to Plaintiffs' Motion for Entry of Judgment, Doc. No. 2226, at 27 (arguing that "[t]o award prejudgment interest where, as here, the jury already adjusted damages for inflation (and thus took into account the passage of time) would amount to a double recovery."). The Court directly rejected this "double recovery" argument in *Cook XIV*, 564 F. Supp. 2d at 1223 ("Defendants cite no Colorado authority, or authority from other jurisdictions for that matter, holding that prejudgment interest is not available when the damages awarded by a jury include an adjustment for inflation.").

Defendants appealed the first and third of these adverse *Cook XIV* prejudgment interest holdings in *Cook Appeal I*.[17]  However, *Cook Appeal I* declined to address the issue of

---

[17] *See* Defendants' Opening Brief in *Cook Appeal I* at 114-32 (Exh. 4) (arguing that this Court's award of prejudgment interest should be reversed because "A. No Prejudgment Interest Award Is Warranted Here Because The Compensatory Damages Award Already Accounts For The Passage Of Time;" and "B. No Prejudgment Interest Award Is Warranted Here Because No Colorado Statute Authorizes Such An Award In Property-Damage Cases.").

prejudgment interest.[18]  In *Cook Appeal II*, Defendants elected not to renew any of their prejudgment interest arguments.  The Tenth Circuit confirmed in *Cook Appeal II* that "nothing in the [*Cook Appeal I*] mandate specifically preclude[ed] entry of a judgment based on the existing nuisance verdict."[19]

This Court, however, already rejected Defendants' arguments in *Cook XIV*, and this Court's prior rulings remain the law of the case. Under the law of the case doctrine, "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." *Ute Indian Tribe*, 114 F.3d at 1520.[20]  "The law of the case doctrine is 'a restriction self-imposed by the courts in the interest of judicial efficiency. It is a rule based on sound public

---

[18] *Cook Appeal I*, 618 F.3d at 1152 ("Because the case must be remanded on other grounds, the court need not address whether the district court abused its discretion with respect to evidentiary issues that may not arise during a new trial. Likewise, the court will not address Defendants' challenge to the district court's post-trial award of prejudgment interest. This issue may not arise on remand, and if it does, any error can easily be rectified in a future appeal without necessitating a new trial.").

[19] *Cook Appeal II*, 790 F.3d at 1103; *see also id.* at 1104 ("In two separate appeals spanning many years the defendants have identified no lawful impediment to the entry of a state law nuisance judgment on the existing verdict. They have shown no preemption by federal law, no error in the state law nuisance instructions, no mandate language specifically precluding this course. No other error of any kind is even now alleged.").

[20] *See also Arizona v. California*, 460 U.S. 605, 619 (1983) ("[A] fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive."); *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1185 n.9 (10th Cir. 2005) ("The law of the case doctrine provides '[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (*quoting Arizona*, 460 U.S. at 618); *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009) ("Because they were not challenged on appeal in *Clark III*, both the case management order and the district court's denial of the motion to intervene have now become the law of the case and are binding on the parties."); *Weston v. Harmatz*, 335 F.3d 1247, 1255 (10th Cir. 2003) ("Under the law of the case doctrine, '[a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'") (*quoting Concrete Works of Colorado, Inc. v. City & Cnty. of Denver*, 321 F.3d 950, 992 (10th Cir. 2003)); *Sunward Corp. v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 516 (10th Cir. 1987) (district court rulings that were not altered on appeal "continue undisturbed and are declared to be the law of this case").

policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided.'"  *Anthony v. Baker*, 955 F.2d 1395, 1397 (10th Cir. 1992) (citation omitted).

The Tenth Circuit has instructed that the law of the case should be disregarded only in three "*exceptionally narrow* circumstances": "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998). Defendants provide no such basis for this Court to revisit its prior rulings on prejudgment interest.  Indeed, Defendants do not even acknowledge this Court's *Cook XIV* rulings.

### C.   Defendants' arguments opposing prejudgment interest through June 2, 2008 are waived because Defendants failed to raise them on appeal.

#### 1.   Two of the arguments proffered by Defendants here are waived because Defendants failed to raise them in *Cook Appeal I*.

In addition to being barred by the law of the case doctrine, several of Defendants' arguments here are waived because they were abandoned long ago.  In *Cook Appeal I*, Defendants argued that this Court allegedly erred in awarding prejudgment interest because (1) "the award represents an impermissible windfall because the jury (at plaintiffs' urging) already compensated them for the passage of time in calculating the underlying compensatory damages award;" and (2) "the Colorado prejudgment interest statute on which the district court relied . . . simply does not apply in property-damage cases like this one."[21]  Notably absent from that list are two arguments Defendants are trying to raise now: "The Starting Point For Prejudgment

---

[21] Defendants' Opening Brief in *Cook Appeal I*, at 114-15 (Exh. 4).

Interest Is The Date Of Injury, Which Here Was December 31, 1995,"[22] and, "plaintiffs are judicially estopped from recovering prejudgment interest through 2005."[23]  As discussed above, Defendants raise the "estoppel" argument here for the first time.  While Defendants raised the "starting point" argument in their 2007 post-trial motions,[24] they abandoned this argument on appeal during *Cook Appeal I*,[25] and cannot raise it now.[26]

An issue abandoned on appeal is waived.[27]  In pursuing a deliberate strategy of seeking *only* outright denial of prejudgment interest on appeal, Defendants waived any alternative prejudgment interest arguments that they chose not to pursue.[28]  Because Defendants failed to raise their "starting point" and "judicial estoppel" claims on appeal in *Cook Appeal I*, those arguments are waived.

---

[22] Defs' Judgment Amount Br., Section II.

[23] *Id.* at 9.

[24] *See* Defendants' Response to Plaintiffs' Motion for Entry of Judgment, Doc. No. 2226, at 49-50 (claiming that "Plaintiffs Cannot Recover Prejudgment Interest From 1990"). This Court rejected that argument in *Cook XIV*, 564 F. Supp. 2d at 1227 ("Accordingly, pursuant to § 5-12-102(1), Plaintiffs are entitled to recover prejudgment interest on the compensatory damages awarded by the jury, at a rate of 8% per annum compounded annually, from January 30, 1990 through the date of payment or the date judgment is entered, whichever occurs first.").

[25] *See* Defendants' Opening Brief in *Cook Appeal I*, at 114-15 (Exh. 4).

[26] *See* Defs' Judgment Amount Br., Section II.

[27] *Seifert*, 779 F.3d at 1156 (where defendant-appellee had advanced argument in district court but failed to raise on appeal, argument waived); *Navigato v. SJ Rests., LLC*, 463 Fed. Appx. 770, 777 (10th Cir. 2012) (issue waived when not raised in appellate briefing); *Petrella*, 787 F.3d at 1260 (issues not adequately briefed on appeal are deemed waived); *Sheets*, 45 F.3d at 1390 (argument not proffered on appeal is waived); *Clark*, 590 F.3d at 1140 ("Because they were not challenged on appeal in *Clark III*, both the case management order and the district court's denial of the motion to intervene have now become the law of the case and are binding on the parties."); *Weston*, 335 F.3d at 1255 ("'A legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'") (*quoting Concrete Works*, 321 F.3d at 992).

[28] *See Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1121-22 (10th Cir. 2004); *Scheidt v. Klein*, 956 F.2d 963, 970 (10th Cir. 1992).

     **2.**     <u>**All of the arguments proffered by Defendants here are waived**</u>
<u>**because Defendants failed to raise them in *Cook Appeal II.***</u>

Furthermore, Defendants have waived all arguments against this Court's *Cook XIV*

rulings on prejudgment interest by failing to raise them in *Cook Appeal II*.  The Tenth Circuit

noted in *Cook Appeal II* that Defendants had failed to allege any error that would preclude entry

of a state-law nuisance judgment based on the existing jury verdict.[29]  Any objection Defendants

had to this Court's entering judgment on Plaintiffs' nuisance claims, including objections to

prejudgment interest, should have been raised on appeal, were not, and therefore have been

waived.

     **D.**     <u>**This Court's rulings on prejudgment interest in *Cook XIV* were correct, and**</u>
<u>**Defendants offer no grounds for revisiting or reversing these prior rulings.**</u>

Even if this Court were to entertain Defendants' forfeited arguments and reconsider its

2008 *Cook XIV* decision, Defendants' contentions must be rejected.  Defendants' arguments here

mirror what they argued in their briefs leading up to *Cook XIV*.  For the Court's convenience,

Plaintiffs point out that their arguments below are largely identical to those raised in their prior

briefing.

     **1.**     <u>**Defendants' argument that prejudgment interest should not begin to**</u>
<u>**run until December 31, 1995 is contrary to Colorado law.**</u>

Defendants spend considerable effort discussing *Goodyear Tire & Rubber Co. v. Holmes*,

193 P.3d 821 (Colo. 2008), a product liability case where the plaintiff sought replacement costs

---

[29] *See Cook Appeal II*, 790 F.3d at 1104 ("In two separate appeals spanning many years the
defendants have identified no lawful impediment to the entry of a state law nuisance judgment
on the existing verdict. They have shown no preemption by federal law, no error in the state law
nuisance instructions, no mandate language specifically precluding this course. No other error of
any kind is even now alleged.").

for a defective rubber hose and prejudgment interest under Colo. Rev. Stat. § 5-12-102(1).[30]  If

*Goodyear* has any relevance at all here, it is to reinforce this Court's holding in *Cook XIV* that

January 30, 1990 – the date that Plaintiffs filed suit and "elected" to recover damages[31] – was the

date of the "wrong" (when the jury found that it appeared that the harm "would continue

indefinitely") and the date from which prejudgment interest must run.

As this Court previously explained, the date range for when the injurious situation

resulting from the nuisance became "complete and comparatively enduring" does not change this

unequivocal finding.  *Cook XIV*, 564 F. Supp. 2d at 1227.  Defendants cite no authority in

support of their argument the Court erred in awarding prejudgment interest from the date that the

jury found it appeared the trespass and nuisance would continue indefinitely, instead of from the

time that the jury found that the injurious situation became "complete and comparatively

enduring."[32]  The Court's ruling was supported by Colorado authority holding that prejudgment

---

[30] *Goodyear* held that in product liability cases, prejudgment interest is calculated from the time of the injury to the property if the plaintiff requests "diminution in value damages," and is calculated from the time that the plaintiff incurs replacement costs if the plaintiff requests "replacement costs damages."  *Goodyear*, 193 P.3d at 827.  The plaintiff in *Goodyear* elected to seek recovery of "replacement cost damages," resulting in *Goodyear*'s holding that prejudgment interest would run from the time that the plaintiff replaced the defective product.  *Id.* at 828-29.  However, contrary to Defendants' assertions here, the *Goodyear* court also noted that "had [the plaintiff] requested diminution of value damages, the 'wrongful withholding' would have occurred at the time he suffered injury to his property, and the prejudgment interest under section 5-12-102(1)(b) would have accrued from that time."  *Id*. at 829.

[31] *See Cook XIV*, 564 F. Supp. 2d at 1202 ("Restatement [(Second) of Torts] § 930 further provides that a property owner injured by a continuing tortious invasion, such as the trespass and nuisance found here by the jury, may elect to recover this type of damage for continuing tortious invasions if 'it appears that the invasions will continue indefinitely.' . . . In this case, Plaintiffs elected to seek damages for the decrease in property values caused by Defendants' continuing tortious invasions on January 30, 1990, when they filed suit seeking to recover these damages on behalf of a Class defined as persons owning property in the Class Area as of June 7, 1989.").

[32] "The jury found that it appeared on or before January 30, 1990 that any trespass or nuisance by Rockwell and Dow would continue indefinitely."  *Cook XIV*, 564 F. Supp. 2d at 1227.  *See also*

interest "accrues in a property damage case from the time the cause of action accrued; in other words, from the date on which the injured party was wronged," and Defendants offer no new authority warranting reconsideration.  *Fed. Ins. Co. v. Ferrellgas, Inc.*, 961 P.2d 511, 514 (Colo. Ct. App. 1997).

## 2.   Colorado law mandates an award of prejudgment interest on all compensatory damages, including inflation-adjusted damages.

Defendants also argue that prejudgment interest should not be awarded for any time period prior to 2005 because the jury adjusted damages for the CPI.  Just as the Court itself noted in previously rejecting this argument, "Defendants cite no Colorado authority, or authority from other jurisdictions for that matter, holding that prejudgment interest is not available when the damages awarded by a jury include an adjustment for inflation."[33]  As this Court ruled in *Cook XIV*,

> Colorado courts have repeatedly held that prejudgment interest is intended to compensate the plaintiff for the "loss of earnings," "loss of use," and "time value" of the money due from the defendant.  *See, e.g., Coale v. Dow Chem.Co.*, 701 P.2d 885, 890 (Colo. Ct. App. 1985); *Stevens*, 832 P.2d at 1081; *Allstate Ins.*, 797 P.2d at 19.  That this concept is more than mere inflation is obvious on its face, as has been recognized by other courts.  *See United States v. City of Warren*, 138 F.3d 1083, 1096 (6th Cir. 1998) (district court abused its discretion in utilizing CPI to assess prejudgment interest because "merely adjusting the dollars the plaintiff would have earned to compensate for diminished purchasing power because of inflation *does not compensate for the lost use of money*"); *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 84 (2d Cir. 1994) (award of prejudgment interest for loss of use of inflation-adjusted damages did not constitute double recovery because the inflation adjustment did not compensate for the lost use of the money); *Clinchfield Coal Co. v. Fed. Mine Safety & Health Review Comm'n*, 895 F.2d 773, 780 (D.C. Cir. 1990) (rejecting award of prejudgment interest that provided "compensation for losses through inflation but none for the capacity of wealth to generate more wealth"); *Evans v. Connecticut*, 967

---

Restatement (Second) of Torts § 930(3)(b).  The latter date (sometimes referred to as the "CCE" date) is relevant to measuring damages, not to the election under the Restatement.

[33] *Cook XIV*, 564 F. Supp. 2d at 1223.

F.Supp. 673, 684, n.15 (D. Conn. 1997) (awarding prejudgment interest on damages award that had been adjusted to compensate for inflation because inflation adjustment did "not calculat[e] the value of the money as if it had been given to [plaintiff] for his use or for investment"), *aff'd*, 24 Fed. Appx. 35 (2d Cir. 2001). It is also undisputed that the CPI inflation rate for the period in question was generally far below the 8% and 9% prejudgment interest rate set by statute, which further indicates the Colorado Legislature did not intend for prejudgment interest to compensate only for inflation. Defendants' contention also gives no weight to the second purpose served by an award of prejudgment interest, which is to encourage settlement.

*Cook XIV*, 564 F. Supp. 2d at 1223-24.

First, because CPI adjustment was not a substitute for prejudgment interest, the cases cited by Defendants holding that a court, post-trial, should not add an interest award to a "CPI-adjusted" damages figure are inapposite. *See Seaward Constr. Co., Inc. v. Bradley*, 817 P.2d 971, 976 (Colo. 1991) (prejudgment interest is "a component of damages rather than interest as such."); *Voight*, 819 P.2d at 1092-93 (same).

Second, Colorado law makes the award of prejudgment interest mandatory. § 5-12-102 ("creditor *shall* receive interest as follows"); *Todd*, 980 P.2d at 981 (awarding of prejudgment interest is "mandatory and does not require the exercise of judgment or discretion") (internal quotation omitted); *see also Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1092 (10th Cir. 2001) (district court had "no discretion" to award interest at less than 8% rate); *Pers. Dep't Inc. v. Prof'l Staff Leasing Corp.*, 297 Fed. Appx. 773, 789 (10th Cir. 2008) ("review of relevant Colorado cases demonstrates that courts have applied section 5-12-102 in a mandatory fashion.").

Third, under Colorado law, "the actual inflation rate and the actual rate of return that the plaintiff could have earned while his money or property was 'wrongfully withheld' does not affect awarding prejudgment interest under section 5-12-102(1)(b)." *Goodyear*, 193 P.3d at 828. The statute "does not require the plaintiff to prove the amount of actual loss caused by the

'wrongful withholding'" and it does not purport to award that actual loss. *Id.* Rather, "[i]n

effect, section 5-12-102(1)(b) *presumes* the amount of time value of money the plaintiff loses

every year when his money or property is withheld." *Id.* (emphasis in original). The statute thus

mandates prejudgment interest regardless of whether the interest will over- or under- compensate

a prevailing party. *Id.* ("If the actual loss were determinative, the statute would necessarily

award the plaintiff the amount of the actual loss rather than interest at the statutory rate.").

Fourth, all these principles of Colorado law stem from the oft-cited purposes underlying

the prejudgment interest statutes, which include, but are not limited to, compensating a claimant

for the "time value of the award eventually obtained." *Morris v. Goodwin*, 185 P.3d 777, 780

(Colo. 2008) (citation omitted). Prejudgment interest also (should) discourage defendants from

protracting litigation to delay the payment of claims, and (should) encourage settlement –

regrettably, incentives that have failed to work here.[34]

Under the basic Colorado law principles outlined above, prejudgment interest is

mandatory in every case to which § 5-12-102 applies – every case in which money has been

"wrongfully withheld" – to compensate a claimant for the lost return on money owed and to

discourage judgment debtors from delay. That is so regardless of whether prejudgment interest

at the statutory rate fully, or insufficiently, compensates the claimant, and regardless of whether

---

[34] *See Michaelson v. Michaelson*, 884 P.2d 695, 703 (Colo. 1994) (prejudgment interest "discourage[s] a person responsible for payment of a claim from delaying payment"); *Stevens*, 832 P.2d at 1081 ("pre-judgment interest serves not only the purpose of compensating a party for the loss of use of money, but is also used to encourage the settlement of cases both pre- and post-trial."); *Voight*, 819 P.2d at 1092-93 ("the potential of pre-judgment interest . . . encourages settlements"); *see also Echo Acceptance*, 267 F.3d at 1092 (the purpose of § 5-12-102 is to "'discourage a person responsible for payment of a claim to stall and delay payment until judgment or settlement'") (*quoting Mesa*, 776 P.2d at 364); *Pers. Dep't*, 297 Fed. Appx. at 790 (same).

*some* of the policy purposes of prejudgment interest are also partially served by the underlying damage award.

*Voight* illustrates the principle that prejudgment interest is mandatory under Colorado law, regardless of whether a plaintiff's proof of damages includes some recognition of the time value of money.  The Colorado Court of Appeals recognized that prejudgment interest would be added to the verdict under section 13-21-101 (the personal injury counterpart to § 5-12-102) even where the plaintiff's damages expert "took into account several economic concepts, *i.e.*, present value, discounting, expected return on interest investment, inflation, etc., to establish the probable present value of plaintiff's economic losses."  819 P.2d at 1092-93.  The court rejected the defendant's effort to cross-examine the expert concerning the eventual award of prejudgment interest because that would defeat the purposes underlying prejudgment interest, which "is considered an additional item of compensatory damages and is, thus, not interest in the strictest sense."  *Id.*

Ignoring *Voight*, and the controlling Colorado law, Defendants instead invoke a treatise on remedies for the proposition that prejudgment interest is not available "[i]f delay has been compensated by other portions of the judgment . . . ."  Defs' Judgment Amount Br., at 13-14.  The treatise, of course, was not discussing Colorado's prejudgment interest statute.

Meanwhile, Defendants simply ignore the persuasive non-Colorado authority on which this Court previously relied.  *See Cook XIV*, 564 F. Supp. 2d at 1223-24.  For example, *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80 (2d Cir. 1994) is squarely on point.  As in this case, the plaintiff's economist "adjusted the dollars Chandler would have earned in past years to compensate for their diminished purchasing power resulting from inflation."  *Id.* at 83.  Because the expert "did not include compensation for Chandler's *inability to use the money* in giving his

analysis to the jury," *id.*, there was "*no basis* for [the defendant's] argument that the award of prejudgment interest constituted a double recovery."[35]

Defendants further ignore that inflation adjustments and interest are analytically distinct and address different economic factors.  The CPI adjustment included in the jury's verdict did not give Plaintiffs a "double recovery."  To the contrary, treating the CPI adjustment as the proxy for prejudgment interest would severely under-compensate Plaintiffs, because "the consumer price index does not compensate victims for the time value of the lost money; rather, the CPI simply ensures that inflation does not erode the value of money."  *United States v. City of Warren*, 138 F.3d 1083, 1096 (6th Cir. 1998); *see also, e.g.*, *Clinchfield Coal Co. v. Fed. Mine Safety & Health Review Comm'n*, 895 F.2d 773, 780 (D.C. Cir. 1990) (CPI affords "compensation for losses through inflation but none for the capacity of wealth to generate more wealth").

> ### 3.   Defendants' contention that prejudgment interest is not available in property damage cases has been rejected by both the Colorado Supreme Court and the Tenth Circuit Court of Appeals.

Defendants contend that § 5-12-102 does not apply to tort claims, particularly tort claims resulting in property damage, but cite *no case authority* for these arguments.[36]  And for good reason – controlling case law, which Defendants elected not to cite or discuss – rejects their arguments.  The Tenth Circuit and Colorado Supreme Court have consistently held that § 5-12-

---

[35] *Id.* at 84; *see also, e.g., Evans v. Connecticut*, 967 F. Supp. 673, 684 n.15 (D. Conn. 1997) (awarding prejudgment interest on CPI adjusted damages, which did not account for "the value of the money as if it had been given to Evans for his use or for investment over the last ten years"), *aff'd*, No. 97-7688, 24 Fed. Appx. 35 (2d Cir. 2001).

[36] *See* Defs' Judgment Amount Br., at 3-5.

102 applies to tort claims,[37] and decision after decision have approved prejudgment interest under § 5-12-102 for non-contract claims.[38]  The Colorado Supreme Court has repeatedly affirmed a broad construction of § 5-12-102[39] *and has expressly held that it applies to property damage cases.*[40]  Cases decided after *Cook XIV* continue to allow statutory prejudgment interest under § 5-12-102 for property claims.[41]  Despite the controlling authority that is directly adverse to their position, including this Court's prior ruling, Defendants make no attempt to explain why they are somehow exempt from its application.

Defendants also make the remarkable argument that the existence of a separate statute authorizing prejudgment interest in personal injury cases is evidence that § 5-12-102 does not apply to property damage cases.  *See* Defs' Judgment Amount Br. at Section I ("If *personal injuries* are not governed by § 5-12-102, it is hard to see how *property* injuries can be covered by

---

[37] *See, e.g.*, *United Int'l Holdings*, 210 F.3d at 1234 ("Section 5-12-102 is not limited to breaches of either contract or fiduciary duty.  As we have observed, it would appear ... that victims of tortious conduct are clearly entitled to prejudgment interest under the statute.'") (internal quotation and citation omitted); *Ferrellgas, Inc. v. Yeiser*, 247 P.3d 1022, 1028 (Colo. 2011) ("Pre-judgment interest on damage awards not involving personal injury, such as property damage, is governed by section 5-12-102").  *See also FDIC v. Clark*, 768 F. Supp. 1402, 1414 (D. Colo. 1989) ("Colorado law provides for the awarding of prejudgment interest in a tort action for property damage.").

[38] *See, e.g., Stansbury v. Comm'r*, 102 F.3d 1088 (10th Cir. 1996) (tax liability); *Smith v. Mehaffy*, 30 P.3d 727 (Colo. App. 2000) (legal malpractice); *Nat'l Sur. Corp. v. Citizen State Bank*, 734 P.2d 663 (Colo. App. 1986) (conversion); *Frontier Exploration, Inc. v. Am. Nat'l Fire Ins. Co.*, 849 P.2d 887 (Colo. App. 1992) (fraud).

[39] *See Westfield Dev. Co.*, 786 P.2d at 1122 ("[S]ection 5-12-102(1)(b) is to be given a broad liberal construction in order to effectuate the legislative purpose of compensating parties for the loss of money or property to which they are entitled."); *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 684 (Colo. 1994) ("Section 5-12-102(1)(b) is to be liberally construed to permit recovery of prejudgment interest").

[40] *Farmers Reservoir & Irrigation Co. v. City of Golden*, 113 P.3d 119, 133 (Colo. 2005) (§ 5-12-102 "codif[ies] the doctrine of moratory interest in contract and property damage cases.").

[41] *Yeiser*, 247 P.3d at 1028 ("Pre-judgment interest on damage awards not involving personal injury, *such as property damage*, is governed by section 5-12-102"); *Goodyear*, 193 P.3d at 821 (property damage for product liability).

17

that provision.  There would have been no need for the personal injury prejudgment interest statute if, as Plaintiffs claim, the creditor prejudgment interest statute (§ 5-12-102) applied to tort claims.").[42]  Defendants' argument, which they did not make in their post-trial 2007 briefs, suffers from two fatal flaws.  First, it has been waived for not having been previously raised in this Court.[43]  Second, it is without merit.

Defendants' argument is nonsense because it ignores the fact that personal injury awards are *expressly* excluded from § 5-12-102; an exclusion that defeats Defendants' premise.  To support their novel contention, Defendants purport to quote the "relevant part" of § 5-12-102. *See* Defs' Judgment Amount Br., at. 4.  But in quoting the "relevant part," Defendants omitted the dispositive opening phrase of § 5-12-102 that states: "*Except as provided in § 13-21-101, C.R.S.*, when there is no agreement as to the rate thereof, creditors shall receive interest as

---

[42] *Compare to* Defendants' Response to Plaintiffs' Motion for Entry of Judgment, Doc. No. 2226, at 39, which stated:

> The structure of the Colorado Code supports the plain meaning of the text. The personal injury statute appears in Title 13, entitled "Courts and Court Procedure," and specifically in Article 21, entitled "Damages." The placement of the personal injury statute in Title 13 suggests that it applies to all suits for "personal injuries." In sharp contrast, section 5-12-102 appears in Title 5, the Consumer Credit Code, which strongly suggests that it applies only to suits involving consumer credit. It is instructive that the Colorado General Assembly has enacted a number of other interest provisions, each covering a narrow field such as municipal indebtedness (Colo. Rev. Stat. § 5-12-104), workers' compensation (Colo. Rev. Stat. § 8-43-410(2)), child support (Colo. Rev. Stat. § 14-14-106), eminent domain (Colo. Rev. Stat. § 38-1-116), mechanics' liens (Colo. Rev. Stat. § 38-22-101(5)), and so on. The placement of section 5-12-102 in the Consumer Credit Code – and the existence of many other interest provisions in the Code in general – suggests that section 5-12-102 has a specific, narrow application.

[43] *Dow Chem. Corp.*, 897 F.2d at 486 n.4 ("non-jurisdictional issues waived earlier in the proceedings may not be asserted upon remand. . . . A question not timely raised at a first trial may not be raised at a second trial of the same action.  The fortuity that other grounds for reversal and remand exist should not revive an otherwise extinct issue.") (citations omitted).

follows . . ."  Not only did Defendants delete the dispositive language, but they failed to indicate, by ellipses or otherwise, that they had removed any of the statutory words.  It was only by deleting this section of the statute that Defendants could present their argument that the existence of the personal injury prejudgment interest statute somehow precludes the application of § 5-12-102 to property damage claims.  *See Planned Parenthood v. Owens*, 287 F.3d 910, 925 (10th Cir. 2002) ("'As a general rule of statutory construction, [the] enumeration of exclusions from the operation of a statute indicates that the statute should apply to all cases not specifically excluded.'") (quoting *Nicholas v. People*, 973 P.2d 1213, 1217 (Colo. 1999)).

### E.  Prejudgment interest should continue to run until entry of the Court's judgment on remand.

Plaintiffs are entitled to an award of prejudgment interest from January 30, 1990 until the date the Court enters judgment on remand.  Awarding Plaintiffs prejudgment interest up to the date of the new judgment comports with controlling law and equitable considerations.

### 1.  Procedural posture

On February 14, 2006, the jury rendered a verdict in favor of Plaintiffs on their claims for violations of the Price-Anderson Act, 42 U.S.C. § 2210 ("PAA") and Colorado law.  On June 2, 2008, the Court entered judgment on the jury's verdicts for compensatory and punitive damages, and awarded both pre- and post-judgment interest.  *See* Final Judgment dated June 2, 2008, Doc. No. 2264 ("First Judgment")**.**

Defendants appealed the First Judgment.  Accepting a new argument that Defendants raised for the first time on appeal, the Tenth Circuit held that the jury should have been instructed that a PAA claim required proof of a "nuclear incident" as a threshold matter.  *Cook Appeal I*, 618 F.3d at 1141-42.

On remand, Plaintiffs moved for entry of judgment on the existing verdict as to their state law nuisance claim.  This Court denied Plaintiffs' motion, and Plaintiffs appealed.  In *Cook Appeal II*, the Tenth Circuit explained that regardless of whether the case involved a "nuclear incident" within the meaning of the PAA, "that does not mean the defendants are insulated from any liability – or that the jury's verdict is a pointless piece of paper."  *Cook Appeal II*, 790 F.3d at 1104.  *Cook Appeal II* held that the jury's verdict on the state law nuisance claim remained intact, and that Defendants had failed to identify any "lawful impediment to the entry of a state law nuisance judgment on the existing verdict."  *Id.*  The case was again remanded to this Court with directions that this Court should "proceed to judgment on the existing nuisance verdict promptly . . ."  *Id.* at 1105.

### 2.    Argument

Under Colorado and Tenth Circuit law, the award of prejudgment interest should run until the entry of judgment on remand from *Cook Appeal II*.  Section 5-12-102(1)(a) establishes that prejudgment interest shall accrue "from the date of wrongful withholding to . . . the date judgment is entered."  Where a judgment is appealed, vacated, and remanded for entry of a new judgment, "the extent to which a judgment is invalidated on appeal determines whether the first judgment or the remand judgment triggers the accrual of postjudgment interest."  *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097 (10th Cir. 1991).  The first judgment triggers the accumulation of *post*judgment interest *only* when the reversal was based "*on a dollar value, a matter of degree*" rather than on liability.  *Id.* (*quoting N. Natural Gas v. Hegler*, 818 F.2d 730, 737-38 (10th Cir.1987).

*Cook Appeal I* did not remand for a mere mathematical calculation.  Even after the Tenth Circuit ruled in *Cook Appeal II* that Plaintiffs are entitled to entry of a "new judgment predicated on an error-free state law nuisance verdict," 790 F.3d at 1103, Defendants' *liability* was (and is)

20

still being challenged by Defendants, not simply the correct calculation of damages.  Until *Cook Appeal II*, whether the Defendants would be liable was unresolved (and this Court had ruled against Plaintiffs and held the state claims preempted).  Hence, *pre*judgment interest should continue to accrue in the period between *Cook Appeal I* and the entry of the judgment mandated by *Cook Appeal II*.[44]

It was not until *Cook Appeal II* directed the entry of judgment in favor of Plaintiffs that the "basic legal relationships"[45] were finally adjudicated.  Because prejudgment interest is intended to compensate an injured party for the loss of use of money due as damages,[46] and postjudgment interest is intended to compensate a successful plaintiff for the period of time between ascertainment of damages and the payment by the defendant,[47] the entry of judgment on remand from *Cook Appeal II* logically serves as the dividing line between pre- and postjudgment interest.

While the award of prejudgment interest is mandatory on Colorado state law claims, equitable considerations also counsel in favor of awarding prejudgment interest until the entry of judgment on remand.  In *Am. Tel. & Tel. Co. v. United Comp. Sys., Inc.*, the Ninth Circuit explained:

---

[44] It is important to keep in mind the material difference between a jury's verdict and a court's entry of judgment on that verdict.  "[I]nterest accrues on judgments, not verdicts or decisions." *Fail v. Comm. Hosp.*, 946 P.2d 573, 582 (Colo. App. 1997), *aff'd*, 969 P.2d 667 (Colo. 1998); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) ("[p]ostjudgment interest properly runs from the date of the entry of judgment"); *Hull by Hull v. United States*, 971 F.2d 1499, 1506-09 (10th Cir. 1992) (where statute states that interest accrues based on a judgment, interest is calculated from the date the judgment enters, not the date the verdict or other document determines the merits of a claim).

[45] *See N. Natural Gas Co. v. Grounds*, 666 F.2d 1279, 1283 (10th Cir. 1981).

[46] *See Goodyear*, 193 P.3d at 826.

[47] *See Kaiser*, 494 U.S. at 836-37.

> Where a prior judgment awarding damages has been vacated pursuant to
> the actions of an ultimately losing party, equitable principles favor
> calculating the interest in a manner that more fully compensates the
> prevailing party.  Any other result would penalize the prevailing party, and
> in certain circumstances might also encourage losing parties to instigate
> postjudgment litigation so they can reap the benefits of a low interest rate.

98 F.3d 1206, 1211 n.6 (9th Cir. 1996).

Here, more than seven years will have passed between this Court's initial entry of judgment and the entry of judgment on remand from *Cook Appeal II*.  Equity demands that interest be applied in favor of Plaintiffs, and therefore prejudgment interest must continue to accrue until the entry of judgment on remand from *Cook Appeal II* to fully compensate the ultimately successful Plaintiffs.

## III.   <u>CONCLUSION</u>

In the end, Defendants identify no authority even suggesting that a court may withhold Colorado statutory prejudgment interest, in whole or in part, on any of their theories, most or all of which are waived.  This Court correctly held that 8% prejudgment interest was mandatory in 2008, and it should do so again now.

Dated:  October 23, 2015                    Respectfully submitted,

                                            */s/ Merrill G. Davidoff*
                                            Merrill G. Davidoff
                                            David F. Sorensen
                                            Jennifer MacNaughton
                                            Caitlin G. Coslett
                                            BERGER &MONTAGUE, P.C.
                                            1622 Locust Street
                                            Philadelphia, PA 19103
                                            (215) 875-3000

                                            Gary B. Blum
                                            Steven W. Kelly
                                            SILVER & DeBOSKEY, P.C.
                                            1801 York Street
                                            Denver, CO 80206

(303) 399-3000

Louise M. Roselle
Paul M. DeMarco
Markovits, Stock & De Marco, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
(513) 651-3700

Attorneys for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of October 2015, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

<div style="margin-left:50%;">

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

</div>