# EXHIBIT 7

Page 1

```
 1          UNITED STATES COURT OF APPEALS
                    TENTH CIRCUIT
 2
                        - - -
 3
    MERILYN COOK; WILLIAM      :
 4  SCHIERKOLK, JR.; DELORES   :
    SCHIERKOLK; RICHARD        :
 5  BARTLETT; SALLY            :
    BARTLETT; LORREN BABB;     :
 6  GERTRUDE BABB,             :
       Plaintiffs-Appellants,  :
 7                             :
    and                        :
 8                             :
    MICHAEL DEAN RICE; BANK    :
 9  WESTERN; THOMAS L.         :    No. 14-1112
    DEIMER; RHONDA J.          :
10  DEIMER; STEPHEN            :
    SANDOVAL; PEGGY J.         :
11  SANDOVAL,                  :
       Plaintiffs,             :
12                             :
    v.                         :
13                             :
    ROCKWELL INTERNATIONAL     :
14  CORPORATION; DOW           :
    CHEMICAL COMPANY,          :
15    Defendants-Appellees.    :
16                     - - -
17  Appeal from the United States District Court
18         for the District of Colorado
19         (D.C. No. 1:90-CV-00181-JLK)
20              Transcription of
21   Tenth Circuit Argument - November 20, 2014
22                     - - -
             VERITEXT LEGAL SOLUTIONS
23              MID-ATLANTIC REGION
          1801 Market Street - Suite 1800
24        Philadelphia, Pennsylvania  19103
```

                                                          Page 2

 1    BEFORE:
 2                       HON. NEIL M. GORSUCH
 3                       HON. GREGORY PHILLIPS
 4                              and
 5                     HON. NANCY MORITZ,
 6                       Circuit Judges
 7
                                 - - -
 8
 9    A P P E A R A N C E S :
10
      BERGER & MONTAGUE, P.C.
11    BY:  MERRILL G. DAVIDOFF, ESQUIRE
      BY:  DAVID F. SORENSON, ESQUIRE
12    BY:  JENNIFER MacNAUGHTON, ESQUIRE
      BY:  CAITLIN G. COSLETT, ESQUIRE
13    Philadelphia, Pennsylvania
      Representing Plaintiffs-Appellants
14
15    SILVER & DeBOSKEY, P.C.
      BY:  GARY B. BLUM, ESQUIRE
16    BY:  STEVEN W. KELLY, ESQUIRE
      Denver, Colorado
17    Representing Plaintiff-Appellants
18
      KIRKLAND & ELLIS, LLP
19    BY:  CHRISTOPHER LANDAU, ESQUIRE
      BY:  REBECCA TAIBLESON, ESQUIRE
20    Washington, D.C.
      Representing Defendants-Appellees
21
22    KIRKLAND & ELLIS, LLP
      BY:  BRADLEY H. WEIDENHAMMER, ESQUIRE
23    BY:  KEVIN T. VAN WART, ESQUIRE
      Chicago, Illinois
24    Representing Defendants-Appellees

Page 3

1                           - - -

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21              VERITEXT  LEGAL  SOLUTIONS

                   MID-ATLANTIC  REGION

22        1801  Market  Street  -  Suite  1800

                  Philadelphia,  PA   19103

23

24

Page 4

1              P R O C E E D I N G S

2                  MR. DAVIDOFF:  . . . 7.  And,

3      well, I will say one thing.  Footnote 7 of the

4      Devon opinion states that the older case, the

5      Schmelling case, from, I believe, 1996, which

6      had a slightly more expansive definition for

7      complete preemption, may need to be revisited

8      in the light of Beneficial v. Anderson, and

9      the Second Circuit has similarly commented.

10                 Second point.  Purposes and

11     objectives preemption rests upon Congress'

12     purpose as evidenced, A, by the statutory text

13     itself, which is the most important

14     manifestation of Congressional intent; and B,

15     legislative history.  And now, under

16     Beneficial and Devon, I believe an exclusive

17     federal remedy is necessary for a complete

18     preemption.  I mean, those cases say that in

19     terms.

20                 So, the first thing is the

21     statutory text.  There's no indication that

22     the state law standards of care and/or torts

23     are meant to be displaced.  To the contrary,

24     the Price-Anderson Act goes to great lengths

Page 5

1  to avoid creating a federal tort.  See

2  2014(hh), "The substantive rules for decision

3  in such action shall be derived from the law

4  of the state in which the nuclear incident

5  involved occurs, unless inconsistent with

6  2210."

7            JUDGE MORITZ:  Can I get you to

8  go off track a minute here?

9            MR. DAVIDOFF:  Sure, Judge

10  Moritz.

11            JUDGE MORITZ:  I'm kind of

12  concerned about just a preliminary question

13  that I have that wasn't really addressed by

14  the Court, although it was raised below on

15  remand, which is, what -- did you -- let me

16  ask it this way:  Did you seek rehearing or

17  modification from the panel of its decision to

18  vacate the judgment, reverse the judgment,

19  send it back for a new trial?

20            MR. DAVIDOFF:  From the panel

21  in 2010?

22            JUDGE MORITZ:  Right.

23            MR. DAVIDOFF:  We did file a

24  Petition for Certiorari.  I don't --

Page 6

1             JUDGE MORITZ:  No.

2             MR. DAVIDOFF:  I don't --

3             JUDGE MORITZ:  No.  Did you

4   seek rehearing or modification of the Order

5   and indicate in any way that you thought that

6   the Court had erred in somehow vacating the

7   entire judgment?  That there was some part --

8             MR. DAVIDOFF:  Yes.  We did --

9             JUDGE MORITZ:  Did you indicate

10  to this Court, to the panel, that there was

11  some part of this case that remained that had

12  not been overturned by the verdict?

13            MR. DAVIDOFF:  Well --

14            JUDGE MORITZ:  That you had

15  some standalone claims --

16            MR. DAVIDOFF:  Well, I think

17  there was --

18            JUDGE MORITZ:  -- that had not

19  been reversed.

20            MR. DAVIDOFF:  Right.  There's

21  two answers.  In the supplemental brief that

22  we filed in response to The Court's

23  question -- the Court sent questions to the

24  parties.  We filed a supplemental brief.  We

Page 7

1  specifically cited in the supplemental brief

2  that we thought diversity jurisdiction

3  remained and that the case had asserted

4  diversity from the beginning.

5              We did seek rehearing.  I think

6  the only dissenter from the denial of

7  rehearing was Judge Lucero at that time.

8              JUDGE MORITZ:  That was a

9  Motion for Rehearing En Banc.

10             MR. DAVIDOFF:  That's correct,

11 Motion for Rehearing.  We didn't seek panel

12 rehearing.  That is correct.

13             JUDGE MORITZ:  You didn't --

14 you didn't suggest that there was some

15 standalone claim that when you went back to

16 the state court, you could pursue the

17 standalone claim?

18             MR. DAVIDOFF:  I think we

19 suggested that in the supplemental brief that

20 we filed before the -- before the decision

21 came down.

22             JUDGE MORITZ:  Okay.  Well,

23 what about this Court's Order in 2010?  This

24 Court's decision indicates there's anything

1  left, that they didn't reverse the entire

2  verdict so that -- so that somehow some part

3  of the verdict could be reinstated.

4              MR. DAVIDOFF:  Well, they

5  vacate the judgment --

6              JUDGE MORITZ:  Right.

7              MR. DAVIDOFF:  -- and they

8  reversed the decision.

9              JUDGE MORITZ:  So what's

10  left -- what's left of the district court?

11             MR. DAVIDOFF:  Just finishing

12  the remand for further proceedings, not

13  inconsistent with this opinion.

14             JUDGE MORITZ:  Right.

15             MR. DAVIDOFF:  Certainly, we've

16  been -- we believe we've been consistent with

17  the opinion.  We lost the punitive damages.

18  We haven't sought to resurrect that.  We lost

19  the trespass claim.  We haven't sought to

20  resurrect that.

21             But we believe the state

22  nuisance claim, where the instructions were

23  specifically affirmed, necessarily was

24  adjudicated and tried in the trial that

Page 9

1   occurred.  I don't think that was something

2   that we needed to raise, although we did raise

3   it in the supplemental brief that was filed in

4   response to The Court's questions.

5               JUDGE PHILLIPS:  Mr. Davidoff,

6   I read the opinion as you do.  In that

7   respect, we said that the jury was properly

8   instructed on nuisance.  And it looked like we

9   were giving some direction since we were

10  reversing and vacating anyway about nuisance.

11              And I'm just -- I'm curious how

12  you would have us read that portion of the

13  opinion where this Court indicates that it

14  disagrees with the district judge about what's

15  necessary to prove substantial impairment of

16  use.

17              MR. DAVIDOFF:  Right.

18              JUDGE PHILLIPS:  From best I

19  can tell -- let me just spit it all out and

20  you can help me.

21              MR. DAVIDOFF:  Okay.

22              JUDGE PHILLIPS:  -- there was a

23  pretrial ruling two years beforehand in which

24  the district judge indicated that he thought

Page 10

1   that any injury, any impairment of use, would

2   be enough.  But then I read the jury

3   instructions as given, and that is not what

4   The Court instructed the jury.  The Court

5   instructed the jury on substantial impairment

6   requiring scientific evidence.

7            So I wonder whether it's a fair

8   reading of our opinion that to the extent that

9   it was disagreeing with the district judge

10  about what's necessary to prove nuisance under

11  Colorado law -- don't worry about your time,

12  I'm eating up too much of it -- we were

13  disagreeing with the pretrial order that

14  actually had no impact on the trial itself.

15  That's how I read it.

16            MR. DAVIDOFF:  Yes.  I think we

17  went to great lengths in our briefs to try to

18  explain exactly what happened.  There was an

19  evolution.  There were fifteen reported Cook

20  decisions and many unreported decisions in the

21  pretrial phase of the case.  And we went to

22  great lengths to try to explain that the

23  Judge's ruling on Restatement Second 821(f) --

24            JUDGE PHILLIPS:  Right.  Yeah.

Page 11

1              MR. DAVIDOFF:  -- had no

2    bearing on -- had no bearing on this.  It

3    would have had a bearing if we had tried, or

4    if we ever did try emotional distress cases.

5    The emotional distress cases, at the rate this

6    case is going, I doubt whether we'll ever

7    reach those emotional distress cases.  But we

8    didn't try that.  We tried a traditional

9    Colorado nuisance claim.

10             And I can just give Your Honors

11   some citations.  I mean, they try to

12   trivialize the evidence, the defendants do,

13   and they've done this consistently.

14             JUDGE PHILLIPS:  No.  I -- I'm

15   concerned about the legal question, not the

16   evidentiary one.

17             MR. DAVIDOFF:  Uh-huh.

18             JUDGE PHILLIPS:  And I think

19   you've answered it.

20             If we reinstated the verdict,

21   it would appear to me that it's now a state

22   law nuisance claim outside the Price-Anderson

23   Act, given what the panel held the coverage of

24   the Price-Anderson Act is the last time the

Page 12

1    case was here.

2                 Is that what you want?  Do you

3    want to be outside the Act.

4                 MR. DAVIDOFF:  Yes.  Because

5    having -- we can't change the first Cook

6    opinion, okay?

7                 JUDGE PHILLIPS:  Yeah.

8                 MR. DAVIDOFF:  That's final.

9    We're all -- everybody in the room, including

10   Your Honors, is bound by that opinion.  That

11   opinion says this is not a -- you know, this

12   is not damage to property or loss of use of

13   property, and it's, therefore, outside the

14   Price Anderson Act claim.

15                Well, we pressed, from the very

16   beginning of this case in 1990, diversity

17   jurisdiction, pendent jurisdiction.  We tried

18   the nuisance claim necessarily as part and

19   parcel of the Price-Anderson claim.  And until

20   three years after the trial, all the parties

21   in the case, defendants, plaintiffs, The

22   Court, believed that the Price-Anderson Act

23   embraced traditional state law nuisance claims

24   and traditional state law trespass claims.

Page 13

1   And having believed that, The Court allowed --

2   this Court allowed the defendants to raise the

3   argument -- this Court, three years late, this

4   Court allowed the defendants to argue that we

5   had waived the waiver argument.  We don't

6   think we did, but this Court disagreed, but --

7                   JUDGE PHILLIPS:  I -- I follow

8   you.

9                   MR. DAVIDOFF:  Yeah.

10                  JUDGE PHILLIPS:  Are we on

11  sound ground with diversity jurisdiction?

12                  MR. DAVIDOFF:  Absolutely.

13                  JUDGE PHILLIPS:  Okay.

14                  MR. DAVIDOFF:  There's no --

15  there's been no dispute to diversity

16  jurisdiction, nor could there be dependent

17  jurisdiction.  Clearly, this was pendent.  The

18  Price-Anderson Act claim may have failed, but

19  clearly this was pendent to the Price-Anderson

20  Act claim.  And, clearly, trying the nuisance

21  claim was a necessarily -- necessary part of

22  trying the Price-Anderson claim in the way

23  that the parties understood it in 2005 and

24  2006, when the trial was conducted.

Page 14

1           JUDGE PHILLIPS:  All right.

2    I've eaten up enough of your time.

3           JUDGE MORITZ:  So, and I'm --

4    I'm conceptually -- I'm still confused.  You

5    tried it that way because you believed you had

6    to have the Colorado claim with it.  It's a

7    combined claim.  You have to have both the

8    federal side of it and the state side of it.

9    Correct?

10           MR. DAVIDOFF:  Judge Moritz, I

11   think -- I think what I'm -- what -- the way

12   the Price-Anderson Act reads, it's state law

13   that applies to rules of decision.

14           JUDGE MORITZ:  Right.

15           MR. DAVIDOFF:  At the time that

16   we tried this case, all parties, including The

17   Court and all parties, agreed that the

18   nuisance claim and the trespass claim,

19   traditional state law claims under Colorado

20   law, were part and parcel of the

21   Price-Anderson Act --

22           JUDGE MORITZ:  Right.

23           MR. DAVIDOFF:  -- which

24   embraced state law.

Page 15

1          Now, there's been a marked

2    change in the law, particularly in this

3    circuit, narrowing the Price-Anderson Act

4    relative to traditional state law torts, like

5    nuisance, that have been in the law for

6    centuries.  We have to accept that.  That's

7    where we are.  But we've already tried that

8    claim and asserted diversity jurisdiction.

9          And I should mention,

10   Rule 8(a)(d)(2) and (3) -- it used to be

11   Rule 8(e), but it was recodified -- clearly

12   permits us to try two or more alternative

13   theories of liability, even if they're

14   inconsistent.

15          Well, in this case, they were

16   not inconsistent.  They were wholly consistent

17   with each other because that claim, that

18   nuisance claim, was a necessary part of the

19   Price-Anderson claim.

20          JUDGE MORITZ:  Right.  Where in

21   your Amended Complaint below did you address

22   it as a standalone claim?

23          MR. DAVIDOFF:  We asserted that

24   Counts I to VII of the Complaint arose under

Page 16

1   Colorado law and diversity jurisdiction, and

2   also asserted that it arose under

3   Price-Anderson Act jurisdiction.

4              The Price-And -- I mean, the

5   argument the defendants are now raising, which

6   we contend, first, has been waived and (b) is

7   wrong -- second, is wrong -- is that there's

8   complete preemption of the state law claim in

9   favor of the Price-Anderson Act claim, even if

10  it's narrower.

11             We sharply dispute that because

12  of the legislative history, because of the

13  fact that there isn't an exclusive remedy, and

14  because the -- even the jurisdiction, looking

15  at Devon and Beneficial Bank versus Anderson,

16  the jurisdiction's not exclusive.  There's no

17  exclusive jurisdiction in federal court.

18  There's permissive removal jurisdiction at the

19  option of a defendant.  Permissive removal

20  jurisdiction is not equivalent to exclusive

21  federal jurisdiction.  And I think the way the

22  law has evolved, there has to be exclusive

23  federal jurisdiction for the claim to be

24  completely displayed.

Page 17

1          JUDGE GORSUCH:  Can you explain

2    to me where the district court went wrong on

3    the waiver issue, then?  Because it's only a

4    couple of pages of his opinion speaking to

5    that, but he cites to the record and gives

6    various instances in which the defendants, in

7    fact, are, it would appear, arguing that there

8    is complete preemption of the state claim.

9    What -- why is that wrong?

10          MR. DAVIDOFF:  Well, first of

11   all, when this came up to this Court on the

12   first appeal, The Court held that the

13   defendants had not developed a field

14   preemption argument.  They did -- this Court

15   allowed them to raise conflict preemption on

16   remand.  But they hadn't developed a field

17   preemption argument even on appeal, even after

18   the June decision, on which they premise their

19   new argument.

20          But not having developed a

21   field preemption argument for 20 years

22   basically, from 1990 to 2010, they shouldn't

23   be permitted to -- to raise it on remand.

24          Now, Judge Kane might be right

Page 18

1  if, and only if, there is complete preemption.

2  If a fed -- if a federal or state court does

3  not have the right to hear a state law claim

4  in diversity or in -- or a state court have a

5  right to hear a state law claim.  If there's

6  complete federal preemption, then Judge Kane

7  would be right.

8           Well, we sharply dispute that.

9  The cases don't support it, Cipollone, Wyeth,

10  Medtronic, Devon, and -- and this case.  I

11  mean, and the statute doesn't support it.

12           And I have a lot of legislative

13  history, which I obviously am not going to

14  have time to allude to, but the legislative

15  history all the way through, through 1988,

16  makes it absolutely clear that the state

17  courts retain -- even the state courts retain

18  jurisdiction over small accidents.  Senator

19  Breaux, I think it was.

20           JUDGE GORSUCH:  And yet there

21  are Circuit decisions that say otherwise,

22  right?

23           MR. DAVIDOFF:  There's no

24  question that there are several circuit court

Page 19

1   decisions.  I think the most contrary ones are

2   Cotroneo, the Fifth Circuit decision which I

3   believe was a two-to-one decision, and

4   Dumontier in the Ninth Circuit.

5               I think the -- the other ones

6   are distinguishable.  And I don't have time to

7   distinguish them, but I -- there clearly would

8   be -- we're urging a position before this

9   Court now, and I think consistently, that

10  would be at variance with -- with at least two

11  other federal circuits.  Yes.

12              Can I save a few minutes for

13  rebuttal?

14              JUDGE PHILLIPS:  We will not

15  shortchange this argument, I assure you,

16  Mr. Davidoff.

17              Thank you.

18              MR. DAVIDOFF:  Thank you, Your

19  Honor.

20              MR. LANDAU:  May it please The

21  Court, I am Chris Landau and I'm here today

22  for the Appellees, Dow and Rockwell.

23              After almost 25 years, this

24  once sprawling case is now very narrow.  This

Page 20

1    Court need only decide one issue, whether a

2    party who brings, but fails to prove, a

3    federal Price-Anderson claim can simply

4    relabel that very same claim as a freestanding

5    state law claim and proceed outside the

6    Price-Anderson framework.

7                    JUDGE GORSUCH:  That is the

8    question.  So, help me out why the answer

9    isn't obviously yes.

10                   The defendants last time

11   succeeded in persuading this Court that proof

12   -- absolute proof of a nuclear incident is

13   required to pursue a claim under the

14   Price-Anderson Act, as if there were a claim

15   under the Price-Anderson Act, but there we

16   are.

17                   MR. LANDAU:  Yep.

18                   JUDGE GORSUCH:  That's what

19   we're bound by.

20                   MR. LANDAU:  Yep.

21                   JUDGE GORSUCH:  The panel found

22   that there was a failure of proof on nuclear

23   incident.  So --

24                   MR. LANDAU:  But the jury was

Page 21

1    incorrectly instructed on nuclear incident and

2    remanded to give the plaintiffs an opportunity

3    to try to actually meet their burden of proof.

4              JUDGE GORSUCH:  But what --

5    what if -- you argued that they failed to meet

6    their burden of proof.

7              MR. LANDAU:  Because we

8    actually had -- we proposed a standard for

9    what the burden of proof would be to --

10             JUDGE GORSUCH:  Let me get the

11   question out and then you can --

12             MR. LANDAU:  Excuse me?

13             JUDGE GORSUCH:  Let me get the

14   question out and then --

15             MR. LANDAU:  I'm sorry, Your

16   Honor.

17             JUDGE GORSUCH:  -- fire away at

18   it.

19             But I had understood Rockwell's

20   position to be, there's no nuclear incident

21   here.  And if there's no nuclear incident,

22   then there would be no federal interest in

23   this case.  It would be a state law nuisance

24   claim.

Page 22

1          MR. LANDAU:  Right.  There were

2     two dimensions to that question below, Your

3     Honor.  The first one was whether or not --

4     this was the big controversy in Cook I, the

5     last appeal -- whether or not there is a

6     federal component of injury in a

7     Price-Anderson -- in a federal Price-Anderson

8     claim.  The plaintiffs took the position it

9     was pure state law, undiluted.  We took the

10    position, no, there's also a federal overlay.

11    It's this federal injury requirement.  So that

12    was the main thing.  The Court agreed with us,

13    yes, there is a federal injury requirement.

14          We also took the position that

15    the plaintiffs failed to satisfy the federal

16    injury requirement as a matter of law.  The

17    Court said, no, we should remand the case for

18    them to give them a chance to prove the

19    federal injury requirement under the proper

20    legal standards.  The Court said -- after

21    going through that part of the opinion, The

22    Court said, we could end the opinion here.

23    This is Footnote 15 of Cook I.  But because

24    we're remanding, we're going to also give some

Page 23

1   clarity, some guidance, as to what has to

2   happen -- or as to some of these other issues

3   that are likely to arise on remand.  Because,

4   again, it's a hybrid claim.  You have to meet

5   your federal elements and you have to meet

6   your state elements.  And they said the

7   district court also messed up the state

8   elements.  And the district court failed to

9   properly instruct the jury on Colorado

10  trespass law and Colorado nuisance law.

11              And so, The Court then -- and

12  The Court critically, I think, for their whole

13  reinstatement argument here, The Court said at

14  the very end of its opinion, and there are yet

15  other arguments that are raised as a challenge

16  to this judgment, but we're not going to go

17  into all of those, because we don't need to

18  get into all of those, which, of course, is

19  completely inconsistent with the notion that

20  they came up with, that The Court implicitly

21  affirm some part of the judgment and left

22  something unaffected.

23              And this goes back, I think,

24  Judge Moritz, to your question, which is, you

Page 24

1  know, this case was, you know, very vigorously

2  litigated in this Court.  They never once

3  suggested that, hey, why are we even having

4  this discussion about these federal

5  requirements on Price-Anderson.  We have a

6  freestanding Colorado nuisance claim or

7  Colorado state law claim.

8              You can affirm, Your Honors, on

9  that decision.  You can search the briefs in

10  this Court the last time in vain for any such

11  assertion.  You can search their Petition for

12  Rehearing En Banc for that assertion.  In

13  fact, in their Petition for Rehearing En Banc

14  they said, if The Court En Banc reverses the

15  panel on the federal element, then we would

16  have a nuisance claim.

17              JUDGE PHILLIPS:  Let me just

18  enter up to follow up on what Judge Gorsuch

19  asked because I still don't know the answer.

20              If federal law completely

21  preempts nuclear incidents, why does it follow

22  that federal law completely preempt

23  non-nuclear incidents?

24              MR. LANDAU:  Well, again, what

Page 25

1    federal law does is, it says that any party

2    who asserts a nuclear incident is bringing a

3    federal claim.

4              JUDGE PHILLIPS:  So, what if …

5    what if they hadn't?

6              JUDGE GORSUCH:  Well, I guess

7    my question for you, Mr. Landau, is, I read

8    asserts in the statute, too.  And I would have

9    thought, in a perfect world, the statute would

10   have been understood thusly.  Once a plaintiff

11   asserts something that constitutes a nuclear

12   incident, we're in federal court, subject to

13   the restrictions of the Price-Anderson Act.

14   That is the choice of law, state law subject

15   to damages, limitations and indemnification.

16              I would have thought

17   defendants, in the normal course, would have

18   been the ones asserting that there's a

19   Price-Anderson Act issue here and bringing

20   cases from state court up into federal court.

21   I would have thought defendants would have

22   wanted the protections of the Price-Anderson

23   Act in the normal course.

24              In this case, though, you've

Page 26

```
 1   succeeded in persuading The Court that an
 2   assertion doesn't bring the case within the
 3   scope of the Price-Anderson Act.  That's what
 4   the last panel held, thanks to an argument by
 5   Rockwell.  An assertion is not enough to bring
 6   you within the Act.  That's how I read it.
 7                     MR. LANDAU:  Oh, no, Your
 8   Honor.  With respect, I think what the -- what
 9   the last opinion stands for is the proposition
10   that they did not establish a nuclear
11   incident.  I don't think the panel held --
12                     JUDGE GORSUCH:  Consequently,
13   we reject plaintiffs' suggestion that they
14   need only assert liability arising out of a
15   nuclear incident.
16                     MR. LANDAU:  Right.  They only
17   asserted to actually establish a nuclear
18   incident, but that's actually -- that's a
19   different question.
20                     That's saying they don't get to
21   the home base --
22                     JUDGE GORSUCH:  I guess -- I
23   guess I don't understand why the plaintiffs
24   would be the ones normally asserting a nuclear
```

Page 27

1    incident.  I would have thought, under this

2    statute, the normal order of operations again

3    would have been the defendant would have

4    wanted to bring these cases into federal

5    court.

6                    MR. LANDAU:  Your Honor, a

7    nuclear incident has both a jurisdictional

8    dimension.  So you are absolutely correct.

9    You can -- that was part of the -- the point

10   of these 1988 Amendments was to create a

11   mechanism for defendants to bring actions that

12   are in state courts into federal court if they

13   are asserting a nuclear incident.

14                    JUDGE GORSUCH:  Yeah, that's

15   2014(hh), right?

16                    MR. LANDAU:  Exactly right.

17   But of course, the nuclear incident definition

18   had preexisted that --

19                    JUDGE GORSUCH:  Right.

20                    MR. LANDAU:  This is kind of a

21   complicated statute because it was amended at

22   different --

23                    JUDGE GORSUCH:  I -- I've spent

24   some time with it.  You can assume that --

Page 28

1                    MR. LANDAU:  Okay.

2                    JUDGE GORSUCH:  -- my

3     panelists, co-panelists, have as well.

4                    MR. LANDAU:  So -- so --

5                    JUDGE GORSUCH:  Where in the

6     statute does it say -- or maybe the way to get

7     it is this:  Where in the statute does it say

8     asserting is enough to get you in federal

9     court, but you have to prove a nuclear

10    incident in order to prevail?

11                   MR. LANDAU:  Well, Your Honor,

12    it says then, if you continue --

13                   JUDGE GORSUCH:  That's your

14    current position, as I understand it, right?

15                   MR. LANDAU:  Yes.

16                   JUDGE GORSUCH:  Okay.

17                   MR. LANDAU:  Yes, you have to

18    get you into federal court.  And then it is

19    deemed to be an action arising under Section

20    2210 so that is -- is taking whatever your

21    action was and it is deeming it to be a

22    federal claim.  And then it says, and the

23    substantive rules of decision for such action

24    shall be derived from the law of the state

Page 29

1    unless such law is inconsistent with the

2    portions of such section.

3              JUDGE GORSUCH:  Right.

4              MR. LANDAU:  As this Court

5    explained in Cook I, what that does is, it

6    creates a -- a federal Price-Anderson claim

7    that is different than the freestanding state

8    law claim.

9              JUDGE GORSUCH:  I understand

10   that's what you persuaded this Court of last

11   time.

12             MR. LANDAU:  Right.  Okay.  And

13   every other court to address this issue, the

14   Ninth Circuit and the Fifth Circuit, have also

15   addressed this issue and say if -- and so the

16   plaintiff -- when the plaintiff is asserting

17   nuclear-related injury, this is -- the Supreme

18   Court in Neztsosie said, there's no such thing

19   as a freestanding claim outside the

20   Price-Anderson Act.  In Neztsosie they wanted

21   to bring a claim under Navajo tribal law,

22   asserting nuclear-related injury.  And the

23   Supreme Court said, no, you can't do that.

24   This is necessarily a federal claim.  This is

Page 30

1   akin to the complete-preemption doctrine,

2   which says that a claim -- even though you put

3   the label over the door, this is a state law

4   claim.

5             And notwithstanding the general

6   rule in our system that the plaintiff is the

7   master of her complaint, in this limited

8   universe, federal law -- to fulfill the

9   federal objectives of the Price-Anderson Act

10  transforms what otherwise would be a state law

11  claim into a federal claim.

12            So that has a jurisdictional

13  and a substantive component to it, Your Honor.

14  And I think that's the critical point.

15            JUDGE GORSUCH:  Where -- where

16  in statute is this?

17            MR. LANDAU:  Well, again, this

18  is -- this is the interplay between (hh),

19  which says a public liability action.  So a

20  public liability action is any sort of

21  asserting public liability.

22            So you've got to figure out

23  what is it asserting.  A public liability

24  action shall be deemed to be an action -- it's

Page 31

1    the deeming that makes it a federal claim --

2    to be an action arising under Section 2210 and

3    the substantive rules.  So this is taking that

4    action --

5                    JUDGE GORSUCH:  Yeah, I follow

6    that.

7                    MR. LANDAU:  Right.

8                    JUDGE GORSUCH:  I'm still --

9    I'm still at the point where I'm looking for a

10   place where a plaintiff who has asserted a

11   nuclear incident failed to prove it --

12                    MR. LANDAU:  Right.

13                    JUDGE GORSUCH:  -- is out of

14   luck --

15                    MR. LANDAU:  Right.

16                    JUDGE GORSUCH:  -- altogether.

17                    MR. LANDAU:  Well --

18                    JUDGE GORSUCH:  I don't see

19   that in the statute.  I see -- I see in the

20   statute the possibility that you're in federal

21   court because you have a nuclear incident,

22   would want to try it here.  Or if you don't

23   have a nuclear incident, I see you in state

24   court pursuing a nuisance claim there.

Page 32

1              MR. LANDAU:  Right.

2              JUDGE GORSUCH:  What I don't

3    see anywhere in the statute is any indication

4    that Congress wished to place plaintiffs in

5    the situation where they're out of luck

6    altogether --

7              MR. LANDAU:  Well, Your

8    Honor --

9              JUDGE GORSUCH:  -- which is

10   what you're advocating here.

11             MR. LANDAU:  I think this is an

12   interesting question.

13             JUDGE GORSUCH:  And I'm looking

14   for the statutory language.

15             MR. LANDAU:  Well, you know,

16   Your Honor, and it may be that if you say the

17   statutory language is not crystally lucid on

18   this issue, certainly --

19             JUDGE GORSUCH:  I -- I'll

20   take -- I'll take less than crystally lucid,

21   I'll take anywhere.

22             MR. LANDAU:  No, no.  But I

23   guess my -- the point is, I think you could at

24   least have a kind of conflict preemption then.

Page 33

1    In other words, put it this way --

2                    JUDGE GORSUCH:  What's the

3    conflict?

4                    MR. LANDAU:  Every -- the

5    conflict is that the federal law, as this

6    Court recognized in Cook I, imposes these

7    liability requirements, the federal injury

8    requirements, to meet certain federal

9    objectives.  Which is to say, look, we are

10   creating this system because we know that

11   nuclear liability can be vast.  I mean, it can

12   be completely devastating.  Nobody will go

13   into this industry --

14                    JUDGE GORSUCH:  That's why

15   Congress decided to provide your clients with

16   an indemnification, among other things.

17                    MR. LANDAU:  Well, correct.

18   But, again, but that point --

19                    JUDGE GORSUCH:  You've --

20   you've rejected that.  I mean, in this case,

21   as I read it, you know, Cook and Rockwell,

22   you've said, we don't want it.  It's not

23   within -- it's not within -- it's not within

24   the statutory rubric.  You failed to prove it.

Page 34

1                    MR. LANDAU:  Your Honor, again,

2     I guess the critical point is, there can

3     certainly be room for conflict preemption of

4     ostensible state law claims that don't meet --

5     that assert nuclear liability, so they're

6     within this framework, but then actually don't

7     satisfy the framework.

8                    I mean, that's what the Ninth

9     Circuit held in Hanford and Berg where there

10    were medical monitoring claims.  That's what

11    the Ninth Circuit held in Golden, which

12    involved an emotional distress claim that

13    didn't meet the injury requirement.  And

14    that's what the Fifth Circuit held in

15    Controneo, where there was an offensive

16    touching claim.

17                    In all those cases, the courts

18    recognized --

19                    JUDGE GORSUCH:  I'm just

20    looking for it in the statute.

21                    MR. LANDAU:  Right.  Well,

22    again, I think, Your Honor, it has to go with

23    the fact that you are a public liability

24    action if you're asserting public liability.

Page 35

1                JUDGE GORSUCH:  Check.  Got it.
2    Okay.
3                MR. LANDAU:  Okay.  And then
4    public liability means any legal liability
5    arising out of, or relating to a nuclear
6    incident.
7                JUDGE GORSUCH:  Right.
8                MR. LANDAU:  Okay.  And so then
9    what you have to do is to -- is to prove your
10   nuclear incident.
11               JUDGE GORSUCH:  Which it has
12   failed -- failed to do that here.
13               MR. LANDAU:  Right.
14               JUDGE GORSUCH:  Right.
15               MR. LANDAU:  And so, you know,
16   the point is then --
17               JUDGE GORSUCH:  So we're not
18   within the statute, right?
19               MR. LANDAU:  Well, again, and
20   that -- that was the argument that was made
21   and rejected in Berg.
22               And, again, you can say -- if
23   you don't find in here express preemption,
24   Your Honor, then it seems to me this is

Page 36

1    clearly a kind of conflict preemption, because

2    it would be nonsensical or pointless to

3    establish these federal injury requirements.

4              JUDGE GORSUCH:  Why?

5              MR. LANDAU:  Precisely

6    because --

7              JUDGE GORSUCH:  If you say

8    there's no nuclear incident, if we fail a

9    failure on that, what -- what's nonsensical

10   about allowing state law to operate normally?

11             MR. LANDAU:  Well, because

12   there's -- by definition, if you have a public

13   liability action, you are still asserting

14   liability arising out of or resulting from a

15   nuclear incident, but you failed to prove it

16   because you didn't meet the injury

17   requirement.  So it would be perverse to say

18   that the very person who doesn't meet the

19   injury requirement that is put in place by

20   Congress to protect that pool of funds --

21             JUDGE GORSUCH:  Except that --

22             MR. LANDAU:  -- is the very

23   person who is going to recover.

24             JUDGE GORSUCH:  Except we

Page 37

1   rejected the assertion argument last time, at

2   least as I read it.  Now, maybe -- maybe you

3   can say I'm not bound by that somehow.

4              MR. LANDAU:  Well, again, I

5   don't -- I don't read anything in the last

6   opinion.  To the contrary, I think the last

7   opinion actually specifically is consistent

8   with this and actually says this.

9              It says here, "In creating a

10  federal cause of action under the PAA,

11  Congress made clear its intention to limit

12  recovery to the discrete group of injuries

13  enumerated in Section 2014(q) while

14  simultaneously utilizing state law to frame

15  the 'substantive rules for decision'."  Were a

16  plaintiff required only to plead -- so -- so,

17  in other words --

18              JUDGE GORSUCH:  Well, keep

19  going.

20              MR. LANDAU:  Right.  Were a

21  plaintiff required to plead, but not

22  establish, one, a public liability would be

23  completely indistinguishable from whatever

24  tort claim a particular action incorporates.

Page 38

1              But, again, I think in -- the

2    separate -- because they never raised the idea

3    of a separate freestanding tort claim, The

4    Court in Cook I never got to that -- to the --

5    to this issue.  It's that every other circuit

6    has recognized that this would completely

7    undermine the whole scheme.

8              JUDGE MORITZ:  What can you

9    address in response to me, which is that they

10   preserved it -- this Court may not have

11   addressed it, but they preserved the state law

12   claim because they asserted diversity

13   jurisdiction very clearly in their -- in their

14   Complaint, in the Amended Counts?  Can you

15   address that?  And did this Court's verdict --

16   reversal of the verdict somehow encompass

17   those claims if they were standalone claims?

18              MR. LANDAU:  Your Honor, from

19   the beginning, they pleaded a -- they pleaded

20   six causes of action.  If you look back at

21   Paragraph 96 of the Second Amended Complaint,

22   which is the operative document, at App 266,

23   they have six causes of action under state

24   law, including nuisance, that they

Page 39

```
 1   characterize both as freestanding causes of
 2   action and as Price-Anderson.
 3                 So they're specifically
 4   asserting that these are Price-Anderson.
 5   They're asserting -- they're bringing
 6   themselves within the heartland of the
 7   Price-Anderson Act by asserting nuclear
 8   liability in their Complaint.
 9                 JUDGE MORITZ:  But they're also
10   asserting freestanding claims.
11                 MR. LANDAU:  Correct.  No.  So
12   we've never said that they haven't had state
13   law claims that they have asserted.
14                 Our position is, what they did
15   on remand here -- The Court -- The Court
16   remanded the case.  And then they said, well,
17   guess what?  We've already won.  They said --
18   they didn't say -- this would be a different
19   case if they said we want to now pursue some
20   different claim.  What they said is, we want
21   to actually reinstate the exact same claim
22   that we just tried as a Price-Anderson claim
23   and just put a different label above the door.
24   If that's not preempted, then, you know --
```

Page 40

1  then there is no preemption.

2              In other words, this is kind of

3  an island of easiness within a sea of

4  complexity of the Price-Anderson Act.  Because

5  what -- because precisely what they sought to

6  do here -- and this is why this decision is so

7  narrow in a way -- they didn't seek to bring

8  some new state law claim.  What they seek to

9  do is take the exact same claim.  It's not a

10  different claim.  It is the claim.  And they

11  say, we just want to reinstate that and --

12              JUDGE MORITZ:  And when the

13  jury decided it, it was all one claim?

14              MR. LANDAU:  Exactly.  It

15  was --

16              JUDGE MORITZ:  You didn't -- it

17  wasn't separately set out and it wouldn't --

18              MR. LANDAU:  It was not, right.

19              JUDGE MORITZ:  Right.

20              MR. LANDAU:  This is not a

21  situation where they have some separate

22  emotional distress claim --

23              JUDGE MORITZ:  Right.

24              MR. LANDAU:   -- and you have

Page 41

1   to decide whether . . .

2              This is an easy case for

3   preemption because it is the claim that they

4   asserted.  In other words, if you were to rule

5   in their favor on this, you would have to say

6   not only that this Court left alive the state

7   law nuisance verdict to be reinstated, which

8   it clearly couldn't have done precisely

9   because it didn't even reach all of our

10  arguments in response to that.  If you look at

11  the end of the opinion -- and it just -- while

12  I'm on that, Judge Gorsuch, when it said -- it

13  didn't say we approve of all the nuisance

14  instructions lock, stock and barrel.

15              JUDGE GORSUCH:  It said the

16  jury was properly instructed on nuisance,

17  right?

18              MR. LANDAU:  On the elements of

19  nuisance and on the definition of substant --

20  of substantial and reasonable.  That is

21  different than saying that every last jot and

22  tittle of the nuisance --

23              JUDGE GORSUCH:  Well, there's

24  no -- there's no objection in this appeal to

Page 42

1   the instructions to the jury, is there?

2                    MR. LANDAU:  Well, no.  But,

3   Your Honor --

4                    JUDGE GORSUCH:  There's no --

5   no objection on lack of sufficiency of the

6   evidence for purposes of Colorado nuisance

7   law, is there?

8                    MR. LANDAU:  Well, no -- well,

9   what we were saying, though, is, Your Honor,

10  in the last appeal, if you look at what was

11  actually disputed there, it was Instructions

12  3.6 and 3.7.  This is at App 449 in --

13                   JUDGE GORSUCH:  Yeah, I have --

14  I have that right here.

15                   MR. LANDAU:  But -- okay.  But

16  the bottom line is, the instructions actually

17  talked about some increased risk.  That was

18  what we were butting heads about, that the

19  district court had said --

20                   JUDGE GORSUCH:  That's at 3.6.

21                   MR. LANDAU:  And 3.7.

22                   JUDGE GORSUCH:  3.7 goes on to

23  define substantial, and that's approved

24  expressly by this Court.

Page 43

1                    MR. LANDAU:  Well, it said the

2      definitions of substantial, but it doesn't

3      say -- what we are complaining about, Your

4      Honor, and we were complaining about in the

5      last appeal, was saying that some increment of

6      health risk.

7                    JUDGE GORSUCH:  That's at the

8      bottom of 3.7, I'm sorry, on the first

9      element.

10                   MR. LANDAU:  Yes.  It said --

11                   JUDGE GORSUCH:  Okay.

12     Interference with use and enjoyment, right?

13                   MR. LANDAU:  No, it says --

14     I'm sorry, Your Honor.  On Page -- at 451 and

15     3.7.

16                   JUDGE GORSUCH:  Yeah.  Yeah.

17     The bottom of the page, on 3.7, some increment

18     of increased risk --

19                   MR. LANDAU:  Yes.  Yes.

20                   JUDGE GORSUCH:  -- that's what

21     you're complaining about.

22                   MR. LANDAU:  I understand.

23                   JUDGE GORSUCH:  That's the

24     first element, though, Mr. Landau.

Page 44

1                    The second element is defined

2    on the next page, substantial and

3    unreasonable.  And that goes on, and exactly

4    as the panel indicated, to show -- to indicate

5    that the jury had to have some scientific

6    proof.  And that's the instruction we

7    expressly approved.  And we made clear in 3.6

8    there are both elements required.

9                    MR. LANDAU:  Your Honor,

10   again --

11                   JUDGE GORSUCH:  -- not just

12   one.

13                   So your concern with 3.7 being

14   insufficient to indicate the need for

15   scientific and substantial proof is remedied

16   on the next page, isn't it?

17                   MR. LANDAU:  Your Honor, I

18   mean, you know, having -- perhaps I'm the -- I

19   litigated Cook I and we stood here and we were

20   fighting about these instructions.

21                   Again, I think you can look at

22   the brief --

23                   JUDGE GORSUCH:  But the panel

24   by which we were bound said the jury was

Page 45

1   properly instructed on substantial and

2   unreasonable, which is --

3                    MR. LANDAU:  It said on the

4   definition of substantial and reasonable.

5                    JUDGE GORSUCH:  Yes, which is

6   the next page.

7                    MR. LANDAU:  Your Honor, but,

8   again, it didn't --

9                    JUDGE GORSUCH:  So your

10  complaint is -- is not adequate on 3.7 without

11  taking cognizance --

12                   MR. LANDAU:  But, again --

13                   JUDGE GORSUCH:  -- of 3.8.

14                   MR. LANDAU:  -- I think you're

15  reading that one sentence without reading the

16  rest of the discussion --

17                   JUDGE GORSUCH:  Right.

18                   MR. LANDAU:  -- which was all

19  about, you know, the unverified -- this -- the

20  big fight here was whether they could recover

21  a nuisance law based on the restatement

22  standard, which is basically like what you

23  could say is a substantial and unreasonable

24  thing, even if it's completely scientifically

Page 46

1    unverified.

2              If there's an AIDS house down

3    the street, and there's no scientific basis

4    for that, we wanted instructions that would

5    say you can't recover under that.  And the

6    district court rejected that.

7              We came up on appeal and said

8    that was wrong.  I --

9              JUDGE GORSUCH:  I know you did,

10   but The Court said the jury was properly

11   instructed on the elements of the nuisance

12   claim --

13             MR. LANDAU:  Correct.

14             JUDGE GORSUCH:  -- as well as

15   the definitions of substantial and

16   unreasonable.

17             MR. LANDAU:  Right.  And I

18   don't think that all the representations to

19   some --

20             JUDGE GORSUCH:  We're bound by

21   that.

22             MR. LANDAU:  -- to some

23   increased risk are encompassed by what this

24   Court was blessing there.

Page 47

1              But, again, Your Honor, we can

2    put this aside.  Even assuming that, you can't

3    possibly have said or meant to affirm anything

4    when this -- when the Cook I panel

5    specifically said, we need not reach all the

6    other objections.

7              We had other objections, too,

8    on evidentiary grounds --

9              JUDGE GORSUCH:  Yeah, but where

10   are they now?  Do we have them before this

11   Court?

12             MR. LANDAU:  Well, Your

13   Honor --

14             JUDGE GORSUCH:  There's nothing

15   in your brief on this.

16             MR. LANDAU:  Of course, you do

17   in the sense that what's before this Court is

18   whether or not the last Court actually

19   affirmed the judgment.  What would happen?

20             I mean, we're saying that

21   proves that, of course, they didn't affirm the

22   judgment.

23             JUDGE GORSUCH:  What's before

24   us now, though, is why shouldn't we reinstate

Page 48

1    the verdict.

2                 MR. LANDAU:  Well, because

3    nobody --

4                 JUDGE GORSUCH:  And you have

5    not made any of these arguments about

6    evidentiary rulings or sufficiency of the

7    evidence on nuisance claims.

8                 MR. LANDAU:  Your Honor, again,

9    what we have said is that you can't construe

10   the last opinion as actually having affirmed

11   anything because, A, it didn't say it did; and

12   B, it said it specific --

13                JUDGE GORSUCH:  So I'm not

14   bound by the first opinion --

15                MR. LANDAU:  No.  But, I

16   mean --

17                JUDGE GORSUCH:  -- if that's

18   the case.

19                JUDGE MORITZ:  The district

20   court -- your argument, the way I understood

21   it, was, the district court was bound by the

22   first opinion on remand, the mandate rule.

23                MR. LANDAU:  So we're -- right.

24   And we're trying to --

Page 49

1                    JUDGE MORITZ:  They don't have

2     the option --

3                    MR. LANDAU:  Right.  We're --

4                    JUDGE MORITZ:  -- the district

5     court does not have the option to set aside --

6                    MR. LANDAU:  I think -- right.

7     We're trying --

8                    JUDGE MORITZ:  -- or to bring

9     back a verdict.

10                    MR. LANDAU:  Correct.  And,

11    again, a verdict that -- we're trying to

12    construe from the evidence what this Court was

13    doing in the first go-around, and what it left

14    intact or didn't leave intact.

15                    And our position is, having

16    said that it's not reaching all of the

17    challenges we made to the first verdict, it's

18    not reasonable to construe that as having left

19    that intact.

20                    And, again, they litigated this

21    case for 20 years as a Price-Anderson claim

22    only, not as a freestanding state law claim.

23    They never said, by the way, you can affirm

24    this.  It went all the way to the Supreme

Page 50

1    Court.  That's all --

2                    JUDGE MORITZ:  Were any of

3    these circuit court -- I'm sorry, I shouldn't

4    have interrupted you.

5                    MR. LANDAU:  No, that's all

6    right.

7                    JUDGE MORITZ:  Were any of

8    these circuit court decisions on the

9    freestanding state law claims, were any of

10   those issued before the trial in this case or

11   during the pendency of this appeal?

12                   MR. LANDAU:  Yes.

13                   JUDGE MORITZ:  So you were all

14   aware, presumably everybody was aware, that

15   there was this issue about whether you could

16   even have a standalone state law tort claim?

17                   MR. LANDAU:  Yes.  I mean, they

18   had been issued Berg, and it goes back to the

19   early 2000s.  And again, there's Cotroneo,

20   Hanford, Dumontier.  The Golden case is very

21   interesting because that involves cases

22   where -- that's at 528 F.3d 681, where there

23   were both some nuclear incident claims and

24   some non-nuclear incident claims.

Page 51

1        And with respect to the

2   radioactive claims, somebody had some water

3   splashed on them that had radioactive and

4   non-radioactive materials, and sought to bring

5   both physical injury and emotional distress

6   claims.  And they couldn't prove their

7   physical injury claims.  And The Court said,

8   well, then you can't bring an emotional

9   distress claim either because you don't meet

10  the injury requirement under -- under

11  anything.

12       The Price-Anderson Act preempts

13  that state law claim for emotional distress

14  because you have asserted a nuclear incident.

15  Having asserted a nuclear incident, the

16  Price-Anderson creates the scheme.  I mean,

17  again --

18       JUDGE GORSUCH:  All right,

19  Mr. Landau, we've beaten on you quite a lot.

20  We've gone over by seven minutes.  And I'm

21  not -- I'm not sending you away.  I'm going to

22  give you a minute or two uninterrupted because

23  I feel badly for how much the panel has been

24  after you this morning.

```
                                        Page 52

 1              If there is something you want

 2   to get across that -- in the next minute or

 3   so --

 4              MR. LANDAU:  Yeah.

 5              JUDGE GORSUCH:  -- take your

 6   time.

 7              MR. LANDAU:  I guess, Your

 8   Honor, again, the only thing I'd like to

 9   really underscore is that this Court's prior

10   appeal left the plaintiffs in this case free

11   to pursue a Price-Anderson claim, which is a

12   hybrid claim, with both the federal and the

13   state elements properly instructed, the --

14   under the proper legal standards.

15              They chose not to do so.

16   Instead, they chose to limit themselves to the

17   theory that they'd already won a freestanding

18   nuisance claim under Colorado law, and

19   basically, just came in, and from the jaws of

20   defeat, they said, oh, guess what?  We won all

21   along.  We actually -- you know, surprise,

22   surprise.  We won.  We don't have to do any

23   more work.

24              And the trial court, who
```

Page 53

1   expressed a great deal of sympathy for these

2   plaintiffs, said, I'm sorry, but you --

3   whatever else you can do, you can't take the

4   very same claim that has been litigated as a

5   Price-Anderson claim for 20 years that's

6   clearly about personal injury, where you just

7   didn't meet it, and then just call it a

8   freestanding state claim.  You -- a failed

9   Price-Anderson claim is not magically some

10  freestanding state claim.  It is just a failed

11  federal claim.

12                  If that weren't the case, Your

13  Honor -- again, I can't emphasize this

14  enough -- the entire complex Price-Anderson

15  scheme would be completely undone.  There

16  would be no reason for plaintiffs to ever try

17  to meet those federal elements if the -- if

18  you could succeed on bringing a claim without

19  them.

20                  And, again, even putting aside

21  this kind of question whether you can have a

22  freestanding claim, certainly, again, we

23  believe, with all respect, Your Honor, that

24  there's no -- that this Court in Cook I did

Page 54

1    not leave a state law claim to be reinstated.

2                    So we ask you to affirm.

3                    JUDGE GORSUCH:  Thank you very

4    much.

5                    MR. LANDAU:  Thank you.

6                    JUDGE GORSUCH:  We appreciate

7    your argument.

8                    Mr. Davidoff, you've got two --

9    how much -- how much does he have of his own

10   time?  You've got very little of your own

11   time, but we ran over with Mr. Landau by about

12   nine minutes.  And you should feel free to

13   take as much of that or as little of it as you

14   feel necessary.

15                   MR. DAVIDOFF:  Yeah, I'll try

16   not to, Your Honor.

17                   I want to -- I want to point

18   out first that we accepted the mandate of this

19   Court on the first appeal.  The Court threw

20   out $200 million in punitive damages.  We

21   accepted that.  We didn't try to resurrect it.

22   We accepted that The Court threw out the

23   trespass verdict and the trespass judgment.

24   All right?  What the defendant -- but -- and

Page 55

1  affirmed, in all respects, the nuisance

2  instructions and the nuisance case that was

3  tried to a jury already.

4              Now, the defendants want to

5  make us retry the case.  They know that the

6  events are 50 years old.  They know that the

7  witnesses are mostly dead, even more so than

8  in 2005 when the case was tried.  They know

9  that it would be very, very difficult and

10  expensive and daunting to retry this case.

11             We do not believe we have to

12  retry the case because we already tried the

13  nuisance case.

14             JUDGE MORITZ:  Can you address

15  the argument -- as long as you're talking

16  about the nuisance case -- they make a pretty

17  compelling argument -- excuse me --

18             MR. DAVIDOFF:  I'm sorry.

19             JUDGE MORITZ:  -- they make a

20  pretty compelling argument that there was a

21  number of other issues, evidentiary issues,

22  that would have gone to a number of the

23  claims, including the nuisance claim, and The

24  Court saw no need to address those because it

Page 56

1   didn't realize that there was going to be any

2   suggestion that there was a standalone claim

3   that they somehow affirmed.

4                    MR. DAVIDOFF:  Well --

5                    JUDGE MORITZ:  If they had

6   realized that, they certainly would have felt

7   the need to address any remaining issues.

8                    MR. DAVIDOFF:  I'm not sure

9   that they would, Judge Moritz.

10                   JUDGE MORITZ:  That's the

11  argument.  I mean, I understand --

12                   MR. DAVIDOFF:  I understand

13  their argument.  I don't think it's

14  compelling.  They didn't reach those issues --

15  they said if this case is retried.  They gave

16  some guidance, or they thought they were

17  giving some guidance, that actually related to

18  a part of the case that wasn't tried.  But

19  they -- and is dicta.  But -- but they said if

20  this case is retried.

21                   There wasn't any mandate that

22  there had to be a retrial.

23                   JUDGE MORITZ:  Well, there

24  was --

Page 57

1                    MR. DAVIDOFF:  We do not

2      believe --

3                    JUDGE MORITZ:  There was a

4      mandate that on remand, you had the

5      opportunity to produce additional evidence

6      which could support the jury's finding.  That

7      was the mandate.

8                    MR. DAVIDOFF:  Well, we were

9      never --

10                   JUDGE MORITZ:  And that's the

11     part that's being ignored.

12                   MR. DAVIDOFF:  Well --

13                   JUDGE MORITZ:  And I understand

14     your argument as to why you can ignore that

15     part of the mandate, because you're -- you've

16     just suggested that you can just disclaim it

17     now and move along.

18                   MR. DAVIDOFF:  Just to -- just

19     to review the procedural history.  When we

20     were remanded to Judge Kane, he issued some

21     questions, and the first question that he

22     wanted briefed.  So we never got to these

23     other ancillary issues, which I think can all

24     be adequately answered.

Page 58

1          There's overwhelming proof that

2    the concentrations of Rocky Flats plutonium

3    were anywhere from five to 300 times what is

4    so-called background plutonium, which is from

5    the fallout of the nuclear bombs that were

6    atmospherically tested over 50 years ago

7    before the Test Ban Treaty.

8          But we think we can meet all of

9    those objections.  But that's not the way that

10   Judge Kane ordered us to do things.  He

11   ordered us to brief this issue of whether we

12   could pursue the negligence claim, the

13   non-nuclear incident nuisance claim, under

14   Colorado law.  We briefed it.  He disagreed

15   with us.

16          In effect, Judge Kane held

17   complete preemption, that the Price-Anderson

18   Act, whether you meet it or not, completely

19   preempts state law.

20          And that's contrary to the

21   Legislative history, Silkwood.  And after

22   Silkwood, it's contrary to the legislative

23   history of what happened in 1988, that

24   Congress amended the punitive damages portion

Page 59

1    of the statute to bar punitive damages.  Well,

2    that's not in the case.

3                    JUDGE MORITZ:  I do -- I do

4    understand your preemption argument.

5                    MR. DAVIDOFF:  All right.

6                    JUDGE MORITZ:  I just -- I had

7    a problem with getting there based on this

8    Court's mandate and what it thought it was

9    dealing with.  And I don't think it -- I don't

10   see anywhere in this opinion where it

11   understood that you believed that there were

12   state law claims that were independent, that

13   somehow you preserved that were not even

14   appealed, and that somehow when they reversed

15   it, very clearly reversed the verdict, that

16   there was some part of that verdict that they

17   didn't reverse that would allow the district

18   court to reinstate.

19                    And that's the part I'm

20   struggling with, is how you even get to the

21   preemption question --

22                    MR. DAVIDOFF:  Right.  Well, I

23   hear --

24                    JUDGE MORITZ:  -- which is a

Page 60

 1    very interesting question.

 2                    MR. DAVIDOFF:  Right.  It is

 3    very interesting.  I hear your struggle, Your

 4    Honor.

 5                    But what I don't -- what I

 6    don't agree with, respectfully, is when they

 7    remanded for -- for further proceedings

 8    consistent with this opinion, okay, they

 9    didn't direct the district court as exactly

10    how to proceed, or the parties.  And then the

11    district court told us how to proceed.  And

12    the district court held, frankly, contrary to

13    his own decision in 2003 in Cook IX, which is

14    a very scholarly decision, and contrary to --

15    to the legislative history, that there was, in

16    effect, complete preemption.

17                    Now --

18                    JUDGE MORITZ:  They did direct

19    you how to proceed.  They directed, on remand,

20    plaintiffs will be tasked with producing

21    additional evidence to support the jury's

22    finding.

23                    MR. DAVIDOFF:  But we think

24    that evidence was already produced and we

Page 61

1    could produce it again.  I don't think it --

2              JUDGE MORITZ:  Why didn't ask

3    for a clarification then of the Court's Order

4    to say, well, we've already done that, and --

5    and, by the way, we have some standalone

6    claims that we need you to make it clear that

7    you haven't reversed the entire verdict?

8              MR. DAVIDOFF:  But, Your Honor,

9    I'm not sure that we needed to ask for a

10   clarification.

11             But I would point out again --

12   I don't have the exact cites -- we filed a

13   supplemental brief in 2010 in answer to this

14   Court's questions, where we did specifically,

15   I believe, reserve the diversity question.  It

16   was filed, I believe, May 26th of 2010.  And

17   we also put a note on that in our Cert

18   Petition, if I'm not mistaken.

19             Now, we --

20             JUDGE MORITZ:  I did see it in

21   the Cert Petition.

22             MR. DAVIDOFF:  -- could have

23   developed the argument further, but we

24   couldn't develop any of the hundred arguments

Page 62

1   further within the page limits that we had

2   that are set by this Court and set by the

3   Supreme Court in the case of the Cert

4   Petition.  We did the best we could to

5   preserve the arguments we have.  And we

6   accepted the mandate insofar as it threw out

7   major portions of our case.

8                    I -- I -- I'll try to be very

9   brief.

10                   On conflict preemption, the

11  conflict preemption argument that was raised

12  by the defendants on the prior appeal and that

13  was allowed by this Court was seven documents

14  that they said had federal standards, the

15  seven -- the so-called seven documents --

16  federal standards that were in conflict with

17  the state law standards.  They were given

18  permission to raise that again on remand.  Of

19  course, we haven't gotten to that stage yet.

20                   And, finally, Neztsosie -- and

21  I think this is important --

22                   JUDGE GORSUCH:  What do you

23  mean you haven't gotten to that stage yet?

24                   MR. DAVIDOFF:  Well, when we

Page 63

1   were remanded, they were given the opportunity

2   to do that.

3                    JUDGE GORSUCH:  Yeah.  We don't

4   have any of that here before us.

5                    MR. DAVIDOFF:  I completely

6   agree.

7                    JUDGE GORSUCH:  So what --

8   what's the upshot of that?  Is it gone by the

9   boards?  Is it --

10                   MR. DAVIDOFF:  They've either

11  waived their right to do it or Judge Kane

12  has -- I'm not sure.  I'll be frank, I don't

13  have an answer to that question because it was

14  left open on the prior appeal.  And Judge

15  Kane's briefing -- Order on briefing basically

16  told us to brief one question and then he

17  didn't reach other questions.

18                   To be completely candid with

19  The Court, that may be open on remand to them.

20                   Neztsosie, Footnote 6 says

21  that -- sorry, not Footnote 6.  The decision

22  says that the statute provides for removal to

23  a federal court as of right if a punitive

24  Price-Anderson action is brought in a state

Page 64

1    court.   Congress does express an unmistakable

2    preference for a federal forum at the behest

3    of the defending party.

4                    JUDGE GORSUCH:   That's what I

5    would have thought.

6                    MR. DAVIDOFF:   Right.   That's

7    what -- and -- and then they -- in Footnote 6,

8    they say it resembles what we have spoken of

9    as a complete-preemption doctrine.

10                   Well, this is no longer enough

11   to establish complete preemption.   A

12   Congressional preference for a federal forum

13   at the behest of the defendant -- defending

14   party is not equivalent to a federal statute

15   which expressly or by necessary implication

16   divests a state court of jurisdiction.

17                   And that's the difference as

18   explained in the Devon case and the Beneficial

19   Bank versus Anderson Supreme Court case, that

20   you can't have complete preemption unless

21   there's an exclusive federal remedy and a

22   state court doesn't have jurisdiction to hear

23   it.   A Congressional preference is not the

24   same thing.

Page 65

1              I had other points.  The only

2      other thing I would say, Your Honors, is that

3      we have, in the trial transcript, in the trial

4      exhibits, which are in the appendix, P-533 --

5      these are exhibit numbers -- P-149A, the trial

6      transcript at 31, 19 to 20, which is

7      Dr. Budnitz's testimony, these are just

8      several of the examples of levels of

9      plutonium -- plutonium contamination in the

10     Class area, anywhere from five to hundreds of

11     times the fallout level.

12              That is certainly substantial.

13     And if necessary, that could be re-presented

14     to the district court.  It's already been

15     presented to the district court.

16              I think I'm being told once

17     more to stop.

18              JUDGE GORSUCH:  Thank you.

19              MR. DAVIDOFF:  And I thank Your

20     Honors for your patience in hearing us.

21              JUDGE GORSUCH:  Thank you very

22     much.

23              Mr. Landau, anything further

24     from you?

Page 66

1                    MR. LANDAU:  Your Honors, the
2      only thing I'd like to maybe clarify --
3                    JUDGE GORSUCH:  If you -- if
4      you'd like to, feel free.  But if you do go to
5      the podium, we can hear you a lot better.
6                    MR. LANDAU:  Thank you.
7                    The only thing I was kicking
8      myself for not having specifically responded
9      to --
10                    JUDGE GORSUCH:  I've always
11     found that happening to me after oral
12     argument, which is why I ask.
13                    MR. LANDAU:  Yeah, so I
14     appreciate this last opportunity.  I'll be
15     very, very brief.
16                    Just one point was, they opened
17     their argument with this waiver point.  And I
18     think, Judge Phillips, you kind of said, well,
19     what did the district court get wrong?  And I
20     don't think you really got an answer.  That's
21     because there's just two separate preemption
22     issues here.  I just wanted to clarify this
23     one point.
24                    The last discussion, there was

Page 67

1  preemption within the Price-Anderson scope.

2  So you were talking about the federal claim

3  and where does the standard of care come from

4  and what -- what is their preemption there?

5  That was the preemption issue the last time.

6  Okay?

7           The preemption issue now is a

8  different preemption issue.  It's can you have

9  a freestanding state law claim outside the

10  scope of the federal claim.  And as Judge Kane

11  recognized, we vociferously and specifically

12  always said, you don't have anything outside

13  the four corners of whatever you have.  So

14  there clearly was no waiver.  And I just

15  wanted to clarify that.

16           JUDGE GORSUCH:  We follow that.

17  Thank you.

18           MR. LANDAU:  Thank you.

19           JUDGE GORSUCH:  Mr. Davidoff,

20  anything further from you?

21           MR. DAVIDOFF:  No, Your Honor.

22  It was (inaudible) -- it was fun.

23           JUDGE GORSUCH:  All right.

24           JUDGE MORITZ:  [Laughter]

Page 68

1  1                    JUDGE GORSUCH:  Let's -- let's

2  2     keep at that.  Let's keep it there then.

3  3                    Counsel, thank you very much

4  4     for a very helpful argument.  The Court

5  5     appreciates your assistance.  You're excused.

6  6                    We're going to take a

7  7     few-minute . . .

8  8                    (End of audio.)

9  9

10  10

11  11

12  12

13  13

14  14

15  15

16  16

17  17

18  18

19  19

20  20

21  21

22  22

23  23

24  24

Page 69

1      1          C E R T I F I C A T E

2      2

3      3

              I do hereby certify that the aforesaid
4
       4   hearing was transcribed by me from an audio recording
5
       5   to the best of my ability; and that I am neither of
6
       6   counsel nor kin to any party in said action, nor
7
       7   interested in the outcome thereof.
8
       8

9
       9

10
      10

11
      11

12            WITNESS my hand and official seal this
      12    13 day of July, 2015        .
13
      13

14
      14                            _Brigitte O. Stein_

15
      15

16                                  Notary Public
      16

17
      17

18
      18

19
      19

20
      20

21
      21

22
      22

23
      23

24
      24

**[& - appellants]**                                                          Page 1

| & | | |
|---|---|---|
| **&**  2:10,15,18,22 | | |

**0**

**00181**  1:19

**1**

**1**  68:1 69:1
**10**  68:10 69:10
**11**  68:11 69:11
**12**  68:12 69:12
**13**  68:13 69:12,13
**14**  68:14 69:14
**14-1112**  1:9
**149a**  65:5
**15**  22:23 68:15
  69:15
**16**  68:16 69:16
**17**  68:17 69:17
**18**  68:18 69:18
**1800**  1:23 3:22
**1801**  1:23 3:22
**19**  65:6 68:19 69:19
**19103**  1:24 3:22
**1988**  18:15 27:10
  58:23
**1990**  12:16 17:22
**1996**  4:5
**1:90**  1:19

**2**

**2**  15:10 68:2 69:2
**20**  1:21 17:21 49:21
  53:5 65:6 68:20
  69:20
**200**  54:20
**2000s**  50:19
**2003**  60:13
**2005**  13:23 55:8
**2006**  13:24
**2010**  5:21 7:23
  17:22 61:13,16
**2014**  1:21 5:2 27:15
  37:13
**2015**  69:12

**21**  68:21 69:21
**22**  68:22 69:22
**2210**  5:6 28:20 31:2
**23**  68:23 69:23
**24**  68:24 69:24
**25**  19:23
**266**  38:22
**26th**  61:16

**3**

**3**  15:10 68:3 69:3
**3.6**  42:12 44:7
**3.6.**  42:20
**3.7**  42:22 43:8,17
  44:13 45:10
**3.7.**  42:12,21 43:15
**3.8.**  45:13
**300**  58:3
**31**  65:6

**4**

**4**  68:4 69:4
**449**  42:12
**451**  43:14

**5**

**5**  68:5 69:5
**50**  55:6 58:6
**528**  50:22
**533**  65:4

**6**

**6**  63:20,21 64:7 68:6
  69:6
**681**  50:22

**7**

**7**  4:2,3 68:7 69:7

**8**

**8**  15:10,11 68:8 69:8
**821**  10:23

**9**

**9**  68:9 69:9
**96**  38:21

| a | | |
|---|---|---|

**ability**  69:5
**absolute**  20:12
**absolutely**  13:12
  18:16 27:8
**accept**  15:6
**accepted**  54:18,21
  54:22 62:6
**accidents**  18:18
**act**  4:24 11:23,24
  12:3,14,22 13:18,20
  14:12,21 15:3 16:3
  16:9 20:14,15 25:13
  25:19,23 26:3,6
  29:20 30:9 39:7
  40:4 51:12 58:18
**action**  5:3 28:19,21
  28:23 30:19,20,24
  30:24 31:2,4 34:24
  36:13 37:10,24
  38:20,23 39:2 63:24
  69:6
**actions**  27:11
**additional**  57:5
  60:21
**address**  15:21 29:13
  38:9,15 55:14,24
  56:7
**addressed**  5:13
  29:15 38:11
**adequate**  45:10
**adequately**  57:24
**adjudicated**  8:24
**advocating**  32:10
**affirm**  23:21 24:8
  47:3,21 49:23 54:2
**affirmed**  8:23 47:19
  48:10 55:1 56:3
**aforesaid**  69:3
**ago**  58:6
**agree**  60:6 63:6
**agreed**  14:17 22:12
**aids**  46:2

**akin**  30:1
**alive**  41:6
**allow**  59:17
**allowed**  13:1,2,4
  17:15 62:13
**allowing**  36:10
**allude**  18:14
**alternative**  15:12
**altogether**  31:16
  32:6
**amended**  15:21
  27:21 38:14,21
  58:24
**amendments**  27:10
**ancillary**  57:23
**anderson**  4:8,24
  11:22,24 12:14,19
  12:22 13:18,19,22
  14:12,21 15:3,19
  16:3,9,15 20:3,6,14
  20:15 22:7,7 24:5
  25:13,19,22 26:3
  29:6,20 30:9 39:2,4
  39:7,22 40:4 49:21
  51:12,16 52:11 53:5
  53:9,14 58:17 63:24
  64:19 67:1
**answer**  20:8 24:19
  61:13 63:13 66:20
**answered**  11:19
  57:24
**answers**  6:21
**anyway**  9:10
**app**  38:22 42:12
**appeal**  1:17 17:12
  17:17 22:5 41:24
  42:10 43:5 46:7
  50:11 52:10 54:19
  62:12 63:14
**appealed**  59:14
**appeals**  1:1
**appear**  11:21 17:7
**appellants**  1:6 2:13
  2:17

**appellees**  1:15 2:20 2:24 19:22
**appendix**  65:4
**applies**  14:13
**appreciate**  54:6 66:14
**appreciates**  68:5
**approve**  41:13
**approved**  42:23 44:7
**area**  65:10
**argue**  13:4
**argued**  21:5
**arguing**  17:7
**argument**  1:21 13:3 13:5 16:5 17:14,17 17:19,21 19:15 23:13 26:4 35:20 37:1 48:20 54:7 55:15,17,20 56:11 56:13 57:14 59:4 61:23 62:11 66:12 66:17 68:4
**arguments**  23:15 41:10 48:5 61:24 62:5
**arising**  26:14 28:19 31:2 35:5 36:14
**arose**  15:24 16:2
**aside**  47:2 49:5 53:20
**asked**  24:19
**assert**  26:14 34:5
**asserted**  7:3 15:8,23 16:2 26:17 31:10 38:12 39:13 41:4 51:14,15
**asserting**  25:18 26:24 27:13 28:8 29:16,22 30:21,23 34:24 36:13 39:4,5 39:7,10
**assertion**  24:11,12 26:2,5 37:1

**asserts**  25:2,8,11
**assistance**  68:5
**assume**  27:24
**assuming**  47:2
**assure**  19:15
**atlantic**  1:23 3:21
**atmospherically** 58:6
**audio**  68:8 69:4
**avoid**  5:1
**aware**  50:14,14

**b**

**b**  2:15 4:14 16:6 48:12
**babb**  1:5,6
**back**  5:19 7:15 23:23 38:20 49:9 50:18
**background**  58:4
**badly**  51:23
**ban**  58:7
**banc**  7:9 24:12,13 24:14
**bank**  1:8 16:15 64:19
**bar**  59:1
**barrel**  41:14
**bartlett**  1:5,5
**base**  26:21
**based**  45:21 59:7
**basically**  17:22 45:22 52:19 63:15
**basis**  46:3
**bearing**  11:2,2,3
**beaten**  51:19
**beginning**  7:4 12:16 38:19
**behest**  64:2,13
**believe**  4:5,16 8:16 8:21 19:3 53:23 55:11 57:2 61:15,16
**believed**  12:22 13:1 14:5 59:11

**beneficial**  4:8,16 16:15 64:18
**berg**  34:9 35:21 50:18
**berger**  2:10
**best**  9:18 62:4 69:5
**better**  66:5
**big**  22:4 45:20
**blessing**  46:24
**blum**  2:15
**boards**  63:9
**bombs**  58:5
**bottom**  42:16 43:8 43:17
**bound**  12:10 20:19 37:3 44:24 46:20 48:14,21
**bradley**  2:22
**breaux**  18:19
**brief**  6:21,24 7:1,19 9:3 44:22 47:15 58:11 61:13 62:9 63:16 66:15
**briefed**  57:22 58:14
**briefing**  63:15,15
**briefs**  10:17 24:9
**bring**  26:2,5 27:4,11 29:21 40:7 49:8 51:4,8
**bringing**  25:2,19 39:5 53:18
**brings**  20:2
**brought**  63:24
**budnitz's**  65:7
**burden**  21:3,6,9
**butting**  42:18

**c**

**c**  2:9 4:1 69:1,1
**caitlin**  2:12
**call**  53:7
**called**  58:4 62:15
**candid**  63:18
**can't**  12:5 29:23 46:5 47:2 48:9 51:8

53:3,13 64:20
**care**  4:22 67:3
**case**  4:4,5 6:11 7:3 10:21 11:6 12:1,16 12:21 14:16 15:15 18:10 19:24 21:23 22:17 24:1 25:24 26:2 33:20 39:16,19 41:2 48:18 49:21 50:10,20 52:10 53:12 55:2,5,8,10 55:12,13,16 56:15 56:18,20 59:2 62:3 62:7 64:18,19
**cases**  4:18 11:4,5,7 18:9 25:20 27:4 34:17 50:21
**cause**  37:10
**causes**  38:20,23 39:1
**centuries**  15:6
**cert**  61:17,21 62:3
**certain**  33:8
**certainly**  8:15 32:18 34:3 53:22 56:6 65:12
**certify**  69:3
**certiorari**  5:24
**challenge**  23:15
**challenges**  49:17
**chance**  22:18
**change**  12:5 15:2
**characterize**  39:1
**check**  35:1
**chemical**  1:14
**chicago**  2:23
**choice**  25:14
**chose**  52:15,16
**chris**  19:21
**christopher**  2:19
**cipollone**  18:9
**circuit**  1:1,21 2:6 4:9 15:3 18:21,24 19:2,4 29:14,14 34:9,11,14 38:5 50:3,8

**[circuits - davidoff]** Page 3

**circuits** 19:11
**citations** 11:11
**cited** 7:1
**cites** 17:5 61:12
**claim** 7:15,17 8:19
    8:22 11:9,22 12:14
    12:18,19 13:18,20
    13:21,22 14:6,7,18
    14:18 15:8,17,18,19
    15:22 16:8,9,23
    17:8 18:3,5 20:3,4,5
    20:13,14 21:24 22:8
    23:4 24:6,7,16 25:3
    28:22 29:6,8,19,21
    29:24 30:2,4,11,11
    31:1,24 34:12,16
    37:24 38:3,12 39:20
    39:21,22 40:8,9,10
    40:10,13,22 41:3
    46:12 49:21,22
    50:16 51:9,13 52:11
    52:12,18 53:4,5,8,9
    53:10,11,18,22 54:1
    55:23 56:2 58:12,13
    67:2,9,10
**claims** 6:15 12:23,24
    14:19 34:4,10 38:17
    38:17 39:10,13 48:7
    50:9,23,24 51:2,6,7
    55:23 59:12 61:6
**clarification** 61:3,10
**clarify** 66:2,22
    67:15
**clarity** 23:1
**class** 65:10
**clear** 18:16 37:11
    44:7 61:6
**clearly** 13:17,19,20
    15:11 19:7 36:1
    38:13 41:8 53:6
    59:15 67:14
**clients** 33:15
**cognizance** 45:11
**colorado** 1:18 2:16
    10:11 11:9 14:6,19

16:1 23:9,10 24:6,7
    42:6 52:18 58:14
**combined** 14:7
**come** 67:3
**commented** 4:9
**company** 1:14
**compelling** 55:17,20
    56:14
**complaining** 43:3,4
    43:21
**complaint** 15:21,24
    30:7 38:14,21 39:8
    45:10
**complete** 4:7,17
    16:8 17:8 18:1,6
    30:1 58:17 60:16
    64:9,11,20
**completely** 16:24
    23:19 24:20,22
    33:12 37:23 38:6
    45:24 53:15 58:18
    63:5,18
**complex** 53:14
**complexity** 40:4
**complicated** 27:21
**component** 22:6
    30:13
**concentrations** 58:2
**conceptually** 14:4
**concern** 44:13
**concerned** 5:12
    11:15
**conducted** 13:24
**conflict** 17:15 32:24
    33:3,5 34:3 36:1
    62:10,11,16
**confused** 14:4
**congress** 32:4 33:15
    36:20 37:11 58:24
    64:1
**congressional** 4:14
    64:12,23
**congress'** 4:11
**consequently** 26:12

**consistent** 8:16
    15:16 37:7 60:8
**consistently** 11:13
    19:9
**constitutes** 25:11
**construe** 48:9 49:12
    49:18
**contamination** 65:9
**contend** 16:6
**continue** 28:12
**contrary** 4:23 19:1
    37:6 58:20,22 60:12
    60:14
**controneo** 34:15
**controversy** 22:4
**cook** 1:3 10:19 12:5
    22:4,23 29:5 33:6
    33:21 38:4 44:19
    47:4 53:24 60:13
**corners** 67:13
**corporation** 1:14
**correct** 7:10,12 14:9
    27:8 33:17 39:11
    46:13 49:10
**coslett** 2:12
**cotroneo** 19:2 50:19
**couldn't** 41:8 51:6
    61:24
**counsel** 68:3 69:6
**counts** 15:24 38:14
**couple** 17:4
**course** 23:18 25:17
    25:23 27:17 47:16
    47:21 62:19
**court** 1:1,17 5:14
    6:6,10,23 7:16 8:10
    9:13 10:4,4 12:22
    13:1,2,3,4,6 14:17
    16:17 17:2,11,12,14
    18:2,4,24 19:9,21
    20:1,11 22:12,17,20
    22:22 23:7,8,11,12
    23:13,20 24:2,10,14
    25:12,20,20 26:1
    27:5,12 28:9,18

29:4,10,13,18,23
    31:21,24 33:6 38:4
    38:10 39:15,15 41:6
    42:19,24 46:6,10,24
    47:11,17,18 48:20
    48:21 49:5,12 50:1
    50:3,8 51:7 52:24
    53:24 54:19,19,22
    55:24 59:18 60:9,11
    60:12 62:2,3,13
    63:19,23 64:1,16,19
    64:22 65:14,15
    66:19 68:4
**courts** 18:17,17
    27:12 34:17
**court's** 6:22 7:23,24
    9:4 38:15 52:9 59:8
    61:3,14
**coverage** 11:23
**create** 27:10
**creates** 29:6 51:16
**creating** 5:1 33:10
    37:9
**critical** 30:14 34:2
**critically** 23:12
**crystally** 32:17,20
**curious** 9:11
**current** 28:14
**cv** 1:19

**d**

**d** 4:1 15:10
**d.c.** 1:19 2:20
**damage** 12:12
**damages** 8:17 25:15
    54:20 58:24 59:1
**daunting** 55:10
**david** 2:11
**davidoff** 2:11 4:2
    5:9,20,23 6:2,8,13
    6:16,20 7:10,18 8:4
    8:7,11,15 9:5,17,21
    10:16 11:1,17 12:4
    12:8 13:9,12,14
    14:10,15,23 15:23

17:10 18:23 19:16
19:18 54:8,15 55:18
56:4,8,12 57:1,8,12
57:18 59:5,22 60:2
60:23 61:8,22 62:24
63:5,10 64:6 65:19
67:19,21
**day**  69:12
**dead**  55:7
**deal**  53:1
**dealing**  59:9
**dean**  1:8
**deboskey**  2:15
**decide**  20:1 41:1
**decided**  33:15 40:13
**decision**  5:2,17 7:20
7:24 8:8 14:13
17:18 19:2,3 24:9
28:23 37:15 40:6
60:13,14 63:21
**decisions**  10:20,20
18:21 19:1 50:8
**deemed**  28:19 30:24
**deeming**  28:21 31:1
**defeat**  52:20
**defendant**  16:19
27:3 54:24 64:13
**defendants**  1:15
2:20,24 11:12 12:21
13:2,4 16:5 17:6,13
20:10 25:17,21
27:11 55:4 62:12
**defending**  64:3,13
**define**  42:23
**defined**  44:1
**definition**  4:6 27:17
36:12 41:19 45:4
**definitions**  43:2
46:15
**deimer**  1:9,10
**delores**  1:4
**denial**  7:6
**denver**  2:16
**dependent**  13:16

**derived**  5:3 28:24
**devastating**  33:12
**develop**  61:24
**developed**  17:13,16
17:20 61:23
**devon**  4:4,16 16:15
18:10 64:18
**dicta**  56:19
**didn't**  7:11,13 8:1
11:8 36:16 39:18
40:7,16 41:9,13
47:21 48:11 49:14
53:7 54:21 56:1,14
59:17 60:9 61:2
63:17
**difference**  64:17
**different**  26:19
27:22 29:7 39:18,20
39:23 40:10 41:21
67:8
**difficult**  55:9
**dimension**  27:8
**dimensions**  22:2
**direct**  60:9,18
**directed**  60:19
**direction**  9:9
**disagreed**  13:6
58:14
**disagreeing**  10:9,13
**disagrees**  9:14
**disclaim**  57:16
**discrete**  37:12
**discussion**  24:4
45:16 66:24
**displaced**  4:23
**displayed**  16:24
**dispute**  13:15 16:11
18:8
**disputed**  42:11
**dissenter**  7:6
**distinguish**  19:7
**distinguishable**  19:6
**distress**  11:4,5,7
34:12 40:22 51:5,9
51:13

**district**  1:17,18 8:10
9:14,24 10:9 17:2
23:7,8 42:19 46:6
48:19,21 49:4 59:17
60:9,11,12 65:14,15
66:19
**diversity**  7:2,4 12:16
13:11,15 15:8 16:1
18:4 38:12 61:15
**divests**  64:16
**doctrine**  30:1 64:9
**document**  38:22
**documents**  62:13,15
**doesn't**  36:18 43:2
64:22
**doing**  49:13
**don't**  9:1 10:11 13:5
26:11,20,23 31:18
31:22 32:2 33:22
34:4,6 35:23 37:5
46:18 49:1 51:9
52:22 56:13 59:9,9
60:5 61:1,12 63:3
63:12 66:20 67:12
**door**  30:3 39:23
**doubt**  11:6
**dow**  1:14 19:22
**dr**  65:7
**dumontier**  19:4
50:20

### e

**e**  2:9,9 4:1,1 15:11
69:1,1
**early**  50:19
**easiness**  40:3
**easy**  41:2
**eaten**  14:2
**eating**  10:12
**effect**  58:16 60:16
**either**  51:9 63:10
**element**  24:15 43:9
43:24 44:1
**elements**  23:5,6,8
41:18 44:8 46:11

52:13 53:17
**ellis**  2:18,22
**embraced**  12:23
14:24
**emotional**  11:4,5,7
34:12 40:22 51:5,8
51:13
**emphasize**  53:13
**en**  7:9 24:12,13,14
**encompass**  38:16
**encompassed**  46:23
**enjoyment**  43:12
**enter**  24:18
**entire**  6:7 8:1 53:14
61:7
**enumerated**  37:13
**equivalent**  16:20
64:14
**erred**  6:6
**esquire**  2:11,11,12
2:12,15,16,19,19,22
2:23
**establish**  26:10,17
36:3 37:22 64:11
**events**  55:6
**everybody**  12:9
50:14
**evidence**  10:6 11:12
42:6 48:7 49:12
57:5 60:21,24
**evidenced**  4:12
**evidentiary**  11:16
47:8 48:6 55:21
**evolution**  10:19
**evolved**  16:22
**exact**  39:21 40:9
61:12
**exactly**  10:18 27:16
40:14 44:3 60:9
**examples**  65:8
**exclusive**  4:16 16:13
16:16,17,20,22
64:21
**excuse**  21:12 55:17

**excused** 68:5
**exhibit** 65:5
**exhibits** 65:4
**expansive** 4:6
**expensive** 55:10
**explain** 10:18,22
17:1
**explained** 29:5
64:18
**express** 35:23 64:1
**expressed** 53:1
**expressly** 42:24 44:7
64:15
**extent** 10:8

**f**

**f** 2:11 10:23 69:1
**f.3d** 50:22
**fact** 16:13 17:7
24:13 34:23
**fail** 36:8
**failed** 13:18 21:5
22:15 23:8 31:11
33:24 35:12,12
36:15 53:8,10
**fails** 20:2
**failure** 20:22 36:9
**fair** 10:7
**fallout** 58:5 65:11
**favor** 16:9 41:5
**fed** 18:2
**federal** 4:17 5:1
14:8 16:17,21,23
18:2,6 19:11 20:3
21:22 22:6,7,10,11
22:13,15,19 23:5
24:4,15,20,22 25:1
25:3,12,20 27:4,12
28:8,18,22 29:6,24
30:8,9,11 31:1,20
33:5,7,8 36:3 37:10
52:12 53:11,17
62:14,16 63:23 64:2
64:12,14,21 67:2,10

**feel** 51:23 54:12,14
66:4
**felt** 56:6
**field** 17:13,16,21
**fifteen** 10:19
**fifth** 19:2 29:14
34:14
**fight** 45:20
**fighting** 44:20
**figure** 30:22
**file** 5:23
**filed** 6:22,24 7:20
9:3 61:12,16
**final** 12:8
**finally** 62:20
**find** 35:23
**finding** 57:6 60:22
**finishing** 8:11
**fire** 21:17
**first** 4:20 12:5 16:6
17:10,12 22:3 43:8
43:24 48:14,22
49:13,17 54:18,19
57:21
**five** 58:3 65:10
**flats** 58:2
**follow** 13:7 24:18,21
31:5 67:16
**footnote** 4:3 22:23
63:20,21 64:7
**forum** 64:2,12
**found** 20:21 66:11
**four** 67:13
**frame** 37:14
**framework** 20:6
34:6,7
**frank** 63:12
**frankly** 60:12
**free** 52:10 54:12
66:4
**freestanding** 20:4
24:6 29:7,19 38:3
39:1,10 49:22 50:9
52:17 53:8,10,22
67:9

**fulfill** 30:8
**fun** 67:22
**funds** 36:20
**further** 8:12 60:7
61:23 62:1 65:23
67:20

**g**

**g** 2:11,12 4:1
**gary** 2:15
**general** 30:5
**gertrude** 1:6
**getting** 59:7
**give** 11:10 21:2
22:18,24 51:22
**given** 10:3 11:23
62:17 63:1
**gives** 17:5
**giving** 9:9 56:17
**go** 5:8 23:16 33:12
34:22 49:13 66:4
**goes** 4:24 23:23
42:22 44:3 50:18
**going** 11:6 18:13
22:21,24 23:16
36:23 37:19 51:21
51:1 68:6
**golden** 34:11 50:20
**gorsuch** 2:2 17:1
18:20 20:7,18,21
21:4,10,13,17 24:18
25:6 26:12,22 27:14
27:19,23 28:2,5,13
28:16 29:3,9 30:15
31:5,8,13,16,18
32:2,9,13,19 33:2
33:14,19 34:19 35:1
35:7,11,14,17 36:4
36:7,21,24 37:18
41:12,15,23 42:4,13
42:20,22 43:7,11,16
43:20,23 44:11,23
45:5,9,13,17 46:9
46:14,20 47:9,14,23
48:4,13,17 51:18

52:5 54:3,6 62:22
63:3,7 64:4 65:18
65:21 66:3,10 67:16
67:19,23 68:1
**gotten** 62:19,23
**great** 4:24 10:17,22
53:1
**gregory** 2:3
**ground** 13:11
**grounds** 47:8
**group** 37:12
**guess** 25:6 26:22,23
32:23 34:2 39:17
52:7,20
**guidance** 23:1 56:16
56:17

**h**

**h** 2:22
**hadn't** 17:16 25:5
**hand** 69:12
**hanford** 34:9 50:20
**happen** 23:2 47:19
**happened** 10:18
58:23
**happening** 66:11
**haven't** 8:18,19
39:12 61:7 62:19,23
**heads** 42:18
**health** 43:6
**hear** 18:3,5 59:23
60:3 64:22 66:5
**hearing** 65:20 69:4
**heartland** 39:6
**held** 11:23 17:12
26:4,11 34:9,11,14
58:16 60:12
**help** 9:20 20:8
**helpful** 68:4
**hey** 24:3
**hh** 5:2 27:15 30:18
**history** 4:15 16:12
18:13,15 57:19
58:21,23 60:15

**home** 26:21
**hon** 2:2,3,5
**honor** 19:19 21:16
 22:3 26:8 27:6
 28:11 30:13 32:8,16
 34:1,22 35:24 38:18
 42:3,9 43:4,14 44:9
 44:17 45:7 47:1,13
 48:8 52:8 53:13,23
 54:16 60:4 61:8
 67:21
**honors** 11:10 12:10
 24:8 65:2,20 66:1
**house** 46:2
**huh** 11:17
**hundred** 61:24
**hundreds** 65:10
**hybrid** 23:4 52:12

**i**

**idea** 38:2
**ignore** 57:14
**ignored** 57:11
**illinois** 2:23
**impact** 10:14
**impairment** 9:15
 10:1,5
**implication** 64:15
**implicitly** 23:20
**important** 4:13
 62:21
**imposes** 33:6
**inaudible** 67:22
**incident** 5:4 20:12
 20:23 21:1,20,21
 25:2,12 26:11,15,18
 27:1,7,13,17 28:10
 31:11,21,23 35:6,10
 36:8,15 50:23,24
 51:14,15 58:13
**incidents** 24:21,23
**including** 12:9
 14:16 38:24 55:23
**inconsistent** 5:5
 8:13 15:14,16 23:19

29:1
**incorporates** 37:24
**incorrectly** 21:1
**increased** 42:17
 43:18 46:23
**increment** 43:5,17
**indemnification**
 25:15 33:16
**independent** 59:12
**indicate** 6:5,9 44:4
 44:14
**indicated** 9:24 44:4
**indicates** 7:24 9:13
**indication** 4:21 32:3
**indistinguishable**
 37:23
**industry** 33:13
**injuries** 37:12
**injury** 10:1 22:6,11
 22:13,16,19 29:17
 29:22 33:7 34:13
 36:3,16,19 51:5,7
 51:10 53:6
**insofar** 62:6
**instances** 17:6
**instruct** 23:9
**instructed** 9:8 10:4
 10:5 21:1 41:16
 45:1 46:11 52:13
**instruction** 44:6
**instructions** 8:22
 10:3 41:14 42:1,11
 42:16 44:20 46:4
 55:2
**insufficient** 44:14
**intact** 49:14,14,19
**intent** 4:14
**intention** 37:11
**interest** 21:22
**interested** 69:7
**interesting** 32:12
 50:21 60:1,3
**interference** 43:12
**international** 1:13

**interplay** 30:16
**interrupted** 50:4
**involved** 5:5 34:12
**involves** 50:21
**island** 40:3
**isn't** 16:13 20:9
 44:16
**issue** 17:3 20:1
 25:19 29:13,15
 32:18 38:5 50:15
 58:11 67:5,7,8
**issued** 50:10,18
 57:20
**issues** 23:2 55:21,21
 56:7,14 57:23 66:22
**it's** 10:7 11:21 12:13
 14:6,12 16:10 17:3
 22:11 23:4 30:24
 33:22,23,23 38:5
 40:9 45:24 49:16,17
 56:13 58:22 65:14
 67:8
**ix** 60:13
**i'd** 52:8 66:2
**i'll** 32:19,20,21
 54:15 62:8 63:12
 66:14
**i'm** 5:11 9:11,11
 10:12 11:14 14:3,4
 14:4,11 21:15 31:8
 31:9 32:13 34:19
 37:3 41:12 43:8,14
 48:13 50:3 51:20,21
 53:2 55:18 56:8
 59:19 61:9,18 63:12
 65:16
**i've** 27:23 66:10

**j**

**j** 1:9,10
**jaws** 52:19
**jennifer** 2:12
**jlk** 1:19
**jot** 41:21

**jr** 1:4
**judge** 5:7,9,11,22
 6:1,3,9,14,18 7:7,8
 7:13,22 8:6,9,14 9:5
 9:14,18,22,24 10:9
 10:24 11:14,18 12:7
 13:7,10,13 14:1,3
 14:10,14,22 15:20
 17:1,24 18:6,20
 19:14 20:7,18,21
 21:4,10,13,17 23:24
 24:17,18 25:4,6
 26:12,22 27:14,19
 29:3,9 30:15 31:5,8
 31:13,16,18 32:2,9
 32:13,19 33:2,14,19
 34:19 35:1,7,11,14
 35:17 36:4,7,21,24
 37:18 38:8 39:9
 40:12,16,19,23
 41:12,15,23 42:4,13
 42:20,22 43:7,11,16
 43:20,23 44:11,23
 45:5,9,13,17 46:9
 46:14,20 47:9,14,23
 48:4,13,17,19 49:1
 49:4,8 50:2,7,13
 51:18 52:5 54:3,6
 55:14,19 56:5,9,10
 56:23 57:3,10,13,20
 58:10,16 59:3,6,24
 60:18 61:2,20 62:22
 63:3,7,11,14 64:4
 65:18,21 66:3,10,18
 67:10,16,19,23,24
 68:1
**judges** 2:6
**judge's** 10:23
**judgment** 5:18,18
 6:7 8:5 23:16,21
 47:19,22 54:23
**july** 69:12
**june** 17:18

**jurisdiction** 7:2
12:17,17 13:11,16
13:17 15:8 16:1,3
16:14,17,18,20,21
16:23 18:18 38:13
64:16,22
**jurisdictional** 27:7
30:12
**jurisdiction's** 16:16
**jury** 9:7 10:2,4,5
20:24 23:9 40:13
41:16 42:1 44:5,24
46:10 55:3
**jury's** 57:6 60:21

**k**

**kane** 17:24 18:6
57:20 58:10,16
63:11 67:10
**kane's** 63:15
**keep** 37:18 68:2,2
**kelly** 2:16
**kevin** 2:23
**kicking** 66:7
**kin** 69:6
**kind** 5:11 27:20
32:24 36:1 40:2
53:21 66:18
**kirkland** 2:18,22
**know** 12:11 24:1,1
24:19 32:15 33:10
33:21 35:15 39:24
44:18 45:19 46:9
52:21 55:5,6,8

**l**

**l** 1:9
**label** 30:3 39:23
**lack** 42:5
**landau** 2:19 19:20
19:21 20:17,20,24
21:7,12,15 22:1
24:24 25:7 26:7,16
27:6,16,20 28:1,4
28:11,15,17 29:4,12
30:17 31:7,12,15,17

32:1,7,11,15,22
33:4,17 34:1,21
35:3,8,13,15,19
36:5,11,22 37:4,20
38:18 39:11 40:14
40:18,20,24 41:18
42:2,8,15,21 43:1
43:10,13,19,22,24
44:9,17 45:3,7,12
45:14,18 46:13,17
46:22 47:12,16 48:2
48:8,15,23 49:3,6
49:10 50:5,12,17
51:19 52:4,7 54:5
54:11 65:23 66:1,6
66:13 67:18
**language** 32:14,17
**late** 13:3
**laughter** 67:24
**law** 4:22 5:3 10:11
11:22 12:23,24
14:12,19,20,24 15:2
15:4,5 16:1,8,22
18:3,5 20:5 21:23
22:9,16 23:10,10
24:7,20,22 25:1,14
25:14 28:24 29:1,8
29:21 30:3,8,10
33:5 34:4 36:10
37:14 38:11,24
39:13 40:8 41:7
42:7 45:21 49:22
50:9,16 51:13 52:18
54:1 58:14,19 59:12
62:17 67:9
**leave** 49:14 54:1
**left** 8:1,10,10 23:21
41:6 49:13,18 52:10
63:14
**legal** 1:22 3:21
11:15 22:20 35:4
52:14
**legislative** 4:15
16:12 18:12,14
58:21,22 60:15

**lengths** 4:24 10:17
10:22
**let's** 68:1,1,2
**level** 65:11
**levels** 65:8
**liability** 15:13 26:14
30:19,20,21,23 33:7
33:11 34:5,23,24
35:4,4 36:13,14
37:22 39:8
**light** 4:8
**limit** 37:11 52:16
**limitations** 25:15
**limited** 30:7
**limits** 62:1
**line** 42:16
**litigated** 24:2 44:19
49:20 53:4
**little** 54:10,13
**llp** 2:18,22
**lock** 41:14
**long** 55:15
**longer** 64:10
**look** 33:9 38:20
41:10 42:10 44:21
**looked** 9:8
**looking** 16:14 31:9
32:13 34:20
**lorren** 1:5
**loss** 12:12
**lost** 8:17,18
**lot** 18:12 51:19 66:5
**lucero** 7:7
**lucid** 12:17,20
**luck** 31:14 32:5

**m**

**m** 2:2
**macnaughton** 2:12
**magically** 53:9
**main** 22:12
**major** 62:7
**mandate** 48:22
54:18 56:21 57:4,7
57:15 59:8 62:6

**manifestation** 4:14
**marked** 15:1
**market** 1:23 3:22
**master** 30:7
**materials** 51:4
**matter** 22:16
**mean** 4:18 11:11
16:4 18:11 33:11,20
34:8 44:18 47:20
48:16 50:17 51:16
56:11 62:23
**means** 35:4
**meant** 4:23 47:3
**mechanism** 27:11
**medical** 34:10
**medtronic** 18:10
**meet** 21:3,5 23:4,5
33:8 34:4,13 36:16
36:18 51:9 53:7,17
58:8,18
**mention** 15:9
**merilyn** 1:3
**merrill** 2:11
**messed** 23:7
**michael** 1:8
**mid** 1:23 3:21
**million** 54:20
**minute** 5:8 51:22
52:2 68:7
**minutes** 19:12 51:20
54:12
**mistaken** 61:18
**modification** 5:17
6:4
**monitoring** 34:10
**montague** 2:10
**moritz** 2:5 5:7,10,11
5:22 6:1,3,9,14,18
7:8,13,22 8:6,9,14
14:3,10,14,22 15:20
23:24 38:8 39:9
40:12,16,19,23
48:19 49:1,4,8 50:2
50:7,13 55:14,19
56:5,9,10,23 57:3

57:10,13 59:3,6,24
60:18 61:2,20 67:24
**morning** 51:24
**motion** 7:9,11
**move** 57:17

### n

**n** 2:9 4:1
**nancy** 2:5
**narrow** 19:24 40:7
**narrower** 16:10
**narrowing** 15:3
**navajo** 29:21
**necessarily** 8:23
12:18 13:21 29:24
**necessary** 4:17 9:15
10:10 13:21 15:18
54:14 64:15 65:13
**need** 4:7 20:1 23:17
26:14 44:14 47:5
55:24 56:7 61:6
**needed** 9:2 61:9
**negligence** 58:12
**neil** 2:2
**neither** 69:5
**never** 24:2 38:2,4
39:12 49:23 57:9,22
**new** 5:19 17:19 40:8
**neztsosie** 29:18,20
62:20 63:20
**nine** 54:12
**ninth** 19:4 29:14
34:8,11
**non** 24:23 50:24
51:4 58:13
**nonsensical** 36:2,9
**normal** 25:17,23
27:2
**normally** 26:24
36:10
**notary** 69:16
**note** 61:17
**notion** 23:19
**notwithstanding**
30:5

**november** 1:21
**nuclear** 5:4 20:12,22
21:1,20,21 24:21,23
25:2,11 26:10,15,17
26:24 27:7,13,17
28:9 29:17,22 31:11
31:21,23 33:11 34:5
35:5,10 36:8,15
39:7 50:23,24 51:14
51:15 58:5,13
**nuisance** 8:22 9:8
9:10 10:10 11:9,22
12:18,23 13:20
14:18 15:5,18 21:23
23:10 24:6,16 31:24
38:24 41:7,13,16,19
41:22 42:6 45:21
46:11 48:7 52:18
55:1,2,13,16,23
58:13
**number** 55:21,22
**numbers** 65:5

### o

**o** 4:1
**objection** 41:24 42:5
**objections** 47:6,7
58:9
**objectives** 4:11 30:9
33:9
**obviously** 18:13
20:9
**occurred** 9:1
**occurs** 5:5
**offensive** 34:15
**official** 69:12
**oh** 26:7 52:20
**okay** 7:22 9:21 12:6
13:13 28:1,16 29:12
35:2,3,8 42:15
43:11 60:8 67:6
**old** 55:6
**older** 4:4
**once** 19:24 24:2
25:10 65:16

**ones** 19:1,5 25:18
26:24
**open** 63:14,19
**opened** 66:16
**operate** 36:10
**operations** 27:2
**operative** 38:22
**opinion** 4:4 8:13,17
9:6,13 10:8 12:6,10
12:11 17:4 22:21,22
23:14 26:9 37:6,7
41:11 48:10,14,22
59:10 60:8
**opportunity** 21:2
57:5 63:1 66:14
**option** 16:19 49:2,5
**oral** 66:11
**order** 6:4 7:23 10:13
27:2 28:10 61:3
63:15
**ordered** 58:10,11
**ostensible** 34:4
**outcome** 69:7
**outside** 11:22 12:3
12:13 20:5 29:19
67:9,12
**overlay** 22:10
**overturned** 6:12
**overwhelming** 58:1

### p

**p** 2:9,9 4:1 65:4,5
**p.c.** 2:10,15
**pa** 3:22
**paa** 37:10
**page** 43:14,17 44:2
44:16 45:6 62:1
**pages** 17:4
**panel** 5:17,20 6:10
7:11 11:23 20:21
24:15 26:4,11 44:4
44:23 47:4 51:23
**panelists** 28:3,3
**paragraph** 38:21

**parcel** 12:19 14:20
**part** 6:7,11 8:2
12:18 13:21 14:20
15:18 22:21 23:21
27:9 56:18 57:11,15
59:16,19
**particular** 37:24
**particularly** 15:2
**parties** 6:24 12:20
13:23 14:16,17
60:10
**party** 20:2 25:1 64:3
64:14 69:6
**patience** 65:20
**peggy** 1:10
**pendency** 50:11
**pendent** 12:17 13:17
13:19
**pennsylvania** 1:24
2:13
**perfect** 25:9
**permission** 62:18
**permissive** 16:18,19
**permits** 15:12
**permitted** 17:23
**person** 36:18,23
**personal** 53:6
**persuaded** 29:10
**persuading** 20:11
26:1
**perverse** 36:17
**petition** 5:24 24:11
24:13 61:18,21 62:4
**phase** 10:21
**philadelphia** 1:24
2:13 3:22
**phillips** 2:3 9:5,18
9:22 10:24 11:14,18
12:7 13:7,10,13
14:1 19:14 24:17
25:4 66:18
**physical** 51:5,7
**place** 31:10 32:4
36:19

[plaintiff - related]                                                                 Page 9

plaintiff 2:17 25:10
  29:16,16 30:6 31:10
  37:16,21
plaintiffs 1:6,11
  2:13 12:21 21:2
  22:8,15 26:23 32:4
  52:10 53:2,16 60:20
plaintiffs' 26:13
plead 37:16,21
pleaded 38:19,19
please 19:20
plutonium 58:2,4
  65:9,9
podium 66:5
point 4:10 27:9
  30:14 31:9 32:23
  33:18 34:2 35:16
  54:17 61:11 66:16
  66:17,23
pointless 36:2
points 65:1
pool 36:20
portion 9:12 58:24
portions 29:2 62:7
position 19:8 21:20
  22:8,10,14 28:14
  39:14 49:15
possibility 31:20
possibly 47:3
precisely 36:5 40:5
  41:8
preempt 24:22
preempted 39:24
preemption 4:7,11
  4:18 16:8 17:8,14
  17:15,17,21 18:1,6
  30:1 32:24 34:3
  35:23 36:1 40:1
  41:3 58:17 59:4,21
  60:16 62:10,11 64:9
  64:11,20 66:21 67:1
  67:4,5,7,8
preempts 24:21
  51:12 58:19

preexisted 27:18
preference 64:2,12
  64:23
preliminary 5:12
premise 17:18
presented 65:13,15
preserve 62:5
preserved 38:10,11
  59:13
pressed 12:15
presumably 50:14
pretrial 9:23 10:13
  10:21
pretty 55:16,20
prevail 28:10
price 4:24 11:22,24
  12:14,19,22 13:18
  13:19,22 14:12,21
  15:3,19 16:3,4,9
  20:3,6,14,15 22:7,7
  24:5 25:13,19,22
  26:3 29:6,20 30:9
  39:2,4,7,22 40:4
  49:21 51:12,16
  52:11 53:5,9,14
  58:17 63:24 67:1
prior 52:9 62:12
  63:14
problem 59:7
procedural 57:19
proceed 20:5 60:10
  60:11,19
proceedings 8:12
  60:7
produce 57:5 61:1
produced 60:24
producing 60:20
proof 20:11,12,22
  21:3,6,9 44:6,15
  58:1
proper 22:19 52:14
properly 9:7 23:9
  41:16 45:1 46:10
  52:13

property 12:12,13
proposed 21:8
proposition 26:9
protect 36:20
protections 25:22
prove 9:15 10:10
  20:2 22:18 28:9
  31:11 33:24 35:9
  36:15 51:6
proves 47:21
provide 33:15
provides 63:22
public 30:19,20,21
  30:23 34:23,24 35:4
  36:12 37:22 69:16
punitive 8:17 54:20
  58:24 59:1 63:23
pure 22:9
purpose 4:12
purposes 4:10 42:6
pursue 7:16 20:13
  39:19 52:11 58:12
pursuing 31:24
put 30:2 33:1 36:19
  39:23 47:2 61:17
putting 53:20

## q

question 5:12 6:23
  11:15 18:24 20:8
  21:11,14 22:2 23:24
  25:7 26:19 32:12
  53:21 57:21 59:21
  60:1 61:15 63:13,16
questions 6:23 9:4
  57:21 61:14 63:17
quite 51:19

## r

r 2:9 4:1 69:1
radioactive 51:2,3,4
raise 9:2,2 13:2
  17:15,23 62:18
raised 5:14 23:15
  38:2 62:11

raising 16:5
ran 54:11
rate 11:5
reach 11:7 41:9 47:5
  56:14 63:17
reaching 49:16
read 9:6,12 10:2,15
  25:7 26:6 33:21
  37:2,5
reading 10:8 45:15
  45:15
reads 14:12
realize 56:1
realized 56:6
really 5:13 52:9
  66:20
reason 53:16
reasonable 41:20
  45:4 49:18
rebecca 2:19
rebuttal 19:13
recodified 15:11
recognized 33:6
  34:18 38:6 67:11
record 17:5
recording 69:4
recover 36:23 45:20
  46:5
recovery 37:12
region 1:23 3:21
rehearing 5:16 6:4
  7:5,7,9,11,12 24:12
  24:13
reinstate 39:21
  40:11 47:24 59:18
reinstated 8:3 11:20
  41:7 54:1
reinstatement 23:13
reject 26:13
rejected 33:20 35:21
  37:1 46:6
relabel 20:4
related 29:17,22
  56:17

relating 35:5
relative 15:4
remained 6:11 7:3
remaining 56:7
remand 5:15 8:12
  17:16,23 22:17 23:3
  39:15 48:22 57:4
  60:19 62:18 63:19
remanded 21:2
  39:16 57:20 60:7
  63:1
remanding 22:24
remedied 44:15
remedy 4:17 16:13
  64:21
removal 16:18,19
  63:22
reported 10:19
representations
  46:18
representing 2:13
  2:17,20,24
required 20:13
  37:16,21 44:8
requirement 22:11
  22:13,16,19 34:13
  36:17,19 51:10
requirements 24:5
  33:7,8 36:3
requiring 10:6
resembles 64:8
reserve 61:15
respect 9:7 26:8
  51:1 53:23
respectfully 60:6
respects 55:1
responded 66:8
response 6:22 9:4
  38:9 41:10
rest 45:16
restatement 10:23
  45:21
restrictions 25:13
rests 4:11

resulting 36:14
resurrect 8:18,20
  54:21
retain 18:17,17
retrial 56:22
retried 56:15,20
retry 55:5,10,12
reversal 38:16
reverse 5:18 8:1
  59:17
reversed 6:19 8:8
  59:14,15 61:7
reverses 24:14
reversing 9:10
review 57:19
revisited 4:7
rhonda 1:9
rice 1:8
richard 1:4
right 5:22 6:20 8:6
  8:14 9:17 10:24
  14:1,14,22 15:20
  17:24 18:3,5,7,22
  22:1 26:16 27:15,16
  27:19 28:14 29:3,12
  31:7,12,15 32:1
  34:21 35:7,13,14,18
  37:20 40:18,19,23
  41:17 42:14 43:12
  45:17 46:17 48:23
  49:3,6 50:6 51:18
  54:24 59:5,22 60:2
  63:11,23 64:6 67:23
risk 42:17 43:6,18
  46:23
rockwell 1:13 19:22
  26:5 33:21
rockwell's 21:19
rocky 58:2
room 12:9 34:3
rubric 33:24
rule 15:10,11 30:6
  41:4 48:22
rules 5:2 14:13
  28:23 31:3 37:15

ruling 9:23 10:23
rulings 48:6

**s**

s 2:9 4:1
sally 1:5
sandoval 1:10,11
satisfy 22:15 34:7
save 19:12
saw 55:24
saying 26:20 41:21
  42:9 43:5 47:20
says 12:11 25:1
  28:12,22 30:2,19
  37:8,9 43:13 63:20
  63:22
scheme 38:7 51:16
  53:15
schierkolk 1:4,4
schmelling 4:5
scholarly 60:14
scientific 10:6 44:5
  44:15 46:3
scientifically 45:24
scope 26:3 67:1,10
sea 40:3
seal 69:12
search 24:9,11
second 4:9,10 10:23
  16:7 38:21 44:1
section 28:19 29:2
  31:2 37:13
see 5:1 31:18,19,19
  31:23 32:3 59:10
  61:20
seek 5:16 6:4 7:5,11
  40:7,8
senator 18:18
send 5:19
sending 51:21
sense 47:17
sent 6:23
sentence 45:15
separate 38:2,3
  40:21 66:21

separately 40:17
set 40:17 49:5 62:2,2
seven 51:20 62:13
  62:15,15
sharply 16:11 18:8
shortchange 19:15
shouldn't 17:22
  47:24 50:3
show 44:4
side 14:8,8
signature 69:15
silkwood 58:21,22
silver 2:15
similarly 4:9
simply 20:3
simultaneously
  37:14
situation 32:5 40:21
six 38:20,23
slightly 4:6
small 18:18
solutions 1:22 3:21
somebody 51:2
sorenson 2:11
sorry 21:15 43:8,14
  50:3 53:2 55:18
  63:21
sort 30:20
sought 8:18,19 40:5
  51:4
sound 13:11
speaking 17:4
specific 48:12
specifically 7:1 8:23
  37:7 39:3 47:5
  61:14 66:8 67:11
spent 27:23
spit 9:19
splashed 51:3
spoken 64:8
sprawling 19:24
stage 62:19,23
standalone 6:15
  7:15,17 15:22 38:17
  50:16 56:2 61:5

standard 21:8 45:22
  67:3
standards 4:22
  22:20 52:14 62:14
  62:16,17
stands 26:9
state 4:22 5:4 7:16
  8:21 11:21 12:23,24
  14:8,12,19,24 15:4
  16:8 17:8 18:2,3,4,5
  18:16,17 20:5 21:23
  22:9 23:6,7 24:7
  25:14,20 27:12
  28:24 29:7 30:3,10
  31:23 34:4 36:10
  37:14 38:11,23
  39:12 40:8 41:6
  49:22 50:9,16 51:13
  52:13 53:8,10 54:1
  58:19 59:12 62:17
  63:24 64:16,22 67:9
states 1:1,17 4:4
statute 18:11 25:8,9
  27:2,21 28:6,7
  30:16 31:19,20 32:3
  34:20 35:18 59:1
  63:22 64:14
statutory 4:12,21
  32:14,17 33:24
stephen 1:10
steven 2:16
stock 41:14
stood 44:19
stop 65:17
street 1:23 3:22 46:3
struggle 60:3
struggling 59:20
subject 25:12,14
substant 41:19
substantial 9:15
  10:5 41:20 42:23
  43:2 44:2,15 45:1,4
  45:23 46:15 65:12
substantive 5:2
  28:23 30:13 31:3

37:15
succeed 53:18
succeeded 20:11
  26:1
sufficiency 42:5
  48:6
suggest 7:14
suggested 7:19 24:3
  57:16
suggestion 26:13
  56:2
suite 1:23 3:22
supplemental 6:21
  6:24 7:1,19 9:3
  61:13
support 18:9,11
  57:6 60:21
supreme 29:17,23
  49:24 62:3 64:19
sure 5:9 56:8 61:9
  63:12
surprise 52:21,22
sympathy 53:1
system 30:6 33:10

t

t 2:23 69:1,1
taibleson 2:19
take 32:20,20,21
  40:9 52:5 53:3
  54:13 68:6
talked 42:17
talking 55:15 67:2
tasked 60:20
tell 9:19
tenth 1:1,21
terms 4:19
test 58:7
tested 58:6
testimony 65:7
text 4:12,21
thank 19:17,18 54:3
  54:5 65:18,19,21
  66:6 67:17,18 68:3

thanks 26:4
that's 7:10 10:15
  12:8 15:6 20:18
  26:3,6,18,18,20
  27:14 28:13 29:10
  30:14 33:14 34:8
  39:24 42:20,23 43:7
  43:20,23 44:6 48:17
  50:22 53:5 56:10
  57:10,11 58:9,20
  59:2,19 64:4,6,17
  66:20
theories 15:13
theory 52:17
thereof 69:7
there's 6:20 7:24
  13:14 15:1 16:7,16
  16:18 18:23 21:20
  21:21 29:18 36:8,12
  41:23,24 46:2,3
  47:14 50:19 53:24
  58:1 64:21 66:21
they're 15:13 32:5
  34:5 39:3,5,5,9
they've 11:13 63:10
thing 4:3,20 22:12
  29:18 45:24 52:8
  64:24 65:2 66:2,7
things 33:16 58:10
think 6:16 7:5,18
  9:1 10:16 11:18
  13:6 14:11,11 16:21
  18:19 19:1,5,9
  23:12,23 26:8,11
  30:14 32:11,23
  34:22 37:6 38:1
  44:21 45:14 46:18
  49:6 56:13 57:23
  58:8 59:9 60:23
  61:1 62:21 65:16
  66:18,20
thomas 1:9
thought 6:5 7:2 9:24
  25:9,16,21 27:1
  56:16 59:8 64:5

three 12:20 13:3
threw 54:19,22 62:6
thusly 25:10
time 7:7 10:11 11:24
  14:2,15 18:14 19:6
  20:10 24:10 27:24
  29:11 37:1 52:6
  54:10,11 67:5
times 58:3 65:11
tittle 41:22
today 19:21
told 60:11 63:16
  65:16
tort 5:1 37:24 38:3
  50:16
torts 4:22 15:4
touching 34:16
track 5:8
traditional 11:8
  12:23,24 14:19 15:4
transcribed 69:4
transcript 65:3,6
transcription 1:20
transforms 30:10
treaty 58:7
trespass 8:19 12:24
  14:18 23:10 54:23
  54:23
trial 5:19 8:24 10:14
  12:20 13:24 50:10
  52:24 65:3,3,5
tribal 29:21
tried 8:24 11:3,8
  12:17 14:5,16 15:7
  39:22 55:3,8,12
  56:18
trivialize 11:12
try 10:17,22 11:4,8
  11:11 15:12 21:3
  31:22 53:16 54:15
  54:21 62:8
trying 13:20,22
  48:24 49:7,11
two 6:21 9:23 15:12
  19:3,10 22:2 51:22

54:8 66:21

**u**

**uh**   11:17
**unaffected**   23:22
**undermine**   38:7
**underscore**   52:9
**understand**   26:23
  28:14 29:9 43:22
  56:11,12 57:13 59:4
**understood**   13:23
  21:19 25:10 48:20
  59:11
**undiluted**   22:9
**undone**   53:15
**uninterrupted**
  51:22
**united**   1:1,17
**universe**   30:8
**unmistakable**   64:1
**unreasonable**   44:3
  45:2,23 46:16
**unreported**   10:20
**unverified**   45:19
  46:1
**upshot**   63:8
**urging**   19:8
**use**   9:16 10:1 12:12
  43:12
**utilizing**   37:14

**v**

**v**   1:12 4:8
**vacate**   5:18 8:5
**vacating**   6:6 9:10
**vain**   24:10
**van**   2:23
**variance**   19:10
**various**   17:6
**vast**   33:11
**verdict**   6:12 8:2,3
  11:20 38:15,16 41:7
  48:1 49:9,11,17
  54:23 59:15,16 61:7
**veritext**   1:22 3:21

**versus**   16:15 64:19
**vigorously**   24:1
**vii**   15:24
**vociferously**   67:11

**w**

**w**   2:16
**waived**   13:5 16:6
  63:11
**waiver**   13:5 17:3
  66:17 67:14
**want**   12:2,3 31:22
  33:22 39:19,20
  40:11 52:1 54:17,17
  55:4
**wanted**   25:22 27:4
  29:20 46:4 57:22
  66:22 67:15
**wart**   2:23
**washington**   2:20
**wasn't**   5:13 40:17
  56:18,21
**water**   51:2
**way**   5:16 6:5 13:22
  14:5,11 16:21 18:15
  28:6 33:1 40:7
  48:20 49:23,24 58:9
  61:5
**we've**   15:7
**weidenhammer**
  2:22
**went**   7:15 10:17,21
  17:2 49:24
**weren't**   53:12
**western**   1:9
**we'll**   11:6
**we're**   12:9 20:19
  22:24 35:17 46:20
  47:20 48:23,24 49:7
  49:11 68:6
**we've**   8:15,16 39:12
  39:17 51:19,20 61:4
**what's**   8:9,10 9:14
  10:10 33:2 36:9
  47:23 63:8

**wholly**   15:16
**william**   1:3
**wished**   32:4
**witness**   69:12
**witnesses**   55:7
**won**   39:17 52:17,20
  52:22
**wonder**   10:7
**words**   33:1 37:17
  40:2 41:4
**work**   52:23
**world**   25:9
**worry**   10:11
**wouldn't**   40:17
**wrong**   16:7,7 17:2,9
  46:8 66:19
**wyeth**   18:9

**y**

**yeah**   10:24 12:7
  13:9 27:14 31:5
  42:13 43:16,16 47:9
  52:4 54:15 63:3
  66:13
**years**   9:23 12:20
  13:3 17:21 19:23
  49:21 53:5 55:6
  58:6
**yep**   20:17,20
**you'd**   66:4
**you're**   31:20 32:10
  34:24 43:21 45:14
  55:15 57:15 68:5
**you've**   11:19 33:19
  33:20,22 54:10