# Exhibit C

1454

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2004 AUG -6 PM 4: 12

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

Civil Action No. 90-K-181

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

---

## DEFENDANTS' SUBMISSION OF NUISANCE JURY INSTRUCTIONS AND JURY VERDICT FORMS, AND DEFENDANTS' OBJECTIONS TO PLAINTIFFS' NUISANCE JURY INSTRUCTIONS

Pursuant to this Court's April 14, 2004 Order, Defendants hereby submit their proposed nuisance instructions and jury verdict form, and further state as follows:

1.    Defendants' Proposed Nuisance Instructions and Jury Verdict Forms are attached hereto as Exhibit A.

2.    Defendants' Objections to Plaintiffs' Proposed Nuisance Instructions and Jury Verdict Forms are attached hereto as Exhibit B.

3.    Pursuant to the Court's instructions, defendants also are submitting "on a 3.5" computer disk in a form compatible with Wordperfect 9" both Defendants' Proposed Nuisance Instructions and Jury Verdict Forms, and Defendants' Objections to Plaintiffs' Proposed Nuisance Instructions and Jury Verdict Forms.

4.    After exchanging drafts of proposed instructions and jury verdict forms, the parties met and conferred concerning these instructions.

5. As defendants have previously explained, *see, e.g.*, Transcript of May 17, 2004 Hearing at 58, defendants' position is that plaintiffs' nuisance claims cannot be tried on a classwide basis. In addition, plaintiffs have failed to articulate what class-wide nuisance proof they will present, either with respect to forms of alleged "interference," or with respect to forms of alleged "loss of use and enjoyment." Defendants reserve the right to revise these instructions based on future submissions of plaintiffs and rulings by the Court.

6. The parties have agreed that they will each submit responses to the opposing party's nuisance instruction objections on August 13, 2004.

Dated: August 6, 2004					Respectfully submitted,

*/s/ Joseph J. Bronesky*
Joseph J. Bronesky
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202
(303) 297-2900

David M. Bernick, P.C.
Douglas J. Kurtenbach
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, IL 60601
(312) 861-2000

Attorneys for Defendants ROCKWELL INTERNATIONAL CORPORATION and THE DOW CHEMICAL COMPANY

d

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of August, 2004, a true and correct copy of the foregoing **DEFENDANTS' SUBMISSION OF NUISANCE JURY INSTRUCTIONS AND JURY VERDICT FORMS, AND DEFENDANTS' OBJECTIONS TO PLAINTIFFS' NUISANCE JURY INSTRUCTIONS** was served upon the following counsel by hand delivery and FedEx (as indicated):

> Gary Blum, Esq.
> Silver & DeBoskey
> The Smith Mansion
> 1801 York Street
> Denver, Colorado 80206
>
> Peter Nordberg, Esq.
> Berger & Montague, P.C.
> 1622 Locust Street
> Philadelphia PA 19103-6365

Case No. 1:90-cv-00181-JLK   Document 2386-3   filed 11/09/15   USDC Colorado   pg 5 of 17

TENDERED BY DEFENDANTS
PROPOSED NUISANCE INSTRUCTION NO. 14

# EACH PLAINTIFF'S BURDEN OF PROVING ROCKWELL'S NON-COMPLIANCE WITH FEDERAL STANDARDS[8]

To recover on any of his/her claims against Rockwell, each plaintiff has the burden of establishing, by a preponderance of the evidence, that any plutonium that Rockwell negligently released onto that plaintiff's property resulted in an average concentration of plutonium in the air above the plaintiff's property in a particular year in excess of:

1. 0.33 picocuries per cubic meter for the period from July 1975 through August 4, 1985.

2. 0.04 picocuries per cubic meter for the period from August 5, 1985 through June 7, 1989.

You must consider whether each and every individual plaintiff has proved these elements against Rockwell. If any of these elements has not been proved by the plaintiff by a preponderance of the evidence, then that plaintiff may not recover from Rockwell on any of that plaintiff's claims.

---

[8] Defendants understand that the Court has ruled that plaintiffs do not bear the burden of proving that defendants violated federal standards as an element of their claims. Defendants respectfully disagree with the Court's ruling and include this instruction on plaintiff's burden to prove non-compliance with federal standards for the purpose of preserving this argument.

**Authority:** *Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 393 (Colo. 2001) ("Thus, because an allegation of unreasonableness is central to a nuisance claim, the PUC determination of reasonableness sets the standard for the balance between the social utility of the transmission of electricity and possible harm to property . . . ."); Atomic Energy Commission Manual Chapter 0524, Issued August 12, 1963 (Tab 9, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc., filed on August 5, 1997); DOE Order 5480.1 (Tab 10, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); DOE Order 5480.1A (Tab 11, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); DOE Interim Standard for DOE Environmental Activities For All Exposure Pathways, Issued August 5, 1985 (Tab 12, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1308 (11th Cir. 1998) (plaintiffs must prove violation of federal nuclear safety standards to prevail on Price Andersen claims); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994) (same); *In re TMI Litigation Cases Consol. II*, 940 F.2d 832, 859 (3d Cir. 1991) (same); *Good v. Fluor Daniel Corp.*, 222 F. Supp. 2d 1236, 1247 (E.D. Wash. 2002) (same); *Gassie v. SMH Swiss Corp. for Microelec. and Watchmaking Indus., Ltd.*, No. Civ. A. 97-3557, 1998 WL 158737, at *4 (E.D. La. Mar. 26, 1998) (same); *Boggs v. Divested Atomic Corp.*, No. C-2-90-840, 1997 WL 33377790, at *3 (S.D. Ohio Mar. 24, 1997) (same); *Corcoran v. N.Y. Power Auth.*, 935 F. Supp. 376, 386

(S.D.N.Y. 1996) (same); *Bohrmann v. Me. Yankee Atomic Power Co.*, 926 F. Supp. 211, 220 (D. Me. 1996) (same); *McLandrich v. S. Cal. Edison Co.*, 942 F. Supp. 457, 465 (S.D. Cal. 1996) (same); *Lamb v. Martin Marietta Energy Sys.*, 835 F. Supp. 959, 965 (W.D. Ky. 1993) (same).

28

**TENDERED BY DEFENDANTS**
**PROPOSED NUISANCE INSTRUCTION NO. 15**

**EACH PLAINTIFF'S BURDEN OF PROVING DOW'S NON-COMPLIANCE WITH FEDERAL STANDARDS**[9]

To recover on any of his/her claims against Dow, each plaintiff has the burden of establishing, by a preponderance of the evidence, that any plutonium that Dow negligently released onto that plaintiff's property resulted in an average concentration of plutonium in the air above the plaintiff's property in a particular year in excess of:

1. 2.0 picocuries per cubic meter for the period from 1953 through August 28, 1957.
2. 0.2 picocuries per cubic meter for the period from August 29, 1957 through August 11, 1963.
3. 0.33 picocuries per cubic meter for the period from August 12, 1963 through July 1975.

You must consider whether each and every individual plaintiff has proved these elements against Dow. If any of these elements has not been proved by the plaintiff by a

---

[9] Defendants understand that the Court has ruled that plaintiffs do not bear the burden of proving that defendants violated federal standards as an element of their claims. Defendants respectfully disagree with the Court's ruling and include this instruction on plaintiff's burden to prove non-compliance with federal standards for the purpose of preserving this argument.

preponderance of the evidence, then that plaintiff may not recover from Dow on any of that plaintiff's claims.

**Authority:** *Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 393 (Colo. 2001) ("Thus, because an allegation of unreasonableness is central to a nuisance claim, the PUC determination of reasonableness sets the standard for the balance between the social utility of the transmission of electricity and possible harm to property . . . ."); Letter from Atomic Energy Commission Regarding Permissible Levels of Radiation and Concentrations of Radioactive Isotopes dated January 3, 1951 (Tab 2, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc., filed on August 5, 1997); National Bureau of Standards Handbook 47 (Tab 3, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); Atomic Energy Commission Manual Chapter 0550, Codes and Standards Handbook for Health, Safety, and Fire Protection, Issued August 29, 1957 (Tab 8, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); Atomic Energy Commission Manual Chapter 0524, Issued August 12, 1963 (Tab 9, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1308 (11th Cir. 1998) (plaintiffs must prove violation of federal nuclear safety standards to prevail on Price Andersen claims); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994) (same); *In re TMI Litigation Cases Consol. II*, 940 F.2d 832, 859 (3d Cir. 1991) (same); *Good v. Fluor Daniel Corp.*, 222 F. Supp. 2d

1236, 1247 (E.D. Wash. 2002) (same); *Gassie v. SMH Swiss Corp. for Microelec. and Watchmaking Indus., Ltd.*, No. Civ. A. 97-3557, 1998 WL 158737, at *4 (E.D. La. Mar. 26, 1998) (same); *Boggs v. Divested Atomic Corp.*, No. C-2-90-840, 1997 WL 33377790, at *3 (S.D. Ohio Mar. 24, 1997) (same); *Corcoran v. N.Y. Power Auth.*, 935 F. Supp. 376, 386 (S.D.N.Y. 1996) (same); *Bohrmann v. Me. Yankee Atomic Power Co.*, 926 F. Supp. 211, 220 (D. Me. 1996) (same); *McLandrich v. S. Cal. Edison Co.*, 942 F. Supp. 457, 465 (S.D. Cal. 1996) (same); *Lamb v. Martin Marietta Energy Sys.*, 835 F. Supp. 959, 965 (W.D. Ky. 1993)(same).

**TENDERED BY DEFENDANTS**
**PROPOSED NUISANCE INSTRUCTION NO. 17**

**AFFIRMATIVE DEFENSE – ROCKWELL'S COMPLIANCE WITH FEDERAL STANDARDS[11]**

Rockwell is not legally responsible on a plaintiff's claim of nuisance, if the affirmative defense of compliance with federal standards is proved.

Rockwell's affirmative defense of compliance with federal standards is proved if you find that none of the plutonium that Rockwell intentionally caused to come upon that plaintiff's property resulted in an average concentration of plutonium in the air above the plaintiff's property in a particular year in excess of:

1. 0.33 picocuries per cubic meter for the period from July 1975 through August 4, 1985.

2. 0.04 picocuries per cubic meter for the period from August 5, 1985 through June 7, 1989.

---

[11] Defendants understand that the Court has ruled that compliance with federal standards is not an affirmative defense to plaintiffs' claims. Defendants respectfully disagree with the Court's ruling and include an instruction on compliance with federal standards as an affirmative defense to plaintiffs' claims for the purpose of preserving this argument.

35

If you find that the affirmative defense of compliance with federal standards is proved by a preponderance of the evidence, then your verdict must be for Rockwell on plaintiff's claim of nuisance.

**Authority:** *Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 393 (Colo. 2001) ("Thus, because an allegation of unreasonableness is central to a nuisance claim, the PUC determination of reasonableness sets the standard for the balance between the social utility of the transmission of electricity and possible harm to property . . . ."); Atomic Energy Commission Manual Chapter 0524, Issued August 12, 1963 (Tab 9, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc., filed on August 5, 1997); DOE Order 5480.1 (Tab 10, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); DOE Order 5480.1A (Tab 11, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); DOE Interim Standard for DOE Environmental Activities For All Exposure Pathways, Issued August 5, 1985 (Tab 12, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1308 (11th Cir. 1998) (plaintiffs may not prevail on Price Andersen claims where there is no violation of federal nuclear safety standards); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994) (same); *In re TMI Litigation Cases Consol. II*, 940 F.2d 832, 859 (3d Cir. 1991) (same).

**TENDERED BY DEFENDANTS**
**PROPOSED NUISANCE INSTRUCTION NO. 18**

**AFFIRMATIVE DEFENSE – DOW'S COMPLIANCE WITH FEDERAL STANDARDS**[12]

Dow is not legally responsible on a plaintiff's claim of nuisance, if the affirmative defense of compliance with federal standards is proved.

Dow's affirmative defense of compliance with federal standards is proved if you find that none of the plutonium released by Dow onto that plaintiff's property resulted in an average concentration of plutonium in the air above the plaintiff's property in a particular year in excess of:

1. 2.0 picocuries per cubic meter for the period from 1953 through August 28, 1957.

2. 0.2 picocuries per cubic meter for the period from August 29, 1957 through August 11, 1963.

3. 0.33 picocuries per cubic meter for the period from August 12, 1963 through July 1975.

---

[12] Defendants understand that the Court has ruled that compliance with federal standards is not an affirmative defense to plaintiffs' claims. Defendants respectfully disagree with the Court's ruling and include an instruction on compliance with federal standards as an affirmative defense to plaintiffs' claims for the purpose of preserving this argument.

37

If you find that the affirmative defense of compliance with federal standards is proved by a preponderance of the evidence, then your verdict must be for Dow on plaintiff's claim of nuisance.

**Authority:** *Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 393 (Colo. 2001) ("Thus, because an allegation of unreasonableness is central to a nuisance claim, the PUC determination of reasonableness sets the standard for the balance between the social utility of the transmission of electricity and possible harm to property . . . ."); Letter from Atomic Energy Commission Regarding Permissible Levels of Radiation and Concentrations of Radioactive Isotopes dated January 3, 1951 (Tab 2, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc., filed on August 5, 1997); National Bureau of Standards Handbook 47 (Tab 3, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); Atomic Energy Commission Manual Chapter 0550, Codes and Standards Handbook for Health, Safety, and Fire Protection, Issued August 29, 1957 (Tab 8, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); Atomic Energy Commission Manual Chapter 0524, Issued August 12, 1963 (Tab 9, App. B to Defs. Brs. in Supp. of Their Mots. for Summ. J. Based on Expert Disc.); *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1308 (11th Cir. 1998) (plaintiffs may not prevail on Price Andersen claims where there is no violation of federal nuclear safety standards); *O'Conner*

*v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994) (same); *In re TMI Litigation Cases Consol. II*, 940 F.2d 832, 859 (3d Cir. 1991) (same).

TENDERED BY DEFENDANTS
PROPOSED NUISANCE INSTRUCTION NO. 19

**AFFIRMATIVE DEFENSE – DEFENDANTS' COMPLIANCE WITH STATE STANDARDS**[13]

You must find for the defendant on a particular plaintiff's nuisance claim if you find that none of the plutonium released by a defendant onto that plaintiff's property resulted in concentrations of plutonium in the soil on that plaintiff's property in excess of the standard set by the State of Colorado. That standard is two disintegrations per minute of plutonium per dry gram of soil or square centimeter of surface area.

If you find that the affirmative defense of compliance with state standards is proved by a preponderance of the evidence, then your verdict must be for defendants on plaintiff's claim of nuisance.

**Authority:** *Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 393 (Colo. 2001) ("Thus, because an allegation of unreasonableness is central to a nuisance claim, the PUC determination of reasonableness sets the standard for the balance between the social utility of the transmission of electricity and possible harm to property . . . ."); *see also In re Hoery v. United States*, 64 P.3d 214, 216 n.2 (Colo. 2003) (noting that the TCE contamination in

---

[13] Defendants tender this instruction in the alternative in the event that plaintiffs are not required to prove non-compliance with state standards as an element of their claims.

plaintiff's well exceeded the State of Colorado maximum contaminant level by four times); 6 Colo. Code Regs. 1007-1, RH 4.60.1, Permissible Levels of Plutonium in Uncontrolled Areas.