**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**DEFENDANTS' MOTION FOR ORAL ARGUMENT AND
LEAVE TO FILE SUPPLEMENTAL BRIEF RE CLASS CERTIFICATION**

Defendants respectfully move for oral argument on plaintiffs' Motion for Entry of Judgment (Dkt. 2367 and 2371 (corrected)) and defendants' Motion re Standards (Dkt. 2378), and for leave to file the attached supplemental brief in support of defendants' opposition to class certification. In support of this motion, defendants state as follows:

    1.    Plaintiffs' Motion for Entry of Judgment raises many important issues that, despite the written submissions, would benefit from oral argument. These include issues relating to: (a) class certification, (b) the preemptive effect of federal standards, (c) evidentiary errors that were timely raised as part of *Cook Appeal I*, but not reached by the Tenth Circuit because it vacated the verdict, and (d) the more than $1 billion plaintiffs

seek in prejudgment interest. Although both sides have addressed these issues in their briefs, the nature of the issues, their scope and complexity, and the high stakes involved all counsel in favor of a hearing, where there will be an opportunity to clarify, distill, and bring into sharper focus the most important points raised by the lengthy submissions and address any questions that the Court might have.

2. Defendants also ask that the Court, in the interest of fairness, grant them leave to file the attached supplemental brief in support of their opposition to class certification. As defendants pointed out in their opposition brief (Dkt. 2373), although plaintiffs bear the burden of proof, rather than file a Rule 23 motion laying out all of their arguments for how their nuisance claim satisfies the requirements of class certification, plaintiffs raised the class certification issue in a single paragraph in their motion for entry of judgment.

3. Plaintiffs' reply in support of certification (Dkt. 2381) is 45 pages. It contains many arguments that should have been raised in a proper Rule 23 motion and were not raised in the single paragraph they devoted to this subject in their judgment motion. These new arguments include numerous claims of waiver that, because of the procedural history of this case, are likely to lead to confusion and unfairly prejudice defendants. Anticipating this circumstance, defendants, in their opposition submission identified this issue and expressly reserved their right to reply to any arguments plaintiffs

raised in their response brief as grounds for certification that they failed to raise in their motion for judgment.  Defs.' Opp'n to Mot. for J. at 3 n.1 (Dkt. 2372).

4. Defendants do not seek leave to file any other supplemental briefs relating to plaintiffs' judgment motion.  To avoid any confusion, however, we note the following:

<u>Standards</u>: Defendants bear the burden of proof with respect to the federal standards that governed operations at Rocky Flats (and their preemptive effect).  As part of their opposition to plaintiffs' judgment motion, defendants addressed the issue of standards in the form of a Motion re Standards (Dkt. 2378) and a supporting brief (Dkt. 2374).  Plaintiffs filed a response (Dkt. 2382) and defendants today filed a reply.

<u>Trial Errors</u>: As part of their opposition to plaintiffs' judgment motion, defendants addressed the issue of trial errors that they contend infect the nuisance verdict (Dkt. 2377), and plaintiffs responded (Dkt. 2383).  Defendants do not seek to file a supplemental brief, but do wish to clarify that they raised this issue to preserve for review the same evidentiary objections that defendants timely raised as part of their appeal in *Cook Appeal I*, but which the Tenth Circuit did not address because it vacated the verdict.  This is an example of an issue that could be clarified and would benefit from oral argument.

<u>Prejudgment Interest</u>: As part of their opposition to plaintiffs' judgment motion, defendants submitted a brief pointing out multiple flaws in plaintiffs' request for prejudgment interest (Dkt. 2376).  Plaintiffs' reply (Dkt. 2384) contains multiple

arguments that create a significant risk of confusion and would benefit from oral argument, especially plaintiffs' treatment of their own expert's testimony that the CPI adjustment was meant to capture not just inflation, *but the lost real estate appreciation from 1995 to 2005 as well*, and of the cases of the Tenth Circuit, courts of this district, and Colorado state courts holding that prejudgment interest cannot be applied if it would result in a double recovery, *see* Defs.' Opp'n to Mot. for J. re J. Amount at 14-17 (discussing cases) (Dkt. 2376).

For the reasons stated above, defendants ask that the Court set oral argument at a time convenient to it and that it grant leave for defendants to file the attached supplemental brief in support of their opposition to class certification.

Date: November 9, 2015    /s/ *Kevin T. Van Wart*
Kevin T. Van Wart, P.C.
Bradley H. Weidenhammer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Phone: (312) 862-2000
Facsimile: (312) 862-2200
Email:  kvanwart@kirkland.com

Joseph Bronesky
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Phone: (303) 297-2900

Attorneys for Defendants

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of November, 2015, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

/s/ *Kevin T. Van Wart*
Kevin T. Van Wart, P.C.