# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

---

## SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT: CLASS CERTIFICATION

---

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................. 2

I.    PLAINTIFFS FAIL TO REBUT DEFENDANTS' ARGUMENTS. ..................... 2

      A.    Interference With Use And Enjoyment Requires Individual Proof. ............ 2

      B.    Determining Whether Interference Was Substantial And
            Unreasonable Requires Weighing Individual, Property-Specific
            Factors. ...................................................................................................... 3

      C.    Plaintiffs Cannot Prove Damages On A Class-Wide Basis. ........................ 5

      D.    The Proposed Prospective Damages Sub-Class Would Allow
            Thousands Of Individuals To Recover Damages To Which They Are
            Not Entitled. ............................................................................................... 6

II.   *COOK APPEAL I* DECERTIFIED THE ENTIRE CLASS AS TO ALL
      CLAIMS, NOT MERELY THE PAA AND TRESPASS CLAIMS. ..................... 7

III.  *COOK APPEAL I* REJECTED PLAINTIFFS' ARGUMENT THAT THIS
      COURT'S CLASS RULINGS AND THE CLASS TRIAL
      DEMONSTRATED THE PROPRIETY OF CERTIFICATION. ......................... 10

IV.   *COOK APPEAL I* DID NOT AFFIRM THAT NUISANCE CAN BE
      PROVEN ON A CLASS-WIDE BASIS, AND *COOK APPEAL II* DID
      NOT REVERSE *COOK APPEAL I*. ................................................................. 12

V.    DEFENDANTS DID NOT WAIVE THEIR CLASS ARGUMENTS. ................. 13

      A.    No Waiver Based On *Cook Appeal II*. ....................................................... 13

      B.    No Waiver Based On *Cook Appeal I*. ........................................................ 15

            (i)     *Cook Appeal I* Precludes Plaintiffs' Waiver Argument. .................. 16
            (ii)    Defendants Preserved Their Objections To Class Certification
                    And Are Free To Advance Any Argument In Support. ................... 17

**Page(s)**

(iii)    Defendants Made The Same Arguments In *Cook Appeal I*
As They Make Now. ........................................................................ 18

C.    No Waiver Based On Proceedings In This Court. ..................................... 20

VI.    THE COURT MUST DENY CLASS CERTIFICATION UNLESS *ALL*
ELEMENTS OF NUISANCE CAN BE PROVED ON A CLASS-WIDE
BASIS. ................................................................................................................ 25

CONCLUSION .............................................................................................................. 27

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page**</u>

**Cases**

*Amchem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997) .................................................................................. 7

*Comcast Corp. v. Behrend*,
    133 S. Ct. 1426 (2013) ................................................................. 5, 6, 24

*Cook v. Rockwell International Corp.*,
    564 F. Supp. 2d 1189 (D. Colo. 2008) ...................................... 20, 23, 24

*Cook v. Rockwell International Corp.*,
    790 F.3d 1088 (10th Cir. 2015) ...................................................... 13, 15

*Cook v. Rockwell International Corp.*,
    618 F.3d 1127 (10th Cir. 2010) ..................................................... passim

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) .................................................................................. 6

*In re Grand Jury*,
    604 F.2d 69 (10th Cir. 1979) ................................................................ 14

*In re Visa Check/MasterMoney Antitrust Litig.*,
    280 F.3d 124 (2d Cir. 2001) ................................................................. 26

*Lebron v. National Railroad Passenger Corp.*,
    513 U.S. 374 (1995) .............................................................................. 17

*Pugliese v. Pukka Development, Inc.*,
    550 F.3d 1299 (11th Cir. 2008) ............................................................ 18

*Teva Pharmaceuticals, USA, Inc. v. Leavitt*,
    548 F.3d 103 (D.C. Cir. 2008) ............................................................. 18

*United States v. Pallares-Galan*,
    359 F.3d 1088 (9th Cir. 2004) .............................................................. 18

**Page(s)**

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) ............................................................................ 4, 5, 6, 24

*Yee v. Escondido*,
  503 U.S. 519 (1992) ............................................................................................ 18

*Zinna v. Congrove*,
  755 F.3d 1177 (10th Cir. 2014) ........................................................................ 16

**Statutes**

28 U.S.C. § 1291 ........................................................................................................ 14

28 U.S.C. § 2072 ......................................................................................................... 7

**Rules**

10th Cir. R. 41.2 ....................................................................................................... 16

Fed. R. App. P. 40(a)(2) .......................................................................................... 16

Fed. R. Civ. P. Rule 23(b)(3) ................................................................................... 6

**Other Authorities**

Restatement (Second) of Torts § 930(3)(b) .......................................................... 6

## <u>PRELIMINARY STATEMENT</u>

Defendants' response brief opposing class certification demonstrated that individual proof and fact-finding is required to determine whether each plaintiff or class member suffered an interference with the use and enjoyment of their property, whether any such interference was substantial and unreasonable, and whether each property diminished in value as a result of such interference. Rather than address the substance of defendants' key arguments, plaintiffs' reply brief asserts a barrage of baseless waiver arguments that distort the record, mischaracterize the holdings of *Cook Appeals I* and *II*, and invite reversible error. Based on the evidence and law defendants cite in their opposition brief and plaintiffs' telling failure to address the merits of defendants' arguments, the Court should rule that the proposed class and sub-classes do not meet the requirements of Rule 23 and cannot be certified.

## ARGUMENT

### I.  PLAINTIFFS FAIL TO REBUT DEFENDANTS' ARGUMENTS.

Despite the *Cook Appeal I* mandate requiring this Court to "revisit the class certification question to determine whether Plaintiffs can establish the elements of their claims, including the [Price-Anderson Act (PAA)] threshold requirements, on a class-wide basis," *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1149 (10th Cir. 2010) (*Cook Appeal I*), plaintiffs have again chosen not to try to show that the elements of their nuisance claim can be proven on a class-wide basis.  Their reply fails to address or rebut the substance of defendants' main arguments opposing certification and the few substantive arguments they offer are meritless.

#### A.  Interference With Use And Enjoyment Requires Individual Proof.

Defendants cited extensive authority for the proposition that interference with use and enjoyment of property is a subjective inquiry that varies by individual, and marshaled an overwhelming body of plaintiffs' own evidence showing that plaintiffs' and class members' perception of and reaction to alleged risk from Rocky Flats varied immensely and that many (if not most) putative class members experienced no interference at all. *See* Defs.' Resp. in Opp'n to J. re Class Cert. at 24-35 (Dkt. 2373) (hereinafter, "Defs.' Class Resp.").

In reply, plaintiffs do not even attempt to rebut any of the evidence and authority. Unable to explain how something as individualized as perception of and reaction to risk could possibly be proved on a class-wide basis with class-wide proof, plaintiffs simply

regurgitate this Court's prior class rulings—which *Cook Appeal I* ruled deficient, *see* Part III, *infra*, and which pre-date and do not account for material developments in the evidence that occurred after those rulings.  *See* Pls.' Reply in Supp. of J. re Class Cert. at 14-25 (Dkt. 2381) (hereinafter, "Pls.' Class Reply").  Moreover, plaintiffs' inability to articulate a class-wide theory of proof on the interference element cannot be cured, as they argue, by instructing the jury to consider only class-wide interference.  Such an instruction does not change the individualized nature of the proof required to prove interference.  Plaintiffs' own expert acknowledged as much, testifying that perception of risk, reaction to risk, and even the very concept of risk are "highly subjective."  *See* Defs.' Class Resp. at 33.

### B.    Determining Whether Interference Was Substantial And Unreasonable Requires Weighing Individual, Property-Specific Factors.

As defendants'  response showed, the jury instructions on the "substantial and unreasonable" element of nuisance **require** the jury to consider and weigh property characteristics—like the social value of the interfered-with use, and the suitability of each interfered-with use to the locality—that are inherently individual and simply cannot be evaluated on a class-wide basis.[1]   As the Court instructed, "[t]he social value of a

---

[1] *See* Defs.' Class Resp. at 40-42; Jury Instruction 3.10 (Dkt. 2121) ("[Y]ou **must** consider a number of factors as part of the balancing test to decide whether any interference Defendants caused was unreasonable. . . . (See Instruction Nos. 3.11 and 3.12.)") (emphasis added); Jury Instruction 3.11 (instructing that, to assess "the gravity of the proven interference with Class members' use and enjoyment of their property," jurors should consider a number of factors, including the "social value of the type of use or enjoyment of property that has been . . .

particular type of use depends on the extent to which the use or uses advances or protects the general public good," Jury Instruction 3.11 ¶ 4 (Dkt. 2121), and it goes almost without saying that the social utility of a massage parlor, a church, a vacant lot, and a gas station are not the same.  But in reply, plaintiffs never explain how a jury could possibly consider or weigh these individual factors for 15,000 different properties in a class trial. Instead, plaintiffs offer only the *non sequitur* that the Tenth Circuit blessed "Instruction 3.9 which sets out the 'objective' nuisance standard that can be proved on a classwide basis without reference to the allegedly individual issues Defendants discuss."  Pls.' Class Reply at 24.  No one disputes that some aspects of the "substantial and unreasonable" analysis are objective, *see* Defs.' Class Resp. at 41, but it is also indisputable that Instruction 3.11 (which plaintiffs studiously ignore) required the jury to assess and weigh inherently individual factors like the social utility and local suitability of "particular uses" to which class members put their property.  Plaintiffs have not even tried to show how such factors can be assessed and weighed on a class-wide basis with class-wide proof.[2]

---

harmed," and the "suitability of the particular use or enjoyment harmed to the character of the locality").

  [2] For the same reason, plaintiffs' attempt to distinguish the Supreme Court's *Wal-Mart* holding is unavailing.  *See* Pls.' Class Reply at 25 (discussing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)).  As plaintiffs acknowledge, *Wal-Mart* "held that individualized proceedings were necessary because 'the common questions—the reasons for the pay and promotion disparities—could not yield a common answer in one stroke.'"  *Id.* (quotations omitted).  But what plaintiffs fail to recognize is that some of the supposedly "common questions" posed here to the jury—Did risk from Rocky Flats interfere with each class member's use and enjoyment of his or her (or its) property? What was the social utility of the use to which each class member put his or her (or its) property, and how suitable was that use to the

C.      **Plaintiffs Cannot Prove Damages On A Class-Wide Basis.**

Defendants' response showed that plaintiffs' damages model improperly measured diminished value caused by proximity to Rocky Flats (which is not actionable) rather than the actual nuisance alleged by plaintiffs, and cited extensive testimony by plaintiffs' own experts as well as this Court's orders in *Cook IX* and *XVII* confirming the point. Defs.' Class Resp. at 43-48.  Plaintiffs do not (and cannot) dispute their own experts' and this Court's acknowledgement that their damages model measured the effect of proximity rather than the effect of the alleged nuisance.

Instead, plaintiffs argue that the flaws in their model were harmless because the jury was instructed not to consider diminution caused solely by proximity.  Pls.' Class Reply at 30-31.  But the Supreme Court's *Comcast* decision refutes plaintiffs' argument. *Comcast* held that "a model purporting to serve as evidence of damages in [a] class action must measure only those damages attributable to that theory," and if the model does "not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)[.]"  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013).  Under *Comcast*, Rule 23, and *Cook Appeal I*, it is this Court (not the jury in the previous trial) that must determine as a matter of law whether the elements of plaintiffs' nuisance claim can be proved on a class-wide basis

---

locality?—cannot yield a common answer "in one stroke" any more than the pay and promotion questions in *Wal-Mart*.

with class-wide proof without violating the Rules Enabling Act.[3]  And because plaintiffs' model, like the model in *Comcast*, measures damages based on a non-actionable factor (mere proximity), plaintiffs cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3).

### D.   The Proposed Prospective Damages Sub-Class Would Allow Thousands Of Individuals To Recover Damages To Which They Are Not Entitled.

Under Restatement (Second) of Torts § 930(3)(b), prospective damages are measured and become compensable only at the point when the injurious condition becomes "complete and comparatively enduring," (hereinafter, the "Compensation/CCE date"), but membership in the prospective damages sub-class is defined by ownership on the date plaintiffs filed their lawsuit, so the proposed prospective damages sub-class includes many—possibly several thousand—persons who did not own their property at the time prospective damages are measured and become compensable.  *See* Defs.' Class Resp. at 54-57.  As defendants showed in their brief:

---

[3] Plaintiffs are similarly off the mark in arguing that the lower court in *Comcast* "failed to evaluate the merits (as needed) before certification," whereas "the Court here performed multiple, full analyses of class certification before and after trial, and *the jury* evaluated the merits definitively."  Pls.' Class Reply at 42.  The opposite is true: *Cook Appeal I* held that this Court "failed to consider" whether plaintiffs could prove the elements of their claims on a class-wide basis, and remanded with a mandate for this Court to revisit the issue and conduct that analysis.  *Cook Appeal I*, 618 F.3d at 1149.  Plaintiffs themselves, in *Cook Appeal I*, conceded that this Court "proceeded in light of the command, in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974), that district courts refrain from merits determinations at the class certification stage."  *Cook Appeal I* Pls.' Resp. at 82.  This interpretation of *Eisen* was expressly disavowed by the Supreme Court in *Wal-Mart*: "Frequently that 'rigorous analysis' [required for class certification] will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."  131 S. Ct. at 2551.

- A class member who owned a class property on the Election date would not be entitled to prospective damages unless he also owned the property on the Compensation/CCE date. *Id.* (citing Restatement (Second) of Torts §930(3)(b)).

- The date on which prospective damages are measured may have been as late as December 31, 1995, by which date roughly half the putative class properties (7,684) were sold. *Id.* at 56-57 (citing Ex. S, 8/6/04 Wise Rpt. at Ex. 1 (showing properties sold each year from June 7, 1989 forward)).

- Defining the prospective damages sub-class with regard only to the Election date but not the Compensation/CCE date would impermissibly expand the rights of those sub-class members who sold their homes before the Compensation/CCE date, in violation of the Rules Enabling Act. *Id.* at 57 (citing 28 U.S.C. § 2072; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997)).

Plaintiffs do not dispute any of these points, but instead rely on meritless procedural arguments that only confirm their inability to contest the substance of defendants' objections or satisfy the standard of Rule 23 and the Rules Enabling Act.

## II. *COOK APPEAL I* DECERTIFIED THE ENTIRE CLASS AS TO ALL CLAIMS, NOT MERELY THE PAA AND TRESPASS CLAIMS.

The main thrust of plaintiffs' class reply rests on a false premise. Plaintiffs argue that "*Cook Appeal I* did not in any way undermine, criticize, or cast any doubt on this Court's prior class certification rulings *as to Plaintiffs' nuisance claims under state law*," Pls.' Class Reply at 1, and repeatedly characterize *Cook Appeal I* as having "*affirmed* the jury's classwide nuisance verdict." *Id.* at 40.[4]  Even more implausibly, plaintiffs argue "the Tenth Circuit *affirmed* that nuisance can be proven on a classwide basis" by stating

---

[4] *See also* Pls.' Class Reply at 7 ("the class trial, nuisance jury instructions, and class nuisance verdict—each affirmed by the Tenth Circuit"); *id.* at 9 ("the 'existing nuisance verdict' *affirmed* by the Tenth Circuit"); *id.* at 24 ("by affirming the nuisance instructions, the Tenth Circuit likewise affirmed the essential elements of this Court's prior class rulings which were incorporated in the nuisance instructions").

that "the jury was properly instructed on the elements of nuisance." *Id.* at 1.   In plaintiffs' telling, "*Cook Appeal I* only vacated class certification because of that panel's rulings on Plaintiffs' *PAA* and *trespass* claims," and the *Cook Appeal I* class ruling "does not help [defendants] at all because *Plaintiffs are no longer pursuing their federal PAA or state trespass claims*." *Id.* at 1-2.

Notably, this is plaintiffs' second attempt to cast the *Cook Appeal I* class holding as irrelevant, and it contradicts their first attempt.   In their Motion for Judgment, plaintiffs argued that the *Cook Appeal I* class holding concerned only the "elements of their PAA *claims*."  Pls.' Mot. for J. at 3 (Dkt. 2367).   But after defendants pointed out that *Cook Appeal I* explicitly remanded for consideration of whether plaintiffs could prove on a class-wide basis the elements of their claims "supplied by both federal and state law" (language plaintiffs tellingly failed to quote in their motion), plaintiffs went back to the drawing board.   They now acknowledge that the "state law" language necessarily means the class holding goes beyond PAA claims, but say it applies only to trespass claims.   Pls.' Class Reply at 6.   This new reading similarly withers under scrutiny.

***First***, *Cook Appeal I* by its own plain terms decertified the entire class, and did not limit its ruling to trespass or leave any portion of the class intact.   618 F.3d at 1149. ***Second***, because the Tenth Circuit decertified the entire class, it declined to "reach the question of whether the district court's subdivision of the class for damages purposes was

proper," which would have been nonsensical if the panel had intended to leave a state law nuisance class intact.  *Id.*[5]  ***Third***, defendants argued in *Cook Appeal I* that the class must be decertified because, among other reasons, this Court failed to consider whether plaintiffs could prove the elements of all their claims (including nuisance) on a class-wide basis:

> [W]ith respect to nuisance, plaintiffs never showed how they could establish a substantial and unreasonable interference with each class member's use or enjoyment of his or her property on a classwide basis with classwide proof . . . . Some plaintiffs did not even live on properties in the class area, and others actually testified that they did not experience *any* interference with their use and enjoyment of their property.

*Cook Appeal I* Defs.' Opening Br. at 83-84 (citations omitted).

> Defendants' point on the merits of the nuisance and trespass claims is that the district court erred under both the PAA and Colorado law by relieving plaintiffs of the need to show injury to each property in the Class Area as an essential element of liability. In light of that error, the district court never considered, for purposes of class certification, whether plaintiffs could show injury to each property in the Class Area on a classwide basis with classwide proof.

*Cook Appeal I* Defs.' Reply at 60.  Defendants also challenged the use of class-wide aggregate damages rather than individual damages, which applies equally to trespass and nuisance.  *Cook Appeal I* Defs.' Opening Br. at 84-85.  After considering defendants' arguments, *Cook Appeal I* decertified the entire class and remanded with a broad mandate to "***revisit the class certification question*** to determine whether Plaintiffs can establish

---

[5] Plaintiffs misleadingly omit this sub-class language from their *Cook Appeal I* quote at page two of their reply (without indicating they have done so) because it clearly rebuts their argument that the panel somehow intended to leave a nuisance class intact.

the elements of their claims . . . on a class-wide basis." *Cook Appeal I*, 618 F.3d at 1149 (emphasis added).

In short, everything in the text and context of *Cook Appeal I* indicates that the class holding means what it says and applies to the entire class and all claims.  There is nothing (aside from plaintiffs' hollow observation that the class section of *Cook Appeal I* appears on the same page as the end of the trespass section) to support a narrower reading.

## III. *COOK APPEAL I* REJECTED PLAINTIFFS' ARGUMENT THAT THIS COURT'S CLASS RULINGS AND THE CLASS TRIAL DEMONSTRATED THE PROPRIETY OF CERTIFICATION.

Plaintiffs also argue (as they did in their "motion") that the fact that the "Court and the parties successfully conducted and managed a *class trial* . . . further establishes that class certification was appropriate."  Pls.' Class Reply at 3, 7-11.  Plaintiffs made exactly this argument to the *Cook Appeal I* panel, and the Tenth Circuit rejected that argument and decertified the class.  *See* Defs.' Class Resp. at 20-21 (citing *Cook Appeal I* Pls.' Resp. at 81).  The question posed by *Cook Appeal I* is not, "Did the district court previously conduct a class-wide nuisance trial?"  It is instead, "Can nuisance be tried on a class-wide basis without violating Rule 23 and the Rules Enabling Act?"  Contrary to plaintiffs' argument, in answering that question the Court may not rest on its prior rulings and the class trial; it must engage in a substantive analysis of whether plaintiffs have met their burden under Rule 23 to demonstrate that they meet the criteria for class

certification, including specifically whether they can prove the elements of their nuisance claim on a class-wide basis with class-wide proof. *Cook Appeal I*, 618 F.3d at 1149.

For the same reason, the Court must reject plaintiffs' repeated arguments (to which they devote most of their brief) that this Court's previous class rulings and the outcome of the trial are inviolable law of the case. *See, e.g.*, Pls.' Class Reply at 11 ("This Court has already considered and addressed each of Defendants' arguments [and] there is no reason for this Court to revisit or reverse its prior rulings[.]"); *see also id.* at 14-24, 26-29, 32-37, 39-41. Plaintiffs treat *Cook Appeal I* as a bad dream and pretend that it does not exist. But it does. In urging the Court to "decline Defendants' invitation to revisit class certification yet again after twenty-five years of litigation," *id.* at 5, plaintiffs ignore that it is not defendants' "invitation" but rather the *Cook Appeal I* mandate that requires this Court to revisit class certification: "Upon remand, the district court **shall revisit the class certification question** to determine whether Plaintiffs can establish the elements of their claims . . . on a class-wide basis." *Cook Appeal I*, 618 F.3d at 1149 (emphasis added). The Tenth Circuit in *Cook Appeal I* accepted defendants' argument that class certification was inappropriate, rejected plaintiffs' argument that this Court's class rulings and the jury trial demonstrate the propriety of class certification, and decertified the class.

The law of the case is not this Court's certification ruling, but the holding in *Cook Appeal I* setting that ruling aside. Plaintiffs' extensive attempt to recycle and re-litigate

the arguments the Tenth Circuit rejected—rather than focus on that court's mandate to revisit the class issue to determine whether plaintiffs can prove the elements of their nuisance claim on a class-wide basis—should be rejected as contrary to *Cook Appeal I.*

IV. ***COOK APPEAL I* DID NOT AFFIRM THAT NUISANCE CAN BE PROVEN ON A CLASS-WIDE BASIS, AND *COOK APPEAL II* DID NOT REVERSE *COOK APPEAL I.***

For similar reasons, the Court should reject plaintiffs' attempt to bootstrap the *Cook Appeal I* narrow holding that the "jury was properly instructed **on the elements** of a nuisance," 618 F.3d at 1145 (emphasis added), into the broad proposition that "[i]n affirming the nuisance instructions, the Tenth Circuit *affirmed* that nuisance can be proven on a classwide basis."  Pls.' Class Reply at 10.  To begin with, no matter how many times plaintiffs paraphrase the *Cook Appeal I* holding as broadly "affirming the nuisance instructions," the court actually held only that the jury was properly instructed on the elements of nuisance.  *Cook Appeal I*, 618 F.3d at 1145.  There is an important difference between saying, as *Cook Appeal I* did, that the jury instructions properly articulated the elements of nuisance, and saying those elements can be proven on a class-wide basis.  Not only did *Cook Appeal I* not say the latter, it said the opposite: "this court must reverse the district court's class certification ruling.  Upon remand, the district court ***shall*** revisit the class certification question ***to determine whether Plaintiffs can establish the elements of their claims***, including the PAA threshold requirements, on a class-wide basis."  *Id.* at 1149 (emphasis added).  The Court should reject plaintiffs' dishonest attempt to turn the *Cook Appeal I* class holding directly on its head.

The same is true of plaintiffs' argument that "[t]his Court is actually mandated by *Cook Appeal II not* to 'revisit' the question of whether Plaintiffs can establish the elements of their nuisance claims since *Cook Appeal II* held that Plaintiffs have *already* proven nuisance at the class trial and directed this Court to 'proceed to judgment on the existing nuisance verdict promptly.'" Pls.' Class Reply at 7. The issue of class certification was not before the *Cook Appeal II* court. *See* Part V.A, *infra*. The majority in *Cook Appeal II* accordingly did not mandate anything as to class certification—let alone mandate the opposite of the *Cook Appeal I* class holding. The *Cook Appeal I* majority mentioned class only to acknowledge that this Court, on remand, was still required by *Cook Appeal I* to address "the outstanding class action question." *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088, 1105 (10th Cir. 2015) (*Cook Appeal II*). Nothing in *Cook Appeal II* relieves this Court of its duty to comply with the *Cook Appeal I* mandate.

## V.   DEFENDANTS DID NOT WAIVE THEIR CLASS ARGUMENTS.

### A.   No Waiver Based On *Cook Appeal II*.

Plaintiffs argue that defendants waived any opposition to class certification by failing to raise the issue in *Cook Appeal II*, despite the fact that plaintiffs included in their *Cook Appeal II* "Statement of Issues" "3) Whether the District Court erred as a matter of law in declining to recertify the class and declining to enter judgment for Plaintiffs on Plaintiffs' existing nuisance verdict." Pls.' Class Reply at 5 n.11.

Plaintiffs' argument fails, ***first***, because the class issue was not ripe for appeal before *Cook Appeal II*. Plaintiffs never moved to certify the class in this Court, and this

Court never ruled either way on the class issue before plaintiffs voluntarily dismissed their own claims with prejudice in order to tee-up an appeal on the narrow question of whether the PAA is the exclusive remedy for claims arising from a nuclear incident. 10/16/12 Order at 1 (Dkt. 2334) ("The remaining issues (class re-certification, preemption, etc.) shall be treated if and as appropriate in light of my resolution concerning the reinstatement theory.").[6]   For that reason, raising the issue of class certification in *Cook Appeal II* would have been an impermissible attempt to obtain an advisory opinion.  *In re Grand Jury*, 604 F.2d 69, 72 (10th Cir. 1979) ("declin[ing] to render an advisory opinion" on a subpoena where the district court had not yet ruled on the application for reissuance of the subpoena); 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final *decisions* of the district courts[.]") (emphasis added).

---

[6] Plaintiffs acknowledged that this Court had not yet addressed class and other issues at the time plaintiffs stipulated to dismissal of their claims: "[T]he district court *declined to address* Plaintiffs' proposal to reinstate the jury verdict, re-certify the class, and enter judgment on Plaintiffs' nuisance claim under Colorado law." 2/26/14 Stipulated Order attached to Joint Mot. for Dismissal at 1 (Dkt. 2355) (emphasis added).  This Court reiterated the same point in its order dismissing plaintiffs' claims: "In light of that ruling [referring to the January 28, 2014 order], I declined to address Plaintiffs' proposal to reinstate the jury verdict, re-certify the class, and enter judgment on Plaintiffs' nuisance claim under Colorado law." 2/27/14 Order at 2 (Dkt. 2356).  During the oral argument in *Cook Appeal II*, plaintiffs' counsel *again* admitted that the Court had only ruled on the reinstatement question, and—further—that defendants would be able to take up the other questions, like preemption, upon remand: "Judge Kane's briefing – Order on briefing basically told us to brief one question and then he didn't reach other questions.  To be completely candid with The Court, [class and other issues] may be open on remand to them." 11/20/14 Argument Tr. at 62-63 (Ex. 7 to Pls.' Reply in Supp. of J. (Dkt. 2385)).

*Second*, if plaintiffs' position were correct and *Cook Appeal II* was the time to argue class certification and entry of judgment, or otherwise waive those issues, Pls.' Class Reply at 5 n.11, then it would apply with equal force to bar *plaintiffs* from now moving for class certification or entry of judgment.  After all, the ball was in plaintiffs' court to move for class certification and for entry of judgment, but they declined to do so. Then on appeal, plaintiffs mentioned class certification and entry of judgment only in passing in their statement of issues and never mentioned them again, and certainly never developed any arguments to support class certification or entry of judgment.  *See generally Cook Appeal II* Pls.' Opening Br.  As plaintiffs are quick to point out, issues raised in a perfunctory manner without developed argumentation are deemed waived. Pls.' Class Reply at 13 n.24.  So if plaintiffs' *Cook Appeal II* waiver argument is to be taken seriously, it cuts both ways and means the Court should disregard as waived plaintiffs' entire motion for judgment, including their request for class certification.

### B.    No Waiver Based On *Cook Appeal I*.

Plaintiffs repeatedly argue that defendants waived "most of their arguments against class certification by failing to raise them on appeal in *Cook Appeal I* or by raising these points in a perfunctory manner."  Pls.' Class Reply at 12-13.  But that argument fails for several reasons: *first*, it directly contradicts the *Cook Appeal I* mandate; *second*, it is well-settled that if a party preserved an *issue* on appeal, she may later advance additional *arguments* in support of it; and *third*, defendants raised and preserved their specific class arguments in *Cook Appeal I*.

### (i)    *Cook Appeal I* Precludes Plaintiffs' Waiver Argument.

According to plaintiffs, this Court's class inquiry on remand should be guided by plaintiffs' gloss on the arguments in defendants' appeal brief rather than the plain words of the *Cook Appeal I* mandate.  That is incorrect: "the mandate rule[] provides that a district court must comply strictly with the mandate rendered by the reviewing court." *Zinna v. Congrove*, 755 F.3d 1177, 1182 (10th Cir. 2014) (quotations omitted).  The *Cook Appeal I* court evaluated defendants' and plaintiffs' class arguments and issued a broad mandate (to "revisit the class certification question to determine whether Plaintiffs can establish the elements of their claims . . . on a class-wide basis," 618 F.3d at 1149) that is not limited to certain elements of nuisance or certain arguments concerning class-wide proof.  Plaintiffs were free to argue in *Cook Appeal I* that any remand of the class issue should be limited to certain claims or elements or arguments; they were free after *Cook Appeal I* to file a motion for rehearing or clarification before the mandate became final, *see* Fed. R. App. P. 40(a)(2); and even after the mandate became final, they could have filed a motion to amend it, *see* 10th Cir. R. 41.2 (providing for motion to recall mandate)—but they did none of those things.  What plaintiffs and this Court cannot do is ignore the mandate based on plaintiffs' or this Court's reassessment of defendants' arguments that led to the *Cook Appeal I* mandate.

>        **(ii)     Defendants Preserved Their Objections To Class Certification And Are Free To Advance Any Argument In Support.**

Even if the scope of defendants' class arguments in *Cook Appeal I* were relevant to the scope of this Court's obligatory class inquiry, plaintiffs' waiver arguments still would fail because defendants preserved their objections to class certification in *Cook Appeal I.*

*First*, *Cook Appeal I* construed defendants' arguments broadly enough to warrant decertifying the entire class and remanding for broad reconsideration of plaintiffs' ability to prove all the elements of their claims on a class-wide basis, and that is now law of the case.  All of the arguments in defendants' class opposition brief fall squarely within the ambit of issues the Tenth Circuit ordered this Court to address on remand.

*Second*, plaintiffs' hyper-technical parsing of defendants' arguments on the class issue has no basis in law.  It is well-established that so long as a litigant preserves an issue they may advance any argument to support it.  For example, the Supreme Court in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995), ruled that because the plaintiff preserved the issue that Amtrak was subject to the First Amendment, the plaintiff was free to switch from arguing Amtrak was *akin* to a government actor to arguing Amtrak *was* a government actor, despite disclaiming that argument earlier in the litigation.  As the Supreme Court explained:

> '[O]nce a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below.' . . . [Plaintiff's] contention . . . is . . . but a new argument to support what has been his consistent claim[.]

513 U.S. at 379 (quoting *Yee v. Escondido*, 503 U.S. 519, 534 (1992)); *see also, e.g.*, *Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299, 1304 n.3 (11th Cir. 2008) ("Although new claims or issues may not be raised, new *arguments* relating to preserved claims may be reviewed on appeal.  [Defendant] raised the question of . . . interpretation of these . . . [regulations] before the district court, and thus references to legislative history and prior regulations not presented below are more accurately characterized as new arguments, rather than new issues.").[7]

Both in this Court and in *Cook Appeal I*, defendants clearly raised and preserved the issue of plaintiffs' inability to prove the elements of their nuisance claim on a class-wide basis, and thus are free to advance any argument in support of that issue.

### (iii)   Defendants Made The Same Arguments In *Cook Appeal I* As They Make Now.

Even if the scope of this Court's class inquiry could be limited to the arguments defendants made in *Cook Appeal I*, that still would not bar consideration of defendants' class arguments because—contrary to plaintiffs' inaccurate characterization—defendants made the same arguments opposing class certification in *Cook Appeal I* as they are now making before this Court.  That is apparent from defendants' appeal brief.  For example:

---

[7] *See also Teva Pharm., USA, Inc. v. Leavitt*, 548 F.3d 103, 105 (D.C. Cir. 2008) (citing issue/argument distinction to hold "FDA's effort to refine and clarify its analysis in light of the district court's ruling cannot be transmuted into a waiver of its arguments on appeal"); *United States v. Pallares-Galan*, 359 F.3d 1088, 1094-95 (9th Cir. 2004) (holding defendant had not waived argument in his defense where the "argument is not a new claim; rather, it constitutes an alternative argument to support what has been his consistent claim from the beginning").

- "Because the class certified here does not remotely pass muster under Rule 23 of the Federal Rules of Civil Procedure, this case never should have been tried on a classwide basis and the liability judgment and aggregate damages award in favor of the class cannot stand."   *Cook Appeal I* Defs.' Opening Br. at 77-78; *id.* at 77-85.

- "Plaintiffs never established that they could prove injury on a classwide basis with classwide proof. . . . [W]ith respect to nuisance, plaintiffs never showed how they could establish a substantial and unreasonable interference with each class member's use or enjoyment of his or her property on a classwide basis with classwide proof . . . . Indeed, some plaintiffs did not even live on properties in the class area, and others actually testified that they did not experience *any* interference with their use and enjoyment of their property."   *Id.* at 83-84 (citations omitted).

- "Because liability is a prerequisite for damages, a court cannot allow the recovery of damages on a classwide basis where, as here, the plaintiffs cannot establish liability on a classwide basis." *Id.* at 84.  "Nor . . . can the difficulties inherent in proving individual damages be avoided by the use of a form of 'fluid recovery.'" *Id.* at 84-85 (citation omitted).

- "The district court's class certification order profoundly distorted the award of compensatory damages in this case, and the district court erred by awarding such damages to a 'Damages Subclass' distinct from the class of property owners as of June 7, 1989, whose claims were tried to the jury." *Id.* at 85-86.

- "[T]he jury was instructed to award damages based on the diminution in value to *all* properties in the Class Area as of the date the injury became 'complete' and 'comparatively enduring,' even though it was clear all along that this approach necessarily would yield an excessive award."   *Cook Appeal I* Defs.' Reply at 66-67.

- "The term 'Damages Subclass' is thus a misnomer, because (depending on the date on which any injury became 'complete' and 'comparatively enduring,' which—as explained in the text—is unclear) there may be thousands of persons who owned property on the date on which it became clear that any injury would continue indefinitely but sold that property before the date on which any injury became 'complete' and 'comparatively enduring.'" *Id.* at 66 n.11.

19

Defendants appropriately made and preserved their objections to class certification.

### C.    No Waiver Based On Proceedings In This Court.

Plaintiffs argue that defendants waived their objections to plaintiffs' attempt to prove damages on a class-wide basis because they allegedly failed to object to Jury Instructions 3.20-3.23.  *See* Pls.' Class Reply at 28, 34, 40-41 (citing *Cook XIV*, 564 F. Supp. 2d at 1203).  But the record clearly shows that defendants objected early and often to any class-wide trial of compensatory damages, including specifically and repeatedly objecting to Jury Instructions 3.20-3.23 as well as to the concept of proving prospective damages for a sub-class that could not be ascertained until after trial (if at all) based on the value of properties the sub-class did not own when prospective damages became compensable.

Some background is required to properly frame the issue.  This Court decided, following extensive briefing and over defendants' detailed objections, to accept plaintiffs' proposed plan for trying prospective damages under Restatement § 930 only for a sub-class of property owners who were entitled to recover prospective damages. 5/17/05 Order at 14-20 (Dkt. 1338)[8].  The Court defined the sub-class as those who owned their properties on January 30, 1990, the date this action was filed, but acknowledged that "[t]his sub-class is authorized to recover damages . . . ***measured at the***

---

[8]    *See* Defs.' Class Resp. (Dkt. 2373) at Ex. E.

***time when the injurious situation became complete and comparatively enduring*.*"  *Id.*

at 15-16 (emphasis added).

> Plaintiffs will be required to prove the following to establish compensatory
> damages for this sub-class: (1) the date on which the injurious situation
> caused by Defendants became complete and comparatively enduring ("CCE
> date"); (2) the average percentage diminution in property value that was
> caused by any trespass or nuisance found by the jury, as of the CCE date,
> for each property category; (3) ***the value of the properties in the Damages
> sub-class: by property category, as of the CCE date***[.]

*Id.* at 16-17 (emphasis added) (footnote omitted).  Plaintiffs likewise conceded that class

members who sold their properties before the Compensation/CCE date are not permitted

to recover prospective damages, Pls.' Proposed Damages Plan at 9-12 (Dkt. 1241)

(attached here to as Ex. A), and therefore emphasized that the Compensation/CCE date

must be determined "at a single definite time."  *Id.* at 12.  As plaintiffs explained:

> The Restatement's regime also makes policy sense for the additional reason
> that it permits a realistic and feasible calculation of diminution in value ***at a
> single definite time*. . . . *Selecting a single temporal reference point is all
> the more salutary in cases, like this case, where the tortious conduct has
> spanned many years,*** during which the overall property values will have
> varied significantly over time for reasons quite apart from the value
> differential created by the nuisance or trespass[.]

*Id.* (emphasis added).

Defendants timely objected to plaintiffs' proposed plan to try prospective damages

on a class-wide basis on behalf of a prospective damages sub-class, arguing in part that:

- "[U]nless the 'complete and comparatively enduring' point is found by the jury to
  coincide exactly with the filing of the Complaint on January 30, 1990, then
  damages could not be determined for a significant portion of the class at a class-
  wide trial."  Defs.' Resp. to Pls.' Proposed Damages Plan at 10 (Dkt. 1247)
  (attached hereto as Ex. B).

- "Assuming *arguendo* that plaintiffs are correct that the complete-and-comparatively enduring point occurred as late as [March 21, 1992] . . . then more than 4,000 class members would have sold their properties before the complete-and-comparatively enduring point." *Id.* at 14.[9]

- "A second flaw in plaintiffs' plan [to try prospective damages on a class-wide basis] is that . . . nobody will know the 'complete and comparatively enduring' date ***until the jury renders a verdict on what that date is***[.]" *Id.* (emphasis added).

- "[T]he determination of which class members are covered by plaintiffs' damages evidence is contingent on the jury's verdict. For example, if the jury were to determine that the complete-and-comparatively-enduring point was March 21, 1992, then ***the parties would learn at the conclusion of the trial that one-fourth of the class was not covered by the damages evidence that plaintiffs had presented at trial.***" *Id.* at 14-15 (emphasis added).

Later, in objecting to the proposed Final Jury Instruction 3.22 at the end of trial, defendants reasserted by reference their objections in their response to plaintiffs' proposed plan (Dkt. 1247). *See* Objs. to Jury Instr. and Verdict Form at 136 (Dkt. 2015-4) ("defendants object to trying plaintiffs' damages claims on a class-wide basis, for the reasons set forth in [Dkt. 1247]."). Accordingly, there can be no real dispute about whether defendants timely raised in 2004 and again in 2006 (in response to the proposed Final Jury Instructions) precisely the same objections to trying prospective damages on behalf of a prospective damages sub-class that defendants are asserting now.

---

[9] In their response to plaintiffs' proposed plan for the determination of compensatory damages, defendants relied on a Bought/Sold chart showing the number of class properties bought and sold during the years leading up to and following the class definition date to demonstrate the magnitude of the problem with awarding prospective damages if the Compensation/CCE date varies from the class definition and filing date. Defs.' Resp. to Pls.' Proposed Damages Plan at 13 (Dkt. 1247) (citing Table A, which was Ex. 1 to the 8/6/04 Wise Expert Report). Defendants cited the same chart and made the same argument in their response to plaintiffs' "motion" for class certification. Defs.' Class Resp. at 56 (Dkt. 2373).

*Compare id.* and Defs.' Resp. to Pls.' Proposed Damages Plan (Dkt. 1247); *with* Defs.' Class Resp. at 54-57 (Dkt. 2373).

For the same reason, plaintiffs' reliance on this Court's statement that "Neither party objected [at the end of trial] to the instructions directing the jury to assess any decrease in property values for all properties in the Class Area," Pls.' Class Reply at 40-41 (quoting *Cook XIV*, 564 F. Supp. 2d at 1203), is misplaced.  In making that statement, the Court did not mention, and apparently had overlooked, defendants' above-cited objections on precisely that point in their response to plaintiffs' proposed plan (Dkt. 1247) and objections to the instructions (Dkt. 2015).[10]  In fact, the Court had previously assured defendants that their objections were preserved and advised that defendants should stop repeating them: "you're not waiving it simply because I've already ruled." 10/07/05 Trial Tr. at 379 (Dkt. 1507) (attached hereto as Ex. E).[11]

---

[10]  In addition to incorporating their response to plaintiffs' proposed plan (Dkt. 1247) by reference, defendants also objected to Final Jury Instruction 3.22 on a number of other relevant grounds.  *See, e.g.*, Objs. to Jury Instr. and Verdict Form at 122 (Dkt. 2015-4) ("Allowing class members who have suffered no diminution in property value to nevertheless recover on the basis of an average violates the fundamental principle of damages under Colorado law[.]").  Defendants also made numerous relevant objections to Final Jury Instruction 3.23.  *See id.* ("[D]efendants object to this instruction to the extent that it does not require that plaintiffs prove a diminution in value for all class members.  Plaintiffs cannot rely on a finding by the jury that class-area properties, on average, suffered a diminution in value.  They must show that each and every one of the class properties suffered a diminution in value.").

[11] The Court repeatedly advised that defendants need not repeat arguments to preserve them for appeal: "I would state this parenthetically: Those issues and the objections are preserved on appeal, but I'm getting tired of hearing them.  And I think it has gotten to the point with the repetition of these same points that I've ruled on that it requires me to go back over my previous rulings and spend a lot of time doing that—it has reached the point where it can, and hasn't yet, but it will seriously affect the persuasiveness of counsel's representation in this case if I have to

Defendants' repeated objections to Instructions 3.22 and 3.23 are a matter of record, as to both (1) the impropriety of measuring prospective damages with reference to properties that were not owned by class members at the time prospective damages became compensable and must be measured, *i.e.*, the Compensation/CCE date, and (2) the impropriety of trying damages on a class-wide basis using averages rather than individual proof.  But in any event, *Cook XIV* was deciding defendants' motion to set aside the damages verdict, and it does not relieve plaintiffs of their burden as the party moving to certify the damages sub-class to demonstrate that they can prove the elements of their nuisance claim—including in this case prospective damages—on a class-wide basis consistent with the Rules Enabling Act.  *Compare Cook XIV*, 564 F. Supp. 2d at 1201 (evaluating defendants' motion to set aside the damages award to determine whether "the damages award is so excessive or inadequate 'as to shock the judicial conscience'"); *with Wal-Mart*, 131 S. Ct. at 2551  ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule[.]"); *Comcast*, 133 S. Ct. at 1432 (class movant bears a burden to "satisfy through evidentiary proof at least one of

---

continue to do that.  I may just quit listening."  7/22/04 Hr'g Tr. at 4 (Dkt. 2210) (attached hereto as Ex. C).  Similarly, at the next jury instruction conference, the Court stated: "I want to do some additional housekeeping in order to preserve the objections on appeal.  Defendants have proposed a number of instructions that are premised on issues of law that have already been rejected in this case.  I know that—I won't use the term paranoid—I know that you are exceedingly concerned about preserving a record on appeal, as well you should be, and it's my belief that the record is preserved, because it's recorded, and I ruled.  But, nevertheless, there were some that were filed again, and I want just to put those to rest."  9/8/04 Hr'g Tr. at 17-18 (Dkt. 1279) (attached hereto Ex. D); *see also* 11/10/05 Order Limiting Motions Practice During Trial (Dkt. 1626).

the provisions of Rule 23(b)"); *Cook Appeal I*, 618 F.3d at 1149 ("the district court shall revisit the class certification question").

Context is important: it is *plaintiffs*, not defendants, who bear the burden as class movants of demonstrating that prospective damages can be tried on a class-wide basis without enlarging class members' substantive rights.   Plaintiffs' failure to point to evidence (as opposed to factually incorrect waiver arguments) constitutes a failure to meet their burden under Rule 23 and should result in denial of their motion to certify the class.

## VI.   THE COURT MUST DENY CLASS CERTIFICATION UNLESS *ALL* ELEMENTS OF NUISANCE CAN BE PROVED ON A CLASS-WIDE BASIS.

Throughout their brief, plaintiffs argue that certification is appropriate and Rule 23(b)(3)'s predominance standard is satisfied so long as *some* of the legal or factual questions at issue can be proved on a class-wide basis, and those common elements predominate.  *See, e.g.*, Pls.' Class Reply at 16 n.30; *id.* at 22 n.42; *id.* at 43 n.67.   In support, plaintiffs cite strings of cases for the proposition that a class may be certified even if some elements (like injury or damages) are not amenable to class-wide proof.  *Id.*

Plaintiffs' argument is shallow and misleading.   While it is true that courts sometimes certify classes where certain elements of their claims require individual proof, in those instances the courts do not then try those individual elements on a class-wide basis.   None of the cases plaintiffs cite stand for the proposition that elements requiring

individual proof can be tried on a class-wide basis simply because the class can be certified.[12]

Here, though, in a circumstance that appears wholly unprecedented in American jurisprudence, plaintiffs are moving to certify a class to accept part of a verdict that was rendered on behalf of a prior class that was decertified on appeal. At trial, over defendants' repeated objections, all the elements of plaintiffs' nuisance claim (including damages) were purportedly tried on a class-wide basis. In this unique circumstance, the Court must determine whether plaintiffs can in fact prove *every element* of their nuisance claim (including damages) on a class-wide basis without the need for any individual proof or fact-finding, because otherwise certifying the proposed class to accept the existing verdict would violate the Rules Enabling Act.[13]

---

[12] Instead, in such cases the court must apply one of "a number of management tools available to a district court to address any individualized damages issues that might arise in a class action, including: (1) bifurcating liability and damage trials with the same or different juries; (2) appointing a magistrate judge or special master to preside over individual damages proceedings; (3) decertifying the class after the liability trial and providing notice to class members concerning how they may proceed to prove damages; (4) creating subclasses; or (5) altering or amending the class." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 141 (2d Cir. 2001) (footnote omitted).

[13] Similarly, plaintiffs rely on a line of antitrust cases holding that a class may be certified even where some *small fraction* of the class may not have been injured, so long as plaintiffs present evidence of "widespread injury" to the class. Those cases are inapposite because in the antitrust context injury is an objective economic inquiry (Did the violation affect the price each class member paid?) whereas injury in the nuisance context is subjective and individualized (Did each class member perceive an alleged risk from Rocky Flats and, if so, did that perceived risk affect each class member's use and enjoyment of his or her or its property, and if so, how?). So while it may be possible in the antitrust context to offer an objective economic model of "widespread injury" to the class, it is not possible in the nuisance context to prove "widespread

## <u>CONCLUSION</u>

For all of the reasons discussed above, plaintiffs' nuisance claim does not meet the requirements of Rule 23 and was not properly tried on a class-wide basis.  Plaintiffs have not even attempted to meet their burden of proof under the Rule, and they improperly urge this Court to defy the *Cook Appeal I* mandate by recertifying the class without analyzing whether plaintiffs can prove the elements of their claim on a class-wide basis with class-wide proof.  The Court should deny plaintiffs' motion to certify the proposed class.

---

interference" because interference by its nature requires individual proof.  *See* Defs.' Class Resp. at 24-39.

Date:  November 9, 2015

*/s/ Kevin T. Van Wart*
Kevin T. Van Wart, P.C.
Bradley H. Weidenhammer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Phone: (312) 862-2000
Facsimile: (312) 862-2200
Email:  kvanwart@kirkland.com

Joseph Bronesky
SHERMAN & HOWARD LLC
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Phone: (303) 297-2900

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of November, 2015, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

/s/ *Kevin T. Van Wart*
Kevin T. Van Wart, P.C.