# Exhibit D

```
 1            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLORADO
 2
 3  MERILYN COOK, et al.,           )
                                    )
 4              Plaintiffs,         )
                                    )
 5       vs.                        )    90-K-181
                                    )
 6  ROCKWELL INTERNATIONAL, et al., )
                                    )
 7              Defendants.         )
 8  ─────────────────────────────────────────────
 9            STATUS CONFERENCE/MOTIONS HEARING
                  TRANSCRIPT OF PROCEEDINGS
10  ─────────────────────────────────────────────
11          Proceedings held before the HONORABLE JOHN L. KANE,
12  U. S. District Judge for the District of Colorado, beginning
13  at 9:10 a.m. on the 8th day of September, 2004, in Courtroom
14  11, United States Courthouse, Denver, Colorado.
15
                            APPEARANCES
16
    For the Plaintiffs:       Bruce H. Deboskey, Esq.
17                            Merrill Davidoff, Esq.
                              Peter Nordberg, Esq.
18                            Gary Blum, Esq.
19  For the Defendants:       Joseph J. Bronesky, Esq.
                              Mark Nomellini, Esq.
20                            Doug Kurtenbach, Esq.
21
22
23       Proceedings recorded by electronic sound recording,
            transcript produced by transcription service.
24
25
```

17

1  instructions they offered. 16 instructions were offered by
2  plaintiff, and 20 by defendants. And, they filed replies to
3  each other's objections on August 11.
4       At defendant's request, the August 13 hearing on
5  those proposed instructions was vacated, in part to allow
6  briefing to be completed on the statute of limitations and
7  other nuisance related issues I've previously noted, and
8  argument on these proposed instructions was carried over to
9  today's hearing.
10      I expect to hear today, and then consider, issues
11 raised by the parties' proposed nuisance instructions,
12 defendant's two remaining affirmative defenses, the ultra-
13 hazardous activities strict liability question, and whether a
14 spoliation instruction is warranted.
15      I haven't made up my mind on any of these issues,
16 but in fairness to defense counsel, I think you should know
17 that if I were called upon at this point to rule on
18 spoliation instruction, I would say yes. And, that's my
19 previous position on the matter.
20      I want to do some additional housekeeping in order
21 to preserve the objections on appeal. Defendants have
22 proposed a number of instructions that are premised on issues
23 of law that have already been rejected in this case. I know
24 that--I won't use the term paranoid--I know that you are
25 exceedingly concerned about preserving a record on appeal, as

18

1  well you should be, and it's my belief that the record is
2  preserved, because it's recorded, and I ruled. But,
3  nevertheless, there were some that were filed again, and I
4  want just to put those to rest.
5       So, the objections having been preserved, the
6  following nuisance instructions submitted by the defendants
7  are rejected in their entirety as being contrary to the law
8  of the case. Defendant's nuisance instruction Number 4, the
9  definition of interference with use and enjoyment, more than
10 fears that are without scientific foundation, and that's
11 contrary to my ruling in Cook 9. Defendant's nuisance
12 instruction Number 5, definition of interference with use and
13 enjoyment, more than a treat of future harm, again, that's
14 contrary to my rulings in Cook 9.
15       The next, defendant's nuisance instructions Numbers
16 14 and 15, which are each plaintiff's burden of proving
17 Rockwell's non-compliance with federal standards, and each
18 plaintiff's burden of proving Dow's non-compliance with
19 federal standards, and those two are contrary to my rulings
20 on this issue in Cook 9.
21       The next, defendant's Instruction Number 20, and
22 affirmative defense prescriptive easement, that's contrary to
23 my ruling in the May 28, 2004 order that defendant's may not
24 assert this defense. There are several other instructions
25 proposed by defendants that are very likely precluded by the