# Exhibit E

Page 268

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181(JLK)

MERILYN COOK, et al.,

    Plaintiffs,

vs.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

_____

REPORTER'S TRANSCRIPT
TRIAL TO JURY
VOLUME 3

_____

      Proceedings before the HONORABLE JOHN L. KANE, JR., Senior Judge, United States District Court for the District of Colorado, continuing at 9:16 a.m., on the 7th day of October, 2005, in Courtroom A802, United States Courthouse, Denver, Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Therese Lindblom, 901 19th Street, Room A259, Denver, Colorado, 80294, (303) 628-7877

Page 378

1  you're prepared to trade off the opportunity to have them
2  showcase --
3             THE COURT:  The idea is to prepare the witness ahead
4  so the witness will tell the story.
5             The reason I'm saying that is because -- and it's --
6  certainly isn't going to be the case in this trial, but you
7  would be astonished at how many lawyers do not know how to not
8  ask leading questions.  And I rule when an objection is made,
9  not otherwise.
10            If there is a leading objection, you've been leading a
11 witness on preliminary matters and then the other side says,
12 objection, leading, I'll probably say, you can answer this
13 question, but you've had enough of the preliminary stuff, stop
14 it.  Or you can just say, I think we've gone far enough,
15 leading, and I'll say, yes, and I'll explain to the jury what
16 I'm doing about that.
17            But maybe I don't even have to do that, because if you
18 don't lead, you don't run into that problem.  But I will not
19 interrupt examinations with my own objections or rulings on
20 those things.
21            So remember that if there is -- if you want me to make
22 a ruling, you have to object.  And the practice in this court
23 is to stand when you make the objection.
24            MR. BERNICK:  Okay.  Just triggers a memory.  We made
25 all of these objections on the context in motions in limine, as

1  have the plaintiffs.  Is there some practice that we should
2  adopt for preserving those objections so we don't have to --
3           THE COURT:  It's preserved.  You're not waiving
4  anything.
5           MR. BERNICK:  In the sense that I want to make sure
6  that we don't have to continue to stand up and make objections
7  with respect to matters that we -- Your Honor has ruled on in
8  limine, that we could be deemed to have a standing objection
9  to --
10           THE COURT:  They are --
11           MR. BERNICK:  Those matters that we raised in limine
12  to begin with.
13           THE COURT:  The whole idea of waiver doesn't even
14  apply anymore, nor any -- you don't have to save instructions,
15  which I once had to do when I started practicing.
16           You made an objection, you saved an exception, all of
17  that is gone.  It went out with spats, you made your record, I
18  will have my written ruling on in the Daubert motions, motions
19  in limine, as soon as my frail efforts permit to get it done.
20           Once that's done, those are your record.  I will have
21  these jury instructions all done, and you can make your written
22  objection preferably at the close of the case, if you want to
23  make that.  But at any time from now on, you're not waiving it
24  simply because I've already ruled, and I'm going to go ahead
25  and do it.  So I don't want to get those kinds of things.  They

```
                                                              Page 380
 1    interfere with the flow of the case.
 2              MR. BERNICK:  That's fine.
 3              THE COURT:  So the other thing I want to mention is,
 4    on objections, they are not to be used as substitutes for jury
 5    speeches.  If you have an objection, one of my colleagues says,
 6    you have to cite the number of the rule, but that -- I think
 7    she was a teacher before she became a judge, maybe that's why.
 8    We're not going to do that.  But I do just want to hear what
 9    the objection is.  If I need more information, I'll ask for it.
10    But if you're saying, objection, hearsay, I don't need anything
11    more.
12              MR. BERNICK:  That's fine.
13              THE COURT:  Okay?
14              MR. BERNICK:  That's fine.
15              THE COURT:  No jury speeches.
16              MR. BERNICK:  There is so much in state court you can
17    do, it's so much fun.
18              THE COURT:  Yeah, I wouldn't be telling you these
19    things if I hadn't violated everything I'm saying at one time
20    or another myself.
21              MR. BERNICK:  With respect to the opening, there is --
22    Mr. Davidoff was good enough to raise it himself, and I said
23    that I would address it.  There are really two more things;
24    they're somewhat intertwined.
25              One of the other themes is that the Department of
```