IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

      Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

      Defendants.

## STIPULATION RE CERTIFICATION OF SETTLEMENT CLASS

The Parties to this action agree and stipulate as follows:

1.    The Parties have agreed to settle the claims of the Named Plaintiffs and the claims of a proposed settlement class represented by the Named Plaintiffs.

2.    The Parties agree and stipulate that under Rule 23 of the Federal Rules of Civil Procedure the Court may certify a class in this action for purposes of settlement.

3.    The Parties agree and stipulate to the certification, pursuant to Rule 23(a) and Rule 23(b)(3) and for settlement purposes only, of the following class, which shall be denominated the "Settlement Class", the "Class", or the "Property Class":

> The Property Class includes all persons and entities who have not previously opted out or who do not timely opt out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates,

parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached hereto as Appendix A.

4. The Parties agree and stipulate that the District Court previously certified essentially this same class.[1] The "Property Class Area" is defined, as it was previously defined, with reference to geographical representations of the area bounded by the plutonium contour. *See* Second Am. Compl. ¶ 85; *see also Cook IV*, 151 F.R.D. 378, 382 (D. Colo. 1993); Appendix A (map of Property Class Area); Doc. No. 2264-1 (map of Property Class Area).

5. The Parties agree and stipulate to the appointment of Named Plaintiffs Merilyn Cook, Richard and Sally Bartlett, and William and Delores[2] Schierkolk as representatives of the Class.

6. The Parties agree and stipulate to the appointment of the law firm of Berger & Montague, P.C. as Lead Counsel for the Class pursuant to Federal Rule of Civil Procedure 23(c)(1)(B) and 23(g), and that for purposes of that representation Berger & Montague, P.C. may continue to associate the law firms of Silver & DeBoskey, P.C. and Markovits Stock & De Marco, LLC as co-counsel, and MoloLamken LLP as Supreme Court counsel. The Parties also agree and stipulate that Lead Counsel will negotiate escrow or custody agreements with financial institutions, negotiate with administrators of class actions and supervise the performance of such

---

[1] *See, e.g.*, Final Judgment, Doc. No. 2264, at ¶ 2; *Cook IV*, 151 F.R.D. 378 (D. Colo. 1993). On May 18, 2005, this Court divided the Class into two subclasses. *See* Doc. No. 1336. The Prospective Damages Subclass included all members of the Property Class who still owned their properties as of January 30, 1990, and the Non-Prospective Damages Subclass included all members of the Property Class who did not own their properties as of January 30, 1990. *Id.* at 15-16. In connection with the proposed settlement, the Parties are stipulating to certification of one settlement class, with no subclasses.

[2] Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

administrators and associated providers of services, and otherwise lead settlement approval proceedings on behalf of the Named Plaintiffs and the Class.

7. The Parties agree and stipulate that Lead Counsel for the Class will separately submit a motion seeking certification of the above Class, along with accompanying supporting documents, which Defendants shall not oppose.

8. The Parties agree and stipulate that by entering into this Stipulation, Defendants do so for settlement purposes only. Nothing in this Stipulation nor any other Settlement-related document, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Defendants as to whether any class, in this case or others, may be certified for purposes of litigation and trial, or as an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations made in this action. Defendants expressly and fully reserve their rights to defend this action and oppose certification of a litigation class if for any reason the proposed Settlement does not become final.

9. The Parties agree and stipulate that nothing in any Settlement-related document, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Named Plaintiffs or Settlement Class Members of the absence of any liability or violation of any statute or law by the Defendants or the absence of any liability or wrongdoing by the Defendants or be used or deemed or construed to rebut any claims alleged by the Named

Plaintiffs or Settlement Class Members in the District Court, the Court of Appeals, or the Supreme Court.

DATE: May 18, 2016                                             Respectfully submitted by:

*/s/ Merrill G. Davidoff*                              */s/ Kevin T. Van Wart*
Merrill G. Davidoff                                       Kevin T. Van Wart, P.C.
David F. Sorensen                                         Bradley H. Weidenhammer
Jennifer MacNaughton                                      KIRKLAND & ELLIS LLP
Caitlin G. Coslett                                        300 North LaSalle
BERGER &MONTAGUE, P.C.                                    Chicago, IL  60654
1622 Locust Street                                        Phone: (312) 862-2000
Philadelphia, PA 19103
(215) 875-3000                                            Counsel for Defendants

Gary B. Blum
Steven W. Kelly
SILVER & DEBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise Roselle
MARKOVITS, STOCK & DeMARCO
119 East Court Street Suite 530
Cincinnati, OH 45202
Phone: 513-651-3700

Counsel for Plaintiffs

# **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: _____

                                                BY THE COURT:

                                                _____

                                                John L. Kane, Senior District Judge
                                                United States District Court

CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of May, 2016, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

                                             */s/ Merrill G. Davidoff*
                                             Merrill G. Davidoff
                                             BERGER & MONTAGUE, P.C.
                                             1622 Locust Street
                                             Philadelphia, PA 19103
                                             (215) 875-3000

# APPENDIX "A"

