IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

## [PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS

WHEREAS, the parties have agreed to a proposed class settlement of this case, Plaintiffs have moved for certification of a settlement class pursuant to Rule 23(a) and Rule 23(b)(3);

WHEREAS, upon consideration of Plaintiffs' Unopposed Motion for Certification of the Settlement Class and accompanying Memorandum and the parties' Stipulation re Certification of Settlement Class, it is hereby ordered that:

1.     The following Class, which shall be denominated the "Settlement Class", the "Class", or the "Property Class", is hereby certified for settlement purposes pursuant to Rule 23(a) and 23(b)(3):

> The Property Class includes all persons and entities who have not previously opted out or who do not timely opt out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates,

>parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached hereto as Appendix A.

This Court previously certified essentially this same class. *See Cook IV*, 151 F.R.D. 378 (D. Colo. 1993); Final Judgment, Doc. No. 2264, at ¶ 2.[1] The "Property Class Area" is defined, as it was previously defined, with reference to geographical representations of the area bounded by the plutonium contour. *See* Second Am. Compl. ¶ 85; *see also Cook IV*, 151 F.R.D. at 382; Appendix A (map of Property Class Area); Doc. No. 2264-1 (map of Property Class Area).

     2.    As this Court previously determined pursuant to Fed. R. Civ. P. 23(a)(1), the Class is so numerous that joinder of all members thereof is impracticable. As of the date of the original class certification order (*Cook IV*), the Property Class Area contained approximately 15,370 parcels of property, of which an estimated 13,364 were residential. *Cook IV*, 151 F.R.D. at 382.

     3.    As this Court previously determined pursuant to Fed. R. Civ. P. 23(a)(2) and 23(b)(3), this case presents numerous common, classwide questions of law and fact. *Cook IV*, 151 F.R.D. at 384-85, 388-89. Numerous common questions were addressed and proven at trial through generalized proof applicable to the Class as a whole. In addition, during the pretrial and trial proceedings, this Court addressed a substantial number of common questions of law. These common questions of law and fact predominated over questions affecting only individual members, and include:

---

[1] On May 18, 2005, this Court divided the certified Class into two subclasses. *See* Doc. No. 1336. The Prospective Damages Subclass included all members of the Property Class who still owned their properties as of January 30, 1990, and the Non-Prospective Damages Subclass included all members of the Property Class who did not own their properties as of January 30, 1990. *Id.* at 15-16. In connection with the proposed settlement, the Court hereby certifies only one settlement class, with no subclasses.

a. Whether a threat of future harm can constitute an actionable nuisance under Colorado law;

b. Whether a current human health risk can constitute an actionable nuisance under Colorado law;

c. Whether The Dow Chemical Company ("Dow") interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these ways: (i) by causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure; and/or (ii) by causing objective conditions that pose a demonstrable risk of future harm to the Class Area;

d. Whether Dow's interference with Class members' use and enjoyment of their properties was both ''unreasonable" and "substantial";

e. Whether the activity or activities causing the unreasonable and substantial interference by Dow were either "intentional" or "negligent";

f. Whether Rockwell International Corporation ("Rockwell") interfered with Class members' use and enjoyment of their properties in the Class Area by causing objective conditions that pose a demonstrable risk of future harm to the Class Area;

g. Whether Rockwell's interference with Class members' use and enjoyment of their properties was both ''unreasonable" and "substantial";

h. Whether the activity or activities causing the unreasonable and substantial interference by Rockwell were either "intentional" or "negligent";

3

    i.  Whether the actual value of the properties in the Class Area was less than the value of these properties would have had but for the nuisance committed by Dow and Rockwell;

    j.  What percentage of the combined nuisance was caused by Dow and what percentage was caused by Rockwell; and

    k.  With regard to Dow and Rockwell's affirmative defense of setoff, whether Dow and Rockwell proved that their nuisance caused a diminution in the value of properties in the Class Area in one or more specific time periods before June 7, 1989.

  4.  The specific evidence presented at trial was overwhelmingly common to the Class.  Plaintiffs' expert and fact witnesses testified about Defendants' conduct leading to the spread of plutonium contamination into the Property Class Area; Defendants' failure to abide by reasonable standards of care for the operation of a nuclear facility; the continuing presence of plutonium on the plant site and in the Class Area and the risk that that plutonium will be transported to the Class Area by air or water; the health risks of even small quantities of plutonium; an increased risk of cancer in off-site areas near Rocky Flats including the Class Area; the public's reaction to the events at Rocky Flats; and the diminution in property values in the Class Area.  Plaintiffs provided a summary of this testimony with their Motion for Entry of Judgment, filed August 4, 2015.  *See* Doc. No. 2367-9.  This testimony is clearly of classwide application.  Defendants did not challenge on appeal this Court's rulings on the admissibility and reliability of Plaintiffs' expert witnesses.  Likewise, the evidence Defendants presented to try to refute Plaintiffs' case-in-chief was predominantly classwide in nature.  In sum, the parties' and

this Court's experience with the trial of this case has demonstrated that common issues predominated over individual ones.

5. As this Court previously determined pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Class. *Cook IV*, 151 F.R.D. at 385-86. The Class Representatives alleged and testified at trial on behalf of the Class concerning the same manner of injury from the same course of conduct that they complain of themselves, and the Class Representatives assert and have asserted throughout this litigation on their own behalf the same legal theories that they assert for the Class.

6. As this Court previously determined pursuant to Fed. R. Civ. P. 23(a)(4), the Class Representatives (as defined in Paragraph 8 below) and Lead Counsel (as defined in Paragraph 9 below) fairly and adequately represented the interests of the Class. *Cook IV*, 151 F.R.D. at 386-87. All of the Class members share a common interest in proving Defendants' alleged wrongful conduct, and all Class members share a common interest in recovering the damages sought in the Complaint. During the 26-year history of this case, no conflicts of interest between the Class Representatives and the Class have come to light. Moreover, any Class member wishing to opt out already was given an opportunity to do so,[2] and the proposed settlement provides Class members another opportunity to opt out. Furthermore, the Class Representatives are well-qualified to represent the Class in this settlement, given the vigor with which they have prosecuted this action over many years.

---

[2] *See* Doc. No. 1139 (Plaintiffs' Proposed Class Notice); Doc No. 1143 (Order Approving Class Notice); Doc. No. 1148, at 6 (Report of Neutral Opt-Out Agent; Motion for Order for Payment of Fees; and Motion for Order Regarding Transition Procedure), and exhibits thereto (reporting on prior opt-outs).

7. As this Court previously determined pursuant to Fed.R. Civ.P. 23(b)(3), a class action is superior to other available methods for the fair and efficient adjudication of the Property Class's claims. *Cook IV*, 151 F.R.D. at 389. The successfully completed class trial demonstrates the judicial and litigation efficiency of concentrating the claims of the Class in a single action. The Court has also successfully addressed whatever manageability challenges this case has presented and in light of settlement, there are no future manageability obstacles. *See Amchem Prods., Inc v. Windsor*, 521 U.S. 591, 620 (1997); *see also In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 685 (D. Colo. 2014) ("To certify a settlement class, the Court need not inquire whether the case, if tried, would present difficult management problems under Rule 23(b)(3)(D).") (citing *Amchem*, 521 U.S. at 620).

8. The Court hereby appoints Merilyn Cook, Richard and Sally Bartlett, and William and Delores[3] Schierkolk as representatives of the Class for the following reasons:

    a. Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk allege on behalf of themselves and the Class the very same manner of injury (nuclear contamination) caused by the very same conduct by Dow and Rockwell. Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk assert on their own behalf the same legal theories that they assert for the Class. The Court therefore finds that the claims of Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk are typical of the claims of the Class within the meaning of Rule 23(a)(3); and

---

[3] Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

6

    b.  Pursuant to Rule 23(a)(4), the Court finds, by a preponderance of the evidence, that Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk have fairly and adequately protected the interests of the Class and will do so.  The interests of Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk do not conflict with the interests of absent members of the Class.  All of the Class members share a common interest in proving that Defendants' conduct caused nuclear contamination of their properties, and all Class members share a common interest in recovering damages for such contamination.  Furthermore, Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk are well-qualified to represent the Class in this case, given the vigor with which they have prosecuted this action thus far, through more than 26 years of litigation, including through a four-month-long trial, two separate appeals in the Tenth Circuit, and two rounds of briefing in connection with two separate petitions for writs of certiorari seeking Supreme Court review.

  9. Pursuant to the factors provided in Rule 23(g)(1)(A), the Court hereby appoints the law firm of Berger & Montague, P.C. as Lead Counsel for the Class pursuant to Federal Rule of Civil Procedure 23(c)(1)(B) and 23(g).  Counsel for the Class has prosecuted this litigation aggressively and professionally throughout its long history.  Beginning with the filing of the initial Complaint, Counsel persevered through fifteen years of voluminous discovery and hotly contested pretrial proceedings, including prosecuting a successful sanctions motion against the

Department of Energy, opposing repeated attempts by Defendants to de-certify the class, and conducting extensive briefing on numerous, highly technical motions to clarify the legal standards for this unique and complex case. In total these proceedings generated fifteen published opinions and what is quite possibly the largest docket of any District of Colorado case to date. Counsel skillfully tried this case to a jury over a four-month-long trial, winning a jury verdict for Plaintiffs and the Class. Counsel then persevered through two separate appeals in the Tenth Circuit, and (along with Supreme Court co-counsel MoloLamken LLP) through two rounds of briefing in connection with two separate petitions for writs of certiorari seeking Supreme Court review. This Court sees no reason why Counsel, having dedicated over twenty-six years of honorable and diligent service to the Class, should not carry this case through to its conclusion. Additionally, the Court finds that Lead Counsel should be permitted to continue to associate the law firms of Silver & DeBoskey, P.C. and Markovits, Stock & De Marco, LLC as co-counsel, and MoloLamken LLP as Supreme Court counsel. The Court also finds that Lead Counsel should be permitted to negotiate escrow or custody agreements with financial institutions, and negotiate with administrators of class actions, supervise the performance of such administrators and associated providers of services, and otherwise lead settlement approval proceedings on behalf of the Plaintiffs and the Class

It is so ordered.

BY THE COURT:

_____

John L. Kane, Senior District Judge
United States District Court

# APPENDIX "A"

Broomfield
120th
Westminster
Great Western Reservoir
Standley Lake
Indiana
Arvada
0 0.25 0.5 1
Miles

