**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION
FOR CERTIFICATION OF THE SETTLEMENT CLASS**

I.     **Introduction**

     Plaintiffs Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk[1] (collectively, the "Named Plaintiffs" or "Plaintiffs") submit this memorandum in support of their unopposed motion seeking certification of the following class (hereafter the "Settlement Class," the "Class", or the "Property Class"), for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

> The Property Class includes all persons and entities who have not previously opted out or who do not timely opt out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates, parents, and subsidiaries.  The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached hereto as Appendix A.

---

[1] Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

Importantly, the Court previously certified essentially this same class.  *See, e.g.*, Final Judgment, Doc. No. 2264, at ¶ 2; *Cook IV*, 151 F.R.D. 378 (D. Colo. 1993).[2]

Plaintiffs respectfully request that the Court appoint Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk as representatives of the Class.

Plaintiffs respectfully request that the Court appoint the law firm of Berger & Montague, P.C. as Lead Counsel for the Class pursuant to Federal Rule of Civil Procedure 23(c)(1)(B) and 23(g), and permit Lead Counsel to continue to associate the law firms of Silver & DeBoskey, P.C. and Markovits, Stock & De Marco, LLC as co-counsel, and MoloLamken LLP as Supreme Court counsel.  Plaintiffs also respectfully request that the Court allow Lead Counsel to negotiate escrow or custody agreements with financial institutions, negotiate with administrators of class actions and supervise the performance of such administrators and associated providers of services, and otherwise lead settlement approval proceedings on behalf of Plaintiffs and the Class.[3]

Certification is appropriate for the reasons set forth below, and for the reasons set forth in the parties' Stipulation re Certification of Settlement Class, being filed contemporaneously herewith.

---

[2] On May 18, 2005, this Court divided the certified Class into two subclasses.  *See* Doc. No. 1336.  The Prospective Damages Subclass included all members of the Property Class who still owned their properties as of January 30, 1990, and the Non-Prospective Damages Subclass included all members of the Property Class who did not own their properties as of January 30, 1990.  *Id.* at 15-16.  In connection with the proposed settlement, Plaintiffs are seeking, and Defendants have stipulated to do not oppose, certification of one settlement class, with no subclasses.

[3] Lead Counsel will file, *e.g.*, motions seeking preliminary and final approval of the settlement, a proposed plan of allocation, and a motion seeking attorneys' fees, reimbursement of expenses, and service awards for the class representatives.

**II.**     <u>The Class Should Be Recertified Pursuant to Rule 23(a) and 23(b)(3) For Purposes Of Settlement</u>

    **A.**     <u>The Court previously certified essentially this same Class, and the Court's prior rulings were correct.</u>

In *Cook IV*, the Court certified a "Property Class" under Fed. R. Civ. P. 23(b)(3), defined as "[a]ll persons and entities owning an interest (including mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates, parents, and subsidiaries" as of June 7, 1989. *See Cook IV*, 151 F.R.D. 378, 382, 389 (D. Colo. 1993). In *Cook VIII*, the Court denied Defendants' motion to decertify the Property Class, reaffirming that the Property Class satisfied the requirements of Rules 23(a) and (b)(3). 181 F.R.D. 473, 482 (D. Colo. 1998). On May 18, 2005, this Court divided the certified Property Class into two subclasses.[4] *See* Doc. No. 1336. The Prospective Damages Subclass included all members of the Property Class who still owned their properties as of January 30, 1990, and the Non-Prospective Damages Subclass included all members of the Property Class who did not own their properties as of January 30, 1990. *Id.* at 15-16.

Following the jury trial and the Court's entry of judgment in favor of the Prospective Damages Subclass,[5] Defendants appealed to the Tenth Circuit Court of Appeals, and the Tenth Circuit vacated the District Court's judgment, decertified the class, and remanded to this Court,

---

[4] Mortgagee and other security interests were severed from the class in 2004. *See* Doc. No. 1235 at 15 & n.4.

[5] The Court defined the Property Class and Prospective Damages Subclass in the Final Judgment:

> The Property Class includes all persons and entities not having opted out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates, parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached to this Final Judgment as Appendix A. The Prospective Damages Subclass includes all members of the Property Class who still owned their properties as of January 30, 1990.

Doc. No. 2264, at ¶ 2.

holding that the jury instructions for Class Plaintiffs' trespass and PAA claims were inadequate. *See Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127 (10th Cir. 2010) ("*Cook Appeal I*"). Notably, although the Tenth Circuit decertified the Property Class in *Cook Appeal I* because the "district court's class certification analysis failed to consider whether Plaintiffs could establish various elements of their PAA claims," the Tenth Circuit did not cast any doubt on this Court's prior class certification rulings in *Cook IV* and *Cook VIII* as to Plaintiffs' classwide nuisance claims. *Id.* at 1149.

Following further proceedings before this Court on remand, and entry of judgment against Plaintiffs, the Tenth Circuit in the second appeal confirmed that Plaintiffs have an "existing nuisance verdict," after the class trial conducted on the basis of common evidence. *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088, 1105 (10th Cir. 2015) ("*Cook Appeal II*").

Plaintiffs respectfully request that the Court certify for purposes of settlement essentially the same class that was certified as a "Property Class" in 1993, and received Class Notice in 1999. Plaintiffs' motion is unopposed. That is, in connection with and for purposes of settlement only, Defendants do not oppose certification of the proposed Class.

For the reasons set forth more fully by Plaintiffs in their recent reply brief in support of recertifying the Class,[6] and for the same reasons the Court previously detailed in its numerous class certification rulings,[7] certification of the Class for purposes of settlement is appropriate under Rule 23(b)(3).

---

[6] *See* Plaintiffs' Reply In Support Of Their Motion For Entry Of Judgment And Response To Defendants' "Part One" Class Certification Brief, Doc. No. 2381 (Oct. 23, 2015).

[7] *See Cook IV*, 151 F.R.D. 378 (D. Colo. 1993) (certifying the Property Class); *Cook VIII*, 181 F.R.D. 473, 475-82 (D. Colo. 1998) (denying Defendants' motion to decertify the Class); *Cook IX*, 273 F. Supp. 2d 1175, 1209-13 (D. Colo. 2003) (ruling that claims under Restatement (Second) of Torts § 930 for diminution in value attributable to "prospective" invasions of land, could and would be resolved in a class trial); *Cook XIV*, 564 F. Supp. 2d 1189, 1197 (D. Colo. 2008) (rejecting Defendants' post-trial class certification arguments).

4

**B.**     <u>**The Class meets the requirements of Rule 23(a) and 23(b)(3).**</u>

As discussed above, Plaintiffs have previously shown that the Class should be certified for purposes of litigation under Rule 23(b)(3).  Rule 23 requires that the same requirements be met for settlement classes as for classes certified for purposes of litigation, except that in certifying a class for purposes of settlement "a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial."  *Amchem Prods., Inc v. Windsor*, 521 U.S. 591, 620 (1997); *see also In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 685 (D. Colo. 2014) ("To certify a settlement class, the Court need not inquire whether the case, if tried, would present difficult management problems under Rule 23(b)(3)(D).") (citing *Amchem*, 521 U.S. at 620); *Lucas v. Kmart Corp.*, No. 99-CV-01923-JLK, 2006 WL 722163, at *5 (D. Colo. Mar. 22, 2006).

Under Fed. R. Civ. P. 23(a)(1), the Class is so numerous that joinder of all members thereof is impracticable.  This requirement has never been disputed.  As of the date of the original class certification order (*Cook IV*), the Property Class Area contained approximately 15,370 parcels of property, of which an estimated 13,364 were residential.  *Cook IV*, 151 F.R.D. at 382.

As the Court previously determined pursuant to Rule 23(a)(2) and 23(b)(3), this case presented numerous common, class-wide questions of law or fact.  *Cook IV*, 151 F.R.D. at 384-85, 388-89.  Numerous common questions were addressed and proven at trial through generalized proof applicable to the Class as a whole.  In addition, during the pretrial and trial proceedings, the Court addressed a substantial number of common questions of law.  These common questions of law and fact predominated over questions affecting only individual members, and include:

5

a.      Whether a threat of future harm can constitute an actionable nuisance under Colorado law;

b.      Whether a current human health risk can constitute an actionable nuisance under Colorado law;

c.      Whether The Dow Chemical Company ("Dow") interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these ways: (i) by causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure; and/or (ii) by causing objective conditions that pose a demonstrable risk of future harm to the Class Area;

d.      Whether Dow's interference with Class members' use and enjoyment of their properties was both ''unreasonable" and "substantial";

e.      Whether the activity or activities causing the unreasonable and substantial interference by Dow were either "intentional" or "negligent";

f.      Whether Rockwell International Corporation ("Rockwell") interfered with Class members' use and enjoyment of their properties in the Class Area by causing objective conditions that pose a demonstrable risk of future harm to the Class Area;

g.      Whether Rockwell's interference with Class members' use and enjoyment of their properties was both ''unreasonable" and "substantial";

h.      Whether the activity or activities causing the unreasonable and substantial interference by Rockwell were either "intentional" or "negligent";

i.   Whether the actual value of the properties in the Class Area was less than the value of these properties would have had but for the nuisance committed by Dow and Rockwell;

j.   What percentage of the combined nuisance was caused by Dow and what percentage was caused by Rockwell; and

k.   With regard to Dow and Rockwell's affirmative defense of setoff, whether Dow and Rockwell proved that their nuisance caused a diminution in the value of properties in the Class Area in one or more specific time periods before June 7, 1989.

The specific evidence presented at trial was overwhelmingly common to the Class. Plaintiffs' expert and fact witnesses testified about Defendants' conduct leading to the spread of plutonium contamination into the Property Class Area; Defendants' failure to abide by reasonable standards of care for the operation of a nuclear facility; the continuing presence of plutonium on the plant site and in the Class Area and the risk that that plutonium will be transported to the Class Area by air or water; the health risks of even small quantities of plutonium; an increased risk of cancer in off-site areas near Rocky Flats including the Class Area; the public's reaction to the events at Rocky Flats; and the diminution in property values in the Class Area. Plaintiffs provided a summary of this testimony with their Motion for Entry of Judgment, filed August 4, 2015. *See* Doc. No. 2367-9. This testimony is clearly of classwide application. Defendants did not challenge on appeal this Court's rulings on the admissibility and reliability of Plaintiffs' expert witnesses. Likewise, the evidence Defendants presented to try to refute Plaintiffs' case-in-chief was predominantly classwide in nature. In sum, the parties' and

this Court's experience with the trial of this case has demonstrated that common issues predominated over individual ones.

As the Court previously determined pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the proposed Class Representatives are typical of the claims of the Class. *See Cook IV*, 151 F.R.D. at 385-86.  The proposed Class Representatives alleged and testified at trial on behalf of the Class concerning the same manner of injury from the same course of conduct that they complain of themselves, and the proposed Class Representatives assert and have asserted throughout this litigation on their own behalf the same legal theories that they assert for the Class.

As the Court previously determined pursuant to Fed. R. Civ. P. 23(a)(4), the Named Plaintiffs and Lead Counsel have fairly and adequately represented the interests of the Class. *Cook IV*, 151 F.R.D. at 386-87.  All of the Class members share a common interest in proving Defendants' alleged wrongful conduct, all Class members share a common interest in proving that Defendants' conduct caused nuclear contamination of their properties, and all Class members share a common interest in recovering damages for such contamination.  During the 26-year history of this case, no conflicts of interest between the Class Representatives and the Class have come to light.  Moreover, any Class member wishing to opt out already was given an opportunity to do so,[8] and the proposed settlement provides yet another opportunity to opt out. Furthermore, the Class Representatives and Lead Counsel are well-qualified to represent the Class in this case and settlement, given the vigor with which they have prosecuted this action over many years.

Under Fed. R. Civ. P. 23(b)(3), a class action is superior to other available methods for the fair and efficient adjudication of the Property Class's claims.  *Cook IV*, 151 F.R.D. at 389.

---

[8] *See* Doc. No. 1139 (Plaintiffs' Proposed Class Notice); Doc No. 1143 (Order Approving Class Notice); Doc. No. 1148 and Exhibits thereto (report on opt outs).

The successfully completed class trial demonstrates the judicial and litigation efficiency of concentrating the claims of the Class in a single action.  The Court has also successfully addressed whatever manageability challenges this case has presented and in light of the settlement, there are no significant future manageability obstacles.  *See Amchem*, 521 U.S. at 620; *Crocs*, 306 F.R.D. at 685.

     **C.**     **The Court should appoint Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk as representatives of the Class.**

The Court should appoint Merilyn Cook, Richard and Sally Bartlett, and William and Delores[9] Schierkolk as representatives of the Class for the following reasons:

    a.     Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk allege on behalf of themselves and the Class the very same manner of injury (nuclear contamination) caused by the very same conduct by Dow and Rockwell.  Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk assert on their own behalf the same legal theories that they assert for the Class.  The claims of Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk are typical of the claims of the Class within the meaning of Rule 23(a)(3); and

    b.     Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk have fairly and adequately protected the interests of the Class and will do so going forward.  Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk's interests do not conflict with the interests of absent members of the Class.  All of the Class members share a common interest in proving that Defendants' conduct caused nuclear

---

[9] Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

contamination of their properties, and all Class members share a common interest in recovering damages for such contamination. Furthermore, Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk are well-qualified to represent the Class in this case, given the vigor with which they have prosecuted this action thus far, through more than 26 years of litigation, including through a four-month-long trial, two separate appeals in the Tenth Circuit, and two rounds of briefing in connection with two separate petitions for writs of certiorari seeking Supreme Court review.

**D.** **The Court should appoint Berger & Montague, P.C. as Lead Counsel for the Class pursuant to Federal Rule of Civil Procedure 23(c)(1)(B) and 23(g).**

The Court should appoint the law firm of Berger & Montague, P.C. as Lead Counsel for the Class pursuant to Federal Rule of Civil Procedure 23(c)(1)(B) and 23(g). Counsel for the Class has prosecuted this litigation aggressively and professionally throughout its long history. Beginning with the filing of the initial Complaint in 1990, Counsel persevered through fifteen years of voluminous discovery and hotly contested pretrial proceedings, including prosecuting a successful contempt motion against the Department of Energy after a bench trial in this Court. Counsel also repelled repeated attempts by Defendants to de-certify the class, and conducted extensive briefing on numerous, highly technical motions to clarify the legal standards for this unique and complex case. In total these proceedings generated fifteen published opinions and what is quite possibly the largest docket of any District of Colorado case to date. Counsel skillfully tried this case to a jury over a four-month-long trial, winning a jury verdict for Plaintiffs and the Class. Counsel then persevered through two separate appeals in the Tenth Circuit, and represented the Class (along with Supreme Court co-counsel MoloLamken LLP) in

two rounds of briefing in connection with two separate petitions for writs of certiorari seeking

Supreme Court review.  There is no reason that Counsel, having dedicated over twenty-six years

of honorable and diligent service to the Class, should not carry this case through to its

conclusion.  Additionally, Lead Counsel should be permitted to continue to associate the law

firms of Silver & DeBoskey, P.C. and Markovits, Stock & De Marco, LLC as co-counsel, and

MoloLamken LLP as Supreme Court counsel.

### E.   The proposed settlement provides that members of the proposed Class be given another opportunity to opt out.

Class Members were previously given an opportunity to opt out[10] and the proposed

settlement provides Class members with a second opportunity to opt out of the Class.[11]

The Court previously certified the Class under Rule 23(b)(3) in *Cook IV*, 151 FRD 378

(D. Colo. 1993), and notice was issued to the Class in 1999.  *See* Doc. No. 1143.  Each Class

Member had the opportunity to request exclusion from the Class when notice was issued in 1999

(*see* Notice of Class Action, Doc. No. 1139, at 2), but will be given a second opportunity to opt

out and/or object to the Settlement.

## III.   CONCLUSION

The requirements of Rule 23(a) and 23(b)(3) are met, and the Court should certify the

Class described above for purposes of settlement.  The Court should appoint Merilyn Cook,

Richard and Sally Bartlett, and William and Delores Schierkolk as representatives of the Class,

and appoint the law firm of Berger & Montague, P.C. as Lead Counsel for the Class.  The Court

---

[10] *See* Doc. No. 1139 (Plaintiffs' Proposed Class Notice); Doc No. 1143 (Order Approving Class Notice); Doc. No. 1148 and exhibits thereto (report on opt outs).

[11] Rule 23(e)(4) provides that "[i]f the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so."  Here, the class certification was vacated by *Cook Appeal I*, while 23(e)(4) appears to address a situation where a class is certified, then a case settles.  In any event, the Plaintiffs propose (and Defendants agree) that Class members will be provided another opportunity to opt out.

should permit Lead Counsel to continue to associate the law firms of Silver & DeBoskey, P.C. and Markovits, Stock & De Marco, LLC as co-counsel, and MoloLamken LLP as Supreme Court counsel.  The Court should also allow Lead Counsel to negotiate escrow or custody agreements with financial institutions, negotiate with administrators of class actions and supervise the performance of such administrators and associated providers of services, and otherwise lead settlement approval proceedings on behalf of Plaintiffs and the Class.

Dated:  May 18, 2016                          Respectfully submitted,

                                              */s/ Merrill G. Davidoff*               
                                              Merrill G. Davidoff
                                              David F. Sorensen
                                              Caitlin G. Coslett
                                              BERGER &MONTAGUE, P.C.
                                              1622 Locust Street
                                              Philadelphia, PA 19103
                                              (215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DeBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise M. Roselle
Paul M. DeMarco
Markovits, Stock & De Marco, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
(513) 651-3700

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th of May, 2016, he caused the foregoing

submission to be served via the Court's ECF system on all participating counsel.

                                              */s/ Merrill G. Davidoff*
                                              Merrill G. Davidoff
                                              BERGER & MONTAGUE, P.C.
                                              1622 Locust Street
                                              Philadelphia, PA 19103
                                              (215) 875-3000

# APPENDIX "A"

Broomfield
120th
Great Western Reservoir
Westminster
Standley Lake
Indiana
Arvada
0 0.25 0.5 1 Miles

