**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

---

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR
AMENDMENT OR CORRECTION OF THE COURT'S ORDER CERTIFYING
SETTLEMENT CLASS**

---

## I.     INTRODUCTION

On May 19, 2016, this Court issued an Order Certifying Settlement Class, Doc. No. 2396 (the "Order" or "Order Certifying Settlement Class").  Plaintiffs now respectfully move pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), or in the alternative pursuant to Federal Rule Civil Procedure 60, for correction or amendment of the Order in two respects:

1) Plaintiffs request that the Court replace the map attached as Appendix A to the Order with the map attached hereto as Corrected Appendix A; and

2) Plaintiffs request that the Court amend common question (f) on page 3 of the Order to read: "Whether Rockwell International Corporation ('Rockwell') interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these ways: (i) by causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure; and/or (ii) by causing objective conditions that pose a demonstrable risk of future harm to the Class Area" instead of "Whether Rockwell International Corporation ('Rockwell') interfered with Class members' use and enjoyment of their properties in the Class Area by causing objective conditions that pose a demonstrable risk of future harm to the Class Area".

Plaintiffs have conferred with Defendants, and Defendants do not oppose this motion.

## II.    LEGAL STANDARD

Rule 23 provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  Fed. R. Civ.P.  23(c)(1)(C); *see also Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191 (10th Cir. 2006) ("Rule 23(c)(1)(C) permits the district court to alter or amend a certification decision." ); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1437 n.6 (2013) ("Further, a certification order may be altered or amended as the case unfolds. Rule 23(c)(1)(C)."). "Such amendments or alterations are a matter within this Court's discretion." *Decoteau v. Raemisch*, No. 13-CV-3399-WJM-KMT, 2015 WL 1727071, at *1 (D. Colo. Apr. 13, 2015) (citing *DG ex rel. Stricklin v. Devaughn,* 594 F.3d 1188, 1201 (10th Cir. 2010)).

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n] order." Fed. R. Civ. P. 60(a); *Brill Gloria Haus- und Gartengerate GmbH v. Sunlawn, Inc.*, No. 08-CV-00211-MSK-MEH, 2009 WL 1220503, at *1 (D. Colo. Apr. 30, 2009) (citing Fed. R. Civ. P. 60(a)). "'It is axiomatic that courts have the power and the duty to correct judgments containing clerical errors.'" *United States v. D'Andrea*, No. 09-CV-01940-PAB-MJW, 2013 WL 1137113, at *1 (D. Colo. Mar. 19, 2013) (quoting *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1065 (10th Cir.1980)). "A District Court is not limited under Rule 60(a) to the correction of clerical mistakes arising from oversight or omission. Rather, a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented." *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992); *see also McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) ("Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person *intended* to speak, write, or record.") (emphasis in original). Courts routinely amend or correct errors included in orders pursuant to Rule 60(a). *See, e.g.*, *Bien v. Sturch*, No. 07-cv-01427-WYD-CBS, 2008 WL 312153, at *2 (D. Colo. Feb. 1, 2008) (citing cases); *Am. Econ. Ins. Co. v. Schoolcraft*, No. CIV. 05-CV-01870LTBB, 2007 WL 2261646, at *1 (D. Colo. Aug. 6, 2007).

In addition to Rule 60(a)'s grant of authority to correct orders, "the power to amend its records to correct inadvertent mistakes is an inherent power of the court." *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir. 1980) (citing *Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958)); *see also Epic Energy Res., Inc. v. Terrace Point*

*P'ship, LLC*, No. 12-CV-01046-RBJ, 2013 WL 427060, at *5 (D. Colo. Feb. 4, 2013) ("Rule 60(a) permits the court to correct a mistake arising from oversight on its own.  Even without that specific grant of authority, however, a judge has inherent power to correct his mistakes, unless of course he loses jurisdiction due to an appeal.").

Rule 60(b)(1) allows courts to relieve a party from an order in cases of "mistake, inadvertence, surprise, or excusable neglect."  "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. … A court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake." *Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005) (quotations and citations omitted).

Rule 60(b)(6) gives courts the flexibility to amend orders for "any other reason that justifies relief."  "Rule 60(b)(6) has been referred to as a grand reservoir of equitable power to do justice in a particular case."  *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) (quotation and citation omitted).  Relief under Rule 60(b)(6) "is discretionary with the trial court."  *Zimmerman v. Quinn*, 744 F.2d 81, 83 (10th Cir. 1984).

"The district court has substantial discretion in connection with a Rule 60(b) motion." *Radeker v. Elbert Cty. Bd. of Comm'rs*, No. 14-CV-01238-CMA-KMT, 2016 WL 1586391, at *1 (D. Colo. Apr. 19, 2016) (quoting *Marino*, 893 F.2d at 1146).

3

### III.     THE COURT SHOULD REPLACE THE MAP ATTACHED AS APPENDIX A TO THE ORDER WITH THE MAP ATTACHED HERETO AS CORRECTED APPENDIX A

Plaintiffs request that the Court replace the map attached as Appendix A to the Order with the map attached hereto as Corrected Appendix A.

This amendment is necessary because it appears that the map attached as Appendix A to the Order was erroneously cut off when filed – and so needs to be replaced with a complete, legible map.

The map attached hereto is the map Plaintiffs have prepared for inclusion in proposed Notice to be sent to members of the Class. Plaintiffs believe the attached Corrected Appendix A is as clear as possible – and clearer than the map attached to the Settlement Agreement – and so should be attached to the Order Certifying Settlement Class for maximum clarity. (Again, Defendants do not oppose Plaintiffs' request to attach the map shown in Corrected Appendix A to the Order Certifying Settlement Class.)

The requested amendment to the map attached to the Order is appropriate under Rule 23(c)(1)(C), or in the alternative under Rule 60(a) and (b), to correct the clerical mistake made when the map attached to the Order was inadvertently truncated. The Court also has the inherent power to make this correction.

### IV.     QUESTION (F) OF THE ORDER SHOULD BE AMENDED

In the Order, the Court identified common questions of law and fact which predominate over questions affecting only individual members. *See* Order, at 2-3. Plaintiffs request that the Court correct common question (f), which is shown on page 3 of the Order. Question (f) currently states: "Whether Rockwell International Corporation ('Rockwell') interfered with

Class members' use and enjoyment of their properties in the Class Area by causing objective conditions that pose a demonstrable risk of future harm to the Class Area[.]"  Question (f) should be corrected to read instead:

> Whether Rockwell International Corporation ("Rockwell") interfered with Class members' use and enjoyment of their properties in the Class Area in one or both of these ways: (i) by causing Class members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure; and/or (ii) by causing objective conditions that pose a demonstrable risk of future harm to the Class Area;

This correction is necessary to ensure that common question (f) is consistent with common question (c), which relates to The Dow Chemical Company.

Plaintiffs note that, subject to Court approval, they intend to list the common questions from the Court's Order Certifying Settlement Class in the Notice to be sent to the Class, and so wish to ensure that the common questions are consistent and accurate.

The Court has the authority to make this correction pursuant to Rule 23(c)(1)(C), or in the alternative pursuant to Rule 60(a) and (b), as well as pursuant to the Court's inherent powers.

## V.    THE COURT SHOULD REPLACE THE MAP ATTACHED AS APPENDIX A TO THE ORDER WITH THE MAP ATTACHED HERETO AS APPENDIX A

For the foregoing reasons, the Court should grant Plaintiffs' unopposed motion.

Dated:  July 15, 2016

                          Respectfully submitted,

                          */s/ Merrill G. Davidoff*
                          Merrill G. Davidoff
                          David F. Sorensen
                          Caitlin G. Coslett
                          BERGER &MONTAGUE, P.C.
                          1622 Locust Street
                          Philadelphia, PA 19103
                          (215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DeBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise M. Roselle
Paul M. DeMarco
Markovits, Stock & De Marco, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
(513) 651-3700

Attorneys for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of July, 2016, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

                                                 */s/ Merrill G. Davidoff*
                                                 Merrill G. Davidoff
                                                 BERGER & MONTAGUE, P.C.
                                                 1622 Locust Street
                                                 Philadelphia, PA 19103
                                                 (215) 875-3000

# CORRECTED APPENDIX "A"

# Rocky Flats Property Class Area

