# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, PRELIMINARY APPROVAL OF PROPOSED PLAN OF ALLOCATION, APPROVAL OF PROPOSED FORMS AND MANNER OF NOTICE TO THE CLASS, APPROVAL OF PROPOSED CLAIM FORM, AND APPROVAL OF PROPOSED SCHEDULE**

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement, Preliminary Approval of Proposed Plan of Allocation, Approval of Proposed Forms and Manner of Notice to the Class, Approval of Proposed Claim Form, Appointment of Escrow Agent, Appointment of Settlement Administrator, and Approval of Proposed Schedule, the memorandum in support, and related materials, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## Jurisdiction

1.      This Order hereby incorporates by reference the definitions in the Settlement Agreement among the Class Representatives, the Settlement Class, and Defendants, and all

capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2.  This Court has jurisdiction over each of the class representatives, Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk[1] (collectively "Plaintiffs" or "Class Representatives") and Defendants Rockwell International Corporation ("Rockwell") and The Dow Chemical Company ("Dow") (collectively, "Defendants") and jurisdiction over the litigation to which Class Representatives and Defendants are parties

### **Preliminary Approval of the Proposed Settlement**

3.  The ultimate approval of a class action settlement requires a finding that the settlement is fair, adequate, and reasonable. *See, e.g.*, *Rhodes v. Olson Assocs., P.C.*, 308 F.R.D. 664, 666 (D. Colo. 2015); *Nakkhumpun v. Taylor*, No. 12-CV-01038-CMA-CBS, 2015 WL 6689399, at *3 (D. Colo. Nov. 3, 2015); *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006); *Newberg on Class Actions* at § 13:10 (5th ed. 2015). In evaluating a proposed settlement for preliminary approval, the Court must determine "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). The proposed settlement satisfies this standard.

4.  The Court finds that the proposed settlement, which includes cash payments totaling $375 million by Defendants into an escrow account for the benefit of the Class (the

---

[1] Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

2

"Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation between Class Representatives and Defendants with prejudice and releases of certain claims against Defendants by Class Representatives and the Class, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after many years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

## Preliminary Approval of the Proposed Plan of Allocation

5. The proposed Plan of Allocation, attached as Exhibit 2 to Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Proposed Class Action Settlement, Preliminary Approval of Proposed Plan of Allocation, Approval of Proposed Forms and Manner of Notice to the Class, Approval of Proposed Claim Form, Appointment of Escrow Agent, Appointment of Settlement Administrator, and Approval of Proposed Schedule ("Plaintiffs' Memorandum"), calls for distribution to Class members of the Settlement Fund, less (i) service awards to the Class Representatives approved by the Court; (ii) fees, expenses, and costs awarded from the Settlement Fund to counsel for the Class Representatives and the Class approved by the Court; (iii) compensation and expenses paid or reimbursed to the Settlement and Claims Administrator approved by the Court; and (iv) any additional administrative expenses that may be charged against the Settlement Fund as approved by the Court (the "Net Settlement Fund").

6. The proposed Plan of Allocation calls for distribution of the Net Settlement Fund in the following manner:  3.196% of the Net Settlement Fund will be allocable to commercial properties located in the Property Class Area; 81.537% of the Net Settlement Fund will be

allocable to residential properties located in the Property Class Area; and 15.267% of the Net Settlement Fund will be allocable to vacant land located in the Property Class Area.

7. Based on Jefferson County tax assessment records from April 1989 and such other sources as the Settlement and Claims Administrator may reasonably determine to be suitable and reliable, the Settlement and Claims Administrator shall determine, for each Class property, the property's assessed value, expressed as a fraction of the total assessed value of all Class properties within the same category (the property's "Fractional Allocable Share").

8. The proposed Plan of Allocation shall compute an award for each member of the Class, based on the Class member's property's Fractional Allocable Share of the Net Settlement Fund apportioned to that category. For example, for a residential property, the proposed Plan of Allocation will present an award based on the property's Fractional Allocable Share multiplied by the Net Residential Property Settlement Fund.

9. It is anticipated that after the first distribution of settlement proceeds there will be unclaimed or residual funds and that a second distribution will be needed. Plaintiffs' Class Counsel anticipate that, subject to Court approval, in any such second or subsequent distribution the properties closest to the plant will be given an extra weighting and so will receive relatively more in such subsequent distributions.

10. Subject to further order of the Court, any funds allocable to the Class that remain unclaimed, after due allowance of a period for late claims, shall be distributed to members of the Class on a pro rata basis, subject to paragraph 9, above.

11. Insofar as the Net Settlement Fund includes residual funds after distribution(s) as set forth in the preceding paragraphs that cannot be economically distributed to the Class (because of the costs of distribution as compared to the amount remaining), Class Counsel shall

4

make an application to the Court, with notice to Defendants, for such sums to be used to make *cy pres* payments for the benefit of members of the Class.  What this means is that, subject to Court approval, the money may be used, for example, to make a donation to a group or groups whose interests are aligned with Class members or otherwise as directed by the Court.

12. The proposed Plan of Allocation attached as Exhibit 2 to Plaintiffs' Memorandum satisfies the requirements of Fed. R. Civ. P. 23(e) and due process, is fair and reasonable, and is therefore preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

### Approval of the Forms of Notice and Plan of Notice to the Class

13. The proposed forms of Notice and Plan of Notice satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and therefore are approved.

14. Class Counsel shall cause the steps set forth in the proposed Notice Plan to be taken by the Settlement and Notice Administrator.

15. Class Counsel shall cause Long Form Notice substantially in the form attached as Exhibit 3 to Plaintiffs' Memorandum to be sent by September 14, 2016 via first-class mail to potential Class members whose current addresses are reasonably ascertainable.

16. Class Counsel shall cause Short Form Notice substantially in the form attached as Exhibit 4 to Plaintiffs' Memorandum to be published substantially in the manner proposed by Heffler Claims Group no later than November 28, 2016.  *See* Proposed Plan of Notice, attached as Exhibit 5 to Plaintiffs' Memorandum.  Class Counsel shall also cause notice to be given to the Class in the manner set forth in the Notice Plan no later than November 28, 2016.

17. Members of the Class may request exclusion from the Class or object to the Settlement no later than March 1, 2017 (at least 90 days following completion of the Notice

5

Plan). Class Counsel or their designee shall monitor and record any and all opt-out requests that are received, and will file a report on the opt-out requests with the Court.

### **Approval of Proposed Claim Form**

18. The Court approves the proposed Claim Form attached as Exhibit 6 to Plaintiffs' Memorandum. The Settlement and Claims Administrator shall send a Claim Form substantially in the form attached as Exhibit 6 to Plaintiffs' Memorandum in Support to all reasonably identifiable members of the Class along with the Long Form Notice, shall post the Claim form on the settlement website, www.RockyFlatsSettlement.com, and shall send the Claim Form to all potential Class Members who request it.

19. Members of the Class will be given until June 1, 2017, more than six months after the Notice Plan is completed, to file a claim.

### **Schedule Leading Up To and Including the Fairness Hearing**

20. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at April 28, 2017 at _____ at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Courtroom A802, Denver, CO 80294-3589. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of distribution of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether service awards should be awarded to the Class Representatives and the appropriate amount of such service awards, if any; and (e) whether entry of a Final Judgment and Order terminating the litigation should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with

appropriate notice.  Class Counsel shall be responsible for communicating any such rescheduling promptly to the Class by posting a conspicuous notice on the following website: www.RockyFlatsSettlement.com.

21. Class members who wish to (a) object to the proposed Settlement; and/or (b) appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Clerk of the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Courtroom A802, Denver, CO 80294-3589 on or before March 1, 2017 with copies to the following counsel:

>   Merrill G. Davidoff
>   David F. Sorensen
>   BERGER &MONTAGUE, P.C.
>   1622 Locust Street
>   Philadelphia, PA 19103
>   Tel: (215) 875-3000
>
>   *Lead Counsel for the Class*
>
>   Bradley H. Weidenhammer
>   KIRKLAND & ELLIS LLP
>   300 North LaSalle
>   Chicago, IL  60654
>   Phone: (312) 862-3218
>
>   *Counsel for Dow and Rockwell*

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than March 1, 2017.  Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement.  All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as

provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

22. All briefs and materials in support of the final approval of the settlement and the entry of Final Judgment proposed by the parties to the Settlement Agreement shall be filed with the Court by March 31, 2017.

23. All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses, and incentive awards for the Class Representatives, shall be filed with the Court by January 12, 2017.

24. All proceedings in the action between the Class Representatives and the Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, enters Final Judgment and dismisses such actions with prejudice.

25. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted by Class Representatives against Defendants or as to any liability by Defendants as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

BY THE COURT:

_____
John L. Kane, Senior District Judge
United States District Court