# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

## [PROPOSED] PLAN OF ALLOCATION OF THE SETTLEMENT FUND

Before the Court is Plaintiffs' proposed plan of allocation. The Court being fully advised in the premises, and for good cause shown, the Court hereby ORDERS as follows:

### A.  Definition of Terms

1.  For purposes of this Plan of Allocation:

    a.  The terms "Settlement Class", the "Class", or the "Property Class" "Class" means the Class certified by the Court pursuant to Rule 23(b)(3) on May 19, 2016 (Doc. No. 2396), which is defined as:

> The Property Class includes all persons and entities who have not previously opted out or who do not timely opt out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates, parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear

Weapons Plant in Colorado; its boundary is portrayed in the map attached hereto as Appendix A [to the May 19, 2016 Order].[1]

       b.      The term "Settlement Fund" means the sum of all payments made by Defendants Rockwell International Corporation ("Rockwell") and The Dow Chemical Company ("Dow") (collectively, "Defendants") pursuant to the Settlement Agreement entered into on May 18, 2016, inclusive of attorneys' fees, expenses, costs, and inclusive of any interest earned through such investments as the Court may direct following Defendants' payment of the judgment.

       c.      The term "Settlement and Claims Administrator" means the officer appointed by the Court pursuant to separate Order to recommend an allocation of settlement funds and to perform such incidental and additional duties as are set forth in this Order or as the Court may subsequently direct.

       d.      The term "Net Settlement Fund" means the Settlement Fund, less: (i) service awards to the Class Representatives approved by the Court; (ii) fees, expenses, and costs awarded from the Settlement Fund to counsel for Class Representatives and the Class approved by the Court; (iii) compensation and expenses paid or reimbursed to the Settlement and Claims Administrator approved by the Court; and (iv) any additional administrative expenses that may be charged against the Settlement Fund as approved by the Court.

       e.      The term "Net Commercial Property Settlement Fund" means the portion of the Net Settlement Fund allocable to the commercial property category under the formula set forth in paragraph 9 of this Order.

---

[1] Plaintiffs have filed a motion to substitute the map attached as Appendix A to the Court's Order Certifying Settlement Class, Doc. No. 2396 with a clearer, more complete map; the map originally attached as Appendix A to the Order Certifying Settlement was inadvertently cut off. The map attached hereto as Appendix A is the correct, complete map of the Property Class Area.

f.     The term "Net Residential Property Settlement Fund" means the portion of the Net Settlement Fund allocable to the residential property category under the formula set forth in paragraph 9 of this Order.

g.     The term "Net Vacant Property Settlement Fund" means the portion of the Net Settlement Fund allocable to the vacant property category under the formula set forth in paragraph 9 of this Order.

### C.     Duties of the Settlement and Claims Administrator

2.     The Settlement and Claims Administrator shall be responsible for developing a recommended allocation ("Proposed Allocation") of the Net Settlement Fund.  The Settlement and Claims Administrator may retain such outside consultants as necessary to do so, including Wayne L. Hunsperger, MAI.

3.     The Proposed Allocation shall be developed under the guidelines set forth in this Plan of Allocation, under supervision from the Court, and subject to ultimate approval by the Court.

4.     The Settlement and Claims Administrator shall have such additional duties in connection with the allocation of the Net Settlement Fund and administration of claims as set forth in this Plan of Allocation or in subsequent directives from this Court.

5.     The Settlement and Claims Administrator shall report to the Court from time to time to advise the Court of its progress in discharging its responsibilities under this Plan of Allocation, on such occasions and at such intervals as the Settlement and Claims Administrator may deem appropriate or as the Court may direct.

6.     The Settlement and Claims Administrator is authorized to make reasonable expenditures to secure the resources and assistance reasonably necessary to the performance of

3

its duties.  Such expenses, and the compensation of the Settlement and Claims Administrator at its usual and customary hourly rates, will be paid and reimbursed from the Settlement Fund periodically, subject to Court approval and to the extent that the Settlement Fund has sufficient monies to cover such reimbursements.

### D.     Procedures and Principles for the Proposed Allocation

7.     For each property located in the Property Class Area ("Class Property"), the Settlement and Claims Administrator shall consult appropriate records and data, from Jefferson County and Broomfield County, Colorado, and such other sources as the Settlement and Claims Administrator may reasonably determine to be suitable and reliable,[2] for the purposes of: (a) determining ownership of the Class Property as of June 7, 1989; (b) associating the property, and its owner(s) as of June 7, 1989; and (c) assigning the Class Property to one of the three property categories: commercial, residential, or vacant as of June 7,1989.

8.     For each of the three property categories, the Settlement and Claims Administrator shall compute the category's share of the Net Settlement Fund.  The total sum allocable to each category shall bear the same ratio to the Net Settlement Fund as the jury's award of compensatory damages for that category bears to the total of all compensatory damages awarded by the jury for all three categories combined:  3.196% of the Net Settlement Fund will be allocable to commercial properties; 81.537% of the Net Settlement Fund will be allocable to residential properties; and 15.267% of the Net Settlement Fund will be allocable to vacant land.

9.     Based on Jefferson County and Broomfield County tax assessment records from April 1989 and such other sources as the Settlement and Claims Administrator may reasonably

---

[2] The information obtained from Jefferson County and Broomfield County relates to property assessments completed in April 1989, which is closest in time to June 7, 1989, along with property code type data from 1992, the earliest date on which such property type data is available.

4

determine to be suitable and reliable, the Settlement and Claims Administrator shall determine, for each Class Property, the Class Property's assessed value, expressed as a fraction of the total assessed value of all Class Properties within the same category (the property's "Fractional Allocable Share").

10. The Proposed Allocation shall compute an award for each member of the Class, based on the Class member's property's Fractional Allocable Share of the Net Settlement Fund apportioned to that category. For example, for a residential property, the Proposed Allocation will present an award based on the property's Fractional Allocable Share multiplied by the Net Residential Property Settlement Fund.

11. It is anticipated that after the first distribution of settlement proceeds there will be unclaimed or residual funds and that a second distribution will be needed. Class Counsel anticipate that, subject to Court approval, in any such second or subsequent distribution the properties closest to the former Rocky Flats plant will be given an extra weighting and so will receive relatively more in such subsequent distributions.

### E. Procedures for Payment of Claims

12. Prior to disbursement of any funds to members of the Class, the Court will establish appropriate procedures for approval of the Proposed Allocation, for notifying Class members of their awards under the Proposed Allocation, and for proceedings through which Class members have an opportunity to seek adjustment of their awards under the Proposed Allocation.

5

### F.      Disposition of Unclaimed Funds

13.     Subject to further order of the Court, any funds allocable to the Class that remain unclaimed, after due allowance of a period for late claims, shall be distributed to members of the Class on a pro rata basis, subject to paragraph 11, above.

14.     Insofar as the Net Settlement Fund includes residual funds after distribution(s) as set forth in the preceding paragraphs that cannot be economically distributed to the Class (because of the costs of distribution as compared to the amount remaining), Class Counsel shall make an application to the Court, with notice to Defendants, for such sums to be used to make *cy pres* payments for the benefit of members of the Class.  What this means is that, subject to Court approval, the money may be used, for example, to make a donation to a group or groups whose interests are aligned with Class members or otherwise as directed by the Court.

15.     The Court retains exclusive jurisdiction over the Settlement and the Plan of Allocation of the Settlement Fund.