# Exhibit 8

MERRILL G. DAVIDOFF
JOHN R. TAYLOR
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia PA  19103
Telephone:  (215) 875-3000

N. ROBERT STOLL, OSB No. 69165
GARY M. BERNE, OSB No. 77407
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street
Portland OR  97204
Telephone:  (503) 227-1601

Of Attorneys for Plaintiffs

FILED
1996 APR 15 A 9:24
CLERK U.S. DISTRICT COURT
DISTRICT OF OREGON
PORTLAND, OREGON
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re MELRIDGE, INC. SECURITIES LITIGATION | Consolidated Actions Maintained Under Master File No. CV 87-1426-FR |
| | ORDER REGARDING FEES AND COSTS |

Upon consideration of the Petition of Class Counsel for an Award of Attorneys' Fees and the Memorandum of Law and affidavits submitted in support thereof; and the affidavits of Gary M. Berne and John R. Taylor regarding unreimbursed costs of litigation; and based on this Court's own observations and familiarity with the history of the case, it is hereby ORDERED as follows:

1.  The Petition of Class Counsel for an Award of Attorneys' Fees is hereby GRANTED, and Class Counsel are authorized to receive a fee award of $11.7 million, or 40% of the principal proceeds of the Boettcher Settlement.  This fee shall be in addition to the $8.41 million in fees previously authorized by this Court, and shall be without prejudice to Class Counsel's right to seek an additional

PAGE 1 -    ORDER REGARDING FEES AND COSTS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S. W. OAK STREET
PORTLAND, OREGON  97204
TEL. (503) 227-1600 · FAX (503) 227-6840

42768.1 6260 0

award of fees to be paid out of any future recoveries on behalf of the Class. The reasonableness of this fee award is supported by the following considerations:

    a.   The efforts of Class Counsel, resulting in partial settlements totaling $54.25 million, plus additional substantial verdicts against the non-settling defendants, have conferred substantial benefits on the Class and represents an outstanding result.

    b.   In order to bring about this result, Class Counsel were required to devote an unusual amount of time and effort over more than eight years of intense litigation which included a four-month long jury trial and full briefing and argument of an appeal before the Ninth Circuit Court of Appeals, and which produced one of the most voluminous case files in the history of this District.

    c.   Throughout the course of their representation, the attorneys at Berger & Montague and Stoll, Stoll, Berne, Lokting & Shlachter who have worked on this case have exhibited an unusual degree of skill and diligence, and have had to contend with opposing counsel who also displayed unusual skill and diligence.

    d.   This has been a highly complex litigation which has presented a large variety of novel and difficult legal issues.

    e.   Class Counsel undertook this representation on a contingent basis, with the understanding that their compensation would be dependent on the result obtained for the Class. Class Counsel have had to devote considerable resources to this litigation over an extended period. Thus, Class Counsel have faced

PAGE 2 -   ORDER REGARDING FEES AND COSTS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S. W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 · FAX (503) 227-6840

42768.1 6260 0

considerable risks, and have only been partially compensated to date.

    f.    The requested fee award represents 40% of the $29.25 million in proceeds from the Boettcher Settlement, and will bring Class Counsel's overall fee to 37% of the $54.25 million in total settlement proceeds. In Portland, it is normal for contingent fee arrangements entered into at arm's length to provide for a fee of one-third of the recovery if settlement is reached prior to trial, with a larger percentage of 40% if the case proceeds to trial.

    g.    The requested fee is consistent with other common fund cases in which courts have awarded similar percentages of the recovery even where the case has not proceeded to trial.[1]

    h.    Petitioners have expended a total of 87,076 hours in this litigation, worth $14,613,317.72 when valued at the respective firms' current hourly rates. *See Bouman v. Block*, 940 F.2d 1211,

---

[1] *See, e.g., In re Crazy Eddie Securities Litigation*, 1993 Fed. Sec. L. Rpt. (CCH) ¶97,653 (E.D.N.Y. 1993) (awarding fees of $14.2 million or 33.8% of proposed settlement fund); *Employee Benefit Plans Securities Litigation*, 1993 Fed. Sec. L. Rpt. (CCH) ¶97,669 (D. Minn. 1993) (33-1/3% of Settlement Fund); *Cimarron Pipeline Construction v. NCC*, 1993-1 Trade Cases (CCH) ¶70,310 (W.D. Okl. 1993) (33-1/3% of a $35.4 million fund); *In re RJR Nabisco Inc. Securities Litigation*, 1992 Fed. Sec. L. Rpt. (CCH) ¶96,984 (S.D.N.Y. 1992) ($17.7 million dollars or 25% of Settlement); *In Re Melridge Securities Litigation,* Consolidated Actions Maintained Under Master File no. CV87-1426-FR (D. Or. March 19, 1992)(30% of 6.8 million in partial settlements); *In re Consumer Power Company Securities*, Case No. 83 CV 6448AA (E.D. Mich. 1991) (30% of $31 million dollar fund); *In re Rospatch Securities Litigation*, No. 1-90-Cv. 806 (E.D. Mich. 1993) (33-1/3% of 1.037 supplemental settlement); *Kazanos v. Millicom Inc.*, 1993 Fed. Sec. L. Rpt. (CCH) ¶97,255 (S.D.N.Y. 1992) (33%); *Ressler v. Jacobson*, 1993 Fed. Sec. L. Rpt. (CCH) ¶97,224 (M.D. Fla. 1992); *In re Gulf Oil/Cities Service Tender Offer Lit.*, 142 F.R.D. 588 (S.D.N.Y. 1992) (30%); *In re Home Shopping Network Securities*, Civ. No. 87-428 (M.D. Fla. Order of Oct. 15, 1991) (33%).

PAGE 3 -    ORDER REGARDING FEES AND COSTS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S. W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 · FAX (503) 227-6840

42768.1 6260 0

1235 (9th Cir. 1991) (In order to compensate for the delay in payment, courts typically approve the valuation of time at current hourly rates.). The current fee, together with the fees which have already been awarded, will yield an overall fee of $20.11 million. This is only 1.376 times the lodestar in this case. The requested fee award is therefore highly conservative in light of the numerous cases where courts have awarded fees amounting to two, three or four times the lodestar amount.

i. Every Class member is well-motivated to speak up if he or she believes that the requested fee is unreasonable. Pursuant to the Court's Order dated September 13, 1993, the Class was notified that Class Counsel would seek a fee of up to 40% of any future recovery against Boettcher, and were invited to voice any objection at the hearing that was held on November 1, 1993. No Class member voiced any objection in response to that notice. More recently, pursuant to the Order dated March 7, 1996, the Class was again informed of petitioners' intention to seek a fee of 40%, and were again invited to voice any objections. This second notice was mailed to all of the persons or entities who previously submitted valid claims. Notice was also published in the national edition of the Wall Street Journal and in the Oregonian. In response to this second notice, only two Class members have objected to the proposed fee award, and neither objector has demonstrated that the requested fee is unreasonable under the governing legal standards. The requested fee, like the Proposed Boettcher Settlement, appears to enjoy the support of the overwhelming majority of the Class

PAGE 4 -    ORDER REGARDING FEES AND COSTS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S. W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 · FAX (503) 227-6840

42768.1 6260 0

1  members.

2  2.   In addition to the fees authorized by Paragraph 1 of this
3  Order, Class Counsel are authorized to receive $358,718.55 as
4  reimbursement of costs which Class Counsel have advanced in
5  furtherance of the litigation on behalf of the Class.  The Court
6  finds that the requested costs, as set forth in the affidavits of
7  Gary M. Berne and John R. Taylor, are reasonable and necessary to
8  bring this case to trial and for post-trial matters.

9  3.   The awards of fees and costs authorized hereby shall be
10 disbursed from the funds established by the settlements which the
11 Court has approved, including without limitation the Boettcher
12 Settlement.

13 DATED: this 15th day of April, 1996

14                                    BY THE COURT

15
16                                    _____
17                                    Hon. Helen J. Frye
                                      United States District Judge
18

19
   Presented by:
20

21
22 _____
   N. ROBERT STOLL, OSB No. 69165
23 GARY M. BERNE, OSB No. 77407
   STOLL STOLL BERNE LOKTING & SHLACHTER
24

25

26


PAGE 5 -   ORDER REGARDING FEES AND COSTS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S. W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 · FAX (503) 227-6840

42768.1 6260 0