```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF COLORADO

 3   Civil Action No. 90-CV-00181-JLK

 4    MERILYN COOK, et al.,

 5           Plaintiffs,

 6           vs.

 7    ROCKWELL INTERNATIONAL CORPORATION and
      THE DOW CHEMICAL COMPANY,
 8
             Defendants.
 9
     -----------------------------------------------------------------
10
                           REPORTER'S TRANSCRIPT
11                  TELEPHONIC MOTION/STATUS CONFERENCE

12   -----------------------------------------------------------------

13           Proceedings before the HONORABLE JOHN L. KANE, Judge,
     United States District Court for the District of Colorado,
14   commencing at 1:05 p.m. on the 4th day of August, 2016, in
     Courtroom A802, Alfred A. Arraj United States Courthouse,
15   Denver, Colorado.

16                               APPEARANCES

17   For the Plaintiffs:
     MERRILL G. DAVIDOFF, CAITLIN G. COSLETT, and DAVID F.
18   SORENSEN, BERGER & MONTAGUE, P.C., 1622 Locust Street,
     Philadelphia, PA 19103
19
     GARY B. BLUM, and STEVEN W. KELLY, SILVER & DEBOSKEY, P.C.,
20   1801 York Street, Denver, CO 80206

21   LOUISE M. ROSELLE, MARKOVITS, STOCK & DE MARCO, LLC,
     119 E. Court Street, Suite 530, Cincinnati, OH 45202
22
     For the Defendants:
23   BRADLEY H. WEIDENHAMMER, KIRKLAND & ELLIS, LLP,
     300 N. LaSalle, Chicago, IL 60654
24
         JULIE H. THOMAS, RMR, CRR, 901 19th Street, Room A256,
25         Denver, CO 80294, (303)296-3056   (CA CSR No. 9162)

             Proceedings reported by mechanical stenography;
                  transcription produced via computer.
```

```
90-CV-00181-JLK          Motion/Status              08/04/2016    2
```

1           (Proceedings commenced 1:05 p.m.,
2         August 4, 2016.)
3                COURTROOM DEPUTY:  Court is in session.
4                THE COURT:  Gentlemen and lady, if there is one -- I
5    have two ladies here -- the courtroom just has the court staff
6    and me, but because of my hearing difficulties this is the
7    best place to -- for me to be, here in the courtroom, and get
8    the sound system.  Likewise, the court reporter has the
9    facility to work.  So if you have any difficulty hearing me,
10   please speak up.  I -- sometimes I've been told, stop speaking
11   up, because I can hear myself with my hearing aids, but
12   sometimes I can't hear you, and I will speak up for that.
13               So let me know, first of all, with the plaintiffs who
14   is here.
15               MR. DAVIDOFF:  Yes, Your Honor, this is Merrill
16   Davidoff, lead plaintiff class counsel.  There's quite a
17   number of other plaintiffs' counsel on the phone.  I'll try to
18   list them all.  Caitlin Coslett and David Sorensen from my
19   firm, Miss Roselle from the Markovits firm, Gary Blum and
20   Steve Kelly from Silver & Deboskey.  And defense counsel is on
21   the line, Bradley Weidenhammer -- I hope I got that right,
22   Brad.
23               MR. WEIDENHAMMER:  You did, thank you.
24               MR. DAVIDOFF:  -- from Kirkland & Ellis.
25               THE COURT: Okay.  Thank you.

Julie H. Thomas, RMR, CRR                              (303)296-3056

```
90-CV-00181-JLK          Motion/Status              08/04/2016     3
```

1   I had reviewed all of these materials, and one of the
2   things I wanted to hear a little bit more about. In recent
3   publications there has been a concern in some class action
4   cases, expressed by other judges, that the, that the number of
5   class people actually getting a payment is less than was
6   anticipated. The distribution problem, in other words,
7   presents itself. And then, of course, you end up under those
8   circumstances with a -- more of a fund in the cypres category
9   than was needed. I'm not saying that that's the case here,
10  and I'm very familiar with the distribution folks that you
11  have selected, but I'd like some comment upon that.
12          What do you think about the efficiencies of the
13  notice in terms of the actual number of people? My concern
14  here is not nearly what it is in class actions that have a
15  class with transient population because this involves real
16  estate, and there's a certain degree of steadiness to that.
17  So I'm interested in that question.
18          Hello?
19          MR. DAVIDOFF: Yes, Your Honor. Would you like me to
20  address that first? This is Merrill Davidoff.
21          THE COURT: I keep getting an interference there. I
22  don't know. Hang on just a second because there's another
23  aspect that I'm interested in as well.
24          And I'm very satisfied with the notice and the system
25  that you have for --

Julie H. Thomas, RMR, CRR                              (303)296-3056

```
90-CV-00181-JLK          Motion/Status              08/04/2016    4
```

1         COURTROOM DEPUTY:  Hello?  Counsel?

2         MR. DAVIDOFF:  Yes, we're here.

3         COURTROOM DEPUTY:  Okay.  So the problem with doing
4    the hearings by phone is that any noises you make come as a
5    disturbance on this end, so we can't hear.  So if you can try
6    to minimize the movement or any other distractions, that would
7    be great.

8         MR. DAVIDOFF:  Well, I will ask other counsel for the
9    time being to mute their phones, if they can, and I'll try to
10   mute mine when I'm not speaking.

11        COURTROOM DEPUTY:  That would be nice.

12        THE COURT:  And don't open any beer cans.

13        MR. DAVIDOFF:  I think we're months away from any
14   celebrations here, Judge.

15        THE COURT:  Okay.

16        MR. DAVIDOFF:  Anyway, I want to -- maybe I should
17   just start by answering that first question, and then if Your
18   Honor has another one, we can go directly to that.

19        You're right, absolutely right, Your Honor, that this
20   is a case that involves real estate.  The problem in this
21   case, and the very unusual problem, is that we have a class --
22   a class list that's 26 years old and which was last sent
23   notice in 1999.  So there will -- and as Your Honor read in
24   the materials, we have an extremely copious and thorough
25   national media program and notice program in order to reach as

Julie H. Thomas, RMR, CRR                            (303)296-3056

```
90-CV-00181-JLK         Motion/Status              08/04/2016    5
```

1  many people as possible, so we've far exceeded what normally
2  happens, which is the best notice -- this is really the best
3  notice not only practicable but probably the best notice
4  achievable.
5          But to answer Your Honor's question, there will
6  undoubtedly be some persons or property owners who, despite
7  the best of efforts, will not be located.  And that doesn't
8  mean that that money is going to go to a cypres fund.  What it
9  usually means and what we anticipate to be virtually a
10 certainty in this case is that there will be more than one
11 distribution.  There will be an initial distribution to the
12 class members, and then more efforts will be made to locate
13 those who we haven't been able to locate despite the best of
14 efforts, and there probably -- there will be a second
15 distribution, which I think is anticipated in paragraph 9 and
16 11 of our plan of allocation.  There could even be a third
17 distribution.  I have been in cases with as many as four
18 distributions, MDL cases with as many as four distributions.
19 But every effort will be made to locate the class members to
20 make sure that they have an opportunity to file a claim and
21 receive their payment.  And, fortunately, we have a relatively
22 prolonged schedule because the Settlement Agreement only
23 provides a deadline of July of 2017 for the final payment.
24         So I guess the short answer is that we have an
25 extremely robust notice program designed to reach people at

Julie H. Thomas, RMR, CRR                            (303)296-3056

```
90-CV-00181-JLK        Motion/Status            08/04/2016    6
```

1  least anywhere in the United States who have left the Rocky
2  Flats or Denver or Colorado areas.  We have a very robust
3  program for Denver and Colorado.  And while we don't
4  anticipate reaching everybody, certainly you look at
5  Miss Finnegan's declaration, which was attached to our
6  memorandum, I believe she has an estimate that this will reach
7  77 to 90 percent of the potential class members.  That's
8  towards the very end of her declaration.
9              THE COURT:  I do recall that, yes.  Thank you.
10             Okay.  I have one other question, and that is this.
11 This class is defined at both its inception and at a
12 conclusory date, and that -- because of the life of this case,
13 it raises in my mind a question of what happens if somebody
14 wants to opt out of the class.  Doesn't the statute of
15 limitations prevent them from filing a separate action?  And
16 if that's the case --
17             MR. DAVIDOFF:  I'm sure that --
18             THE COURT:  I was going to say, if that's the case,
19 shouldn't they be told?
20             MR. DAVIDOFF:  Uh, we could certainly change the
21 language of the notice to tell them that, but, Your Honor, I
22 don't necessarily agree that the statute of limitations would
23 apply, although I'm sure the defendants would, would, um,
24 would disagree with me.  And I think we do advise them in very
25 strenuous terms to consult an attorney in making the decision

Julie H. Thomas, RMR, CRR                            (303)296-3056

```
90-CV-00181-JLK        Motion/Status              08/04/2016    7
```

1   as to whether or not to opt out.

2   　　　　And I hear what Your Honor is saying.  I think

3   practical -- the practical realities would make it difficult,

4   if not impossible, for a class member to opt out to bring his

5   own action, which is one reason that we urge them in the

6   strongest of terms to consult an attorney before they, before

7   they do so.

8   　　　　THE COURT:  I --

9   　　　　MR. DAVIDOFF:  I don't want to advise a class member

10  that the statute of limitations would lapse --

11  　　　　THE COURT:  No, I think that would be imprudent, and

12  I think I understand your hesitancy in that regard, because

13  there is a question of whether there's the continuing

14  trespass, and that might toll the statute.  I really don't

15  know.  I'm just speculating.

16  　　　　But what I think would be helpful is to make a slight

17  amendment to the notice where you do say that they are

18  strongly recommended, if they have any thoughts at all about

19  opting out, to contact counsel, that -- a precatory statement

20  that it may well be that any claim is barred by the statute of

21  limitations and that should be discussed with counsel as well.

22  I think that --

23  　　　　MR. DAVIDOFF:  I --

24  　　　　THE COURT:  A lot of times they'll go to see an

25  attorney, and he takes one look at this and says, you know,

Julie H. Thomas, RMR, CRR                           (303)296-3056

```
90-CV-00181-JLK         Motion/Status              08/04/2016    8
```

1  I'm late for traffic court.  So I think we need to be
2  realistic about that and decide who they're going to get as
3  advice is just as determinative of the advice they get as the
4  notice, unless we spell it out for them.
5            MR. DAVIDOFF:  Well, Your Honor, with Your Honor's
6  leave, can we add a sentence to the notice and then perhaps
7  e-mail it to Your Honor's law clerk or Your Honor's deputy so
8  you could have it --
9            THE COURT:  You don't even need to do that.  Just add
10 in a sentence that just says something like what I said, that
11 among the issues if you decide to try and file a claim
12 yourself, it may, without giving legal advice, it may be
13 barred by the statute of limitations, and just put that in.
14 And otherwise I'm ready to approve it.
15           MR. DAVIDOFF:  All right.  We will do that.  I think
16 we should send the revision to the notice to Your Honor.
17           One other thing I was going to -- we were going to
18 amend the scheduling order somewhat to provide that on
19 March -- on March 31st we can also file reply briefs in
20 support of the -- in support of the attorney's fee and service
21 award application --
22           THE COURT:  Sure, yeah, that's fine.
23           MR. DAVIDOFF:  -- which -- all right.  And we plan to
24 do that, and we will add that, and we'll send the conforming
25 documents -- could Your Honor tell me to whom we should send

Julie H. Thomas, RMR, CRR                              (303)296-3056

```
90-CV-00181-JLK        Motion/Status           08/04/2016    9
```

1   the conformed documents?
2           THE COURT: I'm sorry?
3           MR. DAVIDOFF: To your -- should we send it -- should
4   we e-file the conformed document, or should we --
5           THE COURT: You can file it with my chambers, and
6   also, obviously, opposing counsel should get a copy of it.
7           MR. DAVIDOFF: Of course we would serve them. And I
8   will make sure that -- I will make sure that we, that we get
9   that done promptly.
10          THE COURT: Okay. I've got one final thing, and then
11  we'll go. That's on page 6 of document 2406-1, which is the
12  order granting the preliminary approval. On page 6 under
13  paragraph 20 --
14          MR. DAVIDOFF: Can Your Honor just give me a moment
15  to --
16          THE COURT: Sure, sure.
17          MR. DAVIDOFF: -- put hands on that? Thank you.
18          20 -- yes, I have it, Your Honor.
19          THE COURT: Okay. At page 6 under paragraph 20
20  there's a blank there for the time of the hearing on April 28,
21  and I'm approving this notice, so I've gone ahead and put that
22  in at 11:00. Now, I did that at 11:00 because I'm concerned
23  with counsel coming in from out of town, if that makes a
24  difference or not. I can have it later in the day if you
25  want, but it's on a Friday.

Julie H. Thomas, RMR, CRR                          (303)296-3056

```
90-CV-00181-JLK         Motion/Status           08/04/2016   10
```

1       MR. DAVIDOFF: No, I think -- I think it's a logical
2  time, Your Honor. We would probably come in the night before,
3  those of us, you know, that are appearing in support of the
4  settlement. But I think it's a logical time if there are any
5  persons that indicate a wish to be heard.
6       We can fill that in, and we'll also make the change
7  that I suggested in terms of where, you know, March 31st for
8  the deadline for a reply brief on the other thing, and we'll
9  send that in to Your Honor along with the other documents.
10      THE COURT: Okay. Is there anything else from the
11 plaintiffs?
12      MR. DAVIDOFF: Your Honor, can I just briefly make a
13 couple comments? I know Your Honor is aware of the long and
14 arduous history of this, and Your Honor is also aware that
15 with $375 million at stake that's more than sufficient to
16 approve or warrant notice to the class and a final hearing.
17 I'm going to omit most of the comments that I was going to
18 make because I know from Oppenheimer and Lucas and other cases
19 that Your Honor is very familiar with these standards.
20      I wanted to say something about the Huntington Bank
21 and Heffler Claims Group. We've submitted orders for Your
22 Honor to sign to approve their claim.
23      Heffler Claims Group was the notice agent and notice
24 administrator in 1999 when we last sent notice to the class.
25 They have over 45 years of experience. I think they're one of

Julie H. Thomas, RMR, CRR                        (303)296-3056

```
90-CV-00181-JLK        Motion/Status              08/04/2016    11
```

1  the most highly respected class action administrators in the
2  country.  And their fees, under the order that we've
3  submitted, are subject to Your Honor's scrutiny and approval
4  for reasonableness.
5             THE COURT:  I know you need to say this for the
6  record, but I want you to know I'm familiar with them, and I
7  agree with you.
8             MR. DAVIDOFF:  Okay.  Thank you, Your Honor.
9             On Huntington Bank, Your Honor, very briefly,
10 Exhibit D to the escrow agreement contains a schedule of fees,
11 and you'll see that most of the normal fees that these banks
12 charge are waived.  We have -- w-a-i-v-e.  We have a lot of
13 experience with them.  Their fees are extremely low.  Their
14 competency is extremely high.  They only charge a half of a
15 basis point to reinvest Treasury bills, and that's on an
16 annualized basis.  And that's why we proposed Huntington
17 National Bank as the escrow agent.  I was going to ask Your
18 Honor to please approve that order as well.
19            THE COURT:  Yes.
20            Okay.  Is there anything from the defense?
21            MR. WEIDENHAMMER:  No, Your Honor.
22            THE COURT:  Okay.  I'm going to make certain
23 findings, and then we can move on.
24            I have reviewed the proposed settlement, and I
25 do -- have given and do give preliminary approval to it.  The

Julie H. Thomas, RMR, CRR                          (303)296-3056

90-CV-00181-JLK          Motion/Status            08/04/2016    12

1   proposed settlement was fairly and honestly negotiated, as is
2   demonstrated in the papers that have been filed.  There
3   obviously are serious questions of fact and law which exist
4   and make it prudent for all parties to try and settle rather
5   than to continue with this litigation.  In that regard, this
6   litigation has been going on for, I think, 20 years now.  It's
7   about ready to get into senescence.  And if not the case
8   itself being senescent, I have to worry about the judge.  And
9   then the judgment of the parties, I think, is something that I
10  give a very, very heavy weight to.  The people involved in
11  this case for the length of time that you have been involved
12  in it is such that thinking that this is a fair and reasonable
13  settlement, I, I lean very heavily on that finding.  The
14  obvious one about settling a case, especially one that's 20
15  years old, is the value of an immediate or near recovery to
16  waiting with further litigation.
17          So with those findings, I approve of the -- give
18  preliminary approval of the proposed settlement and of the
19  procedures which have been suggested and are part of the
20  order.
21          I also approve the order appointing the Huntington
22  National Bank as escrow agent, and I likewise approve the
23  selection of the distribution organization to handle this.
24          So under those circumstances I think everything is
25  approved, and you have the deadlines that are established.  Is

Julie H. Thomas, RMR, CRR                         (303)296-3056

```
90-CV-00181-JLK          Motion/Status           08/04/2016   13
```

1  there anything else you need from me?
2          MR. DAVIDOFF:  No, Your Honor.  We'll submit those
3  redlined with the minor edit Your Honor directed.
4          THE COURT:  That's fine.  Like I always tell you,
5  Mr. Davidoff, don't make a federal case out of this.
6          MR. DAVIDOFF:  The only thing I would say to Your
7  Honor -- I hope this isn't too painful -- is when this case
8  was filed, my now 26-year-old son was still in his mother's
9  belly.  So the case is, believe it or not, over 26 years old.
10         THE COURT:  It's taken on a life of its own, and that
11 life has been like the hound of the Baskervilles barking at my
12 front door for 20 years.  Okay.
13         MR. DAVIDOFF:  It certainly is more than enough time.
14 Thank you, Your Honor, for your time this afternoon.
15         THE COURT:  All right.
16         MR. DAVIDOFF:  Bye-bye.
17         THE COURT:  We'll be in recess.
18         MR. WEIDENHAMMER:  Thank you, Judge.
19         THE COURT:  You bet.  Thank you.
20         UNIDENTIFIED SPEAKER:  Thank you.
21    (Proceedings concluded 1:24 p.m.,
22    August 4, 2016.)
23
24
25

Julie H. Thomas, RMR, CRR                            (303)296-3056

| | |
|---|---|
| 1 | REPORTER'S CERTIFICATE |
| 2 | |
| 3 | I, JULIE H. THOMAS, Official Court Reporter for the |
| 4 | United States District Court for the District of Colorado, a |
| 5 | Registered Merit Reporter and Certified Realtime Reporter, do |
| 6 | hereby certify that I reported by machine shorthand the |
| 7 | proceedings contained herein at the time and place |
| 8 | aforementioned and that the foregoing pages constitute a full, |
| 9 | true and correct transcript. |
| 10 | Dated this 25th day of October, 2016. |
| 11 | |
| 12 | |
| 13 | |
| 14 | /s/ Julie H. Thomas |
| 15 | JULIE H. THOMAS |
| 16 | Official Court Reporter<br>Registered Merit Reporter |
| 17 | Certified Realtime Reporter<br>CA CSR No. 9162 |

Julie H. Thomas, RMR, CRR                            (303)296-3056