

EXHIBIT

A

```
                          ┌─────────────────────────────┐
                          │           ENTERED           │
                          │ BOONE CIRCUIT/DISTRICT COURT │
                          │         SEP 2 5 2015         │
                          │   DIANNE MURRAY, CLERK       │
                          │ BY:_____D.C.      │
                          └─────────────────────────────┘
```

### COMMONWEALTH OF KENTUCKY
### BOONE CIRCUIT COURT
### DIVISION III
### CASE NO. 05-CI-00436

**MILDRED ABBOTT, et al.**                              **PLAINTIFFS**

**V.**

**STANLEY M. CHESLEY, et al.**                          **DEFENDANTS**

### ORDER

This matter is before the Court on the Plaintiffs' Motion to Execute. The Court, having reviewed Plaintiffs' Motion and Memorandum, Supplemental Memorandum, Defendant's Opposition, Plaintiffs' Reply, the Court file, and having heard argument from counsel, and the Court being in all ways sufficiently advised, finds as follows:

This Court entered Judgment against Defendant Chesley on August 1, 2014, finding him jointly and severally liable as a matter of law for the $42 million in damages previously awarded to Plaintiffs against Defendants Gallion, Cunningham and Mills. The Judgment against Defendant Chesley was made final pursuant to CR 54.02, and Defendant Chesley did not post a supersedeas bond to secure a stay of enforcement pending appeal. This Court entered an Order on June 23, 2015 on Plaintiffs' Motion to Transfer Beneficial Interest in Property Held in Trust, which ordered Defendant Chesley to direct that any distributions or payments payable to him through his law firm Waite, Schneider, Bayless & Chesley, Co., L.P.A. ("WSBC"), from his interest in WSBC or pursuant to the Wind-Up Agreement winding up WSBC's business be paid to Plaintiffs through their counsel in satisfaction of the Judgment against him. No payments have been made to Plaintiffs pursuant to this Court's June 23, 2015 Order. Additionally, this Court has granted multiple motions to compel against Defendant Chesley and in favor of Plaintiffs

1

regarding Defendant Chesley's incomplete discovery responses. See Order (Feb. 13, 2015); Order (Mar. 27, 2015); Order (June 9, 2015).

Plaintiffs have obtained documents showing that despite the above Orders, Defendant Chesley failed to identify fee income responsive to Plaintiffs' discovery requests. This includes fees Defendant Chesley may receive from *Merilyn Cook, et al. v. Rockwell Int'l Corp.*, Case No. 1:90-cv-00181-JLK in the United States District Court for the District of Colorado, and any additional fees he may be entitled to from *In Re Fannie Mae Securities Litig.*, Case No. 1:04-CV-01639 in the United States District Court for the District of Columbia ("Fannie Mae Litigation"). The Court has concerns that after this issue was raised in the Plaintiffs' instant Motion and after the Court conducted a Hearing on the Motion on September 8, 2015, Chesley then supplemented his Objections and Responses on September 16, 2015 to include potential income in the *Cook* matter.

Defendant Chesley claims that he no longer controls WSBC pursuant to the Wind-Up Agreement dated April 15, 2014. Hamilton County Court of Common Pleas Judge Robert P. Ruehlman agrees with Chesley as noted in his August 26, 2015 Order when he found, "Mr. Chesley owns no shares of WSBC and has only a contingent remainder interest in the Wind-Up Agreement trust holding the shares of WSBC. Plaintiff Mr. Chesley and WSBC are separate and independent entities." Judge Ruehlman went on to Order that WSBC and Rehme, as trustee, are "to disregard and not effectuate any of the Kentucky Orders" that apply to them.

This Court is not aware what documentation was submitted to Judge Ruehlman before his Order of August 26, 2015, but the documents submitted with the instant Motion paint a different picture of the current relationship among WSBC, Rehme, and Chesley. Those documents show that Chesley continues to maintain control over WSBC and to direct where money is paid. In

2

October 2014, he directed payment of over $16 million in fees from the *Fannie Mae* litigation into two separate accounts. Plaintiffs argue that Chesley remains in control of the operating account for WSBC, signing every check drawn on the account. Documents show he has signed bank documents and a tax document on behalf of WSBC and has directed payments to his attorneys in this matter from a WSBC account in the amounts of $164,145.88 to Frost Brown Todd and $142,561.72 to Benton Benton Luedke in October 2014. Documents also show that Defendant Chesley is entitled to control the payee of fees from the tobacco litigation through the Castano Trust and in December 2014 he directed those fee payments into a WSBC account while he had directed previous payments to personal accounts.

Chesley disagrees, arguing that Plaintiffs were incorrect in asserting he signed all sixty-four of the checks they submitted that were drawn on WSBC's Fifth Third Bank account. Chesley responds that he only signed nine (14%) and that a majority of the checks were signed by Steven Horner, a CPA at WSBC, whose signature is "easily confused" with Chesley's "on small copies of checks because both start with the letters 'st' and have a capital 'c'." This admission that Chesley signed the nine checks does not help his argument that he and WSBC are separate entities.

As this Court stated in its June 23, 2015 Order, it has personal jurisdiction over Defendant Chesley and may exercise that jurisdiction to take action on the Judgment entered against him. See *Estates of Ungar ex rel. Strachman v. Palestinian Authority*, 715 F. Supp. 2d 253, 262-64 (D.R.I. 2010); Restatement (Second) of Conflict of Laws§ 55 (1971); see also KRS § 426.384.

This Court now finds that the Wind-Up Agreement is a sham, and that Defendant Chesley continues to control and direct WSBC. This Court may disregard a corporate entity

3

when there is "( 1) domination of the corporation resulting in a loss of corporate separateness and (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." *Inter-Tel Technologies, Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 165 (Ky. 2012). Chesley is operating without regard to the Wind-Up Agreement or to the supposed purpose of WSBC's continued existence. He is exercising the right to control WSBC's activities, including directing the payment of fees and signing checks. The Court finds he is utilizing WSBC and its existence during what is supposed to be a wind-up period, to prevent Plaintiffs, his judgment creditors, from executing on their Judgment. The Court finds he is taking action to render himself insolvent while directing assets to WSBC, including fees from the Fannie Mae Litigation and tobacco litigation, and the transfer of $59 million from his personal accounts to WSBC. Chesley is engaging in what the Supreme Court in Inter-Tel Technologies described as "'an intentional scheme to squirrel assets into liability-free corporations while heaping liabilities upon an asset-free corporation.'" *Id.* at 168 (quoting *Sea-Land Services, Inc. v. Pepper Source*, 941 F.2d 519, 524 (Fifth Cir. 1991)). This Court recognizes that it should not disregard the corporate entity lightly, but it also should not "hesitate in those cases where the circumstances are extreme enough to justify disregard of an allegedly separate corporate entity." *Id.* at 168. In light of the evidence submitted by Plaintiffs, the Court finds that the Wind Up Agreement is a sham and that in reality Chesley retains control over WSBC.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Plaintiffs Motion is GRANTED. Defendant Chesley shall immediately transfer his ownership interest in WSBC to the Plaintiffs through their undersigned counsel. This Court's June 23, 2015 Order remains in full effect. As directed in that Order, Defendant Chesley and his attorneys shall immediately turn

4

over to Plaintiffs' counsel any and all monetary payments made to Defendant Chesley from his interest in WSBC;

2. Defendant Chesley shall immediately direct the Trustee of the Castano Trust that all payments to which he and/or WSBC are entitled from the Castano Trust shall be paid directly to Plaintiffs' counsel; and

3. Defendant Chesley shall advise the Court in the matter of *Merilyn Cook, et al. v Rockwell Int'l Corp., Case* No. 1:90-cv-00181-JLK, in the United States District Court for the District of Colorado that all payments or fees to which he and/or WSBC are entitled shall be paid directly to Plaintiffs through their undersigned counsel.

DATED this 25 day of September 2015.

JAMES R. SCHRAND, JUDGE
BOONE CIRCUIT COURT

COPIES TO: ALL ATTORNEYS OF RECORD

CERTIFICATE
I, DIANNE MURRAY, clerk of the Boone District/Circuit Court, thereby certify that I have mailed a copy of the foregoing order and notice to all parties hereto at their last known addresses or their counsel of record.
This 25 day of _____, 2015
DIANNE MURRAY
BOONE DISTRICT/CIRCUIT COURT
_____, D.C.

5