

EXHIBIT D
Blumberg No. 5119
ENTERED
BOONE CIRCUIT/DISTRICT COURT
OCT 2 2 2014
DIANNE MURRAY, CLERK
BY: _____ D.C.

COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION III
CASE NO. 05-CI-00436

MILDRED ABBOTT, et al.              PLAINTIFFS

V.

STANLEY M. CHESLEY, et al.           DEFENDANTS

## SECOND AMENDED JUDGMENT

This Court conducted a hearing in this matter on July 15, 2014 on Plaintiffs' Motion for Partial Summary Judgment as to Defendant Stanley M. Chesley ("Chesley"). The Plaintiffs were represented by Hon. Angela Ford. The Defendants were represented by Hon. Sheryl G. Snyder and Hon. Frank V. Benton, IV. The Court having reviewed Plaintiffs' Motion, Chesley's Response, Plaintiffs' Reply, having heard argument from counsel, and being in all ways sufficiently advised, finds as follows:

This Court, by the March 8, 2006 Order of Senior Status Judge William Wehr, previously granted summary judgment against Defendants William J. Gallion, Shirley Allen Cunningham, Jr. and Melbourne Mills, Jr. on Plaintiffs' breach of fiduciary duty claims in their representation of Plaintiffs in the *Darla Guard, et al. v. A.H. Robbins Company, et al.* lawsuit which involved injuries Plaintiffs suffered as a result of ingesting the "fen-phen" diet drug. The Court awarded damages in the amount of $42 million (by Order of August 1, 2007) and ruled the Defendants were jointly and severally liable to the Plaintiffs. The Supreme Court of Kentucky affirmed the partial summary judgment against Gallion, Cunningham and Mills, including that each was jointly and severally liable for the amounts owed. Plaintiffs now ask this Court to order summary judgment on their breach of fiduciary claims against Chesley, that Chesley be jointly and

1

severally liable with Gallion, Cunningham and Mills for the amounts owed to Plaintiffs, and that Chesley disgorge all fees he collected in the *Guard* matter.

The Kentucky Bar Association instituted disciplinary proceedings relating to Chesley's actions in the *Guard* matter in *Kentucky Bar Association v. Chesley*, KBA File 13785. The Trial Commissioner conducted a hearing and found that Chesley had violated eight (8) different ethics rules. The Trial Commissioner recommended that Chesley be permanently disbarred from the practice of law in Kentucky, and that he pay $7,555,000.00 in restitution to the *Guard* case clients. The Board of Governors of Kentucky adopted the Trial Commissioner's Report. The Supreme Court of Kentucky found Chesley guilty of violations of eight provisions of SCR 3.130 and followed the Board's recommendation that Chesley be permanently disbarred. The Supreme Court did not order that Chesley pay restitution. *Kentucky Bar Ass'n v. Chesley*, 393 S.W.3d 584 (Ky. 2013).

Plaintiffs argue that summary judgment is appropriate as to their breach of fiduciary duty claims through the doctrine of issue preclusion or collateral estoppel. Issue preclusion would bind Chesley to the factual and legal determinations made in the disciplinary proceedings before the Trial Commissioner, the Board of Governors, and the Supreme Court of Kentucky regarding the settlement of the *Guard* matter that resulted in his disbarment. Chesley disagrees.

The Trial Commissioner found, and the Supreme Court ratified, that Chesley violated the following specific provisions of SCR 3.130:

SCR 3.130-1.5(a) by accepting over $20 million in attorney's fees, which exceeded the amount established by client contracts and contracts with co-counsel, and which were otherwise unreasonable.

SCR 3.130-1.5(c) by failing to provide clients with a written statement of the outcome of the matter, as well as the remittance to the client and the method of its determination. The contractual contingency fee contracts for the clients were either for 30% or 33 1/3% plus expenses of up to 3%. A 49% contingency fee was actually charged to the clients. Chesley's contractual agreement with class counsel was for 21% of fees upon successful settlement of the case, which should have been $12,941,638.46 and not the $20 million plus he received. He was paid $7,555,000 in excess of his proper fee.

SCR 3.130-1.5(e)(2) by dividing fees without consent of clients.

SCR 3.130-5.1(c)(1) by knowingly ratifying specific misconduct of other lawyers.

SCR 3.130-1.8(g) by representing two or more clients in making an aggregate settlement of the claims without consent of the clients or disclosure to them of the existence and nature of all claims. Chesley was class counsel pursuant to his agreement with Gallion, Cunningham and Mills and therefore had the same duties as them with regarding the requirements of SCR 3.130-1.8(g).

SCR 3.130-3.3(a) by making a false statement of material fact to the tribunal.

SCR 3.130-8.1(a) by making a false statement of material fact in connection with a disciplinary matter.

SCR 3.130-8.3(c) (now SCR 3.130-8.4(c)) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Issue preclusion, also known as collateral estoppel, "allows the use of an earlier judgment by one not a party to the original action to preclude relitigation of matters litigated in the earlier action." *Miller v. Admin. Office of Courts*, 361 S.W.3d 867 (Ky. 2011). A non-party in the former action may assert res judicata, a close cousin to issue preclusion, against a party to the former

3

action as long as the party against whom res judicata is pleaded had a realistically full and fair opportunity to present his case. *Id.* (quoting *Moore v. Commonwealth*, 94 S.W.2d 317 (Ky. 1997). Additionally, the Supreme Court has addressed whether administrative agencies acting in a judicial capacity are entitled to the same res judicata effect as judgments of a court, finding that they do. *Ky. Bar Ass'n v. Harris*, 269 S.W.3d 414 (Ky. 2008).

Chesley's hearing before the Trial Commissioner was held November 5-6 and 12-13, 2009 before Judge Rod Messer and continued to September 13-15 and 20-24, 2010 before Judge William L. Graham. Chesley was represented at various times by Kent Westberry, Esq., James Gary, Esq., Frank Benton, IV, Esq., Scott Cox, Esq., Mark Miller, Esq., Sheryl Snyder, Esq. and Hon. Susan Dlott. Prior to the hearing, the testimony of five out of state witnesses was provided by video depositions, including 44 exhibits. During the several days the hearing was held, a total of 43 witnesses gave testimony either in person or by deposition, with the Trial Commissioner considering 124 exhibits. Additionally, the Trial Commissioner allowed time for the parties to submit briefs at the conclusion of the Hearing. The Court finds Chesley had a realistically full and fair opportunity to present his case before the Trial Commissioner.

Certain elements must be met for issue preclusion to operate as a bar to further litigation: "(1) at least one party to be bound in the second case must have been a party in the first case; (2) the issue in the second case must be the same issue as the first case; (3) the issue must have been actually litigated; (4) the issue was actually decided in that action; and (5) the decision on the issue in the prior action must have been necessary to the court's judgment and adverse to the party to be bound." *Id.* quoting *Yeoman v. Commonwealth Health Policy Bd.* 983 S.W.2d 459 (Ky. 1998).

The Court finds these elements have been met with regard to Plaintiffs' Motion in this matter and the findings in *KBA v. Chesley*. Chesley was a party bound by the KBA matter. The facts and circumstances at issue in the instant Motion were those at issue in the KBA matter. The facts and circumstances were litigated in the KBA matter before the Trial Commissioner at a hearing held November 5-6 and 12-13, 2009 and September 13-15 and 20-24, 2010, and reviewed by the Board of Governors and the Supreme Court of Kentucky. The Trial Commissioner made factual findings and legal conclusions, which were adverse to Chesley, and which were affirmed by the Board of Governors and the Supreme Court of Kentucky, said facts being those at issue in the instant Motion. The factual findings and legal conclusions by the Trial Commissioner, the Board of Governors and the Supreme Court of Kentucky were necessary for the outcome of the KBA matter.

This Court finds Chesley is bound by the factual findings and legal conclusions in the KBA matter. The Supreme Court found that by entering into an agreement with Gallion, Cunningham and Mills, Chesley signed on as co-counsel and was one of the attorneys representing the Plaintiffs in the *Guard* matter. He, therefore, assumed the same ethical responsibilities as Gallion, Cunningham and Mills, and the same responsibilities he would have with any other client. *Kentucky Bar Ass'n v. Chesley*. Chesley had the duty to know his fee responsibilities to his clients, specifically that he was to receive no more than 21% of one-third of the $200,450,000.00 settlement, $14,031,500.00. *Id.* Chesley received $20,497,121.81. *Id.* The Supreme Court found that Chesley knowingly participated in a scheme to skim millions of dollars in excess attorney's fees from unknowing clients, and that he received and retained fees that he knew were improperly taken. *Id.* The Supreme Court further found that he purposefully attempted to avoid conversation and correspondence that would expose his knowledge of the

5

nefarious schemes of his co-counsel. *Id.* This Court finds that no genuine issues of material fact exist, and summary judgment is appropriate on Plaintiffs' Breach of Fiduciary claims. Chesley entered into an attorney-client relationship with the Plaintiffs in *Guard*. He breached his duty by accepting excess fees in the amount of $6,465,621.81. Chesley's conduct caused Plaintiffs to receive only a portion of the settlement monies they were entitled to.

Plaintiffs also asks the Court to order that Chesley is jointly and severally liable with Gallion, Cunnigham and Mills for the monies owed to Plaintiffs. The Supreme Court of Kentucky affirmed Judge Wehr's finding in this matter that Gallion, Cunningham and Mills were jointly and severally liable to Plaintiffs. The Supreme Court found that Gallion, Cunningham and Mills breached attorney-client contracts and therefore joint and several liability is not precluded by KRS 411.182. The Supreme also found that by the manner in which Gallion, Cunnungham and Mills combined their efforts in the Fen-Phen litigation, they engaged in a joint enterprise, or joint adventure, an informal partnership existing for a limited purpose and duration, for which joint and several liability is properly assessed under KRS 362.220. *Abbott v. Chesley*, 413 S.W.3d 589 (Ky. 2013).

The Supreme Court enumerated the essential elements of a joint enterprise: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose among the members; and (4) an equal right to a voice in the direction of the enterprise. *Id.* citing *Huff v. Rosenberg*, Ky., 496 S.W.2d 352 (1973). The Supreme Court adopted the findings of the Trial Commissioner in *KBA v. Chesley*, and this Court found above that issue preclusion bars the further litigation of Plaintiffs' breach of fiduciary duty claims against Chesley.

This Court now finds that no genuine issues of material fact exists, and as a matter of law Chesley is jointly and severally liable with Gallion, Cunningham and Mills for the $42 million in damages awarded the Plaintiffs against Gallion, Cunningham and Mills by this Court's Order of August 7, 2007. Chesley signed on as co-counsel representing the Plaintiffs in the *Guard* matter when he entered into his fee-division contract with Gallion, Cunningham and Mills. Chesley shared the common purpose to be carried with Gallion, Cunningham and Mills. They agreed on how they would share the work and how they would share the profits. Chesley maintained a voice in the managerial control of the enterprise. The Court therefore finds that pursuant to KRS 362.220, Chesley is jointly and severally with Gallion, Cunningham and Mills for the damages the Plaintiffs suffered.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs' Motion for Partial Summary Judgment is **GRANTED** as to Plaintiffs' Breach of Fiduciary claims against Stanley M. Chesley.

**IT IS FURTHER HEREBY ORDERED AND ADJUDGED** that Stanley M. Chesley is jointly and severally liable with Defendants William J. Gallion, Shirley Allen Cunningham, Jr. and Melbourne Mills, Jr. for the existing judgment amount of $42 million owed to Plaintiffs, along with pre-judgment simple interest at a rate of 8% per annum from April 1, 2002, and post-judgment interest compounded annually at the rate of 12% per annum thereon from the date of this Judgment.

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs' Motion for Partial Summary Judgment as to disgorgement is **DENIED**.

This Order is Final and Appealable. There is no just cause for delay.

DATED this 20th day of October, 2014.

7

*[signature]*

JAMES R. SCHRAND, JUDGE
BOONE CIRCUIT COURT

COPIES TO:

ALL ATTORNEYS OF RECORD

CERTIFICATE

I, DIANNE MURRAY, clerk of the Boone District/Circuit Court, thereby certify that I have mailed a copy of the foregoing order and notice to all parties hereto at their last known addresses or their counsel of record. This 22 day of October, 2014.

DIANNE MURRAY
BOONE DISTRICT/CIRCUIT COURT
*[signature]* D.C.