
EXHIBIT E


ENTERED
BOONE CIRCUIT/DISTRICT COURT
JUN 2 3 2015
DIANNE MURRAY CLERK
BY: _____ D.C.

**COMMONWEALTH OF KENTUCKY**
**BOONE CIRCUIT COURT**
**DIVISION III**
**CASE NO. 05-CI-00436**

MILDRED ABBOTT, et al.                                           PLAINTIFFS

V.

STANLEY M. CHESLEY, et al.                                       DEFENDANTS

## ORDER

This matter comes before the Court on the Plaintiff's Motion to Transfer Beneficial Interest in Property Held in Trust. The Court having read the memorandums filed by the parties, reviewed the file, and being in all ways sufficiently advised, hereby finds as follows:

This Court entered judgment against Defendant Chesley on August 1, 2014, finding him jointly and severally liable as a matter of law for the $42 million in damages previously awarded to Plaintiffs against Defendant's Gallion, Cunningham, and Mills. Said Judgment was made final pursuant to CR 54.02 and Defendant Chesley did not post a supersedeas bond to secure a stay of enforcement pending appeal.

As part of post-judgment discovery, Defendant Chesley disclosed the Wind-Up Agreement for his former law firm, Waite, Schneider, Bayless & Chesley, Co., L.P.A. ("WSBC"). The Wind-Up Agreement provides that Defendant Chesley would transfer his shares in WSBC to Thomas F. Rehme to hold in trust for the exclusive purposes of winding up WSBC for the benefit of its employees, creditors, and Chesley. Per the Agreement, Mr. Rehme is authorized to liquidate corporate assets and distribute proceeds to creditors as required and the pay out the remainder to Defendant Chesley as long as Defendant Chesley does not receive any legal fees other than for services performed prior to the effective date of his retirement.

1

Both prior to and after Defendant Chesley was disbarred in Kentucky and his retirement of his Ohio bar license, he transferred more than $59 million dollars from his personal accounts to WSBC. $1,322,000 of that amount was transferred on or after the date of the Wind-Up Agreement.

Defendant Chesley still owns a beneficial interest in WSBC. Plaintiffs argue that this interest is subject to execution for the purpose of satisfying Plaintiff's Judgment against Defendant Chesley. To this end, Plaintiff requests that the Court order that Defendant Chesley's beneficial interest in WSBC be transferred to Plaintiffs and that any distributions that would be made to Defendant Chesley be made to the Plaintiffs through their counsel.

Defendant Chesley objects, arguing that WSBC is an Ohio legal professional association formed and maintained under Chapter 1785 of the Ohio Revised Code and, therefore, an Order such as the Plaintiff is requesting exceeds this Court's jurisdiction. The Court disagrees.

There is no dispute that this Court has personal jurisdiction over Defendant Chesley. He is a party to the case at hand and a valid judgment has been entered against him, a judgment which the Plaintiffs are within their rights to seek the Court's assistance to collect.

The law is clear that when the Judgment state has personal jurisdiction over the judgment debtor, that state may exercise that jurisdiction to take action on that judgment. *See Estates of Ungar ex rel. Strachman v. Palestinian Authority*, 715 F.Supp.2d 253, 262-64 (D.R.I. 2010). The Restatement (Second) Conflict of Laws § 55 (1971) states that, " a state has power to exercise judicial jurisdiction to order a person, who is subject to its judicial jurisdiction, to do, or not do, an act in the state, although the carrying out of the decree may affect a thing in another state." Furthermore, K.R.S. § 426.384 gives the Court the authority to enforce the surrender of money,

securities, or any other property of the defendant in the execution and enforcement of a judgment.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. Defendant Chesley shall direct that his beneficial interest in the shares of WSBC be transferred to Plaintiffs within fourteen (14) days of the date of this Order and all distributions pursuant to said interest are to be made to Plaintiffs through their counsel;

2. Defendant Chesley is hereby Ordered to direct Thomas F. Rehme to make all payments derived from Chesley's interest in the shares of WSBC payable to the Plaintiffs through their counsel, Hon. Angela Ford;

3. If for any reason, including but not limited to any action by another court in any other jurisdiction, monetary payment(s) is/are made to Chesley from his interest in WSBC, Chesley and his attorney shall immediately turn over said payment(s) to Plaintiffs' counsel, Angela Ford;

4. Defendant Chesley and his counsel are to provide a copy of this Order to Thomas F. Rehme.

DATED this 23rd day of June, 2015.

JAMES R. SCHRAND, JUDGE
BOONE CIRCUIT COURT

COPIES TO: ALL ATTORNEYS OF RECORD

CERTIFICATE
I, DIANNE MURRAY, clerk of the Boone District/Circuit Court, thereby certify that I have mailed a copy of the foregoing order and notice to all parties hereto at their last known addresses or their counsel of record
This ___23___ day of ___WM___, 2015
DIANNE MURRAY
BOONE DISTRICT/CIRCUIT COURT
D.C.