

10/7/2015

# Commonwealth of Kentucky

# Court of Appeals

NO. 2015-CA-001066-I

STANLEY M. CHESLEY                                         MOVANT

MOTION FOR INTERLOCUTORY RELIEF
BOONE CIRCUIT COURT
v.                         ACTION NO. 05-CI-00436

MILDRED ABBOTT, ET AL.                              RESPONDENTS

## ORDER

** ** ** ** ** ** ** **

BEFORE: J. LAMBERT, STUMBO AND VANMETER, JUDGES.

Movant, Stanley Chesley (hereinafter, "Chesley"), seeks interlocutory relief, pursuant to Kentucky Rules of Civil Procedure ("CR") 65.07, to dissolve an order of the Boone Circuit Court[1], as entered on June 23, 2015, which he describes

---

[1] Simultaneous with the filing of his Motion for Interlocutory Relief, Movant sought emergency intermediate relief under CR 65.07(6) to stay the circuit court order pending this Court's decision on the motion for interlocutory relief. By Order dated August 25, 2015, this Court denied the motion for emergency intermediate relief.

- 1 -

as a "mandatory injunction."[2] In addition to interlocutory relief, Chesley seeks the Court's order on two other motions. First, Chesley seeks to supplement the record with an additional exhibit ("Motion to Supplement"). And Second, Chesley seeks an Order, pursuant to CR 7.03, to file under seal another exhibit with the Court ("Motion to File Under Seal"). Having reviewed the pleadings, all arguments and applicable law, we deny the motion for interlocutory relief, deny the motion to supplement the record and deny the request to file an exhibit under seal.[3]

A short synopsis of the underlying facts are as follows. On August 1, 2014, the Boone Circuit Court entered a judgment against Chesley and in favor of Mildred Abbott, *et al.* ("Abbott"). In the order, the court held Chesley jointly and severally liable for $42 million dollars owed to Abbott as recovery for the breach of Chesley's fiduciary duty to his clients by taking a significantly greater fee for his work than he was entitled and for taking the money without the knowledge or consent of the clients. Chesley's breach of duty stems from his role in what has become known as the "fen-phen" diet drug settlement action.[4] The Boone Circuit Court issued amended orders to the August 1, 2014 judgment on September 19,

---

[2] Motion for Interlocutory Relief at 4.

[3] Chesley has a concurrent action before this Court, Case No. 2015-CA-001067, which concerns the same facts discussed in this order. In the concurrent action, he has filed a Petition for Writ of Prohibition, a Motion to File Under Seal Plaintiffs' Motion to Transfer Beneficial Interest in Property Held in Trust, Memorandum of Law in Support and Attached Exhibits and a Motion to Supplement the Record with an Additional Exhibit. The Court will issue decisions on the writ and the pending motions in Case No. 2015-CA-001067 by separate order.

[4] *Darla Guard v. A.H. Robins Co.*, Boone Circuit Court, Case No. 98-CI-795.

2014 and October 22, 2014 modifying language as to the collection of annual interest on the judgment and the date from which such interest could begin calculation. However, within the amended orders, none of the original conclusive findings of liability against Chesley were altered, amended or vacated by the circuit court. Chesley appealed the circuit court's judgment and rulings[5] but did not post a supersedeas bond[6] to ensure enforcement of the judgment would be stayed pending his appeal.

As a result of his role in the "fen-phen" action, Chesley was disbarred by the Kentucky Supreme Court. *Kentucky Bar Ass'n v. Chesley*, 393 S.W. 3d 584 (Ky. 2013). He subsequently resigned his Ohio law license. Because Ohio does not allow a non-attorney to own an interest in a law firm, Chesley transferred his interest in the law firm of Waite, Schneider, Bayless & Chesley Co., L.P.A. ("WSBC") to a trust held by an Ohio attorney, who was authorized to liquidate the assets, pay creditors and distribute the remaining assets. Chesley holds the only shares in WSBC and had transferred more than $59 million dollars from his personal accounts to WSBC, including over $1 million dollars after the trust was in place.

---

[5] Those appeals are also each styled, *Chesley v. Abbott*, 2014-CA-001725, 2014-CA-001900 and 2014-CA-001984, and are currently before this Court. These appeals were consolidated, for all purposes, including briefing, by order dated January 20, 2015.

[6] *See* CR 62.03 and 73.04.

On June 9, 2015, the circuit court conducted a hearing on Abbott's motion to transfer Chesley's beneficial interest in the trust to satisfy the $42 million dollar judgment. Abbott argued that because the circuit court has jurisdiction over Chesley himself, it has the authority to order him to direct the trust to pay over any disbursed funds he will receive to Abbott's attorney to settle the August 1, 2014 judgment. Chesley countered that because the trust is located in Ohio, the circuit court lacked jurisdiction to control the distribution of any funds from it. The circuit court entered an order on June 23, 2015, finding it has personal jurisdiction over Chesley and a valid judgment was entered against him. The circuit court also found Abbott and the other circuit court plaintiffs are within their rights to seek the court's assistance to collect on the judgment and state law gives the court authority to enforce the surrender of Chesley's money in the execution and enforcement of a judgment. Chesley seeks interlocutory relief from this order.

Having reviewed the record and the arguments of the parties, the Court finds that the June 23, 2015 circuit court order is not an injunction, as argued by Chesley, but is a post-judgment order meant only to execute the circuit court's previous finding that Chesley is liable for the $42 million dollar judgment, as established in its August 1, 2014 decision.

The Court finds Chesley is incorrect in his legal characterization of the June 23, 2015 order. The Court finds the relief he is seeking pursuant to CR

65.07 cannot be granted. CR 65.07 expressly provides that a party affected by entry of a temporary injunction may seek relief before this Court. *Commonwealth, ex rel. Conway v. Shepherd*, 336 S.W.3d 98, 101 (Ky. 2011). As stated in *Curry v. Farmers Livestock Mkt.*, 343 S.W.2d 134, 135 (Ky. 1961), a temporary injunction is designed merely to hold the status quo until the merits of a claim can be decided. A moving party seeking relief from an injunction must establish that its rights are or will be violated and the movant will suffer immediate and irreparable injury, loss, or damage pending a final judgment in the action. *See* CR 65.04(1).

The Court has reviewed the August 1, 2014 order, as well as the subsequent June 23, 2015 order, and finds both provide findings of fact and conclusions of law to support the final adjudication, under CR 54.02, of Chesley's liability for breach of fiduciary duties for the judgment amount of $42 million dollars and for Abbott's entitlement to seek execution of the judgment through the collection of distributions and payments made as a benefit flowing from Chesley's shares in WSBC. Chesley briefly argues, by footnote, that certain issues remain to be adjudicated before the circuit court, including Abbott's demand for punitive damages in relation to the claim of breach of fiduciary duties.

CR 54.02(1)[7] (emphasis added) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may grant a final judgment upon one or more but less than all of the claims or parties* only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Court acknowledges that CR 54.02(1) requires a specific recital in a court judgment involving multiple claims or parties that "there is no just reason for delay" to denote a final decision of the court on the specific issues(s) before it. In our review of the aforementioned orders, we did not find that specific recital. However, we find in those orders neither language from Boone Circuit Court stating it is entering an injunction nor language indicating preservation of rights pending a final trial on the merits. The Boone Circuit Court's June 23, 2015 order is not subject to review under CR 65.07 if the circuit's decision was not a temporary injunction. This Court finds that the order, when analyzed under CR

---

[7] CR 54.02 is titled, "Judgment upon multiple claims or involving multiple parties."

-6-

65.04(1), is not an injunction, temporary or otherwise, and not capable of being subject to interlocutory relief. The order was not entered during the pendency of the lawsuit itself and it certainly does not render a final judgment ineffectual. It is very much the opposite. It is designed to give effect to that final judgment.

In *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542 (Ky. 2011), Kentucky's highest court stated that in rendering determinations to grant final judgment as to fewer than all claims in the litigation, as alleged by Chesley in this matter, thereby making possible an immediate appeal from the judgment, courts should be sensitive to the general rule disallowing piecemeal appeals, but a trial court is granted discretion in applying the rule. *Id.* at 551. And, where the judgment truly disposes of a distinct and separable aspect of the litigation, the trial court's determination that there is no just reason for delay will only be disturbed if that discretion was abused. *Id.* The Court finds no evidence of abuse of discretion in the decisions by Boone circuit. The June 23, 2015 order served only to restate the circuit court's previous judgment against and personal jurisdiction over Chesley by addressing Abbott's motion to enforce a final and appealable judgment and to seek an assignment and "[a] marshaling [of] the assets ... and distributing the proceeds." *See Sec. Fed. Sav. & Loan Ass'n v. Nesler*, 697 S.W. 2d 136, 139 (Ky. 1985).

Despite that lack of the recital of "no just reason for delay" the Court finds that it is not fatal. The entry of the August 1, 2014 order establishing Chesley's liability and the follow-up, post-judgment June 23, 2015 order giving Abbott the ability to move forward in executing collection efforts against the trust disbursements, when read plainly, are final adjudications on the claim. This Court has not found limiting language in the circuit court orders at issue in this matter to justify Chesley's request for interlocutory relief. This Court finds the circuit court intended to finalize the issues of Chesley's liability on the question of his breach of fiduciary duties, as set forth in the August 1, 2014 order, and to give legal authority to Abbott and her counsel to move forward in executing the judgment in the June 23, 2015 order.

Two final motions pending in this action require resolution: the Motion to Supplement and the Motion to File Under Seal. Chesley has moved to supplement the record with an additional exhibit ("Motion to Supplement"). The exhibit in question is categorized by Chesley as a response memorandum filed in the Court of Common Pleas in Hamilton County, Ohio, as filed by Angela M. Ford, who is counsel for Abbott. The exhibit is titled, "*Defendant Angela M. Ford's Response in Opposition to the Motion to Intervene filed by Waite Schneider Bayless & Chesley Co., LPA*" in Case No. A1500067 ("Ford's Ohio Response").[8]

---

[8] Chesley alleges the Ford Ohio Response was filed on July 22, 2015 in the Court of Common Pleas.

In summary, Chesley argues that Abbott's attorney, Angela Ford, makes conflicting arguments in her Ohio pleading[9] when compared to the pleadings she has submitted on behalf of Abbott as counsel before this Court as to the "extraterritorial effect" of the August 1, 2014 and June 23, 2015 orders of the Boone Circuit Court. By moving to have this exhibit added to the record before this Court, Chesley seeks to rebut arguments by Abbott that the respondents have been procedurally blocked in Ohio from executing the circuit court orders to collect the disbursements from the trust to satisfy the judgment against Chesley.

The Court is unpersuaded that this exhibit should be added to the record. Chesley cites no case law or statute to support his arguments and fails to demonstrate how the addition of this item is helpful to the Court in evaluating the request for interlocutory relief and the question of the intent and effect of the Boone Circuit Court's orders. This exhibit is not relevant to the matter at hand. For this reason, the Court denies movant's request to supplement the record.

The final motion before the Court is Chesley's request to file, under seal, another exhibit with the Court, pursuant to CR 7.03. Movant seeks to file the "*Plaintiffs' Motion to Transfer Beneficial Interest in Property Held in Trust,*

---

[9] The Court notes that it appears Angela Ford is represented by private counsel in the Court of Common Pleas, while in Kentucky, before both the Boone Circuit Court and this Court, she serves as counsel for Abbott. In the lower court action, the Boone Circuit Court has identified Angela Ford as being responsible for collecting funds owed by Chesley to Abbott and other respondents.

*Memorandum of Law in Support and Attached Exhibits*", a document that was originally filed in the lower court action in Boone Circuit Court Case No. 05-CI-436. The lower court approved, by order dated January 30, 2015, an agreed protective order by the parties to place the "motion to transfer" and its accompanying documents under seal. Chesley argues that as the "motion to transfer" documents remain subject to the circuit court's protective order, this Court should grant the request for protection from public view.

The Court has reviewed the documents proposed to be placed under seal and its contents. The Court prefers to err in the favor of openness, public disclosure and access to documents in judicial actions. As noted in *Roman Catholic Diocese v. Noble*, 92 S.W.3d 724 (Ky. 2002), "… [J]udicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring non-disclosure." *Id.* at 731. In reviewing the documents for which Chesley seeks protection, the Court did not identify any of the privacy data generally subject to protection under CR 7.03(1) and finds no cause to support protection of the documents under CR 7.03(4). Chesley has not identified a reason so compelling as to support this Court finding that the requested documents be hidden from public view. This Court is not beholden to the decision of the circuit court as to its acceptance of the parties' agreed protective order. Chesley's motion on this issue is denied.

## CONCLUSION

For the foregoing reasons, the Court ORDERS that the motion for interlocutory relief be, and hereby is DENIED. The motion to supplement the record with an additional exhibit is DENIED. The motion to file an exhibit under seal is DENIED.

ENTERED: **OCT 0 7 2015**

JUDGE, COURT OF APPEALS