**COURT OF COMMON PLEAS**
**PROBATE DIVISION**
**HAMILTON COUNTY, OHIO**

IN THE MATTER OF:

Case No. **2016003659**

WAITE, SCHNEIDER, BAYLESS &
CHESLEY CO., L.P.A.

Judge Ralph E. Winkler

Magistrate _____

**LETTER OF AUTHORITY AND ORDER ACKNOWLEDGING
ACCEPTANCE BY ERIC W. GOERING OF WAITE, SCHNEIDER, BAYLESS &
CHESLEY CO., L.P.A.'S ASSIGNMENT FOR THE BENEFIT OF CREDITORS**

The Court is advised and hereby acknowledges that Eric W. Goering, an Ohio resident, who is duly licensed to practice law in the State of Ohio (the "Assignee") has accepted the Assignment for the Benefit of Creditors of Waite Schneider Bayless & Chesley Co., L.P.A. (the "Company").  In recognition of such acceptance, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.      The Assignee shall be the assignee of the Company empowered with all rights and responsibilities pursuant to Ohio Revised Code Section 1301.01, *et seq.*

2.      The Assignee is hereby authorized to continue, manage, and operate the business of the Company until further order of this Court, or to cease the business of the Company and liquidate, sell, including a sale free and clear of all liens, mortgages, claims, interests, or other encumbrances, or otherwise dispose of the personal and real property of the Company, as the Assignee deems appropriate in his sole discretion.

3.      The Assignee is hereby authorized to take possession of the operating accounts and other banking accounts of the Company in whatever name held, which

02614514-1  922048.2

**EXHIBIT 1**

are used in the operation of the business of the Company, to receive and collect any and all accounts receivable, rents, income, or other sums due and owing to the Company, whether the same are now in possession, due, or shall hereafter become due and payable, and to do all things and to enter into such agreements in connection with the management, care, and preservation of the personal and real property of the Company as the Assignee may deem advisable, and is authorized to incur such expenses and make such distributions as may be advisable or necessary in connection with the care, preservation, and/or liquidation of the personal and real property of the Company.

4.     The Assignee is authorized to pay bills, fees, salaries, and invoices incurred in the normal operation of the business of the Company, or as a part of the liquidation proceeding, and to do all things necessary in the management or liquidation of the Company, including but not limited to the payment of the Assignee's fees, and those of his agents, and legal fees incurred in connection with this proceeding or as otherwise rendered by legal counsel on behalf of the Company in any litigation, however, any such expenditure in excess of $10,000 shall be made only upon order of the Court.

5.     In carrying out his duties as set forth herein, the Assignee is entitled to act in the exercise of his own sound business judgment as he deems appropriate within his sole discretion.  The Assignee shall not be liable for any action taken or not taken by him in good faith and shall not be liable for any mistake of fact or error of judgment or for any acts or omissions of any kind unless caused by his willful misconduct or gross negligence.   The Assignee shall be indemnified and held harmless, through the

personal and real property of the Company, from and against any and all liabilities, costs, and expenses, including but not limited to, the cost of any bond required by this Order and legal and other fees and expenses incurred by him arising from or in any way connected to the performance of his duties as the Assignee.

6.      The Company and its respective agents, employees, and representatives of any other persons or entities operating under the direction or control of the Company, immediately upon receipt of this Order turn over to, or cause to be turned over to, the Assignee all accounts receivable, accounts, rents, or other moneys they hold which are derived from the personal or real property of the Company, and all books and records, management records, accounting records, business operation accounts or other banking records, and other items necessary to the operation of any and all of the business of the Company, and to turn over all items the Assignee determines to be necessary to operate or liquidate the Company, including, but not limited to, employee records, existing inventory, accounts receivables, accounts payable records, invoices, contracts or other agreements, security deposit records, leases and the like.

7.      This Order is intended to bestow on the Assignee the maximum powers available to him under applicable law, including without limitation the ability (a) to bring and defend actions in his own name as Assignee or in the name of the Company, (b) to enter into contracts on behalf of the Company, (c) to collect any accounts or other monies due to the Company, (d) to pay, to the extent possible, any and all expenses incurred in the normal operation of the Company, or as part of any liquidation efforts, including without limitation expenses necessary to avoid loss or damage to our interruption in (as the case may be) any of the company's property and business

shall be deemed to be the person responsible for acting on behalf of the Company within the meaning of Rule 9001(5) of the Federal Rules of Bankruptcy Procedure.

9.     The Assignee and the Assignee's agents (a) may rely on any and all outstanding court orders, judgments, decrees, and rules of law, and shall not be liable to anyone for their own good-faith compliance with any such order, judgment, decree, or rule of law, (b) may rely on, and shall be protected in any action upon, any resolution, certificate, statement, opinion, report, notice, consent, or other document believed by them to be genuine and to have been signed or presented by the proper parties, (c) shall not be liable to anyone for their good-faith compliance with their duties and responsibilities as an assignee, or as counsel or agent for Assignee, and (d) shall not be liable to anyone for their acts or omissions, except upon a finding by this Court that such acts or omissions were outside the scope of their duties or were grossly negligent. Except for matters set forth in subsection (d) of the preceding sentence, persons dealing with the Assignee shall only look to the bond posted by the Assignee to satisfy any liability, and neither the Assignee nor Assignee's counsel or agents shall have any personal liability to satisfy any such obligation.  No person or entity may file suit against the Assignee or his agents, or proceed against the Assignee's bond, without first obtaining an Order of this Court.

10.    The Assignee shall post a bond acceptable to this Court within ten (10) days of the entry of this Order.  The bond shall be and hereby is, set in the amount of $50,000.00.

**IT IS SO ORDERED.**

*Ralph Winkler*

Probate Court Judge

Magistrate

STATE OF OHIO COUNTY OF HAMILTON
COURT OF COMMON PLEAS  PROBATE DIVISION
THIS IS TO CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY OF THE DOCUMENT ON
FILE IN THIS OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT
THIS ___ DAY OF _____, 20___
RALPH WINKLER, Judge & Ex Officio Clerk
Deputy Clerk

02614514-1   922048.2