Electronically Filed
02/11/2016 03:37:59 PM

CLERK OF THE COURT

DAO

EIGHTH JUDICIAL DISTRICT COURT

CLARK COUNTY, NEVADA

MILDREDABBOTT,

Plaintiff,

*vs.*

STANLEY M. CHESLEY,

Defendant.

Case No. A-15-726616-F

Dep't No. VII

**DECISION AND ORDER**

This case arises from a judgment obtained by Plaintiff Mildred Abbott against Defendant Stanley Chesley in Kentucky case 05-CI-00436. Now before the Court is Third Party Claimant Waite Schneider Bayless & Chesley's ("WSBC") Petition to Determine Title in Property Subject to Wrongful Attachment and Third Party Castano Directed Distribution Trust's ("Castano Trust") Motion to Interplead. The matter came before the Court on February 2, 2016. The Court grants WSBC's Petition to Determine Title and finds that Abbott's judgment against Chesley in case 05-CI-00436 cannot be used to garnish WSBC's interest in the Castano Trust. The Court denies Castano Trust's Motion to Interplead as moot.

## I. Procedural and Factual Background

Chesley used to be an attorney licensed to practice in Ohio. He was the sole owner of WSBC. In 2013, Chesley was disbarred based on allegations that he improperly retained funds that should have gone to his client. Chesley transferred ownership of WSBC in a Wind-Up Agreement in April of 2013. Abbott and other Plaintiffs (hereinafter referred to as "Abbott") obtained a second amended judgment against Chesley in Kentucky case 05-CI-00436 on October 22, 2014 based on the same circumstances that lead to Chesley's disbarment. Abbott did not name WSBC as party to the action.

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

FEB 11 2016

Exhibit 1

Abbott filed a motion to transfer beneficial interest in the Castenado Trust in case 05-CI-00436. Abbott asserted that Chesley maintained a beneficial interest in WSBC. On June 23, 2015, the Kentucky Court ordered Chesley to transfer his beneficial interest in WSBC and any payments derived from that interest to Abbott.

Abbott subsequently filed a motion to execute. Abbott argued that Chesley failed to comply with the Kentucky Court's June 23, 2015 order. Chesley argued that he no longer had in interest in WSBC. The Kentucky Court issued an order on September 25, 2015. The Kentucky Court found that "the Wind-Up Agreement in a sham, and that Defendant Chesley continues to control and direct WSBC" and disregarded WSBC's corporate identity. The Kentucky Court essentially ruled that Chesley was an alter ego of WSBC, though it never used that term. The Kentucky Court ordered Chesley to transfer his interest in WSBC and any payments derived from that interest to Abbott. The order specifically addressed the Castano Trust, which makes periodic transfers to WSBC's account for fees earned in past cases involving the tobacco industry. The Kentucky Court ordered Chesley to direct the Castano Trust "that all payments to which [Chesley] and/or WSBC are entitled from the Castano Trust shall be paid directly to Plaintiff counsel." WSBC was never named a party to case 05-CI-00436 and did not have an opportunity to argue to the Kentucky Court that it was not an alter ego of Chesley.

On October 22, 2015, Abbott filed an application of foreign judgment in the instant case. The application was made in Nevada because it is where Castano Trust is located. Abbott seeks to garnish funds from the Castano Trust that are due to be paid to WSBC. WSBC was not named as a party in the instant case. On January 8, 2016, Castano Trust filed a motion to interplead WSBC as a defendant.

On January 13, 2016, WSBC filed its petition to determine title to WSBC's interest in the Castano Trust. WSBC argues its interest in the Castano Trust is WSBC's sole property and Chesley has no interest in the Castano Trust. Abbott filed a response on January 29, 2016, arguing that under the Kentucky Court's order, Chesley and WSBC are alter-egos of each other, and Chesley is a personal beneficiary of the Castano Trust.

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII


## II. Discussion

"Only property owned by the judgment debtor is subject to garnishment..." Brooksby v. Nev. State Bank, 312 P.3d 501, 502 (Nev. 2013). "If the property levied on is claimed by a third person as the person's property... the plaintiff or the third-party claimant is entitled to a hearing within 10 days therefrom before the court having jurisdiction of the action, in order to determine title to the property in question, which hearing must be granted by the court upon the filing of an application or petition therefor." NRS 31.070.

In order for a Court to find that parties are alter egos, "[t]here must be such unity of interest and ownership that one is inseparable from the other." Truck Ins. Exch. v. Palmer J. Swanson, Inc., 189 P.3d 656, 660 (Nev. 2008). Alter egos are liable for each others' debts because "adherence to the corporate fiction of a separate entity would, under the circumstances, sanction fraud or promote injustice." Polaris Indus. Corp. v. Kaplan, 747 P.2d 884, 886 (Nev. 1987).

The procedure for determining whether parties are alter egos, and thus co-judgment debtors, appears to be similar, if not identical, in Nevada and Kentucky. In Nevada, "a defendant who is subject to a judgment creditor's alter ego claim must receive, in an independent action, formal notice, service of process, an opportunity to conduct discovery, fact-finding, and an opportunity to be heard, before the claim is resolved." Callie v. Bowling, 160 P.3d 878, 879-81 (Nev. 2007). In Kentucky, it is also proper to secure a judgment against one debtor and then bring "a piercing suit" against potential alter egos. Inter-Tel Techs., Inc. v. Linn Station Properties, LLC, 360 S.W.3d 152, 168 (Ky. 2012). Both states require that notice be given before a court determines that individuals or entities are alter egos.

In the instant case, Abbott failed to give WSBC notice that WSBC was a potential alter ego of Chesley until the Kentucky Court already ruled on the issue. WSBC was not named as a party in Kentucky case 05-CI-00436. Abbott did not bring any separate action against WSBC to assert that Chesley and WSBC are alter egos. The Kentucky Court made

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

an alter ego determination in a case with no way for WSBC to assert a defense against Abbott's claims.

The Court cannot extend full faith and credit to an order resulting from a lack of due process. "The full faith and credit clause of the United States Constitution requires that a final judgment entered in a sister state must be respected by the courts of this state absent a showing of fraud, lack of due process or lack of jurisdiction in the rendering state." Mason v. Cuisenaire, 128 P.3d 446, 448 (Nev. 2006) (quoting Rosenstein v. Steele, 747 P.2d 230, 231 (Nev. 1987).

The Court finds that respecting the Kentucky Order declaring Chesley and WSBC to be alter egos would create a due process violation in this case. Abbott asks this Court to apply an order entered solely against Chesley to deprive a nonparty of its property. The Court grants WSBC's petition and determines that WSBC's interest in the Castano Trust is not subject to garnishment by Abbott. WSBC's interest in the Castano Trust is its sole property. Abbott may attach funds distributed to Chesley individually, not funds distributed to WSBC.

## III. Conclusion

The Court grants WSBC's Petition to Determine Title and finds that Abbott's judgment against Chesley in case 05-CI-00436 cannot be used to garnish WSBC's interest in the Castano Trust. Because this Order removes the conflict regarding title to funds held by the Castano Trust, the Court denies Castano Trust's Motion to Interplead as moot.

DATED this 11 day of February, 2016.

LINDA MARIE BELL
DISTRICT COURT JUDGE

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date of filing, a copy of this Order was electronically served through the Eighth Judicial District Court EFP system or, if no e-mail was provided, by facsimile, U.S. Mail and/or placed in the Clerk's Office attorney folder(s) for:

| Name | Party |
|---|---|
| John W. Mujie, Esq.<br>John W. Mujie & Associates<br><br>Angela Ford, Esq. | Counsel for Mildred Abbott |
| Brian D. Shapiro, Esq.<br>Brian D. Shapiro, LLC | Counsel for Stanley Chesley |
| Thomas Fell, Esq.<br>Fennemore Craig, P.C. | Counsel for Castano Directed Distribution Trust |
| Will Kemp, Esq.<br>Kemp, Jones & Coulthard, LLP<br><br>Donald J. Rafferty, Esq.<br>Cohen, Todd, Kite & Stanford, LLC | Counsel for Waite Schneider Bayless & Chesley Co. |

SHELBY DAHL
LAW CLERK, DEPARTMENT VII

**AFFIRMATION**
Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding Decision and Order filed in District Court case number A626616 DOES NOT contain the social security number of any person.

/s/ Linda Marie Bell Date 2/10/16
District Court Judge

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII