Electronically Filed
03/31/2016 09:46:52 AM

CLERK OF THE COURT

DAO

EIGHTH JUDICIAL DISTRICT COURT

CLARK COUNTY, NEVADA

MILDRED ABBOTT,

          Plaintiff,

vs.

STANLEY M. CHESLEY,

          Defendant.

Case No.    A-15-726616-F
Dep't No.   VII

## DECISION AND ORDER

This case arises from a judgment obtained by Plaintiff Mildred Abbott against Defendant Stanley Chesley in Kentucky case 05-CI-00436. On February 11, 2016, the Court ruled Abbott's judgment against Chesley in case 05-CI-00436 cannot be used to garnish Waite Schneider Bayless & Chesley's ("WSBC") interest in the Castano Directed Distribution Trust ("Castano Trust"). Now before the Court is Abbott's Motion to Reconsider the Court's Ruling Dated February 11, 2016. This matter was scheduled to come before the Court on March 8, 2016. The Court now rules on the motion without an oral hearing pursuant to EDCR 2.23(c). The Court denies Abbott's Motion to Reconsider. The Court also grants Abbott's Motion to Seal Exhibits 8 and 9 to Abbott's response to WSBC's petition to determine title in property. The Court vacates the hearing currently set for April 12, 2016.

### I.    Procedural and Factual Background

Chesley was the sole owner of WSBC before April 2013, when he transferred ownership of WSBC in a Wind-Up Agreement. Abbott and other Plaintiffs (hereinafter referred to as "Abbott") obtained a judgment against Chesley in Kentucky case 05-CI-00436 on October 22, 2014. Abbott did not name WSBC as party to the action.

On June 23, 2015, the Kentucky Court ordered Chesley to transfer his beneficial interest in WSBC and any payments derived from that interest to Abbott. Chesley argued

HEARING DATE ALREADY ENTERED

MAR 31 2016

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

**Exhibit 2**

that he no longer had in interest in WSBC. The Kentucky Court issued an order on September 25, 2015, ruling "the Wind-Up Agreement in a sham, and that Defendant Chesley continues to control and direct WSBC" and disregarding WSBC's corporate identity. The Kentucky Court essentially ruled that Chesley was an alter ego of WSBC, though it never used that term. The order specifically addressed the Castano Trust, which makes periodic transfers to WSBC's account. The Kentucky Court ordered Chesley to direct the Castano Trust "that all payments to which [Chesley] and/or WSBC are entitled from the Castano Trust shall be paid directly to Plaintiff counsel." WSBC was never named a party to case 05-CI-00436 and did not have an opportunity to argue to the Kentucky Court that it was not an alter ego of Chesley.

On October 22, 2015, Abbott filed an application of foreign judgment in the instant case. The application was made in Nevada, where Castano Trust is located. Abbott seeks to garnish funds from the Castano Trust that are due to be paid to WSBC. WSBC was not named as a party in the instant case. On January 8, 2016, Castano Trust filed a motion to interplead WSBC as a defendant. On January 13, 2016, WSBC filed its petition to determine title to WSBC's interest in the Castano Trust.

On February 11, 2016, the Court ruled that enforcing the Kentucky Order declaring Chesley and WSBC to be alter egos would create a due process violation in the instant case. WSBC did not receive notice of the Kentucky case that found Chesley and WSBC to be alter egos. The Kentucky Court made an alter ego determination in a case with no way for WSBC to assert a defense against Abbott's claims. WSBC's interest in the Castano Trust is its sole property. The Court found Abbott may attach funds distributed to Chesley individually, not funds distributed to WSBC.

On February 22, 2016, Abbott filed a motion to reconsider the February 11, 2016 Decision. Abbott argues the Decision was erroneous because it misapplied the law to Abbott's claims. WSBC filed an opposition on March 7, 2016, asserting Abbott was merely rearguing issues already ruled on by the Court. Abbott argued additional grounds for reconsideration in its reply, filed on March 8, 2016.

## II. Discussion

### A. Motion to Seal

Abbott filed a response to WSBC's petition to determine title to WSBC's interest in the Castano Trust on January 29, 2016. The response contains exhibits Abbott now moves to have sealed. Exhibits 8 and 9 are financial documents containing confidential information such as account numbers.

Nevada Supreme Court Rule Part VII governs the sealing of Court records. The Court may seal records when there are compelling circumstances. The sensitive financial information within the exhibits justifies sealing these Court records. In addition, Abbott's motion to seal was unopposed. See EDCR 2.20(e). Therefore, the Court grants Abbott's motion to seal Exhibits 8 and 9.

### B. Motion for Reconsideration

Reconsideration is only appropriate when "substantially different evidence is subsequently introduced or the decision is clearly erroneous." Masonry & Title Contractors Ass'n of S. Nev. v. Jolley, Urga & Wirth, 941 P.2d 486, 489 (Nev. 1997). "Only in very rare instances in which new issues of fact or law are raised supporting a ruling contrary to the ruling already reached should a motion for rehearing be granted." Moore v. City of Las Vegas, 551 P.2d 244, 246 (Nev. 1976). "Rehearings are not granted as a matter of right, and are not allowed for the purposes of reargument..." Geller v. McCowan, 178 P.2d 380, 381 (Nev. 1947).

In the motion for reconsideration, Abbott first reargues the issues raised in WSBC's petition to determine title to WSBC's interest in the Castano Trust: whether Chesley was the true beneficiary of the trust rather than WSBC and whether Chesley and WSBC were alter egos. Abbott does not provide the Court with new evidence or persuade the Court that it ruled erroneously on these points.

Abbott raises two additional arguments that the Court's February 11, 2016 Decision was erroneous. First, Abbott argues the Court should not have evaluated the merits of

Kentucky order in deciding whether to extend full faith and credit. Second, Abbott argues the Kentucky order did not violate due process.

### 1. The Court Properly Evaluated the Due Process Implications of the Kentucky Court's Decision

"Under the Full Faith and Credit Clause of the United States Constitution, a final judgment entered in a sister state must be respected... However, not all judgments are entitled to full faith and credit in Nevada." City of Oakland v Desert Outdoor Adver, Inc., 267 P3d 48, 50-51 (Nev. 2011). "The full faith and credit clause of the United States Constitution requires that a final judgment entered in a sister state must be respected by the courts of this state absent a showing of fraud, lack of due process or lack of jurisdiction in the rendering state." Mason v. Cuisenaire, 128 P.3d 446, 448 (Nev. 2006) (quoting Rosenstein v. Steele, 747 P.2d 230, 231 (Nev. 1987).

This Court had the authority and the duty to evaluate the due process implications of the Kentucky Court's orders in case 05-CI-00436. The case Abbott cites to dispute the Court's evaluation goes through a due process analysis. See Milliken v Meyer, 311 US 457, 463 (1940). Therefore, this argument by Abbott is not a proper basis for the Court to reconsider its ruling.

### 2. The Court Properly Determined that the Kentucky Court's Decision Violated Due Process

Generally, "[d]ue process is satisfied by giving both parties 'a meaningful opportunity to present their case.'" JD Constr. v IBEX Int'l Group, 240 P3d 1033, 1040 (Nev. 2010) (quoting Mathews v. Eldridge, 424 U.S. 319, 349 (1976). In its February 11, 2016 Decision, the Court concluded enforcing the Kentucky order would violate due process because WSBC had no notice of the Kentucky case. Abbott argues two bases for the Court to reconsider its findings on this issue. First, Abbott argues the Court improperly used Nevada law in determining the proper procedure for Abbott's alter ego claim. Second, Abbott argues WSBC received notice of the Kentucky case through Chesley.

### a. The Court Did Not Use Nevada Law to Establish the Proper Procedure for Abbott's Alter Ego Claim

In its February 11, 2016 Decision, the Court cites both Nevada and Kentucky law to evaluate the due process required in an alter ego claim. The Court found "[b]oth states require that notice be given before a court determines that individuals or entities are alter egos." See Callie v. Bowling, 160 P.3d 878, 879-81 (Nev. 2007) and Inter-Tel Techs., Inc. v. Linn Station Properties, LLC, 360 S.W.3d 152, 168 (Ky. 2012).

The Court did not find that the Kentucky order violated due process because it failed to follow Nevada law. The Court found the Kentucky order violated due process because it failed to follow its own law. Though Abbott argues the Court misinterpreted Kentucky law, Abbott did not cite a single case where Kentucky courts have allowed a claimant to establish an alter ego relationship without giving notice to both alleged alter ego parties. Furthermore, the Court did not find a due process violation solely because Abbott did not bring a separate claim against WSBC. The Court found a due process violation because WSBC did not receive notice of any action, including case 05-CI-00436, seeking to establish an alter ego relationship between WSBC and Chesley.

The Court correctly found that due process required WSBC to receive notice of the action relating to its purported alter ego relationship with Chesley. Because this finding was not erroneous, this argument by Abbott is not a proper basis for the Court to reconsider its ruling.

### b. WSBC Did Not Receive Notice of the Kentucky Proceedings Through Chesley

Abbott argues WSBC received notice of the Kentucky case through Chesley's involvement in the case. Abbott asserts three methods: (1) through Chesley as WSBC's registered agent for service of process, (2) through WSBC paying Chesley's attorneys fees, and (3) through virtual representation by Chesley.

Suing a registered agent in his individual capacity does not give notice to a related entity that its interests may be at risk. Abbott argues, "if it were required that WSBC

receive a copy of the motion, for purposes of notice, the motion would have been delivered to Chesley..." (Reply in Supp. of Mot. Recons. at p. 2.) If it had been required that WSBC receive any pleading in the Kentucky case, the Court would have directed service to WSBC, putting Chesley and WSBC on notice that Chesley was acting as a registered agent, not in his individual capacity.  The Court finds it concerning that Abbott argues Chesley acted purely in his individual capacity when signing documents regarding the Castano Trust "individually and as President of WSBC" (Id. at p. 6) while simultaneously arguing Chesley acted as a representative of WSBC's interest by being sued in his individual capacity.

Paying the attorneys fees for another individual does not entitle the payee to notice regarding the case at issue.  Paying attorneys fees does not make the payee a party to the action.  Under Nevada Rule of Professional Conduct 1.8(f) and Kentucky Supreme Court Rule 130(1.8)(f), attorneys must keep information relating to the representation of a client confidential from non-clients paying for the client's representation.

The Court is not persuaded by Abbott's virtual representation argument for two reasons.  First, the Kentucky court made no mention of virtual representation in its decision.  It would be illogical to conclude that a due process violation based on a lack of notice could be cured by a silent and invisible finding by a court.  Second, virtual representation cannot serve as an end run around the due process issue in this case.  The standard for virtual representation is similar to the standard for alter egos.  In order for a Court to find parties are alter egos, "[t]here must be such unity of interest and ownership that one is inseparable from the other." Truck Ins. Exch. v. Palmer J. Swanson, Inc., 189 P.3d 656, 660 (Nev. 2008).  The determining factor of virtual representation "is such identity of interest as to give reasonable assurance that the contingent rights of the absent party will be protected by the person joined in the suit." Harris v Jackson, 192 SW3d 297, 303 (Ky. 2006), as mod (May 24, 2006) (quoting Carroll v. First Nat. Bank & Trust Co. of Lexington, 227 S.W.2d 410, 411 (Ky.1950).  There is a critical distinction in the degree of the unity of interests.  This distinction is reflected in the procedures courts may take to determine alter ego relationships and virtual representation.  Courts must provide notice to

6

potential alter egos regarding cases seeking to establish alter ego relationships. A court may not rely on a virtual representation determination, even if one had existed in this case, to deprive a party of the opportunity to address the higher unity of interest inherent in an alter ego relationship.

The Court correctly found that WSBC did not receive proper notice of case 05-CI-00436. Because this finding was not erroneous, this argument by Abbott is not a proper basis for the Court to reconsider its ruling.

### III. Conclusion

Abbott failed to provide a basis for the Court to conclude that its February 11, 2016 ruling was erroneous. The Court denies Abbott's Motion to Reconsider the Court's Ruling Dated February 11, 2016. The Court grants Abbott's Motion to Seal Exhibits 8 and 9 and vacates the hearing currently set for April 12, 2016.

DATED this ____ day of March, 2016.

_____
LINDA MARIE BELL
DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date of filing, a copy of this Order was electronically served through the Eighth Judicial District Court EFP system or, if no e-mail was provided, by facsimile, U.S. Mail and/or placed in the Clerk's Office attorney folder(s) for:

| Name | Party |
| --- | --- |
| John W. Mujie, Esq.<br>John W. Mujie & Associates<br><br>Angela Ford, Esq. | Counsel for Mildred Abbott |
| Brian D. Shapiro, Esq.<br>Brian D. Shapiro, LLC | Counsel for Stanley Chesley |
| Thomas Fell, Esq.<br>Fennemore Craig, P.C. | Counsel for Castano Directed Distribution Trust |
| Will Kemp, Esq.<br>Kemp, Jones & Coulthard, LLP<br><br>Donald J. Rafferty, Esq.<br>Cohen, Todd, Kite & Stanford, LLC | Counsel for Waite Schneider Bayless & Chesley Co. |

_____
SHELBY DAHL
LAW CLERK, DEPARTMENT VII

**AFFIRMATION**
Pursuant to NRS 239B.030
The undersigned does hereby affirm that the preceding Decision and Order filed in District Court case number A626616 DOES NOT contain the social security number of any person.

/s/ Linda Marie Bell     Date   3/22/16
District Court Judge