IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

**DECLARATION OF ERIC W. GOERING, ASSIGNEE IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO ABBOTT MOVANTS' MOTION TO SUBSTITUTE AS REAL PARTIES IN INTEREST (DOC. NO. 2420)**

I, Eric W. Goering, declare as follows:

1.     My name is Eric W. Goering. My business address is Goering & Goering, LLC, 220 West Third Street, Cincinnati, Ohio 45202.

2.     This Declaration is based upon my personal knowledge and I am competent to testify to the matters herein.

3.     I am an attorney admitted to the practice of law in the State of Ohio and I am a partner in the law firm of Goering & Goering, LLC. I am an experienced lawyer practicing exclusively in issues relating to insolvency, and I am a Chapter 7 Trustee for the U.S. Bankruptcy Court for the Southern District of Ohio by appointment of the U.S. Department of

**Exhibit 1**

Justice.

4. I am the assignee of Waite, Schneider, Bayless & Chesley Co. L.P.A. ("WSBC") in *In re Waite, Schneider, Bayless & Chesley Co. L.P.A.*, Case No. 2016003659, pending in the Probate Court of Hamilton County, Ohio, which is an assignment for the benefit of creditors action pursuant to Chapter 1313 of the Ohio Revised Code.

5. A copy of the Deed of Assignment from WSBC to me is attached as Exhibit 1 and incorporated by reference.

6. A copy of the Letter of Authority and Order Acknowledging Acceptance by Eric W. Goering of Waite, Schneider, Bayless & Chelsey Co., L.P.A.'s Assignment for the Benefit of Creditors (the "ABC Order") appointing me as the assignee of WSBC is attached hereto as Exhibit 2 and incorporated by reference. Pursuant to Ohio law and the ABC Order, I have legal custody and control of WSBC assets, files, and records including those relating to its participation as class counsel in this case, and the legal authority to submit this Declaration.

7. I have discussed WSBC's representation in this case with former WSBC attorneys who performed significant legal work in this matter and I have reviewed WSBC records. I submit this Declaration in support of my memorandum in opposition to the Motion to Substitute filed by the Estate of Mildred Abbott, et al. ("Abbott Movants"), to substitute as real parties in interest in place of WSBC (Doc. No. 2420).

8. WSBC has acted as counsel to Plaintiffs in this litigation from its inception until August 2012. During the course of this litigation, WSBC was involved in a myriad of activities, including the following: meetings with clients and class representatives, interviews with potential witnesses in the class area, taking and defending depositions of both fact and expert witnesses, participation in strategy meetings for the case, review of documents, attendance at court

hearings, and participation at trial and in appellate proceedings. In the process, WSBC's attorneys and professional support staff expended over 12,000 hours of billable time, which equates to a lodestar of over $4,000,000. WSBC also incurred over $600,000 in non-reimbursable expenses.

9. On September 12, 2016, WSBC exercised its statutory right under Ohio law pursuant to Ohio Revised Code Section 1301.01, et seq. to file the ABC. Using this statutory process, WSBC transferred all right, title, and interest in all of its assets (including its right to receive a portion of the attorney's fees and costs awarded in this case) to me as Assignee. On that date, the Hamilton County, Ohio, Court of Common Pleas, Probate Division, entered a Letter of Authority and Order Acknowledging Acceptance of WSBC's Assignment for the Benefit of Creditors in *In re Waite, Schneider, Bayless & Chesley Co., L.P.A.*, Case No. 2016003659. See, Ex. 1.

10. The ABC statutory process is similar to a bankruptcy liquidation and provides for the appraisal and liquidation of assets for distribution to creditors, all of which is completed under the supervision of the Hamilton County, Ohio Probate Court.

11. Attached hereto is an inventory that I have filed in the ABC proceeding that lists, among WSBC's other receivables, the potential fees that may be paid to WSBC in this litigation (dubbed the "Rocky Flats Litigation"). See, Inventory, Sec. 3.4.3, attached hereto as Exhibit 3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

                                              Eric W. Goering, Assignee

Dated: December 9, 2016

COURT OF COMMON PLEAS
PROBATE DIVISION
HAMILTON COUNTY, OHIO

IN THE MATTER OF:

WAITE, SCHNEIDER, BAYLESS &
CHESLEY CO., L.P.A.

Case No. 2016003659

Judge Ralph E. Winkler

Magistrate _____

## WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
## DEED OF ASSIGNMENT FOR THE BENEFIT OF CREDITORS

This DEED OF ASSIGNMENT FOR THE BENEFIT OF CREDITORS is made by Waite, Schneider, Bayless & Chesley, CO., L.P.A. (the "Company"), an Ohio professional corporation with a principal place of business in the City of Cincinnati, Hamilton County, Ohio. The Company, being indebted to creditors and desirous of providing an orderly process for the satisfaction of its debts and obligations, and pursuant to a resolution adopted and passed by the sole shareholder of the Company, desires to convey all of its property in trust for the benefit of its creditors in accordance with Ohio Revised Code Section 1313.01, *et seq.*

Now, therefore, the Company hereby grants, assigns, transfers, and sets-over to Eric W. Goering of Cincinnati, Ohio, an Ohio resident, who is duly licensed to practice law in the State of Ohio (the "Assignee"), for the benefit of all the Company's creditors, all right, title, and interest in and to all property of any description, real and personal, including, without limitation, accounts, receivables, contract rights, chattel paper, notes, rights to payment, legal claims, the Wind Up Agreement dated April 15, 2013 (the "Wind Up Agreement"), insurance proceeds, tax refunds, securities, intellectual property, equipment,

02614622-1  922031.5

**Exhibit 1**

furniture, fixtures, supplies, motor vehicles, and the proceeds, replacements, and substitutions therefrom, along with all deeds, books, records, certificates, and papers relating thereto, belonging to the Company, wherever the same may be situated, except such property as is by law exempt from execution; to have and to hold the same unto said Assignee in trust, to sell and dispose of said real and personal property, and to collect, sue for, and demand, receive and recover all such sums of money as may or may become due, owing, and payable on any promissory notes, debts, chose in action, evidences of debt, claims, and demands, and then in trust to apply the proceeds arising from them as follows:

**First**: To pay the reasonable costs and expenses (including legal fees and court costs) of executing and administering the trust hereby created, including, without limitation, reasonable compensation to Assignee for his services and payroll for Company employees.

**Second**: To pay the Company's creditors the sums that may be due and owing to them from the Company; provided, however, that if there shall not be sufficient funds with which to pay all said debts, then the said debts are to be paid ratably and in proportion and in accordance with the priorities as set forth in Chapter 1313 of the Ohio Revised Code.

**Third**: If the proceeds shall be more than sufficient to pay and satisfy every one of the Company's creditors, then to pay and return to the shareholder of the Company the balance remaining, if any, after paying all of the Company's creditors.

The Company hereby nominates, constitutes, and appoints Assignee the Company's true and lawful attorney to execute the trust hereby created; giving and granting unto said Assignee full power and authority to do and perform every act and deed, and thing necessary in connection with the execution of this trust as fully and to all intents and purposes as allowed by Ohio Revised Code § 1313.01, *et seq.* and as the company might

or could do if this assignment had not been made, with full power of substitution and revocation, hereby ratifying and confirming all that Assignee or Assignee's substitute may lawfully do or cause to be done by virtue hereof, as contemplated by, among other things, the Wind Up Agreement.

Further, the Assignee, in performing the duties and obligations created by this trust, shall have full and sole authority (i) to perform all acts of the Company necessary and appropriate to defend the Company in any lawsuits or other proceedings, including retain counsel as necessary to represent the Company in any such lawsuits and proceedings, (ii) to take such actions as may be required to wind up and dissolve the Company as contemplated by, *inter alia*, the Wind Up Agreement, including, but not limited to the retention of legal counsel and an accountant to prepare and file any tax returns or other legal documents, and (iii) to otherwise perform any other administrative functions as may be necessary.

Bond shall be required of the Assignee for the faithful performance of the Assignee's duties in connection with the execution of this trust as ordered by the Hamilton County Probate Court pursuant to R C § 1313.11.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, the undersigned in his capacity as the sole shareholder of the shares of Waite, Schneider, Bayless & Chesley Co., LPA, has hereunto set his hand this 9th day of September, 2016.

Signed and acknowledged by:

**Waite, Schneider, Bayless & Chesley Co., LPA**

By: Thomas F. Rehme, Trustee, Inc., sole shareholder

_____
Thomas F. Rehme, in his capacity as President and Sole Director

STATE OF OHIO             )
                          )  SS:
COUNTY OF HAMILTON  )

Before me, the Subscriber, a Notary Public in and for said County and State, personally appeared, Thomas F. Rehme, who acknowledged that he did sign said instrument as President and Sole Director, and that execution of said instrument is his free and voluntary act and deed individually and as an officer and sole director, and the free and voluntary act and deed of Waite, Schneider, Bayless & Chesley Co., LPA.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my Notarial Seal this 9th day of September, 2016.

_____
Notary Public

DONALD JOHN RAFFERTY
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.

02614622-1                922031.5                                    4

2016003659

## ACCEPTANCE BY ASSIGNEE

Eric W. Goering of Cincinnati, Ohio, an Ohio resident, who is duly licensed to practice law in the State of Ohio, hereby accepts the trust created by the above instrument, and agrees to faithfully perform the same.

Date: 9/12/16

By: _____
Eric W. Goering

STATE OF OHIO            )
                         ) SS:
COUNTY OF HAMILTON       )

Before me, the Subscriber, a Notary Public in and for said County and State, personally appeared, Eric W. Goering of Cincinnati, Ohio, an Ohio resident, who acknowledged he did sign said instrument and that execution of said instrument as his free and voluntary act and deed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my Notarial Seal this 12th day of September, 2016.

_____
Notary Public

THOMAS MARTIN JENNINGS
ATTORNEY AT LAW
Notary Public, State of Ohio
My Commission Has No Expiration Date
Section 147.03

2016 SEP 12 PM 3:16

2016003659

**COURT ENDORSEMENT**

The above deed was delivered to the Hamilton County Probate Court on September 12, 2016 and noted in the Court's entries.

_____ Ralph Winkler KK
Judge

KR

Prepared by:

Donald J. Rafferty (0042614)
Donald W. Mallory (0070875)
Cohen, Todd, Kite & Stanford, LLC
250 E Fifth St, Suite 2350
Cincinnati, OH 45202-5136
Phone: (513) 333-5243
Fax: (513) 241-4495
Email: drafferty@ctks.com
Email: dmallory@ctks.com

2016 SEP 12

COURT OF COMMON PLEAS
PROBATE DIVISION
HAMILTON COUNTY, OHIO

IN THE MATTER OF:

WAITE, SCHNEIDER, BAYLESS &
CHESLEY CO., L.P.A.

Case No. **2016003659**

Judge Ralph E. Winkler

Magistrate _____

### LETTER OF AUTHORITY AND ORDER ACKNOWLEDGING ACCEPTANCE BY ERIC W. GOERING OF WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.'S ASSIGNMENT FOR THE BENEFIT OF CREDITORS

The Court is advised and hereby acknowledges that Eric W. Goering, an Ohio resident, who is duly licensed to practice law in the State of Ohio (the "Assignee") has accepted the Assignment for the Benefit of Creditors of Waite Schneider Bayless & Chesley Co., L.P.A. (the "Company"). In recognition of such acceptance, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Assignee shall be the assignee of the Company empowered with all rights and responsibilities pursuant to Ohio Revised Code Section 1301.01, *et seq*.

2. The Assignee is hereby authorized to continue, manage, and operate the business of the Company until further order of this Court, or to cease the business of the Company and liquidate, sell, including a sale free and clear of all liens, mortgages, claims, interests, or other encumbrances, or otherwise dispose of the personal and real property of the Company, as the Assignee deems appropriate in his sole discretion.

3. The Assignee is hereby authorized to take possession of the operating accounts and other banking accounts of the Company in whatever name held, which

**Exhibit 2**

are used in the operation of the business of the Company, to receive and collect any and all accounts receivable, rents, income, or other sums due and owing to the Company, whether the same are now in possession, due, or shall hereafter become due and payable, and to do all things and to enter into such agreements in connection with the management, care, and preservation of the personal and real property of the Company as the Assignee may deem advisable, and is authorized to incur such expenses and make such distributions as may be advisable or necessary in connection with the care, preservation, and/or liquidation of the personal and real property of the Company.

4. The Assignee is authorized to pay bills, fees, salaries, and invoices incurred in the normal operation of the business of the Company, or as a part of the liquidation proceeding, and to do all things necessary in the management or liquidation of the Company, including but not limited to the payment of the Assignee's fees, and those of his agents, and legal fees incurred in connection with this proceeding or as otherwise rendered by legal counsel on behalf of the Company in any litigation, however, any such expenditure in excess of $10,000 shall be made only upon order of the Court.

5. In carrying out his duties as set forth herein, the Assignee is entitled to act in the exercise of his own sound business judgment as he deems appropriate within his sole discretion. The Assignee shall not be liable for any action taken or not taken by him in good faith and shall not be liable for any mistake of fact or error of judgment or for any acts or omissions of any kind unless caused by his willful misconduct or gross negligence. The Assignee shall be indemnified and held harmless, through the

personal and real property of the Company, from and against any and all liabilities, costs, and expenses, including but not limited to, the cost of any bond required by this Order and legal and other fees and expenses incurred by him arising from or in any way connected to the performance of his duties as the Assignee.

6. The Company and its respective agents, employees, and representatives of any other persons or entities operating under the direction or control of the Company, immediately upon receipt of this Order turn over to, or cause to be turned over to, the Assignee all accounts receivable, accounts, rents, or other moneys they hold which are derived from the personal or real property of the Company, and all books and records, management records, accounting records, business operation accounts or other banking records, and other items necessary to the operation of any and all of the business of the Company, and to turn over all items the Assignee determines to be necessary to operate or liquidate the Company, including, but not limited to, employee records, existing inventory, accounts receivables, accounts payable records, invoices, contracts or other agreements, security deposit records, leases and the like.

7. This Order is intended to bestow on the Assignee the maximum powers available to him under applicable law, including without limitation the ability (a) to bring and defend actions in his own name as Assignee or in the name of the Company, (b) to enter into contracts on behalf of the Company, (c) to collect any accounts or other monies due to the Company, (d) to pay, to the extent possible, any and all expenses incurred in the normal operation of the Company, or as part of any liquidation efforts, including without limitation expenses necessary to avoid loss or damage to our interruption in (as the case may be) any of the company's property and business

shall be deemed to be the person responsible for acting on behalf of the Company within the meaning of Rule 9001(5) of the Federal Rules of Bankruptcy Procedure.

9. The Assignee and the Assignee's agents (a) may rely on any and all outstanding court orders, judgments, decrees, and rules of law, and shall not be liable to anyone for their own good-faith compliance with any such order, judgment, decree, or rule of law, (b) may rely on, and shall be protected in any action upon, any resolution, certificate, statement, opinion, report, notice, consent, or other document believed by them to be genuine and to have been signed or presented by the proper parties, (c) shall not be liable to anyone for their good-faith compliance with their duties and responsibilities as an assignee, or as counsel or agent for Assignee, and (d) shall not be liable to anyone for their acts or omissions, except upon a finding by this Court that such acts or omissions were outside the scope of their duties or were grossly negligent. Except for matters set forth in subsection (d) of the preceding sentence, persons dealing with the Assignee shall only look to the bond posted by the Assignee to satisfy any liability, and neither the Assignee nor Assignee's counsel or agents shall have any personal liability to satisfy any such obligation. No person or entity may file suit against the Assignee or his agents, or proceed against the Assignee's bond, without first obtaining an Order of this Court.

10. The Assignee shall post a bond acceptable to this Court within ten (10) days of the entry of this Order. The bond shall be and hereby is, set in the amount of $50,000.00.

IT IS SO ORDERED.

_____
Probate Court Judge

_____
Magistrate

STATE OF OHIO COUNTY OF HAMILTON
COURT OF COMMON PLEAS PROBATE DIVISION
THIS IS TO CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY OF THE DOCUMENT ON
FILE IN THIS OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT
THIS ____ DAY OF _____, 20__
RALPH WINKLER, Judge & Ex-Officio Clerk
_____
Deputy Clerk

02614514-1  922048.2

IN THE COURT OF COMMON PLEAS
PROBATE DIVISION
HAMILTON COUNTY, OHIO

**FILED**
NOV 2 2016
RALPH WINKLER
JUDGE & EX-OFFICIO CLERK
BY _____

| | |
|---|---|
| IN THE MATTER OF: | Case No. 2016003659 |
| WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A. | Judge Ralph E. Winkler |
| | Magistrate Rogena D. Stargel |

### NOTICE OF FILING OF INVENTORY

Now comes Eric W. Goering, Assignee for the Benefit of the Creditors of Waite, Schneider, Bayless & Chesley Co., L.P.A. ("Assignor"), by and through counsel, and hereby gives notice of the filing of the attached Assignee's Inventory.

Respectfully submitted,

_/s/ signature_
Michael A. Galasso (#0072470)
Robbins, Kelly, Patterson & Tucker
7 West Seventh Street, Suite 1400
Cincinnati, Ohio 45202-2417
(513) 721-3330 | (513) 721-5001 fax
*mgalasso@rkpt.com*
**Attorney for Eric W. Goering, Assignee**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following this 2nd day of November, 2016 by regular U.S. mail, postage prepaid:

Donald J. Rafferty, Esq.
250 East Fifth Street, Suite 2350
Cincinnati, OH 45202

_/s/ signature_
Michael A. Galasso

02634976-1

**Exhibit 3**

# IN THE COURT OF COMMON PLEAS
# PROBATE DIVISION
# HAMILTON COUNTY, OHIO

| | |
|---|---|
| IN THE MATTER OF: | Case No. 2016003659 |
| WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A. | Judge Ralph E. Winkler |
| | Magistrate Rogena D. Stargel |

## ASSIGNEE'S INVENTORY

STATE OF OHIO            )
                         ) SS
COUNTY OF HAMILTON )

Now comes Eric W. Goering, Assignee in the above-captioned case, being first duly sworn and cautioned, and hereby states as follows for the inventory required by R.C. § 1313.15:

1. **ASSIGNOR**

The name of the Debtor/Assignor is Waite, Schneider, Bayless & Chesley Co., L.P.A. The Debtor's place of business is Fourth & Vine Tower, 1 West Fourth Street, Suite 1513, in the City of Cincinnati, County of Hamilton, State of Ohio.

2. **ASSIGNEE**

The name of the Assignee if Eric W. Goering, Assignee. Assignee's address is Goering & Goering, LLC, 220 W. Third Street in the City of Cincinnati, County of Hamilton, State of Ohio.

3. **INVENTORY**

A full and true inventory of the property of Assignor on September 12, 2016, the day of the assignment by Assignor, of all property, money, rights, and credits of the Debtor

included in the assignment, the encumbrances existing on the property, and all vouchers and securities relating to the property, according to the best knowledge of Assignee, is:

1. Motor Vehicles - See Exhibit A.

2. Personal Property - Miscellaneous office equipment and computers; files and items in four off-site storage spaces.

3. Bank Accounts

   1. The North Side Bank & Trust Company Account XXXX6094 - $364,000.53 as of August 31, 2016

   2. Fifth Third Bank Account XXXXXX3816 - $1,500 as of September 14, 2016

4. Receivables

   1. $1,935,161.10 held pursuant to April 22, 2016 Order Granting in Part Motion for Temporary Restraining Order and Setting Preliminary Injunction Hearing in *McGirr, et al. v. Rehme, et al.*, No. 1:16-cv-00464-RHC (S.D. Ohio) arising from *Williams, et al. v. Duke Energy Int'l, Inc., et al.*, No. 1:08-cv-00046 (S.D. Ohio).

   2. Castano Trust - Quarterly payments of $650,000 from October 1, 2016 through October 1, 2024.

   3. Rocky Flats Litigation - Preliminary motion to approve $375,000,000 settlement pending; fees to Assignor not yet determined.

   4. Hanford Litigation - Not yet determined.

   5. Freddie Mac Litigation - Not yet determined.

4. **APPRAISAL**

The value of the assets listed above is not yet determined. With respect to the motor vehicles listed above, Assignee is seeking court approval for appraisal by two disinterested

appraisers. Assignee will supplement this inventory with additional information as it becomes available.

The above inventory information is true and accurate to the best of my knowledge, recollection, and belief.

_____
Eric W. Goering, Assignee

Sworn to and subscribed to before me this 1st day of November, 2016 by Eric W. Goering, Assignee.

_____
Notary Public

THOMAS MARTIN JENNINGS
ATTORNEY AT LAW
Notary Public, State of Ohio
My Commission Has No Expiration Date
Section 147.03

02634956-1                                3

## WSBC
## Automobile List
## (correlated to ins. policy)

| Year | Make | Model | VIN Number | License # | Titled Name |
|---|---|---|---|---|---|
| 2008 | Cadillac | | 1GYFK63878R253634 | FKH2239 | WSBC |
| 2010 | Chevrolet | Corvette | 1G1YN2DT1A5800131 | LIZZIE 3 | WSBC |
| 2007 | Maserati | Quattroporte | ZAMCE39A870028453 | SOFIA | WSBC |
| 1994 | Rolls Royce | Corniche IV Conv | SCAZD02C7RCX50047 | FKH2237 | WSBC |
| 1995 | Bentley | Continental R | SCBZB03C7SCX52337 | FKH2238 | WSBC |
| 2004 | Rolls Royce | Phantom | SCA1S68404UX07291 | CAMILLA | WSBC |
| 2009 | Audi | R8 | WUAAU34289N002314 | HEIDE | WSBC |
| 2008 | Porsche | 911 Turbo | WP0AD29938S783188 | LIESEL3 | WSBC |
| 2006 | Mercedes Benz | SLR McLaren | WDDAJ76F16M000750 | MARLIES | WSBC |
| 1992 | Mercedes Benz | 600 SEL | WDBGA57E7NA056477 | FKH2243 | WSBC |
| 2003 | Mercedes Benz | CL600 | WDBPJ76JX3A032410 | SMC1 | WSBC |
| 2001 | Bentley | Arnage | SCBLC31E61CX05775 | STANC1 | WSBC |
| 2000 | Bentley | Azure | SCBZK22E0YCX62084 | CRUMPET | WSBC |
| 1992 | Aston Martin | Vir | SCFCAM2SXNBL50295 | FKH2242 | WSBC |
| 2001 | Aston Martin | DB7 | SCFAB42331K401563 | FLC1627 | WSBC |
| 1991 | Rolls Royce | Corniche III | SCAZD02D7MCX30513 | FKH2244 | WSBC |
| 2005 | Bentley | Continental | SCBCR63W15C024466 | ELOISE2 | WSBC |
| 2007 | BMW | M6 Conv. | WBSEK93567CY78318 | OLGA3 | WSBC |
| 2005 | Mercedes Benz | SL65 | WDBSK79F65F091930 | ILSA2 | WSBC |
| 2009 | Rolls Royce | Drophed Coupe | SCA2D68549UX16235 | SERENA | WSBC |
| 2006 | Land Rover | RHS | SALMF13466A217472 | STANC3 | WSBC |
| 2004 | Maybach | 57 | WDBVF78J04A000668 | INGRID1 | WSBC |
| 1982 | Rolls Royce | Corniche IV Conv | SCAZD42A1CCX05117 | FKH2236 | WSBC |
| 2008 | Ferrari | GTB Coupe | ZFFFC60AX80162650 | GABRELA | WSBC |
| 2003 | Ferrari | Spider 360 Modena | ZFFYT53A530131684 | FKH2235 | WSBC |
| 2003 | Aston Martin | Vanquish | SCFAC23373B501099 | CLEMMY | WSBC |
| 1974 | Rolls Royce | Silver Shadow | LRC19783 | FKH2234 | WSBC |
| 1972 | Jaguar | XKE Conv. | UC1S20555 | SC51 | WSBC |
| 1979 | Porsche | 2S | 9289200855 | FRW4187 | WSBC |

924570



Ex A