## WIND-UP AGREEMENT

This WIND-UP AGREEMENT (the "Agreement") is made as of April 15, 2013 (the "Effective Date") by and between STANLEY M. CHESLEY (the "Transferor"), and THOMAS F. REHME (the "Transferee"). The signatories to this Agreement are collectively referred to as the "Parties."

WHEREAS, the law firm of Waite, Schneider, Bayless & Chesley Co., L.P.A. (the "Corporation") is an Ohio legal professional association formed and maintained under Chapter 1785 of the Ohio Revised Code.

WHEREAS, Transferor is the sole shareholder of the Corporation and serves as its President.

WHEREAS, Transferee is the secretary of the Corporation and an attorney in good standing and licensed to practice law in the State of Ohio.

WHEREAS, effective April 16, 2013, Transferor is retiring from the practice of law, and tendering to the Ohio Supreme Court the notice necessary to effectuate such retirement.

WHEREAS, under Section 1785.05, a professional association may issue its capital stock only to persons who are duly licensed, certificated, or otherwise legally authorized to render within the state of Ohio the same professional services as that for which the association was organized.

WHEREAS, under Section 1785.07 of the Ohio Revised Code, a shareholder or professional association may sell or transfer that shareholder's shares in the association only to another individual who is duly licensed, certificated, or otherwise legally authorized to render within the State of Ohio the same professional services as that for which the association was organized.

WHEREAS, under Opinion 2002-12 of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, an attorney may not practice in a legal professional association in which a non-attorney has an interest.

WHEREAS, Transferor desires to transfer, on the terms and conditions set forth below, his shares in the Corporation to the Transferee to be held in trust so that the Corporation may avoid a premature or involuntary dissolution and Transferee may conduct an orderly wind-up of the Corporation for the benefit of its employees, creditors, and Transferor.

NOW, THEREFORE, in mutual consideration of the promises and performance of the other, and for other good and valuable consideration, receipt and sufficiency of which are hereby acknowledged, Transferor and Transferee hereby agree as follows:

Section 1.     **Transfer and Assignment of Shares in Company.**

Transferor hereby transfers and assigns his 225 shares in the Corporation (the "Shares") to Transferee to be held in trust for the exclusive purposes of winding up the Corporation for the benefit of its employees, creditors, and Transferor.

Section 2.     **Resignation.**

Transferor hereby resigns from all positions with the Corporation, including that of President and an employee.

Section 3.     **Consideration.**

As Transferee is holding the Shares in trust, no consideration is paid for the Shares.

Section 4.     **Winding Up of Operations.**

4.1.    **Wind-Up.**    As contemplated under Section 1701.88 of the Ohio Revised Code, Transferee agrees and shall proceed with winding up the Corporation's affairs. It is the intention of the Parties that the winding up of the Corporation's operations be conducted in such a way as to maximize protection of the Corporation's clients' interest, including protecting the confidentiality of all privileged communications and otherwise maintain as appropriate under the Ohio Rules of Professional Conduct all client files. As part of the winding up of the Corporation, Transferee shall proceed to:

(a) terminate or negotiate the termination of all executory, non-client agreements;

(b) resolve, secure, satisfy, and/or negotiate all credit owed by the Corporation;

(c) as appropriate, assist in transferring clients of the Corporation to new legal counsel;

(d) identify and account for all assets reasonably to be owned, used, or in the possession of the Company, of every kind whatsoever and wheresoever located, including but not limited to furniture, books, papers, computers, data processing records, evidence of debt, bank accounts, savings accounts, brokerage accounts, certificates of deposit, and stocks, bonds, debentures and other securities;

(e) terminate employees;

(f) terminate all employee benefit programs and provide for their proper disposition;

(g)     liquidate corporate assets and distribute proceeds to creditors as required and the remainder to Transferor; provided, however, Transferor may not receive or participate in any legal fees relating to his own efforts or those of other attorneys except for services performed prior to the Effective Date and may not participate under any circumstances in any legal fees earned from the efforts of any attorney undertaken after the Effective Date; and

(h)     cause Corporation to maintain professional liability insurance coverage or report endorsement coverage insurance for a period of time not less than the applicable statute of limitations for any legal services provided by Corporation or any of its current, former or retired individual attorneys.

**4.2.   Use of Name.** Pending the dissolution of the Corporation, Transferor authorizes Transferee to continue to use the name of Transferor pursuant to Rule 1.17 of the Ohio Rules of Professional Conduct. However, any specific reference to Transferor shall identify Transferor as "Retired."

**4.3.   Dissolution of the Corporation.** Upon conclusion of the winding up of the Corporation's operations, Transferee shall dissolve the Corporation pursuant to Sections 1701.86 and 1701.87 of the Ohio Revised Code.

**Section 5.   Indemnification By The Corporation.**

**5.1.   General Indemnification.** The Corporation shall defend, indemnify and hold Transferor harmless from and against any and all claims, litigation, liabilities, and obligations of every kind and description, contingent or otherwise, arising from or relative to (a) the business, operation or ownership of the Corporation, irrespective of when asserted; and (b) any and all actions, suits, proceedings, damages, assessments, judgments, costs and expenses (including reasonable attorneys' fees), related to any of the foregoing.

**5.2.   Davis Litigation.** In the case Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Allen L. Davis, U.S. District Court, Southern District of Ohio Case No. 1:11-cv-00851, the Defendant has sought to join Transferor as an individual defendant. The Corporation shall continue to oppose joinder of Transferor as a defendant in such case and, if joinder of Transferor is nonetheless granted, shall indemnify and hold Transferor harmless of any claims asserted in such action.

**Section 6.   Successors and Assigns.** Transferor may not assign this Agreement. Except as otherwise expressly provided in this Agreement, the terms and provisions of this Agreement shall bind the heirs and executors of Transferor; provided, however, Transferor reserves the right to amend this Agreement, including substituting a new trustee, provided the shares in the Corporation, if not dissolved, are held by an attorney in good standing licensed to practice in the State of Ohio.

**Section 7.   Controlling Law.** The various provisions of this Agreement shall be construed under, and the respective rights and obligations of the Parties shall be determined with reference to, the laws of the State of Ohio.

**Section 8.**     **Captions.**  The captions of the several Sections of this Agreement are for reference purposes only, and do not constitute a part hereof. Such captions shall be ignored in construing this Agreement.

**Section 9.**     **Counterparts.**  This Agreement may be executed in several counterparts, each of which shall be deemed to be a duplicate original, and all of which together shall constitute one and the same instrument, which shall be binding upon all the Parties hereto, notwithstanding the fact that all Parties did not sign the same counterpart. This provision shall also apply to any and all amendments or modifications to this Agreement.

**Section 10.**    **Compliance With Applicable Law.**  It is expressly understood that the terms and conditions of this Agreement are subject to all applicable statutory provisions, ethical rules, case law, and advisory opinions relating to the subject matter of this Agreement (the "Applicable Law"). In the event an issue arises as to the propriety of any provision or condition of this Agreement, the Parties shall meet and amend this Agreement as necessary to ensure full compliance with the Applicable Law.

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective on the date set forth above.

_____            _____
Stanley M. Chesley                                        Thomas R. Rehme


Waite, Schneider, Bayless & Chesley Co. L.P.A.

By: _Thomas F Rehme, Pres_ _– Secty_

Its: _____

949-001:435197v.2

## WAIVER OF THE NOTICE OF ANNUAL MEETING OF THE BOARD OF DIRECTORS OF WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

I, the undersigned, being the only Director of Waite, Schneider, Bay less & Chesley Co., L.P.A., do hereby waive the notice required by law of the time and place of holding the Annual Meeting of the Board of Directors of said corporation, for the purpose of electing officers, and for the transaction of any and all other business pertaining to the affairs of the corporation, which meeting I do hereby agree shall be held at 1:30 p.m. on the 15th day of April, 2013 at 1513 Fourth and Vine Tower, Cincinnati, Ohio  45202, for said purposed, and for the transaction of any other business which may come before such meeting.

Dated this 15th day of April, 2013.

_____
THOMAS F. REHME, PRESIDENT

WAIVER OF THE NOTICE OF ANNUAL
MEETING OF THE SHAREHOLDERS OF
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

I, the undersigned, being the only voting shareholder of Waite, Schneider, Bayless & Chesley Co., L.P.A., do hereby waive the notice required by law of the time and place of holding of the Annual Meeting of Shareholders of said corporation, for the purpose of electing a Board of Directors and other business, which meeting I do hereby agree shall be held at 1:00 p.m. on the 15th day of April, 2013 at 1513 Fourth and Vine Tower, Cincinnati, Ohio, for said purpose, and for the transaction of any other business which shall com e before the meeting.

Dated this 15th day of April, 2013.

| **Number of Shares** | **Shareholder** |
|---|---|
| 250 | *[signature]* THOMAS F. REHME |