

Fredric J. Robbins[1]
James M. Kelly
Mark C. Patterson[2]
Jack L. Tucker[2]
Thomas M. Gaier
Daniel J. Temming[3]
William D. Sherman
Barry A. Spaeth
Michael A. Galasso[2,3]
Richard O. Hamilton, Jr.[2]
Jarrod M. Mohler
Michael R. Yeazell
Mary M. Sherman[2]
Joseph C. Robbins
Jacob G. Samad[2]

**ROBBINS KELLY PATTERSON TUCKER**
A Legal Professional Association

Elizabeth S. DeHaan
Esther M. Norton
Stephen M. Sager
Dennis P. Deters
Robert M. Ernst
[1] Also Admitted in Florida
[2] Also Admitted in Kentucky
[3] Also Admitted in Indiana

7 West Seventh Street  Suite 1400  Cincinnati, Ohio 45202-2417
Telephone 513.721.3330  Fax 513.721.5001

Mason Office:  315 West Main Street  Mason, Ohio 45040

www.rkpt.com

October 25, 2016

*mgalasso@rkpt.com*

**VIA EMAIL *brian.sullivan@dinsmore.com***
**AND REGULAR U.S. MAIL**

Brian S. Sullivan, Esq.
Dinsmore & Shohl
255 E. Fifth Street, Suite 1900
Cincinnati, OH  45202

Dear Mr. Sullivan:

RE:   *In the Matter of Waite, Schneider, Bayless & Chesley Co., L.P.A.*
       Hamilton County Probate Court Case No. 2016003659
       RKPT File No. L3708 0001

As you know, our firm represents Eric W. Goering as Assignee of Waite, Schneider, Bayless & Chesley Co., LPA in connection with the above-referenced case. Your office has taken the position in correspondence to us that the Assignee is enjoined by a Temporary Restraining Order issued in the *McGirr* case to which neither he nor the Hamilton County Probate Court are a party. While we had hoped to have some clarity on the issue of the TRO, it has been extended twice at your request. As a result of your position on the TRO, the Assignee has withheld taking certain actions to preserve the assets and reduce the expenses of the law firm. One of the items is the provision of information to class counsel in the Rocky Flats Litigation that is due by November 1, 2016, as well as incurring expenses to preserve that asset.

Please be advised that your position on the TRO has impaired the ability to preserve this asset, as well as other assets, and may result in a complete loss of the asset. Such a loss may be in the range of $20,000,000 with respect to the Rocky Flats Litigation alone.

Please be further advised that the Assignee may have now, or may assert in the future, potential claims in his capacity as Assignee in the above-captioned case against your clients and their counsel as a result of any loss sustained in connection with impeding the Assignment for the Benefit of Creditors proceeding. As a result, we would remind of your

02650807-1

October 25, 2016
Page 2 of 2

duty to preserve evidence, including electronically stored information, in connection with anticipated litigation and would advise that you implement a litigation hold with notice to the appropriate parties/custodians.

I think it would be beneficial for all parties, and particularly the creditors of the law firm, to confer in an effort to take such actions as necessary to preserve the assets and reduce the expenses of the law firm. To this end, it is my suggestion that we meet as quickly as possible to determine whether there is any agreement that can be reached, even if on an interim basis. Mr. Goering can make himself available any time this week. Your prompt response is appreciated.

Sincerely,

Michael A. Galasso

MAG:rdb

02650807-1