# Exhibit J



*A federal judge authorized this notice program for*
***Cook et al. v. Rockwell International Corp. and The Dow Chemical Company**, Civil Action No. 90-00181-JLK (D. Colo.).*

You may already know about that a proposed settlement has been reached in the historic $375 Million dollar Rock Flats property damage class action lawsuit.

As the Court appointed notice administrator, we are sending this letter to you so that you can **share the enclosed information** with those who may have been affected by, or may be interested in this settlement.

The enclosed information describes the lawsuit, and how affected individual's right may be affected, so please carefully read the Notice included with this letter.  The Notice describes the options of the class members, including the option to stay in the class and get the settlement benefits but be bound by the decisions of the Court, favorable or not, or to opt out, get nothing from a settlement, but keep the right to pursue their own lawsuit.  Your help to further distribute information concerning this proposed Settlement is greatly appreciated.   If you need additional packets, we are happy to provide them. All of the information provided within the packets is also available for download from the settlement website below.

**For more information, or to request additional packets contact:**

**<u>www.rockyflatssettlement.com</u>**

**Heffler Claims Group LLC
P.O. Box 58459
Philadelphia, PA 19102-8459
1-844-528-0187**

Sincerely,

Heffler Claims Group, LLC
Settlement and Claims Administrator

# Did you own property near and downwind from the former Rocky Flats Nuclear Weapons Plant (in Jefferson County, northwest of Denver, Colorado) on June 7, 1989?

## Are you an heir of someone who did?

## If so, you could get money from a proposed $375 million class action settlement.

A $375 million Settlement has been proposed in a lawsuit against the former operators of the Rocky Flats Nuclear Weapons Plant. The lawsuit claims that Rockwell International Corp. and The Dow Chemical Co. caused the properties owned by the Class Representatives and the other class members in the Property Class Area (see map at www.RockyFlatsSettlement.com) to be contaminated with plutonium, a hazardous radioactive substance, which caused the properties' values to be less than they otherwise would have been and which substantially interfered with Class members' use and enjoyment of their property. The case is Cook et al. v. Rockwell International Corp. and The Dow Chemical Co., Civil Action No. 90-00181-JLK (D. Colo.). The parties have agreed to settle to avoid additional delay and uncertainty in a case that already is over 26 years old but, before any money is paid, the proposed settlement must be approved by the Court.

## Who is a Class Member?

The Property Class (or "Class") includes all persons and entities that owned an interest (other than mortgagee and other security interests) in real property within the Property Class Area **as of June 7, 1989 (one day after a famous FBI raid of the plant site)**. If you are an heir of someone (or the successor of an entity) who owned property as of June 7, 1989 in the Property Class Area, you may also file a claim.

## What Does the Settlement Provide?

Defendants will pay $375 million (the "Settlement Fund") to pay Class members and to pay attorneys' fees (not to exceed 40% of the Settlement Fund) and costs and expenses. Also, Class Counsel will ask for service awards totaling $780,000 to the Class Representatives for their efforts during over 26 years of litigation. Additionally, the Settlement Fund will pay for the cost of Notice and settlement administration. The remainder (the "Net Settlement Fund") will be divided among Class members.

## What are my options?

To get a share of the Net Settlement Fund, you must file a claim by June 1, 2017. Payments will be calculated as a percentage of the Net Settlement Fund based on the value of the property owned and located within the Class Area as of June 7, 1989. You may opt out of the Class and Settlement by March 1, 2017. If you opt out you will **not receive any money** if the Settlement is approved, but you retain your right to pursue your own lawsuit with your own lawyer. Your own lawyer can advise you about whether your claims may be barred by the statute of limitations. If you do not opt out, you can object to any part of the Settlement on or before March 1, 2017. If you do not opt out, you will remain in the Class and be bound by the terms of the Settlement.

A public hearing will be held on April 28, 2017 at 11 a.m. MDT, in Courtroom A802 at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. The Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. If the hearing time/date changes, it will be posted at www.RockyFlatsSettlement.com. After the hearing, the Court will decide whether to approve the Settlement. You or your attorney may attend the hearing at your own expense, but you don't have to.

**This is a summary only. For more information, including a longer Notice, the Settlement, the claim form, the proposed Plan of Allocation, and a list of important deadlines, visit www.RockyFlatsSettlement.com or call 1-844-528-0187.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

# Did you own property near and downwind from the former Rocky Flats Nuclear Weapons Plant (in Jefferson County, northwest of Denver, Colorado) on June 7, 1989?
## Are you an heir of someone who did?
## Are you the successor of an entity that did?

## If so, you could get money from a proposed $375 million class action settlement.

### Rocky Flats Property Class Area



*This Notice is being provided by Order of a U.S. District Court.*
*It is not a solicitation from a lawyer.  You are not being sued.*

A $375 million Settlement has been proposed in a lawsuit against the former operators of the Rocky Flats Nuclear Weapons Plant.   The lawsuit, filed in 1990, claims that Rockwell International Corp. ("Rockwell") and The Dow Chemical Co. ("Dow") caused the properties owned by the Class Representatives and the other Class Members in the Property Class Area (see map above) to be contaminated with plutonium, a hazardous radioactive substance, which caused the properties' values to be less than they otherwise would have been and which substantially interfered with Class Members' use and enjoyment of their property.  Defendants deny Plaintiffs' claims in general and specifically deny that they caused harm to the properties owned by Class Representatives and the other Class Members, deny that Defendants substantially interfered with the use and enjoyment of property, and deny that the properties experienced a diminution in value.  The case is known as *Cook et al. v. Rockwell International Corporation and The Dow Chemical Company*, Civil Action No. 90-00181-JLK (D. Colo.).

The parties have agreed to settle to avoid additional delay and uncertainty in a case that already is over 26 years old.  But, before any money is paid, the proposed Settlement must be approved by the Court.

## Who is a Class Member?

The Property Class (or "Class") includes all persons and entities that owned an interest (other than mortgagee and other security interests) in real property within the Property Class Area **as of June 7, 1989 (one day after a famous FBI raid of the plant site)**. If you are an heir of someone who owned property as of June 7, 1989 in the Property Class Area, or are the successor in interest to an entity which owned property as of June 7, 1989 in the Property Class Area, you may also file a claim.  **Only** people or entities who owned property in the Property Class Area **on June 7, 1989**, or heirs or successors to people or entities who owned property in the Property Class Area **on June 7, 1989** are members of the Property Class. Those who sold their property before June 7, 1989 or who purchased property only after June 7, 1989 are **not** Class Members. Mortgagees (like banks) and owners of other security interests are **not** members of the Class.

*Note that you may have received this Notice by mail in error – simply receiving this Notice does **not** mean you are definitely a Class Member.  You should confirm that you are a Class Member before submitting the attached Claim Form.  See Question 8, below.*

**Background**

You may have already received a mailed notice in 1999 alerting you to this class action lawsuit (the "lawsuit").  The lawsuit claims that Dow and Rockwell, the two companies that operated Rocky Flats from 1952 through 1989, released radioactive hazardous substances into the surrounding area.  Dow operated Rocky Flats from 1952 until June 30, 1975.  Rockwell operated Rocky Flats from June 30, 1975 until December 31, 1989.  Plaintiffs Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk (the "Class Representatives" or "Plaintiffs") brought this lawsuit against Dow and Rockwell.  (Delores Schierkolk is now deceased; Mr. Schierolk is her heir and representative.)  Dow and Rockwell are, collectively, called "Defendants."

# The purpose of this notice is to inform you that:

- A proposed Settlement has been reached with Defendants.

- The Court has certified a settlement Class and preliminarily approved the proposed Settlement.

- The Court has scheduled a hearing on final approval of the Settlement, the plan for allocating the Net Settlement Fund (described in response to Question 12), and on Plaintiffs' application for payment of attorneys' fees and reimbursement of costs and expenses, and for service awards to the Class Representatives.  That hearing, before United States District Judge John L. Kane has been scheduled for April 28, 2017 at 11 a.m. MDT at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Courtroom A802, Denver, CO 80294-3589.  This hearing is open to the public.  The date and time of the hearing may be changed without further notice, but any changed date of the hearing will be posted at www.RockyFlatsSettlement.com.  Please check that website for updates.

- This Notice contains summary information regarding the Settlement, which is dated May 18, 2016.  The Settlement Agreement is available through the methods listed in response to Questions 10 and 25 below, including at www.RockyFlatsSettlement.com.

- This Notice also contains a Claim Form.  If you are a member of the Class, you must complete and return the Claim form by **June 1, 2017** in order to receive a share of the Settlement.

# Your legal rights <u>will</u> be affected whether you take action, or not.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT<br>*Please read this notice carefully* | |
| --- | --- |
| **Stay in the Class and Submit a Claim Form**<br><br>*** The only way to receive a payment is to stay in the Class and submit a claim form* | If you do nothing, you will remain in the Class. You may choose to participate in the Settlement by filling out and returning the enclosed claim form no later than June 1, 2017.  The portion, if any, of the Settlement Fund to be allocated to you will be calculated on a *pro rata* basis based on the assessed value of the property you owned (or are the heir from the owner or successor to the entity which owned the property) as of June 7, 1989 located within the Property Class Area.  To receive your share, you will need to sign and return the claim form as directed.  If you remain in the Class, all the Court's rulings will apply to you and you may not file your own lawsuit about the conduct at issue in this case. |
| **Stay in the Class but Object to the Settlement** | If you wish to remain in the Class, but you object to the Settlement, or some part of it, you may (as discussed below) submit a written objection to the Court and counsel by March 1, 2017 about why you object to the Settlement.  You may still submit a claim form and must do so no later than June 1, 2017 if you wish to share in the Settlement Fund.  In other words, you can submit a claim form and object.  If you remain in the Class, all the Court's prior rulings will apply to you and you may not file your own lawsuit about the conduct at issue in this case. |
| **Exclude Yourself from the Class and the Settlement**<br><br>*** If you Opt Out you will NOT get a payment* | You may choose to exclude yourself (i.e., "opt out") from the Class.  If you opt out, you will **not** be eligible to share in the Settlement Fund.  If you opt out, in order to recover, you must obtain your own counsel and determine whether to bring your own lawsuit.  Your own counsel can advise you about whether any of the Court's prior orders in this case will have any effect on you, and whether your claims may be barred by the statute of limitations (in other words, whether it may be too late to sue).  If you decide to exclude yourself, you must do so by March 1, 2017. |
| **Getting More Information** | If you would like to obtain more information about the Settlement, you can send questions to the lawyers identified in this notice. |

| Go To a Hearing | The hearing about the Settlement will be open to the public and you may attend, but you do not have to.  If you have submitted a written objection to the Settlement, you may (but do not have to) attend the Court hearing.  Your objection will be considered whether or not you go to the hearing, but you will only be allowed to speak at the hearing if you file written comments in advance of the hearing. |
|---|---|

# THESE RIGHTS AND OPTIONS
# – AND THE DEADLINES TO EXERCISE THEM –
# ARE EXPLAINED IN THIS NOTICE.

### *The Court in charge of this case still has to decide whether to approve the Settlement.*

| **WHAT THIS NOTICE CONTAINS** |
|---|

**THE PROPERTY CLASS** ...................................................................................7

**SUMMARY OF THE SETTLEMENT**................................................................7

**BASIC INFORMATION** .....................................................................................8
  1.  Why did I receive this notice?
  2.  What is the lawsuit about?
  3.  What is the history of this lawsuit?
  4.  What is a class action?
  5.  Why is this lawsuit a class action?
  6.  Has the Court identified Class Claims, Issues, or Defenses?
  7.  Why is there a Settlement with Dow and Rockwell?

**WHO IS IN THE CLASS AND SETTLEMENT**................................................12
  8.  Am I part of the Class and the Settlement?
  9.  Are governmental entities part of the Class and the Settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU GET**......................................13
  10.  What does the Settlement provide?
  11.  If I participate in the Settlement, am I releasing claims for bodily injury?
  12.  How much will my payment be?
  13.  How can I get payment?
  14.  When would I get my payment?

**THE NET SETTLEMENT FUND – HOW TO PARTICIPATE IN THE SETTLEMENT**.......16
  15.  What do I have to do to receive a share of the Net Settlement Fund?

**EXCLUDING YOURSELF FROM THE CLASS & THE SETTLEMENT**...........17
  16.  Can I get out of the Class and the settlement?
  17.  If I stay in the Class and don't exclude myself, can I sue the Defendants for the same thing later?

**THE LAWYERS REPRESENTING YOU** .........................................................18
  18.  Do I have a lawyer in the case?
  19.  Should I get my own lawyer?
  20.  Do I need to hire a claims processing agent to help me file my claim?

**OBJECTING TO THE SETTLEMENT** .............................................................18
  21.  How do I tell the Court that I don't like the Settlement, or that I object to the payment of attorneys' fees, expenses, and/or service awards from the Settlement Fund?

**THE COURT'S FAIRNESS HEARING** ...........................................................19
  22.  When and where will the Court decide whether to approve the Settlement?
  23.  Do I have to come to the hearing?
  24.  May I speak at the hearing?

**GETTING MORE INFORMATION** ...................................................................20
  25.  Are more details available?

## The Property Class

The following Class, also known as the "Property Class," has been certified for settlement purposes:  The Property Class includes all persons and entities who have not previously opted out or who do not timely opt out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, Defendants, and Defendants' affiliates, parents, and subsidiaries.  The Property Class Area is a geographic area near and downwind from the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed by the map shown above, on page 1 of this notice.  For a more detailed map, visit www.RockyFlatsSettlement.com. In addition, you can check whether a specific property is located in the Property Class Area by going to www.RockyFlatsSettlement.com and entering the address of the property.

You may have a claim if you are a member of the Class because you owned property in the Property Class Area as of **June 7, 1989,** or if you are the heir of someone, or successor in interest to an entity, who owned property in the Property Class Area as of **June 7, 1989**.  If you owned property in the Property Class Area but sold it **before June 7, 1989**, or if you only bought property in the Property Class Area **after June 7, 1989**, you are **not** a Class Member and are **not** eligible to file a claim or participate in the Settlement.

You can contact the Settlement and Claims Administrator, Heffler Claims Group, at 1-844-528-0187 with any questions.

## Summary of the Settlement

Class Representatives entered into a Settlement Agreement with the two Defendants in this lawsuit, Dow and Rockwell.  This Settlement was entered into after more than 26 years of litigation, including a trial that lasted more than four months in 2005-06, two separate appeals in the Tenth Circuit Court of Appeals, and two rounds of briefing in connection with two separate petitions for writs of certiorari seeking review by the United States Supreme Court.  The Settlement provides that Defendants will pay a total of $375 million (the "Settlement Fund"). The Court will determine how much of that amount will be deducted for payment of Class Counsel's attorneys' fees, costs and expenses, and service awards to the Class Representatives. After those deductions and after deductions for administration and notice and related costs, the remainder will be allocated to Class Members who submit timely and valid claims.  The full text of the proposed Settlement, which is dated May 18, 2016, is available for your review at www.RockyFlatsSettlement.com.

Class Counsel, with the input and approval of the Class Representatives, have determined that the Settlement is in the best interests of the Class.  As with any litigated case, Plaintiffs faced additional delay and an uncertain outcome if this case continued.  There was a risk of Supreme Court review and reversal, a risk of future adverse rulings in the district court and/or by the Tenth Circuit Court of Appeals, a risk of years of additional delay in a case that already is 26 years old, and a risk that without this Settlement, Class Members might recover nothing.

# Basic Information

## 1.    Why did I receive this notice?

You received this notice because, according to available records, you may have owned or may be the heir of someone who owned on June 7, 1989 an interest in real property in the Property Class Area near and downwind from the Rocky Flats Environmental Technology Site (formerly known as the Rocky Flats Nuclear Weapons Plant) located in Jefferson County, seventeen miles northwest of Denver, Colorado.  You may have been notified, in 1999, that the Court allowed, or "certified," a class action lawsuit that may affect you.  You are receiving this notice because under the terms of the proposed Settlement, you may have legal rights and options that you may exercise.  Judge John L. Kane of the United States District Court for the District of Colorado is overseeing this class action.  The lawsuit is known as *Cook et al. v. Rockwell International Corporation and The Dow Chemical Company*, Civil Action No. 90-00181-JLK (D. Colo.).

## 2.    What is the lawsuit about?

The lawsuit claims that Dow and Rockwell caused the properties owned by the Class Representatives and the other Class Members to be contaminated with plutonium, a hazardous radioactive substance, which caused the properties' values to be less than they otherwise would have been and which interfered with Class Members' use and enjoyment of their property.  Defendants deny Plaintiffs' claims in general and specifically deny that they have caused harm to the properties owned by Class Representatives and the other Class Members, deny Defendants have interfered with the use and enjoyment of property, and deny that the properties experienced a diminution in value.

## 3.    What is the history of this lawsuit?

This lawsuit started more than 26 years ago, when Plaintiffs filed a complaint on January 30, 1990.  In their complaint, Plaintiffs brought claims under a federal statute known as the Price-Anderson Act and under Colorado state nuisance and trespass law.  Over the next 15 years, the parties engaged in extensive fact discovery, exchanged reports by numerous experts, and engaged in very extensive legal briefing on numerous issues.  Following a trial in the District Court of Colorado, which began in October 2005 and featured 42 live witnesses and over 1,000 exhibits, the jury on February 14, 2006, returned a verdict in favor of the Property Class, finding that Dow and Rockwell caused a reduction in the aggregate value of the Class Properties of $176,850,340.

After the trial, the District Court denied Defendants' motions requesting that the District Court enter judgment in favor of Defendants or order a new trial.  In 2008, the District Court entered final judgment in favor of Plaintiffs on their claims arising under the Price-Anderson Act, and adding interest and punitive damages.

Defendants appealed, and the Tenth Circuit Court of Appeals in 2010 vacated the judgment.  The Tenth Circuit held that the Price-Anderson Act required Plaintiffs to prove additional and more severe harm than would be required under Colorado state nuisance law.  The Tenth Circuit

also held that the District Court's jury instructions relating to Plaintiffs' nuisance claims were correct, but that the District Court's jury instructions relating to Plaintiffs' trespass claims were incorrect. The Tenth Circuit also ruled against any punitive damages and reversed the class certification ruling.

Plaintiffs then filed a petition for a writ of certiorari requesting that the United States Supreme Court review the Tenth Circuit's ruling. The Supreme Court denied Plaintiffs' petition. In other words, the Supreme Court declined to hear an appeal of the Tenth Circuit's ruling.

The lawsuit then returned to the District Court of Colorado. The District Court directed the parties to submit briefs about the issue of whether the federal Price-Anderson Act "preempts" Colorado state law. If a federal law "preempts" state law, it can mean the federal law controls and the state law has no effect. Plaintiffs argued that their claims under Colorado nuisance law were not preempted. Defendants argued the opposite, that such claims were preempted. The District Court ruled in favor of Defendants, finding that Plaintiffs' state law nuisance claims were preempted by the Price-Anderson Act, and that Plaintiffs could not pursue their case other than by trying to recover under the Price-Anderson Act (with the extra requirements imposed by the Tenth Circuit Court of Appeals in their 2010 decision).

Plaintiffs appealed the District Court's ruling to the Tenth Circuit Court of Appeals, the second appeal in this lawsuit. In June 2015, the Tenth Circuit Court of Appeals reversed the District Court's ruling, and ruled that Plaintiffs' Colorado state law nuisance claims were not preempted by the Price-Anderson Act. The Tenth Circuit ordered that the District Court enter judgment in favor of Plaintiffs on Plaintiffs' nuisance claims after resolving other outstanding issues. Among the other issues was class certification, because the Tenth Circuit in 2010 had reversed the District Court's ruling that this litigation could proceed as a class action.

Following the ruling by the Tenth Circuit Court of Appeals in 2015, Plaintiffs filed a motion in the District Court requesting that the District Court re-certify the Class and enter judgment in favor of Plaintiffs and the Class. Defendants filed briefs in the District Court opposing Plaintiffs' motions and asking the District Court to find that Plaintiffs' nuisance claims were still preempted because Plaintiffs at the trial in 2005-06 had not proven that the amount of plutonium released from Rocky Flats was above certain alleged federal standards Defendants claimed applied. Defendants also filed a petition for a writ of certiorari requesting that the United States Supreme Court review the Tenth Circuit's second, 2015 ruling (that Plaintiffs' Colorado state law nuisance claims were not preempted by the Price-Anderson Act). Plaintiffs filed a response (1) asking the Supreme Court to deny Defendants' petition; and (2) asking the Supreme Court, if it decided to review the 2015 decision by the Tenth Circuit, to also review the 2010 decision by the Tenth Circuit. The Defendants replied, asking the Supreme Court to review only the 2015 decision.

The parties also engaged in settlement discussions, with the help of a mediator (a former federal judge), and eventually reached a settlement in this case after very extensive discussions over seven months. The parties reached this settlement before the District Court issued a ruling on the pending motions for judgment, class certification, and preemption, and before the Supreme Court issued a ruling on the petitions requesting that the Supreme Court review the Tenth Circuit's rulings. The settlement was reached more than 26 years after this lawsuit started in 1990, and more than 10 years after the four-month trial ended in 2006.

**4.      What is a class action?**

In a class action lawsuit, one or more persons or entities (called "plaintiffs" or "class representatives") sues on behalf of others who have similar claims.  Together, they are typically called a "class" or "class members."  Accordingly, people or entities who owned property in the Property Class Area on June 7, 1989 are members of the Class.  The individuals that brought the Class Action on behalf of the Class are called the Class Representatives.  The companies that were sued by the Class Representatives are called the Defendants.  In this case, the Defendants are Dow and Rockwell.

**5.      Why is this lawsuit a class action?**

In this case, the Class Representatives are Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk. (Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.)

The Class Representatives and the persons and entities on whose behalf they have sued together constitute the "Class" or "Class Members."  They are also called the "Plaintiffs."  Their attorneys are called "Plaintiffs' Counsel" or "Class Counsel."

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who exclude themselves from the class.  The Court, by order dated May 19, 2016, certified a Class in this case for purposes of settlement.  A copy of the Court's order, along with other materials related to this lawsuit, may be found at www.RockyFlatsSettlement.com.

The Court determined that, for purposes of settlement, this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court has found that, for purposes of settlement:

- The Class is so numerous that joinder of all members is impracticable;

- There are factual and legal questions that are common to the members of the Class;

- The claims of the Class Representatives are typical of the claims of the Class;

- The Class Representatives, and the lawyers representing the Class, have represented and will continue to fairly and adequately represent the interests of the members of the Class;

- The common facts or legal questions predominate over any questions that may affect only individual members of the Class; and

- This class action is more efficient than having many individual lawsuits.

**6.      Has the Court identified Class Claims, Issues, or Defenses?**

The Court has identified the following classwide issues:

- Whether a threat of future harm can constitute an actionable nuisance under Colorado law;

- Whether a current human health risk can constitute an actionable nuisance under Colorado law;

- Whether Dow interfered with Class Members' use and enjoyment of their properties in the Class Area in one or both of these ways: (i) by causing Class Members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure; and/or (ii) by causing objective conditions that pose a demonstrable risk of future harm to the Class Area;

- Whether Dow's interference with Class Members' use and enjoyment of their properties was both ''unreasonable'' and "substantial";

- Whether the activity or activities causing the unreasonable and substantial interference by Dow were either "intentional" or "negligent";

- Whether Rockwell interfered with Class Members' use and enjoyment of their properties in the Class Area in one or both of these ways: (i) by causing Class Members to be exposed to plutonium and placing them at some increased risk of health problems as a result of this exposure; and/or (ii) by causing objective conditions that pose a demonstrable risk of future harm to the Class Area;

- Whether Rockwell's interference with Class Members' use and enjoyment of their properties was both ''unreasonable'' and "substantial";

- Whether the activity or activities causing the unreasonable and substantial interference by Rockwell were either "intentional" or "negligent";

- Whether the actual value of the properties in the Class Area was less than the value of these properties would have had but for the nuisance committed by Dow and Rockwell;

- What percentage of the combined nuisance was caused by Dow and what percentage was caused by Rockwell; and

- With regard to Dow and Rockwell's affirmative defense of setoff, whether Dow and Rockwell proved that their nuisance caused a diminution in the value of properties in the Class Area in one or more specific time periods before June 7, 1989.

## 7.    Why is there a Settlement with Dow and Rockwell?

By settling, Class Representatives and Defendants avoided the risks, delay and costs of continued litigation.  The Class Representatives and Class Counsel believe that the proposed Settlement is fair, adequate, reasonable, and in the best interests of the Class.  Without this proposed Settlement, there was a risk of years of more delay, and a risk that Class Members would never recover anything, depending on how the Supreme Court and/or the District Court might rule on the motions pending before those courts, and depending on what might occur after any such rulings in the future.  If the Supreme Court, for example, agreed to review the case, the result could have been that Plaintiffs' claims were preempted and so Class Members would recover nothing.  Even if the Supreme Court ruled for Plaintiffs, the District Court could have ruled against class certification or ruled that Plaintiffs' claims were preempted by federal standards.  Or, if the District Court ruled in favor of Plaintiffs and Defendants appealed, the

11

Tenth Circuit might disagree in the third appeal in this case, and the losing side likely would have sought review yet again by the Supreme Court years from now.  In short, there was risk of not recovering anything, and risk of years more delay.  The proposed Settlement guarantees a significant recovery for the Class.

# Who is in the Class and Settlement

To see if you are in the Class that is settling with Defendants Dow and Rockwell, you first have to determine whether you are a Class Member.

## 8.    Am I part of the Class and the Settlement?

The Property Class includes all persons and entities who have not previously opted out or who do not timely opt out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, Defendants, and Defendants' affiliates, parents, and subsidiaries.  The Property Class Area is a geographic area near and downwind from the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map that appears above.   A more detailed map is available at www.RockyFlatsSettlement.com.   In addition, you can check whether a specific property is located in the Property Class Area by going to www.RockyFlatsSettlement.com and entering the address of the property.

Even if you did not own property as of June 7, 1989 within the Property Class Area, you still may file a claim if you are an heir or successor in interest to someone or some entity who owned property as of June 7, 1989 in the Property Class Area.

**Please note:   Only** people or entities who owned property in the Property Class Area, or heirs or successors to people or entities who owned property in the Property Class Area **on June 7, 1989** are members of the Property Class. Those who sold their property **before June 7, 1989** or who purchased property only **after June 7, 1989** are **not** Class Members and are **not** eligible to participate in the Settlement.

Prior notice of this lawsuit was mailed on or about November 15, 1999.  If you are not sure whether you are included, you may call or write to the Settlement and Claims Administrator or Class Counsel at the telephone numbers or addresses listed in Questions 15 and 18 below.

Again, note that you may have received this Notice by mail in error – simply receiving this Notice does **not** mean you are definitely a Class Member.

## 9.    Are governmental entities part of the Class and the Settlement?

Governmental entities are not part of the Class.  As set forth above, the Class does not include governmental entities, Defendants, and Defendants' affiliates, parents, and subsidiaries.

In order to issue the best notice practicable, this Notice is being mailed to governmental entities located in the Property Class Area so that the governmental entities may notify their constituents about this Settlement.

# The Settlement Benefits – What You Get

## 10.    What does the Settlement provide?

The Settlement provides that $375 million will be paid into a Settlement Fund, to be held in an escrow account, for the benefit of the Class.  This money will be paid into the Settlement Fund on or before July 28, 2017.  Class Counsel will apply to the Court for an award of attorneys' fees not to exceed 40% of the Settlement Fund (including a proportionate share of any interest earned on the Settlement Fund) and reimbursement of previously incurred costs and expenses, service awards to each of the Class Representatives of $130,000-$260,000 (not to exceed a total of $780,000) for their efforts during nearly 27 years of litigation for the Class, and payment for costs of notice and administering the Settlement from the fund.  The remainder (the "Net Settlement Fund") will be divided among Class Members.

In exchange, the litigation between Plaintiffs and the Class and Defendants will be dismissed with prejudice, and Defendants Dow and Rockwell will be released by the Class from certain claims.  Again, the full text of the Settlement Agreement is available at www.RockyFlatsSettlement.com.

Generally, the Class Representatives and the Class Members will release Defendants and any past, present and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, indemnitors (including the United States Department of Energy or "DOE"), general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part, in law or equity, that the Plaintiffs and Settlement Class Members (including any of their past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (collectively the "Releasors") ever had, now have or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of or relating in any way to the Released Parties' conduct in connection with Rocky Flats, including without limitation any claim that was alleged or could have been alleged in this suit (the "Released Claims"), *except that* the Settlement Class Members and the Plaintiffs do not release claims for actual bodily injury, nor claims unrelated to the allegations in the complaint such as pension, or product liability or contract claims or claims of former Rocky Flats workers under Workman's Compensation or similar laws or regulations.  Releasors also covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims, regardless of whether or not any Releasors objected to the Settlement.

The costs and expenses related to this lawsuit as discussed above will be paid solely out of the proceeds of the Settlement Fund.  Class Counsel plan to ask the court for service awards of $260,000 for Merilyn Cook, $260,000 total for Richard and Sally Bartlett, and $260,000 for

13

William and Delores Schierkolk (or $780,000 total for all the Class Representatives), to compensate them for their participation in, and prosecution of, this case on behalf of the Class, which has included, among other things, production of documents, providing written discovery responses, appearing for depositions, appearing and testifying at trial, and regular communication with Class Counsel for nearly 27 years.  Class Counsel will file their application for the payment and reimbursement of expenses and costs, for an award of attorneys' fees not to exceed 40% of $375 million (including a proportionate share of any interest earned on the Settlement Fund), and for service awards for the Class Representatives with the Clerk of the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294-3589 on or before January 12, 2017.  Class Counsel will post their application on www.RockyFlatsSettlement.com shortly after filing.

This is only a summary of the proposed Settlement and is qualified in its entirety by the terms of the actual Settlement Agreement.  A copy of the Settlement Agreement, which includes the releases, is on public file with the United States District Court for the District of Colorado at the above address during normal business hours and is also available for viewing at the following website:  www.RockyFlatsSettlement.com.

The Court has scheduled a public Fairness Hearing for April 28, 2017 at 11 a.m. MDT in order to determine whether to finally approve the following: the proposed Settlement, Plaintiffs' request for payment of attorneys' fees, reimbursement of expenses and costs, Class Representative service awards, and the proposed Plan of Allocation that will be followed to distribute the Net Settlement Fund to Class Members, following payment of attorneys' fees, reimbursement of expenses, fees, costs, and taxes, and any service awards for the Class Representatives, as described in above.  See Question 22.

## 11.    If I participate in the Settlement, am I releasing claims for bodily injury?

No.  Settlement Class Members and the Plaintiffs do not release claims for actual bodily injury, nor claims unrelated to the allegations in the complaint such as pension, or product liability or contract claims or claims of former Rocky Flats workers under Workman's Compensation or similar laws or regulations.  What this means is that, if you believe you have gotten cancer, for example, from exposure to plutonium from Rocky Flats, you are not giving up the right to sue over that, just by filing a claim as part of this settlement.  If you are a Class Member and file a timely and valid claim as part of this settlement, you can still decide to sue if you have cancer or develop cancer or have suffered other bodily injury.  You would need to consult your own lawyer about any such potential lawsuit, including about whether your claims may be barred by the statute of limitations (in other words, whether it may be too late to sue).  Plaintiffs and Class Counsel are not suggesting that you may or do have any claims for bodily injury, nor expressing any opinion about the likelihood of success if you decide to pursue such claims – again, you would need to consult your own lawyer about any such potential lawsuit.

## 12.    How much will my payment be?

Each Class Member's proportionate, *pro rata*, recovery will be determined by using a Court-approved Plan of Allocation.  The proposed Plan of Allocation of the Settlement Fund is available at www.RockyFlatsSettlement.com.  Under the proposed Plan of Allocation, your share

of the Net Settlement Fund will depend on the assessed value of the property you owned on June 7, 1989 (or the property for which you may file a claim because you are an heir of someone who owned property in the Class Area on June 7, 1989 or you are the successor to an entity that did) and the value of the other properties owned by Class Members. Those Class Members who owned properties in the Class Area on June 7, 1989 that were more valuable as of June 7, 1989 will receive more than those who owned properties that were less valuable as of June 7, 1989. The value of the property today does not matter: your share of the Net Settlement Fund depends on the value of the property as of June 7, 1989.

After deductions for attorneys' fees, costs and expenses, service awards, and administration and notice and related costs as determined by the Court, the Net Settlement Fund will then be divided into three parts, or "buckets," according to the type of property: residential, commercial (in other words, non-residential), or vacant. 81.537% of the Net Settlement Fund will go in the residential property bucket; 3.196% in the commercial (non-residential) bucket; and 15.267% in the vacant land buck. To illustrate, if the Net Settlement Fund were $100, then about $81.54 would go in the residential property bucket; about $3.20 in the commercial (non-residential) bucket; and about $15.27 in the vacant land bucket. These percentages are based on the numbers of different types of properties and the findings of the jury at the trial held in 2005-06.

Class Members will then share in the bucket they belong to. So, owners (or their heirs or successors) of residential properties located in the Property Class Area as of June 7, 1989 will receive a *pro rata* share of 81.537% of the Net Settlement Fund. Owners (or their heirs or successors) of land that was assessed as commercial property as of June 7, 1989 and located in the Property Class Area will receive a *pro rata* share of 3.196% of the Net Settlement Fund. Retail and industrial property is assessed as "commercial." Owners (or their heirs or successors) of land that was vacant as of June 7, 1989 and located in the Property Class Area will receive a *pro rata* share of 15.267% of the Net Settlement Fund. Most of the properties in the Property Class Area as of June 7, 1989 were residential properties. You can share in more than one bucket if you owned more than one type of property in the Property Class Area as of June 7, 1989 (or if you are the heir of someone or successor to an entity who owned more than one type of property in the Property Class Area as of June 7, 1989; or you owned one type, and are the heir of someone or successor to an entity who owned another type, etc.).

These calculations will be done using property and appraisal data obtained by the Settlement and Claims Administrator from the Jefferson County Colorado Assessor's Office, Property Records Division in connection with administration of this Settlement. The information obtained from Jefferson County relates to property assessments completed by the County in April 1989, which is closest in time to June 7, 1989, along with property code type data from 1992, the earliest date on which such property type data is available. In addition, the Settlement and Claims Administrator will, if necessary, obtain similar data from Broomfield County Colorado Assessor's Office, Property Records Division. It is anticipated that after the first distribution of settlement proceeds there will be unclaimed or residual funds, and that a second distribution will be needed. Class Counsel anticipate that in any such second or subsequent distribution, subject to Court approval, the properties closest to the former Rocky Flats plant will be given an extra weighting and so will receive a relatively larger share of any such subsequent distribution. If there are residual funds after distribution(s) that cannot be economically distributed to the Class (because of the costs of distribution as compared to the amount remaining), Class Counsel may seek Court approval for such sums to be used to make *cy pres* payments for the benefit of

15

members of the Class.  What this means is that, subject to Court approval, the remaining money may be used, for example, to make a donation to a group or groups whose interests are aligned with Class Members or otherwise as directed by the Court.

Money from the Net Settlement Fund will only be distributed to Class Members if the Court grants final approval of the Settlement.  If there is an appeal, that will delay any distribution.

## 13.    How can I get a payment?

Enclosed is a Claim Form, which you must fill out and return by June 1, 2017 to request a *pro rata* share of the Net Settlement Fund.  You are asked to verify the accuracy of the information in the Claim Form, and to sign and return the form according to the directions in the Claim Form, which includes a release of claims against Defendants as set forth in Question 10 above.

## 14.    When would I get my payment?

Payment from the Net Settlement Fund is conditioned on several matters, including the Court's approval of the Settlement and such approval being final and no longer subject to any appeals to any court.  Upon satisfaction of various conditions, the Net Settlement Fund will be allocated to Class Members on a *pro rata* basis pursuant to the Plan of Allocation as soon as possible after final approval has been obtained for the Settlement.  If there is an appeal of the final approval, that appeal could take several years.  Any accrued interest on the Net Settlement Fund will be included, *pro rata*, in the amount paid to Class Members.  The Settlement Agreement also may be terminated, or cancelled, for various reasons, including if more than a certain number of Class Members opt out of the Class and settlement.  Should the Settlement be terminated, the lawsuit against Dow and Rockwell will proceed as if the Settlement had not been reached.

## The Net Settlement Fund – How to Participate in the Settlement

## 15.    What do I have to do to receive a share of the Net Settlement Fund?

If you are a member of the Class because you owned property in the Property Class Area on June 7, 1989 (or are the heir of someone who owned property in the Property Class Area on June 7, 1989 or are the successor in interest to an entity that did), you need to complete and return the enclosed Claim Form on or before June 1, 2017 in order to participate in the Settlement and receive a share of the Net Settlement Fund.  A copy of the Claim form is available at www.RockyFlatsSettlement.com.  Please be sure to accurately complete the entire Claim Form and include any necessary paperwork or documentation.  If you have questions about the Claim Form, you can contact the Settlement and Claims Administrator at the following address and phone number:

Heffler Claims Group
P.O. Box 58459
Philadelphia, PA 19102-8459
1-844-528-0187

*Settlement and Claims Administrator for the Settlement*

## Excluding Yourself From the Class & the Settlement

### 16.    Can I get out of the Class and the settlement?

Yes.  If you do not wish to share in the Settlement and do not wish to stay in the Class, you can exclude yourself from the Class (this is called "opting out" of the Class) on or before March 1, 2017.  To exclude yourself, you must send a letter via first class U.S. mail saying that you want to exclude yourself from the Class Action in *Cook et al. v. Rockwell International Corporation and The Dow Chemical Company*, Civil Action No. 90-00181-JLK (D. Colo.).  Be sure to include your name, address, address of the property you (or your heir) owned on June 7, 1989, telephone number, and your signature.  Mail the exclusion to the Settlement and Claims Administrator at the address listed in Question 15 above.  Your letter requesting exclusion must be postmarked no later than March 1, 2017.  **If you exclude yourself from the Class, you will not be able to recover anything from this proposed Settlement.**  You should contact your own lawyer about whether you may be able to sue (or continue to sue) Defendants in the future about the legal issues in this case, whether your claims may be barred by the statute of limitations, and about any potential effects the Court's prior rulings may or may not have on you.  If you exclude yourself from the Class so that you can start, or continue, your own lawsuit against the Defendants, you should talk to your own lawyer as soon as possible, because your claims will be subject to certain defenses, including a potential statute of limitations defense, which means that your claims will expire if you do not take timely action.  You need to contact your own lawyer about this issue.

If you do not exclude yourself from the Class, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants arising from the claims released as part of the settlement, including claims brought in this lawsuit.  All of the Court's orders in the case between Plaintiffs and Defendants will apply to you and legally bind you.  You will also be bound by the proposed settlement between Plaintiffs and Defendants if the Court grants Final Approval to the proposed settlement and enters final judgment in this lawsuit.

### 17.    If I stay in the Class and don't exclude myself, can I sue the Defendants for the same thing later?

No.  If you remain in the Class and the Settlement is approved by the Court, you give up your right to sue Defendants relating to all of the claims described in Question 10 above.  That is called "releasing" your claims and potential claims.  The full text of the release is set forth on pages 9-10 of the Settlement Agreement, paragraph 7.  You can participate in this Settlement, however, and still keep the right to sue for certain claims, such as for bodily injury.  *See* Questions 10 and 11.

If you have your own pending lawsuit, speak to your lawyer in that case immediately, because you may have to exclude yourself from this Class to continue your own lawsuit against Defendants.  Remember, the exclusion deadline is March 1, 2017.

# The Lawyers Representing You

## 18.    Do I have a lawyer in this case?

Yes; the Court appointed Berger & Montague, P.C. as Lead Counsel for the Class to represent you and all Class Members.  Their contact information is as follows:

> Merrill G. Davidoff
> David F. Sorensen
> BERGER & MONTAGUE, P.C.
> 1622 Locust Street
> Philadelphia, PA 19103
> Tel: (215) 875-3000
>
> *Lead Counsel for the Class*

## 19.    Should I get my own lawyer?

If you remain in the Class, you do not need to hire your own lawyer because the lawyers appointed by the Court are working on your behalf.  You may, however, hire a lawyer at your own expense and enter an appearance through your lawyer if you wish.

## 20.    Do I need to hire a claims processing agent to help me file my claim?

**No**. You do **not** need to hire a claims processing agent to help you file your claim because the lawyers and the Settlement and Claims Administrator appointed by the Court will help you to file your claim and participate in the settlement.  Please be careful about signing up with claims processing agents or others as they will charge a fee which will reduce your payment.  If you have any questions, please contact the Settlement and Claims Administrator or Lead Counsel for the Class, whose contact information is shown at Questions 15 and 18.

# Objecting to the Settlement

## 21.    How do I tell the Court that I don't like the Settlement, or that I object to the payment of attorneys' fees, expenses, and/or service awards from the Settlement Fund?

If you are a Class Member (and **have not excluded yourself**), you can object to the Settlement if you do not agree with its terms.  You can give reasons why you think the Court should not approve the Settlement.  You can also object to the attorneys' fees, service awards, and/or reimbursement of costs and expenses that are being sought by the attorneys who have litigated this lawsuit on behalf of Plaintiffs and the Class.

The Court will consider your views.  To object, you must send a letter via first class mail saying that you object to the Settlement in *Cook et al. v. Rockwell International Corporation and The Dow Chemical Company*, Civil Action No. 90-00181-JLK (D. Colo.).  Your letter must be postmarked by March 1, 2017.  Be sure to include your name, address, address of the property

you (or the person(s) from whom you inherited the property) owned on June 7, 1989, telephone number, your signature, and the reasons you object to the Settlement.  Mail the objection to:

> Clerk of the United States District Court
> District of Colorado
> Alfred A. Arraj United States Courthouse
> 901 19th Street,
> Denver, CO 80294-3589

and mail a copy to each of the following:

> Merrill G. Davidoff
> David F. Sorensen
> BERGER & MONTAGUE, P.C.
> 1622 Locust Street
> Philadelphia, PA 19103
> Tel: (215) 875-3000
>
> *Lead Counsel for the Class*
>
> Bradley H. Weidenhammer
> KIRKLAND & ELLIS LLP
> 300 North LaSalle
> Chicago, IL  60654
> Phone: (312) 862-3218
>
> *Counsel for Dow and Rockwell*
>
> Heffler Claims Group
> P.O. Box 58459
> Philadelphia, PA 19102-8459
> 1-844-528-0187
>
> *Settlement and Claims Administrator for the Settlement*

# The Court's Fairness Hearing

## 22.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on April 28, 2017 at 11 a.m. MDT, in Courtroom A802 at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294.  The hearing will be open to the public. The date and time of hearing may be changed without further notice to the Class, but any change will be posted at www.RockyFlatsSettlement.com.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate and consider Class Counsel's motion for award of attorneys' fees, reimbursement of costs and expenses, and payment of service awards to the Class Representatives.  If there are objections, the Court will consider them.  After the

hearing, the Court will decide whether to approve the Settlement.  We do not know how long this decision will take.

## 23.    Do I have to come to the hearing?

No.  Lead Counsel for the Class will answer questions that Judge Kane may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time, the Court will consider it.  You may also have your own lawyer attend, but it is not necessary.

## 24.    May I speak at the hearing?

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter via first class mail saying that it is your notice of intention to appear in *Cook et al. v. Rockwell International Corporation and The Dow Chemical Company*, Civil Action No. 90-00181-JLK (D. Colo.).  Be sure to include your name, address, address of the property you or your heir owned on June 7, 1989, telephone number, and your signature.  Your notice of intention to appear must be postmarked no later than March 1, 2017, and must be sent to the Clerk of the Court, Lead Counsel for the Class, and counsel for Dow and Rockwell, at the addresses set forth in the response to Question 21.  You cannot speak at the hearing if you previously excluded yourself as a Class Member or you do so by the opt-out deadline of March 1, 2017.

# Getting More Information

## 25.    Are more details available?

Yes.   For more detailed information about this lawsuit, please refer to www.RockyFlatsSettlement.com, contact the Settlement and Claims Administrator Heffler Claims Group at 1-844-528-0187, or refer to the papers on file in this lawsuit, including the copy of the Settlement Agreement, which may downloaded at www.RockyFlatsSettlement.com or inspected at the Office of the Clerk, United States District Court for the District of Colorado, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294-3589 during regular business hours of each business day.  You may also get additional information by calling or writing to Lead Counsel for the Class as indicated above.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE REGARDING THIS NOTICE.  INSTEAD, PLEASE DIRECT ANY INQUIRIES TO ANY OF THE LEAD COUNSEL FOR THE CLASS LISTED ABOVE, OR TO THE ADMINISTRATORS LISTED ABOVE.**