IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

_____

ORDER DENYING MOTION TO SUBSTITUTE AS REAL
PARTIES IN INTEREST (ECF NO. 2420)
_____

Kane, J.

    This matter is before me on the motion (ECF No. 2420) of creditors of attorney Stanley Chesley to substitute themselves as real parties in interest for Mr. Chesley and/or Waite, Schneider, Bayless, and Chesley, Co., L.P.A. (WSBC), Mr. Chesley's law firm. WSBC represented Plaintiffs in this case from 1990 to August 2012 and will be seeking approximately $4,000,000 in attorney fees as a part of the proposed Settlement Agreement (ECF No. 2407-1). Memo. Opp. Ex. D ¶ 8, ECF No. 2430-4. Eric Goering, assignee of the assets of WSBC, filed a memorandum in opposition to the Motion arguing that the "fee interest" should instead be paid to him pursuant to an ongoing liquidation process overseen by the Ohio Probate Court. Movants' interest in this case stems from a substantial judgment they obtained against Mr. Chesley in the Boone Circuit Court in Kentucky. Mot. Ex. D at 7, ECF No. 2420-5. As part of the collection proceedings in that case, the Court ordered Mr. Chesley to transfer his ownership interest in WSBC to Movants. Mot. Ex. E. at 3, ECF No. 2420-6. When Mr. Chesley did not comply, the Court again ordered that he transfer his interest and directed him to "advise the Court in the

1

matter of *Merilyn Cook, et al. v. Rockwell Int'l Corp., Case* No. 1:90-cv-00181-JLK, in the United States District Court for the District of Colorado that all payments or fees to which he and/or WSBC are entitled shall be paid directly to Plaintiffs through their undersigned counsel." Mot. Ex. A at 5, ECF No. 2420-2. The question here is whether, under Federal Rules of Civil Procedure 17(a)(3) and 25(c), the orders in the Kentucky case compel substitution of Movants for Mr. Chesley and/or WSBC in this action. I find they do not.

Mr. Chesley is not a real party in interest in this case and is not likely to become one. As Mr. Goering asserts Mr. Chesley "has no direct, personal claim for attorney[] fees in this case," Brief Opp. at 7, and thus, could not himself be a real party in interest. Movants do not seem to contest this assertion. With respect to WSBC, Movants overlook the fact that neither a claim for nor an award of attorney fees has been made in this case, so WSBC has yet to become a real party in interest. "When a lawyer lays a claim to a portion of the kitty, he becomes a real party in interest . . . ." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002). At present, there is no kitty, and WSBC is not a real party in interest. WSBC cannot, therefore, be substituted. Since Mr. Chesley and WSBC are not real parties in interest, I also lack the "equitable power" to enforce the Kentucky Court's orders.

Even if WSBC were a real party in interest, I agree with Mr. Goering that the Kentucky Court's orders were not self-effectuating. The Court ordered first that Mr. Chesley direct his beneficial interest in the shares of WSBC to Movants and then that he advise this Court that all payments to which he and/or WSBC are entitled be paid to Movants. Mot. Ex. E at 3; Mot. Ex. A at 5. It seems Mr. Chesley has not complied with either of these orders.[1] He certainly has not

---

[1] Mr. Chesley's "sham transfer" of his interest in the firm does not change the fact that Movants do not presently have an ownership interest in WSBC. If they did, substituting themselves as real parties in interest would likely be unnecessary or improper. Nevertheless, Movants claim: "All of

requested that I direct that any attorney fees owed to him or WSBC be paid to Movants. Furthermore, Movants do not have a judgment against WSBC, and I find nothing in the Kentucky Court's orders that permits them to collect directly against the assets of WSBC.[2]

I appreciate the sentiments of U.S. District Court Judge Robert H. Cleland's Extended Temporary Restraining Order, Repl. Ex. L, ECF No. 2134-12, and do not doubt that I would concur with the Kentucky Court after examining the evidence. However, Movants cannot be substituted for Mr. Chesley or WSBC in this case. For the reasons stated above, I also find it would be inappropriate to order that any attorney fees owed to WSBC and/or Chesley be placed in escrow.[3] The Motion to Substitute as Real Parties in Interest (ECF No. 2420) is DENIED.

DATED this 9th day of January, 2017.

*/s/ John L. Kane*
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

---

[Mr. Chesley's] interest in WSBC has been transferred and Movants succeeded to his ownership interest." Mot. at 4.

[2] A Nevada court considering whether the Kentucky Court's orders permitted Movants to garnish funds owed to WSBC concluded that they did not, because WSBC was not provided notice in the Kentucky case and allowing garnishment of its funds would create a due process violation. *See* Memo. Opp. Exs. 1 & 2, ECF Nos. 2430-1 & 2430-2. I do not read the Kentucky Court's orders the same way. Although the Court discussed the standard for disregarding a corporate entity, the Court reduced its findings to: "the Wind Up Agreement is a sham and . . . in reality Chesley retains control over WSBC." Mot. Ex. A at 4. The Court limited its directives to Mr. Chesley and made the determinations regarding his relationship with WSBC in order to justify those directives. Even in giving full faith and credit to the Kentucky Court's orders, though, I do not find that they compel substitution of WSBC.

[3] Movants point to the Temporary Restraining Order granted by United States District Judge Robert H. Cleland, Mot. Ex. K, ECF No. 2420-12, as support for their request that I issue such an order. However, unlike in the case before Judge Cleland, neither WSBC nor Chesley is a party to this case. And Judge Cleland did not order that any attorney fees *owed* to WSBC be placed on deposit with the court; he ordered that WSBC deposit any fees it *received*.