# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

## [PROPOSED] ORDER GRANTING REIMBURSEMENT OF LITIGATION EXPENSES

Upon review and consideration of Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award of Service Payments to Class Representatives, the memorandum in support, and related materials, and all papers filed and proceedings conducted herein, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meaning set forth in the Settlement Agreement, dated May 18, 2016 (filed at Doc. 2401).

2.      Notice of the Settlement Agreement and of Class Counsel's request for attorneys' fees, reimbursement of expenses, and award of service fees to the Class Representatives was given to all Class members who could be identified with reasonable effort.

The form and manner of notifying the Class of the request for attorneys' fees and expenses met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constituted due and sufficient notice to all persons and entities entitled thereto, and constituted the best notice practicable under the circumstances. *See, e.g.*, Declaration of Jeanne C. Finegan, APR Concerning Implementation and Adequacy of Class Member Notification, Doc. 2432; Order Granting Preliminary Approval of Proposed Class Action Settlement, Preliminary Approval of Proposed Plan of Allocation, Approval of Proposed Forms and Manner of Notice to the Class, Approval of Proposed Claim Form, and Approval of Proposed Schedule, Doc. 2417, at ¶¶ 13-17; Declaration of Jeanne C. Finegan, APR Concerning Proposed Class Member Notification, Doc. 2408; Proposed Notice Plan, Doc. 2407-5.

3. Class Counsel have moved for reimbursement of $7,094,863.65 of non-reimbursed expenses incurred by Class Counsel in connection with the prosecution of this litigation, over a span of approximately 27 years.

4. The Court finds that these expenses were fairly, reasonably, and necessarily incurred to achieve the benefits to the Class obtained in the Settlement Agreement.

5. Accordingly, the Court hereby awards Class Counsel $7,094,863.65 for expenses to be paid solely from the Settlement Fund after the Court enters an order granting final approval of the Settlement. Lead Counsel for the Class, Berger & Montague,[1] shall distribute such expenses among the various Class Counsel which have participated in this litigation.[2]

---

[1] *See* Order Certifying Settlement Class, Doc. 2396, at ¶ 9.

[2] No payment shall be made to Waite, Schneider, Bayless & Chesley Co., L.P.A. until such time as either (a) all relevant parties consent in writing; or (b) there is a final judicial adjudication as to the appropriate legal entity or entities to which such payment shall be directed. Any issue relating to payment to Waite, Schneider, Bayless & Chesley Co., L.P.A., including as to the appropriate legal entity or entities to receive such payment, shall not affect or delay Lead Counsel's authority or ability to distribute attorneys' fees or expenses to any other firm.

Should there be any disputes that cannot be resolved by agreement, they should be brought before this Court, which maintains continuing exclusive jurisdiction over this matter, the settlement and its administration, and all related issues including attorneys' fees and reimbursement of expenses.

6.  In making this award of expenses, the Court has analyzed the factors considered within the Tenth Circuit as set forth in *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  In evaluating these factors, and pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, this Court makes the following findings of fact and conclusions of law:

   a) Class Counsel's efforts in bringing this litigation to a successful conclusion against the Defendants after 27 years of hard-fought litigation conferred a substantial benefit on the Class.  Class Counsel obtained a $375 million settlement, which is an extraordinary result, and more than twice the $176.8 million the jury awarded in compensatory damages on the Class's nuisance claims (not including interest).

   b) The Settlement here is directly attributable to the skill and efforts of Class Counsel, who are highly experienced in prosecuting these types of cases.

   c) Class Counsel have expended considerable time and money over the course of the 27 years of this litigation, which involved a four-month trial, *fifteen* published opinions of this Court, two separate appeals, two remands back to this Court, and two separate rounds of Supreme Court *certiorari* briefing.

   d) Major case milestones such as dispositive motions, class certification, *Daubert* motions, and appeals were litigated two, three, or more times.  Class Counsel also

3

        faced the challenge of obtaining the necessary documents and information from Defendants and the then-current Rocky Flats plant management, as well as Defendants' indemnitor, the Department of Energy.

e)     The case docket spans over 2,400 entries in this Court alone.  As this Court remarked, this case has generated "what is quite possibly the largest docket of any District of Colorado case to date."  Order Certifying Settlement Class Doc. 2396, at 8 (May 19, 2016).

f)     The parties collectively served 67 expert reports; conducted 151 lay witness and 45 expert witness depositions; and produced and reviewed approximately a thousand boxes of documents.

g)     A raft of novel and unsettled legal issues necessitated considerable briefing, argument, and evidentiary work.  Cases alleging nuclear torts (whether under the Price-Anderson Act or state law) are not common, and the law in this area evolved considerably over the course of this litigation – as exemplified by *Cook Appeal I*'s surprise embrace of a brand new PAA element never raised in the District Court.  *Cook v. Rockwell Int'l Corp.*, 618 F.3d. 1127 (10th Cir. 2010) ("*Cook Appeal I*").  This change necessitated Class Counsel's "judicial jiu jitsu", *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088, 1091 (10th Cir. 2015) ("*Cook Appeal II*"), which held that Plaintiffs could seek entry of judgment on the Colorado nuisance claim based on the jury's verdict, and which paved the way for settlement.  During the pretrial phase, Class Counsel argued a number of unsettled issues of Colorado tort law, including whether radioactive plutonium particles should be considered a tangible or an intangible trespass, and whether ongoing

        contamination or the threat of future contamination constituted a continuing nuisance.  Class Counsel's reliance on the Restatement (Second) of Torts § 930 in order to claim damages for the ongoing threats to properties in the Class Area was a pioneering use of the continuing tort doctrine in the context of environmental contamination.  Class Counsel worked with the Court to develop an innovative, feasible way to segregate common Class claims in order to proceed with a class-wide trial.  And Class Counsel countered numerous other changes in the law along the way, including those leading to the decertification of the medical monitoring class, and Supreme Court decisions over the past 27 years pertaining to class certification that Defendants cited in their numerous attempts to decertify the Class.

h) Class Counsel have handled this matter for 27 years, decades longer than most class actions.  Class Counsel collectively spent more than 160,000 hours working on this litigation.  Owing to the substantial demands and long duration of the case, Class Counsel have necessarily forgone other litigation opportunities, and borne extraordinary expenses.

i) The well-regarded Public Justice Foundation[3] has recognized Class Counsel's exemplary work in this difficult case by naming the Rocky Flats trial team their 2009 Trial Lawyers of the Year, recognizing Merrill G. Davidoff, Peter Nordberg, David F. Sorensen, Ellen Noteware, and Jennifer MacNaughton of Berger &

---

[3] The Public Justice Foundation is a not-for-profit, 501(c)(3) charitable membership organization that supports Public Justice's cutting-edge litigation and educates the public about the critical issues it addresses. The Public Justice Foundation's membership includes leading trial lawyers, appellate lawyers, consumer advocates, environmental attorneys, employment lawyers, civil rights attorneys, class action specialists, law professors, law students, public interest advocates, and other people who care about justice.  *See* http://www.publicjustice.net/.

Montague; Louise Roselle and Jean Geoppinger McCoy from WSBC; and Gary Blum, Steve Kelly, and Bruce DeBoskey of Silver & DeBoskey.

7. Exclusive jurisdiction is hereby retained over the Parties and Class members for all matters relating to this litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement and of this Order.

8. Any appeal or any challenge affecting this Court's approval of Class Counsel's expense application shall in no way disturb or affect the finality of the Settlement Agreement.

9. There is no just reason for delay in the entry of this Order.  The Clerk of the Court is directed to immediately enter this Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____BY THE COURT:

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE