# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

## [PROPOSED] ORDER AWARDING SERVICE PAYMENTS TO THE CLASS REPRESENTATIVES

Upon consideration of Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award of Service Payments to Class Representatives, the accompanying Memorandum in Support, and all exhibits thereto and related materials, including the Declaration of Merrill G. Davidoff of Berger & Montague, P.C., it is hereby ordered that service payments totaling $780,000 will be awarded to the Class Representatives[1] to be apportioned as follows:  $260,000 for Merilyn Cook, $260,000 for Richard and Sally Bartlett, and $260,000 for William Schierkolk.[2]  These service payments are

---

[1] On May 19, 2016, this Court certified the Class for purposes of settlement pursuant to Rule 23(a) and 23(b)(3) and appointed Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk as representatives of the Class (the "Class Representatives").

[2] Delores Schierkolk is deceased, so William Schierkolk shall receive the full $260,000 service payment.

to be paid solely from the Settlement Fund only if and after the Settlement becomes final in accordance with Paragraph 3(d) of the Settlement Agreement.

The Court has jurisdiction over these actions, each of the parties, and all members of the Class for all manifestations of this case, including the Settlement. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meaning set forth in the Settlement Agreement, dated May 18, 2016 (filed at Doc. 2401).

The Court finds that the Class Representatives have made extraordinary contributions to prosecuting the Property Class's claims against Defendants Rockwell International Corporation and The Dow Chemical Company for 27 years of litigation. The Class Representatives actively protected the Class's interests by filing the suit on behalf of the Class and maintaining close supervision of and active participation in the litigation throughout its long history. The Class Representatives reliably attended Court proceedings and the trial itself. Each of the Class Representatives responded to extensive discovery requests over the years, and the surviving Class Representatives also collectively sat for eight days of depositions. The Class Representatives remained actively engaged in the litigation even following the Tenth Circuit's decision vacating the judgment and class certification and remanding back to the district Court. *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127 (10th Cir. 2010) ("*Cook Appeal I*").

The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including the administration and consummation of the Settlement, and over this Order.

There is no just reason for delay in the entry of this Order. The Clerk of the Court is directed to immediately enter this Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: _____  BY THE COURT:

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE