# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

    Defendants.

**DECLARATION OF ERIC W. GOERING IN SUPPORT OF CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD OF SERVICE PAYMENTS TO CLASS REPRESENTATIVES**

I, Eric W. Goering, declare as follows:

1.     I am the assignee of Waite, Schneider, Bayless & Chesley Co. L.P.A. ("WSBC") in *In re Waite, Schneider, Bayless & Chesley Co. L.P.A.*, Case No. 2016003659, pending in the Probate Court of Hamilton County, Ohio, which is an assignment for the benefit of creditors action pursuant to Chapter 1301 of the Ohio Revised Code. A copy of the Letter of Authority and Order Acknowledging Acceptance by Eric W. Goering of Waite, Schneider, Bayless & Chelsey Co., L.P.A.'s Assignment for the Benefit of Creditors (the "ABC Order") appointing me as the assignee of WSBC is attached hereto as Exhibit 1. Pursuant to Ohio law and the ABC Order, I have legal custody and control of WSBC assets, files, and records including those relating to its participation as class counsel in this case, and the legal authority to submit this Declaration. I have discussed WSBC's representation in this case with former WSBC attorneys who performed significant legal work in this matter and I have reviewed WSBC records. I

submit this Declaration in support of Class Counsel's motion for award of attorneys' fees, reimbursement of litigation expenses, and award of service payments to Class representatives in the above-captioned case.

2. WSBC acted as counsel to Plaintiffs in this litigation from its inception until August 2012 and was involved in a myriad of activities, including the following:

- WSBC participated in every aspect of the case including, but not limited to, meetings with clients and class representatives, interviews with potential witnesses in the class area, taking and defending depositions of both fact witnesses and experts, participation in strategy meetings for the case, review of documents, attendance at court hearings, and participation at trial and in appellate proceedings (as described below).

- Lawyers and paralegals at WSBC worked closely with attorneys and paralegals at Berger & Montague, Silver & DeBoskey, and other Plaintiffs' counsel. Examples of this include: in 1993, WSBC attorney, Glenn Feagan, went to Denver to defend the plaintiffs' depositions. In 1996, paralegals Jane Walker and Julia Mattheis traveled to Philadelphia to review documents and identify key documents. In 1997, Louise Roselle took several depositions of defendants' experts. In 2004, Louise Roselle traveled to Denver to interview potential witnesses in the class area. WSBC also participated in efforts over a number of years to try to settle this case. The participation included many conferences with co-counsel, conferences with clients, and travel. In the initial Tenth Circuit proceedings following trial and judgment, Paul DeMarco, an appellate practitioner, assisted Peter Nordberg at his request in his preparation for oral argument by convening and leading "moot courts" in Philadelphia and Denver.

- At trial, WSBC attorneys, Louise Roselle and Jean Geoppinger McCoy, played significant roles. Ms. Roselle took 18 witnesses at trial including several experts. For months, she worked long days preparing for, and participating in, trial. During trial both Ms. Roselle and Ms. McCoy took new depositions of defendants' experts. In the case of Ms. McCoy, she traveled to Indianapolis, Indiana to take the deposition of defense expert, Dr. Shirley Fry. Ms. Roselle met with and prepared witnesses for trial. She did independent research for cross examination of defendants' witnesses. Ms. Roselle gave part of both the opening statement and the closing argument. Ms. McCoy worked tirelessly at trial, as well, primarily in connection with witness preparation and motion practice. In every aspect, WSBC was an integral part of the trial team.

- In addition to assisting Peter Nordberg with oral argument preparation at his request, Paul DeMarco became a very active member of the appellate team from and after Peter's shocking death. In that role over the ensuing years, Mr. DeMarco contributed in a number of significant ways: collaborating with co-counsel in devising, researching, and constructing arguments in an effort to overcome *Cook I*, and contributing to some arguments later used in the successful *Cook II* appeal; assisting with legal research, drafting, and strategy for the reconsideration proceedings following *Cook I*; spearheading the search and vetting process for the team's Supreme Court counsel, including introducing other co-counsel to the Molo Lamken firm, which ultimately was retained; working with Molo Lamken and other co-counsel on the initial certiorari petition; and working with Molo Lamken and other co-counsel on legal research and arguments relevant on remand following *Cook I* (which work continued after Mr. DeMarco, Ms. Roselle and other WSBC attorneys formed Markovits, Stock & DeMarco, LLC in August 2012).

3. Exhibit 2 attached hereto is a summary of the time spent by WSBC's attorneys and professional support staff who were involved in this litigation, and the lodestar calculation based on WSBC's usual and customary hourly billing rates as of 2012, the last year in which WSBC performed services in this case. The total number of hours expended by WSBC is 12,127.20 hours. WSBC has detailed time descriptions showing how all of this time was spent available upon request.

4. The total lodestar for WSBC is $4,046,287.50 using the last hourly rate for WSBC employees that performed services in this case. For attorneys, paralegals, and other support staff who worked on this matter, the hourly rate shown in Exhibit 2 is the hourly rate effective as of the date they last worked at WSBC.

5. WSBC incurred a total of $531,773.98 in non-reimbursed expenses in connection with the prosecution of this litigation. These expenses are summarized as follows:

| EXPENSE | AMOUNT |
|---|---:|
| Litigation Fund Contribution(s) | 67,500.00 |
| Travel/Hotel/Meals | 130,155.12 |
| Copying Services | 3,242.48 |
| Research Services | 641.45 |
| Telephone/Teleconference/Fax | 1,140.85 |
| FedEx/Messengers/Postage | 5,144.71 |
| Court Reporters | 13,291.06 |
| Expert Services | 17,720.59 |
| Professional/Contract Services | 286,124.70 |
| Other (Miscellaneous-Petty Cash Expenses/Miscellaneous Other Expenses) | 6,813.02 |
| **TOTAL** | 531,773.98 |

6. The expenses incurred in this action are reflected on WSBC's books and records, which are maintained in the ordinary course of business and prepared from invoices, receipts, credit card bills, cancelled checks and wire transfer notices, expense vouchers, check records, and other source materials, and they represent an accurate recordation of the expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____, Assignee
Eric W. Goering, Assignee

Dated: January 4, 2017

**COURT OF COMMON PLEAS
PROBATE DIVISION
HAMILTON COUNTY, OHIO**

IN THE MATTER OF:

WAITE, SCHNEIDER, BAYLESS &
CHESLEY CO., L.P.A.

Case No. **2016003659** _____

Judge Ralph E. Winkler

Magistrate _____

**LETTER OF AUTHORITY AND ORDER ACKNOWLEDGING
ACCEPTANCE BY ERIC W. GOERING OF WAITE, SCHNEIDER, BAYLESS &
CHESLEY CO., L.P.A.'S ASSIGNMENT FOR THE BENEFIT OF CREDITORS**

The Court is advised and hereby acknowledges that Eric W. Goering, an Ohio resident, who is duly licensed to practice law in the State of Ohio (the "Assignee") has accepted the Assignment for the Benefit of Creditors of Waite Schneider Bayless & Chesley Co., L.P.A. (the "Company"). In recognition of such acceptance, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Assignee shall be the assignee of the Company empowered with all rights and responsibilities pursuant to Ohio Revised Code Section 1301.01, *et seq.*

2. The Assignee is hereby authorized to continue, manage, and operate the business of the Company until further order of this Court, or to cease the business of the Company and liquidate, sell, including a sale free and clear of all liens, mortgages, claims, interests, or other encumbrances, or otherwise dispose of the personal and real property of the Company, as the Assignee deems appropriate in his sole discretion.

3. The Assignee is hereby authorized to take possession of the operating accounts and other banking accounts of the Company in whatever name held, which

02614514-1  922048.2



are used in the operation of the business of the Company, to receive and collect any and all accounts receivable, rents, income, or other sums due and owing to the Company, whether the same are now in possession, due, or shall hereafter become due and payable, and to do all things and to enter into such agreements in connection with the management, care, and preservation of the personal and real property of the Company as the Assignee may deem advisable, and is authorized to incur such expenses and make such distributions as may be advisable or necessary in connection with the care, preservation, and/or liquidation of the personal and real property of the Company.

4. The Assignee is authorized to pay bills, fees, salaries, and invoices incurred in the normal operation of the business of the Company, or as a part of the liquidation proceeding, and to do all things necessary in the management or liquidation of the Company, including but not limited to the payment of the Assignee's fees, and those of his agents, and legal fees incurred in connection with this proceeding or as otherwise rendered by legal counsel on behalf of the Company in any litigation, however, any such expenditure in excess of $10,000 shall be made only upon order of the Court.

5. In carrying out his duties as set forth herein, the Assignee is entitled to act in the exercise of his own sound business judgment as he deems appropriate within his sole discretion. The Assignee shall not be liable for any action taken or not taken by him in good faith and shall not be liable for any mistake of fact or error of judgment or for any acts or omissions of any kind unless caused by his willful misconduct or gross negligence. The Assignee shall be indemnified and held harmless, through the

personal and real property of the Company, from and against any and all liabilities, costs, and expenses, including but not limited to, the cost of any bond required by this Order and legal and other fees and expenses incurred by him arising from or in any way connected to the performance of his duties as the Assignee.

6. The Company and its respective agents, employees, and representatives of any other persons or entities operating under the direction or control of the Company, immediately upon receipt of this Order turn over to, or cause to be turned over to, the Assignee all accounts receivable, accounts, rents, or other moneys they hold which are derived from the personal or real property of the Company, and all books and records, management records, accounting records, business operation accounts or other banking records, and other items necessary to the operation of any and all of the business of the Company, and to turn over all items the Assignee determines to be necessary to operate or liquidate the Company, including, but not limited to, employee records, existing inventory, accounts receivables, accounts payable records, invoices, contracts or other agreements, security deposit records, leases and the like.

7. This Order is intended to bestow on the Assignee the maximum powers available to him under applicable law, including without limitation the ability (a) to bring and defend actions in his own name as Assignee or in the name of the Company, (b) to enter into contracts on behalf of the Company, (c) to collect any accounts or other monies due to the Company, (d) to pay, to the extent possible, any and all expenses incurred in the normal operation of the Company, or as part of any liquidation efforts, including without limitation expenses necessary to avoid loss or damage to our interruption in (as the case may be) any of the company's property and business

shall be deemed to be the person responsible for acting on behalf of the Company within the meaning of Rule 9001(5) of the Federal Rules of Bankruptcy Procedure.

9. The Assignee and the Assignee's agents (a) may rely on any and all outstanding court orders, judgments, decrees, and rules of law, and shall not be liable to anyone for their own good-faith compliance with any such order, judgment, decree, or rule of law, (b) may rely on, and shall be protected in any action upon, any resolution, certificate, statement, opinion, report, notice, consent, or other document believed by them to be genuine and to have been signed or presented by the proper parties, (c) shall not be liable to anyone for their good-faith compliance with their duties and responsibilities as an assignee, or as counsel or agent for Assignee, and (d) shall not be liable to anyone for their acts or omissions, except upon a finding by this Court that such acts or omissions were outside the scope of their duties or were grossly negligent. Except for matters set forth in subsection (d) of the preceding sentence, persons dealing with the Assignee shall only look to the bond posted by the Assignee to satisfy any liability, and neither the Assignee nor Assignee's counsel or agents shall have any personal liability to satisfy any such obligation. No person or entity may file suit against the Assignee or his agents, or proceed against the Assignee's bond, without first obtaining an Order of this Court.

10. The Assignee shall post a bond acceptable to this Court within ten (10) days of the entry of this Order. The bond shall be and hereby is, set in the amount of $50,000.00.

IT IS SO ORDERED.

_____
Probate Court Judge

_____
Magistrate

STATE OF OHIO COUNTY OF HAMILTON
COURT OF COMMON PLEAS PROBATE DIVISION
THIS IS TO CERTIFY THAT THE FOREGOING IS A
TRUE          DIRECT COPY OF THE DOCUMENT ON
              FILE
         AND SEAL OF SAID COURT
RALPH WINKLER, Judge & Ex-Officio Clerk
                              Deputy Clerk

02614514-1  922048.2

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| **Attorneys** | | | |
| Stanley M. Chesley | $ 680.00 | 446.75 | $ 303,790.00 |
| Fay Stilz | $ 275.00 | 1.50 | $ 412.50 |
| Louise Roselle | $ 700.00 | 2,700.35 | $ 1,890,245.00 |
| Paul DeMarco | $ 700.00 | 682.50 | $ 477,750.00 |
| Jean Goeppinger | $ 600.00 | 1,245.50 | $ 747,300.00 |
| Jim Cummins | $ 650.00 | 8.00 | $ 5,200.00 |
| Bill Markovits | $ 600.00 | 11.50 | $ 6,900.00 |
| Terrence Goodman | $ 550.00 | 7.10 | $ 3,905.00 |
| Renee Infante | $ 150.00 | 1.00 | $ 150.00 |
| David Kreutzer | $ 175.00 | 1,398.25 | $ 244,693.75 |
| Glenn Feagen | $ 150.00 | 41.25 | $ 6,187.50 |
| Sherrill P. Hondorf | $ 150.00 | 26.75 | $ 4,012.50 |
| Theresa Groh | $ 150.00 | 0.25 | $ 37.50 |
| Terry Coates | $ 350.00 | 2.00 | $ 700.00 |
| Sarah Abbott | $ 350.00 | 1.00 | $ 350.00 |
| **Paralegals** | | | |
| Tracy L. Combs | $ 150.00 | 40.00 | $ 6,000.00 |
| Jane A. Walker | $ 75.00 | 460.75 | $ 34,556.25 |
| James George | $ 150.00 | 11.50 | $ 1,725.00 |
| Jeana Lam | $ 60.00 | 3,881.75 | $ 232,905.00 |
| Julia F. Mattheis | $ 150.00 | 256.50 | $ 38,475.00 |
| Virginia Rhodes | $ 60.00 | 2.00 | $ 120.00 |
| **Law Clerks** | | | |
| Lucien J. Bernard | $ 60.00 | 46.00 | $ 2,760.00 |
| Joshua C. Billings | $ 100.00 | 151.25 | $ 15,125.00 |
| **Administrative Clerks** | | | |
| Christopher M. Comstock | $ 25.00 | 3.25 | $ 81.25 |
| Barbara Frandeen | $ 25.00 | 0.50 | $ 12.50 |
| Linda Gentily | $ 40.00 | 238.00 | $ 9,520.00 |
| Kenya Greer | $ 60.00 | 1.00 | $ 60.00 |
| Matilda E. Hassen | $ 40.00 | 0.50 | $ 20.00 |
| Lois A. Herzog | $ 40.00 | 1.50 | $ 60.00 |
| Melissa Hoover | $ 25.00 | 2.00 | $ 50.00 |
| Holly Lammers | $ 25.00 | 90.00 | $ 2,250.00 |
| Jackie Meadows | $ 40.00 | 46.75 | $ 1,870.00 |
| Valerie Mauldin Merritt | $ 40.00 | 2.25 | $ 90.00 |
| Wesley V. Milliken | $ 25.00 | 17.75 | $ 443.75 |
| Robert Noyes | $ 25.00 | 3.50 | $ 87.50 |
| Melanie Overmann | $ 40.00 | 2.50 | $ 100.00 |
| Cheryl A. Pence | $ 25.00 | 163.00 | $ 4,075.00 |

{02672472-1}



EXHIBIT 2

| | | | | |
|---|---|---|---|---|
| Diane Pendygraft | $ | 40.00 | 1.25 | $ | 50.00 |
| Diane Rizzo | $ | 40.00 | 1.00 | $ | 40.00 |
| Jeanna Salamone | $ | 25.00 | 17.75 | $ | 443.75 |
| Ashley Seymour | $ | 25.00 | 34.25 | $ | 856.25 |
| Amy J. Smith | $ | 25.00 | 8.00 | $ | 200.00 |
| Phil Tucker | $ | 25.00 | 0.75 | $ | 18.75 |
| Kathleen A. Wandstrat | $ | 40.00 | 52.00 | $ | 2,080.00 |
| Tracy J. Smith Weiss | $ | 40.00 | 11.50 | $ | 460.00 |
| Jennifer L. Winkler | $ | 25.00 | 3.75 | $ | 93.75 |
| Sue E. Berger | $ | 25.00 | 1.00 | $ | 25.00 |
| | | | 12,127.20 | $ | 4,046,287.50 |