# Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

### DECLARATION OF MICHAEL BARRETT IN SUPPORT OF CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD OF SERVICE PAYMENTS TO CLASS REPRESENTATIVES

I, Michael Barrett, declare as follows:

1. I have served as the Managing Partner of the law firm of Ray & Barrett, formerly known as Connerton, Ray & Simon. I submit this Declaration in support of Class Counsel's motion for award of attorneys' fees, reimbursement of litigation expenses, and award of service payments to Class representatives in the above-captioned case.

2. My firm has acted as counsel to Plaintiffs in this litigation. During the course of this litigation, my firm has been involved in the following activities:

- factual research including investigation of documents from Church litigation, GAO reports, criticality report, chemrisk reports, HAP meetings and reports, Putzier report, DOE archives, congressional reports and sources, and review of data bases;

- client interactions including visiting clients at their homes, discussing and explaining litigation, preparing for depositions, attending depositions and reviewing deposition transcripts;

- legal research including mootness, ripeness, statute of limitations, Colorado causes of action for damage to land and land value, and class certification;

- draft and review complaint, motions to dismiss, responses to motions to dismiss, motion for class action;

- meetings with experts on history of Rocky Flats Plant, evidence of contamination on property, weather and wind patterns, mechanisms by which soil contamination takes place and is dispersed, property damage and methodology of how it can be calculated and history of property values in class area.

3. Exhibit 1 attached hereto is a summary of the time spent by my firm's attorneys and professional support staff who were involved in this litigation, and the lodestar calculation based on my firm's current usual and customary hourly billing rates. The total number of hours expended by my firm from inception through May 18, 2016 is 4,087 hours. Our firm has detailed time descriptions showing how all of this time was spent available upon request.

4. The total lodestar for my firm is $1,153.256.25, as shown on Exhibit 1. This figure is derived using historic rates in effect during 1997 or earlier. Current rates are not available as all of the attorneys and support staff who worked on this matter have not been employed at the firm since 1997.

5. This firm has incurred a total of $93,261.74 in non-reimbursed expenses in connection with the prosecution of this litigation. These expenses are summarized as follows:

| EXPENSE | AMOUNT |
| --- | --- |
| Litigation Fund Contribution(s) | 45,540.98 |
| Travel/Hotel/Meals | 31,765.67 |
| Copying Services | 5,933.32 |
| Research Services | 646.63 |
| Telephone/Teleconference/Fax | 3,627.16 |
| FedEx/Messengers/Postage | 1,193.96 |

| Court Fees | 25.00 |
|---|---|
| Other (Process server/IEER) | 4,529.02 |
| **TOTAL** | $93,261.74 |

6. The expenses incurred in this action are reflected on my firm's books and records, which are maintained in the ordinary course of business and prepared from invoices, receipts, credit card bills, cancelled checks and wire transfer notices, expense vouchers, check records, and other source materials, and they represent an accurate recordation of the expenses incurred.

7. A biography of each professional who worked on this case for the firm is attached.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Michael Barrett

Dated: December 5, 2016

## ATTORNEY PROFILES

**Ronald Simon**, who worked the overwhelming number of the hours for which the firm seeks compensation in this matter, graduated Harvard College in 1969 and Harvard Law School in 1973.

Throughout the late 1970s, Mr. Simon was lead plaintiffs' counsel in numerous class actions that were filed in the United States District Court for the District of Rhode Island and appealed to the Court of Appeals for the First Circuit. Late in the 1970s Mr. Simon was a pioneer in filing actions on behalf of landowners and residents in New York, Pennsylvania, Maryland and Florida. In the 1980s, 1990s and first decade of the twenty-first century, Mr. Simon also represented hundreds of workers exposed to toxic chemicals and people injured by pharmaceutical drugs.

Mr. Simon began his work on litigation against the owners and operators of plants which participated in the chain of tasks necessary to build nuclear warheads. He was counsel in *Day v NLO* which was filed and prosecuted in the United States District Court for the Southern District of Ohio. He also was counsel in residents' cases filed in the United States District Court for the Southern District of Ohio against nuclear plants in Portsmouth and Miamisville, Ohio.

Mr. Simon chaired and made formal presentations on the topic of the management of plaintiff cases with large numbers of clients at numerous conferences held by the American Association for Justice (formerly ATLA). In addition to his litigation and speaking Mr. Simon wrote extensively about complex toxic tort litigation and published the first extensive analysis of the *Daubert* decision. He also has authored numbers amicus briefs in the United States Supreme Court on issues of scientific evidence. He wrote regular columns for citizen based environmental groups explaining legal issues involved in complex toxic tort litigation which have been assembled and published by the Center for Health Environment and Justice in Falls Church Virginia. Mr. Simon has litigated toxic exposure cases involving uranium, plutonium, benzene, trichloroethylene, vinyl chloride, and various pesticides and herbicides. Mr. Mr. Simon was a senior partner at the firm of Connerton, Ray and Simon (later known as Ray & Barrett) at the time he worked on this litigation.

**Richard Fiesta** graduated from Georgetown Law School in 1984. He was an associate at the time he performed work on this case. He worked on legislative committees as counsel specializing in hazards from nuclear weapons facilities before coming to the law firm of Connection Ray and Simon. He brought to the firm extensive information about the collections of data about the weapons facilities at congress the GAO and the Department of Energy.

**James Ray** graduated from George Washington School of Law in 1977 and was a senior partner of the firm at the time he worked on this case.

**Robert J. Connerton** graduated from George Washington University School of Law in 1952 and was a senior partner at the firm at the time he worked on this litigation.

**Paul Orfanedes** graduated from the American University College of Law in 1986. He was an associate in the law firm at the time he worked on this litigation and had extensive experience in toxic tort litigation.

**John Broaddus** graduated from American University College of Law in 1982, He was a partner in the firm at the time he worked on this case. Mr. Broaddus had extensive experience in toxic tort litigation including lead poisoning and asbestos.

**David Elbaor** graduated from the University of Virginia Law School in 1973 and was a partner in the firm at the time he worked on this lawsuit.

**Leizer Goldsmith** graduated from Boston College Law School in 1988 and was an associate at the firm at the time of the litigation.

**Hilde Edler** was a senior paralegal at the time she worked on this lawsuit. She had worked with organizing and selecting for trial among millions of documents in *Day v NLO* and had extensive experience working with expert witnesses in environmental contamination cases.

**Jennifer Roof** was a paralegal at the time she worked on this lawsuit.

**Alan Kadrofsky** was a paralegal at the time he worked on this lawsuit.

**Sherry Dolan** was a paralegal at the time she worked on this lawsuit and had extensive experience with toxic tort litigation.

**Courtney Hewitt** was a paralegal at the time she worked on this lawsuit.

**Cristin Grace** was a paralegal at the time she worked on this lawsuit.

**Karen Goodman** was a paralegal at the time she worked on this lawsuit.

Michael Barrett Declaration

Exhibit 1

| ATTORNEY/PARALEGAL | TIME | RATE | TOTAL |
|---|---|---|---|
| JOHN BROADDUS | .25 | 250 | 62.50 |
| ROBERT CONNERTON | .75 | 300 | 225.00 |
| SHERRY DOLAN | 5.50 | 100 | 550.00 |
| HILDE EDLER | 156.50 | 100 | 15,650.00 |
| DAVID ELBAOR | 62.00 | 250 | 15,500.00 |
| RICHARD FIESTA | 247.00 | 175 | 43,225.00 |
| LEIZER GOLDSMITH | 15.25 | 150 | 2,287.50 |
| KAREN GOODMAN | 1.75 | 100 | 175.00 |
| CRISTIN GRACE | 4.00 | 75 | 300.00 |
| PAUL GREENBERG | 3.75 | 150 | 562.50 |
| COURTNEY HEWITT | 1.25 | 75 | 93.75 |
| ALAN KADROFSKE | .50 | 100 | 50.00 |
| DAN KOZMA | 1.00 | 125 | 125.00 |
| PAUL ORFANEDES | 6.25 | 150 | 937.50 |
| JAMES RAY | .25 | 300 | 75.00 |
| JENNIFER MARIE ROOF | 5.75 | 150 | 862.50 |
| RON SIMON | 3,575.25 | 300 | 1,072,575.00 |
| | | | |
| **TOTALS** | 4,087.00 | | $1,153.256.25 |