# Exhibit 2



**SETTLEMENT RECOVERY AGREEMENT**

This Agreement ("Agreement") is entered into as of the _____ **day of _____ 2017**, between **Optimal Settlements, LLC**, its subsidiaries, affiliates, successors or assigns located at 1639 11th Street, Santa Monica CA 90404, (the "Company") and _____, their heirs, successors or assigns (the "Client") located at _____.

1. **Engagement of Services.** Subject to the terms and conditions of this Agreement, the Client hereby engages the Company to perform the duties set forth herein, and the Company hereby accepts such engagement.

2. **Duties.** The Client hereby engages the Company to complete and file class action claims in the Cook et al. v. Rockwell International Corporation and The Dow Chemical Company Civil Action (Master File No 90-CV-00181-JLK) otherwise known as the Rocky Flats Settlement Case. Company hereby accepts such engagement. Company agrees to make all reasonable efforts to prepare and file complete and accurate claims, and to secure payment of the claims on behalf of the Client who owned property in the Property Class Area on June 7, 1989 (the day after the FBI raid of the Rocky Flats plant), or be the heir of someone, now deceased, who owned the property, or be the successor to such owner.

3. **Scope of Representation.** With respect to Section 2 above, the Company shall act as the Client's exclusive recovery agent with full assignment authority to prepare and submit Client's present and subsequent claims for the Settlement. It is understood and agreed that the Company will be relying solely upon the documentation and information, whether written or oral, gathered from or on behalf of the Client pursuant to this Agreement (collectively, "Claim Information") to file the claim as well as to pursue Client's recovery and rights under the claim. Client understands that the claim filing process is a cooperative endeavor, and that Company may require Client's assistance to gather documentation, collect information, generate reports, and/or communicate with the claims administrator or others in order to pursue Client's rights under the claim. The Company provides no assurance that claims, including any late filed claims, will be accepted or approved by the claims administrator or the court. Client also understands that Company is not able to determine, define or otherwise effect the final settlement payment to Client.

4. **Compensation.** In consideration of providing the above referenced services, the Client agrees to pay the Company _____ % of all proceeds received as payment in the Settlement on or after the date of this Agreement (collectively, the "Fee"). The Company will incur any and all expenses associated with settlement recovery and/or services provided to the Client.

5. **Permission to Obtain Records and Documents.** The Client hereby authorizes the Company to request, gather and/or copy all necessary documentation to assist in settlement recovery.

6. **Distribution of Recovery and Payment of Company's Compensation.** The Client agrees that any and all proceeds to be received from the Settlement shall be paid directly in favor of the Company and received at the Company's US address. The Company shall deposit any and all proceeds into the Company bank account, and disburse the Client's recovery, less the Fee, to the Client. The Client authorizes the Company to endorse, on the Client's behalf, any checks or drafts received by the Company made payable to the Client and to deposit them according to the agreement. The Client authorizes any US based financial institution or financial services company to deposit the payment received *for the benefit or on behalf of* the Client directly into the Company's bank account and fully indemnifies such institution in this regard. The Client also provides full authority and a power of attorney to the Company to endorse any such monetary instrument on its behalf if necessary for making such deposit into the Company's bank account. If Client inadvertently receives full or partial payment directly from the claims administrator, the Client will notify the Company of the date and amount of the payment from the claims administrator within seven (7) days. The Client will deliver the Fee to the Company within ten (10) days of receiving the payment from the claims administrator. If at any time the gross recovery to the Client is increased or reduced, any future pro rata Fee to the Company shall be adjusted accordingly.

7. **Company is not Client's Attorney and is not Practicing Law.** This is NOT a contract for legal services. The Client and the Company understand and agree that with respect to the Company's duties and authority: (a) the Company is not providing the Client with legal representation; and (b) the Company is not professing to possess any specified legal skills necessary to complete any forms to obtain settlement. The Company is not a law firm, or associated with the class administrator, the court, class counsel or any other official parties associated with this claim and this Agreement does not provide for or contemplate in any way the Client's legal representation by the Company.

**The Client also understands that the Company is not affiliated with the Court Administrator, Claim Counsel, or the Courts and it had the right to file the claim on its own and did not need to engage the services of the Company or anyone else to file a claim and obtain a refund but has voluntarily chosen to do so.**

8. **Confidentiality.** The information provided by Client or obtained by Company through the Client pursuant to this Agreement is the confidential and proprietary information of the Client. The Company will use such Client information solely for the purpose of providing services on behalf of the Client in this and all related settlements, and not for any other purpose.

9. **Successors and Assigns.** All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective subsidiaries, affiliates and/or related entities, heirs, successors, and assigns, if any.

10. **Indemnification**. The Client shall indemnify, defend and hold harmless the Company, its affiliates and each of its respective trustees, owners, members, directors, managers, officers, employees, agents and advisors (the *"*Company Indemnified Parties*"*) from and against any and all costs, expenses (including, without limitation, reasonable attorneys' fees, investigation costs and other out-of-pocket expenses), losses, damages, obligations, judgments, awards, penalties and liabilities (collectively, *"*Losses*"*) of whatever kind or nature incurred by any such Company Indemnified Party but only to the extent such Losses result from or arise out of any claim, action, litigation, arbitration or proceeding involving or alleging any claim of fraud, omission or material misrepresentation by the Client relating to

the Claim Information, and any violation of applicable law that arises from or relates to the act or omission of the Client (provided that such action or omission was not undertaken at the direction of a Company Indemnified Party). Additionally, if Losses are determined to have been caused by acts or omissions of both parties, each party shall be responsible for the proportion of Losses attributable to the degree of fault of that party. However, in no case shall the total liability of the Company exceed the cash Fee earned under this Agreement.

11. **Jurisdiction and Arbitration.** Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by binding arbitration in Los Angeles, California before one arbitrator. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those Rules. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. Furthermore, the parties covenant that they will not circumvent, directly or indirectly, the obligation to arbitrate disputes under this provision.

12. **Entire Understanding.** No amendment, change or modification of this Agreement shall be valid unless signed in writing by the parties hereto. This document hereby constitutes the entire understanding and agreement of the parties relating to the subject matter herein, and any and all prior discussions, agreements, understandings, and representations, whether written or oral, are hereby terminated and canceled in their entirety and are of no further force and effect. Any subsequent change or changes in the Company's duties or compensation will not affect the validity or scope of this Agreement.

13. **Severability.** If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect. The parties also agree that facsimile signatures and/or transmission of scanned agreement via email shall be as effective as if originals.

**CLIENT:**

_____
**(Print Name)**

_____   _____
**(Signature)**                                                                                       **(Date)**


**OPTIMAL SETTLEMENTS, LLC:**

_____   _____
**Eileen Chin, President**                                                                **(Date)**