IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORP., et al.,

    Defendants.
_____

**ORDER GRANTING PLAINTIFFS' MOTION [2441] RE
OPTIMAL SETTLEMENTS LLC**
_____

Kane, J.

This long standing class action is the final execution of settlement phase after 27 years of litigation. It is before me today on Plaintiffs' Motion and Incorporated Memorandum of Law [2441] to Prohibit Optimal Settlements, LLC's Communications With Settlement Class Members, Issue Curative Notice, and Require Prospective Review of and Inclusion Of Disclosures In All Third Party Communications With The Class. Alarmed at the misleading and usurious representations being made to class members by purported third-party claims processors, and exercising my authority under Rule 23(d)(1)(B) to protect them, I GRANT the Motion and ORDER as follows:

    1)    Optimal must immediately cease its mail solicitation campaign using the solicitation attached to Plaintiffs' Motion as Exhibit A, or any substantially similar solicitation;

    2)    Optimal must cease responding to telephone inquiries from Settlement Class Members until corrective notice is issued, but must instead direct those callers to the official,

Court-approved website, www.rockyflatssettlement.com;

3) On all future communications with the Settlement Class Members, including its written materials, website, and oral communications, Optimal must include the following language (the "Required Disclosures"):

**Optimal Settlements, LLC is not affiliated with the Court or the parties and is not the Court-appointed Settlement and Claims Administrator.**

**The official Settlement website is: www.rockyflatssettlement.com. This website contains important information, including the Court-approved Class Notice, which pertains to your rights as a potential Class Member.**

**You may file a claim with the Court-appointed Settlement and Claims Administrator via the official settlement website at no cost to you.**

**If you are a member of the Rocky Flats Settlement Class, you are represented by the following counsel:**

| **BERGER & MONTAGUE, P.C.** | **SILVER & DEBOSKEY, P.C.** |
|---|---|
| **Merrill G. Davidoff** | **Gary B. Blum** |
| **David F. Sorensen** | **Steven W. Kelly** |
| **1622 Locust Street** | **1801 York Street** |
| **Philadelphia, PA 19103** | **Denver, CO 80206** |
| **(215) 875-3000** | **(303) 399-3000** |

For written communications including mailed correspondence and Optimal's website, this language shall appear in a prominent (first-page) position.

4) Optimal has agreed to produce to Class Counsel a list of all Class Members it has contacted;

5) Optimal shall produce to Class Counsel the names and contact information of all Class Members that have entered into contracts with Optimal;

6) All contracts reached to date between Optimal and any Settlement Class Member are declared void and unenforceable;

2

7) The Settlement and Claims Administrator shall, at Optimal's expense, send a curative notice substantially in the form attached to Plaintiffs' motion as Exhibit 2 to all potential Class Members who were contacted by Optimal; and

8) Optimal shall amend its form contract with Settlement Class Members as follows:

   a. Optimal shall add the Required Disclosures, as defined above, to the top of the first page of the document;

   b. Optimal shall move the disclosure currently found in Paragraph Seven, which states that the company is unaffiliated with the Court-appointed Settlement and Claims Administrator, to the front page of the document;

   c. Optimal shall remove the term "exclusive recovery agent" and instead state that the Court has appointed Class Counsel and the Settlement and Claims Administrator to assist the Class Member, though the contract may state that Optimal shall be the Class Member's "exclusive third party processor";

   d. Optimal shall delete the arbitration, jurisdictional, and indemnity provisions; and

   e. Optimal shall add language agreeing to use a third-party escrow account subject to this Court's jurisdiction in order to send or receive client funds.

9) Any further relief sought by Plaintiffs shall be by way of contempt and/or injunctive relief with notice and opportunity to be heard.

Dated this 14th day of February, 2017.

_John L. Kane_
John L. Kane, Jr.
Senior U.S. District Judge