Kathleen Snapp                    15891 Crestrock Circle                    Parker, CO  80134

February 20, 2017

```
                                                    FILED
                                          UNITED STATES DISTRICT COURT
                                                DENVER, COLORADO
```

Clerk of the United States District Court
District of Colorado                                    FEB 2 3 2017
Alfred A. Arraj United States Courthouse
901 19th Street                                       JEFFREY P. COLWELL
Denver, CO  80294-3589                                             CLERK

RE: Settlement in Cook et al, v. Rockwell International Corporation and
    The Dow Chemical Company
    Civil Action No. 90-00181-JLK (D. Colo.)
    Objection

Dear Hon. John L. Kane, Sr. District Judge:

I am a member of the Class and I am filing this letter of objection to the settlement in the above named case.  Specifically, I object to the award of excessive attorneys' fees to Class Counsel and the treatment of unreimbursed costs as additional fees.

### Objection to Attorneys' Fees and Unreimbursed Expenses

Taking nearly 27 years to resolve and settle this class action is **not** deserving of an award of 40% of the class action settlement and I urge the Court to consider a much, much smaller fee.  It may seem that Class Counsel has shown great persistence and effort over these years, as they claim in the motion and memorandum for attorneys' fees; however, taking 27 years to resolve this issue is excessive and demonstrates a lack of respect for the Class (many of whom are likely deceased, as are several of the Class Representatives), lack of commitment to a timely resolution of this effort, lack of creativity in resolving this issue, inability to effectively anticipate and counter appeals and denials, and an apparent inability to communicate effectively. There was clearly no sense of urgency to come to a resolution, and, one might argue, Class Counsel only saw the millions of dollars they could expect. They weren't going to quit until they had their money as they clearly state in their motion for award of attorneys' fees.

Class Counsel argues in favor of the 40% award by saying that they persevered for "decades longer" in litigating this class action than the time taken to resolve most class action settlements. But just taking a long time to accomplish something isn't deserving of such a reward.  In fact, the longer it takes, the less the reward. No one is paid for putting in time, or showing up, or by the number of boxes of documents that were reviewed.  They are paid for results. And such results include not only the amount of the settlement, but also a timely resolution of the case. Since it appears that Class Counsel failed in both regards, I would argue that there should be a reduction in the attorneys' fees for each year over 7 that this case took to settle.

Class Counsel unfairly notes the awards made to others as attorneys' fees in settlements achieved in far fewer years, and without litigation in support of their anticipated award of 40%.  By making those comparisons, Class Counsel is claiming a victory based solely on the passage of time.  That is ridiculous.  What is the definition of success in this case?  I think it could have been the $9.26 million settlement in 2006, but even that came too late and was overturned.  I find it odd that Class Counsel omits any

February 20, 2017                                                                                                                  Page 2

mention of this overturned settlement from the motion for award of attorneys' fees. Surely this settlement would have been the highest definition of success, yet Class Counsel appears elated with a settlement for nearly 60% less some 10 years later. Perhaps they will be equally elated with an award of 60% less in attorneys' fees.

Class Counsel reports that they have over 160,000 hours involved in this settlement. That may sound like a tremendous amount of time, but over 27 years, those hours are attributable to 2 – 3 persons per year. How many of these years were spent waiting for appeals, depositions, etc., without any substantial move toward resolution? Class Counsel doesn't report on who these people were who amassed these hours. Were all these unreimbursed hours attributable to the lead attorneys? Were some, if not most, of these hours attributable to paralegals and other lower paid workers, perhaps even someone who moved those boxes from place to place? Are some, if not most, of these hours included in the unreimbursed expenses that Class Counsel is also requesting? If that is the case, Class Counsel cannot use the same data in support of two different payouts.

I don't believe it is easy to manage a class action of this size and the Class Counsel is entitled to a reimbursement of reasonable expenses and costs. But they are requesting another $7,094,863.65. One would guess that had this case settled many decades ago, this amount would have been considerably lower. In their greed and overreach, Class Counsel demands this in addition to the $150,000,000. Oh, plus accrued interest.

The benefit to the Class is entirely diminished by the greed of Class Counsel in requesting and attempting to justify an award at the highest level of 40%, plus costs, plus interest. Class Counsel demonstrated no real devotion or alignment to the cause of the Class Members. They were simply in too far to quit until they had their payday, and in fact, Class Counsel makes this exact point stating that: "Class Counsel have expended considerable time and money," and "the legal team should be compensated for their efforts in securing excellent results for the Class." In reference to the Class Members, Class Counsel states "If the case had failed, they would have received nothing, no matter how many years, hours, and millions of dollars had been expended." This statement is more appropriately attributable to Class Counsel.

The majority of Class Counsel's statements in their motion are merely self-serving and non-productive. These include citing an award they received in 2009 (prior to the overturned settlement), their apparent surprise at the evolution of the law over 30 years, and even their claim that this settlement is attributable to the skill and efforts of this highly experienced team. Class Counsel does not recognize that by their failure to achieve a reasonable settlement in a more equitable time frame, they have harmed the Class Members. The vast amount of time that has passed is excessive and not deserving of an award of 40% plus accrued interest, plus expenses. The award to Class Members who have waited for nearly 3 decades for a settlement should not be diminished by this outrageous and excessive award to Class Counsel.

Some 20 years after this case started, and after the Courts overturned the 2006 settlement, Class Counsel is suddenly (if such a term can be used in this case) able to secure a settlement in a mere 6 years based on the nuisance laws from the original filing. Class Counsel expects us to attribute this to their skill and expertise, but that is certainly not the case. Why then, wasn't this case settled in 1996?

February 20, 2017                                                                                                   Page 3

I object to rewarding Class Counsel with 40% of the settlement fund, plus accrued interest, plus expenses.  A fair award is 20% of the total settlement fund, period. This percentage includes unreimbursed expenses and costs and is more aligned with the interests of the Class and adequately rewards the risk versus success of Class Counsel in achieving this diminished settlement for Class Members.

Finally, I hope that many thousands of Class Members will write regarding their opinion of Class Counsel's 40% motion, but, sadly, I don't think that will be the case.  In any event, even one voice opposing Counsel's motion is deserving of review.  I can only hope that my arguments are seen favorably by the Courts. Please do not add to the harm already done to the Class Members by approving the award of attorneys' fees that Class Counsel seeks.

Thank you for your consideration of these points.

Sincerely,

*Kathleen Snapp*
Kathleen Snapp


Current address:   15891 Crestrock Circle, Parker, CO          Cell #:  303 805-0881

Property address:  9421 West 104th Place, Westminster, CO

Cc:     Merrill G. Davidoff            Bradley H. Weidenhammer     Heffler Claims Group
        David F. Sorenson              Kirkland and Ellis LLP       P.O. Box 58459
        Berger & Montague, P.C.        300 North LaSalle            Philadelphia, PA  19102
        1622 Locust Street             Chicago, IL  60654
        Philadelphia, PA 19103



Kathleen Snapp
15891 Crestrock Cir
Parker CO 80134-2548



Clerk of the United States District Court
District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver Co 80294-3589

80294-250151