# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 90-CV-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORP., et al.,

    Defendants.

## MOTION FOR APPROVAL OF COMMUNICATIONS BY THIRD PARTY CLAIMS PROCESSOR

    Interested Party Optimal Settlements, LLC ("Optimal") respectfully requests the expedited approval[1] of a mailer, attached hereto as Exhibit 1, for distribution to Settlement Class Members, notifying them of the services offered by Optimal and the upcoming claims filing deadline, encouraging Class Members to file a claim, and increasing the participation rate in the Court-approved Settlement.  Optimal

---

[1] As shown by the Declaration of Michael A. Thurman filed herewith, counsel for Plaintiffs and Defendant have agreed, subject to the Court's approval, to a shortened timeframe for the resolution of the issues raised in this Motion.  Pursuant to such agreement, any response or opposition to this motion shall be filed within seven calendar days of the filing date of this Motion.  In addition, Optimal waives the filing of any reply and the Parties agree to forego a hearing on these issues to allow the Court to making a ruling following the receipt of any responses and/or the expiration of the deadline for filing a response or opposition.

also requests approval of a "Settlement Recovery Agreement," attached hereto as Exhibit 2, which Optimal seeks to enter into with Class Members who elect to retain Optimal as their third-party claims processor in connection with this action.

Optimal submits these proposed communications for approval of the Court pursuant to its Order dated February 14, 2017 (DE 2444), requiring Optimal, *inter alia*, to submit all proposed future communications to Class Members to the Court for approval. Optimal has complied with the Court's requirements in its Orders dated February 14, 2017 (DE 2443 and 2444), including:

- immediately ceasing its mail solicitation campaign,
- immediately ceasing responding to telephone inquiries from Class Members until a corrective notice was issued by the Claims Administrator,
- adding the Required Disclosures identified by the Court to a prominent, first-page position on the proposed mailer and agreement,
- providing to Class Counsel a list of all Class Members Optimal had contacted,
- confirming to Class Counsel that Optimal has not entered into any agreements with any Class Members to date,
- arranging for payment of the costs of the curative mailer to the Claims Administrator, and

- making the changes directed by the Court to the proposed agreement with Class Members.

Besides making the changes directed by the Court, Optimal also submitted copies of the proposed mailer and agreement to Class Counsel and made additional changes requested by Class Counsel, including:

- confirming in the proposed mailer that Optimal charges a contingency fee for its services,
- adding the Claims Administrator's name and contact information to the Required Disclosures in the proposed mailer and agreement,
- adding a "Jurisdiction" clause to the proposed agreement providing that any disputes between Optimal and its clients would be resolved by this Court;
- bolding the Required Disclosures in the proposed mailer, and
- changing the Optimal reference number at the top of the proposed mailer to the Court's Civil Action number.

The mailer also reflects Optimal offer to file claims on behalf of Class Members who are 80 years and older at no charge.

In the course of reviewing the proposed mailer, Class Counsel has raised concerns about the location of the Required Disclosures and Optimal's offer to accept expressions of interest from Class Members who are interested in selling their claims to Optimal.  Regarding the placement of the Required Disclosures,

Class Counsel has requested that the disclosures be placed at the top of the mailer. However, Optimal has complied with the Court's direction that the Required Disclosures prepared by the Court be placed in a "prominent (first-page) position," bolding the Court's language and placing it in a box at the bottom of the mailer in the same font size and type as the other narrative text in the mailer.

Regarding the proposed purchase of Class Member claims, Optimal understands that it will have to submit for the Court's approval any proposed agreement to purchase Class Member claims before any such purchases can be negotiated.  For this reason, Optimal believes it is premature to address any potential issues relating to prospective claim purchases, including the timing and method of valuing any offers to purchase claims, until Optimal has prepared a draft claim purchase agreement, reviewed it with Class Counsel and submitted it for approval to the Court.

Optimal respectfully requests the Court's approval of the proposed mailer and agreement on an expedited basis so that it may begin to use these materials to contact and enroll Class Members who are interested in its services at the earliest possible date, well in advance of the Class Deadline of June 1, 2017.

DATE: March 7, 2017                Respectfully submitted by:

<u>*/s/ Michael A. Thurman*</u>
Michael A. Thurman
THURMAN LEGAL
1055 East Colorado Blvd., 5th Floor
Pasadena, CA 91106
Telephone: (626) 399-6205
Facsimile: (626) 380-4880

Counsel for Interested Party Optimal Settlements, Inc.

# EXHIBIT 1

**NOTICE CONCERNING YOUR CLAIM REIMBURSEMENT**

Civil Action No. 90-cv-00181-JLK       For more information, contact your Optimal Settlements Representative:

**Toll Free:   1-877-422-0404**
**Local:        720-577-4422**

**IMPORTANT ROCKY FLATS SETTLEMENT INFORMATION**

Based on the records provided to us from the Jefferson County Assessor's Office, we believe that you are eligible to receive a portion of the **$375 Million Rocky Flats Settlement Case.**

You are receiving this notice because our records indicate that **you (or your family member) lived in the Rocky Flats area on June 7, 1989**. Recently, the two operators of the Rocky Flats Nuclear Plant agreed to settle the now 26-year old lawsuit for property devaluation for $375 Million Dollars. The deadline for filing a claim is **June 1, 2017.**

**To find out how Optimal Settlements can help you for a contingency fee to file a valid claim and to obtain information on how you might be eligible to receive an expedited cash payment for your claim, please call us. For Class Members who are 80 years and older, Optimal Settlements will file your claim for free.**

By submitting a claim, there is no guarantee that you will receive a payout, and many class action cases take multiple submission rounds over multiple years to payout. Many claimants do not want to incur the risk or are simply unable to wait an uncertain amount of time to receive their money. **If you are interested in receiving an expedited cash payment for your valid claim, please contact Optimal Settlements:**

**OPTIMAL SETTLEMENTS TOLL-FREE:**       **1-877-422-0404** (9am-9pm MST)
**OPTIMAL SETTLEMENTS LOCAL:**            720-577-4422

> **Required Court Disclosure: Optimal Settlements, LLC is not affiliated with the Court or the parties and is not the Court-appointed Settlement and Claims Administrator.**
>
> **The official settlement website is www.rockyflatssettlement.com. This website contains important information, including the Court-approved Class Notice, which pertains to your rights as a potential Class Member.**
>
> **You may file a claim with the Court-appointed Settlement and Claims Administrator via the official settlement website at no cost to you. The Court-appointed administrator is Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102 (844)777-8055.**
>
> **If you are a member of the Rocky Flats Settlement Class, you are represented by the following counsel:**
>
> Berger & Montague, P.C.           Silver & Deboskey, P.C.
> Merrill G. Davidoff                Gary B. Blum
> David Sorensen                     Steven W. Kelly
> 1622 Locust Street                 1801 York Street
> Philadelphia, PA 19103             Denver, CO 80206
> (215)875-3000                      (303)399-3000

# EXHIBIT 2



## SETTLEMENT RECOVERY AGREEMENT

This Agreement ("Agreement") is entered into as of the _____ **day of** _____ **2017**, between **Optimal Settlements, LLC**, its subsidiaries, affiliates, successors or assigns located at 1639 11th Street, Santa Monica CA 90404, (the "Company") and _____, their heirs, successors or assigns (the "Client") located at _____.

1. **Court-Ordered Legal Disclosure.** The Court has appointed Class Counsel and the Settlement Claims Administrator to assist you.  Optimal Settlements, LLC is not affiliated with the Court or the parties and is not the Court-appointed Settlement and Claims Administrator.

The official Settlement website is www.rockyflatssettlement.com. This website contains important information, including the Court-appointed Class Notice, which pertains to your rights as a potential Class Member.

You may file a claim with the Court-appointed Settlement and Claims Administrator via the official settlement website at no cost to you.   The Court-appointed Settlement and Claims Administrator is Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA, 19102, (844)777-8055.

If you are a member of the Rocky Flats Settlement class, you are represented by the following counsel:

| | |
|---|---|
| Berger & Montague, P.C. | Silver & Deboskey, P.C |
| Merrill G. Davidoff | Gary B. Blum |
| David F. Sorensen | Steven W. Kelly |
| 1622 Locust Street | 1801 York Street |
| Philadelphia, PA 19103 | Denver, CO 80206 |
| (215)875-3000 | (303)399-3000 |

2. **Engagement of Services.** Subject to the terms and conditions of this Agreement, the Client hereby engages the Company to perform the duties set forth herein, and the Company hereby accepts such engagement.

3. **Company is not Client's Attorney and is not Practicing Law.** This is NOT a contract for legal services. The Client and the Company understand and agree that with respect to the Company's duties and authority: (a) the Company is not providing the Client with legal representation; and (b) the Company is not professing to possess any specified legal skills necessary to complete any forms to obtain settlement. The Company is not a law firm, or associated with the Settlement and Claims Administrator, the Court, class counsel or any other official parties associated with this claim and this

Agreement does not provide for or contemplate in any way the Client's legal representation by the Company.

The Client also understands that the Company is not affiliated with the Settlement and Claims Administrator, Claim Counsel, or the Courts and it had the right to file the claim on its own and did not need to engage the services of the Company or anyone else to file a claim and obtain a refund but has voluntarily chosen to do so.

**4. Duties.** The Client hereby engages the Company to complete and file class action claims in the Cook et al. v. Rockwell International Corporation and The Dow Chemical Company Civil Action (Master File No 90-CV-00181-JLK) otherwise known as the Rocky Flats Settlement Case.  Company hereby accepts such engagement. Company agrees to make all reasonable efforts to prepare and file complete and accurate claims, and to secure payment of the claims on behalf of the Client who owned property in the Property Class Area on June 7, 1989 (the day after the FBI raid of the Rocky Flats plant), or is the heir of someone, now deceased, who owned the property, or is the successor to such owner.

5. **Scope of Representation.** With respect to Section 4 above, the Company shall act as the Client's exclusive third party claims processor with full assignment authority to prepare and submit Client's present and subsequent claims for the Settlement. It is understood and agreed that the Company will be relying solely upon the documentation and information, whether written or oral, gathered from or on behalf of the Client pursuant to this Agreement (collectively, "Claim Information") to file the claim as well as to pursue Client's recovery and rights under the claim. Client understands that the claim filing process is a cooperative endeavor, and that Company may require Client's assistance to gather documentation, collect information, generate reports, and/or communicate with the Settlement and Claims Administrator or others in order to pursue Client's rights under the claim. The Company provides no assurance that claims, including any late filed claims, will be accepted or approved by the Settlement and Claims Administrator or the Court. Client also understands that Company is not able to determine, define or otherwise effect the final settlement payment to Client.

6. **Compensation.** In consideration of providing the above referenced services, the Client agrees to pay the Company XX% of all proceeds received as payment in the Settlement on or after the date of this Agreement (collectively, the "Fee"). The Company will incur any and all expenses associated with settlement recovery and/or services provided to the Client.

7. **Permission to Obtain Records and Documents.** The Client hereby authorizes the Company to request, gather and/or copy all necessary documentation to assist in settlement recovery.

8. **Distribution of Recovery and Payment Through a Court Approved Escrow Account.** The Client agrees that any and all proceeds to be received from the Settlement shall be paid directly into a Court approved third party Escrow Account (the "Account") located in Denver, Colorado.  All Claimant settlement proceeds shall be deposited directly into the Account. The Client shall receive their proceeds, less the Company fee, from the Account to their current address of record or to a US bank account as specified by the Client. The Company shall receive its Fee directly from the Account to its US bank account as specified by the Company. No disbursements shall be made from the Account to the

Client without the Company also receiving its disbursement of its Fee and no disbursements of Fees shall be made to the Company without the Client also receiving their settlement proceeds.  The Client authorizes any US based financial institution or financial services company to deposit the payment received *for the benefit or on behalf of* the Client directly into the escrow bank account and fully indemnifies such institution and agent in this regard. If Client inadvertently receives full or partial payment directly from the Settlement and Claims Administrator, the Client will notify the Company of the date and amount of the payment from the Settlement and Claims Administrator within seven (7) days. The Client will deliver the Fee to the Company within ten (10) days of receiving the payment from the Settlement and Claims Administrator. If at any time the gross recovery to the Client is increased or reduced, any future pro rata Fee to the Company shall be adjusted accordingly.

9. **Consent to Be Contacted By Telephone**. The Client agrees to be contacted by telephone on Client's landline and/or cell phone by Company irrespective of whether Client's telephone number appears on any state or federal "Do Not Call" lists.  Client further agrees that Company may use an automated or computerized dialing system and/or pre-recorded message to contact Client via telephone or cellphone.  Client acknowledges that Client's consent to be contacted is not required as a condition of purchasing or receiving Company's services.  Client may inform Company at any time either that Client withdraws their consent to receive communications from Company as described above or to update Client's contact information. Client agrees that all calls to or from Company may be monitored and recorded.

10. **Confidentiality.** The information provided by Client or obtained by Company through the Client pursuant to this Agreement is the confidential and proprietary information of the Client. The Company will use such Client information solely for the purpose of providing services on behalf of the Client in this and all related settlements, and not for any other purpose.

11. **Successors and Assigns.** All of the provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective subsidiaries, affiliates and/or related entities, heirs, successors, and assigns, if any.

12. **Jurisdiction.** In the event of any dispute between Client and Company arising from or relating to this Agreement, including but not limited to the performance of any of the obligations in this Agreement by either Party, such dispute shall be resolved by the Court in the District of Colorado, Case No. 90-cv-00181-JLK.

13. **Entire Understanding.** No amendment, change or modification of this Agreement shall be valid unless signed in writing by the parties hereto. This document hereby constitutes the entire understanding and agreement of the parties relating to the subject matter herein, and any and all prior discussions, agreements, understandings, and representations, whether written or oral, are hereby terminated and canceled in their entirety and are of no further force and effect. Any subsequent change or changes in the Company's duties or compensation will not affect the validity or scope of this Agreement.

14. **Severability.** If any provision of this Agreement, or any portion thereof, is held to be invalid and unenforceable, then the remainder of this Agreement shall nevertheless remain in full force and effect.

The parties also agree that facsimile signatures and/or transmission of scanned agreement via email shall be as effective as if originals.

**CLIENT:**

_____
**(Print Name)**

_____          _____
**(Signature)**                                                                                      **(Date)**

**OPTIMAL SETTLEMENTS, LLC:**

**By:** _____          _____
**Its: President**                                                                             **(Date)**

4

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 7th day of March, 2017, a copy of the foregoing:

**MOTION FOR APPROVAL OF COMMUNICATIONS BY THIRD CLAIMS PROCESSOR**

was filed electronically. This filing was served electronically to all parties by operation of the Court's electronic filing system.

/s/ *Michael A. Thurman*