IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.
_____

ORDER DENYING MOTION FOR APPROVAL OF COMMUNICATIONS BY THIRD
PARTY CLAIMS PROCESSOR (ECF NO. 2451)
_____

Kane, J.

After reviewing the Motion for Approval of Communications by Third Party Claims Processor (ECF No. 2451) filed by Optimal Settlements, LLC (Optimal) and its proposed Notice and Settlement Recovery Agreement, I deny the Motion for the following reasons.

If communications are presented by a party or one having authority to act in the case, such as the Heffler Claims Group, I must necessarily first determine what is in the best interest of the class members and the fair and economic method of distributing the settlement funds. What has been presented by Optimal is fatally defective: it presents no identifiable benefit to members of the plaintiff class or those charged with faithful and economic distribution of the settlement funds and it suggests a recognition by this Court that it is intending to perform a service for members of the plaintiff class that has court approval. Indeed it does not.

Optimal's Notice and Agreement contemplate this court having a greater role in Optimal's relationship with its "clients" than is appropriate or authorized by law. My order (ECF No. 2444) from February 14, 2017, requires third-parties to submit communications for approval

1

in order to protect class members from misleading and usurious representations. The purpose of the Order was not to facilitate a business relationship between third-parties and class members, which is what it seems Optimal is now requesting that I do. Not only does its Agreement represent that a court (I presume this Court) will approve its "third-party Escrow Account," Agreement at 2, but it asserts that I will resolve any disputes between Optimal and class members arising from or relating to its Agreement as a part of the instant case, Agreement at 3. I will not do either. Optimal does not allege and I do not find that I would have jurisdiction to do either. Further, focusing on the misleading and usurious elements of the communication and not the soundness of Optimal's Agreement, I must also point out that a material term—the percentage of settlement proceeds "the client" is agreeing to pay—remains undefined and is merely stated as "XX%".

Plaintiffs' Response (ECF. No 2452) to Optimal's Motion requests that I require Optimal to (1) position the court-ordered disclosure at the top of its Notice, (2) delete language regarding an expedited cash payment, and (3) bold the contact information for class counsel and the Heffler Claims Group in its Agreement. I am not going to engage in editing or crafting any proposed communication for a non-party to this case. Suffice it to say, at this juncture, I am not prepared to approve the submission.

As a final note, even though Optimal states that it is not class members' attorney and is not practicing law, it purports to perform services that are those performed by attorneys. Optimal intends to go beyond providing information by actually representing the interests of class members in soliciting settlement proceeds on their behalf. Further, the language that it will "complete and file class action claims" could easily be interpreted to constitute acts seeking court action on behalf of others, which is indisputably the practice of law.

Optimal's Motion (ECF No. 2451) is, therefore, DENIED. Approving such a communication would seriously impinge on accepted standards of conscionability.

DATED this 15th day of March, 2017.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE