# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 90-CV-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORP., et al.,

    Defendants.

# DECLARATION OF EILEEN CHIN IN SUPPORT OF MOTION FOR APPROVAL OF CLASS MEMBER COMMUNICATIONS

I, Eileen Chin, declare as follows:

    1.    I am the President of Optimal Settlements, LLC ("Optimal"). I have personal knowledge of the following facts and if called upon to testify in this action would and could competently testify thereto.

    2.    On or about February 12, 2017, apparently in response to the original mailer Optimal sent to a number of Class Members in this action, one of the Class Members in this action wrote to Optimal and requested a Claims Valuation Analysis form for his property, which is located within the area covered by the Settlement in this action. A true and correct copy of the Class Member's letter

1

(with his name and address redacted) is attached hereto as Exhibit "1." In his letter, the Class Member detailed his medical history and his very unfortunate diagnosis in 2016 with blood cancer. He also stated that he was undergoing chemotherapy treatment for his illness. To protect the Class Member's privacy, he will be referred to in this Declaration as the "Class Member," though Optimal can provide the Class Member's name and an unredacted copy of his letter if directed to by the Court.

3.      After the Class Member sent the letter described above, on or about February 13, 2017, he also placed a call to our office and left a voicemail message asking Optimal to contact him about his request for a Claims Valuation Analysis form for his property. After the Claims Administrator sent out the Court-ordered curative notice to approximately 2,000 Class Members (including the Class Member) on or about February 17, 2017, in response to the Class Member's letter and voicemail message, an Optimal representative contacted the Class Member by telephone under my supervision on or about February 28, 2017. The representative's call with the Class Member was conducted on a speakerphone and I was able to hear both parties at all times during the call. At the beginning of the call, the representative read to the Class Member the disclosure ordered by the Court, as follows:

> "Optimal Settlements, LLC is not affiliated with the Court of the parties and is not the Court-appointed Settlement and Claims Administrator. The

official settlement website is www.rockyflatssettlement.com.  This website contains important information, including the Court-approved Class Notice, which pertains to your rights as a potential Class Member. You may file a claim with the Court-appointed Settlement and Claims Administrator via the official settlement website at no cost to you.  The claims administrator is Heffler Claims Group, 1515 Market Street, Philadelphia, Pennsylvania, 19107.  If you are a member of the Rocky Flats Settlement Class, you are represented by the following counsel:  Berger & Montague, P.C. Merrill G. Davidoff, David Sorensen, 1622 Locust Street, Philadelphia, Pennsylvania, 19103. (215) 875-3000.  Silver & Deboskey, P.C. Gary B. Blum, Steven W. Kelly, 1801 York Street, Denver, Colorado. (303) 399-3000."

4. The representative explained Optimal Settlement's Claims Valuation Analysis and Claims Purchasing Service in general terms to the Class Member. She told the Class Member that any claims valuation would be based on multiple factors, including his property's assessed value in 1989, the total assessed value in 1989 of all eligible Rocky Flats properties and the assumed number of claimants, and then would be discounted for time, risk and Optimal's costs.  She told the Class Member that, based on Optimal's monetary valuation of his claim, he would then have the option either to accept Optimal's cash offer and agree for Optimal to purchase his claim, or he could decline Optimal's purchase offer and wait for the Settlement Funds to be distributed.  She also told the Class Member that there was no charge for the Claims Valuation Process and that he would not have to commit to accepting Optimal's cash offer, nor would he be bound to Optimal in any way if he declined Optimal's purchase offer.

5. After hearing the representative's explanation of the Claims Valuation Process, the Class Member again expressed his interest in participating in the Claims Valuation Process. He asked the representative to send him the Claims Valuation Analysis form to start the process. He stated that he has been waiting a long time for his portion of the Rocky Flats Settlement payment, and since he is in his late 70's with cancer, he did not want to wait until the settlement funds are distributed to the Class Members. He told the representative he would like to receive whatever funds he can now if it is an option.

6. Attached hereto as Exhibit 2 is a true and correct copy of Optimal's "Valuation Analysis Methodology for Rocky Flats Claim Purchases." The "Valuation Analysis Methodology" sets forth Optimal's rationale and methodology for valuing the claims of Class Members of the Rocky Flats Settlement. As stated, the methodology calculates a "Gross Claim Value" by applying the formula shown to the following variables:

- the Claimant's assessed property value in 1989;
- the total assessed property values in 1989 of all eligible Rocky Flats properties, which is approximately $200,000,000;
- the total amount of the settlement pool, which is $375,000,000, less Class Counsel's attorney's fees, which are estimated at 25% or $93,750,000, less

requested expenses of $7,094,863.65 and service awards to class representatives of $780,000, for an estimated total of $273,375,136.35;

- the final eligible claimant response rate, which Optimal currently estimates at 80% of all Class Members;
- a risk of payout rate of 20%, reflecting the potential for the class action to not payout as anticipated, including risks associated with the accuracy of the Class Member's data (including the Class Member's property value) and as a result of potential legal challenges, including reversal on appeal, and/or other unidentified or unknown risks; and
- a cost of capital and time value of money rate of 18% over a potential two-year payout period based on typical current hard money lending rates of 9% per annum.

After the Gross Claim Value is determined, Optimal discounts that value by 15% to account for Optimal's costs and gross profit margin. The formula can be expressed as follows:

Gross Claim Value = ((Claimant's 1989 assessed property value ÷ aggregate assessed property values in 1989 of all eligible Rocky Flats properties) x total net claim pool) ÷ eligible claimant response rate x (1 - risk discount (20%) - time value of money discount % (20%)).

5

As an example, if a claimant's property was valued at $30,000 in 1989, Optimal's offer to purchase the claim would be $27,013, based on the following calculations:

| | |
|---|---:|
| 1989 Assessed Property Value of Claimant | 30,000 |
| 1989 Aggregate Property Value of All Eligible Claimants | 200,000,000 |
| Claimant's % of Settlement | 0.0150% |
| Net Settlement Pool After Attorneys' Fees and Costs | 273,375,136 |
| Claim Value based on 100% Claimants Filing | 41,006 |
| Actual Claim Value based on Expected Response (80%) | 51,258 |
| Discount for Risk of Payout (20%) | (10,252) |
| Discount for Cost of Capital over 2 Years (18%) | (9,226) |
| Gross Claim Value | 31,780 |
| Optimal Settlements Costs and Profit (15%) | (4,767) |
| **NET CLAIM PURCHASE VALUE** | **27,013** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of March, 2017, at Santa Monica, California.

EILEEN CHIN

# EXHIBIT 1

███████████, (DOB ██████)   Feb. 12, 2017
████████████████████ (phone ████████)

File Number: RF1001

Ms. Mande Raiher
Vice President of Client Relations        **REDACTED**
Optimal Settlements, LLC
1639 11th Street, Suite 159
Santa Monica, CA 90404

Dear Ms. Raiher,

Please send me a Claims Valuation Analysis form to the above address. I and my family have lived at the ████████ address since September 1977, 39 years and I still live there and own the property.

In the approximate year 2007, I went to ████████████████.(practicing Medicine at ██████████████████████████) and found (alledgedly) that I was vatimin D deficient and again in 2 more years or less, Dr. ███ found me vatimin D deficient and increased the dosage. Then on Feb. of 2016, when I was about to go into a neck surgery, the Dr. ████████████ found that I could not go through neck surgery because my body did not have nearly enough red corpuscles, white corpuscles, and platelets. So Dr. ██ sent me to Dr. ████████████ of the ████ ████████████████████████████████ where she took a painful hip blood sample and found that I had a blood cancer that if not treated that it could turn into lukemia. I am currently taking chemotherapy. Dr. █████ lack of my vatimin D wasn't my cause of low immune system but blood cancer. In Feb. 2nd, 2017 I had some nasal pre cancer cells removed by Dr. ████████ of ████████████████████.

Now then, none of my bothers or sisters (█ total) or father and mother or three aunts and one uncle nor any of my first cousin have ever contracted or died of any cancer, just me.

My son ████████████████ and his family have moved to ████████████

1

Exhibit 1 - 1

in 2013.

**SIGNATURE REDACTED**

2

Exhibit 1 - 2

# EXHIBIT 2

# Valuation Analysis Methodology for Rocky Flats Claim Purchases

## Rationale for Expedited Claim Purchases

Rocky Flats claimants may be interested in receiving an expedited cash purchase option for their claim to mitigate the following risks:

- **Uncertainty of payout**: In some class action cases, the settlement has fallen apart after the claims filing deadline and claimants have not received any payout. Most recently, in 2016, a federal appeals court threw out the $7.25 billion Visa MasterCard class action settlement before claimants could receive their distribution and the case was de-certified.

- **Uncertainty of time value of money**: There is an uncertain period of time between the claim filing deadline and the time at which a claimant might receive payment. For example, in *Etter et. al. v. Norcold, Inc.*, class action payments were recently delayed again for an unknown time period due to "unresolved and still pending" motions.

- **Financial hardship and immediate need of liquidity**: Claimants may need immediate access to cash due to financial hardship, non-discretionary living expenses, medical treatments, etc.

- **Mortality**: Many claimants are older and may be close to or exceeding life expectancy. They are concerned they will not be alive to receive their settlement and would like to expedite their ability to receive class action payments.

## Methodology for Valuing Claims

There are many variables in determining the current fair market value of a claim:

- Total net claim pool available for distribution
- Expected number of eligible claimants (for all potential rounds)
- Expected response rate of claimants (over 75%)
- Risk of eligibility and accuracy of data for each claimant (including property value)
- Estimated total assessed property values of claimants
- Number of rounds of distribution and follow-on criteria for payout (we assume 1 round)
- Risk of settlement and actual payout – (20%)
- Time value/cost of capital – (15%)
- Administrative and legal costs of purchase – ongoing, estimated at 5%
- Net return on capital to Optimal Settlements – target profit margin of 10%

In evaluating each claim, Optimal Settlements uses the following formula:

Gross Claim Value = ((Claimant's 1989 assessed property value ÷ aggregate assessed property values in 1989 of all eligible Rocky Flats properties) x total net claim pool) ÷ eligible claimant response rate x (1 - risk discount (20%) - time value of money discount % (15%))

The gross claim value is then discounted by 15% to account for Optimal Settlements legal/administrative costs and gross profit margin.

Key assumptions may be changed from time to time as data changes or new information becomes available.

Exhibit 2 - 1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 28th day of March, 2017, a copy of the foregoing:

**DECLARATION OF EILEEN CHIN IN SUPPORT OF MOTION FOR APPROVAL OF CLASS MEMBER COMMUNICATIONS**

was filed electronically.  This filing was served electronically to all parties by operation of the Court's electronic filing system.

/s/ *Michael A. Thurman*