# Exhibit 2

| **EXHIBIT 15 INDEX** | | |
|---|---|---|
| **Case Name** | **Court/Case No.** | **Document Description** |
| *Dahl v. Bain Capital Partners, LLC* | U.S.D.C. Ma. No. 07-cv-12388-WGY | Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Expenses, and Named Plaintiff Service Awards (Docket No. 1051) |
| *Dahl v. Bain Capital Partners, LLC* | U.S.D.C. Ma. No. 07-cv-12388-WGY | Order Granting [1051] Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Expenses, and Named Plaintiff Service Awards (Docket No. 1095) |
| *In re DDAVP Direct Purchaser Antitrust Litigation* | U.S.D.C. SDNY No. 05-civ-2237 (CS) | Order and Final Judgment Approving Settlement Between Direct Purchaser Class Plaintiffs and Defendants Ferring B.V., Ferring Pharmaceuticals, Inc., and Aventis Pharmaceuticals, Inc. (Docket No. 113) |
| *In re Graphite Electrodes Antitrust Litigation* | U.S.D.C. EDPa Master File No. 97-cv-4182; MDL No. 1244 | Order Approving Class Representatives' Petition for Incentive Payment (Docket No. 315) |
| *In re Hypodermic Products Antitrust Litigation* | U.S.D.C. NJ Master Docket No. 05-cv-1602 (JLL/MAH); MDL Docket No. 1730 | Order and Final Judgment Approving Direct Purchaser Class Settlement, Awarding Attorneys' Fees and Expenses, Awarding Incentive Awards to Class Representatives, Approving Plan of Allocation, and Dismissing Claims Against Defendant (Docket No. 461) |
| *In re Melridge, Inc. Securities Litigation* | U.S.D.C. Or. No. CV 87-1426-FR | Order Regarding Fees and Costs (Docket No. 2419) |
| *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation* | U.S.D.C. Del. C.A. No. 06-052-MPT | Direct Purchaser Plaintiffs' Brief in Support of Their Unopposed Motion for Final Approval of Proposed Settlement (Docket No. 192) |

| | **EXHIBIT 15 INDEX** | |
|---|---|---|
| **Case Name** | **Court/Case No.** | **Document Description** |
| *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation* | U.S.D.C. Del. C.A. No. 06-052-MPT | Order and Final Judgment Approving Settlement, Awarding Attorneys' Fees and Expenses, Awarding Representative Plaintiffs Incentive Awards, Approving Plan of Allocation, and Ordering Dismissal as to All Defendants (Docket No. 193) |
| *In re Neurontin Antitrust Litigation* | U.S.D.C. NJ Civil Action Nos. 02-1830; 02-2731 | Final Judgment and Order of Dismissal Approving Proposed Class Settlement and Dismissing Actions (Docket No. 114) |
| *In re Nifedipine Antitrust Litigation* | U.S.D.C. DC Civil Action No. 1:03-MC-223 (RJL); MDL No. 1515 | Order Granting Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Additional Expenses and Awards to Certified Class Representatives (Docket No. 333) |
| *In re Plasma-Derivative Protein Therapies Antitrust Litigation* | U.S.D.C. ND Il. No. 09-C-7666; MDL No. 2109 | Order Granting Class Plaintiffs' Motion for Interim Award of Attorneys' Fees and Reimbursement of Expenses (Docket No. 693) |
| *In re Plasma-Derivative Protein Therapies Antitrust Litigation* | U.S.D.C. ND Il. No. 09-C-7666; MDL No. 2109 | Plaintiffs' Motion for a Final Award of Attorneys' Fees, Reimbursement of Expenses, and Approval of Incentive Awards for the Class Representatives; Plaintiffs' Memorandum of Law in Support [Thereof] (Docket No. 697) *[Note: Exhibits omitted from this filing due to volume.]* |
| *In re Plasma-Derivative Protein Therapies Antitrust Litigation* | U.S.D.C. ND Il. No. 09-C-7666; MDL No. 2109 | MINUTE Entry Granting Plaintiffs' Motion for a Final Award of Attorneys' Fees, Reimbursement of Expenses, and Approval of Incentive Awards for the Class Representatives; Plaintiffs' Memorandum of Law in Support; and Entering Judgment. (Docket No. 701) |
| *In re Prandin Direct Purchaser Antitrust Litigation* | U.S.D.C. Mich. No. 2:10-cv-12141-AC-DAS | Order and Final Judgment Approving Class Action Settlement (Docket No. 68) |

| **EXHIBIT 15 INDEX** | | |
|---|---|---|
| **Case Name** | **Court/Case No.** | **Document Description** |
| *In re Skelaxin (Metaxalone) Antitrust Litigation* | U.S.D.C. EDTN Lead Case No. 2:12-cv-83; MDL No. 2343 | Memorandum of Law in Support of Class Counsel's Motion for an Award of Attorney Fees, Reimbursement of Expenses, and Awards for the Named Plaintiffs; Affidavit of Ronald J. Berke, Esq.; Declaration of Professor Dean Hill Rivkin; Declaration of Thomas M. Sobol; Exhibits 1-5 (Docket No. 722) |
| *In re Skelaxin (Metaxalone) Antitrust Litigation* | U.S.D.C. EDTN Lead Case No. 2:12-cv-83; MDL No. 2343 | Order Granting Class Counsel's Motion for Attorney Fees, Reimbursement of Expenses, and Awards for the Named Plaintiffs (Docket No. 747) |
| *In re Tricor Direct Purchaser Antitrust Litig.* | U.S.D.C. Del. No. 05-340 (SLR); 05-351; 05-358 | Order and Final Judgment Approving Settlement, Awarding Attorneys' Fees and Expenses, Awarding Representative Plaintiff Incentive Awards, Approving Plan of Allocation, and Ordering Dismissal as to All Defendants (Docket No. 543) (Reported at 2009 U.S. Dist. LEXIS 133251) |
| *In re U.S. Foodservice, Inc. Pricing Litigation* | U.S.D.C. Ct. No. 3:07-md-1894 (AWT) | Order Approving Settlements and Final Judgment (Docket No. 521) |
| *In re Urethane Antitrust Litigation* | U.S.D.C. Kan. No. 04-MD-1616-JWL-JPO | Order Awarding Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Payments |
| *IVAX Corp. v. Aztec Peroxides, LLC* | U.S.D.C. DC 1:02CV00593 (JR) | Order [Approving Class Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Award to the Named Plaintiffs] (Docket No. 78) |
| *Marchbanks Truck Service, Inc. v. Comdata Network, Inc.* | U.S.D.C. EDPA No. 07-1078-JKG | Order for an Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Service Awards to the Class Representatives (Docket No. 713) |
| *Meijer, Inc. v. Abbott Laboratories* | U.S.D.C. NDCA No. 07-5985 CW | Order Granting Final Approval of Settlement and Entering Final Judgment of Dismissal with Prejudice (Docket No. 514) |

3

| **EXHIBIT 15 INDEX** |||
|---|---|---|
| **Case Name** | **Court/Case No.** | **Document Description** |
| *Meijer, Inc. v. Barr Pharmaceuticals, Inc.* | U.S.D.C. DC No. 05-2195 (CKK) | Order and Final Judgment Approving Settlement Between Direct Purchaser Class Plaintiffs and Defendant Barr Pharmaceuticals, Inc., Awarding Attorneys' Fees and Expenses, Awarding Representative Plaintiff Awards, Approving Plan of Allocation, and Order Dismissal as to All Defendants (Docket No. 210) |
| *Mylan Pharmaceuticals, Inc. v. Warner Chilcott Public Limited Co.* | U.S.D.C. EDPA No. 12-3824 | Order That the Clerk is Directed to Enter Final Judgment. The Entry of Final Judgment is Appropriate Because this Order Fully and Finally Adjudicates the Class's Claims Against All Defendants, Allows Execution of Settlement and Will Expedite the Distribution of the Settlement Proceeds to Class Members (Docket No. 665) |
| *Rochester Drug Co-Operative, Inc. v. Braintree Laboratories, Inc.* | U.S.D.C. Del. No. 07-142-SLR | Order and Final Judgment Approving Settlement, Awarding Attorneys' Fees and Expenses, Awarding Representative Plaintiff Incentive Awards, Approving Plan of Allocation, and Ordering Dismissal as to the Defendant (Docket No. 243) |
| *Standard Iron Works v. Arcelormittal, et al.* | U.S.D.C. NDIL No. 08 C 5214 | Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses to Class Counsel from the Common Settlement Funds, and Approving Plan of Allocation and Distribution (Docket No. 539) |

EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re METOPROLOL SUCCINATE ANTITRUST LITIGATION | |
| THIS DOCUMENT REALATES TO:<br><br>Direct Purchaser Action | Civil Action No. 06-52 GMS-MPT |

## DECLARATION OF TINA M. CHIANGO
## REGARDING DISSEMINATION OF NOTICE TO THE CLASS

I, Tina M. Chiango, being first duly sworn according to law, depose and say as follows:

1. I am a manager for the Certified Public Accounting firm of Heffler, Radetich & Saitta L.L.P. ("HR&S"), the offices of which are at Suite 1700, 1515 Market Street, Philadelphia, Pennsylvania 19102. I have personal knowledge of the matters set forth in this declaration and, if called upon as a witness, I could and would competently testify to these matters under penalty of perjury.

2. HR&S performed the services listed herein under my supervision relating to dissemination of the Notice to the Class dated November 22, 2011 (herein referred to as the "Notice") under the direction of Co-Lead Counsel for the Class. A copy of the Notice is annexed hereto as Exhibit A.

3. HR&S received an excel file via email from the Court-Appointed economic consulting firm, Econ One, Inc., containing the names and addresses of 33 potential Class members. I understand that Econ One derived these names and addresses from a database produced by Defendants in this litigation.

4. HR&S had these names and addresses compiled into our computer mailing database.

Using data from previous litigations in which HR&S had contact with some of these same potential Class Members, HR&S added a contact person, if available, to the mailing address.

5. Each of these 33 names and addresses were printed on labels and affixed to an envelope containing a copy of the Notice.

6. The 33 addressed envelopes were mailed via first-class mail on November 22, 2011. One of these Notices addressed to Drogueria De La Villa Inc. in Puerto Rico was returned on January 3, 2012 as undeliverable. The postal service indicated that the address was vacant. HR&S was able to acquire an updated address for this potential Class Member. HR&S contacted this company and was able to verify the correct address and re-mailed a Notice on January 10, 2012.

7. HR&S also created the website www.toproldirectsettlement.hrsclaims.com. Class members are able to go to the website and review a copy of the Notice, read various FAQs, and contact our office with any questions. In addition to the Notice, a copy of the Direct Purchaser Class Plaintiffs' Brief In Support Of Their Motion For An Award Of Attorneys' Fees, Reimbursement Of Expenses And Payment Of Incentive Awards To The Representative Plaintiffs, as well as the Declaration Of Co-Lead Counsel Eric L. Cramer are also available for review on the website.

8. According to the Notice, the date for Class Members to exclude themselves from the Class, by serving a notice on HR&S, was January 4, 2012. Through January 9, 2012, HR&S has not received any requests for exclusion from the Class. HR&S is also unaware of any objections to the Settlement.

_____
TINA M. CHIANGO

DATED: January 10, 2012

2

# EXHIBIT A

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE</u>

# If you bought Toprol-XL directly from AstraZeneca, you could get a payment from a class action settlement.

*A federal court authorized this notice. It is not a solicitation from a lawyer.*

- The purpose of this notice is to alert you to the existence of a Class Action Lawsuit (the "Lawsuit") brought by Direct Purchasers of Toprol-XL (metoprolol succinate) against Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB and Aktibolaget Hassle (collectively, "AZ" or the "Defendants"), and giving you the opportunity to exclude yourself from the Lawsuit by taking action within 30 days of this Notice. The Lawsuit asserts that the Defendants violated antitrust laws relating to the sale of Toprol-XL, a prescription pharmaceutical. Defendants have denied any wrongdoing.

- This notice is also to inform you that a settlement with the Defendants has been reached (the "Settlement") and that the Court has certified, for purposes of settlement, a class of certain entities that purchased Toprol-XL directly from the Defendants at any time between May 5, 2005 and September 23, 2011 (the "Class" or the "Direct Purchaser Class") that will provide a total of $20 million ($20,000,000.00) to resolve the Class's claims against the Defendants (the "Settlement Fund"). Defendants have also agreed to pay, in addition to the $20 million payment, up to $750,000 toward the costs associated with administration of notice to the Class and distribution of the Settlement Fund to all claimants.

- The Court has scheduled a hearing to decide upon final approval of the settlement, the plan for allocating the Settlement Fund to Class Members (summarized in Question 8 below), and Class Counsel's request for reimbursement of costs and payment of attorneys' fees out of the Settlement Fund. That hearing is scheduled for January 26, 2012 at 2:00 p.m. EST before Magistrate Judge Mary Pat Thynge (to whom this matter was referred by consent of the parties pursuant to an Order signed by Chief U.S. District Court Judge Gregory M. Sleet on November 15, 2011) in Courtroom 2B at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Room 4324, Unit 19, Wilmington, Delaware 19801-3569.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **SUBMIT A CLAIM FORM AS PROMPTLY AS POSSIBLE** | You do not need to do anything now to retain your right to seek a share of the Settlement Fund. But if the Settlement with the Defendants is approved and you are a Class Member, at a later date, you will need to complete, sign and return a Claim Form to obtain a share of the Settlement Fund. |
| **EXCLUDE YOURSELF** | You will not share in the Settlement, you will not be legally bound by anything that happens in this Lawsuit, and you may be able to sue (or continue to sue) Defendants in the future about the legal issues in this case. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the Settlement with the Defendants. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement with the Defendants, and if it does not, the lawyers will need to prove the claims against the Defendants at trial.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ..................................................................................... **PAGE 3**
  1. Why did I get this notice?
  2. What is this lawsuit about?
  3. Why is this lawsuit a class action?
  4. Has the Court identified Class Claims, Issues, or Defenses?
  5. Why is there a settlement with the Defendants?

**WHO IS IN THE CLASS AND SETTLEMENT** ..................................................... **PAGE 4**
  6. Am I part of the Class and the Settlement with the Defendants?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ............................................ **PAGE 5**
  7. What does the settlement with the Defendants provide?
  8. How much will my payment be?
  9. How can I get a payment?
  10. When would I get my payment?

**EXCLUDING YOURSELF FROM THE CLASS AND THE SETTLEMENT** ................ **PAGE 5**
  11. Can I get out of the Settlement?
  12. If I don't exclude myself, can I sue the Defendants for the same thing later?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM** ......................... **PAGE 6**
  13. How can I get a payment?

**THE LAWYERS REPRESENTING YOU** ............................................................ **PAGE 6**
  14. Do I have a lawyer in this case?
  15. Should I get my own lawyer?
  16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ................................................................ **PAGE 7**
  17. How do I tell the Court that I do not like the Settlement with the Defendants?

**THE COURT'S FAIRNESS HEARING** ................................................................ **PAGE 7**
  18. When and where will the Court decide whether to approve the Settlement?
  19. Do I have to come to the hearing?
  20. May I speak at the hearing?

**IF YOU DO NOTHING** .................................................................................. **PAGE 8**
  21. What happens if I do nothing at all?

**GETTING MORE INFORMATION** .................................................................. **PAGE 8**
  22. How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this notice?

You received this notice because according to available records, you may have purchased Toprol-XL directly from the Defendants at some point between May 5, 2005 and September 23, 2011 and therefore you may be a member of the Class certified by the Court in light of Settlement.

### 2. What is this lawsuit about?

Plaintiffs allege that Defendants violated federal antitrust laws by engaging in an unlawful scheme to delay or block the market entry of less expensive, generic versions of Toprol-XL. Plaintiffs allege that this unlawful scheme involved: (1) improperly obtaining Patent Nos. 5,001,161 (the "'161 Patent") and 5,081,154 (the "'154 Patent) through knowing and willful fraud by making false and misleading representations to the Patent and Trademark Office (the "PTO") which, in the absence of the fraud, would not have issued the '161 or '154 Patents; (2) making a sham listing of the '161 and '154 Patents in the "Orange Book", a document maintained by the Food and Drug Administration ("FDA"); and (3) filing and pursuing sham litigation against potential generic competitors. A copy of the Plaintiffs' Consolidated Amended Class Action Complaint, filed on June 5, 2006 (the "Complaint") is available at www.toproldirectsettlement.hrsclaims.com. Plaintiffs allege that Defendants' conduct violated the antitrust laws, and delayed the availability of less expensive, generic versions of Toprol-XL. Plaintiffs further allege that they and the other members of the Class were injured as a result of the Defendants' illegal acts by paying more for extended release metoprolol succinate products than they would have paid otherwise and/or from being unable to purchase less expensive, generic versions of extended release metoprolol succinate.

The Defendants deny all these allegations, including that any Plaintiff or Class Member is entitled to damages or other relief. The Settlement is not an admission of wrongdoing by any of the Defendants. No trial has been held.

Following investigation of relevant facts and extensive negotiations with the Defendants, the class representatives (defined below), on behalf of the class, entered into a Settlement Agreement with the Defendants. The terms of the Settlement, which is subject to final approval by the Court, are set forth in written Settlement Agreement dated as of September 23, 2011 (the "Settlement Agreement"). The Settlement Agreement provides that AZ will pay $20 million in cash to the Class in exchange for a release of all claims against the Released Parties (as defined in the Settlement Agreement) related to the conduct alleged in the Class Action. Defendants have also agreed to pay the costs of administration of notice and distribution of the Settlement Fund up to $750,000.00. The Settlement Agreement is available for review at a website established by the Court appointed Claims Administrator, Heffler, Radetich & Saitta LLP (www.toproldirectsettlement.hrsclaims.com). The Settlement Agreement contains the full text of the release for your review.

THE COURT HAS NOT DECIDED WHETHER THE DEFENDANTS VIOLATED ANY LAWS. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF PLAINTIFFS' CLAIMS OR THE DEFENSES ASSERTED BY THE DEFENDANTS.

The class action is known as *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation,* Civil Action No. 06-cv-52 (D. Del.). Magistrate Judge Mary Pat Thynge (to whom this matter was referred by consent of the parties pursuant to an Order signed by Chief U.S. District Court Judge Gregory M. Sleet on November 15, 2011) of the United States District Court for the District of Delaware is overseeing this class action.

### 3. Why is this lawsuit a class action?

In a class action, one or more entities called "Class Representatives" sued on behalf of other entities with similar claims. In this case, the Class Representatives are American Sales Company, Inc., Meijer, Inc., Meijer Distribution, Inc., and Rochester Drug Co-operative, Inc.

The Class Representatives and the entities on whose behalf they have sued are together a "Class" or "Class Members." They are also called the "Plaintiffs." Their attorneys are called "Plaintiffs' Counsel" or "Class Counsel."

The companies that have been sued are called the Defendants. In this case, the Defendants are AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB and Aktiebolaget Hassle (collectively "AZ" or "Defendants")

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those Class Members who exclude themselves from the class. The Court, by order dated November 16, 2011, certified a Class in this case in light of Settlement. A copy of the Court's order may be found at www.toproldirectsettlement.hrsclaims.com.

The Court determined that, in light of the Settlement, this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court has found that:

- The number of Class Members is so numerous that joining them all into one suit is impractical.
- Members of the Class share common legal or factual issues relating to the claims in this case.
- The claims of the Class Representatives are typical of the claims of the rest of the Class.
- The Class Representatives and the lawyers representing the Class will fairly and adequately protect the Class's interests.
- The common legal questions and facts predominate over questions affecting only individual members of the Class, and this class action will be more efficient than individual lawsuits.

### 4. Has the Court identified Class Claims, Issues, or Defenses?

Magistrate Judge Thynge has identified, in light of the Settlement, the following classwide issues:

(a) Whether the conduct challenged by the Class as anticompetitive in the Complaint constituted a conspiracy or violated Section 2 of the Sherman Act, 15 U.S.C. § 2;

(b) Whether Defendants' challenged conduct caused antitrust injury-in-fact to the Class, in the nature of overcharges; and

(c) What the amount of overcharge damages are, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 15.

### 5. Why is there a settlement with the Defendants?

The Plaintiffs and the Defendants were preparing to proceed with the litigation and eventually to go to trial, but they, working with a court-appointed Settlement Master, have now agreed to the Settlement. By settling, both sides avoid the risk of trial and the continued costs of litigation. The Class obtains compensation and avoids the delays of continued litigation, and the risk that continued litigation ultimately would result in less or no compensation. The Class Representatives and Class Counsel believe that the proposed Settlement is fair, adequate, and reasonable and in the best interests of the Class.

## WHO IS IN THE CLASS AND SETTLEMENT

To see if you are in the Class, and if you will get money from the settlement with the Defendants, you first have to decide if you are a Class Member.

### 6. Am I Part of the Class and the settlement with the Defendants?

You are in the Class if you are a person or entity in the United States (including, for avoidance of doubt, persons and entities in Puerto Rico) who purchased Toprol-XL directly from any of the Defendants at any time from May 5, 2005 through September 23, 2011 (the "Class Period"), including persons and entities who have received assignments or partial assignments of rights from direct purchasers of Toprol-XL. Excluded from the Class are Defendants and their parents, employees, subsidiaries, and affiliates, and federal government agencies. Also excluded from the class are non-class direct purchaser plaintiffs in *Walgreen Co., et al. v. AstraZeneca Pharmaceuticals LP, et al.*, 10-cv-580 (GMS) (D. Del.) and *CVS Pharmacy Inc., et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, 10-cv-897 (GMS) (D. Del.) (the "Opt-Out Actions"), namely Rite Aid Corp., Rite Aid Hdqtrs. Corp., CVS Pharmacy, Inc., Caremark L.L.C., JCG (PJC) USA, LLC, Maxi Drug, Inc. D/B/A Brooks Pharmacy, Eckerd Corporation, Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company LP, and Supervalu Inc., both for the claims these entities are pursuing directly and for the claims they are pursuing based upon assignments or partial assignments of claims from certain members of the Class as described in the complaints filed in the Opt-Out Actions.

4

If you are not sure whether you are included, you may call or write to the Court appointed Claims Administrator or the lawyers in this case at the telephone numbers or addresses listed in Question 14 below. **The Claims Administrator is: Heffler, Radetich & Saitta LLP, c/o Toprol Direct Settlement, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.** If you wish to exclude yourself from the Class, please refer to Question 11.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 7. What does the settlement with the Defendants provide?

AZ has agreed to pay $20 million in cash into a Settlement Fund (which will include any interest that accrues). AZ has also agreed to pay the costs of administration of notice and distribution of the Settlement Fund up to $750,000.00. Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees (of up to one-third of the Settlement Fund plus interest), litigation expenses, and service awards to the three Class Representatives of $50,000 each for their service to the Class. The remainder (the "Net Settlement Fund") will be divided among Class Members. Costs of administering the Settlement of up to $750,000 will be paid for separately by Defendants.

In exchange, the Defendants will be released and discharged from all antitrust and similar claims relating to the conduct at issue in the Class Action. The full text of the release is included in the Settlement Agreement, available at www.toproldirectsettlement.hrsclaims.com.

### 8. How much will my payment be?

Your share of the Net Settlement Fund will depend on the amount of Toprol-XL in units you directly purchased from the Defendants during the Class Period. Generally, those who purchased more Toprol-XL during that period will get a higher recovery.

The Net Settlement Fund will be distributed to the Claimants *pro rata* based on purchase volumes in units, and thus your share of the Net Settlement Fund will also depend on the number of timely and valid claim forms that Class Members submit. If fewer than 100% of the Class members submit claim forms, you could get a larger *pro rata* share.

### 9. How can I get a payment?

If the Settlement is approved by the Court, all Class Members will receive a Claim Form to request a *pro rata* share of the Settlement Fund. You may be asked to verify the accuracy of the information in the claim form, and to sign and return the form according to the directions on the form.

### 10. When would I get my payment?

Payment is conditioned on several matters, including the Court's approval of the Settlement and upon any appeal being final (and no longer subject to any appeals to any court). Upon satisfaction of various conditions, the Net Settlement Fund will be allocated to Class Members on a *pro rata* basis pursuant to the Plan of Allocation approved by the Court as soon as possible after final approval has been obtained for the Settlement. If there is an appeal of the Settlement's final approval, the appeal could take several years to resolve. Any accrued interest on the Net Settlement Fund will be included, *pro rata*, in the amount paid to the Class Members. The Settlement Agreement may be terminated on several grounds, including if the Court does not approve the Settlement or materially modifies it. Also, the settlement may be terminated if too many Class Members choose to exclude themselves from the Class, pursuant to a separate agreement between Defendants and Plaintiffs that will not be filed with the Court unless the Court orders otherwise. If the Settlement Agreement is terminated, the Lawsuit will proceed as if the Settlement had not been reached.

## EXCLUDING YOURSELF FROM THE CLASS AND THE SETTLEMENT

### 11. Can I get out of the Settlement?

Yes, if you exclude yourself from the Class on or before 30 days from the date of this notice. To exclude yourself, you must send a letter via first class U.S. mail saying that you want to exclude yourself from *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation,* Civil Action No. 06-cv-52 (D. Del.). Be sure to include your name, address, telephone number, and your signature. Mail the exclusion to the Claims Administrator at the following address: **Heffler, Radetich & Saitta LLP, c/o Toprol Direct Settlement, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.** Your letter requesting exclusion must be postmarked no later than **December 28, 2011**.

5

If you ask to be excluded from the Class, you will not get to share in the Settlement. You will not be legally bound by anything that happens in this Lawsuit, including the Settlement, and you may be able to sue (or continue to sue) Defendants in the future about the legal issues in this case.

If you exclude yourself so you can start or continue your own lawsuit against Defendants, you should talk to your own lawyer soon, because your claims will be subject to a statute of limitations, which means that your claims will expire if you do not take timely action. You need to contact your own lawyer about this issue.

If you do not exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the legal issues in this case. All of the Court's orders will apply to you and legally bind you. You will also be bound by the settlement with the Defendants, if the Court grants final approval, and the final judgment entered in the case.

**12. If I don't exclude myself, can I sue Defendants for the same thing later?**

No. If you remain in the Class and share in the Settlement, you give up your right to sue the Defendants. That is called "releasing" your claims and potential claims relating to your purchases of Toprol XL from the Defendants. The full text of the release is included in the Settlement Agreement.

If you have your own pending lawsuit, speak to your lawyer in that case immediately, because you must exclude yourself from this Class to continue your own lawsuit. Remember the exclusion deadline is December 28, 2011.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**13. How can I get a payment?**

**You do not need to do anything at this time to keep the right to seek a share of the total Settlement Fund.** However, you must complete, sign and return the Claim Form in order to receive a payment from the Net Settlement Fund. You will receive a claim form in the mail at a later date.

## THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

The lawyers listed below have been appointed by the Court as Class Counsel. They are experienced in handling similar cases against other companies. The lawyers are:

| | | |
|---|---|---|
| Eric L. Cramer | Linda P. Nussbaum | Thomas M. Sobol |
| Berger & Montague, P.C. | Grant & Eisenhofer, P.A. | David S. Nalven |
| 1622 Locust Street | 485 Lexington Ave. | Hagens Berman Sobol Shapiro LLP |
| Philadelphia, PA 19103 | New York, NY 10017 | 55 Cambridge Parkway, Suite 301 |
| (215) 875-3000 | (646) 722-8500 | Cambridge, MA 02142 |
| www.bergermontague.com | www.gelaw.com | (617) 482-3700 |
| | | www.hbsslaw.com |

**15. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel are working on your behalf. However, if you wish to do so, you may retain your own lawyer at your own expense.

**16. How will the lawyers be paid?**

If the Court approves the Settlement, the Court will be asked to approve a fee to the lawyers of no more than one-third of the Settlement Fund (including accrued interest) plus reimbursement to the lawyers for the costs and expenses they have paid to litigate the case. You will not have to pay these fees, costs and expenses out of your own pocket. If the Court grants Class Counsel's requests, these amounts would be deducted from the Settlement Fund. Class Counsel also will apply for incentive or service awards to the three Class Representatives for their services to the Class of $50,000 each. Class Counsel's application for an award of attorneys' fees, reimbursement of expenses and incentive awards to the Class Representatives will be filed with the Court and made available for download and/or viewing on or before December 19, 2011 on the internet sites maintained by Class Counsel listed above, and on the following website of the

Claims Administrator: www.toproldirectsettlement.hrsclaims.com. These papers will also be available at the office of the Clerk of the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Room 4324, Unit 19, Wilmington, Delaware 19801-3569, during normal business hours.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement with the Defendants or some part of it, and/or the application for attorneys' fees, costs, and expenses, and/or the service awards. If you exclude yourself from the Class, however, you can not object to the Settlement or application for fees, costs, expenses and service awards.

**17. How do I tell the Court that I do not like the Settlement with the Defendants?**

If you are a Class Member (and have not excluded yourself), you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter via first class U.S. mail saying that you object to the settlement in *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, Civil Action No. 06-cv-52 (D. Del.). Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement. Mail the objection to all of the following:

| | | |
|---|---|---|
| Eric L. Cramer | Linda P. Nussbaum | Thomas M. Sobol |
| Berger & Montague, P.C. | Grant & Eisenhofer, P.A. | David S. Nalven |
| 1622 Locust Street | 485 Lexington Ave. | Hagens Berman Sobol Shapiro, LLP |
| Philadelphia, PA 19103 | New York, NY 10017 | 55 Cambridge Parkway, Suite 301 |
| (215) 875-3000 | (646) 722-8500 | Cambridge, MA 02142 |
| | | (617) 482-3700 |
| | | |
| John W. Treece | Michael Kelly | Clerk of the United States District |
| Sidley Austin LLP | James J. Freebery | Court for the |
| One South Dearborn | McCarter & English, LLP | District of Delaware |
| Chicago, IL 60603 | Renaissance Center | J. Caleb Boggs Federal Building |
| (312) 853-7000 | 405 N. King Street, 8th Floor | 844 N. King Street |
| | Wilmington, DE 19801 | Wilmington, DE 19801-3569 |
| | (302) 984-6300 | |

Your objection **must be postmarked no later than January 4, 2012.**

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and, if you have not excluded yourself from the Class, you may ask to speak, but you do not have to.

**18. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at **2:00 pm on January 26, 2012**, in Courtroom 2B at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801-3569. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer questions that Magistrate Judge Thynge may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your

7

written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Moreover, attendance is not necessary to receive a *pro rata* share of the Net Settlement Fund.

**20. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter via first class U.S. mail saying that it is your "Notice of Intention to Appear in *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation,* Civil Action No. 06-cv-52 (D. Del.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **January 4, 2012,** and must be sent to the Clerk of the Court, Class Counsel and Defendants' counsel, at the addresses set forth in the response to Question 17. You cannot speak at the hearing if you excluded yourself as a Class Member.

## IF YOU DO NOTHING

**21. What happens if I do nothing at all?**

If you are a Class Member and you do nothing, you will participate in the Settlement as described in this notice, if the Settlement is approved. However, you will need to complete, sign and return the Claim Form that will be mailed to you at a later date in order to obtain a payment.

## GETTING MORE INFORMATION

**22. How do I get more information?**

If you have questions about this case or want to get additional information, you may call or write to, or visit the websites of, any of the lawyers listed in answer to Question 14 or you may call the Settlement Administrator toll-free at 1-800-481-7948. This is only a summary of the proposed Settlement and is qualified in its entirety by the terms of the actual Settlement Agreement. A copy of the Settlement Agreement, including the releases, is on public file with the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801-3569 during normal business hours and is also available for download and/or viewing at www.toproldirectsettlement.hrsclaims.com.

**PLEASE DO NOT WRITE OR CALL THE COURT
OR THE CLERK'S OFFICE FOR INFORMATION.**

DATE: November 22, 2011                    BY THE COURT
                                           Honorable Mary Pat Thynge
                                           United States Magistrate Judge

IMPORTANT COURT DOCUMENT