# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

## SETTLEMENT AGREEMENT

---

      This Settlement Agreement (the "Settlement Agreement") is entered on May 18, 2016, by plaintiffs Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk[1] (the "Named Plaintiffs"), the Settlement Class (defined below), defendant The Dow Chemical Company ("Dow"), and defendant The Boeing Company as successor-in-interest to defendant Rockwell International Corporation ("Rockwell") (collectively, Dow and Rockwell are the "Defendants"), for the purpose of settling the above-captioned lawsuit, which was brought as a public liability action under the Price-Anderson Act ("PAA"), 42 U.S.C. § 2210 *et seq.* and under diversity jurisdiction (the "Action"), and is pending in the United States District Court for the District of Colorado (the "District Court").  Each of the Named Plaintiffs, individually and as representatives of the stipulated Settlement Class, Dow, and Rockwell is a "Party" to this Settlement Agreement and collectively are the "Parties."  Rockwell Automation, Inc. is a separate signatory to the Settlement Agreement, but solely in its capacity as Boeing's indemnitor and for the purpose of acknowledging its indemnity obligations to Boeing.

---

[1] Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

# RECITALS

A.      This is a settlement of a public liability action under the PAA and all claims that the Named Plaintiffs brought or could have brought (other than claims for actual bodily injury) subject to paragraph 7, below.

B.      The Named Plaintiffs commenced the Action in 1990 by filing a complaint against Dow and Rockwell on behalf of themselves and a putative class of persons and entities owning an interest in real property near the Rocky Flats Nuclear Weapons Plant in Jefferson County, Colorado.  The federal government owned the Rocky Flats plant and hired contractors to operate it.  Dow operated the plant from 1952 to 1975; Rockwell International operated the plant from 1975 to 1989.

C.      The complaint, as amended, asserts public liability under the PAA for property damage caused by plutonium releases from the Rocky Flats plant, and trespass and nuisance claims.  Plutonium is "special nuclear material" under the PAA, 42 U.S.C. § 2014(aa).  Plaintiffs allege that these plutonium releases exposed class members to radiation, contaminated their property, increased their cancer risk, and substantially and unreasonably interfered with the use and enjoyment of their property.  Because the alleged nuclear incidents occurred in Colorado, the District Court, pursuant to the PAA, 42 U.S.C. § 2014(hh), derived the substantive rules for decision for plaintiffs' trespass and nuisance claims from Colorado law.

D.      This Action has been litigated for more than two decades.  The lengthy litigation proceedings have included the following significant events:

  1.      The District Court certified a class of property owners in 1993.

  2.      Plaintiffs tried their PAA trespass and nuisance claims to a jury in 2005, which resulted in a verdict in favor of the class and a judgment against Defendants in the amount of $926,104,087.

  3.      Defendants appealed to the Tenth Circuit, which concluded that the PAA has its own injury requirements, on which the jury had not been instructed.  The Court also vacated the District Court's class certification ruling, reversed and remanded the case, and directed the District Court to "vacate the judgment." *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1133 (10th Cir. 2010) (*Cook Appeal I*).

  4.      Plaintiffs argued on remand to the District Court that they were entitled to reinstate the judgment as a state law nuisance claim, independent of the PAA.  The District Court rejected that argument, ruling that the PAA "establishes an exclusive federal remedial scheme" for the claims asserted by Plaintiffs and, accordingly, entered judgment in favor of Defendants.  *Cook v. Rockwell Int'l Corp.*, 13 F. Supp. 3d 1153 (D. Colo. 2014).

2

5.      Plaintiffs appealed to the Tenth Circuit, which reversed the District Court, holding that the PAA did not preempt the Named Plaintiffs' nuisance claim under Colorado law and that the Named Plaintiffs could seek reinstatement of the prior nuisance judgment under Colorado law, and remanded for additional proceedings, including consideration of whether the District Court could recertify the class. *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088 (10th Cir. 2015) (*Cook Appeal II*).

E.      Until execution of this Settlement Agreement, the Parties continue to litigate this Action in the District Court and in the United States Supreme Court.

1.      Currently before the District Court is, *inter alia*, Plaintiffs' Corrected Motion for Entry of Judgment based on the 2006 nuisance verdict in the amount (with interest as of November 2, 2015) of $897,152,208.73 against Rockwell and $384,493,802.56 against Dow.

2.      The Parties also are pursuing United States Supreme Court review of *Cook Appeal I* and *Cook Appeal II*.  Defendants' petition for writ of certiorari asks the United States Supreme Court to review *Cook Appeal II* and seeks a determination that Plaintiffs have no means of recovery other than through a public liability action under the PAA.    The Named Plaintiffs' conditional cross-petition asks the Supreme Court to review *Cook Appeal I* if the Supreme Court reviews *Cook Appeal II*, and seeks a determination that the PAA does not impose a federal injury requirement different from Colorado state nuisance law.

F.      Class Counsel and the Named Plaintiffs have thoroughly analyzed the facts and law regarding this matter and have concluded that this settlement is in the best interest of the Settlement Class because of the risk, among others, that the Supreme Court could overturn *Cook Appeal II*, affirm that this Action is a public liability action under the PAA, and leave Named Plaintiffs and the Settlement Class without any recovery.

G.      Defendants have concluded that there is a risk that the Supreme Court, if it overturns *Cook Appeal II*, could also overturn *Cook Appeal I*, which, while affirming this Action is a public liability action under the PAA, could have the effect of reinstating the original judgment that *Cook Appeal I* set aside.

H.      Both Named Plaintiffs and Defendants also recognize that the Supreme Court could deny certiorari on both *Cook Appeal I* and *II*, which would leave the Parties in their present posture of contested proceedings in the District Court.

I.      In light of these risks arising from these Supreme Court proceedings relating to the PAA, as well as the risk to both sides of other adverse rulings and developments that will prolong and increase the costs of this litigation, the Parties now agree to compromise and settle this action.

3

J.     This Settlement Agreement is a product of extensive arm's-length settlement negotiations over more than seven months between counsel for the Parties and through and with the assistance of a mediator, the Honorable Layn Phillips, former United States District Judge.

## SETTLEMENT TERMS

In consideration of the mutual promises and releases contained in this Settlement Agreement, the Parties stipulate and agree to the following terms, which together constitute the "Settlement":

1.     THE SETTLEMENT CLASS.  The Parties are entering into a separate stipulation, in conjunction with this Settlement Agreement, to the certification of a "Settlement Class" or "Class" or "Property Class" defined as all persons and entities who have not previously opted out or who do not timely opt out of the class and who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area (defined below), exclusive of governmental entities, Defendants, and Defendants' affiliates, parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached to this Settlement Agreement as Exhibit A.  "Settlement Class Members" means each and every member of the Settlement Class.   "Class Counsel" means counsel for the Named Plaintiffs and Settlement Class Members. Defendants have stipulated to certification of the Settlement Class, subject to the reservation of rights stated in Paragraph 17 and contained in the separate stipulation.

2.     PAYMENT. The total funds payable under this Settlement Agreement shall equal and shall in no event exceed $375,000,000 (other than pursuant to Paragraph 2(f)(ii)), to be paid as follows:

(a)     <u>Initial Payments</u>.  Within ten (10) business days following the date the Parties execute this Settlement Agreement, Dow and Rockwell will make, or cause to be made, the following payments by wire transfers to an agreed-upon escrow account: Dow will pay, or cause to be paid, $1,250,000; Rockwell will pay, or caused to be paid, $1,250,000.   Upon the District Court entering an order granting preliminary approval of the Settlement (the "Preliminary Approval Order"), such funds shall be available to Class Counsel to draw upon only for District Court-approved costs of Notice and other settlement administration costs incurred after the date of this Settlement Agreement, and shall not be drawn upon for costs incurred before the date of this Settlement Agreement or for any counsel fees (other than relating directly to Notice or  settlement administration and as approved by the Court).   If approved costs under this subparagraph exceed $2,500,000, then, upon a showing of good cause, Dow and Rockwell will make, or cause to be made,

4

Replenishment Payments in $2,500,000 increments (for each such increment, Dow will pay, or cause to be paid $1,250,000, and Rockwell will pay, or cause to be paid, $1,250,000), but payments under this Paragraph 2(a) shall not exceed a total of $10,000,000.

(b)     <u>Interim Payments</u>.  If the District Court enters an order granting final approval of the Settlement sooner than one year following the date the Court enters the Preliminary Approval Order, then within fifteen (15) business days following entry of such order Dow and Rockwell shall make, or cause to made, the following payments by wire transfers to an agreed-upon escrow account: Dow will pay, or cause to be paid, $4,000,000; Rockwell will pay, or cause to be paid, $4,000,000.  Such funds may, with District Court approval, be drawn upon to pay out-of-pocket litigation costs and expenses previously incurred by Class Counsel, but shall not be drawn upon for any counsel fees.

(c)     <u>Final Payments</u>.  If the District Court enters the Preliminary Approval Order, then on the earlier of (i) one year following the date the Court enters the Preliminary Approval Order, (ii) July 28, 2017, or (iii) ten (10) business days from the date on which the United States Department of Energy ("DOE") satisfies its nuclear hazards indemnification obligations to Defendants by transferring to Defendants $375,000,000, Dow and Rockwell will make, or cause to be made, the following Final Payments by wire transfers to an agreed-upon escrow account: Dow will pay, or cause to be paid, $131,250,000, less the amount of its Initial, Replenishment or Interim Payments, if any; Rockwell will pay, or cause to be paid, $243,750,000, less the amount of its Initial, Replenishment or Interim Payments, if any.  The Final Payment funds, after deductions, as approved by the District Court, for payment of (a) attorneys' fees, costs and expenses; (b) service awards to the Named Plaintiffs; (c) taxes payable by the Settlement Fund; and (d) any and all notice and administrative costs and expenses associated with the Settlement, shall be distributed in accordance with the District Court's approved allocation plan and only after the Settlement Agreement becomes final as specified in Paragraph 3(d).

(d)     <u>Settlement Fund</u>.  Together, the payments specified in this paragraph, with any accrued interest, shall be the "Settlement Fund." Pending the Settlement Agreement becoming final as specified in Paragraph 3(d), funds on deposit in the agreed-upon escrow account pursuant to the foregoing payment provisions shall be invested solely in United States Treasury Securities of 12 months or shorter duration, *except that* funds paid pursuant to Paragraph 2(a) or needed for payments within one week may be deposited in a federally insured bank account.  The escrow account shall be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg.

Section 1.468B-1, and any taxes due as a result of income earned by the Settlement Fund will be paid from the Settlement Fund.

(e)   <u>Payment Terms Unaffected By Merger</u>.  Under no circumstances will any merger or divestiture or other transaction of any kind by any Defendant diminish, defeat or undermine the payment or other obligations in this Settlement Agreement.

(f)   <u>Effect of Nonpayment</u>.  If for any reason Dow or Rockwell does not timely make its Final Payment as provided in Paragraph 2(c), and allowing for a grace period of five (5) business days, Plaintiffs shall thereafter have the right to elect one of the following remedies against any non-paying Defendant:

(i)   withdraw from the settlement as to that Defendant and proceed in the District Court with Plaintiffs' pending Corrected Motion for Entry of Judgment against that Defendant, in which case such non-paying Defendant shall not be entitled to return of that Defendant's portion of the Initial or Interim Payments specified in Paragraph 2(a) and (b);

(ii)   seek entry and/or enforcement of judgment against that Defendant for the unpaid portion of that Defendant's payment obligations under this Settlement Agreement, plus (A) a penalty equal to 15% of the unpaid settlement amount, (B) interest equal to 1% per month calculated from the date payment was due through the date such judgment is satisfied, and (C) any costs of collecting such payment.

Non-payment by one Defendant shall in no way affect the rights and obligations set forth in this Settlement Agreement or its finality as to a Defendant that timely pays in accordance with this Settlement Agreement.

(g)   <u>Stipulated Judgments</u>.  Attached hereto as Exhibits B and C are stipulated final judgments against Dow and Rockwell, respectively, for the amounts each has agreed to pay pursuant to this Settlement. The Parties agree that these judgments may be entered upon final District Court approval of the Settlement, but not enforced except as set forth in Paragraph 2(h).  A form of final judgment granting final approval to the Settlement and dismissing the Action with prejudice, and containing other customary provisions, will be agreed to by the Parties prior to final approval of the Settlement Agreement by the District Court.

(h)   In the event (but only in the event) of nonpayment as provided in Paragraph 2(f), the judgment(s) may be enforced against any non-paying Defendant(s), only if Plaintiffs elect the remedy provided in Paragraph 2(f)(ii) against such non-paying Defendant(s), and subject to Plaintiffs filing, with

reasonable notice to Defendants, a motion establishing non-payment and seeking calculation and enforcement of the stipulated judgment under Paragraph 2(f)(ii).   The entry of these judgments in advance of any breach is not intended to foreclose, and does not foreclose, defendants' right to appeal from any order entered pursuant to this Paragraph 2(h) and does not impair defendants' right to appeal from such order.   Except as provided in Paragraph 2(f)(ii), Plaintiffs shall make no claim of interest based on the entry of these judgments, and any interest relating to their enforcement is limited to the interest provided for in Paragraph 2(f)(ii).   Except as provided in this Paragraph 2(h), Defendants agree not to object to or appeal from final approval of the Settlement.

3.     APPROVAL OF SETTLEMENT.   The Parties and their counsel agree to use their best efforts to effectuate this Settlement Agreement, and will cooperate to promptly seek and obtain preliminary and final approval of the Settlement, consistent with the procedures set forth herein:

(a)     Supreme Court Proceedings.   On or before May 18, 2016, the Parties will withdraw their respective pending petitions for writ of certiorari seeking Supreme Court review of *Cook Appeal I* and *Cook Appeal II.*

(b)     Motion for Preliminary Approval.   Within forty (40) business days following execution of this Settlement Agreement, subject to Defendants' review and approval, which they shall not unreasonably withhold, Plaintiffs shall submit to the Court a motion requesting entry of an order preliminarily approving the Settlement, and authorizing dissemination of notice to the Settlement Class, as well as a stay of all non-Settlement-related proceedings before the District Court (the "Motion for Preliminary Approval").   Such motion shall include the proposed form of, method for, and timetable for dissemination of notice to the Settlement Class, and the proposed deadlines by which Settlement Class Members must opt-out of the Settlement Class or object to the Settlement.

(c)     Motion for Final Judgment and Approval.   Subject to Defendants' review and approval, which they shall not unreasonably withhold, Named Plaintiffs will, following the period of notice and opportunity for Settlement Class Members to opt out or object by the deadline set by the District Court, file a motion in the District Court seeking entry of final judgment and approval of the Settlement (the "Motion for Final Judgment and Approval").   Such Final Judgment and Approval shall:

(i)     approve finally this Settlement as a fair, reasonable, and adequate resolution of the Settlement Class Members' claims and direct its consummation according to the Settlement Agreement's terms;

(ii)     find under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and enter final judgment of dismissal with prejudice of all claims against the Defendants, without costs except as expressly provided in this Settlement Agreement; and

(iii)     reserve exclusive jurisdiction over the Settlement and this Settlement Agreement, including the administration and consummation of this Settlement, notice to the Settlement Class, Class Counsel fees and expenses, service awards for Named Plaintiffs, allocation of the Settlement Fund, and enforcement of payment terms stated herein.

(d)     <u>Finality</u>.     This Settlement shall become final only upon occurrence of all of the following:

(i)     the entry by the District Court of Final Judgment and Approval as specified in Paragraph 3(c) above; and

(ii)     the expiration of the time for appeal or to seek permission to appeal from Final Judgment and Approval or, if an appeal is taken, the affirmance of such Final Judgment and Approval in its entirety, without a modification or ruling that materially changes the scope of the Settlement Agreement or certification of the Class, by the court of last resort to which an appeal of such Final Judgment and Approval may be taken.

(e)     <u>Stipulated Neutrality</u>.     Defendants will take no position on any plan of allocation or class administration, notice to the Settlement Class, Class Counsel fees and expenses, service awards for Named Plaintiffs, allocation or distribution of settlement proceeds, and any *cy pres* distribution of residual settlement proceeds or proceeds that cannot be distributed to settlement class members for any reason (unless such *cy pres* distribution would exceed 5% of the Settlement Fund, in which case Defendants may take a position on that issue).     Defendants will not assist or otherwise aid any objectors to the Settlement or other ancillary matters relating to the Settlement.

4.     NO INJUNCTIVE RELIEF.     This Settlement does not include any provision for injunctive relief.

5.     FULL SATISFACTION.  Named Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund for settlement and satisfaction from the Defendants and other Released Parties for any and all Released Claims, including any costs, fees or expenses of any of the Named Plaintiffs and Settlement Class Members or their attorneys, experts, advisors, agents and representatives, including with respect to the negotiation, execution and performance of their obligations under this Settlement Agreement.  In the event that the Settlement becomes final pursuant to Paragraph 3(d)

8

herein, the Settlement Fund will fully satisfy any and all Released Claims. Except as provided by order of the District Court, no Named Plaintiff or Settlement Class Member shall have any interest in the Settlement Fund or any portion thereof. Apart from the payments specified in Paragraph 2 of this Settlement Agreement, Defendants shall not be responsible or otherwise liable for any additional payments to the Settlement Class Members or Class Counsel.

6.  DISTRIBUTION OF SETTLEMENT FUND. Subject to approval by the District Court, Class Counsel shall designate a person or persons to administer and distribute the Settlement Fund in accordance with the provisions of this Settlement Agreement and the exhibits thereto (the "Settlement Administrator"). Defendants shall have no responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, or administration, except as otherwise expressly provided in this Settlement Agreement. Neither Defendants nor the DOE shall be entitled to any refund, return or remittitur, or diminution of the settlement amount if the Settlement becomes final as provided in Paragraph 3(d).

7.  RELEASE. Upon this Settlement Agreement becoming final as provided in Paragraph 3(d), the Named Plaintiffs and Settlement Class Members unconditionally, fully and finally release and forever discharge the Defendants, any past, present and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, indemnitors (including the DOE), general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part, in law or equity, that the Named Plaintiffs and Settlement Class Members (including any of their past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (collectively the "Releasors") ever had, now have or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of or relating in any way to the Released Parties' conduct in connection with Rocky Flats, including without limitation any claim that was alleged or could have been alleged in the above-captioned suit (the "Released Claims"), *except that* the Settlement Class Members and the Named Plaintiffs do not release claims for actual bodily injury, nor claims unrelated to the allegations in the complaint such as pension, or product liability or contract claims or

claims of former Rocky Flats workers under Workman's Compensation or similar laws or regulations. Releasors hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims, regardless of whether or not any Releasors objected to the Settlement.

8.  AUTHORITY AND CAPACITY TO EXECUTE. Each person signing this Settlement Agreement on behalf of a Party represents that such signatory has the full and complete power, authority and capacity to execute and deliver this Settlement Agreement and any documents to be executed pursuant hereto, that all formalities necessary to authorize execution of this Settlement Agreement so as to bind the signatory or its principal have been undertaken.

9.  CONSTRUCTION. The language of all parts of this Settlement Agreement will in all cases be construed as a whole, according to its fair meaning and not strictly for or against any Party. All Parties have participated in the preparation of this Settlement Agreement and its exhibits and no presumptions or rules of interpretation based upon the identity of the Party preparing or drafting this Settlement Agreement or its exhibits, or any part thereof, shall be applied or invoked.

10.  FAILURE TO FINALIZE SETTLEMENT. If the Settlement Agreement cannot be finalized as provided in Paragraph 3(d), the Settlement Agreement shall be deemed canceled and rescinded. If more than a specified percentage of putative Settlement Class Members timely opt out of the Settlement Class (as set forth in Exhibit D hereto that shall, with the approval of the District Court, be filed with the Court under seal or *in camera*, and publicly only if the Court so directs), Defendants in their sole discretion shall have the right to rescind the Settlement Agreement. If the Settlement Agreement is rescinded pursuant to this paragraph, the following shall occur:

(a)  Return of Settlement Funds. The Settlement Fund shall be returned forthwith to Defendants, proportionate to their respective payments, less any disbursements made for expenses actually incurred in accordance with Paragraph 2(a).

(b)  Cancellation of Settlement Agreement. Any rights or obligations under this Settlement Agreement (other than return of the Settlement Fund as set forth in the preceding subparagraph) shall be cancelled.

(c)  Resumption of Litigation. The Parties shall be free to recommence non-Settlement-related litigation proceedings.

For avoidance of doubt, a modification or rejection by the District Court of fees and expenses requested by Class Counsel from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund, or modification or reversal on appeal of an order

awarding same shall not affect or impair the finality of this Settlement Agreement under Paragraph 3(d), and shall not be a basis to rescind the Settlement Agreement.

11.    NOTICE.    Any and all notices, requests, consents, directives or communications by any Party intended for any other Party shall be in writing and shall, unless expressly provided otherwise herein, be given personally or by express courier or by electronic transmission (such as e-mail) followed by postage prepaid mail, to the following persons and shall be addressed as follows:

FOR NAMED PLAINTIFFS:

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103
Phone: 215-875-3000
mdavidoff@bm.net
dsorensen@bm.net

Gary B. Blum, Esquire
Steven W. Kelly, Esquire
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO  80206
Phone: 303-399-3000
blumg@s-d.com
kellys@s-d.com

Louise Roselle
Paul M. De Marco
Markovits, Stock & DeMarco
119 East Court Street Suite 530
Cincinnati, OH 45202
Phone: 513-651-3700
lroselle@msdlegal.com
pdemarco@msdlegal.com

FOR DEFENDANTS:

Jason C. Miller
The Dow Chemical Company
2030 Dow Center
Midland, MI 48674

Phone: (989) 636-6411
jmiller13@dow.com

Bradley H. Weidenhammer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Phone: (312) 862-3218
bradley.weidenhammer@kirkland.com

Brian M. Russ
Senior Counsel
The Boeing Company
2201 Seal Beach Blvd., MC 110-SB37
Seal Beach, CA 90740-5603
Phone: (562) 797-2596
Brian.Russ@boeing.com

FOR ROCKWELL AUTOMATION, INC.:

Douglas M. Hagerman
SVP, General Counsel & Secretary
Rockwell Automation, Inc.
Phone: (414) 382-8470
dmhagerman@ra.rockwell.com

Any of the Parties may, from time to time, change the address to which such notices, requests, consents, directives or communications are to be delivered, by giving the other Parties prior written notice of the changed address, in the manner provided above, ten (10) calendar days before such change is effective.

12.    INTEGRATED AGREEMENT.  This Settlement Agreement contains an exclusive, entire, complete and integrated statement of each and every term and provision agreed to, by and among the Parties pertaining to the settlement of this Action and supersedes any and all prior and contemporaneous undertakings among the Parties in connection therewith. Any modification to this Settlement Agreement, whether modified by the Parties or any court, will become binding only if signed by all the Parties or their authorized representatives.

13.    HEADINGS.  The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

14.    CHOICE OF LAW.   All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of Colorado without regard to its choice of law or conflict of law principles.

15.    CONSENT TO JURISDICTION.   The Defendants and Plaintiffs hereby irrevocably submit to the exclusive jurisdiction of the District Court, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement.  Nothing in this paragraph shall prohibit (a) the assertion in any forum in which a claim is brought that any release herein is a defense, in whole or in part, to such claim or (b) in the event that such a defense is asserted in such forum, the determination of its merits in that forum.

16.    ATTORNEYS' FEES.   Each Party shall bear its own attorneys' fees and costs associated with litigating this Action and negotiating or implementing this Settlement (other than as provided for in this Settlement Agreement or as ordered by the Court).

17.    RESERVATION OF RIGHTS; NO ADMISSION.  This Settlement Agreement shall not be admissible for any purpose except in an action to enforce its terms.  It is expressly understood that by entering into this Settlement Agreement and by filing a paper supporting approval of the Settlement, Defendants do so for settlement purposes only.  Nothing in this Settlement Agreement, nor any other Settlement-related document, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Defendants as to whether any class, in this case or others, may be certified for purposes of litigation and trial, or as an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations made in this action.  Defendants expressly and fully reserve their rights to defend this action and oppose certification of a litigation class if for any reason this Settlement does not become final as provided in Paragraph 3(d).  Nothing in this Settlement Agreement, any other Settlement-related document, or any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Named Plaintiffs or Settlement Class Members of the absence of any liability or violation of any statute or law by the Defendants or the absence of any liability or wrongdoing by the Defendants or be used or deemed or construed to rebut any claims alleged by the Named Plaintiffs or Settlement Class Members in either the District Court or the Court of Appeals or the Supreme Court.  The Named Plaintiffs expressly and fully reserve all their rights to advance all their claims and seek class certification and entry of judgment if for any reason this Settlement does not become final as provided in Paragraph 3(d).

18.　　EXECUTION IN COUNTERPARTS.　This Settlement Agreement may be executed in counterparts.　Signatures transmitted by facsimile or other electronic means shall be considered as valid signatures as of the date hereof.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, the Parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of May 18, 2016.

By: _____

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Phone: 215-875-3000
mdavidoff@bm.net
dsorensen@bm.net

Dated: _May 18, 2016____

*Counsel for Named Plaintiffs and
Settlement Class Members*

By: _____

Michael A. Glackin
Assistant General Counsel
Litigation and EH&S Legal

The Dow Chemical Company

Dated: _____

By: _____

J. Steven Rogers
Chief Counsel

The Boeing Company

Dated: _____

By: _____

Gary B. Blum, Esquire
Steven W. Kelly, Esquire
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
Phone: 303-399-3000
blumg@s-d.com
kellys@s-d.com

Dated: _____

*Counsel for Named Plaintiffs and
Settlement Class Members*

By: _____

Douglas M. Hagerman
SVP, General Counsel & Secretary
Rockwell Automation, Inc.

*As indemnitor to Boeing for Boeing's
obligations under this Settlement
Agreement*

Dated: _____

By: _____

Louise Roselle
Paul M. De Marco
Markovits, Stock & DeMarco

By: _____

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103
Phone: 215-875-3000
mdavidoff@bm.net
dsorensen@bm.net


Dated: _____

*Counsel for Named Plaintiffs and
Settlement Class Members*

By: _____

Michael A. Glackin
Assistant General Counsel
Litigation and EH&S Legal

The Dow Chemical Company

Dated: _____


By: _____

J. Steven Rogers
Chief Counsel

The Boeing Company

Dated: _____


By: _____

Gary B. Blum, Esquire
Steven W. Kelly, Esquire
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO  80206
Phone: 303-399-3000
blumg@s-d.com
kellys@s-d.com

Dated: _____

*Counsel for Named Plaintiffs and
Settlement Class Members*


By: _____

Louise Roselle
Paul M. De Marco
Markovits, Stock & DeMarco

By: _____

Douglas M. Hagerman
SVP, General Counsel & Secretary
Rockwell Automation, Inc.

*As indemnitor to Boeing for Boeing's
obligations under this Settlement
Agreement*

Dated: _____

16

By: _____

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Phone: 215-875-3000
mdavidoff@bm.net
dsorensen@bm.net

Dated: _____

*Counsel for Named Plaintiffs and
Settlement Class Members*

By: _____

Michael A. Glackin
Assistant General Counsel
Litigation and EH&S Legal

The Dow Chemical Company

Dated: _____

By: _____

J. Steven Rogers
Chief Counsel

The Boeing Company

Dated: 5/18/2016

By: _____

Gary B. Blum, Esquire
Steven W. Kelly, Esquire
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
Phone: 303-399-3000
blumg@s-d.com
kellys@s-d.com

Dated: _____

*Counsel for Named Plaintiffs and
Settlement Class Members*

By: _____

Douglas M. Hagerman
SVP, General Counsel & Secretary
Rockwell Automation, Inc.

*As indemnitor to Boeing for Boeing's
obligations under this Settlement
Agreement*

Dated: _____

By: _____

Louise Roselle
Paul M. De Marco
Markovits, Stock & DeMarco

16

By: _____

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Phone: 215-875-3000
mdavidoff@bm.net
dsorensen@bm.net


Dated: _____

*Counsel for Named Plaintiffs and
Settlement Class Members*




By: _____

Gary B. Blum, Esquire
Steven W. Kelly, Esquire
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
Phone: 303-399-3000
blumg@s-d.com
kellys@s-d.com

Dated: _MAy 18, 2016_____

*Counsel for Named Plaintiffs and
Settlement Class Members*




By: _____

Louise Roselle
Paul M. De Marco
Markovits, Stock & DeMarco

By: _____

Michael A. Glackin
Assistant General Counsel
Litigation and EH&S Legal

The Dow Chemical Company

Dated: _____




By: _____

J. Steven Rogers
Chief Counsel

The Boeing Company

Dated: _____




By: _____

Douglas M. Hagerman
SVP, General Counsel & Secretary
Rockwell Automation, Inc.

*As indemnitor to Boeing for Boeing's
obligations under this Settlement
Agreement*

Dated: _____

16

By: _____

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103
Phone: 215-875-3000
mdavidoff@bm.net
dsorensen@bm.net


Dated: _____

*Counsel for Named Plaintiffs and
Settlement Class Members*


By: _____

Gary B. Blum, Esquire
Steven W. Kelly, Esquire
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO  80206
Phone: 303-399-3000
blumg@s-d.com
kellys@s-d.com

Dated: _____

*Counsel for Named Plaintiffs and
Settlement Class Members*


By: _____

Louise Roselle
Paul M. De Marco
Markovits, Stock & DeMarco

By: _____

Michael A. Glackin
Assistant General Counsel
Litigation and EH&S Legal

The Dow Chemical Company

Dated: _____


By: _____

J. Steven Rogers
Chief Counsel

The Boeing Company

Dated: _____


By: _Dough M. Hagerman_

Douglas M. Hagerman
SVP, General Counsel & Secretary
Rockwell Automation, Inc.

*As indemnitor to Boeing for Boeing's
obligations under this Settlement
Agreement*

Dated: _May 18, 2016_

16

By: _____

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Phone: 215-875-3000
mdavidoff@bm.net
dsorensen@bm.net


Dated: _____

*Counsel for Named Plaintiffs and*
*Settlement Class Members*


By: _____

Gary B. Blum, Esquire
Steven W. Kelly, Esquire
Silver & DeBoskey, P.C.
1801 York Street
Denver, CO 80206
Phone: 303-399-3000
blumg@s-d.com
kellys@s-d.com

Dated: _____

*Counsel for Named Plaintiffs and*
*Settlement Class Members*

By: *Louise Roselle*

Louise Roselle
Paul M. De Marco
Markovits, Stock & DeMarco


By: _____

Michael A. Glackin
Assistant General Counsel
Litigation and EH&S Legal

The Dow Chemical Company

Dated: _____


By: _____

J. Steven Rogers
Chief Counsel

The Boeing Company

Dated: _____


By: _____

Douglas M. Hagerman
SVP, General Counsel & Secretary
Rockwell Automation, Inc.

*As indemnitor to Boeing for Boeing's*
*obligations under this Settlement*
*Agreement*

Dated: _____

16

119 East Court Street Suite 530
Cincinnati, OH 45202
Phone: 513-651-3700
lroselle@msdlegal.com
pdemarco@msdlegal.com
Dated: *May 18, 2016*

*Counsel for Named Plaintiffs and*
*Settlement Class Members*

# EXHIBIT A



EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

**[PROPOSED] JUDGMENT AGAINST THE DOW CHEMICAL COMPANY**

---

    1.    This action was settled pursuant to a settlement agreement (the "Settlement Agreement") dated May ___, 2016.  This Court entered an order granting preliminary approval of the settlement on [DATE] and an order granting final approval of the settlement on [DATE]].

    2.    The Dow Chemical Company ("Dow") is a party to the Settlement Agreement and, pursuant to Paragraph 2 of the Settlement Agreement, shall  pay a total of $131,250,000 into a previously agreed escrow account on the earlier of (i) one year following the date the Court enters the Preliminary Approval Order, (ii) July 28, 2017, or (iii) ten (10) business days from the date on which the United States Department of Energy ("DOE") satisfies its nuclear hazard indemnification obligations to Defendants by transferring to Defendants $375,000,000.  In calculating Dow's final payment amount, Dow shall receive credit for any payments it has made pursuant to Paragraphs 2(a) and 2(b) of the Settlement Agreement.

Case 1:90-cv-00181-JLK   Document 2407-1   Filed 07/15/16   USDC Colorado   Page 26 of 29

Accordingly, IT IS ORDERED THAT judgment is entered for Plaintiffs against Dow in the amount of $131,250,000 less any payments Dow made pursuant to Paragraphs 2(a) and 2(b) of the Settlement Agreement, and Plaintiffs, subject to the conditions and requirements of Paragraph 2(h) of the Settlement Agreement,  may take action to execute this judgment against Dow assets, plus any applicable penalties as set forth in Paragraph 2(f)(ii) of the Settlement Agreement, in any court of competent jurisdiction.  Any amounts Plaintiffs collect pursuant to this Judgment remain subject, as appropriate, to the terms of the Settlement Agreement.

Dated : [DATE]                              _____

                                           Hon. John L. Kane, Senior District Judge
                                           United States District Court
                                           District of Colorado

EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

## [PROPOSED] JUDGMENT AGAINST THE BOEING COMPANY AS SUCCESSOR-IN-INTEREST TO ROCKWELL INTERNATIONAL CORPORATION

---

1.      This action was settled pursuant to a settlement agreement (the "Settlement Agreement") dated May ___, 2016.  This Court entered an order granting preliminary approval of the settlement on [DATE] and an order granting final approval of the settlement on [DATE]].

2.      The Boeing Company as successor-in-interest to Rockwell International Corporation ("Rockwell") is a party to the Settlement Agreement and, pursuant to Paragraph 2 of the Settlement Agreement, shall pay a total of $243,750,000 into a previously agreed escrow account on the earlier of (i) one year following the date the Court enters the Preliminary Approval Order, (ii) July 28, 2017, or (iii) ten (10) business days from the date on which the United States Department of Energy ("DOE") satisfies its nuclear hazard indemnification obligations to Defendants by transferring to Defendants $375,000,000.  In calculating

Rockwell's final payment amount, Rockwell shall receive credit for any payments it has made pursuant to Paragraphs 2(a) and 2(b) of the Settlement Agreement.

Accordingly, IT IS ORDERED THAT judgment is entered for Plaintiffs against Rockwell in the amount of $243,750,000 less any amounts Rockwell has paid pursuant to Paragraphs 2(a) and 2(b) of the Settlement Agreement, and Plaintiffs, subject to the conditions and requirements of Paragraph 2(h) of the Settlement Agreement, may take action to execute this judgment against Rockwell assets, plus any applicable penalties as set forth in Paragraph 2(f)(ii) of the Settlement Agreement, in any court of competent jurisdiction. Any amounts Plaintiffs collect pursuant to this Judgment remain subject, as appropriate, to the terms of the Settlement Agreement.

Dated : [DATE]

_____
Hon. John L. Kane, Senior District Judge
United States District Court
District of Colorado

**EXHIBIT D**

**FILED AS A RESTRICTED DOCUMENT PURSUANT TO LOCAL CIVIL RULE 7.2**