IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, RICHARD and SALLY BARTLETT, and
WILLIAM and DELORES SCHIERKOLK,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

**CLASS COUNSEL'S REPLY IN FURTHER SUPPORT OF CLASS COUNSEL'S
MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT
OF LITIGATION EXPENSES, AND AWARD OF SERVICE PAYMENTS
TO CLASS REPRESENTATIVES**

Class Counsel, on behalf of Plaintiffs Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk (collectively "Class Representatives" or "Plaintiffs"),[1] file this reply in further support of their motion for attorneys' fees, reimbursement of expenses and service awards to the Class Representatives, which was filed on January 12, 2017 (*see* Doc. Nos. 2434-2435) ("Fee Petition").

## I. The Class's Reaction to the Settlement Has Been Overwhelmingly Positive

As detailed more fully in Plaintiffs' Memorandum in Support of Their Motion for Final Approval of Proposed Class Action Settlement and Approval of Plan of Allocation, also being filed today, the extensive Court-approved Notice Plan has been completed, and the Court-ordered March 1, 2017 deadline for Class members to object to the Settlement or opt-out of the Settlement Class has passed. Through the Notice Plan, Class members were given notice of Class Counsel's intent to seek a forty percent fee plus reimbursement of litigation expenses, as well as Class Counsel's request for service awards to the Class Representatives.

The Court-appointed Claims Administrator, Heffler Claims Group ("Heffler") mailed out 28,179 individually mailed notices, and executed an extensive publication notice campaign that included: (1) an informational settlement website (www.RockyFlatsSettlement.com) on which the mailed notice, the Settlement Agreement, and other important Court documents were posted; (2) a toll-free information phone line for Class members to call 24 hours a day, 7 days a week for more information about the Settlement, including but not limited to requesting copies of the Notice and Claim Form; (3) publication of the Court-approved short-form notice ("Summary Notice") in nationally circulated consumer magazines; (4) publication of the Court-approved

---

[1] Class Representative Delores Schierkolk is deceased, so William Schierkolk would receive any service award made to Mr. and Mrs. Schierkolk.

2

Summary Notice in Denver and Colorado newspapers; (5) television commercials aired nationwide on cable networks; (6) television and radio commercials aired on network affiliate and cable networks in the Denver DMA; (7) online display banner advertising with a nationwide reach; (8) online video advertising with a nationwide reach; (9) advertising on mobile websites and applications specifically targeted to reach potential Class members; (10) social media advertising through Facebook and Twitter with a nationwide reach; (11) native advertising on premium internet properties with a nationwide reach; (12) third party outreach to a community action group, Downwinders, and medical providers asking them to share and distribute the Summary Notice; and (13) a multimedia press release issued nationwide.[2]

Pursuant to the Court's order, Class Counsel then filed their motion for attorneys' fees, reimbursement of expenses and service awards to the Class Representatives, consistent with the Notice, on January 12, 2017. *See* Fee Petition. The Fee Petition and all supporting declarations and exhibits were promptly posted on the Court-approved website (www.RockyFlatsSettlement.com), and also have been available at the Court.

Class members were given more than 90 days following completion of the extensive Notice Plan to request exclusion from or object to the Settlement, more time than courts typically require.[3] The result? Only one Class member, out of thousands, objected to the request for fees

---

[2] *See* Declaration of Jeanne C. Finegan, APR Concerning Implementation and Adequacy of Class Member Notification (Doc. No. 2432), at *e.g.*, ¶ 6.

[3] *See DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935, 946 (10th Cir. 2005) (affirming a 32-day notice period and noting that "courts have found a notice scheme similar to the one in the instant case sufficient and have not required a sixty- or ninety-day notice period, as Appellants suggest"); *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 695-97 (D. Colo. 2014) (approving a 60-day notice period for a nationwide settlement class of over 200,000 potential members); *Hershey v. ExxonMobil Oil Corp.*, No. 07-cv-1300-JTM, 2012 WL 5306260, at *4 (D. Kan. Oct. 26, 2012) (approving a 30-day notice period where the settlement compensated the class of "over 8,600 members" for damages "extending back to 1988"); *see also* Newberg on Class Actions § 8:16 (5th ed.) ("[C]ourts typically

3

and costs. *See* Doc. No. 2445 ("Objection") (objection of ▉▉▉▉▉▉▉▉▉ (the "Objector")).[4] Although the deadline for filing claims is not until June 1, 2017, thousands of Class members have already filed claims with the Court-appointed Settlement and Claims Administrator.[5] The Settlement and Claims Administrator has received *only three* requests for exclusion from the settlement (or "opt-out requests").[6]

In short, the Court-approved Notice program has been completed, thousands of Class members have filed claims, one non-Class member (Mr. Thomas) has complained that he cannot participate in the Settlement, and only one Class member (▉▉▉▉▉) has objected to Class Counsel's request for fees and expenses (but not to the fairness of the Settlement itself, or to Class Counsel's request for service awards for the Class Representatives).

## II. The Court Should Award the Requested Service Awards to the Class Representatives, Which Are Not Opposed by a Single Class Member

No Class member has objected to Class Counsel's request for service awards to the Class Representatives, and this request should be granted for the reasons set forth in Class Counsel's memorandum in support of Class Counsel's motion for attorneys' fees and reimbursement of

---

provide for a few months between the issuance of settlement notice and either the deadline for objections or the fairness hearing[,] although gaps of one month or less have been found adequate.").

[4] As we explain in the accompanying brief in support of final approval of the Settlement, Mr. William D. Thomas, who is not a Class member, filed an "objection" because he was not included in the Class, and so is unable to participate in the Settlement (but would like to). *See* Doc. No. 2421. As a non-Class member, Mr. Thomas lacks standing to object. *See, e.g.*, *Heller v. Quovadx, Inc.*, 245 F. App'x 839, 842 (10th Cir. 2007) (holding that an objector to a securities class action settlement was "not a class member" and "therefore . . . ha[d] no standing" under Rule 23 because "[n]on-class members have no standing to object. . . ." and it was undisputed that the objector was not a class member) (quoting *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir.1989)). Moreover, Mr. Thomas did not question Class Counsel's motion for fees, costs and service awards.

[5] Declaration of Edward J. Radetich Jr., Heffler Claims Group, In Support of Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement and Approval of Proposed Plan of Allocation of the Settlement Fund, dated March 29, 2017 ("Heffler Decl.") (Doc. No. 2459-3), at ¶ 5.

[6] Heffler Decl., at ¶ 3.

4

expenses. *See* Fee Petition, Doc. No. 2435, at 37-40. Hence, the Court should enter the [Proposed] Order Awarding Service Awards to the Class Representatives, filed at Doc. No. 2434-3.

### III. The Court Should Award the Requested Forty Percent Fee

With due respect to the lone objector, ▇ is mistaken about the history of this litigation, the efforts of Class Counsel to achieve a recovery for the Class and the obstacles Class Counsel had to overcome, the reasons for the long duration of this case, and the applicable law, and her objection should be overruled. Class Counsel's request for a forty percent award should be granted under the *Johnson* factors that govern Tenth Circuit fee determinations.[7] This case was exceptionally complex, risky, and protracted through the end, and Class Counsel nevertheless obtained an excellent result for the Class. Consideration of each of the *Johnson* factors supports granting Class Counsel's fee request. *See* Fee Petition, Doc. No. 2435, at 18-36.

The Objector bemoans the long duration of this case. As this Court well knows, however, Class Counsel have faced enormous obstacles and delays outside their control, including the ferocious and unending resistance of Defendants, the obstructionist tactics of their indemnitor, the U.S. Department of Energy ("DOE") (culminating in this Court finding the DOE in contempt), among other factors. And a fair settlement, of course, requires a willingness by *both sides* to settle. Class Counsel have been open to settlement, but Defendants (and DOE, which was financially responsible for paying a settlement) showed no serious interest in reaching a fair and reasonable settlement until after Class Counsel had achieved a remarkable turnabout

---

[7] *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988) (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)).

5

victory on their second trip to the Tenth Circuit in June 2015.[8] It wasn't until Defendants finally got serious about settlement and agreed to pay the Class $375 million, that the parties were able to reach agreement.[9]

The Objector implies that Class Counsel were content to allow the case to go on for 27 years because they wished to increase their fee. Objection at 1. Perhaps where counsel are guaranteed payment by the hour, one can debate whether they may be incentivized to prolong litigation. But that is not what happened here. Class Counsel were guaranteed nothing for their work in this case. We worked year after year after year while being paid and promised nothing. We spent millions of dollars to fund the case – for example, the broad array of expert work and analysis required for this case did not come free, and lawyers are not permitted to pay experts on contingency[10] – with no assurance we would ever be repaid. And, this is not an individual personal injury case, where a lawyer can contract with a plaintiff, up front, for a specific percentage of any settlement or recovery. This is a class action, and under Rule 23, our fees and reimbursement for costs are decided by this Court. In sum, there was absolutely no incentive or reason for Class Counsel to drag this case out. The longer this case lasted, the more Class Counsel were required – in order to fulfill their duties to zealously represent the Class – to work and to spend time and money at great risk, with no assurance of ever being repaid.

---

[8] *See Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088 (10th Cir. 2010) ("*Cook Appeal II*").

[9] The Objector refers to a "settlement in 2006". Objection at 1-2. As the Court knows, there was no prior settlement. ▇▇▇▇▇▇ apparently was referring to the prior judgment entered by this Court in 2008 (*see* Doc. No. 2264), which was then vacated by the Tenth Circuit in 2010. Plaintiffs lost the trespass judgment and punitive damages, irrevocably for all practical purposes unless the Tenth Circuit's 2010 decision were vacated or modified. *See Cook v. Rockwell Int'l Corp.,* 618 F.3d 1127 (10th Cir. 2010) ("*Cook Appeal I*"). Nevertheless, after *Cook Appeal I,* Class Counsel persisted, eventually securing a remarkable victory in *Cook Appeal II* that paved the way for settlement. At the time of settlement in May 2016, no new judgment had been entered in favor of Plaintiffs, and Defendants were once again fighting Plaintiffs on every issue tooth and nail (some for the umpteenth time).

[10] *See, e.g., Pace v. Swerdlow*, 519 F.3d 1067, 1077 n.2 (10th Cir. 2008) (Gorsuch, J., concurring in part, dissenting in part) (citing rules of professional conduct for lawyers).

6

We sympathize with – and share – the Objector's frustration and disappointment with how long this case has taken to resolve. We wish there had been some way to secure a fair settlement or a final, unappealable judgment sooner – but there wasn't. The Court, having overseen this case for many years and having presided over the four-day DOE hearing and the four-month trial, and having been asked to decide wave after wave of motions, has an appreciation of the significant obstacles we overcame, including this Court's own dismissal of the case in 2014 after *Cook Appeal I*.

As for the law, the Objector not only ignores the *Johnson* factors (and all legal precedent) entirely, but incorrectly claims that the long duration of this litigation weighs *against* granting Class Counsel's fee request.[11] But "the time and labor involved" is one of the Tenth Circuit's *Johnson* factors. *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988). That Class Counsel have spent an extraordinary amount of time and money litigating this case for more than 27 years *supports* Class Counsel's fee petition. *See* Fee Petition, Doc. No. 2435, at 21-24.[12] The Objector acknowledges that attorneys are "paid for results", and indeed the most

---

[11] *See, e.g.*, Objection, at 2 (opposing Class Counsel's expense request because expenses might have been "considerably lower" had "this case settled many decades ago."); *id.* at 1 ("Taking nearly 27 years to resolve and settle this class action" should count against Class Counsel's fee request).

[12] *See also Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1193 (S.D. Fla. 2006) ("The most apparent feature distinguishing this class action from virtually every other class action in the reported federal decisions is obviously that it did not settle before trial."); *In re Apollo Grp. Inc. Sec. Litig.*, No. 04-CV-2147-PHX-JAT, 2012 WL 1378677, at *7 (D. Ariz. Apr. 20, 2012) (granting fee request of 33.33% where Class Counsel pursued the case for seven years, through trial and one appeal); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, No. 02-MD-1468-JWL, 2011 WL 1808038, at *2 (D. Kan. May 12, 2011) ("The Court finds that such an award, of one-third of the total amount of the judgment fund paid by AT & T, represents a reasonable and appropriate fee in this case, in light of the following factors present here: counsel devoted significant time and labor to a complex case, over a period of more than eight years, involving extensive pretrial motion practice and briefing, trial, posttrial motions, and an appeal") (footnote omitted).

important *Johnson* factor in determining an appropriate fee is the result obtained for the Class.[13] Here, Class Counsel obtained a $375 million settlement for the Class – *after* a seemingly case-ending decision by the Tenth Circuit in 2010 – which appears to be the largest settlement of any Price-Anderson Act lawsuit in United States history.[14] The $375 million settlement is more than twice the $176.8 million the jury awarded in compensatory damages on the Class's nuisance claims.[15] This exceptional result supports granting Class Counsel's fee request.

As Mr. Davidoff's Declaration painstakingly recounts, this was an exceptionally complicated case, both legally and procedurally.[16] Class Counsel faced off against highly aggressive defense counsel and an obstructionist federal agency (the DOE) which impeded Counsel's access to the evidence. Defense counsel fought nearly every legal development in the case – including filing multiple waves of dispositive motions and repeated motions to reverse, narrow, or "clarify" the Court's class certification and other key decisions. ▬▬▬▬ criticizes

---

[13] *See Brown*, 838 F.2d at 456 ("the amount involved and the results obtained may be given greater weight when, as in this case, the trial judge determines that the recovery was highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class"). *See also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) ("Exceptional results are a relevant circumstance."); *McNeely v. Nat'l Mobile Health Care, LLC*, No. 07-CV-933-M, 2008 WL 4816510, at *18 n.9 (W.D. Okla. Oct. 27, 2008) (counsel's "willingness to prosecute this matter on a contingent basis . . . ordinarily shifts the analytical focus away from hours spent on the case to the ultimate result class counsel has obtained"). *See generally Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (the "critical factor is the degree of success obtained"). As the *Manual for Complex Litigation* explains, the factor generally "given the greatest emphasis is the size of the fund created, because a common fund is itself the measure of success and represents the benchmark from which a reasonable fee will be awarded." MANUAL FOR COMPLEX LITIGATION, Fourth § 14:121 (2004) (citation and internal quotation marks omitted).

[14] *See* Doc. No. 2435-13, Declaration of Professor Charles Silver on the Reasonableness of Class Counsel's Requested Award of Attorneys' Fees, at ¶¶ 60, 80.

[15] Indeed, the Settlement here far exceeds the normal range of recovery in cases settling before trial, which tend to settle for a fraction of single damages. *See, e.g.*, *In re Linerboard Antitrust Litig.*, No. 98-cv-5055, 2004 WL 1221350, at *4 (E.D. Pa. June 2, 2004) (collecting cases approving settlements of 5.35% to 28% of potential damages), *amended*, 2004 WL 1240775 (E.D. Pa. June 4, 2004).

[16] *See* Declaration of Merrill G. Davidoff in Support of Class Counsel's Motion for An Award of Attorneys' Fees, Reimbursement of Expenses, and Service Payments to Class Representatives, Doc. No. 2435-2 (the "Davidoff Declaration").

8

Class Counsel for failing to "anticipate and counter appeals and denials" (Objection at 1), but "counter" is precisely what Class Counsel did repeatedly and successfully, countering Defendants' endless attempts to dismiss the claims, decertify the class, preclude our witnesses from ever testifying, and, most notably, by overcoming a near total loss in *Cook Appeal I* to convince the same Tenth Circuit to rule in our favor five years later in *Cook Appeal II*. The Tenth Circuit, in an opinion by Judge Gorsuch, complimented Class Counsel's successful "judicial jiu-jitsu" in overcoming *Cook Appeal I* and resuscitating Plaintiffs' nuisance claims. *See Cook Appeal II*, 790 F.3d at 1091.

We believe any fair evaluation of Class Counsel's prosecution of this case will conclude that Class Counsel have achieved a tremendous result for the Class over archetypal "impossible" odds, and that Class Counsel's persistence in working for 27 years without promise of payment to achieve a fair recovery for the Class is deserving of the highest praise and respect, not complaint.

Mr. Davidoff's Declaration specifically identifies *every* fact deposition taken in the case and identifies which lawyer for the Class was responsible for each deposition;[17] *every* fact deposition defended or attended in the case and which Plaintiffs' lawyer was responsible;[18] *every* expert deposition taken and which Plaintiffs' lawyer took it;[19] *every* deposition of Plaintiffs' experts and which Plaintiffs' lawyer defended it;[20] *every* fact witness who testified at trial and which Plaintiffs' lawyer proffered or cross-examined the witness;[21] and *every* expert witness

---

[17] Davidoff Declaration, at ¶ 29.

[18] *Id.* at ¶ 31.

[19] *Id.* at ¶ 68.

[20] *Id.* at ¶ 69.

[21] *Id.* at ¶ 148.

9

who testified at trial and which Plaintiffs' lawyer proffered or cross-examined the witness.[22] The 104-page Davidoff Declaration also details numerous specific motions, briefs, hearings, expert reports submitted, and other activities and developments in the case, and details the wide scope and large volume of documents sought, obtained, and reviewed.[23] And our Fee Petition attached all fifteen published opinions by this Court relating to this case, and the two by the Tenth Circuit Court of Appeals, totaling 331 pages. *See* Fee Petition, at Ex. 11 (Doc. No. 2435-12). These opinions provide further detail and discussion of the numerous legal and factual arguments by Defendants that Class Counsel had to successfully navigate and overcome to secure the $375 million settlement.

Class Counsel's requested forty percent fee is consistent with what is typically agreed upon by clients and attorneys in non-class contingent litigation and is reasonable and justified by extensive Rule 23 authority. *See* Fee Petition, Doc. No. 2435, at 28-36.

### IV. The Court Should Award the Requested Reimbursement of Fair and Reasonable Litigation Expenses

The Objector's general objection to Class Counsel's request for reimbursement of litigation expenses should be overruled.

---

[22] *Id.* at ¶ 149.

[23] *See, e.g., id.* at ¶¶ 7-9 (detailing "First Wave of motions to Dismiss"); ¶¶ 10-11 ("Second Wave"); ¶¶ 20-27 (discussing documents obtained from Defendants and numerous additional sources, and their review); ¶¶ 34-53 (efforts to obtain documents controlled by the DOE, including the contempt proceeding); ¶¶ 54-58 (efforts to respond to numerous interrogatories and document requests served by Defendants); ¶ 63 (identifying expert reports submitted by plaintiffs); ¶ 65 (expert reports submitted by defendants); ¶¶ 70-74 ("First Round of Class Certification"); ¶¶ 75-88 ("Summary Judgment and *Daubert* Briefing"); ¶¶ 93-102 ("Hearing on Expert Testimony"); ¶¶ 103-05 ("Further Discovery"); ¶¶ 106-123 (briefing on, and resolution of, numerous key legal issues); ¶¶ 124-30 (briefing on jury instructions); ¶¶ 134-142 ("*Daubert* Motions and Motions *in Limine*"); ¶¶ 164-73 (numerous motions during trial); ¶¶ 179-80 ("Post-Trial Briefing on Departure of Jury Member"); ¶¶ 181-83 ("Defendants' Renewed Motion for Judgment as a Matter of Law").

The Objector suggests that Class Counsel's expenses might have been "considerably lower" had "this case settled many decades ago." Objection, at 2. We agree. But as discussed, no fair and reasonable settlement was possible until after *Cook Appeal II*. Class Counsel would have been overjoyed had Defendants offered $375 million before Class Counsel spent millions of dollars out of their own pockets to litigate this case. The extremely long duration of the litigation weighs *in favor* of granting Class Counsel's fee and expense requests, not against it. *See* Fee Petition, Doc. No. 2435, at 21-24 (citing cases).

Class Counsel spent more than $7 million in out-of-pocket litigation expenses and bore the significant risk of non-reimbursement (and non-payment of fees) in the event that Plaintiffs ultimately recovered nothing, persevering through this difficult and protracted litigation in order to obtain a fair result for Plaintiffs and the Class.

The Objector is also incorrect about the expenses – the requested reimbursement of reasonable and necessary litigation expenses is *not* a fee to Class Counsel and there is no "double counting."[24] Rather, Class Counsel is seeking to be repaid, without interest, the more than $7 million in *out-of-pocket expenses* they incurred in connection with their tireless representation of the Class for more than 27 years. Class Counsel also detailed how this money was spent, *e.g.*, on expert fees, deposition services, transcripts, trial expenses, travel, printing expenses, and electronic research.[25]

## V.   **Conclusion**

For the reasons set forth above and in Class Counsel's memorandum in support of Class Counsel's motion for award of attorneys' fees, reimbursement of expenses and service awards to

---

[24] Class Counsel are not double-counting any attorney, paralegal or support staff hours in both their lodestar calculation and in their expense request. *See generally* Davidoff Declaration, at ¶¶ 253-59.

[25] *See, e.g.*, Davidoff Declaration, at ¶¶ 253, 257-259 & Tables 1, 3.

the Class Representatives (Fee Petition, Doc. No. 2435), and materials filed in connection therewith, the Court should grant Class Counsel's motion for attorneys' fees, reimbursement of expenses and service awards to the Class Representatives (Doc. No. 2434).

Dated: March 30, 2017                    Respectfully submitted,

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
David F. Sorensen
Jennifer MacNaughton
Caitlin G. Coslett
BERGER &MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Lead Counsel for the Class*

Gary B. Blum
Steven W. Kelly
SILVER & DeBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

Louise M. Roselle
Paul M. De Marco
MARKOVITS, STOCK & DE MARCO, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
(513) 651-3700

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of March, 2017, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel and via U.S. First Class Mail, Postage Prepaid, upon ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮.

                                                    */s/ Merrill G. Davidoff*
                                                    Merrill G. Davidoff
                                                    BERGER & MONTAGUE, P.C.
                                                    1622 Locust Street
                                                    Philadelphia, PA 19103
                                                    (215) 875-3000