IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

ORDER DENYING MOTION FOR APPROVAL OF CLASS MEMBER
COMMUNICATIONS (ECF NO. 2455)

---

Kane, J.

After it was brought to my attention by class counsel that a third-party "claims processor" had sent a misleading mailer to class members in this case, I ordered that all third-party communications with class members regarding this case feature a prominent disclosure and be court-approved. *See* ECF Nos. 2443, 2444. Optimal Settlements, LLC (Optimal) consequently filed a Motion for Approval of Communications by Third Party Claims Processor (ECF No. 2451), which I denied due to a number of fatal flaws in its proposed Notice and Settlement Recovery Agreement. With its second Motion for Approval of Class Member Communications (ECF No. 2455), Optimal has limited its focus and now seeks to notify class members of just its claim purchasing service. It contends that class members might be in dire need of fast cash and should have the benefit of its offer to purchase claims for approximately 50 percent of their value.

While I appreciate the protections provided for commercial speech under the First Amendment, "there can be no constitutional objection to the suppression of commercial messages that do not accurately inform the public about lawful activity." *Cent. Hudson Gas &*

1

*Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 564 (1980). Optimal's proposed communications are misleading and do not accurately inform class members.

Optimal asserts that its "Valuation Analysis Methodology" is transparent and will fully apprise class members. But neither the proposed Notice nor the Claims Purchase Agreement contains any information about the Valuation Analysis Methodology. The methodology is not transparent if it is not included in the communications to class members. Furthermore, the "Gross Claim Value" is an intentional misnomer and in no way provides an estimate of the actual value of a class member's claim. In calculating that value, Optimal makes unfounded assumptions, as detailed in class counsel's Response to the Motion, and then discounts the inaccurate estimate by 38 percent. Ms. Eileen Chin, the President of Optimal, represents that there is no charge for the "Claims Valuation Process," Chin Aff. ¶ 4, ECF No. 2455-1, but that should be a given considering the fact that Optimal is providing the class member with no independently useful information about his or her claim. Optimal also misleads class members into believing that any claim payout will be delayed years[1] in comparison with its remittance of the "purchase price" to them. Its proposed communications with class members are not transparent or accurate, and pursuant to my authority under Federal Rule of Civil Procedure 23, I decline to permit them.

Accordingly, Optimal's Motion (ECF No. 2455) is DENIED. I, nevertheless, support the suggestion of class counsel that, once an approximation of the value of claims is feasible, Optimal may again request approval of a third-party communication as long as it contains a "rational and clear explanation of what [each] claim is worth and what percentage of that value Optimal is offering to pay." Response at 4, ECF No. 2462.

DATED this 20th day of April, 2017.

*John L. Kane*
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

---

[1] Optimal suggests two years with its 18 percent cost of capital discount. Chin Aff. ¶ 6.