**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

**ORDER GRANTING FINAL JUDGMENT, APPROVING
CLASS SETTLEMENT, AND DISMISSING CLASS CLAIMS
AGAINST DEFENDANTS**

---

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement between Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk[1] (collectively the "Plaintiffs" or "Class Plaintiffs") on behalf of themselves and on behalf of the Class, and Defendants Rockwell International Corporation ("Rockwell") and The Dow Chemical Company ("Dow") (collectively, "Defendants"), dated May 18, 2016, it is ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement.[2] Plaintiffs and Defendants, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

---

[1] Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

[2] The Settlement Agreement was filed at Doc. 2401.

2.	On May 19, 2016, this Court certified a class for purposes of settlement pursuant to Rule 23(a) and 23(b)(3) (the "Settlement Class", the "Class", or the "Property Class"):

> The Property Class includes all persons and entities who have not previously opted out or who do not timely opt out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, exclusive of governmental entities, defendants, and defendants' affiliates, parents, and subsidiaries.

Doc. 2396.[3] The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached to the Order Certifying Settlement Class as Appendix A. Doc. 2396.[4]

3.	The Court appointed Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk as representatives of the Class. The Court found that Lead Counsel, Berger & Montague, P.C., and Class Counsel have fairly and adequately represented the interests of the Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

4.	The Court has jurisdiction over these actions, each of the parties, and all members of the Class for all manifestations of this case, including this Settlement.

5.	The Court-approved Notice Plan, which was successfully implemented by the Court-appointed Settlement and Claims Administrator (*see* Doc. 2432), constituted the best notice practicable under the circumstances. In making this determination, the Court finds that

---

[3] The persons and entities who previously opted out, and thus excluded from the Settlement Class, are identified in the Report of Neutral Opt-Out Agent; Motion for Order and Payment of Fees; and Motion for Order Regarding Transition Procedures, filed on March 17, 2000 at Doc. 1148.

[4] *See* corrected Appendix A to the Order Certifying Settlement Class, Doc. 2396. *See also* Order Granting Plaintiffs' Unopposed Motion for Amendment or Correction of the Court's Order Certifying Settlement Class, Doc. 2405.

the Notice Plan that was implemented, as set forth in Declaration of Jeanne C. Finegan, APR Concerning Implementation and Adequacy of Class Member Notification (Doc. 2432), provided for individual notice to all members of the Class whose identities and addresses were identified through reasonable efforts, as well as an informational settlement website (www.RockyFlatsSettlement.com) on which the notices, Settlement Agreement, proposed Plan of Allocation, and other important Court documents are posted; a toll-free information phone line for Class Members to call 24 hours a day, 7 days a week for more information about the Settlement; and a comprehensive national publication notice program that included, *inter alia,* print, television, radio and internet banner advertisements.  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Notice Plan, including the Court-approved forms of Notice, provided Class Members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Class Members to opt-out of the Class and/or object to the Settlement Agreement, and finds that the Notice Plan provided the best notice practicable to the Class.

6.      Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the April 28, 2017 Fairness Hearing, it is hereby determined that all Class Members are bound by this Order and Final Judgment.  The only exceptions are the members of the Class who timely submitted requests to opt out, whose names are included in Exhibit A to this order.

7.      The Settlement of this class action was not the product of collusion between the Class Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel and counsel for Defendants, with the assistance of a mediator, a former federal judge.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Class Members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

9. All claims against Defendants in *Cook, et al. v. Rockwell International Corp., et al.*, No. 90-cv-181-JLK (D. Colo.), including by those members of the Class who have not timely excluded themselves from the Class, are dismissed with prejudice, and without costs other than as provided by any Court order regarding reimbursement of costs to be paid from the Settlement Fund.

10. Upon the Settlement Agreement becoming final in accordance with paragraph 3(d) of the Settlement Agreement, Plaintiffs and the Class unconditionally, fully and finally release and forever discharge the Defendants, any past, present and future parents, subsidiaries, divisions, affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, indemnitors (including the DOE), general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorney fees,[5] accrued in whole or in part, in law or equity, that the Plaintiffs and Settlement Class Members (including any of their past,

---

[5] The Court will address the reimbursement of costs and award of attorney fees out of the Settlement Fund by separate orders.

4

present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (collectively the "Releasors") ever had, now have or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of or relating in any way to the Released Parties' conduct in connection with Rocky Flats, including without limitation any claim that was alleged or could have been alleged in the above-captioned suit (the "Released Claims"), *except that* the Settlement Class Members and the Plaintiffs do not release claims for actual bodily injury, nor claims unrelated to the allegations in the complaint such as pension, or product liability or contract claims or claims of former Rocky Flats workers under Workman's Compensation or similar laws or regulations.  Releasors hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims, regardless of whether or not any Releasors objected to the Settlement.

11. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Judgment and Order.

12. Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay, and that this Order adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreement (including the members of the Class), and is final and shall be immediately appealable.

13. In accordance with Paragraph 17 of the Settlement Agreement, the Settlement Agreement shall not be admissible for any purpose except in an action to enforce its terms.  It is

expressly understood that by entering into the Settlement Agreement and by supporting approval of the Settlement, Defendants do so for settlement purposes only.  Nothing in the Settlement Agreement, nor any other Settlement-related document, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Defendants as to whether any class, in this case or others, may be certified for purposes of litigation and trial, or as an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations made in this action. Defendants expressly and fully reserve their rights to defend this action and oppose certification of a litigation class if for any reason the Settlement does not become final as provided in Paragraph 3(d) of the Settlement Agreement.  Nothing in the Settlement Agreement, any other Settlement-related document, or any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Named Plaintiffs or Settlement Class Members of the absence of any liability or absence of violation of any statute or law by the Defendants or the absence of any liability or wrongdoing by the Defendants or be used or deemed or construed to rebut any claims alleged by the Named Plaintiffs or Settlement Class Members in either the District Court or the Court of Appeals or the Supreme Court.  The Named Plaintiffs expressly and fully reserve all their rights to advance all their claims and seek class certification and entry of judgment if for any reason the Settlement does not become final as provided in Paragraph 3(d) of the Settlement Agreement.

DATED this 28th day of April, 2017.

BY THE COURT:

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE