

July 27, 2017

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103

Re:   *Cook, et al. v. Rockwell International Corp. and The Dow Chemical Co.,*
      No. 90-cv-00181-JLK (D. Colo.)

Dear Messers. Davidoff and Sorensen:

This letter summarizes the activities of Heffler Claims Group ("HCG"), the Court-appointed Settlement and Claims Administrator, and the current status of the claims administration in the above-referenced litigation:

**Claims Received**

As of July 24, 2017, we had received a total of 10,244 claims as follows: 8,025 paper claims received by mail; and 2,219 claims submitted electronically through the official settlement website, www.RockyFlatsSettlement.com. Thus far we have confirmed that 7,653 of these claims are valid.

**Claims Review Procedure**

**Step 1.** Each claim we receive is reviewed by a Claims Analyst and input into our claims database. The Claims Analyst reviews all of the accompanying documentation submitted and compares the claimed property to the list of Class properties provided to HCG from the Class's property expert, Wayne Hunsperger. HCG has received claims from, and has sent rejection letters to, claimaints whose claims were rejected because the claims relate to properties outside the Class area. Claims that relate to properties located in the Class area proceed to the next step, described below.

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
July 27, 2017
Page 2

> **Step 2.** Each claim that relates to a property located in the Class area is further reviewed by the Claims Analyst to confirm that the claim was filed by the Class member or by an heir or successor of a Class member. The Claims Analyst also determines the percentage of the claim attributable to the claimant. For example, if there was only one owner of the property on June 7, 1989 and that Class member files a claim, then they are entitled to 100% of the value of the claim for that property; alternatively, if the property was owned jointly by two people, then each would be entitled to 50% of the value of the total claim value for that property. In addition, for claims submitted by an heir or successor to the 1989 owner(s), the Claims Analyst reviews the documentation to ensure that the claimant is entitled to file the claim and to determine the correct percentage of the total property claim that claimant is entitled to recover. Of course, if the Claims Analyst determines that a claim was filed by someone who did not own property in the Class area as of June 7, 1989 (and not the heir or successor of such a Class member), then the claim is rejected and HCG sends a rejection letter to the claimant explaining the reason for the rejection.

**Claim Confirmation Letters**

> HCG mails letters to all claimants who submit claims to confirm receipt of their claim, and to provide the assigned claim number and our contact information.

**Deficiency Letters**

> HCG mails deficiency letters to claimants whose claims would be valid, but lack certain required information and/or supporting documentation. The deficiency letter confirms receipt of the claim, provides the assigned claim number and our contact information, and describes the deficiency and the process for the claimant to follow to rectify the deficiciencies related to their claim. These letters provide thirty (30) days for a claimant to timely respond. As of July 24, 2017, we had mailed deficiency letters to 2,087 claimants.

**Rejection Letters**

> HCG mails rejection letters to claimants who have filed claims related to property not located in the Class area. HCG also mails rejection letters to claimants who have filed claims related to properties they did not own on June 7, 1989 (or to claimants who are not the heirs or successors to people or entities that owned the relevant property on June 7, 1989). The rejection letter confirms receipt of their claim, provides the assigned claim number and our contact information, and describes the reason for rejection and the process for the claimant to follow to contest our determination. These letters provide thirty (30) days for a claimant's timely response. As of July 24, 2017, we had mailed rejection letters to 1,384 claimants.

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
July 27, 2017
Page 3

**Follow-Up Related to Deficiency / Rejection Letters**

HCG has set up and utilizes the following process to handle claimants' responses to our letters:

- Our Call Center has been trained to handle calls from claimants who have received deficiency or rejection letters. As necessary, calls by claimants are escalated to other HCG personnel, including the HCG Claims Analyst assigned to handle a particular claim or claimant.

- If a claimant calls or writes to contest or challenge a deficiency or rejection determination, the Claims Analyst re-reviews the claim and associated documentation and follows up with the claimant as necessary.

- As appropriate, throughout the process, HCG works with the Class's property expert, Wayne Hunsperger, and Class Counsel to investigate and evaluate particular claims.

As of July 24, 2017, we have received 1,530 written responses to our deficiency and rejection letters. Additionally, 2,628 calls have been received since the deficiency and rejection letters were first mailed. We continue to process written responses and calls from claimants.

**Current Status of Claims**

As of July 24, 2017, we had received the following claims:

| Claims' Status | Number |
|---|---:|
| Valid | 7,653 |
| Under 1st review | 30 |
| Under final review | 345 |
| Deficient | 885 |
| Rejected | 1,331 |
| **Total:** | **10,244** |

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
July 27, 2017
Page 4

**Continued Work**

      HCG continues to receive claims, calls, and responses to our letters. We will continue to send claim confirmation, deficiency, and rejection letters as claims are received and reviewed.

      In addition, HCG is working with Wayne Hunsperger, Dr. Mark McNulty, and Class Counsel to calculate the preliminary claim amounts for each valid claim in accordance with the Court-approved Plan of Allocation.

If you have any questions, please feel free to contact me directly.

Sincerely,
HEFFLER CLAIMS GROUP LLC

Michael E. Hamer
Client Services Manager

Merrill G. Davidoff, Esquire
David F. Sorensen, Esquire
July 27, 2017
Attachment

## Exhibit A
## Rocky Flats Analyze Codes

| ANALYZE CODE | REASON |
|---|---|
| | **REJECTIONS** |
| CM | The property address is not located in the Property Class Area |
| CP | Did not own the property on 06/07/1989 and is not an heir or successor of someone or an entity that owned the property on 06/07/1989 |
| E03 | Duplicate claim |
| | **DEFICIENCIES** |
| DA | There is at least one signature missing from claimant(s) on Part III Certification and Signature |
| DH | If the claimant is an heir, they did not provide adequate documentation showing they are an heir |
| DN | Claimant(s) needs documentation for name change |
| DS | Social Security number(s) missing/incomplete |
| DW | Claimant needs to complete a sworn statement to recover as a surviving spouse (sent template to complete and return) |
| DX | Claimant needs to complete a sworn statement to recover as an heir (sent template to complete and return) |
| DZ | Claimant needs to provide additional documentation to prove percentage of the overall property claim due to claimant |