**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

---

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

**LEAD CLASS COUNSEL'S STATUS REPORT RE LOUISE ROSELLE'S
OBJECTION TO THE ALLOCATION OF ATTORNEY FEES**

---

On July 27, 2017, Louise Roselle filed an objection to the allocation of fees (Doc. 2474) which demanded "personal bonuses" for time devoted to this case while she was employed by Waite, Schneider, Bayless & Chesley, Co. ("WSBC"), time that had already been submitted by WSBC (with Objectors' assistance in preparing WSBC's fee petition) and for which WSBC was allocated a fee by Lead Counsel. This objection was later joined by Paul De Marco, Jean Geoppinger McCoy, and Markovits, Stock & DeMarco, LLC, ("MSD") (Doc. 2476).[1]

The Court overruled this objection on August 22, 2017 ("Order re Objections") (Doc. 2484), reserving ruling on the amount of the fee distribution to Markovits, Stock & DeMarco. The objection was correctly overruled as the only case cited in support by Objectors,

---

[1] Ms. Roselle, Mr. De Marco, Ms. McCoy and MSD are collectively, the "Objectors."

*In re Washington Public Power Supply System Securities Litigation,* 19 F.3d 1291 (9th Cir. 1994) actually held that as to attorneys whose time was recognized for lodestar enhancements, the fees were to be awarded to the firm that employed them, not to them personally.  And neither Objectors nor Lead Counsel were able to locate any class action case where the court awarded "personal bonuses" for time spent by an attorney while employed by a firm, which time was already claimed by the firm that employed them.  In addition, the Objectors provided no factual or legal basis upon which they could bypass the judicially-supervised proceedings governing the disposition of WSBC's assets to be paid "personal bonuses" for work they did while employed by WSBC.  *See generally* Doc. 2482 (brief of Lead Counsel).

Objectors De Marco and Roselle worked for WSBC until 2012, and then joined the MSD firm as partners.[2]  In an effort to be conciliatory to Objectors, we proposed setting aside approximately $153,000 to allow for negotiations with MSD regarding a potentially increased multiplier to be applied to MSD's time, which would benefit Objectors Roselle and De Marco as they are partners and/or employees of that firm.  For reasons explained below, despite apparent progress and near agreement, these negotiations failed.

In accordance with the Court's Order re Objections, Lead Counsel distributed fees to all of the co-counsel firms included in the fee application using the multipliers assigned by Lead Counsel, including a distribution of fees to MSD.[3]  The $153,000 set aside thus would come

---

[2]   We understand that Ms. Roselle and Mr. De Marco joined MSD as partners.  Ms. Roselle is now listed as "of counsel" as of September, 2017.  Mr. De Marco is still listed as a partner.

[3]   One exception was the allocation to WSBC, because the receiver/assignee Eric Goering has not supplied a W-9 nor payment instructions, and hence the fees and costs for that firm remain in the Escrow Account for fees established by Lead Counsel.  Lead Counsel is prepared to make the payments to WSBC as soon as its receiver/assignee submits a completed W-9 and payment instructions.

solely from Berger & Montague's fees (since all other firms have been paid), as MSD was informed during negotiations.  The $153,000 set aside remains in the Escrow Account.  Meanwhile, MSD received its original allocation of $349,816.00, at its originally assigned multiplier of 1.6 (the same multiplier given to four other firms).  MSD received its allocation of $349,816.00 at the same time as other co-plaintiffs' counsel.

Following the Court's Order re Objections, we embarked on negotiations with MSD, through its managing partner Terry Coates, and arrived at an agreed dollar figure which would have paid MSD a substantial part of the $153,000 allotted for these negotiations (in addition to the $349,816.00 already paid to MSD).  We believed that we were negotiating a final determination for MSD and its two individual attorneys who were Objectors.  We were trying to finalize the negotiations and pay MSD the agreed dollar amount; however we requested that Mr. Coates send a letter affirming the following to conclude the agreement:

> (1) In exchange for the additional payment of [$ redacted] your firm, and the lawyers in your firm including Paul [De Marco] and Louise [Roselle], will file no further papers or objections to the RF fee allocation or to 'transparency' of the same;
>
> (2) Upon sending you the additional [$ redacted], we may inform the Court that this dispute has been settled and that no further objections, appeals, or motions for reconsideration will be filed [by MSD or Mr. De Marco and Ms. Roselle].

Mr. Coates refused to sign such a letter stating that the dispute over "personal bonuses" was unrelated to the MSD fee dispute and even contending that Lead Counsel had so agreed, which Lead Counsel dispute.

We then informed Mr. Coates that without an agreement that the MSD attorneys would not continue to pursue their unprecedented quest for "personal bonuses" there was no agreement about any additional payment to be made to MSD.  This was consistent with our negotiations as

3

there would be no point in settling the dispute with MSD if any further challenges to the fee allocations were filed by MSD lawyers. Moreover, most of the fees to other co-counsel and to MSD itself, as MSD and the Objectors obviously knew, had already been distributed per the Court's Order re Objections (Doc. 2484).

We therefore respectfully, and regretfully, request that the Court resolve this dispute regarding MSD's purported entitlement to any fees over and above the $349,816.00 it has already received.[4]

MSD is not entitled to any further multiplier enhancement at all. MSD devoted less than 40 hours (12% of its total time spent on this case, 326.5 hours (*see* Doc. 2435-4, at ¶3 & Ex. 1)) after the first appeal and before the successful second appeal *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088 (10th Cir. 2015) ("*Cook Appeal II*") that paved the way for the successful resolution of this decades-long case. The work leading up to *Cook Appeal II* was fraught with risk following the Tenth Circuit's opinion in *Cook v. Rockwell Int'l Corp.*, 618 F.3d. 1127 (10th Cir. 2010) ("*Cook Appeal I*") vacating the judgment entered in favor of Plaintiffs. This risky work — the "judicial jiu jitsu" praised by the Tenth Circuit in *Cook Appeal II*, 790 F.3d at 1091 — was done almost exclusively by Lead Counsel at Berger & Montague. The work on the ensuing *certiorari* petitions to the Supreme Court was done exclusively by Lead Counsel and Supreme Court Counsel.

MSD contributed virtually no expenses to the case. Mr. Coates has stated MSD was not asked to contribute, but of course the millions of dollars it took to litigate this case had been expended previously, and MSD at no time offered to reimburse any of the other firms for these

---

[4]   If MSD-affiliated lawyers abandon any further pursuit of "personal bonus" fees, we would still be willing to pay the agreed compromise amount to MSD.

4

costs.  Nor did MSD offer to contribute to the mediation expenses incurred after *Cook Appeal II*. MSD's contribution was no greater and in some cases less than the four other firms also receiving a 1.6 multiplier, as WSBC paid some of the case expenses (though defaulting on its one-third commitment) and the Chimicles firm paid other expenses when two of the three original firms drastically curtailed their participation.  In addition, WSBC received credit for sending Ms. Roselle and an associate to trial, and the Chimicles firm received credit for sending an associate to trial.

Because MSD did not substantially contribute to the trial, first appeal, or second, and successful, appeal and did not contribute to costs, we respectfully request that the Court affirm the 1.6 multiplier originally allotted to MSD in the fee allocation.[5]

Dated: September 15, 2017

                                              BERGER & MONTAGUE, P.C.

By:   */s/ Merrill G. Davidoff*
        Merrill G. Davidoff
        David F. Sorensen
        Caitlin G. Coslett
        1622 Locust Street
        Philadelphia, PA  19103
        (215) 875-3000
        *Lead Counsel for the Class/Respondent*

---

[5] The Court's April 28, 2017 Order Awarding Attorney Fees, paragraph 9, required that any allocation disputes be brought before this Court, without any mention of appeals or further proceedings.  The Court should condition any award of additional sums or an enhanced multiplier upon agreement by MSD and its attorneys that this concludes the matter.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 15th day of September, 2017, he caused the foregoing submission to be served via the Court's ECF system upon all participating counsel.

By:     */s/ Merrill G. Davidoff*
         Merrill G. Davidoff
         BERGER & MONTAGUE, P.C.
         1622 Locust Street
         Philadelphia, PA  19103
         (215) 875-3000