IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

  v.

ROCKWELL INTERNATIONAL CORPORATION
And THE DOW CHEMICAL COMPANY,

        Defendants.

---

**RESPONSE OF MARKOVITS, STOCK & DEMARCO TO LEAD COUNSEL'S STATUS REPORT RE LOUISE ROSELLE'S OBJECTION TO THE ALLOCATION OF ATTORNEY FEES**

---

This Court's August 22, 2017 Order (Doc. 2484) ("Order") denied two of Louise Roselle's three objections. The ruling on the remaining objection was held in abeyance pending Lead Counsel meeting and conferring about whether to apportion all or some of the reserved $153,044.50 to Markovits, Stock & DeMarco, LLC ("MSD"). *Id.* at ¶ 3. Unfortunately, Lead Counsel's "Status Report Re Louise Roselle's Objection to the Allocation of Attorney Fees" (Doc. 2485) inaccurately recounts the negotiations between Lead Counsel and MSD's managing partner, Terence Coates.

1

As directed by the Court, the parties to the dispute negotiated over what portion of the reserved $153,044.50 would be allocated to MSD.[1] These negotiations began during a conference call between Merrill Davidoff, David Sorenson, Paul De Marco, and Terence Coates on August 28, 2017.[2] During that phone call, Lead Counsel mentioned the issue of the personal bonuses that Mr. De Marco and his colleague Louise Roselle previously had requested for their work on this case before joining MSD, which the Court already had denied.[3] Mr. Coates immediately stated that the Order called merely for the parties to meet and confer over *MSD's share in the reserved $153,044.50*.  Mr. Coates recommended the parties only discuss MSD's share of the reserved $153,044.50 because the Court had denied the other objections, including the objection related to paying personal bonuses to Paul De Marco, Louise Roselle, and Jeanne McCoy for their time on this case while working at Waite, Schneider, Bayless & Chesley, Co., LPA ("WSBC").[4] Everyone on the August 28, 2017 conference call agreed and for the remainder of the call the only topic discussed was what lodestar multiplier MSD would receive beyond the 1.6 multiplier reflected in Lead Counsel's original allocation to MSD.[5] By the end of the call, Mr. Coates had stated MSD's position that it should receive an award reflecting a 2.2 multiplier (i.e.,

---

[1] Attached as Exhibit 1 is a true and accurate copy of the complete email string between Lead Counsel and MSD relating to the allocation of the reserved $153,044.50.
[2] Exhibit 1, at 1-2, 6.
[3] *Id*. at 1-2.
[4] *Id*.
[5] *Id*.

$131,181.00), and Mr. Davidoff had asked Mr. Coates to take a day or two to consider a smaller award reflecting a multiplier of 2.0 (i.e., $87,854.00).[6] From the conclusion of that call until now, all negotiations have taken place by email. The emails attached as Exhibit 1 comprise all of those negotiations.

As Exhibit 1 shows, two days after the phone call, Mr. Coates sent Mr. Davidoff an email stating that MSD was "willing to accept $120,000.00 in addition to the amount already awarded (representing less than a 2.15 multiplier) to resolve this dispute."[7] Mr. Davidoff responded that Lead Counsel "would agree to pay 100K additional from our fee allocation, about 2/3 of the amount in dispute. Meanwhile we will be sending a check for the original amount at a 1.6 multiplier today. If we cannot agree on this very fair compromise, I suggest simultaneous briefs to Judge Kane limited to 5 pages each."[8]  Mr. Davidoff's email made no mention of any conditions on the proposed additional payment of $100,000.00. Mr. Coates responded: "We are not far apart. Given the difference between the last two numbers exchanged (MSD: $120,000; BM: $100,000), I will agree to meet you in the middle at $110,000 to finalize the dispute over the $153,044.50 reserved by the

---

[6] *Id.* at 6.

[7] *Id.*

[8] *Id.* at 5. Mr. Davidoff's email of August 31 mischaracterized the source of the proposed payment as his own firm's "fee allocation." The Court's Order of August 22 required Lead Counsel to "hold back" the $153,044.50, rather than distribute those funds to itself or anyone else. Doc. 2484 at ¶ 4 ("… Lead Counsel shall hold back and not distribute $153,044.50 unless and until there is a resolution of the only remaining dispute, which is the amount of the fee to be distributed to Markovits, Stock & De Marco, LLC.").

3

Court."[9]  It was at this point that Mr. Davidoff introduced a brand new condition into the negotiations with Mr. Coates: "If you will write me a letter making the following assurances we will agree to the $110K (which comes from our allocation solely): (1) In exchange for the additional payment of $110K your firm, and the lawyers in your firm including Paul [De Marco] and Louise [Roselle], will file no further papers or objections to the RF fee allocations or to 'transparency' of the same; (2) Upon sending you the additional $110K we may inform the Court that this dispute has been settled and that no further objections, appeals, or motions for reconsideration will be filed."[10] Mr. Coates responded that "MSD is willing to commit that, upon payment of the $110,000 under discussion, MSD and its lawyers will not advocate further, in the district court or in an appeal, for a different fee allocation *for MSD* out of the RF fee."[11]  But Mr. Coates rejected Mr. Davidoff's last-second condition regarding current MSD attorneys Louise Roselle and Paul De Marco, stating that their personal bonus requests are separate matters involving their work on this case before they joined MSD, and that "MSD will not agree to link its share with those matters now[.] I cannot make a commitment regarding what actions Paul and Louise may or may not take regarding the issue of personal bonuses for the time they worked on the case before joining MSD."[12]

---

[9] *Id*. at 4.
[10] *Id.* at 2-3.
[11] *Id.* at 1-2 (emphasis in original).
[12] *Id.*

4

In its August 22 Order (Doc. 2484), the Court stated: "Class Counsel is ordered to meet and confer concerning the amount of the fee to be distributed to Markovits, Stock & De Marco, LLC and is further ordered to advise the Court on or before September 18, 2017, whether Class Counsel has been able to resolve this remaining dispute by agreement." Lead Counsel's response overstepped the Court's instruction and addressed the merits of MSD's contribution to the litigation (Doc. 2485 at 4-5), improperly conflating Mrs. Roselle's and Mr. DeMarco's arguments for personal bonuses relating to their time at WSBC with MSD's objection regarding its lodestar multiplier.

As the Court can see from Exhibit 1, the parties to this dispute negotiated to a compromise figure of $110,000 (out of the reserved $153,044.50) as MSD's additional compensation and in all likelihood would have reached a resolution on that basis had not Mr. Davidoff decided to insist that Mr. Coates accept an unrelated last-second condition. Based on the parties' email negotiations, $110,000.00 represents a reasonable, meet-in-the-middle amount. MSD requests that Lead Counsel be instructed to pay $110,000.00 to MSD out of the reserved $153,044.50.[13]

---

[13] If the Court presently is unwilling to grant MSD the requested $110,000.00 of the reserved $153,044.50, MSD respectfully asks for the opportunity to respond to Lead Counsel's misleading merits arguments and set the record straight. MSD does not respond on the merits here in deference to the Court specifying in its Order that the parties shall merely meet and confer regarding the only remaining objection and then report back to the Court on or before September 18, 2017 as to whether or not they reached an agreement. If necessary, MSD will file its response when and in such a manner as the Court directs.

|  |  |
|---|---|
|  | Respectfully submitted, |
| September 18, 2017 | s/ *Louise M. Roselle* |
|  | _____ |
|  | Louise M. Roselle |
|  | MARKOVITS, STOCK & DE MARCO, LLC |
|  | 3825 Edwards Road, Suite 650 |
|  | Cincinnati, Ohio 45209 |
|  | lroselle@msdlegal.com |
|  | (513) 651-3700 |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served upon all counsel of record, via the Court's CM/ECF system, this 18th day of September, 2017.

*s/ Louise M. Roselle*
_____
Louise M. Roselle

6