IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S
MOTION FOR APPROVAL OF POST-DEADLINE CLAIM**

# TABLE OF CONTENTS

BACKGROUND ............................................................................................................................. 1

    I.    Claim Deadline ................................................................................................................. 1

    II.   Claims Distributions ........................................................................................................ 2

    III.  Mr. Tirrell's Claim .......................................................................................................... 2

REQUEST FOR APPROVAL......................................................................................................... 3

CONCLUSION................................................................................................................................ 4

Class Counsel respectfully move for an Order approving the Claim of Claimant John Tirrell ("Mr. Tirrell") and authorizing and directing the Settlement and Claims Administrator to make a distribution to Mr. Tirrell if and when the Court authorizes the Settlement and Claims Administrator to make a Second Distribution of Net Settlement Funds. As set forth in Mr. Tirrell's attached affidavit, Mr. Tirrell attempted to submit a Claim prior to the Court-imposed Claims deadline of June 1, 2017, but was incorrectly informed on the settlement website that his property was not located within the Property Class Area. Affidavit of John Tirrell ("Tirrell Aff.," attached as Ex. 1), ¶¶ 5-13. Mr. Tirrell only learned that his property was, indeed, inside the Property Class Area after the Court-ordered December 31, 2017 absolute final deadline for all claims, including late claims, had passed. Tirrell Aff., ¶¶ 10-13.

## BACKGROUND

### I.  Claim Deadline

In the August 5, 2016 Order granting preliminary approval of the Settlement, Plan of Allocation, and Notice, the Court ordered in relevant part that "[m]embers of the Class will be given until June 1, 2017 . . . to file a claim." ECF No. 2416. Following the Final Approval Hearing, Plaintiffs and Class Counsel moved on October 13, 2017 for an Order "(1) approving awards to Claimants who submitted late, otherwise eligible claims that were approved by the Settlement and Claims Administrator ('Claims Administrator') as of October 6, 2017; (2) approving the administrative determinations of the Claims Administrator rejecting ineligible claims; (3) approving an initial distribution from the Net Settlement Fund to Class members whose Claims have been approved as of October 6, 2017; and (4) barring further claims against the Settlement Fund unless a claimant has a reasonable explanation for lateness." ECF No. 2494. Class Counsel requested that the Court accept late claims filed between June 1, 2017 (the original Claims deadline) and October 6, 2017, but asked the Court to find that "all claims

1

received after December 31, 2017 [] be barred." *Id.* On October 23, 2017, the Court granted that motion, including Class Counsel's proposed claims deadlines, ordering:

> The administrative determinations of the Claims Administrator accepting Claims submitted and verified as of October 6, 2017 are approved, and all such Claims are accepted. . . . No Claim submitted after December 31, 2017 may be included in the initial distribution or any subsequent distribution(s) for any reason whatsoever. Claims received after December 31, 2017 against the Settlement Fund shall be barred.

ECF No. 2501, ¶¶ 2, 6. The Court's Order also provided that "[t]he Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including the administration and consummation of the Settlement." *Id*. at ¶ 8.

## II.     Claims Distributions

The Settlement and Claims Administrator mailed checks to 7,658 Claimants in the initial distribution. *See* Declaration of Edward J Radetich Jr., CPA, Heffler Claims Group, in Support of Class Counsel's Motion for Approval of Post-Deadline Claim ("Radetich Dec.," attached as Ex. 2), at ¶ 3.

## III.    Mr. Tirrell's Claim

The unique circumstances of Mr. Tirrell's Claim are set forth in the accompanying Tirrell Affidavit and Radetich Declaration.

Mr. Tirrell received Notice that he may be eligible to participate in the settlement in 2017. Tirrell Aff. ¶ 4. On or about May 19, 2017, Mr. Tirrell attempted to submit a Claim electronically on the settlement website (www.rockyflatssettlement.com), but the website erroneously did not identify his property as being located within the Class area. *Id.* ¶¶ 5-6. Relying on that information, Mr. Tirrell did not complete the submission of his Claim. *Id*. ¶¶ 7, 14.

On or about January 13, 2018, a neighbor of Mr. Tirrell informed Mr. Tirrell that his property may in fact be located within the Class area. *Id*. ¶¶ 7-8. Mr. Tirrell contacted the

2

Settlement and Claims Administrator, but was told that his property was outside of the Class area, and that the Claims deadline had passed. *Id*. ¶¶ 10-11. Mr. Tirrell also contacted Class Counsel, and Class Counsel told him that they would consult with the Class's property expert. *Id.* ¶ 13. Following Mr. Tirrell's inquiry, the Settlement and Claims Administrator, working with the Class's property expert, Mr. Wayne Hunsperger, confirmed that Mr. Tirrell's property is in fact located within the Class area, and that the settlement website incorrectly failed to identify Mr. Tirrell's property as located in the Class area. Radetich Dec. ¶ 6.

Mr. Tirrell subsequently requested that Class Counsel approve his Claim. Because Mr. Tirrell failed to submit his claim prior to the Court's December 31, 2017, his Claim is barred under the Court's prior order. *See* ECF No. 2501, ¶ 6.

## REQUEST FOR APPROVAL

Class Counsel file this motion to request that the Court allow the Settlement and Claims Administrator to accept Mr. Tirrell's Claim, which Class Counsel respectfully submit was submitted after the December 31, 2017 deadline without fault of Mr. Tirrell. As provided in the Proposed Order accompanying this Memorandum, Class Counsel propose that this exception be limited to Mr. Tirrell's Claim, and that the Court-imposed deadline of December 31, 2017 remain in place for all other claims.

In the Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution, the Court ordered that "Class Counsel shall submit a separate application requesting Court approval for any additional, subsequent disbursements to Class members of Net Settlement Funds." ECF No. 2501. Class Counsel plan to submit a separate motion requesting Court approval of a second distribution to be made to claimants. If and when the Court grants such motion, Class Counsel request permission to pay Mr. Tirrell's Claim as part of that second distribution.

## **CONCLUSION**

Class Counsel respectfully request that the Court enter the Proposed Order accompanying this motion providing that (1) Mr. Tirrell's Claim may be accepted; and (2) all other Claims received after December 31, 2017 against the Settlement Fund remain barred.

Dated: February 9, 2018                                             Respectfully submitted,

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
David F. Sorensen
Caitlin G. Coslett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DeBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs and the Class*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of February, 2018, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

                                                       */s/ Merrill G. Davidoff*
                                                     Merrill G. Davidoff
                                                     BERGER & MONTAGUE, P.C.
                                                     1622 Locust Street
                                                     Philadelphia, PA 19103
                                                     (215) 875-3000