**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

**NOTICE OF SUBMISSION OF APPEAL BY CLASS MEMBER REGARDING DISTRIBUTION OF SETTLEMENT PROCEEDS**

Class Counsel respectfully submits this Notice of Submission of Appeal by Class Member regarding Distribution of Settlement Proceeds for determination by the Court.

Mr. Scot Rodgers, a Class member who held joint title to property in the class area on June 7, 1989, wishes to appeal the determination made by the Heffler Claims Group, as the Settlement and Claims Administrator, that Mr. Rodgers was only entitled to 50% of the distribution associated with his joint ownership of the property. There is no dispute that Mr. Rodgers is entitled to a distribution associated with his joint ownership of the property—the dispute is regarding the size of such recovery. As set forth in Mr. Rodgers' accompanying submission, Mr. Rodgers believes he is entitled to 100% of the distribution associated with his joint ownership of the property. Class Counsel respectfully submit that Mr. Rodgers is entitled to 50% of the distribution associated with his joint ownership of the property.

To assist Mr. Rodgers and the Court, Class Counsel agreed to make this submission to allow the Court to make a determination on his appeal.

## MR. RODGER'S APPEAL

Mr. Rodgers submission is attached as Exhibit A.  In his submission, he explains why he believes he should receive 100% of any distributions associated with the property.

## CLASS COUNSEL'S POSITION

Class Counsel respectfully disagrees with Mr. Rodgers and believes that the Settlement and Claims Administrator's determination was correct and should be affirmed, but welcomes the Court's determination of this issue.

On June 7, 1989, title to the property in question was held by Scot and Verneal Rodgers, in joint tenancy.  *See* Exhibit B (the November 8, 1988 Warranty Deed by which Scot Rodgers and Verneal Rodgers took title to the property).  The Rodgers were divorced in 1996 and, in the divorce, Mr. Rodgers received title to the property.  The decree also provided that "Wife waives any and all claims she may have to said property now and forever."  *See* Exhibit C  (the full Stipulation and Agreement that was part of the 1996 Divorce Decree) and Exhibit D (the Decree – Dissolution of Marriage entered by the District Court of the County of Boulder, State of Colorado dated July 16, 1996).  In June 1996 Verneal Rodgers signed a Quit Claim Deed transferring her interest in the property to Scot Rodgers.  *See* Exhibit E.

No claim as been submitted on behalf of or based upon Ms. Rodgers' ownership interest in the property other than by Mr. Rodgers.

After consultation with, Class Counsel, the Heffler Claims Group determined that Verneal Rodgers and Scot Rodgers were each entitled to receive 50% of any distribution awarded for the property in question.  Class Counsel's advice and evaluation is premised upon the definition of the Property Class which consists of "all persons and entities … who owned, as of June 7, 1989, an interest … in real property situated within the Property Class Area." *See* April 28, 2017 Order Granting Final Judgment, Approving Class Settlement and Dismissing Class Claims Against Defendants (Doc. 2471).

Ms. Rodgers falls within the Class definition and she, along with Mr. Rodgers, was entitled to receive 50% of the distribution associated with the jointly owned property. The post-June 7, 1989 Divorce Decree and Quit Claim Deed did not transfer or assign Ms. Rodgers' inchoate rights to a distribution in this then pending litigation and should be treated the same as all of the other post-June 7, 1989 transfers of title to property located within the class boundaries.

What matters for purposes of entitlement to recovery is ownership of property in the Class area on June 7, 1989. Transfers of property rights occurring after June 7, 1989 are not relevant and do not affect who is entitled to recover as a Class member (or heir or successor-in-interest of a Class member).

The absence of any claim from or on behalf of Ms. Rodgers (or any heir of Ms. Rodgers) does not alter this analysis nor, by itself, entitle Mr. Rodgers to receive Ms. Rodger's share of any distribution. Mr. Rodgers is not Ms. Rodgers' heir and Mr. Rodgers is no more entitled to Ms. Rodgers' share of the settlement funds than he is to the shares of other Class members who have not submitted claims. With approval of the Court, all money that is unclaimed (because Claimants such as Ms. Rodgers did not file a claim) will be distributed among Claimants who filed timely, valid claims, including Mr. Rodgers.

## CONCLUSION

WHEREFORE, Class Counsel, acting on behalf of the Class, respectfully requests that this Court make a determination regarding the Appeal submitted by Class Member and Claimant Scot Rodgers.

Respectfully submitted this 13 day of April, 2018.

S&D Law

By: /s/ *Steven W. Kelly*
    Steven W. Kelly
    S&D Law
    1801 York Street
    Denver, CO 80206
    Telephone: 303.399.3000

3

Merrill G. Davidoff
David F. Sorensen
Caitlin G. Coslett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

4

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of April, 2018, a true and correct copy of the foregoing **NOTICE OF SUBMISSION OF APPEAL BY CLASS MEMBER REGARDING DISTRIBUTION OF SETTLEMENT PROCEEDS** was submitted electronically and served via the Court's ECF system on all parties of record, and served on the party identified below via U.S. Mail, postage pre-paid:

    Mr. Scot Rogers
    126 Ramona Road
    Golden, CO 80403

                                                /s/ *Carol Christman*

GX5548