FEB 12 2018

Scot Rodgers
126 Ramona Rd.
Golden, CO 80403
303-642-7775
*Class Member ID:* 302812FGGQ3RD
Claim Number: 1703018

# EXHIBIT A

February 9th, 2018

Rocky Flats Settlement
c/o Heffler Claims Group
Settlement and Claims Administrator
P.O. Box 58459
Philadelphia, PA  19102-8459

Dear Administrator:

   I am writing to you because I wish to appeal the final determination of the Settlement Administrator's decision to award me only 50% of my claim in the Rocky Flats Settlement to a Court or Special Master. When I received the award back in November, I took note of the instructions to seek adjustment if I was not satisfied, and did promptly respond with a written explanation of why I wanted an adjustment, along with supporting documentation and the original uncashed check. I will now reiterate my reasons for seeking said adjustment.

   In 1992, Verneal Rodgers, my now ex-wife, left our home at 9326 Garrison Drive. She left behind a husband and a three year old son. She didn't say anything...she simply left. She disappeared. I tried to find her, but she didn't want to be found. I searched, believe me...after quite some time, I gave up, and had to go on with my life, and my son. After a few years went by, I wanted to get a divorce. I hired a lawyer, who managed to find her. She had had another child by this time, and a new family. I wanted no part of her. After several letters to her, asking her to sign divorce papers, went unheeded and unanswered, my lawyer tried a new strategy. I also wanted her name off of the deed for the home we owned together. The next letter he sent proposed that if she would sign a quit claim deed to the home, that I would never come after her for any child support for our son. She signed it. However, she never did sign the divorce papers, and I had to petition the court to grant a divorce to me without her. I spent a lot of money and time trying to get Verneal Rodgers to do the right thing..and she refused, for whatever reason. She left a son with me, for whatever reason.

   I have not spoken with Verneal Rodgers in over 25 years, nor do I wish to now. I fully understand that this award is based on the two of us owning the property in 1989...I get it. But in reality, Verneal Rodgers gave up all the rights to said property long ago. She left me with the property, it's value, all the debt...and our son. The divorce decree, the quit claim deed...both use the word 'forever'. From the day she signed the deed, or the day I was granted a divorce...forever. This is forever, right now. Yes, this action that caused us to get the award happened in 1989..but you have all been fighting for us for 27 years. No one knew if you would win. It was the future. Most didn't even know about it. This is the future, right here, right now.

   If the Special Master or Court should find that Verneal Rodgers should still receive her share of 50% of the award, I think it only fair to her son that it be given to him, as she provided nothing for him. I realize that it may be confidential information, but in order for me to make sure that my son receives

what I feel is rightfully his, that you contact Verneal Rodgers and make sure she gets her portion of the award, so that in turn, I can contact her and discuss the redistribution of those funds to my son. That money would certainly go a long way to help him pay off his student loans.

   I have enclosed supporting documents again, in order to better plead my case to the Special Master or Court.

   I thank you for your time and consideration on this very important matter.


Scot Rodgers

*[signature]*


CC   Susan Leo
     Steven W. Kelly

**RESPONDENT'S WAIVER OF RIGHTS**: The Wife hereby releases, waives, and forever discharges the Husband or his estate of each and every one of her rights, claims and demands, of whatever kind or nature, which she now has or may in the future have against the Husband or his estate, whether such rights, claims and demands be of courtesy or statutory right as the surviving Wife of the Husband, as an heir at law or otherwise, except as may be hereinafter specifically set forth;

2. **NON-MOLESTATION**: Neither Husband nor Wife, as the parties to this Agreement, shall have any control or authority over the other, nor shall either party annoy, molest or interfere with the other party. Each shall have the right to conduct his or her social life and business affairs as he or she sees fit, unless such conduct adversely affects the minor children or infringes upon the rights of the other party. This provision shall constitute a permanent injunction which shall be in effect for a period of ten (10) years from the date hereof.

3. **MUTUAL RELEASE**: Each party hereto hereby agrees to indemnify the other against any loss, fine, expense, or injury incurred through the failure of one party to comply with or to perform any of the terms of this agreement.

4. **PROPERTY AND DEBT DIVISION**:

   A. **Real Property**: Husband shall have sole ownership and exclusive possession, us and right to that certain parcel of real property legally described as follows:

   Lot 36
   Block 1
   Sunstream Subdivision, Filing No. 1
   State of Colorado,
   also known as 9326 Garrison Drive, Westminster, CO 80021.

   Said real property is currently titled to the parties jointly. Wife agrees to transfer her interest to Husband by Quitclaim Deed. Husband assumes, agrees to pay and shall hold Wife harmless from all costs and expenses related to his ownership of said property, including, but not limited to payment of the debt service, taxes, insurance, repairs, maintenance and/or other charges now owing or incurred hereafter. Wife waives any and all claims she may have to said property now and forever.

   B. **Personal Property**: The Husband and Wife have agreed between themselves to the division of all of their personal property acquiring during their marital lives, which property each of the parties shall retain in his or her exclusive possession. The Husband and Wife respectively relinquish all right, title and interest in and to said personal property including, but not limited to, household goods, cars, bank accounts and retirement accounts.

   C. **Debts**:
   Due to the parties' four year period of separation there are no outstanding marital debts other than as above referenced regarding the marital home.

RECEPTION NO. F0274483        6.00          PG: 0001-001
230    RECORDED IN JEFFERSON COUNTY, COLORADO        7/26/96 11:33:53

## QUITCLAIM DEED

THIS DEED, Made this         day of          , 1996 ,
between
Verneal S. Rodgers

of the            *County of              and
    Texas
State of Colorado, grantor, and
Scot R. Rodgers

whose legal address is  9326 Garrison Drive, Westminster, CO  80021

of the           County of Jefferson            and State of Colorado, grantees,

WITNESSETH, That the grantor, for and in consideration of the sum of ------------------------------
TEN AND NO/100----------------------------------------------------------------- DOLLARS
the receipt and sufficiency of which is hereby acknowledged, has remised, released, sold and QUITCLAIMED, and by these presents does remise, release, sell and QUITCLAIM unto the grantees, their heirs, successors and assigns forever, not in tenancy in common, but in joint tenancy, all the right, title, interest, claim and demand which the grantor has in and to the real property, together with improvements, if any, situate, lying and being in the          County of   Jefferson             and State of Colorado, described as follows:

    Lot 36
    Block 1
    SUNSTREAM SUBDIVSION
    FILING NO.1
    County of Jefferson
    State of Colorado

also known by street and number as:  9326 Garrison Drive, Westminster, CO  80021
assessor's schedule or parcel number:

TO HAVE AND TO HOLD the same, together with all and singular the appurtenances and privileges thereunto belonging or in anywise thereunto appertaining, and all the estate, right, title, interest and claim whatsoever, of the grantor, either in law or equity, to the only proper use, benefit and behoof of the grantees, their heirs and assigns forever. The singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

IN WITNESS WHEREOF, The grantor has executed this deed on the date set forth above.

_____
Verneal S. Rodgers

TEXAS

whose legal address is 9326 Garrison Drive, Westminster, CO 80021

of the          County of Jefferson          and State of Colorado, grantees,

WITNESSETH, That the grantor, for and in consideration of the sum of ----------------------------------
TEN AND NO/100-------------------------------------------------------------- DOLLARS
the receipt and sufficiency of which is hereby acknowledged, has remised, released, sold and QUITCLAIMED, and by these presents does remise, release, sell and QUITCLAIM unto the grantees, their heirs, successors and assigns forever, not in tenancy in common, but in joint tenancy, all the right, title, interest, claim and demand which the grantor has in and to the real property, together with improvements, if any, situate, lying and being in the       County of Jefferson        and State of Colorado, described as follows:

         Lot 36
         Block 1
         SUNSTREAM ; SUBDIVSION
         FILING NO. 1
         County of Jefferson
         State of Colorado

STATE DOCUMENTARY F..
JUL 2 - 1996

also known by street and number as: 9326 Garrison Drive, Westminster, CO 80021
assessor's schedule or parcel number:

TO HAVE AND TO HOLD the same, together with all and singular the appurtenances and privileges thereunto belonging or in anywise thereunto appertaining, and all the estate, right, title, interest and claim whatsoever, of the grantor, either in law or equity, to the only proper use, benefit and behoof of the grantees, their heirs and assigns forever. The singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

IN WITNESS WHEREOF, The grantor has executed this deed on the date set forth above.

_/s/ Verneal S. Rodgers_
Verneal S. Rodgers

TEXAS
STATE OF ~~COLORADO~~,
} ss.
County of
The foregoing instrument was acknowledged before me this 27th day of June, 1996, by Verneal S. Rodgers

My commission expires July 25th, 1999. Witness my hand and official seal.

_/s/ Janene Deteau_
Notary Public

JANENE DETEAU
Notary Public State of Texas
My Commission Expires
JULY 25 1999

*If in Denver, insert City and

Name and Address of Person Creating Newly Created Legal Description (§ 38-35-106.5, C.R.S.)

No. 962. Rev. 4-94.    QUITCLAIM DEED (to Joint Tenants)
Bradford Publishing, 1743 Wazee St., Denver, CO 80202 — (303) 292-2500 — 9-95



DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO

Case No. 96 DR 80, Division 3

---

### NOTICE OF NON-CONTESTED HEARING

---

In Re the Marriage of:

SCOT RYAN RODGERS,

                Petitioner,

and

VERNEAL SUSAN RODGERS,

                Respondent.

---

**PLEASE TAKE NOTICE** that a non-contested hearing regarding Permanent Orders in this matter has been set for July 16, 1996, at 4:00 p.m., in Division 3 of the Boulder District Court, located at 1777 6th Street, Boulder, Colorado. Said hearing is anticipated to take one-half hour of the Court's time.

                Respectfully submitted,

                ST.CLAIR, GRESCHLER &
                WOODFORD, P.C.

Dated: 6-17-96

Michael V. Anderson, #13689
Attorney for Petitioner
2995 Baseline Road, Suite 302
Boulder, CO   80303
(303) 440-7500



**ST. CLAIR**
**& CRESCHLER**
**& WOODFORD**

A Professional Corporation

Attorneys at Law
SCOTT A. ST. CLAIR
IRA E. CRESCHLER
MICHAEL J. WOODFORD
MICHAEL V. ANDERSON
MARIA B. SHUMAN

January 19, 1996

Verneal S. Rodgers
708 Ridgeglen, #334
Arlington, TX   76001

Re:  Marriage of Rodgers

Dear Ms. Rodgers:

In speaking with Scot today he expressed some concern over a couple of things mentioned in my previous letter to you. These involve the issues of child support and property division. Scot has asked me to write this follow-up letter to you to try to explain how he feels about these things.

Let's take child support first. Colorado law requires that in a divorce both sides have to submit affidavits indicating their gross income. When the court knows the gross income of both sides it is then required to compute an amount of child support based upon a mathematical formula. This means that *as part of your divorce from Scot we have to determine some amount of child support.* Although this is the law, Scot has advised me consistently that he really has no interest in collecting child support from you. The problem is then how we comply with the law without getting bogged down in child support issues.

Since you and Scot have been separated for a long time, Scot has little to no idea what your gross monthly income might be. Again, child support is calculated based upon gross income. If you can in good faith prepare your affidavit showing a low amount of gross monthly income then the amount of child support involved will similarly be low; perhaps $50 per month. The bottom line is here is that Scot would very much like to have this divorce proceed quickly and amicably and to do that he is willing to ignore child support if we can receive your prompt cooperation in getting the paperwork back to me. There is also an issue regarding property.

2995 Baseline Rd. Suite 302
Boulder CO, 80303-2318
Phone 303-440-7500
Fax 303-440-8708

Verneal S. Rodgers
January 19, 1996
Page 2

Because you and Scot have been separated for such a long period of time I have advised him that the way we will structure the paperwork is to say that each of you gets to keep the personal property that you now have. As you know, there is a house here in Colorado that I understand is titled in both your name and Scot's name. In exchange for Scot's walking away from child support we would ask that you walk away from making any claim on the family home. As part of finalizing the divorce I will be asking you to sign a deed for the home over to Scot to accomplish this.

In conclusion, Scot asked me to write to try to clarify child support and the house issue. Although our law requires that the court look at the parties' income and make a child support order, Scot is willing to do everything he can to have this amount be as low as possible and he has no intention of actually collecting the same provided that you cooperate with us in getting the divorce moving and in signing a deed over for the family home. Also, Scot has time and again told me that he does not want to create conflicts with you in this case. Along these lines, if you have any questions at all about the foregoing or anything else involved in this divorce, I would encourage you to please call me and I'd be happy to discuss the same.

Thanks for your attention to the foregoing and your anticipated cooperation.

Sincerely,

ST.CLAIR AND GRESCHLER, P.C.

Michael V. Anderson

MVA:ger
cc: Scot Rodgers



**ST. CLAIR
GRESCHLER
& WOODFORD**

A Professional Corporation

Attorneys at Law
SCOTT A. ST. CLAIR
IRA E. GRESCHLER
MICHAEL J. WOODFORD
MICHAEL V. ANDERSON
MARIA B. SHUMAN



June 17, 1996

Verneal S. Rodgers
708 Ridgeglen, #334
Arlington, TX   76001

Re:  Marriage of Rodgers

Dear Ms. Rodgers:

At this time, we are in a position to finalize your divorce from my client, Scot Rodgers. In order to do this, several documents must be filed with the Court, the originals of which are enclosed. Please allow me to take this opportunity to explain these to you.

The most important issue has to do with child support and the family home. As you know, from previous letters from me, Colorado law provides that child support must be awarded in every custody action. Enclosed is what is known as a "Worksheet A" for child support. The income figures for calculation of child support are based upon both your and Scot's Financial Affidavits. As you know, you mailed a Financial Affidavit to me some time ago indicating that you are unemployed. A copy of Scot's Affidavit is enclosed. You'll note that in the child support worksheet imputes or attributes income to you at the minimum wage which is what our Courts require when a person is unemployed.

Using the information we have, the amount of child support you pay to Scot comes to $107.14. Utilizing the equity in the family home, your transfer of the family home is being credited towards prepayment of child support on a permanent basis. This means Scot can _never_ seek child support from you. It is possible the Court will not approve this type of arrangement, but we'll give it a try.

A proposed form of Quitclaim Deed for transfer of your interest in the family home to Scot is enclosed. This needs to be signed in the presence of a notary public.

2995 Baseline Rd. Suite 302
Boulder, CO, 80303-2318
Phone 303-440-7500
Fax 303-440-8708

Verneal S. Rodgers
June 17, 1996
Page 2

Also enclosed is an original form of proposed Separation Agreement. Please review this carefully. If you have any questions, please contact me. Otherwise, please sign this document and have it notarized as well and return it to me.

I have also enclosed a copy of the proposed form of Decree which is the Court Order finalizing the divorce and another mandatory form known as the Support Order.

Finally, I have enclosed a pre-addressed, stamped envelope for your convenience in returning the enclosed documents to me. I note that this process has taken some time, but we are know in a position to get everything wrapped up and Scot would like to do this as quickly as possible. Accordingly, if you have any immediate questions, please contact me and I'll try to resolve those. Otherwise, I look forward to receiving the Separation Agreement and Deed back from you at your earliest convenience.

Sincerely,

Michael V. Anderson

MVA:wlp
Enclosures
cc: Scot Rodgers