EXHIBIT C

DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO

Case No. 96 DR 80-3

---

**STIPULATION and AGREEMENT - EXHIBIT A TO DECREE**

---

In Re the Marriage of:

SCOT RYAN RODGERS,

                                                   Petitioner,

and

VERNEAL SUSAN RODGERS,

                                                   Respondent.

---

THIS STIPULATION AND AGREEMENT entered into this 15 day of June, 1996, by and between Scot Ryan Rodgers (hereinafter referred to as the "Husband") and Verneal; Susan Rodgers (hereinafter referred to as the "Wife"), to wit:

WHEREAS, the parties hereto were married in Jefferson County, Colorado, on August 7, 1988, and have lived together as Husband and Wife until May 30, 1992 at which time, because of substantial and irreconcilable differences, they separated and have continued to live apart; and

WHEREAS, the Petitioner filed a Petition for Dissolution of Marriage in the District Court of the County of Boulder, State of Colorado, on or about January 19, 1996, Civil Action No. 96 DR 80-3; and

WHEREAS, the parties agree that their marriage is irretrievably broken; and

WHEREAS, the parties hereto desire to agree on the custody of their minor child; Christopher Ryan Rodgers, born March 7, 1989, and to make provisions for the reasonable support of this child; and

WHEREAS, the parties hereto desire to agree on the issues of maintenance, division of marital property, payment of marital debts, child custody and support and all other rights, duties and obligations of the parties arising out of their marriage to one another.

1. **PETITIONER'S WAIVER OF RIGHTS**: The Husband hereby releases, waives, and forever discharges the Wife or her estate of each and every one of his rights, claims and demands, of whatever kind or nature, which he now has or may in the future have against the Wife or her estate, whether such rights, claims and demands be of courtesy or statutory right as the surviving Husband of the Wife, as an heir at law or otherwise, except as may be hereinafter specifically set forth;

RESPONDENT'S WAIVER OF RIGHTS: The Wife hereby releases, waives, and forever discharges the Husband or his estate of each and every one of her rights, claims and demands, of whatever kind or nature, which she now has or may in the future have against the Husband or his estate, whether such rights, claims and demands be of courtesy or statutory right as the surviving Wife of the Husband, as an heir at law or otherwise, except as may be hereinafter specifically set forth;

2. NON-MOLESTATION: Neither Husband nor Wife, as the parties to this Agreement, shall have any control or authority over the other, nor shall either party annoy, molest or interfere with the other party. Each shall have the right to conduct his or her social life and business affairs as he or she sees fit, unless such conduct adversely affects the minor children or infringes upon the rights of the other party. This provision shall constitute a permanent injunction which shall be in effect for a period of ten (10) years from the date hereof.

3. MUTUAL RELEASE: Each party hereto hereby agrees to indemnify the other against any loss, fine, expense, or injury incurred through the failure of one party to comply with or to perform any of the terms of this agreement.

4. **PROPERTY AND DEBT DIVISION:**

A. Real Property: Husband shall have sole ownership and exclusive possession, us and right to that certain parcel of real property legally described as follows:

Lot 36
Block 1
Sunstream Subdivision, Filing No. 1
State of Colorado,
also known as 9326 Garrison Drive, Westminster, CO 80021.

Said real property is currently titled to the parties jointly. Wife agrees to transfer her interest to Husband by Quitclaim Deed. Husband assumes, agrees to pay and shall hold Wife harmless from all costs and expenses related to his ownership of said property, including, but not limited to payment of the debt service, taxes, insurance, repairs, maintenance and/or other charges now owing or incurred hereafter. Wife waives any and all claims she may have to said property now and forever.

B. Personal Property: The Husband and Wife have agreed between themselves to the division of all of their personal property acquiring during their marital lives, which property each of the parties shall retain in his or her exclusive possession. The Husband and Wife respectively relinquish all right, title and interest in and to said personal property including, but not limited to, household goods, cars, bank accounts and retirement accounts.

C. Debts:
Due to the parties' four year period of separation there are no outstanding marital debts other than as above referenced regarding the marital home.

2

Husband shall assume, pay, indemnify and hold Wife harmless upon the following debts:

    1). All debts incurred in the Husband's sole name since separation;

Wife shall assume, pay, indemnify and hold Husband harmless upon the following debts:

    2). All debts incurred in the Wife's sole name since separation;

5. **FULL DISCLOSURE:** The above and foregoing Stipulation and Agreement of the parties regarding property division is made upon the assumption that each of the parties hereto has made a full, complete, and total disclosure to the other of the nature and extent of all the assets and obligations of the parties. As to any asset of the parties to which no such full disclosure has been made by the parties, then this Agreement shall become null and void and the Court shall, upon such subsequent discovery of assets of either party, retain full jurisdiction to approximately divide each additional asset appropriately. Specifically, this Agreement shall have no binding effect whatsoever upon any property not disclosed by either party hereto, one to another, and described or referred to herein.

6. **MAINTENANCE:** Both parties voluntarily and with full understanding waive all rights either may have to receive maintenance or alimony now or at any time in the future. The Court shall retain no jurisdiction to modify this provision in any manner in the future. The parties agree that they may not hereinafter apply to the Court for any award of maintenance against the other party.

7. **CUSTODY AND PARENTING AGREEMENT:**

    A. **Joint Custody:** The parties shall have joint legal custody of their minor child, Christopher Ryan Rodgers and the family dog. Based upon the time sharing ordered herein, the Husband is designated the primary residential parent. Both parties are fit and proper persons to be awarded the care, custody, and control of the minor child. The parties have shared parental responsibilities with regard to the child in the past and hereby state their intention to continue sharing such parental responsibilities. It is acknowledged that the best interests of the child will be served most completely by the fullest possible participation by each parent in providing for the needs of the child directly and regularly.

    B. **Collaboration:** The parties hereby state their intention and desire to collaborate and make joint parental decisions wherever and whenever possible. Each party shall respect and support the day-to-day decisions made by each party during the time such party has physical custody of the child. Each party shall have responsibility for making appropriate arrangements to deal with any unanticipated daycare needs, whether occasioned by illness, school vacations, etc., that may arise when that parent has physical custody of the child.

3

C. **Time-Sharing**: The Husband shall have the right to parenting time with the child for such times as the parties may mutually agree upon. It is the parties' intent that Husband's parenting time shall be reasonable and liberal. Wife shall be solely responsible for transportation to effect parenting time. The parties acknowledge that, as the child grows older, his parenting time needs will change and that the parties will exercise their best judgment in modifying parenting time, if necessary, to accommodate the child's needs.

D. **Holidays and Summer Parenting Time**: Each party shall have the right to have the child for two (2) one week vacations each summer. The parties shall meet by April 15th of each year to coordinate this continuous vacation time. The parties shall also divide and alternate the following holidays so that each has the child for the holiday on alternating years: New Year's Day, Easter, Memorial Day, the Fourth of July, Thanksgiving, Christmas Ever, Christmas Day and New Year's Eve. Irrespective of the parenting time schedule, the child will always spend Mother's Day and the Wife's birthday with the Wife and Father's Day and Husband's birthday with the Husband. The parents shall alternate having the child on the child's birthday or shall share and divide the birthday as may be agreed upon.

E. The parties acknowledge that by entering into a joint custody agreement, neither of them will have exclusive decision making authority as contemplated by Colorado Revised Statutes, §14-10-130. In the event a dispute arises which the parties are in fact unable to resolve by and between themselves, they may petition the Court for a final resolution of the dispute.

8. **CHILD SUPPORT**: The parties agree that child support shall be paid to Husband by Wife at the rate of $107.14 per month; and that in consideration of Wife's deeding her interest in the parties' family home to Husband, Wife's child support obligation shall be considered fully and permanently paid in advance and Husband shall not seek to modify or collect child support from Wife for any reason.

9. **HEALTH INSURANCE**: The Husband currently provides medical health insurance coverage for the minor child and he shall continue this coverage so long as it is offered to him through his employment. Should the Husband become unable to provide health insurance coverage for the child through his employment he shall notify the Wife and the parties shall promptly reach an agreement to initiate the inclusion of the child under a medical or medical and dental health insurance policy.

10. **DEPENDENCY EXEMPTIONS**: The Husband shall have the right to claim the minor child as a dependent for tax purposes every year. The parties shall execute any necessary documents or forms to effectuate this provision. A party shall not be entitled to claim a child as a dependent if he or she has not paid all court-ordered child support for that tax year or if claiming the child as a dependent would not result in any tax benefit. In such event, the other party shall have the right to claim the child as a dependent for that tax year.

11. **ATTORNEY FEES**: Each party shall be solely responsible for his or her own attorney's fees and costs in handling this civil action.

4

12. **EXECUTION OF TITLE:** Unless expressly agreed otherwise, the parties agree to execute such documents as are necessary to implement this Agreement, and transfer any title, if required to be transferred hereunder, within ten (10) days from the date of execution of this Agreement. If any party shall fail to so execute any such documents, or if any documents are executed but are later found to be ineffective to carry out the purposes and intents of this Agreement, the Clerk of the District Court is authorized, and shall upon oral application of either party, execute such documents or correcting documents on behalf of the non-executing party.

13. **1996 TAXES:** The parties shall file jointly for Federal and State Income Taxes for 1993, and shall file separately for all subsequent years. The parties agree to share equally any refund or liability resulting from income tax filings for the year 1993 or resulting from any audit of tax returns for years during which the parties filed joint tax returns.

14. **INCORPORATION OF AGREEMENT IN DECREE:** In the event a Decree of Dissolution of Marriage should be awarded in this matter, the Court will be advised of this Stipulation and Agreement, the Court's approval will be sought, and with permission of the Court, this Agreement will be incorporated in its entirety as part of any Decree of Dissolution which may be entered.

15. **MODIFICATIONS:** No modifications of the terms of this Agreement shall be valid unless made by Court Order, or unless in writing and executed with the same formality as this Agreement, and no waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar nature.

16. **CONSTRUCTION OR INTERPRETATION OF AGREEMENT:** This Agreement shall be construed in accordance with the laws of the State of Colorado, entirely independent of the forum where it may appear for construction or enforcement.

17. **VOLUNTARINESS OF EXECUTION:** The parties hereto acknowledge that they are entering into this Agreement freely and voluntarily. The parties agree that the provisions of this Agreement comprise a fair, just, and reasonable settlement of all issues relevant to the dissolution of marriage.

18. **MISCELLANEOUS PROVISIONS AND STIPULATIONS:**

   A. This Agreement shall supersede any and all prior agreements between the parties hereto, it being the intention of the parties that this Agreement shall constitute a full and complete settlement of all property rights and interest of whatever kind and nature between the parties, including all rights of inheritance, maintenance and support, all claims with respect to separate property of the parties hereto, and all claims of whatsoever kind or character, that in absence thereof, could arise out of the marital relationship between the parties or otherwise.

   B. The Wife is not pregnant.

5

    C. It is expressly understood by and between the parties hereto that this is a full and complete settlement between them, that there are no representations, promises, covenants, or undertakings between the parties other than those expressly set forth herein.

    IN WITNESS WHEREOF, the parties hereto set their hands and seals on the day and year first above written.

                     _____
                      Scot Ryan Rodgers, Petitioner

STATE OF COLORADO )
           )ss.
COUNTY OF _____ )

    The foregoing Stipulation and Agreement was subscribed and sworn to before me this __ day of June, 1996 by Scot Ryan Rodgers.
    Witness my hand and official seal.

    My commission expires: _____

                      _____
                      Notary Public


                      _____
                      Verneal Susan Rodgers, Respondent

STATE OF TEXAS   )
           )ss.
COUNTY OF _____ )

    The foregoing Stipulation and Agreement was subscribed and sworn to before me this __ day of June, 1996 by Verneal Susan Rodgers.
    Witness my hand and official seal.

    My commission expires: _____

                      _____
                      Notary Public

APPROVED AS TO FORM:

_____
Attorney for Respondent

_____
Michael V. Anderson, #13689
Attorney for Petitioner
2995 Baseline Road, Suite 302
Boulder, CO  80303
(303) 440-7500