**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

## [PROPOSED] ORDER GRANTING CLASS COUNSEL'S MOTION FOR A SUPPLEMENTAL INTERIM DISTRIBUTION

This matter comes before the Court on Class Counsel's Motion for a Supplemental Interim Distribution of the Net Settlement Funds, made pursuant to Paragraph 12 of the Plan of Allocation of the Settlement Fund ("Plan of Allocation"), ECF No. 2407-2, approved by this Court on April 28, 2017, ECF No. 2471, which provides that the Court shall establish appropriate procedures for approval of the Proposed Allocation prior to disbursement of any funds to members of the Class.

Pursuant to this Court's Order granting Final Approval of the Settlement and Plan of Allocation, ECF No. 2471, and in accordance with the terms of the Settlement Agreement between Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk[1] (collectively the "Plaintiffs" or "Class Plaintiffs") and on behalf of the Class, and Defendants

---

[1] Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

1

Rockwell International Corporation ("Rockwell") and The Dow Chemical Company ("Dow") (collectively, "Defendants"), dated May 18, 2016,

NOW, THEREFORE, upon review of Class Counsel's Motion for a Supplemental Interim Distribution of the Net Settlement Funds, the accompanying Declaration of Edward Radetich Jr. ("Radetich Declaration") and Declaration of Wayne Hunsperger ("Hunsperger Declaration"), and all other briefing and materials filed in connection with Class Counsel's Motion for a Supplemental Interim Distribution of the Net Settlement Funds, it is ORDERED, ADJUDGED AND DECREED as follows:

1. The Court approves the Supplemental Interim Distribution from the Net Settlement Fund as proposed by Class Counsel.

2. The administrative determinations of the Settlement and Claims Administrator accepting valid Claims submitted on or before December 31, 2017 is approved, and all valid Claims submitted on or before December 31, 2017 are accepted.

3. The administrative determinations of the Settlement and Claims Administrator rejecting ineligible claims where (a) the Claimant was mailed a rejection letter and did not respond within thirty days; (b) the Claimant responded to a rejection letter but the Claims Administrator confirmed upon re-review that the Claim was ineligible; or (c) the Claimant filed a claim after the December 31, 2017 absolute deadline set by the Court; are accepted.

4. The Settlement and Claims Administrator shall make a supplemental interim distribution to all Claimants who submitted valid claims on or before December 31, 2017 that have not already received any disbursement of Net Settlement Funds. In other words, the

Claimants who were paid in the Initial Distribution[2] shall not receive any payment or disbursement in connection with this supplemental interim distribution.

5. This supplemental interim disbursement shall be made in accordance with the Plan of Allocation.

6. Class Counsel shall submit a separate application requesting Court approval for any additional, subsequent disbursements to Claimants of Net Settlement Funds.

7. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including the administration and consummation of the Settlement.

IT IS SO ORDERED.

BY THE COURT:

_____
John L. Kane, Senior District Judge
United States District Court

---

[2] The Initial Distribution was approved by Doc. No. 2501, Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution.