# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

---

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

---

## MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S MOTION FOR A SUPPLEMENTAL INTERIM DISTRIBUTION OF THE NET SETTLEMENT FUNDS

# TABLE OF CONTENTS

BACKGROUND ................................................................................................................ 3

    I.    Settlement Agreement.............................................................................................. 3

    II.   Claims Administration ............................................................................................ 5

DISTRIBUTION OF SETTLEMENT FUNDS .............................................................. 6

    I.    Claims Submitted On Or Before December 31, 2017 Should Be Accepted ....... 6

    II.   Ineligible Claims Should Be Rejected ................................................................... 7

    III.  Supplemental Interim Distribution ....................................................................... 8

        A.    Calculation Methodology for the Supplemental Interim Distribution.......................... 8

        B.    Future Distributions ............................................................................................... 10

CONCLUSION.................................................................................................................. 10

i

Pursuant to the "Order for Final Approval of Proposed Class Action Settlement and Approval of Proposed Plan of Allocation of the Settlement Fund," Doc. No. 2471, and the Plan of Allocation approved therein, Doc. No. 2407-2, Class Counsel respectfully moves for an Order (1) approving awards to Claimants who submitted late, otherwise eligible claims on or before December 31, 2017 that were approved by the Settlement and Claims Administrator ("Claims Administrator") as of April 25, 2018; (2) approving the administrative determinations of the Claims Administrator rejecting ineligible claims; and (3) approving a supplemental interim distribution from the Net Settlement Fund to Class members whose Claims were submitted on or before December 31, 2017 and whose Claims have been approved as of April 25, 2018.

The Court will recall that Class Counsel previously, on October 13, 2017, filed a motion for leave to make an initial distribution of the net settlement funds.[1]  On October 23, 2017, the Court issued an Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution.[2]  Pursuant to this Order, the Settlement and Claims Administrator, Heffler Claims Group, completed the Initial Distribution in November 2017.  *See* Declaration of Edward J. Radetich Jr., CPA, Heffler Claims Group, in Support of Class Counsel's Motion for a Supplemental Interim Distribution of the Net Settlement Funds, filed herewith ("Radetich Declaration"), at ¶¶ 3, 9.  Checks totaling $99,440,983.30 have been mailed since November 2017 to 7,503 Claimants as part of this Initial Distribution.  *Id.* ¶ 9.  Approximately $ 116 million remains in the Net Settlement Fund.

Since October 13, 2017, when Class Counsel filed the motion to make an initial distribution of settlement funds, the Settlement and Claims Administrator has validated an

---

[1] *See* Doc. Nos. 2494-2497.

[2] *See* Doc. No. 2501, Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution.

additional 783 Claims. The Claimants who submitted these 783 valid Claims have not yet received any distribution of net settlement funds because these 783 Claims were not validated prior to the filing of the motion for leave to make an initial distribution, and so these 783 claims were not included in the November 2017 initial distribution. These 783 valid claims include (a) claims that were timely filed on or before the June 1, 2017 claims filing deadline set by the Court, but which claims required additional investigation by the Settlement and Claims Administrator to determine the claims' validity and the payment amounts associated with any valid claims; (b) claims that were timely filed on or before June 1, 2017, but which were not validated until after October 13, 2017 because the Claimants needed to submit additional documentation in connection with the claims (for example, proof that the Claimants were heirs); and/or (c) claims that were filed between June 2, 2017 and the December 31, 2017 absolute cut-off date for claims (and many of these Claimants who filed claims after June 1, 2017 had reasonable excuses for their failure to file their claims on or before June 1, 2017). Radetich Declaration ¶¶ 3-5.[3]

Class Counsel thus respectfully request permission to make an interim supplemental distribution to the 783 claims that have been validated since October 13, 2017. These 783 claims were not included in the initial distribution, so this supplemental interim distribution shall be made only to those Claimants who did not receive any disbursement or payment as part of the Court-approved Initial Distribution, which was made in November 2017. This initial

---

[3] The Court set a June 1, 2017 deadline to submit claims, and this June 1, 2017 deadline was included in the claim form and all notice-related materials and communications. *See* http://www.rockyflatssettlement.com/home/documents/ (which includes the claim form and other notice-related documents). The Court subsequently ordered that "No Claim submitted after December 31, 2017 may be included in the initial distribution or any subsequent distribution(s) for any reason whatsoever. Claims received after December 31, 2017 against the Settlement Fund shall be barred." *See* Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution (Doc. No. 2501), at ¶ 6.

2

supplemental distribution would essentially put the Claimants associated with the now-validated 783 claims "on par" with the Claimants who were included in the Initial Distribution—if approved, all Claimants who have submitted valid claims would receive (or have received) a first, initial payment from the net settlement fund.

The remainder of the net settlement fund, remaining after this supplemental interim distribution (approximately $116 million less the approximately $8.1 million to be distributed in this supplemental interim distribution), will be distributed in a second or subsequent distribution(s). Class Counsel will move for leave to make a second distribution to all Claimants who have submitted valid claims at the appropriate time, after the disposition of some issues with remaining disputed claims are resolved and other calculations are completed. All Claimants with approved claims will also share in the second distribution.

## BACKGROUND

**I.     Settlement Agreement**

On May 18, 2016, Plaintiffs[4] and Defendants[5] entered into a Settlement Agreement (the "Settlement Agreement"), which was filed at Doc. No. 2401. The Settlement Agreement provided for settlement of the above-captioned action on behalf of a Settlement Class defined as:

> [A]ll persons and entities who have not previously opted out or who do not timely opt out of the class and who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area . . . exclusive of governmental entities, Defendants, and Defendants' affiliates, parents, and subsidiaries.

*Id.* at 4.

---

[4] The "Plaintiffs" or "Class Representatives" are Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk. Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

[5] Defendants are The Dow Chemical Company ("Dow"), and The Boeing Company as successor-in-interest to defendant Rockwell International Corporation ("Rockwell").

3

The Court certified the Settlement Class for purposes of settlement on May 19, 2016. Doc. No. 2396. On August 5, 2016, the Court granted preliminary approval of the Settlement Agreement. Doc. No. 2416. In the same Order, the Court granted preliminary approval of Plaintiffs' Proposed Plan of Allocation of the Settlement Fund, and approval of Plaintiffs' Proposed Forms and Manner of Notice to the Class ("Notice"), and Plaintiffs' Proposed Claim Form. *Id.* The Court also appointed The Huntington National Bank as Escrow Agent for the Settlement Agreement (Doc. No. 2418), and appointed Heffler Claims Group as Settlement and Claims Administrator, (Doc. No. 2417). *Not one* Class member objected to the fairness of the proposed Settlement following a comprehensive notice program that included 28,179 individually mailed long-form notices, plus an extensive publication notice campaign that included: (1) an informational settlement website (www.RockyFlatsSettlement.com) on which the notices and other important Court documents are posted; (2) a toll-free information phone line for Class members to call 24 hours a day, 7 days a week for more information about the Settlement, including but not limited to requesting copies of the long-form notice and Claim Form; (3) publication of the Court-approved short-form notice in nationally circulated consumer magazines; (4) publication of the Court-approved Summary Notice in Denver and other Colorado area newspapers; (5) television commercials aired nationwide on cable networks; (6) television and radio commercials aired on network affiliate and cable networks in the Denver Designated Market Area; (7) online display banner advertising with a nationwide reach; (8) online video advertising with a nationwide reach; (9) advertising on mobile websites and applications specifically targeted to reach potential Class members; (10) social media advertising through Facebook and Twitter specifically targeted to reach potential Class members; (11) native advertising on premium internet properties with a nationwide reach; (12) third party outreach to a

4

community action group, the Downwinders, and medical providers asking them to share and distribute the Summary Notice; and (13) a multimedia press release issued nationwide. *See* Declaration of Jeanne C. Finegan, APR Concerning Implementation and Adequacy of Class Member Notification (Doc. No. 2432), at *e.g.*, ¶ 6. Following the final fairness hearing on April 28, 2017, the Court granted final approval of the Settlement Agreement and the Plan of Allocation on April 28, 2017. *See* Doc. No. 2471. No appeals were taken from that final approval.

## II.     Claims Administration

Pursuant to the terms of the Settlement Agreement and Plan of Allocation, a Net Settlement Fund of $207,125,136.35 was established for the payment of valid claims to Claimants.[6] As provided by the Plan of Allocation, 3.196% of the Net Settlement Fund is allocable to commercial property claims; 81.537% is allocable to residential property claims; and 15.267% is allocable to vacant land claims. *See* Doc. No. 2407-2. Pursuant to the Court-approved Notice and Plan of Allocation, all Class members were required to submit Proofs of Claim by mail or through the official settlement website.

The Court set a June 1, 2017 deadline to submit claims, and this June 1, 2017 deadline was included in all notice-related materials and communications. The Court subsequently ordered: "No Claim submitted after December 31, 2017 may be included in the initial distribution or any subsequent distribution(s) for any reason whatsoever. Claims received after December 31, 2017 against the Settlement Fund shall be barred." *See* Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution (Doc. No. 2501), at ¶ 6.

---

[6] This is equal to the $375,000,000 gross settlement fund less attorney fees of $150,000,000, reimbursed litigation expenses of $7,094,833.65, service payments to the Class Representatives totaling $780,000, and a set aside for claims administration expenses of $10,000,000 (which money is not all spent, and any money not spent will be returned to the Net Settlement Fund at a later date).

5

The Court previously approved an initial distribution to Claimants, which was completed in November 2017.[7] As part of this initial distribution, checks were mailed to 7,664 Claimants who submitted valid and claims, and these checks totaled $99,440,983.30.[8]

As of April 25, 2018, the Claims Administrator has received and confirmed 783 valid claims that have not yet received any disbursement of funds from the Net Settlement Fund. Radetich Declaration ¶ 3.  Of those 783 valid but unpaid claims, 407 were submitted on or prior to June 1, 2017 (the deadline provided in the Notice), and the other 376 were received after June 1, 2017 but before the December 31, 2017 final deadline established by the Court.  *Id.* ¶¶ 4-5.

## DISTRIBUTION OF SETTLEMENT FUNDS

### I.   Claims Submitted On Or Before December 31, 2017 Should Be Accepted

Approximately 376 otherwise eligible Claims that have not yet been paid or accepted were received after the June 1, 2017 submission deadline but before the December 31, 2017 absolute deadline set by the Court.  *Id.* ¶ 5.  *See also* Doc. No. 2501, at ¶ 6 ("No Claim submitted after December 31, 2017 may be included in the initial distribution or any subsequent distribution(s) for any reason whatsoever.  Claims received after December 31, 2017 against the Settlement Fund shall be barred.").  No Claim has been rejected thus far because it was received after June 1, 2017 but before December 31, 2017.

Class Counsel respectfully submits that it would be unfair to prevent a Claimant submitting a late but otherwise valid Claim from participating in the Net Settlement Funds solely because the Claim was submitted after the cut-off date, even as the Claims Administrator was continuing to process other Claims.  Most of these claims have reasonable explanations for

---

[7] *See* Doc. No. 2501, Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution.

[8] *See* Radetich Declaration, at ¶¶ 3, 9.

6

lateness. Accordingly, Class Counsel respectfully requests that this Court approve Plaintiffs' and Class Counsel's proposal to accept otherwise valid Claims submitted after the June 1, 2017 deadline but before the December 31, 2017 absolute deadline set by the Court.

## II.     Ineligible Claims Should Be Rejected

As detailed above, approximately 2,716 Claims have been rejected by the Settlement and Claims Administrator because the subject property was located outside of the Class Area, the property was not owned by the Claimant as of June 7, 1989; the Claimant was not an heir or successor to the June 7, 1989 owner of a property located in the Class Area; or the Claim was duplicative of another Claim. Radetich Declaration ¶ 6. As of April 25, 2018, the Claims Administrator had mailed rejection letters to these Claimants whose Claims were rejected. *Id*. The rejection letters provide that rejected Claimants may contest the determination of the Claims Administrator by notifying the Claims Administrator and providing a statement of the Claimant's reasons for contesting, along with supporting documentation, within thirty days of receiving the rejection letter. Examples of the rejection letters were previously filed at Doc. No. 2496-4. All appeals that have been filed by Claimants are being reviewed by the Claims Administrator with the help of the Plaintiffs' property expert, Wayne Hunsperger and Dr. McNulty. *Id*. ¶ 7. Unresolved appeals may go to the Court or a special master.

Class Counsel respectfully requests that the Court enter an order approving the administrative determinations of the Claims Administrator rejecting ineligible Claims where (a) the Claimant was mailed a rejection letter and did not respond within thirty days, (b) the Claimant responded to a rejection letter but the Claims Administrator confirmed upon re-review that the Claim was ineligible, or (c) the Claimant filed a claim after the December 31, 2017 absolute deadline set by the Court. *See* Doc. No. 2501, at ¶ 6 ("No Claim submitted after December 31, 2017 may be included in the initial distribution or any subsequent distribution(s)

for any reason whatsoever. Claims received after December 31, 2017 against the Settlement Fund shall be barred."). A copy of the rejection letter that will be sent to Claimants who filed claims after the December 31, 2017 absolute cutoff is attached as Exhibit A to the Radetich Declaration.

### III. Supplemental Interim Distribution

Class Counsel respectfully requests that the Court enter an order directing and authorizing a supplemental interim distribution to all Claimants whose claims were submitted on or before December 31, 2017 and which have been accepted and validated as of April 25, 2018, but who have not yet received any disbursement. In other words, Class Counsel respectfully requests that the Court approve a supplemental interim distribution to those Claimants who have submitted valid claims but who have not received any distribution of Net Settlement Funds because they were not included in the Initial Distribution. This supplemental interim distribution will be in accordance with the methodology described in the Plan of Allocation and below.

A sample of the letter that the Claims Administrator proposes to send with the supplemental interim distribution, which will be the first distribution made to these Claimants, was previously filed at Exhibit E to the Declaration of Edward J. Radetich Jr., CPA, Heffler Claims Group, in Support of Plaintiffs' and Class Counsel's Unopposed Motion for an Initial Distribution of the Net Settlement Funds (Doc. No. 2496-5). The letter makes clear that the distribution award is "only the first part of [the] total award related to this case" for each Claimant, and that Class Counsel and the Claims Administrator expect to make an additional payment or payments in future distributions. *Id.*

#### A. Calculation Methodology for the Supplemental Interim Distribution

Pursuant to the terms of the Settlement Agreement and Plan of Allocation, a Net Settlement Fund was established for the payment of valid claims to Claimants. As provided by

8

the Plan of Allocation, 3.196% of the Net Settlement Fund is allocable to commercial property claims; 81.537% is allocable to residential property claims; and 15.267% is allocable to vacant land claims.

As provided in the Plan of Allocation and in the Proposed Order accompanying this motion, for purposes of calculating award amounts in the supplemental interim distribution (which will be the first distribution made to these Claimants), the Claims Administrator, working with Plaintiffs' property expert Wayne Hunsperger, determined, for each Claimant property, the property's assessed value, expressed as a fraction of the total assessed value of all Class Properties within the same property category (the property's "Fractional Allocable Share"). The Claims Administrator, again with Wayne Hunsperger, then computed a Claim award value for approved Claimant, based on the Class member's property's Fractional Allocable Share of the Net Settlement Fund apportioned to that category of properties, and based on whether the Claimant was due 100% of the total value awarded to a particular property or some lesser percentage.[9] For example, for a claim associated with a residential property, the proposed supplemental interim distribution will present an award based on the property's Fractional Allocable Share multiplied by the Net Residential Property Settlement Fund (equal to 81.537% of the Net Settlement Fund). The process used for this determination is set forth in the Declaration of Wayne Hunsperger in Support of Plaintiffs' and Class Counsel's Unopposed Motion for an Initial Distribution of the Net Settlement Funds, filed at Doc. No. 2497.

The Claims Administrator estimates that this supplemental interim distribution will result in approximately $8.1 million dollars being paid to claimants who have filed valid claims. *See*

---

[9] For example, if a property was owned by a now-divorced husband and wife, ordinarily the husband (or his heirs) would be entitled to 50% of the total claim value associated with that property and the wife (or her heirs) would be entitled to the other 50% of the total claim value associated with that property.

9

Radetich Declaration ¶ 8. The remainder of the Fund will be distributed in a second or subsequent distribution. All Class members with approved claims will also share in the second distribution.

### B. Future Distributions

As contemplated by the Plan of Allocation, there will be unclaimed or residual funds following the supplemental interim distribution. Class Counsel and the Claims Administrator anticipate that the amount of unclaimed or residual funds following the supplemental interim distribution will be more than sufficient to provide awards to Claimants whose claims were submitted on or prior to April 25, 2018, but have not yet been verified and approved by the Claims Administrator. Class Counsel proposes that Claimants who submitted claims on or prior to April 25, 2018 but which claims have not yet been verified receive payments at a later date, with the payment amounts computed using the same formula used for those claims receiving distributions as part of the initial distribution. Class Counsel will request Court approval for any such distributions to these Claimants at a later date.

Class Counsel also anticipate that the unclaimed or residual funds will be sufficient to provide additional awards to all Claimants included in the supplemental interim distribution. As provided in the Plan of Allocation, and subject to Court approval, in any such second or subsequent distribution, Class Counsel will likely request that the properties closest to the former Rocky Flats plant be given an extra weighting and so will receive relatively higher payments in such subsequent distributions.

### CONCLUSION

Class Counsel submit that the work performed, as explained above, was conducted fairly and in accordance with the terms and provisions of the Court-approved Settlement Agreement and Plan of Allocation. Accordingly, Class Counsel respectfully requests that the Court enter the

Proposed Order accompanying this motion providing that a supplemental interim distribution should be distributed to the Claimants who filed the 783 validated claims that have not yet received an initial payment or any disbursement of funds from the Net Settlement Fund.

Dated: May 3, 2018   Respectfully submitted,

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
David F. Sorensen
Caitlin G. Coslett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Gary B. Blum
Steven W. Kelly
SILVER & DeBOSKEY, P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of May 2018 he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

                                               */s/ Merrill G. Davidoff*
Merrill G. Davidoff
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000