**EXHIBIT 6**



Joseph B. Dischinger
direct: 303-894-4404
jdischinger@fwlaw.com

December 29, 2017

**CERTIFIED MAIL:** 7016 3560 0000 4104 4719
Return Receipt Requested

Rocky Flats Settlement
c/o Heffler Claims Group
Settlement and Claims Administrator
P.O. Box 58459
Philadelphia, PA 19102-8459

> **Re:** **Farmers Reservoir and Irrigation Company's notice of resubmittal of claim as separate claims and clarification of existing claims. Class Member ID: 302812GZPMP16. Claim No. WCF00002075.**

Dear Sir or Madam,

Our firm represents the Farmers Reservoir and Irrigation Company ("FRICO") and this letter is to notify you that FRICO is resubmitting portions of its original claim as several separate claims, as well as supplementing the claim to include one additional parcel, based on instructions received from the claim administrator and Property Expert, as described below.

By way of background, on June 1, 2017, FRICO electronically submitted its original claim form in this matter. Along with its claim form, FRICO also submitted: (1) a summary spreadsheet of the land FRICO owned in the Property Class Area on June 7, 1989 (which tied individual deeds to the Parcel ID numbers for parcels shown in the Jefferson County Assessor's records); (2) a map of FRICO's property located within the Property Class Area; (3) copies of the deeds evidencing FRICO's ownership of land within the Property Class Area; and (4) a letter explaining FRICO's claim submission and the previously referenced documents.

On September 14, 2017, you sent a letter to FRICO titled "Notification of Rejection of Claim and Description of Corrective Measures," and FRICO received your letter on September 20, 2017. Your letter stated that FRICO is not eligible to share in the distribution of the Net Settlement Fund because, "After a detailed, careful review of the physical location of your property, it has been confirmed by the Property Expert for the Class that your property is not located within the Property Class Area."

Case No. 1:90-cv-00181-JLK Document 2517-6 filed 06/27/18 USDC Colorado pg 2 of 69



Heffler Claims Group, Rocky Flats Settlement and Claims Administrator
December 29, 2017
Page 2

FRICO contested your determination by letter and submittal dated October 5, 2017, because the information already presented demonstrated its ownership of more than 1,800 acres of land located inside of the Property Class Area on June 7, 1989. In FRICO's October 5, 2017, letter, we also suggested a meeting to discuss the location of Standley Lake and FRICO's canals and other property relative to the Property Class Area. However, neither our firm nor FRICO received any response, whether via mail, phone, voicemail, email, or otherwise.

On December 21, 2017, our office contacted the claims administrator to check on the status of FRICO's claim. During a call with Anthony Knight, FRICO was informed, for the first time, that it is required to submit separate claim forms for each parcel with a separate Tax ID (sometimes called a parcel ID in these claim documents) that Jefferson County provided to the claims administrator. While FRICO is willing to submit its original claim as several separate claims, the Jefferson County Assessor's parcel IDs are not evidence of either ownership or the legal boundaries of real property parcels. (*See Rahrs Affidavit*). Some of FRICO's property is located within the parcel IDs provided to the claims administrator by Jefferson County, some is located partly within a parcel ID and partly outside of that parcel ID, and some land within the Claim Area does not have a parcel ID number at all. This may be because FRICO's ditches, canals, reservoir properties, and improvements are exempt from taxation pursuant to Article X, Section 3(1)(d) of the Colorado Constitution and § 39-3-104, C.R.S. *See generally, Shaw v. Bond*, 171 P. 1142 (Colo. 1918). Further, it appears the boundaries of some Parcel IDs may have changed between 1989 and now. Attached to this letter, FRICO is including a map depicting the location of FRICO's property within the Property Class Area in relation to the Jefferson County Parcel ID numbers provided to us by the claims administrator.

We have since learned that, at the time of the claim administrator's September 14 rejection notice, the Property Expert had not, in fact, conducted a detailed review of FRICO's claim. Indeed, Mr. Wayne Hunsperger informed us that he received the file concerning this claim for the first time on December 26, 2017. Mr. Hunsperger identified five parcels with Parcel ID numbers that he believed were owned by FRICO in 1989 and that FRICO had not previously identified.[1] He advised that it is not necessary to submit a separate claim for each parcel ID number, but that we should address through separate claims each of the five new

---

[1] In its June 1, 2017 claim, FRICO identified the following Parcel ID numbers associated with its properties located inside the Property Class Area on June 7, 1989: (1) 29-211-00-002; (2) 29-272-00-003; (3) 29-281-00-001; (4) 29-223-00-002; (5) 29-173-00-004; (6) 29-174-00-005; (7) 29-281-00-003; and (8) 29-281-00-004. On December 26, 2017, Mr. Hunsperger sent spreadsheet that he pulled from the 1989 Jefferson County Assessor's records of all FRICO's property within the Property Class Area to which the Assessor had assigned a Property ID number. In addition to the eight parcels FRICO included in its original claim, Mr. Hunsperger also identified the following five Parcel ID numbers: (1) 29-273-00-001; (2) 29-233-00-006; (3) 29-191-00-014; (4) 29-191-00-015; and (5) 29-164-00-002. FRICO is filing separate claims for each of these five Parcel ID numbers.



Heffler Claims Group, Rocky Flats Settlement and Claims Administrator
December 29, 2017
Page 3

Parcel IDs. It appears that the deeds we have already submitted encompass some of the land within these Parcel IDs. By separate claims submitted today, we explain what we know about the five Parcel IDs identified by Mr. Hunsperger.

It is important to note that the claims submitted today include some of the same lands that are also discussed and documented in our original June 1 claim. We are trying to comply with the requests of the claim administrator and the Property Expert by again tying our deeds to specific Tax Assessor parcel IDs where we can.

As you will see in the attached spreadsheet, we calculated an assessed valuation for FRICO's lands that do not have a Parcel ID number, and therefore do not have an assessed valuation. Jefferson County valued canal parcels differently than lake parcels. Accordingly, we estimated an assessed valuation for canal parcels that do not have an assessed value, based on other canal parcels that do have an assessed value. Similarly, we estimated an assessed valuation for lake parcels that do not have an assessed value, based on other lake parcels that do have an assessed valuation. Then, comparing similar types of parcels, FRICO divided the assessed value of all similar parcels by the total number of square feet within each parcel type to calculate the weighted average of assessed value per square foot of land in 1989. FRICO then multiplied the weighted average of assessed value per square foot of land in 1989 by 43,560 to arrive at an assessed value per acre. FRICO calculates that the County Assessor, on average, assessed FRICO's lake parcels in the amount of $688.91 per acre and its canal parcels in the amount of $7,241.92 per acre.

Again, if you would like to have a meeting to better understand the evidence we have submitted, please email me at jdischinger@fwlaw.com, call me at 303-894-4404, or send me a letter at the address shown on this letterhead.

Very truly yours,

Joseph B. Dischinger

Joseph B. Dischinger

**cc via email:** Scott Edgar, General Manager of FRICO
Wayne Hunsperger (wayne@hwltd.net)
Mike Hamer (mhamer@hefflerclaims.com)

**AFFIDAVIT OF ROB RAHRS REGARDING JEFFERSON COUNTY ASSESSOR'S
OFFICE PARCEL BOUNDARIES**

STATE OF COLORADO        )
                              )   ss

COUNTY OF ADAMS         )

I, Rob Rahrs, being first duly sworn, depose and state as follows:

       1.      I am over 18 years of age. I have personal knowledge of the facts set forth herein.

       2.      I am employed by FRICO as a Geographic Information System (GIS) Specialist
and Water Engineer.

       3.      I called the Jefferson County Assessor's Office ("Assessor") to discuss the
accuracy of the boundary lines of the Parcel IDs depicted on the Assessor's website.

       4.      The Assessor's Office told me that the boundary lines associated with each of the
Parcel IDs may not be correct or accurately represent the deeded property boundaries.

       5.      The Assessor's Office told me that the depicted boundary lines associated with
each Parcel ID may not include all deeded areas and the boundaries only give a rough estimate of
a parcel's true boundary lines.

       6.      The Assessor's Office told me the Parcel ID information in their office is not
reliable to establish who owns any particular piece of land. They said the best evidence of the
boundaries and ownership of parcels are the deeds.

       Further the affiant sayeth not.

                                  /s/
                                    Rob Rahrs

       Subscribed and sworn to before me this 21st day of December 2017, by
Rob Rahrs.

       Witness my hand and official seal.

                                  /s/
                                    NOTARY PUBLIC

My commission expires: 12/21/21

DANA ACKERMAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19974014845
MY COMMISSION EXPIRES DEC. 21, 2021



**Assessed valuation of FRICO's land within the property class area on June 7, 1989**

**Lake Parcels:**

| Parcel ID | PIN/Schedule | Total Parcel Size (sq/ft) | Assessed Value in 1989 | Value per sq/ft in 1989 | Value per acre in 1989 |
|---|---|---|---|---|---|
| 29-211-00-002 | 300048066 | 55344461.00 | 840550.00 | 0.02 | 661.57 |
| 29-272-00-003 | 300168708 | 272816.00 | 17600.00 | 0.06 | 2810.16 |
| 29-281-00-001 | 300037294 | 4581641.00 | 64060.00 | 0.01 | 609.05 |
| 29-223-00-002 | 300194210 | 2705468.00 | 52220.00 | 0.02 | 840.78 |
| 29-174-00-005 | 300092641 | 2629804.00 | 46800.00 | 0.02 | 775.19 |
| 29-281-00-003 | 300037295 | 40598.00 | 17510.00 | 0.43 | 18787.52 |
| 29-191-00-014 | 195744 | 100188 | 1400 | 0.01 | 608.70 |
| 29-191-00-015 | 195745 | 1927530 | 29010 | 0.02 | 655.59 |
| **Total for Lake Parcels** | | **67602506.00** | **1069150.00** | | |
| **Weighted Average for Lake Parcels** | | | | **0.02** | **688.91** |

**Ditch and Canal Parcels:**

| Parcel ID | PIN/Schedule | Total Parcel Size (sq/ft) | Assessed Value in 1989 | Value per sq/ft in 1989 | Value per acre in 1989 |
|---|---|---|---|---|---|
| 29-281-00-004 | 300194211 | 41817.00 | 9070.00 | 0.22 | 9448.05 |
| 29-273-00-001 | 152575 | 99535 | 14430 | 0.14 | 6315.07 |
| **Total for Ditch and Canal Parcels** | | **141352.00** | **23500.00** | | |
| **Weighted Average for Canal Parcels** | | | | **0.17** | **7241.92** |

**Parcels for which there is no assessed value or current informaiton from the county assessor**

| Parcel ID | PIN/Schedule | Total Parcel Size (sq/ft) | Assessed Value in 1989 | Value per sq/ft in 1989 | Value per acre in 1989 |
|---|---|---|---|---|---|
| 29-233-00-006 | 194464 | | 890 | | |
| 29-173-00-004 | 300203016 | 126498.00 | 0 | | |
| 29-164-00-002 | 203029 | 257919 | 0 | | |

**FRICO's Standley Lake Deed**

| Recording Information | Deed Reference on Map | Parcel Size (Acres) | Proposed Assessed Value for Standley | *Note |
|---|---|---|---|---|
| Reception No. 87152239 | 15 / 705.1* | 1712.2 | 1179551.702 | In FRICO's original June 1, 2017, submission, it used the number after the slash to identify a particular deed. In today's submission, FRICO is using the simplifed numbers before the slash. |

**FRICO's Croke Canal Deeds**

| Recording Information | Deed Reference on Map | Parcel Size (Acres) | Notes |
|---|---|---|---|
| B 162; P 444 | 1 / 386 | 5.53 | Calculated land area is within Property Class Area |
| B 173; P 506 | 2 / 403.5 | 17.80 | |
| B 162; P 442 | 3 / 388 | 7.70 | |
| B 162; P 586 | 4 / 389 | 7.00 | |
| B 173; P 503 | 5 / 408 | 8.60 | |
| B 153; P 370 | 6 / 394 | 4.70 | Calculated land area is within Property Class Area |
| B183; P 292 | 7 / 400 | 3.80 | Calculated land area is within Property Class Area |
| B 173; P 503 | 8 / 408 | 10.70 | |
| B 162; P 407 | 9 / 402 | 4.40 | |
| B 173; P503 | 10 / 408 | 0.10 | |
| B153; P 332 | 11 / 403 | 2.20 | |
| B 173; P 506 | 12 / 403.5 | 1.60 | |
| B 162; P 511 | 13 / 405 | 1.70 | |
| B 153; P 84 | 14 / 404 | 1.20 | |

| | | Total Croke Canal Acreage | Proposed Assessed Value for Croke |
|---|---|---|---|
| | | **77.03** | 557845.0976 |

**FRICO's Big Dry Creek Deed**

| Recording Information | Deed Reference on Map | Parcel Size (Acres) | Proposed Assessed Value for Big Dry Creek |
|---|---|---|---|
| B 173; P 503 | 17 / 408 | 9.40 | 68074.048 |

**FRICO's Deed for land north of Standley**

| Recording Information | Deed Reference on map | Parcel Size (Acres) | Proposed Assessed Value for Parcel North of Standley |
|---|---|---|---|
| B 190; P 169 | 16 / 626 | 8.00 | 57935.36 |

## Attachment to Claim for Parcel ID No. 29-273-00-001

Dear Settlement and Claims Administrator:

The Farmers Reservoir and Irrigation Company ("FRICO") is a Colorado mutual ditch company organized in 1902.  Mutual ditch companies are considered private corporations under the laws of the State of Colorado. Within the Property Class Area, FRICO owned Standley Lake, the Croke Canal, and portions of Big Dry Creek in fee simple on June 7, 1989. We believe that for the purposes of this case, the FRICO property would be considered "vacant land."

The Property Class Expert, Mr. Wayne Hunsperger, identified Parcel ID No. 29-273-00-001 that he believes FRICO owned in 1989 and that FRICO had not previously identified in an earlier claim. It appears that the deeds FRICO already submitted encompass some or all of Parcel ID No. 29-273-00-001 identified by Mr. Hunsperger.

Also attached hereto is:

- o   Current information on Parcel ID number 29-273-00-001 that FRICO obtained from the Jefferson County Assessor's Office;

- o   The southern portion of FRICO's deed number 8 appears to cover all of parcel ID number 29-273-00-001;

- o   An area map depicting FRICO's property located within the Property Class Area;

- o   A map depicting FRICO's deeded land within the vicinity of the parcel ID number and the calculated acreage of FRICO's deeded land ownership.

If you have any questions, please do not hesitate to reach out to us or our attorneys:

Scott Edgar, General Manager
Farmers Reservoir and Irrigation Company

(303) 659-7373 x. 303

Scott@farmersres.com

Joe Dischinger, General Counsel
Fairfield and Woods, P.C.

(303) 894-4404

jdischinger@fwlaw.com

12/28/2017                                    Property appraisal system



## GENERAL INFORMATION

PIN/Schedule: 300152575                    AIN/Parcel ID: 29-273-00-001
Status: Exempt                              Property Type: Exempt

Property Address: VACANT LAND
                  CO
Mailing Address: 08399 W 89TH AVE
                 WESTMINSTER CO 80021

| Owner Name(s) |
|---|
| FARMERS HIGH LINE CANAL & RESERVOIR CO |

Neighborhood: 9  -

## PROPERTY DESCRIPTION

Subdivision Name:  -

| Block | Lot | Key | Section | Township | Range | QuarterSection | Land Sqft |
|---|---|---|---|---|---|---|---|
|  |  | 011 | 27 | 2 | 69 | SW | 99535 |
|  |  |  |  |  |  | Total | 99535 |

| Assessor Parcel Maps Associated with Schedule |
|---|
| pmap29-273.pdf |

Interactive Map

## SALE HISTORY

| Sale Date | Sale Amount | Deed Type | Reception |
|---|---|---|---|
| 08-15-1983 | 0 | Quit Claim Deed | 83077006 |

## TAX INFORMATION

**2017 Payable 2018**

|  | Actual Value |
|---|---|
| Land | 31,990 |
| Total | 31,990 |
|  | Assessed Value |
| Land | 9,277 |
| Total | 9,277 |

**2016 Payable 2017**

|  | Actual Value |
|---|---|
| Land | 49,770 |
| Total | 49,770 |
|  | Assessed Value |
| Land | 14,433 |
| Total | 14,433 |

Treasurer Information

| View Mill Levy Detail For Year | | 2017 | 2016 |
|---|---|---|---|
| **2017 Mill Levy Information** | | | |
| Tax District | | | 1022 |
| County | | | TBA |
| School | | | TBA |
| REGIONAL TRANSPORTATION DIST | | | TBA |
| URBAN DRAINAGE&FLOOD CONT DIST | | | TBA |
| URBAN DRAINAGE&FLOOD C SO PLAT | | | TBA |
| ARVADA | | | TBA |
| ARVADA FIRE DIST | | | TBA |
| APEX PARK & REC DIST | | | TBA |
| Total | | | TBA |

Approximate location of Parcel ID No. 29-273-00-001





Jefferson County offers this service for informational purposes only for the convenience of the user and assumes no liability whatsoever associated with the use or misuse of this data. This data is provided "as is" and Jefferson County disclaims all representations and warranties expressed or implied, including without limitation all representations and warranties as to the completeness, accuracy, correctness, merchantability and fitness for a particular purpose of any data and any and all warranties of title related thereto. Sources: Esri, HERE, DeLorme, USGS, Intermap, INCREMENT P, NRCan, Esri Japan, METI, Esri China (Hong Kong), Esri Korea, Esri (Thailand), MapmyIndia, NGCC, © OpenStreetMap contributors, and the GIS User Community



Author:
Date: 12/28/2017

(408)

THIS DEED, Made this fourteenth day of August in the year
of our Lord one thousand nine hundred and thirteen BETWEEN
THE COLORADO RANCH COMPANY, a corporation duly organized
and existing under and by virtue of the laws of the State of
Colorado, of the first part ,and THE FARMERS RESERVOIR AND
IRRIGATION COMPANY, a corporation duly organized and existing
under and by virtue of the laws of the State of Colorado, of
the second part,

WITNESSETH, That the said party of the first part, for and
in consideration of the sum of One and 00/100 Dollars ($1.00)
and other good and valuable considerations to the said party
of the first part in hand paid by the said party of the second
part, the receipt whereof is hereby confessed and acknowledged,
has remised, released, sold, conveyed and QUIT-CLAIMED, and by
these presents does remise, release, sell,convey and QUIT-
CLAIM unto the said party of the second part, its successors
and assigns forever, all the right, title, interest, claim and
demand which the said party of the first part has in and to
the following described real estate situate, lying and being
in the County of Jefferson and State of Colorado, to-wit:

A strip of land for the NIVER CANAL through, upon, over
and across the North One-half (N 1/2) of Section Twenty-two
(22), Township Two (2) South, Range Sixty-nine (69) West;
said strip of land being One Hundred (100) feet wide and
extending Forty-five (45) feet right and Fifty-five (55)
feet left of the center line of the said NIVER CANAL, as
actually constructed, and contains Twelve and Ninety-four
One-hundredths (12.94) acres.

Station 0+00 or the point of beginning on the center line
of the said NIVER CANAL is Twenty Hundred Forty-five (2045) feet
South and Two Hundred Ninety-five (295) feet East of the
Northwest corner of said Section Twenty-two (22).

Said center line intersects the boundary line between said
Section Twenty-two and Section Twenty-three, same Township and
Range, Twenty-three Hundred Fifteen (2315) feet South of the
Northeast corner of said Section Twenty-two (22), which
point is Station 56+37.5 of the survey of the said NIVER

CANAL.

ALSO, a strip of land for the CROKE CANAL through, upon, over and across the Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) of Section Twenty-eight (28), Township Two (2) South, Range Sixty-nine (69) West; said strip of land being of the widths hereinafter stated and extending, as hereinafter specified, to the right and to the left of the center line of the said CROKE CANAL, as actually constructed, and contains Four and Sixty-four One-hundredths (4.64) acres.

Said center line intersects the boundary line between the Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) and the Northwest Quarter (NW 1/4) of the Southeast Quarter (SE 1/4) of said Section Twenty-eight (28), Twenty Hundred Seventy (2070) feet North and Thirteen Hundred Fifty (1350) feet West of the Southeast corner of said Section Twenty-eight (28), which point is Station 761+95 of the survey of the said CROKE CANAL, and which said center line intersects the boundary line between the Southeast Quarter (SE 1/4) and the Northeast Quarter (NE 1/4) of said Section Twenty-eight (28), Twenty-six Hundred Forty-two and Two Tenths (2642.2) feet South and Eight Hundred Twenty-four and Four Tenths (824.4) feet West of the Northeast corner of said Section Twenty-eight (28), which point is Station 778+80 of the survey of the said CROKE CANAL.

From Station 761+95 to Station 770 of the said center line said strip of land is One Hundred Ten (110) feet wide, extending Eighty (80) feet right and Thirty (30) feet left of the said center line.

From Station 770 to Station 772 of the said center line said strip of land is One Hundred Ten (110) feet wide, extending Seventy (70) feet right and Forty (40) feet left of the said center line.

From Station 772 to Station 778+80 of the said center line said strip of land is One Hundred Ten (110) feet wide, extending Sixty (60) feet right and Fifty (50) feet left of the said center line.

ALSO, a strip of land for the CROKE CANAL through, upon, over and across the Southwest Quarter (SW 1/4) of the Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) of Section Twenty-eight (28), Township Two (2) South, Range Sixty-nine (69) West; said strip of land being One Hundred Ten (110) feet wide and extending Eighty (80) feet right and Thirty (30) feet left of the center line of the said CROKE CANAL, as actually constructed, and contains Thirty-eight One-hundredths (.38) acre.

Said center line intersects the boundary line between the Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) and the Southeast Quarter (SE 1/4) of the Southeast Quarter (SE 1/4) of said Section Twenty-eight (28), Thirteen Hundred Seventy (1370) feet North and Twelve Hundred Sixty (1260) feet West of the Southeast corner of said Section Twenty-eight (28), which point is Station 739+06 of the survey of the said CROKE CANAL, and which said center line intersects the boundary line between the Northwest Quarter (NW 1/4) of the Southeast Quarter (SE 1/4) and the Northeast Quarter (NE 1/4) of the Southeast Quarter (SE 1/4) of said Section Twenty-eight (28), Fourteen Hundred Ninety (1490) feet North and Thirteen Hundred Sixty-five (1365) feet West of the Southeast corner of said Section Twenty-eight (28), which point is Station 740+58 of the survey of the said CROKE CANAL.

ALSO, a strip of land for a water channel through, upon, over and across the North Half (N 1/2) of Section Twenty-two (22), Township Two (2) South, Range Sixty-nine (69) West; said strip of land being Fifty (50) feet wide and extending Twenty-five (25) feet right and Twenty-five (25) feet left of the center line of what is known as the "BED OF DRY CREEK" and contains Three and Sixty-seven One-hundredths (3.67) acres.

Said center line has its beginning at a point South 11°4' East, a distance Fifteen Hundred Forty (1540) feet from the Northwest corner of said Section Twenty-two (22) and, following the meander of the said BED OF DRY CREEK, intersects the boundary line between said Section Twenty-two (22) and Section Fifteen (15), same Township and Range, Thirty Hundred Forty (3040) feet West of the Northeast corner of said Section Twenty-two (22).

ALSO, a strip of land for a water channel through, upon, over and across Section Fifteen (15), Township Two (2) South, Range Sixty-nine (69) West; said strip of land being Fifty (50) feet wide and extending Twenty-five (25) feet right and Twenty-five (25) feet left of the center line of what is known as the "BED OF DRY CREEK" and contains Six and Sixty-one One-hundredths (6.61) acres.

Said center line intersects the boundary line between said Section Fifteen (15) and Section Twenty-two (22), same Township and Range, Thirty Hundred Forty (3040) feet West of the Southeast corner of said Section Fifteen (15), and, following the meander of the Bed of Dry Creek intersects the boundary line between said Section Fifteen (15) and Section Fourteen (14), same Township and Range, Sixteen Hundred Eighty (1680) feet North of the Southeast corner of said Section Fifteen (15).

ALSO, a strip of land for the CROKE CANAL through, upon, over and across the Northeast Quarter (NE 1/4) of Section Thirty-two (32), Township Two (2) South, Range Sixty-nine

(69) West; said strip of land extending One Hundred (100) feet to the right and Fifty (50) feet to the left of the center line of said CROKE CANAL, from Station 469+98 to Station 471+50, and extending Seventy (70) feet to the right and Fifty (50) feet to the left of the center line of said CROKE CANAL from Station 471+50 to Station 502+52.3, the said center line being described as follows;

BEGINNING at a point in the North and South center line of said Section Thirty-two (32), Ten Hundred Forty (1040) feet South of the North Quarter corner of said Section Thirty-two (32), thence on a 20° curve to the right, One Hundred Seventy-seven (177) feet to Station 471+75 P.R.C.; thence on a 20° curve to the left One Hundred (100) feet to Station 472+75 P.R.C.; thence on a 15°8' curve to the right One Hundred Seventy-five (175) feet to Station 474+50 P.T.; thence South 38°10' East Five Hundred Fifty (550) feet to Station 480+00 P.C.; thence on a 10°24' curve to the left Three Hundred Seven (307) feet to Station 483+07 P.T.; thence South 70°6' East Fourteen Hundred Ninety-three (1493) feet to Station 498+00 P.C.; thence on a 7°30' curve to the right Two Hundred (200) feet to Station 500+00 P.T.; thence South 55°6' East Two Hundred Fifty-two and Three Tenths (252.3) feet to Station 502+52.3, a point on the East boundary line of said Section Thirty-two (32), Twenty (20) feet North of the East Quarter corner thereof;

EXCEPTING from the above strip of land described, so much thereof as is occupied by the canal, or its necessary appurtenances, known as the Farmers' High Line Canal, and owned by The Farmers High Line Canal and Reservoir Company; and

EXCEPTING, ALSO, from said strip of land hereinabove described so much thereof as was originally reserved to the heirs of Solomon Belgin in said Northeast Quarter (NE 1/4) of said Section Thirty-two (32), for a cemetery ground; said cemetery ground originally reserved being described as follows: Beginning at the Southeast corner of the Northeast Quarter (NE 1/4) of Section Thirty-two (32), Township Two (2) South, Range Sixty-nine (69) West, and running thence West on the South line thereof Four Hundred Sixty (460) feet; thence North Two Hundred (200) feet; thence East Two Hundred Fifty (250) feet; thence South One Hundred Twenty (120) feet; thence East Two Hundred Ten (210) feet; thence South Eighty (80) feet to the point of beginning; the area of the land herein conveyed being Eight and Twenty-two One-hundredths (8.22) acres;

EXCEPTING, ALSO, and reserving from this deed of release the following, to-wit: A right of way across the said Croke Canal for the bridge now constructed and for all flumes now constructed or hereafter needed, for the irrigation of the land in~ cluded in said mortgage deed, lying south of said Croke Canal; and

EXCEPTING, ALSO, and reserving a right of way for road purposes over, across and upon that portion of the northerly side of the easterly portion of said strip of land hereinabove described for said Croke Canal, where there is not sufficient space for a wagon-road between the northerly line of said Croke Canal and the southerly line of the right of way of the Canal of The Farmers High Line Canal and Reservoir Company.

ALSO, a strip or tract of land for the CROKE CANAL being part of the Southwest Quarter (SW 1/4) of the Southwest Quarter (SW 1/4) of Section Twenty-seven (27), Township Two (2) South, Range Sixty-nine (69) West, particularly bounded and described as follows:

BEGINNING at a point on the South line of said Section Twenty-seven (27), where a line parallel to the so-called center line of the survey of what is known as the CROKE CANAL and distant Eighty (80) feet northeasterly at right angles from said center line crosses said South line of said Section Twenty-seven (27); thence Northwesterly parallel with said center line of said survey with all its meanderings and Eighty (80) feet distant therefrom to a point on a line drawn at right angles to said center line Northeasterly from the point on said center line designated as Station 712; thence Southerly directly toward said Station 712 along said line drawn at right angles to said center line at said Station 712, Twenty (20) feet to a point Sixty (60) feet distant from said Station 712; thence Northwesterly parallel with said center line with all its meanderings and Sixty (60) feet distant therefrom to the West line of said Section Twenty-seven (27); thence South on said West line of Section Twenty-seven (27) to a point which is Fifty (50) feet distant from said center line on a line drawn at right angles thereto; thence Southeasterly parallel with said center line with all its meanderings, and Fifty (50) feet distant therefrom to a point on a line drawn at right angles to said center line Southwesterly from the point on said center line designated as Station 712; thence Northerly directly toward said Station 712 along said line drawn at right angles to said center line at said Station 712, Twenty (20) feet to a point Thirty (30) feet distant from said Station 712; thence Southeasterly parallel with said center line with all its meanderings and Thirty (30) feet distant therefrom to the South line of said Section Twenty-seven (27); thence East on said South line of said Section Twenty-seven (27) to the point of beginning. The center line of the survey of the CROKE CANAL hereinabove referred to so far as the same crosses said Section Twenty-seven (27) is described as follows:

BEGINNING at a point on the South line of said Section Twenty-seven (27), whence the Southwest corner of said Section Twenty-seven (27) bears North 89°04' West Nine Hundred Ninety-two (992) feet, said point being designated Station 709+85; thence by a 22°12' curve left Two Hundred Ninety (290) feet from a tangent bearing North 30°10' West to Station 712+75 P.R.C.; thence by a 19° curve right Two Hundred Forty-five (245) feet to Station 715+20 P.T.; thence North 47°55' West Three Hundred Eighty (380) feet to Station 719 P.C.; thence by a 6° curve left Two Hundred Fifty (250) feet to Station 721+50 P.T.; thence North 62°55' West Sixty-one (61) feet to Station 722+11, a point on the West line of said Section Twenty-seven (27), whence the Southwest corner of said Section Twenty-seven (27) bears South 00°49' West Six Hundred Twelve (612) feet and is the same as the center line of said survey described in a certain petition for condemnation of right of way for a canal for the carriage of water through the Southwest Quarter (SW 1/4) of the Southwest Quarter (SW 1/4) of said Section Twenty-seven (27), heretofore filed in the District Court of Jefferson County, Colorado, in which the said THE FARMERS RESERVOIR AND IRRIGATION COMPANY is petitioner and

Realty Investment Company and The Middlesex Banking Company, and others, are respondents, and indicated upon the plat attached to and filed with said petition, to which for greater certainty reference is hereby made, and the stations designated on said plat are stations of said survey referred to in this description.

ALSO, a tract, piece or parcel of land for the CROKE CANAL being part of the Southeast Quarter (SE 1/4) of the Northeast Quarter (NE 1/4) of Section Twenty-eight (28), Township Two (2) South, Range Sixty-nine (69) West, bounded and described as follows:

BEGINNING at a point where a line parallel to the so-called center line of the survey of the said CROKE CANAL and distant Sixty (60) feet Northeasterly at right angles from said center line crosses the South line of the Southeast Quarter (SE 1/4) of the Northeast Quarter (NE 1/4) of said Section Twenty-eight (28); thence Northerly, Northwesterly and Northeasterly parallel with said center line with all its meanderings and Sixty (60) feet distant therefrom to a point Sixty (60) feet distant at right angles from said center line at a point where it crosses the center line of the canal of The Farmers High Line Canal and Reservoir Company, **said point** of crossing being South 12°49' West Nineteen Hundred Forty-three (1943) feet from the Northeast corner of said Section Twenty-eight (28); thence through and beyond said point of crossing to a point Fifty (50) feet distant at right angles from said center line of the survey of the said CROKE CANAL to a point; thence Southwesterly, Southerly and Southeasterly parallel with said center line with all its meanderings, and Fifty (50) feet distant therefrom to the South line of said Southeast Quarter (SE 1/4) of the Northeast Quarter (NE 1/4) of said Section Twenty-eight (28); thence East to the point of beginning.

The center line of the survey of the said CROKE CANAL hereinabove referred to, so far as the same crosses said Southeast Quarter (SE 1/4) of the Northeast Quarter (NE 1/4) of said Section Twenty-eight (28) is described as follows:

BEGINNING at a point on the South line of the Southeast Quarter (SE 1/4) of the Northeast Quarter (NE 1/4) of said Section Twenty-eight (28), Twenty-six Hundred Forty-two and Two Tenths (2642.2) feet South and Eight Hundred Twenty-four and Four Tenths (824.4) feet West of the Northeast corner of said Section Twenty-eight (28), said point being also designated Station 777+80 of the survey of said center line; thence North 38°16' West, Twenty-three and Eight Tenths (23.8) feet to Station 779+03.8 P.C. (NOTE Station 779+03.8 back on line equals Station 778+31.4 ahead); thence by a 22°00' curve right Four Hundred Sixty-eight and Six Tenths (468.6) feet to Station 783+00 P.T.; thence North 64°50' East Seventy-five and One Tenth (75.1) feet to Station 783+75.1 P.C.; thence by a 11°26' curve left One Hundred Twenty-four and Nine Tenths (124.9) feet to Station 785 P.C.; thence by a 14° curve left Two Hundred Eighty (280) feet to Station 787+80, a point on the center line of the canal of The Farmers High Line Canal and Reservoir Company, being South 12°49' West

Nineteen Hundred Forty-three (1943) feet from the Northeast corner of said Section Twenty-eight (28), and is the survey

for a right of way for a canal for the carriage of water
through the Southeast Quarter (SE 1/4) of the Northeast Quarter
(NE 1/4) of said Section Twenty-eight (28).

TO HAVE AND TO HOLD THE SAME, Together with all and
singular the appurtenances and privileges thereunto belonging
or in anywise thereunto appertaining, and all the estate,
right, title, interest and claim whatsoever, of the said
party of the first part, either in law or equity, to the only
proper use, benefit and behoof of the said party of the
second part, its successors and assigns forever.

IN WITNESS WHEREOF, The said party of the first part has
caused its corporate name to be hereunto subscribed by its
President and its Vice President, and its corporate seal to
be hereunto affixed, attested by its Secretary, the day and
year first above written.

THE COLORADO RANCH COMPANY

By _____
President.

By _____
Vice President.

ATTEST:

_____
Secretary.

STATE OF _New York_ )
                     ) ss.
County of _New York_ )

I, _A. M. Lindenstruth_ a notary public
in and for said _New York_ County, in the State aforesaid,
do hereby certify that W. E. GOLDSBOROUGH, who is personally
known to me to be the same person whose name is subscribed to
the foregoing QUIT-CLAIM DEED as having executed the same as
President of THE COLORADO RANCH COMPANY, a corporation, appeared
before me this day in person and acknowledged: That the seal
affixed to the foregoing instrument is the corporate seal of
said corporation; that the same was thereunto affixed by the
authority of said corporation; that said instrument was by like
authority subscribed with its corporate name; that the said
W. E. GOLDSBOROUGH was the President of said corporation at
the time of the execution of said QUIT-CLAIM DEED; that by the
authority of said corporation he subscribed his name thereunto
as President; that he signed, sealed and delivered the said
instrument of writing as his free and voluntary act and deed
and as the free and voluntary act and deed of said corporation,
for the uses and purposes therein set forth.

Given under my hand and _official_ seal, this
_9th_ day of _October_ A. D. 1914.

My commission expires
_March 30th, 1916_

_A. M. Lindenstruth_

NOTARY PUBLIC, WESTCHESTER COUNTY,
CERTIFICATE FILED IN NEW YORK COUNTY NO, 41

STATE OF COLORADO,
City and County of Denver } ss.

I, May Stewart a Notary Public in and for said City and County, in the State aforesaid, do hereby certify that MILTON SMITH and O. J. STANDLEY, who are personally known to me to be the same persons whose names are subscribed to the foregoing QUIT-CLAIM DEED as having executed the same respectively as Vice-President and Secretary of THE COLORADO RANCH COMPANY, a corporation, and who are known to me to have been such officers respectively at the time of the execution of the foregoing QUIT-CLAIM DEED, appeared before me this day in person and respectively acknowledged: That the seal affixed to the foregoing instrument is the corporate seal of said corporation; that the same was thereunto affixed by the authority of said corporation; that said instrument was by like authority subscribed with its corporate name; that the said MILTON SMITH was the Vice President of said corporation and the said O. J. STANDLEY was the Secretary thereof at the time of the execution of the said foregoing QUIT-CLAIM DEED; that by the authority of said corporation they respectively subscribed their names thereunto as Vice President and Secretary, and that they signed, sealed and delivered the said instrument of writing as their free and voluntary act and deed, and as the free and voluntary act and deed of said corporation, for the uses and purposes therein set forth.

Given under my hand and notarial seal, this 14th day of ———————— August A. D. 1914.

May Stewart
Notary Public.

My commission expires

Nov. 13, 1915



EXAMINED

QUIT-CLAIM DEED

THE COLORADO RANCH COMPANY

TO

THE FARMERS RESERVOIR AND
IRRIGATION COMPANY

STATE OF COLORADO,
County of Jefferson.

I hereby certify that this instrument was filed
for record in my office, at 8 00 o'clock A. M
Dec. 11th A. D. 19.14 and recorded
in 173 .Page 503.
Recorder
Deputy
Fees 5 75

F. R. & I. Co..
Ideal Bldg.,
Denver,
Colo.



ROCKY FLATS
DEED MAP



7.7 ACRES

Approximate location of Parcel ID No. 29-273-00-001

2S 69W

3.0 ACRES

**Legend**

Deed 8 Parcels

0   500   1,000   2,000 Feet

**ROCKY FLATS DEED MAP**

**FIGURE: DEED 8**

FRICO

Date: 12/22/2017   Time: 8:03:47 AM

**Attachment to Claim for Parcel ID No. 29-164-00-002**

Dear Settlement and Claims Administrator:

The Farmers Reservoir and Irrigation Company ("FRICO") is a Colorado mutual ditch company organized in 1902.  Mutual ditch companies are considered private corporations under the laws of the State of Colorado. Within the Property Class Area, FRICO owned Standley Lake, the Croke Canal, and portions of Big Dry Creek in fee simple on June 7, 1989. We believe that for the purposes of this case, the FRICO property would be considered "vacant land."

The Property Class Expert, Mr. Wayne Hunsperger, identified Parcel ID No. 29-164-00-002 that he believes FRICO owned in 1989 and that FRICO had not previously identified in an earlier claim. It appears that the deeds FRICO already submitted encompass some or all of Parcel ID No. 29-164-00-002 identified by Mr. Hunsperger.

Also attached hereto is:

- o   Current information on Parcel ID number 29-164-00-002 that FRICO obtained from the Jefferson County Assessor's Office;

- o   FRICO's deed number 15 appears to cover all of parcel ID number 29-164-00-002;

- o   An area map depicting FRICO's property located within the Property Class Area;

- o   A map depicting FRICO's deeded land within the vicinity of the parcel ID number and the calculated acreage of FRICO's deeded land ownership;

- o   A map of FRICO's deeded land ownership compared with the approximate Parcel ID boundaries.

If you have any questions, please do not hesitate to reach out to us or our attorneys:

Scott Edgar, General Manager
Farmers Reservoir and Irrigation Company

(303) 659-7373 x. 303

Scott@farmersres.com

Joe Dischinger, General Counsel
Fairfield and Woods, P.C.

(303) 894-4404

jdischinger@fwlaw.com

12/28/2017                                                    Property appraisal system

```
┌──────────────┐ ┌────────────┐
│  Property    │ │  History   │
│ Information  │ │            │
└──────────────┘ └────────────┘
```

## GENERAL INFORMATION

PIN/Schedule: 300203029                          AIN/Parcel ID: 29-164-00-002
Status: Exempt                                   Property Type: Exempt

Property Address: VACANT LAND
                  CO                              ┌──────────────────────┐
Mailing Address:  04800 W 92ND AVE               │ Owner Name(s)        │
                  WESTMINSTER CO 80030           │ CITY OF WESTMINSTER  │
                                                 └──────────────────────┘
Neighborhood: 9  -

## PROPERTY DESCRIPTION

Subdivision Name:  -

| Block | Lot | Key | Section | Township | Range | QuarterSection | Land Sqft |
|-------|-----|-----|---------|----------|-------|----------------|-----------|
|       |     | 018 | 16      | 2        | 69    | SE             | 257919    |
|       |     |     |         |          |       | Total          | 257919    |

```
┌─────────────────────────────────────────────────┐
│ Assessor Parcel Maps Associated with Schedule   │
│ pmap29-163_164.pdf                               │
└─────────────────────────────────────────────────┘
```
                                                    Interactive Map

## SALE HISTORY

| Sale Date  | Sale Amount | Deed Type            | Reception |
|------------|-------------|----------------------|-----------|
| 10-06-1987 | 0           | Quit Claim Deed      | 87152239  |
| 05-27-1998 | 0           | Warranty Deed        | F0618920  |
| 05-27-1998 | 0           | Commissioners Deed   | F0618925  |

## TAX INFORMATION

| 2017 Payable 2018 |               |
|-------------------|---------------|
|                   | Actual Value  |
| Land              | 82,894        |
| Total             | 82,894        |
|                   | Assessed Value|
| Land              | 24,039        |
| Total             | 24,039        |
| 2016 Payable 2017 |               |
|                   | Actual Value  |
| Land              | 131,580       |
| Total             | 131,580       |
|                   | Assessed Value|
| Land              | 38,158        |
| Total             | 38,158        |

| View Mill Levy Detail For Year          | 2017 | 2016 |
|-----------------------------------------|------|------|
| 2017 Mill Levy Information              |      |      |
| Tax District                            | 0014 |      |
| County                                  | TBA  |      |
| School                                  | TBA  |      |
| REGIONAL TRANSPORTATION DIST            | TBA  |      |
| MOFFAT TUNNEL IMPROVEMENT DIST          | TBA  |      |
| URBAN DRAINAGE&FLOOD CONT DIST          | TBA  |      |
| URBAN DRAINAGE&FLOOD C SO PLAT          | TBA  |      |
| WESTMINSTER                             | TBA  |      |
| Total                                   | TBA  |      |

Treasurer Information

Parcel ID No. 29-164-00-002



0          4,100          8,200 ft


N

Jefferson County offers this service for informational purposes only for the convenience of the user and assumes no liability whatsoever associated with the use or misuse of this data. This data is provided "as is" and Jefferson County disclaims all representations and warranties expressed or implied, including without limitation all representations and warranties as to the completeness, accuracy, correctness, merchantability and fitness for a particular purpose of any data and any and all warranties of title related thereto. Sources: Esri, HERE, DeLorme, USGS, Intermap, INCREMENT P, NRCan, Esri Japan, METI, Esri China (Hong Kong), Esri Korea, Esri (Thailand), MapmyIndia, NGCC, © OpenStreetMap contributors, and the GIS User Community



Author:
Date: 12/28/2017

Recorded at...............o'clock...........M., .....................

Reception No............................................. ....................

RECORDED IN
COUNTY OF JEFFERSON
STATE OF COLORADO
RECEPTION NO. 87152239
12/29/87 10:15          18.00

THIS DEED, Made this *6th* day of *October*
19 87, between

    The City of Westminster, Colorado,
    a municipal corporation,

*1-6*

of the          county of          and State of
Colorado, of the first part, and
    The Farmers Reservoir and Irrigation Company
                                        a corporation
organized and existing under and by virtue of the laws of the State of
    Colorado     , of the second part:
    WITNESSETH, That the said part y   of the first part, for and in consideration of the sum of
                    Ten ($10.00)                                    DOLLARS,
to the said party    of the first part in hand paid by the said party of the second part, the receipt whereof
is hereby confessed and acknowledged, has    remised, released, sold, conveyed and QUIT CLAIMED, and by
these presents does    remise, release, sell, convey and QUIT CLAIM unto the said party of the second part, its
successors and assigns forever, all right, title, interest, claim and demand which the said part y    of the
first part has    in and to the following described
situate, lying and being in the          County of          and State of Colorado, to wit:

    That certain property described on Exhibit "A" attached hereto
    and made a part hereof, together with a recreation easement
    covering all rights to develop, permit, supervise, operate,
    carry-out, and maintain recreation uses and programs on and
    within Standley Lake, which property and easement were obtained
    for recreation purposes by Deed from the Farmers Reservoir and
    Irrigation Company dated the *20th* day of *May*        ,
    1987, recorded at Book————, Page————, of the records of
    the County of Jefferson, State of Colorado. *Reception No 87066438*

*STATE DOCUMENTARY FEE*
*DEC 29 1987*

    TO HAVE AND TO HOLD the same together with all and singular the appurtenances and privileges thereunto
belonging or in anywise thereunto appertaining, and all the estate, right, title, interest and claim whatsoever, of the
said part y    of the first part, either in law or equity, to the only proper use, benefit and behoof of the said party
of the second part, its successors and assigns forever.
    IN WITNESS WHEREOF, The said part y    of the first part ha s    hereunto set   its hand
and seal          the day and year first above written.

    Signed, Sealed and Delivered in the Presence of          CITY OF WESTMINSTER, COLORADO........[SEAL]

                                                        By...................................[SEAL]
    *Michele Halligan City Clerk*
                                                        ..........................................[SEAL]

                                                        ..........................................[SEAL]

                        STATE OF COLORADO,          } ss.
                        County of  *Adams*

    The foregoing instrument was acknowledged before me this   *6th*   day of *October*
19 *87* , by

My commission expires  *November 24*          , 19 *90* . Witness my hand and official seal.

                                                *LaVerne Glasmann*
                                                                    Notary Public.
                                                *3031 W. 76th Avenue*
                                                *Westminster, Colorado 80030*

No. 522.   QUIT CLAIM DEED TO CORPORATION.—Bradford Publishing, 1518 West 44th Avenue, Golden, Colorado 80401 — (303) 278-0644 — 6-80

No............................................

# QUIT CLAIM DEED

...................................................................

...................................................................

...................................................................

### TO

...................................................................

...................................................................

...................................................................

STATE OF COLORADO, }
.........................County of......................... } ss.

I hereby certify that this instrument was filed

for record in my office at.............................................

o'clock..........M., ......................................, 19........,

and is duly recorded in book.............................................

page...........................

...................................................................
Clerk and Recorder.

By ............................................................
Deputy.

Fees, $................................

BRADFORD PUBLISHING CO. GOLDEN

Please return to:

The Farmers Reservoir
& Irrigation Co.
80 So. 27th Ave.
Brighton, CO 80601

RECEPTION NO. 87152239

EXHIBIT "A"

1.    Standley Lake Dam and Reservoir.

### Township 2 South Range 69 West of the 6th P.M.

Section 16:  All that part of the S 1/2 of Section 16
which lies south of the following described property line:
commencing on the west boundary line of the S 1/2 of said
Section 16, whence the west one-quarter corner of said Section
16 bears north 1245 feet; thence north 80°59' east 2343 feet;
thence north 60°0' east 350 feet; thence south 80°0' east 300
feet; thence south 88°30' east 1950 feet; thence north 61°50'
east 586.7 feet, to the east boundary line of the S 1/2 of
said Section 16, whence the east one-quarter corner of said
Section 16 bears north 530 feet.

Also that certain strip of land 30 feet in width
described as beginning at the west one-quarter corner of said
Section 16, running thence east along the half section line of
said Section 16, 30 feet; thence south and parallel to the
west boundary line of said Section 16, 1241 feet to the
above-described property line; running thence south 80°59'
west to the west boundary line of said Section 16; thence
north along said last mentioned line 1245 feet to the point of
beginning; and

Also that certain strip of land 30 feet in width
described as beginning at the east one-quarter corner of said
Section 16; thence west and along the half section line of
said Section 16, 30 feet; thence south and parallel to the
east boundary line of said Section 16, 543 feet, more or less,
to the above-described property line; thence north 61°50' east
to the east boundary line of said Section 16; thence north
along said last mentioned line 530 feet to the point of
beginning.

Section 17:  Beginning at a stone monument at the
southeast corner of Section 17; thence due west 5277.6 feet to
a stone monument at the southwest corner of said Section 17;
thence due north along the west section line of Section 17,
675 feet; thence south 71°0' east 815 feet; thence north
15°50' east 595 feet; thence south 62°50' east 1360 feet;
thence north 52°20' east 1060 feet; thence north 6°10' west
380 feet; thence north 63°35' east 820 feet; thence south

RECEPTION NO. 87152239

70°45' east 1045 feet; thence due east 615 feet to an inter-
section with the east section line of said Section 17; thence
due south 1407.8 feet, more or less, to the point of
beginning; subject to mineral reservations and reservations of
surface rights contained or referred to in deed recorded
August 9, 1907 in Book 153 at Page 49 of the records of the
Clerk and Recorder of Jefferson County, Colorado.

*3*

Section 18: Beginning at a stone monument at the
southeast corner of Section 18; thence due west along the
south line of said Section 18, 400 feet; thence north 17°45'
east 656.2 feet; thence due east 200 feet to an intersection
with the east section line of said Section 18; thence due
south 625 feet, more or less, along said east section line of
said Section 18 to the point of beginning, except that part
thereof described as beginning at a point on the south line of
the SE 1/4 of Section 18 whence the southeast corner of
Section 18 bears north 87°29'45" east 192.49 feet, and which
point is the true point of beginning; thence continuing south
87°29'45" west along said south line 207.51 feet; thence north
17°36'45" east 664.91 feet; thence north 87°29'45" east 200.0
feet to a point on the east line of said SE 1/4; thence south
0°07' west along said east line 269.54 feet; thence south
27°56'45" west 412.94 feet, more or less, to the true point of
beginning; and subject to mineral reservations and
reservations of water rights contained in deed recorded May 6,
1907 in Book 154 at page 247 of the records of the Clerk and
Recorder of Jefferson County, Colorado.

Section 19: SE 1/4 NE 1/4, and those tracts or parcels
of land more particularly described as follows:

Beginning at a point 330 feet due north from the south-
east corner of the SW 1/4 NE 1/4 of Section 19; thence due
west 100 feet; thence due north 350 feet; thence due east 100
feet; thence due south 350 feet to the place of beginning; and

Beginning at a stone monument at the northeast corner of
Section 19; thence due south along the east section line of
said Section 19, 500 feet; thence north 38°40' west 640.3 feet
to an intersection with the north section line of said Section
19; thence due east along said north section line of said
Section 19; 400 feet, more or less, to the point of beginning;
and

Beginning at the southeast corner of the SW 1/4 NE 1/4
of Section 19; running thence due west 200 feet; thence due
north 330 feet to a point; being the intersection with the
north boundary line of the lands formerly owned by James A.
Cherry, deceased; thence due east along said north boundary
line 200 feet to a point; being the intersection with the east

-2-



boundary line of lands formerly owned by James A. Cherry, deceased; thence south along said east boundary line 330 feet, more or less, to the point of beginning; subject to mineral reservation contained in deed recorded May 9, 1907 in Book 154 at Page 252 of the records of the Clerk and Recorder of Jefferson County, Colorado; and

Beginning at the northeast corner of the SE 1/4 of Section 19; thence due south 300 feet; thence due west 400 feet; thence due north 200 feet; thence due west 1120 feet; thence due north 100 feet; thence due east 1520 feet, more or less, to the point of beginning; subject to the mineral reservation contained in deed recorded June 21, 1907 in Book 154 at Page 329 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 20: All that portion of Section 20 which lies northeasterly of the following described line:

Beginning at the south one-quarter corner of Section 20; thence east 640.6 feet to a point 50 feet south of the high water line, which is gauge height 102 feet above the bottom of the outlet pipes of Standley Lake; thence north 65°18' west 456 feet; thence north 65°37' west 755 feet; thence north 11°52' east 426.3 feet; thence north 55°21' east 437.9 feet; thence north 58°15' west 397 feet; thence north 34°23' east 434.2 feet; thence north 14°23' east 251 feet; thence west 161.0 feet along the north line of the S 1/2 NE 1/4 SW 1/4 Section 20; thence south 53°11' west 192.6 feet; thence south 82°45' west 848.8 feet; thence south 64°19' west 526.3 feet; thence north 19°04' west 230.2 feet; thence north 37°47' east 692.2 feet; thence north 34°57' west 281.3 feet; thence north 78°54' west 476.4 feet; thence north 59°34' west 22.4 feet; thence west 668.5 feet to the west one-quarter corner of Section 20; subject to mineral reservation and reservation of water rights contained in deed recorded on July 10, 1907 in Book 153 at Page 38 of the records of the Clerk and Recorder of Jefferson County, Colorado, and to agreement recorded on June 12, 1969 in Book 2109 at Page 704 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 21: All; subject to reservations contained in two certain deeds from the Trustees of the Union Pacific Railway Company recorded in Book 35 at Page 129 and in Book 26 at Page 521 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 22: Those tracts or parcels of land more particularly described as follows:

-3-

Beginning at a point on the west line of Section 22 which is 929 feet south of the northwest corner of said section; thence south along said section line 1711 feet to the southwest corner of the NE 1/4 of said section; thence east along the south line of the NW 1/4 of said section 800 feet; thence in a northwesterly direction 1886.8 feet to the point of beginning; and

Beginning at the southwest corner of Section 22; thence due north along the west section line of said Section 22, 2640 feet; thence due east 800 feet; thence south 20°33' east 1197 feet; thence south 26°53' west 1256 feet; thence due south 400 feet to the south section line of Section 22; thence due west along said section line 652 feet to the point of beginning; and

NW 1/4 SW 1/4, except the previously described portion thereof; subject to mineral reservations referred to in deed recorded on September 15, 1924 in Book 270 at Page 80 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 27: Beginning at a stone monument at the northwest corner of Section 27; thence due east along the north section line of Section 27, 652 feet to the intersection of the section line with the west right-of-way line of the Farmers Highline Canal and Reservoir Company; thence in a southwesterly direction along a meandering line 30 feet from and parallel to the center line of the right-of-way of the Farmers Highline Canal and Reservoir Company 1610 feet to the intersection of said meandering line with the west section line of Section 27; thence north along said west section line 1362 feet, more or less, to the point of beginning.

Section 28: N 1/2 NW 1/4 and NE 1/4, except those portions described as follows: beginning at a point 259.7 feet south of the northwest corner of Section 28; thence south along the section line 1060 feet; thence east 2640 feet; thence south 1320 feet to the center of Section 28; thence east 1320 feet; thence north 1388 feet to a point 50 feet south of the high water line which is gauge height 102 feet above the bottom of the outlet pipes of Standley Lake; thence south 87°05' west 374 feet; thence north 72°15' west 815.4 feet; thence north 70°26' west 1040.4 feet; thence north 82°07' west 586 feet; thence north 56°20' west 289 feet; thence north 89°19' west 582.6 feet; thence north 70°27' west 471.3 feet; thence north 89°49' west 27 feet to the point of beginning; and beginning at the southeast corner of said NE 1/4, thence west 832 feet, more or less, to the easterly line of the right-of-way of the Farmers Highline Canal and Reservoir Company; thence a general northeasterly direction

-4-

following said line of right-of-way in all its meanderings to the point where the same crosses the east line of said Section 28; thence south along said east line 1225 feet, more or less, to the point of beginning, hereby intending to except all that part of said NE 1/4 lying south and east of said right-of-way, excepting so much thereof as lies in the County Road to the east; and subject to agreement recorded on June 12, 1969 in Book 2109 at Page 704 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 29: N 1/2 NE 1/4, except that portion described as follows: beginning at a point 259.7 feet south of the northeast corner of Section 29; thence south along the section line 1060.3 feet; thence west along the south line of the N 1/2 NE 1/4 Section 29, 2640 feet; thence north along the north and south center line of Section 29, 1320 feet; thence east along the north line of Section 29, 640.6 feet; thence south 65°18' east 364.9 feet; thence south 88°39' east 869.3 feet; thence south 58°29' east 254.5 feet; thence north 66°27' east 182 feet; thence south 87°49' east 400 feet to the point of beginning; and subject to agreement recorded June 12, 1969 in Book 2109 at Page 704 of the records of the Clerk and Recorder of Jefferson County, Colorado.

2. Rights-of-way for inlets to Standley Lake Reservoir from Church Ditch.

(a) Inlet No. 1. Inlet No. 1 from Church Ditch to Standley Lake is located in Section 29, Township 2 South, Range 69 West of the 6th P.M., and is described as follows: a strip of land 300 feet wide, being 100 feet on the east or right side and 200 feet on the west or left side of a center line described as follows: Beginning at a point on the north boundary line of the right-of-way for the Church Ditch, whence the southeast corner of the N 1/2 NE 1/4 of said Section 29 bears south 70°47' east 341 feet; thence north 33°22' west 525 feet; thence north 3°12' east 462 feet; comprising 6.9 acres, more or less.

(b) Inlet No. 2. Inlet No. 2 from Church Ditch to Standley Lake is located in Sections 20 and 29, Township 2 South, Range 69 West of the 6th P.M.; and is described as follows: a strip of land 200 feet wide, being 100 feet on each side of a center line described as follows: Beginning at a point on the north boundary line of the right-of-way for the Church Ditch, whence the N 1/4 corner of said Section 29 bears north 34°32' west 193.5 feet; thence north 21°02' east 131.4 feet; thence north 1°42' east 267 feet; comprising 1.8 acres, more or less.

slld:A1



ROCKY FLATS
DEED MAP



**1712.2 ACRES**

Approximate location of Parcel ID No. 29-164-00-002

2S 69W

**Legend**

Deed 15 Parcel

**ROCKY FLATS DEED MAP**

**FIGURE: DEED 15**

FRICO

Date: 12/22/2017    Time: 8:38:37 AM

0          2,000          4,000          8,000 Feet



Approximate location of Parcel ID No. 29-164-00-002

**Legend**

Parcels Created by Assessor

Parcels Created By Deed

0    1,000    2,000    4,000 Feet

**ROCKY FLATS DEED MAP**

Assessor Parcels vs Deeded Parcels

FRICO

Date: 12/22/2017    Time: 3:03:06 PM

**Attachment to Claim for Parcel ID No. 29-233-00-006**

Dear Settlement and Claims Administrator:

The Farmers Reservoir and Irrigation Company ("FRICO") is a Colorado mutual ditch company organized in 1902. Mutual ditch companies are considered private corporations under the laws of the State of Colorado. Within the Property Class Area, FRICO owned Standley Lake, the Croke Canal, and portions of Big Dry Creek in fee simple on June 7, 1989. We believe that for the purposes of this case, the FRICO property would be considered "vacant land."

The Property Class Expert, Mr. Wayne Hunsperger, identified Parcel ID No. 29-233-00-006 that he believes FRICO owned in 1989 and that FRICO had not previously identified in an earlier claim. While FRICO is unable to identify the current location and boundaries of Parcel ID No. 29-233-00-006, FRICO previously submitted claim No. WCF00002075 under Class Member ID 302812GZPMP16, and that claim may encompass some or all of Parcel ID No. 29-233-00-006.

If you have any questions, please do not hesitate to reach out to us or our attorneys:

Scott Edgar, General Manager
Farmers Reservoir and Irrigation Company

(303) 659-7373 x. 303

Scott@farmersres.com

Joe Dischinger, General Counsel
Fairfield and Woods, P.C.

(303) 894-4404

jdischinger@fwlaw.com

**Attachment to Claim for Parcel ID No. 29-191-00-014**

Dear Settlement and Claims Administrator:

The Farmers Reservoir and Irrigation Company ("FRICO") is a Colorado mutual ditch company organized in 1902.  Mutual ditch companies are considered private corporations under the laws of the State of Colorado. Within the Property Class Area, FRICO owned Standley Lake, the Croke Canal, and portions of Big Dry Creek in fee simple on June 7, 1989. We believe that for the purposes of this case, the FRICO property would be considered "vacant land."

The Property Class Expert, Mr. Wayne Hunsperger, identified Parcel ID No. 29-191-00-014 that he believes FRICO owned in 1989 and that FRICO had not previously identified in an earlier claim. It appears that the deeds FRICO already submitted encompass some or all of Parcel ID No. 29-191-00-014 identified by Mr. Hunsperger.

Also attached hereto is:

- o Current information on Parcel ID number 29-191-00-014 that FRICO obtained from the Jefferson County Assessor's Office;

- o FRICO's deed number 15 appears to cover some of parcel ID number 29-191-00-014;

- o An area map depicting FRICO's property located within the Property Class Area;

- o A map depicting FRICO's deeded land within the vicinity of the parcel ID number and the calculated acreage of FRICO's deeded land ownership;

- o A map of FRICO's deeded land ownership compared with the approximate Parcel ID boundaries.

If you have any questions, please do not hesitate to reach out to us or our attorneys:

Scott Edgar, General Manager
Farmers Reservoir and Irrigation Company

Joe Dischinger, General Counsel
Fairfield and Woods, P.C.

(303) 659-7373 x. 303

(303) 894-4404

Scott@farmersres.com

jdischinger@fwlaw.com

12/28/2017                                          Property appraisal system

| Property Information | History |
| --- | --- |

## GENERAL INFORMATION

PIN/Schedule: 300195744                    AIN/Parcel ID: 29-191-00-014
Status: Exempt                             Property Type: Exempt

Property Address: VACANT LAND

Owner Name(s)
CITY OF WESTMINSTER

CO
Mailing Address: 04800 W 92ND AVE
WESTMINSTER CO 80030

Neighborhood: 9  -

## PROPERTY DESCRIPTION

Subdivision Name:  -

| Block | Lot | Key | Section | Township | Range | QuarterSection | Land Sqft |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | 004 | 19 | 2 | 69 | NE | 100188 |
| | | | | | | Total | 100188 |

| Assessor Parcel Maps Associated with Schedule |
| --- |
| pmap29-191_192.pdf |

Interactive Map

## SALE HISTORY

| Sale Date | Sale Amount | Deed Type | Reception |
| --- | --- | --- | --- |
| 10-06-1987 | 0 | Quit Claim Deed | 87152239 |
| 05-27-1998 | 0 | General Warranty Deed | F0618920 |
| 05-27-1998 | 0 | Commissioners Deed | F0618925 |

## TAX INFORMATION

| 2017 Payable 2018 | |
| --- | --- |
| | Actual Value |
| Land | 32,200 |
| Total | 32,200 |
| | Assessed Value |
| Land | 9,338 |
| Total | 9,338 |

| 2016 Payable 2017 | |
| --- | --- |
| | Actual Value |
| Land | 59,800 |
| Total | 59,800 |
| | Assessed Value |
| Land | 17,342 |
| Total | 17,342 |

| View Mill Levy Detail For Year | 2017 | 2016 |
| --- | --- | --- |
| 2017 Mill Levy Information | | |
| Tax District | 0014 | |
| County | TBA | |
| School | TBA | |
| REGIONAL TRANSPORTATION DIST | TBA | |
| MOFFAT TUNNEL IMPROVEMENT DIST | TBA | |
| URBAN DRAINAGE&FLOOD CONT DIST | TBA | |
| URBAN DRAINAGE&FLOOD C SO PLAT | TBA | |
| WESTMINSTER | TBA | |
| Total | TBA | |

Treasurer Information

Jefferson County, CO - GIS



29-191-00-014

Recorded at........................o'clock..........M., ........................

Reception No.........................................................

RECORDED IN
COUNTY OF JEFFERSON
STATE OF COLORADO
RECEPTION NO. 87152239
12/29/87 10:15        18.00

THIS DEED, Made this _6 th_ day of _October_
19 87, between

The City of Westminster, Colorado,
a municipal corporation,

_1-6_

of the              county of              and State of
Colorado, of the first part, and
The Farmers Reservoir and Irrigation Company
                                        a corporation
organized and existing unde. and by virtue of the laws of the State of
      Colorado      , of the second part:
WITNESSETH, That the said part y      of the first part, for and in consideration of the sum of
                            Ten ($10.00)                              DOLLARS,
to the said party      of the first part in hand paid by the said party of the second part, the receipt whereof
is hereby confessed and acknowledged, has      remised, released, sold, conveyed and QUIT CLAIMED, and by
these presents does      remise, release, sell, convey and QUIT CLAIM unto the said party of the second part, its
successors and assigns forever, all right, title, interest, claim and demand which the said part y      of the
first part has      in and to the following described
situate, lying and being in the              County of              and State of Colorado, to wit:

That certain property described on Exhibit "A" attached hereto
and made a part hereof, together with a recreation easement
covering all rights to develop, permit, supervise, operate,
carry-out, and maintain recreation uses and programs on and
within Standley Lake, which property and easement were obtained
for recreation purposes by Deed from the Farmers Reservoir and
Irrigation Company dated the _20th_ day of _May_,
1987, recorded at Book———, Page———, of the records of
the County of Jefferson, State of Colorado. _Reception No 87066438_

TO HAVE AND TO HOLD the same together with all and singular the appurtenances and privileges thereunto
belonging or in anywise thereunto appertaining, and all the estate, right, title, interest and claim whatsoever, of the
said part y      of the first part, either in law or equity, to the only proper use, benefit and behoof of the said party
of the second part, its successors and assigns forever.
IN WITNESS WHEREOF, The said part y      of the first part ha s      hereunto set   its  hand
and seal      the day and year first above written.

Signed, Sealed and Delivered in the Presence of

_Michele Dalleges City Clerk_

CITY OF WESTMINSTER, COLORADO......[SEAL]
By_[signature]_.......................[SEAL]
.................................................[SEAL]
.................................................[SEAL]

STATE OF COLORADO,
County of _Adams_          } ss.

The foregoing instrument was acknowledged before me this   _6 th_   day of _October_
19 _57_, by•

My commission expires _November 24_              , 19 _90_. Witness my hand and official seal.

_Lillian Glasmann_
                                              Notary Public.
_3031 W- 76th Avenue_
_Westminster, Colorado 80030_

No. 522.   QUIT CLAIM DEED TO CORPORATION.—Bradford Publishing, 15165 West 44th Avenue, Golden, Colorado 80401 — (303) 278-0044 — 6-80

STATE DOCUMENTARY
DEC 29 1987

No.................................

# QUIT CLAIM DEED

.................................................

.................................................

.................................................

### TO

.................................................

.................................................

.................................................

STATE OF COLORADO, }ss.
.......................County of.......................}

I hereby certify that this instrument was filed

for record in my office at.......................

o'clock.........M., .......................,  19........,

and is duly recorded in book.......................

page.......................

.................................................
                                    Clerk and Recorder.

By .................................................
                                    Deputy.

Fees, $.......................

BRADFORD PUBLISHING CO. GOLDEN



Please return to:

The Farmers Reservoir
& Irrigation Co.
80 So. 27th Ave.
Brighton, CO 80601

RECEPTION NO. 87152239

EXHIBIT "A"

1.    Standley Lake Dam and Reservoir.

Township 2 South Range 69 West of the 6th P.M.

Section 16:  All that part of the S 1/2 of Section 16 which lies south of the following described property line: commencing on the west boundary line of the S 1/2 of said Section 16, whence the west one-quarter corner of said Section 16 bears north 1245 feet; thence north 80°59' east 2343 feet; thence north 60°0' east 350 feet; thence south 80°0' east 300 feet; thence south 88°30' east 1950 feet; thence north 61°50' east 586.7 feet, to the east boundary line of the S 1/2 of said Section 16, whence the east one-quarter corner of said Section 16 bears north 530 feet.

Also that certain strip of land 30 feet in width described as beginning at the west one-quarter corner of said Section 16, running thence east along the half section line of said Section 16, 30 feet; thence south and parallel to the west boundary line of said Section 16, 1241 feet to the above-described property line; running thence south 80°59' west to the west boundary line of said Section 16; thence north along said last mentioned line 1245 feet to the point of beginning; and

Also that certain strip of land 30 feet in width described as beginning at the east one-quarter corner of said Section 16; thence west and along the half section line of said Section 16, 30 feet; thence south and parallel to the east boundary line of said Section 16, 543 feet, more or less, to the above-described property line; thence north 61°50' east to the east boundary line of said Section 16; thence north along said last mentioned line 530 feet to the point of beginning.

Section 17:  Beginning at a stone monument at the southeast corner of Section 17; thence due west 5277.6 feet to a stone monument at the southwest corner of said Section 17; thence due north along the west section line of Section 17, 675 feet; thence south 71°0' east 815 feet; thence north 15°50' east 595 feet; thence south 62°50' east 1360 feet; thence north 52°20' east 1060 feet; thence north 6°10' west 380 feet; thence north 63°35' east 820 feet; thence south

RECEPTION NO. 87152239

70°45' east 1045 feet; thence due east 615 feet to an inter-
section with the east section line of said Section 17; thence
due south 1407.8 feet, more or less, to the point of
beginning; subject to mineral reservations and reservations of
surface rights contained or referred to in deed recorded
August 9, 1907 in Book 153 at Page 49 of the records of the
Clerk and Recorder of Jefferson County, Colorado.

Section 18: Beginning at a stone monument at the
southeast corner of Section 18; thence due west along the
south line of said Section 18, 400 feet; thence north 17°45'
east 656.2 feet; thence due east 200 feet to an intersection
with the east section line of said Section 18; thence due
south 625 feet, more or less, along said east section line of
said Section 18 to the point of beginning, except that part
thereof described as beginning at a point on the south line of
the SE 1/4 of Section 18 whence the southeast corner of
Section 18 bears north 87°29'45" east 192.49 feet, and which
point is the true point of beginning; thence continuing south
87°29'45" west along said south line 207.51 feet; thence north
17°36'45" east 664.91 feet; thence north 87°29'45" east 200.0
feet to a point on the east line of said SE 1/4; thence south
0°07' west along said east line 269.54 feet; thence south
27°56'45" west 412.94 feet, more or less, to the true point of
beginning; and subject to mineral reservations and
reservations of water rights contained in deed recorded May 6,
1907 in Book 154 at page 247 of the records of the Clerk and
Recorder of Jefferson County, Colorado.

Section 19: SE 1/4 NE 1/4, and those tracts or parcels
of land more particularly described as follows:

Beginning at a point 330 feet due north from the south-
east corner of the SW 1/4 NE 1/4 of Section 19; thence due
west 100 feet; thence due north 350 feet; thence due east 100
feet; thence due south 350 feet to the place of beginning; and

Beginning at a stone monument at the northeast corner of
Section 19; thence due south along the east section line of
said Section 19, 500 feet; thence north 38°40' west 640.3 feet
to an intersection with the north section line of said Section
19; thence due east along said north section line of said
Section 19; 400 feet, more or less, to the point of beginning;
and

Beginning at the southeast corner of the SW 1/4 NE 1/4
of Section 19; running thence due west 200 feet; thence due
north 330 feet to a point; being the intersection with the
north boundary line of the lands formerly owned by James A.
Cherry, deceased; thence due east along said north boundary
line 200 feet to a point; being the intersection with the east

-2-

boundary line of lands formerly owned by James A. Cherry, deceased; thence south along said east boundary line 330 feet, more or less, to the point of beginning; subject to mineral reservation contained in deed recorded May 9, 1907 in Book 154 at Page 252 of the records of the Clerk and Recorder of Jefferson County, Colorado; and

Beginning at the northeast corner of the SE 1/4 of Section 19; thence due south 300 feet; thence due west 400 feet; thence due north 200 feet; thence due west 1120 feet; thence due north 100 feet; thence due east 1520 feet, more or less, to the point of beginning; subject to the mineral reservation contained in deed recorded June 21, 1907 in Book 154 at Page 329 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 20: All that portion of Section 20 which lies northeasterly of the following described line:

Beginning at the south one-quarter corner of Section 20; thence east 640.6 feet to a point 50 feet south of the high water line, which is gauge height 102 feet above the bottom of the outlet pipes of Standley Lake; thence north 65°18' west 456 feet; thence north 65°37' west 755 feet; thence north 11°52' east 426.3 feet; thence north 55°21' east 437.9 feet; thence north 58°15' west 397 feet; thence north 34°23' east 434.2 feet; thence north 14°23' east 251 feet; thence west 161.0 feet along the north line of the S 1/2 NE 1/4 SW 1/4 Section 20; thence south 53°11' west 192.6 feet; thence south 82°45' west 848.8 feet; thence south 64°19' west 526.3 feet; thence north 19°04' west 230.2 feet; thence north 37°47' east 692.2 feet; thence north 34°57' west 281.3 feet; thence north 78°54' west 476.4 feet; thence north 59°34' west 22.4 feet; thence west 668.5 feet to the west one-quarter corner of Section 20; subject to mineral reservation and reservation of water rights contained in deed recorded on July 10, 1907 in Book 153 at Page 38 of the records of the Clerk and Recorder of Jefferson County, Colorado, and to agreement recorded on June 12, 1969 in Book 2109 at Page 704 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 21: All; subject to reservations contained in two certain deeds from the Trustees of the Union Pacific Railway Company recorded in Book 35 at Page 129 and in Book 26 at Page 521 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 22: Those tracts or parcels of land more particularly described as follows:

-3-

RECEPTION NO. 87152239

Beginning at a point on the west line of Section 22 which is 929 feet south of the northwest corner of said section; thence south along said section line 1711 feet to the southwest corner of the NE 1/4 of said section; thence east along the south line of the NW 1/4 of said section 800 feet; thence in a northwesterly direction 1886.8 feet to the point of beginning; and

Beginning at the southwest corner of Section 22; thence due north along the west section line of said Section 22, 2640 feet; thence due east 800 feet; thence south 20°33' east 1197 feet; thence south 26°53' west 1256 feet; thence due south 400 feet to the south section line of Section 22; thence due west along said section line 652 feet to the point of beginning; and

NW 1/4 SW 1/4, except the previously described portion thereof; subject to mineral reservations referred to in deed recorded on September 15, 1924 in Book 270 at Page 80 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 27:  Beginning at a stone monument at the northwest corner of Section 27; thence due east along the north section line of Section 27, 652 feet to the intersection of the section line with the west right-of-way line of the Farmers Highline Canal and Reservoir Company; thence in a southwesterly direction along a meandering line 30 feet from and parallel to the center line of the right-of-way of the Farmers Highline Canal and Reservoir Company 1610 feet to the intersection of said meandering line with the west section line of Section 27; thence north along said west section line 1362 feet, more or less, to the point of beginning.

Section 28:  N 1/2 NW 1/4 and NE 1/4, except those portions described as follows:  beginning at a point 259.7 feet south of the northwest corner of Section 28; thence south along the section line 1060 feet; thence east 2640 feet; thence south 1320 feet to the center of Section 28; thence east 1320 feet; thence north 1388 feet to a point 50 feet south of the high water line which is gauge height 102 feet above the bottom of the outlet pipes of Standley Lake; thence south 87°05' west 374 feet; thence north 72°15' west 815.4 feet; thence north 70°26' west 1040.4 feet; thence north 82°07' west 586 feet; thence north 56°20' west 289 feet; thence north 89°19' west 582.6 feet; thence north 70°27' west 471.3 feet; thence north 89°49' west 27 feet to the point of beginning; and beginning at the southeast corner of said NE 1/4, thence west 832 feet, more or less, to the easterly line of the right-of-way of the Farmers Highline Canal and Reservoir Company; thence a general northeasterly direction

-4-

RECEPTION NO. 87152239

following said line of right-of-way in all its meanderings to the point where the same crosses the east line of said Section 28; thence south along said east line 1225 feet, more or less, to the point of beginning, hereby intending to except all that part of said NE 1/4 lying south and east of said right-of-way, excepting so much thereof as lies in the County Road to the east; and subject to agreement recorded on June 12, 1969 in Book 2109 at Page 704 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 29: N 1/2 NE 1/4, except that portion described as follows:   beginning at a point 259.7 feet south of the northeast corner of Section 29; thence south along the section line 1060.3 feet; thence west along the south line of the N 1/2 NE 1/4 Section 29, 2640 feet; thence north along the north and south center line of Section 29, 1320 feet; thence east along the north line of Section 29, 640.6 feet; thence south 65°18' east 364.9 feet; thence south 88°39' east 869.3 feet; thence south 58°29' east 254.5 feet; thence north 66°27' east 182 feet; thence south 87°49' east 400 feet to the point of beginning; and subject to agreement recorded June 12, 1969 in Book 2109 at Page 704 of the records of the Clerk and Recorder of Jefferson County, Colorado.

2.    Rights-of-way for inlets to Standley Lake Reservoir from Church Ditch.

(a)   Inlet No. 1.   Inlet No. 1 from Church Ditch to Standley Lake is located in Section 29, Township 2 South, Range 69 West of the 6th P.M., and is described as follows:   a strip of land 300 feet wide, being 100 feet on the east or right side and 200 feet on the west or left side of a center line described as follows:   Beginning at a point on the north boundary line of the right-of-way for the Church Ditch, whence the southeast corner of the N 1/2 NE 1/4 of said Section 29 bears south 70°47' east 341 feet; thence north 33°22' west 525 feet; thence north 3°12' east 462 feet; comprising 6.9 acres, more or less.

(b)   Inlet No. 2.   Inlet No. 2 from Church Ditch to Standley Lake is located in Sections 20 and 29, Township 2 South, Range 69 West of the 6th P.M.; and is described as follows:   a strip of land 200 feet wide, being 100 feet on each side of a center line described as follows:   Beginning at a point on the north boundary line of the right-of-way for the Church Ditch, whence the N 1/4 corner of said Section 29 bears north 34°32' west 193.5 feet; thence north 21°02' east 131.4 feet; thence north 1°42' east 267 feet; comprising 1.8 acres, more or less.

slld:A1



**ROCKY FLATS DEED MAP**



1712.2 ACRES

2S 69W

## Legend

Deed 15 Parcel

## ROCKY FLATS DEED MAP

### FIGURE: DEED 15

FRICO

Date: 12/22/2017    Time: 8:38:37 AM

0    2,000    4,000    8,000 Feet



**Attachment to Claim for Parcel ID No. 29-191-00-015**

Dear Settlement and Claims Administrator:

The Farmers Reservoir and Irrigation Company ("FRICO") is a Colorado mutual ditch company organized in 1902. Mutual ditch companies are considered private corporations under the laws of the State of Colorado. Within the Property Class Area, FRICO owned Standley Lake, the Croke Canal, and portions of Big Dry Creek in fee simple on June 7, 1989. We believe that for the purposes of this case, the FRICO property would be considered "vacant land."

The Property Class Expert, Mr. Wayne Hunsperger, identified Parcel ID No. 29-191-00-015 that he believes FRICO owned in 1989 and that FRICO had not previously identified in an earlier claim. It appears that the deeds FRICO already submitted encompass some or all of Parcel ID No. 29-191-00-015 identified by Mr. Hunsperger.

Also attached hereto is:

o   Current information on Parcel ID number 29-191-00-015 that FRICO obtained from the Jefferson County Assessor's Office;

o   FRICO deed number 15 appears to cover some of parcel ID number 29-191-00-015;

o   An area map depicting FRICO's property located within the Property Class Area;

o   A map depicting FRICO's deeded land within the vicinity of the parcel ID number and the calculated acreage of FRICO's deeded land ownership;

o   A map of FRICO's deeded land ownership compared with the approximate Parcel ID boundaries.

If you have any questions, please do not hesitate to reach out to us or our attorneys:

Scott Edgar, General Manager
Farmers Reservoir and Irrigation Company

Joe Dischinger, General Counsel
Fairfield and Woods, P.C.

(303) 659-7373 x. 303

(303) 894-4404

Scott@farmersres.com

jdischinger@fwlaw.com

12/28/2017                                    Property appraisal system

Property Information | History 

## GENERAL INFORMATION

PIN/Schedule: 300195745                    AIN/Parcel ID: 29-191-00-015
Status: Exempt                             Property Type: Exempt

Property Address: VACANT LAND
                  CO

Mailing Address: 11701 COMMUNITY CENER DR
                 NORTHGLENN CO 80233

Owner Name(s)
WOMAN CREEK RESERVOIR AUTHORITY

Neighborhood: 9  -

## PROPERTY DESCRIPTION

Subdivision Name:  -

| Block | Lot | Key | Section | Township | Range | QuarterSection | Land Sqft |
|-------|-----|-----|---------|----------|-------|----------------|-----------|
|       |     | 047 | 19      | 2        | 69    | NE             | 1927530   |
|       |     |     |         |          |       | Total          | 1927530   |

| Assessor Parcel Maps Associated with Schedule |
|-----------------------------------------------|
| pmap29-194.pdf                                |
| pmap29-191_192.pdf                            |

Interactive Map

## SALE HISTORY

| Sale Date  | Sale Amount | Deed Type         | Reception |
|------------|-------------|-------------------|-----------|
| 10-06-1987 |           0 | Quit Claim Deed   | 87152239  |
| 08-29-1994 |           0 | Warranty Deed     | F0004186  |
| 06-30-1998 |           0 | Quit Claim Deed   | F0651843  |

## TAX INFORMATION

| 2017 Payable 2018 |                |
|-------------------|----------------|
|                   | Actual Value   |
| Land              | 619,500        |
| Total             | 619,500        |
|                   | Assessed Value |
| Land              | 179,655        |
| Total             | 179,655        |
| 2016 Payable 2017 |                |
|                   | Actual Value   |
| Land              | 255,740        |
| Total             | 255,740        |
|                   | Assessed Value |
| Land              | 74,165         |
| Total             | 74,165         |

| View Mill Levy Detail For Year       | 2017 | 2016 |
|--------------------------------------|------|------|
| 2017 Mill Levy Information           |      |      |
| Tax District                         | 0029 |      |
| County                               | TBA  |      |
| School                               | TBA  |      |
| REGIONAL TRANSPORTATION DIST         | TBA  |      |
| MOFFAT TUNNEL IMPROVEMENT DIST       | TBA  |      |
| URBAN DRAINAGE&FLOOD CONT DIST       | TBA  |      |
| URBAN DRAINAGE&FLOOD C SO PLAT       | TBA  |      |
| WESTMINSTER                          | TBA  |      |
| APEX PARK & REC DIST                 | TBA  |      |
| Total                                | TBA  |      |

Treasurer Information

12/22/2017

Jefferson County, CO - GIS

29-191-00-015



RECORDED IN
COUNTY OF JEFFERSON
STATE OF COLORADO
RECEPTION NO. 87152239
12/29/87 10:15        18.00

Recorded at................................o'clock............M., ......................................

Reception No......................................................

**THIS DEED,** Made this _6th_ day of _October_ 19 87, between

The City of Westminster, Colorado,
a municipal corporation,

*1-6*

of the              county of              and State of
Colorado, of the first part, and
The Farmers Reservoir and Irrigation Company
                              a corporation
organized and existing under and by virtue of the laws of the State of
    Colorado        , of the second part:

WITNESSETH, That the said part y    of the first part, for and in consideration of the sum of
                    Ten ($10.00)                              DOLLARS,
to the said party    of the first part in hand paid by the said party of the second part, the receipt whereof
is hereby confessed and acknowledged, has    remised, released, sold, conveyed and QUIT CLAIMED, and by
these presents does    remise, release, sell, convey and QUIT CLAIM unto the said party of the second part, its
successors and assigns forever, all right, title, interest, claim and demand which the said part y    of the
first part has    in and to the following described
situate, lying and being in the        County of        and State of Colorado, to wit:

That certain property described on Exhibit "A" attached hereto
and made a part hereof, together with a recreation easement
covering all rights to develop, permit, supervise, operate,
carry-out, and maintain recreation uses and programs on and
within Standley Lake, which property and easement were obtained
for recreation purposes by Deed from the Farmers Reservoir and
Irrigation Company dated the _20th_ day of _May_,
1987, recorded at Book————, Page————, of the records of
the County of Jefferson, State of Colorado. _Reception No 87066438_

TO HAVE AND TO HOLD the same together with all and singular the appurtenances and privileges thereunto
belonging or in anywise thereunto appertaining, and all the estate, right, title, interest and claim whatsoever, of the
said part y    of the first part, either in law or equity, to the only proper use, benefit and behoof of the said party
of the second part, its successors and assigns forever.

IN WITNESS WHEREOF, The said part y    of the first part ha s    hereunto set    its hand
and seal        the day and year first above written.

Signed, Sealed and Delivered in the Presence of

_Michele Gallegos City Clerk_

        CITY OF WESTMINSTER, COLORADO ......[SEAL]
By: _____ ......[SEAL]
    ....................................................[SEAL]
    ....................................................[SEAL]

STATE OF COLORADO,
            County of _Adams_ } ss.

The foregoing instrument was acknowledged before me this    _6th_ day of _October_
19 87 , by•

My commission expires _November 24_        , 19 90 . Witness my hand and official seal.

                    _____
                    3031 W - 76th Avenue        Notary Public.
                    Westminster, Colorado 80030

STATE DOCUMENTARY FEE
DEC 29 1987

No. 522.    QUIT CLAIM DEED TO CORPORATION.—Bradford Publishing, 1545 West 44th Avenue, Golden, Colorado 80401 — (303) 278-0664 — 6-80

No........................................

# QUIT CLAIM DEED

........................................

........................................

........................................

### TO

........................................

........................................

........................................

STATE OF COLORADO, }ss.
........................County of........................

I hereby certify that this instrument was filed

for record in my office at........................

o'clock..........M., ........................, 19........,

and is duly recorded in book........................

page........................

........................................
Clerk and Recorder.

By ........................
Deputy.

Fees, $........................

BRADFORD PUBLISHING CO  GOLDEN



Please return to:

The Farmers Reservoir
& Irrigation Co.
80 So. 27th Ave.
Brighton, CO 80601

EXHIBIT "A"

1.    Standley Lake Dam and Reservoir.

### Township 2 South Range 69 West of the 6th P.M.

Section 16:   All that part of the S 1/2 of Section 16 which lies south of the following described property line: commencing on the west boundary line of the S 1/2 of said Section 16, whence the west one-quarter corner of said Section 16 bears north 1245 feet; thence north 80°59' east 2343 feet; thence north 60°0' east 350 feet; thence south 80°0' east 300 feet; thence south 88°30' east 1950 feet; thence north 61°50' east 586.7 feet, to the east boundary line of the S 1/2 of said Section 16, whence the east one-quarter corner of said Section 16 bears north 530 feet.

Also that certain strip of land 30 feet in width described as beginning at the west one-quarter corner of said Section 16, running thence east along the half section line of said Section 16, 30 feet; thence south and parallel to the west boundary line of said Section 16, 1241 feet to the above-described property line; running thence south 80°59' west to the west boundary line of said Section 16; thence north along said last mentioned line 1245 feet to the point of beginning; and

Also that certain strip of land 30 feet in width described as beginning at the east one-quarter corner of said Section 16; thence west and along the half section line of said Section 16, 30 feet; thence south and parallel to the east boundary line of said Section 16, 543 feet, more or less, to the above-described property line; thence north 61°50' east to the east boundary line of said Section 16; thence north along said last mentioned line 530 feet to the point of beginning.

Section 17:   Beginning at a stone monument at the southeast corner of Section 17; thence due west 5277.6 feet to a stone monument at the southwest corner of said Section 17; thence due north along the west section line of Section 17, 675 feet; thence south 71°0' east 815 feet; thence north 15°50' east 595 feet; thence south 62°50' east 1360 feet; thence north 52°20' east 1060 feet; thence north 6°10' west 380 feet; thence north 63°35' east 820 feet; thence south

RECEPTION NO. 87152239

*3*

70°45' east 1045 feet; thence due east 615 feet to an inter-
section with the east section line of said Section 17; thence
due south 1407.8 feet, more or less, to the point of
beginning; subject to mineral reservations and reservations of
surface rights contained or referred to in deed recorded
August 9, 1907 in Book 153 at Page 49 of the records of the
Clerk and Recorder of Jefferson County, Colorado.

Section 18:   Beginning at a stone monument at the
southeast corner of Section 18; thence due west along the
south line of said Section 18, 400 feet; thence north 17°45'
east 656.2 feet; thence due east 200 feet to an intersection
with the east section line of said Section 18; thence due
south 625 feet, more or less, along said east section line of
said Section 18 to the point of beginning, except that part
thereof described as beginning at a point on the south line of
the SE 1/4 of Section 18 whence the southeast corner of
Section 18 bears north 87°29'45" east 192.49 feet, and which
point is the true point of beginning; thence continuing south
87°29'45" west along said south line 207.51 feet; thence north
17°36'45" east 664.91 feet; thence north 87°29'45" east 200.0
feet to a point on the east line of said SE 1/4; thence south
0°07' west along said east line 269.54 feet; thence south
27°56'45" west 412.94 feet, more or less, to the true point of
beginning;   and   subject   to   mineral   reservations   and
reservations of water rights contained in deed recorded May 6,
1907 in Book 154 at page 247 of the records of the Clerk and
Recorder of Jefferson County, Colorado.

Section 19:   SE 1/4 NE 1/4, and those tracts or parcels
of land more particularly described as follows:

Beginning at a point 330 feet due north from the south-
east corner of the SW 1/4 NE 1/4 of Section 19; thence due
west 100 feet; thence due north 350 feet; thence due east 100
feet; thence due south 350 feet to the place of beginning; and

Beginning at a stone monument at the northeast corner of
Section 19; thence due south along the east section line of
said Section 19, 500 feet; thence north 38°40' west 640.3 feet
to an intersection with the north section line of said Section
19; thence due east along said north section line of said
Section 19; 400 feet, more or less, to the point of beginning;
and

Beginning at the southeast corner of the SW 1/4 NE 1/4
of Section 19; running thence due west 200 feet; thence due
north 330 feet to a point; being the intersection with the
north boundary line of the lands formerly owned by James A.
Cherry, deceased; thence due east along said north boundary
line 200 feet to a point; being the intersection with the east

-2-

RECEPTION NO. 87152239

boundary line of lands formerly owned by James A. Cherry, deceased; thence south along said east boundary line 330 feet, more or less, to the point of beginning; subject to mineral reservation contained in deed recorded May 9, 1907 in Book 154 at Page 252 of the records of the Clerk and Recorder of Jefferson County, Colorado; and

Beginning at the northeast corner of the SE 1/4 of Section 19; thence due south 300 feet; thence due west 400 feet; thence due north 200 feet; thence due west 1120 feet; thence due north 100 feet; thence due east 1520 feet, more or less, to the point of beginning; subject to the mineral reservation contained in deed recorded June 21, 1907 in Book 154 at Page 329 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 20: All that portion of Section 20 which lies northeasterly of the following described line:

Beginning at the south one-quarter corner of Section 20; thence east 640.6 feet to a point 50 feet south of the high water line, which is gauge height 102 feet above the bottom of the outlet pipes of Standley Lake; thence north 65°18' west 456 feet; thence north 65°37' west 755 feet; thence north 11°52' east 426.3 feet; thence north 55°21' east 437.9 feet; thence north 58°15' west 397 feet; thence north 34°23' east 434.2 feet; thence north 14°23' east 251 feet; thence west 161.0 feet along the north line of the S 1/2 NE 1/4 SW 1/4 Section 20; thence south 53°11' west 192.6 feet; thence south 82°45' west 848.8 feet; thence south 64°19' west 526.3 feet; thence north 19°04' west 230.2 feet; thence north 37°47' east 692.2 feet; thence north 34°57' west 281.3 feet; thence north 78°54' west 476.4 feet; thence north 59°34' west 22.4 feet; thence west 668.5 feet to the west one-quarter corner of Section 20; subject to mineral reservation and reservation of water rights contained in deed recorded on July 10, 1907 in Book 153 at Page 38 of the records of the Clerk and Recorder of Jefferson County, Colorado, and to agreement recorded on June 12, 1969 in Book 2109 at Page 704 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 21: All; subject to reservations contained in two certain deeds from the Trustees of the Union Pacific Railway Company recorded in Book 35 at Page 129 and in Book 26 at Page 521 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 22: Those tracts or parcels of land more particularly described as follows:

-3-

RECEPTION NO. 87152239

Beginning at a point on the west line of Section 22 which is 929 feet south of the northwest corner of said section; thence south along said section line 1711 feet to the southwest corner of the NE 1/4 of said section; thence east along the south line of the NW 1/4 of said section 800 feet; thence in a northwesterly direction 1886.8 feet to the point of beginning; and

Beginning at the southwest corner of Section 22; thence due north along the west section line of said Section 22, 2640 feet; thence due east 800 feet; thence south 20°33' east 1197 feet; thence south 26°53' west 1256 feet; thence due south 400 feet to the south section line of Section 22; thence due west along said section line 652 feet to the point of beginning; and

NW 1/4 SW 1/4, except the previously described portion thereof; subject to mineral reservations referred to in deed recorded on September 15, 1924 in Book 270 at Page 80 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 27: Beginning at a stone monument at the northwest corner of Section 27; thence due east along the north section line of Section 27, 652 feet to the intersection of the section line with the west right-of-way line of the Farmers Highline Canal and Reservoir Company; thence in a southwesterly direction along a meandering line 30 feet from and parallel to the center line of the right-of-way of the Farmers Highline Canal and Reservoir Company 1610 feet to the intersection of said meandering line with the west section line of Section 27; thence north along said west section line 1362 feet, more or less, to the point of beginning.

Section 28: N 1/2 NW 1/4 and NE 1/4, except those portions described as follows: beginning at a point 259.7 feet south of the northwest corner of Section 28; thence south along the section line 1060 feet; thence east 2640 feet; thence south 1320 feet to the center of Section 28; thence east 1320 feet; thence north 1388 feet to a point 50 feet south of the high water line which is gauge height 102 feet above the bottom of the outlet pipes of Standley Lake; thence south 87°05' west 374 feet; thence north 72°15' west 815.4 feet; thence north 70°26' west 1040.4 feet; thence north 82°07' west 586 feet; thence north 56°20' west 289 feet; thence north 89°19' west 582.6 feet; thence north 70°27' west 471.3 feet; thence north 89°49' west 27 feet to the point of beginning; and beginning at the southeast corner of said NE 1/4, thence west 832 feet, more or less, to the easterly line of the right-of-way of the Farmers Highline Canal and Reservoir Company; thence a general northeasterly direction

-4-

RECEPTION NO. 87152239

following said line of right-of-way in all its meanderings to the point where the same crosses the east line of said Section 28; thence south along said east line 1225 feet, more or less, to the point of beginning, hereby intending to except all that part of said NE 1/4 lying south and east of said right-of-way, excepting so much thereof as lies in the County Road to the east; and subject to agreement recorded on June 12, 1969 in Book 2109 at Page 704 of the records of the Clerk and Recorder of Jefferson County, Colorado.

Section 29: N 1/2 NE 1/4, except that portion described as follows: beginning at a point 259.7 feet south of the northeast corner of Section 29; thence south along the section line 1060.3 feet; thence west along the south line of the N 1/2 NE 1/4 Section 29, 2640 feet; thence north along the north and south center line of Section 29, 1320 feet; thence east along the north line of Section 29, 640.6 feet; thence south 65°18' east 364.9 feet; thence south 88°39' east 869.3 feet; thence south 58°29' east 254.5 feet; thence north 66°27' east 182 feet; thence south 87°49' east 400 feet to the point of beginning; and subject to agreement recorded June 12, 1969 in Book 2109 at Page 704 of the records of the Clerk and Recorder of Jefferson County, Colorado.

2.   Rights-of-way for inlets to Standley Lake Reservoir from Church Ditch.

(a)   Inlet No. 1.   Inlet No. 1 from Church Ditch to Standley Lake is located in Section 29, Township 2 South, Range 69 West of the 6th P.M., and is described as follows: a strip of land 300 feet wide, being 100 feet on the east or right side and 200 feet on the west or left side of a center line described as follows: Beginning at a point on the north boundary line of the right-of-way for the Church Ditch, whence the southeast corner of the N 1/2 NE 1/4 of said Section 29 bears south 70°47' east 341 feet; thence north 33°22' west 525 feet; thence north 3°12' east 462 feet; comprising 6.9 acres, more or less.

(b)   Inlet No. 2.   Inlet No. 2 from Church Ditch to Standley Lake is located in Sections 20 and 29, Township 2 South, Range 69 West of the 6th P.M.; and is described as follows: a strip of land 200 feet wide, being 100 feet on each side of a center line described as follows: Beginning at a point on the north boundary line of the right-of-way for the Church Ditch, whence the N 1/4 corner of said Section 29 bears north 34°32' west 193.5 feet; thence north 21°02' east 131.4 feet; thence north 1°42' east 267 feet; comprising 1.8 acres, more or less.

slld:A1

-5-



Legend

□ Rocky Mountain Flats Study Area

Deed to Parcel ID
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**ROCKY FLATS
DEED MAP**

FRICO

Date: 12/22/2017 | Time: 8:53:43 AM





### Attachment to Claim for Vacant Land

Dear Settlement and Claims Administrator:

The Farmers Reservoir and Irrigation Company ("FRICO") is a Colorado mutual ditch company organized in 1902.  Mutual ditch companies are considered private corporations under the laws of the State of Colorado. Within the Property Class Area, FRICO owned Standley Lake, the Croke Canal, and portions of Big Dry Creek in fee simple on June 7, 1989. We believe that for the purposes of this case, the FRICO property would be considered "vacant land."

On June 1, 2017, FRICO submitted claim No. WCF00002075 under Class Member ID 302812GZPMP16. After discussions with the Property Class Expert, Mr. Wayne Hunsperger, FRICO was advised to file an additional claim for any land it discovered it owned within the Property Class Area on June 7, 1989, that was not already included in its original June 1, 2017, claim. FRICO discovered a deed for a relatively small portion of vacant land located just north of Stanley Lake Reservoir, and would like to incorporate this additional section of land into FRICO's larger claim. This parcel is identified as Parcel #16 on the attached maps and contains eight acres of land.

Also attached hereto is:

o   The FRICO deed evidencing fee ownership of land within the Property Class Area;

o   An area map depicting FRICO's property located within the Property Class Area;

o   A map depicting FRICO's deeded land and the calculated acreage of FRICO's deeded land ownership;

If you have any questions, please do not hesitate to reach out to us or our attorneys:

Scott Edgar, General Manager
Farmers Reservoir and Irrigation Company

(303) 659-7373 x. 303

Scott@farmersres.com

Joe Dischinger, General Counsel
Fairfield and Woods, P.C.

(303) 894-4404

jdischinger@fwlaw.com



**No. 832. WARRANTY DEED,**—The W. F. Robinson Printing Co., Mfrs. Colorado Legal Blanks, Denver.

# This Deed, Made this twenty-sixth day of May in the year of

our Lord one thousand nine hundred and **thirteen** between

JOSEPH STANDLEY, MILTON SMITH and THOMAS B. CROKE

of the City and County of Denver and State of Colorado, of the first part,

and THE FARMERS RESERVOIR AND IRRIGATION COMPANY, a corporation organized and existing under the laws of the State of Colorado,

of the — County of — and State of Colorado, of the second part;

WITNESSETH, That the said part ies of the first part, for and in consideration of the

sum of One and 00/100 ($1.00) - - - - - - - - - - - - - - ---DOLLARS, and other good and valuable considerations - - - - - - - - - - - -- to the said part ies of the first part in hand paid by the said part y of the second part, the

receipt whereof is hereby confessed and acknowledged, has granted, bargained, sold and con-

veyed, and by these presents do es grant, bargain, sell, convey and confirm unto the said part y

successors

of the second part its heirs and assigns forever, all the following described lot or parcel

of land situate, lying and being in the — County of Jefferson — and

State of Colorado, to-wit:

A strip of land 50 feet wide, being 25 feet on each side of a center line to the right or left of a traverse line described as follows:

township 2 south of range 69 west
Beginning at a point on the west line of section 17, 575 feet more or less south of the W 1/4 corner of said section, said point being designated Station 56/53;

thence N. 44 degrees 30 minutes E. 12 feet to Station 56/65;

thence S. 84 degrees 00 minutes E. 462 feet to Station 61/27;

thence N. 4 degrees 30 minutes E. 313 feet to Station 64/40;

thence N. 83 degrees 00 minutes E. 540 feet to Station 69/80;

thence S. 10 degrees 00 minutes W. 535 feet to Station 75/15;

thence S. 73 degrees 00 minutes E. 335 feet to Station 78/50;

thence N. 66 degrees 00 minutes E. 585 feet to Station 84/35;

thence N. 26 degrees 00 minutes E. 290 feet to Station 87/25;

thence S. 79 degrees 30 minutes E. 375 feet to Station 91/00;

thence S. 69 degrees 30 minutes E. 620 feet to Station 97/20;

thence S. 87 degrees 30 minutes E. 510 feet to Station 102/30;

thence N. 84 degrees 20 minutes E. 220 feet to Station 104/50;

thence N. 03 degrees 00 minutes W. 350 feet to Station 108/00;

thence S. 67 degrees 30 minutes E. 450 feet to Station 112/50;

thence S. 59 degrees 30 minutes E. 440 feet to Station 116/90;

thence N. 66 degrees 30 minutes E. 300 feet to Station 119/90;

thence N. 37 degrees 00 minutes E. 630 feet to Station 126/20;

thence N. 75 degrees 00 minutes E. 295 feet to Station 129/15;

a point on the east line of section 17, 47 feet more or less, north of the east quarter corner, containing 8.34 acres.

TOGETHER with all and singular the hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, claim and demand whatsoever, of the said parties of the first part, either in law or equity, of, in and to the above bargained premises, with the hereditaments and appurtenances.

TO HAVE AND TO HOLD the said premises above bargained and described, with the appurtenances unto THE FARMERS RESERVOIR AND IRRIGATION COMPANY the said party of the second part, its successors and assigns forever.

And the said JOSEPH STANDLEY, MILTON SMITH and THOMAS B. CROKE parties of the first part, for them selves/ their heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part, its successors and assigns, that at the time of the ensealing and delivery of these presents they are well seized of the premises above conveyed, as of good, sure, perfect, absolute and indefeasible estate of inheritance in law, in fee simple, and have good right, full power and lawful authority to grant, bargain, sell and convey the same in manner and form aforesaid, and that the same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments and incumbrances of whatever kind or nature soever,

and the above bargained premises in the quiet and peaceable possession of the said party of the second part, its/ successors and assigns, against all and every person or persons lawfully claiming or to claim the whole or any part

*thereof, the said part*ies *of the first part shall and will WARRANT AND FOREVER DEFEND.*

IN WITNESS WHEREOF, *The said parties of the first part ha* ve *hereunto set* their

hand s *and seal* s *the day and year first above written.*

Signed, Sealed and Delivered in Presence of

*Joseph Standley* (SEAL)

*Thomas B. Croke* (SEAL)

*Milton Smith* (SEAL)

(SEAL)

---

STATE OF COLORADO,

City & COUNTY OF Denver } ss.

I, *May Stewart* a Notary Public

*in and for said* City and *County, in the State aforesaid, do hereby certify that*

JOSEPH STANDLEY, MILTON SMITH and THOMAS B. CROKE

*who* are *personally known to me to be the person* s *whose name* s are *subscribed to the*

*foregoing Deed, appeared before me this day in person, and acknowledged that* they *signed,*

*sealed and delivered the said instrument of writing as* their *free and voluntary act and deed,*

*for the uses and purposes therein set forth.*

*Given under my hand and* notarial *seal, this* 26th

*day of* May *, A. D.* 1913.

*My commission expires* Nov, 13 ___ , A. D. 1915

*May Stewart*

Notary Public.

(626)   EXAMINED

No. 93088

# WARRANTY DEED.

JOSEPH STANDLEY, MILTON SMITH

AND THOMAS B. CROKE

TO

THE FARMERS RESERVOIR

AND IRRIGATION COMPANY

**STATE OF COLORADO,** } SS.
COUNTY OF _____

*I hereby certify that this instrument was*

*filed for record in my office at* 2:30

*o'clock* P. *M.* Sept. 12, 1913

*and is duly recorded in book* 190

*page* 168

_____
Recorder.

By _____
Deputy.

*Fees, $* 1 50

Return to 706 Ideal Building

Denver, Colorado

13-12      W. F. ROBINSON PTG. CO., DENVER.





8.0 ACRES

2S 69W

**Legend**

Deed 16 Parcel

**ROCKY FLATS DEED MAP**

**FIGURE: DEED 16**

FRICO

Date: 12/22/2017   Time: 8:44:50 AM

0   500   1,000   2,000 Feet