

**EXHIBIT 8**

Joseph B. Dischinger
direct: 303-894-4404
jdischinger@fwlaw.com

February 9, 2018

**CERTIFIED MAIL:** 7017 2620 0001 1012 0682
Return Receipt Requested

Rocky Flats Settlement
c/o Heffler Claims Group
Settlement and Claims Administrator
P.O. Box 58459
Philadelphia, PA 19102-8459

Re:   Farmers Reservoir and Irrigation Company's notice of contested determination of claim.  Class Member ID: 302812HH76GF4.  Claim No. WCF00002564.

Dear Sir or Madam,

Our firm represents the Farmers Reservoir and Irrigation Company ("FRICO") and this letter is to notify you that FRICO is contesting your January 16, 2018, determination of its claim identified above.  On June 1, 2017, FRICO electronically submitted its claim form in this matter.  Along with its claim form, FRICO also submitted:  (1) a summary spreadsheet of the land FRICO owned in the Property Class Area on June 7, 1989; (2) a map of FRICO's property located within the Property Class Area; (3) copies of the deeds evidencing FRICO's ownership of land within the Property Class Area; and (4) a letter explaining FRICO's claim submission and the previously referenced documents.

On September 14, 2017, you sent a letter to FRICO titled "Notification of Rejection of Claim and Description of Corrective Measures," and FRICO received your letter on September 20, 2017.  Your letter states that FRICO is not eligible to share in the distribution of the Net Settlement Fund because:

> After a detailed, careful review of the physical location of your property, it has been confirmed by the Property Expert for the Class that your property is <u>not</u> located within the Property Class Area.  Therefore, you are <u>not</u> a member of the Settlement Class for this property, and are <u>not</u> entitled to participate in the distribution of the Settlement Funds for this property.

There is no explanation of what this detailed, careful review involved, or why that review resulted in the incorrect conclusion that FRICO's property is not located within the Property Class Area.  FRICO owns Standley Lake, which is in the dead center of the Property Class Area.



Heffler Claims Group, Rocky Flats Settlement and Claims Administrator
February 9, 2018
Page 2

Without further explanation of your Property Expert's reasoning, we are left with the conclusion that your rejection of FRICO's claim is legally incorrect, arbitrary and capricious.

Then, by letter and submittal dated October 5, 2017, FRICO contested your previous determination because the information already presented demonstrated its ownership of more than 1,800 acres of land located inside of the Property Class Area on June 7, 1989. In FRICO's October 5, 2017, letter, we also suggested a meeting to discuss the location of Standley Lake and FRICO's canals and other property relative to the Property Class Area. However, neither our firm nor FRICO received any response, whether via mail, phone, voicemail, email, or otherwise.

On December 21, 2017, our office contacted the claims administrator to check on the status of FRICO's claim. During a call with Anthony Knight, FRICO was informed, for the first time, that it is required to submit separate claim forms for each parcel with a separate Tax ID (sometimes called a parcel ID in these claim documents) that Jefferson County provided to the claims administrator. While FRICO was willing to submit its original claim as several separate claims, the Jefferson County Assessor's parcel IDs are not evidence of either ownership or the legal boundaries of real property parcels. (*See Rahrs Affidavit*). Some of FRICO's property is located within the parcel IDs provided to the claims administrator by Jefferson County, some is located partly within a parcel ID and partly outside of that parcel ID, and some land within the Claim Area does not have a parcel ID number at all. This may be because FRICO's ditches, canals, reservoir properties, and improvements are exempt from taxation pursuant to Article X, Section 3(1)(d) of the Colorado Constitution and § 39-3-104, C.R.S. *See generally, Shaw v. Bond*, 171 P. 1142 (Colo. 1918). Further, it appears the boundaries of some Parcel IDs may have changed between 1989 and now.

On January 16, 2018, you sent a notice of rejection of Claim No. WCF00002564. The explanation is the same as we received before: you claim that the Property Expert has determined that the property is not located within the Property Class Area. The Property Expert explained to us when we talked to him in December that this representation was not true, and that in fact he had made no such determination. He said this was a form letter that went out to any claimant where the Claim Administrator's office did not understand or had some problem with a claim. If, in fact, you have determined that this parcel is not within the Property Class Area, then your determination is clearly and demonstrably erroneous, arbitrary and capricious.

FRICO is once again contesting your determination because it owned approximately 1,806 acres of land located inside of the Property Class Area on June 7, 1989. As depicted on the map FRICO included with its claim form, and the Property Class Area map provided by the court, FRICO owned the land comprising Standley Lake on June 7, 1989 (and still owns the majority of that land). On that date, FRICO also owned (and still owns) the land on which the



Croke Canal is located, which canal delivers water from Clear Creek into Standley Lake, as well as other lands around Standley Lake through which it delivers water from the Standley Lake reservoir to FRICO's stockholders. All of this land is located within the Property Class Area. We have already provided deeds and other documentation showing FRICO's ownership of this land, as well as illustrating that the land is within the Property Class Area. You have not disputed FRICO's ownership, but only the location of that land within the Property Class Area, which does not seem to be legitimately disputable.

If it would be helpful to meet so that we can discuss the location of FRICO's property relative to the Property Class Area, we would be happy to meet with you. We believe it is clear that FRICO owned (and still owns) substantial lands within the Property Class Area, as the summary spreadsheet, map, and deeds we previously submitted demonstrate. However, it is also clear that either we or your Property Expert are misunderstanding something fundamental about either the location of the Property Class Area or the location of FRICO's land. If you would like to have a meeting to better understand the evidence we have submitted, please email me at jdischinger@fwlaw.com, call me at 303-894-4404, or send me a letter at the address shown on this letterhead. We look forward to resolving the apparent misunderstanding.

Very truly yours,

Joseph B. Dischinger

cc: Scott Edgar, General Manager of FRICO

## AFFIDAVIT OF ROB RAHRS REGARDING JEFFERSON COUNTY ASSESSOR'S OFFICE PARCEL BOUNDARIES

STATE OF COLORADO        )
                         ) ss
COUNTY OF ADAMS          )

I, Rob Rahrs, being first duly sworn, depose and state as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth herein.

2. I am employed by FRICO as a Geographic Information System (GIS) Specialist and Water Engineer.

3. I called the Jefferson County Assessor's Office ("Assessor") to discuss the accuracy of the boundary lines of the Parcel IDs depicted on the Assessor's website.

4. The Assessor's Office told me that the boundary lines associated with each of the Parcel IDs may not be correct or accurately represent the deeded property boundaries.

5. The Assessor's Office told me that the depicted boundary lines associated with each Parcel ID may not include all deeded areas and the boundaries only give a rough estimate of a parcel's true boundary lines.

6. The Assessor's Office told me the Parcel ID information in their office is not reliable to establish who owns any particular piece of land. They said the best evidence of the boundaries and ownership of parcels are the deeds.

Further the affiant sayeth not.

/s/ Rob Rahrs

Subscribed and sworn to before me this 21st day of December 2017, by Rob Rahrs.

Witness my hand and official seal.

/s/ NOTARY PUBLIC

My commission expires: 12/21/21

```
DANA ACKERMAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19974014845
MY COMMISSION EXPIRES DEC. 21, 2021
```