**EXHIBIT 11**



Joseph B. Dischinger
direct: 303-894-4404
jdischinger@fwlaw.com

April 24, 2018

**CERTIFIED MAIL:** Return Receipt Requested
**VIA EMAIL:** mdavidoff@bm.net

Merrill G. Davidoff, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6305
E-Mail: mdavidoff@bm.net

Re:   Farmers Reservoir and Irrigation Company's Claims related to the settlement agreement approved in *Cook v. Rockwell*, Case No. 90-cv-00181-JLK (D. Colo.)

Dear Counsel,

Our firm represents the Farmers Reservoir and Irrigation Company ("FRICO") and this letter is to notify you that FRICO is objecting to your arbitrary, capricious, and unsupported denial of FRICO's claims in your April 4, 2018, letter.

1. *Background describing FRICO's attempts to submit its claims and the Settlement and Claim Administrator's arbitrary and capricious denials.*

FRICO timely submitted its initial claim form in this matter on June 1, 2017. Along with its claim form, FRICO also submitted: (1) a summary spreadsheet of the land FRICO owned in the Property Class Area on June 7, 1989; (2) a map of FRICO's property located within the Property Class Area; (3) copies of the deeds evidencing FRICO's ownership of land within the Property Class Area; (4) documents that FRICO was able to locate from the Jefferson County Property Appraiser related to FRICO's property; and (5) a letter explaining FRICO's claim submission and the previously referenced documents.

On September 20, 2017, FRICO received a letter dated September 14, 2017, from the Settlement and Claims Administrator ("Administrator") titled "Notification of Rejection of Claim and Description of Corrective Measures." The letter stated that FRICO is not eligible to share in the distribution of the Net Settlement Fund because:

> After a detailed, careful review of the physical location of your property, it has been confirmed by the Property Expert for the Class that your property is <u>not</u> located within the Property Class Area. Therefore, you are <u>not</u> a member of the



Merrill G. Davidoff, Esq.
April 24, 2018
Page 2

>Settlement Class for this property, and are <u>not</u> entitled to participate in the distribution of the Settlement Funds for this property.

There was absolutely no explanation of what this detailed, careful review involved, or why that review resulted in the incorrect conclusion that FRICO's property is not located within the Property Class Area. FRICO owns Standley Lake, which is in the dead center of the Property Class Area. The very maps defining and depicting the Property Class Area approved by this Court and attached to the Settlement Agreement even identify Standley Lake by name. Without further explanation of the Property Expert's reasoning in the letter dated September 14, 2017, FRICO was left with the conclusion that the rejection of its claim was legally incorrect, arbitrary and capricious.

Then, by letter and submittal dated October 5, 2017, FRICO contested the Administrator's September 14 determination because the information already presented demonstrated FRICO's ownership of more than 1,800 acres of fee land located inside of the Property Class Area on June 7, 1989. In FRICO's October 5 letter, it suggested a meeting to discuss the location of Standley Lake, FRICO's canals, and other FRICO property relative to the Property Class Area. However, neither our firm nor FRICO received any response, whether via mail, phone, voicemail, email, or otherwise.

On December 21, 2017, our office contacted the Administrator to check on the status of FRICO's claim. During a call with Anthony Knight, FRICO was informed, for the first time, that it was required to submit separate claim forms for each parcel with a separate Tax ID (sometimes called a parcel ID in these claim documents) that Jefferson County provided to the Administrator. FRICO attempted to comply with this request, but the Jefferson County Assessor's Office told FRICO that the parcel IDs are not evidence of either ownership or the legal boundaries of real property parcels. Moreover, some of FRICO's property is located within the parcel IDs provided to the Claims Administrator by Jefferson County, some is located partly within a parcel ID and partly outside of that parcel ID, and some land within the Property Class Area does not have a parcel ID number at all. This may be because FRICO's ditches, canals, reservoir properties, and improvements are exempt from taxation pursuant to Article X, Section 3(1)(d) of the Colorado Constitution and § 39-3-104, C.R.S. *See generally, Shaw v. Bond*, 171 P. 1142 (Colo. 1918). Further, it appears the boundaries of some Parcel IDs may have changed between 1989 and now.

After discussing FRICO's claim with Mr. Knight, we were put into contact with Mr. Wayne Hunsperger, who was identified as the Property Expert for the Claims Administrator, and discussed how FRICO could present its claims in a way the Administrator would evaluate. At no time, however, did Mr. Hunsperger indicate that FRICO's land's being located under water was



Merrill G. Davidoff, Esq.
April 24, 2018
Page 3

an issue, nor did Mr. Hunsperger question FRICO's classification of its property as "vacant" land. Mr. Hunsperger was primarily concerned with developing a methodology to calculate the value of FRICO's land for those parcels that do not have an assessed valuation by the County. Accordingly, FRICO proposed a method to estimate the value of its property so that the Administrator could determine FRICO's pro-rata share of the Net Settlement Fund. Based on our conversations with representatives from the Administrator and Mr. Hunsperger, FRICO re-submitted its claims on December 29, 2017.

On January 16, 2018, the Administrator sent a notice of rejection of Claim No. WCF00002564. The explanation was the same as FRICO received before: it claimed that the Property Expert had determined that FRICO's property was not located within the Property Class Area. However, the Property Expert explained to us when we talked to him in December of 2017 that this representation was not true, and that in fact he had made no such determination. He said this was a form letter that went out to any claimant where the Administrator's office did not understand or had some confusion with a claim. To the extent the Administrator still questions whether FRICO's property is located within the Property Class Area, then that determination is clearly and demonstrably erroneous, arbitrary and capricious. FRICO contested the January 16, 2018, denial of its claim by letter dated February 9, 2018.

Now, after your April 4 letter, FRICO is forced, for a fourth time, to contest a denial of its claim that is blatantly lacking in any basis or foundation. FRICO owned approximately 1,806 acres of fee land within the Property Class Area on June 7, 1989. As depicted on the map FRICO included with its various claim submittals, and the Property Class Area map provided by the court, FRICO owned the land comprising Standley Lake on June 7, 1989 (and still owns the majority of that land). On that date, FRICO also owned land around Standley Lake that was not inundated, and it owned (and still owns) the land on which the Croke Canal is located, which canal delivers water from Clear Creek into Standley Lake, as well as other lands around Standley Lake through which FRICO delivers water to its stockholders. All of this land is located within the Property Class Area. We have already provided deeds and other documentation showing FRICO's ownership of this land, as well as illustrating that the land is within the Property Class Area.

Neither you nor the Administrator have disputed FRICO's ownership of its property. The Administrator has only questioned whether the location of FRICO's land was within the Property Class Area, which is not legitimately disputable. The Administrator continues to deny FRICO's claims based on its false belief that FRICO's property is not located within the Property Class Area, without providing any information about how it reached that belief or any explanation why land that is clearly and indisputably within the Property Class Area was somehow excluded from the class settlement. In several notices dated April 6, 2018, two days after your letter of April 4,



Merrill G. Davidoff, Esq.
April 24, 2018
Page 4

the Administrator again denied FRICO's claims – not on the bases that you have asserted, but rather on the demonstrably false statement that the Property Expert had conducted a "detailed, careful review" and had concluded that FRICO's property is not located within the Property Class Area.

Now, in your April 4 letter, you claim that there are "several reasons" FRICO's claims are not valid, but you seem to acknowledge that FRICO's property is located within the Property Class Area. For the first time, FRICO is being told that its claims are invalid because: (1) FRICO's "claims are associated with land that is underwater;" and (2) "Plaintiffs did not estimate or include the asserted land values of property located under Standley Lake or associated ditches in any of the damages analyses presented to the jury during the four-month *Cook v. Rockwell* jury trial." The Administrator has not raised these concerns at any time in the last year, nor did it raise those concerns in its various denials sent after your April 4 letter. There is no disclosure in any of the settlement documents that "land that is underwater" is ineligible, even if located within the Property Class Area, nor that land that is underwater did not suffer the same damage that all other vacant land in the Property Class Area suffered. Further, there is no disclosure in any of the settlement documents that any land within the Property Class Area might be excluded because evidence pertaining to such land was not presented to a jury.

Your determination is erroneous, unreasonable, arbitrary, capricious, and wholly unsupported by the plain language of the Settlement Agreement. We will address the two new reasons that you assert for denial of FRICO's claims.

  2.  *There is absolutely no basis to deny FRICO's claims because its property may be located under water.*

We cannot locate anything in the Settlement Agreement that excludes property located under water, and there is no basis for you to determine that property under water may be excluded from the Settlement Agreement. Indeed, in his Order Granting Final Judgment, Approving Class Settlement, and Dismissing Class Claims Against Defendants, Judge Kane ordered:

> "On May 19, 2016, this Court <u>certified a class for purposes of settlement</u> pursuant to Rule 23(a) and 23(b)(3) (the "Settlement Class", the "Class," or the "Property Class"): The Property Class <u>includes all persons and entities</u> who have not previously opted out or who do not timely opt out of the class <u>who owned, as of June 7, 1989, an interest</u> (other than mortgagee and other security interest) <u>in real property situated within the Property Class Area</u>, exclusive of governmental entities, defendants, and defendant's affiliates, parents, and subsidiaries."



Merrill G. Davidoff, Esq.
April 24, 2018
Page 5

*Id.* at p. 2, ¶2 (emphasis added).

Every other document we can locate similarly defines the Settlement Class as, "All persons and entities . . . who owned, as of June 7, 1989, <u>an interest</u> . . . <u>in real property situated within the Property Class Area</u>. . . ." *See, e.g., Notice*, p. 2, 7, 8, 12; *Settlement Agreement*, pp. 2, 4; *Memorandum in Support of Plaintiffs' and Class Counsel's Unopposed Motion for an Initial Distribution of the Net Settlement Funds*, p. 1; *Plan of Allocation of the Settlement Fund*, pp. 1–2. Based on Judge Kane's order and the Settlement Agreement, all FRICO needs to demonstrate is: (1) FRICO is a person or entity; (2) FRICO owned and interest in real property; (3) it owned that interest on June 7, 1989; (4) the property was situated within the Property Class Area; and (5) FRICO is not an excluded party. FRICO has already established all of these requirements in its previous filings and there is absolutely no basis for you to create a new exception for land that is underwater.

Based on the plain language in the Settlement Agreement, FRICO meets every requirement for inclusion in the Settlement Class because: (1) FRICO is a Colorado mutual ditch company, which is a person or entity; (2) FRICO owned a fee simple absolute interest in nearly 1,800 acres of real property; (3) FRICO owned the 1,800+ acres on June 7, 1989; (4) those 1,800+ acres were located within the Property Class Area; and (5) FRICO is not a governmental entity, a defendant, or an affiliate, parent or subsidiary of a defendant, nor did FRICO opt out of the Settlement Class. Accordingly, FRICO is a member of the Settlement Class pursuant to the plain language of the Settlement Agreement.

Additionally, plutonium is not water soluble, and therefore, whether FRICO's property was underwater does not change the fact that its land was contaminated just like every other property in the Property Class Area. If you insist on taking the position that FRICO is disqualified from participating in the settlement because some of its property is located under water, FRICO requests evidence that you have similarly reduced other Settlement Class members' claims for portions of their properties containing swimming pools, hot tubs, fountains, ponds, wetlands, farmland using flood irrigation, or any other instance where water is present.

Finally, not all of the property associated with FRICO's claims is, or was ever, underwater. On June 7, 1989, FRICO owned large swaths of land around Standley Lake that were never underwater. Those lands were subsequently conveyed to the City of Westminster and are now part of a park system. Also, some of FRICO's property, such as the land underlying the Croke Canal, is only covered by water during a portion of the year. In addition, Standley Lake is not always full and portions of the lake bed are exposed depending on the time of year, weather, and whether Standley Lake needs to be emptied for repairs.



Merrill G. Davidoff, Esq.
April 24, 2018
Page 6

    3.    *The Settlement and Claims Administrator may not selectively deny a Settlement Class member from collecting its pro-rata portion of the Net Settlement Fund.*

In your memorandum in support of final approval of the settlement and plan of allocation ("Memorandum"), you asserted that "[t]he proposed $375 million Settlement is an extraordinary result for the Class" and that the "Settlement provides an extraordinary monetary payment to the Class in exchange for a Class-wide release." *Id.* at pp. 1, 10. You even acknowledged that the Settlement Agreement mitigates against the "real risk that the Class might walk away with nothing," just as you propose FRICO do now. *Id.* at 19.

Additionally, your statement that "FRICO's claims would harm the members of Class who have filed valid claims because those Class members would receive lower overall payments" is absurd. FRICO <u>is</u> a member of the Settlement Class, and whenever any Settlement Class member receives a payout, that does not mean the other members are harmed; it means that each class member received its pro-rata portion of the Net Settlement Fund, just as contemplated in the Settlement Agreement. Your "duty to fairly and adequately represent and protect the Class" extends to FRICO just as much as it extends to any other Settlement Class member.

Further, the approved Plan of Allocation mandates that, "<u>[f]or each property located in the Property Class Area</u> ("Class Property"), the Settlement and Claims Administrator <u>shall</u> consult appropriate records and data, from Jefferson County and Broomfield County, Colorado, <u>and such other sources</u> as the Settlement and Claims Administrator may reasonably determine to be suitable and reliable, for the purposes of: (a) determining owners of the Class Property as of June 7, 1989; (b) associating the property, and its owner(s) as of June 7, 1989; and (c) assigning the Class Property to one of the three property categories; commercial, residential, or vacant as of June 7, 1989." *Id.* at p. 4, ¶7. The Plan of Allocation mandates that the "Settlement and Claims Administrator <u>shall determine</u>, for each Class Property, the Class Property's assessed value, expressed as a fraction of the total assessed value of all Class Properties within the same category." *Id.* at p. 6, ¶9. The next paragraph goes on to state that the "Proposed Allocation <u>shall</u> compute an award for each member of the Class. . . ." *Id.* at p. 5, ¶10.

Accordingly, there is no discretion to exclude FRICO from the settlement, nor is there any discretion to create new and arbitrary categories for FRICO's Class Property as a pretense for denying FRICO's claims. The court-approved Plan of Allocation mandates that the Administrator determine FRICO's pro-rata share, just like every other Settlement Class member.

    4.    *Evidence presented to the jury during the* Cook v. Rockwell *jury trial does not supersede the Settlement Agreement.*



   The evidence presented to the jury during the *Cook v. Rockwell* trial does not have any bearing on the Settlement Agreement, whether FRICO is a member of the Settlement Class, whether FRICO owned property within the Property Class Area, or whether FRICO is entitled to its pro-rata share of the Net Settlement Fund pursuant to the Settlement Agreement. At the request of the parties, Judge Kane dismissed, with prejudice, "all claims against Defendants in *Cook, et al. v. Rockwell International Corp., et al.,* No. 90-cv-181-JKL (D.Colo.)," and the parties "jointly notified the United States Supreme Court of the Settlement, and stipulated to dismissal of the pending petitions for certiorari." Order Granting Final Judgment, p. 4, ¶9; p. 8. The unambiguous terms of the Settlement Agreement cannot be superseded by a jury verdict in a case that was dismissed with prejudice.

   Indeed, the parties' stated reason for entering into the Settlement Agreement was the risk surrounding "Supreme Court proceedings relating to the PAA, as well as the risk to both sides of other adverse rulings and developments that will prolong and increase the costs of this litigation." The Settlement Agreement clearly and unambiguously establishes the parties entitled to participate in this settlement.

   Moreover, the jury decision to which you cite did not decide that "properties located under Standley Lake or associated ditches" are not entitled to damages. Instead, the Settlement Agreement adopted the portion of the jury verdict allocating the relative percentages of the Net Settlement Fund to which each property category is entitled. In Plaintiff's Memorandum, you stated that "for each of the three categories of properties, the jury found a specific percentage diminution in value that was caused by the nuisance and trespass." *Id.* at p. 10. "Based on their findings of diminished value for each property category, the jury awarded 3.196% of the total compensable nuisance damages for commercial properties; 81.537% for residential properties; and 15.267% for vacant land." *Id.* The Settlement Agreement only incorporated the relative damage each class of property suffered from the jury verdict, but not the alleged evidence Plaintiffs may or may not have presented to the jury at trial. Tellingly, your memorandum also explained that "[t]he distribution methodology is adequately explained in the Notice sent to potential Class members and posted to the official settlement website," which is clearly not based on the jury verdict or limited to the evidence presented to the jury during trial. *Id.* at pp. 28, 29.

   Finally, the Plan of Allocation states that the "total sum allocable to each category shall bear the same ratio to the Net Settlement Fund as the jury's award of compensatory damages for that category bears to the total of all compensatory damages awarded by the jury for all three categories combined." p. 4, ¶8. It was the Administrator's job to determine, "for each Class Property, the Class Property's assessed value, expressed as a fraction of the total assessed value



Merrill G. Davidoff, Esq.
April 24, 2018
Page 8

of all Class Properties within the same category. . . ." *Id.* at p. 4–5, ¶9. Why this has not been done for FRICO's property cannot now be blamed on a 2006 jury verdict.

     5.    *FRICO's property should be considered vacant land.*

Based on the documents FRICO has already submitted, Jefferson County identifies FRICO's property as "vacant land," not as retail, commercial, or industrial property. Moreover, FRICO's property is zoned as agricultural property, not as industrial or commercial property. FRICO diverts, stores, and releases raw (untreated) water for the benefit of its stockholders. The amount of water to which its stockholders are entitled is determined by each stockholder's pro-rata ownership of FRICO stock. As a mutual company, FRICO does not undertake these activities to generate a profit, nor does FRICO undertake these activities for non-stockholders. Therefore, FRICO's property is not used for commercial or industrial purposes.

Additionally, the notice mailed to the Settlement Class clarified that retail and industrial property is assessed as "commercial." *See* p. 15. FRICO's property, if it is assessed at all, is not assessed as commercial; it is assessed as agricultural. Your argument that FRICO's property is used for a "commercial operation" excludes any description of FRICO's operations, or how its unspecified operations constitute a "commercial operation."

We believe it is clear that FRICO owned (and still owns) substantial lands within the Property Class Area, as the summary spreadsheet, map, and deeds we previously submitted demonstrate. However, it is increasingly clear that you or the Administrator are aggressively and intentionally reaching for baseless excuses to deny FRICO's claim. FRICO has been exceedingly patient and understanding through this process, but it is now time for the Administrator to process FRICO's claim like every other member of the Settlement Class. While we no longer believe it, if you believe there is something about FRICO's claim that you don't understand, you may email me at jdischinger@fwlaw.com, call me at 303-894-4404, or send me a letter at the address shown on this letterhead. If we do not hear from you by May 18, 2018, FRICO will file a motion in this case seeking Court intervention.

Very truly yours,

Joseph B. Dischinger

cc:    Scott Edgar, General Manager of FRICO