**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

---

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

       Defendants.

---

**CLASS COUNSEL'S OPPOSITION TO THE FARMERS RESERVOIR
AND IRRIGATION COMPANY'S MOTION**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   Background Regarding FRICO's Claim .................................................................. 2

II.  If The Court Finds that FRICO's Claim Should Be Accepted, FRICO's
     Properties Should Be Designated as Commercial ...................................................... 4

III. The Court Should Deny FRICO's Requests for Discovery ...................................... 8

IV.  Conclusion .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Jacobucci v. Dist. Court In & For Jefferson Cty.*,
   541 P.2d 667 (Colo. 1975) ................................................................................. 8, 9

*Mission Viejo Co. v. Douglas Cty. Bd. of Equalization*,
   881 P.2d 462 (Colo. App. 1994) ............................................................................. 9

*Nelson v. Lake Canal Co. of Colorado*,
   644 P.2d 55 (Colo. App. 1981) ............................................................................... 8

**Statutes**

Colo. Rev. Stat. § 7-42-104 ......................................................................................... 8

Colo. Rev. Stat. § 7-42-101 ......................................................................................... 8

Colo. Rev. Stat. § 39-1-102 ......................................................................................... 7

Colo. Rev. Stat. § 39-1-103 ......................................................................................... 7

Colo. Rev. Stat. § 39-1-103(14)(c) ............................................................................... 7

**Rules**

Fed. R. Civ. P. 26(f) ..................................................................................................... 8

Fed. R. Civ. P. 33(a)(1) ............................................................................................... 8

Fed. R. Civ. P. 34(a) ................................................................................................... 8

Fed. R. Civ. P. 36(a)(1) ............................................................................................... 8

Federal Rules of Civil Procedure 33, 34, and 36 ......................................................... 8

## I.     Introduction

Class Counsel respectfully submits this Memorandum in response to The Farmers Reservoir and Irrigation Company's Motion, filed at Doc. No. 2517 ("FRICO Mot."). As an initial matter, Class Counsel respectfully requests that the Court determine whether the Settlement and Claims Administrator's denial of the claim submitted by The Farmers Reservoir and Irrigation Company ("FRICO") was appropriate and should be upheld. FRICO shares the rights to FRICO's Property with the City of Westminster, a governmental entity which is expressly excluded from the Settlement Class,[1] and Jefferson County never accurately assessed the value of FRICO's Property because FRICO was exempt from taxation. Alternatively, if the Court finds that FRICO's claim should be approved, FRICO's Property[2] should be treated as commercial land for purposes of calculating FRICO's award, not as vacant land as FRICO asserts. FRICO admits that it is a commercial entity and that it uses the property that is the subject of FRICO's claim for a commercial purpose. Improperly classifying FRICO's property as vacant would result in a large and unwarranted windfall award to FRICO, at the expense of other Settlement Class Members, whose claim payments will be reduced if FRICO receives such a large and unwarranted claim payout.

---

[1] The "Settlement Class" excludes "governmental entities, defendants, and defendants' affiliates."  Order Certifying Settlement Class, Doc. No. 2396, ¶ 1.

[2] "FRICO's Property" includes the properties that FRICO owned on June 7, 1989 within the Class Area, for which FRICO has submitted a claim.

1

In addition, FRICO's requests for discovery should be denied. FRICO lacks standing to request discovery, and in any event, the discovery that it requests is irrelevant to the two issues in dispute, namely, (1) whether FRICO's claim is valid, and (2) if so, whether FRICO's Property should be classified as "commercial property" or "vacant land" for purposes of their claim. All of the information necessary to resolve those two narrow issues is already before the Court in the exhibits to FRICO's Motion[3] and in the Declaration of Wayne Hunsperger in Response to Farmer's Reservoir and Irrigation Company's Motion for Review of the Settlement and Claims Administrator's Denial of its Claims ("Hunsperger Dec."), attached hereto as Ex. A. Accordingly, the Court should deny FRICO's motion for discovery and deny as moot their request for a hearing. Class Counsel are filing a separate Motion for a Protective Order seeking to quash FRICO's improper discovery requests concurrently with this Memorandum.

## I.     **Background Regarding FRICO's Claim**

FRICO's Property presented a number of unique features that complicate the determination of whether FRICO's claim should be accepted. First, FRICO's Property is unlike the other properties that are the subject of claims submitted in connection with this settlement. FRICO's Property includes land beneath Standley Lake and its adjacent canals, land that is largely underwater. Hunsperger Dec. ¶¶ 4, 8. Second, FRICO's Property is operated as a municipal water supply. *Id*. Third, FRICO's Property was exempt from taxation, and therefore Jefferson County did not accurately classify

---

[3] *See* FRICO Mot. at Exs. 1-12.

2

FRICO's Property nor assess the property's values. *Id.* at ¶ 8 and Ex. A (letter from Jefferson County to the Settlement and Claims Administrator). Jefferson County did not have the same interest in assessing FRICO's Property because it was tax exempt property and thus, regardless of the property classification and assessed property value, Jefferson County would not receive any tax income from FRICO in connection with this tax-exempt property.[4] Finally, the rights to FRICO's Property are shared between FRICO and the City of Westminster: the City holds an easement on Standley Lake and its surrounding land granting the City to "all rights to develop, permit, supervise, operate, carry-out, and maintain recreation uses and programs on and within Standley Lake."[5] The City currently operates Standley Lake Regional Park on property that includes FRICO's Property, charging fees for visitors to visit the Property and rent paddle boards, canoes, kayaks, and inflatable rafts for use on Standley Lake.[6] Because the Class expressly excludes "governmental entities," the City was ineligible to file a claim and did not attempt to do so.[7]

---

[4] *See* FRICO Mot. Ex. 1, at 9 (FRICO stated on its Claim form that "Since FRICO property is not subject to property tax, it does not have tax bills to submit to the Claims Administrator.").

[5] *See* FRICO Mot. Ex. 1 at 15 (FRICO's deed to FRICO's Property).

[6] *See* Standley Lake Regional Park, available at https://www.cityofwestminster.us/ParksRecreation/Parks,TrailsOpenSpace/StandleyLakeRegionalPark (last accessed Jul. 17, 2018).

[7] *See* Order Certifying Settlement Class (Doc. No. 2396), at ¶ 1 ("The Property Class includes all persons and entities who have not previously opted out or who do not timely opt out of the class who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area, *exclusive of governmental entities*, defendants, and defendants' affiliates, parents, and subsidiaries. …") (emphasis added).

3

Ultimately, the Settlement and Claims Administrator determined that FRICO's claim should be denied because, among other reasons, FRICO's claims were associated with land that is underwater and Plaintiffs did not estimate or include the asserted land values of properties located under Standley Lake or associated ditches in any of the damages analyses presented to the jury during the four-month jury trial. *See* FRICO Mot. Ex. 9 at 1 (Letter from Class Counsel explaining denial of claim).[8]

## II.     If The Court Finds that FRICO's Claim Should Be Accepted, FRICO's Properties Should Be Designated as Commercial

Pursuant to the Court-approved Plan of Allocation, the Settlement and Claims Administrator, working with Mr. Wayne Hunsperger (who served as a property expert for Plaintiffs and the Class at trial) and Dr. Mark McNulty, an expert who has assisted in administration of the settlement, designated each property within the Class Area as falling into one of three categories: residential properties, vacant land, and commercial properties. *See* ECF No. 2407-2 (Plan of Allocation). The Settlement and Claims Administrator designated residential properties as those devoted to residential use; commercial as income-producing property, properties capable of producing income, or properties used for business purposes; and vacant as unimproved land suitable for development. Hunsperger Dec. ¶ 6.

---

[8] The Settlement and Claims Administrator's letter notifying FRICO that its claim was rejected inadvertently included a form denial paragraph that stated that FRICO's claim was denied because it was not located within the Property Class Area. *See* FRICO Mot. at 4. Class Counsel sent a letter to FRICO on April 4, 2018 explaining the reasons for the Settlement and Claims Administrator's determination that FRICO's claim should be denied. *Id.* at 8.

4

The Settlement and Claims Administrator's identification of "vacant land" is consistent with Colorado law. Colorado's property tax statute defines "vacant land" as "any lot, parcel, site, or tract of land upon which no buildings or fixtures, other than minor structures, are located." Colo. Rev. Stat. § 39-1-103(14)(c). The Colorado property tax statute expressly states that "vacant land" does not include any land with "improvements, other than site improvements or minor structures, [that] have been erected upon or affixed" to the property. *Id.* "'Improvements' means all structures, buildings, fixtures, fences, and water rights erected upon or affixed to land, whether or not title to such land has been acquired." Colo. Rev. Stat. § 39-1-102.[9] In addition to the water rights attached to FRICO's Property (which are owned by FRICO's stockholders),[10] FRICO's Property features numerous other commercial improvements including a mile-long dam,[11] an outlet works structure used to release and regulate water

---

[9] The statute defines "Minor structures" as "improvements that do not add value to the land on which they are located and that are not suitable to be used for and are not actually used for any commercial, residential, or agricultural purpose." Colo. Rev. Stat. § 39-1-103. "Site improvements" are defined as "streets with curbs and gutters, culverts and other sewage and drainage facilities, and utility easements and hookups for individual lots or parcels." The definitions of "Minor structures" and "Site Improvements" show that they are intended to include only ancillary improvements initiated in anticipation of a greater intended use of the property. FRICO's Property's commercial structures, buildings, and attached water rights, on the other hand, do not fall under either definition and constitute the final intended use of the Property.

[10] See FRICO Mot. at 19 ("The amount of water to which its stockholders are entitled is determined by each stockholder's pro-rata ownership of FRICO stock.").

[11] *See* Standley Lake Regional Park, available at https://www.cityofwestminster.us/ParksRecreation/Parks,TrailsOpenSpace/StandleyLakeRegionalPark (last accessed Jul. 26, 2018) ("The dam, which is one mile long, is private FRICO property and is off-limits to the public."). *See also Jefferson County Historical Commission: Croke Canal*, available at https://placenames.jeffco.us/search3.cfm?ps_oid=221677&search=

flow for the dam, and numerous ditches and canals that have been enlarged, repaired, and maintained by FRICO.[12] As of June 7, 1989 (the relevant date for purposes of FRICO's claim), FRICO's Property also included "a lake tender's house and associated outbuildings."[13] In short, because the Property includes numerous "improvements," FRICO's Property cannot properly be classified as "vacant land."

FRICO's Motion makes clear that FRICO's Property is used for commercial purposes. FRICO states that it is a "mutual ditch company" in the business of delivering and storing water "for the benefit of its stockholders." FRICO Mot. at 2, 19; *see also Jacobucci v. Dist. Court In & For Jefferson Cty.*, 541 P.2d 667, 671 (Colo. 1975) (noting that FRICO "is engaged in the business of storing and transporting water to shareholders who own the right to use the water.") (citations omitted). Mutual ditch companies, which are considered private corporations under Colorado law,[14] store and deliver water to their stockholders in exchange for an annual fee. *See id.* (citing Colo. Rev. Stat. § 7-42-104); *see also Nelson v. Lake Canal Co. of Colorado*, 644 P.2d 55, 57 (Colo. App. 1981) (A mutual ditch company "is engaged in the business of storing and transporting water to its

---

(last accessed Jul. 26, 2018) (describing the construction of the Croke Canal, which is included in FRICO's Property).

[12] FRICO Mot. at 4 (noting that FRICO's Property includes the "Standley Lake dam and outlet works").

[13] FRICO Mot. at 4 ("There is a lake tender's house and associated outbuildings on land near Standley Lake that FRICO owned on June 7, 1989, which land has since been sold to the City of Westminster.").

[14] FRICO Mot. Ex. 1 at 9 (FRICO's Claim form states that "Mutual ditch companies are considered private corporations under the laws of the State of Colorado."); *see also* Colo. Rev. Stat. § 7-42-101 (defining mutual ditch corporations to be corporations formed by three or more people "for the purpose of constructing a ditch, reservoir, pipeline, or any part thereof to convey water from any natural or artificial stream, channel, or [other] source").

shareholders, who own the right to use the water. Delivery of the water is conditioned on payment of an annual assessment levied to meet operating expenses of the company.") (citation omitted). Mutual ditch companies are also responsible for keeping the ditches, canals, reservoir, and other works in good repair, the expense of which is paid from the [annual fees]." *Id.* at 672. Therefore, all three of the factors that qualified a property as "commercial" apply to FRICO's Property: (1) FRICO's Property produces income in the form of annual fees, (2) it is capable of producing income, and (3) FRICO's Property is used for a business purpose.[15]

   Finally, it should be noted that improperly classifying FRICO's Property as vacant rather than commercial would result in a multimillion dollar unwarranted overpayment to FRICO. Using Jefferson County's assessed value of $1,093,540, FRICO's initial payment award would be $277,530.77 if categorized as commercial, but FRICO's initial payment award would be many times higher ($2,511,498.83) if FRICO's Property is categorized as vacant. Hunsperger Dec. ¶ 11. Using FRICO's claimed assessed value of $1,863,406.28: FRICO's award would be $442,938.19 if categorized as commercial and $4,279,626.28 if categorized as vacant. *Id.*[16] These figures reflect only initial (first)

---

[15] The fact that FRICO is a non-profit rather than a for-profit company is irrelevant. Non-profit owned properties qualify as "commercial" if they are used for commercial or income-producing purposes. *See Mission Viejo Co. v. Douglas Cty. Bd. of Equalization*, 881 P.2d 462, 466 (Colo. App. 1994) (defining commercial property as property used for "dealings between individuals or groups in society," and holding that a non-profit community center meets the definition of "commercial" for purposes of assessing property tax).

[16] If the Court finds that FRICO's claim should be accepted, the Settlement and Claims Administrator and/or Mr. Hunsperger will meet and confer with FRICO to resolve the discrepancy between the Jefferson County assessed value and FRICO's claimed assessed value. The Court will recall that Mr. Hunsperger was the property expert retained by Plaintiffs and the

7

payment to FRICO—FRICO would also receive a similarly large windfall as part of the planned second or subsequent distribution if its property is incorrectly treated as vacant rather than commercial. In either case, miscategorizing FRICO's property as vacant would result in a windfall award to FRICO, increasing their award and thereby reducing the future awards to the rest of the Settlement Class by millions of dollars.

### III.   The Court Should Deny FRICO's Requests for Discovery

Finally, for the reasons set forth in Plaintiffs' Motion for a Protective Order, FRICO's requests for discovery are improper, irrelevant, and unnecessary. On June 29, 2018, FRICO served the Settlement and Claims Administrator with Requests for Production of Documents, Interrogatories, and Requests for Admission pursuant to Federal Rules of Civil Procedure 33, 34, and 36.[17] As FRICO is aware, the Settlement and Claims Administrator is not a "party" to this Action, and therefore FRICO cannot properly serve the Settlement and Claims Administrator with interrogatories, requests for production, or requests for admission. *See* Fed. R. Civ. P. 33(a)(1) (interrogatories must be served by a party on another party); Fed. R. Civ. P. 34(a) (same for requests for productions of documents); Fed. R. Civ. P. 36(a)(1) (same for requests for admission). Even if the Administrator were a party to this Action, such discovery requests may not be served prior to Court approval of a scheduling order, as required by Fed. R. Civ. P. 26(f) and D. Colo. L. Civ. R. 26.1. Of course, discovery in this litigation ended years ago.

---

Class during the litigation, and Mr. Hunsperger has been assisting the Settlement and Claims Administrator with the claims administration process.

[17] *See* FRICO's First Set of Discovery Requests to the Settlement and Claims Administrator, attached as Ex. B.

8

Therefore, FRICO's requests for production, interrogatories, and requests for admission are improper.

Further, even if FRICO was entitled to take discovery and served a proper subpoena, the discovery it seeks is irrelevant and unnecessary to resolve the issues of (1) whether FRICO's claim should be approved, and (2) if so, whether FRICO's Property should be classified as commercial or vacant. FRICO claims that its requested discovery is necessary "[t]o establish that the Claim Administrator has breached its duties to FRICO as a class member, and that its decisions have been arbitrary and capricious." FRICO Mot. at 23. There is no requirement for the Court to find that the Settlement and Claims Administrator "breached its duties" or that the denial of FRICO's claim was "arbitrary and capricious" in order for the Court to determine that FRICO's claim should have been approved, nor to determine whether FRICO's Property should be classified as commercial or vacant. Either the claim is valid or is it not. If the claim is valid, FRICO's Property is either commercial or vacant. All information necessary to resolve these two narrow issues is contained in FRICO's Motion and Exhibits, this Memorandum, and the attached Hunsperger Declaration. No Settlement Class Member or Objector has received or even requested the discovery FRICO seeks here, and FRICO has provided no reasonable basis for its novel request. Forcing the Settlement and Claims Administrator to undergo two separate depositions and respond to FRICO's 17 interrogatories, 13 requests for admission, and substantial document requests would needlessly and unduly burden both the Settlement and Claims Administrator and Class Counsel and cause unnecessary expense. In addition, FRICO's requested discovery would burden the entire

Settlement Class and delay the planned second distribution. Any time and expenses devoted to FRICO's discovery requests will force Class Counsel and the Settlement and Claims Administrator to devote time, resources, and expenses to the requests that could otherwise be devoted to preparing for subsequent distributions of the remaining settlement funds. Therefore, the Court should resolve FRICO's Motion without forcing the Settlement and Claims Administrator to undergo FRICO's irrelevant and burdensome discovery requests.

## IV. Conclusion

Class Counsel respectfully request that the Court issue a ruling on the papers submitted in connection with FRICO's Motion: (a) deciding whether FRICO's claim is valid, (b) if the Court finds that FRICO's claim is valid, affirming the Settlement and Claims Administrator's determination that FRICO's Property is commercial and not vacant, and (c) denying FRICO's requests for irrelevant discovery and for an unnecessary hearing.

If and when the Court finds that FRICO's claim is valid and should be paid, and determines whether FRICO's Properties are properly designated as commercial or vacant, then the Settlement and Claims administrator, with the assistance of Wayne Hunsperger, can meet and confer with FRICO regarding the difference between the assessed values of FRICO's Property according to Jefferson County and the assessed values according to FRICO's own calculations.  Class Counsel and/or FRICO can raise any disputes that cannot be resolved through this meet and confer at the appropriate time, after such meet and confer.

10

Dated:  July 26, 2018              Respectfully submitted,

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
BERGER &MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Lead Class Counsel*

11

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th of July, 2018, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel and via email to the following counsel:

Joseph B. Dischinger
Dean C. Hirt, III
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
jdischinger@fwlaw.com
dhirt@fwlaw.com

Attorneys for The Farmers Reservoir
and Irrigation Company

                                              */s/ Merrill G. Davidoff*
                                              Merrill G. Davidoff
                                              BERGER & MONTAGUE, P.C.
                                              1622 Locust Street
                                              Philadelphia, PA 19103
                                              (215) 875-3000