# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

## MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S
## MOTION FOR PROTECTIVE ORDER

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

ARGUMENT .................................................................................................................................. 2

       A.       FRICO Cannot Serve Interrogatories, Requests for Production, or Requests for Admission on a Non-Party. ........................................................................................ 2

       B.       FRICO's Requested Discovery is Unnecessary and Would be Unduly Burdensome. ................................................................................................................ 2

CONCLUSION ............................................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 26(c)(1) .................................................................................................. 1, 2

Fed. R. Civ. P. 33(a)(1) .................................................................................................. 1, 2

Fed. R. Civ. P. 34(a) ...................................................................................................... 1, 2

Fed. R. Civ. P. 36(a)(1) .................................................................................................. 1, 2

Fed. R. Civ. P. 26(b)(2)(c) ................................................................................................. 3

Federal Rules of Civil Procedure 33, 34, and 36 ................................................................ 2

*Id*. Rule 26(b)(1) ............................................................................................................... 3

Rule 26(b)(1) ..................................................................................................................... 3

I.      **INTRODUCTION**

Class Counsel moves to quash The Farmers Reservoir and Irrigation Company's First Set of Discovery Requests to the Settlement and Claims Administrator ("FRICO's Requests") in full, pursuant to Fed. R. Civ. P. 26(c)(1).[1] The Settlement and Claims Administrator is not a "party" to this Action, and therefore FRICO cannot properly serve the Settlement and Claims Administrator with interrogatories, requests for production, or requests for admission. *See* Fed. R. Civ. P. 33(a)(1) (interrogatories must be served by a party on another party); Fed. R. Civ. P. 34(a) (same for requests for productions of documents); Fed. R. Civ. P. 36(a)(1) (same for requests for admission). Even if FRICO was entitled to take discovery and served a proper subpoena on the Settlement and Claims Administrator, the discovery it seeks is irrelevant and unnecessary to resolve the issues raised by The Farmers Reservoir and Irrigation Company's Motion, filed at Doc. No. 2517 ("FRICO's Motion"). Finally, compliance with FRICO's Request would substantially burden the Settlement and Claims Administrator, Class Counsel, and the Settlement Class. Accordingly, the Court should grant a protective order quashing FRICO's Requests.

This Court has jurisdiction to hear this matter pursuant to Fed. R. Civ. P. 26(c)(1), which states that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . ." *Id.*

---

[1] FRICO's Requests, attached as Ex. A, were served on June 29, 2018.

1

# ARGUMENT

### A. FRICO Cannot Serve Interrogatories, Requests for Production, or Requests for Admission on a Non-Party.

FRICO served their Requests for Production of Documents, Interrogatories, and Requests for Admission pursuant to Federal Rules of Civil Procedure 33, 34, and 36.[2] Those rules provide, respectively, that interrogatories, document requests, and requests for admission can only be served on parties to the litigation. *See* Fed. R. Civ. P. 33(a)(1) (interrogatories must be served by a party on another party); Fed. R. Civ. P. 34(a) (same for requests for productions of documents); Fed. R. Civ. P. 36(a)(1) (same for requests for admission). As FRICO is aware, the Settlement and Claims Administrator is not a "party" to this Action, and therefore FRICO cannot properly serve the Settlement and Claims Administrator with interrogatories, requests for production, or requests for admission. Therefore, FRICO's requests for production, interrogatories, and requests for admission are improper and should be quashed on that basis alone.

### B. FRICO's Requested Discovery is Unnecessary and Would be Unduly Burdensome.

FRICO's Requests should also be quashed because the information they request is irrelevant and unnecessary to resolve the issues raised in FRICO's Motion, namely (1) whether FRICO's claim should be approved, and (2) if so, whether FRICO's Property should be classified as commercial or vacant.

---

[2] *See* FRICO's First Set of Discovery Requests to the Settlement and Claims Administrator, attached as Ex. A.

2

Fed. R. Civ. P. 26(b)(2)(c) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*Id*. Rule 26(b)(1) provides:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, ***the importance of the discovery in resolving the issues***, and ***whether the burden or expense of the proposed discovery outweighs its likely benefit.*** Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id*. (emphasis added).

FRICO's Requests are irrelevant and unnecessary to resolve any issues raised by FRICO's Motion, they would provide no benefit, and the burden of responding to the Requests would be significant. FRICO's Motion asserts that FRICO's Requests are necessary "[t]o establish that the Claim Administrator has breached its duties to FRICO as a class member, and that its decisions have been arbitrary and capricious." FRICO Mot. at 23. There is no requirement for the Court to find that the Settlement and Claims Administrator "breached its duties" or that the denial of FRICO's claim was "arbitrary

3

and capricious" in order for the Court to determine that FRICO's claim should have been approved, nor to determine whether FRICO's Property should be classified as commercial or vacant. Either the claim is valid or is it not. If the claim is valid, FRICO's Property is either commercial or vacant. As explained in Plaintiffs' Memorandum in Opposition to FRICO's Motion ("Plaintiffs' Memorandum"), which Class Counsel are submitting concurrently with this Motion and incorporate herein by reference, all of the information necessary to resolve the issues raised by FRICO's motion is contained in FRICO's Motion and Exhibits, Plaintiffs' Memorandum, and the Hunsperger Declaration submitted with Plaintiffs' Memorandum.

In addition, no Settlement Class Member or Objector has received or even requested the discovery FRICO seeks here, and FRICO has provided no reasonable basis for its novel request. Forcing the Settlement and Claims Administrator to undergo two separate depositions and respond to FRICO's 17 interrogatories, 13 requests for admission, and substantial document requests would needlessly and unduly burden both the Settlement and Claims Administrator and Class Counsel and cause unnecessary expense. In addition, FRICO's requested discovery would burden the entire Settlement Class. Any time and expenses devoted to FRICO's discovery requests will force Class Counsel and the Settlement and Claims Administrator to devote time, resources, and expenses to the requests that could otherwise be devoted to preparing for subsequent distributions of the remaining settlement funds. Therefore, the Court should resolve FRICO's Motion without forcing the Settlement and Claims Administrator to undergo FRICO's irrelevant and burdensome discovery requests.

## **CONCLUSION**

For the reasons set forth herein and in Plaintiffs' Memorandum in Opposition to FRICO's Motion, Class Counsel respectfully request that the Court issue a ruling granting Plaintiffs' motion for a protective order quashing FRICO's Requests.

Dated:  July 26, 2018  Respectfully submitted,

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
BERGER &MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Lead Class Counsel*

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 26th of July, 2018, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel and via email to the following counsel:

Joseph B. Dischinger
Dean C. Hirt, III
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
jdischinger@fwlaw.com
dhirt@fwlaw.com

Attorneys for The Farmers Reservoir
and Irrigation Company

    */s/ Merrill G. Davidoff*
Merrill G. Davidoff
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000