# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK
_____

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
And THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**THE FARMERS RESERVOIR AND IRRIGATION COMPANY'S FIRST SET OF DISCOVERY REQUESTS TO THE SETTLEMENT AND CLAIMS ADMINISTRATOR**
_____

Class Member, the Farmers Reservoir and Irrigation Company ("FRICO") through its attorneys, Fairfield and Woods, P.C., hereby submits its First Set of Discovery Requests to the Settlement and Claims Administrator ("Administrator") as follows:

**INSTRUCTIONS**

1.    Pursuant to Rules 26, 33 and 34, FED. R. CIV. P., Administrator is required to answer the following discovery requests within thirty (30) days after service hereof.

2.    Any documents requested herein should be made available for inspection at the offices of FRICO's attorneys, located at 1801 California Street, Suite 2600, Denver, Colorado 80202.

3.    Administrator is required to make a reasonable and good faith effort to obtain the information requested by each interrogatory. If an interrogatory requests "all facts" or similar

1

information, you are requested to provide all information available as of the date of your response, and to supplement your responses, as appropriate, pursuant to FED. R. CIV. P. 26(e).

4. Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory may be found.

5. Pursuant to FED. R. CIV. P. 26(b)(5), to the extent Administrator withholds information otherwise discoverable on the basis of privilege, Administrator is required to make the claim expressly and to describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

6. As a courtesy, please set forth verbatim the text of each discovery request before providing your response. If requested, the undersigned will provide these discovery requests in Word format, so that you may cut and paste each discovery request before your response.

7. Pursuant to Rule 34, FED. R. CIV. P., Administrator is required to produce any responsive documents in its possession, custody, or control. A document shall be considered in Administrator's "possession, custody, or control," if it is in the possession of Administrator or its agents, including its attorneys, Property Expert, or any other person from whom Administrator has the right to demand possession or control.

8. These discovery requests are intended to be continuing in nature. Pursuant to Rule 26(e), FED. R. CIV. P., Administrator is required to amend or update its responses if additional information becomes available.

## DEFINITIONS

1. The term "Communication" refers to means of conveying information or ideas, including but not limited to all statements, admissions, denials, inquiries, discussions, conversations, letters, correspondence, envelopes, facsimiles, notes, e-mails, memoranda, messages, telegrams, telex messages and other messages, reports, advertisements, notations and memoranda of or relating to telephone conversations or conferences, or any other form of electronic written or verbal exchange.

2. The terms "Document" or "Documents" shall be defined in their broadest sense under Rule 34, FED. R. CIV. P., and they mean the original and all copies of any written, printed, typed, or other graphic matter of any kind or nature, and every means of recording upon any tangible thing and form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them. This includes, but is not limited to any and all forms of written or recorded communications, whether stored on paper, or in any form of digital electronic media. "Documents" shall also include e-mails and other data files and computerized records, programs and all other data compilations or information stored electronically or digitally in any form from which information can be obtained, transcribed and/or translated. Any copy containing thereon or having attached thereto any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence shall be deemed a separate Document within the foregoing definition.

3. The term "FRICO" shall refer to the Farmers Reservoir and Irrigation Company and, where contextually appropriate, its officers, employees, agents and representatives, including its attorneys or any employee, agent or representative of its attorneys.

4. "FRICO's Claims" refers to the claims submitted to You by or on behalf of FRICO,

3

which you have designated as claim numbers WCF00002075, WCF00002564, WCF00002566, WCF00002567, WCF00002570, WCF00002571, and WCF00002572.

5. The term "Identify" shall mean, where contextually appropriate:

a. With respect to a Person, the name, current or last known address and telephone number for such Person; or

b. With respect to a Document, the title, type (letter, memorandum, etc.), author, recipient and current or last known location of such Document.

6. The term "Owner" means the person or entity who owned a parcel of land within the Property Class Area on June 7, 1989.

7. The terms "Person" or "Persons" mean, where contextually appropriate, any individual, corporation, joint venture, limited partnership, partnership, association, group or entity of any kind.

8. The term "Settlement Agreement" shall refer to the Settlement Agreement entered into on May 18, 2016, in this Civil Action No. 90-cv-00181-JLK.

9. The terms "You" and "Administrator" refer to the Settlement and Claims Administrator, who is the officer appointed by the Court to recommend an allocation of settlement funds, and where contextually appropriate, its managers, officers, employees, experts, agents and representatives, but not including its attorneys or any employee, agent or representative of its attorneys.

10. Capitalized terms that are not otherwise defined in FRICO's First Set of Discovery Requests are defined in the Settlement Agreement, the Plan of Allocation of the Settlement Fund, and the Notice sent to the Settlement Class.

11. Any reference to the singular shall include the plural, and references to the plural shall include the singular.

## INTERROGATORIES

1. State the name, address, telephone number, and relationship to You of each Person who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses).

2. Identify the total number of acres of land:

   a. in the Property Class Area;

   b. in the Property Class Area, the Owners of which are eligible to participate in the settlement distributions in this case;

   c. for each parcel of land that you included in your answer to subpart (a) but excluded from your answer to subpart (b) of this interrogatory for a reason other than that (i) the land was owned by a governmental entity, defendant, defendant's affiliates, parents and subsidiaries, (ii) the claimant opted out of the Settlement Class, or (iii) no claim has been timely asserted for such land, please identify the parcel by parcel ID number or legal description and describe the basis for excluding that parcel, including citation to the language in the Settlement Agreement or any order of the Court expressly authorizing the basis for excluding such parcel.

3. State the total amount of money in each of the following, before payment of any claims: the Net Vacant Property Settlement Fund, the Net Commercial Property Settlement Fund, and the Net Residential Property Settlement Fund.

4. Describe in detail how you would determine what value to place on FRICO's property within the Settlement Class Area, assuming FRICO is entitled to participate in the settlement proceeds. Include in your response how you would value property for which there is no assessed valuation.

5. Identify the total number of claims for which a Settlement Class member timely submitted a claim to participate in the Net Vacant Property Settlement Fund, the total number of acres of vacant land encompassed in such claims, and the total assessed value of vacant land encompassed by such claims. Please include FRICO's Claims in your response to this interrogatory.

6. Identify the Parcel ID numbers, sometimes referred to as tax ID numbers, assigned by the Jefferson County Assessor and associated with claims seeking to participate in the Net Vacant Property Settlement Fund.

7. Identify how many vacant land claims You have paid out of the Net Vacant Property Settlement Fund, including the total number of acres of land included in such successful claims, the assessed value of such claims, and the total amount of payments you have made or agreed to make out of the Net Vacant Property Settlement Fund.

8. Identify the total number of claims for which a Settlement Class member timely submitted a claim to participate in the Net Commercial Property Settlement Fund, the total number of acres of commercial land encompassed in such claims, and the total assessed value of all commercial land encompassed in such claims. Please do not include FRICO's Claims in your response to this interrogatory.

9. Identify the Parcel ID numbers, sometimes referred to as tax ID numbers, assigned by the Jefferson County Assessor and associated with claims seeking to participate in the Net Commercial Property Settlement Fund.

10. Identify how many commercial land claims You have paid out of the Net Commercial Property Settlement Fund, including the total number of acres of land included in such successful claims, the assessed value of such claims, and the total amount of payments you have made or agreed to make out of the Net Commercial Property Settlement Fund.

11. Identify the total assessed value You calculated for all of FRICO's property located within the Property Class Area in 1989.

12. If You calculated a per-acre assessed value of FRICO's property located within the Property Class Area in 1989 as less than other vacant or commercial land on a per acre basis, please explain the basis for that determination.

13. Describe the characteristics You consider when evaluating whether a particular parcel of land should be classified as vacant land.

14. Describe the characteristics You consider when evaluating whether a particular parcel of land should be classified as commercial land.

15. Describe why You believe FRICO's property is not located within the Property Class Area.

16. Describe the basis for your counsel's argument that "land that is underwater" within the Property Class Area is not eligible to participate in the settlement. Include in your answer the identification of all documents, and the specific page numbers within those documents, pertaining to the Settlement Agreement, the Court's orders and directions for the administration of the

7

settlement, and notices or other communications with potential class members, that authorize or discuss the exclusion of land that is under water.

17.     To the extent You deny or conditionally admit any Request for Admission set forth herein, state the factual and legal basis for such denial or conditional admission.

## REQUESTS FOR PRODUCTION

1.      Produce a list of all vacant land parcels for which a Settlement Class member submitted a claim. If no such list exists, produce copies of all claims to participate in the Net Vacant Property Settlement Fund, and all Documents constituting, referring or relating to your response to each such claim.

2.      Produce all Documents you have created that refer or relate to FRICO's Claims, except for letters that you sent to FRICO or its counsel.

3.      Produce a list of all commercial land parcels for which a Settlement Class member submitted a claim. If no such list exists, produce copies of all claims to participate in the Net Commercial Property Settlement Fund, and all Documents constituting, referring or relating to your response to each such claim.

4.      Produce all Documents You use or rely upon that list criteria or describe the characteristics of vacant land.

5.      Produce all Documents You use or rely upon that list criteria or describe the characteristics of commercial land.

6.      Produce all documents that authorize or discuss the exclusion of "land that is underwater" from participation in the settlement.

## REQUESTS FOR ADMISSION

1. Admit that FRICO owned approximately 1,800 acres of land physically located within the Property Class Area on June 7, 1989.

2. Admit that FRICO is a member of the Settlement Class.

3. Admit that on June 7, 1989, other than a lake tender's house and associated outbuildings, and the Standley Lake dam and outlet works, there were no above ground structures on FRICO's property, such as buildings, shops, stores, public roads, or offices.

4. Admit that the only reason You have identified in Your various denials of FRICO's Claims is that You believe FRICO's land is not located within the Property Class Area.

5. Admit that You do not dispute FRICO's ownership of the property included in FRICO's Claims.

6. Admit that the Settlement Agreement, Plan of Allocation and Notice do not exclude property located under water from participating in the Net Settlement Fund.

7. Admit that You have not reduced or denied other Settlement Class members' claims for portions of their properties located under water.

8. Admit that Jefferson County characterizes FRICO's property within the Settlement Class Area as vacant land.

9. Admit that Jefferson County does not characterize FRICO's property within the Settlement Class Area as commercial land.

10. Admit that Jefferson County does not characterize FRICO's property within the Settlement Class Area as industrial land.

11. Admit that Jefferson County does not characterize FRICO's property within the Settlement Class Area as retail land.

12. Admit that the City of Westminster does not characterize FRICO's property within the Settlement Class Area and within the City's jurisdiction as commercial, industrial or retail land.

13. Admit that the City of Arvada does not characterize FRICO's property within the Settlement Class Area and within the City's jurisdiction as commercial, industrial or retail land.

Respectfully submitted this 29th day of June 2018.

By: *s/ Joseph B. Dischinger*
Joseph B. Dischinger
Dean C. Hirt, III
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400
(303) 830-1033 (fax)
Email: jdischinger@fwlaw.com
dhirt@fwlaw.com

ATTORNEYS FOR CLASS MEMBER THE FARMERS RESERVOIR AND IRRIGATION COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of June, 2018, a true and correct copy of the foregoing **THE FARMERS RESERVOIR AND IRRIGATION COMPANY'S FIRST SET OF DISCOVERY REQUESTS TO THE SETTLEMENT AND CLAIMS ADMINISTRATOR** was sent to the following by electronic mail:

| Merrill Gene Davidoff | mdavidoff@bm.net |
| --- | --- |
| | sleo@bm.net |

*s/ Susan Wilkerson*
Susan Wilkerson, Paralegal