IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.
___

**ORDER GRANTING CLASS COUNSEL'S MOTION FOR PROTECTIVE ORDER (ECF NO. 2519) AND DENYING IN PART FRICO'S MOTION FOR REVIEW OF ITS CLAIM, DISCOVERY, AND A HEARING (ECF NO. 2517)**
___

Kane, J.

    This matter is before me on two motions. The first is The Farmers Reservoir and Irrigation Company's Motion for: 1. Review of the Settlement and Claims Administrator's Denial of its Claims; 2. Request for Limited Discovery; and 3. Request for Hearing (ECF No. 2517). And the second is Class Counsel's Motion for Protective Order (ECF No. 2519) quashing The First Set of Discovery Requests to the Settlement and Claims Administrator submitted by The Farmers Reservoir and Irrigation Company (FRICO). Upon review of Class Counsel's Motion, FRICO's Motion, Class Counsel's Memorandum in Opposition to FRICO's Motion (ECF No. 2518), and all accompanying exhibits, I find FRICO is not entitled to discovery from the Settlement and Claims Administrator. Specifically, FRICO is not entitled to discovery in the form of interrogatories, requests for production, or requests for admissions as the Administrator is not a "party" to this action. I similarly agree with Class Counsel that, even if discovery from the Administrator was permitted, the discovery requested is not relevant for determining the disputed matters—whether FRICO's claim is valid and, if so, whether its property should be

1

classified as commercial or vacant. Resources should not be diverted from administering and distributing the settlement for the sake of pursuing unnecessary discovery.

Rule 26(c)(1) authorizes me to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Accordingly, Class Counsel's Motion for Protective Order (ECF No. 2519) is GRANTED such that FRICO's First Set of Discovery Requests to the Settlement and Claims Administrator are QUASHED. FRICO's Motion (ECF No. 2517), in turn, is DENIED IN PART in that FRICO is not permitted to undertake discovery, including a Rule 30(b)(6) deposition, a deposition of the Claim Administrator's property expert, interrogatories, requests for admissions, and requests for production. The remaining relief sought in FRICO's Motion will be addressed after I receive FRICO's Reply on August 16, 2018.

DATED this 30th day of July, 2018.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE