IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART THE
REMAINDER OF FRICO'S MOTION FOR REVIEW OF THE CLAIMS
ADMINISTRATOR'S DENIAL OF ITS CLAIMS (ECF NO. 2517)**

---

Kane, J.

On June 27, 2018, The Farmers Reservoir and Irrigation Company (FRICO), a mutual ditch company[1] claiming to own approximately 1,800 acres covered by the Settlement Agreement in this case, made waves with its Motion for: 1. Review of the Settlement and Claims Administrator's Denial of its Claims; 2. Request for Limited Discovery; and 3. Request for Hearing (ECF No. 2517). I previously denied the Motion in part, ruling that FRICO was not permitted to undertake discovery from the Claims Administrator since doing so would be treading water on the material issues.

With its Reply in support of its Motion, FRICO confirms three pertinent questions have floated to the surface. First, is FRICO a member of the Settlement Class? Second, if it is, how

---

[1] A "mutual ditch company" is "a non-profit entity organized to deliver water to its shareholders." *High Plains A & M, LLC v. Southeastern Colo. Water Conservancy Dist.*, 120 P.3d 710, 723 (Colo. 2005); *see also Jacobucci v. Dist. Court of Jefferson Cnty.*, 541 P.2d 667, 670-72 (Colo. 1975) (explaining the history of and necessity for mutual ditch companies).

1

should each of its properties be classified—vacant or commercial? And, third, how should the value of its properties be assessed?

Based on my deep dive into the briefs and the corresponding exhibits, I find that FRICO is a proper member of the Settlement Class and its claims should be accepted. FRICO owned, as of June 7, 1989, Standley Lake, the Croke Canal, and portions of Big Dry Creek near the Rocky Flats Plant. On June 1, 2017, FRICO submitted claims to the Claims Administrator, asserting that these properties fell within the Property Class Area. Class Counsel ultimately informed FRICO that its claims had been denied "for several reasons," including that (1) the associated land is under water, (2) properties located under Standley Lake and associated ditches were not considered by Plaintiffs in their damages analyses for trial, and (3) payment of FRICO's claims would harm the (other) members of the Settlement Class by causing them to receive lower overall payments. FRICO Mot. Ex. 9 at 1, ECF No. 2517-9.

While I understand the Claims Administrator's grounds for denying FRICO's claims, they do not hold water under the terms of the Settlement Agreement (ECF No. 2459-1). The "Settlement Class" is defined under the Agreement as:

> All persons and entities who have not previously opted out or who do not timely opt out of the class and who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area (defined below), exclusive of governmental entities, Defendants, and Defendants' affiliates, parents, and subsidiaries. The Property Class Area is a geographic area near the former Rocky Flats Nuclear Weapons Plant in Colorado; its boundary is portrayed in the map attached to this Settlement Agreement as Exhibit A.

Settlement Agreement at 4, ECF No. 2459-1. The Agreement excludes neither owners of land situated under bodies of water nor those of parcels not included in the analyses presented during trial. FRICO is not a governmental entity and it has no relation to Defendants. On June 7, 1989, it owned an interest in real property situated within the Property Class Area. As such, it is

properly classified as a member of the Settlement Class. The Claims Administrator and Class Counsel have excelled in their efforts to represent and protect the Class. It is impermissible, however, for them to disregard a legitimate member of the Class for fear of the ripple effect paying its claims would have.

With respect to the second and third questions raised by FRICO, I find they are premature since the Claims Administrator has not yet made full determinations with respect to them. As a result, I DIRECT the Claims Administrator to process FRICO's claims in accordance with my above ruling. Recognizing it may not be smooth sailing for FRICO and the Claims Administrator from there, I provide the following guidance.

I am drifting toward classifying FRICO's properties as commercial and not vacant. The Plan of Allocation of the Settlement Fund explains that the Claims Administrator will "consult appropriate records and data, from Jefferson County and Broomfield County, Colorado, and such other sources as [the Administrator] may reasonably determine to be suitable and reliable" to assign each property one of three categories: commercial, residential, or vacant. Allocation Plan at 4, ECF No. 2459-2. The percentage of the Net Settlement Fund available for each category varies; for vacant land, 15.267% is to be allocated, while for commercial properties, 3.196% is to be. *Id.*

I find the Claims Administrator's interpretation of the terms commercial, residential, and vacant in classifying properties to be reasonable.[2] *See* Resp. Ex. 1 at 4 ("The Residential category relate[s] to improved properties devoted to residential use. The Vacant Land category pertain[s] to unimproved land suitable for development. The Commercial category pertain[s] to

---

[2]Categorization of FRICO's properties as vacant or commercial under the Plan of Allocation may relate to how the Claims Administrator has classified other property, such as that used for agricultural or recreational purposes, making it more appropriate for the Administrator to navigate those rapids before I do.

3

income producing property, properties capable of producing income, or properties used for business purposes."). Black's Law Dictionary defines vacant, specifically when used to describe land, as "[a]bsolutely free, unclaimed, and unoccupied." Black's Law Dictionary 1782 (10th ed. 2014). FRICO's properties serve a commercial purpose and are not mere investments in free, unoccupied land. They are held for the benefit they impart to its shareholders via the commercial product they store and deliver—water. While this commercial activity does not necessarily require structures, some are located on the properties and the lake and canals themselves could be considered structures.

In light of this resolution, I determine that a hearing is unnecessary at this time. If the Claims Administrator and FRICO again find themselves in troubled waters after the Administrator has fully processed the claims, FRICO may refile a motion detailing its objections. Accordingly, FRICO's Motion (ECF No. 2517) is DENIED IN PART in that I am not permitting discovery or setting a hearing. It is GRANTED IN PART in that I find FRICO is a member of the Settlement Class and its claims should be accepted for consideration by the Claims Administrator.

DATED this 7th day of September, 2018.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

4