IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S MOTION TO SET A FINAL
DEADLINE FOR CLAIMANT SUBMISSIONS AND AMENDMENT OF CLAIMS**

Class Counsel respectfully move for an Order establishing a final deadline of October 15, 2018 for claimants' submission of required information, materials, and documentation to the Settlement and Claims Administrator; and for the amendment of claims to add additional claimants.

## BACKGROUND

In the August 5, 2016 Order granting preliminary approval of the Settlement, Plan of Allocation, and Notice, the Court ordered in relevant part that "[m]embers of the Class will be given until June 1, 2017 . . . to file a claim." ECF No. 2416. Following the Final Approval Hearing, Plaintiffs and Class Counsel moved on October 13, 2017 for an Order "(1) approving awards to Claimants who submitted late, otherwise eligible claims that were approved by the Settlement and Claims Administrator as of October 6, 2017; (2) approving the administrative determinations of the Settlement and Claims Administrator rejecting ineligible claims; (3) approving an initial distribution from the Net Settlement Fund to Class members whose Claims have been approved as of October 6, 2017; and (4) barring further claims against the Settlement Fund unless a claimant has a reasonable explanation for lateness." ECF No. 2494. Class Counsel requested that the Court accept late claims filed between June 1, 2017 (the original Claims deadline) and October 6, 2017, but asked the Court to find that "all claims received after December 31, 2017 [] be barred." *Id.* On October 23, 2017, the Court granted that motion, including Class Counsel's proposed claims deadlines, ordering:

> The administrative determinations of the Claims Administrator accepting Claims submitted and verified as of October 6, 2017 are approved, and all such Claims are accepted. . . . No Claim submitted after December 31, 2017 may be included in the initial distribution or any subsequent distribution(s) for any reason whatsoever. Claims received after December 31, 2017 against the Settlement Fund shall be barred.

1

ECF No. 2501, ¶¶ 2, 6. The Court's Order also provided that "[t]he Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including the administration and consummation of the Settlement." *Id*. at ¶ 8.

### REQUEST TO SET AN ABSOLUTE DEADLINE FOR CLAIMANT SUBMISSIONS AND AMENDMENT OF CLAIMS TO ADD ADDITIONAL CLAIMANTS

Class Counsel and the Settlement and Claims Administrator are currently preparing a motion for a Second Distribution of the Net Settlement Funds. However, there must be a final cut-off date after which no additional claimant submissions may be accepted by the Settlement and Claims Administrator so that Class Counsel and the Settlement and Claims Administrator can finalize all claims and calculate and distribute the anticipated subsequent distributions. For the same reason, there must be a final cut-off date after which no claims may be amended to add additional claimants, because such amendments increase the payout associated with a claim and so increase the total distribution amounts due to be paid.[1] It is not possible to complete the distribution until there is a final universe of approved claims and final universe of approved claimants.

All of the claims at issue were submitted on or before the Court-set December 31, 2017 final deadline for submission of claims.  Nevertheless, some claims remain unresolved because Claimants have not submitted all of the necessary supplemental materials requested by the Settlement and Claims Administrator, materials needed to substantiate the claims, despite repeated requests by the Settlement and Claims Administrator to submit such information, materials, and documentation.  Claimants have thus had at least eight months (and most have had

---

[1] For example, if a claim was submitted by one of two joint and equal owners of a Class property, amending the claim to add the other joint owner will double the amount of the payout to be made in connection with that claim.

2

substantially longer) to submit the required paperwork in order to allow their claims to be accepted by the Settlement and Claims Administrator and/or to amend their claims to add additional claimants where necessary. Thus, the proposed October 15, 2018 deadlines for all claimants to submit all documentation required in connection with their claim and modify any claims to add additional claimants, as necessary, is therefore necessary and warranted. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 329 (3d Cir. 2001) ("There is no question that in the distribution of a large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'") (citations omitted).

Class Counsel notes that the proposed Order submitted herewith expressly does not apply to the claims submitted on or before December 31, 2017 by The Farmers Reservoir and Irrigation Company ("FRICO") that are the subject of The Farmers Reservoir and Irrigation Company's Motion for: 1. Review of the Settlement and Claims Administrator's Denial of its Claims; 2. Request for Limited Discovery; and 3. Request for Hearing (ECF No. 2517). In other words, the requested order would not bar acceptance and payment of FRICO's timely-submitted claims, once the value of such claims is finally determined.

## **CONCLUSION**

For the reasons described above, Class Counsel respectfully request that the Court enter the Proposed Order accompanying this motion providing that:

(1) All claimants must submit all required information, materials, and documentation to the Settlement and Claims Administrator on or before October 15, 2018 in order for their claims to be accepted, with the exception of the claims submitted on or before December 31, 2017 by The Farmers Reservoir and Irrigation Company ("FRICO") that are the subject of The Farmers Reservoir and Irrigation Company's Motion for: 1. Review of the Settlement and Claims Administrator's Denial of its Claims; 2. Request for Limited Discovery; and 3. Request for Hearing (ECF No. 2517). No information, materials, or documentation submitted after October 15, 2018 may be accepted by the Settlement and Claims Administrator with respect to the claims of any claimant other than FRICO. The

    Settlement and Claims Administrator shall deny any claims for which the Settlement and Claims Administrator has not received all required information, materials, and documentation by October 15, 2018.  In other words, the Settlement and Claims Administrator shall deny all claims for which the claimants have not submitted all required information, materials, and documentation by October 15, 2018; and

(2) No claims may be amended after October 15, 2018, including to add any additional claimant(s).

| Dated: September 13, 2018 | Respectfully submitted, |
|---|---|
| | */s/ Merrill G. Davidoff*<br>Merrill G. Davidoff<br>David F. Sorensen<br>Caitlin G. Coslett<br>BERGER MONTAGUE PC<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>(215) 875-3000 |
| | Steven W. Kelly<br>S&D Law<br>1801 York Street<br>Denver, CO 80206<br>(303) 399-3000 |
| | *Attorneys for Plaintiffs and the Class* |

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of September, 2018 he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

       */s/ Merrill G. Davidoff*
Merrill G. Davidoff
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000