**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND CLASS COUNSEL'S MOTION
FOR A SECOND DISTRIBUTION OF THE NET SETTLEMENT FUNDS; FOR INITIAL
DISTRIBUTION AWARDS TO CLAIMANTS WHO SUBMITTED VALID, TIMELY
CLAIMS; AND FOR ADJUSTMENTS TO INITIAL DISTRIBUTION AWARD AMOUNTS**

**TABLE OF CONTENTS**

I.   BACKGROUND ............................................................................................................ 2

   A.   The Settlement.................................................................................................... 2
   B.   Prior Distributions .............................................................................................. 2

II.  PAYMENT OF INITIAL DISTRIBUTION AWARDS TO CLAIMANTS WHO
     HAVE NOT YET RECEIVED ANY DISTRIBUTION, AND ADJUSTMENTS
     TO INITIAL DISTRIBUTION AWARDS ............................................................. 3

III. SECOND DISTRIBUTION OF SETTLEMENT FUNDS .................................................. 5
   A.   Calculation Methodology for the Second Distribution................................................. 6
   B.   Net Settlement Funds to Be Held in Escrow .................................................................. 8
       1.   Claims Submitted by Farmer's Reservoir and Irrigation Company...................... 9
       2.   Funds Reserved for Claims Administration Expenses ....................................... 10

IV.  CONCLUSION............................................................................................................ 10

Pursuant to the "Order for Final Approval of Proposed Class Action Settlement and Approval of Proposed Plan of Allocation of the Settlement Fund" (ECF No. 2471), the Plan of Allocation approved therein (ECF No. 2407-2), and the "Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution" (ECF No. 2501), Plaintiffs[1] and Class Counsel respectfully move for an Order approving a second distribution from the Net Settlement Fund to claimants who have submitted valid, timely claims (the "Second Distribution"), to be distributed in the *pro rata* manner set forth below, consistent with the Court-approved Plan of Allocation (*see* ECF No. 2407-2 (Plan of Allocation); ECF No. 2416 (Order approving the Plan of Allocation). Plaintiffs and Class Counsel also respectfully request that the Court authorize payment of both an initial distribution award and a Second Distribution award to each claimant who submitted a timely claim but has not yet received any distribution of Net Settlement Funds because they only recently submitted sufficient supporting documents in connection with their (timely-submitted) claim. Plaintiffs and Class Counsel also respectfully request that the Court authorize adjustment to the initial payment amounts for 224 claims whose initial payment amounts should be increased and for 7 claims whose initial payment amounts were too high, and should be decreased.[2]

---

[1] The "Plaintiffs" or "Class Representatives" are Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk. Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

[2] The claimants who were overpaid will not be asked to return money they received; rather, as discussed below, we request permission to reduce their second distribution amounts so that the total of their initial and second distributions is correct.

1

I.  **BACKGROUND**

   A.  **The Settlement**

On May 18, 2016, Plaintiffs and Defendants[3] entered into a Settlement Agreement (the "Settlement Agreement"), which was filed at ECF No. 2401. The Settlement Agreement provided for settlement of the above-captioned action on behalf of a Settlement Class defined as:

> [A]ll persons and entities who have not previously opted out or who do not timely opt out of the class and who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area . . . exclusive of governmental entities, Defendants, and Defendants' affiliates, parents, and subsidiaries.

*Id.* at 4.

The Court certified the Settlement Class for purposes of settlement on May 19, 2016. ECF No. 2396. On August 5, 2016, the Court granted preliminary approval of the Settlement Agreement. ECF No. 2416. In the same Order (ECF No. 2416), the Court granted preliminary approval of Plaintiffs' Proposed Plan of Allocation of the Settlement Fund and approval of Plaintiffs' Proposed Forms and Manner of Notice to the Class ("Notice"). *Id.* The Court also appointed Heffler Claims Group as Settlement and Claims Administrator. ECF No. 2417. Following the final fairness hearing on April 28, 2017, the Court granted final approval of the Settlement Agreement and the Plan of Allocation. *See* ECF No. 2471. No appeals were taken from the Court's order granting final approval of the Settlement Agreement and the Plan of Allocation.

   B.  **Prior Distributions**

A Net Settlement Fund of $207,125,136.35 was established for the payment of valid

---

[3] Defendants are The Dow Chemical Company ("Dow") and The Boeing Company as successor-in-interest to defendant Rockwell International Corporation ("Rockwell").

claims to claimants, in accordance with the Settlement Agreement and the Court's Orders awarding attorney fees, expenses, and service awards. *See* ECF Nos. 2467, 2468, 2469, 2470, 2471. All Class members were required to submit claims by mail or through the Court-approved official settlement website, www.rockyflatssettlement.com, to receive a share of the Net Settlement Fund. The deadline for submission of claims was initially set at June 1, 2017, but, with Court approval, claims were accepted if submitted on or before December 31, 2017, which the Court set as the final deadline for claim submission. *See* ECF No. 2501, ¶ 6 ("No Claim submitted after December 31, 2017 may be included in the initial distribution or any subsequent distribution(s) for any reason whatsoever. Claims received after December 31, 2017 against the Settlement Fund shall be barred."); *see also* ECF No. 2516, ¶ 2 ("The administrative determinations of the Settlement and Claims Administrator accepting valid Claims submitted on or before December 31, 2017 is approved, and all valid Claims submitted on or before December 31, 2017 are accepted.").

With the Court's approval (*see* ECF Nos. 2501; 2516), the Settlement and Claims Administrator has thus far distributed a total of $107,569,323.15 in initial distribution awards to 8,460 claimants. *See* Declaration of Michael E. Hamer, Heffler Claims Group, in Support of Plaintiffs' and Class Counsel's Motion for a Second Distribution of the Net Settlement Funds ("Hamer Declaration"), at ¶ 3. Plaintiffs and Class Counsel now ask the Court's approval for additional distributions as detailed below.

## II. PAYMENT OF INITIAL DISTRIBUTION AWARDS TO CLAIMANTS WHO HAVE NOT YET RECEIVED ANY DISTRIBUTION, AND ADJUSTMENTS TO INITIAL DISTRIBUTION AWARDS

First, the Settlement and Claims Administrator has verified and accepted as valid an additional 40 claims that were timely submitted by the final submission deadline of December 31, 2017, but have not yet received any payment. *See* Hamer Declaration at ¶ 4. These claims

3

were not paid sooner because they were not complete as originally submitted—they were originally submitted without required documentation, were incomplete as originally submitted, etc. *Id.* Plaintiffs and Class Counsel request approval to make initial distribution awards for these 40 claims. If approved, the initial distribution awards for these 40 claims would result in payments totaling $355,071.55. *Id.*

Second, the Settlement and Claims Administrator has verified and accepted as valid adjustments to 224 claims that were timely submitted by the final submission deadline of December 31, 2017 and received initial payments, but are now due a supplemental payment. *Id*. These supplemental payments result from claimants submitting supplemental documentation, supplemental research showing changes to assessed amounts and/or property types, etc. *Id.* Plaintiffs and Class Counsel request approval to make supplemental payments for these 224 claims. If approved, the supplemental awards for these claims would result in a total payment of an additional $1,698,776.06. *Id*.

Separately, there were 7 claims that were overpaid by a total of $16,364.68; the changes to these claimants' initial payment award similarly results from supplemental documentation, identification of typographical errors, etc. *Id.* Plaintiffs and Class Counsel are not asking that any of the claimants refund money; rather, we request approval to adjust the Second Distribution award amounts for these 7 claims downward, to correct for the overpayments in the initial distribution awards.

To summarize, Plaintiffs and Class Counsel respectfully request that the Court authorize the Settlement and Claims Administrator to make (a) initial distribution awards to the claimants who submitted timely, valid claims but who have not yet received any payment; (b) adjustments resulting in payment of additional moneys to claimants who received initial distribution awards

4

but who were underpaid; and (c) claim adjustments that will reduce the Second Distribution award amounts paid to claimants whose initial payment amount was too high. The initial payment amounts shall be calculated in the same manner set forth in the Memorandum in Support of Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution (ECF No. 2501). If approved, these initial payments and claim adjustments would result in payment of, approximately, an additional $2,053,847.61 ($355,071.55 in initial distributions and $1,698,776.06 in claim adjustments). *See* Hamer Declaration at ¶ 4.

In addition, as set forth below, Plaintiffs and Class Counsel respectfully request that those claimants that have received (or will receive, if approved by the Court) initial distribution awards, also receive Second Distribution awards, to be calculated and distributed in the same manner as set forth below.

### III. SECOND DISTRIBUTION OF SETTLEMENT FUNDS

Assuming the above distributions are approved, approximately $109,606,806.08 would remain in the Net Settlement Fund for further distribution. Hamer Declaration at ¶ 5. Accordingly, Plaintiffs and Class Counsel respectfully request that the Court direct and authorize the Settlement and Claims Administrator to make a Second Distribution to all claimants who have submitted timely, valid claims (including those who have not yet received initial distribution awards, *see supra* Section II), using the methodology described below.

A sample of the letter that the Settlement and Claims Administrator proposes to send with each Second Distribution award is attached as Exhibit A to the Hamer Declaration.[4] The letter makes clear that the Second Distribution award is in addition to the initial distribution award already paid to each claimant. *See* Hamer Declaration Ex. A. In addition, attached as Exhibit B

---

[4] A revised version of this letter will be sent to claimants whose initial distribution award amounts are adjusted.

5

to the Hamer Declaration is a copy of the letter the Settlement and Claims Administrator proposes to send to those claimants who will receive a single combined check for their initial and Second Distribution awards.

### A. Calculation Methodology for the Second Distribution

As provided in the Plan of Allocation, Plaintiffs and Class Counsel respectfully propose that the Second Distribution provide *pro rata* awards to claimants based on the amounts that they received in their initial distribution awards (*see* Plan of Allocation (ECF No. 2459-2), at ¶ 13), and that the properties closest to the Rocky Flats plant (the "Plant") be given an additional 50% weighting so that they will receive relatively more than properties that are farther from the Plant in the Second Distribution (*see id.* at ¶ 11).  Plaintiffs and Class Counsel propose that all claimants receive a Second Distribution that will be a percentage of the prior distribution, but that the percentage for Claimants who owned properties within 2 miles of the Plant[5] be 1.5 times greater.[6]

Specifically, Plaintiffs and Class Counsel propose that (a) claimants owning property more than two miles from the southeast corner of the Rocky Flats Plant would receive a Second Distribution award equal to approximately 0.867698 times the amount of their first distribution; and (b) claimants owning property located within two miles of the southeast corner of the Rocky Flats Plant would receive a Second Distribution award equal to approximately 1.301547 times the amount of their first distribution (where 1.301547 is 1.5 times 0.867698).  *See* Hamer

---

[5] Properties are deemed to fall within two miles of the Rocky Flats Plant if they fall within a 2 mile radius of the southeast corner of the Plant.  A map showing the part of the Class Area that falls within two miles of the Plant is attached as Exhibit C to the Hamer Declaration.

[6] The corrected initial distribution amount shall be used as the basis for the calculation of the second distribution amount for the 224 claims whose initial distribution amounts will be adjusted upwards and for the 7 claims whose initial distribution amounts will be adjusted downwards, as set forth above in Section II.

Declaration at ¶ 9.[7]  This same formula would apply regardless of whether the claimants' properties are residential, vacant, or commercial.

This would mean, for example, that a claimant who owned property located within 2 miles of the Plant who received an initial distribution award of $10,000 would receive a Second Distribution award of $10,000 multiplied by 1.301547, or $13,015.47—and the same multiplier would apply for purposes of calculating the claimant's Second Distribution award regardless of whether the claimant's property was residential, vacant, or commercial.  Similarly, a claimant who owned property located more than 2 miles from the Plant that received an initial distribution award of $10,000 would receive a Second Distribution award of $10,000 multiplied by 0.867698, or $8,676.98—and, again, the same multiplier would apply for purposes of calculating the claimant's Second Distribution award regardless of whether the claimant's property was residential, vacant, or commercial.

Class Counsel believe that the above-described *pro rata* method of calculating the Second Distribution award amounts is consistent with and called for by paragraphs 11 and 13 of the Plan of Allocation which describe the methodology to be used for second and subsequent distributions, notwithstanding that, for purposes of making the first allocation, claim amounts were calculated separately for residential properties, vacant properties, and commercial properties, pursuant to paragraph 8 of the Plan of Allocation (ECF No. 2407-2).[8]

---

[7] The multipliers referenced herein and in the Hamer Declaration are rounded to six decimal places, but the exact figures will be used in calculating the Second Distribution award amounts. *See* Hamer Declaration at ¶ 9.

[8] *See also* Memorandum in Support of Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution (ECF No. 2501) (describing the methodology used to calculate the Initial Distribution awards).

Paragraph 11 of the Plan of Allocation provides that, "subject to Court approval, in any such second or subsequent distribution the properties closest to the former Rocky Flats plant will be given an extra weighting and so will receive relatively more in such subsequent distributions." ECF No. 2407-2, at ¶ 11.  Consistent with Paragraph 11, the proposed method of calculating the Second Distribution award amounts would give properties located within two miles of the Plant an extra weighting as compared to properties more than two miles from the Plant.  Paragraph 13 provides "Subject to further order of the Court, any funds allocable to the Class that remain unclaimed, after due allowance of a period for late claims, shall be distributed to members of the Class on a pro rata basis, subject to paragraph 11, above."  *Id.* ¶ 13.  The proposed method of calculating the Second Distribution award amounts is *pro rata* across the class and for all claimants, based on the claimants' first distribution amounts, and thus is consistent with and called for by Paragraph 13 of the Plan of Allocation.

The Settlement and Claims Administrator estimates that the proposed Second Distribution will result in approximately $95.52 million being paid from the Net Settlement Fund to Claimants who have filed valid claims.  *See* Hamer Declaration ¶ 6.  That would leave approximately $11,354,662.96 in the Net Settlement Fund, which Plaintiffs and Class Counsel propose to hold in escrow, as set forth below.

Class Counsel are available to answer any questions the Court may have about the proposed manner of calculating the Second Distribution payment amounts.

### B. Net Settlement Funds to Be Held in Escrow

Class Counsel and Plaintiffs propose to hold approximately $11,354,662.96 in escrow, which includes $9,354,662.96 for the maximum possible payment of the claims of Class member Farmer's Reservoir and Irrigation Company ("FRICO") and $2,000,000 for potential additional claims administration expenses.

1.      **<u>Claims Submitted by Farmer's Reservoir and Irrigation Company</u>**

Class Counsel and the Settlement and Claims Administrator are continuing to meet and confer with FRICO in accordance with the Court's Order (ECF No. 2528).  In the meantime, as set forth in the Proposed Order accompanying this Motion, with the Court's approval, the Settlement and Claims Administrator will hold in escrow and not distribute $9,354,662.96 to ensure that sufficient funds are reserved to make both an initial distribution award and a Second Distribution award to the claimant and Class member FRICO, which includes up to $4,348,465.67 for an initial distribution award and additional monies to make a Second Distribution award to FRICO of up to $5,006,197.29, based on FRICO's initial distribution amount.[9]  Class Counsel note that some of FRICO's claimed property is within 2 miles of the Plant and some of FRICO's claimed property is more than 2 miles from the Plant, which will be taken into account when determining how much to hold in escrow for FRICO's Second Distribution award.

---

[9] The amount due to FRICO has not yet been determined.  *See* ECF No. 2528 (Order Granting in Part and Denying in Part the Remainder of FRICO's Motion for Review of the Claims Administrator's Denial of its Claims).  According to Mr. Hunsperger, FRICO's initial distribution amount could be as low as $259,938.29, if the properties are treated as commercial.  *See* ECF No. 2518-1, Declaration of Wayne Hunsperger in Response to Farmer's Reservoir and Irrigation Company's Motion for Review of the Settlement and Claims Administrator's Denial of Its Claims, ¶ 11.  Class Counsel believes that FRICO's property should be correctly classified as commercial rather than vacant.  *Cf.* ECF No. 2528 (Order Granting in Part and Denying in Part the Remainder of FRICO's Motion for Review of the Claims Administrator's Denial of Its Claims) at 3-4.  However, as set forth in the attached Hamer Declaration, FRICO's initial distribution and Second Distribution award amounts could total as much as $9,354,662.96 based on the 1989 assessed values of the FRICO properties and if these properties were treated as vacant for purposes of calculating the FRICO payment amounts.  Plaintiffs and Class Counsel thus propose to hold $9,354,662.96 in escrow for the maximum possible payment of the FRICO claims.

9

### 2. Funds Reserved for Claims Administration Expenses

The Settlement and Claims Administrator anticipates that it will incur expenses not exceeding $2,000,000 in administering the Second Distribution and any additional distributions, as well as to evaluate the remaining unresolved claims, including the claims filed by FRICO. *See* Hamer Declaration ¶ 10. Accordingly, Class Counsel request Court approval to hold an additional $2,000,000 in escrow to cover future claims administration expenses.

### IV. CONCLUSION

For the reasons described above, Plaintiffs and Class Counsel respectfully request that the Court enter the Proposed Order accompanying this motion directing and authorizing the Settlement and Claims Administrator to make a Second Distribution from the Net Settlement Fund in accordance with the above-described payment calculation methodology, and further authorizing the Settlement and Claims Administrator to make both initial distribution awards and Second Distribution awards to those claimants who timely submitted valid claims but who have not yet received any payment of Net Settlement Funds, and authorizing the Settlement and Claims Administrator to make the adjustments to the initial payment amounts described above.

Dated: November 6, 2018                             Respectfully submitted,

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
David F. Sorensen
Caitlin G. Coslett
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Steven W. Kelly
S&D Law
1290 Broadway, Suite 1650
Denver, CO, 80203
(303) 399-3000

*Attorneys for Plaintiffs and the Class*

10

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 6th day of November, 2018, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

                                                  */s/ Merrill G. Davidoff*
                                                  Merrill G. Davidoff
                                                  BERGER MONTAGUE PC
                                                  1818 Market Street, Suite 3600
                                                  Philadelphia, PA 19103