**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK
_____

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
And THE DOW CHEMICAL COMPANY,

        Defendants.

_____

**THE FARMERS RESERVOIR AND IRRIGATION COMPANY'S APPEAL OF**
**CLASS COUNSEL'S DETERMINATION OF FRICO's CLAIM**
_____

        Settlement Class Member, The Farmers Reservoir and Irrigation Company

("FRICO"), through its attorneys, Fairfield and Woods, P.C., submits this Appeal of

Class Counsel's Determination of FRICO's Claim ("Appeal").

**Certification Pursuant to D.C.COLO.LCivR Rule 7.1(a)**

        Undersigned counsel has attempted to work in good faith with Class Counsel to

evaluate FRICO's claims. Through a letter dated December 13, 2018, Class Counsel

stated that "[i]f FRICO wishes to appeal this determination, it must file an appeal with the

Court by January 14, 2019. … FRICO should state in any appeal filed with the Court that

FRICO and Class Counsel have meet [sic] and conferred in compliance with Local Rule

7.1(a)." In order to comply with this Court's expanded requirements for compliance with Local Rule 7.1(a) listed in its pretrial and trial procedures, FRICO emailed Class Counsel (Mr. Davidoff, Ms. Coslett, Mr. Kelly, and Mr. Davidoff's assistant) on January 10, 2019, to confer regarding a briefing schedule, stipulated facts, and Class Counsel's position on FRICO's alternative request for discovery and a hearing. Counsel for FRICO did not receive a response from Class Counsel by January 14, 2019, so he called Mr. Davidoff in an attempt to confer regarding the above described matters. Instead of discussing the matters over the phone, Mr. Davidoff requested that counsel for FRICO re-send the January 14 email, and counsel for FRICO did so. As of this filing, FRICO has not received a response from Class Counsel regarding its January 10 conferral.

In a previous round of briefing, Class Counsel requested 21 days to respond to FRICO's motion. FRICO has no objection if Class Counsel needs more than 21 days to respond to FRICO's appeal, but FRICO requests 14 days to reply to Class Counsel's response. Finally, FRICO believes the following facts are undisputed:

1.      The Jefferson County Assessor's 1989 assessed valuations of FRICO's property were arbitrary.

2.      The Jefferson County Assessor classifies FRICO's property as "vacant."

3.      FRICO owned over 400 acres of land on June 7, 1989, that were completely unimproved, had no structures or roads on it, and were never used to convey or store water or for any other purpose.

### Introduction

On September 7, 2018, this Court found that "FRICO is a proper member of the Settlement Class and its claims should be accepted." Order Granting in Part and Denying in Part the Remainder of FRICO's Motion for Review of the Claims Administrator's Denial of its Claims, filed on September 7, 2018, at Doc. 2528, p. 1. Not only did this Court rule FRICO is a member of the settlement class, but it further clarified that "[i]t is impermissible . . . for [the Claims Administrator and Class Counsel] to disregard a legitimate member of the Class for fear of the ripple effect paying its claims would have." *Id*. at 3.

While the parties have agreed on the number of acres FRICO owned within the Property Class Area on June 7, 1989, which approximate number was never in legitimate dispute, the parties have not agreed upon the classification and assessed valuation of FRICO's claim.[1] In its December 13 letter, Class Counsel and the Settlement and Claims Administrator ("Administrator") have now issued their final determinations regarding these issues.  However, Class Counsel and the Administrator did not undertake the analysis required to properly categorize and fairly assess of the value of FRICO's claims pursuant to this Court's Order.[2]

---

[1] FRICO's Geographic Information System specialist and Water Engineer, Rob Rahrs, executed the Declaration attached as **Exhibit 1**. This Declaration explains how Mr. Rahrs mapped and calculated the number of acres FRICO owned within the Property Class.

[2] "Categorization of FRICO's properties as vacant or commercial under the Plan of Allocation may relate to how the Claims Administrator has classified other property, such as that used for agricultural or recreational purposes, making it more appropriate for the

Specifically, the Administrator claims to have determined that all of FRICO's land is and was commercial property, despite the facts that:  (a) the tax assessor classifies the parcels as vacant, (b) commercial use of the parcels is not allowed under existing zoning, (c) FRICO does not sell anything and does not make a profit, and (d) a portion of FRICO's land in 1989 was not used for the storage or delivery of water, or for any other purpose, and cannot even arguably be said to have been commercially used.  In addition, the Administrator claims to have "accepted" FRICO's estimate of assessed valuation, despite the facts that:  (a) FRICO expressly disputed the accuracy of that valuation, and (b) even the tax assessor admitted that the few valuations of FRICO's parcels that were done (on which FRICO's estimate were based) were arbitrary and not reliable, since the county does not collect tax revenue from FRICO's parcels. *See* Hunsperger Declaration, Doc. No. 2518-1, at 5 ¶9

Accordingly, FRICO respectfully requests this Court:  (1) to find and conclude that all of FRICO's land within the Property Class Area is vacant land, or, alternatively, find and conclude that 415.02 acres of FRICO's claim are properly classified as vacant land and 1,395.51 acres are classified as commercial land for purposes of the Settlement; and (2) to order that the assessed value of FRICO's vacant and commercial land claims should be the average of the commercial and vacant land claims which Class Counsel has

---

Administrator to navigate those rapids before I do." Order, Doc. No. 2528, at 3, n. 2.  The Administrator has not provided <u>any</u> information about how it has classified any other property, whether for agricultural, recreational, or any other purpose.

accepted and paid. Alternatively, FRICO seeks this Court's assistance in reviewing Class Counsel's and the Administrator's determinations of FRICO's claim, permitting FRICO to undertake limited discovery, and setting an evidentiary hearing to finally determine how to properly classify FRICO's property for purposes of the Settlement and how to calculate a fair assessed value of FRICO's land located within the Property Class Area.

### Factual Background

1.      On September 7, 2018, this Court found "that FRICO is a proper member of the Settlement Class and its claims should be accepted." Order, Doc. 2528, 1. This Court also ruled that, "[w]ith respect to the second [the proper classification of FRICO's properties] and third [the proper assessed value of FRICO's properties] questions raised by FRICO, I find they are premature since the Claims Administrator has not yet made full determinations with respect to them. As a result, I DIRECT the Claims Administrator to process FRICO's claims in accordance with my above ruling." *Id*. at 3 (emphasis in original). In a footnote, the Court also specified that classifying FRICO's properties "may relate to how the Claims Administrator has classified other property . . . ." *Id*. at 3, n. 2.

2.      The parties held a face-to-face meeting through Messrs. Dischinger and Hirt (counsel for FRICO), Mr. Kelly (Co-Counsel for the class), and Mr. Hunsperger (property expert) on September 13, 2018.

3.      During the September 13 meeting, FRICO attempted to broach the issue of how to properly classify FRICO's property and how to assign a fair assessed value to

FRICO's property. Mr. Kelly stated that the first step he needed to undertake was to verify how much land FRICO owned within the Property Class Area, and that the parties would discuss the more difficult classification and valuation questions at a later date.

4.     Nevertheless, during the September 13 meeting, FRICO explained how it attempted to calculate an assessed value in December of 2017, at the Administrator's request, but that it was forced to use arbitrary and incomplete information available from the Jefferson County Assessor. FRICO disagrees with Class Counsel's statement that "FRICO previously claimed that all of its property located within the Property Class Area had an assessed valuation of approximately $1,863,406 in 1989." October 24 Letter, p. 1, **Exhibit 2**; December 13 Letter, p. 1, **Exhibit 3**. A full quotation to the paragraph of FRICO's motion to which Class Counsels cites clarifies that "FRICO <u>does not concede</u> that this estimate of assessed valuation fairly represents the true value of FRICO's property within the Property Class Area. Rather, this estimate was an attempt to comply with the requests of the Administrator and Property Expert." *See* Doc. No. 2517, at 7 ¶18 (emphasis added). FRICO told the same thing to Mr. Kelly and Mr. Hunsperger during the September 13 meeting.

5.     The following is a summary of all substantive communications between FRICO and Mr. Kelly after the September 13 meeting and the date FRICO received Class Counsel's letter dated October 24, 2018:

a.      After the September 13 meeting, FRICO sent Mr. Kelly and Mr. Hunsperger the same files it had previously submitted to the Administrator.

b.      On September 18, 2018, counsel for FRICO followed up with Mr. Kelly and Mr. Hunsperger to describe the process and software FRICO used to create maps of its land parcels and to calculate the claimed acreage.

c.      On October 4, 2018, counsel for FRICO spoke over the phone with Mr. Kelly regarding Mr. Kelly's questions related to the acreage of certain FRICO deeds. FRICO submitted answers to Mr. Kelly's questions on October 17, 2018.

d.      Mr. Kelly emailed an additional question related to the acreage in one of FRICO's deeds to counsel for FRICO on October 18, 2018, and FRICO answered that question on October 19.

6.      By letter dated October 24, 2018 ("October 24 Letter"), Class Counsel appeared to accept that FRICO's property ownership within the Property Class Area on June 7, 1989, totaled 1,810.7 acres. **Exhibit 2**.

7.      In the October 24 Letter, Class Counsel stated that counsel for FRICO worked with Mr. Kelly and Mr. Hunsperger "regarding the proper assessed value of the FRICO claims to be used to determine FRICO's distribution amounts." **Exhibit 2**, p. 1. However, the parties never reached an agreement on this issue. In addition, at the September 13 meeting, the parties deferred substantive negotiation on assessed value for another day so that they could focus on the total acreage of FRICO's claim. As described

above, the last communication between counsel for FRICO and Mr. Kelly occurred on October 19, 2018, and the parties exchanged emails regarding the total acreage FRICO claimed within the Property Class Area. The October 24 Letter was the first communication to FRICO that the Administrator had in any way accepted any portion of FRICO's claim.

8.      On December 7, 2018, FRICO responded to Class Counsel to clarify that the parties had not determined either the classification or assessed valuation of FRICO's property ("December 7 Letter"). FRICO also proposed a way to segregate its claim into a commercial portion and a vacant portion, and further proposed ideas on how to calculate a fair assessed value for its property. In the event Class Counsel intended the October 24 Letter to constitute a final determination of FRICO's claim, FRICO requested an explanation of the basis of each determination he made in processing FRICO's claim.

9.      On December 13, 2018 ("December 13 Letter"), Class Counsel responded to FRICO and clarified: (1) Class Counsel based its determination of assessed value using a weighted average of the arbitrary values Jefferson County assigned to some of FRICO's land parcels; (2) it classified all of FRICO's land as commercial based on the arguments it made before this Court issued its September 7 Order and based on language in this Court's Order that it was "drifting toward classifying FRICO's properties as commercial and not vacant;" and (3) that its decisions are final and FRICO's only recourse is to file an appeal with this Court. **Exhibit 3**.

**Argument**

**I.     Class Counsel and the Administrator have not made a "full determination" nor have they "fully processed" or resolved FRICO's claims pursuant to this Court's September 7, 2018, Order.**

The Administrator has not fully determined or processed FRICO's claims. Class Counsel's October 24 and December 13 Letters include numerous statements with which FRICO disagrees: (1) Class Counsel did not confer with FRICO regarding, nor did the parties calculate, the 1989 assessed value of FRICO's property or the amount of FRICO's potential settlement distribution; (2) FRICO never claimed that its property had an assessed value of $1,863,406 and explicitly stated that that figure did not represent a fair assessed value of its property; (3) FRICO does not agree that the parties "engaged in an extensive meet and confer about the proper value of FRICO's claim" because such meet and confer did not take place; (4) the apparent "impasse" with FRICO was communicated to FRICO, for the first time, in the December 13 Letter.

These types of statements from Class Counsel make it difficult for FRICO to trust that Class Counsel and the Administrator are treating FRICO the same as every other member of the class. FRICO preferred to continue working cooperatively with Class Counsel and the Administrator to accurately and fairly determine FRICO's claim, but Class Counsel and the Administrator unilaterally discontinued negotiations and made a final determination by relying on the same information and arguments now as when they denied FRICO's claim the last time. To the best of FRICO's knowledge, the only analysis

Class Counsel or the Administrator have performed is to confirm that FRICO's claimed acreage was accurate.

## II.     Calculating a fair assessed value for FRICO's land

Based on his discussions with the Jefferson County Assessor's Office, Mr. Hunsperger has previously acknowledged that "the assessed values [of FRICO's property] were arbitrary and not based on comparable sales of any property types." Hunsperger Declaration, Doc. No. 2518-1, at 5 ¶9. Apparently, Jefferson County even admitted to Mr. Hunsperger that because the County did not realize property tax revenue from FRICO's property, "accurate assessment and classification was not a priority. The County acknowledges that the assessed values and property types were arbitrarily determined." *Id*.

FRICO still believes that the only way to assign a fair assessed value to FRICO's properties requires an evaluation of the other assessed values in the Vacant Land and Commercial Land categories for which Class Counsel has accepted and paid claims. FRICO attempted to obtain this information from the Claims Administrator, but the Court denied this request. While not permitting discovery at that time, this Court acknowledged that this information could be necessary in the Administrator's evaluation of FRICO's claim. Order, Doc. No. 2528, at 3, n. 2.

Moreover, on July 26, 2018, Mr. Hunsperger acknowledged that he "did not value nor ascribe any damages to the FRICO property . . .," and it is FRICO's understanding

that he has still not completed that determination. Hunsperger Declaration, Doc No. 2518-1, ¶7. One potential way to calculate a fair assessed value of FRICO's property in 1989 would be: (1) determine the fair market value ("FMV") of land within and nearby the Property Class Area on a per-acre basis in 2018; (2) multiply the per-acre 2018 FMV by the number of acres in FRICO's claim to calculate the FMV of FRICO's property in 2018; (3) multiply the FMV of FRICO's property in 2018 by 29% to reach a 2018 assessed valuation of FRICO's Property; and (4) discount the 2018 assessed valuation to 1989 dollars to determine the 1989 assessed valuation.  Another alternative would be to determine the average assessed value per acre or square foot of all of the eligible vacant and commercial land in the Property Class Area for which claims were timely submitted, and to pay FRICO based on those average values.

Class Counsel did not consider these valuation methods, and Class Counsel has not suggested a reasonable alternative to using Jefferson County's numbers. This is a problem because the County's arbitrary determinations do not encompass all of FRICO's property, include some assessed values of zero, and to the extent the County assigned any assessed value at all, the County admits its valuations are arbitrary. To be clear, unless Class Counsel provides information related to other claims he has accepted and paid, this Court and FRICO have no way to determine whether Class Counsel is treating the class equitably or whether he is treating FRICO the same as other claimants. Simply put,

FRICO requests Class Counsel to use a fair and transparent method that is free from the numbers Jefferson County arbitrarily assigned to FRICO's property.

### III. Class Counsel and the Administrator have not attempted to categorize FRICO's land as either vacant or commercial under the Plan of Allocation

Class Members "can share in more than one bucket if [they] owned more than one type of property in the Property Class Area as of June 7, 1989." Notice to Class Members, Doc. No. 2416-1, at 16. Since county records classify FRICO's land as "vacant," and since existing zoning prohibits any commercial use of FRICO's land within the Property Class Area, FRICO maintains that all of FRICO's land should be categorized as vacant rather than commercial. FRICO bases this argument on Jefferson County's description of FRICO's land as "vacant." See Doc. No. 2517-1, pp. 21–44; Doc No. 2517-6, pp. 9, 24, 38, 51.

It is important to note here that Class Counsel wants to have it both ways when considering Jefferson County's classifications and valuations of FRICO's land. When it comes to valuation, Class Counsel claims that "[t]he 1989 assessed values have been used for every other claimant and will likewise be used to calculate FRICO's claim value." December 13 Letter, p. 2. However, when it comes to classification, Class Counsel believes that Jefferson County was arbitrary in describing FRICO's land as vacant, and instead proposes classifying all of FRICO's land as commercial.

Even if not all of FRICO's land should be deemed vacant, the evidence is quite clear that at least some of its claim should be treated as vacant, as described below and

depicted on the maps attached as **Exhibit 4**. At a bare minimum, FRICO's land within the Property Class Area that is vacant and not used for any purpose in FRICO's operations must be considered vacant land because it meets Mr. Hunsperger's definition of vacant land.

      *a.*    *Vacant Land*

Colored in green on the maps attached as **Exhibit 4**, FRICO owned approximately 415.02 acres that should be classified as Vacant Land. FRICO calculated this value by including land outside of its ditches and ditch roads, and all of the land outside of the high water line at Standley Lake. The attached maps show how FRICO divided each of its ditch parcels. The land shaded in green is completely vacant, absolutely free of improvements or use, and unoccupied. FRICO could have sold or developed this land at any time and it would have absolutely no impact on its water delivery system. Edgar Declaration, Doc. No. 2522-1, ¶¶7, 19–20. Further, this land was not used to store or deliver water, nor was it used to maintain or operate FRICO's system. *Id*. Indeed, FRICO did convey most of the vacant land parcels around Standley Lake to Westminster after 1989, demonstrating that such land was not necessary for its operations. Nevertheless, such lands were unimproved lands suitable for development on June 7, 1989. *Id*. In addition, the zoning of FRICO's land appears to prevent development, but there is no particular characteristic of the land itself that would prevent development.

Class Counsel bases his decision on "the reasons set forth in [his] prior correspondence and prior filings with the Court," but cites only to his opposition to FRICO's motion for review (Doc. No. 2518) and to Mr. Hunsperger's "response to [FRICO's] reply in support of its motion for review of the settlement and claims administrator's denial of its claims" (Doc. No. 2527). It is unclear what precise portions of those documents Class Counsel relies upon, but it is clear Class Counsel, the Administrator, and Mr. Hunsperger have not done, or at least are not relying upon, any analysis performed after this Court issued its September 7 Order. Class Counsel also appears to disregard the Declaration of FRICO's General Manager, Mr. Edgar, which explicitly rebuts many of the arguments from Class Counsel's opposition and Mr. Hunsperger's Declarations. *See e.g.* Doc. No. 2522-1, ¶¶ 7, 9–11, 13, 15, 19–20. Ultimately, Class Counsel has not presented a reason for why these 415 acres, at a minimum, should not be classified as vacant land, and all 415 acres in FRICO's proposal meet the definition of vacant land for purposes of the settlement and pursuant to Mr. Hunsperger's definitions.

       *b.*     *Commercial Land*

FRICO believes all of its land should be classified as vacant, but if land containing the structures that FRICO, as a mutual ditch company delivering other people's water at no profit, uses to store and convey such water to the people who use it, then approximately 1395.52 acres should be classified as Commercial Land. These parcels are

colored in blue and red on the maps in **Exhibit 4**. FRICO calculated this acreage by including its ditches and ditch roads, the Standley Lake dam, and the land comprising Standley Lake up to the high water line. Because Class Counsel argues that all of FRICO's land should be classified as commercial, FRICO does not believe this classification is disputed.

IV.     **Class Counsel and the Administrator have not attempted to determine a fair assessed value of FRICO's property, and that affects FRICO's settlement distributions**

Class Counsel has presented this Court with a wide range of figures he believes FRICO may be entitled to from the settlement, and is further evidence that he has not evaluated and processed FRICO's claim. On November 6, 2018, Class Counsel filed a Memorandum in Support of his Motion for Second Distribution and a Declaration of Michael E. Hamer. Doc. Nos. 2537, 2538. The Motion and Declaration both indicate that Class Counsel calculated a maximum payment to FRICO of $9,354,662.96. Doc. No. 2537, at 11; Doc No. 2538, at ¶8. However, Class Counsel also noted that Mr. Hunsperger believes FRICO's "initial distribution amount could be as low as $259,938.29, if the properties are treated as commercial." Doc. No. 2937, at 9, n. 9. Despite an explicit request from FRICO, Class Counsel refused to explain how he arrived at these different numbers, and what he meant by calculating FRICO's claim "using the same methodology used to calculate the initial distribution and Second Distribution awards due to other claimants." Doc. No. 2538, at ¶8. Class Counsel has not treated

FRICO the same as other claimants, and to the extent he argues he has, then the treatment is not equitable based on the specific circumstances in FRICO's case.

## Conclusion

Class Counsel and the Administrator have not made a "full determination" of FRICO's claims and have not "fully processed the claims" of FRICO, as required by this Court's order. Doc. No. 2528, at 3, 4. This Court's statement that it "is drifting toward classifying FRICO's properties as commercial and not vacant" did not require Class Counsel to classify any or all of FRICO's property as commercial, nor did it alleviate Class Counsel from fairly evaluating FRICO's claim. Certain of FRICO's property meets the Property Expert's definition of Vacant Land, and should be treated as such. However, because FRICO does not believe Class Counsel has treated FRICO's claims fairly or equitably, FRICO requests this Court to order that FRICO owns vacant land and that its property should be valued using the average of the commercial and vacant land claims which Class Counsel has accepted and paid. Alternatively, FRICO requests this Court permit FRICO to undertake limited discovery and set a two-day hearing.

WHEREFORE, FRICO respectfully requests this Court:

A.     To find and conclude that all of FRICO's land should be classified as vacant, but if land containing the structures that FRICO, as a mutual ditch company delivering other people's water at no profit, uses to store and convey such water to the people who use it, then 415.02 acres of FRICO's claim should be classified as vacant

land for purposes of the Settlement and that the remaining 1395.52 acres should be classified as commercial land for purposes of the Settlement; and

   B. To order that the assessed value of FRICO's vacant land and commercial land claims should be the average of the commercial land and vacant land claims which Class Counsel has accepted and paid.

Or, in the alternative:

   C. To set a two-day hearing in this matter; and

   D. To allow FRICO to undertake limited and proportional discovery necessary to classify and value FRICO's property, including but not limited to a Rule 30(b)(6) deposition, one deposition of the Claim Administrator's "Property Expert," and interrogatories, requests for admissions, and requests for production of documents or tangible things.

   DATED this 14th day of January 2019.

            *s/ Joseph B. Dischinger*
            Craig D. Joyce
            Joseph B. Dischinger
            Dean C. Hirt, III
            Fairfield and Woods, P.C.
            1801 California Street, Suite 2600
            Denver, Colorado 80202
            (303) 830-2400
            (303) 830-1033 (fax)
            Email: cjoyce@fwlaw.com,
            jdischinger@fwlaw.com,
            dhirt@fwlaw.com

ATTORNEYS FOR THE FARMERS
RESERVOIR AND IRRIGATION
COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of January 2019, a true and correct copy of the foregoing **THE FARMERS RESERVOIR AND IRRIGATION COMPANY'S APPEAL OF CLASS COUNSEL'S DETERMINATION OF FRICO's CLAIM** was sent to the following by First Class Mail:

>Vicki Foy
>718 Sherman Street
>Fort Morgan, Colorado 80701

and the undersigned hereby certifies that the foregoing **THE FARMERS RESERVOIR AND IRRIGATION COMPANY'S APPEAL OF CLASS COUNSEL'S DETERMINATION OF FRICO's CLAIM** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Joseph John Bronesky | jbronesk@shermanhoward.com |
| | efiling@sah.com |
| | ddavis@shermanhoward.com |
| Merrill Gene Davidoff | mdavidoff@bm.net |
| | sleo@bm.net |
| Paul De Marco | demarcoworld@yahoo.com |
| Michael Alan Galasso | mgalasso@rkpt.com,bbass@rkpt.com |
| Marcy Geoffrey Glenn | mglenn@hollandhart.com |
| | kjoriley@hollandhart.com |
| | IntakeTeam@HollandHart.com |
| Lester C. Houtz | lester.houtz@bartlit-beck.com |
| | renee.grimmett@bartlit-beck.com |
| Steven William Kelly | skelly@s-d.com |
| | cchristman@s-d.com |
| | penningtonv@s-d.com |
| Douglas J. Kurtenbach | dkurtenbach@kirkland.com |
| | mnomellini@kirkland.com |
| | joppenheimer@kirkland.com |
| Bradley Aaron Levin | bal@levinsitcoff.com |

| | nrp@levinsitcoff.com |
|---|---|
| | kjh@levinsitcoff.com |
| | naw@levinsitcoff.com |
| | bjh@levinsitcoff.com |
| Mark S. Lillie | mlillie@kirkland.com |
| Jean Geoppinger McCoy | jmccoy@wgmlpa.com |
| Susan S. Minamizono | ssm@levinsitcoff.com |
| | nrp@levinsitcoff.com |
| | kjh@levinsitcoff.com |
| Jarrod Martin Mohler | jmohler@rkpt.com |
| | pledonne@rkpt.com |
| | bbass@rkpt.com |
| Peter B. Nordberg | pnordberg@bm.net |
| | peter@nordberg.us |
| Ellen T. Noteware | enoteware@bm.net |
| | csimon@bm.net |
| Douglas M. Poland | dpoland@gklaw.com |
| Louise M Roselle | lroselle@msdlegal.com |
| | dpendygraft@msdlegal.com |
| | dholcomb@msdlegal.com |
| Daniel R. Satriana, Jr | satriana@sbattys.com |
| | epsteini@csbattorneys.com |
| Ronald Simon | ron@1707law.com |
| | mike@1707law.com |
| David F. Sorensen | dsorensen@bm.net |
| Michael A. Thurman | michael@thurman-legal.com |
| Martin Thomas Tully | martin.tully@actuatelaw.com |
| Kevin T. Van Wart | KevinVanWart@kirkland.com |
| | jmiller13@dow.com |
| Juan G. Villasenor | juan.villasenor@usdoj.gov |

| | annette.dolce@usdoj.gov |
|---|---|
| | USACO.ECFFLUAtty@usdoj.gov |
| | USACO.ECFCivil@usdoj.gov |
| | CaseView.ECF@usdoj.gov |
| Bradley Herman Weidenhammer | bradley.weidenhammer@kirkland.com |
| | nshea@kirkland.com |
| Carlotta P. Wells | carlotta.wells@usdoj.gov |
| John Stuart Zakhem | jszakhem@jacksonkelly.com |
| | jadelay@jacksonkelly.com |
| | amaher@jacksonkelly.com |
| | mvo@jacksonkelly.com |

*s/ Susan Wilkerson*
Susan Wilkerson, Paralegal