

**MERRILL G. DAVIDOFF**         /
*MANAGING SHAREHOLDER, CHAIRMAN EMERITUS*
**p.** 215.875.3084 │ **mdavidoff**@bm.net

October 24, 2018

**VIA EMAIL & FIRST CLASS MAIL**

Joseph B. Dischinger, Esquire
Dean Hirt, Esquire
**Fairfield and Woods, P.C.**
1801 California Street, Suite 2600
Denver, Colorado 80202-2645
E-Mail: jdischinger@fwlaw.com
        dhirt@fwlaw.com

Re:     *Cook v. Rockwell*, Case No. 90-cv-00181-JLK (D. Colo.),
        Farmers Reservoir and Irrigation Company Claims

Dear Counsel:

I am writing regarding the claim or claims filed by Farmers Reservoir and Irrigation Company Claims ("FRICO").  In accordance with the Court's Order (Doc. No. 2528), we have accepted the claims timely filed by FRICO prior to the December 31, 2017 final deadline for claims submission.

In addition, my co-counsel for the Class, Steve Kelly, and the Class's expert, Wayne Hunsperger, have met and conferred with counsel for FRICO regarding FRICO's claims regarding the proper assessed value of the FRICO claims to be used to determine FRICO's distribution amounts.  Thank you for your cooperative work in helping to calculate the correct 1989 assessed value for FRICO's properties.  As you know, FRICO previously claimed that "all of its property located within the Property Class Area had an assessed valuation of approximately $1,863,406 in 1989."[1]  However, FRICO now claims that it had slightly undercounted the total acreage and that with the acreage amount corrected that the assessed value is slightly higher, and is $1,893,379.80.  FRICO's re-calculated 1989 assessed value of $1,893,379.80 is based on the following calculations:  (a) FRICO's lake parcels (1,712.2 acres) will be valued at $688.91 per acre; and (b) FRICO's ditch parcels and the parcel north of Standley Lake will be valued at $7,241.91 per acre.

After reviewing the materials FRICO supplied, we will accept FRICO's claimed 1989 assessed value of $1,893,379.80 subject to FRICO providing a declaration from the GIS expert who performed the acreage calculations upon which these calculations are based.  The declaration

---

[1] The Farmers Reservoir and Irrigation Company's Motion (Doc. No. 2517), at 7 ¶ 18.

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 │ *BERGERMONTAGUE.COM*

**EXHIBIT 2**

October 24, 2018
Page 2 of 2



should confirm that the GIS expert performed the calculations to the best of his/her ability, was not paid to reach any particular result, and should confirm that the acreage figures above are correct.  Upon receiving such a declaration, we will agree to use this 1989 assessed value of $1,893,379.80 to calculate FRICO's initial distribution amount, as well as any subsequent distributions approved by the Court.

Finally, we continue to believe that FRICO's properties are properly classified as commercial rather than as vacant for the reasons set forth in our prior correspondence and prior filings with the Court.  *See* Class Counsel's Opposition to the Farmers Reservoir and Irrigation Company's Motion (Doc. No. 2518); Declaration of Wayne Hunsperger in Response to Farmer's Reservoir and Irrigation Company's Reply in Support of its Motion for Review of the Settlement and Claims Administrator's Denial of Its Claims (Doc. No. 2527).  We note that the Court indicated that it was "drifting toward classifying FRICO's properties as commercial and not vacant" in its Order.  Doc. No. 2528, at 3.

Please confirm whether FRICO agrees to the foregoing, namely that it will receive an initial distribution based on FRICO's claimed 1989 assessed value of $1,893,379.80 and treatment as commercial property, and that any second or subsequent distribution(s) will also be based on FRICO's property being treated as a commercial property and based on a 1989 assessed value of $1,893,379.80.  Please also confirm that FRICO will provide the above-requested declaration.

In the event that FRICO does not agree to the above, we propose that the parties raise any remaining dispute with the Court as soon as practical.  To that end, we propose a short joint submission laying out the parties' respective positions.

Sincerely,

Merrill G. Davidoff

MGD/sll

cc:      *(via email only):*
         Caitlin G. Coslett (ccoslett@bm.net)
         Steven W. Kelly, Esquire (skelly@s-d.com)
         Wayne L. Hunsperger (wayne@hwltd.net)
         Todd Messenger, Esquire (tmessenger@fwlaw.com)
         Mike Hamer (mhamer@hefflerclaims.com)