

**MERRILL G. DAVIDOFF**  /
*MANAGING SHAREHOLDER, CHAIRMAN EMERITUS*
**p.** 215.875.3084 | mdavidoff@bm.net

December 13, 2018

**VIA EMAIL & FIRST CLASS MAIL**

Joseph B. Dischinger, Esquire
Dean Hirt, Esquire
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202-2645
E-Mail: dhirt@fwlaw.com

      Re:   *Cook v. Rockwell*, Case No. 90-cv-00181-JLK (D. Colo.),
             Farmers Reservoir and Irrigation Company Claims

Dear Counsel:

    I am writing in response to your December 7, 2018 letter regarding the claim filed by Farmers Reservoir and Irrigation Company ("FRICO").

    As you know, in accordance with the Court's September 7, 2018 Order (Doc. No. 2528), we have accepted FRICO's claim and have engaged in an extensive meet and confer about the proper value of FRICO's claim. As I stated in my October 24, 2018 letter, in light of our meet and confer, we have agreed to accept FRICO's claim that the total 1989 assessed value of the FRICO property at issue is $1,893,379.80, rather than the $1,863,406 that FRICO previously claimed.[1] This higher assessed value will be used if FRICO provides a GIS expert declaration supporting FRICO's claim about the total acreage covered by the FRICO property. The higher assessed value of $1,893,379.80 is based on the following calculations: (a) FRICO's lake parcels (1,712.2 acres) will be valued at $688.91 per acre; and (b) FRICO's ditch parcels and the parcel north of Standley Lake will be valued at $7,241.91 per acre. As you know from your own submissions, these valuations are based on the weighted average of the 1989 assessments contained in Jefferson County records.

    There are two remaining issues on which we have reached impasse with FRICO.

---

[1] *See* The Farmers Reservoir and Irrigation Company's Motion (Doc. No. 2517), at 7 ¶ 18.

**EXHIBIT 3**  |  1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 | *BERGERMONTAGUE.COM*

December 13, 2018
Page 2 of 3



First, even after further meet and confer, including review of your December 7, 2018 letter, we continue to believe that FRICO's property is, in its entirety, properly classified as commercial rather than as vacant for the reasons set forth in our prior correspondence and prior filings with the Court.[2] FRICO owned and used all of the property for the same commercial purpose, and so none of the property should be treated as vacant as you propose in your December 7, 2018 letter. In addition, we note that the Court indicated that it was "drifting toward classifying FRICO's properties as commercial and not vacant" in its Order.[3]

Second, we do not agree to use any assessed value for the property value other than $1,893,379.80 (assuming FRICO provides the GIS declaration it has promised, as described above and in my October 24, 2018 letter) or $1,863,406 (if FRICO does not provide this declaration). The Court-ordered Plan of Allocation requires uniform use of the 1989 assessed values for purposes of calculating each claimant's share of the settlement. The 1989 assessed values have been used for every other claimant and will likewise be used to calculate FRICO's claim value.

The assessed valuation of $1,893,379.80 and treatment as commercial property will result in an initial distribution of $450,063.02 and a second distribution of $518,137.76 under the Court-ordered Plan of Allocation and the Court's Order Granting Plaintiffs' and Class Counsel's Motion For a Second Distribution of the Net Settlement Funds; For Initial Distribution Awards to Claimants Who Submitted Valid, Timely Claims; and For Adjustments to Initial Distribution Award Amounts (Doc No. 2539).[4]

Our decisions to treat FRICO's property entirely as commercial and to use the 1989 assessed values are final. If FRICO wishes to appeal this determination, it must file an appeal with the Court by January 14, 2019.[5] We are in the process of making the second distribution to the other claimants, and need to expeditiously resolve FRICO's claim so that we can complete the claims administration process. FRICO should state in any appeal filed with the Court that FRICO and Class Counsel have meet and conferred in compliance with Local Rule 7.1(a) and have been unable to reach agreement.

---

[2] *See* Class Counsel's Opposition to the Farmers Reservoir and Irrigation Company's Motion (Doc. No. 2518); Declaration of Wayne Hunsperger in Response to Farmer's Reservoir and Irrigation Company's Reply in Support of its Motion for Review of the Settlement and Claims Administrator's Denial of Its Claims (Doc. No. 2527).

[3] Doc. No. 2528, at 3.

[4] This is because some of the FRICO property is within 2 miles of the Rocky Flats Plant and so will receive a second distribution amount equal to approximately 1.3016 times the initial distribution amount associated with that property, and the rest of the FRICO property is further than 2 miles from the Rocky Flats Plant and so will receive approximately 0.8678 times the initial distribution amount associated with that property. *See* Doc. No. 2539, which is available at http://www.rockyflatssettlement.com/.

[5] This is the same process that has been followed with other claimants wishing to appeal claim determinations. *See, e.g.*, Doc. Nos. 2511, 2512, 2532, 2533, 2534.

December 13, 2018
Page 3 of 3



                        Sincerely,

                        Merrill G. Davidoff

cc:    *(via email only):*
        Caitlin G. Coslett (ccoslett@bm.net)
        Steven W. Kelly, Esquire (skelly@s-d.com)
        Wayne L. Hunsperger (wayne@hwltd.net)
        Todd Messenger, Esquire (tmessenger@fwlaw.com)
        Mike Hamer (mhamer@hefflerclaims.com)