# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

## [PROPOSED] ORDER DENYING THE FARMERS RESERVOIR AND IRRIGATION COMPANY'S APPEAL OF CLASS COUNSEL'S DETERMINATION OF FRICO'S CLAIM

This matter comes before the Court on The Farmers Reservoir and Irrigation Company's Appeal of Class Counsel's Determination of FRICO's Claim ("FRICO's Appeal"), which was filed at Doc. No. 2542.

NOW, THEREFORE, upon review of The Farmers Reservoir and Irrigation Company's Appeal of Class Counsel's Determination of FRICO's Claim, Class Counsel's Opposition thereto, and all other materials filed in connection therewith, it is ORDERED, ADJUDGED AND DECREED as follows:

1. The Court denies FRICO's Appeal and affirms Class Counsel's and the Settlement and Claims Administrator's determination that The Farmers Reservoir and Irrigation Company's ("FRICO") claim amount shall be calculated based upon (a) treatment of FRICO's property as "commercial land"; and (b) Jefferson County's 1989 assessed values of FRICO's property.

2. FRICO's property shall be treated as "commercial land" for purposes of calculating FRICO's claim amount because FRICO's property that is the subject of FRICO's claim was used for a commercial purpose: (a) the property is operated as a municipal water supply for three Colorado cities; (b) FRICO's operation of the Standley Lake water supply system, whereby water is allocated to shareholders (municipalities) contains a business component, even if the business is "non-profit"; (c) much of FRICO's property is under water (Standley Lake) and has not been vacant land since the early 1900's; the lake and adjoining land now comprise the Standley Lake Regional Park; and (d) FRICO's transfer deeds legally describe the property as "Standley Lake Dam and Reservoir," subject to a recreation easement related to recreation uses on and within Standley Lake.  In addition, FRICO's property includes numerous

"improvements" and therefore should not be treated as "vacant land" for purposes of calculating FRICO's claim amount.

      3.      FRICO's claim value shall be calculated based upon Jefferson County's 1989 assessed values for FRICO's property for several reasons. The Court-approved Plan of Allocation expressly allows for allocation based on the 1989 assessed values. *See* Doc. No. 2407-2, ¶ 9; *see also* Doc. No. 2470, Order Granting Final Approval of Plaintiffs' Proposed Plan of Allocation. FRICO and the other Class members received notice that allocation of the Settlement would "be calculated on a *pro rata* basis based on the assessed value of the property you owned (or are the heir from the owner or successor to the entity which owned the property) as of June 7, 1989 located within the Property Class Area." *See* Notice, at 4.[1] The Notice further explained that:

> These calculations will be done using property and appraisal data obtained by the Settlement and Claims Administrator from the Jefferson County Colorado Assessor's Office, Property Records Division in connection with administration of this Settlement. The information obtained from Jefferson County relates to property assessments completed by the County in April 1989, which is closest in time to June 7, 1989, along with property code type data from 1992, the earliest date on which such property type data is available.

*Id.* at 15. There were no objections to the Plan of Allocation from FRICO or any other Class member, and the Plan of Allocation received final approval from the Court on April 28, 2017. *See* Doc. No. 2470, Order Granting Final Approval of Plaintiffs' Proposed Plan of Allocation. No appeal was taken of the Court's Order approving the Plan of Allocation. In accordance with the Plan of Allocation, the 1989 assessed values were

---

[1] The Notice was filed at Doc. No. 2407-3, and is also available on the settlement website at http://www.rockyflatssettlement.com/DocumentHandler.ashx?DocPath=/Documents/RF_LongForm_Generic.pdf. The Court approved the Notice and the Notice Plan at Doc. No. 2471, ¶¶ 5-6. *See also* Doc. No. 2416, ¶¶ 13-17 (preliminarily approving the forms of Notice and the notice plan).

used as the basis to calculate every single claimant's claim value, including FRICO's. *See* Declaration of Wayne L. Hunsperger in Response to the Farmers Reservoir and Irrigation Company's Appeal of Class Counsel's Determination of FRICO's Claim, at ¶ 11 ("Hunsperger Decl."). In addition, in accordance with the Plan of Allocation, Jefferson County's 1989 assessed values were used as the basis to calculate the claim amounts for all other claimants and FRICO's claim value should be calculated using its property's 1989 assessed values as well. FRICO has waived any objection to the Plan of Allocation, and FRICO's Appeal is denied as an untimely objection to the Plan of Allocation. *See, e.g.*, *In re Exxon Valdez*, No. 89-95, 2010 WL 11619418, at *2 (D. Ala. Aug. 11, 2010) (holding that after the plan of allocation had been published to the class and received final approval from the court, it was "way too late for anyone to be questioning the terms for or the allocations to claim categories or the terms of the plans for distribution of allocations to the various individual claimants"). FRICO's Appeal is also denied because, even if not waived and untimely, FRICO's Appeal lacks merit because FRICO improperly proposes to have its claim value calculated in a different manner than the claim values were calculated for all other claimants.

4. The Court denies FRICO's request for discovery for several independently sufficient reasons. FRICO lacks standing to request such discovery. FRICO's requested discovery would unreasonably burden Class Counsel and the Settlement and Claims Administrator, and the discovery FRICO requests is irrelevant to FRICO's Appeal anyway.

5. This Court retains jurisdiction over any further application or matter that may arise in connection with this Action.

4

IT IS SO ORDERED.

BY THE COURT:

_____
John L. Kane, Senior District Judge
United States District Court

5