IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK
_____

MERILYN COOK, *et al.*,

       Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION; and
THE DOW CHEMICAL COMPANY,

       Defendants.
_____

**THE FARMERS RESERVOIR AND IRRIGATION COMPANY'S
RESPONSE TO ADDITIONAL DECLARATION OF MR. HUNSPERGER**
_____

Settlement Class Member, The Farmers Reservoir and Irrigation Company ("FRICO"), through its attorneys, Fairfield and Woods, P.C., submits this response to Mr. Hunsperger's fourth declaration [Doc. No. 2551-1] concerning FRICO's claims.

**I.    INTRODUCTION.**

In a matter where Class Counsel has steadfastly maintained that no discovery by FRICO should be allowed, he has now submitted yet a fourth declaration by Mr. Hunsperger, his alleged property expert. He filed the first declaration on July 26, 2018 [Doc. No. 2518-1]. He filed the second on August 29, 2018 [Doc. No. 2527]. On February 5, 2019, he filed a third declaration [Doc. No. 2549]. On February 25, 2019, he filed his fourth declaration [Doc. No. 2551]. Mr. Hunsperger's many declarations

demonstrate the existence of factual disputes that discovery would illuminate.  All four declarations say pretty much the same things, all four are replete with errors, and all four reveal that Mr. Hunsperger is offering opinions on subjects about which he knows very little.

## II.     ARGUMENT

### A.     Mr. Hunsperger's first declaration.

In his July 26, 2018 declaration, Mr. Hunsperger incorrectly said FRICO's privately-owned property "shares the same characteristics as any other public or quasi-public property" [Doc. No. 2518-1, ¶ 7], and, despite knowing that mutual ditch companies are not governmental entities, implied that the land was owned by a political subdivision of the State of Colorado.  These propositions have already been rejected by the Court.  Order Granting in part and Denying in part the Remainder of FRICO's Motion for Review [Doc. No. 2528, p. 2].

He also asserted that the property "is operated as a municipal water supply for three Colorado cities . . . ."  This is simply not true.  FRICO operates Standley Lake, and the cities operate public water systems.  FRICO plays no role in the cities' decision-making processes concerning the supply of water to their citizens.  It does not treat the water so that it may be used as a public water supply.  It does not deliver the water to the public.

### B.     Mr. Hunsperger's second declaration.

In his August 29, 2018 declaration, Mr. Hunsperger attempted to dispute FRICO's evidence that it owns the lands upon which its claims are made in fee simple absolute by noting that the City of Westminster holds a recreation easement on the property. As a property expert, he should know that an easement is not an ownership interest in land and does not serve to dispossess FRICO as the owner. He also stated that mutual ditch shares constitute real property interests, which is incorrect. Shares in a mutual ditch company in Colorado are considered personal property. *See* §7-42-104(4), C.R.S. ("The shares of stock shall be deemed personal property . . . ."). They represent an interest in water rights, which are real property, but, as Mr. Hunsperger noted, FRICO's claims are based on damage to its land, not its water rights.

Mr. Hunsperger also asserts in his second declaration that Standley Lake is "part and parcel of the public water supply system for the three cities." This is true to the same extent that the forests and hillsides around the headwaters of Clear Creek are part and parcel of the public water supply system of the cities. The fact that FRICO delivers untreated water to its stockholders—some (but not all) of whom take that water into their separate public water systems, treat it, convey it to their respective customers through a system of pipelines that belong to the cities and not to FRICO, bill their customers for such water (and do not share that revenue with FRICO), all completely independently of FRICO—does not make FRICO the operator of a public water supply.

Finally, in his second declaration, Mr. Hunsperger asserts that FRICO's property "generates income if not profit," which is incorrect. FRICO's property within the Property Class Area does not generate any revenue whatever. FRICO does collect assessments *on shares of stock*, but the assessments are neither based nor contingent on whether FRICO delivers any water to its stockholders. Neither the land nor the water rights generate any income to FRICO, let alone profit.

### C.     Mr. Hunsperger's third declaration.

Mr. Hunsperger's February 5, 2018 declaration borrows whole paragraphs from his July 26, 2018 declaration, but then supplements his testimony with additional argument. Despite acknowledging in his first declaration that the assessed valuations assigned to some of FRICO's parcels "were arbitrarily determined" because the County did not tax the parcels, and an accurate assessment would, from the County's point of view, be a waste of time and resources, *see* Doc. No. 2518-1, ¶ 9, in his third declaration he nevertheless insists that the arbitrary assessed valuations should be the measure of FRICO's claims. Doc. No. 2549, ¶ 11. He claims that this would treat FRICO the same as all other Class Members, but he does not identify another Class Member whose assessment the County admitted was arbitrary.

### D.     Mr. Hunsperger's fourth declaration.

In his latest submission, Mr. Hunsperger persists in arguing that Standley Lake is operated as a municipal water supply. First, as explained above, it is not. Second,

-4-

whether the cities view it that way does not alter the fact that FRICO is operating a raw water reservoir and delivering water to stockholders, and it is not compensated according to how the land is used or how much water, if any, it delivers.  The remainder of his fourth declaration cites to 42-year-old alleged agreements relating to water exchanges, which may or may not still be in effect, and which have nothing to do with operating a municipal water supply and everything to do with operating a reservoir.  He speculates on why it may have been "logical" for Westminster to have purchased part of the property FRICO owned in 1989, and cites to a website by a separate entity who characterizes the land sold as a "buffer between homes and lake," which of course says nothing about whether the land was necessary to serve that purpose, a conclusion FRICO's General Manager has denied under oath.

### III. CONCLUSION

Mr. Hunsperger has strayed far from his expertise, and has become an intransigent advocate for Class Counsel's positions rather than a reliable expert.  His multiple declarations should be disregarded.

Respectfully submitted this 12th day of March 2019.

*/s/ Joseph B. Dischinger*
Craig D. Joyce
Joseph B. Dischinger
Dean C. Hirt, III
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
(303) 830-2400

(303) 830-1033 (fax)
E-Mail:  jdischinger@fwlaw.com
E-Mail:  cjoyce@fwlaw.com
E-Mail:  dhirt@fwlaw.com

ATTORNEYS FOR THE FARMERS
RESERVOIR AND IRRIGATION
COMPANY

-6-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of March 2019, a true and correct copy of the foregoing **THE FARMERS RESERVOIR AND IRRIGATION COMPANY'S RESPONSE TO ADDITIONAL DECLARATION OF MR. HUNSPERGER** was sent to the following by U.S. First-Class Mail

>Vicki Foy
>718 Sherman Street
>Fort Morgan, Colorado 80701

and the undersigned hereby certifies that the foregoing **THE FARMERS RESERVOIR AND IRRIGATION COMPANY'S RESPONSE TO ADDITIONAL DECLARATION OF MR. HUNSPERGER** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Joseph John Bronesky | jbronesk@shermanhoward.com |
| | efiling@sah.com |
| | ddavis@shermanhoward.com |
| Merrill Gene Davidoff | mdavidoff@bm.net |
| | sleo@bm.net |
| Paul De Marco | demarcoworld@yahoo.com |
| Michael Alan Galasso | mgalasso@rkpt.com,bbass@rkpt.com |
| Marcy Geoffrey Glenn | mglenn@hollandhart.com |
| | kjoriley@hollandhart.com |
| | IntakeTeam@HollandHart.com |
| Lester C. Houtz | lester.houtz@bartlit-beck.com |
| | renee.grimmett@bartlit-beck.com |
| Steven William Kelly | skelly@s-d.com |
| | cchristman@s-d.com |
| | penningtonv@s-d.com |
| Douglas J. Kurtenbach | dkurtenbach@kirkland.com |
| | mnomellini@kirkland.com |
| | joppenheimer@kirkland.com |

| Bradley Aaron Levin | bal@levinsitcoff.com |
| --- | --- |
| | nrp@levinsitcoff.com |
| | kjh@levinsitcoff.com |
| | naw@levinsitcoff.com |
| | bjh@levinsitcoff.com |
| Mark S. Lillie | mlillie@kirkland.com |
| Jean Geoppinger McCoy | jmccoy@wgmlpa.com |
| Susan S. Minamizono | ssm@levinsitcoff.com |
| | nrp@levinsitcoff.com |
| | kjh@levinsitcoff.com |
| Jarrod Martin Mohler | jmohler@rkpt.com |
| | pledonne@rkpt.com |
| | bbass@rkpt.com |
| Peter B. Nordberg | pnordberg@bm.net |
| | peter@nordberg.us |
| Ellen T. Noteware | enoteware@bm.net |
| | csimon@bm.net |
| Douglas M. Poland | dpoland@gklaw.com |
| Louise M Roselle | lroselle@msdlegal.com |
| | dpendygraft@msdlegal.com |
| | dholcomb@msdlegal.com |
| Daniel R. Satriana, Jr | satriana@sbattys.com |
| | epsteini@csbattorneys.com |
| Ronald Simon | ron@1707law.com |
| | mike@1707law.com |
| David F. Sorensen | dsorensen@bm.net |
| Michael A. Thurman | michael@thurman-legal.com |
| Martin Thomas Tully | martin.tully@actuatelaw.com |
| Kevin T. Van Wart | KevinVanWart@kirkland.com |
| | jmiller13@dow.com |

-9-

| Juan G. Villasenor | juan.villasenor@usdoj.gov |
| --- | --- |
| | annette.dolce@usdoj.gov |
| | USACO.ECFFLUAtty@usdoj.gov |
| | USACO.ECFCivil@usdoj.gov |
| | CaseView.ECF@usdoj.gov |
| Bradley Herman Weidenhammer | bradley.weidenhammer@kirkland.com |
| | nshea@kirkland.com |
| Carlotta P. Wells | carlotta.wells@usdoj.gov |

                                              */s/ Susan Wilkerson*
                                              Susan Wilkerson, Paralegal