# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, et al.,

    Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION and
THE DOW CHEMICAL COMPANY,

    Defendants.

---

## ORDER DENYING FRICO'S APPEAL OF CLASS COUNSEL'S DETERMINATION OF FRICO'S CLAIM (ECF NO. 2542)

---

Kane, J.

In June 2018, The Farmers Reservoir and Irrigation Company (FRICO) sought review of the Settlement and Claims Administrator's denial of the claims it submitted to obtain a distribution from the Settlement Fund in this case. Finding that FRICO was a member of the Settlement Class but that the Claims Administrator had yet to make a final determination with respect to valuation of its claims, I directed the Claims Administrator to process the claims and advised FRICO it could refile any objections it had after that review was complete. Order on Remainder of FRICO's Mot. for Review at 3-4, ECF No. 2528. FRICO now appeals the Claims Administrator's final determination of its claims.

I have reviewed the Appeal (ECF No. 2542) and supporting documents, Class Counsel's Opposition to the Appeal (ECF No. 2548) including the Declaration of Wayne Hunsperger (ECF No. 2549), FRICO's Reply (ECF No. 2550), the Supplemental Declaration of Mr. Hunsperger (ECF No. 2551-1), and FRICO's Response to Additional Declaration of Mr. Hunsperger (ECF

1

No. 2555). Seeing no error in the process employed or the conclusions reached by the Claims Administrator, I affirm its valuation of FRICO's claims based on classification of FRICO's properties as commercial and using Jefferson County's 1989 assessed values.

A. Classification of FRICO's Properties as Commercial

It is appropriate for FRICO's properties to be treated as commercial for the purposes of valuing its claims under the Settlement Agreement. As I previously observed, FRICO's properties are "held for the benefit they impart to its shareholders via the commercial product they store and deliver—water." Order on Remainder of FRICO's Mot. for Review at 4. FRICO argues that its properties cannot be categorized as commercial because: (a) it does not sell anything or make a profit, (b) the Jefferson County Assessor classifies its parcels as vacant, (c) commercial use of the parcels is not allowed under existing zoning, and (d) 415.02 acres of its property was not used for the storage or delivery of water in 1989. None of these circumstances, however, precludes my inclination—or the Claims Administrator's determination—that the holding of property for the benefit of stockholders and allocating water to them are commercial purposes, even when no profit is earned.

The issue here, as FRICO acknowledges, is not what kind of entity it is but whether its properties should be classified as commercial. As such, I find the fact that FRICO itself does not turn a profit to be irrelevant. While it may technically be true that FRICO does not sell anything or make a profit, its properties have still served business purposes. FRICO has managed its properties for the benefit of its stockholders, providing them with a product. FRICO has at times even been able to generate sufficient income to cover its operating costs so that it did not need to collect an annual assessment on its stock. *See* Reply in Support of Appeal at 7, ECF No. 2550. In

effect, then, it has passed any income or profit from its properties and business directly to its stockholders.

Moreover, FRICO's properties contain numerous improvements—including the canals, dam, lake, lake tender's house and associated outbuildings, etc.—and so cannot properly fall within the definition of vacant for the purposes of the Settlement in this case. Much of its land has also been used to operate a lake park, charging fees for visitors. Consequently, it is more properly classified as commercial than vacant.

FRICO contends that, under the Plan of Allocation of the Settlement Fund and the Class Member Notice in this case, its properties should be treated as vacant because the Jefferson County Assessor labeled them that way. The Plan of Allocation does not, however, require the Claims Administrator to simply accept the County's designation for the property. The Plan directs the Claims Administrator in categorizing each property as residential, commercial, or vacant to "consult appropriate records and data" from Jefferson County "and such other sources as [it] may reasonably determine to be suitable and reliable." Plan of Allocation at 4, ECF No. 2407-2 (footnote omitted). FRICO argues that the Class Member Notice goes even further and only permits property assessed by the tax authorities as commercial to be classified as such. Reply in Support of Appeal at 5 (quoting Class Member Notice at 15, ECF No. 2416-1). FRICO is incorrect. The Notice does not limit commercial classification to those properties assessed as commercial. It merely advises that those assessed as such will be classified as commercial; other properties could be as well. Thus, contrary to FRICO's protestations, the fact that the Jefferson County Assessor designated its parcels as vacant is not determinative.[1]

---

[1] FRICO's argument regarding the existing zoning of its property is not fully developed, and I find such zoning is not pertinent for how the property should be classified in this case.

3

If I find that any of its property is rightly categorized as commercial—as I have, FRICO insists that 415.02 acres of the property it owned in 1989 should nevertheless be classified as vacant because they played no part in the storage and delivery of water and had no structures or improvements of any kind. But this land still does not fit within the definition of vacant for the purposes of the Settlement Agreement. It was acquired and held and portions of it sold to advance the purposes of the company and for the benefit of its stockholders. I agree with Mr. Hunsperger that the purchase of much of the land by the City of Westminster additionally supports the conclusion that the property furthered the business purposes of the lake park and was not vacant land subject to development. *See* 2/15/19 Hunsperger Decl. ¶ 6-7, ECF No. 2551-1.

B. Valuation of FRICO's Property

As for valuation of FRICO's property, several reasons justify calculating its claim based on Jefferson County's 1989 assessed values for its property. First, FRICO and the other Class Members received notice that allocation of the Settlement would "be calculated on a *pro rata* basis based on the assessed value of the property [they] owned . . . as of June 7, 1989 located within the Property Class Area." Class Member Notice at 4. The Notice further explained that:

> These calculations will be done using property and appraisal data obtained by the Settlement and Claims Administrator from Jefferson County Colorado Assessor's Office, Property Records Division in connection with the administration of this Settlement. The information obtained from Jefferson County relates to property assessments completed by the County in April 1989, which is closest in time to June 7, 1989, along with property code type data from 1992, the earliest date on which such property type data is available.

*Id.* at 15. The Plan of Allocation, to which there were no objections by FRICO or any other Class Member, expressly allows for this procedure to be used. *See* Plan of Allocation at 4-5.[2] I approved the Plan of Allocation on April 28, 2017, Order Granting Final Approval at 2, ECF No. 2470, and no appeal was taken from that Order. As a result, I find FRICO had notice of the procedure to be followed—calculation of the claim amounts based on the Jefferson County assessed property values—and waived any objection to it.

Second, FRICO is now improperly proposing to have its claim value calculated in a different manner than those for other Class Members. In accordance with the Plan of Allocation, the 1989 assessed values were used to calculate the claim value for every other claimant. *See* 2/5/19 Hunsperger Decl. ¶ 10-11, ECF No. 2549. The purported arbitrary valuation of FRICO's properties by Jefferson County is not a sufficient reason to make an exception for FRICO.

Lastly, neither of FRICO's alternative valuation proposals are acceptable. With the first of its proposals, FRICO suggests that the Claims Administrator: "(1) determine the fair market

---

[2]The Plan of Allocation differentiates between how properties are to be valued and how they are to be categorized. With respect to valuation, it states:
> Based on Jefferson County and Broomfield County tax assessment records from April 1989 and such other sources as the Settlement and Claims Administrator may reasonably determine to be suitable and reliable, the Settlement and Claims Administrator shall determine, for each Class Property, the Class Property's assessed value, expressed as a fraction of the total assessed value of all Class Properties within the same category.

Plan of Allocation at 4-5. On the other hand, regarding categorization, it provides:
> For each property located in the Property Class Area ("Class Property"), the Settlement and Claims Administrator shall consult appropriate records and data, from Jefferson County and Broomfield County, Colorado, and such other sources as the Settlement and Claims Administrator may reasonably determine to be suitable and reliable, for the purposes of: . . . assigning the Class Property to one of the three property categories: commercial, residential, or vacant as of June 7, 1989.

*Id.* at 4 (footnote omitted). Thus, the Claims Administrator was to base its value of the properties on the assessed value from the Jefferson County and Broomfield County tax assessment records, while—as explained above—it was just to consult appropriate records from Jefferson and Broomfield Counties in categorizing the properties.

5

value ("FMV") of land within and nearby the Property Class Area on a per-acre basis in 2018; (2) multiply the per-acre 2018 FMV by the number of acres in FRICO's claim to calculate the FMV of FRICO's property in 2018; (3) multiply the FMV of FRICO's property in 2018 by 29% to reach a 2018 assessed valuation of FRICO's Property; and (4) discount the 2018 assessed valuation to 1989 dollars to determine the 1989 assessed valuation." Appeal at 11, ECF No. 2542. Obtaining current appraisals for land "within and nearby the Property Class Area" would be unnecessarily expensive and would not provide any more reliable information on the value of FRICO's properties in 1989. Such a procedure was not contemplated by the Settlement Agreement or Plan of Allocation. FRICO's second proposal is to "determine the average assessed value per acre or square foot of all of the eligible vacant and commercial land in the Property Class Area for which claims were timely submitted, and to pay FRICO based on those average values." *Id.* This approach is even more of a stretch than the first. There is no basis for assuming that the value of FRICO's properties would be equivalent to the average of the other land in the Property Class Area. As Mr. Hunsperger notes, it would be unjustifiable to ignore the differences in the properties "in terms of zoning, entitlements, location, size, availability of utilities, and ultimate highest and best use."  2/5/19 Hunsperger Decl. ¶ 9.

C. Discovery and a Hearing

Since I do not agree that FRICO's property should be treated as vacant or that it should be valued using the average assessed values for other land in the Property Class Area, FRICO alternatively requests that I permit it to engage in limited discovery and hold a two-day hearing on this matter. I adhere to my previous ruling that FRICO is not entitled to such discovery and that it is not relevant or necessary for determination of the questions at issue. *See* Order Class

Counsel's Mot. for Protective Order at 1-2, ECF No. 2521. After reviewing the submissions related to FRICO's Appeal, I likewise conclude that a two-day evidentiary hearing is not necessary.

FRICO's Appeal (ECF No. 2542) is, therefore, DENIED.

DATED this 9th day of April, 2019.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE