IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND CLASS COUNSEL'S MOTION
FOR A THIRD AND FINAL DISTRIBUTION OF THE NET SETTLEMENT FUNDS**

# TABLE OF CONTENTS

I.   BACKGROUND ................................................................................................................ 1

   A.   The Settlement ................................................................................................................ 1

   B.   Prior Distributions .......................................................................................................... 2

II.  THIRD AND FINAL DISTRIBUTION OF SETTLEMENT FUNDS ............................... 3

   A.   Calculation Methodology for the Third and Final Distribution ..................................... 4

   B.   Net Settlement Funds to Be Held in Escrow .................................................................. 6

III. CONCLUSION ................................................................................................................... 6

Pursuant to this Court's Order for Final Approval of Proposed Class Action Settlement and Approval of Proposed Plan of Allocation of the Settlement Fund (ECF No. 2471), the Plan of Allocation approved therein (ECF No. 2407-2), the Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution (ECF No. 2501), and the Order Granting Plaintiffs' and Class Counsel's Motion for a Second Distribution of the Net Settlement Funds (ECF No. 2539), Plaintiffs[1] and Class Counsel respectfully move for an Order approving a third and final distribution from the Net Settlement Fund to claimants who have submitted valid, timely claims (the "Third Distribution"). Plaintiffs and Class Counsel respectfully request that the Court order that the Third Distribution share distributions be calculated in the same manner as the Second Distribution, which this Court approved on November 8, 2019. *See* ECF No. 2539 (Order Granting Motion for a Second Distribution of the Net Settlement Funds). Plaintiffs and Class Counsel also respectfully request that the Court authorize $150,000 to be held in escrow for anticipated future administrative costs.

## I.   BACKGROUND

### A.   The Settlement

On May 18, 2016, Plaintiffs and Defendants[2] entered into a Settlement Agreement (the "Settlement Agreement"), which was filed at ECF No. 2401. The Settlement Agreement provided for settlement of the above-captioned action on behalf of a Settlement Class defined as:

> [A]ll persons and entities who have not previously opted out or who do not timely opt out of the class and who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the

---

[1] The "Plaintiffs" or "Class Representatives" are Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk. Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

[2] Defendants are The Dow Chemical Company ("Dow") and The Boeing Company as successor-in-interest to defendant Rockwell International Corporation ("Rockwell").

1

> Property Class Area . . . exclusive of governmental entities, Defendants, and Defendants' affiliates, parents, and subsidiaries.

*Id.* at 4.

The Court certified the Settlement Class for purposes of settlement on May 19, 2016. ECF No. 2396. On August 5, 2016, the Court granted preliminary approval of the Settlement Agreement. ECF No. 2416. In the same Order (ECF No. 2416), the Court granted preliminary approval of Plaintiffs' Proposed Plan of Allocation of the Settlement Fund and approval of Plaintiffs' Proposed Forms and Manner of Notice to the Class ("Notice"). *Id.* The Court also appointed Heffler Claims Group as Settlement and Claims Administrator. ECF No. 2417. Following the final fairness hearing on April 28, 2017, the Court granted final approval of the Settlement Agreement and the Plan of Allocation. *See* ECF No. 2471. No appeals were taken from the Court's order granting final approval of the Settlement Agreement and the Plan of Allocation.

### B.     Prior Distributions

A Net Settlement Fund of $207,125,136.35 was established for the payment of valid claims to claimants, in accordance with the Settlement Agreement and the Court's Orders awarding attorney fees, expenses, and service awards. *See* ECF Nos. 2467, 2468, 2469, 2470, 2471. All Class members were required to submit claims by mail or through the Court-approved official settlement website, www.rockyflatssettlement.com, to receive a share of the Net Settlement Fund. The deadline for submission of claims was initially set at June 1, 2017, but, with Court approval, claims were accepted if submitted on or before December 31, 2017, which the Court set as the final deadline for claim submission. *See* ECF No. 2501, ¶ 6 ("No Claim submitted after December 31, 2017 may be included in the initial distribution or any subsequent distribution(s) for any reason whatsoever. Claims received after December 31, 2017 against the

2

Settlement Fund shall be barred."); *see also* ECF No. 2516, ¶ 2 ("The administrative determinations of the Settlement and Claims Administrator accepting valid Claims submitted on or before December 31, 2017 is approved, and all valid Claims submitted on or before December 31, 2017 are accepted.").

With the Court's approval (*see* ECF Nos. 2501, 2516, 2539), the Settlement and Claims Administrator distributed $107,572,481.25 in initial distribution awards and $97,790,068.54 in Second Distribution awards to 8,504 claimants. *See* Declaration of Michael E. Hamer, Heffler Claims Group, in Support of Plaintiffs' and Class Counsel's Motion for a Third Distribution of the Net Settlement Funds ("Hamer Decl."), at ¶ 3. Plaintiffs and Class Counsel now ask the Court's approval for a Third Distribution as detailed below.

## II.     THIRD AND FINAL DISTRIBUTION OF SETTLEMENT FUNDS

As of the date of this Motion, approximately $10,534,897.71 remains in the Net Settlement Fund for further distribution. Hamer Decl. at ¶ 4.[3] Accordingly, Plaintiffs and Class Counsel respectfully request that the Court direct and authorize the Settlement and Claims Administrator to make a Third Distribution to all claimants who submitted timely, valid claims, using the methodology described below. The methodology proposed herein for calculating the Third Distribution award amounts is the same as the methodology that Plaintiffs proposed—and the Court approved—for calculating Second Distribution payment amounts.

---

[3] These funds were previously held in escrow at the request of Class Counsel pending the appeal of claimant Farmer's Reservoir and Irrigation Company ("FRICO") regarding the proper classification of FRICO's property for purposes of calculating its claim award amounts. *See* ECF No. 2537 (Memorandum in Support of Motion for a Second Distribution); ECF No. 2542 (FRICO's Motion for Review of Class Counsel's Determination of FRICO's Claim). The Court denied FRICO's appeal on April 9, 2019, *see* ECF No. 2556, and FRICO subsequently agreed that it would not appeal the Court's determination. Accordingly, the funds that were previously withheld are now available to distribute to the Class members in this proposed Third Distribution.

3

A sample of the letter that the Settlement and Claims Administrator proposes to send with each Third Distribution award is attached as Exhibit A to the Hamer Declaration. The letter makes clear that the Third Distribution award is in addition to the initial and Second distribution awards already paid to each claimant and that no additional distributions to claimants are anticipated. *See* Hamer Decl. Ex. A.

### A.     Calculation Methodology for the Third Distribution

Class Counsel respectfully propose that the Third Distribution provide *pro rata* awards to claimants calculated using the same methodology that the Court approved for the Second Distribution. *See* Motion for Second Distribution (ECF No. 2536). Therefore, as with the Second Distribution, the properties closest to the Rocky Flats plant (the "Plant")[4] will be given an additional 50% weighting so that they will receive relatively more than properties that are farther from the Plant in the Third Distribution. *See id.* For the reasons set forth in Plaintiffs' Memorandum in Support of Motion for a Second Distribution (ECF No. 2537), Plaintiffs believe that this method of calculating payment amounts is consistent with the Court-approved Plan of Allocation. *See* ECF No. 2459-2 (Plan of Allocation), at ¶ 13. And again, the Court previously approved this same method of calculating the Second Distribution Award amounts. ECF No. 2539 (Order Granting Motion for a Second Distribution).

Because the proposed methodology for the Third Distribution is the same as the methodology that the Court approved for the Second Distribution, all claimants—regardless of whether the claimant's property was residential, vacant, or commercial, or whether their property is located within two miles of the southeast corner of the Plant—will receive a Third Distribution

---

[4] Properties are deemed to fall within two miles of the Rocky Flats Plant if they fall within a 2 mile radius of the southeast corner of the Plant. A map showing the part of the Class Area that falls within two miles of the Plant is attached as Exhibit B to the Hamer Decl.

4

award, on a *pro rata* basis, equal to approximately 10.78 percent of the amount of their Second Distribution. *See* Hamer Decl. ¶ 8. This is because the Third Distribution award amounts are calculated in the same way that the Second Distribution award amounts were calculated and approximately 10.78 percent as much money will be distributed in the Third Distribution as compared to the Second Distribution. *Id.*

Class Counsel believe that this *pro rata* method of calculating the Third Distribution award amounts is consistent with and called for by paragraphs 11 and 13 of the Plan of Allocation which describe the methodology to be used for second and subsequent distributions, and with the Court's Order Granting Plaintiffs' Motion for a Second Distribution, which approved the same methodology proposed in this Motion. *See* Plan of Allocation (ECF No. 2407-2); Order Granting Plaintiffs' Motion for a Second Distribution (ECF No. 2539); Memorandum in Support of Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution (ECF No. 2501).

The Settlement and Claims Administrator estimates that the proposed Third Distribution will result in approximately $10,384,897.71 being paid from the Net Settlement Fund to Claimants who have filed valid claims. *See* Hamer Decl. ¶ 6. That would leave approximately $150,000 in the Net Settlement Fund, which Plaintiffs and Class Counsel propose to hold in escrow, as set forth below. Any residual funds remaining after the Third Distribution payments are issued and administrative costs are paid will likely be minimal. As set forth in the Plan of Allocation, in the event that any funds remain after all claimant awards are issued and all administration costs are paid, Class Counsel shall make an application to the Court, with notice to Defendants, for such sums to be used to make *cy pres* payments for the benefit of members of the Class. *See* Plan of Allocation (ECF No. 2407-2), at ¶ 14.

Class Counsel are available to answer any questions the Court may have about the proposed manner of calculating the Third Distribution payment amounts, which again, is the same manner in which the Second Distribution payment amounts were calculated (with the Court's approval).

### B. Net Settlement Funds to Be Held in Escrow

Class Counsel request Court approval to hold $150,000 in escrow to cover future claims administration expenses. The Settlement and Claims Administrator anticipates future claims administration expenses will not exceed that amount. *See* Hamer Decl. ¶ 5.

### III. CONCLUSION

For the reasons described above, Plaintiffs and Class Counsel respectfully request that the Court enter the Proposed Order accompanying this Motion directing and authorizing the Settlement and Claims Administrator to make a Third and Final Distribution from the Net Settlement Fund in accordance with the above-described payment calculation methodology, and further authorizing the Settlement and Claims Administrator to hold $150,000 in escrow to cover future claims administration expenses.

Dated: August 1, 2019                              Respectfully submitted,

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
David F. Sorensen
Caitlin G. Coslett
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Steven W. Kelly
S&D Law
1290 Broadway, Suite 1650
Denver, CO, 80203
(303) 399-3000

*Attorneys for Plaintiffs and the Class*

6

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 1st day of August, 2019, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel.

                                            */s/ Merrill G. Davidoff*
                                            Merrill G. Davidoff
                                            BERGER MONTAGUE PC
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA 19103