**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND CLASS COUNSEL'S
MOTION FOR *CY PRES* DISTRIBUTION OF NET SETTLEMENT FUNDS**

## **TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................ 3

    A. The Settlement ........................................................................................................ 3

    B. Prior Distributions.................................................................................................. 4

II. PROPOSED *CY PRES* DISTRIBUTION ............................................................................. 7

III. CONCLUSION.................................................................................................................. 9

Plaintiffs[1] and Class Counsel respectfully move for an Order approving a final distribution from the Net Settlement Fund, a *cy pres* distribution to be divided evenly between the nonprofit organizations Public Justice Foundation (www.publicjustice.net/) and Colorado Legal Services (www.coloradolegalservices.org/) (the "*Cy Pres* Distribution").

Plaintiffs and Class Counsel submit this motion pursuant to this Court's Order granting Final Judgment, Approving Class Settlement, and Dismissing Class Claims Against Defendants (ECF No. 2471), the Court's Order Granting Final Approval of Plaintiffs' Proposed Plan of Allocation (ECF No. 2470), the Plan of Allocation of the Settlement Fund approved therein (ECF No. 2407-2), the Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution (ECF No. 2501), the Order Granting Plaintiffs' and Class Counsel's Motion for a Second Distribution of the Net Settlement Funds; For Initial Distribution Awards to Claimants Who Submitted Valid, Timely Claims; and for Adjustments to Initial Distribution Award Amounts (ECF No. 2539), and the Order Granting Plaintiffs' and Class Counsel's Motion for Third and Final Distribution of the Net Settlement Funds (ECF No. 2560).

The requested *Cy Pres* Distribution is authorized by (1) Paragraph 14 of the Plan of Allocation, which provides that "[i]nsofar as the Net Settlement Fund includes residual funds after distribution(s) . . . that cannot be economically distributed to the Class (because of the costs of distribution as compared to the amount remaining), Class Counsel shall make an application to the Court, with notice to Defendants, for such sums to be used to make *cy pres* payments for the benefit of members of the Class," ECF No. 2407-2; and (2) Paragraph 3 of the Court's Order Granting Plaintiffs' Motion for Third and Final Distribution of the Net Settlement Funds, which states that

---

[1] The "Plaintiffs" or "Class Representatives" are Merilyn Cook, Richard and Sally Bartlett, and William and Delores Schierkolk. Delores Schierkolk is deceased, but William Schierkolk is her heir and representative.

"Class Counsel shall submit a separate application requesting Court approval for any additional or subsequent disbursements of Net Settlement Funds, including any *cy pres* distribution." ECF No. 2560.

Such a *Cy Pres* Distribution is warranted here because, considering the large number of claimants and cost of making an additional distribution as compared to the amount remaining in the Net Settlement Fund, it would not be economically feasible to distribute the remaining settlement funds in a fourth distribution. *See* Declaration of Michael E. Hamer of Kroll Settlement Administration LLC, the Settlement and Claims Administrator, in Support of Plaintiffs' and Class Counsel's Motion for *Cy Pres* Distribution of Net Settlement Funds ("Hamer Decl." or "Hamer Declaration") ¶ 12. *See also Better v. YRC Worldwide Inc.*, No. 11-cv-2072-KHV, 2013 WL 6060952, at *6 (D. Kan. Nov. 18, 2013) (*cy pres* distribution is appropriate where remaining settlement fund is "too small to make individual distributions economically viable") (quoting Am. Law Inst., Principles of the Law of Aggregate Litigation § 3.07 (2010)).

Including interest accrued on the balance of the Net Settlement Fund as of June 30, 2021, and after paying all invoices to the Settlement and Claims Administrator for claims administration costs, there will be $99,464.15 remaining in the Net Settlement Fund, plus any additional accrued interest. *Id.* ¶ 10. The remaining balance in the Net Settlement Fund includes (a) $52,582.73 in unused funds from the $150,000 set aside for future claims administration costs pursuant to the Court's Order granting Plaintiffs' Motion for a Third Distribution (ECF No. 2560); and (2) $46,881.42 in uncashed distribution checks, including accrued interest. *Id.* ¶¶ 10-11.

As set forth in the Hamer Declaration, the Settlement and Claims Administrator anticipates that a further distribution to claimants would not be economically feasible because the expected costs of administration (approximately $80,000) would exceed the amount that would be

distributed (approximately $19,464.15), and the average check to Claimants would be $2.29. *Id.* ¶ 12. In addition, claimants were told that the Third Distribution would likely be the last. *Id.* ¶ 4 (the letters accompanying the Third Distribution award checks stated: "<u>Please also note that we do not anticipate that there will be any further distributions in connection with the settlement of the above-listed matter.</u>") (underline in original). The settlement website was also updated to state: "**Please also note that we do not anticipate that there will be any further distributions in connection with the settlement of the above-listed matter.**" www.rockyflatssettlement.com/ (bold in original).

## I. <u>BACKGROUND</u>

### A. <u>The Settlement</u>

On May 18, 2016, Plaintiffs and Defendants[2] entered into a Settlement Agreement (the "Settlement Agreement"), which was filed at ECF No. 2401. The Settlement Agreement provided for settlement of the above-captioned action on behalf of a Settlement Class defined as:

> [A]ll persons and entities who have not previously opted out or who do not timely opt out of the class and who owned, as of June 7, 1989, an interest (other than mortgagee and other security interests) in real property situated within the Property Class Area . . . exclusive of governmental entities, Defendants, and Defendants' affiliates, parents, and subsidiaries.

*Id.* at 4.

The Court certified the Settlement Class for purposes of settlement on May 19, 2016. ECF No. 2396. On August 5, 2016, the Court granted preliminary approval of the Settlement Agreement. ECF No. 2416. In the same Order, the Court granted preliminary approval of Plaintiffs' Proposed Plan of Allocation of the Settlement Fund and approval of Plaintiffs' Proposed

---

[2] Defendants are The Dow Chemical Company ("Dow") and The Boeing Company as successor-in-interest to defendant Rockwell International Corporation ("Rockwell").

3

Forms and Manner of Notice to the Class ("Notice"). *Id.* The Court also entered an Order Appointing Heffler Claims Group as Settlement and Claims Administrator. ECF No. 2417.[3] Following the final fairness hearing on April 28, 2017, the Court granted final approval of the Settlement Agreement and the Plan of Allocation. *See* ECF No. 2470, 2471. No appeals were taken from the Court's Orders granting final approval of the Settlement Agreement and the Plan of Allocation.

### B. Prior Distributions

A Net Settlement Fund was established for the payment of valid claims to claimants, in accordance Court's prior Orders. *See* ECF Nos. 2401, 2467, 2468, 2469, 2470, 2471. In total, $216,744,691.48 has been distributed. *See* Hamer Decl. ¶ 3. This includes $107,572,481.25 in initial distribution awards, $98,852,306.07 in Second Distribution awards, and $10,319,904.16 in Third Distribution awards. *Id*.

On August 1, 2019, Plaintiffs and Class Counsel submitted a Motion for a Third Distribution of the Net Settlement Funds, requesting that the Court approve an additional distribution from the $10,534,897.71 that remained in the Net Settlement Fund as of the date of that motion. ECF No. 2557; ECF No. 2558 at 3. Plaintiffs and Class Counsel also requested in the Motion for a Third Distribution that $150,000 be held in escrow in the Net Settlement Fund for anticipated future administrative costs. ECF No. 2557. The Court approved Plaintiffs' Motion for a Third Distribution on August 5, 2019. ECF No. 2560. The Court's Order approving the Third Distribution provided that "Class Counsel shall submit a separate application requesting Court approval for any additional or subsequent disbursements of Net Settlement Funds, including any *cy pres* distribution." *Id.* In addition, as noted above, Claimants were informed that the Third

---

[3] Heffler Claims Group is now known as Kroll Settlement Administration. *See* Hamer Decl. ¶ 1.

Distribution would likely be the final distribution, and a notice was posted to the Settlement website (www.rockyflatssettlement.com) stating that "we do not anticipate that there will be any further distributions in connection with the settlement of the above-listed matter."

Following the Court's Order granting Plaintiffs' Motion for a Third Distribution, the Settlement and Claims Administrator issued and mailed claimant award checks totaling $10,319,904.16 on November 8, 2019. Hamer Decl. ¶¶ 3-4. Most of these checks were promptly cashed, but some were not; the Settlement and Claims Administrator granted all requests received for reissued checks by claimants who received checks but did not deposit them before the void date on the checks. *Id.* ¶ 5.

The Settlement and Claims Administrator undertook extensive efforts to ensure that as many eligible claimants as possible received and cashed their First, Second, and Third Distribution awards, including: (a) updating and standardizing all addresses through the National Change of Address Database maintained by the U.S. Postal Service; (b) making telephone calls to numbers provided with the claim forms; (c) sending emails to addresses provided with the claim forms; (d) reviewing all documents submitted by claimants with their claims for possible updated or alternate contact information; (e) designing and sending a letter via first-class mail advising the claimant to contact the Settlement and Claims Administrator for a replacement check; (f) posting an alert on the Settlement Website (www.RockyFlatsSettlement.com) advising claimants with uncashed checks to contact the Settlement and Claims Administrator for a replacement; (g) researching updated contact information through LexisNexis and TransUnion; (h) performing internet research seeking updated contact information; and (i) working with the Plaintiffs' consultant, Mr. Hunsperger, who assisted in the property evaluations and claim distribution calculations, to try to obtain possible address updates. *Id*. Replacement checks were mailed to claimants who were

5

located through these efforts and/or to claimants that contacted the Settlement and Claims Administrator. *Id.* ¶ 5.

Despite these efforts, thirteen Distribution checks totaling $46,881.42 have not been cashed. *Id.* ¶¶ 6, 9. The Settlement and Claims Administrator made extensive efforts to reach the thirteen claimants to whom these uncashed distribution checks were sent, including the above-listed efforts, as well as additional individualized outreach. *Id.* ¶ 6. Two of the thirteen claimants expressly declined their distribution checks. *Id.* ¶ 6(a). The Settlement and Claims Administrator was unable to reach five of the thirteen claimants despite repeated attempts to contact these claimants by phone, email, and mail. *Id.* ¶ 6(b). The remaining six claimants were successfully located after extensive efforts and were mailed replacement checks in June 2020, and the checks were not returned as undeliverable. *Id.* ¶ 6(c). However, to date, none of the six claimants has cashed their replacement checks, nor contacted the Settlement and Claims Administrator to attempt to cash these replacement checks, or to seek additional replacement checks. *Id.* Given the extensive efforts already taken to reach the thirteen claimants who have not cashed their distribution checks, the Settlement and Claims Administrator does not recommend any further measures to help facilitate these checks being cashed or deposited. *Id.* ¶ 7.

In addition, pursuant to the Court's Order granting Plaintiffs' Motion for a Third Distribution, Plaintiffs and Class Counsel held $150,000 in escrow in the Net Settlement Fund for anticipated future administrative costs. *Id.* ¶ 10. This account has earned $865.41 in interest through June 30, 2021, and paid $77,549.11 to the Settlement and Claims Administrator for its fees and costs through July 31, 2020. *Id.* As of June 30, 2021, the Net Settlement Fund balance is $73,316.30. *Id.* The Settlement and Claims Administrator has submitted its final invoice, for its fees and costs incurred and estimated to be incurred from August 1, 2020, through the *Cy Pres*

6

Distribution and closing of all accounts, totaling $20,733.57. *Id.* ¶ 10. Payment of this final invoice will leave a balance of $52,582.73 in the administrative account (which, together with the $46,881.42 in uncashed distribution checks plus any additional accrued interest will, with the Court's approval, comprise the *Cy Pres* Distribution of approximately $99,464.15). *Id.* ¶ 11.

## II.     PROPOSED *CY PRES* DISTRIBUTION

As of June 30, 2021, $99,464.15 remains in the Net Settlement Fund for further distribution. *Id.*[4] These funds include $52,582.73 in unspent funds from the $150,000 set aside for claims administrative fees and $46,881.42 in uncashed distribution checks; additional interest may be earned on these amounts. *Id.* Efficiency considerations support distributing the remaining funds *cy pres.* As set forth in the Hamer Declaration, the Settlement and Claims Administrator anticipates that a further distribution would not be economically feasible because the expected total costs of administration would be approximately $80,000, which would exceed the total amount to be distributed, which would be approximately $19,464.15, and the average claimant check would be $2.29. *Id.* ¶ 12. In addition, claimants have already been told not to expect another distribution, which would complicate making any such additional distribution.

A *cy pres* distribution is appropriate where, as here, "it is not feasible to make further distributions to class members." *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 333 (N.D. Cal. 2018), *appeals dismissed*, No. 18-16866, 2018 WL 7890391 (9th Cir. Oct. 15, 2018) and No. 18-16826, 2018 WL 7858371 (9th Cir. Oct. 17, 2018); *see also Tennille v. W. Union Co.*, 809 F.3d 555, 560 n.2 (10th Cir. 2015) ("The *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries.")

---

[4] Because the Settlement Fund continues to accrue interest, the amount of the *Cy Pres* Distribution, if approved by the Court, will include any additional interest accrued between June 30, 2021, and the date of the *Cy Pres* Distribution. *Id.* ¶ 14.

7

(quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011)); *Nachshin*, 663 F.3d at 1038 ("[F]ederal courts frequently use the *cy pres* doctrine 'in the settlement of class actions where the proof of individual claims would be burdensome or distribution of damages costly.'") (quoting *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990)); *McKeon v. Integrity Pizza LLC*, No. 18-CV-0932-WJM, 2020 WL 6782238, at *4 (D. Colo. Nov. 18, 2020) (approving *cy pres* award and noting that *cy pres* "is appropriate and the next best use of funds to provide an indirect class benefit for the Class members"); 4 NEWBERG ON CLASS ACTIONS § 12:32 (5th ed., June 2021 update) ("Courts in every circuit, and appellate courts in most, have approved the use of *cy pres* for unclaimed class action awards."). Again, as the Settlement and Claims Administrator has explained, it is not economical to make an additional claimant award distribution in this case. Hamer Decl. ¶ 12.

Class Counsel therefore propose that the remaining Net Settlement Fund be distributed evenly between two nonprofit organizations that do work that benefits individuals like the Class members in this Action: Colorado Legal Services and Public Justice.

Colorado Legal Services is a non-profit legal services organization that assists low income persons and seniors here in Colorado. *See* www.coloradolegalservices.org/node/1/what-we-do. The mission of Colorado Legal Services is to provide meaningful access to high-quality civil legal services in the pursuit of justice for as many low-income persons and members of vulnerable populations throughout Colorado as possible. *Id.* Federal courts routinely recognize legal aid organizations as appropriate *cy pres* designees. *See, e.g.*, *Vikram v. First Student Mgmt., LLC*, No. 17-CV-04656, 2019 WL 4168992, at *4 n.1 (N.D. Cal. Sept. 3, 2019) (recognizing the Legal Aid Society as an appropriate *cy pres* beneficiary); *In re Bank of Am. Corp. Sec. Litig.*, No. 99-MD-1264, 2018 WL 1046890, at *5 (E.D. Mo. Feb. 26, 2018) (approving Legal Services of Eastern

8

Missouri and the Legal Aid Society of New York as *cy pres* recipients); *In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 852-53 (S.D.N.Y. 2016) (approving South Brooklyn Legal Services as a *cy pres* recipient), *appeal dismissed sub nom. ATD Grp. v. Frank*, No. 16-2850, 2017 WL 4014951 (2d Cir. Mar. 29, 2017); *In re Motorsports Merch. Antitrust Litig.*, 160 F. Supp. 2d 1392, 1399 (N.D. Ga. 2001) (approving Atlanta Legal Aid Society as a *cy pres* recipient).

Public Justice Foundation engages in class action litigation aimed at combatting social and economic injustice. *See* www.publicjustice.net/who-we-are/mission. Public Justice Foundation has a thirty-five year history of successfully litigating class action cases on behalf of the public, (https://www.publicjustice.net/who-we-are/), and courts have recognized Public Justice Foundation as an appropriate *cy pres* designee. *See, e.g.*, *Maxin v. RHG & Co., Inc.*, No. 16-CV-2625 JLS (BLM), 2019 WL 4295325, at *3 (S.D. Cal. June 24, 2019) (approving *cy pres* award to Public Justice Foundation); *Couser v. Comenity Bank*, No. 12-CV-2484, 2017 WL 2312080, at *3 (S.D. Cal. May 26, 2017) (same); *In re Publ'n Paper Antitrust Litig.*, No. 04-MD-1631, 2009 WL 2351724, at *2 (D. Conn. July 30, 2009) (awarding $28,000 in residual settlement funds in an antitrust class action to Public Justice Foundation).

Class Counsel are available to answer any questions the Court may have about the proposed *Cy Pres* Distribution.

### III.   CONCLUSION

For the reasons described above, Plaintiffs and Class Counsel respectfully request that the Court enter the accompanying Proposed Order directing and authorizing the Settlement and Claims Administrator to make the proposed *Cy Pres* Distribution to Public Justice Foundation and Colorado Legal Services.

9

Dated: July 16, 2021                                      Respectfully submitted,

*/s/ Merrill G. Davidoff*
Merrill G. Davidoff
David F. Sorensen
Caitlin G. Coslett
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Steven W. Kelly
S&D Law
1290 Broadway, Suite 1650
Denver, CO, 80203
(303) 399-3000

*Attorneys for Plaintiffs and the Class*

10

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 16th day of July, 2021, he caused the foregoing submission to be served via the Court's ECF system on all participating counsel. A copy will also be posted on the settlement website, at www.rockyflatssettlement.com/home/documents.

                                           */s/ Merrill G. Davidoff*
                                           Merrill G. Davidoff
                                           BERGER MONTAGUE PC
                                           1818 Market Street, Suite 3600
                                           Philadelphia, PA 19103