# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 90-cv-00181-JLK

MERILYN COOK, *et al.*,

        Plaintiffs,

v.

ROCKWELL INTERNATIONAL CORPORATION
and THE DOW CHEMICAL COMPANY,

        Defendants.

**ORDER GRANTING PLAINTIFFS' AND CLASS COUNSEL'S MOTION FOR A *CY PRES* DISTRIBUTION OF NET SETTLEMENT FUNDS**

This matter comes before the Court on Plaintiffs' and Class Counsel's Motion for a *Cy Pres* Distribution of Net Settlement Funds (ECF No. 2561) in the amount of $99,464.15 (plus any additional accrued interest) to be distributed evenly between the nonprofit organizations, Colorado Legal Services and Public Justice Foundation. Plaintiffs and Class Counsel submit their motion pursuant to the Court's Order Granting Final Judgment, Approving Class Settlement, and Dismissing Class Claims Against Defendants (ECF No. 2471), the Court's Order Granting Final Approval of Plaintiffs' Proposed Plan of Allocation (ECF No. 2470), the Plan of Allocation of the Settlement Fund approved therein (ECF No. 2407-2), the Order Granting Plaintiffs' and Class Counsel's Unopposed Motion for Initial Distribution (ECF No. 2501), the Order Granting Plaintiffs' and Class Counsel's Motion for a Second Distribution of the Net Settlement Funds; For Initial Distribution Awards to Claimants Who Submitted Valid, Timely Claims; and for Adjustments to initial Distribution Award Amounts (ECF No. 2539), and the Order Granting Plaintiffs' and Class Counsel's Motion for Third and Final Distribution of the Net Settlement

1

Funds (ECF No. 2560).

The requested *Cy Pres* Distribution is authorized by (1) Paragraph 14 of the Plan of Allocation, which provides that "[i]nsofar as the Net Settlement Fund includes residual funds after distribution(s) . . . that cannot be economically distributed to the Class (because of the costs of distribution as compared to the amount remaining), Class Counsel shall make an application to the Court, with notice to Defendants, for such sums to be used to make *cy pres* payments for the benefit of members of the Class," ECF No. 2407-2; and (2) Paragraph 3 of the Court's Order Granting Plaintiffs' Motion for Third and Final Distribution of the Net Settlement Funds, which states that "Class Counsel shall submit a separate application requesting Court approval for any additional or subsequent disbursements of Net Settlement Funds, including any *cy pres* distribution." ECF No. 2560.

Upon review of Plaintiffs' and Class Counsel's Motion for a *Cy Pres* Distribution of Net Settlement Funds; the accompanying Memorandum in Support (the "Memorandum"); the Declaration of Michael E. Hamer of Kroll Settlement Administration LLC, the Settlement and Claims Administrator, in Support of Plaintiffs' and Class Counsel's Motion for *Cy Pres* Distribution of Net Settlement Funds; and all other materials attached thereto and filed therewith, the Motion is Granted and it is ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court approves the *Cy Pres* Distribution from the Net Settlement Fund as proposed by Plaintiffs and Class Counsel, and directs Class Counsel, with the assistance of the Settlement and Claims Administrator, to make the *Cy Pres* Distribution as set forth in the Memorandum. As provided in the Memorandum, the balance of the Net Settlement Fund $99,464.15 after accounting for payment of the Settlement and Claims Administrator's final invoice, plus any additional interest accrued on that amount in advance of the *Cy Pres* Distribution, shall be allocated evenly between the nonprofit organizations Public Justice Foundation

(www.publicjustice.net/) and Colorado Legal Services (www.coloradolegalservices.org/).

2. All claims against the Settlement Fund, including any claims or additional claims from all Class members who have already submitted claims and all claimants, are forever barred.

3. Class Counsel and Kroll Settlement Administration LLC are hereby authorized to discard (a) paper or hard copies of claim forms and related documents not less than one year after the date of this Order; and (b) electronic media or data not less than three years after the date of this Order.

4. This Court retains jurisdiction over any further application or matter that may arise in connection with this Action.

DATED this 19th day of July, 2021.

BY THE COURT:

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE